# EXHIBIT D

| Row # | Citation | Headnote # | Headnote Text | Judicial Text | Memo Question |
|---|---|---|---|---|---|
| 7 | Taylor v. Jewish Hosp. & St. Mary's Healthcare, Inc., 26 F. Supp. 3d 642, 648 (W.D. Ky. 2014) | 4 | Under Kentucky law, in determining whether a person is acting as another's agent or independent contractor, the following factors must be considered: (1) the extent of control which, by the agreement, the master may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the employer; and (9) whether or not the parties believe they are creating the relationship of master and servant. | Kentucky Dep't of Educ., 113 S.W.3d 145, 151 (Ky.2003). In determining whether a person is acting as another's agent or independent contractor, the following factors must be considered: (a) the extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (f) the length of time for which the person is employed; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; and (i) whether or not the parties believe they are creating the relationship of master and servant. | What are the factors that determine if a person is acting as an agent or independent contractor? |
| 11 | Kelly v. New W. Fed. Sav., 49 Cal. App. 4th 659, 669–70, 56 Cal. Rptr. 2d 803, 808 (1996) | 2 | Motions in limine permit more careful consideration of evidentiary issues than would take place in heat of battle during trial, minimize side-bar conferences and disruptions during trial and allow for uninterrupted flow of evidence, and, by resolving potentially critical issues at outset, enhance efficiency of trials and promote settlements. | Motions in limine serve other purposes as well. They *670 permit more careful consideration of evidentiary issues than would take place in the heat of battle during trial. They minimize side-bar conferences and disruptions during trial, allowing for an uninterrupted flow of evidence. Finally, by resolving potentially critical issues at the outset, they enhance the efficiency of trials and promote settlements. [Citation.]" | "Do motions in limine permit more careful consideration of evidentiary issues than would take place in heat of battle during trial, minimize side-bar conferences and disruptions during trial and allow for uninterrupted flow of evidence, and, by resolving potentially critical issues at outset, enhance efficiency of trials and promote settlements?" |

| 12 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 5 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | "[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial because the offer or mention of evidence during trial may cause unfair prejudice? |
| 15 | BAC Home Loan Servicing, LP v. Bertram, 51 Misc. 3d 770, 782 (NY S. Ct. 2016) | 4 | A party in default who opposes a motion for a default judgment may have the default vacated and obtain leave to serve and file a late answer without service of a notice of cross motion seeking leave to extend the time to answer; however, the granting of such relief is dependent upon a demonstration of the elements of a claim for a discretionary vacatur of a default on excusable default grounds, namely, a reasonable excuse for the default and a meritorious defense to the action. McKinney's CPLR 3012(d). | While it has been held in recent appellate case authorities that a party in default who opposes a motion for a default judgment may have the default vacated and obtain leave to serve and file a late answer pursuant to CPLR 3012 (d), without service of a notice of cross motion seeking leave to extend the time to answer, the granting of such relief is dependent upon a demonstration of the elements of a claim for a discretionary vacatur of a default on excusable default grounds, namely, a reasonable excuse for the default and a meritorious defense to the action | Can a party in default who opposes a motion for a default judgment have the default vacated and obtain leave to serve and file a late answer without service of a notice of cross motion seeking leave to extend the time to answer? |
| 17 | Martinez v. United States, 793 F.3d 533, 552 (6th Cir. 2015) | 23 | The rule of non-inquiry bars courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters; this rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system. | This principle, known as the rule of non-inquiry, bars courts " 'from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters.' " Hilton, 754 F.3d at 83-84 (quoting Khouzam v. Att'y Gen. of United States, 549 F.3d 235, 253 (3d Cir.2008)). This rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system. | "Does the rule of non-inquiry bar courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters; this rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system?" |

| 19 | Reverse Mortg. Solutions, Inc. v. Unknown Heirs, 207 So. 3d 917, 920 (Fla. Dist. Ct. App. 2016) | 1 | Before dismissing a case with prejudice based on a party's failure to comply with a court rule or order, the court must consider and make explicit findings on the following factors: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. West's F.S.A. RCP Rule 1.420(b). | Florida Rule of Civil Procedure 1.420(b) authorizes the trial court to dismiss a case based on a party's failure to comply with a court rule or order. But, before dismissing a case with prejudice, the court must consider and make explicit findings on the following factors: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. | What factors should a Court consider before dismissing a case with prejudice based on a party's failure to comply with a court rule or order? |
| 21 | Doe v. Qi, 349 F. Supp. 2d, 1258, 1295 (N.D. Cal. 2004) | 20 | Under three-factor balancing test to determine whether the act of state doctrine bars suit: (1) the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; (2) the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and (3) the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | As discussed above, the Supreme Court in Sabbatino developed a three-factor balancing test to determine whether the act of state doctrine bars suit: [1] [T]he greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it … [2] [T]he less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches. [3] The balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence | What is the three-factor balancing test to determine whether the act of state doctrine bars suit? |

| 22 | Victims of Hungarian Holocaust v. Hungarian State Railways, 798 F. Supp. 2d 934, 939 (N.D. Ill. 2011) | 8 | In considering the applicability of the act of state doctrine, district court looks at several factors, including the degree of codification or consensus concerning a particular area of international law, and whether the government which perpetrated the challenged act of state is still in existence. Restatement (Third) of Foreign Relations Law of the United States, S 443 comment. | In considering the applicability of the act of state doctrine, the court looks at several factors, including the "degree of codification or consensus concerning a particular area of international law" and whether "the government which perpetrated the challenged act of state" is still in existence. | "In considering the applicability of acts of state doctrine to set of claims, will the court looks at several factors, including the degree of codification or consensus concerning a particular area of international law, and whether the government which perpetrated challenged act of state is still in existence?" |
| --- | --- | --- | --- | --- | --- |
| 23 | Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.), 837 F.3d 175, 183 (2d Cir. 2016) | 5 | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; it is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws. | "Comity, in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." Hilton v. Guyot, 159 U.S. 113, 163-64, 16 S.Ct. 139, 40 L.Ed. 95 (1895) (internal quotations omitted). "[I]t is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." Id. | "Is comity the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of persons who are under protection of its laws?" |
| 24 | Milliken & Co. v. Bank of China, 758 F. Supp. 2d 238, 245–46 (S.D.N.Y. 2010) | 5 | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; it is a recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is a recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having *246 due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "Is comity the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws?" |

| 25 | Alvarado v. Snow White, 8 So. 3d 388, 388-89 (Fla. App. 2009) | 2 | To ensure that the sanction of dismissal is prudently applied, trial courts must first make certain preliminary findings of fact, including: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | To ensure that the sanction of dismissal is prudently applied, trial courts must first *389 make certain preliminary findings of fact. Tianvan v. AVCO Corp., 898 So.2d 1208, 1209 (Fla. 4th DCA 2005). These findings must address: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. | What findings must the trial court address to ensure that the sanction of dismissal is prudently applied? |
| 26 | Prestenback v. Hearn, 85 So. 3d 256, 259 (2012) | 3 | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. LSA-C.C.P. art. 561. | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. | "Is the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, a policy consideration for dismissal of abandonment?" |
| 29 | Prestenback v. Hearn, 85 So. 3d 256, 259 (2012) | 3 | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. LSA-C.C.P. art. 561. | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. | "Is the legislative purpose for a suits dismissal for abandonment which is not intended to be punitive that suits once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription?" |

| 30 | GMS Mine Repair & Maint. v. Miklos, 798 S.E.2d 833, 833 (W. Va. 2017) | 5 | The civil procedure rules require active judicial management of a case, and mandate that a trial court shall enter a scheduling order establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case. W. Va. R. Civ. P. 16(b). | "Rule 16(b) of the West Virginia Rules of Civil Procedure [1998] requires active judicial management of a case, and mandates that a trial court 'shall ... enter a scheduling order' establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case." | "Does the Civil Procedure Rule governing scheduling orders require active judicial management of a case, and mandates that a trial court enter a scheduling order establishing time frames for the joinder of parties?" |
| --- | --- | --- | --- | --- | --- |
| 31 | Wilson v. John Crane, 385 Md. 185, 215 (2005) | 13 | In reaching any decision regarding withdrawal or amendment of deemed admissions in relation to allegedly inadvertent admissions, it is imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence; courts should seek to ascertain whether the aggrieved party was careless in not timely filing its responses to valid requests for admissions. Md.Rule 2-424(d). | Moreover, in reaching any decision regarding withdrawal or amendment of admissions in relation to allegedly inadvertent admissions, it is imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence. In more general terms, courts should seek to ascertain whether the aggrieved party was careless in not timely filing its responses to valid requests for admissions. | "In reaching any decision regarding withdrawal or amendment of deemed admissions in relation to allegedly inadvertent admissions, is it imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence; courts should seek to ascertain whether the aggrieved party was careless in not timely filing its responses to valid requests for admissions?" |
| 37 | Hamlet at Willow Creek Dev. Co. v. Ne. Land Dev. Corp., 64 A.D.3d 85, 106 (N.Y. S. Ct. 2009) | 16 | Doctrine of equitable subrogation includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | The doctrine of equitable subrogation "is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability" | "Does the doctrine of equitable subrogation include every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability?" |
| 44 | Miller v. Nelms, 966 So. 2d 437, 440 (Fla. Dist. Ct. App. 2007) | 6 | A fraud that warrants dismissal of a complaint arises when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | A fraud that warrants dismissal of a complaint arises when it is clearly and convincingly demonstrated "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." | Does a fraud that warrants dismissal of a complaint arise when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially? |

| 48 | McCullough v. Spitzer Motor Center, Inc., 108 Ohio App. 3d 530, 537 (Ohio Ct. App. 1996) | 5 | Motion in limine, if granted, is tentative, interlocutory, precautionary ruling by trial court reflecting its anticipatory treatment of evidentiary issue; accordingly, proponent who has been temporarily restricted from introducing evidence by virtue of motion in limine must seek introduction of evidence by proffer or otherwise at trial to enable court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | A motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. Accordingly, a proponent who has been temporarily restricted from introducing evidence by virtue of a motion in limine, must seek the introduction of evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. | Must a proponent who has been temporarily restricted from introducing evidence by virtue of motion in limine seek introduction of evidence by proffer or otherwise at trial to enable court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal? |
| 49 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 5 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | "[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | When the court finds evidence inadmissible at trial should it grant a motion in limine? |
| 50 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 5 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | "[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial? |

| 51 | State v. Shadden, 290 Kan. 803, 803 (2010) | 3 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial, and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury, the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury, or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | A protective order issued on a motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial? |
| 52 | Hanson v. Versarail Sys., 175 Or. App. 92, 95-96 (2001) | 1 | The workers' compensation scheme involves a quid pro quo, in which the employer gives up the right to defend against certain actions involving workplace injuries, while receiving the benefit of a limit on potential damages; conversely, the employee is compensated for injuries regardless of whether the employer would be liable in tort, while giving up the right to pursue other statutory or common-law remedies. | The workers' compensation scheme involves a quid pro quo, in which the employer gives up the right to defend against certain actions involving workplace injuries, while receiving *96 the benefit of a limit on potential damages. Conversely, the employee is compensated for injuries regardless of whether the employer would be liable in tort, while giving up the right to pursue other statutory or common-law remedies. | Does the workers compensation scheme involve a quid pro quo in which the employer gives up the right to defend against certain actions involving workplace injuries while receiving the benefit of a limit on potential damages? |
| 55 | Todeva v. Oliver Iron Min. Co., 232 Minn. 422, 428, 45 N.W.2d 782, 788 (1951) | 4 | In certain limited sense, rights and liabilities for workmen's compensation arise out of contract, on theory that Compensation Act becomes part of contract of employment but strictly speaking, such rights and liabilities are created independently of any actual or implied contract and, pursuant to police power, are imposed on employment status or relationship as a cost of industrial production. M.S.A. S 176.01 et seq. | In a certain limited sense, the rights and liabilities arise out of contract, on the theory that the statute becomes a part of the contract of employment, see Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761; Sandy v. Walter Butler Shipbuilders, Inc., 221 Minn. 215, 218, 21 N.W.2d 612, 614; but, strictly speaking, such rights and liabilities are created independently of any actual or implied contract and, pursuant to the police power, are imposed upon the employment status or relationship as a cost of industrial production. | "Do the rights and liabilities for workmens compensation arise out of contract in certain limited senses, on the theory that the Compensation Act becomes part of the employment contract, while strictly speaking, such rights and liabilities are created independently of any actual or implied contract and are imposed on the employment status pursuant to the police power?" |

| 56 | Deutsche Bank Nat'l Trust Co. v. Lippi, 78 So. 3d 81, 85 (Fla. App. 2012) | 12 | When deciding whether to sanction a party by dismissing its case with prejudice, a court should consider the following factors: (1) whether the attorneys' disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | When deciding whether to sanction a party by dismissing its case with prejudice, a court should consider the following factors: 1) whether the attorneys' disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. | "When deciding whether to sanction a party by dismissing its case with prejudice, should a court consider any factors?" |
| 57 | DeBenedetto v. Denny's, 421 N.J. Super. 312, 317 (2010) | 1 | In addressing a motion to dismiss for failure to state a claim upon which relief may be granted, a court's inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint; however, the court must search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary. R. 4:6-2(e). | In addressing a motion to dismiss brought pursuant to Rule 4:6-2(e) a court's "inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). However, the court must search the complaint " 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.' " | "Before a court dismisses a civil complaint with prejudice, should it search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action can be gleaned even from an obscure statement of claim an opportunity to amend if necessary?" |
| 58 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 5 | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | "[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | What factors must be present for a district court to grant a motion in limine? |

| 59 | In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546, 551 (E.D.N.Y. 2008) | 4 | The defense of foreign sovereign compulsion focuses on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states, and rather than being concerned with the diplomatic implications of condemning another country's official acts, the foreign sovereign compulsion doctrine recognizes that a defendant trying to do business under conflicting legal regimes may be caught between the proverbial rock and a hard place where compliance with one country's laws results in violation of another's. | The defense of foreign sovereign compulsion, on the other hand, focuses on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states. Rather than being concerned with the diplomatic implications of condemning another country's official acts, the foreign sovereign compulsion doctrine recognizes that a defendant trying to do business under conflicting legal regimes may be caught between the proverbial rock and a hard place where compliance with one country's laws results in violation of another's. | Does the defense of foreign sovereign compulsion focus on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states? |
|----|----|----|----|----|----|
| 60 | Noyel v. City of St. Gabriel, 202 So. 3d 1139, 1147 (La. Ct. App. 2016) | 8 | In order to convict one accused of looting during a declared emergency, the State must prove that the alleged perpetrator: (1) intentionally entered a building, plant, establishment, or other structure, (2) that lacked normal security because of a hurricane, flood, act of God, or force majeure of any kind, (3) during a declared state of emergency that the defendant knew or should have known existed, and (4) that the defendant obtained, exerted control over, damaged, or removed property of the owner; additionally, the State must prove the identity of the defendant as the perpetrator. LSA-R.S. 14:62.5(C). | In order to convict one accused of looting during a declared emergency, the State must prove that the alleged perpetrator: (1) intentionally entered a building, plant, establishment, or other structure, (2) that lacked normal security because of a hurricane, flood, act of God, or force majeure of any kind, (3) during a declared state of emergency that the defendant knew or should have known existed, and (4) that the defendant obtained, exerted control over, damaged, or removed property of the owner. See State v. Harris, 2007-124 (La.App. 5 Cir. 9/25/07), 968 So.2d 187, 193. Additionally, the State must prove the identity of the defendant as the perpetrator. | What must the state prove in order to convict a defendant for looting during a declared emergency? |
| 61 | Brougham Casket & Vault Co. v. DeLoach, 323 Ga. App. 701, 704 (2013) | 5 | If the burden of proof on the subject matter of a request for admission is on the requestor, the movant for withdrawal of the admission is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay; if the movant fails to make the required showing, then the trial court is authorized to deny the motion to withdraw the admissions. West's Ga.Code Ann. S 9-11-36(b). | If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions. | "Is the movant for withdrawal or amendment of an admission required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay?" |

| 67 | Vidal v. Ricciardi, 81 A.D.3d 635, 915 N.Y.S. 2d 630, 635 (2011) | 1 | Plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant; all four components of the test must be satisfied before the dismissal can be properly vacated and the case restored. McKinney's CPLR 3404. | A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Nasuro v. PI Assoc., LLC, 78 A.D.3d 1030, 912 N.Y.S.2d 86; Mooney v. City of New York, 78 A.D.3d 795, 911 N.Y.S.2d 395; Leinas v. Long Is. Jewish Med. Ctr., 72 A.D.3d 905, 906, 898 N.Y.S.2d 500; Basetti v. Nour, 287 A.D.2d 126, 131, 731 N.Y.S.2d 35). All four components of the test must be satisfied before the dismissal can be properly vacated and the case restored. | "Should a plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked ""off,"" and after it has been dismissed demonstrate the existence of a potentially meritorious cause of action?" |
| 69 | Oregon v. Kennedy, 456 U.S. 667, 676 (1982) | 9 | Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, the most important consideration for double jeopardy clause purposes is that defendant retain primary control over the course to be followed in the event of such error, and only where the governmental conduct is intended to "goad" defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having proceeded in aborting the first on his own motion. U.S.C.A.Const.Amend. 5. | Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." United States v. Dinitz, supra, 424 U.S., at 609, 96 S.Ct., at 1080. Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" |

| 70 | Robinson v. Texas Auto. Dealers Ass'n, 214 F.R.D. 432, 438 (E.D. Tex. 2003) | 3 | Elements necessary to establish that material is protected by the federal attorney-client privilege are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of a bar of a court, or his subordinate, and in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed by his client without the presence of strangers for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. | The elements necessary to establish that material is protected by the federal attorney-client privilege are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is (a) a member of a bar of a court, or his subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services (iii) or assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. | What should a party invoking the protection of the attorney-client privilege establish? |
| 71 | Columbia Cmty. Bank v. Newman Park, LLC, 166 Wash. App. 634, 643, 279 P.3d 869, 873–74 (2012), aff'd, 177 Wash. 2d 566, 304 P.3d 472 (2013) | 3 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1)in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | ¶ 29 Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate." | When is equitable subrogation appropriate to prevent unjust enrichment? |

| 73 | State v. Johnston, 249 Ga. 413, 415 (1982) | 4 | Trial court has absolute right to refuse to decide admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action unless modified at trial to prevent manifest injustice. | The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. Cf. Wiggins v. State, supra; Coats v. State, 234 Ga. 659, 217 S.E.2d 260 (1975). If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it "controls the subsequent course of action, unless modified at trial to prevent manifest injustice." | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference and will it control the subsequent course of action, unless modified at the trial to prevent manifest injustice?" |
| 76 | Heine v. Allen Memorial Hosp. Corp., 549 N.W.2d 821, 823 (Iowa 1996) | 1 | Rule providing that court may hear and determine any point of law raised in any pleading that goes to whole or any material part of case allows adjudication if either there are no material facts in dispute or if court is presented with legal issues independent of disputed factual issue and ruling favorable to applying party will necessarily be dispositive of case in whole or in part. Rules Civ.Proc., Rule 105. | The court may "hear and determine any point of law raised in any pleading" which goes to the whole or any material part of the case." We have interpreted the rule to allow an adjudication if either there are no material facts in dispute or if the court is presented with a "legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part." | "Does a Rule providing that court may hear and determine any point of law raised in any pleading that goes to whole or any material part of case, allow adjudication if there are no material facts in dispute?" |

| | | | | | |
|---|---|---|---|---|---|
| 77 | Columbia Cmty. Bank v. Newman Park, LLC, 166 Wash. App. 634, 643, 279 P.3d 869, 873–74 (2012), aff'd, 177 Wash. 2d 566, 304 P.3d 472 (2013) | 3 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1)in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | ¶ 29 Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances:<br><br>(1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate." | When is subrogation appropriate to prevent unjust enrichment? |
| 81 | Mueller v. Shacklett, 156 Neb. 881, 882 (Neb. 1953) | 9 | Where a party properly serves request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections thereto are heard and appropriately denied by court, and other party has been ordered to respond thereto, failure of such party to do so within time allotted constitutes admission of facts sought to be elicited. R.S.Supp.1951, S 25-1267.41. | In that connection, the applicable rule here is that where a party properly serves a request for admissions of relevant matters of fact or the genuineness of relevant documents, and all objections thereto are heard and appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time allotted constitutes an admission of the facts sought to be elicited. | "Where a party properly serves a request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections thereto are heard and denied by the court, and the other party has been ordered to respond thereto, does failure of the party to do so within the time allotted constitute admission of facts sought to be elicited?" |
| 82 | Am. Coll. Connection v. Berkowitz, 332 Ga. App. 867, 868 (2015) | 2 | When a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing and based solely upon the written submissions of the parties, any disputes of fact must be resolved in the light most favorable to the party asserting the existence of personal jurisdiction, and the Court of Appeals reviews the decision of the trial court de novo. | Furthermore, when the motion is decided without an evidentiary hearing and based solely upon the written submissions of the parties, as it was here, "any disputes of fact must be resolved in the light most favorable to the party asserting the existence of personal jurisdiction, and we review the decision of the trial court de novo." | "When a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing and based solely upon the written submissions of the parties, must any disputes of fact be resolved in the light most favorable to the party asserting the existence of personal jurisdiction?" |

| 85 | City of New Orleans v. Benson, 665 So. 2d 1196, 1200 (La. App. 1995) | 5 | Where defendant previously has sustained criminal penalty and civil penalty sought in subsequent proceeding bears no rational relation to goal of compensating government for its loss, but rather appears to qualify as "punishment" under plain meaning of word, defendant is entitled to accounting of government's damages and costs to determine if penalty sought in fact constitutes second punishment which violates double jeopardy clause. U.S.C.A. Const.Amend. 5. | In Halper, the court stated: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in a subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment [double jeopardy]." | What happens where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss? |
| 86 | Jackson v. Computer Science Raytheon, 36 So. 3d 754, 758 (Fla. Dist. Ct. App. 2010) | 6 | Because issues relating to an employee's entitlement to workers' compensation benefits and a carrier's right to various offsets are founded on statutory and legal bases, there is no occasion, or allowance, for the District Court of Appeal to graft onto an otherwise coherent statutory scheme, general equitable principles so as to permit non-legal, or equitable, permutations of such rights. | Because issues relating to an employee's entitlement to benefits and a carrier's right to various offsets are founded on statutory and legal bases, there is no occasion (or allowance) for this court to graft onto an otherwise coherent statutory scheme, general equitable principles so as to permit non-legal (equitable) permutations of such rights. | " Since issues relating to an employees entitlement to benefits and a carriers right to various offsets are founded on statutory and legal bases, when can a court graft onto the otherwise coherent statutory scheme, general equitable principles?" |
| 87 | Wasko v. Manella, 269 Conn. 527, 532-33 (2004) | 5 | The doctrine of legal or equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | As now applied, the doctrine of [legal or] equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." | "Is the doctrine of equitable subrogation broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" |

| 88 | Columbia Cmty. Bank v. Newman Park, LLC, 166 Wash. App. 634, 643, 279 P.3d 869, 873–74 (2012), aff'd, 177 Wash. 2d 566, 304 P.3d 472 (2013) | 3 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | ¶ 29 Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances:<br><br>(1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate." | Is subrogation an appropriate means of preventing unjust enrichment? |
| 89 | Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279, 1296, 77 Cal. Rptr. 2d 296, 305–06 (1998) | 12 | Aim of equitable subrogation in the insurance context is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor; in contrast, the aim of equitable contribution is to apportion a loss between two or more insurers who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. West's Ann.Cal.Civ.Code S 1432. | The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was **306 not primarily liable therefor. (Caito v. United California Bank, supra, 20 Cal.3d at p. 704; , 144 Cal.Rptr. 751, 576 P.2d 466 11 Witkin, Summary of Cal. Law, supra, Equity, § 169, pp. 848–850.) On the other hand, the aim of equitable contribution is to apportion a loss between two or more insurers who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. | "Is the aim of equitable subrogation to place the burden for loss on the party ultimately responsible for it and by whom it should have been discharged, and to entirely relieve insurer or surety who indemnified loss and who in equity was not primarily liable for it?" |

| 91 | Gainer v. Koewler, 200 Wis. 2d 113, 122 (1996) | 3 | To increase costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, courts must be alert to possibility that lawyer who is violating order is assuming there will be little or no risk associated with bringing out damaging material during long trial. | To increase the costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, our courts must be alert to the possibility that the lawyer who is violating the order is assuming there will be little or no risk associated with bringing out the damaging material during a long trial. | "To increase costs associated with deceptive behavior, particularly as it regards violating motion in limine orders, must courts be alert to possibility that lawyer who is violating order is assuming there will be little or no risk associated with bringing out damaging material during long trial?" |
| 92 | DiQuinzio v. Panciera Lease Co., 612 A.2d 40, 42 (R.I. 1992) | 5 | Under Workers' Compensation Act, injured employee is ensured timely and certain, though limited, compensation, in exchange for which he or she gives up right to pursue action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful. Gen.Laws 1956, § 28-29-20. | Hence under the Rhode Island Workers' Compensation Act an injured employee is ensured timely and certain, though limited, compensation. In exchange he or she gives up the right to pursue an action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful. | "Under the Workers Compensation Act, are injures employees ensured timely and certain, though limited, compensation, in exchange for which he or she gives up the right to pursue action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful?" |
| 93 | Beck v. Sapet, 937 So. 2d 945, 951 (Miss. 2006) | 6 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | "Are trial judges afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases?" |
| 94 | Hysong v. Lewicki, 811 A.2d 46, 50 (Pa. 2002) | 5 | Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to rule governing requests for admission, once trial has begun a court may grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice. Rules Civ.Proc., Rule 4014, 42 Pa.C.S.A. | Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Rule 36, once trial has begun a court may grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice. | "Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to rule governing requests for admission, once trial has begun, may a court grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice?" |
| 96 | Indianapolis-Marion County Public Library v. Shook, LLC, 835 N.E.2d 533, 540 (Ind. Ct. App. 2005) | 7 | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | When reviewing a Trial Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. | "When reviewing a motion to dismiss for lack of subject matter jurisdiction, is the relevant question whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute?" |

| 98 | Kenny v. Banks, 289 Conn. 529, 533(Conn. 2008) | 4 | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant; trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14. | "When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.... | "When a defendant challenges personal jurisdiction in a motion to dismiss, must the court undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant?" |
| 100 | Hair v. Morton, 36 So. 3d 766, 769 (Fla. App. 2010) | 2 | The severe sanction of dismissal based on fraud is appropriate only when it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Indeed, the severe sanction of dismissal is appropriate only when it is established by clear and convincing evidence "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." | Is the severe sanction of dismissal based on fraud appropriate only when it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme? |
| 101 | ARB Upstate Commc'ns LLC v. R.J. Reuter, 93 A.D.3d 929, 940 N.Y.S.2d 679, 683 (2012) | 1 | Courts considering a motion to dismiss a complaint for failure to state a cause of action must liberally construe the pleadings, accept the facts alleged in the complaint as true, give plaintiffs the benefit of every possible favorable inference, and determine whether the alleged facts fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | Courts considering a motion to dismiss a complaint for failure to state a cause of action must liberally construe the pleadings (see CPLR 3026), accept the facts alleged in the complaint as true, give plaintiffs the benefit of every possible favorable inference, and determine whether the alleged facts fit within any cognizable legal theory (see ABN AMRO Bank, N.V. v. MBIA Inc., 17 N.Y.3d 208, 227, 928 N.Y.S.2d 647, 952 N.E.2d 463 [2011]; Leon v. Martinez, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994] ). | Should courts considering a motion to dismiss a complaint for failure to state a cause of action liberally construe the pleadings and accept the facts alleged in the complaint as true? |

| | | | | |
|---|---|---|---|---|
| 102 | In re Dufton, 158 N.H. 784, 787 (2009) | 1 | In ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in a petitioner's pleadings are sufficient to state a basis upon which relief may be granted, and to make this determination, the court will normally accept all facts pled by a petitioner to be true and construe all reasonable inferences in the light most favorable to her. | Usually, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in a petitioner's pleadings are sufficient to state a basis upon which relief may be granted. To make this determination, the court would normally accept all facts pled by a petitioner to be true and construe all reasonable inferences in the light most favorable to her. | "In ruling upon a motion to dismiss, is the trial court required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief can be granted?" |
| 103 | Meyer v. N. Shore-Long Island Jewish Health Sys., 137 A.D.3d 880, 27 N.Y.S. 3d 188, 189 (2016) | 1 | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss; when evidentiary material is considered on a motion to dismiss a complaint, and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7), (c). | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see CPLR 3211[c]; Sokol v. Leader, 74 A.D.3d at 1181, 904 N.Y.S.2d 153). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). | "Where evidentiary material is submitted and considered on a motion to dismiss a complaint and the motion is not converted into one for summary judgment, does the question become whether the plaintiff has a cause of action?" |
| 105 | People v. Jackson, 178 Cal. App. 4th 590, 598 (2009) | 6 | In order to support a conviction for attempted criminal threat, the jury must find that the defendant specifically intended to threaten to commit a crime resulting in death or great bodily injury with the further intent that the threat be taken as a threat, under circumstances sufficient to convey to the person threatened a gravity of purpose and an immediate prospect of execution so as to reasonably cause the person to be in sustained fear for his or her own safety or for his or her family's safety. West's Ann.Cal.Penal Code SS 21a, 422. | We conclude that in order to support a conviction for attempted criminal threat the jury must find that the defendant specifically intended to threaten to commit a crime resulting in death or great bodily injury with the further intent that the threat be taken as a threat, under circumstances sufficient to convey to the person threatened a gravity of purpose and an immediate prospect of execution so as to reasonably cause the person to be in sustained fear for his or her own safety or for his or her family's safety. | What must the jury find the defendant intended to do in order to support a conviction for attempted criminal threat? |

| 106 | Houser v. Cty. of Volusia, 25 So. 3d 75, 77 (Fla. App. 2009) | 2 | Before a trial court can dismiss a case with prejudice for disobedience of court orders it must consider: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for the noncompliance; and (6) whether the delay created significant problems of judicial administration. | Before a trial court can dismiss a case with prejudice under these circumstances, it must consider all of the following factors: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for the noncompliance; and 6) whether the delay created significant problems of judicial administration. | What are the factors to be considered before a trial court can dismiss a case with prejudice for disobedience of court orders? |
| 107 | Deloatch v. Becker, 698 A.2d 94, 96 (Pa. 1997) | 3 | In order to prove entitlement to relief from non pros judgment, burden is upon moving party to demonstrate that petition to open and/or strike judgment was promptly filed; reasonable explanation or legitimate excuse exists for default or delay, and there exist sufficient facts to support a cause of action. | In order to prove entitlement to relief from a non pros judgment, the burden is upon the moving party to demonstrate that: (1) a petition to open and/or strike the judgment was promptly filed; (2) a reasonable explanation or legitimate excuse exists for the default or delay; and (3) there exist sufficient facts to support a cause of action. | "In order to prove entitlement to relief from non pros judgment, is the burden upon a moving party to demonstrate that a petition to open and/or strike judgment was promptly filed?" |
| 111 | Hourani v. Mirtchev, 796 F.3d 1, 14 (D.C. Cir. 2015) | 20 | A decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns. | And that decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of "distinctly sovereign" act and "formal governmental action" concerning internal affairs that triggers the Act of State doctrine's and international comity's traditional concerns. | Is a decision by a foreign government to engage in official speech about its own nationals' domestic activities the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns? |
| 112 | Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731, 735 (Conn. App. 2008) | 5 | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | As now applied, the doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." | "Is the doctrine of equitable subrogation broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" |

| 113 | Cottman Transmission Sys. v. Kershner, 536 F. Supp. 2d 543, 562 (E.D. Pa. 2008) | 19 | Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation; to make this determination, courts consider factors, including: (1) timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the trial court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. | [P]rejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation." Id. at 222. To make this determination, courts consider a list of factors, including: 1) "the timeliness or lack thereof of a motion to arbitrate"; 2) "the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims"; 3) "whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings"; 4) "the extent of its non-merits motion practice"; 5) "its assent to the [trial] court's pretrial orders"; and 6) "the extent to which both parties have engaged in discovery. | What are the factors considered by the Court to determine whether waiver has occurred? |
| 115 | State v. Jack, 125 P.3d 311, 318 (Alaska 2005) | 5 | Under the "right of innocent passage doctrine," a coastal nation is not authorized to assert jurisdiction over a foreign vessel unless the consequences of the crime extend to the coastal State, or the crime is of a kind to disturb the peace of the country or the good order of the territorial sea. | Under the right of innocent passage doctrine, a coastal nation is not authorized to assert jurisdiction over a foreign vessel unless "the consequences of the crime extend[s] to the coastal State," or "the crime is of a kind to disturb the peace of the country or the good order of the territorial sea." | "Under the right of innocent passage doctrine, is a coastal nation authorized to assert jurisdiction over a foreign vessel or can it assert jurisdiction only if the consequences of the crime extend to the coastal State, or the crime is of a kind to disturb the peace of the country or the good order of the territorial sea?" |

| | | | | | |
|---|---|---|---|---|---|
| 117 | Fairholme Funds v. United States, 132 Fed. Cl. 49, 54 (Fed.Cl., 2017) | 4 | When deciding whether to allow the participation of an amicus curiae, Court of Federal Claims may consider a number of factors, including: (1) whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party, (2) whether the parties consent to the participation of the amicus curiae, (3) whether one of the parties is not interested in or capable of fully presenting one side of the argument, (4) whether the court's decision would directly affect the movant's rights or would set a controlling precedent regarding a claim of the movant, and (5) whether participation by an amicus curiae would unnecessarily delay the litigation. | When deciding whether to allow the participation of an amicus curiae, the court may consider a number of factors, including (1) "whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party," id.; (2) whether the parties consent to the participation of the amicus curiae, id.; (3) whether "one of the parties is not interested in or capable of fully presenting one side of the argument," id.; (4) whether "the court's decision would directly affect [the movant's] rights or would set a controlling precedent regarding a claim of [the movant]," [Fluor Corp., 35 Fed.Cl. at 285]; and (5) whether participation by an amicus curiae would unnecessarily delay the litigation, | What discretion and authority is available to the Courts of Federal Claims in allowing participation by amici curiae? |
| 118 | Thrasher v. U. S. Liab. Ins. Co., 19 N.Y.2d 159, 278 N.Y.S.2d 793, 799 (1967) | 9 | The law maintains fiction that insured is real party in interest at trial of underlying negligence action in order to protect insurer against overly sympathetic juries, but once judgment has been rendered, and suit is subsequently brought against insurance company on judgment against insured, reason for fiction no longer exists, since factor of insurance is then one of essential elements of pending cause of action. Insurance Law, S 167, subd. 1(b). | The law maintains the fiction that the insured is the real party in interest at the trial of the underlying negligence action in order to protect the insurance company against overly sympathetic juries (see Leotta v. Plessinger, 8 N.Y.2d 449, 461—462, 209 N.Y.S.2d 304, 312—313, 171 N.E.2d 454, 459—460). Once a judgment has been rendered, however, and a suit is subsequently brought against the insurance company, the reason for the fiction no longer exists for the factor of insurance is now one of the essential elements of the pending cause of action (see Oltarsh v. Aetna Ins. Co., supra, 15 N.Y.2d p. 118, 256 N.Y.S.2d p. 582, 204 N.E.2d p. 626). | "Is the fiction that the law maintains i.e., that the insured is the real party in interest at the trial of underlying negligence action, only to protect the insurance company against overly sympathetic juries?" |

| | | | | | |
|---|---|---|---|---|---|
| 119 | Ayr-Way Stores, Inc. et al. v. Chitwood, 261 Ind. 86, 93-94 (Ind. 1973) | 9 | Neither pleadings, pretrial orders, nor theories postulated by either party should operate to frustrate trier of fact in finding facts which the evidence, including all reasonable inferences the trier may draw therefrom, convinces him, whether he be a judge or juror, by the preponderance thereof, is true or block him from awarding the relief, if any, which rules of substantive law say those facts merit. | Neither pleadings, pre-trial orders, or 'theories' postulated by either party should then operate to frustrate the trier of fact in finding the facts which that evidence (including all reasonable inferences the trier may draw therefrom) convinces him (whether he be a judge or juror), by a preponderance thereof, is true or block him from awarding the relief, if any, which the rules of substantive law say those facts merit.' | "Do pleadings, pre-trial orders, or theories postulated by either party operate to frustrate trier of fact in finding facts that a preponderance of the evidence permits?" |
| 120 | Hysong v. Lewicki, 811 A.2d 46, 50 (Pa. 2002) | 4 | Provision providing that a court on motion may permit withdrawal or amendment of admissions where presentation of merits will be subserved, and party who obtained admission fails to convince court that it will suffer prejudice, emphasizes importance of resolving action on merits, and permits withdrawal where it promotes decision on merits while not prejudicing party who obtained admission. Rules Civ.Proc., Rule 4014, 42 Pa.C.S.A. | Rule 36(b) expressly provides that a court on motion may permit withdrawal or amendment of admissions where presentation of the merits will be subserved and the party who obtained the admission fails to convince the court that it will suffer prejudice. This provision emphasizes the importance of resolving an action on the merits and "permits withdrawal where it promotes a decision on the merits while not prejudicing the party who obtained the admission." | "Will a provision providing that a court on motion permit withdrawal or amendment of admissions where presentation of merits be subserved, and party who obtained admission fails to convince court that it will suffer prejudice, emphasize importance of resolving action on merits?" |
| 124 | Silverberg v. Haji, 2015 IL App (1st) 141321, ¶¶ 32-33 (2015) | 5 | The relevant factors to consider when determining whether to grant a motion to dismiss based on plaintiff's lack of reasonable diligence in serving a defendant, include, but are not limited to: (1) the length of time used to obtain service of process, (2) the activities of plaintiff, (3) plaintiff's knowledge of defendant's location, (4) the ease with which defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant of pendency of the action as a resultof ineffective service, (6) special circumstances which would affect plaintiff's efforts, and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b). | The relevant factors to consider when determining whether to grant a Rule 103(b) motion, include, but are not limited to: (1) the **224 *968 length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. | "In ruling on a motion to dismiss for lack of diligence in service of process, can a court consider the following nonexclusive factors?" |

| 125 | U.S. v. Biaggi, 909 F.2d 662, 683 (2d Cir. 1990) | 25 | If United States congressman demands payment for taking official action as to matter that requires some legal services, his demand is extortion if he instructs payer to retain his son's law firm for needed services and to pay sum for both firm's legal services and his own official action; in such cases, however, evidence must suffice to permit jury to find beyond reasonable doubt that unlawful purposes were of substance, not merely vague possibilities that might attend otherwise legitimate transaction. 18 U.S.C.A. S 1951. | For example, if a Congressman demands a payment for taking official action as to a matter that requires some legal services, his demand is nonetheless extortion if he instructs the payer to retain his son's law firm for the needed legal services and to pay a sum for both the firm's legal services and his own official action. In such cases, however, the evidence must suffice to permit the jury to find beyond a reasonable doubt that the unlawful purposes were of substance, not merely vague possibilities that might attend an otherwise legitimate transaction. | Is it possible that a payment to law firm become unlawful under bribery statutes? |
| 126 | Putnam v. State, 245 Ga. App. 95, 97 (Ga. Ct. App. 2000) | 13 | Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, the fact that the lower court failed to do so does not, standing alone, render the judge's determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy. O.C.G.A. S 16-1-8(a)(2). | Although the trial judge should also explain on the record that he or she considered and rejected alternative remedies to mistrial, the fact that the lower court failed to do so here "does not, standing alone, render *98 [his] **387 determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy." | "Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, does the fact that the lower court failed to do so not render the judge's determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy?" |
| 127 | Trask v. BAC Home Loans Servicing, LP, 462 B.R. 268, 277 (B.A.P. 1st Cir. 2011) | 16 | Traditional doctrine of "equitable subrogation" enables one who pays, otherwise than as a volunteer, an obligation for which another is primarily liable, to be given by equity the protection of any lien or other security for the payment of the debt to the creditor, and to enforce such security against the principal debtor or collect the obligation from him. | The traditional doctrine of equitable subrogation "enables '[o]ne who pays, otherwise than as a volunteer, an obligation for which another is primarily liable,' to be 'given by equity the protection of any lien or other security for the payment of the debt to the creditor,' and to 'enforce such security against the principal debtor or collect the obligation from him.' | "Does the doctrine of equitable subrogation traditionally enable one who pays, other than as volunteer, an obligation for which another is primarily liable to be given by equity the protection of any lien or other security for payment of debt to creditor, and to enforce such security against the principal debtor or collect obligation from him?" |
| 128 | In re Shavers, 418 B.R. 589, 605 (Bankr. S.D. Miss. 2009) | 21 | In Mississippi, the doctrine of equitable subrogation applies, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable. | In Mississippi, this doctrine applies, in general, "wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable...." | "Does the doctrine of equitable subrogation apply, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable?" |

| 129 | Breimhorst v. Beckman, 227 Minn. 409, 411 (Minn. 1949) | 26 | In the exercise of police power, the vesting by the legislature in the industrial commission of quasi-judicial powers inclusive of power to determine facts and apply the law thereto in employment-accident controversies is not in violation of state constitutional provisions for the division of the powers of government or for the vesting of judicial power in the courts as long as the commission's awards and determinations are not only subject to review by certiorari but lack judicial finality in not being enforceable by execution or other process in the absence of a binding judgment entered thereon by duly established court. M.S.A.Const. art. 1, SS 2, 8; art. 3, S 1; art. 6, S 1. | In the exercise of the police power, the vesting by the legislature in the industrial commission of quasi-judicial powers-inclusive of the power to determine facts and apply the law thereto in employment-accident controversies-is not in violation of state constitutional provisions for the division of the powers of government or for the vesting of the judicial power in the courts, as long as the commission's awards and determinations are not only subject to review by certiorari, but lack judicial finality in not being enforceable by execution or other process in the absence of a binding judgment entered thereon by a duly established court. | Is vesting of quasi-judicial powers in an administrative agency constitutional when its decisions are subject to judicial review? |
| 130 | Schwartz v. Hasty, 175 S.W.3d 621, 626-27 (Ky. Ct. App. 2005) | 11 | Collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources, while preventing double recovery by the injured party where the party providing the collateral source benefits seeks reimbursement through subrogation. | The collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured *627 party from collateral sources, while preventing double recovery by the injured party where the party providing the collateral source benefits seeks reimbursement through subrogation. | Does the collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources? |
| 132 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141, 1180 (D. Idaho 2011) | 45 | The act of state doctrine bars judicial review of claim if (1) there is official act of foreign sovereign performed within its own territory and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | The Act of State Doctrine bars judicial review of a claim if "(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act." | "Does the act of state doctrine bar judicial review of claim if there is an official act of a foreign sovereign performed within its own territory, and relief is sought or a defense interposed that require a court in United States to declare invalid the foreign sovereign's official act?" |
| 134 | Mayekawa Mfg. Co. v. Sasaki, 76 Wn. App. 791, 800 (Wash. Ct. App. 1995) | 5 | A generally recognized rule of international comity states that an American court will only recognize a final and valid judgment; however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata. | A generally recognized rule of international comity states that an American court will only recognize a final and valid judgment. Pilkington Bros. P.L.C. v. AFG Indus., Inc., 581 F.Supp. 1039, 1045 (D.Del.1984). However, "[m]odifiable foreign orders can be granted extraterritorial effect even though they might not be 'final' for purposes of res judicata." | "Does a generally recognized rule of international comity state that an American court will only recognize a final and valid judgement however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata?" |

| 135 | In re Bruetman, 259 B.R. 649, 669 (N.D. Ill. 2001) | 41 | "Comity" is defined as recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to rights of its own citizens, or of other persons who are under protection of its laws. | Comity is defined as "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." | "Is comity defined as recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to rights of its own citizens, or of other persons who are under protection of its laws?" |
|---|---|---|---|---|---|
| 136 | Trugman-Nash, Inc. v. New Zealand Dairy Bd., 942 F. Supp. 905, 914 (S.D.N.Y. 1996) | 3 | It is necessary factual predicate for application of act of state doctrine that relief sought or defense interposed would have required court in United States to declare invalid official act of foreign sovereign performed within its own territory. | It is a necessary factual predicate for application of the act of state doctrine that "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." W.S. | Is it a necessary factual predicate for the application of an act of state doctrine that relief sought or defense interposed would have required court in United States to declare invalid official act of foreign sovereign performed within its own territory? |
| 138 | Polansky v. Berenji, 393 S.W.3d 362, 367 (Tex. App. 2012) | 3 | Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, the rule does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although rule 162 allows the trial court to hold hearings and enter orders affecting costs, attorneys' fees, and sanctions after a nonsuit is filed, the rule "does not forestall the nonsuit's effect of rendering the merits of the case moot." | "Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, does the rule forestall the nonsuit's effect of rendering the merits of the case moot?" |
| 139 | Angerame v. Nissenbaum, 208 A.D.2d 579, 617 N.Y.S.2d 194, 194 (1994) | 1 | While it is true that plaintiff should be permitted to discontinue action without prejudice in order to rectify tactical error, simplify form of action, or avoid juror confusion, leave to discontinue action without prejudice generally should not be granted to enable plaintiff to circumvent effect of court order in defendant's favor, since prejudice would inure to defendant. | While it is true that a plaintiff should be permitted to discontinue an action without prejudice in order to rectify a tactical error, simplify the form of the action, or avoid juror confusion, generally leave to discontinue an action without prejudice should not be granted to enable a plaintiff to circumvent the effect of a court order in the defendant's favor, since prejudice would inure to the defendant (see, Brenhouse v. Anthony Industries Inc., 156 A.D.2d 411, 548 N.Y.S.2d 533; Valladares v. Valladares, 80 A.D.2d 244, 438 N.Y.S.2d 810). | "Should leave to discontinue an action without prejudice generally not be granted to enable a plaintiff to circumvent an effect of a court order in a defendant's favor, since prejudice would inure to a defendant?" |

| 141 | Bland v. Graves, 99 Ohio App. 3d 123, 129 (Ohio App. 1994) | 2 | Under Supreme Court's Unger test, objective factors that may be considered by trial court in assessing propriety of motion for continuance include length of requested delay, whether other continuances have been requested and received, inconvenience to litigants, witnesses, opposing counsel and the court, whether requested delay is for legitimate reasons or is dilatory, purposeful or contrived, whether moving party contributed to circumstance which gives rise to request for continuance, and other relevant factors, depending on unique facts of case. | Under the Unger test, the objective factors that may be considered by the trial court in assessing the propriety of a motion for continuance include "the length of the delay requested; whether other **122 continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [moving party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." | What are the objective factors which may be considered by the trial judge in determining a motion for a continuance? |
| 143 | United States v. Barash, 365 F.2d 395, 401 (2d Cir. 1966) | 11 | If a government officer threatens serious economic loss unless paid for giving a citizen his due, the latter is entitled to have the jury consider this, not as a complete defense like duress, but as bearing on the specific intent required for the commission of bribery. 18 U.S.C.A. S 201(b). | We think that if a government officer threatens serious economic loss unless paid for giving a citizen his due, the *402 latter is entitled to have the jury consider this, not as a complete defense like duress but as bearing on the specific intent required for the commission of bribery. | "If a government officer threatens serious economic loss unless paid for giving a citizen his due, is the citizen entitled to have the jury consider this as bearing on the specific intent required for the commission of bribery?" |
| 146 | Chacha v. Transport USA, Inc., 78 So. 3d 727, 731 (Fla. App. 2012) | 7 | An order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process. | Thus, we hold that an order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process. | Should an order granting a dismissal or default for fraud on the court include express written findings demonstrating that the trial court has carefully balanced the equities? |

| 149 | Mariano v. Fiorvante, 118 A.D.3d 961, 989 N.Y.S.2d 55, 56 (2014) | 1 | In assessing motion to dismiss complaint for failure to state a cause of action, facts as alleged in complaint and opposition papers must be accepted as true; court must accord plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint and the opposition papers must be accepted as true; the court must accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (see Siegmund Strauss, Inc. v. East 149th Realty Corp., 20 N.Y.3d 37, 43 n. 4, 956 N.Y.S.2d 435, 980 N.E.2d 483; Nonnon v. City of New York, 9 N.Y.3d 825, 827, 842 N.Y.S.2d 756, 874 N.E.2d 720; Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511). | "In assessing a motion to dismiss a complaint for failure to state a cause of action, should facts as alleged in complaint and opposition papers be accepted as true?" |
| 150 | Zellner v. Odyl, 117 A.D.3d 1040, 986 N.Y.S.2d 592, 592-93 (2014) | 1 | In determining a motion to dismiss complaint for failure to state a claim, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, the motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | In determining a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law [, the] motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Wilner v. Allstate Ins. Co., 71 A.D.3d 155, 159, 893 N.Y.S.2d 208).. | Is the sole criterion determining a motion to dismiss pursuant to CPLR 3211(a)(7) that factual allegations of a pleading's four corners are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal for failure to state a cause of action? |
| 152 | Warth v. Seldin, 422 U.S. 490, 501 (1975) | 17 | For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party; at the same time, it is within trial court's power to allow or require plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of standing. | For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. E.g., Jenkins v. McKeithen, 395 U.S. 411, 421—422, 89 S.Ct. 1843, 1848—1849, 23 L.Ed.2d 404 (1969). At the same time, it is within the trial court's power to allow or to require **2207 the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. | "On a motion to dismiss for want of standing, do courts accept as true all material allegations in the complaint and affidavits and construe them in favor of the plaintiffs?" |

| 154 | Fonseca v. Fong, 167 Cal. App. 4th 922, 931 (2008) | 10 | The initial inquiry into whether a state statute relating to immigration is preempted by federal law is whether the state statute constitutes an attempted regulation of immigration that is per se preempted because of the exclusivity of federal power to regulate in the area under the United States Constitution; if this is not the case, the statute may nevertheless be preempted under a second test, which is whether it was the clear and manifest purpose of Congress to effect a complete ouster of state power-including state power to promulgate laws not in conflict with federal laws with respect to the subject matter of the state statute-because Congress intended to occupy the field to which the state statute applies. U.S.C.A. Const. Art. 6, cl. 2. | The De Canas court established a three-part test for determining whether a state statute relating to immigration is preempted by federal law. The initial inquiry is whether the state statute constitutes an attempted "regulation of immigration" that is per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution. If this is not the case, the statute may nevertheless be preempted under the second test, which is whether it was the " ' "clear and manifest purpose of Congress" ' " to effect a "complete ouster of state power -including state power to promulgate laws not in conflict with federal laws" with respect to the subject matter of the state statute-because Congress intended to " 'occupy the field' " to which the state statute applies. | Are state statutes relating to immigration preempted by federal law? |
| 157 | Laguerre v. State, 799 S.E.2d 736, 739 (Ga. 2017) | 6 | A trial court has acted within its sound discretion in rejecting possible alternatives and in granting a mistrial if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary; this great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. | A trial court has acted within its sound discretion in rejecting possible alternatives and in granting a mistrial, if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary. This great deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. | "Does a Court act within its sound discretion in rejecting possible alternatives and in granting a mistrial, for the purposes of double jeopardy analysis, differ about the proper disposition that mistrial is not necessary?" |
| 159 | Jackson v. Bank of Am., N.A., 149 A.D.3d 815, 53 N.Y.S.3d 71, 76 (2017) | 4 | On a motion to dismiss a pleading for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be *820 true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v. Martinez, 84 N.Y.2d at 87, 614 N.Y.S.2d 972, 638 N.E.2d 511; Breytman v. Olinville Realty, LLC, 54 A.D.3d 703, 703–704, 864 N.Y.S.2d 70). | "While a plaintiffs' pleadings are liberally interpreted in the context of a CPLR 3211(a)(7) motion to state a cause of action, will such liberal standard not save allegations that consist of bare legal conclusions?" |

| | | | | | |
|---|---|---|---|---|---|
| 160 | Murray v. Cadle Co., 257 S.W.3d 291, 299 (Tex. App. 2008) | 12 | "Equitable subrogation" is a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | Equitable subrogation "is a legal fiction" whereby "an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | "Is equitable subrogation a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another?" |
| 164 | Ottenheimer Publishers v. Regal Publishers, 626 S.W.2d 276, 281 (Tenn. Ct. App. 1981) | 6 | Generally a surety or guarantor, by payment of debt of his principal when he is obligated to make that payment, acquires an immediate right to subrogate it to extent necessary to obtain reimbursement or contribution to all rights, remedies and securities which were available to creditor to obtain payment from person or property of any person who, as to surety, is primarily liable to debt. | Generally a surety or guarantor, by payment of the debt of his principal when he is obligated to make that payment, acquires an immediate right to be subrogated to the extent necessary to obtain reimbursement or contribution to all rights, remedies and securities which were available to the creditor to obtain payment from the person or property of any person who, as to the surety, is primarily liable for the debt. | "Does a surety or guarantor, by payment of debt of his principal when he is obligated to make that payment, acquire an immediate right to subrogate it to the extent necessary to obtain reimbursement or contribution to all rights, remedies and securities which were available to creditor?" |
| 167 | Washington Legal Found. v. Legal Found. of Washington, 271 F.3d 835, 856 (9th Cir. 2001) | 22 | Because of the state's traditionally high degree of control of commercial dealings, the principles of takings law that apply to real property do not apply in the same manner to statutes imposing monetary liability; thus, even though taxes or special municipal assessments indisputably take money from individuals or businesses, assessments of that kind are not treated as per se takings under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | Because of "the State's traditionally high degree of control of commercial dealings," Lucas, 112 S.Ct. at 2899, the principles of takings law that apply to real property do not apply in the same manner to statutes imposing monetary liability. Thus, even though taxes or special municipal assessments indisputably "take" money from individuals or businesses, assessments of that kind are not treated as per se takings under the Fifth Amendment. | "Does the principles of takings law that apply to real property, apply in the same manner to statutes imposing monetary liability?" |
| 175 | Indianapolis-Marion Cty. Pub. Library v. Shook, 835 N.E.2d 533, 540 (Ind. Ct. App. 2005) | 7 | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | When reviewing a Trial Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. | "In reviewing a motion to dismiss for lack of subject matter jurisdiction, is the questionwhether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution relevant?" |

| | | | | | |
|---|---|---|---|---|---|
| 177 | Ramey v. Haverty Furniture Companies, 993 So. 2d 1014, 1018 (Fla. Dist. Ct. App. 2008) | 3 | A "fraud on the court," upon which dismissal of action can be based, occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. | "Fraud on the court occurs where 'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.' " | "Does a ""fraud on the court"" occur where it can be demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability?" |
| 178 | Lentz v. Phil's Toy Store, 228 N.C. App. 416, 421 (2013) | 6 | Before civil case may be involuntarily dismissed with prejudice for failure to prosecute, trial court must address the following three factors in its order: (1) whether plaintiff acted in manner which deliberately or unreasonably delayed the matter; (2) amount of prejudice, if any, to defendant caused by plaintiff's failure to prosecute; and (3) reason, if one exists, that sanctions short of dismissal would not suffice. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. S 1A-1. | Before a civil case may be involuntarily dismissed with prejudice for failure to prosecute pursuant to N.C. Gen.Stat.  1A-1, Rule 41(b) (2003), the trial court must address the following three factors in its order: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. | What factors should the court address before a case may be involuntarily dismissed with prejudice for failure to prosecute? |
| 179 | Xia-Ping Wang v. Diamond Hill Realty, 116 A.D.3d 767, 984 N.Y.S.2d 76, 78 (2014) | 4 | Where defendant has submitted evidentiary material in support of motion to dismiss complaint for failure to state cause of action, and motion has not been converted to one for summary judgment, criterion is whether plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7),(c). | "Where a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment (cf. CPLR 3211 [c] ), 'the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it … dismissal should not eventuate' " | "Where a defendant has submitted evidentiary material in support of a motion to dismiss for failure to state a cause of action, is the criterion whether the plaintiff has a cause of action?" |

| | | | | |
|---|---|---|---|---|
| 180 | Elmhurst Dairy v. Bartlett Dairy, 97 A.D.3d 781, 949 N.Y.S.2d 115, 117 (2012) | 2 | When the moving party submits evidentiary material in support of his or her motion to dismiss, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one; however, a motion to dismiss must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | When the moving party submits evidentiary material in support of his or her motion, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Sokol v. Leader, 74 A.D.3d at 1181–1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). However, "a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " | "When a movant submits evidentiary material in support of a motion to dismiss, does the criterion become whether the proponent of the pleading has a cause of action?" |
| 181 | Orlando v. New York Homes by J & J Corp., 128 A.D.3d 784, 11 N.Y.S.3d 76, 77 (2015) | 1 | When a defendant submits evidence in support of a motion to dismiss and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | When a defendant submits evidence in support of a motion to dismiss pursuant to CPLR 3211(a)(7), and the motion has *785 not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one (see Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; Paino v. Kaieyes Realty, LLC, 115 A.D.3d 656, 656–657, 981 N.Y.S.2d 770). "[U]nless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, ... dismissal should not eventuate" (Guggenheimer v. Ginzburg, 43 N.Y.2d at 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Xia–Ping Wang v. Diamond Hill Realty, LLC, 116 A.D.3d 767, 768, 984 N.Y.S.2d 76; Paino v. Kaieyes Realty, LLC, 115 A.D.3d at 657, 981 N.Y.S.2d 770; **78 Constructamax, Inc. v. Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 A.D.3d 574, 574–575, 971 N.Y.S.2d 48). | "When a defendant submits evidence in support of a motion to dismiss and the motion has not been converted into one for summary judgment, is the criterion whether the plaintiff has a cause of action?" |

| 182 | Bd. of Managers of 100 Cong. Condo. v. SDS Cong., 152 A.D.3d 478, 59 N.Y.S.3d 381, 383 (2017) | 4 | When evidentiary material outside the pleading's four corners is considered, and a motion to dismiss for failure to state a cause of action is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Matter of Kunik v. New York City Dept. of Educ., 142 A.D.3d 616, 618, 37 N.Y.S.3d 22). | "During a motion to dismiss, when evidentiary material outside the pleading's four corners is considered, does the question become whether the pleader has a cause of action?" |
| 184 | New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp., 98 A.D.3d 1096, 951 N.Y.S.2d 546, 549-50 (2012) | 5 | In order to preserve the national uniformity of the Immigration Reform and Control Act's (IRCA's) verification system and the sanctions imposed for violations, Congress expressly provided that IRCA preempts any State or local law imposing civil or criminal sanctions, other than through licensing and similar laws, upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens; IRCA is silent, however, as to its preemptive effect on any other state or local laws. Immigration Reform and Control Act of 1986, S 101(a)(1), 8 U.S.C.A. S 1324a(h)(2). | "In order to preserve the national uniformity of this verification system and the sanctions imposed for violations, Congress expressly provided that IRCA would 'preempt any State or local law imposing civil or criminal sanctions (other than through licensing and similar laws) upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens' " (Balbuena v. IDR Realty LLC, 6 N.Y.3d at 354, 812 N.Y.S.2d 416, 845 N.E.2d 1246, quoting 8 USC § 1324a[h][2]; see **550 Madeira v. Affordable Hous. Found., Inc., 469 F.3d at 231–232). "The statute is silent, however, as to its preemptive effect on any other state or local laws" (Madeira v. Affordable Hous. Found., Inc., 469 F.3d at 232). | Does IRCA preempt State or local laws imposing civil or criminal sanctions upon those who recruit or refer for a fee for employment unauthorized aliens? |
| 185 | Stephens v. Messick, 2002 PA Super 117, ¶ 8 (2002) | 8 | Once a judgment of non pros has been entered, a three-part test determines whether a party may obtain relief from the judgment, namely first, the petition seeking relief from the judgment of non pros must be promptly filed, second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of non pros, and third, the movant must show facts to exist that would support a meritorious cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | Once a judgment of non pros has been entered, a different three-part test determines whether a party may obtain relief from the judgment. First, the petition seeking relief from the judgment of non pros must be promptly filed. Second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of non pros. Third, the movant must show facts to exist that would support a meritorious cause of action. | "Once a judgment of non pros has been entered, does a three-part test determine whether a party can obtain relief from the judgment?" |

| 187 | State v. Mercado, 121 So. 3d 604, 606 (Fla. Dist. Ct. App. 2013) | 6 | Absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his conduct causes one. U.S.C.A. Const.Amend. 5. | Thus, absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his or her constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his or her conduct causes one. | Absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions; does the defendant waive his constitutional double jeopardy rights? |
| 188 | Wilcox v. State, 342 Ark. 388, 392 (2000) | 2 | Constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense; the underlying idea is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5; Const. Art. 2, S 8. | The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.... The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." | What is the underlying idea of the prohibition against double jeopardy? |
| 189 | Calvert Fire Ins. Co. v. James, 114 S.E.2d 832, 236 S.C. 431, 435 (1960) | 2 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Is the purpose of equitable subrogation to require the ultimate discharge of debt by person who in equity and good conscience ought to pay it? |

| 190 | In re Cupp, 383 B.R. 84, 88 (E.D. Tenn. 2008) | 6 | Under Tennessee law, "subrogation" is equitable doctrine that facilitates adjustment of rights to avoid unjust enrichment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party. | As applied in Tennessee, "[s]ubrogation is an equitable doctrine that facilitates the adjustment of rights to avoid unjust enrichment in many types of situations by substituting one person or entity in place of another in regard to some claim or right that the second person or entity may have against a third party." | "Is subrogation an equitable doctrine that facilitates adjustment of rights to avoid unjust enrichment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party?" |
| --- | --- | --- | --- | --- | --- |
| 191 | Dean v. Tucker, 451 N.W.2d 571, 182 Mich. App. 27, 32 (Ct. App. 1990) | 9 | While trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file witness list, fact that such action is discretionary rather than mandatory necessitates consideration of circumstances of each case to determine if such drastic sanction is appropriate. | While it is within the trial court's authority to bar an expert witness or dismiss an action as a sanction for the failure to timely file a witness list, the fact that such action is discretionary rather than mandatory necessitates a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate. | "While a trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file a witness list, is the fact that such action is discretionary rather than mandatory necessitate consideration of circumstances of each case? " |
| 192 | Calvert Fire Ins. Co. v. James, 114 S.E.2d 832, 236 S.C. 431, 435 (1960) | 2 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | "Is the doctrine of equitable subrogation to be applied according to dictates of equity and good conscience, in light of actions and relationship of parties?" |

| 194 | Health Republic Ins. Co. v. United States, 129 Fed. Cl. 115, 116 (2016) | 2 | When deciding whether to allow the participation of an amicus curiae, Court of Federal Claims may consider a number of factors, including (1) whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party, (2) whether the parties consent to the participation of the amicus curiae, (3) whether one of the parties is not interested in or capable of fully presenting one side of the argument, (4) whether the court's decision would directly affect the movant's rights or would set a controlling precedent regarding a claim of the movant, and (5) whether participation by an amicus curiae would unnecessarily delay the litigation. | When deciding whether to allow the participation of an amicus curiae, the court may consider a number of factors, including (1) "whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party," (2) whether the parties consent to the participation of the amicus curiae, (3) whether "one of the parties is not interested in or capable of fully presenting one side of *117 the argument," (4) whether "the court's decision would directly affect [the movant's] rights or would set a controlling precedent regarding a claim of [the movant];" and (5) whether participation by an amicus curiae would unnecessarily delay the litigation. | What are the important factors in courts determining whether to accept an amicus brief? |
| 197 | Morgan Creek Residential v. Kemp, 153 Cal. App. 4th 675, 690 (Ct. App. 2007) | 13 | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim; by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the "subrogee" is equitably subrogated to the claimant, or "subrogor," and succeeds to the subrogor's rights against the obligor. | "Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim. By undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the 'subrogee' is equitably subrogated to the claimant (or 'subrogor'), and succeeds to the subrogor's rights against the obligor. | Is subrogation defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant? |
| 198 | World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1164 (D.C. Cir. 2002) | 7 | The "act of state doctrine" precludes the courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, and is applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). It is applicable when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within" its boundaries. | Does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? |

| 200 | Republic of Iraq v. ABB AG, 768 F.3d 145, 165 (2d Cir. 2014) | 10 | In considering the applicability of the act-of-state doctrine, that is, the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official. | For instance, in considering the applicability of the act-of-state doctrine- the affirmative defense that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory," Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("Sabbatino")- courts distinguish "between public and private acts of a foreign official," | "In considering the act-of-state doctrine, does the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official?" |
| 201 | State v. Grubb, 28 Ohio St. 3d 199, 203 (1986) | 5 | At trial, it is incumbent upon defendant, who has been temporarily restricted from introducing evidence by virtue of grant of motion in limine in favor of State, to seek introduction of the evidence by proffer or otherwise in order to enable trial court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. | Must a party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record? |
| 202 | Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A., 44 F.3d 187, 191 (3d Cir. 1994) | 1 | Under principle of "international comity," domestic court normally will give effect to executive, legislative, and judicial acts of a foreign nation, and comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. | In general, "[u]nder the principle of international comity, a domestic court normally will give effect to executive, legislative, and judicial acts of a foreign nation." More specifically, we have stated that "[c]omity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect." | "Under principle of ""international comity,"" will domestic courts normally give effect to executive, legislative, and judicial acts of a foreign nation, and should comity be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect?" |
| 203 | United States v. Labs of Virginia, 272 F. Supp. 2d 764, 770 (N.D. Ill. 2003) | 4 | The "act of state doctrine" prohibits United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government. | The act of state doctrine prohibits United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government. | Does the act of state doctrine prohibit United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government? |

| 205 | Tucker v. Interarms, 186 F.R.D. 450, 452 (N.D. Ohio 1999) | 4 | When possible, foreign law should be given effect in domestic courts, as matter of international comity, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations. | The doctrine of international comity teaches that, when possible, foreign law "should be given effect in domestic courts, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations. | "Should foreign law be given an effect in domestic courts, as matter of international comity, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations?" |
|---|---|---|---|---|---|
| 206 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 16 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is the trial court's ruling on a motion in limine a ruling that excludes or admits evidence; or is it merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling? |
| 212 | Yanez v. Milburn, 932 S.W.2d 725, 728 (Tex. App. 1996) | 6 | In performing its ministerial function to dismiss action upon motion for nonsuit, trial court does not adjudicate merits of case but merely places parties in position they were in before action was brought and, subject to certain conditions, does not preclude plaintiff from filing subsequent action seeking same relief. | In performing its ministerial function to dismiss the action upon a motion for non-suit, the trial court does not adjudicate the merits of the case; the dismissal merely places the parties in the position they were in before the action was brought, Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex.1962) (orig. proceeding), and, subject to certain conditions, as recognized by McDonald in section 27:39, supra, does not preclude the plaintiff from filing a subsequent action seeking the same relief. | "In performing its ministerial function to dismiss action upon motion for nonsuit, does a trial court adjudicate merits of case but merely places parties in position they were in before action was brought?" |
| 213 | United States v. Demko, 385 U.S. 149, 151 (Pa. 1966) | 2 | Historically, workmen's compensation statutes were offspring of desire to give injured workers quicker and more certain recovery than can be obtained from tort suits; they are practically always thought of as substitutes for, not supplements to, common-law tort actions. | Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, **384 common-law tort actions. | "Historically, were workmens compensation statutes the offspring of a desire to give injured workers quicker and more certain recovery than could be obtained from tort suits, and were they practically always thought of as substitutes for, not supplements to, common-law tort actions?" |

| 214 | Sheets v. Hill Bros. Distributors, 379 S.W.2d 514, 516 (Mo. 1964) | 1 | Workmen's Compensation Law is not supplemental or declaratory of any existing rule, right, or remedy but creates an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies, where employer and employee have elected to accept the law or are subject thereto by operation of law. Section 287.120, subd. 2 RSMo 1959, V.A.M.S. | Standard Steel Works, Mo., 319 S.W.2d 871, 875, 'The compensation act, * * * is not supplemental or declaratory of any existing rule, right, or remedy, but creates an entirely new right or remedy and where the employer and employee have elected to accept the provisions of the act [or are subject thereto by operation of law] such new right or remedy is wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise.' | "Is the Workmens Compensation Law a supplement or declaratory of any existing rule, right, or remedy, or does it create an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies where the employer and employee have elected to accept the law or who are subject to it by operation of law?" |
| --- | --- | --- | --- | --- | --- |
| 215 | Daugherty v. United States, 212 F. Supp. 2d 1279, 1287 (N.D. Okl. 2002) | 17 | In determining whether to review internal military affairs, if threshold requirements for review are met, court must examine substance of allegations in light of policy reasons behind nonreview of military matters, weighing following four factors: (1) nature and strength of plaintiff's challenge to military determination, (2) potential injury to plaintiff if review is refused, (3) type and degree of anticipated interference with military function, and (4) extent to which exercise of military expertise and discretion is involved. | If these threshold requirements are met, the court "must examine the substance of the allegations in light of the policy reasons behind nonreview of military matters," weighing the following four factors: (1) the "nature and strength of the plaintiff's challenge to the military determination"; (2) the "potential injury to the plaintiff if review is refused"; (3) the "type and degree of anticipated interference with the military function"; and the "extent to which the exercise of military expertise and discretion is involved." | What are the factors to be considered in determining whether the court should review a military decision? |
| 216 | Medina v. Raven, 492 S.W.3d 53, 62 (Tex. App. 2016) | 5 | Although a party moving to withdraw admissions ordinarily must prove the requirements of the governing rule, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. Tex. R. Civ. P. 198.3(b). | Thus, although a party moving to withdraw admissions ordinarily must prove the requirements of Rule 198.3, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. | "Although a party moving to withdraw admissions ordinarily must prove the requirements of the governing rule, when the deemed admissions are merit-preclusive, does good cause exist absent bad faith or callous disregard of the rules by the party seeking the withdrawal?" |
| 217 | French v. Banco Nacional de Cuba, 23 N.Y. 2d 46, 295 N.Y.S.2d 433, 443 (1968) | 11 | In area of international law where there is a wide divergence between national interests of capital importing and capital exporting nations and between the social ideologies of those countries that favor state control of a considerable portion of means of production and those that adhere to a free enterprise system judicial restraint is indicated. | In an area of international law where, for instance, there is a wide divergence 'between the national interests of capital importing and capital exporting nations and between the social ideologies of those countries that favor state control of a considerable portion of the means of production and those that adhere to a free enterprise system', judicial restraint is surely indicated (376 U.S., at p. 430, 84 S.Ct. at p. 941): | "Given the divergence between the national interests of capital importing and exporting nations, and the countries that favor state control of the means of production and those that adhere to a free enterprise system, would courts embark on adjudication which touches the practical and ideological goals of the various members of the community of nations?" |

| | | | | |
|---|---|---|---|---|
| 218 | Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir. 1971) | 5 | Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation; rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. | Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. | "Is comity more than mere courtesy and accommodation, which does not achieve the force of an imperative or obligation, or is it a nations expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its laws?" |
| 220 | Chacha v. Transp. USA, 78 So. 3d 727, 730 (Fla. Dist. Ct. App. 2012) | 2 | The requisite fraud on the court occurs, as basis for dismissing a claim, where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." | "Does the requisite fraud on the court occur, as basis for dismissing a claim that a party has sentiently set in motion some unconscionable scheme?" |
| 221 | Cohen v. W.C.A.B. (City of Philadelphia), 589 Pa. 498, 514 (2006) | 3 | Workers' Compensation Act's uniquely detailed substantive and procedural provisions supplant traditional common law rights and remedies, limiting recoveries in a manner that, in any other context, would be beyond the Legislature's authority. 77 P.S. S 701 et seq. | As this Court has previously explained, the Workers' Compensation Act's "uniquely detailed substantive and procedural provisions" supplant traditional common law rights and remedies, limiting recoveries in a manner that, in any other context, would be beyond the Legislature's authority. | "Do the workers compensation act uniquely detailed substantive and procedural provisions supplant traditional common law rights and remedies, and would limiting recoveries in a manner that, in any other context, be beyond the Legislatures authority?" |
| 224 | U.S. ex rel. De Luca v. O'Rourke, 213 F.2d 759, 763 (8th Cir. 1954) | 3 | Aliens, so long as they are permitted to remain in the United States, are entitled to protection of its Constitution and laws with respect to their rights of person and of property and to their civil and criminal responsibility, but they continue to be aliens and, therefore, remain subject to power of Congress to expel them, or to order them to be removed or deported from the country whenever, in its judgment, their removal is necessary or expedient for the public interest. | Aliens, so long as they are permitted to remain in the United States, are entitled to the protection of its Constitution and laws with respect to their rights of person and of property and to their civil and criminal responsibility. 'But they continue to be aliens, * * * and therefore remain subject to the power of Congress to expel them, or to order them to be removed and deported from the country, whenever, in its judgment, their removal is necessary or expedient for the public interest.'. | Are aliens in United States entitled to the protection of its Constitution and laws with respect to their rights in both criminal and civil proceedings against them? |

| 226 | Porco v. Lifetime Entm't Servs., 147 A.D.3d 1253, 1254 (2017) | 1 | On a motion to dismiss a complaint for failure to state a cause of action, a court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, this Court "must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" | "On a motion to dismiss a complaint for failure to state a cause of action, should a court afford the complaint a liberal construction?" |
| --- | --- | --- | --- | --- | --- |
| 227 | Kassab v. Kasab, 137 A.D.3d 1135, 1137, 29 N.Y.S.3d 39, 41 (2016) | 1 | In deciding a motion to dismiss a complaint for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory | "In deciding a motion to dismiss a complaint for failure to state a cause of action, should a court accept the facts alleged in the complaint as true?" |
| 228 | Meyer v. N. Shore-Long Island Jewish Health Sys., Inc., 137 A.D.3d 880, 881, 27 N.Y.S.3d 188, 189 (2016) | 1 | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss; when evidentiary material is considered on a motion to dismiss a complaint, and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7), (c). | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7) (see CPLR 3211[c]; Sokol v. Leader, 74 A.D.3d at 1181, 904 N.Y.S.2d 153). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate | "When evidentiary material is considered on a motion to dismiss a complaint, is the criterion whether the plaintiff has a cause of action?" |
| 231 | Wilner v. Allstate Ins. Co., 71 A.D.3d 155, 159, 893 N.Y.S.2d 208, 212 (2010) | 1 | In determining a motion to dismiss, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | In determining a motion to dismiss pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" | Is the sole criterion determining a motion to dismiss pursuant to CPLR 3211(a)(7) that factual allegations of a pleading's four corners are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal for failure to state a cause of action? |

| 232 | City of Los Angeles v. Gleneagle Dev. Co., 62 Cal. App. 3d 543, 563, 133 Cal. Rptr. 212, 224 (Ct. App. 1976) | 12 | Penalty of dismissal against a dilatory plaintiff should be exercised with utmost care and when it appears that plaintiff has a good cause of action, the plaintiff has made some showing of excuse for delay, and where defendant does not claim actual prejudice and has waited until last possible moment to file a motion to dismiss, ends of substantial justice are best met by preference for policy of favoring trial on merits as contrasted with policy which favors presumptions of prejudice. | The penalty of dismissal against a dilatory plaintiff should be exercised with the utmost care; and where it appears that the plaintiff has a good cause of action, that plaintiff has made some showing of excuse for delay; and where defendant does not claim actual prejudice and has waited until the last possible moment to file a motion to dismiss, the ends of substantial justice are best met by a preference for the policy of favoring trials on the merits as contrasted with that policy which favors presumptions of prejudice. | Should penalty of dismissal against a dilatory plaintiff be exercised with utmost care? |
| 233 | Robinson v. Trenton Dressed Poultry Co., 344 Pa. Super. 545, 549 (1985) | 3 | When an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to plaintiff because it is not an adjudication on the merits; rather, it means only that plaintiff whose complaint is thus dismissed cannot reinstate the complaint unless he first petitions the court to exercise discretion to remove the non pros and establishes certain facts. | [W]hen an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to the plaintiff because it is not an adjudication on the merits; rather, it means only that the plaintiff whose complaint is thus dismissed cannot reinstate that complaint unless he first petitions the court to exercise its discretion to remove the non pros and establishes certain facts. | Can a plaintiff reinstate a complaint unless he first petitions a court to exercise its discretion to remove the non pros and establish certain facts? |
| 234 | Carrillo v. Superior Ct., 145 Cal. App. 4th 1511, 1524 (2006) | 5 | Once a defendant is placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, a discharge of that jury without a verdict is equivalent in law to an acquittal and bars a retrial, unless the defendant consents to the discharge or legal necessity requires it. U.S.C.A. Const.Amends. 5, 14; West's Ann.Cal. Const. Art. 1, S 15. | Once a defendant is placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, a discharge of that jury without a verdict is equivalent in law to an acquittal and bars a retrial, unless the defendant consents to the discharge or legal necessity requires it. | "Once a defendant is placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, is a discharge of that jury without a verdict equivalent in law to an acquittal and bars a retrial?" |
| 235 | People v. Haishun, 238 A.D.2d 521, 522, 656 N.Y.S.2d 660, 661 (1997) | 2 | Under United States Supreme Court's *Ursery* decision, court determining whether civil forfeiture proceeding constitutes punishment for double jeopardy purposes considers whether legislature intended proceeding to be criminal or civil in nature, and whether proceeding is so punitive that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5. | In *United States v. Ursery*, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 [1996] ], the Supreme Court set forth a two-prong test to determine whether a civil forfeiture proceeding constitutes punishment for purposes of double jeopardy including the questions of: (1) whether the Legislature intended the proceeding to be criminal or civil in nature, and (2) whether the proceeding is so punitive that it " 'may not legitimately be viewed as civil in nature' " | "Under the United States Supreme Court's Ursery decision, does a court determining whether civil forfeiture proceeding constitutes punishment for double jeopardy purposes consider whether legislature intended proceeding to be criminal or civil in nature?" |

| 236 | State v. Lamar, 205 Ariz. 431, 440 (2003) | 16 | A prosecutor's misconduct implicates a defendant's double jeopardy rights when: (1) mistrial is granted because of improper conduct or actions by the prosecutor; (2) such conduct is not merely the result of legal error, negligence, mistake or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for an improper purpose with indifference to significant resulting danger of mistrial or reversal; and (3) the conduct causes prejudice to defendant which cannot be cured by means short of a mistrial. U.S.C.A. Const.Amends. 5, 14; A.R.S. Const. Art. 1, SS 4, 10, 24. | Importantly, a prosecutor's misconduct implicates a defendant's double jeopardy rights under Pool only when: 1. Mistrial is granted because of improper conduct or actions by the prosecutor; and 2. such conduct is not merely the result of legal error, negligence, mistake or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal; and 3. the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial. | When does a prosecutor's misconduct implicate a defendant's double jeopardy rights? |
| --- | --- | --- | --- | --- | --- |
| 237 | State ex rel. City of St. Louis v. Oakley, 354 Mo. 124, 128 (1945) | 1 | In condemnation suits under general statutes, easement in or title to private property is fully acquired by condemnor when it pays to owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. | In condemnation suits under our general statutes we have consistently held that the easement in or title to private property is fully acquired by the condemnor when it pays to the owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although the judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. | "Is the easement in or title to the property condemned fully acquired by the condemnor when it pays to the owner, or into the court for him, the amount of the damages awarded by the commissioners, in condemnation suits?" |
| 239 | May v. May, 214 W. Va. 394, 399 (2003) | 4 | "Goodwill" may be defined generally as the advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital stock, funds, or property employed therein, in consequence of general public patronage and encouragement, which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices. | Goodwill may be defined generally as [T]he advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital stock, funds, or property employed therein, in consequence of general public patronage and encouragement, which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices. | What is defined as goodwill? |

| 242 | In re Nazi Era Cases Against German Defendants Litig., 236 F.R.D. 231, 241 (D.N.J. 2006) | 6 | Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory; redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. | "Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves." | "Under the act of the state doctrine, will a court review actions of a foreign sovereign because every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory?" |
| 243 | Hand v. Pettitt, 258 Ga. App. 170, 171 (2002) | 1 | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial. | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pre-trial evidentiary ruling on the admission of evidence without the trial court having any evidentiary foundation for the ruling in the context of the trial. | "Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial?" |
| 244 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238 (D.D.C. 2017) | 17 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.'" Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (quoting W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp. 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." | Does the act of state apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? |
| 245 | State v. Metz, 241 A.D.2d 192, 198, 671 N.Y.S.2d 79, 83 (1998) | 2 | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | Generally, the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Its purpose is to prevent the introduction of such evidence to the trier of fact, in most instances a jury. | "Is the function of a motion in limine to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use?" |

| | | | | | |
|---|---|---|---|---|---|
| 246 | Rossman v. Morasco, 115 Conn. App. 234, 254 (2009) | 21 | The motion in limine has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. | "[T]he motion in limine ... has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial.. | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial? |
| 248 | Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394, 401 (1942) | 2 | "Subrogation" is generally classified as being either legal or conventional, "legal subrogation" arising by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid, and "conventional subrogation" arising where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | Subrogation has been generally classified as being either legal or conventional. Legal subrogation arises by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Conventional subrogation, on the other hand, arises where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | How is subrogation classified under the law? |
| 249 | Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 421 (S.D.N.Y. 2002) | 19 | State's exercise of jurisdiction to adjudicate, as adjunct of power to prescribe governing law, generally derives from relationship of state to particular person or thing that is subject of litigation, including defendant's presence, conduct, or ownership of property within state, or conduct occurring outside state's territorial boundaries but producing certain kinds of injury within state. | The state's exercise of jurisdiction to adjudicate, as an adjunct of the power to prescribe governing law, generally derives from the relationship of the state to the particular person or thing that is the subject of the litigation, including the defendant's presence, conduct, or ownership of property within the state, or conduct occurring outside the state's territorial boundaries but producing certain kinds of injury within the state. | Does a state's exercise of jurisdiction to adjudicate derive from the relationship of a state to a particular person or thing that is the subject of litigation? |
| 250 | Manufactured Hous. Communities of Wash. v. State, 90 Wash. App. 257, 267 (1998) | 7 | Owner of property subject to a regulation that constitutes physical invasion or total taking is entitled to relief regardless of the public interest reasons supporting regulation, unless state provides rebuttal evidence showing that the use violates nuisance or property laws. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 6. | An owner of property subject to a regulation that constitutes a physical invasion or a total taking is entitled to relief regardless of the public interest reasons supporting the regulation unless the State provides rebuttal evidence showing that the use violates nuisance or property laws. | Is an owner of property subject to a regulation that constitutes a taking entitled to relief if the State fails to provide rebuttal evidence showing that the use violates nuisance or property laws? |

| 252 | City of Charleston v. Pub. Serv. Comm'n of W. Virginia, 57 F.3d 385, 391 (4th Cir. 1995) | 5 | Under West Virginia law, all contracts made by utility relating to public service must be deemed to be entered into in contemplation of exercise by state of its regulatory power whenever the public interest may make it necessary, although otherwise valid contract is binding on parties to it until departure from such contract has been directed by competent authority. | Moreover, under West Virginia law: [A]ll contracts made by a utility relating to the public service must be deemed to be entered into in contemplation of the exercise by the state of its regulatory power whenever the public interest may make it necessary ... although an otherwise valid *392 contract is binding on the parties to it until a departure from such contract has been directed by competent authority. | Are all contracts made by public utilities relating to public service deemed to be entered into with the exercise by the state of its regulatory powers? |
|---|---|---|---|---|---|
| 253 | Galimi v. Jetco, 514 F.2d 949, 952 (2d Cir. 1975) | 1 | Workmen's compensation laws are designed to assure employees that they will receive disability and medical benefits in case of injury; in return, the employer is assured of a fixed liability which is predictable enough so that he may insure against his probable costs. | On the one hand, workmen's compensation laws are designed to assure employees that they will receive disability and medical benefits in case of injury. In return, the employer is assured of a fixed liability which is predictable enough so that he may insure against his probable costs. | "Are the workmens compensation laws designed to assure employees that they will receive disability and medical benefits in the case of an injury, and in return, employers are assured of a fixed liability which is predictable enough so that he may insure against his protectable costs?" |
| 255 | Rozales v. Peerless Welder, 311 Minn. 6, 10 (1976) | 1 | Workers' Compensation Law is a substituted remedy created by legislature and, absent a reasonably clear indication of legislative action modifying rights created by the Law, the Supreme Court must proceed cautiously in attempting to infer legislative intent. M.S.A. S 176.021, subd. 3. | The workers' compensation law is a substituted remedy created by the legislature and absent a reasonably clear indication of legislative action modifying rights created by the act, this court *11 must proceed cautiously in attempting to infer legislative intent. | "Is the Workers' Compensation law a substituted remedy created by the Legislature, and absent a reasonably clear indication of legislative action modifying rights created by the law, how should the Supreme Court proceed in attempting to infer legislative intent?" |
| 262 | Thurmond v. Superior Ct. of City & Cnty. of San Francisco, 66 Cal. 2d 836, 840, 427 P.2d 985, 987–88 (1967) | 4 | Legislative policy of granting continuances of court proceedings so as not to interfere unduly with functions of the Legislature should be given full force and effect wherever and whenever it may be done without unduly adversely affecting the rights of others. West's Ann.Code Civ.Proc. S 595. | The legislative policy of granting continuances ***276 **988 of court proceedings so as not to interfere unduly with the functions of the Legislature, reflected in section 595, has been in the law since 1880 and should be given full force and effect wherever and whenever it may be done without unduly adversely affecting the rights of others. | Should the legislative policy of granting continuances of court proceedings so as not to interfere unduly with functions of the Legislature be given full force and effect without unduly adversely affecting the rights of others? |

| 265 | Nappe v. Town of E. Haven Bd. of Police Comm'rs, No. CV146045937S, 2014 WL 6476599, at *4 (Conn. Super. Ct. Oct. 23, 2014) | 8 | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light … In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, must it consider the allegations of the complaint in their most favorable light?" |
| --- | --- | --- | --- | --- | --- |
| 268 | Aeroflex Wichita v. Filardo, 294 Kan. 258, 270 (2012) | 2 | When a defendant's motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, affidavits, and other written materials without an evidentiary hearing, any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. Rules Civ.Proc., K.S.A. 60-212(b)(2). | Hence, we reject TIC's arguments and conclude that, even though there was discovery, when a defendant's K.S.A. 2011 Supp. 60-212(b)(2) motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, affidavits, and other written materials and without an evidentiary **879 hearing, any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. | "When a defendant's motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, should any factual disputes be resolved in the plaintiff's favor?" |
| 269 | In re Risk Level Determination of J.V., 741 N.W.2d 612, 615 (Minn. Ct. App. 2007) | 9 | Generally, a case should not be dismissed on the ground of mootness if it implicates issues that are capable of repetition, yet evading review; but absent certification as a class action, this only applies to the situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. | Generally, a case should not be dismissed on the ground of mootness if it implicates issues that are capable of repetition, yet evading review. But absent certification as a class action, this only applies "to the situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." | Should a case be dismissed on the ground of mootness if it implicates issues that are capable of repetition? |
| 270 | Peterson v. McCawley, 135 Idaho 282, 284 (Ct. App. 2000) | 5 | Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant-the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. Rules Civ.Proc., Rule 16(i). | Before ordering the most drastic sanction - the dismissal of an action or entry of judgment against a litigant-the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. | "Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant, must the trial court first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate?" |

| 271 | Tomlinson-McKenzie v. Prince, 718 So. 2d 394, 396 (Fla. Dist. Ct. App.1998) | 2 | In determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order, trial court's discretion should be guided primarily by whether the objecting party would be prejudiced by the admission of the evidence. | A trial judge has broad discretion in determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order. See Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981). However, the trial judge's discretion should be guided primarily by whether the "objecting party" would be prejudiced by the admission of the evidence. | "In determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order, should a trial court's discretion be guided primarily by whether the objecting party would be prejudiced?" |
| --- | --- | --- | --- | --- | --- |
| 274 | Legacy Acad. for Leaders v. Mt. Calvary Pentecostal Church, 999 N.E.2d 175, 179 (2013) | 5 | Motions to dismiss for failure to state a claim upon which relief can be granted merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, i.e., Ohio generally follows notice, rather than fact, pleading; plaintiffs need not prove their case at the pleading stage. Rules Civ.Proc., Rule 12(B)(6). | Civ.R. 12(B)(6) motions, however, merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, i.e., Ohio generally follows notice, rather than fact, pleading." In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court, 87 Ohio St.3d 118, 120, 717 N.E.2d 701 (1999) Plaintiffs need not prove their case at the pleading stage | Do motions to dismiss for failure under Civ.R. 12(B)(6)  to state a claim upon which relief can be granted merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties? |
| 275 | Waldman v. Pitcher, 2016-Ohio-5909, ¶ 15, 70 N.E.3d 1025, 1029 | 1 | A trial court ruling on a motion for judgment on the pleadings must accept all material allegations in the nonmoving party's complaint as true, must construe all reasonable inferences in that party's favor, and can only grant a dismissal if it appears beyond doubt that the nonmoving plaintiffs cannot prove any set of facts entitling them to the requested relief. Rules Civ.Proc., Rule 12(C). | {¶ 15} A trial court ruling on a Civ.R. 12(C) motion for judgment on the pleadings must accept all material allegations in the nonmoving party's complaint as true, must construe all reasonable inferences in that party's favor, and can only grant a dismissal if it appears beyond doubt that the nonmoving plaintiffs cannot prove any set of facts entitling them to the requested relief. | Should a trial court ruling on a motion for judgment on the pleadings accept all material allegations in the nonmoving party's complaint as true? |

| 276 | Lynch v. Helm Plumbing & Elec. Contractors, 108 S.W.3d 657, 660 (Mo. Ct. App. 2002) | 5 | To establish apparent authority, a party must show that: (1) the principal manifested his consent to the exercise of such authority or knowingly permitted the agent to assume the exercise of such authority, (2) the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, and actually believed, the agent possessed such authority, and (3) the person reasonably relying on the appearance of authority changed his position, and will be injured or suffer loss, if the transaction executed by the agent does not bind the principal. | To establish apparent authority a party must show: "(1) the principal manifested his consent to the exercise of such authority or knowingly permitted the agent to assume the exercise of such authority; (2) the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, and actually believed, the agent possessed such authority; and (3) the person relying on the appearance of authority changed his position and will be injured or suffer loss if the transaction executed by the agent does not bind the principal." | To establish apparent authority should a principal knowingly permit agent to act exercising that authority? |
| --- | --- | --- | --- | --- | --- |
| 278 | Larson v. State, Dep't of Corr., 284 P.3d 1, 7 (Alaska 2012) | 6 | When parties present additional materials outside of the pleadings in connection with a motion to dismiss, the superior court must expressly exclude the materials or convert the motion into a motion for summary judgment and allow all parties a reasonable opportunity to submit materials pertinent to such a motion. Rules Civ.Proc., Rules 12(b)(6), 56. | When parties present additional materials outside of the pleadings in connection with a motion to dismiss, the superior court must expressly exclude the materials or convert the motion into a motion for summary judgment under Alaska Civil Rule 56 and allow all parties a reasonable opportunity to submit materials pertinent to such a motion. | "When parties present additional materials outside of the pleadings in connection with a motion to dismiss, should the superior court expressly exclude the materials or convert the motion into a motion for summary judgment and allow all parties a reasonable opportunity to submit materials?" |
| 279 | N. Shore Towers Apartments Inc. v. Three Towers Assocs., 104 A.D.3d 825, 827, 961 N.Y.S.2d 504, 506 (2013) | 3 | On motion to dismiss complaint for failure to state a cause of action, court must afford pleading liberal construction, accept all facts as alleged in pleading to be true, accord plaintiff the benefit of every possible inference, and determine only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" | "In evaluating the sufficiency of pleadings in deciding a motion to dismiss for failure to state a cause of action, should the court afford the pleadings a liberal construction?" |
| 280 | Bryan R. v. Watchtower Bible & Tract Soc. of New York, 738 A.2d 839, 846-47 (Maine 1999) | 17 | To survive a motion to dismiss a claim for breach of fiduciary duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship. | In order to survive a motion to dismiss a claim for breach of fiduciary *847 duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship. | "To survive a motion to dismiss a claim for breach of fiduciary duty, should the plaintiff set forth specific facts constituting the alleged relationship with sufficient particularity?" |

| 282 | Babalola v. HSBC Bank, USA, N.A., 324 Ga. App. 750, 755 (2013) | 16 | When a plaintiff, particularly a pro se plaintiff, fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, the proper remedy is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements. West's Ga.Code Ann. S 9-11-9(b). | Where a plaintiff (particularly a pro se plaintiff) fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, "the proper remedy is a more definite statement, not a dismissal of the complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to conform to the statutory requirements." | "When a pro se plaintiff fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, is the proper remedy a more definite statement?" |
| 283 | Clift v. Com., 105 S.W.3d 467, 472 (Ky. Ct. App. 2003) | 5 | In general, a party who moves for a mistrial may not thereafter invoke the bar of double jeopardy to prevent retrial; when the party who moved for a mistrial below seeks to prevent her retrial upon double jeopardy grounds, she must show that the conduct giving rise to the order of mistrial was precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court. U.S.C.A. Const.Amend. 5; Const. S 13. | In general, a party who moves for a mistrial may not thereafter invoke the bar of double jeopardy to prevent retrial. 20 Thus, when the party who moved for a mistrial below seeks to prevent her retrial upon double jeopardy grounds, she must show that the conduct giving rise to the order of mistrial was precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court. | "When the party who moved for a mistrial below seeks to prevent her retrial upon double jeopardy grounds, should she show that the conduct giving rise to the order of mistrial was precipitated by bad faith?" |
| 284 | State v. Denis, 692 So. 2d 1055, 1055 (La. 1997) | 1 | Principles of res judicata or double jeopardy do not preclude state in a single prosecution from adjudicating defendant a third offender and then adjudicating him a fourth offender in subsequent proceeding on basis of conviction and documentary evidence not used previously to determine his multiple offender status, as long as punishment imposed on defendant does not exceed what legislature has prescribed, and in the absence of any evidence that state sought separate hearings to oppress or harass defendant. U.S.C.A. Const.Amend. 5; LSA-R.S. 15:529.1. | As long as the punishment imposed on the defendant does not exceed what the legislature has prescribed, and in the absence of any evidence that the state sought separate hearings to oppress or harass the defendant, principles of res judicata or double jeopardy do not preclude the state in a single prosecution from adjudicating the defendant a third offender and then adjudicating him a fourth offender in a subsequent proceeding on the basis of a conviction and documentary evidence not used previously to determine his multiple offender status. | What do principles of res judicata or double jeopardy not preclude? |

| 287 | Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56, 91 (Tex. App. 2004) | 40 | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make; the purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make. The purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make and the purpose to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission?" |
| --- | --- | --- | --- | --- | --- |
| 288 | Kaiser v. Umialik Ins., 108 P.3d 876, 879 (Alaska 2005) | 2 | When materials outside pleadings are submitted with regard to motion to dismiss, and superior court neither explicitly excludes materials or converts motion into one for summary judgment, but instead decides the motion without stating whether it is considering outside materials, the Supreme Court has three options: it may reverse and remand for proper consideration, or it may review superior court's decision as if motion for dismissal had been granted after exclusion of outside materials, or as if summary judgment had been granted after conversion of motion to dismiss into one for summary judgment. Rules Civ.Proc., Rule 12(b)(6). | When materials outside the pleadings are submitted with regard to a motion to dismiss, the superior court must either explicitly exclude the materials or convert the motion into one for summary judgment under Alaska Rule of Civil Procedure 56. 2 When the superior court does neither, but instead decides the motion under Rule 12(b)(6) without stating whether it is considering the outside materials or not, this court has three options: "[W] e may reverse and remand for proper consideration, or we may review the superior court's decision as if the motion for dismissal had been granted after exclusion of outside materials, or as if summary judgment had been granted after conversion of the motion to dismiss into one for summary judgment." | When can the superior court either exclude the evidence or convert the motion into one for summary judgment? |
| 291 | Bank of Am., N.A. v. Wells Fargo Bank, N.A., 126 Wash. App. 710, 714-15 (2005) | 4 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property: Mortgages S 7.6 comment. | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. | "As an equitable remedy, is subrogation designed to avoid one person receiving an unearned windfall, i.e. intervening lienholders through an advancement in priority, at the expense of another, for example the new mortgagee who paid the prior debt?" |

| 292 | Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394, 401 (1942) | 2 | "Subrogation" is generally classified as being either legal or conventional, "legal subrogation" arising by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid, and "conventional subrogation" arising where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | Subrogation has been generally classified as being either legal or conventional. Legal subrogation arises by operation of law where one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Conventional subrogation, on the other hand, arises where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lienee. | How is subrogation classified? |
| --- | --- | --- | --- | --- | --- |
| 293 | Bergen Cty. v. Dep't of Pub. Utilities, 117 N.J. Super. 304, 312 (App. Div. 1971) | 11 | The statutes governing public utilities reflect legislative recognition that public interest in proper regulation of public utilities transcends municipal or county lines, and that centralized control must be entrusted to an agency whose continually developing expertise will assure uniformly safe, proper and adequate service by utilities throughout the State. N.J.S.A. 48:2-1, 48:13A-4. | Title 48 reflects a legislative recognition that 'public interest in proper regulation of public utilities transcends municipal or county lines, and that a centralized control must be entrusted to an agency whose continually developing expertise will assure uniformly safe, proper and adequate service by utilities throughout the State.' | Does public interest in proper regulation of public utilities transcend municipal or county lines entrusting an agency to assure adequate utility services? |
| 294 | C. Green Scaping v. Westfield Ins. Co., 248 S.W.3d 779, 790 (Tex. App. 2008) | 17 | The doctrine of subrogation is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | However, the doctrine is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of subrogation broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter?" |
| 295 | Bank of Am., N.A. v. Wells Fargo Bank, N.A., 126 Wash. App. 710, 714-15 (2005) | 4 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property: Mortgages S 7.6 comment. | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. | "As an equitable remedy, is subrogation designed to avoid one person receiving an unearned windfall, i.e. intervening lienholders through an advancement in priority, at the expense of another or the new mortgagee who paid the prior debt?" |

| 297 | Doe I v. State of Israel, 400 F. Supp. 2d 86, 113 (D.D.C. 2005) | 53 | The act of state doctrine, which is a close cousin of the political question doctrine, prevents a court from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory. | A close cousin of the political question doctrine, the act of state doctrine prevents a court from deciding a case "when the outcome turns upon the legality or illegality ... of official action by a foreign sovereign performed within its own territory." | Does the act of state doctrine prevent a court from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory? |
|---|---|---|---|---|---|
| 299 | Nnaka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17, 31-32 (D.D.C. 2017) | 25 | "Act of state doctrine" is a function of the domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | The act of state doctrine is a function of the "domestic separation of powers, reflecting the strong sense of the Judicial Branch *32 that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." | "Is the act of state doctrine a function of the domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?" |
| 300 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329, 349 (C.D. Cal. 1997) | 25 | Act of state doctrine precludes court of United States from considering plaintiff's claims where either claims or defenses asserted would require court to determine that foreign sovereign's official acts performed in its own territory were invalid. | The act of state doctrine precludes a court of the United States from considering a plaintiff's claims where either the claims or the defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid. | Does the act of state doctrine preclude a court of the United States from considering plaintiff's claims where either claims or defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid? |
| 301 | Bandes v. Harlow & Jones, 826 F. Supp. 700, 705 (S.D.N.Y. 1993) | 2 | Two practical rationales underlie Act of State Doctrine: first, it permits political arms of government, and executive branch in particular, exclusive control over foreign policy; second, when disputed property is located in foreign sovereign, it would likely be futile, to say nothing of arrogant, for United States court to pronounce on self-contained activities of independent state. | Two practical rationales underlie the doctrine. First, it permits the political arms of government, and the executive branch in particular, exclusive control over foreign policy. Allied Bank International v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520 (2d Cir.1985). Second, when the disputed property is located in the foreign sovereign, it would likely be futile, to say nothing of arrogant, for a United States court to pronounce on the self-contained activities of an independent state. | What are the two practical rationales that underlie the Act of State Doctrine? |

| 302 | United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1, 2 (D.D.C. 2013) | 11 | The "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). It applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." | Does the act of state doctrine prevent any court in the United States from declaring that an official act of a foreign sovereign performed within its own territory is invalid? |
| 304 | City of New York v. Consol. Edison Co. of New York, 274 A.D.2d 189, 194, 713 N.Y.S.2d 40, 44 (2000) | 8 | All property is held under the implied obligation that the owner's use of it shall not be injurious to the community, and the Takings Clause did not transform that principle to one that requires compensation whenever the state asserts its power to enforce it. U.S.C.A. Const.Amend. 5. | Long ago it was recognized that 'all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community,' and the Takings Clause did not transform that principle to one that requires compensation whenever the State asserts its power to enforce it." | "Does the Takings Clause transform the principle that, all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community, to one that requires compensation whenever the State asserts its power to enforce it?" |
| 305 | Roe v. Unocal Corp., 70 F. Supp. 2d 1073, 1077 (C.D. Cal. 1999) | 5 | Act of state doctrine may only be invoked to bar adjudication of plaintiff's claims when nature of claims or defenses will require court to declare invalid foreign sovereign's official acts, in other words, when outcome of case turns upon effect of official action by foreign sovereign. | In short, the act of state doctrine may only be invoked to bar adjudication of a plaintiff's claims when the nature of the claims or defenses will require the court to declare invalid a foreign sovereign's official acts, in other words, when "the outcome of the case turns upon [ ] the effect of official action by a foreign sovereign." | Can the act of state doctrine only be invoked to bar adjudication of plaintiff's claims when nature of claims or defenses will require the court to declare invalid foreign sovereign's official acts? |
| 307 | Compania de Gas de Nuevo Laredo, S. A. v. Entex, 686 F.2d 322, 325 (5th Cir. 1982) | 1 | Whether act of state doctrine is applicable is determined by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its laws or regulation was in issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce. | As we noted in Mitsui, application of the doctrine is determined by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its law or regulation was an issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce. | "Is the act of state doctrine applicable by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its laws or regulation was in issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce?" |

| 308 | Commercial Credit Equip. Corp. v. Hatton, 429 F. Supp. 997, 1001 (N.D. Tex. 1977) | 5 | To the extent that a surety feels insecure and believes a debtor is in default, he is always entitled to pay off the indebtedness, be subrogated to the rights of the creditor, and then repossess, taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession. | To the extent that a surety feels insecure and believes a debtor is in default, he is always entitled to pay off the indebtedness, be subrogated to the rights of the creditor, and then repossess taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession. | "Is a surety always entitled to pay off indebtedness, be subrogated to the rights of the creditor, and then repossess, taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession?" |
| 311 | Maryland Cas. Co. v. Messina, 874 P.2d 1058, 1063 (Colo. 1994) | 4 | Workers' Compensation Act establishes administrative process designed to adjudicate promptly narrow issue of law containing limited legal questions, and creates just remedy of compensating workers for employment related injuries. C.R.S. 8-52-102(1)(b). | The Workers' Compensation Act establishes an administrative process designed to adjudicate promptly a narrow issue of law containing limited legal questions, and creates a just remedy of compensating workers for employment related injuries. | "Does the workers compensation act establish an administrative process designed to adjudicate promptly narrow issues of law containing limited legal questions, and creates a just remedy of compensating workers for employment related injuries?" |
| 312 | Wilhite v. Illinois Power Co., 139 F. Supp. 2d 971, 973–74 (C.D. Ill. 2001) | 1 | Illinois' Workers' Compensation Act entitles employees who have been injured in the course of employment to obtain an award of benefits without regard to fault; in exchange for this benefit, the employee accepts the Workers' Compensation Act as his exclusive remedy and forfeits his right to recover tort damages for the same injury. S.H.A. 820 ILCS 305/1 et seq. | Illinois' Workers' Compensation Act entitles employees who have been injured in the course of employment to obtain an award of benefits without regard to *974 fault. In exchange for this benefit, the employee accepts the Workers' Compensation Act as his exclusive remedy and forfeits his right to recover tort damages for the same injury. | "Does the Workers' Compensation Act allows employees who are injured in the course of their employment to obtain benefits, regardless of fault, in exchange for accepting this as their exclusive remedy, thereby forfeiting tort recovery for the injury?" |
| 313 | GMS Mine Repair & Maint. v. Miklos, 798 S.E.2d 833, 833 (W. Va. 2017) | 5 | The civil procedure rules require active judicial management of a case, and mandate that a trial court shall enter a scheduling order establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case. W. Va. R. Civ. P. 16(b). | "Rule 16(b) of the West Virginia Rules of Civil Procedure [1998] requires active judicial management of a case, and mandates that a trial court 'shall ... enter a scheduling order' establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost-effective resolution of the case." | Do the civil procedure rules require active judicial management of a case? |

| 315 | B.J. v. State, 951 So. 2d 100, 100 (Fla. Dist. Ct. App. 2007) | 3 | With regard to the first element of loitering and prowling, the state must prove that a defendant loitered and prowled, which means that he engaged in incipient criminal behavior in which law abiding people do not usually engage given the time, place, or manner of the conduct involved; the gist of the first element is aberrant and suspicious criminal conduct that comes close to, but falls short of, actual commission or attempted commission of a substantive crime. West's F.S.A. S 856.021(1). | With regard to the first element, the state must prove that the defendant *103 loitered and prowled, which means that he "engaged in incipient criminal behavior which law abiding people do not usually engage in" given "the time, place, or manner of the conduct involved." E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). The gist of the first element "is aberrant and suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime." | Is engagement in suspicious criminal conduct an element of the offense of loitering? |
| 316 | United States v. Bryant, 885 F. Supp. 2d 749, 757 (D.N.J. 2012) | 3 | An honest services fraud prosecution for bribery requires Government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | An honest services fraud prosecution for bribery after Skilling thus requires the Government to prove: (1) that "the payor provided a benefit to a public official intending that he w[ould] thereby take favorable official acts that he would not otherwise take," and (2) that "the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. | Does honest services fraud prosecution for bribery requires the Government to prove that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take? |
| 318 | Lakewood Tr. Co. of Lakewood v. Fid. & Deposit Co. of Md., 81 N.J. Super. 329, 338 (1963) | 2 | Intention and rationale of discovery rule is to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify issues, obviate lengthy and haphazard examination and cross-examination, and shorten trials and thus achieve substantial justice. R.R. 4:24-1. | The intention and rationale is to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify the issues, obviate lengthy and haphazard examination and cross-examination, and shorten trials and thus achieve substantial justice. | "Is the intention and rationale of the discovery rule to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify issues?" |
| 319 | Univ. of Texas Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100–01 (Tex. 2006) | 7 | The civil procedure rule governing nonsuits permits the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Rule 162 permits the trial court to hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power. | "Does the rule governing dismissals and non-suits permit the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power?" |

| 320 | Calvert v. Berg, 177 Wash. App. 466, 473 (2013) | 4 | Although a voluntary dismissal generally deprives a court of authority to decide a case on the merits, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees, which is collateral to the underlying proceeding. CR 41(a)(1)(B). | Although a voluntary dismissal under CR 41(a)(1) (B) generally deprives a court of authority to decide a case on the merits, "the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees," which is collateral to the underlying proceeding. | "Although a voluntary dismissal generally deprives a court of authority to decide a case on the merits, does the court retain jurisdiction for the limited purpose of considering a defendant's motion for fees, which is collateral to the underlying proceeding?" |
| 321 | Credit Car Ctr. v. Chambers, 969 S.W.2d 459, 462 (Tex. App. 1998) | 5 | Party seeking to withdraw deemed admissions establishes "good cause" by showing that its failure to file was not intentional or in conscious disregard of its obligation to answer the requests, and even a slight excuse for failure to answer will suffice. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | A party seeking to withdraw deemed admissions establishes "good cause" by showing that its failure to file was not intentional or in conscious disregard of its obligation to answer the requests; thus, even a slight excuse for failure to answer will suffice. | "Does the party seeking to withdraw deemed admissions establish good cause by showing that its failure to file was not intentional or in conscious disregard of its obligation to answer the requests, and even a slight excuse for failure to answer will suffice?" |
| 325 | Shields v. Crump, 499 So. 2d 479, 479 (La. Ct. App. 1986) | 1 | Trial court's discretion should usually be exercised in favor of granting continuance to plaintiff who is no longer represented by counsel, so as to afford plaintiff additional opportunity to obtain counsel and to have day in court, even though plaintiff has not been diligent in obtaining new counsel. | We read these Supreme Court decisions to strongly indicate that a trial court's discretion should usually be exercised in favor of granting a continuance to a plaintiff who is no longer represented by counsel so as to afford the plaintiff an additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel. | "Should a trial court's discretion usually be exercised in favor of granting continuance to a plaintiff who is no longer represented by counsel, so as to afford the plaintiff an additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel?" |
| 326 | Colonial Pipeline Co. v. Westlake Club, 112 Ga. App. 412, 412 (1965) | 3 | No abuse of discretion in denying continuance is shown where it does not appear that movant invoked explicit remedy to which he was entitled, to wit, postponement of trial to another day in same term or until other panels could be drawn from which to select jury. | No abuse of discretion is shown where it does not appear that movant invoked the explicit remedy to which he was entitled, to wit, a postponement of the trial to another day in the same term or until other panels could be drawn from which to select a jury. | "Is no abuse of discretion in denying continuance shown where it does not appear that a movant invoked an explicit remedy to which he was entitled, to wit, postponement of trial to another day in same term or until other panels could be drawn from which to select a jury?" |

| | | | | | |
|---|---|---|---|---|---|
| 330 | Houston v. Houston, 64 Mass. App. Ct. 529, 533 (2005) | 1 | A judge may usually ameliorate the effect of the rule governing admissions when the presentation of the merits of the action will be advanced, and the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Rules Civ.Proc., Rule 36(b), 43A M.G.L.A. | In the usual case, a judge "may ameliorate the effect of the rule when: (1) the presentation of the **301 merits of the action will be advanced, and (2) the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." | "Can a judge usually ameliorate the effect of the rule governing admissions when the presentation of the merits of the action will be advanced, and when the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits?" |
| 331 | Chen v. Guo Liang Lu, 144 A.D.3d 735, 736, 41 N.Y.S.3d 517, 519 (2016) | 2 | When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant. McKinney's CPLR 3211(a)(8). | "When opposing a motion to dismiss a complaint pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead 'need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant' " | "When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, need plaintiffs make a prima facie showing of jurisdiction?" |
| 332 | Mayfield v. de Benavides, 693 S.W.2d 500, 506 (Tex. App. 1985) | 15 | When trespass is done in bad faith, measure of damages is value of things mined at time of severance without making deduction for cost of labor and other expenses incurred in committing wrongful act or for any value trespasser may have added to minerals by his labor. | When the trespass is done in bad faith, the measure of damages is "the value of the things mined at the time of severance without making deduction for the cost of labor and other expenses incurred in committing the wrongful act ... or for any value he may have added to the mineral by his labor." Cage Brothers v. | Is the measure of damages for bad faith trespass the value of the things mined at the time of severance without making deduction for the cost of labour and other expenses in curred in committing the wrongful act? |
| 334 | Verploegh v. Gagliano, 396 Ill. App. 3d 1041, 1045, 922 N.E.2d 428, 431–32 (2009) | 7 | Courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence in obtaining service of process, including but not limited to: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and (6) actual service on the defendant. Sup.Ct.Rules, Rule 103(b). | Courts consider a number of factors ***309 **432 when determining whether to grant a Rule 103(b) motion, including but not limited to: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and (6) actual service on the defendant. | Should courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence? |

| | | | | | |
|---|---|---|---|---|---|
| 336 | Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541, 545 (Miss. 2005) | 1 | Ordinarily, under the civil procedure rule regarding service of process, if 120 days has expired after the filing of the complaint, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal, and the plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. Rules Civ.Proc., Rule 4(h). | Ordinarily under Rule 4(h), where the 120 days has expired, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal. The plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. 4 | "Under the civil procedure rule regarding service of process, if 120 days have expired after the filing of the complaint, must a plaintiff appear and attempt to show good cause?" |
| 339 | Gohel v. Montgomery Hosp., 698 A.2d 653, 654 (Pa. 1997) | 3 | Trial court may enter judgment of non pros where it finds failure to proceed diligently with reasonable promptitude, lack of compelling reason for delay, and delay has caused some prejudice to adverse party, which will be presumed in cases where delay exceeds two years. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | The Penn Piping test allows a trial court to enter a judgment of non pros where it finds: 1) failure to proceed diligently with reasonable promptitude; 2) a lack of a compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed in cases where the delay exceeds two years. | "Can court enter judgment of non pros where it finds failure to proceed diligently with reasonable promptitude, lack of compelling reason for delay, and delay has caused some prejudice to adverse party?" |
| 341 | Poola v. Howard Univ., 147 A.3d 267, 276 (D.C. 2016) | 5 | To survive a motion to dismiss for failure to state a claim on which relief can be granted, a complaint must plead enough facts to state a claim to relief that is plausible on its face, i.e., factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. D.C. Super. Ct. R. Civ. P. 12(b)(6). | Under that standard, to survive a Super. Ct. Civ. R. 12 (b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, 127 S.Ct. 1955, i.e., "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Comer, 108 A.3d at 371 (internal quotation marks omitted); see also Twombly, 550 U.S. | "To survive a 12(b)(6) motion to dismiss, should a complaint plead enough facts to state a claim to relief that is plausible on its face?" |
| 343 | Nappe v. Town of E. Haven Bd. of Police Comm'rs, No. CV146045937S, 2014 WL 6476599, at *4 (Conn. Super. Ct. Oct. 23, 2014) | 8 | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light ... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader ... | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, should it consider the allegations of the complaint in their most favorable light?" |

| | | | | | |
|---|---|---|---|---|---|
| 345 | Scovill Fasteners, Inc. v. Sure-Snap Corp., 207 Ga. App. 539, 539, 428 S.E.2d 435, 436 (1993) | 4 | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also Behar v. Aero Med Intl., 185 Ga.App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846 [, 366 SE2d 223]. | Can a plaintiff rely on mere allegations in controverting the allegations of the complaint but also submit supporting affidavits or documentary evidence? |
| 346 | Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. 1997) | 5 | Dismissal without prejudice may operate to preclude party from bringing another action for same cause and may be res judicata of what judgment actually decided; appeal from such dismissal can be taken where dismissal has practical effect of terminating litigation in form cast or in plaintiff's chosen forum. | A dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating litigation in the form cast or in the plaintiff's chosen forum. | Can a dismissal without prejudice operate to preclude a party from bringing another action for the same cause and can be res judicata of what the judgment actually decided? |
| 347 | Builders Apartment Corp. Condo. v. Gingold, 37 A.D.3d 635, 635–36, 831 N.Y.S.2d 448, 449 (2007) | 1 | Case stricken from the trial calendar and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | A case stricken from the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in *636 seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendant | Can a case stricken from the trial calendar and subsequently dismissed after one year be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action? |
| 348 | People v. Smith, 128 Misc. 2d 733 | 2 | Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the Legislature, the Supreme Court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of the constitutional requirement that all penalties shall be proportioned to the nature of the offense. S.H.A.Const. art. 2, S 11. | Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 11 of article II of the Illinois constitution, S.H.A. which requires that all penalties shall be proportioned to the nature of the offense. | Can a sentence be disturbed on the basis that it is excessive if it is within the limitations prescribed by the legislature but also deemed to be greatly at variance with the purpose and spirit of the law? |

| | | | | | |
|---|---|---|---|---|---|
| 352 | Williams v. D'Angelo, 24 A.D.3d 538, 539, 806 N.Y.S.2d 238, 239 (2005) | 2 | A case marked off the trial calendar and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, and a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant | Can a case marked off the trial calendar and subsequently dismissed after one year be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action? |
| 354 | Levine v. Agus, 28 A.D.3d 719, 720, 814 N.Y.S.2d 215, 216 (2006) | 1 | Case marked off trial calendar and subsequently dismissed after one year may be restored to trial calendar provided that plaintiff demonstrates meritorious cause of action, reasonable excuse for delay in prosecuting action, lack of intent to abandon action, and lack of prejudice to defendant. McKinney's CPLR 3404. | "A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant" | Can a case marked off the trial calendar and subsequently dismissed after one year be restored to trial calendar provided that the plaintiff demonstrate a meritorious cause of action? |
| 356 | Stanley v. Superior Court, 206 Cal. App. 4th 265, 278–79 (2012) | 1 | The policies and protections underlying or afforded by double jeopardy principles include: (1) protecting the defendant from being subjected to the embarrassment, expense, ordeal, and anxiety of repeated trials, (2) preserving the finality of judgments, (3) precluding the government from retrying the defendant armed with new evidence and knowledge of defense tactics, (4) recognizing the defendant's right to have trial completed by a particular tribunal, and (5) precluding multiple punishment for the same offense. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, § 15. | The policies and protections underlying or afforded by double jeopardy principles include: "(1) protecting the defendant from being subjected to the embarrassment, expense, ordeal, and anxiety of repeated trials, (2) preserving the finality of judgments, (3) precluding the government from retrying the *279 defendant armed with new evidence and knowledge of defense tactics, (4) recognizing the defendant's right to have trial completed by a particular tribunal, and (5) precluding multiple punishment for the same offense. | What are the policies and protections afforded by double jeopardy principles? |
| 357 | Taylorsville City v. Adkins, 145 P.3d 1161, 1164 (Utah 2006) | 8 | Acquittals, unlike convictions, terminate the initial jeopardy, whether they are express or implied by a conviction on a lesser included offense; thus, whether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Acquittals, unlike convictions, terminate the initial jeopardy. This is so whether they are 'express or implied by a conviction on a lesser included offense.' " Id. (citation omitted). "Thus, whether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." | "Whether the trial is to a jury or to the bench, does subjecting the defendant to post acquittal fact-finding proceedings going to guilt or innocence violate the Double Jeopardy Clause?" |

| 358 | Pierson v. State, 398 S.W.3d 406, 412 (Tex. App. 2013) | 5 | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates manifest necessity. U.S.C.A. Const.Amend. 5. | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be "automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." Under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates "manifest necessity." | "Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, is the same true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached?" |
| 360 | K.L.N. Constr. Co. v. Town of Pelham, 107 A.3d 658, 661 (N.H. 2014) | 2 | When a motion to dismiss does not challenge the sufficiency of the petitioners' legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based on the facts, whether the petitioners have sufficiently demonstrated their right to claim relief; a jurisdictional challenge based upon lack of standing is such a defense. | "When the motion to dismiss does not challenge the sufficiency of the petitioners' legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based on the facts, whether the petitioners have sufficiently demonstrated their right to claim relief." Id. (quotation and brackets omitted). "A jurisdictional challenge based upon lack of standing is such a defense." Id. | Is a jurisdictional challenge based upon lack of standing a defense that requires a trial court to look beyond the plaintiff's unsubstantiated allegations? |
| 361 | New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp., 98 A.D.3d 1096, 1098–99, 951 N.Y.S.2d 546, 549–50 (2012) | 5 | In order to preserve the national uniformity of the Immigration Reform and Control Act's (IRCA's) verification system and the sanctions imposed for violations, Congress expressly provided that IRCA preempts any State or local law imposing civil or criminal sanctions, other than through licensing and similar laws, upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens; IRCA is silent, however, as to its preemptive effect on any other state or local laws. Immigration Reform and Control Act of 1986, S 101(a)(1), 8 U.S.C.A. S 1324a(h)(2). | "In order to preserve the national uniformity of this verification system and the sanctions imposed for violations, Congress *1099 expressly provided that IRCA would 'preempt any State or local law imposing civil or criminal sanctions (other than through licensing and similar laws) upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens' " (Balbuena v. IDR Realty LLC, 6 N.Y.3d at 354, 812 N.Y.S.2d 416, 845 N.E.2d 1246, quoting 8 USC § 1324a[h][2]; see **550 Madeira v. Affordable Hous. Found., Inc., 469 F.3d at 231–232). "The statute is silent, however, as to its preemptive effect on any other state or local laws" (Madeira v. Affordable Hous. Found., Inc., 469 F.3d at 232). | Does the IRCA preempt any State or local law imposing civil or criminal sanctions upon those who employ unauthorized aliens? |

| 362 | Baer v. New Hampshire Dep't of Educ., 160 N.H. 727, 729 (2010) | 2 | When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | "[W]hen the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." | "When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, must a court look beyond a plaintiffs unsubstantiated allegations?" |
| --- | --- | --- | --- | --- | --- |
| 365 | Harper v. Patterson, 270 Ga. App. 437, 441 (2004) | 16 | If the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice | If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference and will it control the subsequent course of action, unless modified at the trial to prevent manifest injustice?" |
| 366 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717, 725 (D. Md. 2014) | 9 | The act of state doctrine is a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | The doctrine is "a consequence of domestic separation of powers, reflecting 'the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder' the conduct of foreign affairs". | "Is the act of state doctrine a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?  " |
| 368 | Guilford Cty. ex rel. Holt v. Puckett, 191 N.C. App. 693, 696 (2008) | 3 | The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. | "The doctrine [of subrogation] is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential and perfect justice between all the parties without regard to form, and its object is the prevention of injustice." | "Was the doctrine of subrogation adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice?" |

| 369 | W. States Petroleum Ass'n v. E.P.A., 87 F.3d 280, 284–85 (9th Cir. 1996) | 4 | While Environmental Protection Agency (EPA) may have power to adjust its policies and rulings in light of experience and to announce new principles in adjudicatory proceeding, it may not depart, sub silentio, from its usual rules of decision to reach different, unexplained result in single case; to the contrary, EPA must clearly set forth ground for its departure from prior norms so that Court of Appeals may understand basis of EPA's action and judge consistency of that action with EPA's mandate. | The EPA may have the power to adjust its policies and rulings in light of experience and to announce new principles in an adjudicatory proceeding. California Trucking Ass'n v. ICC, 900 F.2d 208, 212 (9th Cir.1990). However, the EPA "may not depart, sub silentio, from its usual rules of decision to reach a different, unexplained result in a single case." Id. (citations omitted). To the contrary, the EPA must clearly set forth the ground for its departure from prior norms so that we may understand the basis of the EPA's action and judge the consistency of that action with the EPA's mandate. | "Should an agency, such as the Environmental Protection Agency (EPA), explain the reasons for its departure from its usual set of rules to reach a different result in a case?" |
| 370 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 16 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is a trial court's ruling on a motion in limine a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling? |
| 371 | Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938, 954 (5th Cir. 2011) | 18 | For act of state, as opposed to sovereign immunity, purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit; the burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | "For act of state (as opposed to sovereign immunity) purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit." Callejo, 764 F.2d at 1115, 1116 (emphasis added). The burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | "For act of state purposes, are the relevant acts merely those of the named defendants, or are those any governmental acts whose validity would be called into question by adjudication of the suit?" |

| | | | | |
|---|---|---|---|---|
| 372 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238 (D.D.C. 2017) | 17 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.' " Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (quoting W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp. 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." | Is an act of state doctrine applicable when the relief sought or the defense interposed would require an American court to declare invalid the official act of a foreign sovereign performed within its boundaries? |
| 376 | Riverside Methodist Hosp. Ass'n of Ohio v. Guthrie, 3 Ohio App. 3d 308, 310 (1982) | 4 | Motion in limine may be used as equivalent of motion to suppress evidence, which is either not competent or improper because of some unusual circumstances, and as means of raising objection to area of inquiry to prevent prejudicial questions and statements until admissibility of questionable evidence can be determined during course of trial. | A motion in limine may be used in two different ways: (1) as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance; and (2) as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. | Is a motion in limine a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? |
| 377 | Callejo v. Bancomer, S.A., 764 F.2d 1101, 1113 (5th Cir. 1985) | 11 | Under act of state doctrine, even if defendant is private party, not instrumentality of foreign state, and even if suit is not based specifically on sovereign act, United States will decline to decide merits of case if in doing so it would need to judge validity of public acts of sovereign state performed within its own territory. | In the act of state context, even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act, we nevertheless decline to decide the merits of the case if in doing so we would need to judge the validity of the public acts of a sovereign state performed within its own territory. | Under the act of state doctrine will the United States decline to decide the merits of case if in doing so it would need to judge the validity of public acts of a sovereign state performed within its own territory? |
| 378 | Galu v. Swissair: Swiss Air Transp. Co., 873 F.2d 650, 653 (2d Cir. 1989) | 1 | The act of state doctrine precludes courts of this country from inquiring into the validity of public acts a recognized foreign power commits within its own territory, and the doctrine applies when the challenged conduct is the public act of those with authority to exercise sovereign powers of the foreign state. | The act of state doctrine precludes the courts of this country "from inquiring into the validity of the public acts a recognized foreign power committed within its own territory." The doctrine applies when the challenged conduct "was the public act of those with authority to exercise the sovereign powers" of the foreign state. | Does the act of state doctrine preclude US courts from inquiring into the validity of public acts a recognized foreign power commits within its own territory and apply when the challenged conduct is the public act of those with authority to exercise sovereign powers of the foreign state? |

| 379 | Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1534 (D.C. Cir. 1984) | 38 | When act of state doctrine is raised as defense in connection with motion to dismiss, court must be satisfied that there is no set of facts favorable to plaintiffs and suggested by complaint which would fail to establish occurrence of act of state; to extent crucial facts pertaining to defense are disputed, or not fully developed in a complete record, reviewing court must be certain that it does not lead to conclusions that are reviewable under unelaborated pleadings which could be refuted through ordinary process of discovery and fact-finding in district court. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | When the defense is raised in connection with a motion to dismiss under Rule 12(b)(6), the court must be satisfied that there is no set of facts favorable to the plaintiffs and suggested by the complaint which could fail to establish the occurrence of an act of state. To the extent crucial facts pertaining to the defense are disputed, or not fully developed in a complete record, the reviewing court must be certain that it does not leap to conclusions arguable under the unelaborated pleadings but which could be refuted through the ordinary process of discovery and factfinding in the district court. | "When act of state doctrine is raised as defense in connection with motion to dismiss, must a court be satisfied that there is no set of facts favorable to plaintiffs and suggested by complaint which would fail to establish occurrence of act of state?" |
| 380 | Bandes v. Harlow & Jones, 570 F. Supp. 955, 960 (S.D.N.Y. 1983) | 1 | Act of state doctrine recognizes first, that to extent United States has interest in internal affairs of foreign sovereign, that interest is best represented by executive branch, and second, that, in any event, United States courts are without power to enforce their decrees as they apply to property held extraterritorially without consent of foreign sovereign. | So stated, the doctrine recognizes first, that to the extent that the United States has an interest in the internal affairs of a foreign sovereign, that interest is best represented by the executive branch, and second, that, in any event, the United States courts are without power to enforce their decrees as they apply to property held extra-territorially without the consent of the foreign sovereign. | Does the act of state doctrine recognize that interest is best represented by the executive branch and United States courts are without power to enforce their decrees? |
| 381 | Huckaby v. Cheatham, 272 Ga. App. 746, 753 (2005) | 10 | A party whose motion in limine was erroneously denied may decide to introduce the information in an attempt explain it to the jury without being found to have later opened the door to introduction of evidence on that topic. | A party whose motion in limine was erroneously denied may decide to introduce the information in an attempt to explain it to the jury without being found to have later "opened the door" to introduction of evidence on that topic. | Can a party whose motion in limine was erroneously denied decide to introduce the information in an attempt to explain it to the jury without being found to have later opened the door to introduction of evidence on that topic? |
| 382 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 15 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain prejudicial evidentiary issues the court may be asked to rule upon?" |

| 384 | Bell v. Treasurer of Cambridge, 310 Mass. 484, 488 (Mass. 1941) | 7 | Events happening since the filing of a bill in equity and which have properly come to attention of court may be considered in drafting a final decree in order that relief granted may be adequate in view of situation then existing. | Events happening since the filing of a bill in equity and which have properly come to the attention of the court may be considered in drafting a final decree in order that the relief granted may be adequate in view of the situation then existing. | Do events happening since the filing of a bill in equity considered in drafting a final decree by a court in order that relief granted may be adequate in view of the situation then existing? |
|---|---|---|---|---|---|
| 388 | State v. Jason H., 215 W. Va. 439, 440 (2004) | 2 | Relation of partnership is fiduciary in character and imposes on members of the firm obligation of utmost good faith in their dealings with one another with respect to partnership affairs, of acting for common benefit of all partners in all transactions relating to firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat or adverse pressure of any kind. | "The relation of partnership is fiduciary in character, and imposes on the members of the firm the obligation of the utmost good faith in their dealings with one another with respect to partnership affairs, of acting for the common benefit of all the partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind." | "Does a partner have the duty to ensure that he obtains no advantage in partnership affairs by misrepresentation, concealment, threat or adverse pressure?" |
| 389 | Diocese of W. N. C. of Protestant Episcopal Church v. Sale, 254 N.C. 218, 220 (1961) | 1 | Statute giving superior court judges, in their discretion, power to order parties to produce for inspection and copying, documents relating to merits of pending action is remedial and should be liberally construed. G.S. S 8-89. | s 8-89 which gives superior court judges, in their discretion, the power to order parties to produce for inspection and copying, books, records and documents relating to the merits of an action pending in the superior court. The section is remedial and should **401 be liberally construed. | "Is the statute giving superior court judges, in their discretion, power to order parties to produce for inspection and copying, documents relating to the merits of pending action remedial and should be liberally construed?" |
| 392 | W. Grp. Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1358 (11th Cir. 1999) | 6 | When a plaintiff takes a voluntary dismissal under Florida law, the effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction; however, a court may retain jurisdiction to decide matters collateral to a case, such as attorney fees. | When a plaintiff takes a voluntary dismissal, "[t]he effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction.' " Randle, 360 So.2d at 69. See also Miller v. Fortune Ins. Co., 484 So.2d 1221, 1223 (Fla.1986). However, a court may retain jurisdiction to decide matters collateral to a case, such as attorney's fees. | "When a plaintiff takes a voluntary dismissal, is the effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction?" |
| 393 | Tucker v. McQuery, 107 Ohio Misc. 2d 31, 34 (1999) | 7 | In exercising this discretion whether to allow a party to amend answers deemed admitted, court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial. Rules Civ.Proc., Rule 36(B). | "In exercising this discretion [i.e., allowing amendment to answers deemed admitted] the court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial." | "In exercising this discretion whether to allow a party to amend answers deemed admitted, must a court balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial?" |

| 395 | Hoehn v. Hoehn, 716 N.E.2d 479, 485-86 (Ind. Ct. App. 1999) | 11 | A trial court is not compelled to find good cause for a continuance based upon a bare allegation that the moving party is out-of-state, nor is it compelled to find good cause based upon an asserted inability to procure local counsel unless the moving party has acted with diligence in seeking counsel. | A trial court is not compelled to find good *486 cause based upon a bare allegation that the moving party is out-of-state, see Multivest Properties v. Hughes, 671 N.E.2d 199, 201 (Ind.Ct.App.1996) nor is it compelled to find good cause based upon an asserted inability to procure local counsel unless the moving party has acted with diligence in seeking counsel. | Is a trial court compelled to find good cause based upon an asserted inability to procure local counsel unless the moving party has acted with diligence in seeking counsel? |
| 396 | Ramirez v. Noble Energy, 521 S.W.3d 851, 857 (Tex. App. 2017) | 9 | Using deemed admissions as the basis for summary judgment does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden. Tex. R. Civ. P. 198.3. | "Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden." I | "Does using deemed admissions as the basis for summary judgment not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction?" |
| 397 | Ex parte Gudel AG, 183 So. 3d 147, 148 (Ala. 2015) | 19 | Although the standard for permitting jurisdictional discovery is quite low, the plaintiff requesting jurisdictional discovery must offer the court more than conjecture and surmise in support of the jurisdictional theory; a request for discovery that is predicated upon bare, attenuated, or unsupported assertions of personal jurisdiction is due to be denied. | As Bufkin notes, however, although the standard for permitting jurisdictional discovery is "quite low," the plaintiff requesting jurisdictional discovery " 'must offer the court "more than conjecture and surmise in support of [the] jurisdictional theory," ' " and a request for discovery that is predicated " ' "upon 'bare,' 'attenuated,' or 'unsupported' assertions of personal jurisdiction" ' " is due to be denied. | "Although the standard for permitting jurisdictional discovery is quite low, must the plaintiff requesting jurisdictional discovery offer the court more than conjecture and surmise in support of the jurisdictional theory?" |
| 400 | Estate of Despain v. Avante Grp., 900 So. 2d 637, 641 (Fla. App. 2005) | 6 | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | Accordingly, although section 768.72(1) is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. | Do parties have a substantive right not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the punitive damages pleading statute has been made to the trial court? |

| | | | | |
|---|---|---|---|---|
| 401 | Sleezer v. Lang, 170 Neb. 239, 254 (1960) | 21 | Ordinarily if plaintiff wishes to amend his petition by inserting new issue after he has rested, he should do so by asking leave to withdraw his rest for that purpose and, if granted, to introduce his evidence in support thereof and, if defendant makes it clear to court that he is not prepared to meet new issue, he should be granted continuance for that purpose on such terms as court may deem just, but such procedure is not necessary if evidence relied upon is already properly in record. | It is true, as appellant contends, that ordinarily if a plaintiff wishes to amend his petition by inserting a new issue he should do so, after he has rested, by asking leave to withdraw his rest for that purpose and, if granted, to introduce his evidence in support thereof. If such request is granted then the defendant, if he makes it clear to the court that he is not prepared to meet the new issue, should be granted a continuance for that purpose upon such terms as the court may deem just. However, such procedure is not necessary if the evidence relied on by plaintiff is already properly in the record. | "If a plaintiff wishes to amend his petition by inserting a new issue after he has rested, should he do so by asking leave to withdraw his rest for that purpose?" |
| 405 | Rickner v. Golfinopoulos, 271 S.W.3d 32, 34 (Mo.App. W.D., 2008) | 3 | Generally, a nonsuit occurs when a court order terminates a cause of action without prejudice; however a "voluntary dismissal" under civil procedural rule constitutes a nonsuit because it allows a plaintiff to dismiss a civil action without prejudice and "without order of the court" any time prior to the introduction of evidence at trial. V.A.M.R. 67.02. | Generally, a nonsuit occurs when a court order terminates a cause of action without prejudice. However, under Rule 67.02, 2 a "voluntary dismissal" constitutes a nonsuit because it allows a plaintiff to dismiss a civil action without prejudice and "without order of the court " any time prior to the introduction of evidence at trial. | "Does a voluntary dismissal constitute a ""nonsuit"" because it allows a plaintiff to dismiss a civil action without prejudice and without order of the court any time prior to the introduction of evidence at trial?" |
| 407 | Tetreault v. Franchise Tax Bd., 255 Cal. App. 2d 277, 282, 63 Cal. Rptr. 326, 330 (Ct. App. 1967) | 10 | When dealing with proper domestic concerns and not trenching upon prerogatives of national government or violating guaranties of Federal Constitution, states have attributes of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. | When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. | Do states have attributes of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests when dealing with proper domestic concerns? |
| 408 | MAG-T v. Travis Cent. Appraisal Dist., 161 S.W.3d 617, 624 (Tex. App. 2005) | 10 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. V.T.C.A., Government Code § 2001.171. | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review deprive the court of subject matter jurisdiction over claims within an agencys exclusive jurisdiction? |

| | | | | |
|---|---|---|---|---|
| 410 | Williams v. Beemiller, Inc., 100 A.D.3d 143, 153, 952 N.Y.S.2d 333, 340 (2012), opinion amended on reargument, 103 A.D.3d 1191, 962 N.Y.S.2d 834 (2013) | 7 | In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must set forth a sufficient start, and show their position is not frivolous. McKinney's CPLR 3211(a)(8). | "However, in opposing a motion to dismiss pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth[ ] a sufficient start, and show [ ] their position not to be frivolous" | "In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, need plaintiffs not make a prima facie showing of jurisdiction?" |
| 411 | The Florida Bar v. Eubanks, 752 So. 2d 540, 543 (Fla., 1999) | 1 | Court may impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction should be used sparingly and reserved to those instances where the conduct is flagrant, willful, or persistent. West's F.S.A. RCP Rule 1.200(c). | Florida Rule of Civil Procedure 1.200(c) permits the court to impose sanctions for failing to attend a status conference. It is well established that sanctions under this rule can include striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction "should be used 'sparingly and reserved to those instances where the conduct is flagrant, willful or persistent.' " | "Can a court impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party?" |
| 412 | Flagg v. Judd, 198 So. 3d 665, 667 (Fla. App. 2015) | 4 | The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. West's F.S.A. RCP Rule 1.380(b)(2)(C). | The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. | Is it an abuse of the trial court's discretion for failure to obey a court order without making express written findings of fact supporting the conclusion? |
| 415 | Berz v. City of Evanston, 2013 IL App (1st) 123763 | 3 | When reviewing motion for involuntary dismissal based upon certain defects or defenses, Appellate Court must consider whether a genuine issue of material fact exists which precludes dismissal and whether affirmative matter negates plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact. S.H.A. 735 ILCS 5/2-619. | When reviewing a section 2-619 motion to dismiss, we must consider whether a genuine issue of material fact exists which precludes dismissal and whether the affirmative **426 *737 matter negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact. | Should the court consider whether affirmative matter negates plaintiff's cause of action completely or refutes critical conclusions of law or material unsupported fact? |

| 416 | People, Prop. Owners & Citizens of Pleasant Valley Sch. Dist. v. Burney, 151 Pa. Cmwlth. 124, 127 (1992) | 3 | Court may properly enter judgment of non pros when party to proceedings has shown want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for delay which has caused some prejudice to adverse party such as death of or unexplained absence of material witnesses. | A court may properly enter a judgment of non pros when a party to the proceedings has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay which has caused some prejudice to the adverse party such as death of or unexplained absence of material witnesses. | Can court properly enter a judgment for failure to state a cause of action, the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? |
| --- | --- | --- | --- | --- | --- |
| 417 | Everett v. Eastchester Police Dep't, 127 A.D.3d 1131, 1132, 8 N.Y.S.3d 360, 362 (2015) | 1 | Where evidentiary material is submitted and considered on a motion to dismiss a complaint for failure to state a claim, and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" | "On a motion to dismiss a complaint for failure to state a cause of action, does the question become whether the plaintiff has a cause of action?" |
| 419 | Sethness v. Sethness, 62 N.C. App. 676, 679, 303 S.E.2d 424, 427 (1983) | 1 | In ruling on motion to dismiss complaint for failure to state claim upon which relief can be granted, test to be applied by court is whether complaint alleges set of facts which would entitle plaintiff to some relief; allegations contained in complaint are liberally construed and treated as true, but conclusions of law or unwarranted deductions of fact are not admitted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the test to be applied by the court is whether the complaint alleges a set of facts which would entitle the plaintiff to some relief. Carolina Builders Corp. v. AAA Drywall, Inc., 43 N.C.App. 444, 259 S.E.2d 364 (1979); Yates v. City of Raleigh, 46 N.C.App. 221, 264 S.E.2d 798 (1980). For purposes of testing the sufficiency of a complaint to withstand a motion to dismiss under 12(b)(6), the allegations contained therein are liberally construed and treated as true. Shoffner Industries, Inc. v. W.B. Lloyd Construction Co., 42 N.C.App. 259, 257 S.E.2d 50, disc. rev. denied, 298 N.C. 296, 259 S.E.2d 301 (1979). However, " 'conclusions of law or unwarranted deductions of fact are not admitted.' " | "In ruling on a motion to dismiss a complaint for failure to state claim upon which relief can be granted, should courts construe allegations in a plaintiff's favor and accept allegations of fact as true?" |

| 420 | Hawaii Auto. Retail Gasoline Dealers Ass'n v. Brodie, 2 Haw. App. 99, 99 (1981) | 2 | Motion to dismiss for failure to prosecute is matter addressed to court's discretion and is properly granted where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. Rules of Civil Procedure, Rule 41(b). | Hawaii Rules of Civil Procedure (HRCP) Rule 41(b), motion to dismiss for failure to prosecute, is a matter addressed to the court's discretion and is properly granted when there is a clear record of delay or contumacious conduct and where lesser sanctions would not serve the best interests of justice. | Is motion to dismiss for failure to prosecute properly granted where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice? |
| --- | --- | --- | --- | --- | --- |
| 421 | Timmins v. Lindsey, 310 S.W.3d 834, 838 (Tenn.Ct.App., 2009) | 2 | In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true all well-pleaded facts and all reasonable inferences drawn therefrom alleged by the party opposing the motion. | In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true "all well-pleaded facts and all reasonable inferences therefrom" alleged by the party opposing the motion. | "For purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, does the court accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom?" |
| 422 | Tercero v. Roman Catholic Diocese of Norwich, Conn., 127 N.M. 294, 297 (1999) | 2 | When ruling upon a motion to dismiss for lack of personal jurisdiction, the trial court has discretion to permit discovery to help decide the issue or resolve the issue either upon written affidavits or through a pretrial evidentiary hearing. NMRA, Rule 1-012, subd. B(2). | When ruling upon a motion to dismiss under Rule 1-012(B)(2), the trial court has discretion to permit discovery to help decide the issue or resolve the issue either upon written affidavits or through a pretrial evidentiary hearing. | "When ruling upon a motion to dismiss, does a trial court have discretion to permit discovery to help decide an issue or resolve an issue either upon written affidavits or through a pretrial evidentiary hearing?" |
| 423 | Turner v. Turner, 216 A.D.2d 910, 910, 629 N.Y.S.2d 138, 139 (1995) | 1 | If plaintiff fails to take proceedings for entry of judgment within one year after default, complaint will be dismissed as abandoned unless plaintiff can establish that failure to seek default judgment was excusable and cause of action is meritorious. McKinney's CPLR 3215(c). | If a plaintiff "fails to take proceedings for the entry of judgment within one year after [a] default", the complaint will be dismissed as abandoned unless plaintiff can establish that (1) the failure to seek a default judgment within one year after the default is excusable and (2) the cause of action is meritorious | "If a plaintiff fails to take proceedings for entry of judgment within one year after default, will the complaint be dismissed as abandoned unless a plaintiff can establish that failure to seek default judgment was excusable?" |

| 424 | Cottman Transmission Sys. v. Kershner, 536 F. Supp. 2d 543, 545 (E.D. Pa. 2008) | 19 | Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation; to make this determination, courts consider factors, including: (1) timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the trial court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. | [P]rejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation." Id. at 222. To make this determination, courts consider a list of factors, including: 1) "the timeliness or lack thereof of a motion to arbitrate"; 2) "the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims"; 3) "whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings"; 4) "the extent of its non-merits motion practice"; 5) "its assent to the [trial] court's pretrial orders"; and 6) "the extent to which both parties have engaged in discovery. | What are the factors relevant to the prejudice inquiry in arbitration? |
| 425 | United States v. El-Mezain, 664 F.3d 467, 559 (C.A.5 (Tex.), 2011) | 89 | Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, a retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. U.S.C.A. Const.Amend. 5. | Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, a " 'retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. | "Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, is a retrial not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" |
| 426 | Com. v. Cobb, 28 A.3d 930, 933-34 (Pa. 2011) | 3 | The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled; additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and is grounds for barring retrial because it indicates that the court failed to properly consider the defendant's significant interest in whether or not to take the case from the jury. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled. Additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and is grounds for barring retrial because it indicates that the court failed *934 to properly consider the defendant's significant interest in whether or not to take the case from the jury. | Does failure to consider if there are less drastic alternatives to a mistrial create doubt about the propriety of the exercise of the trial judge's discretion? |

| 427 | State v. Vanlue, 216 S.W.3d 729, 733 (Mo. Ct. App. 2007) | 1 | Appellate courts are wary of claims that a trial court erred in failing to sua sponte make objections and rulings in the closing argument of a criminal case; to convict a trial court of an error not put forth by the defendant allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal. | " 'Appellate courts are wary of claims that a trial court erred in failing to ... sua sponte [make objections and rulings] in [closing argument of] a criminal case.' " State v. Taylor, 166 S.W.3d 599, 608 (Mo.App.2005) (quoting State v. Derrick, 965 S.W.2d 418, 419 n. 1 (Mo.App.1998)) (emphasis added). " 'To convict a trial court of an error, not put forth by the defendant ... allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal.' " Taylor, 166 S.W.3d at 608 (quoting State v. Tilley, 104 S.W.3d 814, 819 (Mo.App.2003)). Additionally, "review for plain error of a trial court's failure to sua sponte [take action in closing argument] is extremely limited." State v. Collins, 150 S.W.3d 340, 349 (Mo.App.2004). | Are appellate courts especially wary of a claim that the trial court failed to declare a mistrial sua sponte? |
| 430 | United States v. Biermann, 678 F. Supp. 1437, 1444 (N.D.Cal., 1988) | 3 | As general matter, international law prohibits any country from asserting jurisdiction over foreign vessels on high seas, but general rule does not apply if sufficient nexus indicates that acts aboard foreign vessel are likely to have criminal consequences within United States. | As a general matter, international law prohibits any country from asserting jurisdiction over foreign vessels on the high seas. See United States v. Marino-Garcia, 679 F.2d 1373, 1380 (11th Cir.1982). Defendants concede that this general rule does not apply if a "sufficient nexus" indicates that acts aboard the foreign vessel are likely to have criminal consequences within the United States. | Does international law apply if a sufficient nexus indicates that acts aboard foreign vessel are likely to have criminal consequences within United States? |
| 431 | Sporio v. W.C.A.B. (Songer Const.), 553 Pa. 44, 53 (1998) | 7 | Workers' Compensation Act substitutes a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages, and employers pay benefits at a set rate and are immune from common-law liability. 77 P.S. S 1 et seq. | The Act substitutes a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages. See Hankee v. Wilkes-Barre/ Scranton Int'l Airport, 532 Pa. 494, 500, 616 A.2d 614, 616 (1992)(discussing general scheme of Act). Employers pay benefits at a set rate and they are immune from common-law liability. | Does the Workers' Compensation Act substitute a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common law process where the employee must sue the appropriate parties for damages? |

| 433 | Anderson Contracting v. DSM Copolymers, 776 N.W.2d 846, 854-55 (Iowa 2009) | 9 | While a court should consider all of the relevant evidence admitted at the class certification stage and resolve any factual disputes necessary to determine if the class certification requirements are met, the court should not assess any aspect of the merits unrelated to a class certification requirement and has the discretion to limit discovery and the extent of a hearing to assure that a class certification motion does not become a pretext for a partial trial of the merits. | While a court should consider all of the relevant evidence admitted at the class certification stage and resolve any factual disputes necessary to determine if the class certification requirements are met, the court "should not assess any aspect of the merits unrelated to a [class certification] requirement" and has the discretion to limit discovery and the extent of a hearing "to assure that a class certification motion does not become a pretext for a partial trial of the merits." | Should the court not assess any aspect of the merits unrelated to a class certification requirement and has the discretion to limit discovery? |
| --- | --- | --- | --- | --- | --- |
| 435 | Boss v. Washington State Dep't of Transp., 113 Wash. App. 543, 548 (2002) | 2 | The general rule in both administrative and judicial State Environmental Policy Act (SEPA) appeals is that they must combine review of SEPA issues with the related government action, so as to preclude judicial review of SEPA compliance before an agency has taken final action on a proposal, foreclose multiple lawsuits challenging a single agency action, and deny the existence of "orphan" SEPA claims unrelated to any government action. West's RCWA 43.21C.010 et seq. | The general rule in both administrative and judicial SEPA appeals is that they must combine review of SEPA issues with the related government action.  As Professor Settle makes clear, the purposes of the linkage requirement are to: preclude judicial review of SEPA compliance before an agency has taken final action on a proposal, foreclose multiple lawsuits challenging a single agency action and deny the existence of "orphan" SEPA claims unrelated to any government action. | Should State Environmental Protection Act (SEPA) appeals combine review of SEPA issues with the related governmental action? |
| 436 | Calvert Fire Ins. Co. v. James, 236 S.C. 431, 435 (1960) | 2 | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Is the doctrine of equitable subrogation founded upon principles of natural justice? |

| 439 | Johnson v. W. Suburban Bank, 225 F.3d 366, 371 (3d Cir. 2000) | 6 | Though TILA clearly contemplates class actions, there are no provisions within the law that create a right to bring them, or evince an intent by Congress that claims initiated as class actions be exempt from binding arbitration clauses; rather, the "right" to proceed to a class action, insofar as TILA is concerned, is a procedural one that arises from Federal Rules of Civil Procedure. Truth in Lending Act, SS 102 et seq., 130, as amended, 15 U.S.C.A. SS 1601 et seq., 1640; Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A. | Though the statute clearly contemplates class actions, there are no provisions within the law that create a right to bring them, or evince an intent by Congress that claims initiated as class actions be exempt from binding arbitration clauses. The "right" to proceed to a class action, insofar as the TILA is concerned, is a procedural one that arises from the Federal Rules of Civil Procedure. | Can Truth in Lending Act (TILA) claims initiated as class actions be exempt from binding arbitration? |
| 441 | Heflin v. Merrill, 154 So. 3d 887, 890 (Miss. App. 2013) | 2 | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | When granting a motion in limine, the circuit court must first find the following two factors present: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." | Should a motion in limine be granted only when material or evidence will be inadmissible and statements made during trial concerning material will tend to prejudice a jury? |
| 442 | In re Flamingo 55, 378 B.R. 893, 911 (D. Nev. 2007) | 18 | Under California's decisional law of equitable subrogation, one who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest, (2) subrogee must not have acted as a volunteer, (3) the debt paid must be one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Under California's decisional law of equitable subrogation, One who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites. These are: "(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others." | What certain prerequisites must be satisfied by one who claims to be equitably subrogated to the rights of a secured creditor? |
| 444 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49, 61 (D.D.C. 2013) | 7 | The act of state doctrine is applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | The act of state doctrine "applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries." | Is the act of state doctrine applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? |

| 445 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238 (D.D.C. 2017) | 17 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.' " Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (quoting W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp. 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." | Does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? |
| 446 | Cassirer v. Kingdom of Spain, 580 F.3d 1048, 1059-60 (9th Cir. 2009) | 19 | Doctrine of exhaustion of domestic remedies is a well-established rule of customary international law, under which a state is not required to consider a claim made by a person against a foreign state, and alleging a violation of international law, until that person has exhausted domestic remedies, unless such remedies are clearly sham or inadequate, or their application is unreasonably prolonged. | The doctrine of exhaustion of domestic remedies is a "well-established rule of customary international law." See Sarei, 550 F.3d at 829 (quoting Interhandel Case (Switz. v. U.S.), 1959 I.C.J. 6, 26 (Mar. 29)). This rule generally provides that a state is not required to consider a claim, made by a person against a foreign state, and alleging a violation of international law "until that person has exhausted domestic remedies, unless such remedies are clearly sham or inadequate, or their application is unreasonably prolonged." | "Under the doctrine of exhaustion of domestic remedies, is a state required to consider a claim made by a person against a foreign state that alleges a violation of international law?" |
| 447 | First Nat. City Bank v. Banco Nacional de Cuba, 406 U.S. 759, 763 (1972) | 3 | The act of state doctrine represents an exception to the general rule that a court of the United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing the rules appropriate for decision from among the various sources of law including international law. (Per Mr. Justice Rehnquist with The Chief Justice and another Justice concurring and two Justices concurring in result.) | The act of state doctrine represents an exception to the general rule that a court of the United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing the rules appropriate for decision from among various sources of law including international law. | "Where the act of state doctrine is inapplicable, will a court of United States will decide cases for it by choosing the rules appropriate for decision from among various sources of law including international law?" |

| 449 | Huber v. Rohrig, 280 Neb. 868, 869 (2010) | 30 | Purpose of a motion in limine is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. | A motion in limine's purpose is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. | "Is the purpose of a motion in limine to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself?" |
| --- | --- | --- | --- | --- | --- |
| 452 | Vaughan v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583, 588, 678 S.E.2d 316, 321 (2009) | 4 | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence. | "A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence … in order to prevent the jury from being exposed to inadmissible evidence." | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in order to prevent the jury from being exposed to inadmissible evidence? |
| 453 | Kaplan v. Cent. Bank of Islamic Republic of Iran,  961 F. Supp. 2d 185, 196–97 (D.D.C. 2013) | 10 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when it applies, the doctrine serves as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | "Act of state issues only arise when a court must decide- that is, when the outcome of the case turns upon-the effect of official action by a foreign sovereign." Id. at 406, 110 S.Ct. 701. "When it applies, the doctrine serves as a 'rule of decision for the courts of this country,' which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions." | Does an act of state issues only arise when a court must decide the outcome of the case turns upon-the effect of official action by a foreign sovereign? |
| 454 | Riedel v. Bancam, S.A., 792 F.2d 587, 592 (C.A.6 (Ohio), 1986) | 4 | Under "act of state doctrine," courts exercise jurisdiction but prudentially decline to decide merits of case if in doing so court would need to judge validity of public acts of sovereign state performed within its own territory. | Under the "act of state doctrine," courts exercise jurisdiction but prudentially "decline to decide the merits of the case if in doing so we would need to judge the validity of the public acts of a sovereign state performed within its own territory." | "Under the act of state doctrine, do courts exercise jurisdiction but prudentially decline to decide the merits of a case if in doing so the court would need to judge validity of public acts of a sovereign state performed within its own territory?" |

| 456 | In re Grand Jury Proc. Bank of Nova Scotia, 740 F.2d 817, 831 (11th Cir. 1984) | 10 | Act of state doctrine is not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government. | The doctrine is not required by considerations of sovereignty, international law or the Constitution. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 421–27, 84 S.Ct. 923, 936–40, 11 L.Ed.2d 804 (1964); Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605 (9th Cir.1976).Instead the doctrine "derives from the judiciary's concern for its possible interference with the conduct of foreign affairs by the political branches of the government." | "Is the act of state doctrine not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government?" |
| --- | --- | --- | --- | --- | --- |
| 457 | Bodner v. Paribas, 202 F.R.D. 370, 375 (E.D.N.Y. 2000) | 7 | The French blocking statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court. | As held by numerous courts, the French Blocking Statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court. | "Does the French blocking statute subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court?" |
| 460 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 15 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon, in order to avoid prejudicing the jury?" |
| 461 | Duquesne Light Co. v. Pennsylvania Pub. Util. Comm'n, 164 Pa. Super. 166, 173 (Pa. Sup. 1949) | 2 | A public utility company, in exercise of its managerial functions, may determine, in first instance, type and extent of its service to public within limits of adequacy and reasonableness, but such service must conform with Public Utility Commission's regulations and orders, and company is bound, on commission's order, to make such changes in service or facilities as are deemed necessary in public interest. 66 P.S. S 1171. | A utility company in the exercise of its managerial functions may, in the first instance, determine the type and extent of its service to the public, within the limits of adequacy and reasonableness. Such service however must conform with the regulations and subsequent orders of the Commission, and the utility, on order, is bound to make such changes in its service or facilities as shall be deemed necessary in the public interest. | Can a public utility determine the extent of service to the public within the limits of reasonableness in the exercise of its managerial functions? |

| 462 | Butte Min. PLC v. Smith, 876 F. Supp. 1153, 1168 (Mont. 1995) | 20 | When predicate acts upon which Racketeer Influenced and Corrupt Organizations Act (RICO) claim is bottomed consist merely of use of United States communications systems in furtherance of domestic activities which are preparatory to foreign securities fraud, and court lacks subject matter jurisdiction over underlying securities fraud claims, court also lacks subject matter jurisdiction over RICO claims which are primarily predicated upon securities fraud. 18 U.S.C.A. S 1961 et seq. | In summary, the court holds that when the predicate acts upon which a RICO claim is bottomed, consist merely of the use of United States communications systems in furtherance of domestic activities which are preparatory to a foreign securities fraud, and the court lacks subject matter jurisdiction over the underlying securities fraud claims, the court also lacks subject matter jurisdiction over the RICO claims which are primarily predicated upon the securities fraud. | When does a court lack subject matter jurisdiction over RICO claims which are primarily predicated upon securities fraud? |
| --- | --- | --- | --- | --- | --- |
| 463 | Strawberry Elec. Serv. Dist. v. Spanish Fork City, 918 P.2d 870, 877-878 (Utah, 1996) | 13 | For purposes of constitutional takings analysis, to create protectable property interest, contract must establish rights more substantial than unilateral expectation of continued privileges; absent exclusive franchise or equivalent thereof, no vested, legally enforceable interest arises and, consequently, there is no property that can provide basis for compensation in inverse condemnation proceeding. Const. Art. 1, S 22. | However, to create a protectable property interest, a contract must establish rights more substantial than a unilateral expectation of continued privileges. "Absent an exclusive franchise or the equivalent thereof, no vested, legally enforceable interest arises, and consequently, there is no property that can provide the basis for compensation in an inverse condemnation proceeding." | When an exclusive franchise or the equivalent is absent can there be property that can provide the basis for compensation in an inverse condemnation proceeding? |
| 466 | Black v. Don Schmid Motor, 232 Kan. 458, 468 (1983) | 14 | Purpose of pretrial order is to define and clarify the issues and, when entered pursuant to statute, the order has full force and effect of other orders of the court and controls the subsequent course of the trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | This court has often held that the purpose of the pretrial order is to define and clarify the issues, and when entered pursuant to K.S.A. 60-216, has the full force and effect of other orders of the court and controls the subsequent course of trial unless modified to prevent manifest injustice. | "When pretrial order is entered by trial court pursuant to rule, does it have the full force and effect of other orders of the court and controls subsequent course of trial unless modified to prevent manifest injustice?" |
| 469 | In re Liebl's Estate, 201 Misc. 1102, 1106 (N.Y. Sur. Ct. 1951) | 8 | Necessary intercourse between subjects of independent governments gives rise to sort of compact that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | As was said in King v. Sarria, 69 N.Y. 24, 31: 'It is the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | " it the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions?" |

| 470 | Pirito v. Penn Eng'g World Holdings, 833 F. Supp. 2d 455, 475 (E.D.Pa., 2011) | 16 | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; rather, comity is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | comity: 'Comity,' in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "If comity is not an absolute obligation or a matter of mere courtesy and good will, what is it?" |
| 471 | Austin v. Austin, 12 N.C. App. 286, 297 (1971) | 14 | Attorneys, under guise of having business requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time. | Attorneys, under the guise of having business requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time. | "Ought attorneys, under the guise of having business requiring their presence elsewhere, be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time?" |
| 472 | Connor v. Scroggs, 821 So. 2d 542, 553 (La. 2002) | 28 | Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney; however, because defendant's desire to have case against him tried is also a factor, plaintiff is not entitled to indefinite continuances simply because he is unable to secure counsel. LSA-C.C.P. art. 1601. | Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. Sands v. State Through La. State Med. [Center] School of Dentistry, 458 So.2d 960 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1044 ([La.]1984). However, because the defendant's desire to have the case against him tried is also a factor, the plaintiff is not entitled to indefinite continuances simply because he is unable to secure counsel. | "Because defendant's desire to have case against him tried is also a factor, is plaintiff entitled to indefinite continuances simply because he is unable to secure counsel?" |
| 473 | Thomsen v. Farmers Mut. United Ins. Co., Inc., 485 N.W.2d 179, 179, 240 Neb. 886, 886 (Neb.,1992) | 1 | Request for admission made pursuant to rules of discovery is deemed to have been admitted unless within 30 days, or within such shorter or longer time as designated by court, written answer or objection is filed by party to whom request is directed. Sup.Ct.Rules, Discovery Rule 36(a). | A request for admission under Neb.Ct.R. of Discovery 36 (rev. 1989) is admitted unless within 30 days, or within such shorter or longer time as designated by the court, a written answer or objection is filed by the party to whom the request is directed. | "Is a request for admission made pursuant to rules of discovery deemed to have been admitted unless within 30 days, or within such shorter or longer time as designated by the court, a written answer or objection is filed by a party to whom a request is directed?" |

| 474 | Ikomoni v. Exec. Asset Mgmt., 309 Ga. App. 81, 83-84 (2011) | 2 | Where a party has failed to answer a request for admissions within the requisite time and the admissions have removed from the jury at least one essential element of the party's claims, the other party is entitled to a grant of its motion for summary judgment. West's Ga.Code Ann. S 9-11-36(a)(2). | "Where a party failed to answer a request for admissions within the requisite time and the admissions removed [from the jury at least one essential element of the party's claims], the other party [is] entitled to a grant of its motion for summary judgment." | "Where a party has failed to answer a request for admissions within the requisite time and the admissions have removed from the jury at least one essential element of the party's claims, is the other party entitled to a grant of its motion for summary judgment?" |
| --- | --- | --- | --- | --- | --- |
| 478 | Morgan v. E. Baton Rouge Par. Sch. Bd., 2016-1065 (La. App. 1 Cir. 2/17/17), 215 So. 3d 442, 444 (2017) | 1 | Trial court renders a pretrial order after holding a pretrial conference, and the order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice; theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. La. Code Civ. Proc. Ann. art. 1551(B). | Pursuant to La. Code Civ. P. art. 1551(B), a trial court renders a pretrial order after holding a pretrial conference, and the order "controls the subsequent course of **4 the action, unless modified at the trial to prevent manifest injustice." The theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. | Does a pretrial order control the subsequent course of the action unless modified at the trial to prevent manifest injustice? |
| 480 | Behr v. Hook, 173 Vt. 122, 127 (2001) | 6 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | The instant case concerns a standardized waiver-of- subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allows the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance." IRMA v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc., 295 Ill.App.3d 784, 229 Ill.Dec. 750,692 N.E.2d 739, 744 (1998). By shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid "the prospect of extended litigation which would interfere with construction." | Are waiver-of-subrogation clauses intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance? |

| 483 | Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 75-76 (C.A.2 (N.Y.), 1998) | 3 | Court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether parties agreed to arbitrate; second, it must determine scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if court concludes that some, but not all, of claims in case are arbitrable, it must then decide whether to stay balance of proceedings pending arbitration. 9 U.S.C.A. S 1 et seq. | A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those *76 claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. | What issues must a court resolve to stay proceedings pending arbitration? |
| 484 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038, 1042 (2010) | 6 | After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. Sup.Ct.Rules, Rule 103(b). | After the defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. | "After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, does the burden shift to the plaintiff to offer an explanation for his actions?" |
| 485 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038, 1042 (2010) | 6 | After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. Sup.Ct.Rules, Rule 103(b). | After the defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. | Does the burden shift to a plaintiff to offer an explanation for his actions after a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit? |
| 486 | Kole v. Brubaker, 325 Ill. App. 3d 944, 949 (2001) | 3 | In moving for dismissal for lack of diligence, the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit; no absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions, rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | In moving for dismissal under Rule 103(b), the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. Martin v. Lozada, 23 Ill.App.3d 8, 11, 318 N.E.2d 334, 336 (1974); Michael, Illinois Practice, Civil Procedure,  8.7 at 93 (1989). No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions. Rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. | Does no absolute time frame exist that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant? |

| 487 | Vierra v. Workers' Comp. Appeals Bd., 154 Cal. App. 4th 1142, 1147 (Cal. Ct. App. 2007) | 2 | The workers' compensation system enacted by the Legislature is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees. West's Ann.Cal. Const. Art. 14, S 4; West's Ann.Cal.Labor Code S 3200 et seq. | The workers' compensation system enacted by the Legislature "is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees." | "Is the workers compensation system enacted by the Legislature exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of the employer for injuries to their employees?" |
| 488 | Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 327 F.3d 173, 179–80 (2d Cir. 2003) | 1 | In order to obtain a conviction under the Foreign Corrupt Practices Act (FCPA), the government must prove beyond a reasonable doubt that a defendant is (1) a domestic concern (2) that made use of a means or instrumentality of interstate commerce (3) corruptly (4) in furtherance of an offer or payment of anything of value to any person (5) while knowing that the money would be offered or given directly or indirectly to any foreign official (6) for purposes of influencing any act or decision of such foreign official in his official capacity. Foreign Corrupt Practices Act of 1977, S 30A, as amended, 15 U.S.C.A. S 78dd-1 et seq. | Thus, in order to obtain a conviction under this portion of the statute, the government must prove beyond a reasonable doubt that the defendant is 1. a domestic concern *180 2. that made use of a means or instrumentality of interstate commerce 3. corruptly 4. in furtherance of an offer or payment of anything of value to any person 5. while knowing that the money would be offered or given directly or indirectly to any foreign official 6. for purposes of influencing any act or decision of such foreign official in his official capacity. | What are the elements of a conviction under the Foreign Corrupt Practices Act (FCPA)? |
| 490 | United States v. Barash, 365 F.2d 395, 401-402 (C.A.2 (N.Y.), 1966) | 11 | If a government officer threatens serious economic loss unless paid for giving a citizen his due, the latter is entitled to have the jury consider this, not as a complete defense like duress, but as bearing on the specific intent required for the commission of bribery. 18 U.S.C.A. S 201(b). | We think that if a government officer threatens serious economic loss unless paid for giving a citizen his due, the *402 latter is entitled to have the jury consider this, not as a complete defense like duress but as bearing on the specific intent required for the commission of bribery. | "If a government officer threatens serious economic loss unless paid for giving a citizen his due, is the latter entitled to have the jury consider this?" |
| 491 | Valence Operating Co. v. Anadarko Petroleum Corp., 303 S.W.3d 435, 444 (Tex. App. 1993) | 16 | Purpose of allowing a trial court to dismiss a suit for want of prosecution is to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay and a reluctance to have the merits of the case judged in a trial. | The purpose of allowing a trial court to dismiss a suit for want of prosecution is to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay and a reluctance to have the merits of the case judged in a trial. | Is the purpose of allowing a trial court to dismiss a suit for want of prosecution to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay? |

| 492 | Dinger v. Cefola, 133 A.D.3d 816, 817 (N.Y. App. Div. 2015) | 1 | On a motion to dismiss a complaint for failure to state a cause of action, the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | On a motion to dismiss a complaint pursuant to CPLR 3211(a) (7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v. Martinez, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Rabos v. R & R Bagels & Bakery, Inc., 100 A.D.3d 849, 851, 955 N.Y.S.2d 109; Daub v. Future Tech Enter., Inc., 65 A.D.3d 1004, 1005, 885 N.Y.S.2d 115). | "On a motion to dismiss a complaint pursuant to CPLR 3211(a) (7), should the court liberally construe the complaint and accept all facts as alleged in the pleading to be true?" |
| --- | --- | --- | --- | --- | --- |
| 493 | Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App. 1999) | 7 | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay; no single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case; including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex.App.-San Antonio 1999, no pet.); King v. Holland, 884 S.W.2d 231, 237 (Tex.App.-Corpus Christi 1994, writ denied). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | Will a court consider the entire history of the case in determining whether a party has demonstrated a lack of diligence in prosecuting a claim? |
| 494 | Moses v. Dirghangi, 430 S.W.3d 371, 375 (Tenn. Ct. App. 2013) | 4 | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rules of Civil Procedure. Rules Civ.Proc., Rule 12.02(6). | A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. Lanier v. Rains, 229 S.W.3d 656, 660 (Tenn.2007). It admits the truth of all relevant and material allegations, but asserts that such allegations do not constitute a cause of action as a matter of law. See Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn.1997). These motions are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rules of Civil Procedure. | Are motions to dismiss a complaint for failure to state a claim upon which relief can be granted not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure? |

| | | | | | |
|---|---|---|---|---|---|
| 496 | Canney v. City of Chelsea, 925 F. Supp. 58, 64 (Mass. 1996) | 7 | Restatement (Second) of Agency, portions of which have been incorporated into Massachusetts law, defines agency relationship as having three essential characteristics: (1) power of agent to alter legal relationships between principal and third parties and principal and himself; (2) existence of fiduciary relationship toward principal with respect to matters within scope of agency; and (3) right of principal to control agent's conduct with respect to matters within scope of agency. Restatement (Second) of Agency SS 12-14. | The Restatement (Second) of Agency, portions of which have been incorporated into Massachusetts law, defines an agency relationship as having three essential characteristics: (1) the power of the agent to alter the legal relationships between the principal and third parties and the principal and himself; 2) the existence of a fiduciary relationship toward the principal with respect to matters within the scope of the agency; and 3) the right of the principal to control the agent's conduct with respect to matters within the scope of the agency. | "Is the power of the agent to alter the legal relationships between the principal and third parties, an essential characteristic of agency?" |
| 497 | Com. v. LePore, 40 Mass. App. Ct. 543, 545-46 (1996) | 1 | For purpose of statute criminalizing disorderly conduct, person is "disorderly" if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating risk thereof, he: engages in fighting or threatening, or in violent or tumultuous behavior; makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or creates hazardous or physically offensive condition by act which serves no legitimate purpose of actor. M.G.L.A. c. 272, S 53. | A person is "disorderly" under G.L. c. 272, 53, "if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof; he: (a) engages in fighting or threatening, or in violent or tumultuous behavior; or (b) makes unreasonable *546 noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or (c) creates a hazardous or physically offensive condition by an act which serves no legitimate purpose of the actor." | What conduct of an individual would come under the term disorderly? |
| 499 | Shiffman v. K, Inc., 657 P.2d 401, 403 (Alaska 1983) | 1 | For purposes of rule providing for dismissal of suits for want of prosecution, a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Rules Civ.Proc., Rule 41(e). | A case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. | Does a case stand stagnant when to the court it appears that for lack of activity of record neither party has taken the steps to be reasonably expected in the pursuit or defense of the particular cause of action? |
| 500 | Shiffman v. K, Inc., 657 P.2d 401, 403 (Alaska 1983) | 1 | For purposes of rule providing for dismissal of suits for want of prosecution, a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Rules Civ.Proc., Rule 41(e). | A case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. | Does a case stand stagnant when to the court it appears that for lack of activity of record neither party has taken the steps to be reasonably expected in the pursuit or defense of the particular cause of action? |

| 501 | UMC Dev. v. D.C., 120 A.3d 37, 43 (D.C. 2015) | 5 | For purposes of ruling on a motion to dismiss for want of standing, when a defendant makes a factual, as opposed to a facial, attack on the plaintiff's complaint, the trial court may conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists. Civil Rule 12(b)(1). | Thus, when a defendant makes a "factual" (as opposed to a "facial") attack on the plaintiff's complaint under Super. Ct. Civ. R. 12(b)(1), 18 the trial court may "conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists." | "Will the court conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes to determine subject-matter jurisdiction?" |
| --- | --- | --- | --- | --- | --- |
| 505 | In re Mario S., 38 Misc. 3d 444, 449 (N.Y. Fam. Ct. 2012) | 6 | Creation of the special immigrant juvenile (SIJ) status shows a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for lawful permanent resident status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | The creation of the special immigrant juvenile classification "show [s] a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for [lawful permanent resident] status" | Was Special Immigrant Juvenile (SIJ) status created to assist or help a limited group of abused children to remain safely in the country with a means to apply for Lawful Permanent Resident (LPR) status? |
| 506 | Wynter v. Our Lady of Mercy Med. Ctr., 3 A.D.3d 376, 378, 771 N.Y.S.2d 94, 96 (2004) | 1 | If a case is dismissed for failure to timely effect substitution pursuant to the rules of civil procedure, the plaintiff, in order to achieve reinstatement, must demonstrate a prima facie showing of merit, a reasonable excuse for the delay, and no undue prejudice to the defendants. McKinney's CPLR 1021. | If a case is dismissed for failure to timely effect substitution pursuant to CPLR 1021, the plaintiff, in order to achieve reinstatement, must demonstrate a prima facie showing of merit, a reasonable excuse for the delay and no undue prejudice to the defendants (Schwartz v. Montefiore Hospital and Medical Center, 305 A.D.2d 174, 176, 761 N.Y.S.2d 5). | "Should the plaintiff, in order to achieve reinstatement, demonstrate a prima facie showing of merit, a reasonable excuse for the delay, and no undue prejudice to the defendants?" |
| 507 | Thompson v. Houston, 2003 PA Super 467, ¶ 9 (2003) | 1 | Some of the circumstances a court should consider in determining whether counsel's failure to appear for trial should be excused are: 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the appeal; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions. | Some of the circumstances a court should consider in determining whether counsel's failure to appear should be excused are: 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the appeal; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions. | Should some of the circumstances a court should consider in determining whether counsel's failure to appear for trial be excused? |

| 508 | Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874, 878 (Minn. App. 1999) | 6 | In determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes, the court must first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial, and then must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | In Ursery, the Supreme Court articulated a two- step test for determining whether a civil forfeiture constitutes "punishment" for double jeopardy purposes. Under that test: First, a court must examine the governing statute to determine whether the legislative body intended the forfeiture *369 proceedings to be criminal/punitive or civil/remedial. Next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. | "In determining whether an in rem civil forfeiture is ""punishment"" for double jeopardy purposes, should the court first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal or punitive?" |
| 509 | State v. Greene, 196 W. Va. 500, 503 (1996) | 2 | To determine whether particular statutorily defined penalty is civil or criminal for double jeopardy purposes, court must ask whether legislature, in establishing penalty, indicated either expressly or impliedly that statutory penalty was intended to be civil or criminal, and, if legislature indicated intention to establish civil penalty, whether statutory scheme was so punitive either in purpose or effect as to negate that intention. U.S.C.A. Const.Amend. 5; Const. Art. 3, S 5. | We hold that to determine whether a particular statutorily defined penalty is civil or criminal for the purpose of double jeopardy under Article III, 5 of the West Virginia Constitution, we must ask: (1) whether the Legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly that the statutory penalty in question was intended to be civil or criminal; and (2) where we find that the Legislature has indicated an intention to establish a civil penalty, whether the statutory scheme was so punitive either in purpose or effect as to negate that intention. | "Should a court ask whether a legislature, in establishing a penalty, indicated either expressly or impliedly that statutory penalty was intended to be civil or criminal?" |

| | | | | |
|---|---|---|---|---|
| 511 | Kourtsounis by Kourtsounis v. Chakrabarty, 254 A.D.2d 394, 395, 679 N.Y.S.2d 84, 85 (1998) | 1 | Party wishing to restore a case to the trial calendar after dismissal may have the action reinstated upon a demonstration of four essential factors: (1) the case has merit; (2) there is a reasonable excuse for the delay; (3) there was no intent to abandon the matter; and (4) there is no prejudice to the nonmoving party. McKinney's CPLR 3404. | It is well established that a party wishing to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 may have the action reinstated upon a demonstration of four essential factors, (1) the case has merit, (2) there is a reasonable excuse for the delay, (3) there was no intent to abandon the matter, and (4) there is no prejudice to the nonmoving party (see, e.g., Prado v. Catholic Med. Ctr. of Brooklyn & Queens, 237 A.D.2d 341, 655 N.Y.S.2d 58; Swedish v. Bourie, 233 A.D.2d 495, 650 N.Y.S.2d 765; Carter v. City of New York, 231 A.D.2d 485, 647 N.Y.S.2d 28; Knight v. City of New York, 193 A.D.2d 720, 597 N.Y.S.2d 737; Civello v. Grossman, 192 A.D.2d 636, 596 N.Y.S.2d 464). | "Can a party wishing to restore a case to the trial calendar after dismissal, have the action reinstated upon a demonstration of four essential factors?" |
| 512 | Am. Asphalt Paving Co. v. Zoning Hearing Bd. of Jackson Twp., 706 A.2d 1283, 1285 (Pa. 1998) | 1 | Trial court may exercise its discretion and enter judgement of non pros where: (1) party has shown lack of due diligence by failing to proceed with reasonable promptness; (2) there is no compelling reason for delay; and (3) delay has caused prejudice to adverse party. | A trial court may exercise its discretion and enter a judgement of non pros where: (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptness; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party. | Can a trial court exercise its discretion and enter judgement of non pros where a party has shown lack of due diligence by failing to proceed with reasonable promptness? |
| 514 | Walker v. Allen, 119 So. 3d 1111, 1113 (Miss. Ct. App. 2013) | 2 | Rule of civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute embodies the tenet that any court of law or equity may exercise the power to dismiss for want of prosecution; this power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | Mississippi Rule of Civil Procedure 41(b) allows a defendant to move for the dismissal of an action when a plaintiff fails to prosecute. "Rule 41(b) embodies the tenet that any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket." | "Is the Rule of civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute, necessary as a means to the orderly expedition of justice and the court's control of its own docket?" |

| | | | | | |
|---|---|---|---|---|---|
| 515 | City of New Brighton v. 2000 Ford Excursion VIN No. 1FMNU43S2YEA74156, 622 N.W.2d 364, 368-69 (Minn. App. 2001) | 9 | To determine whether civil forfeiture constitutes "punishment" for double jeopardy purposes, court must first examine governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial; next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | In Ursery, the Supreme Court articulated a two- step test for determining whether a civil forfeiture constitutes "punishment" for double jeopardy purposes. Under that test: First, a court must examine the governing statute to determine whether the legislative body intended the forfeiture *369 proceedings to be criminal/punitive or civil/remedial. Next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. | "To determine whether a civil forfeiture constitutes ""punishment"" for double jeopardy purposes, should a court first examine a governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal or punitive?" |
| 516 | State v. Stone, 400 P.3d 692, 696 (Mont., 2017) | 13 | The prohibition against double jeopardy is based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution and the protection against the state's attempts to relitigate facts underlying a prior acquittal and from attempts to secure additional punishment after a prior conviction and sentence. U.S. Const. Amends. 5, 14; Mont. Const. art. 2, S 25. | Moreover, the prohibition against double jeopardy is based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution and the protection against the State's attempts to relitigate facts underlying a prior acquittal and from attempts to secure additional punishment after a prior conviction and sentence. Brown v. Ohio, 432 U.S. | Is the prohibition against double jeopardy based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution? |
| 517 | People v. McNally, 107 Cal. App. 3d 387, 390, 165 Cal. Rptr. 715, 717 (Ct. App. 1980) | 1 | A person is in legal jeopardy for an offense when placed on trial in court of competent jurisdiction, on valid accusatory pleading, before a jury duly impaneled and sworn, and discharge of that jury without a verdict is equivalent to acquittal and bars retrial unless defendant consented to discharge or legal necessity required it. | It is well settled that (1) a person is in legal jeopardy for an offense when placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, and that (2) discharge of that jury without a verdict is equivalent to acquittal and bars a retrial, unless the defendant consented to the discharge or legal necessity required it. | "Is a person in legal jeopardy for an offense when placed on trial in court of a competent jurisdiction, on a valid accusatory pleading?" |
| 521 | Scott v. City of New York, 591 F.Supp.2d 554, 557 (S.D.N.Y.,2008) | 3 | A court's ruling regarding a motion in limine is subject to change when the case unfolds; indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling. | 5  Moreover, a court's ruling regarding a motion in limine " 'is subject to change when the case unfolds.... Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.' " | "Even if nothing unexpected happens at trial, is the district judge free, in the exercise of sound judicial discretion, to alter a previous in limine ruling?" |

| 522 | United States v. Sum of $70,990,605, 991 F.Supp.2d 154, 167 (D.D.C., 2013) | 25 | The act of state doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | The act of state doctrine "applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | How does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? |
| --- | --- | --- | --- | --- | --- |
| 523 | In re Liebl's Est., 201 Misc. 1102, 1106, 106 N.Y.S.2d 715, 719 (Sur. 1951) | 8 | Necessary intercourse between subjects of independent governments gives rise to sort of compact that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | As was said in King v. Sarria, 69 N.Y. 24, 31: 'It is the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | "Is it the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions?" |
| 526 | Manning v. Pioneer Sav. Bank, 56 Misc. 3d 790, 796, 55 N.Y.S.3d 587, 592 (N.Y. Sup. Ct. 2016) | 7 | When considering a motion to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | When considering a motion to dismiss pursuant to CPLR § 3211(a)(7) for failure to state a cause of action, the court must "accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Nonnon v. City of New York, 9 N.Y.3d 825, 827, 842 N.Y.S.2d 756, 874 N.E.2d 720 [2007] ). | "In determining a motion to dismiss a complaint for failure to state a cause of action, is the court's role ordinarily limited to determining whether the complaint states a cause of action?" |
| 527 | Belleville v. Dir. of Revenue, State of Mo., 825 S.W.2d 623, 625 (Mo. 1992) | 4 | Dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence. | A dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial and is ready and willing to present evidence. | "Is dismissal for failure to prosecute an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence?  " |
| 530 | Pravin Banker Assocs. Ltd. v. Banco Popular Del Peru, 109 F.3d 850, 854 (C.A.2 (N.Y.), 1997) | 2 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, instead allowing those acts and proceedings to have extraterritorial effect in the United States?" |

| | | | | | |
|---|---|---|---|---|---|
| 533 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49, 61-62 (D.D.C. 2013) | 8 | The act of state doctrine is to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. | The doctrine is to be interpreted and applied in accordance with the policy interests of "international comity, respect for the sovereignty of other nations *62 on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." | "Is the act of state doctrine to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations?" |
| 534 | State v. Johnston, 249 Ga. 413, 415 (1982) | 4 | Trial court has absolute right to refuse to decide admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and it controls the subsequent course of action unless modified at trial to prevent manifest injustice. | The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. Cf. Wiggins v. State, supra; Coats v. State, 234 Ga. 659, 217 S.E.2d 260 (1975). If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it "controls the subsequent course of action, unless modified at trial to prevent manifest injustice." | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference?" |
| 539 | Fields v. Walpole Tire Serv., 37 So.3d 549, 555 (La. App. 2010) | 8 | To maintain a successful products liability action under the Louisiana Products Liability Act (LPLA), a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. LSA-R.S. 9:2800.54(A). | To maintain a successful products liability action under the Louisiana Products Liability Act ("the LPLA"), a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. LSA-R.S. 9:2800.54(A). | What must a plaintiff establish to maintain a successful action under the Product Liability Act (PLA)? |
| 540 | Bernstein v. Virgin Am., 227 F. Supp. 3d 1049, 1076 (N.D. Cal. 2017) | 39 | Although the federal government has exclusive sovereignty over the United States airspace and aviation safety, Congress has not occupied the field of employment law in the aviation context, and the Federal Aviation Act (FAA) does not confer upon the agency the exclusive power to regulate all employment matters involving airmen. | Although the federal government has exclusive sovereignty over the United States airspace and aviation safety, "Congress has not occupied the field of employment law in the aviation context and ... the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen." | Does the Federal Aviation Act (FAA) confer upon the agency exclusive power to regulate all employment matters involving airmen? |

| 543 | In re Flamingo 55, 378 B.R. 893, 911 (D. Nev. 2007) | 18 | Under California's decisional law of equitable subrogation, one who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest, (2) subrogee must not have acted as a volunteer, (3) the debt paid must be one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Under California's decisional law of equitable subrogation, One who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites. These are: "(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others." | What prerequisites must one who claims to be equitably subrogated to the rights of a secured creditor satisfy? |
| --- | --- | --- | --- | --- | --- |
| 545 | St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co., 111 Cal. App. 4th 1234, 1253 (2003) | 32 | In contrast to equitable contribution, the aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor. | In contrast to equitable contribution, the "aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor." | "Is the aim of equitable subrogation to place the burden for loss on the party ultimately responsible for it and by whom it should have been discharged, and to entirely relieve insurer or surety who indemnified loss and who in equity was not primarily liable for it?" |
| 546 | Cruickshank v. Clean Seas Co., 346 B.R. 571, 581 (D. Mass. 2006) | 6 | Equitable principle behind "subrogation," an old term rooted in equity which today is used to mean to stand in the shoes of, is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons. | "Subrogation is an old term, rooted in equity," which today is used to mean "stand in the shoes of." Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co., Inc., 411 F.2d 843, 844 (1st Cir.1969). "The equitable principle is that when one, pursuant to obligation—not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons." | "Does the equitable principle behind ""subrogation"" is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons?" |
| 547 | Dawson v. Higgins, 197 A.D.2d 127, 135–36, 610 N.Y.S.2d 200, 207 (1994) | 9 | Property owner who challenges government action as regulatory taking bears heavy burden of overcoming presumption of constitutionality that attaches to regulation and of proving every element of his claim beyond a reasonable doubt. U.S.C.A. Const.Amends. 5, 14; McKinney's Const. Art. 1, SS 6, 7(a). | The property owner who challenges government action as a regulatory taking "bears *136 the heavy burden of overcoming the presumption of constitutionality that attaches to the regulation and of proving every element of his claim beyond a reasonable doubt." | Does a property owner asserting a takings claim bear the burden of overcoming the presumption of constitutionality that attaches to the regulation and of proving every element of his claim beyond a reasonable doubt? |

| 548 | State v. Grubb, 28 Ohio St. 3d 199, 201-202 (1986) | 1 | "Motion in limine," if granted, is tentative, interlocutory, precautionary ruling by trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when motion is granted, so that, should circumstances subsequently develop at trial, trial court is at liberty to consider admissibility of disputed evidence in its actual context. | Thus, a motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment *202 of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. Therefore, should circumstances subsequently develop at trial, the trial court is certainly at liberty " * * * to consider the admissibility of the disputed evidence in its actual context." | "Does a ruling on a motion in limine reflect the court's anticipated treatment of an evidentiary issue at trial, and is a tentative, interlocutory ruling which the trial court is at liberty to change at trial?" |
| --- | --- | --- | --- | --- | --- |
| 549 | Hawker v. State, 951 So. 2d 945, 950 (Fla. App. 2007) | 2 | Motion in limine rulings are subject to change during trial as the trial court develops an understanding of the facts and circumstances of the case; such a ruling may be based on an incomplete oral proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence. West's F.S.A. S 394.910 et seq. | It is well- settled that motion in limine rulings are subject to change during trial as the trial court develops an understanding of the facts and circumstances of the case. Such a ruling may be based on an incomplete oral proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence. | "Can a motion in limine be based on an incomplete oral proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence?" |
| 552 | Walter Fuller Aircraft Sales, Inc. v. Republic of Philippines, 965 F.2d 1375, 1387–88 (5th Cir. 1992) | 12 | When determining whether act of state doctrine limits adjudication in American courts, Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question by adjudication of suit. | When determining whether the act of state doctrine limits adjudication in American courts, we look not only to the acts of the named defendants, "but [to] any governmental acts whose validity would be *1388 into question by adjudication of the suit." | "When determining whether act of state doctrine limits adjudication in American courts, does the Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question by adjudication of suit?" |
| 554 | In re Estate of Ferdinand E. Marcos Human Rights Litig., 978 F.2d 493, 502 (9th Cir. 1992) | 14 | In addition to resolving defendant's immunity, for court to determine whether plaintiff has claim for tort committed in violation of international law, it must decide whether there is applicable norm of international law, whether it is recognized by United States, what its status is and whether it was violated in particular case. U.S.C.A. Const. Art. 3, S 2, cl. 1; 28 U.S.C.A. S 1350. | Thus, in addition to resolving the defendant's immunity, for a court to determine whether a plaintiff has a claim for a tort committed in violation of international law, it must decide whether there is an applicable norm of international law, whether it is recognized by the United States, what its status is, and whether it was violated in the particular case. | "For a court to determine whether a plaintiff has claim for tort committed in violation of international law, under the Alien Tort Claims Act, should it first decide whether there is applicable norm of international law, and then whether it was violated in the particular case?" |

| 555 | Menorah Nursing Home, Inc. v. Zukov, 153 A.D.2d 13, 17, 548 N.Y.S.2d 702, 705 (1989) | 1 | Surety who answers for default of his principal pursuant to terms of performance bond, either by completing work required under principal's contract with owner obligee or by paying compensation to owner obligee, is entitled to be subrogated to rights of obligee whom he has paid, or on whose behalf he has completed contract; however, this right is not exclusive of all other equitable subrogation rights. | It is true that a surety who answers for the default of his principal pursuant to the terms of a performance bond, either by completing the work required under the principal's contract with the owner-obligee, or by paying compensation to the owner-obligee, is entitled to be subrogated to the rights of the obligee whom he has paid, or on whose behalf he has completed the contract (see generally, Pearlman v. Reliance Ins. Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190; Scarsdale Nat. Bank & Trust Co. v. United States Fid. & Guar. Co., 264 N.Y. 159, 190 N.E. 330; Kolb v. National Surety Co., 176 N.Y. 233, 68 N.E. 247; Lewis v. Palmer, 28 N.Y. 271; State Bank of Albany v. Dan–Bar Contr. Co., Inc., 23 Misc.2d 487, 199 N.Y.S.2d 309, affd. 12 A.D.2d 416, 212 N.Y.S.2d 386; affd. 12 N.Y.2d 804, 235 N.Y.S.2d 835, 187 N.E.2d 19; American Surety Co. of N.Y. v. Town of Islip, 268 App.Div. 92, 48 N.Y.S.2d 749; 63 N.Y.Jur.2d, Guaranty and Suretyship, §§ 440, 585; Simpson, Suretyship § 47; McClintock, Equity § 123 [2d ed.] ). However, the right of a surety under these circumstances to be subrogated to the rights of its obligee is not | "Is a surety who answers for the default of his principal pursuant to terms of performance bond entitled to be subrogated to the rights of the obligee whom he has paid, or on whose behalf he has completed contract?" |
| 556 | Skip Kirchdorfer, Inc. v. United States, 26 Cl. Ct. 666, 673 (1992), aff'd in part, rev'd in part, 6 F.3d 1573 (Fed. Cir. 1993) | 2 | United States may be held responsible for taking even where its action is not the final direct cause of the property loss or damage; test is whether government involvement in deprivation of private property is sufficiently direct and substantial to require compensation under Fifth Amendment. U.S.C.A. Const.Amend. 5. | The United States may be held responsible for a taking even when its action is not the final direct cause of the property loss or damage. The test is whether the government involvement in the deprivation of private property is sufficiently direct and substantial to require compensation under the Fifth Amendment. | Can the United States be held responsible for a taking even when its action is not the final direct cause of the property loss or damage? |

| 557 | Washlefske v. Winston, 234 F.3d 179, 183–84 (4th Cir. 2000) | 3 | Even though fundamental principles of State property law may define property rights, the Takings Clause nevertheless limits a State's authority to redefine preexisting property rights, so that a State, by ipse dixit, may not transform private property into public property without compensation, nor can it sidestep the Takings Clause by disavowing traditional property interests long recognized under state law. U.S.C.A. Const.Amend. 5. | Even though fundamental principles of State property law may define property rights, the Takings Clause nevertheless limits a State's authority to redefine preexisting property rights. Thus, "a State, by ipse dixit, may not transform private property into public property without compensation," Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 164, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980), nor can it "sidestep the Takings Clause by disavowing traditional property interests long recognized *184 under state law," Phillips, 524 U.S. at 167, 118 S.Ct. 1925. | "Can a State, by ipse dixit, transform private property into public property without compensation?" |
| 558 | Beanal v. Freeport-McMoRan, 969 F. Supp. 362, 370 (E.D. La. 1997) | 14 | For purposes of the Alien Tort Statute, an "international tort," i.e., one that violates the law of nations, should satisfy the following requirements: no state condones the act in question and there is a recognizable "universal" consensus of prohibition against it; there are sufficient criteria to determine whether a given action amounts to the prohibited act and thus violates the norm; and the prohibition against it is nonderogable and therefore binding at all times upon all actors. 28 U.S.C.A. S 1350. | In sum, an international tort, i.e. one that violates the law of nations, should satisfy the following requirements: (1) no state condones the act in question and there is a recognizable "universal" consensus of prohibition against it; (2) there are sufficient criteria to determine whether a given action amounts to the prohibited act and thus violates the norm; and (3) the prohibition against it is nonderogable and therefore binding at all times upon all actors. | "For purposes of the Alien Tort Statute, an ""international tort,"" what are the requirements that should be satisfied?" |
| 559 | Kalamazoo Spice Extraction Co. v. Provisional Military Gov't of Socialist Ethiopia, 729 F.2d 422, 424 (6th Cir. 1984) | 1 | Act of state doctrine is exception to general rule that court of United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing rules appropriate for decision from among various sources of law, including international law. | The act of state doctrine is an exception to the general rule that a court of the United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing the rules appropriate for decision from among various sources of law, including international law. | Is the act of state doctrine an exception to the general rule that courts of the United States will decide cases before it by choosing rules appropriate for decision from among various sources of law? |
| 560 | Yeary v. Bell, 228 Ga. App. 522, 523–24, 492 S.E.2d 278, 280 (1997) | 3 | Preliminary hearing of defenses of lack of jurisdiction over person, improper service, and improper venue whether made in pleading or by motion may be heard and determined by court before trial on application of party, and at such hearing factual issues shall be determined by trial court. | Moreover, "[a] preliminary hearing of defenses of lack of jurisdiction over the person[, improper service,] and improper venue whether made in *524 a pleading or by motion may be heard and determined by the court before trial on the application of any party. [Cits.] At such hearing factual issues shall be determined by the trial court." | "Can a preliminary hearing of defenses of lack of jurisdiction over person, improper service, and improper venue whether made in pleading or by motion be heard and determined by court before trial on application of any party?" |

| 563 | Smith v. Loews Miami Beach Hotel Operating Co., 35 So. 3d 101, 102 (Fla.App. 3 Dist., 2010) | 2 | The party seeking affirmative relief has an almost absolute right to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment. West's F.S.A. RCP Rule 1.420(a)(1). | In accordance with this rule, the "party seeking affirmative relief has an almost absolute right to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment." | Does the party seeking affirmative relief have a right to dismiss the entire action without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment? |
| 565 | Cty. of La Crosse v. Wisconsin Employment Relations Comm'n, 182 Wis. 2d 15, 29 (1994) | 4 | Workers' Compensation Act represents legislative compromise between interests of employers, employees and public in resolving compensation disputes regarding work-related physical or mental harms arising in industrial society. W.S.A. 102.01 et seq. | The Worker's Compensation Act (Act) represents the legislative compromise between the interests of employers, employes and the public in resolving compensation disputes regarding work-related physical or mental harms arising in our industrial society. | "Does the workers compensation act represent a legislative compromise between the interests of the employers, employees and the public in resolving compensation disputes regarding work related physical or mental harms arising in industrial society?" |
| 566 | Hurrell-Harring v. State, 112 A.D.3d 1213, 1215, 977 N.Y.S.2d 464, 466–67 (2013) | 1 | While the decision to grant an application to discontinue a proceeding is generally committed to the sound discretion of the trial court, a party cannot ordinarily be compelled to litigate and, absent special circumstances-such as prejudice to a substantial right of the defendant or other improper consequences-discontinuance should be granted. McKinney's CPLR 3217(b). | CPLR 3217(b) provides that an action or proceeding may be discontinued "upon order of the court and upon terms and *1215 conditions, as the court deems proper." While the decision to grant such an application is generally **467 committed to the sound discretion of the trial court (see Tucker v. Tucker, 55 N.Y.2d 378, 383, 449 N.Y.S.2d 683, 434 N.E.2d 1050 [1982] ), a party cannot ordinarily be compelled to litigate and, absent special circumstances—such as prejudice to a substantial right of the defendant or other improper consequences—discontinuance should be granted (see id. at 383–384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; Wells Fargo Bank, N.A. v. Chaplin, 107 A.D.3d 881, 883, 969 N.Y.S.2d 67 [2013]; Matter of Bianchi v. Breakell, 48 A.D.3d 1000, 1001–1002, 852 N.Y.S.2d 454 [2008]; Christenson v. Gutman, 249 A.D.2d 805, 806, 671 N.Y.S.2d 835 [1998] ). | "While the determination to permit a plaintiff to voluntarily discontinue an action is generally within the sound discretion of the court, can a party ordinarily be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, discontinuance should be granted?" |

| | | | | | |
|---|---|---|---|---|---|
| 567 | Ballard v. Meyers, 275 Ga. 819, 822, 572 S.E.2d 572, 576 (2002) | 10 | The pretrial disclosure requirement does not extend to documentary evidence upon which a party may possibly rely defensively for impeachment purposes; those documents that a litigant intends to rely upon affirmatively to meet the burden of proving his or her case still must be disclosed in the pretrial order. Uniform Superior Court Rule 7.2(14). | Our holding is a narrow one, as it provides only that the pretrial disclosure requirement does not extend to documentary evidence upon which a party may possibly rely defensively for impeachment purposes. Those documents that a litigant intends to rely upon affirmatively to meet the burden of proving his or her case still must be disclosed in the pretrial order. | Must those documents that a litigant intends to rely on affirmatively to meet a burden of proving his or her case be disclosed in a pretrial order? |
| 568 | Patterson v. Liz Claiborne, Inc., 872 So.2d 181, 188 (Ala.Civ.App.,2003) | 11 | In order to be entitled to a continuance, the movant must establish: (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; and (6) that the motion for continuance is not made merely for purposes of delay. (Per Thompson, J., with one Judge concurring and one Judge concurring in the result.) | In order to be entitled to a continuance, the movant must establish: "(1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; [and] (6) that the motion for continuance is not made merely for purposes of delay." | "In order to be entitled to a continuance, what must a movent establish?" |
| 569 | Walton v. New York State Dep't of Corr. Servs., 57 A.D.3d 1180, 1183, 869 N.Y.S.2d 661, 665 (2008), aff'd, 13 N.Y.3d 475, 921 N.E.2d 145 (2009) | 6 | Regardless of the label placed on a charge or an assessment, "taxes" are burdens of a pecuniary nature imposed for the purpose of defraying the costs of government services generally without relation to particular benefits derived by the taxpayer. | Regardless of the label placed on a charge or an assessment, "taxes are burdens of a pecuniary nature imposed for the purpose of defraying the costs of government services generally" without relation to particular benefits derived by the taxpayer (New York Tel. Co. v. City of Amsterdam, 200 A.D.2d 315, 318, 613 N.Y.S.2d 993 [1994]; see Watergate II Apts. v. Buffalo Sewer Auth., 46 N.Y.2d 52, 58, 412 N.Y.S.2d 821, 385 N.E.2d 560 [1978]; Albany Area Bldrs. Assn. v. Town of Guilderland, 141 A.D.2d 293, 298, 534 N.Y.S.2d 791 [1988], affd. 74 N.Y.2d 372, 547 N.Y.S.2d 627, 546 N.E.2d 920 [1989]; Matter of Joslin v. Regan, 63 A.D.2d 466, 470, 406 N.Y.S.2d 938 [1978], affd. 48 N.Y.2d 746, 422 N.Y.S.2d 662, 397 N.E.2d 1329 [1979] ). | Are taxes a burden of a pecuniary nature imposed for the purpose of defraying the costs of government services generally without relation to particular benefits derived by the taxpayer? |

| 571 | Futrell v. Scott Truck & Tractor Co. of Louisiana, 629 So. 2d 449, 453 (La. App. 1993) | 2 | Inherent in theory of pretrial procedure are orderly disposition of each case and of entire docket and avoidance of surprise; these are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action. LSA-C.C.P. art. 1551. | Inherent in the theory of pre-trial procedure are the orderly disposition of each case and of the entire docket and the avoidance of surprise. These are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of the action. | Is an orderly disposition of each case and avoidance of surprise inherent in theory of pretrial procedure and are they sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action? |
|---|---|---|---|---|---|
| 573 | Frevele v. McAloon, 222 Kan. 295, 295 (1977) | 1 | A pretrial order, entered by the trial court pursuant to statute, controls subsequent course of an action unless such order is modified at the trial to prevent manifest injustice; statute reposes in trial court large discretionary powers. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | A pretrial order, entered by the trial court pursuant to K.S.A. 60-216, controls the subsequent course of an action unless such order is modified at the trial to prevent manifest injustice. This proviso reposes in the trial court large discretionary powers. | "Does a pretrial order, entered by the trial court pursuant to statute, control subsequent course of an action unless such order is modified at the trial to prevent manifest injustice; statute reposes in trial court large discretionary powers?" |
| 574 | Burry & Son Homebuilders v. Ford, 310 S.C. 529, 531 (1992) | 1 | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. Bowen & Smoot v. Plumlee, 301 S.C. 262, 391 S.E.2d 558 (1990). 1  Once legal prejudice is found, the granting or denial is within the discretion of the trial court. | Is a plaintiff entitled to a voluntary non-suit without prejudice as a matter of right unless the defendant shows legal prejudice or important issues of public policy are present? |
| 575 | Loman v. Freeman, 375 Ill. App. 3d 445, 458 (2006) | 7 | Contract or no contract, if one cuts, carves, lacerates, incises, or otherwise alters someone else's property except as authorized by that person, one commits a classic tort: either trespass to chattels or conversion, depending on the extent of the alteration. Restatement (Second) of Torts SS 278, 892A. | Contract or no contract, if one cuts, carves, lacerates, incises, or otherwise alters someone else's property except as authorized by that person, one commits a classic tort: either trespass to chattels or conversion, depending on the extent of the alteration. | "Does one commit trespass to chattels if they cut, carve, lacerate, incise, or otherwise alter someone else's property?" |
| 576 | Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 456 (1949) | 12 | Where from nature of case, plaintiff in action for damages for negligence could not be expected to know exact cause of precise negligent acts which became cause of injury, and facts are peculiarly within knowledge of defendant, plaintiff is not required to allege the particular cause. V.A.M.S. S 509.300. | Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within knowledge of the defendant, the plaintiff is not required to allege the particular cause.' | "Will a plaintiff be required to allege a particular cause, where from nature of case, the plaintiff in action for damages for negligence could not be expected to know exact cause of precise negligent act?" |

| 577 | In re Gillies' Estate, 8 N.J. 88, 101 (1951) | 6 | A child adopted in a foreign country may take under local statutes of descent and distribution if such foreign country had jurisdiction to fix his status with respect to adopted parents, but this rule of international comity is subject to condition that the law, with regard to adoption, of state in which real and personal property is situated, does not differ essentially from law of state in which adoption was had, so that local public policy is not violated by recognizing and giving effect to the adoption proceeding of the foreign country. | The weight of authority in this country is that a child adopted in a foreign state or country may take under local statutes of descent and distribution, if such foreign state or country had jurisdiction to fix his status with respect to his adoptive parents, but this rule of international comity is subject to the condition that the law, with regard to adoption, of the state in which the real and personal property is situated, does not differ essentially from the laws of the state in which the adoption was had, so that local public policy is not violated by recognizing and giving effect to the adoption proceedings of the foreign state or country. | What conditions are a comity subject to? |
| --- | --- | --- | --- | --- | --- |
| 579 | Robinson v. Global Resources, Inc., 300 Ga.App. 139, 140 (Ga.App.,2009) | 2 | Party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests, even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. West's Ga.Code Ann. S 9-11-36(b). | It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests.  "This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the **106 facts of the case." | "Does a party's failure to timely respond to requests for admission conclusively establish as a matter of law each of the matters addressed in the requests, even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case?" |
| 580 | Kelly v. Gaines, 181 S.W.3d 394, 405 (Tex. App. 2005), rev'd, 235 S.W.3d 179 (Tex. 2007) | 2 | When a motion for continuance is premised on the withdrawal of counsel, the movant must show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial. | When a continuance request is premised on the withdrawal of counsel, the movant must show that the failure to be represented at trial is not due to his own fault or negligence. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.1986); In re Posadas USA, Inc., 100 S.W.3d 254, 258 (Tex.App.-San Antonio 2001, orig. proceeding); St. Gelais v. Jackson, 769 S.W.2d 249, 253 (Tex.App.-Houston [14th Dist.] 1988, no writ). This principle likewise applies when new counsel is retained shortly before trial. See St. Gelais, 769 S.W.2d at 254. | "When a motion for continuance is premised on the withdrawal of counsel, must the movant show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial?" |

| | | | | | |
|---|---|---|---|---|---|
| 581 | Bray v. Miller, 397 S.W.2d 103, 106 (Tex. App. 1965) | 7 | Trial judge does not abuse his discretion in overruling motion for continuance based on absence of witness when allegations of motion are nothing more than mere conclusions of pleader and do not allege specific facts to which absent witness could testify. Rules of Civil Procedure, rules 251, 252. | It is well settled by the decisions of the courts of Texas that a trial judge does not abuse his discretion in overruling a motion for continuance based on the absence of a witness when the allegations of the motion are nothing more than mere conclusions of the pleader and do not allege the specific facts to which the absent witness would testify. | Does a trial judge abuse his discretion in overruling a motion for continuance based on absence of a motion are nothing more than mere conclusions of pleader and do not allege specific facts to which absent witness could testify? |
| 583 | Krirat v. State, 286 Ga. App. 650, 657 (2007) | 11 | In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing that the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. West's Ga.Code Ann. S 17-8-25. | In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing of the requirements set forth in OCGA 17-8-25, i.e., the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. | "In an application for a continuance on the ground of the absence of the witness, what are the requirements to be shown by the movant?" |
| 584 | West v. Milner Enterprises, Inc., 162 Ga. App. 667, 667, 292 S.E.2d 538, 539 (1982) | 1 | To avoid conclusive establishment of matters contained in a request for admissions, party who has failed to answer or object to the request within the statutory period must move the court for withdrawal or amendment of the admissions. Code, S 81A-136(b). | To avoid the conclusive establishment of the matters contained in a request for admissions, the party who has failed to answer or to object to a request for admissions within the statutory period must move the court for withdrawal or amendment of the admissions in accordance with Code Ann. § 81A–136(b). | "To avoid conclusive establishment of matters contained in a request for admissions, must the party who has failed to answer or object to the request within the statutory period move the court for withdrawal or amendment of the admissions?" |
| 585 | DiMauro v. Metro. Suburban Bus Auth., 105 A.D.2d 236, 241, 483 N.Y.S.2d 383, 389 (1984) | 10 | It is abuse of discretion to deny continuance where application complies with every requirement of law and is not made merely for delay, where evidence is material and where need for a continuance does not result from failure to exercise due diligence. | "It is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and the need for a continuance does not result from the failure to exercise due diligence (cf. [17] CJS, Continuances, § 46; Ludlam v. Riverhead Bond & Mtge. Corp, 244 App Div 113 [278 N.Y.S. 487] ). | "Is it an abuse of discretion to deny continuance where an application complies with every   of law and is not made merely for delay, where evidence is material and where need for a continuance does not result from failure to exercise due diligence?" |

| 586 | Estate of Despain v. Avante Grp., 900 So. 2d 637, 641 (Fla. App. 2005) | 6 | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | Accordingly, although section 768.72(1) is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. | Do parties have a substantive right not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing of a reasonable basis for recovery of such damages has been made to the trial court? |
| 587 | Com., Dep't of Highways v. Frank Fehr Brewing Co., 376 S.W.2d 541, 542 (Ky. App. 1964) | 2 | If witness, or better witness, is discovered on eve of trial, unless there is some reason why continuance or delay would be abuse to opposing party or court, the most that could fairly be required is that opposing party be given reasonable time in which to examine witness and make such additional preparation as may be required by information elicited from him. | If a witness (or a better witness) is discovered on the eve of trial, unless there is some reason why a continuance or delay would be an abuse to the opposing party (or, possibly, upon the court) the most that could fairly be required is that he be given a reasonable time in which to examine the witness and make such additional preparation as may be required by the information elicited from him. | Should an opposing party be given reasonable time to examine a witness and make additional preparations if a witness is discovered on eve of trial? |
| 589 | Perryman v. Crawford, 968 So. 2d 83, 85 (Fla.App. 4 Dist., 2007) | 4 | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is a clear showing of abuse prejudicial to the affected party. | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is "a clear showing of abuse prejudicial to the affected party." | Is broad discretion vested in a trial court in the context of interpretation and enforcement of pretrial orders mandating witness disclosure and should the reviewing court reverse only where there is a showing of abuse? |
| 591 | Railroad Commission v. Humble Oil & Refining Co., 193 S.W.2d 824, 828 (Tex.Civ.App. 1946) | 3 | The Railroad Commission's power to regulate oil production in the interest both of conservation and of protecting correlative rights is a continuing one, and its proration orders are subject to change, modification, or amendment at any time, upon due notice and hearing, either upon the commission's own motion or upon application of interested parties. | The Commission's power to regulate oil production in the interest both of conservation and of protecting correlative rights is a continuing one, and its proration orders are subject to change, modification or amendment at any time, upon due notice and hearing, either upon the Commission's own motion or upon application of an interested party. | Is the Commission's power to regulate oil production in the interest of both conservation and protecting correlative right a continuing one? |
| 592 | Stonebridge Life Ins. Co. v. Pitts, 236 S.W.3d 226, 235 (Tex.App.- Corpus Christi, 2006) | 11 | Due process requires that defendants be permitted, in a class action, to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the class members' claims; therefore, the discovery limitations imposed by the certification of class must be appropriate and reasonable. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 42. | For example, due process requires that defendants be permitted to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the class members' claims. See Peltier, 51 S.W.3d at 625. Therefore, the discovery limitations imposed by the certification must be appropriate and reasonable. | "Does due process require that defendants be permitted, in a class action, to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the class members' claims?" |

| 593 | Com. v. Cent. Realty Co., 338 Pa. 172, 180-81 (1940) | 2 | State taxes are essential to very preservation of state itself, while local levies are authorized or permitted by state merely to maintain machinery of local government, and commonwealth's direct revenues must be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise. | 'State taxes stand on a different basis from local levies; the former are essential to the very 'preservation' of the state itself (Schoyer v. Comet O. & R. Co., 284 Pa. 189, 193, 130 A. 413), while the latter are authorized or permitted by the state, not for its actual preservation, but merely to maintain the machinery of local government. So far as general principles enter into the matter, the basic interest of the sovereign authority requires the direct revenues of the commonwealth *181 to be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise.' See also Harper v. | "While local levies are authorized or permitted by state merely to maintain machinery of local government, are state taxes essential to very preservation of a state itself?" |
| 595 | Towne Properties v. City of Fairfield, 50 Ohio St. 2d 356, 359-360 (Ohio, 1977) | 5 | Although, in the exercise of their taxing powers, municipalities and the state are subject to the requirements of the equal protection clause of the Fourteenth Amendment, that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation. U.S.C.A.Const. Amend. 14. | Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. | "Does the equal protection clause of the Fourteenth Amendment impose an iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation by the municipalities and the state?" |
| 596 | Terry v. Terry, 160 Ind. App. 653, 667, 313 N.E.2d 83, 91 (1974) | 15 | Though trial judge may sua sponte grant continuance because of party's illness, such action is within sound discretion of judge and will not be disturbed on appeal absent clear showing of abuse of discretion. | Further, while a trial judge may sua sponte grant a continuance because of a party's illness, such action is within the sound discretion of the judge, and will not be disturbed on appeal absent a clear showing of abuse of discretion. | "Though a trial judge may sua sponte grant continuance because of a party's illness, is such action within the sound discretion of a judge and will not be disturbed on appeal absent a clear showing of abuse of discretion?" |
| 597 | Cobb v. Fisher, 20 So. 3d 1253, 1257 (Ala. 2009) | 5 | The decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, is within the trial court's discretion, and the Supreme Court reviews such decisions to determine whether the trial court exceeded its discretion. | We note that "[t]he decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, is within the trial court's discretion," and we review such decisions to determine whether the trial court exceeded its discretion. | "Is the decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, within the trial court's discretion?" |

| 598 | Copiah Cty. Sch. Dist. v. Buckner, 61 So. 3d 162, 166 (Miss. 2011) | 4 | The plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner; to establish good cause the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and the plaintiff must demonstrate that a diligent effort was made to effect timely service. Rules Civ.Proc., Rule 4(h). | The plaintiff bears the burden to demonstrate good cause for a failure to serve process in a timely manner. Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 547 (Miss.2005) (citing Holmes v. Coast Transit Auth., 815 So.2d 1183, 1184 (Miss.2002)). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.' " Webster, 834 So.2d at 28 (citing Peters v. United States, 9 F.3d 344, 345 (5th Cir.1993)). To meet the burden of proof of good cause, the plaintiff must demonstrate that a diligent effort was made to effect timely service. | Does the plaintiff bear the burden to demonstrate good cause for a failure to serve process in a timely manner in order to avoid dismissal of action? |
| 601 | Holland v. Lefler, 80 Ark. App. 316, 321 (2003) | 6 | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Service of process under Rule 4(i) must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. | Should service of process under civil procedure rule governing summons be accomplished within 120 days after the filing of complaint unless a plaintiff has filed a motion to extend time prior to the expiration of the deadline? |
| 603 | Blinkoff v. O & G Indus., 89 Conn. App. 251, 257 (2005) | 10 | Although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious, or unwarranted disregard for the court's authority, the court should be reluctant to employ the sanction of dismissal except as a last resort; the sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court. | Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority … the court should be reluctant to employ the sanction of dismissal except as a last resort…. [T]he sanction *258 of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." | "Is dismissal of an action not an abuse of discretion where a party shows a deliberate, contumacious, or unwarranted disregard for the court's authority?" |

| | | | | | |
|---|---|---|---|---|---|
| 607 | Trans Health Mgmt. Inc. v. Nunziata, 159 So. 3d 850, 861 (Fla.App. 2 Dist., 2014) | 15 | A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. | As this court has explained: "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. | "Does fraud arise when it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" |
| 608 | Reyes v. Int'l Metals Supply Co., 666 S.W.2d 622, 624 (Tex. App. 1984) | 1 | Generally, where party fails to answer a request for admissions within period set by trial court, facts stated therein will be taken as true, and courts will not allow evidence to refute or controvert those facts. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Generally, where a party fails to answer a request for admissions within the period set by the court, the facts stated therein will be taken as true, and the courts will not allow evidence to refute or controvert these facts. | "Generally, where a party fails to answer a request for admissions within the period set by a trial court, will the facts stated therein be taken as true, and courts will not allow evidence to refute or controvert those facts?" |
| 609 | Mueller v. Shacklett, 156 Neb. 881, 887 (1953) | 9 | Where a party properly serves request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections thereto are heard and appropriately denied by court, and other party has been ordered to respond thereto, failure of such party to do so within time allotted constitutes admission of facts sought to be elicited. R.S.Supp.1951, S 25-1267.41. | In that connection, the applicable rule here is that where a party properly serves a request for admissions of relevant matters of fact or the genuineness of relevant documents, and all objections thereto are heard and appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time allotted constitutes an admission of the facts sought to be elicited. | Does a failure to appropriately respond within time allotted to a properly served request for admission of facts constitute an admission of facts sought to be elicited? |
| 610 | Cordts v. Chicago Tribune Co., 369 Ill. App. 3d 601, 606-07 (2006) | 1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion to dismiss * * * admits the legal sufficiency *607 of the complaint and raises defects, defenses or other affirmative matters * * * which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact. | Can a motion to dismiss base upon defects or defenses admit the legal sufficiency of the complaint? |
| 611 | Tenneco Resins v. Davy Int'l, AG, 770 F.2d 416, 421 (C.A.5 (Tex.), 1985) | 6 | When only a minimal amount of discovery has been conducted, which may also be useful for purpose of arbitration, court should not ordinarily infer waiver based upon prejudice to party opposing the motion to stay litigation pending arbitration. | However, when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation. | Can a court infer waiver based upon prejudice to the party opposing the motion to stay litigation pending arbitration when only a minimal amount of discovery has been conducted? |

| 612 | Patton v. Kera Tech., 946 So. 2d 983, 986 (Fla., 2006) | 1 | A two-step test is to be applied by trial courts considering whether a dismissal for failure to prosecute is proper: first, the defendant must show that there was no record activity for the year preceding the motion; second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | This Court has identified a two-step test to be applied by trial courts considering whether a dismissal for failure to prosecute is proper under rule 1.420(e): "[F]irst, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Metropolitan Dade County v. | Is a two-step test to be applied by trial courts considering whether a dismissal for failure to prosecute is proper? |
|---|---|---|---|---|---|
| 616 | Jahn v. Burns, 593 P.2d 828, 831-32 (Wyo. 1979) | 7 | A negotiable instrument, or a commercial paper, involves the business of commerce insofar as activities delineated in Article III of the Uniform Commercial Code are concerned, i. e., transfer, rights of payor, payee, endorser, holder in due course, etc.; however, the use of such in connection with a noncommercial transaction does not ipso facto turn that transaction into a commercial transaction which is subject to other provisions of the Code. W.S.1977, SS 34-21-301 to 34-21-379. | A negotiable instrument, or a commercial paper, involves the business of commerce insofar as activities delineated in Article 3 of the Code are concerned, i. e., transfer, rights of payor, payee, endorser, holder in due course, etc. However, the use of such in connection with a non-commercial transaction does not Ipso facto turn that transaction into a commercial transaction *832 which is subject to other provisions of the Code. | "Can use of negotiable instrument, or a commercial paper in connection with a non-commercial transaction turn that transaction into a commercial transaction?" |
| 617 | Morgan v. Am. Family Life Assur. Co. of Columbus, 559 F. Supp. 477, 480 (W.D. Va. 1983) | 1 | When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, court must take all allegations in complaint as admitted, and pleading should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of claim which would entitle him to relief. | When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take all allegations in the complaint as admitted, and the pleading should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." | "In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, should the allegations of the complaint be viewed as admitted?" |
| 618 | Harvey v. Town of Tiverton, 764 A.2d 141, 143 (R.I. 2001) | 6 | In considering a motion to dismiss for failure to prosecute, the court is required to weigh conflicting interests: on the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay; on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(2). | In considering a motion to dismiss for failure to prosecute, the court is "required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits." | "Is a court required to weigh the risk of prejudice to the defendants from delay, in considering a motion to dismiss for failure to prosecute?" |

| 619 | Pursell v. First Am. Nat. Bank, 937 S.W.2d 838, 840 (Tenn., 1996) | 1 | Motion to dismiss for failure to state claim upon which relief can be granted tests sufficiency of complaint; basis for motion is that allegations contained in complaint, considered alone and taken as true, are insufficient to state claim as matter of law. | A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. | "Would the basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint when considered alone and taken as true, are insufficient to state a claim as a matter of law?" |
|---|---|---|---|---|---|
| 622 | Rodriguez v. Brady, 79 N.E.3d 841, 845 (Ill.App. 3 Dist., 2017) | 2 | The critical inquiry in deciding a motion to dismiss with respect to the pleadings is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. 735 Ill. Comp. Stat. Ann. 2-615. | "The critical inquiry in deciding a section 2-615 motion to dismiss is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." | Is critical inquiry in deciding a section 2-615 motion to dismiss the allegations of the complaint those which are considered in a light most favorable to the plaintiff sufficient to state a cause of action upon which relief can be granted? |
| 623 | Randolph v. Hays, 665 P.2d 500, 503 (Wyo., 1983) | 4 | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for purpose of preventing undue delay on the one hand, and policy favoring disposition of cases on the merits on the other hand. Rules Civ.Proc., Rule 41(b)(2); District Court Rule 14. | While no precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution, the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand. | Is there a precise rule that may be laid down as to what circumstances justify dismissal for lack of prosecution? |
| 624 | Salabaschew v. TRW, 100 Ohio App. 3d 503, 507 (1995) | 4 | To successfully proceed with action, burden is on plaintiff to attend all pretrial and trial proceedings as well as to be available for depositions and other discovery; should plaintiff fail to fully prosecute action or comply with discovery, trial court could impose appropriate sanctions including involuntary dismissal of case. | In order to successfully proceed with this action, the burden is on appellant to attend all pretrial and trial proceedings as well as to be available for depositions and other discovery. Should appellant fail to fully prosecute the action or comply with discovery, the trial court could impose the appropriate sanctions including involuntary dismissal of the case. | Can court impose appropriate sanctions including involuntary dismissal of case if plaintiff fails to fully prosecute action or comply with discovery? |
| 625 | Cogswell v. Am. Transit Ins. Co., 282 Conn. 505, 516 (2007) | 8 | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.... Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue | "Does a motion to dismiss admit all facts that are well pleaded, invokes the existing record, and must be decided upon that alone?" |

| 626 | Wilson Tool & Die, Inc. v. TBDN-Tennessee Co., 237 S.W.3d 611, 615 (Mo. Ct. App. 2007) | 3 | When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. V.A.M.S. S 506.500. | When a motion to dismiss for lack of long-arm jurisdiction "is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition." | "When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, can the trial court hear it on affidavits presented by the parties?" |
| 627 | Cogswell v. Am. Transit Ins. Co., 282 Conn. 505, 516 (2007) | 8 | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.... Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue | "Does the motion to dismiss admit all facts which are well pleaded, invokes the existing record, and must be decided upon that alone?" |
| 629 | Fisher & Co. v. Dep't of Treasury, 282 Mich. App. 207, 209-10 (2009) | 3 | A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden; sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. M.C.L.A. SS 205.51 et seq., 205.91 et seq. | "A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden. Sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question." | "Is a sales-use tax scheme designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden?" |
| 630 | Pierson v. State, 398 S.W.3d 406, 412 (Tex. App. 2013) | 5 | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates manifest necessity. U.S.C.A. Const.Amend. 5. | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be "automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." Under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates "manifest necessity." | "Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, can a retrial not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" |
| 631 | City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630, 632 (1989) | 1 | Before court may grant petition to open judgment non pros, petition must be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged. | Before a court may grant a petition to open judgment there must be a coalescence of three factors: (1) the petition to open judgment must be timely filed, (2) there must be a reasonable explanation or excuse for the default, and (3) facts constituting grounds for a cause of action must be alleged. | "Before court can grant petition to open judgment non pros, should a petition be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged?" |

| 633 | McPhail v. F & B Assocs., 160 A.D.2d 398, 554 N.Y.S.2d 25, 25 (1990) | 1 | While party which has had its action stricken from trial calendar and not restored for one year must move to vacate automatic dismissal of complaint, court may properly treat motion to restore case as one to vacate dismissal. McKinney's CPLR 3404. | In that regard, while a party which has had its action stricken from the trial calendar and not restored for one year must move to vacate automatic dismissal of the complaint, the court may properly treat a motion to restore the case as one to vacate the dismissal (Merrill v. Robinson, 99 A.D.2d 578, 470 N.Y.S.2d 960). | "While a party which has had its action stricken from the trial calendar and not restored for one year must move to vacate automatic dismissal of complaint, can a court properly treat a motion to restore case as one to vacate dismissal?" |
|---|---|---|---|---|---|
| 634 | Greater Franklin Developers Ass'n v. Town of Franklin, 49 Mass. App. Ct. 500, 502 (2000) | 2 | "Fees" share common traits that distinguish them from "taxes": (1) they are charged in exchange for particular governmental service which benefits party paying the fee in manner not shared by other members of society, (2) they are paid by choice, in that party paying the fee has option of not utilizing the governmental service and thereby avoiding the charge, and (3) the charges are collected not to raise revenues but to compensate governmental entity providing the services for its expenses. M.G.L.A. Const. Amend. Art. 89, S 7; M.G.L.A. c. 40, S 22F. | Fees "share common traits that distinguish them from taxes: [1] they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner 'not shared by other members of society'; [2] they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge; and [3] the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses." | "In distinguishing fees with taxes, do fees benefit the party in a manner not shared by other members of society?" |
| 635 | Merch. v. State, 201 So. 3d 146, 151 (Fla. Dist. Ct. App. 2016) | 3 | In cases where a mistrial is declared over the objection of the defendant, the double jeopardy clause does not guarantee that the defendant cannot be retried; right to have a trial concluded by a particular tribunal must give way to the public interest in allowing the State one full and fair opportunity to present evidence to an impartial jury. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Even in cases where a mistrial is declared over the objection of the defendant, the double jeopardy clause does not guarantee that a defendant cannot be retried. The right to have a trial concluded by a particular tribunal sometimes must give way to the public interest in allowing the State one "full and fair opportunity" to present evidence to an impartial jury. | "Where mistrial is declared over objection of a defendant, does a double jeopardy clause not guarantee that a defendant cannot be retried?" |
| 638 | State v. Gradison, 758 N.E.2d 1008, 1013–14 (Ind. Ct. App. 2001) | 11 | A trial court's judgment that the evidence is legally insufficient to support a guilty verdict, even though erroneous, acts as an acquittal for double jeopardy purposes, and any retrial would violate defendant's rights under the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | A trial court's judgment that the evidence is legally insufficient to support a guilty verdict, even though erroneous, acts as an acquittal for double jeopardy purposes, *1014 and any retrial would violate Gradison's rights under the Double Jeopardy Clause. | "Does a trial court's judgment that the evidence legally insufficient to support a guilty verdict, even though erroneous, act as an acquittal for double jeopardy purposes?" |

| 639 | Campanelli v. AT&T Wireless Serv., 85 Ohio St. 3d 103, 106 (1999) | 4 | Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, Supreme Court weighs several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, to determine if an entity, alleged to be a public utility, conducts its business in such a way as to become a matter of public concern. | Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, we must weigh several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, in order to determine whether an entity conducts its business in such a way as to become a matter of public concern. | Are any factors controlling in determining whether an entity conducts in the matter of public concern? |
| 640 | Wolf v. Scott Wetzel Servs., Inc., 113 Wash. 2d 665, 668–69, 782 P.2d 203, 205 (1989) | 2 | Under the Industrial Insurance Act, employer pays some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief. West's RCWA 51.04.010, 51.32.010. | Under the IIA, the employer pays some claims for which it would not be liable under the common law in exchange for limited *669 liability.3 The employee, on the other hand, gives up common law actions and remedies in exchange for sure and certain relief. | "Under the Industrial Insurance Act, does an employer pay some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief?" |
| 644 | Wasko v. Manella, 269 Conn. 527, 532–33, 849 A.2d 777, 781 (2004) | 4 | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | The object of [legal or equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it…. | "Is legal or equitable subrogation designed to promote and to accomplish justice, and is the mode that equity adopts to compel the ultimate payment of a debt by one who, in justice, equity and good conscience should pay it?" |
| 645 | Salomon S.A. v. Scott USA Ltd. Partnership, 117 F.R.D. 320, 321 (D.Mass.,1987) | 1 | District court may, in its discretion, defer or abate proceedings where another suit involving identical issues is pending in either federal or state court and it would be duplicative, uneconomical, and vexatious to proceed otherwise, and court has broad discretion in questions of severance. Fed.Rules Civ.Proc.Rule 21, 28 U.S.C.A. | A district court may, in its discretion, defer or abate proceedings where another suit, involving identical issues, is pending in either a federal or state court, and where it would be duplicative, uneconomical, and vexatious to proceed otherwise, Blinder, Robinson & Co., Inc. v. U.S.S.E.C., 692 F.2d 102, 106 (10thCir.1982). Moreover, the court has broad discretion on such questions of severance, | "Can a court in its discretion defer or abate proceedings, where another suit involving identical issues is pending either in federal or state court?" |

| 646 | Brown v. Wood, 451 So. 2d 569, 572-73 (La. App. 1984) | 2 | Under general codal provisions on acquisitive prescription, possessor lacking good faith or just title may acquire prescriptive title to land by corporeally possessing tract for 30 years with intent to possess as owner, but only when possession is continuous, uninterrupted, peaceable, public and unequivocal, and only as to such immovable property as is actually possessed; alternatively, titleholder may acquire more land than his title calls for by possessing property beyond his title for 30 years without interruption and within visible bounds, and may attain 30 year possessory period, which is necessary to perfect prescriptive title in absence of good faith and just title, by tacking on possession of his ancestor in title. LSA-C.C. arts. 794, 3424, 3441, 3442, 3476, 3486, 3487, 3488. | Under the general codal provisions on acquisitive prescription, a possessor lacking good faith and/or just title may acquire prescriptive title to land by corporeally possessing a tract for 30 years with the intent to possess as owner. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public and unequivocal, and confers title only to such immovable property as is actually possessed. LSA-C.C. Arts. 3424, 3476, 3486, 3487, 3488. Alternatively, under Civil Code Art. 794, a title holder may acquire more land than his title calls for by possessing property beyond his title for 30 years without interruption and within visible bounds. Such a title holder may attain the thirty *573 year possessory period-which is necessary to perfect prescriptive title in the absence of good faith and just title-by "tacking" on the possession of his ancestor in title. | Can the ownership of  immovable property under record title be eclipsed and superseded by ownership acquired under prescriptive title? |
| 649 | Kent Cty. Rd. Comm'n v. Hunting, 170 Mich. App. 222, 233 (1988) | 5 | Under Michigan Environmental Protection Act, trial court must conduct dual inquiry to determine if prima facie showing of pollution, impairment, or destruction of natural resource has been made by assessing whether natural resource is involved and whether impact of activity on environment rises to level of impairment to justify trial court's intervention. M.C.L.A. S 691.1201 et seq. | The trial court must conduct a dual inquiry to determine if a prima facie showing of pollution, impairment, or destruction of a natural resource has been made: (1) whether a natural resource is involved, and (2) whether the impact of the activity on the environment rises to the level of impairment to justify the trial court's intervention. | "How does the trial court determine if a prima facie showing of pollution, impairment, or destruction of a natural resource has been made?" |
| 651 | Guilford Cty. ex rel. Holt v. Puckett, 191 N.C. App. 693, 696 (2008) | 3 | The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. | "The doctrine [of subrogation] is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice." | "Is the basis of subrogation the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice?" |

| 653 | Air Pegasus of D.C. v. United States, 424 F.3d 1206, 1213 (2005) | 5 | The Constitution does not itself create or define the scope of property interests protected by the Fifth Amendment; instead, existing rules and understandings and background principles derived from an independent source, such as state, federal, or common law, define the dimensions of the requisite property rights for purposes of establishing a cognizable taking. U.S.C.A. Const.Amend. 5. | However, the Constitution does not itself create or define the scope of "property" interests protected by the Fifth Amendment. "Instead, 'existing rules and understandings' and 'background principles' derived from an independent source, such as state, federal, or common law, define the dimensions of the requisite property rights for purposes of establishing a cognizable taking." | What defines the dimensions of the requisite property rights for purposes of establishing a cognizable taking? |
|---|---|---|---|---|---|
| 656 | Ramirez & Feraud Chili Co. v. Las Palmas Food Co., 146 F. Supp. 594, 600 (S.D.Cal., 1956) | 7 | The power to impose, even upon foreigners owing no allegiance, liability for acts done abroad which proximately cause damage within territorial limits of sovereign is inherent in national sovereignty. | Also inherent in national sovereignty is the power to impose, even upon foreigners owing no allegiance, liability for acts done abroad which proximately cause damage within the territorial limits of the sovereign. | Is there inherent power national sovereignty to impose liability on foreigners for acts done abroad which proximately cause damage within the territorial limits of the sovereign? |
| 659 | Schweitzer v. Westminster Investments, 157 Cal. App. 4th 1195, 1213-1214 (2007) | 24 | A motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, is designed to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. | A motion in limine, which is a commonly used tool brought at the beginning of trial when evidentiary issues are anticipated by the parties, is designed to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. | "Is a motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, designed to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party?" |
| 660 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520-21 (2d Cir. 1985) | 4 | Applicability of "act of state" doctrine depends on likely impact on international relations that would result from judicial consideration of the foreign sovereign's act; if adjudication would embarrass or hinder the executive in realm of foreign relations, court should refrain from inquiring into validity of the foreign state's act. | Therefore, the applicability of the doctrine depends on the likely impact on international relations that *521 would result from judicial consideration of the foreign sovereign's act. 2  If adjudication would embarrass or hinder the executive in the realm of foreign relations, the court should refrain from inquiring into the validity of the foreign state's act. | "In determining applicability of ""act of state"" doctrine, is the likely impact on international relations that would result from judicial consideration of foreign sovereign's act relevant?" |
| 661 | Roe v. Unocal Corp., 70 F. Supp. 2d 1073, 1079 (C.D.Cal., 1999) | 4 | Act of state doctrine embodies purely prudential concern that judicial inquiry into the validity of foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts. | In other words, the act of state doctrine embodies the purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with Executive and Congressional foreign policy efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts? |

| 662 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329, 349-50 (C.D.Cal., 1997) | 26 | Act of state doctrine embodies purely prudential concern that judicial inquiry into validity of foreign nation's sovereign acts may interfere with Executive and Congressional foreign policy efforts. | In other words, the act of state doctrine embodies the purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with Executive and Congressional foreign policy *350 efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into validity of a foreign nation's sovereign acts may interfere with the Executive and Congressional foreign policy efforts? |
|---|---|---|---|---|---|
| 663 | Tachiona ex rel. Tachiona v. Mugabe, 186 F. Supp. 2d 383, 390 (S.D.N.Y., 2002) | 3 | Precise contours of protection from assertions of foreign territorial jurisdiction over heads of state are not specifically spelled out in any treaty or universally accepted instrument reflecting customary international law. | Leaving the Vienna Convention aside for the moment, the precise contours of the protection from assertions of foreign territorial jurisdiction over heads of state are not specifically spelled out in any other treaty or universally accepted instrument reflecting customary international law. | Are the precise contours of protection from assertions of foreign territorial jurisdiction over heads of state are not specifically spelled out in any treaty or universally accepted instrument reflecting customary international law? |
| 666 | Teegarden v. United States, 42 Fed. Cl. 252, 257 (Fed.Cl., 1998) | 5 | In the context of a claim for inverse condemnation, damages resulting from a random event induced more by an extraordinary natural phenomenon than by government interference cannot rise to the level of a compensable taking, even if there is permanent damage to property partially attributable to government activity. U.S.C.A. Const.Amend. 5. | In the context of a claim for inverse condemnation, damages resulting from " 'a random event induced more by an extraordinary natural phenomenon than by Government interference' " cannot rise to the level of a compensable taking, "even if there is permanent damage to property partially attributable to Government activity." | "Can damages resulting from a random event induced more by an extraordinary natural phenomenon than by Government interference, rise to the level of a compensable taking?" |
| 667 | Florida Power & Light Co. v. Sys. Council U-4 of Int'l Bhd. of Elec. Workers, AFL-CIO, 307 So.2d 189, 192 (Fla. App. 1975) | 2 | In absence of a proper supplemental bill filed after permission duly granted, right of complainant to relief prayed must be determined upon facts existing at time original bill was filed. 30 West's F.S.A. Rules of Civil Procedure, rule 1.190(a, d). | In the absence of proper supplemental bill filed after permission duly granted, the right of complainant to the relief prayed must be determined upon the facts existing at the time the original bill was filed. | "In absence of a proper supplemental bill filed after permission duly granted, must the right of the complainant to the relief prayed be determined upon facts existing at the time the original bill was filed?" |
| 668 | First Fed. Sav. & Loan Ass'n of Hamilton v. Haley, 377 So. 2d 1082, 1084 (Ala. App. 1979) | 3 | Venue statute, which relates to equitable proceedings against individuals when the subject matter of the action is real estate, has no limitation upon the general statewide jurisdiction of a circuit court. Code of Ala.1975, S 6-3-2; Const.1901, Amend. 328, S 6.04. | That statute is a venue statute relating to equitable proceedings against individuals when the subject matter of the action is real estate. It has no limitation upon the general state- wide jurisdiction of a circuit court. Ala.Const. amend. 328, s 6.04 (1973). | "Does a venue statute, which relates to equitable proceedings against individuals when the subject matter of the action is real estate, have any limitation upon the general statewide jurisdiction of a circuit court?" |
| 669 | Felmlee v. Falcon Cable TV, 36 Cal. App. 4th 1032, 1038, 43 Cal. Rptr. 2d 158, 161 (1995), as modified (July 28, 1995) | 6 | Workers' compensation scheme operates regardless of fault and achieves identical purposes that underlie recovery under peculiar risk doctrine by ensuring swift, sure compensation for workplace injuries. | That is because the workers' compensation scheme operates regardless of fault and achieves the identical purposes that underlie recovery under the peculiar risk doctrine by ensuring swift, sure compensation for workplace injuries. | "Does the workers compensation scheme operate regardless of fault and achieve identical purposes that underlie recovery under the peculiar risk doctrine by ensuring swift, sure compensation for workplace injuries?" |

| 670 | Dome Labs. v. Farrell, 599 P.2d 152, 155 (Alaska 1979) | 1 | Method of dismissal, under rule allowing plaintiff to file notice of dismissal at any time before service by adverse party of answer or of motion for summary judgment, whichever first occurs, is matter of right running to plaintiff and may not be extinguished or circumscribed by adversary or court. Rules of Civil Procedure, rule 41(a)(1)(a). | Civil Rule 41(a)(1) (a) allows the plaintiff to file a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." 2 This method of dismissal is a " 'matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.' " | Is voluntary dismissal by notice a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court? |
| 673 | Kwaiser v. Peters, 6 Mich. App. 153, 158 (1967) | 1 | Statement in Supreme Court decision that there is no reason why plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand cannot be interpreted as authorizing use of a new procedural device entitled a "demand." | (T)here is no reason why the questing plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand.' These words of advice, however, cannot be interpreted as authorizing the use of a new procedural device, entitled a 'demand.' | "Is there a reason why questing plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand?" |
| 676 | 321 Henderson Receivables Origination LLC v. Ramos, 172 Cal. App. 4th 305321 Henderson Receivables Origination LLC v. Ramos, 172 Cal. App. 4th 305, 313 (2009) | 1 | Voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. West's Ann.Cal.C.C.P. S 581. | "Alternatively stated, voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees." | "Does a voluntary dismissal of an entire action deprive the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees?" |
| 678 | State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 1093 (1949) | 4 | Discovery statutes are intended to assist in the administration of justice, are remedial in nature, and are to be liberally construed but they cannot be liberally construed in contravention of inhibitions respecting unreasonable searches and seizures or the invasion of the right of privacy. V.A.M.S. S 510.030; V.A.M.S.Const.1945, art. 1, S 15. | Discovery statutes are intended to assist in the administration of justice, are remedial in nature and are liberally construed. But they cannot be liberally construed in contravention of inhibitions respecting unreasonable searches and seizures or the invasion of the right of privacy. | "Are discovery statutes intended to assist in the administration of justice, are remedial in nature, and are to be liberally construed but they cannot be liberally construed in contravention of inhibitions respecting unreasonable searches and seizures or the invasion of the right of privacy?" |
| 679 | Jabri v. U Save Motors, 971 So. 2d 912, 913 (Fla. App. 2007) | 2 | The right to dismiss one's own lawsuit during the course of a trial is guaranteed by rule, endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve; the effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction. West's F.S.A. RCP Rule 1.420(a). | As the Court stated in Vasta: The right to dismiss one's own lawsuit during the course of a trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction." | Is a plaintiff endowed with unilateral authority to block action favourable to a defendant which a trial judge might be disposed to approve thereby completely removing it from the courts consideration? |

| 681 | TBF Fin. v. Stone, 213 S.W.3d 231, 233 (Mo.App. S.D., 2007) | 2 | A party who fails to respond to requests for admissions admits those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial, and a court must consider such admissions in deciding a motion for a directed verdict. V.A.M.R. 59.01. | A party who fails to respond to requests for admissions admits those matters. No further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial, and a court must consider such admissions in deciding a motion for a directed verdict. | "Does a party who fails to respond to requests for admissions admit those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial?" |
|---|---|---|---|---|---|
| 682 | Lawyers' Ass'n of St. Louis v. City of St. Louis, 294 S.W.2d 676, 682 (Mo. App. 1956) | 8 | The name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it is not conclusive on court in determining nature or purpose of exaction, though entitled to due weight and consideration; determination of purpose, nature and effect of tax being for court in final analysis, regardless of its apparent legislative designation. | We recognize that the name, purpose, designation or character given by the legislative body to a particular tax in the statute or ordinance imposing it is not conclusive upon the Court in determining the nature or purpose of the exaction. Yet it is entitled to due weight and consideration. In the final analysis it is for the Court to determine the purpose, nature and effect of a particular tax, regardless of its apparent legislative designation. | "Is the name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it, conclusive upon court in determining nature or purpose of exaction?" |
| 684 | Harms v. Simkin, 322 S.W.2d 930, 933 (Mo. App. 1959) | 4 | Mere fact that an attorney withdraws from a case does not give a party an absolute right to a continuance and decision whether to grant or deny continuance on that ground rests largely in discretion of trial court, and, although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of court's ruling. | The mere fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. The decision whether to grant or deny a continuance on this ground rests largely in the discretion of the trial court, and although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of the court's ruling. | Does the fact that an attorney withdraws from a case give a party an absolute right to a continuance? |
| 685 | Gendebien v. Gendebien, 668 S.W.2d 905, 907-908 (Tex. App. 1984) | 1 | Absence of counsel will not be a good cause for a continuance of the cause when called for trial except in discretion of trial court upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | Absence of counsel will not be a good cause for a continuance of the cause when called for trial, except in the discretion of the trial court, upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record. TEX.R.CIV.P. 253. | Will absence of counsel not be a good cause for a continuance of the cause when called for trial except in discretion of trial court upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record? |
| 686 | Ramirez v. Noble Energy, 521 S.W.3d 851, 857 (Tex. App. 2017) | 8 | To substantiate a summary judgment based solely on merits-preclusive deemed admissions, the party relying upon the deemed admissions must demonstrate flagrant bad faith or callous disregard for the rules. Tex. R. Civ. P. 198.3. | Thus, to substantiate a summary judgment based solely on merits-preclusive deemed admissions, the party relying upon the deemed admissions must demonstrate "flagrant bad faith or callous disregard for the rules." | "To substantiate a summary judgment based solely on merits-preclusive deemed admissions, must the party relying upon the deemed admissions demonstrate flagrant bad faith or callous disregard for the rules?" |

| 687 | In re Marriage of Dishon, 277 Mont. 501, 505 (1996) | 10 | Although failure to file answer brief within ten days is deemed an admission that motion is well taken, district court is not required to grant unanswered motion. Uniform District Court Rule 2(b). | Although Rule 2(b) of the Uniform District Court Rules provides that a failure to file an answer brief within ten days shall be deemed an admission that the motion is well taken, it does not require the district court to grant the unanswered motion. | "Although failure to file answer brief within ten days is deemed an admission that motion is well taken, is a district court not required to grant the unanswered motion?" |
| 688 | Travis v. Commercial Union Ins. Co., 569 So. 2d 115, 118 (La. Ct. App. 1990) | 4 | Generally, when obligation is based on writing, prima facie proof of obligation requires introducing that writing; jurisprudential exception is that when plaintiff requests admissions of contractual coverage or production of policy, defendant's failure to comply may be construed as supplying missing proof. | Generally, when an obligation is based on a writing, prima facie proof of the obligation requires introducing that writing. Ascension Builders, Inc. v. Jumonville, 263 So.2d at 878; Sudds v. Protective Casualty Insurance Company, 554 So.2d at 151. A jurisprudential exception is that when the plaintiff requests admissions of contractual coverage or production of the policy, the defendant's failure to comply may be construed as supplying the missing proof. | Is the jurisprudential exception to rule that prima facie proof of contractual obligation requires introduction of the writing that when a plaintiff in a case involving an insurance contract requests admissions of contractual coverage? |
| 690 | Hill v. Caparino, 370 S.W.2d 760, 761-62 (Tex. App. 1963) | 3 | In absence of a motion to permit a late filing of an answer to a request for admissions, there can be no complaint of action of trial court in entering order decreeing that request for admissions of relevant facts be deemed answered affirmatively. Rules of Civil Procedure, rule 169. | In the absence of a motion to permit a late filing of the answer, there can be no complaint of the action of the trial court in entering his order decreeing that the Request for Admissions of Relevant Facts be deemed answered affirmatively. | "In absence of a motion to permit a late filing of an answer to a request for admissions, can there be a complaint of the action of the trial court in entering its order decreeing that the request for admissions of relevant facts be deemed answered affirmatively?" |
| 693 | Law Offices of Nye & Assocs., Ltd. v. Boado, 2012 IL App (2d) 110804, ¶ 19 (2012) | 10 | The voluntary dismissal of an action is typically without prejudice to the bringing of a second action; however, the use of without prejudice language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action. S.H.A. 735 ILCS 5/2-1009(a). | Indeed, "[the] voluntary dismissal of an action is typically without prejudice to the bringing of a second action." (Emphasis in original.) Id. However, "the use of 'without prejudice' language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action:... | Is the use of without prejudice language sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action? |
| 694 | Graefe & Graefe v. Beaver Mesa Expl. Co., 635 P.2d 900, 902 (Colo. App. 1981) | 2 | Where evidence is admitted for limited purpose other than that for which it is later sought to be used, and where proposed amendment to conform to evidence seeks to introduce issue outside of pretrial order and not consented to by adverse parties, trial court does not err in refusing to allow amendment. Rules Civ.Proc., Rule 15(b). | Where the evidence is admitted for a limited purpose other than that for which it is later sought to be used, and where as here, the proposed amendment seeks to introduce an issue outside of the pretrial order and not consented to by the adverse parties, the trial court does not err in refusing to allow the amendment. | Does a court err in refusing to allow amendment where proposed amendment seeks to introduce an issue outside of pretrial order not consented to by the adverse parties? |

| 695 | U.S. v. Nagin, 810 F.3d 348, 351 (C.A.5 (La.), 2016) | 4 | An official may be convicted of bribery if he has corruptly entered into a quid pro quo, knowing the purpose behind the payment he has agreed to receive is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain. 18 U.S.C.A. S 201(b)(2). | Valle, we held that an official may be convicted of bribery under 201(b)(2) "if he has corruptly entered into a quid pro quo, knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain. | "If an official knows the purpose behind the payment he has agreed to receive is to induce or influence him in an official act, is he guilty of bribery even if he has no intention of performing the action?" |
| 696 | Lewis v. Clarke, 320 Conn. 706, 711 (2016) | 5 | Depending on the record before it, a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction may decide that motion on the basis of: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts; different rules and procedures will apply, depending on the state of the record at the time the motion is filed. Practice Book 1998, S 10-31(a)(1). | Depending on the record before it, a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Practice Book 10-31(a)(1) may decide that motion on the basis of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented **681 by undisputed facts plus the court's resolution of disputed facts.... Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." | "Depending on the record before it, can a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction decide that motion on the basis of what?" |
| 697 | Elliff v. Texon Drilling Co., 146 Tex. 575, 582 (1948) | 5 | A landowner is privileged to sink as many wells as he desires on his land and extract therefrom and appropriate all oil and gas that he may produce, so long as he operates within the spirit and purpose of conservation statutes and orders of the Railroad Commission. | The landowner is privileged to sink as many wells as he desires upon his tract of land and extract therefrom and appropriate all the oil and gas that he may produce, so long as he operates within the spirit and purpose of conservation statutes and orders of the Railroad Commission. | Is a landowner privileged to sink as many wells as he desires upon his tract of land and extract therefrom and appropriate all the oil and gas that he may produce? |
| 703 | All. for Metro. Stability v. Metro. Council, 671 N.W.2d 905, 919 (Minn. App. 2003) | 30 | In deciding whether a continuance of a summary judgment motion to conduct further discovery should be granted, the district court must address two issues: (1) whether the plaintiff has been diligent in obtaining or seeking discovery prior to its motion, and (2) whether the plaintiff is seeking further discovery in the good faith belief that material facts will be uncovered or merely engaging in a fishing expedition. 48 M.S.A., Rules Civ.Proc., Rule 56.06. | In deciding whether such a continuance should be granted, the district court must address two issues: (1) whether the plaintiff has been diligent in obtaining or seeking discovery prior to its rule 56.06 motion, and (2) whether the plaintiff is seeking further discovery in the good faith belief that material facts will be uncovered or merely engaging in a fishing expedition. | Should a court deciding a continuance be granted to allow more time for discovery consider whether the party seeking more time is acting from a good faith? |

| 705 | Billerbeck v. Caterpillar Tractor Co., 292 Ill. App. 3d 350, 352 (1997) | 1 | Plaintiff must act with reasonable diligence in effecting service of process on defendant; if plaintiff fails to act with reasonable diligence after statute of limitations expires, cause of action shall be dismissed with prejudice. Sup.Ct.Rules, Rule 103(b). | Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant. If the plaintiff fails to act with reasonable diligence after the statute of limitations expires, the cause of action shall be dismissed with prejudice. | Does Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant and if the plaintiff fails to act with reasonable diligence after the statute of limitations expires shall the cause of action be dismissed with prejudice? |
|---|---|---|---|---|---|
| 706 | United States v. Dixon, 536 F.2d 1388, 1400 (C.A.2 (N.Y.), 1976) | 14 | Doctrine of deprivation of honest and faithful services has developed to fit the situation in which a public official avails himself of his public position to enhance his private advantage, often by taking bribes; although such actions may not deplete the fisc and, in fact, may enrich it, they are nonetheless frauds since the public official has been paid to act in breach of his duties. | This doctrine of the deprivation of honest and faithful services has developed to fit the situation in which a public official avails himself of his public position to enhance his private advantage, often by taking bribes. Such actions may not deplete the fisc; indeed, as in Isaacs, they may have enriched it, but they are nonetheless frauds since the public official has been paid to act in breach of his duties. | What bribery situations has the doctrine of the deprivation of honest and faithful services been developed to it? |
| 707 | Constantine v. Stella Maris Ins. Co., 97 A.D.3d 1129, 1130, 948 N.Y.S.2d 802, 805 (2012) | 1 | While the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that defendant was subject to trial court's personal jurisdiction. McKinney's CPLR 3211(a)(8). | "While the ultimate burden of proof rests with the party asserting jurisdiction, ... in opposition to a motion to dismiss pursuant to CPLR 3211(a)(8), [plaintiff] need only make a prima facie showing that the defendant[, here, SMI,] was subject to the personal jurisdiction of the Supreme Court" (Cornely v. Dynamic HVAC Supply, LLC, 44 A.D.3d 986, 986, 845 N.Y.S.2d 797). | "While the ultimate burden of proof rests with the party asserting jurisdiction, is the plaintiff required only to make a prima facie showing that the defendant was subject to the personal jurisdiction of the court?" |
| 708 | Halas v. Dick's Sporting Goods, 105 A.D.3d 1411, 1412, 964 N.Y.S.2d 808, 810 (2013) | 2 | Although the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Although " 'the ultimate burden of proof rests with the party asserting jurisdiction, ... in opposition to a motion to dismiss pursuant to CPLR 3211(a)(8), [plaintiff] need only make a prima facie showing that the defendant ... was subject to the personal jurisdiction of ... Supreme Court' " (Constantine v. Stella Maris Ins. Co., Ltd., 97 A.D.3d 1129, 1130, 948 N.Y.S.2d 802). | "In opposition to a motion to dismiss for lack of personal jurisdiction, need a plaintiff only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court?" |
| 709 | Old Home Enterprise v. Fleming, 20 Neb. App. 705, 705 (2013) | 8 | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. West's Neb.Rev.St. S 25-217. | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. | "When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, does the trial court have no jurisdiction to make orders thereafter?" |

| 710 | Splinters, Inc. v. Greenfield, 63 A.D.3d 717, 719, 880 N.Y.S.2d 328, 331 (2009) | 5 | In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action. McKinney's CPLR 3012(b). | In order "[t]o avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made" pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (Balgley v. Cammarata, 299 A.D.2d 432, 749 N.Y.S.2d 732; see Pristavec v. Galligan, 32 A.D.3d 834, 820 N.Y.S.2d 529; Maldonado v. Suffolk County, 23 A.D.3d 353, 803 N.Y.S.2d 439; Giordano v. Vanchieri & Perrier, 16 A.D.3d 621, 792 N.Y.S.2d 180; Tutora v. Schirripa, 1 A.D.3d 349, 766 N.Y.S.2d 574). | "In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, must a plaintiff demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action?" |
| 712 | Oldham v. Keaton, 597 S.W.2d 938, 941 (Tex. Civ. App. 1980) | 1 | Where plaintiff by amended petition abandons cause of action on which venue was based and relies on causes of action not properly triable in county in which suit has been filed, right to then file a plea of privilege enures to the defendant. | Where a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, the right to then file a plea of privilege enures to the defendant. | "If a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, does the right to then file a plea of privilege enure to the defendant?" |
| 713 | In re Peoples, 296 N.C. 109, 147 (1978) | 12 | Whenever during course of litigation it develops that relief sought has been granted or that questions originally in controversy between parties are no longer in issue, case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | "Should case be dismissed as moot when, in course of litigation, it develops that relief sought has been granted or that questions originally in controversy between parties are no longer at issue?" |
| 714 | Avery v. New Hampshire Dep't of Educ., 162 N.H. 604, 606 (2011) | 2 | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the [petitioners'] legal claim but, instead, raises certain defenses, the trial court must look beyond the [petitioners'] unsubstantiated allegations and determine, based on the facts, whether [petitioners] ha[ve] sufficiently demonstrated [their] right to claim relief." | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? |

| 715 | Utset v. Campos, 548 So. 2d 834, 836 (Fla. Dist. Ct. App. 1989) | 3 | The filing within the requisite one-year period of a notice of taking deposition, or the issuance of a summons on a complaint, constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Moreover, it is settled that the filing within the requisite one-year period of a notice of taking deposition or the issuance of a summons on a complaint, as here, constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute under Fla.R.Civ.P. 1.420(e). | Does the filing within the requisite one-year period of a notice of taking a deposition constitute sufficient record activity to preclude the dismissal of an action to prosecute? |
| 717 | Dollar Sys. v. O'Connor & Meyers, P.A., 883 So. 2d 295, 297 (Fla. App. 2004) | 3 | Record activity sufficient to avoid dismissal for failure to prosecute is more than a mere passive effort to keep the suit on the court docket; it is any act reflected in the court file designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Record activity sufficient to avoid dismissal is more than "a mere passive effort" to keep the suit on the court docket. It is "any act reflected in the court file ... designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." | "For purposes of rule providing for dismissal of a cause of action for failure to prosecute, is a ""record activity"" defined as any act reflected in the court file that was designed to move the case forward?" |
| 718 | Dollar Sys. v. O'Connor & Meyers, P.A., 883 So. 2d 295, 297 (Fla. App. 2004) | 3 | Record activity sufficient to avoid dismissal for failure to prosecute is more than a mere passive effort to keep the suit on the court docket; it is any act reflected in the court file designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Record activity sufficient to avoid dismissal is more than "a mere passive effort" to keep the suit on the court docket. It is "any act reflected in the court file ... designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." | Is record activity sufficient to avoid dismissal for failure to prosecute more than a mere passive effort to keep the suit on the court docket? |
| 720 | Perry v. Perkins, 73 Idaho 4, 7 (1952) | 1 | A court has inherent authority, in absence of statute or rule, in exercise of sound judicial discretion, to dismiss an action for failure to comply with an order of court relating to pleadings filed or to be filed by plaintiff, including an order requiring amendment of his pleadings generally or with reference to making them more definite and certain. | It is universally recognized that a court has the inherent power and authority, in the absence of statute or rule, in the exercise of sound judicial discretion, to dismiss an action for failure to comply with an order of the court relating to pleadings filed or to be filed by the plaintiff, including an order requiring the amendment of his pleadings generally or with reference to making them more definite and certain. | Does a court have inherent authority to dismiss an action for failure to comply with an order of court relating to pleadings filed? |
| 721 | Campanella v. Takaoka, 160 Cal. App. 3d 504, 510, 206 Cal. Rptr. 745, 748 (Ct. App. 1984), disapproved of by Salas v. Sears, Roebuck & Co., 42 Cal. 3d 342, 721 P.2d 590 (1986) | 2 | In exercising reasonable diligence, plaintiff has affirmative duty to make every reasonable effort to bring his or her case to trial within five years, even during last month of its statutory life. West's Ann.Cal.C.C.P. S 583(b). | In exercising reasonable diligence, a plaintiff has an affirmative duty to make every reasonable effort to bring his or her case to trial within five years, even during the last month of its statutory life. | "Does a plaintiff have affirmative duty to make every reasonable effort to bring a case to trial within five years, even during last month of its statutory life?" |

| | | | | | |
|---|---|---|---|---|---|
| 723 | Jain v. Green Clinic, 830 So. 2d 836, 838 (Fla. App. 2002) | 1 | Rule of Civil Procedure governing motions to dismiss for lack of prosecution requires the trial court to engage in a two-step process in deciding whether to dismiss a case for lack of prosecution, namely first, the defendant must show that there was no record activity for the year preceding the motion, and second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Rule 1.420(e) requires the trial court to engage in a two- step process in deciding whether to dismiss a case for lack of prosecution. "[F]irst, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." | What process should the court engage in to decide whether to dismiss a case for lack of prosecution? |
| 725 | Malloy v. Preslar, 228 N.C. App. 183, 187 (2013) | 6 | Despite liberal nature of concept of notice pleading, complaint must nonetheless state enough to give substantive elements of at least some legally recognized claim, or it is subject to dismissal under rule for failure to state a claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "[D]espite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." | "Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim?" |
| 726 | Skinner v. Reynolds, 237 N.C. App. 150, 152, 764 S.E.2d 652, 655 (2014) | 3 | Despite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal for failure to state claim upon which relief can be granted. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "[D]espite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6).' | "Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim?" |
| 727 | Deloatch v. Becker, 698 A.2d 94, 96 (Pa. 1997) | 2 | Judgment of "non pros" is founded upon equitable principle of laches and may properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for delay, and delay has caused some prejudice to adverse party. | Further, we note that the non pros doctrine is founded upon the equitable principle of laches and may properly be entered "when a party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for the delay, and the delay has caused some prejudice to the adverse party." | "Can judgment of ""non pros"" properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude?" |
| 728 | Wright v. Texas Dep't of Crim. Just.-Institutional Div., 137 S.W.3d 693, 696 (Tex. App. 2004) | 7 | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. | Can a court dismiss for want of prosecution when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice? |

| 729 | Guggenheimer v. Ginzburg, 372 N.E.2d 17, 20-21 (1977) | 6 | When evidentiary material is considered in connection with motion to dismiss, criterion is whether proponent of pleading has cause of action, not whether he has stated one, and, unless it has been shown that material facts as claimed by pleader to be one is not fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. CPLR 3211(a), par. 7, (c). | When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been **21 shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate. | "Unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, should a dismissal not eventuate?" |
| --- | --- | --- | --- | --- | --- |
| 730 | Lowrey v. Horvath, 689 S.W.2d 625, 626 (Mo. 1985) | 1 | In reviewing trial court's dismissal of plaintiffs' petition for failure to state claim upon which relief can be granted, sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the averments invoke principles of substantive law entitling plaintiffs to relief. | In reviewing the trial court's dismissal of plaintiffs' petition for failure to state a claim upon which relief can be granted, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the averments invoke principles of substantive law entitling plaintiffs to relief. | "In reviewing the dismissal of a petition, what is the sole issue to be decided?" |
| 731 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Is judgment of non pros properly entered when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? |
| 736 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Can court enter judgment non pros where a party has shown lack of due diligence by failing to proceed with reasonable promptitude? |
| 737 | Brazell v. Windsor, 376 S.C. 83, 87 (2007) | 1 | A decision to grant a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action must be based solely upon the allegations set forth in the complaint. Rules Civ.Proc., Rule 12(b)(6). | In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in complaint. | Should a decision to grant a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action be based solely upon the allegations set forth in the complaint? |

| 739 | Conboy v. State, 292 Conn. 642, 651 (2009) | 12 | When a trial court decides a jurisdictional question, raised by a pretrial motion to dismiss for lack of subject matter jurisdiction, on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, the trial court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Practice Book 1998, S 10-31(a)(1). | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, "it must consider the allegations of the complaint in their most favorable light.... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a court decides a question raised by a pretrial motion to dismiss, should it consider the allegations of the complaint in their most favorable light?" |
| 740 | GMAC Mortg. v. Ford, 144 Conn. App. 165, 173 (2013) | 6 | If a complaint is supplemented by undisputed facts established by affidavits submitted in support of a motion to dismiss, other types of undisputed evidence, and/or public records of which judicial notice may be taken, the trial court, in determininga jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. | "In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss ... other types of undisputed evidence ... and/or public records of which judicial notice may be taken ... the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. | "Can the trial court, in determining a jurisdictional issue, consider supplementary undisputed facts?" |
| 741 | Afr. Diaspora Mar. Corp. v. Golden Gate Yacht Club, 109 A.D.3d 204, 211, 968 N.Y.S.2d 459, 464 (2013) | 1 | Sole criterion for deciding a motion to dismiss a complaint for failure to state a cause of action is whether the pleading states a cause of action, and, if from its four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law a motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | The sole criterion for deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977] ). | "Is the sole criterion for deciding a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211(a)(7), whether the pleading states a cause of action?" |

| 742 | Belsky v. Lowell, 117 A.D.2d 575, 576, 497 N.Y.S.2d 945, 947 (1986) | 1 | Drastic penalty of dismissal for failure to prosecute requires balanced consideration of all relevant factors before imposition, including merit or lack of merit of action, extent of delay, prejudice or lack of prejudice to defendants and intent or lack of intent to deliberately default or abandon action, as well as strong public policy favoring disposition on the merits. | "Before the drastic penalty of dismissal for failure to prosecute is imposed upon a plaintiff, a balanced consideration of all relevant factors is required" (Carron v. DeGranpre, 55 A.D.2d 712, 713, 388 N.Y.S.2d 727). To be considered are the merit or lack of merit of the action, extent of the delay, prejudice or lack of prejudice to the defendants and intent or lack of intent to deliberately default or abandon the action, as well as the strong public policy favoring disposition on the merits (see, Moran v. Rynar, 39 A.D.2d 718, 719, 332 N.Y.S.2d 138). | Does drastic penalty of dismissal for failure to prosecute require balanced consideration of all relevant factors before imposition? |
| --- | --- | --- | --- | --- | --- |
| 745 | Thompson v. Cohen, 160 A.D.2d 1157, 1158, 554 N.Y.S.2d 746, 747 (1990) | 1 | In order to avoid dismissal of action as abandoned where default has occurred and plaintiff has failed to seek judgment within one year after default, plaintiff must demonstrate reasonable excuse for delay and that cause of action has merit. McKinney's CPLR 3215(c). | In order to avoid dismissal of an action as abandoned where a default has occurred and the plaintiff has failed to seek a judgment within one year after the default, the plaintiff must demonstrate a reasonable excuse for the delay and that the cause of action has merit (Manago v. Giorlando, 143 A.D.2d 646, 647, 533 N.Y.S.2d 106; Woodward v. City of New York, 119 A.D.2d 749, 750, 501 N.Y.S.2d 159). | Should the plaintiff demonstrate a reasonable excuse for the delay in order to avoid dismissal of an action as abandoned after a default and where the plaintiff has failed to seek a judgment within one year after the default? |
| 746 | Simmons v. McSimmons, Inc., 261 A.D.2d 547, 548, 690 N.Y.S.2d 643, 644 (1999) | 1 | In order to defeat a motion to dismiss a pleading for failure to prosecute, party upon whom a demand to file a note of issue is served must demonstrate a justifiable excuse for the failure to comply with the demand, and a meritorious claim. McKinney's CPLR 3216(e). | It is well established that in order to defeat a motion to dismiss a pleading for failure to prosecute, the party upon whom a demand to file a note of issue is served must demonstrate a justifiable excuse for the failure to comply with the demand and a meritorious claim (see, CPLR 3216 [e]; Dick v. Samaritan Hosp., 115 A.D.2d 917, 496 N.Y.S.2d 814). | "In order to defeat a motion to dismiss a pleading for failure to prosecute, should a party upon whom a demand to file a note of issue is served demonstrate a justifiable excuse?" |
| 747 | City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299, 303 (2017) | 4 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. GKN Co. v. Magness, 744 N.E.2d 397, 400 (Ind. Ct. App. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider any affidavits or evidence submitted in support of the motion?" |

| 751 | Randolph v. Hays, 665 P.2d 500, 503 (Wyo., 1983) | 4 | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for purpose of preventing undue delay on the one hand, and policy favoring disposition of cases on the merits on the other hand. Rules Civ.Proc., Rule 41(b)(2); District Court Rule 14. | While no precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution, the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand. | Can a precise rule be laid down as to what circumstances justify a dismissal for lack of prosecution? |
| 752 | Summers v. Vill. of Durand, 267 Ill. App. 3d 767, 771 (1994) | 9 | Where defense of laches is not apparent from face of complaint, motion to dismiss is properly made pursuant to statute, providing for dismissal when challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim, and must be supported by affidavit. S.H.A. 735 ILCS 5/2-619(a)(9). | However, where the defense of laches is not apparent from the face of the complaint, the motion is properly made pursuant to section 2-619(a)(9) ( 735 ILCS 5/2-619(a)(9) (West 1992) (which provides as a ground for dismissal that a challenged claim is barred by affirmative matter avoiding the **276 ***325 legal effect of or defeating the claim)) and must be supported by affidavit. | Can a dismissal be provided to support an affidavit when challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim? |
| 753 | Bd. of Ed. of Grant Cmty. High Sch. Dist. No. 121, Lake Cty. v. Bd. of Ed. of Richmond-Burton Cmty. High Sch. Dist. No. 157, McHenry Cty., 301 Ill. App. 228, 229 (Ill.App. 2 Dist. 1939) | 2 | Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become "final," and appealable, a "judgment" should be entered for the defendant to the effect that the plaintiff take nothing by virtue of such action and that defendant go hence without day, of words or similar import and meaning. | Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become final, a judgment should be entered for the defendant to the effect that the plaintiff take nothing by virtue of such action and that the defendant go hence without day, or words of similar import and meaning. | "For a dismissal ruling to become final a judgment, should it be entered for a defendant to the effect that a plaintiff take nothing by virtue of such action?" |
| 754 | Atwater v. Town of Plainfield, 160 N.H. 503, 507 (N.H., 2010) | 2 | In ruling upon a motion to dismiss, a trial court normally accepts all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff; however, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, such as that the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | In making this determination, the court would normally accept all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff. Id. at 853, 711 A.2d 251. However, when "the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." | How does the court determine whether plaintiff has sufficiently demonstrated his right to claim relief? |

| | | | | |
|---|---|---|---|---|
| 758 | Humphreys v. Meadows, 938 S.W.2d 750, 753 (Tex. App. 1996) | 8 | If plaintiff makes good faith attempt to amend his petition in response to trial court's sustaining of defendant's special exceptions, trial court may not dismiss plaintiff's amended petition unless defendant files special exceptions to revised pleadings, court sustains new special exceptions, and court gives plaintiff opportunity to amend revised pleadings. | Moreover, if a plaintiff makes a good faith attempt to amend his petition in response to the trial court's sustaining of a defendant's special exceptions, the trial court may not dismiss the plaintiff's amended petition unless the defendant files special exceptions to the revised pleadings, the court sustains the new special exceptions, and the court gives the plaintiff the opportunity to amend the revised pleadings. | "If a plaintiff makes a good faith attempt to amend his petition in response to a trial court's sustaining of a defendant's special exceptions, can a trial court not dismiss a plaintiff's amended petition?" |
| 759 | Sutherland v. Illinois Bell, 254 Ill. App. 3d 983, 988 (1993) | 8 | Generally, if trial court dismisses with prejudice a plaintiff's complaint, failure to request leave to file new complaint before appealing constitutes an election to stand on the dismissed complaint, and cause of action must stand or fall on facts alleged therein. | The general rule in this State is that where the trial court dismisses with prejudice a plaintiff's complaint, a failure to request leave to file a new complaint before appealing constitutes an election to stand on the dismissed complaint, and the cause of action must stand or fall on the facts alleged therein. | "If a trial court dismisses with prejudice a plaintiff's complaint, does failure to request leave to file new complaint before appealing constitute an election to stand on the dismissed complaint?" |
| 760 | Sisters of the Holy Child Jesus at Old Westbury, Inc. v. Corwin, 51 Misc. 3d 44, 47–48, 29 N.Y.S.3d 736, 738–39 (N.Y. App. Term. 2016) | 4 | Parents' allegation that private school's personnel were unqualified to address special needs of their daughter constituted claim for educational malpractice, which was not cognizable as cause of action or defense, under New York law, providing that quality and qualifications of teachers employed by private schools were concerns not for courts, but rather for New York State Education Department and its Commissioner. McKinney's Education Law S 5003. | The quality and qualifications of teachers employed by *48 private schools "are concerns not for the courts, but rather for the State Education Department and its commissioner" (Paladino v. Adelphi Univ., 89 A.D.2d at 93, 454 N.Y.S.2d 868, citing Education Law § 5003). The gist of defendants' claim, asserted both as a defense and as a counterclaim, that plaintiff's personnel were unqualified to address the special needs of defendants' daughter, is educational malpractice, which is not cognizable as a cause of action in New York State (see e.g. **739 Hoffman v. Board of Educ. of City of N.Y., 49 N.Y.2d 121, 125, 424 N.Y.S.2d 376, 400 N.E.2d 317 [1979]; Introna v. Huntington Learning Ctrs., Inc., 78 A.D.3d 896, 899, 911 N.Y.S.2d 442 [2010] ), and likewise cannot serve as a defense. | Can a plaintiff bring an educational malpractice cause of action against a school in court? |

| 761 | Ramon v. Zangari, 116 A.D.3d 753, 754, 984 N.Y.S.2d 83, 84 (2014) | 3 | Court retains some residual discretion to deny motion to dismiss for want of prosecution, even when plaintiff fails to comply with 90-day requirement and additionally fails to proffer adequate excuse for delay or potentially meritorious cause of action. McKinney's CPLR 3216. | Under the plain language of CPLR 3216, a court retains some "residual discretion" to deny a motion to dismiss, even when a plaintiff fails to comply with the 90-day requirement and additionally fails to proffer an adequate excuse for the delay or a potentially meritorious cause of action (Baczkowski v. Collins Constr. Co., 89 N.Y.2d at 504, 655 N.Y.S.2d 848, 678 N.E.2d 460). | "Can a Court retain some residual discretion to deny motion to dismiss for want of prosecution, even when plaintiff fails to comply with 90-day requirement?" |
| --- | --- | --- | --- | --- | --- |
| 762 | First Justice of Bristol Div. of Juvenile Court Dep't v. Clerk-Magistrate of Bristol Div. of Juvenile Court Dep't, 438 Mass. 387, 401 (2003) | 9 | Judges' authority to control and supervise judicial personnel includes inherent authority, independent of statute, to ensure that clerks, assistant clerks, and probation officers serving in their courts are qualified and possess the skills and competence to enable them to perform their duties in a professional manner and in conformity with governing statutes, rules, orders, and standards of accountability. | Second, judges' authority to control and supervise judicial personnel includes inherent authority, independent of **919 statute, to ensure that clerks, assistant clerks, and probation officers serving in their courts are qualified and possess the skills and competence to enable them to perform their duties in a professional manner and in conformity with governing statutes, rules, orders, and standards of accountability. | What does a judges' authority to control and supervise judicial personnel entail? |
| 766 | U.S. v. Quintero, 165 F.3d 831, 835 (C.A.11 (Fla.),1999) | 5 | When determining whether collateral estoppel applies in the context of a retrial, courts must engage in a two-part inquiry: court first must decide whether it can ascertain the basis of the acquittal at the first trial, and then must determine whether the elements of the crime upon which the prior acquittal was based are also essential elements of the crime for which the defendant is to be retried. | When determining whether collateral estoppel applies in the context of a retrial, courts must engage in a two-part inquiry. See Shenberg, 89 F.3d at 1479. "First, the Court must decide whether it can ascertain the basis of the acquittal at the first trial." United States v. Garcia, 78 F.3d 1517, 1521 (11th Cir.1996). Second, the court must determine whether the elements of the crime upon which the prior acquittal was based are also essential elements of the crime for which the defendant is to be retried. | "In deciding whether collateral estoppel, pursuant to the Double Jeopardy Clause, bars a retrial, should courts examine whether it is possible to ascertain the basis of the acquittal at the first trial?" |
| 767 | Phenix City v. Alabama Power Co., 239 Ala. 547, 552 (1940) | 5 | Municipal corporations, in passing ordinances in the exercise of their police power, or their power of taxation and of eminent domain, are performing a function of government which may be delegated to them by the state to prescribe local regulations of self-government, and in so doing the state legislature is not regarded as transferring legislative power committed by the Constitution to it. | It is well understood that municipal corporations in passing ordinances in the exercise of their police power, of taxation and of eminent domain, are performing a function of government which may be delegated to them by the state to prescribe local regulations of self government, and in so doing the state legislature is not regarded as transferring legislative power committed by the constitution to it. | "Are the Municipal corporations, in passing ordinances in the exercise of their police power, are performing a function of government which may be delegated to them by the state?" |

| 770 | K.H. v. Jefferson Cty. Dep't of Human Res., 106 So. 3d 420, 422 (Ala. Civ. App. 2012) | 4 | The constitutional right to counsel in a civil matter is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case. U.S.C.A. Const.Amend. 6. | Southeast General Contractors, Inc., 982 So.2d 1099, 1103 (Ala.Civ.App.2007) (quoting Ex parte McCain, 804 So.2d 186, 189 (Ala.2001) (See, J., concurring specially)), " '[the] constitutional right [to counsel in a civil matter], however, is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case.' | " Is the constitutional right to counsel in a civil matter not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case?" |
| 772 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 15 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that identifies, prior to trial, evidentiary rulings that a court may be asked to make?" |
| 775 | State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098, 1105 (2006) | 3 | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim; it provides a method of compelling the ultimate payment by one who in justice and good conscience ought to make it, putting the charge where it justly belongs. | "Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim." (Fireman's Fund Ins. Co. v. Maryland Casualty Co. (1998) 65 Cal.App.4th 1279, 1291, 77 Cal.Rptr.2d 296) It provides a " ' "method of compelling the ultimate payment by one who in justice and good conscience ought to make it-of putting the charge where it justly belongs." | Can subrogation be defined as the substitution of one person in the place of another with reference to a lawful claim or right? |

| 777 | Jones v. Halliburton Co., 583 F.3d 228, 233–34 (5th Cir. 2009) | 2 | A two-step analysis is employed to determine whether a party may be compelled to arbitrate, under which, first, whether the party has agreed to arbitrate the dispute is examined, and this question itself is further subdivided, such that a court, to determine whether it has agreed to arbitrate a dispute, must ask: (1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement; if both questions are answered in the affirmative, the court then asks whether any federal statute or policy renders the claims nonarbitrable. | A two-step analysis is employed to determine whether a party may be compelled to arbitrate. Id. First, whether *234 the party has agreed to arbitrate the dispute is examined. This question itself is further subdivided; to determine whether the party has agreed to arbitrate a dispute, our court must ask: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement". Id. (citing JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596, 598 (5th Cir.2007)).If both questions are answered in the affirmative, our court then asks whether "any federal statute or policy renders the claims nonarbitrable". | How do courts determine whether a party is compelled to arbitrate? |
| --- | --- | --- | --- | --- | --- |
| 778 | State v. Frasher,  164 W. Va. 572, 572 (1980) | 1 | In order to constitute the crime of embezzlement, it is necessary that there be a trust relationship imposed on the person charged and that he fall within the class of persons named by statute, that the property or thing claimed to have been embezzled or converted be property embraced by the statute, that it be the property of another person, that it come into the possession or be placed in the care of the defendant by virtue of his office, place, or employment, that his manner of dealing with the disposing of the property constitutes a fraudulent conversion and an appropriation to his own use, and that the conversion of the property to his own use be with the intent to deprive the owner thereof. Code, 61-3-20. | (I)n order to constitute the crime of embezzlement, it is necessary to show, (1) the trust relation of the person charged, and that he falls within that class of persons named; (2) that the property or thing claimed to have been embezzled or converted is such property as is embraced in the statute; (3) that it is the property of another person; (4) that it came into the possession, or was placed in the care, of the accused, under and by virtue of his office, place or employment; (5) that his manner of dealing with or disposing of the property, constituted a fraudulent conversion and an appropriation of the same to his own use, and (6) that the conversion of the property to his own use was with the intent to deprive the owner thereof." | What is embezzlement? |

| 779 | Am. Min. Cong. v. U.S. E.P.A., 907 F.2d 1179, 1187 (D.C. Cir. 1990) | 3 | It is not court's role to second-guess scientific judgments of Environmental Protection Agency (EPA) and administrator may apply his expertise to draw conclusions from suspected, but not completely substantiated, relationships between facts, from trends among facts, from theoretical projections from imperfect data, from probative preliminary data not yet certifiable as fact, and the like. | It is not the court's role to "second-guess the scientific judgments of the EPA," New York v. EPA, 852 F.2d 574, 580 (D.C.Cir.1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809(1989), and "[t]he Administrator may apply his expertise to draw conclusions from suspected, but not completely substantiated, relationships between facts, from trends among facts, from theoretical projections from imperfect data, from probative preliminary data not yet certifiable as 'fact,' and the like." | Is it the role of the court to second-guess the scientific judgments of the Environmental Protection Agency (EPA)? |
|---|---|---|---|---|---|
| 780 | Williamson v. City of Hays, 275 Kan. 300, 307–08, 64 P.3d 364, 370 (2003) | 10 | In order to support an action in trespass, it must be established that the defendant intends to have foreign matter intrude upon another's land, or the defendant's act is done with knowledge that it will to a substantial certainty result in the entry of foreign matter. | In order to support an action in trespass, it must be established that the " 'defendant intends to have the foreign matter intrude upon the land, or where the defendant's act is done with knowledge *308 that it will to a substantial certainty result in the entry of foreign matter. | "To constitute a trespass is it necessary that the defendant intends to have foreign matter intrude upon another's land, or that the defendant's act is done with the knowledge that it will to a substantial certainty will result in the entry of foreign matter to constitute a trespass action?" |
| 781 | Comber v. United States, 584 A.2d 26, 41 (D.C. App. 1990) | 15 | Unlike circumstances of justification or excuse, legally recognized mitigating factors do not constitute total defense to murder charge but they may serve to reduce the degree of criminality of a homicide which was otherwise committed with an intent to kill, an intent to injure, or in conscious and wanton disregard of life. | Unlike circumstances of justification or excuse, legally recognized mitigating factors do not constitute a total defense to a murder charge. Such circumstances may, however, serve to "reduc[e] the degree of criminality" of a homicide otherwise committed with an intent to kill, an intent to injure, or in conscious and wanton disregard of life. | Do legally recognized mitigating factors constitute a total defense to a murder charge? |
| 782 | Poindexter v. Atchison, Topeka & Santa Fe Ry. Co., 914 F. Supp. 454, 457 (D. Kan. 1996) | 7 | RLA establishes mandatory arbitral mechanism for prompt and orderly settlement of two classes of disputes, which are "major disputes" concerning rates of pay, rules or working conditions, and "minor disputes" growing out of grievances or out of interpretation or application of collective bargaining agreements (CBA) covering rates of pay, rules, or working conditions. Railway Labor Act, S 2, 45 U.S.C.A. S 151a. | The RLA "establishes a mandatory arbitral mechanism for 'the prompt and orderly settlement' of two classes of disputes." Hawaiian Airlines, Inc., 512 U.S. at ——– ——, 114 S.Ct. at 2243–44 (quoting 45 U.S.C. § 151a). The first class, "major" disputes, concerns "rates of pay, rules or working conditions"; the second class, "minor" disputes, "grow[s] out of grievances or out of the interpretation or application of [collective bargaining] agreements covering rates of pay, rules, or working conditions." | What are the two mandatory arbitral mechanisms established by the Railway Labor Act (RLA)? |

| 783 | Grega v. Pettengill, 123 F. Supp. 3d 517, 543 (Vt. 2015) | 28 | Under Vermont law, mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent malicious prosecution claim; that presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. | "The mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent wrongful prosecution claim." "That presumption may be rebutted only by evidence that the [probable cause finding] was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." | How can the presumption of probable cause in a subsequent malicious prosecution claim be rebutted? |
|---|---|---|---|---|---|
| 784 | Sheffield v. Cantwell, 101 F.2d 351, 352 (7th Cir. 1938) | 1 | Under Illinois law, conviction is prima facie evidence of existence of probable cause for prosecution, and complete defense to suit for malicious prosecution unless such prima facie showing is overcome by evidence that conviction was obtained by false testimony, fraud, corrupt practices or unlawful or unjustifiable means on part of one procuring the conviction. | Yet, under the established law of Illinois, that conviction is prima facie evidence of existence of probable cause for the prosecution and complete defense to a suit for malicious prosecution, unless it is overcome by evidence that it was obtained by false testimony, fraud, corrupt practices or unlawful or unjustifiable means on the part of the one procuring the conviction. | When can one rebut that the conviction is prima facie evidence in a malicious prosecution? |
| 786 | State v. Doucette, 147 Conn. 95, 99 (1959) | 3 | Although confession is evidence tending to prove both fact that crime charged was committed by someone, that is, the corpus delicti, and defendant's agency therein, it is not sufficient of itself to prove former, and without evidence aliunde of facts also tending to prove corpus delicti it is not enough to warrant conviction, and there must be extrinsic corroborative evidence as will when taken in connection with confession establish corpus delicti in mind of trier beyond a reasonable doubt. | The Connecticut rule, which we reaffirm, is 'that, although the confession is evidence tending to prove both the fact that the crime [charged] was committed [by someone, that is, the corpus delicti] and the defendant's agency therein, it is not sufficient of itself to prove the former, and, without evidence aliunde of facts also tending to prove the corpus delicti, it is not enough to warrant a conviction; and that there must be such extrinsic corroborative evidence as will, when taken in connection with the confession, establish the corpus delicti in the mind of the trier beyond a reasonable doubt.' | "In a prosecution, is the state required to prove defendant's agency?" |
| 787 | Dodge v. Kistler, 140 Fla. 209, 211 (1939) | 1 | "Legal subrogation" is the substitution of one person in the place of another with reference to a lawful claim or right, and it arises by operation of law where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. | Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. | Is subrogation the substitution of one person in place of another with reference to a lawful claim or right? |

| 788 | In re Bill Heard Enterprises, 423 B.R. 771, 780-81 (N.D. Ala. 2010) | 12 | Under Alabama law, the elements of equitable subrogation are expressed as follows: (1) the money is advanced at the instance of the debtor in order to extinguish a prior encumbrance, (2) the money is used for that purpose with the just expectation on the part of the lender for obtaining security of equal dignity with the prior encumbrance, (3) the whole debt must be paid before subrogation can be enforced, (4) the lender must be ignorant of intervening lien(s), and (5) the intervening lienor(s) must not be burdened or embarrassed. | Under Alabama law, the elements of equitable subrogation are expressed as follows: "(1) the money is advanced at the instance of the debtor in order to extinguish a prior [e]ncumbrance; (2) the money is used for that purpose with *781 the just expectation on the part of the lender for obtaining security of equal dignity with the prior [e]ncumbrance; (3) the whole debt must be paid before subrogation can be enforced; (4) the lender must be ignorant of ... intervening lien[s]; and (5) the intervening lienor[s] must not be burdened or embarrassed." | What are the elements of equitable subrogation? |
| 789 | Bankers Tr. Co. v. Hardy, 281 Ga. 561, 562 (2007) | 1 | Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor; it is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice. | Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor. It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice. | "Is subrogation the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor?" |
| 791 | Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 614 (S.D.N.Y., 2012) | 17 | Under the act of state doctrine, the courts of one state will not question the validity of public acts, acts jure imperii, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts. | Under the act of state doctrine, "the courts of one state will not question the validity of public acts (acts jure imperii ) performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts." | "Under the act of state doctrine, will the courts of one state question the validity of public acts, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing?" |
| 792 | United States v. Sum of $70,990,605, 991 F.Supp.2d 154, 168 (D.D.C., 2013) | 29 | Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, the act of state doctrine is inapplicable if the foreign act of state does not need to be invalidated. | Even if this court's factual findings must necessarily "cast doubt upon the validity of the foreign sovereign's acts," the act of state doctrine is inapplicable if the foreign act of state does not need to be invalidated. | "Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, is the act of state doctrine inapplicable if the foreign act of state does not need to be invalidated?" |

| 793 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717, 725 (D.Md. 2014) | 8 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | "Is every sovereign state bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" |
| --- | --- | --- | --- | --- | --- |
| 794 | Jovic v. L-3 Servs., 69 F. Supp. 3d 750, 765–66 (N.D. Ill. 2014) | 31 | Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | Courts typically consider three factors in determining whether the doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | What factors do courts consider in determining whether the act of state doctrine applies? |
| 796 | Kaplan v. Cent. Bank of Islamic Republic of Iran, 961 F. Supp. 2d 185, 196–97 (D.D.C. 2013) | 10 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when it applies, the doctrine serves as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | "Act of state issues only arise when a court must decide- that is, when the outcome of the case turns upon-the effect of official action by a foreign sovereign." Id. at 406, 110 S.Ct. 701. "When it applies, the doctrine serves as a 'rule of decision for the courts of this country,' which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions." *197  McKesson Corp., 672 F.3d at 1066 (quoting Kirkpatrick, 493 U.S | Does an act of state issue only arise when a court must decide the effect of official action by a foreign sovereign? |
| 797 | Faysound Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 1365, 1373 (E.D. Ark. 1990) | 3 | To qualify as act of state, it is necessary to prove that act occurred as result of considered policy determination by government to give effect to its political and public interest, matters that would have significant impact on American foreign relations. | To qualify as an act of state, it is necessary to prove that the act "occurred as a result of a considered policy determination by a government to give effect to its political and public interest-matters that would have significant impact on American foreign relations." | "To qualify as an act of state, is it necessary to prove that the act occurred as a result of a considered policy determination by a government to give effect to its political and public interest?" |

| 799 | In re Estate of Cullen, 118 Ohio App. 3d 256, 261 (1997) | 3 | Motion in limine, if granted, is interlocutory ruling by the trial court reflecting its anticipatory treatment of evidentiary issue; accordingly, party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record. | A motion in limine, if granted, is an interlocutory ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue. Accordingly, the party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record. | Must a party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record? |
| --- | --- | --- | --- | --- | --- |
| 801 | MMA Consultants 1 v. Republic of Peru, 245 F. Supp. 3d 486, 519–20 (S.D.N.Y. 2017) | 42 | The act of state doctrine confers presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts; its applicability depends, in part, on whether judicial examination of the sovereign's act would embarrass or hinder the executive in the realm of foreign relations. | The act of state doctrine "confer[s] presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts." *520  Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520 (2d Cir. 1985). Its applicability depends, in part, on whether judicial examination of the sovereign's act "would embarrass or hinder the executive in the realm of foreign relations." | Does the act of state doctrine operate to confer presumptive validity on certain acts of foreign sovereigns by rendering no justiciable claims that challenge such acts? |
| 802 | Jovic v. L-3 Servs., 69 F. Supp. 3d 750, 765–66 (N.D. Ill. 2014) | 31 | Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | Courts typically consider three factors in determining whether the doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | What are the factors to consider in determining whether the acts of state doctrine bars suit against foreign state? |
| 804 | Chisholm & Co. v. Bank of Jamaica, 643 F. Supp. 1393, 1403 (S.D. Fla. 1986) | 18 | Act of state doctrine requires that court, after exercising jurisdiction, nevertheless decline to decide merits of case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory. | The act of state doctrine requires that a court, after exercising jurisdiction, nevertheless decline to decide the merits of a case if in doing so it would need to judge the validity of the public acts of a sovereign state performed within its own territory. | Does the act of state doctrine require that a court declines to decide the merits of a case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory? |
| 805 | Rossman v. Morasco, 115 Conn. App. 234, 254 (2009) | 21 | The motion in limine has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. | "[T]he motion in limine ... has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial." | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to exclude evidence at trial? |

| 806 | Vaughan v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583, 588, 678 S.E.2d 316, 321 (2009) | 4 | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence in order to prevent the jury from being exposed to inadmissible evidence. | "A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of the offer of the evidence ... in order to prevent the jury from being exposed to inadmissible evidence." | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issues evidence to prevent the jury from being exposed to inadmissible evidence? |
| --- | --- | --- | --- | --- | --- |
| 807 | Riverside Methodist Hosp. Ass'n of Ohio v. Guthrie, 3 Ohio App.3d 308, 310 (Ohio App.,1982) | 4 | Motion in limine may be used as equivalent of motion to suppress evidence, which is either not competent or improper because of some unusual circumstances, and as means of raising objection to area of inquiry to prevent prejudicial questions and statements until admissibility of questionable evidence can be determined during course of trial. | A motion in limine may be used in two different ways: (1) as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance; and (2) as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. | Is a motion in limine a means of preventing prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? |
| 808 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 26 (N.H. 2007) | 15 | The purpose behind subrogation is to place the responsibility where it ultimately should rest by compelling payment by the one who in good conscience ought to pay it; it also prevents individuals from recouping a windfall. | The purpose behind subrogation is to place the responsibility where it ultimately should rest by compelling payment by the one who in good conscience ought to pay it. It also prevents [individuals] from recouping a windfall. | Is the purpose behind subrogation to place the responsibility where it ultimately should rest by compelling payment by the one who in good conscience ought to pay it and to prevent individuals from recouping a windfall? |
| 809 | Jorge v. Travelers Indem. Co., 947 F. Supp. 150, 155 (D.N.J. 1996) | 7 | Generally, subrogation applies where party, not acting voluntarily but under some compulsion, pays debt or discharges obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter. | Generally, subrogation applies where a party, "not acting voluntarily, but under some compulsion" pays a debt or discharges an obligation for which another is primarily liable and which "in equity and good conscience ought to be discharged by the latter." See, e.g., First Nat'l City Bank v. | "Does subrogation apply where a party not acting voluntarily, but under some compulsion, pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter?" |

| 810 | Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988) | 3 | Authority of the President to classify and control access to information bearing on national security, and to determine whether an individual is sufficiently trustworthy to occupy a position in the executive branch that will give him access to that type of information, flows primarily from the constitutional investment of power in the President to serve as Commander in Chief and exists apart from any explicit congressional grant. U.S.C.A. Const. Art. 2, S 2, cl. 1. | The President, after all, is the "Commander in Chief of the Army and Navy of the United States." U.S. Const., Art. II,   2. His authority to classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information flows primarily from this constitutional investment of power in the President and exists quite apart from any explicit congressional grant. | What is the constitutional premise for the President's oversight of national security information? |
| 812 | Est. of Underwood v. Nat'l Credit Union Admin., 665 A.2d 621, 630 (D.C. 1995) | 5 | Workers' Compensation Act makes employer liable without fault if employee's occupational injury or death falls within scope of Act, but as quid pro quo for automatic liability, Act provides employee's exclusive remedy against employer for injuries within its reach. D.C.Code 1981, S 36-304(a). | It makes the employer liable without fault if the employee's occupational injury or death falls within the scope of the Act, see D.C.Code  36-303; Grillo v. National Bank of Washington, 540 A.2d 743, 748 (D.C.1988), but as a quid pro quo for such automatic liability the Act provides the employee's exclusive remedy—an administrative remedy— against the employer for injuries within its reach. | Does the workers compensation act make employers liable without fault if an employees occupational injury or death falls within the scope of the act? |
| 814 | White v. S. Cal. Edison Co., 25 Cal. App. 4th 442, 448, 30 Cal. Rptr. 2d 431, 435–36 (1994) | 8 | Exception to general duty rule applicable to public utility exists in case of interruption of service or failure to provide service; in absence of contract between utility and consumer expressly providing for furnishing of service for specific purpose, public utility owes no duty to person injured as result of interruption of service or failure to provide service. West's Ann.Cal.Civ.Code S 1714. | An exception to the general duty rule applicable to a public utility exists, however, in the case of an interruption of service or a failure to provide service. In the absence of a contract between the utility and the consumer expressly providing for the furnishing of a service for a specific purpose, a public utility owes no duty to a person **436 injured as a result of an interruption of service or a failure to provide service. | Does a public utility owe a duty to a person injured as a result of an interruption of service or a failure to provide service in the absence of contract? |
| 815 | Wilson v. McNeely, 302 Ga. App. 213, 214, 690 S.E.2d 512, 513 (2010) | 2 | The trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders; contempt may at times be proper, whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, although these remedies are too drastic if less harsh sanctions are appropriate. | After recognizing that the trial court must have the power "to impose appropriate sanctions to make effective its pre-trial orders," the Supreme Court noted that " '[c]ontempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate.' " | Is it within the power of the court to impose appropriate sanctions to make effective its pretrial orders? |

| | | | | | |
|---|---|---|---|---|---|
| 817 | Shulas v. Estabrook, 385 N.J. Super 91, 99 (2006) | 3 | A motion based on rule regarding voluntary dismissal of a complaint involves three sequential inquiries: (1) whether the matter should be dismissed without prejudice; (2) if so, whether terms should be imposed; and (3) if so, what terms will alleviate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort. R. 4:37-1(b). | A motion based on R. 4:37-1(b) involves three sequential inquiries: (a) whether the matter should be dismissed without prejudice, (b) if so, whether terms should be imposed, and (c) if so, what terms will alleviate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort. | Does a motion based on rule regarding voluntary dismissal of a complaint involve three sequential inquiries? |
| 818 | Gogri v. Jack In The Box Inc., 166 Cal. App. 4th 255, 261 (2008) | 1 | Voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. West's Ann.Cal.C.C.P. S 581. | Alternatively stated, voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. | "Does a voluntary dismissal of an entire action deprive the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and attorney fees?" |
| 820 | Alaska Airlines v. Sweat, 568 P.2d 916, 932 (Alaska 1977) | 26 | Whether a rebuttal witness should be included on a pretrial witness list in the absence of specific provision in the pretrial order should be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial. | Whether a rebuttal witness should be included on a pre-trial witness list in the pre-trial order, 23  should be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial. | Should the question of whether a rebuttal witness should be included on a pretrial witness list in the pretrial order be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial? |
| 821 | In re Sewell, 472 S.W.3d 449, 456 (Tex. App. 2015) | 16 | Although a party moving to withdraw admissions ordinarily must prove the requirements of rule allowing for withdrawal when the deemed admissions are merit-preclusive, good cause for withdrawal exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. Tex. R. Civ. P. 198.3. | Thus, although a party moving to withdraw admissions ordinarily must prove the requirements of Rule 198.3, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. | "When the deemed admissions are merit-preclusive, does good cause for withdrawal exist absent bad faith or callous disregard of the rules by the party seeking the withdrawal?" |
| 822 | Sampson v. Hunt, 233 Kan. 572, 578 (1983) | 6 | When pretrial order is entered by trial court pursuant to rule, it has full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | When a pretrial order is entered by the trial court pursuant to K.S.A. 60-216, it has the full force and effect of other orders of the court and controls the subsequent course of trial unless modified to prevent manifest injustice. | "When pretrial order is entered by trial court pursuant to rule, does it have the full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice?" |

| 825 | Tobkin v. State, 777 So. 2d 1160, 1163 (Fla.App. 4 Dist., 2001) | 3 | A voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues such as unresolved contempt of court matters. | Of course, a voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues. These ancillary matters would include unresolved contempt of court matters. | "Does a voluntary dismissal divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues such as unresolved contempt of court matters?" |
|---|---|---|---|---|---|
| 827 | Graco Robotics v. Oaklawn Bank, 914 S.W.2d 633, 642 (Tex. App. 1995) | 23 | Court may permit withdrawal of deemed admissions on showing of good cause if it finds that party relying on deemed admissions will not be unduly prejudiced and that presentation of merits of action will be subserved thereby. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | The court may permit withdrawal of deemed admissions on a showing of good cause if it finds that the party relying on the deemed admissions will not be unduly prejudiced and that presentation of the merits of the action will be subserved thereby. | Can a court permit withdrawal of deemed admissions on showing of good cause if it finds that party relying on deemed admissions will not be unduly prejudiced and that presentation of merits of action will be subserved thereby? |
| 834 | Brochtrup v. Intep, 190 Cal. App. 3d 323, 328, 235 Cal. Rptr. 390, 392 (Ct. App. 1987) | 1 | Where party served with request for admissions fails to respond within 30 days, propounding party may serve nonresponsive party with notice that genuineness of documents or truth of facts alleged is deemed admitted; nonresponsive party then has 30 days to move for relief from default. West's Ann.Cal.C.C.P. SS 473, 2033. | Where the party served with a request for admissions fails to respond within 30 days, the propounding party may serve the nonresponsive party with notice that the genuineness of the documents or the truth of the facts alleged is deemed admitted. The nonresponsive party then has 30 days to move for relief from default under section 473. | "Where a party served with request for admissions fails to respond within 30 days, can the propounding party serve the nonresponsive party with a notice that genuineness of documents or truth of facts alleged is deemed admitted?" |
| 835 | State ex rel. State Corp. Comm'n v. Old Abe Co., 1939-NMSC-046, ¶ 13, 43 N.M. 367, 94 P.2d 105, 108 | 5 | A mere declaration contained in a statute that it shall be regarded as a tax of a particular character does not make it such if it is apparent that it cannot be so designated consistently with meaning and effect of act, but declaration of lawmaking power is entitled to much weight. | "While the mere declaration contained in a statute that it shall be regarded as a tax of a particular character does not make it such if it is apparent that it cannot be so designated consistently with the meaning and effect of the act, nevertheless the declaration of the law-making power is entitled to much weight, and in this statute the intention is expressly declared to impose a special excise tax with respect to the carrying on or doing business by such corporation, joint stock company or association, or insurance company. | Does a mere declaration contained in a statute that it shall be regarded as a tax of a particular character make it such if it is apparent that it cannot be so designated consistently with the meaning and effect of the act? |

| | | | | | |
|---|---|---|---|---|---|
| 836 | Friedman v. Knecht, 248 Cal. App. 2d 455, 460–61, 56 Cal. Rptr. 540, 544 (Ct. App. 1967) | 3 | Although penal code requires motions for continuance to be made upon affirmative proof in open court and code of civil procedure specifies that such motions, when based on absence of evidence, be made on affidavits, they are quite commonly heard on oral representations by counsel, and matters germane to court's ruling range all the way from the health of witnesses to the true significance of religious holidays. West's Ann.Pen.Code, S 1050; West's Ann.Code Civ.Proc. S 595.4. | Although the Penal Code requires motions for continuance to be made 'upon affirmative proof in open court' (Pen.Code, s 1050) and the Code of Civil *461 Procedure specifies that such motions, when based on the absence of evidence, be made on affidavits (Code Civ.Proc. s 595.4), they are quite commonly heard on oral representations by counsel. The matters germane to the court's ruling range all the way from the health of witnesses to the true significance of religious holidays. | Does law require motions for continuance to be made upon affirmative proof in open court? |
| 837 | People v. Alvino, 71 N.Y.2d 233, 244, 519 N.E.2d 808, 814 (1987) | 8 | Before a public servant may be convicted of bribe receiving in the second degree, there must be proof of a corrupt agreement, and State must establish that defendant solicited, accepted or agreed to accept a benefit upon an agreement or understanding that his conduct would be influenced by that benefit. McKinney's Penal Law S 200.10 (now S 200.11). | Before a public servant may be convicted of bribe receiving, second degree, there must be proof of a corrupt agreement. The People must establish that defendant solicited, accepted or agreed to accept a benefit "upon an agreement or understanding" that his conduct would be influenced by the benefit (Penal Law former § 200.10); see also, People v. Charles, 61 N.Y.2d 321, 473 N.Y.S.2d 941, 462 N.E.2d 118). | What must be proved in order to establish that a public servant was involved in a corrupt agreement for purposes of a conviction of bribe receiving in the second degree? |
| 841 | City of Ashland v. Ashland Salvage, 271 Neb. 362, 371 (2006) | 15 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. | "Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission?" |
| 843 | Wagner v. Carex Investigations & Sec. Inc., 93 Nev. 627, 630, 572 P.2d 921, 923 (1977) | 1 | Matters deemed admitted as result of failure to serve timely answers or objections to requests for admissions may properly serve as basis for summary judgment against party who has failed to serve timely response and relief from motion to vacate summary judgment is discretionary with district court. NRCP 36(a, b). | The sanction for failure to serve timely answers or objections to requests for admissions is that all matters in the request are deemed admitted. N.R.C.P. 36(a)N.R.C.P. 36(a), supra, f. 2. It is settled in this jurisdiction that such admissions may properly serve as the basis for summary judgment against the party who has failed to serve a timely response. Graham v. Carson-Tahoe Hosp., 91 Nev. 609, 540 P.2d 105 (1975). Relief is discretionary with the district court. | Can the matters deemed admitted as a result of failure to serve timely answers or objections to requests for admissions properly serve as a basis for a summary judgment against a party who has failed to serve timely response and relief? |

| 844 | Ferraro v. Zurcher, 12 N.J. Super. 231, 239 (1951) | 8 | The compensation act provides social insurance in common interest as well as interest of workmen, and does not sanction punishment of exaggeration or misrepresentations by denial of proper compensations for disability otherwise sustained by proofs. | The Compensation Act, however, 'provides social insurance in The common interest as well as the interest of the workman,' Nagy v. Ford Motor Co., supra, and does not sanction punishment of exaggeration or indeed misrepresentation by denial of proper compensation for a disability otherwise sustained by the proofs. | "Does the compensation act provide social insurance in common interest as well as interest of workmen, and does it sanction punishment of exaggeration or misrepresentations by denial of proper compensations for disability otherwise sustained by proofs?" |
| --- | --- | --- | --- | --- | --- |
| 845 | Trachtenberg v. Failedmessiah.com, 43 F. Supp. 3d 198, 205 (E.D.N.Y., 2014) | 12 | If a plaintiff makes a sufficient start toward meeting her jurisdictional burden, a court has discretion to grant her limited jurisdictional discovery to prove other contacts and activities of the defendant in New York as might confer jurisdiction. N.Y.McKinney's CPLR 3211(d). | If a plaintiff makes a "sufficient start" toward meeting her jurisdictional burden, a district court has discretion to grant her limited jurisdictional discovery "to prove other contacts and activities of the defendant in New York as might confer jurisdiction." | "If a plaintiff makes a sufficient start toward meeting her jurisdictional burden, does a court have discretion to grant her limited jurisdictional discovery to prove other contacts?" |
| 847 | Randall Elec., Inc. v. State, 150 A.D.2d 875, 876, 540 N.Y.S.2d 901, 902 (1989) | 1 | Actions taken and observations made for stated purpose of arriving at settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in mutual attempt to reach settlement, should generally be protected from discovery by public policy encouraging attempts at settlement. | Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement. | Are actions taken in observations made for stated purpose of arriving at a settlement agreement subject to discovery when actions would not have been accomplished except in a neutral attempt to reach a settlement? |
| 848 | Kaynar Mfg. Co. v. Superior Ct. In & For Los Angeles Cnty., 141 Cal. App. 2d 547, 550, 297 P.2d 502, 504 (1956) | 1 | In order that a party to an action may, pursuant to Code of Civil Procedure section, have right to inspect books of account or documents, he must (1) show that person against whom the order is sought has the writings to be inspected in his possession or under his control; (2) identify writings desired; and (3) clearly show that they contain competent and admissible evidence which is material to the issues to be tried. West's Ann.Code Civ.Proc. S 1000. | In order that a party to an action may, pursuant to section 1000, Code of Civil Procedure, have the right to inspect books of account or documents, he must (1) show that the person against whom the order is sought has the writings to be inspected in his possession or under his control; (2) identify the writings desired; and (3) clearly show that they contain competent an admissible evidence which is material to the issues to be tried. | "In order to be entitled for an inspection of documents, should it be shown that they are in the possession of the adverse party?" |

| 849 | Moseley v. Behringer, 184 S.W.3d 829, 832 (Tex. App. 2006) | 1 | The granting of a nonsuit is a ministerial act; plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleadings seeking affirmative relief, and, thus, trial court has no discretion but to grant the nonsuit unless defendant has previously sought affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | The granting of a nonsuit is a ministerial act. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982) (orig.proceeding) (interpreting rule 164, rule 162's predecessor, and granting mandamus relief). "A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief." Id. A trial court therefore has no discretion but to grant the nonsuit unless the defendant has previously sought affirmative relief. | Does a plaintiff's right to dismiss the suit exist from the moment a written motion is filed or an oral motion is made in open court? |
| 852 | Grudt v. City of Los Angeles, 2 Cal. 3d 575, 585–86, 468 P.2d 825, 829–30 (1970) | 4 | When filed, pretrial conference order becomes part of the record in the case and, even though inconsistent with the pleadings, controls subsequent course of the case, unless modified at or before trial to prevent manifest injustice. Cal.Rules of Court, rule 216. | When filed, the pretrial conference order becomes a part of the record in the case and, even though inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice. (Cal. Rules of Court, rule 216; | "Does pretrial conference order become a part of a case, even though inconsistent with the pleadings, and control a subsequent course of the case, unless modified at or before trial?" |
| 853 | Koken v. One Beacon Ins. Co., 911 A.2d 1021, 1031 (Pa. Commw. Ct. 2006) | 16 | To obtain discovery in support of a claim of selective prosecution by an agency, evidence tending to show the existence of the essential elements of the defense, "discriminatory effect" and "discriminatory intent," must be produced. | To obtain discovery in support of a claim of selective prosecution, evidence tending to show the existence of the essential elements of the defense, "discriminatory effect and discriminatory intent," must be produced. | "To obtain discovery in support of a claim of selective prosecution by an agency, must evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent, be produced?" |
| 854 | Whitcraft v. Runyon, 123 A.D.3d 811, 812, 999 N.Y.S.2d 124, 126 (2014) | 2 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court (see Weitz v. Weitz, 85 A.D.3d 1153, 926 N.Y.S.2d 305; Cornely v. Dynamic HVAC Supply, LLC, 44 A.D.3d 986, 845 N.Y.S.2d 797). | "To defeat a motion to dismiss a complaint, should a plaintiff make a prima facie showing that the defendant is subject to personal jurisdiction of a court?" |

| 856 | Waites v. Sondock, 561 S.W.2d 772, 776 (Tex. 1977) | 3 | Legislative continuance is mandatory except in those cases in which party opposing continuance alleges that substantial existing right will be defeated or abridged by delay; in cases of this type, trial court has duty to conduct hearing on such allegations, and if allegations are shown to be meritorious court should deny continuance. Vernon's Ann.Civ.St. art. 2168a. | At the same time we reiterate the limited nature of our holding: a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious the court should deny the continuance. | Is legislative continuance mandatory except in those cases in which a party opposing continuance alleges that a substantial existing right will be defeated or abridged by delay? |
| 857 | Randall Elec., Inc. v. State, 150 A.D.2d 875, 876, 540 N.Y.S.2d 901, 902 (1989) | 1 | Actions taken and observations made for stated purpose of arriving at settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in mutual attempt to reach settlement, should generally be protected from discovery by public policy encouraging attempts at settlement. | Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement. | Should actions taken and observations made for stated purpose of arriving at settlement agreement be protected from discovery by public policy encouraging attempts at settlement? |
| 860 | Estate of Rose, 465 Pa. 53, 62 (1975) | 3 | Federal and state governments may generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other. | The federal and state governments may generally tax the same subject matter at the same time and neither the United States nor the state, in determining the amount of tax due to it, is under constitutional obligation to make any allowance on account of the tax of the other. | "Can federal and state governments generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other?" |
| 863 | Nichols v. Muskingum Coll., 318 F.3d 674, 677 (C.A.6 (Ohio), 2003) | 4 | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavit; however, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A. | In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. Rogers v. Stratton Industries, 798 F.2d 913, 916 (6th Cir.1986). However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. | May a court consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction? |

| 865 | Old Home Enterprise v. Fleming, 20 Neb.App. 705, 708 (Neb.App., 2013) | 8 | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. West's Neb.Rev.St. S 25-217. | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. | "Does a trial court have jurisdiction to make orders, when a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing?" |
| 866 | Hanna v. City of Chicago, 382 Ill. App. 3d 672, 677 (2008) | 4 | A mooted action should be dismissed out of concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure that there is an adversarial relationship that sharpens the presentation of issues upon which the courts largely depend for illumination of difficult questions. | A mooted action should be dismissed out of "concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure that there is an adversarial relationship that sharpens the presentation of issues upon which the courts largely depend for illumination of difficult questions." | Should a mooted action be dismissed out of concern that parties to a resolved dispute lack a sufficient personal stake in the outcome? |
| 867 | Price v. Roy O. Martin Lumber Co., 915 So. 2d 816, 826 (La.App. 1 Cir., 2005) | 15 | When a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue, though when the plaintiff knowingly files suit in the wrong venue, dismissal is proper. LSA-C.C.P. art. 121. | The jurisprudential rule has developed that, "when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue pursuant to LSA-C.C.P. Art. 121. However, when the plaintiff knowingly files suit in the wrong venue, dismissal is proper." | "When a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, should the case be transferred to a court of proper venue?" |
| 868 | Gautreaux v. Maya, 112 So. 3d 146, 149-50 (Fla. App. 2013) | 10 | When seeking dismissal of a lawsuit for fraud on the court, a mere testimonial discrepancy is ordinarily not enough; rather, to warrant dismissal, the party's conduct must show a scheme calculated to evade or stymie discovery of facts central to the case. | In other words, when seeking dismissal of a lawsuit for fraud on the court, "[a] mere testimonial discrepancy is ordinarily not enough." Rather, to warrant dismissal, the party's conduct must show "a scheme calculated to evade or stymie discovery of facts central *150 to the case." | "To warrant dismissal, should the party's conduct show a scheme calculated to evade or stymie discovery of facts central to the case?" |
| 869 | Anderson v. Sills, 143 N.J. Super. 432, 437-38 (1976) | 3 | Since a contest engendered by genuinely conflicting self-interests of the parties is best suited to developing all relevant material before the court, where there is a change in circumstances so that a doubt is created concerning the immediacy of the controversy, courts will ordinarily dismiss the case as moot, regardless of the stage to which the litigation has progressed. | Second, it is a premise of the Anglo-American judicial system that a contest engendered by genuinely conflicting self-interests of the parties is **384 best suited to developing all relevant material before the court. Therefore, where there is a change in circumstances so that a doubt is created concerning the immediacy of the controversy, courts will ordinarily dismiss cases as moot, regardless of the stage to which the litigation has progressed. | Will courts dismiss cases as moot when circumstances out of which controversy arises change so as to raise doubt concerning adversity of parties interests? |

| 871 | Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIO v. Ohio Dep't of Transp., 104 Ohio App. 3d 340, 343 (Ohio App. 10 Dist., 1995) | 2 | Where, prior to rendition of final decision, an event occurs, without fault of either party, which renders it impossible for court to grant effectual relief in case, case should be dismissed as moot. | Where, prior to the rendition of a final decision, an event occurs, without the fault of either ***4-19 party, which renders it impossible for the court to grant effectual relief in a case, the case should be dismissed. | "Should case be dismissed as moot where, prior to rendition of final decision, an event occurs, without fault of either party, which renders it impossible for court to grant effectual relief in case?" |
| --- | --- | --- | --- | --- | --- |
| 872 | Shaw v. Universal Life & Acc. Ins. Co., 123 S.W.2d 738, 739–40 (Tex. Civ. App. 1938) | 5 | Where an order has been properly granted to make a pleading more definite or more specific, failure to comply therewith is an act of contempt and action may be dismissed without prejudice, at least in the absence of proper excuse. | "Where an order has been properly granted to make a pleading more definite and certain, or more specific, failure or refusal to comply therewith is an act of contempt, and the action may, and, according to some authorities, must, be dismissed, without prejudice, at least in the absence of reasonable and proper excuse * * *". | "Where an order has been properly granted to make a pleading more definite or more specific, is failure to comply therewith, can an act of contempt and action be dismissed without prejudice?" |
| 874 | Stacy v. Johnson, 25 So. 3d 365, 368 (Miss. Ct. App. 2009) | 3 | Cases are dismissed with prejudice for failure to prosecute if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, and where lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | Such cases are dismissed with prejudice "if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court ... and where lesser sanctions would not serve the best interests of justice." | "Are cases dismissed with prejudice for failure to prosecute, if the record shows that a plaintiff has repeatedly disregarded the procedural directives of the court?" |
| 875 | Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067, 1069 (Ala. App. 2008) | 2 | An appellate court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found, since dismissal is such a drastic sanction, and is to be used only in extreme situations. Rules Civ.Proc., Rule 41(b). | thus, an appellate court 'carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found.' | "Does a court carefully scrutinize any order terminating an action for want of prosecution, and does it hesitate to set one aside when an abuse of discretion is found?" |
| 877 | Harvey v. Town of Tiverton, 764 A.2d 141, 143 (R.I. 2001) | 6 | In considering a motion to dismiss for failure to prosecute, the court is required to weigh conflicting interests: on the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay; on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(2). | In considering a motion to dismiss for failure to prosecute, the court is "required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits." E4893 | Is the court required to weigh conflicting interests in considering a motion to dismiss for failure to prosecute? |

| 879 | O'Dell v. State Farm Mut. Auto. Ins. Co., 173 Ind.App. 106, 108 (Ind.App. 1977) | 2 | Method of affording compensation to an employee based upon a reallocation of risks arises from a need to curb harsh results rendered under common law with its defenses of contributory negligence, assumption of risk, and fellow servant rule. IC 22-3-2-5 (1976 Ed.). | This method of compensation based upon a real-location of risks arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and fellow servant rule. | "Is the method of compensation under the workmens compensation based on a real-location of risks arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and fellow servant rule?" |
| :-- | :-- | :-- | :-- | :-- | :-- |
| 880 | McDonald v. Hanahan, 328 Mass. 539, 541 (1952) | 6 | To constitute a good promissory note, there should be deducible from its face a written promise to pay money, yet that promise need not be expressed in any particular form of words, and it would be enough if from language used a written undertaking to pay may be fairly inferred. | To constitute a good promissory note there should be deducible from its face a written promise to pay the money, yet that promise need not be expressed in any particular form of words, and it will be enough if from the language used a written undertaking to pay may be fairly inferred. | "Should a written promise to pay money be deducible from the face of a promissory note, yet that promise need not be expressed in any particular form of words?" |
| 881 | Chanko v. Am. Broad. Companies Inc., 27 N.Y.3d 46, 52, 49 N.E.3d 1171, 1175 (2016) | 1 | When considering a pre-answer motion to dismiss the complaint for failure to state a cause of action, the court must give the pleadings a liberal construction, accept the allegations as true, and accord the plaintiffs every possible favorable inference. McKinney's CPLR 3211(a)(7). | When considering these pre-answer motions to dismiss the complaint for failure to state a cause of action, we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiffs every possible favorable inference (see Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190 [2002] ). | "In considering a pre-answer motion to dismiss a complaint for failure to state a cause of action, should a court give the pleadings a liberal construction?" |
| 882 | Ament v. Reassure Am. Life Ins. Co., 180 Ohio App. 3d 440, 456 (2009) | 22 | In construing the complaint when considering a motion to dismiss for failure to state a claim, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Rules Civ.Proc., Rule 12(B)(6). | In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. | Are factual allegations contained in the complaint presumed true and all reasonable inferences are drawn in favor of the nonmoving party on a motion to dismiss for failure to state a claim? |
| 883 | Atha v. Allen P. Van Overbeke, D.M.D., P.A., 213 So. 3d 1073, 1074 (Fl. App. 2017) | 1 | In ruling on a motion to dismiss for failure to plead a facially sufficient claim, the trial court is limited to a consideration of the allegations within the four corners of the complaint and is required to accept those allegations as true. Fla. R. Civ. P. 1.110(b). | In ruling on a motion to dismiss for failure to plead a facially sufficient claim, the trial court is limited to a consideration of the allegations within the four corners of the complaint and is required to accept those allegations as true. | "In ruling on a motion to dismiss for failure to plead a facially sufficient claim, is the trial court limited to a consideration of the allegations within the four corners of the complaint?" |

| 884 | Hoffman v. Boonsiri, 290 Mich. App. 34, 39 (2010) | 2 | On motion for summary disposition alleging claims are barred by statute of limitations, the trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. MCR 2.116(C)(7). | When reviewing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. | "On a motion seeking summary disposition on grounds that claim is barred by immunity, should the trial court accept the nonmoving party's well-pleaded allegations as true?" |
| 886 | In re Marriage of Buster, 115 S.W.3d 141, 143-44 (Tex. App. 2003) | 1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court has the inherent power to dismiss a case for want of prosecution, but express authority to do so is also given by Rule 165a in cases where a *144 party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. TEX.R. CIV. P. 165a; | Can the court dismiss a case for want of prosecution when case has not been disposed of within Supreme Court's time standard? |
| 887 | Foy v. Hunter, 106 N.C. App. 614, 618, 418 S.E.2d 299, 302 (1992) | 1 | Under civil procedure rule, trial court may enter sanctions for failure to prosecute only where plaintiff or his attorney manifests an intention to thwart progress of the action to its conclusion or fails to progress the action toward its conclusion by engaging in some delaying tactic; whether plaintiff or his attorney have manifested such an intent or has engaged in some delaying tactic may be inferred from facts surrounding delay in prosecution of the case. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | Under Rule 41(b), a trial court may enter sanctions for failure to prosecute only where the plaintiff or his attorney "manifests an intention to thwart the progress of the action to its conclusion" or "fails to progress the action towards its conclusion" by engaging in some delaying tactic. Green v. Eure, 18 N.C.App. 671, 672, 197 S.E.2d 599, 601 (1973); Jones v. Stone, 52 N.C.App. 502, 505, 279 S.E.2d 13, 15, disc. rev. denied, 304 N.C. 195, 285 S.E.2d 99 (1981); see also Smith v. Quinn, 324 N.C. 316, 318–19, 378 S.E.2d 28, 30–31 (1989) (trial court did not err in dismissing plaintiff's action where plaintiff's attorney violated Rule of Civil Procedure for purposes of delay and gaining unfair advantage). Whether a plaintiff or his attorney has manifested an intent to thwart the progress of an action or has engaged in some delaying tactic may be inferred from the facts surrounding the delay in the prosecution of the case. | Can the court enter sanctions for failure to prosecute when the plaintiff or his attorney manifests an intention to thwart progress of the action to its conclusion by engaging in some delaying tactic? |

| 889 | Wilson v. Illinois Benedictine Coll., 112 Ill. App. 3d 932, 937, 445 N.E.2d 901, 906 (1983) | 8 | A college student may have a remedy when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily and capriciously and in bad faith; a university may not act maliciously or in bad faith by arbitrarily and capriciously refusing to award a degree to a student who fulfills its degree requirements. | A student may have a remedy when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily and capriciously and in bad faith (40 Ill.App.3d 474, 480, 352 N.E.2d 356) thus a university may not act maliciously or in bad faith by arbitrarily and capriciously refusing to award a degree to a student who fulfills its degree requirements. | "Do students have a remedy for breach of contract when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily, capriciously, and in bad faith?" |
| 890 | Roman Cath. Diocese of Brooklyn v. Christ the King Reg'l High Sch., 149 A.D.3d 994, 995–96, 53 N.Y.S.3d 85, 88 (2017) | 1 | A motion to dismiss for failure to state a cause of action may be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | "A motion to dismiss under CPLR 3211(a)(7) may be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it" (McMahan v. McMahan, 131 A.D.3d 593, 594, 15 N.Y.S.3d 190 [internal quotation marks and brackets omitted]; see *996 Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). | Can a motion to dismiss for failure to state a cause of action be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all? |
| 893 | W. Branch Conservation Ass'n, Inc. v. Cnty. of Rockland, 227 A.D.2d 547, 547, 642 N.Y.S.2d 966, 967 (1996) | 1 | Although, upon motion to dismiss for failure to state cause of action, court generally must accept facts alleged in complaint as true, court need not accept legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence. McKinney's CPLR 3211(a), par. 7. | Although, upon a motion pursuant to CPLR 3211(a)(7), a court must accept the facts alleged in the complaint as true, this does not apply to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence (see, Quail Ridge Assocs. v. Chemical Bank, 162 A.D.2d 917, 918, 558 N.Y.S.2d 655; SRW Assocs. v. Bellport Beach Prop. Owners, 129 A.D.2d 328, 331, 517 N.Y.S.2d 741). | Does a court need to accept legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence? |
| 896 | Zellner v. Odyl, LLC, 117 A.D.3d 1040, 1040, 986 N.Y.S.2d 592, 592–93 (2014) | 1 | In determining a motion to dismiss complaint for failure to state a claim, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, the motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | In determining a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), "the sole criterion is whether **593 the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law [, the] motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Wilner v. Allstate Ins. Co., 71 A.D.3d 155, 159, 893 N.Y.S.2d 208). | "In determining a motion to dismiss complaint for failure to state a claim, is the sole criterion whether the pleading states a cause of action?" |

| | | | | |
|---|---|---|---|---|
| 897 | Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34, 38, 827 N.Y.S.2d 231, 234 (2006) | 3 | Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery motion to dismiss. McKinney's CPLR 3211. | Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a pre-discovery CPLR 3211 motion to dismiss (see EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26). | "Does, whether a complaint will later survive a motion for summary judgment or whether plaintiffs will ultimately be able to prove their claims, play a part in the determination of a pre-discovery motion to dismiss?" |
| 898 | State v. Colon, 117 Conn. App. 150, 158 (2009) | 15 | To prove the defendant guilty of breach of the peace in the second degree, state is required to prove beyond a reasonable doubt that: (1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior; (2) that this conduct occurred in a public place; and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof. C.G.S.A. S 53a-181(a)(1). | To prove the defendant guilty of breach of the peace in the second degree in violation of  53a-181(a)(1), the state was required to prove beyond a reasonable doubt that "(1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior, (2) that this conduct occurred in a public place and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof." | When is a person guilty of breach of the peace in the second degree? |
| 899 | Mancinelli v. Davis, 217 So. 3d 1034, 1038 (Fla. Dist. Ct. App. 2017) | 12 | Where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. | "It is well-settled that where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion." | "Where a party can be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, is dismissal with prejudice an abuse of discretion?" |
| 900 | McDuffie v. Mitchell, 155 N.C. App. 587, 589 (2002) | 2 | In ruling on a motion to dismiss for failure to state a claim, the trial court must take all of the allegations of the complaint as true; however, the trial court must also draw its own legal conclusions from the facts, which may differ from those advocated by plaintiff. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | [2]  In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the trial court must take all of the allegations of the complaint as true. However, the trial court must also draw its own legal conclusions from the facts, which may differ from those advocated by plaintiff. | "Although the trial court is obligated to take all of the allegations of the complaint as true when ruling on a motion to dismiss for failure to state a claim, should the trial court draw its own legal conclusions from those facts?" |
| 901 | Jones v. Sullivan, 34 Ill. App. 3d 786, 789–90 (1976) | 2 | When case is reached for trial regularly on call and plaintiff fails to appear and defendant is present insisting upon disposition of case, court may properly dismiss case for want of prosecution. | When a case is reached for trial *790 regularly on the call and the plaintiff fails to appear and the defendant is present insisting upon a disposition of the case, the court may properly dismiss the case for want of prosecution. | Can court properly dismiss case for want of prosecution when case is reached for trial regularly on call and plaintiff fails to appear and defendant is present insisting upon disposition of case? |

| 902 | GECMC 2006-C1 Carrington Oaks v. Weiss, 233 N.C. App. 633, 637 (2014) | 6 | If the trial court chooses to decide a motion to dismiss for lack of jurisdiction over the person based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror. Rules Civ.Proc., Rule 12(b)(2). | "If the trial court chooses to decide the motion based on affidavits, [t]he trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits] much as a juror." | "If the trial court chooses to decide a motion to dismiss for lack of jurisdiction over the person based on affidavits, should the trial judge determine the weight and sufficiency of the evidence presented in the affidavits much as a juror?" |
| --- | --- | --- | --- | --- | --- |
| 905 | Smith v. Cent. Illinois Reg'l Airport, 207 Ill. 2d 578, 584–85 (2003) | 2 | There exists in Illinois a policy that favors an adequate and appropriate hearing of a litigant's claim on the merits, and a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief. | That is so because there exists in this state a policy, long adhered to by our courts, that favors an adequate and appropriate hearing of a litigant's claim on the merits, and it is well established that a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading *585 which would entitle the plaintiff to relief. | Should a cause of action not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief? |
| 907 | Bond v. Messerman, 391 Md. 706, 718 (2006) | 2 | If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. Md.Rule 322(a). | If additional facts are necessary to decide the motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other **998 evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. | "If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, can the court consider affidavits or other evidence adduced during an evidentiary hearing?" |
| 908 | Kraus v. Metro. Two Illinois Ctr., 146 Ill. App. 3d 210, 212 (1986) | 1 | Involuntary dismissal not falling under any of the exceptions of Rule 273 would bar plaintiff from filing subsequent suit involving the same parties and claims pursuant to principles of res judicata. S.H.A. ch. 110A, P 273. | An involuntary dismissal not falling under any of the exceptions of Rule 273 thus would bar a plaintiff from filing a subsequent suit involving the same parties and claims pursuant to principles of res judicata. | Will involuntary dismissal not falling under any of the exceptions of Rule 273 bar a plaintiff from filing a subsequent suit involving the same parties and claims pursuant to principles of res judicata? |
| 911 | Fisher & Co. v. Dep't of Treasury, 282 Mich. App. 207, 209-10 (2009) | 3 | A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden; sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. M.C.L.A. SS 205.51 et seq., 205.91 et seq. | "A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden. Sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question." | Are sales and use taxes designed to exact an equal tax based on a percentage of the purchase price of the property in question? |

| | | | | | |
|---|---|---|---|---|---|
| 912 | Kaufman v. Bauer, 36 A.D.3d 481, 482, 830 N.Y.S.2d 23, 25 (2007) | 1 | Courts have discretion to grant motion to restore action to calendar, brought more than one year after case is stricken from calendar, provided movant demonstrates (a) merits of his/her claim; (b) lack of prejudice to opposing party or parties; (c) lack of intent to abandon action; and (d) reasonable excuse for the delay. McKinney's CPLR 3404; N.Y.Ct.Rules, S 208.14(c). | Notwithstanding this time limitation, courts have discretion to grant a restoration motion brought more than one year after the case is stricken from the calendar provided the movant demonstrates (a) the merits of his/her claim; (b) a lack of prejudice to the opposing party or parties; (c) a lack of intent to abandon the action; and (d) a reasonable excuse for the delay (see Williams v. A & S Dept. Store, 5 Misc.3d 140(A), 2004 WL 2964000 [App. Term 2004] [citing CPLR 3404]; Mester v. Cattani, 4 Misc.3d 132(A), 2004 WL 1517405 [App. Term 2004] ). | Can an action which has been automatically dismissed one year after being stricken from calendar be restored in a trial court's discretion? |
| 913 | Almanzar v. Rye Ridge Realty Co., 249 A.D.2d 128, 129, 671 N.Y.S.2d 481, 483 (1998) | 1 | Once a case is dismissed for failure to prosecute, a party seeking to restore it to the trial calendar must show a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the matter and a lack of prejudice to the nonmoving party. McKinney's CPLR 3404. | Once a case is dismissed pursuant to CPLR 3404 for failure to prosecute, a party seeking to restore it to the trial calendar must show four things: a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the matter and a lack of prejudice to the non-moving party (Ware v. Porter, 227 A.D.2d 214, 215, 642 N.Y.S.2d 278). | "Once a case is dismissed for failure to prosecute, should a party seeking to restore it to the trial calendar show a meritorious cause of action?" |
| 914 | White v. Bayless, 32 S.W.3d 271, 274 (Tex. App. 2000) | 3 | Generally, before a court may grant a no cause of action summary judgment, it must give the plaintiff an adequate opportunity to plead a viable cause of action, but if the plaintiff's petition affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity to amend is necessary, and summary judgment or dismissal is proper. | Generally, before a court may grant a "no cause of action" summary judgment, it must give the plaintiff an adequate opportunity to plead a viable cause of action. See Friesenhahn, 960 S.W.2d at 658; Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.1983). However, if the plaintiff's petition affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity to amend is necessary, and summary judgment or dismissal is proper. | "If plaintiff's petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, is no opportunity to amend necessary?" |

| 917 | Shea v. Boston Edison Co., 431 Mass. 251, 258-259 (2000) | 3 | Regulatory fees share common traits that distinguish them from taxes; they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner not shared by other members of society, they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge, and the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses. | Regulatory fees "share common traits that distinguish them from taxes: they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner 'not shared by other members of society,' ... they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge ... and the charges are collected not to raise revenues but to compensate the governmental entity providing *259 the services for its expenses" | Do fees share common traits that distinguish them from taxes? |
| 919 | Ex parte Ariza, 913 S.W.2d 215, 218-19 (Tex. App. 1995) | 5 | If forfeiture seeks to approximate state's costs attributable to investigating and prosecuting offense giving rise to forfeiture, thereby serving only purpose of compensating state for such costs, then it is remedial in nature and does not constitute "punishment" for double jeopardy purposes; however, if forfeiture serves at least in part to punish owner of forfeited property, then it serves as punishment for purposes of double jeopardy clause. U.S.C.A. Const.Amend. 5. | If forfeiture under our statute seeks to approximate the State's *219 costs attributable to investigating and prosecuting the offense giving rise to the forfeiture, thereby serving only the purpose of compensating the State for these costs, then it is remedial in nature and does not constitute punishment. Halper, 490 U.S. at 448, 109 S.Ct. at 1901. On the other hand, if forfeiture serves at least in part to punish the owner of the forfeited property, then it serves as punishment for the purpose of the Double Jeopardy Clause. | "If forfeiture seeks to approximate a state's costs attributable to investigating and prosecuting offense giving rise to forfeiture, is it remedial in nature and does not constitute ""punishment"" for double jeopardy purposes?" |
| 920 | U.s. v. McCallum, 721 F.3d 706, 710, 406 U.S.App.D.C. 74, 78 (C.A.D.C.,2013) | 5 | A defendant's motion for a mistrial constitutes a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact; only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. U.S.C.A. Const.Amend. 5. | A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." United States v. Scott, 437 U.S. 82, 93 [98 S.Ct. 2187, 57 L.Ed.2d 65] (1978).... Only where the governmental conduct in question is intended to "goad " the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" |

| 921 | State v. Davenport, 147 So.3d 137, 142, 2013-1859 La. 5/7/14, 8 (La.,2014) | 2 | A mistrial declared by the trial court without the consent of the defendant will ordinarily bar further prosecution of him for the same criminal conduct; however, this rule is subject to limited exceptions, where the court-ordered mistrial is regarded as justified in the interests of the accused or as required by physical or legal necessity. U.S.C.A. Const.Amend. 5; LSA-Const. Art. 1, S 15; LSA-C.Cr.P. arts. 591, 775 | We have held "a mistrial declared by the trial court without the consent of the defendant will ordinarily bar further prosecution of him for the same criminal conduct." State v. Lawson, 338 So.2d 627, 629 (La.1976). However, [t]his rule is subject to limited exceptions, where the court-ordered mistrial is regarded as justified in the interests of the accused or as required by physical or legal necessity. | Will a mistrial declared by a trial court without consent of a defendant bar further prosecution of him for the same criminal conduct? |
| 922 | Narducci v. Mason's Disc. Store, 518 Pa. 94, 98 (Pa., 1988) | 1 | Request to open judgment of non pros is in nature of appeal to equitable powers of court and, in order for judgment of non pros to be opened, three elements must coalesce: petition to open must be promptly filed; default or delay must be reasonably explained or excused; and facts must be shown to exist which support cause of action. | A request to open a judgment of non pros, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of non pros to be opened, a three- pronged test must be satisfied: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist that support a cause of action. | "In order for a judgment of non pros to be opened, what are the three elements that should coalesce?" |
| 923 | Thomas v. Eighth Judicial Dist. Court in & for Cty. of Clark, 402 P.3d 619, 629 (Nev., 2017) | 29 | The protections of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial, create a potential for governmental harassment of the defendant, and enhance the likelihood that an innocent defendant may be convicted. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | As established by the United States Supreme Court, the protections of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial, create a potential for governmental harassment of the defendant, and enhance the likelihood that an innocent defendant may be convicted. | Does the protection of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial? |
| 924 | State v. Paquin, 140 N.H. 525, 528 (1995) | 2 | In order to preserve right to have empaneled jury decide case, trial court may declare mistrial over defendant's objection, without jeopardizing retrial, only if there is manifest necessity for the act, or ends of justice would otherwise be defeated. Const. Pt. 1, Art. 16. | In order to preserve the right to have an empaneled jury decide a case, a trial court may declare a mistrial over the defendant's objection, without jeopardizing retrial, "only if there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." | "Can a trial court declare a mistrial over the defendant's objections, without jeopardizing retrial, only if there is a manifest necessity for the act?" |

| 925 | U.S. v. Sammaripa, 55 F.3d 433, 434 (C.A.9 (Wash.),1995) | 2 | Double jeopardy clause of Fifth Amendment of Constitution protects defendant's valued right to have particular tribunal give complete consideration to his case; this right is sometimes subordinate to public's interest in affording prosecutor one full and fair opportunity to present his evidence to impartial jury. U.S.C.A. Const.Amend. 5. | The double jeopardy clause of the Fifth Amendment of the Constitution protects a defendant's "valued right" to have a particular tribunal give complete consideration to his case. Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978). This right "is sometimes subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. | Will consideration be given to the defendant's valued right to have his trial completed by the particular tribunal? |
| 926 | Ex parte Peterson, 117 S.W.3d 804, 810 (Tex. App. 2003) | 2 | Double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine, or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Thus, double jeopardy principles do not *811 forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine; 12 or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. | Do double jeopardy principles not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that was justified or requested? |
| 929 | St. Paul Ins. Co. v. Hayes, 2001 ME 71, ¶ 8, 770 A.2d 611, 614 | 4 | In determining whether a dismissal was an appropriate sanction for discovery violations, the trial court should consider the following factors: (1) the specific purpose of the discovery rules, (2) the party's conduct throughout the proceedings, (3) the party's bona fides in its failure to comply with the discovery rules, (4) prejudice to the other parties, and (5) the need for the orderly administration of justice. Rules Civ.Proc., Rule 37(b). | In determining whether a dismissal was an appropriate sanction, the trial court should consider the following factors: (1) the specific purpose of the discovery rules; (2) the party's conduct throughout the proceedings; (3) the party's bona fides in its failure to comply with the discovery rules; (4) prejudice to the other parties; and (5) the need for the orderly administration of justice. | "In determining the appropriate sanction to be imposed upon a party for failure to comply with the rules of civil procedure, should the court take into account the purpose of the specific rule at issue?" |
| 931 | Rowe v. HCA Health Services of Oklahoma, Inc., 130 P.3d 761, 762–63 (Okla.Civ.App. Div. 4, 2005) | 1 | When District Court grants motion to dismiss for failure to state claim, it must grant plaintiff leave to file amended petition if defect can be remedied, and District Court has duty to specify time within which plaintiff must file amended petition; if District Court does not prescribe time, defendant who obtained dismissal has responsibility to move court to set time. 12 Okl.St.Ann. S 2012(G). | When a district court grants a motion to dismiss for failure to state a claim, it must grant the plaintiff leave to file an amended petition if the defect can be remedied. Kelly v. Abbott, 1989 OK 124, 6, 781 P.2d 1188, 1190. The district court has a duty to specify the time within which the plaintiff must file the amended petition. Id. at 10, 781 P.2d at 1191.If the district court does not prescribe a time, the defendant who obtained the dismissal has the responsibility to move the court to set a time. Id. | "When a District Court grants a motion to dismiss for failure to state a claim, can a District Court refuse to allow a plaintiff leave to amend only if it appears that a plaintiff cannot state a claim?" |

| 932 | In re Dudley, 502 B.R. 259, 282 (Bankr. W.D. Va. 2013) | 40 | Under Massachusetts law, a five-factor test is used in determining whether equitable subrogation applies, though the doctrine may still apply absent one of the five factors, pursuant to which subrogation will apply if: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | In determining whether subrogation applies, Massachusetts has fashioned a five factor test; although, the doctrine may still apply absent one of the five factors. East Boston Savings Bank v. Ogan, 428 Mass. 327, 701 N.E.2d 331, 334 (1998). Equitable subrogation will apply if: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What are the factors necessary for equitable subrogation to apply? |
| 933 | Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687, 689 (N.D. Tex. 2012) | 7 | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by agreement or contract that grants right to pursue reimbursement from third party in exchange for payment of loss, and "equitable subrogation," i.e., "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable, and which in equity should have been paid by the latter. | The Texas Supreme Court later clarified that there are two types of subrogation. Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex.2007). Contractual (or conventional) subrogation is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss, while equitable (or legal) subrogation does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | What are the types of subrogation? |
| 934 | Upstate Shredding, LLC v. Carloss Well Supply Co., 84 F.Supp.2d 357, 362 (N.D.N.Y.,2000) | 6 | A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. 9 U.S.C.A. S 1 et seq. | A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration. | What aspects are considered by courts to determine arbitrability of a particular dispute? |

| 935 | Hess Collection Winery v. California Agr. Labor Relations Bd., 140 Cal. App. 4th 1584, 1596-97 (2006) | 4 | Resolution of disputed contract issues through a binding process is commonly referred to as "interest arbitration" in labor law; unlike grievance arbitration, it focuses on what the terms of a new agreement should be, rather than the meaning of the terms of the old agreement, and the arbitrator is not acting as a judicial officer, construing the terms of an existing agreement and applying them to a particular set of facts, but rather, he is acting as a legislator, fashioning new contractual obligations. | Resolution of disputed contract issues through a binding process is commonly referred to as "interest arbitration" in labor law. "Interest arbitration, unlike grievance arbitration, focuses on what the terms *1597 of a new agreement should be, rather than the meaning of the terms of the old agreement. Thus, the arbitrator is not acting as a judicial officer, construing the terms of an existing agreement and applying them to a particular set of facts. Rather, he is acting as a legislator, fashioning new contractual obligations." | What is interest arbitration? |
| 937 | Ross v. Lowitz, 222 N.J. 494, 510 (N.J., 2015) | 5 | Strict liability without fault should not be imposed, whether that activity be classified as a nuisance or a trespass, absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason. | In short, "[strict] liability without fault should not be imposed, whether that activity be classified as a nuisance or a trespass, absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason." | Can strict liability without fault be imposed in nuisance or trespass actions when an intentional or hazardous activity requiring a higher standard of care or is absent? |
| 941 | Beadall v Moore, (N.Y.A.D. 1 Dept., Jan. 13, 1922) | 7 | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | The place of performance of a bill of exchange or a promissory note is the place of payment. When a bill or note is executed in one state or country and payable in another, the general rule is that it is governed, as to its nature, validity, interpretation, and effect, by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place (8 C. J. 92), especially where the note would be void in the place where made and valid where it was payable. | What is the general rule that governs the interpretation of a promissory note? |
| 942 | Texaco v. Short, 454 U.S. 516, 536 (U.S.Ind., 1982) | 20 | Due process clause does not require defendant to notify a potential plaintiff that statute of limitations is about to run, although it certainly would preclude him from obtaining declaratory judgment that his adversary's claim is barred without giving notice of that proceeding. U.S.C.A.Const.Amends. 5, 14. | The Due Process Clause does not require a defendant to notify a potential plaintiff that a statute of limitations is about to run, although it certainly would preclude him from obtaining a declaratory judgment that his adversary's claim is barred without giving notice of that proceeding. | Does the Due Process Clause require a defendant to notify a potential plaintiff that a statute of limitations is about to run? |

| 943 | American Intern. Industries, Inc. v. Plumbers Woodwork Co., 151 S.E.2d 822, 823, 114 Ga.App. 490, 491 (Ga.App. 1966) | 2 | A plea of total failure of consideration includes a partial failure, and no abatement in amount sued for can be had unless amount thereof be shown by evidence, but it does not follow that where there is no valid plea of total failure of consideration, the plea of partial failure of consideration must allege the monetary extent of such partial failure as against a general demurrer or motion to strike where it sufficiently alleges the nature of the defect of the merchandise which was subject matter of contract. | While a plea of total failure of consideration includes a partial failure, and no abatement in the amount sued for can be had unless the amount thereof be shown by the evidence (Grier v. Enterprise Stone Company, 126 Ga. 17(1), 54 S.E. 806; Crouch & Son v. Spooner, 9 Ga.App. 695(2), 72 S.E. 61), it does not follow that where there is no valid plea of total failure of consideration, the plea of partial failure of consideration must allege the monetary extent of such partial failure as against a general demurrer or motion to strike where it sufficiently alleges the nature of the defect of the merchandise which was the subject matter of the contract. | Does a plea of total failure of consideration include a partial failure of consideration? |
| 944 | Roth v. Roth, 176 S.W.3d 735, 738-39 (Mo.App. E.D., 2005) | 6 | While motion in limine is normally used to exclude evidence in jury trial that would be unfairly prejudicial or inflammatory, it should not be employed to choke off party's entire claim or defense. | While a motion in limine is normally used to exclude evidence in a jury trial that would be unfairly prejudicial or inflammatory, it should not be employed to choke off a *739 party's entire claim or defense. | "While motion in limine is normally used to exclude evidence in jury trial that would be unfairly prejudicial or inflammatory, should it be employed to choke off party's entire claim or defense?" |
| 945 | Dep't of Transp. v. Wallace Enterprises, 234 Ga. App. 1, 4 (1998) | 9 | "Motion in limine" is pretrial method of determining admissibility of evidence, as party may secure pretrial ruling on admissibility of evidence or ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds. | "A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | "Is a motion in limine pretrial method of determining admissibility of evidence, as party may secure pretrial ruling on admissibility of evidence or ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds?" |
| 946 | Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441, 446 (1999) | 13 | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | "Is a motion in limine pretrial method of determining admissibility of evidence, as party may secure pretrial ruling on admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds?" |

| 947 | State v. Winston, 71 Ohio App. 3d 154, 158 (1991) | 1 | "Motion in limine" is request that court limit or exclude use of evidence which movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact, usually before trial. | A motion in limine is a request that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact, usually prior to trial. | "Is a motion in limine a request that the court limits or excludes the use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact?" |
| --- | --- | --- | --- | --- | --- |
| 948 | In re Flamingo 55, 378 B.R. 893, 893 (D. Nev. 2007) | 1 | "Subrogation" is the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the "subrogee," is placed in the shoes of the person who suffered the loss, the "subrogor." | In general terms, subrogation is the substitution of one party in place of another with reference to a lawful claim, demand or right. Subrogation places the party paying the loss or claim (the "subrogee") in the shoes of the person who suffered the loss ("the subrogor"). | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the ""subrogee,"" is placed in the shoes of the person who suffered the loss, the ""subrogor""?" |
| 949 | In re Travelers Prop. Cas. Co. of Am., 485 S.W.3d 921, 926 (Tex. App. 2016) | 10 | As a general rule, a cause of action accrues when facts come into existence that authorize a party to seek a judicial remedy; in most cases, this occurs when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur. | "As a general rule, a cause of action accrues ... when facts come into existence that authorize a party to seek a judicial remedy." Provident Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex.2003). In most cases, this is "when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." | Does a cause of action accrue when facts come into existence that authorize a party to seek a judicial remedy? |
| 950 | Genter v. Blair Cty. Convention & Sports Facilities Auth., 805 A.2d 51, 55 (Pa. 2002) | 4 | "De facto taking" occurs when entity clothed with power of eminent domain has, by even a non-appropriative act or activity, substantially deprived owner of beneficial use and enjoyment of his property. 26 P.S. S 1-502(e). | A "de facto taking" occurs when an entity clothed with the power of eminent domain has, by even a non-appropriative act or activity, substantially deprives an owner of the beneficial use and enjoyment of his property. | "What kind of taking occurs when an entity clothed with the power of eminent domain by even a non-appropriative act or activity, deprives an owner of the beneficial use and enjoyment of his property?" |
| 952 | Hourani v. Mirtchev, 796 F.3d 1, 16 (D.C. Cir. 2015) | 21 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | The function of the Act of State doctrine is to promote "international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." | "Is the function of the act of state doctrine to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations?" |

| | | | | | |
|---|---|---|---|---|---|
| 953 | U.S. v. Keller, 451 F.Supp. 631, 635 (D.C.Puerto Rico,1978) | 3 | Law of nations permits exercise of criminal jurisdiction by nation under five general principles: territorial, wherein jurisdiction is based on place where offense is committed; national, wherein jurisdiction is based on nationality or national character of offender; protective, wherein jurisdiction is based on whether national interest is injured; universal, which amounts to physical custody of offender; and passive personal, wherein jurisdiction is based on nationality or national character of victim. | The law of nations permits the exercise of criminal jurisdiction by a nation under five general principles: territorial, wherein jurisdiction is based on the place where the offense is committed; national, wherein jurisdiction is based on the nationality or national character of the offender; 6 protective, wherein jurisdiction is based on whether the national interest is injured; universal, which amounts to physical custody of the offender; and passive personal, wherein jurisdiction is based on the nationality or national character of the victim. | What are the general principles under which the law of nations permits exercise of criminal jurisdiction? |
| 955 | Pravin Banker Assocs. Ltd. v. Banco Popular Del Peru, 109 F.3d 850, 854 (C.A.2 (N.Y.), 1997) | 2 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under principle of comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" |
| 956 | Beagle v Motor Vehicle Acc. Indemnification Corp., 254 N.Y.S.2d 763, 765 (Sup Ct, Dec. 14, 1964) | 2 | In a geographical sense, a "state" is the territory over which a particular body politic exercises sovereignty, and land over which state has neither title nor jurisdiction is not part of it, even though it may lie within its exterior boundaries. | In a geographical sense, a state is the territory over which the particular body politic exercises sovereignty (Texas v. White, 7 Wall. 700, 74 U.S. 700, 19 L.Ed. 227). Land over which the state has neither title nor jurisdiction is not a part of it even though it may lie within its exterior boundaries. | "What does state in a geographical sense mean and does land over which a state has neither title nor jurisdiction, even though it may lie within its exterior boundaries, form a part of it?" |
| 958 | Bryan v. Brown Childs Realty Co., 252 Ga. App. 502, 506 (2001) | 8 | Admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion, but the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | "The admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. However, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." | Is admission or exclusion of evidence within the sound discretion of the trial court and how should the court exercise its power while granting a motion in limine excluding evidence? |
| 959 | Rufo v. Simpson, 103 Cal.Rptr.2d 492, 516, 86 Cal.App.4th 573, 608 (Cal.App. 2 Dist.,2001) | 17 | Ordinarily the opponent of evidence need not object until the evidence is introduced, and a pretrial motion in limine is merely an additional protective device for the opponent of the evidence, to prevent the proponent from even mentioning potentially prejudicial evidence to the jury. | Ordinarily the opponent of evidence need not object until the evidence is introduced. A pretrial motion in limine is merely an additional protective device for the opponent of the evidence, to prevent the proponent from even mentioning potentially prejudicial evidence to the jury. | Is a pretrial motion in limine merely an additional protective device for the opponent of the evidence to prevent the proponent from even mentioning potentially prejudicial evidence to the jury? |

| 960 | Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441, 446 (1999) | 13 | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | "Is a motion in limine a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds?" |
| 961 | Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian, 267 Cal.Rptr. 457, 479, 218 Cal.App.3d 1058, 1097 (Cal.App. 6 Dist.,1990) | 22 | "Act of state doctrine" is judicially created doctrine treating as nonjusticiable claims that challenge certain acts of foreign sovereigns, where judicial resolution of such claims may embarrass United States foreign policy or otherwise intrude upon legitimate domain of executive branch of government. | The act of state doctrine is a judicially created doctrine treating as non-justiciable claims that challenge certain acts of foreign sovereigns, where judicial resolution of such claims may embarrass United States foreign policy or otherwise intrude upon the legitimate domain of the executive branch of government. | Is the act of state doctrine a judicially created doctrine treating as nonjusticiable claims that challenge certain acts of foreign sovereigns? |
| 963 | Duff & Phelps v. Vitro S.A.B. de C.V., 18 F. Supp. 3d 375, 383 (S.D.N.Y. 2014) | 4 | District court generally will afford comity to a foreign bankruptcy proceeding, so long as that proceeding abides by fundamental standards of procedural fairness and does not violate the laws or public policy of the United States. | In general, this Court will afford comity to a foreign bankruptcy proceeding, so long as that proceeding "abides by fundamental standards of procedural fairness" and does not "violate the laws or public policy of the United States." | "Will an American court afford comity to foreign bankruptcies only if those proceedings do not violate the laws or public policy of the United States, and if the foreign court abides by fundamental standards of procedural fairness?" |
| 964 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329, 350 (C.D.Cal., 1997) | 28 | Rather than formalistically applying act of state doctrine whenever it is technically available, a sort of balancing approach can be used to determine whether policies underlying doctrine justify its application. | Rather than formalistically applying the doctrine whenever it is technically available, "a sort of balancing approach" can be used to determine whether the policies underlying the doctrine justify its application. | "Rather than formalistically applying the act of state doctrine whenever it is technically available, can a sort of balancing approach be used to determine whether the policies underlying doctrine justify its application?" |
| 965 | Bank Tejarat v. Varsho-Saz, 723 F. Supp. 516, 517 (C.D. Cal. 1989) | 1 | "Act of state doctrine" provides that United States court will not adjudicate politically sensitive dispute which would require court to judge legality of acts of foreign state completed within that state's territory. | Act of State Doctrine [1]  [2]  The act of state doctrine provides that a United States court will not adjudicate a politically sensitive dispute which would require the court to judge the legality of acts of a foreign state completed within that state's territory. | Does the act of state doctrine provide that a United States court will not adjudicate a politically sensitive dispute which would require the court to judge the legality of acts of foreign state completed within that state's territory? |

| | | | | | |
|---|---|---|---|---|---|
| 968 | Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114, 117-18 (S.D.N.Y. 1985) | 5 | As a general matter, act of state doctrine only applies to acts occurring within state's territorial boundaries, because it is usually only when state has actual power to complete action at issue within its own borders that state can be said to have a reasonable expectation of dominion over the matter; it is, in turn, only when state has such an expectation that judicial interference with its acts tends to vex relationship of United States with foreign government. | As a general matter, however, the act of state doctrine only applies to acts occurring within the state's territorial boundaries, Allied Bank, 757 F.2d at 521, because it is usually only when the state has the actual power to complete the action at issue within its own borders that the state can be said to have a reasonable expectation of dominion over the matter. Libra Bank, 570 F.Supp. at 883-84. It is, in turn, only when the state has such an expectation that judicial interference with *118 its acts tends to vex our relationship with the foreign government. | Does the act of state doctrine only apply to acts occurring within state's territorial boundaries? |
| 969 | Durdin v. Taylor, 159 Ga. App. 675, 675 (1981) | 1 | Preliminary hearing of defenses of lack of jurisdiction over person and improper venue, whether made in pleading or by motion, may be heard and determined by trial court before trial on application of any party, and factual issues shall be determined by trial court at such hearing. Code, S 81A-112(d). | A preliminary hearing over defenses of lack of jurisdiction over the person or subject matter and improper venue whether made in a pleading or by motion may be heard and determined before trial on the application of any party. At such hearing factual issues shall be determined by the trial court. | "When may a preliminary hearing of defenses of lack of jurisdiction over a person and improper venue, whether made in pleading or by motion, be heard and determined by trial court?" |
| 970 | Carlson Heating v. Onchuck, 104 Wis. 2d 175, 180-81 (1981) | 5 | Every court has inherent power, exercisable in its sound discretion, consistent within Constitution and statutes, to control disposition of causes on its dockets with economy of time and effort. | Every court has inherent power, exercisable in its sound discretion, consistent within the constitution and statutes, to control disposition of causes on its dockets with economy of time and effort. | "Does every court have an inherent power, exercisable in its sound discretion, consistent within Constitution and statutes, to control disposition of causes on its dockets with economy of time and effort?" |
| 971 | Fergus v. Songer, 150 Cal. App. 4th 552, 569-70 (2007) | 14 | Where the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as to those causes of action, and in such circumstances, the appellate court must view the evidence most favorably to appellants, resolving all presumptions, inferences, and doubts in their favor, and must uphold the judgment for appellee on the applicable causes of action only if it was required as a matter of law. | Where, as here, the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as *570 to those causes of action. In such circumstances, "we must view the evidence most favorably to appellants, resolving all presumptions, inferences and doubts in their **288 favor, and uphold the judgment for respondent[ ] [on the applicable causes of action] only if it was required as a matter of law. | Is the granting of a motion in limine the functional equivalent of the granting of a nonsuit as to those causes of action as a matter of law? |

| | | | | | |
|---|---|---|---|---|---|
| 972 | Raymond City Coal & Transp. Corp. v. New York Cent. R. Co., 103 F.2d 56, 57 (C.C.A.6 (Ohio), 1939) | 1 | Tariff schedules are to be construed as a whole, including footnotes, according to their sense and meaning as collected in the first place from the terms used which are to be understood in their plain, ordinary and popular sense unless by the known usage of trade they have acquired a peculiar meaning distinct from the popular one or unless the context points out they must be understood in some special and peculiar sense. | [1] [2] Tariff schedules are to be construed as a whole including footnotes according to their sense and meaning as collected in the first place from the terms used which are to be understood in their plain, ordinary and popular sense unless, by the known usage of trade, they have acquired a peculiar meaning distinct from the popular one or unless the context points out they must be understood in some special and peculiar sense. | "Should tariff schedules be construed as a whole, including footnotes?" |
| 973 | American Ins. Co. v. Ohio Bur. of Workers Comp., 577 N.E.2d 756, 759, 62 Ohio App.3d 921, 925 (Ohio App.,1991) | 4 | When equitable, surety is subrogated not only to rights of obligee but also to rights and remedies of principal against third parties, where those rights arise from or are closely related to debt that surety is called to pay under suretyship agreement. | We think the proper rule is that, when equitable, a surety is subrogated not only to the rights of the obligee, but also to the rights and remedies of the principal against third parties, where those rights arise from or are closely related to the debt the surety is called to pay under the suretyship agreement. | "When equitable, is a surety subrogated not only to the rights of an obligee but also to the rights and remedies of the principal against third parties, where those rights arise from or are closely related to a debt that the surety is called to pay under the suretyship agreement?" |
| 975 | Unity Real Estate Co. v. Hudson, 977 F.Supp. 717, 724 (W.D.Pa.,1997) | 4 | Even when regulation results in claimant's loss of property in its entirety, if government does not appropriate the property for its own use, but instead acts to ensure stability of private fund, then no unconstitutional taking can be found. U.S.C.A. Const.Amend. 5. | . I am persuaded, however, that even when a regulation results in a claimant's loss of property in its entirety, if the government does not appropriate the property for its own use, but instead acts to ensure the stability of a private fund, then no unconstitutional taking can be found. | "Can a taking be found when a regulation results in a claimant's loss of property in its entirety, if the government does not appropriate the property for its own use, but instead acts to ensure the stability of a private fund?" |
| 976 | Mercer Cas. Co. v. Lewis, 108 P.2d 65, 67, 41 Cal.App.2d 918, 922–23 (Cal.App. 1 Dist. 1940) | 7 | A court of equity having jurisdiction of the parties and of the subject matter will make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made rather than at the inception of the litigation. | It is a settled rule that a court of equity having jurisdiction of the parties and of the subject matter will make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made rather than at the inception of the litigation. | Will a court of equity having jurisdiction of the parties and of the subject matter make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made? |
| 977 | Broyles v. Com., 309 Ky. 837, 840 (1949) | 8 | An amended or supplemental petition in any action is permissible where it sets up facts material to the case as presented or serves to explain or perfect or cover proof of the cause of action originally stated, except where it sets up lien notes which have become due pendente lite, but a new or additional cause of action cannot be thus begun and made retroactive, and in such a case the amendment takes effect only from time of filing. Civ.Code Prac. SS 134, 135. | An amended or supplemental petition in any action is permissible where it sets up facts material to the case as presented or serves to explain or perfect or cover proof of the cause of action originally stated except where it sets up lien notes which have become due pendente lite. A new or additional cause of action cannot be thus begun and made retroactive. In such a case the amendment only takes effect from the time of filing it. | Is an amended or supplemental petition in any action permissible? |

| 978 | Farley v. Dep't of Human Servs., 621 A.2d 404, 407 (Me. 1993) | 4 | Concept of taking does not apply to overpayment of money to state by citizen, whether in form of welfare reimbursement, tax payment or fine under statute later declared unconstitutional. | "The concept of a taking does not apply to an overpayment of money to the state by a citizen, whether in the form of a welfare reimbursement[,] tax payment, or a fine under a statute later declared unconstitutional." | "Does the concept of a taking apply to an overpayment of money to the state by a citizen, whether in the form of a welfare reimbursement tax payment, or a fine under a statute later declared unconstitutional?" |
|---|---|---|---|---|---|
| 981 | Sourbier v. State, 498 N.W.2d 720, 723 (Iowa, 1993) | 4 | Under workers' compensation law, employer provides, secures, or pays compensation for any and all personal injuries sustained by employee arising out of and in course of employment, and in such case, employer is relieved from other liability for recovery of damages or other compensation for such personal injury. I.C.A. S 85.3. | Under workers' compensation law, an employer provides, secures, or pays compensation for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury. Iowa Code  85.3. | "Under workers compensation law, does an employer provide, secure, or pay compensation for any and all personal injuries sustained by an employee arising out of and in the course of employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury?" |
| 982 | Matter of Pulte Homes of New York, LLC v Planning Bd. of Town of Carmel, No. 2014-10660, 2471/13, 24 N.Y.S.3d 409, 410, 2016 N.Y. Slip Op. 00664, 2016 WL 400103 (N.Y.A.D. 2 Dept., Feb. 03, 2016) | 1 | Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, a motion to amend a judgment is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate. McKinney's CPLR 5015(a), 5019(a). | Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019(a) is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate pursuant to CPLR 5015(a) | When a movant seeks to change an order or judgment in a substantive manner should relief be sought through a direct appeal? |
| 983 | Levin & Sons v. Mathys, 409 N.E.2d 1195, 1198 (Ind. Ct. App. 1980) | 3 | In determining whether to grant a voluntary dismissal, court should follow traditional principle that dismissal should be allowed unless defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Rule TR. 41(A). | In determining whether to grant a voluntary dismissal "the court should follow the traditional principle that dismissals should be allowed unless the defendant will suffer some plain legal prejudice, other than the mere prospect of a second lawsuit." | "In determining whether to grant a voluntary dismissal, should a court follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice?" |
| 984 | Edenfield v. Crisp, 186 So. 2d 545, 549 (Fla. App. 1966) | 8 | Under his authority at pretrial conference, circuit court judge may narrow or clarify issues between parties, specify issues to be tried, specify any amendments to be made to pleadings, recognize admissions of fact and of documents, limit number of expert witnesses, make preliminary rulings on matters of law relating to case, and adjudge competency and admissibility of evidence. 30 F.S.A. Rules of Civil Procedure, rule 1.16. | Under his aforesaid authority at pre-trial conference, the Judge may narrow or clarify the issues between the parties and specify the issues to be tried, the amendments if any to be made to the pleadings, recognize admissions of fact and of documents, limit the number of expert witnesses, make preliminary rulings on matters of law relating to the case, and adjudge the competency and admissibility of evidence, | What will a circuit court judge under his authority at pre-trial conference do? |

| 986 | Hartford Acc. & Indem. Co. v. Duvall, 113 N.H. 28, 31 (1973) | 4 | Workmen's compensation is remedial in character, designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. | It has long been established that workmen's compensation is remedial in character, designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. | "Is workmens compensation remedial in character which is designed to provide, in substitution for unsatisfactory common-law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination?" |
|-----|------|---|------|------|------|
| 987 | Lakes v. Marriott Corp., 264 Ga. 475, 476 (1994) | 1 | Intent of legislature in enacting statute regarding dismissal of actions was to give plaintiff opportunity to escape from untenable position and relitigate case, and thus there is no bad-faith exception to right to dismiss and later relitigate, despite inconvenience and irritation to defendant. O.C.G.A. S 9-11-41(a). | The intent of the legislature in enacting OCGA 9-11-41(a) was to give a plaintiff an opportunity to escape from an "untenable position" and relitigate the case, and thus there is no "bad-faith exception" to the right to dismiss and later relitigate, despite inconvenience and irritation to the defendant. C & S Indus. | Is the intent of the legislature in enacting a statute regarding dismissal of actions to give a plaintiff opportunity to escape from an untenable position and relitigate the case? |
| 988 | Cotton v. Ostroski, 250 Neb. 911, 917 (1996) | 8 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | "Is the purpose of pretrial conference to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial?" |
| 989 | Church of Peace v. City of Rock Island, 357 Ill. App. 3d 471, 475 (Ill. App. Ct. 2005) | 1 | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | Taxes are "an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government. In contrast, a service charge or fees are "contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a service charge? |
| 991 | Neff v. Rose, 546 So. 2d 480, 483 (La.App. 4 Cir., 1989) | 3 | Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party's rights for the technical, though justifiable, violation of a pretrial order is not authorized. LSA-C.C.P. art. 1551. | While pre-trial orders assist the trial court in the orderly management of its cases, La.C.C.P. Art. 1551 does not authorize severe limitation of a party's rights for the technical, though justifiable, violation of a pre-trial order. | "Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party's rights for the technical, though justifiable, is violation of a pretrial order authorized?" |

| | | | | | |
|---|---|---|---|---|---|
| 992 | Reynolds v. Murphy, 266 S.W.3d 141, 145 (Tex. App. 2008) | 4 | Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, a nonsuit does not vitiate a trial court's previously-made decisions on the merits, such as a summary judgment, or even a partial summary judgment, which becomes final upon disposition of the other issues in the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, a nonsuit does not vitiate a trial court's previously-made decisions on the merits, such as a summary judgment, or even a partial summary judgment, which becomes final upon disposition of the other issues in the case. | "Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, does a nonsuit vitiate a trial court's previously-made decisions on the merits?" |
| 993 | Valladares v Valladares, No. 971 E, 80 A.D.2d 244, 258, 438 N.Y.S.2d 810, 819 (N.Y.A.D. 2 Dept., May 04, 1981) | 15 | Generally, leave to discontinue action without prejudice should not be granted to enable plaintiff to circumvent effect of court order in defendant's favor, since prejudice would inure to defendant. CPLR 3217(b). | However, generally, leave to discontinue an action without prejudice should not be granted to enable plaintiff to circumvent the effect of a court order in defendant's favor, since prejudice would inure to defendant | "Should leave to discontinue an action without prejudice generally not be granted to enable a plaintiff to circumvent an effect of a court order in a defendant's favor, since prejudice would inure to a defendant?" |
| 994 | In re Sewell, 472 S.W.3d 449, 456 (Tex. App. 2015) | 15 | Where a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules. U.S. Const. Amend. 14. | Accordingly, where a party moves to withdraw deemed admissions that are merit-preclusive, due- process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from " 'flagrant bad faith or callous disregard of the rules.' " Time Warner, Inc. | "Does due process require the party opposing withdrawal of deemed admissions that are merit preclusive, to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules?" |
| 995 | University of Texas Medical Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98, 101 (Tex.,2006) | 8 | A trial court has discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on these matters which are collateral to the merits of the underlying case; although the civil procedure rule governing nonsuits permits motions for costs, attorney fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Thus, the trial court has discretion to defer signing an order of dismissal so that it can "allow a reasonable amount of time" for holding hearings on these matters which are "collateral to the merits of the underlying case." Id. at 38–39. Although the Rule permits motions for costs, attorney fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. | Does the trial court have discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on matters which are collateral to the merits of the underlying case? |

| 996 | Boyd v. Boyd, 83 So. 3d 409, 416 (Miss. App. 2011) | 6 | Matters will be deemed admitted if no response to request for admission is submitted after 30 days, unless the court allows for either a shorter or longer period of time in which to answer; however, the trial court, on motion, has the discretion to permit withdrawal or amendment of a matter admitted when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Rules Civ.Proc., Rule 36(a, b). | Matters will be deemed admitted after this time period, unless the court allows for either a shorter or longer period of time in which to answer. Id. However, the trial court, on motion, has the discretion to "permit withdrawal or amendment [of a matter admitted] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." | "Will matters be deemed admitted if no response to request for admission is submitted after thirty days, unless the court allows for either a shorter or longer period of time in which to answer?" |
| 997 | Lacombe v. Carter, 975 So. 2d 687, 688–89 (2008) | 2 | In an action for trespass, it is incumbent upon plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass; the damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. | Additionally, In an action for trespass, it is incumbent upon the plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass. The damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. | Is it incumbent upon the plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass? |
| 999 | Williams v. National Mortg. Co., 903 S.W.2d 398, 403 (Tex.App. Dallas,1995) | 15 | Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, claim for affirmative relief filed after notice of lawsuit is usually ineffective to prevent termination of lawsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although a nonsuit of a party's claims does not end an adverse party's right to be heard on its pending claims for affirmative relief, a claim for affirmative relief filed after a notice of nonsuit is usually ineffective to prevent termination of the lawsuit. | "Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, is a claim for affirmative relief filed after notice of nonsuit is usually ineffective to prevent termination of lawsuit?" |
| 1000 | Urbonowicz v Yarinsky, No. 90344, 290 A.D.2d 922, 923, 737 N.Y.S.2d 398, 400, 2002 N.Y. Slip Op. 00680, 2002 WL 122632 (N.Y.A.D. 3 Dept., Jan. 31, 2002) | 4 | Unlike a motion for change of venue which involves the affirmative selection of another forum, a court in granting discontinuance merely makes it possible for the action to be brought elsewhere. | Unlike a motion for change of venue which involves the affirmative selection of another forum (see, Koschak v. Gates Constr. Corp., 225 A.D.2d 315, 316, 639 N.Y.S.2d 10), a court in granting discontinuance merely makes it possible for the action to be brought elsewhere. | "Unlike a motion for change of venue, which involves the affirmative selection of another forum, does a court in granting discontinuance merely make it possible for the action to be brought elsewhere?" |

| | | | | |
|---|---|---|---|---|
| 1001 | Weaver v. Prince George's Cnty., 379 A.2d 399, 403, 281 Md. 349, 356 (Md. 1977) | 5 | Though nature of any tax should be determined by reference to its actual operation and practical effect, rather than by any particular descriptive language which may have been employed by legislative body, declaration of the Legislature as to character of a levy is entitled to considerable weight in Court of Appeals' own independent determination. | Although the nature of any tax should be determined by reference to its actual operation and practical effect, rather than by any particular descriptive language which may have been employed by the legislative body, Herman v. M. & C.C. of Baltimore, 189 Md. 191, 198, 55 A.2d 491, 173 A.L.R. 1310 (1947), we are nevertheless cognizant of the rule that the declaration of the Legislature as to the character of a levy is entitled to considerable weight in our own independent determination. | Should the nature of a tax be determined by reference to its actual operation and practical effect rather than by any particular descriptive language? |
| 1003 | Fantony v. Fantony, 21 N.J. 525, 533 (1956) | 2 | Comity, in legal sense, is neither a matter of absolute obligation on one hand nor of mere courtesy and good will upon the other, but is the recognition which one nation allows within its territory to legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to rights of its own citizens or of other persons who are under the protection of its laws. | Comity, in a legal sense, is neither a matter of absolute obligation on the one hand nor of mere courtesy and good will upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws. | "What is comity, in a legal sense?" |
| 1004 | City of Ashland v. Ashland Salvage, 271 Neb. 362, 371 (2006) | 15 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. | "Does a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permit withdrawal of the admission?" |
| 1005 | Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla.App. 4 Dist.,1991) | 1 | When undisputed facts reveal that physical condition of either counsel or client prevents fair and adequate presentation of case, failure to grant continuance is reversible error. | However, when undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error. | "When undisputed facts reveal that physical condition of either counsel or client prevents fair and adequate presentation of a case, is failure to grant a continuance reversible error?" |

| | | | | | |
|---|---|---|---|---|---|
| 1006 | Fid.-Phenix Fire Ins. Co. v. Oliver, 25 Tenn. App. 1142, 152 S.W.2d 254, 258 (Tenn. App. 1941) | 8 | Where it is shown that defendant's attorney has withdrawn from case, it is court's duty to continue case sufficient length of time to permit defendant to employ other counsel and enable such counsel to investigate case and make defense. | Where it is shown that defendant's attorney had withdrawn from the case, it is the duty of the court to continue the case a sufficient length of time to permit defendant to employ other counsel and to enable the new counsel to investigate the case and make defense. | "Where it is shown that defendant's attorney has withdrawn from case, is it a court's duty to continue case a sufficient length of time to permit defendant to employ other counsel  and enable such counsel to investigate the case and make defense?" |
| 1007 | Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488, 500 (La. App. 2016) | 15 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. | Does the trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine? |
| 1009 | Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308, 313 (Ind.Tax, 2016) | 10 | Rule governing deemed admissions is not intended to provide a windfall to litigants, nor is it to be used as a "gotcha" device or as a trap to prevent the presentation of the truth in a full hearing; instead, it is to be used as a tool for the fair disposition of litigation with a minimum of delay. Trial Procedure Rule 36(B). | Indeed, Trial Rule 36(B) " 'is not intended to provide a windfall to litigants [,]' " nor is it to be used as a " 'gotcha' device" or " 'as a trap to prevent the presentation of the truth in a full hearing[;]' " instead, it is to be used " 'as a tool for the fair disposition of litigation with a minimum of delay.' | "Is the rule governing deemed admissions intended to provide a windfall to litigants, or is it to be used as a trap to prevent the presentation of the truth in a full hearing?" |
| 1010 | Schindler v. AG Aero Distributors, 502 S.W.2d 581, 584 (Tex. App. 1973) | 1 | The trial court has considerable discretion in refusing or granting motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. Rules of Civil Procedure, rule 169. | The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admissions where there is neither answer nor denial within the time specified in the request. | Does the trial court under the rule governing requests for admissions have considerable discretion in refusing or granting a motion to deem answers admitted? |
| 1011 | Empress Casino Joliet Corp. v. Balmoral Racing Club, 651 F.3d 722, 729 (7th Cir. 2011) | 9 | The mere use of the word "tax" in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid, within meaning of the Tax Injunction Act; when by its very nature the imposition is a penalty, it must be so regarded. 28 U.S.C.A. S 1341. | "The mere use of the word 'tax' in an act primarily designed to define and suppress crime is not enough to show that within the true intendment of the term a tax was laid. When by its very nature the imposition is a penalty, it must be so regarded." | "Is the mere use of word ""tax"" enough to show that within true intendment of the term, a tax was laid, for when by its very nature the imposition is a penalty?" |
| 1013 | Harms v. Simkin, 322 S.W.2d 930, 933 (Mo. App. 1959) | 5 | Whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depends upon particular facts and circumstances in a given case. | Whether there has been an abuse of discretion on the part of the court in directing that a trial proceed in the absence of an attorney for a party depends upon the particular facts and circumstances in the given case. | Does the question of whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depend upon particular facts and circumstances in a given case? |

| 1014 | First Interstate Bank of Texas, N.A. v. Burns, 951 S.W.2d 237, 238-39 (Tex. App. 1997) | 3 | Tribunal must grant legislative continuance unless party employed legislator-attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights; under those circumstances, tribunal has discretion to deny continuance. V.T.C.A., Civil Practice & Remedies Code S 30.003(b, c). | The tribunal must grant the continuance unless the party employed the legislator within ten days of trial on the merits or unless a continuance would interfere with a party's due process rights.  30.003(b), (c). Waites v. Sondock, 561 S.W.2d 772, 776 (Tex.1977). Under those circumstances, the tribunal has the discretion to deny a continuance.  30.003(b), (c). | Should a tribunal grant legislative continuance unless party employed legislator-attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights? |
| --- | --- | --- | --- | --- | --- |
| 1017 | Matter of Safriet, 112 N.C. App. 747, 751 (1993) | 2 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | Before ruling on a motion for a continuance, the judge should hear the evidence, pro and con, consider it judicially, along with whether the moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice. | "Before ruling on a motion to continue, should a judge hear the evidence pro and con, consider it judicially with a view to promoting substantial justice?" |
| 1018 | Trummel v. Mitchell, 156 Wash. 2d 653, 671 (Wash., 2006) | 8 | In exercising its discretion whether to grant a continuance, a court may properly consider the necessity of reasonably prompt disposition of the litigation, the needs of the moving party, the possible prejudice to the adverse party, the prior history of the litigation, including prior continuances granted the moving party, any conditions imposed in the continuances previously granted, and any other matters that have a material bearing upon the exercise of the discretion. |  In exercising its discretion, a court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; **315  the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the *671  court. | What should a court consider in exercising its discretion whether to grant a continuance? |
| 1019 | Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003) | 8 | While the general rule is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. | While the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, see Gruman v. Bankers Trust Co., 379 So.2d 658, 659 (Fla. 3d DCA 1980); Cooper v. Fulton, 117 So.2d 33, 35-36 (Fla. 3d DCA 1960),where materials sought by a party "would appear to be relevant to the subject matter of the pending action," the information is fully discoverable. | "Where financial materials sought by a party would appear to be relevant to the subject matter of the pending action, is the information fully discoverable?" |

| 1021 | Desselles v. Mossy Motors, 442 F. Supp. 897, 903 (E.D. La. 1978) | 9 | Under Louisiana law, when creditor settles with advance remission as to one of two solidary obligors, creditors thereafter can claim only one-half debt from obligor who has not been released whether obligation be one arising in contract or tort. LSA-C.C. art. 2203. | Louisiana law is that when a creditor (plaintiff) settles with and grants a remission as to one of two solidary obligors (defendants) the creditor thereafter can claim only one-half the debt from the obligor who has not been released whether the obligation be one arising in contract or tort. | "When a creditor settles with and grants a remission as to one of two solidary obligors, can the creditor thereafter claim one-half the debt from the obligor who has not been released whether the obligation be one arising in contract or tort?" |
| 1023 | U.S. v. Holmes, 618 F.Supp.2d 529, 542–43 (E.D.Va.,2009) | 11 | A federal district court is not precluded from jurisdiction over a criminal prosecution simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations. | A federal district court is not precluded from jurisdiction simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations. | Is a federal district court precluded from jurisdiction simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations? |
| 1027 | W.S. Butterfield Theatres, Inc. v. Department of Revenue, 91 N.W.2d 269, 273, 353 Mich. 345, 353 (Mich. 1958) | 6 | Restriction that power of taxation shall not be so exercised as to deny to any the equal protection of the laws does not compel adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in selection of subject, or classification for taxation of property, businesses, trades, callings, or occupations. | The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. | Does the restriction that the power of taxation shall not be so exercised as to deny to any the equal protection of the laws prevent differences in taxation? |
| 1031 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117, 119 (1996) | 1 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. | "When deciding a motion to dismiss based on lack of subject matter jurisdiction, must a trial court determine whether the complaint states facts that would vest the court with subject matter jurisdiction?" |

| | | | | |
|---|---|---|---|---|
| 1034 | Cuozzo v. Town of Orange, 315 Conn. 606, 615-16 (2015) | 9 | If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, the trial court may dismiss the action without further proceedings; if, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations, or only evidence that fails to call those allegations into question, the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. Practice Book 1998, S 10-30. | If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits ... or other evidence, the trial court may dismiss the action without further proceedings.... *616 If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations ... or only evidence that fails to call those allegations into question ... the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein.... | "If affidavits and/or other evidence conclusively establish that jurisdiction is lacking, may the trial court dismiss the action without further proceedings?" |
| 1037 | Admiral Mortg. v. Cooper, 357 Md. 533, 545 (2000) | 5 | Appropriate sanction for discovery or scheduling order violation is largely discretionary with the trial court, and the more draconian sanctions, of dismissing claim or precluding evidence necessary to support a claim, are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to party or to court. | What it overlooks, however, is the governing principle that the appropriate sanction for a discovery or scheduling order violation is largely discretionary with the trial court, and that the more draconian sanctions, of dismissing a claim or precluding the evidence necessary to support a claim, are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to a party or to the court. | Is the appropriate sanction for a discovery or scheduling order violation largely discretionary with the trial court? |
| 1044 | Herrick v. Monkey Farm Cafe, 163 Conn. App. 45, 51 (2016) | 5 | Although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority, the court should be reluctant to employ the sanction of dismissal except as a last resort. | Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority ... the court should be reluctant to employ the sanction of dismissal except as a last resort | "Although dismissal of an action is not an abuse of discretion where a party shows a deliberate disregard for the court's authority, should the court be reluctant to employ the sanction of dismissal except as a last resort?" |
| 1045 | In re Gen. Motors Corp., 296 S.W.3d 813, 826-27 (Tex. App. 2009) | 17 | Even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, the court still has the power to either abate or dismiss those claims. | Accordingly, even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, *827 the court still has the power to either abate or dismiss those claims. | "Even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, does the court still have the power to either abate or dismiss those claims?" |

| | | | | | |
|---|---|---|---|---|---|
| 1049 | Simeon v. Hardin, 339 N.C. 358, 370 (1994) | 8 | Whenever during the course of litigation it develops that relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, case should be dismissed, for courts will not entertain action merely to determine abstract propositions of law; if the issues before court become moot at any time during course of the proceedings, the usual response is to dismiss the action. | Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. Peoples, 296 N.C. at 147, 250 S.E.2d at 912. If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action. | Should a case be dismissed if during litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue? |
| 1052 | Sommer v. Maharaj, 451 Mass. 615, 621 (2008) | 5 | Among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. | Among the pertinent considerations in determining whether conduct warrants dismissal are "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." | What are among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit? |
| 1056 | Baer v. New Hampshire Dep't of Educ., 160 N.H. 727, 729 (2010) | 2 | When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | "[W]hen the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? |
| 1057 | Billups v. Jade, 240 Neb. 494, 498 (1992) | 6 | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | Thus, in the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is a basis to dismiss an action on account of a lack of diligent prosecution. | "Is a litigant's failure to prosecute a civil action, resulting in noncompliance with the court, a basis to dismiss an action on account of a lack of diligent prosecution?" |

| 1059 | In re Cty. Collector, 2016 IL App (3d) 150712, 70 N.E.3d 647, 653 (Ill. App. 2016) | 3 | The purpose of the statute authorizing involuntary dismissal of a complaint based upon certain defects or defenses is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. S.H.A. 735 ILCS 5/2-619. | Section 2-619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. | What would be the purpose of the statute authorizing involuntary dismissal of a complaint based upon certain defects or defenses? |
| --- | --- | --- | --- | --- | --- |
| 1060 | People v Charles, 61 N.Y.2d 321, 326, 462 N.E.2d 118, 120, 473 N.Y.S.2d 941, 943 (N.Y., Mar. 27, 1984) | 3 | "Colorable" authority exists when bribe is offered to public official to act corruptly in matter to which he bears some official relation, though act itself may be technically beyond his official powers or duties. McKinney's Penal Law S 200.10. | The decisions hold that "colorable" authority exists when a bribe is offered to a public official "to act corruptly in a matter to which he bears some official relation, though the act itself may be technically beyond his official powers or duties" | Does colorable authority exist when a bribe is offered to a public official to act corruptly in a matter to which he bears some official relation though the act itself may be technically beyond his official powers or duties? |
| 1061 | U.S. v. Terry, 707 F.3d 607, 613 (C.A.6 (Ohio), 2013) | 7 | Motives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. 18 U.S.C.A. S 201(b)(2). | "[M]otives and consequences, not formalities," are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is "quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor." | Is formality the key for determining whether a public official entered an agreement to accept a bribe? |
| 1062 | Holly v. Harrah's Tunica Corp., 962 So. 2d 136, 140 (Miss. App. 2007) | 5 | Dismissal for failure to comply with an order of the court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | "Moreover, dismissal for failure to comply with an order of the [court] is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice." | Is dismissal for failure to comply with an order of the court appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice? |
| 1063 | Novak v. Orca Oil Co., 875 P.2d 756, 759 (Alaska, 1994) | 2 | Before ordering dismissal for want of prosecution, court must initially inquire whether party facing dismissal has engaged in any proceedings within the previous one-year period and, if not, must inquire as to whether good cause existed for the delay. Rules Civ.Proc., Rule 41(e). | Before ordering dismissal pursuant to Rule 41(e), the trial court must undertake a two-step inquiry: it must initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period; if not, then it must next inquire whether good cause exists for the delay. | "Before ordering dismissal for want of prosecution, should a court initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period?" |

| 1064 | Stacy v. Johnson, 25 So. 3d 365, 368 (Miss. Ct. App. 2009) | 3 | Cases are dismissed with prejudice for failure to prosecute if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, and where lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | Such cases are dismissed with prejudice "if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court ... and where lesser sanctions would not serve the best interests of justice." | "Are cases dismissed with prejudice for failure to prosecute, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct?" |
| 1065 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340, 1344 (Colo. 1985) | 7 | When evaluating motion to dismiss for failure to prosecute, trial court must bear in mind that courts exist primarily to afford forum to settle litigable matters between disputing parties. Rules Civ.Proc., Rule 41(b)(1, 2). | When evaluating a motion to dismiss for failure to prosecute, a trial court must bear in mind that courts "exist primarily to afford a forum to settle litigable matters between disputing parties." | "Should a court bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties, when evaluating a motion to dismiss for failure to prosecute?" |
| 1066 | Holt v. Pitts, 619 F.2d 558, 562 (6th Cir. 1980) | 5 | A dismissal for failure to prosecute is a harsh sanction that runs counter to policy of law favoring disposition of cases on their merits and, accordingly, such dismissal should be used only in extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct. | A dismissal for failure to prosecute is a harsh sanction that runs counter to the policy of the law favoring the disposition of cases on their merits. Accordingly, such dismissal should be used only in extreme situations where a plaintiff has engaged in "a clear pattern of delay or contumacious conduct." | Is a dismissal for failure to prosecute a harsh sanction that turns counter to the policy of the law favoring the disposition of cases on their merits? |
| 1068 | In re Marriage of Buster, 115 S.W.3d 141, 143-44 (Tex. App. 2003) | 1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court has the inherent power to dismiss a case for want of prosecution, but express authority to do so is also given by Rule 165a in cases where a *144 party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. TEX.R. CIV. P. 165a; | Can a court dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution? |
| 1072 | Leone v Bates Plan-A-Home of Sidney, No. 56666, 144 A.D.2d 759, 760, 534 N.Y.S.2d 751, 752, 1988 WL 116189 (N.Y.A.D. 3 Dept., Nov. 03, 1988) | 1 | Case stricken from trial calendar, and not restored within one year, is automatically deemed abandoned; Supreme Court retains discretion to restore case to calendar where plaintiff demonstrates viable excuse, meritorious claim, lack of prejudice, and absence of intent to abandon case. McKinney's CPLR 3404. | A case stricken from a trial calendar, and not restored within one year, is automatically deemed abandoned pursuant to CPLR 3404 (see, Curtin v. Grand Union Co., 124 A.D.2d 918, 508 N.Y.S.2d 333; Merrill v. Robinson, supra ). Supreme Court retains discretion to restore the case to the calendar where a plaintiff demonstrates a viable excuse, a meritorious claim, the lack of prejudice and an absence of intent to abandon the case (id.). | Is action which is stricken from trial calendar and not restored within one year thereafter deemed abandoned and dismissed pursuant to statute? |

| 1074 | PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp., 387 S.W.3d 525, 537 (Tenn.Ct.App., 2012) | 7 | The basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. Rules Civ.Proc., Rule 12.02(6). | When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to an examination of the complaint alone. The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. | "Would the basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint when considered alone and taken as true, are insufficient to state a claim as a matter of law?" |
|---|---|---|---|---|---|
| 1075 | Village of West Dundee v. First United Methodist Church of West Dundee, 74 N.E.3d 144, 150, 411 Ill.Dec. 835, 841, 2017 IL App (2d) 150278, ¶ 16 (Ill.App. 2 Dist., 2017) | 5 | All that is required to survive a motion to dismiss for failure to state a claim is that the plaintiff allege facts that, taken as true, are sufficient to bring a claim within a recognized cause of action; in other words, a complaint should not be dismissed for failure to state a claim unless no set of facts would warrant relief. 735 Ill. Comp. Stat. Ann. S 2-615. | All that is required to survive a motion to dismiss for failure to state a claim is that the plaintiff allege facts that, taken as true, are sufficient to bring a claim within a recognized cause of action. Kanerva v. Weems, 2014 IL 115811, ¶ 33, 383 Ill.Dec. 107, 13 N.E.3d 1228. In other words, a complaint should not be dismissed on section 2-615 grounds unless no set of facts would warrant relief. | "Is it that the plaintiff allege facts taken as true are sufficient to bring a claim within a recognized cause of action, all that is required to survive a motion to dismiss for failure to state a claim?" |
| 1076 | Mathews v. Diaz, 426 U.S. 67, 78–79 (1976) | 7 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens must be placed in a single homogeneous legal classification? |
| 1079 | Schwarz v Consolidated Edison, No. 151686/2015, 49 Misc. 3d 832, 840, 13 N.Y.S.3d 884, 891, 2015 N.Y. Slip Op. 25258, 2015 WL 4612347 (Sup Ct, Aug. 03, 2015) | 1 | A court may consider evidentiary material in evaluating a motion to dismiss; when such material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | Nevertheless, the court may consider evidentiary material in evaluating a motion made under CPLR 3211(a)(7); when such material is considered, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" | Can a court consider evidentiary material in evaluating a motion to dismiss? |

| 1081 | Lynch v. Town of Pelham, 104 A.3d 1047, 1052 (2014) | 3 | When a motion to dismiss does not challenge the sufficiency of a plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the [plaintiff's] legal claim but, instead, raises certain defenses, the trial court must look beyond the [plaintiff's] unsubstantiated allegations and determine, based on the facts, whether the [plaintiff] ha[s] sufficiently demonstrated [his] right to claim relief. | Is a jurisdictional challenge raised in a motion to dismiss a defense for which the trial court will look beyond the plaintiff's allegations in the complaint? |
| 1082 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340, 1344 (Colo. 1985) | 7 | When evaluating motion to dismiss for failure to prosecute, trial court must bear in mind that courts exist primarily to afford forum to settle litigable matters between disputing parties. Rules Civ.Proc., Rule 41(b)(1, 2). | When evaluating a motion to dismiss for failure to prosecute, a trial court must bear in mind that courts "exist primarily to afford a forum to settle litigable matters between disputing parties." | Should courts bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties when evaluating motion to dismiss for failure to prosecute? |
| 1083 | Sheldon v. Kettering Health Network, 2015-Ohio-3268, ¶ 5, 40 N.E.3d 661, 665 | 3 | A court considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations to be true, and make all reasonable inferences in the plaintiff's favor. Rules Civ.Proc., Rule 12(B)(6). | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. For a defendant to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. O'Brien v. University Community Tenants Union, Inc., 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). A court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations to be true, and make all reasonable inferences in the plaintiff's favor. | "In construing a complaint upon a motion for failure to state a claim upon which relief can be granted, should a court presume that all factual allegations in the complaint are true?" |

| 1084 | H & R Block Bank v. Perry, 205 So. 3d 776, 779-80 (Fla. App. 2016) | 4 | Among other things, the extreme sanction of dismissal with prejudice is reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful, persistent, or otherwise aggravated and that no lesser sanction would be just under the circumstances. West's F.S.A. RCP Rule 1.420(b). | A dismissal with prejudice is an extreme sanction, and a trial court has discretion to impose it only in extreme cases. ("Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances."); ("As this court has observed, dismissal with prejudice is the most severe of sanctions and should be reserved for the most egregious conduct."). Among other things, this sanction is reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful, persistent, or otherwise aggravated and that no lesser sanction would be just under the circumstances. | "Among other things, is the extreme sanction of dismissal with prejudice reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful?" |
| 1085 | Joyce v. Town of Weare, 156 N.H. 526, 529 (2007) | 4 | When a party's motion to dismiss challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. RSA 677:15(1). | Ultimately, when a party's motion to dismiss "challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." **923 Ossipee Auto Parts v. | "When a party's motion to dismiss challenges the plaintiff's standing to sue, should the trial court look beyond the plaintiff's unsubstantiated allegations?" |
| 1086 | Ho v. State Farm Mut. Auto. Ins. Co., 926 F. Supp. 964, 969 (D. Haw. 1996) | 14 | "Equitable estoppel" requires proof that one person willfully caused another to erroneously believe certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment. | Equitable estoppel requires proof that one person willfully caused another to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment. | "Does equitable estoppel require proof that one person willfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment?" |
| 1089 | Woodard v. Westvaco Corp., 433 S.E.2d 890, 892, 315 S.C. 329, 332 (S.C.App., 1993) | 4 | When allegations of complaint are factually sufficient but do not affirmatively show subject matter jurisdiction, motion to dismiss may be supported by, and court may consider, affidavits or other evidence proving lack of jurisdiction. Rules Civ.Proc., Rule 8(a)(1). | When the allegations of the complaint are factually sufficient under Rule 8(a)(1), SCRCP, but do not affirmatively show subject matter jurisdiction, the motion to dismiss may be supported by, and the court may consider, affidavits or other evidence proving lack of jurisdiction. | "When the allegations of a complaint are factually sufficient, but do not affirmatively show subject matter jurisdiction, should a motion to dismiss be supported by affidavits or other evidence to prove lack of jurisdiction?" |

| 1093 | Borgman v. State Farm Ins. Co., 713 N.E.2d 851, 854 (Ind. App. 1999) | 3 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and in doing so, it may consider not only the complaint and motion but any affidavits or other evidence submitted. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes. Id. Additionally, the court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and it is well established that in doing so it may consider not only the complaint and motion but any affidavits or other evidence submitted. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, does the court have considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction?" |
| 1094 | Parmley v. Pringle, 976 So. 2d 422, 425 (Miss.App., 2008) | 6 | While failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrants dismissal upon court's initiative or upon motion, such dismissal should be made without prejudice, not with prejudice. Rules Civ.Proc., Rule 4(h). | Failure to serve process within 120 days of the filing of a complaint, absent proof of "good cause," shall warrant dismissal upon the court's initiative or upon motion. M.R.C.P. 4(h); Heard v. Remy, 937 So.2d 939, 941( 8) (Miss.2006). However, Rule 4(h) dismissals should be made without prejudice, not with prejudice as the trial court did here. | "Does failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrant dismissal upon a court initiative or upon motion?" |
| 1098 | Binner v. Limestone Cty., 129 S.W.3d 710, 713 (Tex. App. 2004) | 6 | Motion to reinstate essentially provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The motion to reinstate is the failsafe to prevent cases that fall into any of the three categories from being improperly dismissed. It essentially provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. | "Does a motion to reinstate essentially provide an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable?" |
| 1099 | In re Bokeloh, 21 S.W.3d 784, 787 (Tex. App. 2000) | 5 | A timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled either by a written signed order or by operation of law. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | A timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled either by a written signed order or by operation of law. | Is a timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion overruled either by a written signed order or by operation of law? |
| 1100 | Stamp v. Touche Ross & Co., 263 Ill. App. 3d 1010, 1019 (1993) | 12 | General rule is that where trial court dismisses complaint and plaintiff does not ask for leave to amend, cause of action must stand or fall on sufficiency of stricken pleading. | The general rule is that where the trial court dismisses a complaint and plaintiff does not ask for leave to amend, the cause of action must stand or fall on the sufficiency of the stricken pleading. | "Is the general rule that where a trial court dismisses a complaint and a plaintiff does not ask for leave to amend, a cause of action must stand or fall on sufficiency of a stricken pleading?" |

| 1101 | Mlade v. Finley, 112 Ill. App. 3d 914, 917 (1983) | 2 | When trial court strikes complaint and plaintiff does not ask for leave to amend, this is considered election to stand by his complaint, and, if lawsuit is dismissed, cause of action must stand or fall upon contents of stricken pleading. | However, when the trial court strikes a complaint and the plaintiff does not ask for leave to amend, this is considered an election "to stand by his complaint" (Doner v. Phoenix Land Bank (1942), 381 Ill. 106, 109, 45 N.E.2d 20), and if the lawsuit is dismissed the cause of action "must stand or fall upon [the] contents" of the stricken pleading. | "Is the general rule that where a trial court dismisses a complaint and a plaintiff does not ask for leave to amend, a cause of action must stand or fall on sufficiency of a stricken pleading?" |
| 1103 | Matter of In re Mario S., No. D-26972-09/10A, 954 N.Y.S.2d 843, 848, 38 Misc. 3d 444, 449, 2012 N.Y. Slip Op. 22336, 2012 WL 5898049 (N.Y.Fam.Ct., Nov. 21, 2012) | 6 | Creation of the special immigrant juvenile (SIJ) status shows a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for lawful permanent resident status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | The creation of the special immigrant juvenile classification "show [s] a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for [lawful permanent resident] status" | Did Congress intend to assist a limited group of abused children to remain safely in the country with a means to apply for Lawful Permanent Residence (LPR) status? |
| 1104 | Fonseca v. Fong, 167 Cal. App. 4th 922, 935 (2008) | 13 | A state statute impermissibly invades the exclusive power of the federal government to regulate immigration if it essentially requires state or local officials to make a determination of who should or should not be admitted into the country, and defines the conditions under which a legal entrant may remain. U.S.C.A. Const. Art. 6, cl. 2. | instructs that a state statute impermissibly invades the exclusive power of the federal government to regulate immigration if it essentially requires state or local officials to make "a determination of who should or should not be admitted into the country, and [defines] the conditions under which a legal entrant may remain." | Does a state statute that requires its officials to make determinations of who should or should not be admitted into the countryimpermissibly invade the exclusive power of the federal government? |
| 1105 | State v. Colon, 117 Conn. App. 150, 158 (2009) | 15 | To prove the defendant guilty of breach of the peace in the second degree, state is required to prove beyond a reasonable doubt that: (1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior; (2) that this conduct occurred in a public place; and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof. C.G.S.A. S 53a-181(a)(1). | To prove the defendant guilty of breach of the peace in the second degree in violation of  53a-181(a)(1), the state was required to prove beyond a reasonable doubt that "(1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior, (2) that this conduct occurred in a public place and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof." | When is a defendant guilty of breach of the peace? |
| 1107 | Enax v New York Telephone Co., No. 2364, 280 A.D.2d 294, 295, 720 N.Y.S.2d 126, 127, 2001 N.Y. Slip Op. 00956, 2001 WL 103599 (N.Y.A.D. 1 Dept., Feb. 06, 2001) | 1 | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action | "Should a party seeking to have a case restored to the trial calendar demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and the absence of prejudice to the opposing party?" |

| | | | | | |
|---|---|---|---|---|---|
| 1108 | Cotton v. Fruge, 8 Neb. App. 484, 485 (1999) | 7 | When a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, the trial court has no jurisdiction to make orders thereafter and if made, they are a nullity, as are subsequent pleadings. Neb.Rev.St. S 25-217. | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter and if made, they are a nullity, as are subsequent pleadings. | "When a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, does the trial court have no jurisdiction to make orders thereafter?" |
| 1109 | Panepinto v. Dummy's Delightful Saloonery, 304 Pa. Super. 256, 258 (Pa. Super., 1982) | 2 | A motion to set aside a judgment of nonsuit should first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and correct any errors before an appeal is taken. Rules Civ.Proc., Rules 218, 1512, 42 Pa.C.S.A. | A motion to set aside the judgment of nonsuit should first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and to correct any errors before an appeal is taken. | Should a motion to set aside a judgment of nonsuit first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and correct any errors before an appeal is taken? |
| 1110 | Thompson v. McQuagge, 464 So. 2d 105, 106 (Ala.Civ.App., 1985) | 1 | Dismissal of a civil action for want of prosecution because of plaintiff's failure to appear at trial falls within judicial discretion of trial court and will not be reversed upon appeal except for abusive use of that discretionary power. Rules Civ.Proc., Rule 41(b). | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at a trial falls within the judicial discretion of the trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | Does the dismissal of a civil action for want of prosecution because of plaintiff's failure to appear at trial fall within the judicial discretion of the trial court? |
| 1111 | Armour v. State, 265 Ga. App. 569, 571 (2004) | 2 | Crime of making terroristic threats focuses solely on conduct of accused and is completed when threat is communicated to victim with intent to terrorize; that message was not directly communicated to victim would not alone preclude conviction where threat is submitted in such a way as to support inference that speaker intended or expected it to be conveyed to victim. West's Ga.Code Ann. S 16-11-37(a). | The crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize. 5  That the message was not directly communicated to the victim would not alone preclude a conviction where the threat is submitted in such a way as to support the inference that the speaker intended or expected it to be conveyed to the victim. | Does failure to directly communicate a terroristic threat to a victim preclude conviction of the defendant for the crime of making terroristic threats? |
| 1117 | Com. v. Young, 35 A.3d 54, 59 (Pa. 2011) | 5 | A failure of the lower court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10; Rules Crim.Proc., Rule 605, 42 Pa.C.S.A. | A failure of the lower court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy. | Does a failure of the lower court to consider less drastic alternatives before declaring a mistrial create doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy? |
| 1118 | United States v. Andrews, 895 F.2d 406, 409 (C.A.7 (Ill.), 1990) | 2 | Consistent with double jeopardy provisions of Fifth Amendment, court may not declare mistrial over defendant's objection, even for defendant's own benefit, unless there is manifest necessity for such act or ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | Consequently, consistent with the double jeopardy provisions of the fifth amendment, a judge may not declare a mistrial over the defendant's own objections, even for the defendant's own benefit, unless there is a "manifest necessity" for the act, or the ends of public justice would otherwise be defeated. | "Consistent with double jeopardy provisions of Fifth Amendment, can a court not declare mistrial over a defendant's objection, even for a defendant's own benefit?" |

| | | | | | |
|---|---|---|---|---|---|
| 1119 | People v. Baptiste, 530 N.E.2d 377, 379 (N.Y., 1988) | 2 | Because jeopardy attaches as soon as jury has been sworn, constitutional provisions also embrace a defendant's right to be free from reprosecution if first trial has not continued to conclusion. McKinney's Const. Art. 1, S 6; U.S.C.A. Const.Amend. 5; McKinney's CPL S 40.30, subd. 1(b). | Because jeopardy attaches as soon as a jury has been sworn (CPL 40.30[1][b] ), our constitutional provisions also embrace the defendant's right to be free from reprosecution if the first trial has not continued to conclusion. | "Because jeopardy attaches as soon as jury has been sworn, do constitutional provisions also embrace a defendant's right to be free from reprosecution if a first trial has not continued to conclusion?" |
| 1120 | Sturgess v Zelman, No. 13670/04, 833 N.Y.S.2d 863, 866, 15 Misc. 3d 487, 489, 2007 N.Y. Slip Op. 27070, 2007 WL 543393 (Sup Ct, Feb. 22, 2007) | 1 | To restore a matter to the trial calendar, after a year has passed from it being marked off, a plaintiff must demonstrate: (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. McKinney's CPLR 3404. | To restore a matter to the trial calendar pursuant to CPLR § 3404, after a year has passed from it being marked off, a plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. | What should a plaintiff demonstrate to restore a matter to the trial calendar pursuant to CPLR 3404 after a year has passed from it being marked off? |
| 1124 | State v. Abshire, 363 N.C. 322, 331 (2009) | 14 | "Domicile" is a legal term of art that denotes one's permanent, established home, whereas a person's "residence" may be only a temporary, although actual, place of abode. | Domicile is a legal term of art that "denotes one's permanent, established home," whereas a person's residence may be only a "temporary, although actual," "place of abode." Id. | Is ""domicile"" a legal term of art that denotes one's permanent, established home, whereas a person's ""residence"" may be only a "temporary, although actual," "place of abode?" |
| 1127 | Smith v. McKee, 145 S.W.3d 299, 302 (Tex. App. 2004) | 2 | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence? |
| 1128 | People v. Szalma, 487 Mich. 708, 726 (2010) | 8 | An acquittal retains its finality for double jeopardy purposes even when the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | This Court held in People v. Nix that an acquittal retains its finality for double jeopardy purposes even when "the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense." | Does an acquittal retain its finality for double jeopardy purposes even when the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense? |
| 1130 | U.S. v. Marcello, 531 F.Supp. 1113, 1116 (C.D.Cal., 1982) | 3 | The application of the principle of collateral estoppel to criminal proceedings is embodied in the Fifth Amendment guarantee against double jeopardy and is generally applied to prevent the government from prosecuting a defendant on the basis of facts resolved in favor of a defendant in prior acquittal. U.S.C.A.Const.Amend. 5. | The application of the principle of collateral estoppel to criminal proceedings is embodied in the Fifth Amendment guarantee against double jeopardy, id. at 445, 90 S.Ct. at 1195, and hence is generally applied to prevent the government from prosecuting a defendant on the basis of facts resolved in favor of a defendant in a prior acquittal. | Is the application of the principle of collateral estoppel to criminal proceedings embodied in the Fifth Amendment guarantee against double jeopardy? |

| 1131 | Bullard v. Estelle, 665 F.2d 1347, 1355 (5th Cir. 1982) | 2 | Trial verdict or appellate ruling on insufficiency of evidence implicates interest of defendant in maintaining integrity of acquittal and calls for utmost protection of double jeopardy clause. U.S.C.A.Const.Amend. 5. | Thus a trial verdict or an appellate ruling 17 on insufficiency of the evidence implicates the interest of the defendant in maintaining the integrity of the acquittal and calls for the utmost protection of the double jeopardy clause. | Does a trial verdict or appellate ruling on insufficiency of evidence implicate an interest of a defendant in maintaining integrity of acquittal and calls for utmost protection of double jeopardy clause? |
|---|---|---|---|---|---|
| 1132 | State v. Muhannad, 837 N.W.2d 792, 800 (Neb., 2013) | 3 | The constitutional protection against double jeopardy does not mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment. U.S. Const. Amend. 5 | The constitutional protection against double jeopardy does not mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment. | "Does the constitutional protection against double jeopardy mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment?" |
| 1134 | Wade v. Hunter, 69 S.Ct. 834, 837, 336 U.S. 684, 688 (U.S. 1949) | 2 | "Double-jeopardy" provision of Fifth Amendment does not mean that every time defendant is put to trial before a competent tribunal he is entitled to go free if trial fails to end in a final judgment. U.S.C.A.Const. Amend. 5. | The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. | "Does the ""double-jeopardy"" provision of the Fifth Amendment not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if trial fails to end in a final judgment?" |
| 1136 | Raymond v. Raymond, 109 R.I. 265, 269-270 (R.I., 1971) | 2 | Although a clerk of court may, with respect to judicial proceedings, perform acts of ministerial and nondiscretionary character, he has no judicial powers in absence of some specific statutory and constitutional authority, and in such instances where judicial power is expressly given to him his power is to be strictly construed within language of provisions authorizing its exercise. | In considering the action taken by the probate clerk, we are guided by the rule which holds that although a clerk of court may, with respect to judicial proceedings, perform acts of ministerial and nondiscretionary character, *270 he has no judicial powers in the absence of some specific statutory and constitutional authority, and in those instances where judicial power is expressly given to the clerk, his power is to be strictly construed within the language of the provisions authorizing its exercise. | Are judicial powers granted to a clerk of the courtstrictly construed within the language of the provisions authorizing its exercise? |
| 1137 | Miller v. Am. Greetings Corp., 161 Cal. App. 4th 1055, 1066 (2008) | 9 | Awarding costs of proof is improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial. West's Ann.Cal.C.C.P. S 2033(o) (Repealed). | Awarding costs of proof is improper if the party who denied the request for admission "held a reasonably entertained good faith belief [it] would prevail on the issue at trial." | Is awarding costs of proof improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial ? |

| 1139 | Fed. Deposit Ins. Corp. v. Webb, 464 F. Supp. 520, 524 (E.D. Tenn. 1978) | 1 | Negotiability of a note is not destroyed by recitation of the security given, statement that on default the holder may realize against the collateral, promise or power to maintain or protect collateral or give additional collateral, term authorizing confession of judgment if debt is not paid when due, or acceleration clause. T.C.A. SS 47-3-104(1), 47-3-105(1)(e), 47-3-105 comment, 47-3-109(1)(c), 47-3-109 comment, 47-3-112(1)(b-d). | Negotiability is not destroyed by: (1) a recitation of the security given, T.C.A. s 47-3-105(e) and Comment 4, (2) a statement that upon default the holder may realize against the collateral, T.C.A. s 47-3-112(b), (3) a promise or power to maintain or protect collateral or give additional collateral, T.C.A. s 47-3-112(c), (4) a term authorizing confession of judgment if the debt is not paid when due, T.C.A. s 47-3-112(d); nor is negotiability destroyed by an acceleration clause, T.C.A. s 47-3-109(c) and Comment 4. | Can negotiability be destroyed by recitation of security given? |
| 1141 | State v. Nunez, 2000-NMSC-013, ¶ 94, 129 N.M. 63, 87, 2 P.3d 264, 288 | 39 | The remedial objectives of forfeitures under the Controlled Substances Act are incidental, and the purposes of the sanction are decidedly punitive for double-jeopardy purposes given the punitive nature of in rem jurisdiction, the deterrent function of the sanction, the lack of correlation between the penalty and the crime, the fact that the sanction is tied to a crime, the exclusion of innocent owners from the sanction, and the fact that a fundamental right is affected. Const. Art. 2, S 15; NMSA 1978, S 30-31-34. | {94} Because of the strength of New Mexico precedent, the punitive nature of in rem jurisdiction, the deterrent function of the sanction, the lack of correlation between the penalty and the crime, the fact that the sanction is tied to a crime, the exclusion of innocent owners from sanction, and the fact that a fundamental right is affected, we conclude that the remedial objectives of forfeitures under the Controlled Substances Act are incidental, and that the purposes of the sanction are decidedly punitive for double-jeopardy purposes. | Are the remedial objectives of forfeitures under the Controlled Substances Act incidental? |
| 1142 | McMath v. Katholi, 304 Ill. App. 3d 369, 375 (1999) | 7 | Trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial. | In fact, trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial. | Do trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial? |
| 1144 | Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537, 541-42 (Tex. App. 1993) | 8 | Doctrine of subrogation is given liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | However, the doctrine of subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in *542 equity and good conscience should have been discharged by the latter. | "Is subrogation broad enough to include every instance where one person, not acting voluntarily, pays another's debt?" |

| 1145 | Bennett Truck Transp. v. Williams Bros. Const., 256 S.W.3d 730, 733 (Tex. App. 2008) | 6 | "Equitable subrogation" is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party. | Equitable subrogation is a "legal fiction" whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party. | Is equitable subrogation a legal fiction whereby an obligation that is treated as still existing to allow the creditor to seek recovery from the primarily liable party? |
|---|---|---|---|---|---|
| 1147 | Cassidy v. Murray, 34 F. Supp. 3d 579, 581 (Md. 2014) | 5 | The exclusive admiralty jurisdiction of the federal courts only applies to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. 28 U.S.C.A. S 1333. | Therefore, the exclusive jurisdiction of the federal courts only applies "to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." | Is a Federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? |
| 1149 | Pennsylvania Indep. Oil & Gas Ass'n v. Com., Dep't of Env't Prot., 135 A.3d 1118, 1129 (Pa. Commw. Ct. 2015) | 12 | Although the Environmental Hearing Board (EHB) has some authority in certain cases to consider constitutional questions concerning regulations within its jurisdiction, it does not have the power to grant declaratory judgment and injunctive relief pursuant to the Declaratory Judgment Act, as only courts of record of the Commonwealth have that jurisdiction; the EHB only has jurisdiction to review post-enforcement matters and may not decide a pre-enforcement challenge. 42 Pa.C.S.A. S 7531 et seq. | [12] First, as our Supreme Court recognized in Empire Sanitary Landfill, Inc., although the EHB has some authority in certain cases to consider constitutional questions concerning regulations within its jurisdiction, "[i]t does not ... have the power to grant declaratory judgment and injunctive relief pursuant to the Declaratory Judgment[s] Act, ... because only courts of record of the Commonwealth have that jurisdiction." Empire Sanitary Landfill, Inc., 684 A.2d at 1055. Moreover, the EHB only has jurisdiction to review post- enforcement matters and may not decide a pre-enforcement challenge. | Does the Environmental Hearing Board (EHB) have the authority to review constitutional questions concerning regulations within its jurisdiction? |
| 1151 | All. of Descendants of Texas Land Grants v. United States, 37 F.3d 1478, 1481 (1994) | 2 | Claimant under Fifth Amendment must show that United States, by some specific action, took private property interest for public use without just compensation; therefore, claim under Fifth Amendment accrues when that taking action occurs. U.S.C.A. Const.Amend. 5. | A claimant under the Fifth Amendment must show that the United States, by some specific action, took a private property interest for a public use without just compensation. Hodel v. Virginia Surface Mining & Reclamation Ass'n, 452 U.S. 264, 294, 101 S.Ct. 2352, 2369-70, 69 L.Ed.2d 1 (1981). Therefore, a claim under the Fifth Amendment accrues when that taking action occurs. | Does a successful claim for taking under the Fifth Amendment requires a showing that that the government took a private property interest for public use without paying just compensation? |

| | | | | | |
|---|---|---|---|---|---|
| 1154 | Hill v. Tennessee Valley Auth., 842 F. Supp. 1413, 1417 (N.D. Ala. 1993) | 7 | The Federal Employees Liability Reform and Tort Compensation Act creates statutory mechanism which immunizes federal employees from personal liability for common-law torts committed within scope of their employment by transforming cases against individual employees into actions against federal government which becomes subject to limitations of Federal Tort Claims Act (FTCA). Federal Employees Liability Reform and Tort Compensation Act of 1988, S 1 et seq., 102 Stat. 4563; 28 U.S.C.A. SS 1346(b), 2671-2680. | FELRTCA creates a statutory mechanism which immunizes federal employees from personal liability for common law torts committed within the scope of their employment by transforming cases against individual employees into actions against the federal government which become subject to the limitations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b), 2671-80. | Are federal employees immune from liability for torts they commit when acting within the scope of their federal employment? |
| 1155 | Morrison v. Morrison, 284 Ga. 112, 116 (2008) | 13 | A cause of action, for res judicata purposes, is the entire set of facts which give rise to an enforceable claim; where some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former, although the subject matter may be the same, and even though the causes arose out of the same transaction. | "A cause of action has been defined as being 'the entire set of facts which give rise to an enforceable claim.' Where[, as here,] some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former (cits.), although the subject matter may be the same (cits.), and even though the causes arose out of the same transaction. | "Is a ""cause of action deemed to be an entire set of facts that give rise to an enforceable claim?" |
| 1156 | United Services Auto. Ass'n v. Alaska Ins. Co., 114 Cal.Rptr.2d 449, 454, 94 Cal.App.4th 638, 645 (Cal.App. 4 Dist.,2001) | 8 | "Equitable subrogation" permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | "Equitable subrogation permits a party who has been required to satisfy a loss created by a third party's wrongful act to 'step into the shoes' of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? |
| 1158 | Zurich American Insurance Company v. Southern–Owners Insurance Company, 248 F.Supp.3d 1268, 1287 (M.D.Fla., 2017) | 29 | Equitable subrogation under Florida law generally is appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | "Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party." | "Is equitable subrogation appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party?" |

| 1160 | Poteet v. Sauter, 136 Md. App. 383, 400-401 (2001) | 2 | Subrogation is founded upon the equitable powers of the court, is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another, and is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person. | Writing on *401 behalf of the Court of Appeals, Judge Cathell recently explained subrogation, stating: "Subrogation is founded upon the equitable powers of the court. It is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another. The doctrine is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person." | Is subrogation founded upon the equitable powers of the court? |
| 1161 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713, 716 (Tex. App. 2006) | 7 | The doctrine of equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | The doctrine of equitable subrogation "may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract." | Can the doctrine of equitable subrogation be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract? |
| 1162 | Universal Forest Products Eastern Div., Inc. v. Morris Forest Products, LLC, 558 F.Supp.2d 893, 901 (E.D.Wis.,2008) | 2 | Under Wisconsin law, "equitable subrogation" rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | Equitable subrogation " 'rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer.' " | "Does the doctrine of subrogation rest upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer?" |
| 1164 | Fordham v. Eason, 351 N.C. 151, 155 (1999) | 4 | A successful action for trespass to chattel requires the party bringing the action to demonstrate that she had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and that there was an unauthorized, unlawful interference or dispossession of the property. | A successful action for trespass to chattel requires the party bringing the action to demonstrate that she had either actual or constructive possession of the personalty or goods in question at the time of the trespass, see White v. Morris, 8 N.C. 301, 303 (1821); Carson v. Noblet, 4N.C. 136 (1814), and that there was an unauthorized, unlawful interference or dispossession of the property. | Should the party bringing the action of trespass to chattel demonstrate that they had either actual or constructive possession of the personalty or goods in question at the time of the trespass? |

| 1165 | Georgia Power Co. v. Harrison, 253 Ga. 212, 214-15 (1984) | 2 | Although trial court has discretion pursuant to statute to hear jurisdictional issues in advance of trial, it is a legal discretion which must balance factors favoring pretrial determination of a defense against other circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely coextensive with merits of claim. O.C.G.A. S 9-11-12(d). | However, although OCGA  9-11-12(d) clothes the court with discretion to hear jurisdictional issues in advance of trial, it is a legal *215 discretion which must balance the factors favoring pretrial determination of a defense against other circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely co-extensive with the merits of a claim. | Does the trial court have discretion pursuant to statute to hear jurisdictional issues in advance of trial? |
| 1166 | Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867, 873 (Tex. App. 2006) | 10 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. | The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. | Is the purpose of a motion in limine to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court? |
| 1169 | Zidell v. Bird, 692 S.W.2d 550, 554 (Tex.App. 3 Dist.,1985) | 7 | Word "accrual," for purposes of statute of limitations, signifies date when one having right of action first becomes legally entitled to apply to court for relief by proceeding commenced therein; it signifies date when plaintiff first becomes entitled to sue defendant based upon legal wrong attributed to the latter. | The word "accrual" signifies the date when one having a right of action first becomes legally entitled to apply to a court for relief by a proceeding commenced therein; that is to say, it signifies the date when the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter. | "Does a cause of action ""accrue"" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant?" |
| 1170 | Austin v. Abney Mills, 824 So. 2d 1137, 1154 (La. 2002) | 14 | To establish when the tort cause of action accrued in a long-latency occupational disease case, wherein the plaintiff suffers from the disease, the plaintiff must present evidence that the exposures were significant and such exposures later resulted in the manifestation of damages. | Therefore, in order to establish when the tort cause of action accrued in a long-latency occupational disease case, wherein the plaintiff suffers from the disease, the plaintiff must present evidence that the exposures were "significant and such exposures later result[ed] in the manifestation of damages ...." | Does the plaintiff's cause of action in a long-latency occupational disease case accrue when exposures are significant and such exposures later result in the manifestation of damages? |
| 1173 | Hourani v. Mirtchev, 796 F.3d 1, 16 (D.C. Cir. 2015) | 21 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | The function of the Act of State doctrine is to promote "international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." | "Does the act of state doctrine promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations?" |

| 1175 | In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546, 550 (E.D.N.Y. 2008) | 1 | The act of state doctrine, which derives from both separation of powers and respect for the sovereignty of other nations, holds that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders. | The act of state doctrine derives from both separation of powers and respect for the sovereignty of other nations. It holds that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders. | Does the act of state doctrine hold that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders? |
| --- | --- | --- | --- | --- | --- |
| 1176 | Brentson v. Chappell, 66 Ohio App. 3d 83, 87, 583 N.E.2d 434, 436 (1990) | 1 | "Motion in limine" seeks anticipatory ruling that evidence will probably be inadmissible, so it should be excluded until opponent demonstrates its propriety; ability of trial court to entertain such motions lies in inherent power and discretion of trial judge to control proceedings. | A motion in limine seeks an anticipatory ruling that evidence will probably be inadmissible, so it should be excluded until the opponent demonstrates its propriety. State v. Maurer (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787; Rich v. Quinn (1983), 13 Ohio App.3d 102, 105, 13 OBR 119, 122, 468 N.E.2d 365, 369. The ability of a trial court to entertain such motions lies in the inherent power and discretion of the trial judge to control the proceedings. | Does the ability of trial court to entertain motions in limine lie within a court's inherent power and discretion to control proceedings before it? |
| 1177 | Sculler v. Sculler, 348 N.J. Super. 374, 376 (2001) | 1 | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and in such cases, the motions should ordinarily be denied until a sufficient predicate is established. | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented. In such cases, the motions should ordinarily be denied until a sufficient predicate is established. | "Are in limine motions inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and should the motions ordinarily be denied until a sufficient predicate is established?" |
| 1178 | Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756, 762 (C.A.9 (Ariz.), 1997) | 9 | Unilateral promulgation by employer of arbitration provisions in employee handbook does not constitute knowing agreement on part of employee to waive statutory remedy provided by civil rights law. | We conclude that, in line with Lai, the unilateral promulgation by an employer of arbitration provisions in an Employee Handbook does not constitute a "knowing agreement" on the part of an employee to waive a statutory remedy provided by a civil rights law. | Does an employer's promulgation of arbitration provisions in an employee handbook constitute a knowing agreement on the part of an employee to waive a statutory remedy provided by a civil rights law? |
| 1180 | O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449, 453 (C.A.2 (N.Y.), 1987) | 2 | When causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, claims made under the antitrust laws must be dismissed. | [2] [3] When the causal chain between a defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, claims made under the antitrust laws are dismissed. | "When causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, must claims made under the antitrust laws be dismissed?" |

| 1182 | World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165, 353 U.S.App.D.C. 147, 158 (C.A.D.C.,2002) | 8 | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires that, in the process of deciding a case, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | When it does apply, the doctrine serves as " 'a rule of decision for the courts of this country,' " id. at 405, 110 S.Ct. at 704 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 314, 62 L.Ed. 733 (1918)), which requires that, "in the process of deciding [a case], the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid," id. at 409, 110 S.Ct. at 707. | "Does the act of state doctrine serve as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions?" |
| 1183 | Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680, 689 (S.D.N.Y. 1979) | 10 | To trigger application of the act of state doctrine, the government act concerned must be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers. | In order to trigger application of the act of state doctrine, the government act concerned must be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers. | "To trigger application of the act of state doctrine, should the government act concerned be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers?" |
| 1184 | Hand v. Pettitt, 258 Ga. App. 170, 172 (2002) | 6 | A trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial; if, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of the admissibility is similar to a preliminary ruling on evidence at a pretrial conference, and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice. | The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of [the] admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it "controls the subsequent course of action, unless modified at trial to prevent manifest injustice." | Is a ruling on the admissibility of evidence prior to trial similar to a preliminary ruling? |
| 1185 | Matagorda Cty. v. Texas Ass'n of Ctys. Cty. Gov't Risk Mgmt. Pool, 975 S.W.2d 782, 785 (Tex. App. 1998) | 7 | Doctrine of "equitable subrogation" is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | The doctrine of equitable subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation broadly applied to include instances in which one person pays a debt for which another is primarily liable? |

| 1186 | Drago v Tishman Const. Corp. of New York, No. 118390/00, 777 N.Y.S.2d 889, 894, 4 Misc. 3d 354, 360–61, 2004 N.Y. Slip Op. 24173, 2004 WL 1218957 (Sup Ct, May 28, 2004) | 10 | Absent a specific pre-trial motion in limine, in the general course, arguments concerning adherence to accepted procedures for collection, storage or analysis of scientific evidence relate to trial issues of foundation and weight of the evidence; if it is determined the evidence is admissible, the weight of the evidence is a question for the trier of fact. | Absent a specific pre-trial motion in limine, in the general course, "arguments concerning ... adherence to accepted procedures for collection, storage or analysis of such evidence 'relate[ ] to trial issues of foundation and weight of the evidence' " (People v. Kelly, 288 A.D.2d 695, 696, 732 N.Y.S.2d 484 [3rd Dept.2001], internal quotation marks and brackets omitted). If it is determined the evidence is admissible, the weight of the evidence is a question for the trier of fact | "Absent a specific pre-trial motion in limine, is the weight of the evidence a question for the trier of fact?" |
| 1187 | Aultman v. United Bank of Crawford, 259 Ga. 237, 237 (1989) | 3 | Rule that surety who has paid debt of principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property. O.C.G.A. S 10-7-57. | OCGA 10-7-57 provides: "[a] surety who has paid the debt of his principal shall also be entitled to be substituted in place of the creditor as to all securities held by him for the payment of the debt." This provision is consistent with the rule adopted by most states 3 and applies whether the security is real or personal property. | Is the rule that a surety who has paid the debt of a principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property? |
| 1188 | Dible v. City of Lafayette, 713 N.E.2d 269, 274 (Ind. 1999) | 15 | Although injunctive relief may be necessary to remedy governmental interference with landowner rights for a private purpose, equitable relief is generally unavailable as a matter of law to remedy an alleged taking for a public purpose if an action for compensation can be brought subsequent to the taking. U.S.C.A. Const.Amends. 5, 14. | Although injunctive relief may be necessary to remedy interference with landowner rights for a private purpose, 8 where an alleged taking occurs for what is clearly a public purpose, equitable relief is generally unavailable as a matter of law where an action for compensation can be brought subsequent to the taking. | "Is equitable relief available when an alleged taking occurs for what is clearly a public purpose, as a matter of law where an action for compensation can be brought subsequent to the taking?" |
| 1189 | U.S. v. Rezaq, 134 F.3d 1121, 1133, 328 U.S.App.D.C. 297, 309 (C.A.D.C.,1998) | 9 | International law imposes limits on state's ability to render its law applicable to persons or activities outside its borders; states may only exercise jurisdiction to prescribe under limited number of theories. Restatement (Third) of Foreign Relations Law S 401. | International law imposes limits on a state's "jurisdiction to prescribe," that is, its ability to render its law applicable to persons or activities outside its borders; states may only exercise jurisdiction to prescribe under a limited number of theories. See RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW 401 (1987). | Does international law impose limits on a state's ability to render its law applicable to persons or activities outside its borders? |

| 1190 | In re Stroud Oil Properties, 110 S.W.3d 18, 26 (Tex. App. 2002) | 14 | A cause of action to quiet title accrues when: (1) any instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof is executed, or (2) when a person acquires title to real property which appears to be subject to a previously-executed instrument of this type. | Accordingly, a cause of action to quiet title accrues when: (1) any "instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof" is executed; 6  or (2) when a person acquires title to real property which appears to be subject to a previously-executed instrument of this type. | When does a cause of action to quiet title accrue? |
| --- | --- | --- | --- | --- | --- |
| 1194 | Byers v. Labor & Indus. Review Comm'n, 208 Wis. 2d 388, 395 (1997) | 5 | Workers' Compensation Act (WCA) provides alternative to tort liability, making employers strictly liable for injuries encompassed within Act, but limiting liability to compensation established by statute. W.S.A. 102.03(2). | The WCA provides an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting the liability to compensation established by statute. | "Does the Workers Compensation Act (WCA) provide an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting liability to compensation established by statute?" |
| 1195 | U.S. v. Hawaii Cnty., 473 F.Supp. 261, 264–65 (D.C.Hawaii, 1979) | 2 | Generally, a court is to apply a law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | A court should apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary? |
| 1196 | Lampert Lumber Co. v. Joyce, 405 N.W.2d 423, 426 (Minn. 1987) | 8 | Whether dismissal without prejudice will be granted and on what terms is matter to be presented on motion to trial court, which then must weigh reasons given for requested nonsuit against any prejudice to other litigants. 48 M.S.A., Rules Civ.Proc., Rule 41.01(2). | Whether a dismissal without prejudice will be granted and on what terms, is a matter to be presented on motion to the trial court, which then must weigh the reasons given for the requested nonsuit against any prejudice to the other litigants. | "Is the question of whether dismissal without prejudice will be granted and on what terms a matter to be presented on motion to a trial court, which must weigh reasons given for requested nonsuit?" |
| 1197 | Jones v. Multi-Color Corp., 108 Ohio App. 3d 388, 394 (1995) | 4 | Workers' Compensation Act operates as a balance of mutual compromise between interests of employers and employees whereby employees relinquish their common-law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common-law defenses and are protected from unlimited liability. R.C. S 4123.01 et seq. | The Act [R.C. Chapter 4123] operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. | Does the Workers Compensation Act operate as a balance of mutual compromise between the interests of employers and employees? |
| 1199 | Ewan v. Hardison Law Firm, 465 S.W.3d 124, 129-30 (2014) | 1 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in the rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Rules Civ.Proc., Rule 41.01(1). | Consequently, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." | Is a plaintiff's right to voluntary dismissal without prejudice subject to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right? |

| 1202 | Burry & Son Homebuilders v. Ford, 310 S.C. 529, 531 (1992) | 1 | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. Bowen & Smoot v. Plumlee, 301 S.C. 262, 391 S.E.2d 558 (1990). 1  Once legal prejudice is found, the granting or denial is within the discretion of the trial court. | Is a plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to a defendant? |
| 1203 | Allstate Ins. Co. v. Eagle-Picher Indus., 410 N.W.2d 324, 328 (Minn. 1987) | 6 | Liability of employer to pay compensation benefits does not depend on whether employee does or does not have cause of action against third party, but exists in any event where injury, including occupational disease, arose out of and in course of employment, regardless of anyone's negligence. M.S.A. § 176.021, subd. 1. | The liability of the employer to pay compensation benefits clearly does not depend on whether the employee does or does not have a cause of action against third party. The employer's liability exists in any event where the injury, including occupational disease, arose out of and in the course of employment, regardless of anyone's negligence. | Does the liability of employer to pay workers' compensation benefits depend on whether the employee has a cause of action against a third party? |
| 1204 | Cont'l Cas. Co. v. Am. Nat'l Bank & Tr. Co. of Chicago, 329 Ill. App. 3d 686, 693 (2002) | 7 | When a drawer who owes no debt to the bank writes a check payable to the bank's order, the drawer places that check in the bank's custody with the expectation that the bank will negotiate the check according to the drawer's wishes; therefore, a bank may not treat the check as bearer paper and blindly disburse the proceeds according to the instructions of any individual who happens to present the check to the bank. | In essence, when a drawer who owes no debt to the bank writes a check payable to the bank's order, the drawer places that check in the bank's custody with the expectation that the bank will negotiate the check according to the drawer's wishes. Therefore, a bank may not treat the check as bearer paper and blindly disburse the proceeds according to the instructions of any individual who happens to present the check to the bank. | Should a check made payable to a bank be treated according to the wishes of the drawer or be treated as bearer paper? |
| 1205 | Madison Acquisition Group, LLC v 7614 Fourth Real Estate Development, LLC, No. 19944/10, 2014-02792, 20 N.Y.S.3d 418, 420, 2015 N.Y. Slip Op. 08813, 2015 WL 7740407 (N.Y.A.D. 2 Dept., Dec. 02, 2015) | 3 | In general, absent a showing of special circumstances, a motion for a voluntary discontinuance should be granted without prejudice, but where the matter has been submitted to the court, the court may not order an action discontinued except upon the stipulation of all parties appearing in the action. McKinney's CPLR 3217(b). | In general, absent a showing of special circumstances ... a motion for a voluntary discontinuance should be granted without prejudice" (American Tr. Ins. Co. v. Roberson, 114 A.D.3d 821, 821, 980 N.Y.S.2d 778). However, where, as here, the matter has been submitted to the court, "the court may not order an action discontinued except upon the stipulation of all parties appearing in the action" (CPLR 3217[b] ). | "When the matter has been submitted to the court, will the court order an action discontinued except upon the stipulation of all parties appearing in the action?" |

| 1206 | Terry v. Howard, 546 S.W.2d 66, 69 (Tex.Civ.App.-Dallas, 1976) | 5 | It is the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding when no affirmative relief is sought by defendant, and a timely motion for nonsuit cannot be denied by trial court. | We recognize that it is the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding when no affirmative relief is sought by the defendant, and that a timely motion for nonsuit cannot be denied by the trial court. | "Is it the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding when no affirmative relief is sought by a defendant?" |
| --- | --- | --- | --- | --- | --- |
| 1211 | Bounds v. Caudle, 549 S.W.2d 438, 444 (Tex. Civ. App.), writ granted (July 27, 1977), rev'd, 560 S.W.2d 925 (Tex. 1977) | 9 | Purpose of rule of civil procedure governing discovery is to permit inspection and copying of tangible things within opposing party's custody upon a showing of good cause; although courts are required to give such rule a liberal construction, it was never intended to allow fishing excursions and was not intended to allow invasion of opposing party's thinking processes or that of his expert witnesses. Rules of Civil Procedure, rule 167. | *444 [9] The purpose of Rule 167 is to permit inspection and copying of "tangible things" within the opposing party's custody upon a showing of good cause. Although we are required to give this rule a liberal construction, it was never intended to allow fishing excursions. Texhoma Stores, Inc. v. American Central Insurance Company, 424 S.W.2d 466 (Tex.Civ.App. Dallas 1968, writ ref'd n. r. e.). Rule 167 was not intended to allow invasion of the opposing party's thinking processes or that of his expert witnesses. | Is the purpose of a rule of civil procedure governing discovery to permit inspection and copying of tangible things within an opposing party's custody upon a showing of good cause? |
| 1212 | Church of Peace v. City of Rock Island, 357 Ill. App. 3d 471, 475 (Ill. App. Ct. 2005) | 1 | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | Taxes are "an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government." People ex rel. County of DuPage v. Smith, 21 Ill.2d 572, 583, 173 N.E.2d 485 (1961). In contrast, a service charge or fees are "contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a fee? |
| 1213 | McCain Foods USA, Inc. v. Cent. Processors, Inc., 275 Kan. 1, 2, 61 P.3d 68, 70 (2002) | 15 | The pretrial order controls the course of the action unless modified to prevent manifest injustice; an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. Rules Civ.Proc., K.S.A. 60-216(e). | The pretrial order under K.S.A.2001 Supp. 60–216(e) controls the course of the action unless modified to prevent manifest injustice. An issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. | "Unless modified to prevent manifest injustice, will the pretrial order control the course of action, and an issue or claim for relief that is not contained in pretrial order and should it be entertained by the trial court?" |

| 1214 | Highlands Ins. Co. v. Missouri Pac. R. Co., 532 So. 2d 317, 323 (La. App. 1988) | 9 | Pretrial order controls subject and course of action unless modified at trial to prevent manifest injustice and much discretion is left to trial judge in determining whether to modify pretrial order. | The pre-trial order controls the subject and course of an action unless modified at trial to prevent manifest injustice. Much discretion is left to the trial judge in determining whether to modify the pre-trial order. | Does a pretrial order control the subject and course of action unless modified at trial to prevent manifest injustice and much discretion is left to trial judge in determining whether to modify a pretrial order? |
|---|---|---|---|---|---|
| 1215 | 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581, 597 (1999) | 6 | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | We conclude that the core of the definition of a special assessment that makes the imposition a special assessment rather than a general tax is not that the benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby. Rather, the special assessment is used to provide a combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance *596 the value and/or the use or function of the properties that are subject to the special assessment. | What is the core of definition of special assessment that makes imposition a special assessment rather than general tax? |
| 1216 | Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431, 442 (2008) | 1 | A "special assessment" is a compulsory charge placed by the state upon real property within a pre-determined district, made under express legislative authority for defraying in whole or in part the expense of a permanent public improvement therein, and levied against real property particularly and directly benefited by a local improvement in order to pay the cost of that improvement. | A **45 special assessment is a " ' " 'compulsory charge placed by the state upon real property within a pre-determined district, made under express legislative authority for defraying in whole or in part the expense of a permanent public improvement therein....' " [Citation.] [Citation.] In this regard, a special assessment is 'levied against real property particularly and directly benefited by a local improvement in order to pay the cost of that improvement.' | "Is ""special assessment"" a compulsory charge placed by the state upon real property within a predetermined district?" |
| 1219 | In re Det. of J.R., 80 Wash. App. 947, 947 (1996) | 2 | Plaintiff, after resting his case, may move for voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as court deems proper. CR 41(a)(2). | A plaintiff, after resting his case, may move for a voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as the court deems proper. CR 41(a)(2). | "Can a plaintiff, after resting his case, move for voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as the court deems proper?" |

| 1224 | U.S. v. Terry, 707 F.3d 607, 613 (C.A.6 (Ohio), 2013) | 7 | Motives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. 18 U.S.C.A. S 201(b)(2). | "[M]otives and consequences, not formalities," are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is "quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. | What are the keys for determining whether a public official entered into an agreement to accept a bribe? |
| 1227 | Massey v. Haupt, 632 P.2d 824, 826 (Utah 1981) | 3 | Trial court may permit withdrawal or amendment of admissions when the presentation of the merits of the action shall be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment would prejudice him in maintaining his action or defense on the merits. Rules of Civil Procedure, Rule 36(b). | In addition, pursuant to Rule 36(b), U.R.C.P., the court may permit withdrawal or amendment of the admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment of the admissions would prejudice him in maintaining his action or defense on the merits. | Does a trial court have discretion to permit withdrawal or amendment of admissions when presentation of merits of action will be subserved and party obtaining admissions fails to satisfy court that he will be prejudiced in maintaining his action? |
| 1228 | Hess v. Hess, 679 N.E.2d 153, 154 (Ind. App. 1997) | 5 | Unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, but denial of continuance based on withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Trial Procedure Rule 53.5. | The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance. However, the denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. | "Does the unexpected and untimely withdrawal of counsel necessarily entitle a party to a continuance, and is the denial of continuance based on withdrawal of counsel error if the moving party is free from fault and his rights are likely to be prejudiced by the denial?" |
| 1229 | Baron v. Baron, 941 So. 2d 1233, 1236 (Fla. App. 2006) | 4 | It is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party's case. | In addition, it is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party's case. | Is it reversible error to refuse to grant a motion for continuance where a party or his counsel is unavailable for physical or mental reasons which prevent a fair and adequate presentation of the party's case? |
| 1230 | Progressive Life Ins. Co. v. Haygood, 53 Ga. App. 231, 232 (Ga.App. 1936) | 12 | Postponement of trial on account of absence of counsel who is engaged in trial of case in court of different circuit, without leave, lies in discretion of court, and postponement for such cause is not favored. Code 1933, S 81-1413. | "The postponement of the trial of a case on account of the absence of counsel therein, who is, without leave, engaged in the trial of a case in a court of a different circuit, is in the discretion of the court, and a postponement for such cause is not favored." | "Does postponement of trial on account of absence of counsel who is engaged in trial of case in court of different circuit, without leave, lie in discretion of a court, and is postponement for such cause not favored?" |

| | | | | | |
|---|---|---|---|---|---|
| 1231 | Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 593 F.Supp. 1443, 1455 (D.C.Cal.,1984) | 3 | While litigant is under no duty to keep or retain every document in its possession once complaint is filed, it is under duty to preserve what it knows, or reasonably should know, is relevant in action, is reasonably calculated to lead to discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is subject of pending discovery request. | While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request. | Does the law impose upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery? |
| 1232 | Kessinger Hunter Mgmt. Co. v. Davis, 782 S.W.2d 426, 428 (Mo. Ct. App. 1989) | 2 | When attorney legislator is attending session of general assembly and he has filed motion for legislative continuance, trial court may determine whether his presence is necessary to fair and proper trial; if it is, continuance will be granted. V.A.M.R. 65.06. | When an attorney-legislator is attending a session of the general assembly and he has filed a motion for a Rule 65.06 continuance, the trial court may determine whether his presence is necessary to a fair and proper trial. Kyger, 207 S.W.2d at 49; Todd, 215 S.W.2d at 466. If it is, the continuance will be granted. | "When attorney legislator is attending session of general assembly and he files a motion for continuance, can the trial court determine whether his presence is necessary to a fair and proper trial?" |
| 1233 | Wibbels v. Unick, 426 N.W.2d 244, 248, 229 Neb. 184, 189 (Neb., 1988) | 5 | Party's failure to make timely and appropriate response to request for admission constitutes admission of subject matter of request, which is conclusively established, unless, on motion, court permits withdrawal of admission. Sup.Ct.Rules, Discovery Rule 36. | This court has recognized and adopted the rule that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established, unless, on motion, the court permits withdrawal of the admission. | "Does a party's failure to make a timely and appropriate response to a request to a request for admission constitute an admission of the subject matter of the request, unless, on motion, the court permits withdrawal of the admission?" |
| 1235 | Jackson v. Nemdegelt, 302 Ga. App. 767, 771 (2010) | 7 | Matters deemed admitted, as a result of a party's failure to respond to requests for admission, become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36. | And matters deemed admitted **657 pursuant to OCGA § 9–11–36 "become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." | Does matters deemed admitted become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion? |
| 1237 | Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488, 500 (La. App. 2016) | 15 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. | Does the court have wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine? |

| 1242 | Romano v Steelcase Inc., No. 2006-2233, 907 N.Y.S.2d 650, 652, 30 Misc. 3d 426, 428, 2010 N.Y. Slip Op. 20388, 2010 WL 3703242 (Sup Ct, Sep. 21, 2010) | 6 | In an action seeking damages for personal injuries, discovery is generally permitted with respect to materials that may be relevant both to the issue of damages and the extent of a plaintiff's injury including a plaintiff's claim for loss of enjoyment of life. McKinney's CPLR 3101. | Accordingly, in an action seeking damages for personal injuries, discovery is generally permitted with respect to materials that may be relevant both to the issue of damages and the extent of a plaintiff's injury (see: Walker v. City of New York, 205 A.D.2d 755, 614 N.Y.S.2d 31 [2 Dept. 1994] ). including a plaintiff's claim for loss of enjoyment of life | Is discovery generally permitted with respect to materials that can be relevant both to the issue of damages and the extent of a plaintiff's injury including a plaintiff's claim for loss of enjoyment of life? |
| 1244 | Dresser Industries, Inc. v. Solito, 668 S.W.2d 893, 895 (Tex.App. 14 Dist.,1984) | 2 | In cases involving international parties and witnesses the potential for abuse of discovery is great and the trial judge must be especially sensitive to actual need for request of depositions and alternative means of taking the depositions. Vernon's Ann.Texas Rules Civ.Proc., Rules 186b, 201, 201, subds. 4,5. | In cases such as the one before us involving international parties and witness, the potential for abuse in the discovery process is very great. The trial judge must be especially sensitive to the (1) actual need for the requested depositions and (2) alternative means of taking the depositions | "In cases involving international parties and witnesses, is the potential for abuse of discovery great and the trial judge must be especially sensitive?" |
| 1245 | Maddox v. Stone, 174 Md. App. 489, 506–07 (2007) | 9 | The rule requiring the entry of scheduling orders is intended to promote the efficient management of the trial court's docket, not to erect additional opportunities for a court to dismiss meritorious claims for lack of strict compliance with arbitrary deadlines. Md.Rule 2-504. | The rule requiring the entry of scheduling orders was intended to promote the efficient management of the trial court's docket, not to erect additional opportunities for a court to dismiss meritorious claims for lack of strict compliance with arbitrary deadlines. | Is the rule requiring the entry of scheduling orders intended to promote the efficient management of the trial court's docket? |
| 1246 | Feldman v. Miller, 106 N.Y.S.2d 684, 686 (1951) | 3 | The deposition procedure was never intended to remove a weapon which would defeat an attempted fraud, nor to require the innocent to provide the other party with the way out of an inconsistent situation by disclosure of proof far in advance of trial for such uses as he may make thereof. Civil Practice Act, S 288. | The law, Sec. 288, never intended to remove a weapon which, in whole or in part, would defeat an attempted fraud; nor did it intend to require the innocent to provide the other party with 'the way out', of an inconsistent situation by a disclosure of proof far in advance of the trial for such uses as he may make thereof. | Is the deposition procedure never intended to remove a weapon which would defeat an attempted fraud? |
| 1247 | Gottlieb v. Merrigan, 119 A.D.3d 1054, 1056, 990 N.Y.S.2d 109, 112 (2014) | 3 | Issue of whether long-arm jurisdiction exists often presents complex questions; discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits. McKinney's CPLR 302(a)(1). | In that regard, we note that the issue of whether long-arm jurisdiction exists often presents complex questions; "[d]iscovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits" | Does the issue of whether a long-arm jurisdiction exist often present complex questions? |

| 1248 | Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003) | 8 | While the general rule is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. | While the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, see Gruman v. Bankers Trust Co., 379 So.2d 658, 659 (Fla. 3d DCA 1980); Cooper v. Fulton, 117 So.2d 33, 35-36 (Fla. 3d DCA 1960), where materials sought by a party "would appear to be relevant to the subject matter of the pending action," the information is fully discoverable | "Where materials sought by a party would appear to be relevant to the subject matter of the pending action, is the information fully discoverable?" |
| 1250 | Stelly v. Papania, 927 S.W.2d 620, 622 (Tex., 1996) | 3 | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | After the rule was amended in 1988, "good cause" became the threshold standard for withdrawal of deemed admissions. Halton, 792 S.W.2d at 465. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. | Is good cause a threshold standard for withdrawal of deemed admissions and can a party establish good cause by showing that its failure to answer was accidental or the result of a mistake? |
| 1251 | Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) | 8 | In deciding pretrial motion to dismiss for lack of personal jurisdiction, district court has considerable procedural leeway and may determine motion on basis of affidavits alone or may permit discovery in aid of motion or may conduct evidentiary hearing on merits of motion. Fed.Rules Civ.Proc. Rule 12(b)(2), 28 U.S.C.A. | In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. | Does the court have discretion to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone? |
| 1254 | Texaco v. R.R. Comm'n, 583 S.W.2d 307, 310 (Tex. 1979) | 3 | While it is an elementary rule of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, such rule is qualified by both the rule of capture and Railroad Commission's authority to prevent waste. | While Texaco and Frost are correct that it is an elementary rule of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, this rule is qualified by both the rule of capture and the Commission's authority to prevent waste. | Is the rule of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir qualified by both the rule of capture and the Commission's authority to prevent waste? |
| 1259 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117, 119 (1996) | 1 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. | "On a motion to dismiss for lack of subject matter jurisdiction, does a district court determine facts that, if true, would vest the court with the subject matter jurisdiction?" |

| 1260 | Estate of Lewis v. Lewis, 275 P.3d 615, 623, 229 Ariz. 316, 324 (Ariz.App. Div. 2, 2012) | 7 | Absent a showing of willfulness or something akin to it, a judgment based on the failure of a nonresident litigant to appear for a pre-trial hearing, where such litigant is represented at the hearing by his attorneys of record, constitutes reversible error. 16 A.R.S. Rules Civ.Proc., Rule 16(f). | Absent a showing of willfulness or something akin to it, a judgment based on "the failure of a nonresident litigant to appear for [a] pre-trial hearing, where such litigant is represented at the hearing by his attorneys of record," constitutes reversible error. | "Absent a showing of willfulness or something akin to it, does a judgment based on the failure of a nonresident litigant to appear for a pre-trial hearing constitute reversible error?" |
| 1261 | Brandt v. Brandt, 119 R.I. 607, 609 (1978) | 2 | Power to continue is inherent in authority of court to hear and determine cases before it, and court may grant or deny motion properly before it or, absent statutory provisions to contrary, may sua sponte order continuance when it is, in eyes of court, necessary. Gen.Laws 1956, SS 8-10-38, 15-11-1, 15-11-2. | It is well settled that the power to continue is inherent in the authority of a court to hear and determine the cases before it. See Lemoine v. Martineau, 115 R.I. 233, 238, 342 A.2d 616, 620 (1975). A court may grant or deny a motion properly before it or, absent statutory provisions to the contrary, may sua sponte order a continuance when it is, in the eyes of the court, necessary. | "Is the power to continue inherent in authority of a court to hear and determine cases before it, and a court may grant or deny a motion properly before it?" |
| 1263 | Bloxham v. Saldinger, 175 Cal. Rptr. 3d 650, 667-68 (2014) | 11 | Since requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. Cal. Civ. Proc. Code S 2033.220(c). | "[S]ince requests for admissions are not limited to matters within personal knowledge *752 of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. | "Since requests for admissions are not limited to matters within personal knowledge of the responding party, does the party have a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge?" |
| 1268 | Lasko v. Meier, 394 Ill. 71, 73–74 (1946) | 2 | A verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively any substantial facts essential to a right of action, if issue joined is such as necessarily requires, on trial, proof of facts so omitted or imperfectly stated, and if such facts can be implied from allegations of complaint by fair and reasonable intendment. | A verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any substantial *74 facts which are essential to a right of action, if the issue joined is such as necessarily requires, on the trial, proof of the facts so omitted or imperfectly stated and if such facts can be implied from the allegations of the complaint by fair and reasonable intendment. | Will a verdict cure technical defects in a complaint? |

| 1270 | Kenny v. Banks, 289 Conn. 529, 532–33 (2008) | 4 | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant; trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14. | "When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.... | "When a defendant challenges personal jurisdiction in a motion to dismiss, do the court undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant?" |
| 1271 | Wilson v. McNeely, 690 S.E.2d 512, 513, 302 Ga.App. 213, 214 (Ga.App., 2010) | 2 | The trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders; contempt may at times be proper, whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, although these remedies are too drastic if less harsh sanctions are appropriate. | After recognizing that the trial court must have the power "to impose appropriate sanctions to make effective its pre-trial orders," the Supreme Court noted that " '[c]ontempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate.' " | Can contempt be proper as a sanction for a violation of a trial court's pretrial order? |
| 1274 | Azimi v. Johns, 254 P.3d 1054, 1067 (Alaska 2011) | 22 | Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Rules Civ.Proc., Rules 37, 41(b). | In addition, we have long held that before a litigation- ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. | "Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, should the court give the litigant notice and an adequate opportunity to cure?" |
| 1275 | Chappelle v. S. Florida Guardianship Program, 169 So. 3d 291, 294 (Fla. App. 2015) | 3 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf for entering dismissal as sanction and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | "Before a court may dismiss a cause as a sanction for willful noncompliance with court order, should it first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" |

| 1276 | Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 710 (2003) | 3 | It is mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made. Rules Civ.Proc., Rule 4(i). | Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, it is also mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made. | Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made? |
| McGee v. Macambo Lounge, 158 Mich. App. 282, 287 (1987) | | | | | |
| 1280 | McGee v. Macambo Lounge, 158 Mich. App. 282, 287 (1987) | 3 | Provisions of court rule providing that failure to appear for duly scheduled pretrial conference shall constitute default were sufficiently general to permit default for nonappearance of insurance representative who was properly ordered to appear at settlement conference. GCR 1963, 301.9. | Failure to appear at a duly scheduled pretrial conference, ... shall constitute a default to which provisions of GCR 520 shall be applicable." [3]  The provisions of GCR 1963, 301.9 were sufficiently general to permit default for the nonappearance of an insurance representative who was properly ordered to appear at a settlement conference. | Shall provisions of court rule providing that failure to appear for duly scheduled pretrial conference constitute default? |
| 1281 | Tobacco Superstore v. Darrough, 362 Ark. 103, 116 (Ark., 2005) | 10 | It is mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made. Rules Civ.Proc., Rule 4(i). | Pursuant to Rule 4(i) of the Rules of Civil Procedure, it is also mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made. | Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made? |
| 1283 | Garcia v. Mireles, 14 S.W.3d 839, 842 (Tex. App. 2000) | 8 | Conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | The conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | Is the conclusion that disobeyance of its order was willful or consciously indifferent a sufficient basis for the trial court to impose the ultimate sanction of dismissing the case? |
| 1284 | Proctor v. Poole, 233 F.R.D. 323, 325 (W.D.N.Y., 2006) | 2 | Although dismissal as a sanction for failure to comply with court-ordered discovery is a drastic remedy that should be imposed only in extreme circumstances, this severe sanction may well be warranted, even in the case of pro se litigants, when, due to willfulness or bad faith, they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A. | Although "dismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances," this severe sanction may well be warranted, even in the case of pro se litigants, when, "due to willfulness or bad faith," they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. | "While a trial court clearly has power to dismiss a case as a sanction for plaintiff's failure to comply with a court order, is dismissal a drastic remedy?" |

| 1285 | Bologna v. Schlanger, 995 So. 2d 526, 528 (Fla. App. 2008) | 2 | Dismissal for fraud is warranted where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Dismissal for fraud is warranted "where 'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.' " | "Is dismissal for fraud warranted where it can be demonstrated, clearly and convincingly?" |
|---|---|---|---|---|---|
| 1286 | Giglio v. NTIMP, Inc., 86 A.D.3d 301, 310, 926 N.Y.S.2d 546 (2011) | 9 | In instances where an answer is not demanded in response to a cross claim, the denial that is "deemed" to have been made will foreclose any motion for a default judgment on the cross claim and, by extension, foreclose dismissal of such a cross claim even where no default motion is made within one year. McKinney's CPLR 3011, 3215(c). | In instances where an answer is not demanded in response to a cross claim, the denial that is "deemed" to have been made under CPLR 3011 will foreclose any motion for a default judgment on the cross claim and, by extension, foreclose dismissal of such a cross claim even where no default motion is made within one year as required by CPLR 3215 (c). | "In instances where an answer is not demanded in response to a cross claim, will the denial that is ""deemed"" to have been made foreclose any motion for a default judgment?" |
| 1287 | Dick v. Am. Motors Sales Corp., 14 Ohio App. 3d 322, 323 (1984) | 2 | Trial court has authority to enforce compliance with its orders and to control its process, and where bad faith on part of prosecution intervenes, has the power to punish such abuse in appropriate case by applying penalty of dismissal. | A trial court has the authority to enforce compliance with its orders and to control its process, and where bad faith on the part of the prosecution intervenes, has the power to punish such abuse in the appropriate case, by applying a penalty of dismissal. | "Where bad faith on part of prosecution intervenes, does the court have the power to punish such abuse in an appropriate case by applying a penalty of dismissal?" |
| 1290 | Avery v. New Hampshire Dep't of Educ., 162 N.H. 604, 606 (2011) | 2 | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the [petitioners'] legal claim but, instead, raises certain defenses, the trial court must look beyond the [petitioners'] unsubstantiated allegations and determine, based on the facts, whether the [petitioners] ha[ve] sufficiently demonstrated [their] right to claim relief." | Does the motion to dismiss challenge the sufficiency of petitioners' legal claim or raise certain defenses? |
| 1292 | Mathews v. City of Atlanta, 167 Ga. App. 168, 169 (1983) | 3 | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve interest or justice. | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. | Is a dismissal with prejudice warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve an interest or justice? |

| 1293 | Frenzel v. Browning-Ferris Industries, 780 S.W.2d 844, 845 (Tex. App. 1989) | 2 | In determining whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including length of time case was on file, amount of activity in the case, request for trial setting and existence of reasonable excuses for delay. | In determining whether to dismiss a cause for want of prosecution, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. | "Will a court consider whether a trial setting was requested, in determining whether to dismiss an action for want of prosecution?" |
| 1294 | Wood v. Guilford Cnty., 558 S.E.2d 490, 494, 355 N.C. 161, 166 (N.C.,2002) | 7 | Dismissal based on failure to state a claim is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), G.S. S 8C-1. | Dismissal under Rule 12(b) (6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. | "When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, is dismissal proper?" |
| 1297 | Hall v. Metro. Dade Cty., 760 So. 2d 1051, 1052 (Fla. App. 2000) | 2 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." | Does the plaintiff have an opportunity to establish good cause why the action should not be dismissed if there has been no record activity in the inquiry on a motion to dismiss for lack of prosecution? |
| 1298 | McCall v. D.C. Hous. Auth., 126 A.3d 701, 704 (D.C. 2015) | 2 | To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must set forth sufficient facts to establish the elements of a legally cognizable claim, containing sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Civil Rule 12(b)(6). | "To survive a motion to dismiss, a complaint must set forth sufficient facts to establish the elements of a legally cognizable claim," Woods v. District of Columbia, 63 A.3d 551, 552-53 (D.C.2013), containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. | "To survive a motion to dismiss, should a complaint set forth sufficient facts to establish the elements of a legally cognizable claim?" |
| 1299 | Mitchell v. Pruden, 251 N.C. App. 554, 559 (2017) | 4 | A complaint is not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint; such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. N.C. R. Civ. P. 12(b)(6). | A complaint is not sufficient to withstand a motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint. Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. | Is a complaint not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint? |

| 1300 | Spencer v. Beck, 358 Mont. 295, 299 (Mont., 2010) | 9 | When a court is inclined to make a dispositive ruling on an issue not raised by the parties, the court must first afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely. | When a court is inclined to make such a dispositive ruling on an issue not raised by the parties, the court must first "afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely." | Should a court first afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely? |
|------|--------|---|--------|--------|--------|
| 1301 | Osagie v. Peakload Temp. Services, 91 S.W.3d 326, 329 (Tenn. Ct. App., 2002) | 4 | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Osagie's wage claim to be a dismissal for failure to prosecute under rule 41.02 of the Rules of Civil Procedure. This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. | Does the purpose of rules governing dismissal of a claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test? |
| 1303 | Kamhi v EmblemHealth, No. 5486/11, 944 N.Y.S.2d 821, 825, 37 Misc. 3d 171, 176, 2012 N.Y. Slip Op. 22073, 2012 WL 966939 (Sup Ct, Mar. 21, 2012) | 1 | Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action, the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | Where evidentiary material is adduced in support a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the court is required to determine whether the proponent of the pleading has a cause of action, not whether [he or] she has stated one" | "Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action, is the court required to determine whether the proponent of the pleading has a cause of action?" |
| 1304 | Wright v. Texas Dept. of Criminal Justice-Institutional Div., 137 S.W.3d 693, 696 (Tex.App. Houston [1 Dist.],2004) | 7 | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. | Can a court dismiss for want of prosecution when the case is not disposed of within the time standards of the Supreme Court? |
| 1305 | Annett v. Am. Honda Motor Co., 548 N.W.2d 798, 803 (S.D. 1996) | 6 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. SDCL 15-11-11. | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted? |

| 1311 | Annett v. Am. Honda Motor Co., 548 N.W.2d 798, 803 (S.D. 1996) | 6 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. SDCL 15-11-11. | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | "Should dismissal of cause of action for failure to prosecute be granted when, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude?" |
|------|------|------|------|------|------|
| 1312 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Can court enter judgment non pros where delay has caused prejudice to adverse party? |
| 1313 | Togo's Eatery of Florida v. Frohlich, 526 So. 2d 999, 1002 (Fla.App. 1 Dist., 1988) | 5 | Good cause which will avoid dismissal for failure to prosecute must include contact with opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines. West's F.S.A. RCP Rule 1.420(e). | The good cause which will avoid dismissal for failure to prosecute must include contact with the opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines. | "Should good cause which will avoid dismissal for failure to prosecute, include contact with opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines?" |
| 1314 | Brown v. Plainfield Cmty. Consol. Dist. 202, 522 F. Supp. 2d 1068, 1072 (N.D. Ill. 2007) | 4 | To survive motion to dismiss for failure to state a claim, plaintiff must plead enough to nudge their claims across the line from conceivable to plausible; pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | To survive a motion to dismiss, a plaintiff must plead enough to "nudge[ ] their claims across the line from conceivable to plausible" Bell Atlantic, 127 S.Ct. at 1974. "The pleading must contain something more [than] a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." | Should a pleading contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right? |
| 1315 | Accredited Aides Plus v Program Risk Management, No. 522231, 46 N.Y.S.3d 246, 253, 2017 N.Y. Slip Op. 00058, 2017 WL 52812 (N.Y.A.D. 3 Dept., Jan. 05, 2017) | 2 | At the dismissal stage of litigation, a court is obligated to afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | Noting our obligation at this stage of the litigation to "afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the [nonmoving party] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" | "At the dismissal stage of litigation, is a court obligated to afford the complaint a liberal construction?" |

| 1317 | Born to Build LLC v Saleh, No. 002345-11, 950 N.Y.S.2d 236, 240, 36 Misc. 3d 590, 596, 2012 N.Y. Slip Op. 22154, 2012 WL 2086843 (Sup Ct, June 07, 2012) | 3 | In determining whether a cause of action exists, the pleading must be afforded a liberal construction: the facts alleged are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts alleged fit within any cognizable legal theory. | It is axiomatic that in determining whether a cause of action exists, the pleading must be afforded a liberal construction: the facts alleged are accepted as true, the plaintiff is accorded the benefit of every favorable inference and the court determines whether the facts alleged fit within any cognizable legal theory | "In determining whether a cause of action exists, should the pleading be afforded a liberal construction?" |
|---|---|---|---|---|---|
| 1318 | Dibrill v. Normandy Assocs., 383 S.W.3d 77, 83 (Mo. 2012) | 2 | When considering whether a petition fails to state a claim upon which relief can be granted, courts review the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. V.A.M.R. 55.27(a)(6). | When considering whether a petition fails to state a claim upon which relief can be granted, we review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." | "In determining whether a petition states a claim upon which relief can be granted, does a court consider only the well pleaded facts of the petition and gives the pleading its broadest intendment?" |
| 1319 | Godby v. Whitehead, 837 N.E.2d 146, 149 (Ind. App. 2005) | 3 | The trial court's grant of a motion to dismiss for failure to state a claim is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances, and in determining whether any facts will support the claim, the appellate court look only to the complaint and may not resort to any other evidence in the record. Trial Procedure Rule 12(B)(6). | The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. | "On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, can a court only look to the complaint?" |
| 1320 | Bejda v. SGL Indus., 82 Ill. 2d 322, 329 (1980) | 2 | Plaintiff's failure to take any action as ordered by court evidences want of prosecution by that party, and trial court may dismiss suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute. | A plaintiff's failure to take any action as ordered by the court evidences want of prosecution by that party (Leonard v. Garland (1911), 252 Ill. 300, 303, 96 N.E. 819), and as the court said in Epley v. Epley (1928), 328 Ill. 582, 585, 160 N.E. 113, 114; "The trial court may dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute." | Can a court dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented? |

| 1324 | Wilkerson v. Howell Contrs., Inc., 836 N.E.2d 29, 32, 163 Ohio App.3d 38, 42–43, 2005 -Ohio-4418, ¶ 9 (Ohio App. 1 Dist., 2005) | 2 | In determining, on a motion to dismiss for lack of subject-matter jurisdiction, whether the plaintiff has alleged any cause of action that the trial court has authority to decide, the trial court is not confined to the allegations of the complaint, and may consider material pertinent to that inquiry without converting the motion into one for summary judgment. Rules Civ.Proc., Rule 12(B)(1). | When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the court has authority to decide. In so determining, the trial court is not confined to the allegations of the complaint, but may consider material pertinent to that inquiry without converting the motion into one for summary judgment. | Are neither trial courts nor appellate courts confined to the allegations in the complaint for the purposes of subject-matter jurisdiction? |
| 1325 | Cogswell v. Am. Transit Ins. Co., 282 Conn. 505, 516 (2007) | 8 | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "The motion to dismiss … admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone…. Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue…." | "Does the motion to dismiss admit all facts that are well pleaded, invokes the existing record?" |
| 1331 | Crepin v Fogarty, No. 505456, 874 N.Y.S.2d 278, 280, 2009 N.Y. Slip Op. 01272, 2009 WL 396177 (N.Y.A.D. 3 Dept., Feb. 19, 2009) | 2 | While factual affidavits submitted by a plaintiff may be considered to remedy defects in the complaint, affidavits submitted by a defendant do not constitute documentary evidence upon which a proponent of dismissal can rely. McKinney's CPLR 3211(a)(1). | While factual affidavits submitted by a plaintiff may be considered to remedy defects in the complaint (see Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994] ),affidavits submitted by a defendant do not constitute documentary evidence upon which a proponent of dismissal can rely | "While factual affidavits submitted by a plaintiff can be considered to remedy defects in the complaint, do affidavits submitted by a defendant not constitute documentary evidence upon which a proponent of a dismissal can rely?" |
| 1332 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Is entry of non pros proper if party to proceeding has shown want of due diligence by failing to proceed with reasonable promptness? |
| 1334 | Wilcox v. Webster Ins., Inc., 982 A.2d 1053, 1058, 294 Conn. 206, 209 (Conn., 2009) | 2 | When a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. | When, as in the present case, a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." | "When a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" |

| 1336 | Laspina-Williams v. Laspina-Williams, 46 Conn. Supp. 165, 168 (Super. Ct. 1999) | 4 | Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. | Where, however ... the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." | "Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" |
| 1337 | Nielsen-Massey Vanillas v. City of Waukegan, 276 Ill. App. 3d 146, 155 (Ill.App. 2 Dist., 1995) | 11 | When defendant submits affidavit in support of motion to dismiss which controverts well-pleaded fact in complaint and plaintiff fails to file counter affidavits, facts set forth in affidavit are accepted as true despite any contrary assertions in complaint. | When a defendant submits an affidavit in support of a motion to dismiss which controverts a well-pleaded fact in the complaint and the plaintiff fails to file a counteraffidavit, the facts set forth in the affidavit are accepted as true despite any contrary assertions in the plaintiff's complaint. | "When a defendant submits an affidavit in support of a motion to dismiss, are facts set forth in the affidavit accepted as true despite any contrary assertions in complaint?" |
| 1338 | Scovill Fasteners, Inc. v. Sure-Snap Corp., 207 Ga. App. 539, 539, 428 S.E.2d 435, 436 (1993) | 4 | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also Behar v. Aero Med Intl., 185 Ga.App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846 [, 366 SE2d 223]. | "When an outcome of a motion to dismiss for lack of jurisdiction depends upon unstipulated facts, should a motion be accompanied by a supporting affidavit or citations to evidentiary material in record?" |
| 1339 | MAG-T v. Travis Cent. Appraisal Dist., 161 S.W.3d 617, 624 (Tex. App. 2005) | 10 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. V.T.C.A., Government Code S 2001.171. | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. | "In cases where an agency has exclusive jurisdiction, should a trial court dismiss claims without prejudice until the party has exhausted all administrative remedies?" |

| 1341 | Indus. Commc'ns v. Ward Cty. Appraisal Dist., 296 S.W.3d 707, 715 (Tex. App. 2009) | 5 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject-matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must generally dismiss such claims without prejudice. V.T.C.A., Government Code S 2001.171. | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject- matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must generally dismiss such claims without prejudice. | "If an agency has exclusive jurisdiction, should a party exhaust all administrative remedies before seeking judicial review of the agency's action?" |
| 1342 | Esslinger v. Sun Ref. & Mktg. Co., 379 Pa. Super. 69, 73 (1988) | 1 | There are three requirements that must be satisfied in order to open judgment of non pros: petition to open must be promptly filed, reasonable explanation or excuse must be offered for petitioner's defective conduct, and facts constituting grounds for petitioner's underlying cause of action must be alleged. | The three requirements that must be satisfied in order to open a judgment of non pros are firmly established: (1) the petition to open must be promptly filed; (2) a reasonable explanation or excuse must be offered for the petitioner's defective conduct; and (3) facts constituting grounds for the petitioner's underlying cause of action must be alleged. | Are there three requirements that must be satisfied in order to open a judgment of non pros? |
| 1345 | Brent v. Bd. of Trustees of Davis & Elkins Coll., 173 W. Va. 36, 39-40 (1983) | 1 | In order to reinstate cause of action which has been dismissed for failure to prosecute, plaintiff must move for reinstatement within three terms of entry of dismissal order and make showing of good cause which adequately excuses his neglect in prosecution of case. Rules Civ.Proc., Rule 41(b). | Thus, under Rule 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately *40 excuses his neglect in prosecution of the case. | "In order to reinstate a cause of action which has been dismissed for failure to prosecute, should the plaintiff move for reinstatement within three terms of entry of the dismissal order?" |
| 1348 | Sims-Hearn v. Office of Med. Exam'r, Cty. of Cook, 359 Ill. App. 3d 439, 443 (2005) | 2 | Trial court may dismiss a complaint for failure to state a cause of action with no opportunity to replead if it is clearly apparent that no set of facts can be proven which will entitle plaintiff to recovery. | A trial court may dismiss a complaint for failure to state a cause of action with no opportunity to replead if it is clearly apparent that no set of facts can be proven which will entitle plaintiff to recovery. | Should a complaint be dismissed for failure to state a cause of action with no opportunity to replead only if it is clearly apparent that no set of facts can be proven that would entitle a plaintiff to recovery? |
| 1349 | Azimi v. Johns, 254 P.3d 1054, 1067 (Alaska 2011) | 22 | Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Rules Civ.Proc., Rules 37, 41(b). | In addition, we have long held that before a litigation- ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. | "Should a court give the litigant notice and an adequate opportunity to cure the defects in his pleadings, before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute?" |

| 1352 | Hernandez-Zuniga v. Tickle, 374 S.C. 235, 243 (2007) | 6 | In determining jurisdictional questions, it must be kept in mind that the basic purpose of the workers' compensation law is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion; however, a construction should not be adopted that does violence to the specific provisions of the workers' compensation law. | In determining such jurisdictional questions, it must be kept in mind that the basic purpose of the Workmen's Compensation Act is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion. However, a construction should not be adopted that does violence to the specific provisions of the Act. | "With the basic purpose of the Workmens Compensation Act being the inclusion of employers and employees, not their exclusion, should a construction be adopted that does violence to the Act?" |
| 1354 | Leggs v. State, 966 N.E.2d 204, 208–09 (Ind. Ct. App. 2012) | 6 | A defendant is subjected to double jeopardy where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class, thus the two cannot stand together and one must be reduced in class. U.S.C.A. Const.Amend. 5. | A defendant is subjected to double jeopardy "where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class, [thus] the two cannot stand together and one must be reduced *209 in class." | Is a defendant subjected to double jeopardy where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class? |
| 1355 | State v. Jandreau, 157 A.3d 239, 242 (Me., 2017) | 1 | Absent defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the federal and state constitutions preclude state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. U.S. Const. Amend. 5; Me. Const. art. 1, S 8. | Absent the defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the United States and Maine Constitutions preclude the State from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. | "Absent defendant's consent to or the manifest necessity for a mistrial, does the Double Jeopardy Clauses of the federal and state constitutions preclude a state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial?" |
| 1361 | Smith v. McKee, 145 S.W.3d 299, 302 (Tex. App. 2004) | 2 | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. | Does the common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence? |
| 1362 | In re Marriage of Buster, 115 S.W.3d 141, 143-44 (Tex. App. 2003) | 1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court has the inherent power to dismiss a case for want of prosecution, but express authority to do so is also given by Rule 165a in cases where a *144 party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. TEX.R. CIV. P. 165a; | Do courts have inherent and express authority to dismiss cases for want of prosecution? |

| 1364 | United States v. Bauman, 887 F.2d 546, 549 (C.A.5 (Tex.), 1989) | 1 | Double jeopardy clause protects defendant's valued right to have trial completed by particular tribunal, and also bars abusive government conduct designed to harass defendant through repetitive prosecution or undertaken for purpose of increasing likelihood of conviction. U.S.C.A. Const.Amend. 5. | The double jeopardy clause protects a defendant's "valued right to have his trial completed by a particular tribunal." Crist v. Bretz, 437 U.S. 28, 36, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978). It also bars abusive governmental conduct designed to harass a defendant through repetitive prosecution or undertaken for the purpose of increasing the likelihood of conviction. | Does the double jeopardy clause bars abusive governmental conduct designed to harass a defendant through repetitive prosecution? |
| --- | --- | --- | --- | --- | --- |
| 1365 | State v. Burris, 40 S.W.3d 520, 524 (Tenn.Crim.App., 2000) | 9 | Policy underlying double jeopardy is that the state, with all its resources, should not be able to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5. | The policy underlying double jeopardy is that the State, with all its resources, should not be able "to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." | What are the three fundamental protections encompassed in the principle of double jeopardy? |
| 1366 | Huminski v. Lavoie, 173 Vt. 517, 519 (2001) | 2 | Although a claim may be entirely spurious on its face, the court cannot know, without hearing the parties, whether the plaintiff may be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief. Rules Civ.Proc., Rule 12(b)(6). | As we explained in Hall, although a claim may be entirely spurious on its face, the court cannot know, without hearing the parties, whether the plaintiff may be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief. | "Can the court know, without hearing the parties, whether the plaintiff may be able to amend the complaint sufficiently to state a claim entitling the plaintiff to relief?" |
| 1369 | Great Am. Ins. Companies v. Gordon Trucking, 165 Cal. App. 4th 445, 451 (2008) | 6 | "Equitable subrogation" permits a party who has been required to satisfy a loss created by a third party's wrongful act to "step into the shoes" of the loser and pursue recovery from the responsible wrongdoer. | "Equitable subrogation permits a party who has been required to satisfy a loss created by a third party's wrongful act to "step into the shoes" of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? |

| 1372 | Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687, 689 (N.D. Tex. 2012) | 7 | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by agreement or contract that grants right to pursue reimbursement from third party in exchange for payment of loss, and "equitable subrogation," i.e., "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable, and which in equity should have been paid by the latter. | The Texas Supreme Court later clarified that there are two types of subrogation. Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex.2007). Contractual (or conventional) subrogation is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss, while equitable (or legal) subrogation does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | What is the difference between legal and conventional subrogation? |
| 1373 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 15 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission? |
| 1374 | Matter of Safriet, 112 N.C. App. 747, 751 (1993) | 2 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | Before ruling on a motion for a continuance, the judge should hear the evidence, pro and con, consider it judicially, along with whether the moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice. | Should a judge find out whether moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice? |
| 1376 | Patton v. State of N.C., 381 F.2d 636, 643-44 (C.A.4 (N.C.), 1967) | 5 | "Double jeopardy", rather than being a single doctrine, is comprised of three separate though related rules prohibiting (1) reprosecution for same offense following acquittal, (2) reprosecution for same offense following conviction, and (3) multiple punishment for same offense. U.S.C.A.Const. Amend. 5. | Double jeopardy, rather than being a single doctrine, is actually comprised of three separate though related rules, 21 prohibiting (1) reprosecution for the same offense following acquittal, 22 *644 (2) reprosecution for the same offense following conviction, 23 and (3) multiple punishment for the same offense. | "Rather than being a single doctrine, is double jeopardy comprised of three separate though related rules prohibiting reprosecution for a same offense following acquittal?" |

| 1377 | Mahler v. Szucs, 135 Wash. 2d 398, 411 (Wash. 1998) | 1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Does the doctrine of subrogation seek to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it?" |
| 1378 | Bernot v. Primus Corp., 663 N.E.2d 464, 466 (Ill. App. 1996) | 5 | Doctrine of "subrogation" is method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the debt or claim so paid; it is alternatively defined as a doctrine under which a person who, pursuant to a legal liability, has paid for the loss or injury resulting from the negligence or wrongful act of another will be subrogated to the rights of the injured person against such wrongdoer. | Our supreme court has recently defined the doctrine of subrogation as "a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid." Dix Mutual Insurance, 149 Ill.2d at 319, 173 Ill.Dec. 648, 597 N.E.2d 622. Earlier, the supreme court had defined the doctrine as one under which "a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer." | Does subrogation allow one who involuntarily paid a debt or claim of another to succeed to the rights of the other with respect to the claim or debt so paid? |
| 1379 | Coronel v. AK Victory, 1 F.Supp.3d 1175, 1181 (Wash. 2014) | 9 | Federal courts' admiralty jurisdiction is exclusive only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. 28 U.S.C.A. S 1333. | As a result, federal courts' admiralty jurisdiction "is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. | Is a Federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? |
| 1381 | In re Tillman, 565 B.R. 586, 597 (E.D.N.C. 2016) | 8 | North Carolina has three requirements that must be met in order for a manufactured home to be considered real property: (1) it is a residential structure, (2) it has the moving hitch, wheels, and axles removed, and (3) it is placed upon a permanent foundation either on land owned by the owner of the manufactured home or on land in which the owner of the manufactured home has a leasehold interest. N.C. Gen. Stat. Ann. S 105-273(13)(d). | North Carolina has three requirements that must be met in order for a manufactured home to be considered real property: (1) It is a residential structure; (2) It has the moving hitch, wheels, and axles removed; and (3) It is placed upon a permanent foundation either on land owned by the owner of the manufactured home or on land in which the owner of the manufactured home has a leasehold interest .... N.C. Gen. Stat.  105-273(13)(d) (2016). | Can a manufactured home be considered as real property? |

| 1382 | In re Felker, 211 B.R. 165, 168 (M.D. Pa. 1997) | 2 | Holder of life estate, that is, life tenant, is entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life. | Under the common law, "[t]he holder of a life estate, i.e., a life tenant, is entitled to both the possession and the use of the property to the exclusion of the remainderman." "This would include the right of the life tenant to the rents, issues, and profits generated by the parcel during the tenant's life. | "Is a holder of life estate entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life?" |
| 1384 | Office of Comptroller of Currency v. Spitzer, 396 F. Supp. 2d 383, 389 (S.D.N.Y., 2005) | 1 | National banks are instrumentalities of the federal government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States; they remain subject to state laws, but only insofar as those laws do not prevent or significantly interfere with the national bank's exercise of its powers. 12 U.S.C.A. SS 21 et seq., 484(a); 12 C.F.R. S 7.4000. | "National banks are instrumentalities of the Federal government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States." Davis v. Elmira Sav. Bank, 161 U.S. 275, 283, 16 S.Ct. 502, 40 L.Ed. 700 (1896). They remain subject to state laws, but only insofar as those laws do not "prevent or significantly interfere with the national bank's exercise of its powers." | "Can banks be considered as instrumentalities of the federal government, created for a public purpose, and subject to the paramount authority of the United States?" |
| 1385 | Deerfield Park Dist. v. Progress Dev. Corp., 26 Ill. 2d 296, 298-99 (1962) | 1 | Every private owner of property holds title subject to lawful exercise of sovereign power of eminent domain, and courts may not substitute their judgment for that of condemning authorities in inquiring into necessity and propriety of exercise of that power. | As we stated in the prior opinion, it is conceded, as it must be, that every private *299 owner of property holds his title subject to the lawful exercise of the sovereign power of eminent domain, and the courts may not substitute their judgment for that of the condemning authorities in inquiring into the necessity and propriety of the exercise of the power. | Does a private owner of property holds title subject to the lawful exercise of the sovereign power of eminent domain? |
| 1387 | Ex parte Eng'g Design Grp., 200 So. 3d 634, 640 (Ala. 2016) | 9 | In determining whether a county has a strong connection to a case for the purpose of deciding venue, the fact that a defendant's allegedly wrongful conduct occurred there carries considerably more weight than the fact that a plaintiff's injury was felt elsewhere. Code 1975, SS 6-3-2, 6-3-7. | Thus, it stands to reason that, in determining whether a county has a strong connection to a case, the fact that a defendant's allegedly wrongful conduct occurred there carries considerably more weight than the fact that a plaintiff's injury was felt elsewhere. I | "In determining whether a county has a strong connection to a case, does a county where a defendants wrongful conduct occurred carry more weight than a county where the plaintiffs injury was felt?" |
| 1388 | Maumee v. Pub. Util. Comm., 101 Ohio St. 3d 54, 56 (2004) | 3 | A "public utility" is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | A public utility is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | Does a public utility provide essential goods and services to the general public that has the legal right to demand or receive such goods? |

| 1389 | Wyatt v. U.S., 271 F.3d 1090, 1098 (C.A.Fed.,2001) | 9 | The mere requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property in any sense, since the very existence of a permit system implies that permission may be granted; moreover, mere fluctuations in value during the process of governmental decisionmaking, absent extraordinary delay, are incidents of ownership. U.S.C.A. Const.Amend. 5. | The mere requirement that "a person obtain a permit before engaging in a certain use of his or her property does not itself 'take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted." United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 126–27, 106 S.Ct. 455, 88 L.Ed.2d 419 (1985). Moreover, mere "fluctuations in value during the process of governmental decisionmaking, absent extraordinary delay, are incidents of ownership." | Are fluctuations in value during the process of governmental decision-making incidents of ownership? |
| 1392 | Offutt v. Kaplan, 884 F. Supp. 1179, 1184 (N.D.Ill., 1995) | 2 | Statute addressing federal treason and sedition laws is applicable to act of obtaining or furnishing guarded information pertaining to national defense of United States government for use to advantage of any foreign nation. 18 U.S.C.A. S 794(a). | Section 794(a) is applicable to the act of obtaining or furnishing guarded information pertaining to the national defense of the United States government for use to the advantage of any foreign nation. | Is the act of obtaining or furnishing guarded information pertaining to the national defense of the United States government for use to the advantage of any foreign nation treason under federal treason and sedition laws? |
| 1395 | Hill v. Cross Country Settlements, 402 Md. 281, 288 (2007) | 44 | Subrogation is also a remedy invoked by courts to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice. | "Subrogation, like lien, trust, and contract, may arise by agreement of the parties. But subrogation is also a remedy invoked by courts ... to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice." | "Is subrogation also a remedy invoked by courts to prevent unjust enrichment, and for this purpose is it appropriate that in any case where restitution is warranted the remedy can be given without working injustice?" |
| 1397 | Murray v. Cadle Co., 257 S.W.3d 291, 299 (Tex. App. 2008) | 12 | "Equitable subrogation" is a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | Equitable subrogation "is a legal fiction" whereby "an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | Is equitable subrogation a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable? |
| 1398 | Fremont Comp. Ins. Co. v. Sierra Pine, Ltd., 121 Cal. App. 4th 389, 398 (2004) | 6 | "Equitable subrogation" is a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer. | As we have explained before, "Equitable subrogation is a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer." | Is equitable subrogation a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer? |

| 1399 | Illinois Clean Energy Cmty. Found. v. Filan, 392 F.3d 934, 936 (7th Cir. 2004) | 1 | A state can, whether by statutory amendment or otherwise, regulate private entities extensively before it goes so far as to be deemed to have made a "regulatory taking," that is, a taking that does not transfer title to property from the owner to the state but achieves the same end by unreasonably restricting the use of the property, causing its value to plummet, perhaps to zero; however, the state cannot lawfully enlarge its regulatory power by deciding to take someone's property by the device of amending an existing statute rather than enacting a new one. U.S.C.A. Const.Amend. 5. | Of course a state can amend its statutes; and it can also, whether by amendment or otherwise, regulate private entities extensively before it goes so far as to be deemed to have made a regulatory taking, that is, a taking that, unlike the one here, does not transfer title to property from the owner to the state but achieves the same end by unreasonably restricting the use of the property, causing its value to plummet, perhaps to zero. See Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992); Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); Raceway Park, Inc. v. Ohio, 356 F.3d 677, 684–87 (6th Cir.2004); cf. Pittman v. Chicago Board of Education, 64 F.3d 1098, 1104–05 (7th Cir.1995). But obviously the state cannot lawfully enlarge its regulatory power by deciding to take someone's property by the device of amending an existing statute rather than enacting a new one | Can the state lawfully enlarge its regulatory power by deciding to take someone's property by the device of amending an existing statute rather than enacting a new one? |
| 1400 | In re L.W., 362 Ill. App. 3d 1106, 1118 (2005) | 10 | Evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion. | Generally, evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion. | "Are evidentiary motions, such as motions in limine, addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion?" |
| 1402 | Stewart v. Lanier Park Med. Off. Bldg., Ltd., 259 Ga. App. 898, 900, 578 S.E.2d 572, 575 (2003) | 7 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and the appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court that an appellate court will not disturb absent evidence of its abuse?" |
| 1403 | Mgmt. Computer Servs. v. Hawkins, Ash, Baptie & Co.,196 Wis. 2d 578, 594 (Ct. App. 1995) | 5 | Trial court's pretrial decision that contract was ambiguous did not prevent it from later deciding whether, as matter of law, contract was sufficiently definite to be enforced, insofar as it covered party's contractual obligations that jury found had been violated. | The court's pretrial decision that the contract was ambiguous did not prevent it from later deciding whether, as a matter of law, the contract is sufficiently definite to be enforced, insofar as it covers the party's contractual obligations that the jury found HABCO had violated. | Will a court's pretrial decision that a contract was ambiguous prevent it from later deciding whether the contract was sufficiently definite to be enforced? |

| | | | | | |
|---|---|---|---|---|---|
| 1404 | In re Harber, 553 B.R. 522, 528 (W.D. Pa. 2016) | 9 | Under Pennsylvania law, cause of action accrues on date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Under Pennsylvania law, "a cause of action accrues only when one has the right to institute a suit." 19  As explained by the Pennsylvania Supreme Court, a claim accrues on the date "the plaintiff could have first maintained the action to a successful conclusion" by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Does cause of action or a claim could have first maintained the action to a successful conclusion by holding an enforceable claim? |
| 1405 | Dubendorf v New York State Educ. Dept., 412 N.Y.S.2d 260, 269–70, 1978 WL 391758 (Sup Ct, Dec. 14, 1978) | 15 | A claimant's cause of action does not accrue until claimant possesses the legal right to be paid and to enforce its right to payment in court and, therefore, where the state's obligation to pay is contractually or statutorily conditioned on an audit, no suit can be brought by a claimant until the official charged with making the audit has done so and has formally rejected all or part of the claim. Const. art. 5, S 1. | (A) claimant's cause of action does not accrue until it possesses the legal right to be paid and to enforce its right to payment in court. It follows that where, by contract **270 or by statute, the State's obligation to pay is conditioned upon an audit, no suit can be brought by a claimant until the official charged with making the audit has done so and has formally rejected all or some part of the claim." | Does a claimant's cause of action accrue before the claimant possesses the legal right to be paid? |
| 1406 | United States v. Ciavarella, 716 F.3d 705, 729 (C.A.3 (Pa.), 2013) | 30 | Bribery-and-kickback theory of honest services fraud requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 1346. | The bribery-and-kickback theory of honest services fraud requires "a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act." | Does an honest services fraud by bribery require a quid pro quo or specific intent to give or receive something of value in exchange for an official act? |
| 1407 | Petition of Borough of Boyertown, 77 Pa. Cmwlth. 357, 369 (1983) | 1 | Neither physical appropriation nor formal divestiture of an owner's title are required to create right to eminent domain damages, and when entity clothed with power of eminent domain has, by even nonappropriative act or activity, substantially deprived owner of beneficial use and enjoyment of his property, taking will be deemed to have occurred. 26 P.S. S 1-502(e). | Yet, neither physical appropriation nor a formal divestiture of an owner's title are required to create a right to eminent domain damages.  It is now well settled that when an entity clothed with the power of eminent domain has, by even a non-appropriative act or activity, substantially deprived an owner of the beneficial use and enjoyment of his property, a taking will be deemed to have occurred. | "What kind of taking occurs when an entity clothed with the power of eminent domain by even a non-appropriative act or activity, deprives an owner of the beneficial use and enjoyment of his property?" |
| 1408 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 1 | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | The act of state doctrine is a judicially-created rule of decision that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | How does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? |

| | | | | | |
|---|---|---|---|---|---|
| 1411 | Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 614 (S.D.N.Y., 2012) | 17 | Under the act of state doctrine, the courts of one state will not question the validity of public acts, acts jure imperii, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts. | Under the act of state doctrine, "the courts of one state will not question the validity of public acts (acts jure imperii ) performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts." | "Under the act of state doctrine, will the courts of one state question the validity of public acts, acts jure imperii,) performed by other sovereigns within their own borders?" |
| 1412 | Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083, 1088 (C.A.9 (Nev.), 2009) | 12 | Act of state doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. | The doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" |
| 1413 | Doe I v. Unocal Corp., 395 F.3d 932, 958 (9th Cir. 2002) | 15 | The act of state doctrine is a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The act of state doctrine is a non-jurisdictional, prudential doctrine based on the notion that "the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | "Is the act of state doctrine a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" |
| 1414 | U.S. v. Louisiana, 105 S.Ct. 1074, 1084, 470 U.S. 93, 110 (U.S.,1985) | 7 | When foreign governments know or have reason to know of the effective and continual exercise of sovereignty over maritime area, inaction or toleration on the part of the foreign governments is sufficient to permit an historic title to arise. | There is substantial agreement that when foreign governments do know or have reason to know of the effective and continual exercise of sovereignty over a maritime area, inaction or toleration on the part of the foreign governments is sufficient to permit a historic title to arise. | "Is an inaction or toleration on the part of the foreign governments, with knowledge of the effective and continual exercise of sovereignty over a maritime, area sufficient to permit an historic title to arise?" |
| 1416 | U.S. v. State of Alaska, 352 F.Supp. 815, 819 (D.C.Alaska, 1972) | 3 | Authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters is sovereignty, but it is not necessary that a nation exercise all rights and duties which are included in the concept of sovereignty. | The authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters is sovereignty. Id. 85. It is not necessary that a nation exercise all rights and duties which are included in the concept of sovereignty. | Is sovereignty the authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters and is it necessary that a nation exercises all rights and duties which are included in the concept of sovereignty? |
| 1417 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 1 | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | The act of state doctrine is a judicially-created rule of decision that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | Does the act of state doctrine preclude courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power commits within its own territory? |

| 1419 | T&T Dev. Co. v. S. Nat. Bank of S.C., 125 N.C. App. 600, 602 (1997) | 1 | Rulings on motions in limine are merely preliminary and subject to change during course of trial, depending upon actual evidence offered at trial, and thus objection to order granting or denying motion is insufficient to preserve for appeal the question of admissibility of evidence. | Rulings on these motions, however, are merely preliminary and subject to change **349 during the course of trial, depending upon the actual evidence offered at trial and thus an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of evidence." | Is a trial court's ruling on a motion in limine preliminary and is subject to change depending on the actual evidence offered at trial? |
| 1420 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. App. 2008) | 4 | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | A motion in limine provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Is a ""motion in limine"" a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy?" |
| 1422 | Quad City Bank & Trust v. Jim Kircher & Associates, P.C., 804 N.W.2d 83, 89 (Iowa, 2011) | 2 | A motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that the trial court may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | Thus, a motion in limine "serves the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of the trial" and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | What useful purpose does a motion in limine serve? |
| 1423 | Inland Empire Rural Electrification v. Dep't of Pub. Serv. of Washington, 199 Wash. 527, 537 (1939) | 3 | A corporation becomes "public service corporation," subject to regulation by state public service department, only when and to extent that its business is dedicated or devoted to public use, and test to be applied is whether corporation holds itself out, expressly or impliedly, to supply its service or product for use by public or portion thereof which can be served by utility or merely offers to serve particular individuals of its own selection. Rem.Rev.Stat. SS 10339-10459 | A corporation becomes a public service corporation, subject to regulation by the department of public service, only when, and to the extent that, its business is dedicated or devoted to a public use. The **263 test to be applied is whether or not the corporation holds itself out, expressly or impliedly, to supply its service or product for use either by the public as a class or by that portion of it that can be served by the utility, or whether, on the contrary, it merely offers to serve only particular individuals of its own selection. | Does a corporation become a public service corporation only when it becomes devoted to public use? |

| 1425 | Collateral Inv. Co. v. Pilgrim, 421 So. 2d 1274, 1276 (Ala. App. 1982) | 1 | Elements of equitable subrogation are that money is advanced at instance of debtor in order to extinguish prior incumbrance, that money is used for such purpose with just expectation on part of lender for obtaining security of equal dignity with prior incumbrance, that whole debt must be paid before subrogation can be enforced, that lender must be ignorant of intervening lien and that intervening lienor must not be burdened or embarrassed. | The elements of equitable subrogation are as follows: (1) the money is advanced at the instance of the debtor in order to extinguish a prior incumbrance; (2) the money is used for that purpose with the just expectation on the part of the lender for obtaining security of equal dignity with the prior incumbrance; (3) the whole debt must be paid before subrogation can be enforced; (4) the lender must be ignorant of the intervening lien; and (5) the intervening lienor must not be burdened or embarrassed. | What requirements must be met for equitable subrogation to apply? |
| 1428 | Roe v. Unocal Corp., 70 F. Supp. 2d 1073, 1076 (C.D.Cal., 1999) | 9 | If court determines that military officer acted on behalf of recognized government and if lawsuit turns on challenge to officer's order, then act of state doctrine bars adjudication of matter. | Thus, these cases establish that if a court determines the military officer acted on behalf of a recognized government and if the lawsuit turns on a challenge to the officer's order, then the act of state doctrine bars adjudication of the matter. | "If a court determines that military officer acted on behalf of recognized government and if the lawsuit turns on a challenge to officer's order, then does an act of state doctrine bar adjudication of the matter?" |
| 1429 | Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1046 (C.A.9 (Cal.), 1983) | 16 | Act of state doctrine and political question doctrine require courts to defer to executive or legislative branches of government when those branches are better equipped to handle politically sensitive issue. | The act of state doctrine is essentially the foreign counterpart to the political question doctrine. Both doctrines require courts to defer to the executive or legislative branches of government when those branches are better equipped to handle a politically sensitive issue. | Does the act of state doctrine and political question doctrine require courts to defer to executive or legislative branches of government when those branches are better equipped to handle politically sensitive issue? |
| 1430 | Beck v Manufacturers Hanover Trust Co., No. 12896/83, 481 N.Y.S.2d 211, 215 (Sup Ct, Aug. 16, 1984) | 1 | Act of state doctrine precludes American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws, and conversely, since our law ordinarily does not recognize extraterritorial jurisdiction, a sovereign cannot affect the rights of noncitizens outside its borders. United Nations Charter, Art. 1 et seq., 59 Stat. 1031. | The Act of State doctrine precludes American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to the sovereign's own law.5 Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456; *775 Banco Nacional de Cuba v. Sabbatino 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804; French v. Banco Nacional de Cuba, 23 N.Y.2d 46, 295 N.Y.S.2d 433, 242 N.E.2d 704.Conversely, since our law ordinarily does not recognize extra-territorial jurisdiction, a sovereign cannot affect the rights of non-citizens outside its borders. | "Does the act of state doctrine preclude American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws?" |

| 1431 | Forbo-Giubiasco S. A. v. Congoleum Corp., 516 F. Supp. 1210, 1217 (S.D.N.Y. 1981) | 7 | "Act of state doctrine" precludes judicial determination of legality of acts of foreign states undertaken within their own territories which might embarrass executive department in its conduct of foreign affairs. | The Act of State doctrine precludes judicial determination of the legality of acts of foreign states undertaken within their own territories which might embarrass the executive department in its conduct of foreign affairs. | Does the act of state doctrine preclude judicial determination of the legality of acts of foreign states undertaken within their own territories which might embarrass the executive department in its conduct of foreign affairs? |
| --- | --- | --- | --- | --- | --- |
| 1432 | Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680, 689 (S.D.N.Y. 1979) | 7 | Act of state doctrine is not limited to cases challenging the legality of foreign government acts; if it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish that the decision was instigated by a private defendant, the act of state doctrine will apply. | However, the Second Circuit has not limited the act of state doctrine to cases challenging the legality of foreign governmental acts. Rather, it has held that if it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish that that decision was instigated by a private defendant, the act of state doctrine will apply. | "If it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish that the decision was instigated by a private defendant, will the act of state doctrine apply?" |
| 1434 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 15 | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from introducing prejudicial evidence in front of the jury without first asking the court's permission? |
| 1435 | Kelly v. New W. Fed. Sav., 56 Cal. Rptr. 2d 803, 810, 49 Cal. App. 4th 659, 672 (Cal.App. 2 Dist.,1996) | 6 | It is a misuse of a motion in limine to attempt to compel witness or party to conform their trial testimony to preconceived factual scenario based on testimony given during pretrial discovery. | It is a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to a preconceived factual scenario based on testimony given during pretrial discovery. | Is it a misuse of a motion in limine to attempt to compel witness or party to conform their trial testimony to a preconceived factual scenario based on testimony given during pretrial discovery? |
| 1437 | Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557, 572 (Ct. App. 2004) | 39 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | 57 A motion in limine filed in a civil case "is generally used as a substitute for evidentiary objections at trial" and "as a means to exclude evidence from trial for violations of the disclosure rules." | Is a motion in limine filed in a civil case generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules? |

| 1438 | State of Ohio ex rel. Star Supply, Div. of Star Indus. v. City of Greenfield, Ohio, 528 F. Supp. 955, 958-959 (S.D.Ohio, 1981) | 2 | Under Ohio law, a surety that is required to pay amounts owing to subcontractor, laborers or materialmen is thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged. | Under Ohio law, a surety that is required to pay amounts owing to subcontractors, laborers or materialmen is thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged. | "Is a surety that is required to pay amounts owed to the subcontractor, laborers or materialmen thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged?" |
| --- | --- | --- | --- | --- | --- |
| 1439 | United States v. Ganim, 510 F.3d 134, 149 (C.A.2 (Conn.), 2007) | 10 | Bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor. | Thus, bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the "favors and gifts flowing to a public official [are] in exchange for a pattern of official actions favorable to the donor. | "Can bribery of a public official be accomplished through an ongoing course of conduct, so long as the evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor?" |
| 1441 | Wiemerslage Through Wiemerslage v. Maine Twp. High Sch. Dist. 207, 824 F. Supp. 136, 139 (N.D. Ill. 1993) | 2 | Federal judicial intervention in day to day operations of public schools is highly undesirable and requires significant restraint; federal courts must not intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | Federal judicial intervention in the day to day operations of public schools is highly undesirable and requires significant restraint. Federal courts must not "intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." | "In the educational context, are federal courts the appropriate forum for resolving daily conflicts arising from the operation of school systems?" |
| 1442 | Driscoll v. Gen. Nutrition Corp., 34 F. Supp. 2d 789, 791-92 (Conn. 1999) | 2 | Connecticut Workers' Compensation Act (WCA) compromises an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. C.G.S.A. SS 31-275 to 31-355a. | Thus, the WCA "compromise[s] *792 an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." | Does the Workers Compensation Act (WCA) compromise an employees right to a common law tort action for work related injuries in return for relatively quick and certain compensation? |
| 1443 | Virginia Sunshine All. v. Nuclear Regulatory Comm'n, 509 F. Supp. 863, 864 (D.C.D.C., 1981) | 1 | A court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary. | a court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary | Is a court to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary? |
| 1444 | Bank of Marlinton v. McLaughlin, 123 W. Va. 608, 17 S.E.2d 213, 218 (1941) | 9 | A fraudulent grantee cannot equitably apply profits derived from the use of property obtained by fraud and have "subrogation" for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer. | A fraudulent grantee cannot equitably apply profits derived from the use of property obtained by fraud and have subrogation for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer. | Can a fraudulent grantee equitably apply profits derived from the use of property obtained by fraud and have subrogation for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer? |

| 1445 | Behr v. Hook, 173 Vt. 122, 127 (2001) | 6 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | The instant case concerns a standardized waiver-of- subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allows the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance." IRMA v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc., 295 Ill.App.3d 784, 229 Ill.Dec. 750,692 N.E.2d 739, 744 (1998). By shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid "the prospect of extended litigation which would interfere with construction. | Are waiver-of-subrogation clauses in construction contracts intended to allow the parties to a contract to exculpate each other from personal liability? |
| 1446 | Behr v. Hook, 173 Vt. 122, 127 (2001) | 6 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | The instant case concerns a standardized waiver-of- subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allows the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance." IRMA v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc., 295 Ill.App.3d 784, 229 Ill.Dec. 750,692 N.E.2d 739, 744 (1998). By shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid "the prospect of extended litigation which would interfere with construction." | Is a standardized waiver-of-subrogation clause in a construction contract allow the parties to exculpate each other from personal liability? |
| 1447 | Employers Res. Mgmt. Co. v. James, 62 F.3d 627, 634 (4th Cir. 1995) | 5 | Nothing in ERISA prevents Virginia from functionally requiring employer to maintain plan solely for purpose of complying with applicable worker's compensation laws. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; Va.Code 1950, SS 65.2-100 et seq., 65.2-801, subd. A, pars. 1, 3. | In short, nothing in ERISA prevents Virginia from functionally requiring an employer to maintain a plan "solely for the purpose of complying with applicable workmen's compensation laws." | Does The Employee Retirement Income Security Act (ERISA) prevent a state from functionally requiring an employer to maintain a plan solely for purposes of complying with the applicable workers compensation laws? |

| 1449 | Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 636 (C.A.4 (Md.), 2002) | 4 | If a party seeks to avoid arbitration or a stay of federal court proceedings pending the outcome of arbitration by challenging the validity or enforceability of an arbitration provision on any grounds that exist at law or in equity for the revocation of any contract, the grounds must relate specifically to the arbitration clause and not just to the contract as a whole. 9 U.S.C.A. S 2. | The law is well settled in this circuit that, if a party seeks to avoid arbitration and/or a stay of federal court proceedings pending the outcome of arbitration by challenging the validity or enforceability of an arbitration provision on any grounds that "exist at law or in equity for the revocation of any contract," 9 U.S.C.   2, the grounds "must relate specifically to the arbitration clause and not just to the contract as a whole." | Must the grounds for revocation relate specifically to the arbitration clause and not just to the contract as a whole? |
| 1451 | Illinois Commerce Comm'n v. F.E.R.C., 576 F.3d 470, 476 (7th Cir. 2009) | 3 | The Federal Energy Regulatory Commission (FERC) is not authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits, or benefits that are trivial in relation to the costs sought to be shifted to its members. | FERC is not authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits, or benefits that are trivial in relation to the costs sought to be shifted to its members. " | Is the Federal Energy Regulatory Commission (FERC) authorized to approve a pricing scheme that requires utilities to pay for facilities which the members do not derive benefits from? |
| 1453 | Referente v. City View Courtyard, 477 S.W.3d 882, 885 (Tex. App. 2015) | 1 | Whether a party nonsuited to avoid an unfavorable ruling is a question of fact, and that the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence. | We agree that whether a party nonsuited to avoid an unfavorable ruling is a question of fact, and that the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence. | Is the question whether a party nonsuited to avoid an unfavourable ruling a question of fact and can the trial court's finding on that issue be challenged on the ground that it is not supported by sufficient evidence? |
| 1454 | In re Nancy A., 344 Ill. App. 3d 540, 551 (2003) | 17 | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure. S.H.A. 735 ILCS 5/2-1009. | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the supreme court and section 2-1009 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1009 (West 2000); Winn, 308 Ill.App.3d at 1058, 242 Ill.Dec | Do plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure? |
| 1455 | In re Shinn, 195 Cal. App. 2d 683, 686, 16 Cal. Rptr. 165, 168 (Ct. App. 1961) | 1 | A primary purpose of the educational system is to train school children in good citizenship, patriotism, and loyalty to state and nation as means of protecting public welfare. West's Ann.Const. art. 9, SS 1, 5-7, 14. | A primary purpose of the educational system is to train school children in good citizenship, patriotism and loyalty to the state and the nation as a means of protecting the public welfare. | "Is training of school children in good citizenship, patriotism, and loyalty to state and nation as means of protecting public welfare a primary purpose of the educational system?" |
| 1456 | Louis R. Shapiro, Inc. v. Milspemes Corp., 20 A.D.2d 857, 857 (N.Y.S.2d Sup. Ct. 1964) | 1 | Ordinarily, plaintiff has right to discontinue pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby, and even then right may be exercised subject to terms imposed by courts. CPLR Rule 3217(a), par. 1. | Ordinarily, a plaintiff has a right to discontinue a pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby. Even then the right may be exercised but subject to terms imposed by the courts. | Does a plaintiff have the right to discontinue any action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? |

| 1457 | Peninsular Florida Dist. Council of Assemblies of God v. Pan Am. Inv. & Dev. Corp., 450 So. 2d 1231, 1232 (Fla.App. 4 Dist., 1984) | 1 | When fraud is asserted as claim or defense, facts and circumstances constituting fraud must be plead with specificity, and all essential elements of fraudulent conduct must be stated, i.e., that plaintiff relied to his detriment on false statements concerning material fact made with knowledge of its falsity and intent to induce reliance. West's F.S.A. RCP Rule 1.120(b). | When fraud is asserted as a claim or defense, the facts and circumstances constituting the fraud must be pled with specificity, Fla.R.Civ.P. 1.120(b), and all essential elements of fraudulent conduct must be stated, i.e., that plaintiff relied to his detriment on a false statement concerning a material fact made with knowledge of its falsity and an intent to induce reliance. | Should facts constituting fraud be plead with specificity? |
| 1458 | City of Palos Heights v. Vill. of Worth, 29 Ill. App. 3d 746, 749 (1975) | 3 | Upon proper notice of payment of costs, plaintiff has absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right. S.H.A. ch. 110, SS 52, 52(1). | Upon proper notice and payment of costs, a plaintiff has an absolute right to dismiss his action before a trial or hearing has begun, and the trial court has no discretion to interfere with the exercise of that right. | Does a plaintiff have an absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right upon proper notice of payment of costs? |
| 1460 | Chacon v. Jones-Schilds, 904 N.E.2d 286, 289 (2009) | 6 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. | "Does a pretrial order, when entered, control the subsequent course of the action unless modified at the trial to prevent manifest injustice?" |
| 1461 | Rubin v. Rubin, 120 N.M. 592, 595 (1995) | 4 | Under Illinois law, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing factual basis for the continuance, and, under both Illinois and New Mexico law, the lower court has broad discretion in granting or denying continuances. | In Illinois, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing the factual basis for the continuance, and, as in New Mexico, the lower court has broad discretion in granting or denying continuances. | Should motions for continuance alleging an inability to present certain evidence be accompanied by affidavits establishing factual basis for the continuance? |
| 1462 | Gohner v. Zundel, 411 N.W.2d 75, 79-80 (N.D. 1987) | 4 | Imposition of appropriate sanction for violation of pretrial order is within broad discretion of trial court, and court abuses its discretion only when it acts in arbitrary, unreasonable, or unconscionable manner. Rules Civ.Proc., Rule 37. | While we believe the same rationale is applicable for *80 violations of pretrial orders, the imposition of an appropriate sanction is nevertheless within the broad discretion of the trial court. A trial court abuses its discretion when it acts in arbitrary, unreasonable, or unconscionable manner. | "Is the imposition of an appropriate sanction for violation of a pretrial order within the broad discretion of a trial court, and does a court abuse its discretion only when it acts in arbitrary, unreasonable, or unconscionable manner?" |

| 1464 | Monod v. Futura, 415 F.2d 1170, 1173 (10th Cir. 1969) | 1 | Once the issues have been definitively stated in the pretrial order, the pleadings are superseded, the issues are set and discovery proceeds accordingly; with the issues having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason, which must rest largely within the discretion of the trial court. Fed.Rules Civ.Proc. rule 16, 28 U.S.C.A. | As we have previously stated, once the issues have been definitively stated in the pre-trial order, the pleadings are superseded, the issues are set and discovery proceeds accordingly. With the issues having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason, which must rest largely within the discretion of the trial court. | "Are the issues to be adhered to in the absence of some good and sufficient reason, once they are defined in a final pretrial order?" |
| 1465 | Bill DeLuca Enterprises v. Comm'r of Revenue, 431 Mass. 314, 322 (2000) | 10 | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals, since only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | "It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation." | "Is the system of taxation practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation?" |
| 1466 | Binger v. King Pest Control, 401 So. 2d 1310, 1313 (Fla. 1981) | 1 | Pretrial order directing parties to exchange names of witnesses requires listing or notification of all witnesses that parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes. | Consistent with this rule, we now hold that a pretrial order directing the parties to exchange the names of witnesses requires listing or notification of all witnesses that the parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes. | Does a pretrial order directing parties to exchange names of witnesses require listing or notification of all witnesses that parties reasonably foresee will be called to testify? |
| 1468 | Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77, 86 (1981) | 11 | If parties have submitted their entire case for decision on all issues, without objection, they have consented to having court decide such issues even though outside the scope of the pretrial order. | "Where the record shows the parties have submitted their entire case for decision on all issues, without objection, they are held to have consented that the court decide such issues even though outside the scope of the pretrial order." | "If parties have submitted their entire case for decision on all issues, without objection, have they consented to having a court decide such issues even though outside the scope of the pretrial order?" |
| 1470 | Goudy v. Dayton Newspapers, 14 Ohio App. 2d 207, 208 (1967) | 6 | It is within discretion of trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against. | It is within the discretion of a trial court whether to grant a mistrial, or a continuance for the purpose of securing documentary evidence, or whether to grant a new trial for surprise which ordinary prudence could not have guarded against. | "Is it within the discretion of a trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against?" |
| 1471 | Montgomery v. McDaniel, 271 Va. 465, 470 (2006) | 6 | The ability to refile the nonsuited action at some future time is a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant. West's V.C.A. SS 8.01-229(E)(3), 8.01-380(B). | The ability to refile the action at some future time is a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant. | "Is the ability to refile the nonsuited action at some future time a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant?" |

| 1473 | Norris v. Hearst Trust, 500 F.3d 454, 461 (5th Cir. 2007) | 3 | Under Texas law, subject to certain conditions, plaintiff who takes nonsuit is not precluded from filing subsequent suit seeking the same relief, and nonsuit may have effect of vitiating earlier interlocutory orders. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | It is recognized that under Texas law "[s]ubject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief," Aetna Casualty & Surety Co. v. Specia, 849 S.W.2d 805, 806 (Tex.1993), and "a nonsuit may have the effect of vitiating earlier interlocutory orders | "Is a plaintiff who takes nonsuit precluded from filing a subsequent suit seeking the same relief, and nonsuit may have effect of vitiating earlier interlocutory orders?" |
| 1475 | Burry & Son Homebuilders v. Ford, 310 S.C. 529, 531 (1992) | 1 | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. Bowen & Smoot v. Plumlee, 301 S.C. 262, 391 S.E.2d 558 (1990). 1 Once legal prejudice is found, the granting or denial is within the discretion of the trial court. | Is a plaintiff entitled to a voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by a defendant or important issues of public policy are present? |
| 1476 | Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77, 86 (1981) | 11 | If parties have submitted their entire case for decision on all issues, without objection, they have consented to having court decide such issues even though outside the scope of the pretrial order. | "Where the record shows the parties have submitted their entire case for decision on all issues, without objection, they are held to have consented that the court decide such issues even though outside the scope of the pretrial order." | "If parties submit their entire case for decision on all issues, without objection, do they consent to having the court decide such issues even though outside the scope of a pretrial order?" |
| 1477 | Marino v. King, 355 S.W.3d 629, 633 (Tex. 2011) | 6 | Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. | "Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" |
| 1480 | Ramirez v. Noble Energy, 521 S.W.3d 851, 856–57 (Tex. App. 2017) | 5 | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Tex. R. Civ. P. 198.3. | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or *857 without reference to guiding rules or principles. | "Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, can courts do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" |
| 1482 | State ex rel. Kramer v. Carroll, 309 S.W.2d 654, 658 (Mo.App., 1958) | 6 | Court is without jurisdiction to require production of documentary evidence at taking of depositions unless such evidence is first shown to be relevant and material to issues in pending cause. | The trial court is without jurisdiction to require the production of documentary evidence at the taking of depositions 'unless such evidence is first shown to be relevant and material to the issues in the pending cause. | Is a court without jurisdiction to require production of documentary evidence at taking of depositions unless such evidence is first shown to be relevant and material to issues in pending cause? |

| | | | | | |
|---|---|---|---|---|---|
| 1483 | Chambers v. Pruitt, 241 S.W.3d 679, 685 (Tex. App. 2007) | 12 | Trial court has broad discretion to permit or deny the withdrawal of deemed admissions as long as it does not act unreasonably, arbitrarily, or without reference to guiding principles. | The trial court has broad discretion to permit or deny the withdrawal of deemed admissions as long as it does not act unreasonably, arbitrarily, or without reference to guiding principles. | "Does the trial court have broad discretion to permit or deny the withdrawal of deemed admissions as long as it does not act unreasonably, arbitrarily, or without reference to guiding principles?" |
| 1486 | Reeves v. Boatman, 769 P.2d 917, 920 (Wyo., 1989) | 2 | Effect of admissions does not mean that favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in undenied admissions. Rules Civ.Proc., Rules 36, 36(b). | The effect of admissions pursuant to W.R.C.P. 36(b) does not mean that the favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in the undenied admissions. | Does the effect of admissions not mean that a favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in undenied admissions? |
| 1487 | Shwe v. Jaber, 147 N.C. App. 148, 151 (2001) | 3 | Under civil procedure rules, matters as to which admission is requested are deemed admitted unless party to whom request is directed serves written response within time permitted by rule. Rules Civ.Proc., Rule 36(a), G.S. S 1A-1. | 1A-1, Rule 36(a), matters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by the rule. | "Under civil procedure rules, are matters as to which admission is requested deemed admitted unless party to whom request is directed serves written response within time permitted by rule?" |
| 1491 | Motor Car Classics v. Abbott, 316 S.W.3d 223, 236 (Tex. App. 2010) | 26 | Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(c). | Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. | "Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" |
| 1492 | Chappelaer v. Gen. G. M. C. Trucks, 130 Ga. App. 664, 666 (1974) | 2 | Continuances because of the absence of counsel are not favored and strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court. | Continuances because of the absence of counsel are not favored and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court.' Revel v. | "Are continuances because of the absence of counsel not favored and strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court?" |
| 1493 | Cryer v. West, 771 S.W.2d 5, 7 (Tex. App. 1989) | 7 | Among factors court must consider in determining whether party will suffer irreparable injury from application of legislative continuance rule are nature and urgency of rights involved; moreover, it is only when opposing party does not show such irreparable injury to substantial, existing right that trial court has no discretion except to grant motion for continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 254; V.T.C.A., Civil Practice & Remedies Code S 30.003. | Whether, in a given situation, a party will suffer irreparable injury from the application of the legislative continuance rule is a question within the sound discretion of the trial court. See Waites v. Sondock, 561 S.W.2d at 775. Among the factors the court must consider are the nature and urgency of the rights involved. Id. at 776. It is only when the opposing party does not show such irreparable injury to a substantial, existing legal right that the trial court has no discretion except to grant the motion for continuance. | Should the court consider nature and urgency of the rights involved in determining whether non-movant will suffer irreparable injury from application of legislative continuance statute? |

| 1494 | Shankweiler v. McCall Procter/Densham, Ltd., 183 Ga. App. 257, 258 (1987) | 1 | If party served with request for admission neither files timely response thereto nor moves to withdraw admission resulting from his failure to do so, matter stands conclusively admitted. O.C.G.A. S 9-11-36. | Pursuant to OCGA 9-11-36, if a party served with a request for admission neither files a timely response thereto nor moves to withdraw the admission resulting from his failure to do so, the matter stands conclusively admitted. | "If a party served with request for admission neither files timely response thereto nor moves to withdraw admission resulting from his failure to do so, does the matter stand conclusively admitted?" |
|---|---|---|---|---|---|
| 1495 | Vaughn v. Grand Prairie Indep. Sch. Dist., 784 S.W.2d 474, 477 (Tex.App.-Dallas, 1989) | 2 | When one party fails to respond to requests for admissions the matters are deemed admitted as a matter of law and it is not necessary for trial court to enter a formal ruling to such effect. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Where one party fails to respond to requests for admissions the matters are deemed admitted as a matter of law and it is not necessary for the trial court to enter a formal ruling to this effect. | "Where one party fails to respond to requests for admissions, is it necessary for the trial court to enter a formal ruling to effect that such the matters are deemed admitted as a matter of law?" |
| 1498 | Schleimer v. Winter, 2002 WL 120561, at *4 (Cal.App. 2 Dist.,2002) | 5 | A court's determination that amount requested is unreasonable alone does not justify denial of an award of costs of proof if moving party has presented sufficient information for court to determine a reasonable amount. West's Ann.Cal. C.C.P. S 2033, subd. o. | A court's determination that the amount requested is unreasonable alone does not justify the denial of an award of costs of proof under Code of Civil Procedure section 2033, subdivision (o) if the moving party has presented sufficient information for the court to determine a reasonable amount. | "Does a court's determination that amount requested is unreasonable, justify denial of an award of costs of proof if moving party has presented sufficient information for court to determine a reasonable amount?" |
| 1499 | Armstrong v. Collins, 366 S.C. 204, 232 (2005) | 49 | When a late amendment to a pleading would cause prejudice to the opposing party, the trial court should either deny the amendment or grant a continuance to allow the time reasonably necessary to prepare for the new issue. Rules Civ.Proc., Rule 15. | However, when a late amendment would cause prejudice to the opposing party, the trial court should either deny the amendment or grant a continuance to allow the time reasonably necessary to prepare for the new issue. | "When a late amendment to a pleading would cause prejudice to the opposing party, should the trial court either deny the amendment or grant a continuance?" |
| 1500 | Acorn Iron Works v. Auditor Gen., 295 Mich. 143, 151 (1940) | 5 | Tax exactions, property or excise, must rest upon legislative enactment, and collectors can act only within express authority conferred thereby, and the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer. | Tax exactions, property or excise, must rest upon legislative enactment and collectors can act only within express authority conferred thereby, the scope of **130 such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer.' | "Does tax exactions, property or excise, rest upon legislative enactment?" |
| 1501 | State v. Agan, 259 Ga. 541, 544 (1989) | 3 | Other than those emoluments of public office that are expressly authorized and established by law, no holder of public office is entitled to request or receive, from any source, directly or indirectly, anything of value in exchange for the performance of any act related to the functions of that office. O.C.G.A. SS 16-10-2, 21-5-1 et seq. | Other than those emoluments of public office that are expressly authorized and established by law, no holder of public office is entitled to request or receive-from any source, directly or indirectly- anything of value in exchange for the performance of any act related to the functions of that office. | "Under bribery statute, what is a holder of public office entitled to request or receive, from any source, directly or indirectly, anything of value in exchange for the performance of any act related to the functions of that office?" |

| 1506 | Rainwater v. Haddox, 544 S.W.2d 729, 731 (Tex. Civ. App. 1976) | 1 | Where application for continuance fails to conform to rules, denial of continuance comes within sound discretion of court and it will be presumed, absent a showing of abuse of discretion, that court properly exercised its discretion. Rules of Civil Procedure, rules 251, 252. | Where an application for continuance fails to conform to the rules, the denial of a continuance comes within the sound discretion of the court and it will be presumed, absent a showing of abuse of discretion, that the court properly exercised its discretion. | "Where application for continuance fails to conform to rules, does the denial of continuance come within the sound discretion of court and it will be presumed, absent a showing of abuse of discretion, that a court properly exercised its discretion?" |
|---|---|---|---|---|---|
| 1508 | Simonsen v. Hendricks Sodding & Landscaping Inc., 5 Neb. App. 263, 263 (1997) | 2 | Application for continuance must be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. | " 'An application for continuance must be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings.' " | Must an application for continuance be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings? |
| 1510 | Schindler v. AG Aero Distributors, 502 S.W.2d 581, 584 (Tex. App.  1973) | 1 | The trial court has considerable discretion in refusing or granting motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. Rules of Civil Procedure, rule 169. | The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admissions where there is neither answer nor denial within the time specified in the request. | Does the trial court have considerable discretion in refusing or granting a motion to deem admitted the matters inquired about? |
| 1517 | Sculley v. City of Philadelphia, 381 Pa. 1, 10 (1955) | 5 | A pedestrian is not required to keep his vision fixed continually on the ground immediately in front of him to discover possible points of danger, especially where his attention must also be directed toward the imminent peril of approaching vehicles. | A pedestrian is not required to keep his vision fixed continually on the ground immediately in front of him to discover possible points of danger, especially where his attention must also be directed toward the imminent peril of an approaching vehicle: | Is a pedestrian required to keep his vision fixed continually on the ground to discover possible points of danger? |
| 1518 | Scott v. Scott, 147 S.W. 3d 887, 897 (Mo.App. W.D., 2004) | 17 | Failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance renders the motion deficient, meaning the trial court is not obligated to consider the motion. V.A.M.R. 65.03. | Failure to follow "the simple, explicit, and mandatory procedure to properly present a motion for continuance" renders the motion deficient, meaning the trial court is not obligated to consider the motion. | "Does failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance render the motion deficient, meaning the trial court is not obligated to consider the motion?" |
| 1522 | Sowinski v. Walker, 198 P.3d 1134, 1158 (Alaska, 2008) | 29 | Trial courts are afforded broad discretion to determine whether a situation entails a manifest injustice sufficient to justify departure from pretrial scheduling orders. Rules Civ.Proc., Rule 16(e). | Trial courts are afforded broad discretion to determine whether a situation entails a "manifest injustice" sufficient to justify departure from pretrial scheduling orders. | Are trial courts afforded broad discretion to determine whether a situation entails a manifest injustice sufficient to justify departure from pretrial scheduling orders? |

| 1523 | Tucker v. Tucker, 55 N.Y.2d 378, 383, 434 N.E.2d 1050, 1052 (1982) | 1 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted | Can a party be compelled to litigate while authority of a court to grant or to deny an application seeking voluntarily to discontinue litigation is within its sound discretion? |
|---|---|---|---|---|---|
| 1524 | Richey v. U.S., 322 F.3d 1317, 1323 (C.A.Fed.,2003) | 2 | An officer seeking correction of military records may either apply as an initial matter to a corrections board, or file suit under the Tucker Act in the Court of Federal Claims. 10 U.S.C.A. S 1552(a)(1); 28 U.S.C.A. SS 1346, 1491. | Congress has given the military secretaries the power to correct military records using civilian Corrections Boards. An officer seeking correction of military records may either apply as an initial matter to a Corrections Board, or file suit under the Tucker Act in the Court of Federal Claims. | "Can an officer seeking correction of military records may either apply as an initial matter to a corrections board, or file suit under the Tucker Act in the Court of Federal Claims?" |
| 1526 | Zavoral v. Pac. Intermountain Exp., 181 Neb. 40, 43, 146 N.W.2d 796, 799 (1966) | 2 | Generally, the effect of a pretrial order is to control subsequent course of the action, and unless order is modified at trial to prevent manifest injustice, court may exclude evidence on issues not stated in pretrial order, and such issues need not be submitted to jury. | Generally, the effect of a pretrial order is to control the subsequent course of the action, and unless the order is modified at the trial to prevent a manifest injustice, the court may exclude evidenc on issues not stated in the pretrial order, and such issues need not be submitted to the jury. | Does pre-trial order control a subsequent course of action and can the trial court exclude evidence on issues not stated in the pretrial order? |
| 1527 | Boulet v. State, 189 S.W.3d 833, 837 (Tex. App. 2006) | 7 | Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. | "Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, can it do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" |
| 1528 | Roberts v. TriQuint Semiconductor, 358 Or. 413, 417 (Or., 2015) | 1 | The question whether a trial court should dismiss an action on the basis of a forum-selection agreement is a legal determination that may be raised by way of a motion to dismiss for lack of jurisdiction over the subject matter. Rules Civ.Proc., Rule 21(A)(1). | The question whether a trial court should dismiss an action on the basis of a forum-selection agreement "is a legal determination" that may be raised by way of an ORCP 21 A(1) motion to dismiss. | Is the question whether a trial court should dismiss an action on the basis of a forum-selection agreement a legal determination that may be raised by way of a motion to dismiss for lack of jurisdiction over the subject matter? |

| 1531 | Scott v. Greenville Hous. Auth., 353 S.C. 639, 651 (2003) | 6 | Trial court may allow party to amend or withdraw its answers to request to admit when: (1) presentation of the merits is furthered by amendment, and (2) party who obtained admission cannot demonstrate prejudice because of amendment. Rules Civ.Proc., Rule 36(b). | Therefore, a trial court "may allow a party to amend or withdraw its answers to a request to admit when: (1) the presentation of the merits is furthered by the amendment; and (2) the party who obtained the admission cannot demonstrate prejudice because of the amendment." | Can a trial court allow a party to amend or withdraw its answers to request to admit when presentation of the merits is furthered by amendment and when the party who obtained admission cannot demonstrate prejudice because of amendment? |
| --- | --- | --- | --- | --- | --- |
| 1532 | Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190, 197 (Ind.App., 2017) | 6 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. Ind. R. Trial P. 12(B)(1). | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may the trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" |
| 1533 | Turner v. Richmond Power & Light Co., 763 N.E.2d 1005, 1007 (Ind.App., 2002) | 2 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Trial Procedure Rule 12(B)(1). | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support. Indiana Dep't of Highways v. Dixon, 541 N.E.2d 877, 884 (Ind.1989). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, may the trial court consider not only the complaint and motion, but also any affidavits or evidence submitted in support?" |
| 1536 | Moon v. Phipps, 67 Wash. 2d 948, 954 (1966) | 5 | The agent has burden of proving in every case that his principal not only had knowledge that agent was to be buyer or seller, but also burden of showing that all information in possession of agent had been communicated to his principal prior to giving of consent. | And the agent has the burden of proving in every case that his principal not only had knowledge that the agent was to be the buyer or seller, but also the burden of showing that all information in possession of the agent had been communicated to his principal prior to the giving of consent. | Does the agent have the burden of proving in every case that his principal not only had knowledge that the agent was to be the buyer or seller but also the burden of showing that all information in possession of agent had been communicated to his principal prior to the giving of consent? |
| 1537 | Andra v. Left Gate Prop. Holding, 453 S.W.3d 216, 224 (Mo. 2015) | 4 | When a nonresident defendant's motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a trial court may consider affidavits and depositions properly filed in support of the motion. Mo. Sup. Ct. R. 55.28. | When the motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a court may also consider affidavits and depositions properly filed in support of the motion to dismiss. | "When motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, will a trial court consider affidavits and depositions properly filed in support of the motion?" |

| | | | | | |
|---|---|---|---|---|---|
| 1539 | Wilkerson v. Howell Contrs., Inc., 163 Ohio App. 3d 38, 42–43 (2005) | 1 | When ruling on a motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the trial court has authority to decide. Rules Civ.Proc., Rule 12(B)(1). | When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the court has authority to decide. | "When ruling on a motion to dismiss for lack of subject-matter jurisdiction, must the trial court determine whether the plaintiff has alleged a cause of action that the trial court has authority to decide?" |
| 1540 | Brookfield Mach. v. Calbrit Design, 929 F. Supp. 491, 494 (Mass. 1996) | 2 | In considering defendant's motion to dismiss for lack of personal jurisdiction, court employs prima facie standard, under which court considers whether plaintiffs have proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction; when determining whether prima facie showing has been made, court does not act as fact finder, but instead accepts properly supported proffers of evidence by plaintiff as true. | In considering defendant's motion, this Court employs the prima facie standard, under which the Court considers whether the plaintiffs have proffered evidence that, "if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar- Tec Products, Inc., 967 F.2d 671, 675 (1st Cir.1992). When determining whether a prima facie showing has been made, this Court does not act as a factfinder, but instead "accepts properly supported proffers of evidence by a plaintiff as true." | "Under the prima facie standard, is it an enquiry whether the plaintiff has proffered evidence which, if credited, sufficiently support findings of all facts essential to personal jurisdiction?" |
| 1541 | Bonner v. Peterson, 301 Ga. App. 443, 443 (2009) | 2 | A motion to dismiss asserting sovereign immunity is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim. | A motion to dismiss asserting sovereign immunity, however, is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim. | Is a motion to dismiss asserting sovereign immunity based upon the trial court's lack of subject matter jurisdiction rather than the merits of the plaintiff's claim? |
| 1545 | Wishard Mem'l Hosp. v. Kerr, 846 N.E.2d 1083, 1093 (Ind. Ct. App. 2006) | 24 | The exclusive remedies provided in the Worker's Compensation Act are in derogation of common law, and a statute that is in derogation of common law must be strictly construed against limitations on a claimant's right to bring suit. West's A.I.C. 22-3-2-6. | the remedies provided in the Worker's Compensation Act are in derogation of common law, and a statute that is in derogation of common law must be strictly construed against limitations on a claimant's right to bring suit. | "Are the remedies provided in the Workers Compensation Act in derogation of common law, and must the statute be strictly construed against limitations on a claimants right to bring suit?" |
| 1546 | Peoples Bank v. Frazee, 318 S.W.3d 121, 126 (Mo., 2010) | 2 | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss a Missouri action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | "Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, does the plaintiff bear the burden of establishing that the defendant's contacts with the forum state were sufficient?" |
| 1547 | Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349, 352–53 (Fla. Dist. Ct. App. 2012) | 3 | When reviewing a case for fraud on the court, the trial court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | "When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with *353 competing policies to maintain the integrity of the judicial system." | "When reviewing a case for fraud on the court, should the trial court consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits?" |

| 1548 | Bartles v. Hinkle, 196 W. Va. 381, 384 (1996) | 18 | Although Rules of Civil Procedure do not formally require any particular procedure, before issuing sanction, court must ensure it has adequate foundation either pursuant to rules or by virtue of its inherent powers to exercise its authority; due process clause of State Constitution requires that there exist relationship between sanctioned party's misconduct and matters in controversy such that transgression threatens to interfere with rightful decision of case, and thus, court must ensure that any sanction imposed is fashioned to address identified harm caused by party's misconduct. Const. Art. 3, S 10; Rules Civ.Proc., Rules 11, 16, 37. | Although Rules 11, 16, and 37 of the West Virginia Rules of Civil Procedure do not formally require any particular procedure, before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority. The Due Process Clause of Section 10 of Article III of the West Virginia Constitution requires that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression threatens to interfere with the rightful decision of the case. Thus, a court must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct. | Must a court ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority? |
| 1549 | People ex rel. Schneiderman v. Frisco Mktg. of N.Y. LLC, 93 A.D.3d 1352, 1353, 941 N.Y.S.2d 823, 824 (2012) | 1 | In order to defeat motion to dismiss based upon lack of personal jurisdiction, plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over defendants. | [i]n order to defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[s] | "In order to defeat motion to dismiss based upon lack of personal jurisdiction, need a plaintiff only demonstrate that facts may exist to exercise personal jurisdiction over defendants?" |
| 1550 | Wenwei Sun v. Aviles, 53 So. 3d 1075, 1076 (Fla.App. 5 Dist., 2010) | 2 | Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. | Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used "cautiously and sparingly," and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. | "Should the authority to dismiss actions for fraud or collusion be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing?" |
| 1556 | New Image Contractors v. Vill. at Mariner's Point L.P., 86 Conn. App. 692, 698 (Conn.App., 2004) | 2 | "Mootness" is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties; it presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. | Mootness is a threshold issue that implicates subject matter jurisdiction, which "imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties." Hechtman v. Savitsky, 62 Conn.App. 654, 657, 772 A.2d 673 (2001). "Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. | Is mootness a threshold issue that implicates subject matter jurisdiction and which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties? |

| 1557 | Granados v. Zehr, 979 So. 2d 1155, 1158 (Fla. App. 2008) | 4 | Allegations of inconsistency, nondisclosure, and even falseness are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action based on an alleged fraud upon the court. | ... allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action." | "Are allegations of inconsistency, nondisclosure, and even falseness, best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment?" |
| 1558 | Williams v. Akzo Nobel Chemicals, Inc., 999 S.W.2d 836, 843 (Tex. App. 1999) | 10 | To determine whether sanctions are just, the reviewing court applies a two-prong test: the first prong requires that a direct relationship exist between the offensive conduct and the sanction imposed, and the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party, or both, and the second prong requires that the sanctions must be no more severe than necessary to satisfy legitimate purposes. | To determine whether sanctions are just we apply a two-prong test. The first prong requires that a direct relationship exist between the offensive conduct and the sanction imposed. Id. Under this prong, the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party, or both. Id. The second prong requires that the sanctions must be no more severe than necessary to satisfy its legitimate purposes. | What is the test of whether a sanction imposed by a trial court is just? |
| 1561 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (Mass., 1994) | 1 | "Fraud on the court" occurs where party tampers with fair administration of justice by deceiving institutions set up to protect and safeguard public or otherwise abusing or undermining integrity of judicial process. | Fraud on the court occurs where a party tampers with the fair administration of justice by deceiving "the institutions set up to protect and safeguard the public" or otherwise abusing or undermining the integrity of the judicial process. | "Does ""fraud on the court"" occur where party tampers with fair administration of justice by deceiving institutions set up to protect and safeguard the public?" |
| 1563 | Trans World Airlines v. Hughes, 332 F.2d 602, 614 (C.A.2 (N.Y.), 1964) | 11 | The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction, which the court may apply, and its use must be tempered by careful exercise of judicial discretion to assure that its imposition is merited; however, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, application of even so stringent a sanction is fully justified and should not be disturbed. Fed.Rules Civ.Proc. rule 37, 28 U.S.C.A. | The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed. | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, is a stringent sanction as an entry of a default judgment fully justified?" |

| 1564 | CPI Mfg. Co. v. Industrias St. Jack's, S.A. De C.V., 870 So. 2d 89, 91 (Fla. App. 2003) | 2 | Resolution of a motion to dismiss for failure to prosecute involves a two-step process: first, the defendant is required to show there has been no record activity for one year preceding the motion; second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. West's F.S.A. RCP Rule 1.420(e). | In addition, the resolution of a motion to dismiss for failure to prosecute involves a two-step process. First, the defendant is required to show there has been no record activity for one year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. | Does the resolution of a motion to dismiss for failure to prosecute involve a two-step process? |
| --- | --- | --- | --- | --- | --- |
| 1570 | Republic Ins. Co. v. PAICO Receivables, 383 F.3d 341, 347 (C.A.5 (Tex.), 2004) | 8 | Where a party fails to demand arbitration, and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been prejudiced. | In contrast, "where a party fails to demand arbitration ..., and, in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced." | "Where a party fails to demand arbitration and engages in pretrial activity inconsistent with intent to arbitrate, can the party opposing a motion to compel arbitration show that its position has been prejudiced?" |
| 1571 | U.S. v. Pompey, 445 F.2d 1313, 1317 (C.A.Pa. 1971 | 1 | In order to qualify for a "ministerial exemption," registrant must show a regularity of religious preaching and teaching, the ministry must be his main and primary calling, that is his vocation rather than avocation, and his standing in his congregation must be recognized as that of a minister or leader of a group of lesser members. Military Selective Service Act of 1967, SS 6(g), 16(g) (1-3), 50 U.S.C.A. App. SS 456(g), 466(g) (1-3). | In sum, in order to qualify for a ministerial exemption, the registrant must satisfy the following tripartite test: (1) he must show a regularity of religious preaching and teaching; (2) the ministry must be his main and primary calling, his vocation rather than avocation; and (3) his standing in the congregation must be recognized as that of a minister or leader of a group of lesser members. | Does a registrant have to establish a regularity of religious preaching and teaching to qualify for a ministerial exemption? |
| 1572 | McDonald v. Hanahan, 328 Mass. 539, 541 (1952) | 6 | To constitute a good promissory note, there should be deducible from its face a written promise to pay money, yet that promise need not be expressed in any particular form of words, and it would be enough if from language used a written undertaking to pay may be fairly inferred. | To constitute a good promissory note there should be deducible from its face a written promise to pay money, yet that promise need not be expressed in any particular form of words, and it will be enough if from the language used a written undertaking to pay may be fairly inferred. | Should a written promise which need not be expressed in any particular form of words constitute a good promissory note? |
| 1574 | Miller v. Nelms, 966 So. 2d 437, 440 (Fla. Dist. Ct. App. 2007) | 5 | While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, that is the most severe of sanctions and the court must carefully adhere to established due process, adversarial practice, and evidentiary rules when doing so. | While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, that is the most severe of sanctions and the court must "carefully adhere to established due process, adversarial practice, and evidentiary rules" when doing so. | "While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, is that the most severe of sanctions and the court must carefully adhere to established due process?" |

| 1576 | Bellew v. Grady, 744 So. 2d 913, 914 (Ala. App. 1999) | 2 | Trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can a court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" |
| 1578 | Foy v. Hunter, 106 N.C. App. 614, 618, 418 S.E.2d 299, 302 (1992) | 1 | Under civil procedure rule, trial court may enter sanctions for failure to prosecute only where plaintiff or his attorney manifests an intention to thwart progress of the action to its conclusion or fails to progress the action toward its conclusion by engaging in some delaying tactic; whether plaintiff or his attorney have manifested such an intent or has engaged in some delaying tactic may be inferred from facts surrounding delay in prosecution of the case. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | Under Rule 41(b), a trial court may enter sanctions for failure to prosecute only where the plaintiff or his attorney "manifests an intention to thwart the progress of the action to its conclusion" or "fails to progress the action towards its conclusion" by engaging in some delaying tactic. Green v. Eure, 18 N.C.App. 671, 672, 197 S.E.2d 599, 601 (1973); Jones v. Stone, 52 N.C.App. 502, 505, 279 S.E.2d 13, 15, disc. rev. denied, 304 N.C. 195, 285 S.E.2d 99 (1981); see also Smith v. Quinn, 324 N.C. 316, 318–19, 378 S.E.2d 28, 30–31 (1989) (trial court did not err in dismissing plaintiff's action where plaintiff's attorney violated Rule of Civil Procedure for purposes of delay and gaining unfair advantage). Whether a plaintiff or his attorney has manifested an intent to thwart the progress of an action or has engaged in some delaying tactic may be inferred from the facts surrounding the delay in the prosecution of the case. | Can a court enter sanctions only where the plaintiff or his attorney manifests an intent to thwart the progress of the action or engages in some delaying tactic? |
| 1579 | Trivette v. Yount, 217 N.C. App. 477, 482 (N.C.App., 2011) | 9 | The purpose of the North Carolina Worker's Compensation Act is to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. | The purpose of the North Carolina Worker's Compensation Act ("the Act") is to "provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law | Does the purpose of the Workmen's Compensation Act is to provide certain limited benefits to injured employees regardless of negligence on the part of the employer? |
| 1580 | K's Merch. Mart v. Northgate Ltd. P'ship, 359 Ill. App. 3d 1137, 1143 (2005) | 9 | An "estoppel certificate" is a signed statement by a party, such as a tenant or mortgagee, certifying for another's benefit that certain facts are correct, as that a lease exists, that there are no defaults, and that rent is paid to a certain date. | An estoppel certificate is "[a] signed statement by a party (such as a tenant or mortgagee) certifying for another's benefit that certain facts are correct, as that a lease exists, that there are no defaults, and that rent is paid to a certain date. | "Is an estoppel certificate a signed statement by a party certifying for another's benefit that certain facts are correct, as that a lease exists, that there are no defaults, and that rent is paid to a certain date?" |

| 1581 | Hall v. Metro. Dade Cty., 760 So. 2d 1051, 1052 (Fla. App. 2000) | 2 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." | Does the inquiry on a motion to dismiss for lack of prosecution require the defendant to show there has been no record activity for the year preceding the motion? |
|------|------|------|------|------|------|
| 1582 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Is judgment of non pros properly entered when the delay has caused some prejudice to the adverse party? |
| 1583 | Grund v. Donegan, 298 Ill. App. 3d 1034, 1037 (1998) | 7 | A motion seeking involuntary dismissal of a claim based upon certain specified defenses raises the question of whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion, which seeks involuntary dismissal of a claim based upon certain specified defenses, raises the question of whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law. | Would a motion raise the question when there is a genuine issue of material fact and if the defendant is entitled to judgment as a matter of law? |
| 1584 | People v. Salazar, 13 Misc. 3d 120, 121, 827 N.Y.S.2d 439, 440 (App. Term 2006) | 1 | Disorderly conduct statute, providing that a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, the person obstructs vehicular or pedestrian traffic, punishes disruptive behavior of a public rather than individual dimension. McKinney's Penal Law S 240.20(5). | Defendant was convicted of having violated Penal Law § 240.20(5) which provides, "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof ... [h]e obstructs vehicular or pedestrian traffic...." Said provision punishes disruptive behavior of a public rather than individual dimension | "Can a person who recklessly created a risk of public inconvenience, annoyance, or alarm by obstructing traffic be convicted for disorderly conduct?" |
| 1585 | Carver v. Nall, 186 Ill. 2d 554, 557 (1999) | 2 | When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party; court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619(a). | When ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. | "In ruling on a motion for involuntary dismissal, should the circuit court interpret all pleadings and supporting documents in the light most favorable to the nonmoving party?" |

| | | | | | |
|---|---|---|---|---|---|
| 1586 | Gatrell v. Kurtz, 207 P.3d 916, 917 (Colo. App. 2009) | 1 | In evaluating a motion to dismiss for failure to state a claim, the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ.Proc., Rule 12(b)(5). | In evaluating a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. | "In ruling on a motion to dismiss for failure to state a claim, should the court accept the factual allegations contained in the complaint as true?" |
| 1587 | Rodefer v. McCarthy, 2015 - Ohio- 3052, ¶ 20 (Ohio App. 2 Dist., 2015) | 1 | In deciding on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. Rules Civ.Proc., Rule 12(B)(6). | "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint." Grover v. Bartsch, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547,   16 (2d Dist.). The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. | "In analyzing the legal sufficiency of a complaint when deciding a motion to dismiss for failure to state a claim, should a court presume that all factual allegations in the complaint are true?" |
| 1588 | Inst. for Bus. Planning v. Standard Life & Acc. Ins. Co., 242 F. Supp. 100, 107 (W.D. Okla. 1965) | 14 | To establish that agent had apparent authority to do act, principal must have manifested his consent to exercise of such authority or have knowingly permitted agent to exercise such authority, third person must know of facts and, acting in good faith, have reason to believe and actually believe that agent possessed such authority, and third person relying on appearance of authority must change his position and be injured or suffer loss. | In order to establish that an agent had the apparent authority to do an act or acts in question, there are certain necessary prerequisites, as follows: (1) that the principal has manifested his consent to the exercise of such authority or has knowingly permitted the agent to exercise of such authority, (2) that the third person knew of the facts and, acting in good faith, has reason to believe, and did actually believe that the agent possessed such authority; and (3) that the third person, relying on such appearance of authority, has changed his position and will be injured or suffer loss if the act or acts done by the agent does not bind the principal. | To establish apparent authority should a principal manifest his consent to exercise that authority? |
| 1589 | Swenson v. Sanborn Cty. Farmers Union Oil Co., 594 N.W.2d 339, 343 (S.D., 1999) | 8 | Dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted? |

| 1590 | Rogers v. Gann, 982 So. 2d 1105, 1108 (Ala.Civ.App., 2007) | 2 | Dismissal of an action for want of prosecution is a drastic sanction; accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | "Dismissal of an action for want of prosecution is a drastic sanction. Accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | Do courts scrutinize any order terminating an action for want of prosecution and do they hesitate to set one aside when they find an abuse of discretion? |
| 1591 | Gatrell v. Kurtz, 207 P.3d 916, 917 (Colo. App. 2009) | 1 | In evaluating a motion to dismiss for failure to state a claim, the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ.Proc., Rule 12(b)(5). | In evaluating a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. | "In evaluating a motion to dismiss for failure to state a claim, should the court accept the material allegations of the complaint as true?" |
| 1592 | Mathews v. Diaz, 426 U.S. 67, 78–79 (1976) | 7 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens are entitled to enjoy all the advantages of citizenship? |
| 1595 | Mackey v. Cannon, 996 P.2d 1081, 1085 (2000) | 6 | The courts are a forum for settling controversies, and if there is any doubt about whether a claim should be dismissed for the lack of a factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof. Rules Civ.Proc., Rule 12(b)(6). | "The courts are a forum for settling controversies, and if there is any doubt about whether a claim should be dismissed for the lack of a factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof." | "If there is any doubt about whether a claim should be dismissed for lack of factual basis, should the issue be resolved in favor of giving the party an opportunity to present its proof?" |
| 1597 | Bellew v. Grady, 744 So. 2d 913, 914 (Ala. App. 1999) | 2 | Trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can court dismiss an action, with prejudice, for lack of prosecution when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" |
| 1599 | Spencer v. Lombardi, 500 S.W.3d 885, 890 (Mo.App. W.D., 2016) | 9 | On a motion to dismiss for failure to state a claim, a court reviews a petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. | "A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." | "Does a court review the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case?" |

| | | | | | |
|---|---|---|---|---|---|
| 1600 | Caravousanos v. Kings Cnty. Hosp., 74 A.D.3d 716, 718, 904 N.Y.S.2d 444, 446 (2010) | 1 | In considering motion to dismiss complaint for failure to state cause of action, court should accept facts as alleged in complaint as true, accord plaintiffs benefit of every possible favorable inference, and determine only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" | "When considering motion to dismiss, should a court accept facts alleged in a complaint as true?" |
| 1601 | Nicita v. City of Detroit, 216 Mich. App. 746, 750 (Mich.App., 1996) | 2 | On motion for summary disposition for failure to state defense, well pleaded allegations are accepted as true and the test is whether defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. MCR 2.116(C)(9). | Only the pleadings may be considered when the motion is brought under MCR 2.116(C)(9). MCR 2.116(G)(5). The well-pleaded allegations are accepted as true, and the test is whether the defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. | "On a motion for summary disposition for failure to state defense, are well pleaded allegations accepted as true?" |
| 1604 | C.I.R. v. Court Holding Co., 324 U.S. 331, 334 (1945) | 4 | The tax consequences which arise from gains from a sale of property are not finally to be determined solely by means employed to transfer legal title, but, rather, the transaction must be viewed as a whole, and each step, from commencement of negotiations to consummation of sale, is relevant. | The tax consequences which arise from gains from a sale of property are not finally to be determined solely by the means employed to transfer legal title. Rather, the transaction must be viewed as a whole, and each step, from the commencement of negotiations to the consummation of the sale, is relevant. | "Does the court view a property transaction as a whole and its each step, from the commencement of negotiations to the consummation of the sale, as relevant aspects?" |
| 1608 | Sustala v. El-Romman, 712 S.W.2d 164, 166 (Tex.App.-Hous. (14 Dist.), 1985) | 2 | Trial court may consider entire history of case, including any past lack of diligence exhibited by plaintiff, in contemplation of motion to dismiss for want of prosecution. | In contemplation of a motion to dismiss for want of prosecution, a trial court may consider the entire history of a case including any past lack of diligence exhibited by the plaintiff. | "Should the court consider the entire history of case, including any past lack of diligence exhibited by plaintiff, in contemplation of motion to dismiss for want of prosecution?" |
| 1609 | Boazman v. Economics Laboratory, 537 F.2d 210, 212 (5th Cir. 1976) | 1 | Dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances where there is a clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. | In general, the federal appellate courts have said that a dismissal of a complaint is such a severe sanction that it is to be used only in extreme circumstances when there is a clear record of delay or contumacious conduct and where lesser sanctions would not serve the best interests of justice. | Is dismissal of complaint to be used only in extreme circumstances where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice? |
| 1610 | Chenango Contracting, Inc. v. Hughes Assocs., Landscape Architects PLLC, 128 A.D.3d 1150, 1151, 8 N.Y.S.3d 724, 726 (2015) | 1 | When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, a court may freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated a cause of action. McKinney's CPLR 3211(a)(7). | When dismissal is sought for failure to state a cause of action and, as here, plaintiff submits affidavits, "a court may freely consider [those] affidavits . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one | "When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, can a court freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action?" |

| 1612 | City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299, 303 (2017) | 4 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. GKN Co. v. Magness, 744 N.E.2d 397, 400 (Ind. Ct. App. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can a trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" |
| 1615 | Cook v. Fergus Elec. Co-op., 235 Mont. 173, 176 (1988) | 1 | Defendant may request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, absent sufficient showing of excuse, in bringing his or her case to trial. Rules Civ.Proc., Rule 41(b). | Rule 41(b), M.R.Civ.P., has been interpreted as providing that a defendant may request involuntary dismissal of a civil action where a plaintiff fails to exercise due diligence, absent a sufficient showing of excuse, in bringing his or her case to trial. | "Can defendant request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, in bringing his or her case to trial?" |
| 1616 | Vosbein v. Bellias, 866 So. 2d 489, 493 (Miss.App.,2004) | 1 | Dismissal with prejudice for failure to prosecute is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases, usually where clear delay and ineffective lesser sanctions are present. Rules Civ.Proc., Rule 41(b). | Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases, usually where clear delay and ineffective lesser sanctions are present | Is dismissal with prejudice for failure to prosecute an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases? |
| 1617 | Hanson v. Griffiths, 204 Misc. 736, 738, 124 N.Y.S.2d 473, 476 (Sup. Ct. 1953) | 2 | Generally speaking "taxes" are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, whereas charges are sustainable as "fees" where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | Generally speaking, taxes are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, while, on the other hand, charges are sustainable as fees where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | "If a charge is imposed upon a person to defray the cost of particular services rendered for his account, is the charge a tax?" |
| 1618 | Dorchester House Assocs. Ltd. P'ship v. D.C. Rental Hous. Comm'n, 913 A.2d 1260, 1264 (D.C. App. 2006) | 7 | A plaintiff must be given an opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice. Civil Rule 41(b). | "[T]he plaintiff [must be given] an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice." | Should a plaintiff be given an opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice? |
| 1619 | Southview Co-op. Hous. Corp. v. Rent Control Bd. of Cambridge, 396 Mass. 395, 402-403 (1985) | 4 | In determining whether regulatory charges are fees rather than taxes, reasonable latitude must be given to agency in fixing charges to cover its anticipated expenses in connection with services to be rendered. | In determining whether regulatory charges are fees rather than *403 taxes, reasonable latitude must be given to the agency in fixing charges to cover its anticipated expenses in connection with the services to be rendered. | "In determining whether regulatory charges are fees rather than taxes, should reasonable latitude be given to the agency in fixing charges to cover its anticipated expenses?" |

| 1621 | Ex parte Puccio, 923 So. 2d 1069, 1077 (Ala. 2005) | 17 | A denial of a motion to dismiss for lack of personal jurisdiction is interlocutory and preliminary only; after such a denial, the continuation of personal jurisdiction over a defendant who appropriately persists in challenging it in the defendant's answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence to prove the plaintiff's jurisdictional allegations in the plaintiff's complaint. Rules Civ.Proc., Rule 12(b)(2). | However, we note: "A denial of a Rule 12(b)(2)[, Ala.R.Civ.P.,] motion to dismiss for lack of personal jurisdiction is interlocutory and preliminary only. After such a denial, the continuation of personal jurisdiction over a defendant who appropriately persists in challenging it in the defendant's answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence to prove the plaintiff's jurisdictional allegations in the plaintiff's complaint." | Is a denial of a motion to dismiss for lack of personal jurisdiction interlocutory and preliminary only? |
| --- | --- | --- | --- | --- | --- |
| 1622 | In re Gen. Motors Corp., 296 S.W.3d 813, 827-28 (Tex. App. 2009) | 24 | A trial court may dismiss for want of prosecution when any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or when a case is not disposed within the time standards promulgated by the supreme court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." Tex.R.Civ.P. 165a(1)-(2). | "Can a court dismiss for want of prosecution, when any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice?" |
| 1623 | Burton v. Airborne Exp., 367 Ill. App. 3d 1026, 1029 (2006) | 2 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the complaint's face or that are established by external submissions acting to defeat the complaint's allegations. S.H.A. 735 ILCS 5/2-619. | A motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)) admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the complaint's face or that are established by external submissions acting to defeat the complaint's allegations. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of a plaintiff's allegations? |
| 1624 | Dinerstein v. Evanston Athletic Clubs, Inc., 2016 IL App (1st) 153388, ¶ 13, 64 N.E.3d 1132, 1138–39 | 3 | Under rule permitting dismissal of a claim when the claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the affirmative matter must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | Defendants' motion was specifically based on subsection (a)(9), which permits dismissal where "the claim asserted * * * is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2–619(a)(9) (West 2014); see also Van Meter v. Darien Park District, 207 Ill.2d 359, 367, 278 Ill.Dec. 555, 799 N.E.2d 273 (2003). The "affirmative matter" must be apparent on the face of the complaint or supported by affidavits **54 *1139 or certain other evidentiary materials. | Should the affirmative matter be apparent on the face of the complaint or supported by affidavits or evidence when the claim is barred by other affirmative matter avoiding the legal effect or defeating the claim? |

| 1625 | Vozniak v. Winans, 191 W. Va. 228, 229 (W.Va.,1994) | 1 | To reinstate cause of action which has been dismissed for failure to prosecute, plaintiff must move for reinstatement within three terms of entry of dismissal order and make showing of good cause which adequately excuses his neglect in prosecution of case. Rules Civ.Proc., Rule 41(b). | Under W.Va.R.Civ.P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case. | "To reinstate cause of action which has been dismissed for failure to prosecute, should a plaintiff move for reinstatement within three terms of an entry of a dismissal order?" |
| 1626 | Provencher v. Buzzell-Plourde Associates, 142 N.H. 848, 853 (1998) | 4 | When motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | When, however, the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the "trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." | How does the court determine whether plaintiff has sufficiently demonstrated his right to claim relief? |
| 1627 | Anthony v. Tidwell, 560 S.W.2d 908, 909 (Tenn. 1977) | 1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of complaint. It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint. | Can a complaint be subject to dismissal if an affirmative defense clearly and unequivocally appear on the face of the complaint? |
| 1628 | Prodromos v. Poulos, 202 Ill. App. 3d 1024, 1028 (1990) | 3 | In motion to dismiss, court must also consider whether defendant has brought forth facts which constitute affirmative defense that could defeat plaintiff's cause of action. S.H.A. ch. 110, P 2-619. | In a motion brought under Ill.Rev.Stat.1989, ch. 110, par. 2-619, the court must also consider whether the defendant has brought forth facts which constitute an affirmative defense that could defeat the plaintiff's cause of action. | Should the court consider if defendant has brought forth facts which constitute affirmative defense that could defeat plaintiff's cause of action? |
| 1629 | In re Adoption of Jason K., 41 Misc. 3d 885, 892, 972 N.Y.S.2d 481, 488 (Fam. Ct. 2013) | 8 | By including restrictions on intent in the definition of some nonimmigrant classes, Congress must have meant aliens to be barred from these classes if their real purpose in coming to the United States was to immigrate permanently. Immigration and Nationality Act, S 101(a)(15)(F)(i), 8 U.S.C.A. S 1101(a)(15)(F)(i). | [b]y including restrictions on intent in the definition of some nonimmigrant classes, Congress must have meant aliens to be barred from these classes if their real purpose in coming to the United States was to immigrate permanently. | "By including restrictions on intent in the definition of some nonimmigrant classes, did Congress mean to bar aliens from these classes if their real purpose in coming to the United States was to immigrate permanently?" |

| | | | | | |
|---|---|---|---|---|---|
| 1630 | Arizona v. United States, 567 U.S. 387, 394-95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the power of the government over the status of aliens rest on the federal governments power to control relations with foreign nations? |
| 1633 | Sturgess v Zelman, 15 Misc. 3d 487, 489 (N.Y. Sup Ct, 2007) | 1 | To restore a matter to the trial calendar, after a year has passed from it being marked off, a plaintiff must demonstrate: (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. McKinney's CPLR 3404. | To restore a matter to the trial calendar pursuant to CPLR § 3404, after a year has passed from it being marked off, a plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. | "To restore a matter to the trial calendar, after a year has passed from it being marked off, what should a plaintiff demonstrate?" |
| 1634 | Etter v. Cnty. of Nassau, 261 A.D.2d 571, 571, 690 N.Y.S.2d 712, 713 (1999) | 1 | Actions which are deemed abandoned and which are automatically dismissed may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced. McKinney's CPLR 3404. | Actions which are deemed abandoned and which are automatically dismissed pursuant to CPLR 3404 may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced | Can actions which are deemed abandoned and which are automatically dismissed not be restored to the calendar unless the plaintiff produces evidence? |
| 1635 | Muhammed v. Manhattan Payment Ctr., Inc., 251 A.D.2d 228, 229, 675 N.Y.S.2d 45, 46 (1998) | 2 | Action which has been deemed abandoned as result of having been marked off or stricken from calendar, and not having been restored within one year, may thereafter be restored where moving party demonstrates meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing party, and lack of intent to abandon action. McKinney's CPLR 3404. | A case that has been marked off or stricken from the calendar and that has not been restored within one year is deemed abandoned under CPLR 3404 (Syndicate Build. Corp. v. Lorber, 193 A.D.2d 506, 507, 597 N.Y.S.2d 372). However, the action may be restored where the moving party demonstrates a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action | Can an action which has been deemed abandoned as a result of having been marked off or stricken from a calendar thereafter be restored? |
| 1636 | Samaras v. Hartwick, 698 A.2d 71, 73 (Pa.Super., 1997) | 3 | To successfully set aside termination of action, aggrieved party must demonstrate that petition for reactivation was timely filed, reasonable explanation exists for docket inactivity, and facts exist supporting a meritorious cause of action. Pa.R.J.A. No. 1901. | In order to successfully set aside the termination of an action, the aggrieved party must demonstrate that: (1) the petition for reactivation was timely filed; (2) a reasonable explanation exists for the docket inactivity; and (3) facts exist supporting a meritorious cause of action. | "To successfully set aside termination of action, should an aggrieved party demonstrate that a petition for reactivation was timely filed?" |

| 1637 | Liton Lighting v. Platinum Television Grp., 2 So. 3d 366, 367 (Fla. Dist. Ct. App. 2008) | 2 | A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings; when a trial judge sua sponte dismisses a cause of action on grounds not pleaded, the trial judge denies the parties due process because the claim is being dismissed without notice and an opportunity for the parties and counsel to be heard. U.S.C.A. Const.Amend. 14. | A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings. See Kerrigan, Estess, Rankin, & McLeod v. State, 711 So.2d 1246, 1249 (Fla. 4th DCA 1998). When a trial judge sua sponte dismisses a cause of action on grounds "not pleaded," the trial judge denies the parties due process because the claim is being dismissed without "notice and an opportunity for the parties and counsel to be heard." Id. | Can a judge dismiss an action based on affirmative defenses not raised by proper pleadings? |
| 1639 | People v. Niccolich, 220 A.D.2d 461, 462, 631 N.Y.S.2d 922, 923 (1995) | 2 | When court declares mistrial without obtaining defendant's consent, double jeopardy provisions of state and federal constitutions prohibit retrial for same crime unless there is manifest necessity for the mistrial, or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | When a court declares a mistrial without obtaining the defendant's consent, the double jeopardy provisions of the State and Federal Constitutions prohibit retrial for the same crime unless "there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated | Can a retrial after a mistrial present an issue of double jeopardy unless the mistrial is based on reasons of manifest necessity or unless the defendant consented or requested a mistrial? |
| 1640 | Antoine E.J. v. Birch Fam. Servs., Inc., 95 A.D.3d 832, 833, 943 N.Y.S.2d 219, 220 (App. Div. 2012) | 3 | Injury caused by impulsive, unanticipated act of fellow student ordinarily will not give rise to finding of negligence on part of school, absent proof of prior conduct that would have put reasonable person on notice to protect against injury-causing act. | [A]n injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act | "Will an injury caused by the impulsive, unanticipated act of a fellow student, give rise to a finding of negligence?" |
| 1641 | Montanaro v. Aspetuck Land Tr., 137 Conn. App. 1, 9, 48 A.3d 107, 113–14 (2012) | 2 | Highways are established by one of the following four methods: (1) through the direct action of the legislature; (2) through authorized proceedings involving an application to a court; (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns and specified authorities of cities and boroughs; (4) through private dedication of land for that purpose and its acceptance by the public. C.G.S.A. SS 13a-7, 13A-61. | Highways **114 are established by one of the following four methods: "(1) through the direct action of the legislature; (2) through authorized proceedings involving an application to a court; (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns [General Statutes 13a-61] and specified authorities of cities and boroughs [General Statutes 13a-7]; (4) through private dedication of land for that purpose and its acceptance by the public." | Can a public highway be established through private dedication of land accepted by the public? |

| 1642 | Clark v. Yarbrough, 900 S.W.2d 406, 408–09 (Tex. App. 1995) | 4 | In reinstatement hearing, after dismissal for failure to prosecute, question of whether party's conduct was intentional or a result of conscious indifference is question of fact to be determined by trial court in its discretion but once finding is made, rule's language is mandatory. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | The reinstatement provisions of Rule 165a(3) apply only to dismissals for *409 failure to appear at trial or a hearing. Id. at 901–03. Whether the party's conduct was intentional or the result of conscious indifference is a question of fact to be determined by the trial court in its discretion. Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ). Once the finding is made, the rule's language is mandatory. | "After dismissal for failure to prosecute, is the question of whether a party's conduct was intentional or a result of conscious indifference a question of fact to be determined by a trial court?" |
| 1643 | Burton v. Hoffman, 959 S.W.2d 351, 354 (Tex. App. 1998) | 6 | Rule requiring court to reinstate dismissed case upon finding after hearing that failure of party or his attorney was not intentional or result of conscious indifference but was due to accident or mistake or that failure had been otherwise reasonably explained applies only to dismissals for failure to appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | According to this rule, the court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure had been otherwise reasonably explained. See Tex.R. Civ. P. 165a(3). However, appellate courts have held that this rule applies only to dismissals for failure to appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. | Shall a court reinstate a dismissed case upon a finding after hearing that failure of party or his attorney was not intentional or result of conscious indifference? |
| 1646 | Jeffs v. Janessa, Inc., 226 A.D.2d 504, 504, 641 N.Y.S.2d 75, 76 (1996) | 1 | Party seeking to restore case to trial calendar after if has been dismissed must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar. McKinney's CPLR 3404. | A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to trial calendar | "Should a party seeking to restore a matter to a trial calendar after it has been dismissed as abandoned show, inter alia, a reasonable excuse for any delay?" |
| 1648 | Harper Companies v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 656 So. 2d 627, 629 (Fla. App. 1995) | 4 | When party may be able to allege additional facts to support its cause of action or even to support another cause of action based on different legal theory, dismissal with prejudice is abuse of discretion. | It is well-settled that where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. | Can a dismissal with prejudice constitute an abuse of discretion where a party can be able to plead additional facts to support its cause of action or support another cause of action under a different legal theory? |
| 1649 | In re Gen. Motors Corp., 296 S.W.3d 813, 827-28 (Tex. App. 2009) | 25 | Common law vests the trial court with inherent power, independent of the rules of procedure, to move its docket by dismissing cases that are not prosecuted with due diligence. | Additionally, common law vests the trial court with inherent power, independent of the rules of procedure, *828 to move its docket by dismissing cases that are not prosecuted with due diligence. | "Does common law vest the trial court with inherent power, independent of the rules of procedure, to move its docket by dismissing cases that are not prosecuted with due diligence?" |

| 1651 | Prear v. State, 933 S.W.2d 643, 646 (Tex. App. 1996) | 6 | To determine if forfeiture is "punitive" for double jeopardy purposes, court's inquiry is two-fold: whether legislature intended proceedings under forfeiture statute to be criminal or civil, and whether proceedings are so punitive in fact as to persuade court that forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent; question of whether forfeiture is civil or criminal therefore starts as one of statutory construction. U.S.C.A. Const.Amend. 5. | To determine if a forfeiture is punitive for double jeopardy purposes, the court's inquiry is two-fold: "(1) whether the Legislature intended proceedings under the forfeiture statute to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent."  The question of whether a forfeiture is civil or criminal therefore starts as one of statutory construction. | "To determine if forfeiture is punitive for double jeopardy purposes, is a court's inquiry two-fold?" |
| 1652 | George v. State, 41 S.W.3d 241, 244 (Tex. App. 2001) | 4 | Further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that a mistrial is likely but nonetheless consciously disregards that likelihood. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Accordingly, we hold that further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that a mistrial is likely but nonetheless consciously disregards that likelihood. | Is further prosecution barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that a mistrial is likely but nonetheless consciously disregards that likelihood? |
| 1654 | Prive v. Vermont Asbestos Grp., 992 A.2d 1035, 1040 (Vt., 2010) | 3 | Even when a plaintiff has omitted essential elements from the original complaint, the rules allow a plaintiff to plead over and require the court to take the plaintiff's additional allegations as true on a motion to dismiss. Rules Civ.Proc., Rule 15(a). | As we stated in Colby, even when a plaintiff "has omitted essential elements" from the original complaint, "the rules allow a plaintiff to plead over … and require the court to take the plaintiff's [additional] allegations as true on a motion to dismiss." | "Even when a plaintiff has omitted essential elements from the original complaint, do the rules allow a plaintiff to plead over and the court to take the allegations as true on a motion to dismiss?" |
| 1657 | Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) | 14 | By requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits, the nation, in recognition of its debt to veterans, has taken upon itself the risk of error in awarding such benefits. 38 U.S.C.A. S 5107(b). | By requiring only an "approximate balance of positive and negative evidence" to prove any issue material to a claim for veterans benefits, 38 U.S.C. § 5107(b), the nation, "in recognition of our debt to our veterans," has "taken upon itself the risk of error" in awarding such benefits | Does requiring only an approximate balance of positive and negative evidence necessary to prove any issue material to a claim for veterans benefits recognize societys debt to veterans? |

| 1658 | United States v. Jackson, 904 F. Supp. 1185, 1186 (D. Or. 1995), aff'd, 99 F.3d 1147 (9th Cir. 1996) | 2 | Criminal and civil forfeiture proceedings which are based upon same acts may subject defendant to double jeopardy; to attack criminal conviction under double jeopardy clause, petitioner bears burden of demonstrating that jeopardy attached in civil forfeiture process before he entered guilty plea in criminal action. U.S.C.A. Const.Amend. 5. | Criminal and civil forfeiture proceedings which are based upon the same acts may subject a defendant to double jeopardy. See United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994), amended, 56 F.3d 41 (9th Cir.1995). To attack a criminal conviction under the double jeopardy clause, petitioner bears the burden of demonstrating that jeopardy attached in the civil forfeiture process before he entered a guilty plea in the criminal action. | Can criminal and civil forfeiture proceedings based on the same facts subject a defendant to double jeopardy? |
| 1659 | Conner v. Deramus, 374 F. Supp. 504, 509 (Pa. 1974) | 4 | In reviewing trial court's declaration of mistrial, court must look at possibility of manipulation inherent in procedure complained of, alternatives available to trial judge at time, and presence of some important countervailing interest of proper judicial administration. | In reviewing a trial court's declaration of a mistrial, the court must look at the possibility of manipulation inherent in the procedure complained of, the alternatives available to the trial judge at the time, and the presence of some important countervailing interest of proper judicial administration. | "In reviewing a trial court's declaration of mistrial, should a court look at a possibility of manipulation inherent in a procedure complained of?" |
| 1660 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 1 | Dismissal of complaint is proper when one or more of following three conditions is satisfied: when on its face complaint reveals no law supports plaintiff's claim, when on its face complaint reveals absence of fact sufficient to make good claim, and when some fact disclosed in complaint necessarily defeats plaintiff's claim; thus, complaint is deemed sufficient to withstand motion to dismiss where no "insurmountable bar" to recovery appears on face of complaint and complaint's allegations give adequate notice of nature and extent of claim. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | Dismissal under Rule 12(b)(6) is proper when one or more of the following three conditions is satisfied: (1) when on its face the complaint reveals no law supports plaintiff's claim; (2) when on its face the complaint reveals the absence of fact sufficient to make a good claim; and (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim. Oates v. JAG, Inc., 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). Thus, a complaint is deemed sufficient to withstand a motion to dismiss under Rule 12(b)(6) where no "insurmountable bar" to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. | Is a complaint sufficient if no insurmountable bar to recovery appears on its face and its allegations give adequate notice of nature and extent of claim? |
| 1663 | U.S. v. Hardwell, 80 F.3d 1471, 1498–99 (C.A.10 (Kan.),1996) | 81 | Use of evidence of related criminal conduct to enhance defendant's sentence for a separate crime does not constitute punishment for that conduct within meaning of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime does not constitute punishment for that conduct within the meaning of the double jeopardy clause. | Does use of evidence of related criminal conduct to enhance defendant's sentence for a separate crime constitute punishment for that conduct within meaning of double jeopardy clause? |

| | | | | | |
|---|---|---|---|---|---|
| 1665 | Shirrell v. Missouri Edison Co., 535 S.W.2d 446, 448 (Mo., 1976) | 1 | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | Lemay Bank & Trust Co., 386 S.W.2d 398, 399 (Mo.1965), as follows: 'The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent power, in the exercise of sound judicial discretion, to dismiss case for failure to prosecute with due diligence?" |
| 1666 | Shirrell v. Missouri Edison Co., 535 S.W.2d 446, 448 (Mo., 1976) | 1 | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | Lemay Bank & Trust Co., 386 S.W.2d 398, 399 (Mo.1965), as follows: 'The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" |
| 1667 | Binner v. Limestone Cty., 129 S.W.3d 710, 712(Tex. App. 2004) | 3 | Common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence? |
| 1668 | State v. Howard, 150 Idaho 471, 478 (2011) | 10 | When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying that charge. U.S.C.A. Const.Amend. 5; West's I.C.A. Const. Art. 1, S 13. | When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying that charge. | "When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, does the prohibition against double jeopardy bar retrying that charge?" |
| 1670 | U.S. v. Parris, 88 F.Supp.2d 555, 562 (E.D.Va.,2000) | 7 | When a jury acquits a defendant of a charge, the Double Jeopardy Clause prohibits the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution. U.S.C.A. Const.Amend. 5. | When a jury acquits a defendant of a charge, the Double Jeopardy Clause prohibits the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution. | "When a jury acquits a defendant of a charge, does the Double Jeopardy Clause prohibit the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution?" |
| 1671 | Washington v. Jarvis, 307 F. Supp. 2d 794, 803 (E.D.Va.,2004) | 2 | Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, double jeopardy principles will not bar reprosecution where criminal defendant consents to declaration of mistrial. U.S.C.A. Const.Amend. 5. | Absent judicial or prosecutorial misconduct intended to "goad" the defendant into moving for a mistrial, double jeopardy principles will not bar reprosecution where a criminal defendant consents to the declaration of a mistrial. | "Absent judicial or prosecutorial misconduct intended to goad defendant into moving for a mistrial, will double jeopardy principles not bar reprosecution where a criminal defendant consents to a declaration of mistrial?" |

| 1672 | State v. Howes, 432 A.2d 419, 423-424 (Me., 1981) | 5 | Fact alone that criminal defendant has been acquitted for insufficiency of evidence does not suffice to make protection against double jeopardy operative so as to bar State's appeal. 15 M.R.S.A. S 2115-A, subd. 2; Const. Art. 1, S 8; U.S.C.A.Const. Amends. 5, 14. | Moreover, the fact alone that a criminal defendant has been acquitted for insufficiency of evidence does not suffice to make the protection against double jeopardy operative, thereby to bar the State's appeal under 15 M.R.S.A. | Does the fact alone that a criminal defendant has been acquitted for insufficiency of evidence not suffice to make protection against double jeopardy operative so as to bar State's appeal? |
| U.S. v. McCallum, 721 F.3d 706, 709, 406 U.S.App.D.C. 74, 77 (C.A.D.C.,2013) | 2 | The constitutional protection against double jeopardy comprises not only the defendant's right to be secure in a judgment of conviction or acquittal but also his valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | The constitutional protection against double jeopardy comprises not only the defendant's right to be secure in a judgment of conviction or acquittal but also his " 'valued right to have his trial completed by a particular tribunal. | Does the constitutional protection against double jeopardy comprise not only the defendant's right to be secure in a judgment of conviction or acquittal but also valued right to have his trial completed by a particular tribunal? |
| 1674 | U.S. v. Morse, 613 F.3d 787, 796 (C.A.8 (Minn.), 2010)&(FN3) | 19 | Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause so long as the earlier sentence was within the statutory or legislatively authorized punishment range. U.S.C.A. Const.Amend. 5. | "Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause so long as the earlier sentence was within the statutory or legislatively authorized punishment range. | "When can relevant conduct which has been considered in a prior sentencing, be a basis for subsequent prosecution without violating the double jeopardy clause?" |
| 1676 | People v. Burtron, 376 Ill. App. 3d 856, 862 (2007) | 3 | Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, the same is not true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached. U.S.C.A. Const.Amend. 5. | Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, the same is not true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached. | "Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, is the same true when a criminal proceeding ends before a final resolution of the merits of the charges against the accused is reached?" |
| 1677 | Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999) | 1 | A private damages action may lie against a school board under Title IX in cases of student-on-student harassment, but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities, and only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. Education Amendments of 1972, S 901(a), as amended, 20 U.S.C.A. S 1681(a). | We consider here whether a private damages action may lie against the school board in cases of student-on-student harassment. We conclude that it may, but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities. Moreover, we conclude that such an action will lie only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. | Can school boards be liable under Title IX for sexual harassment of students? |

| 1678 | High v. United States, 128 A.3d 1017, 1020 (D.C. App. 2015) | 5 | To obtain a conviction for threats to do bodily harm, the government must prove, inter alia, the following beyond a reasonable doubt: that (1) the defendant uttered words to another person, and that (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer. D.C. Official Code, 2001 Ed. S 22-407. | To obtain a conviction of threats to do bodily harm, the government must prove, inter alia, the following beyond a reasonable doubt: that "(1) the defendant uttered words to another person, [and that] (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer...." | What must the government prove in order to obtain a conviction for threats to do bodily harm? |
| 1679 | Provenzano v. Provenzano, 88 Conn. App. 217, 221–222 (2005) | 3 | Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution; the burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist. | [C]lear and convincing proof ... denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution.... [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do *222 not exist.. | What is the standard of proof required to claim adverse possession? |
| 1680 | Mahler v. Szucs, 135 Wash. 2d 398, 411 (Wash. 1998) | 1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | . Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Does subrogation seek to impose ultimate responsibility for a wrong or loss on the party who in equity and good conscience ought to bear it? |
| 1682 | Gautreaux v. Maya, 112 So. 3d 146, 149 (Fla. App. 2013) | 5 | When reviewing case for fraud on court justifying dismissal of action, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | "When reviewing case for fraud on a court justifying an extraordinary measure of dismissal, should a court consider a proper mix of factors and carefully balance policy favoring adjudication?" |

| 1683 | Evans v. Empire Dist. Elec. Co., 346 S.W.3d 313, 317 (2011) | 7 | A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment; an exception exists, however, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | "A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment." Id. (citing Fortenberry v. Buck, 307 S.W.3d 676, 679 (Mo.App. W.D.2010)). An exception exists, however, whereby a defendant may properly file a motion to dismiss for failure to state a claim under Rule 55.27(a)(6) 4 when it appears from the face of the petition that an affirmative defense is applicable. | Is there an exception for a pre-trial dismissal to be granted based on an affirmative defense? |
| 1684 | Am. Petroleum Inst. v. U.S. E.P.A., 52 F.3d 1113, 1119 (D.C. Cir. 1995) | 3 | Environmental Protection Agency (EPA) cannot rely on its general authority to make rules necessary to carry out its functions when specific statutory directive defines relevant functions of EPA in particular area. | EPA cannot rely on its general authority to make rules necessary to carry out its functions when a specific statutory directive defines the relevant functions of EPA in a particular area. | Can the Environmental Protection Agency (EPA) rely on its general authority to make rules to carry on functions when a specific statutory directive defines its relevant functions in a particular area? |
| 1686 | Love Terminal Partners v. United States, 126 Fed. Cl. 389, 410 (2016) | 13 | A regulation that restricts the use of property or unduly burdens private property interests results in a regulatory, not a physical, taking; in other words, a regulatory taking is one in which the government prevents the landowner from making a particular use of the property that otherwise would be permissible. U.S. Const. Amend. 5. | A regulation that restricts the use of property or unduly burdens private property interests results in a regulatory, not a physical, taking. Huntleigh USA Corp. v. United States, 525 F.3d 1370, 1378 (Fed.Cir.2008); accord Tuthill Ranch, Inc., 381 F.3d at 1137. In other words, a regulatory taking is one in which "the government prevents the landowner from making a particular use of the property that otherwise would be permissible. | n a regulatory taking does the government prevent the landowner from making a particular use of the property that otherwise would be permissible? |
| 1687 | Goudy v. Dayton Newspapers, 14 Ohio App. 2d 207, 208 (1967) | 6 | It is within discretion of trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against. | It is within the discretion of a trial court whether to grant a mistrial, or a continuance for the purpose of securing documentary evidence, or whether to grant a new trial for surprise which ordinary prudence could not have guarded against. | " Is it within discretion of a trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against?" |

| 1688 | Moy v. Ng, 371 Ill. App. 3d 957, 960, 864 N.E.2d 752, 755 (2007) | 6 | Where a party fails to properly respond to a request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence; such an admission is considered incontrovertible and has the effect of withdrawing a fact from contention. Sup.Ct.Rules, Rule 216. | Where a party fails to properly respond to a Rule 216 request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence. Robertson v. Sky Chefs, Inc., 344 Ill.App.3d 196, 199, 279 Ill.Dec. 49, 799 N.E.2d 852 (2003). Such an admission is considered incontrovertible and has the effect of withdrawing a fact from contention. | "Where a party fails to properly respond to a request to admit facts, will those factual matters in the request be deemed judicial admissions which cannot later be controverted by any contrary evidence? " |
| 1689 | State v. Schenkolewski, 301 N.J. Super. 115, 138-139 (1997) | 4 | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | Under N.J.S.A. 2C:27-2, neither the offeror nor the recipient of the bribe need be a public official to prove bribery. Rather, it is sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty, whether or not he was capable of actually effecting *139 such an act. | "To prove bribery, is it sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty?" |
| 1690 | ,\n\nColorado Interstate Gas Co. v. Sears, 362 S.W.2d 396, 400 (Tex. Civ. App. 1962), | 3 | Rule of fair chance or fair share is reason for "confiscation" exception to well-spacing rule whereby owner or lessee can get oil and gas well permit for small tract, and proper test of confiscation under the rule is whether owner, with wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts within drainage area to recover his fair share of oil in place underneath his tract. | 'The rule of fair chance or fair share is the reason for the 'confiscation' exception to Rule 37 whereby an owner or lessee can get a well permit for a small tract. Brown v. Humble Oil & Refining Co., 1935, 126 Tex. 296, 83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393; Railroad Commission of Texas v. Gulf Production Co., 1939, 134 Tex. 122, 132 S.W.2d 254. In fact, it has been held that the proper test of confiscation under Rule 37 is whether an owner, with the wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts within the drainage area to recover his fair share of the oil in place beneath his tract. If he has, no confiscation results. | "Is the proper test of confiscation whether an owner, with the wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts to recover his fair share of the oil in place beneath his tract?" |
| 1691 | Bloomgarden v. Lanza, 143 A.D.3d 850, 851, 40 N.Y.S.3d 142, 144 (2016) | 1 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court | Need a plaintiff only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court? |

| 1695 | State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063, 1067 (Colo.App., 2008) | 4 | "Subrogation" is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | "Subrogation is a 'creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it.' | Is subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? |
| 1696 | Thrower v. Anson, 276 Neb. 102, 110 (Neb., 2008) | 15 | "Subrogation" involves the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities. | Subrogation involves the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities. | "Does subrogation involve the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities?" |
| 1697 | Yaw v. Beeghly, 109 Ill. App. 3d 627, 632 (1982) | 7 | Absence of counsel is just one factor to be considered in granting continuance; more important factor is whether party seeking continuance has acted with diligence, and the very fact that no one has appeared to seek a continuance can be construed as lack of diligence. | Absence of counsel is just one factor to be considered in granting a continuance. A more important factor is whether the party seeking a continuance had acted with diligence. (Thilman, at 294, 42 Ill.Dec. 305, 408 N.E.2d 1014.) The very fact that no one appeared to seek a continuance can be construed as lack of diligence. | "Is absence of counsel just one factor to be considered in granting a continuance and is the more important factor whether the party seeking continuance has acted with diligence, and can the very fact that no one has appeared to seek a continuance can be construed as lack of diligence?" |
| 1699 | In re Bill Heard Enterprises, 423 B.R. 771, 783 (N.D. Ala. 2010) | 19 | Doctrine of equitable subrogation is designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense. | The doctrine of equitable subrogation is designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense. | Is the doctrine of equitable subrogation designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense? |
| 1700 | World Wide Mins. Ltd. v. Republic of Kazakhstahn, 116 F. Supp. 2d 98, 104 (D.D.C. 2000) | 8 | "Act of state doctrine" bars consideration of claims when the resolution of a case turns on the legality or illegality of official action taken by a foreign sovereign in its own territory. | The act of state doctrine bars consideration of claims when the resolution of a case turns on the legality or illegality of official action taken by a foreign sovereign in its own territory | Does the Act of state doctrine bar consideration of claims when the resolution of a case turns     on the legality or illegality of an official action taken by a foreign sovereign in its own territory? |
| 1701 | Autin v. Goetz, 524 S.W.3d 617, 631 (Tenn. App. 2017) | 9 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Consequently, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." Lacy v. Cox, 152 S.W.3d 480, 484 (Tenn. | Is a plaintiffs right to voluntary dismissal without prejudice subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal? |

| 1702 | In re Frankum, 399 B.R. 498, 504 (E.D. Ark. 2009) | 10 | Subrogation may arise in two different contexts: (1) when a person who is not liable for a debt pays a creditor and seeks reimbursement from the debtor for the monies paid to that creditor, and (2) when a person is liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt he has paid. | Subrogation may arise in two different contexts: (1) when a person who is not liable for a debt pays a creditor and seeks reimbursement from the debtor for the monies paid to that creditor; or (2) when a person is liable for the debt as a codebtor, surety or guarantor, and seeks reimbursement of the debt he has paid. | "Can subrogation arise when a person who is not liable for a debt pays a creditor and seeks reimbursement from the debtor for the monies paid to that creditor, and when a person is liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt he has paid?" |
| --- | --- | --- | --- | --- | --- |
| 1703 | Broward Cty. v. Carney, 586 So. 2d 425, 427 (Fla. App. 1991) | 2 | "Full compensation" for the taking of private property for public purpose, within meaning of the Florida Constitution, consists of two elements: value of property taken and severance damages to the remainder, if any; other damages, such as business damages and lost profits, do not constitute a part of the constitutionally protected concept of "just" or "full" compensation, since they are intangibles which generally are not "property" in the constitutional sense. West's F.S.A. Const. Art. 10, S 6(a). | "Full compensation" for the taking of private property for a public purpose, within the meaning of the Florida Constitution, consists of two elements: the value of the property taken and severance damages to the remainder, if any. Id. at 159. Other damages, such as business damages and lost profits, do not constitute a part of the constitutionally protected concept of "just" or "full" compensation, since they are intangibles which generally are not "property" in the constitutional sense. | What elements constitute full compensation in eminent domain matters? |
| 1705 | Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 238-39 (3rd Cir. 2005) | 1 | Federal Arbitration Act (FAA) codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving courts; in furtherance of this interest, court must scrupulously honor bargains implicit in arbitration agreements and interfere only when award is severely problematic. 9 U.S.C.A. S 1 et seq. | The Federal Arbitration Act codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving the courts. In furtherance of this interest, a court must scrupulously honor the *239 bargains implicit in such agreements and interfere only when an award is severely problematic. | What is the intention of Congress in codifying Federal Arbitration Act? |
| 1709 | Bramon v. U-Haul, 945 S.W.2d 676, 684 (Miss. App. 1997) | 18 | Three degrees of malice exist for purposes of actions for malicious prosecution; "actual malice" means ill will, spite, personal hatred, or vindictive motives, while "legal malice" embraces any improper motive, and "malice in law" is a wrongful act done intentionally without just cause or excuse. | Three degrees of malice exist for purposes of actions for malicious prosecution. Pernoud v. Martin, 891 S.W.2d 528, 535 [2] (Mo.App.1995). "Actual malice" means ill will, spite, personal hatred, or vindictive motives. Id. "Legal malice" embraces any improper motive. Id. "Malice in law" is a wrongful act done intentionally without just cause or excuse. | What are the three degrees of malice in malicious prosecution actions? |

| 1713 | Howard Univ. v. Roberts-Williams, 37 A.3d 896, 910 (D.C. App. 2012) | 16 | Rulings on motions in limine normally are considered provisional, in the sense that the trial court may revisit its pre-trial evidentiary rulings in the context of the presentation of the evidence in the case. | However, "rulings on motions in limine normally are considered provisional, in the sense that the trial court may revisit its pre[-]trial evidentiary rulings in the context of the presentation of the evidence in the case." | "Are rulings on motions in limine normally considered provisional, in the sense that the trial court may revisit its pre-trial evidentiary rulings in the context of the presentation of the evidence in the case?" |
|---|---|---|---|---|---|
| 1714 | First Specialty Ins. Corp. v. Novapro Risk Sols., LP, 468 F. Supp. 2d 1321, 1339 (D. Kan. 2007) | 1 | Under New Jersey law, "subrogation" is equitable rather than contractual doctrine, applied in interest of justice when one party who is not volunteer pays obligation which should be imposed on another. | Under New Jersey law, "subrogation is an equitable rather than a contractual doctrine applied in the interest of justice when one party who is not a volunteer pays an obligation which should be imposed on another...." | "Is subrogation an equitable rather than contractual doctrine, applied in interest of justice when one party who is not volunteer pays obligation which should be imposed on another?" |
| 1715 | Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748, 751 (Colo. App. 2006) | 9 | Equitable subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | It is "a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." | Is equitable subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? |
| 1716 | In re Karp, 373 B.R. 837, 843-44 (N.D. Ill. 2007) | 13 | Four requirements must be met in order for potential subrogee to assert right of subrogation under Illinois law: (1) debt or claim must have been paid in full; (2) subrogee must have paid debt for which third party, and not subrogee, is primarily liable; (3) subrogor must possess right which he could enforce against third party; and (4) subrogee must not have acted as mere volunteer in paying debt or claim. | To assert a right of subrogation, a potential subrogee is required to *844 satisfy the following requirements: (1) the debt or claim must have been paid in full; (2) the subrogee must have paid a debt for which a third party and not the subrogee is primarily liable; (3) the subrogor must possess a right which he could enforce against a third party; and (4) the subrogee must not have acted as a mere volunteer in paying the debt or claim. | What four requirements must be met in order for a potential subrogee to assert the right of subrogation? |

| 1717 | Sunshine v. Bankers Tr. Co., 34 N.Y.2d 404, 411-412, 314 N.E.2d 860, 864-65 (1974) | 9 | Statute providing that, if payor bank has paid item over stop payment order of drawer, to prevent unjust enrichment and only to extent necessary to prevent loss to bank by reason of its payment of item, payor bank shall be subrogated to rights of maker against payee with respect to transaction out of which item arose confers on bank substantive rights of subrogation, even if technical mechanical requirements of common-law subrogation have not been met. Uniform Commercial Code, S 4-407. | Another remedy appellant attempts to pursue is that of subrogation. Section 4—407 of the code states that: 'If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights * * * (c) of the drawer or maker against the payee * * * with respect to the transaction out of which the item arose.'<br><br>. . .<br><br>In short, we read section 4—407 as conferring on the Bank the substantive rights of subrogation even if the technical mechanical requirements of common-law subrogation have not been met | When does payor bank have to be subrogated to rights of drawer against payee to prevent unjust enrichment? |
| 1718 | Kansas City, Mo. v. Tri-City Const. Co., 666 F. Supp. 170, 172 (W.D. Mo. 1987) | 2 | All that is necessary for surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor is that the contractor be in default as a matter of fact and that the surety become obligated to pay under its payment bond and discharge the obligation. | Under Missouri law all that is necessary for a surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor is that "the contractor be in default as a matter of fact, and that as a result of such default the surety become obligated to pay under its payment bond, and discharge the obligations of its principal." | What is necessary for a surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor? |
| 1719 | Walker Process Equip. Co. v. Cooley Bldg. Corp., 129 Vt. 333, 339 (Vt. 1971) | 5 | "Subrogation" is an equity called into existence for purpose of enabling party secondarily liable but who has paid debt to reap benefit of any securities or remedies which creditor may hold against principal debtor and by use of which party paying may thus be made whole. | Subrogation is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold against the principal debtor and by the use of which the party paying may thus be made whole. | Does the doctrine of equitable subrogation or subrogation enable a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party? |

| 1720 | State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063, 1067 (Colo.App., 2008) | 9 | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee, (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party, and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee; (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party; and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What are the pertinent differences between assignment and subrogation? |
|------|---------|---|---|---|---|
| 1721 | A/S Ivarans Rederi v. United States, 895 F.2d 1441, 1445 (D.D.C. 1990) | 2 | Private, regulated parties cannot agree to waive subject matter jurisdiction of agency charged with statutory responsibility to insure that parties implement agreements as approved by and filed with that agency. | Private regulated parties cannot agree to waive the subject matter jurisdiction of the agency charged with the statutory responsibility to insure that parties implement agreements as approved by and filed with that agency. | Can private regulated parties waive the subject matter jurisdiction of the agency charged with the statutory responsibility to insure that parties implement agreements as approved by and filed with that agency? |
| 1724 | R.S.B. Ventures v. Berlowitz, 211 So. 3d 259, 263 (Fla.App. 4 Dist., 2017) | 5 | A cause of action for legal malpractice in the litigation context does not accrue until the litigation is concluded by final judgment and the final judgment becomes final, meaning that the time for filing an appeal or postjudgment motions has expired or, if an appeal was taken, the underlying legal proceeding has been completed on appellate review. | A cause of action for legal malpractice in the litigation context does not accrue until "the litigation is concluded by final judgment" and "the final judgment becomes final," meaning that the time for filing an appeal or postjudgment motions has expired or, if an appeal was taken, the underlying legal proceeding has been completed on appellate review. | Does a cause of action for legal malpractice in the litigation context accrue before the litigation is concluded by final judgment? |
| 1725 | U.S. v. Jefferson, 674 F.3d 332, 359 (C.A.4 (Va.), 2012) | 5 | In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or omissions; rather, bribery can be accomplished through an ongoing course of conduct. 18 U.S.C.A. S 201. | We agree with that court's explanation that, "in order to establish the quid pro quo essential to proving bribery, the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions)." Id. at 148 (internal quotation marks omitted). Rather, "bribery can be accomplished through an ongoing course of conduct." Id. | Does the Government need to show that the defendant intended for his payments to be tied to specific official acts or omissions in order to establish the quid pro quo essential to proving bribery? |
| 1726 | Genter v. Blair Cty. Convention & Sports Facilities Auth., 805 A.2d 51, 56 (Pa. 2002) | 7 | Merely having house that is somewhat less desirable to live in does not constitute type of exceptional circumstance needed to prove de facto taking of entire residential property. 26 P.S. S 1-502(e). | "Merely having a house that is somewhat less desirable to live in does not constitute the type of exceptional circumstance needed to prove a de facto taking of an entire residential property." | Does merely having a house that is less desirable to live in constitute the type of exceptional circumstance needed to prove a de facto taking of an entire residential property? |

| 1727 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717, 725 (D.Md. 2014) | 8 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Under the act of state doctrine, will the courts of one country sit in judgment on the acts of the government of another, done within its own territory?" |
|------|------|------|------|------|------|
| 1728 | Warfaa v. Ali, 33 F. Supp. 3d 653, 661 (E.D.Va., 2014) | 10 | Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of a foreign government's acts, could interfere with the Executive Branch's conduct of foreign affairs. | Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of such acts, could interfere with the Executive Branch's conduct of foreign affairs. | "Like the political question doctrine, is the act of state doctrine derived in part from the concern that the judiciary could interfere with the conduct of foreign affairs?" |
| 1730 | Fed. Republic of Germany v. Elicofon, 358 F. Supp. 747, 752 (E.D.N.Y. 1970) | 2 | A government is in every sense of the word acting in international affairs when it seeks aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole. | A government is in every sense of the word acting in international affairs when it seeks the aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole. | Is a government acting in international affairs when it seeks the aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole? |
| 1731 | United States v. Sum of $70,990,605, 234 F.Supp.3d 212, 243 (D.D.C., 2017) | 23 | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | "The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | Does the act of state doctrine require acts of foreign sovereigns taken within their own jurisdiction to be deemed valid? |
| 1732 | Branch v. F.T.C., 141 F.2d 31, 35 (7th Cir. 1944) | 8 | The United States in exercising its sovereign control over its commerce and acts of its resident citizens therein does not invade sovereignty of any other country or attempt to act beyond territorial jurisdiction of the United States. | The exercise by the United States of its sovereign control over its commerce and the acts of its resident citizens therein is no invasion of the sovereignty of any other country or any attempt to act beyond the territorial jurisdiction of the United States. | "Does the United States, in exercising its sovereign control over its commerce and acts of its resident citizens therein invade sovereignty of any other country, or attempt to act beyond territorial jurisdiction of the United States?" |
| 1734 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717, 725 (D.Md. 2014) | 8 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | "Is the act of state doctrine a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" |

| 1735 | Harper v. Patterson, 270 Ga. App. 437, 441 (2004) | 14 | A motion in limine is a pretrial motion which may be used two ways: (1) movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during course of trial outside the presence of the jury; and (2) movant seeks a ruling on the admissibility of evidence prior to the trial. | A motion in limine is a pretrial motion which may be used two ways: 1) The movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during the course of the trial outside the presence of the jury. 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. | "Is ""motion in limine"" the name commonly given a pretrial motion that attempts to prevent the offer of, or reference to, specific evidence or other matter in the presence of the jury?" |
| 1736 | Evans v. Family Inns of Am., 141 N.C. App. 520, 523 (2000) | 3 | Rulings on motions in limine are merely preliminary and subject to change during the course of trial, depending on the actual evidence offered at trial, and thus, objection to an order granting or denying such motion is insufficient to preserve for appeal the question of the admissibility of evidence. | Rulings on these motions, however, are merely preliminary and subject to change **349 during the course of trial, depending upon the actual evidence offered at trial and thus an objection to an order granting or denying the motion "is insufficient to preserve for appeal the question of the admissibility of evidence." | Is an objection to an order granting or denying such motion insufficient to preserve for appeal the question of the admissibility of evidence? |
| 1737 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288, 1294, 62 Cal. Rptr. 3d 309, 312 (2007) | 3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine (Greer v. Buzgheia (2006) 141 Cal.App.4th 1150, 1156, 46 Cal.Rptr.3d 780 (Greer )), a court's discretion is limited by the legal principles applicable to the case. | "With respect to the admission and exclusion of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" |
| 1740 | Rapture Shipping, Ltd. v. Allround Fuel Trading B.V., 350 F. Supp. 2d 369, 373 (S.D.N.Y., 2004) | 3 | Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Do United States courts ordinarily defer to proceedings taking place in foreign countries, allowing those proceedings to have extraterritorial effect in the United States?" |
| 1743 | Higgins v. Columbia Gas of Ohio, 136 Ohio App. 3d 198, 201-202 (2000) | 3 | Pure contract and common-law tort claims against a public utility may be brought in a common pleas court, as the Public Utilities Commission has no power to judicially ascertain and determine legal rights and liabilities, or to award damages. R.C. S 4905.26. | Pure contract and common-law tort claims against a *202 public utility may be brought in a common pleas court because "the Commission has no power to judicially ascertain and determine legal rights and liabilities," or to award damages. | Are pure contract and common-law torts claims against public utilities brought in a common pleas court? |

| 1745 | In re Pihl, 560 B.R. 1, 9 (D.Mass. 2016) | 8 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. Not all factors need be present for equitable subrogation to apply. | Are there factors that must be determined before equitable subrogation can be applied? |
| 1746 | In re Jones, 534 B.R. 588, 595 (D. Vt. 2015) | 2 | Equitable subrogation is doctrine which revolves around the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to party whose debt was paid. | Subrogation is a doctrine which revolves around the "substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the [party whose debt was paid]" | "When a party is substituted for another whose debt the party pays, is the subrogated party entitled to rights, remedies, or securities that would otherwise belong to the debtor?" |
| 1747 | Zhang v. Slattery, 55 F.3d 732, 744 (2d Cir. 1995) | 9 | Notice and comment provisions of Administrative Procedure Act are inapplicable to rules involving military or foreign affairs function of United States, presumably to avoid public airing of matters that might inflame or embarrass relations with other countries. 5 U.S.C.A. S 553(a)(1). | The notice and comment provisions of the APA are inapplicable to rules involving "a military or foreign affairs function of United States," § 553(a)(1), presumably to avoid the public airing of matters that might enflame or embarrass relations with other countries. | Are rules involving military or foreign affairs exempted from the notice and comment provisions of the Administrative Procedures Act? |
| 1748 | United States v. Jones, 207 F.Supp.3d 576, 581 (E.D.N.C., 2016) | 2 | For an act by a public official to qualify as an "official act" under the federal bribery statute: (1) it must connote, refer, or involve a focused and concrete formal exercise of governmental power that is pending before the public official performing the act, or before another public official, or is within the specific duties of an official's position, and (2) the public official must make a decision or take action on that act or agree to do so. 18 U.S.C.A. S 201(a)(3). | In sum, for an act by a public official to qualify as an "official act" under the federal bribery statute: (1) It must "connote," "refer," or "involve" a "focused and concrete … formal exercise of governmental power" that is pending before the public official performing the act, or before another public official, or is "within the specific duties of an official's position" (the "identification" requirement); and (2) The public official must make a decision or take action on that act or agree to do so (the "performance" requirement) | What is an official act under the bribery statute? |

| 1750 | Bate v. Davis, 309 Ky. 709, 711 (1949) | 1 | An action cannot be maintained if commenced before accrual of cause which is sought to be enforced, and such an action should be dismissed without prejudice to plaintiff's right to begin a new action on accrual of the cause; and, upon proper and timely objection being made, the nonexistence of a cause of action when suit was started is a fatal defect which cannot be cured by accrual of cause pending suit. | On the other hand, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced. Such an action should be dismissed without prejudice to the plaintiff's right to begin a new action on the accrual of the cause of action, upon proper and timely objection being made the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause pending suit.' | Can an action be maintained if it commenced before the accrual of the cause of action sought to be enforced? |
| 1752 | City of Mount Dora v. JJ's Mobile Homes, 579 So. 2d 219, 225 (Fla. App. 1991) | 15 | When each of two public service utility entities, whether governmental or private, have legal basis for claim of right to provide similar services in same territory, and each has present ability to promptly and efficiently do so, that entity with earliest acquired legal right has exclusive legal right to provide service in that territory without interference from entity with later acquired claim of right. | When each of two public service utility entities, whether governmental or private, have a legal basis for the claim of a right to provide similar services in the same territory and each has the present ability to promptly and efficiently do so, that entity with the earliest acquired (prior) legal right has the exclusive legal right to provide service in that territory without interference from the entity with the later acquired (subsequent) claim of right. | Does an entity providing a similar service as another in the same territory have an exclusive right to provide service in that territory if the entity had an earlier acquired right? |
| 1753 | Ussery v. Darrow, 238 Ala. 67, 71 (Ala.,1939) | 3 | The principle of "laches" is that complainant will be precluded from relief where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult, if not impossible, to do justice, and court need not be satisfied that original claim was unjust, or has been satisfied, or is barred by limitations or prescription. | The principle of laches is as follows: "Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief; and it is not even necessary that the court should be satisfied that the original claim was unjust, or has been satisfied. And this is true even though the demand is not barred by the statute of limitations, nor under the ban of the doctrine of prescription | When will a plaintiff by his laches be precluded from relief? |

| 1754 | Haefner v. First Nat. Bank of Elmwood Place, 67 Ohio App. 213, 218-19 (1941) | 4 | If a plaintiff or defendant has no valid and subsisting title or right to subject of his action or counterclaim at time of its commencement, he may not, by subsequent acquisition, or perfection of such right or title, remedy the defect so as to succeed in the action. | The rule supported by the overwhelming weight *219 of authority appears to be that if a plaintiff or defendant has no valid and subsisting title or right to the subject of his action or counterclaim at the time of its commencement, he may not by the subsequent acquisition, or perfection of such right or title, remedy the defect so as to succeed in the action.' | "If a plaintiff or defendant has no valid and subsisting title or right to subject of his action or counterclaim at time of its commencement, may he remedy the defect so as to succeed in the action?" |
| Barbieri v. Mount Sinai Hosp., 264 A.D.2d 1, 4, 706 N.Y.S.2d 8, 10–11 (2000) | | 2 | For employees, workers' compensation statute ensures a swift and sure source of benefits in exchange for the loss of a common-law tort claim for which benefits, potentially, might be greater. McKinney's Workers' Compensation Law S 10. | For employees, the statute ensures a swift and sure source of benefits in exchange for the loss of a common-law tort claim for which benefits, potentially, might be greater | Does the workers compensation statute ensure a swift and sure source of benefits in exchange for the loss of a common-law tort claim for which benefits might be greater? |
| 1757 | Edward Balf Co. v. Town of E. Granby, 152 Conn. 319, 323 (1965) | 4 | Zoning regulations are presumed to be for welfare of entire community, and mere institution of legal proceeding to determine rights should not be allowed to "freeze" rights and possibly upset development of community according to its comprehensive plan. | Also, since zoning regulations are presumed to be for the welfare of the entire community, the mere institution of a legal proceeding to determine the plaintiff's rights should not be allowed to 'freeze' his rights and possibly upset the development of a community according to its comprehensive plan. | "Since zoning regulations are presumed to be for the welfare of an entire community, should an institution of a legal proceeding to determine rights be allowed to ""freeze"" rights?" |
| 1759 | Karavolos v. Brown Derby, 99 Ohio App. 3d 548, 552 (1994) | 5 | In context of workers' compensation matters the definition of and principles governing torts apply, so one may consider that proximate cause of event is that which in natural and continuous sequence, unbroken by any new, independent cause, produces event, and without which that event would not have occurred. | In the context of workers' compensation matters: "The definition of and principles governing torts apply, so one may consider that the proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the event and without which the event would not have occurred. | How principles governing torts do applies in the context of workers compensation matters? |
| 1760 | U.S. v. Woods, 21 M.J. 856, 869–70 (ACMR,1986) | 2 | The President has both constitutional and statutory authority to promulgate rules and regulations for the Government of the United States Army, and so long as military rules prescribed by President are not inconsistent with congressional statutes, they are within scope of his authority as Commander in Chief. | The President has both constitutional and statutory authority to promulgate rules and regulations for the government of the Army, and, so long as the military rules prescribed by President are not inconsistent with Congressional statutes, they are within the scope of his authority as Commander in Chief. | Do military rules prescribed by the President come within the scope of his authority as commander in chief if they are inconsistent with the congressional statutes? |

| 1761 | Leisure v. Leisure, 605 N.E.2d 755, 758 (Ind. 1993) | 2 | Federal worker's compensation system, created for similar policy reasons as state worker's compensation system, gives employees quicker and more certain relief than common-law tort action. | The federal worker's compensation system, created for similar policy reasons as the state worker's compensation system, gives employees a quicker and more certain relief than a common law tort action. | "Does the federal workers compensation system, created for similar policy reasons as a states workers compensation system, give employees quicker and more certain relief than common-law tort actions?" |
|---|---|---|---|---|---|
| 1762 | Openshaw v. FedEx Ground Package System, Inc., 731 F.Supp.2d 987, 994 (C.D.Cal., 2010) | 11 | Numerous factors may make an arbitration provision substantively unconscionable, including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review; essentially, an arbitration provision is substantively unconscionable if it creates an arbitration procedure that favors one party over another. 9 U.S.C.A. SS 2, 4. | Numerous factors may make an arbitration provision substantively unconscionable, including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review. Essentially, an arbitration provision is substantively unconscionable if it creates an arbitration procedure that favors one party over another | What are the factors that make an arbitration provision substantively unconscionable? |
| 1765 | Louis R. Shapiro, Inc. v. Milspemes Corp., 20 A.D.2d 857, 857 (N.Y.S.2d Sup. Ct. 1964) | 1 | Ordinarily, plaintiff has right to discontinue pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby, and even then right may be exercised subject to terms imposed by courts. CPLR Rule 3217(a), par. 1. | Ordinarily, a plaintiff has a right to discontinue a pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby. Even then the right may be exercised but subject to terms imposed by the courts. | Should a plaintiff be permitted to discontinue the action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? |
| 1766 | Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037, 1042 (Miss. 2003) | 7 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Does trial judges have considerable discretion in managing the pre-trial discovery process in their courts? |
| 1767 | Dunham v. Roer, 708 N.W.2d 552, 573 (Minn. App. 2006) | 52 | Court considers two factors when determining whether to grant a continuance; first, the court considers whether the moving party has been diligent in obtaining or seeking discovery, and, second, the court considers whether the moving party seeks further discovery with the good faith belief that material facts will be uncovered, or is merely engaging in a "fishing expedition". | Accordingly, the court considers two factors when determining whether to grant a continuance. Id. First, the court considers whether the moving party has been "diligent in obtaining or seeking discovery." Id. Second, the court considers whether the moving party seeks further discovery with "the good faith belief that material facts will be uncovered, or ... [is] merely engaging in a 'fishing expedition.' " | What two factors does a court consider when determining whether to grant a continuance? |

| 1770 | Chacon v. Jones-Schilds, 904 N.E.2d 286, 289 (2009) | 6 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. | Does a pretrial order control the subsequent course of an action unless modified at the trial to prevent manifest injustice? |
| 1771 | King v. Thompkins, 186 Ga. App. 12, 13 (1988) | 1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; if claim or issue is omitted from pretrial order, it is waived. O.C.G.A. S 9-11-16(b). | The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. OCGA  9-11-16(b). If a claim or issue is omitted from the order, it is waived." (Cits. | Does a pretrial order control the subsequent course of action unless modified at trial to prevent manifest injustice and if a claim or issue is omitted from the order is it waived? |
| 1773 | Florida Marine Enterprises v. Bailey, 632 So. 2d 649, 651-52 (Fla. App. 1994) | 1 | Except in cases of clear abuse of discretion prejudicial to affected party, circuit courts must be allowed to enforce pretrial orders to achieve orderly and efficient administration of justice, fair to all parties. | Except in cases of a clear abuse of discretion prejudicial to the affected party, trial courts must be allowed to enforce pretrial orders to achieve the orderly and efficient *652  administration of justice, fair to all parties. | "Can circuit courts be allowed to enforce pretrial orders to achieve orderly and efficient administration of justice, fair to all parties?" |
| 1775 | U.S. v. Dreyer, 804 F.3d 1266, 1272 (C.A.9 (Wash.), 2015) | 4 | Posse Comitatus Act (PCA) eliminates the direct active use of federal troops by civil law authorities, and prohibits Army and Air Force military personnel from participating in civilian law enforcement activities. 18 U.S.C.A. S 1385. | The statute "eliminate[s] the direct active use of Federal troops by civil law authorities," United States v. Banks, 539 F.2d 14, 16 (9th Cir.1976), and "prohibits Army and Air Force military personnel from participating in civilian law enforcement activities," Chon, 210 F.3d at 993. | Does the Posse Comitatus Act (PCA) prohibit Army and Air Force military personnel from participating in civilian law enforcement activities? |
| 1776 | Am. Fed'n of Musicians v. Superior Ct. In & For Los Angeles Cnty., 150 Cal. App. 2d 165, 170, 309 P.2d 874, 878 (Cal. Dist. Ct. App. 1957) | 5 | Code of Civil Procedure provision authorizing inspection of writings is remedial in nature and therefore should be liberally construed, and use of remedy provided therein should be encouraged rather than discouraged. West's Ann.Code Civ.Proc., S 1000. | Section 1000 of the Code of Civil Procedure, providing for inspection, is remedial in nature and therefore should be liberally construed and, as has been said, use of the remedy should be encouraged rather than discouraged. | "Is the Code of Civil Procedure provision authorizing inspection of writings remedial in nature and therefore should be liberally construed, and use of remedy provided therein should be encouraged rather than discouraged?" |
| 1778 | C.C. Collings & Co. v. Com., 88 Pa. Cmwlth. 184, 198 (1985) | 3 | Necessity of elevating substance over semantics in categorization of tax legislation has as one consequence the impropriety of applying case authorities to species of taxation other than those made subject of judicial decision. | The necessity of elevating substance over semantics in the categorization of tax legislation has as one consequence the impropriety of applying case authorities to species of taxation other than those made the subject of judicial decision. | "Is impropriety of applying case authorities to species of taxation, a consequence of necessity of elevating substance over semantics in categorization of tax legislation?" |

| 1779 | United States v. Bailey, 444 U.S. 394, 412-413 (U.S.Dist.Col., 1980) | 10 | To be entitled to instruction on duress or necessity as defense to charge of escape, escapee must offer evidence justifying his continued absence from custody as well as his initial departure, and indispensable element of such offer is testimony of a bona fide effort to surrender or return to custody as soon as claimed duress or necessity has lost its coercive force. 18 U.S.C.A. S 751(a). | In order to be entitled to an instruction on duress or necessity as a defense to a charge of escape, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure, and an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force. | "If a defendant fails to present sufficient evidence of an affirmative defense, does the court have to instruct the jury to consider that defense?" |
| 1780 | U.S. v. Wright, 665 F.3d 560, 568 (3rd Cir. (Pa.), 2012) | 7 | An honest services fraud prosecution for bribery requires the factfinder to determine two things: (1) it must conclude that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take; and (2) it must conclude that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor, and the intent of both parties may be inferred from circumstantial evidence. 18 U.S.C.A. S 1346. | An honest services fraud prosecution for bribery after Skilling thus requires the factfinder to determine two things. First, it must conclude that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take. Second, it must conclude that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. The intent of both parties may be inferred from circumstantial evidence. | What are the questions that the factfinder needs determine in an honest services fraud prosecution for bribery? |
| 1782 | Country Club Home v. Harder, 228 Kan. 756, 756 (1980) | 1 | When pretrial order is agreed on by parties and followed by trial court in deciding issues as set forth in order, parties have acquiesced therein and cannot enlarge those issues on appeal; such an order when entered controls subsequent course of action unless modified at trial to prevent manifest injustice. Rules of Civil Procedure, K.S.A. 60-216. | When a pretrial order is agreed on by the parties and followed by the trial court in deciding the issues as set forth in the order, the parties have acquiesced therein and cannot enlarge those issues on appeal. Such an order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. K.S.A. 60-216; Kleibrink v. | Does a pretrial order entered by court control subsequent course of action? |
| 1784 | Scarantino v. Pub. Sch. Employees' Ret. Bd., 68 A.3d 375, 382 (Pa.Cmwlth., 2013) | 3 | For public official to be found guilty of bribery for accepting or agreeing to accept from another any pecuniary benefit as consideration for a recommendation, public official must have acted intentionally, knowingly, or recklessly. 18 Pa.C.S.A. S 4701. | 18 Pa.C.S. 302(b)(1). [3] Section 4701 provides that a public official is guilty of bribery if he accepts or agrees to accept from another any pecuniary benefit as consideration for a recommendation. The public official must have acted intentionally, knowingly, or recklessly. | "Is it essential to show that the public official acted intentionally, knowingly, or recklessly, to be found guilty of bribery for accepting or agreeing to accept from another any pecuniary benefit as consideration for a recommendation?" |

| 1785 | State ex rel. Johnson v. Circuit Court of Milwaukee Cty., 61 Wis. 2d 1, 3 (1972) | 1 | Trial court has the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to stenographic and transcribed recordings provided for in statutes. W.S.A. 887.09, 887.10; Fed.Rules Civ.Proc. rule 30(b)(4), 28 U.S.C.A. | While the court is not prepared at this time to lay down or adopt permanent rules, we think the trial court should have the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to the stenographic and transcribed recordings now provided for in our statutes. | Does a trial court have the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to stenographic and transcribed recordings provided for in statutes? |
| --- | --- | --- | --- | --- | --- |
| 1786 | Young v. Brown, 154 Ga. App. 452, 453, 268 S.E.2d 729, 731 (1980) | 1 | Evidence would have to be presented and considered by trial court as to whether merits of the action would be subserved by allowing defendant to withdraw admissions and whether plaintiffs would be prejudiced by withdrawal in maintaining their action on the merits. Code, S 81A-136. | Consequently, evidence must be presented and considered by the trial court as to whether the merits of the action "will be subserved" by the allowance of the defendants to withdraw the admissions and whether the plaintiffs will be prejudiced by a withdrawal in maintaining their action on the merits. | Will evidence have to be presented and considered by a trial court as to whether merits of the action would be subserved by allowing a defendant to withdraw admissions and whether plaintiffs would be prejudiced by withdrawal in maintaining their action on the merits? |
| 1789 | Fibreboard Corp. v. Pool, 813 S.W.2d 658, 682 (Tex. App. 1991) | 44 | Trial court has broad discretion to permit or deny withdrawal of deemed admissions when nonanswering party presents sufficient evidence to establish good cause for failure to make timely answers to requested admissions; however, court must also find that withdrawals can be ordered without causing undue prejudice to party relying on admissions and that presentation of merits of action will be subserved by withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | The trial court has broad discretion to permit or deny the withdrawal of deemed admissions when the nonanswering party presents sufficient evidence to establish good cause for his failure to make timely answers to the requested admissions. Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App.-Tyler 1990, no writ). However, the court also must find that the withdrawals can be ordered without causing undue prejudice to the party relying on the admissions and that the presentation of the merits of the action will be subserved by the withdrawal. | Should a court find that withdrawals can be ordered without causing undue prejudice to party relying on admissions and that presentation of merits of action will be subserved by withdrawal? |

| 1793 | Campero USA Corp. v. STPC Partners, 410 F. Supp. 2d 1268, 1271-72 (2006) | 1 | Under the Federal Arbitration Act (FAA), upon motion of a party, district courts must compel arbitration of all claims subject to arbitration, but on the other hand, the FAA does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement; because parties are free to structure their arbitration agreements as they see fit, they may limit by contract the issues which they will arbitrate. 9 U.S.C.A. S 1 et seq. | "Under the FAA, upon motion of a party, district courts must compel arbitration of all claims subject to arbitration." American Express Financial Advisors, Inc. v. Makarewicz, 122 F.3d 936, 940 (11th Cir.1997) (citations omitted). "On the other hand, 'the FAA does not require *1272 parties to arbitrate when they have not agreed to do so, ... nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement.' " Id. "Because parties are free to structure their arbitration agreements as they see fit, 'they may limit by contract the issues which they will arbitrate.' " | Can parties to an arbitration agreement limit by a contract the issues that they will arbitrate? |
| 1794 | Matter of Wong, 252 Mont. 111, 117 (1992) | 5 | In making decision on request for continuance due to lack of counsel, court or agency must assess whether party petitioning for continuance has acted diligently in seeking counsel. | In making its decision on a requested continuance due to lack of counsel, a court or agency must assess whether the party petitioning for continuance has acted diligently in seeking counsel. | "In making a decision on a request for continuance due to lack of counsel, should a court or agency assess whether party petitioning for continuance has acted diligently in seeking counsel?" |
| 1795 | Martin v. Wyatt, 243 Ga. App. 319, 321 (2000) | 4 | Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge. O.C.G.A. S 9-10-155. | " 'Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge.' | "Are continuances because of the absence of counsel not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge?" |
| 1796 | Robertson-Ryan & Assocs., Inc. v. Pohlhammer, 112 Wis. 2d 583, 587–88, 334 N.W.2d 246, 249 (1983) | 5 | Where there is no good cause for defendant's absence, a motion to continue the case on that basis may be denied particularly when the real purpose in seeking a continuance is to delay trial. | This court has held that where there is no good cause for a defendant's absence from trial, a motion to continue the case on that basis may be properly denied. Schweitzer v. Doepke, 195 Wis. 341, 343, 218 N.W. 188 (1928). Allis and Others v. The Meadow Spring Distilling Co., 67 Wis. 16, 21, 29 N.W. 543 (1886). This is particularly true when the real purpose in moving for a *588 continuance is to delay the trial. | "Where there is no good cause for defendant's absence, may a motion to continue the case on that basis properly be denied particularly when the real purpose in seeking a continuance is to delay trial?" |

| 1797 | Grynberg v. Karlin, 134 P.3d 563, 565 (Colo. App. 2006) | 2 | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | When a party fails to respond in a timely way to a request for admission, it admits the relevant subject matter of the request. Lionelle v. S.E. Colo. Water Conservancy Dist., 676 P.2d 1162, 1167 (Colo.1984); Cox v. Pearl Inv. Co., 168 Colo. 67, 72, 450 P.2d 60, 62 (1969); Engel v. Engel, 902 P.2d 442, 446 (Colo.App.1995). These admissions may then be used to support a summary judgment. | "When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, may these admissions then be used to support a summary judgment?" |
|---|---|---|---|---|---|
| 1799 | Dell Dev. Corp. v. Best Indus. Unif. Supply Co., 743 S.W.2d 302, 303 (Tex. App. 1987) | 1 | Decision of whether to grant motion for continuance, or to continue case sua sponte, rests within discretion of trial court; action of trial court will not be disturbed unless record discloses clear abuse of discretion. | The decision of whether to grant a motion for continuance, or to continue a case sua sponte, rests within the discretion of the trial court. The action of the trial court will not be disturbed unless the record discloses a clear abuse of discretion. | "Does the decision of whether to grant a motion for continuance, or to continue case sua sponte, rest within the discretion of a trial court?" |
| 1800 | Acorn Iron Works v. Auditor Gen., 295 Mich. 143, 151 (1940) | 5 | Tax exactions, property or excise, must rest upon legislative enactment, and collectors can act only within express authority conferred thereby, and the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer. | Tax exactions, property or excise, must rest upon legislative enactment and collectors can act only within express authority conferred thereby, the scope of **130 such laws cannot be extended by implication or forced construction and language, if dubious, is not resolved against the taxpayer.' | Can the scope of tax laws be extended by implication or forced construction? |
| 1802 | Moscow Fire Ins. Co. v. Bank of New York & Tr. Co., 280 N.Y. 286, 311–12 (N.Y., 1939) | 20 | Though state court may not sit in judgment on act of government of foreign country within its own territory or choose between different policies, where no choice is open under established rules of law, it is guided by common-law principles and traditions embodied in state Constitution, statutes, and judicial decisions, where there is room for choice. | Though we may not 'sit in judgment upon the acts of the government of' another, done within its own territory;' though this State may not choose between different policies where no choice is left open to us under established rules of law, yet where there is room for choice we are guided by common law principles and traditions embodied in our Constitution, statutes and judicial decisions. | "Can a state sit in judgment upon the acts of the government of another, done within its own territory?" |

| 1803 | Landry v. State, 562 So. 2d 843, 843–44 (Fla. Dist. Ct. App. 1990) | 1 | Trial court has the discretion to refuse continuance where defendant in bad faith neglects to obtain counsel within time provided, but court may apply that discretion only after reasonable inquiry and warning. | The circuit court's opinion recognized that the trial court does have the discretion to refuse a continuance where a defendant in bad faith neglects to obtain counsel within the time provided. See United States v. Gates, 557 F.2d 1086 (5th Cir.1977), cert. denied, 434 U.S. 1017, 98 S.Ct. 737, 54 L.Ed.2d 763 (1978). See also Jones v. State, 449 So.2d 253 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). However, the court may apply even that discretion only after reasonable inquiry and warning. | Does a trial court have the discretion to refuse continuance where defendant in bad faith neglects to obtain counsel within time provided? |
| --- | --- | --- | --- | --- | --- |
| 1804 | Jones v. Green, 74 Cal. App. 2d 223, 230 (Cal. App. 1946) | 2 | The granting or refusing of a continuance on account of illness or absence of counsel rests largely, if not wholly, in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused. | It is well established 'that the granting or refusing [of] a continuance on account of the illness or absence of counsel is a matter which rests largely, if not wholly in the discretion of the trial court, and such discretion will not be reviewed unless it is clearly shown to have been abused | "Does the granting or refusing of a continuance on account of illness or absence of counsel rest largely in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused?" |
| 1805 | Williams v. Gould, Inc., 232 Neb. 862, 884, 443 N.W.2d 577, 591 (1989) | 17 | Application for continuance must be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. Neb.Rev.St. S 25-1148. | An application for continuance must be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings | Should an application for continuance be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or a sufficient reason necessitating postponement of proceedings? |
| 1806 | Bowers v. Fred W. Amend Co., 72 Ga. App. 714, 716 (1945) | 1 | Trial court did not abuse its discretion in overruling motion for continuance based upon absence of material witness, in absence of showing that such witness lived in county or had been subpoenaed, and where it appeared that witness was serving overseas in United States Army and there was no reason to expect that he would be present at next term of court. Code, S 81-1410. | The court did not abuse its discretion in overruling the motion for continuance, based upon the absence of an alleged material witness, where it was not shown that such witness lived in the county or had been subpoenaed, and where it appeared that the witness was serving overseas in the United States Army, and there was no reason to expect that he would be present at the next term of the court. Code,  81-1410. | Should an application for continuance state that the absent witness is expected to be procured at the next term? |

| 1807 | Ramsey v. Criswell, 850 S.W.2d 258, 259 (Tex. App. 1993) | 1 | Party seeking to have deemed admissions withdrawn has burden to prove good cause for failure to make timely answers, that withdrawal of admissions would not prejudice opposing party, and that presentation of merits would be subserved by withdrawal; requirement of good cause may be established by showing that failure to file was not intentional or in conscious disregard of obligation to timely file answer, and under this standard, even slight excuse for original failure to answer is sufficient. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subds. 1, 2. | The party seeking to have deemed admissions withdrawn has the burden to present evidence to the court that establishes good cause for his failure to make timely answers, that withdrawal of the admissions would not prejudice the opposing party, and that the presentation of the merits would be subserved by the withdrawal. Tinney v. Team Bank, 819 S.W.2d 560, 562 (Tex.App.–Fort Worth 1991, writ denied); Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App.–Tyler 1990, no writ). The requirement of good cause may be established by a showing that the failure to file was not intentional or in conscious disregard of the party's obligation to timely file an answer. Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d at 689. Under this standard, even a slight excuse for the original failure to answer is sufficient. | Is the burden of proof on the party seeking withdrawal of deemed admissions to establish good cause for failure to make timely answers to requested admissions? |
| --- | --- | --- | --- | --- | --- |
| 1808 | Killian Const. Co. v. Tri-City Const. Co., 693 S.W.2d 819, 827 (Mo. Ct. App. 1985) | 2 | Civil rule (V.A.M.R. 59.01), relating to requests for admissions, empowers the trial court to accept the default of the party addressed to answer as admission of the matters requested and to deem them as conclusively established. | Thus, composite Rule 59.01 empowers the trial court to accept the default of the party addressed to answer as admissions of the matters requested, and to deem them as conclusively established. | Does the civil rule relating to requests for admissions empower the trial court to accept the default of the party addressed to answer as admission of the matters requested and to deem them as conclusively established? |
| 1809 | Martinez v. Scandroli, 130 Ill. App. 3d 712, 714–15 (1985) | 3 | Once a cause is reached for hearing, no motion for continuance is to be heard without sufficient excuse being shown for the delay in so moving, and movant is then required to present especially grave reasons to support his request. S.H.A. ch. 110A, P 231(f). | Once a cause is reached for hearing, no motion for continuance is to be heard without sufficient excuse being shown for the delay in so moving (87 Ill.2d R. 231(f)), and the movant is *715 then required to present especially grave reasons to support his request. | "Once a cause is reached for hearing, is no motion for continuance to be heard without a sufficient excuse being shown for the delay in so moving?" |
| 1811 | Body, Vickers & Daniels v. Custom Mach., 77 Ohio App. 3d 587, 591 (1991) | 1 | Where party objecting to augmented or supplemental pleadings is not prepared to proceed under new pleadings, court may still allow amendment and grant continuance to enable opposing party to meet new evidence. Rules Civ.Proc., Rule 15. | Further, where a party objecting to amended or supplemental pleadings is not prepared to proceed under the new pleadings, the court may still allow an amendment under Civ.R. 15 and grant a continuance to enable the opposing party to meet the new evidence. | "Where a party objecting to augmented or supplemental pleadings is not prepared to proceed under new pleadings, may a court still allow amendment and grant continuance?" |

| | | | | | |
|---|---|---|---|---|---|
| 1814 | BioMagic v. Dutch Bros. Enterprises, 729 F. Supp. 2d 1140, 1148 (2010) | 6 | Inclusion of a generic choice of law clause in a contract does not reflect intent to be bound by specific state procedural rules on arbitration that differ from the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | Moreover, as a practical matter, inclusion of a generic choice of law clause in a contract does not reflect intent to be bound by specific state procedural rules on arbitration that differ from the FAA. | Does an inclusion of a generic choice of law clause in a contract reflect the intent of the parties to be bound by specific state procedural rules which differ from the Federal Arbitraton Act (FAA)? |
| 1815 | Stevenson v. Aquila Foreign Qualifications Corp., 326 S.W.3d 920, 930 (Mo.App. W.D., 2010) | 15 | When a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, the non-settling independent tortfeasor should be permitted to conduct limited discovery regarding the details of a settlement with the other tortfeasor; otherwise, the non-settling independent tortfeasor is deprived access to evidence necessary to prove the affirmative defense of satisfaction. | However, where a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, as Stevenson did in this case, the non-settling independent tortfeasor should be permitted to conduct limited discovery regarding the details of a settlement with the other tortfeasor. Otherwise, the non- settling independent tortfeasor is deprived access to evidence necessary to prove the affirmative defense of satisfaction. | "When a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, should the non-settling independent tortfeasor be permitted to conduct limited discovery?" |
| 1818 | Stony Brook I Homeowners Ass'n v. Superior Court, 84 Cal.App.4th 691, 699 (Cal.App. 4 Dist.,2000) | 2 | Court must not generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery. | It follows that a court must not generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery | Should a court generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery? |
| 1820 | Melendez Camilo v. United States, 642 F.3d 1040, 1044 (Fed. Cir. 2011) | 3 | When a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion, she may apply for relief to the appropriate correction board. 10 U.S.C.A. S 1552(a). | III [3]  As this court has noted before, "when a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion, [s]he may apply for relief, pursuant to 10 U.S.C.  1552(a), to the appropriate correction board." | "Can a person apply for relief when a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion?" |
| 1821 | U.S. v. Kincaid-Chauncey, 556 F.3d 923, 943 (C.A.9 (Nev.), 2009) | 20 | Quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not use the words "quid pro quo" when it instructs the jury so long as the essential idea of give-and-take is conveyed. 18 U.S.C.A. S 1343. | Like the quid pro quo requirement for Hobbs Act extortion under color of official right charges, the quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not use the words "quid pro quo " when it instructs the jury so long as the essential idea of give-and-take is conveyed. | Does the quid pro quo necessary for a bribery honest services fraud conviction need to be explicit? |

| 1822 | Bedford v. White, 106 Colo. 439, 444 (1940) | 1 | A "pension" is not a matter of contract and is not founded on legal liability, and no legal vested right thereto exists, but instead "pension" is mere bounty or gratuity given by government in consideration or recognition of meritorious past services, or of loss or damage sustained in public services, and springs from appreciation and graciousness of sovereign, and may be bestowed on such persons and on such terms as legislature prescribes. | A pension is not a matter of contract, and is not founded upon any legal liability. No man has a legal vested right to a pension; it is a mere bounty or gratuity given by the government in consideration or recognition of meritorious past services, or of loss or damage sustained in the public service and 'springing from the appreciation and graciousness of the sovereign.' It may be bestowed upon such persons and upon such terms as the law making body of the government prescribes. | Should pensions be subject to such limitations as may be imposed? |
| U.S. v. Jefferson, 562 F.Supp.2d 687, 692 (E.D.Va.,2008) | 8 | An indictment under the bribery statute is sufficient if the acts alleged to have been undertaken in return for the bribe are among the defendant's official duties or among the settled customary duties or practices of his office. 18 U.S.C.A. S 201. | 6  It follows that an indictment under   201 is sufficient if the acts alleged to have been undertaken in return for the bribe are among the defendant's official duties or among the settled customary duties or practices of his office. 5 The bribery statute, 18 U.S.C.   201(b), and the gratuity statute, 18 U.S.C. | Under the bribery statute is an indictment sufficient if the acts alleged to have been undertaken in return for the bribe are among the defendant's official duties or among the settled customary duties or practices of his office? | |
| 1826 | | | | | |
| 1827 | Kissinger v. Sch. Dist. No. 49 of Clay Cty., 163 Neb. 33, 33 (1956) | 3 | Where a party properly serves requests for admissions of relevant matters of fact, failure to make proper response within time allotted constitutes admission of facts sought to be elicited. R.S.Supp.1955, S 25-1267.41. | The rule is that where a party properly serves a request for admissions of relevant matters of fact, the failure to make a proper response within the time allotted constitutes an admission of the facts sought to be elicited. | "Where a party properly serves requests for admissions of relevant matters of fact, does failure to make a proper response within the time allotted constitute an admission of facts sought to be elicited?" |
| 1828 | Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500, 508 (1986) | 1 | Determination of whether there was no good reason for denial, whether requested admission was of substantial importance, and amount of expenses awarded for establishing fact denied, if any, are within sound discretion of trial court. West's Ann.Cal.C.C.P. S 2034(c). | The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses to be awarded, if any, are all within the sound discretion of the trial court. | "Is determination of whether there was no good reason for denial, and amount of expenses awarded for establishing fact denied, within the sound discretion of trial court?" |
| 1829 | Williams v. Gould, Inc., 232 Neb. 862, 883, 443 N.W.2d 577, 591 (1989) | 16 | Any party to action in which special appearance has been filed is entitled to discovery authorized by Nebraska Discovery Rules to ascertain facts relevant to court's jurisdiction over person of defendant. | Therefore, any party to an action in which a special appearance has been filed is entitled to discovery authorized by the Nebraska Discovery Rules to ascertain facts relevant to the court's jurisdiction over the person of a defendant. | Is any party to an action in which a special appearance has been filed entitled to discovery authorized by rules to ascertain facts relevant to a court's jurisdiction over a person of defendant? |

| | | | | | |
|---|---|---|---|---|---|
| 1830 | Matter of Heftel Broad. Honolulu, 57 Haw. 175, 175 (1976) | 7 | Basic test of state jurisdiction to tax is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the state, i. e., whether the state has provided something for which in fairness it can ask such a return. U.S.C.A.Const. art. 1, S 8, cl. 3; Amend. 14. | The basic test of State jurisdiction to tax is whether the tax bears some reasonable **244 fiscal relation to the protection, opportunities, and benefits given by the State, i. e. whether the State has provided something for which in fairness it can ask such a return. | "Is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the state, the basic test of the state jurisdiction to tax?" |
| 1832 | People v. Adams, 86 Misc. 2d 634, 637, 382 N.Y.S.2d 879, 881 (Co. Ct. 1976) | 3 | The gist of the crime of bribery is the wrong done to the People by corruption in the public service, and thus, the public servant who agrees to and does manipulate events, not to benefit himself or a third party, but for the personal satisfaction of commanding obedience, is said to receive no bribe. Penal Law S 200.10. | The gist of the crime of bribery is the wrong done to the people of corruption in the public service. Thus, the public servant who agrees to and does manipulate events, not to benefit himself or a third party, but for the personal satisfaction of commanding obedience, is said to receive no bribe | Is the gist of the crime of bribery the wrong done to the people by corruption in the public service? |
| 1833 | Gerrity Oil & Gas Corp. v. Magness, 946 P.2d 913, 926-27 (Colo. 1997) | 16 | In the absence of statutes, regulations, or lease provisions to the contrary, unless conduct of oil and gas operator in accessing, exploring, drilling, and using surface is reasonable and necessary to development of mineral interest, conduct is "trespass." | In the absence of statutes, regulations, or lease provisions to the contrary, *927 unless the conduct of an operator in accessing, exploring, drilling, and using the surface is reasonable and necessary to the development of the mineral interest, the conduct is a trespass. | "Is the conduct of an operator in accessing, exploring, drilling, and using the surface trespass if it is not reasonable and necessary to the development of the mineral interest?" |
| 1836 | Addison v. Avshalumov, 153 A.D.3d 477, 478, 59 N.Y.S.3d 746, 747 (App. Div. 2017) | 1 | To be relieved of a default in appearing at a compliance conference in a personal injury action, a plaintiff is required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action. McKinney's CPLR 5015(a)(1). | To be relieved of the default in appearing at the conference, the plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action | "To be relieved of a default in appearing at a compliance conference in a personal injury action, is a plaintiff required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action?" |
| 1837 | Adelson v. Hananel, 510 F.3d 43, 48 (2007) | 3 | Court of Appeals must accept the plaintiff's properly documented evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing, irrespective of whether the defendant disputes them, and in so doing, Court of Appeals must construe them in the light most congenial to the plaintiff's jurisdictional claim; those facts put forward by the defendant become part of the mix only to the extent that they are uncontradicted. | We "must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing." Foster-Miller, 46 F.3d at 145. In fact, we accept those facts as true, irrespective of whether the defendant disputes them, and in so doing, "construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir.1998). Those facts put forward by the defendant become part of the mix only to the extent that they are uncontradicted. | Should the court construe the plaintiff's evidentiary proffers in the light most congenial to the plaintiff's jurisdictional claim? |

| 1841 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038, 1042 (2010) | 5 | Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Sup.Ct.Rules, Rule 103(b). | Furthermore, although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. | "Can a plaintiff complain where the dismissal resulted from his own lack of diligence in effectuating service, although controversies should ordinarily be resolved on their merits after both sides have had their day in court?" |
|------|------|---|------|------|------|
| 1842 | Whitaker v. Town of Scotland Neck, 154 N.C. App. 660, 662 (2002) | 1 | Workers' Compensation Act was created to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. West's N.C.G.S.A. S 97-1 et seq. | The Workers' Compensation Act was created to "provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. | Was the Workers Compensation Act created to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer? |
| 1843 | Bloomgarden v. Lanza, 143 A.D.3d 850, 851, 40 N.Y.S.3d 142, 144 (2016) | 1 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court | QuestionNeed a plaintiff only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court? |
| 1844 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 382 (Tenn. 2015) | 7 | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." | "When a trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support the motion with affidavits or other evidentiary materials?" |
| 1846 | Munson v. Valley Energy Inv. Fund, U.S., LP, 264 Or. App. 679, 695 (2014) | 12 | When considering a motion to dismiss for lack of subject matter jurisdiction, the trial court may decide disputed jurisdictional facts based on evidence submitted by the parties, but the court may not, at that stage, decide disputed facts that go to the merits of the underlying claim because to do so would deprive a party of its entitlement to a trial on disputed questions of material fact. Rules Civ.Proc., Rules 21, 47. | Thus, when considering a motion to dismiss for lack of subject matter jurisdiction, the trial court may decide disputed jurisdictional facts based on evidence submitted by the parties, but the court may not, at that stage, decide disputed facts that go to the merits of the underlying claim because to do so would deprive a party of its entitlement to a trial "on disputed questions of material fact." | Must a trial court make findings of the jurisdictional facts presented with a motion to dismiss on the basis of lack of jurisdiction? |

| 1847 | Rucker v. Taylor, 828 N.W.2d 595, 601 (Iowa, 2013) | 10 | Dismissal for failing to timely accomplish service of process is appropriate when the failure results from inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service. I.C.A. Rule 1.302(5). | In the end, the results of both cases are consistent with our long-standing approach that dismissal for failing to timely accomplish service of process is appropriate when the failure results from " '[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service.' " | "Is dismissal for failing to timely accomplish service of process appropriate when the failure results from inadvertence, neglect, and misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service?" |
| 1849 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038, 1042 (2010) | 5 | Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Sup.Ct.Rules, Rule 103(b). | Furthermore, although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. | "Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, can a plaintiff not complain where the dismissal resulted from his own lack of diligence in effectuating service?" |
| 1851 | McAdoo v. Univ. of N. Carolina at Chapel Hill, 225 N.C. App. 50, 67 (2013) | 9 | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Our Supreme Court has succinctly stated the test for mootness: Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Will courts entertain or proceed with a cause merely to determine abstract propositions of law? |
| 1853 | In re Peoples, 296 N.C. 109, 147 (1978) | 12 | Whenever during course of litigation it develops that relief sought has been granted or that questions originally in controversy between parties are no longer in issue, case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Should a case be dismissed when it develops that the questions originally in controversy between the parties are no longer at issue? |
| 1855 | JP Morgan Chase Bank, Nat. Ass'n v. Ilardo, 36 Misc. 3d 359, 377 (N.Y.S.2d Sup. Ct. 2012) | 13 | Dismissal of any claim due to a default in the observance of procedural statutes is considered a drastic remedy available only upon a clear showing of willful and contumacious conduct. McKinney's CPLR 3126, 3216. | In any event, dismissal of any claim due to a default in the observance of procedural statutes is considered a drastic remedy available only upon a clear showing of wilful and contumacious conduct | Is dismissal of any claim due to a default in the observance of procedural statutes considered a drastic remedy available only upon a clear showing of willful and contumacious conduct? |

| 1856 | United States v. Fernandez, 722 F.3d 1, 11-12 (1st Cir. 2013) | 7 | Measures to police the integrity of entities receiving federal funds fall under the scope of Congress's power under the Necessary and Proper Clause to enact the federal bribery statute, even absent evidence of an agent's authority to act specifically with respect to the covered entity's funds. U.S.C.A. Const. Art. 1, S 8, cl. 18; 18 U.S.C.A. S 666. | [7]  We have no hesitation in concluding that "measures to police the integrity *12 of entities receiving federal funds fall under the scope of this power," Keen, 676 F.3d at 991, even absent evidence of an agent's authority to act specifically with respect to the covered entity's funds. | Do measures to police the integrity of entities receiving federal funds fall under the scope of Congress's power to enact the federal bribery statute? |
| --- | --- | --- | --- | --- | --- |
| 1858 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | "Does a court have power to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process?" |
| 1859 | Mazzuca v. Warren P. Wielt Tr., 59 A.D.3d 907, 908 (N.Y.A.D. 3 Dept., 2009) | 2 | While a trial court has discretion to dismiss a complaint as a sanction against a plaintiff who fails to comply with a court order and frustrates the disclosure process, this drastic sanction is generally only justified when the party seeking dismissal demonstrates that the failure to comply with the request and order for disclosure was willful and contumacious. McKinney's CPLR 3126(3). | While a trial court has discretion to dismiss a complaint as a sanction against a plaintiff who fails to comply with a court order and frustrates the disclosure process, this drastic sanction is generally only justified when the party seeking dismissal demonstrates that the failure to comply with the request and order for disclosure was willful and contumacious . | Can a trial court dismiss a complaint as a sanction if it finds that a party has willfully disregarded a court order? |
| 1861 | Benware v. Means, 1999-1410, 8-9 (La. 1/19/00), 752 So.2d 841, 846-47 (La. 2000) | 2 | "Death penalty" of dismissal or judgment by default is authorized in appropriate cases of disobedience of or disregard for orders pertaining to pre-trial procedure, although this extreme penalty should seldom be imposed and should be reserved for only the most flagrant case. LSA-C.C.P. art. 1551, subd. C. | Thus, Article 1551C, which incorporated Article 1471(2) and (3), now authorizes the "death penalty" of dismissal or judgment by default in appropriate cases of disobedience of or disregard for orders pertaining to pre-trial procedure. However, this extreme penalty obviously should seldom be imposed and should be reserved for only the most flagrant case. | "Is a ""death penalty"" of dismissal or judgment by default authorized in appropriate cases of disobedience of or disregard for orders pertaining to pre-trial procedure?" |
| 1862 | Burkes v. Fas-Chek Food Mart Inc, 217 W. Va. 291, 293 (2005) | 9 | If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice; however, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. Rules Civ.Proc., Rule 4(k). | Under Rule 4(k) of the West Virginia Rules of Civil Procedure [1998], if a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice. However, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, should the circuit court dismiss the action against that defendant without prejudice?" |

| 1863 | Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334, 339–40, 908 N.E.2d 163, 170 (2009) | 17 | If the defendant in a purported class action tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending; consequently, should the defendant then file a motion to dismiss the cause, the trial court may rule upon that motion even before it has examined the issue of class certification. | Therefore, the general rule has developed that if the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. See Kostecki v. Dominick's Finer Foods, Inc., 361 Ill.App.3d 362, 376–77, 297 Ill.Dec. 106, 836 N.E.2d 837 (2005) (this is the "general rule" regarding class actions and tenders); accord Gelb, 356 Ill.App.3d at 700, 292 Ill.Dec. 250, 826 N.E.2d 391 (proper tender before certification "mandates dismissal"); Bruemmer, 329 Ill.App.3d at 763, 263 Ill.Dec. 516, 768 N.E.2d 276; Arriola, 323 Ill.App.3d at 150, 256 Ill.Dec. 168, 751 N.E.2d 221; Hillenbrand, 308 Ill.App.3d at 391, 241 Ill.Dec. 832, 720 N.E.2d 287; see, e.g., *340 Yu v. International Business Machines Corp., 314 Ill.App.3d 892, 899, 247 Ill.Dec. 841, 732 N.E.2d 1173 (2000) (where the plaintiff was aware of tender after filing complaint but before filing motion for class certification, case must be dismissed). Consequently, should the defendant then file a motion to dismiss the cause, the trial court may rule upon that | Should the underlying cause of action be dismissed as moot if the defendant in a purported class action tenders to the named plaintiff the relief requested before the class is certified? |
| 1864 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (Mass., 1994) | 2 | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | When a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct. The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct. Dismissal of claims or of an entire action may be warranted by the fraud, see, e.g., Aoude, supra at 1118, as may be the entry of a default judgment, see, e.g., Eppes v. | "When faced with a finding of fraud on the court, does the judge have broad discretion to fashion a judicial response warranted by the fraudulent conduct?" |
| 1865 | Albert S. v. Dep't of Health & Mental Hygiene, 166 Md. App. 726, 746 (2006) | 4 | A case that has become moot will be dismissed without a decision on the merits of the controversy unless it presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct, or the issue presented is capable of repetition, yet evading review. | Ordinarily, then, a case that has become moot "will be dismissed without a decision on the merits of the controversy unless it presents 'unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct,' or the issue presented is 'capable of repetition, yet evading review.' | Will a case be dismissed without a decision on the merits of the controversy if it has become moot? |

| 1867 | Kornblum v. Schneider, 609 So. 2d 138, 139 (Fla. Dist. Ct. App. 1992) | 1 | Trial court has inherent authority, in exercise of its sound judicial discretion, to dismiss an action when plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails or refuses to comply with court orders. | The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court, 2 or where a party, 3 or the party's counsel, 4 persistently fails or refuses to comply with court orders. | "Does a trial court have inherent authority, in exercise of its sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court?" |
| 1868 | Port Auth. of Allegheny Cty. v. Div. 85, Amalgamated Transit Union, 34 Pa. Cmwlth. 71, 78 (1978) | 2 | A recognized exception to the doctrine that a case will be dismissed if at any stage of the judicial process it is rendered moot is illustrated by cases in which technically moot issues are nevertheless decided on the merits because they are of a recurring nature, capable of repeatedly avoiding review, and involve issues of important public interest. | A case will be dismissed if at any stage of the judicial process it is rendered moot.  A recognized exception to this doctrine is illustrated by cases in which technically moot issues were nevertheless decided on the merits because they were of a recurring nature, capable of repeatedly avoiding review and involved issues of important public interest. | Could a case which may be rendered moot be dismissed where issues raised are capable of repeatedly avoiding review and yet are of important public interest? |
| 1871 | Kornblum v. Schneider, 609 So. 2d 138, 139 (Fla. Dist. Ct. App. 1992) | 1 | Trial court has inherent authority, in exercise of its sound judicial discretion, to dismiss an action when plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails or refuses to comply with court orders. | The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court, 2 or where a party, 3 or the party's counsel, 4 persistently fails or refuses to comply with court orders. | "Does the trial court have the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court?" |
| 1872 | Kentucky Harlan Coal Co. v. Holmes, 872 S.W.2d 446, 451 (Ky. 1994) | 2 | Commonwealth's power to legislate public policy in area of employer/employee relations derives from its police power, and there is community interest in regulating safety in workplace requiring employers to provide for injured workers and their dependents so that they do not become burden on the community. | We restate that the Commonwealth's power to legislate public policy in the area of employer/employee relations derives from its police power, and the fact that there is a community interest in regulating the safety of the workplace and in requiring employers to provide for injured workers and their dependents so that they do not become a burden on the community. | Is there a community interest in requiring employers to provide compensation for injured workers and their dependents so they do not become a burden on the community? |
| 1873 | United States v. Gentile, 525 F.2d 252, 259 (C.A.2 (N.Y.), 1975) | 3 | Failure to give Miranda warnings, even in custodial setting, would not prevent prosecution for attempt to bribe law enforcement officer made subsequent to arrest. | A failure to give Miranda warnings, however, even in a custodial setting, would not prevent a prosecution for an attempt to bribe a law enforcement officer made subsequent to the arrest. | Would failure to give Miranda warnings prevent prosecution for an attempt to bribe law enforcement officer made subsequent to arrest? |

| 1876 | Scaccia v. State Ethics Comm'n, 431 Mass. 351, 356 (2000) | 3 | To establish a violation of gratuity statute, there must be proof of linkage to a particular official act, not merely the fact that the official was in a position to take some undefined or generalized action, such as holding a hearing on proposed legislation that, if passed, could benefit the giver of the gratuity. M.G.L.A. c. 268A, S 3(b). | Therefore, in order for the commission to establish a violation of G.L. c. 268A,  3 (a ) and (b ), there must be proof of linkage to a particular official act, not merely the fact that the official was in a position to take some undefined or generalized action, such as holding a hearing on proposed legislation that, if passed, could benefit the giver of the gratuity. | Is the fact that a public official was in a position to take some form of action enough to establish a violation of the statute prohibiting bribery of a public official? |
| --- | --- | --- | --- | --- | --- |
| 1877 | Riley v. Bi-State Transit Sys., 459 S.W.2d 753, 756 (Mo.App., 1970) | 1 | Absent statute or ordinance regulating vehicle traffic at highway intersections, vehicle first reaching and entering intersection has right-of-way over vehicles subsequently reaching intersection unless situation would indicate to reasonably prudent man that to proceed would probably result in collision, it being duty of second arrival to allow first arrival to pass in safety. | 640, 285 S.W.2d 575, 580, is that: 'Absent statute or ordinance regulation of vehicle traffic at highway intersections, the vehicle first reaching and entering the intersection has the right of way over a vehicle subsequently reaching the intersection unless the situation would indicate to a reasonably prudent man that to proceed would probably result in a collision, it being the duty of the second arrival to allow the first arrival to pass in safety. | Does a vehicle reaching an intersection first have a right of way? |
| 1879 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 5 | Circuit court has both statutory authority and inherent authority to sanction parties for failure to prosecute, failure to comply with procedural statutes or rules, or failure to obey court orders. W.S.A. 802.10(3)(d), 804.12(2)(a)3, 805.03. | The circuit court has both statutory authority, through secs. 802.10(3)(d), 805.03, and 804.12(2)(a) 3, Stats., and inherent authority to sanction parties for failure to prosecute, failure to comply with procedural *274 statutes or rules, and for failure to obey court orders. | "Does a circuit court have both statutory authority and inherent authority to sanction parties for failure to prosecute, failure to comply with procedural statutes or rules, or failure to obey court orders?" |

| 1881 | Sterry v. Bethlehem Steel Corp., 64 Md. App. 175, 183, 494 A.2d 748, 752 (1985) | 1 | Other than exceptions created by the act itself, the Workmen's Compensation Act provides exclusive remedy and liability, with respect to all injuries arising out of and in course of employment, as to both employers and employees who come within its purview; as such, this comprehensive and exclusive system replaces prior common-law causes of action against employers for injuries to employees. Code 1957, Art. 101, S 15. | Other than the exceptions created by the act itself, the Workmen's Compensation Act provides the exclusive remedy and liability, with respect to all injuries arising out of and in the course of the employment, as to both employers and employees who come within its purview. Knoche v. Cox, 282 Md. 447, 385 A.2d 1179 (1978), St. Paul Fire & Marine Insurance v. Treadwell, 263 Md. 430, 283 A.2d 601 (1971), Wood v. Aetna Casualty and Surety Co., 260 Md. 651, 273 A.2d 125 (1971), Athas v. Hill, 54 Md.App. 293, 458 A.2d 859, aff'd 300 Md. 133, 476 A.2d 710 (1984).As such, this comprehensive and exclusive system replaces prior common law causes of action against employers for injuries to employees. | "Besides the exceptions created by the act itself, does the Workmens Compensation Act provide the exclusive remedy and liability, with respect to all injuries arising out of and in the course of the employment, as to both employers and employees ?" |
| 1883 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 3 | Dismissals for want of prosecution should be employed reluctantly, and while there is no set time limit for the prosecution of an action where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. Rules Civ.Proc., Rule 41(b). | Dismissals for want of prosecution should be employed reluctantly, and while "[t]here is no set time limit for the prosecution of an action ... where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." | Will dismissal for failure to prosecute be upheld only where the record shows the plaintiff has been guilty of dilatory or contumacious conduct? |
| 1884 | Rogers v. Gann, 982 So. 2d 1105, 1108 (Ala.Civ.App., 2007) | 2 | Dismissal of an action for want of prosecution is a drastic sanction; accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | Dismissal of an action for want of prosecution is a drastic sanction. Accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | Can courts scrutinize any order terminating an action for want of prosecution and set one aside when they find an abuse of discretion? |
| 1885 | Hillman v. Weatherly, 14 So. 3d 721, 726 (Miss. 2009) | 6 | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." | "Is the propriety of a dismissal with prejudice bolstered by the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay?" |

| 1886 | Prewitt v. Brown, 525 S.W.3d 616, 620 (Tenn.Ct.App., 2017) | 2 | The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint; in determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of the plaintiff's proof. Tenn. R. Civ. P. 12.02(6). | R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. In determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint is tested, not the strength of the plaintiff's proof. | "When considering a motion to dismiss for failure to state a claim upon which relief could be granted, does the court look only to the pleadings to determine whether a claim for relief has been stated?" |
| 1887 | Jones v. Rochdale Vill., Inc., 96 A.D.3d 1014, 1017, 948 N.Y.S.2d 80, 85 (2012) | 6 | When the party moving to dismiss for failure to state a cause of action submits evidentiary material in support of his or her motion, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | When the moving party submits evidentiary material in support of his or her motion, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Sokol v. | "When the party moving to dismiss for failure to state a cause of action submits evidentiary material in support of his or her motion, does the criterion then become whether the proponent of the pleading has a cause of action?" |
| 1888 | Andrews v. Marriott Int'l, 2016 IL App (1st) 122731, ¶ 19 ( IL App. 2016) | 4 | Under statute allowing involuntary dismissal of a claim where the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, "affirmative matter" is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | The circuit court dismissed plaintiff's complaint pursuant to section 2-619(a)(9) of the Code, which permits the involuntary dismissal of a claim where the claim asserted is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). Affirmative matter **846 *1114 is "something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." | Would an affirmative matter negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint? |
| 1890 | Barber v. Schmidt, 354 P.3d 158, 162 (Alaska 2015) | 7 | For the non-moving party to survive a motion to dismiss for failure to state a claim upon which relief can be granted, it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action. Rules Civ.Proc., Rule 12(b)(6). | Alaska Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss if the complaint "fail[s] ... to state a claim upon which relief can be granted." In order for the non-moving party to survive this motion "it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action.... | Is it enough that the complaint set forth allegations of fact consistent and appropriate to some enforceable cause of action? |

| 1891 | Peters v. Riggs, 2015 IL App (4th) 140043, ¶ 39 (2015) | 2 | A motion to dismiss brought pursuant to statute governing motions with respect to pleadings presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. S.H.A. 735 ILCS 5/2-615. | "A motion to dismiss brought pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint." Such a motion "presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted." | Does a motion to dismiss with respect to section 2615 attack the legal sufficiency of a complaint? |
| 1892 | Mabra v. SF, 316 Ga. App. 62, 66 (2012) | 11 | A complaint may be dismissed on motion for failure to state a claim if it is clearly without any merit, and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. West's Ga.Code Ann. S 9-11-12(b)(6). | "A complaint may be dismissed on motion [for failure to state a claim] if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." | Can a complaint be dismissed on motion for failure to state a claim if it is clearly without any merit? |
| 1893 | Wright v. Texas Dep't of Crim. Just.-Institutional Div., 137 S.W.3d 693, 696 (Tex. App. 2004) | 7 | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice, (2) when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. | Can court dismiss a case when the case has not been disposed of within the Supreme Court's time standard? |
| 1894 | Hughes v. Fink, Fink & Assocs., 718 A.2d 316, 318 (Pa. 1998) | 4 | Judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | our Supreme Court announced that judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. | Is judgment of non pros properly entered when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? |

| | | | | | |
|---|---|---|---|---|---|
| 1896 | South Carolina Dept. of Transp. v. Hinson Family Holdings, LLC, 361 S.C. 649, 655 (2004) | 5 | State Department of Transportation (DOT) and the local municipality are indispensable parties that must be joined in an action to abandon a public road; without their inclusion, they would not be bound by the decision or discharged from their maintenance duties or other obligations and liabilities. Code 1976, S 57-9-10. | City of Beaufort, 315 S.C. 306, 319, 433 S.E.2d 875, 884 (Ct.App.1992). DOT and the local municipality are indispensable parties that must be joined **785 in an action to abandon a public road. Without their inclusion, they would not be bound by the decision or discharged from their maintenance duties or other obligations and liabilities. | Are the Department of Transportation and the local municipality indispensable parties that must be joined in an action to abandon a public road? |
| 1899 | 330 Acquisition Co., LLC v. Regency Sav. Bank, F.S.B., 293 A.D.2d 314, 316, 741 N.Y.S.2d 24, 26 (App. Div. 2002) | 6 | Existence of an unambiguous written agreement setting forth the respective rights of the parties obviates the need to rely on evidence extrinsic to the contract or to indulge in factual determinations, on a motion to dismiss. | Furthermore, the existence of an unambiguous written agreement setting forth the respective rights of the parties obviates the need to rely on evidence extrinsic to the contract or to indulge in factual determinations | Does the existence of an unambiguous written agreement setting forth the respective rights of the parties obviate the need to rely on evidence extrinsic to the contract? |
| 1900 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Can court enter judgment non pros where there is no compelling reason for delay? |
| 1902 | Nygaard v. Sioux Valley Hosps. & Health Sys., 731 N.W.2d 184, 190 (S.D., 2007) | 6 | While a court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. SDCL S 15-6-12(b). | Therefore, "[w]hile the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. | "Is a court free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations?" |
| 1903 | Ball v. City of Syracuse, 60 A.D.3d 1312, 1313, 875 N.Y.S.2d 412, 413 (2009) | 3 | In determining motions to dismiss in the context of an Article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true where no answer or return has been filed. McKinney's CPLR 7801 et seq. | In determining motions to dismiss in the context of [a CPLR] article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true ... where, as here, no answer or return has been filed | "In determining motions to dismiss in the context of an Article 78 proceeding, can a court not look beyond the petition and must accept all allegations in the petition as true?" |
| 1904 | Blankenship v. Kane Cty., 85 Ill. App. 3d 621, 622 (1980) | 1 | Motion to dismiss based on laches is insufficient absent some allegation of knowledge since that doctrine does not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based. S.H.A. ch. 110, S 48; Supreme Court Rules, Rule 191, S.H.A. ch. 110A, S 191. | A motion to dismiss based on laches would be insufficient absent some allegation of knowledge since that doctrine does not apply unless the party against whom the defense is asserted has discovered or should have discovered the fact upon which his claim is based. | Does motion to dismiss doctrine of laches not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based? |

| | | | | | |
|---|---|---|---|---|---|
| 1905 | Oratowski v. Civil Service Commission of City of Chicago, 3 Ill.App.2d 551, 561 (Ill.App. 1 Dist. 1954) | 5 | An officer of the law must exercise the greatest degree of restraint in dealing with the public and he must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct, since it may be of such character or so provoked or conditioned as to be fully justified. | An officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct. It may be of such a character or so provoked or conditioned as to be fully justified. | Should police officers conceive that every threatening word amounts to disorderly conduct? |
| 1907 | Ritterbusch v. Holt, 789 S.W.2d 491, 493 (Mo., 1990) | 1 | A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it involves substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. | *493  A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. | Is a petition sufficient to withstand a motion to dismiss for failure to state a claim if it invokes principles of substantive law? |
| 1908 | Austin v. Clark, , 755 S.E.2d 796, 799 (Ga. 2014) | 6 | Motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | In other words, [a] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | "If evidence is introduced which will sustain a grant of relief to the plaintiff, is the complaint sufficient?" |
| 1909 | Coleman v. City of Mesa, 230 Ariz. 352, 356 (Ariz., 2012) | 6 | Complaint's exhibits, or public records regarding matters referenced in a complaint, are not outside the pleading, and courts may consider such documents without converting a motion to dismiss for failure to state claim into a summary judgment motion. 16 A.R.S. Rules Civ.Proc., Rule 12(b)(6). | A complaint's exhibits, or public records regarding matters referenced in a complaint, are not "outside the pleading," and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion. | Are exhibits or public records appended to a complaint regarding matters within it not outside the pleading and can be considered by the courts without converting a motion to dismiss? |
| 1910 | Pedersen v. Blythe, 292 P.3d 182, 185 (Alaska, 2012) | 12 | When considering materials outside the pleadings on motion to dismiss, court must give notice to opposing party of its intent to take judicial notice and afford him opportunity to dispute facts judicially noticed. | But just as it does when converting a motion to dismiss, the court must give notice to the opposing party of its intent to take judicial notice and "afford him an opportunity to dispute the facts judicially noticed." | "When considering materials outside the pleadings on motion to dismiss, should a court give notice to opposing party of its intent to take judicial notice?" |

| 1911 | State ex rel. Missouri Highway & Transp. Comm'n v. Kersey, 663 S.W.2d 364, 367–68 (Mo. Ct. App. 1983) | 4 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only length of delay, but attendant circumstances; a fair test is whether the excepting party had a reasonable opportunity to bring its exceptions to trial. | In deciding whether to order dismissal for failure to prosecute, a trial court may consider not only the length of delay, but attendant circumstances. Schreck v. *368 Parker, 388 S.W.2d 538, 541 (Mo.App.1965); State ex rel. State Highway Commission v. Milnes, 573 S.W.2d 727, 728 (Mo.App.1978). A fair test is whether the excepting party (here, appellant) had a reasonable opportunity to bring its exceptions to trial. Milnes, 573 S.W.2d at 728. | Will the court consider not only the length of the delay but also attendant circumstances in deciding whether to order dismissal for failure to prosecute? |
| 1912 | Duggar v. Quality Dev. Corp., 350 So. 2d 816, 817 (Fla. App. 1977) | 1 | Amended rule requiring that activity appear on the face of the record to prevent dismissal for failure to prosecute is not applicable to cases involving nonrecord activity prior to the effective date of the amendment. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | The amended rule which requires that the activity appear on the face of the record to prevent dismissal is not applicable to cases involving nonrecord activity prior to the effective date of that amendment. | "Is amended rule requiring that activity appear on the face of the record to prevent dismissal for failure to prosecute, applicable to cases involving nonrecord activity prior to the effective date of the amendment?" |
| 1913 | High Definition MRI, P.C. v. Travelers Companies, Inc., 137 A.D.3d 602, 602, 29 N.Y.S.3d 23, 24 (2016) | 1 | On a motion to dismiss for failure to state a cause of action, court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | [A] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one | "When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, can a court freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action?" |
| 1914 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 382 (Tenn. 2015) | 7 | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." | "When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support a motion with affidavits or other evidentiary materials?" |
| 1917 | Hartmann Realtors v. Biffar, 13 N.E.3d 350, 356 (Ill. App. 2014) | 4 | When deciding a motion to dismiss for failure to state a claim, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. S.H.A. 735 ILCS 5/2-615. | When deciding a section 2-615 motion to dismiss, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. | "When deciding a motion to dismiss for failure to state a claim, can the court not consider affidavits, the products of discovery, or documentary evidence not incorporated into the pleadings as exhibits?" |
| 1918 | Peoples Bank v. Frazee, 318 S.W.3d 121, 126 (Mo., 2010) | 2 | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss a Missouri action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | "When personal jurisdiction is contested by the filing of a motion to dismiss an action, does the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient?" |

| 1919 | First Nat. Bank of Logansport v. Logan Mfg. Co., 577 N.E.2d 949, 954 (Ind. 1991) | 5 | Doctrine of estoppel springs from equitable principles and is designed to aid law in administration of justice where, without its aid, injustice might result; its purpose is to preserve rights previously acquired and not to create new ones. | The doctrine of estoppel springs from equitable principles and is designed to aid the law in the administration of justice where, without its aid, injustice might result. Its purpose is to preserve rights previously acquired and not to create new ones. | Does estoppel spring from equitable principles and is it designed to aid in the administration of justice where injustice might result? |
| --- | --- | --- | --- | --- | --- |
| 1920 | Burks v. Madyun, 105 Ill. App. 3d 917, 919 (1982) | 2 | In determining legal sufficiency of complaint on motion to dismiss, all well-pleaded facts are to be taken as true, and reviewing court must determine whether allegations of complaint, when interpreted in light most favorable to plaintiff, are sufficient to set forth cause of action upon which relief may be granted. | In determining the legal sufficiency of a complaint on a motion to dismiss, all well pleaded facts are to be taken as true (Fitzgerald v. Chicago Title & Trust Co. (1978), 72 Ill.2d 179, 20 Ill.Dec. 581, 380 N.E.2d 790) and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. | "In reviewing a motion to dismiss a complaint as untimely, will a reviewing court take all well-pled facts in a complaint as true and will not weigh the evidence?" |
| 1921 | Frenzel v. Browning-Ferris Industries, 780 S.W.2d 844, 845 (Tex. App. 1989) | 2 | In determining whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including length of time case was on file, amount of activity in the case, request for trial setting and existence of reasonable excuses for delay. | In determining whether to dismiss a cause for want of prosecution, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. | What should court consider in determining whether to dismiss cause for want of prosecution? |
| 1922 | City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299, 303 (2017) | 4 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. GKN Co. v. Magness, 744 N.E.2d 397, 400 (Ind. Ct. App. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" |

| 1923 | Green v. Wiggins, 304 Ark. 484, 489, 803 S.W.2d 536, 539 (1991) | 2 | Under rule providing that, if service of summons is not made upon defendant within 120 days after filing of complaint, action shall be dismissed without prejudice, "without prejudice" language does not apply if plaintiff's action is otherwise barred by running of statute of limitations. Rules Civ.Proc., Rule 4(i). | Of course, appellant's interpretation of Rule 4(i) is correct insofar as it goes, viz., if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed without prejudice. Lyons v. Forrest City Machine Works, Inc., 301 Ark. 559, 785 S.W.2d 220 (1990); see also Cole v. First Nat'l Bank, 304 Ark. 26, 800 S.W.2d 412 (1990). However, that dismissal without prejudice language does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations. | "Does a rule provide that if service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion?" |
| 1924 | Vosbein v. Bellias, 866 So. 2d 489, 493 (Miss.App.,2004) | 3 | Lesser sanctions than dismissal with prejudice for want of prosecution include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | Lesser sanctions include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings | "Do lesser sanctions than dismissal with prejudice for want of prosecution include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, and dismissal without prejudice?" |
| 1926 | Thomas v. Knight, 52 S.W.3d 292, 296 (Tex. App. 2001) | 9 | When an appellate court reviews whether a trial court abused its discretion in dismissing a state prisoner's civil rights suit, it should consider whether the suit was dismissed with prejudice, and if it was, determine whether the prisoner's error could be remedied through more specific pleading; if the error could be remedied, then a dismissal with prejudice is improper. V.T.C.A., Civil Practice and Remedies Code, S 14.004. | When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's suit, it should consider whether the suit was dismissed with prejudice and if the suit was, determine whether the inmate's error could be remedied through more specific pleading. Denton, 504 U.S. at 34, 112 S.Ct. 1728; Hickman, 35 S.W.3d at 124. If the error could be remedied, then a dismissal with prejudice is improper. | "When reviewing whether a trial court abused its discretion by dismissing an inmate suit with prejudice, should the appellate court consider whether the inmate error could be remedied with a more specific pleading?" |
| 1927 | Burton v. Allen, 628 So. 2d 814, 815 (Ala. App. 1993) | 3 | Trial court may dismiss action, with prejudice, for lack of prosecution only when there is clear record of delay or contumacious conduct by plaintiff or serious showing of willful default. Rules Civ.Proc., Rule 41(b). | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can a trial court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" |

| 1928 | Burkes v. Fas-Chek Food Mart Inc, 217 W. Va. 291, 293 (2005) | 9 | If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice; however, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. Rules Civ.Proc., Rule 4(k). | Under Rule 4(k) of the West Virginia Rules of Civil Procedure [1998], if a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice. However, the circuit court shall extend the time for service if the plaintiff shows good cause for the failure. | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, should then the circuit court dismiss the action against that defendant without prejudice?" |
| --- | --- | --- | --- | --- | --- |
| 1929 | Swenson v. Sanborn Cty. Farmers Union Oil Co., 594 N.W.2d 339, 343 (S.D., 1999) | 8 | Dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | "Should dismissal of a cause of action for failure to prosecute be granted when, after considering all the facts and circumstances, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness?" |
| 1931 | Chudoba v. Chudoba, 36 Misc. 2d 213, 216, 232 N.Y.S.2d 115, 118–19 (Sup. Ct. 1962) | 6 | Although pleading attacked for legal insufficiency must be accorded every fair and reasonable intendment, liberality cannot be used as substitute for matters of substance and conclusions utilized to supply material facts by inference within doctrine of liberal construction. | While a pleading attacked for legal insufficiency must be accorded every fair and reasonable intendment, liberality 'cannot be used as a substitute for matters of substance' and conclusions utilized 'to supply material facts by inference within the doctrine of liberal construction | Should pleadings attacked for legal insufficiency be accorded every fair and reasonable intendment? |
| 1932 | Texas Mut. Ins. Co. v. Olivas, 323 S.W.3d 266, 273 (Tex. App. 2010) | 3 | A trial court does not abuse its discretion by denying a motion to reinstate a suit if the movant receives notice of the actual order of dismissal in time to file a motion to reinstate, and has an opportunity to be heard on the motion. | However, "a trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion." | Does a trial court not abuse its discretion by denying a motion to reinstate a suit if the movant receives notice of the actual order of dismissal in time to file a motion to reinstate? |
| 1933 | Kruis v. McKenna, 2001 PA Super 366, ¶ 7 (2001) | 2 | Before a petition to open a judgment of non pros may be granted, the moving party must: (1) promptly file a petition to open; (2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros; and (3) establish that there are sufficient facts to support a cause of action. | Before a petition to open a judgment of non pros may be granted, the moving party must 1) promptly file a petition to open, 2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros, and 3) establish that there are sufficient facts to support a cause of action. | What should the moving party do before a petition to open a judgment of non pros can be granted? |

| 1935 | In re Adoption of Jason K., 41 Misc. 3d 885, 888, 972 N.Y.S.2d 481, 485 (Fam. Ct. 2013) | 2 | The issuance by a juvenile court of an order of guardianship or an order of adoption for an alien minor residing in the United States may provide a basis for the juvenile court to make the special findings necessary to submit an application to United States Citizenship and Immigration Services (USCIS) for Special Immigrant Juvenile (SIJ) status, although guardianship of an alien minor may be granted independently of any application for SIJ status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | The issuance of an order of guardianship or an order of adoption for a minor child residing in the United States by a juvenile court may provide a basis for the juvenile court to make the special findings necessary to submit an application to USCIS for Special Immigrant Juvenile ("SIJ") status pursuant to 8 USC § 1101(a)(27)(J), although guardianship of an alien minor may be granted independently of any application for SIJ status | Are special findings of juvenile court necessary to permit a juvenile to file an application for Special Immigrant Juvenile (SIJ) status? |
|---|---|---|---|---|---|
| 1936 | In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006) | 3 | A sworn motion to extend post-judgment deadlines establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 306a. | The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. | When is a trial court required to hold an evidentiary hearing? |
| 1937 | Fico v. Health Ins. Plan of Greater New York, 248 A.D.2d 432, 433, 669 N.Y.S.2d 380, 381 (1998) | 1 | Party seeking to restore case to trial calendar after it has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar; all four components of test must be satisfied before dismissal can be properly vacated. McKinney's CPLR 3404. | A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar. The moving party must satisfy all four components of the test before the dismissal can be properly vacated. | A party seeking to restore a case to the trial calendar after it has been dismissed as abandoned must demonstrate what? |
| 1939 | 474 W. 150th St. Realty Corp. v. Lewis, 166 Misc. 2d 954, 956 (New York 1995) | 2 | In order to have dismissal for abandonment vacated and action restored to trial calendar, movant must show meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing party and lack of intent to abandon action. McKinney's CPLR 3404. | In order to have such a dismissal vacated and the action restored to the trial calendar, the movant must show "a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action" | "In order to have a dismissal for abandonment vacated and action restored to a trial calendar, should a movant show a meritorious cause of action?" |
| 1940 | Shirrell v. Missouri Edison Co., 535 S.W.2d 446, 448 (Mo., 1976) | 1 | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | Lemay Bank & Trust Co., 386 S.W.2d 398, 399 (Mo.1965), as follows: 'The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" |

| | | | | | |
|---|---|---|---|---|---|
| 1941 | Campaign for Quality Educ. v. State, 209 Cal. Rptr. 3d 888, 895, 246 Cal.App.4th 896, 907 (2016) | 14 | State constitution vests legislature with sweeping and comprehensive powers in relation to public schools, including broad discretion to determine types of programs and services which further the purposes of education and such functions as educational focus, teaching methods, school operations, furnishing of textbooks, and the like. (Per Jenkins, J., with one justice concurring separately.) Cal. Const. art. 9, SS 1, 5. | Second, there is no dispute that "our Constitution vests the Legislature with sweeping and comprehensive powers in relation to our public schools (Hall v. City of Taft [ (1956) ] 47 Cal.2d [177,] 179 [302 P.2d 574]), including broad discretion to determine the types of programs and services which further the purposes of education ( [Hayes,] supra, 5 Cal.App.4th at p. 1528 [7 Cal.Rptr.2d 699])," and "such functions as educational focus, teaching methods, school operations, furnishing of textbooks and the like." | Do state constitutions delegate power to the Legislature over the public school system? |
| 1942 | Owczarkowski v. Pawlicki, 35 A.D.2d 773, 773, 316 N.Y.S.2d 688, 689 (1970) | 2 | On motion by defaulting party to vacate order of dismissal he must show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action. | Upon a motion by defaulting party to vacate an order of dismissal he must show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action. | "On a motion by a defaulting party to vacate order of dismissal, should he show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action?" |
| 1943 | Gohel v. Montgomery Hosp., 698 A.2d 653, 654 (Pa. 1997) | 2 | To open judgment of non pros, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, delay was reasonably explained, and facts exist which support cause of action. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | To remove a judgment of non pros, the petitioner must demonstrate to the trial court's satisfaction that the petition to open was promptly filed, provide a reasonable explanation for the delay, and demonstrate the *1243 existence of facts to support the cause of action. | "To open judgment of non pros(JNP), should a petitioner demonstrate to a trial court's satisfaction that a petition to open was promptly filed?" |
| 1946 | Stoddard v. Rutgers, 24 N.J. Tax 187, 193-194 (2008) | 2 | In ruling on a motion to dismiss a complaint for failure to state a claim a court must test the adequacy of a pleading by determining whether a cause of action is suggested by the facts alleged in the complaint, without regard to the ability of the plaintiff to prove those facts. R. 4:6-2. | The standard for the grant of a Rule 4:6-2 motion to dismiss a complaint for failure to state a claim was set forth by our Supreme Court in Printing Mart- Morristown v. Sharp Electronics Corp., 116 N.J. 739, 563 A.2d 31 (1989). A court must test the adequacy of a pleading by determining whether a cause of action is suggested by the facts alleged in the complaint, without *194 regard to the ability of the plaintiff to prove those facts. | "On motion to dismiss complaint for failure to state a claim upon which relief can be granted, is the test for determining the adequacy of a pleading whether a cause of action is suggested by the facts?" |

| 1947 | Cambridge Mut. Fire Ins. Co. v. Crete, 150 N.H. 673, 678 (2004) | 13 | To assure that the opportunity for amendment has practical meaning, a plaintiff must be given leave to amend the writ to correct perceived deficiencies before an adverse judgment has preclusive effect; therefore, the trial court must allow the plaintiff opportunity to amend the writ before dismissing for failure to state a claim, allowing the plaintiff two chances to state a case before precluding the plaintiff from burdening the courts and opposing parties with further attempts. | To assure that the opportunity for amendment has practical meaning, however, the plaintiff must be given leave to amend the writ to correct perceived deficiencies before an adverse judgment has preclusive effect. Id. Therefore, the trial court must allow the plaintiff opportunity to amend the writ before dismissing for failure to state a claim, allowing the plaintiff two chances to state a case before precluding the plaintiff from burdening the courts and opposing parties with further attempts. | "To assure that the opportunity for amendment has practical meaning, should a plaintiff be given leave to amend the writ to correct perceived deficiencies before an adverse judgment has preclusive effect?" |
|---|---|---|---|---|---|
| 1948 | Gray v. Gray, 102 Ohio App. 239, 242 (1956) | 4 | Generally, courts have inherent power, independent of statute, to dismiss an action where it appears that plaintiff has failed to have summons issued for an unreasonable period, or there is an unreasonable delay in serving summons, or failure to comply with an order of the court or diligently to prosecute the case. R.C. SS 2323.04, 2323.05. | However, it is generally recognized that courts have inherent power, independent of statute, to dismiss an action where it appears that plaintiff has failed to have summons issued for an unreasonable period, or there is an unreasonable delay in serving summons, or on failure to comply with an order of the court or diligently prosecute his case. | Does the court have the inherent power to dismiss an action when a plaintiff fails to prosecute its case with due diligence? |
| 1949 | Bobbin v. Sail the Sounds, 153 Conn. App. 716, 726-27 (2014) | 8 | Courts must remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute whenever possible and that termination of proceedings without a determination of the merits of the controversy is not favored, where that can be brought about with due regard to necessary rules of procedure. | Courts must remain mindful, however, that "[i]t is the policy of the law to bring *727 about a trial on the merits of a dispute whenever possible"; Snow v. Calise, 174 Conn. 567, 574, 392 A.2d 440 (1978);and that "[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." | Should courts remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute? |
| 1950 | PDC Consulting v. Porter, 196 P.3d 626, 629 (Utah App., 2008) | 2 | It is well within a trial court's discretion to dismiss a case for failure to prosecute when a party fails to move forward according to the rules and the directions of the court, without justifiable excuse. Rules Civ.Proc., Rules 37, 41(b). | In other words, it is well within a trial court's discretion to dismiss a case under rule 41(b) when "a party fails to move forward according to the rules and the directions of the court, without justifiable excuse." | Is it well within a trial court discretion to dismiss a case for failure to prosecute when a party fails to move forward according to the rules and the directions of the court? |
| 1951 | Caraballo v. Montefiore Med. Ctr., 89 A.D.3d 638, 639, 933 N.Y.S.2d 278, 279 (2011) | 2 | To vacate an order dismissing an action for want of prosecution, a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action. | To vacate an order dismissing an action pursuant to CPLR 3216, a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action | "To vacate an order dismissing an action for want of prosecution, should a plaintiff demonstrate a reasonable excuse for the failure to comply with the 90-day demand to serve?" |

| 1952 | State v. Nielsen, 2000 ME 202, ¶ 5 (2000) | 3 | A declaration of mistrial after a jury is impaneled will prevent the government from attempting prosecution again on the same charges except in certain limited circumstances-when the defendant consents to the mistrial, or a manifest necessity for the mistrial exists. U.S.C.A. Const.Amend. 5; M.R.S.A. Const. Art. 1, S 8. | A declaration of mistrial after a jury is impaneled will thus prevent the government from attempting prosecution again on the same charges except in certain limited circumstances-when the defendant consents to the mistrial, 4  or a manifest necessity for the mistrial *879  exists. | Will a declaration of mistrial after a jury is impaneled prevent the government from attempting prosecution again on the same charges except in certain limited circumstances-when the defendant consents to the mistrial? |
| 1953 | United States v. Aguilar-Aranceta, 957 F.2d 18, 21 (C.A.1 (Puerto Rico), 1992) | 4 | Protection embodied in double jeopardy clause is personal defense that may be waived or foreclosed by defendant's voluntary actions or choices, including requests for or effectual consent to mistrial. U.S.C.A. Const.Amend. 5. | The protection embodied in the Double Jeopardy Clause is a personal defense that may be waived or foreclosed by a defendant's voluntary actions or choices, including a request for or effectual consent to a mistrial. | Is protection embodied in double jeopardy clause a personal defense that may be waived or foreclosed by a defendant voluntary actions or choices? |
| 1954 | U.S. v. McCallum, 721 F.3d 706, 710, 406 U.S.App.D.C. 74, 78 (C.A.D.C.,2013) | 3 | Although retrial is not automatically barred when a criminal proceeding is terminated prematurely, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. U.S.C.A. Const.Amend. 5. | Although "retrial is not automatically barred when a criminal proceeding is terminated [prematurely] ..., the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar." Id. | "Although retrial is not automatically barred when a criminal proceeding is terminated prematurely, should the prosecutor shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar?" |
| 1955 | People v. Cobb, 19 Ill. App. 3d 520, 522 (1974) | 1 | Though not every mistrial necessarily gives rise to a valid claim of double jeopardy, right not to be put twice in jeopardy for the same offense is a substantial right which should be zealously guarded. | While it is true that not every mistrial necessarily gives rise to a valid claim of double jeopardy, nonetheless the right not to be put twice in jeopardy for the same offense is a substantial right which should be zealously guarded. | "Though not every mistrial necessarily gives rise to a valid claim of double jeopardy, is a right not to be put twice in jeopardy for the same offense a substantial right which should be zealously guarded?" |
| 1956 | Morriss v. First Nat. Bank of Mission, 249 S.W.2d 269, 279 (Tex. Civ. App. 1952) | 6 | The "bonus" provided for in oil and gas lease represents market value of lease apart from royalties to be paid on production and other considerations under the lease, and is a sum of money paid upon execution of a lease or agreed to be paid at some later date, usually out of lessee's share of first oil produced from the land, and is frequently computed at a cash amount per acre. | Bonus 'represents market value of a lease apart from royalties to be paid on production and the other considerations of the lease; and is a sum of money paid upon execution of a lease or agreed to be paid at some later date, usually out of the lessee's share of the first oil produced from the land.' 3 Summers, Oil & Gas, s 571; State Nat. Bank of Corpus Christi v. Morgan, supra. Bonus is frequently computed at a cash amount per acre. | "Can the term bonus be defined as a sum of money paid in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease?" |

| 1957 | People ex rel. Dept. of Revenue v. Countryman, 162 Ill.App.3d 134, 136 (1987) | 3 | Dismissal for want of prosecution should be set aside where satisfactory explanation of apparent delay has been given, there has been no intentional or willful disregard of any directions of court, and it is does not appear that further postponement of controversy on merits would result in prejudice or hardship to any of parties. | Moreover, a dismissal for want of prosecution should be set aside where a satisfactory explanation of the apparent delay has been given, there has been no intentional or wilful disregard of any directions of the court, and it does not appear that further postponement of a controversy on its merits would result in prejudice or hardship to any of the parties. | Should a dismissal for want of prosecution be set aside where a satisfactory explanation of apparent delay has been given? |
|---|---|---|---|---|---|
| 1958 | McGinnis v. Steeleman, 199 So. 3d 69, 73 (Ala. Civ. App. 2015) | 4 | A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but ' "since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations." | "Does the court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing?" |
| 1959 | Progressive Ins. Co. v. Brown, 195 So.3d 1007, 1010 (Ala.Civ.App., 2015) | 1 | Trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but ' "since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations." ' | "Does the court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing?" |
| 1960 | Scarzella v. DeMers, 17 Cal.App.4th 1762, 1769–70 (Cal.App.3.Dist) | 6 | Dismissal for failure to serve summons within two years and dismissal for failure to bring action to trial within prescribed time, after action is commenced, are both matters within discretion of trial court; although both are addressed in same statute, scope of discretion is not same. West's Ann.Cal.C.C.P. S 583.420(a), (a)(1, 2), (b). | Dismissal for failure to serve summons within two years under section 583.420, subdivision (a)(1), and dismissal for failure to bring the action to trial within the prescribed time under section 583.420, subdivision (a)(2), after the action is commenced, are both matters within the discretion of the trial court. Although both are addressed in the same statute, the scope of discretion is not the same | "Are the dismissal for failure to serve summons within two years and dismissal for failure to bring action to trial within prescribed time, after action is commenced, both matters within discretion of trial court?" |
| 1961 | State v. Huffman, 141 W. Va. 55, 79-80 (1955) | 24 | To sustain conviction for an attempt to commit rape, proof must establish specific intent to commit rape, and force, or attempted force or an intention to use force, by offender, in perpetration of offense, necessary to overcome the will of victim, together with an attempt to accomplish his lustful desire against will of female and notwithstanding her resistance. | To sustain a conviction for an attempt to commit the crime of rape the proof must establish the specific **556 intent to commit the crime of rape, and force, or attempted force, or an intention to use force, by the offender, in the perpetration of the offense, *80 necessary to overcome the will of the victim, together with an attempt to accomplish his lustful desire against the will of the female and notwithstanding her resistance. | Is the proof of the specific intent to commit rape essential to sustain a conviction on the charge of attempt to commit rape? |

| 1963 | State v. Guillaume, 293 Mont. 224, 231 (1999) | 7 | Application of weapon enhancement statute to felony convictions where underlying offense requires proof of use of weapon violates the double jeopardy provision of Montana Constitution. Const. Art. 2, S 25; MCA 46-18-221(1, 4). | We further hold that application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution. | Does application of weapon enhancement statute to felony convictions where underlying offense requires proof of use of weapon violate the double jeopardy provision of Constitution? |
| --- | --- | --- | --- | --- | --- |
| 1965 | State v. Creamer, 161 S.W.3d 420, 425 (Mo.App. W.D., 2005) | 13 | A court may declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine. U.S.C.A. Const.Amend. 5. | Specifically, a court may declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the "manifest necessity" doctrine. | Can a court declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine? |
| 1966 | State v. C.J.F., 183 S.W.3d 841, 847 (Tex. App. 2005) | 7 | A defendant's valued right to have his trial completed by a particular tribunal is within the protection of the constitutional guarantee against double jeopardy, because that right lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn. U.S.C.A. Const.Amend. 5. | A defendant's "valued right to have his trial completed by a particular tribunal" is now within the protection of the constitutional guarantee against double jeopardy, because that right lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn. | Is a defendant's right to have his trial completed by a particular tribunal within the protection of the constitutional guarantee against double jeopardy? |
| 1967 | Walck v. Edmondson, 472 F.3d 1227, 1236 (10th Cir. (Okla.),2007) | 15 | Because a criminal defendant's right to have his trial completed by a particular tribunal is substantial, and any mistrial frustrates that right, the prosecution must overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided. U.S.C.A. Const.Amend. 5. | Nevertheless, because a criminal defendant's right to have his trial completed by a particular tribunal is substantial, and any mistrial frustrates that right, the prosecution must overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided. | Should the prosecution overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided? |
| 1968 | State v. Ross, 189 Conn. 42, 48 (1983) | 4 | If because of unavailability of suppressed evidence, defendant has been acquitted, principle of double jeopardy would prevent new trial regardless of whether exclusionary ruling was erroneous. U.S.C.A. Const.Amend. 5. | If because of the unavailability of the suppressed evidence a defendant has been acquitted, the principle of double jeopardy would prevent a new trial regardless of whether the exclusionary ruling was erroneous. | "If because of unavailability of suppressed evidence, defendant has been acquitted, will the principle of double jeopardy prevent a new trial regardless of whether an exclusionary ruling was erroneous?" |
| 1970 | Wen v. Willis, 117 F. Supp. 3d 673, 680 (E.D.Pa., 2015) | 3 | Under Pennsylvania law, the gist of the action doctrine forecloses a party's pursuit of a tort action for the mere breach of contractual duties without any separate or independent event giving rise to the tort. | The gist of the action doctrine "forecloses a party's pursuit of a tort action for the mere breach of contractual duties without any separate or independent event giving rise to the tort." | "Does the gist-of-the-action doctrine foreclose a party's pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort?" |

| 1972 | In re Vital Prod. Co., 210 B.R. 109, 111 (N.D. Ohio 1997) | 3 | In resolving whether transaction characterized as lease is actually something other than lease, bankruptcy courts typically look to applicable nonbankruptcy law for guidance, and where state has adopted the Uniform Commercial Code (UCC), provisions of UCC are considered in distinguishing true lease from disguised security transaction. U.C.C. S 1-201(37). | In resolving whether a transaction characterized as a lease is actually something other than a lease, bankruptcy courts typically look to applicable nonbankruptcy law for guidance, and the characterization affixed by the parties involved is not necessarily controlling. Where states have adopted the Uniform Commercial Code (U.C.C.), provisions of U.C.C.  1-201(37) are considered in distinguishing a true lease from a disguised security transaction. | Is characterization affixed by parties not necessarily controlling in distinguishing between a true lease and a disguised security agreement? |
| --- | --- | --- | --- | --- | --- |
| 1976 | Browning-Ferris Indus. of Kansas City v. Dance, 671 S.W.2d 801, 809 (1984) | 12 | In exercising inspection authority through the police power, municipal corporations may impose license fees, permanent fees, or taxes to recover the costs of inspection by a flat amount or an amount based upon volume of business. | In exercising inspection authority through the police power, municipal corporations may impose license, permit fees, or taxes to recover their costs of inspection by a flat amount or an amount based upon volume of business. | "While exercising inspection authority through a police power, can municipal corporations impose license, permit fees, or taxes to recover their costs of inspection?" |
| 1977 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | "Does court have power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process?" |
| 1978 | Casey v. Ne. Utilities, 249 Conn. 365, 378 (1999) | 11 | Under Workers' Compensation Act, employee surrenders his right to bring common law action against employer, thereby limiting employer's liability to the statutory amount, and in return, employee is compensated for his losses without having to prove liability; Act compromises employee's right to common law tort action for work-related injuries in return for relatively quick and certain compensation. C.G.S.A. S 31-275 et seq. | Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount.... In return, the employee is compensated for his or her losses without having to prove liability.... In a word, these statutes compromise an employee's *379 right to a common law tort action for work related injuries in return for relatively quick and certain compensation. | "Under the Workers' Compensation Act, does an employee surrender his right to bring a common law action against the employer by limiting the employers liability to the statutory amount? " |
| 1980 | Farmers Auto. Ins. Ass'n v. Neumann, 2015 IL App (3d) 140026, 28 N.E.3d 830, 835 (Ill. App. 2015) | 13 | The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss; the facts constituting the defense must be plainly set forth and the court will disregard any conclusions of law or fact not supported by allegations of specific fact. S.H.A. 735 ILCS 5/2-613(d). | The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss; the facts constituting the defense must be plainly set forth and the court will disregard any conclusions of law or fact not supported by allegations of specific fact. | Is the test for determining the factual sufficiency of an affirmative defense the same as that applied in deciding a motion to dismiss? |

| 1981 | Broadstone Realty Corp. v. Evans, 213 F. Supp. 261, 265 (1962) | 1 | With respect to diversity jurisdiction of federal courts, "citizenship" has same meaning as domicile and it imports permanent residence in a particular state with intention of remaining; residence alone is not equivalent of citizenship, although place of residence is prima facie the domicile; citizenship is not necessarily lost by protracted absence from home where intention to return remains. 28 U.S.C.A. S 1331(a). | It is well established that 'with respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile. It imports permanent residence in a particular state with the intention of remaining * * *. Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protracted absence from home where the intention to return remains.' | "Is residence not the equivalent of domicile, although it is prima facie evidence of domicile?" |
| 1982 | Iacono v. Japan Line, Ltd., 89 A.D.2d 948, 949, 454 N.Y.S.2d 438, 439 (1982) | 2 | Even if a violation of a preclusion order may be deemed a "neglect to prosecute" which would bar a second action even if the judgment dismissing the first action was not on the merits, that rule cannot be applied in such a way as to shorten the period otherwise available to the plaintiff. McKinney's CPLR 205(a). | Assuming a violation of a preclusion order may be deemed a "neglect to prosecute", which would bar a second action pursuant to CPLR 205(a) even if the judgment dismissing the first action were not on the merits, CPLR 205(a) "cannot be applied in such a way as to shorten the period otherwise available to the plaintiff | Can a rule be applied in such a way as to shorten the period otherwise available to the plaintiff? |
| 1984 | SPS Dev. Co. v. DS Enterprises of Palm Beaches, 970 So. 2d 495, 497 (Fla.App. 4 Dist., 2007) | 5 | Although a trial court has the discretionary power to dismiss a complaint if plaintiff fails to timely file an amendment, because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result. | Although a trial court has the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment, id. at 817, "[b]ecause dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." | Does a court have the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment? |
| 1986 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470, 471 (2009) | 1 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court that will not be disturbed absent evidence of abuse? " |
| 1987 | State v. N. Atl. Ref. Ltd., 160 N.H. 275, 280, 999 A.2d 396, 403 (2010) | 1 | When the trial court rules upon the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the trial court applies a prima facie standard, and the appellate court reviews the trial court's decision de novo. | When, as in this case, the trial court rules upon the motion without holding an evidentiary hearing, the trial court applies a "prima facie " standard, and we review the trial court's decision de novo. | "When the trial court rules upon the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, does the trial court apply a prima facie standard?" |

| 1988 | Jackson v. Joyner, 309 S.W.3d 910, 915 (Tenn. Ct. App. 2009) | 2 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Rather, a motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. Id. It essentially substitutes for an evidentiary objection which may be made at trial. Id. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question? |
|---|---|---|---|---|---|
| 1989 | In re Pihl, Inc., 529 B.R. 414, 425 (Bankr. D. Mass. 2015) | 8 | Under Massachusetts law, court considers five factors in deciding whether equitable subrogation applies: (1) whether the subrogee made payment to protect his or her own interest, (2) whether subrogee acted other than as volunteer, (3) whether subrogee was not the one primarily liable for the debt paid, (4) whether subrogee paid off the entire encumbrance, and (5) whether subrogation can be applied without working any injustice to rights of junior lienholder; however, equitable subrogation is a broad equitable remedy, and may apply even when one or more of these factors is absent. | In Massachusetts, a party must prove the following five factors for subrogation to apply: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder.68 Equitable subrogation is a "broad equitable remedy" and "may apply even where one or more of these factors is absent." | What prerequisites must be met in order for equitable subrogation to apply? |
| 1991 | Caito v. United California Bank, 20 Cal. 3d 694, 704, 576 P.2d 466, 471 (1978) | 11 | One who claims to be equitably subrogated to the rights of secured creditor must satisfy certain prerequisites, namely, that payment must have been made by the subrogee to protect his own interest; that the subrogee must not have acted as a volunteer; that the debt paid must be one for which the subrogee was not primarily liable; that the entire debt must have been paid and that the subrogation must not work any injustice to the rights of others. | One who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites. These are: "(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others." | Should one satisfy certain prerequisites to claim to be equitably subrogated? |
| 1992 | Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S., 9 F.3d 1060, 1063 (2d Cir. 1993) | 1 | Federal Arbitration Act requires federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as means of reducing costs and delays associated with litigation; federal policy favoring arbitration is even stronger in context of international transactions. 9 U.S.C.A. S 1 et seq. | (1988), requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation. Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir.1987). The federal policy favoring arbitration is even stronger in the context of international transactions. | Does Federal Arbitration Act require the federal courts to enforce arbitration agreement? |

| 1993 | Hawkeye Land Co. v. ITC Midwest LLC, 125 F. Supp. 3d 885, 892 (2015) | 1 | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them; claim of "trespass" involves an actionable invasion of interests in the exclusive possession of land, and an actual invasion by tangible matter, whereas claim of "nuisance" is an actionable invasion of interests in the use and enjoyment of land, usually by intangible substances, such as noises or odors, and usually involving the idea of continuance or recurrence over a considerable period of time. I.C.A. S 657.1. | Nuisance and trespass are related doctrines, but there are differences between them. On the one hand, a claim of trespass involves "an actionable invasion of interests in the exclusive possession of land," and "an actual invasion by tangible matter." On the other hand, a claim of nuisance is "an actionable invasion of interests in the use and enjoyment of land," the invasion "is usually by intangible substances, such as noises or odors," and "[i]t usually involves the idea of continuance or recurrence over a considerable period of time." | Is the tort of trespass similar to nuisance? |
|---|---|---|---|---|---|
| 1994 | Hawkeye Land Co. v. ITC Midwest LLC, 125 F. Supp. 3d 885, 892 (2015) | 1 | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them; claim of "trespass" involves an actionable invasion of interests in the exclusive possession of land, and an actual invasion by tangible matter, whereas claim of "nuisance" is an actionable invasion of interests in the use and enjoyment of land, usually by intangible substances, such as noises or odors, and usually involving the idea of continuance or recurrence over a considerable period of time. I.C.A. S 657.1. | Nuisance and trespass are related doctrines, but there are differences between them. On the one hand, a claim of trespass involves "an actionable invasion of interests in the exclusive possession of land," and "an actual invasion by tangible matter." On the other hand, a claim of nuisance is "an actionable invasion of interests in the use and enjoyment of land," the invasion "is usually by intangible substances, such as noises or odors," and "[i]t usually involves the idea of continuance or recurrence over a considerable period of time." | What are the differences between nuisance and trespass? |
| 1995 | U.S. v. Fink, 69 F.Supp. 610, 613 (D.Neb., 1946) | 1 | Congress by the Second War Powers Act intended to and did make a valid general delegation to the President of authority to allocate, ration and control scarce and critical materials upon conditions which he deemed necessary or appropriate in the public interest and to promote the national defense. Act June 28, 1940, S 2(a) as amended 50 U.S.C.A.Appendix, S 1152(a). | That Congress, by the previously quoted provisions of Title III of the Second War Powers Act, intended to and did make a valid general delegation to the President of authority and power to allocate, ration and control scarce and critical materials upon conditions which he deemed 'Necessary or appropriate in the public interest and to promote the national defense' may not be doubted. | Is it unconstitutional for Congress to invest the President with the power of allocation? |

| 1996 | Red Hill Farm Trust v. Schregardus, 102 Ohio App.3d 90, 94–95 (Ohio App. 10 Dist.,1995) | 1 | In reviewing decision of Director of Ohio Environmental Protection Agency (OEPA), Environmental Board of Review (EBR) is limited to considering whether director's action was unreasonable or unlawful, given evidence presented at de novo hearing, and EBR may not substitute its judgment for that of director as to factual determinations, whereas appellate court is charged with determining whether EBR's decision concerning reasonableness and lawfulness of Director's decision is supported by reliable, probative and substantive evidence and is in accordance with law. R.C. S 3745.06. | Preliminarily, in reviewing a decision of the director, the EBR is limited to considering whether the director's action was unreasonable or unlawful, given the evidence presented at the de novo hearing; it may not substitute its judgment for that of the director as to factual determinations. CECOS Internatl., Inc. v. Shank (1992), 79 Ohio App.3d 1, 6, 606 N.E.2d 973, 977; see R.C. 3745.05. In contrast, an appellate court is charged with determining whether the EBR's decision concerning the reasonableness and lawfulness of the director's decision is supported by reliable, probative and substantial evidence and is in accordance with law. Id.; see R.C. 3745.06. | Can the Environmental Board of Review (EBR) substitute its judgment for that of the Director of the Environmental Protection Agency (EPA) as to factual issues in de novo hearings? |
| 1997 | Ogden v. Association of United States Army, 177 F. Supp. 498, 502 (D.D.C, 1959) | 1 | The modern American law of libel has adopted the "single publication rule", and it is the prevailing American doctrine that publication of a book, periodical or newspaper containing defamatory matter gives rise to but one cause of action for libel, which accrues at time of original publication, and statute of limitations runs from that date and it is no longer the law that every sale or delivery of a copy of the publication creates a new cause of action. | From the foregoing discussion the conclusion is inescapable that the modern American law of libel has adopted the so-called 'single publication' rule; and, therefore, this principle must be deemed a part of the common law of the District of Columbia. In other words, it is the prevailing American doctrine that the publication of a book, periodical, or newspaper containing defamatory matter gives rise to but one cause of action for libel, which accrues at the time of the original publication, and that the statute of limitations runs from that date. It is no longer the law that every sale or delivery of a copy of the publication creates a new cause of action. | What is the single publication rule in defamation law? |
| 1998 | Robinson v. Salazar, 838 F. Supp. 2d 1006, 1027-1028 (E.D.Cal., 2012) | 26 | To establish a prima facie case for violation of the Indian Nonintercourse Act, an Indian tribe is required to allege that (1) it is an Indian tribe, (2) the land in question is tribal land, (3) the sovereign has never consented to or approved the alienation of this tribal land, and (4) the trust relationship between the United States and the tribe has not been terminated or abandoned. 25 U.S.C.A. S 177. | To establish a prima facie case for violation of the Indian Nonintercourse Act, an Indian tribe is required to allege that (1) it is an Indian tribe, (2) the land in *1028 question is tribal land, (3) the sovereign has never consented to or approved the alienation of this tribal land, and (4) the trust relationship between the United States and the tribe has not been terminated or abandoned. | What are the elements to prove a prima facie case for violation of the Indian Nonintercourse Act? |

| 1999 | Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 238-39 (3rd Cir. 2005) | 1 | Federal Arbitration Act (FAA) codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving courts; in furtherance of this interest, court must scrupulously honor bargains implicit in arbitration agreements and interfere only when award is severely problematic. 9 U.S.C.A. S 1 et seq. | The Federal Arbitration Act codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving the courts. In furtherance of this interest, a court must scrupulously honor the *239 bargains implicit in such agreements and interfere only when an award is severely problematic. | When will courts interfere with arbitration agreements? |
| 2001 | Int'l Bhd. of Teamsters v. Amerijet Int'l, 904 F. Supp. 2d 1278, 1282 (S.D. Fla. 2012) | 5 | Since minor disputes must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions, federal courts lack subject matter jurisdiction over such disputes. Railway Labor Act, S 1 et seq., 45 U.S.C.A. S 151 et seq. | Since minor disputes "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions," federal courts lack subject matter jurisdiction over such disputes. | "If the grievances under the Railway Labor Acts (RLA) mandatory arbitral mechanism are minor disputes, should those be resolved only through the RLA mechanisms?" |
| 2002 | In re Pihl, 560 B.R. 1, 9 (D.Mass. 2016) | 8 | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. Not all factors need be present for equitable subrogation to apply. | What are the factors that determine equitable subrogation? |
| 2003 | Flying Tiger Line v. Boyd, 244 F. Supp. 889, 892 (D.D.C. 1965) | 8 | Agency performing legislative function need not proceed on evidence formally presented at hearings, but may act on basis of data contained in its own files, on information informally gained by members of body, on its own expertise, or on its own views or opinions. | An agency performing a legislative function need not proceed on evidence formally presented at hearings. It may act on the basis of data contained in its own files, on information informally gained by members of the body, on its own expertise, or on its own views or opinions. | Does an agency performing legislative functions always have to proceed on evidence formally presented at hearings? |
| 2008 | Baker v. Pennsylvania Pub. Util. Comm'n, 14 Pa. Cmwlth. 245, 249 (1974) | 2 | Statutory scheme allows Public Utility Commission on filing of tariffs and without notice and hearing to permit rates to become effective pending decision concerning lawfulness of rates. 66 P.S. SS 1148(b), 1150. | The statutory scheme is that the commission may, on the filing of tariffs and without notice and hearing, permit rates to become effective pending decision concerning their lawfulness. | Can the Public Utility Commission (PUC) permit rates to become effective or suspend them pending decisions concerning their lawfulness without notice or hearing? |

| 2012 | Matagorda Cty. v. Texas Ass'n of Ctys. Cty. Gov't Risk Mgmt. Pool, 975 S.W.2d 782, 785 (Tex. App. 1998) | 7 | Doctrine of "equitable subrogation" is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | The doctrine of equitable subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation a broad doctrine which is given liberal application? |
|---|---|---|---|---|---|
| 2013 | Wilhite v. Schendle, 92 F.3d 372, 376 (5th Cir. 1996) | 5 | Under Louisiana law, "conventional subrogation" occurs when obligee receives performance from third person and in express terms subrogates that person to rights of obligee, even without obligor's consent; "legal subrogation" takes place by operation of law in favor of obligor who pays debt he owes with others and who has recourse against those others as result of the payment. LSA-C.C. arts. 1825, 1827, 1829. | "Conventional" subrogation occurs when an obligee receives performance from a third person and in express terms subrogates that person to the rights of the obligee, even without the obligor's consent.12 "Legal" subrogation takes place by operation of law in favor of an obligor who pays a debt he owes with others and who has recourse against those others as a result of the payment | Can subrogation be conventional or legal? |
| 2015 | Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381, 394 (2005) | 15 | Doctrine of "equitable subrogation" is a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another. | The doctrine of equitable subrogation is "a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it, and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another." | "Does the equitable subrogation doctrine place the ultimate burden for discharging a debt or liability on the person or entity who, in good conscience, ought to pay?" |
| 2016 | Brooks v. Savitch, 576 A.2d 1329, 1331 (Del. 1989) | 3 | Surety which discharges obligation of principal becomes entitled to right of subrogation, to whatever security creditor has for enforcement of claim against principal, and to all rights, means, or remedies which creditor had for enforcing payment. | When a surety discharges an obligation of his principal, the surety becomes entitled by right of subrogation, to whatever security the creditor has for enforcement of his claim against the principal or to all the rights ... means or remedies which the creditor has for enforcing payment against the principal. | "Does a surety who discharges an obligation of the principal become entitled to the right of subrogation, to whatever security the creditor has for enforcement of the claim against principal, and to all rights, means, or remedies which the creditor had for enforcing payment?" |

| | | | | |
|---|---|---|---|---|
| 2017 | Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wash.App. 474, 494 (Wash.App. Div. 1, 2011) | 18 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property (Mortgages) S 7.6. | Prestance, 160 Wash.2d at 564-65, 160 P.3d 17. "As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt." Bank of America, 126 Wash.At at 714, 109 P.3d 863. In Prestance, our Supreme Court adopted the definition of "equitable subrogation" from **847 Restatement (Third) of Property: Mortgages   7.6 (1997). | Is equitable subrogation or subrogation designed to avoid a person receiving an unearned windfall at the expense of another? |
| 2019 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713, 715 (Tex. App. 2006) | 3 | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | The equitable subrogation allows a person, not acting voluntarily, who pays the debt owed by another to seek repayment of that debt by the person who in equity and good conscience should have paid it. | Does the equitable subrogation doctrine allow one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it? |
| 2020 | Hunt v. Mobil Oil Corp., 410 F. Supp. 10, 25 (S.D.N.Y. 1975) | 17 | Public interest in the enforcement of the antitrust laws makes antitrust claims inappropriate subjects for arbitration; stay of antitrust judicial proceedings in favor of arbitration will not be granted where the arbitrators would be required to consider antitrust issues with respect to the controversy to be determined by them. Sherman Anti-Trust Act, S 1, 15 U.S.C.A. S 1. | It is now cardinal doctrine that the public interest in the enforcement of the antitrust laws makes antitrust claims inappropriate subjects for arbitration. As a corollary, a stay of antitrust judicial proceedings in favor of arbitration will not be granted where the arbitrators would be required to consider antitrust issues with respect to the controversy to be determined by them. | Does public interest in the enforcement of antitrust laws make antitrust claims inappropriate subjects for arbitration? |

| 2021 | Dillon v. BMO Harris Bank, N.A., 856 F.3d 330, 334 (4th Cir. 2017) | 4 | Arbitration agreements that operate as a prospective waiver of a party's right to pursue statutory remedies are not enforceable under the Federal Arbitration Act (FAA) because they are in violation of public policy; under this prospective waiver doctrine, courts will not enforce an arbitration agreement if doing so would prevent a litigant from vindicating federal substantive statutory rights. 9 U.S.C.A. S 1 et seq. | Consistent with these contract principles, the Supreme Court has recognized that arbitration agreements that operate "as a prospective waiver of a party's right to pursue statutory remedies" are not enforceable because they are in violation of public policy. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 n.19, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); see also Am. Express Co. v. Italian Colors Rest., ——— U.S. ———, 133 S.Ct. 2304, 2310, 186 L.Ed.2d 417 (2013); 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 273–74, 129 S.Ct. 1456, 173 L.Ed.2d 398 (2009); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Under this "prospective waiver" doctrine, courts will not enforce an arbitration agreement if doing so would prevent a litigant from vindicating federal substantive statutory rights. | Is an arbitration agreement that operates as a waiver of a partys right to pursue statutory remedies enforceable? |
| 2022 | Cahill v. San Diego Gas & Elec. Co., 194 Cal. App. 4th 939, 955 (2011) | 14 | A writ petition that "may" be filed to challenge a good faith settlement determination is a permissive, not mandatory, means of challenging such a determination, and the availability of writ review, or the summary denial of a writ petition, does not preclude an appeal after a final judgment. West's Ann.Cal.C.C.P. S 877.6(e). | Based on our review of section 877.6(e)'s language and legislative history, and Main Fiber, O'Hearn, Maryland Casualty, and Wilshire, we conclude a writ petition that "may" be filed pursuant to section 877.6(e) is a permissive, not mandatory, means of challenging a good faith settlement determination, and the availability of writ review, or the summary denial of a writ petition, does not preclude *956 an appeal after a final judgment. | "Is a writ petition filed pursuant to section 877.6(e), a permissive mean to challenge a trial court's good faith settlement determination?" |
| 2023 | Consumers Union of U.S. v. State, 5 N.Y.3d 327, 354, 840 N.E.2d 68, 82 (2005) | 6 | Condition placed on land use is an "exaction," and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest for which it is imposed, and is not roughly proportional to the impact of the proposed development. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, S 7. | A condition placed on land use is an exaction, and therefore an unconstitutional taking, if the condition lacks an "essential nexus" with the state interest for which it is imposed (see Nollan v California Coastal Comm'n, 483 US 825, 837 [1987]), and is not "rough[ly] proportional[ ]" to the impact of the proposed development (see Dolan v City of Tigard, 512 US 374, 391 [1994]). | "Is a condition placed on land use an exaction, and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest for which it is imposed?" |

| 2027 | Doe I v. State of Israel, 400 F.Supp.2d 86, 113 (D.D.C.,2005) | 53 | The act of state doctrine, which is a close cousin of the political question doctrine, prevents a court from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory. | A close cousin of the political question doctrine, the act of state doctrine prevents a court from deciding a case "when the outcome turns upon the legality or illegality … of official action by a foreign sovereign performed within its own territory." | Does the act of state doctrine bar courts from deciding the legality of a foreign sovereign's public acts taken in its own territory? |
|------|------|------|------|------|------|
| 2029 | United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1, 11 (D.D.C. 2013) | 12 | The policies underlying the "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. | The act of state doctrine precludes domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory. McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485, 491 (D.C.Cir.2008); see Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897) ("Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its territory."); see also RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES § 443 (1987). The doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The policies underlying the doctrine include international comity, respect for the sovereignty of foreign nations on their own territory, and the | Does the act of state doctrine preclude domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory? |
| 2030 | Sarei v. Rio Tinto, PLC, 487 F.3d 1193, 1208 (9th Cir. 2007) | 12 | An action may be barred under act of state doctrine if (1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act. | As a result, an action may be barred if (1) there is an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act." | Can an action be barred under the act of state doctrine if there is an official act of a foreign sovereign performed within its own territory? |
| 2031 | Pac. Merch. Shipping Ass'n v. Aubry, 709 F. Supp. 1516, 1518 (C.D. Cal. 1989), rev'd, 918 F.2d 1409 (9th Cir. 1990) | 1 | Coastal nation may exercise extensive control over "marginal or territorial sea," within three miles of nation's coast, but cannot deny right of innocent passage to foreign nations. | The second zone, measured seaward from the nation's coast, is comprised of a three-mile belt known as the marginal or territorial sea. A coastal nation may exercise extensive control over the territorial zone, but cannot deny the right of innocent passage to foreign nations. | "Can a coastal nation exercise extensive control over marginal or territorial sea, within three miles of the nation's coast, and deny the right of innocent passage to foreign nations?" |

| 2034 | Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116, 1130-1131 (C.D.Cal., 2002) | 23 | Act of state doctrine precludes a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory. | The act of state doctrine precludes a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory. | Does the Act of state doctrine preclude a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory? |
| 2035 | Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342, 1346 (1997) | 7 | Under current view of act of state doctrine, action will be barred only if (1) there is official act of foreign sovereign performed within its own territory, and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | [7]  Under this current view, an action will be barred only if: (1) there is an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. | Is a claim barred by the act of state doctrine only if it involves an official act of a foreign sovereign performed within its own territory? |
| 2036 | Filartiga v. Pena-Irala, 630 F.2d 876, 888 (2d Cir. 1980) | 11 | It is only where the nations of world have demonstrated that the wrong is of mutual, and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation within the meaning of the Alien Tort Statute. 28 U.S.C.A. S 1350. | It is only where the nations of the world have demonstrated that the wrong is of mutual, and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation within the meaning of the statute. | Does a wrong generally recognized become an international law violation within the meaning of the Alien Tort Statute (ATS)? |
| 2038 | Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209, 1229 (C.D. Cal. 2017) | 12 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | Does the Act of State doctrine preclude courts from inquiring into the validity of the public acts a recognized foreign sovereign power commits within its own territory? |
| 2039 | Miller v. Forsyth Mem'l Hosp., 173 N.C. App. 385, 388 (2005) | 2 | A trial court's pretrial ruling on a motion in limine is merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial. | A trial court's pretrial ruling on a motion in limine is merely "preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial." | "Is a trial court's pretrial ruling on a motion in limine merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial?" |
| 2041 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288, 1294 (2007) | 3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine [citation], a court's discretion is limited by the legal principles applicable to the case. | Do trial courts ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine? |
| 2042 | Huber v. Rohrig, 280 Neb. 868, 869 (2010) | 29 | A motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury; it is not the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. | A motion in limine is but a procedural step to **595 prevent prejudicial evidence from reaching the jury. It is not the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. | "Is a motion in limine only a procedural step to prevent prejudicial evidence from reaching the jury, and whose purpose is to obtain a final ruling upon the ultimate admissibility of the evidence?" |

| 2043 | Swick v. Liautaud, 169 Ill. 2d 504, 521 (1996) | 15 | Trial judge has discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused. | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does the trial judge have discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused? |
| --- | --- | --- | --- | --- | --- |
| 2045 | Wilbourn v. Cavalenes, 398 Ill. App. 3d 837, 851 (2010) | 11 | The purpose of a "motion in limine" is to permit a party to obtain an order before trial excluding inadmissible evidence and prohibiting interrogation concerning such evidence without the necessity of having the questions asked and objections thereto made in the presence of the jury; in this way, the moving party is protected from whatever prejudicial impact the mere asking of the questions and the making of objections may have upon the jury. | The purpose of a motion in limine is to permit a party to obtain an order before trial excluding inadmissible evidence and prohibiting interrogation concerning such evidence without the necessity of having the questions asked and objections thereto made in the presence of the jury. [cite] In this way, the moving party is protected from whatever prejudicial impact the mere asking of the questions and the making of objections may have upon the jury. | Does a motion in limine permit a party to obtain an order excluding inadmissible evidence? |
| 2048 | In re Ryan N., 92 Cal. App. 4th 1359, 1374–75, 112 Cal. Rptr. 2d 620, 632 (2001) | 5 | In order to obtain a conviction for aiding, advising or encouraging a suicide, it is necessary to establish all of the following essential elements: (1) the defendant specifically intended the victim's suicide; (2) the defendant undertook some active and direct participation in bringing about the suicide, such as by furnishing the victim with the means of suicide; and, finally, (3) the victim actually committed a specific, overt act of suicide. West's Ann.Cal.Penal Code S 401. | Thus, in order to prove a violation of *1375 section 401 it is necessary to establish all of the following essential elements: (1) the defendant specifically intended the victim's suicide; (2) the defendant undertook some active and direct participation in bringing about the suicide, such as by furnishing the victim with the means of suicide; and, finally, (3) the victim actually committed a specific, overt act of suicide. | "What are the elements required to establish a conviction for aiding, advising and encouraging a suicide?" |
| 2049 | Casa de Cambio Comdiv S.A. de C.V. v. United States, 48 Fed. Cl. 137, 143-44 (2000) | 9 | In illegal exaction cases, in contrast to other actions for money damages, jurisdiction exists in the Court of Federal Claims even when the constitutional provision allegedly violated does not contain compensation mandating language. | In illegal exaction cases, in contrast to other actions for money damages, jurisdiction exists even when the provision allegedly violated does not contain compensation mandating language. | "Does jurisdiction exists in illegal exaction cases, even when the Constitutional provision allegedly violated does not contain compensation mandating language?" |

| | | | | |
|---|---|---|---|---|
| 2050 | Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938, 954 (C.A.5 (Tex.), 2011) | 17 | The act of state doctrine overlaps in many respects with the political question doctrine, as it is rooted in constitutional separation-of-powers concerns; it recognizes the thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of United States foreign policy. | The doctrine thus overlaps in many respects with the political question doctrine, as it is rooted in constitutional separation-of-powers concerns.  See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 425, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). It recognizes " 'the thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of [United States] foreign policy.' " | Does the act of state doctrine prohibit United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government? |
| 2051 | U.S. v. Labs of Virginia, Inc., 272 F.Supp.2d 764, 770 (N.D.Ill.,2003) | 5 | Act of state issues arise only when a court must decide-that is, when the outcome of the case turns upon-the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine. | That is, act of state issues arise only when "a court must decide-that is, when the outcome of the case turns upon-the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine." W.S. | Does an act of state issue arise only when a court must decide when the outcome of the case turns upon-the effect of official action by a foreign sovereign? |
| 2052 | Int'l Tin Council v. Amalgamet Inc., 138 Misc. 2d 383, 386, 524 N.Y.S.2d 971, 974 (Sup. Ct. 1988) | 2 | Under Act of State Doctrine, even where sovereign immunity does not technically exist, certain international disputes more properly should be resolved by executive branch of United States government rather than by courts. | Under this doctrine it is recognized that even where sovereign immunity does not technically exist, certain international disputes more properly should be resolved by the executive branch of the United States government rather than by the courts. | Under the Act of State Doctrine should certain international disputes more properly be resolved by the executive branch of the United States government rather than by the courts? |
| 2053 | Drexel Burnham Lambert Grp. Inc. v. Comm. of Receivers for A.W. Galadari, 810 F. Supp. 1375, 1390 (S.D.N.Y. 1993) | 11 | Purpose of Act of State Doctrine is to avoid adjudication of actions that foreign states take on their own soil that might embarrass Executive Branch or interfere with foreign policy. | The purpose of the Act of State Doctrine is to avoid the adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy. | Is the purpose of the Act of State Doctrine to avoid adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy? |

| 2054 | de Sanchez v. Banco Cent. De Nicaragua, 770 F.2d 1385, 1389 (5th Cir. 1985) | 1 | Sovereign immunity is jurisdictional in nature, and thus if it exists, court lacks both personal and subject-matter jurisdiction to hear case and must enter an order of dismissal; in contrast, act of state doctrine merely requires that court, after exercising jurisdiction, decline to review certain issues, in particular, validity or propriety of foreign acts of state. | Unlike the act of state doctrine, sovereign immunity is not merely a defense on the merits—it is jurisdictional in nature. If sovereign immunity exists, then the court lacks both personal and subject matter jurisdiction to hear the case and must enter an order of dismissal. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493 n. 20, 103 S.Ct. 1962, 1971 n. 20, 76 L.Ed.2d 81 (1983); Sheldon ex rel. Olsen v. Government of Mexico, 729 F.2d 641, 644 (9th Cir.), cert. denied, 469 U.S. 917, 105 S.Ct. 295, 83 L.Ed.2d 230 (1984).In contrast, the act of state doctrine merely requires that a court, after exercising jurisdiction, decline to review certain issues—in particular, the validity or propriety of foreign acts of state. | "Since sovereign immunity is jurisdictional in nature, does a court lacks both personal and subject-matter jurisdiction to hear case and must the court enter an order of dismissal?" |
| 2055 | Sharon v. Time, 599 F. Supp. 538, 544 (S.D.N.Y. 1984) | 1 | Act of state doctrine provides that a United States court will refrain from examining validity of act of foreign state by which that state has exercised its jurisdiction to give effect to its public interests. | The act of state doctrine provides that a United States court "will refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public interests." | Does the act of state doctrine provide that a United States court will refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public interests? |
| 2056 | Outboard Marine Corp. v. Pezetel, 461 F. Supp. 384, 397 (D. Del. 1978) | 12 | In invoking act-of-state doctrine, which precludes courts of United States from inquiring into validity of public acts recognized foreign sovereign power committed within its territory, a litigant must establish that what is involved is (1) a public act (2) committed by a recognized foreign power (3) exclusively within its own territory. | The act-of-state doctrine "precludes the courts of this country from inquiring into the validity of the public acts of a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). A litigant, in invoking the act-of-state doctrine under Sabbatino, must establish that what is involved is (1) a public act (2) committed by a recognized foreign power (3) exclusively within its own territory. | In invoking act-of-state doctrine must a litigant establish that what is involved is a public act committed by a recognized foreign power exclusively within its own territory? |

| 2057 | United States v. Best, 172 F. Supp. 2d 656, 660 (D.Virgin Islands, 2001) | 2 | In addition to the "subjective territorial principle," by which a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory, United States recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. Restatement (Third) of the Foreign Relations Law of the United States S 402(1)(a). | As restated by the American Law Institute, the primary basis of extraterritorial jurisdiction recognized by the United States is the "subjective territorial principle," by which "a state has jurisdiction to prescribe law with respect to ... conduct that, wholly or in substantial part, takes place within its territory." RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES  402(1) (a) ["RESTATEMENT"]. The United States also recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. United States v. | Does the United States recognize principles of jurisdiction under international law by which a nation may reach conduct outside its territory? |
| 2058 | Quad City Bank & Trust v. Jim Kircher & Associates, P.C., 804 N.W.2d 83, 89 (Iowa, 2011) | 2 | A motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that the trial court may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | Thus, a motion in limine "serves the useful purpose of raising and pointing out before trial certain evidentiary rulings the court may be called upon to make during the course of the trial" and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | What is the purpose of a motion in limine? |
| 2059 | Delnick v. Outboard Marine Corp., 197 Ill. App. 3d 770, 777 (1990) | 1 | Application of doctrine of res ipsa loquitur is a question of law which must be decided in the first instance by the trial court, and it is proper function of trial court, at the pretrial motion stage, to determine appropriateness of res ipsa loquitur to facts of the case. | This procedure was proper as the application of the doctrine in a given case is a question of law which must be decided in the first instance by the trial court (Imig v. Beck (1986), 115 Ill.2d 18, 27, 104 Ill.Dec. 767, 503 N.E.2d 324) and it is the proper function of the trial court, at the pretrial motion stage, to determine the appropriateness of res ipsa loquitur to the facts of the case presented. | Is the doctrine of res ipsa loquitur a question of law that is determined at the pretrial motion stage? |
| 2060 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288, 1294 (2007) | 3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine [citation], a court's discretion is limited by the legal principles applicable to the case. | "With respect to the admission of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" |

| | | | | | |
|---|---|---|---|---|---|
| 2061 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288, 1294 (2007) | 3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine [citation], a court's discretion is limited by the legal principles applicable to the case. | "With respect to the exclusion of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" |
| 2062 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 6 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the value of the potential prejudice?" |
| 2063 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 6 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the utility of the potential prejudice?" |
| 2064 | Olson v. Sherrerd, 266 Neb. 207, 214 (Neb., 2003) | 8 | A "motion in limine" is but a procedural step to prevent prejudicial evidence from reaching the jury; it is not the purpose of such a motion to obtain a final ruling upon the ultimate admissibility of the evidence. | A motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury. It is not the purpose of such a motion to obtain a final ruling upon the ultimate admissibility of the evidence. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury and whose purpose is to obtain a final ruling upon the ultimate admissibility of the evidence? |
| 2066 | State of N.Y. Natl. Bank v Gregorio, 328 N.Y.S.2d 799, 801 (Sup Ct, Dec. 16, 1971) | 1 | The fiction that the law maintains that insured is the real party in interest at the trial of underlying negligence action is only to protect the insurance company against overly sympathetic juries, but the reason for the fiction does not exist at pretrial stage of the litigation. | The fiction that the law maintains that the insured is the real party in interest at the trial of the underlying negligence action is only to protect the insurance company against overly sympathetic juries. Leotta v. Plessinger, 8 N.Y.2d 449, 461—462, 209 N.Y.S.2d 304, 312—313, 171 N.E.2d 454, 459—460. The reason for the fiction does not exist at the pre-trial stage of the litigation. | "Is the fiction that the law maintains that the insured is the real party in interest at the trial of underlying negligence action, only to protect the insurance company against overly sympathetic juries?" |
| 2067 | Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867, 873 (Tex. App. 2006) | 9 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | Is a motion in limine a procedural device that permits a party to identify certain evidentiary issues the court may be asked to rule upon? |
| 2068 | Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557, 572 (Ct. App. 2004) | 39 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | 57 A motion in limine filed in a civil case "is generally used as a substitute for evidentiary objections at trial" and "as a means to exclude evidence from trial for violations of the disclosure rules." | Is a motion in limine filed in a civil case used as a substitute for evidentiary objections at trial and a means to exclude evidence from trial for violations of the disclosure rules? |

| 2069 | People v. Alvarez-Garcia, 395 Ill. App. 3d 719, 733 (2009) | 22 | Three mental states or conduct that can accompany acts that cause a murder are: (1) a defendant can intend to kill or do great bodily harm to the victim, which is intentional murder; (2) a defendant can know that his acts create a strong probability of death or great bodily harm to the victim, which is knowing murder or strong probability murder; and (3) a defendant can attempt or commit a forcible felony other than second degree murder, which is felony murder. S.H.A. 720 ILCS 5/9-1(a). | In Illinois, the following are three mental states or conduct that can accompany acts that cause a murder: (1) a defendant can intend to kill or do great bodily harm to the victim (intentional murder), (2) a defendant can know that his acts create a strong probability of death or great bodily harm to the victim (knowing murder, also known as strong probability murder), or (3) a defendant can attempt or commit a forcible felony other than second degree murder (felony murder). | What are the mental states that can accompany the act of murder? |
| 2070 | Atl. Container Line AB v. Aref Hassan Abul, 281 F. Supp. 2d 457, 468 (N.D.N.Y. 2003) | 17 | To establish a right to recovery for trespass to chattels under New York law, a plaintiff must establish that the alleged trespasser acted for the purpose of interfering with the chattel, or acted with knowledge that such would be the result of his conduct; while the trespasser need not intend or expect the damaging consequences of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness. | Under the principle of law that allows recovery for a trespass to chattels, it is necessary that the defendant have acted for the purpose of interfering with the chattel, or what is almost the same thing, that he have acted with knowledge that such would be the result of his conduct. Trespass is an intentional harm at least to this extent; while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness. | How can a right to recovery for trespass to chattels be established? |
| 2072 | United States v. Alomia-Riascos, 825 F.2d 769, 771 (C.A.4 (N.C.), 1987) | 2 | Protective principle of international law permits nation to assert subject matter criminal jurisdiction over person whose conduct outside nation's territory threatens national interest. | The protective principle of international law permits a nation to assert subject matter criminal jurisdiction over a person whose conduct outside the nation's territory threatens the national interest. | "Under the ""protective principle"" of international law, is a nation permitted to assert jurisdiction over a person whose conduct outside the nation's territory threatens the nation's security?" |

| | | | | | |
|---|---|---|---|---|---|
| 2076 | In re Yanke, 225 B.R. 428, 434 (D.Minn. 1998) | 8 | Although the same business entity often serves as both insurer and surety, the alignment of parties in the two relationships gives rise to different legal consequences in subrogation; in the case of property and casualty insurance, the insurer indemnifies its insured from a loss, and upon payment gains the right to pursue the responsible third party, while under a bond, the surety indemnifies third parties from losses at the hands of its principal, and upon payment gains the right to recover from its own principal. | Though the same business entities often serve as insurers and sureties both, the alignment of parties in the two relationships gives rise to different legal consequences in subrogation. In the case of property and casualty insurance, the insurer indemnifies its insured from a loss, and upon payment gains the right to pursue the responsible third party. Under a bond, the surety indemnifies third parties from losses at the hands of its principal, and upon payment gains the right to recover from its own principal. | "If the same business entity often serves as both insurer and surety, does the alignment of parties in the two relationships give rise to different legal consequences in subrogation?" |
| 2078 | James P. Paul Water Co. v. Arizona Corp. Comm'n, 137 Ariz. 426, 429 (1983) | 6 | Once granted, a certificate of convenience and necessity confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. A.R.S. SS 40-281 to 40-285. | Once granted, the certificate confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. | Does the granted certificate of convenience and necessity confer upon its holder an exclusive right to provide services at reasonable rates? |
| 2079 | Miller v. City Hosp., Inc., 197 W. Va. 403, 407, 475 S.E.2d 495, 499 (1996) | 8 | Workers' compensation system benefits injured workers by providing benefits and full compensation through a basic "no-fault" system and protects employers from financial consequences of civil liability to injured employees. | Our workers' compensation system is supposed to benefit injured workers by providing benefits and full compensation through a basic "no-fault" system (Mandolidis v. Elkins Industries, Inc., 161 W.Va. 695, 700, 246 S.E.2d 907, 911 (1978)) superseded by statute as recognized by, Bell v. Vecellio & Grogan, Inc., 197 W.Va. 138, 475 S.E.2d 138 (1996)(hereinafter Bell II ) and to protect employers "from the financial consequences of civil liability to injured employees." | Does the workers compensation system benefit injured workers by providing benefits and full compensation through a basic no-fault system and protect employers from the financial consequences of civil liability to injured employees? |
| 2080 | Kazanteno v. California-W. States Life Ins. Co., 137 Cal. App. 2d 361, 376 (Cal.App. 2 Dist.,1955) | 10 | Court of Equity will make final disposition which is governed by circumstances shown to exist at time decree is made, rather than at time of inception of the litigation, and a supplemental pleading is not necessary to such end. | Respondent correctly asserts that a court of equity will make a final disposition of the litigation governed by the circumstances as shown to exist at the time the decree is made rather than at the inception of the litigation, and a supplemental pleading is not necessary to that end. | Will the court of equity make a final disposition of the litigation governed by circumstances shown to exist at the time the decree is made? |

| 2081 | Nesbitt v. Gettys, 219 S.C. 221, 226 (S.C., 1951) | 2 | School districts have no inherent right of local self-government which is beyond legislative control, and legislature may, within constitutional limits, establish a new high school district without consent either of people affected or trustees of constituent districts. | It is equally well established that school districts have no inherent right of local self-government, which is beyond legislative control, Moseley v. Welch, 209 S.C. 19, 39 S.E.2d 133; and the Legislature may, within constitutional limits, establish a new high school district without the consent either of the people affected or the trustees of the constituent districts. | Do school districts have inherent right of local self-government which is beyond legislative control? |
| 2082 | Laidlaw Waste Sys. v. City of Phoenix, 168 Ariz. 563, 567 (Ct. App. 1991) | 6 | Government's exercise of its right to compete with businesses, that results in diminution and destruction of value of businesses within area, does not transform lawful competition into compensable taking. A.R.S. Const. Art. 2, S 17; U.S.C.A. Const.Amend. 5. | In addition, a government's exercise of its right to compete with businesses that results in the diminution or destruction of the value of the businesses within the area does not transform lawful competition into a compensable taking. | Does a government's exercise of its right to compete with businesses those results in the diminution or destruction of the value of the businesses within the area transform lawful competition into a compensable taking? |
| 2083 | Eagle Bus Lines v. Illinois Com. Comm'n, 3 Ill. 2d 66, 72, 119 N.E.2d 915, 919 (1954) | 7 | Provision of the Public Utilities Act that certificate of convenience and necessity shall not be construed to grant a monopoly or exclusive privilege, immunity, or franchise discloses the intention of the Legislature that mere existence of a certificate shall not preclude the granting of a second certificate. S.H.A. ch. 111 2/3, § 56. | The Public Utilities Act discloses the legislature's intention that a mere existence of a certificate shall not preclude the granting of a second certificate by its declaration that a certificate of convenience and necessity shall not be construed as granting a monopoly or exclusive privilege, immunity, or franchise. (Ill.Rev.Stat.1953, chap. 111 2/3, par. 56.) | "Can a certificate of public convenience and necessity be construed as granting a monopoly or an exclusive privilege, immunity or franchise?" |

| 2084 | Behr v. Hook, 173 Vt. 122, 127 (2001) | 6 | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | The instant case concerns a standardized waiver-of- subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allows the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance." IRMA v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc., 295 Ill.App.3d 784, 229 Ill.Dec. 750,692 N.E.2d 739, 744 (1998). By shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid "the prospect of extended litigation which would interfere with construction." | Are waiver-of-subrogation clauses intended to allow the parties to exculpate each other from personal liability? |
| 2085 | Smith v. H.C. Bailey Companies, 477 So. 2d 224, 230 (Miss., 1985) | 2 | Trial court's decision on motion for voluntary dismissal must consider effect that such action will have upon defendants and other plaintiffs, if any, and must insure fairness and protection for them; generally, voluntary dismissal should be permitted unless such prejudice will occur, other than prospect of another lawsuit. Rules Civ.Proc., Rule 41(a). | The trial court's decision in disposition of a motion for voluntary dismissal must consider the effect that the action will have upon the defendants and other plaintiffs, if any, and must insure fairness and protection for them. Generally, a voluntary dismissal should be permitted unless such prejudice will occur, other than the prospect of another lawsuit, since a dismissal under Rule 41(a) is without prejudice, unless the order states otherwise. | "Should a trial court's decision on a motion for voluntary dismissal consider the effect that such action will have upon defendants and other plaintiffs, if any, and must insure fairness and protection for them?" |
| 2087 | Phelps v. Positive Action Tool Co., 26 Ohio St. 3d 142, 144 (1986) | 1 | Purpose of Workers' Compensation Act is not to make employer absolute insurer of employee's safety, but only to protect employee against risks and hazards incident to performance of his work. R.C. S 4123.01 et seq. | The purpose of the Workers' Compensation Act is not to make an employer **971 an absolute insurer of the employee's safety, but only to protect the employee against risks and hazards incident to the performance of his work. | "Is the purpose of the workers compensation act to make an employer an absolute insurer of employee safety, or to only protect employees against risks and hazards incident to the performance of his work?" |
| 2088 | Zundell v. Dade Cnty. Sch. Bd., 636 So. 2d 8, 12 (Fla. 1994) | 8 | Workers' compensation is administrative remedy designed to speed employee's compensation while insulating both employer and employee from costs and delays inherent in purely judicial adversarial proceedings. | Workers' compensation is an administrative remedy designed to speed an employee's compensation while insulating both employer and employee from the costs and delays inherent in purely judicial adversarial proceedings. | Is workers compensation an administrative remedy designed to speed the employees compensation while insulating both the employer and employee from the costs and delays inherent in purely judicial adversarial proceedings? |

| 2089 | Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Inc., 760 F. Supp. 1036, 1043 (E.D.N.Y. 1991) | 9 | While parties may not be compelled to submit commercial dispute to arbitration unless they have contracted to do so, federal policy requires district court to construe arbitration clauses as broadly as possible and any doubts concerning scope of arbitrable issue should be resolved in favor of arbitration. | While parties may not be compelled to submit a commercial dispute to arbitration unless they have contracted to do so, federal policy "requires us to construe arbitration clauses as broadly as possible," S.A. Mineracao Dea Trindade–Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir.1984), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." | Does federal policy favoring arbitration require courts to construe arbitration clauses as broadly as possible? |
| --- | --- | --- | --- | --- | --- |
| 2090 | Holiday Queen Land Corp. v. Baker, 489 F.2d 1031, 1032 (5th Cir. 1974) | 1 | A court exercising its discretion in considering a motion for voluntary dismissal must follow the traditional principle that dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit; and it is not a bar that plaintiff may obtain some tactical advantage thereby. Fed.Rules Civ.Proc. rule 41(a)(2), 28 U.S.C.A. | a court exercising its discretion in considering voluntary dismissal must follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. | "In determining whether to grant a voluntary dismissal, should a court follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice?" |
| 2091 | Georgiades v. Di Ferrante, 871 S.W.2d 878, 880 (Tex. App. 1994) | 2 | Defensive pleading states affirmative right to relief, so as to bar plaintiff from taking nonsuit, if it alleges that defendant has cause of action that is independent of plaintiff's claim, upon which defendant could recover benefits, compensation, or relief, even if plaintiff abandons his or her own cause of action or fails to establish it; creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive plaintiff of right to nonsuit. | A defensive pleading states an affirmative right to relief if it alleges that the defendant has a cause of action that is independent of the plaintiff's claim, and upon which he could recover benefits, compensation, or relief, even if the plaintiff abandons his own cause of action or fails to establish it. A creative repleading "that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff" of the right to nonsuit. | Is a plaintiff's right to take a nonsuit unqualified and absolute as long as the defendant has not made a claim for affirmative relief? |
| 2092 | New York Mortg. Tr., Inc. v. Dasdemir, 116 A.D.3d 679, 679, 985 N.Y.S.2d 86, 87 (2014) | 1 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice | Is motion for voluntary discontinuance generally granted absent a showing of special circumstances which includes prejudice or other improper consequences? |
| 2093 | Ex parte Goodyear Tire & Rubber Co., 248 S.C. 412, 421 (1966) | 3 | Where reasonably necessary in the promotion of justice, a court in the exercise of equity jurisdiction has inherent authority to require discovery of a chattel in the possession of the adverse party. Const. art. 5, SS 1, 15; art. 6, S 3; Code 1962, SS 10-7 to 10-10, 10-8, 26-501 to 26-512. | We join these authorities in holding that where reasonably necessary in the promotion of justice, a court in the exercise of equity jurisdiction does have inherent authority to require discovery of a chattel in the possession of the adverse party. | "Where reasonably necessary in the promotion of justice, does a court in the exercise of equity jurisdiction have an inherent authority to require discovery of a chattel in the possession of the adverse party?" |

| 2094 | Pasadena Metro Blue Line Constr. Auth. v. Pac. Bell Tel. Co., 140 Cal. App. 4th 658, 664 (2006) | 1 | Codified common law rules provide that when a public utility accepts franchise rights in public streets, it assumes an implied obligation to pay for the relocation of its facilities when necessary to make way for a proper governmental use, which obligation arises from the paramount right of the people as a whole to use public thoroughfares; the Legislature may grant a utility the right to compensation for relocating its facilities, but must do so specifically. West's Ann.Cal.Pub.Util.Code S 6297. | Section 6297 codifies the common law rules that when a public utility accepts franchise rights in public streets, it assumes an implied obligation to pay for the relocation of its facilities when necessary to make way for a proper governmental use. That obligation arises from the paramount right of the people as a whole to use public thoroughfares. (City of Livermore v. Pacific Gas & Electric Co. (1997) 51 Cal.App.4th 1410, 1413, 59 Cal.Rptr.2d 852.)The Legislature may grant a utility the right to compensation for relocating its facilities, but must do so specifically. | What is the implied obligation assumed by a public utility accepting franchise rights in public streets? |
| 2095 | Mellone v. Lewis, 233 Cal. App. 2d 4, 13 (Cal. App. 1965) | 5 | Statute relating to sanctions which may be imposed for disobedience of discovery orders is not specifically applicable to pretrial orders, but does provide suitable method of practice harmonious with purposes of implementing and enforcing portions of pretrial order relating to evidence and discovery. West's Ann.Code Civ.Proc. § 2034. | Section 2034 of the Code of Civil Procedure provides for sanctions which may be imposed for disobedience of discovery orders. Although this section is not made specifically applicable to pretrial orders, it does provide a suitable method of practice harmonious with the purposes of implementing and enforcing the portions of the present pretrial order relating to evidence and discovery. | Is a statute relating to sanctions which may be imposed for disobedience of discovery orders specifically applicable to pretrial orders? |
| 2098 | Jacob Hartz Seed Co. v. Thomas, 253 Ark. 176, 179-80 (1972) | 2 | The public, as bearer of ultimate burden of compensation protection, has a material interest in minimization of risk of an injured employee becoming object of public charity or public relief. Ark.Stats. S 81-1319(I). | The public, as the bearer of the ultimate burden of compensation protection, has *180 a material interest in the minimization of the risk of an injured employee becoming the object of public charity or public relief. | "Does the public, as a bearer of the ultimate burden of compensation protection, have a material interest in the minimization of risk of an injured employee becoming an object of public charity or public relief?" |

| 2099 | Com. v. Fall River Motor Sales, Inc., 409 Mass. 302, 307–08, 565 N.E.2d 1205, 1209–10 (1991) | 2 | Continuance is appropriate if party opposing summary judgment motion shows that it cannot, without further discovery, present, by affidavit, facts essential to justify its opposition; one common reason for denial of continuance is irrelevance of further discovery to issue being adjudicated in summary judgment. Rules Civ.Proc., Rule 56(f), 43B M.G.L.A. | A continuance is appropriate if the party opposing a summary judgment motion shows that it cannot, without further **1210 discovery, "present by affidavits facts essential to justify [its] opposition." Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974). See Godbout v. Cousens, 396 Mass. 254, 262 n. 11, 485 N.E.2d 940 (1985); First Nat'l Bank v. Slade, 379 Mass. 243, 244–245 (1979). See generally Annot., *308 Sufficiency of Showing, Under Rule 56(f) of Federal Rules of Civil Procedure, of Inability to Present by Affidavit Facts Justifying Opposition to Motion for Summary Judgment, 47 A.L.R.Fed. 206 (1980). One common reason for the denial of a continuance in this context is the irrelevance of further discovery to the issue being adjudicated in summary judgment. | "Is continuance appropriate if a party opposing summary judgment motion shows that it cannot, without further discovery, present, by affidavit, facts essential to justify its opposition?" |
| 2100 | Shawe v. Elting, 157 A.3d 142, 150-151 (Del.Supr., 2017) | 11 | A party is not obligated to preserve every shred of paper, every e-mail or electronic document, but instead must preserve what it knows, or reasonably should know, is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request. | "A party is not obligated to 'preserve every shred of paper, every e-mail or electronic document, but instead must preserve what it knows, or reasonably should know, is relevant to the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.' " | "Is a party obligated to preserve what it knows, or reasonably should know, is relevant to the action?" |
| 2101 | Tober v. Hampton, 178 Neb. 858, 864 (Neb., 1965) | 5 | If at pretrial conference it appears there are issues which might be determinative of cause, although not then within the pleadings, they should be stated in pretrial order which should thereafter govern proceeding in that respect. | If at a pretrial conference it appears there are issues which might be determinative of the cause although not then within the pleadings, they should be stated in the pretrial order which should thereafter govern the proceeding in that respect. | "If at pretrial conference it appears there are issues which might be determinative of cause although not then within the pleadings, should they be stated in the pretrial order which should thereafter govern proceeding in that respect?" |
| 2102 | Hasenauer v. Durbin, 216 Neb. 714, 719 (1984) | 1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | Should litigants adhere to the spirit of procedure and are they bound by pretrial order to which no exception has been taken? |

| 2105 | Pleasant v. Pleasant, 97 Md. App. 711, 732–33 (1993) | 25 | Although party may choose to depose nonparty holder of documents rather than use request for production of documents, that option is not one that may be forced on party seeking discovery. | Although a party may choose to depose the non-party holder of documents rather than utilize a request for production of documents, that option is not one that may be forced upon the party seeking discovery. | "Although a party may choose to depose nonparty holder of documents rather than use request for production of documents, is that option not one that may be forced on a party seeking discovery?" |
|---|---|---|---|---|---|
| 2106 | De Courcy v. Am. Emery Wheel Works, 89 R.I. 450, 453 (1959) | 1 | The superior court has no inherent authority apart from statute to permit a party to a cause to examine, prior to trial, evidence in the possession or control of the opposing party. | It is well settled in this state that the superior court has no inherent authority apart from statute to permit a party to a cause to examine, prior to the trial, evidence in the possession or control of the opposing party. | "Does the superior court have an inherent authority apart from statute to permit a party to a cause to examine, prior to trial, evidence in the possession or control of the opposing party?" |
| 2107 | City of Prichard v. Moulton, 277 Ala. 231, 240 (1964) | 19 | Grant of continuance because of absent but subpoenaed witness is largely within trial court's discretion and his ruling will not be error unless palpable abuse is shown. | The matter of granting a continuance because of an absent, but subpoenaed witness, is largely within the discretion of the trial court. His ruling in such regard will not be error unless palpable abuse is shown. | Is a grant of continuance because of an absent but subpoenaed witness largely within a trial court's discretion and his ruling will not be an error unless palpable abuse is shown? |
| 2108 | State v. Patton, 84 S.W.3d 554, 556 (Mo. Ct. App. 2002) | 3 | When a continuance request is based upon the absence of a witness, it is required that the application show the materiality of the potential testimony, the particular facts the witness will prove, due diligence on the part of the defendant to obtain the testimony, and reasonable grounds to believe the attendance or testimony of the witness will be procured within a reasonable time. V.A.M.R. 24.10. | When a continuance request is based upon the absence of a witness, Rule 24.10 requires the application show the materiality of the potential testimony, the particular facts the witness will prove, due diligence on the part of the defendant to obtain the testimony, and reasonable grounds to believe the attendance or testimony of the witness will be procured within a reasonable time. | When will the absence of a witness be grounds for a continuance? |
| 2109 | Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex.,2006) | 3 | While the date on which the trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, a nonsuit is effective when it is filed. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 329b. | While the date on which the trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires," a nonsuit is effective when it is filed. | "While the date on which the trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, is a nonsuit effective when it is filed?" |
| 2110 | Morgan Stanley Dean Witter Com. Fin. Servs., Inc. v. Sutula, 185 Ohio App. 3d 152, 155 (Ohio App. 8 Dist., 2009) | 1 | When a case has been properly voluntarily dismissed, the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. Rules Civ.Proc., Rule 41(A)(1). | "[W]hen * * * a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. | "When a case has been properly voluntarily dismissed, does the trial court patently and unambiguously lack jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction?" |

| 2111 | Joachim v. Travelers Ins. Co., 279 S.W.3d 812, 816 (Tex. App. 2008), rev'd, 315 S.W.3d 860 (Tex. 2010) | 6 | While the date a trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, a nonsuit is effective when filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | While the date a trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires," a nonsuit is effective when filed. | "While the date a trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, is a nonsuit effective when filed?" |
|---|---|---|---|---|---|
| 2112 | In re Carolina Tobacco Co., 360 B.R. 702, 721 (D. Or. 2007) | 22 | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | A tax is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. | "Is tax for public purposes, including purpose of defraying expenses of government or undertakings authorized by it?" |
| 2113 | Mayor & City Council of Baltimore v. Vonage Am. Inc., 544 F. Supp. 2d 458, 464 (D. Md. 2008) | 4 | Under the Tax Injunction Act (TIA), the "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large, while the "classic fee" is imposed by an administrative agency upon only those persons, or entities, subject to its regulation for regulatory purposes, or to raise money placed in a special fund to defray the agency's regulation-related expenses. 28 U.S.C.A. S 1341. | As Valero has explained, the "classic tax" is "imposed by the legislature upon a large segment of society, and is spent to benefit the community at large," while the "classic fee" is "imposed by an administrative agency upon only those persons, or entities, subject to its regulation for regulatory purposes, or to raise money placed in a special fund to defray the agency's regulation-related expenses. | Who is classic tax imposed upon? |
| 2114 | United States v. Menendez, 137 F.Supp.3d 709, 718 (D.N.J., 2015) | 6 | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | To repeat, under the stream of benefits doctrine bribery's "quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor | How is bribery's quid pro quo requirement satisfied under the stream of benefits doctrine? |
| 2115 | State v. Sherwin, 127 N.J. Super. 370, 385 (1974) | 10 | Corrupt intent necessary to bribery conviction is supplied simply by showing that opportunity was used to perform a public duty as a means of acquiring unlawful benefit. N.J.S.A. 2A:85-14, 2A:93-6. | The necessary corrupt intent is supplied simply by showing that the opportunity was used to perform a public duty as a means of acquiring an unlawful benefit. | Is the corrupt intent necessary to bribery conviction supplied simply by showing that opportunity was used to perform a public duty as a means of acquiring an unlawful benefit? |
| 2116 | Wheeler v. Green, 157 S.W.3d 439, 443 (Tex. 2005) | 5 | Undue prejudice, as element for withdrawing deemed admissions or for allowing a late summary-judgment response, depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Vernon's Ann.Texas Rules Civ.Proc., Rules 166a(c), 198.3. | Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. | Does undue prejudice depend on whether withdrawing a deemed admission or filing a late response will delay the trial or significantly hamper the opposing party's ability to prepare for it? |

| 2117 | In re Estate of Klaas, 8 S.W.3d 906, 909 (Mo. App. 2000) | 6 | Trial court loses jurisdiction when a plaintiff voluntarily dismisses a case, without order of court and prior to introduction of evidence; trial court may take no further action as to the dismissed action and any step attempted is a nullity. | A trial court loses jurisdiction when a plaintiff voluntarily dismisses a case, without order of court and prior to introduction of evidence. The trial court may take no further action as to the dismissed action and any step attempted is a nullity. | "Does a trial court lose jurisdiction when a plaintiff voluntarily dismisses a case, without an order of the court and prior to the introduction of evidence?" |
| 2118 | Escude ex rel. Escude v. King Cty. Pub. Hosp. Dist. No. 2, 117 Wash. App. 183, 192-93 (2003) | 7 | After the voluntary dismissal of an action, a trial court retains jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision. CR 41(a)(4). | After the voluntary dismissal of an action under CR 41(a), a trial court retains jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision. | "After the voluntary dismissal of an action, does a trial court retain jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision?" |
| 2119 | Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308, 313 (Ind.Tax, 2016) | 9 | Where a litigant's use of rule governing deemed admissions contravenes the rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the court may withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced. Trial Procedure Rule 36(B). | In instances like these, where a litigant's use of Trial Rule 36(B) contravenes the Rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the Court may withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced. | Can a court withdraw the admissions when the presentation of the merits will be sub-served and the party benefiting from them is not prejudiced? |
| 2120 | Flamm v. Hughes, 329 F.2d 378, 380 (2d. Cir. 1964) | 3 | Congress has great latitude in promulgating statutory scheme for compensation of workers who may suffer broad range of injuries in terms of duration and severity. Longshoremen's and Harbor Workers' Compensation Act, S 8(c), 33 U.S.C.A. S 908(c). | Congress enjoys great latitude in promulgating a statutory scheme for the compensation of workers who may suffer a broad range of injuries in terms of duration and severity. | Does Congress have great latitude in promulgating the statutory scheme for compensation of workers who may suffer a broad range of injuries in terms of duration and severity? |
| 2121 | Jentoft v. United States, 450 F.3d 1342, 1343 (Fed. Cir. 2006) | 2 | During times of national emergencies, the President may mobilize the National Guard, putting it in federal duty status and making its members available for military duties normally assigned to the active armed forces and armed forces reserves. | During times of national emergencies, the President may mobilize the National Guard, putting it in federal duty status and making its members available for military duties normally assigned to the active armed forces and armed forces reserves. | Can the president mobilize the National Guard putting it in federal duty status and making its members available for military duties? |

| 2123 | Stelly v. Papania, 927 S.W.2d 620, 622 (Tex., 1996) | 1 | Trial court does not abuse its discretion by allowing a party to withdraw and amend its original answers to a request for admissions if moving party shows that there is good cause, that party relying on the responses will not be unduly prejudiced, and that the withdrawal will serve purpose of legitimate discovery and the merits of case. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | We consider whether a trial court abuses its discretion by allowing a party to withdraw and amend its original answers to a request for admissions. We hold that a trial court does not abuse its discretion when the moving party shows: (1) good cause; (2) that the party relying on the responses will not be unduly prejudiced; and (3) that the withdrawal will serve the purpose of legitimate discovery and the merits of the case. | "Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause, and if the trial court finds that the party relying on the admission will not be unduly prejudiced?" |
| 2124 | Indep. Tr. Corp. v. Stan Miller, 796 P.2d 483, 492 (Colo. 1990) | 8 | Pretrial conferences and orders are tools for simplifying issues with eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. | [8]  Pretrial conferences and orders are tools for simplifying the issues with an eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. | "Are pretrial conferences and orders tools for simplifying issues with eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether?" |
| 2125 | Batchelor v. State Farm Mut. Auto. Ins. Co., 240 Ga. App. 366, 367 (1999) | 1 | Unlike an evidentiary admission, which may be contradicted, facts admitted via requests for admission are "judicial admissions" which are conclusive unless withdrawal is permitted by the trial court. O.C.G.A. S 9-11-36(b). | It is true that unlike an "evidentiary admission," which may be contradicted, **69  facts admitted via requests for admission are "judicial admissions," which are conclusive unless withdrawal is permitted by the trial court. | "Unlike an evidentiary admission, which may be contradicted, are facts admitted via requests for admission ""judicial admissions"" which are conclusive unless withdrawal is permitted by the trial court?" |
| 2127 | Wheeler v. Green, 157 S.W.3d 439, 443 (Tex., 2005) | 7 | While trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | We recognize that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. | "While trial courts have broad discretion to permit or deny withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" |
| 2129 | Collett v. Cordovana, 290 Va. 139, 145 (2015) | 7 | To recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant; any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise. | [T]o recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant. Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise. | How can a plaintiff recover for trespass to land? |

| 2130 | Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co., 304 F.3d 476, 487 (5th Cir. 2002) | 11 | Federal Arbitration Act (FAA) does not provide for any court intervention prior to issuance of arbitral award, even after court determines that some default has occurred, beyond determination of whether agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims falling within scope of agreement. 9 U.S.C.A. S 1 et seq. | 9 U.S.C.   4 (1999). The FAA does not provide therefore for any court intervention prior to issuance of an arbitral award beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims that fall within the scope of the agreement even after the court determines some default has occurred. | Does Federal Arbitration Act (FAA) provide for any court intervention prior to issuance of arbitral award? |
| 2131 | 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 265-66 (2009) | 3 | The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive statutory right to be free from workplace age discrimination; it waives only the right to seek relief from a court in the first instance. Age Discrimination in Employment Act of 1967, S 2 et seq., 29 U.S.C.A. S 621 et seq. | The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive the statutory right to be free from workplace age discrimination; it waives only the right to seek relief *266 from a court in the first instance. | Does the decision to resolve Age Discrimination in Employment Act claims by way of arbitration waive the statutory right? |
| 2132 | Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541, 1550 (2008) | 5 | A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. West's Ann.Cal.C.C.P. S 581. | "A dismissal 'without prejudice' necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. | "Does a dismissal ""without prejudice"" necessarily mean without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations?" |
| 2133 | Hawk v. Branjes, 97 Wash. App. 776, 782-83 (1999) | 3 | While a voluntary dismissal generally divests a court of jurisdiction to decide a case on the merits, an award of attorney fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding; as a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. CR 41(a)(1). | While a voluntary dismissal under CR 41(a)(1) generally divests a court of jurisdiction to decide a case on the merits, an award of attorneys' fees pursuant to a statutory provision *783 or contractual agreement is collateral to the underlying proceeding. As a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. | "Does a trial court retain jurisdiction, following landlords' voluntary dismissal of action to enforce terms of commercial leases?" |
| 2135 | Gendebien v. Gendebien, 668 S.W.2d 905, 908 (Tex. App. 1984) | 3 | Showing that failure to be represented at trial was not due to party's own fault or negligence is required in civil cases in which absence of counsel is urged as grounds for a continuance. | In civil cases in which the absence of counsel has been urged as grounds for a continuance, Texas courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence. | Is showing that failure to be represented at trial not due to party's own fault or negligence is required in civil cases in which absence of counsel is urged as grounds for a continuance? |

| 2136 | Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86, 88 (Tex. App. 1994) | 2 | If party to whom request for admissions is directed does not properly respond within 30 days after service of request, subject of requests are deemed admitted and trial court has no discretion to deem or refuse to deem admissions admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 21a. | If the party to whom a request for admissions is directed does not properly respond within thirty days after service of the request, the subject of the requests "are deemed admitted and the trial court has no discretion to deem or refuse to deem the admissions admitted." | "If a party to whom a request for admissions is directed does not properly respond within 30 days after service of the request, are subject to requests deemed admitted and a trial court has no discretion to deem or refuse to deem admissions admitted?" |
| --- | --- | --- | --- | --- | --- |
| 2137 | Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488, 500 (La. App. 2016) | 15 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. | Does the court have wide discretion in determining whether to award party's attorney's fees for opposing party's failure to admit genuineness of document or truth of any matter? |
| 2138 | McElveen v. City of New Orleans, 888 So. 2d 878, 884–85 (2004) | 5 | In determining whether the party failing to admit a fact had reasonable grounds to believe that it might prevail for purposes of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. LSA-C.C.P. art. 1472. | In determining whether the party failing to admit a fact had reasonable grounds to believe that it might prevail for purposes of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. | What is the proper test in determining whether the party failing to admit a fact during discovery had reasonable grounds to believe that it might prevail? |
| 2141 | Chandler v. Chandler, 536 S.W.2d 260, 262 (Tex. App. 1976) | 1 | Basis for continuance because of absence of attorney is matter within sound discretion of trial court and trial court's ruling will not be disturbed on appeal unless there has been showing of abuse of discretion. | The basis for a continuance because of absence of the attorney is a matter within the sound discretion of the trial court. The trial court's ruling will not be disturbed on appeal unless there has been a showing of an abuse of discretion. | "Since the basis for continuance due to absence of the attorney is a matter within the sound discretion of trial court, will trial court's ruling be disturbed on appeal unless there has been showing of an abuse of discretion?" |
| 2142 | Waste Water v. Alpha Finishing & Developing Corp., 874 S.W.2d 940, 943 (Tex.App. Hous. [14 Dist.],1994) | 4 | It is movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending suit, that determines whether "good cause" exists for granting continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | It is the movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending a suit, that determines whether good cause exists for granting a continuance. | "Is it a movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending suit, that determines whether ""good cause"" exists for granting continuance?" |
| 2143 | Lamb v. Groce, 95 N.C. App. 220, 222 (1989) | 6 | If attorney has not given sufficient prior notice of his intent to withdraw, trial court must either grant a reasonable continuance or deny the attorney's motion to withdraw. | This rule presupposes that the attorney has given sufficient prior notice of his intent to withdraw. Williams and Michael, supra. If not, the trial court must either grant a reasonable continuance or deny the attorney's motion to withdraw. | "If an attorney has not given sufficient prior notice of his intent to withdraw, must a trial court either grant a reasonable continuance or deny the attorney's motion to withdraw?" |

| 2144 | Montalbano Builders v. Rauschenberger, 341 Ill. App. 3d 1075, 1080 (2003) | 6 | Although a party may constructively admit facts, even ultimate facts, by failing to respond to a request for admission, a party does not constructively admit legal conclusions by a failure to respond to requests that contain those conclusions. | Although a party may constructively admit facts, even "ultimate" facts, by failing to respond to a request for admission, a party does not constructively admit "legal conclusions" by a failure to respond to requests that contain those conclusions. | "Although a party may constructively admit facts, even ultimate facts, by failing to respond to a request for admission, does a party constructively admit legal conclusions by a failure to respond to requests that contain those conclusions?" |
|---|---|---|---|---|---|
| 2145 | McElveen v. City of New Orleans, 888 So. 2d 878, 884–85 (2004) | 4 | Attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | Attorney's fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. | "is attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter, the reasonable expense incurring in proving the truth of the requested admission?" |
| 2146 | Herzog v. Reinhardt, 2 Ariz. App. 103, 105 (1965) | 8 | In its discretion, court of equity may withhold giving one party remedy of contempt if he himself has violated any part of court's orders, but that does not in any way prevent court from enforcing its orders. | It is true that in its discretion a court of equity may and frequently will withhold giving one party the remedy of contempt if he himself has violated any part of the court's orders, but this rule does not in any way prevent the court from enforcing its orders. | "In its discretion, may a court of equity withhold giving one party a remedy of contempt if he himself has violated any part of a court's orders, but that does not in any way prevent a court from enforcing its orders?" |
| 2147 | In re Marriage of Kuntz, 2007-0601 (La. App. 4 Cir. 10/15/08), 998 So.2d 120, 124 (2008) | 2 | Since courts are to construe discovery statutes liberally and broadly, including those provisions addressing the scope of discovery, any relevant unprivileged information, whether or not admissible at trial and whether documents or tangible things, is discoverable. LSA-C.C.P. art. 1420 et seq. | Since courts are to construe discovery statutes liberally and broadly, including **5 those provisions addressing the scope of discovery, any relevant unprivileged information, whether or not admissible at trial and whether documents or tangible things, is discoverable. | "Since courts are to construe discovery statutes liberally and broadly, is any relevant unprivileged information discoverable?" |
| 2149 | Fawcett v. Altieri, 38 Misc. 3d 1022, 1025, 960 N.Y.S.2d 592, 595 (Sup. Ct. 2013) | 6 | Broad discovery on the issue of damages is allowed where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident. McKinney's CPLR 3101(a). | The Appellate Division, Second Department allows for broad discovery on the issue of damages where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident. | Is broad discovery on the issue of damages allowed where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident? |

| | | | | |
|---|---|---|---|---|
| 2150 | United States v. Evans, 572 F.2d 455, 480-481 (C.A.5 (Tex.), 1978) | 35 | Requisite intent necessary to sustain conviction for bribery is that official accept thing of value "corruptly"; however, under unlawful gratuity subsection all that need be proven is that official accepted, because of his position, a thing of value otherwise than as provided by law for proper discharge of official duty, and thus, latter subsection makes it criminal for public official to accept thing of value to which he is not lawfully entitled regardless of intent of donor or donee. 18 U.S.C.A. S 201(c, g). | The requisite intent necessary to sustain a conviction for bribery is that the official accept a thing of value "corruptly." However, under the unlawful gratuity subsection all that need be proven is that the official accepted, because of his position, a thing of value "otherwise than as provided by law for the proper discharge of official duty." Compare 18 U.S.C.A. s 201(c) with 18 U.S.C.A s 201(g). Thus, s 201(g) makes it criminal for a public official to accept a thing of value to which he is not lawfully entitled, regardless of the intent of the donor or donee. | Under unlawful gratuity is all that need be proven that the official accepted a thing of value otherwise than as provided by law for the proper discharge of official duty because of his position? |
| 2151 | U.S. v. Kemp, 500 F.3d 257, 282 (C.A.3 (Pa.), 2007) | 15 | Key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; government need not prove that each gift was provided with the intent to prompt a specific official act. | The key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; the government need not prove that each gift was provided with the intent to prompt a specific official act. | Does the government need to prove that each gift was provided with the intent to prompt a specific official act to prove that a gift constitutes a bribe? |
| 2152 | Widmer v. Mod. Ford Tractor Sales, 244 Ark. 696, 702–03 (1968) | 2 | Motion to quash requests for admissions may constitute written objection thereto, and a failure to answer the requests in such case does not necessarily mean that the requests stand admitted. | We have also held that a motion to quash requests for admissions may constitute written objection thereto and that a failure to answer the requests in such case does not necessarily mean that the requests stand admitted. | "May a motion to quash requests for admissions constitute written objection thereto, and a failure to answer the requests in such a case does not necessarily mean that the requests stand admitted?" |
| 2153 | Grossmann v. Wagner, 161 Misc. 1, 2, 291 N.Y.S. 869, 870–71 (Sup. Ct. 1936) | 2 | Right to examination of defendant before trial is not usually denied unless complaint is so obviously bad that no cause of action may be spelled out from facts alleged and reasonable inferences that may be drawn therefrom. | The right to examination of defendant before trial is not usually denied unless the complaint is so obviously bad that no cause of action may be spelled out from the facts alleged and the reasonable inferences that may be drawn therefrom. | Is the right to examination of a defendant before trial usually denied unless a complaint is so obviously bad that no cause of action may be spelled out? |
| 2154 | Wilborn v. GE Marquette Med. Sys., Inc., 163 S.W.3d 264, 268 (Tex. App. 2005) | 7 | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | "When a trial court allows an attorney to voluntarily withdraw, must it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" |

| 2155 | StreetScenes v. ITC Entm't Grp., 103 Cal. App. 4th 233, 243 (2002) | 3 | A court may order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages even if the plaintiff has not attempted to obtain that information prior to trial. | Issod (2000) 78 Cal.App.4th 597, 609, 92 Cal.Rptr.2d 897, a court may order a defendant to produce evidence of his or her financial condition following a determination of liability **761 for punitive damages even if the plaintiff has not attempted to obtain that information prior to trial. Here, of course, respondents did attempt to obtain the information. | Can a court order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages? |
| --- | --- | --- | --- | --- | --- |
| 2159 | Am. Seal-Kap Corp. v. Smith Lee Co., 154 Misc. 176, 177, 277 N.Y.S. 549, 550–51 (Sup. Ct. 1935) | 1 | Ordinarily, a defendant is entitled to full particulars of plaintiff's claim, and plaintiff is entitled to examine defendant before trial, particularly in case where many of facts upon which action is grounded are in possession of defendant. | Ordinarily, a defendant is entitled to full particulars of the plaintiff's claim, and a plaintiff is entitled to examine before trial, particularly in a case where many of the facts upon which the action is grounded are in the possession of the defendant. | "Is the defendant entitled to full particulars of plaintiffs claim and is plaintiff entitled to examine before trial, particularly where many facts upon which action is grounded are in defendants possession?" |
| 2160 | Bowes v. Nat'l City Bank of New York, 169 Misc. 78, 82, 6 N.Y.S.2d 803, 807–08 (Sup. Ct. 1938) | 6 | In absence of special circumstances, an examination before trial will not be ordered where its purpose is to compel the defendant to disclose to the plaintiff whether or not there is a cause of action and the party seeking the examination must show some reasonable ground for belief that the result of the examination will be to establish the matters which he seeks to prove which are material and necessary to the cause of action alleged. Rules of Civil Practice, rule 122; Civil Practice Act, SS 288, 289, 296. | Plaintiff cannot succeed without establishing those facts, but in the absence of special circumstances an examination before trial will not be ordered where its purpose is to compel the defendant to disclose to the plaintiff whether or not there is a cause of action, and the party seeking the examination must show some reasonable ground for belief that the result of the examination will be to establish the matters which he seeks to prove which are material and necessary to the cause of action which has been alleged. | "Will a plaintiff be permitted, in the discretion of the court, to examine the defendant before trial?" |
| 2161 | Crow-Crimmins-Wolff & Munier v. Westchester Cnty., 126 A.D.2d 696, 697, 511 N.Y.S.2d 117, 119 (1987) | 4 | Admissions of fact explicitly or implicitly made without prejudice during settlement negotiations are protected from discovery pursuant to public policy of encouraging and facilitating settlement. McKinney's CPLR 3101(b), 5701(c). | Admissions of fact explicitly or implicitly made "without prejudice" during settlement negotiations are protected from discovery pursuant to the public policy of encouraging and facilitating settlement | Are admissions of fact explicitly or implicitly made without prejudice during settlement negotiations protected from discovery pursuant to a public policy of encouraging and facilitating settlement? |
| 2163 | Citizens Cas. Co. of New York v. Hackett, 17 Utah 2d 304, 306 (1966) | 2 | Pretrial order controls issues of case where it is made without objection and no motion is made to change it, unless modified at trial to prevent manifest injustice. Rules of Civil Procedure, rule 16. | The pretrial order controls the issues of the case where it is made without objection and no motion is made to change it, unless it is modified at the trial to prevent a manifest injustice. | "Does a pretrial order control issues of a case where it is made without objection and no motion is made to change it, unless modified at trial to prevent manifest injustice?" |

| 2164 | People v. Munafo, 50 N.Y.2d 326, 331, 406 N.E.2d 780, 783 (1980) | 3 | In deciding whether an act carries public ramifications, courts are constrained to assess nature and number of those attracted, taking into account surrounding circumstances including time and place of episode under scrutiny. | In deciding whether an act carries public ramifications, courts are constrained to assess the nature and number of those attracted, taking into account the surrounding circumstances, including, of course, the time and the place of the episode under scrutiny | "In deciding whether an act carries public ramifications with respect to disorderly conduct statute, should the courts consider surrounding circumstances like time and place of the act?" |
|------|------|---|------|------|------|
| 2165 | State ex rel. Rosen v. Smith, 241 S.W.3d 431, 432 (Mo.App. E.D., 2007) | 3 | In non-jury cases, plaintiff may voluntarily dismiss his suit without a court order at any time prior to the introduction of evidence at trial, and, once plaintiff has done so, it is as if the suit were never brought. V.A.M.R. 67.02(a)(2). | In non-jury cases, a plaintiff may voluntarily dismiss his or her suit without a court order at any time prior to the introduction of evidence at trial. Rule 67.02(a)(2). Once a plaintiff does so, "it is as if the suit were never brought." | Can a plaintiff voluntarily dismiss a suit without court order prior to the introduction of evidence in non-injury cases and is it as if the suit were never brought at trial? |
| 2166 | Odaware v. Robertson Aerial-AG, 13 Ark. App. 285, 290 (Ark.App., 1985) | 4 | Amendments to pleadings should be allowed in nearly all instances without special permission from the court except where on motion of an opposing party the court determines either that prejudice would result or that disposition of the cause would be unduly delayed, and in those instances the court may strike such amended pleadings or grant a continuance of the proceedings. Rules Civ.Proc., Rule 15(a). | ARCP Rule 15(a) and the Notes indicate that amendments to pleadings should be allowed in nearly all instances without special permission from the court except where on motion of an opposing party the court determines either that prejudice would result or that disposition of the cause would be unduly delayed. **627 In those instances the court may strike such amended pleadings or grant a continuance of the proceedings. | Should amendments to pleadings be allowed in nearly all instances without special permission from the court? |
| 2170 | Haddix v. Am. Zurich Ins. Co., 253 S.W.3d 339, 349 (Tex. App. 2008) | 21 | If a party has not exhausted its administrative remedies but has pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction; conversely, if a party exhausts its administrative remedies but fails to properly or adequately plead this, the challenge is not to the trial court's jurisdiction but to the adequacy of the plaintiff's pleading. | Consequently, if a party has not exhausted its administrative remedies but has pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction. The opposite is true as well. If a party exhausts its administrative remedies but fails to properly or adequately plead this, the challenge is not to the trial court's jurisdiction but to the adequacy of the plaintiff's pleading. | "If a party has not exhausted its administrative remedies but has pleaded that it has, would the trial court not be bound by this allegation but could still dismiss a claim for lack of jurisdiction?" |
| 2171 | U.S. v. Jannotti, 673 F.2d 578, 601 (C.A.Pa., 1982) | 14 | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make. | As this court has previously held, it is neither material nor a defense to bribery that "had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make.. | "Is it a defense against bribery that had there been no bribe, the public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make?" |

| | | | | | |
|---|---|---|---|---|---|
| 2172 | U.S. v. Purdy, 144 F.3d 241, 245 (C.A.2 (Conn.),1998) | 2 | Kickbacks made at any point in government procurement process for purpose of improperly obtaining favorable treatment are prohibited by Anti-Kickback Act, regardless of whether or not offender knew of government involvement. Anti-Kickback Act of 1986, S 1 et seq., 41 U.S.C.A. S 51 et seq. | In short, kickbacks made at any point in the government procurement process for the purpose of improperly obtaining favorable treatment are prohibited by the Act, regardless of whether or not the offender knew of the government involvement. | Is a kickback that's made during the government procurement process for the purpose of obtaining favorable treatment still prohibited by the Anti-Kickback Act if the offender did not know government involvement? |
| 2174 | Szczeblewski v. Gossett, 342 Ill. App. 3d 344, 349 (2003) | 10 | A party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. Sup.Ct.Rules, Rule 216. | To ensure that the laudable purpose of Rule 216 is accomplished, a party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. | Should a party have a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control? |
| 2175 | F. B. Walker & Sons v. Rose, 223 Miss. 494, 504 (1955) | 3 | To justify continuance upon ground of absence of party, it is necessary that application set forth with reasonable clearness material facts such party would testify to if present. | To justify a continuance upon that ground it was necessary that the application set forth with reasonable clearness the material facts appellant would testify to, if present. | "To justify continuance upon the ground of absence of a party, is it necessary that an application set forth with reasonable clearness material facts such a party would testify to if present?" |
| 2177 | Pritchard v. Pritchard, 92 Conn. App. 327, 339 (2005) | 4 | "Mootness" is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | "Is mootness a threshold issue that implicates subject-matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties?" |
| 2178 | Ex parte PT Sols. Holdings, 225 So. 3d 37, 42 (Ala. 2016) | 2 | An attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice for contractually improper venue. Ala. R. Civ. P. 12(b)(3). | "[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. | Is an attempt to seek enforcement of an outbound forum-selection clause properly presented in a motion to dismiss without prejudice for contractually improper venue? |
| 2179 | Brown Grp. Retail v. State, 155 P.3d 481, 483-84 (Colo. App. 2006) | 2 | Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is properly addressed by the trial court as a motion to dismiss. West's C.R.S.A. S 24-10-108; Rules Civ.Proc., Rule 12(b)(1). | Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is properly addressed by the trial court as a *484 C.R.C.P. 12(b)(1) motion to dismiss. | "Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is it properly addressed by the trial court as a motion to dismiss?" |

| 2180 | Brown-McKee v. Fiatallis Const. Mach., 587 F. Supp. 38, 39 (N.D. Tex. 1984) | 1 | Under the intertwining doctrine, where a party asserts several causes of action, of which at least one lies within the federal court's exclusive jurisdiction, the entire case must remain in federal court despite an arbitration agreement. | M/V Warschau, 731 F.2d 1141 (5th Cir.1984), the Fifth Circuit Court of Appeals recently held that under the intertwining doctrine, where a party asserts several causes of action, of which at least one lies within the federal court's exclusive jurisdiction, the entire case must remain in federal court despite the presence of an arbitration agreement. | Does the intertwining doctrine require the entire case to remain in federal court despite the presence of an arbitration agreement? |
| 2181 | Ex parte PT Sols. Holdings, 225 So. 3d 37, 42 (Ala. 2016) | 2 | An attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice for contractually improper venue. Ala. R. Civ. P. 12(b)(3). | "[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. | "In a motion to dismiss without prejudice for contractually improper venue, can an attempt to seek enforcement of an outbound forum-selection clause properly presented?" |
| 2182 | Cmty. Hosp. v. Avant, 790 N.E.2d 585, 586 (Ind. App. 2003) | 1 | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | In reviewing a T.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question with respect to a court's power to act? |
| 2183 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197, 204-205 (2010) | 9 | An action shall be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires. Sup.Ct.Rules, Rule 103(b). | An action "shall" be dismissed "with prejudice" if the plaintiff fails "to exercise *205 reasonable diligence to obtain service on a defendant" after the statute of limitations expires. | Does Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant and if the plaintiff fails to act with reasonable diligence after the statute of limitations expires shall the cause of action be dismissed with prejudice? |
| 2184 | Parmley v. Pringle, 976 So. 2d 422, 425 (Miss.App., 2008) | 6 | While failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrants dismissal upon court's initiative or upon motion, such dismissal should be made without prejudice, not with prejudice. Rules Civ.Proc., Rule 4(h). | Failure to serve process within 120 days of the filing of a complaint, absent proof of "good cause," shall warrant dismissal upon the court's initiative or upon motion. M.R.C.P. 4(h); Heard v. Remy, 937 So.2d 939, 941 ( 8) (Miss.2006). However, Rule 4(h) dismissals should be made without prejudice, not with prejudice as the trial court did here. | Should dismissal for failure to serve process within 120 days of filing of complaint have been without prejudice? |

| 2185 | Abreu v. City of New York, 657 F. Supp. 2d 357, 361 (E.D.N.Y. 2009) | 6 | Where no good cause is shown for plaintiff's failure to serve all defendants to an action within 120 days after the filing of the complaint, the Court has the discretion to dismiss the complaint without prejudice or to order that service be made within a specified time. Fed.Rules Civ.Proc.Rule 4(m), 28 U.S.C.A. | Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve all defendants to an action within 120 days after the filing of the complaint. Where no good cause is shown, the Court has the discretion to dismiss the complaint without prejudice or to order that service be made within a specified time. | Should dismissal for failure to serve process within 120 days of filing of complaint have been without prejudice? |
|---|---|---|---|---|---|
| 2186 | Matthews v. Barrau, 150 A.D.3d 836, 838 (N.Y.A.D. 3 Dept., 2017) | 5 | If service of a summons and complaint is not made within the time provided, a court, upon motion, must dismiss the action without prejudice, or, upon good cause shown or in the interest of justice, extend the time for service. McKinney's CPLR 306-b. | If service is not made within the time provided, the court, upon motion, must dismiss the action without prejudice, or, "upon good cause shown or in the interest of justice, extend the time for service" (id.). | "If service of a summons and complaint is not made within the time provided, must a court dismiss the action without prejudice?" |
| 2187 | Stevens v. Watson, 16 Cal.App.3d 629, 633 (Cal.App. 1971) | 1 | Power of state to select subjects of taxation or to grant exemptions therefrom is very broad and legislative determination in such field must be sustained if there is any conceivable state of facts which would support it. | The power of the State to select the subjects of taxation or to grant exemptions therefrom is very broad and a legislative determination in this field must be sustained if there is any conceivable state of facts which would support it. | Can the legislative determination in the power of the state to select subjects of taxation or to grant exemptions be sustained if there is any conceivable state of facts which would support it? |
| 2188 | Abernathy v. City of Albany, 269 Ga. 88, 89 (Ga. 1998) | 5 | Recoverability of workers' compensation benefits is strictly matter of statutory construction because there is no common law right to such benefits; Workers' Compensation Act constitutes complete code of laws upon the subject, and ordinary rules of law do not apply. O.C.G.A. S 34-9-1 et seq. | The recoverability of workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. Compare OB-GYN Associates of Albany v. Littleton, supra. "The ordinary rules of law do not apply to actions arising under that statute, but the act itself constitutes a complete code of laws upon the subject." | "Does the Workers Compensation Act constitute a complete code of laws, and is the recovery of workers compensation benefits strictly a matter of statutory construction?" |
| 2190 | Potter v. State Farm Mut. Auto. Ins. Co., 996 P.2d 781, 783 (Colo.App., 2000) | 6 | In the context of automobile insurance exclusions, "residence" is determined on a case-by-case basis using factors such as intent and relative permanence; in general, residence denotes a place where a person dwells, and simply requires bodily presence as an inhabitant in a given place. | In the context of automobile insurance exclusions, residence is determined on a case-by-case basis using factors such as intent and relative permanence. In general, residence denotes a place where a person dwells. It "simply requires bodily presence as an inhabitant in a given place." | "Does ""residence"" simply require bodily presence as an inhabitant in a given place?" |

| 2191 | Bauer v. Douglas Aquatics, 207 N.C. App. 65, 68-69 (2010) | 9 | When a defendant supplements its motion to dismiss for lack of personal jurisdiction with affidavits or other supporting evidence, the unverified allegations of a plaintiff's complaint can no longer be taken as true or controlling, and a plaintiff cannot rest on the complaint's allegations, even if they meet the initial burden of proving jurisdiction, but must respond by affidavit or otherwise setting forth specific facts showing that the court has jurisdiction; however, a verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein. | Appellant correctly notes that when a defendant supplements its motion with affidavits or other supporting evidence, the unverified allegations of a plaintiff's complaint " 'can no longer be taken as true or controlling [.]' " Id. at 163, 565 S.E.2d at 708 (quoting *69 Bruggeman, 138 N.C.App. at 615-16, 532 S.E.2d at 218). In that case, a plaintiff cannot rest on the complaint's allegations, even if they meet the initial burden of proving jurisdiction, "but must respond 'by affidavit or otherwise ... set[ting] forth specific facts showing that the court has jurisdiction.' " Id. However, "[a] verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." | "When a defendant supplements its motion to dismiss for lack of personal jurisdiction with affidavits or other supporting evidence, can the unverified allegations of a plaintiff's complaint no longer be taken as true or controlling?" |
| 2192 | Newell v. TRW/Kelsey-Hayes Co., 145 Ohio App. 3d 198, 200 (Ohio App. 6 Dist., 2001) | 1 | A court may not dismiss a case for lack of subject-matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide; this determination is generally a question of law that an appellate court reviews independently of the trial court's decision. | A court may not dismiss a case for lack of subject-matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide. McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418- 419.This determination is generally a question of law that an appellate court reviews independently of the trial court's decision. | Can a court dismiss a case for lack of subject matter jurisdiction if the plaintiff has alleged a cause of action that the court has authority to decide? |
| 2194 | Cooperwood v. Farmer, 315 F.R.D. 493, 498 (2016) | 4 | Under Illinois law, the standard used in resolving a motion to dismiss for lack of diligence in service of process is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service; this is a fact-intensive inquiry suited to balancing, not bright lines that considers the totality of the circumstances. Ill. Sup. Ct. R. 103(b). | Moreover, "[t]he standard used in resolving a Rule 103(b) motion is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service." Kole, 325 Ill.App.3d at 950, 259 Ill.Dec. 649, 759 N.E.2d 129. This is a "fact-intensive inquiry suited to balancing, not bright lines" that considers the totality of the circumstances. | Is the trial courts determination of a plaintiffs lack of reasonable diligence in obtaining service on a defendant an objective one? |

| 2195 | Vasquez v. New York City Hous. Auth., 51 A.D.3d 781, 782 (N.Y. Sup. Ct., 2nd Dept., 2008) | 2 | In order to vacate default in appearing at a scheduled court conference, a plaintiff is required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action. | In order to vacate her default in appearing at a scheduled court conference, the plaintiff was required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action | "In order to vacate the default in appearing at a scheduled court conference, is a plaintiff required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action?" |
|------|------|------|------|------|------|
| 2196 | Clark v. Medina Gen. Hosp., 113 Ohio Misc. 2d 13, 15 (1999) | 3 | When service of process on a defendant has not been effectuated within one year of the filing of a complaint, the proper remedy for a trial court is to dismiss the action as to any such defendant against whom the case has not commenced. Rules Civ.Proc., Rules 3(A), 12(B)(2, 5). | When service of process on a defendant has not been effectuated within one year of the filing of a complaint, the proper remedy for a trial court is to dismiss the action as to any such defendant against whom the case has not commenced. | "When service of process on a defendant has not been effectuated within one year of the filing of a complaint, is the proper remedy for a trial court to dismiss the action as to any such defendant?" |
| 2197 | Gautreaux v. Maya, 112 So. 3d 146, 149 (Fla. App. 2013) | 6 | Because dismissal for fraud on court sounds death knell of lawsuit, courts must reserve such strong medicine for instances where defaulting party's misconduct is correspondingly egregious. | Because dismissal sounds the death knell of the lawsuit, courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious.... | "Because dismissal for fraud on court sounds death knell of lawsuit, should courts reserve such strong medicine for instances where a defaulting party's misconduct is correspondingly egregious?" |
| 2198 | Rowen v. Le Mars Mut. Ins. Co. of Iowa, 282 N.W.2d 639, 646 (Iowa, 1979) | 6 | Rule authorizing trial court to enter appropriate orders for the subsequent course of the action includes the inherent power to enforce those orders by appropriate sanctions. Rules of Civil Procedure, rule 138. | Pre-trial procedure is governed by rules 135-39, Iowa R.Civ.P. Rule 138 specifically authorizes the trial court to enter appropriate orders for the "subsequent course" of the action. This includes the inherent power to enforce those orders by appropriate sanctions. Unlike the rules of discovery, there are no specific sanctions established by our pretrial rules. | Does the rule authorizing a trial court to enter appropriate orders for the subsequent course of the action include the inherent power to enforce those orders by appropriate sanctions? |
| 2199 | State ex rel. Missouri Coal. for the Env't v. Joint Comm. on Admin. Rules, 519 S.W.3d 805, 810 (Mo., 2017) | 5 | A trial court properly dismisses a cause of action as moot when the question presented for decision seeks a judgment upon some matter which, if the judgment were rendered, would not have any practical effect upon any then existing controversy. | A trial court properly dismisses a cause of action as moot "when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." | Can a court dismiss a cause of action as moot when the question presented for decision seeks a judgment upon some matter? |
| 2201 | Professional Firefighters Ass'n of Omaha, Local 385, AFL-CIO CLC v. City of Omaha, 282 Neb. 200, 200 (2011) | 8 | Unless an exception applies, a court must dismiss a moot case on appeal when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Unless an exception applies, a court or tribunal must dismiss a moot case when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Should a court dismiss a moot case if the litigants no longer have a legally cognizable interest in the dispute's resolution? |

| 2203 | Underwood v. Alabama State Bd. of Educ., 39 So. 3d 120, 128 (Ala. 2009) | 24 | If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and the court will dismiss the case. | [I]f a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court will] dismiss the case.' | "When there is no necessity for the judgment because the case has become moot, or a judgment would not accomplish an end recognized as sufficient in law, will the court decline to consider the merits and dismiss the case?" |
| --- | --- | --- | --- | --- | --- |
| 2204 | Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102, 104 (Fla.App. 4 Dist., 2015) | 3 | A trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. West's F.S.A. RCP Rule 1.420(b). | 4th DCA 1995), a trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. | Does a trial court have the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame? |
| 2205 | Perez v. Astoria Gen. Hosp., Inc., 260 A.D.2d 457, 457, 688 N.Y.S.2d 195, 196 (1999) | 1 | To vacate the dismissal of complaint due to plaintiff's default in appearing at a scheduled pretrial conference, plaintiff must proffer evidence of a reasonable excuse for the default, and a meritorious cause of action. McKinney's CPLR 2005. | To vacate the dismissal of the complaint insofar as asserted against the appellants due to their default in appearing at a scheduled pretrial conference, the plaintiffs had to proffer evidence of a reasonable excuse for the default and a meritorious cause of action | "To vacate the dismissal of complaint due to a plaintiff's default in appearing at a scheduled pretrial conference, must the plaintiff proffer evidence of a reasonable excuse for the default?" |
| 2207 | Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 698 (9th Cir. 1986) | 9 | Federal Arbitration Act requires district courts to compel arbitration even where result would be possibly inefficient maintenance of separate proceedings in different forums. 9 U.S.C.A. S 1 et seq. | The Arbitration Act requires district courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums. | Does the Federal Arbitration Act (FAA) require courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums? |
| 2211 | Buckner v. Lower Florida Keys Hosp. Dist., 403 So. 2d 1025, 1027 (Fla. App. 1981) | 1 | Although desirable end of pleading is to create issue and thus dispose of cause of action on merits, when privilege to amend has been abused in violation of orders of court, ultimate sanction of dismissal is sometimes appropriate. | Although the desirable end of pleading is to create an issue and thus dispose of a cause of action on the merits, when the privilege to amend has been abused in violation of orders of court the ultimate sanction of dismissal is sometimes appropriate. | "When the privilege to amend has been abused in violation of orders of court, is the ultimate sanction of dismissal appropriate?" |
| 2212 | Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974, 977 (Fla.App. 3 Dist., 2002) | 5 | Trial court may dismiss an action for failure to prosecute if the only activity within the year is discovery taken in bad faith and without any design to move the case forward toward conclusion on the merits. West's F.S.A. RCP Rule 1.420(e). | The test that emerged from Anthony allows a trial court to dismiss an action if the only activity within the year is discovery taken in bad faith and "without any design 'to move the case forward toward a conclusion on the merits.' " | Can a trial court dismiss an action for failure to prosecute if the only activity within the year is discovery taken in bad faith? |

| 2214 | Will v. Frontier Contractors, Inc., 121 Wash. App. 119, 129, 89 P.3d 242, 247 (2004) | 10 | Dismissal is an appropriate remedy where the record indicates that (1) the party's refusal to obey a court order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed; however, courts do not resort to dismissal lightly. CR 41(b). | Dismissal is an appropriate remedy where the record indicates that "(1) the party's refusal to obey [a court] order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed". But Washington courts do not resort to dismissal lightly. | When is a dismissal an appropriate remedy when indicated on the record? |
| 2215 | Fletcher v. Univ. Hosps. of Cleveland, 172 Ohio App. 3d 153, 157 (2007) | 4 | If the plaintiff fails to comply with an order to provide a more definite statement, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice. Rules Civ.Proc., Rule 12(E). | If the plaintiff fails to comply with an order to provide a more definite statement, "the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which **369 would include involuntary dismissal with prejudice .... | "If the plaintiff fails to comply with an order to provide a more definite statement, can the court strike the pleading to which the motion was directed?" |
| 2216 | Davis v. Byrd Meml. Hosp., 628 So. 2d 1284, 1286-87 (La. App. 1993) | 2 | Trial judge is vested with much discretion in selecting appropriate sanctions for failure to comply with pretrial and discovery orders, and its choice will not be reversed absent clear showing that it abused that discretion. LSA-C.C.P. arts. 193, 1551. | The law is well settled that, under LSA-C.C.P. art. 193 and art. 1551, the trial *1287 judge is vested with much discretion in selecting appropriate sanctions for failure to comply with pretrial and discovery orders, and its choice will not be reversed absent a clear showing that it abused that discretion. | "As with discovery sanctions, is a trial court vested with much discretion in selecting appropriate sanctions for violation of a statute outlining pretrial procedure?" |
| 2219 | Johnson v. Skarvan, 27 So. 3d 178, 179 (Fla. Dist. Ct. App. 2010) | 3 | While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, the dismissal order must contain explicit findings of willful noncompliance. | While a trial court undoubtedly has discretion after due consideration of the Kozel factors to dismiss a complaint for noncompliance with a court order, the dismissal order must contain explicit findings of willful noncompliance. | While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, should the dismissal order contain explicit findings of willful noncompliance?" |
| 2220 | Citizens Nat. Bank of Greater St. Louis v. Boatmen's Nat. Bank of St. Louis, 934 S.W.2d 6, 9 (Mo. App. 1996) | 10 | When facts establish willful, contumacious disregard for court's authority, applying sanctions such as striking pleadings, dismissing counterclaims, or entering judgment by default is within trial court's discretion. | Where the facts establish willful, contumacious disregard for the authority of the court, applying sanctions such as striking the pleadings, dismissing counterclaims, or entering judgment by default is within the trial court's discretion. | "Is applying sanctions such as striking pleadings, dismissing counterclaims, or entering judgment by default within a trial court's discretion?" |

| | | | | | |
|---|---|---|---|---|---|
| 2221 | Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956, 957, 999 N.Y.S.2d 490, 492 (2014) | 2 | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | "A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only if 'documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law' " (Indymac Venture, LLC v. Nagessar, 121 A.D.3d 945, 945, 995 N.Y.S.2d 145, quoting Whitebox Concentrated Convertible Arbitrage Partners, L.P. v. Superior Well Servs., Inc., 20 N.Y.3d 59, 63, 956 N.Y.S.2d 439, 980 N.E.2d 487). | Will a motion to dismiss a cause of action be granted if documentary evidence refutes plaintiff's allegations? |
| 2222 | Tech. Chemicals & Prod., Inc. v. Home Diagnostics, Inc, 793 So. 2d 1010, 1012 (Fla. Dist. Ct. App. 2001) | 2 | Activity of record of any party is sufficient to toll the one-year time period governing dismissals for failure to prosecute when it is an affirmative act directed toward the disposition of the cause. Rules Civ.Proc., Rule 1.420(e). | Activity of record of any party is sufficient to toll the one-year time period when it is an affirmative act directed toward the disposition of the cause. | Is an activity of record of any party sufficient to toll the one-year time period governing dismissals for failure to prosecute when it is an affirmative act directed toward the disposition of the cause? |
| 2225 | Eisler v. United States, 170 F.2d 273, 279 (1948) | 13 | Resident alien owes temporary allegiance to government of United States and assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens and is bound to obey all laws of the United States, not immediately relating to citizenship, and is equally amenable with citizens for any infractions of those laws. | Correlatively, an alien resident owes a temporary allegiance to the Government of the United States, and he assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens; he is bound to obey all the laws of the country, not immediately relating to citizenship, and is equally amenable with citizens for any infraction of those laws. | Does an alien domiciled or residing in the United States owe a temporary allegiance to the country? |
| 2226 | Chatham Shipping Co. v. Fertex S. S. Corp., 352 F.2d 291, 293 (2d Cir. 1965) | 1 | Mere filing of action for damages on contract does not preclude subsequent change of mind in favor of arbitration therein provided, and earliest point at which such preclusion may be found is when other party files answer on merits. | The cases are altogether clear that the mere filing of an action for damages on a contract does not preclude a subsequent change of mind in favor of arbitration therein provided, see Richard Nathan Corp. v. Dacon-Zadeh, 101 F.Supp. 428, 430 (S.D.N.Y.1951); Farr & Co. v. Cia. Intercontinental de Navegacion, 243 F.2d 342, 348 (2 Cir. 1957); the earliest point at which such preclusion may be found is when the other party files an answer on the merits. | Can mere filing of an action for damages on a contract preclude a subsequent change of mind in favor of arbitration? |

| 2227 | Aetna Life Ins. Co. v. Wells, 557 S.W.2d 144, 148 (Tex. App. 1977) | 8 | Doctrine of judicial estoppel is applicable only when party to suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried. | The doctrine of judicial estoppel is applicable only when "a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried." | "Does judicial estoppel apply when a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made?" |
| --- | --- | --- | --- | --- | --- |
| 2228 | XXXX, L.P. v. 363 Prospect Place, LLC, 153 A.D.3d 588, 589–90, 60 N.Y.S.3d 84 (2017) | 1 | A motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | "A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " ( *590 Attias v. Costiera, 120 A.D.3d 1281, 1282, 993 N.Y.S.2d 59, quoting Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190). | Can a motion to dismiss a complaint be granted based on documentary evidence where the evidence refutes plaintiff's factual allegations? |
| 2229 | Knoche v. Cox, 282 Md. 447, 452–53 (1978) | 1 | Aside from the exceptions created by the Workmen's Compensation Act itself, the operation of the law is exclusive of all other remedy and liability, as to both the employer and employee who come within the purview of the Act, with respect to all injury arising out of and in the course of the employment. Code 1957, art. 101, SS 1 et seq., 15. | This Court, long past and to the present day, has uniformly said that, aside **1182 from the exceptions created by the Act itself, *453 the operation of the law is exclusive of all other remedy and liability, as to both the employer and employee who come within the purview of the Act, with respect to all injury arising out of and in the course of the employment. | "Besides the exceptions created by the Workmens Compensation Act provide the exclusive remedy and liability, with respect to all injuries arising out of and in the course of the employment, as to both employers and employees ?" |
| 2230 | Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) | 14 | By requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits, the nation, in recognition of its debt to veterans, has taken upon itself the risk of error in awarding such benefits. 38 U.S.C.A. S 5107(b). | By requiring only an "approximate balance of positive and negative evidence" to prove any issue material to a claim for veterans benefits, 38 U.S.C. § 5107(b), the nation, "in recognition of our debt to our veterans," has "taken upon itself the risk of error" in awarding such benefits. Id. | Is an approximate balance of positive and negative evidence necessary to prove any issue material to a claim for veterans benefits? |
| 2231 | Dolphin Holdings, Ltd. v. Gander & White Shipping, Inc., 122 A.D.3d 901, 902, 998 N.Y.S.2d 107, 109 (2014) | 4 | On a motion to dismiss for failure to state a cause of action, the court is permitted to consider evidentiary material submitted by the defendant in support of the motion, and if it does so, the criterion then becomes whether the plaintiff has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153), and, if it does so, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " | Is the court permitted to consider evidentiary material submitted by the defendant in support of the motion on a motion to dismiss for failure pursuant to CPLR 3211(a)(7)? |

| | | | | | |
|---|---|---|---|---|---|
| 2234 | Osagie v. Peakload Temp. Services, 91 S.W.3d 326, 329 (Tenn. Ct. App., 2002) | 4 | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Osagie's wage claim to be a dismissal for failure to prosecute under rule 41.02 of the Rules of Civil Procedure. This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. | Does the purpose of rules governing dismissal of a claim for failure to prosecute is to enable courts to manage its own docket? |
| 2239 | Cassie v. Cassie, 109 A.D.3d 337, 342, 969 N.Y.S.2d 537, 541 (2013) | 3 | Even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a prima facie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. McKinney's Family Court Act S 812. | We similarly hold that, even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a prima facie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. | Can a person on private property commit the offence of disorderly conduct? |
| 2240 | Helia Healthcare of Belleville v. Norwood, 73 N.E.3d 1185, 1191 (Ill. App. 2017) | 1 | A motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, admits all well-pleaded facts and reasonable inferences therefrom, and on such a motion all pleadings are construed in the light most favorable to the nonmoving party. 735 Ill. Comp. Stat. Ann. S 5/2-619(a)(1). | Section 2-619 of the Code of Civil Procedure permits a motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, avoids or defeats the claims in the complaint. Such a motion admits all well-pleaded facts and reasonable inferences therefrom, and all pleadings are construed in the light most favorable to the nonmoving party. | "Does a motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, admit all well-pleaded facts and reasonable inferences therefrom?" |
| 2241 | Griffith & Coe Advert. v. Farmers & Merchants Bank And Tr., 215 W. Va. 428, 428 (2004) | 3 | In determining whether a party has made a prima facie showing of personal jurisdiction in response to motion to dismiss, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | In determining whether a party has made a prima facie showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. | "In determining whether a party has made a prima facie showing of personal jurisdiction, should the court view the allegations in the light most favorable to such party?" |
| 2242 | Easterling v. Am. Optical Corp., 207 W. Va. 123, 127 (2000) | 3 | In determining whether a party has made a prima facie showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | In determining whether a party has made a prima facie showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. | "In determining whether a party has made a prima facie showing of personal jurisdiction, should the court view the allegations in the light most favorable to such party?" |

| 2245 | Matusow v. Zieger, 702 A.2d 1126, 1129 (Pa. Commw. Ct. 1997) | 3 | Judgment of non pros may be entered where (1) party to proceedings has shown lack of due diligence by failing to proceed with reasonable promptity, (2) there has been no compelling reason for the delay, and (3) delay has caused some prejudice to adverse party. | 129, 247 A.2d 587 (1968) that provided a judgment of non pros may be entered where: (1) a party to the proceedings has shown a lack of due diligence by failing to proceed with reasonable promptity; (2) there has been no compelling reason for the delay; 6 and (3) the delay has caused some prejudice to the adverse party. | Can judgment of non pros be entered where party to proceedings has shown lack of due diligence by failing to proceed with reasonable promptity? |
| 2246 | Jones v. Halliburton Co., 583 F.3d 228, 240 (5th Cir. 2009) | 5 | When deciding whether a claim falls within the scope of an arbitration agreement, courts focus on factual allegations in the complaint rather than the legal causes of action asserted. | When deciding whether a claim falls within the scope of an arbitration agreement, courts "focus on factual allegations in the complaint rather than the legal causes of action asserted". | Do the courts focus on factual allegations in the complaint rather than the legal causes of action asserted while deciding the scope of an arbitration agreement? |
| 2247 | White Eagle v. City of Fort Pierre, 2002 S.D. 68, ¶ 48 (S.D. 2002) | 7 | Dismissal of a cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness. SDCL 15-11-11, 15-30-16 | Finally, the dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted? |
| 2248 | Blockbuster Inv'rs LP v. Cox Enterprises, 314 Ga. App. 506, 506 (2012) | 2 | A motion to dismiss should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim; thus, court construes all the allegations in the complaint in a light most favorable to the complaining party and resolves all doubts in his favor. West's Ga.Code Ann. S 9-11-12(b)(6). | A motion to dismiss "should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. We thus construe all the allegations in the complaint in a light most favorable to the complaining party and resolve all doubts in his favor." | Should a motion to dismiss be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim? |
| 2249 | Mathews v. Diaz, 426 U.S. 67, 78–79 (1976) | 7 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogenous legal classification. U.S.C.A.Const. Amends. 5, 14. | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogenous legal classification. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? |

| 2250 | Blon v. Bank One, Akron, N.A., 35 Ohio St. 3d 98, 98 (1988) | 7 | Creditor and consumer stand at arm's length in negotiating terms and conditions of consumer loan and, absent understanding by both parties that special trust and confidence has been reposed in creditor, creditor has no duty to disclose to consumer the existence and details of finder's fee or similar arrangement with credit arranger. | A creditor and consumer stand at arm's length in negotiating the terms and conditions of a consumer loan and, absent an understanding by both parties that a special trust and confidence has been reposed in the creditor, the creditor has no duty to disclose to the consumer the existence and details of a finder's fee or similar arrangement with a credit arranger. | Do Creditor and consumer stand at arm's length in negotiating terms and conditions of consumer loan? |
|---|---|---|---|---|---|
| 2251 | Wallace v. Dean, 3 So. 3d 1035, 1042–43 (Fla., 2009) | 5 | For purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. | "For ... purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff." | "For purposes of a motion to dismiss, are the allegations of the complaint assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff?" |
| 2253 | J.P. Morgan Sec. Inc. v. Vigilant Ins. Co., 21 N.Y.3d 324, 334, 992 N.E.2d 1076, 1080 (2013) | 1 | In assessing the adequacy of a complaint on motion to dismiss, court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff "the benefit of every possible favorable inference" | "In assessing the adequacy of a complaint on motion to dismiss, should a court give the pleading a liberal construction?" |
| 2254 | Cadet-Duval v. Gursim Holding, 147 A.D.3d 718, 719, 45 N.Y.S.3d 585, 586 (2017) | 1 | On a motion to dismiss for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences. McKinney's CPLR 3211(a)(7). | " 'On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences' " (Hampshire Props. v. BTA Bldg. & Developing, Inc., 122 A.D.3d 573, 573, 996 N.Y.S.2d 129, quoting Carillo v. Stony Brook Univ., 119 A.D.3d 508, 509, 987 N.Y.S.2d 868). | "In reviewing a motion to dismiss for failure to state a cause of action, are the allegations of the complaint deemed to be true?" |
| 2255 | Tapia v. Heavner, 648 N.E.2d 1202, 1205 (Ind.App. 5 Dist., 1995) | 5 | Unlike ruling on motion for summary judgment, trial court may weigh evidence and resolve factual disputes when ruling on motion to dismiss for lack of subject matter jurisdiction. Trial Procedure Rules 12(B)(1), 56(C). | Unlike ruling on a motion for summary judgment, the trial court may weigh evidence and resolve factual disputes when ruling on a motion to dismiss for lack of subject matter jurisdiction. | "When ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court weigh evidence and resolve factual disputes?" |

| 2256 | Davis v. Cent. Rent-A-Crane, 663 N.E.2d 1177, 1179 (Ind. App. 1996) | 3 | When determining whether claim should be dismissed for lack of subject matter jurisdiction, trial court may weigh evidence to determine existence of requisite jurisdictional facts and resolve factual disputes. Trial Procedure Rule 12(B)(1). | When determining whether the claim should be dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits, and any other evidence submitted. Perry, supra, at 1287. In addition, the court may weigh the evidence to determine the existence of the requisite jurisdictional facts and resolve factual disputes. | "In determining whether claim should be dismissed for lack of subject-matter jurisdiction, can a trial court weigh evidence to determine if requisite jurisdictional facts exist?" |
|---|---|---|---|---|---|
| 2258 | Carlson v. Reed, 249 F.3d 876, 881 (9th Cir. 2001) | 3 | A state violates due process where it creates a university tuition rate scheme that purports to be concerned with residency, but then applies an irrebuttable presumption precluding those seeking to meet its test of residency the opportunity to show factors clearly bearing on the issue. U.S.C.A. Const.Amend. 14. | [A] state violates due process where it creates a university tuition rate scheme that purports to be concerned with residency, but then applies an irrebuttable presumption precluding those "seeking to meet its test of residency the opportunity to show factors clearly bearing on the issue." | Does a University violate due process when applies irrebuttable presumptions? |
| 2259 | Coleman v. Lynaugh, 934 S.W.2d 837, 838 (Tex. App. 1996) | 2 | Judge may dismiss case for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which party had notice, or under judge's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 1. | A judge may dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX.R. CIV. P. 165a(1), or under his inherent powers. | Can a judge dismiss a case for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which party had notice? |
| 2261 | Bermudez v. Fulton Auto Depot, 179 Cal. App. 4th 1318, 1323 (2009) | 2 | Purpose of Automobile Sales Finance Act (ASFA) is to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. West's Ann.Cal.Civ.Code S 2981 et seq. | "The California Legislature enacted the ASFA to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. | Does ASFA require full disclosure of all items of cost to protect motor vehicle purchasers from abusive selling practices and excessive charges? |
| 2262 | Clark v. Gauntt, 138 Tex. 558, 561 (1942) | 2 | Generally, a deed purporting to convey fee-simple or lesser definite estate in land, with covenants of general warranty of title or ownership, "estops" grantor from asserting after-acquired title to or interest in land as against grantee and those claiming under him. | It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lesser definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or the estate which the deed purports to convey, as against the grantee and those claiming under him. | Does a deed purporting to convey a fee simple in land containing covenants of general warranty operate to estop the grantor from asserting an after-acquired title or interest in the land? |
| 2264 | DMK Biodiesel v. McCoy, 285 Neb. 974, 980 (2013) | 9 | For purposes of a motion to dismiss for failure to state a claim, court generally must ignore materials outside the pleadings, but it may consider some materials that are part of public record or do not contradict complaint, as well as materials that are necessarily embraced by the pleadings. Neb. Ct. R. Pldg. S 6-1112(b)(6). | For purposes of a motion to dismiss, " 'the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.' " | "For purposes of a motion to dismiss for failure to state a claim, should a court generally ignore materials outside the pleadings?" |

| 2268 | City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App. 1992) | 1 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or trial; when case has not been disposed of within Supreme Court's time standard; and by court's inherent power to dismiss when case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4; Judicial Administration Rules, V.T.C.A., Government Code Title 2, Subtitle F App., Rule 6b(2). | A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or trial, rule 165a(1); (2) when the case has not been disposed of within the supreme court's time standards, rule 165a(2); and (3) by the court's inherent power to dismiss when the case has not been prosecuted with due diligence. | Can court dismiss case for want of prosecution when party fails to appear at hearing or at trial? |
| 2269 | Wilson v. Edwards, 202 So. 3d 275, 279 (Miss. Ct. App. 2016) | 3 | A trial court has the authority to dismiss a claim based on an indisputably meritless legal theory, as well as the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Miss. R. Civ. P. 12(b)(6). | A trial court has the authority to dismiss a claim based on an indisputably meritless legal theory, as well as the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id . | Does a trial court have the authority to dismiss a claim based on an indisputably meritless legal theory? |
| 2270 | Dinerman v. Jewish Bd. of Fam. & Children's Servs., Inc., 55 A.D.3d 530, 531, 865 N.Y.S.2d 133, 134 (2008) | 2 | While the allegations in the complaint are to be accepted as true when considering a motion to dismiss, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration. McKinney's CPLR 3211(a)(2, 7). | However, while the allegations in the complaint are to be accepted as true when considering a motion to dismiss (see Leon v. Martinez, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511), "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Garber v. Board of Trustees of State Univ. of N.Y., 38 A.D.3d 833, 834, 834 N.Y.S.2d 203, quoting Maas v. Cornell Univ., 94 N.Y.2d 87, 91, 699 N.Y.S.2d 716, 721 N.E.2d 966). | "While considering a motion to dismiss, factual claims flatly contradicted by indisputable documentary evidence are not entitled to accept as true, then can documentary evidence result in dismissal?" |
| 2271 | Ray v. Greer, 212 N.C.App. 358, 366–68 (N.C. App., 2011) | 12 | A trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order; the sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. | [A] trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order.  The sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. | "Can sanctions be entered for delay or violation of court order against either represented party or attorney, even when attorney is solely responsible for the delay or violation?" |
| 2272 | Armistead v. A.L.W. Grp., 155 S.W.3d 814, 816 (Mo. App. 2005) | 1 | A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, reviewing court accepts as true all well-pled allegations in the petition and liberally grants the plaintiff all reasonable inferences drawn therefrom. | A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, we accept as true all well-pled allegations in the petition and liberally grant the plaintiff all reasonable inferences drawn therefrom. | Is a motion to dismiss for failure to state a claim solely a test of the adequacy of a plaintiff's petition? |

| 2273 | Am. Bank & Tr. Co. of Pennsylvania v. Ritter, Todd & Haayen, 274 Pa. Super. 285, 288 (1980) | 2 | Test governing entry of judgment of non pros encompasses considerations of whether plaintiff's delay indicates that it has not prosecuted the matter with due diligence, and it must be shown that there was no justification or compelling reason for the delay and, the delay must cause prejudice to defendant. | The test governing the entry of a judgment of non pros encompasses three considerations. First, plaintiff's delay must indicate that it has not prosecuted the matter with due diligence. Second, it must be shown there was no justification or compelling reason for the delay. Third, the delay must cause prejudice to defendant. | Does test governing entry of judgment of non pros encompass considerations of whether plaintiff's delay indicate that it has not prosecuted the matter with due diligence? |
|---|---|---|---|---|---|
| 2276 | PNC Multifamily Capital Institutional Fund XXXIV Ltd. P'ship v. AOH-Regent Ltd. P'ship, 262 Or. App. 503, 513 (2014) | 5 | A court may consider whether to dismiss a complaint for lack of personal jurisdiction on the basis of facts drawn both from the complaint and matters outside the pleading, including affidavits, declarations and other evidence. Rules Civ.Proc., Rule 21. | A court may consider whether to **779 dismiss a complaint for lack of personal jurisdiction under ORCP 21 A(2) "on the basis of facts drawn both from the complaint and 'matters outside the pleading, including affidavits, declarations and other evidence.' " | Can a court consider whether to dismiss a complaint for lack of personal jurisdiction on the basis of facts drawn both from the complaint and matters outside the pleading? |
| 2278 | Brown v. Refuel Am., 186 N.C. App. 631, 634 (N.C. App. 2007) | 5 | Where a nonresident defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, the court will look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit in its determination of the issue. West's N.C.G.S.A. S 1-75.4(1)(d). | However, where the defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, the court will "look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit" in its determination of the issue. | "Where a defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, will the court look to the uncontroverted allegations in the complaint?" |
| 2280 | Hornstein v. Wolf, 109 A.D.2d 129, 131, 491 N.Y.S.2d 183, 186 (1985) | 1 | Unless motion to dismiss for failure to state a cause of action is converted by court to a motion for summary judgment, affidavits received on motion are not to be valid for purpose of determining whether there is evidentiary support for the pleading. | Initially, we note that unless a motion to dismiss for failure to state a cause of action is converted by the court to a motion for summary judgment, affidavits received on the motion are not to be examined for the purpose of determining whether there is evidentiary support for the pleading | "Unless a motion to dismiss for failure to state cause of action is converted by court to motion for summary judgment, are affidavits submitted in support of or in opposition to motion not to be examined?" |
| 2281 | Thacker v. Bartlett, 785 N.E.2d 621, 624 (Ind.App., 2003) | 7 | A dismissal for failure to state a claim is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Trial Procedure Rule 12(B)(6). | Therefore, a Trial Rule 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. | "Is a dismissal of a complaint for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the applicable rule?" |
| 2282 | Stein v. Asheville City Bd. of Educ., 168 N.C. App. 243, 249 (2005) | 2 | The legal import of the words "with prejudice" as applied to a judgment of dismissal is to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action. | "The legal import of the words 'with prejudice' as applied to a judgment of dismissal is to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action." | "Is the legal import of the words ""with prejudice"" as applied to a judgment of dismissal to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action?" |

| 2284 | League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755, 769 (C.D. Cal. 1995) | 15 | Because federal government bears exclusive responsibility for immigration matters, states can neither add to nor take from conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in United States. | Because the federal government bears the exclusive responsibility for immigration matters, the states "can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states." | can states add or take from the conditions lawfully imposed by Congress upon the residence of aliens in the United States? |
| --- | --- | --- | --- | --- | --- |
| 2285 | In re Strickland, No. 01-01-00972-CV, 2002 WL 58482, at *1 (Tex. App. Jan. 17, 2002) | 5 | A verified reinstatement motion filed within 30 days of dismissal extends plenary power for the same amount of time as would a properly filed new trial motion; the same is true of a prematurely filed, verified reinstatement motion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | A verified reinstatement motion filed within 30 days of dismissal extends plenary power for the same amount of time as would a properly filed new trial motion. TEX.R. CIV. P. 165a(3); McConnell, 800 S.W.2d at 194; Dardari v. Texas Commerce Nat'l Bank Ass'n, 961 S.W.2d 466, 469 (Tex.App.-Houston [1st Dist.] 1997, no writ). The same is true of a prematurely filed, verified reinstatement motion. | Does a verified reinstatement motion filed within 30 days of dismissal extend plenary power for the same amount of time as would a properly filed new trial motion? |
| 2287 | Caracci v. Edgar, 160 Ill. App. 3d 892, 897-98 (1987) | 8 | Exception to rule, that further proceedings after dismissal are, in general, unauthorized until dismissal is vacated and cause reinstated, arises where parties actively participate in further proceedings or party in whose favor dismissal was entered otherwise conducts himself in manner inconsistent with order of dismissal, thus nullifying order of dismissal and revesting trial court with jurisdiction. | Although further *898 proceedings after a dismissal are, in general, unauthorized until the dismissal is vacated and the cause reinstated, an exception arises where the parties actively participate in further proceedings or the party in whose favor dismissal was entered otherwise conducts himself in a manner inconsistent with the order of dismissal, thus nullifying the order of dismissal and revesting the trial court with jurisdiction. | Are further proceedings unauthorized until the judgment of dismissal is vacated and the cause reinstated? |
| 2288 | Lyons v. Pirello, 194 So. 2d 147, 150 (La. Ct. App. 1966) | 2 | Eligibility for benefits under workmen's compensation statute does not exist unless employee is injured in performance of work of hazardous nature and which forms a part of employer's regular trade, occupation or business. LSA-R.S. 23:1035. | Eligibility for benefits does not exist unless the employee is injured in the performance of work of a hazardous nature and which forms a part of the employer's regular trade, occupation or business. LSA-R.S. 23:1035; Shipp v. | "Can employees get compensation benefits if they are injured while doing work of a hazardous nature which is part of the employers regular trade, occupation, or business?" |
| 2289 | In re Y.M., 207 Cal. App. 4th 892, 908 (2012) | 7 | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Federal laws impose requirements on state dependency plans and recognizes "the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." | Are state courts the appropriate forum for child welfare determinations regarding neglect or abandonment of a child? |

| 2291 | In re Y.M., 207 Cal. App. 4th 892, 908 (2012) | 7 | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Federal law imposes requirements on state dependency plans and recognizes "the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." | Are state courts as the appropriate forum for child welfare determinations regarding a childs best interest? |
|------|-----------------------------------------------|---|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------|
| 2292 | In re Mario S., 38 Misc. 3d 444, 448, 954 N.Y.S.2d 843, 847–48 (Fam. Ct. 2012) | 1 | Federal law provides a path to lawful permanent residency in the United States to resident alien children who qualify for special immigrant juvenile (SIJ) status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | "Federal law provides a path to lawful permanent residency in the United States to resident alien children who qualify for special immigrant juvenile' (SIJ) status" **848 (In the Interest of J.J.X.C., 318 Ga.App. 420, 734 S.E.2d 120 [2012] ). | Does Federal law provide a path to lawful permanent residency in the United States to resident alien children who qualify for Special Immigrant Juvenile (SIJ) status? |
| 2293 | Arizona v. United States, 567 U.S. 387, 394–95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the power of the government over immigration rest on its power to control relations with foreign nations? |
| 2294 | Krell v. Silver, 2003 PA Super 27, ¶ 13 (2003) | 5 | Movant must establish three factors in order to have judgment of non pros opened: (1) petition to open must be promptly filed; (2) there must be reasonable explanation for delay that preceded entry of non pros judgment; and (3) there must exist facts that would support meritorious cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | [T]his Court held that a movant must establish three factors in order to have a judgment of non pros opened. First, the petition to open must be promptly filed; second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of non pros; and third, there must exist facts that would support a meritorious cause of action. | Should a movant establish three factors in order to have a judgment of non-pros opened? |
| 2297 | Murrell v. New York City Transit Auth., 260 A.D.2d 307, 307, 689 N.Y.S.2d 67, 68 (1999) | 1 | Party seeking to restore a case to the trial calendar following dismissal for abandonment must demonstrate that the case has merit, that a reasonable excuse for the delay exists, that there was no intent to abandon, and that there will be no prejudice to the non-moving party in the event the matter is restored. McKinney's CPLR 3404. | Once a case is dismissed pursuant to CPLR 3404, a party seeking to restore it to the trial calendar must demonstrate that the case has merit, that a reasonable excuse for the delay exists, that there was no intent to abandon and that there will be no prejudice to the non-moving party in the event the matter is restored | A party seeking to restore a case to the trial calendar after it has been dismissed as abandoned must demonstrate what? |

| 2298 | Rifkin v. Herman, 262 A.D.2d 389, 389–90 (N.Y.S.2d 1999) | 2 | Court has the discretionary power to restore an abandoned case if the movant establishes the merit of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party. McKinney's CPLR 3404. | The court has the discretionary power to restore the case if the movant establishes the merit of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party | Does a court have the discretionary power to restore an abandoned case if the movant establishes the merit of the cause of action and a reasonable excuse for the delay? |
| 2300 | Koch v. Lavorne, 699 So. 2d 164, 166 (Ala. Civ. App. 1997) | 3 | Dismissal of party's case and subsequent refusal to set aside dismissal for want of prosecution rests largely within sound discretion of trial court. | "[T]he dismissal of a party's case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court." | Does the dismissal of a party's case and subsequent refusal to set aside dismissal for want of prosecution rest largely within the sound discretion of a trial court? |
| 2302 | Winn v. Armour & Co., 184 Ga. 769, 772, 193 S.E. 447, 449 (1937 | 6 | The dismissal of an action for want of prosecution does not dismiss issues raised by cross-petition filed by defendant seeking equitable relief, even though relief sought affects codefendants. | Dismissal of an action for want of prosecution, where the defendant has filed a cross-action seeking equitable relief, does not dismiss the issues raised by the cross-petition. This is true where the relief sought affects codefendants in the proceeding. | "Does the dismissal of an action for want of prosecution not dismiss issues raised by cross-petition filed by a defendant seeking equitable relief, even though the relief sought affects codefendants?" |
| 2303 | Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334, 336, 908 N.E.2d 163, 167 (2009) | 4 | While a trial court should not grant a motion to dismiss based on certain defects or defenses unless it is clear that there is no way a plaintiff may recover, dismissing a cause pursuant to such a motion efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. S.H.A. 735 ILCS 5/2-619. | While a trial court should not grant such a motion unless it is clear that there is no way a plaintiff may recover (see Ostendorf v. International Harvester Co., 89 Ill.2d 273, 280, 60 Ill.Dec. 456,433 N.E.2d 253 (1982)), dismissing a cause pursuant to section 2-619 efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. | Will a court grant a motion to dismiss based on certain defects or defenses? |
| 2304 | Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (N.J.Super.A.D.,2007) | 2 | The right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to dismissal for lack of prosecution even if the application is made many months later. Rule 1:13-7(a). | Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." | Is the right to reinstatement ordinarily routinely and freely granted when a plaintiff has cured the problem that led to the dismissal? |
| 2305 | United States v. Fleming, 671 F.2d 1002, 1003 (C.A.7 (Ill.), 1982) | 1 | Reviewing court may not change or reduce sentence imposed within applicable statutory limits on ground that sentence was too severe unless trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence. | A reviewing court may not change or reduce a sentence imposed within applicable statutory limits on the ground that the sentence was too severe unless the trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence. | Can the court change or reduce a sentence imposed with the applicable statutory limits on the grounds that the sentence was too severe? |

| 2306 | U.S. v. Taylor, 569 F.3d 742, 746 (C.A.7 (Ill.),2009) | 1 | Double Jeopardy Clause of the United States Constitution bars a defendant's retrial unless the district court declared a mistrial either (1) with the defendant's consent, or (2) because the declaration was manifestly necessary. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause of the United States Constitution bars a defendant's retrial unless the district court declared a mistrial either (1) with the defendant's consent, or (2) because the declaration was manifestly necessary. | Does the Double Jeopardy Clause of the United States Constitution bar a defendant's retrial unless the district court declared a mistrial? |
|------|------|---|------|------|------|
| 2308 | Fico v. Health Ins. Plan of Greater New York, 248 A.D.2d 432, 433, 669 N.Y.S.2d 380, 381 (1998) | 1 | Party seeking to restore case to trial calendar after it has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar; all four components of test must be satisfied before dismissal can be properly vacated. McKinney's CPLR 3404. | "A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (Civello v. Grossman, 192 A.D.2d 636, 596 N.Y.S.2d 464). The moving party must satisfy all four components of the test before the dismissal can be properly vacated (see, Roland v. Napolitano, 209 A.D.2d 501, 619 N.Y.S.2d 77). | Should a party seeking to restore a case to a trial calendar after it has been dismissed demonstrate the merits of a case? |
| 2310 | Town of Micanopy v. Connell, 304 So. 2d 478, 479-480 (Fla.App. 1 Dist., 1974) | 1 | Rule which provides that leave to amend a pleading shall be freely given when justice so requires is interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless it is clear that a plaintiff will not be able to state a cause of action. 30 West's F.S.A. Rules of Civil Procedure, rule 1.190. | Rule 1.190, F.R.C.P., provides that leave to amend a pleading shall be freely given when justice so requires. This is generally interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless, of course, it is clear that a plaintiff will not be able to state a cause of action. | Does the rule require leave to amend to be freely given when justice requires? |
| 2311 | Nevada Interstate Properties Corp. v. City of West Palm Beach, 747 So.2d 447, 448 (Fla.App. 4 Dist.,1999) | 3 | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | It is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice for failure to state a cause of action not be ordered without giving the party offering the defective pleading an opportunity to amend? |
| 2312 | People v. Kruger, 2015 IL App (4th) 131080, ¶ 11 (Ill.App. 4 Dist.,2015) | 4 | A trial court may dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within a reasonable period of time. | Moreover, as previously stated, this court has held a trial court may dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within "a reasonable period of time." | Can a court dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within a reasonable period of time? |

| 2313 | Hollander v. Nance, 888 So. 2d 1275, 1277-78 (Ala. Civ. App. 2004) | 1 | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | "The dismissal of a civil action for want of prosecution because of the plaintiff's *1278 failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power." | Will the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial be reversed? |
|---|---|---|---|---|---|
| 2315 | State v. Murphy, 545 N.W.2d 909, 916 (Minn., 1996) | 3 | Interpreting terroristic threats statute to limit reach of statute to oral or written threats would lead to absurd result and allow one to terrorize another if terrorist were clever enough to make threats without recourse to spoken or written word. M.S.A. S 609.713, subd. 1. | We also reject Murphy's interpretation of the terroristic threats statute because limiting the reach of the statute to oral or written threats would lead to an absurd result. It would allow one to terrorize another if the terrorist were clever enough to make threats without recourse to the spoken or written word. | What would limiting the reach of the terroristic threats statute to oral and written threats lead to? |
| 2316 | Com. v. Balog, 395 Pa. Super. 158, 168 (1990) | 10 | If conduct of defense witness is intentionally designed to provoke successful mistrial request by Commonwealth, in order to secure a more favorable outcome, retrial is not barred. | Similarly, if the conduct of a defense witness is intentionally designed to provoke a successful mistrial request by the Commonwealth in order to secure a more favorable outcome, then retrial is not barred. | "If the conduct of a defense witness is intentionally designed to provoke a successful mistrial request by a Commonwealth, in order to secure a more favorable outcome, is retrial not barred?" |
| 2318 | U.S. v. Higgins, 75 F.3d 332, 333 (C.A.7 (Ill.),1996) | 2 | Defendants who request mistrial relinquish their entitlement to verdict by jury then impaneled and may not use double jeopardy clause to avoid second trial; but if prosecutor deliberately introduces error in order to provoke mistrial request and rescue trial going badly, Constitution treats matters as if mistrial had been declared on prosecutor's initiative. U.S.C.A. Const.Amend. 5. | Defendants who request a mistrial relinquish their entitlement to a verdict by the jury then impaneled and may not use the double jeopardy clause to avoid a second trial. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). But if the prosecutor deliberately introduces error in order to provoke a mistrial request and rescue a trial going badly, the Constitution treats matters as if the mistrial had been declared on the prosecutor's initiative. | Do defendants who request mistrial relinquish their entitlement to a verdict by a jury then impaneled and may not use a double jeopardy clause to avoid a second trial? |
| 2320 | Johnson v. State, 138 Md. App. 539, 553 (2001) | 3 | Neither party has a right to have his case decided by a jury which may be tainted by bias, and in these circumstances, the public's interest in fair trials designed to end in just judgments must prevail over the defendant's valued right to have his trial concluded by the first jury impaneled. | Neither party has a right to have his case decided by a jury which may be tainted by bias; and in these circumstances, "the public's interest in fair trials designed to end in just judgements" must prevail over the defendant's "valued right" to have his trial concluded by the first jury impaneled. | Does neither party have a right to have his case decided by a jury which may be tainted by bias? |
| 2322 | Com. v. Ellis, 432 Mass. 746, 752 (2000) | 6 | Absent evidence that the judge acted in bad faith, alleged judicial errors giving rise to a mistrial do not support a claim of double jeopardy. U.S.C.A. Const.Amend. 5. | Absent evidence that the judge acted in bad faith, alleged judicial errors giving rise to a mistrial do not support a claim of double jeopardy. | "Absent evidence that the judge acted in bad faith, do alleged judicial errors giving rise to a mistrial not support a claim of double jeopardy?" |

| 2323 | United States v. Gallagher, 743 F. Supp. 745, 746 (D.Or., 1990) | 1 | Double jeopardy provision of Fifth Amendment bars retrial of criminal defendant after mistrial is granted over objection of defense unless there is "manifest necessity" for mistrial. U.S.C.A. Const.Amend. 5. | The double jeopardy provision of the fifth amendment bars retrial of a criminal defendant after a mistrial is granted over the objection of the defense, unless there is "manifest necessity" for the mistrial. | "Does the double jeopardy provision of the Fifth Amendment bar retrial of a criminal defendant after a mistrial is granted over objection of a defense unless there is a ""manifest necessity"" for mistrial?" |
| 2324 | Jordan v. O'Dwyer, 152 A.D.2d 671, 671 (N.Y.S.2d Sup. Ct. 1989) | 1 | Unlike situation in which criminal trial has resulted in judgment of acquittal, retrial of indictment is not automatically barred where merits of charge against defendant have not been finally resolved. U.S.C.A. Const.Amend. 5. | Unlike the situation in which a criminal trial has resulted in a judgment of acquittal, retrial of an indictment is not automatically barred where the merits of the charges against the defendant have not been finally resolved | "Unlike situation in which criminal trial has resulted in judgment of acquittal, is a retrial of indictment not automatically barred where merits of a charge against defendant have not been finally resolved?" |
| 2325 | Deal v. Consumer Programs, 470 F.3d 1225, 1233 (8th Cir. 2006) | 14 | Under Missouri law, waiver is the intentional relinquishment of a known right; to rise to level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible. | Under Missouri law, "[w]aiver is the intentional relinquishment of a known right." Thompson v. Chase Manhattan Mortg. Corp., 90 S.W.3d 194, 207 (Mo.Ct.App.2002) (citation omitted). "To rise to the level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible. | "To rise to the level of waiver, should conduct be so manifestly consistent with an intention to renounce a right that no other reasonable explanation is possible?" |
| 2326 | Knight v. Chicago Corp., 183 S.W.2d 666, 670 (Tex. Civ. App. 1944) | 5 | An "undivided interest" in a mineral lease is an undivided percentage of the working interest, which differs from "oil payment" or "overriding royalty" in that it is chargeable with the pro tanto share of the cost of development and production. | The interest commonly spoken of as an 'undivided interest' is an undivided percentage of the working interest, which differs from the oil payment or the overriding royalty in that it is chargeable with its pro tanto share of the cost of development and production.' | "Is an undivided interest an undivided percentage of the working interest, which differs from the oil payment or the overriding royalty in that it is chargeable with its pro tanto share of the cost of development and production?" |
| 2327 | Nivens on Behalf of Nivens v. Chestnut Hill Hosp., 373 Pa. Super. 377, 379 (Pa.Super., 1988) | 1 | Before court may open non pros judgment, party seeking vacation must demonstrate that: petition to open was timely filed, default which occasioned entry of judgment can be reasonably explained, and facts constituting grounds for cause of action are alleged. | However, before a court may open a judgment, the party seeking vacation **366 must demonstrate that: (1) the petition to open was timely filed; (2) the default which occasioned the entry of judgment can be reasonably explained; and (3) the facts constituting grounds for a cause of action are alleged. | "Before a court can open a non pros judgment, what should a party seeking vacation demonstrate?" |

| 2329 | Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439, 453 (2010) | 11 | Unless the case is being kept alive by some other means, such as other parties or other still unresolved claims, a dismissal of a pleading without the magic words "with leave to amend" closes the case finally and there is, therefore, nothing to amend. Md.Rule 2-322. | By contrast, unless the case is being kept alive by some other means, such as other parties or other still unresolved claims, a dismissal without the magic words "with leave to amend" closes the case finally and there is, therefore, nothing to amend. | "Unless the case is being kept alive by some other means, does a dismissal without the magic words ""with leave to amend"" close the case finally?" |
|------|---------|-----|---------|---------|---------|
| 2331 | Doctor's Assocs. v. Stuart, 85 F.3d 975, 979 (2d Cir. 1996) | 1 | When party agrees to arbitrate in state where Federal Arbitration Act makes such agreements specifically enforceable, that party must be deemed to have consented to jurisdiction of court that could compel the arbitration proceeding in that state. 9 U.S.C.A. S 1 et seq. | When a party agrees "to arbitrate in [a state], where the [Federal Arbitration Act] makes such agreements specifically enforceable, [that party] must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in [that state]. | "When a party agrees to arbitrate in a state where Federal Arbitration Act (FAA) makes such an agreement specifically enforceable, can that party be deemed to have consented to the jurisdiction of that court?" |
| 2332 | Sunskar Ltd. v. CDII Trading, 828 F. Supp. 2d 604, 615 (S.D.N.Y. 2011) | 4 | When a party agrees to arbitrate in a state, where the Federal Arbitration Act (FAA) makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state. 9 U.S.C.A. S 1 et seq. | But, "[w]hen a party agrees to arbitrate in a state, where [FAA] makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state." | "When a party agrees to arbitrate in a state where Federal Arbitration Act (FAA) makes such an agreement specifically enforceable, can that party be deemed to have consented to the jurisdiction of that court?" |
| 2333 | People v. Blue, 207 Ill. 2d 542, 549 (2003) | 4 | It does not violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant's sentence for a previous conviction. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | This does not mean, however, that "the double jeopardy clause * * * prevent[s] a state from selecting a penalty independently for each crime a person commits." Nor does it violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant's sentence for a previous conviction. | Does it violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant sentence for a previous conviction? |
| 2334 | State v. McCoin, 190 Or. App. 532, 540 (2003) | 5 | Double jeopardy precludes the multiple use of the same facts to prove an element of an offense and to enhance the defendant's sentence for that offense only if the legislature intended to prohibit such double usage. U.S.C.A. Const.Amend. 5; West's Or.Const. Art. 1, S 12. | In other words, double jeopardy precludes the multiple use of the same facts to prove an element of the current offense and to enhance the defendant's sentence for that offense only if the legislature intended to prohibit such double usage. | Does double jeopardy preclude the multiple use of the same facts to prove an element of an offense and to enhance the defendant sentence for that offense only if the legislature intended to prohibit such double usage? |

| | | | | | |
|---|---|---|---|---|---|
| 2335 | City of Brunswick v. Taylor, 87 Ga. App. 751, 753 (1953) | 3 | In either workmen's compensation cases or master-and-servant cases generally, the test as to who is the manager or employer is determined by the facts that special master must have complete control and direction of servant for the occasion, that general master must have no such control, and that hirer must have exclusive right to discharge servant and put another in his place, or put him to other work. | The test as to who is the manager or employer is the same in workmen's compensation cases as in master-and-servant cases generally, and is determined by the facts that the special master (1) must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the hirer must have exclusive right to discharge the servant, and (4) to put another in his place, or (5) to put him to other work. | Are the tests for determining who is the employer the same in workmens compensation cases as in master-servant cases? |
| 2336 | State v. Michael J., 274 Conn. 321, 344–45 (2005) | 9 | As a general rule, the double jeopardy clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading the court to declare a mistrial. U.S.C.A. Const.Amend. 5. | As a general rule, however, the double jeopardy clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading the court to declare a mistrial. | Does the double jeopardy clause impose limitation upon the power of the government to retry a defendant who has succeeded in persuading the court to declare a mistrial? |
| 2337 | State v. Liberatore, 4 Ohio St. 3d 13, 14 (1983) | 1 | Where successive prosecutions are at stake, double jeopardy guarantee serves constitutional policy of finality for defendant's benefit; furthermore, that policy protects accused from attempts to relitigate facts underlying prior acquittal. U.S.C.A. Const.Amends. 5, 14. | Where successive prosecutions are at stake, the double jeopardy guarantee serves "a constitutional policy of finality for the defendant's benefit."  United States v. Jorn (1971), 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543. That policy protects the accused from attempts to relitigate facts underlying a prior acquittal. | "Where successive prosecutions are at stake, does the guarantee against double jeopardy serve a constitutional policy of finality for the defendant's benefit?" |
| 2338 | State v. Musselman, 667 P.2d 1061, 1065 (Utah, 1983) | 5 | Once a criminal charge has resulted in an acquittal by trier of fact, prohibition against double jeopardy prevents that determination from ever again being challenged; it is of no consequence that determination was made as matter of law by directed verdict of acquittal, or as matter of fact by trier of fact. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | Once a criminal charge has resulted in an acquittal by the trier of fact, the prohibition against double jeopardy prevents that determination from ever again being challenged. It is of no consequence that the determination was made as a matter of law by a directed verdict of acquittal, 2 or as a matter of fact by the trier of fact. | "Once a criminal charge has resulted in an acquittal by trier of fact, does prohibition against double jeopardy prevent that determination from ever again being challenged?" |
| 2339 | U.S. v. Sanders, 591 F.2d 1293, 1296 (C.A.Mont., 1979) | 3 | A defendant may not be reprosecuted for the same crime after an acquittal, but in some instances a court may have to discharge a jury before it makes a decision on guilt or innocence; discharge in such cases will not necessarily operate to the defendant's disadvantage, and may even be at his behest. U.S.C.A.Const. Amend. 5. | A defendant clearly may not be reprosecuted for the same crime after an acquittal. Benton v. Maryland, 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In some instances, however, a court may have to discharge a jury before it makes a decision on guilt or innocence. Discharge in such cases will not necessarily operate to the defendant's disadvantage, and may even be at the defendant's behest. | "Can a defendant not be reprosecuted for the same crime after an acquittal, but in some instances a court may have to discharge a jury before it makes a decision on guilt or innocence?" |

| 2343 | Parce v. Byrd, 533 So. 2d 812, 814 (Fla.App. 5 Dist., 1988) | 2 | If jury is discharged before reaching verdict for legally insufficient reasons and without defendant's consent, such discharge is equivalent to acquittal and precludes subsequent trial for same offense. U.S.C.A. Const.Amend. 5. | If a jury is discharged before reaching a verdict for legally insufficient reasons and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. | "If jury is discharged before reaching verdict for legally insufficient reasons and without defendant's consent, is such discharge equivalent to acquittal and precludes subsequent trial for a same offense?" |
| 2345 | Clukey v. State, 160 Me. 198, 199-200 (1964) | 1 | Conditions which will warrant discharge of jury and which, if they appear of record, will bar plea of former jeopardy are: (1) consent of respondent; (2) illness of court, member of jury, or respondent; (3) absenting from trial of member of panel or respondent; (4) where term of court is fixed in duration and ends before verdict; and (5) where jury cannot agree. | Certain conditions, if arising in the trial of a case, have come to be well recognized as constituting that 'urgent necessity' which will warrant the discharge of a jury, and, if they appear of record, *200 will bar a plea of former jeopardy: (1) The consent of the respondent; (2) illness of the court, a member of the jury, or the respondent, (3) absenting from the trial of a member of the panel or of the respondent; (4) where the term of court is fixed in duration and ends before verdict (5) where the jury cannot agree. | What are conditions which will warrant discharge of a jury and bar a plea of former jeopardy? |
| 2346 | U. S. v. King, 713 F.Supp.2d 1207, 1218 (D.Hawai i,2010) | 8 | Although the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, where there has been no prior conviction or acquittal, it does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed. U.S.C.A. Const.Amend. 5. | However, the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, Davenport, 519 F.3d at 943, "[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." | "Although the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, does it not protect against simultaneous prosecutions for the same offense?" |
| 2348 | Tyska by Tyska v. Bd. of Educ. Twp. High Sch. Dist. 214, Cook Cty., 117 Ill. App. 3d 917, 927 (1983) | 20 | Board of education in exercise of its discretionary powers may discontinue or abandon use of public school within boundaries of its jurisdiction and assign students thereof to other schools in school system; board must be able to act in reasonable manner consistent with public interest. | A board of education in the exercise of its discretionary powers may discontinue **1354 ***219 or abandon the use of a public school within the boundaries of its jurisdiction and assign the students thereof to other schools in the school system; the board must be able to act in a reasonable manner consistent with the public interest. | Does a board of education have the power to discontinue the use of a public school? |

| 2349 | In re Frankum, 399 B.R. 498, 505 (E.D. Ark. 2009) | 15 | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest, (2) the party seeking subrogation must not have acted as a volunteer, (3) the party seeking subrogation must not have been primarily liable for the debt, (4) the party seeking subrogation must have paid off the entire debt, and (5) subrogation must not work injustice to the rights of others. | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest; (2) the party seeking subrogation must not have acted as a volunteer; (3) the party seeking subrogation must not have been primarily liable for the debt; (4) the party seeking subrogation must have paid off the entire debt; and (5) subrogation must not work injustice to the rights of others. | What criteria must be met to invoke the doctrine of equitable subrogation? |
| 2351 | Endless Ocean, LLC v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587, 588, 979 N.Y.S.2d 84, 87 (2014) | 2 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law" | Can a motion to dismiss a complaint on the ground of payment be granted where the documentary evidence establishes the defense of payment as a matter of law? |
| 2352 | Casstevens v. Smith, 269 S.W.3d 222, 227 (Tex. App. 2008) | 2 | Equitable subrogation applies in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Equitable subrogation applies "in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | "Does equitable subrogation apply in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter?" |
| 2353 | RLI Ins. Co. v. New York State Dep't of Lab., 97 N.Y.2d 256, 265 (2002) | 13 | A surety who completes work on a construction project after a default by the contractor succeeds under equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished. | Further, this Court has long held that a completing surety succeeds under equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished | Does a surety who completes work on a construction project after a default by the contractor succeed under equitable subrogation principles to all rights that the oblige or owner against the contractor? |
| 2355 | People v. Peace, 48 Mich. App. 79, 83 (1973) | 3 | Statutory scheme of imposing different maximum sentences for crime of forging or uttering and publishing different classes of documents or instruments does not violate equal protection of the law. M.C.L.A. SS 750.248, 750.253; U.S.C.A.Const. Amend. 14; M.C.L.A.Const.1963, art. 1, S 2. | We find Brooks decisional and likewise hold that the statutory scheme of imposing different maximum sentences for the crime of forging or uttering and publishing different classes of documents or instruments does not violate the equal protection of the law. | Does the statutory scheme of imposing different maximum sentences for the crime of forging or uttering and publishing a forged instrument violate equal protection of the law? |

| 2356 | State Bar of California v. Statile, 168 Cal. App. 4th 650, 662 (2008) | 5 | Subrogation is a substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities. | Stated another way, it is a substitution of one person in place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities." | "Is subrogation a substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities?" |
|---|---|---|---|---|---|
| 2357 | Erie Ins. Co. v. George, 681 N.E.2d 183, 186 (1997) | 2 | "Subrogation " is doctrine of equity that applies whenever party, not acting as volunteer, pays debt of another that, in good conscience, should have been paid by one primarily liable. | Subrogation is a doctrine of equity long recognized in Indiana. It applies whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable. | "Does subrogation apply whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable?" |
| 2358 | Thompson v. Int'l Bus. Machines Corp., 870 F. Supp. 541, 542 (S.D.N.Y., 1994) | 1 | Under New York law, employer responsibility for industrial accidents is basically governed by no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of risk of tort damage suits. | Employer responsibility for industrial accidents in New York as in virtually all other states is basically governed by a no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of the risk of tort damage suits. | Is an employer's responsibility for industrial accidents governed by the no-fault workers' compensation system? |
| 2361 | Kedzie & 103rd Currency Exch., Inc. v. Hodge, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993) | 2 | Phrase "affirmative matter" in statute, permitting dismissal on ground that claim asserted against defendant is barred by other "affirmative matter" avoiding the legal effect of or defeating the claim, encompasses any defense other than negation of essential allegations of plaintiff's cause of action and for this reason, such a motion admits legal sufficiency of plaintiff's cause of action much in the same way that motion to dismiss based upon defects in pleadings admits complaint's well-pleaded facts. Ill.Rev.Stat.1989, ch. 110, P 2-615, 2-619(a)(9). | Subsection (a)(9), upon which Hodge's motion specifically was based, permits dismissal where "the claim asserted * * * is barred by other affirmative matter avoiding the legal effect of or defeating the claim." Ill.Rev.Stat.1989, ch. 110, par. 2–619(a)(9). The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. (See 4 R. Michael, Illinois Practice § 41.7 (1989).) For that reason, it is recognized that a section 2–619(a)(9) motion to dismiss admits the legal sufficiency of the plaintiff's cause of action much in the same way that a section 2–615 motion to dismiss admits a complaint's well-pleaded facts. | Will an affirmative matter encompass any defense other than a negation of the essential allegation of the plaintiff cause of action? |

| 2363 | United States v. Aguiar, 610 F.2d 1296, 1301 (5th Cir. 1980) | 1 | Once jeopardy attaches, criminal defendant normally will not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time; exception to that rule is made if defendant consents to a retrial or if retrial before new jury is mandated by some form of manifest necessity. | Once jeopardy attaches, as it did for Virgen Palenzuela when the jury was sworn to try this case, Illinois v. Somerville, 410 U.S. 458, 467-68, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), a criminal defendant normally will not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time, Arizona v. Washington, 434 U.S. 497, 503, 504, 98 S.Ct. 824, 829-30, 54 L.Ed.2d 717 (1978); Wade v. Hunter, 336 U.S. 684, 688-90, 69 S.Ct. 834, 93 L.Ed. 974 (1949). An exception to this rule is made if the defendant consents to a retrial, United States v. Kessler, 530 F.2d 1246, 1255 (5th Cir. 1976) or if a retrial before a new jury is mandated by some form of manifest necessity, United States v. Kin Ping Cheung, 485 F.2d 689, 690-91 (5th Cir. 1973) | "Once jeopardy attaches, will a criminal defendant normally not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time?  " |
| 2364 | Green Tree Servicing v. U.S. Bank Nat'l Ass'n, N.D., 192 P.3d 1014, 1020 (Colo. App. 2007) | 8 | Five factors are conditions precedent to the application of equitable subrogation in the mortgage context: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder; those five factors are, however, invoked only within the overall context of equity and the specific facts of each case such that, even if they are satisfied, the court then considers whether the party seeking subrogation acted with knowledge, negligence, or a degree of sophistication such that application of the doctrine would be inequitable. | Five factors are conditions precedent to the application of equitable subrogation: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder. These five factors are, however, "invoked only within the overall context of equity and the specific facts of each case." Thus, even if these elements are satisfied, the court then considers whether the party seeking subrogation acted with knowledge, negligence, or a degree of sophistication such that application of the doctrine would be inequitable. | What are the five conditions precedent to the application of equitable subrogation? |

| 2365 | Parisi v. Goldman, Sachs & Co., 710 F.3d 483, 487 (C.A.2 (N.Y.), 2013) | 6 | Even claims arising under a statute designed to further important social policies may be arbitrated, because so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function. | Moreover, even claims arising under a statute designed to further important social policies may be arbitrated because "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." Gilmer, 500 U.S. | Can claims arising under a statute designed to further important social policies be arbitrated? |
| 2366 | Home Ins. Co. v. Mississippi Ins. Guar. Ass'n., 904 So. 2d 95, 96 (Miss. 2004) | 4 | "Subrogation" is the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor. | Black's Law Dictionary defines "subrogation" as: "The substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." | "Is subrogation the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor?" |
| 2368 | Shams v. Hassan, 829 N.W.2d 848, 853 (Iowa, 2013) | 3 | Unlike other grounds for dismissal, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | Unlike other grounds for dismissal, however, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | "Unlike other grounds for dismissal, must a court considering a motion to dismiss for lack of personal jurisdiction make factual findings to determine whether it has personal jurisdiction over the defendant?" |
| 2369 | Rinn v. First Union Nat. Bank of Maryland, 176 B.R. 401, 407 (D.Md., 1995) | 6 | Subrogation is intended to provide relief against loss to meritorious creditor who had paid debt of another, and to obtain equitable adjustment between parties by securing ultimate discharge of debt by person who in equity ought to pay it. | Subrogation is intended to provide relief against loss to a meritorious creditor who has paid the debt of another, Bachmann v. Glazer, 316 Md. 405, 559 A.2d 365, 368 (1989), and to obtain an equitable adjustment between parties "by securing the ultimate discharge of a debt by the person who in equity ought to pay it." | Is the doctrine of equitable subrogation intended to provide relief against loss to a meritorious creditor who has paid debt of another? |
| 2370 | Baker v. Felker, 952 S.W.2d 743, 745 (Mo. App. 1997) | 1 | Trial court has inherent power, in the exercise of sound judicial discretion, to dismiss case for failure to prosecute with due diligence, and dismissal on that ground will not be disturbed on appeal unless such discretion is abused. | A trial court has the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion is abused. | "Does the court have inherent power, in the exercise of sound judicial discretion; to dismiss case for failure to prosecute with due diligence? " |
| 2371 | Williams v. Curtiss-Wright Corp., 694 F.2d 300, 304 (3d Cir. 1982) | 4 | Act of state doctrine should not be applied to thwart legitimate American regulatory goals in absence of showing that adjudication may hinder international relations.1 | The act of state doctrine should not be applied to thwart legitimate American regulatory goals in the absence of a showing that adjudication may hinder international relations. | Should the act of state doctrine be applied to thwart legitimate American regulatory goals in absence of showing that adjudication may hinder international relations? |

| 2374 | In re Hutchins, 400 B.R. 403, 413 (D.Vt. 2009) | 10 | Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim, or fiduciary relationship with the debtor, (2) the party pays to fulfill a legal duty or because of public policy, (3) the paying party is a secondary debtor, (4) the paying party is a surety, or (5) the party pays to protect its own rights or property. | This Court has had occasion to address this principle and explained it as follows: Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim or fiduciary relationship with the debtor; (2) the party pays to fulfill a legal duty or because of public policy; (3) the paying party is a secondary debtor; (4) the paying party is a surety; or (5) the party pays to protect its own rights or property. | When does equitable subrogation arise in equity to prevent fraud or injustice? |
| 2375 | U.S. v. Lazarenko, 504 F.Supp.2d 791, 801 (N.D.Cal.,2007) | 9 | "Act of state doctrine," which is rooted in separation of powers principles, prevents courts of one country from sitting in judgment on acts of government of another, done within its own territory. | The act of state doctrine, which is rooted in separation of powers principles, prevents the courts of one country from sitting in judgment on the acts of the government of another, done within its own territory. | "Does the act of state doctrine prevent courts of one country from sitting in judgment on acts of government of another, done within its own territory?" |
| 2376 | Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56, 91 (Tex. App. 2004) | 40 | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make; the purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make. The purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make?" |
| 2377 | Jackson v. Joyner, 309 S.W.3d 910, 915 (Tenn. Ct. App. 2009) | 2 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Rather, a motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. Id. It essentially substitutes for an evidentiary objection which may be made at trial. Id. A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy? |
| 2378 | Swarey v. Stephenson, 222 Md. App. 65, 104-105 (2015) | 37 | When a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment. | Indeed, "[w]hen a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or *105 hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment." | "When a motion to dismiss is based upon lack of jurisdiction, can the court consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment?" |

| 2379 | Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wash.App. 474, 494 (Wash.App. Div. 1, 2011) | 18 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property (Mortgages) S 7.6. | Prestance, 160 Wash.2d at 564-65, 160 P.3d 17. "As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt." Bank of America, 126 Wash.App. at 714, 109 P.3d 863. In Prestance, our Supreme Court adopted the definition of "equitable subrogation" from **847 Restatement (Third) of Property: Mortgages 7.6 (1997). | Is subrogation an equitable remedy designed to avoid one person receiving an unearned windfall? |
| 2380 | State v. Thrunk, 157 N.J. Super. 265, 272 (1978) | 5 | In order that an alteration may constitute forgery it is essential that it be material; a "material alteration" of an instrument within meaning of rule is one which makes it speak a language different in legal effect from that which it originally spoke, or which carries with it some change in rights, interests or obligations of parties to the writing. | In order that an alteration may constitute forgery it is essential that it be material. A material alteration of an instrument within the meaning of the rule is one which makes it speak a language different in legal effect from that which it originally spoke, or which carries with it some change in the rights, interests, or obligations of the parties to the writing. | What is a material alteration that constitute forgery? |
| 2381 | Dean Witter Reynolds v. McCoy, 995 F.2d 649, 650 (6th Cir. 1993) | 1 | Where parties agree to submit any conflicts, breaches or other grievances arising under contract to arbitrator, they are bound by that agreement, and party may not unilaterally decide, at the last minute, that it would prefer to take the disputed matter to court. | Where parties agree to submit any conflicts, breaches or other grievances arising under a contract to an arbitrator, they are, naturally enough, bound by that agreement, and a party may not unilaterally decide, at the last minute, that it would prefer to take the disputed matter to court. | "Can a party who has agreed to arbitration, unilaterally decide to take the disputed matter to court?" |
| 2382 | Gilliam v. Ordiway, 147 F.Supp.3d 664, 668 (Mich. 2015) | 1 | Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm, which is defamation per se, or the existence of special harm caused by publication. | Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. | What are the essential elements of a defamation? |

| 2383 | Farmers Co-op. Exch. v. Trull, 255 N.C. 202, 204 (1961) | 2 | A motion by a defendant for removal of case from superior court of one county to superior court of another county for trial to promote convenience of witnesses and ends of justice, presents a question of venue, not jurisdiction, and is within sound discretion of trial judge, and is not subject to review except for manifest abuse of discretion. G.S. S 1-83, subd. 2. | Defendant's motion for the removal of the case from Wake County superior court to the superior court of Union County for trial to promote the convenience of witnesses and the ends of justice, made pursuant to the provisions of G.S. s 1-83, subd. 2, presents a question of venue, not jurisdiction, is within the sound discretion of the trial judge, and is not subject to review except for manifest abuse of such discretion. | Who decides questions of venue? |
|---|---|---|---|---|---|
| 2384 | Bd. of Sup'rs of Middle Paxton Twp. v. Dep't of Envtl. Res., 669 A.2d 418, 421 (Pa. 1995) | 2 | In order for result of deemed approval to occur from failure of Department of Environmental Resources (DER) to act within statutorily prescribed time period, there must be explicit language in statute providing for deemed approval. | In order for the result of deemed approval to occur from the Department's failure to act within a statutorily prescribed time period, there must be explicit language in the statute providing for deemed approval. | When can the Department of Environmental Resources (DER)s failure to act within a statutorily prescribed time period be considered a deemed approval? |
| 2385 | Drager by Gutzman v. Aluminum Indus. Corp., 495 N.W.2d 879, 887 (Minn. App. 1993) | 15 | To determine whether manufacturer has duty to warn, court goes to event causing damage and looks back to alleged negligent act; if connection is too remote to impose liability as matter of public policy, courts then hold there is no duty and consequently no liability, but if consequence is direct and is type of occurrence that was or should have been reasonably foreseeable, courts then hold as matter of law duty exists. | To determine whether a manufacturer has a duty to warn, this court goes to the event causing the damage and looks back to the alleged negligent act. If the connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty, and consequently no liability. On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists. | Is the manufacturer held liable in a product liability action if the connection between the danger and the alleged negligent act is too remote? |
| 2386 | CECOS Internatl., Inc. v. Shank, 79 Ohio App. 3d 1, 6, 606 N.E.2d 973, 977 (1992) | 1 | In de novo hearing, Environmental Board of Review (EBR) does not stand in place of Director of Environmental Protection Agency (EPA) and may not substitute its judgment for that of director as to factual issues, but may consider only whether director's actions were unreasonable or unlawful. | In the de novo hearing, the EBR does not stand in the place of the Director of the EPA and may not substitute its judgment for that of the director as to factual issues, but may consider only whether the director's actions were unreasonable or unlawful. | Can the Environmental Board of Review (EBR) substitute its judgment for that of the Director of the Environmental Protection Agency (EPA) as to factual issues in de novo hearings? |
| 2387 | Redevelopment Auth. of Oil City v. Woodring, 498 Pa. 180, 186 (Pa., 1982) | 2 | Police power involves regulation of property to promote health, safety and general welfare, and its exercise requires no compensation to property owner even if there is actual taking or destruction of property, while "eminent domain" is power to take property for public use, and compensation must be given for property taken, injured or destroyed. | Police power involves the regulation of property to promote health, safety and general welfare and its exercise requires no compensation to the property owner, even if there is an actual taking or destruction of property, while eminent domain is the power to take property for public use, and compensation must be given for property taken, injured or destroyed. | How is police power different from the power of eminent domain? |

| 2388 | Nat'l Labor Relations Bd. v. Little River Band of Ottawa Indians Tribal Gov't, 788 F.3d 537, 548 (C.A.6, 2015) | 13 | Federal statute of general applicability that is silent on issue of applicability to Indian tribes will not apply to them if: (1) law touches exclusive rights of self-governance in purely intramural matters; (2) application of law to tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended law not to apply to Indians on their reservations. | A federal statute of general applicability that is silent on the issue of applicability to Indian tribes will not apply to them if: (1) the law touches exclusive rights of self-governance in purely intramural matters; (2) the application of the law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended [the law] not to apply to Indians on their reservations. | When will a statute of general applicability be held to be inapplicable to Indians? |
|------|------|------|------|------|------|
| 2390 | Maumee v. Pub. Util. Comm., 101 Ohio St. 3d 54, 56 (2004) | 3 | A "public utility" is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | A public utility is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | Should a public utility conduct its operations in a manner to be of public concern? |
| 2391 | State v. Posenjak, 127 Wash. App. 41, 49, 111 P.3d 1206, 1211 (2005) | 8 | The signatory tribe has to establish two separate factors to establish their group has preserved its tribal status for purposes of treaty rights: (1) it must show that it has maintained an organized tribal structure, and (2) it must show that a group of citizens of Indian ancestry is descended from a treaty signatory. | "Indians later asserting treaty rights must establish that their group has preserved its tribal status." United States v. Oregon, 29 F.3d 481, 484 (9th Cir.1994). The signatory tribe has to establish two separate factors. First, it must show that it has maintained an " 'organized tribal structure." ' Id. (quoting Washington II, 641 F.2d at 1372). This can be "shown by establishing that 'some defining characteristic of the original tribe persists in an evolving tribal community.' " Id. (quoting Washington II, 641 F.2d at 1372-73). Second, it must show that "a group of citizens of Indian ancestry is descended from a treaty signatory." | What are the factors to be established by a signatory tribe group to preserve their tribal status for treaty rights? |

| 2393 | Goff Grp., Inc. v. Greenwich Ins. Co., 231 F. Supp. 2d 1147, 1150 (M.D. Ala. 2002) | 4 | Federal Arbitration Act's (FAA) proarbitration policy does not operate without regard to the wishes of the contracting parties, and thus, the FAA does not prevent the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. 9 U.S.C.A. SS 1-16. | However, "the FAA's proarbitration policy does not operate without regard to the wishes of the contracting parties." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). Thus, the FAA does not "prevent[ ] the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. | Does the Federal Arbitration Acts (FAAs) proarbitration policy operate without regard to the wishes of the contracting parties? |
| 2394 | People v. Eulo, 63 N.Y.2d 341, 346, 472 N.E.2d 286, 288 (1984) | 1 | Term "death" as used in New York statutes may be construed to embrace a determination, made according to accepted medical standards, that a person has suffered an irreversible cessation of breathing and heartbeat or, when those functions are artificially maintained, an irreversible cessation of the functioning of the entire brain, including the brain stem. McKinney's EPTL 2-1.6, 2-1.7, subd. a, 3-1.1 et seq., 4-1.1 et seq., 5-1.1 et seq., 5-4.1, 6-1.1 et seq.; McKinney's Partnership Law S 62, subd. 4; McKinney's CPLR 210; McKinney's Public Health Law SS 4300 et seq., 4301, subd. 1; McKinney's Penal Law S 125.00. | The term "death", as used in this State's statutes, may be construed to embrace a determination, made according to accepted medical standards, that a person has suffered an irreversible cessation of breathing and heartbeat or, when these functions are artificially maintained, an irreversible cessation of the functioning of the entire brain, including the brain stem. | "Is death considered as an irreversible cessation of circulatory and respiratory functions, or irreversible cessation of total brain functions?" |
| 2395 | Nickerson v. Ribicoff, 206 F.Supp. 232, 236-237 (D.Mass., 1962) | 9 | Where issue is raised as to whether family relationship is bona fide partnership, courts will scrutinize it and determine if parties really intended in good faith to join together their money, labor or skill for purpose of carrying on business as bona fide partnership. | Where the issue is raised as to whether a family relationship is a bona fide partnership, courts will scrutinize the same and determine if the parties really intended in good faith to join together their money, labor, skill for the purpose of carrying on a business as a bona fide partnership. | How do courts determine that a family relationship is a bona fide partnership? |
| 2396 | Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1239–40 (11th Cir. 2008) | 7 | The laudatory goals of the Federal Arbitration Act (FAA), to relieve congestion in the courts and to provide parties with an alternative method of dispute resolution that is speedier and less costly than litigation, will be achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest. 9 U.S.C.A. S 1 et seq. | The purpose of the FAA is to "relieve *1240 congestion in the courts and to provide parties with an alternative method of dispute resolution that is speedier and less costly than litigation." AIG Baker Sterling Heights LLC v. Am. Multi–Cinema Inc., 508 F.3d 995, 1001 (11th Cir.2007). But "[t]he laudatory goals of the FAA will be achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest." | How do the courts ensure that the goals of the Federal Arbitration Act are achieved? |

| 2397 | Bucher v. Staley, 297 N.W.2d 802, 805 (S.D. 1980) | 2 | For advice of counsel to constitute a good defense to a malicious prosecution action, the advice must have been sought in good faith, from honest motives, and for good purposes, after a full and fair disclosure of all facts within the accuser's knowledge and information, and the advice received must have been followed in good faith. | Advice of counsel does not necessarily shield a person against a charge of malicious prosecution. Huntley v. Harberts, supra. To constitute a good defense, the advice of counsel must have been sought in good faith, from honest motives, and for good purposes, after a full and fair disclosure of all facts within the accuser's knowledge and information, and the advice received must have been followed in good faith. | When does the advice of counsel constitute a good defense to a malicious prosecution action? |
| --- | --- | --- | --- | --- | --- |
| 2398 | Lee v. United States Agency for Int'l Dev., 859 F.3d 74, 77–78 (D.C. Cir. 2017) | 4 | Although the express provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages, such a provision in a bare criminal statute, with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create a concomitant civil remedy. | Although the express "provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages," such a provision in a "bare criminal statute," with no other statutory basis for inferring that a civil cause of action exists, is insufficient to imply Congress intended to create *78 **325  a concomitant civil remedy. | Will the Supreme Court imply a private right of action under a criminal statute? |
| 2399 | Dixie Nat. Bank of Dade Cnty. v. Emps. Com. Union Ins. Co. of Am., 463 So. 2d 1147, 1151 (Fla. 1985) | 2 | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the right to subrogation is not absolute but depends upon the equities and attending facts and circumstances of each case; in order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | Florida adheres to the general rule that an insurer is entitled to subrogation to recover from any third party who is legally liable for the actual loss sustained by its insurer. Miami National Bank v. Pennsylvania Insurance Company, 314 F.Supp. 858 (S.D.Fla.1970); 18A Fla.Jur. § 945; 11 Appleman, Insurance Law and Practice § 6564 (rev.ed.1972). The right to subrogation, however, is not absolute, but depends upon the equities and attending facts and circumstances of each case. Compania Anonima Venezolana de Nav. v. A.J. Perez Exp. Co., 303 F.2d 692 (5th Cir.1962). In order to state a cause of action, the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? |

| | | | | | |
|---|---|---|---|---|---|
| 2400 | State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063, 1067 (Colo. App. 2008) | 9 | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee, (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party, and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee; (2) assignees are typically voluntary investors, whereas subrogees, are obligated to pay the insured's obligation to a third party; and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What does subrogation entail? |
| 2401 | Litman v. Cellco P'ship, 655 F.3d 225, 231 (3d Cir. 2011) | 4 | A state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the Federal Arbitration Act, irrespective of whether class arbitration is desirable for unrelated reasons. 9 U.S.C.A. S 1 et seq. | We understand the holding of Concepcion to be both broad and clear: a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the FAA, irrespective of whether class arbitration "is desirable for unrelated reasons. | Does the Federal Arbitration Act preempt a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration? |
| 2403 | Gibson v. Am. Cyanamid Co., 760 F.3d 600, 626 (7th Cir. 2014) | 27 | Congress may set minimum wages, control prices, or create causes of action that did not previously exist, all without implicating the Takings Clause. U.S.C.A. Const.Amend. 5. | Instead, the Supreme Court has recognized that Congress, for example, "may set minimum wages, control prices, or create causes of action that did not previously exist," all without implicating the Takings Clause. | "Can Congress set minimum wages, control prices, or create causes of action that did not previously exist without implicating the Takings Clause?" |
| 2405 | Reese v. State, 190 Misc. 316, 323, (Ct. Cl. 1947) | 4 | Where realty is actually invaded by superinduced additions of water, earth, sand, or other materials, or by having other artificial structures placed thereon by the state, so as to destroy effectually or impair its usefulness, it is a "taking" within meaning of the constitution for which compensation must be made by the state. | Where real estate is actually invaded by superinduced additions of water, earth, sand, or other materials, or by having other artificial structures placed thereon so as to effectually destroy or impair its usefulness, it is a taking within the meaning of the Constitution for which compensation must be made. | "Can it be a taking, when real estate is invaded by super-induced additions of material so as to effectually destroy or impair its usefulness?" |
| 2407 | Heflin v. Merrill, 154 So. 3d 887, 890 (Miss. App. 2013) | 2 | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | When granting a motion in limine, the circuit court must first find the following two factors present: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." | "In considering the merits of a motion in limine, does a trial judge apply a two-step analysis?" |

| 2410 | Weishaupt v. Com., 227 Va. 389 | 3 | Wife unilaterally revoked her implied consent to marital sex where she had made manifest her intent to terminate the marital relationship by living separate and apart from her husband, refrained from voluntary sexual intercourse with her husband, and, in light of all circumstances, conducted herself in a manner that established a de facto end to the marriage and, once implied consent was revoked, even though the parties had not yet obtained a divorce, husband could be found guilty of raping wife. Code 1950, S 18.2-61. | We hold, on the basis of all the foregoing considerations, that a wife can unilaterally revoke her implied consent to marital sex where, as here, she has made manifest her intent to terminate the marital relationship by living separate and apart from her husband; refraining from voluntary sexual intercourse with her husband; and, in light of all the circumstances, conducting herself in a manner that establishes a de facto end to the marriage. And, once the implied consent is revoked, even though the parties have not yet obtained a divorce, the husband can be found guilty of raping his wife, if the evidence against him establishes a violation of Code § 18.2–61. | Can a married woman withdraw her consent to marital sex? |
|------|-------------------------------|---|-------|-------|-------|
| 2411 | Wolf v. Spariosu, 706 So. 2d 881, 883 (Fla. Dist. Ct. App. 1998) | 4 | Conventional subrogation arises by virtue of an agreement, express or implied, that third person or one having no previous interest in matter involved shall, upon discharging obligation or paying debt, be substituted in place of creditor with respect to such rights, remedies, or securities as creditor may have against debtor. | " 'Conventional subrogation[, however,] arises by virtue of an agreement, express or implied, that a third person or one having no previous interest in the matter involved shall, upon discharging an obligation or paying a debt, be substituted in the place of the creditor with respect to such rights, remedies, or securities as [the creditor] may have against the debtor.' " Forman v. First Nat'l Bank, 76 Fla. 48, 53, 79 So. 742, 744 (1918) (quoting Kent v. Bailey, 181 Iowa 489, 164 N.W. 852, 853 (1917)) | "Is equitable subrogation distinct from conventional subrogation, which is premised on the contractual obligations of the parties?" |
| 2412 | Hubble v. Dyer Nursing Home, 188 S.W.3d 525, 538 (Tenn. 2006) | 19 | Subrogation is a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable. | " 'Subrogation is a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable.' " | "Is subrogation a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable?" |
| 2413 | Fin. Sec. Assur. v. Stephens, 500 F.3d 1276, 1287 (11th Cir. 2007) | 13 | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | Subrogation is '[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.' " | "s subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" |

| 2414 | In re Crawley, 318 B.R. 512, 514 (W.D. Wis. 2004) | 4 | Under Wisconsin law, subrogation may properly be applied whenever a person other than mere volunteer pays debt which in equity and good conscience should be satisfied by another. | In Wisconsin, Subrogation is an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Can subrogation properly be applied whenever a person other than a mere volunteer pays debt which in equity and good conscience should be satisfied by another? |
| 2415 | In re Constr. Alternatives, 2 F.3d 670, 675 (6th Cir. 1993) | 5 | Under Ohio law, surety that pays amounts owed to subcontractor, laborer, or supplier is subrogated to rights of those it has paid to and to rights of those persons whose obligations the surety has discharged, in other words, owner and contractor. | Under Ohio law, a surety that pays amounts owed to a subcontractor, laborer, or supplier is subrogated to the rights of those it has paid and to the rights of those persons whose obligations the surety has discharged, i.e., the owner and the contractor. | Is a surety that pays amounts owed to a subcontractor or laborer subrogated to the rights of those it has paid and to the rights of those persons whose obligations the surety has discharged? |
| 2416 | Feigenbaum v. Guaracini, 402 N.J. Super. 7, 19 (2008) | 10 | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | Subrogation is " '[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities.' " | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" |
| 2418 | Reilly v. Meffe, 6 F.Supp.3d 760, 770 (S.D.Ohio, 2014) | 8 | Under Ohio law, courts consider a number of factors in determining the existence of a partnership, including the sharing of profits, the existence of a written or oral partnership agreement; the joint ownership and control of property; the ability of members to bind the business entity; and the nature of the tax returns filed by the business entity. | Courts consider a number of factors in determining the existence of a partnership, including: the sharing of profits, "the existence of a written or oral partnership agreement; the joint ownership and control of property; the ability of members to bind the business entity; and the nature of the tax returns filed by the business entity." | Is a partners ability to bind the partnership one of the key factors of partnership? |
| 2420 | Allied Prop. & Cas. Ins. Co. v. Good, 919 N.E.2d 144, 151 (Ind. App. 2009) | 4 | Sanction for violation of motion in limine is within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and or punishment for contempt. | That is not to say that a party who violates an order in limine may do so with impunity. Id. The sanction is within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and/or punishment for contempt. | Is a sanction for violation of motion in limine within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and or punishment for contempt? |

| 2422 | Builders Supply Co. v. Czerwinski, 275 Neb. 622, 637 (2008) | 16 | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | This court has noted that regardless of whether a guaranty is absolute or conditional, [t]he general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is a surety or guarantor entitled to be subrogated to benefit of all security and means of payment under a creditor's control? |
|---|---|---|---|---|---|
| 2423 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141, 1180 (D.Idaho 2011) | 45 | The act of state doctrine bars judicial review of claim if (1) there is official act of foreign sovereign performed within its own territory and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | The Act of State Doctrine bars judicial review of a claim if "(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act." | When does the act of state doctrine bar judicial review of action? |
| 2425 | Gross v. German Found. Indus. Initiative, 456 F.3d 363, 391 (3d Cir. 2006) | 10 | Under the "act of state doctrine," American courts are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Under the act of state doctrine, American courts are precluded from "inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. | "Under the act of state doctrine, are American courts precluded from inquiring into the public acts a recognized foreign sovereign power committed within its own territory?" |
| 2426 | Republic of Ecuador v. Dassum, 146 So. 3d 58, 61 (Fla.App. 3 Dist., 2014) | 1 | The "act of state doctrine" is a judicially-created principle of international comity; the courts of Florida and the United States will presumptively defer to governmental acts, whether characterized as executive, legislative, or judicial, taken within the territory of another sovereign nation. | The act of state doctrine is a judicially-created principle of international comity; the courts of Florida and the United States will presumptively defer to governmental acts (whether we might characterize them as executive, legislative, or judicial) taken within the territory of another sovereign nation. | Is the act of state doctrine a judicially-created principle of international comity? |
| 2427 | Hourani v. Mirtchev, 796 F.3d 1, 13 (D.C. Cir. 2015) | 17 | As a general rule, the act of state doctrine applies to foreign government activities undertaken within its own territory, although that factor is not so inflexible as to overlook the quintessentially sovereign nature of foreign governmental action. | It is certainly true that, as a general rule, the Act of State doctrine applies to foreign government activities undertaken "within its own territory," Banco Nacional, 376 U.S. at 401, 84 S.Ct. 923, although that factor is not so inflexible as to overlook the quintessentially sovereign nature of foreign governmental action | Does the act of state doctrine apply to foreign government activities undertaken within its own territory? |

| 2428 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263, 1267 (Fla. 2005) | 1 | "Act of state doctrine" is not a jurisdictional doctrine; rather, it is a doctrine of judicial restraint that prohibits a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory. | The act of state doctrine is not a jurisdictional doctrine. Rather, it is a doctrine of judicial restraint that prohibits a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory. | Does the act of state doctrine prohibit a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory? |
| 2429 | Beanal v. Freeport-McMoran, 197 F.3d 161, 167 (5th Cir. 1999) | 10 | It is only when nations of world have demonstrated that the wrong is of mutual and not merely several concern, by means of express international accords, that a wrong generally recognized becomes international law violation within meaning of Alien Tort Statute (ATS). 28 U.S.C.A. S 1350. | "It is only where the nations of the world have demonstrated that the wrong is of mutual, and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation." | Does a wrong generally recognized become an international law violation within the meaning of the Alien Tort Statute (ATS)? |
| 2430 | Virgin Atl. Airways Ltd. v. British Airways PLC, 872 F. Supp. 52, 59 (S.D.N.Y., 1994) | 3 | The "act of state doctrine" precludes courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). | Does the act of state doctrine preclude the courts of the US from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? |
| 2433 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470, 471 (2009) | 2 | By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial; in light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | [B]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Does the granting of a motion in limine excluding evidence suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? |
| 2435 | Paraschos v. YBM Magnex Int'l, 130 F. Supp. 2d 642, 644 (E.D.Pa., 2000) | 1 | Principle of international comity, also known as "comity of nations doctrine," permits recognition of foreign proceedings to extent that such proceedings are determined to be orderly, fair, and not detrimental to nation's interests. | As previously outlined in this Court's Order of March 28, 2000, the principle of international comity, also known as the "comity of nations doctrine," permits the "recognition of foreign proceedings to the extent that such proceedings are determined to be orderly, fair and not detrimental to the nation's interests. | "Does the principle of international comity permit recognition of foreign proceedings to the extent that such proceedings are determined to be orderly, fair, and not detrimental to nation's interests?" |
| 2437 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 6 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the utility of the evidence?" |

| 2438 | Kennecott Copper Corp., Nevada Mines Div., McGill, Nev. v. Train, 424 F. Supp. 1217, 1225 (D. Nev. 1976) | 2 | The ripeness doctrine involves a twofold aspect, requiring evaluation of both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration. | It is well recognized that the ripeness doctrine involves a twofold aspect, requiring evaluation of both (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. | "Does the ripeness doctrine involve aspects requiring evaluation of both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration?" |
|---|---|---|---|---|---|
| 2439 | Abington Elec. Co. v. Pennsylvania Pub. Util. Comm'n, 131 Pa. Super. 200, 205 (1938) | 3 | The Legislature did not contemplate to restrict utility activities, so that a utility may not conduct and control its affairs to its best interests, but utility may fully enjoy and exercise all rights, powers, and privileges which it possesses, keeping in mind public welfare, so that there is a proper service, accommodation, convenience, or safety, and it is only as to matters in which public may be interested, and then only for such special purposes as are mentioned in statute, that commission has jurisdiction. 66 P.S. SS 1122(e) 1123(a). | It was not within the contemplation of the Legislature to restrict utility activities, so that a company may not conduct and control its affairs to its best interests, but that it may fully enjoy and exercise all the rights, powers, and privileges which it lawfully possesses, keeping in mind always the public welfare, so that there is a proper service, accommodation, convenience, or safety. It is only as to matters in which the public may be interested, and then only for such special purpose as are mentioned in the act, that the commission has jurisdiction. | Does a company have a right to manage its own affairs to the fullest extent consistent with the public interest? |
| 2440 | Penn v. Carolina Virginia Coastal Corp., 231 N.C. 481, 484 (N.C., 1950) | 1 | A "taking" under power of eminent domain is an entering upon private property for more than a momentary period and, under warrant of color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust owner and deprive him of all beneficial enjoyment thereof. | And 'taking' under the power of eminent domain may be defined as entering upon private property for more than a momentary period and, under warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof'. | What does the term taking encompasses under the law? |
| 2441 | City of Bisbee v. Arizona Water Co., 214 Ariz. 368, 377 (2007) | 14 | Once granted, a certificate of convenience and necessity confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. A.R.S. SS 40-281(A), 40-282. | Section 40-282, on which AWC relies, merely addresses the prerequisites for obtaining a "certificate of convenience and necessity." Such certificate must be "obtained from the commission" before the construction of a public utility. A.R.S. 40-281(A). "Once granted, the certificate confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate." | Does the granted certificate of convenience and necessity confer upon its holder an exclusive right to provide services at reasonable rates? |

| | | | | |
|---|---|---|---|---|
| 2443 | Beverage Capital Corp. v. Martin, 119 Md. App. 662, 674 (1998) | 6 | Workers' compensation benefits constitute employment-related benefit which replaces common-law right of employees to bring tort actions against their employers for job-related personal injuries. | Workers' Compensation benefits constitute an "employment-related benefit which replaces the common law right of employees to bring tort actions against their employers for job-related personal injuries." | Do workers compensation benefits constitute employment-related benefits which replace common-law right of employees to bring tort actions against their employers for job-related personal injuries? |
| 2444 | Dukakis v. U.S. Dep't of Def., 686 F. Supp. 30, 37 (D.Mass. 1988) | 3 | Reservation of power to the states over the authority of training the militia according to the discipline prescribed by Congress, expressed in the militia clause of the Constitution, does not override the legitimately exercised power of Congress to raise and support armies. U.S.C.A. Const. Art. 1, S 8, cls. 12, 16. | Nevertheless, guided by the decisions in the dual-enlistment cases as well as Selective Draft Law Cases, I conclude that the reservation of power to the states over "the Authority of training the Militia according to the discipline prescribed by Congress," expressed in the Militia Clause, does not override the legitimately exercised power of Congress "[t]o raise and support Armies." | Does the reservation of power to the states over the authority of training the militia override the legitimately exercised power of Congress to raise and support armies? |
| 2446 | State Farm Ins. Co. v. J.P. Spano Const., 55 A.D.3d 824, 825 (2008) | 3 | While parties to an agreement may waive their insurer's right of subrogation, waiver-of-subrogation clauses, which reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance, are to be strictly construed and cannot be enforced beyond the scope of the specific context in which they appear. | While parties to an agreement may waive their insurer's right of subrogation, waiver-of-subrogation clauses, which "reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance" (Liberty Mut. Ins. Co. v. Perfect Knowledge, 299 A.D.2d 524, 526, 752 N.Y.S.2d 677),are to be strictly construed and cannot be enforced beyond the scope of the specific context in which they appear. | "Are waiver of subrogation provisions, which reflect the parties' allocation of the risk of liability between themselves to third parties, generally valid and enforceable?" |
| 2454 | Publix Super Markets v. Cheesbro Roofing, 502 So. 2d 484, 486-487 (Fla.App. 5 Dist., 1987) | 6 | In rem actions where the res is real property must be brought in county in which land lies because the court must have direct control, i.e., geographical jurisdiction, over the res in order to exercise its jurisdiction and grant the relief sought. | All such in rem actions, where the res is real *487 property, must be brought in the county in which the land lies because the court must have direct control (geographical jurisdiction) over the res in order to exercise its jurisdiction and grant the relief sought. | Must all in rem actions regarding real property be brought in the county where the court has direct control over the res? |
| 2455 | Detox Indus. v. Leeds, 770 S.W.2d 912, 915 (Tex. App. 1989) | 3 | Right of plaintiff to take nonsuit is absolute and unqualified when motion therefor is timely made, and adverse party has not filed claim for affirmative relief. | The right of a plaintiff to take a nonsuit is absolute and unqualified when the motion therefor is timely made, State v. Gary, 163 Tex. 565, 359 S.W.2d 456, 459 (1962),and the adverse party has not filed a claim for affirmative relief. | Is a right of a plaintiff to take nonsuit absolute and unqualified when a motion therefore is timely made and the adverse party has not filed a claim for relief? |

| | | | | | |
|---|---|---|---|---|---|
| 2457 | Gutierrez v. Baldridge, 2010-1528 (La. App. 3 Cir. 5/11/11), 65 So.3d 251, 254 (La. App. 2011) | 3 | A court that holds a pretrial conference must render an order memorializing the actions taken at the conference; that order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. LSA-C.C.P. art. 1551. | The availability of workers compensation benefits to injured employees arises under statutes, not under the court-made common law. | Must a court that holds a pretrial conference render an order memorializing the actions taken at the conference and does that order controls the subsequent course of the action? |
| 2458 | Polis v. Fratkin, 188 Pa. Super. 586, 587 (1959) | 2 | Where legal firm and accounting firm was each seeking the return of papers allegedly belonging to the other firm and each was asking a money verdict against the other, such matters should be disposed of at a pretrial conference where professional men involved would be able to discuss their differences intelligently, and, under supervision of judge, arrive at a just solution of controversy without resorting to prolonged litigation. | This is a replevin action which, with another replevin action brought by the defendant in this action against the plaintiff, grew out of services rendered by a firm of accountants to a firm of lawyers. Each firm is seeking the return of papers allegedly belonging to the other firm, and each asks a money verdict against the other. These matters should be disposed of at a pretrial conference where professional men of the type here involved would be able to discuss their differences intelligently, and, under the supervision of the judge, arrive at a just solution of the controversy without resorting to prolonged litigation hardly merited by the circumstances of this case. | How should matters involving professional men who would be able to discuss their differences intelligently be disposed of? |
| 2459 | Rice v. Perl, 320 N.W.2d 407, 412 (Minn., 1982) | 5 | While it is true that trial judge has great discretion to determine procedural calendar of a case, under certain rules continuances should be liberally granted, especially when party seeking a continuance is doing so because of a claim of insufficient time to conduct discovery. 48 M.S.A., Rules Civ.Proc., Rule 56.06; Fed.Rules Civ.Proc. Rule 56(f), 28 U.S.C.A. | While it is true that the trial judge has great discretion to determine the procedural calendar of a case, under rule 56.06 (and Federal rule 56(f) after which it is patterned) such continuances should be liberally granted. This is especially true when the party seeking the continuance is doing so because of a claim of insufficient time to conduct discovery. | "Should continuances be liberally granted, especially when the continuance is sought because of a claim of insufficient time to conduct discovery?" |
| 2460 | Pulse v. Hill, 217 Cal. App. 2d 301, 304(Ct. App. 1963) | 3 | Pretrial conference order carries over issues remaining in dispute between parties, and order controls subsequent proceedings unless modified at or before trial. Cal.Rules of Court, rules 210(c), 214(1), 216 | The factual and legal contentions of the parties are then carried over into the pretrial conference order, and the order controls subsequent proceedings unless modified at or before trial. | "Does a pretrial conference order carry over issues remaining in dispute between parties, and order controls subsequent proceedings unless modified at or before trial?" |
| 2461 | Jones v. Crow, 633 So. 2d 247, 249 (La. Ct. App. 1993) | 1 | "Prematurity" contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time; it is usually utilized in cases wherein the law or a contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. LSA-C.C.P. art. 926(1). | Prematurity contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time. It is usually utilized in cases wherein the law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. | Does the exception to the objection of prematurity contemplate that the plaintiff has filed his action prior to some procedure or assigned time? |

| 2462 | Dykeman v. Ashton, 8 Ariz. App. 327, 330 (1968) | 6 | Where party seeks continuance due to absence of witness, there must be showing that witness' testimony would be material were he allowed to testify, and that moving party has used due diligence to procure attendance of witness. | Where a party seeks a continuance due to the absence of a witness, there must be a showing that the witness's testimony would be material, were he allowed to testify, and that the moving party has used due diligence to procure the attendance of the witness. | "Where party seeks continuance due to absence of witness, there must be a showing that a witness' testimony would be material were he allowed to testify?" |
| --- | --- | --- | --- | --- | --- |
| 2463 | Heatherly v. State, 189 N.C. App. 213, 221 (2008) | 5 | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | "A TAX [I]S 'A CHARGE' LEvied and collected as a contribution to the maintenance of the general government ... [It is] imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue." | Is a tax imposed upon the citizens in common at regularly recurring periods for the purpose of providing continuous revenue? |
| 2464 | Wenger v. Monroe, 282 F.3d 1068, 1072 (C.A.9 (Cal.),2002) | 1 | Before a court can determine whether review of his claims is appropriate, a person challenging a military decision generally must allege (a) a violation of a recognized constitutional right, a federal statute, or military regulations, and (b) exhaustion of available intraservice remedies. | Under the Mindes test as modified by this Circuit, a person challenging a military decision generally must satisfy two threshold elements before a court can determine whether review of his claims is appropriate. "An internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies." Khalsa v. Weinberger, 779 F.2d 1393, 1398 (9th Cir.), reaff'd, 787 F.2d 1288 (1985). | What two threshold elements do courts use to determine whether review of military decisions are appropriate? |
| 2465 | State v. Vogel, 247 Neb. 209, 215-216 (1995) | 8 | Defense may offer evidence on any trait reasonably related to elements of charged offense; however, trial court has responsibility to determine competence of proffered character evidence and to prevent trial from straying into collateral matters. Neb.Rev.Stat. S 27-404(1)(a). | The defense may offer evidence on any trait reasonably related to the elements of the charged offense; however, the trial court has the responsibility to determine the competence of the proffered character evidence and to prevent the trial from straying into collateral matters. | Can the defense offer evidence on any trait reasonably related to the elements of the charged offense? |
| 2466 | U.S. v. Sun-Diamond Growers of California, 119 S.Ct. 1402, 1406, 526 U.S. 398, 404–05 (U.S.Dist.Col.,1999) | 1 | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | In other words, for bribery there must be a quid pro quo-a specific intent to give or receive something of value in exchange for an official *405 act. An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken. | "Under federal criminal statutes, what is the distinction between bribery and illegal gratuities?" |

| 2468 | United States v. Menendez, 137 F.Supp.3d 709, 724 (D.N.J., 2015) | 22 | Honest services fraud based on bribery does not require that each quid, or item of value, be linked to a specific quo, or official act; rather, a bribe may come in the form of a stream of benefits. | Honest services fraud based on bribery "does not require that each quid, or item of value, be linked to a specific quo, or official act. Rather, a bribe may come in the form of a 'stream of benefits. | Does each item of value need to be linked to a specific official act for honest services fraud based on bribery? |
|---|---|---|---|---|---|
| 2469 | Denil v. Integrity Mut. Ins. Co., 135 Wis. 2d 373, 378 (1986) | 2 | A trial court may entertain a motion to exclude evidence during trial, and may, in its discretion, accept motions outside the time parameters set forth in a pretrial order. | A trial court may entertain a motion to exclude evidence during trial and may in its discretion accept motions outside the time parameters set forth in a pretrial order. | "Could a trial court entertain a motion to exclude evidence during trial, and in its discretion accept motions outside the time parameters set forth in a pretrial order?" |
| 2470 | Sibley v. Menard, 398 So. 2d 590, 597 (La. Ct. App. 1980), on reh'g, 404 So. 2d 980 (La. Ct. App. 1981), writ denied, 400 So. 2d 211 (La. 1981) | 5 | Pretrial order allowing issues and listing witnesses controls subsequent course of action unless modified at trial to prevent manifest injustice. | The trial court had issued a pretrial order in this case, narrowing the issues and listing the witnesses. That order controls the subsequent course of action unless modified at the trial to prevent manifest injustice. | Does a pretrial order allowing issues and listing witnesses control a subsequent course of action unless modified at trial to prevent manifest injustice? |
| 2471 | Zinke v. Orskog, 422 S.W.3d 422, 427 (Mo. Ct. App. 2013) | 9 | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. | "Once a permitted voluntary dismissal is filed, is there anything pending before the trial court on which it is permitted to act, other than to enter administrative orders such as those with regard to the assessment of costs?" |
| 2472 | City Nat. Bank v. Anlage, 448 So. 2d 199, 200 (1984) | 1 | Trial court may not dismiss a suit without prejudice, after defendant has made a general appearance, if substantive rights acquired by defendant would thereby be lost or if the dismissal would deprive defendant of a just defense. LSA-C.C.P. arts. 1671, 1671 comment. | However, the trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. | "Can a trial court dismiss a suit without prejudice, upon application of plaintiff, if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense?" |
| 2473 | Eanes v. McKnight, 262 La. 915, 933 (1972) | 3 | An orderly disposition of each case and of entire docket and avoidance of surprise are inherent in theory of pretrial procedure and are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of an action. | An orderly disposition of each case and of the entire docket and the avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of an action. | Are an orderly disposition of each case and of entire docket and avoidance of surprise inherent in a theory of pretrial procedure? |

| 2474 | Sch. Dist. of City of Scranton v. Dale & Dale Design & Dev., 559 Pa. 398, 406 (1999) | 7 | In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases; the incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | It is well-established that [i]n determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | Is the operation or incidence of the two taxes controlling to determine double taxation? |
|---|---|---|---|---|---|
| 2475 | Rho Co., Inc. v. Department of Revenue, 52 Wash.App. 196, 204 (Wash.App.,1988) | 1 | While it is not established rule that principles of tort and agency law necessarily apply to taxation situations, whether or not principle from one area of law will be applied to another depends on facts and circumstances of transaction and context or purpose in which they are considered. | *204  While it is not an established rule that principles of tort and agency law necessarily apply to taxation situations, whether or not a principle from one area of the law will be applied to another depends on the facts and circumstances of the transaction and on the context or purpose in which they are considered. | Is it an established rule that principles of tort and agency law necessarily apply to taxation situations? |
| 2478 | Clarke v. D.C., 311 A.2d 508, 510-11 (D.C. App. 1973) | 1 | Rule pertaining to pretrial order is intended to remove cases from realm of surprise, but does not contemplate or require that rigid adherence to pretrial order must always be exacted. D.C.C.E. SCR, Civil Rule 16. | While this rule is intended to remove cases from the 'realm of surprise,' it does not contemplate or require that rigid adherence to the pretrial order must always be exacted. | "Is a rule pertaining to pretrial order intended to remove cases from a realm of surprise, but does not contemplate or require that rigid adherence to pretrial order must always be exacted?" |
| 2480 | U.S. Bank Nat. Ass'n v. Peterson, 284 Neb. 820, 832 (2012) | 13 | An admission that is not withdrawn or amended cannot be rebutted by contrary evidence or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible. Neb. Ct. R. Disc. S 6-336. | AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir.1991), in which it was stated that "[a]n admission that is not withdrawn or amended cannot be rebutted by contrary [evidence] or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible." | Can an admission that is not withdrawn or amended be rebutted by contrary evidence or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible? |
| 2481 | VSD Commc'ns v. Lone Wolf Pub. Grp., 124 N.C. App. 642, 643-44 (N.C.App.,1996) | 1 | Filing of voluntary dismissal strips trial court of its authority to enter further orders in adversary proceedings, except as provided by rule of civil procedure which authorizes court to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a, d), G.S. S 1A-1. | The filing of a voluntary dismissal strips the trial court of its authority to enter further orders in the adversary proceedings, "except as provided by Rule 41(d) which authorizes the court to enter specific orders apportioning and taxing costs." Id. (citing Fields v. *644 Whitehouse & Sons Co., 98 N.C.App. 395, 397–98, 390 S.E.2d 725, 726–27, disc. review denied, 327 N.C. 427, 395 S.E.2d 676 (1990)). | "Does a voluntary dismissal strip the trial court of authority to enter further orders in the case, except specific orders apportioning and taxing costs?" |

| 2482 | Gauthier v. Florida Int'l Univ., 38 So. 3d 221, 224 (Fla. App. 2010) | 2 | Under the Workers' Compensation Act, an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker, and this obligation requires an employer to offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due. West's F.S.A. S 440.015. | Thus, "an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker." This requires an employer to "offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due." | Is an employer under a continuing obligation to place needed benefits in the hands of the injured worker? |
| 2483 | Berkeley Fed. Sav. Bank v. Terra Del Sol, Inc., 119 N.C. App. 249, 251, 457 S.E.2d 736, 737 (1995) | 1 | Voluntary dismissal taken without court order, unless otherwise stated, is without prejudice and may be refiled within one year of dismissal. Rules Civ.Proc., Rule 41(a)(1), G.S. S 1A-1. | Rule 41(a)(1) of the North Carolina Rules of Civil Procedure provides that any action or any claim therein may be dismissed by the plaintiff without a court order at any time before plaintiff rests his case. G.S. 1A–1, Rule 41(a)(1). Unless otherwise stated, the dismissal is without prejudice and may be refiled within one year of dismissal. | "Is voluntary dismissal taken without a court order, unless otherwise stated, is without prejudice and may be refiled within one year of dismissal?" |
| 2484 | Medina v. Raven, 492 S.W.3d 53, 58 (Tex. App. 2016) | 1 | The standard for withdrawing deemed admissions and for allowing a late summary-judgment response are the same: either is proper upon a showing of (1) good cause, and (2) no undue prejudice. | The supreme court has held that the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same. "Either is proper upon a showing of (1) good cause, and (2) no undue prejudice." | "Are the standard for withdrawing deemed admissions and for allowing a late summary-judgment response the same: either is proper upon a showing of (1) good cause, and (2) no undue prejudice?" |
| 2488 | Stelly v. Papania, 927 S.W.2d 620, 622 (Tex., 1996) | 3 | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | After the rule was amended in 1988, "good cause" became the threshold standard for withdrawal of deemed admissions. Halton, 792 S.W.2d at 465. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. | "Can a party establish good cause for withdrawing deemed admissions by showing that its failure to answer was accidental or result of mistake, rather than intentional or result of conscious indifference?" |
| 2489 | Morgan v. Timmers Chevrolet, 1 S.W.3d 803, 807 (Tex. App. 1999) | 3 | Before court can properly allow withdrawal of deemed admissions it must find that good cause exists for failure to make timely answers to the requested admissions, that withdrawal can be ordered without causing undue prejudice to party relying on admissions, and that presentation of merits will be subserved by withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2) (Repealed). | Thus, before a court can properly allow withdrawal of deemed admissions, it must find not only that good cause exists for the failure to make timely answers to the requested admissions, but also that the withdrawal can be ordered without causing undue prejudice to the party relying on the admissions and that the presentation of the merits will be subserved by the withdrawal. | When can a court properly allow withdrawal of deemed admissions? |

| 2490 | Shwe v. Jaber, 147 N.C. App. 148, 151 (2001) | 5 | Once a matter is admitted by failure to respond to request for admissions, matter is conclusively established for purposes of pending action unless court, upon motion, allows withdrawal or amendment of admission. Rules Civ.Proc., Rule 36, G.S. S 1A-1. | Once a matter is admitted by failure to respond, the matter is conclusively established for purposes of the pending action unless the court, upon motion, allows withdrawal or amendment of the admission. N.C. Gen.Stat.   1A-1, Rule 36. | "Is a matter conclusively established for purposes of pending action unless court, upon motion, allows withdrawal or amendment of admission?" |
|---|---|---|---|---|---|
| 2491 | Massachusetts Highway Dep't v. Smith, 51 Mass. App. Ct. 614, 618–19 (2001) | 3 | A party requesting an admission may, if he feels the requirements of admissions rule have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Rules Civ.Proc., Rule 36(a), 43A M.G.L.A. | "A party requesting an admission may, if he feels [the] requirements [of rule 36(a) ] have not *619  been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted." . | "Can a party requesting an admission, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted?" |
| 2492 | United States v. Rosen, 716 F.3d 691, 700 (2d Cir. 2013) | 4 | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | To establish the " 'corrupt' intent necessary to a bribery conviction," the Government must prove that the defendant had " 'a specific intent to give ... something of value in exchange for an official act,' " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)),which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. | Does bribery require the specific intent to give something of value in exchange for an official act? |
| 2493 | J. Zeevi & Sons, Ltd. v. Grindlays Bank (Uganda) Ltd., 37 N.Y.2d 220, 228, 333 N.E.2d 168, 173 (1975) | 7 | Principle which determines whether New York will give effect to foreign legislation is that of public policy and, where there is a conflict between New York's public policy and the application of comity, the New York courts' own sense of justice and equity as embodied in its public policy must prevail. | The principle which determines whether we shall give effect to foreign legislation is that of public policy and, where there is a conflict between our public policy and application of comity, our own sense of justice and equity as embodied in our public policy must prevail | "What principle determines whether the court shall give effect to foreign legislation and when there is a conflict, what must prevail?" |
| 2494 | Kapoor v. Dybwad, 49 N.E.3d 108, 132 (Ind. Ct. App. 2015) | 39 | In order to meet the burden of pleading fraud with specificity, the party alleging fraud must specifically allege the elements of fraud, the time, place, and substance of false reports, and any facts that were misrepresented, as well as the identity of what was procured by fraud. Trial Procedure Rule 9(B). | In order to meet this burden, the party alleging fraud must specifically allege the elements of fraud, the time, place, and substance of false reports, and any facts that were misrepresented, as well as the identity of what was procured by fraud. | "Should the party asserting fraud specifically allege the elements of fraud, the time, place, and substance of false reports?" |
| 2496 | Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.,1986) | 4 | Trial court that allows attorney voluntarily to withdraw must give party time to secure new counsel and time for new counsel to investigate case and prepare for trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | "When a trial court allows an attorney to voluntarily withdraw, will it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" |

| 2497 | In re Zhang, 135 Ohio App. 3d 350, 355 (1999) | 3 | Court need not grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable. | A court need not grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable. | Should a court grant a continuance for purposes of securing new counsel where the request plausibly be viewed as simply a delaying tactic or as otherwise unreasonable? |
| 2498 | Booth v. Blueberry Hill Restaurants, 245 Neb. 490, 490 (1994) | 1 | Determination of appropriate sanction for failure to comply with proper discovery order initially rests with discretion of trial court, and its rulings on appropriate sanction will not be disturbed on appeal absent a showing of an abuse of that discretion. | Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion **868 of the trial court, and its rulings with respect thereto will not be disturbed on appeal absent a showing of an abuse of that discretion. | Does the determination of an appropriate sanction for a party's failure to admit rest within the discretion of the trial court and will it be disturbed on appeal absent an abuse of discretion? |
| 2499 | Fireman's Fund Ins. Co. v. Whirlpool Corp., No. B145197, 2002 WL 228208, at *11 (Cal. Ct. App. Feb. 15, 2002) | 8 | Unlike other discovery sanctions, an award of expenses for failure to respond to request for admission is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. West's Ann.Code Civ.Proc. S 2033(o). | Unlike other discovery sanctions, an award of expenses under section 2033, subdivision (o) is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. | Is it designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission such that trial would have been expedited or shortened if the request had been admitted? |
| 2500 | Brodtmann v. Duke, 1998-1518 (La. App. 4 Cir. 3/21/01), 803 So.2d 41, 44-45 (2001) | 2 | Attorney fees awarded for party's failure to admit genuineness of document or truth of any matter would be the reasonable expense incurred in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | Attorney's fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. | "Is an attorney fee awarded for party's failure to admit genuineness of document or truth of any matter be, the reasonable expense incurred in proving the truth of the requested admission?" |
| 2501 | Hess v. Hess, 679 N.E.2d 153, 154 (Ind. App. 1997) | 5 | Unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, but denial of continuance based on withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Trial Procedure Rule 53.5. | The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance. However, the denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. | "Under some circumstances, can denial of a continuance based on the withdrawal of counsel be error when the moving party is free from fault and her rights are likely to be prejudiced by the denial?" |
| 2502 | Hodge v. Hodge, 507 F.2d 87, 90 (3d Cir. 1975) | 2 | Refusal to grant continuance is not alone denial of right to counsel even though refusal prevents party from being represented by particular attorney because of that attorney's other professional commitments. | The refusal to grant a continuance is not, without more, a denial of the right to counsel even though the refusal prevents a party from being represented by a particular attorney because of that attorney's other professional commitments. | Is refusal to grant a continuance not alone a denial of right to counsel even though refusal prevents a party from being represented by a particular attorney because of that attorney's other professional commitments? |

| | | | | | |
|---|---|---|---|---|---|
| 2505 | Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.,1986) | 4 | Trial court that allows attorney voluntarily to withdraw must give party time to secure new counsel and time for new counsel to investigate case and prepare for trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | "When a trial court allows an attorney to withdraw, must it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" |
| 2506 | Post-Tensioned Const. v. VSL Corp., 143 Ga. App. 148, 151 (1977) | 11 | Since failure to make motion to have admissions withdrawn or amended foreclosed remedial action under code, requests for admissions which were not answered or objected to, in suit based on breach of contract, were deemed admitted. Code, SS 81A-136, 81A-136(b). | Since the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann.s 81A-136(b), the requests for admissions which were not answered or objected to are deemed admitted. | "Failure to make a motion to have admissions withdrawn or amended forecloses remedial action, and therefore are the requests for admissions which were not answered or objected to deemed admitted?" |
| 2507 | State ex rel. Grimm v. Ashmanskas, 298 Or. 206, 211-212 (1984) | 3 | A "deposition to perpetuate testimony" is arranged by litigants when it becomes known that a witness will be unavailable to testify at trial, and such depositions usually follow routine of the trial with objections to all matters being made at time of the deposition but with the ruling on the objections reserved for trial judge; such depositions are usually restricted to nonleading questions on direct examination and follow standard cross-examination techniques. | In contrast, a deposition to perpetuate testimony is arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial. "Perpetuation" *212 depositions usually follow the routine of a trial with objections to all matters being made at the time of the deposition but reserving the ruling on the objection for the trial judge. Perpetuation depositions are usually restricted to non-leading questions on direct examination and follow standard cross-examination techniques. | Are perpetuation depositions arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial? |
| 2508 | Fibreboard Corp. v. Pool, 813 S.W.2d 658, 682 (Tex. App. 1991) | 43 | After expiration of 30 days from date of service of request for admissions and in absence of motion to extend time for filing response, admissions are automatically deemed admitted, and trial court has no discretion to deem or to refuse to deem admissions admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | After the expiration of thirty days from the date of service, and in the absence of a motion to extend time for filing a response, the admissions are automatically deemed admitted and the trial court has no discretion to deem, or refuse to deem, the admissions admitted. | "After expiration of 30 days from the date of service of a request for admissions, are admissions automatically deemed admitted, and a trial court has no discretion to deem or to refuse to deem admissions admitted?" |
| 2509 | In re Marriage of Chesrow, 255 Ill. App. 3d 613, 618 (1994) | 4 | Party seeking continuance must provide court with especially grave reasons for continuance once case has reached trial stage because of potential inconvenience to witnesses, parties, and court. Sup.Ct.Rules, Rule 231(f). | The party seeking a continuance must provide the court with especially grave reasons for a continuance once the case has reached the trial stage because of the potential inconvenience to the witnesses, the parties, and the court. | "Should the party seeking continuance provide a trial court with especially grave reasons for continuance once a case has reached the trial stage because of potential inconvenience to witnesses, parties, and court?" |

| 2510 | In re Marriage of Gallagher, 256 Ill. App. 3d 439, 442-43 (1993) | 4 | When continuance is not requested until the day of trial, especially persuasive reason must be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court. Sup.Ct.Rules, Rule 231(f). | When a continuance is not requested until the day of the trial, Supreme Court Rule 231(f) (134 Ill.2d R. 231(f)) requires that an especially persuasive reason be given by the moving party because of the potential inconvenience to the witnesses, the parties and the court. | "When continuance is not requested until the day of trial, must an especially persuasive reason be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court?" |
|---|---|---|---|---|---|
| 2511 | Peagler v. Skyline Shopping Ctr., 662 So. 2d 282, 283 (Ala.Civ.App., 1995) | 1 | Trial court's denial of motion for continuance on ground attorney is involved in trial of another case will generally be affirmed in exercise of trial court's broad discretion; in order for denial to be abuse of discretion, it must be shown that: attorney is actually engaged in trial of other cause at the time set for trial; other professional advice is unavailable; and meritorious cause of action or defense cannot be competently offered in absence of the attorney. | Our supreme court stated that the mere fact that an attorney is involved in the trial of another case elsewhere does not confer an absolute right to a continuance. A trial court's denial of a motion for a continuance under such circumstances will generally be affirmed as exercise of the trial court's broad discretion in such matters. Our supreme court further recognized that there may be cases where the denial of a motion for a continuance under such circumstances might be considered an abuse of the trial court's discretion. Our supreme court emphasized that in order for the denial of a motion for a continuance to be considered an abuse of discretion, it must be shown that (1) the attorney is actually engaged in the trial of the other cause at the time set for trial, (2) other professional advice is unavailable, and (3) a meritorious cause of action or defense cannot be competently offered in the absence of the attorney. | When do courts consider the denial of motion for continuance an abuse of discretion of the court? |
| 2512 | Pitcher v. Laird, 421 F.2d 1272, 1281 (C.A.5 (Tex.), 1970) | 6 | Since sole basis of serviceman's conscientious objection claim was not a personal moral code, his request for discharge could not be denied on grounds that his beliefs were based upon philosophical views or personal moral code. | Since the sole basis of Pitcher's conscientious objection claim is not a personal moral code, his request for discharge cannot be denied on grounds that his beliefs are based upon philosophical views or a personal moral code. | Can a serviceman's request for discharge be denied on grounds that his beliefs were based upon philosophical views or personal moral code? |
| 2513 | United States v. Ganim, 510 F.3d 134, 149 (C.A.2 (Conn.), 2007) | 10 | Bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor. | Thus, bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the "favors and gifts flowing to a public official [are] in exchange for a pattern of official actions favorable to the donor. | "If favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor, can bribery be accomplished through an ongoing course of conduct?" |

| | | | | | |
|---|---|---|---|---|---|
| 2515 | Laino v. Cuprum S.A. de C.V, 235 A.D.2d 25, 29, 663 (N.Y.S.2d Sup. Ct. 1997) | 2 | Letters rogatory are but one of several procedural devices by which court in one country may request authorities in another country to assist requesting court in the administration of justice. Fed.Rules Civ.Proc.Rules 4(f), 28(b), 28 U.S.C.A.; McKinney's CPLR 3108, 3113(a), par. 3. | Letters rogatory are but one of several procedural devices by which a court in one country may request authorities in another country to assist the requesting court in the administration of justice | Are letters rogatory one of several procedural devices by which a court in one country may request authorities in another country to assist? |
| 2516 | J & B Slurry Seal Co. v. Mid-S. Aviation, 88 N.C. App. 1, 17 (1987) | 10 | Since judgment without necessary joinder is void, trial court should, on its own motion, order continuance to provide reasonable time for necessary parties to be joined. | Since a judgment without such necessary joinder is void, a trial court should, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined. | "Since judgment without necessary joinder is void, should a trial court order continuance to provide reasonable time for necessary parties to be joined?" |
| 2517 | Dolman v. Saltzman, 100 R.I. 327, 330 (1965) | 4 | Superior Court under rules may grant continuance upon terms or conditions and withhold execution thereof until subsequent determination that ground upon which continuance was sought is meritorious. | It is our opinion that the superior court under Rule 15 may grant a continuance upon terms or conditions and withhold the execution thereof until a subsequent determination that the ground upon which the continuance was sought is meritorious. | Can a court grant a continuance upon terms or conditions and withhold the execution thereof until a subsequent determination that the ground upon which the continuance was sought is meritorious? |
| 2520 | Hardcastle v. Harris, 170 S.W.3d 67, 83-84 (Tenn. App. 2004) | 23 | While a trial court may grant a continuance to enable a party to respond effectively to an amended pleading, such decisions are discretionary, and appellate courts will not second-guess a trial court's decision regarding a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed. Rules Civ.Proc., Rule 15.01. | While a trial *84 court may grant a continuance to enable a party to respond effectively to an amended pleading, Gardiner v. Word, 731 S.W.2d at 890; Walden v. Wylie, 645 S.W.2d 247, 250 (Tenn.Ct.App.1982), these decisions are discretionary. Appellate courts will not second-guess a trial court's decision regarding a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed. | Will appellate courts not second-guess a trial court's decision regarding a continuance unless the record shows a clear abuse of discretion? |
| 2521 | Sullivan v. Hopkins, 40 Conn. Supp. 183, 184 (1984) | 1 | Where punitive damages are sought, party's financial status becomes relevant consideration and may be discovered since penal nature of damages requested requires jury to levy fine sufficient to punish defendant for his actions. Practice Book 1978, S 218. | Where punitive damages are sought, a party's financial status becomes a relevant consideration and may be discovered since the penal nature of the damages requested requires the jury to levy a fine sufficient to punish the defendant for his actions. | "Where punitive damages are sought, does financial status become a relevant consideration?" |
| 2522 | Oryx Capital Int'l v. Sage Apartments, 167 S.W.3d 432, 438 (Tex. App. 2005) | 2 | Plaintiffs generally have an absolute, unqualified right to take a non-suit upon timely motion as long as the defendant has not made a claim for affirmative relief. | We recognize that plaintiffs, like Sage, generally have " 'an absolute, unqualified right to take a non-suit upon timely motion as long as [the] defendant has not made a claim for affirmative relief. | "Do plaintiffs generally have an absolute, unqualified right to take a non-suit upon timely motion as long as the defendant has not made a claim for affirmative relief?" |

| | | | | | |
|---|---|---|---|---|---|
| 2523 | In re Estate of Simmons, 362 Ill. App. 3d 944, 946-47 (2005) | 5 | A client has a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien; the lawyer may not compel the continuation of the lawsuit to protect his lien because the lien is inferior to the client's right to dismiss the action. | A client has a *947 right to dismiss his suit at will, even if he had a contingent- fee agreement with his lawyer and the lawyer had served notice of his attorney's lien; and the lawyer may not compel the continuation of the lawsuit to protect his lien because the lien is inferior to the client's right to dismiss the action. | "Does a client have a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien?" |
| 2525 | Salz v. State House Commission, 18 N.J. 106, 111–13 (1955) | 5 | A public "pension", while not contractual in nature, is akin to wages and salary in that it is payable in stated installments for the maintenance of servant after productive years have ended, and is basically recompense for past services or allowance in consideration of surrender of rights or emoluments to one retired from service. | A public pension, while not contractual in nature, is akin to wages and salaries in that it is payable in stated *112 installments for the maintenance of the servant after his productive years have ended, and is basically a recompense for past services. Passaic National Bank & Trust Co. v. Eelman, 116 A 'pension' is a stated allowance or stipend in consideration of past services or of the surrender of rights or emoluments to one retired from service. | Is a public pension akin to wages and salary? |
| 2528 | Town of Rocky Hill v. SecureCare Realty, 315 Conn. 265, 278 (Conn., 2015) | 8 | If the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits; an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties. | Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits.... An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties. | "If the question of jurisdiction is intertwined with the merits of the case, can a court resolve the jurisdictional question on a motion to dismiss for lack of subject matter jurisdiction without a hearing to evaluate those merits?" |
| 2529 | Eaker v. Gower, 189 N.C. App. 770, 772-73 (2008) | 2 | Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to *773 dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues. .... | Are three procedural postures for a motion to dismiss for lack of personal jurisdiction typical? |

| 2530 | 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581, 595-96 (1999) | 6 | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | We conclude that the core of the definition of a special assessment that makes the imposition a special assessment rather than a general tax is not that the benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby. Rather, the special assessment is used to provide a combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance *596 the value and/or the use or function of the properties that are subject to the special assessment. | Is special assessment used to provide combination of services and improvements that are intended and designed to benefit particular properties? |
| 2531 | Am. Bible Soc. v. Lewisohn, 48 A.D.2d 308, 310, 369 N.Y.S.2d 725, 728 (App. Div. 1975) | 7 | State has great freedom in selecting subjects of taxation and in granting exemptions and neither due process clause nor equal protection clause imposes any rigid limitations upon state's power to devise reasonable tax policies. | However, as indicated earlier, '(t)he State has great freedom in selecting the subjects of taxation and in granting exemptions and neither the due process clause nor the equal protection clause imposes any rigid limitations upon the State's power to devise reasonable tax policies.' | Does the state have great freedom in selecting subjects of taxation and in granting exemptions? |
| 2532 | State v. Schenkolewski, 301 N.J. Super. 115, 138-139 (1997) | 4 | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | Under N.J.S.A. 2C:27-2, neither the offeror nor the recipient of the bribe need be a public official to prove bribery. Rather, it is sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty, whether or not he was capable of actually effecting *139 such an act. | Does the offeror or recipient of a bribe need to be a public official in order to prove bribery? |
| 2539 | Davis v. Solondz, 122 A.D.2d 401, 401, 504 N.Y.S.2d 804, 805 (App. Div. 1986) | 2 | Where unlawful intent is issue, evidence of other similar acts would be admissible at trial to negate existence of innocent state of mind and would likewise be relevant and hence discoverable. | Thus, where unlawful intent is an issue, evidence of other similar acts would be admissible at trial to negate the existence of an innocent state of mind (id.), and would likewise be relevant and, hence, discoverable. | "Where unlawful intent is an issue, will evidence of other similar acts be admissible at trial to negate the existence of an innocent state of mind?" |

| 2542 | Posey v. Proper Mold & Eng'g, 378 S.C. 210, 217 (Ct. App. 2008) | 8 | The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss, rather than a motion for summary judgment. Rules Civ.Proc., Rules 12(b)(1), 56. | The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. Woodard v. Westvaco Corp., 319 S.C. 240, 460 S.E.2d 392(1995), overruled on other grounds by Sabb v. *441 South Carolina State Univ., 350 S.C. 416, 567 S.E.2d 231 (2002). | "Is the proper procedure for raising lack of subject matter jurisdiction prior to trial to file a motion to dismiss, rather than a motion for summary judgment?" |
| 2543 | Woodard v. Westvaco Corp., 315 S.C. 329, 332, 433 S.E.2d 890, 891-92 (Ct. App. 1993) | 2 | Proper procedure for raising lack of subject matter jurisdiction prior to trial is to file motion to dismiss for lack of subject matter jurisdiction, rather than motion for summary judgment. Rules Civ.Proc., Rule 12(b)(1), 56. | The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. | "Is the proper procedure for raising lack of subject matter jurisdiction prior to trial a motion to dismiss, rather than a motion for summary judgment?" |
| 2544 | Parris v. Douthit, 287 Ga. 119, 119 (2010) | 1 | Under pleading rule, the trial court may hear and determine a defense in abatement based upon improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. West's Ga.Code Ann. S 9-11-12(d). | Under OCGA 9-11-12(d), the trial court may hear and determine a defense in abatement such as improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. | "Under pleading rule, may the trial court hear and determine a defense in abatement based upon improper venue prior to trial without submitting it to a jury?" |
| 2545 | Com. v. Cent. Realty Co., 338 Pa. 172, 180-81, 12 A.2d 312, 316 (1940) | 2 | State taxes are essential to very preservation of state itself, while local levies are authorized or permitted by state merely to maintain machinery of local government, and commonwealth's direct revenues must be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise. | 'State taxes stand on a different basis from local levies; the former are essential to the very 'preservation' of the state itself (Schoyer v. Comet O. & R. Co., 284 Pa. 189, 193, 130 A. 413), while the latter are authorized or permitted by the state, not for its actual preservation, but merely to maintain the machinery of local government. So far as general principles enter into the matter, the basic interest of the sovereign authority requires the direct revenues of the commonwealth *181 to be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise.' See also Harper v. | Are state taxes essential to the very preservation of a state itself? |

| 2546 | Penn Dairies v. Milk Control Comm'n of Pennsylvania, 318 U.S. 261, 270-271 (U.S.Pa., 1943) | 5 | The constitution presupposes continued existence of states functioning in coordination with federal government, with authority in states to lay taxes and to regulate their internal affairs and policy, and that state regulation like state taxation imposes some burdens on federal government. U.S.C.A.Const. art. 6, cl. 2. | We have recognized that the Constitution presupposes the continued existence of the states functioning in coordination with the national government, with authority in the states to lay *271 taxes and to regulate their internal affairs and policy, and that state regulation like state taxation inevitably imposes some burdens on the national government of the same kind as those imposed on citizens of the United States within the state's borders. | "Does the constitution presupposes continued existence of states functioning in coordination with federal government, with authority in states to lay taxes?" |
| 2548 | Bame v. Lipsett, 172 Neb. 623, 628, 111 N.W.2d 380, 383 (1961) | 6 | Where a right has been created by statute which did not exist at common law, Legislature may impose restrictions thereon, and conditions so imposed qualify and are integral part of act and must be fully complied with in manner therein prescribed. | At any rate in Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N.W. 139, 140, this court, in construing this Workmen's Compensation Act in regard to the statute of limitations, therein said: "Where a right has been created by statute which did not exist at the common law, the legislature may impose restrictions thereon, and the conditions so imposed qualify and are an integral part of the act and must be fully complied with in the manner therein prescribed." | "Did the workers compensation act create rights which did not exist at common law, and can the legislature place such restrictions thereon, as it sees fit?" |
| 2551 | McKown v. United States, 908 F. Supp. 2d 1122, 1125 (E.D. Cal. 2012), aff'd, 613 F. App'x 656 (9th Cir. 2015) | 3 | Where a mining claim is located on federal land withdrawn from mineral entry under the Wilderness Act, the claimant must prove discovery of a valuable mineral deposit at the time of a withdrawal; claimant must also demonstrate that the mining claim is valid at the time of the contest hearing. Wilderness Act, S 2 et seq., 16 U.S.C.A. S 1131 et seq. | Where a mining claim is located on land withdrawn from mineral entry under the Wilderness Act, 16 U.S.C. §§ 1131–36, the claimant must prove discovery of a valuable mineral deposit at the time of a withdrawal. See Wilderness Soc'y v. Dombeck, 168 F.3d 367, 375 (9th Cir.1999); United States v. Mavros, 122 IBLA 297, 301 (1992) ("When land is withdrawn from the operation of the mining laws the existence of a discovery on the date of withdrawal is critical to a validity determination.") (citing Cameron v. United States, 252 U.S. 450, 456, 40 S.Ct. 410, 64 L.Ed. 659 (1920)). The claimant must also demonstrate that the mining claim is valid at the time of the contest hearing. | "Where a claim is located on land withdrawn from mineral entry pursuant to the Wilderness Act, must a claim be supported by a discovery of a valuable mineral deposit at the time of withdrawal?" |

| 2553 | Alex N. Sill Co. v. Fazio, 2 Ohio App. 3d 65, 65 (1981) | 3 | Party has duty to move for continuance due to conflicting trial assignment dates of counsel within reasonable time after such party's case is set for trial and the conflict thus created; motion for a continuance not made within a reasonable time is untimely, and court does not abuse its discretion in overruling an untimely motion for a continuance. Municipal and County Courts Superintendence Rule 16(B). | A party has a duty to move for a continuance due to conflicting trial assignment dates of counsel within a reasonable time after such party's case is set for trial and the conflict thus created. A motion for continuance not made within a reasonable time is untimely, and the court does not abuse its discretion in overruling an untimely motion for continuance. | Are granting or refusal of continuance or time to prepare matters within the discretion of the trial court and will not be disturbed absence a showing of clear abuse of such discretion? |
| 2554 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117, 119 (1996) | 1 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. | "Is the inquiry, whether a complaint states facts that would grant the district court subject matter jurisdiction on a motion to dismiss?" |
| 2556 | State v. NV Sumatra Tobacco Trading Co., 403 S.W.3d 726, 739 (Tenn., 2013) | 3 | A motion to dismiss for lack of personal jurisdiction, which challenges the trial court's authority to hear the case, is ideally addressed as a threshold issue. Rules Civ.Proc., Rule 12.02(2). | A Tenn. R. Civ. P. 12.02(2) motion to dismiss for lack of personal jurisdiction, which challenges the trial court's authority to hear the case, is ideally addressed as a threshold issue. | Is a motion to dismiss for lack of personal jurisdiction which challenges the trial court's authority to hear the case ideally addressed as a threshold issue? |
| 2558 | Robinson v. Williams ex rel. Estate of Dunn, 280 Ga. 877, 878 (Ga., 2006) | 2 | The trial court has the power to impose appropriate sanctions to make effective its pre-trial orders and appellate courts review the action taken for abuse of discretion. | The trial court has the power to impose appropriate sanctions to make effective its pretrial orders and appellate courts review the action taken for abuse of discretion. | Does the trial court have the power to impose appropriate sanctions to make effective its pre-trial orders and appellate courts review the action taken for abuse of discretion? |
| 2560 | Holland v. Lefler, 80 Ark. App. 316, 321 (2003) | 6 | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Service of process under Rule 4(i) must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. | "Should service of process be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend?" |
| 2561 | Crandall Pub. Libr. v. City of Glens Falls, 216 A.D.2d 814, 815, 629 N.Y.S.2d 100, 102 (1995) | 2 | "Taxes" are public burdens imposed generally for governmental purposes benefiting entire community, whereas "ad valorem levy" is assessment imposed for specific municipal improvements which confer special benefit on property assessed beyond that conferred generally. | Taxes are public burdens imposed generally for governmental purposes benefiting the entire community, whereas an ad valorem levy is an assessment imposed for specific municipal improvements which confer a special benefit on the property assessed beyond that conferred generally | "Are ""taxes"" public burdens imposed generally for governmental purposes benefiting entire community?" |

| 2562 | U. S. v. O'Neill, 476 F.2d 295, 297 (C.A.9, 1973) | 2 | In order to properly perform their classification function, local selective service board members must receive and consider all relevant communications from or concerning registrants. | In order to properly perform their classification function, the local board members must receive and consider all relevant communications from or concerning registrants. | Should local selective service board members receive and consider all relevant communications from or concerning registrants in order to properly perform their classification function? |
|---|---|---|---|---|---|
| 2563 | Gray v. City of Opelika, 216 So. 3d 431, 435 (Ala. App. 2015) | 5 | If the party moving to dismiss presents a prima facie showing of the court's lack of in rem jurisdiction, the nonmoving party's jurisdictional allegations carry no presumptive weight; the nonmoving party must then rely on more than the allegations in the complaint by substantiating the jurisdictional allegations with competent proof. Rules Civ.Proc., Rule 12. | We must construe any allegations in the complaint not controverted by the moving party's evidence as true. If the moving party presents a prima facie showing of the court's lack of in rem jurisdiction, the nonmoving party's jurisdictional allegations carry no presumptive weight. The nonmoving party must then rely on more than the allegations in the complaint by substantiating the jurisdictional allegations with competent proof. | "If the party moving to dismiss presents a prima facie showing of the court's lack of in rem jurisdiction, do the nonmoving party's jurisdictional allegations carry no presumptive weight?" |
| 2564 | Scovill Fasteners, Inc. v. Sure-Snap Corp., 207 Ga. App. 539, 539, 428 S.E.2d 435, 436 (1993) | 4 | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | However, when the outcome of the motion to dismiss depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also Behar v. Aero Med Intl., 185 Ga.App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846 [, 366 SE2d 223]. | "When moving to dismiss for lack of personal jurisdiction, can the plaintiff not rely on mere allegations?" |
| 2568 | Cronin v. Kottke Assocs., 2012 IL App (1st) 111632, 975 N.E.2d 680, 691 (2012) | 7 | An order of dismissal with prejudice is a drastic sanction to be entered only where the party's actions show a deliberate, contumacious or unwarranted disregard of the trial court's authority. | An order of dismissal with prejudice is a "drastic sanction" to be entered only "where the party's actions show a deliberate, contumacious or unwarranted disregard of the court's authority. | "Is an order of dismissal with prejudice a drastic sanction to be entered only where the party's actions show a deliberate, contumacious or unwarranted disregard of the trial court's authority?" |
| 2569 | Coppola v. Coppola, 243 Conn. 657, 662 (1998) | 2 | Once action has been brought by service of process on defendant, trial court may thereafter dismiss action for failure to return service of process within mandated time period. C.G.S.A. S 52-46a. | [O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period. | "Once action has been brought by service of process on defendant, can a trial court thereafter dismiss the action for failure to return service of process within the mandated time period?" |

| | | | | | |
|---|---|---|---|---|---|
| 2570 | In re Gosnell, 234 Mich. App. 326, 344 (1999) | 22 | Defects in service of process will generally not warrant dismissal unless the service failed to inform the defendant of the action within the time provided in court rules for service. MCR 2.105(J)(3). | Defects in service of process will generally not warrant dismissal "unless the service failed to inform the defendant of the action within the time provided in these rules for service." MCR 2.105(J)(3); **100  In re Gordon Estate, 222 Mich.App. | Will defects in service of process generally not warrant dismissal unless the service failed to inform the defendant of the action within the time provided in court rules for service? |
| 2571 | Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty., 301 S.W.3d 196, 206–07 (Tenn.,2009) | 8 | When the party asserting that the case has become moot based on the cessation of its own conduct is a government entity or official, the court may, if justified by the circumstances of the case, require the opposing party to demonstrate why the proceeding should not be dismissed for mootness. | However, when the party asserting that the case has become moot based on the cessation of its own conduct is a government entity or official, the court may, if justified by the circumstances of the case, require the opposing party to demonstrate why the proceeding should not be dismissed for mootness. | Can court require the opposing party to demonstrate why the proceeding should not be dismissed for mootness when the party asserting that the case has become moot? |
| 2573 | Perotti v. Ferguson, 454 N.E.2d 951, 952 (Ohio, 1983) | 2 | Before trial court may dismiss case with prejudice for failure to appear at pretrial conference in accordance with local court rule, notice of dismissal must be given to plaintiff's counsel, and if plaintiff is appearing pro se, to plaintiff himself. Rules Civ.Proc., Rule 41(B)(1). | This court's holding today, that before a trial court may dismiss a case with prejudice for failure to appear at a pre- trial conference in accordance with a local court rule, notice of the dismissal must be given to plaintiff's counsel pursuant to the provisions of Civ.R. 41(B)(1), is in accordance with the spirit of Civ.R. | "Before a trial court can dismiss a case with prejudice for failure to appear at a pretrial conference, must notice of dismissal be given to the plaintiff's counsel?" |
| 2574 | Tliche v. Van Quathem, 66 Cal. App. 4th 1054, 1061–62, 78 Cal. Rptr. 2d 458, 462–63 (1998), as modified (Oct. 6, 1998) | 3 | There are at least two limitations or restrictions on trial court's power to dismiss action for noncompliance with local fast track rules: (1) dismissal is inappropriate if noncompliance was responsibility of counsel alone, rather than the party, and (2) dismissal is appropriate only if less severe sanctions would be ineffective. West's Ann.Cal.C.C.P. S 575.2(b); West's Ann.Cal.Gov.Code S 68608(b) | Therefore, there are at least two limitations or restrictions on the trial court's power to dismiss an action for noncompliance with local rules: (1) dismissal is inappropriate if the noncompliance was the responsibility of counsel alone, rather than the party (Code Civ. Proc., § 575.2, subd. (b); Garcia v. McCutchen, supra, 16 Cal.4th at p. 481, 66 Cal.Rptr.2d 319, 940 P.2d 906);and (2) dismissal is appropriate only if less severe sanctions would be ineffective (Gov.Code, § 68608, subd. (b)). | Can the trial court strike out a pleading or dismiss an action as a penalty for noncompliance with its order? |
| 2575 | Healer v. Kansas City Pub. Serv. Co., 251 S.W.2d 66, 68 (Mo. 1952) | 5 | Jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by statute presupposes an order lawfully made. Section 510.140 RSMo 1949, V.A.M.S. | But jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by Section 510.140, presupposes an order lawfully made, one which was within the judicial power of the court to enter. | "Does jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by statute, presuppose an order lawfully made?" |

| 2577 | D. Corso Excavating v. Poulin, 747 A.2d 994, 1000 (R.I. 2000) | 8 | Absent inclusion of unambiguous language that would support contrary conclusion, legislature's enactment of benefits scheme, such as workers' compensation reimbursement benefits, does not rise to level of creating protected property interests, substantive vested rights, or enforceable contractual obligations in prospective recipients until and unless government has accepted liability or has been adjudged liable therefor, and thus, retroactive repeal of scheme cannot be subject of successful due process, just compensation, or contract impairment challenge. U.S.C.A. Const.Amend. 14; Gen.Laws 1956, S 28-37-4 (Repealed). | Absent the inclusion of unambiguous statutory language that would support a contrary conclusion, the General Assembly's mere enactment of a statutory-benefit scheme does not rise to the level of creating protected-property interests, substantive- vested rights, or enforceable-contractual obligations in the prospective recipients of such benefits until and unless the government has accepted liability for such a claim or has been adjudged liable therefor. Hence, such a retroactive repeal cannot be the subject of a successful due-process, just- compensation, or contract-impairment challenge. . | Is a statutory benefit a property interest or a vested right? |
| 2578 | United States v. Andrews, 681 F.3d 509, 527 (3d Cir. 2012) | 17 | An honest services fraud prosecution for bribery after Skilling requires the government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | An honest services fraud prosecution for bribery after Skilling thus requires the Government to prove: (1) that "the payor provided a benefit to a public official intending that he w[ould] thereby take favorable official acts that he would not otherwise take," and (2) that "the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. | What does an honest services fraud prosecution for bribery require the government to prove? |
| 2580 | Leach v. BB & T Corp., 232 F.R.D. 545, 548 (N.D.W. Va. 2005) | 1 | Under West Virginia law, plaintiff whose claim is subject to dismissal for failure to timely serve has two options to avoid dismissal: (1) timely show good cause for not having effected service of summons and complaint, or (2) refile the claim before any time defenses arise and timely effect service under new complaint; showing of good cause must be substantial and not just a ruse. W.Va.Rules Civ.Proc., Rule 4(k). | A plaintiff whose claim is subject to dismissal for failure to timely serve has two options to avoid dismissal: (1) to timely show good cause for not having effected service of summons and complaint; or (2) to refile the claim before any time defenses arise and timely effect service under a new complaint. | "Does the court rule providing for dismissal of action for untimely service of summons give the court the option of setting an extended time for service even absent a showing of good cause, rather than dismissing outright?" |
| 2581 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | "Does court have inherent power, to dismiss an action shown to be sham, in order to prevent abuse of the judicial process?" |

| | | | | | |
|---|---|---|---|---|---|
| 2584 | Turner v. Marine Inland Transp. Co., 08-594 (La. App. 5 Cir. 1/13/09), 7 So. 3d 756, 757, writ denied, 2009-0335 (La. 4/3/09), 6 So. 3d 777 | 1 | Three things are necessary to defeat a motion to dismiss based on abandonment; a party must take some "step" in the prosecution or defense of the action, the step must be done on the record of the suit except for formal discovery, and the "step" must be made within three years of the last "step." LSA-C.C. art. 591. | As discussed in Turner, supra, La.Code Civ. Pro. Art. 591 requires three things to defeat a motion to dismiss based on abandonment. First, a party must take some "step" in the prosecution or defense of the action; second, this step must be done on the record of the suit except for formal discovery; and third, the "step" must be made within three years of the last "step." | What are the requirements to defeat a motion to dismiss based on abandonment? |
| 2585 | Hinds v. Glob. Int'l Marine, 57 So. 3d 1181, 1183-84 (La. App. 2011) | 6 | Any action or step taken in a case to move the case toward judgment should be considered before granting a motion for dismissal for abandonment; dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. LSA-C.C.P. art. 561. | Any *1184 action or step taken in a case to move the case toward judgment should be considered. Dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. | Should any action or step taken in a case to move the case toward judgment be considered before granting a motion for dismissal for abandonment? |
| 2586 | Oltmanns v. Oltmanns, 241 N.C. App. 326, 331 (N.C.App., 2015) | 12 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of an action; accordingly, if the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Is the issue of mootness determined solely by examining facts in existence at the commencement of the action? |
| 2587 | Andrews v. Palmas De Majorca Condo., 898 So. 2d 1066, 1070 (Fla. 2005) | 4 | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when party perpetrates fraud on court or willfully refuses to comply with court order. | A trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a party perpetrates a fraud on the court or willfully refuses to comply with a court order. | Does a trial court have inherent authority to dismiss action when a party perpetrates fraud on court or willfully refuses to comply with court order? |
| 2594 | Util. Workers Union of Am., Loc. 69, AFL-CIO v. Pub. Util. Comm'n, 859 A.2d 847, 850 (Pa. Commw. Ct. 2004) | 4 | A moot case will be dismissed unless at least one of the following exceptions exists: (1) the conduct at issue is likely to be repeated but will necessarily escape judicial review, (2) there is a great public interest in the resolution of the controversy, or (3) one party will suffer a substantial detriment if the controversy is not judicially resolved. | A moot case will be dismissed unless at least one of the following exceptions exists. First, the conduct at issue is likely to be repeated but will necessarily escape judicial review. Second, there is a great public interest in the resolution of the controversy. Third, one party will suffer a substantial detriment if the controversy is not judicially resolved. | Under what exceptions will a moot case not be dismissed? |
| 2595 | Cannon v. United States, 45 F. Supp. 106, 108 (Pa. 1941) | 3 | Congress alone can prescribe the terms on which a claim for benefits under the War Risk Insurance Act may be recovered, and it is not within the province of the court to extend or limit a clear expression of those terms. World War Veterans' Act of 1924, S 19, as amended, 38 U.S.C.A. S 445. | Congress alone can prescribe the terms on which the claim for benefits under the World War Veterans' Act 1924 may be recovered, and it is not within the province of the courts to extend or limit a clear expression of these terms. | Can congress prescribe the terms by which a claim for benefits under the World War Veterans' Act 1924 can be recovered? |

| | | | | | |
|---|---|---|---|---|---|
| 2597 | Wallace v. Jones, 572 So. 2d 371, 376 (Miss. 1990) | 3 | Dismissal for failure to comply with order of district court is appropriate only when there is clear record of delay or contumacious conduct and lesser sanctions would not serve best interest of justice. Rules Civ.Proc., Rule 41(b). | Moreover, dismissal for failure to comply with an order of the district court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. | Is a dismissal for failure to comply with an order of a district court appropriate only when there is a clear record of delay or contumacious conduct? |
| 2598 | Scallan v. Marriott Intl, 995 So. 2d 1066, 1068 (Fla.App. 5 Dist., 2008) | 3 | Although a trial court has discretion to dismiss a complaint for noncompliance with a court's discovery order, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that it has been determined that an order for dismissal should contain an explicit finding of willful noncompliance. | Although a trial court has discretion to dismiss a complaint for noncompliance with a court order, "it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that [an order for dismissal] should contain an explicit finding of willful noncompliance." | "While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, should the dismissal order contain explicit findings of willful noncompliance?" |
| 2599 | D.C. v. Serafin, 617 A.2d 516, 519 (D.C. App. 1992) | 4 | Because dismissal for failure to comply with court order is such an extreme sanction and because of principle preferring trial on merits, trial court's exercise of discretion must be undertaken with care and consistent with well-established standards. Civil Rule 41(b). | Because dismissal is such an extreme sanction and because of the principle preferring trial on the merits, the trial court's exercise of discretion must be undertaken with care and consistent with well-established standards. | "Because dismissal for failure to comply with court order is such an extreme sanction, should a trial court's exercise of discretion be undertaken with care and consistent with well-established standards?" |
| 2600 | Cotten v. Briley, 517 S.W.3d 177, 183 (Tex. App. 2017) | 4 | Under its inherent power to dismiss a case for want of prosecution, the trial court may look at the entire history of the case, including the length of time the case has been on file, the extent of activity or inactivity, whether a trial setting has been requested, and the reasons for not prosecuting the case. | Under its inherent power to dismiss a case, the trial court may look at the entire history of the case, including the length of time the case has been on file, the extent of activity or inactivity, whether a trial setting has been requested, and the reasons for not prosecuting the case. | "Can the court look at the entire history of the case, under its power to dismiss a case for want of prosecution?" |
| 2603 | People v. Patterson, 2012 IL App (1st) 101573, ¶¶ 42-43 (2012) | 12 | Rape shield law bars evidence of the past sexual history of an alleged sexual assault victim, except (1) as evidence of the alleged victim's prior consent to sexual conduct with the defendant, offered to show consent, or (2) when the constitution requires the court to admit the evidence. S.H.A. 725 ILCS 5/115-7(a). | Rape Shield Law [12] [13]   43 Illinois's rape shield law (725 ILCS 5/115- 7(a) (West 2008)) bars evidence of the past sexual history of an alleged sexual assault victim, except (1) as evidence of the alleged victim's prior consent to sexual conduct with the defendant, offered to show consent, or (2) when the constitution requires the court to admit the evidence. | Will rape shield laws bar the admission of a victim's sexual history? |
| 2606 | Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388, 391 (7th Cir. 1995) | 8 | While normally decision to proceed in judicial forum is waiver of arbitration, variety of circumstances may make case abnormal, and then district court should find no waiver or should permit previous waiver to be rescinded. | It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded. | Should the court find no waiver or permit a previous waiver to be rescinded when a variety of circumstances may make the case abnormal? |

| 2610 | Rodolico v. Rubin & Licatesi, P.C., 114 A.D.3d 923, 924, 981 N.Y.S.2d 144, 146 (2014) | 2 | A motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" | Will a motion to dismiss a complaint be granted on the ground that a defense is found on documentary evidence? |
| 2613 | Jones v. Multi-Color Corp., 108 Ohio App. 3d 388, 394 (1995) | 4 | Workers' Compensation Act operates as a balance of mutual compromise between interests of employers and employees whereby employees relinquish their common-law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common-law defenses and are protected from unlimited liability. R.C. S 4123.01 et seq. | The Act [R.C. Chapter 4123] operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. | What do the employees relinquish so the employer can be protected from unlimited liability? |
| 2614 | Eisler v. United States, 170 F.2d 273, 279 (1948) | 13 | Resident alien owes temporary allegiance to government of United States and assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens and is bound to obey all laws of the United States, not immediately relating to citizenship, and is equally amenable with citizens for any infractions of those laws. | Correlatively, an alien resident owes a temporary allegiance to the Government of the United States, and he assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens; he is bound to obey all the laws of the country, not immediately relating to citizenship, and is equally amenable with citizens for any infraction of those laws. | Are aliens in the United States bound to obey all the laws of the country? |
| 2615 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 3 | State may not maintain educational establishment providing secular classes closely integrated with religious instruction, symbols, and observances, even if latter are sole responsibility of private groups, in same buildings during regular school hours. U.S.C.A.Const. Amend. 1. | The State could not itself maintain an educational establishment providing secular classes closely integrated with religious instruction, symbols, and observances- even if the latter were the sole responsibility of private groups- in the same buildings during regular school hours. | Can a state provide secular classes during regular school hours? |
| 2616 | Hillman v. Weatherly, 14 So. 3d 721, 726 (Miss. 2009) | 6 | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." | "Is the propriety of a dismissal with prejudice, bolstered by whether the delay was the result of intentional conduct?" |

| 2617 | United Broth. of Carpenters and Joiners of America, Local Union No. 2371 v. Merchandising Equipment Group, Div. of MEG Mfg. Corp., 963 N.E.2d 602, 607 (Ind.App.,2012) | 7 | Although dismissals for failure to prosecute are generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. Trial Procedure Rule 41(E). | Although dismissals are generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. | Are dismissals generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances? |
| 2618 | Jones v. Rochdale Vill., 96 A.D.3d 1014, 1017 (2012) | 7 | Motion to dismiss for failure to state a cause of action must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | However, "a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (Sokol v. Leader, 74 A.D.3d at 1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. | Should a motion to dismiss for failure to state a cause of action be denied unless it can be said that no significant dispute exists regarding it? |
| 2619 | Moses v. Dirghangi, 430 S.W.3d 371, 376 (Tenn. Ct. App. 2013) | 9 | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted seeks only to determine whether the pleadings state a claim upon which relief can be granted, and challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. Rules Civ.Proc., Rule 12.02(6). | In short, a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. | Does a motion to dismiss based upon the rule governing motions to dismiss for failure to state a claim require a court to determine if the pleadings state a claim upon which relief can be granted? |
| 2620 | Professional Executive Center v. LaSalle Nat. Bank, 211 Ill. App. 3d 368, 377 (1991) | 1 | To state cause of action, complaint must be both legally and factually sufficient; complaint must set forth legally recognized claim as its basis for recovery and must plead facts which bring claim within legally recognized cause of action alleged, and failure to meet both requirements mandates dismissal of complaint. | To state a cause of action, a complaint must be both legally and factually sufficient; it must set forth a legally recognized claim as its basis for recovery and must plead facts which bring the claim within the legally recognized cause of action alleged. Failure to meet both requirements mandates dismissal of the complaint. | "To survive a motion to dismiss for the failure to state a cause of action, should a complaint be both legally and factually sufficient?" |
| 2621 | Glynne v. Wilson Med. Ctr., 236 N.C. App. 42, 47 (2014) | 3 | A complaint is properly subject to dismissal for failure to state a claim when one of the following three conditions is satisfied: (1) the complaint reveals that no law supports the plaintiff's claim; (2) the complaint reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | A complaint is properly subject to dismissal pursuant to N.C. Gen.Stat.  1A-1, Rule 12(b)(6) when " 'one of the following three conditions is satisfied: (1) the complaint ... reveals that no law supports the plaintiff's claim; (2) the complaint ... reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.' " | Is a complaint properly subject to dismissal when one of the three conditions is satisfied? |

| 2622 | Kyocera Corp. v. Hemlock Semiconductor, 313 Mich. App. 437, 445 (2015) | 3 | Summary disposition tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. MCR 2.116(C)(8). | "MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted." | Does a summary disposition under MCR 2.116(C)(8) test the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief can be granted? |
| --- | --- | --- | --- | --- | --- |
| 2623 | Highland Paving Co. v. First Bank, 227 N.C. App. 36, 44 (2013) | 11 | While concept of notice pleading is liberal in nature, complaint must nonetheless state enough to give substantive elements of legally-recognized claim, or it may be dismissed for failure to state a claim upon which relief can be granted. Rules Civ.Proc., Rules 8(e)(1), 12(b)(6), West's N.C.G.S.A. S 1A-1. | "While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give substantive elements of a legally recognized claim or it may be dismissed under Rule 12(b)(6)." | "While concept of notice pleading is liberal in nature, should a complaint nonetheless state enough to give substantive elements of a legally-recognized claim?" |
| 2624 | Rainbow Home Health v. Schmidt, 76 S.W.3d 53, 56 (Tex. App. 2002) | 5 | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the Supreme Court's time standard; and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1, 2). | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to TEX.R. CIV. P. 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to TEX.R. CIV. P. 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. | Can court dismiss a case when a party fails to appear at a hearing or trial? |
| 2625 | Jenkins v. Tucker, 18 So. 3d 265, 270 (Miss. Ct. App. 2009) | 3 | Dismissals for want of prosecution should be employed reluctantly, and while there is no set time limit for the prosecution of an action where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. Rules Civ.Proc., Rule 41(b). | Dismissals for want of prosecution should be employed reluctantly, and while "[t]here is no set time limit for the prosecution of an action ... where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." | "Should the court first look to see if there is a record of dilatory or contumacious conduct by the plaintiff, in analyzing the dismissal of a case for lack of prosecution?" |
| 2626 | Harvard Crimson, Inc. v. President And Fellows Of Harvard Coll., 445 Mass. 745, 748, 840 N.E.2d 518, 521 (2006) | 2 | Purpose of motion to dismiss for failure to state a claim upon which relief can be granted is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient. Rules Civ.Proc., Rule 12, 43A M.G.L.A.(b)(6). | [2] [3] [4] The purpose of rule 12(b)(6) is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient. | Is dismissal for failure to state a claim upon which relief can be granted appropriate where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient? |
| 2628 | Maxum Foundations v. Salus Corp., 779 F.2d 974, 982 (4th Cir. 1985) | 6 | Where a third-party action does not involve additional discovery or procedural burdens for the original plaintiff, mere filing of a third-party complaint by a party that seeks arbitration will not permit a court to find that the right to arbitrate has been waived. | When, as here, the third-party action does not involve additional discovery or procedural burdens for the original plaintiff, the mere filing of a third-party complaint by a party that seeks arbitration will not permit a court to find that the right to arbitrate has been waived. | Does the filing of a third-party complaint by a party that seeks arbitration permit a court to find that the right to arbitrate has been waived? |

| | | | | |
|---|---|---|---|---|
| 2630 | Dixon v. 105 W. 75th St. LLC, 148 A.D.3d 623, 626–27, 53 N.Y.S.3d 1, 6 (2017) | 2 | In considering the documents offered by the movant to negate the claims in the complaint, a court must adhere to the concept that the allegations in the complaint are presumed to be true, and that the pleading is entitled to all reasonable inferences; however, while the pleading is to be liberally construed, the court is not required to accept as true factual allegations that are plainly contradicted by documentary evidence. McKinney's CPLR 3211(a)(1). | In considering the documents offered by the movant to negate the claims in the complaint, a court must adhere to the concept that the allegations in the complaint are presumed to be true, and that the pleading is entitled to all reasonable inferences (see Leon, 84 N.Y.2d at 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511). However, while the pleading is to be liberally construed, the court is not required to accept as true factual allegations that are plainly contradicted by documentary evidence (Robinson v. Robinson, 303 A.D.2d 234, 235, 757 N.Y.S.2d 13 [1st Dept. 2003] ). | "In considering the documents offered by the movant to negate the claims in the complaint, should a court adhere to the concept that the allegations in the complaint are presumed to be true?" |
| 2631 | Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575, 586 (2005) | 4 | On motion to dismiss, it is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted. | It is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted. | In determining whether allegations of complaint are sufficient to state a cause of action should a court view allegations of a complaint in light most favorable to a plaintiff? |
| 2633 | THI of New Mexico at Vida Encantada v. Lovato, 848 F. Supp. 2d 1309, 1332 (D.N.M., 2012) | 36 | An important consideration in assessing waiver of the right to arbitration is whether the party now seeking arbitration is improperly manipulating the judicial process; evidence of such manipulation includes a delay in suggesting arbitration until substantial discovery has been completed, or until the eve of trial. | Further, "[a]n important consideration in assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process." Id. Evidence of such manipulation includes "a delay in suggesting arbitration until substantial discovery has been completed, … or until the eve of trial." | Is a delay in suggesting arbitration until substantial discovery has been completed evidence of manipulation of the judicial process? |
| 2634 | Hopkins Auto. Equip. Co. v. Lyon, 59 Ga. App. 468, 1 S.E.2d 460, 462 (Ga. App. 1939) | 4 | Prior to adoption of Negotiable Instruments Law "irregular indorser" or "accommodation indorser" who merely wrote name on note to guarantee payment and whose signature was not necessary to transfer title was "surety" not liable as "indorser," and liability was barred after lapse of 6 years unless signature was under seal. Code 1933, SS 14-604, 14-605. | Prior to the adoption of the uniform negotiable instruments law, an irregular indorser, or an accommodation indorser, who merely wrote his name thereon to guarantee payment and whose signature was not necessary to transfer title, was surety and not liable on the paper as indorser and unless such signature was under seal his liability thereunder was barred after the lapse of six years. | What was the situation prior to the adoption of the uniform negotiable instruments law? |

| 2635 | Mazzei v. Kyriacou, 98 A.D.3d 1088, 1089, 951 N.Y.S.2d 557, 559 (2012) | 2 | In reviewing a motion to dismiss an affirmative defense as meritless, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference. McKinney's CPLR 3211(b). | "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Fireman's Fund Ins. Co. v. Farrell, 57 A.D.3d 721, 723, 869 N.Y.S.2d 597). | "In reviewing a motion to dismiss an affirmative defense as meritless, should the court liberally construe the pleadings in favor of the party asserting the defense?" |
| 2636 | Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473, 475 (Ind. App. 1996) | 4 | In determining whether claim should be dismissed for lack of subject-matter jurisdiction, trial court may weigh evidence to determine if requisite jurisdictional facts exist and to resolve factual disputes. | When determining whether an on-the-job injury claim should be dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits, and any other evidence submitted. In addition, the court may weigh the evidence to determine the existence of the requisite jurisdictional facts and resolve factual disputes. | "In determining whether claim should be dismissed for lack of subject-matter jurisdiction, can a trial court weigh evidence to determine if requisite jurisdictional facts exist?" |
| 2637 | Lumry v. State, 49 Kan. App. 2d 276, 296, 307 P.3d 232, 246 (2013) | 18 | When faced with a motion to dismiss for failure to state a claim, the court must decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine. West's K.S.A. 44-1202(a), 44-1210(b). | In fact, when faced with a motion to dismiss for failure to *297 state a claim, the court must decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine. | "When faced with a motion to dismiss for failure to state a claim, should the court decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine?" |
| 2638 | Collura v. L & E Concrete Pumping, Inc., 454 Pa. Super. 572, 579, 686 A.2d 392, 396 (1996) | 8 | Doctrine of non pros has developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics; by same respect, however, defendant will not be allowed to intentionally prejudice plaintiff in prosecution of case. | [8]  The doctrine of non pros has developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics. Mudd v. Nosker Lumber, Inc., 443 Pa.Super. 483, 662 A.2d 660 (1995) (citation omitted). By the same respect, however, a defendant will not be allowed to intentionally prejudice a plaintiff in the prosecution of a case. | Has doctrine of non pros developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics? |
| 2639 | City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex. App. 1992) | 1 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or trial; when case has not been disposed of within Supreme Court's time standard; and by court's inherent power to dismiss when case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4; Judicial Administration Rules, V.T.C.A., Government Code Title 2, Subtitle F App., Rule 6b(2). | A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or trial, rule 165a(1); (2) when the case has not been disposed of within the supreme court's time standards, rule 165a(2); and (3) by the court's inherent power to dismiss when the case has not been prosecuted with due diligence. | Can the court dismiss a case for want of prosecution by court's inherent power to dismiss when the case has not been prosecuted with due diligence? |

| 2644 | Bond v. Messerman, 391 Md. 706, 718 (2006) | 2 | If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. Md.Rule 322(a). | If additional facts are necessary to decide the motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other **998 evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. | "When a motion to dismiss is based upon lack of jurisdiction, can the court consider affidavits on the motion to dismiss without converting the motion into a motion for summary judgment?" |
|---|---|---|---|---|---|
| 2645 | People v. Gagnon, 21 Misc. 3d 594 | 2 | Specific intent to cause fear of serious bodily injury is gravamen of offense of felony menacing, C.R.S. 18-3-206; while it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, what the victim saw or heard and his reactions thereto are relevant considerations in determining whether defendant had the requisite intent to place victim in fear. | The specific intent to cause fear of serious bodily injury is the gravamen of this offense. People v. McPherson, 200 Colo. 429, 619 P.2d 38 (1980); § 18–3–206, C.R.S. (1978 Repl.Vol. 8). While it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, People v. Stout, 193 Colo. 466, 568 P.2d 52 (1977), nonetheless what the victim saw or heard, and his reactions thereto, are relevant considerations in determining whether defendant had the requisite intent to place him in fear. | What are relevant considerations in determining whether defendant had the requisite intent to place the victim in fear? |
| 2647 | O'Callaghan v. Satherlie, 2015 IL App (1st) 142152, ¶ 19, 36 N.E.3d 999, 1006 | 11 | Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record; however, courts allow some overlap between motions filed under these rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint. S.H.A. 735 ILCS 5/2-615, 5/2-619. | In addition, although section 2–619, like section 2–615, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record. Illinois Graphics Co., 159 Ill.2d at 485, 203 Ill.Dec. 463, 639 N.E.2d 1282. With that said, courts have allowed section 2–619 motions even though the only grounds for dismissal may be a defect on the face of the pleadings. Id. Accordingly, courts allow some overlap between motions filed under section 2–615 and 2–619. Id.; Murcia v. Textron, Inc., 342 Ill.App.3d 433, 437, 277 Ill.Dec. 105, 795 N.E.2d 773 (2003).A confluence between the two sections exists where an affirmative matter is apparent on the face of the complaint. | Do courts allow some overlap between motions filed under rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint? |
| 2649 | US Chem. Storage, LLC v. Berto Constr., Inc., 253 N.C. App. 378, 382, 800 S.E.2d 716, 720 (2017) | 8 | If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint. N.C. R. Civ. P. 12(b)(2). | "[I]f the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations [in the complaint] can no longer be taken as true or controlling and plaintiff[ ] cannot rest on the allegations of the complaint." Id. | "If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, can the allegations in the complaint no longer be taken as true or controlling?" |

| 2651 | Nasca v. Sgro, 130 A.D.3d 588, 588, 13 N.Y.S.3d 188, 190 (2015) | 3 | A court is permitted to consider evidentiary material in support of a motion to dismiss for failure to state a cause of action, and, if it does so, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | "A court is, of course, permitted to consider evidentiary material … in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153),and, if it does so, "the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (id. at 1181–1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). | Is a court permitted to consider evidentiary material in support of a motion to dismiss for failure to state a cause of action? |
| 2652 | Kowalski-Schmidt v. CLS Mortg., 981 F. Supp. 105, 108 (E.D.N.Y. 1997) | 3 | Court may determine pretrial motion to dismiss for lack of personal jurisdiction on basis of affidavits alone, it may permit discovery in aid of motion, or it may conduct evidentiary hearing on motion's merits. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | [The Court] may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. | "Does the trial court have discretion to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, to permit discovery?" |
| 2653 | Com. v. Swan, 73 Mass. App. Ct. 258, 260-61 (2008) | 1 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | However, decisional law requires proof of five elements to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks; *261 (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so "as to produce alarm or shock"; (5) thereby actually shocking or alarming one or more persons. | What is required to prove gross lewdness? |
| 2654 | Com. v. Swan, 73 Mass. App. Ct. 258, 260-61 (2008) | 1 | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | However, decisional law requires proof of five elements to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks; *261 (2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so "as to produce alarm or shock"; (5) thereby actually shocking or alarming one or more persons. | What is required to prove lascivious behavior? |
| 2655 | Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004) | 14 | The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. | Also available to defendants in such cases is the doctrine of equitable estoppel, which "is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." | Is equitable estoppel proverly invoked where enforcement of the rights of one party would work an injustice upon the other party? |

| | | | | | |
|---|---|---|---|---|---|
| 2656 | Dev. Corp. of Palm Beach v. WBC Const., 925 So. 2d 1156, 1160 (Fla. App. 2006) | 7 | If only the motion to dismiss for lack of personal jurisdiction is filed, then the defendant merely raises the legal sufficiency of the pleadings; when, however, the defendant files affidavits contesting the factual assertions of jurisdiction or the existence of minimum contacts, the burden then shifts to the plaintiff to file counter-affidavits supporting its position. | When a defendant challenges jurisdiction, the defendant files a motion to dismiss. If the motion alone is filed, then the defendant merely raises the legal sufficiency of the pleadings. When, however, the defendant files affidavits contesting the factual assertions of jurisdiction or the existence of minimum contacts, the burden then shifts to the plaintiff to file counter-affidavits supporting its position. | Can a defendant contest jurisdictional allegation of a complaint or claim a lack of sufficient minimum contacts? |
| 2658 | Dakota Cheese v. Taylor, 525 N.W.2d 713, 716 (S.D. 1995) | 7 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all facts and circumstances of particular case, plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Should dismissal of cause of action for failure to prosecute be granted after considering all facts and circumstances of particular case? |
| 2660 | House v. State of California, 119 Cal. App. 3d 861, 874, 174 Cal. Rptr. 279, 286 (Ct. App. 1981) | 2 | If summons has not been served and return made within three years after commencement of action, dismissal of complaint is mandatory if plaintiff fails to prove reasonable diligence in attempting to serve and return summons. West's Ann.Code Civ.Proc. S 581a(a). | If the summons has not been served and return made within three years after the commencement of the action, dismissal of the complaint under Code of Civil Procedure section 581a, subdivision (a),10 is mandatory if the plaintiff fails to prove reasonable diligence in attempting to serve and return summons. | Is dismissal of complaint mandatory if plaintiff fails to prove reasonable diligence in attempting to serve and return summons? |
| 2661 | Suffolk Cnty. Water Auth. v. Dow Chem. Co., 44 Misc. 3d 569, 577–78, 987 N.Y.S.2d 819, 825 (N.Y. Sup. 2014) | 2 | In assessing a motion to dismiss for failure to state a cause of action, a court is free to consider affidavits submitted to aid in support of allowing the complaint to stand. McKinney's CPLR 3211(a)(7). | In assessing a motion under CPLR § 3211(a)(7), a court is free to consider affidavits submitted to aid in support of allowing the complaint to stand, Leon v. Martinez, 84 N.Y.2d 83, 614 N.Y.S.2d 972, 638 N.E.2d 511 (1994); Endless Ocean, LLC v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587, 979 N.Y.S.2d 84 (2d Dep't 2014). | "In assessing a motion to dismiss for failure to state a cause of action, is a court free to consider affidavits submitted to aid in support of allowing the complaint to stand?" |

| 2662 | Ashwood Cap., Inc. v. OTG Mgmt., Inc., 99 A.D.3d 1, 10, 948 N.Y.S.2d 292, 299 (2012) | 14 | On a motion to dismiss, a court must read the complaint liberally, accept as true the facts alleged, and accord plaintiff the benefit of every possible inference; further, a court must consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve inartfully pleaded, but potentially meritorious, claims. | On a motion to dismiss we must read the complaint liberally, accept as true the facts alleged, and accord plaintiff the benefit of every possible inference (see 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 151–152, 746 N.Y.S.2d 131, 773 N.E.2d 496 [2002] ).Further, we must consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve "inartfully pleaded, but potentially meritorious, claims" (Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970 [1976] ). | "Should a court consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve in artfully pleaded, but potentially meritorious, claims?" |
| 2666 | Coleman v. Comm'r of Correction, 137 Conn. App. 51, 56 (2012) | 9 | In reviewing whether a pleading states a cause of action, although the court accepts all well pleaded facts as true, it need not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. | Accordingly, in reviewing whether a pleading states a cause of action, although we accept all well pleaded facts as true, we need not "admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. | "In reviewing whether a pleading states a cause of action, does it need to admit legal conclusions or the truth or accuracy of opinions stated in the pleadings?" |
| 2668 | Beaubien v. Cambridge Consol., Ltd., 652 So. 2d 936, 939 (Fla. App. 1995) | 9 | Defendant wishing to contest allegations of complaint concerning jurisdiction or to raise contention of minimum contacts must file affidavits in support of his position; burden is then placed upon plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. | A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. | Should a defendant wishing to contest allegations of a complaint concerning jurisdiction or to raise contention of minimum contacts file affidavits in support of his position? |
| 2669 | Dworak v. Farmers Ins. Exch., 269 Neb. 386, 393 (2005) | 6 | A "dismissal without prejudice" after failing to timely serve defendants means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Neb.Rev.St. S 25-217. | A dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. | Does a dismissal without prejudice mean that another petition can be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations? |
| 2670 | Drakeford v. Barnett Bank of Tampa, 694 So. 2d 822, 824 (Fla. App. 1997) | 5 | Dismissal of complaint with prejudice is severe sanction which should only be granted when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint in order to state cause of action. | Dismissal of a complaint with prejudice is a severe sanction which should only be granted when the pleader has failed to state a cause of action and it conclusively appears that there is no possible way to amend the complaint in order to state a cause of action. | "Is dismissal with prejudice a severe sanction, which should be granted only when the pleader has failed to state a cause of action and it conclusively appears that the pleader cannot possibly amend?" |

| 2671 | Collier v. City & Cty. of San Francisco, 151 Cal. App. 4th 1326, 1346 (2007) | 10 | To show a fee is a regulatory fee and not a special tax within the meaning of Proposition 13's super-majority requirement for imposing special taxes, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. West's Ann.Cal. Const. Art. 13A, S 4; West's Ann.Cal.Gov.Code S 50076. | [T]o show a fee is a regulatory fee and not a special tax, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. | What does the government have to prove in order to show a fee is a regulatory fee and not a special tax? |
| 2673 | Nelson v. Mercy Health Ctr., 241 P.3d 276, 279 (Okla.Civ.App. Div. 4, 2010) | 5 | Under abuse of discretion standard of review, if an order of dismissal results in a dismissal with prejudice, an appellate court may take a closer look at the circumstances; circumstances which would support a finding of lack of good cause and dismissal without prejudice might well not support such a finding when the dismissal is terminal under the savings statute. 12 Okl.St.Ann. S 100. | If an order of dismissal results in a dismissal with prejudice, as here, an appellate court may take a closer look at the circumstances. "Circumstances which would support a finding of lack of 'good cause' and dismissal without prejudice might well not support such a finding when the dismissal is terminal" due to [12 O.S.2001]... | Can circumstances which would support dismissal without prejudice well support such a finding when the dismissal is terminal? |
| 2675 | Unbank Co., LLP v. Merwin Drug Co., 677 N.W.2d 105, 109 (Minn. Ct. App. 2004) | 8 | A district court's designation of "with prejudice" or "without prejudice" must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred. | We recognize that a district court's designation of "with prejudice" or "without prejudice" must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred. | "Should a district court's designation of ""with prejudice"" or ""without prejudice"" be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred?" |
| 2676 | Vopalka v. Abraham, 260 Neb. 737 | 3 | A civil action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed as mandated by statute. Neb.Rev.St. S 25-217. | Neb.Rev.Stat. § 25–217 (Reissue 1995) provides that "[t]he action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." | Shall a civil action stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed as mandated by statute? |
| 2677 | Gilmartin v. Abastillas, 10 Haw. App. 283, 284 (1994) | 3 | Unconditional dismissal with prejudice terminates trial court's jurisdiction, except for limited purposes of reopening and setting aside judgment of dismissal within scope allowed by rule. Rules Civ.Proc., Rule 60(b). | An unconditional dismissal with prejudice terminates the trial court's jurisdiction, except for the limited purposes of reopening and setting aside the judgment of dismissal within the scope allowed by HRCP Rule 60(b). | "Does an unconditional dismissal with prejudice terminate a trial court's jurisdiction, except for the limited purposes of reopening and setting aside judgment?" |
| 2678 | Dillaplain v. Lite Indus., 788 S.W.2d 530, 532 (Mo. App. 1990) | 2 | A dismissal without prejudice, which plaintiff may cure by filing another suit in the same court, is not a "final judgment" from which an appeal may be taken because it lacks the hallmarks of a final judgment, i.e., it fails to dispose of all the issues and parties to the cause of action. | A dismissal without prejudice which the plaintiff may cure by filing another suit in the same court, is not a final judgment from which an appeal may be taken under Missouri law because it lacks the hallmarks of a final judgment -it fails to dispose of all the issues and parties to the cause of action. | "Where a petition is dismissed without prejudice, can the plaintiff typically cure the dismissal by filing another suit in the same court?" |

| 2679 | Elrod v. Stewart, 163 S.W.3d 587, 591 (Mo. App. 2005) | 10 | While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations. V.A.M.R. 67.01. | While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations. | "Does a dismissal without prejudice permit the party to bring another civil action for the same cause, unless it is otherwise barred?" |
|---|---|---|---|---|---|
| 2680 | In re S. Bay Expressway, 434 B.R. 589, 598 (S.D. Cal. 2010) | 3 | Under California law, a governmental franchise is a special privilege granted to a private enterprise by a duly-empowered governmental entity to use public property to provide vital public services which the government itself is otherwise obligated to furnish to its citizens, such as providing water, gas, electricity, or telephone services, and the right to use the public streets and ways to bring them to the general public. | A governmental franchise is a special privilege granted to a private enterprise by a duly-empowered governmental entity to use public property to provide vital public services which the government itself is otherwise obligated to furnish to its citizens, such as providing water, gas, electricity or telephone services, and the right to use the public streets and ways to bring them to the general public. | What is a governmental franchise? |
| 2681 | Harris v. News-Sun, 269 Ill. App. 3d 648, 650-51 (1995) | 3 | Under statute authorizing dismissal of action on ground that claim asserted is barred by other "affirmative matter" avoiding legal effect or defeating claim, affirmative matter includes defense that completely negates asserted cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Under section 2-619(a)(9), an action may be dismissed on *651 the ground that a claim asserted is barred by other affirmative matter avoiding the legal effect or defeating the claim. (735 ILCS 5/2-619(a)(9) (West 1992).) "Affirmative matter" includes a defense that completely negates the asserted cause of action. | Does an affirmative matter that defeats claim asserted in complaint include defense that completely negates asserted cause of action? |
| 2682 | City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630, 635 (1989) | 4 | When respondent effectively denies material allegations in petition to open judgment non pros, petitioner must support his position with clear and convincing proof. Rules Civ.Proc., Rule 209, 42 Pa.C.S.A. | It is well established that when a respondent effectively denies material allegations in a petition to open judgment, the petitioner must support his position with clear and convincing proof. | "When a respondent effectively denies material allegations in a petition to open judgment non pros, should a petitioner support his position with clear and convincing proof?" |
| 2683 | State ex rel. Polaris Indus. v. Journey, 505 S.W.3d 370, 375-376 (Mo.App. W.D., 2016) | 15 | When a court involuntarily dismisses a case without prejudice, the court does not immediately lose jurisdiction over the matter, but instead retains jurisdiction over the matter so that the court is allowed to reconsider its action, correct any errors, and modify or set aside its order. | When a court involuntarily dismisses a case without prejudice, the court does not immediately lose jurisdiction over the matter, but instead "retains jurisdiction over the matter so that the court [is] allowed to reconsider its action, correct any errors, and modify or *376 set aside its order." | "When a court involuntarily dismisses a case without prejudice, does the court immediately lose jurisdiction over the matter?" |

| 2684 | Fuller Family Holdings v. N. Tr. Co., 371 Ill. App. 3d 605, 613 (2007) | 1 | An action will be dismissed based on defects or defenses which avoid or defeat claims if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted. S.H.A. 735 ILCS 5/2-619. | An action will be dismissed under section 2-619 of the Code if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted. | Would relief be granted if the court finds that no set of facts can be proved? |
|---|---|---|---|---|---|
| 2685 | Brown By & Through Brown v. Commercial Dispatch Pub. Co., 504 So. 2d 245, 246 (Ala. 1987) | 3 | Agency relationship is not created when employer merely retains right to supervise or inspect work of an independent contract as it progresses for purpose of determining whether it is completed according to plans and specifications and retains right to stop work that is not properly done. | An agency relationship is not created when the employer merely retains the right to supervise or inspect the work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications and retains the right to stop work that is not properly done. | Is an agency relationship created when an employer retains the right to supervise the work of an independent contractor? |
| 2686 | Brown By & Through Brown v. Commercial Dispatch Pub. Co., 504 So. 2d 245, 246 (Ala. 1987) | 3 | Agency relationship is not created when employer merely retains right to supervise or inspect work of an independent contract as it progresses for purpose of determining whether it is completed according to plans and specifications and retains right to stop work that is not properly done. | An agency relationship is not created when the employer merely retains the right to supervise or inspect the work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications and retains the right to stop work that is not properly done. | Does the employer retaining the right to inspect the work of independent contractor create an agency relationship? |
| 2688 | In re Y.M., 207 Cal. App. 4th 892, 908 (2012) | 7 | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Federal law imposes requirements on state dependency plans and recognizes "the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." | Are state courts the appropriate forum for child welfare determinations regarding abuse of a child? |
| 2689 | H.S.P. v. J.K., 223 N.J. 196, 209-10 (2015) | 2 | A child seeking special immigrant juvenile (SIJ) status, or another individual acting on his or her behalf, must first petition for an order from a state juvenile court making findings that the juvenile satisfies certain criteria. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | "a special circumstance 'where a state juvenile court is charged with addressing an issue relevant only to federal immigration law.' " The child-or another individual acting on his or her behalf-must first petition for " 'an order from a state juvenile court making findings that **858 the juvenile satisfies certain criteria.' " | Does a child have to petition for an order from a state juvenile court to make findings that the juvenile satisfies certain criteria to qualify for Special Immigrant Juvenile (SIJ) status? |

| | | | | |
|---|---|---|---|---|
| 2690 | Fonseca v. Fong, 167 Cal. App. 4th 922, 931 (2008) | 10 | The initial inquiry into whether a state statute relating to immigration is preempted by federal law is whether the state statute constitutes an attempted regulation of immigration that is per se preempted because of the exclusivity of federal power to regulate in the area under the United States Constitution; if this is not the case, the statute may nevertheless be preempted under a second test, which is whether it was the clear and manifest purpose of Congress to effect a complete ouster of state power-including state power to promulgate laws not in conflict with federal laws with respect to the subject matter of the state statute-because Congress intended to occupy the field to which the state statute applies. U.S.C.A. Const. Art. 6, cl. 2. | The De Canas court established a three-part test for determining whether a state statute relating to immigration is preempted by federal law. The initial inquiry is whether the state statute constitutes an attempted "regulation of immigration" that is per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution. If this is not the case, the statute may nevertheless be preempted under the second test, which is whether it was the " ' "clear and manifest purpose of Congress" ' " to effect a "complete ouster of state power -including state power to promulgate laws not in conflict with federal laws" with respect to the subject matter of the state statute-because Congress intended to " 'occupy the field' " to which the state statute applies. | Are state statutes that regulate immigration per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution? |
| 2694 | Rowe v. HCA Health Services of Oklahoma, Inc., 130 P.3d 761, 762–63 (Okla.Civ.App. Div. 4, 2005) | 1 | When District Court grants motion to dismiss for failure to state claim, it must grant plaintiff leave to file amended petition if defect can be remedied, and District Court has duty to specify time within which plaintiff must file amended petition; if District Court does not prescribe time, defendant who obtained dismissal has responsibility to move court to set time. 12 Okl.St.Ann. S 2012(G). | When a district court grants a motion to dismiss for failure to state a claim, it must grant the plaintiff leave to file an amended petition if the defect can be remedied. Kelly v. Abbott, 1989 OK 124,  6, 781 P.2d 1188, 1190. The district court has a duty to specify the time within which the plaintiff must file the amended petition. Id. at  10, 781 P.2d at 1191. If the district court does not prescribe a time, the defendant who obtained the dismissal has the responsibility to move the court to set a time. | "When District Court grants motion to dismiss for failure to state claim, should it grant a plaintiff leave to file an amended petition if a defect can be remedied?" |
| 2695 | Sellers v. Foster, 199 S.W.3d 385, 397 (Tex .App. 2006) | 17 | A party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing need not show that he or she has a meritorious claim to be entitled to reinstatement. | But a party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing need not show that he or she has a meritorious claim to be entitled to reinstatement. | Should a party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing not show that he or she has a meritorious claim to be entitled to reinstatement? |

| 2696 | Petrone v. Whirlwind, 444 Pa. Super. 477, 481-482 (1995) | 2 | Three factors must be present in order to open non pros judgment: (1) petition to open must be promptly filed; (2) default or delay must be reasonably explained; and (3) facts must be shown to exist that support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | 400, 581 A.2d 193, 196 (1990), three factors must be present in order to open a non pros judgment. These are (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support *482  a cause of action. We note that factors (1) and (3) are undisputedly satisfied. | What three factors must be present in order to open non pros judgment? |
| 2697 | Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874, 878 (Minn. App. 1999) | 6 | In determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes, the court must first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial, and then must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | In Ursery, the Supreme Court articulated a two-step test for determining whether a civil forfeiture constitutes "punishment" for double jeopardy purposes. Under that test: First, a court must examine the governing statute to determine whether the legislative body intended the forfeiture *369  proceedings to be criminal/punitive or civil/remedial. Next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. | "Did the legislature intend that a drug forfeiture proceeding be civil in rem action, rather than a criminal proceeding, for purpose of determining whether forfeiture imposed ""punishment""?" |
| 2698 | People v. Anderson, 117 Cal. App. Supp. 763 | 11 | In general, if a jury is discharged without returning a verdict, the double jeopardy bar applies unless manifest necessity required the discharge or the defendant consented to it. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | In general, if a jury is discharged without returning a verdict, the double jeopardy bar applies unless manifest necessity required the discharge or the defendant consented to it. | "If a jury is discharged without returning a verdict, does the double jeopardy bar apply unless manifest necessity required the discharge or the defendant consented to it?" |
| 2699 | Koch v. Dakota Cty., 151 Neb. 506, 511 (1949) | 7 | The statutory provision that a petition for establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of road, is jurisdictional. R.S.1943, S 39-105. | The statutory provision that a petition for the establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of the road is jurisdictional. | Is it necessary that the statutory provision for the establishment or vacation of a public road be signed by at least ten electors residing within five miles of the road? |

| 2700 | Nedell v. Sprigman, 227 A.D.2d 163, 164, 641 N.Y.S.2d 837, 838 (1996) | 5 | Case which is deemed abandoned and automatically dismissed for neglect to prosecute should be restored if, on motion, plaintiff can show lack of intent to abandon action, existence of meritorious cause of action, reasonable excuse for delay, and lack of substantial prejudice. McKinney's CPLR 3404. | A case which is deemed abandoned under CPLR 3404 and dismissed for neglect to prosecute should be restored if, on motion, the plaintiff can show a lack of intent to abandon the action, the existence of a meritorious cause of action, a reasonable excuse for the delay and the lack of substantial prejudice (Kopilas v. Peterson, 206 A.D.2d 460, 614 N.Y.S.2d 562; Roberts v. Town of Hempstead, 206 A.D.2d 466, 614 N.Y.S.2d 569). | When should a case which is deemed abandoned and automatically dismissed for neglect to prosecute be restored? |
|------|------|------|------|------|------|
| 2701 | Estela v. Bristol Hosp., 165 Conn. App. 100, 108 (2016) | 5 | To set aside a judgment rendered after a nonsuit, there must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause; both prongs of the test must be met. C.G.S.A. S 52-212(a). | "[T]here is a two-pronged test for setting aside a judgment rendered after a nonsuit.... There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause." | "Should a plaintiff seeking to have a nonsuit set aside establish that it had a good cause of action, the nature of which must be set forth?" |
| 2702 | Florida Nat. Org. for Women v. State, 832 So. 2d 911, 915 (Fla. App. 2002) | 7 | A party that may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory should be allowed to amend a complaint. West's F.S.A. RCP Rule 1.190(a). | Further, a party that "may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory" should be allowed to amend a complaint. | Can a party that can be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory be allowed to amend a complaint? |
| 2703 | Gerena v. New York State Div. of Parole, 266 A.D.2d 761, 762, 698 N.Y.S.2d 750, 751 (1999) | 1 | Where a party has failed to separately set forth and number allegations of a pleading as required by statute, the appropriate remedy is dismissal of the pleading with leave to replead. McKinney's CPLR 3014. | Consequently, where a party has failed to separately set forth and number allegations of a pleading as required by CPLR 3014, the appropriate remedy is dismissal of the pleading with leave to replead (see, e.g., Aetna Cas. & Sur. Co. v. Merchants Mut. Ins. Co., 84 A.D.2d 736, 444 N.Y.S.2d 79; Joffe v. Rubenstein, 24 A.D.2d 752, 263 N.Y.S.2d 867, appeal dismissed 21 N.Y.2d 721, 287 N.Y.S.2d 685, 234 N.E.2d 706; see generally, Siegel, N.Y. Prac. § 212, at 308 [2d ed.] ). | "Where a party has failed to separately set forth and number allegations of a pleading as required by statute, is the appropriate remedy dismissal of the pleading with leave to replead?" |

| 2704 | Varo, Inc. v. Alvis PLC, 261 A.D.2d 262, 267, 691 N.Y.S.2d 51, 56 (1999) | 7 | When a motion to dismiss is predicated on a claim of failure to state a cause of action, plaintiff must be afforded an opportunity to seek leave to replead. McKinney's CPLR 3211(e). | As noted above, when a motion to dismiss is predicated on a claim of failure to state a cause of action, the plaintiff must be afforded an opportunity to seek leave to replead within the prescriptions of CPLR 3211(e) (see, McLearn v. Cowen & Co., supra, 60 N.Y.2d at 689, 468 N.Y.S.2d 461, 455 N.E.2d 1256). | "When a motion to dismiss is predicated on a claim of failure to state a cause of action, should the plaintiff be afforded an opportunity to seek leave to replead?" |
| 2705 | Aguilar v. Chastain, 923 S.W.2d 740, 745 (Tex. App. 1996), writ denied (Jan. 10, 1997) | 15 | Court may dismiss in forma pauperis lawsuit without affording opportunity to amend given that court is under no duty to suggest voluntarily that plaintiff amend pleading; court has broad discretion to dismiss either before or after service of process. | A court may dismiss an in forma pauperis lawsuit without affording the pauper an opportunity to amend. Kendrick, 804 S.W.2d at 156. Because the court has broad discretion to dismiss either before or after service of process, a court is under no duty to suggest voluntarily that a plaintiff amend his pleadings. | Can a court dismiss in forma pauperis a lawsuit without affording an opportunity to amend given that court is under no duty? |
| 2707 | Smith v. Cowart, 68 So. 3d 802, 811 (Ala., 2011) | 3 | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | Insofar as the trial court's August 26, 2009, final judgment dismissed the Smith's claims for lack of prosecution, we note that " '[t]he dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.' " | Will the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial be reversed? |
| 2708 | Jones v. Morales, 318 S.W.3d 419, 427 (Tex. App. 2010) | 15 | A trial court is empowered to dismiss a case for want of prosecution either under Rules of Civil Procedure or its inherent power to control its docket. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court is authorized to dismiss a case for want of prosecution by rule of civil procedure 165a and by exercise of its inherent power to manage its docket. | Is a trial court empowered to dismiss a case for want of prosecution either under Rules of Civil Procedure or its inherent power to control its docket? |
| 2709 | Lopez v. Harding, 68 S.W.3d 78, 80 (Tex. App. 2001) | 2 | The trial judge's authority to dismiss a case for want of prosecution derives from two sources: the rules of civil procedure and the court's inherent power. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The trial judge's authority to dismiss a case for want of prosecution derives from two sources: rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. | Does the trial judge's authority to dismiss a case for want of prosecution derive from the rules of civil procedure and the court's inherent power? |

| 2710 | People v. Mosley, 155 Cal. App. 4th 313, 324 (2007) | 1 | Determination of whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone; the parties' history can also be considered as one of the relevant circumstances. | " '[T]he determination whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone. The parties' history can also be considered as one of the relevant circumstances. | Is the determination of whether a defendant intended his words to be taken as a threat based on words alone? |
| 2711 | Amodeo v. Gellert & Quartararo, P.C., 26 A.D.3d 705, 706, 810 N.Y.S.2d 246, 247 (2006) | 1 | In order to succeed in opposing defendants' motion to dismiss based upon plaintiffs' delay in serving a complaint well beyond the 20-day time limit, plaintiffs were required to show reasonable excuse for the delay and a meritorious cause of action. McKinney's CPLR 3012(b). | In order to succeed in opposing defendants' motion to dismiss based upon plaintiffs' delay in serving a complaint well beyond the 20–day time limit (see CPLR 3012[b] ), plaintiffs were required to show reasonable excuse for the delay and a meritorious cause of action (see CPLR 3012[d]; Porter v. Beaulieu, 282 A.D.2d 980, 980, 723 N.Y.S.2d 713 [2001] ). | "Does the determination of what constitutes a reasonable excuse for delay in serving a complaint, lie within the sound discretion of the motion court?" |
| 2712 | Richter v. Prairie Farms Dairy, Inc., 2016 IL 119518, ¶ 28 (Ill., 2016) | 16 | Where the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed even after the time period has expired. | Accordingly, where, as in this case, the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed even after the time period has expired. | "Where the circuit court dismisses a complaint specifying the number of days for filing an amended complaint, does the court retain jurisdiction to allow the amended complaint to be filed even after the expiry of the time period?" |
| 2714 | Kimmelman v. Heather Downs Mgmt. Ltd., 278 Mich. App. 569, 571 (2008) | 1 | Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. MCR 2.118(A)(2). | "Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified." | "Should leave to amend pleadings be freely granted to a nonprevailing party at summary disposition, unless amendment would be futile or otherwise unjustified?" |
| 2715 | Stanback v. Stanback, 297 N.C. 181, 185 (1979) | 2 | In ruling on motion to dismiss for failure to state a claim, allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether allegations state a claim for which relief may be granted. Rules of Civil Procedure, rule 12(b)(6), G.S. § 1A-1. | In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. | On what basis should the court determine as a matter of law whether allegations state a claim for which relief may be granted? |

| | | | | | |
|---|---|---|---|---|---|
| 2716 | Hosey v. Lowery, 911 So. 2d 15, 18 (Ala. App. 2005) | 7 | Trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but " 'since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations.' " | "Does a court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute?" |
| 2718 | Larios v. Superior Ct., 24 Cal. 3d 324, 329, 594 P.2d 491, 493 (1979) | 1 | Once a criminal defendant is placed on trial and jury is duly impaneled and sworn, a discharge of jury without a verdict is equivalent to an acquittal and bars retrial unless defendant consents to discharge or legal necessity requires it. West's Ann.Pen.Code, SS 1023, 1123; West's Ann.Const. art. 1, S 15. | Under this command, once a criminal defendant is placed on trial and the jury is duly impaneled and sworn, a discharge of the jury without a verdict is equivalent to an acquittal and bars retrial unless (1) the defendant consents to the discharge or (2) legal necessity requires it. | Is a discharge of the entire jury without a verdict equivalent to an acquittal and bars a retrial on double jeopardy grounds unless a defendant consented to it? |
| 2721 | Moldovan ex rel. Moldovan v. Miller, 280 A.D.2d 362, 363, 720 N.Y.S.2d 482, 483 (2001) | 1 | A party seeking to restore a case dismissed as abandoned to the calendar must establish each of the following: a meritorious cause of action, a reasonable excuse for the delay, lack of intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored. McKinney's CPLR 3404. | A party seeking to restore a dismissed case to the calendar must establish each of the following: a meritorious cause of action, a reasonable excuse for the delay, lack of intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored (Ware v. Porter, 227 A.D.2d 214, 642 N.Y.S.2d 278). | What must be established by a party seeking to restore a case dismissed as abandoned to the calendar? |
| 2724 | J.N.S. v. D.B.S., 302 N.J. Super. 525, 532 (1997) | 3 | Neither the harassment statute nor Prevention of Domestic Violence Act were intended to place trial judges in role of super monitors over modern-day parenting. N.J.S.A. 2C:25-17 et seq., 2C:33-4. | Nevertheless, neither the harassment statute nor the Prevention of Domestic Violence Act were intended to place trial judges in the role of super monitors over modern-day parenting. | Were the harassment statute or the Prevention of Domestic Violence Act intended to place trial judges in the role of super monitors over modern-day parenting? |
| 2725 | State v. Murphy, 545 N.W.2d 909, 916 (Minn. 1996) | 6 | Terroristic threats statute is designed to deter and punish future act threatened, as well as underlying act of making threat; statute mandates that threats must be to commit future crime of violence which would terrorize victim. M.S.A. S 609.713, subd. 1. | Murphy's interpretation lacks merit. The terroristic threats statute mandates that the threats must be to commit a future crime of violence which would terrorize a victim. It is the future act threatened, as well as the underlying act constituting the threat, that the statute is designed to deter and punish | Is the terroristic threats statute designed to deter and punish future acts that are threatened as well as the underlying act of making the threat? |
| 2729 | Indiana High Sch. Athletic Ass'n v. Cade, 51 N.E.3d 1225, 1233 (Ind. App. 2016) | 6 | In reviewing a decision of the Indiana High School Athletic Association (IHSAA), the courts do not review the decision de novo and do not substitute their judgment for the association's; instead, courts apply an arbitrary and capricious standard and analyze the record as a whole to determine whether substantial evidence supports the IHSAA's findings. | The courts therefore do not review IHSAA decisions de novo and do not substitute their judgment for the association's. Instead, courts apply an arbitrary and capricious standard to review IHSAA decisions. They analyze the record as a whole to determine whether substantial evidence supports the IHSAA's findings. | What is the standard of review courts use in reviewing action taken by athletic association? |

| 2731 | Therrien v. Mercantile-Commerce Bank & Tr. Co., 360 Mo. 149, 154 (1950) | 6 | In ruling upon a general demurrer, all properly pleaded facts and all inferences of fact that may fairly and reasonably be drawn therefrom must be taken as true; but neither conclusions of law nor conclusions of pleader on the facts are admitted by the demurrer. V.A.M.S. SS 509.250, 509.270, 509.300. | 'In ruling upon a general demurrer, all (properly pleaded) facts and all inferences of fact that may fairly and reasonably be drawn therefrom must be taken as true.' But in the next full sentence the decision goes on to say: 'Of course, neither conclusions of law nor the conclusions of the pleader on the facts are admitted by a general demurrer. | "In ruling upon a general demurrer, all properly pleaded facts and all inferences of fact that may fairly and reasonably be drawn therefrom be taken as true?" |
|---|---|---|---|---|---|
| 2732 | Manning v. North, 82 S.W.3d 706, 713 (Tex. App. 2002) | 10 | If a dismissal order is silent, plaintiffs seeking reinstatement must negate all possible grounds for dismissal, including whether dismissal was prompted by a lack of due diligence in prosecuting suit or for a violation of the Supreme Court's standards. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | If the dismissal order is silent, the plaintiffs seeking reinstatement must negate all possible grounds for dismissal, including whether the dismissal was prompted by a lack of due diligence in prosecuting the suit or for a violation of the Supreme Court's standards. | "If a dismissal order is silent, should plaintiffs seeking reinstatement negate all possible grounds for dismissal?" |
| 2733 | State v. Ervin, 158 Wash. 2d 746, 752 (2006) | 2 | The double jeopardy clause applies where (1) jeopardy has previously attached, (2) that jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law; where these elements have been met, the double jeopardy clause bars the State from retrying a defendant. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | The double jeopardy clause applies where (1) jeopardy has previously attached, (2) that jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law. See **570  State v. Corrado, 81 Wash.App. 640, 645, 915 P.2d 1121 (1996); In re Pers. Restraint of Orange, 152 Wash.2d 795, 820, 100 P.3d 291 (2004)  Where these elements have been met, the double jeopardy clause bars the State from retrying a defendant. | "Does double jeopardy clause apply where jeopardy has previously attached, jeopardy has terminated, and the defendant is in jeopardy a second time for the same offense in fact and law?" |
| 2734 | Mansfield v. United States, 800 F. Supp. 2d 84, 88–89 (D.D.C. 2011) | 4 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause of the Fifth Amendment to the United States *89 Constitution 4  affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. | Does double jeopardy clause afford a defendant protection against a second prosecution for the same offense after conviction? |

| 2736 | U.S. v. Morse, 613 F.3d 787, 796 (C.A.8 (Minn.), 2010) | 20 | As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. | Does enhancing a sentence for a separate crime with the same conduct constitute punishment for that conduct within the meaning of the Double Jeopardy Clause? |
| --- | --- | --- | --- | --- | --- |
| 2738 | City of Billings ex rel. Huertas v. Billings Mun. Court, 404 P.3d 709, 716 (2017) | 10 | After a defendant's double jeopardy rights are implicated and a mistrial is declared, a second criminal trial is barred unless there was a manifest necessity to terminate the trial or the defendant acquiesced in the termination. U.S. Const. Amend. 5; Mont. Const. art. 2, S 25. | After a defendant's double jeopardy rights are implicated and a mistrial is declared, a "second criminal trial is barred unless there was a manifest necessity to terminate the trial or the defendant acquiesced in the termination. | "After a defendant's double jeopardy rights are implicated and a mistrial is declared, is a second criminal trial barred unless there was a manifest necessity to terminate the trial?" |
| 2739 | Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. App. 2002) | 7 | A dismissal with prejudice should not be ordered without giving the party an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action. | "A dismissal with prejudice should not be ordered without giving the party … an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action." | Should a dismissal with prejudice not be ordered without giving the party an opportunity to amend unless it is clear that the pleading cannot be amended to state a cause of action? |
| 2743 | In re Durham, 260 B.R. 383, 389 (2001) | 5 | Determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law, and often dependent upon the peculiar facts of each creditor-debtor relationship. | In reaching this conclusion, the Court first notes that the determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law and one which is often dependent upon the peculiar facts of each creditor-debtor relationship. | Is the determination of whether a transaction constitutes a true lease or a disguised security agreement a matter of state law? |
| 2744 | Meadowlands Reg'l Dev. Agency v. State, 112 N.J. Super. 89, 116 (Ch. Div. 1970) | 12 | The Legislature may properly delegate incidents of taxing power, such as the functions of computation, appraisal and adjustment, to appointive officials without running afoul of the proscription against delegation of the power itself thereto. N.J.S.A.Const.1947, Art. IV, S I, par. 1; S VII, par. 9(6). | 7  As the decisions upon which the plaintiffs rely quite clearly hold, the Legislature may properly delegate incidents of the taxing power, such as the functions of computation, appraisal and adjustment, to appointive officials without running afoul of the proscription against delegation of the power itself thereto, Bernards, supra, 61 N.J.L. | Can the Legislature properly delegate incidents of taxing to appointive officials without running afoul of the proscription against delegation of the power itself thereto? |

| | | | | | |
|---|---|---|---|---|---|
| 2745 | Hawkins v. Tennessee Dep't of Correction, 127 S.W.3d 749, 753-54 (Tenn. App. 2002) | 6 | Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, waiver is not available when a transitory action has been localized by statute; in that situation, venue has become part of thecourt's authority to hear a particular action and is, therefore, jurisdictional. | Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, Metropolitan Dev. & Hous. Agency, 637 S.W.2d at 880, waiver is not available when a transitory action has been localized by statute. In that situation, venue has become part of the court's authority *754 to hear a particular action and is, therefore, jurisdictional. | Can one waive or consent to venue when a transitory action has been localized by statute? |
| 2746 | Am. Home Assur. Co. v. City of Opa Locka, 368 So. 2d 416, 420 (Fla. Dist. Ct. App. 1979) | 6 | Subrogation, a creation of equity, is founded on the principle of doing justice without regard to form and was designed to afford relief to one who is required to pay a legal obligation which ought to have been met either wholly or partially by another. | "Subrogation, a creation of equity, is founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another. | "Does equitable subrogation apply when a legal obligation ought to have been met, either wholly or partially, by another? " |
| 2747 | Occidental Chemical Corp. v. OHM Remediation Services Corp., 175 F.R.D. 431, 436–37 (W.D.N.Y.,1997) | 11 | Attorney-client privilege may cover communications made to agents of attorney hired to assist in rendition of legal services; thus, attorney-client privilege can attach to reports of third parties made at request of attorney or client where purpose of report was to put in usable form information obtained from client. | The attorney-client privilege may cover "communications made to agents of an attorney ... hired to assist in the rendition of legal services." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir.1989), cert. denied, 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 31 (1991).Thus, "the attorney-client privilege can attach to reports of third parties made at the request of the attorney or the client where the purpose of the report was to put in usable form information obtained from the client | Are agents of an attorney covered by attorney-client privilege? |
| 2748 | Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956, 957, 999 N.Y.S.2d 490, 492 (2014) | 2 | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | "A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only if 'documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law' " (Indymac Venture, LLC v. Nagessar, 121 A.D.3d 945, 945, 995 N.Y.S.2d 145, quoting Whitebox Concentrated Convertible Arbitrage Partners, L.P. v. Superior Well Servs., Inc., 20 N.Y.3d 59, 63, 956 N.Y.S.2d 439, 980 N.E.2d 487). | Will a motion to dismiss a cause of action based on a defense founded in documentary evidence be granted? |

| 2749 | MBIA Ins. Corp. v. Countrywide Home Loans, Inc., 34 Misc. 3d 895, 901, 936 N.Y.S.2d 513, 518 (Sup. Ct. 2012) | 1 | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. McKinney's CPLR 3211(b). | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. | Why should the plaintiff bear the burden to demonstrate that the affirmative defense is without merit as a matter of law? |
|---|---|---|---|---|---|
| 2750 | Anson v. Erlanger Minerals and Metals, 702 P.2d 393, 396 (Ok. App. 1985) | 3 | Constitutionally required fault elements underlying liability for defamation are willfulness and negligence; liability attaches to anyone who publishes defamatory falsehood concerning private person or public official or figure regarding purely private matter not affecting his official conduct, fitness or capacity if utterer knows statement is false or if publisher acts in reckless disregard of whether such statement is false or not, or if speaker acts negligently in failing to ascertain that statement is false. 76 O.S.1981, S 5(a). | Hence the constitutionally required fault elements underlying liability for defamation in this state are willfulness and negligence. More specifically, liability attaches to anyone who publishes a defamatory falsehood concerning a private person-or a public official or figure regarding a purely private matter not affecting his official conduct, fitness or capacity-if (1) the utterer knows the statement is false, or (2) the publisher acts in reckless disregard of whether such statement is false or not, or (3) the speaker acts negligently in failing to ascertain that the statement is false. | When can liability for defamation be imposed on a defendant? |
| 2751 | Fin. Sec. Assur. v. Stephens, 500 F.3d 1276, 1287 (11th Cir. 2007) | 13 | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | Subrogation is '[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities.' " | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" |
| 2754 | Brazilia v. Collector of St. Louis Cty., 117 S.W.3d 704, 706 (Miss. App. 2003) | 3 | Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of a trial court, on motion to dismiss for lack of subject matter jurisdiction; the court may review affidavits, exhibits and other evidence to determine jurisdiction. | Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of the trial court. Id. The court may review affidavits, exhibits and other evidence to determine jurisdiction. | "Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of a trial court, on a motion to dismiss for lack of subject matter jurisdiction ?" |
| 2758 | Slowke v. Altermatt, 293 Mich. 360, 363-364 (1940) | 1 | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | Graham, supra, the common law right of a plaintiff to dismiss or submit to a voluntary nonsuit is noted. The right still exists *364 except as modified by statute or court rule. | "Does a plaintiffs common law right to dismiss an action or submit to a voluntary nonsuit still exist, except as modified by statute or court rule?" |

| 2761 | In re City Nat. Bank, 257 S.W.3d 452, 454 (Tex. App. 2008) | 3 | A party must allege two venue facts, and establish them by prima facie proof if specifically denied, to show venue in a suit involving an interest in property: (1) that the nature of the suit fits within those listed in relevant venue statute, and (2) that all or part of the realty at issue is located in the county of suit. V.T.C.A., Civil Practice & Remedies Code S 15.011. | A plaintiff must allege two "venue facts" (and establish them by prima facie proof if specifically denied) to show that venue is mandatory under section 15.011:(1) that the nature of the suit fits within those listed in section 15.011; and (2) that all or part of the realty at issue is located in the county of suit. | What are the two venue facts that must be established to show that venue is mandatory under the venue statute? |
| 2762 | Mahler v. Szucs, 135 Wash. 2d 398, 411 (Wash. 1998) | 1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Is subrogation an equitable doctrine, the essential purpose of which is to provide for a proper allocation of payment responsibility?" |
| 2764 | Perez v. New York City Hous. Auth., 290 A.D.2d 265, 265, 736 N.Y.S.2d 29, 29 (2002) | 2 | A dismissal of an action based on a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action. N.Y.Ct.Rules, S 202.27. | A dismissal of an action pursuant to 22 NYCRR 202.27, based on a plaintiff's failure to appear at a calendar call, should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action (see, Telep v. Republic Elev. Corp., 267 A.D.2d 57, 699 N.Y.S.2d 380). | Should a dismissal of an action based on a plaintiff's failure to appear at a calendar call be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action? |
| 2769 | Jenkins v. St. Tammany Par. Police Jury, 98-2627 (La. 7/2/99), 736 So. 2d 1287, 1290 | 2 | "Zoning" is a general plan designed to foster improvement by confining certain classes of building and uses of property to certain localities, and its purpose is to reduce or eliminate the adverse effects that one type of land use might have on another. | Zoning is a general plan designed to foster improvement by confining certain classes of buildings and uses of property to certain localities. City of New Orleans v. Hamilton, 602 So.2d 112, 114 (La.App. 4 Cir.1992). The purpose of zoning is to reduce or eliminate the adverse effects that one type of land use might have on another. | Is the elimination of adverse effects of land use considered as a purpose of zoning? |
| 2771 | In re Indep. Pier Co., 209 B.R. 333, 341 (E.D.Pa. 1997) | 12 | Under Pennsylvania law, party that cannot demonstrate legal assignment may nevertheless invoke doctrine of "equitable assignment," which is any order, writing or act by assignor that makes absolute appropriation of chose in action or fund to use of assignee with intention to transfer present interest, although not mounting to legal assignment. | A party that cannot demonstrate a legal assignment may nevertheless invoke the doctrine of equitable assignment, which is any order, writing or act by the assignor which makes an absolute appropriation of a chose in action or fund to the use of the assignee with the intention to transfer a present interest, although not amounting to a legal assignment. | What is the distinction between a legal assignment and an equitable assignment? |

| 2776 | Howard v. Ferrellgas Partners, 748 F.3d 975, 978 (10th Cir. 2014) | 5 | When it is apparent from a quick look at the case that no material disputes of fact exist as to whether the parties agreed to arbitrate, it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and by viewing the facts in the light most favorable to the party opposing arbitration, and in these circumstances, the Federal Arbitration Act's (FAA) summary trial can look a lot like summary judgment, but when a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice is not the answer, and parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn where their dispute will be heard. 9 U.S.C.A. S 4. | When it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration. In these circumstances, the Act's summary trial can look a lot like summary judgment. But when, as in this case, a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice isn't the answer. Parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn where their dispute will be heard. | How will the district court decide an arbitration question? |
| 2780 | Hamaker v. Am. States Ins. Co. of Texas, 493 S.W.2d 893, 895 (Tex. App. 1973) | 1 | By enacting articles authorizing Board of Insurance to regulate coverage of policies by prescribing standard forms, clauses and endorsements, legislature exercised its power to regulate a business affected with a public interest and did not improperly delegate its legislative power. V.A.T.S. Insurance Code, arts. 5.35, 5.36. | By virtue of these Articles the Board is authorized to regulate the coverage of insurance policies by prescribing standard forms, clauses and endorsements. By enacting these Articles the legislature exercised its power to regulate a business affected with a public interest, and did not improperly delegate its legislative power. | Is delegation of authority to a State Board of Insurance to promulgate and establish uniform policies a constitutional delegation of legislative power? |

| 2781 | Wachs v. Winter, 569 F. Supp. 1438, 1446 (E.D.N.Y. 1983) | 16 | Under New York law, there are two general classes of compensatory damages for defamation: general damages which law presumes to be natural, proximate, and necessary result of publication, and special damages which, although natural and probable consequences thereof, are not assumed to be necessary and inevitable; special damages must generally be shown by allegation and proof, but where language is libelous per se, plaintiff need not plead or prove special damages in order to recover them. | There are two general classes of compensatory damages for defamation: (1) general damages which the law presumes to be the natural, proximate and necessary result of the publication; and (2) special damages which, although the natural and probable consequences thereof, are not assumed to be necessary and inevitable; rather, special damages must be shown by allegation and proof. Bishop v. New York Times Company, 233 N.Y. 446, 135 N.E. 845 (1922). However, where the language alleged as libel is libelous per se, the plaintiff need not plead or prove special damages in order to recover them. Mencher v. Chesley, 297 N.Y. at 100, 75 N.E.2d at 259. | What are the two major categories of compensatory damages in a defamation claim? |
| 2782 | Hoover v. New Holland N. Am., Inc., 23 N.Y.3d 41, 60–61, 11 N.E.3d 693, 706 (2014) | 18 | Although a product manufacturer's responsibilities do not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented, it must still use reasonable care in designing a product that is reasonably safe for all of its intended uses and foreseeable misuses. | Robinson made clear, however, that although the manufacturer's responsibilities "do[ ] not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented," it must still "use reasonable care" in designing a product that is reasonably safe for all of its intended uses and foreseeable misuses (id. at 480–481, 426 N.Y.S.2d 717, 403 N.E.2d 440; see Micallef, 39 N.Y.2d at 385–386, 384 N.Y.S.2d 115, 348 N.E.2d 571). | Does a manufacturer have a duty to design and manufacture a product that is reasonably safe for its intended use? |
| 2783 | Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004) | 6 | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir.2003). Nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. Primerica Life, 304 F.3d at 471 (citing Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 70 L.Ed.2d 1 (1984)). | Does the strong federal policy favouring arbitration apply to the initial determination of whether there is a valid arbitration agreement? |

| | | | | | |
|---|---|---|---|---|---|
| 2784 | O'Brien v. Rautenbush, 10 Ill. 2d 167, 173 (Ill., 1956) | 8 | Primary purpose of Workmen's Compensation Act is to provide employees a prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in course of their employment and to require cost of such injuries to be borne by industry itself and not by its individual members. S.H.A. ch. 48, S 138.1 et seq. | The primary purpose of the Workmen's Compensation Act is to provide employees a prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in the course of their employment, O'Brien v. Chicago City Railway Co., 305 Ill. 244, 137 N.E. 214, 27 A.L.R. 479; Raymond v. Industrial Comm., 354 Ill. 586, 188 N.E. 861, and to require the cost of such injuries to be borne by the industry itself and not by its individual members. | What is the primary purpose of the Workmen's Compensation Act? |
| 2786 | Ball v. Taylor, 416 F.3d 915, 917 (8th Cir. 2005) | 2 | Under Iowa law, although defamatory words must refer to an ascertainable person, the plaintiff need not be specifically named if the alleged defamation contains matters of description or other references therein, or the extraneous facts and circumstances show that plaintiff was intended to be the object of the alleged defamation, and was so understood by others. | The Iowa Supreme Court has interpreted the third element in a manner consistent with the group defamation exception: Although defamatory words must refer to an ascertainable person, the plaintiff need not be named " 'if the alleged libel contains matters of description or other references therein, or the extraneous facts and circumstances ... show that plaintiff was intended to be the object of the alleged libel, and was so understood by others.' " Wisner v. Nichols, 165 Iowa 15, 143 N.W. 1020, 1025 (Iowa 1913). | Should defamatory words refer to an ascertained person? |
| 2789 | UHC Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992, 995 (8th Cir. 1998) | 1 | Federal Arbitration Act (FAA) establishes national policy favoring arbitration by assuring that when parties to commercial transactions agree to resolve their disputes through arbitration, provisions will be valid, irrevocable, and enforceable, subject only to ordinary grounds that exist at law or in equity for revocation of any contract. 9 U.S.C.A. S 2. | Congress enacted the Federal Arbitration Act (FAA) in order to establish a "national policy favoring arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The FAA accomplishes this by assuring that when parties to commercial transactions agree to resolve their disputes through arbitration, such provisions will be "valid, irrevocable, and enforceable," subject only to ordinary grounds that "exist at law or in equity for the revocation of any contract." | "When parties to commercial transactions agree to resolve their disputes through arbitration, willsuch arbitration provisions be deemed valid?" |

| 2790 | Jalou II v. Liner, 43 So. 3d 1023, 1040 (La. App. 2010) | 27 | In a malicious prosecution action, there must be malice in fact; any feeling of hatred, animosity, or ill will toward the plaintiff amounts to malice, but malice is also found when the defendant uses the prosecution for the purpose of obtaining any private advantage as, for example, a means to extort money, to collect a debt, or to intimidate witnesses in another action. | In a malicious prosecution action, there must be malice in fact. Id., 511 So.2d at 453. Any feeling of hatred, animosity, or ill will toward the plaintiff, of course, amounts to malice. Id. But malice is also found when the defendant uses the prosecution for the purpose of obtaining any private advantage (as, for example, a means to extort money, to collect a debt, or to intimidate witnesses in another action). | How is malice inferred in a malicious prosecution claim? |
|------|------|------|------|------|------|
| 2793 | Nat'l City Mortg. Co. v. Ross, 34 Kan.App.2d 282, 294 (Kan.App.,2005) | 8 | The right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice; and generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted. | Explaining that the doctrine of subrogation is based on the theory of unjust enrichment, the Crippen court stated: "[T]he right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice; and generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted | Is the right of subrogation founded upon contract? |
| 2796 | Taylor v. Bd. of Educ. of City of Chicago, 2014 IL App (1st) 123744, ¶ 45 (2014) | 6 | Decision of whether to grant motion in limine rests within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused. | The decision of whether to grant a motion in limine rests within the sound discretion of the trial court and will not be disturbed on appeal unless that discretion is abused. | Does the decision of whether to grant motion in limine rest within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused? |
| 2798 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 27 (N.H. 2007) | 19 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | [E]quitable subrogation "applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | "Does equitable subrogation apply where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor?" |
| 2799 | ContiMortgage Corp. v. United States, 109 F. Supp. 2d 1038, 1042 (D. Minn. 2000) | 6 | In general, for equitable subrogation to apply, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants, and subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | In general, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. Universal Title, 942 F.2d at 1315. Finally, subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | "Should the equity of the party seeking subrogation be clear and substantial, and superior to that of other claimants?" |

| | | | | | |
|---|---|---|---|---|---|
| 2800 | Morgan Creek Residential v. Kemp, 153 Cal. App. 4th 675, 695 (2007) | 17 | The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor; on the other hand, the aim of equitable contribution is to apportion a loss between two or more parties who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. | The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor. [Citation.] On the other hand, the aim of equitable contribution is to apportion a loss between two or more [parties] who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. | Is the aim of equitable subrogation to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged? |
| 2801 | ContiMortgage Corp. v. United States, 109 F. Supp. 2d 1038, 1042 (D. Minn. 2000) | 5 | Although equitable subrogation, which is also called legal subrogation, is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | Although equitable subrogation (also called "legal subrogation") is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | Is equitable subrogation an absolute right or one that depends on the equities and attending facts and circumstances of each case? |
| 2802 | McBroome-Bennett Plumbing v. Villa France, Inc., 515 S.W.2d 32, 36 (Tex. Civ. App. 1974) | 3 | Doctrine of subrogation is always given a liberal interpretation and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | The doctrine of subrogation is always given a liberal interpretation and is broad enough to include every instance in which one person, not acting voluntarily has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is the doctrine of subrogation given a liberal interpretation? |
| 2804 | In re Allegheny Health, Educ. & Research Found., 312 B.R. 58, 69 (W.D. Pa. 2004) | 5 | Once the right to subrogation is established, subrogee becomes subrogated to all rights of creditor, whose claim such subrogee satisfied, against principal debtor, including the security given to secure the debt. | "Case law indicates that once the right to subrogation is established, the subrogee becomes subrogated to all rights of creditor [whose claim such subrogee satisfied] against the principal debtor, including the security given to secure the debt." | "Once the right to subrogation is established, does the subrogee become subrogated to all rights of the creditor, whose claim such subrogee satisfied, against the principal debtor, including the security given to secure the debt?" |
| 2806 | Pep'e v. McCarthy, 249 A.D.2d 286, 287, 672 N.Y.S.2d 350, 351 (1998) | 2 | Surety paying on a bond at the behest of a creditor is entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation. | It is well settled that a surety paying on a bond at the behest of a creditor is entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation (see, Romano v. Key Bank of Central New York, 90 A.D.2d 679, 680, 455 N.Y.S.2d 879; Carrols Equities Corp. v. Villnave, 57 A.D.2d 1044; , 395 N.Y.S.2d 800 63 N.Y.Jur.2d, Guaranty and Suretyship §§ 428, 440). | Is the surety paying on a bond at the behest of a creditor entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation? |

| 2808 | Scanlan v. U.S., State Farm Ins. Co., 743 F. Supp. 2d 813, 817 (N.D.Ill., 2010) | 8 | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. 28 U.S.C.A. S 2410(a). | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, "the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed." | Does a subrogation right secure the repayment of a secondarily liable party? |
| 2810 | Ball v. SFX Broad., Inc., 165 F. Supp. 2d 230, 240 (N.D.N.Y. 2001) | 14 | It is sufficient for employee seeking to avoid arbitration of federal statutory claims to show a likelihood that he or she will be responsible for significant arbitrators' fees, or other costs which would not be incurred in a judicial forum, thereby demonstrating that the challenged arbitration agreement does not provide an effective mechanism for the vindication of statutory rights. | As such, it is held that it is sufficient for an employee seeking to avoid arbitration to show a likelihood that he or she will be responsible for significant arbitrators' fees, or other costs which would not be incurred in a judicial forum. Such a showing is sufficient to demonstrate that the challenged arbitration agreement does not provide an effective mechanism for the vindication of statutory rights. | Can a litigant avoid arbitration by showing a likelihood that he or she will be responsible for significant arbitrators expenses? |
| 2811 | Beanal v. Freeport-McMoRan, 969 F. Supp. 362, 371 (E.D. La. 1997) | 15 | State action is not required for all international torts covered by the Alien Tort Statute, as certain conduct, such as genocide, violates the law of nations whether committed by a state or private actor, whereas other conduct only violates the law of nations if committed by a state actor. 28 U.S.C.A. S 1350. | In Kadic, the Second Circuit held that state action is not required for all international torts. Id. at 239. Certain conduct violates the law of nations whether committed by a state or private actor, whereas other conduct only violates the law of nations if committed by a state actor. | "Is state action required for all international torts covered by the Alien Tort Statute, as certain conduct, violates the law of nations whether committed by a state or private actor?" |
| 2812 | State v. Crume, 271 Kan. 87, 87 (2001) | 24 | A protective order issued on a motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence, and (2) the mere offer of or statements made during trial concerning the material will tend to prejudice the jury. | It is generally agreed a protective order issued on a motion in limine should be granted only when the trial court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer of or statements made during trial concerning the material will tend to prejudice the jury. | What must the court find to grant a party's motion in limine? |
| 2814 | Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441, 446 (1999) | 13 | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | Does a ruling in a motion in limine prohibit any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds? |

| 2815 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. App. 2008) | 4 | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | A motion in limine provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Does a ""motion in limine"" provide a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question?" |
| 2817 | In re N. Am. Rubber Thread Co., 333 B.R. 164, 168 (D. Mass. 2005) | 8 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment. | Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | Does equitable subrogation occur when one party by virtue of its payment of another's obligation steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment? |
| 2818 | In re Pihl, 560 B.R. 1, 9 (D.Mass. 2016) | 4 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for the purpose of getting recompense for its payment. | "Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment." | Does equitable subrogation occur when one party by virtue of its payment of another's obligation steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment? |
| 2819 | Builders Supply Co. v. Czerwinski, 275 Neb. 622, 637 (2008) | 16 | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | This court has noted that regardless of whether a guaranty is absolute or conditional, [t]he general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is a surety entitled to be subrogated to the benefit of all securities and means of payment under the creditor's control? |
| 2820 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995, 1005, 97 Cal. Rptr. 2d 294, 301 (2000), as modified (June 29, 2000), as modified (July 18, 2000) | 1 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | It is clear that a cause of action for damage to real property accrues when the defendant's act causes "immediate and permanent injury" to the property or, to put it another way, when there is "[a]ctual and appreciable harm" to the property. | "Does a cause of action for damage to real property accrue when the defendant's act causes ""immediate and permanent injury"" to the property or when there is ""actual and appreciable harm"" to the property?" |

| 2821 | Collins v. Scenic Homes, 38 So. 3d 28, 35 (Ala. 2009) | 10 | A party has a cause of action on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury; that is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action "accrues," when, and only when, the damages are sustained. | "A party has a cause of action … on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury…. That is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action 'accrues,' … ' "when, and only when, the damages are sustained. | Does a party have a cause of action on the date the first legal injury occurs? |
| 2822 | Deniz v. Municipality of Guaynabo, 285 F.3d 142, 146 (1st Cir. 2002) | 4 | A takings claim under the Fifth Amendment ordinarily is considered unripe if the claimant comes directly to a federal court without first seeking compensation through state procedures. U.S.C.A. Const.Amend. 5. | Thus, a takings claim ordinarily is considered unripe if the claimant comes directly to a federal court without first seeking compensation through state procedures. | Is a takings claim considered unripe if the claimant moves directly to a federal court without first seeking compensation through state procedures? |
| 2823 | Mannatt v. United States, 48 Fed. Cl. 148, 155 (2000) | 16 | Although a survey, standing alone, does not affect title in real property, when the government improperly resurveys lands so as to enlarge its interest in the property, and then effectively takes the property, such resurvey plus the assertion of control of the property will constitute a taking by inverse condemnation. | Although a survey, standing alone, does not affect title in real property, when the government improperly resurveys lands so as to enlarge its interest in the property, and then effectively takes the property, such resurvey plus the assertion of control of the property will constitute a taking by inverse condemnation. | "Does a survey, standing alone, affect title in real property under the taking laws?" |
| 2824 | Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 921–22 (D.C. Cir. 1984) | 1 | Territoriality-based jurisdiction allows states to regulate conduct or status of individuals or property physically situated within territory, even if effects of conduct are felt outside the territory, while conduct outside territorial boundary which has or is intended to have substantial effect within the territory may also be regulated by the state. | Territoriality- based jurisdiction thus allows states to regulate the conduct or status of individuals or property physically situated within the territory, even if the effects of the conduct are felt outside the territory. Conversely, conduct outside the territorial boundary which has or is intended to have a substantial effect within the territory may also be regulated by the state. | Does territoriality-based jurisdiction allow states to regulate the conduct or status of individuals or property physically situated within the territory? |
| 2825 | United States v. Columba-Colella, 604 F.2d 356, 358 (C.A.5 (Tex.), 1979) | 2 | Under protective theory, country's legislature is competent to enact laws and, assuming physical power over the defendant, its courts have jurisdiction to enforce criminal laws wherever and by whomever act is performed that threatens the country's security or directly interferes with its governmental operations. | Under the protective theory, which does not bear on the resolution of the case before us, a country's legislature is competent to enact laws and, assuming physical power over the defendant, its courts have jurisdiction to enforce criminal laws wherever and by whomever the act is performed that threatens the country's security or directly interferes with its governmental operations. | When can a country enforce criminal laws under the protective principle? |

| 2826 | Samantar v. Yousuf, 560 U.S. 305, 322 (2010) | 14 | In the context of the act of state doctrine, an official's acts can be considered the acts of the foreign state, and the courts of one country will not sit in judgment of those acts when done within the territory of the foreign state. | We have recognized, in the context of the act of state doctrine, that an official's acts can be considered the acts of the foreign state, and that "the courts of one country will not sit in judgment" of those acts when done within the territory of the foreign state. | "In the context of the act of state doctrine, can an official's acts be considered the acts of the foreign state, and the courts of one country will not sit in judgment of those acts when done within the territory of the foreign state?" |
| 2827 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238-39 (D.D.C. 2017) | 18 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.' . . . As exemplified by each of these cases, the act of state doctrine applies only "when a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." | "Does the act of state doctrine apply only when a court must decide, when the outcome of the case turns upon, the effect of official action by a foreign sovereign?" |
| 2828 | Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1088 (C.A.9 (Nev.),2009) | 11 | A long-standing common law principle, the "act of state doctrine," precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. | A long-standing common law principle, the act of state doctrine precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. | Does the act of state doctrine preclude courts from evaluating the validity of actions that a foreign government has taken within its own borders? |
| 2830 | Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116, 1130-31 (C.D.Cal., 2002) | 1 | Alien Tort Claims Act both confers federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations. 28 U.S.C.A. S 1350. | 90 The Alien Tort Claims Act is also known as the Alien Tort Statute. [1]  The Ninth Circuit has stated that the ATCA both confers federal subject *1131  matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations. | Does the Alien Tort Claims Act both confer federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations? |
| 2831 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516, 522 (2d Cir. 1985) | 10 | Acts of foreign governments purporting to have extraterritorial effect, and consequently, by definition, falling outside scope of "act of state" doctrine, should be recognized by courts only if they are consistent with law and policy of the United States. | Acts of foreign governments purporting to have extraterritorial effect-and consequently, by definition, falling outside the scope of the act of state doctrine-should be recognized by the courts only if they are consistent with the law and policy of the United States. | Should acts of foreign governments purporting to have extraterritorial effect be recognized by United States courts only if they are consistent with the law and policy of the United States? |
| 2832 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49, 62 (D.D.C. 2013) | 9 | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances. | Similarly, the party invoking the act of state doctrine bears the burden to prove its applicability. ("[T]he party raising the defense bears the burden to affirmatively show that an act of state has occurred and 'that no bar to the doctrine is applicable under the factual circumstances.' " | Does the party raising the act of state doctrine as a defense bear the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances? |

| 2833 | Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938, 954 (C.A.5 (Tex.), 2011) | 18 | For act of state, as opposed to sovereign immunity, purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit; the burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | "For act of state (as opposed to sovereign immunity) purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit." Callejo, 764 F.2d at 1115, 1116 (emphasis added).The burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | Does the burden of establishing that the conduct of a foreign government amounts to an Act of State rest with the party asserting the defense? |
| --- | --- | --- | --- | --- | --- |
| 2834 | Nesvig v. Nesvig, 712 N.W.2d 299, 307 (N.D.,2006) | 11 | An in limine ruling is only a preliminary order regarding admissibility of evidence; a district court's in limine ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. | However, an in limine ruling is only a preliminary order regarding admissibility of evidence. See Luce v. United States, 469 U.S. 38, 40-41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); Evans v. Wal-Mart Stores, Inc., 976 S.W.2d 582, 584 (Mo.Ct.App.1998).A district court's in limine ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. | "Is a district court's in limine ruling subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer?" |
| 2835 | Banks v. State, 761 N.E.2d 403, 404-405 (Ind. 2002) | 2 | Predicating error on the admission of evidence that had been excluded preliminarily by an order in limine presents nothing for review; rather, if the trial court errs by admitting evidence, the exclusion of which was sought by a motion in limine, then the error is in admitting the evidence in violation of an evidentiary rule, not in rescinding a previous order in limine. | We first observe that predicating error on the admission of evidence that *405 had been excluded preliminarily by an order in limine presents nothing for review. Rather, if the trial court errs by admitting evidence, the exclusion of which was sought by a motion in limine, then the error is in admitting the evidence in violation of an evidentiary rule, not in rescinding a previous order in limine. | "If the trial court errs by admitting evidence sought to be excluded by a motion in limine, will the error be in admitting the evidence at trial in violation of an evidentiary rule, or in denying the motion in limine?" |
| 2836 | Mardirossian & Assocs. v. Ersoff, 153 Cal. App. 4th 257, 271 (2007) | 7 | It is a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony; trial testimony may be impeached by inconsistent deposition testimony, but absent an abuse of the discovery process, such testimony should not be precluded. | Accordingly, "[i]t is a misuse of a motion in limine " to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony. Trial testimony may be impeached by inconsistent deposition testimony, but absent an abuse of the discovery process, such testimony should not be precluded. | Is it a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony? |

| 2839 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470, 471 (2009) | 1 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." | "Is the admissibility of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" |
| --- | --- | --- | --- | --- | --- |
| 2842 | Ray v. Paul, 563 N.W.2d 635, 638 (Iowa App., 1997) | 1 | Primary purpose of motion in limine is to preclude reference to potentially prejudicial evidence prior to trial court's definitive ruling on its admissibility. | The primary purpose of a motion in limine is to preclude reference to potentially prejudicial evidence prior to the trial court's definitive ruling on its admissibility. | Is the primary purpose of motion in limine to preclude reference to potentially prejudicial evidence prior to trial court's definitive ruling on its admissibility? |
| 2843 | Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th 15, 26 (1997) | 1 | Motion in limine is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence; purpose of motion in limine is to avoid the obviously futile attempt to "unring the bell" in the event motion to strike is granted in proceedings before jury. | A motion in limine is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence. The purpose of a motion in limine is "to avoid the obviously futile attempt to 'unring the bell' in the event a motion to strike is granted in the proceedings before the jury." | "Is the purpose of motion in limine to avoid the obviously futile attempt to ""unring the bell"" in the event motion to strike is granted in proceedings before jury?" |
| 2845 | Lohmann v. Lohmann, 62 S.W.3d 875, 881 (Tex. App. 2001) | 9 | A "motion in limine" is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | "Is a motion in limine a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make?" |
| 2846 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470, 471 (2009) | 1 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" |
| 2847 | Palazzolo v. Rhode Island, 533 U.S. 606, 617 (U.S., 2001) | 5 | Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action. U.S.C.A. Const.Amend. 5. | Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action. | "Is preventing the government from forcing some people alone to bear public burdens, the purpose of the Takings Clause?" |

| | | | | | |
|---|---|---|---|---|---|
| 2849 | Mendenhall v. City of Indianapolis, 717 N.E.2d 1218, 1227 (Ind. Ct. App. 1999) | 27 | A taking by inverse condemnation includes any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property. | A taking by inverse condemnation includes "any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property." | "Does a taking by inverse condemnation include any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property?" |
| 2850 | Buell v. Mitchell, 274 F.3d 337, 372 (6th Cir. 2001) | 45 | Courts in the United States are bound to give effect to international law and to international agreements, except that a "non-self-executing" agreement will not be given effect as law in the absence of necessary authority. Restatement (Third) of the Foreign Relations Law of the United States S 111. | Courts in the United States are bound to give effect to international law and to international agreements, except that a 'non-self-executing' agreement will not be given effect as law in the absence of necessary authority.. | "Are courts in the United States bound to give effect to international law and to international agreements, except that a ""non-self-executing"" agreement will not be given effect as law in the absence of necessary authority?" |
| 2852 | Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1534 (C.A.D.C.,1984) | 37 | Successful act of state defense must rest on factual showing that act of state has occurred, coupled with legal showing that no bar to doctrine is applicable under factual circumstances. | 149  A successful act of state defense must rest on a factual showing that an act of state has occurred, coupled with a legal showing that no bar to the doctrine is applicable under the factual circumstances. | "Must a successful act of state defense rest on a factual showing that an act of state has occurred, coupled with legal showing that no bar to doctrine is applicable under factual circumstances?" |
| 2853 | Perez v. Chase Manhattan Bank, N.A., 61 N.Y.2d 460, 469, 463 N.E.2d 5, 8 (1984) | 1 | Basic premise of act of state doctrine is that courts of one country will not sit in judgment on acts of government of another done within its own territory. | The basic premise of the Act of State doctrine is that "the courts of one country will not sit in judgment on the acts of the government of another done within its own territory." | Is the basic premise of the act of state doctrine that courts of one country will not sit in judgment on acts of government of another done within its own territory? |
| 2854 | DeRoburt v. Gannett Co., Inc., 733 F.2d 701, 702 (C.A.Hawaii,1984) | 1 | While sovereign immunity addresses jurisdiction of court, act of state doctrine is prudential doctrine designed to avoid judicial action in sensitive areas. | Where sovereign immunity addresses the jurisdiction of the court, the act of state doctrine "is a prudential doctrine designed to avoid judicial action in sensitive areas." | "While sovereign immunity addresses jurisdiction of court, is the act of state doctrine a prudential doctrine designed to avoid judicial action in sensitive areas?" |
| 2855 | Haven v. Rzeczpospolita Polska, 68 F. Supp. 2d 947, 957 (N.D.Ill. 1999) | 16 | No federal court is vested with a roving commission to force any foreign government to do equity, and if any such government fails or refuses to act in its governmental capacity as conscience would command, no federal court is empowered to force it to do so except as Congress has specified. | Hence no federal court is vested with a roving commission to force any foreign government to do equity. If any such government fails or refuses to act in its governmental capacity as conscience would command, no federal court is empowered to force it to do so except as Congress has specified. | Is any federal court vested with a roving commission to force any foreign government to do equity? |
| 2856 | Virtual Def. & Dev. Int'l, Inc. v. Republic of Moldova, 133 F. Supp. 2d 1, 7 (D.D.C. 1999) | 6 | Act of state doctrine requires that courts defer to legislative and executive branches when those branches are better equipped to resolve politically sensitive question. | "The act of state doctrine is similar to the political question doctrine in domestic law. It requires that the courts defer to the legislative and executive branches when those branches are better equipped to resolve a politically sensitive question." | Does the act of state doctrine require that courts defer to legislative and executive branches when those branches are better equipped to resolve a politically sensitive question? |

| 2858 | Allied Bank Intern. v. Banco Credito Agricola de Cartago, 757 F.2d 516, 522 (C.A.2 (N.Y.),1985) | 10 | Acts of foreign governments purporting to have extraterritorial effect, and consequently, by definition, falling outside scope of "act of state" doctrine, should be recognized by courts only if they are consistent with law and policy of the United States. | Acts of foreign governments purporting to have extraterritorial effect-and consequently, by definition, falling outside the scope of the act of state doctrine-should be recognized by the courts only if they are consistent with the law and policy of the United States. | Should acts of foreign governments purporting to have extraterritorial effect be recognized by courts only if they are consistent with law and policy of the United States? |
| 2859 | United Mexican States v. Ashley, 556 S.W.2d 784, 786 (Tex. 1977) | 4 | Act of state doctrine provides that courts will not review validity of executive or legislative act of foreign sovereign affecting property within that sovereign's own borders. | Generally the act of state doctrine provides that courts will not review the validity of executive or legislative acts of a foreign sovereign affecting property within that sovereign's own borders. | Does the act of state doctrine provide that courts will not review validity of executive or legislative act of foreign sovereign affecting property within that sovereign's own borders? |
| 2860 | Lernout & Hauspie Speech Prod., N.V. v. Stonington Partners, Inc., 268 B.R. 395, 399 (D. Del. 2001), rev'd, 310 F.3d 118 (3d Cir. 2002), as amended (Nov. 12, 2002) | 8 | United States courts should deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States. | The doctrine of international comity requires a domestic court to give effect to executive, legislative, and judicial acts of a foreign sovereign. Hilton v. Guyot, 159 U.S. 113, 163–64, 16 S.Ct. 139, 40 L.Ed. 95 (1895). The question of whether to extend international comity is relevant only where there is a true conflict between United States law and that of a foreign state. Maxwell Communication Corp. v. Societe Generale (In re Maxwell Communication Corp.), 93 F.3d 1036, 1049 (2d Cir.1996). A true conflict exists where foreign law requires conduct that violates United States law. Id. In the face of a true conflict, the law of the sovereign who has the most significant contacts, that is the "center of gravity", should be applied. Id. at 1055. Furthermore, United States courts should deny comity only if its acceptance would be prejudicial to the interests of the United States. | "Should United States courts deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States?" |
| 2862 | Ficken v. Alton & Southern Ry. Co., 685 N.E.2d 1, 7, 226 Ill.Dec. 187, 193, 291 Ill.App.3d 635, 642 (Ill.App. 5 Dist.,1996) | 11 | Trial court has discretion in deciding whether motion in limine should be granted, and reviewing court will not reverse trial court's order absent clear showing of abuse of that discretion. | The trial court has discretion in deciding whether a motion in limine should be granted, and a reviewing court will not reverse the trial court's order absent a clear showing of an abuse of that discretion. | "Does a trial court have the discretion in deciding whether a motion in limine should be granted, and will the reviewing court reverse the trial court's order absent a clear showing of abuse of that discretion?" |

| 2864 | Tri-City Const. Council, Inc. v. Westfall, 112 P.3d 558, 560, 127 Wash.App. 669, 675 (Wash.App. Div. 3,2005) | 2 | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | " '[T]he doctrine as now applied is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter.' | Is equitable subrogation broadly applied to include instances in which one person pays a debt for which another is primarily liable? |
| 2866 | Hladek v. City of Merced, 69 Cal. App. 3d 585, 588, 138 Cal. Rptr. 194, 196 (Ct. App. 1977) | 2 | When a municipality or public agency engages in competition with a private business and the latter suffers economic harm, the infliction of that harm is not a "taking" of private property which requires compensation in the constitutional sense. | It is well settled, however, that when a municipality or public agency engages in competition with a private business and the latter suffers economic harm, the infliction of that harm is not a 'taking' of private property that requires compensation in the constitutional sense. | "When a public entity engages in competition with a private business and the latter suffers economic harm, does the infliction of that harm constitute a taking?" |
| 2868 | Scanlan v. U.S., State Farm Ins. Co., 743 F.Supp.2d 813, 817 (N.D.Ill., 2010) | 8 | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. 28 U.S.C.A. S 2410(a). | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, "the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed." | Does the right of subrogation secure repayment of a party that is secondarily liable? |
| 2869 | Van Alstyne v. Elec. Scriptorium, Ltd., 560 F.3d 199, 208 (4th Cir. 2009) | 8 | Nothing in common law of trespass to chattel alters traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed. | Thus, nothing in the common law of trespass to chattel alters "the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed." | Does trespass to chattel require a proof of harm for which damages can reasonably be assessed? |
| 2870 | U.S. v. McDonnell, 64 F.Supp.3d 783, 789 (E.D.Va., 2014) | 7 | Bribery statute's quid pro quo requirement is satisfied so long as evidence shows course of conduct of favors and gifts flowing to public official in exchange for pattern of official actions favorable to donor. 18 U.S.C.A. S 201. | "The quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. | To satisfy federal bribery statute's quid pro quo requirement is it enough to show that payment were made with intent of securing specific type of official action or favor in return? |
| 2871 | City of Buffalo v. J. W. Clement Co., 28 N.Y.2d 241, 257, 269 N.E.2d 895, 904 (1971) | 14 | Mere announcement of impending condemnation, coupled with substantial delay and damage does not, in absence of any acts which may be translated into an exercise of dominion and control by the condemning authority, constitute a "taking" so as to warrant awarding compensation. | Accordingly, the mere announcement of impending condemnations, coupled as it may well be with substantial delay and damage, does not, in the absence of other acts which may be translated into an exercise of dominion and control by the condemning authority, constitute a Taking so as to warrant awarding compensation. | "Does a mere announcement of impending appropriation, coupled with substantial delay and damage constitute a de facto taking of property?" |

| | | | | | |
|---|---|---|---|---|---|
| 2872 | U.S. v. Best, 172 F.Supp.2d 656, 660 (D.Virgin Islands,2001) | 2 | In addition to the "subjective territorial principle," by which a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory, United States recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. Restatement (Third) of the Foreign Relations Law of the United States S 402(1)(a). | As restated by the American Law Institute, the primary basis of extraterritorial jurisdiction recognized by the United States is the "subjective territorial principle," by which "a state has jurisdiction to prescribe law with respect to ... conduct that, wholly or in substantial part, takes place within its territory." RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES  402(1) (a) ["RESTATEMENT"]. The United States also recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. United States v. | What are the five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory? |
| 2873 | GSS Group Ltd. v. Republic of Liberia, 31 F.Supp.3d 50, 57 (D.C., 2014) | 2 | Foreign state enjoys sovereign immunity under the Foreign Sovereign Immunities Act (FSIA) unless an international agreement or one of several exceptions in the statute provides otherwise, and thus, in the absence of an applicable exception, the foreign sovereign's immunity is complete, and the district court lacks subject matter jurisdiction over the plaintiff's case. 28 U.S.C.A. S 1602 et seq. | "A foreign state enjoys sovereign immunity under the Act 'unless an international agreement or one of several exceptions in the statute provides otherwise,' " and thus, "[i]n the absence of an applicable exception, the foreign sovereign's immunity is complete-[t]he district court lacks subject matter jurisdiction over the plaintiff's case." | Is a foreign state entitled to sovereign immunity? |
| 2875 | Department of Highways v. Capone, 298 So.2d 94, 96 (La.App. 1 Cir., 1974) | 2 | When there is no taking, damage which merely causes disturbance, inconvenience or discomfort, and which is ordinary and general result of public improvement is not compensable, but is held to be damnum absque injuria. | When there is no taking, damages which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement, are not compensable, but are held to be damnum absque injuria. | "When there is no taking, are damages compensable, which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement?" |
| 2877 | Epperson v. State of Ark., 89 S.Ct. 266, 270, 393 U.S. 97, 104 (U.S.Ark. 1968) | 3 | Courts do not and cannot intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values, but, the vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools. | Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. 13 On the other hand, '(t)he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools, | "As a general rule, can courts intervene in the resolution of conflicts which arise in the daily operation of school systems which do not directly and sharply implicate basic constitutional values?" |

| 2878 | Fleischmann v. Wausau Business Ins. Co., 671 N.E.2d 473, 475 (Ind.App.,1996) | 6 | Workers' Compensation Act represents compromise between insuring compensation for injured employee and protecting employer from unanticipated costs and large damage verdicts. West's A.I.C. 22-3-1-1 to 22-3-12-5. | However, the Worker's Compensation Act represents a compromise between insuring compensation for an injured employee and protecting an employer from unanticipated costs and large damage verdicts. | Does the Workers Compensation Act represent a compromise between insuring compensation for injured employees and protecting an employer from unanticipated costs and large damage verdicts? |
| 2880 | Amende v. Town of Morton,40 Wash.2d 104, 106 (WASH. 1952) | 1 | The absence of a valid or subsisting title or right of action at the inception of a suit cannot be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action. | This indicates a recognition of the general rule that the absence of a valid or subsisting title or right of action at the inception of a suit cannot be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action. | Can the absence of a valid or subsisting title or right of action at the inception of a suit be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action? |
| 2881 | State Mut. Life Assur. Co. of Worcester, Mass. v. Heine, 141 F.2d 741, 744 (C.A.6 1944) | 4 | The courts have concurrent jurisdiction in equity and at law and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor. | The courts have concurrent jurisdiction in equity and at law, and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right, and where enforcement lies within the conscience of the Chancellor. | Is laches a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor? |
| 2882 | Jahnke v. Palomar Financial Corp., 22 Ariz. App. 369, 373 (Ariz. App. 1974) | 6 | Rights and liabilities of the parties depend upon the facts as they exist at the time of the commencement of the action and not later at the time of the filing of a motion for summary judgment. | The rights and liabilities of the parties depend upon the facts as they existed at the time of the commencement of the action and not later at the time of filing of a motion for summary judgment. | Do the rights and liabilities of the parties depend upon the facts as they exist at the time of the commencement of the action and not later at the time of the filing of a motion for summary judgment? |
| 2883 | In re Permian Basin Area Rate Cases, 88 S.Ct. 1344, 1361, 390 U.S. 747, 769 (U.S.N.M. 1968) | 13 | Regulation of prices may, consistently with Constitution, limit stringently return recovered on investment, since investors' interests provide only one variable in constitutional calculus of reasonableness. | Regulation may, consistently with the Constitution, limit stringently the return recovered on investment, for investors' interests provide only one of the variables in the constitutional calculus of reasonableness. | "Can a regulation limit stringently the return recovered on investment, for investors' interests provide only one of the variables in the constitutional calculus of reasonableness?" |
| 2887 | Autin v. Goetz, 524 S.W.3d 617, 631 (Tenn.Ct.App., 2017) | 9 | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Consequently, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." Lacy v. Cox, 152 S.W.3d 480, 484 (Tenn. | Is a plaintiff's right to voluntary dismissal without prejudice subject to exceptions? |

| 2888 | Hatfill v. New York Times Co., 416 F.3d 320, 335 (4th Cir. 2005) | 16 | As used in Virginia statute authorizing plaintiff to take a nonsuit on any cause of action, "cause of action" is a set of operative facts which, under the substantive law, may give rise to one or more rights of action. West's V.C.A. § 8.01-380. | Section 8.01–380 authorizes a plaintiff to take a nonsuit on any "cause of action," and the Virginia Supreme Court defines a "cause of action" as "a set of operative facts which, under the substantive law, may give rise to one or more rights of action," Roller v. Basic Constr. Co., 238 Va. 321, 384 S.E.2d 323, 326 (1989) | "Is a cause of action"" a set of operative facts which, under the substantive law, may give rise to one or more rights of action?" |
| 2889 | Hawkins v. Pierotti, 232 Ga. 631, 631 (1974) | 1 | Action by grantor to cancel deed conveying land allegedly obtained from her by fraud and coercion of grantees was not a suit respecting title to land but was an equitable action which was required to be brought in the county of residence of defendants. Const. art. 6, § 14, pars. 2, 3. | An action by a grantor to cancel a deed conveying land, which she alleges was obtained from her by the grantees by fraud and coercion, is not a suit respecting the title to land within the meaning of the Constitution, Art. VI, Sec. XIV, Par. II (Code Ann. s 2-4902), but is an equitable action, and must be brought in the county of the residence of the defendants, as required by the Constitution, Art. | Is an action to cancel a deed conveying land based on allegations of fraud a suit respecting title to land? |
| 2890 | Bernay v. Sales, 424 A.2d 123, 127 (D.C., 1980) | 4 | Purpose of rule of civil procedure dealing with voluntary dismissal is to limit voluntary dismissal as a matter of right to the early stages of litigation and to prevent plaintiff's running for cover after the defendant has expended significant efforts and has presented a substantial defense. D.C.C.E. SCR, Civil Rule 41(a)(1). | The purpose of Rule 41(a)(1) is to limit voluntary dismissal as a matter of right to the early stages of litigation and to prevent a plaintiff's running for cover after the defendant has expended significant efforts and has presented a substantial defense. | Does the rule related to voluntary dismissal limit such dismissal as a matter of right to the early stages of litigation? |
| 2891 | In re Sheena B., 83 A.D.3d 1056, 1057, 922 N.Y.S.2d 176, 177–78 (2011) | 1 | Ordinarily a party cannot be compelled to litigate and, absent special circumstances, party's motion for voluntary discontinuance should be granted; however, particular prejudice to the opposing party or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, at times, obligatory. McKinney's CPLR 3217(b). | "[O]rdinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. Particular prejudice to the [child] or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or [at times] obligatory" (Tucker v. Tucker, 55 N.Y.2d 378, 383–384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; see Matter of Bianchi v. Breakell, 48 A.D.3d 1000, 852 N.Y.S.2d 454; Christenson v. Gutman, 249 A.D.2d 805, 671 N.Y.S.2d 835; Matter of Commissioner of Franklin County Dept. of Social **178 Servs. v. Terry M., 178 A.D.2d 881, 577 N.Y.S.2d 735). | "Are courts generally reluctant to compel a party to litigate and, in exercise of discretion, will grant motion for discontinuance absent compelling circumstances or particular prejudice to defendants?" |

| 2892 | Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982) | 1 | Granting of nonsuit is merely ministerial act; a plaintiff's right thereto exists from moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleading seeking affirmative relief. Vernon's Ann.Rules Civ.Proc., Rules 164, 164 note. | The granting of a non-suit is merely a ministerial act. A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. "The right to take a non-suit is governed by Rule 164." | Does a plaintiff's right to nonsuit of its own action exist at the moment that an action is filed? |
|---|---|---|---|---|---|
| 2893 | Pfleeger v. Swanson, 229 Or. 254, 258 (1961) | 2 | Statutes limiting right of plaintiff to voluntary nonsuit are in derogation of common law, must be strictly construed, and will not be extended to include cases not within their express terms. ORS 18.230. | Statutes limiting the right of the plaintiff to a voluntary nonsuit are in derogation of the common law, must be strictly construed, and will not be extended to include cases not within their express terms. | Are statutes limiting a right of a plaintiff to voluntary nonsuit in derogation of common law and must be strictly construed? |
| 2894 | Georgiades v. Di Ferrante, 871 S.W.2d 878, 880 (Tex. App. 1994) | 1 | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | A plaintiff has an absolute and unqualified right to take a nonsuit upon timely motion so long as the defendant has not made a claim for affirmative relief. | Does a plaintiff have an absolute and unqualified right to take nonsuit upon timely motion so long as a defendant has not made a claim for affirmative relief? |
| 2895 | Cotton v. Ostroski, 554 N.W.2d 130, 135, 250 Neb. 911, 917–18 (Neb.,1996) | 8 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | Should the litigants adhere to the spirit of the pretrial procedure and are they bound by a pretrial order? |
| 2896 | Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J.Super. 510, 542 (N.J.Super.A.D., 2009) | 31 | The requirement for a case management conference in malpractice actions is one intended to benefit the administration of justice and to assist the parties with an expeditious resolution of malpractice cases, as well as an attempt to reduce the flow of litigation that has arisen from the Affidavit of Merit statute, but such requirement does not vest litigants with any additional rights. N.J.S.A. 2A:53A-27. | We hold that the requirement set forth in Ferreira for a case management **623 conference in malpractice actions is one intended to benefit the administration of justice and to assist the parties with an expeditious resolution of malpractice cases, as well as an attempt to reduce the flow of litigation that has arisen from the Affidavit of Merit statute. We do not discern that the Court's requirement vested any of the litigants with any additional rights. | What is the requirement for a case management conference in malpractice actions? |
| 2897 | Kohler v. Van Peteghem, 330 Ga.App. 230, 238 (Ga.App., 2014) | 10 | Imposition of scheduling deadlines for identification of experts, and questions regarding admission or exclusion of expert testimony, are left to broad discretion of trial court. | The imposition of scheduling deadlines for the identification of experts, and questions regarding the admission or exclusion of expert testimony, are left to the broad discretion of the trial court. | "Are the imposition of scheduling deadlines for identification of experts, and questions regarding admission or exclusion of expert testimony, left to the broad discretion of a trial court?" |

| 2899 | McCain Foods USA, Inc. v. C. Processors, Inc., 275 Kan. 1, 18 (2002) | 14 | The purpose of the pretrial conference is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider such other matters as may aid in the disposition of the action. Rules Civ.Proc., K.S.A. 60-216(c)(7). | "The purpose of the pretrial conference ... is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider '[s]uch other matters as may aid in the disposition of the action.' [K.S.A.2001 Supp. 60-216(c)(7)]. | How will the pretrial conference procedure help to eliminate the element of surprise at trials? |
| 2900 | Chacon v. Jones-Schilds, 904 N.E.2d 286, 289 (Ind.App.,2009) | 6 | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice." Ind. Trial Rule 16(J). | Does a pretrial order limit the issues for trial to those not disposed of by admission or agreement of counsel? |
| 2902 | Bump v. Firemens Ins. Co. of Newark, N.J., 380 N.W.2d 268, 273 (Neb. 1986) | 2 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Pretrial conferences are conducted to simplify and narrow issues presented in a case. Issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | "Does an issue specified at a pretrial conference control the course of an action, and unless altered by the court, does it constitute the issues on which the case is tried?" |
| 2903 | Stephens v. Bi-State Development Agency, 439 S.W.2d 252, 254 (Mo.App. 1969) | 2 | Generally, in order for absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. V.A.M.R. Civil Rule 65.04(2, 3). | As a general rule in order for the absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. | "In order for absence of a witness to be grounds for a continuance, must there be a probability the testimony can be obtained at a certain future time or within a reasonable time?" |
| 2904 | Great Games v. S.C. Dep't of Revenue, 339 S.C. 79, 84 (2000) | 9 | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. | Is tax as an enforced contribution? |
| 2905 | U.S. v. Hitchcock, 286 F.3d 1064, 1069 (C.A.9 (Hawai i), 2002) | 2 | Posse Comitatus Act (PCA) prohibits Army and Air Force personnel from participating in civilian law enforcement activities unless otherwise permitted by federal law. 18 U.S.C.A. S 1385. | The PCA prohibits Army and Air Force personnel from participating in civilian law enforcement activities unless otherwise permitted by federal law. 18 U.S.C. 1385; supra note 3. | Does the Posse Comitatus Act (PCA) prohibit Army and Air Force military personnel from participating in civilian law enforcement activities? |

| 2907 | Perdue Housing, Inc. v. Davis, 582 P.2d 1336, 1337 (1978) | 1 | Different factors are considered when request for continuance is sought because of absence of party, or because of absence of witness; however, underlying standard for review in either case is whether trial court abused discretion in denying continuance. | Different factors are considered when the request for continuance is sought because of the absence of a party, or because of the absence of a witness, Beck v. Peard, 183 Okl. 195, 80 P.2d 614, although the underlying standard for review in either case is whether the trial court abused its discretion in denying the continuance. | Do courts consider different factors when a request for continuance is sought because of absence of a party and absence of a witness? |
| --- | --- | --- | --- | --- | --- |
| 2908 | Dean v. Gainesville Stone Co., 170 S.E.2d 348, 350, 120 Ga.App. 315, 316 (Ga.App. 1969) | 1 | Under Civil Practice Act, trial judge is authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing. Code, S 81A-134(a). | Under the discovery provisions of the Civil Practice Act, a trial judge is authorized to direct parties to an action to produce pertinent documents for inspection, copying or photographing. Code Ann. s 81A-134(a). | "Under the Civil Practice Act, is a trial judge authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing?" |
| 2909 | Brown v. Hardin, 419 P.2d 912, 915, 197 Kan. 517, 519–20 (Kan. 1966) | 4 | Statute which provides that orders entered at pretrial conference have full force of other orders of court and that they control subsequent course of action, unless modified at trial to prevent manifest injustice, reposes in trial court large discretion. K.S.A. 60-216. | Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action, unless modified at the trial to prevent manifest injustice (K.S.A. 60-216). This latter *520 proviso reposes in the trial court a large discretion and it is the exercise of this discretion plaintiff claims has been abused to his prejudice. | Do orders entered at pretrial conference have the full force of other orders of court and control the subsequent course of the action? |
| 2911 | Himmelfarb v. Allain, 380 S.W.3d 35, 40 (Tenn. 2012) | 7 | When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit; the case may be refiled subject to the applicable statutes of limitations. Rules Civ.Proc., Rule 41.01. | When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit. The case may be refiled subject to the applicable statutes of limitations. | "When a voluntary nonsuit is taken, are the rights of the parties adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit?" |
| 2912 | Chca Woman's Hosp., L.P. v. Lidji, 369 S.W.3d 488, 492 (Tex. App. 2012) | 5 | A voluntary nonsuit extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A voluntary nonsuit "extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court" and it "renders the merits of the nonsuited case moot." | "Does a voluntary nonsuit extinguish a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot?" |
| 2914 | Tober v. Hampton, 178 Neb. 858, 859, 136 N.W.2d 194, 196 (1965), overruled by Royal Indem. Co. v. Aetna Cas. & Sur. Co., 193 Neb. 752, 229 N.W.2d 183 (1975) | 4 | Subsequent course of action at trial is controlled by agreements made at pretrial conference so long as they remain unmodified, and such would also be true on appeal. Supreme Court Rules, pt. 4, Rule Promulgated by the Supreme Court. | 4. The subsequent course of an action is controlled by the agreements made at pretrial conference so long as they remain unmodified and that would be true on appeal. | "Is a subsequent course of action at trial controlled by agreements made at pretrial conference so long as they remain unmodified, and such would also be true on appeal?" |

| 2915 | 2nd Roc-Jersey Associates v. Town of Morristown, 158 N.J. 581, 595–96 (N.J.,1999) | 6 | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | We conclude that the core of the definition of a special assessment that makes the imposition a special assessment rather than a general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby. Rather, the special assessment is used to provide a combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance *596 the value and/or the use or function of the properties that are subject to the special assessment. | What is the core of definition of special assessment? |
| :--- | :--- | :--- | :--- | :--- | :--- |
| 2916 | Southeastern Michigan Transp. Authority v. Secretary of State for State of Mich., 104 Mich.App. 390, 399 ( 1981) | 1 | Designation given by legislature to a tax is not controlling, although entitled to be given great weight; in passing upon constitutionality of statute, court looks to operation of tax imposed rather than to labels or descriptive words used to define tax. | The designation given by the Legislature to a tax is not controlling, although **851 entitled to be given great weight. Banner Laundering Co. v. State Board of Tax Administration, 297 Mich. 419, 429, 298 N.W. 73 (1941). In passing upon the constitutionality of a statute, the court looks to the operation of the tax imposed rather than to the labels or descriptive words used to define the tax. | Does a court look to the operation of the tax imposed rather than to the labels or descriptive words used to define the tax in passing upon constitutionality of statute? |
| 2917 | Rozas v. Evangeline Parish Police Jury, 214 So.2d 398, 400 (La.App., 1968) | 4 | In determining whether a cause of action based on fraud has been pleaded, court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. LSA-C.C.P. art. 856. | In determining whether a cause of action has been pleaded, the court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. | Will a court disregard general charges of fraud as mere conclusions? |
| 2918 | Taylor v. Washington Hospital Center, 407 A.2d 585, 592 (D.C., 1979) | 9 | Existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. D.C.C.E. SCR, Civil Rule 16. | The existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. | Do the existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise and are both parties generally bound by the pretrial order? |

| 2919 | Paselk v. Rabun, 293 S.W.3d 600, 611–12 (Tex. App. 2009) | 34 | A nonsuit is effective upon filing; the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, is purely a ministerial act. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A nonsuit is effective upon filing; the order dismissing the suit-while the "starting point for determining when a trial court's plenary power expires"- is purely a ministerial act. | "Is the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, purely a ministerial act?" |
|---|---|---|---|---|---|
| 2920 | Harris v. Billings, 16 Cal. App. 4th 1396, 1402, 20 Cal. Rptr. 2d 718, 721 (1993) | 2 | Plaintiff has no right to dismiss without prejudice if general demurrer has been sustained without leave to amend, since there has been "trial" of legal issues raised by demurrer. | For example, a plaintiff has no right to dismiss without prejudice if a general demurrer has been sustained without leave to amend, since there has been a "trial" of legal issues raised by the demurrer. | "Does a plaintiff have right to dismiss without prejudice if a general demurrer has been sustained without leave to amend, since there has been ""trial"" of legal issues raised by a demurrer?" |
| 2921 | Virginia Concrete Co. v. Bd. of Sup'rs of Fairfax Cnty., 197 Va. 821, 826, 91 S.E.2d 415, 419 (1956) | 2 | An order "dismissed agreed" not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties as fully as a retraxit would be. Code 1950, S 8-154. | An order 'dismissed agreed' not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties 'as fully as a retraxit would be.' Bardach Iron Co. v. Tenenbaum, 136 Va. 163, 171 118 S.E. 502, 505. | "Does an order ""dismissed agreed"" puts an end to the pending suit and also bar any subsequent suit on the same cause of action by the same parties as fully as a retraxit would be?" |
| 2922 | Alvarado v. Hyundai Motor Co., 885 S.W.2d 167, 175 (Tex.App. San Antonio,1994 | 10 | Upon timely motion for nonsuit, plaintiffs' right thereto is absolute and unqualified, and district court has no discretion to dismiss part of suit with prejudice. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Upon a timely motion for nonsuit, the appellants' right thereto is absolute and unqualified, and the trial court has no discretion to dismiss a part of the suit with prejudice. | "Upon a timely motion for nonsuit, is a plaintiffs right thereto is absolute and unqualified, and district court has no discretion to dismiss part of a suit with prejudice?" |
| 2923 | Vardaman v. Baker Ctr., Inc., 96-0831 (La. App. 1 Cir. 2/14/97), 689 So. 2d 667, 669 | 2 | Trial court may not dismiss action without prejudice if substantive rights acquired by defendant would be lost or if dismissal would deprive defendant of a just defense, and when either of these circumstances exists and plaintiff has moved for dismissal without prejudice, trial court may grant voluntary dismissal only if plaintiff agrees that it be dismissal with prejudice. LSA-C.C.P. art. 1671. | Moreover, the trial court may not dismiss an action without prejudice if the substantive rights acquired by the defendant would be lost or if the dismissal would deprive the defendant of a just defense. City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir.1984).When either of these circumstances exists and the plaintiff has moved for a dismissal without prejudice, the trial court may grant the voluntary dismissal only if the plaintiff agrees that it be a dismissal with prejudice. | Can a trial court dismiss an action without prejudice if the substantive rights acquired by defendant would be lost or if the dismissal would deprive defendant of a just defense? |
| 2924 | Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96, 105 (Mo. Ct. App. 2003) | 24 | A partial summary judgment that does not dispose of an entire claim for relief can not be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice. | Finally, we note that a partial summary judgment that does not dispose of an entire claim for relief could not be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice. | "Can a partial summary judgment that does not dispose of an entire claim for relief be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice?" |

| | | | | | |
|---|---|---|---|---|---|
| 2925 | Forshey v. Airborne Freight Corp., 142 Ohio App. 3d 404, 408 (2001) | 3 | Notice dismissal is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice; this is also called the "double-dismissal rule." Rules Civ.Proc., Rule 41(A)(1) (2000). | 41(A)(I) is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice. This is also called the "double-dismissal rule." | "Is a notice dismissal available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice; and is this also called the ""double-dismissal rule""?" |
| 2927 | Levine v. Gonzalez, 901 So.2d 969, 973 (Fla.App. 4 Dist.,2005) | 5 | Where parties file a stipulation of voluntary dismissal, the trial court is divested of "case jurisdiction," which is the power of the court over a particular case that is within its subject matter jurisdiction. | Where parties file such a stipulation of voluntary dismissal, the trial court is divested of "case jurisdiction," or "the power of the court over a particular case that is within its subject matter jurisdiction. | "Where parties file a stipulation of voluntary dismissal, is the trial court divested of ""case jurisdiction,"" which is the power of the court over a particular case that is within its subject matter jurisdiction?" |
| 2928 | Watkins v. U.S. Army, 721 F.2d 687, 691 (9th Cir. 1983), opinion withdrawn, 875 F.2d 699 (9th Cir. 1989) | 1 | The broad equitable powers courts possess to regulate civilian life may not be used to force military to disobey its own regulations absent determination that regulations cannot be given legal effect. | We hold, therefore, that the broad equitable powers the courts possess to regulate civilian life may not be used to force the military to disobey its own regulations absent a determination that the regulations cannot be given legal effect. | Can the broad equitable powers the courts possess to regulate civilian life be used to force military to disobey its own regulations? |
| 2930 | Holmes v. California Nat. Guard, 90 Cal. App. 4th 297, 310, 109 Cal. Rptr. 2d 154, 166 (2001) | 3 | During their time of federal active duty, the state affiliation of members of the National Guard is suspended in favor of an entirely federal affiliation, and they are subject to all applicable laws and regulations of the United States military; upon being relieved from federal active duty, such individuals then revert to their state National Guard status and duty. 10 U.S.C.A. SS 101(d), 12107, 12201(a); 32 U.S.C.A. SS 101(5, 12), 102, 325(a). | During their time of federal active duty, their state affiliation is suspended in favor of an entirely federal affiliation, and they are subject to all applicable laws and regulations of the United States military. Upon being relieved from federal active duty, such individuals then revert to their State National Guard status and duty. | Does the National Guard lose their status in their respective state National Guards for the duration of their period of active federal military service? |
| 2931 | Williams v. Pucinski, No. 01-cv-5588, 2002 WL 1585571, at *3 (N.D. Ill. July 12, 2002) | 1 | Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. S.H.A. 735 ILCS 5/13-217. | Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. | Are voluntary dismissals and dismissals for want of prosecution considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired? |
| 2932 | In re Bro Bro Properties, 50 S.W.3d 528, 530 (Tex. App. 2000) | 7 | The signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | As the Supreme Court of Texas has stated: [T]he signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | "Is the signing of an order dismissing a case, not the filing of a notice of nonsuit, the starting point for determining when a trial court's plenary power expires?" |
| 2934 | State ex rel. J. Richard Gaier Co., L.P.A. v. Kessler, 97 Ohio App.3d 782, 785 (1994) | 3 | Regardless of nature of dismissal, trial courts must retain some limited jurisdiction to determine collateral matters, even when action is dismissed voluntarily. Rules Civ.Proc., Rule 41(A)(1). | Regardless of the nature of the dismissal, trial courts must retain some limited jurisdiction to determine collateral matters even when the action is dismissed voluntarily. | "Regardless of nature of dismissal, must trial courts retain some limited jurisdiction to determine collateral matters, even when action is dismissed voluntarily?" |

| 2935 | Time Warner, Inc. v. Gonzalez, 441 S.W.3d 661, 664–65 (Tex.App.-San Antonio, 2014) | 1 | A trial court has discretion to permit a party to withdraw an admission if: (1) the party shows good cause for the withdrawal; (2) the court finds that the other party will not be unduly prejudiced; and (3) presentation of the lawsuit's merits is served by the withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | A trial court has discretion to permit a party to withdraw an admission if: (a) the party shows good cause for the withdrawal; (b) the court finds that the other party will not be unduly prejudiced; and (c) presentation of the lawsuit's merits is served by the withdrawal. | "Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause, and if the trial court finds that the party relying on the admission will not be unduly prejudiced?" |
| 2936 | Steffan v. Steffan, 29 S.W.3d 627, 631 (Tex. App. 2000) | 4 | The burden is on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer; the failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2 (Repealed). | The burden is on the party seeking withdrawal to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer. See North River Ins. Co. v. Greene, 824 S.W.2d 697, 699-700 (Tex.App.- El Paso 1992, writ denied). The failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. | Is the burden on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer? |
| 2939 | Bryant v. Cnty. Council of Lake Cnty., 720 N.E.2d 1, 6 (Ind.App., 1999) | 10 | Party moving for withdrawal of admissions does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Trial Procedure Rule 36. | Moreover, the party moving for the withdrawal of admissions established by operation of T.R. 36 does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. | Does a party moving for withdrawal of admissions meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated? |
| 2940 | Wilson v. Ortiz, 232 Ga. App. 191, 196–97, 501 S.E.2d 247, 253 (1998), overruled by Giles v. State Farm Mut. Ins. Co., 330 Ga. App. 314, 765 S.E.2d 413 (2014) | 17 | Party to suit will not be allowed to disprove admission made in his pleading without first being granted leave by trial court to withdraw such pleading from record. O.C.G.A. S 24-3-30. | A party to a suit will not be allowed to disprove an admission made in his pleading without first being granted leave by the trial court to withdraw such pleading from the record. | Will a party to suit will not be allowed to disprove an admission made in his pleading without first being granted leave by trial court to withdraw such pleading from record? |
| 2941 | Schwarz v. Platte Valley Exterminating, Inc., 258 Neb. 841, 848 (2000) | 5 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. 5. Pretrial Procedure: Evidence. A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. | Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request? |

| 2943 | Albitus v. Farmers & Merchants Bank, 283 S.E.2d 632, 634, 159 Ga.App. 406, 407 (Ga.App.,1981) | 1 | If party served with request for admission does not serve answer or objection and does not move for extension of time or to withdraw admissions resulting from failure to answer, matter stands admitted. Code, S 81A-136. | If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. | "If a party served with request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw admissions resulting from failure to answer, does the matter stand admitted?" |
| 2944 | Hampton v. City of Wichita, 192 Kan. 534, 536-37 (1964) | 2 | Tax is not "debt" and civil action will not lie for its recovery except where statute especially confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax. | Under the authorities it may be stated that a tax is not a debt in the ordinary acceptation of that term, and consequently a civil action will not lie for its recovery, except in those cases where the statute expressly confers the right to bring such an action or where it *537 impliedly confers **760 such right by omitting all mention of any method for the collection of the tax. | Will a civil action lie for the recovery of a tax where statute expressly confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax? |
| 2945 | China Media Express Holdings, Inc. by Barth v. Nexus Executive Risks, Ltd., 182 F.Supp.3d 42, 50 (S.D.N.Y., 2016) | 9 | Where a contract contains a broad arbitration clause, only those claims that present no question involving construction of the contract, and no questions in respect of the parties' rights and obligations under it, are beyond the scope of the arbitration agreement. | Where a contract contains a broad arbitration clause, only those claims that "present no question involving construction of the contract, and no questions in respect of the parties' rights and obligations under it, are beyond the scope of the arbitration agreement. | "Are the claims that present no question involving construction of the contract and parties rights and obligations under it, beyond the scope of the arbitration agreement?" |
| 2946 | In re Alexandravicus' Estate, 83 N.J.Super. 303, 310 (1964) | 2 | Laws, acts, judgments, and decrees of foreign governments have extra-territorial effect only as matter of comity which in legal sense is neither matter of absolute obligation on one hand or of mere courtesy and good will on other hand. | It is well settled that the laws, acts, judgments and decrees of foreign governments have extraterritorial effect only as a matter of comity, sometimes called 'comity of nations,' which in a legal sense is 'neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other.' | "Is comity, in the legal sense, neither a matter of absolute obligation on one hand nor of mere courtesy and good will, upon the other?" |
| 2947 | Sanford v. Dudley, 196 So.3d 1106, 1110 (Miss.App., 2016) | 5 | For the trial court to exercise its discretion to permit withdrawal of admission, the party seeking to withdraw an admission must first file a motion requesting that relief. Rules Civ.Proc., Rule 36. | For the trial court to exercise its discretion to permit withdrawal, the party seeking to withdraw an admission must first file a motion requesting that relief. | "For the trial court to exercise its discretion to permit withdrawal of admission, must the party seeking to withdraw an admission first file a motion requesting that relief?" |
| 2949 | Brown v. Rowe Chevrolet-Buick, Inc., 357 S.E.2d 181, 183, 86 N.C.App. 222, 224 (N.C.App.,1987) | 1 | Where attorney has given movant no prior notice of intent to withdraw, court has no discretion but must grant reasonable continuance or deny motion to withdraw. Rules Civ.Proc., Rule 40(b), G.S. S 1A-1. | Where the attorney has given the movant no prior notice of intent to withdraw, the court has no discretion but must grant a reasonable continuance or deny motion to withdraw. | "Where an attorney has given movant no prior notice of intent to withdraw, does the court have no discretion but must grant reasonable continuance or deny motion to withdraw?" |

| 2950 | Adobe Land Corp. v. Griffin, L.L.C., 236 S.W.3d 351, 357 (Tex.App.-Fort Worth, 2007) | 9 | A duty to preserve evidence arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Such a duty arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Does a duty to preserve evidence arise only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim? |
| 2954 | St. Mary v. Superior Court, 223 Cal.App.4th 762, 776, 167 Cal.Rptr.3d 517, 528 (Cal.App. 6 Dist., 2014) | 11 | A "deemed admitted" order establishes, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein. Cal. Civ. Proc. Code S 2033.280(c). | "[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein." | "Does a ""deemed admitted"" order establish, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein?" |
| 2955 | Crider v. Pepsi Cola Bottlers of Atlanta, 235 S.E.2d 683, 684, 142 Ga.App. 304, 304 (Ga.App. 1977) | 1 | Where requests for admissions are timely served on the opposite party and no order extending the time for answer is entered, requests are admitted unless answered or objected to within 30 days. Code, S 81A-136(a, b). | Where requests for admissions are timely served upon the opposite party, and no order extending the time for answer is entered, the requests are admitted unless answered or objected to within 30 days. Code s 81A-136(a). | "Where requests for admissions are timely served on the opposite party and no order extending the time for answer is entered, are the requests admitted unless answered or objected to within 30 days?" |
| 2956 | New Jersey Realty Title Ins. Co. v. Division of Tax Appeals in Dept. of Taxation and Finance, 1 N.J. 496, 499–500 (N.J. 1949) | 2 | A state has power to levy a tax on a legitimate subject such as corporate franchises or property, measured by net assets or income, even though there is included, in the measure of the tax, tax exempt federal instrumentalities or the income derived therefrom, and a state tax so measured is not an infringement of the immunity from taxation. | But it is equally well settled that a state has the power to levy a tax on a legitimate subject, such as corporate franchises or property, measured by net assets or income, even though there is included, in the measure of the tax, tax-exempt federal instrumentalities or the income derived therefrom. A state tax so measured is not an infringement of the *500 immunity from taxation. | Does a state has the power to levy a tax on a legitimate subject measured by net assets or income? |
| 2957 | Capitol Novelty Co. v. Evatt, 61 N.E.2d 211, 213, 145 Ohio St. 205, 208 (Ohio 1945) | 3 | A "tax" is a means of distributing burden of costs of government and not an assessment of benefits, the only benefit to which taxpayer is constitutionally entitled being that derived from enjoyment of privilege of living in an organized society, established and safeguarded by devotion of taxes to public purposes. | A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. | Is tax a means of distributing the burden of the cost of government and not an assessment of benefits? |

| | | | | | |
|---|---|---|---|---|---|
| 2958 | U.S. v. Jefferson, 674 F.3d 332, 359 (C.A.4 (Va.), 2012) | 5 | In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or omissions; rather, bribery can be accomplished through an ongoing course of conduct. 18 U.S.C.A. S 201. | We agree with that court's explanation that, "in order to establish the quid pro quo essential to proving bribery, the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions)." Id. at 148 (internal quotation marks omitted). Rather, "bribery can be accomplished through an ongoing course of conduct." Id. | Can bribery of a public official be established through an ongoing course of conduct? |
| 2959 | In re Peloquin's Estate, 409 A.2d 586, 588, 137 Vt. 559, 562 (Vt., 1979) | 4 | Engagement of counsel in other trial courts is not cause for an automatic continuance nor is it alone a ground for claiming abuse of discretion by trial court in dismissing the action with prejudice. V.R.C.P. 40, 41; 4 V.S.A. S 906. | The engagement of counsel in other trial courts will not be considered cause for an automatic continuance, nor is it alone a ground for claiming abuse of discretion by the trial court in dismissing the action under V.R.C.P. 41. | Is engagement of counsel in other trial courts not cause for an automatic continuance or is it alone a ground for claiming abuse of discretion by trial court in dismissing the action with prejudice? |
| 2963 | Dobbelaere v. Cosco, Inc., 697 N.E.2d 1016, 1024, 120 Ohio App.3d 232, 244 (Ohio App. 3 Dist.,1997) | 10 | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission, and also satisfies written answer requirement of summary judgment rule. Rules Civ.Proc., Rules 36, 56(C). | "[W]here a party files a written request for admission[,] a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56(C) in the case of a summary judgment." Id. | "Where a party files a written request for admission, does failure to timely answer request constitute a conclusive admission and also satisfies the written answer requirement?" |
| 2964 | State Farm Fire & Cas. Co. v. Hatherley, 250 Ill.App.3d 333, 338 (1993) | 9 | Party must respond or object to request to admit facts within 28 days following service of request, otherwise such facts may be deemed admitted. Sup.Ct.Rules, Rule 216. | ... party must respond or object to a request to admit facts within 28 days following service of the request, otherwise such facts may be deemed admitted. | "Must a party respond or object to request to admit facts within 28 days following service of the request, otherwise such facts may be deemed admitted?" |
| 2965 | J.M. Parker & Sons, Inc. v. William Barber, Inc., 208 N.C.App. 682, 688 (N.C.App., 2010) | 6 | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | Rule 36 "means precisely what it says [i.e.,] [i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Burchette, 100 N.C.App. at 162, 394 S.E.2d at 701 (internal quotation marks and citation omitted). Failure to do so means that the facts in question are judicially established. | "In order to avoid having request for admissions deemed admitted, must a party respond within the period of the rule if there is any objection whatsoever to the request?" |

| | | | | | |
|---|---|---|---|---|---|
| 2966 | Whirlpool Corp. v. Camacho, 251 S.W.3d 88, 102 (Tex. App. 2008), rev'd, 298 S.W.3d 631 (Tex. 2009) | 17 | A duty to preserve evidence arises when a party knows or reasonably should know (1) that there is a substantial chance that a claim will be filed, and (2) that evidence in its possession or control will be material and relevant to that claim. | This duty to preserve evidence arises when a party knows or reasonably should know (1) that there is a substantial chance that a claim will be filed, and (2) that evidence in its possession or control will be material and relevant to that claim. | "Does a duty to preserve evidence arise when a party knows or reasonably should know that there is a substantial chance that a claim will be filed, and that the evidence in its possession or control will be material and relevant to that claim?" |
| 2967 | Smith v. Circle P Ranch Co., 150 Cal.Rptr. 828, 836, 87 Cal.App.3d 267, 279 (Cal.App., 1978) | 11 | The amount which may properly be assessed as sanctions is limited to those fees and expenses related to a particular abuse of discovery; no assessment may be made for expenses unrelated to specific grounds of motion before court. West's Ann.Code Civ.Proc. S 2034(c). | The amount which may properly be assessed as sanctions is limited to those fees and expenses related to a particular abuse of discovery; no assessment may be made for expenses unrelated to the specific grounds of the motion before the court. | "Is the amount which may properly be assessed as sanctions, limited to those fees and expenses related to a particular abuse of discovery?" |
| 2968 | Albitus v. Farmers & Merchants Bank, 283 S.E.2d 632, 634, 159 Ga.App. 406, 407 (Ga.App.,1981) | 1 | If party served with request for admission does not serve answer or objection and does not move for extension of time or to withdraw admissions resulting from failure to answer, matter stands admitted. Code, S 81A-136. | If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. | "If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from failure to answer, does the matter stand admitted?" |
| 2969 | Masterson v. Hogue, 842 S.W.2d 696, 697 (Tex. App. 1992) | 3 | Untimely answered requests for admissions are automatically deemed admitted and constitute judicial admissions; responding parties cannot thereafter introduce proof to controvert them. | Untimely answered Requests are automatically deemed admitted and constitute judicial admissions; the responding parties cannot thereafter introduce proof to controvert them. | Are untimely answered requests for admissions automatically deemed admitted and constitute judicial admissions and responding parties cannot thereafter introduce proof to controvert them? |
| 2973 | State v. Easton, 69 Wash.2d 965, 970 (1966) | 4 | Treasury department's issuance of stop payment notice neither affected negotiability of social security check nor discharged treasury department's liability thereon; holder in due course could enforce payment for full amount thereof. RCWA 62A.3-305. | The issuance of the stop payment notice by the Treasury Department neither affected the negotiability of the check nor discharged the Treasury Department's liability thereon. A holder in due course could enforce payment for the full amount thereof. | Can a check remain negotiable by a holder in due course and be enforced after the issuance of stop payment order? |
| 2975 | Components Direct, Inc. v. Eur. Am. Bank & Tr. Co., 175 A.D.2d 227, 232, 572 N.Y.S.2d 359, 362–63 (1991) | 8 | Although statements in pleadings are required to be factual, party may supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly, if facts upon which pleader relies are also stated. | Although the statements in pleadings are required to be factual, "a party may supplement or round out his pleading by conclusory allegations or by 'stating legal theories explicitly' if the facts upon which the pleader relies are also stated" (Foley v. D'Agostino, 21 A.D.2d 60, 63, 248 N.Y.S.2d 121, quoting Notes, First Preliminary Report of Advisory Committee on Practice and Procedure, at 63 [1957] ). | Can a party supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly? |

| | | | | | |
|---|---|---|---|---|---|
| 2976 | Moore v. Dudley, 31 Kan.App.2d 184, 190 (Kan.App.,2002) | 12 | Statute which states that a pretrial order controls the future course of the case bestows broad discretionary power upon the trial court in controlling the course of the action. K.S.A. 60-216(e). | 60-216(e) provides that a pretrial order controls the future course of the case: "[T]his order shall control the subsequent course of action unless modified by a subsequent order." This statute bestows broad discretionary power upon the trial court in controlling the course of the action. | Does a statute which state that a pretrial order controls the subsequent course of the case bestows broad discretionary power upon the trial court? |
| 2977 | Boyter v. MCR Const. Co., 673 S.W.2d 938, 941 (Tex.App. 5 Dist.,1984) | 3 | Request for admission directed to one party concerning another's state of mind seeks to elicit inadmissible opinions and cannot be deemed admitted. | Requests for admissions directed to one party concerning another's state of mind seek to elicit inadmissible opinions and cannot be deemed admitted. | Does a request for admission directed to one party concerning another's state of mind seek to elicit inadmissible opinions and cannot be deemed admitted? |
| 2980 | Moran v. Superior Ct. in & for Sacramento Cnty., 38 Cal. App. 2d 328, 334, 100 P.2d 1096, 1099 (1940) | 11 | The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. Code Civ.Proc. S 2020. | The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. | Should the statute authorizing the taking of depositions used in pending trials be liberally construed? |
| 2981 | Paterno v. Superior Ct., 163 Cal. App. 4th 1342, 1349, 78 Cal. Rptr. 3d 244, 250 (2008) | 5 | Trial judges should refrain from ordering unnecessary, expensive, and burdensome discovery proceedings in defamation actions if it appears from the strategic lawsuit against public participation (SLAPP) motion that there are significant issues as to falsity or publication, which the plaintiff should be able to establish without discovery. West's Ann.Cal.C.C.P. S 425.16(g); West's Ann.Cal.Civ.Code S 45. | Trial judges should refrain from ordering "unnecessary, expensive and burdensome" discovery proceedings "if it appears from the SLAPP motion there are significant issues as to falsity or publication- issues which the plaintiff should be able to establish without discovery...." | "Should trial judges should refrain from ordering unnecessary, expensive, and burdensome discovery proceedings in defamation actions?" |
| 2983 | Necchi Sewing Mach. Sales Corp. v. Sewline Co., 194 F.Supp. 602, 604 (D.C.N.Y. 1960) | 3 | Party by entering into arbitration agreement subjects himself in advance to jurisdiction of court within whose territorial jurisdiction arbitration proceedings are to be had, and such submission would waive any objection to venue. 9 U.S.C.A. S 4. | 4, 1954 Amendment, that a party may, by entering into an arbitration agreement subject himself in advance to the jurisdiction of the court within whose territorial jurisdiction the arbitration proceedings are to be had. Such submission waives any objection to venue. | Whether objection to venue can be waived if the party in an arbitration agreement subjects himself in advance to jurisdiction of the court within whose territorial jurisdiction arbitration proceeding to be held? |
| 2984 | Pelletier v. Yellow Transp., Inc., 549 F.3d 578, 581 (C.A.1 (Me.),2008) | 5 | Contractual clause selecting either judicial or arbitral forum for resolution of disputes establishes legal right which is analytically distinct from rights being asserted in dispute to which it is addressed. | As the Third Circuit has noted in another context, "a contractual clause selecting either a judicial or an arbitral forum for the resolution of disputes establishes a legal right which is analytically distinct from the rights being asserted in the dispute to which it is addressed." Coastal Steel Corp. | Whether a contractual clause selecting either judicial or arbitral forum for resolution of disputes establishes legal right distinct from rights being asserted in dispute to which it is addressed? |

| 2985 | Brown v. Cain, 56 F.Supp. 56, 58 (D.C.Pa. 1944) | 1 | An enrolled temporary member of Coast Guard Reserve with rating of Boatswain's Mate, First Class, was a member of armed forces of the United States. | The relator has been since December 21, 1942, an enrolled temporary member of the Coast Guard Reserve, with the rating of Boatswain's Mate, First Class. As such he was a member of the Armed Forces of the United States. | "Is an enrolled temporary member of the Coast Guard Reserve, with the rating of Boatswain's Mate, First Class a member of the Armed Forces of the United States?" |
|---|---|---|---|---|---|
| 2986 | Norman v. Cummings, 73 S.D. 559, 563 (S.D. 1951) | 2 | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | If as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes the duty of the duly authorized public authorities to provide the remedy, but no liability attaches to the user as a result of such use, either to the public highway authorities for damages to the highway (40 C.J.S., Highways, 233; 29 C.J., Highways, 410; Winston & Co. | When does no liability attaches to the user as a result of the use of highway? |
| 2988 | Matter of Estate of Katschor, 543 P.2d 560, 562 (Okla., 1975) | 4 | Where party has acted in a timely and diligent manner, refusal to continue a case to permit the taking of a deposition authorized by statute is prejudicial error. 12 O.S.1971, SS 383, 439, 667. | Where a party has acted in a timely and diligent manner, refusal to continue a case to permit the taking of a deposition authorized by statute is prejudicial error. | "Where a party has acted in a timely and diligent manner, is the refusal to continue a case to permit the taking of a deposition authorized by statute prejudicial error?" |
| 2990 | State ex rel. Woodard v. District Court of Fourteenth Judicial Dist., 120 Mont. 585, 590 (1948) | 4 | Whether depositions are taken in proceeding to perpetuate testimony or in any other case wherein depositions may be taken, affidavit, application or complaint should tender issue sufficiently definite to disclose that testimony sought is relevant to framed or proposed issue. Rev.Codes, 1935, SS 10673-10675,10686-10692 | Whether a deposition be taken in a proceeding to perpetuate testimony, or in any other matter or case where depositions may be taken, it appears that an issue should be tendered by the affidavit, application or complaint, sufficiently definite to disclose that the testimony sought is relevant and pertinent to the framed or proposed issue. | Should an application or complaint tender an issue sufficiently definite to disclose that testimony sought is relevant? |
| 2992 | Perryman v. Crawford, 968 So.2d 83, 85 (Fla.App. 4 Dist.,2007) | 4 | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is a clear showing of abuse prejudicial to the affected party. | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is "a clear showing of abuse prejudicial to the affected party." | Is broad discretion vested in the courts while interpreting and enforcing pretrial orders? |
| 2994 | Loc. 205, United Elec., Radio & Mach. Workers of Am. (UE) v. Gen. Elec. Co., 233 F.2d 85, 96 (1st Cir. 1956) | 15 | The hoary, though probably misguided, judge-made reluctance to give full effect to arbitration agreements cannot now be ignored by Court of Appeals as a matter of federal law without pretty explicit statutory basis for so doing. | That history convinces us that the hoary though probably misguided judge-made reluctance to give full effect to arbitration agreements cannot now be ignored by us as a matter of federal law without a pretty explicit statutory basis for so doing. | Does the court an ignore arbitration agreement considering the hoary judge-made reluctance to give full effect to arbitration agreements? |

| 2995 | ABB Flakt, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 731 A.2d 811, 815, fn5 (Del.Supr.,1999) | 6 | Discovery on the issue of contractual intent is usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings. | We take the occasion, however, to emphasize that discovery on the issue of contractual intent is usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings. | Is discovery on the issue of contractual intent usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings? |
| 2997 | Roberts v. Geren, 530 F. Supp. 2d 24, 32–33 (D.D.C. 2007) | 1 | Courts review decisions of military corrections boards under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act (APA). 5 U.S.C.A. S 706(2). | Courts review the decisions of military corrections boards "under an 'unusually deferential application of the arbitrary or capricious standard' of the Administrative Procedures Act." | Do courts review decisions of the Military Corrections Board under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act? |
| 2998 | W. Pipe & Supply, Inc. v. Heart Mountain Oil Co., 179 Neb. 858, 861–62, 140 N.W.2d 813, 817 (1966) | 3 | Modification of pretrial order may be had at trial to prevent manifest injustice, but modification should be by direction and not by indirection, that is modification must be attended by degree of directness and formality such as is appropriate to court order of such magnitude that, from time of its entry, it controls subsequent course of the action. | 'Modification of a pretrial order may be had at the trial to prevent manifest injustice, but the modification should be by direction and not by indirection. That is, modification must be attended by a degree of directness and formality such as is appropriate to a court order of such magnitude that from the time of its entry it controls the subsequent course of the action. | Is a subsequent course of action in the trial court controlled by agreements made at pretrial conference so long as they remain unmodified? |
| 2999 | Beverly Hills Nat. Bank & Tr. Co. v. Superior Ct. In & For Los Angeles Cnty., 195 Cal. App. 2d 861, 867, 16 Cal. Rptr. 236, 239 (Ct. App. 1961) | 4 | Party initiating proceedings for taking deposition of nonresident has choice of designating that deposition be taken on either oral examination or upon written interrogatories, but trial court vested with discretion, after hearing, to direct whether interrogatories are to be written or oral, and in exercising such discretion elements of convenience and expense may, among other things, be considered. Fed.Rules Civ.Proc. rule 26, 28 U.S.C.A.; West's Ann.Code Civ.Proc. SS 2016, 2018-2021, 2024-2028, 2025, 2026. | Although the party initiating the proceeding has a choice of designating that the deposition be taken on either oral examination, or upon written interrogatories, it is evident that the trial court is vested with discretion, after hearing, to direct whether the interrogatories are to be written or oral. Hoge v. Lava Cap Gold Mining Corp., 55 Cal.App.2d 176, 178, 130 P.2d 470; Hopkins v. Superior Court, 105 Cal.App. 133, 286 P. 1053. In exercising such discretion, among others, elements of convenience and expense properly may be considered. | "Is the trial court vested with the discretion, after hearing, to direct whether interrogatories are to be written or oral?" |
| 3002 | Ohio Multi-Use Trails Assn. v. Vinton Cty. Commrs., 182 Ohio App. 3d 32, 35 (2009) | 1 | The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaints. | The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaints." | Is the legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction whether any cause of action cognizable by the forum has been raised in the complaints? |

| | | | | | |
|---|---|---|---|---|---|
| 3007 | Dargart v. Ohio Dep't of Transp., 871 N.E.2d 608, 611 (Ohio 2006) | 2 | When ruling on a motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. Rules Civ.Proc., Rule 12(B)(1). | When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. | "When ruling on a motion to dismiss for lack of subject-matter jurisdiction, must trial courts determine whether a claim raises any action cognizable in that court?" |
| 3008 | Cleveland Raceways, Inc. v. Bowers, 163 N.E.2d 73, 80–81 (Ohio Com.Pl., 1958) | 11 | The state's power over taxation is plenary and only emphatic requirements of the Constitution may authorize interpretation of privileges and immunities clause which restricts power of states to manage their own fiscal affairs. U.S.C.A.Const. Amend. 14. | The state's power over taxation is plenary and only emphatic requirements of the Constitution may authorize interpretation of the privileges and immunities clause which restricts the power of states to manage their own fiscal affairs; | Which requirements of the Constitution authorize interpretation of the privileges and immunities clause which restricts the power of states to manage their own fiscal affairs? |
| 3010 | Troyan v. Reyes, 855 N.E.2d 967, 977 (Ill. App. 3d Dist. 2006) | 25 | Party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. | "[A] party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. | Should a party have a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control? |
| 3011 | Cline v. Prowler Industries of Maryland, Inc., 418 A.2d 968, 985 (Del.Supr., 1980) | 13 | Under rule requiring that party who unjustifiably fails to admit the truth of a matter requested pay petitioning party "the reasonable expenses incurred in making that proof," "reasonable" would be construed to mean that not only are number of hours, cost per hour, and other expenses charged reasonable in amount, but that total amount assessed against a party bear a relationship to his responsibility in causing that party to prove the fact in question. Superior Court Rules, Civil Rule 37(c), Del.C.Ann. | Rule 37(c) requires that a party who unjustifiably fails to admit the truth of a matter requested pay the petitioning party "the reasonable expenses incurred in making that proof". We construe "reasonable" to mean that not only are the number of hours, cost per hour, and other expenses charged reasonable in amount, but that the total amount assessed against a party bear a relationship to his responsibility in causing that party to prove the fact in question. | "Should a party who unjustifiably fails to admit the truth of a matter requested, pay petitioning party ""the reasonable expenses incurred in making that proof?" |
| 3013 | Chase Manhattan Bank v. Gavin, 733 A.2d 782, 791 (Conn. 1999) | 1 | State is free to pursue its own fiscal policies, unembarrassed by Constitution, if by practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by fact of being an orderly, civilized society. | "A state is free to pursue its own fiscal policies, unembarrassed by the Constitution, if by the practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by the fact of being an orderly, civilized society." | "Is a state free to pursue its own fiscal policies, unembarrassed by the Constitution?" |
| 3014 | Revenue Cabinet v. Estate of Field, 864 S.W.2d 930, 932 (Ky.App.,1993) | 1 | "Ad Valorem" literally means "according to the worth," and is used in taxation to designate assessment of taxes against property at certain rate upon its value. | The term "ad valorem" literally means "according to the worth," and is used in taxation to designate an assessment of taxes against property at a certain rate upon its value. | "Does ""ad valorem"" literally means ""according to the worth"", and is used in taxation to designate assessment of taxes against property at certain rate upon its value?" |

| 3015 | U.S. v. Andrews, 681 F.3d 509, 527 (3d Cir. 2012) | 17 | An honest services fraud prosecution for bribery after Skilling requires the government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | . An honest services fraud prosecution for bribery after Skilling thus requires the Government to prove: (1) that "the payor provided a benefit to a public official intending that he w[ould] thereby take favorable official acts that he would not otherwise take," and (2) that "the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor." | What are the requirements to prove honest services fraud prosecution for bribery? |
| --- | --- | --- | --- | --- | --- |
| 3016 | State v. Emmanuel, 42 Wash.2d 1, 7 (1953) | 4 | Statute defining crime of asking or receiving bribe does not limit crime to cases where official duties prescribed by statute may be affected, but it is sufficient if State officer, agent or employee is given such official duties by direction of his superiors or by custom of office practice. RCW 9.18.020. | The criminal statute, however, does not limit the crime of asking or receiving a bribe to cases where official duties prescribed by statute may be affected. Nor does State v. Hart, supra. It is sufficient if, as here, the state officer, agent or employee is given such official duties by direction of his superiors or by customary office practice. | Is it necessary to prescribe by a statute the duties of board secretary to sustain a conviction for asking and receiving a bribe or is it sufficient if the state officer is given such official duties by direction of his superiors or by custom of the office? |
| 3017 | Texas Co. v. R.R. Comm'n of Tex., 246 S.W.2d 487, 491 (Tex. Civ. App. 1952), writ refused NRE | 2 | Rule against subdivision for purpose of drilling oil wells contemplates prohibition of division of tract of land, or tracts of land, under common ownership, into smaller tracts, for purpose of acquiring additional permits to drill. | The rule against subdivision contemplates the prohibition of a division of a tract of land, or tracts of land, under common ownership, into smaller tracts, for the purpose of acquiring additional permits to drill. | Does the rule against subdivision contemplate the prohibition of a division of a tract of land under common ownership into smaller tracts for the purpose of acquiring additional permits to drill? |
| 3019 | Bauer v. Douglas Aquatics, Inc., 698 S.E.2d 757, 761 (N.C. App. 2010) | 8 | Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. | As such, upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. | "Upon a defendant's motion to dismiss for lack of personal jurisdiction, does the plaintiff bear the burden of making out a prima facie case that jurisdiction exists?" |
| 3020 | Providence Volunteer Fire Department v. Town of Weddington, 800 S.E.2d 425, 432 (N.C.App., 2017) | 11 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | If, however, the defendant submits supportive evidence-for example an affidavit-along with the motion to dismiss, the complaint's allegations "can no longer be taken as true or controlling and [the] plaintiff[ ] cannot rest on the allegations of the complaint." | "If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, along with the motion to dismiss, can the complaint's allegations no longer be taken as true?" |

| | | | | | |
|---|---|---|---|---|---|
| 3021 | Cuozzo v. Town of Orange, 109 A.3d 903, 908–09, 315 Conn. 606, 615–17 (Conn., 2015) | 10 | Where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts; likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Practice Book 1998, S 10-30. | "Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts.... Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits.... | "Where a jurisdictional determination is dependent on the resolution of a critical factual dispute, can it be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts?" |
| 3022 | Sun Life Assur. Co. of Canada v. Indiana Comprehensive Health Ins. Ass'n, 827 N.E.2d 1206, 1209 (Ind. App. 2005) | 4 | A party's failure to exhaust its administrative remedies creates a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate. | Thus, a party's failure to exhaust its administrative remedies creates a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate. | Does a party's failure to exhaust its administrative remedies create a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate? |
| 3023 | AAIS Corp. v. Department of Administrative Services, 93 Conn.App. 327, 328–29 (Conn.App., 2006) | 1 | Motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. | "A motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court.... | Does a motion to dismiss for lack of standing attack the jurisdiction of the court that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court? |
| 3024 | Grajczyk v. Tasca, 717 N.W.2d 624, 631 (S.D. 2006) | 10 | The party on whose behalf service has been made has the burden of establishing its validity; however, this initial burden only requires that the party establish a prima facie case: when a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper. | "The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity." However, this initial burden only requires that the party establish a prima facie case: when a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper. | "When a defendant moves to dismiss for insufficient service of process, is the burden on the plaintiff to establish a prima facie case that the service was proper?" |
| 3025 | Paragon Const. Co. v. Dept. of Pub. Works, 23 A.3d 732, 740 (Conn. App. 2011) | 19 | In the absence of a proper factual basis in the complaint to support the applicability of exceptions to the state's sovereign immunity from suit, the granting of a motion to dismiss on sovereign immunity grounds is proper. | In the absence of a proper factual basis in the complaint to support the applicability of these exceptions, the granting of a motion to dismiss on sovereign immunity grounds is proper. | "In the absence of a proper factual basis in the complaint to support the applicability of exceptions to the state's sovereign immunity from suit, is the granting of a motion to dismiss on sovereign immunity grounds proper?" |

| | | | | | |
|---|---|---|---|---|---|
| 3026 | Disney Enterprises, Inc. v. Tax Appeals Tribunal of State, 10 N.Y.3d 392, 403, 888 N.E.2d 1029, 1036 (2008) | 6 | Since power to tax is traditional state power, unambiguous evidence is required to raise inference that scope of federal pre-emption of such power extends beyond that which clearly is mandated by Congress's language. | As this Court has long held that the power to tax is such a traditional state power (see People v. Adirondack Ry. Co., 160 N.Y. 225, 54 N.E. 689 [1899] ), we will not "absent unambiguous evidence, infer a scope of pre-emption beyond that which clearly is mandated by Congress' language" (Cipollone v. Liggett Group, Inc., 505 U.S. 504, 533, 112 S.Ct. 2608, 120 L.Ed.2d 407 [1992] ). | Is evidence required to raise inference that scope of federal pre-emption of the state's power to tax extends beyond that which is clearly mandated by Congress's language? |
| 3027 | One Beacon Ins. Co. v. Hughes, 269 Ga.App. 390, 392 (Ga.App.,2004) | 2 | The Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | In construing the statutes at issue, we note that the Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction because there is no common law right to such benefits. | "Does the Workers Compensation Act constitute a complete code of laws on the subject, and is the entitlement to workers compensation benefits strictly a matter of statutory construction?" |
| 3028 | Hook v. Springfield, 141 Ohio App. 3d 260, 266 (2001) | 4 | The rights of injured employees and the dependents of killed employees to recover from or participate in the workers' compensation fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory. | " '[T]he rights of injured employees and the dependents of killed employees to recover from or participate in the [workers' compensation] fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory[.]' " | "Are the rights of injured employees and dependents of killed employees to recover from or participate in the workers compensation fund constitutional, inherent, common-law, or statutory rights?" |
| 3030 | United States v. Rosen, 716 F.3d 691, 700 (2d Cir. 2013) | 4 | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | To establish the " 'corrupt' intent necessary to a bribery conviction," the Government must prove that the defendant had " 'a specific intent to give ... something of value in exchange for an official act,' " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)), which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. | What should the government prove in order to establish the corrupt intent necessary to a bribery conviction? |
| 3034 | Blake v. Samuelson, 524 P.2d 624, 625, 34 Colo.App. 183, 185 (Colo.App. 1974) | 3 | Under rule providing that a complaint shall contain a short and plain statement of claim showing that pleader is entitled to relief, pleadings need only serve notice of claim asserted and need not express a complete recitation of all facts which support the cause of action. Rules of Civil Procedure, rule 8(a). | 8(a) provides that a complaint shall contain, inter alia: 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . .' Under this rule pleadings need only serve notice of the claim asserted and need not express a complete recitation of all the facts which support the cause of action. | Should pleadings only serve notice of the claim asserted? |

| 3035 | Teva Pharm. Indus. v. Ruiz, 181 So. 3d 513, 516-517 (Fla.App. 2 Dist., 2015) | 3 | In ruling on a motion to dismiss for lack of jurisdiction, the complaint must first be examined to determine whether it alleges a basis for jurisdiction under long-arm statute; a plaintiff may either track the language of statute without pleading supporting facts, or the plaintiff may allege specific facts that demonstrate that the defendant's actions fit within one or more subsections of statute. West's F.S.A. S 48.193. | In ruling on a motion to dismiss for lack of jurisdiction, the complaint must first be examined to determine whether it alleges a basis for jurisdiction under section 48.193, Florida Statutes (2009). See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So.2d 598, 601 (Fla. 2d DCA 2007). The plaintiff may *517 either track the language of section 48.193 without pleading supporting facts, or the plaintiff may allege "specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193." | "In ruling on a motion to dismiss for lack of jurisdiction, must the complaint first be examined to determine whether it alleges a basis for jurisdiction under long-arm statute?" |
| 3039 | Krinitt v. Idaho Department of Fish and Game, 398 P.3d 158, 163 (2017) | 14 | The decision of whether to impose sanctions for violating a scheduling order is within a district court's discretion and an appellate court will not overturn such a decision absent a manifest abuse of that discretion. Idaho R. Civ. P. 16(i), 37(b)(2)(B) (2015). | The decision of whether to impose sanctions for violating a scheduling order "is within the district court's discretion ... and we will not overturn such a decision absent a manifest abuse of that discretion." | Is the decision of whether to impose sanctions for violating a scheduling order within a district court's discretion and such a decision will not be overturned absent a manifest abuse of discretion? |
| 3040 | Bobick v. Community & Southern Bank, 743 S.E.2d 518, 525, 321 Ga.App. 855, 860 (Ga.App., 2013) | 6 | A motion to dismiss for lack of subject matter jurisdiction can allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint or counterclaim, or a factual challenge, which requires consideration of evidence beyond the face of the complaint or counterclaim. | A motion to dismiss for lack of subject matter jurisdiction under OCGA 9-11-12(b)(1) "can allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint [or counterclaim], or a factual challenge, which requires consideration of evidence beyond the face of the complaint [or counterclaim]." | Can a motion to dismiss for lack of subject matter jurisdiction allege a facial challenge? |
| 3043 | In re Peoples, 250 S.E.2d 890, 912, 296 N.C. 109, 148 (N.C., 1978) | 13 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Should an action be dismissed if the issues before a court become moot at any time during the course of the proceedings? |

| 3044 | Cnty. of Shelby v. McWherter, 936 S.W.2d 923, 931 (Tenn.Ct.App., 1996) | 6 | Moot case is which has lost its character as present, live controversy; case will generally be considered moot when prevailing party will be provided no meaningful relief from judgment in its favor, and, to avoid being dismissed as moot, cases or issues must be justiciable not only when case is first filed but must remain justiciable throughout entire course of litigation, including appeal. | A moot case is one which has lost its character as a present, live controversy. McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn.App.1994). A case will generally be considered moot when the prevailing party will be provided no meaningful relief from a judgment in its favor. Id. To avoid being dismissed as moot, cases or issues must be justiciable not only when a case is first filed but must remain justiciable throughout the entire course of the litigation, including the appeal. | Should cases or issues must be justiciable not only when a case is first filed but must remain justiciable throughout the entire course of the litigation in order to avoid being dismissed as moot ? |
| 3045 | Chacha v. Transport USA, Inc., 78 So.3d 727, 730 (Fla.App. 4 Dist., 2012) | 1 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed "a fraud on the court which permeates the entire proceedings." | Does a trial court have the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings? |
| 3046 | Hechtman v. Savitsky, 62 Conn. App. 654, 657 (2001) | 1 | Mootness implicates subject matter jurisdiction, which imposes a duty on a court to dismiss a case if a court can no longer grant practical relief to the parties. | Mootness implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | "Does mootness implicate subject matter jurisdiction, which imposes a duty on a court to dismiss a case if a court can no longer grant practical relief to the parties?" |
| 3047 | Adkins v. Labor Ready, Inc., 303 F.3d 496, 500–01 (C.A.4 (W.Va.), 2002) | 4 | Litigant can compel arbitration under the Federal Arbitration Act (FAA) if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute. 9 U.S.C.A. S 1 et seq. | In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration *501 provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." | Can litigants compel arbitration under the Federal Arbitration Act (FAA)? |
| 3049 | Jancauskas v. Tow Motor Corp., 126 Ill. App. 2d 289, 292, 261 N.E.2d 753, 755 (Ill. App. Ct. 1970) | 3 | Purpose of sanctions of Supreme Court Rule for failure of party to appear for pretrial conference is to coerce corporation rather than to dispose of litigation as a form of punishment. S.H.A. ch. 110, S 59; Supreme Court Rules, rule 219(c), S.H.A. ch. 110A, S 219(c). | The purpose of the sanctions of Supreme Court Rule 219(c) (Ill.Rev.Stat.1967, ch. 110A, sec. 219(c)) is to coerce this cooperation rather than to dispose of litigation as a form of punishment. | Is the purpose of sanctions of the Supreme Court Rule for failure of a party to appear for a pretrial conference is to coerce a corporation rather than to dispose of litigation as a form of punishment? |

| | | | | | |
|---|---|---|---|---|---|
| 3050 | Salifu v. Ward, 1998 WL 928427, at *2 (Mass.App.Div.,1998) | 2 | A defect in a summons served upon a defendant does not warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend. M.G.L.A. c. 223, S 84; M.G.L.A. c. 231, S 51; Mass.R.Civ.P. 4(g). | A defect in a summons served upon a defendant does not warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend. | Does a defect in a summons served upon a defendant warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend? |
| 3051 | Wheeler v. Hajianpour, 688 So. 2d 423, 424 (Fla. Dist. Ct. App. 1997) | 1 | Dismissal of action with prejudice as sanction for failing to comply with court order has generally been frowned upon by courts, except in most egregious circumstances of intentional defiance and contumacious disregard of court's authority. | Dismissal of a litigant's action with prejudice as a sanction for failing to comply with a court order has generally been frowned upon by the courts, except in the most egregious circumstances of intentional defiance and contumacious disregard of the court's authority (a circumstance not present in the instant case). | Has dismissal of action with prejudice as a sanction for failing to comply with a court order generally been frowned upon by courts? |
| 3052 | Bejda v. SGL Industries, Inc., 392 N.E.2d 38, 41, 29 Ill.Dec. 481, 484, 73 Ill.App.3d 484, 487 (Ill.App. 1 Dist., 1979) | 3 | Trial court possesses inherent power to dismiss cause for failure of party to take some step as ordered where no sufficient excuse is provided. S.H.A. ch. 110, S 37, Supreme Court Rules, rules 201-219, S.H.A. ch. 110A, SS 201-219. | There is no doubt, however, that a trial court does possess the inherent power to dismiss a cause for failure of a party to take some step as ordered where no sufficient excuse is provided. | Does a trial court possess an inherent power to dismiss cause for failure of a party to take some step as ordered where no sufficient excuse is provided? |
| 3054 | Causey v. Caterpillar Machinery Corp., 822 So.2d 188, 190–91, 2002-0746 La.App. 4 Cir. 6/26/02, 3 (La.App. 4 Cir.,2002) | 3 | Only two categories of causes outside the record satisfy the jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. LSA-C.C.P. art. 561. | The only other categories of causes outside the record that satisfy the jurisprudential exceptions to the abandonment rule are: (1) a plaintiff-oriented exception, based upon contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception based upon acknowledgement that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with intent to treat the case as abandoned. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes a deposition with or without formal notice?" |
| 3058 | Geico Fin. Serv. v. VRR, 69 Ohio App. 3d 556, 558 (1990) | 4 | Where party fails to appear at pretrial conference, such party must receive notice that action will be dismissed sua sponte by court, and if he does not receive such notice, judgment entered against him may be vacated. Rules Civ.Proc., Rules 41(B)(1), 60(B)(1). | Where a party fails to appear at a pretrial conference, such party must receive notice that the action will be dismissed sua sponte by the court, and if he does not receive such notice, the judgment entered against him may be vacated pursuant to Civ.R. 60(B)(1). | "Where a party fails to appear at a pretrial conference, must such party receive notice that the action will be dismissed sua sponte by court?" |

| 3061 | Martin v. Brooks, 270 A.D.2d 538, 538–39, 703 N.Y.S.2d 823, 825 (2000) | 2 | Fundamentally, where a party disobeys a court order and by his or her conduct frustrates the statutory disclosure scheme, dismissal of the complaint is within the broad discretion of the trial court. | Fundamentally, "[w]here a party in these circumstances disobeys a court order and by his [or her] conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court" (Zletz v. Wetanson, 67 N.Y.2d 711, 713, 499 N.Y.S.2d 933, 490 N.E.2d 852; see, Kihl v. Pfeffer, 94 N.Y.2d 118, 700 N.Y.S.2d 87, 722 N.E.2d 55; Reynolds Sec. v. Underwriters Bank & Trust Co., 44 N.Y.2d 568, 571–572, 406 N.Y.S.2d 743, 378 N.E.2d 106). | "Where a party disobeys a court order and by his or her conduct frustrates the statutory disclosure scheme, is dismissal of the complaint within the broad discretion of the trial court?" |
| 3064 | Kelly v. Kelly, 2005 WL 1084636 | 2 | A dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. LSA-C.C.P. art. 1672(A)(1). | However, a dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. | Is a dismissal for failure to appear a harsh remedy and should court consider a broad range of less severe alternatives prior to deciding on dismissal? |
| 3066 | Kirby v. BancorpSouth Bank, 211 So.3d 704, 709 (Miss.App., 2016) | 7 | When analyzing whether dismissal for failure to prosecute is appropriate, the court looks for the following factors: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice. Rules Civ.Proc., Rule 41(b). | When analyzing whether a Rule 41(b) dismissal is appropriate, this Court looks for the following factors: "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice." | What factors should the court look when analyzing whether dismissal for failure to prosecute is appropriate? |
| 3067 | Guttilla v. Peppino's Food, Inc., 125 A.D.3d 604, 605, 3 N.Y.S.3d 108, 109 (2015) | 2 | A court may enter default and dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar; in order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Pursuant to 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (see Aydiner v. Grosfillex, Inc., 111 A.D.3d 589, 589, 975 N.Y.S.2d 80; Vera v. Soohoo, 99 A.D.3d 990, 992, 953 N.Y.S.2d 615). In order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see id. at 992, 953 N.Y.S.2d 615; Frey v. Chiou, 94 A.D.3d 810, 811, 941 N.Y.S.2d 522; Felsen v. Stop & Shop Supermarket Co., LLC, 83 A.D.3d 656, 656, 919 N.Y.S.2d 883). | Can a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? |

| | | | | | |
|---|---|---|---|---|---|
| 3068 | Ward v. Levin, 161 Cal. App. 3d 1026, 1033, 208 Cal. Rptr. 312, 316 (Ct. App. 1984) | 5 | Where a party seeks a trial de novo after arbitration, trial court should give matter priority and sign at the earliest possible trial date; time between date arbitration award is filed with court and date set for new trial is to be excluded from calculation of five-year limitation period. West's Ann.Cal.C.C.P. S 583(b). | Where [a party] seeks a trial de novo after arbitration, the trial court should give the matter priority and assign it the earliest possible trial date. The time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583(b). | "Where a party seeks a trial de novo after arbitration, should a trial court give a matter priority and sign at the earliest possible trial date?" |
| 3069 | United States v. Pompey, 445 F.2d 1313, 1317 (C.A.3 (Pa.), 1971) | 1 | In order to qualify for a "ministerial exemption," registrant must show a regularity of religious preaching and teaching, the ministry must be his main and primary calling, that is his vocation rather than avocation, and his standing in his congregation must be recognized as that of a minister or leader of a group of lesser members. Military Selective Service Act of 1967, SS 6(g), 16(g) (1-3), 50 U.S.C.A. App. SS 456(g), 466(g) (1-3). | In sum, in order to qualify for a ministerial exemption, the registrant must satisfy the following tripartite test: (1) he must show a regularity of religious preaching and teaching; (2) the ministry must be his main and primary calling, his vocation rather than avocation; and (3) his standing in the congregation must be recognized as that of a minister or leader of a group of lesser members. | How does a registrant qualify for a ministerial exemption? |
| 3072 | Kohn's Bakery, Inc. v. Terracciano,  147 N.J.Super. 582, 584–85 (N.J.Super.A.D. 1977) | 4 | Trial judge has the right, as an exercise of discretion, to impose sanctions for violation of the rules or failure to obey the orders of the court; such sanctions may include dismissal of the action. R. 1:2-4; R. 4:37-2(a). | There is no doubt at all of the right of a trial judge, as an exercise of discretion, to impose sanctions for violation *585 of the rules or failure to obey the orders of the court, and those sanctions may include dismissal of the action. R. 4:37-2(a), and See Elmora S. | "Does a trial judge have the right, as an exercise of discretion, to impose sanctions for a violation of the rules or failure to obey the orders of the court?" |
| 3073 | Thompson v. Kentucky Power Co., 551 S.W.2d 815, 816 (Ky. Ct. App. 1977) | 1 | Application of rule that a defendant may move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court is a matter that is within discretion of court. CR 41.02. | "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him."<br><br>It appears that this is a matter for the discretion of the Court. | Is application of rule that a defendant can move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court a matter that is within discretion of court? |
| 3076 | American Truck Driving Academy, Inc. v. Smith, 998 So.2d 1067, 1069 (Ala.Civ.App.,2008) | 3 | A dismissal with prejudice for lack of prosecution is proper only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Is a dismissal with prejudice for lack of prosecution, proper where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" |

| 3077 | Bagalay v. Lahaina Restoration Foundation, 588 P.2d 416, 422, 60 Haw. 125, 132 (Hawaii, 1978) | 2 | In general, dismissal of complaint is such severe sanction that it is to be used only in extreme circumstances where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. | In general, the federal appellate courts have said that a dismissal of a complaint is such a severe sanction that it is to be used only in extreme circumstances when there is a clear record of delay or contumacious conduct and where lesser sanctions would not serve the best interests of justice. | Is dismissal of a complaint a severe sanction to be used in extreme circumstances and where lesser sanctions would not serve the interests of justice? |
|------|------|------|------|------|------|
| 3078 | Clark v. Yarbrough, 900 S.W.2d 406, 408 (Tex.App. Texarkana,1995) | 2 | Court may dismiss case for want of prosecution if party seeking relief fails to appear for any hearing or trial of which party has notice, for noncompliance with time standards, or for lack of due diligence and each different kind of dismissal is cumulative and independent. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4. | A court may dismiss a case for want of prosecution if the party seeking relief fails to appear for any hearing or trial of which the party had notice, Rule 165a(1); for noncompliance with time standards, Rule 165a(2); or for lack of due diligence, Rule 165a(4). The different kinds of dismissals are cumulative and independent. | Will court dismiss a case for want of prosecution for failure of a party to comply with the time standards set by the Court? |
| 3080 | Wells Fargo Bank v. Country Place Condo. Ass'n, 304 Mich. App. 582, 589, 848 N.W.2d 425, 430 (2014) | 3 | A motion for summary disposition for alleged failure to state a valid defense against a claim asserted tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. MCR 2.116(C)(9). | A motion for summary disposition pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. | Does a motion for summary disposition for alleged failure to state a valid defense against a claim asserted test the sufficiency of the defendant's pleadings? |
| 3083 | Hanlin v. Saugatuck Twp., 299 Mich. App. 233, 239 (Mich. App. 2013) | 4 | A motion for summary disposition for failure to state a claim on which relief can be granted tests the legal sufficiency of the complaint on the allegations of the pleadings alone. MCR 2.116(C)(8). | Summary disposition is proper under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone. | Does a motion for summary disposition on the basis of failure to state a claim test the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted? |
| 3084 | Banks v. Bordeaux Long Term Care, 465 S.W.3d 141, 147 (Tenn.Ct.App., 2014) | 2 | A motion to dismiss for failure to state a claim upon which relief may be granted challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. Rules Civ.Proc., Rule 12.02(6). | Montgomery Cnty.: A motion to dismiss based upon Tennessee Rule of Civil Procedure 12.02(6) requires a court to determine if the pleadings state a claim upon which relief may be granted. Tenn. R. Civ. P. 12.02(6); Cullum v. McCool, 432 S.W.3d 829, 832 (Tenn.2013). A Rule 12.02(6) motion challenges "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." | Can a motion to dismiss for failure to state a claim upon which relief be granted challenge only the legal sufficiency of the complaint? |

| 3087 | C.L. v. State Dep't of Soc. & Health Servs., 2017 WL 3587372 | 5 | To prove intimidation, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. West's A.I.C. 35-45-2-1. | To prove intimidation, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. | "As an evidence of the intimidation, the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act?" |
| 3088 | Anderson v. Armentano, 139 A.D.3d 769, 770, 33 N.Y.S.3d 294, 296 (2016) | 1 | On a pre-answer motion to dismiss, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference. McKinney's CPLR 3211. | "On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v. Palomino, 78 A.D.3d 996, 996, 913 N.Y.S.2d 668; see Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511). | "On a pre-answer motion to dismiss, is the pleading to be afforded a liberal construction and the plaintiffs allegations are accepted as true?" |
| 3089 | Lindsay v. Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 A.D.3d 790, 792, 12 N.Y.S.3d 124, 126 (2015) | 6 | On a pre-answer motion to dismiss, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference. McKinney's CPLR 3211. | "On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Barker v. Amorini, 121 A.D.3d 823, 824, 995 N.Y.S.2d 89 [internal quotation marks and citation omitted] ). | "On a pre-answer motion to dismiss, is the pleading to be afforded a liberal construction and the plaintiffs allegations are accepted as true?" |
| 3090 | Green v. Trinity Intern. University, 344 Ill. App. 3d 1079, 1085 (2003) | 4 | A motion to dismiss because claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim is properly used to raise affirmative matters that negate the claim, not to challenge the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | A motion to dismiss pursuant to section 2-619(a)(9), on the other hand, raises an "affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2-619(a)(9) (West 2002)). Such a motion "is properly used to raise affirmative matters that negate the claim, not to challenge the essential allegations of the plaintiff's cause of action." | Can a motion to dismiss be properly used to raise affirmative matters that negate the claim? |
| 3092 | Locklear v. Lanuti, 176 N.C.App. 380, 384 (N.C.App.,2006) | 3 | If the complaint discloses an unconditional affirmative defense which defeats the claim asserted, or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed." | "If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, will it be dismissed?" |

| 3094 | Khan v. Parsons Global Services, Ltd., 521 F.3d 421, 428 (C.A.D.C.,2008) | 8 | Irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration. | We hold that, irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration; | Is filing a motion for summary judgment based on matters outside of the pleadings inconsistent with preserving the right to compel arbitration? |
|---|---|---|---|---|---|
| 3095 | Lewallen v. Green Tree Servicing, L.L.C., 487 F.3d 1085, 1092 (C.A.8 (Mo.), 2007) | 9 | Contractual arbitration provision gives parties the choice of alternative, nonjudicial forum to resolve their disputes, but it does not go so far as to allow or encourage parties to proceed, either simultaneously or sequentially, in multiple forums. | An arbitration provision gives parties "the choice of an alternative, nonjudicial forum" to resolve their disputes, but it does not go so far as to "allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums." | Do contractual arbitration provisions allow or encourage parties to proceed either simultaneously or sequentially in multiple forums? |
| 3096 | Kamhi v. EmblemHealth, Inc., 37 Misc. 3d 171, 176, 944 N.Y.S.2d 821, 825–26 (Sup. Ct. 2012) | 2 | Although the facts pleaded are presumed to be true and accorded every favorable inference on a motion to dismiss for failure to state a cause of action, bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion. McKinney's CPLR 3211(a)(7). | Although "the facts pleaded are presumed to be true and accorded every favorable inference ..., bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion" (Palazzolo v. Herrick, Feinstein, LLP, 298 A.D.2d 372, 372, 751 N.Y.S.2d 401 [2d Dept. 2002] [internal citations omitted] ). | Are bare legal conclusions and factual claims which are flatly contradicted by the evidence not presumed to be true on a motion to dismiss? |
| 3097 | Best Cartage, Inc. v. Stonewall Packaging, LLC, 727 S.E.2d 291, 296, 219 N.C.App. 429, 433 (N.C.App., 2012) | 3 | The trial court considering a motion to dismiss for failure to state a claim should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Furthermore, the trial court "should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory." | Should the trial court considering a motion to dismiss for failure to state a claim construe the complaint liberally? |
| 3098 | All American Finance Co. v. Pugh Shows, Inc., 30 Ohio St.3d 130, 132, fn1 (Ohio, 1987) | 1 | Five criteria must be satisfied to establish holder in due course status, allowing holder to take instrument free from claims and defenses: one must be holder, of negotiable instrument, taken for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense against or claim to it on part of any person. R.C. S 1303.31. | Five criteria must be satisfied to establish holder in due course status: (1) one must be a holder, (2) of a negotiable instrument, (3) taken for value, (4) in good faith, and (5) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. | How can a person establish the holder in due course status? |
| 3099 | Barnes v. Hodge, 118 A.D.3d 633, 633, 989 N.Y.S.2d 467, 468 (2014) | 3 | Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations, claims consisting of bare legal conclusions with no factual specificity, are insufficient to survive a motion to dismiss. | "Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v. Spano, 13 N.Y.3d 358, 373, 892 N.Y.S.2d 272, 920 N.E.2d 328 [2009] ). | Are claims consisting of bare legal conclusions with no factual specificity insufficient to survive a motion to dismiss? |

| | | | | | |
|---|---|---|---|---|---|
| 3100 | Dorry v. Garden, 98 A.3d 55, 60, 313 Conn. 516, 523–24 (Conn., 2014) | 8 | When a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts; likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Practice Book 1998, S 10-31. | "Finally, [when] a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts.... Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits.... | "When a jurisdictional determination is dependent on the resolution of a critical factual dispute, can it be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts?" |
| 3101 | State ex rel. Com'r of Transp. v. Cherry Hill Mitsubishi, Inc., 439 N.J.Super. 462, 467 (2015) | 1 | Motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested by the facts; the inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint. | Motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any "cause of action [ ] 'suggested' by the facts." Printing-Mart Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). The inquiry is limited to "examining the legal sufficiency of the facts alleged on the face of the complaint." | Do motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested by the facts? |
| 3102 | Gerstner v. Washington Water Power Co., 122 Idaho 673, 677 (1992) | 1 | In deciding whether to dismiss case for failure to prosecute, district court must consider length of delay, justification, if any, for delay, and extent of any resultant prejudice. Rules Civ.Proc., Rule 41(b). | When deciding whether to dismiss a case the district court must consider the length of delay caused by the failure to prosecute, the justification, if any, for such delay, and the extent of any resultant prejudice. | "Should court consider length of delay, justification, if any, for delay, and extent of any resultant prejudice in deciding whether to dismiss case for failure to prosecute?" |
| 3103 | Maggio, Inc. v. United Farm Workers, 227 Cal. App. 3d 847, 883, 278 Cal. Rptr. 250, 273 (Ct. App. 1991), modified (Feb. 19, 1991) | 32 | In ruling on motion to dismiss on basis that plaintiff has not brought case to trial within two years, trial court should be guided by policy favoring trial on merits over dismissal for failure to prosecute with reasonable diligence. Cal.Rules of Court, Rule 373. | In ruling on a motion to dismiss because the plaintiff has not brought the case to trial within two years, the trial court should be guided by the policy favoring trial on the merits over a dismissal for failure to prosecute with reasonable diligence. | Should courts be guided by policy favoring trial on merits over dismissal for failure to prosecute with reasonable diligence? |
| 3104 | Middleton v. Middleton, 526 So. 2d 859, 860–61 (La. Ct. App. 1988) | 2 | Whether step or steps taken by defendant after accrual of five-year abandonment of action period be termed as "affirmative," "definite," or "formal," it is qualitative effect of step(s) taken by defendant which must be considered to determine whether defendant's conduct waived abandonment. LSA-C.C.P. art. 561. | Whether the step or steps taken by a defendant after the five-year period be *861 termed as "affirmative" (Southport Petroleum, supra) or as "definite" (Sandfield Oil & Gas Co., supra) or "formal" (Traigle, supra), it is the qualitative effect of the step(s) taken by a defendant which must be considered in a case to case approach to determine whether the defendant has waived the CCP Art. 561 abandonment. | Is it a qualitative effect of step taken by defendant which must be considered to determine whether defendant waived abandonment? |

| 3105 | Aiello v. Ed Saxe Real Estate, Inc., 508 Pa. 553, 562 (Pa.,1985) | 2 | Principal is liable to innocent third parties for frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, even if principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. 63 P.S. SS 455.522, 455.601, 455.603. | Today we reaffirm the longstanding and widely held rule of law that a principal is liable to innocent third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, 5  although the principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. | Is principal liable for agents acts in scope of his employment even though principal did not authorize it? |
| 3106 | Sabel v. Mead Johnson & Co., 737 F.Supp. 135, 138 (D.Mass.,1990) | 3 | Agency relationship has three essential characteristics: power of agent to alter legal relationships between principal and third parties and principal and himself, existence of fiduciary relationship toward principal with respect to matters within scope of agency, and right of principal to control agent's conduct with respect to matters within scope of agency. | An agency relationship has three essential characteristics: 1) the power of the agent to alter the legal relationships between the principal and third parties and the principal and himself; 2) the existence of a fiduciary relationship toward the principal with respect to matters within the scope of the agency; and 3) the right of the principal to control the agent's conduct with respect to matters within the scope of the agency. | "Is the right of the principal to control the agent's conduct, an essential characteristic of agency?" |
| 3107 | Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 23, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008 | 3 | When the Government conducts an activity, the National Environmental Policy Act (NEPA) itself does not mandate particular results; instead, NEPA imposes only procedural requirements to ensure that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts. National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | When the Government conducts an activity, "NEPA itself does not mandate particular results." Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 350, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989). Instead, NEPA imposes only procedural requirements to "ensur[e] that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts." | Is National Environmental Policy Acts requirement procedural or substantial? |
| 3108 | Rodash v. AIB Mortg. Co., 16 F.3d 1142, 1144 (C.A.11 (Fla.),1994) | 3 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Congress intended the statute to create a system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, we liberally construe its language in favor of the consumer. McGowan v. King, Inc., 569 F.2d 845, 848 (5th Cir.1978). 1  Accord Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 898 (3rd Cir.1990). | Why did Congress intend to create a system of private attorneys generals under Truth in Lending Act (TILA)? |

| | | | | |
|---|---|---|---|---|
| 3109 | David v. Neumann Univ., 187 F. Supp. 3d 554, 558 (E.D. Pa. 2016) | 3 | While Pennsylvania law allows a student to sue a private university for breach of contract, the allegations must relate to a specific and identifiable promise that the school failed to honor; as such, the student must point to specific undertakings in the contract that were not provided. | While Pennsylvania law allows a student to sue a private university for breach of contract, "the allegations must relate to a specific and identifiable promise that the school failed to honor." Vurimindi v. Fuqua Sch. of Bus., 435 Fed.Appx. 129, 133 (3d Cir.2011) (per curiam) (nonprecedential). As such, the student "must point to specific undertakings in the [contract] that were not provided." | "If a student sues a private university for breach of contract, the allegation must relate to a specific and identifiable promise?" |
| 3110 | Goldberg v. Regents of Univ. of Cal., 248 Cal. App. 2d 867, 874, 57 Cal. Rptr. 463, 468 (Ct. App. 1967) | 6 | Regents of state university have general rule-making power in regard to university and are with certain exceptions, fully empowered with respect to organization and government of university, including authority to maintain order and decorum on campus and enforcement of same by all appropriate means, including suspension or dismissal. West's Ann.Const. art. 9, S 9. | The Regents have the general rule-making or policy-making power in regard to the University (Estate of Royer, 123 Cal. 614, 56 P. 461, 44 L.R.A. 364),44 L.R.A. 364),and are (with exceptions not material here) fully empowered with respect to the organization and government of the University (Williams v. Wheeler, 23 Cal.App. 619, 138 P. 937; Wallace v. Regents, etc., 75 Cal.App. 274, 242 P. 892), including the authority to maintain order and decorum on the campus and the enforcement of the same by all appropriate means, including suspension or dismissal from the University. | Do the Regents have general rule-making power in regard to the university? |
| 3111 | Wilson v. Holland, 96 Ga. App. 679, 680, 101 S.E.2d 97, 99 (1957) | 4 | Where plaintiff alleges that he thought he saw a nonexistent object or failed to properly identify existing object because of described conditions, trial court must judge whether such allegations contradict primary physical laws of nature, and, if they do, such allegations must be disregarded. | Where the plaintiff alleges that he thought he saw a nonexistent object or failed to properly identify an existing object because of certain described conditions, the court must judge whether such allegations contradict primary physical laws of nature, and, if they do, must disregard them. | Should the court disregard allegations which contradict the primary physical laws of nature? |
| 3112 | Lang v. Enervest Energy Institutional Fund XI A LP, 68 N.E.3d 179, 186–87 (Ohio App. 4 Dist., 2016) | 7 | When a trial court considers a motion to dismiss for failure to state a claim upon which relief may be granted, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. Rules Civ.Proc., Rule 12(B)(6). | When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. | "When a court considers a motion to dismiss for failure under Rule 12(b)(6), should it accept as true all factual allegations in the complaint?" |

| 3113 | Otte v. Edwards, 370 S.W.3d 898, 900 (Mo.App. E.D., 2012) | 2 | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we apply the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or a cause that might be adopted in that case. | Is a motion to dismiss for failure to state a cause of action solely a test of the adequacy of the plaintiff's petition? |
| 3115 | Walker v. Columbus Ins. Agency, 156 Ga. App. 199, 200, 274 S.E.2d 159, 160–61 (1980) | 2 | Under "three minute" rule, when case is sounded for trial, parties shall immediately announce ready or move for continuance, and if three minutes shall elapse before announcement or motion to continue, case will be dismissed. Code, SS 24-3341, 81A-141(b). | Under the "three minute" rule (Code Ann. s 24-3341), when a case is sounded for trial the parties shall immediately announce ready or move for continuance and if three minutes shall elapse "before the announcement or motion to continue, the plaintiff's case will be dismissed." | "Should parties immediately announce or move for continuance under ""three minute"" rule, when case is sounded for trial?" |
| 3116 | Horowitz v. People's Sav. Bank, 29 N.E.2d 770, 771, 307 Mass. 222, 224–25 (Mass. 1940) | 4 | A deed with full covenants of warranty "estops" grantor who has imperfect title or no title to realty conveyed, from setting up against grantee or those claiming under him, any later acquired title which inured to benefit of grantee and his successors in title, and persons claiming by descent or by grant under grantor after acquisition of later title, are likewise estopped. | It is the rule in this Commonwealth that a deed with full covenants of warranty estops a grantor who has an imperfect title or no title at all to the real estate conveyed, from setting up against the grantee or those claiming under him any later acquired title to the property and that such a later acquired *225 title inures to the benefit of the grantee and his successors in title. Persons claiming by descent or by grant under the grantor after the acquisition of later title are likewise estopped.' | Does a deed with full covenants of warranty estop a grantor who has an imperfect title? |

| | | | | | |
|---|---|---|---|---|---|
| 3117 | Charron v. State, 257 S.W.3d 147, 151 (Mo.App. W.D.,2008) | 4 | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion; however, where the facts are uncontested, a question as to the subject matter jurisdiction of a court is purely a question of law, which is reviewed de novo. | Generally, the decision to dismiss for lack for subject-matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. However, where, as here, the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed de novo. | "Generally, is the decision to dismiss for lack for subject matter jurisdiction a question of fact left to the sound discretion of the trial court?" |
| 3119 | Geisler v. City Council of City of Cedar Falls, 769 N.W.2d 162, 165 (Iowa 2009) | 3 | A trial court cannot consider factual allegations contained in the motion to dismiss or the documents attached to the motion, and the trial court must ignore those facts, except those of which the trial court may take judicial notice. | A court cannot consider factual allegations contained in the motion or the documents attached to the motion. The court must ignore these facts, except those of which the court may take judicial notice. | "Can a trial court consider factual allegations contained in the motion to dismiss or the documents attached to the motion, except those of which the trial court can take judicial notice?" |
| 3122 | Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90, 92 (Fla. App. 1979) | 1 | Purpose of rule permitting dismissal of action for failure to prosecute is to require prompt and efficient prosecution of case up to point of submission for disposition or determination by judges or jury and to prevent clogging of dockets of trial courts with litigation that has been, essentially, abandoned for stated period. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | The two-fold purpose of Rule 1.420(e) is stated by this court in Strader v. Morrill, Fla. 1st DCA 1978, 360 So.2d 1137as follows: "(1) To require prompt and efficient prosecution of the case up to the point of submission for disposition or determination by the judge or the jury. (2) To prevent the clogging of dockets of trial courts with litigation that has been, essentially, abandoned for the stated period." | What is the purpose of rule dealing with dismissals for failure to prosecute? |
| 3123 | Cadet-Duval v. Gursim Holding, Inc., 147 A.D.3d 718, 719, 45 N.Y.S.3d 585, 586 (2017) | 2 | In assessing a motion to dismiss for failure to state a cause of action a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | " 'In assessing a motion under CPLR 3211(a)(7) …a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint' " (Hampshire Props. v. BTA Bldg. & Developing, Inc., 122 A.D.3d at 573, 996 N.Y.S.2d 129, quoting Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511). | "In assessing a motion to dismiss for failure to state a cause of action, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint?" |
| 3124 | Hinrichs v. Youssef, 214 A.D.2d 604, 604–05, 625 N.Y.S.2d 87, 88 (1995) | 1 | Affidavits received on motion to dismiss for failure to state cause of action which has not been converted to motion for summary judgment are not to be examined for purpose of determining whether there is evidentiary support of pleading. | Affidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment are not to be examined for the purpose of determining whether there is evidentiary support of the pleading (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970). | Are affidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment not to be examined? |

| 3125 | Pentland v. Commissioner of Correction, 169 A.3d 851, 853 (2017) | 1 | In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | Except in other circumstances which are inapplicable here, "[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling upon whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint?" |
| 3126 | Williams v. Kroger Food Co., 46 Mich. App. 514, 516, 208 N.W.2d 549, 551 (1973) | 1 | Where plaintiff and counsel fail to appear at a duly scheduled trial, trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. | Where plaintiff and counsel fail to appear at a duly scheduled trial, the trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. | Can court dismiss the suit and subsequently deny a motion for reinstatement where plaintiff and counsel fail to appear at a duly scheduled trial? |
| 3129 | United States v. Tracts 31a, Lots 31 & 32, Lafitte's Landing Phase Two Port Arthur, Jefferson Cty. Texas, 852 F.3d 385, 390 (C.A.5 (Tex.), 2017) | 8 | Under Texas law, each spouse has the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property. Tex. Fam. Code Ann. S 3.102(a). | Conversely, Texas law provides that each spouse has the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property. | "Does each spouse have the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property?" |
| 3130 | Hiles v. Episcopal Diocese of Massachusetts, 773 N.E.2d 929, 938, 437 Mass. 505, 516 (Mass.,2002) | 13 | Under factual challenge to subject matter jurisdiction by motion to dismiss, the plaintiff's jurisdictional averments in the complaint are entitled to no presumptive weight, and the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties. Rules Civ.Proc., Rule 12(b)(1), 43A M.G.L.A. | Under this "factual challenge" to jurisdiction, "the plaintiff's jurisdictional averments [in the complaint] are entitled to no presumptive weight [and] the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." | "Under factual challenge to subject matter jurisdiction by motion to dismiss, are the plaintiff's jurisdictional averments in the complaint entitled to no presumptive weight?" |
| 3131 | Billups v. Jade, Inc., 482 N.W.2d 269, 272, 240 Neb. 494, 498 (Neb.,1992) | 6 | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | Thus, in the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is a basis to dismiss an action on account of a lack of diligent prosecution. | What is the basis to dismiss action on account of lack of diligent prosecution? |
| 3132 | State ex rel. Nixon v. Summit Inv. Co., LLC, 186 S.W.3d 428, 433 (Mo.App. S.D.,2006) | 8 | A trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused. | We observe that "[a] trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused." | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" |

| | | | | | |
|---|---|---|---|---|---|
| 3133 | Koch v. Lavorne, 699 So.2d 164, 166 (Ala. Civ. App. 1997) | 2 | It falls within judicial discretion of trial court to dismiss action for want of prosecution when plaintiff fails to appear at trial of case, and trial court's determination will not be disturbed on appeal unless there is abuse of that discretion. | "It is well settled that it falls within the judicial discretion of the trial court to dismiss an action for want of prosecution when the plaintiff fails to appear at the trial of the case." Smith v. Savage, 655 So.2d 1022, 1024 (Ala.Civ.App.1995). "The trial court's determination will not be disturbed on appeal unless there is an abuse of that discretion." | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" |
| 3134 | State ex rel. Missouri Highway and Transp. Com'n v. Kersey, 663 S.W.2d 364, 365 (Mo.App. S.D. 1983) | 1 | Courts have inherent power, in exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and action thereon will not be disturbed on appeal unless such discretion was abused. | Appellant recognizes the general rule that courts have the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" |
| 3135 | Samanie & Barnes v. Lawler, 619 So.2d 1166, 1169 (La.App. 1 Cir., 1993) | 2 | Judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial. LSA-C.C.P. art. 1672, subd. A. | LSA-C.C.P. Art. 1672 A provides that a judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. | Should a judgment dismissing an action be rendered upon application of any party when the plaintiff fails to appear on day set for trial? |
| 3136 | Lacey v. Vill. of Palatine, 379 Ill. App. 3d 62, 69, 882 N.E.2d 1187, 1194 (2008), rev'd, 232 Ill. 2d 349, 904 N.E.2d 18 (2009) | 10 | The affirmative matter asserted by the defendant on a motion to dismiss based upon defects or defenses must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | "[T]he 'affirmative matter' asserted by the defendant must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials." | Should the affirmative matter asserted by the defendant be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials? |
| 3137 | Finkelstein Newman Ferrara LLP v. Manning, 67 A.D.3d 538, 540, 889 N.Y.S.2d 147, 149 (2009) | 3 | On a motion to dismiss asserting a failure to state a cause of action, affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims. | It is well settled that "affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" | "On a motion to dismiss for failure to state cause of action, can affidavits be used to preserve in-artfully pleaded, but potentially meritorious, claims?" |
| 3141 | Citizens Sav. Bank v. G & C Development, L.L.C., 113 So.3d 1085, 1088, 2012-1034 La.App. 1 Cir. 2/15/13, 5 (La.App. 1 Cir., 2013) | 1 | The articles providing a system to determine whether certain dismissals prior to trial on the merits are to be with or without prejudice, when read in pari materia, dictate that dismissals after trials on the merits are to be with prejudice. LSA-C.C.P. art. 1671 et seq. | Accordingly, LSA-C.C.P. arts. 1671 through 1673 provide a system to determine whether certain dismissals prior to a trial on the merits are to be with or without prejudice. The articles, when read in pari materia, dictate that dismissals after trials on the merits, however, are to be with prejudice. | Do the articles provide a system to determine whether certain dismissals prior to trial on the merits are to be with or without prejudice? |

| 3143 | Kenneth R. v. Roman Cath. Diocese of Brooklyn, 229 A.D.2d 159, 162, 654 N.Y.S.2d 791, 794 (1997) | 6 | Evidentiary material may be considered to remedy defects in complaint, and, unless it can be shown that material fact as claimed by pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal may not be predicated on such evidentiary material. McKinney's CPLR 3211(a), par. 7. | Evidentiary material may be considered to "remedy defects in the complaint" (Rovello v. Orofino Realty Co., supra, at 636, 389 N.Y.S.2d 314, 357 N.E.2d 970),"and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it", dismissal may not be predicated on such evidentiary material (Guggenheimer v. Ginzburg, supra, at 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). | "Unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, can a dismissal not be predicated on such evidentiary material?" |
| 3144 | Cron v. Hargro Fabrics, Inc., 91 N.Y.2d 362, 366, 694 N.E.2d 56, 58 (1998) | 2 | In opposition to motion to dismiss, plaintiff may submit affidavits to remedy defects in complaint and preserve inartfully pleaded, but potentially meritorious claims; though limited to that purpose, such additional submissions of plaintiff, if any, will be given their most favorable intendment. McKinney's CPLR 3211. | In opposition to such a motion, a plaintiff may submit affidavits "to remedy defects in the complaint" and "preserve inartfully pleaded, but potentially meritorious claims" (Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 636, 389 N.Y.S.2d 314, 357 N.E.2d 970; but see, American Indus. Contr. Co. v. Travelers Indem. Co., 42 N.Y.2d 1041, 1043, 399 N.Y.S.2d 206, 369 N.E.2d 762). Though limited to that purpose, such additional submissions of the plaintiff, if any, will similarly be "given their most favorable intendment" (Arrington v. New York Times Co., 55 N.Y.2d 433, 442, 449 N.Y.S.2d 941, 434 N.E.2d 1319). | "In opposition to a motion to dismiss, can a plaintiff submit affidavits to remedy defects in complaint and preserve inartfully pleaded, but potentially meritorious claims?" |
| 3145 | HealthSouth Med. Ctr. v. Employers Ins. Co. of Wausau, 232 S.W.3d 828, 830–31 (Tex. App. 2007) | 8 | Until party has satisfied requirement to exhaust administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. | Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. | "Until a party has satisfied the exhaustion of administrative remedies requirement, does the trial court lack subject matter jurisdiction?" |
| 3146 | Dworak v. Farmers Ins. Exchange, 693 N.W.2d 522, 528, 269 Neb. 386, 393 (Neb., 2005) | 6 | A "dismissal without prejudice" after failing to timely serve defendants means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Neb.Rev.St. S 25-217. | A dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. | "Does a ""dismissal without prejudice"" after failing to timely serve defendants mean that another petition can be filed against the same parties upon the same facts?" |

| | | | | | |
|---|---|---|---|---|---|
| 3147 | Weaver v. Leon Cnty. Classroom Tchrs. Ass'n, 680 So. 2d 478, 481 (Fla. Dist. Ct. App. 1996) | 5 | Dismissal of complaint with prejudice is severe sanction which should be granted only when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint to state cause of action. | Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994); Carr v. Dean Steel Buildings, Inc., 619 So.2d 392, 394 (Fla. 1st DCA 1993). | Should a dismissal of a complaint with prejudice only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action? |
| 3148 | Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App. 2001) | 10 | Dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. V.T.C.A., Civil Practice & Remedies Code S 14.003. | A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. | Is a dismissal for failure to comply with rules governing filing of in forma pauperis suits not a ruling on the merits? |
| 3149 | Lewis v. City of Savannah, 336 Ga. App. 126, 129 (2016) | 4 | The unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | Under Georgia law, the unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | "Does the unqualified dismissal of a case terminate the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity?" |
| 3150 | Fabian v. BGC Holdings, LP, 24 N.E.3d 307, 314, 388 Ill.Dec. 399, 406, 2014 IL App (1st) 141576, ¶ 23 (Ill.App. 1 Dist., 2014) | 14 | A dismissal with prejudice is regarded as a final judgment on the merits and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment adverse to the plaintiff. | A dismissal "with prejudice" is regarded as a final judgment on the merits and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment adverse to the plaintiff. | Is dismissal with prejudice deemed to be as conclusive of rights of parties as if a matter had proceeded to trial and been resolved by final judgment adverse to a plaintiff? |
| 3151 | Thiele v. Sec. State Bank of New Salem, 396 N.W.2d 295, 297 (N.D., 1986) | 1 | Court may not consider motion to amend complaint following judgment of dismissal unless court first alters, vacates, or sets aside judgment. Rules Civ.Proc., Rules 59, 60(b). | A court may not consider a motion to amend a complaint following a judgment of dismissal unless the court first alters, vacates, or sets aside the judgment under Rules 59 or 60(b), N.D.R.Civ.P. | "Can a court not consider a motion to amend complaint following judgment of dismissal unless a court first alters, vacates, or sets aside judgment?" |
| 3153 | Jaroszewski v. Flege, 297 S.W.3d 24, 33 (Ky. 2009) | 4 | The propriety of a trial court's ruling on a motion to dismiss for lack of prosecution does not necessarily hinge on its discussing the six particular factors listed in Ward v. Housman; rather, to rule properly on a motion to dismiss for lack of prosecution, the trial court must assess all factors relevant to that particular case, which might include some or all factors listed in Ward and may include other factors. Rules Civ.Proc., Rule 41.02(1). | In contrast to this misunderstanding, we hold that propriety of the trial court's ruling does not necessarily hinge on its discussing the six particular factors listed in Ward. Rather, to rule properly on a motion to dismiss for lack of prosecution, the trial court must assess all factors relevant to that particular case, which might include some or all factors listed in Ward and may include other factors. | Should the court assess all factors relevant to a particular case for a motion to dismiss for lack of prosecution? |

| 3155 | Oratowski v. Civil Service Commission of City of Chicago, 3 Ill.App.2d 551, 561 (Ill.App. 1 Dist. 1954) | 5 | An officer of the law must exercise the greatest degree of restraint in dealing with the public and he must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct, since it may be of such character or so provoked or conditioned as to be fully justified. | An officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct. It may be of such a character or so provoked or conditioned as to be fully justified. | "Should police officers conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct?" |
|------|------|------|------|------|------|
| 3158 | Marshall v. Beach, 143 Ohio App.3d 432, 436 (Ohio App. 11 Dist.,2001) | 4 | When an action is unconditionally dismissed, the trial court loses authority to proceed in that matter, including efforts to enforce a settlement agreement arising from the dismissed action, absent a provision to the contrary. | As appellant correctly notes, "when an action is unconditionally * * * dismissed, the trial court loses authority to proceed in that matter, absent a provision to the contrary, including efforts to enforce a settlement agreement arising from the dismissed action." | "When an action is unconditionally dismissed, does the trial court lose authority to proceed in that matter absent a provision to the contrary?" |
| 3159 | Gilbreath v. Brewster, 463 S.E.2d 836, 837, 250 Va. 436, 440 (Va.,1995) | 1 | Dismissal with prejudice generally is as conclusive of rights of parties as if suit had been prosecuted to final disposition adverse to plaintiff, and it not only terminates particular action, but also right of action upon which it is based. | A dismissal with prejudice generally is "as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff," and it not only terminates the particular action, "but also the right of action upon which it is based." | Is a dismissal with prejudice generally as conclusive of rights of parties as if suit had been prosecuted to a final disposition adverse to a plaintiff? |
| 3162 | Dalmex, Ltd. v. Apparel Enterprises, Inc., 455 S.W.3d 241, 244 (Tex.App.-El Paso 2015) | 7 | A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. Tex. R. Civ. P. 165a(3). | A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. | Does a trial court abuse its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable? |
| 3163 | Crafton Contracting Company v. Swenson Construction Company, Inc., 495 S.W.3d 178, 181 (Mo.App. E.D., 2016) | 4 | Generally, there are three essential elements to an agency relationship: (1) the agent holds the power to alter the legal relations between the principal and a third party; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | Generally, there are three essential elements to an agency relationship: 1) the agent holds the power to alter the legal relations between the principal and a third party; 2) the agent is a fiduciary with respect to matters within the scope of the agency; and 3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | Is the right to control an essential element of the agency relationship? |

| 3164 | Fonseca v. Fong, 167 Cal. App. 4th 922, 930 (2008) | 6 | Federal authority to regulate immigration derives from various sources, including the federal government's power to establish a uniform rule of naturalization, its power to regulate commerce with foreign nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, cl. 3, 4. | Federal authority to regulate immigration derives from various sources, including the federal government's power "[t]o establish [a] uniform rule of naturalization" (U.S. Const., art. I,  8, cl. 4), its power "[t]o regulate commerce with foreign nations" (id., cl. 3), and its broad authority over foreign affairs. | Is the authority to regulate immigration derived from the federal government's power to regulate commerce with foreign nations? |
| 3167 | Villas at Parkside Partners v. City of Farmers Branch, Tex., 675 F.3d 802, 807 (5th Cir. 2012), on reh'g en banc, 726 F.3d 524 (5th Cir. 2013) | 1 | In the field of immigration, the power to regulate is unquestionably exclusively a federal power; the exclusivity of Congress's power stems from multiple constitutional sources, including the Federal Government's power to establish a uniform Rule of Naturalization, its power to regulate Commerce with foreign Nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, S 8, cls. 3, 4. | In the field of immigration, the power to regulate "is unquestionably exclusively a federal power." The exclusivity of Congress's power stems from multiple constitutional sources, "including the Federal Government's power '[t]o establish [a] uniform Rule of Naturalization,' ... its power '[t]o regulate Commerce with foreign Nations,' ... and its broad authority over foreign affairs." | Does the government have the power to regulate commerce with foreign nations? |
| 3170 | In re Marriage of Buster, 115 S.W.3d 141, 144 (Tex.App. Texarkana,2003) | 2 | The standard for reviewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement of a case dismissed under the failure to appear provision of the rules of civil procedure is mistake or accident on the part of the aggrieved party. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The standard for reviewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement of a case dismissed under the failure to appear provision of Rule 165a is mistake or accident on the part of the aggrieved party.. | Is the standard for reviewing a dismissal for want of prosecution an abuse of the court's discretion? |
| 3171 | Kruis v. McKenna, 2001 PA Super 366, ¶ 6 (Pa.Super.,2001) | 1 | A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion, and the Superior Court is loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. | A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. | Is a request to open a judgment of non pros by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion? |
| 3175 | Landvatter Ready Mix, Inc. v. Buckey, 963 S.W.2d 298, 304 (Mo.App. E.D.,1997) | 16 | Failure to timely and specifically object to evidence on ground that it is beyond scope of pleadings constitutes consent for determination of issues thereby raised. | Failure to timely and specifically object to evidence on the ground that it is beyond the scope of the pleadings constitutes consent for determination of issues thereby raised. | Does the failure to timely and specifically object to evidence on ground that it is beyond scope of pleadings constitutes consent for determination of issues thereby raised? |
| 3177 | Corte v. Corte, 664 So.2d 218, 218 (Ala.Civ.App.,1994) | 1 | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. | "Is the dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, within the sound discretion of the trial court?" |

| | | | | |
|---|---|---|---|---|
| 3180 | Browning v. Walters, 616 N.E.2d 1040, 1044 (Ind.App. 1 Dist.,1993)(fn2) | 4 | When party fails to comply with condition precedent to jurisdiction, complaint is subject to dismissal for failure to state a claim, after which plaintiff may amend. Trial Procedure Rule 12(B)(6). | When a party fails to comply with a condition precedent to jurisdiction, the complaint will be subject to dismissal for failure to state a claim pursuant to Trial Rule 12(B)(6), after which the plaintiff can amend. | "When party fails to comply with condition precedent to jurisdiction, is a complaint subject to dismissal for failure to state a claim, after which plaintiff can amend?" |
| 3181 | Laurie v. Ezard, 595 S.W.2d 336, 337 (Mo.App. S.D. 1980) | 1 | Generally, courts have inherent power, in exercise of sound judicial discretion, to dismiss case for failure to prosecute; discretion to be used is not mental discretion, but legal discretion, to be exercised in conformity with spirit of law, and in manner to serve ends of substantial justice. | The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute. The discretion to be used is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice. | Is the court's discretion to dismiss a case for failure to prosecute a mental discretion? |
| 3182 | Corte v. Corte, 664 So.2d 218, 218 (Ala.Civ.App.,1994) | 1 | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. | "Is the dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, within the sound discretion of the trial court?" |
| 3185 | Petrone v. Whirlwind, Inc., 444 Pa .Super. 477, 481–82 (1995) | 2 | Three factors must be present in order to open non pros judgment: (1) petition to open must be promptly filed; (2) default or delay must be reasonably explained; and (3) facts must be shown to exist that support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | 400, 581 A.2d 193, 196 (1990), three factors must be present in order to open a non pros judgment. These are (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support *482 a cause of action. We note that factors (1) and (3) are undisputedly satisfied. | "In order to open non pros judgment, should three factors be present?" |
| 3186 | City of Philadelphia v. Williams, 553 A.2d 111, 112, 122 Pa.Cmwlth. 630, 632 (Pa.Cmwlth.,1989) | 1 | Before court may grant petition to open judgment non pros, petition must be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged. | Before a court may grant a petition to open judgment there must be a coalescence of three factors: (1) the petition to open judgment must be timely filed; (2) there must be a reasonable explanation or excuse for the default; and (3) facts constituting grounds for a cause of action must be alleged. | "Before a court can grant petition to open judgment non pros, should there be a reasonable explanation or excuse for default?" |

| 3187 | Scholastic Book Clubs, Inc. v. State, Dep't of Treasury, Revenue Div., 223 Mich. App. 576, 579, 567 N.W.2d 692, 693–94 (1997) | 1 | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | Unlike the sales tax, which is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state, World Book, Inc. v. Dep't of Treasury, 222 Mich.App. 203, 205, 564 N.W.2d 82 (1997), the use tax is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal property in the state." | "Is ""sales tax"" imposed upon sellers for the privilege of engaging in business of making sales of tangible personal property at retail within state?" |
| :--- | :--- | :--- | :--- | :--- | :--- |
| 3188 | Collins v. U.S., 254 F.2d 66, 67 (C.A.7 (Wis.),1958) | 1 | To void a National Service Life Insurance policy for fraud, evidence must show that insured made a false representation in reference to a material fact with knowledge of its falsity and intent to deceive and that action was taken in reliance upon the representation. National Service Life Insurance Act, S 602(w) as amended 38 U.S.C.A. S 710. | It has been established that in order to void a National Service Life Insurance policy for fraud, the evidence must show the insured made 1) a false representation; 2) in reference to a material fact; 3) made with knowledge of its falsity; 4) with the intent to deceive; and 5) with action taken in reliance upon the representation. | What actions will void a National Life Insurance Policy for fraud? |
| 3190 | Sanjari v. State, 961 N.E.2d 1005, 1007 (Ind., 2012) | 1 | Rules of statutory construction and common law that are separate and in addition to the protections afforded by the Indiana Double Jeopardy Clause include situations in which an enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-38-1-6. | Often discussed under the general rubric of Indiana double jeopardy jurisprudence, we recognize "a series of rules of statutory construction and common law that are separate and in addition to the protections afforded by the Indiana Double Jeopardy Clause." Spivey v. State, 761 N.E.2d 831, 834 (Ind.2002). Among these are situations in which an "enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." | What kind of situations do rules of statutory construction and common law include? |
| 3191 | Rose v. Board of Zoning Adjustment Platte Cnty., 68 S.W.3d 507, 517 (Mo.App. W.D.,2001) | 15 | The determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature; this determination requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. U.S.C.A. Const.Amend. 5; V.A.M.S. Const. Art. 1, S 19. | "[T]he determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature." In Re Caranchini, 956 S.W.2d 910, 914 (Mo.banc), cert. denied, 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998).This determination requires a "particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." Mayo, 915 S.W.2d at 760. | Is the determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature? |

| | | | | | |
|---|---|---|---|---|---|
| 3192 | City of New Brighton v. 2000 Ford Excursion VIN No. 1FMNU43S2YEA74156, 622 N.W.2d 364, 369 (Minn.App., 2001) | 10 | Civil in rem forfeiture that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | ("A civil in rem forfeiture that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals." (citation omitted)). | Will civil in rem forfeiture that has some punitive aspects not necessarily violate double jeopardy provisions if it still serves important non-punitive goals? |
| 3194 | State v. Rowlands, 343 S.C. 454, 457 (2000) | 2 | Generally, jeopardy attaches when a jury is sworn and impaneled, unless prior to reaching a verdict, the jury is discharged with the defendant's consent or upon some ground of legal necessity. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | Generally, jeopardy attaches when a jury is sworn and impaneled, unless prior to reaching a verdict, the jury is discharged with the defendant's consent or upon some ground of legal necessity. | "Does jeopardy attach when the jury is sworn and impaneled, unless prior to reaching a verdict or legal necessity mandates the jury's discharge before it reaches a verdict or legal necessity mandates the jury's discharge?" |
| 3195 | U.S. v. Combs, 222 F.3d 353, 358–59 (C.A.7 (Ill.),2000) | 1 | Double jeopardy clause bars retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant. U.S.C.A. Const.Amend. 5. | The double jeopardy clause bars retrial unless the district court's mistrial *359 declaration was occasioned by manifest necessity or consented to by the defendant. | "Does the double jeopardy clause bar retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant?" |
| 3196 | United States v. Botello, 991 F.2d 189, 192 (C.A.5 (Tex.), 1993) | 5 | Defendant may waive double jeopardy protection by consenting to mistrial before verdict is entered, even if defendant's motion is necessitated by prosecutorial or judicial error. U.S.C.A. Const.Amend. 5. | A defendant may ... waive double jeopardy protection by consenting to a mistrial before a verdict is rendered.... [A] motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. | "Can a defendant waive double jeopardy protection by consenting to mistrial before verdict is entered, even if a defendant's motion is necessitated by prosecutorial or judicial error?" |
| 3197 | Camden v. Cir. Ct. of Second Jud. Cir., Crawford Cnty., Ill., 892 F.2d 610, 615 (7th Cir. 1989) | 5 | Absent other circumstances, it is unfair to infer consent to trial court's declaration of mistrial in presence of jury if defendant is not given adequate opportunity to object. U.S.C.A. Const.Amend. 5. | If a trial judge declares a mistrial in the presence of the jury without giving the defendant an adequate opportunity to object, it would of course be unfair to infer consent absent other circumstances indicating acquiescence. | "Absent other circumstances, is it unfair to infer consent to a trial court declaration of a mistrial in presence of a jury if a defendant is not given an adequate opportunity to object?" |
| 3198 | City of Wichita v. Bannon, 209 P.3d 207, 211, 42 Kan.App.2d 196, 200 (Kan.App.,2009) | 6 | A main component of a judgment of acquittal is the prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy. U.S.C.A. Const.Amend. 5. | A main component of the judgment of acquittal is its prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy. | Is a main component of a judgment of acquittal the prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy? |
| 3200 | Martin v. Grandview Hosp., 373 Pa.Super. 369, 374 (Pa.Super.,1988) | 3 | Petition to reactivate case terminated for inactivity of record may be granted upon good cause shown, regardless of whether local rule expressly requires showing of good cause. Pa.R.J.A. No. 1901. | We disagree; we hold that a petition to reactivate a case terminated for inactivity of record may be granted only upon good cause shown, regardless of whether the local rule expressly requires a showing of good cause. 4 Many local rules adopted pursuant to Pa.R.J.A. | Can a petition to reactivate a case terminated for inactivity of record be granted only upon good cause shown? |

| 3201 | Mohiuddin v. Doctors Billing & Management Solutions, Inc., 196 Md.App. 439, 452–53 (Md.App., 2010) | 9 | The problem, following the dismissal of a pleading, of whether the pleading may be amended, is resolved by the trial court either by adding, within the four corners of the order itself, the explicit words "with leave to amend" or by leaving the order silent in that regard; leave to amend is either expressly stated on the face of the order or it does not exist. Md.Rule 2-322. | The other problem following the dismissal of a pleading-that of whether the pleading may be amended-is *453 resolved by the trial court either by adding, within the four corners of the order, the explicit words "with leave to amend" or by leaving the order silent in that regard. There is no "in-between." Leave to amend is either expressly stated on the face of the order or it does not exist. | "Is the problem, following the dismissal of a pleading, of whether the pleading can be amended, resolved by the trial court?" |
| 3202 | Indus. Risk Insurers v. Lorenz Equip. Co., 1994-Ohio-442, 69 Ohio St. 3d 576, 581, 635 N.E.2d 14, 18 | 3 | It is not abuse of discretion for trial court to dismiss action for lack of prosecution when plaintiff voluntarily fails to appear at hearing, without explanation, and trial court has specifically directed him to appear. Rules Civ.Proc., Rule 41(B)(1). | It is not, for instance, an abuse of discretion for a trial court to dismiss an action for lack of prosecution when a plaintiff voluntarily fails to appear at a hearing, without explanation, and the trial court has specifically directed him to appear. | Is it an abuse of discretion for trial court to dismiss action for lack of prosecution when plaintiff voluntarily fails to appear at hearing? |
| 3203 | State v. Bjergum, 771 N.W.2d 53, 57 (Minn.App., 2009) | 7 | Because threats are context specific, a person who might lack a specific intent to threaten or terrorize may nevertheless utter an objectively threatening statement recklessly, committing a terroristic-threats crime. M.S.A. S 609.713(1). | Because threats are context specific, a person who might lack a specific intent to threaten or terrorize may nevertheless utter an objectively threatening statement recklessly, committing a terroristic-threats crime. | Can a person who recklessly makes an objectively threatening statement yet lacks the specific intent to threaten or terrorize be convicted of committing a terroristic threats crime? |
| 3204 | Switzerland Gen. Ins. Co. v. Gulf Ins. Co., 213 S.W.2d 161, 163 (Tex.Civ.App.-Dallas, 1948) | 1 | "Residence" may mean a temporary, permanent, or transient character; or it may mean one's fixed abode, depending upon the purpose of the particular object of its use, while "domicile" as a fixed permanent abode. | 'Residence' may mean a temporary, permanent, or transient character; or it may mean one's fixed abode, depending upon the purpose of the particular object of its use; while 'domicile' is a fixed, permanent abode. | "Does ""residence"" mean a temporary, permanent or transient character or may mean one's fixed abode, depending on the purpose of the particular object?" |
| 3205 | United States v. Wheeler, 330 F.3d 407, 413 (C.A.6 (Tenn.), 2003) | 8 | Although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context because the determinations at issue do not place a defendant in jeopardy for an "offense." U.S.C.A. Const.Amend. 5. | Although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context "because the determinations at issue do not place a defendant in jeopardy for an 'offense. | Do double jeopardy principles generally have application in the sentencing context because the determinations at issue do not place a defendant in jeopardy for an offense? |
| 3206 | Emmons v. State, 847 N.E.2d 1035, 1038 (Ind.App.,2006) | 8 | A defendant may be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-34-1-1, 35-41-4-3(a)(2)(iii). | A defendant may also be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. | Can a defendant be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law? |

| 3207 | Cagle v. Clinton Cotton Mills, 56 S.E.2d 747, 749, 216 S.C. 93, 97 (S.C. 1949) | 4 | The basic purpose of Workmen's Compensation Act is inclusion of employers and employees, and not their exclusion, and its presumptions and its penalties are directed toward the end of effective coverage rather than noncoverage. | The basic purpose of the Workmens Compensation Act is inclusion of employers and employees and not their exclusion, and its presumptions and its penalties are directed toward the end of effective coverage rather than noncoverage. | "Are the presumptions and penalties of the Workmens Compensation Act directed towards the end of effective coverage, rather than noncoverage?" |
|---|---|---|---|---|---|
| 3208 | Crist v. Bretz, 437 U.S. 28, 36, 98 S. Ct. 2156, 2161, 57 L. Ed. 2d 24 (1978) | 2 | An accused's right to have his trial completed by a particular tribunal lies at the foundation of the federal rule that jeopardy attaches when a jury is empaneled and sworn and is thus within the protection of the constitutional guarantee against double jeopardy. U.S.C.A.Const. Amends. 5, 14. | Regardless of its historic origin, however, the defendant's "valued right to have his trial completed by a particular tribunal" is now within the protection of the constitutional guarantee against double jeopardy, since it is that "right" that lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn. | Is the right to have one's trial completed by a particular tribunal within the protection of the constitutional guarantee against double jeopardy? |
| 3210 | Collum v. State, 96 S.W.3d 361, 365 (Tex.App. Austin,2002) | 1 | When district court granted defendant's motion for continuance and dismissed first jury, it made clear on record that jury had not been sworn, and thus, it was clearly apparent that district court did not subject defendant to double jeopardy by dismissing unsworn jury pursuant to defendant's motion for continuance. U.S.C.A. Const.Amend. 5. | In the present case, when the district court granted appellant's motion for continuance and dismissed the first jury, it made "clear on the record that the jury has not been sworn." On the face of the record, it is not clearly apparent that the district court subjected appellant to double jeopardy by dismissing an unsworn jury pursuant to appellant's motion for continuance. | Would it be apparent that court did not subject defendant to double jeopardy by dismissing unsworn jury? |
| 3211 | Com. v. Bradley, 457 A.2d 911, 914, 311 Pa.Super. 330, 336 (Pa.Super., 1983) | 3 | In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, courts must apply standards established by both state and federal decisions. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | In determining whether the circumstances surrounding the declaration of a mistrial in a given case bar reprosecution on the same charges, "we apply the standards established by both Pennsylvania and federal decisions. | "In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, should courts apply standards established by both state and federal decisions?" |
| 3212 | Com. v. Bradley, 457 A.2d 911, 915, 311 Pa.Super. 330, 338 (Pa.Super., 1983) | 4 | Before trial court can properly declare mistrial sua sponte, it should consider whether there are any less drastic alternatives which would allow trial to continue; failure to consider alternatives before declaring mistrial is grounds for barring retrial. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Before a trial court can properly declare a mistrial sua sponte, it should consider whether there are any less drastic alternatives which would allow the trial to continue. Failure to consider alternatives before declaring a mistrial is grounds for barring retrial. | "Before trial court can properly declare mistrial sua sponte, should it consider whether there are any less drastic alternatives which would allow a trial to continue?" |
| 3213 | Com. v. Hallman, 67 A.3d 1256, 1261 (Pa.Super.,2013) | 7 | The constitutional prohibition on double jeopardy does not offer a guarantee to the defendant that the state will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. U.S.C.A.Const.Amend. 5; Const. Art. 1, S 10. | Notwithstanding the above right, the Double Jeopardy Clause "does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. | Does the constitutional prohibition on double jeopardy offer a guarantee to the defendant that the state will vindicate its societal interest in the enforcement of the criminal laws in one proceeding? |

| | | | | | |
|---|---|---|---|---|---|
| 3214 | Furnish v. Com., 267 S.W.3d 656, 666 (Ky. 2007) | 22 | It is not double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense. U.S.C.A. Const.Amend. 5; Const. S 13. | It is not double jeopardy "to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense." | Is it double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense? |
| 3215 | State v. Lovato, 141 N.M. 508, 511 (N.M.App., 2007) | 5 | Double jeopardy concerns arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense. U.S.C.A. Const.Amend. 5. | Second, as discussed at length in Gaddy, double jeopardy concerns arise when a defendant has completed service of a sentence, and the State thereafter seeks to impose additional punishment for that offense. | "Does a double jeopardy concern arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense?" |
| 3216 | People v. Jaudon, 307 Ill.App.3d 427, 441 (1999) | 18 | Test for determining whether a civil fixed-penalty provision violates the double jeopardy protections of the Federal Constitution requires a balancing of the government's harm against the size of the penalty. U.S.C.A. Const.Amend. 5. | The test for determining whether a civil fixed-penalty provision violates the double jeopardy protections of the federal constitution requires a balancing of the government's harm against the size of the penalty. | Does the test for determining whether a civil fixed-penalty provision violate the double jeopardy protections of the Federal Constitution? |
| 3217 | Glover v. Eighth Judicial Dist. Court of State ex rel. Cnty. of Clark, 220 P.3d 684, 696 (Nev. 2009) | 27 | Where a criminal trial ends in acquittal or conviction, the constitutional guarantee against double jeopardy automatically bars retrial, unless the conviction is later reversed. U.S.C.A. Const.Amend. 5; West's NRSA Const. Art. 1, S 8. | Where a criminal trial ends in acquittal or conviction, the constitutional guarantee against double jeopardy "automatically bar[s retrial] (unless, of course, the conviction is later reversed)." | "Where a criminal trial ends in acquittal or conviction, does the constitutional guarantee against double jeopardy automatically bar retrial, unless the conviction is later reversed?" |
| 3218 | Commodity Futures Trading Commission v. Hunt, 591 F.2d 1211, 1224 (C.A.Ill., 1979) | 22 | Without explicit authority, or unless agency is offspring of suable entity, agency of federal government cannot be sued eo nomine for damages; Congress did not write such authority into the Commodity Exchange Act. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | Without explicit authority, or unless the agency is the offspring of a suable entity, an agency of the federal government cannot be sued Eo nomine for damages. Congress did not write such authority into the Commodity Exchange Act. | "Without explicit authority, can a federal government agency be sued Eo nomine for damages under Commodity Exchange Act?" |
| 3219 | Perkinson v. State, 273 Ga. 491, 494 (2001) | 5 | A defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts to secure additional punishment after a prior conviction and sentence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 1, Par. 18. | A defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts "to secure additional punishment after a prior conviction and sentence." Brown, supra at 166, 97 S.Ct. 2221. | Is a defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts to secure additional punishment after a prior conviction and sentence? |
| 3220 | People v. Dawson, 431 Mich. 234, 252 (1988) | 3 | Double jeopardy clause does not bar retrial, where prosecutor or judge made innocent error or where cause prompting mistrial was outside their control. U.S.C.A. Const.Amend. 5. | The thrust of the Court's decisions is that the Double Jeopardy Clause does **895 not bar retrial where the prosecutor or judge made an innocent error 45 or where the cause prompting the mistrial was outside their control. | "Does double jeopardy clause not bar retrial, where a prosecutor or judge made an innocent error or where a cause prompting mistrial was outside their control?" |

| 3221 | United States v. Coughlin, 610 F.3d 89, 97 (C.A.D.C., 2010) | 9 | In the double jeopardy analysis, if multiple potential reasons for acquittal are evident in the record of the trial, courts will not presume that the jury acquitted on the ground most favorable to the defendant; the question is what the jury necessarily decided, so there is no collateral estoppel if a different ground merely could have been a rational basis for acquittal. U.S.C.A. Const.Amend. 5. | At the same time, if multiple potential reasons for acquittal are evident in the record of the trial, we will not presume that the jury acquitted on the ground most favorable to the defendant. The question is what the jury "necessarily" decided, Yeager, 129 S.Ct. at 2366; there is no collateral estoppel if a different ground "could" have been a rational basis for acquittal, Ashe, 397 U.S. at 444, 90 S.Ct. 1189. | "In the double jeopardy analysis, if multiple potential reasons for acquittal are evident in the record of the trial, will courts not presume that the jury acquitted on the ground most favorable to the defendant?" |
|---|---|---|---|---|---|
| 3222 | McMillan v. Park Towers Owners Corp., 225 A.D.2d 742, 743–44, 640 N.Y.S.2d 144, 145 (1996) | 2 | Since reservation of title under lease does not create security interest unless parties so intended, mere existence of proprietary lease, without more, does not establish enforceable security agreement to which Uniform Commercial Code applies. McKinney's Uniform Commercial Code S 1-201(37) | Since reservation of title under a lease does not create a security interest unless the parties so intended, the mere existence of a proprietary lease, without more, does not establish an enforceable security agreement to which the Uniform Commercial Code applies (see, UCC 1–201 [37]; Saada v. Master Apts., 152 Misc.2d 861, 866–867, 579 N.Y.S.2d 536; DeCastro v. Karen Gardens Apts. Corp., N.Y.L.J., July 28, 1993, at 24, col. 6). | "Does the mere existence of a proprietary lease, without more, not establish an enforceable security agreement?" |
| 3223 | United States v. Deardorff, 343 F. Supp. 1047, 1050 (S.D.N.Y., 1971) | 3 | Under Pennsylvania law, extortionate activity on part of recipient of a bribe, in connection with the particular bribe charged, is relevant on the issue of the intent of the person offering the bribe, but is not a complete defense as insanity or duress would be. 18 U.S.C.A. SS 1952, 1952(b) (2). | This court finds that, under Pennsylvania law, extortionate activity on the part of the recipient of a bribe, in connection with the particular bribe charged, is relevant and admissible on the issue of the intent of the person offering the bribe, but is not a complete defense as insanity or duress would be. | Is extortionate activity on part of recipient of a bribe relevant on the issue of the intent of the person offering the bribe? |
| 3224 | United States v. Wynn, 827 F.3d 778, 785 (8th Cir. 2016) | 6 | Statute criminalizing act of threatening to assault, kidnap, or murder official includes both objective and subjective elements: (1) a true threat to assault or murder a federal employee, and (2) the intent to retaliate against the employee on account of the performance of official duties. 18 U.S.C.A. S 115(a)(1)(B). | As the Second Circuit recently explained, § 115(a)(1)(B) "includes both objective and subjective elements:" a true threat to assault or murder a federal employee, and the intent to retaliate against the employee "on account of the performance of official duties." United States v. Turner, 720 F.3d 411, 420 (2d Cir. 2013), cert. denied, —— U.S. ——, 135 S.Ct. 49, 190 L.Ed.2d 29 (2014). | "Does  115(a)(1)(B), the statute criminalizing the act of threatening to assault, kidnap, or murder an official, include subjective or objective elements?" |

| 3227 | Carpenters and Joiners Union of America, Local No. 213 v. Ritter's Cafe, 62 S.Ct. 807, 813, 315 U.S. 722, 735 (U.S. 1942)(dissent) | 6 | The rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. | 'It is true that the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. | Is the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry subject to modification? |
| --- | --- | --- | --- | --- | --- |
| 3230 | State v. Badaracco, 156 Conn.App. 650, 660 (2015) | 11 | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | Under federal law, a bribery conviction must be based on more than evidence of mere preparation. It must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. The defendant has included in his appellate brief an analysis of the relevant federal cases interpreting an "offer" under 18 U.S.C. | Can a bribery conviction be based on evidence of mere preparation? |
| 3231 | State v. Emmanuel, 42 Wash.2d 1, 7 (1953) | 2 | Statute defining the crime of asking or receiving a bribe does not limit the crime to cases where official duties prescribed by statute may be affected, but it is sufficient if state officer, agent or employee is given such official duties by direction of his superiors or by customary office practice. RCW 9.18.020. | The criminal statute, however, does not limit the crime of asking or receiving a bribe to cases where official duties prescribed by statute may be affected. Nor does State v. Hart, supra. It is sufficient if, as here, the state officer, agent or employee is given such official duties by direction of his superiors or by customary office practice. [3] | "For purpose of bribery, can duties given by direction of superiors or by customary office practice be considered the defendants official duties?" |
| 3232 | Cassin v. Stillman-Delehanty-Ferris Co., 185 A.D. 63, 65, 172 N.Y.S. 754, 755–56 (App. Div. 1918) | 1 | To justify a decision that parties to a written contract intended to obligate themselves to something unexpressed, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties or so generally known as to raise a presumption of their knowledge at the time. | But, to justify a decision that the parties to a written contract intended to obligate themselves to something which cannot be found in the terms of the contract itself, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties when the contract is made, or so generally known as to raise a presumption that they had it in mind at the time. Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E. 856. | When can custom justify a decision that parties to a written contract intended to obligate themselves to something which cannot be found in the terms of the contract itself? |
| 3233 | Cannon v. U.S., 45 F.Supp. 106, 108 (D.C.Pa. 1941) | 3 | Congress alone can prescribe the terms on which a claim for benefits under the War Risk Insurance Act may be recovered, and it is not within the province of the court to extend or limit a clear expression of those terms. World War Veterans' Act of 1924, S 19, as amended, 38 U.S.C.A. S 445. | Congress alone can prescribe the terms on which the claim for benefits under the World War Veterans' Act 1924 may be recovered, and it is not within the province of the courts to extend or limit a clear expression of these terms. | Can congress prescribe the terms by which a claim for benefits under the War Risk Insurance Act can be recovered? |

| 3235 | Robert T. Reynolds Associates, Inc. v. Asbeck, 23 Conn.App. 247, 253–54 (Conn.App.,1990) | 4 | Agent, by making contract only on behalf of competent disclosed principal whom he has power to bind, does not thereby become liable for its nonperformance, but whether there was nondisclosure of competent principal so that plaintiff might hold defendant personally liable on the contract is question of fact for trial court. | While it is true that "[a]n agent, by making a contract only on behalf of a competent disclosed principal whom he has the power to bind, does not thereby become liable for its nonperformance; Behlman v. Universal Travel Agency, Inc., 4 Conn.App. 688, 690, 496 A.2d 962 (1985); whether there was a nondisclosure of a competent principal so that the plaintiff might hold the defendant personally liable on the contract is a question *254 of fact for the trial court. | s the issue of whether an agent disclosed the identity of a principal to avoid liability a question of fact? |
| 3236 | Norman v. Cummings, 73 S.D. 559, 563 (S.D. 1951) | 2 | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | If as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes the duty of the duly authorized public authorities to provide the remedy, but no liability attaches to the user as a result of such use, either to the public highway authorities for damages to the highway. | "Who would be held liable for damage caused to the highway on a usual, ordinary or a reasonable use?" |
| 3237 | Powell v. State Farm Mut. Auto. Ins. Co., 245 S.W.3d 864, 865 (Mo.App. E.D.,2008) | 1 | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. V.A.M.R. 55.27(g)(3). | Rule 55.27(g) (3).... Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss ? |
| 3238 | Belington Bank v. Masketeers Co., 408 S.E.2d 316, 319, 185 W.Va. 564, 567 (W.Va.,1991) | 2 | In setting aside nonsuit and reinstating case upon trial docket, trial judge may consider evidence adduced before nonsuit and his actions will not be disturbed on appeal unless it is shown that he has abused his discretion. Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | In setting aside a non-suit and reinstating a case upon the trial docket, the trial judge may consider the evidence adduced prior to the non-suit and his action in so setting aside the non-suit and reinstating the case will not be disturbed on appeal unless a showing is made that he has abused his discretion. | " In setting aside a nonsuit and reinstating a case upon a trial docket, can a trial judge consider evidence adduced before nonsuit?" |
| 3239 | In re Mario S., 38 Misc. 3d 444, 449, 954 N.Y.S.2d 843, 848 (Fam. Ct. 2012) | 3 | Special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA) were enacted to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States, by providing an alternative to deportation for these children. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | "The SIJ provisions of the [Immigration and Nationality Act] were enacted in 1990 to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States. Congress provided an alternative to deportation for these children. | Were Special Immigrant Juvenile (SIJ) provisions of theImmigration and Nationality Act (INA) enacted to protect abused children who illegally entered the United States? |

| 3242 | State v. Perry, 95 A.3d 95, 99 (2014) | 10 | If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, then the double jeopardy clause will bar retrial. U.S.C.A. Const.Amend. 5. | "However, if the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, then the Double Jeopardy Clause will bar retrial." | "If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, will then the double jeopardy clause bar retrial?  " |
| 3243 | Du Daobin v. Cisco Systems, Inc., 2 F.Supp.3d 717, 725 (D.Md., 2014) | 8 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | Is the act of state doctrine premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state? |
| 3244 | Maliqi v. 17 E. 89th St. Tenants, Inc., 25 Misc. 3d 182, 187, 880 N.Y.S.2d 917, 921 (Sup. Ct. 2009) | 1 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | A motion *in limine*, by definition, is a "preliminary application," usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial (see generally, Black's Law Dictionary [7th ed. 1999] ). | "Is a ""motion in limine"" a preliminary application usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial?" |
| 3245 | Olds v. Olds, 356 N.W.2d 571, 572 (Iowa,1984) | 1 | A party may not obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute. Rules Civ.Proc., Rule 105. | Iowa Rule of Civil Procedure 105 permits a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." The adjudication cannot be made if any material facts are in dispute. | Can a party obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute? |
| 3248 | Brister v. Southwest Louisiana Hosp. Ass'n, 624 So.2d 970, 972 (La.App. 3 Cir.,1993) | 8 | Suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew must be maintained. LSA-C.C.P. arts. 423, 933 comment, 1673. | The official Revision Comment (c) of La.C.C.P. 933 correctly points out that a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring the action anew must be maintained. | Should a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew be maintained? |
| 3250 | In re Pihl, Inc., 529 B.R. 414, 425 (D.Mass. 2015) | 6 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | Equitable Subrogation occurs when "one party by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for the purposes of getting recompense for its payment. | "Does subrogation or equitable subrogation occur when one party, by virtue of its payment of another's obligation, steps into shoes of party who was owed the obligation for purpose of getting recompense for its payment?" |

| | | | | | |
|---|---|---|---|---|---|
| 3252 | In re Schuler, 354 B.R. 37, 40 (Bkrtcy.W.D.N.Y.,2006) | 2 | Under New York law, in "subrogation," a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor. | New York Jurisprudence 2nd accurately states that "in subrogation, a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor." | "In ""subrogation,"" does a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor?" |
| 3253 | In re Shavers, 418 B.R. 589, 605 (Bankr. S.D. Miss. 2009) | 17 | Under Mississippi law, decisions in the area of law dealing with equitable subrogation generally are highly fact-specific, and there is no general rule to determine when the right of subrogation exists, since it depends upon the equities of each case. | In accordance with this practice, this Court looks to the law of other states when necessary to supplement Mississippi's law on equitable subrogation. This Court acknowledges at the outset that decisions in this area of law generally are highly fact-specific, and there is no general rule to determine when the right of subrogation exists, since it depends upon the equities of each case. | Is there a general rule which can be laid down to determine whether a right of equitable subrogation exists since this right depends upon the equities of each particular case? |
| 3254 | Dodge Data & Analytics LLC v. iSqFt, Inc., 183 F.Supp.3d 855, 874 (S.D.Ohio, 2016 | 43 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | When can a trespasser be subjected to liability to the possessor of the trespassed chattel? |
| 3256 | Cruz v. U.S., 387 F.Supp.2d 1057, 1068 (N.D.Cal., 2005) | 4 | "Act of state doctrine" is non-jurisdictional, prudential limitation on court's power to examine official actions of foreign state in order to avoid conflicts with foreign policy of political branches. | Act of State Doctrine [4] [5] [6] [7]  The act of state doctrine is a non- jurisdictional, prudential limitation on a court's power to examine the official actions of a foreign state in order to avoid conflicts with the foreign policy of the political branches. | "Is the act of state doctrine a non-jurisdictional, prudential limitation on a court's power to examine official actions of foreign states?" |

| | | | | | |
|---|---|---|---|---|---|
| 3257 | Dodge Data & Analytics LLC v. iSqFt, Inc., 183 F.Supp.3d 855, 874 (S.D.Ohio, 2016) | 43 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | When will trespassers to chattel be subject to liability to the possessor of the chattel? |
| 3260 | In re Bill Heard Enterprises, Inc., 423 B.R. 771, 780 (N.D. Ala. 2010) | 4 | "Subrogation," generally, is defined as the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | Subrogation, generally, is defined as the "substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." | "Is subrogation generally defined as the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" |
| 3266 | United States v. Aguasvivas-Castillo, 668 F.3d 7, 17 (C.A.1 (Puerto Rico), 2012) | 10 | To determine whether a forfeiture is grossly disproportional, courts should consider: (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant. U.S.C.A. Const.Amend. 8. | To determine whether a forfeiture is grossly disproportional, courts should consider the following factors: "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant." | What factors should the court consider for determining whether a forfeiture is grossly disproportional? |
| 3268 | National Bank of Rochester v. Meadowbrook Heights, Inc., 80 Mich.App. 777, 782 (Mich.App. 1978) | 3 | Married women may acquire, hold, and devise property separate from their husbands' influence and not subject to their husbands' debts, with like effect as if they were unmarried, and may be held liable on any contract made in relation to their sole property. M.C.L.A. SS 557.1 et seq., 557.4. | s 26.161 et seq., provides that married women may acquire, hold, and devise property separate from their husbands' influence and not subject to their husbands' debts, with "like effect as if * * * (they) were unmarried", M.C.L.A. s 557.1; M.S.A. s 26.161, and may be held liable on any contract made in relation to their sole property, M.C.L.A. | Is the separate property of a husband or wife liable for the debts of their spouse? |
| 3270 | Southland Corp. v. Keating, 465 U.S. 1, 10 (1984) | 5 | In enacting provision of federal arbitration act that an arbitration provision is valid and irrevocable the Congress declared a national policy favoring arbitration and withdrew power of the states to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | So interpreted the California Franchise Investment Law directly conflicts with 2 of the Federal Arbitration Act and violates the Supremacy Clause. [5] In enacting 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. | Does Congress withdraw the power of the states by declaring a national policy favoring arbitration? |

| 3271 | E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 194 (C.A.3 (Del.), 2001) | 3 | The liberal policy favoring arbitration agreements is at bottom a policy guaranteeing the enforcement of private contractual arrangements, and under the Federal Arbitration Act (FAA), a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute. 9 U.S.C.A. S 1 et seq. | The liberal policy "favoring arbitration agreements ... is at bottom a policy guaranteeing the enforcement of private contractual arrangements," id., and under the FAA, "a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." | "Will a liberal policy favoring arbitration, guarantee the enforcement of private contractual arrangements?" |
| 3272 | Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004) | 6 | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate. *Will–Drill Res., Inc. v. Samson Res. Co.,* 352 F.3d 211, 214 (5th Cir.2003). Nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. *Primerica Life,* 304 F.3d at 471 (citing | Does a strong federal policy favoring arbitration help in determining a valid agreement to arbitrate exists between parties? |
| 3273 | Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (U.S.N.C., 1983) | 13 | Arbitration Act establishes that, as a matter of federal law, any doubts concerning scope of arbitrable issues should be resolved in favor of arbitration, whether problem at hand is construction of contract language itself or allegation of waiver, delay, or like defense to arbitrability. 9 U.S.C.A. S 2. | The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues *25 should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. | Are doubts regarding the scope of arbitral issues resolved in favor of arbitration? |
| 3274 | Cox v. City of Kinston, 8 S.E.2d 252, 256 (N.C. 1940) | 4 | The Housing Authority Act conferring quasi-judicial and administrational duties on same board violates no implication of constitution requiring the supreme judicial power to be kept separate from the legislative and executive. Pub.Acts 1935, c. 456; Const. art. 1, S 8; art. 2, S 1. | The performance of quasi-judicial and administrational duties by the same Board violates no implication of the cited section of the Constitution, requiring that the supreme judicial power be kept separate from the legislative and executive. | "Is a statute conferring quasi-judicial and administrational duties on a same board violate section of the Constitution, requiring that the supreme judicial power be kept separate from the legislative and executive?" |
| 3275 | Mack v. Carmack, 79 So.3d 597, 610–11 (Ala., 2011) | 6 | Amendment to homicide statutes to include as a victim of homicide "an unborn child in utero at any stage of development, regardless of viability," constitutes clear legislative intent to protect even nonviable fetuses from homicidal acts. Code 1975, S 13A-6-1(a)(3). | Our legislature has now expressly amended Alabama's homicide statutes to include as a victim of homicide "an unborn child in utero at any stage of development, regardless of viability." 13A-6-1(a)(3), Ala.Code 1975 (emphasis added). This change constitutes clear legislative intent to protect even nonviable fetuses from homicidal acts. | Is there a clear legislative intent to protect even nonviable fetuses? |

| | | | | |
|---|---|---|---|---|
| 3276 | Union Nat. Bank & Tr. Co. v. Bd. of Sup'rs of Kendall Cnty., 65 Ill. App. 3d 1004, 1009-10, 382 N.E.2d 1382, 1386 (1978) | 7 | "Reclamation Act's" provision that all requirements of Environmental Protection Act shall be complied with fully at all times during mining, reclamation and after reclamation only means that a person who seeks to operate a strip mine is not exempted from any applicable provisions of Environmental Protection Act by reason of operation of "Reclamation Act." S.H.A. ch. 96 1/2, S 4507(g). | The Reclamation Act does provide that all requirements of the Environmental Protection Act "shall be complied with fully at all times during mining, reclamation, and after reclamation." (Ill.Rev.Stat.1977, ch. 961/2, par. 4507(g).) But we read this provision merely as a legislative statement that any person who seeks *1010 to operate a strip mine is not exempted from any applicable provision of the Environmental Protection Act by reason of the operation of the Reclamation Act. | "Does the Reclamation Act provide that all requirements of the Environmental Protection Act shall be complied with fully at all times during mining, reclamation, and after reclamation?" |
| 3278 | Bear Creek Development Corp. v. Genesee Foundation, 919 P.2d 948, 954 (Colo.App.,1996) | 14 | Because scope of right condemned for way of necessity can be limited so as to achieve its purpose most effectively, and disputes which arise as to its scope are resolved, in part, by reference to court's order of condemnation, court must clearly define extent of easement, at request of condemnee, in order to avoid inevitable litigation over vague condemnation order. West's C.R.S.A. Const. Art. 2, S 14. | Because the scope of the condemned right can be limited so as to achieve its purpose most effectively, State Department of Highways v. Denver & Rio Grande Western R.R. Co., supra, and disputes which arise as to its scope are resolved, in part, by reference to the court's order of condemnation, a court must clearly define the extent of the easement, at the request of the condemnee, in order to avoid inevitable litigation over a vague condemnation order. | May the scope of the condemned right be limited? |
| 3279 | Wilson v. City & Cnty. of Denver, 65 Colo. 484, 489, 178 P. 17, 19 (1919) | 4 | The right to carry on a legitimate business is a property right, and cannot be taken away or abridged by an exercise of police power, unless necessary to interests of public generally, and unless means employed are reasonably necessary for accomplishment of the purpose, and not unduly oppressive upon individuals. | The right to carry on a legitimate business is a property right, and it cannot be taken away or abridged by an exercise of the police power, unless it appears:

'First, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.' Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. | Is the right to carry on a legitimate business a property right? |
| 3281 | Moorman v. Department of Community Affairs, 626 So.2d 1108, 1110 (Fla.App. 3 Dist., 1993) | 1 | Statutes relating to environmental land and water management require balancing of state's interests in protecting public's health, safety, and welfare against constitutionally protected private property interests of landowner. | Statutes relating to environmental land and water management require a balancing of the state's interests in protecting the public's health, safety, and welfare against the constitutionally protected private property interests of the landowner. | "Should there exist a balance in the interests of the state in protecting the health, safety, and welfare of the public with those of the private property owner?" |

| 3285 | State v. Begey, 672 N.W.2d 747, 750 (Iowa, 2003) | 8 | A defendant can be relieved of criminal responsibility for a victim's death if an intervening act breaks the chain of causal connection between the defendant's actions and the victim's death; however, for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the sole proximate cause of death. | A defendant can be relieved of criminal responsibility if an intervening act breaks the chain of causal connection between the defendant's actions and the victim's death. However, for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the sole proximate cause of death. | Should the defendants intervening act be the sole proximate cause of death to constitute criminal responsibility for homicide? |
|---|---|---|---|---|---|
| 3286 | Athena Holdings, LLC v. Marcus, 125 A.3d 290, 294, 160 Conn.App. 470, 476–77 (Conn.App., 2015) | 8 | The word "action" has no precise meaning and the scope of proceedings which will be included within the term depends upon the nature and purpose of the particular statute in question; what the legislature may have intended to be a civil action for some purposes may not be a civil action for others. | As this court has previously held, "[t]he word action has no precise meaning and the scope of *477 proceedings which will be included within the term … depends upon the nature and purpose of the particular statute in question…. What the legislature may have intended to be a civil action for some purposes may not be a civil action for others." | "What do the scope of proceedings included within the term ""action"" depend upon?" |
| 3287 | Tennessee, Alabama & Georgia R. Co. v. Zugar, 193 Ga. 386, 386 (Ga. 1942) | 3 | In case of a trespass by cutting and carrying away timber, a "wilful trespasser" is one who knows that he is wrong, while an "innocent trespasser" is one who believes that he is right, and the question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. | In such a case, a 'wilful trespasser' can be defined in general terms as one who knows that he is wrong, while an 'innocent trespasser' is one who believes that he is right. 45 Words & Phrases, 341, and cit. The question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except in those cases where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. | Who is a wilful trespasser? |
| 3288 | Stacy v. Ross, 798 So. 2d 1275, 1280 (Miss., 2001) | 6 | The determination whether parents are unreasonable in denying visitation in whole or part to grandparents is not a contest between equals; parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed. West's A.M.C. SS 93-16-1 to 93-16-7. | The determination whether parents are unreasonable in denying visitation in whole or part to grandparents is not a contest between equals. Parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed. | Do parents with custody have a paramount right to control the environment to which their children are exposed? |

| 3289 | Schachter v. Citigroup, Inc., 47 Cal.4th 610, 621 (2009) | 16 | While the public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established, nothing in the public policy of California concerning wages transforms a contingent expectation of receiving bonuses into an entitlement. | While "[t]he public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established" (Smith v. Superior Court (2006) 39 Cal.4th 77, 82, 45 Cal.Rptr.3d 394, 137 P.3d 218), "nothing in the public policy of this state concerning wages ... transforms [a] contingent expectation of receiving bonuses into an entitlement." | Is there a public policy in favor of full and prompt payment of an employee's earned wages? |
| In re Johnson, 19 B.R. 371, 374 (Bkrtcy.Kan., 1982) | | | | | |
| 3290 | In re Johnson, 19 B.R. 371, 374 (Bkrtcy.Kan., 1982) | 3 | Kansas courts use a number of tests in determining existence of a partnership, and no one factor or test is conclusive; relevant factors include parties' intentions, sharing of profits, losses and expenses, joint control of management, joint ownership of assets, and active participation in management. K.S.A. 56-301 et seq. | Kansas courts use a number of tests in determining the existence of a partnership. No one factor or test is conclusive. Factors include: the parties' intentions; sharing of profits, losses and expenses; joint control of management; joint ownership of assets; and active participation in management. | What tests are utilized to determine the existence of a partnership? |
| 3291 | DeOrnellas v. Aspen Square Management, Inc., 295 F.Supp.2d 753, 759 (E.D.Mich., 2003) | 1 | Congress' purpose in enacting the Federal Arbitration Act (FAA) was to reverse longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | Congress' purpose in enacting the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." | What was the purpose behind the enactment of the Federal Arbitration Act (FAA)? |
| 3292 | Sheldon v. PHH Corp., 135 F.3d 848, 852 (2d Cir. 1998) | 4 | In diversity case, district court ordinarily determines applicable state law by reference to choice of law rules of forum state, but, when case has been transferred pursuant to interests of justice, even on plaintiff's own motion, court will apply law of transferor forum, including that forum's choice of law rules. 28 U.S.C.A. S 1404(a). | In a diversity case, a district court ordinarily determines the applicable state law by reference to the choice of law rules of the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021- 22, 85 L.Ed. 1477 (1941). However, when a case has been transferred pursuant to 28 U.S.C.  1404(a), even on plaintiff's own motion, a court will apply the law of the transferor forum, including that forum's choice of law rules. | How do courts determine which state's choice of law rules apply? |
| 3293 | Contech Const. Products, Inc. v. Heierli, 764 F.Supp.2d 96, 107 (D.D.C., 2011) | 10 | The intent of the contracting parties to apply state arbitration rules or law to arbitration proceedings and opt out of the applicability of the Federal Arbitration Act (FAA) must be explicitly stated in the contract and a general choice of law provision does not evidence such intent. 9 U.S.C.A. S 1 et seq. | "[T]he intent of the contracting parties to apply state arbitration rules or law to arbitration proceedings [and opt out of the applicability of the FAA] must be explicitly stated in the contract and ... a general choice of law provision does not evidence such intent. | Does a generic choice of law provision explicitly state the intent of the parties to apply state arbitration rules? |

| 3294 | Safar v. Tingle, 178 F.Supp.3d 338, 346 (E.D.Va., 2016) | 3 | In a malicious prosecution claim, "probable cause" is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected, as judged with reference to the time the defendant took the action initiating the criminal charges; importantly, when the facts relating to probable cause are in dispute, there is a question of fact for the jury. U.S. Const. Amend. 4. | Probable cause is defined as "knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected," as "judged with reference to the time the defendant took the action initiating the criminal charges." Andrews v. Ring, 266 Va. 311, 322, 585 S.E.2d 780 (2003) (citation omitted). Importantly, when the facts relating to probable cause are in dispute, there is a question of fact for the jury. | How is probable cause defined in the context of malicious prosecution? |
| 3295 | Boeken v. Philip Morris USA, Inc., 230 P.3d 342, 348, 108 Cal.Rptr.3d 806, 813–14, 48 Cal.4th 788, 798 (Cal., 2010) | 11 | In California the phrase "cause of action" is often used indiscriminately to mean counts which state according to different legal theories the same cause of action, but for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: the cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory advanced. | "In California the phrase 'cause of action' is often used indiscriminately … to mean counts which state [according to different [T]the same cause of action...." (Eichler Homes of San Mateo, Inc. v. Superior Court (1961) 55 Cal.2d 845, 847, 13 Cal.Rptr. 194, 361 P.2d 914.) But for purposes of ***814 applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. | "Is a ""cause of action"" a right to obtain redress for a harm suffered?" |
| 3296 | Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458, 473 (Fla. 1943) | 11 | Except insofar as such matters may have been regulated by duly constituted public authority, a utility has the right to prescribe rules, regulations, and rates for the conduct of its business, provided such rules, regulations, and rates are reasonable, just, nondiscriminatory, and not contrary to law. | Except insofar as such matters may have been regulated by duly constituted public authority, a utility has the right to prescribe rules, regulations and rates for the conduct of its business, provided the same are reasonable, just, nondiscriminatory, and not contrary to law. | Do public utilities have the power to prescribe and adopt reasonable rules and regulations not contrary to law? |
| 3297 | Valley View Health Care, Inc. v. Chapman, 992 F. Supp. 2d 1016, 1039 (E.D. Cal. 2014) | 33 | As federal substantive law, the Federal Arbitration Act (FAA) preempts contrary state law; nonetheless, the FAA's preemption power has an exception, via the savings clause, in that it does not require the enforcement of arbitration agreements on such grounds as exist at law or in equity for the revocation of any contract. U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. S 2. | "As federal substantive law, the FAA preempts contrary state law." Mortensen, 722 F.3d at 1158. Nonetheless, the FAA's preemption power has an exception, via the 9 U.S.C. § 2 savings clause, in that it does not require the enforcement of arbitration agreements on "such grounds as exist at law or in equity for the revocation of any contract." | Are there any exceptions to the preemption power of the Federal Arbitration Act? |

| 3298 | Appeal of Granite State Elec. Co., 421 A.2d 121, 124, 120 N.H. 536, 541 (N.H., 1980) | 7 | The Public Utilities Commission may order a public utility, which has collected charges at rates which are not final and which are later found to be unlawful, to make due reparation either by repayment or by credit to persons who have paid according to those rates with interest from the date of payment. | We hold, therefore, that the PUC may order a public utility, which has collected charges at rates which are not final and which are later found to be unlawful, to make due reparation either by repayment or by credit to persons who have paid according to those rates with interest from the date of payment. | When may a Public Utility Commission order a public utility to refund rates? |
|---|---|---|---|---|---|
| 3299 | St. Paul Fire & Marine Ins. Co. v. Battle, 44 Ohio App. 2d 261, 269 (1975) | 3 | Subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter; however, the payment must be made either under compulsion or for the protection of some interest of the party making the payment and in discharge of an existing liability. | Subrogation, an equitable doctrine taken from the civil law, is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability. | What does equitable subrogation include? |
| 3300 | Bank of America, N.A. v. Diamond Financial, LLC, 42 N.E.3d 1151, 1157, 88 Mass.App.Ct. 564, 571 (Mass.App.Ct., 2015) | 7 | Five factors must be determined before equitable subrogation can be applied: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder. | [T]he Supreme Judicial Court adopted five factors that must be determined before equitable subrogation can be applied. These five factors are: "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder." | What do courts look for in deciding whether equitable subrogation applies? |
| 3301 | Smith v. Board of Ed. of Oswego Community High School Dist., 405 Ill. 143, 148 (1950) | 12 | The unexplained use of the terms fraud or fraudulently in a complaint alleges nothing, and such allegations must include facts on which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for the reason that only a conclusion of the pleader is stated. | It is not enough to merely use the terms 'fraud' or 'fraudulently' in a complaint, because the unexplained use of such terms alleges nothing. Such allegations must include the facts upon which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for the reason that only a conclusion **897 of the pleader is stated. | Is a general charge that a party acted fraudulently a conclusion? |

| 3302 | Warren Tr. v. United States, 107 Fed. Cl. 533, 551 (2012) | 21 | A "noncategorical taking" of property effected through regulation falls short of eliminating all economically beneficial use of property, and is the consequence of a regulatory imposition that prohibits or restricts only some of the uses that would otherwise be available to the property owner, but leaves the owner with substantial viable economic use. U.S. Const. Amend. 5. | A noncategorical taking "fall[s] short of eliminating all economically beneficial use of property." Consumers Energy Co. v. United States, 84 Fed.Cl. 152, 156 (2008) (citing Palazzolo v. Rhode Island, 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001)). A noncategorical taking is the "consequence of a regulatory imposition that prohibits or restricts only some of the uses that would otherwise be available to the property owner, but leaves the owner with substantial viable economic use...." Palm Beach, 231 F.3d at 1357. | Does a non-categorical takings fall short of eliminating all economically beneficial use of property? |
| 3303 | Cruickshank v. Clean Seas Co., 346 B.R. 571, 581 (D. Mass. 2006) | 6 | Equitable principle behind "subrogation," an old term rooted in equity which today is used to mean to stand in the shoes of, is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons. | "Subrogation is an old term, rooted in equity," which today is used to mean "stand in the shoes of." Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co., Inc., 411 F.2d 843, 844 (1st Cir.1969). "The equitable principle is that when one, pursuant to obligation—not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons." | "Is the equitable principle behind ""subrogation that when one, pursuant to obligation, and so not a volunteer, fulfils the duties of another, he is entitled to assert the rights of that other against third persons?" |
| 3304 | Welch v. Complete Care Corp., 818 So. 2d 645, 648 (Fla. Dist. Ct. App. 2002) | 1 | Equitable subrogation is generally appropriate when the following five factors exist: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | In Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999), the court held that equitable subrogation is generally appropriate when the following five factors exist:<br><br>(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | Where is equitable subrogation appropriate? |
| 3305 | Ripley v. Piehl, 700 N.W.2d 540, 545 (Minn.App.,2005) | 9 | Equitable subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | Subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | "Can equitable subrogation be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties?" |

| | | | | | |
|---|---|---|---|---|---|
| 3306 | Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611, 617–18 (C.A.11 (Ala.),2001) | 3 | Agreements to arbitrate are essentially forum-selection clauses, and by agreeing to arbitrate statutory claim, party does not forgo substantive rights afforded by statute; it only submits to their resolution in arbitral, rather than judicial, forum. | Agreements to arbitrate are essentially forum- selection clauses, Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974) and by "agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." | Does a party forgo their substantive rights afforded by statute when agreeing to arbitrate a statutory claim? |
| 3307 | Baucom v. Friend, 52 A.2d 123, 124 (D.C.App. 1947) | 2 | Marginal notations or memoranda, placed on bill or note at time of execution with intention of making them part of the contract, constitute part thereof and must be considered along with body of the instrument in arriving at parties' true intent. | 'Marginal notations' or memoranda placed on a bill or note at the time of the execution thereof with the intention of making them a part of the contract, constitute a part thereof and must be considered along with the provisions in the body of the instrument in arriving at the true intent of the parties. | Do memoranda or marginal notations on a bill or note become a substantive part of the instrument? |
| 3308 | Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex. App. 2000) | 20 | A "motion in limine" is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. Fort Worth Hotel Ltd. Partnership v. Enserch Corp., 977 S.W.2d 746, 757 (Tex.App.—Fort Worth 1998, no pet.) | "Is a motion in limine a procedural device that allows parties to identify, prior to trial, certain evidentiary rulings the court may be asked to make?" |
| 3310 | Queensway Financial Holdings Ltd. v. Cotton & Allen, P.S.C., 237 S.W.3d 141, 148 (Ky., 2007) | 5 | The accrual rule means that the limitations period does not even begin to run until the cause of action accrues; until that time, no cause of action yet exists, meaning a lawsuit would be premature and should be dismissed. | The distinction between the two rules is important because, when properly applied, the accrual rule means that the limitations period does not even begin to run until the cause of action accrues. Until that time, no cause of action yet exists, meaning a lawsuit would be premature and should be dismissed. [6] | Does the accrual rule mean that the limitations period does not even begin to run until the cause of action accrues? |
| 3311 | Cobb v. City of Stockton, 120 Cal.Rptr.3d 389, 394, 192 Cal.App.4th 65, 72–73 (Cal.App. 3 Dist., 2011) | 3 | Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained; ordinarily this is when the wrongful act is done and the obligation or the liability arises, but it does not accrue until the party owning it is entitled to begin and prosecute an action thereon. | Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained. [Citations.] "Ordinarily this is *73 when the wrongful act is done and the obligation or the liability arises, but it does not 'accrue until the party owning it is entitled to begin and prosecute an action thereon. | Does a claim accrue when a wrongful act is done and the obligation or the liability arise? |

| 3312 | Adamson v. Innovative Real Estate, Inc., 284 S.W.3d 721, 731 (Mo.App. S.D.,2009) | 10 | A claim matures or accrues when the damage sustained is capable of ascertainment, there exists the right of the injured party to bring and maintain a claim in a court of law, and it is within claimant's power to prosecute a suit to successful judgment. | A claim matures or accrues when the damage sustained is capable of ascertainment, "there exists the right of the injured party to bring and maintain a claim in a court of law," and it is within claimant's power to prosecute a suit to successful judgment. | Does a cause of action or claim mature or accrue when the damage sustained is capable of ascertainment? |
|---|---|---|---|---|---|
| 3313 | Doe v. Exxon Mobil Corporation, 69 F.Supp.3d 75, 88 (D.D.C., 2014) | 14 | Under the act of state doctrine, it is not sufficient that a court's factual findings would impugn the foreign state's actions; the claims must call for the invalidation of those actions. | It is not sufficient under the act of state doctrine that a court's factual findings would "impugn" the foreign state's actions; the claims must call for the invalidation of those actions. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" |
| 3314 | BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp.3d 776, 786 (D. Md. 2016) | 8 | The same principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders. | The same "principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders." *Id.* | Do the same principles underlying territorial jurisdiction permit a state to address conduct causing harmful effects across national borders? |
| 3315 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238-39 (D.D.C. 2017) | 18 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.' . . . As exemplified by each of these cases, the act of state doctrine applies only "when a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." | "Under the act of state doctrine, must federal and state courts in the United States presume the validity of an official act of a foreign sovereign performed within its own territory?" |
| 3316 | Voda v. Cordis Corp., 476 F.3d 887, 904 (Fed. Cir. 2007) | 11 | As a principle of decision binding on federal and state courts alike, the act of state doctrine requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | As "a 'principle of decision binding on federal and state courts alike,' " the act of state doctrine "requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid." W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 406, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (citation omitted). | Is there a principle of decision that is binding on federal and state courts alike related to the act of state doctrine? |
| 3317 | Hourani v. Alexander V. Mirtchev & Krull Corp., 796 F.3d 1, 14 (D.C. Cir. 2015) | 20 | A decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns. | And that decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of "distinctly sovereign" act and "formal governmental action" concerning internal affairs that triggers the Act of State doctrine's and international comity's traditional concerns. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" |

| 3318 | Von Saher v. Norton Simon Museum of Art at Pasadena, 754 F.3d 712, 725 (9th Cir. 2014) | 11 | The act within its own boundaries of one sovereign state cannot become the subject of re-examination and modification in the courts of another; such action when shown to have been taken, becomes, a rule of decision for the courts of the United States. | "[T]he act within its own boundaries of one sovereign state cannot become the subject of re-examination and modification in the courts of another. Such action when shown to have been taken, becomes, ... a rule of decision for the courts of this country." Ricaud v. Am. Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 62 L.Ed. 733 (1918). | Can an act within the boundaries of one sovereign state become the subject of re-examination and modification in the courts of another state? |
|---|---|---|---|---|---|
| 3320 | United States v. Pena, 684 F.3d 1137, 1146 (C.A.11 (Fla.), 2012) | 3 | The jurisdiction of the nation within its own territory is necessarily exclusive and absolute; all exceptions, therefore, to the full and complete power of a nation within its own territories, must be traced up to the consent of the nation itself. | "The jurisdiction of the nation within its own territory is necessarily exclusive and absolute." Cunard, 262 U.S. at 124, 43 S.Ct. at 507 (quotation omitted). "All exceptions, therefore, to the full and complete power of a nation within its own territories, must be traced up to the consent of the nation itself. | Is jurisdiction of a nation within its own territory necessarily exclusive and absolute and must all exceptions to the full and complete power of a nation within its own territories need to be traced up to the consent of the nation itself? |
| 3321 | Doe v. Roman Catholic Diocese of Galveston-Houston, 408 F.Supp.2d 272, 278 (S.D.Tex.,2005) | 4 | Although not every case impacting foreign affairs is nonjusticiable, cases involving foreign heads of state are routinely found nonjusticiable or justiciable but subject to absolute immunity for the foreign heads of state. | Although not every case impacting foreign affairs is nonjusticiable, cases involving foreign heads of state are routinely found nonjusticiable or justiciable but subject to absolute immunity for the foreign heads of state. | "Although not every case impacting foreign affairs is nonjusticiable, are cases involving foreign heads of state routinely found nonjusticiable or justiciable?" |
| 3322 | Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342, 1346 (C.A.9 (Cal.),1997) | 7 | Under current view of act of state doctrine, action will be barred only if (1) there is official act of foreign sovereign performed within its own territory, and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | Under this current view, an action will be barred only if: (1) there is an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act. | "Under current view of the act of state doctrine, when will an action be barred?" |
| 3323 | United States v. Louisiana, 394 U.S. 11, 22 (U.S., 1985) | 5 | Inland waters are subject to complete sovereignty of nation, as much as if they were part of its land territory, and coastal nation has privilege even to exclude foreign vessels altogether. | 23  Nearest to the nation's shores are its inland, or internal waters. These are subject to the complete sovereignty of the nation, as much as if they were a part of its land territory, and the coastal nation has the privilege even to exclude foreign vessels altogether. | Are inland waters subject to complete sovereignty of a nation and do coastal nations have privilege to exclude foreign vessels altogether? |
| 3324 | Transamerica Leasing v. La Republica de Venezuela, 200 F.3d 843, 855 (C.A.D.C., 2000) | 15 | The "act of state doctrine" is a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts; it is not strictly an immunity from suit. | The act of state doctrine is a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts; it is not strictly an immunity from suit. | Is the act of state doctrine a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts? |

| 3326 | Krengiel v. Lissner Corp., Inc., 250 Ill.App.3d 288, 294 (Ill.App. 1 Dist.,1993) | 10 | Party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve issue for review, and failure to raise such objection constitutes waiver of issue on appeal. | Consequently, a party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve the issue for review, and the failure to raise such an objection constitutes a waiver of the issue on appeal. | Does the failure to raise an objection to a motion in limine constitute a waiver of the issue on appeal? |
|---|---|---|---|---|---|
| 3328 | Choate v. Natvig, 952 S.W.2d 730, 733 (Mo.App. S.D.,1997) | 2 | Granting motion in limine is interlocutory ruling only, and additional information produced at trial may prompt trial court to alter its pretrial ruling and admit evidence. | "Such a ruling is interlocutory only, and additional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence. | "Is granting a motion in limine only interlocutory, and may additional information produced at trial prompt a trial court to alter its pretrial ruling and admit the evidence?" |
| 3329 | Montz v. Hill-Mont Land Co., 329 N.W.2d 657, 657–58 (Iowa,1983) | 3 | If the pleadings reveal fact issues with respect to law points, disposition under rule governing adjudication of law points is inappropriate unless the parties stipulate the facts. Rules Civ.Proc., Rule 105. | If the pleadings reveal fact issues with respect to the law points, disposition under rule 105 is generally inappropriate unless the parties stipulate the facts. | "If the pleadings reveal fact issues with respect to the law points, is a disposition under the rule governing adjudication of law points inappropriate unless the parties stipulate to the facts?" |
| 3330 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288, 1294 (2007) | 3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | "While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine [citation], a court's discretion is limited by the legal principles applicable to the case. | What limits are placed on the Courts discretion with respect to the admission and exclusion of evidence in ruling on motions in limine? |
| 3331 | Great Am. Ins. Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997, 1001 (8th Cir. 1965) | 5 | Generally, cause of action is deemed to have accrued when facts exist which enable one party to maintain action against another, or at time when party owning cause of action has legal right to sue thereon. | Generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another, or at the time when the party owning the cause of action has a legal right to sue thereon. | Does a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another? |
| 3332 | United States v.  Redzic, 627 F.3d 683, 691-692 (C.A.8, 2010) | 10 | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. | Must the Government present evidence of a quid pro quo to prove the payment of an illegal bribe? |
| 3333 | James Square Assocs. LP v. Mullen, 21 N.Y.3d 233, 247, 993 N.E.2d 374, 381 (2013) | 4 | A party challenging governmental action as an unconstitutional taking bears a substantial burden, and evaluating whether an action is a taking requires a court to consider the economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action. U.S.C.A. Const.Amend. 5. | "[A] party challenging governmental action as an unconstitutional taking bears a substantial burden," and evaluating whether an action is a " taking" requires a court to consider the "economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action" (Eastern Enterprises, 524 U.S. at 523–524, 118 S.Ct. 2131). | Does the plaintiff bear a substantial burden of proving that government action inflicts an unconstitutional taking? |

| 3334 | Meek v. Smith, 7 S.W.3d 297, 300 (Tex. App. 1999) | 6 | If government appropriates property without paying adequate compensation, owner may recover resulting damages in inverse condemnation suit. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Const. Art. 1, SS 17, 19. | If the government appropriates property without paying adequate compensation, the owner may recover the resulting damages in an "inverse condemnation" suit. | "Can the owner recover, the resulting damages in an inverse condemnation suit, if the government appropriates property without paying adequate compensation?" |
| --- | --- | --- | --- | --- | --- |
| 3335 | Nnaka v. Federal Republic of Nigeria, 238 F.Supp.3d 17, 32 (D.D.C., 2017) | 27 | When act of state doctrine applies, it serves as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case. | When the doctrine applies, it serves as a "rule of decision" requiring that such official acts "shall be deemed valid" in the process of deciding a case. | "When act of state doctrine applies, does it serve as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case?" |
| 3337 | United States v. Brodie, 174 F. Supp. 2d 294, 300 (E.D.Pa., 2001) | 3 | To make out a foreign sovereign compulsion defense to charged antitrust violation, a party must show that: (1) the behavior violating American law was actually compelled by the foreign government; and (2) the foreign order was "basic and fundamental" to the alleged behavior and not just peripheral to the illegal course of conduct. | To make out a foreign sovereign compulsion defense, a party must show that: (1) the behavior violating American law was actually compelled by the foreign government; and (2) the foreign order was "basic and fundamental" to the alleged behavior and not just peripheral to the illegal course of conduct. | Does the foreign compulsion defense shield from liability the acts of parties carried out in obedience to mandate of foreign government? |
| 3340 | Loftus v. Primero Mining Corp., 230 F.Supp.3d 1209, 1229 (C.D.Cal., 2017) | 12 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | "Does the act of state doctrine preclude American courts from inquiring into the validity of the public acts of a recognized foreign sovereign on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws?" |
| 3346 | PacifiCorp v. Public Service Com'n of Wyo., 103 P.3d 862, 867–68 (Wyo.,2004) | 3 | The Public Service Commission (PSC) is required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities; the desires of the utility are secondary. | For purposes of this appeal, the most important aspect of the standard of review guiding this Court when reviewing decisions by the Commission is as follows: Speaking specifically of PSC, we have said that PSC is required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities. The desires of the utility are secondary. | Is the Public Service Commission (PSC) required to give paramount consideration to the public interest in exercising its powers to regulate public utilities? |
| 3347 | Gary Phillips & Assoc. v. Ameritech Corp., 144 Ohio App.3d 149, 153 (2001) | 4 | While public utilities are subject to pervasive regulation, and while the Public Utilities Commission (PUCO) is vested with sweeping oversight, such authority is not all-encompassing, nor does it in any manner diminish the jurisdiction of the court of common pleas in other areas of possible claims against public utilities. | While public utilities are subject to pervasive regulation, and while the PUCO is vested with sweeping oversight, such authority is not all-encompassing, nor does it in any manner diminish the "jurisdiction of the court of common pleas in other areas of possible claims against public utilities." | Is the authority of the Public Utilities Commission (PUCO) over public utilities subject to pervasive regulation all-encompassing? |

| 3348 | Modesto City Schools v. Education Audits Appeal Panel, 123 Cal. App. 4th 1365, 1381 (2004) | 7 | To be deemed an underground regulation, which would be invalid because it was not adopted in substantial compliance with the procedures of the Administrative Procedure Act (APA), the agency must intend it to apply generally rather than in a specific case, and the agency must adopt it to implement, interpret, or make specific the law enforced by the agency. West's Ann.Cal.Gov.Code S 11340 et seq. | An **842 underground regulation is a regulation that a court may determine to be invalid because it was not adopted in substantial compliance with the procedures of the Administrative Procedure Act (Gov.Code,   11340 et seq.) (APA). (California Advocates for Nursing Home Reform v. Bont  (2003) 106 Cal.App.4th 498, 506, 130 Cal.Rptr.2d 823.) To be deemed an underground regulation, that audit guide must meet two requirements: (1) the agency must intend it to apply generally rather than in a specific case; and (2) the agency must adopt it to implement, interpret, or make specific the law enforced by the agency. | "What is an underground regulation, and what requirements must it meet?" |
| 3349 | Jamgotchian v. Slender, 170 Cal. App. 4th 1384, 1400–01 (2009) | 9 | The tort of trespass to chattels allows recovery for interferences with possession of personal property not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered. | "Dubbed by Prosser the 'little brother of conversion,' the tort of trespass to chattels allows recovery for interferences with possession *1401  of personal property 'not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered.' | Can there be a recovery for interferences with possession of personal property not sufficiently important to be classed as conversion? |
| 3352 | Pittsburgh-Corning Corp. v. Askewe,  823 S.W.2d 759, 760–61 (Tex. App. 1992) | 2 | "Act of State doctrine" prevents courts of the United States, both federal and state, from inquiring into validity of governmental acts of recognized foreign sovereign committed within its own territory. | Appellant's argument based upon the Act of State doctrine is not supported by the authorities. The doctrine prevents *761 the courts of this country, both federal and state, from inquiring into the validity of governmental acts of a recognized foreign sovereign committed within its own territory. | Does the act of state doctrine prevent courts from inquiring into the validity of governmental acts of recognized foreign sovereign committed within its own territory? |
| 3355 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App. 2001) | 12 | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, and the court of appeals will not reverse such sanctions absent a clear abuse of discretion. | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court and we, as an appellate court, will not reverse a trial court's sanctions absent a clear abuse of discretion. Lassiter v. Shavor,  824 S.W.2d 667, 669 (Tex.App.—Dallas 1992, no writ). | "If the imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, will the court of appeals reverse such sanctions absent a clear abuse of discretion?" |

| 3356 | Forest City v. City of Oregon, 569 S.W.2d 330, 333 (Mo. App. 1978) | 3 | Where no administrative body has jurisdiction of regulation, courts do have an equitable jurisdiction to prevent a municipality from enforcing public utility charges which are clearly, palpably and grossly unreasonable; however, such principle applies only when city is acting in nature of a public utility and a city does so only to extent that it supplies utility service to its own inhabitants, as to nonresidents, municipality owes no duty of service, sells in purely private capacity on purely contractual basis and cannot be regulated as to rates charged. V.A.M.S. SS 91.050, 91.060. | Where, as is the situation here, no administrative body has jurisdiction of the rate regulation, the courts do have an equitable jurisdiction to prevent a municipality from enforcing public utility charges which are clearly, palpably and grossly unreasonable. 64 Am.Jur.2d, Public Utilities, Section 128, p. 654; City of Mt. Vernon v. Banks, 380 S.W.2d 268 (Ky.1964); American Aniline Products v. City of Lock Haven, 288 Pa. 420, 135 A. 726 (1927). *334 That principle, however, applies only when the city is acting in the nature of a public utility. A considerable line of cases hold that a city does so only to the extent that it supplies the utility service to its own inhabitants, and that as to nonresidents, the municipality owes no duty of service, sells in purely private capacity on a purely contractual basis, and cannot be regulated as to the rates charged | Do the courts have an equitable jurisdiction to prevent a municipality from enforcing public utility charges that are palpably and grossly unreasonable? |
| --- | --- | --- | --- | --- | --- |
| 3357 | Neal v. Bullock, 538 N.E.2d 308, 309 (Ind.App. 4 Dist.,1989) | 2 | Measure of damages in case of injury to real estate depends upon determination of whether injury is permanent or temporary; "permanent injury" is one in which cost of restoration of property to its preinjury condition exceeds market value of real estate prior to injury, whereas "temporary injury" is one which is not defined as permanent. | 247, 218 N.E.2d 141, this court held that the measure of damages, in a case of injury to the real estate, depends upon a determination of whether the injury is "permanent" or "temporary." A permanent injury is one in which the cost of restoration of the property to its pre-injury condition exceeds the market value of the real estate prior to injury. A temporary injury is one which is not defined as permanent. | What would be the measure of damages in case of a permanent injury of real estate? |
| 3358 | Kings Mountain Bd. of Educ. v. North Carolina State Bd. of Educ., 159 N.C.App. 568, 575 (N.C.App.,2003) | 7 | De facto status arises where a person assumes office under color of authority or where one exercises the duties of the office so long or under such circumstances as to raise a presumption of his right; a de facto officer's necessary official acts are valid as to the public and third persons, but he may be ousted by a direct proceeding. | De facto status arises where a person assumes office "under color of authority" or where one "exercises the duties of the office so long or under such circumstances as to raise a presumption of his right; in which cases his necessary official acts are valid as to the public and third persons; but he may be ousted by a direct proceeding." | When does a de facto status arise? |

| 3360 | Com., Dept. of Environmental Resources v. Fiore, 491 A.2d 284, 287, 88 Pa.Cmwlth. 418, 425 (Pa.Cmwlth., 1984) | 4 | The law which grants authority to conduct warrantless administrative inspections of commercial property must also necessarily provide a predictable scheme of inspection which will be sufficiently certain and regular so that it will provide inadequate substitute for a warrant. U.S.C.A. Const.Amend. 4. | In Donovan the Supreme Court stressed the fact that the law which grants authority to conduct warrantless inspections must also necessarily provide a predictable scheme of inspection which will be sufficiently certain and regular so that it will provide an adequate substitute for a warrant. | Is it necessary that the law which grants authority to conduct warrantless inspections must also necessarily provide a predictable scheme of inspection? |
| --- | --- | --- | --- | --- | --- |
| 3361 | S. Bell v. MacDonald, 671 So. 2d 207, 210 (Fla. Dist. Ct. App. 1996) | 4 | Once employer has knowledge of employee's injury, employer is under continuing obligation to place needed workers' compensation benefits in hands of the injured employee and this obligation cannot be met unless employer informs employee of the benefits to which he is entitled. | An employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. Id. This obligation cannot be met unless the employer informs the injured worker of the benefits to which he is entitled. | "Once an employer has knowledge of an employees injury, is the employer under a continuing obligation to place needed benefits in the hands of the injured employee, and is this obligation met when the employer informs the employee of the benefits he is entitled?" |
| 3362 | Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 75–76 (C.A.3 (N.J.),1994) | 12 | Under general principles of international law, tribunal may prescribe laws with respect to conduct outside its territory that has or is intended to have substantial effects within the territory, and where court may prescribe, it may also enforce. Restatement (Third) of the Foreign Relations Law of the United States SS 402, 402(c), 403, 431(1). | Under general principles of international law, a tribunal may prescribe laws with respect to "conduct outside its territory that has or is intended to have substantial effect within its territory." Restatement (Third) of the Foreign Relations Law of the United States  402(c) (1987) (the "Restatement"). | "Under general principles of international law, can a tribunal prescribe laws with respect to conduct outside its territory that has or is intended to have substantial effects within the territory?" |
| 3363 | Memorial Hosp. v. Heckler, 706 F.2d 1130, 1136 (C.A.Fla.,1983) | 6 | A court should apply the law in effect at time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | A court should apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply the law in effect at time it renders its decision unless doing so would result in manifest injustice? |
| 3364 | Log Cabin Republicans v. U.S., 716 F.Supp.2d 884, 968–69 (C.D.Cal., 2010) | 23 | Review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. U.S.C.A. Const.Amend. 1. | "Our review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. | Is the review of military regulations challenged on First Amendment grounds more deferential than constitutional review of similar laws or regulations designed for civilian society? |
| 3365 | H & M Hennes & Mauritz LP v. Skanska USA Bldg., Inc., 617 F.Supp.2d 152, 159 (E.D.N.Y. 2008) | 10 | Waiver of subrogation provision is viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance, and enforcement of such a provision is not precluded by New York law. N.Y.McKinney's General Obligations Law S 5-321. | However, a waiver of subrogation provision is "viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance," and enforcement of such a provision is not precluded by New York law. | Is the waiver of subrogation provision viewed as a device by which the parties merely    allocate the risk of liability between themselves to third parties through insurance? |

| 3366 | Parra v. Larchmont Farms, Inc., 932 S.W.2d 68, 72 (Tex.App.-El Paso, 1995) | 2 | Worker's compensation is security system, rather than double or nothing gambling game, and doctrine of election requires successful selection of inconsistent remedies. | Worker's compensation is a security system, not a double or nothing gambling game, and the doctrine of election requires a successful selection of inconsistent remedies. | "Is workers compensation a security system, rather than a gambling game, and does the doctrine of election require successful selection of inconsistent remedies?" |
| --- | --- | --- | --- | --- | --- |
| 3367 | Franch v. Ankney, 341 Md. 350, 357–58 (1996) | 2 | Under Workers' Compensation Act, employer is generally required to pay workers' compensation benefits to employee who suffers accidental personal injury in course of employment, regardless of whether employer is at fault for injury. Code, Labor and Employment, S 9-501. | Under the Maryland Workers' Compensation Act, Maryland Code (1991 Repl.Vol, 1995 Supp.), Labor and Employment Article (LE), 9-101 through 9-1201, an employer is generally required to pay workers' compensation benefits to an employee who suffers an accidental personal injury in the course of employment, regardless of whether the employer is *358 at fault for the injury. See LE 9-501. | "When an employee suffers an injury or occupational illness in the course of his or her employment, is the employer required to pay compensation under the terms of the Workers Compensation Act?" |
| 3369 | In re Conservatorship of Martha P., 117 Cal. App. 4th 857, 867 (2004) | 1 | The right to voluntarily dismiss an action or special proceeding before the commencement of trial is not absolute, as statute recognizes exceptions, and other limitations have evolved through the courts' construction of the term "commencement of trial." West's Ann.Cal.C.C.P. S 581(b)(1). | The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' | "Is the right to voluntarily dismiss an action or special proceeding before the commencement of trial not absolute, as the statutes recognize exceptions?" |
| 3372 | Keller v. Reynard, 140 Ind.App. 468, 471 (Ind.App. 1967) | 4 | Under the state Constitution, the general assembly has the sole power to determine how and by what instrumentalities common school systems shall be administered and carried into effect. Const. art. 8, S 1. | Under the constitution of Indiana our General Assembly has the sole power to determine how and by what instrumentalities our common school systems shall be administered and carried into effect. Constitution of Indiana, Art. 8, Sec. 1. | "Under the State Constitution, does the general assembly have the sole power to determine how and by what instrumentalities common school systems shall be administered and carried into effect?" |
| 3374 | Bertram v. Beneficial Consumer Discount Co., 286 F.Supp.2d 453, 458 (M.D.Pa.,2003) | 13 | Declaration that contract is void nullifies all aspects of agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions. Restatement (Second) of Contracts S 7 comment. | In contrast, a declaration that a contract is void nullifies all aspects of the agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions. | Does a declaration that a contract is void nullify all aspects of an agreement including an embedded arbitration clause? |

| 3377 | Renfroe v. Johnson, 142 Tex. 251, 255–56, 177 S.W.2d 600, 602 (1944) | 2 | Privilege given by statute permitting plaintiff to take a nonsuit is not without limitation, since policy of law is to avoid needless litigation. Rev.St.1925, art. 2182. | In this connection, we think this case calls for the application of the following equitable rule announced by the Court of Civil Appeals, 175 S.W.2d 92, 94, in this very case: 'Article 2182, R.C.S. 1925, provides that, in a case tried without a jury, at any time before the decision is announced, the plaintiff may take a nonsuit, but the privilege given by the statute is not entirely without limitation. It is the policy of the law to avoid needless litigation, and public policy requires *256 that there be an end to legal controversies. | "Is a privilege given by a statute permitting a plaintiff to take a nonsuit without limitation, since the policy of law is to avoid needless litigation?" |
| 3379 | Lands Council v. Powell, 395 F.3d 1019, 1027 (C.A.9 (Idaho),2005) | 3 | Purpose of National Environmental Policy Act (NEPA) is to require disclosure of relevant environmental considerations that were given a "hard look" by the agency, and thereby to permit informed public comment on proposed action and any choices or alternatives that might be pursued with less environmental harm. National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | The purpose of NEPA is to require disclosure of relevant environmental considerations that were given a "hard look" by the agency, and thereby to permit informed public comment on proposed action and any choices or alternatives that might be pursued with less environmental harm. | Does NEPA require disclosure of relevant information? |
| 3380 | Chomski v. Alston Cab Co., 32 A.D.2d 627, 627, 299 N.Y.S.2d 896, 897 (1969) | 1 | Justice at pretrial term should act as a catalyst in bringing parties together to a fair settlement, and to that end should evince all reasonable exhortation, guidance and direction, eschewing however undue pressure or any coercive measures, no matter how subtly applied. | We derogate in no way from our view, previously expressed, that the Justice at Pretrial Term should act as a catalyst in bringing the parties together to a fair settlement and to that end should evince all reasonable exhortation, guidance and direction, eschewing however undue pressure or any coercive measures, no matter how subtly applied. Wolff v. Laverne, Inc., 17 A.D.2d 213, 233 N.Y.S.2d 555. | How should the Justice at a pretrial term should act? |
| 3381 | Connell v. State Highway Commission, 388 P.2d 637, 641, 192 Kan. 371, 375 (Kan. 1964) | 7 | Primary purpose of pretrial procedure is to define issues and eliminate those that are unnecessary, avoid necessity of proof of purely formal matters that should be admitted, expedite trial, avoid surprise, consider and identify exhibits and documentary evidence, and amend pleadings to conform to issues as defined. | The primary purpose of pretrial procedure is to define the issues and eliminate those that are unnecessary; avoid the necessity of proof of purely formal matters that should be admitted; expedite the trial, avoid surprise; consider and identify exhibits and documentary evidence, and amend the pleadings to conform to the issues as defined. | What is the primary purpose of pre-trial procedure? |

| 3382 | Cockrell v. Garton, 507 N.W.2d 38, 40, 244 Neb. 359, 363 (Neb.,1993) | 4 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | To what end must litigants adhere to spirit of pre-trial procedure? |
|---|---|---|---|---|---|
| 3383 | Campbell v. General Dynamics Government Systems Corp., 407 F.3d 546, 552 (C.A.1 (Mass.),2005) | 3 | A party seeking to stay proceedings or to compel arbitration under the Federal Arbitration Act (FAA) must demonstrate that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope. 9 U.S.C.A. SS 3, 4. | A party seeking to stay proceedings under section 3 or to compel arbitration under section 4 must demonstrate "that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." | What must a party seeking to stay proceeding or compel arbitration demonstrate? |
| 3384 | In re Smallwood, 470 Mass. 1018, 1019 (Mass., 2014) | 1 | Just as there is no private right of action to obtain discipline of an attorney, there is no private right of action to obtain discipline of a judge, although an individual may file a complaint with the Commission on Judicial Conduct and may be a witness in Commission proceedings; complainant is not a party in the Commission proceeding, and nothing in the Commission's rules or elsewhere in the law authorizes an appeal or other judicial review by a private individual from any decision of the Commission. | First Ass't Clerk of the Supreme Judicial Court for the County of Suffolk, 463 Mass. 1019, 1020, 979 N.E.2d 208 (2012), there is no private right of action to obtain discipline of a judge. The reasoning in those cases applies with equal force here: although an individual may file a complaint with the commission and may be a witness in commission proceedings, he or she is not a party in the commission proceeding, and nothing in the commission's rules or elsewhere in our law authorizes an appeal (or other judicial review) by a private individual from any decision of the commission. | Does an individual have a private right of action to bring disciplinary action against a court clerk? |
| 3386 | Shamoun & Norman, LLP v. Hill, 483 S.W.3d 767, 793 (Tex. App. 2016) | 43 | A duty to preserve evidence is triggered only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | A duty is triggered "only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." | Is a duty to preserve evidence triggered only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim? |

| 3388 | Cooper v. Rosser, 207 S.E.2d 513, 515, 232 Ga. 597, 598 (Ga. 1974) | 3 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. Where the question of precluding issues is raised the matter is within the discretion of the trial judge. | Should a pretrial order be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues? |
| 3389 | Great Games v. S.C. Dep't of Revenue, 339 S.C. 79, 84 (2000) | 9 | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. | "Does the question of whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature and not on its designation?" |
| 3390 | Young v. Williams, 47 A.D.3d 1084, 1086, 850 N.Y.S.2d 262, 264 (2008) | 2 | In order to avoid a release on the grounds of fraud, a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case. | With respect to plaintiff's claim of fraud, we note that " '[i]n order to avoid a release on [that] ground[ ] ..., a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case' " (*Morby v. Di Siena Assoc.*, 291 A.D.2d 604, 605, 737 N.Y.S.2d 678 [2002], quoting *Touloumis v. Chalem*, 156 A.D.2d 230, 232–233, 548 N.Y.S.2d 493 [1989]; *see Shklovskiy v. Khan*, 273 A.D.2d 371, 372, 709 N.Y.S.2d 208 [2000] ). | Must a party allege every material element of fraud to avoid a release? |
| 3391 | Straub v. Smith, No. 31955, 2006 WL 1982878, at *4 (Idaho Ct. App. July 18, 2006) | 6 | A voluntary dismissal is a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a signed stipulation to dismiss is filed with the district court. Rules Civ.Proc., Rule 41(a)(1). | A voluntary dismissal under Rule 41(a)(1) is a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a signed stipulation to dismiss is filed with the district court. | Is a voluntary dismissal a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a signed stipulation to dismiss is filed with the district court? |
| 3392 | Kleibrink v. Missouri-Kansas-Texas R. Co., Inc., 224 Kan. 437, 442 (Kan.,1978) | 8 | Generally, pretrial order controls subsequent course of action unless such order is modified at trial to prevent manifest injustice. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | As a general rule a pretrial order entered by the trial court, pursuant to K.S.A. 60-216, controls the subsequent course of action unless such order is modified at the trial to prevent manifest injustice. | "Generally, does a pretrial order control a subsequent course of action unless such order is modified at trial to prevent manifest injustice?" |

| 3393 | Adams v. Bath and Body Works, Inc., 830 N.E.2d 645, 653, 294 Ill.Dec. 233, 241, 358 Ill.App.3d 387, 395 (Ill.App. 1 Dist.,2005) | 6 | Even prior to the filing of a strict-products-liability action, a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence. Sup.Ct.Rules, Rule 219(c). | Even prior to the filing of such a lawsuit, a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence. | Does a potential litigant owe a duty to take reasonable measures to preserve the integrity of relevant and material evidence prior to the filing of the lawsuit? |
| 3394 | Holiday Queen Land Corp. v. Baker, 489 F.2d 1031, 1032 (5th Cir. 1974) | 1 | A court exercising its discretion in considering a motion for voluntary dismissal must follow the traditional principle that dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit; and it is not a bar that plaintiff may obtain some tactical advantage thereby. Fed.Rules Civ.Proc. rule 41(a)(2), 28 U.S.C.A. | a court exercising its discretion in considering voluntary dismissal must: follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. | Can voluntary dismissals be allowed without any prejudice to the defendant other than by the mere prospect of a second lawsuit? |
| 3395 | In re Collette's Estate, 122 Vt. 231, 231 (1961) | 1 | Pre-trial court is considered a part of trial procedure and subsequent course of action is controlled by agreements or admissions made at pretrial conference. | The pre-trial court is considered a part of the trial procedure in any cause. The subsequent course of action is controlled by agreements or admissions made at the pre-trial conference. | Is the pre-trial court considered a part of the trial procedure and the subsequent course of action is controlled by agreements or admissions made at the pretrial conference? |
| 3396 | Robinson v. Boyd, 288 Ga. 53, 56 (Ga., 2010) | 2 | A renewal suit filed after a voluntary dismissal is deemed an action de novo, in which defenses to the original action are inapplicable, unless they would render the original action void and not just voidable. West's Ga.Code Ann. S 9-2-61(a). | Most important for the issue presented, it is firmly established that the renewal suit is deemed an action de novo, in which defenses to the original action are inapplicable unless they would render the original action void and not just voidable. | "Is a renewal suit filed after a voluntary dismissal deemed an action de novo, in which defenses to the original action are inapplicable, unless they would render the original action void and not just voidable?" |
| 3397 | Bank of America, N.A. v. Mitchell, 139 Cal.Rptr.3d 562, 569, 204 Cal.App.4th 1199, 1209 (Cal.App. 2 Dist., 2012) | 7 | Upon the proper exercise of the right of voluntary dismissal, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action. West's Ann.Cal.C.C.P. S 581. | Upon the proper exercise of the right of voluntary dismissal, a trial court " 'would thereafter lack jurisdiction to enter further orders in the dismissed action.' | "Upon the proper exercise of the right of voluntary dismissal, will a trial court thereafter lack jurisdiction to enter further orders in the dismissed action?" |
| 3398 | Hiers v. Mitchell, 116 So. 81, 85, 95 Fla. 345, 352 (Fla. 1928) | 24 | "Tax" is enforced contribution of money or other property assessed by reasonable rule or apportionment by authority of sovereign state on persons or property within jurisdiction to defray public expenses. | A tax is an enforced contribution of money or other property, assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state on persons or property within its jurisdiction for the purpose of defraying the public expenses. | Is tax an enforced contribution of money or other property on persons or property within its jurisdiction for the purpose of defraying the public expenses? |

| 3400 | Great Games v. S.C. Dep't of Revenue, 339 S.C. 79, 84 (2000) | 9 | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. | What is the essential feature of a tax? |
|---|---|---|---|---|---|
| 3402 | J.P. v. District Court In and For 2nd Judicial Dist. of Denver, 873 P.2d 745, 751 (Colo.,1994) | 7 | Sanction of issue or witness preclusion for discovery violation is severe sanction and should only be invoked if there has been serious misconduct by party seeking modification of pretrial order by endorsement of substitute witness. Rules Civ.Proc., Rule 16. | However, issue or witness preclusion is a severe sanction and should only be invoked when there has been serious misconduct by the party seeking modification of the pretrial order by the endorsement of a substitute witness. | Should severe discovery sanctions such as issue or witness preclusion be invoked when there has been serious misconduct by party seeking modification of pretrial order? |
| 3404 | Harris v. Billings, 16 Cal. App. 4th 1396, 1402–03, 20 Cal. Rptr. 2d 718, 721 (1993) | 5 | Plaintiff may not dismiss without prejudice when, having failed to answer requests for admissions, all issues in case are deemed admitted in defendant's favor. | Nor may a plaintiff dismiss without prejudice when, having failed to answer requests for admissions, all the issues in the case are deemed admitted in defendant's favor. | "Can a plaintiff dismiss without prejudice when, having failed to answer requests for admissions, all issues in the case are deemed admitted in the defendant's favor?" |
| 3406 | Ramsey v. Criswell, 850 S.W.2d 258, 259 (Tex. App. 1993) | 1 | Party seeking to have deemed admissions withdrawn has burden to prove good cause for his failure to make timely answers, that withdrawal of admissions would not prejudice opposing party, and that presentation of merits would be subserved by withdrawal; requirement of good cause may be established by showing that failure to file was not intentional or in conscious disregard of obligation to timely file answer, and under this standard, even slight excuse for original failure to answer is sufficient. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subds. 1, 2. | The party seeking to have deemed admissions withdrawn has the burden to present evidence to the court that establishes good cause for his failure to make timely answers, that withdrawal of the admissions would not prejudice the opposing party, and that the presentation of the merits would be subserved by the withdrawal. Tinney v. Team Bank, 819 S.W.2d 560, 562 (Tex.App.–Fort Worth 1991, writ denied); Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App.–Tyler 1990, no writ). The requirement of good cause may be established by a showing that the failure to file was not intentional or in conscious disregard of the party's obligation to timely file an answer. Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d at 689. Under this standard, even a slight excuse for the original failure to answer is sufficient. | "Generally, does the party seeking withdrawal of deemed admissions have the burden to establish good cause?" |

| 3407 | Est. of Barksdale ex rel. Farthing v. Duke Univ. Med. Ctr., 175 N.C. App. 102, 108–09, 623 S.E.2d 51, 56 (2005) | 5 | Voluntary dismissal of action strips the trial court of authority to enter further orders in the case, except to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a,d), West's N.C.G.S.A. S 1A-1. | The effects of a Rule 41(a) voluntary dismissal are well-settled in our state. " 'A Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d)[,] which authorizes the court to enter specific orders apportioning *109 and taxing costs.' " | "Does voluntary dismissal of an action strip the trial court of authority to enter further orders in the case, except to enter specific orders apportioning and taxing costs?" |
| 3408 | Roberts v. General Motors Corp., 140 N.H. 723, 727 (N.H., 1996) | 14 | Trial court can deny plaintiff's motion for voluntary nonsuit without prejudice, and grant nonsuit only with prejudice, if it would be manifestly unjust to defendant to grant plaintiff's request. | The court can, for example, deny a plaintiff's motion for voluntary nonsuit without prejudice; the court has discretion to grant a nonsuit only with prejudice, if it would be "manifestly unjust" to the defendant to grant plaintiff's request. | "Can a trial court deny a plaintiff's motion for voluntary nonsuit without prejudice, and grant nonsuit only with prejudice, if it would be manifestly unjust to the defendant to grant plaintiff's request?" |
| 3411 | Jones v. Boswell, 250 S.W.3d 140, 143 (Tex. App. 2008) | 5 | The commission of a trespass to chattel does not necessarily mean that the actor is liable for damages; liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | The commission of a trespass does not necessarily mean that the actor is liable for damages. Liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | Does the commission of a trespass to chattels necessarily mean that the actor is liable for damages? |
| 3412 | Racine Steel Castings, Div. of Evans Prod. Co. v. Hardy, 139 Wis. 2d 232, 236, 407 N.W.2d 299, 301 (Ct. App. 1987), rev'd, 144 Wis. 2d 553, 426 N.W.2d 33 (1988) | 3 | Worker's compensation laws are basically economic regulations by which legislature, as matter of public policy, has balanced competing societal interests; such balance permits worker to recover regardless of his own fault or his employer's absence of fault, and employer's common-law defenses of contributory negligence, assumption of risk, and fellow-servant rule are abrogated, and in exchange, worker is obliged to accept limited and scheduled compensation award. | The compromise involves trade-offs: the worker recovers regardless of his own fault or his employer's absence of fault; the employer's common law defenses of contributory negligence, assumption of risk, and the fellow- servant rule are abrogated, and in exchange the worker is obliged to accept a limited and scheduled compensation award. Id. at 180, 290 N.W.2d at 280. Worker's compensation laws are basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests. | "Are worker's compensation laws basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests?" |

| 3413 | North Dakota v. United States, 495 U.S. 423, 443, 110 S. Ct. 1986, 1999, 109 L. Ed. 2d 420 (1990) | 8 | Although military authorities are entitled to judicial deference on questions relating to military discipline and military operations, no special deference to military's interpretation of federal regulations is required in questions relating to allocation of power between the federal and state government on civilian commercial issues. | When the Court is confronted with questions relating to military discipline and military operations, we properly defer to the judgment of those who must lead our Armed Forces in battle. But in questions relating to the allocation of power between the Federal and State Governments on civilian commercial issues, we heed the command of Congress without any special deference to the military's interpretation of that command. | Is special deference accorded to military's interpretation of federal regulations on questions relating to allocation of power between the federal and state government on civilian commercial issues? |
| 3414 | ConocoPhillips Company v. Noble Energy, Inc., 462 S.W.3d 255, 264 (Tex.App.-Hous. (14 Dist.), 2015) | 2 | Good cause necessary to withdraw an admission is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | "Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. | "Is the good cause for withdrawing deemed admissions established by showing the failure to respond to such requests within 30 days was an accident or mistake, not intentional or the result of conscious indifference?" |
| 3415 | Wright v. United States, 81 Fed. Cl. 369, 374–75 (2008) | 6 | In military pay cases, the "constructive service doctrine" embodies the concept that members of the military who have been improperly discharged are treated as having continued to serve until they are properly discharged; they are therefore entitled to back pay and allowances for that period of constructive service. | Plaintiff bases his right to recovery pursuant to the Military Pay Act on the constructive service doctrine. See Pl.'s Br. filed Jan. 31, 2008, at 3–5. The constructive service doctrine embodies the concept that "members of the military who have been improperly discharged are treated as having continued to serve until they are properly discharged; they are therefore entitled to back pay and allowances for that period of constructive service." Christian v. United States, 337 F.3d 1338, 1341–42 (Fed.Cir.2003). | Are military personnel who are improperly discharged entitled to back pay and allowances for the period of constructive service? |
| 3417 | Kornberg v. Getz Exterminators, Inc., 341 S.W.2d 819, 820 (Mo. 1961) | 1 | Filing of motion to make more definite and certain is a concession that petition states claim upon which relief can be granted, but challenges, as an injustice to defendant, the stating of claim in manner pleaded. Section 509.050 RSMo 1949, V.A.M.S. | The filing of a motion to make more definite and certain is, in effect, a concession that the petition states a claim upon which relief can be granted, but challenges, as an injustice to defendant, the stating of the claim in the manner pleaded. | "Is the filing of motion to make more definite and certain, a concession that the petition states claim upon which relief can be granted?" |

| | | | | | |
|---|---|---|---|---|---|
| 3420 | Bireline v. Espenscheid, 304 N.E.2d 508, 511, 15 Ill.App.3d 368, 372 (Ill.App. 1973) | 7 | Taking of deposition must be at time and place which has been specified in notice or to which it may have been regularly and properly adjourned and disregard of such requirement, unless waived, will render the deposition vulnerable to motion to suppress; however, such motion to suppress must be made in apt time and before trial. Supreme Court Rules, rule 211, S.H.A. ch. 110A, S 211. | The taking of a deposition must be at the time and place specified in the notice thereto or to which it may have been regularly and properly adjourned. A disregard of this requirement, Unless waived, will render the deposition vulnerable to a motion to suppress it. Ward Pump Co. v. Industrial Comm., 302 Ill. 199, 134 N.E. 127. However, the motion to suppress must be made in apt time and before trial. | Should the taking of deposition be at time and place specified in the notice thereto or to which it may have been regularly and properly adjourned? |
| 3421 | National Bank of Georgia v. Great Southern Business Enterprises, Inc., 130 Ga.App. 221, 221 (Ga.App., 1973) | 2 | Party who fails to answer request for admissions of fact within the required time may seek to "withdraw" his admissions but he must take the initiative and file a motion, otherwise he is bound by such admissions. Code, SS 81A-106(b), 81A-136(b). | [A] party who fails to answer within the required time may seek to 'withdraw' his admissions but he must take the initiative and file a Motion, otherwise he is bound by such admissions. | Can a party who fails to answer request for admissions of fact within the required time can seek to withdraw his admissions? |
| 3422 | Spiecker v. Petroff, 971 S.W.2d 536, 538 (Tex. App. 1997) | 5 | Even a slight excuse will suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | Good cause is established by a showing that the failure to respond to the request for admissions "was an accident or mistake, not intentional or the result of conscious indifference." Id. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." | "Does even a slight excuse suffice as a good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result?" |
| 3423 | Watson v. Dallas Indep. Sch. Dist., 135 S.W.3d 208, 215 (Tex. App. 2004), disapproved of by Univ. of Texas Med. Branch at Galveston v. Barrett, 159 S.W.3d 631 (Tex. 2005) | 2 | A party shows good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | A party seeking to withdraw deemed admissions must first establish "good cause for the withdrawal." Tex.R. Civ. P. 198.3(a). A party does so "by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." | Does a party show good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake? |
| 3428 | City of Bristol v. Tilcon Minerals, Inc., 931 A.2d 237, 258, 284 Conn. 55, 87 (Conn., 2007) | 30 | Essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff, (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest, (3) done intentionally, and (4) causing direct injury. | "The essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury. | "Is invasion, intrusion or entry by the defendant that affects the plaintiff's exclusive possessory interest, an element of trespass?" |

| 3429 | State v. Sawyer, 266 Wis. 494, 500, 63 N.W.2d 749, 752 (1954) | 5 | In prosecution for bribery of alderman, court properly instructed jury that if payment was made by defendant to alderman for purpose of influencing his conduct in respect to matters, which might come before alderman in his official capacity, it was immaterial to defendant's guilt whether or not the alderman's conduct was actually influenced or whether purpose of bribe was fulfilled. St.1951, S 346.06. | 5] The essence of the offense prohibited by this statute is the corrupt bargain. As the trial court correctly instructed the jury, if payment is made to the officer for the purpose of influencing his conduct in respect to matters which may come before him in his official capacity, it is immaterial to the guilt of the payor whether or not the official's conduct was actually influenced or whether the purpose of the bribe was fulfilled. | Is it immaterial to the guilt of the payor whether or not the official's conduct was actually influenced or whether the purpose of the bribe was fulfilled? |
| 3431 | Jackson v. Shuttleworth, 42 Ill.App.2d 257, 258 (Ill. App. 1963) | 1 | "Comity" is neither absolute obligation nor mere courtesy, but is recognition which one state allows within its territory to legislative, executive or judicial acts of another with due regard both to interstate duty and convenience and to rights of its own citizens. | 'Comity' has been defined by the Supreme Court of Illinois, in its legal sense, as neither an absolute obligation on the one hand nor of mere courtesy and good will on the other, but a recognition which one State allows within its territory to the legislative, executive or judicial acts of another State, having due regard both to the interstate duty and convenience and to the rights of its own citizens who are under the protection of its laws. | "Is comity a matter of absolute obligation, or mere courtesy and good will?" |
| 3432 | City of Birmingham v. Goolsby, 150 So. 322, 324, 227 Ala. 421, 425 (Ala. 1933) | 6 | Ordinarily, party has right to select counsel to try his case, and courts should recognize such right, unless it unduly interferes with right of other party to have case tried without unreasonable delay. | It may be conceded that ordinarily a party has the right to select counsel to try his case, and the courts should recognize this right, unless it unduly interferes with the right of the other party to have his case tried, without unreasonable delay. | "Does a party have the right to select counsel to try his case, and courts should recognize such right, unless it unduly interferes with right of other party to have case tried without unreasonable delay?" |
| 3433 | Bacon v. Carey Co., 669 P.2d 533, 535 (Wyo.,1983) | 4 | In criminal cases, withdrawal of counsel, particularly on eve of trial, may implicate due process considerations and defendant's right to effective assistance of counsel, but in civil cases, withdrawal of counsel does not always provide grounds for granting of continuance. U.S.C.A. Const.Amend. 6; District Court Rule 7. | In criminal cases, the withdrawal of counsel, particularly on the eve of trial, may implicate due-process considerations and defendant's right to effective assistance of counsel. Epperson v. State, Wyo., 637 P.2d 671 (1981); Adger v. State, Wyo., 584 P.2d 1056 (1978). However, in civil cases, withdrawal of counsel does not always provide grounds for the granting of a continuance. | "In criminal cases, can withdrawal of counsel, particularly on eve of trial, implicate due process considerations and defendant's right to effective assistance of counsel?" |

| 3435 | Smith v. Home Indem. Co., 683 S.W.2d 559, 562 (Tex. App. 1985) | 1 | Admissions, once made or deemed admitted by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Neither did he move the court to withdraw or amend the admissions after they had been deemed by the court. Admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Henke Grain Co. v. Keenan, 658 S.W.2d 343, 347 (Tex.App.-Corpus Christi 1983, no writ); American Title Company v. Smith, 445 S.W.2d 807, 809 (Tex.Civ.App.-Houston [1st Dist.] 1969, no writ). | "May admissions, once made or deemed admitted by the court, be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits?" |
| 3436 | In re Goddard & Peterson, PLLC, 789 S.E.2d 835, 840 (N.C. App. 2016) | 10 | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule governing such requests if there is any objection whatsoever. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." | "n order to avoid having requests for admissions deemed admitted, must a party respond within the period of the rule governing such requests if there is any objection whatsoever?" |
| 3437 | J.M. Parker & Sons, Inc. v. William Barber, Inc., 208 N.C.App. 682, 688 (N.C.App., 2010) | 6 | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | Rule 36 "means precisely what it says [i.e.,] [i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Burchette, 100 N.C.App. at 162, 394 S.E.2d at 701 (internal quotation marks and citation omitted). Failure to do so means that the facts in question are judicially established. | Does failure of a party receiving requests for admissions to respond within the period required by the rules of civil procedure mean that the facts in question are judicially established? |
| 3438 | Gary Mun. Airport Authority Dist. v. Peters, 550 N.E.2d 828, 831 (Ind. App. 1990) | 3 | Rule pertaining to withdrawal of admissions does not require a motion for relief under it to be denominated in any particular manner; merely by challenging deemed admissions and asking for extension of time to respond, party satisfies requirement of rule that party move to withdraw or amend deemed admissions. Trial Procedure Rule 36(B). | 36(B) does not require a motion for relief under it to be denominated in any particular manner. Merely by challenging deemed admissions and asking for an extension of time to respond, a party satisfies the requirement of T.R. 36(B) that a party move to withdraw or amend deemed admissions." | Does the rule pertaining to a withdrawal of admissions not require a motion for relief under it to be denominated in any particular manner? |

| 3440 | W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co., 208 F. Supp. 3d 1227, 1235 (N.D. Ala. 2016) | 8 | Under Alabama law, to succeed on a claim of indirect trespass, plaintiffs must show: (1) an invasion affecting an interest in the exclusive possession of their property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of the plaintiffs' possessory interest; and (4) substantial damages to the res. | To succeed on a claim of indirect trespass, plaintiffs must show: (1) an invasion affecting an interest in the exclusive possession of their property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of the plaintiffs' possessory interest; and (4) substantial damages to the res. Borland v. Sanders Lead Co., Inc., 369 So.2d 523 (Ala. 1979). | What must be proved to succeed a claim of indirect trespass? |
| 3441 | Borland v. Sanders Lead Co., Inc., 369 So.2d 523, 530 (Ala., 1979) | 13 | For an indirect invasion to amount to an actionable trespass, there must be an interference with one's exclusive possessory interest in land; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered on the land itself, affecting its nature and character, and causing substantial actual damage to the res. | For an indirect invasion to amount to an actionable trespass, there must be an interference with plaintiff's exclusive possessory interest in land; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered upon the land itself, affecting its nature and character, and causing substantial actual damage to the Res. | What must be proved to succeed a claim of indirect trespass? |
| 3442 | New Albertsons, Inc. v. Superior Ct., 168 Cal. App. 4th 1403, 1420–21, 86 Cal. Rptr. 3d 457, 470 (2008) | 6 | Because the law strongly favors trial and disposition on the merits, any doubts in ruling on a motion to withdraw or amend an admission must be resolved in favor of the party seeking relief. West's Ann.Cal.C.C.P. S 2033.300. | Because the law strongly favors trial and disposition on the merits, any doubts in applying section 2033.300 must be resolved in favor of the party seeking relief. | Should any doubts in ruling on a motion to withdraw or amend an admission be resolved in favor of the party seeking relief because the law strongly favors trial and disposition on the merits? |
| 3443 | In re M.G., 767 S.E.2d 436, 440–41, 239 N.C.App. 77, 82–83 (N.C.App., 2015) | 4 | Where an attorney has given his client no prior notice of an intent to withdraw his representation, a trial judge has no discretion and must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal. | However, "[w]here an attorney has given his **441 client no prior notice of an intent to withdraw, the trial judge has no discretion" and "must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal." | "Where an attorney has given his client no prior notice of intent to withdraw his representation, does a trial judge have discretion?" |
| 3444 | Walker v. Aulds, 28,968 (La. App. 2 Cir. 12/11/96), 685 So. 2d 421, 423 | 4 | Generally, litigant whose lawyer withdraws at or near trial may be entitled to continuance to employ another attorney, but inability to obtain counsel does not entitle party to indefinite continuances. | Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, a party is not entitled to indefinite continuances simply because he is unable to obtain counsel. *Gilcrease v. Bacarisse, supra.* | "Generally, can a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney?" |
| 3445 | Moy v. Ng, 341 Ill. App. 3d 984, 988, 793 N.E.2d 919, 923 (2003), overruled by Vision Point of Sale, Inc. v. Haas, 226 Ill. 2d 334, 875 N.E.2d 1065 (2007) | 3 | The failure to file a timely response to a request to admit facts, including the ultimate facts of a case, in accordance with discovery rule governing requests for admissions results in the admission of those facts. Sup.Ct.Rules, Rule 216. | [3] [4] [5] The failure to file a timely response to a request to admit facts—including the "ultimate" facts of a case—in accordance with Rule 216(c) results in the admission of those facts. | "Does the failure to file a timely response to a request to admit facts, including the ultimate facts of a case, in accordance with discovery rule governing requests for admissions result in the admission of those facts?" |

| | | | | | |
|---|---|---|---|---|---|
| 3446 | Oliphant Financial, LLC v. Galaviz, 299 S.W.3d 829, 838 (Tex.App. 2009) | 15 | Plaintiff may serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(c). | A plaintiff may serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted. Id. at 811-12 (citing TEX.R. CIV. P. 198.2(d)). | "May a plaintiff serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted?" |
| 3447 | In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433, 725 So.2d 382, 384–85 (Fla. App. 1998 | 4 | While it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission. West's F.S.A. RCP Rule 1.370. | While it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission. | Is it normally within the trial court's discretion to use a technically deemed admission to support a summary judgment? |
| 3448 | Ark-Tenn Distributing Corp. v. Breidt, 209 F.2d 359, 360 (C.A.3 1954) | 1 | Under the Federal Rules of Civil Procedure, technical considerations will not be allowed to prevail to detriment of substantial justice, and admissions or denials in response to a request for admissions stands in the same relation to the case as that sworn testimony bears. Fed.Rules Civ.Proc., rule 1 et seq., 28 U.S.C.A. | But, even if the statements are construed to amount to admissions by Harry Breidt of active participation in the corporate affairs of Vendors, under the Federal Rules of Civil Procedure, 18 U.S.C., technical considerations will not be allowed to prevail to the detriment of substantial justice 2 Barron and Holtzoff, Federal Practice and Procedure  837 (1950); 4 Moore, Federal Practice,  36.08 (2d ed. 1950) and admissions or denials in response to a request for admissions stand in the same relation to the case that sworn testimony bears. | Does the civil procedure permit technical considerations to prevail to a detriment of substantial justice? |
| 3449 | Ayr-Way Stores, Inc. v. Chitwood, 300 N.E.2d 335, 339, 261 Ind. 86, 91 (Ind. 1973) | 5 | Whether to grant continuance where pleadings are amended is matter of discretion for trial court and absent showing of clear and prejudicial abuse of discretion, trial court's ruling will not be disturbed by Appellate Court. | Whether or not to grant a continuance where pleadings are amended is a matter of discretion for the trial court. Absent a showing of clear and prejudicial abuse of discretion, the trial court's ruling will not be disturbed by an appellate court. | "Absent showing of clear and prejudicial abuse of discretion, will a trial court's ruling on continuance not be disturbed by an Appellate Court?" |
| 3451 | Bryant v. Robledo, 938 So.2d 413, 420 (Ala.Civ.App., 2005) | 7 | A matter in a request for admissions is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. Rules Civ.Proc., Rule 36(b). | Under our law, failure to respond to a request for admissions in Alabama can have significant consequences. Pursuant to Rule 36(b), Ala. R. Civ. P., a matter is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. | "Where there were no objections or denials by a plaintiff regarding a defense request for admissions, are matters covered thereby deemed as admitted?" |

| 3452 | Wieda v. Am. Box Bd. Co., 343 Mich. 182, 191, 72 N.W.2d 13, 18 (1955) | 9 | Each case arising under the Workmen's Compensation Law must be determined on basis of the particular facts involved and in accordance with pertinent statutory provisions. Comp.Laws 1948, SS 411.1 et seq., 412.1 et seq. | Each case arising under the workmen's compensation law must be determined on the basis of the particular facts involved and in accordance with pertinent statutory provisions. | Should each case arising under the Workmens Compensation Law be determined on the basis of the particular facts involved and in accordance with pertinent statutory provisions? |
| 3453 | Selitsch v. Selitsch, 492 S.W.3d 677, 684 (Tenn. Ct. App. 2015) | 9 | To avoid double payment, in order to receive VA disability pay, a former service member must waive a corresponding portion of his or her retirement pay. 38 U.S.C.A. S 5305. | o avoid double payment, in order to receive VA disability pay, "a former service member must waive a corresponding portion of his or her retirement pay." | "Should a former service member waive a corresponding portion of his or her retirement pay to avoid double payment, in order to receive Veterans Affairs disability pay?" |
| 3455 | State v. Merritt, 120 N.C. App. 732, 742 (1995) | 9 | While statutory offense of felonious breaking or entering is lesser included offense of burglary in the first degree, submission of this lesser included offense is required only when evidence tends to show that defendant could have gained entry into building in question by means other than burglarious breaking. | While the statutory offense of felonious breaking or entering is a lesser included offense of burglary in the first degree, State v. Fowler, 1 N.C.App. 546, 548-49, 162 S.E.2d 37, 39 (1968), submission of this lesser included offense is required only when the evidence tends to show that defendant could have gained entry into the building in question by means other than a burglarious breaking. | Is felonious breaking or entering lesser included offense than burglary? |
| 3456 | Itskin v. Restaurant Food Supply Co., 7 Ohio App.3d 127, 130 (Ohio App. 1982) | 8 | Although party is entitled to contest disputed issues of fact, unless there is good reason to dispute facts when request for admission is made, party failing to admit must bear expense of proving facts. Rules Civ.Proc., Rules 36(A), 37(C). | While it sets forth a correct statement of law that a party is entitled to contest disputed issues of fact, Civ.R. 36(A) and 37(C) together indicate that, unless there is a good reason to dispute the facts, the party failing to admit must bear the expense of proving the facts. [9] | Should a party failing to admit bear expense of proving facts unless there is good reason to dispute facts when request for admission is made? |
| 3457 | In re Western Star Trucks US, Inc., 112 S.W.3d 756, 763 (Tex. App. 2003) | 11 | A party seeking discovery of net worth information is not required to make a prima facie showing of an entitlement to exemplary damages before discovery is permitted. | As noted by the court in Al Parker Buick Company, the Texas Supreme Court expressly held in Lunsford that a party seeking discovery of net worth information is not required to make a prima facie showing of an entitlement to exemplary damages before discovery is permitted. | Is a party seeking discovery of net worth information not required to make a prima facie showing of an entitlement to exemplary damages? |
| 3458 | State ex rel. Miller v. DeCoster, 608 N.W.2d 785, 790 (Iowa, 2000) | 7 | When pertinent inquiry of administrative agency decisionmakers is allowed, it is limited to information concerning the procedural steps that may be required by law and does not extend to inquiries into the mental processes of an administrator which, as being part of the judgmental process, are not discoverable. | When pertinent inquiry is allowed, it is "limited to information concerning the procedural steps that may be required by law and does not extend to inquiries into the mental processes of an administrator which, as being part of the judgmental process, are not discoverable." | "When pertinent inquiry of administrative agency decision makers is allowed, is it limited to information concerning the procedural steps that can be required?" |

| | | | | | |
|---|---|---|---|---|---|
| 3459 | Carlson v. Freightliner LLC, 226 F.R.D. 343, 364 (D.Neb.,2004) | 13 | Under Nebraska law, information which, if released, would give advantage to business competitors and serve no public purpose is confidential and not the proper subject of discovery. | Under Nebraska law, information "which if released would give advantage to business competitors and serve no public purpose" is confidential and not the proper subject of discovery. | Is information that would give advantage to business competitors and serve no public purpose confidential and not the proper subject of discovery? |
| 3463 | Slatten v. City of Chicago, 12 Ill. App. 3d 808, 813 (1973) | 5 | Right of any party to discovery deposition is basic and fundamental to adversary system and accordingly the right of one party imposes a duty on the other which cannot be avoided by technical maneuvers or other conduct which results in destroying purpose of modern discovery principles. Supreme Court Rules, rules 201, 202, 212(b), S.H.A. ch. 110A, SS 201, 202, 212(b). | The right of any party to a discovery deposition is basic and fundamental in today's adversary system and, accordingly, **446 the right of one party imposes a duty on the other party. That duty cannot be avoided by technical maneuvers or other conduct which results in destroying the purpose of modern discovery principles. | Is the right of any party to discovery deposition basic and fundamental in an adversary system? |
| 3465 | Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316, 318, 185 N.E. 395, 395–96 (1933) | 1 | Right of examination of party before trial is not as matter of law dependent upon purpose or necessity to establish affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, S 288. | The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. | Is the right of examination of a party dependent upon a purpose or necessity to establish an affirmative claim? |
| 3467 | Boyd v. St. Paul Fire & Marine Ins. Co., 775 So.2d 649, 655, 1999-1820 La.App. 3 Cir. 12/20/00, 8 (La.App. 3 Cir.,2000) | 4 | The decision to grant a protective order and the extent of protection extended are within the sound discretion of the trial court; an appellate court will not ordinarily modify or reverse the trial court in such matters absent a showing of abuse of discretion. LSA-C.C.P. art. 1426. | The granting or not of a protective order and the extent of protection extended are within the sound discretion of the trial court; and an appellate court will not ordinarily modify or reverse the trial court in such matters absent a showing of abuse of discretion. | Whether the decision to grant a protective order and the extent of protection extended is within the sound discretion of the trial court? |
| 3469 | Nat'l Fire Ins. Co. of Hartford v. Hutton, 396 S.W.2d 53, 54–55 (Ky. 1965) | 3 | Where trial judge found that there was no good reason for denial of certain admissions as sought by insurer, insured was properly required to pay the reasonable expenses incurred in producing a witness. | The trial judge sustained appellant's motion for an order requiring appellees to *55 pay the reasonable expenses incurred in producing a witness at the trial. The judge found there was no good reason for denial of certain admissions sought by appellant. | "Can the insured be required to pay the reasonable expenses incurred in producing a witness, where the judge finds that there was no good reason for denial of certain admissions as sought by insurer?" |
| 3471 | Fry v. Blauvelt, 818 N.W.2d 123, 130 (Iowa, 2012) | 11 | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | Although district courts have discretion in deciding whether to enforce pretrial orders, "it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits." | Is it incumbent upon a reviewing court to scrutinize the exercise of a court's discretion in deciding whether to enforce pretrial orders? |

| | | | | | |
|---|---|---|---|---|---|
| 3472 | Tucker v. Tucker, 55 N.Y.2d 378, 383–84, 434 N.E.2d 1050, 1052 (1982) | 1 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd. [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted (4 Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 3217.06). | "Can a party ordinarily be compelled to litigate and, absent special circumstances, discontinuance should be granted?" |
| 3473 | Stern v. Marshall, 471 S.W.3d 498, 514 (Tex.App.-Hous. (1 Dist.), 2015) | 3 | The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of the right to nonsuit. Tex. R. Civ. P. 162. | "The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right" to nonsuit under Rule 162. | Can the use of a creative pleading that merely restates defenses in the form of a declaratory judgment action deprive the plaintiff of the right to nonsuit? |
| 3474 | Jernberg v. Virtis Co., 17 A.D.2d 892, 892, 233 N.Y.S.2d 363, 365 (1962) | 1 | As between written interrogatories and an open examination, while the former is ordinarily preferred, trial court in exercise of its discretion may order the latter where circumstances so warrant. | As between written interrogatories and an open commission, while the former is ordinarily preferred (Hawkinson v. Clayton Packing Co., Inc., 275 App.Div. 948, 89 N.Y.S.2d 615; Bieber-Isaacs Co., Inc. v. Philadelphia F. & M. Ins. Co., 125 Misc. 494, 211 N.Y.S. 435) it is appropriate for the trial court in the exercise of its discretion to order the latter where the circumstances so warrant (Pinkowitz v. California Packing Corp., Sup., 126 N.Y.S.2d 783 [not officially reported]; see also Bennett v. Kelly, 283 App.Div. 945, 130 N.Y.S.2d 191). . | "As between written interrogatories and an open examination, while the former is ordinarily preferred, can a trial court in exercise of its discretion order the latter where circumstances so warrant?" |
| 3475 | Tidwell ex rel. Tidwell v. City & Cnty. of Denver, 83 P.3d 75, 81 (Colo. 2003) | 2 | If raised before trial, the issue of whether governmental immunity applies to bar a suit is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | Whether governmental immunity applies to bar a suit is a question of jurisdiction for the trial court. Springer v. City and County of Denver, 13 P.3d 794, 798 (Colo.2000). As a result, "if raised before trial, the issue is properly addressed pursuant to a C.R.C.P. 12(b)(1) motion to dismiss." | "If governmental immunity is raised before trial, is the issue properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction?" |
| 3476 | Huber v. Mullan, 246 F.Supp. 8, 8 (D. Md. 1964) | 8 | A note evidencing a promise to repay sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment. | A note evidencing a promise to repay a sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment | Can a note be rendered non assignable depending upon its language? |

| 3478 | Highland Credit Opportunities CDO, L.P. v. UBS AG, 451 S.W.3d 508, 516 (Tex. App. 2014) | 10 | When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction. | Thus, "when it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction." | "When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, may the proper disposition may be summary judgment on the merits?" |
|---|---|---|---|---|---|
| 3479 | Kiser v. A.W. Chesterton Co., 285 Va. 12, 20 (Va., 2013) | 4 | The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff, and in the absence of injury or damage to a plaintiff or his property, he has no cause of action, and no right of action can accrue to him. | The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff. In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him. | What are the essential elements of a breach of contract or on a tortious act? |
| 3481 | People v. Faubus, 48 Cal. App. 3d 1, 5, 121 Cal. Rptr. 167, 169 (Ct. App. 1975) | 1 | Characterization of a crime as one of specific intent or general intent has little meaningful significance in instructing a jury; critical issue is accurate description of state of mind required for particular crime. | Technically he is correct, however, the characterization of a crime as one of specific intent or general intent has little meaningful significance in instructing a jury. The critical issue is the accurate description of the state of mind required for the particular crime. | Does the characterization of a crime as one of specific intent or general intent have any meaningful significance in instructing a jury? |
| 3485 | Wilborn v. Life Ambulance Servs., Inc., 163 S.W.3d 271, 275 (Tex. App. 2005) | 11 | There is no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance. | We agree with the Houston Court of Appeals and see no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance. Waste Water, Inc., 874 S.W.2d at 942. | Should a trial judge be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance? |
| 3487 | Klein v. Weiss, 284 Md. 36, 55 (Md., 1978) | 11 | One of fundamental and principal objectives of discovery rules is to require disclosure of acts by party litigant to all of his adversaries, and thereby to eliminate, as far as possible, necessity of any party to litigation going to trial in confused or muddled state of mind, concerning facts that give rise to litigation. Maryland Rules, Rule 555 d 2. | One of the fundamental and principal objectives of the discovery rules is to require disclosure of facts by a party litigant to all of his adversaries, and thereby to eliminate, as far as possible, the necessity of any party to litigation going to trial in a confused or muddled state of mind, concerning the facts that give rise to the litigation. | Is the object of discovery procedures disclosure of facts? |
| 3490 | Bucchere v. Brinker Intern., Inc., 891 A.2d 1008, 1011, 49 Conn.Supp. 441, 444 (Conn.Super.,2005) | 3 | A motion to dismiss is not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds. | The motion "is not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). The motion "should not be granted on other than jurisdictional grounds." | Is a motion to dismiss not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds? |

| 3491 | Posey v. Proper Mold & Engineering, Inc., 378 S.C. 210, 217 (2008) | 9 | If a party files a motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a motion to dismiss. Rules Civ.Proc., Rules 56, 12(b)(1). | If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1) motion to dismiss. | "If a party files a motion for summary judgment on the ground of lack of subject matter jurisdiction, should the trial court treat the motion as if it were a motion to dismiss?" |
| 3494 | Sandberg v. State, 188 Neb. 335, 342 (Neb., 1972) | 3 | Legislature is vested with the taxing power without limit, subject only to restrictions contained in the Constitution, and it is therefore axiomatic that provisions of the Constitution in relation to taxation are not grants of power but are limitations on taxing power of state lodged in the legislature. | It is a fundamental law of this State that the Legislature is vested with the taxing power without limit, subject only to restrictions contained in the Constitution. It is axiomatic, therefore, that the provisions of the Constitution in relation to taxation are not grants of power but are limitations on the taxing power of the State, lodged in the Legislature. | "Are the provisions of the Constitution in relation to taxation, grants of power or limitations on taxing power of state lodged in the legislature?" |
| 3495 | Kennedy v. Sanford, 166 F.2d 568, 569 (C.A.5 1948) | 1 | That a soldier in time of war is under military law and answerable to a court martial does not absolve him from prosecution for crimes against federal or state laws committed where such laws are in force. Articles of War, art. 74, 10 U.S.C.A. S 1546. | That a soldier in time of war is under military law and answerable to a court martial does not absolve him from prosecution for crimes against federal or State laws committed where such laws are of force. The provisions of Article of War 74, 10 U.S.C.A. 1546, recognize this. | "Is a soldier, in time of war, under military law and answerable to a court martial for prosecution for crimes against federal or state laws committed where such laws are in force?" |
| 3499 | Rohner v. Austral Oil Exploration Co., 104 So.2d 253, 255 (La.App. 1958) | 4 | Unless provided for in mineral lease, lessee is not responsible for damages inflicted without negligence upon lessor's property in course of necessary drilling operations. | Unless provided for in the lease, The lessee is not responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations. | Is the lessee responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations? |
| 3500 | Brooks v. American Broadcasting Co., 179 Cal.App.3d 500, 513 (Cal.App.1.Dist) | 11 | Expenses of proving disputed fact which opposing party denies in response to request for admission are not recoverable under S 2034(c) simply because party promulgating request prevails at trial. West's Ann.Cal.C.C.P. S 2034(c). | Expenses of proving disputed facts which an opposing party denies in response to a request for admission are not recoverable simply because the party promulgating request prevails at trial. | "Are expenses of proving disputed fact which opposing party denies in response to request for admission, recoverable if the party promulgating request prevails at trial?" |
| 3502 | Lederer v. Director of Div. of Aging, 865 S.W.2d 682, 684 (Mo.App. W.D., 1993) | 1 | Motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by preponderance of evidence, that court is without jurisdiction, and decision is left to sound discretion of trial court and will not be reversed on appeal absent abuse of that discretion. | A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. Crofts v. Harrison, 772 S.W.2d 901, 902 (Mo.App.1989). The decision to dismiss for lack of subject matter jurisdiction is left to the sound discretion of the trial court, id., and will not be reversed on appeal absent an abuse of that discretion. | Is the decision to dismiss for lack of subject matter jurisdiction within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion? |

| 3503 | Rucker v. Taylor, 828 N.W.2d 595, 601 (Iowa, 2013) | 9 | Good cause must be considered in deciding to dismiss a petition for untimely service, and this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. I.C.A. Rule 1.302(5). | But, in both instances, good cause must be considered in deciding to dismiss a petition for untimely service, and Wilson informs us that this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. | "In deciding to dismiss a petition for untimely service, must good cause be considered?" |
|------|------|------|------|------|------|
| 3505 | Edmunds v. Kraner, 142 Idaho 867, 872–73 (Idaho, 2006) | 7 | The imposition of sanctions for non-compliance with pretrial orders is committed to the discretion of the trial court, and the appellate court will not overturn such a decision absent a manifest abuse of that discretion. Rules Civ.Proc., Rules 16(i), 37(b)(2)(B, C, D). | A trial court has authority to sanction parties for non-compliance with pretrial orders, and sanctions may include those enumerated in I.R.C.P. 37(b)(2)(B), (C) and (D) for discovery violations. I.R.C.P. 16(i). The imposition of such sanctions is committed to the discretion of the trial court, and we will *873 **344 not overturn such a decision absent a manifest abuse of that discretion. | "Is the imposition of sanctions for non-compliance with pretrial orders committed to the discretion of the trial court, and will the appellate court overturn such a decision absent a manifest abuse of that discretion?" |
| 3506 | Mohr v. Mohr, 859 N.W.2d 377, 379–80 (Neb.App., 2015) | 6 | The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. Neb. Rev. Stat. S 25-217. | The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold **380 that such dismissal occurs by operation of law, without predicate action by the trial court. See Vopalka v. Abraham, 260 Neb. | "Is the only way to ensure that an unserved action stands dismissed, as required by statute, to hold that such dismissal occurs by operation of law?" |
| 3507 | Tucker v. Tucker, 55 N.Y.2d 378 | 4 | The decision concerning the appropriate sanction for failure to comply with a pretrial order is within the trial court's discretion, and the Court of Civil Appeals reviews such decisions to determine whether the trial court exceeded its discretion. Rules Civ.Proc., Rules 37(b)(2)(C), 41. | Moreover, ' "[t]he decision concerning the appropriate sanction for failure to comply with a pretrial order ... is within the trial court's discretion, 'and we review such decisions to determine whether the trial court exceeded its discretion.' " ' | Is the decision concerning the appropriate sanction for failure to comply with a pretrial order within the trial court's discretion? |
| 3509 | Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1286 (Ind., 1994) | 7 | Motion to dismiss for lack of subject matter jurisdiction presents threshold question concerning court's power to act; when court lacks subject matter jurisdiction, any action it takes is void. Trial Procedure Rule 12(B)(1). | By contrast, a motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. When a court lacks subject matter jurisdiction, any action it takes is void. | Does motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the court's power to act? |
| 3510 | Alpha Rho Zeta of Lambda Chi Alpha, Inc. v. Inhabitants of City of Waterville, 477 A.2d 1131, 1136 (Me.,1984) | 4 | Right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide essential needs of state government, i.e. to secure such revenue as will be sufficient and indispensable to preservation of public peace, health and safety. 36 M.R.S.A. S 502. | The right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide the essential needs of State government, i.e. to secure such revenue as will be sufficient and indispensable to the preservation of the public peace, health and safety. | Is the right of taxation an essential attribute of sovereignty? |

| 3511 | Pierson v. Treasurer of State, 126 S.W.3d 386, 390 (Mo.,2004) | 7 | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the Supreme Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | "How is the plain and ordinary meaning used when considering the legislatures intent, under the workers compensation law?" |
|---|---|---|---|---|---|
| 3512 | In re Pechman's Estate, 532 P.2d 385, 386 (Colo.App. 1974) | 1 | National Service Life Insurance, which is a contract made in pursuance of federal statute, must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private insurance companies. 38 U.S.C.A. SS 717(a), 3101(a). | National Service Life Insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, 1 the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private insurance companies. | Do the rules governing private life insurance govern relationships under the statutorily created National Service Life Insurance? |
| 3513 | Adcock v. Brakegate, Ltd., 164 Ill.2d 54, 61 (Ill., 1994) | 3 | Under doctrine of aider by verdict, jury verdict against defendant cured not only all formal and purely technical defects in complaint, but any defect in failing to allege or alleging imperfectly any substantial facts that were essential to civil conspiracy cause of action. | Moreover, under the doctrine of aider by verdict, the jury verdict against Owens-Corning has cured not only all formal and purely technical defects in the complaint, but any defect in failing to allege or alleging imperfectly any substantial facts which are essential to a civil conspiracy cause of action. | "Will the defect in failing to allege substantial facts which are essential to the cause of action, be cured by the doctrine of aider by verdict?" |
| 3514 | State v. Derks, 155 Conn. App. 87, 91 (2015) | 1 | A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | At the outset, we set forth the applicable standard of review. "A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.... | Does a motion to dismiss essentially assert that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court? |
| 3515 | Mun. Constr. Equip. Operators' Labor Council v. Cleveland, 2016-Ohio- 5934, ¶ 8 (Ohio App. 8 Dist.,2016) | 3 | The standard for determining a motion to dismiss for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint. Rules Civ.Proc., Rule 12(B)(1). | The standard for determining a Civ.R. 12(B) (1) motion to dismiss for lack of subject matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaint." | Is the standard of review for a motion to dismiss for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint? |
| 3517 | Draughon v. Harnett Cnty. Bd. of Educ., 602 S.E.2d 717, 718, 166 N.C.App. 449, 451 (N.C.App.,2004) | 3 | If a party fails to obtain valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Rules Civ.Proc., Rule 4, West's N.C.G.S.A. S 1A-1(j). | If a party fails to obtain valid service of process, "a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." | "Does a court acquire personal jurisdiction over the defendant and the action be dismissed, if a party fails to obtain valid service of process?" |
| 3518 | Capital Promotions, L.L.C. v. Don King Productions, Inc., 756 N.W.2d 828, 832 (Iowa,2008) | 1 | Ordinarily, issues of personal jurisdiction are raised in a motion to dismiss, and the district court would make the necessary factual findings to determine whether the court had personal jurisdiction over the defendant. | Ordinarily, however, issues of personal jurisdiction are raised in a motion to dismiss, and the district court would make the necessary factual findings to determine whether the court had personal jurisdiction over the defendant. | Would a district court make necessary factual findings to determine whether a court has personal jurisdiction over the defendant? |

| 3519 | La Plante v. Implement Dealers Mut. Fire Ins. Co., 73 N.D. 159, 163 (N.D. 1944) | 6 | The statute authorizing pre-trial conferences does not deprive trial court of exercise of judicial discretion in permitting amendments or corrections of mistakes in pleadings under general statutory provisions. Comp.Laws 1913, SS 7478-7486; Laws 1943, c. 216. | Neither does the pre-trial statute deprive the trial court of the exercise of judicial discretion in permitting amendments or corrections of mistakes in pleadings under general statutory provisions. | Does the statute authorizing pre-trial conferences not deprive a trial court of exercise of judicial discretion in permitting amendments or corrections? |
| 3521 | Clark v. Sturks, 668 So.2d 1106, 1107 (Fla.App. 2 Dist.,1996) | 1 | Although trial court has discretion or the authority to sanction party for failure to attend case management conference, sanction must be commensurate with offense. West's F.S.A. RCP Rule 1.200(c). | Although a trial court has discretionary authority to sanction a party for failure to attend a case management conference, the sanction must be commensurate with the offense. | "Although a trial court has discretion or the authority to sanction a party for failure to attend case management conference, must the sanction be commensurate with offense?" |
| 3522 | Copiah Cnty. School Dist. v. Buckner, 61 So.3d 162, 168 (Miss., 2011) | 8 | While there is no actual requirement that a motion for additional time to serve defendants be filed, a plaintiff who prior to expiration of the service period files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing. Rules Civ.Proc., Rule 4(h). | While there is no actual requirement that a motion for additional time be filed, "a plaintiff who-prior to expiration of the service period-files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing. | Will a plaintiff who files a motion representing that he or she has been unable to serve process be more likely to succeed in demonstrating diligence? |
| 3523 | Azimi v. Johns, 254 P.3d 1054, 1066 (Alaska, 2011) | 21 | A trial court's discretion to order litigation-ending sanctions is severely limited, whether the dismissal is requested as a discovery sanction or for non-compliance with court orders; there must be willful noncompliance with court orders, or extreme circumstances, or gross violations of the rules of civil procedure, and the record must also clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal. Rules Civ.Proc., Rules 37, 41(b). | A trial court's discretion to order litigation-ending sanctions is severely limited, whether the dismissal is requested as a discovery sanction or for non-compliance with court orders pursuant to Civil Rule 41(b).... There must be "willful noncompliance" with court orders, or "extreme circumstances," or "gross violations" of the Rules. The record must also "clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal." | Is a trial court's discretion to order litigation-ending sanctions severely limited when the dismissal is requested as a discovery sanction under Civil Rule 37 or for non-compliance with court orders pursuant to Civil Rule 41(b)? |
| 3524 | In re Peoples, 250 S.E.2d 890, 912, 296 N.C. 109, 148 (N.C., 1978) | 13 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Is the issue of mootness determined solely by examining facts in existence at the commencement of an action? |

| 3525 | Brock v. Fouchy, 76 Cal. App. 2d 363, 371, 172 P.2d 945, 951 (1946) | 15 | The statutory provision that all actions commenced without the issuance of a summons for one year must be dismissed by the court on its own motion or of any interested party authorizes a court, upon application of one defendant, appearing specially, to dismiss the action against all defendants against whom a summons has not been issued within one year. West's Ann.Code Civ.Proc. S 581a. | The provision of section 581a that all actions commenced without the issuance of a summons for one year 'must be dismissed by the court * * * on its own motion,' is the authority of a court, upon application of one defendant, appearing specially, to dismiss the action against all defendants against whom a summons has not been issued 'within one year.' | "If the summons is not issued within one year after the action is commenced, should the action be dismissed?" |
| 3526 | Tragni v. Tragni, 21 A.D.3d 1084, 1085, 803 N.Y.S.2d 617, 618 (2005) | 1 | Ordinarily, where court grants judgment to plaintiff based upon defendant's default in appearing at conference, default may be vacated only if defendant can demonstrate both reasonable excuse for default in appearing and meritorious defense. N.Y.Ct.Rules, S 202.27(a). | Ordinarily, where a court grants judgment to a plaintiff pursuant to 22 NYCRR 202.27(a) based upon a defendant's default in appearing at a conference, the default may be vacated only if the defendant can demonstrate both a reasonable excuse for the default in appearing and a meritorious defense (*see Bloom v. Primus Automotive Fin. Servs.*, 292 A.D.2d 410, 738 N.Y.S.2d 861; *Lopez v. Imperial Delivery Serv.*, 282 A.D.2d 190, 197, 725 N.Y.S.2d 57). | "Can default in not appearing at a conference, be vacated only if defendant can demonstrate both reasonable excuse for default in appearing and meritorious defense?" |
| 3529 | United States v. Bahel, 662 F.3d 610, 635 (C.A.2 (N.Y.), 2011) | 24 | A district judge does not have to use the magic words, "corrupt intent," or "quid pro quo," to effectively charge a jury on bribery, though it may be advisable. 18 U.S.C.A. S 201. | Thus, contrary to Bahel's assertions, it is not necessary, though it may be advisable, for the district judge to use the magic words "corrupt intent" or "quid pro quo" to effectively charge a jury on bribery. | Does a judge have to use the words corrupt intent or quid pro quo to effectively charge a jury on bribery? |
| 3530 | Mounger v. Pittman, 235 Miss. 85, 86–87 (Miss. 1959) | 1 | The distinguishing characteristics of a "non-participating royalty interest" are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. | The distinguishing characteristics of a non-participating royalty interest are: (1) Such share of *87 production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. | What are the distinguishing characteristics of a non-participating royalty interest? |

| 3531 | Jeganathan v. O'Reilly, 195 Misc. 2d 197, 202, 753 N.Y.S.2d 814, 819 (City Ct. 2003) | 10 | A default based upon a failure to appear at a court conference may be vacated where the party lacked actual notice of the scheduled date. N.Y.Ct.Rules, SS 202.27, 210.14(2). | A default based upon a failure to appear at a court conference may also be vacated where the party lacked actual notice of the scheduled date (see Jones v. New York City Transit Authority, 293 A.D.2d 322, 740 N.Y.S.2d 320 [1st Dept.2002]; Levy v. New York City Housing Authority, 287 A.D.2d 281, 731 N.Y.S.2d 20 [1st Dept.2001]; **820 Latha Restaurant Corp. v. Tower Insurance Company, 285 A.D.2d 437, 728 N.Y.S.2d 45 [1st Dept.2001]; Haberlin v. New York City Transit Authority, 228 A.D.2d 383, 644 N.Y.S.2d 718 [1st Dept.1996] ). | Can a default based upon a failure to appear at a court conference be vacated where the party lacked actual notice of the scheduled date? |
| --- | --- | --- | --- | --- | --- |
| 3532 | Frame v. Boatmen's Bank of Concord Village, 782 S.W.2d 117, 120 (Mo. App. 1989) | 5 | In case of fraudulent representation, it is sufficient to show that representations were made by one with consciousness that he was without knowledge of their truth or falsity, when, in fact, they were false; truth or falsity of representation, however, is determined at time it was made, and at time it was intended to be relied upon. | In the case of a fraudulent representation, it is sufficient to show that the representations were made by one with the consciousness that he was without knowledge of their truth or falsity, when, in fact, they were false. The truth or falsity of the representation, however, is determined at the time it was made, and at the time it was intended to be relied upon. | Is the truth or falsity of the representation determined as of the time it was made and as of the time it was intended to be relied and acted upon? |
| 3533 | Carazo v. Status Shipping, Ltd., 613 So.2d 1329, 1330 (Fla.App. 2 Dist.,1992) | 1 | While rule permits court, on failure of party to attend case management or pretrial conference, to dismiss action, strike pleadings, limit proof or witnesses, or take any other appropriate action, sanction imposed must be commensurate with offense. West's F.S.A. RCP Rule 1.200. | While Florida Rule of Civil Procedure 1.200 permits the court, on failure of a party to attend a case management or pretrial conference, to dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action, the sanction imposed must be commensurate with the offense. | Should a sanction imposed be commensurate with the offense? |
| 3534 | Benware v. Means, 752 So.2d 841, 847, 1999-1410 La. 1/19/00, 9 (La.,2000) | 4 | In determining the penalty for violation of pre-trial or discovery orders, each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion. | When a court determines the appropriate penalty for disobedience of, or disregard for court orders relating to pre-trial procedures, one important consideration is whether the misconduct was by the attorney or the client, or both. 1 Each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial or discovery orders. | "In determining the penalty for violation of pre-trial or discovery orders, must each case be decided upon its own facts and circumstances?" |

| 3535 | Steele v. Beaty, 2 S.E.2d 854, 855–56 (N.C. 1939) | 1 | A "judgment of discontinuance" is one of dismissal of plaintiff's action based on interruption in proceedings occasioned by failure of plaintiff to continue suit regularly from time to time as he ought. | A judgment of discontinuance is one of dismissal of plaintiff's action based on the interruption in proceedings occasioned by the failure of the plaintiff to continue *856 the suit regularly from time to time as he ought. | "Is a ""judgment of discontinuance"" one of dismissal of a plaintiff's action based on interruption in proceedings occasioned by failure of a plaintiff to continue suit?" |
| --- | --- | --- | --- | --- | --- |
| 3536 | City of Miami Beach v. Chadderton, 306 So.2d 558, 559–60 (Fla.App. 1975) | 1 | Plaintiff who invokes trial court's jurisdiction and seeks to avail himself of its powers and remedies does so with the understanding that he must abide by its lawful orders and the trial court has the power to impose sanction of dismissal for failure to so abide. | A plaintiff who invokes a court's jurisdiction and seeks to avail himself of its power and remedies does so with the understanding that he must abide by its *560 lawful orders, and that the court has the power to impose the sanction of dismissal for failure to so abide. | Does a plaintiff who invokes a trial court's jurisdiction and seeks to avail himself of its powers and remedies do so with the understanding that he must abide by its lawful orders? |
| 3537 | McMillan v. Horan, 632 So.2d 1091, 1091 (Fla.App. 5 Dist.,1994) | 1 | Trial court must consider six factors prior to determining appropriate sanction for plaintiff's failure to amend within time specified by court order, and any final dismissal of defaulting plaintiff, or record upon which it is based, should demonstrate that decision to dismiss conforms with such factors. | That decision now requires a trial court to consider six factors prior to determining the appropriate sanction for a plaintiff's failure to amend within the time specified by court order. Any final dismissal of a defaulting plaintiff, or the record upon which it is based, should demonstrate that the decision to dismiss conforms with the Kozel factors. | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? |
| 3538 | Matter of Wilson, 932 S.W.2d 263, 265 (Tex. App. 1996) | 2 | Dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly lies only where claim has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 13.001(a)(2). | Texas law provides that the trial court may dismiss a suit where an affidavit of indigency is filed if the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp.1996). Dismissal properly lies only where a claim has no arguable basis in law or fact. | "Does dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly, lie where claim has no arguable basis in law or fact?" |
| 3539 | Middleton v. Middleton, 526 So. 2d 859, 860–61 (La. Ct. App. 1988) | 2 | Whether step or steps taken by defendant after accrual of five-year abandonment of action period be termed as "affirmative," "definite," or "formal," it is qualitative effect of step(s) taken by defendant which must be considered to determine whether defendant's conduct waived abandonment. LSA-C.C.P. art. 561. | Whether the step or steps taken by a defendant after the five-year period be *861 termed as "affirmative" (Southport Petroleum, supra) or as "definite" (Sandfield Oil & Gas Co., supra) or "formal" (Traigle, supra), it is the qualitative effect of the step(s) taken by a defendant which must be considered in a case to case approach to determine whether the defendant has waived the CCP Art. 561 abandonment. | Is it the qualitative effect of the steps taken by defendant which must be considered to determine whether the defendant has waived abandonment? |

| 3540 | Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 545 (Miss.,2005) | 1 | Ordinarily, under the civil procedure rule regarding service of process, if 120 days has expired after the filing of the complaint, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal, and the plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. Rules Civ.Proc., Rule 4(h). | Ordinarily under Rule 4(h), where the 120 days has expired, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal. The plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. 4 | Can good cause be demonstrated where a plaintiff has not been diligent in attempting to serve process? |
| 3541 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | "Does Court have inherent power to dismiss action shown to be fictitious and sham, without basing order on facts specified in statute?" |
| 3543 | State v. E.I., 114 So. 3d 309, 310 (Fla.App. 4 Dist., 2013) | 3 | Moot case will generally be dismissed unless the questions raised are of great public importance or are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the questions raised. | A moot case will generally be dismissed unless the questions raised are of great public importance or are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the questions raised. | Will a moot case be dismissed if the questions raised are of great public importance or if the questions raised are likely to recur? |
| 3544 | Mazer v. Orange Cnty., 811 So.2d 857, 859 (Fla.App. 5 Dist., 2002) | 6 | At least three instances have been recognized by courts in which a moot case will not be dismissed: (1) when the issues are of great public importance; (2) when the issues are likely to recur; and (3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. | At least three instances have been recognized by Florida courts in which a moot case will not be dismissed: 1) when the issues are of great public importance; 2) when the issues are likely to recur; and 3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. | What are the instances that have been recognized by courts in which a moot case will not be dismissed? |
| 3545 | JVA Enterprises, I, LLC v. Prentice, 48 So.3d 109, 113 (Fla.App. 4 Dist., 2010) | 5 | When imposing the harshest of sanctions for fraud on the court, namely dismissal of the action, trial courts should weigh the policy favoring adjudication on the merits with the need to maintain the integrity of the judicial system. | When imposing the sanction of dismissal for fraud upon the court, trial courts should weigh the "policy favoring adjudication on the merits" with the need to "maintain the integrity of the judicial system." | "When imposing the harshest of sanctions for fraud on the court, namely dismissal of the action, should trial courts weigh the policy favoring adjudication on the merits?" |
| 3550 | TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913, 918 (Tex., 1991) | 5 | Discovery sanctions which are so severe as to preclude presentation of merits of case should not be assessed absent party's flagrant bad faith or counsel's callous disregard for responsibility of discovery under rules. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. | Should death penalty sanction not be assessed absent a party's flagrant bad faith conduct or counsel's callous disregard of the rules? |

| 3552 | In re Peoples, 250 S.E.2d 890, 912, 296 N.C. 109, 148 (N.C., 1978) | 13 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Should the court dismiss the action if the issues giving rise to the action become moot at any time during the proceedings? |
| 3553 | RBS Citizens, Nat. Ass'n v. RTG-Oak Lawn, LLC, 407 Ill.App.3d 183, 186 (Ill.App. 1 Dist., 2011) | 2 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. S.H.A. 735 ILCS 5/2-619. | A motion to dismiss under section 2-619, on the other hand, admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. | "Does a motion to dismiss assert certain defects, defenses or other affirmative matters that appear on the face of the complaint?" |
| 3554 | Thormodsgard v. Wayne Twp. Bd. of Sup'rs, 310 N.W.2d 157, 159 (S.D. 1981) | 1 | Abandonment of section line right-of-way cannot be established solely by evidence that highway has never been open, improved or traveled, but rather, appropriate governing board must act affirmatively to vacate or abandon section line right-of-way. SDCL 31-3-1, 31-18-1. | Abandonment of a section line right-of-way cannot be established solely by evidence that the highway has never been open, improved, or traveled. Costain v. Turner County, 72 S.D. 427, 36 N.W.2d 382 (1949); Pederson v. Canton Township, 72 S.D. 332, 34 N.W.2d 172 (1949). The appropriate governing board must act affirmatively to vacate or abandon a section line right-of-way. | Should the appropriate governing board act affirmatively to vacate or abandon a section line right-of-way? |
| 3555 | Faith Assembly v. Titledge of New York Abstract, LLC, 106 A.D.3d 47, 57–58, 961 N.Y.S.2d 542, 549–50 (2013) | 1 | A motion to dismiss may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | "A motion to dismiss pursuant to CPLR 3211(a)(1) 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (Cervini v. Zanoni, 95 A.D.3d 919, 920–921, 944 N.Y.S.2d 574, quoting Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see *58 Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34, 38, 827 N.Y.S.2d 231). | Will a motion to dismiss be granted where the documentary evidence utterly refutes plaintiff factual allegations? |

| | | | | | |
|---|---|---|---|---|---|
| 3558 | Republic Claims Service Co. v. Hoyal, 264 Ga. 127, 127 (1994) | 1 | Party who wishes to avoid automatic dismissal for want of prosecution has duty to obtain written order of continuance within five-year period. O.C.G.A. S 9-2-60(b). | OCGA   9-2- 60(b) places upon the party, who wishes to avoid automatic dismissal, a duty to obtain a written order of continuance or other written order within the five-year period. | Does the party who wishes to avoid automatic dismissal for want of prosecution have a duty to obtain a written order of continuance within a five-year period? |
| 3559 | Florez v. City of Miami, 858 So.2d 378, 379 (Fla.App. 3 Dist.,2003) | 2 | To defeat a motion to dismiss for failure to prosecute, it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution. | To defeat a motion to dismiss for failure to prosecute, "it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution". | "To defeat a motion to dismiss for failure to prosecute, should it be shown that there was affirmative record activity during this time?" |
| 3560 | Rolle v. Cold Stone Creamery, Inc., 212 So.3d 1073, 1076 (Fla.App. 3 Dist., 2017) | 6 | Affirmative defenses are generally matters raised in an answer and not a motion to dismiss; however, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted. | Affirmative defenses are generally matters raised in an answer and not a motion to dismiss. Grove Isle, 137 So.3d at 1089. "However, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted." | Are affirmative defenses generally matters raised in an answer and not a motion to dismiss? |
| 3561 | Dunn v. City of Kenner, 11 So.3d 1115, 1117, 08-378 La.App. 5 Cir. 3/26/09, 5 (La.App. 5 Cir.,2009) | 1 | Whether a step in the prosecution of a case has been taken in the trial court for a period of three years, so as to defeat a claim of abandonment, is a question of fact subject to a manifest error analysis on appeal. LSA-C.C.P. art. 561. | Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. | Has whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years a question of fact? |
| 3563 | Tennessee Valley Kaolin Corp. v. Perry, 526 S.W.2d 488, 491 (Tenn.Ct.App., 1974) | 4 | Implied duty of lessee to mine premises can be and is waived by lessor where lessee has paid or agreed to pay specific sum of money in lieu of recurring royalties and money has been accepted by lessor. | However, such an implied duty to mine can be and is waived by the lessor 'where the lessee has paid or agreed to pay a specific sum of money in lieu of recurring royalties and the money has been accepted by the lessor'. | Is a duty to mine waived by the lessor where the lessee has paid a specific sum of money in lieu of recurring royalties and the money has been accepted by the lessor? |
| 3564 | Harnish v. Shannon, 141 A.2d 347, 352 (Pa. 1958) | 6 | Lease of coal in place until such time as all of available merchantable coal shall have been mined and removed is a sale of an estate in fee simple and leaves lessor with only interest in royalties to be paid under that lease. | It is well settled in this state that a lease of coal in place until such time as all of the available merchantable coal shall have been mined and removed is a sale of an estate in fee simple and leaves the lessor with only an interest in the royalties to be paid him under that lease. | Is a lease of coal in place a sale of an estate in fee simple and leaves the lessor with only an interest in the royalties? |
| 3566 | Vodak v. City of Chicago, 624 F. Supp. 2d 933, 956 (N.D. Ill. 2009), rev'd, 639 F.3d 738 (7th Cir. 2011) | 11 | Act of blocking the free flow of pedestrian or vehicular traffic on public ways will support a conviction for the offense of disorderly conduct under Illinois law. | To promote these strong interests in maintaining an orderly flow of traffic, "[i]t is well-established in the Illinois that the act of blocking the free flow of pedestrian or vehicular traffic on public ways will support a conviction for the offense of disorderly conduct." Jones,  106 F.3d at 779. | Can an act of blocking the free flow of pedestrian or vehicular traffic on public ways support a conviction for the offense of disorderly conduct? |

| 3567 | Cartwright v. Bell, 418 S.W.2d 463, 469, 57 Tenn.App. 352, 365 (Tenn.App. 1967) | 2 | Private Act conferring authority upon county to open, close, change or create system of roads and bridges gives county no broader authority with respect to roads than is given under general statutes. Priv.Acts 1919, c. 359; T.C.A. S 54-1701. | [A] private act conferring authority upon the County to open, close, change or create a system of roads and bridges gives it no broader authority with respect to roads than is given under general statutes. | Do private acts confer broader authority on the County to close roads than the general statutes? |
| --- | --- | --- | --- | --- | --- |
| 3568 | Hillman v. Weatherly, 14 So.3d 721, 726 (Miss., 2009) | 6 | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." | "Is the propriety of a dismissal with prejudice, bolstered by the degree of actual prejudice to the defendant?" |
| 3570 | Jenkins v. Tucker, 18 So. 3d 265, 272 (Miss. Ct. App. 2009) | 16 | Aggravating factors supporting a dismissal for want of prosecution may include: (1) whether the delay was caused by the party as opposed to his counsel; (2) whether there was actual prejudice to the opposing party; and (3) whether the delay was an intentional attempt to abuse the judicial process. Rules Civ.Proc., Rule 41(b). | Aggravating factors may include: "(1) whether the delay was caused by the party as opposed to his counsel[;] (2) whether there was actual prejudice to the opposing party[;] and (3) whether the delay was an intentional attempt to abuse the judicial process." | "Do aggravating factors supporting a dismissal for want of prosecution, include whether there was actual prejudice to the opposing party?" |
| 3572 | Joseph E. Seagram & Sons, Inc. v. Willis, 401 N.E.2d 87, 93 (Ind.App., 1980) | 14 | A proceeding for workmen's compensation is purely statutory in origin and procedure and the rights and obligations of the parties concerned must be determined by reference to legislative act. | A proceeding for workmen's compensation is purely statutory in origin and procedure. Therefore the rights and obligations of the parties concerned must be determined by reference to the act of the Legislature. | "Are proceedings for workmen's compensation purely statutory in origin and procedure, and the rights and obligations of the parties concerned determined by reference to the act of the Legislature?" |
| 3575 | Nazeri v. Missouri Valley College, 860 S.W.2d 303, 306 (Mo., 1993) | 1 | Motion to dismiss for failure to state cause of action is solely test of adequacy of plaintiff's petition, and it assumes that all of plaintiff's averments are true and liberally grants plaintiff all reasonable inferences therefrom. | A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. | Is a motion to dismiss for failure to state a cause of action solely a test of the adequacy of the petition? |
| 3576 | New Bar Partnership v. Martin, 729 S.E.2d 675, 680 (N.C.App., 2012) | 3 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. | "Can a complaint be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim?" |

| 3577 | State v. France, 180 Wash. 2d 809, 818 (2014) | 9 | The First Amendment broadly protects speech, but not "true threats" which are statements made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to inflict bodily harm upon or to take the life' of another person. U.S.C.A. Const.Amend. 1; West's RCWA 9A.46.020. | The First Amendment to the United States Constitution broadly protects speech, but not "true threats"; statements "made in a 'context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted ... as a serious expression of intention to inflict bodily harm upon or to take the life' of another person." | "What is the definition of ""true threats""?" |
| --- | --- | --- | --- | --- | --- |
| 3579 | First Nat. Bank in Dallas v. Lampman, 442 S.W.2d 858, 862 (Tex.Civ.App., 1969) | 4 | Person who possesses promissory notes, checks, or other choses in action for collection cannot be held liable as garnishee in suit against owner thereof unless he has received payment of money thereon. Rules of Civil Procedure, rule 659. | A person who has in his possession for collection promissory notes, checks or other choses in action of another cannot be held liable as garnishee in a suit against the owner thereof unless he has received payment of money thereon. | "Can a person in possession of instruments like promissory notes, chosen in actions and checks be held liable as garnishee?" |
| 3580 | Allen v. Titan Propane, LLC, 484 S.W.3d 902, 905 (Mo.App. S.D., 2016) | 6 | A very narrow and limited exception to the pleading requirement for affirmative defenses exists, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | A very narrow and limited exception to the pleading requirement exists, however, "whereby a defendant may properly file a motion to dismiss for failure to state a claim under Rule 55.27(a)(6) when it appears from the face of the petition that an affirmative defense is applicable." | Are there any exceptions that exist to the pleading requirement for affirmative defenses? |
| 3582 | Rainbow Home Health, Inc. v. Schmidt, 76 S.W.3d 53, 56 (Tex. App. 2002) | 5 | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the Supreme Court's time standard; and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1, 2). | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to TEX.R. CIV. P. 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to TEX.R. CIV. P. 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. | Can court dismiss a case when the case has not been prosecuted with due diligence? |
| 3583 | Vanek v. State, Bd. of Fisheries, 193 P.3d 283, 286 (Alaska 2008) | 2 | To survive a motion to dismiss for failure to state a claim, the complaint must allege a set of facts consistent with and appropriate to some cause of action. Rules Civ.Proc., Rule 12(b)(6). | To survive a motion to dismiss, the complaint must allege a set of facts consistent with and appropriate to some cause of action. | "To survive a motion for dismissal for failure to state a claim, is it enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action?" |

| 3584 | Rosenthal v. Dean Witter Reynolds, Inc., 908 P.2d 1095, 1099 (Colo.,1995) | 1 | Supreme Court views with disfavor a motion to dismiss for failure to state a claim and upholds trial court's grant of such motion only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Rules Civ.Proc., Rule 12(b)(5). | We view with disfavor a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim and uphold a trial court's grant of such a motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." | "Is dismissal for failure to state a claim upon which relief can be granted, proper where the factual allegations in the complaint cannot support the claim for relief?" |
| 3588 | United States v. Peralta-Sanchez, 847 F.3d 1124, 1132 (C.A.9 (Cal.), 2017) | 7 | The fact that aliens are protected by the Due Process Clause does not mean that all aliens are entitled to enjoy all the advantages of citizenship or that all aliens must be placed in a single homogenous legal classification; the class of aliens is itself a heterogenous multitude of persons with a wide-ranging variety of ties to this country. U.S. Const. Amend. 5. | However, the fact that aliens are protected by the Due Process Clause does not mean that "all aliens are entitled to enjoy all the advantages of citizenship or ... that all aliens must be placed in a single homogenous legal classification." Mathews, 426 U.S. at 78, 96 S.Ct. 1883. "[T]he class of aliens is itself a heterogenous multitude of persons with a wide- ranging variety of ties to this country." Id. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens must be placed in a single homogenous legal classification? |
| 3589 | Wood v. J Choo USA, Inc., 201 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) | 16 | Through the Fair and Accurate Credit Transactions Act (FACTA), Congress created a substantive legal right for card-holding consumers to receive receipts truncating their personal credit card numbers and expiration dates and, thus, protecting their personal financial information. Consumer Credit Protection Act S 605, 15 U.S.C.A. S 1681c(g). | Through FACTA, Congress created a substantive legal right for Wood and other card-holding consumers similarly situated to receive receipts truncating their personal credit card numbers and expiration dates and, thus, protecting their personal financial information. | Is it a substantive legal right of a consumer to receive a truncated card receipt? |
| 3594 | West v. Ray, 210 La. 25, 33, 26 So. 2d 221, 224 (1946) | 3 | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? |
| 3595 | West v. Ray, 210 La. 25, 33, 26 So. 2d 221, 224 (1946) | 3 | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | Can an affirmative defense be sustained unless the allegations of the petition exclude every reasonable hypothesis? |

| 3596 | Jenkins v. A. R. Blossman, Inc., 60 So. 2d 131, 133 (La. Ct. App. 1952) | 1 | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | "'We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.'" | Can an affirmative defense be sustained unless the allegations of the petition exclude every reasonable hypothesis? |
|---|---|---|---|---|---|
| 3597 | Gardner v. Bank of Am., N.A., 466 S.W.3d 642, 648 (Mo.App. 2015) | 8 | While a motion for a more definite statement is one manner in which a defendant may complain about the sufficiency of pleadings, a motion to dismiss can also be used to raise the issue. | "While a motion for a more definite statement is one manner in which a defendant may complain about the sufficiency of pleadings, a motion to dismiss can also be used to raise the issue." | "While a motion for a more definite statement is one manner in which a defendant can complain about the sufficiency of pleadings, can a motion to dismiss also be used to raise the issue?" |
| 3598 | Cordova v. Vons Grocery Co., 196 Cal. App. 3d 1526, 1534, 242 Cal. Rptr. 605, 610 (Ct. App. 1987) | 6 | Once a plaintiff makes some showing of excusable delay, a trial court must "view the total picture" before deciding whether to dismiss an action for delay in prosecution. West's Ann.Cal.C.C.P. SS 583.410, 583.420; Cal.Rules of Court, Rule 373(e). | Once the plaintiff makes some showing of excusable delay, the trial court must "view the total picture" before deciding whether to dismiss for delay in prosecution. (See *Salas v. Sears, Roebuck & Co., supra,* 42 Cal.3d 342, 346, 228 Cal.Rptr. 504, 721 P.2d 590.) | "Should a court ""view the total picture"" before deciding whether to dismiss an action for delay in prosecution, once a plaintiff makes some showing of excusable delay?" |
| 3599 | Speake v. Grantham, 317 F. Supp. 1253, 1265 (S.D.Miss., 1970) | 6 | A college or university has inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | A college or university has the inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | Does a university have the power to promulgate rules and regulations? |
| 3601 | In re Pub. Roads in E. Fallowfield&NewlinTps., 183 Pa. Super. 426, 430 (1957) | 4 | It is proper to join in one petition the request for vacation of a public road, and the request for its relocation over a more satisfactory route, to join in one petition, the request for vacation of two roads which are physically connected and in essence but one road, and to petition for the laying out of a road and the vacation of a road which will thereby be made useless. | It has been held proper to join in one petition the request for vacation of a road and the request for its relocation over a more satisfactory route (In re Ottercreek Township Road, 104 Pa. 261, 263, 264); to join in one petition the request for vacation of two roads which are physically connected and in essence but one road (In re Paradise Twp. Road, 29 Pa. 20, 22); to petition for the laying out of a road and the vacation of a road which will thereby be made useless | "Is it proper to join in one petition the request for the laying out of a road, and the vacation of a road which will thereby be made useless?" |

| 3602 | EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 832 N.E.2d 26, 31 (2005) | 2 | In the context of a motion to dismiss, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference. McKinney's CPLR 3211. | In the context of a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference (*see Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858 [2002] ). | "In procedural context of motion to dismiss for failure to state a cause of action, should a court afford the pleadings a liberal construction?" |
| 3603 | Hartman v. Morganstern, 28 A.D.3d 423, 424, 814 N.Y.S.2d 169, 170 (2006) | 1 | A motion to dismiss for failure to state a cause of action should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action. McKinney's CPLR 3211(a)(7). | In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the allegations in the complaint must be accepted as true (*see Leon v. Martinez*, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (*see Cayuga Partners v. 150 Grand*, 305 A.D.2d 527, 759 N.Y.S.2d 347). | "Should a motion to dismiss for the failure to state claim be granted where, even viewing the allegations as true, the plaintiff cannot establish a cause of action?" |
| 3604 | Oliver v. Pierce, , 2012 IL App (4th) 110005, ¶ 11 (Ill.App. 4 Dist., 2012) | 3 | In ruling on a motion to dismiss for the failure to state a cause of action, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom, and it must consider all facts apparent from the face of the pleadings, including the exhibits attached thereto. S.H.A. 735 ILCS 5/2-615. | In ruling on a section 2-615 motion to dismiss, "a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom." Id. The court must consider "[a]ll facts apparent from the face of the pleadings, including the exhibits attached thereto." Green v. | "In ruling on a motion to dismiss for the failure to state a cause of action, should a court accept all well-pleaded facts in the complaint and all reasonable inferences therefrom as true?" |
| 3605 | McEnroy v. St. Meinrad School of Theology, 713 N.E.2d 334, 336 (Ind.App.,1999) | 3 | Unlike ruling on motion for summary judgment, trial court may weigh evidence and resolve factual disputes when ruling on motion to dismiss for lack of subject matter jurisdiction. Trial Procedure Rule 12(B)(1). | Unlike ruling on a motion for summary judgment, the trial court may weigh evidence and resolve factual disputes when ruling on a motion for subject matter jurisdiction. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the court resolve factual disputes?" |
| 3607 | Duncan v. Sikorsky Support Services, 736 So.2d 613, 615 (Ala.Civ.App.,1998) | 3 | Although involuntary dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff. Id. No wrongful motive or intent is necessary to show willful conduct. | "Is dismissal warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff?" |
| 3608 | Busch v. Bates, 753 N.E.2d 1184, 1191, 257 Ill.Dec. 558, 565, 323 Ill.App.3d 823, 831–32 (Ill.App. 5 Dist., 2001) | 8 | A motion for involuntary dismissal should be granted by the circuit court if, after construing the documents supporting the motion in the light most favorable to the opposing party, it finds no disputed issues of fact and concludes that the affirmative matter negates the cause of action completely. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion should be granted by the circuit court if, after construing the documents supporting the motion in the light most favorable to the opposing party, it finds no disputed issues of fact and concludes that the affirmative matter negates the cause of action completely. | Can a motion for involuntary dismissal be granted by the court? |

| | | | | | |
|---|---|---|---|---|---|
| 3610 | Adams v. City of New York, 226 F.Supp.3d 261, 267 (S.D.N.Y., 2016)fn3 | 12 | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | The offense of disorderly conduct has three elements: "(i) the defendant's conduct must be 'public' in nature, (ii) it must be done with 'intent to cause public inconvenience, annoyance or alarm' or with recklessness as to 'a risk thereof,' and (iii) it must match at least one of the descriptions set forth in the statute." | What are the elements of disorderly conduct offense? |
| 3612 | Smith v. Gregg, 946 S.W.2d 807, 809 (Mo.App. S.D., 1997) | 1 | In determining if petition states cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. | In determining if a petition states a cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. | "In determining if petition states cause of action, are all facts that are properly pleaded and all reasonable inferences that can be drawn therefrom taken as true?" |
| 3614 | Goettman v. North Fork Valley Restaurant, 176 P.3d 60, 65 (Colo. 2007) | 2 | In its discretion, a court may address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing. West's C.R.S.A. S 13-1-124. | In its discretion, a court may address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing. | "In its discretion, can a court address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing?" |
| 3615 | Metropolitan Transit Authority v. Kaneva, 351 So. 2d 748, 748 (Fla. Dist. Ct. App. 1977) | 1 | A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on ground that it constitutes abuse of discretion and this burden must be borne by losing party. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes and abuse of discretion and this burden must be borne by the losing party. | Is a ruling on a motion for order of dismissal for failure to prosecute subject to attack only on ground that it constitutes abuse of discretion? |
| 3616 | William Penn Life Ins. Co. of New York v. Viscuso, 663 F. Supp. 2d 353, 357 (S.D.N.Y. 2009) | 4 | Doctrine of equitable estoppel is properly invoked under New York law, where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. | The purpose of equitable estoppel is to prevent unconscionable injury. *American Bartenders School, Inc. v. 105 Madison Company,* 59 N.Y.2d 716, 718, 463 N.Y.S.2d 424, 450 N.E.2d 230 (1983).1 The doctrine is properly invoked "where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Veltri v. Building Service 32B–J Pension Fund,* 393 F.3d 318, 326 (2d Cir.2004). | Is equitable estoppel proverly invoked where enforcement of the rights of one party would work an injustice upon the other party? |
| 3617 | Layton v. Cook, 248 Miss. 690, 696–97 (Miss. 1964) | 3 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, 'and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal. | Does a pedestrian have the right to travel on any portion of public highway at any time of the day? |

| 3618 | Altman v. PNC Mortg., 850 F.Supp.2d 1057, 1078 (E.D.Cal., 2012) | 45 | Under California law, where a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference. | It is elementary that where, as in the instant case, a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference. | "Where a written instrument is the foundation of a cause of action, can it be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference?" |
|---|---|---|---|---|---|
| 3619 | Houston v. Pollard, 121 S.E.2d 629, 632, 217 Ga. 184, 187 (Ga. 1961) | 2 | Upon demurrer, pleadings are to be construed most strongly against the pleader, and in light of their omissions as well as their averments, and if an inference unfavorable to right of a party claiming a right under such pleadings may be fairly drawn from facts stated therein, such inference will prevail in determining rights of the parties. | 'Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. | Should pleadings be construed in the light of their omissions as well as their averments? |
| 3620 | Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713, 716 (S.D.,1995) | 7 | Dismissal of cause of action for failure to prosecute should be granted when, after considering all facts and circumstances of particular case, plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Can plaintiff be charged with lack of due diligence for failing to proceed with reasonable promptitude? |
| 3622 | Rizzo v. Pittsburgh Rys. Co., 226 Pa.Super. 566, 568 (Pa.Super. 1974) | 1 | The court may grant non pros. when it appears that plaintiff failed to prosecute his action within a reasonable time, there is no reasonable excuse for the delay, and the delay has been prejudicial to the defendant. | The lower court may grant a non pros. when it appears that the plaintiff has failed to prosecute his action within a reasonable time, there is no reasonable excuse **176 for the delay, and the delay has been prejudicial to the defendant. | Do courts grant non pros when it appears that the plaintiff has failed to prosecute his action within a reasonable time? |
| 3624 | C.M.F. v. R.G.F., 13 A.3d 905, 909, 418 N.J.Super. 396, 402 (N.J.Super.A.D.,2011) | 3 | The following elements are required to establish a violation of harassment statute: (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners or any other manner similarly likely to cause annoyance or alarm to its intended recipient. N.J.S.A. 2C:33-4(a). | The Court stated that the following elements were required to establish such a violation: (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners or any other manner similarly likely to cause annoyance or alarm to its intended recipient. | What elements are required to establish a violation of the harassment statute? |
| 3625 | Doppler v. Doppler, 574 A.2d 1101, 1105, 393 Pa.Super. 600, 608 (Pa.Super.,1990) | 2 | Doctrine of "equitable estoppel" protects reasonable expectations of one who relies on another's course of conduct; it prevents party from taking position that is inconsistent with position previously taken which is disadvantageous to the other. | The doctrine of equitable estoppel protects the reasonable expectations of one who relies on another's course of conduct; it prevents a party from taking a position that is inconsistent with a position previously taken which is disadvantageous to the other. | Does equitable estoppel protect the reasonable expectations of one who relies on another's course of conduct? |

| 3626 | MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, Inc., 884 F. Supp. 2d 1269, 1274 (S.D. Fla. 2012) | 8 | The doctrine of equitable estoppel is grounded on a notion of fair dealing and good conscience, and it is designed to aid the law in the administration of justice where without its aid injustice might result. | The doctrine of equitable estoppel "is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result." *DeShong v. Seaboard Coast Line R.R. Co.*, 737 F.2d 1520, 1522 (11th Cir.1984). | Is equitable estoppel designed to aid the law in the administration of justice where without its aid an injustice might result? |
|---|---|---|---|---|---|
| 3628 | Manning v. Wilkinson, 264 S.W.3d 620, 624 (Ky.App.,2007) | 3 | As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, the trial court is obligated to consider all relevant factors and lesser sanctions. Rules Civ.Proc., Rule 41.02. | As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, the trial is obligated to consider all relevant factors and lesser sanctions. | "As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, is the trial court obligated to consider all relevant factors and lesser sanctions?" |
| 3630 | Schreiner v. Karson, 52 Ohio App.2d 219, 222-223 (1977) | 4 | A dismissal with prejudice is an extremely harsh sanction which affects not only suit dismissed but, because it acts as decision on the merits, also controls questions of fact in other related cases. | A dismissal with prejudice, however, is an extremely harsh *223 sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. | Is a dismissal with prejudice an extremely harsh sanction affecting not only the suit dismissed but also controls questions of fact in other related cases? |
| 3631 | Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 565–66 (1980) | 3 | Deference to views of administrative agency is especially appropriate in process of interpreting Truth in Lending Act and Regulation Z, and, unless demonstrably irrational, Federal Reserve Board staff opinions construing Act or Regulation should be dispositive. Truth in Lending Act, S 102 et seq. as amended 15 U.S.C.A. S 1601 et seq.; Truth in Lending Regulations, Regulation Z, S 226.1 et seq., 15 U.S.C.A. following section 1700. | At the very least, that caution requires attentiveness to the views of the administrative entity appointed to apply and enforce a statute. And deference is especially appropriate in the process of interpreting the Truth in Lending Act and Regulation Z. Unless demonstrably irrational, Federal Reserve Board staff opinions construing the Act or Regulation should be dispositive for several reasons. | Is deference appropriate in the process of interpreting the Truth in Lending Act and Regulation Z? |
| 3632 | Wolf v. Bueser, 279 Ill. App. 3d 217, 221, 664 N.E.2d 197, 200 (1996) | 1 | If grounds for motion for dismissal do not appear on face of pleading attacked, parties may file affidavits and deposition transcripts in support of motion. S.H.A. 735 ILCS 5/2-619(a)(5). | If the grounds do not appear on the face of the pleading attacked, the motion shall be supported by affidavit. (735 ILCS 5/2–619(a)(5) (West 1992)).)Parties may file not only affidavits but deposition transcripts. *In re Estate of Silverman* (1993), 257 Ill.App.3d 162, 172, 195 Ill.Dec. 299, 628 N.E.2d 763. | "If grounds for a motion for dismissal do not appear on the face of pleading attacked, can parties file affidavits and deposition transcripts in support of motion?" |
| 3633 | Beasley v. Beasley, 396 S.E.2d 222, 223, 260 Ga. 419, 420 (Ga.,1990) | 4 | If motion to dismiss for lack of personal jurisdiction is decided on basis of written submissions alone, disputes of fact found in affidavits are resolved in favor of plaintiff. | A defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of plaintiff. | "Where a court decides motions to dismiss for lack of personal jurisdiction on a basis of affidavits and documentary evidence, are disputes of fact contained in affidavits resolved in favor of a plaintiff?" |

| 3634 | Pechan v. DynaPro, Inc., 251 Ill. App. 3d 1072, 1083, 622 N.E.2d 108, 117 (1993) | 11 | Motion to dismiss, under section providing that complaint barred by affirmative matter that defeats claim may be dismissed, should be supported by affidavit if grounds for dismissal do not appear on face of pleading. S.H.A. 735 ILCS 5/2-619(a)(9). | Under section 2–619, a complaint may be dismissed when it is barred by an affirmative matter that defeats the claim. (735 ILCS 5/2–619(a)(9) (West 1992).) "The affirmative matter must be more than evidence offered to refute a well-pleaded fact." (Chicago Title & Trust Co. v. Weiss (1992), 238 Ill.App.3d 921, 925, 179 Ill.Dec. 78, 605 N.E.2d 1092.) The motion should be supported by an affidavit if the grounds for dismissal do not appear on the face of the pleading. | "Under a section providing that a complaint barred by affirmative matter that defeats claim can be dismissed, should it be supported by affidavit?" |
| --- | --- | --- | --- | --- | --- |
| 3635 | Caulfield v. Packer Group, Inc., 56 N.E.3d 509, 524, 404 Ill.Dec. 525, 540, 2016 IL App (1st) 151558, ¶ 66 (Ill.App. 1 Dist., 2016) | 22 | The decision of whether to dismiss an action with or without prejudice rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. | The decision whether to dismiss an action with or without prejudice rests within the sound discretion of the court and will not be disturbed absent an abuse of discretion. | Does the decision of whether to dismiss an action with or without prejudice rest within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion? |
| 3636 | Dykes v. Sukup Mfg. Co., 781 N.W.2d 578, 583 (Minn., 2010) | 11 | A dismissal with prejudice and on the merits executed by both parties is a final determination and is equivalent to an adjudication on the merits regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions. | A dismissal with prejudice and on the merits executed by both parties is "a final determination and is equivalent to an adjudication on the merits" regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions not applicable in this case. | Is a dismissal with prejudice and on the merits executed by both parties a final determination and is equivalent to an adjudication on the merits regarding the claims asserted? |
| 3637 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197, 204-205 (2010) | 9 | An action shall be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires. Sup.Ct.Rules, Rule 103(b). | An action "shall" be dismissed "with prejudice" if the plaintiff fails "to exercise *205 reasonable diligence to obtain service on a defendant" after the statute of limitations expires. | Should an action be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires? |
| 3638 | Mitz v. Texas State Bd. of Veterinary Medical Examiners, 278 S.W.3d 17, 22 (Tex. App. 2008) | 10 | In cases where an agency has exclusive jurisdiction, trial court must dismiss claims without prejudice until the party has exhausted all administrative remedies. | In cases where an agency has exclusive jurisdiction, the trial court must dismiss the claims without prejudice until the party has exhausted all administrative remedies. | "In cases where an agency has exclusive jurisdiction, should a trial court dismiss claims without prejudice until the party has exhausted all administrative remedies?" |

| | | | | |
|---|---|---|---|---|
| 3639 | Vill. of S. Elgin v. Waste Mgmt. of Illinois, Inc., 348 Ill. App. 3d 929, 940, 810 N.E.2d 658, 669 (2004) | 22 | Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, the grant of a motion to dismiss for failure to state a claim should not be with prejudice. S.H.A. 735 ILCS 5/2-615. | The Circuit Court, Kane County, Michael J. Colwell, J., granted operator's motion to dismiss for failure to state a claim and motion to dismiss based upon failure to exhaust administrative remedies. Village appealed.<br><br>...<br><br>Therefore, though the granting of a motion to amend lies within the sound discretion of the trial court, the usual course is to grant a plaintiff liberal leave to amend. Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, the dismissal should not be with prejudice. Hensler v. Busey Bank, 231 Ill.App.3d 920, 924, 173 Ill.Dec. 390, 596 N.E.2d 1269 (1992). | "Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, should the grant of a motion to dismiss for failure to state a claim not be with prejudice?" |
| 3640 | Hughes v. Massey, 65 S.W.3d 743, 746 (Tex. App. 2001) | 10 | Dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. V.T.C.A., Civil Practice & Remedies Code S 14.003. | A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. | Is a dismissal for failure to comply with the rules governing the filing of in forma pauperis suits not a ruling on the merits? |
| 3641 | Thacker v. Bartlett, 785 N.E.2d 621, 624 (Ind.App., 2003) | 7 | A dismissal for failure to state a claim is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Trial Procedure Rule 12(B)(6). | Therefore, a Trial Rule 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. | "Is a dismissal for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint?" |
| 3643 | Ohio Medical Professional Liability Underwriting Ass'n v. Physicians Ins. Co. of Ohio, Inc., 27 Ohio App.3d 23, 25 (Ohio App.,1985) | 3 | Voluntary dismissal with prejudice of claims against party defendant concludes rights which plaintiff asserted or could have asserted arising out of transaction, and bars future litigation on those rights. | Voluntary dismissal with prejudice of claims against a party defendant concludes rights **349 which plaintiff asserted or could have asserted arising out of the transaction, and bars future litigation on those rights. | Does voluntary dismissal with prejudice of claims against a party defendant conclude rights which a plaintiff asserted or could have asserted arising out of a transaction? |

| 3645 | Automobile Club of Oregon v. State, 314 Or. 479, 485–86 (Or., 1992) | 2 | "Tax" is any contribution imposed by government upon individuals for the use and service of the state, whether under the name of toll, tribute, tallage, gabel, impost, duty, custom, excise, subsidy, aid, supply, or other name; "assessment" is government fee imposed upon owners of property to finance improvements or services directly benefiting that property. | In the most general sense, a tax is "any contribution imposed by government upon individuals, for the use and service of the state, whether under the name of toll, tribute, tallage, gabel, impost, duty, custom, excise, subsidy, aid, supply, or other name." Black's Law Dictionary 1457 (6th ed 1991). An assessment is a government fee imposed on owners of property to finance improvements or services directly *486 benefiting that property; an assessment is exempt from constitutional limitations requiring that taxes be uniformly imposed so long as the financial burden and the private benefit are closely related. | Are taxes imposed upon individuals for the use and service of the state? |
| 3646 | Talley v. Com., 123 Pa. Cmwlth. 313, 315 (1989) | 1 | License fee is distinguishable from "tax," which is revenue producing measure characterized by production of high proportion of income relative to costs of collection and supervision. | A license fee is distinguishable from a tax which is a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision. | Is tax a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision? |
| 3647 | Takahashi v. Fish and Game Commission, 68 S.Ct. 1138, 1142, 334 U.S. 410, 418–19 (U.S. 1948) | 3 | The federal government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and terms and conditions of their naturalization. | The Federal Government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and the terms and conditions of their naturalization. | Does the Federal Government have broad constitutional powers in determining the terms and conditions for the naturalization of aliens? |

| | | | | | |
|---|---|---|---|---|---|
| 3648 | Signature Development, LLC v. Sandler Commercial at Union, L.L.C., 207 N.C.App. 576, 582–83 (2010) | 8 | On a motion to dismiss for failure to state a claim upon which relief may be granted, when a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, the motion will be granted and the action dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | A motion to dismiss under N.C. Gen.Stat. 1A- 1, Rule 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of the complaint. Isenhour v. Hutto, 350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). Inruling on the motion, "the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Stanback v. Stanback, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979). Dismissal is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face that some fact essential to plaintiff's claim is missing; and (3) when some fact disclosed in the complaint defeats the plaintiff's claim." Schloss Outdoor Advertising Co. v. Charlotte, 50 N.C.App. 150, 152, 272 S.E.2d 920, 922 (1980). Moreover, "[w]hen the complaint **306 states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, … the motion will be granted and the action dismissed." | Will a motion to dismiss be granted and action dismissed if complaint discloses an unconditional affirmative defense which defeats asserted claim? |
| 3649 | Dueitt v. Arrowhead Lakes Property Owners, Inc., 180 S.W.3d 733, 740 (Tex.App. Waco,2005) | 13 | The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." | Are the same reinstatement procedures and timetable applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power? |
| 3650 | Leonardelli v. Presbyterian Hosp. in City of New York, 288 A.D.2d 105, 105–06, 733 N.Y.S.2d 391, 392 (2001) | 1 | Although case which has been marked off or stricken from calendar and not restored within one year is statutorily deemed abandoned and is dismissed, statute only creates rebuttable presumption of abandonment. McKinney's CPLR 3404. | Although a case which has been marked off or stricken from the calendar and not restored within one year is deemed abandoned and is dismissed (CPLR 3404), the statute only creates a rebuttable presumption of abandonment (Rodriguez v. Middle Atl. Auto Leasing, 122 A.D.2d 720, 511 N.Y.S.2d 595, appeal dismissed, 69 N.Y.2d 874, 514 N.Y.S.2d 723, 507 N.E.2d 317). | Is a case which has been marked off or stricken from a calendar and not restored within one year deemed abandoned and is dismissed? |

| 3651 | Gant v. Tallahassee Mem'l Reg'l Med. Ctr., 490 So.2d 1020, 1021 (Fla. App. 1986) | 1 | Ruling on a motion for an order of dismissal for failure to prosecute is subject to attack only on ground that it constitutes an abuse of discretion and losing party bears burden of demonstrating that abuse. West's F.S.A. RCP Rule 1.420(e). | A ruling on a motion for an order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion and the losing party bears the burden of demonstrating that abuse. | Is a ruling on a motion for an order of dismissal for failure to prosecute subject to attack only on ground that it constitutes an abuse of discretion? |
|---|---|---|---|---|---|
| 3652 | Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855, 860 (2017) | 7 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | A dismissal without prejudice, or non-suit, merely "restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint." | "Does a dismissal without prejudice, or non-suit, merely restore matters to the status occupied before the suit and leaves the party free?" |
| 3653 | Treadway v. Nations Credit Fin. Servs. Corp., 383 Ill. App. 3d 1124, 1128, 892 N.E.2d 534, 538 (2008) | 1 | The phrase "affirmative matter," for purposes of involuntary dismissal of an action based upon certain defects or defenses, refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | " 'The phrase "affirmative matter" refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint.' " Moody, 368 Ill.App.3d at 841, 306 Ill.Dec. | Will an affirmative matter be a nature of defense that negates the cause of action completely? |
| 3655 | Lehndorff Geneva, Inc. v. Warren, 74 Wis.2d 369, 381 (Wis. 1976) | 9 | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Once Congress and the executive have exercised this power, '. . . aliens lawfully within this country have a right to enter and abide in any State in the Union 'on an equality of legal privileges with all citizens under nondiscriminatory laws.' | Do aliens have a right to abide in any State in the Union on an equality of legal privileges with all citizens under nondiscriminatory laws? |
| 3656 | People v. Paradiso, 58 Misc. 2d 370, 373–74, 295 N.Y.S.2d 561, 564 (N.Y. Sp. Sess. 1968) | 3 | A private residence does not fall within definition of a "public place" without showing of special circumstances, and such circumstances must be alleged in information as part of necessary facts constituting the violation. Penal Law 1965, SS 240.00, 240.25, subds. 2, 3, 5 | In the opinion of the Court a private residence does not fall within the definition of a public place as defined in Section 240.00 of the Penal Law without a showing of special circumstances and such circumstances must be alleged in the Information as part of the necessary facts constituting the violation in question. | Does a private residence fall within the definition of a public place in disorderly conduct? |
| 3657 | Cantwell v. State of Connecticut, 310 U.S. 296, 308 (1940) | 15 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the state to prevent or punish is obvious. Equally obvious is it that a state may not unduly suppress free communication of views, religious or other, under the guise of conserving desirable conditions. | "Whether the state has the power to prevent or punish when a clear and present danger of riot, appear?" |

| 3658 | Keough v. Cyrus USA, Inc., 204 S.W.3d 1, 5 (Tex. App. 2006) | 12 | A trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion. | Even assuming for the sake of argument that no notice was sent and that we properly may raise the issue sua sponte, a trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion. | Does a trial court not abuse its discretion by denying a motion to reinstate if the movant receives notice and has an opportunity to be heard on the motion? |
|---|---|---|---|---|---|
| 3659 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 6 | The standard for reinstating a dismissed case when the failure of party or attorney to appear is not intentional or the result of conscious indifference, but is due to an accident or mistake or has been otherwise reasonably explained, is essentially the same as that for setting aside a default judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | However, a case shall be reinstated upon a finding by the trial court that the failure of the party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. TEX.R. CIV. P. 165a(3). This standard is "essentially the same as that for setting aside a default judgment." | Is failure to appear not intentional or due to conscious indifference merely because it is deliberate? |
| 3660 | Corte v. Corte, 664 So.2d 218, 218 (Ala.Civ.App.,1994) | 1 | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. | Does the dismissal of a party's case and subsequent refusal to set aside dismissal for want of prosecution rest largely within the sound discretion of a trial court? |
| 3661 | In re Est. of Schlenker, 209 Ill. 2d 456, 461, 808 N.E.2d 995, 998 (2004) | 5 | Where standing is challenged in a motion to dismiss under statute permitting involuntary dismissal of claim when it is barred by other affirmative matter avoiding the legal effect of or defeating the claim, a court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in plaintiff's favor, and the court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619. | Where standing is challenged in a motion to dismiss under section 2–619, a court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in plaintiff's favor. The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. | Can the court accept all well pleaded facts in the plaintiff's complaint as true? |
| 3663 | Ghandi v. Cespedes, 390 N.J.Super. 193, 196 (2007) | 2 | Dismissals for lack of prosecution are without prejudice; accordingly, the right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal, even if the application is made many months later. R. 1:13-7(a). | Dismissals under the rule are "without prejudice." R. 1:13-7(a). Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." | Is the right to reinstatement ordinarily routinely and freely granted when a plaintiff has cured the problem that led to the dismissal? |

| 3664 | Pine Tp. Water Co., Inc. v. Felmont Oil Corp., 425 Pa. Super. 473, 477 (1993) | 3 | In order to open non pros judgment, three factors must be satisfied, (1) petition to open must be promptly filed, (2) delay must be reasonably explained, and (3) facts must be shown to exist which support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | In order to open a non pros judgment three factors must be satisfied: 1) the petition to open must be promptly filed; 2) the delay must be reasonably explained; and 3) facts must be shown to exist which support a cause of action. Id. Pa.R.C.P. 3051. | What three factors must be present in order to open non pros judgment? |
| 3665 | Rodriguez v. Colasuonno, 238 A.D.2d 329, 329–30, 656 N.Y.S.2d 302, 303 (1997) | 1 | Once conditional order of dismissal becomes effective by its terms, plaintiff can open up his or her default only by establishing reasonable excuse for his or her delay and meritorious cause of action. | Once a conditional order of dismissal becomes effective by its terms (see, Bock v. Schiowitz, 168 A.D.2d 593, 563 N.Y.S.2d 432), a plaintiff can open up his default only by establishing a reasonable excuse for his and a meritorious cause of action (see, Zirin v. Brookdale Hosp. Med. Ctr., 216 A.D.2d 461, 628 N.Y.S.2d 394). | "Once a conditional order of dismissal becomes effective by its terms, can a plaintiff only open up her default by establishing a reasonable excuse for her delay?" |
| 3666 | Dorn v. State Bank of Stella, 767 F.2d 442, 443 (C.A.8 (Neb.),1985) | 4 | Although a party may still file motion for leave to amend after complaint is dismissed and amendments should be granted liberally, motion would be inappropriate if court had clearly indicated either that no amendment is possible or that dismissal of complaint also constitutes dismissal of action. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | Although a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate "if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." | "If the dismissal of a complaint also constitutes dismissal of an action, is a motion to amend improper?" |
| 3667 | Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 119 (Neb.,1990) | 10 | "Sales tax" is imposed upon gross receipts from all sales of tangible personal property sold at retail in state; "use tax" is imposed on storage, use, or other consumption in state of tangible personal property purchased, leased, or rented from any retailer for storage, use, or other consumption in state. Neb.Rev.St. S 77-2703(1, 2). | A sales tax is imposed "upon the gross receipts from all sales of tangible personal property sold at retail in this state...." Neb.Rev.Stat. 77-2703(1) (Reissue 1986). A use tax is imposed "on the storage, use, or other consumption in **526 this state of tangible personal property purchased, leased, or rented from any retailer ... for storage, use, or other consumption in this state...." 77-2703(2). | "Is a ""sales tax"" a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce?" |
| 3670 | Romero v. State, 927 S.W.2d 632, 634 (Tex.,1996) | 4 | Whether civil forfeiture implicates double jeopardy under Federal Constitution depends on whether forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial. U.S.C.A. Const.Amend. 5. | Whether a civil forfeiture implicates double jeopardy depends on whether the "forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial." Ursery, 518 U.S. | "Does whether civil forfeiture implicates double jeopardy under Federal Constitution depend on whether a forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive?" |

| 3671 | Brock v. State, 955 N.E.2d 195, 203 (Ind.,2011) | 8 | Circumstances surrounding a trial court's declaration of a mistrial may not present an opportunity for raising a timely objection prior to the jury's discharge; in such cases, a failure to object will not be deemed to be consent, for purposes of double jeopardy analysis, unless the totality of the circumstances otherwise shows that the defendant consented to the mistrial. U.S.C.A. Const.Amend. 5. | On the other hand, we acknowledge that the circumstances surrounding a trial court's declaration of a mistrial may not present an opportunity for raising a timely objection prior to the jury's discharge. In such cases, a failure to object will not be deemed to be consent unless the totality of the circumstances otherwise shows that the defendant consented to the mistrial. | Can circumstances surrounding a trial court's declaration of a mistrial not present an opportunity for raising a timely objection prior to the jury's discharge? |
| 3673 | Hamblen Cty. v. City of Morristown, 584 S.W.2d 673, 675 (Tenn. App. 1979) | 1 | Plenary power to establish and maintain a public school system is a state function and is vested in the state legislature, but general operation and management of the educational system can be delegated by the legislature in any reasonable manner not constitutionally prohibited. | The plenary power to establish and maintain a public school system is a state function and is vested in the state legislature. General operation and management of the educational system can be delegated by the legislature in any reasonable manner not constitutionally prohibited. | Can a state legislature delegate power to establish and maintain a public school system? |
| 3674 | Kraft v. Forest Park Realty & Ins. Co., 111 Ga.App. 621, 626 (Ga.App. 1965) | 9 | If a dismissal for want of prosecution is entered erroneously or improvidently, court may reinstate it upon motion without notice to or consent of defendant. | If a dismissal for want of prosecution is entered erroneously or improvidently, the court may reinstate it upon motion without notice to or the consent of the defendant. | "If a dismissal for want of prosecution is entered erroneously or improvidently, can a court reinstate it upon motion without notice to or consent of defendant?" |
| 3676 | Murphy v. City of New York, 173 A.D.2d 236, 237, 569 N.Y.S.2d 445, 446 (1991) | 1 | To rebut presumption that action was abandoned and to restore action to trial calendar, plaintiff must demonstrate that cause of action is meritorious, that there is sufficient excuse for delay, that there was no intent to abandon action, and that defendant will not be prejudiced by restoring case to calendar. | In order to rebut the presumption that the action was abandoned, plaintiffs must demonstrate that their cause of action is meritorious, that there is a sufficient excuse for the delay, that there was no intent to abandon the action and that defendants will not be prejudiced by restoring the case to the calendar. (*Conduroso v. Thumsuden,* 84 A.D.2d 802, 803, 444 N.Y.S.2d 151, *app. dismissed,* 55 N.Y.2d 953, 449 N.Y.S.2d 193, 434 N.E.2d 262). | "To rebut a presumption that an action was abandoned and to restore action to a trial calendar, should a plaintiff demonstrate that a cause of action is meritorious?" |

| 3679 | Todd Co. v. Birnbaum, 182 A.D.2d 505, 505–06, 582 N.Y.S.2d 414, 415 (1992) | 1 | Action which has been dismissed as abandoned may be restored to trial calendar only upon showing of meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing parties, and lack of intent to abandon action; each of these four requirements must be satisfied for dismissal to be properly vacated. McKinney's CPLR 3404. | An action dismissed pursuant to CPLR 3404 may only be restored upon a showing of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing parties, and a lack of intent to abandon the action (Moye v. City of New York, 168 A.D.2d 342, 562 N.Y.S.2d 664 appeal dismissed, 77 N.Y.2d 940, 569 N.Y.S.2d 613, 572 N.E.2d 54; Mamet v. Mamet, 132 A.D.2d 479, 518 N.Y.S.2d 5 lv. denied, *506 70 N.Y.2d 611, 523 N.Y.S.2d 495, 518 N.E.2d 6). All the above components must be satisfied in order for the dismissal to be properly vacated (Ornstein v. Kentucky Fried Chicken, 121 A.D.2d 610, 503 N.Y.S.2d 643). | Can an action which has been dismissed as abandoned be restored to trial calendar only upon showing of a meritorious cause of action? |
| 3681 | Koller v. Ranger Ins. Co., 569 S.W.2d 372, 373 (Mo.App.,1978) | 3 | Ordinarily, when a first pleading is ruled to be insufficient in a trial court, party is afforded a reasonable time to file an amended pleading if desired. V.A.M.R. Civil Rules 55.33(a), 67.06. | Pulitzer Publishing Co., Mo., 422 S.W.2d 330(8) (Mo.1968): "Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired." See also, Civil Rules 55.33(a) and 67.06, VAMR. | "When a first pleading is ruled to be insufficient in a trial court, is the party afforded a reasonable time to file an amended pleading if desired?" |
| 3682 | Turville v. J & J Properties, L.C., 145 P.3d 1146, 1152, 2006 UT App 305, ¶ 30 (Utah App.,2006) | 5 | Where a plaintiff moves for leave to amend its complaint after an interlocutory dismissal, a trial court may exercise its discretion in determining whether to grant the motion. Rules Civ.Proc., Rule 15(a). | And where a party moves for leave to amend after an interlocutory dismissal, a trial court may exercise its discretion in determining whether to grant the motion. | "Where a plaintiff moves for leave to amend its complaint after an interlocutory dismissal, can a trial court exercise its discretion in determining whether to grant the motion?" |
| 3683 | Nevada Interstate Properties Corp. v. City of West Palm Beach, 747 So.2d 447, 448 (Fla.App. 4 Dist.,1999) | 3 | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | It is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice not be ordered without giving a party offering defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended? |
| 3685 | Texas Res. v. Diamond Shamrock Corp., 584 S.W.2d 522, 524 (Tex. Civ. App. 1979) | 2 | Party who files petition must prosecute his claim to judgment with reasonable diligence, and if he fails to so prosecute his claim, trial court has inherent power to dismiss his claim for want of diligence in its prosecution; such matter rests in sound discretion of trial court. | A party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. The matter rests in the sound discretion of the trial court. | Does the exercise of the power to dismiss a matter for lack of prosecution rest in the sound discretion of trial court? |

| | | | | | |
|---|---|---|---|---|---|
| 3686 | Ill v. Manzo-Ill, 142 A.3d 1176, 1189 (Conn. App. 2016) | 21 | Although courts must be mindful of the policy favoring a trial on the merits of any dispute whenever possible, a court may still determine, in its sound discretion, that a party's diligence in prosecuting the case does not fall within the reasonable section of the diligence spectrum. Practice Book 1998, S 14-3. | Although courts must be mindful of the policy favoring a trial on the merits of any dispute whenever possible, a court may still determine, in its sound discretion, that a party's diligence does not fall "within the reasonable section of the diligence spectrum.... | Should courts remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute? |
| 3687 | Powels v. Iles, 77 So.3d 518, 520 (Miss.App.,2011) | 2 | A trial court's power to dismiss a case for failure to prosecute is an inherent power in any court of law or equity and is regarded as a means necessary to control the court's docket and promote the orderly expedition of justice. Rules Civ.Proc., Rule 41(b). | We recognize that a trial court's power to dismiss a case for failure to prosecute "is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." | Is a trial court's power to dismiss a case for failure to prosecute an inherent power in any court of law or equity? |
| 3688 | Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 244, 248 (Miss.App., 2010) | 1 | Trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. | Our trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the "orderly expedition of justice." | Do courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court docket and ensuring the orderly expedition of justice? |
| 3689 | Vonder Haar Concrete Co. v. Edwards-Parker, Inc., 561 S.W.2d 134, 137–38 (Mo. App. 1978) | 2 | In equitable mechanic's lien suit, trial court need not resort to its inherent power to dismiss for failure to prosecute since duty to prosecute such action without unnecessary delay is expressly cast upon plaintiff, and defendant claimants, by statute. V.A.M.S. SS 429.170, 429.310. | In an equitable mechanic's lien suit, however, the trial court need not resort to its inherent power to dismiss for failure to prosecute because the duty to prosecute such action without unnecessary delay is expressly cast upon the plaintiff, and defendants-claimants, by statute. | "Does a trial court have inherent power, in the exercise of sound judicial discretion?" |
| 3690 | Lopez v. Harding, 68 S.W.3d 78, 80 (Tex. App. 2001) | 3 | A trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence. | 1 In contrast, a trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence. | Can a trial judge dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence? |
| 3691 | School Bd. of Orange Cnty. v. Coffey, 524 So.2d 1052, 1053 (Fla.App. 5 Dist.,1988) | 5 | School board has common-law duty to protect others from result of negligent hiring, supervision, or retention, which duty is identical to duty upon private employers who hire, retain, or supervise employees whose negligence or intentional acts in positions of employment can foreseeably cause injuries to third parties. | The school board has a common law duty to protect others from the result of negligent hiring, supervision, or retention which duty is identical to the duty upon private employers who hire, retain, or supervise employees whose negligent or intentional acts in positions of employment can foreseeably cause injuries to third parties. | Are school districts liable for negligent hiring? |

| 3692 | Judd v. Bd. of Educ. of Union Free Sch. Dist. No. 2, Town of Hempstead, Nassau Cnty., 278 N.Y. 200, 211, 15 N.E.2d 576, 582 (1938) | 6 | The state cannot compel children to attend free public common schools when their parents desire to send them to parochial schools, but their attendance upon parochial school or private school is a matter of choice and cost thereof not a matter of public concern. Const. art. 9, SS 1, 4. | While education is compulsory in this State between certain ages, the State has no desire to and could not if it so wished compel children to attend the free public common schools when their parents desire to send them to parochial schools (Pierce v. Society of the Sisters of the Holy Names of Jesus and Mary, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468), but their attendance upon the parochial school or private school is a matter of choice and the cost thereof not a matter of public concern. | Could the state compel children to attend public school when their parents desire to send them to parochial schools? |
| 3695 | Lamka v. KeyBank,  250 Or. App. 486, 492 (2012) | 2 | A party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint; it is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that the plaintiff must file a motion for leave to file an amended complaint. Rules Civ.Proc., Rules 21, 23. | Reading ORCP 23 A and ORCP 21 A together, we conclude that a party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint. It is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that, under ORCP 21 A, the plaintiff must file a motion for leave to file an amended complaint. | "Will a plaintiff be given an opportunity to amend the complaint once, as a matter of right, before the trial court dismiss the complaint with prejudice?" |
| 3696 | Huber v. Mullan, 246 F.Supp. 8, 8 (D. Md. 1964) | 8 | A note evidencing a promise to repay sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment. | A note evidencing a promise to repay a sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment | Can a note be rendered nonassignable by clear and unequivocal language? |
| 3698 | Boyd v. Hickman, 689 A.2d 106, 111, 114 Md.App. 108, 119 (Md.App., 1997) | 4 | Civil forfeiture statute will not be considered punishment for double jeopardy purposes unless legislative body intended it to be punitive, or its effect was so punitive as to negate its remedial purpose. U.S.C.A. Const.Amend. 5. | A civil forfeiture statute will not be considered punishment for Double Jeopardy purposes unless the legislative body intended it to be punitive, or its effect was so punitive as to negate its remedial purpose. | Will a civil forfeiture statute not be considered punishment for double jeopardy purposes unless legislative body intended it to be punitive? |
| 3699 | State v. Mercado, 121 So. 3d 604, 605 (Fla.App. 5 Dist., 2013) | 2 | Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial. U.S.C.A. Const.Amend. 5. | Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial. | "When a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, does double jeopardy not bar a retrial?" |

| 3700 | State v. Tolliver, 839 S.W.2d 296, 299 (Mo. 1992) | 11 | Double jeopardy clause does not bar retrial if defendant requests, or consents to, mistrial; where such mistrial occurs, defendant's right to particular tribunal is not implicated unless government or judicial conduct was intended to "goad" defendant into requesting or consenting to mistrial. U.S.C.A. Const.Amend. 5. | The double jeopardy clause does not bar retrial if the defendant requests, or consents to, the mistrial. United States v. Dinitz, 424 U.S. 600, 607–608, 96 S.Ct. 1075, 1079–80, 47 L.Ed.2d 267 (1976); State v. Fitzpatrick, 676 S.W.2d 831, 835 (Mo. banc 1984). Where such a mistrial occurs, the defendant's right to a particular tribunal is not implicated unless governmental or judicial conduct was intended to "goad" the defendant into requesting or consenting to a mistrial. | "Where mistrial occurs, is a defendant's right to a particular tribunal not implicated unless government or judicial conduct was intended to ""goad""" a defendant into requesting or consenting to mistrial?" |
| 3701 | State v. Bertrand, 133 N.H. 843, 852 (1991) | 4 | Where defendant moves for dismissal and makes it clear to court that he is asking for a final determination of charges before court and not for mistrial, he need not explicitly state that he would prefer to continue trial rather than have it end in mistrial declaration in order to preserve future claim of double jeopardy. U.S.C.A. Const.Amend. 5. | We hold, therefore, that where a defendant moves for dismissal and makes it clear to the court that he is asking for a final determination of the charges before the court and not for a mistrial, he need not explicitly state that he would prefer to continue the trial rather than have it end in a mistrial declaration in order to preserve a future claim of double jeopardy. | Can a defendant generally consent to mistrial by silence? |
| 3702 | Ex Parte Huddlestun, 505 S.W.3d 646, 657 (Tex.App.-Texarkana, 2016) | 7 | Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases; therefore, a defendant's valued right to have the trial concluded by a particular tribunal is and must be sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. | As the Supreme Court noted, "Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases." 9 Id. at 513, 98 S.Ct. 824. Therefore, a defendant's "valued right to have the trial concluded by a particular tribunal is [and must be] sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." | "Unless unscrupulous defense counsel are to be allowed an unfair advantage, should the trial judge have the power to declare a mistrial in appropriate cases?" |
| 3703 | Washington v. Commonwealth, 35 Va. App. 202, 214, 543 S.E.2d 638, 643–44 (2001), rev'd, 263 Va. 298, 559 S.E.2d 636 (2002) | 13 | Immediately before, and immediately after empanele and swearing of the jury things are much the same, but in one jeopardy has not attached while, in the other, it has; therefore, when the trial judge sua sponte, over defendant's objection, declares a mistrial, the defendant is deprived of his valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | "Immediately before, and immediately after empanelling and swearing of the jury things are much the same, but in one jeopardy has not attached while, in the other, it has." Webb v. Hutto, 720 F.2d 375, 379 (4th Cir.1983). Therefore, when the trial judge sua sponte, over defendant's objection, declares a mistrial, the defendant is deprived of his "valued right to have his trial completed by a particular tribunal." | "When the trial judge sua sponte, over defendant's objection, declares a mistrial, is the defendant deprived of his valued right to have his trial completed by a particular tribunal?" |

| 3705 | MacDonald v. Follett, 142 Tex. 616, 619 (Tex. 1944) | 1 | The term "overriding royalty" as used in oil and gas lease agreement meant a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation. | By the term 'overriding royalty' as used herein is meant a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation. | "Does the term overriding royalty mean a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation.?" |
| :--- | :--- | :--- | :--- | :--- | :--- |
| 3706 | Geller v. Smith, 130 Cal. App. 485, 487 (1933) | 1 | "Bonus," as applied to oil lease, held to mean money paid by lessee to lessor in consideration of execution of lease, as distinguished from return or royalty reserved by lessor to be paid by lessee through term of lease. | My opinion is that the term 'bonus' as applied to an oil lease has come to have a definite meaning, to-wit: a sum of money paid by a lessee to the lessor in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease. | "Can the term bonus be defined as a sum of money paid in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease?" |
| 3708 | Tolliver v. Maxey, 218 W. Va. 419, 423 (W.Va., 2005) | 1 | A motion to reinstate an action dismissed for failure to prosecute is addressed to the sound discretion of the trial court, and, in the absence of a showing of abuse of that discretion, the action of the trial court will not be disturbed upon writ of error. West's Ann.W.Va.Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | "A motion to reinstate a dismissed action under the terms of W. Va.Code, 56-8-12 [W. Va. R.C.P. 41(b) ], is addressed to the sound discretion of the trial court, and, in the absence of a showing of abuse of that discretion, the action of the trial court upon such motion will not be disturbed upon writ of error. | Is a motion to reinstate an action dismissed for failure to prosecute addressed to the sound discretion of the trial court? |
| 3709 | Manning v. North, 82 S.W.3d 706, 709 (Tex. App. 2002) | 4 | Power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review; thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review. Thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. | Is the power of a court to dismiss for want of prosecution unbridled? |
| 3710 | Gallagher v. Jewish Hospital Ass'n of Philadelphia, 228 A.2d 732, 733 (Pa. 1967) | 1 | Granting non pros because of failure of plaintiff to prosecute his action within reasonable time rests within discretion of lower court, and exercise of such discretion will not be disturbed on appeal unless there is proof of manifest abuse thereof. | It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of manifest abuse thereof. | Is the decision to grant judgment of non pros rest within the discretion of the trial court? |

| 3711 | Reed v. Henry C. Beck Co., 510 So.2d 613, 614 (Fla. App. 3 Dist., 1987) | 2 | Duty to provide workers' compensation benefits arises where business entity is actual employer or where, as contractor, it sublets part of its contract obligation to others and thereby becomes statutory employer of subcontractor's employees. | Under Florida law the requirement to provide workers' compensation benefits is a matter of law-not contract. The duty arises where the business entity is an "actual" employer or where, as a contractor, it sublets part of its contract obligation to others and thereby becomes a "statutory employer" of the subcontractor's employees. | Does the duty to provide workers compensation arise when an entity is an actual employer? |
|---|---|---|---|---|---|
| 3713 | Vaughn v. United States, 43 F. Supp. 306, 308 (E.D. Ark. 1942) | 4 | The right to sue the United States on a contract of war risk insurance is given solely by statute, and the commencement of suit within the time prescribed by the statute is an indispensable condition of the action. World War Veterans' Act 1924, S 19 as amended 38 U.S.C.A. S 784(a-h). | The right to sue it on a contract of war risk term insurance is given solely by the provisions of this section, United States v. Jackson, 10 Cir., 34 F.2d 241, 242, 73 A.L.R. 316; and the commencement of the suit within the time prescribed is an indispensable condition of the action. | Is the right to sue the United States on a contract of war risk insurance given solely by statute? |
| 3714 | U.S. Commodity Futures Trading Com'n v. Arrington, 998 F.Supp.2d 847, 865 (D.Neb., 2014) | 10 | Commodity Exchange Act (CEA) is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | 5 The Commodity Exchange Act "is a remedial statute that serves the crucial purpose of protecting the innocent individual investor-who may know little about the intricacies and complexities of the commodities market-from being misled or deceived. | Is the Commodities Exchange Act (CEA) a remedial statute that serves the purpose of protecting the innocent individual investor? |
| 3719 | Kennerly v. Ocmulgee Lumber Co., 206 S.C. 481, 487 (S.C. 1945) | 2 | The basic purpose of Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, and its presumptions, and its penalties are directed toward end of effecting coverage rather than noncoverage. Code 1942, S 7035-1 et seq. | The settled law in this State is that the 'basic purpose (of the Workmen's Compensation Act) is inclusion of employers and employees, and not their exclusion, and that its presumptions and its penalties are directed towards the end of effecting coverage rather than non-coverage.' | "Are the presumptions and penalties of the Workmens Compensation Act directed towards the end of effective coverage, rather than noncoverage?" |
| 3720 | McDowell v. Stilley Plywood Co., 210 S.C. 173, 182 (S.C. 1947) | 5 | The basic purpose of the workmen's compensation is inclusive of employers and employees and not their exclusion, but the courts are without authority to enlarge meaning of the terms used by legislature or to extend by construction its scope and intent so as to include persons not embraced by its terms. | While as has been stated time and again, the basic purpose of the Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, yet the courts are without authority to enlarge the meaning of the terms used by the Legislature or to extend by construction its scope and intent so as to include persons not embraced by its terms; and one who seeks to avail himself of the Act must come within its terms. | "In workmens compensation, may the courts enlarge the meaning of the terms in the law?" |

| 3721 | Specie v. Howerton Elec. Co., 344 S.W.2d 314, 315 (Mo.App., 1961) | 1 | Definitions of words employer and employee, as well as whole of Workmen's Compensation Law, should be broadly and liberally construed to effectuate legislative intent to afford compensation to employees. Sections 287.020, 287.030 RSMo 1949, V.A.M.S. | Gianladis, Mo.App., 159 S.W.2d 706, 708, the court said: 'These definitions as well as the whole of the Workmen's Compensation Law should be broadly and liberally construed by the courts in order to effectuate the legislative intent to afford compensation to an employee * * *.' | "How should the definition of employer, as well as the whole of the Workmens Compensation law be construed?" |
|------|------|------|------|------|------|
| 3724 | Smith v. Wenderlich, 826 F.3d 641, 643 (C.A.2, 2016) | 1 | The Double Jeopardy Clause of the Fifth Amendment, which is made applicable to the states by the Fourteenth Amendment, provides that no person shall be subject for the same offense to be twice put in jeopardy. U.S. Const. Amends. 5, 14. | The Double Jeopardy Clause of the Fifth Amendment, which is made applicable to the states by the Fourteenth Amendment, see Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides that no person shall be "subject for the same offense to be twice put in jeopardy," U.S. Const. | "Does the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, prohibit a person from being placed in jeopardy twice for the same offense?" |
| 3725 | Hall v. Lexington Ins. Co., 895 So.2d 1161, 1165 (Fla. App. 2005) | 5 | If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, the complaint must be dismissed. West's F.S.A. S 768.72. | If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, the complaint must be dismissed. | "If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, should the complaint be dismissed?" |
| 3727 | State v. Baum, 355 S.C. 209, 214 (2003) | 5 | "Manifest necessity," to declare a mistrial is not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge, as the word "necessity" is not to be interpreted literally. | "Manifest necessity" is not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge. Further, the word "necessity" is not to be interpreted literally. | "Is ""manifest necessity,"" to declare a mistrial not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge?" |
| 3728 | Natex Corp. v. Paris Indep. Sch. Dist., 326 S.W.3d 728, 734 (Tex. App. 2010) | 6 | To distinguish between tort and contract claims, court considers the source of the duty owed and the nature of the remedy sought; if plaintiff's causes of action arise only from a violation of a duty imposed by law, the cause of action sounds in tort, but if the causes of action arose from a duty imposed by a contract, the cause of action is for breach of contract. | To distinguish between tort and contract claims, we consider the source of the duty owed and the nature of the remedy sought. Parker County, 2009 WL 3938051, at *3 (citing Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 45 (Tex.1998)). If PISD's causes of action in the original petition arose only from a violation of a duty imposed by law, the cause of action sounds in tort. Id. If the causes of action arose from a duty imposed by a contract, the cause of action is for breach of contract. | "To distinguish between tort and contract claims, does a court consider the source of the duty owed and the nature of the remedy sought?" |
| 3729 | Vincent v. Jones, 292 F.3d 506, 511 (6th Cir. 2002), rev'd sub nom. Price v. Vincent, 538 U.S. 634, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003) | 5 | Whether the trial is to a jury or to the bench, subjecting defendant to post-acquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "[W]hether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." Smalis v. Pennsylvania, 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). | "Whether the trial is to a jury or to the bench, does subjecting a defendant to post-acquittal fact-finding proceedings going to guilt or innocence violate the Double Jeopardy Clause?" |

| | | | | Moreover, in order for the double jeopardy clause to attach to any action, "the accused must first suffer an actual acquittal or conviction on the merits of the offense. Then, and only then, will a second prosecution for that same offense be barred." Id. | "In order for the double jeopardy clause to attach to any action, should the accused first suffer an actual acquittal or conviction on the merits of the offense?" |
|---|---|---|---|---|---|
| 3730 | Cavitt v. State, 803 So.2d 1220, 1225 (Miss.App.,2001) | 9 | In order for the double jeopardy clause to attach to any action, the accused must first suffer an actual acquittal or conviction on the merits of the offense; then, and only then, will a second prosecution for that same offense be barred. U.S.C.A. Const.Amend. 5. | | |
| 3735 | Jackson-Shaw Co. v. Jacksonville Aviation Authority, 510 F. Supp. 2d 691, 729 (M.D. Fla. 2007) | 22 | Under Florida law, a lease agreement between two parties does not create a partnership between them simply because the lessor receives a share of the profits of a business in payment of rent. West's F.S.A. S 620.8202(3)(c). | Further, Florida law provides that a lease agreement between two parties does not create a partnership between them simply because the lessor receives a share of the profits of a business in payment of rent. | Will a lease agreement between two parties create a partnership only if the lessor is entitled to receive a share of the profit from the business of lessee in the form of rent? |
| 3736 | Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., 404 F.2d 143, 147 (C.A.Okl. 1968) | 8 | "Subrogation" is the substitution of one person in place of another with reference to lawful claim, demand or right, and the substitution may occur through invocation of doctrine of subrogation or it may be confirmed and acquiesced in by contract. | Subrogation is the substitution of one person in place of another with reference to a lawful claim, demand or right. 10 The substitution may occur through the invocation of the 'doctrine' of subrogation or it may be confirmed and acquiesced in by contract. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right?" |
| 3737 | Wood v. Beatrice Foods Co., 813 P.2d 821, 824 (Colo. App. 1991) | 8 | Statutorily created benefits such as workers' compensation exist only to extent provided by applicable statutes, and legislation limiting such benefits does not deprive affected persons of constitutionally protected property interest. C.R.S. 8-52-104.5; U.S.C.A. Const.Amends. 5, 14. | Statutorily created benefits such as workers' compensation exist only to the extent provided by the applicable statutes, and legislation limiting such benefits does not deprive affected persons of a constitutionally protected property interest. See Meyer v. Industrial Commission, 644 P.2d 46 (Colo.App.1981). | Do workers' compensation benefits deprive affected persons of a constitutionally protected property interest ? |
| 3738 | Fairholme Funds, Inc. v. United States, 132 Fed.Cl. 49, 53 (Fed.Cl., 2017) | 2 | In deciding whether to allow participation by amici curiae, Court of Federal Claims considers whether movants might have a perspective that would be helpful to the court or otherwise provide information and argument that would illuminate the issues in the case. | In deciding whether to allow such participation, judges consider whether "[m]ovants might have a perspective that would be helpful to the court or otherwise provide information and argument that would illuminate the issues in this case." | What does the Court of Federal Claims consider in deciding whether to allow participation by amici curiae? |
| 3739 | Wildensten v. E. Bay Reg'l Park Dist., 231 Cal. App. 3d 976, 979–80, 283 Cal. Rptr. 13, 15 (Ct. App. 1991) | 2 | To state cause of action for inverse condemnation, plaintiff must allege that defendant substantially participated in planning, approval, construction or operation of public project or improvement which proximately caused injury to plaintiff's property. West's Ann.Cal. Const. Art. 1, SS 1, 19; U.S.C.A. Const.Amend. 5. | To state a cause of action for inverse condemnation, the plaintiff must allege the defendant substantially participated in the planning, approval, construction, or operation of a public project or improvement which proximately caused injury to plaintiff's property. | "To state a cause of action for inverse condemnation, what must be alleged by the plaintiff?" |

| 3740 | Fry v. Blauvelt, 818 N.W.2d 123, 130 (Iowa, 2012) | 11 | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | Although district courts have discretion in deciding whether to enforce pretrial orders, "it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits." | " Is it incumbent upon a reviewing court to scrutinize the exercise of the discretion and to confine the exercise to reasonable limits, in matters of enforcement of pre-trial orders?" |
|------|------|------|------|------|------|
| 3741 | Tumlison v. Harville, 237 Ark. 113, 115-116 (Ark., 1963) | 5 | Discovery statute contemplates that party may, for good cause, be afforded opportunity to examine documents which themselves constitute evidence or which may reasonably be expected to lead to discovery of evidence. Ark.Stats. SS 28-348(b), 28-356. | That statute contemplates that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence, Ark.Stat.Ann.  28- 356 (Repl.1962), or which may reasonably be expected to lead to the discovery of evidence.  28-348(b). | "Can a discovery statute contemplate that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence?" |
| 3742 | Cywinski v. Binney, 488 F.Supp. 674, 675 (D.C.Md., 1980) | 2 | Test to determine whether an individual is entitled to conscientious objector status is the same for persons not yet inducted and persons in the military; essential elements are that person must be opposed to war in any form, his or her opposition must be based upon religious training and belief, and his or her objection must be sincere. | The test to determine whether an individual is entitled to conscientious objector status is the same for persons not yet inducted and persons in the military. There are three essential elements: the person must be opposed to war in any form, his or her opposition must be based upon religious training and belief, and his or her objection must be sincere. | What are the three basic tests to qualify as a conscientious objector? |
| 3743 | In re Goddard & Peterson, PLLC, 789 S.E.2d 835, 840 (N.C. App. 2016) | 10 | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule governing such requests if there is any objection whatsoever. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request. | "In order to avoid having requests for admissions deemed admitted, must a party respond within the period of the rule governing such requests if there is any objection whatsoever?" |
| 3744 | United States v.  Miller, 340 F.2d 421, 424 (C.A.4 (Md.), 1965) | 7 | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | It is immaterial whether the official action which the briber seeks to influence is right or wrong, in the sense that it is expected to result in pecuniary injury to the Government or that it calls upon the bribe recipient to do something other that what he is legally obligated to do. | "To constitute the offense of attempted bribery, is it immaterial whether the official action sought to be influenced is right or wrong? " |

| 3749 | Sherman T. v. Karyn N., 286 Neb. 468, 477, 837 N.W.2d 746, 754 (2013) | 11 | When a motion to dismiss alleged both lack of subject matter jurisdiction and failure to state a claim, the court should consider dismissal for lack of subject matter jurisdiction first and should then consider the failure to state a claim only if it determines that it has subject matter jurisdiction; similarly, when a motion to dismiss raises failure to state a claim and any combination of lack of jurisdiction over the person, insufficient process, and insufficient service, the court should consider the latter issues first and then consider dismissal for failure to state a claim only if it determines that it has personal jurisdiction and that process and service of process were sufficient. Neb. Sup. Ct. S 6-1112(b). | We have previously concluded that when a motion to dismiss raises both § 6–1112(b)(1) and § 6–1112(b)(6), the court should consider dismissal under § 6–1112(b)(1) first and should then consider dismissal under § 6–1112(b)(6) only if it determines that it has subject matter jurisdiction.11 Similarly, when a motion to dismiss raises § 6–1112(b)(6) and any combination of § 6–1112(b)(2), (4), and (5) the court should consider dismissal under § 6–1112(b)(2), (4), and (5) first and should then consider dismissal under § 6–1112(b)(6) only if it determines that it has personal jurisdiction and that process and service of process were sufficient | "Should a court consider dismissal for lack of jurisdiction or insufficient process, when a motion to dismiss raises a defense of failure to state a claim and any combination of lack of jurisdiction?" |
| 3750 | Jenkins v. A. R. Blossman, Inc., 60 So. 2d 131, 133 (La. Ct. App. 1952) | 1 | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | "'We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.'" | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? |
| 3752 | Layton v. Cook, 248 Miss. 690, 696–97 (Miss. 1964) | 3 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, 'and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal. | In the absence of statute to contrary does a pedestrian has the right to use and travel on a highway? |
| 3753 | Rash v. J.V. Intermediate, Ltd., 498 F.3d 1201, 1209 (C.A.10 (Okla.),2007) | 14 | Under Texas law, among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. Restatement (Second) of Agency S 13, comment. | Texas law recognizes several basic duties a fiduciary owes the principal: Among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. Id. at 200 (citing Restatement (Second) of Agency 13, cmt. | Does an agent owe a fiduciary duty to his principal? |

| 3754 | In re Guardianship of Guaman, 879 N.W.2d 668, 671 (Minn. App. 2016) | 1 | Special immigrant juvenile (SIJ) status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law. Immigration and Nationality Act, SS 101(a)(27)(J), 203(b)(4), 8 U.S.C.A. SS 1101(a)(27)(J), 1153(b)(4). | SIJ status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law. See 8 U.S.C. 1101(a)(27)(J) (defining SIJ status), 1153(b)(4) (2012) (establishing annual immigrant- visa allotment for those with SIJ status and others); see also In re Y.M., 207 Cal.App.4th 892, 144 Cal.Rptr.3d 54, 72 (2012); In re J.J.X.C., 318 Ga.App. | "Was Special Immigrant Juvenile (SIJ) status createdto protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent residents?" |
| 3756 | Eastern Savings Bank, FSB v. Cach, LLC, 124 A.3d 585, 590 (Del.Supr., 2015) | 4 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | What are the required elements of an equitable subrogation claim? |
| 3759 | Vested Bus. Brokers, Ltd. v. Ragone, 131 A.D.3d 1232, 1234, 17 N.Y.S.3d 447 (2015) | 1 | In seeking to vacate its default in appearing at a conference, a defendant must establish both a reasonable excuse for its default and a potentially meritorious defense to the action. McKinney's CPLR 5015(a)(1). | In seeking to vacate its default in appearing at a conference, a defendant must establish both a reasonable excuse for its default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1] | "In seeking to vacate its default in appearing at a conference, should a defendant establish both a reasonable excuse for its default and a potentially meritorious defense to the action?" |
| 3761 | In re Houston, 409 B.R. 799, 808–09 (D.S.C. 2009) | 21 | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) the party claiming subrogation has paid the debt; (2) the party was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity 9 . | What factors must be present for equitable subrogation to be appropriate? |

| 3762 | Tatum v. Townsend, 61 A.2d 478, 479 (D.C. 1948) | 4 | Rights of parties and status and condition of plaintiff's claim to be tested by the facts as they existed on the day suit was filed and not by what developed or what plaintiff was able to accomplish between the filing date and the time claim was filed. | We think the rights of the parties and the status and condition of plaintiff's claim are to be tested by the facts as they existed on the day the suit was filed, and not by what developed or what plaintiff was able to accomplish between the filing date and the time of the trial. | Are the rights of parties and status and condition of plaintiff's claim to be tested by the facts as they existed on the day suit were filed? |
| --- | --- | --- | --- | --- | --- |
| 3763 | Valley View Health Care, Inc. v. Chapman, 992 F. Supp. 2d 1016, 1039 (E.D. Cal. 2014) | 33 | As federal substantive law, the Federal Arbitration Act (FAA) preempts contrary state law; nonetheless, the FAA's preemption power has an exception, via the savings clause, in that it does not require the enforcement of arbitration agreements on such grounds as exist at law or in equity for the revocation of any contract. U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. S 2. | "As federal substantive law, the FAA preempts contrary state law." Mortensen, 722 F.3d at 1158. Nonetheless, the FAA's preemption power has an exception, via the 9 U.S.C. § 2 savings clause, in that it does not require the enforcement of arbitration agreements on "such grounds as exist at law or in equity for the revocation of any contract." | Does the Federal Arbitration Act pre-empt contrary state law? |
| 3764 | Federal Treasury Enterprise Sojuzplodoimport v. Spirits Intern. B.V., 61 F.Supp.3d 372, 381 (S.D.N.Y., 2014) | 5 | Pursuant to act of state doctrine, American courts will not inquire into validity of public acts of recognized foreign sovereign power committed within its own territory. | The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Can courts inquire into the validity of public acts of recognized foreign sovereign power committed within its own territory pursuant to the act of state doctrine? |
| 3767 | Murray v. Cadle Co., 257 S.W.3d 291, 300 (Tex. App. 2008) | 21 | Factors a court may consider in conducting equitable subrogation balancing test are the negligence of the party claiming subrogation, whether that party had notice of the intervening lien, and whether the intervening lienholder will be prejudiced if equitable subrogation is allowed. | Factors a court may consider in conducting this balancing test are the negligence of the party claiming subrogation, whether that party had notice of the intervening lien, and whether the intervening lienholder will be prejudiced if equitable subrogation is allowed. | What are the factors a court may consider in conducting a balancing test for claim of equitable subrogation? |
| 3768 | Webb v. Ensco Marine Co., 121 F. Supp. 2d 1049, 1050 (E.D. Tex. 2000) | 2 | Plaintiff who has state common law cause of action that also falls within federal admiralty jurisdiction may elect to bring suit either as admiralty action in federal court, or as state common law action in state court or in federal court, assuming he meets diversity jurisdiction requirements for federal court. | A plaintiff, however, "who has a state common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring the suit either as an admiralty action in federal court, or as a state common law action in state court or in federal court assuming he meets the diversity jurisdiction requirements for federal court." T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 586 (5th Cir.1983). | Can a plaintiff in an admiralty case pursue his common law remedies in a state court? |

| 3769 | Goldberg Realty Group v. Weinstein, 669 A.2d 187, 191 (Me. 1996) | 9 | Contractual right can be assigned unless substitution of right of assignee for right of assignor would materially change duty of obligor, or materially increase burden or risk imposed on him by contract. Restatement (Second) of Contracts S 317(2)(a). | "A contractual right can be assigned unless the substitution of a right of the assignee for the right of the assignor would materially change the duty of the obligor, or materially increase the burden or risk imposed on him by his contract." | Does substitution of right in favor of the assignee instead of the assignor materially increase the burden or risk on the obligor? |
| :-- | :-- | :-- | :-- | :-- | :-- |
| 3771 | Food Chem. News v. Davis, 378 F.Supp. 1048, 1051 (D.C. 1974) | 3 | Purpose of the Federal Advisory Committee Act of 1972 is to control the advisory committee process and to open to public scrutiny the manner in which government agencies obtain advice from private individuals. 5 U.S.C.A. App. I, SS 3(2), 9(a-c). | The purpose of the Federal Advisory Committee Act to control the advisory committee process and to open to public scrutiny the manner in which government agencies obtain advice from private individuals is furthered by the Court's action herein. | "Does Federal Advisory Committee Act, 1972 deal with government agencies obtaining advice from private individuals?" |
| 3772 | Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 685 (2010) | 23 | In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. 9 U.S.C.A. S 1 et seq. | In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. | What happens in a bilateral arbitration? |
| 3774 | Stoddard v. West Telemarketing, L.P., 501 F.Supp.2d 862, 874 (W.D.Tex., 2007) | 15 | In Texas, "libel" is defamation expressed in written form that tends to injure living person's reputation and thereby expose person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation, whereas "slander" is orally communicated defamation. V.T.C.A., Civil Practice & Remedies Code S 73.001. | Libel in Texas is, "a defamation expressed in written ... form that ... tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation...." TEX. CIV. PRAC. & REM.CODE ANN. 73.001 (Vernon 2007). "Slander is orally communicated defamation." | Does defamation cause an injury to a persons reputation? |
| 3775 | Department of Public Works and Bldgs. v. Kirkendall, 112 N.E.2d 611, 613, 415 Ill. 214, 218 (Ill. 1953) | 2 | The power and right of eminent domain is inherent in the sovereign state, existing independently of written constitutions or statutes thereof, regulated by appropriate legislation limited only by constitutional provision for compensation, and extending to every kind of property. S.H.A.Const. art. 2, S 13; S.H.A. ch. 47, S 1 et seq. | The power and right of eminent domain is inherent in the sovereign State, existing independently of written constitutions or statutory laws thereof, regulated by appropriate legislation, limited only by the constitutional provision for compensation, and extending to every kind of property. | Is the power and right of eminent domain regulated by legislation? |

| | | | | | |
|---|---|---|---|---|---|
| 3776 | Poindexter v. Sanco Corp., 44 N.C.App. 694, 699 (1980) | 2 | A bailor for hire, while not an insurer, may be liable for personal injuries to bailee or third persons proximately resulting from defective condition of a rented automobile while being used by bailee for purpose known to be intended, if bailor was aware of defective condition or by reasonable care and inspection could have discovered it. | A bailor for hire, while not an insurer, may be liable for personal injuries to the bailee or third persons proximately resulting from the defective condition of a rented automobile while being used by the bailee for the purpose known to be intended, if the bailor was aware of the defective condition or by reasonable care and inspection could have discovered it. | Is a bailor for hire an insurer? |
| 3777 | Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513, 532 (C.A.3 (Pa.),2009) | 14 | In determining whether parties have agreed to arbitrate, court cannot subject purported arbitration agreement otherwise within scope of Federal Arbitration Act (FAA) and satisfying its requirements to a standard more demanding than that which it would apply to other agreements under applicable state law. 9 U.S.C.A. S 1 et seq. | Because the FAA requires us to place arbitration agreements on an equal footing with other contracts when determining whether the parties have agreed to arbitrate, we cannot subject a purported arbitration agreement otherwise within the scope of the FAA and satisfying its requirements to a standard more demanding than that which we would apply to other agreements under the applicable state law. | What law do the courts apply to determine whether an agreement to arbitrate is enforceable? |
| 3778 | Grimm v. First Nat. Bank of Pennsylvania, 578 F.Supp.2d 785, 792 (Pa. 2008) | 2 | Federal law presumptively favors enforcement of arbitration agreements, and thus any doubts concerning scope of arbitrable issues should be resolved in favor of arbitration, whether problem at hand is construction of contract language itself or allegation of waiver, delay or other defense to arbitrability. 9 U.S.C.A. S 1 et seq. | Thus, "federal law presumptively favors the enforcement of arbitration agreements." To this end, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or the like defense to arbitrability." | Does the Federal Arbitration Act make agreements to arbitrate enforceable to the same extent as other contracts? |
| 3779 | City of San Diego v. California Coastal Com., 119 Cal. App. 3d 228, 232, 174 Cal. Rptr. 5 (Ct. App. 1981) | 1 | Opinion evidence of experts in discipline of environmental planning, often included within environmental impact reports, may constitute substantial evidence upon which California Coastal Commission may base its decision. | Finally, the opinion evidence of experts in the discipline of environmental planning, often included within environmental impact reports, may constitute substantial evidence upon which the Commission may have based its decision. | Does the opinion evidence of experts constitute substantial evidence upon which a commission may base its decisions? |

| 3780 | Brown v. Metzger, 455 N.E.2d 834, 836–37, 74 Ill.Dec. 405, 407–08, 118 Ill.App.3d 855, 858 (Ill.App. 2 Dist.,1983) | 1 | When one spouse is injured by negligence of a tort-feasor, other spouse may recover from the tort-feasor for the loss spouse suffered by virtue of injury to spouse; this loss, generally labeled "loss of consortium," includes material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity. | When one spouse (the impaired spouse) is injured by the negligence of another, the other spouse (the deprived spouse) may recover from the tortfeasor for the loss the deprived spouse suffered by virtue of the impaired spouse's injury. (Dini v. Naiditch (1960), 20 Ill.2d 406, 430, 170 N.E.2d 881) This loss, which is generally labeled a loss of consortium, includes "material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity." | Can a spouse maintain an action for loss of consortium against a tortfeasor who has caused injuries to the other spouse? |
| 3782 | Saunders v. Equifax Information Services, L.L.C., 469 F.Supp.2d 343, 348–49 (E.D.Va.,2007) | 2 | Compensatory and punitive damages serve different purposes; while compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct, punitive damages, by contrast, serve a broader function aimed at deterrence and retribution. | Compensatory and punitive damages serve different purposes. While compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct," State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (citations omitted), punitive damages, by contrast, serve a broader function aimed at deterrence and retribution, id. | Do compensatory damages and punitive damages serve different purposes? |
| 3783 | BCS Ins. Co. v. Wellmark, Inc., 410 F.3d 349, 351–52 (C.A.7 (Ill.),2005) | 2 | Language of the parties' agreement determines arbitrability, and while ambiguities in the language of the agreement should be resolved in favor of arbitration, courts do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated. 9 U.S.C.A. S 1 et seq. | The language of the parties' agreement determines arbitrability, and "[w]hile ambiguities in the language of the agreement should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." | Can the court override the intent of the parties to arbitrate or the plain text of the contract? |
| 3784 | Kovac v. Superior Dairy, Inc., 930 F.Supp.2d 857, 865 (N.D.Ohio, 2013) | 9 | The Federal Arbitration Act (FAA) manifests a liberal federal policy favoring arbitration agreements; accordingly, the FAA provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement. 9 U.S.C.A. S 1 et seq. | "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." | When does the Federal arbitration Act (FAA) provide for a stay of proceedings? |

| 3785 | In re A.W., 741 N.W.2d 793, 809 (Iowa,2007) | 17 | Federal preferences are granted to Indians not as a discrete racial group, but, rather, as members of quasi-sovereign tribal entities; as long as the special treatment can be rationally tied to the fulfillment of Congress' unique obligation toward the Indians, such legislative judgments will not be disturbed. | Thus, federal preferences are "granted to Indians not as a discrete racial group, but, rather, as members of quasi-sovereign tribal entities." "As long as the special treatment can be rationally tied to the fulfillment of Congress' unique obligation toward the Indians, such legislative judgments will not be disturbed. | What is the rationale behind the special treatment provided to Indians? |
|---|---|---|---|---|---|
| 3786 | Diop v. City of New York, 50 F.Supp.3d 411, 422 (S.D.N.Y., 2014). | 21 | An arresting officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if either: (1) it was objectively reasonable for the officer to believe that probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met. U.S.C.A. Const.Amend. 4. | "[A]n arresting officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if either: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." . | When can a police officer assert qualified immunity defense in a malicious prosecution claim? |
| 3787 | State v. Holland, 221 S.W.3d 639, 643 (Tex., 2007) | 10 | When the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent-domain powers and thus retains its immunity from suit; this is because the State may wear two hats: the State as a party to the contract and the State as sovereign. Vernon's Ann.Texas Const. Art. 1, S 17. | When the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent-domain powers and thus retains its immunity from suit. Id. at 598-99. This is because the State may "wear [ ] two hats: the State as a party to the contract and the State as sovereign. | Does the government lack the necessary intent to take under its eminent-domain powers when it acts pursuant to colorable contract rights? |
| 3789 | Lampkin ex rel. Lampkin v. Housing Management Resources, Inc., 220 N.C.App. 457, 463 (N.C.App., 2012) | 4 | Legal rights and liabilities must rest upon some reasonably settled basis, fixed either by the common law or by statute. | Legal rights and liabilities must rest upon some reasonably settled basis, fixed either by the common law or by statute.... | Must legal rights and liabilities rest upon reasonably settled basis fixed either by the common law or by statute? |
| 3790 | Gen. Tel. Co. of Sw. v. Bi-Co Pavers, 514 S.W.2d 168, 170 (Tex. App. 1974) | 2 | A "trespass" is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act it intends to commit is such a violation. | A trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. | Can a person be made liable for trespass even though the actor did not know his conduct would result in trespass but his actions were practically certain to have that effect? |
| 3791 | Kitterman v. Simrall, 924 S.W.2d 872, 878 (Mo. Ct. App. 1996) | 17 | Trespasser's liability for damages for natural, necessary, direct and proximate consequences of his or her wrongful act exists whether or not done in good faith and with reasonable care, in ignorance or under mistake of law or fact. | "A trespasser is liable for damages for the natural, necessary, direct, and proximate consequences of his wrongful act." Moore v. Dudley, 904 S.W.2d 496, 499 (Mo.App.1995) (citation omitted). This liability exists whether or not done in good faith and with reasonable care, in ignorance, or under mistake of law or fact. | Can a liability for trespass exist when acts are done in good faith? |

| 3792 | State v. Applegate, 668 S.W.2d 624, 628 (Mo.App. S.D., 1984) | 4 | Elements of the corpus delicti in a homicide case cannot be said to be established until it has been proved that the death was not self-inflicted, or due to natural causes or accident; the state must further prove, as an additional element, a criminal act of the defendant as cause of victim's death. | The elements of the corpus delicti cannot be said to be established until it has been proved that the death was not self-inflicted, nor due to natural causes or accident. The State must further prove, as an additional element, a criminal act of the defendant (his agency) as a cause of the victim's death. | "Will the elements of corpus delicti be met unless the state has shown that the death was not accidental, self-inflicted or due to natural causes?" |
| 3793 | Geller v. Kinney, 980 N.E.2d 390, 399 (Ind. App. 2012) | 9 | The doctrine of mitigation of damages creates an obligation on the part of a landlord to use such diligence as would be exercised by a reasonably prudent man under similar circumstances to re-let the premises, if possible, in order to mitigate damages resulting from a tenant's breach of lease. | As we explained: The doctrine of mitigation of damages creates an obligation on the part of the landlord to use such diligence as would be exercised by a reasonably prudent man under similar circumstances to re- let the premises, if possible, in order to mitigate damages resulting from the tenant's breach of lease. | Does the doctrine of mitigation of damages apply to landlords as well? |
| 3794 | Chelsea Square Textiles, Inc. v. Bombay Dyeing and Mfg. Co., Ltd., 189 F.3d 289, 295–96 (C.A.2 (N.Y.), 1999) | 5 | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Thus, we have stated that while  2 of the FAA preempts state law that treats arbitration agreements differently from any other contracts, 5  it also *296  "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." | Does the Federal Arbitration Act (FAA) preserve the general principles of state contract law? |
| 3795 | DeRosa v. Rambosk, 732 F.Supp.2d 1285, 1302 (M.D.Fla., 2010) | 24 | Under Florida law, malicious prosecution plaintiff need not allege actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others. | Under Florida law, "the plaintiff need not allege actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." | Is it necessary to prove actual malice in a malicious prosecution claim? |
| 3796 | Fiber Systems Intern., Inc. v. Roehrs, 470 F.3d 1150, 1161 (C.A.5 (Tex.), 2006) | 11 | Under Texas law, in order for defamatory oral statement to constitute slander per se, it must fall within one of four categories: (1) imputation of a crime; (2) imputation of a loathsome disease; (3) injury to person's office, business, profession or calling; or (4) imputation of sexual misconduct. | "For a defamatory oral statement to constitute slander per se, it must fall within one of four categories: (1) imputation of a crime, (2) imputation of a loathsome disease, (3) injury to a person's office, business, profession, or calling, and (4) imputation of sexual misconduct." | What kinds of statements constitute slander per se? |

| 3797 | Kala Investments, Inc. v. Sklar, 538 So.2d 909, 917 (Fla.App. 3 Dist., 1989) | 14 | "Equitable subrogation" is creature of equity which was developed to afford relief when one person has satisfied obligations of another and equity compels that person discharging debt stand and choose a person whose claim has been discharged, thereby succeeding to rights and priorities of original creditor. | "Equitable" subrogation is a creature of equity which was developed to afford relief "when one person has satisfied the obligations of another and equity compels that the person discharging the debt stand in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor." | Is the doctrine of equitable subrogation a creature of equity ? |
|---|---|---|---|---|---|
| 3798 | Texas Co. v. Miller, 165 F.2d 111, 115 (C.C.A.5 (Tex.), 1947) | 6 | "Subrogation" is a legal fiction by force of which an obligation extinguished by payment made by a third person, is treated as still subsisting for his benefit. | 'Subrogation is said to be a legal fiction by force of which an obligation, extinguished by payment made by a third person, is treated as still subsisting for his benefit. | "Is subrogation a legal fiction by force of which an obligation, extinguished by payment made by a third person, is treated as still subsisting for his benefit, or the procedure by which the equitable rights of one person are worked out through the legal rights of another?" |
| 3799 | Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1287 (C.A.11 (Ga.), 2007) | 14 | Subrogation is either legal or conventional: "legal subrogation" is an equitable doctrine and arises by operation of the law without any agreement to that effect between the parties; "conventional subrogation" rests on contract, arising where an agreement is made that the person paying the debt shall be subrogated to the rights and remedies of the original creditor. | Subrogation is either "legal" or "conventional." Legal subrogation is an equitable doctrine and arises by operation of the law without any agreement to that effect between the parties; conventional subrogation rests on contract, arising where "an agreement is made that the person paying the debt shall be subrogated to the rights and remedies of the original creditor." | Is subrogation either legal or conventional? |
| 3801 | Rupp v. Transcontinental Ins. Co., 627 F.Supp.2d 1304, 1326 (D.Utah, 2008) | 21 | Under Utah law, relief on a subrogation claim is available if the following conditions are met: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee made payment to protect his own rights or interest; (3) the subrogee did not act merely as a volunteer; and (4) the entire debt was paid. | Relief is available if the following conditions are met: (1) There must be a debt or obligation for which the subrogee [here, excess carrier Westchester] was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. | What conditions must be met for relief on a subrogation claim to be available? |

| 3802 | Eastern Savings Bank, FSB v. Cach, LLC, 124 A.3d 585, 590 (Del.Supr., 2015) | 4 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | What are the three elements of equitable subrogation? |
|---|---|---|---|---|---|
| 3803 | Eastern Savings Bank, FSB v. Cach, LLC, 124 A.3d 585, 590 (Del.Supr., 2015) | 4 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | What are the five factors that have been outlined as conditions precedent to the application of equitable subrogation? |
| 3805 | Lumbermens Mut. Cas. v. United States, 90 Fed. Cl. 558, 563 (2009) | 8 | "Subrogation" is a principle of equity whereby a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed. | Subrogation is a principle of equity whereby "a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed. | Is subrogation a principle of equity whereby a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed? |
| 3806 | Fuller v. Stonewall Cas. Co. of W. Va., 172 W.Va. 193, 197 (1983) | 8 | Where a guarantor pays to creditor debt on behalf of principal obligor, he is ordinarily entitled to be subrogated to rights of creditor as against principal obligor and accrue to such security as has been taken by creditor from principal obligor. | We are aware of general law to the effect that where a guarantor pays to the creditor the debt on behalf of the principal obligor, he is ordinarily entitled to be subrogated to the rights of the creditor as against the principal obligor and accrue to such security as has been taken by the creditor from the principal obligor. | "Where a guarantor pays to the creditor debt on behalf of a principal obligor, is he ordinarily entitled to be subrogated to the rights of a creditor as against the principal obligor and accrue to such security as has been taken by creditor from the principal obligor?" |
| 3807 | Bost v. Paulson's Enterprises, Inc., 343 N.E.2d 168, 171–72, 36 Ill.App.3d 135, 139 (Ill.App. 1976) | 1 | Doctrine of subrogation is broad enough to include every instance in which one person, not mere volunteer, pays debt for which another is primarily liable and which in equity and good conscience should have been discharged by latter. | The doctrine of subrogation **172 is broad enough to include every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter. | "Under the doctrine of ""subrogation,"" does a person who has paid a debt for which another is primarily liable succeed to the rights of the person whose debt has been paid in relation to the debt or claim?" |

| 3808 | Sun Valley Fin. Servs. of Phoenix v. Guzman, 212 Ariz. 495, 499 (2006) | 4 | "Equitable subrogation" is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | Equitable subrogation is the "substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." | "Is subrogation or equitable subrogation the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" |
| 3809 | DePuy, Inc. v. Farmer, 847 N.E.2d 160, 170 (Ind.,2006) | 18 | Common law subrogation is a doctrine of equity jurisprudence that arises by operation of law, that is to say it is created by the legal consequences of the acts and relationships of the parties, and thus is a legal fiction; it is designed to promote and to accomplish justice, and compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | Common law subrogation is "a doctrine of equity jurisprudence" that "arises by operation of law, that is to say it is created by the legal consequences of the acts and relationships of the parties, and thus is a legal fiction." 83 C.J.S. Subrogation 2, 4 at 499-500, 504 (2000) (citations omitted) accord 73 Am.Jur.2d Subrogation 1 at 541 (West 2001). It is "designed to promote and to accomplish justice, and … compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it." | Is common law subrogation a doctrine of equity jurisprudence that arises by operation of law and thus a legal fiction? |
| 3810 | DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So.2d 224, 227 (Fla.App. 1966) | 7 | Subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Subrogation is a 'creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it | "Does subrogation serve the purpose of limiting the possibility of a double recovery by the insured, and secures the ultimate discharge of the debt by the one who in equity and good conscience ought to pay it?" |
| 3811 | Bekele v. Lyft, Inc., 199 F.Supp.3d 284, 298 (D.Mass., 2016) | 17 | Even claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions. | "[E]ven claims arising under a statute designed to further important social policies may be arbitrated because 'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,' the statute serves its functions." | Can claims arising under a statute designed to further important social policies be arbitrated? |
| 3812 | Coronado v. Norman, 111 S.W.3d 838, 840 (Tex.App. Eastland,2003) | 1 | An appellant must establish four elements in order to be successful in a restricted appeal: (1) the petition must be brought within six months from the signing of the judgment, (2) by a party to the lawsuit, (3) who did not participate in the trial on the merits, and (4) the error must be apparent on the face of the record. Rules App.Proc., Rule 30. | An appellant must establish four elements in order to be successful in a restricted appeal: (1) the petition must be brought within six months from the signing of the judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) the error must be apparent on the face of the record. | What are the elements necessary to prevail on a restricted appeal? |

| 3814 | Premium Cigars Intern., Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557, 572 (Ct. App. 2004) | 39 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | 57 A motion in limine filed in a civil case "is generally used as a substitute for evidentiary objections at trial" and "as a means to exclude evidence from trial for violations of the disclosure rules." | Are pretrial motions in limine employed in civil cases as a means to exclude evidence from trial for violations of the disclosure rules? |
| 3815 | Seels v. Tenet Health System Hahnemann, LLC, 167 A.3d 190, 206 (Pa.Super., 2017) | 13 | A "motion in limine" is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | A motion in limine is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury? |
| 3816 | Adams v. Consolidated Rail Corp., 591 S.E.2d 269, 273, 214 W.Va. 711, 715 (W.Va.,2003) | 2 | Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court; a trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified. | Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court. A trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified | Is the trial court vested with the exclusive authority to determine when and to what extent an in limine order is modified? |
| 3820 | In re Weinberger's Estate, 203 Neb. 674, 680 (Neb., 1979) | 3 | Cause of action on covenant of warranty or for quiet enjoyment does not accrue in favor of covenantee until eviction or surrender by reason of a paramount title. | A cause of action on a covenant of warranty or for quiet enjoyment does not accrue in favor of the covenantee until eviction or surrender by reason of a paramount title. | Does a cause of action on a covenant of warranty or for quiet enjoyment accrue in favor of covenantee before eviction or surrender by reason of a paramount title? |
| 3821 | Denman v. Citgo Pipeline Co., 123 S.W.3d 728, 732 (Tex.App.-Texarkana, 2003) | 7 | A cause of action "accrues" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant. | A cause of action accrues when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant. | "Does a cause of action ""accrue"" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant?" |
| 3823 | Mary Ann Morse Healthcare Corp. v. Board of Assessors of Framingham, 74 Mass.App.Ct. 701, 703 (Mass.App.Ct.,2009) | 2 | While there is no precise number of persons who must be served in order for an organization to claim charitable status, and at any given moment an organization may service only a relatively small number of persons, membership in the class served must be fluid and must be drawn from a large segment of society or all walks of life. M.G.L.A. c. 59, S 5. | "While there is no 'precise number' of persons who must be served in order for an organization to claim charitable status, and 'at any given moment an organization may service only a relatively small number of persons,' membership in the class served must be 'fluid' and must be 'drawn from a large segment of society or all walks of life. | How many beneficiaries must be served for a charitable trust to be in existence? |

| 3824 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141, 1180 (D. Idaho 2011) | 47 | First element of act of state doctrine is whether there is an official act of a foreign sovereign performed within its own territory, not whether the named defendant is the foreign sovereign who performed that official act. | The first element of the Act of State Doctrine is whether there is an official act of a foreign sovereign performed within its own territory, not whether the named defendant is the foreign sovereign who performed that official act. | "Is the first element of the act of state doctrine whether there is an official act of a foreign sovereign performed within its own territory, and not whether the named defendant is the foreign sovereign who performed that official act?" |
|---|---|---|---|---|---|
| 3825 | U.S. v. Portrait of Wally, 663 F.Supp.2d 232, 247 (S.D.N.Y., 2009) | 2 | In determining whether the Act of State Doctrine applies, courts must be mindful of their obligation to decide cases and controversies properly presented to them; this in turn requires consideration of the policies underlying the Act of State doctrine and whether, despite the doctrine's technical availability, it should nonetheless not be invoked. | However, in determining whether the doctrine applies, courts must be mindful of their obligation "to decide cases and controversies properly presented to them." W.S. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701. This in turn requires consideration of the policies underlying the Act of State doctrine and "whether, despite the doctrine's technical availability, it should nonetheless not be invoked. | "In determining whether the Act of State Doctrine applies, must courts be mindful of their obligation to decide cases and controversies properly presented to them?" |
| 3826 | Mujica v. Occidental Petroleum Corp., 381 F.Supp.2d 1164, 1171 (C.D.Cal., 2005) | 4 | "Act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of public acts recognized foreign sovereign power committed within its own territory. | Act of state doctrine [4]  "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | Does the act of state doctrine in its traditional formulation preclude US courts from inquiring into validity of public acts? |
| 3828 | United States v.  Louisiana, 470 U.S. 93, 101-102 (U.S.La., 1969) | 2 | Three factors to be taken into consideration in determining whether a body of water is an historic bay are the exercise of authority over the area by the claiming nation, the continuity of that exercise of authority, and the acquiescence of foreign nations. | The Court also has noted that there appears to be general agreement that at least three factors *102  are to be taken into consideration in determining whether a body of water is a historic bay: (1) the exercise of authority over the area by the claiming nation; (2) the continuity of this exercise of authority; and (3) the acquiescence of foreign nations. | What are the three factors to be taken into consideration in determining whether a body of water is a historic bay? |
| 3830 | French v. Banco Nacional de Cuba, 23 N.Y.2d 46, 63, 242 N.E.2d 704 (1968) | 20 | The control of national currency and of foreign exchange is an essential governmental function; the state which coins money has power to prevent its outflow, and same reasoning is applicable to imposition of restraints upon transactions in foreign exchange. | In short, the control of national currency and of foreign exchange is an essential governmental function; the state which coins money has "power to prevent its outflow" (Ling Su Fan v. United States, 218 U. S. 302, 311; see, also, Nortz v. United States, 294 U. S. 317, 330, supra);and, as the court observed in Perry v. United States (294 U. S. 330, 356, supra.), "[t]he same reasoning is applicable to the imposition of restraints upon transactions in foreign exchange." | Is the control of national currency and of foreign exchange an essential governmental function? |

| 3833 | Doe v. Qi, 349 F.Supp.2d 1258, 1289 (N.D.Cal.,2004) | 13 | Act of state doctrine constitutes a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents. | Rather, it constitutes a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents. | Does the act of state doctrine constitute a prudential limitation upon the court's power to adjudicate the legality of the acts of a foreign state or its agents? |
|---|---|---|---|---|---|
| 3835 | Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903, 915, 294 N.Y.S. 648 (Sup. Ct.), aff'd, 253 A.D. 710, 1 N.Y.S.2d 640 (App. Div. 1937), and aff'd, 253 A.D. 710, 1 N.Y.S.2d 641 (App. Div. 1937), and aff'd sub nom. Moscow Fire Ins. Co. v. Bank of New York & Tr. Co., 280 N.Y. 286, 20 N.E.2d 758 (1939), aff'd sub nom. United States v. Moscow Fire Ins Co, 309 U.S. 624, 60 S. Ct. 725, 84 L. Ed. 986 (1940) | 11 | Purposes and objectives of provision in Constitution of Soviet government may not be overridden by construction which would defeat fundamental aim and object of Constitution and purposes behind it and ignore principles of state ownership and state control of property and use thereof by state which underlie Constitution. | Purposes and objectives of a constitutional provision may not be overridden by a construction which would defeat the fundamental aim and object of this Constitution and the purposes behind it and ignore the principles of State ownership and State control of property and the use thereof by the State which underlie it. | Can purposes and objectives of provisions in a State's Constitution be overridden by construction? |
| 3836 | Miller v. U.S., 921 F.Supp. 494, 499 (N.D.Ohio,1996) | 14 | Act-of-state doctrine does not apply to challenges in United States courts to validity or legality of acts of United States government. Restatement (Third) of the Foreign Relations Law of the United States S 443 comment. | The act-of-state doctrine "does not apply to challenges in courts in the United States to validity or legality of acts of the United States government." Restatement (Third) of the Foreign Relations Law of the United States  443, comm. | Does the act-of-state doctrine apply to challenges in United States courts to validity or legality of acts of United States government? |
| 3837 | Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1089 (C.A.9 (Nev.),2009) | 15 | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when that question is not in the case, neither is the act of state doctrine. | The Supreme Court's leading contemporary act of state decision-W.S. Kirkpatrick-encapsulated the doctrine in this way: "Act of state issues only arise when a court must decide-that is, when the outcome of the case turns upon- the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine." | Do act-of-state issues arise only when the outcome of a case turns upon the effect of an official action by a foreign sovereign? |
| 3839 | Nesvig v. Nesvig, 712 N.W.2d 299, 307 (N.D.,2006) | 13 | Any order sustaining a motion in limine and excluding evidence is interlocutory in nature and subject to change by the district court during the course of the trial. | Therefore, any order sustaining a motion in limine and excluding evidence is interlocutory in nature and subject to change by the district court during the course of the trial. | Is any order sustaining a motion in limine and excluding evidence interlocutory in nature subject to change by the district court during the course of the trial? |

| 3840 | Hawkes v. Casino Queen, Inc., 336 Ill. App. 3d 994, 1005 (2003) | 13 | The circuit court is vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence. | The circuit court is vested with broad discretion to grant a motion in limine "as part of its inherent power to admit or exclude evidence." | Is the circuit court vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence? |
|---|---|---|---|---|---|
| 3842 | Luke v. Omega Consulting Grp., LC, 194 N.C. App. 745, 750, 670 S.E.2d 604, 609 (2009) | 5 | A "motion in limine" seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial and is recognized in both civil and criminal proceedings. | A motion in limine seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial" and is recognized in both civil and criminal proceedings. | "Does a ""motion in limine"" seek pretrial determination of the admissibility of evidence proposed to be introduced at trial and is recognized in both civil and criminal proceedings?" |
| 3844 | Austin v. Shampine, 948 S.W.2d 900, 912 (Tex.App. Texarkana,1997) | 22 | When no objection is made to violation of motion in limine, trial court may assume moving party has determined not to oppose introduction of evidence. | When no objection is made to violation of a motion in limine, the trial court may assume the moving party has determined not to oppose the introduction of the evidence. | "In the event there is no objection made as to a violation of motion in limine, may a trial court assume a party has determined not to object to the introduction of evidence?" |
| 3845 | Inner City Wrecking Co. v. Bilsky, 51 Ohio App.2d 220, 225–26 (Ohio App. 1977) | 4 | If trial judge requires that pretrial statements be filed, and also requires that counsel exchange reports of expert witnesses expected to be called by each party, but a party's pretrial statement does not indicate full compliance with the requirement that a report of its expert witness be furnished, only then may trial court impose sanction that expert witness will not be permitted to testify at trial. Rules of Common Pleas-Cuyahoga County, rule 21, pt. I(A). | If the judge does require that Pretrial Statements be filed, and also requires that counsel exchange reports of expert witnesses expected to be called by each party, but a party's Pretrial Statement does not indicate full compliance with the requirement that a report of its expert witness be furnished, only then may the court impose the sanction written into Local Rule 21, Part I(A), that the expert witness "will not be permitted to testify at the trial." | Is the failure to file a responsive pre-trial memorandum grounds for the imposition of sanctions? |
| 3847 | Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421, 429 (1950) | 6 | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person.' | Is a public utility subject to the same rules as a private person when it acts in a private capacity? |
| 3848 | Mayer v. First Nat. Bank of Or., 260 Or. 119, 130 (Or. 1971) | 3 | A surety who is compelled to pay the debt of his principal becomes subrogated only to rights and remedies of creditor which are in existence immediately prior to the payment. | A surety who is compelled to pay the debt of his principal becomes subrogated only to rights and remedies of the creditor which are in existence immediately prior to the payment. | Does a surety who is compelled to pay the debt of his principal become subrogated only to rights and remedies of a creditor which are in existence immediately prior to the payment? |

| 3849 | National Union Fire Ins. Co. of Pittsburgh, PA v. Keck, Mahin & Cate, 154 S.W.3d 714, 723 (Tex. App. 2004) | 9 | A legal-malpractice claim does not arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action. | This means a legal- malpractice claim does not arise "until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action." Id. | Does a legal-malpractice claim arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action? |
|---|---|---|---|---|---|
| 3850 | Brinkmann v. Common School Dist. No. 27 of Gasconade Cnty., 238 S.W.2d 1, 5 (Mo.App. 1951) | 3 | A cause of action accrues at time when its owner may legally invoke aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit. | A cause of action accrues at the time when its owner may legally invoke the aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit.' | Does a cause of action accrue at the time when its owner has a present right to institute and maintain an action or suit? |
| 3851 | In re Nichols, 440 F.3d 850, 854 (6th Cir. 2006) | 2 | While bankruptcy laws have long been construed to authorize impairment of contractual obligations, power of bankruptcy laws is subject to the Fifth Amendment's prohibition against taking property without just compensation. U.S.C.A. Const.Amend. 5. | Bankruptcy laws have long been construed to authorize the impairment of contractual obligations. United States v. Security Indus. Bank, 459 U.S. 70, 74, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) (citing Hanover Nat'l Bank v. Moyses, 186 U.S. 181, 188, 22 S.Ct. 857, 46 L.Ed. 1113 (1902)). The power of the bankruptcy laws, however, is subject to the Fifth Amendment's prohibition against taking property without just compensation. | Is the power of the bankruptcy laws subject to the Fifth Amendment's prohibition against taking property without just compensation? |
| 3852 | Shewfelt v. United States, 104 F.3d 1333, 1337 (C.A.Fed., 1997) | 3 | Where entity other than United States took action that resulted in injury to private property United States may be held liable for a taking only if its involvement is sufficiently direct and substantial to require compensation under Fifth Amendment. U.S.C.A. Const.Amend. 5. | Where, as here, an entity other than the United States took the action that resulted in the injury to private property, the United States may be held liable for a taking only if its involvement "is sufficiently direct and substantial to require compensation under the Fifth Amendment." | Will there be a taking if the government's involvement is sufficiently direct and substantial to require compensation? |
| 3853 | Doe v. Exxon Mobil Corporation, 69 F.Supp.3d 75, 87 (D.D.C., 2014) | 7 | "Act of state doctrine" requires American courts to presume the validity of an official act of a foreign sovereign performed within its own territory. | The act of state doctrine "requires American courts to presume the validity of an official act of a foreign sovereign performed within its own territory." | Does the act of state doctrine require American courts to presume the validity of an official act of a foreign sovereign performed within its own territory? |

| 3854 | World Wide Mins., Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C. Cir. 2002) | 8 | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires that, in the process of deciding a case, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | When it does apply, the doctrine serves as " 'a rule of decision for the courts of this country,' " id. at 405, 110 S.Ct. at 704 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 314, 62 L.Ed. 733 (1918)), which requires that, "in the process of deciding [a case], the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid," id. at 409, 110 S.Ct. at 707. | "When it applies, does the act of state doctrine serves as a rule of decision for the courts of the United States?" |
| 3855 | Eckert Intern., Inc. v. Government of Sovereign Democratic Republic of Fiji, 834 F.Supp. 167, 171 (E.D.Va.,1993) | 6 | Act of state doctrine is typically characterized by two elements: act undertaken by foreign state must be public, and act must be completed within sovereign's territory. | The act of state doctrine is typically characterized by two elements, neither of which is present here. First, the act undertaken by the foreign state must be public, and second, the act must be completed within the sovereign's territory. | "Is the act of state doctrine typically characterized by an act undertaken by foreign state, which must be public, and must the act be completed within the sovereign's territory?" |
| 3856 | In re Philippine Nat'l. Bank, 397 F.3d 768, 773 (9th Cir. 2005) | 3 | Although the act of state doctrine is normally inapplicable to court judgments arising from private litigation, there is no inflexible rule preventing a judgment sought by a foreign government from qualifying as "act of state." | Although the act of state doctrine is normally inapplicable to court judgments arising from private litigation, there is no inflexible rule preventing a judgment sought by a foreign government from qualifying as an act of state. | "Is there an inflexible rule preventing a judgment sought by a foreign government from qualifying as ""act of state""?" |
| 3857 | National Coalition Government of Union of Burma v. Unocal, Inc., 176 F.R.D. 329, 353 (C.D.Cal.,1997) | 37 | Where policies underlying act of state doctrine militate against its application, doctrine should not apply, even to claims that foreign government's actions are or were invalid. | As noted above, where the policies underlying the doctrine militate against its application, the act of state doctrine should not apply, even to claims that a foreign government's actions are or were invalid. | "Where policies underlying the act of state doctrine militate against its application, should the doctrine apply, even to claims that foreign government's actions are or were invalid?" |
| 3858 | Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1533, (C.A.D.C.,1984) | 34 | Act of state doctrine prevents judicial relief for certain claims that would require court to pass on validity of acts of foreign state. | The act of state doctrine prevents judicial relief for certain claims that would require the court to pass on the validity of acts of a foreign state. | Does the act of state doctrine prevent judicial relief for certain claims that would require court to pass on validity of acts of foreign state? |
| 3859 | In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 817, 831 (Fla. 1984) | 9 | Act of state doctrine is primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch; it is aimed at preventing judicial interference with conduct of foreign relations by questioning validity of acts of foreign sovereigns in context of a civil suit. | The act of state doctrine is primarily designed to avoid impingement by the judiciary upon the conduct of foreign policy by the Executive Branch. It is aimed at preventing judicial interference with the conduct of foreign relations by questioning the validity of the acts of foreign sovereigns in the context of a civil suit. | Is the act of state doctrine primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch? |

| | | | | | |
|---|---|---|---|---|---|
| 3860 | Kruman v. Christie's Intern. PLC, 129 F.Supp.2d 620, 626 (S.D.N.Y.,2001) | 3 | The power of the United States to prescribe a rule of conduct for extraterritorial transactions, its "prescriptive jurisdiction," depends, generally, on those transactions having a substantial effect within United States territory. Restatement (Third) of Foreign Relations Law SS 402, 402(1)(c). | The power of the United States to prescribe a rule of conduct for extraterritorial transactions, its prescriptive jurisdiction, depends, so far as is relevant here, on those transactions having a substantial effect within U.S. territory. | Does the power of the United States to prescribe a rule of conduct for extraterritorial transactions depend on those transactions having a substantial effect within United States territory? |
| 3861 | Environmental Tectonics v. W.S. Kirkpatrick, Inc., 847 F.2d 1052, 1057–58 (C.A.3 (N.J.),1988) | 1 | Under the "act of state doctrine," courts will refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders. | Under the doctrine, the courts of this country will refrain from judging the validity of a foreign state's governmental *1058 acts in regard to matters within that country's borders. | "Under the ""act of state doctrine,"" will courts refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders?" |
| 3862 | Hargrove v. Underwriters at Lloyd's, London, 937 F. Supp. 595, 600 (S.D. Tex. 1996) | 1 | "Act of state doctrine" is judge-made prudential rule that prevents United States courts from sitting in judgment on official acts of foreign sovereigns. | The act of state doctrine is a "judge-made prudential rule that prevents United States courts from sitting in judgment on the official acts of foreign sovereigns." | Is the Act of state doctrine a judge-made prudential rule that prevents United States courts from sitting in judgment on official acts of foreign sovereigns? |
| 3863 | Lernout & Hauspie Speech Products, N.V. v. Stonington Partners, Inc., 268 B.R. 395, 399 (D.Del.,2001) | 4 | Doctrine of international comity requires domestic courts to give effect to executive, legislative, and judicial acts of foreign sovereign. | The doctrine of international comity requires a domestic court to give effect to executive, legislative, and judicial acts of a foreign sovereign. | "Does the doctrine of international comity require domestic courts to give effect to executive, legislative, and judicial acts of foreign sovereign?" |
| 3864 | Du Daobin v. Cisco Systems, Inc., 2 F.Supp.3d 717, 725 (D.Md., 2014) | 8 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | "According to act of state doctrine, is every sovereign bound to respect independence of every other sovereign state?" |
| 3866 | Hamilton v. Thomasville Med. Assocs., 187 N.C. App. 789, 792 (2007) | 4 | The court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature, and therefore, the court's ruling on the motion is subject to modification during the course of the trial. | Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion in limine is subject to modification during the course of the trial. | "Is the court's ruling on a motion in limine a final ruling on the admissibility of the evidence in question, or is it subject to modification during the course of the trial?" |
| 3867 | Reese v. Proppe, 3 Ohio App.3d 103, 107 (Ohio App.,1981) | 7 | An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of court which merely regulates procedure prior to trial. | An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial. | Is an order depriving a party of his or her day in court too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial? |

| 3868 | In re Schubert, 437 B.R. 787, 792 (Bkrtcy.D.Md.,2010) | 2 | Under Maryland law, as soon as surety pays the debt of principal debtor, equity subrogates him to place of creditor that is paid and gives him every right, lien, security to which creditor could have resorted for payment of debt. | So soon as a surety pays the debt of a principal debtor, equity subrogates him to the place of the creditor and gives him every right, lien, and security to which the creditor could have resorted for the payment of his debt.' | "Upon paying the debt, is a surety, as a matter of law, subrogated to all the creditor's rights against the principal debtor and is it entitled to all benefits derivable from any security of the principal debtor that may be in the creditor's hands?" |
| --- | --- | --- | --- | --- | --- |
| 3869 | Hand v. Pettitt, 258 Ga. App. 170, 171 (2002) | 1 | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial. | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pre-trial evidentiary ruling on the admission of evidence without the trial court having any evidentiary foundation for the ruling in the context of the trial. | May a motion in limine be used when the movant seeks a ruling on the admissibility of evidence prior to trial? |
| 3871 | San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, Inc., 73 Cal. App. 4th 517, 520, 86 Cal. Rptr. 2d 473 (1999) | 20 | Without a vested, legally enforceable property interest, there is no basis for compensation in an inverse condemnation proceeding for loss of future business. West's Ann.Cal. Const. Art. 1, S 19. | Without a vested, legally enforceable property interest, there is no basis for compensation in an inverse condemnation proceeding for loss of future business. | "Without a vested, legally enforceable property interest, is there a basis for compensation in an inverse condemnation proceeding for loss of future business?" |
| 3872 | State v. Moore, 215 So. 3d 951, 962 (La.App. 5 Cir., 2017) | 9 | To support a conviction for attempted forcible rape, the State must prove that defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishment of his objective. La. Rev. Stat. Ann. SS 14:27, 14:42.1. | To support a conviction for attempted forcible rape, the State must prove that defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishment of his objective. See La. R.S. 14:27 and 14:42.1. | Is specific intent of the defendant required to be proved in an attempted rape conviction? |
| 3873 | Burke v. Insurance Auto Auctions Corp., 169 S.W.3d 771, 776 (Tex.App. Dallas,2005) | 13 | If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues, for statute of limitations purposes, from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort. | If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort. | Does a tort cause of action accrue until an injury is sustained? |

| | | | | | |
|---|---|---|---|---|---|
| 3875 | Rodriguez v. Swartz, 111 F.Supp.3d 1025, 1035 (D.Ariz., 2015) | 5 | Three factors are relevant to determine the extraterritorial application of the Constitution: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right, including but not limited to the consequences for United States actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | The Supreme Court stated three factors relevant to determining the extraterritorial application of the Constitution (specifically the Suspension Clause) in Boumediene : (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. 553 U.S. at 766-71, 128 S.Ct. 2229. The relevant obstacles included, but were not limited to, the consequences for U.S. actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | Which three factors are relevant to determine the extraterritorial application of the Constitution? |
| 3876 | eBay, Inc. v. Bidder's Edge, Inc., 100 F.Supp.2d 1058, 1069–70 (N.D.Cal., 2000) | 8 | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | In order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization *1070 interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | Can unauthorized access to a computer system be considered a trespass? |
| 3877 | Downs v. Lyles, 41 So.3d 86, 92 (Ala.Civ.App.,2009) | 6 | Punitive damages are available to a plaintiff in a trespass action, even if only nominal damages are awarded, if the trespass is attended by rudeness, wantonness, recklessness, or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence. | Punitive damages are also available to a plaintiff in a trespass action, even if only nominal damages are awarded, "if the trespass is attended by rudeness, wantonness, recklessness or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence." | Can punitive damages be awarded in a trespass action? |
| 3878 | Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex.,1990) | 3 | Cause of action generally accrues at time when facts come into existence which authorize claimant to seek judicial remedy, for purposes of application of statute of limitations. | For the purposes of application of statute of limitations, a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy. | Does a cause of action accrue when facts have come into existence that authorize a claimant to seek a judicial remedy? |

| 3879 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995, 996, 97 Cal. Rptr. 2d 294 (2000), as modified (June 29, 2000), as modified (July 18, 2000) | 1 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | A cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or when there is actual and appreciable harm to the property. | Does a cause of action for damage to real property accrue when the defendant's act causes immediate and permanent injury to the property? |
|---|---|---|---|---|---|
| 3880 | Callahan v. Com., 416 Mass. 1010, 1010, 625 N.E.2d 547, 548 (1994) | 1 | In absence of order from judge, superior court clerk should not have refused to docket defendant's notice of appeal from denial of his motion to revise or revoke his amended sentence; clerk acts as ministerial officer of courts who is subject to direction of courts in performance of his duties, one of which is acceptance and filing of papers pertaining to litigation. | The clerk acts as "a ministerial officer of the courts … [who] is subject to the direction of the courts in the performance of his duties." Patrick v. Dunbar, 294 Mass. 101, 104, 200 N.E. 896 (1936).One such duty is the acceptance and filing of papers pertaining to litigation. In the absence of an order from a judge, the clerk should not have refused to docket the petitioner's notice of appeal. | Is a clerk of courts subject to the direction of the courts in the performance of his duties? |
| 3881 | City of Tyler v. Likes, 962 S.W.2d 489, 504–05 (Tex., 1997) | 36 | Person's property may be taken, damaged or destroyed by government, and therefore require compensation under State Constitution, if injury results from either construction of public works or their subsequent maintenance and operation. Vernon's Ann.Texas Const. Art. 1, S 17. | A person's property may be "taken, damaged or destroyed" and therefore *505 require compensation if an injury results from either the construction of public works or their subsequent maintenance and operation. | Can there be a claim of compensation if an injury results from either the construction of public works or their subsequent maintenance and operation? |
| 3882 | Bagford v. Ephraim City, 904 P.2d 1095, 1098 (Utah,1995) | 5 | Under general principles of eminent domain, property is not limited to land or improvements thereon; every species of property that public needs may require, including legal and equitable rights of every description, is liable to be appropriated. | Under general principles of eminent domain, property is not limited to land or improvements thereon, id., but " '[e]very species of property which the public needs may require, … [including] legal and equitable rights of every description-[is] liable to be thus appropriated.' | "Are every species of property which the public needs, liable to be appropriated?" |
| 3883 | Dodge Data & Analytics LLC v. iSqFt, Inc., 183 F.Supp.3d 855, 874 (S.D.Ohio, 2016 | 43 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | Can the impairment of the chattel result in liability for trespass to chattel? |

| 3884 | Zebra v. Sch. Dist. of City of Pittsburgh, 449 Pa. 432, 437, 296 A.2d 748, 750 (1972) | 4 | Courts should not function as super school boards and should not interfere with the discretionary exercise of a school board's power unless the action was based on a misconception of law, ignorance through lack of inquiry into facts necessary to form an intelligent judgment or the result of arbitrary will or caprice. | Courts are further restrained, when dealing with matters of school policy, by the long-established and salutary rule that the courts should not function as super school boards. We will not interfere with the discretionary exercise of a school board's power unless the action was based on 'a misconception of law, ignorance through lack of inquiry into facts necessary to form an intelligent judgment or the result of arbitrary will or caprice.' | Can courts interfere with a school district's discretion regarding school policy? |
|---|---|---|---|---|---|
| 3886 | In re Am. Freight Sys., 179 B.R. 952, 963 (Kan. 1995) | 25 | Fifth Amendment takings clause prevents government from forcing small segment of people to bear burdens that should in fairness be borne by public as whole. U.S.C.A. Const.Amend. 5. | The Takings Clause prevents the government from forcing a small segment of people to bear burdens which should in fairness be borne by the public as a whole. | Does the Takings Clause prevent the government from forcing a small segment of people to bear burdens which should in fairness be borne by the public as a whole? |
| 3887 | T. M. Zimmerman Co. v. Pennsylvania Pub. Util. Comm'n, 195 Pa. Super. 77, 85, 169 A.2d 322, 326 (1961) | 2 | Type of service contemplated at time of original application is a significant consideration in determining extent of authority granted by certificate of public convenience. | In determining the extent of the authority granted in a certificate of public convenience, the type of service contemplated at the time of the original application is a significant consideration. | Is the type of service contemplated at the time of the original application where the extent of authority granted in a certificate of public convenience is to be determined? |
| 3890 | Rogers v. Allis Chalmers Mfg. Co., 85 Ohio App. 421, 424 (Ohio App. 1949) | 3 | Right to participate in compensation fund is wholly statutory and is not dependent on principles of common law whereby master or principal is sought to be held liable for torts of a servant or agent upon application of doctrine of respondeat superior. | The right to participate in the Workmen's Compensation Fund is wholly statutory, and is in no way dependent upon the principles of the common law, whereby a master or principal is sought to be held liable for the torts of a servant or agent upon application of the doctrine of respondeat superior. | Is there a right to participate in the workers compensation fund if that right is not found in the workers compensation statute? |
| 3892 | Edward Balf Co. v. Town of East Granby, 207 A.2d 58, 60, 152 Conn. 319, 323 (Conn. 1965) | 2 | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | On the other hand, in the case of actions praying for a declaratory judgment or injunctive relief, since the remedy sought is prospective, the right to such relief is determined by the situation which has developed at the time of trial and not by that existing at the time the action was begun. | Is the right to relief in an action for declaratory judgment or injunction determined by the situation which has developed at the time of trial? |

| 3894 | Haney v. N. Dakota Workers Comp. Bureau, 518 N.W.2d 195, 201 (N.D. 1994) | 6 | Regardless of its value to employers or employees, legislative decision to extend workers' compensation coverage to any group is a matter of legislative grace, and because the legislature created the remedy, it can impose reasonable limits on it. | Regardless of its value to employers or employees, a legislative decision to extend workers compensation coverage to any group is "a matter of legislative grace." Because the legislature created the remedy of workers compensation benefits, it can impose reasonable limits on it. | Is the legislative decision to extend workers compensation coverage to any group a matter of legislative grace? |
| 3895 | Rosicrucian Fellowship v. Rosicrucian Fellowship Nonsectarian Church, 39 Cal. 2d 121, 122, 245 P.2d 481 (1952) | 5 | In action in nature of equitable proceeding, court may consider facts as they existed at time of trial so that interest of justice may be subserved. | In an action in the nature of an equitable proceeding, the court may consider the facts as they existed at the time of trial so that the interests of justice may be subserved. | "In action in nature of equitable proceeding, court may consider facts as they existed at time of trial so that interest of justice may be subserved?" |
| 3896 | Civil Aeronautics Board of Civil Aeronautics Authority v. Canadian Colonial Airways, 41 F.Supp. 1006, 1008 (D.C.N.Y. 1940) | 4 | Equity always speaks as of the date of its decree, and facts intermediate the filing date of the complaint and the time of trial, are, in consequence, relevant and material to main issue. | Furthermore, equity always speaks as of the date of its decree, and facts intermediate the filing date of the complaint and the time of trial are, in consequence, relevant and material to the main issue. | "Since equity always speaks as of the date of its decree, are facts about the filing date of the complaint relevant and material to the main issue?" |
| 3897 | Countryside Developers, Inc. v. Peterson, 620 N.W.2d 124, 129, 9 Neb.App. 798, 804 (Neb.App., 2000) | 7 | Relief ordinarily granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered. | The relief ordinarily granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered. | "Is relief ordinarily granted in equity such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered?" |
| 3899 | In re Sheena B., 83 A.D.3d 1056, 1057, 922 N.Y.S.2d 176 (2011) | 1 | Ordinarily a party cannot be compelled to litigate and, absent special circumstances, party's motion for voluntary discontinuance should be granted; however, particular prejudice to the opposing party or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, at times, obligatory. McKinney's CPLR 3217(b). | "[O]rdinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. Particular prejudice to the [child] or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or . . . [at times] obligatory" | Should a party's motion for voluntary discontinuance be granted absent special circumstances? |
| 3901 | Tucker v. Tucker, 55 N.Y.2d 378, 383, 434 N.E.2d 1050 (1982) | 1 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted (4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06). | "Can a party be compelled to litigate and, absent special circumstances, should discontinuance be granted?" |

| 3902 | State, Dep't of Health & Welfare v. Housel, 140 Idaho 96, 102, 90 P.3d 321, 327 (2004) | 19 | Generally, voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties is a matter of right; plaintiff need not obtain a court's consent to do so. Rules Civ.Proc., Rule 41(a)(1). | The first and second methods, covered by I.R.C.P. 41(a)(1), provide for dismissal by notice or by stipulation of the parties. The third method, contained in I.C.R. 41(a)(2), provides for dismissal by order of the court. " 'Generally, voluntary dismissal under I.C.R. 41(a)(1) is a matter of right; the plaintiff need not obtain the court's consent to do so.' " | Is a voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties a matter of right and plaintiff need not obtain a court's consent to do so? |
| --- | --- | --- | --- | --- | --- |
| 3903 | State ex rel. Mott v. Board of Education of Darke Cnty., 37 N.E.2d 660, 665 (Ohio App. 1941) | 3 | In exercising extraordinary power of mandamus, the court is not limited to a consideration of the facts and conditions as they existed at time the proceeding was initiated, but rather it should take into consideration facts arising at time it determines whether to issue a peremptory writ. | When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue. | "In a mandamus proceeding, must a court consider facts and conditions existing at the time it determines whether to issue a peremptory writ?" |
| 3904 | Kreeger v. Drummond, 235 N.C. 8, 13, 68 S.E.2d 800, 804 (1952) | 3 | The constitutional provision requiring maintenance of one or more public schools in each school district for at least six months in every year does not apply to high schools. Const. art. 9, S 3. | [3]  The Constitution of this State, Article IX, section 3, requires the maintenance of one or more public schools in each school district for at least aix months in every year, but this mandate does not apply to high schools. Elliott v. State Board of Equalization, 203 N.C. | Does the constitutional provision requiring maintenance of one or more public schools in each school district for at least six months in every year apply to high schools? |
| 3905 | Tunny v. Erie Ins. Co., 790 N.E.2d 1009, 1014 (Ind.App., 2003) | 3 | The injured employee is entitled to the worker's compensation benefits regardless of whether or not any action is taken against the third party tort-feasor, a settlement or judgment is acquired by the injured employee, or the injured employee is able to collect against the tort-feasor. | More importantly, as alluded to by our Supreme Court in Spangler, Jennings & Dougherty P.C., the injured employee is entitled to the worker's compensation benefits regardless of whether or not any action is taken against the third party tortfeasor, a settlement or judgment is acquired by the injured employee, or the injured employee is able to collect against the tortfeasor. | Is an injured employee entitled to the worker's compensation benefits regardless of whether or not a settlement or judgment is acquired by the injured employee? |

| | | | | | |
|---|---|---|---|---|---|
| 3906 | Singer Co. v. Tappan Co., 403 F. Supp. 322, 329 (D.N.J., 1975) | 2 | In interpreting scope of arbitration clause, federal courts are not to apply traditional rules of construction, but, rather, rule requires clearly expressed intent not to arbitrate issue before such issue can be ruled one for judicial determination; and, if issue is doubtful one, it is to be resolved in favor of arbitration. 9 U.S.C.A. SS 1-14. | What emerges then is this principle, that in interpreting the scope of an arbitration clause, that is, in endeavoring to determine what the parties intended would be arbitrable, federal courts are not to apply the traditional rules of construction, but rather a federal rule that seemingly requires a clearly expressed intent not to arbitrate an issue to before such issue can be ruled on for judicial determination; and, further, that if the issue is a doubtful one, the doubt is to be resolved in favor of arbitration. | How do courts interpret the scope of an arbitration clause to determine what the parties intended to be arbitrable? |
| 3908 | Tucker v. Tucker, 55 N.Y.2d 378, 383, 434 N.E.2d 1050 (1982) | 1 | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted (4 Weinstein-Korn-Miller, NY Civ Prac, par 3217.06). | Can a party be compelled to litigate and leave to discontinue a cause of action granted absent special circumstances? |
| 3909 | Turco v. Turco, 117 A.D.3d 719, 720, 985 N.Y.S.2d 261 (2014) | 4 | In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted. McKinney's CPLR 3217(b). | "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (Wells Fargo Bank, N.A. v Chaplin, 107 AD3d at 883 [internal quotation marks omitted] | "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, should a motion for a voluntary discontinuance be granted?" |
| 3911 | Detox Industries, Inc. v. Leeds, 770 S.W.2d 912, 915 (Tex.App.-Amarillo, 1989) | 4 | Right of plaintiff to take nonsuit exists from moment that written motion is filed, and trial judge has ministerial duty to grant motion. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | The right exists from the moment the written motion is filed, and the trial judge has a ministerial duty to grant the motion. | "Does the right of a plaintiff to take nonsuit exist from a moment that a written motion is filed, and does the trial judge have a ministerial duty to grant the motion?" |

| 3912 | Rives v. Starcke, 195 La. 378, 388 (La. 1940) | 8 | A motion to discontinue a case that has not been submitted to the judge for decision cannot be regarded as an interference with the authority of the judge to render the judgment he sees fit, since he has no authority to render a judgment in a case that has not been submitted to him for decision. Code Prac. arts. 491, 492. | There would be some justification for that argument in a case that was submitted to the judge for decision before the plaintiff moved to discontinue the suit, -if the wording of article 491 of the Code of Practice left room for the argument; but a motion to discontinue a case that has not been submitted to the judge for decision cannot be regarded as an interference with the authority of the judge to render such judgment in the case as he sees fit, because he has no authority to render a judgment in a case that has not been submitted to him for decision. | Can a motion to discontinue a case that has not been submitted to the judge for decision be regarded as an interference with the authority of the judge to render the judgment he sees fit? |
| --- | --- | --- | --- | --- | --- |
| 3916 | Rotwein v. Sunharbor Manor Residential Health Care Facility, 181 Misc. 2d 847, 854, 695 N.Y.S.2d 477 (Sup. Ct. 1999) | 8 | Whether a party should be permitted to discontinue a cause of action is committed to the discretion of the court, and while generally a party may not be compelled to litigate a claim, there may be special circumstances warranting a denial of an application for a discontinuance. McKinney's CPLR 3217. | Whether a party should be permitted to discontinue a cause of action is committed to the discretion of the court, and while generally a party may not be compelled to litigate a claim, there may be special circumstances warranting a denial of an application for a discontinuance (see, St. Pierre v Ostreich, 123 AD2d 857). | Is the question of whether a party to discontinue a cause of action committed to the discretion of the court? |
| 3917 | Woodward v. Heritage Const. Co., 887 N.E.2d 994, 1000 (Ind. Ct. App. 2008) | 11 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | "[T]he purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and ..., once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice." Hamlin v. Sourwine, 666 N.E.2d 404, 409 (Ind.Ct.App.1996) (citing T.R. 16(J)). | Is the purpose of a pre-trial order to recite agreements made by the parties during the pre-trial hearing? |
| 3918 | Hamm v. Hamm, 429 S.W.3d 384, 389, 2013 Ark. App. 501, 8–9 (Ark. App. 2013) | 12 | Circuit court does not abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to. | A *9 circuit court does not abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to. | Does a circuit court abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to? |
| 3919 | Caparella v. Bennett, 205 A.2d 466, 468, 85 N.J.Super. 567, 571 (N.J.Super.A.D. 1964) | 1 | Procedures for discovery and pretrial are designed to eliminate element of surprise at trial by requiring litigant to disclose facts upon which cause of action or defense is based; search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. | Our present procedures for discovery and pretrial are designed to eliminate the element of surprise at trial by requiring litigant to disclose the facts upon which a cause of action or defense is based. The search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. | What are discovery and pretrial procedure designed to eliminate? |

| 3920 | Ocean Nat. Bank of Kennebunk v. Odell, 444 A.2d 422, 424 (Me.,1982) | 1 | Pretrial order, by delineating issues to be litigated at trial, in effect supersedes pleadings and controls subsequent course of a civil action. Rules Civ.Proc., Rule 16(c)(3). | The pretrial order by delineating the issues to be litigated at trial in effect supersedes the pleadings and controls the subsequent course of a civil action. M.R.Civ.P. 16(c)(3); Taylor v. | "Does a pretrial order, by delineating issues to be litigated at trial, in effect supersede pleadings and control a subsequent course of a civil action?" |
|---|---|---|---|---|---|
| 3921 | Lambert v. Austin Ind., 544 F.3d 1192, 1198 (C.A.11 (Ga.),2008) | 8 | A party cannot avoid arbitration because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim. | Indeed, as we have said before, "[a] party cannot avoid arbitration ... because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim. | "Can a party avoid arbitration because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim?" |
| 3923 | Wiener v. Napoli, 760 F. Supp. 278, 283 (E.D.N.Y. 1991) | 8 | One of primary purposes of specificity requirement of rule requiring fraud to be pled with particularity is to ensure that defendant receives fair notice of plaintiff's claim, and is thus able to prepare a defense, as well as to protect defendant's reputation and to avoid strike suits. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A. | One of the primary purposes of the specificity requirement of Rule 9(b) "is to insure that the defendant receives fair notice of plaintiff's claim, and is thus able to prepare a defense" (Hutton v. Klabal, 726 F.Supp. 67, 72 [S.D.N.Y.1989] [citing Di Vittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 [2d Cir.1987]] ),as well as to protect a defendant's reputation and to avoid strike suits (see Ross v. Bolton, 904 F.2d 819, 823 [2d Cir.1990]; Philan Ins., Ltd. v. Frank B. Hall & Co., 712 F.Supp. 339, 342 [S.D.N.Y.1989]; United States v. Rivieccio, 661 F.Supp. 281, 290 [E.D.N.Y.1987] ). | "Is providing fair notice of claims, a purpose of specificity requirement?" |
| 3924 | In re National Lloyds Insurance Company, 507 S.W.3d 219, 224 (Tex., 2016) | 6 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Tex. R. Civ. P. 192.3(a). | "Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." | Are discovery orders requiring a document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? |
| 3926 | Tamasy v. Kovacs, 929 N.E.2d 820, 830 (Ind.App.,2010) | 13 | The nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated; known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request; a "known witness" refers to knowledge of the existence of that witness, while an "anticipated witness" is one which a party or her counsel anticipates the need for at trial. | The nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated. McCullough, 605 N.E.2d at 179. Known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request. Id. "A 'known' witness refers to knowledge of the existence of that witness." Id. "An 'anticipated' witness is one which a party or her counsel anticipates the need for at trial." | Is the nondisclosure of a rebuttal witness excused only when that witness was unknown and unanticipated? |

| 3928 | In re National Lloyds Insurance Company, 507 S.W.3d 219, 224 (Tex., 2016) | 6 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Tex. R. Civ. P. 192.3(a). | "Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." | Are discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? |
|---|---|---|---|---|---|
| 3929 | Nelson v. Allstate Ins. Co., 753 A.2d 1001, 1004 (D.C.,2000) | 2 | The rule governing pretrial orders contemplates that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. Civil Rule 16(g). | The existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. | Does the rule governing pretrial orders contemplate that fair disclosure will be made to remove cases from the realm of surprise? |
| 3930 | Hadox v. Martin, 209 W. Va. 180, 185, 544 S.E.2d 395, 400 (2001) | 5 | In formulating appropriate sanction for failure to adhere to time constraints enumerated in pretrial orders, court shall be guided by equitable principles. Rules Civ.Proc., Rule 16(f). | The failure to adhere to time constraints enumerated in pretrial orders and the resulting sanctions was discussed by this Court in Sheely v. Pinion, 200 W.Va. 472, 490 S.E.2d 291 (1997). In syllabus point one of Sheely, we explained as follows: "In formulating the appropriate sanction, a court shall be guided by equitable principles. | Does formulating appropriate sanction for failure to adhere to time constraints enumerated in the pretrial orders be guided by equitable principles? |
| 3931 | In re Sears, Roebuck and Co., 146 S.W.3d 328, 332 (Tex. App. 2004) | 7 | Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.4. | Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad. | "Are discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period impermissibly overbroad?" |
| 3932 | In re CSX Corp., 124 S.W.3d 149, 152 (Tex., 2003) | 7 | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(a, c). | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. | "Are discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period impermissibly overbroad?" |
| 3934 | Heartland Apartment Ass'n v. City of Mission, 51 Kan. App. 2d 699, 699 (2015) | 5 | A "fee" is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public; it is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege and payment of a fee is voluntary, in that an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered. | In contrast, a fee is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public. A fee is not a revenue measure, but a means **1075 of compensating the government for the cost of offering and regulating the special service, benefit, or privilege. Payment of a fee is voluntary-an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered. | Is tax a forced contribution to raise revenue? |

| 3935 | Gen. Media Commc'ns v. Cohen, 131 F.3d 273, 283 (2d Cir. 1997) | 10 | Appellate court's review of military regulations is far more deferential than constitutional review of similar laws or regulations designed for civilian society, and tests and limitations to be applied may differ because of military context. | "Our review of military regulations ... is far more deferential than constitutional review of similar laws or regulations designed for civilian society ... and the tests and limitations to be applied may differ because of the military context." | Is the judicial review of challenges to military action far more deferential than constitutional review of similar laws or regulations designed for civilian society? |
| 3936 | United States v. Willis, 844 F.3d 155, 163 (C.A.3 (Virgin Islands), 2016) | 3 | The statute prohibiting federal programs bribery criminalizes the acceptance of a bribe of $5,000 or more by a government agent of a local government that receives more than $10,000 a year in federal funds if the agent intends to be influenced by the bribe when making a decision to enter into business on behalf of the government. 18 U.S.C.A. S 666(a). | Put another way,   666 criminalizes the acceptance of a bribe of $5,000 or more by a government agent of a local government that receives more than $10,000 a year in federal funds if the agent intends to be influenced by the bribe when making a decision to enter into business on behalf of the government. | "What is the minimum amount of money for a bribe of a government agent of a local government that receives more than $10,000 a year in federal funds?" |
| 3937 | State v. Carr, 172 Conn. 458, 468 (1977) | 9 | It is immaterial and no defense to charge of bribery that a police officer has no authority to seek the action desired by the bribe giver since offense may be committed although the officer did not have the authority to do or refrain from doing the act to which the briber relates so long as the officer purported to act in his official capacity. C.G.S.A. S 53a-147. | It is immaterial and no defense that the police officer had no authority to take the action desired by the bribe given. The offense of bribery may be committed although the officer in question does not have the authority to do or refrain from doing the act to which the bribe relates, as long as the officer purported to act in his official capacity. | "Can bribery statute be violated if the public servant, in his or her official capacity, does not have the authority to do or refrain from doing the act to which the bribe relates?" |
| 3938 | Hunter v. Spaulding, 97 N.C.App. 372, 377–78 (1990) | 9 | Complaint charging fraud must allege with particularity the elements of: false representation or concealment of material fact; reasonably calculated to deceive; made with intent to deceive; which does in fact deceive; and which results in damage to injured party. | The well- recognized elements of fraud are 1) a false representation or concealment of a material fact, 2) reasonably calculated to deceive, 3) made with intent to deceive, 4) which does in fact deceive, and which 5) results in damage to the injured party. | Must a complaint charging fraud allege elements with particularity? |
| 3942 | Edwards Lifesciences, L.L.C. v. Covenant Health Systems, 205 S.W.3d 687, 689 (Tex.App. Amarillo,2006) | 5 | Non-suit by plaintiff does not vitiate pending claims for affirmative relief and does not affect any motion for sanctions, attorney fees, or other costs pending at the time of dismissal. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Yet, it does not vitiate pending claims for affirmative relief. TEX. CIV. P. 162. Nor does it affect "any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal...." | "Does non-suit vitiate pending claims for affirmative relief and does it affect any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal?" |

| 3943 | Taylor v. Washington Hospital Center, 407 A.2d 585, 592 (D.C., 1979) | 12 | As a basic proposition, where the parties willingly submit pretrial statements which then are incorporated in an order prepared by the court, that order defines the bounds of evidence to be permitted at trial, absent exceptional circumstances; on the other hand, the rule guiding pretrial practice does not contemplate or require that rigid adherence to the pretrial order must always be exacted. D.C.C.E. SCR, Civil Rule 16. | As a basic proposition, where the parties willingly submit pretrial statements which then are incorporated in an order prepared by the court, that order defines the bounds of evidence to be permitted at trial, absent exceptional circumstances. Redding v. Capital Cab Co., supra; McCarthy v. Lerner Stores Corp., 9 F.R.D. 31 (D.D.C.1949). On the other hand, Rule 16 "does not contemplate or require that rigid adherence to the pretrial order must always be exacted." | Does the pretrial order define the bounds of evidence to be permitted at trial in the absence of exceptional circumstances? |
| 3944 | Stocum v. Oakley, 185 N.C. App. 56, 62-63 (2007) | 8 | Voluntary dismissal will not deprive a trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated. Rules Civ.Proc., Rules 11, 41(a), West's N.C.G.S.A. S 1A-1. | Kathy A. Santoriello, M.D., P.A., 351 N.C. 589, 597, 528 S.E.2d 568, 573 (2000), nor will "[d]ismissal ... deprive the [trial] court of jurisdiction to consider *63 collateral issues such as sanctions that require consideration after the action has been terminated." | Will a voluntary dismissal deprive a trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated? |
| 3945 | Crowell v. Braly, 169 Cal. App. 2d 352, 337 P.2d 211 (1959) | 7 | Pretrial order sets up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial. West's Ann.Superior Court Rules, rule 8.8. | A pretrial order sets up the contentions of the parties and is deemed to control the subsequent course of the case unless modified at or before trial. (Rules of Superior Court, rule 8.8.) | "Does a pretrial order set up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial?" |
| 3946 | In re Cartmell's Estate, 120 Vt. 234, 238 (1958) | 4 | Agreements made at pretrial conference are in fact and in legal effect made in open court and the subsequent course of action is controlled by agreements or admissions made at pretrial conference. | We are satisfied and hold that agreements made at a pretrial conference held pursuant to County Court rule 3-A are in fact and in legal effect made in open court. The subsequent course of action is controlled by agreements or admissions made at the pretrial conference. | Are agreements made at pretrial conference in fact and in legal effect made in open court and the subsequent course of action is controlled by agreements or admissions made at pretrial conference? |

| 3947 | Soares Da Costa Const. Services, LLC v. Alta mar Development, LLC, 85 So.3d 1172, 1174 (Fla.App. 2 Dist., 2012) | 3 | There is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld; "serious prejudice" includes situations where the defendant is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where dismissal is inequitable. West's F.S.A. RCP Rule 1.420(a). | This is important because there is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld. See Ormond Beach Assocs. Ltd. v. Citation Mortg., Ltd., 835 So.2d 292, 295 (Fla. 5th DCA 2002). Serious prejudice includes situations where the defendant "is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where dismissal is inequitable." | Is there a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld? |
| 3949 | Sandberg v. State, 188 Neb. 335, 342 (Neb., 1972) | 7 | A tax is not an assessment of benefits but is a means of distributing the burden of the cost of government, and only benefit to which taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. | A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. | Is tax a means of distributing the burden of the cost of government? |
| 3951 | Echols v. Bridges, 235 S.E.2d 535, 537 (Ga. 1977) | 1 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues, and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | "A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. | Should a pretrial order be construed in a liberal manner to allow consideration of questions fairly within ambit of issues? |
| 3952 | Sigala v. Anaheim City Sch. Dist., 15 Cal. App. 4th 661, 662, 19 Cal. Rptr. 2d 38 (1993) | 2 | Trial court possesses inherent power to require by policy that litigants be physically present at mandatory settlement conference, and court may compel litigant to engage personally in settlement negotiations, provided conditions for negotiations are otherwise reasonable. | A trial court possesses the inherent power to require by policy that defendants be physically present at the mandatory settlement conference. A court may not compel a litigant to settle a case, but it may direct the litigant to engage personally in settlement negotiations, provided the conditions for such negotiations are otherwise reasonable. | Can a court direct a litigant to engage personally in a settlement negotiation? |
| 3953 | Black v. Don Schmid Motor, Inc., 657 P.2d 517, 526, 232 Kan. 458, 468 (Kan., 1983) | 15 | Large discretionary power is granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order. Rules Civ.Proc., K.S.A. 60-216. | Large discretionary power is granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order. | Is a large discretionary power granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order? |

| 3955 | Schneider v. Seibutis, 3 Ill.App.3d 323, 325-326 (1972) | 3 | Motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action is addressed to sound discretion of trial judge. Supreme Court Rules, rule 231(a, f), S.H.A. ch. 110A, S 231(a, f). | A motion for a continuance or for issuance of attachment to *326 compel the presence of a witness in a civil action is addressed to the sound discretion of the trial judge. | Is a motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action addressed to the sound discretion of a trial judge? |
| 3957 | Wenrich v. Emps. Mut. Ins. Companies, 35 Kan. App. 2d 582, 590, 132 P.3d 970, 977 (2006) | 12 | A pretrial order has the full force of other orders entered by the court and controls the subsequent course of litigation unless modified to prevent manifest injustice. K.S.A. 60-216(e). | As the Wenrichs properly state, a pretrial order has the full force of other orders entered by the court and controls the subsequent course of litigation unless modified to prevent manifest injustice. See K.S.A. 60–216(e); Sampson v. Hunt, 233 Kan. 572, 578, 665 P.2d 743 (1983). | "Does a pretrial order, unless modified by court to prevent manifest injustice, control a subsequent course of lawsuit?" |
| 3959 | Bearor v Kapple, 24 N.Y.S.2d 655, 659 (Sup Ct, Nov. 30, 1940) | 6 | A court has power to grant discovery of articles or property in the possession of, or under the control of, a party, where the articles or property relate to the merits of an action or a defense thereto. | The court has power to grant a discovery of articles or property in the possession of, or under the control of, a party relating to the merits of an action or a defense thereto. | "Does a court have the power to grant discovery of articles or property in the possession of, or under the control of, a party, where the articles or property relates to the merits of an action or a defense thereto?" |
| 3961 | Sprague v. P.I.A. of Sarasota, 611 So. 2d 1336, 1336 (Wash.App. Div. 2, 2009) | 2 | Effect of voluntary dismissal is to remove completely from court's consideration power to enter an order, equivalent in all respects to a deprivation of jurisdiction. West's F.S.A. RCP Rule 1.420(a)(1). | The effect of a voluntary dismissal is "to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction'." | "Is the effect of a voluntary dismissal to remove completely from a court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction?" |
| 3962 | Golden Valley Disposal, LLC v. Jenkins Diesel Power, Inc., 183 S.W.3d 635, 639 (Mo. App. 2006) | 3 | If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, the purported dismissal is invalid and of no legal effect. V.A.M.R. 67.02. | If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, however, the purported dismissal is invalid and of no legal effect. | "If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, is the purported dismissal invalid and of no legal effect?" |
| 3965 | U. S. Fid. & Guar. Co. v. Beuhler, 597 S.W.2d 523, 525 (Tex.Civ.App.-Beaumont, 1980) | 4 | Order of dismissal of cause of action is not adjudication of the rights of the parties; it merely places the parties in the position that they were in before court's jurisdiction was invoked just as if suit had never been brought. | An order of dismissal of a cause of action is not an adjudication of the rights of the parties. It merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. | "Is a dismissal in no way an adjudication of the rights of the parties but merely places them in the position that they were in before jurisdiction was invoked, just as if suit had never been brought?" |
| 3966 | Nielsen v. Firelands Rural Elec. Coop., Inc., 123 Ohio App.3d 104, 106 (Ohio App. 6 Dist.,1997) | 1 | Voluntary dismissal, without prejudice, dissolves all interlocutory orders made by court in that action, including a partial summary judgment. | This court has previously held that a voluntary dismissal, without prejudice, dissolves "all interlocutory orders made by the court in that action," including a partial summary judgment. | "Does a voluntary dismissal, without prejudice, dissolve all interlocutory orders made by court in that action, including a partial summary judgment?" |

| 3968 | Arnold v. Industrial Commission, 171 N.E.2d 26, 28, 21 Ill.2d 57, 60–61 (Ill. 1961) | 1 | The liability of an employer under the Workmen's Compensation Act is not a tort liability, but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. S.H.A. ch. 48, S 138.3. | The liability of the employer under workmen's compensation acts is not a tort liability but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. | "Is an employers liability under the Workmens Compensation Act an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise, or is it a tort liability?" |
| 3969 | Stocum v. Oakley, 185 N.C. App. 56, 62 (2007) | 7 | Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; it is as if the suit had never been filed. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | Plaintiffs correctly state the **233 general rule that when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew. Tompkins v. Log Systems, Inc., 96 N.C.App. 333, 335, 385 S.E.2d 545, 547 (1989), disc. review denied, 326 N.C. 366, 389 S.E.2d 819 (1990). It is "as if the suit had never been filed." | "Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; is it as if the suit had never been filed?" |
| 3971 | Able v. U.S., 88 F.3d 1280, 1294 (C.A.2 (N.Y.),1996) | 15 | Governmental restrictions on speech that would run afoul of Constitution if imposed in civilian life can pass constitutional muster in military context. U.S.C.A. Const.Amend. 1. | It is plain to us that governmental restrictions on speech that would run afoul of the Constitution if imposed in civilian life can pass constitutional muster in the military context. | Can governmental restrictions on speech that would run afoul of the Constitution if imposed in civilian life pass constitutional muster in the military context? |
| 3973 | Buse v. Smith, 247 N.W.2d 141, 153, 74 Wis.2d 550, 575 (Wis. 1976) | 12 | Levying of taxes constitutes enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs. | The levying of taxes constitutes the enforcement of proportional contributions from persons and property, levied by state or municipality for the support of its government and its public needs. | "Does levying of taxes constitute enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs?" |
| 3974 | Duke v. Sun Oil Co., 320 F.2d 853, 861 (C.A.Tex. 1963) | 21 | Check is simply a written order on a bank, executory in nature, instructing bank to make certain payment, and so far as payee's rights against drawee are concerned, order may be revoked by drawer at any time before check is paid or in some manner accepted by bank on which it is drawn. | A check is simply a written order on a bank, executory in nature, instructing the bank to make certain payment, and so far as the payee's rights against the drawee are concerned, this order may be revoked by the drawer at any time before the check is paid or in some manner accepted by the bank on which it is drawn. | Can a drawer revoke check before its acceptance? |
| 3975 | Johnson v. United Nat. Indus., Inc., 126 Ill. App. 3d 181, 184, 466 N.E.2d 1177, 1180 (1984) | 4 | Fact that a plaintiff who obtained voluntary dismissal did not obtain leave at time dismissal order was entered to move later to reinstate his action does not prevent a trial court from vacating the dismissal order on its own motion during the pendency of the appropriate term or its equivalent. Ill.Rev.Stat.1981, ch. 83, P 24a; S.H.A. ch. 110, P 2-1009. | Although a plaintiff who obtains a voluntary dismissal under section 2-1009 of the Code of Civil Procedure (Ill.Rev.Stat.1981, ch. 110, par. 2-1009), may not move for leave to reinstate his action unless he obtained leave so to move at the time the dismissal order was entered (see Weisguth ), this does not prevent a trial court from vacating the dismissal order on its own motion during the pendency of the term or its equivalent. | "As general rule of civil practice, can a party voluntarily dismiss an action with leave to reinstate it if party asks for leave to reinstate at time voluntary dismissal is sought?" |

| 3976 | Fair Share Organization v. Kroger Co., 132 Ind.App. 160, 170 (Ind.App.. 1961) | 5 | Generally, in the absence of statute and where the answer seeks no affirmative relief, a dismissal leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case. | The general rule is that in the absence of statute, and where the answer seeks no affirmative relief, a dismissal, discontinuance, or nonsuit leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case.' | Does a nonsuit under law leave the situation as if suit had never been filed and carries with it previous rulings and orders in a case? |
|------|------|------|------|------|------|
| 3978 | Bryant v. Cnty. Council of Lake Cnty., 720 N.E.2d 1, 6 (Ind.App., 1999) | 10 | Party moving for withdrawal of admissions does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Trial Procedure Rule 36. | Moreover, the party moving for the withdrawal of admissions established by operation of T.R. 36 does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. | Does a movant seeking withdrawal of deemed admissions meet its burden of showing that withdrawal or amendment will subserve presentation of merits simply by demonstrating that admissions go to core issues? |
| 3979 | Stelly v. Papania, 927 S.W.2d 620, 622 (Tex., 1996) | 3 | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | After the rule was amended in 1988, "good cause" became the threshold standard for withdrawal of deemed admissions. Halton, 792 S.W.2d at 465. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. | Can good cause be shown when a party's failure to answer was accidental or the result of a mistake? |
| 3980 | Ruiz v. Nicolas Trevino Forwarding Agency, Inc., 888 S.W.2d 86, 89 (Tex. App. 1994) | 6 | To establish good cause for withdrawal of deemed admissions, party must show legal or equitable excuses for his failure to answer. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Trial courts possess broad discretion to permit or deny withdrawal of deemed admissions. In order to establish good cause a party must show legal or equitable excuses for his failure to answer. | "To establish good cause for withdrawal of deemed admissions, must a party show legal or equitable excuses for his failure to answer requests for admissions?" |
| 3984 | City of Muncie v. Peters, 709 N.E.2d 50, 54 (Ind.App.,1999) | 4 | Party seeking withdrawal of admissions has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. Trial Procedure Rule 36(B). | The party seeking withdrawal has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. | "Does the party seeking withdrawal of admissions have the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal?" |
| 3991 | United States v. Miller, 340 F.2d 421, 424 (C.A.4 (Md.), 1965) | 7 | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | It is immaterial whether the official action which the briber seeks to influence is right or wrong, in the sense that it is expected to result in pecuniary injury to the Government or that it calls upon the bribe recipient to do something other that what he is legally obligated to do. | Is it material whether the official action sought to be influenced is right or wrong? |

| 3992 | Demos v. Haber, 101 Ill.App.3d 901, 903 (Ill.App., 1981) | 2 | Absence of an attorney does not give a litigant the right to a continuance, but the diligence of the party seeking it is a critical consideration in determining whether or not to grant a continuance. | The absence of an attorney does not give a litigant the right to a continuance, but the diligence of the party seeking **974 ***294 it is a critical consideration in determining whether or not to grant a continuance. | Does the absence of an attorney give a litigant the right to a continuance and is the diligence of the party seeking continuance a critical consideration in determining whether or not to grant a continuance? |
|---|---|---|---|---|---|
| 3994 | Thomas v. Thomas, 23 Ill. App. 3d 936, 940-941 (Ill.App. 1 Dist., 1974) | 8 | Although absence of counsel is one factor to take into consideration in deciding on motion to continue, it does not entitle party to continuance as matter of right. S.H.A. ch. 110, S 59; Supreme Court Rules, rule 231(f), S.H.A. ch. 110A, S 231(f). | Although absence *941 of counsel is one factor to take into consideration in deciding on a motion to continue, it does not entitle a party to a continuance as a matter of right. | "Although absence of counsel is one factor to take into consideration in deciding a motion to continue, does it entitle a party to continuance as a matter of right?" |
| 4000 | Monolith Companies, LLC v. Hunter Douglas Hospitality, Inc., 333 Ga.App. 898, 900 (Ga.App., 2015) | 2 | The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action. West's Ga.Code Ann. S 9-11-36(a)(2). | The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action. | "Does the admission that arises from a failure to respond to a request for admission in the required time frame arise by operation of law, without the necessity of court action?" |
| 4001 | Whitaker v. Nikols, 699 P.2d 685, 686 (Utah 1985) | 1 | Matters contained in plaintiff's request for admissions are deemed admitted when defendant fails to answer or object within 30 days after service. Rules Civ.Proc., Rule 36(a). | This Court has consistently held that the matters contained in a plaintiff's request for admissions are deemed admitted when a defendant fails to answer or object within thirty days after service. | Are matters contained in a plaintiff's request for admissions deemed admitted when defendant fails to answer or object within 30 days after service? |
| 4002 | Walker v. Valor Ins. Co., 314 Ill. App. 3d 55, 61, 731 N.E.2d 363, 368–69 (2000) | 4 | A party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admits any specified relevant fact set forth in the request. Sup.Ct.Rules, Rule 216. | Our supreme court has held that a party's failure to respond to a Supreme Court Rule 216 request to admit facts admits " 'any specified relevant fact set forth in the request.' " (Emphasis omitted.) P.R.S. International, Inc. v. Shred Pax Corp., 184 Ill.2d 224, 236, 234 Ill.Dec. 459, 703 N.E.2d 71 (1998), quoting 134 **369 ***841 Ill.2d R. 216(a). | Does a party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admit any specified relevant fact set forth in the request? |
| 4003 | Kaminski v. Bass, 252 Neb. 760, 567 N.W.2d 118, 119–20 (1997) | 4 | Hearing on motion for expenses, pursuant to discovery rule for expenses on failure to admit a statement, is a legal proceeding entirely separate from underlying trial or proceedings concerning merits of the case. Discovery Rule 37(c). | A hearing on a motion for expenses pursuant to Neb.Ct.R. of Discovery 37(c)(rev.1996) is a legal proceeding entirely separate from the underlying trial or proceedings concerning the merits of the case. | "Is hearing on motion for expenses pursuant to rule 37(c), a legal proceeding entirely separate from underlying trial or proceedings concerning merits of case?" |
| 4004 | Robertson v. Sky Chefs, Inc., 344 Ill. App. 3d 196, 200, 799 N.E.2d 852, 856 (2003) | 3 | Any question propounded in a request to admit which seeks the admission of a conclusion of law is improper in form, and the failure to respond to that question does not result in a judicial admission Sup.Ct.Rules, Rule 216. | Any question propounded in the request to admit which seeks the admission of a conclusion of law is improper in form (see P.R.S. International, 184 Ill.2d at 236, 234 Ill.Dec. 459, 703 N.E.2d 71), and the failure to respond to that question does not result in a judicial admission. | "Is any question propounded in a request to admit which seeks the admission of a conclusion of law improper in form, and the failure to respond to that question does not result in a judicial admission?" |

| 4006 | St. Paul Fire & Marine Ins. Co. v. Battle, 44 Ohio App. 2d 261, 269 (1975) | 10 | When requests for admissions are made, the matters are admitted unless the party to whom the requests are directed serves written answers or objections upon the party requesting the admissions; if no answer or objection is filed, the matter is admitted. Civ.R. 36. | Pursuant to Civil Rule 36, when requests for admission are made the matters are admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections. Thus, an answer or an objection is required under Civil Rule 36. If no answer or objection if filed the matter is admitted. | "When requests for admission are made, are the matters admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections, and if no answer or objection is filed, is the matter admitted?" |
| 4007 | Hundley ex rel. Hundley v. Rite Aid of South Carolina, Inc., 339 S.C. 285, 306 (2000) | 10 | In ruling upon a motion for continuance, the court must determine the merits of the moving party's argument, which entails an evaluation of credibility; a documented history within the case of discovery delay and abuse by a moving party may be properly considered when evaluating the credibility of that party's claim of surprise and prejudice. | Nevertheless, in ruling upon a motion for continuance, the court must determine the merits of the moving party's argument, which entails an evaluation of credibility. Certainly a documented history within the case of discovery delay and abuse by a party may be properly considered when evaluating the credibility of that party's claim of surprise and prejudice. | "In ruling upon a motion for continuance, must the court determine the merits of the moving party's argument, which entails an evaluation of credibility?" |
| 4010 | Tymar v. Two Men & a Truck, 282 Neb. 692, 702-703 (Neb., 2011) | 6 | Rule governing requests for admissions is not self-executing, and thus a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. Neb. Ct. R. Disc. S 6-336. | 6-336 is not self- executing. Thus, a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. 6. | "Is the rule governing requests for admission self-executing, and the matters set forth in the requests for admissions are automatically deemed admitted if they are not answered by the rule's deadline?" |
| 4011 | Commissioners of State Ins. Fund v. Garcia, 49 Misc. 3d 875, 877, 14 N.Y.S.3d 683, 685 (N.Y. Sup. Ct. 2015) | 1 | When a respondent fails to oppose matters advanced on a motion, the facts alleged in the moving papers may be deemed admitted by the Court. | When a respondent fails to oppose matters advanced on a motion, the facts alleged in the moving papers may be deemed admitted by the Court (Kuehne & Nagel, Inc. v. Baiden, 36 N.Y.2d 539, 369 N.Y.S.2d 667, 369 N.Y.S.2d 667, 330 N.E.2d 624 [1975]; | "When a respondent fails to oppose matters advanced on a motion, may the facts alleged in the moving papers be deemed admitted by the Court?" |
| 4012 | Locklear v. Sellers, 126 So.3d 978, 981 (Miss.App., 2013) | 4 | Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence. Rules Civ.Proc., Rule 36. | Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence." | Can any admission that is not amended or withdrawn be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence? |

| | | | | | |
|---|---|---|---|---|---|
| 4013 | Woods v. Label Inv. Corp., 107 Nev. 419, 425, 812 P.2d 1293, 1297 (1991), disapproved of by Hanneman v. Downer, 110 Nev. 167, 871 P.2d 279 (1994) | 4 | Where demand is made upon party for admission of facts and such party fails to respond to request, matters contained therein are deemed admitted. Rules Civ.Proc., Rule 36. | Where demand is made upon a party for admission of facts and such party fails to respond to the request, matters contained therein are deemed admitted. | "Where demand is made upon party for admission of facts and such party fails to respond to request, are such matters contained therein deemed admitted?" |
| 4015 | Lang v. Pataki, 176 Misc. 2d 676, 690, 674 N.Y.S.2d 903, 913 (Sup. Ct. 1998) | 22 | Granting of continuance is exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act. | "The granting of a continuance is an exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act. | "Is granting of continuance an exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act?" |
| 4016 | Components Direct, Inc. v. Eur. Am. Bank & Tr. Co., 175 A.D.2d 227, 232, 572 N.Y.S.2d 359, 362–63 (1991) | 8 | Although statements in pleadings are required to be factual, party may supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly, if facts upon which pleader relies are also stated. | Although the statements in pleadings are required to be factual, "a party may supplement or round out his pleading by conclusory allegations or by 'stating legal theories explicitly' if the facts upon which the pleader relies are also stated" (Foley v. D'Agostino, 21 A.D.2d 60, 63, 248 N.Y.S.2d 121, quoting Notes, First Preliminary Report of Advisory Committee on Practice and Procedure, at 63 [1957] ). | Can a party supplement or round out his pleading by stating legal theories explicitly? |
| 4020 | Dolgencorp of Texas, Inc. v. Lerma, 241 S.W.3d 584, 592 (Tex.App. Corpus Christi,2007) | 8 | An announcement that a party is "ready" for trial waives the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | An announcement of "ready" waives the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made. | "Does an announcement that a party is ""ready"" for trial waive the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made?" |
| 4021 | In re Jacobs, 300 S.W.3d 35, 40–41 (Tex. App. 2009) | 10 | A party seeking discovery of net-worth information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. | Therefore, under Texas law, a party seeking discovery of net-worth *41 information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. | Need a party seeking discovery of net-worth information not satisfy any evidentiary prerequisite? |
| 4023 | Hall v. Bunn, 11 Ohio St. 3d 118, 122, 464 N.E.2d 516, 520 (1984) | 5 | Even in the event an objecting party is not prepared for evidence offered outside pleading, trial court may still allow an amendment under rule governing amendment of pleadings to conform to evidence and grant a continuance to enable objecting party to meet the new evidence. Rules Civ.Proc., Rule 15(B). | Moreover, even in the event an objecting party is not prepared for evidence offered outside the pleadings the court may still allow an amendment under Civ.R. 15(B) and grant a continuance to enable the objecting party to meet the new evidence. | Will a trial justice grant a continuance in the event the objecting party needs time to meet new evidence? |

| 4024 | Commonwealth Life Ins. Co. v. Brandon, 97 S.W.2d 2, 7 (Ky.App. 1936) | 11 | Where amended petition filed on eve of trial or during progress of trial materially changes issues, adverse party should be granted continuance on motion. Civ.Code Prac. S 136. | It is true that this court has repeatedly ruled that where an amended petition is filed on the eve of the trial or during its progress, which materially changes the issues, the adverse party upon motion should be granted a continuance for further preparation. | "Where an amended petition filed on the eve of trial or during progress of trial materially changes issues, should the adverse party be granted a continuance on motion?" |
|---|---|---|---|---|---|
| 4025 | Gordon v. Indusco Mgmt. Corp., 164 Conn. 262, 270 (1973) | 11 | Technically, a "deposition" is the written testimony of a witness given in course of a judicial proceeding, which may be taken in advance of trial or hearing, or during the course of the proceeding, on oral examination or in response to written interrogatories with an opportunity for cross-examination. | Technically, a deposition is the written testimony of a witness given in the course of a judicial proceeding. A deposition may be taken in advance of the trial or hearing, or during the course of the proceeding, on oral examination or in response to written interrogatories with an opportunity for cross-examination. | Is a deposition written testimony of a witness given in course of a judicial proceeding? |
| 4030 | Brookwood Parks v Jackson, 21 N.Y.S.2d 173, 179 (Sup Ct, July 06, 1940) | 1 | Although section of Civil Practice Act concerning examination before trial should be liberally construed to promote ends of justice, it must be shown that examination is material and necessary in prosecution or defense of action. Civil Practice Act, S 288. | It is true that the section of the Civil Practice Act as to the examination before trial should be liberally construed to promote the ends of justice, but it must be shown that the examination is material and necessary in the prosecution or defense of the action. Civil Practice Act,   288. | "When construing the Civil Practice Act, should it be shown that examination is material and necessary in prosecution or defense of action?" |
| 4031 | In re Jacobs, 300 S.W.3d 35, 43 (Tex. App. 2009) | 15 | A plaintiff seeking production of net worth information is required to allege facts showing that relator is liable for punitive damages. | Texas law requires a plaintiff seeking production of net worth information to " 'allege facts showing that relator is liable for punitive damages.' " | Is a plaintiff seeking production of net worth information required to allege facts showing that relator is liable for punitive damages? |
| 4032 | Signal Capital Corp. v. Frank, 164 F.R.D. 7, 10 (S.D.N.Y., 1995) | 1 | Discovery concerning opposing party's assets is not ordinarily permitted unless such discovery is relevant to merits of the pending claim or in response to a defense. | Defendant asserts, and this Court agrees, that discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense. | Is discovery concerning an opposing party's assets not ordinarily permitted unless such discovery is relevant to merits of the pending claim or in response to a defense? |
| 4034 | Credit Indus. Co. v. Blankinship, 323 S.W.2d 198, 201, 230 Ark. 371, 376 (Ark. 1959) | 3 | Where a deposition has been lost or destroyed, contents thereof may be proved as in case of other lost or destroyed papers, or a properly identified or authenticated copy may be substituted and read, provided original deposition has been duly returned and filed. | Where a deposition has been lost or destroyed, the contents thereof may be proved as in the case of other lost or destroyed papers, or a properly identified or authenticated copy may be substituted and read, provided the original deposition had been duly returned and filed. | "Where a deposition has been lost or destroyed, can contents thereof be proved as in case of other lost or destroyed papers?" |

| | | | | | |
|---|---|---|---|---|---|
| 4035 | Aiello v. Ed Saxe Real Estate, Inc., 508 Pa. 553, 562 (Pa.,1985) | 2 | Principal is liable to innocent third parties for frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, even if principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. 63 P.S. SS 455.522, 455.601, 455.603. | Today we reaffirm the longstanding and widely held rule of law that a principal is liable to innocent third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, 5  although the principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. | Can a principal be held liable for an unauthorized act of an agent performed within the scope of his employment? |
| 4036 | Texas Emp. Ins. Ass'n v. Locke, 224 S.W.2d 755, 757 (Tex.Civ.App.-Fort Worth, 1949) | 2 | An application for continuance which complies substantially with statutory form, except as to stating necessary diligence, does not necessarily require court to sustain it. Rules of Civil Procedure, rule 252. | An application for continuance which complies substantially with the statutory form, except as to stating necessary diligence, does not necessarily require the court to sustain it. | "Does an application for continuance which complies substantially with statutory form, except as to stating necessary diligence, necessarily require a court to sustain it?" |
| 4038 | United States v.  Keen, 676 F.3d 981, 990 (C.A.11 (Fla.), 2012) | 6 | Statute prohibiting theft or bribery concerning programs receiving Federal funds was enacted to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery. 18 U.S.C.A. S 666. | Entitled "Theft or bribery concerning programs receiving Federal funds," 18 U.S.C.  666 was enacted "to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." S.Rep. | What is the legislative intent of statute prohibiting theft or bribery 666 concerning programs receiving federal funds? |
| 4040 | Crozman v. Callahan, 136 F.Supp. 466, 468 (D.C.Okl. 1955) | 3 | Even when acting within scope of his authority, military officer can incur civil liability if his actions are influenced by malice, corruption, or cruelty. Uniform Code of Military Justice, arts. 1, 2, 93, 117, 50 U.S.C.A. SS 511, 552, 687, 711. | 4  Significantly, however, an officer, even when acting within the scope of his authority, can incur civil liability if his actions are influenced by malice, corruption, or cruelty. | "Can an officer, even when acting within the scope of his authority, incur civil liability if his actions are influenced by malice, corruption, or cruelty?" |
| 4042 | First Nat. Bank of Blairstown v. Goldberg, 340 Pa. 337, 343 (Pa. 1941) | 9 | The purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade in them with confidence. 56 P.S. S 1 et seq. | The purpose of the Negotiable Instruments Law is to enhance the marketability of such securities and to allow bankers, brokers, and people generally to trade in them with confidence. | "Does the purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade in them with confidence?" |
| 4043 | United States v.  Jannotti, 673 F.2d 578, 601 (C.A.3 (Pa.), 1982) | 14 | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make. | As this court has previously held, it is neither material nor a defense to bribery that "had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make.. | "Is it a material fact or a defense to bribery that, had there been no bribe, the public official might have lawfully and properly performed the action that the briber wanted him to take?" |

| | | | | | |
|---|---|---|---|---|---|
| 4045 | Finch v. Matthews, 74 Wash. 2d 161, 167–68, (Wash. 1968) | 5 | Fee in public street or highway remains in owner of abutting land, and public acquires only right of passage, with powers and privileges necessarily implied in grant of easement. | this court has not departed from the rule established in that case, that the fee in a public street or highway remains *168 in the owner of the abutting land, and the public acquires only the right of passage, with powers and privileges necessarily implied in the grant of easement. | Does the fee in a public street or highway remain with the owner of the abutting land and the public only acquires only the right of passage? |
| 4046 | Pines v. Pines, 262 Ill. App. 3d 923, 929–31 (1994) | 8 | Once trial or hearing has begun, right to dismissal is curtailed to prevent plaintiff from dismissing case if trial proceedings appear unfavorable, and trial judge may require that dismissal is with prejudice. | Section 2-1009(a) provides: Once a trial or hearing has begun, the right to dismissal **991 ***652 is curtailed to prevent a plaintiff from dismissing a case if the trial proceedings appear unfavorable (Kilpatrick v. First Church of the Nazarene (1988), 177 Ill.App.3d 83, 126 Ill.Dec. 508, 531 N.E.2d 1135), and the trial judge may require that the dismissal is with prejudice (Kahle v. John Deere Co. (1984), 104 Ill.2d 302, 84 Ill.Dec. 650, 472 N.E.2d 787). | "Once a trial or hearing has begun, is the right to dismissal curtailed to prevent a plaintiff from dismissing a case if trial proceedings appear unfavorable?" |
| 4047 | Foti v. Askinas, 432 Pa. Super. 604, 606 (1994) | 1 | Decision to grant discontinuance without prejudice rests within discretion of trial court and ruling of trial court will not be reversed absent abuse of discretion. | The decision to grant a discontinuance without prejudice rests within the discretion of the trial court, and the ruling of the trial court will not be reversed absent an abuse of discretion. | Does a decision to grant discontinuance without prejudice rest within the discretion of a trial court and will a ruling of a trial court be reversed absent abuse of discretion? |
| 4052 | US Chem. Storage, LLC v. Berto Constr., Inc., 253 N.C. App. 378, 382, 800 S.E.2d 716, 720 (2017) | 7 | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depends upon the procedural context confronting the court. N.C. R. Civ. P. 12(b)(2). | "The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction" under Rule 12(b)(2) depends upon the procedural context confronting the court." | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depend upon the procedural context confronting the court? |
| 4053 | Nick v. Schneider, 150 A.D.3d 1250, 1251, 56 N.Y.S.3d 210, 213 (2017) | 1 | Upon a motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction; however, to successfully oppose such a motion, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "Upon a CPLR 3211(a)(8) motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction" (America/Intl. 1994 Venture v. Mau, 146 A.D.3d 40, 51, 42 N.Y.S.3d 188 [internal quotation marks omitted] ). "However, to successfully oppose such a motion, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court" (id. at 51, 42 N.Y.S.3d 188; see Chen v. Guo Liang Lu, 144 A.D.3d 735, 736, 41 N.Y.S.3d 517). | "Upon a motion to dismiss for lack of personal jurisdiction, is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction?" |

| 4054 | Warner v. Chauffeurs, Teamsters, & Helpers Loc. Union No. 414, 73 N.E.3d 190, 197 (Ind. Ct. App. 2017) | 6 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. Ind. R. Trial P. 12(B)(1). | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider the complaint?" |
|---|---|---|---|---|---|
| 4055 | Weisblat v. City of San Diego, 176 Cal. App. 4th 1022, 1039–40, 98 Cal. Rptr. 3d 366, 378 (2009) | 6 | A tax is a "special tax" whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which the revenues may be spent. | "[A] tax is special whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which [the] revenues may be spent." | "A tax is special whenever expenditure of its revenues is limited to specific purposes, is this true even though there may be multiple specific purposes for which revenues may be spent?" |
| 4056 | Calvert v. Zanes-Ewalt Warehouse, Inc., 502 S.W.2d 689, 692 (TEX 1974) | 3 | Whether exercise of taxing power of state is forbidden in particular case is to be determined by practical operation of state statute, as applied to facts in that case. | Whether the exercise of the taxing power of the State is forbidden in a particular case is to be determined by the practical operation of the State statute, as applied to the facts of that case. | "Whether exercise of taxing power of state is forbidden in particular case be determined by practical operation of state statute, as applied to facts in that case?" |
| 4058 | United States v. Sun-Diamond Growers of California, 138 F.3d 961, 966 (C.A.D.C., 1998) | 1 | To satisfy criminal intent requirement embodied in phrase "for or because of any official act," as used in gratuity statute, giver must intend either to reward some past concrete official act or acts, or to enhance likelihood of some future act or acts. 18 U.S.C.A. S 201(c)(1)(A). | To satisfy the criminal intent requirement embodied in the phrase "for or because of any official act," the giver must intend either to reward some past concrete official act or acts, or to enhance the likelihood of some future act or acts. | "What must the bribe-giver intend in order to satisfy the criminal intent requirement embodied in the phrase ""for or because of any official act""?" |
| 4060 | United States v. Evans, 572 F.2d 455, 480 (C.A.5 (Tex.), 1978) | 32 | Both conflict of interest statute and unlawful gratuity statute must be broadly construed in order to accomplish legislative purpose which they manifest. 18 U.S.C.A. SS 201(g), 203(a). | As a prefatory premise, we note that both the conflict of interest statute, 18 U.S.C.A. s 203, and the unlawful gratuity statute, 18 U.S.C.A. s 201, must be broadly construed in order to accomplish the legislative purpose which they manifest. | Should both conflict of interest statute and unlawful gratuity statute be broadly construed in order to accomplish legislative purpose which they manifest? |
| 4061 | Tennessee Enamel Mfg. Co. v. Stoves, 192 F.2d 863, 868 (C.A.6 (Tenn.), 1951) | 4 | Under Tennessee law, usages or customs of trade, to be effectively binding in law, must be imperative and compulsory in character and so well known as to affect the person to be bound with knowledge of them and raise the presumption that he dealt with reference to them. | The point of the Tennessee authorities is that usages or customs of trade, to be effectively binding in law, must be imperative and compulsory in character and so well known as to affect the person to be bound with knowledge of them and raise the presumption that he dealt with reference to them. | "In order for a party to be bound by usages or customs of trade, must they be imperative and compulsory?" |

| 4062 | La Laguna Ranch Co. v. Dodge, 18 Cal. 2d 132, 135, 114 P.2d 351, 353 (1941) | 1 | The term "overriding royalty" is applied generally in the oil industry to such fractional interests in the production of oil and gas as are created from the lessee's estate, regardless of whether the royalty is created by reservation when original lessee transfers his interest by a sub-lease, or whether it is created by grant when original lessee conveys a fractional share to a third person. | The term 'overriding royalty' is applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate. This is true whether the overriding royalty is created by reservation when the original lessee transfers his interest by a sub-lease or whether it is created by grant when the original lessee conveys a fractional share to a third person, as in the instant case. | Is the term overriding royalty applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate? |
| 4063 | Blocker Expl. Co. v. Frontier Expl., Inc., 740 P.2d 983, 985 (Colo. 1987) | 1 | Three essential elements of mining partnership are joint ownership, joint operation, and express or implied agreement to share profits and losses; if mining partnership exists, partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | The three essential elements of a mining partnership are: (1) joint ownership; (2) joint operation; and (3) an express or implied agreement to share profits and losses. Mud Control Laboratories, 2 Utah 2d at 91–92, 269 P.2d at 858. This mining partnership test has been adopted in the jurisdictions which have addressed this issue. Gilroy v. White Eagle Oil Co., 201 F.2d 113 (10th Cir.1952) (applying Oklahoma law); Gilbert v. Fontaine, 22 F.2d 657, 661 (10th Cir.1927) (applying Kansas law); Edwards v. Hardwick, 350 P.2d 495, 501–02 (Okla.1960); Lyons v. Stekoll, 186 Okla. 94, 96 P.2d 60 (1939). See Fiske, Mining Partnership, 26 Inst. on Oil & Gas L. & Tax'n 187, 193 (1975).<br><br>If a mining partnership exists, the partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | "Are the three essential elements of a mining partnership joint ownership, joint operation and an express or implied agreement to share profits and losses?" |

| 4064 | Feliciano v. Geneva Terrace Estates Homeowners Ass'n, 14 N.E.3d 540, 553, 383 Ill.Dec. 257, 270, 2014 IL App (1st) 130269, ¶ 45 (Ill.App. 1 Dist., 2014) | 17 | Courts look at four factors in determining whether to permit amended pleadings: (1) whether the proposed amendment would cure a defective pleading, (2) whether the proposed amendment would surprise or prejudice the opposing party, (3) whether the proposed amendment was timely filed, and (4) whether the moving party had previous opportunities to amend. S.H.A. 735 ILCS 5/2-616. | Courts look at four factors in determining whether to permit amended pleadings under section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2012)). See Loyola Academy v. S. & S. Roof Maintenance, Inc., 146 Ill.2d 263, 273, 166 Ill.Dec. 882, 586 N.E.2d 1211 (1992). First, whether the proposed amendment would cure a defective pleading. Second, whether the proposed amendment would surprise or prejudice the opposing party. Third, whether the proposed amendment was timely filed. And fourth, whether the moving party had previous opportunities to amend. | What factors do courts consider in allowing amendments to pleadings? |
| --- | --- | --- | --- | --- | --- |
| 4065 | State ex rel. GMS Mgmt. Co. v. Callahan, 45 Ohio St. 3d 51, 55, 543 N.E.2d 483, 487 (1989) | 8 | Provision for bond upon continuance of forcible entry and detainer action is not applicable when judges take matters under advisement sua sponte. R.C. S 1923.08. | The bond requirement under R.C. 1923.08 would not be applicable when judges, as set forth herein, take matters under advisement sua sponte in forcible entry and detainer proceedings. | Is the provision for a bond upon continuance of forcible entry and detainer action applicable when judges take matters under advisement sua sponte? |
| 4066 | Voorheis v. Hawthorne-Michaels Co., 151 Cal. App. 2d 688, 693, 312 P.2d 51, 54 (1957) | 2 | Since there is always an inherent possibility of error in the transcription of a deposition, a final opportunity for correction of the writing as completed should be given by the reading to or by the witness. West's Ann.Code Civ.Proc., SS 2006, 2022, 2032. | Because the writing is to stand as the witness' own words and there is always an inherent possibility of error in the transcription, a final opportunity for correction of the writing as completed should be given by the reading to or by the witness. | "Since there is always an inherent possibility of error in the transcription of a deposition, should a final opportunity for correction of the writing as completed be given by the reading to or by the witness?" |
| 4067 | Fritsch v. J. M. English Truck Line, 151 Tex. 168, 172–73 (1952) | 2 | There is nothing in the rules of civil procedure relating to continuances requiring granting of a first motion merely because it is in statutory form and is not controverted by affidavit of opposite party, and trial court, in determining existence of diligence, may examine allegations of diligence contained in motion in light of record before it. Rules of Civil Procedure, rules 251, 252. | There is nothing in the rules on continuance requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party. Surely it will not be gainsaid that a trial court, in determining the existence of diligence, may examine the allegations of diligence contained in the motion in the light of the record before it.. | Is there a rule relating to continuances requiring granting of a first motion merely because it is in statutory form and not controverted by affidavit of opposite party? |
| 4068 | Sydney Attractions Grp. Pty Ltd. v. Schulman, 74 A.D.3d 476, 476, 902 N.Y.S.2d 82, 83 (2010) | 2 | Enforcement of a forum selection clause does not allow for a stay rather than dismissal, at least when there is no argument that the designated court lacks jurisdiction of all necessary parties or is otherwise unable to accord complete relief. | Since enforcement of a forum selection clause does not allow for a stay, at least where there is no argument that the designated court lacks jurisdiction of all necessary parties or is otherwise unable to accord complete relief | Does enforcement of a forum selection clause not allow for a stay rather than dismissal? |

| 4071 | People v Chenango County, 39 N.Y.S.2d 785, 792 (Sup. Ct. 1943) | 16 | A "tax" is a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government. Const. art. 16. | A tax has been defined as 'a statutory liability imposed upon all the inhabitants of the state defined as taxable, to the end that they may contribute their just share to the expenses of government.' | "Is a tax a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government?" |
| --- | --- | --- | --- | --- | --- |
| 4073 | People v. Sanoguet, 157 Misc. 2d 771, 775, 597 N.Y.S.2d 854, 857 (Sup. Ct. 1993) | 4 | Gist of crime of bribe receiving is not the payment of money, but rather the agreement or understanding under which alleged bribe receiver accepts or agrees to accept benefit; existence of such an agreement or understanding is no less critical for conduct of alleged bribe giver to constitute crime of bribery. McKinney's Penal Law S 200.00. | The "gist" of the crime of bribe receiving "is not the payment of money, but rather the 'agreement or understanding' under which [the alleged bribe receiver] accepts or agrees to accept a benefit." People v. Harper, 75 N.Y.2d 313, 317, 552 N.Y.S.2d 900, 552 N.E.2d 148 (1990) (citations omitted). See also, People v. Alvino, 71 N.Y.2d 233, 525 N.Y.S.2d 7, 519 N.E.2d 808 (1987). The existence of such an agreement or understanding is no less critical for the conduct of the alleged bribe giver to constitute the crime of bribery. | "As an essence or gist of the crimes of bribery, should there be an agreement or understanding under which a witness accepts or agrees to accept a benefit?" |
| 4074 | Chesapeake Exploration, L.L.C. v. Energen Resources Corp., 445 S.W.3d 878, 882 (Tex.App.-El Paso, 2014) | 6 | A habendum clause referring to "said land" extends the lease as to all the leased property while production of oil or gas occurs anywhere on the property during the second term; thus, in the absence of anything in the lease to indicate a contrary intent, production on one tract will operate to perpetuate the lease as to all tracts described therein and covered thereby. | Under Texas law, a habendum clause referring to "said land" extends the lease as to all the leased property while production of oil or gas occurs anywhere on the property during the second term. Ridge Oil Co., Inc. v. Guinn Invs., Inc., 148 S.W.3d 143, 149 (Tex.2004).Thus, "in the absence of anything in the lease to indicate a contrary intent, production on one tract will operate to perpetuate the lease as to all tracts described therein and covered thereby." | "In the absence of anything in the lease to indicate a contrary intent, will production of one tract operate to perpetuate the lease as to all the tracts described?" |
| 4075 | Rieff v. Evans, 630 N.W.2d 278, 292 (Iowa, 2001) | 22 | A plaintiff need not plead ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide fair notice of the claim asserted. Rules Civ.Proc., Rule 69(a). | We do not require a "pleading of ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide 'fair notice' of the claim asserted." | Is it required to plead ultimate facts that support the elements of the cause of action? |
| 4078 | Israel v. Flick Mortg. Investors, Inc., 23 So.3d 1196, 1199 (Fla.App. 3 Dist.,2008) | 4 | A motion to dismiss based on lack of jurisdiction over the person lies when the service of process effected, although proper in manner, is not authorized by a statute that confers jurisdiction. | A motion to dismiss based on lack of jurisdiction over the person lies when the service of process effected, as here, although proper in manner, is not authorized by the long-arm statute which confers jurisdiction. | Does a motion to dismiss based on lack of jurisdiction over the person lie when the service of process effected is not authorized by a statute that confers jurisdiction? |

| 4079 | Abdul-Salaam v. Whole Food Market, Inc., 179 So.3d 846, 848 (La.App. 5 Cir., 2015) | 2 | Only a named defendant or a party may seek the dismissal of an action based on the plaintiff's failure to request service in a timely manner. LSA-C.C.P. arts. 1201, 1672(C). | 1672(C) is clear and unambiguous and we find that it only permits a "named defendant" or a "party" 5  to seek the dismissal of an action based on the plaintiff's failure to request service in a timely manner. | Can only a named defendant or a party seek the dismissal of an action based on the plaintiffs failure to request service in a timely manner? |
| Kalisch v Maple Trade Finance Corp., 35 A.D.3d 291, 827 N.Y.S.2d 40, 40–41 (N.Y.A.D., 2006) | 1 | In order to vacate default, plaintiff is required to demonstrate both a reasonable excuse for her failure to appear at a conference and a meritorious cause of action. | In order to vacate her default, plaintiff would be required to demonstrate both a reasonable excuse for her failure to appear at the conference and a meritorious cause of action . | "In order to vacate default, is a plaintiff required to demonstrate both a reasonable excuse for her failure to appear at a conference and a meritorious cause of action?" |
| 4081 | Neill v. District of Columbia Public Employee Relations Bd., 93 A.3d 229, 241 (D.C.,2014) | 12 | At least as a general proposition, dismissal with prejudice is an appropriate sanction only upon clear evidence of deliberate delay or upon a showing of contumacious conduct by the plaintiff. Civil Rule 41(b). | 58  "[A]t least as a general proposition, dismissal with prejudice is an appropriate sanction only upon clear evidence of deliberate delay or upon a showing of contumacious conduct by the plaintiff. | "At least as a general proposition, is dismissal an appropriate sanction only upon clear evidence of deliberate delay?" |
| 4082 | Alpha Rho Zeta of Lambda Chi Alpha, Inc. v. Inhabitants of City of Waterville, 477 A.2d 1131, 1136 (Me.,1984) | 4 | Right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide essential needs of state government, i.e. to secure such revenue as will be sufficient and indispensable to preservation of public peace, health and safety. 36 M.R.S.A. S 502. | The right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide the essential needs of State government, i.e. to secure such revenue as will be sufficient and indispensable to the preservation of the public peace, health and safety. | Is the right to tax a crucial attribute of sovereignty? |
| 4084 | Townsend v. Seurer, 791 F. Supp. 227, 231 (D.Minn., 1992) | 3 | Feres doctrine bars action against state civilian employees for injuries arising out of activities incident to military service. 42 U.S.C.A. SS 1981, 1983, 1985; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Because this court finds that the Feres doctrine bars an action against state civilian employees under 42 U.S.C.  1981, 1983, and 1985 for injuries arising out of activities incident to military service, defendants' motion for dismissal of plaintiff's federal claims will be granted. | Does the Feres doctrine bar an action against state civilian employees and injuries arising out of activities incidental to military service? |
| 4089 | Voltz v. Dyess, 148 So. 3d 425, 427 (Ala. 2014) | 5 | A failure to effect service within 120 days does not, alone, warrant summary dismissal of an action absent at least 14 days' notice. Rules Civ.Proc., Rule 4(b). | Under Rule 4(b), a failure to effect service within 120 days does not, alone, warrant summary dismissal absent at least 14 days' notice. | "Does a failure to effect service within 120 days not, alone, warrant summary dismissal of an action absent at least 14 days' notice?" |
| 4090 | Speer v. Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227, 229 (Ga.App., 2012) | 2 | Dismissal of appeal for mootness is not ruling on merits; rather, court's duty to dismiss moot cases arises from proper respect for judicial branch's unique constitutional role to decide contested cases. Vernon's Ann.Texas Const. Art. 2, S 1. | We do nothing of the kind. Dismissal for mootness is not a ruling on the merits. Rather, the court's duty to dismiss moot cases arises from a proper respect for the judicial branch's unique role under our constitution: to decide contested cases. | Is it a court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role? |

| 4096 | Appeal of Boeing Co., 930 P.2d 1366, 1371, 261 Kan. 508, 516 (Kan.,1997) | 10 | "General taxes" are exactions placed upon citizens by taxing authorities for support of government while "special assessments" are imposed upon property within limited area for payment of special or local improvements. | The former are exactions placed upon the citizens by the taxing authorities for the support of the government while the latter are imposed upon property within a limited area for payment of special or local improvements." | "Are ""general taxes"" exactions placed upon citizens by taxing authorities for support of government?" |
|------|---------------------------------|----|-------------------------------------------|------------------------------|------------------------------|
| 4097 | Miron v. BDO Seidman, LLP, 342 F.Supp.2d 324, 333 (E.D.Pa., 2004) | 14 | Traditional theory of equitable estoppel allows signatories of arbitration agreements to impose arbitration on non-signatories when the non-signatory knowingly embraces, exploits, or receives the benefits of the agreement containing the arbitration clause, despite having never signed it. | With respect to equitable estoppel, there are two theories of estoppel under which the Deutsche Bank Defendants may be able to compel arbitration. The first and more traditional theory allows signatories to impose arbitration on non-signatories when the non-signatory knowingly embraces, exploits, or receives the benefits of the agreement containing the arbitration clause, despite having never signed it. | Does the traditional theory of equitable estoppel allow signatories of arbitration agreements to impose arbitration on non-signatories? |
| 4098 | Oluwabukola Olawoye v. Olufisayo Arubuola, 198 So.3d 1086, 1088 (Fla.App. 1 Dist., 2016) | 2 | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment; however, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order that the party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment. Fla. R. Civ. P. 1.200(c). However, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order "that the party's conduct was willful and contumacious." Schneider v. | "Do trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment?" |
| 4099 | Schindler v. Bank of New York Mellon Trust Co., 190 So.3d 102, 104 (Fla.App. 4 Dist., 2015) | 4 | Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious. West's F.S.A. RCP Rule 1.420(b). | Additionally, "[p]rior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious." | "Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, should the court make a finding that the failure to comply was wilful or contumacious?" |
| 4100 | Ruddock v. Burrowes, 243 Conn. 569, 577–84 (1998) | 6 | Consent to dismissal of action may be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike, or from plaintiff's inordinate delay in appointing administrator or executor. | Baker v. Baningoso, supra, 134 Conn. at 387, 58 A.2d 5; or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike; Hughes v. Bemer, 206 Conn. 491, 495, 538 A.2d 703 (1988); or from a plaintiff's inordinate delay in appointing an administrator or executor. | Can consent to dismissal of action be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike? |

| 4103 | Old Home Enterprise v. Fleming, 20 Neb. App. 705, 705 (2013) | 4 | The only way to ensure that an unserved action stands dismissed is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. West's Neb.Rev.St. S 25-217. | The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. | "Is without predicate action by a trial court, the only way to ensure that an unserved action stands dismissed to hold that such dismissal occurs by operation of law?" |
| 4104 | Vidal v. Perez, 720 So. 2d 605, 606 (Fla. Dist. Ct. App. 1998) | 3 | Trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented. | "The trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992). | Does a trial judge have broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented? |
| 4108 | Consol Pennsylvania Coal Co., LLC v. Department of Environmental Protection, 129 A.3d 28, 39 (Pa.Cmwlth., 2015) | 6 | The existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication, with sufficiently adverse parties to sharpen the issues for judicial resolution. | "[T]he existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication, with sufficiently adverse parties to sharpen the issues for judicial resolution. | Will a court dismiss an action as moot unless an actual case or controversy exists at all stages of the judicial or administrative process? |
| 4110 | Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo.App. W.D.,1999) | 4 | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812-813 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? |
| 4111 | Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332, 341 (Ala. 1991) | 15 | Dismissal for failure to comply with court order is warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff. Rules Civ.Proc., Rule 41(b). | Although dismissal for failure to comply with a court order is a "harsh sanction," it is warranted where there is a "clear record of delay, willful default or contumacious conduct by the plaintiff." | "Is dismissal for failure to comply with a court order warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff?" |
| 4112 | Presbyterian St. Luke's Hospital v. Feil, 75 Ill.App.3d 438, 443–44 (1979) | 3 | Dismissal of a complaint as a sanction for noncompliance with orders of the court is proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority. Supreme Court Rules, rule 201(e), S.H.A. ch. 110A, S 201(e). | Dismissal of a complaint as a sanction for noncompliance with orders of the court is proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority (Swedien v. Hadley School For The Blind (1979), 70 Ill.App.3d 466, 27 Ill.Dec. | "Is dismissal of a complaint as a sanction for noncompliance with orders of the court proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority?" |

| 4113 | Brown v. Kidney and Hypertension Associates, L.L.P., 5 So.3d 258, 265, 2008-0919 La.App. 1 Cir. 1/12/09, 8 (La.App. 1 Cir.,2009) | 8 | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Nevertheless, the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. | Is the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step insufficient to interrupt the abandonment period? |
| 4115 | Ramey v. Haverty Furniture Companies, Inc., 993 So.2d 1014, 1018 (Fla.App. 2 Dist.,2008) | 2 | Trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court, and such power is indispensable to the proper administration of justice because no litigant has a right to trifle with the courts; however, it is a power which should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. | "[A] trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court." "Such power is indispensable to the proper administration of justice, because no litigant has a right to trifle with the courts. It is a power, however, which should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing." | Do trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court? |
| 4116 | Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App. 1996), writ denied (Mar. 21, 1997) | 2 | Trial courts have broad discretion in dismissing in forma pauperis actions they find to be frivolous; abuse of discretion occurs if trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. | Trial courts have broad discretion in dismissing in forma pauperis actions they find to be frivolous. Thomas v. Texas Dept. of Criminal Justice, Institut. Div., 848 S.W.2d 797, 798 (Tex.App.—Houston [14th Dist.] 1993, writ denied). An abuse of discretion occurs if the trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. | Do courts have broad discretion in dismissing in forma pauperis suits they find to be frivolous? |
| 4117 | Turner v. Marine Inland Transp. Co., 08-594 (La. App. 5 Cir. 1/13/09), 7 So. 3d 756, 757, writ denied, 2009-0335 (La. 4/3/09), 6 So. 3d 777 | 1 | A party takes a "step" in the prosecution or defense of the action, for purposes of abandonment, when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. LSA-C.C. art. 591. | As discussed in Turner, supra, La.Code Civ. Pro. Art. 591 requires three things to defeat a motion to dismiss based on abandonment. First, a party must take some "step" in the prosecution or defense of the action; second, this step must be done on the record of the suit except for formal discovery; and third, the "step" must be made within three years of the last "step." A party takes a "step" in the prosecution or defense of the action when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment?" |

| 4118 | Childs v. Huff, 586 So.2d 939, 940–41 (Ala.Civ.App.,1991) | 1 | Decision whether to allow testimony of witnesses not disclosed as directed in pretrial order is generally matter within sound discretion of trial court and will not be reversed on appeal absent any abuse. | The name of the witness had not been disclosed as directed in the pretrial order. The decision whether to allow *941 the testimony of such witness is generally a matter within the sound discretion of the trial court and will not be reversed on appeal absent any abuse. | Is the decision whether to allow testimony of witnesses within sound discretion of trial court and will not be disturbed absent abuse of that discretion? |
| --- | --- | --- | --- | --- | --- |
| 4120 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 9 | While involuntary dismissal of an action is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party. CR 41(b). | While dismissal is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party. | "While involuntary dismissal of an action is disfavored, is it justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party?" |
| 4121 | Cherubino v. Fenstersheib and Fox, P.A., 925 So.2d 1066, 1068 (Fla.App. 4 Dist.,2006) | 2 | Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court's discretion is narrowed where dismissal is imposed for fraudulent conduct, in which a more stringent abuse of discretion standard is appropriate; such sanction may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing. | Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court's discretion is narrowed where dismissal is imposed for fraudulent conduct such as that alleged here, in which a more stringent abuse of discretion standard is appropriate. Such sanction may be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." | "Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, is the trial court's discretion narrowed where dismissal is imposed for fraudulent conduct?" |
| 4122 | Lee v. Labor & Industry Review Com'n, 202 Wis.2d 558, 562–63 (Wis.App.,1996) | 4 | Circuit courts have both statutory authority and inherent authority to dismiss action if party seeking judicial relief fails to obey court orders. | Circuit courts have both *563 statutory authority and the inherent authority to dismiss an action if the party seeking judicial relief fails to obey court orders. | Do circuit courts have both statutory authority and inherent authority to dismiss action if a party seeking judicial relief fails to obey court orders? |
| 4123 | Graham v. City of Fort Worth, 75 S.W.2d 930, 933 (Tex. App. 1934) | 7 | Courts in inquiring into power of municipality to impose a tax apply rule of strict construction against existence of power, but when general power is conceded, or is clearly shown to exist, and inquiry arises on question of exemption from taxation, rule of strict construction is applied against exemption. | It is true that when a judicial inquiry arises as to the power of a municipality, or even the state, to impose a tax, the rule of strict construction is applied against the existence of such power, but when the general power is conceded, or is clearly shown to exist, and the inquiry arises upon a question of exemption from taxation, the rule of strict construction is applied against such exemption. | Do courts in inquiring into power of state to impose a tax apply rule of strict construction against existence of power? |

| 4124 | Nye v. Industrial Claim Appeals Office of State of Colo., 883 P.2d 607, 609–10 (Colo.App.,1994) | 11 | There is no constitutionally protected civil right in workers' compensation benefits; statutory benefits created or allowed under workers' compensation scheme exist only to extent allowed and intended by applicable statute and legislation prospectively limiting or rescinding benefits does not deprive persons of constitutionally protected property interest. | There is no constitutionally protected civil right in workers' compensation benefits. Tomsha v. City of Colorado Springs, 856 P.2d 13 (Colo.App.1992). Statutory benefits created or allowed under the workers' compensation scheme exist only to the extent allowed and intended by applicable statutes, and legislation prospectively limiting or rescinding benefits does not deprive persons of *610 constitutionally protected property interests. | To what extent do statutory benefits under workers compensation exist? |
| --- | --- | --- | --- | --- | --- |
| 4127 | Kedzie & 103rd Currency Exch., Inc. v. Hodge, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993) | 1 | Statute governing involuntary dismissal based upon defects or defenses affords means of obtaining summary disposition of issues of law or of easily proved issues of fact, with reservation of jury trial as to disputed questions of fact. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Generally, section 2–619 affords a "means of obtaining * * * a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact." | Can the statute governing involuntary dismissal afford a means of obtaining summary disposition of issues of law or of easily proven issues of fact? |
| 4130 | Endless Ocean, LLC v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587, 588, 979 N.Y.S.2d 84 (2014) | 2 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). | Can a motion to dismiss a complaint based on documentary evidence be granted? |
| 4135 | Moransais v. Jordan, 870 So.2d 177, 179 (Fla.App. 2 Dist.,2004) | 2 | The "record activity" required to survive dismissal of an action for lack of prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | However, regardless of the lack of qualifying language in the rule, the supreme court has repeatedly declared that the "record activity" required by rule 1.420(e) must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. | "Should ""record activity"" be more than mere passive effort to keep the case on the docket?" |
| 4138 | Kanady v. State, 810 N.E.2d 1068, 1069–70 (Ind.App.,2004) | 2 | To convict a person of child molesting as a Class C felony, the state must prove the defendant (1) with a child under the age of 14, (2) performed or submitted to any fondling or touching, (3) of either the child or the older person, (4) with intent to arouse or satisfy the sexual desires of the child or the older person. West's A.I.C. 35-42-4-3(b). | In order to convict a person of child molesting as a Class C felony, the State must prove the defendant (1) with a child under fourteen, (2) performed or submitted to any fondling or touching, (3) of either the child or the older person, (4) with intent to arouse or satisfy the sexual desires of the child or the older person. Ind.Code 35-42-4-3(b). | What must the State prove in a prosecution for Class C felony child molesting? |

| | | | | | |
|---|---|---|---|---|---|
| 4139 | Gannon v. Chicago, M., St. P. & P. Ry. Co., 13 Ill.2d 460, 463 (Ill. 1958) | 5 | Workmen's compensation act establishes system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. | To that end it established a system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. | Does the Workers Compensation Act establish a system of liability without fault? |
| 4140 | United States v. Bittinger, 434 F.2d 49, 50-51 (C.A.4 (Va.), 1970) | 2 | Registrant's status in his church hierarchy may be evidence that he is not a minister as defined by selective service law, but it is not conclusive and whether a registrant is entitled to ministerial classification is matter to be determined largely on basis of his actual duties and functions. | Defendant's status in his church hierarchy may be evidence that he is not a minister as defined by law, but it is not conclusive. Whether a *51 Vacation Pioneer, or a holder of any other rank, is entitled to a ministerial classification is a matter to be determined largely on the basis of his actual duties and functions. | Can the status of a registrant in their church hierarchy be considered as conclusive in a local board's determination that he is not entitled to a ministerial exemption? |
| 4141 | James Talcott, Inc. v. Shulman, 82 N.J.Super. 438, 442 (N.J.Super.A.D., 1964) | 1 | A negotiable promissory note executed prior to effective date of Uniform Commercial Code was governed by the pre-existing Negotiable Instruments Law. R.S. 7:1-1 et seq., N.J.S.A.; N.J.S. 12A:1-101 et seq., 12A:10-101, N.J.S.A. | It is to be noted that the negotiable promissory note, which is the subject matter of plaintiff's action, was executed prior to January 1, 1963, the effective date of the Uniform Commercial Code, L.1961, c. 120; N.J.S. 12A: 1-101 et seq., N.J.S.A., and thus is governed by R.S. 7:1-1 et seq., N.J.S.A., the pre-existing Negotiable Instruments Law. See N.J.S. 12A:10-101, N.J.S.A. | When did the Uniform Commercial Code came into effect replacing the pre-existing Negotiable Instruments Law? |
| 4144 | Multiple Use, Inc. v. Morton, 353 F.Supp. 184, 190–91 (D.C.Ariz., 1972) | 12 | In determining, on application for patent of mining claim, whether mineral deposit is valuable, Secretary of Interior may require a showing that there is a reasonable expectation based on circumstances known at that time that mineral can be extracted, removed and marketed at a profit; and though it need not be proved that claim can in fact be operated at a profit, evidence as to costs of mining may be considered in determining whether person of ordinary prudence would be justified in further investment of labor and capital. 30 U.S.C.A. SS 22, 23. | In determining whether a mineral deposit is valuable, the Secretary may require a showing that there is a reasonable expectation based upon the circumstances known at that time that the mineral can be extracted, removed and marketed at a profit. Coleman, supra. It need not be proved that the claim can in fact be operated at a profit, but the evidence as to costs of mining may be considered in determining *191 whether a person of ordinary prudence would be justified in the further investment of labor and capital. | "Does the Secretary require a showing from the mining claimant that the mineral can be extracted, removed, and marketed at a profit?" |
| 4145 | Belden & Blake Corp. v. Com., Dept. of Conservation and Natural Resources, 969 A.2d 528, 532, 600 Pa. 559, 566 (Pa., 2009) | 6 | One who has the exclusive right to mine coal upon a tract of land has the right of possession even as against the owner of the soil, so far as it is necessary to carry on mining operations. | "One who has the exclusive right to mine coal upon a tract of land has the right of possession even as against the owner of the soil, so far as it is necessary to carry on ... mining operations." | Does one who has the exclusive right to mine coal upon a tract of land have the right of possession even as against the owner of the soil? |

| | | | | | |
|---|---|---|---|---|---|
| 4148 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340, 1345 (Colo.,1985) | 10 | Whether plaintiff has resumed prosecution after lengthy delay should be important factor in trial court's consideration of motion to dismiss for failure to prosecute, but unilateral resumption of prosecution should not insulate plaintiff from dismissal for lack of prosecution as matter of law and in all circumstances. Rules Civ.Proc., Rule 41(b)(1, 2). | Whether a plaintiff has resumed prosecution after a lengthy delay should be an important factor in the trial court's consideration of a motion to dismiss for failure to prosecute. Nevertheless, a unilateral resumption of prosecution should not insulate a plaintiff from dismissal for lack of prosecution as a matter of law and in all circumstances. | Should a unilateral resumption of prosecution not insulate a plaintiff from dismissal for lack of prosecution? |
| 4149 | Weaver v. The Ctr. Bus., 578 So. 2d 427, 429 (Fla. Dist. Ct. App. 1991) | 2 | Almost any discovery effort filed of record will preclude dismissal for failure to prosecute, unless effort is patently repetitious; court will no longer inquire how well effort advances cause. West's F.S.A. RCP Rule 1.420(e). | Almost any discovery effort filed of record (unless patently repetitious) will preclude dismissal and a court can no longer inquire how well it advances the cause. | "Will almost any discovery effort filed of record preclude dismissal for failure to prosecute, unless effort is patently repetitious?" |
| 4150 | Florez v. City of Miami, 858 So.2d 378, 379 (Fla.App. 3 Dist.,2003) | 3 | A trial court has discretion to dismiss an action when the only record activity for the previous year was "bad faith activity," which means activity that is frivolous or clearly useless to further prosecute the case. | A trial court "has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, which means activity that is 'frivolous or clearly useless' to further prosecute the case." | "Does a trial court have discretion to dismiss an action when the only record activity for the previous year was a ""bad faith activity""?" |
| 4152 | Kuykendall v. Schneidewind, 79 N.E.3d 770, 779 (Ill.App. 5 Dist., 2017) | 6 | On motion to dismiss on ground that claim is barred by affirmative matter, defendant has initial burden of establishing that affirmative matter defeats plaintiff's claim, and if satisfied, burden shifts to plaintiff to demonstrate that proffered affirmative matter is either unfounded, or requires resolution of material fact. 735 Ill. Comp. Stat. Ann. 5/2-619(a)(9). | The defendant has the initial burden of establishing that an affirmative matter defeats the plaintiff's claim, and if satisfied, the burden shifts to the plaintiff to demonstrate that the proffered affirmative matter is either unfounded, or requires the resolution of a material fact. | Does a defendant bear the initial burden to prove the affirmative matter defeating the plaintiff's claim? |
| 4153 | Clennan v. Shinseki, 26 Vet.App. 144, 154 (Vet.App.,2013) | 2 | A veteran's entitlement to veterans benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. U.S.C.A. Const.Amend. 5. | In this regard, it is now well established that a veteran's "entitlement to [VA] benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. | Is a veteran's entitlement to veterans benefits a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution? |
| 4155 | Duncan v. Sikorsky Support Services, 736 So.2d 613, 615 (Ala.Civ.App.,1998) | 3 | Although involuntary dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff. Id. No wrongful motive or intent is necessary to show willful conduct. Id. [4] A Rule 41(b) dismissal is a matter within the discretion of the trial court and will be reversed on appeal only if an abuse of discretion is shown. | Is wrongful motive or intent necessary to show plaintiff's willful conduct supporting dismissal for want of prosecution? |

| 4156 | Koutroulis v. Centennial Healthcare Corp., 38,068 (La. App. 2 Cir. 4/14/10), 34 So. 3d 503, 506 | 3 | An action should not be dismissed on grounds of abandonment if a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action; however, a plaintiff's intention to take a step in the prosecution of his claim without a step actually being taken is not sufficient to preclude a finding of abandonment. | An action should not be dismissed if a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action. Clark, supra; Moore v. Eden Gardens Nursing Center, 37,362 (La.App.2d Cir.06/25/03), 850 So.2d 998. However, a plaintiff's intention to take a step in the prosecution of his claim without a step actually being taken is not sufficient to preclude a finding of abandonment. | Was the article allowing dismissal of action for abandonment meant to dismiss those cases in which a plaintiff has clearly demonstrated before the court that she does not intend to abandon the action? |
| --- | --- | --- | --- | --- | --- |
| 4157 | People v. Hanley, 50 Ill.App.3d 651, 659 (1977) | 18 | Attempt rape includes every element of crime of rape except penetration, and to commit this offense male must intend to accomplish intercourse by force and against female's will and must take a substantial step toward accomplishing his purpose. | Attempt rape includes every element of the crime of rape except penetration, and to commit this offense the male must intend to accomplish intercourse by force and against the female's will and must take a substantial step toward accomplishing his purpose. | Does attempted rape include every element of the crime of rape? |
| 4158 | Evans-Marshall v. Board of Educ. of Tipp City Exempted Village School Dist., 624 F.3d 332, 344 (C.A.6 (Ohio),2010) | 12 | Universities occupy a special niche in the constitutional tradition, and the constitutional rules applicable in higher education do not necessarily apply in primary and secondary schools, where students generally do not choose whether or where they will attend school. | "[U]niversities occupy a special niche in our constitutional tradition" and the constitutional rules applicable in higher education do not necessarily apply in primary and secondary schools, where students generally do not choose whether or where they will attend school. | Do the constitutional rules applicable in higher education apply in primary and secondary schools? |
| 4159 | Tims v. City of Jackson, 823 So. 2d 602, 604 (Miss.App., 2002) | 2 | Because no time limits exist once a complaint has been filed, a dismissal for failure to prosecute will only be upheld in circumstances where the record shows that a plaintiff is guilty of dilatory or contumacious conduct. Rules Civ.Proc., Rule 41(b). | Because no time limits exist once a complaint has been filed, a dismissal for failure to prosecute will only be upheld in circumstances "where the record shows that a plaintiff is guilty of dilatory or contumacious conduct." | Will dismissal for failure to prosecute is upheld only where the record shows that plaintiff has been guilty of dilatory or contumacious conduct? |
| 4160 | Fillmore v. Taylor, 2017 IL App (4th) 160309, ¶ 30, 80 N.E.3d 835, 843, aff'd in part, rev'd in part, 2019 IL 122626, ¶ 30, 137 N.E.3d 779 | 1 | On a motion for dismissal with respect to pleadings, the question is whether the complaint states a cause of action for the forms of relief that the plaintiff sought in his complaint. 735 Ill. Comp. Stat. Ann. 5/2-615. | Because the motion for dismissal was pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)), the question is whether the complaint states a cause of action for mandamus, declaratory relief, or a common-law writ of certiorari: the three forms of relief that plaintiff sought in the three counts of his complaint. | "On a motion for dismissal with respect to pleadings, is the question whether the complaint states a cause of action for the forms of relief that the plaintiff sought in his complaint?" |

| | | | | | |
|---|---|---|---|---|---|
| 4161 | Qwest Corporation v. Colorado Division of Property Taxation, 304 P.3d 217, 221 (Colo., 2013) | 3 | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint. Colo. R. Civ. P. 12(b)(5) | A motion under C.R.C.P. 12(b)(5) "to dismiss [a complaint] for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint." | Does a motion to dismiss a complaint for failure to state a claim upon which relief can be granted serve as a test of the formal sufficiency of a plaintiff's complaint? |
| 4162 | Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602, 604 (Ind.,2007) | 2 | A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it; thus, appellate review of a trial court's grant or denial of a motion to dismiss is de novo. Trial Procedure Rule 12(B)(6). | A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Hosler ex rel. Hosler v. Caterpillar, Inc., 710 N.E.2d 193, 196 (Ind.Ct.App.1999), trans. denied. Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is de novo. | "Does a motion to dismiss for failure to state a claim test the legal sufficiency of the complaint, not the facts supporting it?" |
| 4163 | Barksdale v. H.O. Engen, Inc., 237 S.E.2d 794, 796, 218 Va. 496, 498 (Va. 1977) | 2 | Right to recover under Workmen's Compensation Act, which is not based on negligence and is not barred by common-law tort defenses of contributory negligence, negligence of a fellow servant, or assertion of risk, is a purely statutory right unknown at common law. Code 1950, S 65.1-87. | The right to recover under the Workmen's Compensation Act, which is not based on negligence and is not barred by common law tort defenses of contributory negligence, negligence of a fellow servant, or assumption of risk, is a purely statutory right unknown at common law. | Is the right to recover under the Compensation Act a purely statutory right unknown at common law? |
| 4166 | Streu v. City of Colorado Springs ex rel. Colorado Springs Utilities, 239 P.3d 1264, 1268 (Colo., 2010) | 7 | When evaluating a motion to dismiss for failure to prosecute, a court should consider: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice that may result to other parties; (4) any difficulties in trying the case that may have resulted from the delay; and (5) the extent to which the applicant has renewed efforts to prosecute the case. | We have articulated several nonexclusive factors that a court should consider when evaluating a motion to dismiss for failure to prosecute. These factors include: the length of the delay; the reason for the delay; any prejudice that may result to other parties; any difficulties in trying the case that may have resulted from the delay; and the extent to which the applicant has renewed efforts to prosecute the case. | What should a court consider when evaluating a motion to dismiss for failure to prosecute? |
| 4167 | Connaughton v. Chipotle Mexican Grill, Inc., 29 N.Y.3d 137, 144, 75 N.E.3d 1159, 1164 (2017) | 10 | The mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action. | "[T]he mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action" (Mandarin Trading Ltd. v. Wildenstein, 65 A.D.3d 448, 451, 884 N.Y.S.2d 47 [1st Dept.2009] [citation omitted] ). | Is the mere hope that discovery might provide some factual support for a cause of action insufficient to avoid dismissal of a patently defective cause of action? |

| 4168 | Ivory Dev., LLC v. Roe, 135 A.D.3d 1216, 1218–19, 25 N.Y.S.3d 686, 690 (2016) | 1 | A plaintiff may submit affidavits in opposition to a motion to dismiss a cause of action to rectify defects in an inartfully pleaded complaint, and such affidavits must be given their most favorable intendment. McKinney's CPLR 3211. | A plaintiff may submit affidavits in opposition to a CPLR 3211 motion to rectify defects in an inartfully pleaded complaint, and such affidavits must be "given their most favorable intendment" (Cron v. Hargro Fabrics, 91 N.Y.2d 362, 366, 670 N.Y.S.2d 973, 694 N.E.2d 56 [1998] [internal quotation marks and citation omitted] ). | Can a plaintiff submit affidavits in opposition to a motion to dismiss to rectify defects in an inartfully pleaded complaint? |
| --- | --- | --- | --- | --- | --- |
| 4169 | Bramon v. U-Haul, Inc., 945 S.W.2d 676, 679 (Mo.App. E.D., 1997) | 5 | When ruling on sufficiency of facts pleaded to state a claim, court must consider whether material and essential allegations have not been made, and where petition contains only conclusions and does not contain ultimate facts or any allegations from which to infer those facts, motion to dismiss is properly granted. | When ruling on the sufficiency of the facts pleaded to state a claim, we must consider whether material and essential allegations have not been made. Id. Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts a motion to dismiss is properly granted. | "In ruling on the sufficiency of the facts pleaded to state a claim, do courts consider whether material and essential allegations have not been made?" |
| 4170 | Shope v. Eagle, 551 Pa. 360, 365 (1998) | 1 | Motion for a "judgment of non pros" is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. | A motion for a judgment of non pros is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. | "Is motion for a ""judgment of non pros"" the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case?" |
| 4171 | Matter of Reyes Compania Naviera S.A., 649 F.Supp. 789, 792 (S.D.N.Y.,1986) | 2 | Even if original arbitration clause is not broad enough to cover particular claim, parties may evince subsequent agreement for private settlement which would cure any defect in arbitration clause. | Even if an original arbitration clause is not broad enough to cover a particular claim, the parties may "evinc[e] a subsequent agreement for private settlement which would cure any defect in the arbitration clause." | Does evincing a subsequent agreement for private settlement cure any defect in the arbitration clause? |
| 4172 | Doherty v. Teamsters Pension Trust Fund of Philadelphia and Vicinity, 16 F.3d 1386, 1393 (C.A.3 (N.J.), 1994) | 12 | Equitable tolling of time limit for arbitration may be appropriate where defendant has actively misled plaintiff respecting cause of action, plaintiff has in some extraordinary way been prevented from asserting his rights, or plaintiff has raised precise statutory claim in issue but mistakenly done so in wrong forum. | We have stated that equitable tolling may be appropriate at least where "the defendant has actively misled the plaintiff respecting the cause of action," "the plaintiff has in some extraordinary way been prevented from asserting his rights," or "the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." | Under what circumstances is equitable tolling considered appropriate? |
| 4175 | Betancourt v. Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1260 (D.Colo., 2004) | 10 | There is no right under TILA to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. Truth in Lending Act, S 125(a), (e)(1), as amended, 15 U.S.C.A. S 1635(a), (e)(1). | Thus, there is no statutory right of rescission under 15 U.S.C.  1535(e) where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. | Is there any right to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside? |

| 4176 | No-Dent Properties, Inc. v. Comm'r of Town of Hempstead Dep't of Highways, 138 A.D.3d 702, 703, 29 N.Y.S.3d 465, 466 (2016) | 1 | Highway Law provision setting forth a six-year limitation on the life of an unused public easement does not apply when a town has acquired a fee to the land in question. McKinney's Highway Law § 205(1). | Highway Law § 205(1) "sets forth a six-year limitation on the life of an unused public easement" (Perlmutter v. Four Star Dev. Assoc., 38 A.D.3d 1139, 1141, 833 N.Y.S.2d 679; see New York Cent. & Hudson Riv. R.R. Co. v. City of Buffalo, 200 N.Y. 113, 120, 93 N.E. 520). It does not apply where a town has acquired a fee to the land in question (see Perlmutter v. Four Star Dev. Assoc., 38 A.D.3d at 1141, 833 N.Y.S.2d 679). | Does a limitation on the life of an unused public easement apply where a town has acquired a fee to the land in question? |
| 4177 | Patel v. Home Depot USA, Inc., 2012 IL App (1st) 103217, ¶ 10, 964 N.E.2d 1288, 1291 | 4 | In ruling on a motion to dismiss filed under statute governing motions with respect to the pleadings, the court must accept as true all well-pled facts in the complaint and all reasonable inferences which can be drawn therefrom. S.H.A. 735 ILCS 5/2-615. | In ruling on a section 2–615 motion to dismiss, the court must accept as true all well-pled facts in the complaint and all reasonable inferences which can be drawn therefrom. | "In ruling on a motion to dismiss filed under statute governing motions with respect to the pleadings, should the court accept as true all well-pled facts in the complaint?" |
| 4178 | Schopp v. Matlock, 880 S.W.2d 357, 359 (Mo.App. E.D. 1994) | 8 | Decision to dismiss for lack of subject matter jurisdiction is question of fact left to sound discretion of trial court and will not be reversed on appeal absent abuse of discretion. | The decision to dismiss for lack of subject matter jurisdiction is a question of fact left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss? |
| 4179 | Grewell v. State Farm Mut. Auto. Ins. Co., Inc., 102 S.W.3d 33, 36 (Mo. 2003) | 4 | In a motion to dismiss for failure to state a cause of action, no attempt is made to weigh any facts alleged as to whether they are credible or persuasive; instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "In a motion to dismiss for failure to state a cause of action, is any attempt made to weigh any facts alleged as to whether they are credible or persuasive?" |
| 4180 | Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex., 1984) | 2 | In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to nonmovants will be taken as true; every reasonable inference from evidence must be indulged in favor of nonmovants and any doubts resolved in their favor. | In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as true. Cowden v. Bell, 157 Tex. 44, 46, 300 S.W.2d 286, 287 (1957). Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. | Will all conflicts in the evidence be considered when deciding whether there is an issue of material fact precluding summary judgment? |

| 4181 | First Nat. Bank of Lafayette v. Gaddis, 250 So.2d 504, 510 (La.App., 1971) | 10 | Promissory note payable to bearer and secured by mortgage may be transferred by mere delivery and authentic evidence of endorsement or transfer of note is not necessary to enable holder to foreclose by executory process. LSA-R.S. 7:9, 7:30; LSA-C.C.P. art. 2635. | Our law is settled that a promissory note payable to bearer and secured by a mortgage, may be transferred by mere delivery, and authentic evidence of the endorsement or transfer of the note is not necessary to enable the holder to foreclose by executory process. | Can a promissory note which is payable to bearer and secured by a mortgage be transferred by mere delivery? |
|---|---|---|---|---|---|
| 4182 | Hardee's Food Systems, Inc. v. Oreel, 32 F.Supp.2d 342, 344 (E.D.N.C., 1998) | 2 | If collateral terms and conditions had been agreed upon, they may be omitted from promissory note itself to insure negotiability; accordingly, parol evidence as between the original parties may be admissible so far as it is not inconsistent with express terms of the note. | "If collateral terms and conditions had been agreed upon, they may be omitted from the note itself to insure negotiability. Accordingly, ... parol evidence as between the original parties may well be admissible so far as it is not inconsistent with the express terms of the note." | "If collateral terms and conditions have been agreed upon, can they be omitted from a promissory note itself to ensure negotiability?" |
| 4183 | Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114, 1118 (9th Cir. 2009) | 1 | The purpose of TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. | Is the purpose of TILA to assure a meaningful disclosure of credit terms? |
| 4185 | Wilson v. Phoenix House, 42 Misc. 3d 677, 689, 978 N.Y.S.2d 748, 757 (Sup. Ct. 2013) | 1 | In deciding a motion to dismiss for failure to state a cause of action, the court's role is ordinarily limited to determining whether the complaint states a cause of action; on such a motion, the court must accept as true the factual allegations of the complaint, and accord the plaintiff all favorable inferences which may be drawn therefrom. McKinney's CPLR 3211(a)(7). | In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the court's role is ordinarily limited to determining whether the complaint states a cause of action. Frank v. DaimlerChrysler Corp., 292 A.D.2d 118, 741 N.Y.S.2d 9 [1st Dept. 2002]. On such a motion, the court must accept as true the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom. | "In deciding a motion to dismiss for failure to state a cause of action, is the court's role ordinarily limited to determining whether the complaint states a cause of action?" |
| 4186 | Woodruff v. Choate, 334 Ga. App. 574, 579, 780 S.E.2d 25, 29 (2015) | 4 | It is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss the complaint for failure to state a claim; if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | Contrary to the trial court's order, it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | Is it not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim? |

| 4187 | Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d 697, 709 (D.C., 2013) | 10 | Ultimately, to survive a motion to dismiss for the failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Civil Rules 8(a)(2), 12(b)(6). | Ultimately, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." | "To survive a motion to dismiss for the failure to state a claim, should a complaint contain sufficient factual matter?" |
| 4188 | Dawson v. Newman, 845 N.E.2d 1076, 1080 (Ind.App.,2006) | 2 | Motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | A Trial Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. | "Does a motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it?" |
| 4191 | Speake v. Grantham, 317 F. Supp. 1253, 1265 (S.D.Miss., 1970) | 6 | A college or university has inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | A college or university has the inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | Does a university have a right to discipline students? |
| 4192 | Mathews v. Sun Oil Co., 411 S.W.2d 561, 564 (Tex.Civ.App., 1967) | 5 | Estoppel by deed precludes parties to a valid sealed instrument and their privies from denying its force and effect by evidence of inferior solemnity. | "An estoppel by deed is a preclusion against the competent parties to a valid sealed contract, and their privies, to deny its force and effect by any evidence of inferior solemnity." | Does estoppel by deed preclude parties to a valid sealed instrument and their privies to deny its force and effect by evidence of inferior solemnity? |
| 4193 | Otte v. Edwards, 370 S.W.3d 898, 900 (Mo.App. E.D., 2012) | 2 | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we apply the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | Is a petition reviewed in an almost academic manner? |
| 4194 | Landmark Funding, Inc on Behalf of Naples Syndications, LLC v. Chaluts, 213 So.3d 1078, 1079 (Fla.App. 2 Dist., 2017) | 2 | A motion to dismiss tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact. | "A motion to dismiss ... tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact." | Does a motion to dismiss test the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact? |

| | | | | | |
|---|---|---|---|---|---|
| 4195 | Luna v. Pizzas By Marchelloni, 279 Ill. App. 3d 402, 404, 664 N.E.2d 1112, 1114 (1996) | 1 | For purposes of motion to dismiss, truth of all well-pleaded facts is accepted and complaint will be dismissed on pleadings only if it clearly appears that no facts can be proved that would entitle plaintiff to recover. | [1] For purposes of a motion to dismiss, the truth of all well-pleaded facts is accepted, (Steinberg v. Chicago Medical School, 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977); Johnson v. Franzen, 77 Ill.2d 513, 522, 34 Ill.Dec. 153, 397 N.E.2d 825 (1979); Johnston v.City of Bloomington, 77 Ill.2d 108, 32 Ill.Dec. 319, 395 N.E.2d 549 (1979); Cross v. Wells Fargo Alarm Services, 82 Ill.2d 313, 45 Ill.Dec. 121, 412 N.E.2d 472 (1980)),and a complaint will be dismissed on the pleadings only if it clearly appears that no facts can be proved which would entitle the plaintiff to recover. Charles Hester Enterprises, Inc., v. Illinois Founders Insurance Co., 114 Ill.2d 278, 102 Ill.Dec. 306, 499 N.E.2d 1319 (1986). | "For purposes of a motion to dismiss, is the truth of all well-pleaded facts accepted and a complaint will be dismissed on pleadings only if it clearly appears that no facts can be proved?" |
| 4197 | ATCO Sign & Lighting Co., LLC v. Stamm Mfg., Inc., 573, 298 Ga.App. 528, 529 (Ga.App.,2009) | 4 | To meet its burden of proving the absence of personal jurisdiction, a defendant seeking a dismissal for lack of personal jurisdiction may raise matters not contained in the pleadings; however, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. | Further, under our law, [a] defendant moving to dismiss for lack of personal jurisdiction bears the burden of proving the absence of jurisdiction. To meet that burden, the defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. | "To meet the burden of proving the absence of personal jurisdiction, can a defendant seeking a dismissal for lack of personal jurisdiction raise matters not contained in the pleadings?" |
| 4198 | People v. Kruger, 2015 IL App (4th) 131080, ¶ 5 (Ill.App. 4 Dist.,2015) | 1 | A dismissal for lack of diligence in obtaining service prior to the expiration of applicable statute of limitations is distinct from a dismissal for want of prosecution. Sup.Ct.Rules, Rule 103(b). | A dismissal for lack of diligence in obtaining service prior to the expiration of applicable statute of limitations under Rule 103(b) is distinct from a dismissal for want of prosecution. | Is dismissal of an action for want of prosecution distinct from a dismissal for lack of diligence in obtaining service prior to expiration of applicable statute of limitations? |
| 4199 | Dani v. Miller, 374 P.3d 779, 786, 2016 OK 35, ¶ 11 (Okla., 2016) | 9 | Where not all claims appear to be frivolous on their face or without merit, dismissal for failure to state a claim upon which relief may be granted is premature. 12 Okl.St.Ann. S 2012(B)(6). | Where not all claims appear to be frivolous on their face or without merit, dismissal for failure to state a claim upon which relief may be granted is premature. | "Where not all claims appear to be frivolous on their face or without merit, is dismissal for failure to state a claim upon which relief can be granted premature?" |
| 4200 | American Truck Driving Academy, Inc. v. Smith, 998 So.2d 1067, 1069 (Ala.Civ.App.,2008) | 3 | A dismissal with prejudice for lack of prosecution is proper only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can court dismiss action, for lack of prosecution when there is clear record of delay or contumacious conduct by plaintiff or serious showing of willful default?" |

| 4201 | Cameron Cnty. Sav. Ass'n v. Stewart Title Guar. Co., 819 S.W.2d 600, 603 (Tex.App. Corpus Christi,1991) | 2 | "Actual authority" includes both express and implied authority and usually denotes that authority which principal intentionally confers upon agent, intentionally allowed agent to believe that he possesses or, by want of due care, allows agent to believe that he possesses. | "Actual" authority includes both express and implied authority and usually denotes that authority which a principal a) intentionally confers upon an agent, b) intentionally allows the agent to believe that he possesses, or c) by want of due care allows the agent to believe that he possesses. | Does actual authority mean that the principal by want of due care allows the agent to believe he possessed authority? |
|---|---|---|---|---|---|
| 4202 | City Nat. Bank of Fort Smith, Ark. v. Vanderboom, 290 F.Supp. 592, 610 (Ark. 1968) | 6 | Under substantive law of Arkansas, giving of renewal note or making partial payments with knowledge at time of false representations on part of payee operates as waiver of that defense and maker is estopped from pleading such defense in action on renewal note. | Under the substantive law of Arkansas the general rule is that the giving of a renewal note or making partial payments with knowledge at the time of false representations on the part of the payee operates as a waiver of that defense, and the maker is thereby estopped from pleading such defenses in an action on the renewal note. | Does renewal or making payment on a note after knowledge of the defense that may be interposed to its collection waives the defense? |
| 4204 | Munoz v. Express Auto Sales, 222 Cal. App. 4th Supp. 1, 7 (Cal. App. Dep't Super. Ct. 2014) | 1 | Under the Automobile Sales Finance Act (ASFA), every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. West's Ann.Cal.Civ.Code S 2981. | "Under the ASFA, every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. | Should every conditional sales contract must disclose to the buyer all details concerning the sale under the Automobile Sales Finance Act (ASFA)? |
| 4205 | Harris v. Grizzle, 599 P.2d 580, 583 (Wyo. 1979) | 3 | Under Wyoming rules of civil procedure, technical forms of pleading are not required, and each averment of pleading should be simple, concise and direct; whether specificity standard has been satisfied is to be determined in terms of whether pleadings give fair notice to opposing party and not whether it contains conclusions. | Under the Wyoming Rules of Civil Procedure, technical forms of pleading are not required, and each averment of pleading should be simple, concise and direct; whether the specificity standard has been satisfied as to be determined in terms of whether the pleadings give fair notice to the opposing party and not whether it contains conclusions. | Should pleadings be in any technical form? |
| 4206 | Succession of Knox, 579 So. 2d 1164, 1166 (La.App. 2 Cir., 1991) | 2 | Two exceptions to five-year rule of abandonment are recognized: when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking any action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. arts. 561, 561 comment. | Two jurisprudential exceptions to the five-year rule of abandonment are recognized: (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See LSA-C.C.P. Art. 561, Comment (c) (1960) and authorities cited therein. | What are the two exceptions to rule of abandonment that are recognized? |

| 4207 | Avery v. New Hampshire Dept. of Educ., 162 N.H. 604, 606 (N.H., 2011) | 2 | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the [petitioners'] legal claim but, instead, raises certain defenses, the trial court must look beyond the [petitioners'] unsubstantiated allegations and determine, based on the facts, whether the [petitioners] ha[ve] sufficiently demonstrated [their] right to claim relief." | Is a jurisdictional challenge based upon a lack of standing a defense? |
| --- | --- | --- | --- | --- | --- |
| 4208 | Utley v. Tennessee Dep't of Correction, 118 S.W.3d 705, 712 (Tenn. Ct. App. 2003) | 3 | A motion to dismiss a complaint for failure to state a claim for which relief can be granted requires the court to review the complaint alone, and to look to the complaint's substance rather than its form. Rules Civ.Proc., Rule 12.02(6). | A motion to dismiss a complaint for failure to state a claim for which relief can be granted tests the legal sufficiency of the plaintiff's pleading. Givens v. Mullikin, 75 S.W.3d 383, 406 (Tenn.2002); Trau–Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 696 (Tenn.2002). The motion requires the court to review the complaint alone, Mitchell v. Campbell, 88 S.W.3d 561, 564 (Tenn.Ct.App.2002), and to look to the complaint's substance rather than its form. | Can a motion to dismiss a complaint for failure to state a claim for which relief can be granted require the court to review the complaint alone? |
| 4210 | Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 58 (Tex.App. Hous. [14 Dist.],1993) | 8 | When deciding whether to dismiss case, court may consider entire history of case, including amount of activity on case, length of time case was on file, request for trial date, and existence of reasonable excuses for delay. | When deciding whether to dismiss a case, a trial court may consider the entire history of the case, including the amount of activity on the case, the length of time the case was on file, the request for a trial date and the existence of reasonable excuses for the delay. | What will the court consider when deciding whether to dismiss case? |
| 4211 | Crosby v. Avon Products, Inc., 474 So.2d 642, 644 (Ala.,1985) | 6 | Failure of plaintiff to attempt to obtain service over defendant within reasonable time may amount to failure to prosecute action, warranting dismissal of case. Rules Civ.Proc., Rule 41(c). | Failure of a plaintiff to attempt to obtain service over the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case. Rule 41© | "Will failure of plaintiff to attempt to serve defendant within reasonable time amount to failure to prosecute action, warranting dismissal?" |
| 4212 | Succession of Knox, 579 So. 2d 1164, 1166 (La.App. 2 Cir., 1991) | 2 | Two exceptions to five-year rule of abandonment are recognized: when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking any action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. arts. 561, 561 comment. | [2] Two jurisprudential exceptions to the five-year rule of abandonment are recognized: (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See LSA-C.C.P. Art. 561, Comment (c) (1960) and authorities cited therein. | What are the two exceptions to five-year rule of abandonment? |

| 4213 | Freedman v. Pac. Gas & Elec. Co., 196 Cal. App. 3d 696, 703, 242 Cal. Rptr. 8, 12 (Ct. App. 1987) | 2 | Policy favoring trial or other disposition of actions on the merits is generally to be preferred over policy that requires dismissal for failure to proceed with reasonable diligence. West's Ann.Cal.C.C.P. S 583.130. | The policy favoring trial or other disposition of actions on the merits is generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence. | Is policy favoring trial or other disposition of actions on the merits generally to be preferred over policy that requires dismissal for failure to proceed with reasonable diligence? |
|---|---|---|---|---|---|
| 4214 | Mathews v. City of Atlanta, 167 Ga. App. 168, 169 (Ga. App. 1983) | 3 | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve interest or justice. | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. | Is a dismissal with prejudice warranted only where a clear record of delay or contumacious conduct by plaintiff exists? |
| 4216 | Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713, 715–16 (S.D.,1995) | 4 | Dismissal of action for failure to prosecute is extreme remedy to be used only when there is "unreasonable and unexplained delay," which is omission to do something that party might do and might reasonably be expected to do towards vindication or enforcement of his rights. | Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay.  Opp, 458 N.W.2d at 356; Schwartzle, 429 N.W.2d at 71; Holmoe, 403 N.W.2d at 31; Duncan, 382 N.W.2d at 427; Simkins, 192 N.W.2d at 732; Chicago & Northwestern R. Co. v. Bradbury, 80 S.D. 610, 129 N.W.2d 540 542 (S.D.1964). An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." | "Should dismissal of an action for failure to prosecute be used only when there is ""unreasonable and unexplained delay""?" |
| 4219 | Horobec v. Mueller, 628 S.W.2d 942, 944 (Mo. App. 1982) | 9 | Decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis. | Although the decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case- by-case basis | Should decision whether a case be dismissed for want of prosecution be determined upon the particular facts and circumstances of the action on a case-by-case basis? |
| 4220 | Stewart v. Whatley, 479 S.W.2d 84, 85 (Tex.Civ.App.-Waco, 1972) | 3 | The only remedy against a defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit without prejudice for want of prosecution. | The Only remedy against the defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit for want of prosecution. | "Is the only remedy against a defaulting plaintiff insofar as his cause of action is concerned, an order dismissing his suit without prejudice for want of prosecution?" |

| | | | | | |
|---|---|---|---|---|---|
| 4221 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318, 321 (Tex. App. 1940) | 1 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Every agency carries with it, or includes in it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, expressed or implied. | Does agency carry with it all the powers which are necessary as means to effectuate the purposes for which it was created? |
| 4223 | Schultz v. Gould Academy, 332 A.2d 368 , 370 (Me., 1975) | 2 | Student attending boarding school for young boys and girls had legal status of business invitee to whom school's employee owed duty to exercise reasonable care in taking such measures as were reasonably necessary for student's safety in light of existing circumstances. | Plaintiff, as a student attending the defendant Academy, had the legal status of a business invitee, to whom defendant's employee owned a duty to exercise reasonable care in taking such measures as were reasonably necessary for her safety in light of all then existing circumstances. | Do universities owe a duty to its students to exercise reasonable care in taking measures as were reasonably necessary for their safety? |
| 4224 | Lee v. Southern Ry. Co., 228 S.C. 240, 243 (S.C. 1955) | 2 | "Equitable estoppel" or "estoppel in pais" is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. | Equitable estoppel or estoppel in pais is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. | Does equitable estoppel occur where a party is denied the right to plead an otherwise important fact because of something which he has done or failed to do? |
| 4225 | Cuadros v. Superior Ct., 6 Cal. App. 4th 671, 675, 8 Cal. Rptr. 2d 18, 20 (1992) | 1 | Under doctrine of equitable estoppel, defendant may not by his statements or conduct lull plaintiff into false sense of security resulting in inaction. | The doctrine of equitable estoppel affirms that a defendant may not by his statements or conduct lull the plaintiff into a false sense of security resulting in inaction. | Does the doctrine of equitable estoppel affirm that a defendant may not by his statements or conduct lull the plaintiff into a false sense of security resulting in inaction? |
| 4226 | Anderson v. Commissioner of Dept. of Human Services, 489 A.2d 1094, 1099 (Me., 1985) | 7 | Estoppel bars assertion of truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue. | Estoppel bars the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue. | Does estoppel bar the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue? |
| 4227 | State ex rel. Burns v. Kelly, 89 Idaho 139, 147 (1965) | 2 | Statutory grant of authority to State Board of Highway Directors to regulate or prohibit erection or maintenance of unauthorized signs carries with it duty and power to determine what constitutes such obstruction, and such determination made by board is conclusive, in absence of showing of arbitrary exercise of authority or abuse of discretion. I.C. S 40-120(18). | As in California with its Department of Public Works, and in Oklahoma with its Highway Commission, Idaho's Board of highway directors is empowered to regulate or prohibit erection or maintenance of unauthorized signs. I.C.  40-120(18). This grant of authority carries with it the duty and power to determine what constitutes such an obstruction, and such a determination made by the Board is conclusive in the absence of a showing of arbitrary exercise of this authority or an abuse of discretion. | Who determines the obstruction on the Highway? |

| 4228 | Coldwell Banker Manning Realty, Inc. v. Cushman and Wakefield of Connecticut, Inc., 47 A.3d 394, 397, 136 Conn.App. 683, 686 (Conn.App., 2012) | 8 | In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling [on] whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling on whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint?" |
|---|---|---|---|---|---|
| 4229 | TD Bank, N.A. v. Salce, 169 A.3d 317, 321-322 (Conn.App., 2017) | 3 | A motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone; where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. | The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record and must be decided upon that *762 alone.... Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue ...." | "Where the motion is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" |
| 4230 | Manning v. Wilkinson, 264 S.W.3d 620, 624 (Ky.App.,2007) | 2 | The involuntary dismissal of a case with prejudice should be resorted to only in the most extreme cases and a reviewing court must carefully scrutinize the trial court's exercise of discretion in doing so. Rules Civ.Proc., Rule 41.02. | Certainly, we would agree that the involuntary dismissal of a case with prejudice "should be resorted to only in the most extreme cases" and a reviewing court must "carefully scrutinize the trial court's exercise of discretion in doing so." Polk v. | Should the involuntary dismissal of a case with prejudice be resorted to only in the most extreme cases and a reviewing court must carefully scrutinize the trial court's exercise of discretion in doing so? |
| 4231 | Bennett v. Republic Services, Inc., 179 F.Supp.3d 451, 454 (E.D.Pa., 2016) | 1 | To survive a motion to dismiss for failure to state a claim, a plaintiff must plead factual allegations sufficient to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true, even if doubtful in fact; the mere possibility of misconduct is not enough. Fed. R. Civ. P. 12(b)(6). | To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "mere possibility of misconduct" is not enough. | Should factual allegations be enough to raise a right to relief above the speculative level? |
| 4233 | Finney v. Commonwealth, 671 S.E.2d 169, 172, 277 Va. 83, 88 (Va.,2009) | 8 | For burglary purposes, an actual breaking involves the application of some force, slight though it may be, whereby the entrance is achieved, and merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of burglary, so long as those acts resulted in an entrance contrary to the will of the occupier of the property. West's V.C.A. SS 18.2-90, 18.2-91. | "Actual breaking involves the application of some force, slight though it may be, whereby the entrance is [achieved]. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of [burglary]," so long as those acts "resulted in an entrance contrary to the will of the occupier of the [property]." | Is use of slight force sufficient for burglary breaking? |

| 4235 | Hager v. American West Ins. Co., 732 F.Supp. 1072, 1075 (Mont. 1989) | 5 | Where automobile liability policy containing "family member" terminology has been issued to a closely held corporation, it is legitimate to conclude that the readily identifiable officers and shareholders of the corporate entity fall within the purview of the term "family member," in determining insured status. | Where an automobile liability policy containing the "family member" terminology has been issued to a closely held corporation, it is entirely legitimate to conclude the readily identifiable officers and shareholders of that corporate entity fall within the purview of that terminology. | Will a policy of insurance issued to a corporation provide uninsured motorist coverage to the officers and shareholders of the corporation? |
|---|---|---|---|---|---|
| 4236 | Lesage v. Dirt Cheap Cigarettes and Beer, Inc., 2002 WL 31300071, at *5 (Mo.App. E.D., 2002) | 15 | When the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice. | Further, when the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice. | "When the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, is it not error for the trial court to dismiss with prejudice?" |
| 4237 | Neagle v. Brooks, 373 F.2d 40, 44 (C.A.Kan. 1967) | 10 | An order of state trial court dismissing action puts an end to that action unless modified or set aside by that court or reversed by supreme court of that state. | An order of the state trial court dismissing the action puts an end to that action unless modified or set aside by that court or reversed by the supreme court of that state. | Does an order of a state trial court dismissing action put an end to that action unless modified or set aside by that court or reversed by the supreme court of that state? |
| 4238 | Bryan v. Smith, 174 F.2d 212, 214 (C.A.7 1949) | 1 | After plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, court is without further jurisdiction and has no right to render any judgment either for or against plaintiff, and parties are out of court for every purpose other than to carry order of dismissal or nonsuit into effect or vacate or modify it. | It is a well-settled rule that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction and has no right to render any judgment either for or against the plaintiff. The parties are out of court for every purpose other than to carry the order of dismissal or nonsuit into effect or to vacate or modify it. | "After a plaintiff has suffered a nonsuit or has dismissed his cause of action, is a court without further jurisdiction and has no right to render any judgment either for or against plaintiff?" |
| 4239 | Owens v. Ken's Paint and Body Shop, 196 So.2d 17, 18–19 (Fla.App. 1967) | 2 | Dismissal of an action under statute dealing with abatement of action pending one year without prosecution becomes absolute after passage of one month, so that order of dismissal is final and appealable. 30 F.S.A. Rules of Civil Procedure, rule 1.420(e); F.S.A. S 45.19(1); F.S.A.Const. art. 5, S 5(3). | [2]  In Zukor v. Hill, Fla.1956, 84 So.2d 554, the Supreme Court held that the dismissal of an action under statute dealing with abatement of action pending one year without prosecution, becomes absolute after the passage of one month. We therefore conclude that the instant order is final and appealable. See art. 5, sec. 5(3) Florida Constitution, F.S.A. | "Does a dismissal of an action under a statute dealing with abatement of action pending one year without prosecution, become absolute after the passage of one month?" |
| 4240 | Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855, 860 (2017) | 7 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | A dismissal without prejudice, or non-suit, merely "restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint." | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? |

| 4241 | Walker v. Archer, 2016-0171 (La. App. 4 Cir. 10/5/16), 203 So. 3d 330, 335 | 4 | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | Thus, a dismissal without prejudice, or non-suit, merely "restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint." Neal v. Hall, 28 So.2d 131, 133 (La.App. 2d Cir.1946) (emphasis added). | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? |
| 4242 | Carr v. Hunt, 651 S.W.2d 875, 879 (Tex.App. 5 Dist.,1983) | 3 | There must be a meeting of minds as between the parties in establishing an agency relationship, and consent of both principal and agent is necessary to create the agency, although such consent may be implied rather than express; the intention of the parties must find expression either in words or conduct between them. | There must be a meeting of the minds as between the parties in establishing an agency relationship, and consent of both principal and agent is necessary to create the agency, although such consent may be implied rather than express; the intention of the parties must find expression either in words or conduct between them. | Should there be a meeting of minds between the parties to establish an agency relationship? |
| 4243 | Crafton Contracting Company v. Swenson Construction Company, Inc., 495 S.W.3d 178, 181 (Mo.App. E.D., 2016) | 4 | Generally, there are three essential elements to an agency relationship: (1) the agent holds the power to alter the legal relations between the principal and a third party; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | Generally, there are three essential elements to an agency relationship: 1) the agent holds the power to alter the legal relations between the principal and a third party; 2) the agent is a fiduciary with respect to matters within the scope of the agency; and 3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | What are the essential elements of an agency relationship? |
| 4244 | Barber v. Ritter, 196 P.3d 238, 248 (Colo., 2008) | 16 | To determine whether a government mandated financial imposition is a fee or a tax, the dispositive criteria is the primary or dominant purpose of such imposition at the time the enactment calling for its collection is passed. | To determine whether a government mandated financial imposition is a "fee" or a "tax," the dispositive criteria is the primary or dominant purpose of such imposition at the time the enactment calling for its collection is passed. | What are the dispositive criteria to determine whether a government mandated financial imposition is a fee or a tax? |
| 4245 | Adams v. City of New York, 226 F.Supp.3d 261, 267 (S.D.N.Y., 2016)fn3 | 12 | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | The offense of disorderly conduct has three elements: "(i) the defendant's conduct must be 'public' in nature, (ii) it must be done with 'intent to cause public inconvenience, annoyance or alarm' or with recklessness as to 'a risk thereof,' and (iii) it must match at least one of the descriptions set forth in the statute." | What are the necessary elements of a valid disorderly conduct charge? |

| 4246 | Landon v. Jarvis, 255 Ill.App.3d 439, 446 (Ill.App. 1 Dist., 1993) | 7 | Motion to dismiss raising affirmative matter affords parties and court means of disposing of issues of law or of easily proved facts at the onset of case; if defects are not apparent on face of pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Ill.Rev.Stat.1991, ch. 110, P 2-619. | A section 2-619 motion to dismiss affords parties and the court a means of disposing of issues of law or of easily proved facts at the onset of a case. If defects are not apparent on the face of the pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. | Does a motion to dismiss afford parties and court means of disposing of issues of law or of easily proved facts at the onset of case? |
| 4247 | San Joaquin County, Cal. v. Dewey, 105 Mich.App. 122, 131 (1981) | 5 | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. | Does a motion for accelerated judgment test merits of complaint? |
| 4248 | San Joaquin County, Cal. v. Dewey, 105 Mich.App. 122, 131 (1981) | 5 | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. | How will a motion for accelerated judgement seek to avoid claim? |
| 4249 | San Joaquin County, Cal. v. Dewey, 105 Mich.App. 122, 131 (1981) | 5 | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. | How can a motion for accelerated judgment seek to avoid merits of claim? |
| 4251 | Winnebago Cnty. Citizens for Controlled Growth v. Cnty. of Winnebago, 383 Ill. App. 3d 735, 739, 891 N.E.2d 448, 453 (2008) | 2 | In a motion to dismiss for defects or defenses, the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619(a)(9). | In a motion to dismiss brought under section 2–619, the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim. | Can the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim? |
| 4252 | Wisconsin's Env't Decade, Inc. v. Pub. Serv. Comm'n, 79 Wis. 2d 161, 171, 255 N.W.2d 917, 923–24 (1977), holding modified by State ex rel. Town of Delavan v. Cir. Ct. for Walworth Cnty., 167 Wis. 2d 719, 482 N.W.2d 899 (1992) | 13 | All that is involved when a case is dismissed upon ground of mootness is a conclusion by court that determination sought cannot have any practical effect upon an existing controversy. | All that is involved when a case is dismissed upon the ground of mootness is a conclusion by the court that the determination sought cannot have any practical effect upon an existing controversy. City of Racine v. J. T. Enterprises of America, Inc., 64 Wis.2d 691, 700, 221 N.W.2d 869 (1974). | Is all that is involved when a case is dismissed upon ground of mootness a conclusion by court that determination sought cannot have any practical effect upon an existing controversy? |

| 4254 | White v. Revco Disc. Drug Centers, Inc., 33 S.W.3d 713, 723 (Tenn. 2000) | 12 | Although the principal's right to control the actions of the agent is an important factor in finding the existence of an agency relationship, the right of control is not necessarily as important as the principal's exercise of actual control over the agent. | Although the principal's right to control the actions of the agent is an important factor in finding the existence of an agency relationship, Jack Daniel Distillery, et al. v. Jackson, 740 S.W.2d 413, 416 (Tenn.1987), the right of control is not necessarily as important as the principal's exercise of actual control over the agent, see Parker v. Vanderbilt Univ., 767 S.W.2d 412, 416 (Tenn.Ct.App.1988). | Is the principal's right to control the actions of the agent as important a factor in finding the existence of an agency relationship as the principal's exercise of actual control? |
|---|---|---|---|---|---|
| 4255 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 2 | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | An essential element of proof of agency is that the alleged principal has both the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task. | Is the principal having the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task an essential element of agency? |
| 4258 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 3 | Though it is usual for an indorser to put his name on back of note when he wishes to assume position of indorser thereof, yet it is immaterial where he puts it, and all that is necessary is that he put his name somewhere on note with intention of making a present transfer thereof, and where a note was payable to his order, he could make that order as well on the face as on the back of the note. | It is usual for an indorser to put his name upon the back of a note, when he wishes to assume the position of indorser thereon; yet it is immaterial where he puts it; all that is necessary is that he put his name somewhere on the note with the intention of making a present transfer of it. This note was payable to his order, and he could make that order as well upon the face as upon the back of the note. | What is the effect of the endorser putting his name on the back of a note? |
| 4259 | Timmins v. Firestone, 283 So. 2d 63, 65 (Fla.App. 4 Dist., 1973) | 3 | Though affirmative defense must ordinarily be asserted by answer, affirmative defense appearing on face of prior pleading may be asserted as ground of motion to dismiss for failure to state cause of action. 30 F.S.A. Rules of Civil Procedure, rule 1.110(d). | While usually an affirmative defense must be asserted by answer, Rule 1.110(d), RCP, 30 F.S.A., permits an affirmative defense appearing on the face of a prior pleading to be asserted as grounds of a motion to dismiss for failure to state a cause of action. | When is an affirmative defense asserted as ground of motion to dismiss for failure to state cause of action? |
| 4260 | LaCaffinie v. Mirk, Inc., 719 A.2d 361, 362 (Pa. Super. Ct. 1998) | 1 | To remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed; (2) the delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | In order to remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed, (2) the delay must be reasonably explained, and (3) facts must be shown to exist which support a cause of action. | "To remove a judgment of non pros, should three elements be met?" |

| 4261 | Muriel v. St. Barnabas Hosp., 3 A.D.3d 419, 420, 771 N.Y.S.2d 107, 108 (2004) | 2 | A case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant. | A case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant (see Werner v. Tiffany, 291 A.D.2d 305, 305–306, 738 N.Y.S.2d 326; Solovay v. Nicola Paone Corp., 219 A.D.2d 462, 645 N.Y.S.2d 769). | Can a case dismissed as abandoned be restored to the calendar where the plaintiff establishes a meritorious case? |
| 4262 | Burton v. Hoffman, 959 S.W.2d 351, 353–54 (Tex. App. 1998) | 4 | Motion to reinstate case dismissed for want of prosecution is addressed to trial court's discretion; court may consider entire history of proceeding in determining whether to reinstate action. | A *354 motion to reinstate a case dismissed for want of prosecution is addressed to the sound discretion of the trial court. See Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex.App.—Dallas 1992, no writ). The court may consider the entire history of the proceeding in determining whether to reinstate the action. | Is a motion to reinstate a case dismissed for want of prosecution addressed to the sound discretion of the trial court? |
| 4263 | Black v. Jackson, 82 S.W.3d 44, 56 (Tex.App. Tyler,2002) | 37 | Dismissal of action "with prejudice" acts as final determination on the merits, and therefore, dismissal "with prejudice" for lack of subject matter jurisdiction constitutes error. | It is well established that dismissal of an action "with prejudice" acts as a final determination on the merits. Mossler v. Shields, 818 S.W.2d 752, 754 (Tex.1991). Therefore, a dismissal with prejudice for lack of subject matter jurisdiction constitutes error. | "Does dismissal of action ""with prejudice"" act as final determination on the merits, and therefore, dismissal ""with prejudice"" for lack of subject matter jurisdiction constitute error?" |
| 4264 | Pollock v. Feinstein, 2007 PA Super 42, ¶ 4 (2007) | 2 | Since a motion to strike a judgment of non pros only challenges defects appearing on the face of the record, such a motion may not be granted if the record regarding the entry of the judgment is self-sustaining. | Since a motion to strike a judgment of non pros challenges defects appearing on the face of the record, "such a motion may not be granted if the record [regarding the entry of the judgment] is self-sustaining." | Can a motion to strike off a judgment of non pros challenge only defects appearing on the face of the record and such a motion not be granted if the record is self-sustaining? |
| 4265 | Anthony, Inc. v. City of Omaha, 813 N.W.2d 467, 476, 283 Neb. 868, 877 (Neb.,2012) | 7 | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | A sales tax, on the other hand, is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | "Is a ""sales tax"" a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce?" |
| 4266 | Scholastic Book Clubs, Inc. v. State, Dep't of Treasury, Revenue Div., 223 Mich. App. 576, 579, 567 N.W.2d 692, 693 (1997) | 1 | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | Unlike the sales tax, which is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state, | Is the sales tax imposed on the seller for the privilege of engaging in the business of making retail sales of tangible personal property in the state? |

| 4267 | World Book, Inc. v. Dep't of Treasury, 222 Mich. App. 203, 205, 564 N.W.2d 82, 83 (1997), rev'd, 459 Mich. 403, 590 N.W.2d 293 (1999) | 1 | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | The sales tax is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state. Terco, Inc. v. Dep't of Treasury, 127 Mich.App. 220, 225–226, 339 N.W.2d 17 (1983). | Is the sales tax imposed on the seller for the privilege of engaging in the business of making retail sales of tangible personal property in the state? |
| 4268 | State Farm Mut. Auto. Ins. Co. v. Berthelot, 98-1011 (La. 4/13/99), 732 So. 2d 1230, 1234–35 | 8 | A "sales tax" is a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality. LSA-R.S. 47:301 et seq. | In particular, a sales tax is a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality. | "Is a ""sales tax"" a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality?" |
| 4270 | Herold v. Hughes, 141 W. Va. 182, 193-94 (1955) | 4 | Grant of an easement for public road purposes includes all rights and privileges necessary or convenient to use of the public in travel or transportation of properties of all kinds over, under or along public highways. Code, 17-4-8, 17-16-6. | In view of the holdings of this Court in the cases cited, it seems clear that we are committed to the doctrine that the grant of an easement for public road purposes includes all rights and privileges necessary or convenient to the use of the public in travel or transportation of properties of all kinds over, under or along all public highways. | Does the grant of an easement for public road purposes include all rights and privileges necessary to the use of the public in travel? |
| 4271 | Dorofey v. Bethlehem Steel Co., 180 A.2d 562, 565, 407 Pa. 288, 290 (Pa. 1962) | 1 | On motion to take off compulsory nonsuit, court must view evidence together with all reasonable inferences therefrom in light most favorable to plaintiff. | We are now considering a motion to take off the compulsory nonsuit, and we must view the evidence together with all reasonable inferences therefrom, in the light most favorable to the plaintiffs. | "On a motion to take off a compulsory nonsuit, should a court view evidence together with all reasonable inferences therefrom in a light most favorable to a plaintiff?" |
| 4272 | Eldorado Towers by Shaf, Inc. v. Chicago Title and Trust Co., 537 N.E.2d 1042, 1045, 130 Ill.Dec. 713, 716, 182 Ill.App.3d 263, 266 (Ill.App. 1 Dist.,1989) | 4 | Person seeking to vacate judgment of dismissal more than 30 days after entry is required to bring motion for such relief before judge who rendered original judgment. S.H.A. ch. 110, P 2-1401. | A person seeking to vacate a judgment of dismissal more than 30 days after entry is required to bring a motion for such relief before the judge who rendered the original judgment. | Is a person seeking to vacate judgment of dismissal more than 30 days after entry required to bring a motion for such relief before a judge who rendered original judgment? |
| 4273 | Dorn v. State Bank of Stella, 767 F.2d 442, 443 (C.A.8 (Neb.),1985) | 2 | Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. | "Although a pretrial motion for leave to amend one's complaint is to be liberally granted, do different considerations apply to motions filed after dismissal?" |
| 4274 | Basye v. Fayette R-III School Dist. Bd. of Educ., 150 S.W.3d 111, 114 (Mo.App. W.D.,2004) | 4 | The dismissal of a petition without prejudice is generally not adjudication on the merits and permits the party to re-file the action, unless otherwise barred. V.A.M.R. 67.03. | The dismissal of a petition without prejudice is generally not adjudication on the merits and permits the party to re-file the action, unless otherwise barred. | "Is the dismissal of a petition without prejudice generally not an adjudication on the merits and permits the party to re-file the action, unless otherwise barred?" |

| 4275 | City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex.App. Austin,1998) | 7 | If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | Thus, if the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | "If a plaintiff's pleadings do not affirmatively show a lack of jurisdiction, is the proper remedy to allow the plaintiff an opportunity to amend its pleadings before dismissing the cause?" |
|---|---|---|---|---|---|
| 4277 | C.V. Perry & Co. v. W. Jefferson, 673 N.E.2d 613, 616, 110 Ohio App.3d 23, 27 (Ohio App. 12 Dist.,1996) | 2 | In action where court has been deprived of subject matter jurisdiction, claimant may refile same action because it would have been dismissed due to lack of subject matter jurisdiction and not brought to end on merits. | In an action where the court has been deprived of subject matter jurisdiction, a claimant may refile the same action because it would have been dismissed due to lack of subject matter jurisdiction and not brought to an end on the merits. | "In action where court has been deprived of subject matter jurisdiction, can a claimant refile a same action because it would have been dismissed due to lack of subject matter jurisdiction?" |
| 4278 | Sepulveda v. Krishnan, 839 S.W.2d 132, 134 (Tex. App. 1992), writ granted (June 3, 1993), aff'd, 916 S.W.2d 478 (Tex. 1995) | 1 | If special exceptions to plaintiff's pleadings are sustained, generally plaintiff must then be given an opportunity to amend before cause may be dismissed for failure to state cause of action; however, trial court need not give plaintiff opportunity to amend when pleading defect is of type that amendment cannot cure. Vernon's Ann.Texas Rules Civ.Proc., Rule 91. | If the special exceptions have been sustained, generally the plaintiff must then be given an opportunity to amend before the case may be dismissed for failure to state a cause of action. Texas Department of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex.1974); Moseley, 797 S.W.2d at 242. However, the trial court need not give the plaintiff an opportunity to amend when the pleading defect is of a type that amendment cannot cure. | "If special exceptions to a plaintiff's pleadings are sustained, should a plaintiff then be given an opportunity to amend before cause can be dismissed for failure to state cause of action?" |
| 4279 | Albrecht v. Board of Trustees of Internal Imp. Trust Fund, 481 So.2d 555, 556 (Fla.App. 2 Dist.,1986) | 1 | Generally, trial court must allow litigant opportunity to amend complaint before dismissing its suit with prejudice unless it is clear that pleading cannot be amended so as to state cause of action. | Generally, a trial court must allow a litigant the opportunity to amend a complaint before dismissing its suit with prejudice unless it is clear that the pleading cannot be amended so as to state a cause of action. | Should a trial court allow a litigant an opportunity to amend a complaint before dismissing its suit with prejudice? |
| 4282 | Bender v. Schallerer, 293 N.E.2d 411, 413, 9 Ill.App.3d 951, 953 (Ill.App. 1973) | 3 | A determination of whether there has been a lack of diligent prosecution rests within the sound discretion of trial court and that determination will not be disturbed upon appeal unless reviewing court finds that trial court abused its discretion. | A determination of whether there has been a lack of diligent prosecution rests within the sound discretion of the trial court and that determination will not be disturbed upon appeal unless the reviewing court finds that the trial court abused its discretion. | Does the determination of existence of lack of diligent prosecution rest within sound discretion of trial court? |
| 4284 | State v. Watts, 244 N.W.2d 586, 588 (Iowa, 1976) | 4 | Declaration of mistrial prior to verdict does not in itself bar retrial as trial court has considerable discretion in opting for a mistrial based on procedural error. | Declaration of a mistrial prior to a verdict does not in itself bar retrial as the trial court has considerable discretion in opting for a mistrial based on procedural error. | Does a declaration of mistrial prior to verdict not in itself bar retrial as a trial court has considerable discretion in opting for a mistrial based on procedural error? |

| | | | | | |
|---|---|---|---|---|---|
| 4285 | Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102, 105 (Fla. Dist. Ct. App. 2015) | 6 | A trial court cannot dismiss a case with prejudice under rule governing involuntary dismissal for failure to amend if it has not first notified the offending party of the consequences of failing to amend. West's F.S.A. RCP Rule 1.420(b). | A trial court cannot dismiss a case with prejudice under rule 1.420(b) for failure to amend if it has not first notified the offending party of the consequences of failing to amend. See First Union Nat'l Bank v. | Can a trial court dismiss a case with prejudice for failure to amend if it has not first notified the offending party of the consequences of failing to amend? |
| 4286 | In re Valliance Bank, 422 S.W.3d 722, 725 (Tex. App. 2012) | 1 | A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Tex.R. Civ. P. 165a(3), (4); Neese v. | Does a trial court have plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution? |
| 4287 | Valley Peat & Humus v. Sunnylands, Inc., 398 Pa. Super. 400, 406, 581 A.2d 193, 196 (1990) | 7 | When entering non pros judgment or when granting petition to open non pros judgment, trial court is bound to consider prejudice to adverse party. | Further, when entering a non pros judgment or when granting a petition to open a non pros judgment, the trial court is bound to consider the prejudice to the adverse party. | "When entering non pros judgment or when granting petition to open non pros judgment, is a trial court bound to consider prejudice to an adverse party?" |
| 4288 | K.P. v. Reed, 626 So.2d 1241, 1242 (Ala. 1992) | 2 | Entry of judgment of dismissal for want of prosecution in absence of clear record of delay, willful default, or contumacious conduct by plaintiff constitutes abuse of discretion. | The entry of a judgment of dismissal for want of prosecution in the absence of "a clear record of delay, willful default or contumacious conduct by the plaintiff" constitutes such an abuse. | Is the entry of judgment of dismissal for want of prosecution in absence of clear record of delay, willful default, or contumacious conduct constitute abuse of discretion? |
| 4289 | Hernandez-Zuniga v. Tickle, 374 S.C. 235, 243 (2007) | 6 | In determining jurisdictional questions, it must be kept in mind that the basic purpose of the workers' compensation law is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion; however, a construction should not be adopted that does violence to the specific provisions of the workers' compensation law. | In determining such jurisdictional questions, it must be kept in mind that the basic purpose of the Workmen's Compensation Act is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion. However, a construction should not be adopted that does violence to the specific provisions of the Act. | "In determining jurisdiction, is the basic purpose of the Workmens Compensation Act the inclusion of employers and employees, not their exclusion?" |

| | | | | | |
|---|---|---|---|---|---|
| 4290 | Black v. McDermott Intern. Inc., 692 So.2d 724, 726, 96-2062 La.App. 4 Cir. 4/2/97, 5 (La.App. 4 Cir.,1997) | 2 | To be entitled to statutory employer tort immunity under two-contract theory, general contractor/principal must prove that he or she entered general contract to do certain work prior to entering contract with plaintiff's employer to perform part of that work. LSA-R.S. 23:1032, 23:1061. | In order to enjoy the tort immunity available under the two-contract theory, the defendant must show: (1) that the defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; and (3) that in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Peterson, supra, 652 So.2d at 625. The two-contract theory also has a requirement that the general contractor/principal must prove that he entered a general contract to do certain work prior to entering his contract with the plaintiff's employer to perform a part of that work. | Does the two-contract theory require that the general contractor prove that he entered into a general contract to do a certain work prior to entering into his contract with the plaintiffs employer to perform part of that work? |
| 4291 | Brewbaker v. State Bd. of Regents, 843 N.W.2d 466, 472 (Iowa App.,2013) | 14 | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment; however, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment. Id. However, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. | Will a civil penalty imposed after a criminal penalty constitutes multiple punishments in violation of the Double Jeopardy Clause? |
| 4292 | United States v. Williams, 720 F.3d 674, 703 (C.A.8 (Neb.), 2013) | 42 | So long as it is not punitive in nature, a civil forfeiture action does not implicate double jeopardy and is merely a different aspect of a single prosecution. U.S.C.A. Const.Amend. 5. | Second, so long as it is not punitive in nature, a civil forfeiture action does not implicate double jeopardy and is "merely [a] different aspect[ ] of a single prosecution. | "So long as it is not punitive in nature, a civil forfeiture action not implicate double jeopardy and is merely a different aspect of a single prosecution?" |
| 4293 | United States v. Harriman, 130 F. Supp. 198, 202 (S.D.N.Y., 1955) | 6 | If a case is taken from the jury without evident necessity and for matter of convenience, a second trial for the same offense will amount to double jeopardy. U.S.C.A. Const.Amend. 5. | 15 On the other hand, if the case is taken from the jury without evident necessity and for mere matter of convenience, a second trial for the same offense will amount to double jeopardy. | "If a case is taken from the jury without evident necessity and for matter of convenience, will a second trial for the same offense amount to double jeopardy?" |
| 4294 | State v. Enriquez-Beltran, 9 Neb. App. 459, 459 (2000) | 1 | Generally, the double jeopardy clause prevents both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident. U.S.C.A. Const.Amend. 5. | Generally, the Double Jeopardy Clause prevents both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident. | "Generally, does the double jeopardy clause prevent both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident?" |

| | | | | | |
|---|---|---|---|---|---|
| 4295 | United States v. Jones, 111 F.3d 597, 599 (C.A.8 (Mo.), 1997) | 3 | A single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings does not violate double jeopardy clause, as civil and criminal proceedings in such a situation are merely different aspects of a single prosecution. U.S.C.A. Const.Amend. 5. | A single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings does not violate the double jeopardy clause, as the civil and criminal proceedings in such a situation are "merely different aspects of a single prosecution. | Does a single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings not violate a double jeopardy clause? |
| 4296 | Helvering v. Mitchell, 303 U.S. 391, 399 (1938) | 3 | Congress may impose both a criminal and a civil sanction in respect to the same act or omission, since the double jeopardy clause of the Constitution prohibits merely punishing twice or attempting a second time to punish criminally for the same offense. U.S.C.A.Const. Amend. 5. | Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. | Can Congress impose both a criminal and a civil sanction in respect to a same act or omission? |
| 4297 | United States v. Levine, 905 F. Supp. 1025, 1032 (M.D. Fla. 1995) | 11 | Jeopardy attaches in civil forfeiture proceeding at beginning of hearing, when evidence is first presented to trier of fact; jeopardy does not attach when defendant does not make claim and thus does not become party to forfeiture, nor does it attach when there is no trial and property sought to be forfeited is forfeited without opposition. U.S.C.A. Const.Amend. 5. | Jeopardy "attaches" in a civil forfeiture proceeding "at the beginning of the hearing, when evidence is first presented to the trier of fact." United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.1994) (citing Crist v. Bretz, 437 U.S. 28, 31-37, 98 S.Ct. 2156, 2159-61, 57 L.Ed.2d 24 (1978)). Jeopardy does not attach when the defendant does not make a claim and thus, does not become a party to the forfeiture. Id. Further, there is no jeopardy when there is no trial and the property sought to be forfeited is indeed forfeited without opposition. | "For double jeopardy purposes, does jeopardy attach in a civil forfeiture proceeding when evidence is first presented to the trier of fact?" |
| 4298 | United States v. Barber, 906 F. Supp. 424, 426-427 (E.D.Mich., 1995) | 2 | In determining if prior civil forfeiture implicates double jeopardy, there are three key determinations: whether civil forfeiture constitutes "punishment" for double jeopardy purposes; whether civil forfeiture and criminal conviction are punishment for same offense; and whether civil forfeiture and criminal prosecution are separate proceedings. U.S.C.A. Const.Amend. 5. | In determining *427 if a prior civil forfeiture implicates double jeopardy, there are three key determinations: "(1) whether the civil forfeiture constitutes "punishment " for double jeopardy purposes; (2) whether the civil forfeiture and criminal conviction are punishment for the same offense; and (3) whether the civil forfeiture and criminal prosecution are separate proceedings. | "In determining if prior civil forfeiture implicates double jeopardy, are there three key determinations?" |

| 4300 | State v. Tilley, 104 S.W.3d 814, 819 (Mo.App. S.D., 2003) | 3 | Appellate courts are especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases; generally, the double jeopardy clause of the Fifth Amendment to the United States Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent. U.S.C.A. Const.Amend. 5. | Moreover, appellate courts are especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases. State v. Derrick, 965 S.W.2d 418, 419- 20 n. 1 (Mo.App.1998). This follows because generally the double jeopardy clause of the Fifth Amendment to the United States Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent. | Are appellate courts especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases? |
| 4301 | United States v. Ham, 58 F.3d 78, 84 (C.A.4 (W.Va.), 1995) | 10 | If defendant has opportunity to object to trial court's dismissal of the jury before it decides discrete portion of the case, but fails to do so, defendant impliedly consents to jury's dismissal and cannot raise a double jeopardy defense to further prosecution before a second jury. U.S.C.A. Const.Amend. 5. | Similarly, if a defendant has an opportunity to object to the trial court's dismissal of the jury before it decides a discrete portion of the case, but fails to do so, the defendant impliedly consents to the jury's dismissal and cannot raise a double jeopardy defense to further prosecution before a second jury. | Can defendants not raise a double jeopardy defense to further prosecution before a second jury? |
| 4302 | U.S. v. Standefer, 948 F.2d 426, 432 (C.A.8 (Ark.),1991) | 7 | Absent prosecutorial misconduct, when mistrial is declared at request of criminal defendant, double jeopardy clause does not bar second prosecution; however, double jeopardy principles are implicated when defendant's mistrial motion results from prosecutorial misconduct. U.S.C.A. Const.Amend. 5. | Absent prosecutorial misconduct, when a mistrial is declared at the request of a criminal defendant, the Double Jeopardy Clause does not bar a second prosecution. See United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).Double jeopardy principles are implicated, however, when the defendant's mistrial motion results from prosecutorial misconduct. | "Absent prosecutorial misconduct, when mistrial is declared at a request of a criminal defendant, does a double jeopardy clause not bar a second prosecution?" |
| 4305 | Stromberg Carlson Leasing Corp. v. Cent. Welding Supply Co., 750 S.W.2d 862, 866 (Tex.App.-Hous. (14 Dist.), 1988) | 10 | Motion for reinstatement essentially provides opportunity for dismissed plaintiff to explain failure to prosecute with due diligence and to request court to reconsider decision to dismiss. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A motion for reinstatement essentially provides an opportunity for the dismissed plaintiff to explain his failure to prosecute with due diligence and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. | Does a motion for reinstatement essentially provide an opportunity for a dismissed plaintiff to explain failure to prosecute with due diligence? |
| 4306 | Brim Laundry Machinery Co., Inc. v. Washex Machinery Corp., 854 S.W.2d 297, 301 (Tex.App. Fort Worth,1993) | 10 | Trial court may dismiss case for want of prosecution under its inherent power to control its docket, subject to abuse of discretion review. | A trial court may dismiss a case for want of prosecution under its inherent power to control its docket, subject to an abuse of discretion review. | "Can courts dismiss case for want of prosecution under its inherent power to control its docket, subject to abuse of discretion review?" |

| | | | | | |
|---|---|---|---|---|---|
| 4307 | Ashby & Geddes, P.A. v. Brandt, 806 F.Supp.2d 752, 755 (D.Del., 2011) | 4 | Under Delaware law, in the context of legal malpractice, a claimant cannot assert both negligence and breach of contract claims based on the same conduct because tort claims and breach of contract claims are not alternative theories of recovery for the same acts. | However, "Delaware courts have recognized that, in the context of legal malpractice, a claimant cannot assert both negligence and breach of contract claims based on the same conduct because tort claims and breach of contract claims are not alternative theories of recovery for the same acts." | "In the context of legal malpractice, can a claimant assert both negligence and breach of contract claims based on the same conduct?" |
| 4309 | Rosen v. Cascade Intern., Inc., 21 F.3d 1520, 1527 (C.A.11 (Fla.), 1994) | 7 | General federal rule of equity is that court may not reach defendant's assets unrelated to underlying litigation and freeze them so that they may be preserved to satisfy potential money judgment. | 14  Based upon this fundamental principle of equity jurisprudence, we have explained, " 'the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment.' " | Can a court reach the defendants assets unrelated to the underlying litigation and freeze them to preserve a potential money judgement? |
| 4310 | Chaara v. Intel Corp., 410 F.Supp.2d 1080, 1091 (D.N.M.,2005) | 3 | "Domicile" is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another, and for adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. | Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another. For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. | "For adults, is domicile established by a physical presence in a place in connection with a certain state of mind concerning one's intent to remain there?" |
| 4311 | Bartley v. State, 692 S.W.2d 540, 542 (Tex.App. El Paso 1985) | 5 | A cause may be retried when a jury is discharged without rendering a verdict and case reverts to its posture before first trial. Vernon's Ann.Texas C.C.P. art. 36.33. | Under Article 36.33, a cause may be retried when a jury is discharged without rendering a verdict. Tex.Code Crim.Pro.Ann. art. 36.33 (Vernon 1981). The case reverts to its posture before the first trial. | Can a cause be retried when a jury is discharged without rendering a verdict and case reverts to its posture before a first trial? |
| 4312 | State v. Rodriguez, 521 S.W.3d 1, 16 (Tex.Crim.App., 2017) | 25 | Under the special needs exception to the search warrant requirement, public school teachers and administrators can search a public school student's locker, desk, person, backpack, or car without a warrant based upon reasonable suspicion rather than probable cause. U.S. Const. Amend. 4. | Under the T.L.O. test, public school teachers and administrators can search a public school student's locker, desk, person, backpack, or car without a warrant based upon reasonable suspicion rather than probable cause. | When is a school official justified to search of a student's backpack? |
| 4313 | German v. Fed. Home Loan Mortg. Corp., 885 F.Supp. 537, 569 (S.D.N.Y. 1995) | 44 | Under traditional common-law doctrines, lease was not regarded as set of mutually dependent promises effecting contract for sale but, rather, was understood to be conveyance of estate for set term and was subject to unique dictates of property law. | Under traditional common-law doctrines, a lease was not regarded as a set of mutually dependent promises effecting a contract for sale. Instead it was understood to be a conveyance of an estate for a set term; thus, it was subject to the unique dictates of property law. | Were leases understood to be a conveyance of an estate according to traditional common law doctrines? |

| | | | | | |
|---|---|---|---|---|---|
| 4314 | Ex parte Fierro, 79 S.W.3d 54, 56 (Tex.Crim.App.,2002) | 2 | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict; however, exception to this rule exists when the defendant consents to a re-trial or a mistrial is mandated by manifest necessity. U.S.C.A. Const.Amend. 5. | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict. Brown v. State, 907 S.W.2d 835, 839 (Tex.Crim.App.1995). An exception to this rule exists when the defendant consents to a re-trial or a mistrial is mandated by "manifest necessity." | Does an exception to the double jeopardy rule apply when the defendant agrees to a retrial? |
| 4315 | State v. Blackshere, 344 S.W.3d 400, 405-406 (Tex.Crim.App., 2011) | 8 | Two conditions are necessary to implicate double jeopardy in the context of a State's appeal: (1) jeopardy must have attached, as when a jury is empaneled and sworn in a jury trial, and (2) the State's appeal must threaten the defendant with an impermissible successive trial. U.S.C.A. Const.Amend. 5. | Two conditions *406 are therefore necessary to implicate double jeopardy in the context of a State's appeal: (1) jeopardy must have "attached," as when a jury is empaneled and sworn in a jury trial, and (2) the State's appeal must threaten the defendant with an impermissible successive trial. | What are the two conditions necessary to implicate double jeopardy in the context of a state's appeal? |
| 4317 | United States v. Ahrensfield, 698 F.3d 1310, 1322 (10th Cir. 2012) | 11 | Double Jeopardy Clause embodies two vitally important interests, i.e., the principle that state is not permitted to make repeated attempts to convict individual for same offense and interest in preserving finality of judgments. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause "embodies two vitally important interests." Yeager v. United States, 557 U.S. 110, 117, 129 S.Ct. 2360, 174 L.Ed.2d 78 (2009). Thefirst is the principle that the state is not permitted to make repeated attempts to convict an individual for the same offense. Id. at 117-18, 129 S.Ct. 2360. "The secondinterest is the preservation of the finality of judgments." | What is the two vitally important interests double jeopardy clause embodies? |
| 4318 | People v. Wiley, 389 N.E.2d 1283, 1285 (1979) | 1 | New trial is prohibited even if acquittal was contrary to evidence, questions regarding merits of acquittal being not germane to double jeopardy claim. U.S.C.A.Const. Amend. 5; S.H.A. ch. 38, S 115-4(k). | A new trial is prohibited even if the acquittal was contrary to the evidence, for questions regarding the merits of an acquittal are not germane to a double jeopardy claim. | "Is a new trial prohibited even if acquittal was contrary to evidence, questions regarding merits of acquittal being not germane to double jeopardy claim?" |
| 4319 | Cash v. State, 134 S.E.2d 524, 524–25, 108 Ga.App. 656, 656 (Ga.App. 1963) | 3 | Where verdict is in legal effect an acquittal, accused cannot be again tried for same offense even though a new trial is granted upon his motion. | Where a verdict in a criminal case is in legal effect an acquittal, the accused cannot be again tried for the same offense, **525 even though a new trial be granted upon his own motion.' | "Where a verdict is in legal effect an acquittal, can an accused be tried again for the same offense even though a new trial be granted upon his motion?" |

| | | | | | |
|---|---|---|---|---|---|
| 4320 | Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio, 668 F.3d 804, 811 (6th Cir. 2012) | 8 | While the Fifth Amendment's Double Jeopardy Clause protects a criminal defendant from repeated prosecutions for the same offense, thus affording a defendant a valued right to have his trial completed by a particular tribunal, that right is not absolute, and the Clause does not guarantee that the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial. U.S.C.A. Const.Amend. 5. | The Fifth Amendment's Double Jeopardy Clause, applicable to the states through the Due Process Clause of the Fourteenth Amendment, Benton v. Maryland, 395 U.S. 784, 787, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), "protects a criminal defendant from repeated prosecutions for the same offense." Oregon v. Kennedy, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Stated otherwise, the clause "affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" 5 Id. at 672–73, 102 S.Ct. 2083 (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)).That right, however, is not absolute, and the Clause does not guarantee that the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial. | Does the Double Jeopardy Clause guarantee the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial? |
| 4321 | State v. Brunson, 327 N.C. 244, 247 (1990) | 4 | Although State cannot establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy, State is free to establish laws, rules, or procedures which preserve a defendant's Fifth Amendment rights and provide even greater protection than the Federal Constitution mandates. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 19. | It is well settled that a state cannot establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy. See Benton v. Maryland, 395 U.S. at 795, 89 S.Ct. at 2062, 23 L.Ed.2d at 716. A state is free, however, to establish laws, rules, or procedures which preserve a defendant's fifth amendment rights and provide even greater protection than the federal Constitution mandates. | "Can a state establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy?" |
| 4327 | Monge v. California, 524 U.S. 721, 730 (U.S. Cal.,1998) | 5 | The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause "does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." | Does the Double Jeopardy Clause provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be? |

| 4329 | Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566, 570 (D.D.C., 1983) | 3 | Omission to perform contractual obligation does not ordinarily create cause of action in tort as between contracting parties; rather, action for breach of contract is recognized and appropriate avenue for relief. | The omission to perform a contractual obligation does not ordinarily create a cause of action in tort as between the contracting parties. Wolfe v. Continental Casualty, 647 F.2d 705, 710 (6th Cir.1981) (applying Ohio law). Rather, an action for breach of contract is the recognized and appropriate avenue of relief. | Does omission to perform a contractual obligation not ordinarily create a cause of action in tort as between the contracting parties? |
| --- | --- | --- | --- | --- | --- |
| 4331 | In re Federal–Mogul Global, Inc., 526 B.R. 567, 578 (D.Del., 2015) | 24 | In order for plaintiff to bring a tort claim along with a contract claim, alleged tortfeasor must have violated some independent legal duty apart from that imposed by contract. | To bring a tort claim along with a contract claim, the tortfeasor must have violated an independent legal duty apart from that imposed by contract. | "In order for plaintiff to bring a tort claim along with a contract claim, should an alleged tortfeasor have violated some independent legal duty apart from that imposed by contract?" |
| 4333 | In re Marriage of Ham, 59 S.W.3d 326, 330 (Tex.App.-Texarkana, 2001) | 3 | Judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings. | A judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings. | Is judgment dismissing the action not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend? |
| 4334 | South Carolina Rentals, Inc. v. Arthur, 187 B.R. 502, 505–06 (D.S.C.,1995) | 8 | Determination of whether consumer rental-purchase is security agreement or true lease should be made according to factors set forth in South Carolina Uniform Commercial Code (UCC) and existing case law. S.C.Code 1976, S 36-1-201(37). | Thus, "the determination of whether a consumer rental-purchase is a security agreement or a true lease should be made according to the factors set forth in S.C Code Ann. 36-1-201-(37) ...and existing case law." | Should the determination of whether a consumer rental-purchase is a security agreement or true lease be made according to factors? |
| 4335 | In re Durham, 260 B.R. 383, 389 (2001) | 5 | Determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law, and often dependent upon the peculiar facts of each creditor-debtor relationship. | In reaching this conclusion, the Court first notes that the determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law and one which is often dependent upon the peculiar facts of each creditor-debtor relationship. | Does state law determine whether an agreement constitutes a true lease or security agreement? |
| 4336 | In re APB Online, Inc., 259 B.R. 812, 816 (Bankr. S.D.N.Y. 2001) | 4 | Under Connecticut law, whether transaction qualifies as true "lease," or as disguised sale with security agreement, depends upon intention of parties, as determined by facts of case. | Whether the transaction involves a lease or disguised sale under Connecticut law depends on the intention of the parties as determined by the facts of each case. | When should a court examine facts and circumstances of a transaction to determine whether a lease is lease or sale with security agreement? |
| 4338 | Campbell v. Area Vocational Technical School No. 2, 159 N.W.2d 817, 821, 183 Neb. 318, 324 (Neb. 1968) | 5 | School district is creature of legislature and its purpose is to fulfill constitutional duty placed upon legislature to encourage schools and means of instruction; it is a governmental subdivision to which authority to levy taxes may properly be delegated under state Constitution. R.R.S.1943, SS 79-1445.18, 79-1445.23. | A school district is a creation of the Legislature. Its purpose is to fulfill the constitutional duty placed upon the Legislature 'to encourage schools and the means of instruction' and it is a governmental subdivision to which authority to levy taxes may properly be delegated under the Constitution. | Can a school district have authority to levy taxes delegated to it under state Constitution? |

| 4339 | Peters v. Lincoln Elec. Co., 285 F.3d 456, 475 (C.A.6 (Ohio), 2002) | 30 | While an affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths, a federal statute allows for unsworn declarations under penalty of perjury to support any matter that legally requires an affidavit to support it. 28 U.S.C.A. S 1746. | While an "affidavit" is required to be sworn to by the affiant in front of an "officer authorized to administer oaths," see Black's Law Dictionary 54 (5th ed.1979), 28 U.S.C. 1746 allows for "unsworn declarations under penalty of perjury" to support any matter that legally requires an affidavit to support it. | Can unsworn declarations and statements be allowed under penalty of perjury to support any matter that legally requires an affidavit to support it? |
| 4340 | Bainbridge, Inc. v. Travelers Cas. Co. of Connecticut, 159 P.3d 748, 751 (Colo.App., 2006) | 9 | Equitable subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | It is "a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." | Is the purpose of equitable subrogation to require the ultimate discharge of debt by person who in equity and good conscience ought to pay it? |
| 4341 | Navajo Nation v. United States Department of Interior, 852 F.3d 1124, 1126 (C.A.D.C., 2017) | 1 | Congress enacted the Indian Self-Determination and Education Assistance Act (ISDEAA) to help Indian tribes assume responsibility for programs or services that a federal agency would otherwise provide to the tribes' members. 25 U.S.C.A. S 5301 et seq. | Congress enacted the Indian Self-Determination and Education Assistance Act ("ISDEAA") to help Indian tribes assume responsibility for programs or services that a federal agency would otherwise provide to the tribes' members. 25 U.S.C. 5301 et seq. | Why did the Congress enact the Indian Self-Determination and Education Assistance Act (ISDEAA)? |
| 4345 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | "Does court have power to dismiss action shown to be sham, fictitious, or without merit? " |
| 4346 | Baker v. Fender, 614 So.2d 14, 15 (Fla.App. 3 Dist.,1993) | 1 | Lack of compliance with trial judge's order to plead with more specificity before discovery was not basis for dismissal with prejudice for failure to state cause of action. | Appellant's lack of compliance with the trial judge's order to plead-before discovery-with more specificity, is no basis for a dismissal with prejudice for failure to state a cause of action. | Is a lack of compliance with a trial judge's order to plead with more specificity before discovery not a basis for dismissal with prejudice for failure to state cause of action? |
| 4348 | Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo.App. W.D.,1999) | 4 | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812-813 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Question Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? |

| 4349 | Allstate Ins. Co. v. Bucelo, 650 So.2d 1128, 1130 (Fla.App. 3 Dist.,1995) | 3 | Nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude dismissal for lack of prosecution under rule of civil procedure. West's F.S.A. RCP Rule 1.420(e). | As Allstate correctly points out, the law is well settled that nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude a dismissal for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). | Do nonrecord activities not constitute good cause to preclude a dismissal for lack of prosecution under a rule of civil procedure? |
| --- | --- | --- | --- | --- | --- |
| 4350 | Cramer v. U.S., 65 S.Ct. 918, 934–35, 325 U.S. 1, 34–35 (U.S., 1945) | 9 | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | The very minimum function that an overt act 43 must perform in a treason **935 prosecution is that it show sufficient action by the accused, in its setting, to sustain a finding that the accused actually gave 44 aid and comfort to the enemy. | What is the minimum function that an overt act must perform in a treason prosecution? |
| 4351 | Corum v. Hartford Acc. & Indem. Co., 67 Cal. App. 2d 891, 894, 155 P.2d 710, 712 (1945) | 2 | Ordinarily a demurrer for uncertainty does not lie where facts alleged in complaint show a superior knowledge of a particular fact on part of demurring party and it appears that defendant is not injured as result of failure to allege particularly that which is alleged generally. | Ordinarily a demurrer for uncertainty does not lie where the facts alleged in the complaint show a superior knowledge of a particular fact on the part of the demurring party (Brea v. McGlashan, 3 Cal.App.2d 454, 39 P.2d 877; Swasey v. de L'Etanche, 17 Cal.App.2d 713, 62 P.2d 753; Goldstein v. Healy, 187 Cal. 206, 201 P. 462; Schaake v. Eagle, etc., Can Co., 135 Cal. 472, 63 P. 1025, 67 P. 759) and it appears that the defendant is not injured as a result of a failure to allege particularly that which is alleged generally. | Will a demurrer for uncertainty lie when the facts are within the knowledge of the demurring parties? |
| 4352 | Cormier v. Clemco Services Corp., 48 F.3d 179, 183 (C.A.5 (La.),1995) | 3 | Liability for workers' compensation is unitary obligation for indeterminate amount, which the law directs shall be made in a series of regular payments. | However, as the Billizon Court correctly explained, "the liability for workers' compensation is a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments. | "Is the liability for workers compensation a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments?" |
| 4353 | Feykert v. Hardy, 213 Cal. App. 2d 67, 74, 28 Cal. Rptr. 510, 514 (Ct. App. 1963) | 1 | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. Cal.Rules of Court, rule 216. | It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. | "When filed, does a pretrial conference order supersede issues raised by pleadings and controls subsequent course of a case?" |

| 4356 | Intech Metals, Inc. v. Meyer, Wagner & Jacobs, 153 A.3d 406, 410 (Pa.Super., 2016) | 1 | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. | Where can the judgment of non pros be entered? |
|---|---|---|---|---|---|
| 4358 | South Jordan City v. Summerhays, 392 P.3d 855, 857 (2017) | 5 | Concept that no person shall be subject for the same offense to be twice put in jeopardy of life or limb, known as double jeopardy, is fundamental to the American scheme of justice and stems from the underlying premise that a defendant should not be twice tried or punished for the same offense. U.S. Const. Amend. 5. | The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This concept, known as double jeopardy, is "fundamental to the American scheme of justice," Benton v. Maryland, 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) (internal quotation marks omitted), and "stem[s] from the underlying premise that a defendant should not be twice tried or punished for the same offense," | What is known as double jeopardy? |
| 4359 | Ex parte Fife, 49 S.W.3d 35, 38–39 (Tex.App. Fort Worth,2001) | 5 | Court may not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial, but, rather, the court must look at the facts that precipitated the mistrial and, if a defendant had no other recourse or remedy other than a mistrial, double jeopardy will prevent retrial. U.S.C.A. Const.Amend. 5. | In other words, we may not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial; we must look at the facts that precipitated the mistrial and, if a defendant had no other recourse or remedy other than a mistrial, double jeopardy will prevent retrial. | Can a court not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial? |
| 4360 | Choi v. Immanuel Korean United Methodist Church, 327 Ga.App. 26, 27 (Ga.App., 2014) | 3 | Motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; all facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. | A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. All facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. | Should a motion to dismiss not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts? |
| 4361 | Doe v. Qi, 349 F.Supp.2d 1258, 1292 (N.D.Cal.,2004) | 16 | Act of state doctrine arises only when the court is required to rule on the legality of an official act of a foreign sovereign performed within its own territory. | The act of state doctrine presupposes an "act of state." It arises only when the court is required to rule on the legality of an "official act of a foreign sovereign performed within its own territory." | Does the act of state doctrine arise only when the court is required to rule on the legality of an official act of a foreign sovereign performed within its own territory? |

| 4363 | Drouillard v. Stroh Brewery Co., 536 N.W.2d 530, 533, 449 Mich. 293, 299 (Mich.,1995) | 1 | Workers' compensation is one unit in loosely connected system of wage-loss protection that also includes unemployment compensation, social security old age, disability, and survivors benefits, aid to families with dependent children, and is designed to restore to employees portion of wages lost because of physical disability, unemployment and old age. | Worker's compensation is one unit in a loosely connected system of wage-loss protection that also includes unemployment compensation, social security old- age, disability, and survivors benefits, aid to families with dependent children, and general assistance. Franks v. White Pine Copper, 422 Mich. 636, 654, 375 N.W.2d 715 (1985). Such wage loss legislation is designed to restore to employees a portion of wages lost because of three major causes of wage loss: physical disability, unemployment, and old age. | Is workers' compensation a loosely connected system of wage-loss protection? |
| --- | --- | --- | --- | --- | --- |
| 4365 | S. B. Beach Properties v. Berti, 39 Cal.4th 374, 380 (2006) | 4 | A voluntary dismissal is available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor; if in proper form, the dismissal is effective immediately, the entry is a ministerial, not a judicial, act, and no appeal lies therefrom. West's Ann.Cal.C.C.P. S 581. | A section 581 dismissal "is available to [a] plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately." (Associated Convalescent Enterprises v. Carl Marks & Co., Inc. (1973) 33 Cal.App.3d 116, 120, 108 Cal.Rptr. 782.) "The entry is a ministerial, not a judicial, act, and no appeal lies therefrom." (Ibid.) Once plaintiffs dismissed their action no lawsuit existed for defendants to move against pursuant to section 425.16, subdivision (c). | Is a voluntary dismissal available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor? |
| 4366 | People v. Munafo, 50 N.Y.2d 326, 331, 406 N.E.2d 780, 783 (1980) | 3 | In deciding whether an act carries public ramifications, courts are constrained to assess nature and number of those attracted, taking into account surrounding circumstances including time and place of episode under scrutiny. | In deciding whether an act carries public ramifications, courts are constrained to assess the nature and number of those attracted, taking into account the surrounding circumstances, including, of course, the time and the place of the episode under scrutiny (see People v. Phillips, 245 N.Y. 401, 402-403, 157 N.E. 508; People v. Canner, 88 Misc.2d 85, 388 N.Y.S.2d 812, affd. on opn. below 40 N.Y.2d 886, 389 N.Y.S.2d 361, 257 N.E.2d 1016). | In deciding that an act carries public ramifications should the surrounding circumstances be taken into act? |
| 4367 | Parker v. City of Saint Joseph, 167 S.W.3d 219, 221 (Mo.App. W.D.,2005) | 5 | When exhaustion of administrative remedies is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. | When exhaustion is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. | "When exhaustion is required and a party fails to pursue all administrative remedies, will the court have subject matter jurisdiction and what is the recourse? " |

| | | | | | |
|---|---|---|---|---|---|
| 4368 | Austin v. Pickett, 87 S.W.3d 343, 348 (Mo.App. W.D.,2002) | 15 | To rise to level of waiver, conduct must be so manifestly consistent with, and indicative of, intention to renounce particular right or benefit that no other reasonable explanation of conduct is possible. | "To rise to the level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." | "To rise to level of waiver, should conduct be so manifestly consistent with an intention to renounce a right that no other reasonable explanation is possible? " |
| 4369 | Brown v. Kidney and Hypertension Associates, L.L.P., 5 So.3d 258, 265, 2008-0919 La.App. 1 Cir. 1/12/09, 8 (La.App. 1 Cir.,2009) | 8 | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Nevertheless, the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. | Is the mere intention to take a step in the prosecution or defense of the claim without having actually taken such a step insufficient to interrupt the abandonment period? |
| 4370 | Optopics Laboratories Corp. v. Savannah Bank of Nigeria, Ltd., 816 F.Supp. 898, 906 (S.D.N.Y.,1993) | 8 | Prerequisite for application of act of state doctrine is that act in question is one which takes effect entirely within boundaries of sovereign nation. | A prerequisite for the application of the act of state doctrine is that the act in question is one which takes effect entirely within the boundaries of the sovereign nation. | Is a prerequisite for the application of the act of state doctrine that the act in question is one which takes effect entirely within boundaries of the sovereign nation? |
| 4371 | BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp. 3d 776, 786 (D. Md. 2016) | 7 | A country's prerogative to control and regulate activities within its boundaries, which is an essential, definitional element of sovereignty, gives rise to jurisdiction. | A country's "prerogative to control and regulate activities within its boundaries," which "is an essential, definitional element of sovereignty," gives rise to jurisdiction. | Does a countrys prerogative to control and regulate activities within its boundaries which is an essential definitional element of sovereignty give rise to jurisdiction? |
| 4373 | Application of Eichner, 423 N.Y.S.2d 580, 593 (Sup Ct, Dec. 06, 1979) | 4 | General common-law right to bodily self-determination, which includes right of a competent adult to refuse life-sustaining medical treatment, is subject to being overridden by state interests in appropriate circumstances; among the state interests which must be weighed are interest in protection of third parties, such as minor children, maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and preservation of all human life. U.S.C.A.Const. Amends. 1, 4, 5, 14; Public Health Law S 2803-c. | From all of the foregoing, it is clear that there is a common law right to bodily self-determination, which includes the right of a competent adult to refuse life-sustaining medical treatment. This general right is, however, subject to being overridden by State interests in appropriate circumstances. Among the State interests which must be weighed are interests in the protection of third parties, such as minor children, the maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and, by far the most important, the preservation of all human life. | Is the right of an individual to refuse medical treatment subject to being overridden by states interests in appropriate circumstances? |

| | | | | | |
|---|---|---|---|---|---|
| 4374 | In re Bill Heard Enterprises, Inc., 423 B.R. 771, 781 (N.D. Ala. 2010) | 9 | Under Nevada law, equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | Nevada: "Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder." | Where is equitable subrogation generally appropriate? |
| 4375 | Hellenic Lines, Limited v. Moore, 345 F.2d 978, 980 (C.A.D.C. 1965) | 6 | Because application of doctrine of diplomatic immunity exempts Ambassador from legal procedures necessary to ordered society and often deprives others of remedies for harm they have suffered, courts hesitate to invoke doctrine in novel situation unless its purposes will certainly be served. 22 U.S.C.A. SS 252, 253. | Because application of the doctrine of diplomatic immunity exempts a person from the legal procedures necessary to ordered society and often deprives others of remedies for harm they have suffered, courts hesitate to invoke the doctrine in a novel situation unless its purposes will certainly be served. | What is the purpose of diplomatic immunity? |
| 4377 | Chelsea Square Textiles, Inc. v. Bombay Dyeing and Mfg. Co., Ltd., 189 F.3d 289, 295–96 (C.A.2 (N.Y.), 1999) | 5 | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Thus, we have stated that while  2 of the FAA preempts state law that treats arbitration agreements differently from any other contracts, 5 it also *296 "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." | Does the Federal Arbitration Act (FAA) preserve general principles of state contract law? |
| 4378 | Chelsea Square Textiles, Inc. v. Bombay Dyeing and Mfg. Co., Ltd., 189 F.3d 289, 295–96 (C.A.2 (N.Y.), 1999) | 5 | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Thus, we have stated that while  2 of the FAA preempts state law that treats arbitration agreements differently from any other contracts, 5 it also *296 "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." | Does the Federal Arbitration Act (FAA) pre-empt state law that treats arbitration agreements differently from other contracts? |
| 4379 | Tucker v. Signature Flight Support-Savannah, Inc., 219 Ga. App. 834, 834, 466 S.E.2d 694, 695 (1996) | 2 | Where any one of statutory requirements for granting continuance based on absence of witness is not met, there is no abuse of trial court's discretion to deny continuance. O.C.G.A. S 9-10-160. | [2] [3] OCGA  9-10-160 provides that all applications for continuances based upon the absence of a witness shall set forth eight different requirements. Where any one of these statutory requirements is not met, there is no abuse of the trial court's discretion to deny a continuance. | " Where any one of the eight statutory requirements for granting continuance based upon the absence of a witness is not met, is there an abuse of the trial court's discretion to deny a continuance?" |
| 4380 | Crystallex International Corp. v. Petróleos de Venezuela, S.A., 213 F.Supp.3d 683, 696 (D.Del., 2016) | 17 | Application of the act of state doctrine involves balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims. | The act of state doctrine's application involves balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims. | Does the application of the act of state doctrine involve balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims? |

| 4383 | Classic Commercial Services, Inc. v. Baldwin, 784 S.E.2d 44, 47, 336 Ga.App. 183, 186 (Ga.App., 2016) | 7 | As a rule, the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal, and this principle applies in the context of a motion to dismiss on jurisdictional grounds. | As a rule, "the testimony of a party who offers [himself] as a witness in [his] own behalf at trial is to be construed most strongly against [him] when it is self-contradictory, vague or equivocal." (Citation and punctuation omitted.) Conrad v. Conrad, 278 Ga. 107, 110, 597 S.E.2d 369 (2004). This principle applies in the context of a motion to dismiss on jurisdictional grounds. | Does the self-contradictory testimony rule apply in the context of a motion to dismiss on jurisdictional grounds? |
| 4385 | Moening v. Alaska Mut. Bank, 751 P.2d 5, 8–9 (Alaska,1988) | 8 | When note is executed and secured by deed of trust, documents are read and construed together as one contract to ascertain parties' intent. | When a note is executed and secured by a deed of trust, the documents are *9 read and construed together as one contract to ascertain the parties' intent. | "When a note is executed and secured by a deed of trust, are the documents read and construed together as one contract to ascertain the parties' intent?  " |
| 4386 | Prudential Ins. Co. of America v. Lai, 42 F.3d 1299, 1305 (C.A.9 (Cal.),1994) | 9 | Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration. 9 U.S.C.A. S 1 et seq.; Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq.; Civil Rights Act of 1991, S 118, 105 Stat. 1071. | Thus, we conclude that a Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration. | Can Title VII plaintiffs be forced to forego the statutory remedies and arbitrate their claims? |
| 4388 | Bizios v. Town of Lakewood Village, 453 S.W.3d 598, 600 (Tex.App.-Fort Worth, 2014) | 3 | Because a municipality possesses authority to regulate land development in its extraterritorial jurisdiction (ETJ) only to the extent the municipality is legislatively granted that authority, legislatively-created express limitations to that grant of authority are construed strictly against the authority of the municipality and in favor of the landowner. | Because a municipality possesses authority to regulate land development in its ETJ only to the extent it is legislatively granted that authority, legislatively-created express limitations to that grant of authority-such as local government code section 212.003-are construed strictly against the authority of the municipality and in favor of the landowner. | Is a city or municipalitys authority to regulate land development in its extraterritorial jurisdiction (ETJ) wholly derived from a legislative grant of authority? |
| 4389 | U.S. v. Ventresca, 85 S.Ct. 741, 745–46, 380 U.S. 102, 108 (U.S.Mass. 1965) | 8 | Affidavit on which search warrant is issued may be based on hearsay information and need not reflect direct personal observations of affiant, so long as magistrate is informed of some of underlying circumstances supporting affiant's conclusions and his belief that any involved informant, whose identity need not be disclosed, was credible or his information reliable. U.S.C.A.Const. Amend. 4; Fed.Rules Crim.Proc. rule 41, 18 U.S.C.A. | And, in Aguilar we recognized that 'an affidavit may be based on hearsay information and need not reflect the direct personal observations **746 of the affiant,' so long as the magistrate is 'informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved 'whose identity need not be disclosed * * * was 'credible' or his information 'reliable.'" | Can affidavits be based on hearsay? |

| 4391 | Donnelly v. Slingshot Sports LLC, 605 F.Supp.2d 613, 616 (D.Del.,2009) | 3 | In applying the "connection test" for admiralty jurisdiction, court must (1) assess the general features of the type of incident involved and determine whether the incident has a potentially disruptive impact on maritime commerce; and (2) determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. 28 U.S.C.A. S 1331(1). | In applying the connection test, the Court must (1) " 'assess the general features of the type of incident involved' ... [and] "determine whether the incident has 'a potentially disruptive impact on maritime commerce;' " and (2) "determine whether the 'general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.' " | How can federal admiralty jurisdiction be invoked over a tort claim? |
| 4392 | Fed. Com. & Nav. Co. v. Kanematsu-Gosho, Ltd., 457 F.2d 387, 389 (2d Cir. 1972) | 3 | Basic purposes of arbitration are to resolve disputes speedily and to avoid expense and delay of extended court proceedings, and overly technical judicial review of arbitration awards would frustrate those basic purposes. | Overly technical judicial review of arbitration awards would frustrate the basic purposes of arbitration: to resolve disputes speedily and to avoid the expense and delay of extended court proceedings. | Will a technical judicial review of arbitration awards frustrate the basic purpose of arbitration? |
| 4394 | Becker v. Davis, 491 F.3d 1292, 1298 (C.A.11 (Fla.), 2007) | 4 | While there is liberal federal policy favoring arbitration agreements, Federal Arbitration Act's (FAA) strong proarbitration policy only applies to disputes that parties have agreed to arbitrate; party cannot be forced to arbitrate any dispute that party has not agreed to submit to arbitration. 9 U.S.C.A. S 1 et seq. | While there is a liberal federal policy favoring arbitration agreements, "the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." Id. A party cannot be forced to arbitrate any dispute that the party has not agreed to submit to arbitration. | Would Federal Arbitration Act's (FAA) strong proarbitration policy apply to disputes that parties have not agreed to arbitrate? |
| 4395 | Southland Corp. v. Keating, 465 U.S. 1, 10 (1984) | 5 | In enacting provision of federal arbitration act that an arbitration provision is valid and irrevocable the Congress declared a national policy favoring arbitration and withdrew power of the states to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | So interpreted the California Franchise Investment Law directly conflicts with  2 of the Federal Arbitration Act and violates the Supremacy Clause. [5]  In enacting  2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. | Does national policy favoring arbitration apply in both state and federal courts? |
| 4396 | Peterson v. Livestock Commission, 120 Mont. 140, 149–50 (1947) | 6 | A statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body is unconstitutional as a delegation to the judiciary of nonjudicial powers. Const. art. 4, S 1. | It is generally held that a statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body is unconstitutional as a delegation to the judiciary of non-judicial powers. | Is a statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body unconstitutional? |

| 4397 | Rychnovsky v. Cole, 119 S.W.3d 204, 211 (Mo.App. W.D.,2003) | 16 | Where real estate is involved, trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight; the unauthorized entry may be made by a person or an object as a result of a person's actions. | Where real estate is involved, "trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight." Rosenfeld, 28 S.W.3d at 449. The unauthorized entry may be made by a person or an object as a result of a person's actions. | Is damage done to the property required for the offense of trespass? |
|---|---|---|---|---|---|
| 4398 | Win & Son, Inc. v. City of Philadelphia, 178 F. Supp. 3d 234, 245 (E.D. Pa. 2016) | 19 | Under Pennsylvania law, one is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally enters land in the possession of the other, or causes a thing or a third person to do so. | Under Pennsylvania law, [o]ne is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally ... enters land in the possession of the other, or causes a thing or a third person to do so. | Is the causation of harm to a legally protected interest of another an element of trespass? |
| 4399 | Application of Bohlinger, 199 Misc. 941, 972, 106 N.Y.S.2d 953, 981–82 (Sup. Ct. 1951), aff'd sub nom. In re Int'l Workers Ord., 280 A.D. 517, 113 N.Y.S.2d 755 (App. Div. 1952), aff'd sub nom. In re Bohlinger, People by, 305 N.Y. 258, 112 N.E.2d 280 (1953) | 10 | The Legislature may enact statutes in broad outline leaving to administrative officials enforcing them, the duty of arranging details and such delegation is not unconstitutional. | The courts have long recognized that the legislature may, and indeed in many cases, has no alternative, enact statutes in broad outline, leaving to administrative officials enforcing them, the duty of arranging the details and that such delegation is not unconstitutional. | Can the Legislature enact statutes in broad outline leaving to administrative officials enforcing them the duty of arranging details? |
| 4400 | Hutchins v. Mayo, 143 Fla. 707, 710, 197 So. 495, 496 (1940) | 2 | Sections of statute placing in Citrus Commission extensive plenary authority to regulate grading and labeling of fruit to accomplish the general plan and purpose contemplated by the legislature do not unlawfully delegate power vested in the legislature. F.S.A. SS 595.09, 595.12; F.S.A.Const. art. 2; art. 3, S 1. | It is true that these parts of the act place in the commission extensive plenary authority to regulate the grading and labeling of fruit to accomplish the general plan and purpose contemplated by the legislature but we find in them no unlawful delegation of power vested in the legislature by the organic law. | Is the authority vested in an administrative agency to regulate the grading and labeling of fruit an unlawful delegation of legislative authority? |
| 4403 | Warren Cnty. Hum. Servs. v. State Civ. Serv. Comm'n (Roberts), 844 A.2d 70, 73 (Pa. Commw. Ct. 2004) | 1 | The right to engage in a particular occupation is an important right but not a fundamental right and, therefore, is subject to the rational basis test, i.e., a state may not deprive an individual of that right unless it can be shown that such deprivation is reasonably related to the state interest that is sought to be protected. Const. Art. 1, S 1. | The right to engage in a particular occupation is an important right but not a fundamental right and, therefore, is subject to the rational basis test, i.e., a state may not deprive an individual of that right unless it can be shown that such deprivation is reasonably related to the state interest that is sought to be protected. | Can the state deprive an individual of the ability to work at a particular job? |

| 4404 | Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004) | 10 | Court makes determination of whether parties agreed to arbitrate dispute by applying federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of FAA; inquiry must be undertaken against background of liberal federal policy favoring arbitration agreements, under which it is role of courts to rigorously enforce agreements to arbitrate. | The first step is to determine whether the parties agreed to arbitrate the dispute. Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). We must make this determination "by applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA].' " 9  Id. (citation omitted). This inquiry must be undertaken against the background of a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."). Under this policy, it is the role of courts to "rigorously enforce agreements to arbitrate." | Do the courts use state or federal law to determine whether the parties agreed to arbitrate a dispute? |
| 4405 | Wiand v. Schneiderman, 778 F.3d 917, 922 (11th Cir. 2015) | 3 | There is a liberal federal policy favoring arbitration agreements, such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration; thus, a party seeking to avoid arbitration bears the burden of demonstrating a contrary congressional command using a statute's text, its legislative history, or identifying an inherent conflict between arbitration and the statute's underlying purposes. | There is a "liberal federal policy favoring arbitration agreements," such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).A party seeking to avoid arbitration thus bears the burden of demonstrating a contrary congressional command using a statute's text, its legislative history, or identifying an "inherent conflict between arbitration and the statute's underlying purposes." Shearson, 482 U.S. at 227, 107 S.Ct. 2332. | Can a contrary congressional command assist a party to avoid arbitration? |

| 4406 | Adkins v. Labor Ready, Inc., 185 F.Supp.2d 628, 636 (S.D.W.Va., 2001) | 1 | In determining whether valid arbitration agreement arose between two parties, federal court looks to state law that ordinarily governs formation of contracts; however, while applying state contract law, court nonetheless gives due regard to federal policy favoring arbitration, and ambiguities as to scope of arbitration clause itself must be resolved in favor of arbitration. 9 U.S.C.A. S 2. | In determining whether a valid arbitration agreement arose between two parties, a federal court should look to the state law that ordinarily governs the formation of contracts. 9 U.S.C.  2; First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). However, while applying state contract law, the court is nonetheless to give "due regard ... to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." | Does the court need to look to the state law in determining whether there is a valid arbitration agreement between parties? |
| 4407 | Howell Tp. v. Waste Disposal, Inc., 207 N.J.Super. 80, 96 (1986) | 1 | Where State Department of Environmental Protection has failed or neglected to act in best interest of citizenry or has arbitrarily, capriciously, or unreasonably acted, then a court should permit interested persons to continue with enforcement litigation under Environmental Rights Act (N.J.S.A. 2A:35A-1 et seq.). | In other words where the state agency has failed or neglected to act in the best interest of the citizenry or has arbitrarily, capriciously or unreasonably acted, then a court should permit interested persons to continue with enforcement under the Environmental Rights Act. | "Can a person bring or continue with an enforcement action under the Environmental Rights Act (ERA) if a state agency has acted arbitrarily, capriciously or unreasonably?" |
| 4408 | McDonnell v. Dean Witter Reynolds, Inc., 620 F.Supp. 152, 157 (D.C.Conn.,1985) | 6 | In view of overriding federal policy favoring arbitration, waiver of arbitration is not to be highly inferred and mere delay in seeking stay of proceedings without some resulting prejudice to party cannot carry the day. | Nevertheless, "[i]n view of the 'overriding federal policy favoring arbitration,' waiver 'is not to be highly inferred and mere delay in seeking a stay of the proceedings without some resultant prejudice to a party cannot carry the day.' " | "In view of the overriding federal policy favoring arbitration, should waiver be inferred?" |
| 4409 | Lamb v. Rizzo, 391 F.3d 1133, 1137 (C.A.10 (Kan.),2004) | 4 | Under "libel-proof plaintiff doctrine," when a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial. | "... that when a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial." | What is libel proof plaintiff doctrine in defamation cases? |

| 4410 | Stout v. Robnett, 107 F.Supp.2d 699, 702 (D.S.C., 2000) | 3 | Pro se complaints and petitions are held to less stringent standard than those drafted by attorneys, and federal district court is charged with liberally construing complaint or petition filed by pro se litigant to allow development of potentially meritorious case. | Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. | Are pleadings of pro se litigant subject to a less stringent standard than those of lawyers? |
|------|------|------|------|------|------|
| 4412 | Vidrine v. United States, 846 F. Supp. 2d 550, 614 (W.D. La. 2011) | 25 | Pursuant to Louisiana law governing malicious prosecution claims, when indictment is dismissed, presumption of lack of probable cause arises, which allows malice to be inferred, and thus burden shifts to the defendant to show absence of malice. LSA-C.C. art. 2315. | As previously noted, pursuant to Louisiana law, when an indictment is dismissed, a presumption of a lack of probable cause arises, which allows malice to be inferred, and thus the burden shifts to the defendant to show an absence of malice. Zerbe, at 1231. | When does the presumption of lack of probable cause arise in a malicious prosecution claim? |
| 4413 | City of Phoenix v. Kasun, 97 P.2d 210, 212, 54 Ariz. 470, 475 (Ariz. 1939) | 6 | The distinguishing characteristic of a "public utility" is the devotion of private property to such a use that public generally, or that part which has been served and has accepted the service, has right to demand that the service, so long as continued, shall be conducted with reasonable efficiency and under proper charges. | The distinguishing characteristic of a public utility is the devotion of private property by the owner to such a use that the public generally, or at least that part of the public which has been served and has accepted the service, has the right to demand that such service, so long as it is continued, shall be conducted with reasonable efficiency and under proper charges. | What is the distinguishing characteristic of a public utility? |
| 4414 | Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673, 677 (Tex.App. Austin,2003) | 2 | Plaintiffs are accorded right to choose venue first; as long as suit is initially filed in county of proper venue, that is, the county is at least a permissive venue and no mandatory provision applies, plaintiff's venue choice cannot be disturbed. | Plaintiffs are accorded the right to choose venue first; as long as suit is initially filed in a county of proper venue (i.e., the county is at least a permissive venue and no mandatory provision applies), the plaintiff's venue choice cannot be disturbed. | Can a plaintiffs choice of a permissive venue be disturbed if no mandatory provision applies? |
| 4415 | Marin Real Estate Partners, L.P. v. Vogt, 373 S.W.3d 57, 91 (Tex. App. 2011) | 53 | A person acts with "malice" in a malicious prosecution case when he acts with ill will or evil motive to the injury of another, or acts in reckless disregard of the rights of another and with indifference as to whether the other person is injured so as to amount to wanton and willful action knowingly and unreasonably done; malice can be established by either direct or circumstantial evidence and may be inferred from a lack of probable cause. | A person acts with malice in a malicious prosecution case when he acts with ill will or evil motive to the injury of another, or acts in reckless disregard of the rights of another and with indifference as to whether the other person is injured so as to amount to wanton and willful action knowingly and unreasonably done. Id. Malice can be established by either direct or circumstantial evidence and may be inferred from a lack of probable cause. | How is malice defined in the context of a malicious prosecution claim? |

| 4418 | Caldwell v. Green, 451 F.Supp.2d 811, 818 (W.D.Va.,2006) | 7 | Under Virginia law, if there is no reason to doubt the truthfulness of the accomplice when the prosecution was initiated, there is still considered to be probable cause sufficient to negate a malicious prosecution claim even if the witness was later shown to be unworthy of belief. | If there is no reason to doubt the truthfulness of the accomplice when the prosecution was initiated, there is still considered to be probable cause sufficient to negate a malicious prosecution claim even if the witness was later shown to be unworthy of belief. | Will the statements of an accomplice create sufficient probable cause in a malicious prosecution claim? |
|---|---|---|---|---|---|
| 4419 | State v. Archie, 273 Neb. 612, 641-642 (2007) | 29 | Slightest intrusion into the genital opening is sufficient to constitute penetration, and such element of incest and first-degree sexual assault on a child may be proved by either direct or circumstantial evidence; it is not necessary that the vagina be entered or that the hymen be ruptured, as the entry of the vulva or labia is sufficient. Neb.Rev.St. SS 28-318(6), 28-703(1); S 28-319 (2005). | The slightest intrusion into the genital opening is sufficient to constitute penetration, and such element may be proved by either direct or circumstantial evidence. 58  It is not necessary that the vagina be entered or that the hymen be ruptured; the entry of the vulva or labia is sufficient. | Is slightest intrusion sufficient to constitute penetration? |
| 4420 | Pac. Gas & Elec. Co. v. FERC, 306 F.3d 1112, 1115 (D.C. Cir. 2002) | 1 | Court of Appeals reviews orders of the Federal Energy Regulatory Commission (FERC) under arbitrary and capricious standard, pursuant to which the FERC must be able to demonstrate that it has made a reasoned decision based on substantial evidence in record. 5 U.S.C.A. S 706(2)(A). | The court reviews FERC's Orders under the arbitrary and capricious standard. 5 U.S.C. 706(2) (A); Pub. Utils. Comm'n v. FERC, 254 F.3d 250, 253-54 (D.C.Cir.2001) [hereinafter "CPUC"].  FERC therefore "must be able to demonstrate that it has made a reasoned decision based upon substantial evidence in the record." | Are Federal Energy Regulatory Commission orders reviewed under Administrative Procedure Act's arbitrary and capricious standard? |
| 4421 | Smith v. Burge, 222 F. Supp. 3d 669, 690 (N.D.Ill., 2016) | 31 | Probable cause for a malicious prosecution claim under Illinois law requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false. | As the Seventh Circuit explains, probable cause for a malicious prosecution claim "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." | Does probable cause require proof of conviction to preclude liability for malicious prosecution? |
| 4422 | In re V.F., 157 Cal. App. 4th 962, 971 (2007) | 7 | A parent may have custody of a child, in a legal sense, even while delegating the day-to-day care of that child to a third party for a limited period of time. | "[A] parent may have custody of a child, in a legal sense, even while delegating the day-to-day care of that child to a third party for a limited period of time." | Can a parent have legal custody of a child even while delegating the day-to-day care of that child to a third party for a limited period? |
| 4424 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 9 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | The in pari delicto defense provides that "a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party." Dobbs v. | Does the in pari delicto doctrine permit a person to maintain an action if he is a party to the immoral act or wrongdoing? |

| 4425 | Wasko v. Manella, 269 Conn. 527, 532–33 (2004) | 5 | The doctrine of legal or equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | "...As now applied, the doctrine of [legal or] equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | What is the object of equitable subrogation? |
| --- | --- | --- | --- | --- | --- |
| 4426 | Mort v. U.S., 86 F.3d 890, 894 (C.A.9 (Nev.), 1996) | 8 | Equitable subrogation is generally appropriate where subrogee made payment to protect his or her own interest, subrogee did not act as volunteer, subrogee was not primarily liable for debt paid, subrogee paid off entire encumbrance, and subrogation would not work any injustice to rights of junior lienholder. | Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | When is equitable subrogation generally appropriate? |
| 4427 | Associated Elec. & Gas Ins. Servs. Ltd. v. Am. Int'l Grp., Inc., 166 F. Supp. 3d 1248, 1259 (D. Utah 2015) | 10 | To obtain subrogation, under Utah law, the party seeking reimbursement, that is, the subrogee, must show that: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. | To obtain subrogation, the party seeking reimbursement (the subrogee) must show that: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. | What must a subrogee show to obtain subrogation? |
| 4429 | Fla. East Coast Ry. Co. v. City of Miami, 372 So.2d 152, 157 (Fla.App., 1979) | 4 | Doctrine of prior public use, simply stated, denies exercise of delegated power of condemnation where proposed use will destroy existing public use or prevent proposed public use unless authority to do so has been expressly given by legislature or must necessarily be implied. | This is known as the doctrine of prior public use. Simply stated, the rule denies exercise of the above power of condemnation where the proposed use will destroy an existing public use or prevent a proposed public use unless the authority to do so has been expressly given by the legislature or must necessarily be implied. | What does the doctrine of prior public use entail? |
| 4431 | In re Hamada, 291 F.3d 645, 649 (9th Cir. 2002) | 4 | "Subrogation" is substitution of one party in place of another with reference to some lawful claim, demand, or right; it is a derivative right, acquired by satisfaction of loss or claim that third party has against another. | In general terms, subrogation is the substitution of one party in place of another with reference to a lawful claim, demand or right. It is a derivative right, acquired by satisfaction of the loss or claim that a third party has against another. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right? " |

| 4432 | In re Jones, 534 B.R. 588, 595 (Bkrtcy.D.Vt., 2015) | 2 | Equitable subrogation is doctrine which revolves around the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to party whose debt was paid. | Subrogation is a doctrine which revolves around the "substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the [party whose debt was paid]" | Is subrogation the substitution of one party for another whose debt the party pays? |
| 4433 | Bierman v. Hunter, 988 A.2d 530, 542–43, 190 Md.App. 250, 270 (Md.App., 2010) | 2 | "Legal subrogation" arises by operation of law when there is a debt or obligation owed by one person which another person, who is neither a volunteer nor an intermeddler, pays or discharges under such circumstances as in equity entitle him to reimbursement to prevent unjust enrichment. | Legal subrogation is the category at issue in the instant case, and "arises by operation of law when there is a debt or obligation owed by one person which another person, who is neither a volunteer nor an intermeddler, pays or discharges under such circumstances as in equity entitle him to reimbursement to **543 prevent unjust enrichment." | Does legal subrogation take place by operation of law? |
| 4434 | Nussbaum Trucking, Inc. v. Illinois Commerce Commission, 99 Ill.App.3d 741, 749–50 (Ill.App., 1981) | 8 | Public Utilities Act and Illinois Motor Carrier of Property Law are in pari materia and should be construed together to determine legislative intent. S.H.A. ch. 951/212, S 18-307; ch. 1112/323, S 27. | We observe here that the Public Utilities Act and the Illinois Motor Carrier of Property Law are in pari materia and should be construed together to determine legislative intent. | Are the Public Utilities Act and the Motor Carrier of Property Law in pari materia for determining legislative intent? |
| 4436 | Postal Tel.-Cable Co. v. Pennsylvania Pub. Util. Comm'n, 154 Pa. Super. 340, 344–46, 35 A.2d 535, 537–38 (1944) | 1 | The "public," for whose convenience, accommodation, safety and protection the Public Utility Law is concerned, is not only that portion of the public which the utilities serve, or as respects utilities using facilities located along a highway, persons traveling on the highways, but the general public which may come in contact with the utility's facilities. 66 P.S. SS 1101 et seq., 1171, 1183. | Appellant argues that "the public," referred to in these sections as respects a utility using facilities located *345 along the highway, includes no more than persons traveling on the highway, and for this position cites Midland Borough v. Steubenville, East Liverpool & Beaver Valley Traction Co. et al., 300 Pa. 134, 150 A. 300. [...]<br><br>The public for whose convenience, accommodation, *346 safety, and protection the act is concerned is not only that portion of the public which the utilities serve, but the general public which may come in contact with the facilities of the utilities. | "Does the convenience, accommodation, safety, and protection of the public under the Public Utility Law consist solely of persons served by the utility?" |

| 4437 | State v. Higgins, 149 N.H. 290, 298 (2003) | 17 | Sexual assault victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance; a prostitute does not lose the right of choice, and may consent or not consent according to her own will. | Further, the victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance. See Harris, 362 S.E.2d at 213; Patnaude, 438 A.2d at 407. "A prostitute does not lose the right of choice, and may consent or not consent according to her own will." | Does the victim's status as a prostitute prove consent to sexual relations? |
| 4438 | Warning Lights & Scaffold Serv., Inc. v. O & G Indus., Inc., 102 Conn. App. 267, 276, 925 A.2d 359, 365 (2007) | 13 | Subrogation has the objective of preventing an insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm. | Second, in a tort system that is primarily concerned with providing compensation, "[s]ubrogation has the objective of preventing [an] insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm." | "Does subrogation have the objective of preventing an insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm?" |
| 4439 | In re Houston, 409 B.R. 799, 808–09 (D.S.C. 2009) | 21 | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) the party claiming subrogation has paid the debt; (2) the party was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity 9 . | here is equitable subrogation appropriate? |
| 4440 | Ripley v. Piehl, 700 N.W.2d 540, 545 (Minn.App.,2005) | 5 | Under the doctrine of equitable subrogation, a person who has discharged the debt of another may succeed in substitution to the rights and position of the satisfied creditor. | Under the doctrine, a person who has discharged the debt of another may succeed in substitution to the rights and position of the satisfied creditor. | "Under the doctrine of equitable subrogation, could a person who has discharged the debt of another succeed in substitution to the rights and position of the satisfied creditor?" |
| 4441 | Ripley v. Piehl, 700 N.W.2d 540, 545 (Minn.App.,2005) | 7 | Although equitable subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | "Although [equitable] subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case." | "Is equitable subrogation an absolute right, but one which depends on equities and attending facts and circumstances of each case?" |

| 4442 | AJJ Enterprises, LLP v. Jean-Charles, 160 Conn.App. 375, 396–97 (Conn.App., 2015) | 9 | "Subrogation" is a legal fiction through which one who, not as a volunteer or in his own wrong, and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit. | It is a legal fiction through which one who, not as a volunteer or in his own wrong and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his *397 benefit." | Is equitable subrogation a legal fiction through which person who pays debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other? |
| --- | --- | --- | --- | --- | --- |
| 4443 | First Fidelity Bank, Nat. Ass'n, South v. Travelers Mortg. Services, Inc., 693 A.2d 525, 528, 300 N.J.Super. 559, 564 (N.J.Super.A.D.,1997) | 2 | Under remedy of equitable subrogation, surety, upon performance, is placed in position of principal's creditor with respect to that creditor's rights and available securities. | Under the remedy of equitable subrogation, "a surety, upon performance, is placed in the position of a creditor with respect to that creditor's rights and available securities." | "Under remedy of equitable subrogation or subrogation, is a surety, upon performance, placed in position of a principal's creditor with respect to that creditor's rights and available securities?" |
| 4446 | Tucker v. Div. Sales, 315 Ill. App. 3d 472, 476 (Ill.App. 3 Dist., 2000) | 2 | A motion in limine allows a litigant to obtain a pre-trial order which excludes inadmissible evidence and bars questioning of witnesses regarding such evidence; this procedure safeguards against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence. | A motion in limine allows a litigant to obtain a pre-trial order which excludes **169 ***461 inadmissible evidence and bars questioning of witnesses regarding such evidence. Rutledge v. St. Anne's Hospital, 230 Ill.App.3d 786, 172 Ill.Dec. 495, 595 N.E.2d 1165 (1992).This procedure safeguards against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence. | Does a motion in limine safeguard against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence? |
| 4447 | Seels v. Tenet Health System Hahnemann, LLC, 167 A.3d 190, 206 (Pa.Super., 2017) | 13 | A "motion in limine" is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | A motion in limine is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | Is the purpose of a motion in limine to obtain the court's pre-trial ruling on the admissibility of evidence? |
| 4448 | Hand v. Pettitt, 258 Ga. App. 170, 172 (2002) | 8 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine and admitting it?" |

| 4449 | Taylor v. Cnty. of Cook, 2011 IL App (1st) 093085, ¶¶ 22-23 (2011) | 1 | A circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine are within its sound discretion, and the appellate court will not reverse such rulings unless the circuit court abused its discretion. | A circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine are within its sound discretion and this court will not reverse such rulings unless the circuit court abused its discretion. | Are a circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine within its sound discretion? |
|---|---|---|---|---|---|
| 4450 | Pullum v. Robinette, 174 S.W.3d 124, 136–37 (Tenn.Ct.App.,2004) | 13 | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | State courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial may change an earlier ruling regarding the admissibility *137 of the evidence. | Can courts make pre-introduction rulings on evidence that are conditional or provisional in nature and change an earlier ruling regarding the admissibility of the evidence? |
| 4451 | In re Flamingo 55, 378 B.R. 893, 906 (D. Nev. 2007) | 4 | Right of "legal" or "equitable" subrogation arose as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. | The right of "legal" or "equitable" subrogation arose as a "creature of equity" and "is enforced solely for the purpose of accomplishing the ends of substantial justice." | "Did the right of ""legal"" or ""equitable"" subrogation arise as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice?" |
| 4453 | Hickory Springs Mfg. Co., Inc. v. Evans, 541 S.W.2d 97, 100 (Tenn. 1976) | 5 | The doctrine of subrogation is an equitable one and it is recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | The doctrine of subrogation is an equitable one, and it is recognized that the payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | Is the doctrine of subrogation an equitable one and is it recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor? |
| 4454 | Haimes v. Schonwit, 268 A.D. 652, 654–55 (App. Div.), aff'd, 295 N.Y. 577 (1945) | 2 | A cause of action usually accrues to a party to an express contract only upon termination of the relationship, but a cause of action accrues when a payment falls due, even impliedly, as in contracts of hiring for an indefinite period. | A cause of action usually accrues to a party to an express contract only upon termination of the relationship (Martin v. Camp, 219 N.Y. 170, 114 N.E. 46, L.R.A.1917F, 402; Ga Nun v. Palmer, 202 N.Y. 483, 96 N.E. 99, 36 L.R.A.,N.S., 922), although a cause of action accrues when a payment falls due, even impliedly, as in contracts of hiring for an indefinite period. | Does a cause of action accrue to a party to an express contract upon termination of the relationship? |
| 4455 | California Insurance Guarantee Association v. Hill Brothers Transportation, Inc., 497 S.W.3d 67, 75–76 (Tex.App.-Austin, 2016) | 15 | Generally a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another. | "Generally a cause of action accrues when facts come into existence [that] authorize a claimant to seek a judicial *76 remedy, when a wrongful act causes some legal injury, or whenever one person may sue another." | Is legal injury required for a cause of action to accrue? |

| 4456 | Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 126–28 (U.S.N.Y., 1978) | 6 | A use restriction on real property may constitute a "taking" if not reasonably necessary to the effectuation of a substantial public purpose or perhaps if it has an unduly harsh impact on the owner's use of the property. U.S.C.A.Const. Amends. 5, 14. | It is, of course, implicit in Goldblatt that a use restriction on real property may constitute a "taking" if not reasonably necessary to the effectuation of a substantial public purpose, see **2661 Nectow v. Cambridge, supra; cf. Moore v. East Cleveland, 431 U.S. 494, 513-514, 97 S.Ct. 1932, 1943, 52 L.Ed.2d 531 (1977) (STEVENS, J., concurring), or perhaps if it has an unduly harsh impact upon the owner's use of the property. | Does a regulation that burdens private property constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose? |
| 4457 | Nnaka v. Federal Republic of Nigeria, 238 F.Supp.3d 17, 32 (D.D.C., 2017) | 28 | Act of state doctrine only applies to "official state action," that is, to conduct that is by nature distinctly sovereign and cannot be undertaken by a private individual or entity. | But the doctrine only applies to "official state action: that is, to "conduct that is by nature distinctly sovereign" and "cannot be undertaken by a private individual or entity. | Does the act of state doctrine only apply to official state action to conduct that is by nature distinctly sovereign and cannot be undertaken by a private individual or entity? |
| 4458 | Matar v. Dichter, 500 F.Supp.2d 284, 290 (S.D.N.Y.,2007) | 7 | A head-of-state recognized by the United States government is absolutely immune from personal jurisdiction in United States courts, regardless of whether the claims arise from official or private acts. | "A head-of-state recognized by the United States government is absolutely immune from personal jurisdiction in United States courts," regardless of whether the claims arise from official or private acts. | Is a head-of-state recognized by the United States government absolutely immune from personal jurisdiction in United States courts? |
| 4459 | Access Telecom, Inc. v. MCI Telecommunications Corp., 197 F.3d 694, 714 (C.A.5 (Tex.), 1999) | 39 | Fact that American courts routinely give deference to American agencies empowered to interpret American law and that American courts may give deference to foreign governments before the court does not entail that American courts must give deference to all agency determinations made by all foreign agencies not before the court. | The fact that U.S. courts routinely give deference to U.S. agencies empowered to interpret U.S. law and U.S. courts may give deference to foreign governments before the court does not entail that U.S. courts must give deference to all agency determinations made by all foreign agencies not before the court. | Can American courts give deference to foreign governments prior to the court not entailing that American courts must give deference to all agency determinations made by all foreign agencies not before the court? |
| 4462 | Hourani v. Mirtchev, 796 F.3d 1, 13 (D.C. Cir.  2015) | 19 | When an ambassador speaks in his or her official capacity, that statement must be regarded as an authoritative representation by the foreign government itself and, as such binding and conclusive in the courts of the United States against that government under the act of state doctrine. | Accordingly, when an ambassador speaks in his or her official capacity, that statement "must be regarded * * * as an authoritative representation by the [foreign] government" itself and, "as such [is] binding and conclusive in the courts of the United States against that government." | "When an ambassador speaks in his or her official capacity, must that statement be regarded as an authoritative representation by the foreign government itself?" |
| 4463 | Lauritzen v. Larsen, 345 U.S. 571, 587 (U.S. 1953) | 14 | Generally, a state is not debarred by any rule of international law from governing conduct of its own citizens upon the high seas or even in foreign countries, when rights of other nations or their nationals are not thereby infringed. | A state 'is not debarred by any rule of international law from governing the conduct of its own citizens upon **931 the high seas or even in foreign countries when the rights of other nations or their nationals are not infringed.' | Is the United States barred by any rule of international law from governing conduct of its citizens upon the high seas? |

| | | | | | |
|---|---|---|---|---|---|
| 4467 | Allied Bank Intern. v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520 (C.A.2 (N.Y.),1985) | 1 | "Act of state" doctrine operates to confer presumptive validity on certain acts of foreign sovereigns by rendering nonjusticiable claims that challenge such acts. | The Act of State doctrine confers presumptive validity on certain acts by foreign sovereigns by rendering non-justiciable claims that challenge such acts. | Is the act of state doctrine a judicially created doctrine which operates to confer presumptive validity on certain acts of foreign sovereigns by rendering nonjusticiable claims that challenge such acts? |
| 4468 | Heine v. New York Life Ins. Co., 50 F.2d 382, 386 (9th Cir. 1931) | 4 | United States courts will not inquire into validity, wisdom, or justice of laws of foreign country, or administration of foreign agencies, in action on cause arising in foreign country. | It has also been held that the courts of the United States will not inquire into the validity, wisdom or justice of the laws of a foreign country, or the administration of foreign agencies. | "Will the United States courts inquire into validity, wisdom, or justice of laws of a foreign country, or administration of foreign agencies, in action on causes arising in foreign country?" |
| 4469 | Pravin Banker Associates, Ltd. v. Banco Popular del Peru, 895 F.Supp. 660, 664 (S.D.N.Y.,1995) | 3 | Acts of foreign governments having extraterritorial effect, and thus outside the scope of the act of state doctrine, should nevertheless be extended comity to extent they are consistent with the law and policy of the United States. | 30, 87 L.Ed.2d 706 (1985), in which the Second Circuit held that acts of foreign governments having extraterritorial effect- and consequently falling outside the scope of the act of state doctrine 4 - should nevertheless be extended comity to the extent they are consistent with the law and policy of the United States. | Should acts of foreign governments be extended comity to the extent they are consistent with the law and policy of the United States? |
| 4470 | In re Petition of Board of Directors of Hopewell Intern. Ins., Ltd., 272 B.R. 396, 412 (S.D.N.Y. 2002) | 22 | No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum; the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act. | "No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum... the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act." | A nation is not under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum? |
| 4473 | Chrysler First Business Credit Corp. v. Kawa, 914 P.2d 540, 543–44 (Colo.App.,1996) | 9 | Surety is entitled to be subrogated to benefit of all securities and means of payment under creditor's control, and so, in absence of assent, waiver, or estoppel, he is generally released by any act of creditor which deprives him of such right. | A surety is entitled to be subrogated to the benefit of all the securities *544 and means of payment under the creditor's control, and so, in the absence of assent, waiver, or estoppel, he is generally released by any act of the creditor which deprives him of such right. | Is a surety entitled to be subrogated to the benefit of all securities and means of payment under a creditor's control? |
| 4474 | Mackin v. Auberger, 59 F.Supp.3d 528, 553 (W.D.N.Y., 2014) | 33 | Under federal law, bribery requires a "quid pro quo," or a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 201. | Under federal law, bribery requires a "quid pro quo," or a "specific intent to give or receive something of value in exchange for an official act." | Should there be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act? |
| 4475 | Langenegger v. U.S., 756 F.2d 1565, 1570 (C.A.Fed.,1985) | 11 | United States may be held responsible for taking even when its action is not the final direct cause of the property loss or damage. U.S.C.A. Const.Amend. 5. | The United States may be held responsible for a taking even when its action is not the final direct cause of the property loss or damage. | Can the United States be held responsible for a taking even when its action is not the final direct cause of the property loss or damage? |

| 4476 | Westgate, Ltd. v. State, 843 S.W.2d 448, 452 (Tex. 1992) | 1 | Property owner may recover damages in inverse condemnation suit, where government appropriates property without paying adequate compensation. Vernon's Ann.Texas Const. Art. 1, S 17. | If, however, the government appropriates property without paying adequate compensation, the owner may recover the resulting damages in an "inverse condemnation" suit. | "Can the owner recover, the resulting damages in an inverse condemnation suit, if the government appropriates property without paying adequate compensation?" |
|---|---|---|---|---|---|
| 4478 | Risk v. Kingdom of Norway, 707 F.Supp. 1159, 1168 (N.D.Cal.,1989) | 9 | Purpose of the act of state doctrine is to avoid interference with political branches; where the issue presented is unlikely to affect foreign relations, there is little justification for refusing to hear the case. | The purpose of the act of state doctrine is to avoid interference with the political branches; where the issue presented is unlikely to affect foreign relations, there is little justification for refusing to hear the case. | Is the purpose of the act of state doctrine to avoid interference with political branches? |
| 4479 | Perez v. Chase Manhattan Bank, N.A., 61 N.Y.2d 460, 469 (1984) | 3 | For purposes of act of state doctrine, debt is located within foreign state when that state has power to enforce or collect it; if debtor is present in foreign state and debt is payable there, foreign sovereign then has power to enforce or collect it, and confiscation of that debt amounts to seizure of property within that sovereign's borders. | For purposes of the Act of State doctrine, a debt is located within a foreign State when that State has the power to enforce or collect it. (Weston Banking Corp. v. Turkiye Garanti Bankasi, A.S., 57 N.Y.2d 315, 324, 456 N.Y.S.2d 684, 442 N.E.2d 1195; Zeevi & Sons v. Grindlays Bank [Uganda ], 37 N.Y.2d 220, 228, 371 N.Y.S.2d 892, 333 N.E.2d 168, cert. den. 423 U.S. 866, 96 S.Ct. 126, 46 L.Ed.2d 95; Menendez v. Saks & Co., 485 F.2d 1355, 1364, supra; United Bank v. Cosmic Int., 392 F.Supp. 262, affd. 542 F.2d 868, 873 (2nd Cir.).) Since Harris v. Balk, 198 U.S. 215, 222–223,1 25 S.Ct. 625, 626, 49 L.Ed. 1023, the power to enforce or collect a debt has been dependent on the presence of the debtor. If the debtor is present in the foreign State and the debt is payable there, the foreign sovereign then has power to enforce or collect it, and a confiscation of that debt amounts to a seizure of property within that sovereign's borders. | Is a debt located within a foreign state for the purpose of the act of state doctrine if that state has the power to enforce or collect it? |
| 4480 | Interamerican Refining Corp. v. Texaco Maracaibo, Inc., 307 F.Supp. 1291, 1298–99 (D.C.Del. 1970) | 8 | The "act of state doctrine", based upon proper concepts of sovereignty and separation of powers, commands that conduct of foreign policy reside exclusively in the executive. | The act of state doctrine, based upon proper concepts of sovereignty and separation of powers, commands that conduct of foreign policy reside exclusively in the executive. | "Does the ""act of state doctrine"" command that conduct of foreign policy reside exclusively in the executive?" |
| 4481 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 1 | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | The act of state doctrine is a judicially-created rule of decision that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | Does the act of state doctrine give validity to governmental acts undertaken by a recognized sovereign within its own territory? |

| 4482 | United States v.  All Assets Held In Account No. XXXXXXXX, 83 F. Supp. 3d 360, 371 (D.D.C., 2015) | 9 | Act of state doctrine is applicable when the relief sought or the defense interposed would require an American court to declare invalid the official act of a foreign sovereign performed within its boundaries. | Hence, the act of state doctrine "is applicable when 'the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within' its boundaries. | Does the act of state doctrine bar an American court from questioning the validity of the act of a foreign sovereign when that act is done within the sovereign's territory? |
| --- | --- | --- | --- | --- | --- |
| 4485 | Jackson v. Joyner, 309 S.W.3d 910, 915 (Tenn. Ct. App. 2009) | 2 | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Rather, a motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. Id. It essentially substitutes for an evidentiary objection which may be made at trial. Id. A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. | "Is a motion in limine, essentially, a pre-trial substitute for an evidentiary objection at trial?" |
| 4486 | Kjerstad v. Ravellette Publications, Inc., 517 N.W.2d 419, 426 (S.D. 1994) | 20 | In order for violation of in limine order to serve as basis for new trial, order must be specific in its prohibitions, and violations must be clear; additionally, new trial may follow only where violation prejudiced party or denied him fair trial. | In order for a violation of an in limine motion to serve as the basis for a new trial, the order must be specific in its prohibitions, and violations must be clear. Northern Trust Bank v. Carl, 200 Ill.App.3d 773, 146 Ill.Dec. 488, 493, 558 N.E.2d 451, 456 (1990). Further, a new trial may follow only where the violation has prejudiced the party or denied him a fair trial. | "For a violation of a motion in limine to serve as the basis for a new trial, should the order be specific in its prohibitions, and violations be clear?" |
| 4487 | Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198, 200–01 (Iowa 1971) | 3 | Generally, that plaintiff may have thin case or defendant tenuous defense is not sufficient justification for prohibiting such party from trying to establish contention. | That a plaintiff may have a thin case or a defendant a tenuous defense is ordinarily insufficient justification for prohibiting such party from trying to establish the contention. | "Is the fact that a plaintiff may have a thin case or a defendant a tenuous defense, sufficient justification for prohibiting a party from trying to establish such contention?" |
| 4488 | Kjerstad v. Ravellette Publications, Inc., 517 N.W.2d 419, 426 (S.D. 1994) | 20 | In order for violation of in limine order to serve as basis for new trial, order must be specific in its prohibitions, and violations must be clear; additionally, new trial may follow only where violation prejudiced party or denied him fair trial. | In order for a violation of an in limine motion to serve as the basis for a new trial, the order must be specific in its prohibitions, and violations must be clear. Northern Trust Bank v. Carl, 200 Ill.App.3d 773, 146 Ill.Dec. 488, 493, 558 N.E.2d 451, 456 (1990). Further, a new trial may follow only where the violation has prejudiced the party or denied him a fair trial. | "Should an in limine order be specific in its prohibition and a violation of the order be clear, to serve as the basis for a mistrial and a later motion for a new trial?" |

| 4489 | Chavis v. Director, State Worker's Compensation Div., 924 S.W.2d 439, 446 (Tex.App. Beaumont,1996) | 14 | Motion in limine merely precludes reference to certain issues without first obtaining ruling on admissibility of those issues outside presence of jury and, accordingly, trial court's ruling on motion in limine preserves no error. | A motion in limine merely precludes reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. Sims v. State, 816 S.W.2d 502, 504 (Tex.App.-Houston [1st Dist.] 1991, writ denied). Accordingly, a trial court's ruling on motion in limine preserves no error. | Does a trial courts ruling on a motion in limine preserve an error? |
|------|------|------|------|------|------|
| 4492 | Eastern Savings Bank, FSB v. Cach, LLC, 124 A.3d 585, 590 (Del.Supr., 2015) | 4 | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? |
| 4493 | DiCosola v. Bowman, 794 N.E.2d 875, 879, 276 Ill.Dec. 625, 629, 342 Ill.App.3d 530, 535 (Ill.App. 1 Dist.,2003) | 4 | Trial court is vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence. | trial court is "vested with broad discretion to grant a motion in limine 'as part of its inherent power to admit or exclude evidence. | Does a trial court have broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence? |
| 4494 | Henderson v. Fields, 68 S.W.3d 455, 468 (Mo.App. 2001) | 8 | The trial court's ruling on a motion in limine is a preliminary ruling on the admissibility of evidence and is subject to change throughout the course of trial; therefore, a complaint about a trial court's limine ruling preserves nothing for appellate review. | The trial court's ruling on a motion in limine is a preliminary ruling on the admissibility of evidence and is subject to change throughout the course of trial.  "Therefore, 'a complaint about a trial court's in limine ruling preserves nothing for appellate review.' " | Does a complaint about a trial court's ruling on a motion in limine preserve the issue for appellate review? |

| 4495 | Bagford v. Ephraim City, 904 P.2d 1095, 1098–99 (Utah,1995) | 6 | Some kinds of contractual rights may be property that can be taken for public use; however, to create protectable property interest, contract must establish rights more substantial in nature than mere unilateral expectation of continued rights or benefits. | Some kinds of contractual rights may also be "property" that can be "taken" for a public use. In Long Island Water Supply Co. v. City of Brooklyn, 166 U.S. 685, 690, 17 S.Ct. 718, 720, 41 L.Ed. 1165 (1897), the Court held that "a contract is property, and like any other property, may be taken under *1099 condemnation proceedings for public use. Its condemnation is of course subject to the rule of just compensation." (Citations omitted.) And in City of Cincinnati v. Louisville & Nashville R.R., 223 U.S. 390, 400, 32 S.Ct. 267, 268, 56 L.Ed. 481 (1912), the Court reiterated that "[e]very contract, whether between the state and an individual, or between individuals only, is subject to this general law [of eminent domain]." See also Lynch v. United States, 292 U.S. 571, 579, 54 S.Ct. 840, 843, 78 L.Ed. 1434 (1934) (valid contracts are property for purposes of Takings Clause). See generally 29A C.J.S. Eminent Domain 56 (1992); 26 Am.Jur.2d Eminent Domain 81 (1966). However, to create a protectable property interest, a contract must establish rights more substantial in nature than a mere unilateral | "Should the interest must be more substantial than a mere unilateral expectation of continued rights or benefits, to be a protectable property interest?" |
| 4497 | Aberdeen Cable TV Service, Inc. v. City of Aberdeen, 85 S.D. 57, 63 (S.D. 1970) | 6 | A legislature cannot by mere fiat or regulatory order convert a private business or enterprise into a public utility, and question of whether or not a particular company or service is a public utility is a judicial one. SDCL 1967, 9-35-3. | So, a legislature cannot by mere fiat or regulatory order convert a private business or enterprise into a public utility, and the question whethr or not a particular company or service is a public utility is a judicial one'. | Can the legislature convert a private business into a public utility by a mere fiat or regulatory order? |
| 4498 | Snap-on Business Solutions Inc. v. O'Neil & Associates, Inc., 708 F.Supp.2d 669, 678 (N.D.Ohio, 2010) | 3 | To make a claim for trespass to chattels, plaintiff must show it had a possessory interest in the chattel and that defendant (1) dispossessed plaintiff of the chattel; (2) impaired the chattel's condition, quality, or value; (3) deprived plaintiff of the chattel's use for a substantial time; or (4) caused bodily harm to plaintiff or to some person or thing in which plaintiff had a legally protected interest. | To make a claim for trespass, Snap-on must show it had a possessory interest in the chattel and that O'Neil (1) dispossessed Snap-on of the chattel; (2) impaired the chattel's condition, quality, or value; (3) deprived Snap-on of the chattel's use for a substantial time; or (4) caused bodily harm to Snap-on or to some person or thing in which Snap- on had a legally protected interest. | What are the elements of a trespass to chattel claim? |

| 4499 | America Online, Inc. v. LCGM, Inc., 46 F.Supp.2d 444, 451–52 (E.D.Va., 1998) | 10 | Under Virginia law, a trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization, and one who commits a trespass to chattel is liable to the possessor of the chattel if the chattel is impaired as to its condition, quality, or value. | A trespass to chattels occurs when one party intentionally uses or intermeddles *452 with personal property in rightful possession of another without authorization. AOL v. IMS, CA 98-11-A (citing RESTATEMENT (SECOND) OF TORTS 217(b)). One who commits a trespass to chattel is liable to the possessor of the chattel if the chattel is impaired as to its "condition, quality, or value." | Can intermeddling with personal property lead to a trespass to chattels claim? |
| 4500 | Dodge Data & Analytics LLC v. iSqFt, Inc., 183 F.Supp.3d 855, 874 (S.D.Ohio, 2016 | 43 | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | (Ohio App.2015). One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | How is liability for trespass to chattel proven? |
| 4501 | Sch. of Visual Arts v. Kuprewicz, 3 Misc. 3d 278, 281 (Sup. Ct. 2003) | 2 | One who intentionally interferes with another's chattel is liable for trespass to chattels only if there results in harm to owner's materially valuable interest in the physical condition, quality, or value of the chattel, or if owner is deprived of use of the chattel for substantial time. Restatement (Second) of Torts S 218. | Thus, one who intentionally interferes with another's chattel is liable only if there results in harm to "the [owner's] materially valuable interest in the physical condition, quality, or value of the chattel, or if the [owner] is deprived of the use of the chattel for a substantial time". Restatement (Second) of Torts § 218, com. e. | How can a cause of action for trespass to chattels be proven? |
| 4502 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995, 1005 (2000), as modified (June 29, 2000), as modified (July 18, 2000) | 1 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | It is clear that a cause of action for damage to real property accrues when the defendant's act causes "immediate and permanent injury" to the property or, to put it another way, when there is "[a]ctual and appreciable harm" to the property. | Does a cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property? |
| 4504 | Edward J. Ullrich, Inc. v. State, 178 Misc. 2d 194, 196 (Ct. Cl. 1998) | 4 | Concept of de facto appropriation has traditionally been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use. | Nonetheless, the concept of de facto appropriation has traditionally been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use (City of Buffalo v. Clement Co., supra). | Has the concept of de facto appropriation been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use? |

| 4505 | Rodriguez v. Swartz, 111 F.Supp.3d 1025, 1035 (D.Ariz., 2015) | 5 | Three factors are relevant to determine the extraterritorial application of the Constitution: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right, including but not limited to the consequences for United States actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | The Supreme Court stated three factors relevant to determining the extraterritorial application of the Constitution (specifically the Suspension Clause) in Boumediene : (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. 553 U.S. at 766-71, 128 S.Ct. 2229. The relevant obstacles included, but were not limited to, the consequences for U.S. actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | What factors are relevant to determine the extraterritorial application of a Constitution? |
| 4507 | Hernandez v. U.S., 757 F.3d 249, 262 (5th Cir. 2014) | 13 | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Specifically, three "objective factors and practical concerns" are relevant to our extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Which three factors are relevant to determine the extraterritorial application of the Constitution? |
| 4508 | Environmental Tectonics v. W.S. Kirkpatrick, Inc., 847 F.2d 1052, 1058–59 (C.A.3 (N.J.),1988) | 4 | Award of military procurement contract by foreign government can become, in certain circumstances, a sufficiently formal expression of that government's public interest to trigger application of the act of state doctrine. | First, we agree with the district court's conclusion that the award of a military procurement contract can be, in certain circumstances, a sufficiently formal expression of a government's public interests to trigger application of the act of state doctrine. | "Can an award of a military procurement contract be, in certain circumstances, a sufficient formal expression of a government's public interests?" |
| 4511 | Hand v. Pettitt, 258 Ga. App. 170, 172 (2002) | 8 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine?" |

| 4512 | Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421, 429 (1950) | 6 | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person.' | Does a public utility act in private capacity when rendering a service that is not a public service? |
| 4513 | Vines v. Branch, 244 Va. 185, 190 (1992) | 6 | Where person has illegally seized personal property of another and converted it to his own use, owner may bring action in trespass, trover, detinue, or assumpsit. | Where a person has illegally seized the personal property of another and converted it to his own use, the owner may bring an action in trespass, trover, detinue, or assumpsit. | "When a person has illegally seized another's personal property and converted it to his own use, may the owner bring an action for trespass?" |
| 4515 | Great Am. Ins. Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997, 1001 (8th Cir. 1965) | 5 | Generally, cause of action is deemed to have accrued when facts exist which enable one party to maintain action against another, or at time when party owning cause of action has legal right to sue thereon. | Generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another, or at the time when the party owning the cause of action has a legal right to sue thereon. | Will a cause of action accrue on facts that enable a party to legally maintain a suit against another? |
| 4516 | Krchnak v. Fulton, 759 S.W.2d 524, 526 (Tex. App. 1988) | 4 | "Accrual of a cause of action" means right to institute and maintain suit; whenever one person may sue another a cause of action has accrued. | The accrual of a cause of action means the right to institute and maintain a suit and whenever one person may sue another a cause of action has accrued. | Does accrual of a cause of action constitute the right to institute and maintain a suit and whenever one person sue another a cause of action accrue? |
| 4519 | Adams v. City of New York, 226 F.Supp.3d 261, 267 (S.D.N.Y., 2016)fn3 | 12 | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | The offense of disorderly conduct has three elements: "(i) the defendant's conduct must be 'public' in nature, (ii) it must be done with 'intent to cause public inconvenience, annoyance or alarm' or with recklessness as to 'a risk thereof,' and (iii) it must match at least one of the descriptions set forth in the statute." | When can a person be held guilty of disorderly conduct? |
| 4520 | State ex rel. State Highway Commission v. Johns, 507 S.W.2d 75, 78 (Mo.App. 1974) | 2 | Public highways belong, from side to side, and end to end, to the public and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public. | "Public highways belong, from side to side and end to end, to the public,' and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public. | Is structure maintained upon a public roadway a nuisance subject to abatement? |

| 4521 | Alderson v. Southern Co., 321 Ill.App.3d 832, 851 (Ill.App. 1 Dist.,2001) | 16 | The purpose of requiring utility to obtain a certificate of public convenience and necessity is to prevent unnecessary duplication of facilities and to protect the public from inadequate service and higher rates resulting from such duplication, while simultaneously protecting a utility against indiscriminate or ruinous competition. S.H.A. 220 ILCS 5/8-406. | The Public Utilities Act governs generating facilities within Illinois. 220 ILCS 5/3-105 (West 1996). The purpose of requiring a certificate of public convenience and necessity is to prevent unnecessary duplication of facilities and to protect the public from inadequate service and higher rates resulting from such duplication, while simultaneously protecting a utility against indiscriminate or ruinous competition. | Why is a certificate of public convenience and necessity issued? |
|------|------|------|------|------|------|
| 4522 | Philip Electronics North America v. Wright, 348 Md. 209, 226 (1997) | 11 | Workers' Compensation Act benefits State's taxpayers in helping to prevent State from having to assume financial responsibility of caring for injured workers and their dependents. Code, Labor and Employment, S 9-101 et seq. | The Act also benefits the taxpayers of the State of Maryland in helping to prevent the State from having to assume the financial responsibility of caring for injured workers and their dependents. | Does the Act to protect workers and their families benefit state taxpayers in helping to prevent a state from having to assume the financial responsibility of caring for injured workers and their dependents? |
| 4523 | Hasam Realty Corp. v. Dade Cnty., 178 So.2d 747, 748–49 (Fla. App. 1965) | 1 | If plaintiff has no valid cause of action on facts existing at time of filing suit, defect cannot ordinarily be remedied by accrual of cause while suit is pending and this remains true though rules provide for amended or supplemental pleadings. 30 F.S.A. Rules of Civil Procedure, rule 1.15(d, e). | If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending. We do not find *749 that this rule has been changed by the Rules of Civil Procedure which provide for amended or supplemental pleadings. Rule 1.15(d) and (e), Florida Rules of Civil Procedure, 30 F.S.A. | "If plaintiff has no valid cause of action on facts existing at the time of filing suit, can a defect be remedied by accrual of cause while suit is pending?" |
| 4525 | Golden Gate Scenic S. S. Lines, Inc. v. Pub. Utilities Comm'n, 57 Cal. 2d 373, 379 (1962) | 10 | The purpose of grandfather clause is to give those engaged in business being brought under regulation the right to continue their existing business without being subjected to certification requirements that would be applicable if the business were then being started for first time. | The purpose of a grandfather clause is to give those engaged in a business being brought under regulation the right to continue their existing business without being subjected to certification requirements that would be applicable if the business were then being started for the first time. | What is the purpose of the grandfather clause concerning certification requirements of existing businesses? |

| 4526 | Merchants Parcel Delivery v. Pennsylvania Public Utility Commission, 150 Pa.Super. 120, 129 (Pa.Super. 1942) | 2 | The test in determining whether a person is a "common carrier" or a "private carrier" is whether such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. 66 P.S. S 1101 et seq., and SS 1102(5-7), 1301. | Differentiating between common and private (contract) carriers, this court held that the test is whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. Brink's Express Co. v. Public Service Commission et al., 117 Pa. Super. 268, 274, 178 A. | What is the test that lays down the differentiation between private and common carriers? |
| --- | --- | --- | --- | --- | --- |
| 4527 | Interested Underwriters at Lloyds v. Ducor's Inc., 103 A.D.2d 76, 77 (1984), aff'd, 65 N.Y.2d 647 (1985) | 1 | Absent any indication of overreaching or unconscionability, waiver of subrogation rights provision violates neither General Obligations Law nor any other public policy of New York. McKinney's General Obligations Law S 5-323. | At the outset we note that, absent any indication of overreaching or unconscionability, a waiver of subrogation rights provision "violate[s] neither section 5–323 of the General Obligations Law nor any other public policy ..." of this state. | "Absent any indication of overreaching or unconscionability, does a waiver of a subrogation rights provision violate General Obligations Law?" |
| 4528 | TX. C.C. v. Wilson/Barnes Gen. Contractors, 233 S.W.3d 562, 567 (Tex.App.-Dallas, 2007) | 8 | A "waiver of subrogation clause" is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. | A waiver of subrogation clause is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. | Is a subrogation waiver a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to insure against the same risk? |
| 4529 | Liberty Mut. Ins. Co. v Perfect Knowledge, 299 A.D.2d 524, 525–26 (N.Y.A.D. 2 Dept., Nov. 25, 2002) | 5 | Waiver of subrogation provisions exist as part and parcel of a risk allocation agreement whereby liability is shifted to the insurance carriers of the parties to the agreement, and such an agreement is necessarily premised on the procurement of insurance by the parties. | Waiver of subrogation provisions exist as part and parcel of a risk allocation agreement whereby liability is shifted to the insurance carriers of the parties to the agreement (see Viacom Intl. v. Midtown Realty Co., supra). Such an agreement is necessarily premised on the procurement of insurance by the parties. | Do waiver of subrogation provisions exist as part and parcel of a risk allocation agreement? |
| 4530 | Willman v. Beheler, 499 S.W.2d 770, 778 (Mo. 1973), abrogated by State ex rel. Leonardi v. Sherry, 137 S.W.3d 462 (Mo. 2004) | 24 | The relief granted by equity is governed by the conditions and exigencies of the case shown to exist at time of entry of the decree, and not by circumstances existing at time suit is filed. | The relief granted by equity is governed by the conditions and exigencies of the case shown to exist at the time of the entry of the decree, and not by circumstances existing at the time suit is filed. | Is the relief granted by equity governed by the conditions and exigencies of the case shown to exist at time of entry of the decree? |

| 4531 | Stonega Coke & Coal Co. v. Price, 106 F.2d 411, 419 (C.C.A.4 (W.Va.), 1939) | 10 | In equity suit, the decree should speak as of the date of the decree, not merely as of the date of institution of suit, and adjudicate the parties' rights as of that time with provision for enforcement of rights accruing in the future under the instruments sued on, if proper basis therefor is laid in the pleadings. | As this was a suit in equity, we think it proper that the decree should speak as of the date of the decree, and not merely as of the date of institution of suit, and adjudicate the rights of the parties as of that time with provision for the enforcement of rights to accrue in the future under the instruments sued on, if proper basis therefor is laid in the pleadings. | "In an equity suit, should the decree speak as of the date of the decree?" |
|---|---|---|---|---|---|
| 4532 | Wallace Grain & Supply Co. v. Cary, 374 Ill. 57, 59 (1940) | 7 | The defense of "laches" may be urged when it appears that the one against whom action is taken has suffered damage by reason of the delay caused by the other party. | This defense is one of laches and may be urged when it appears that the one against whom the action is taken has suffered damage by reason of the delay caused by the other party. | "Does the defense of ""laches"" be urged when it appears that the one against whom the action is taken has suffered damage by reason of the delay caused by the other party?" |
| 4533 | CPR (USA) Inc. v. Spray, 187 F.3d 245, 255 (C.A.2 (N.Y.),1999) | 16 | Postexpiration grievances arise under a contract, and are therefore arbitrable: (1) when the dispute involves facts and occurrences that arose before expiration; (2) when postexpiration action infringes a right that accrued or vested under the agreement; or (3) when under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. | The Litton Court explained that post-expiration grievances arise under the contract, and are therefore arbitrable: (1) when the dispute "involves facts and occurrences that arose before expiration;" (2) when post-expiration action "infringes a right that accrued or vested under the agreement;" or (3) when "under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." Id. | Is a post-expiration grievance that arises under a contract arbitrable? |
| 4534 | Wronke v. Marsh, 603 F. Supp. 407, 412 (C.D. Ill. 1985), rev'd, 787 F.2d 1569 (Fed. Cir. 1986) | 8 | If applicable regulations are interpreted by the Army in reasonable manner, any charge of procedural irregularity must fail even though petitioner may present another reasonable interpretation of the regulations; thus, where military regulation is susceptible to equally reasonable constructions, court may not substitute alternative interpretation for interpretation of the military service. | If the applicable regulations are interpreted by the Army in a reasonable manner, any charge of procedural irregularity must fail even though the petitioner may present another reasonable interpretation of the regulations. See Cunningham v. Hoffman, 420 F.Supp. 325, 328 (M.D.Tenn.1976). Thus where a military regulation is susceptible to equally reasonable constructions, a court may not substitute an alternative interpretation for the interpretation of the military service. | Do charges of procedural irregularity fail when the applicable regulations are interpreted by the armed services in a reasonable manner? |

| | | | | | |
|---|---|---|---|---|---|
| 4535 | In re Cowles' Will, 22 A.D.2d 365, 370 (1965), aff'd, 17 N.Y.2d 567 (1966) | 8 | If defendant or respondent has valid interest in having action or proceeding continue for determination of issues presented by him, he may resist proposed discontinuance as to him, and matter then rests in sound discretion of court which may protect party's interests by refusing discontinuance. CPLR S 1003; Rule 3217. | If the defendant or respondent has a valid interest in having the action or proceeding continue for a determination of issues presented by him, he may resist a proposed discontinuance as to him. Thereupon, the matter rests in the sound discretion of the court which may protect the party's interests by refusing the discontinuance. | Can the courts deny discontinuance to protect the interests of the parties? |
| 4536 | New York Mortg. Tr., Inc. v. Dasdemir, 116 A.D.3d 679, 679 (2014) | 1 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice | "Absent a showing of special circumstances, should a motion for a voluntary discontinuance be granted without prejudice?" |
| 4537 | Mossanen v. Monfared, 77 Cal. App. 4th 1402, 1409 (2000) | 1 | Plaintiff's right to voluntarily dismiss an action before commencement of trial is not absolute; statute governing dismissals recognizes exceptions to the right, and other limitations, which have evolved through the courts' construction of the term "commencement of trial," generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication. West's Ann.Cal.C.C.P. S 581. | The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication." | "Is the right to voluntarily dismiss an action or special proceeding before the commencement of trial not absolute, as the statutes recognize exceptions?" |
| 4538 | Shirk v. City of Lancaster, 313 Pa. 158, 165–66 (1933) | 8 | Where state constitutes commission with general powers of regulation over utilities, it includes all such bodies, municipal or otherwise, unless there is definite classification and exemption therefrom. | Where a **561 state constitutes a commission *166 with general powers of regulation over utilities, it includes all such bodies, municipal or otherwise, unless there is definite classification and exemption therefrom. | "Does a state include all bodies, municipal or otherwise, while constituting a commission with general power of regulation over utilities?" |
| 4539 | Metmor Financial, Inc. v. Landoll Corp., 976 S.W.2d 454, 462 (Mo.App. W.D.,1998) | 11 | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | A party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking subrogation or equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? |
| 4540 | Metmor Financial, Inc. v. Landoll Corp., 976 S.W.2d 454, 462 (Mo.App. W.D.,1998) | 11 | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | A party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? |

| 4541 | State ex rel. Core v. Green, 160 Ohio St. 175, 179-180 (1953) | 3 | The General Assembly has broad powers to provide fair and efficient system of schools by taxation and for organization, administration, and control thereof. Const. art. 6, SS 1-3. | By Sections 1, 2, and 3 of Article VI of the Ohio Constitution, the General Assembly is given broad powers to provide a thorough and efficient system of common schools by taxation and for the organization, administration, and control thereof. | "Does the General Assembly have broad powers to provide a fair and efficient system of schools by taxation and for the organization, administration, and control thereof?" |
|---|---|---|---|---|---|
| 4543 | Prime Medical Corp. v. First Medical Corp., 291 S.C. 296, 300 (Ct. App. 1987) | 1 | A plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to defendant. Rules Civ.Proc., Rule 41(a)(2); Circuit Court Rule 45(2) (Repealed). | Both the Supreme Court, applying Rule 41(a)(2) of the new rules, and this court, applying Circuit Court Rule 45(2), have recently reasserted the rule set forth in Gulledge that "a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right, unless there is a showing of legal prejudice to the Defendant." | Is a plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendant? |
| 4545 | Christenson v. Gutman, 249 A.D.2d 805, 806 (1998) | 1 | Motion for voluntary discontinuance is generally granted, absent showing of special circumstances, including prejudice or other improper consequences. McKinney's CPLR 3217(b). | Absent a showing of special circumstances, including prejudice or other improper consequences, a motion for voluntary discontinuance is generally granted (see, Tucker v. Tucker, 55 N.Y.2d 378, 383–384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; Mancinelli v. Mancinelli, 228 A.D.2d 747, 643 N.Y.S.2d 736). | "Is a motion for voluntary discontinuance generally granted, in the absence of showing of special circumstances, including prejudice or other improper consequences?" |
| 4546 | In re Machinery Builders, 47 N.Y.S.2d 735, 737 (Sup Ct, Mar. 13, 1944) | 1 | Ordinarily and in absence of crossclaim for affirmative relief a party can, with or without reason, have his action or proceeding discontinued before issues have been committed to court or jury. Civil Practice Act, SS 457, 469. | There is no question that ordinarily and in the absence of a cross claim for affirmative relief a party can, with or without reason, have his action or proceeding discontinued before the issues have been committed to the court or jury. | "Ordinarily and in absence of crossclaim for affirmative relief, can a party have his action or proceeding discontinued before issues have been committed to court or jury?" |
| 4547 | Hurrell-Harring v. State, 112 A.D.3d 1213, 1215 (2013) | 3 | Delay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance. McKinney's CPLR 3217(b). | More importantly, "[d]elay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance under CPLR 3217(b)" | "Do delay, frustration and expense in preparation of a contemplated defense constitute prejudice warranting denial of a motion for a voluntary discontinuance?" |
| 4548 | Price v. Price, 1989 OK CIV APP 50, ¶ 1 (1989) | 1 | Generally, subject to few exceptions, complainant has common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. 12 O.S.1981, S 684. | Generally, subject to few exceptions, a complainant has a common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. | "Subject to a few exceptions, does a complainant have common law and statutory right to control his cause by dismissal at his pleasure on payment of costs?" |

| 4549 | Auchan USA, Inc. v. Houston Lighting & Power Co., 961 S.W.2d 197, 201 (Tex.App.-Hous. (1 Dist.), 1996) | 9 | Fact issue of reasonableness of public utility tariff can be raised by proof that damages caused may be large as compared to minute recovery allowed by tariff, and that utility may allow problem to persist for long time even though it can solve it quickly. Vernon's Ann.Texas Civ.St. art. 1446c-0, S 1.002. | A fact issue of reasonableness of a tariff can be raised by proof that 1) damages caused may be large as compared to the minute recovery allowed by the tariff, and 2) the company may allow the problem to persist for a long time even though it can solve it quickly. | How can a fact issue of reasonableness of a tariff be raised? |
| --- | --- | --- | --- | --- | --- |
| 4550 | Polgar v. Focacci, 2 Misc. 3d 836, 839 (Sup. Ct. 2003) | 2 | Ordinarily, plaintiff has right to discontinue pending action at any time, unless substantial rights have accrued or adversary's rights would be prejudice thereby. McKinney's CPLR 3217(b). | Ordinarily a plaintiff has the right to discontinue a pending action at any time, unless substantial rights have accrued or the adversary's rights would be prejudice thereby. | Does a plaintiff have a right to discontinue a pending action without prejudice at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? |
| 4554 | Adams Outdoor Advertising, Ltd. v. Borough of Stroudsburg, 667 A.2d 21, 24 (Pa.Cmwlth.,1995) | 2 | Even though imposition of or exemption from tax may advance other governmental concerns, such as manufacturing exemption from state taxation which serves to encourage manufacturing within state, primary purpose of taxes is always to raise money for taxing authority. | Even though the imposition of or exemption from a tax may advance other governmental concerns, e.g., the manufacturing exemption from state taxation serves to encourage manufacturing within Pennsylvania, the primary purpose of taxes is always to raise money for the taxing authority. | Is raising money for the taxing authority the primary purpose of taxes? |
| 4555 | United States v. Fattah, 223 F. Supp. 3d 336, 355 (E.D.Pa., 2016) | 10 | Under the bribery statute, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act; a promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. 18 U.S.C.A. S 201. | Under the bribery statute, 18 U.S.C. 201, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act. A promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. | Is a promise to perform an official act sufficient to constitute a bribery offense if done in exchange for a thing of value? |
| 4556 | State v. Herrin, 6 Ohio App. 3d 68, 70 (1982) | 5 | Burglary requires only that person by force, stealth, or deception trespass in occupied structure with purpose to commit therein theft offense or any felony, and does not require that felony offense actually be committed; if in fact felony is committed, that gives life to new and separately chargeable offense. | As mentioned in the second assignment of error, burglary requires only that a person by force, stealth or deception, trespass in an occupied structure with a purpose to commit therein a theft offense, or any felony. It does not require that the felony offense actually be committed. If in fact the felony is committed, that gives life to a new and separately chargeable offense. | "Does burglary require stealth, force or deception?" |

| 4557 | Ilagan v. McAbee, 634 N.E.2d 827, 829 (Ind. App. 1994) | 3 | "Retraxit" is open and voluntary renunciation by plaintiff of suit in court, made when trial is called on, by which plaintiff forever loses action, or is barred from commencing another action in same cause; retraxit operates as dismissal of cause with prejudice. | A retraxit is an open and voluntary renunciation by a plaintiff of his suit in court, made when the trial is called on, by which he forever loses his action, or is barred from commencing another action for the same cause. A retraxit operates as a dismissal of the cause with prejudice. | "Is ""retraxit"" an open and voluntary renunciation by a plaintiff of a cause by a suit in court, made when trial is called on?" |
| 4559 | Bowie v. Montfort Jones Memorial Hosp., 861 So.2d 1037, 1042 (Miss., 2003) | 7 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | "Do trial judges have a right to expect compliance with their pretrial orders, and when parties or attorneys or both fail to adhere to the provisions of these orders?" |
| 4560 | Nantahala Power & Light Co. v. Whiting Mfg. Co., 209 N.C. 560, 184 S.E. 48, 49 (N.C. 1936) | 5 | At common law, a voluntary nonsuit was an abandonment of the cause by plaintiff, who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. | At common law, a voluntary nonsuit was an abandonment of the cause by a plaintiff, who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. | "Is a ""voluntary nonsuit"" an abandonment of a cause by a plaintiff and allows a judgment for costs to be entered against him?" |
| 4562 | McCain Foods USA, Inc. v. Cent. Processors, Inc., 275 Kan. 1, 18-19 (2002) | 15 | The pretrial order controls the course of the action unless modified to prevent manifest injustice; an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. Rules Civ.Proc., K.S.A. 60-216(e). | The pretrial order under K.S.A.2001 Supp. 60–216(e) controls the course of the action unless modified to prevent manifest injustice. An issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. | Should the trial court entertain an issue or claim for relief that is not contained in the pretrial order? |
| 4564 | Sullwold v. Barcus, 17 Kan. App. 2d 410, 417 (1992) | 7 | Unless modified to prevent manifest injustice, pretrial order controls course of action, and issue or claim for relief that is not contained in pretrial order should not be entertained by trial court. Rules Civ.Proc., K.S.A. 60-216. | Unless modified to prevent manifest injustice, the pretrial order under K.S.A.1991 Supp. 60-216 controls the course of the action, and an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. | Should an issue or claim for relief that is not contained in pretrial order be entertained by the trial court? |
| 4568 | Storedahl Properties, LLC v. Clark Cnty., 143 Wash. App. 489, 496 (2008) | 4 | Charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. West's RCWA Const. Art. 7, S 1. | In contrast, charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. | Are charges imposed for purposes other than raising money to fund the public treasury subject to constitutional taxation constraints? |
| 4569 | Amalgamated Transit Union Loc. 587 v. State, 142 Wash. 2d 183, 219 (2000), as amended (Nov. 27, 2000), opinion corrected, 27 P.3d 608 (Wash. 2001) | 60 | "Tax" has as its common meaning a pecuniary charge imposed by legislative or other public authority upon persons or property for public purposes, or a forced contribution of wealth to meet the public needs of a government. | As a noun, the term tax has as its common meaning a pecuniary charge imposed by legislative or other public authority upon persons or property for public purposes : a forced contribution of wealth to meet the public needs of a government. | Is tax a forced contribution of wealth to meet the public needs of a government? |

| 4570 | Heatherly v. State, 189 N.C. App. 213, 221 (2008) | 5 | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | "A TAX [I]S 'A CHARGE' LEvied and collected as a contribution to the maintenance of the general government … [It is] imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue." | "Is ""tax"" a charge levied and collected as a contribution to the maintenance of the general government?" |
| 4571 | Hanson v. Griffiths, 204 Misc. 736, 738 (Sup. Ct. 1953), aff'd, 283 A.D. 662 (App. Div. 1954) | 2 | Generally speaking "taxes" are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, whereas charges are sustainable as "fees" where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | Generally speaking, taxes are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, while, on the other hand, charges are sustainable as fees where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | Are taxes a burden of a pecuniary nature? |
| 4572 | Willingham v. United States, 35 Fed. Cl. 633, 646, aff'd, 104 F.3d 374 (Fed. Cir. 1996) | 13 | When meaning of military regulations and instructions are at issue, armed service's own interpretation must be given controlling weight and deference, especially when regulation has been consistently interpreted over long period of time. | Moreover, when the meaning of military regulations and instructions are at issue, the armed service's own interpretation must be given controlling weight and deference, especially when it has been consistently interpreted over a long period of time. | "When the interpretation of military regulations and instructions are at issue, should the military's own interpretation be given controlling weight and deference?" |
| 4573 | Touloumis v. Chalem, 156 A.D.2d 230, 232–33 (1989) | 6 | Party seeking to avoid release on grounds of fraud must allege every material element of fraud with specific and detailed evidence in record sufficient to establish prima facie case. | In order to avoid a release on the grounds of fraud, a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case. (Matter of O'Hara, 85 A.D.2d 669, 445 N.Y.S.2d 201). | What must a party seeking to avoid release on grounds of fraud allege? |
| 4574 | Callas v. Eisenberg, 192 A.D.2d 349, 350, 595 N.Y.S.2d 775, 776 (1993) | 1 | In order to maintain cause of action for fraud, plaintiff must allege representation of material existing fact, falsity, scienter, justifiable reliance, and damages. | In order to maintain a cause of action for fraud, a plaintiff must allege a representation of a material existing fact, falsity, scienter, justifiable reliance and damages | "Must a plaintiff allege a representation of a material existing fact, to plead a cause of action for fraud?" |
| 4578 | Whisman v. Fawcett, 470 N.E.2d 73, 76 (Ind. 1984) | 1 | When pretrial order specifies issues of case, parties will not be permitted to go into other issues, unless pretrial order is amended, since express purpose of trial rule is to provide for a pretrial conference in which to simplify the issues raised by the pleadings and to define these issues within a pretrial order. Trial Procedure Rule 16(J). | "When a pre-trial order specifies the issues of the case, the parties will not be permitted to go into other issues, unless the pre-trial order is amended," since "[t]he express purpose of Trial Rule 16 is to provide for a pre-trial conference in which to simplify the issues raised by the pleadings and to define these issues within a pre-trial order." | Will parties be permitted to go into other issues when pretrial order specifies issues of the case? |

| 4580 | Wooten v. Hinton, 202 P.3d 1148, 1153 (Alaska 2009) | 9 | Voluntary dismissal with prejudice carries a heavy price for a plaintiff; unless the court has made some other provision, a dismissal with prejudice is subject to the rules of res judicata, and one who acquiesces to a dismissal with prejudice waives the right to an appeal. Rules Civ.Proc., Rule 41(a)(2). | Voluntary dismissal with prejudice carries a heavy price for a plaintiff: unless the court has made some other provision, a dismissal with prejudice is subject to the rules of res judicata, and one who acquiesces to a dismissal with prejudice waives the right to an appeal. | Does a voluntary dismissal with prejudice carry a heavy price for a plaintiff? |
|---|---|---|---|---|---|
| 4581 | Livernois v. Brandt, 225 Cal. App. 2d 301, 305, 37 Cal. Rptr. 279, 282 (Ct. App. 1964) | 2 | The pretrial order supersedes issues raised by pleadings and controls subsequent course of case as long as it remains unmodified. Cal.Rules of Court, rule 216. | In People ex rel. Dept. Public Works v. Valley Drive-in Theater Corp., 206 Cal.App.2d 309, 23 Cal.Rptr. 626, this court held that the pretrial order supersedes the issues raised by the pleadings and controls the subsequent course of the case as long as it remains unmodified. | Does the pretrial order supersede issues raised by pleadings and controls subsequent course of case as long as it remains unmodified? |
| 4582 | Samland v. J. White Transp. Co., Inc., 675 S.W.2d 92, 96 (Mo.App. W.D., 1984) | 3 | Once a plaintiff voluntarily dismisses his action, nothing remains before court upon which it can act; even an order reinstating the case on trial docket at plaintiff's request is a nullity because legal situation is as though the suit had never been brought. V.A.M.R. 67.01. | Once a plaintiff voluntarily dismisses his action, nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. Emigh Engineering Co., Inc. v. Rickhoff, 605 S.W.2d 173, 174 (Mo.App.1980). The legal situation is as though the suit had never been brought. | "Once a plaintiff files a voluntary dismissal of his or her petition, is even an order reinstating the case on the trial docket at the plaintiff's request a nullity?" |
| 4583 | Milton Meyer & Co. v. Curro, 239 Cal. App. 2d 480, 484, 48 Cal. Rptr. 812, 814–15 (Ct. App. 1966) | 5 | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. | It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. | "When filed, does a pretrial conference order supersede issues raised by pleadings and controls subsequent course of a case?" |
| 4585 | In re Carolina Tobacco Co., 360 B.R. 702, 721 (D.Or. 2007) | 22 | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | A tax is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. | "Is tax imposed by, or under authority of the legislature?" |
| 4586 | In re Carolina Tobacco Co., 360 B.R. 702, 721 (D.Or. 2007) | 22 | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | A tax is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. | Is tax under the police or taxing power of state? |

| 4587 | Mayor and City Council of Baltimore v. Williams, 61 F.2d 374, 376 (C.A.4 1932) | 2 | "Tax" is enforced contribution of money or other property, assessed in accordance with reasonable rule of apportionment by sovereign state's authority on persons or property within its jurisdiction, to defray expenses. | A tax is an enforced contribution of money or other property, assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state on persons or property within its jurisdiction for the purpose of defraying the public expenses. 7. Taxes. | Is tax assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state? |
|---|---|---|---|---|---|
| 4588 | Beattie v. East China Charter Tp., 403 N.W.2d 490, 492–93, 157 Mich.App. 27, 33 (Mich.App.,1987)fn2 | 1 | Taxes levied or exemptions created under state's police powers do not fall within realm of property tax laws, and are thus not within jurisdiction of Tax Tribunal. M.C.L.A. S 205.731. | Taxes levied (or exemptions created) 2 , under the state's police powers do not fall within the realm of property tax **493 laws and are thus not within the jurisdiction of the Tax Tribunal: | Do taxes levied or exemptions created under state's police powers fall within the realm of property tax laws? |
| 4589 | City of Philadelphia v. Pennsylvania Public Utility Com'n, 676 A.2d 1298, 1307 (Pa.Cmwlth.,1996) | 14 | Classic "tax" is imposed by legislature upon many or all citizens, raises money, contributed to general fund, and spent for benefit of entire community. | The classic tax is "imposed by a legislature upon many, or all citizens ... raises money, contributed to a general fund, and spent for the benefit of the entire community". | Is the classic tax imposed by a legislature upon many or all citizens and spent for the benefit of the entire community? |
| 4590 | United States v. McDonough, 727 F.3d 143, 152 (C.A.1 (Mass.), 2013) | 4 | To support a conviction of bribery of a public official, because the illegal conduct is taking or agreeing to take money for a promise to act in a certain way, the government must prove that an agreement for a quid pro quo existed; that is, the receipt of something of value "in exchange for" an official act. 18 U.S.C.A. S 201. | In addition, because "[t]he illegal conduct is taking or agreeing to take money for a promise to act in a certain way," United States v. Brewster, 408 U.S. 501, 526, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), the government must prove that an agreement for a quid pro quo existed; that is, the receipt of something of value "in exchange for" an official act. | "Does a ""quid pro quo"" agreement need to be tied to a specific act?" |
| 4591 | United States v. Redzic, 627 F.3d 683, 691-692 (C.A.8, 2010) | 10 | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. | "To prove a case of illegal bribe, should the payment be made with the intent to influence a general course of conduct?" |
| 4593 | Tait v. Nash, 27 Mich. App. 446, 448 (1970) | 1 | Purpose of pretrial conference is to narrow factual and legal issues for trial, and it is for this reason that pretrial statement must be given the effect specified in the rule, that is to control the subsequent course of the action. GCR 1963, 301.3. | It has long been an accepted purpose of the pretrial conference to narrow the factual and legal issues for trial. It is for this reason that the pretrial statement must be given the effect specified in **593 the rule, that is to control the subsequent course of the action. GCR 1963, 301.3. | Is the purpose of pretrial conference to narrow factual and legal issues for trial? |

| 4594 | Mordecai v. Cain, 790 S.E.2d 539, 544 (Ga.App., 2016) | 6 | When a party requests that qualification of prospective jurors be done during voir dire and in open court, the trial court's discretion when and where to qualify them is, in fact, limited; that is, although so-called "prequalification" may be permitted, a party who asks that qualification of prospective jurors be done during voir dire and in open court is entitled to that procedure, regardless whether prospective jurors are prequalified by a court employee before they are sent to the courtroom. | Accordingly, we conclude that existing precedent establishes that, when a party requests that qualification of prospective jurors be done during voir dire and in open court, the trial court's discretion when and where to qualify them is, in fact, limited. That is, although so-called "prequalification" 7  may be permitted, a party who asks that qualification of prospective jurors be done during voir dire and in open court is entitled to that procedure, regardless whether prospective jurors are prequalified by a court employee before they are sent to the courtroom. | What is a party filing a proposed pretrial order required to do? |
| 4596 | Universal Underwriters Ins. Co. v. Superior Ct. for Los Angeles Cnty., 250 Cal. App. 2d 722, 728, 58 Cal. Rptr. 870, 874 (Ct. App. 1967) | 8 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues to be litigated, and to determine how trial may proceed most expeditiously; and another purpose is to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal. Rules of Court, rules 210, 216; West's Ann.Code Civ.Proc. SS 473, 2030. | The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case.' | Is the purpose of pretrial conference and subsequent pretrial order of the court to simplify the issues after parties have completed discovery |
| 4598 | Anderson v. Section 11, Inc., 626 P.2d 1027, 1029, 28 Wash.App. 814, 817 (Wash.App., 1981) | 2 | If a new issue is introduced after parties have entered into pretrial order, court may consider issue and modify order to prevent manifest injustice. | If a new issue is introduced after the parties have entered into a pretrial order, the court may consider the issue and modify the order to prevent manifest injustice. | Will a court consider issue and modify order to prevent manifest injustice if a new issue is introduced after parties have entered into pretrial order? |
| 4599 | Harris v. Billings, 16 Cal. App. 4th 1396, 1402, 20 Cal. Rptr. 2d 718, 721 (1993) | 4 | Plaintiff may not obtain dismissal without prejudice following adverse arbitration award and filing of request for trial de novo. | A plaintiff may not obtain a dismissal without prejudice following an adverse arbitration award and the filing of a request for trial de novo. | Can a plaintiff obtain a dismissal without prejudice following an adverse arbitration award and filing of a request for a trial de novo? |
| 4601 | Starling v. Union Pac. R. Co., 22 S.W.3d 213, 215 (Mo.App., 1977) | 1 | Under court rule that allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial, even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. V.A.M.R. 67.02(a). | Rule 67.02(a) allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial. Even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. | Will a rule allow a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial? |

| | | | | | |
|---|---|---|---|---|---|
| 4602 | Pennymac Corp. v. Labeau, 180 So. 3d 1216, 1219 (Fla. Dist. Ct. App. 2015) | 2 | Liberal standard for relief from a technical admission arising out of the failure to respond to a request for admissions within 30 days of the request reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default. West's F.S.A. RCP Rule 1.370. | Florida Rule of Civil Procedure 1.370 governs Requests for Admission. It provides, in pertinent part: [...] The liberal standard for relief under this rule reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default. | Should the liberal standard for relief from a technical admission be decided upon their merits rather than technical rules of default? |
| 4605 | Wilcox v. Orellano, 443 Md. 177, 183, 115 A.3d 621, 624 (2015) | 4 | Even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, the statute of limitations-if it has expired in the meantime-may do so. Md.Rule 2-506. | Thus, even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, the statute of limitations—if it has expired in the meantime—may do so. | "Even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, may the statute of limitations-if it has expired in the meantime do so?" |
| 4606 | Dyson v. Adrenaline Dreams Adventures, 757 N.E.2d 401, 403, 143 Ohio App.3d 69, 72 (Ohio App. 8 Dist.,2001) | 4 | While a plaintiff's voluntary dismissal generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action. Rules Civ.Proc., Rule 41(A)(1). | While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action. | "While a plaintiff's voluntary dismissal generally divests a court of jurisdiction, may a court consider collateral issues not related to the merits of the action?" |
| 4607 | Application for Water Rights of Hines Highlands Ltd. Partnership, 929 P.2d 718, 728 (Colo.,1996 | 13 | Plaintiff has right afforded by rule to dismiss claim without prejudice, provided that court can ensure defendant will not be unfairly prejudiced. Rules Civ.Proc., Rule 41(a)(2). | That rule gives the plaintiff the right to dismiss a claim without prejudice, provided the court can ensure the defendant will not be unfairly prejudiced. | "Does a plaintiff have a right afforded by rule to dismiss the claim without prejudice, provided that court can ensure the defendant will not be unfairly prejudiced?" |
| 4608 | Alley v. U.S., 6 Cl.Ct. 99, 101 (Cl.Ct.,1984) | 2 | Fact that military employment relationship is generally referred to as a statutory relationship does not mean that it is inappropriate to examine agreements entered into within framework of that relationship in light of traditional contract principles. | The fact that the military employment relationship is generally referred to as a statutory relationship does not mean that it is inappropriate to examine agreements entered into within the framework of that relationship in light of traditional contract principles. | Is it inappropriate to examine military employment agreements in light of traditional contract principles? |
| 4609 | Roberts v. City of Baton Rouge, 236 La. 521, 535–36 (LA 1958) | 2 | The terms "excise tax", "license tax" and "privilege tax" are synonymous and are used interchangeably to extent that they are all "indirect taxes" which are imposed upon the acts of persons, whereas a "direct tax" is one which is imposed upon persons themselves or upon property owned by them. | From the foregoing it is manifest that the terms 'excise tax', 'license tax' and 'privilege tax' are synonymous and are used interchangeably to the extent that they are all 'indirect taxes' which are imposed upon the acts of persons, whereas a 'direct tax' is one which is imposed upon the persons themselves or upon the property owned by them. | "Are the terms ""excise tax"", ""license tax"" and ""privilege tax"" synonymous and used interchangeably?" |
| 4610 | United States v. Jennings, 160 F.3d 1006, 1014 (C.A.4 (Md.), 1998) | 24 | When instructing the jury on bribery of a public official, a trial court must explain that a payment is made with corrupt intent only if it was made or promised with the intent to corrupt the particular official. 18 U.S.C.A. S 201(b)(1)(A). | When instructing the jury on  201(b), a trial court must explain that a payment is made with "corrupt intent" only if it was made or promised with the intent to corrupt the particular official. | "When instructing the jury on bribery of a public official, is a trial court required to explain that a payment is made with corrupt intent only if it was made with the intent to corrupt the particular official?" |

| 4612 | United States v. Harvey, 532 F.3d 326, 335 (C.A.4 (Va.), 2008) | 8 | Not every gift, favor or contribution to a government or political official constitutes bribery; bribery occurs only if the gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A), (b)(2)(A). | Not every gift, favor or contribution to a government or political official constitutes bribery. It is universally recognized that bribery occurs only if the gift is coupled with a particular criminal intent." U.S. | "Is every gift, favor, or contribution to a government or political official bribery?" |
|------|------|------|------|------|------|
| 4613 | State v. Rush, 18 Kan. App. 2d 694, 697 (1993) | 1 | Criminal trespass is not lesser included crime of aggravated burglary because criminal trespass contains additional element of intruder's actual or constructive notice that intruder has no authority to enter or remain within structure. K.S.A. 21-3721. | 610, 614-15, 556 P.2d 184 (1976), the Supreme Court concluded criminal trespass, under K.S.A. 21-3721 (Weeks), was not a lesser included crime of aggravated burglary because criminal trespass contains the additional element of the intruder's actual or constructive notice that the intruder has no authority to enter or remain within the structure. | Is criminal trespass lesser included offense than aggravated burglary? |
| 4614 | Gold v. Portland Lumber Corp., 16 A.2d 111, 112 (Me. 1940) | 3 | The approach to an intersection must always be attended with use of reasonable watchfulness and caution so as to have approaching vehicle under control, and, where a collision is indicated, the motorist who can do so by exercise of ordinary care should avoid doing injury although it necessitates yielding the right of way. Rev.St.1930, c. 29, S 7. | Always the approach to an intersection must be attended with the use of reasonable watchfulness and caution so as to have such approaching vehicle under control and, where a collision is indicated, the driver who can do so by the exercise of ordinary care should avoid doing injury although it necessitates yielding his right of way. | What elements must be attended to or considered before approaching an intersection? |
| 4615 | Miller Bros. Co. v. State of Md., 347 U.S. 340, 345 (U.S. 1954) | 15 | Certain activities or transactions carried on within a state, such as the use and sale of property, may give jurisdiction to tax whomsoever engages therein, and the use of highways may justify certain types of taxation. | Certain activities or transactions carried on within a state, such as the use 14 and sale 15 of property may give jurisdiction to tax whomsoever engages therein, and the use of highways may subject the use to certain types of taxation. | Which activities or transactions carried on within a state can give jurisdiction to impose tax? |
| 4616 | State ex rel. Harvey v. Wells, 955 S.W.2d 546, 547 (Mo., 1997) | 1 | Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. V.A.M.R. 55.08. | Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. | "Does fact pleading identify, narrow, and define the issues so that the trial court and the parties know what issues are to be tried?" |
| 4617 | Polansky v. Berenji, 393 S.W.3d 362, 367 (Tex.App.-Austin, 2012) | 4 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. | "Although the nonsuit immediately renders the merits of the case moot, should the trial court immediately dismiss the suit when notice of nonsuit is filed?" |
| 4619 | Lake v. Sterling, 220 Cal. App. 2d 35, 37, 33 Cal. Rptr. 584, 586 (Ct. App. 1963) | 3 | Willful dismissal terminates action for all time and affords appellate court no jurisdiction to review rulings on demurrers or motions made prior to dismissal. | A willful dismissal terminates the action for all time and affords the appellate court no jurisdiction to review rulings on demurrers or motions made prior to the dismissal.' | Does a wilful dismissal terminate the action for all time and affords the appellate court no jurisdiction to review motions made prior to the dismissal? |

| | | | | |
|---|---|---|---|---|
| 4620 | MacDonald v. Cottle, 133 Or.App. 35, 39 (Or.App.,1995) | 2 | Rule which provides that, when trial court allows amendment of admission, original matter is no longer conclusively established and proponent of disputed fact continues to have burden of establishing its existence does not prohibit initial response from being admitted into evidence. Rules Civ.Proc., Rule 45, subd. D. | The rule provides that, when a trial court allows an amendment under ORCP 45 D, the original matter admitted is no longer conclusively established, the proponent of the disputed fact continues to have the burden of establishing its existence. The rule does not prohibit the initial response from being admitted into evidence. | "When a trial court allows an amendment, does the original matter admitted is conclusively established?" |
| 4623 | Crowley v. Coles, 760 S.W.2d 347, 349 (Tex.App.-Hous. (1 Dist.), 1988) | 3 | Any matter deemed admitted is conclusively established as to party making such admission, unless on motion it is withdrawn or amended with permission of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | Any matter deemed admitted under rule 169 is conclusively established as to the party making such admission, unless on motion it is withdrawn or amended with permission of the court. | "When admissions are deemed, are matters conclusively established against admitting party unless court on motion permits withdrawal or amendment of admissions?" |
| 4624 | Dover Corp. v. Perez, 587 S.W.2d 761, 766 (Tex.Civ.App., 1979) | 7 | Ruling on motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion. Rules of Civil Procedure, rule 253. | Rule 253, T.R.C.P., places the ruling on a motion for continuance based on the absence of counsel within the discretion of the trial court, and the ruling of the motion will be reversed only upon a showing of abuse of the court's discretion. | "Is a ruling on a motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion?" |
| 4625 | The Anaconda v. Am. Sugar Ref. Co., 322 U.S. 42, 45 (1944) | 3 | Section 8 of the Arbitration Act contemplates that one who has agreed to arbitrate may, nevertheless, prosecute his cause of action in admiralty, and protects his opponent's right to arbitration by court order. United States Arbitration Act, S 8, 9 U.S.C.A. S 8. | Here again the Act plainly contemplates that one who has agreed to arbitrate may, nevertheless, prosecute his cause of action in admiralty, and protects his opponent's right to arbitration by court order. | Can a party who has agreed to arbitrate prosecute his cause of action in admiralty and protect his opponents right to arbitration by court order? |
| 4629 | Austin v. Bearden, 566 So. 2d 1003, 1006 (La. Ct. App.), writ denied, 568 So. 2d 1086 (La. 1990) | 2 | While a litigant is not guaranteed representation by counsel in a civil case, our system of justice does not permit unrepresented litigants to be unfairly dealt with, and courts are alert and diligent to see that litigants are not left in the lurch by attorneys who have agreed to represent them. | This is a civil case, and a litigant is not guaranteed representation by counsel in a civil case. However, the courts are alert and diligent to see that litigants are not left in the lurch by attorneys who have agreed to represent them. Our system of justice does not permit unrepresented litigants to be unfairly dealt with. | Is a litigant guaranteed representation by counsel in a civil case? |
| 4631 | J.M. Parker & Sons, Inc. v. William Barber, Inc., 208 N.C.App. 682, 688 (N.C.App., 2010) | 5 | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted under Rule 36 of the North Carolina Rules of Civil Procedure. | "Where one party fails to timely respond to another's request for admissions, are the facts in question deemed to be judicially admitted?" |

| 4632 | Dobbelaere v. Cosco, Inc., 697 N.E.2d 1016, 1024, 120 Ohio App.3d 232, 244 (Ohio App. 3 Dist.,1997) | 10 | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission, and also satisfies written answer requirement of summary judgment rule. Rules Civ.Proc., Rules 36, 56(C). | "[W]here a party files a written request for admission[,] a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56(C) in the case of a summary judgment." Id. | "Where a party files a written request for admission, does a failure of the opposing party to timely answer the request constitutes a conclusive admission?" |
| 4633 | Bryant v. Robledo, 938 So.2d 413, 420 (Ala.Civ.App., 2005) | 7 | A matter in a request for admissions is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. Rules Civ.Proc., Rule 36(b). | Pursuant to Rule 36(b), Ala. R. Civ. P., a matter is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. | When is a matter in a request for admissions deemed admitted? |
| 4634 | Calkins v. Smith, 78 P.2d 74, 76 (Mont. 1938) | 5 | Taxes are levied against a person, and his property serves as a basis for computing measure of liability and as security for discharge of lien, but obligation created by levy is not a continuing personal obligation. Rev.Codes 1935, SS 2152, 2154. | It, therefore, becomes obvious that, while this court has repeatedly declared that taxes are levied against a person with his property serving as a basis for computing the measure of liability and as security for the discharge of the lien, Christofferson v. Chouteau County, 105 Mont. 577, 74 P.2d 427, the obligation created by the levy of taxes is not a continuing personal obligation. | Do taxes levied against property serve only as a basis for computing each person's measure of liability and as security for the discharge of the lien which the tax imposes? |
| 4635 | United States v. Anderson, 509 F.2d 312, 332 (D.C. Cir. 1974) | 30 | Donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so. 18 U.S.C.A. S 201(a, b). | Thus the donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so. | "If the recipient of a bribe has no intention of altering his official activities, or even lacked the power to do so, will the donor be convicted of giving a bribe?" |
| 4636 | United States v. Evans, 344 F.3d 1131, 1135 (C.A.11 (Fla.), 2003) | 4 | To determine whether any particular individual is public official, within meaning of gratuity statute, proper inquiry is whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. S 201(a)(1). | To determine whether any particular individual [is a public official], the proper inquiry is … whether the person occupies a position of public trust with official federal responsibilities." | "What is the proper inquiry to determine, within the meaning of the gratuity statute, whether a person occupies the position of a ""public official""?" |
| 4637 | Bates v. Richland Sales Corp., 803 N.E.2d 977, 984, 281 Ill.Dec. 356, 363, 346 Ill.App.3d 223, 230–31 (Ill.App. 4 Dist.,2004) | 7 | For purposes of legal sufficiency of complaint depending on well-pleaded facts rather than conclusions, allegations of defendant's knowledge, especially defendant's knowledge of someone else's future conduct, are conclusory absent facts that might reasonably lead one to attribute such knowledge to defendant. | The legal sufficiency of a complaint depends on well-pleaded facts rather than *231 conclusions (McMahon v. City of Chicago, 339 Ill.App.3d 41, 45, 273 Ill.Dec. 447, 789 N.E.2d 347, 349 (2003)), and allegations of a defendant's knowledge, especially the defendant's knowledge of someone else's future conduct, are conclusory absent facts that might reasonably lead one to attribute such knowledge to the defendant | Is the allegation of a defendant's knowledge a conclusion? |

| 4639 | City of Muncie v. Peters, 709 N.E.2d 50, 55 (Ind.App.,1999) | 2 | Failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. Trial Procedure Rule 36 | Moreover, 'the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law.' | Does failure to respond in a timely manner to a request for admissions cause those matters to be conclusively established by operation of law? |
|---|---|---|---|---|---|
| 4640 | Ronollo v. Ronollo, 643 S.W.2d 646, 647 (Mo. Ct. App. 1982) | 1 | An abuse of discretion with respect to denial of a continuance does not exist in absence of compliance with rule setting forth information which is to be contained in an application for continuance. V.A.M.R. 65.04. | Rule 65.04 sets forth the information which is to be contained in an application for continuance. An abuse of discretion does not exist in the absence of compliance with that rule. | Does an abuse of discretion with respect to a denial of a continuance exist in the absence of compliance with a rule setting forth information which is to be contained in an application for continuance? |
| 4641 | Matter of Tax Appeal of Trade Wind Tours of Hawaii, Inc., 6 Haw. App. 260, 260 (Hawaii App. 1986) | 6 | Standard for determining whether party should be allowed to withdraw admissions by permitting later filing of answers to request for admissions, as set forth under Rules of Civil Procedure, is whether presentation of merits of action will be subserved, and whether party who obtained admission will be prejudice in maintaining action or defense on merits. Rules Civ.Proc., Rule 36(b). | The standard in determining whether a party should be allowed to withdraw admissions by permitting the late filing of answers is as set forth in Rule 36(b), HRCP: (1) whether presentation of merits of the action will be subserved; and (2) whether the party who obtained the admission will be prejudiced in maintaining his action or defense on the merits. | What is the applicable standard in determining whether a party should be allowed to withdraw admissions under Rule 36(b)? |
| 4642 | Libertarian Party of Ohio v. Husted, 302 F.R.D. 472, 476 (S.D.Ohio, 2014) | 5 | Once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the party requesting a second deposition of the same witness to explain what else might be asked that has not already been covered adequately in the first proceeding. Fed.Rules Civ.Proc.Rule 30, 28 U.S.C.A. | It also explains the restriction on a second deposition of the same witness; once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the requesting party to explain what else might be asked that has not already been covered adequately in the first proceeding. | Can a deposition of a witness be taken second time for purpose of explaining evidence before given or for purpose of obtaining testimony concerning additional facts? |
| 4643 | Ayr-Way Stores, Inc. v. Chitwood, 300 N.E.2d 335, 338, 261 Ind. 86, 91 (Ind. 1973) | 4 | Party moving for continuance on basis of amendment of pleadings must show that allowing the amendment would prejudice his rights in maintaining his action or defense. | But in such a case, the party moving for a continuance must show that allowing the amendment would prejudice his rights in maintaining his action or defense. | Should a party moving for continuance on the basis of amendment of pleadings show that allowing the amendment would prejudice his rights in maintaining his action or defense? |
| 4644 | Hook v. Springfield, 141 Ohio App. 3d 260, 266 (2001) | 4 | The rights of injured employees and the dependents of killed employees to recover from or participate in the workers' compensation fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory. | " '[T]he rights of injured employees and the dependents of killed employees to recover from or participate in the [workers' compensation] fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory[.]' " | "In the workers compensation context, is the right of injured employees to recover from or participate in the state insurance fund constitutional rights, inherent rights, common law rights, or statutory rights?" |

| | | | | | |
|---|---|---|---|---|---|
| 4645 | Com. v. Cost, 238 Pa. Super. 591, 601, 362 A.2d 1027, 1032 (1976) | 4 | Purpose of inclusion of "open to the public" clause in burglary statute was to prevent prosecution and conviction of burglary for events taking place in public places, to change substantive law of burglary and to bring law of burglary closer to its common-law ancestor which sought to protect private premises from crime. 18 Pa.C.S.A. S 3502. | [4]  We believe that the purpose of the inclusion of the 'open to the public' clause in section 3502 of the new Crimes Code was to prevent the prosecution and conviction of burglary in cases such as in the instant appeal, to change the substantive law of burglary as articulated in Commonwealth v. Schultz, supra, and to bring the law of burglary closer to its common law ancestor which sought to protect private premises from crime. | What is the purpose of including the open to public clause in the burglary statute? |
| 4646 | Burnham v. Nehren, 503 P.2d 122, 127, 7 Wash.App. 860, 865 (Wash.App., 1972) | 9 | It is the duty of a driver approaching a crossing to maintain a continuing observation in order to avoid injuring a pedestrian, and failure on driver's part to yield the right-of-way to a pedestrian constitutes negligence per se if the pedestrian was seen or should have been seen by driver. RCWA 46.61.235. | It is the duty of a driver approaching a crossing to maintain a continuous observation in order to avoid injuring a pedestrian and failure on the part of a driver to yield the right- of-way to a pedestrian constitutes negligence per se if the pedestrian was seen or should have been seen by the driver. | When does a drivers failure to yield the right-of-way to pedestrian constitute negligence per se? |
| 4647 | Becker v. Becker, 138 S.E.2d 507, 509, 262 N.C. 685, 688 (N.C. 1964) | 3 | An amended pleading at the session the case is called for trial, which raises additional issues of fact, may justify the continuance of the case on motion of the opposing party; however, such amendment will not ordinarily justify a continuance on motion of party submitting amendment. | An amended pleading at the session the case is called for trial, which raises additional issues of fact, may justify the continuance of the case on motion of the opposing party. However, such amendment will not ordinarily justify a continuance on motion of the party submitting the amendment. | "Could an amended pleading at the session the case is called for trial, justify the continuance of the case on motion of the opposing party?" |
| 4650 | J & B Slurry Seal Co. v. Mid-South Aviation, Inc., 88 N.C.App. 1, 17 (N.C.App., 1987) | 10 | Since judgment without necessary joinder is void, trial court should, on its own motion, order continuance to provide reasonable time for necessary parties to be joined. | Since a judgment without such necessary joinder is void, a trial court should, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined. | "Should a trial court, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined?" |
| 4651 | Texas Gen. Indem. Co. v. Lee, 570 S.W.2d 231, 233 (Tex.Civ.App.-Eastland, 1978) | 3 | Rule governing request for admissions contemplates that unanswered requests for admission which were not requests for relevant matters of fact but called for conclusions, opinions, and statements of subjective intent should not be deemed admitted facts. Rules of Civil Procedure, rule 169. | The rule contemplates that unanswered requests for admission which were not requests for relevant matters of fact but called for conclusions, opinions, and statements of subjective intent should not be deemed admitted facts. | Does the rule governing a request for admissions contemplate that unanswered requests for admission which are not requests for relevant matters of fact be not deemed admitted facts? |
| 4652 | Whiteman v. Chesapeake Appalachia, L.L.C., 729 F.3d 381, 388 (4th Cir. 2013) | 10 | Incident to mineral estate ownership, a mineral estate owner in West Virginia has a right to use the surface in such manner and with such means as would be fairly necessary to enjoy the mineral estate. | Notwithstanding their dissimilarity to this case, Porter and Squires enshrine the overarching principle that, incident to mineral estate ownership, a mineral estate owner in West Virginia has a right to use the surface "in such manner and with such means as would be fairly necessary" to enjoy the mineral estate. | "Does the owner of the mineral underlying land possess, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate?" |

| 4654 | Every v. City of New Orleans, 514 So. 2d 556, 558 (La. Ct. App.), writ denied, 515 So. 2d 1111 (La. 1987) | 1 | Even though a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney, absent unfairness to the parties, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer, because the court cannot be closed to a defendant who desires to bring a case to trial. LSA-C.C.P. art. 1601. | Unless it would be unfair to the parties, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. Sands v. State Through La. State Med., 458 So.2d 960 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1044 (La.1984); Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3rd Cir.1979). Nonetheless, because the court cannot be closed to a defendant who desires to bring the case to trial, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer. | Will a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney? |
| --- | --- | --- | --- | --- | --- |
| 4656 | Arcata Graphics Co. v. Heidelberg Harris, Inc., 874 S.W.2d 15, 22 (Tenn.App.,1993) | 5 | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | When the trial court grants a motion to amend, the opposing party must request a continuance if it believes it has been prejudiced. Allstate Ins. Co. v. Fox, 1990 WL 8058 at *12 (Tenn.App. 6 Feb. 1990). If a continuance is not requested, the party against whom the amendment was granted may not complain on appeal. | "When the trial court grants a motion to amend a pleading, must the opposing party request a continuance if it believes it has been prejudiced?" |
| 4657 | Desson v. Trustees of Net Realty Holding Tr., 229 A.D.2d 512, 512–13, 646 N.Y.S.2d 31, 32 (1996) | 1 | Discovery of evidence of subsequent similar accidents, while material in cases where defect is alleged in design or creation of product or structure, is irrelevant and inappropriate in cases where no inherent defect is alleged. | Discovery of evidence of subsequent similar accidents, while material in cases where a defect is alleged in the design or creation of a product or structure, is irrelevant and inappropriate in cases such as this, where no inherent defect is alleged (see, Kolody v. Supermarkets General Corporation, 163 A.D.2d 276, 277, 557 N.Y.S.2d 145; Yoon v. F.W. Woolworth Co., 202 A.D.2d 575, 576, 609 N.Y.S.2d 260). | Is discovery of evidence of subsequent similar accidents irrelevant and inappropriate in cases where no inherent defect is alleged? |
| 4658 | People v. Wolfe, 257 Cal. App. 2d 420, 425, 64 Cal. Rptr. 855, 858 (Ct. App. 1967) | 1 | To obtain a "burglary" conviction the prosecution must prove that the entry was made with intent to commit grand or petit larceny, or any felony, the "intent to commit larceny" meaning the intent to deprive the owner of his property permanently. West's Ann.Pen.Code, S 459. | For a burglary conviction the prosecution must prove that the entry was made 'with intent to commit grand or petit larceny or any felony' (s 459, Pen.Code), but the intent to commit larceny means the intent to deprive the owner of his property permanently. | "In an offence of burglary, with intent to commit larceny, should there be intent to deprive the owner of his property permanently?" |

| | | | | | |
|---|---|---|---|---|---|
| 4660 | Gillespie v. Fields, 958 S.W.2d 228, 232 (Tex. App. 1997) | 8 | Party's right to take nonsuit is unqualified and absolute as long as other party has not made claim for affirmative relief, and use of creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive party of this right. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A party's right to take a nonsuit is unqualified and absolute as long as the other party has not made a claim for affirmative relief. The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive a party of this right. | Can the use of a creative pleading that merely restates defenses in the form of a declaratory judgment action deprive the plaintiff of the right to nonsuit? |
| 4661 | McDonough v. Stackley, 245 F.Supp.3d 1, 5 (D.D.C., 2017) | 6 | A military board of correction may meet its obligation to provide a reasoned explanation for its decision by referring to a clearly relevant source, such as an advisory opinion. | A military board of correction may meet its obligation to provide a reasoned explanation by referring to a clearly relevant source, such as an advisory opinion. | Is a military board of correction obliged to provide a reasoned explanation for its decision by referring to a clearly relevant source? |
| 4665 | Matter of Aloha Airlines, Inc., 65 Haw. 1, 12–13 (Hawaii, 1982) | 2 | States have wide latitude in imposing general revenue taxes and there is no requirement under the due process clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of services provided to the activity; moreover, such latitude is not divested by the commerce clause merely because the taxed activity has some connection to interstate commerce, particularly when the tax is levied on an activity conducted within the state. U.S.C.A.Const.Art. 1, S 8, cl. 3; Amends. 5, 14. | The Court customarily affords states wide latitude in imposing general revenue taxes, and there is no requirement under the Due Process Clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of the services provided to the activity. Moreover, this latitude is not divested by the Commerce Clause merely because the taxed activity has some connection to interstate commerce, particularly when the tax is levied on an activity conducted within the state. 3. | Are states vested with great latitude in imposing general revenue taxes? |
| 4666 | Baker v. Barber, 673 F.2d 147, 148–49 (C.A.Ky., 1982) | 2 | Military medical malpractice immunity statute immunizes military physicians and makes tort claims against government the exclusive remedy available in a malpractice action. 10 U.S.C.A. S 1089(a). | The malpractice immunity statute, 10 U.S.C. s 1089(a), however, immunizes military physicians and *149 makes tort claims against the government the exclusive remedy available in a malpractice action. | Does medical malpractice immunity statute immunize military physicians and makes tort claims against government the exclusive remedy available? |
| 4669 | Firmes v. Chase Manhattan Auto. Fin. Corp., 50 A.D.3d 18, 37–38, 852 N.Y.S.2d 148, 163 (2008) | 26 | Trial court may permit post-trial collateral source discovery if the defendant can demonstrate prejudice not of its own making, such as where benefits became payable after the filing of a note of issue. | However, a court may, in the exercise of its discretion, permit posttrial collateral source discovery if the defendant can demonstrate prejudice not of its own making, such as where benefits became payable after the filing of a note of issue (see Hoffman v. S.J. Hawk, Inc., 177 Misc.2d at 308–309, 676 N.Y.S.2d 448). | Can a trial court permit post-trial collateral source discovery if the defendant can demonstrate prejudice not of its own making? |

| 4672 | U.S. v. Jefferson, 634 F.Supp.2d 595, 602 (E.D.Va.,2009) | 4 | Where a public official charged with bribery is a congressman, the universe of "official acts" described by bribery statute is not limited to so-called "legislative acts" such as voting on or introducing a piece of legislation; rather, all of the acts normally thought to constitute a congressman's legitimate use of his office are "official acts." 18 U.S.C.A. S 201(a)(3). | Thus, where, as here, the charged public official is a congressman, the universe of "official acts" described by  201(a)(3) is not limited to so-called "legislative acts" such as voting on or introducing a piece of legislation; rather,  201(a)(3) has been read "sufficiently broadly to encompass all of the acts normally thought to constitute a congressman's legitimate use of his office." | Is an official act under the bribery statute limited solely to legislative acts? |
|---|---|---|---|---|---|
| 4673 | United States v. Terry, 707 F.3d 607, 615 (C.A.6 (Ohio), 2013) | 15 | Without anything more, a jury could not reasonably infer that a campaign contribution to a public official is a bribe solely because the official accepts the contribution and later takes an action that benefits a donor, but when the official acts as the donor's marionette, jury can reject legitimate explanations for a contribution and infer that it flowed from a bribery agreement. 18 U.S.C.A. S 201(b)(2). | Without anything more, a jury could not reasonably infer that a campaign contribution is a bribe solely because a public official accepts a contribution and later takes an action that benefits a donor. See, e.g., McCormick, 500 U.S. at 272, 111 S.Ct. 1807. But when a public official acts as a donor's marionette-by deciding a case to a donor's benefit immediately after the donor asks him to and without reading anything about the case-a jury can reject legitimate explanations for a contribution and infer that it flowed from a bribery agreement. | Is a campaign contribution a bribe if the official later takes an action that benefits the donor? |
| 4675 | Stelly v. Papania, 927 S.W.2d 620, 622 (Tex., 1996) | 4 | Trial court has broad discretion to permit or deny the withdrawal of deemed admissions; appellate court should set aside trial court's ruling only if, after reviewing entire record, it is clear that trial court abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. Halton, 792 S.W.2d at 464. An appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. | Does a trial court have broad discretion to permit or deny the withdrawal of deemed admissions? |
| 4676 | McCormick v. Allmond, 18 Neb. App. 56, 60, 773 N.W.2d 409, 413 (2009) | 5 | A party making a motion for discovery sanctions, under court rule permitting an award of costs when a party fails to admit, has the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so; the burden then shifts to the nonmoving party to prove that one of the four exceptions enumerated in the rule applies. Neb.Ct.R. S 6-337(c). | The party making the motion for sanctions has the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so. The burden then shifts to the nonmoving party to prove that one of the four exceptions stated in § 6–337(c) applies | Does a party making a motion for discovery sanctions have the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so? |

| | | | | | |
|---|---|---|---|---|---|
| 4678 | Morris v. Slappy, 461 U.S. 1, 11–12 (U.S.,1983) | 2 | Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in face of justifiable request for delay violates right to assistance of counsel. U.S.C.A. Const.Amend. 6. | Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable *12 request for delay" violates the right to the assistance of counsel. | "Are continuances granted upon valid grounds, sufficient to challenge the judicial discretion of trial court?" |
| 4680 | State ex rel. Roddey v. Byrnes, 219 S.C. 485, 513-514 (1951) | 19 | Except in so far as it is limited by state and federal Constitutions, taxing power of state is general and absolute and extends to all persons, property, and business within its jurisdiction or reach. | Except in so far as it is limited by the state and federal Constitutions, the taxing power of the state is general *514 and absolute and extends to all persons, property, and business within its jurisdiction or reach.' | "Is the taxing power of state absolute to extend to all persons, property, and business within its jurisdiction?" |
| 4681 | Franklin Cnty. ex rel. Parks v. Franklin Cnty. Com'n, 269 S.W.3d 26, 31 (Mo. 2008) | 11 | The Supreme Court is not free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the Missouri Constitution or the United States Constitution. | This Court is not free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the Missouri Constitution or the United States Constitution. | Is the Supreme Court free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the state constitution or the Federal Constitution? |
| 4682 | Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 813 (C.A.3 (Del.),1989) | 4 | Preservation of status quo does not operate as separate test for determining whether district court acted within its jurisdictional authority in issuing injunction; rather, preservation of status quo represents goal of preliminary injunctive relief in any litigation, including arbitrable dispute. | As our previous discussion indicates, we disagree that the "preservation of the status quo" operates as a separate test for determining whether the district court acted within its jurisdictional authority. Rather, the "preservation of the status quo " represents the goal of preliminary injunctive relief in any litigation, including in an arbitrable dispute. | Does ensuring the preservation of the status quo operate as a separate test for determining whether the court acted within its jurisdictional authority? |
| 4683 | United States v. Evans, 344 F.3d 1131, 1135 (C.A.11 (Fla.), 2003) | 5 | To be "public official," within meaning of gratuity statute, individual must possess some degree of official responsibility for carrying out federal program or policy; person need not be employee of federal government, and definition of "public official" is broad enough to cover persons working for private organizations. 18 U.S.C.A. S 201(a)(1). | "To be a public official under section 201(a), an individual must possess some degree of official responsibility for carrying out a federal program or policy." Id. at 1181. The person need not be an employee of the federal government: the definition of "public official" is broad enough to cover persons working for private organizations. | Who is a public official under federal bribery statute? |
| 4685 | United States v. Ciavarella, 716 F.3d 705, 729 (C.A.3 (Pa.), 2013) | 30 | Bribery-and-kickback theory of honest services fraud requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 1346. | The bribery-and-kickback theory of honest services fraud requires "a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act." | What is the quid pro quo requirement under the bribery-and-kickback theory of honest services fraud? |

| | | | | | |
|---|---|---|---|---|---|
| 4686 | United States v. Jennings, 160 F.3d 1006, 1018 (C.A.4 (Md.), 1998) | 18 | Quid pro quo requirement for bribery of a public official is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor; thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return. 18 U.S.C.A. S 201(b)(1)(A). | The quid pro quo requirement is satisfied so long as the evidence shows a "course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." Id. (internal quotation omitted). Thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return. | Does the government need to show that the defendant intended for his or her payments to be tied to specific official acts or ommissions in order to prove bribery of a public official? |
| 4688 | Total E & P USA Inc. v. Kerr-McGee Oil and Gas Corp., 719 F.3d 424, 429-430, fn6, (C.A.5 (La.), 2013) | 1 | Outer Continental Shelf Lands Act (OCSLA) authorizes the Secretary of the Interior to grant and manage leases for the recovery of oil, gas, and other minerals from submerged lands located on the Outer Continental Shelf, and thus vests the federal government with a proprietary interest in the Outer Continental Shelf and establishes a regulatory scheme governing leasing and operations there. Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | "[OCSLA] authorizes the Secretary of the [Interior] to grant and manage leases for recovery of oil, gas, and other minerals from submerged lands located on the Outer Continental Shelf." Mesa Operating Ltd. P'ship v. U.S. Dep't of Interior, 931 F.2d 318, 319 (5th Cir.1991). "OCSLA thus vests the federal government with a proprietary interest in the [outer continental shelf] and establishes a regulatory scheme governing leasing and operations there." | Does OCSLA (Outer Continental Lands Act) vest the federal government with a proprietary interest in the out continental shelf? |
| 4694 | Davis v. Kania, 836 A.2d 480, 482, 48 Conn.Supp. 141, 142 (Conn.Super.,2003) | 2 | A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Practice Book 1998, S 10-31(a)(1). | "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." | Shall the motion to dismiss be used to assert lack of jurisdiction over the subject matter? |
| 4695 | New York Party Shuttle, LLC v. Bilello, 414 S.W.3d 206, 217 (Tex. App. 2013) | 33 | The absence of a material witness provides sufficient cause for a continuance, but only if the party requesting the continuance has exercised proper diligence to procure the testimony of the witness. Vernon's Ann.Texas Rules Civ.Proc., Rule 252. | The absence of a material witness provides sufficient cause for a continuance, but only if the party requesting the continuance has exercised proper diligence to procure the testimony of the witness. | Does the absence of a material witness provide sufficient cause for a continuance only if the party has exercised proper due diligence to procure the testimony of the witness? |
| 4696 | Wilder Chiropractic, Inc. v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781, ¶ 80, 13 N.E.3d 194, 213–14 | 28 | The determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | "[T]he determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis." | Must the determination of whether a defendant has established a prima facie lack of diligence case in serving defendant be made on a case-by-case basis? |
| 4698 | Cox v. Burke, 706 So.2d 43, 46 (Fla.App. 5 Dist.,1998) | 4 | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when plaintiff has perpetrated fraud on court, or where party refuses to comply with court orders. | The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. | Does a trial court have the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court? |

| 4699 | Pembaur v. Leis, 1 Ohio St.3d 89, 90–91 (Ohio,1982) | 1 | Power to dismiss for lack of prosecution is within sound discretion of trial court, and appellate review is confined solely to whether trial court abused that discretion. Rules Civ.Proc., Rules 41(B), (B) (1, 3), 41 note. | The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. | "Does the decision to dismiss a case for failure to prosecute or to comply with court order rest within the sound discretion of the trial court, and appellate review is limited solely to whether the trial court abused that discretion?" |
| 4700 | People v. Abreu, 283 A.D.2d 194, 194, 726 N.Y.S.2d 10, 11 (2001) | 1 | A trier of fact can readily infer from a defendant's conduct and the surrounding circumstances that defendant came within dangerous proximity of commission of rape. | A trier of fact can readily infer from defendant's conduct and the surrounding circumstances that defendant came within "dangerous proximity" of the commission of rape (see, People v. Pereau, 64 N.Y.2d 1055, 489 N.Y.S.2d 872, 479 N.E.2d 217; People v. Bracey, 41 N.Y.2d 296, 392 N.Y.S.2d 412, 360 N.E.2d 1094). | Can a trier of fact infer from defendant's conduct and the surrounding circumstances that defendant came within dangerous proximity of the commission of rape? |
| 4701 | Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652, 660 (Tex. App. 2003) | 9 | Suit over the ownership of proceeds from mineral interests must be filed in the county in which the real property is located, even though the cause of action is for declaratory judgment over monies. V.T.C.A., Civil Practice & Remedies Code S 15.011. | A suit over the ownership of proceeds from mineral interests must be filed in the county in which the real property is located even though the cause of action is for a declaratory judgment over monies. | Is an action seeking royalty and overriding royalty in minerals considered a suit on real property interests that must be filed where the property is located? |
| 4702 | Maziar v. State, Dept. of Corrections, 151 Wash.App. 850, 853 (Wash.App. Div. 2, 2009) | 1 | The state's workers' compensation scheme is the product of a compromise between employers and workers; in it, the legislature abolished all common law civil actions for personal injuries that occur during a worker's employment and, in exchange, employers accept limited liability for claims that might not have been compensable under the common law. West's RCWA 51.04.010. | [L]ike other workers' compensation schemes, is the product of a compromise between employers and workers. Cowlitz Stud Co. v. Clevenger, 157 Wash.2d 569, 572, 141 P.3d 1 (2006). In it, the legislature abolished all common law civil actions for personal injuries that occur during a worker's employment and, in exchange, employers accept limited liability for claims that might not have been compensable under the common law. | "Is the workers compensation scheme a product or result of compromise, and what was exchanged in the compromise?" |
| 4703 | United States v. Potter, 402 F. Supp. 1161, 1164-1165 (D.Mass., 1975) | 3 | Rule that administrative agency must follow its own regulations is especially important in selective service cases where area of discretion of local boards is broad and scope of review correspondingly narrow. | It is axiomatic that an administrative agency must follow its own regulations. See, e. g., Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), and cases cited; United States v. Leahey, 434 F.2d 7 (1st Cir. 1970). This general rule is especially important in Selective Service cases where the area of discretion of local boards is so broad and the scope of review correspondingly narrow. | Should an administrative agency follow its own regulations in selective service cases? |

| | | | | | |
|---|---|---|---|---|---|
| 4707 | Rucker v. Taylor, 828 N.W.2d 595, 601 (Iowa, 2013) | 9 | Good cause must be considered in deciding to dismiss a petition for untimely service, and this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. I.C.A. Rule 1.302(5). | But, in both instances, good cause must be considered in deciding to dismiss a petition for untimely service, and Wilson informs us that this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. | Should good cause be considered in deciding to dismiss a petition for untimely service? |
| 4708 | Rucker v. Taylor, 828 N.W.2d 595, 603 (Iowa, 2013) | 22 | Dismissal without prejudice under for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. I.C.A. Rule 1.302(5). | As observed under the analogous federal rule, [a] dismissal without prejudice under Rule 4(m) for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. | Is dismissal without prejudice under for failure to serve process intended to leave the plaintiff in the same position as if the action never had been filed? |
| 4710 | E.I. Dupont De Nemours & Co. v. Sidran, 140 So. 3d 620, 624 (Fla. Dist. App. 2014) | 4 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | To support a dismissal the court must find the "false testimony was directly related to the central issue in the case." | "To support a dismissal based upon a fraud on the court, should the court find the false testimony was directly related to the central issue in the case?" |
| 4713 | State ex rel. Nixon v. Griffin, 291 S.W.3d 817, 820 (Mo.App. W.D., 2009) | 3 | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is "moot" and generally should be dismissed. | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed when an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief? |
| 4714 | Wetovick v. Cnty. of Nance, 279 Neb. 773, 783–84, 782 N.W.2d 298, 309 (2010) | 12 | Unless an exception applies, a court or tribunal must dismiss a moot case when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Unless an exception applies, a court or tribunal must dismiss a moot case when changed circumstances have precluded it from providing any meaningful relief because thelitigants [sic] no longer have a legally cognizable interest in the dispute's resolution. | Should a court or tribunal dismiss a moot case? |
| 4715 | J.P. v. District Court In and For 2nd Judicial Dist. of Denver, 873 P.2d 745, 751 (Colo.,1994) | 5 | In imposing sanctions pursuant to discovery violations, trial judge should exercise informed discretion in imposing sanction which is commensurate with the seriousness of the disobedient party's conduct. Rules Civ.Proc., Rule 16. | In imposing sanctions pursuant to discovery violations, "[t]he trial judge should exercise informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient party's conduct." | Should a trial judge exercise informed discretion in imposing sanction which is commensurate with the seriousness of a disobedient party's conduct? |
| 4717 | In re Peoples, 250 S.E.2d 890, 912, 296 N.C. 109, 148 (N.C., 1978) | 13 | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Should an action be dismissed if the issues before the court become moot? |

| | | | | | |
|---|---|---|---|---|---|
| 4720 | Goodyear Mortg. Corp. v. Montclair Development Corp., 2 N.C. App. 138, 140 (1968) | 2 | When title to real estate may be affected by an action it is local and is removable to county where land is situated by proper motion made in apt time. G.S. S 1-76. | When title to real estate may be affected by an action, it is held to be local and removable to the county where the land is situated by proper motion made in apt time. | "When a title to real estate may be affected by an action, is it local and removable to the county where the land is situated?" |
| 4721 | Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex), 767 F.2d 1140, 1147 (C.A.5 (Tex.), 1985) | 6 | Arbitration Act (9 U.S.C.A. S 1 et seq.) requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possible inefficient maintenance of separate proceedings in different forums. | the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possible inefficient maintenance of separate proceedings in different forums. | Can a district court exercise its discretion in directing parties to proceed to arbitration? |
| 4722 | Nowlin v. United States, 81 F. Supp. 3d 514, 526 (N.D. Miss. 2015), aff'd, 667 F. App'x 512 (5th Cir. 2016) | 18 | For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, the particular program involved in the theft or bribery need not be the recipient of federal funds. 18 U.S.C.A. S 666. | Indeed, the jurisdictional net is broad enough that, for the court to entertain a charge under § 666, "[t]he particular program involved in the theft or bribery need not be the recipient of federal funds." | "For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, does the particular program involved needs to be the recipient of federal funds?" |
| 4723 | Noblesville Redevelopment Com'n v. Noblesville Associates Ltd. Partnership, 674 N.E.2d 558, 563 (Ind.,1996) | 13 | Whereas theory pleading required complaint to delineate specific legal theory to which plaintiff would adhere throughout trial, "notice pleading" in effect under current rules merely requires pleading the operative facts so as to place defendant on notice as to evidence to be presented at trial. Trial Procedure Rule 8(A). | Whereas theory pleading required the complaint to delineate a specific legal theory to which the plaintiff would adhere throughout the trial, notice pleading "merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." Id. | Does notice pleading merely require pleading the operative facts? |
| 4724 | Schneider v. Seibutis, 3 Ill.App.3d 323, 325-326 (1972) | 4 | Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage, and this is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and movant's opponent has concluded the presentation of his evidence. Supreme Court Rules, rule 231(a, f), S.H.A. ch. 110A, S 231(a, f). | Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage. This is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and the movant's opponent has concluded the presentation of his evidence. | Can a court give reasons for granting a delay when a case has reached the trial stage due to potential inconvenience to the parties? |

| | | | | | |
|---|---|---|---|---|---|
| 4725 | The Florida Bar v. Eubanks, 752 So. 2d 540, 543 (Fla., 1999) | 1 | Court may impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction should be used sparingly and reserved to those instances where the conduct is flagrant, willful, or persistent. West's F.S.A. RCP Rule 1.200(c). | Florida Rule of Civil Procedure 1.200(c) permits the court to impose sanctions for failing to attend a status conference. It is well established that sanctions under this rule can include striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction "should be used 'sparingly and reserved to those instances where the conduct is flagrant, willful or persistent.' " Drakeford v. | "Does a trial court have power, implicit under rule authorizing pretrial conferences and orders establishing pretrial agreements of parties, to sanction for failing to obey the court's pretrial orders?" |
| 4726 | In re S.M., 775 S.E.2d 782, 785, 333 Ga.App. 326, 330 (Ga.App.,2015) | 5 | Dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order. | The dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order. | Is dismissal of a complaint for failure to comply with a court order the most severe sanction available? |
| 4727 | Lentworth v. Trahan, 981 S.W.2d 720, 722–23 (Tex. App. 1998) | 10 | Dismissal is properly made with prejudice in the following situations: (1) as sanction for abuse of discovery, (2) on failure of plaintiff to amend deficient pleadings when given that opportunity, (3) for violation of pretrial order, and (4) on agreement of the parties. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Dismissal is properly made with prejudice in the following situations: (1) as a sanction for abuse of discovery, see TEX. R. CIV. P. 215; (2) on the failure of a plaintiff to amend deficient pleadings when given that *723 opportunity, see Hubler v. | In which situations is a dismissal properly made with prejudice? |
| 4728 | Hale v. Cottrell, Inc., 456 S.W.3d 481, 491 (Mo. App. 2014) | 11 | Fraud on the court, as could support imposition of sanction of dismissal, may be established by circumstantial evidence; an actual representation may be inferred from the circumstances surrounding the transaction, and a claim may arise from the intentional creation of a false impression. | "Fraud may be established by circumstantial evidence; an actual 'representation' may be inferred from the circumstances surrounding the transaction; [and] a claim may arise from the intentional creation of a false impression[.]" | "Can fraud on the court, as could support imposition of sanction of dismissal, be established by circumstantial evidence?" |
| 4729 | Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 297 (1948) | 3 | A plaintiff, invoking court's jurisdiction and seeking to avail himself thereof, must abide by all lawful statutes, rules and orders applicable to him, and court has inherent power to impose sanction of dismissal for its coercive effect. | When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect. | "Should a plaintiff abide by all lawful statutes, rules and orders applicable to him?" |
| 4730 | Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349, 352–53 (Fla. Dist. Ct. App. 2012) | 3 | When reviewing a case for fraud on the court, the trial court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | When reviewing a case for fraud on the court, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." | "When reviewing a case for fraud, should the court consider the proper mix of factors?" |

| 4731 | Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.,1999) | 2 | Failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case. Rules Civ.Proc., Rule 41(b). | The failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case. | Should the failure of a plaintiff to attempt service on a defendant within a reasonable time amount to a failure to prosecute the action? |
|---|---|---|---|---|---|
| 4732 | Henyan v. Peek, 199 S.W.3d 51, 54, 359 Ark. 486, 492 (2004) | 2 | Service of process must be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Thus, service of process under this rule must be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. | Should service of process be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend? |
| 4733 | Cross v. Pumpco, Inc., 910 So.2d 324, 327 (Fla.App. 4 Dist.,2005) | 1 | While a trial judge has the inherent authority to dismiss actions based on fraud and collusion, this power of dismissal should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | While a trial judge has the inherent authority to dismiss actions based on fraud and collusion, this power of dismissal should be used "cautiously and sparingly," and "only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing." | Does a trial judge have an inherent authority to dismiss actions based on fraud? |
| 4736 | Sewell Masonry Co. v. DCC Const., Inc., 862 So. 2d 893, 896 (Fla. Dist. Ct. App. 2003) | 4 | One-year period of inactivity specified in rule governing dismissal for failure to prosecute is to be measured by calculating time between date of last record activity and date of filing of motion to dismiss. West's F.S.A. RCP Rule 1.420(e). | The one-year period specified in Rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of filing of the motion to dismiss. | Is the one-year period of inactivity specified in rule governing dismissal for failure to prosecute to be measured by calculating time? |
| 4737 | Johnston v. Lehman, 676 A.2d 1287, 1289 (Pa.Cmwlth., 1996) | 2 | Where there are intervening changes in factual circumstances of case which eliminate actual controversy and make it impossible to grant requested relief, legal question is rendered moot and case should be dismissed. | In addition, where there are intervening changes in the factual circumstances of a case which eliminate an actual controversy and make it impossible to grant the requested relief, the legal question is rendered moot and the case should be dismissed. | Is a legal question rendered moot where there are intervening changes in factual circumstances of case? |
| 4738 | Turner v. Marine Inland Transp. Co., 08-594 (La. App. 5 Cir. 1/13/09), 7 So. 3d 756, 757, writ denied, 2009-0335 (La. 4/3/09), 6 So. 3d 777 | 2 | A party takes a "step" in the prosecution or defense of the action, for purposes of abandonment, when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. LSA-C.C. art. 591. | A party takes a "step" in the prosecution or defense of the action when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. | Does a party take a step in the prosecution or defense of a suit when he takes formal action intended to hasten the matter to judgment? |
| 4739 | Manekofsky v. Baker, 92 R.I. 377, 381 (R.I. 1961) | 3 | Trial court possesses inherent power to enforce its own orders, and in appropriate circumstances action at law may be dismissed pursuant to that power. | This court has recognized that a trial court possesses an inherent power to enforce its own orders and that in appropriate circumstances an action at law may be dismissed pursuant to that power. | "Does a trial court possess an inherent power to enforce its own orders, and in appropriate circumstances action at law can be dismissed pursuant to that power?" |

| 4741 | McCann v. Hatchett, 19 S.W.3d 218, 222 (Tenn.,2000)(fn 2) | 3 | Foreseeability is typically a tort law concept, and concepts of proximate cause or foreseeability as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes. | "Foreseeability" is typically a tort law concept; as we have previously stated, "[c]oncepts of 'proximate cause' or 'foreseeability' as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes. | "Do the concepts of proximate cause or foreseeability, as utilized in torts, govern or define coverage under workers compensation statutes?" |
|------|------|------|------|------|------|
| 4742 | Clouston v. Board of Cnty. Com'rs of Johnson Cnty., 715 P.2d 29, 30–31, 11 Kan.App.2d 112, 113–14 (Kan.App.,1986) | 1 | The Workmen's Compensation Act, K.S.A. 44-501 et seq., establishes complete and exclusive remedy provision covering every phase of right to compensation and makes no provision for maintenance of common-law actions. | The Kansas Workmen's Compensation Act, K.S.A. 44- 501 et seq., a complete and exclusive remedy provision covering every phase of the right to compensation and makes no provision for the maintenance of common-law actions. | Is the Workmens Compensation Act complete and exclusive covering every phase of the right to compensation? |
| 4743 | Stanley Shenker & Assocs., Inc. v. World Wrestling Fed'n Ent., Inc., 48 Conn. Supp. 357, 371, 844 A.2d 964, 973 (Super. Ct. 2003) | 5 | Where a litigant's conduct abuses the judicial process, whether through flagrant discovery violations or through other serious litigation misconduct, dismissal is an appropriate sanction. | It is a long and well established principle, both in Connecticut courts and in state and federal courts throughout the country, that where a litigant's conduct abuses the judicial process, whether through flagrant discovery violations or through other serious litigation misconduct, dismissal is an appropriate sanction. | "Where a litigant's conduct abuses the judicial process through flagrant discovery violations or through other serious litigation misconduct, is dismissal an appropriate sanction?" |
| 4744 | In re Rubin, 769 F.2d 611, 619 (C.A.9,1985) | 13 | Discovery sanctions are intended as a tool to compel production of evidence and to deter misconduct; trial court should not go beyond necessities of situation to foreclose merits of controversies as punishment for general misbehavior. Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A. | But the Rule 37 sanctions are intended as a tool to compel production of evidence and to deter misconduct; a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment for general misbehavior. | Can a trial judge go beyond the necessities of a situation to foreclose trial on merits as punishment for general misbehavior? |
| 4745 | Catledge v. Dowling, 2017 IL App (1st) 162033, ¶ 11, 82 N.E.3d 781, 784 | 1 | A motion to dismiss under statute on dismissals based upon certain defects or defenses admits the legal sufficiency of all well-pleaded facts, but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. 735 Ill. Comp. Stat. Ann. 5/2-619. | Standard of Review [1] [2] [3] [4] [5] 11 A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of all well-pleaded facts, but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. | Will a motion to dismiss based on other affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? |

| 4746 | Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co., 525 S.W.3d 252, 259–60 (Tenn. App. 2016) | 9 | For a motion to dismiss for failure to state a claim to be used as a vehicle to assert an affirmative defense, the applicability of the defense must clearly and unequivocally appear on the face of the complaint; in other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. Tenn. R. Civ. P. 12.02(6). | For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must "clearly and unequivocally appear[ ] on the face of the complaint." Givens v. Mullikin ex rel. Estate of McElwaney, 75 S.W.3d 383, 404 (Tenn. 2002) (quoting Anthony v. Tidwell, 560 S.W.2d 908, 909 (Tenn. 1977)). In other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. | Will the applicability of the defense that clearly and unequivocally appears on the face of the complaint be used as a vehicle to assert an affirmative defense? |
| :---: | :--- | :---: | :--- | :--- | :--- |
| 4749 | Vane Mins. (US), LLC v. United States, 116 Fed. Cl. 48, 62 (2014) | 24 | The established test to determine validity of a mining claim is that it must be of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine. | The established test to determine validity of a mining claim is that "it must be of such a character that 'a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine.' " Hafen, 30 Fed.Cl. at 473 (quoting Chrisman, 197 U.S. at 322, 25 S.Ct. 468). | What is the established test to determine the validity of a mining claim? |
| 4752 | Hall v. Metro. Dade Cty., 760 So. 2d 1051, 1052 (Fla. App. 2000) | 2 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." | Does the resolution of a motion to dismiss for failure to prosecute involve a two-step process? |
| 4753 | Kelly v. Kelly, 2005 WL 1084636 | 3 | If the record does not contain evidence of a plaintiff's act of willfulness, bad faith, or fault, a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. LSA-C.C.P. art. 1672(A)(1). | If the record does not contain evidence of a plaintiff's act of "willfulness, bad faith, or fault," a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. | "Is a single failure of a plaintiff to appear sufficient support for a dismissal of the plaintiff's claim, with prejudice?" |
| 4755 | Schreiner v. Karson, 52 Ohio App.2d 219, 222-223 1977) | 5 | Lesser sanctions than dismissal with prejudice before trial should be applied unless a plaintiff's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal for failure to prosecute or obey a court order. Civ.R. 41(B)(1). | Lesser sanctions than dismissal with prejudice before trial should be applied unless a plaintiff's conduct is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for such a dismissal. | Can a party's conduct provide grounds for a dismissal with prejudice for a failure to prosecute or to obey a court order? |

| 4756 | Cornelius v. Benefield, 168 So.3d 1028, 1037 (Miss.App., 2013) | 10 | While delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss an action with prejudice for failure to prosecute, the trial judge should also consider whether a lesser sanction would serve the best interests of justice; such sanctions may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | While "delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b)," the trial judge should also consider whether "a lesser sanction would ... serve the best interests of justice." Hanson, 106 So.3d at 347 ( 9) (citing Holder, 54 So.3d at 198 ( 20)). "Lesser sanctions may include 'fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. | Is a showing of delay or contumacious conduct sufficient for a dismissal for failure to prosecute? |
| --- | --- | --- | --- | --- | --- |
| 4757 | Doe No. 3 v. Nur–Ul–Islam Academy, Inc., 217 So.3d 85, 87 (Fla.App. 4 Dist., 2017) | 3 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss; otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Fla. R. Civ. P. 1.110(d). | "If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss. Otherwise an affirmative defense may not be considered on motion to dismiss a complaint." | "Can a defense be considered on motion to dismiss, if the face of the complaint contains allegations which demonstrate the existence of an affirmative defense?" |
| 4759 | Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1, 611 F.2d 580, 583 (C.A.La., 1980) | 7 | Before arbitration can actually proceed, it is necessary for parties to supplement the agreement to arbitrate by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act. | Before arbitration can actually proceed, it is necessary for the parties to supplement the agreement to arbitrate by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act. | Is it necessary for the parties to supplement the arbitration agreement by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act before proceeding to arbitration? |
| 4760 | Lane, Ltd. v. Larus & Brother Company, 243 F.2d 364, 367 (C.A.2 1957) | 2 | A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when other side has been forced to abandon its demand, seek to defeat a judicial determination by asking for arbitration after suit has been commenced. 9 U.S.C.A. S 3. | A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when the other side has been forced to abandon its demand, seek to defeat a judicial determination by asking for arbitration after suit has been commenced. | Can a party raise unjustifiable objections to a valid demand for arbitration? |

| | | | | | |
|---|---|---|---|---|---|
| 4763 | Shelley v. U.S., 142 F.Supp. 436, 439 (W.D.Ky., 1956) | 1 | The term "total disability" within war risk policy does not mean helplessness or complete disability, but includes that which is more than partial permanent disability and means that which is continuing, as opposed to that which is temporary, and while separate periods do not constitute that which is permanent, mere fact that one has done some work after lapse of policy is not sufficient to defeat claim of total permanent disability. | 492 that total disability does not mean helplessness or complete disability but includes that which is more than partial permanent disability and means that which is continuing as opposed to that which is temporary and that while separate and distinct periods of temporary disability do not constitute that which is permanent, the mere fact that one has done some work after the lapse of his policy is not of itself sufficient to defeat his claim of total, permanent disability. | What does the phrase permanent disability mean? |
| 4765 | Cox v. Burke, 706 So.2d 43, 47 (Fla.App. 5 Dist.,1998) | 8 | Where party lies about matters pertinent to party's own claim, or portion of it, and perpetrates a fraud that permeates entire proceeding, dismissal of whole case for fraud on court is proper. | And "where a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper. | "Where a party lies about matters pertinent to a party's own claim, or portion of it, is dismissal of the whole case for fraud on court proper?" |
| 4766 | Cartee v. Community Spirit Bank, 214 So.3d 362, 366 (Ala.Civ.App., 2015) | 5 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. "Willful" is used in contradistinction to accidental or involuntary noncompliance. | "Can a dismissal be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff?" |
| 4770 | Mattera v. Capric, 54 A.D.3d 827, 827, 864 N.Y.S.2d 98, 99 (2008) | 2 | To avoid dismissal of a complaint as abandoned, a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious. McKinney's CPLR 3215(c). | "To avoid dismissal of the complaint as abandoned pursuant to CPLR 3215(c), a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious" | "Should a plaintiff offer a reasonable excuse pursuant to CPLR 3215(c) for his or her delay and demonstrate that the complaint is meritorious, to avoid dismissal of a complaint as abandoned?" |
| 4771 | Freeman v. Stephens Production Co., 171 S.W.3d 651, 654 (Tex. App. 2005) | 5 | "Estoppel by deed" stands for the general proposition that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. | "Estoppel by deed stands for the general proposition that 'all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law.' | Does estoppel by deed stand for the general proposition that all parties to a deed are bound by the recitals therein? |

| 4772 | AmRhein v. Eden, 779 N.E.2d 1197, 1208–09 (Ind.App.,2002) | 25 | Generally speaking, when a street or highway is vacated or abandoned, the title to the land reverts to the abutting property owners; this rule is based upon the presumption that the abutting landowners own to the center of the street or highway subject only to an easement of the public to use the street or highway. | "Generally speaking when a street or highway is vacated or abandoned the title to the land reverts to the abutting property owners." Gorby v. McEndarfer, 135 Ind.App. 74, 191 N.E.2d 786, 791 (1963). This rule is based upon the presumption that the abutting landowners own to the center of the street or highway subject only to an easement of the public to use the street or highway. | Do abutting owners own the center of the street or highway? |
|------|-----------------------------------------------------------|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 4773 | WakeMed v. Surgical Care Affiliates, LLC, 243 N.C. App. 820, 823, 778 S.E.2d 308, 311 (2015) | 2 | A complaint is properly dismissed for failure to state a claim upon which relief can be granted when (1) the complaint, on its face, reveals that no law supports the plaintiff's claim; (2) the complaint, on its face, reveals an absence of facts sufficient to make a good claim; or (3) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "A complaint is properly dismissed pursuant toRule 12(b)(6) when (1) the complaint, on its face, reveals that no law supports the plaintiff's claim; (2) the complaint, on its face, reveals an absence of facts sufficient to make a good claim; or (3) some fact disclosed in the complaint necessarily defeats the plaintiff's claim." | When is a complaint properly dismissed pursuant to Rule 12(b)(6) to state a claim upon which relief can be granted? |
| 4774 | Piro v. McKeever, 782 S.E.2d 367, 370 (2016) | 1 | While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed for failure to state a claim. (Per Bryant, with one Judge concurring in the result.) Rules Civ.Proc., Rules 8(a)(1), 12(b)(6), West's N.C.G.S.A. S 1A-1. | "'While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed under Rule 12(b) (6).' " | "While concept of notice pleading is liberal in nature, should a complaint nonetheless state enough to give substantive elements of a legally-recognized claim?" |
| 4775 | Cantley v. Lincoln Cty. Comm'n, 655 S.E.2d 490, 492 (W. Va. 2007) | 5 | The trial court's consideration of a motion to dismiss for failure to state claim begins with the proposition that the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. Rules Civ.Proc., Rule 12(b)(6). | The trial court's consideration begins, therefore, with the proposition that "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." | "Is the policy of the rule that, for purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true?" |
| 4776 | Bridges v. Wilcoxon, 786 So.2d 264, 268, 34,660 La.App. 2 Cir. 5/9/01, 5 (La.App. 2 Cir.,2001) | 5 | Article providing for abandonment of action is not intended to dismiss those cases in which plaintiff clearly demonstrates before court, within prescribed time period, that he does not intend to abandon action. LSA-C.C.P. art. 561. | The provision was not intended to dismiss those cases in which the plaintiff clearly demonstrates before the court, within the prescribed time period, that he does not intend to abandon the action. | Does the article governing abandonment of an action is intended to dismiss cases where plaintiff has clearly demonstrated before the court during prescribed period that he does not intend to abandon action? |

| | | | | | |
|---|---|---|---|---|---|
| 4777 | Nolan v. Hillard, 309 Ill.App.3d 129, 138 (Ill.App. 1 Dist.,1999) | 5 | On motion for involuntary dismissal, all well-pleaded facts in the complaint, together with all reasonable inferences drawn therefrom, are deemed admitted, and all pleadings and supporting documents are construed in a light most favorable to the non-moving party. S.H.A. 735 ILCS 5/2-619. | *138 All well-pleaded facts in the complaint together with all reasonable inferences drawn therefrom are deemed admitted (Lawson, 278 Ill.App.3d at 634, 215 Ill.Dec. 237, 662 N.E.2d at 1382), and all pleadings and supporting documents are construed in a light most favorable to the non-moving party. In re Chicago Flood Litigation, 176 Ill.2d 179, 184, 223 Ill.Dec. | Are all well-pleaded facts along with all reasonable inferences that can be drawn from those facts deemed admitted on a motion to dismiss? |
| 4779 | Nelson v. State Acc. Ins. Fund, 43 Or.App. 155, 159 (Or.App., 1979) | 1 | Benefits awarded under Workers' Compensation Law are purely statutory, and claimant must strictly follow prescribed procedures to recover. ORS 656.001 et seq.; ORS 656.319(1)(d),Laws 1969, c. 206. | The benefits awarded under the workers' compensation law are purely statutory, and a claimant must strictly follow the prescribed procedures in order to recover under the law. | Are benefits awarded under the workers' compensation law purely statutory and should a claimant strictly follow the prescribed procedures to recover under the law? |
| 4783 | Mourning v. Allison Transmission, Inc., 72 N.E.3d 482, 487 (Ind.App., 2017) | 4 | The basic purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint to state an actionable claim, not to test the truth of the facts alleged in the complaint. Ind. R. Trial P. 12(B)(6). | The basic purpose of a Trial Rule 12(B)(6) motion to dismiss is to test the legal sufficiency of the complaint to state an actionable claim, not to test the truth of the facts alleged in the complaint. | Is the basic purpose of a motion to dismiss for failure to state a claim to test the legal sufficiency of the complaint to state an actionable claim? |
| 4784 | Hughes v. Fink, Fink & Assocs., 718 A.2d 316, 318 (Pa. 1998) | 4 | Judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | our Supreme Court announced that judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. | Is judgment of non pros properly entered when there is no compelling reason for the delay? |
| 4786 | Nationwide Mut. Ins. Co. ex rel. Mika v. Kogut, 354 Ill.App.3d 1, 7–8 (Ill.App. 1 Dist.,2004) | 9 | Dismissing an action against a plaintiff or entering judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation; these sanctions should be imposed only where the actions of the party show a deliberate, contumacious, and unwarranted disregard of the court's authority. | Dismissing an action against a plaintiff or entering judgment against a defendant "is the most drastic of sanctions and should *8 be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation." Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp., 307 Ill.App.3d 48, 51, 240 Ill.Dec. 215, 716 N.E.2d 809 (1999).These sanctions should be imposed only " where the actions of the party show a deliberate, contumacious and unwarranted disregard of the court's authority. | "Is dismissing an action against a plaintiff or entering judgment against a defendant, the most drastic of sanctions?" |

| 4787 | Gray Holdco, Inc. v. Cassady, 654 F.3d 444, 456 (3rd Cir. 2011) | 13 | Where the party moving for a preliminary injunction does so before filing for arbitration, it can avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future. | Even where the party moving for a preliminary injunction does so before filing for arbitration, it can avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future. | Can a party moving for a preliminary injunction avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future? |
| --- | --- | --- | --- | --- | --- |
| 4789 | 145 Kisco Ave. Corp. v. Dufner Enterprises, Inc., 198 A.D.2d 482, 482–83, 604 N.Y.S.2d 963, 964 (1993) | 1 | When motion to dismiss for failure to state cause of action attacks pleading on its face, allegations of pleading are deemed to be true and pleader is entitled to every favorable inference that might be drawn. | It is well settled that when a motion to dismiss for failure to state a cause of action attacks the pleading on its face, the allegations of the pleading are deemed to be true, and the pleader is entitled to every favorable inference that might be drawn therefrom (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 389 N.Y.S.2d 314, 357 N.E.2d 970; Toma v. Charbonneau, 186 A.D.2d 846, 588 N.Y.S.2d 219; Licensing Dev. Group v. Freedman, 184 A.D.2d 682, 585 N.Y.S.2d 456; Mark Hampton, Inc. v. Bergreen, 173 A.D.2d 220, 570 N.Y.S.2d 799; Siegel, N.Y.Prac. § 265 [2d ed.], at 394–395). | "When a motion to dismiss attacks the pleading on its face, are the allegations of the pleading deemed to be true?" |
| 4790 | Kantrowitz & Goldhamer, P.C. v. Geller, 265 A.D.2d 529, 529, 697 N.Y.S.2d 137, 137 (1999) | 1 | Bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action. | Bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action (see, Morone v. Morone, 50 N.Y.2d 481, 429 N.Y.S.2d 592, 413 N.E.2d 1154; Meyer v. Guinta, 262 A.D.2d 463, 692 N.Y.S.2d 159). | Are bare legal conclusions and factual claims which are flatly contradicted by the evidence not presumed to be true on a motion to dismiss? |
| 4793 | Mathews v. Diaz, 426 U.S. 67, 78–79 (1976) | 7 | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. | Are aliens protected by the Due Process Clause? |

| | | | | | |
|---|---|---|---|---|---|
| 4794 | Ward v. Stanford, 443 S.W.3d 334, 343 (Tex. App. 2014) | 10 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer. Id. at 407 (citing TEX. BUS. & COM.CODE ANN. § 3.104(a)). A note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | "Can a promise to pay, in a promissory note, not unconditional, and does not involve a sum certain, be a note of negotiable instrument ?" |
| 4795 | Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 875–76 (C.A.6 (Ky.),2006) | 2 | When a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the Truth in Lending Act (TILA) permits the borrower to rescind the loan agreement up to three business days after the transaction. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | "[W]hen a loan made in a consumer credit transaction is secured by the borrower's principal dwelling," the Act permits the borrower to "rescind the loan agreement," Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), up to three business days after the transaction, see 15 U.S.C. 1635(a). | Does a consumer-borrower have the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction? |
| 4798 | Arkansas State Claims Com'n v. Duit Const. Co., Inc., 445 S.W.3d 496, 503, 2014 Ark 432, 8 (Ark., 2014) | 12 | For purposes of a motion to dismiss, courts treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. | For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. | "For purposes of a motion to dismiss, do courts treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation?" |
| 4799 | In re Est. of Boyar, 2012 IL App (1st) 111013, ¶ 27, 964 N.E.2d 1248, 1257, rev'd, 2013 IL 113655, ¶ 27, 986 N.E.2d 1170 | 2 | In ruling on a motion to dismiss based upon certain defects or defenses, all pleadings and supporting documents must be construed in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | In ruling on a section 2–619 motion, all pleadings and supporting documents must be construed in the light most favorable to the nonmoving party. | "In ruling on a motion to dismiss based upon certain defects or defenses, should all pleadings and supporting documents be construed in the light most favorable to the nonmoving party?" |
| 4801 | Yoon Ja Kim v. James Jh Song, 2016 IL App (1st) 150614-B, ¶ 41, 61 N.E.3d 184, 194 | 6 | In ruling on a motion to dismiss the complaint for legal insufficiency, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom; the question is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. S.H.A. 735 ILCS 5/2-615. | In ruling on a section 2–615 motion, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom. Id. The question is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. | "Considering the sufficiency of complaint, does a court accept as true all well-pleaded allegations and all reasonable inferences that can be drawn therefrom?" |

| 4802 | Grimes v. Saikley, 388 Ill.App.3d 802, 810 (2009) | 1 | In ruling on a motion to dismiss, the trial court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmoving party. | In ruling on a motion to dismiss under either section 2-615 or section 2-619 of the Code, the trial court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmoving party. | "In ruling on a motion to dismiss for failure to state claim, should a court accept as true all well-pleaded facts in a complaint and all reasonable inferences which can be drawn therefrom?" |
| 4803 | Shulver v. Slocum, 566 So. 2d 1089, 1091 (La.App. 2 Cir., 1990) | 2 | Exceptions to five-year rule of abandonment of action are recognized when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. art. 561. | Two exceptions to the five year rule of abandonment are recognized by the courts: when the failure to prosecute was caused by circumstances beyond plaintiff's control; and, when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Article 561 is to be liberally interpreted and any action or step taken to move a case toward judgment should be considered. | When are exceptions to the five-year rule of abandonment of action recognized? |
| 4804 | King v. Bankerd, 303 Md. 98, 107 (Md., 1985) | 8 | Agent holding broad power of attorney lacks power to make gift of principal's property unless that power is expressly conferred, arises as a necessary implication from conferred powers, or is clearly intended by parties as evidenced by surrounding facts and circumstances. | For the reasons below, we conclude that an agent holding a broad power of attorney lacks the power to make a gift of the principal's property, unless that power (1) is expressly conferred, (2) arises as a necessary implication from the conferred powers, or (3) is clearly intended by the **613 parties, as evidenced by the surrounding facts and circumstances. | Should authority be expressly conferred in a Power of Attorney? |
| 4806 | Mowatt v. U.S. Parole Com'n, 815 F.Supp.2d 199, 204 (D.D.C.,2011) | 6 | To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff need only plead enough facts to state a claim to relief that is plausible on its face, as opposed to merely conceivable. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable. | "To survive a 12(b)(6) motion to dismiss, should a complaint plead enough facts to state a claim to relief that is plausible on its face?" |
| 4809 | Harris v. Barbera, 96 A.D.3d 904, 906, 947 N.Y.S.2d 548, 550 (2012) | 6 | A court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true. | Moreover, "[a] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Kopelowitz & Co., Inc. v. Mann, 83 A.D.3d at 797, 921 N.Y.S.2d 108 [citations and internal quotation marks omitted] ). | Can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint? |

| 4810 | Lomelo v. Schultz, 422 So. 2d 1050, 1051 (Fla. Dist. Ct. App. 1982) | 2 | Motion to dismiss raises question of sufficiency of facts alleged to state cause of action and complaint need not anticipate affirmative defenses. | A motion to dismiss raises the question of the sufficiency of facts alleged to state a cause of action. Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968). The complaint need not anticipate affirmative defenses. | "In order to defeat a motion to dismiss, should a complaint only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses?  " |
|---|---|---|---|---|---|
| 4813 | Walker v. Columbus Ins. Agency, 156 Ga. App. 199, 200, 274 S.E.2d 159, 160–61 (1980) | 2 | Under "three minute" rule, when case is sounded for trial, parties shall immediately announce ready or move for continuance, and if three minutes shall elapse before announcement or motion to continue, case will be dismissed. Code, SS 24-3341, 81A-141(b) | Under the "three minute" rule (Code Ann. s 24-3341), when a case is sounded for trial the parties shall immediately announce ready or move for continuance and if three minutes shall elapse "before the announcement or motion to continue, the plaintiff's case will be dismissed." | Will case be dismissed if three minutes shall elapse before announcement or motion to continue? |
| 4817 | Nowak v. Capitol Motors, Inc., 158 Conn. 65, 69 (Conn. 1969) | 2 | To establish apparent authority, acts of principal must be such that (1) principal held agent out as possessing sufficient authority to embrace act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof person dealing with agent, acting in good faith, reasonably believed, under all circumstances, that agent had necessary authority. | And the acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority. | Can apparent authority be determined by the agents own act? |
| 4818 | Meadowbrook-Richman, Inc. v. Associated Financial Corp., 253 F.Supp.2d 666, 677 (S.D.N.Y., 2003) | 11 | Where an agent defends a suit arising out of a business properly conducted on the principal's behalf, the agent is entitled to indemnification of its legal fees, under New York law. | "Where an agent defends a suit arising out of a business properly conducted on the principal's behalf, it is black-letter law that the agent is entitled to indemnification of its legal fees." | Is an agent entitled to indemnification of the legal fee to defend a suit arising out of a business properly conducted on the principal's behalf? |
| 4819 | Com. v. Eastern Motor Exp., Inc., 157 A.2d 79, 89, 398 Pa. 279, 297 (Pa. 1959) | 5 | While it is true that what a tax or an act is called by the Legislature is entitled to weight and is prima facie what it is, the nature of the tax, in the last analysis, depends not upon its label but on its incidence, i. e., its practical operation and effect. | However, while it is true that what a tax or an Act is called by the Legislature, is entitled to weight and is prima facie what it is, it is well settled that in the last analysis the nature of the tax depends not upon its label, but upon its incidence, i. e., its practical operation and effect. | "Does the nature of the tax depend upon its incidence, i. e., its practical operation and effect?" |
| 4821 | Berkowski v. St. Louis Cnty. Bd. of Election Com'rs, 854 S.W.2d 819, 823 (Mo.App. E.D. 1993) | 4 | In assessing sufficiency of petition, all facts properly pleaded are assumed true, averments are given literal construction, and petition is accorded all reasonable inferences fairly deductible from facts stated, but mere conclusions of pleader not supported by factual allegations are disregarded. | In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated. Commercial Bank of St. Louis Co. v. James, 658 S.W.2d 17, 21-22 (Mo. banc 1983). However, mere conclusions of the pleader not supported by factual allegations are disregarded. | "In assessing sufficiency of a petition, are all facts properly pleaded taken as true and averments given liberal construction?" |

| | | | | | |
|---|---|---|---|---|---|
| 4822 | Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex.App. Hous. [14 Dist.],1993) | 1 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or at trial, (2) when the case has not been disposed of within the supreme court's guidelines, and (3) when a case has not been prosecuted with due diligence. City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no writ). The trial court's authority to dismiss is derived both from TEX.R.CIV.P. 165 and its own inherent powers. | Can court dismiss case for want of prosecution when party fails to appear at a hearing or at trial? |
| 4824 | Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178, 1181 (C.A.Ga., 1982) | 4 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Strict technical compliance, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. | "Does the strict technical compliance, regardless of actual injury, promote the standardization of credit terms for the benefit of only an individual claimant?" |
| 4825 | McDade v. Siazon, 208 N.J. 463, 480 (N.J., 2011) | 18 | "Equitable estoppel" is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. | Equitable estoppel "is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. | Is equitable estoppel conduct which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law? |
| 4826 | Layton v. Cook, 248 Miss. 690, 696–97 (Miss. 1964) | 3 | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, 'and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal. | Is pedestrians right and rights of one operating a vehicle mutual? |
| 4828 | Esworthy v. Williams, 678 P.2d 1149, 1150, 100 Nev. 212, 213–14 (Nev.,1984) | 2 | When party has been accurately notified of time and place of hearing, party's failure to appear may amount to failure to prosecute and may be proper ground for dismissal. Rules Civ.Proc., Rule 41. | When a party has been accurately notified of the time and *214 place of a hearing, the party's failure to appear may amount to failure to prosecute and may be a proper ground for dismissal. | Does a party's failure to appear amount to failure to prosecute and is a proper ground for dismissal where party has been accurately notified of time and place of hearing? |
| 4829 | Farber v. Green Shoe Mfg. Co., 596 P.2d 398, 400, 42 Colo.App. 255, 256–57 (Colo.App., 1979) | 3 | A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence. Rules of Civil Procedure, rule 41(b)(1). | A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence. | Should a motion to dismiss for want of prosecution be granted if plaintiff resumes diligent prosecution of his claim? |

| | | | | | |
|---|---|---|---|---|---|
| 4831 | Popkin v. Crispen, 213 So.2d 445, 448 (Fla.App. 1968) | 5 | Judicial restraint should be practiced in the courts' inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having the merits of cause adjudicated. 30 F.S.A. Rules of Civil Procedure, rule 1.420(e). | We feel that judicial restraint should be practiced in the courts' inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having the merits of his cause adjudicated. | Should judicial restraint be practiced in the courts' inherent power to dismiss actions for want of prosecution? |
| 4832 | Hartmann Realtors v. Biffar, 13 N.E.3d 350, 356 (Ill. App. 2014) | 4 | When deciding a motion to dismiss for failure to state a claim, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. S.H.A. 735 ILCS 5/2-615. | When deciding a section 2-615 motion to dismiss, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. | "In ruling on a motion to dismiss, can the court not consider affidavits and documentary evidence not incorporated into the pleadings as exhibits?" |
| 4833 | Quinones v. Schaap, 91 A.D.3d 739, 740, 937 N.Y.S.2d 262, 264 (2012) | 3 | A court may consider any factual submissions made in opposition to a motion to dismiss for failure to state a cause of action in order to remedy pleading defects. McKinney's CPLR 3211(c). | In addition, a court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects (see CPLR 3211[c]; Ryan v. Cover, 75 A.D.3d 502, 503, 904 N.Y.S.2d 750; Tarzia v. Brookhaven Natl. Lab., 247 A.D.2d 605, 669 N.Y.S.2d 230). | Can a court consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects? |
| 4835 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318, 321 (Tex. App. 1940) | 1 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Every agency carries with it, or includes in it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, expressed or implied. | Does an agency carry with it all the powers which are necessary to effectuate the purpose for which it was created? |
| 4836 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318, 321 (Tex. App. 1940) | 1 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Every agency carries with it, or includes in it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, expressed or implied. | Does the agency carry all powers necessary to effectuate the purpose for which it was created? |
| 4837 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318, 321 (Tex. App. 1940) | 1 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Every agency carries with it, or includes in it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, expressed or implied. | Is there any distinction to the powers of an agent if the authority given is express or implied? |

| 4838 | Jones v. Bank of Chapel Hill, 1 S.E.2d 135, 136 (N.C. 1939) | 3 | A principal is liable on agent's contracts, made within scope of agent's actual authority, or his apparent authority, unless third person has notice that agent is exceeding actual authority, and on agent's contracts ratified by the principal. | In Tiffany on Agency, Chap. VIII, p. 180, it is held: "The principal is liable upon a contract duly made by his agent with a third person—(1) When the agent acts within the scope of his actual authority; (2) When the contract, although unauthorized, has been ratified; (3) When the agent acts within the scope of his apparent authority, unless the third person has notice that the agent is exceeding his actual authority. | Is the principal liable upon a contract made by his agent with a third person when the third person has notice that the agent is exceeding his actual authority? |
| 4839 | Morpul Research Corp. v. Westover Hardware, Inc., 263 N.C. 718, 721 (N.C. 1965) | 2 | A general agent may usually bind principal as to all acts within scope of agency including not only authority actually conferred but such as is usually confided to agent employed to transact business, and as to third persons, "real and apparent authority" is one and same and may not be restricted by special or private instructions of principal, unless limitations are known to such persons or act or power in question is of such unusual character as to put man of reasonable business prudence upon inquiry as to existence of particular authority claimed. | And it is the recognized rule that such an agent may usually bind his principal as to all acts within the scope of his agency including not only the authority actually conferred, but such as is usually 'confided to an agent employed to transact the business which is given him to do,' and it is held that, as to third persons, this real and apparent authority is one and the same, and may not be restricted by special or private instructions of the principal, unless the limitations sought to be placed upon it are known to such persons, or the act or power in question is of such unusual character as to put a man of reasonable business prudence upon inquiry as to the existence of the particular authority claimed. | Can the principal be held liable if he ratifies an unauthorized contract made by his agent with a third person? |
| 4840 | Bethel School Dist. No. 403 v. Fraser, 106 S.Ct. 3159, 3166, 478 U.S. 675, 686 (U.S.Wash., 1986) | 7 | Given school's need to be able to impose disciplinary sanctions for wide range of unanticipated conduct disruptive of educational process, school disciplinary rules need not be as detailed as criminal code which imposes criminal sanctions. | Given the school's need to be able to impose disciplinary sanctions for a wide range of unanticipated conduct disruptive of the educational process, the school disciplinary rules need not be as detailed as a criminal code which imposes criminal sanctions. | Do school disciplinary rules need to be as detailed as a criminal code when imposes criminal sanctions? |
| 4841 | State ex rel. State Highway Commission v. Johns, 507 S.W.2d 75, 78 (Mo.App. 1974) | 2 | Public highways belong, from side to side, and end to end, to the public and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public. | "Public highways belong, from side to side and end to end, to the public,' and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public. | Do public highway belong from side to side and end to end to the public? |

| | | | | | |
|---|---|---|---|---|---|
| 4843 | Tierney v. Burlington N. R. Co., 240 Ill. App. 3d 526, 529 (Ill.App. 1 Dist., 1992) | 2 | Effect of voluntary dismissal without prejudice is to render proceedings a nullity and leave parties in same position as if case had never been filed. | 398.) However, it is well settled that the effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed. | Is the effect of a dismissal without prejudice to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed? |
| 4845 | Nelson v. Baptist Memorial Hospital-North Mississippi, Inc., 972 So.2d 667, 674 (Miss.App.,2007) | 10 | Dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. | On the other hand, dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. Miss. Dep't of Human Servs. | "Is dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, extreme and harsh?" |
| 4846 | Porter v. Grayson Cnty., 224 S.W.3d 855, 860 (Tex. App. 2007) | 16 | If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action, and such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. | But if a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. Id. Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. | "As a general rule, is a dismissal with prejudice improper when the plaintiff is capable of remedying the jurisdictional defect?" |
| 4847 | Kosmowski v. Atlantic City Medical Center, 175 N.J. 568, 575 (N.J.,2003) | 6 | Because dismissal with prejudice is the ultimate sanction when an expert is unavailable for the first time, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party. | Because "dismissal with prejudice is the ultimate sanction [when an expert is unavailable for the first time], it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." | Will dismissal with prejudice normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party? |
| 4848 | Missisippi Dept. of Human Services v. Guidry, 830 So.2d 628, 632 (Miss.,2002) | 8 | Dismissal of action with prejudice is extreme and harsh sanction that deprives litigant of opportunity to pursue his claim, and any dismissals with prejudice are reserved for most egregious cases. | This Court is mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." | "Is dismissal of action with prejudice an extreme and harsh sanction that deprives litigant of opportunity to pursue his claim, and any dismissals with prejudice are reserved for most egregious cases?" |
| 4849 | Light v. Womack, 113 S.W.3d 872, 874 (Tex. App. 2003) | 4 | A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; if the deficiency in the inmate's suit may be remedied in a subsequent filing, then a dismissal with prejudice is improper. V.T.C.A., Civil Practice & Remedies Code S 14.004. | A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits. Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.App.-Beaumont 2001, no pet.). If the deficiency in the inmate's suit may be remedied in a subsequent filing, then a dismissal with prejudice is improper. | Is a dismissal for failure to comply with the rules governing the filing of in forma pauperis suits not a ruling on the merits? |

| 4850 | Kamm's Estate v. C.I.R., 349 F.2d 953, 956 (C.A.N.J. 1965) | 5 | Fact that an agent represents several sellers who have given various instructions concerning disposition of their several shares and proceeds does not derogate from individual agency relation between each seller and common agent. | Of course, the fact that an agent represents several sellers, who have given various instructions concerning the disposition of their several shares in the proceeds, does not derogate from the individual agency relation between each seller and the common agent. | Will the fact that an agent represents several sellers derogate from the individual agency relation between each seller and the common agent? |
|---|---|---|---|---|---|
| 4851 | Arizona v. United States, 567 U.S. 387, 394–95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the Federal Government have sovereign power to control and conduct relations with foreign nations? |
| 4852 | Takahashi v. Fish and Game Commission, 68 S.Ct. 1138, 1142, 334 U.S. 410, 419 (U.S. 1948) | 5 | State laws which impose discriminatory burdens upon entrance or residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | State laws which impose discriminatory burdens upon the entrance or residence of aliens lawfully within the United States conflict with this constitutionally derived federal power to regulate immigration, and have accordingly been held invalid. | Can states enact laws imposing discriminatory burdens upon the residence of aliens? |
| 4853 | Takahashi v. Fish and Game Commission, 68 S.Ct. 1138, 1142, 334 U.S. 410, 419 (U.S. 1948) | 5 | State laws which impose discriminatory burdens upon entrance or residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | State laws which impose discriminatory burdens upon the entrance or residence of aliens lawfully within the United States conflict with this constitutionally derived federal power to regulate immigration, and have accordingly been held invalid. | Are state laws which impose discriminatory burdens upon the entrance of aliens valid? |
| 4854 | Bonhiver v. State Bank of Clearing, 331 N.E.2d 390, 397, 29 Ill.App.3d 794, 803 (Ill.App. 1975) | 3 | A nonnegotiable time certificate of deposit is transferable by assignment; the bank's obligation is to pay the payee or assignee but the assignee stands in no better position than his assignor when demand for payment is made. | It has been the opinion of this court that a time certificate of deposit is transferable by assignment and the bank's obligation is to pay the assignee, who stands in no better position than the assignor when demand for payment is made | Is time certificate of deposit transferable by assignment and the bank obliged to pay the payee or assignee? |
| 4856 | Landon v. Jarvis, 255 Ill.App.3d 439, 446 (Ill.App. 1 Dist., 1993) | 7 | Motion to dismiss raising affirmative matter affords parties and court means of disposing of issues of law or of easily proved facts at the onset of case; if defects are not apparent on face of pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Ill.Rev.Stat.1991, ch. 110, P 2-619. | A section 2-619 motion to dismiss affords parties and the court a means of disposing of issues of law or of easily proved facts at the onset of a case. If defects are not apparent on the face of the pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. | Can affidavits be employed to bring to light affirmative matters which would bar litigation if defects are not apparent on face of pleadings? |

| 4857 | Gardner v. Hollifield, 96 Idaho 609, 611 (1975) | 4 | If affirmative defense is not disclosed by complaint itself defense may not be raised by motion to dismiss except for matters outside the pleading are presented to and not excluded by court, in which case, the motion shall be treated as one for summary judgment. Rules of Civil Procedure, rule 12(b)(6). | If an affirmative defense is not disclosed by the complaint itself, the defense may not be raised by motion to dismiss, except where 'matters outside the pleading are presented to and not excluded by the court,' in which case 'the motion shall be treated as one for summary judgment.' | Can an affirmative defense be raised by motion to dismiss if it is not disclosed by complaint? |
| 4858 | Croft v. Young, 188 So.2d 859, 860 (Fla.App. 1966) | 2 | Affirmative defenses may not be asserted as grounds for motion to dismiss complaint, even though availability of defense as bar to action may appear on face of complaint. 30 F.S.A. Rules of Civil Procedure, rule 1.8(d). | Williams this court held that affirmative defenses may not be asserted as grounds for a motion to dismiss a complaint, even though the availability of the defense as a bar to the action may appear on the face of the complaint. 2  It is not contended that such affirmative defenses, even though not pleaded, were tried by the express or implied consent of the parties as permitted by the applicable rules of procedure. | Can affirmative defenses be asserted even though availability of defense as bar to action may appear on face of complaint? |
| 4862 | Doe v. Visionaire Corp., 13 S.W.3d 674, 676 (Mo.App. E.D.,2000) | 6 | Dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided, as exception to general rule that dismissal without prejudice is not final and appealable. | A dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. | "Is a dismissal without prejudice not a final judgment and, therefore cannot be appealed?" |
| 4863 | Cornelius v. CJ Morrill, 302 S.W.3d 176, 179 (Mo.App. E.D.,2009) | 2 | A pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | However, "a pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | Will the defense be interposed by motion to dismiss without the necessity of a specific motion or answer? |
| 4864 | Missner v. Clifford, 393 Ill.App.3d 751, 759–60 (Ill.App. 1 Dist., 2009) | 3 | When reviewing a motion to dismiss, the circuit court must determine whether the motion and the documents supporting it disclose any disputed issues of fact and, ultimately, whether the affirmative defense negates the plaintiff's cause of action in its entirety. S.H.A. 735 ILCS 5/2-619(a)(9). | However, in the end, it is a distinction without a difference. When reviewing a motion to dismiss under section 2-619, the circuit court must determine whether the motion and the documents supporting it disclose any disputed issues of fact and, ultimately, whether the affirmative *760 defense negates the plaintiff's cause of action in its entirety. | What should the court determine when reviewing a motion to dismiss? |
| 4865 | Tyler v. Gibbons, 368 Ill. App. 3d 126, 128 (Ill.App. 3 Dist., 2006) | 2 | An involuntary dismissal motion raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion to dismiss raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law. . | Will an involuntary dismissal motion raise certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law? |

| | | | | | |
|---|---|---|---|---|---|
| 4866 | In re Mario S., 38 Misc. 3d 444, 455–56, 954 N.Y.S.2d 843, 852–53 (Fam. Ct. 2012) | 12 | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c) | The function of the juvenile court in deciding an application for special findings which would permit a juvenile to file an application for adjustment of status as a special immigrant juvenile is limited in scope. The juvenile court is simply called upon to determine whether, under state law, the juvenile is under the age of 21, unmarried, dependent upon the court through an order of placement or other court order, whether reunification with one or both of the juvenile's parents is not possible due to abuse, neglect, or abandonment of the child, and whether it would be contrary to the juvenile's best interest to be returned to his or her previous country of nationality.<br><br>The statute and regulation commit these specific and limited issues to state juvenile courts. The juvenile court need not determine any other issues, such as what the motivation of the juvenile in making application for the required findings might be (In the Interest of T.J., 59 So.3d 1187, 1191 [Fla. Ct. App.2011]; F.L.M. v. Department of Children and Families, 912 | Should a juvenile court be concerned with whether the juvenile application constitutes a potential misuse of SIJS provisions? |
| 4867 | Michigan Hospital Service v. Sharpe, 339 Mich. 357, 370 (Mi. 1954) | 1 | If there is no hazard or peril, as contemplated by statute defining insurance, but a mere contract entitling certificate holders to medical services or supplies at reduced rates, contract is not one of "insurance". Comp.Laws 1948, S 550.501 et seq. | If there is no hazard or peril, as contemplated by a statute defining insurance, but a mere contract entitling certificate holders to medical services or supplies at free or reduced rates, the contract is not one of insurance.' | Does a contract entitling certificate holders to medical services or supplies at free or reduced rates amount to insurance? |
| 4868 | Bailey v. B. F. Coggins Granite & Marble Industries, 14 S.E.2d 568, 569, 192 Ga. 72, 74 (Ga. 1941) | 2 | Essential facts giving rise to cause of action must be pleaded directly and positively, and, although the facts not within complainant's personal knowledge may in certain instances be charged upon information and belief, it must nevertheless be charged as a fact. | To obviate such indefiniteness those essential facts giving rise to the cause of action must be pleaded directly and positively; and although in certain instances a fact not within the personal knowledge of the complainant may be charged upon information and belief, it must nevertheless by charged as a fact. | Should facts be pleaded directly and positively? |
| 4870 | Ackerman v. Sobol Family Partnership, LLP, 4 A.3d 288, 299, 298 Conn. 495, 509 (Conn., 2010) | 12 | The principal can properly give notification of the termination of the agent's apparent authority by giving publicity by some method reasonably adapted to give the information to such third person. Restatement (Second) of Agency S 136(3). | In addition, the principal can properly give notification of the termination of the agent's authority by ... (b) giving publicity by some ... method reasonably adapted to give the information to such third person. | Can a principal give notification of the termination of the agent's authority by any method reasonably adapted to give the information to such third person? |

| 4871 | Wallace Berrie & Co. v. State Bd. of Equalization, 40 Cal. 3d 60, 66, 707 P.2d 204, 208–09 (1985) | 5 | Sales and use taxes are mutually exclusive but complementary, and designed to exact equal tax based upon percentage of purchase price of property in question. | The two taxes, sales and use, are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. | "Are the two taxes, sales and use designed to exact an equal tax based on a percentage of the purchase price of the property in question?" |
| --- | --- | --- | --- | --- | --- |
| 4872 | Arborwood Idaho, L.L.C. v. City of Kennewick, 89 P.3d 217, 222, 151 Wash.2d 359, 367 (Wash.,2004) | 7 | An assessment is a valid excise tax if (1) the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise tax, and (2) the element of absolute and unavoidable demand is lacking. | Our cases establish that an assessment is a valid excise tax if (1) the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise tax, and (2) the element of absolute and unavoidable demand is lacking. | When is an assessment a valid excise tax? |
| 4873 | Spritzer v. United States, 968 F. Supp. 206, 209-210 (D.N.J., 1997) | 6 | Penalties imposed under False Claims Act (FCA) are civil and do not constitute "punishment," and thus, imposition of civil penalties subsequent to court order of restitution does not facially violate Fifth Amendment's double jeopardy clause, though in rare case civil penalty may be so disproportionate to damages caused as to constitute "punishment." U.S.C.A. Const.Amend. 5. | Penalties imposed under the FCA are civil and do not constitute punishment; thus, the imposition of civil penalties subsequent to a court order of restitution does not facially violate the Fifth Amendment's double jeopardy clause. See  *210  Halper, 490 U.S. at 442, 109 S.Ct. at 1898-99.In the "rare case," however, a civil penalty may be so disproportionate to the damages caused as to constitute punishment. | "Are penalties imposed under the False Claims Act civil and do not constitute ""punishment""?" |
| 4876 | Frangis v. Duquesne Light Co., 232 Pa.Super. 420, 423 (1975) | 2 | In passing on motion to remove judgment of compulsory nonsuit, plaintiff must be given benefit of all evidence favorable to him, together with all reasonable inferences of fact arising from evidence and all conflicts in evidence must be resolved in favor of plaintiff. | In passing on a motion to remove a judgment of compulsory non-suit, the plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising from the evidence. Further, all conflicts in the evidence must be resolved in favor of the plaintiff. | "In passing on motion to remove judgment of compulsory nonsuit, should a plaintiff be given a benefit of all evidence favorable to him?" |
| 4877 | Moore v. Gannon, 178 So.2d 618, 620 (Fla.App., 1965) | 1 | The good cause necessary under statute to reinstate a suit dismissed for failure to prosecute must essentially be made to appear by petition for reinstatement. F.S.A. S 45.19. | The good cause necessary under the statute to reinstate a suit dismissed for failure to prosecute must essentially be made to appear by the petition for reinstatement. | Should the good cause necessary under statute to reinstate a suit dismissed for failure to prosecute essentially be made to appear by petition for reinstatement? |

| 4878 | Dobroslavic v. Bexar Appraisal Dist., 397 S.W.3d 725, 728–29 (Tex. App. 2012) | 5 | Plaintiffs received adequate notice of trial court's intent to dismiss for want of prosecution either under the rules of civil procedure for failure to comply with time standards established by the Texas Supreme Court or under the trial court's inherent authority, where the trial court clerk's notice did not make dismissal contingent on plaintiffs' failure to make an announcement, and the notice expressly stated that plaintiffs' case had been "on file for an extended period of time," that it had "not been prosecuted," that "the court (was) of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal," and that the case would be dismissed "unless good and sufficient cause" was "shown for (its) retention on the docket." Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(2). | In the present case, the notice does not make dismissal contingent on the appellants' failure to make an announcement. Rather, the notice expressly states that appellants' case had been "on file for an extended period of time" and had "not been prosecuted," and that "the court [was] of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal." When considered as a whole, the dismissal notice in this case could fairly be read as informing the plaintiffs of the trial court's intent to dismiss for want of prosecution under either Rule 165a(2) for failure to comply with time standards established by the Texas Supreme Court or the trial court's inherent authority. | "Once prima facie case of lack of notice is established under a rule extending time to set aside dismissal for want of prosecution, does failure to hold a hearing and make a finding constitute abuse of discretion?" |
| 4880 | Ellmossallamy v. Huntsman, 830 S.W.2d 299, 302 (Tex.App. Hous. [14 Dist.],1992) | 4 | Motion to reinstate provides dismissed plaintiff the opportunity to explain failure to prosecute with due diligence and ask trial court to reconsider its decision to dismiss. | A motion for reinstatement essentially provides an opportunity for the dismissed plaintiff to explain his failure to prosecute with due diligence and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. | Does a motion to reinstate provide a dismissed plaintiff the opportunity to explain the failure to prosecute with due diligence? |
| 4882 | McKane Family Limited Partnership v. Sacajawea Family Limited Partnership, 211 So.3d 117, 121 (Fla.App. 4 Dist., 2017) | 6 | A party's failure to comply with a statute's pleading requirement that a pre-suit demand be made is not necessarily fatal, and the demand may be made post-suit and alleged in an amended complaint. | We find that, likewise, a party's failure to comply with a statute's pleading requirement that a pre-suit demand was made is not necessarily fatal and that the demand may be made post-suit and alleged in an amended complaint. Based on the foregoing, we reverse the trial court's dismissal with prejudice of the unjust enrichment claim and the derivative claims. | Is a party's failure to comply with a statute's pleading requirement that a pre-suit demand be made not necessarily fatal? |
| 4883 | Delia & Wilson, Inc. v. Wilson, 448 So. 2d 621, 622 (Fla. Dist. Ct. App. 1984) | 2 | A dismissal with prejudice should not be ordered without giving party offering the defective pleading an opportunity to amend unless it is clear that pleading cannot be amended so as to state a cause of action. | A dismissal with prejudice should not be ordered without giving the party offering the defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice not be ordered without giving the party an opportunity to amend unless it is clear the pleading cannot be amended? |
| 4884 | City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex.App. Austin,1998) | 7 | If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | Thus, if the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | "When the plaintiff's pleadings show a lack of jurisdiction, is the proper remedy to allow the plaintiff an opportunity to amend before dismissing?" |

| 4885 | Henderson v. Blalock, 465 S.W.3d 318, 321 (Tex. App. 2015) | 3 | A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) the Rules of Civil Procedure; and (2) the trial court's inherent authority to manage its own docket. Tex. R. Civ. P. 165. | A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the trial court's inherent authority to manage its own docket. | Does a court's power to dismiss a case for want of prosecution stem from the Rules of Civil Procedure? |
| 4886 | Jenkins v. Tucker, 18 So. 3d 265, 269 (Miss. Ct. App. 2009) | 1 | Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. Rules Civ.Proc., Rule 41(b). | Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court's docket and ensuring the "orderly expedition of justice." | Is the authority inherent to the courts to dismiss an action for lack of prosecution necessary as a means to the orderly expedition of justice and the court's control of its own docket? |
| 4887 | Fox v. Wardy, 225 S.W.3d 198, 199 (Tex. App. 2005) | 3 | Decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. | The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. | Can the decision to dismiss a case for want of prosecution rest within the sound discretion of the trial court? |
| 4889 | Smith v. McKee, 145 S.W.3d 299, 302 (Tex. App. 2004) | 2 | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. | Does a court possess the inherent power to dismiss a case for want of prosecution independently of the rules of procedure? |
| 4890 | Stein v. Maryland State Police, 62 Md. App. 702, 705 (1985) | 1 | Decision whether a case ought to be dismissed for lack of prosecution generally rests in the sound discretion of the trial judge. Md.Rule 530. | The decision whether a case ought to be dismissed pursuant to Rule 530 for lack of prosecution generally rests in the sound discretion of the trial judge. | Does the decision whether a case ought to be dismissed for lack of prosecution generally rest in the sound discretion of the trial judge? |
| 4893 | Pine Tp. Water Co., Inc. v. Felmont Oil Corp., 425 Pa. Super. 473, 477 (1993) | 3 | In order to open non pros judgment, three factors must be satisfied, (1) petition to open must be promptly filed, (2) delay must be reasonably explained, and (3) facts must be shown to exist which support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | In order to open a non pros judgment three factors must be satisfied: 1) the petition to open must be promptly filed; 2) the delay must be reasonably explained; and 3) facts must be shown to exist which support a cause of action. Id. Pa.R.C.P. 3051. | "Before a court can grant petition to open judgment non pros, should there be a reasonable explanation or excuse for default?" |
| 4894 | Young v. United States, 94 Fed. Cl. 671, 677 (2010) | 14 | Board of Veterans' Appeals possesses jurisdiction to adjudicate claims for the recovery of separation pay deducted from veteran's disability compensation. 10 U.S.C.A. S 1174(h)(2); 38 U.S.C.A. SS 511(a), 7104. | Contrary to plaintiff's suggestion, the Board of Veterans' Appeals possesses jurisdiction to adjudicate claims for the recovery of separation pay deducted from veterans disability compensation by operation of section 1174(h)(2). | Does the Board of Veterans' Appeals possess jurisdiction to adjudicate claims for the recovery of separation pay deducted from veteran's disability compensation? |

| 4896 | In re P.S., 676 N.E.2d 656, 659, 221 Ill.Dec. 853, 856, 175 Ill.2d 79, 84 (Ill.,1997) | 2 | Civil in rem forfeiture action is not "punishment" for purposes of double jeopardy clause, and therefore, may be pursued independently of criminal action based on same underlying misconduct. U.S.C.A. Const.Amends. 5, 14. | In Ursery, the Supreme Court reaffirmed the view that a civil in rem forfeiture action is not punishment for purposes of the double jeopardy clause and therefore there may be pursued independently of a criminal action based on the same underlying misconduct. | Can civil in rem forfeiture action be pursued independently of a criminal action based on a same underlying misconduct? |
|---|---|---|---|---|---|
| 4897 | Creighton v. Hall, 310 F.3d 221, 226–27 (C.A.1 (Mass.),2002) | 8 | If defendant requests or consents to mistrial, "manifest necessity" standard does not apply, and Double Jeopardy Clause ordinarily will not bar retrial, even though the request/consent to mistrial is in response to prosecutorial or judicial error. U.S.C.A. Const.Amend. 5. | If, on the other hand, a defendant requests or consents to a mistrial, the "manifest necessity" standard does not apply and the Double Jeopardy Clause ordinarily will not bar retrial, even when the request or consent to a mistrial is in response to prosecutorial or judicial error. | "If defendant requests or consents to mistrial, does the ""manifest necessity"" standard not apply?" |
| 4898 | Gilliam v. Foster, 75 F.3d 881, 893 (4th Cir. 1996) | 6 | If criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, defendant may be retried in certain circumstances, and when defendant seeks or consents to grant of mistrial, double jeopardy clause does not bar his later retrial; however, when defendant opposes grant of mistrial, he may not be retried unless there was manifest necessity for grant of mistrial or failure to grant mistrial would have defeated ends of justice. U.S.C.A. Const.Amend. 5. | Nevertheless, if a criminal proceeding is terminated by mistrial without a final resolution of guilt or innocence, a defendant may be retried in certain circumstances. When a defendant seeks or consents to the grant of a mistrial, there is no bar to his later retrial. But, when a defendant opposes the grant of a mistrial, he may not be retried unless there was a manifest necessity for the grant of the mistrial or the failure to grant the mistrial would have defeated the ends of justice. | "If a criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, can a defendant be retried in certain circumstances?" |
| 4900 | Gilliam v. Foster, 75 F.3d 881, 893 (4th Cir. 1996) | 6 | If criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, defendant may be retried in certain circumstances, and when defendant seeks or consents to grant of mistrial, double jeopardy clause does not bar his later retrial; however, when defendant opposes grant of mistrial, he may not be retried unless there was manifest necessity for grant of mistrial or failure to grant mistrial would have defeated ends of justice. U.S.C.A. Const.Amend. 5. | Nevertheless, if a criminal proceeding is terminated by mistrial without a final resolution of guilt or innocence, a defendant may be retried in certain circumstances.15 Id. When a defendant seeks or consents to the grant of a mistrial, there is no bar to his later retrial.16 Kennedy, 456 U.S. at 672–73, 102 S.Ct. at 2087–88. But, when a defendant opposes the grant of a mistrial, he may not be retried unless there was a manifest necessity for the grant of the mistrial or the failure to grant the mistrial would have defeated the ends of justice. | "If a criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, can a defendant be retried in certain circumstances?" |

| 4901 | State v. Cornelious, 258 S.W.3d 461, 468 (Mo.App. W.D., 2008) | 13 | Generally, if the trial court declares a mistrial without the defendant's request for or consent to a mistrial, the double jeopardy clause bars retrial of the defendant. U.S.C.A. Const.Amend. 5. | Generally, if the trial court declares a mistrial without the defendant's request for or consent to a mistrial, the Double Jeopardy Clause bars retrial of the defendant. | "If the trial court declares a mistrial without the defendant's request for or consent to a mistrial, does the double jeopardy clause bar retrial of the defendant?" |
| 4902 | Dawkins v. Commonwealth, 41 S.E.2d 500, 503, 186 Va. 55, 61 (Va. 1947) | 3 | "Malice" inheres in the doing of a wrongful act intentionally or without just cause or excuse, or as a result of ill will, and it may be directly evidenced by words or inferred from acts and conduct which necessarily result in injury. | Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury. | "Does malice inherein the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will?" |
| 4903 | Kennedy v. Board of Sup'rs of Warminster Tp., 243 Pa.Super. 46, 52 (Pa.Super. 1976) | 2 | Requirements that must be met before judgment of non pros may be opened are: petition to open judgment should be timely filed; default must be reasonably explained or excused; and facts constituting grounds for cause of action should be alleged. Pa.R.C.P. No. 1037(a), 42 Pa.C.S.A. | The requirements that must be met before a judgment of non pros may be opened are as follows: (1) the petition to open should be timely filed; (2) the reason for the default -here the failure to file a complaint- must be reasonably explained, or excused; and (3) facts constituting grounds for a cause of action should be alleged. | "Before a judgment of non pros can be opened, should the petition to open be timely filed?" |
| 4904 | Haefner v. Sprague, 343 Pa. Super. 342, 345 (1985) | 1 | In situations in which claimants seek to reactivate complaints which were dismissed for unreasonable inactivity, it must be shown that the petition for reactivation is timely filed, the reason for inactivity must be reasonably explained, and facts constituting meritorious cause of action must be alleged. | Indeed, in International Telephone, supra, the court adopted an "open judgment" standard for reactivation of complaints which were dismissed for unreasonable inactivity. Thus, in such situations it must be shown that: (1) the petition [for reactivation] is timely filed; (2) the reason for default [inactivity] is reasonably explained; and, (3) facts constituting a meritorious cause of action are alleged. | "In order to show good cause to reactivate a complaint which has been terminated for unreasonable inactivity, should a petitioner show that a petition for reactivation is timely filed?" |
| 4907 | Mansfield v. State, 29 A.3d 569, 580, 422 Md. 269, 287 (Md., 2011) | 7 | Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | This is so in order to ensure fairness to the defendant: "Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's 'valued right to have his trial completed by a particular tribunal.' | Will the constitutional protection embrace the defendant's valued right if jeopardy is attached before the judgment becomes final? |
| 4908 | Sallee v. State, 785 N.E.2d 645, 653 (Ind.App., 2003) | 15 | Indiana's double jeopardy clause is violated when there is conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Under this formulation, Indiana's double jeopardy clause is violated when there is "conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." | Is double jeopardy clause violated when there is conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished? |

| 4909 | Attorney General of Texas, on Behalf of State of Wash. v. Rideaux, 838 S.W.2d 340, 341 (Tex.App. Hous. [1 Dist.],1992) | 1 | Trial court has inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court has both the inherent power and authority under rule 165a to dismiss a lawsuit for the party's failure to prosecute it with due diligence. | Does the trial court have inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence? |
| 4910 | Specie v. Howerton Elec. Co., 344 S.W.2d 314, 315 (Mo.App., 1961) | 1 | Definitions of words employer and employee, as well as whole of Workmen's Compensation Law, should be broadly and liberally construed to effectuate legislative intent to afford compensation to employees. Sections 287.020, 287.030 RSMo 1949, V.A.M.S. | Gianladis, Mo.App., 159 S.W.2d 706, 708, the court said: 'These definitions as well as the whole of the Workmen's Compensation Law should be broadly and liberally construed by the courts in order to effectuate the legislative intent to afford compensation to an employee * * *.' | "In Workmens Compensation law, how should the definition of employee be construed by the courts?" |
| 4911 | State v. Fennell, 431 Md. 500, 515–16 (2013) | 11 | Jeopardy attaches when the jury is empaneled and sworn, and thus, the defendant's right to be free from double jeopardy embraces also his right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Jeopardy attaches when the jury is empaneled and sworn, Illinois v. Somerville, 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425, 433 (1973); State v. Woodson, 338 Md. 322, 329, 658 A.2d 272, 276 (1995), and thus, the defendant's right to be free from double jeopardy embraces also his or her "right to have his [or her] trial completed by a particular **640 tribunal." | Will the defendant's right to be free from double jeopardy also embrace his right to have his trial completed by a particular tribunal? |
| 4912 | State v. Harris, 104 P.3d 1250, 1257-1258 (Utah, 2004) | 5 | Double jeopardy provisions in both the federal and state constitutions generally prohibit the state from making repeated attempts to convict an individual for the same offense after jeopardy has attached, which in jury trials occurs after a jury has been selected and sworn. U.S.C.A. Const.Amends. 5, 14; West's U.C.A. Const. Art. 1, S 12. | The double jeopardy provisions in both the United States 4 and Utah 5 Constitutions generally prohibit the State from making repeated attempts to convict an individual *1258 for the same offense after jeopardy has attached, which in jury trials occurs after a jury has been selected and sworn. | What does the double jeopardy provisions in both the federal and state constitutions generally prohibit? |
| 4913 | Hoyle v. Ada Cnty., 501 F.3d 1053, 1059–60 (9th Cir. 2007) | 4 | Under the Fifth Amendment, a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offense. U.S.C.A. Const.Amend. 5. | "It has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offense." | "Is a verdict of acquittal final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense even when not followed by any judgment?" |

| 4914 | Ex Parte Huddlestun, 505 S.W.3d 646, 656 (Tex.App.-Texarkana, 2016) | 2 | Despite the general prohibition against jeopardy-based trials, there are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial, including (1) if the criminal defendant consents to retrial or (2) there was a manifest necessity to grant a mistrial; these exceptions exist because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded and because those circumstances do not invariably create unfairness to the accused. U.S. Const. Amend. 5. | Yet, [d]espite the general prohibition against jeopardy-based trials, there are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial: (1) if the criminal defendant consents to retrial or (2) there was a manifest necessity to grant a mistrial. Id. at 769-70. These exceptions exist because of "the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused ...." Washington, 434 U.S. | Can a defendant be put in jeopardy by the state twice? |
| 4915 | People v. Smith, 128 Misc. 2d 733 | 2 | Where proof at trial falls below prescribed standard for conviction, accused is entitled to an acquittal and cannot constitutionally be thereafter tried on the charge; statutes, to extent that they could be construed to the contrary, are constitutionally unenforceable. U.S.C.A.Const. Amends. 5, 14; Const. art. 1, S 6; CPL 40.20, 280.20, 310.60, subd. 2, 360.55, 440.10, subd. 6, 470.55 | Moreover, where, at a trial, the proof falls below the prescribed standard for conviction, the accused is entitled as a matter of law to an acquittal (People v. Ledwon, 153 N.Y. 10, 46 N.E. 1046). Having previously been put at the risk of conviction, and been acquitted of the charge of criminal impersonation (see also, People v. Schwartzman, 24 N.Y.2d 241, 250, 299 N.Y.S.2d 817, 825, 247 N.E.2d 642, 647—648; People v. Vidal, 26 N.Y.2d 249, 253, 309 N.Y.S.2d 336, 339, 257 N.E.2d 886, 889), constitutionally defendant could not thereafter be tried on this charge (People v. Goldfarb, 152 App.Div. 870, 874, 138 N.Y.S. 62, 65, affd. 213 N.Y. 664, 107 N.E. 1083; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199).<br><br>To the extent that the cited sections of the Criminal Procedure Law may be construed to the contrary, they are constitutionally unenforceable. | "Where proof at trial falls below prescribed standard for conviction, is an accused entitled to an acquittal and cannot constitutionally be thereafter tried on the charge?" |

| 4916 | U.S. v. Hunt, 212 F.3d 539, 548–49 (C.A.10 (Colo.),2000) | 10 | An appeal is not barred on double jeopardy grounds simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment; rather, a defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. U.S.C.A. Const.Amend. 5. | It has been held, however, that "an appeal is not barred simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment.... Rather, a defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged." Scott, 437 U.S. at 96-97, 98 S.Ct. 2187 (citation and internal quotation marks omitted). | Is an appeal not barred on double jeopardy grounds simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment? |
| 4917 | U.S. v. One 1988 Prevost Liberty Motor Home, 952 F.Supp. 1180, 1202 (S.D.Tex.,1996) | 2 | In rem civil forfeiture is remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute punishment under Double Jeopardy Clause. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 981(a)(1)(A). | The Supreme Court has established that in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause. | "Is in rem civil forfeiture a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines?" |
| 4919 | Mansfield v. U.S., 800 F.Supp.2d 84, 88–89 (D.D.C.,2011) | 4 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause of the Fifth Amendment to the United States *89 Constitution 4  affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. | What are the three protections afforded by the double jeopardy clause? |
| 4923 | Love v. Morton, 112 F.3d 131, 133 (C.A.3 (N.J.),1997) | 2 | Mistrials declared with defendants' consent do not bar later prosecution and, even without their consent, defendants may be retried when, taking all circumstances into consideration, there is manifest necessity for mistrial, or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | Mistrials declared with the defendants' consent do not bar a later prosecution. United States v. Dinitz, 424 U.S. 600, 607, 96 S.Ct. 1075, 1079-1080, 47 L.Ed.2d 267 (1976). Even without their consent, defendants may be retried when, "taking all the circumstances into consideration, there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated. | Does a mistrial not bar further proceedings if there was a manifest necessity for declaring one? |
| 4926 | U.S. Commodity Futures Trading Com'n v. Hunter Wise Commodities, LLC, 1 F.Supp.3d 1311, 1316, n. 5, (S.D.Fla.,2014) | 1 | The Commodity Exchange Act is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | 5 The Commodity Exchange Act "is a remedial statute that serves the crucial purpose of protecting the innocent individual investor-who may know little about the intricacies and complexities of the commodities market-from being misled or deceived. | Is the Commodity Exchange Act a remedial statute to protect the innocent individual investor? |

| 4927 | Adkins v. Bordenkircher, 517 F.Supp. 390, 401 (D.C.W.Va., 1981) | 12 | At common law, questions of double jeopardy normally arose after conviction or acquittal but, under the Constitution, jeopardy attaches prior to judgment and double jeopardy protections are implicated when trial is terminated without a verdict. U.S.C.A.Const. Amends. 5, 14. | At common law questions of double jeopardy normally arose after conviction or acquittal, however, under the Constitution jeopardy attaches prior to judgment, United States v. Martin Linen Supply Co., 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977), and as a consequence, double jeopardy protections are implicated when, as in this case, trial is terminated without a verdict. | "At common law, do questions of double jeopardy normally arise after conviction or acquittal?" |
|------|------|------|------|------|------|
| 4928 | United States v. Sisk, 629 F.2d 1174, 1179 (C.A.6 (Tenn.), 1980) | 5 | Where a trial judge's uninvited error gives rise to juror prejudice, the judge may not discharge the jury and subject defendants to a second trial. U.S.C.A.Const. Amend. 5. | When it is a trial judge's uninvited error which gives rise to juror prejudice, the judge may not discharge the jury and subject defendants to a second trial. | "Where a trial judge's uninvited error gives rise to juror prejudice, can the judge not discharge the jury and subject defendants to a second trial?" |
| 4932 | Davis v. Farmers Ins. Grp. of Companies, 86 Mich. App. 45, 47, 272 N.W.2d 334, 336 (1978) | 2 | Statutes of limitations and notice provisions have different objectives; statutes of limitations are intended to prevent stale claims and put an end to fear of litigation while notice provisions are designed to provide time to investigate and to appropriate funds for settlement purposes. | Notice provisions have different objectives than statutes of limitation. Notice provisions are designed, Inter alia, to provide time to investigate and to appropriate funds for settlement purposes. Statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation. | How are notice provisions different from the statute of limitation? |
| 4933 | Standard Meat Co. v. Taco Kid of Springfield, Inc., 554 S.W.2d 592, 595 (Mo.App. 1977) | 3 | Although contemporaneous agreements dealing with same subject matter may be construed together as an aid in ascertaining intention of parties, this does not mean that those agreements constitute a single contract, for liability of guarantor remains primarily dependent upon guaranty contract. | While it is held that contemporaneous agreements dealing with the same subject matter may be construed together as an aid in ascertaining the intention of the parties, this does not mean that those agreements constitute a single contract (Elliott v. Richter, 496 S.W.2d 860, 864(2) (Mo.1973)) for the liability of the guarantor remains primarily dependent upon the guaranty contract. | Will a guaranty contract contain express conditions on the guarantors liability? |
| 4935 | Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992–93 (C.A.7 (Ill.), 2007) | 3 | Under Illinois law, contracts are interpreted according to the "four corners" rule, under which an agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it; intention must be determined by the language used and is not to be changed by extrinsic evidence. | Under Illinois law, which the parties agree governs, contracts are interpreted according to the *993 "four corners" rule: "[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined by the language used. It is not to be changed by extrinsic evidence." | What is the significance and purpose of the four corners rule under the US Law? |

| 4937 | In re Fahle's Estate, 105 N.E.2d 429, 431, 90 Ohio App. 195, 197–98 (Ohio App. 1950) | 3 | The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained, and wherever from competent evidence the trier of facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is "actual". | The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of **430 information obtained. Wherever from competent evidence the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. | What is the distinction between actual notice and constructive notice? |
| 4939 | Slater v. Varney, 136 W. Va. 406, 427 (1951) | 10 | A candidate who is ineligible or disqualified to hold office at time of election, in order to occupy it, must remove his disqualification at or before commencement of term of office to which he was elected according to election returns. | Application of this rule in this jurisdiction means that a candidate who is ineligible or disqualified to hold the office at the time of the election, in order to occupy it, must remove his disqualification at or before the commencement of the term of office to which he was elected according to the election returns. | Does a candidate who is ineligible or disqualified to hold the office at the time of the election have to remove his disqualification before the commencement of the term of office to which he was elected? |
| 4940 | Georgiades v. Di Ferrante, 871 S.W.2d 878, 880 (Tex.App. Hous. [14 Dist.],1994) | 1 | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | A plaintiff has an absolute and unqualified right to take a nonsuit upon timely motion so long as the defendant has not made a claim for affirmative relief. | " Is the plaintiff's right to take a nonsuit unqualified and absolute, as long as the defendant has not made a claim for affirmative relief?" |
| 4941 | Parker v. Southern Farm Bureau Cas. Ins. Co., 326 Ark. 1073, 1081 (Ark.,1996) | 1 | Motion for production of documents must be considered in light of particular circumstances which give rise to it, and need of movant for information requested. | A motion for production of documents must be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested. | "Should a motion for production of documents be considered in light of particular circumstances which give rise to it, and need of movant for information requested?" |
| 4945 | Nelson v. Blacker, 701 P.2d 135, 137 (Colo. App. 1985) | 2 | Motion to dismiss for failure to prosecute should not be granted if plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. | Pursuant to C.R.C.P. 41(b)(2), the trial court has discretion to dismiss an action for failure to prosecute with due diligence after reasonable notice. Schleining v. Sunday, 163 Colo. 424, 431 P.2d 464 (1967). A motion to dismiss on these grounds should not be granted if the plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. | Should a motion to dismiss for failure to prosecute be granted if a plaintiff resumes the diligent prosecution of his claim? |

| 4946 | State v. Bryant, 110 So. 3d 1191, 1196 (La.App. 5 Cir., 2013) | 3 | The elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape. LSA-R.S. 14:42.1. | Thus, the elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape. | Is lack of consent an essential element of forcible rape? |
|------|------|------|------|------|------|
| 4947 | Kauffman v. Kauffman, 93 Cal. App. 2d 808, 811, 210 P.2d 29, 31 (1949) | 1 | United States war risk insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. National Life Insurance Act of 1940, SS 601-618, 38 U.S.C.A. SS 101, 701 et seq. | War Risk Insurance is a contract made in pursuance of Federal Statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. | Are the only relations of contract under a policy issued pursuant to War Risk Insurance between the government and the insured? |
| 4948 | Abar v. Rogers, 23 Cal. App. 3d 506, 516, 100 Cal. Rptr. 344, 350–51 (Ct. App. 1972) | 8 | Owner of land subject to an easement for a public highway has a remedy for damages, injunction or ejectment for any encroachment on his property rights therein. | It seems worthy of note that the owner of land subject to an easement for a public highway has his remedy for damages (People ex rel. Dept. of Pub. Wks. v. Presley, 239 Cal.App.2d 309, 312, 48 Cal.Rptr. 672), or for injunction (Schaufele v. Doyle, 86 Cal. 107, 24 P. 834; Fitzgerald v. Smith, 94 Cal.App. 480, 485, 271 P. 507; Baldocchi v. Four Fifty Sutter Street Corp., 129 Cal.App. 383, 388, 18 P.2d 682),or in ejectment ( **351 Weyle v. Sonoma Valley R.R. Co., 69 Cal. 202, 206, 10 P. 510), or for any encroachment on his property rights therein. | "Does the owner of land subject to an easement for a public highway have remedies for damages, injunction, and ejectment or for an encroachment on his property right? " |
| 4951 | Cino v. Hopewell Tp. Government, 715 A.2d 1242, 1242–43 (Pa.Cmwlth.,1998) | 1 | To remove judgment of non pros, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, provide reasonable explanation for delay, and demonstrate existence of facts to support cause of action. | To remove a judgment of non pros, the petitioner must demonstrate to the trial court's satisfaction that the petition to open was promptly filed, provide a reasonable explanation for the delay, and demonstrate the *1243 existence of facts to support the cause of action. | " In order to remove a judgment of non pros, what should a party have?" |

| | | | | | |
|---|---|---|---|---|---|
| 4952 | Intech Metals, Inc. v. Meyer, Wagner & Jacobs, 153 A.3d 406, 410 (Pa.Super., 2016) | 1 | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. | Can judgment of non pros be entered where there has been no compelling reason for the delay? |
| 4953 | Poteet v. Sauter, 766 A.2d 150, 159, 136 Md.App. 383, 400–01 (2001) | 2 | Subrogation is founded upon the equitable powers of the court, is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another, and is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person. | Writing on *401 behalf of the Court of Appeals, Judge Cathell recently explained subrogation, stating: "Subrogation is founded upon the equitable powers of the court. It is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another. The doctrine is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person." | Is subrogation intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another? |
| 4955 | State ex rel. Utilities Com'n v. Town of Kill Devil Hills, 194 N.C.App. 561, 567 (2009) | 4 | The several provisions of the public utilities statutes must be construed together so as to accomplish its primary purpose that the public is entitled to adequate service at reasonable rates. | Moreover, the "several provisions [of the public utilities statutes] must be construed together so as to accomplish its primary purpose ... that the public is entitled to adequate service at reasonable rates. | Should public utilities statutes be construed together to accomplish its primary purpose of providing adequate service at a reasonable charge? |
| 4956 | In re Olson, 355 B.R. 649, 657 (Bkrtcy.E.D.Tenn.,2006) | 16 | Under Tennessee law, "subrogation" is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | Tennessee courts define subrogation as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." | "Is subrogation the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" |
| 4957 | Chadron Energy Corp. v. First Nat. Bank of Omaha, 236 Neb. 173, 194 (Neb.,1990) | 36 | "Subrogation" is substitution of one person in place of another with reference to lawful claim, demand, or right, so that the one who is substituted succeeds to rights of other in relation to debt or claim and its rights, remedies, or securities. | Subrogation is the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | "Does subrogation involve substitution of one person in place of another with reference to lawful claim, demand, or right?" |
| 4958 | Mujica v. Occidental Petroleum Corp., 381 F.Supp.2d 1164, 1189 (C.D.Cal., 2005) | 32 | Act of state issues only arise when court must decide, that is, when outcome of case turns upon, effect of official action by foreign sovereign. | "Act of state issues only arise when a court must decide-that is, when the outcome of the case turns upon -the effect of official action by a foreign sovereign." | Do act of state issues only arise when the outcome of the case turns upon the effect of official action by foreign sovereign? |

| | | | | | |
|---|---|---|---|---|---|
| 4959 | Chicago Exhibitors Corp. v. Jeepers! of Illinois, Inc., 876 N.E.2d 129, 136, 315 Ill.Dec. 129, 136, 376 Ill.App.3d 599, 606 (Ill.App. 1 Dist.,2007) | 1 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence," and, generally, this "court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | Is a motion in limine addressed to the trial court's inherent power to admit or exclude evidence? |
| 4960 | Hand v. Pettitt, 258 Ga. App. 170, 172 (2002) | 8 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does trial court abuse its discretion in denying a motion in limine?" |
| 4961 | Rathbun v. Health Net of the Northeast, Inc., 315 Conn. 674, 688 (Conn. 2015) | 7 | In its simplest form, "subrogation" allows a party who has paid a debt to step into the shoes of another, usually the debtee, to assume his or her legal rights against a third party to prevent that party's unjust enrichment. | "In its simplest form, subrogation allows a party who has paid a debt to step into the shoes of another (usually the debtee) to assume his or her legal rights against a third party to prevent that party's unjust enrichment.... . | Does subrogation allow a party who has paid a debt to step into the shoes of the debtee? |
| 4962 | McCoy v. Feinman, 99 N.Y.2d 295, 301, 785 N.E.2d 714, 718 (2002) | 1 | Legal malpractice claim accrues for limitations purposes when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. McKinney's CPLR 214, subd. 6. | A legal malpractice claim accrues "when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541, 620 N.Y.S.2d 318, 644 N.E.2d 1009 [1994] ). | Does a legal malpractice claim accrue when all the facts necessary to the cause have occurred and the injured party can obtain relief in court? |
| 4963 | In re Trask, 462 B.R. 268, 277 (1st Cir.BAP (Me.), 2011) | 17 | Under Maine law, equitable subrogation is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it. | The Supreme Judicial Court of Maine has stated that equitable subrogation is "a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." | Is equitable subrogation a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it? |
| 4964 | Kuwait Pearls Catering Company, WLL v. Kellogg Brown & Root Services, Incorporated, 853 F.3d 173, 185 (C.A.5 (Tex.), 2017) | 13 | In deciding whether the act-of-state doctrine applies, courts must look not only to the acts of the named parties, but to any sovereign acts the validity of which would be called into question by adjudication of the action; the burden lies on the proponent of the doctrine to establish the factual predicate for its application. | In deciding whether this doctrine applies, courts must look not only to the acts of the named parties, but to any sovereign acts the validity of which would be called into question by adjudication of the action. Walter Fuller Aircraft Sales, Inc. v. Republic of the Philippines, 965 F.2d 1375, 1387-88 (5th Cir. 1992). "The burden lies on the proponent of the doctrine to establish the factual predicate for [its] application." | "In deciding whether the act-of-state doctrine applies, should the courts look only to the acts of the named parties?" |

| 4965 | AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 341–42 (2011) | 7 | In light of the preemptive effect of the Federal Arbitration Act (FAA), a court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what the state legislature cannot. 9 U.S.C.A. S 2. | We said that a court may not "rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what ... the state legislature cannot." | Can courts rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable? |
| 4966 | Lehndorff Geneva, Inc. v. Warren, 74 Wis.2d 369, 381 (Wis. 1976) | 9 | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Once Congress and the executive have exercised this power, '. . . aliens lawfully within this country have a right to enter and abide in any State in the Union 'on an equality of legal privileges with all citizens under nondiscriminatory laws.' | Do aliens have a right to enter any State in the Union on an equality of legal privileges with all citizens? |
| 4967 | In re Pihl, 560 B.R. 1, 9 (D.Mass. 2016) | 4 | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | "Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment." | Does subrogation occur when one party steps into the shoes of the party who was owed the obligation for purpose of getting recompense for its payment? |
| 4968 | Allstate Ins. Co. v. Palumbo, 952 A.2d 1235, 1240, 109 Conn.App. 731, 735–36 (Conn.App.,2008) | 1 | Object of equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, injustice, equity, and good conscience, should pay it. | The object of [equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | Is subrogation an equitable doctrine which seeks to impose ultimate responsibility for a loss on one who in equity and good conscience should bear it? |
| 4969 | Dees v. Logan, 637 S.E.2d 424, 426, 281 Ga.App. 837, 838 (Ga.App.,2006) | 3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Because the grant of a motion in limine forecloses the admission of the evidence at trial, "the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." | Should the judicial power be exercised with great care in the grant of a motion in limine excluding evidence because it forecloses the admission of the evidence at trial? |
| 4970 | United States v.  Menendez, 137 F. Supp. 3d 709, 718 (D.N.J., 2015) | 6 | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | To repeat, under the stream of benefits doctrine bribery's "quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor | What is the stream of benefits doctrine in regards to bribery? |

| 4971 | In re Deepwater Horizon, 745 F.3d 157, 163 (5th Cir. 2014) | 5 | Courts typically assess jurisdiction under the OCSLA in terms of whether: (1) the activities that caused the injury constituted an operation conducted on the Outer Continental Shelf (OCS) that involved the exploration and production of minerals, and (2) the case arises out of, or in connection with, the operation. Outer Continental Shelf Lands Act, S 23(b)(1), 43 U.S.C.A. S 1349(b)(1). | Courts typically assess jurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an "operation" "conducted on the outer Continental Shelf" that involved the exploration and production of minerals, and (2) the case "arises out of" or in connection with" the operation. | How is jurisdiction assessed under The Outer Continental Shelf Lands Act? |
|---|---|---|---|---|---|
| 4972 | In re Stamell, 252 B.R. 8, 22 (Bkrtcy.E.D.N.Y.,2000) | 7 | Under rule of strictissimi juris, as applied under New York law to contracts of guaranty or surety, the liability of guarantors and obligations of sureties are strictly construed; they are held only to the express terms of their respective agreements, and their liability is strictly limited by terms, scope, and meaning of the agreement executed. | The liability of a guarantor or the obligation of a surety is strictly construed. They are held only to the express terms of their respective agreements, and their liability is strictly limited by the terms, scope, and meaning of the agreement executed. | Can a guarantor or surety be held beyond the express terms of his contract? |
| 4975 | Richardson v. Railway Exp. Agency, Inc., 258 Or. 170, 181 (Or. 1971) | 3 | Character of contract of insurance cannot be concealed or changed by use or absence of word "insurance" and even fact that contract expressly states that it is not contract of insurance is not controlling; and courts will look beyond terminology used and will consider contract in its entirety to ascertain what parties intended to accomplish. | It is true that the character of a contract of insurance cannot be concealed or changed by the use or absence of the word 'insurance' and that even the fact that a contract expressly states that it is not a contract of insurance is not controlling, but that the courts will look behind the terminology used and will consider the contract in its entirety to ascertain what the parties intended to accomplish. | How do courts interpret the terminology of insurance contracts? |
| 4976 | Federal Sav. & Loan Ins. Corp. v. Urschel, 157 P.2d 805, 812, 159 Kan. 674, 684 (Kan. 1945) | 12 | Under statute providing that no conveyance of realty shall be valid except as between the parties and as to those who have "actual notice" until deposited for record, actual notice may be express when it consists of knowledge actually conveyed, or it may be implied when it consists of knowledge of facts so informing that reasonably cautious person would be led by them to the ultimate fact. Gen.St.1935, 67-223. | Under the statute providing that no conveyance of real estate shall be valid, except as between the parties and as to those who have actual notice, until it is deposited for record (Gen.St.1909, 1672), actual notice may be express, when it consists of knowledge actually brought personally home, or it may be implied when it consists of knowledge of facts so informing that a reasonably cautious person would be led by them to the ultimate fact. | How is actual notice classified under the law? |

| 4981 | Am. Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 539, 90 S. Ct. 1288, 1292, 25 L. Ed. 2d 547 (1970) | 5 | It is always within discretion of court or administrative agency to relax or modify its procedural rules adopted for orderly transaction of business before it, when, in given case, the ends of justice require it, and such action is not reviewable except on showing of substantial prejudice to the complaining party. | Thus there is no reason to exempt this case from the general principle that '(i)t is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it. The action of either in such a case is not reviewable except upon a showing of substantial prejudice to the complaining party.' | Can an agency relax or modify its procedural rules in order to meet the ends of justice? |
| 4982 | Simmons Foods v. H. Mahmood J. Al-Bunnia & Sons Co., 634 F.3d 466, 468-469 (N.C. App., 2010) | 4 | Order to arbitrate grievance should not be denied unless it may be said with positive assurance that arbitration clause is not susceptible of interpretation that covers asserted dispute; however, party who has not agreed to arbitrate dispute cannot be forced to do so. 9 U.S.C.A. SS 1-16. | "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of *469 an interpretation that covers the asserted dispute. However, a party who has not agreed to arbitrate a dispute cannot be forced to do so." | Can a court deny an order to arbitrate a grievance if the asserted dispute is not covered? |
| 4983 | New Jersey Shore Builders Ass'n v. Township of Jackson, 199 N.J. 449, 452 (N.J.,2009) | 2 | Municipalities must exercise their powers relating to zoning and land use in a manner that will strictly conform with provisions of Municipal Land Use Law (MLUL). N.J.S.A. 40:55D-42. | As we have previously held, municipalities must exercise their powers relating to zoning and land use in a manner that will strictly conform with that statute's provisions. | Should municipalities exercise their powers relating to zoning and land use in a manner that will strictly conform with provisions of Municipal Land Use Law (MLUL)? |
| 4984 | People v. Poindexter, 361 N.W.2d 346, 351 (1984) | 7 | Elements of extortion are: (1) a communication, (2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another, (3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will. M.C.L.A. S 750.213. | The elements of extortion are: *332 "1) a communication, 2) threatening accusation of any crime or offense or any injury to the person or property or mother, father, husband, wife, or child of another, 3) with intent thereby to extort money or pecuniary advantage as to compel the person so threatened to do or refrain from doing an act against his will." | What are the elements of extortion? |
| 4985 | Pierce v. Warner Bros Entertainment, Inc., 237 F.Supp.3d 1375, 1378 (M.D.Ga., 2017) | 2 | Under Georgia law, defamation requires: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant at least amounting to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. | Under Georgia law, defamation requires: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant at least amounting to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." | Is unprivileged communication required in a defamation claim? |

| 4986 | Mitchell v. Baltimore Sun Co., 164 Md.App. 497, 508 (Md.App., 2005) | 2 | In order to prevail on a cause of action for trespass, the plaintiff must establish: (1) an interference with a possessory interest in his property; (2) through the defendant's physical act or force against that property; and (3) which was executed without his consent. | In order to prevail on a cause of action for trespass, the plaintiff must establish: (1) an interference with a possessory interest in his property; (2) through the defendant's physical act or force against that property; (3) which was executed without his consent. | What must the plaintiff establish to prevail on a cause of action for trespass? |
|---|---|---|---|---|---|
| 4988 | Phillips v. Sun Oil Co., 307 N.Y. 328, 331, 121 N.E.2d 249, 250–51 (1954) | 1 | Trespass is an intentional harm, and while trespasser, to be liable, need not intend or expect damaging consequence of his intrusion, he must intend act which amounts to or produces unlawful invasion, and intrusion must at least be immediate or inevitable consequence of what he willfully does, or does so negligently as to amount to willfulness. | Trespass is an intentional harm at least to this extent: while the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness. | Does trespass require the intent to produce the damaging consequences? |
| 4989 | Douglas v. Judge, 568 P.2d 530, 533, 174 Mont. 32, 38 (Mont., 1977) | 3 | When the legislature confers authority upon an administrative agency, it must lay down the policy or reasons behind the statute and also prescribe standards and guides for the grant of power which has been made to the agency. | When the Legislature confers authority upon an administrative agency, it must lay down the policy or reasons behind the statute and also prescribe standards and guides for the grant of power which has been made to the administrative agency. | What must the legislature do to lawfully confer authority upon an administrative agency? |
| 4992 | Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1044 (C.A.9 (Cal.),2009) | 2 | In determining whether parties have agreed to arbitrate dispute, federal court applies general state-law principles of contract interpretation, while giving due regard to federal policy in favor of arbitration by resolving ambiguities as to scope of arbitration in favor of arbitration. 9 U.S.C.A. S 1 et seq. | In determining whether parties have agreed to arbitrate a dispute, we apply "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." | What laws do courts apply to contract disputes in arbitration proceedings? |
| 4993 | Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 813 (C.A.4 (Md.), 1989) | 3 | Federal Arbitration Act is a statement of congressional intent to uphold private parties' arrangements for dispute resolution; thus, policies of the Act should be effectuated whenever possible and federal courts should rigorously enforce agreements to arbitrate. 9 U.S.C.A. SS 1-14. | The Act is a statement of Congressional intent in upholding private parties' arrangements for dispute resolution. Thus, the policies of the Act should be effectuated whenever possible, and federal courts should "rigorously enforce agreements to arbitrate." | What is the Congressional intent in enacting Federal Arbitration Act? |

| 4994 | People v. Hubbard, 64 Cal. App. 27, 33, 220 P. 315, 318 (Cal. Ct. App. 1923) | 2 | A defendant could be guilty of manslaughter though the shooting was accidental if the shot was fired in the commission of an unlawful act not amounting to a felony, or if the shot was fired in the commission of a lawful act if the defendant was using the weapon without due caution and circumspection, under Pen.Code, S 192, subd. 2. | Defendant could be guilty of manslaughter, notwithstanding the shooting was accidental, if the shot was fired in the commission of an unlawful act not amounting to a felony, or even though it was fired in the commission of a lawful act, if at the time defendant was using the weapon without due caution and circumspection. | Can a crime be committed by an otherwise lawful act performed without due caution? |
|---|---|---|---|---|---|
| 5001 | Groat v. Town Bd. of Town of Glenville, 73 A.D.2d 426, 429, 426 N.Y.S.2d 339, 341 (1980) | 1 | Administrative proceedings which require hearing and trial of issues on evidence and testimony under oath, with right of cross-examination, had sufficient attributes of judicial proceedings to be considered such for purposes of cause of action for malicious prosecution. Civil Service Law S 75; Town Law S 155. | In our opinion, administrative proceedings which require a hearing and trial of the issues on evidence and testimony under oath, with the right of cross-examination, have sufficient attributes of judicial proceedings to be considered judicial proceedings for the purposes of a cause of action for malicious prosecution. | Can administrative proceedings form the basis of a cause of action for malicious prosecution? |
| 5002 | Zurich Am. Ins. Co. v. Superior Ct. for State of California, 326 F.3d 816, 826 (7th Cir. 2003) | 14 | Although Federal Arbitration Act (FAA) represents federal policy to be vindicated by federal courts where otherwise appropriate, FAA does not suggest that state courts are less competent to give effect to its provisions. 9 U.S.C.A. S 1 et seq. | Although the FAA represents "federal policy to be vindicated by the federal courts where otherwise appropriate," Moses H. Cone, 460 U.S. at 25 n. 32, 103 S.Ct. 927, it does not suggest that state courts are less competent to give effect to its provisions. | Are state courts competent to give effect to provisions of the Federal Arbitration Act (FAA)? |
| 5003 | Murphy v. Canadian Imperial Bank of Com., 709 F. Supp. 2d 242, 245 (S.D.N.Y. 2010) | 1 | Federal Arbitration Act (FAA) compels judicial enforcement of a wide range of written arbitration agreements, and applies to agreements to arbitrate disputes arising out of employment in the securities industry. 9 U.S.C.A. S 1 et seq. | "[T]he FAA compels judicial enforcement of a wide range of written arbitration agreements," Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 112, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001),and applies to agreements to arbitrate disputes arising out of employment in the securities industry, | Does the Federal Arbitration Act (FAA) apply to agreements to arbitrate disputes arising out of employment in the securities industry? |
| 5004 | Cloverleaf Car Co. v. Phillips Petroleum Co., 540 N.W.2d 297, 302, 213 Mich.App. 186, 195 (Mich.App., 1995) | 21 | Trespass is an unauthorized invasion upon private property of another; however, actor must intend to intrude at a place without authorization to do so and if intrusion was due to accident caused by negligence or abnormally dangerous condition, action for trespass is not proper. | A trespass is an unauthorized invasion upon the private property of another. Gelman Sciences, supra at 253, 508 N.W.2d 142. However, the actor must intend to intrude on the property of another without authorization to do so. If the intrusion was due to an accident caused by negligence or an abnormally dangerous condition, an action for trespass is not proper. | Should intrusion be intentional to constitute trespass? |

| 5005 | Terre Aux Boeufs Land Co. v. J.R. Gray Barge Co, 803 So.2d 86, 95 (La.App. 4 Cir., 2001) | 10 | Civil trespass is generally considered to be an intentional tort, requiring proof that the defendant took some intentional action that resulted in harm to the plaintiff. | Concerning intent, civil trespass is generally considered to be an intentional tort, requiring proof that the defendant took some intentional action that resulted in harm to the plaintiff. | Does the tort of civil trespass require the proof that the defendant took some intentional action that resulted in harm to the plaintiff to be qualified as an intentional tort? |
|---|---|---|---|---|---|
| 5006 | Detrex Chemical Industries, Inc. v. Employers Ins. of Wausau, 681 F.Supp. 438, 454 (N.D.Ohio,1987) | 7 | Administrative board acts in judicial capacity when it hears evidence and witnesses, parties are given opportunity to brief and argue their versions of facts and present arguments, and parties are given opportunity to seek court review of any adverse findings. | An administrative board acts in a judicial capacity when it hears evidence and witnesses, the parties are given an opportunity to brief and argue their versions of the facts and present arguments, and the parties are given an opportunity to seek court review of any adverse findings. | When is an administrative agency said to have acted in judicial capacity? |
| 5008 | Vill. of Monsanto v. Touchette, 63 Ill. App. 2d 390, 400–01, 211 N.E.2d 471, 476 (Ill. App. Ct. 1965) | 6 | Purpose of Public Utilities Act is to maintain general control over operation of utilities to extent of preventing them from exacting unjust, unreasonable and discriminatory, rates, and to assure adequate service and fair opportunity to secure reasonable return. | Its purpose has been a maintain a general control over the operation of utilities in the State to the extent of preventing them from exacting from their patrons unjust, unreasonable, and discriminatory rates, and the theory of regulation of public utilities is protection of the public and the assurance of adequate service on the one hand, and, on the other, a fair opportunity to the tuility to, by business economy, secure a reasonable return from such service. | What is the purpose of the Public Utilities Act (Act)? |
| 5009 | Campbell v. Louisiana Intrastate Gas Corp., 528 So.2d 626, 628 (La.App. 2 Cir.,1988) | 2 | "St. Julien Doctrine" provides method of acquiring utility servitudes without formal expropriation proceedings when utility has used private property in public interest in good faith and with landowner's consent or acquiescence for period of time. LSA-R.S. 19:14. | This doctrine, now statutorily recognized, provides a method of acquiring utility servitudes without formal expropriation proceedings when a utility company has used private property in the public interest in good faith and with the landowner's consent or acquiescence for a period of time. LRS 19:14; St. Julien v. | What is the St. Julien Doctrine concerning utility services? |
| 5010 | Dickson v. Wojcik, 22 F.Supp.3d 830, 835 (W.D.Mich.,2014) | 2 | Any private remedy against a federal employee for a tort committed during the scope of his or her federal employment must be sought against the United States under the Federal Tort Claims Act (FTCA). 28 U.S.C.A. S 2679(b)(1). | Any private remedy against a federal employee for a tort committed during the scope of his or her federal employment must be sought against the United States under the FTCA. *. | "Is there any private remedy for a tort committed by a federal employee, while acting within the scope of his employment, against the United States under the Federal Tort Claims Act?" |

| 5011 | In re Bevan, 327 F.3d 994, 997 (9th Cir. 2003) | 7 | Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | We have described the doctrine this way: Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | When is equitable subrogation appropriate? |
|------|-----------------------------------------------|---|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------|
| 5012 | Mort v. U.S., 86 F.3d 890, 894 (C.A.9 (Nev.), 1996) | 8 | Equitable subrogation is generally appropriate where subrogee made payment to protect his or her own interest, subrogee did not act as volunteer, subrogee was not primarily liable for debt paid, subrogee paid off entire encumbrance, and subrogation would not work any injustice to rights of junior lienholder. | Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | When is equitable subrogation appropriate? |
| 5014 | In re Monaco, 514 B.R. 477, 485 (Bkrtcy.W.D.Tex., 2014) | 9 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Texas courts interpret the doctrine of equitable subrogation liberally and apply it "in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | Do courts liberally apply the doctrine of equitable subrogation? |
| 5017 | Agric. Lab. Rels. Bd. v. California Coastal Farms, Inc., 31 Cal. 3d 469, 478, 645 P.2d 739, 743 (1982) | 2 | In discharging its delegated responsibilities choice between proceeding by general rule or by ad hoc adjudication lies primarily in informed discretion of administrative agency. | As this court noted in ALRB v. Superior Court, supra, 16 Cal.3d 392, 413, 128 Cal.Rptr. 183, 546 P.2d 687, it is a well settled principle of administrative law that "in discharging its delegated responsibilities the choice between proceeding by general rule or by ad hoc adjudication 'lies primarily in the informed discretion of the administrative agency.'" | "While discharging delegated responsibilities, does an administrative agency have discretion to choose between proceeding by general rule or by ad hoc adjudication?" |
| 5018 | Morvant v. P.F. Chang's China Bistro, Inc., 870 F.Supp.2d 831, 841 (N.D.Cal., 2012) | 19 | When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: the conflicting rule is displaced by the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." | "When state law prohibits outright the arbitration of a particular type of claim, does the FAA displace the conflicting rule?" |

| 5019 | Public Utility Dist. No. 1 of Grays Harbor Cnty. Wash. v. IDACORP Inc., 379 F.3d 641, 650 (C.A.9 (Wash.), 2004) | 20 | "Filed rate doctrine," applied in a variety of contexts, is grounded in an agency's exclusive rate-setting authority and, at its most basic, provides that state law, and some federal law, such as antitrust law, may not be used to invalidate a filed rate nor to assume a rate would be charged other than the rate adopted by the federal agency in question. | The Filed Rate Doctrine [19] [20] [21] Closely related to these preemption issues is the "filed rate doctrine." 11  This doctrine, applied in a variety of contexts, is grounded in an agency's exclusive rate-setting authority. TANC, 295 F.3d at 929-30. "At its most basic, the filed rate doctrine provides that state law, and some federal law (e.g. antitrust law), may not be used to invalidate a filed rate nor to assume a rate would be charged other than the rate adopted by the federal agency in question." | Can courts use state and federal law to invalidate a filed rate under the filed rate doctrine? |
| --- | --- | --- | --- | --- | --- |
| 5021 | Smith v. Campbell, 782 F.3d 93, 100-101 (C.A.2 (N.Y.), 2015) | 11 | Under New York law, malicious prosecution suits require, as an element of the offense, the termination of the proceeding in favor of the accused, and the tort cannot stand unless the underlying criminal cases finally end in failure. | It is true that, in New York, "[m]alicious prosecution suits require, as an element of the offense, the termination of the proceeding in favor of the accused.... [and] the tort cannot stand unless the underlying criminal cases finally *101 end in failure." | Is it necessary for the Plaintiff to show termination of the underlying suit in their favor to prevail on a claim for malicious prosecution? |
| 5022 | Tr. Co. of Chicago v. City of Chicago, 408 Ill. 91, 97 (Ill., 1951) | 2 | The constitutional declaration that private property shall not be taken for public use without just compensation or without due process of law is subordinated to interests of public welfare as expressed through exercise of state's police power. | The constitutional declaration that private property shall not be taken for public use without just compensation or without due process of law is subordinated always to the interests of the public welfare as expressed through the exercise of the police power of the State. | Are the rights of private property subordinate to the higher demands of the public welfare? |
| 5024 | Mort v. U.S., 86 F.3d 890, 894 (C.A.9 (Nev.), 1996) | 9 | Equitable subrogation is broad equitable remedy, and therefore it applies whenever one person, not acting as mere volunteer or intruder, pays debt for which another is primarily liable, and which in equity and good conscience should have been discharged by latter. | As now applied, the doctrine of ... equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." | Is equitable subrogation applied broadly? |
| 5025 | In re Monaco, 514 B.R. 477, 485 (Bkrtcy.W.D.Tex., 2014) | 9 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by thelatter. | Texas courts interpret the doctrine of equitable subrogation liberally and apply it "in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | Do courts interpret the doctrine of equitable subrogation liberally? |

| 5031 | Anderson v. Moreno's Air Conditioning, Inc., 140 So.3d 841, 853, 2014-27 La.App. 3 Cir. 6/4/14, 16 (La.App. 3 Cir., 2014) | 13 | In regulating pretrial discovery, trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery, and such discretion will not be disturbed on appeal absent a clear showing of abuse. | In regulating pretrial discovery, "Trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation, including the scope of discovery. Such discretion will not be disturbed on appeal absent a clear showing of abuse." | "In regulating pretrial discovery, do trial courts have broad discretion in ruling on discovery matters that are presented during the course of litigation?" |
|---|---|---|---|---|---|
| 5033 | In re Olson, 355 B.R. 649, 657 (Bkrtcy.E.D.Tenn.,2006) | 20 | Under Tennessee law, when deciding whether to employ subrogation as a remedy, the court should balance the equities involved, and the case must be "strong and clear." | When deciding whether to employ subrogation as a remedy, the court should balance the equities involved, and the case must be "strong and clear." | "When deciding whether to employ subrogation as a remedy, should the court balance the equities involved, and must the case be ""strong and clear""?" |
| 5034 | Twin City Fire Ins. Co. v. Jones, 918 So. 2d 403, 404-405 (Fla.App. 5 Dist., 2006) | 3 | The purpose of equitable subrogation is to prevent unjust enrichment by assuring that the person responsible for the debt ultimately answers for its discharge. | This rule serves the purpose of equitable subrogation, which is to prevent unjust enrichment *405 by assuring that the person responsible for the debt ultimately answers for its discharge. | Is the purpose of equitable subrogation to prevent unjust enrichment by assuring that the person responsible for the debt ultimately answers for its discharge? |
| 5035 | DePuy, Inc. v. Farmer, 847 N.E.2d 160, 170 (Ind.,2006) | 19 | The main goals of common law subrogation are to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. | The main goals of common law subrogation is to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. | "Are the main goals of common law subrogation to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor?" |
| 5036 | In re Wiley, 438 B.R. 331, 333 (Bankr. D.N.M. 2010) | 2 | Under New Mexico law, "subrogation" is equitable remedy of civil law origin, whereby, through a supposed succession to legal rights of another, a loss is put ultimately on the one who in equity and good conscience should pay it. | Subrogation ... is an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. | Is subrogation an equitable remedy of civil law origin? |
| 5040 | Hunsberger v. Perkiomen Nat. Bank, 108 Pa.Super. 443, 450 (1933) | 5 | General rule is that accommodation indorser of note is to be treated as surety for maker and, as such, within limits of doctrine of subrogation, ordinarily entitled to protection of collateral security deposited by maker with indorsee. | The general rule, that an accommodation indorser is to be treated as a surety for the maker and, as such, is, within the limits of the doctrine of subrogation, ordinarily entitled to the protection which collateral security deposited by the maker with the indorsee affords him, is well established. | Is an accommodation indorser treated as a surety for the maker within the limits of doctrine of subrogation? |
| 5041 | In re Deuel, 361 B.R. 509, 517 (9th Cir. 2006) | 3 | "Subrogation" is derivative right whereby one party is substituted in place of another with reference to lawful claim, demand, or right. | Subrogation is a derivative right whereby one party is substituted in the place of another with reference to a lawful claim, demand, or right. | "Is subrogation a derivative right whereby one party is substituted in place of another with reference to a lawful claim, demand, or right?" |

| 5042 | In re Pihl, Inc., 529 B.R. 414, 426 (D.Mass. 2015) | 10 | If party with notice of surety's equitable subrogation rights receives funds from contract owner, equity requires that the party hold the funds for surety's benefit. | Moreover, if a party with notice of the surety's rights receives funds from a contract owner, equity requires that the party holds the funds for the surety's benefit. | "If a party with notice of a surety's equitable subrogation rights receives funds from contract owner, does equity require that the party hold the funds for the surety's benefit?" |
|---|---|---|---|---|---|
| 5043 | National American Ins. Co. v. U.S., 498 F.3d 1301, 1304 (C.A.Fed.,2007) | 3 | Equitable subrogation, which is enforced solely for the purpose of accomplishing the ends of substantial justice, is independent of any contractual relations between the parties. | Equitable subrogation " 'is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; ... is independent of any contractual relations between the parties,' | "Is equitable subrogation, which is enforced solely for the purpose of accomplishing the ends of substantial justice, independent of any contractual relations between the parties?" |
| 5045 | Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961, 972 (N.D. Ohio 2008) | 11 | Under Ohio law, the right to equitable subrogation depends upon the facts and circumstances of each case, and the basis for the claim must be readily apparent. | The right to equitable subrogation depends upon the facts and circumstances of each case, and the basis for the claim must be readily apparent. | "Does the right to equitable subrogation depend upon the facts and circumstances of each case, and the basis for the claim must be readily apparent?" |
| 5046 | Bailey v. Ameriquest Mortg. Co., 346 F.3d 821, 824 (C.A.8 (Minn.),2003) | 2 | When agreement to arbitrate encompasses statutory claims, arbitrator has authority to enforce substantive statutory rights, even if those rights are in conflict with contractual limitations in agreement that would otherwise apply. | When an agreement to arbitrate encompasses statutory claims, the arbitrator has the authority to enforce substantive statutory rights, even if those rights are in conflict with contractual limitations in the agreement that would otherwise apply. | Does an arbitrator have the authority to enforce substantive statutory rights if those rights are in conflict with contractual limitations in the agreement? |
| 5047 | Bayou Fleet, Inc. v. Bollinger Shipyards, Inc., 197 So.3d 797, 806, 2015-0487 La.App. 4 Cir. 7/21/16, 12 (La.App. 4 Cir., 2016) | 13 | Trial court is granted broad discretion in its ruling on evidentiary issues, such as motions in limine regarding spoliation of evidence, which will not be disturbed on appeal absent a clear abuse of that discretion. | The trial court is granted broad discretion in its ruling on evidentiary issues, such as motions in limine regarding spoliation of evidence, which will not be disturbed on appeal absent a clear abuse of that discretion. | Is a trial court granted broad discretion in its ruling on evidentiary issues? |
| 5048 | Robinette v. Lafon Nursing Facility of the Holy Family, 223 So.3d 69, 75 (La.App. 4 Cir., 2017) | 4 | The proper procedural vehicle for excluding evidence of non-party fault is not by a motion in limine, but by a motion for summary judgment. La. Code Civ. Proc. Ann. art. 966(G). | We must also point out that the proper procedural vehicle for excluding evidence of non-party fault is not by a motion in limine, but by a motion for summary judgment under La. Code Civ. P. art. 966(G), | Is the proper procedural vehicle for excluding evidence of non-party fault a motion in limine or a motion for summary judgment? |
| 5050 | Hawkes v. Casino Queen, Inc., 336 Ill. App. 3d 994, 1005 (2003) | 12 | The purpose of the motion in limine is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection. | "The purpose of the motion [in limine] is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection." | Is the purpose of a motion in limine to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection? |
| 5051 | State v. Winston, 71 Ohio App. 3d 154, 158 (1991) | 1 | "Motion in limine" is request that court limit or exclude use of evidence which movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact, usually before trial. | A motion in limine is a request that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of the actual presentation of the evidence to the trier of fact, usually prior to trial. | Is a motion in limine essentially a request to limit or exclude evidence or testimony at trial? |

| 5052 | Cundiff v. Patel, 982 N.E.2d 175, 178, 367 Ill.Dec. 497, 500, 2012 IL App (4th) 120031, ¶ 20 (Ill.App. 4 Dist., 2012) | 3 | Generally, a trial court's ruling on a motion in limine is interlocutory and remains subject to reconsideration by the court throughout the trial, and the proponent's failure to make an offer of proof at trial forfeits review of the trial court's granting a motion in limine. | Generally, a trial court's ruling on a motion in limine is interlocutory and remains subject to reconsideration by the court throughout the trial (Guski v. Raja, 409 Ill.App.3d 686, 695, 350 Ill.Dec. 903, 949 N.E.2d 695, 704 (2011)) and the proponent's failure to make an offer of proof at trial forfeits review of the trial court's granting a motion in limine | Are motions in limine interlocutory orders which are subject to reconsideration by the district court during the trial? |
| 5053 | Chapman v. Hubbard Woods Motors, Inc., 812 N.E.2d 389, 399, 285 Ill.Dec. 569, 579, 351 Ill.App.3d 99, 110 (Ill.App. 1 Dist., 2004) | 20 | Trial court has broad discretion to grant or deny a motion in limine, and as such, the reviewing court will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | Assuming, arguendo, that we were to address the merits of this issue, we recognize that a trial court has broad discretion to grant or deny a motion in limine, and as such, we will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | Does the reviewing court reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion? |
| 5054 | Kryder v. State, 214 Ind. 419, 425–26 (Ind. 1938) | 12 | The validity of legislation regulating public utilities rests, in many instances, on the single limitation that rates and charges fixed by administrative boards and commissions shall be reasonable. Const. art. 3, S 1. | The validity of legislation regulating public utilities rests, in many instances, upon the single limitation that rates and charges fixed by administrative boards and commissions shall be reasonable. | Can the legislature delegate to the administrative boards or commission regulating public utilities to determine what are or what are not reasonable rates under particular facts? |
| 5056 | Am. Contractors Indem. Co. v. Saladino, 115 Cal. App. 4th 1262, 1268, 9 Cal. Rptr. 3d 835, 840 (2004) | 6 | The prerequisites to the assertion of a right of subrogation are: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | "The prerequisites to the assertion of a right of subrogation are these: ' "(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others." ' | What certain prerequisites must be satisfied by one who claims to be equitably subrogated to the rights of a secured creditor? |
| 5057 | Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La., 1992) | 2 | Generally, determinative point in time separating prospective from retroactive application of enactment is date that cause of action accrues; once party's cause of action accrues, it becomes vested property right that may not constitutionally be divested. LSA-C.C. art. 6. | Generally, the determinative point in time separating prospective from retroactive application of an enactment is the date the cause of action accrues. 15 Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested. | Does the party owning the action has a vested interest when a cause of action has accrued? |

| 5058 | Fetzer v. Wood, 569 N.E.2d 1237, 1243, 155 Ill.Dec. 626, 632, 211 Ill.App.3d 70, 79 (Ill.App. 2 Dist.,1991) | 11 | In medical malpractice action in which the discovery rules apply, cause of action accrues when plaintiff knows or reasonably should have known of an injury and also knows or should have known that it was wrongfully caused. | * In medical malpractice actions in which the so-called discovery rule is applied, the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that it was wrongfully caused. | Does cause of action accrue when plaintiff knows or reasonably should have known of an injury in medical practice action in which discovery rules apply? |
|---|---|---|---|---|---|
| 5059 | Moore v. Jackson Park Hosp., 95 Ill.2d 223, 232 (Ill.,1983) | 1 | In medical malpractice cases in which discovery rule is applied, cause of action accrues when plaintiff knows or reasonably should know of injury and also knows or reasonably should know that it was wrongfully caused. S.H.A. ch. 83, P 22.1. | In medical malpractice cases in which the discovery rule is applied the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that it was wrongfully caused. | Does cause of action accrue when plaintiff knows or reasonably should have known of an injury in medical practice action in which discovery rules apply? |
| 5060 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238-39 (D.D.C. 2017) | 18 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.' . . . As exemplified by each of these cases, the act of state doctrine applies only "when a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." | Does the act of state doctrine presume the validity of the official acts a recognized foreign sovereign power performs within its own territory? |
| 5061 | Spectrum Stores, Inc. v. Citgo Petroleum Corp., 632 F.3d 938, 949 (C.A.5 (Tex.), 2011) | 4 | In contrast to political question claims, and unlike a claim of sovereign immunity, which merely raises a jurisdictional defense, the act of state doctrine provides foreign states with a substantive defense on the merits. | In contrast to political question claims, and "[u]nlike a claim of sovereign immunity, which merely raises a jurisdictional defense," the Supreme Court has stated that "the act of state doctrine provides foreign states with a substantive defense on the merits." | Is the act of state doctrine distinct from immunity and does it provide foreign states with a substantive defense on the merits? |
| 5062 | U.S. v. One Etched Ivory Tusk of African Elephant, 871 F.Supp.2d 128, 142 (E.D.N.Y.,2012) | 8 | Under the Act of State doctrine, the courts of one country will not sit in judgment on the acts of the government of another done within its territory. | The traditional idea of the Act of State doctrine is that "the courts of one country will not sit in judgment on the acts of the government of another done within its territory." | "Under the Act of State doctrine, will the courts of one country sit in judgment on the acts of the government of another done within its territory?" |
| 5063 | Republic of Ecuador v. Dassum, 146 So.3d 58, 61 (Fla.App. 3 Dist., 2014) | 2 | The act of state doctrine gives effect to the primacy of the executive branch of the federal government in the conduct of international relations with other countries. | The doctrine gives effect to the primacy of the executive branch of our own federal government in the conduct of international relations with other countries. | Does the act of state doctrine give effect to the primacy of the executive branch of the federal government in the conduct of international relations with other countries? |
| 5064 | In re Refined Petroleum Prod. Antitrust Litig., 649 F.Supp.2d 572, 581 (S.D. Tex. 2009) | 6 | "Act of state doctrine" provides that the act within its own boundaries of one sovereign state becomes a rule of decision for United States courts. | the act of state doctrine provides that "the act within its own boundaries of one sovereign State ... becomes ... a rule of decision for the courts of this country." | Does the act of state doctrine provide that the act within its own boundaries of one sovereign state becomes a rule of decision for United States courts? |

| 5065 | Jovic v. L–3 Services, Inc., 69 F.Supp.3d 750, 765 (N.D.Ill., 2014) | 30 | The "act of state doctrine" is a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under the sovereign's laws. | "The act of state doctrine is a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under the sovereign's laws." | "Is the ""act of state doctrine"" a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under the sovereign's laws?" |
| --- | --- | --- | --- | --- | --- |
| 5066 | Norwood v. Raytheon Co., 455 F.Supp.2d 597, 601 (W.D.Tex.,2006) | 1 | Under the "act of state doctrine", the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | The essential principle of the act of state doctrine is that "the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | "Is the act of state doctrine that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" |
| 5067 | United States v. Giffen, 326 F. Supp. 2d 497, 502 (S.D.N.Y., 2004) | 2 | Under "act of state" doctrine, court is required to deem the acts of foreign sovereigns taken within their own jurisdictions as lawful and valid. | As such, the act of state doctrine requires a court to deem the "acts of foreign sovereigns taken within their own jurisdictions" as lawful and valid. | "Under ""act of state"" doctrine, is a court required to deem the acts of foreign sovereigns taken within their own jurisdictions as lawful and valid?" |
| 5068 | In re Rosacometta, S.r.l, 336 B.R. 557, 564 (Bkrtcy.S.D.Fla.,2005) | 10 | Every person who deals with foreign corporation impliedly subjects himself to such laws of the foreign government, affecting powers and obligations of corporation with which he voluntarily contracts, as the known and established policy of that government authorizes. | Moreover, "every person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes." Id. | What laws of a foreign government does a person who deals with a foreign corporation impliedly subject himself to? |
| 5069 | Triad Assocs. v. Robinson, 10 F.3d 492, 499 (C.A.7 (Ill.), 1993) | 21 | Courts will not resolve cases requiring resolution of political questions, nor cases that necessitate determination of validity of act of foreign state. | For example, courts will not resolve cases requiring the resolution of political questions, see Gilligan v. Morgan, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973), nor cases that necessitate the determination of the validity of an act of a foreign state, see Banco Nacional de Cuba v. | Will courts resolve cases requiring resolution of political questions or cases that necessitate determination of validity of an act of foreign state? |
| 5070 | Republic of Iraq v. ABB AG, 768 F.3d 145, 165 (C.A.2 (N.Y.), 2014) | 10 | In considering the applicability of the act-of-state doctrine, that is, the affirmative defense that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official. | For instance, in considering the applicability of the act-of-state doctrine-the affirmative defense that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory," Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("Sabbatino")-courts distinguish "between public and private acts of a foreign official," | Does the act of state doctrine apply to affirmative defenses? |

| 5072 | Hawkes v. Casino Queen, Inc., 336 Ill. App. 3d 994, 1005 (2003) | 12 | The purpose of the motion in limine is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection. | "The purpose of the motion [in limine] is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection." | Is the purpose of the motion in limine to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection? |
| 5074 | Gollihue v. Consolidated Rail Corp., 120 Ohio App. 3d 378, 390 (1997) | 4 | Motion in limine is an interlocutory ruling, granting of which operates as a tentative order which can be later modified, depending on circumstances at trial. | As we previously stated, a motion in limine is an interlocutory ruling, the granting of which operates as a tentative order which can be later modified depending on the circumstances at trial. | "Is a motion in limine an interlocutory ruling, the granting of which operates as a tentative order which can be later modified, depending on circumstances at trial?" |
| 5075 | Jones v. Rallos, 384 Ill.App.3d 73, 87–88 (Ill.App. 1 Dist.,2008) | 14 | A ruling on a motion in limine is a determination addressing an admissibility of evidence issue likely to arise at trial and is subject to reconsideration. | A ruling on a motion in limine is a determination addressing an admissibility of evidence issue likely to arise at trial and is subject to reconsideration. | Is a ruling on a motion in limine a determination addressing an admissibility of evidence issue likely to arise at trial and subject to reconsideration? |
| 5076 | Hercules, Inc. v. AIU Ins. Co., 784 A.2d 481, 500 (Del. 2001) | 13 | A "motion in limine" typically concerns the admissibility of evidence and is a preliminary motion directed at establishing the ground rules applicable at trial. | A motion in limine typically concerns the admissibility of evidence and is a preliminary motion directed at establishing the "ground rules applicable at trial." | Does a motion in limine typically concern the admissibility of evidence and is a preliminary motion directed at establishing the ground rules applicable at trial? |
| 5077 | Napoli v. Hinsdale Hosp., 213 Ill. App. 3d 382, 387, 572 N.E.2d 995, 998 (1991) | 3 | Whether doctrine of res ipsa loquitur is applicable is question of law which must be decided by trial court; this determination may be made at pre-trial motion stage. | Whether doctrine is applicable is a question of law which must be decided by the trial court. (Metz, 32 Ill.2d at 449, 207 N.E.2d 305; Woodward v. Mettille (1980), 81 Ill.App.3d 168, 36 Ill.Dec. 354, 400 N.E.2d 934.) This determination may be made at the pre-trial motion stage. | Can the question whether doctrine of res ipsa loquitur is applicable be determined at pre-trial motion stage? |
| 5079 | In re Schubert, 437 B.R. 787, 792 (Bkrtcy.D.Md.,2010) | 2 | Under Maryland law, as soon as surety pays the debt of principal debtor, equity subrogates him to place of creditor that is paid and gives him every right, lien, and security to which creditor could have resorted for payment of debt. | So soon as a surety pays the debt of a principal debtor, equity subrogates him to the place of the creditor and gives him every right, lien, and security to which creditor could have resorted for the payment of his debt. | Does a surety who pays the debt for a principal obligor become subrogated to the rights of the creditor including rights in the security? |
| 5081 | U.S. v. Alfisi, 308 F.3d 144, 149 (C.A.2 (N.Y.),2002) | 3 | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be a specific intent to give something of value in exchange for an official act. 18 U.S.C.A. S 201(b)(1)(A). | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be "a specific intent to give … something of value in exchange for an official act." | Is the corrupt intent required by the bribery statute a specific intent to enter into an unlawful quid pro quo? |
| 5082 | United States v. Ciavarella, 716 F.3d 705, 731 (C.A.3 (Pa.), 2013) | 39 | A payment constitutes a "bribe" as long as the essential intent, a specific intent to give or receive something of value in exchange for an official act, exists. | A payment constitutes a bribe "as long as the essential intent-a specific intent to give or receive something of value in exchange for an official act-exists. | "Does a payment constitute a bribe when a specific intent to give or receive something of value in exchange for an official act, exists?" |

| | | | | | |
|---|---|---|---|---|---|
| 5083 | Bass Enterprises Production Co. v. U.S., 45 Fed.Cl. 120, 122 (Fed.Cl.,1999) | 2 | Two categories of regulatory action are compensable as takings without case-specific inquiry into the public interest advanced in support of the restraint: the first is regulations that cause a property owner to suffer a physical invasion of his property; the second is regulations that deny a landowner all economically beneficial or productive use of his land. | The Supreme Court set out two categories of regulatory action that are compensable "without case-specific inquiry into the public interest advanced in support of the restraint." Lucas, 505 U.S. at 1015, 112 S.Ct. 2886. The first is regulations that cause a property owner to suffer a physical invasion of his property. Id. The second is regulations that deny a landowner all economically beneficial or productive use of his land. | Is the Fifth Amendment violated when land-use regulation does not substantially advance legitimate state interests or denies an owner economically viable use of his land? |
| 5084 | Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1580–81 (Fed. Cir. 1990) | 2 | In the case of a temporary taking, because the property is returned to the owner when the taking ends, just compensation to which the owner is entitled is the value of the use of the property during the temporary taking, i.e., the amount which the owner lost as result of the taking. | In the case of a temporary taking, however, since the property is returned to the owner when the taking ends, the just compensation to which the owner is entitled is the value of the use of *1581 the property during the temporary taking, i.e., the amount which the owner lost as result of the taking. | "Since the property is returned to the owner when the taking ends, what amounts to be the just compensation to which the owner is entitled is the value of the use of the property during the temporary taking?" |
| 5085 | San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, Inc., 73 Cal. App. 4th 517, 530–31, 86 Cal. Rptr. 2d 473, 484 (1999) | 12 | Whether there has been unreasonable precondemnation conduct by public entity, and what constitutes a direct and substantial impairment of property rights for purposes of compensation, constitute questions of fact. West's Ann.Cal. Const. Art. 1, S 19. | Whether there has been unreasonable conduct by the condemner and what constitutes a direct and substantial impairment of property *531 rights for purposes of compensation constitute questions of fact. | Does the question whether there has been unreasonable conduct by the condemner and what constitutes a direct and substantial impairment of property rights for purposes of compensation constitute questions of fact? |
| 5086 | Allied Bank Intern. v. Banco Credito Agricola de Cartago, 566 F.Supp. 1440, 1443 (D.C.N.Y.,1983) | 3 | Even where defense of sovereign immunity does not apply to bar suit against a foreign party, act of state doctrine may prevent recovery. | Even where the defense of sovereign immunity does not apply, nevertheless the act of state doctrine may prevent recovery. | "Even if a defense of sovereign immunity does not apply to bar suit against a foreign party, may an act of state doctrine prevent recovery?" |
| 5087 | Kiker v. City of Philadelphia, 346 Pa. 624, 631 (Pa. 1943) | 4 | While any cession or recession of jurisdiction by one sovereignty to another requires an acceptance in order to render it effective, such acceptance will be presumed in absence of contrary intent. U.S.C.A.Const. art. 1, S 8, cl. 17. | While any cession, or recession, of jurisdiction by one sovereignty to another requires an acceptance in order to render it effective (Yellowstone Park Transp. Co. v. Gallatin County, 9 Cir., 31 F.2d 644), such acceptance will be presumed in the absence of a contrary intent. | Does any cession or recession of jurisdiction by one sovereignty to another require an acceptance in order to render it effective? |
| 5088 | United States v.  States of La., Tex., Miss., Ala. & Fla., 363 U.S. 1, 35 (U.S.Fla., 1960) | 10 | The right to exercise jurisdiction and control over seabed and subsoil of Continental Shelf is not internationally restricted by limit of territorial waters. | For, as the Government readily concedes, the right to exercise jurisdiction and control over the seabed and subsoil of the Continental Shelf is not internationally restricted by the limit of territorial waters. | Is the right to exercise jurisdiction and control over seabed and subsoil of the continental shelf internationally restricted by limit of territorial waters? |

| 5089 | Hourani v. Mirtchev, 796 F.3d 1, 16 (D.C. Cir. 2015) | 21 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | The function of the Act of State doctrine is to promote "international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." | Is the purpose of the Act of State Doctrine to avoid adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy? |
| 5090 | Garcia v. Chase Manhattan Bank, N.A., 735 F.2d 645, 650 (N.Y. 1984) | 6 | Under act of state doctrine, United States courts will not question the validity of action of foreign government carried out within their own borders. | With regard to its second argument, Chase is correct that under the act of state doctrine United States courts will not question the validity of the actions of foreign governments carried out within their own borders. | "Under the act of state doctrine, will United States courts question the validity of the actions of foreign governments carried out within their own borders?" |
| 5093 | Doe I v. State of Israel, 400 F.Supp.2d 86, 113 (D.D.C.,2005) | 55 | The act of state doctrine reflects the judiciary's reluctance to complicate foreign affairs by validating or invalidating the actions of foreign sovereigns. | It reflects the judiciary's reluctance to complicate foreign affairs by validating or invalidating the actions of foreign sovereigns. | Does the act of state doctrine reflect the judiciary's reluctance to complicate foreign affairs by validating or invalidating the actions of foreign sovereigns? |
| 5094 | Hernandez v. U.S., 757 F.3d 249, 262 (5th Cir. 2014) | 13 | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Specifically, three "objective factors and practical concerns" are relevant to our extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Which objective factors and principles are relevant to the extraterritoriality determination? |
| 5095 | Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 167 (C.A.5 (La.),1999) | 10 | It is only when nations of world have demonstrated that the wrong is of mutual and not merely several concern, by means of express international accords, that a wrong generally recognized becomes international law violation within meaning of Alien Tort Statute (ATS). 28 U.S.C.A. S 1350. | "It is only where the nations of the world have demonstrated that the wrong is of mutual, and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation." | When does a wrong become an international violation within meaning of the Alien Tort Claims Act? |
| 5097 | In re Vitamin C Antitrust Litigation, 584 F.Supp.2d 546, 550 (E.D.N.Y. 2008) | 3 | The act of state doctrine is aimed at reserving for the executive branch decisions that may significantly affect international relations. | Thus, the act of state doctrine is aimed at reserving for the executive branch decisions that may significantly affect international relations. | Is the act of state doctrine aimed at reserving for the executive branch decisions that may significantly affect international relations? |
| 5098 | Nocula v. UGS Corp., 520 F.3d 719, 727 (C.A.7 (Ill.), 2008) | 16 | The act-of-state doctrine is a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under that sovereign's laws. | The act-of-state doctrine is a judicial rule that "generally forbids an American court to question the act of a foreign sovereign that is lawful under that sovereign's laws." | Is the act-of-state doctrine a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is lawful under that sovereign's laws? |

| 5099 | United States v. Noriega, 746 F. Supp. 1506, 1521 (S.D.Fla., 1990) | 11 | According to act of state doctrine, every sovereign is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory. | "Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." | "According to act of state doctrine, is every sovereign bound to respect independence of every other sovereign state?" |
| 5100 | Gross v. German Found. Indus. Initiative, 456 F.3d 363, 392–93 (3d Cir. 2006) | 14 | A court may deny comity to a foreign legislative, executive, or judicial act if it finds that the extension of comity would be contrary or prejudicial to the interest of the United States. | But a court may deny comity to a foreign legislative, executive, or judicial act if it finds that the extension of comity "would be contrary or prejudicial to the interest" of the United States. | Can United States courts extend comity to foreign proceedings and when doing so would it be contrary to policies or prejudicial to interests of the United States? |
| 5101 | Chicago Exhibitors Corp. v. Jeepers! of Illinois, Inc., 876 N.E.2d 129, 136, 315 Ill.Dec. 129, 136, 376 Ill.App.3d 599, 606 (Ill.App. 1 Dist.,2007) | 1 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence," and, generally, this "court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | Is a motion in limine addressed to the trial court's inherent power to exclude evidence? |
| 5102 | Montz v. Hill-Mont Land Co., 329 N.W.2d 657, 657 (Iowa,1983) | 2 | An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted pleadings, and is inappropriate when material facts are disputed. Rules Civ.Proc., Rule 105. | An application for separate adjudication of law points is properly considered only when the questions of law arise from uncontroverted pleadings. The application is inappropriate when material facts are disputed. | Does the application for separate adjudication of law points have to arise from uncontroverted facts in the pleadings to be properly considered? |
| 5107 | Hand v. Pettitt, 258 Ga. App. 170, 172 (2002) | 8 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. | Does a trial court abuse its discretion in denying a motion in limine and admitting disputed evidence? |
| 5110 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex. App. 1998) | 16 | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is the granting of a motion in limine a final ruling on the evidence? |
| 5111 | ADP Marshall, Inc. v. Noresco, LLC, 710 F.Supp.2d 197, 245 (D.R.I., 2010) | 24 | Although subrogation may originate from a contractual agreement, it is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Although subrogation may originate from a contractual agreement, " '[i]t is a creature of equity; it is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties.' | Is subrogation enforced solely for the purpose of accomplishing the ends of substantial justice? |

| 5112 | In re Monaco, 514 B.R. 477, 485 (Bkrtcy.W.D.Tex., 2014) | 9 | Texas courts interpret the doctrine of equitable subrogation liberally and apply it in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by thelatter. | Texas courts interpret the doctrine of equitable subrogation liberally and apply it "in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | Do courts liberally interpret the doctrine of equitable subrogation? |
|---|---|---|---|---|---|
| 5113 | Dryden v. Cincinnati Bell Tel. Co., 734 N.E.2d 409, 416, 135 Ohio App.3d 394, 404 (Ohio App. 1 Dist., 1999) | 19 | Trespasser to chattel is liable if, but only if: (1) he dispossesses the other of the chattel; or (2) the chattel is impaired as to its condition, quality, or value; or (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts § 218. | According to Section 218 of the Restatement 2d, Torts, a trespasser to chattel is liable "if, but only if," one of the following occurs: "(a) he dispossesses the other of the chattel, or "(b) the chattel is impaired as to its condition, quality, or value, or "(c) the possessor is deprived of the use of the chattel for a substantial time, or "(d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest." | Does the interference required to make a claim for trespass to chattels need to be more than intermeddling? |
| 5119 | Gulf Power Co. v. U.S., 998 F.Supp. 1386, 1394 (Fla. 1998) | 3 | Facts that an industry is heavily regulated, and that a property owner acquired the property knowing that it is heavily regulated, do not diminish a physical taking to something less than a taking. U.S.C.A. Const.Amend. 5. | Moreover, "the facts that an industry is heavily regulated, and that a property owner acquired the property knowing that it is heavily regulated, do not diminish a physical taking to something less than a taking." | "Does the facts that an industry is heavily regulated, and that a property owner acquired the property knowing that it is heavily regulated, diminish a physical taking to something less than a taking?" |
| 5121 | United States v. Cardales, 168 F.3d 548, 553 (C.A.1 (Puerto Rico), 1999) | 2 | Under the "territorial principle" of international law, a state has jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state. | Under the "territorial principle" of international law, a "state has jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state. | "Under the ""territorial principle"" of international law, does a state have jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state?" |
| 5122 | United States v. Redzic, 627 F.3d 683, 691-692 (C.A.8, 2010) | 10 | Under "passive personality principle," state may apply law, particularly criminal law, to act committed outside its territory by person not its national when victim of act was its national. Restatement (Third) of Foreign Relations Law § 402 comment. | This case, however, clearly falls within at least one such theory, the so-called "passive personality principle." That principle "asserts that a state may apply law -particularly criminal law-to an act committed outside its territory by a person not its national where the victim of the act was its national." RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW  402 cmt. g (1987). | "Under the ""passive personality principle,"" may a state apply law to acts committed outside its territory by a person not its national when victim of act was its national?" |

| 5123 | Hernandez v. U.S., 757 F.3d 249, 262 (5th Cir. 2014) | 13 | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Specifically, three "objective factors and practical concerns" are relevant to our extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | What factors are relevant to determine the extraterritorial application of a Constitution? |
|---|---|---|---|---|---|
| 5125 | Litecubes, LLC v. Northern Light Products, Inc., 523 F.3d 1353, 1367 (C.A.Fed. (Mo.), 2008) | 20 | Whether an accused action is within the extraterritorial limitation should be treated as an element of the claim, not a predicate for subject matter jurisdiction, unless Congress has clearly provided that the limitation is jurisdictional. | That is, whether an accused action is within the extraterritorial limitation should be treated as an element of the claim, not a predicate for subject matter jurisdiction, unless Congress has clearly provided that the limitation is jurisdictional. | Should the question of whether an accused action is within the extraterritorial limitation be treated as an element of the claim? |
| 5126 | Alibalogun v. First Coast Security Solutions, Inc., 67 F.Supp.3d 211, 216 (D.D.C., 2014) | 3 | In order to state a claim under District of Columbia law for breach of contract based on termination of at-will employment, the plaintiff bears the burden of alleging facts sufficient to show that the parties intended that termination be subject to specific preconditions. | In order to state a claim for breach of contract based on termination of at-will employment, a plaintiff "bears the burden of alleging facts sufficient to show that 'the parties intended that termination be subject to specific preconditions.' | Should facts be alleged to state a claim for breach of contract? |
| 5127 | Pullum v. Robinette, 174 S.W.3d 124, 136–37 (Tenn.Ct.App.,2004) | 13 | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | State courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility *137 of the evidence. | Can courts make rulings on evidence that are conditional or provisional in nature and change an earlier ruling regarding the admissibility of the evidence? |
| 5128 | Chapman v. Hubbard Woods Motors, Inc., 812 N.E.2d 389, 399, 285 Ill.Dec. 569, 579, 351 Ill.App.3d 99, 110 (Ill.App. 1 Dist., 2004) | 20 | Trial court has broad discretion to grant or deny a motion in limine, and as such, the reviewing court will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | Assuming, arguendo, that we were to address the merits of this issue, we recognize that a trial court has broad discretion to grant or deny a motion in limine, and as such, we will not reverse the trial court's decision to grant or deny such a motion absent a clear abuse of discretion. | "Does the trial court have broad discretion to grant or deny a motion in limine, and as such, the reviewing court will only reverse the trial court's decision to grant or deny such a motion with a clear abuse of discretion?" |
| 5129 | Miller-Stauch Const. Co. v. Williams-Bungart Elec., Inc., 959 S.W.2d 490, 495 (Mo.App. W.D.,1998) | 5 | While rights and liabilities of a surety are measured by those of principal, performance bond surety confers a benefit upon oblige and thus becomes subrogated not only to rights of principal but also to rights of the obligee, and has a right to retained funds free from set-off by obligee. | However, while it is true that rights and liabilities of a surety are measured by those of the principal, it is also true that a performance bond surety confers a benefit upon the obligee and thus becomes subrogated not only to the rights of the principal but also to the rights of the obligee, and has a right to retained funds free from set-off by the obligee. | Does a performance bond surety confer a benefit upon an obligee? |

| 5130 | Leimer v. State Mut. Life Assur. Co. of Worcester, Mass., 108 F.2d 302, 305 (C.A.8 1940) | 5 | Mere lapse of time does not constitute "laches" which is to be determined by consideration of justice which is dependent upon the circumstances of each particular case. | So far as laches is concerned, it has been repeatedly held that mere lapse of time does not constitute laches. 'It is to be determined by consideration of justice, and that is dependent upon the circumstances of each particular case.' | Does a mere lapse of time constitute laches which is to be determined by consideration of justice which is dependent upon the circumstances of each particular case? |
|---|---|---|---|---|---|
| 5131 | United-Bilt Homes, Inc. v. Sampson, 315 Ark. 156, 158, 864 S.W.2d 861, 862 (1993) | 2 | Cause of action on entire debt owed under installment sales contract with optional acceleration clause does not arise until option is exercised. | We also observe that a cause of action on an entire debt owed under an installment sales contract with optional acceleration clause does not arise until the option is exercised. | Does cause of action on entire debt owed under installment sales contract with optional acceleration clause arise until option is exercised? |
| 5132 | Borde v. Hake, 170 N.W.2d 768, 770–71, 44 Wis.2d 22, 28–29 (Wis. 1969) | 2 | Cause of action arises when there is an invasion of a primary right of a plaintiff as a consequence of closely related incidents or operative facts. | Ipsen (1965), 27 Wis.2d 578, 583, 135 N.W.2d 284, we reaffirmed and restated the Pomeroy proposition that a cause of action arises when there is *29 an invasion of a primary right of a plaintiff as a consequence of closely **771 related incidents or operative facts. | Does cause of action arise when there is an invasion of a primary right of a plaintiff as a consequence of closely related incidents or operative facts? |
| 5137 | Reynolds v. Farmers & Merchants Nat. Bank of Nocona, 135 S.W.2d 556, 558 (Tex.Civ.App. 1939) | 5 | The defense of "laches" and stale demand cannot be invoked to resist the enforcement of a purely legal right, however asserted, and in such cases defendant must rely on the statute of limitations. | 4, page 19, in discussing the defense of laches and stale demand, it is said: "It is settled, however, that the defense may not be invoked to resist the enforcement of a purely legal right, however asserted; in such cases the defendant must rely on the statute of limitations." | Can the defense of laches be invoked to resist the enforcement of a purely legal right? |
| 5138 | Schaefer v. Berinstein, 180 Cal. App. 2d 107, 134, 4 Cal. Rptr. 236, 253 (Ct. App. 1960) | 40 | A court of equity will make final disposition of litigation governed by circumstances shown to exist at time judgment is rendered, rather than at inception of litigation, and a supplemental pleading is not necessary to that end. | A court of equity will make a final disposition of the litigation governed by the circumstances as shown to exist at the time judgment is rendered rather than at the inception of the litigation. A supplemental pleading is not necessary to that end. | Will a court of equity having jurisdiction of the parties and of the subject matter make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made? |
| 5140 | Rapid City School Dist. 51-4 v. Vahle, 733 F.Supp. 1364, 1368 (D.S.D. 1990) | 1 | Under Education of the Handicapped Act, reviewing court must make an independent determination of appropriateness of placement of child based on preponderance of the evidence, but is cautioned not to substitute its own notions of educational policy for those of school authorities. Education of the Handicapped Act, S 615(e), (e)(2), as amended, 20 U.S.C.A. S 1415(e), (e)(2). | The district court must make an independent determination of the appropriateness of the placement of the child based on a preponderance of the evidence, but is cautioned not to substitute its own notions of educational policy for those of the school authorities. | Can the courts substitute their own notions of sound educational policy for those of the school authorities which they review? |

| 5142 | Jindra v. Diederich Flooring, 181 Wis. 2d 579, 599, 511 N.W.2d 855, 861 (1994) | 4 | Party seeking to impose subrogation upon another party has burden of showing both that there would be some basis for asserting subrogation in that instance, and that subrogation must be applied in equity in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | The same rule and burden of proof apply when a party seeks to impose subrogation. The party seeking to impose subrogation has the burden of showing both (a) that there would be some basis for asserting subrogation in that instance, and, (b) that subrogation must be applied in equity in those circumstances. | Should the party seeking to impose subrogation upon another party have burden of showing that there would be some basis for asserting subrogation in that instance? |
| --- | --- | --- | --- | --- | --- |
| 5143 | Bowker v. City of Worcester, 136 N.E.2d 208, 215, 334 Mass. 422, 433 (Mass. 1956) | 14 | A court of equity may find and consider facts existing at time of entry of decree, irrespective of whether they came into existence after commencement of suit. | A court of equity may find and consider facts existing at the time of entry of the decree whether they came into existence after the commencement of suit or not. | Will a court of equity find and consider facts existing at the time of entry of decree if they came into existence after commencement of the suit or not? |
| 5145 | Town of Kaneville v. Meredith, 361 Ill. 556, 569 (Ill., 1935) | 8 | In law action rights of parties are determined as of time of beginning of action, but where relief is granted in chancery it is such as nature of case, the law and the facts demand, not at time of inception of litigation, but at time decree is entered therein. | While in an action at law the rights of the parties are determined as of the time of the beginning of the action, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree, it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation, but at the time the decree is entered therein. | "In actions at law, are the rights of the parties generally determined as of the time of beginning of the action?" |
| 5148 | Cresvale Int'l Inc. v. Reuters Am., Inc., 257 A.D.2d 502, 505, 684 N.Y.S.2d 219, 222 (1999) | 5 | Where a waiver of subrogation clause is limited to a specific type of loss, a subrogation action is barred only to the extent it seeks recovery for that species of loss; conversely, where a broad waiver clause extends to all losses covered by an insurance policy, or where the subrogation action is inconsistent with the express provisions of the waiver of subrogation clause, all subrogation actions will be barred. | Where a waiver of subrogation clause is limited to a specific type of loss, a subrogation action is barred only to the extent its seeks recovery for those species of losses (see, Kaf–Kaf v. Rodless Decorations, 90 N.Y.2d 654, 660, 665 N.Y.S.2d 47, 687 N.E.2d 1330 ["a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears"] ). Conversely, where a broad waiver clause extends to all losses covered by the policy, or where subrogation action is "inconsistent with the express provisions of the waiver of subrogation clause", all subrogation actions will be barred (id. at 660–661, 665 N.Y.S.2d 47, 687 N.E.2d 1330). | "Where a waiver of subrogation clause is limited to a specific type of loss, is a subrogation action barred only to the extent it seeks recovery for that species of loss?" |

| 5150 | State v. Ole Olsen, Ltd., 38 A.D.2d 967, 968, 331 N.Y.S.2d 761 (1972) | 4 | Court may, in equity action, mold relief to be granted to exigencies of case as they exist at close of trial, with reference to facts, law and equities then existing. | Moreover, in an equity action, the court may mold the relief to be granted to the exigencies of the case as they exist at the close of the trial, with reference to the facts, the law and the equities then existing (Matter of Galewitz, 3 A D 2d 280, 295, affd. 5 N Y 2d 721; Lightfoot v. Davis, 198 N. Y. 261, 273). | "May a court, in an equity action, mold relief to be granted to exigencies of case as they exist at the close of trial?" |
| 5151 | Shirey v. Campbell, 151 So. 2d 557, 562 (La. Ct. App. 1963) | 11 | What constitutes laches is to be determined in the light of the circumstances of a particular case, and application of doctrine is controlled by equitable considerations and it cannot be invoked to defeat justice and will be applied only where enforcement of asserted right will not work injustice. | What constitutes laches is to be determined in the light of the circumstances of a particular case. The doctrine's application is controlled by equitable considerations; it cannot be invoked to defeat justice; it will be applied only where the enforcement of an asserted right would not work injustice. | "Can the doctrine of ""laches"" be invoked to defeat justice?" |
| 5153 | NECA Ins. Ltd. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 595 F.Supp. 955, 958 (D.C.N.Y.,1984) | 2 | Service of suit clause in parties' agreement was designed to guarantee enforcement of arbitration awards and was not designed to supercede an obligation to arbitrate disputes within scope of the arbitration clause. | The service of suit clause is therefore designed to guarantee the enforcement of arbitration awards and is not designed to supercede an obligation to arbitrate disputes within the scope of the arbitration clause. See In the Matter of the Petition of J.W. | Is a service of suit clause designed to guarantee the enforcement of arbitration awards or designed to supersede an obligation to arbitrate disputes within the scope of an arbitration clause? |
| 5154 | Parker v. Levy, 417 U.S. 733, 756 (U.S.Pa. 1974) | 8 | For the reasons which differentiate military society from civilian society, Congress is permitted to legislate both with greater breadth and with greater flexibility when prescribing the rules by which the military shall be governed than it is when prescribing rules for the civilian society. 10 U.S.C.A. SS 933, 934. | For the reasons which differentiate military society from civilian society, we think Congress is permitted **2562 to legislate both with greater breadth and with greater flexibility when prescribing the rules by which the former shall be governed than it is when prescribing rules for the latter. | Is Congress permitted to legislate military regulations with greater breadth and with greater flexibility than when prescribing rules for the civilian society? |
| 5155 | Font v. Laird, 318 F.Supp. 891, 896 (Md. 1970) | 7 | Congress' power to raise and maintain armies is based on constitutional power that is broad and sweeping and does not depend on contemporaneous existence of a war and may be exercised in time of peace. Military Selective Service Act of 1967, S 6(j), 50 U.S.C.A. App. S 456(j). | As background to the constitutional argument, it should be remembered that Congress's power to raise and maintain armies itself has a constitutional base, namely Article I, Section 8. This constitutional power is broad and sweeping, does not depend on the contemporaneous existence of a war and may be exercised in time of peace. | Does Congress' power to raise and maintain armies depend on the contemporaneous existence of a war? |
| 5156 | Wells Fargo Bank, N.A. v. Fisch, 103 A.D.3d 622, 622–23, 959 N.Y.S.2d 260, 260 (2013) | 2 | General rule is that plaintiff should be permitted to discontinue action without prejudice, unless defendant would be prejudiced thereby. McKinney's CPLR 3217(b). | "The general rule is that plaintiff should be permitted to discontinue the action without prejudice, unless defendant would be prejudiced thereby" | Is there a general rule that plaintiff should be permitted to discontinue the action without prejudice unless defendant would be prejudiced thereby? |

| | | | | |
|---|---|---|---|---|
| 5157 | In re New York Skyline, Inc., 432 B.R. 66, 83 (Bankr. S.D.N.Y. 2010) | 26 | Under New York law, meaning of "with prejudice" language in stipulation of discontinuance is subject to the usual rules of contract interpretation through which the court gives effect to the intention of the parties. | Nevertheless, the meaning of the "with prejudice" language is subject to the usual rules of contract interpretation through which the Court gives effect to the intention of the parties. | "Is the meaning of ""with prejudice"" language subject to the usual rules of contract interpretation through which the court gives effect to the intention of the parties?" |
| 5158 | C/S Solutions, Inc. v. Energy Maintenance Services Group LLC, 274 S.W.3d 299, 306–07 (Tex.App. Houston [1 Dist.],2008) | 5 | The distinction between a pure Rule 162 nonsuit, which voluntarily dismisses the entire case, and a voluntary dismissal that abandons the case as to certain parties and/or claims has no practical effect when a plaintiff files a written "nonsuit" that abandons the case as to certain claims so long as the written "nonsuit" does not run afoul of the time restrictions in pleading rule that allows a plaintiff to file an amended pleading that omits a claim, as under the liberal pleading rules, the document is in substance an amended pleading voluntarily dismissing the claims, notwithstanding the fact that the word "nonsuit" appears. Vernon's Ann.Texas Rules Civ.Proc., Rules 63, 71, 162, 163. | Based on these rules, treatises have drawn a distinction between a pure Rule 162 nonsuit, which voluntarily dismisses the entire case, and a voluntary dismissal that abandons the case as to certain parties and/or claims. See 5 ROY W. MCDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE 27.43 (1999); 1 TEX. JUR.3D Actions  248, 267, 271 (2004). This distinction has no practical effect when a plaintiff files a written "nonsuit" that abandons the case as to certain claims so long as the written "nonsuit" does not run afoul of the time restrictions in Rule 63. 6 Under our liberal pleading rules, the *307  document is in substance an amended pleading voluntarily dismissing the claims, notwithstanding the fact that the word "nonsuit" appears. | What is the distinction between a pure Rule 162 nonsuit and a voluntary dismissal? |
| 5159 | Citigroup Global Markets Inc. v. Abbar, 761 F.3d 268, 274 (C.A.2 (N.Y.), 2014) | 3 | Arbitration rules of an industry self-regulatory organization such as the Financial Industry Regulatory Authority (FINRA) are interpreted like contract terms; the organization's arbitration provision should thus be interpreted to give effect to the parties' intent as expressed by the plain language of the provision. | The arbitration rules of an industry self-regulatory organization such as FINRA 4 are interpreted like contract terms; "the organization's arbitration provision 'should thus be interpreted to give effect to the parties' intent as expressed by the plain language of the provision. | "Is the interpretation of the arbitration rules of an industry self-regulatory organization (or SRO), similar to contract interpretation?" |
| 5160 | In re Bunker Hill Urb. Renewal Project 1B of Cmty. Redevelopment Agency of City of Los Angeles, 61 Cal. 2d 21, 73, 389 P.2d 538, 571 (1964) | 41 | Subject to constitutional restrictions, Legislature has absolute power over organization, dissolution, powers and liability of flood control districts and school districts. | The non-chartered taxing agencies here involved, the flood control and school districts, derive their taxing power from the general law and, subject to constitutional restrictions, the Legislature has absolute power over the organization, dissolution, powers, and liability of such corporations. | "Subject to constitutional restrictions, does legislature have absolute power over organization, dissolution, powers, and liability of flood control districts and school districts?" |
| 5161 | Chappy v. Labor and Industry Review Com'n, 381 N.W.2d 552, 557, 128 Wis.2d 318, 326 (Wis.App.,1985) | 12 | Worker's compensation statutes are economic regulations by which legislature has balanced competing societal interests as a matter of public policy. | Worker's compensation statutes are economic regulations by which the legislature has balanced competing societal interests as a matter of public policy. | Are workers compensation statutes economic regulations by which the legislature has balanced competing societal interests as a matter of public policy? |

| | | | | | |
|---|---|---|---|---|---|
| 5162 | Board of Ed. of City of Chicago v. Chicago Teachers Union, Local No. 1, 402 N.E.2d 641, 645, 37 Ill.Dec. 639, 643, 82 Ill.App.3d 354, 359 (Ill.App. 1 Dist., 1980) | 5 | Although Workmen's Compensation Act provides an employee with exclusive statutory remedy against employer for industrial accident, Act does not prevent parties from agreeing to contract to supplement benefits conferred by Act. S.H.A. ch. 48, SS 138.1 et seq., 138.5(a), 138.11. | Although these sections and other provisions of the Workmen's Compensation Act provide an employee with an exclusive statutory remedy against his employer for an industrial accident (Duley v. Caterpillar Tractor Co. (1969), 44 Ill.2d 15, 253 N.E.2d 373), they do not prevent the parties from agreeing by contract to supplement the benefits conferred by the Act. | Can parties enter into contracts to supplement benefits conferred by the Workers Compensation Act? |
| 5163 | Sanders v. Doe, 831 F.Supp. 886, 891 (S.D.Ga., 1993) | 9 | Workers' compensation laws shift risk of work-related injury from employee to employer but compromise employee's right to sue at common law. | Workers' compensation laws shift the risk of work-related injury from the employee to the employer but compromise the employee's right to sue at common law. | "Do workers compensation laws shift the risk of work-related injury from the employee to the employer, but compromise the employees right to sue at common law?" |
| 5164 | J. Schnarr & Co. v. Virginia-Carolina Chemical Corp., 118 Fla. 258, 264 (Fla. 1935) | 15 | Nonsuit is "voluntary" when plaintiff allows judgment to be entered against him for costs by absenting himself or failing to answer when called on to hear verdict (Comp.Gen.Laws 1927, S 4357). | It is voluntary when the plaintiff allows judgment to be entered against him for costs by absenting himself or failing to answer when called upon to hear the verdict. | "Is a nonsuit ""voluntary"" when a plaintiff allows judgment to be entered against him for costs by absenting himself or failing to answer when called on to hear a verdict?" |
| 5165 | Duke v. Sun Oil Co., 320 F.2d 853, 861 (C.A.Tex. 1963) | 21 | Check is simply a written order on a bank, executory in nature, instructing bank to make certain payment, and so far as payee's rights against drawee are concerned, order may be revoked by drawer at any time before check is paid or in some manner accepted by bank on which it is drawn. | A check is simply a written order on a bank, executory in nature, instructing the bank to make certain payment, and so far as the payee's rights against the drawee are concerned, this order may be revoked by the drawer at any time before the check is paid or in some manner accepted by the bank on which it is drawn. | Can a check be revoked by the drawer? |
| 5167 | Jenkins v. Devine Foods, 3 N.J. 450, 458, 70 A.2d 736, 739 (1950) | 5 | The purpose of pre-trial conference is to simplify the issues, amend pleadings where necessary and avoid unnecessary proof of facts at the trial. Rules 3:16, 3:79. | 'The purpose of the pre-trial conference is to simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial.' McDonald v. | "Is purpose of pre-trial conference to simplify the issues, amend pleadings where necessary and avoid unnecessary proof of facts at the trial?" |
| 5168 | State ex rel. Weirton Med. Ctr. v. Mazzone, 214 W. Va. 146, 151 (2002) | 4 | Ordinarily, the scheduling order entered by a trial court controls the course of litigation of a case unless modified by a subsequent order. Rules Civ.Proc., Rule 16(b). | 5 Ordinarily, the scheduling order entered by a trial court pursuant to Rule 16 controls the course of litigation of a case unless modified by a subsequent order. | Does the scheduling order entered by a trial court control the course of litigation of a case unless modified by a subsequent order? |

| | | | | | |
|---|---|---|---|---|---|
| 5170 | Woodward v. Heritage Const. Co., 887 N.E.2d 994, 1000 (Ind. Ct. App. 2008) | 11 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | "[T]he purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and …, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice."  Hamlin v. Sourwine, 666 N.E.2d 404, 409 (Ind.Ct.App.1996) (citing T.R. 16(J)). | Does a pre-trial order control the subsequent course of the action? |
| 5171 | Feykert v. Hardy, 213 Cal. App. 2d 67, 74, 28 Cal. Rptr. 510, 514 (Ct. App. 1963) | 4 | Until presented with request for its modification, trial judge has right to rely on posture of case defined by pretrial conference order. | Until presented with a request for its modification, the trial judge has a right to rely on the posture of the case defined by the pretrial conference order. | "Until presented with request for its modification, does a trial judge have a right to rely on posture of a case defined by a pretrial conference order?" |
| 5172 | Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 615 (U.S.Puerto Rico, 1985) | 8 | Potential complexity of antitrust matters does not suffice to ward off arbitration nor does arbitration panel pose too great a danger of innate hostility to constraints on business conduct that antitrust law imposes. 9 U.S.C.A. S 1 et seq. | So too, the potential complexity of antitrust matters does not suffice to ward off arbitration; nor does an arbitration panel pose too great a danger of innate hostility to the constraints on business conduct that antitrust law imposes. | Will an arbitration panel pose too great a danger of innate hostility to the constraints on business conduct that antitrust law imposes? |
| 5173 | Payne v. Nichols, 176 S.W.2d 961, 963 (Tex. Civ. App. 1943), writ refused W.O.M. (Feb. 2, 1944) | 3 | Plaintiff's statutory right to dismiss his suit voluntarily is absolute, and is without prejudice to his subsequent assertion of the matters asserted therein. Rev.St.1925, art. 2182. | [3] [4] [5]  The right of a plaintiff to dismiss voluntarily his suit under Art. 2182 is absolute. And it is without any prejudice to any subsequent assertion by him of the matters he asserted in such suit. | "Is a plaintiff's statutory right to dismiss his suit voluntarily absolute, and is it without prejudice to his subsequent assertion of the matters asserted therein?" |
| 5174 | Brown v. United Ins. Co. of America, 233 S.E.2d 298, 300, 268 S.C. 254, 258 (S.C. 1977) | 5 | Pretrial conference should be utilized to shorten and simplify the trial process and, if necessary, to eliminate it; conference is designed, at least in part, to cut down on time needlessly spent in the courtroom, at heavy expense to judiciary and the bar as well as to the parties and the public. Circuit Court Rules, rule 43. | In the present case the trial judge was furthering the purpose of the pretrial conference: to shorten and simplify the trial process; if necessary, to eliminate it. The conference is designed, at least in part, to cut down on time needlessly spent in the courtroom, at heavy expense to the judiciary and bar, the parties and the public. | How should a Pretrial conference be utilized and designed? |
| 5175 | Benware v. Means, 752 So.2d 841, 845–46, 1999-1410 La. 1/19/00, 6–7 (La.,2000) | 1 | Because the pre-trial conference is an invaluable tool for promoting a fair and speedy trial and aiding in the reduction of the court's backlog of cases, pre-trial orders must be strictly adhered to by the parties. LSA-C.C.P. art. 1551. | Because the pre- trial conference is an invaluable tool for promoting a fair and speedy trial and aiding in the reduction of the court's backlog of cases, pre-trial orders must be strictly adhered to by the parties. | Should the pre-trial orders be strictly adhered to for promoting a fair and speedy trial? |

| | | | | | |
|---|---|---|---|---|---|
| 5176 | Malloy v. Vanwinkle, 94-2060 (La. App. 4 Cir. 9/28/95), 662 So. 2d 96, 99 (1995) | 2 | One purpose of pretrial order is to narrow issues for trial to what is really in dispute and save time and effort that otherwise would be expended proving facts as to which there is no real contest. LSA-C.C.P. art. 1551. | [2] One purpose of the pretrial order is to narrow the issues for trial to what is really in dispute and save the time and effort that otherwise would be expended proving facts as to which there is no real contest. See La.Code Civ.Proc. art. 1551 (and the Reporter's foreword thereto). | Would narrowing the issues for trial be the only purpose of a pretrial order? |
| 5177 | King v. Zimmerman, 266 Mont. 54, 66 (Mont.,1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | "Is the purpose of pretrial orders to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders?" |
| 5178 | Itron, Inc. v. Consert Inc., 109 A.3d 583, 587 (Del.Ch., 2015) | 4 | Courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference to be binding for purposes of the trial. | "Courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference binding for purposes of the trial." | "Do courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference to be binding for purposes of trial?" |
| 5181 | Karlseng v. Cooke, 286 S.W.3d 51, 57 (Tex. App. 2009) | 5 | When the basis for a requested continuance is want of testimony, the movant must show (1) the testimony is material, (2) due diligence has been used to obtain the testimony, (3) there is an explanation given for the failure to obtain the testimony, and (4) the testimony cannot be procured from another source. | When the basis for the requested continuance is "want of testimony," the movant must show (1) the testimony is material, (2) due diligence has been used to obtain the testimony, (3) there is an explanation given for the failure to obtain the testimony, and (4) the testimony cannot be procured from another source. | What should the movant show when the basis for a requested continuance is want of testimony? |
| 5182 | Cooper v. Rosser, 207 S.E.2d 513, 515, 232 Ga. 597, 598 (Ga. 1974) | 3 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. Where the question of precluding issues is raised the matter is within the discretion of the trial judge. | "Is the matter within discretion of the trial judge, where a question of precluding issues is raised?" |
| 5183 | Cockrell v. Garton, 507 N.W.2d 38, 41, 244 Neb. 359, 363 (Neb.,1993) | 5 | In relation to evidence, pretrial conference is designed for and primarily used to restrict evidence to issues formulated, secure admissions or stipulations, and avoid unduly cumulative evidence and necessity of proving foundation for clearly competent evidence; it is neither designed for nor intended to arbitrarily exclude noncumulative evidence pertinent to issues simply because it was not mentioned at pretrial hearing. | In relation to evidence, the pretrial conference is designed for and primarily used to restrict evidence to the issues formulated, secure admissions or stipulations, and avoid unduly cumulative evidence and the necessity of proving foundation in clearly competent evidence; it is neither designed for nor intended to arbitrarily exclude noncumulative evidence pertinent to the issues simply because it was not mentioned at the pretrial hearing. | How is a pretrial conference designed in relation to evidence? |

| 5184 | Reyna Financial Corp. v. Lewis Service Center, Inc., 229 Neb. 878, 879 (Neb.,1988) | 1 | Issue specified at pretrial conference control the course of the action unless altered by the trial court, and constitute issues upon which case is to be tried. | However, our cases hold that "[i]ssues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried." | Does an issue specified at the pretrial conference control the course of the action unless altered by the trial court? |
| 5185 | Woodward v. Heritage Const. Co., 887 N.E.2d 994, 1000 (Ind. Ct. App. 2008) | 11 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | "[T]he purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and ..., once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice." Hamlin v. Sourwine, 666 N.E.2d 404, 409 (Ind.Ct.App.1996) (citing T.R. 16(J)). | Does a pre-trial order control the subsequent course of the action? |
| 5186 | Klinghoffer v. Barasch, 4 Cal. App. 3d 258, 261-62, 84 Cal. Rptr. 350, 352 (Ct. App. 1970) | 2 | Where a complaint in intervention seeks only to resist plaintiff's cause of action, plaintiff still retains privilege of voluntary dismissal, which will apply to intervenor as well. West's Ann.Code Civ.Proc. SS 387, 581, subds. 1, 5. | But where a complaint in intervention seeks only to resist the plaintiff's cause of action, plaintiff still retains the privilege of a voluntary dismissal, which will apply to the intervener as well. | "Where a complaint in intervention seeks only to resist a plaintiff's cause of action, does the plaintiff still retain a privilege of voluntary dismissal?" |
| 5187 | Black v. Don Schmid Motor, Inc., 657 P.2d 517, 526, 232 Kan. 458, 468 (Kan., 1983) | 14 | Purpose of pretrial order is to define and clarify the issues and, when entered pursuant to statute, the order has full force and effect of other orders of the court and controls the subsequent course of the trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | This court has often held that the purpose of the pretrial order is to define and clarify the issues, and when entered pursuant to K.S.A. 60-216, has the full force and effect of other orders of the court and controls the subsequent course of trial unless modified to prevent manifest injustice. | Do orders at pretrial conference have full force of other orders? |
| 5188 | People ex rel. Du Page Cnty. v. Smith, 21 Ill.2d 572, 583 (1961) | 20 | Service charges, tolls, water rates and the like are contractual in nature, either express or implied, and are compensation for the use of another's property or of an improvement made by another, and their amount is determined by cost of property or improvement and the consideration of return which such an expenditure should yield. | Service charges, tolls, water rates and the like are, on the other hand, contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the **492 property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a service charge? |
| 5189 | Mcleod v. Columbia Cnty., 278 Ga. 242, 244 (Ga.,2004) | 4 | A legislative body's characterization of the amounts collectible for services rendered as being fees is not controlling on the question of whether they constitute fees or taxes. | A legislative body's characterization of the amounts collectible "for services rendered as being fees is not controlling on the question of whether they constitute fees or taxes.... | Is a legislative body's characterization of the amounts collectible for services rendered as being fees controlling on the question of whether they constitute fees or taxes? |

| 5190 | Nixon v. Secretary of Navy, 422 F.2d 934, 937 (C.A.N.Y. 1970) | 2 | The Navy is bound by its own validly promulgated regulations, and federal district courts are free to entertain suits by servicemen requesting compliance with such rules. | While the courts are reluctant to interfere in military affairs, the Navy is bound by its own validly promulgated regulations, and the district courts are free to entertain suits by servicemen requesting compliance with such rules. | Are the federal district courts free to entertain suits by servicemen requesting compliance with rules promulgated by the Navy? |
|---|---|---|---|---|---|
| 5192 | Bowman v. Benouttas, 519 S.W.3d 586, 603 (Tenn.Ct.App., 2016) | 32 | A trial court has the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery. Tenn. R. Civ. P. 16.01. | A trial court has the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery. | "Does a trial court have the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery?" |
| 5193 | Marrow v. State Farm Ins. Co., 264 Ark. 227, 237 (Ark., 1978) | 5 | Motion for production of documents must be considered in light of particular circumstances which give rise to it and need of moving party for information requested. | A motion for production of documents must be considered in the light of the particular circumstances which give rise to it and the need of the movant for the information requested. | Must a motion for production of documents be considered in light of particular circumstances which give rise to it and need of movant for information requested? |
| 5194 | Norton v. Ewaskio, 241 S.C. 557, 561 (S.C. 1963) | 2 | Motion for continuance based on absence of material witness is addressed to sound discretion of trial judge, and his ruling will not be disturbed in absence of an abuse of discretion. | A motion for a continuance based on the ground of the absence of a material witness is addressed to the sound discretion of the trial Judge, and it is well settled that the trial Judge's ruling will not be disturbed unless it be shown that there was an abuse of discretion. | "In a motion for continuance based on the absence of a material witness, will a trial judge's ruling not be disturbed in absence of an abuse of discretion?" |
| 5195 | In re Team Rocket, L.P., 256 S.W.3d 257, 260 (Tex. 2008) | 5 | Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Once a ruling is made on the merits, as in a summary judgment, that decision becomes final as to that issue and cannot be vitiated by nonsuiting and refiling the case. | "Once a ruling is made on the merits, as in a summary judgment, does that decision become final as to that issue and cannot be vitiated by nonsuiting and refiling the case?" |
| 5196 | Hawk v. Branjes, 97 Wash. App. 776, 782-83 (1999) | 3 | While a voluntary dismissal generally divests a court of jurisdiction to decide a case on the merits, an award of attorney fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding; as a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. CR 41(a)(1). | While a voluntary dismissal under CR 41(a)(1) generally divests a court of jurisdiction to decide a case on the merits, an award of attorneys' fees pursuant to a statutory provision *783 or contractual agreement is collateral to the underlying proceeding. As a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. | "Once a case is voluntarily dismissed, is a trial court divested of jurisdiction to proceed in the case in any manner?" |
| 5197 | Neal v. Hall, 28 So.2d 131, 133 (La.App. 2 Cir. 1946) | 6 | A dismissal of suit as of nonsuit restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. | A voluntary dismissal, without prejudice, restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. | Does a dismissal without prejudice restore matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint? |

| 5199 | Kelly v. Colston, 977 So.2d 692, 694 (Fla.App. 1 Dist.,2008) | 2 | The effect of a voluntary dismissal prior to submission of case to the court is immediate, final, and irreversible; it terminates the litigation and instantaneously divests the court of its jurisdiction to enter further orders. West's F.S.A. RCP Rule 1.420. | The effect of a voluntary dismissal prior to submission is immediate, final, and irreversible. It terminates the litigation and instantaneously divests the court of its jurisdiction to enter further orders. | "Is the effect of a voluntary dismissal prior to submission of case to the court immediate, final, and irreversible?" |
|---|---|---|---|---|---|
| 5200 | School Dist. of City of Scranton v. Dale and Dale Design and Development, Inc., 559 Pa. 398, 406 (1999) | 7 | In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases; the incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | It is well-established that [i]n determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | How is double taxation determined? |
| 5201 | Fish v. Industrial Commission, 472 P.2d 97, 101, 12 Ariz.App. 486, 490 (Ariz.App. 1970) | 1 | Industrial compensation is not based on good moral character of claimant but is founded on claim coming within scope of workmen's compensation statutes. A.R.S. SS 23-1041, 23-1046, subsec. B, 23-1064. | Also, industrial compensation is not based on the good moral character of the claimant but is founded simply on an injury *121 **1312 that is within the scope of the Workers' Compensation statutes. | Is industrial compensation based on good moral character of the claimant or founded on a claim coming within the scope of the workmens compensation statutes? |
| 5203 | United States v. Gatling, 96 F.3d 1511, 1522 (C.A.D.C., 1996) | 13 | Central difference between accepting bribe and accepting gratuity is degree of culpable intent on part of recipient; to convict defendant for accepting bribe, jury must find that defendant acted corruptly, whereas to convict for accepting gratuity, jury need only find that defendant acted knowingly and willingly. 18 U.S.C.A. S 201. | A central difference between accepting a bribe and accepting a gratuity is the degree of culpable intent on the part of the recipient; to convict a defendant for accepting a bribe a jury must find that the defendant acted "corruptly," whereas to convict for accepting a gratuity the jury need only find that the defendant acted "knowingly and willingly | What is the central difference between accepting a bribe and accepting a gratuity? |
| 5204 | Yorkshire Worsted Mills v. Nat'l Transit Co., 325 Pa. 427, 428, 190 A. 897, 898 (1937) | 1 | "Bill of discovery" in aid of action at law is equitable remedy to enable litigant to obtain, prior to trial, such information as is in exclusive possession of adverse party and is necessary to establishment of complainant's case. | A bill of discovery in aid of an action at law is an equitable remedy to enable a litigant to obtain, prior to trial, such information as is in exclusive possession of the adverse party and is necessary to the establishment of the complainant's case. | Is a bill of discovery an equitable remedy in law? |
| 5206 | Kidd v. Cincinnati Transit Co., 24 Ohio App.2d 101, 102 (Ohio App. 1970) | 4 | It is the policy of the law that parties to an action should have the benefit of personal attendance of material witnesses to a trial whenever reasonably practicable. | It is the policy of the law that the parties to an action should have the benefit of the personal attendance of material witnesses to a trial whenever reasonably practicable. | Is it the policy of the law that parties to an action should have the benefit of personal attendance of material witnesses to a trial whenever reasonably practicable? |

| 5208 | Medina v. Osiecki, 916 N.E.2d 541, 544 (Ohio Mun. 2009) | 3 | A case that has been voluntarily dismissed is treated as though it had never been filed; the parties are returned to the position they were in prior to commencement of the action. | "A case that has been voluntarily dismissed is treated as though it had never been filed. Zimmie v. Zimmie (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 464 N.E.2d 142.The parties are returned to the position they were in prior to commencement of the action. | Is a case that has been voluntarily dismissed treated as though it had never been filed and do the parties return to the position they were in prior to commencement of the action? |
|------|---------|---|---------|---------|---------|
| 5209 | Richter v. Prairie Farms Dairy, Inc., 2016 IL 119518, ¶ 39 (Ill., 2016) | 26 | A voluntary dismissal terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. S.H.A. 735 ILCS 5/2-1009. | A voluntary dismissal pursuant to section 2-1009 terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. | Does a voluntary dismissal terminate the entire action and render immediately appealable all final orders entered therein that were not previously appealable? |
| 5213 | Velasco v. Chambless, 295 Ga. App. 376, 376, 671 S.E.2d 870, 871 (2008) | 2 | The trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request. West's Ga.Code Ann. S 9-11-36(b). | Under OCGA § 9–11–36(b), the trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request. | Does a trial court have broad discretion to permit the withdrawal of an admission made by failing to timely respond to a request? |
| 5215 | Bonds v. Byrd, 765 So.2d 1205, 1209 (La.App. 2 Cir.,2000) | 6 | Trial court's discretion to grant a voluntary dismissal is not unbridled; a trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. | This discretion is not unbridled; a trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. | "Is a trial court's discretion to grant a voluntary dismissal, unbridled?" |
| 5216 | Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.App. Hous. [1 Dist.],1989) | 4 | Taking of voluntary nonsuit does not constitute litigating of issues in case and does not prejudice parties against seeking the same relief in subsequent suit. | The taking of a voluntary nonsuit does not constitute a litigating of the issues in a case, and does not prejudice the parties against seeking the same relief in a subsequent suit. | Does taking of a voluntary nonsuit constitute litigation of issues in a case and does not prejudice parties against seeking the same relief in a subsequent suit? |
| 5217 | Liberman v. Liberman, 844 S.W.2d 79, 81 (Mo.App. E.D. 1992) | 5 | When plaintiff voluntarily dismisses action without prejudice before introduction of evidence at trial, trial court loses jurisdiction as of date of dismissal. V.A.M.R. 67.01. | When a plaintiff voluntarily dismisses an action without prejudice before introduction of evidence at trial, the trial court loses jurisdiction as of the date of dismissal. | "When a plaintiff voluntarily dismisses an action without prejudice before introduction of evidence at trial, does the trial court lose jurisdiction as of the date of dismissal?" |
| 5221 | Lugue v. Hercules, Inc., 12 F. Supp. 2d 1351, 1359 (S.D. Ga. 1997) | 15 | Under Georgia law, no proof of actual injury to the land or a diminution in the property's value is required to maintain an action for trespass, and nominal damages can be awarded when the amount of actual injury is unclear. O.C.G.A. S 51-9-1. | It is well established that no proof of actual injury to the land or a diminution in the property's value is required to maintain an action for trespass. Marshall v. Georgia Power Co., 134 Ga.App. 479, 480, 214 S.E.2d 728, 730 (1975); Batson v. Higginbotham, 7 Ga.App. 835, 838, 68 S.E. 455 (1910); Pausch v. Guerrard, 67 Ga. 319, 323 (1881). Nominal damages can be awarded when the amount of actual injury is unclear. | Can nominal damages can be awarded when the amount of actual injury is unclear in a trespass action? |

| | | | | | |
|---|---|---|---|---|---|
| 5222 | McGarrah v. State Acc. Ins. Fund Corp., 296 Or. 145, 160–61 (Or.,1983) | 2 | The theory underlying workers' compensation acts is the financial burden of losses due to injuries occurring in business should be treated as business expenses or production costs to be borne, not by the employee, but by the employer, who can transfer the burden to the consumer. ORS 656.001 et seq. | The theory underlying workers' compensation acts is that the financial burden of losses due to injuries occurring in business should be treated as business expenses or production costs to be borne, not by the employee, but by the employer, who can transfer the burden to the **169 consumer. | What is the theory underlying workers compensation acts? |
| 5223 | McGough v. McCarthy Imp. Co., 206 Minn. 1, 5 (Minn. 1939) | 5 | A basic thought underlying the compensation act is that the business or industry shall in the first instance pay for accidental injuries to employees as a business expense or as a part of the cost of production. Mason's Minn.St.1927, S 4261 et seq. (M.S.A. S 176.02 et seq.). | A basic thought underlying the compensation act is that the business or industry shall in the first instance pay for accidental injuries as a business expense or a part of the cost of production.' Id., 139 Minn. page 209, 166 N.W. page 187, 3 A.L.R. 1347. | Should business or industry pay for accidental injuries as a business expense or as part of the cost of production? |
| 5224 | American Mut. Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 509–10 (MINN 1963) | 7 | Liability of employer or compensation carrier to pay compensation benefits does not depend upon any cause of action employee might have against a third party, as liability exists whenever injury incurred arose out of and in the course of employment, regardless of negligence. M.S.A. s 176.011, subd. 16. | The liability of the employer or its insurer to pay compensation benefits clearly does not depend upon any cause of action the employee might have against a third party, as liability exists in any event where the injury was incurred 'arising out of and in the course of' his employment, regardless of negligence of anyone. Minn.St. 176.011, subd. 16. | What does the employer or compensation carriers liability to pay compensation benefits not depend on? |
| 5225 | Anderson v. Laird, 437 F.2d 912, 914 (C.A.Ill. 1971) | 3 | In matters properly within area of military discretion, it is not for civil courts to judge whether the military has properly determined balance between military needs and personal rights. | And, in matters properly within the area of military discretion, it is not for civil courts to judge whether the military has properly determined the balance between military needs and personal rights. | Is it for the civil courts to judge whether the military has properly determined balance between military needs and personal rights? |
| 5228 | People v. Latora, 128 A.D.2d 807, 807, 513 N.Y.S.2d 509, 511 (1987) | 1 | To obtain conviction of burglary in first degree, State was required to prove that complainant suffered "physical injury," which is defined as "impairment of physical condition or substantial pain." McKinney's Penal Law SS 10.00, subd. 9, 140.30, subd. 2. | To obtain a conviction of burglary in the first degree (Penal Law § 140.30[2]), the People were required to prove that the complainant suffered a "physical injury", which is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00[9] ). | Does first degree burglary conviction require physical injury to the victim? |

| 5229 | Einhaus v. O. Ames Co., 547 S.W.2d 821, 825 (Mo.App. 1977) | 4 | General allegation of negligence predicated on act of defendant causing plaintiff's injury is sufficient as against an objection that no cause of action is stated, and it is not necessary to state specific facts showing the negligence in order to state a cause of action; plaintiff must, however, allege facts sufficient to inform defendant of breach of duty with which he is charged, and, if facts are within plaintiff's knowledge, he should be required to state them with reasonable particularity. | In Missouri a general allegation of negligence predicated on an act of the defendant causing plaintiff's injury is sufficient as against an objection that no cause of action is stated, and it is not necessary to state specific facts showing the negligence in order to state a cause of action. A plaintiff must, however, allege facts sufficient to inform the defendant of the breach of duty with which he is charged, and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity. | Should a plaintiff allege facts sufficient to inform the defendant of the breach of duty with which he is charged? |
|---|---|---|---|---|---|
| 5230 | City of Krum v. Rice, 508 S.W.3d 808, 824 (Tex.App.-Fort Worth, 2016) | 20 | A trial court may allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice. Tex. R. Civ. P. 198.3. | [A] trial court may allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice. Tex. | May a trial court allow the withdrawal of a deemed admission upon a showing of (1) good cause and (2) no undue prejudice? |
| 5231 | Dwight v. Girard Medical Center, 623 A.2d 913, 916, 154 Pa.Cmwlth. 326, 333 (Pa.Cmwlth., 1993) | 7 | If subject matter of admissions is broad and far-reaching, court should permit withdrawal of admissions in absence of bad faith or substantial prejudice. Rules Civ.Proc., Rule 4014(d), 42 Pa.C.S.A. | Furthermore, if the subject matter of the admissions is broad and far-reaching, a court should permit withdrawal in the absence of bad faith or substantial prejudice. | "If subject matter of admissions is broad and far-reaching, should a court permit a withdrawal of admissions in absence of bad faith or substantial prejudice?" |
| 5234 | Marshall v. District of Columbia, 391 A.2d 1374, 1379 (D.C.,1978) | 1 | Unless party demonstrates prejudice by reliance on previous admissions, trial court should extend permission to withdraw or amend admissions. D.C.C.E. SCR, Civil Rule 36(b). | Accordingly, unless a party demonstrates prejudice by reliance upon previous admissions, the trial court can and should extend permission to withdraw or amend. | "Unless a party demonstrates prejudice by reliance on previous admissions, should a trial court extend permission to withdraw or amend admissions?" |
| 5236 | Cleveland Tr. Co. v. Willis, 20 Ohio St. 3d 66, 67, 485 N.E.2d 1052, 1053 (1985) | 2 | Trial court may permit withdrawal of a matter admitted under Rule 36 regarding request for admission if withdrawal will aid in presenting merits of case and party who obtained admission fails to satisfy court that withdrawal will prejudice him in maintaining his action. Rules Civ.Proc., Rules 36, 36(B). | Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Civ.R. 36(B). The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. | May a trial court permit withdrawal of a matter admitted under Rule 36? |
| 5237 | United States v. Gatling, 96 F.3d 1511, 1522 (C.A.D.C., 1996) | 16 | Timing is not determinative of whether payment constitutes bribe or gratuity for purposes of bribery statute, since statute proscribes offers and promises of bribes as well as giving of bribes, and it is only logical that in certain situations bribe will not actually be conveyed until act is done. 18 U.S.C.A. S 201. | Timing is not determinative of whether a payment constitutes a bribe or a gratuity, since "[t]he statute proscribes offers and promises of bribes as well as the giving of bribes, and it is only logical that in certain situations the bribe will not actually be conveyed until the act is done | "For purpose of bribery, do bribes have to be given before the official acts are done?" |

| | | | | | |
|---|---|---|---|---|---|
| 5238 | People v. Longo, 119 Cal. App. 2d 416, 420, 259 P.2d 53, 56 (1953) | 5 | It was not an essential of the crime of bribery that bribe was offered to official with actual authority as long as official's act falls within general scope of duties, and he purported to act in official capacity. Pen.Code, S 671/212. | Second, it is not essential to the crime of bribery that the officer's action is with actual authority so long as it falls within the general scope of his duties and he is purporting to act in his official capacity. | Is it essential to the crime of bribery that an officer's action is with actual authority so long as it falls within the general scope of his duties? |
| 5239 | Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1390, 272 Cal. Rptr. 387, 396–97 (Ct. App. 1990) | 11 | Complaint must allege ultimate facts necessary to statement of actionable claims; it is both improper and insufficient for plaintiff to simply plead evidence by which he hopes to prove such ultimate facts. | A complaint must allege the ultimate facts necessary to the statement of an actionable claim. It is both improper and insufficient for a plaintiff **397 to simply plead the evidence by which he hopes to prove such ultimate facts. | Must a complaint allege the ultimate facts necessary to the statement of an actionable claim? |
| 5240 | Joachim v. Travelers Ins. Co., 279 S.W.3d 812, 816 (Tex. App. 2008), rev'd, 315 S.W.3d 860 (Tex. 2010) | 9 | A nonsuit returns the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction, rendering the merits of the case moot. | A nonsuit returns the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction. | "Does a nonsuit return the litigants to the positions they occupied before the plaintiff invoked the court's jurisdiction, rendering the merits of the case moot?" |
| 5241 | Norris v. Hearst Trust, 500 F.3d 454, 461 (5th Cir. 2007) | 3 | Under Texas law, subject to certain conditions, plaintiff who takes nonsuit is not precluded from filing subsequent suit seeking the same relief, and nonsuit may have effect of vitiating earlier interlocutory orders. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | It is recognized that under Texas law "[s]ubject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief," Aetna Casualty & Surety Co. v. Specia, 849 S.W.2d 805, 806 (Tex.1993), and "a nonsuit may have the effect of vitiating earlier interlocutory orders. | May a nonsuit have the effect of vitiating earlier interlocutory orders? |
| 5242 | Mireles v. Indiana Harbor Belt R.R. Corp., 154 Ill.App.3d 547, 554 (Ill.App. 1 Dist.,1987) | 7 | Where more than one attorney is involved in case, absence of one attorney at time of trial does not mean that case should be continued, especially where attorney who tries case has had prior involvement in case and is competent to try case. | Where more than one attorney is involved in a case, the absence of one of the attorneys at the time of trial does not mean that the case should be continued, especially where the attorney who tries the case has had prior involvement **134 ***470 in the case and is competent to try it. | "Where more than one attorney is involved in a case, does absence of one attorney at time of trial mean that case should be continued, especially where attorney who tries case has had prior involvement in case and is competent to try the case?" |
| 5243 | Wilborn v. GE Marquette Med. Sys., Inc., 163 S.W.3d 264, 267 (Tex. App. 2005) | 4 | When the ground specified in a motion for a continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. | When the ground for the continuance is the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. | "When the ground for the continuance is the withdrawal of counsel, must movants show that the failure to be represented at trial was not due to their own fault or negligence?" |
| 5244 | Sims v. Day, 2004 WY 124, ¶ 15 (Wyo.,2004) | 7 | Withdrawal of an attorney does not entitle the party to a continuance if he created the situation and an unwarranted delay of judicial proceedings would occur. | Our settled rule states that the withdrawal of an attorney does not entitle the party to a continuance if he created *970 the situation and an unwarranted delay of judicial proceedings would occur. | Does withdrawal of an attorney not entitle the party to a continuance if he created the situation and an unwarranted delay of judicial proceedings would occur? |

| 5245 | Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex.Civ.App., 1970) | 3 | Where it is shown that defendant's attorney has withdrawn from the case, it is duty of court to continue case a sufficient length of time to permit defendant to employ other counsel and to enable the new counsel to investigate the case and make defense. | of Tenn., Middle Sec., 1941, no writ hist.), the court said: [3] 'Where it is shown that defendant's attorney had withdrawn from the court to continue the case a sufficient length of time to permit defendant to employ other counsel and to enable the new counsel to investigate the case and make defense. | "When a trial court allows an attorney to voluntarily withdraw, will it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" |
| 5247 | In re Estate of Herring, 970 S.W.2d 583, 589 (Tex. App. 1998) | 18 | It is improper to request that opposing party admit or deny each and every allegation made in his or her petition, and such request will not result in deemed admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | For instance, it is improper to request that the opposing party admit or deny each and every allegation made in his or her petition, and such a request will not result in a deemed admission. | "Is it improper to request that opposing party admit or deny each and every allegation made in his or her petition, and such request will not result in a deemed admission?" |
| 5249 | Ramsey v. Edgepark, Inc., 66 Ohio App. 3d 99, 112 (Ohio App. 10 Dist., 1990) | 17 | Failure to respond at all to request for admissions will result in requests becoming admissions, and matter admitted conclusively established for purpose of pending action. Rules Civ.Proc., Rule 36. | Failure to respond at all to the requests will result in the requests becoming admissions, and the matter admitted conclusively established for the purpose of the pending action. | "Will failure to respond at all to request for admissions result in requests becoming admissions, and a matter admitted conclusively established for purpose of pending action?" |
| 5250 | Turner v. Mize, 280 Ga. App. 256, 259 (Ga.App., 2006) | 14 | Evidence is not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even if the substance of the matter deemed admitted was denied in the answer to the complaint. West's Ga.Code Ann. S 9-11-36(a)(2). | Nonetheless, we note that "evidence [is] not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even though the substance of the matter deemed admitted had been denied in the answer to the complaint." (Citation omitted.) Wurlitzer Co. | Is evidence not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even if the substance of the matter deemed admitted was denied in the answer to the complaint? |
| 5251 | Rafferty v. Scurry, 117 Ohio App.3d 240, 244 (Ohio App. 12 Dist.,1997) | 4 | When party fails to respond, without justification, to properly served request for admissions, those matters to which requests were addressed will be deemed admitted. Rules Civ.Proc., Rule 36. | When a party fails to respond, without justification, to a properly served request for admissions, to those matters to which the requests were addressed will be deemed admitted. Civ.R. 36; Cleveland Trust Co. | "When a party fails to respond, without justification, to a properly served request for admissions, will those matters to which requests were addressed be deemed admitted?" |
| 5252 | Hudson v. Winn, 859 S.W.2d 504, 506–07 (Tex. App. 1993) | 3 | Copy of requests for admissions, together with proof of service, must be filed with clerk of court, and proof of service is required before admissions will be deemed against a party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | Moreover, a copy of the requests for admissions, together with proof of service, *507 must be filed with the clerk of the court. Proof of service is required before admissions will be deemed against a party. | "Must a copy of requests for admissions, together with proof of service, be filed with the clerk of court, and proof of service is required before admissions will be deemed against a party?" |
| 5253 | Bliss v. Carmona, 418 So.2d 1017, 1019 (Fla.App. 3 Dist.,1982) | 4 | Certainty is required when pleading defenses and claims alike and pleading conclusions of law unsupported by allegation of ultimate fact is legally insufficient. | Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient. | "Is certainty required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient?" |

| 5254 | Moss v. Malone, 880 S.W.2d 45, 50 (Tex. App. 1994) | 2 | When ground for continuance is withdrawal of counsel, movant must show that failure to be represented at trial was not due to her fault or negligence. | While the trial court's course of action will not be disturbed unless the record discloses a clear abuse of discretion; when the ground for the continuance is the withdrawal of counsel, the movant must show that the failure to be represented at trial was not due to their own fault or negligence. | "When ground for continuance is withdrawal of counsel, must a movant show that failure to be represented at trial was not due to her fault or negligence?" |
|------|------|------|------|------|------|
| 5255 | Garrett v. Bracy, 187 Kan. 207, 209 (1960) | 2 | Absence of attorney does not necessarily require that continuance be granted when associate counsel competent to represent party seeking continuance is in attendance. | Certainly the absence of an attorney does not necessarily require that a continuance be granted when associate counsel competent to represent the party seeking the continuance is in attendance. | Does absence of an attorney not necessarily require that a continuance be granted when associate counsel competent to represent party seeking continuance is in attendance? |
| 5256 | King v. Peeples, 328 Ga. App. 814, 818 (Ga.App., 2014) | 8 | Whether to grant a continuance is a matter for the trial court's discretion, even in the face of the sudden withdrawal of retained counsel. | Whether to grant a continuance is a matter for the trial court's discretion, even in the face of the "sudden withdrawal of retained counsel." | "Is the question of whether to grant a continuance a matter for the trial court's discretion, even in the face of the sudden withdrawal of retained counsel?" |
| 5257 | Pandozy v. Shamis, 254 S.W.3d 596, 601 (Tex. App. 2008) | 8 | When the ground for continuance is the withdrawal of counsel, the movants must show that the failure to be represented at trial was not due to their own fault or negligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | However, when the ground for continuance is the withdrawal of counsel, the movants must show that the failure to be represented at trial was not due to their own fault or negligence. | "When the ground for a continuance is the withdrawal of counsel, must the movant show that the failure to be represented at trial was not due to her own fault or negligence?" |
| 5258 | First Interstate Bank of Texas, N.A. v. Burns, 951 S.W.2d 237, 240 (Tex.App. Austin,1997) | 1 | Legislative continuance statute allows parties represented by attorneys who are members of state legislature to obtain continuances under certain circumstances. V.T.C.A., Civil Practice & Remedies Code S 30.003. | The legislative continuance statute allows parties represented by attorneys who are members of the state legislature to obtain continuances under certain circumstances. | Does the legislative continuance statute allow parties represented by attorneys who are members of state legislature to obtain continuances under certain circumstances? |
| 5259 | Ruiz v. Nicolas Trevino Forwarding Agency, Inc., 888 S.W.2d 86, 89 (Tex. App. 1994) | 4 | When admissions are deemed, matters are conclusively established against admitting party unless court on motion permits withdrawal or amendment of admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | When admissions are deemed, the matters are conclusively established against the admitting party unless the court, on motion, permits withdrawal or amendment of the admissions. | "When admissions are deemed, are matters conclusively established against an admitting party unless a court on motion permits withdrawal or amendment of admissions?" |
| 5260 | Watts v. Lane Cnty., 142 Or. App. 489, 493, 922 P.2d 686, 689 (1996) | 4 | In appropriate cases, party that prevails at trial after opposing party denied requests for admission can recover its trial expenses, including attorney fees. Rules Civ.Proc., Rule 46, subd. C. | In appropriate cases, a party that prevails at trial after the opposing party denied its requests for admission can recover its trial expenses, including attorney fees, under ORCP 46 C. | "Can a party that prevails at trial, after opposing party denies requests for admission, recover its trial expenses including attorney fees?" |
| 5263 | Ethridge v. Perryman, 363 S.W.2d 696, 703 (Mo. 1963) | 12 | Where it appears from pleadings, application for continuance and testimony that parties have prepared to meet issues tendered by amendment, a continuance on account of the amendment is not necessary. V.A.M.R. Civil Rule 55.53; Section 509.490 RSMo 1959, V.A.M.S. | where it appears from the pleadings, application for continuance and testimony that the parties have prepared to meet the issues tendered by the amendment, a continuance on account of the amendment is not necessary. | "Where it appears from pleadings that an application for continuance and testimony that parties have prepared to meet issues tendered by amendment, is a continuance on account of the amendment not necessary?" |

| 5265 | Soe v. Sex Offender Registry Bd., 466 Mass. 381, 392 (2013) | 9 | The decision whether to grant a continuance or stay ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case. | The decision whether to grant the continuance or stay "ultimately requires and must rest upon 'a particularized inquiry into the circumstances of, and the competing interests in, the case.' " | "Does the decision whether to grant a continuance or stay, rest upon a particularized inquiry into the circumstances of the case?" |
|---|---|---|---|---|---|
| 5267 | Ward v. Stanford, 443 S.W.3d 334, 343 (Tex. App. 2014) | 10 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer. Id. at 407 (citing TEX. BUS. & COM.CODE ANN. § 3.104(a)). A note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | Should a negotiable instrument contain an unconditional promise to pay a certain sum of money? |
| 5268 | U.S. v. Arthur, 544 F.2d 730, 735 (C.A.4 (W.Va.), 1976)&(fn8) | 11 | Crucial distinction between "goodwill" expenditures and bribery is the existence or nonexistence of criminal intent that the benefit be received by the public official as a quid pro quo for some official act, pattern of acts, or agreement to act favorably to the donor when necessary. Code W.Va., 61-5A-3, 61-5A-6; 18 U.S.C.A. S 656. | The crucial distinction between "goodwill" expenditures and bribery is, then, the existence or nonexistence of criminal intent that the benefit be received by the official as a quid pro quo for some official act, pattern of acts, or agreement to act favorably to the donor when necessary. | "What is the crucial distinction between ""goodwill"" expenditures and bribery?" |
| 5269 | People v. Teitelbaum, 138 A.D.2d 647, 648, 526 N.Y.S.2d 230, 231 (1988) | 2 | Public official is guilty of bribe receiving in second degree if he solicits, accepts or agrees to accept benefit on understanding or agreement that actions will be influenced thereby. McKinney's Penal Law S 200.10(1973). | In order to support a verdict of guilty of bribe receiving in the second degree, the People must prove that the public official solicited or accepted or agreed to accept a benefit upon the understanding or agreement that his actions would thereby be influenced (see, Penal Law former § 200.10; People v. Charles, 61 N.Y.2d 321, 473 N.Y.S.2d 941, 462 N.E.2d 118). | When is a public official guilty of bribe receiving in the second degree? |
| 5271 | Saddle Hills Community Ass'n v. Cavallari, 150 Ill.App.3d 134, 137 (1986) | 2 | Party wishing to rely on admission requested, but not answered, must raise other party's failure to respond at some point in trial before failure will have any effect. | However, a party wishing to rely on an admission requested, but not answered, must raise the other party's failure to respond at some point in the trial before the failure will have any effect. | "Must a party wishing to rely on an admission requested, but not answered, raise the other party's failure to respond at some point in trial before failure will have any effect?" |
| 5272 | Gregg v. Cecil, 844 S.W.2d 851, 853 (Tex. App. 1992) | 2 | In ruling on motion for continuance, court must look at the entire record in the case and not just the sworn allegations set forth in the motion. | In ruling on a motion for a continuance the Court must look at the entire record in the case and not just the sworn allegations set forth in the motion for continuance. | "In ruling on motion for continuance, must the court look at the entire record in the case and not just the sworn allegations set forth in the motion?" |

| 5274 | Carter v. Carter, 3 So.3d 397, 398 (Fla.App. 4 Dist.,2009) | 1 | While personal financial information is fully discoverable when relevant to the subject matter of the pending action, it may cause irreparable harm to a person who is forced to disclose it when the information is not relevant or is overbroad. | While personal financial information is fully discoverable when relevant to the subject matter of the pending action, it may cause irreparable harm to a person who is forced to disclose it when the information is not relevant. | Can disclosure of personal financial information cause irreparable harm to a person forced to disclose it in a case in which the information is not relevant? |
|------|------|------|------|------|------|
| 5275 | Cho v. Seagate Technology Holdings, Inc., 99 Cal.Rptr.3d 436, 448, 177 Cal.App.4th 734, 748 (Cal.App. 1 Dist.,2009) | 18 | Objecting class members are not entitled to discovery concerning settlement negotiations between the parties without evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process. | that objectors are not entitled to discovery concerning settlement negotiations between the parties without evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process. | Are objecting class members not entitled to discovery concerning settlement negotiations between the parties without evidence indicating that there was collusion? |
| 5277 | Deer Consumer Prod., Inc. v. Little, 35 Misc. 3d 374, 387, 938 N.Y.S.2d 767, 778 (Sup. Ct. 2012) | 18 | Although the decision to grant jurisdictional discovery is left to the discretion of the court, in order to be entitled to discovery, a plaintiff must make a threshold showing that there is some basis for the assertion of jurisdiction. | Moreover, "[a]lthough the decision to grant jurisdictional discovery is left to the discretion of the [...] court, (Royalty Network Inc. v. Dishant.com, LLC, at 425, citing Jazini v. Nissan Motor Co., 148 F.3d 181, 186 [2d Cir.1998]; Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 [2d Cir.1981] ), to be entitled to discovery, a plaintiff must make a "threshold showing that there is some basis for the assertion of jurisdiction" (Royalty, citing Daval Steel Prods. v. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 162 [S.D.N.Y.1989] ). | "In order to be entitled to discovery, must a plaintiff make a threshold showing that there is some basis for the assertion of jurisdiction?" |
| 5278 | Shea v. Gamco, Inc., 81 R.I. 12, 17 (1953) | 4 | Generally, both employer and employee are bound to cooperate and deal fairly with each other in order that they may have the benefit of the express provisions of the Workmen's Compensation Act. Gen.Laws 1938, c. 300, art. 1, S 1 et seq. | We have held generally that both employer and employee are bound to cooperate and deal fairly with each other in order that both may have the benefit of the express provisions of the act. | Are both the employer and employee bound to cooperate and deal fairly with each other in order for them to have the benefit of the express provisions of the workmens compensation act? |
| 5279 | Industrial Electronics Corp. of Wisconsin v. iPower Distribution Group, Inc., 215 F.3d 677, 681 (C.A.7 (Wis.),2000) | 6 | Dispute that arises under one agreement may be litigated notwithstanding mandatory arbitration clause in second agreement, even where two agreements are closely intertwined. | A dispute that arises under one agreement may be litigated notwithstanding a mandatory arbitration clause in a second agreement, even where the two agreements are closely intertwined. | Can a dispute that arises under one agreement be litigated when there is a mandatory arbitration clause in a closely intertwined second agreement? |
| 5280 | Wells v. State, 144 Ga. App. 841, 841, 242 S.E.2d 752, 752 (1978) | 1 | While mere illegal entry alone does not satisfy elements of crime of burglary and there must be some evidence of an intent to commit theft separate and apart from unauthorized entry, question of intent is for determination of jury on facts and circumstances proved. | While mere illegal entry alone does not satisfy the elements of the crime of burglary and there must be some evidence of an intent to commit theft separate and apart from the unauthorized entry, the question of intent is for the determination of the jury under the facts and circumstances proved. | Does mere illegal entry constitute burglary? |

| | | | | | |
|---|---|---|---|---|---|
| 5282 | Cook v. City of Winston-Salem, 85 S.E.2d 696, 700–01, 241 N.C. 422, 428–29 (N.C. 1955) | 9 | Generally, a blind, or otherwise handicapped person, in using public ways, must exercise, for his own safety, due care, or care commensurate with the known or reasonably foreseeable dangers. | It seems to be the general rule that a blind, or otherwise handicapped person, in using the public ways, must exercise for his own safety due care, or care commensurate with the known or reasonably foreseeable dangers. | Is a blind person required to exercise due care while using public ways? |
| 5283 | ClearOne, Inc. v. Revolabs, Inc., 2016 UT 16, ¶ 35, 369 P.3d 1269, 1281, abrogated by Raser Techs., Inc. by & through Houston Phoenix Grp., LLC v. Morgan Stanley & Co., LLC, 2019 UT 44, ¶ 35, 449 P.3d 150 | 16 | A party seeking discovery regarding personal jurisdiction has the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted. | But the party seeking discovery has "the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted." | Does a party seeking discovery regarding personal jurisdiction have the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted? |
| 5284 | Warburton/Buttner v. Superior Ct., 103 Cal. App. 4th 1170, 1191, 127 Cal. Rptr. 2d 706, 722 (2002) | 17 | Facts that are normally within the knowledge of corporate, or tribal, officers, relating to jurisdictional issues, are ordinarily subject to discovery. | Facts that are normally within the knowledge of corporate, or in this case, tribal, officers, relating to jurisdictional issues, are ordinarily subject to discovery. | "Are facts that are normally within the knowledge of corporate or tribal, officers, relating to jurisdictional issues ordinarily subject to discovery?" |
| 5288 | Thorn v. Blue Cross and Blue Shield of Fla., Inc., 192 F.R.D. 308, 309 (M.D. Fla. 2000) | 2 | Rule governing motions for leave to amend filed beyond the time prescribed by a scheduling order requires a showing of good cause to deviate from the deadline set in the scheduling order; in demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A. | Rule 16(b), Federal Rules of Civil Procedure (Rule(s)), governs motions for leave to amend filed beyond the time prescribed by a scheduling order. See Tampa Bay Storm, Inc. v. Arena Football League, Inc., No. 96–29–CIV–T–17C, 1998 WL 182418, at *1 (M.D.Fla. Mar.19, 1998) (citing Payne v. Ryder Sys., Inc., 173 F.R.D. 537, 540 (M.D.Fla.1997)). Rule 16(b) requires a showing of good cause to deviate from the deadline set in the scheduling order. In demonstrating good cause, the moving party must establish that the "scheduling deadlines cannot be met despite a party's diligent efforts." | What should a party show for an order to deviate from or extend the deadline set in a scheduling order? |
| 5289 | In re Elias, 29 A.D.2d 118, 119, 286 N.Y.S.2d 371, 376 (1967) | 3 | Generally there must appear a basis for inquiry on face of complaint as prerequisite for permitting examination before trial in shareholders' derivative suit. | The general rule is that there must appear a "basis for inquiry" on the face of the complaint as a prerequisite for permitting an examination before trial in the stockholders' derivative suit (Pearson v. Rosenberg, 22 A.D.2d 225, 254 N.Y.S.2d 690; see, Hegener v. Party Tyme Prods., 24 A.D.2d 742, 263 N.Y.S.2d 479). | Must there appear a basis for inquiry on face of a complaint as a prerequisite for permitting examination before trial in a shareholders' derivative suit? |

| 5290 | Broome v. Perlman, 178 Misc. 873, 874, 36 N.Y.S.2d 729, 730 (N.Y. Mun. Ct. 1942) | 2 | The practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. Civil Practice Act, S 288 et seq. | The time has come when courts should let it be definitely understood that the practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. * * * The trend of present day thought is to permit great liberality in such examinations.' | Should the practice of examining an adverse party before trial not be hampered by technical requirements so long as the inquiry is directed to relevant issues? |
|---|---|---|---|---|---|
| 5291 | Brand v. Butts, 242 A.D. 149, 150, 273 N.Y.S. 181, 183 (App. Div. 1934) | 4 | Civil Practice Act, simplifying practice of taking testimony by depositions and abolishing technical requirements of Code of Civil Procedure and general rules of practice, is remedial and should be liberally construed to further justice and effectuate its provisions. Civil Practice Act, S 288. | The intent and purpose of the Civil Practice Act was to simplify the practice and to abolish the innumerable technical requirements of the Code of Civil Procedure and the general rules of practice. This legislation is remedial and should be liberally construed in furtherance of justice and to effectuate its provisions. | Is the Civil Practice Act remedial and should be liberally construed to further justice and effectuate its provisions? |
| 5292 | Hudak v. Fox, 521 A.2d 889, 890, 215 N.J.Super. 233, 235 (1987) | 2 | Prima facie proof of legal right to recover punitive damages is prerequisite to discovery of defendant's financial condition. | Defendant contends, and plaintiffs do not dispute, that "prima facie proof of the legal right to recover punitive damages is a prerequisite to the discovery of a defendant's financial condition." | Is the prima facie proof of a legal right to recover punitive damages a prerequisite to discovery of a defendant's financial condition? |
| 5294 | Greer v. SYSCO Food Servs., 475 S.W.3d 655, 666 (Mo. 2015) | 11 | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. Mo. Ann. Stat. S 287.010 et seq. | "Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible." | Is workers compensation law entirely a creature of statute? |
| 5295 | Evans v. United States, 129 Fed.Cl. 126, 129 (Fed.Cl., 2016) | 6 | The decision of a military corrections board must be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant. | The corrections board decision must be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant. | Should the decision of a military corrections board be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant? |
| 5296 | Peoples v. U.S., 87 Fed. Cl. 553, 576 (2009) | 34 | The Board for Correction of Naval Records (BCNR) is not required to explain the reasons for its decision in great detail, but must provide an applicant for correction of military records with sufficient notification to permit him, if he may, to rebut BCNR's action. 10 U.S.C.A. S 1552(a); 32 C.F.R. S 723.6(a)(3). | The BCNR is not required to explain the reasons for its decision "in great detail," but must provide an applicant with "sufficient notification ... to permit him, if he may, to rebut [its] action." | Is the Board for Correction of Naval Records required to explain the reasons for its decision in great detail? |

| 5297 | Woodward v. United States, 871 F.2d 1068, 1071 (Fed. Cir. 1989) | 1 | Secretary of Navy's statutory authority to release a reserve officer from active duty is not subject to any procedural or substantive limitation. 10 U.S.C.A. SS 681, 681(a). | The statutory authority given to the Secretary of the Navy to release a reserve officer from active duty is not subject to any procedural or substantive limitation. It is contained in 10 U.S.C. § 681(a) (1982) and provides that "the Secretary concerned may at any time release a Reserve under his jurisdiction from active duty." | Is the Secretary of Navy's statutory authority to release a reserve officer from active duty subject to any procedural or substantive limitation? |
|------|------|------|------|------|------|
| 5298 | In re Dana Corp., 138 S.W.3d 298, 301 (Tex.,2004) | 4 | A discovery order requiring document production from an unreasonably long time period or from distant and unrelated locales is impermissibly overbroad and may be subject to mandamus relief. | A discovery order "requiring document production from an unreasonably long time period or from distant and unrelated locales" is impermissibly overbroad and may be subject to mandamus relief. | Can a discovery order requiring document production be subject to mandamus relief? |
| 5299 | Moulder v. Steele, 118 Ga.App. 87, 87 (Ga.App. 1968) | 2 | The Soldiers' and Sailors' Civil Relief Act provides for stays of proceedings to which persons in military service are parties, but it does not authorize a stay because witnesses are in the service. Soldiers' and Sailors' Civil Relief Act of 1940, S 201, 50 U.S.C.A.App. S 521. | The Soldiers and Sailors Civil Relief Act, supra, provides for stay of proceedings to which persons in military service are parties, it does not authorize a stay because witnesses are in the service. | Does the Soldiers and Sailors Civil Relief Act provide for stay of proceedings to which persons in military service are parties? |
| 5300 | Rotert v. Faulkner, 660 S.W.2d 463, 469 (Mo.App. S.D. 1983) | 8 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | It is thus established in Missouri that even though a note does not possess the quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another. Any language, however informal, if it shows the intention of the owner of a chose in action to transfer it, and sufficiently identifies the subject matter, is sufficient to vest the property therein in the assignee. | Does any informal language of the owner of the property to transfer it is sufficient to vest the property therein in the assignee? |
| 5301 | Rikkers v. Ryan, 76 Wis. 2d 185, 188 (Wis. 1977) | 4 | Conveyance of property abutting on a street or highway transfers legal title to the land to the center of the adjacent street or highway, in absence of a clear intent to contrary. | the Rikkers primarily rely upon the rule of law that conveyance of property abutting on a street or highway transfers the legal title to the land to the center of the adjacent street or highway, in the absence of a clear intent to the contrary. | "Does the conveyance of property abutting on a street or highway, transfer legal title to the land to the center of the adjacent street or highway?" |
| 5302 | Leidholt v. District Court In and For City and Cnty. of Denver, 619 P.2d 768, 771 (Colo., 1980) | 6 | In tort action, prima facie proof of triable issue on liability for punitive damages is necessary to discover information relating to defendant's financial status. C.R.S. '73, 13-21-102; Rules of Civil Procedure, Rule 26(b)(1). | We hold that prima facie proof of a triable issue on liability for punitive damages is necessary to discover information relating to the defendant's financial status. | "Is evidence of a defendant's financial worth discoverable if the plaintiff demonstrates prima facie proof of a ""triable issue"" on liability for punitive damages?" |

| 5304 | Wilson v. Pershing, LLC, 253 N.C. App. 643, 650, 801 S.E.2d 150, 156 (2017) | 5 | Standing, which is properly challenged by motion to dismiss, is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction. N. C. R. Civ. P. 12(b)(1). | Standing, which is properly challenged by a Rule 12(b)(1) motion to dismiss, Fuller v. Easley, 145 N.C.App. 391, 395, 553 S.E.2d 43, 46 (2001), "is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." | "Is standing, which is properly challenged by motion to dismiss, a necessary prerequisite to a court's proper exercise of subject matter jurisdiction?" |
|---|---|---|---|---|---|
| 5305 | Vermont Coll. of Fine Arts v. City of Montpelier, 2017 VT 12, ¶ 12, 204 Vt. 215, 221, 165 A.3d 1065, 1070 (2017) | 6 | A party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction. | Understanding this statutory scheme is important to this case because "[a] party's failure to exhaust administrative remedies permits a court to dismiss the action for lack of subject matter jurisdiction." | Does a party's failure to exhaust administrative remedies permit a court to dismiss an action for lack of subject matter jurisdiction? |
| 5306 | Pollack v. Watts, 134 Ohio App.3d 560, 565 (1999) | 5 | A trial court may dismiss a complaint for lack of subject matter jurisdiction based on (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed fact plus the court's resolution of disputed facts. Rules Civ.Proc., Rule 12(H)(3). | A trial court may dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." | Can a motion to dismiss a complaint by reason of the court's lack of subject matter jurisdiction be made at any stage of a proceeding? |
| 5307 | City of Wenatchee v. Chelan Cnty. Public Utility Dist. No. 1, 325 P.3d 419, 424, 181 Wash.App. 326, 337 (Wash.App. Div. 3, 2014) | 6 | When it comes to statutes dealing with taxation, legislative power is particularly broad and it is inherent in the exercise of the power that the State or its delegee, within the scope of its delegation, be free to select the objects or subjects of taxation. | When it comes to statutes dealing with taxation, legislative power is particularly broad and it is inherent in the exercise of the power that the State, or here, its delegee, within the scope of its delegation, be free to select the objects or subjects of taxation. | How broad is the legislative power when it comes to statutes dealing with taxation? |
| 5308 | United States v. Albertini, 472 U.S. 675, 685 (U.S.Hawai'i, 1985) | 9 | There is no generalized constitutional right to make political speeches or distribute leaflets on military bases even if they are generally open to the public. U.S.C.A. Const.Amend. 1. | There is "no generalized constitutional right to make political speeches or distribute leaflets," id., at 838, 96 S.Ct., at 1217, on military bases, even if they are generally open to the public. | "Is there a generalized constitutional right to make political speeches or distribute leaflets on military bases, even if they are generally open to the public?" |
| 5310 | United States v. Jefferson, 562 F. Supp. 2d 687, 690 (E.D.Va., 2008) | 2 | An indictment charging bribery must allege each of the following elements: (1) that the defendant is a public official; and (2) that defendant corruptly demanded, sought, received, accepted, or agreed to receive or accept (3) anything of value (4) in return for being influenced in the performance of (5) an official act. 18 U.S.C.A. S 201(b)(2)(A). | An indictment charging bribery must therefore allege each of the following elements: (i) that the defendant is a public official, and (ii) that defendant corruptly demanded, sought, received, accepted, or agreed to receive or accept (iii) anything of value (iv) in return for being influenced in the performance of (v) an official act. | What should an indictment charging bribery allege? |

| 5312 | State v. Hair, 114 N.C.App. 464, 468 (1994) | 4 | Offeror of bribe to public official possesses requisite "corrupt intent" if his purpose in offering bribe is to gain some advantage for himself, without regard to whether he seeks performance or nonperformance of official duty. G.S. S 14-218. | The offeror of a bribe to a public official therefore possesses a corrupt intent if his purpose in offering the bribe is to gain some advantage for himself, without regard to whether he seeks the performance or the nonperformance of an official duty. | "When does the offeror of a bribe to a public official possess the requisite ""corrupt intent"" for a bribery conviction?" |
|---|---|---|---|---|---|
| 5313 | Fischer v. First Nat. Bank, 55 Idaho 251, 254 (Idaho 1935) | 4 | Custom or usage relating to particular business in order to be available for purpose of determining rights of parties must be reasonable, uniform, general as to place or locality, and not contrary to law. | Custom or usage relating to a particular business, in order to be available for the purpose of determining the rights of parties, must be reasonable, uniform, general as to the place or locality, and not contrary to law. | Does custom have to be uniform in order to be used for the purpose of determining the rights of parties? |
| 5315 | City of Chicago v. Beretta U.S.A. Corp., 821 N.E.2d 1099, 1113, 290 Ill.Dec. 525, 539, 213 Ill.2d 351, 369 (Ill., 2004) | 12 | Despite the requirement that the complaint must contain allegations of fact bringing the case within the cause of action, the plaintiff is not required to set out evidence; only the ultimate facts to be proved should be alleged, not the evidentiary facts tending to prove such ultimate facts. | However, despite the requirement that the complaint must contain allegations of fact bringing the case within the cause of action, "the plaintiff is not required to set out evidence; only the ultimate facts to be proved should be alleged, not the evidentiary facts tending to prove such ultimate facts. | "Is a plaintiff required to allege only the ultimate facts to be proved, and not the evidentiary facts to prove the ultimate facts?" |
| 5316 | City of Houston v. Riner, 896 S.W.2d 317, 319 (Tex.App.-Hous. (1 Dist.), 1995) | 2 | Trial court possesses broad discretion to permit or deny withdrawal of deemed admissions, and its ruling will be set aside on appeal only upon clear abuse of discretion; "abuse of discretion" occurs when court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | A trial court possesses broad discretion to permit or deny the withdrawal of deemed admissions, and its ruling will be set aside on appeal only upon a clear abuse of discretion. Esparza v. Diaz, 802 S.W.2d 257, 776 (Tex.App.-Houston [14th Dist.] 1990, no writ). An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably, | Does a trial court have broad discretion to permit or deny the withdrawal of deemed admissions? |
| 5322 | Providence Volunteer Fire Department v. Town of Weddington, 800 S.E.2d 425, 432 (N.C.App., 2017) | 11 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | If, however, the defendant submits supportive evidence-for example an affidavit-along with the motion to dismiss, the complaint's allegations "can no longer be taken as true or controlling and [the] plaintiff[ ] cannot rest on the allegations of the complaint." | "If the defendant submits supportive evidence along with the motion to dismiss, can the complaints allegations be taken as true or controlling?" |

| | | | | | |
|---|---|---|---|---|---|
| 5323 | Kelly v. General Interior Const., Inc., 301 S.W.3d 653, 659 (Tex., 2010) | 14 | To negate jurisdiction on a factual basis, a nonresident defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations; the plaintiff can then respond with its own evidence that affirms its allegations, and it risks dismissal of its lawsuit if it cannot present the trial court with evidence establishing personal jurisdiction. | The defendant can negate jurisdiction on either a factual or legal basis. Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations. The plaintiff can then respond with its own evidence that affirms its allegations, 6  and it risks dismissal of its lawsuit if it cannot present the trial court with evidence establishing personal jurisdiction. | "To negate jurisdiction on a factual basis, can a nonresident defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations?" |
| 5324 | Greer v. Buss, 918 N.E.2d 607, 613 (Ind. App. 2009) | 1 | A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. Trial Procedure Rule 12(B)(1). | A motion to dismiss for lack of subject matter jurisdiction "presents a threshold question concerning the court's power to act." | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the court's power to act? |
| 5325 | Ex parte Chemical Waste Management, Inc., 929 So.2d 1007, 1010 (Ala., 2005) | 4 | When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction and has no alternative but to dismiss the action. | "When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction." | "When a party without standing purports to commence an action, does the trial court acquire no subject-matter jurisdiction and has no alternative but to dismiss the action?" |
| 5326 | Emerick v. Town of Glastonbury, 145 Conn.App. 122, 127 (Conn.App.,2013) | 1 | A motion to dismiss for lack of standing properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | "A motion to dismiss [for lack of standing] ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does a motion to dismiss for lack of standing properly attack the jurisdiction of the court? |
| 5329 | United States v. Miller, 340 F.2d 421, 424 (C.A.4 (Md.), 1965) | 7 | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | It is immaterial whether the official action which the briber seeks to influence is right or wrong, in the sense that it is expected to result in pecuniary injury to the Government or that it calls upon the bribe recipient to do something other that what he is legally obligated to do. | Will an intention to influence official behavior or an intention to induce unlawful action supply the culpability required by the bribery statute? |
| 5331 | Defenders of Wildlife v. Bureau of Ocean Energy Management, Regulation, Enforcement, 871 F.Supp.2d 1312, 1315 (S.D.Ala.,2012) | 1 | Outer Continental Shelf Lands Act (OCSLA) prescribes a sequence of four distinct statutory stages to developing an offshore oil well: (1) formulation of a five-year leasing plan by the Department of the Interior, (2) lease sales, (3) exploration by the lessees, and (4) development and production. Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | OCSLA, as amended, Congress prescribed a sequence of "four distinct statutory stages to developing an offshore oil well: (1) formulation of a five year leasing plan by the Department of the Interior; (2) lease sales; (3) exploration by the lessees; (4) development and production." | What are the four stages to developing an offshore oil well? |

| 5332 | Watkins v. Certain-Teed Prod. Corp., 231 S.W.2d 981, 984 (Tex. Civ. App. 1950) | 5 | An adverse entry upon surface of land extends downward and includes title to underlying minerals where at time of entry there has been no severance of the mineral estate. Vernon's Ann.Civ.St. arts. 5509, 5510. | The rule is well established in Texas that an adverse entry upon the surface of land extends downward and includes title to the underlying minerals where at the time of entry there had been no severance of the mineral estate. | Does an adverse entry upon the surface extend downward and include the underlying minerals where at time of entry there had been no severance of the mineral estate? |
|---|---|---|---|---|---|
| 5333 | Indiana Alcoholic Beverage Commission v. State ex rel. Harmon, 269 Ind. 48, 59 (Ind.,1978) | 15 | Granting of motion for continuance is within discretion of trial court, but such motion should not be denied if moving party can show good cause for continuance. | The granting of a motion for continuance is within the discretion of the trial court, but such motion should not be denied if the moving party can show good cause for the continuance. | "Is the granting of a motion for continuance within discretion of a trial court, but such motion should not be denied if a moving party can show good cause for continuance?" |
| 5335 | Providence Volunteer Fire Department v. Town of Weddington, 800 S.E.2d 425, 432 (N.C.App., 2017) | 11 | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | If, however, the defendant submits supportive evidence-for example an affidavit-along with the motion to dismiss, the complaint's allegations "can no longer be taken as true or controlling and [the] plaintiff[ ] cannot rest on the allegations of the complaint." | What must a court consider when a defendant submits supportive evidence on a motion to dismiss for lack of personal jurisdiction? |
| 5339 | Rubio v. Home Depot, U.S.A., Inc., 188 S.W.3d 26, 29 (Mo. Ct. App. 2006) | 2 | A court shall dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction; the quantum of proof is not high, as it must appear by the preponderance of the evidence that the court is without jurisdiction. V.A.M.R. 55.27(g)(3). | "A court shall dismiss the action whenever it 'appears' by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction. Rule 55.27(g)(3). As the term 'appears' suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." | Shall a court dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction? |
| 5340 | Moody v. Frazeysburg, 2006-Ohio-3028, ¶ 9, 167 Ohio App. 3d 106, 108, 854 N.E.2d 212, 213 | 3 | The standard of review for a dismissal for want of subject-matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint; this determination involves a question of law that the Court of Appeals will review de novo. Rules Civ.Proc., Rule 12(B)(1). | The standard of review for a dismissal for want of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint. Prosen v. Dimora (1992), 79 Ohio App.3d 120, 606 N.E.2d 1050; State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. This determination involves a question of law that we will review de novo. | Is the standard of review for a dismissal for want of subject-matter jurisdiction whether any cause of action cognizable by the forum has been raised in the complaint? |
| 5342 | Dalot v. Smith, 551 A.2d 448, 449 (Me.,1988) | 1 | Excessive or unreasonable delay in service of process may be ground for dismissal unless shown to be result of mistake or excusable neglect. Rules Civ.Proc., Rule 3. | Although we have not previously decided the question, we now conclude that excessive or unreasonable delay in service may be a ground for dismissal unless shown to be the result of mistake or excusable neglect. | Is excessive or unreasonable delay in service of process the grounds for dismissal unless shown to be a result of mistake or excusable neglect? |

| 5344 | Mohr v. Mohr, 859 N.W.2d 377, 379 (Neb.App., 2015) | 4 | Under statute providing for dismissal of unserved petitions, an action is commenced on the date the complaint is filed with the court; the action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint is filed. Neb. Rev. Stat. S 25-217. | This statute states that an "action is commenced on the date the complaint is filed with the court. The action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." | "Under a statute providing for dismissal of un-served petitions, when shall the action stand dismissed?" |
| 5345 | Montgomery Cnty. v. Waters Landing Ltd. Partnership, 635 A.2d 48, 54–55, 99 Md.App. 1, 13 (Md.App., 1994) | 3 | Factors to consider under three-part test to help distinguish between "property" tax and "excise tax" are: designation placed on tax by legislature, subject matter of tax, and incidents of tax, i.e., manner in which it is assessed and measure of tax. | A three-part test, however, has been developed to help distinguish between property and excise taxes, which is: (1) the designation placed on the tax by the legislature; (2) the subject matter of the tax; and (3) the incidents of the tax, i.e., the **55 manner in which it is assessed and the measure of the tax. | "What factors are considered under the three-part test to help distinguish between ""property tax"" and ""excise tax""?" |
| 5347 | Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1315–16 (C.A.11 (Fla.), 2002) | 5 | Court uses two-part test in determining whether a party has waived its right to arbitrate, under which it first decides if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and second, whether by doing so that party has in some way prejudiced the other party. | 17 In determining whether a party has waived its right to arbitrate, we have established a two-part test. First, we decide if, "under the totality of the circumstances," the party "has acted inconsistently with the arbitration *1316 right," and, second, we look to see whether, by doing so, that party "has in some way prejudiced the other party." S & H Contractors, Inc. | What test do courts use to determine whether a party has waived its right to arbitrate? |
| 5348 | Arndt v. U.S., 222 F.2d 484, 486 (C.A.5 1955) | 3 | Draft boards have been invested with great authority over lives and actions of people, and that authority must be exercised only after scrupulous observance of protective safeguards provided by Constitution and statutes. | These boards have been invested with great authority over the lives and actions of the people, and that authority must be exercised only after scrupulous observance of the protective safeguards provided by the Constitution and Statutes. | Should the authority of selective service boards be exercised only after scrupulous observance of the protective safeguards provided by the constitution and statutes? |
| 5349 | United States v. Whitfield, 590 F.3d 325, 345 (C.A.5 (Miss.), 2009) | 5 | Although the conduct prohibited by the statute governing federal program bribery need not actually affect the federal funds received by the agency, there must be some nexus between the criminal conduct and the agency receiving federal assistance. 18 U.S.C.A. S 666. | . This court has held that "[a]lthough the conduct prohibited by section 666 need not actually affect the federal funds received by the agency, there must be some nexus between the criminal conduct and the agency receiving federal assistance. | "Under law, with regard to the prohibited conduct that affect administration of federal funds, should there be some nexus between the criminal conduct and the agency receiving federal assistance?" |
| 5350 | People v. $1,124,905 U.S. Currency and One 1988 Chevrolet Astro Van, 177 Ill.2d 314, 339 (1997) | 25 | Whether particular allegation is deemed to be ultimate fact or conclusion is matter to be determined by careful consideration of needs of administering particular litigation. | Whether a particular allegation is deemed to be an ultimate fact or a conclusion is a matter to be determined by a careful consideration of the needs of administering particular litigation. | "Is the determination of whether a particular allegation is a fact or conclusion, a matter to be determined by careful consideration of needs of administering particular litigation?" |

| 5352 | Manifold v. Ragaglia, 94 Conn.App. 103, 119 (Conn.App., 2006) | 15 | Although a motion to dismiss is the preferred means of challenging the court's subject matter jurisdiction, there is no authority for the proposition that subject matter jurisdiction can never be challenged through any other procedural vehicle, most importantly by means of a motion for summary judgment. | Although a motion to dismiss is certainly the preferred means of challenging the court's subject matter jurisdiction, we know of no authority for the proposition that subject matter jurisdiction can never be challenged through any other procedural vehicle, most importantly by means of a motion for summary judgment. | Can subject matter jurisdiction be challenged through any other procedural vehicle other than a motion to dismiss? |
|---|---|---|---|---|---|
| 5353 | Wilder Chiropractic, Inc. v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781, ¶ 80, 13 N.E.3d 194, 213 | 27 | No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on defendant. Sup.Ct.Rules, Rule 103(b). | "No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions." | Does no absolute time frame exist that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant? |
| 5354 | Christian v. Lincoln Automotive Co., 403 Ill.App.3d 1038, 1043 (Ill.App. 3 Dist., 2010) | 11 | The policy factor favoring adjudication of controversies on the merits is not an appropriate factor for consideration, when objectively determining whether a plaintiff exercised reasonable diligence to obtain service on a defendant. Sup.Ct.Rules, Rule 103(b). | Based on the foregoing discussion, in answer to the trial court's first query, we consider that the policy factor favoring adjudication of controversies on the merits is not an appropriate factor for consideration in objectively determining whether a plaintiff exercised reasonable diligence to obtain service on a defendant. | Is the policy factor favoring adjudication of controversies on the merits not an appropriate factor for consideration? |
| 5355 | Voltz v. Dyess, 148 So. 3d 425, 428 (Ala. 2014) | 6 | A trial court is required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected. Rules Civ.Proc., Rule 4(b). | We hold, therefore, that a trial court is required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected. | Is a trial court required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected? |
| 5357 | Young v. Est. of Sweeney, 808 N.E.2d 1217, 1219 (Ind. Ct. App. 2004) | 3 | Dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties. | As we have previously explained, "dismissal for lack of subject matter jurisdiction takes precedence over the determination of and action upon other substantive and procedural rights of the parties." | Does a dismissal for lack of subject-matter jurisdiction take precedence over the determination of and action upon other substantive and procedural rights of the parties? |
| 5359 | Rucker v. Taylor, 828 N.W.2d 595, 603 (Iowa, 2013) | 22 | Dismissal without prejudice under for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. I.C.A. Rule 1.302(5). | As observed under the analogous federal rule, [a] dismissal without prejudice under Rule 4(m) for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. | Is dismissal without prejudice for failure to serve process intended to leave the plaintiff as if the action was never filed? |
| 5361 | Alvarez v. Alvarez, 638 So.2d 153, 153 (Fla.App. 2 Dist.,1994) | 2 | Imposition of most severe sanctions contemplated by rules should be reserved for those occasions where violation is flagrant, persistent, willful, or otherwise aggravated. | The rule followed by this court is that the imposition of the most severe sanctions contemplated by the rules should be reserved for those occasions where the violation is flagrant, persistent, willful or otherwise aggravated. | "Should imposition of the most severe sanctions contemplated by rules be reserved for those occasions where violation is flagrant, persistent, willful, or otherwise aggravated?" |

| 5364 | Wilson Foods Corp. v. Turner, 218 Ga. App. 74, 77, 460 S.E.2d 532, 535 (1995) | 10 | Sanction of precluding calling of witnesses not listed in valid pretrial order cannot be upheld if less harsh sanctions are available and appropriate. | Moreover, the harsh sanction of precluding the calling of witnesses not listed in a valid pretrial order cannot be upheld if less harsh sanctions are available and appropriate. | Can the sanction of precluding calling of witnesses not listed in valid pretrial order cannot be upheld if less harsh sanctions are available and appropriate? |
| 5365 | Duncan v. Johnson, 14 So.3d 760, 762 (Miss.App.,2009) | 2 | Trial courts possess an inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants. | Our trial courts possess an inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants. | "Do courts possess an authority to dismiss frivolous complaints, even prior to service of process on the defendants?" |
| 5366 | Whitten v. Whitten, 956 So. 2d 1093, 1096–97 (Miss. Ct. App. 2007) | 4 | The plaintiff bears the burden to demonstrate the existence of good cause for the failure to timely serve process in order to prevent dismissal of the action. Rules Civ.Proc., Rule 4(h). | The plaintiff bears the burden to demonstrate the existence of *1097 good cause for the failure to timely serve process. | Does the plaintiff bear the burden to demonstrate the existence of good cause for the failure to timely serve process in order to prevent dismissal of the action? |
| 5368 | Whitten v. Whitten, 956 So. 2d 1093, 1097 (Miss. Ct. App. 2007) | 6 | A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days to avoid dismissal of action. Rules Civ.Proc., Rule 4(h). | "A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days." | Should a plaintiff be diligent in serving process if he is to show good cause in failing to serve process within 120 days to avoid dismissal of action? |
| 5372 | Application of Kaul, 933 P.2d 717, 725, 261 Kan. 755, 766 (Kan., 1997) | 8 | Power to levy taxes is inherent in power to govern, but exercise of that power is dependent upon existence of legislation designating kinds of property to be taxed. | The power to levy taxes is inherent in the power to govern, but the exercise of that power is dependent upon the existence of legislation designating the kinds of property to be taxed. | Is the power to levy taxes inherent in power to govern but exercise of that power is dependent upon existence of legislation designating kinds of property to be taxed? |
| 5373 | PC Const. Co. v. City of Salisbury, 871 F. Supp. 2d 475, 481 (D.Md., 2012) | 6 | In the arbitration context, the doctrine of equitable estoppel recognizes a party may be estopped from asserting the lack of its signature on a written contract precludes enforcement of the contract's arbitration clause when it has consistently maintained the other provisions of the same contract should be enforced to benefit it; in other words, a nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause. | One way in which this may occur is through the doctrine of equitable estoppel. In the arbitration context, this doctrine "recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that the other provisions of the same contract should be enforced to benefit him." Id. at 418. In other words, "[a] nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a 'direct benefit' from a contract containing an arbitration clause." Id. | What does the doctrine of equitable estoppel mean in the context of arbitration? |
| 5374 | Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 712 F.2d 270, 272 (C.A.Ill.,1983) | 1 | To determine whether party has defaulted in proceeding with arbitration, thereby waiving arbitration agreement, court must analyze all facts and circumstances. | To determine whether a party has defaulted in proceeding with arbitration, thereby waiving the arbitration agreement, the court must analyze all the facts and circumstances. | Should a court analyze all the facts and circumstances to determine whether a party has defaulted in proceeding in arbitration thereby waving the arbitration agreement? |

| 5375 | Allen v. Wilkinson, 129 F.Supp. 73, 76 (D.C.Pa. 1955) | 10 | Neither a minor soldier nor his parents, even where no consent has been given, may void an enlistment made while under age or effect release of such soldier when he is held for a military offense or is under sentence for a military offense. | Moreover, the overwhelming weight of authority is that neither a minor soldier or his parents, even where no consent has been given, may void such an enlistment or effect the release of such soldier when he is held for a military offense or is under sentence for a military offense. | Can a minor soldier or his parents void an enlistment or effect the release of such soldier when he is held for a military offense? |
|---|---|---|---|---|---|
| 5376 | Herrington v. Boatright, 633 S.W.2d 781, 783 (Tenn.App. 1982) | 5 | Insurance policies of National Service Life Insurance are contracts of the United States and possess same legal incidents as other government contracts, and validity and construction of such policies present questions of federal law. | This policy is a National Service Life Insurance (NSLI) policy with the United States Government as the insurer. Policies of NSLI are contracts of the United States and possess the same legal incidents as other government contracts, and the validity and construction of such policies present questions of federal law. | Are National Service Life Insurance policies considered contracts of the United States? |
| 5377 | United States v. Kay, 359 F.3d 738, 743 (C.A.5 (Tex.), 2004) | 7 | Foreign Corrupt Practices Act (FCPA) did not criminalize every payment to foreign official, but only those payments intended to (1) influence foreign official to act or make decision in his official capacity, or (2) induce such official to perform or refrain from performing some act in violation of his duty, or (3) secure some wrongful advantage to payor, and Act criminalized such payments only if result they are intended to produce will assist, or is intended to assist, payor in efforts to get or keep some business. Securities Exchange Act of 1934, S 104(a), 15 U.S.C.A. S 78dd-2(a). | None contend that the FCPA criminalizes every payment to a foreign official: It criminalizes only those payments that are intended to (1) influence a foreign official to act or make a decision in his official capacity, or (2) induce such an official to perform or refrain from performing some act in violation of his duty, or (3) secure some wrongful advantage to the payor. And even then, the FCPA criminalizes these kinds of payments only if the result they are intended to produce- their quid pro quo-will assist (or is intended to assist) the payor in efforts to get or keep some business for or with "any person. | What kind of payments to foreign officials does FCPA criminalize? |
| 5378 | Hammerman v. Louis Watch Co., 7 A.D.2d 817, 818, 181 N.Y.S.2d 65, 67 (1958) | 1 | Although it is true that person may have more than one residence for venue purposes, to consider a place as such, he must stay there for some length of time and have bona fide intent to retain place as residence with at least some degree of permanency. | Although it is true that a person may have more than one residence for venue purposes, to consider a place as such, he must stay there for some length of time and have the bona fide intent to retain the place as a residence with at least some degree of permanency (Hurley v. Union Trust Co. of Rochester, 244 App.Div. 590, 280 N.Y.S. 474; Bradley v. Plaisted, 277 App.Div. 620, 102 N.Y.S.2d 295). | What must a person do to consider a place as his residence? |

| 5379 | Bowman v. Benouttas, 519 S.W.3d 586, 603 (Tenn.Ct.App., 2016) | 33 | It is within the trial judge's discretion to decide what orders, if any, to issue as a consequence of a party's failure to obey a scheduling order. Tenn. R. Civ. P. 16.06. | However, "[i]t is within the trial judge's discretion to decide what orders, if any, to issue as a consequence of a party's failure to obey a scheduling order." | "Is it within the trial judge's discretion to decide what orders, if any, to issue as a consequence of a party's failure to obey a scheduling order?" |
| 5381 | Jones v. Ohio Edison Co., 2014-Ohio-5466, ¶ 6, 26 N.E.3d 834, 837 | 2 | The standard of review for a dismissal pursuant to rule allowing the defense of lack of subject matter jurisdiction to be made by motion is whether any cause of action cognizable by the forum has been raised in the complaint. Rules Civ.Proc., Rule 12(B)(1). | A motion to dismiss for lack of subject-matter jurisdiction is made pursuant to Civ.R. 12(B)(1), and "[t]he standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." | Is dismissal due to lack of subject matter jurisdiction inappropriate if any cause of action cognizable by the forum has been raised in the complaint? |
| 5383 | Kramer v. Crout, 279 S.W.2d 932, 935 (Tex.Civ.App. 1955) | 3 | Granting or refusing of second motion for continuance is matter in discretion of trial court, which will not be disturbed in absence of clear showing of abuse of discretion. | Further, the granting or refusing of a second motion for continuance is a matter in the discretion of the Trial Court, which will not be disturbed in the absence of a clear showing of an abuse of such discretion. | Would a court grant or refuse the second motion for continuance which will not be disturbed in absence of clear showing of abuse of discretion? |
| 5384 | Cronin v. Kottke Associates, LLC, 975 N.E.2d 680, 691, 363 Ill.Dec. 654, 665, 2012 IL App (1st) 111632, ¶ 39 (Ill.App. 1 Dist., 2012) | 5 | Pursuant to its inherent authority, a trial court may dismiss a cause of action with prejudice where a party has deliberately and contumaciously disregarded the court's authority. | Pursuant to this inherent power, a court may dismiss a cause of action with prejudice where a party has deliberately and contumaciously disregarded the court's authority. | "Pursuant to its inherent power, can a trial court dismiss a cause of action with prejudice where a party has deliberately and contumaciously disregarded the court's authority?" |
| 5385 | Peterson v. McCawley, 135 Idaho 282, 284 (2000) | 4 | In fashioning sanctions, a trial court should balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party. | In fashioning sanctions, a trial court should "balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party." | "In fashioning sanctions, should a trial court balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party?" |
| 5386 | Webber v. St. Louis Cnty., No. ED 94271, 2010 WL 4628625, at *4 (Mo. Ct. App. Nov. 16, 2010) | 8 | A case becomes moot and should be dismissed when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. | Likewise, a case becomes moot and should be dismissed "[w]hen an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible [.]" | "Does a case become moot and dismissed, when an event occurs that makes granting effectual relief by the court impossible?" |
| 5389 | Cowan v. Patrick, 448 S.W.2d 336, 339, 247 Ark. 886, 890 (Ark. 1969) | 7 | There are circumstances under which the circuit court has power to dismiss an action which is shown to have been brought without merit and which constitutes an abuse of process. | Yet, this court has recognized that there are circumstances under which a circuit court has the power to dismiss an action which is shown to have been brought without merit and which constitutes an abuse of process. | Are there circumstances under which the circuit court has power to dismiss an action which is shown to have been brought without merit and which constitutes an abuse of process? |
| 5390 | Modica v. Verhulst, 195 Wis.2d 633, 651 (Wis.App.,1995) | 18 | When scheduling order is violated, trial courts may make such orders as are just, including requiring party who failed to obey order to pay reasonable costs and attorney fees caused by failure. W.S.A. 802.10(3)(d), 804.12(2)(b),805.03. | When a scheduling order is violated, trial courts may make such orders as are just, including requiring the party who failed to obey the order to pay reasonable costs and attorney fees caused by the failure. Sections 802.10(3)(d), 805.03 and 804.12(2)(b) | Is the finding of egregious conduct required for imposition of expenses for violation of a scheduling order? |

| | | | | | |
|---|---|---|---|---|---|
| 5391 | Shimanovsky v. Gen. Motors Corp., 692 N.E.2d 286, 292–93 (Ill. 1998) | 10 | Destruction or alteration of evidence does not automatically entitle party to specific sanction; rather, court must consider unique factual situation that each case presents and then apply appropriate criteria to those facts to determine what sanction, if any, should be imposed. Sup.Ct.Rules, Rule 219(c). | Contrary to defendant's contention, a party is not automatically entitled to a specific sanction just because evidence is destroyed or altered. Rather, a court must consider the unique factual situation that each case presents and then apply the appropriate criteria to these facts in order to determine what particular sanction, if any, should be imposed. | Should the sanction of dismissal be applied automatically without full consideration of the dynamics of an individual case? |
| 5392 | Kinter v. Baskin, 1974 OK 36, ¶ 4 (Okla., 1974) | 1 | A court has discretionary power to dismiss without prejudice a lawsuit for want of prosecution, for failure of plaintiff to appear at a hearing, or for refusal of plaintiff to comply with an order concerning the proceeding. | A court has discretionary power to dismiss without prejudice a lawsuit for want of prosecution, or where a plaintiff fails to appear at a hearing or refuses to comply with an order concerning the proceeding. | Does a court have discretionary power to dismiss without prejudice a lawsuit for want of prosecution? |
| 5396 | Dockery v. Dockery, 559 S.W.2d 952, 954 (Tenn.App. 1977) | 1 | Although a case may originally have presented a genuine and existing controversy requiring present adjudication of present rights, if, before decision, the case loses that essential character through the act of the parties or some other cause, it is the duty of the court to dismiss the case. | The courts in this State have consistently followed the principle that to invoke the jurisdiction of the court it is primarily essential that there be a genuine and existing controversy requiring present adjudication of present rights. Although the case may have originally presented such a controversy, if before decision it has lost that essential character through the act of the parties or some other cause, it is the duty of the court, upon the presentment of that fact, to dismiss it. | "Is it the duty of the court to dismiss the case if, before decision, the case loses that essential character through the act of the parties or some other cause?" |
| 5397 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | Do courts have inherent power to dismiss actions on grounds that they are fictitious or sham? |
| 5401 | Smith v. Gold Dust Casino, 526 F.3d 402, 406 (C.A.8 (S.D.), 2008) | 7 | While parties who do not comply with court orders may face sanctions, the punishment should fit the crime, and not every instance of failure to comply with an order of the court, however inexcusable, justifies total extinction of a client's cause of action. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A. | While parties who do not comply with court orders may face sanctions, we reiterate that "the punishment should fit the crime, and not every instance of failure to comply with an order of [the] court, however inexcusable, justifies total extinction of a client's cause of action." | Should punishment for disregard of a court order fit the crime? |

| 5402 | Alabama Dept. of Labor v. Dental Referral Service, LLC, 181 So.3d 1061, 1064 (Ala.Civ.App., 2014) | 3 | If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and the court will dismiss the case. | "[I]f a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court will] dismiss the case." | Will a court dismiss the case if a judgment would not accomplish an end recognized as sufficient in law? |
|---|---|---|---|---|---|
| 5407 | State ex rel. Chastain v. City of Kansas City, 968 S.W.2d 232, 237 (Mo.App. W.D., 1998) | 4 | When event occurs that makes decision on appeal unnecessary or makes it impossible for appellate court to grant effectual relief, appeal is moot and generally should be dismissed. | When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed. | Will a case be moot when an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible? |
| 5408 | Lyons v. Dohman, 2007-0053 La.App. 3 Cir. 5/30/07, 2 (La. App. 3 Cir.,2007) | 1 | A step taken by a plaintiff after the three-year period for abandonment has run is ineffective to prevent a judgment of dismissal from being granted. LSA-C.C.P. art. 561(A)(1). | *A step taken by a plaintiff after the three-year period has run is ineffective to prevent a judgment of dismissal from being granted. | Is a step taken by a plaintiff after the three-year period for abandonment has run ineffective to prevent a judgment of dismissal from being granted? |
| 5409 | In re Cty. Treasurer, 2013 IL App (3d) 120999, 999 N.E.2d 748, 757 (2013) | 2 | Under statute that allows a litigant to obtain an involuntary dismissal of a claim against him if that claim is completely negated or defeated by other "affirmative matter" in the nature of a defense, lack of standing may be raised as a basis for dismissal. S.H.A. 735 ILCS 5/2-619(a)(9). | Under section 2-619(a)(9), which allows a litigant to obtain an involuntary dismissal of a claim against him if that claim is completely negated or defeated by other "affirmative matter" in the nature of a defense (735 ILCS 5/2-619(a)(9) (West 2010); Van Meter, 207 Ill.2d at 367, 278 Ill.Dec. 555, 799 N.E.2d 273), lack of standing may be raised as a basis for dismissal | Will a litigant be allowed to obtain an involuntary dismissal of a claim against him if that claim is completely negated or defeated by other affirmative matter in the nature of a defense? |
| 5410 | Schutz v. U.S., 422 F.2d 991, 998 (C.A.5 (Ala.), 1970) | 3 | Every registrant is required to report for induction as ordered even though he may have valid legal grounds for refusing to submit to induction. Military Selective Service Act of 1967, S 12, 50 U.S.C.A. App. S 462. | My brothers concluded that Schutz was prohibited from raising this defense, stating that 'every registrant is required to report for induction as ordered even though he may have valid legal grounds for refusing to submit to induction * * *.' I am of the opinion that the district court erred in prohibiting Schutz from raising an 'order of call' defense. | Does every registrant have the duty to report for induction even though he may have valid legal grounds for refusing to submit to induction? |
| 5411 | Gerhard v. Stephens, 68 Cal. 2d 864, 879, 442 P.2d 692, 705 (1968) | 8 | Exclusive right to drill for and produce oil inhering in landowner by virtue of his title to the land is a valuable right which he may transfer, and such right, when granted, is a "profit a prendre", which is a right to remove a part of the substance of the land. | 'The owner of land has the exclusive right on his land to drill for and produce oil. This right inhering in the owner by virtue of his title to the land is a valuable right which he may transfer, The right when granted is a profit a prendre, a right to remove a part of the substance of the land. | Is the exclusive right to drill for and produce oil when granted a profit a prendre? |

| 5412 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | Does a Superior Court have inherent power to dismiss action which is made to appear fictitious and sham? |
|---|---|---|---|---|---|
| 5413 | Patel v. Home Depot USA, Inc., 2012 IL App (1st) 103217, ¶ 9 (Ill.App. 1 Dist.,2012) | 3 | A motion to dismiss under statute governing motions with respect to the pleadings attacks the legal sufficiency of the complaint; such a motion to dismiss does not raise affirmative factual defenses, but alleges defects appearing on the face of the pleadings. S.H.A. 735 ILCS 5/2-615. | A motion to dismiss under section 2- 615 attacks the legal sufficiency of the complaint. Such a motion to dismiss does not raise affirmative factual defenses, but alleges defects appearing on the face of the pleadings. | Will a motion to dismiss with respect to the pleadings challenge the legal sufficiency of a complaint and raise affirmative factual defenses? |
| 5414 | Webber v. St. Louis Cnty., No. ED 94271, 2010 WL 4628625, at *3 (Mo. Ct. App. Nov. 16, 2010) | 3 | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred. V.A.M.R. 55.08. | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes "on its face and without exception" that the defense applies and the claim is barred. | Can a petition be dismissed based on an affirmative defense unless the petition establishes on its face and without exception that the defense applies? |
| 5415 | Weydert Homes, Inc. v. Kammes, 395 Ill. App. 3d 512, 516, 917 N.E.2d 64, 68 (2009) | 1 | A motion to dismiss based on defects or defenses which avoid or defeat claims admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | A section 2–619 motion to dismiss admits the legal sufficiency of the complaint while it raises defenses, defects, or other affirmative matters that defeat the claim. | "Will a motion to dismiss raise defects, defenses, or other affirmative matters that avoid the legal effect or defeat a claim?" |
| 5416 | Speedway Motorsports, Inc. v. Pinnacle Bank, 315 Ga.App. 320, 323 (2012) | 6 | A motion to dismiss for failure to state a claim can properly be granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings. | A motion to dismiss for failure to state a claim can properly be granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or "completely disclosed on the face of the pleadings." | Will a motion to dismiss for a failure to state a claim be granted upon an affirmative defense? |
| 5424 | New Bar Partnership v. Martin, 729 S.E.2d 675, 680 (N.C.App., 2012) | 3 | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. | "Can a complaint be dismissed for absence of sufficient facts to make a good claim, or disclosure of some fact that necessarily defeats the claim?" |
| 5425 | Stephanie W. v. Maxwell V., 319 P.3d 219, 227 (Alaska, 2014) | 12 | Trial court's discretion to impose litigation-ending discovery sanctions is narrowly limited to extreme situations, and such sanctions cannot be imposed where an alternative remedy would suffice to make the adverse party whole. Rules Civ.Proc., Rule 37. | In particular, "the trial court's discretion to impose [litigation- ending] sanctions is narrowly limited to extreme situations," and such sanctions cannot be imposed "where an alternative remedy would suffice to make the adverse party whole." | Is a trial court's discretion to order litigation-ending sanctions severely limited? |
| 5426 | Sewell Masonry Co. v. DCC Const., Inc., 862 So.2d 893, 897 (Fla.App. 5 Dist., 2003) | 8 | Documents filed of record concerning discovery may, but do not always, constitute record activity sufficient to avoid dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Documents filed of record concerning discovery may, but do not always, constitute record activity sufficient to avoid a dismissal for failure to prosecute. | "Can documents filed of record concerning discovery constitute ""record activity"" sufficient to avoid dismissal for failure to prosecute?" |

| 5427 | Barnett Bank of East Polk Cnty. v. Fleming, 508 So.2d 718, 720 (Fla.,1987) | 3 | Motion to dismiss for lack of prosecution, whether initiated by court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of case for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | Accordingly, we hold that a motion to dismiss for lack of prosecution pursuant to Rule 1.420(e), whether initiated by the court and a party, cannot be deemed "record activity" sufficient to defeat dismissal of the case for lack of prosecution. | "Can a motion to dismiss for lack of prosecution be deemed a ""record activity"" sufficient to defeat a dismissal of a case for lack of prosecution?" |
| --- | --- | --- | --- | --- | --- |
| 5428 | Peruvian Connection, Ltd. v. Christian, 977 F.Supp. 1107, 1112 (D.Kan.,1997) | 8 | Whether parties enter into formal written agreement or merely ask arbitrator to decide claims submitted, they have in effect empowered arbitrator to decide issues stated in grievance, and grievance itself becomes submission agreement and defines limits of arbitrator's authority. | *1112 [8] [9] Whether the parties enter into a formal written agreement or merely ask the arbitrator to decide the claims submitted, "they have in effect empowered him to decide the issues stated in the grievance. The grievance itself becomes the submission agreement and defines the limits of the arbitrator's authority." Piggly Wiggly, 611 F.2d at 584. | When does a grievance become a submission agreement? |
| 5429 | Citizens and Southern Nat. Bank v. Scheider, 228 S.E.2d 611, 612, 139 Ga.App. 475, 476 (Ga.App. 1976 | 2 | New note given in lieu of existing note between same parties and for same indebtedness, even at higher rate of interest and due at latter date is not given for new consideration and therefore does not constitute a novation. | A new note given in lieu of an existing note between the same parties and for the same indebtedness, even at a higher rate of interest and due at a later date, is not given for a new consideration, and therefore does not constitute a novation. | Will a new note given in lieu of an existing note between the same parties for the same indebtedness constitute a novation? |
| 5430 | Kansas Bankers Sur. Co. v. Ford Cnty. State Bank, 184 Kan. 529, 531–32 (Kan. 1959) | 1 | The Uniform Negotiable Instruments Law was designed to harmonize decisions of courts of last resort in respect to commercial paper, and to give to negotiable instruments a degree of certainty that would be universal in its application in states enacting it. G.S.1949, 52-101 et seq. | The Uniform Negotiable Instruments Law (hereafter N.I.L.) was designed to harmonize decisions of courts of last resort in respect to commercial paper, and to give to negotiable instruments a degree of certainty that would be universal in its application in the states enacting it. | Why was Uniform Negotiable Instruments Law designed? |
| 5434 | Elliott v. Berry, 245 P.2d 726, 729, 206 Okla. 594, 596 (Okl. 1952) | 5 | Term "royalty" is construed in broad sense of denoting mineral rights when there is no oil and gas lease on property, but is construed in restricted sense of denoting interest in production when property is under lease for oil and gas. | The term 'royalty' is construed in the broad sense of denoting mineral rights when there is no oil and gas lease upon the property but is construed in the restricted sense of denoting an interest in the production when the property is under lease for oil and gas. | Is the term royalty construed in the broad sense of denoting mineral rights when there is no oil or gase lease upon the property? |
| 5436 | Lujan v. City of Albuquerque, 2003-NMCA-104, ¶ 10, 134 N.M. 207, 210, 75 P.3d 423, 426 | 2 | A district court has authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders. NMRA, Rules 1-037, 1-041. | A district court has authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders. | Does a district court have authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders? |

| 5437 | Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773, 776 (Fla. App. 2010) | 8 | If the motion to dismiss for fraud on the court would not likewise survive a motion for summary judgment, the trial court should presume the matter not subject to dismissal. | We note that, as a preliminary matter, if the motion to dismiss for fraud would not likewise survive a motion for summary judgment, the trial court should presume the matter not subject to dismissal. | "If the motion to dismiss for fraud on the court would not likewise survive a motion for summary judgment, should the trial court presume the matter not subject to dismissal?" |
|---|---|---|---|---|---|
| 5439 | Brodbeck v. Gonzalez, 336 So.2d 475, 476 (Fla.App. 1976) | 1 | Dismissal as punishment for plaintiff's failure to comply with court order is in large measure discretionary matter with trial judge. 30 West's F.S.A. Rules of Civil Procedure, rule 1.380(b)(2). | A dismissal as punishment for the plaintiff's failure to comply with a court order is in large measure a discretionary matter with the trial judge. | Is dismissal as a punishment for a plaintiff's failure to comply with a court order is in large measure a discretionary matter with a trial judge? |
| 5440 | Jackson v. Carolina Hardwood Co., Inc., 120 N.C.App. 870, 872–73 (N.C.App.,1995) | 7 | Where complaint discloses unconditional affirmative defense which defeats claim asserted or pleads facts which deny right to any relief on alleged claim, complaint may properly be dismissed for failure to state claim upon which relief can be granted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | Where the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, the complaint may properly *873 be dismissed by a motion under Rule 12(b)(6). | What happens if a complaint discloses an unconditional affirmative defense which defeats the claim asserted? |
| 5442 | Cox v. McDonald, 28 Vet.App. 318, 328 (Vet.App., 2016) | 11 | When the Veterans Affairs' (VA) interpretation of a statute is clear from its existing regulations, any discrepancy between the VA's internal adjudications manual and the agency's properly promulgated regulations does not confer any rights on a claimant. | However, when VA's interpretation of a statute is clear from its existing regulations, any discrepancy between the VA's internal Adjudications Manual and the agency's properly promulgated regulations "does not confer any rights" on a claimant. | Does a discrepancy between the VA's internal adjudications manual and the agency's properly promulgated regulations confer any rights on a claimant? |
| 5443 | Northridge v. Grenier, 278 Mass. 438, 439–40 (Mass. 1932) | 1 | Negotiable Instrument Law must be construed in conformity to its obvious meaning, without regard to previous law of commonwealth, unless necessary to resolve some doubt or obscurity. G.L. c. 107, SS 23, 26 (M.G.L.A. c. 106 SS 3-102(1)(b), 3-104(1), 3-109). | It is our duty to construe the provisions of the Negotiable Instrument Act in conformity to their obvious meaning without regard to the previous law of the commonwealth unless necessary to resolve some doubt or obscurity. | Should the provisions of the Negotiable Instrument Act be construed in conformity to their obvious meaning without regard to the previous law? |
| 5446 | Oakman v. Ogilvie, 193 S.E. 920, 923 (S.C. 1937) | 7 | Every traveler on the highway, exercising due care, in the absence of any circumstances which reasonably should put him on notice to the contrary, is entitled to assume and to act upon the assumption, that others using it in common with him will exercise reasonable care. | Every traveler on the highway, exercising due care himself, in the absence of any circumstances which reasonably should put him on notice to the contrary, is entitled to assume, and to act upon the assumption, that others using it in common with him will exercise reasonable care. | Can a traveler assume that others would also exercise reasonable care? |
| 5448 | Capaci v. Folmar Kenner, LLC, 43 So.3d 1229, 1233 (Ala.Civ.App.,2008) | 3 | Because the trial judge is in the best position to assess the conduct of plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Rules Civ.Proc., Rule 41(b). | "Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court." | "Should involuntary dismissal for failure of plaintiff to prosecute or to comply with rules or any order of court, be carefully scrutinized?" |

| 5449 | Scottsdale Ins. Co. v. Lakeside Community Committee, 2016 IL App (1st) 141845, ¶¶ 18-19 | 3 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. S.H.A. 735 ILCS 5/2-619. | 19 A motion to dismiss based on section 2-619 admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. | Would a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of the complaint? |
| 5450 | Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (C.A.6 (Ohio),2008) | 4 | District courts have the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the federal rules of civil procedure or any order of the court. Fed.Rules Civ.Proc.Rule 41(b), 28 U.S.C.A. | Dismissal for failure to prosecute [4] [5] Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court. | Does the district court have authority to dismiss claims with prejudice for a party's failure to prosecute or to comply with procedural rules or court orders? |
| 5452 | Spates v. Howell, 420 S.W.3d 776, 780 (Tenn.Ct.App., 2013) | 2 | A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action. Rules Civ.Proc., Rule 12.02(6). | "A defendant who files a motion to dismiss 'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.' " | Does a defendant who files a motion to dismiss admit the truth of all of the relevant and material allegations contained in the complaint? |
| 5453 | Wells Fargo Bank v. Country Place Condo. Ass'n, 304 Mich. App. 582, 589, 848 N.W.2d 425, 429-30 (2014) | 3 | A motion for summary disposition for alleged failure to state a valid defense against a claim asserted tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. MCR 2.116(C)(9). | A motion for summary disposition pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. | Does a motion for summary disposition for failure to state a valid defense to the claim test the legal sufficiency of a defense? |
| 5454 | Pub. Res. Prot. Assn. v. Dep't of Forestry & Fire Prot., 7 Cal. 4th 111, 120, 865 P.2d 728, 734 (1994) | 4 | Legislature has given Board of Forestry authority to adopt forest practice rules and regulations in order to assure continuous growing and harvesting of commercial forest tree species and to protect environment, which authority includes power to review and revise rules and to withhold approval of timber harvesting plan if director determines that existing rules are insufficient to prevent significant harm to state's natural resources. West's Ann.Cal.Gov.Code SS 11342.1, 11342.2; West's Ann.Cal.Pub.Res.Code SS 4551, 4553. | The Legislature has vested in the board the authority to adopt forest practice rules and regulations "to assure the continuous growing and harvesting of commercial forest tree species and to protect the soil, air, fish, and wildlife, and water resources...." (§ 4551.) It has expressly granted to the board the power to continuously review and revise those rules (§ 4553), and, in section 4555, specifically authorizes the director of the department to withhold approval of a timber harvesting plan if the director determines that existing rules are insufficient to prevent significant harm to the natural resources of the state. | Has the legislature vested in the board the authority to adopt forest practice rules and regulations? |
| 5455 | Mathews v. Sun Oil Co., 411 S.W.2d 561, 564 (Tex. Civ. App. 1966) | 5 | Estoppel by deed precludes parties to a valid sealed instrument and their privies from denying its force and effect by evidence of inferior solemnity. | Estoppel by deed precludes parties to a valid sealed instrument and their privies to deny its force and effect by evidence of inferior solemnity. | Is estoppel by deed a preclusion against the competent parties to a valid sealed instrument to deny its force and effect by any evidence of inferior solemnity? |

| 5456 | Bassim v. Hassett, 184 A.D.2d 908, 909–10, 585 N.Y.S.2d 566, 568 (1992) | 1 | "Prima facie tort," which may be pleaded in the alternative with traditional torts, consists of unjustified or inexcusable intentional infliction of harm, causing special damages, by an act or series of acts which would otherwise be lawful. | Prima facie tort, which may be pleaded in the alternative with traditional torts, consists of unjustified or inexcusable intentional infliction *910 of harm, causing special damages, by an act or series of acts that would otherwise be lawful (Curiano v. Suozzi, 63 N.Y.2d 113, 117, 480 N.Y.S.2d 466, 469 N.E.2d 1324; see, Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 332–333, 464 N.Y.S.2d 712, 451 N.E.2d 459). | Can prima facie tort be pleaded in the alternative? |
| --- | --- | --- | --- | --- | --- |
| 5457 | Leon v. Martinez, 84 N.Y.2d 83, 88, 638 N.E.2d 511, 513 (1994) | 3 | In assessing motion to dismiss for failure to state cause of action, court may freely consider affidavits submitted by plaintiff to remedy any defects in complaint. McKinney's CPLR 3211(a), par. 7. | . In assessing a motion under CPLR 3211(a)(7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint | In assessing a motion to dismiss for failure under CPLR 3211(a)(7) is the criterion that proponent of the pleading has a cause of action to state a cause of action? |
| 5458 | Est. of Radvin ex rel. Radvin v. City of New York, 38 Misc. 3d 821, 822, 956 N.Y.S.2d 818, 820 (Sup. Ct. 2012) | 1 | The criterion in considering a motion to dismiss for failure to state a cause of action is whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | The criterion in considering a motion to dismiss under CPLR 3211(a)(7) "is whether the proponent of the pleading has a cause of action, not whether he has stated one" (Allen v. City of New York, 49 A.D.3d 1126, 1127, 855 N.Y.S.2d 279 [3d Dept.2008] (citing Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]; see Griffin v. Anslow, 17 A.D.3d 889, 891, 793 N.Y.S.2d 615 [3d Dept.2005] )). | Is the criterion in considering a motion to dismiss for failure under CPLR 3211(a)(7) to state a cause of action whether the proponent of the pleading has a cause of action? |
| 5459 | Hutchison v. Tompkins, 259 So.2d 129, 132 (Fla., 1972) | 4 | Where allegations of complaint show invasion of legal right, plaintiff may recover at least nominal damages and motion to dismiss should be overruled. | It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof may recover at least nominal damages, and a motion to dismiss should be overruled. | "Where the allegations of a complaint show the invasion of a legal right, can the plaintiff on the basis thereof recover at least nominal damages?" |

| 5460 | Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) | 1 | Dismissal with prejudice is harsh remedy to be utilized only in extreme situations, but authority to invoke it for lack of prosecution, both on defendant's motion and sua sponte is an inherent control vested in courts. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. | Dismissal with prejudice is a harsh remedy to be utilized only in extreme situations. Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 888 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 914 (2d Cir. 1959). Nevertheless, the authority to invoke it for lack of prosecution, both on defendant's motion and sua sponte, is an inherent "... control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." | Is a dismissal with prejudice a harsh remedy to be utilized only in extreme situations? |
| 5463 | Summerlin v. Com., 37 Va. App. 288, 297 (2002) | 11 | A "threat," in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property; the communication, taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent. Code 1950, S 18.2-83. | A threat, in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property. The communication, taken in its particular context, must reasonably cause the receiver to believe that the speaker will act according to his expression of intent. | How is a threat in the criminal context recognized? |
| 5464 | Graig Shipping Co. v. Midland Overseas Shipping Corp., 259 F.Supp. 929, 931 (D.C.N.Y. 1966) | 3 | Though statute contemplates that party to arbitration agreement may bring libel to obtain benefit of security by attachment, statute does not give libellant unrestricted privilege of utilizing pre-trial procedures, and though it may be permissible to allow libellant discovery of information relating to security, any attempt to go to merits and to retain still the right to arbitration is clearly impermissible. 9 U.S.C.A. S 8. | contemplates that a party to an arbitration agreement may bring a libel to obtain the benefit of security by attachment, The Sydfold, 25 F.Supp. 662 (S.D.N.Y.1938), that section does not give a libellant the unrestricted privilege of utilizing pre-trial procedures. While it may be permissible to allow a libellant discovery of information related to security, any attempt to go to the merits and to retain still the right to arbitration is clearly impermissible. | Can a party to an arbitration agreement bring a libel to obtain the benefit of security by attachment? |
| 5465 | Aspenhof Corp. v. State Tax Com'n of Missouri, 789 S.W.2d 867, 869 (Mo.App. E.D. 1990) | 5 | Assessed valuation of property is its true value in money; true value in money is fair market value of property on valuation date, and is function of its highest and best use, which is use of property which will produce greatest return in reasonably near future. | The assessed valuation of property is its true value in money. True value in money is the fair market value of the property on the valuation date, Hermel, 564 S.W.2d at 897, and is a function of its highest and best use, which is the use of the property which will produce the greatest return in reasonably near future. | Is true value an absolute figure or an estimate of the fair market value of the property on the valuation date? |

| 5466 | Proctor v. Bank of New Hampshire, N.A., 123 N.H. 395, 398 (1983) | 1 | In determining whether a motion to dismiss should be granted, all facts properly pleaded are assumed to be true, and reasonable inferences therefrom are construed most favorably to the plaintiff; if the plaintiff could recover on any set of facts under the pleadings, the motion to dismiss as to that count should be denied. | In determining whether a motion to dismiss should be granted, all facts properly pleaded are assumed to be true, and the reasonable inferences therefrom are construed most favorably to the plaintiff. If the plaintiff could recover upon any set of facts under the pleadings, the motion to dismiss as to that count should be denied. | "In considering a motion to dismiss, does the court assume the petitioner's pleadings to be true and construes all reasonable inferences drawn therefrom most favorably to him?" |
|---|---|---|---|---|---|
| 5470 | W. Radio Servs. Co., Inc. v. Allen, 147 F. Supp. 3d 1132, 1145 (D. Or. 2015) | 19 | Under Oregon law, the theory of unjust enrichment provides a remedy where no enforceable contract exists, and (1) one party has conferred a benefit on another, (2) the recipient is aware that a benefit has been received, and (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. | Unjust enrichment is a theory of "quasi-contract" based on an implied contract. See Summer Oaks Ltd. P'ship v. McGinley, 183 Or.App. 645, 654, 55 P.3d 1100 (2002).The theory of unjust enrichment provides a remedy where no enforceable contract exists, and 1) one party has conferred a benefit on another, 2) the recipient is aware that a benefit has been received, and 3) "under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." | Is unjust enrichment a remedy? |
| 5471 | Federal Commerce & Nav. Co. v. Kanematsu-Gosho, Limited, 457 F.2d 387, 389 (C.A.2, 1972) | 2 | It is not function of reviewing court, in guise of interpreting scope of submission agreement, to substitute its judgment on law for what arbitrators thought with good reason to be relevant. | It is not the function of a reviewing court, in the guise of interpreting the scope of the submission agreement, to substitute its judgment on the law for what the arbitrators thought with good reason to be relevant. | Can the reviewing court substitute its judgment on the law for what an arbitrator thought with good reason to be relevant? |
| 5472 | Bonner v. Michigan Logistics Incorporated, 250 F.Supp.3d 388, 394 (D.Ariz., 2017) | 6 | A court cannot expand the parties' agreement to arbitrate in order to achieve greater efficiency, and the Federal Arbitration Act (FAA) requires piecemeal resolution when necessary to give effect to an arbitration agreement. 9 U.S.C.A. S 1 et seq. | However, a court "cannot expand the parties' agreement to arbitrate in order to achieve greater efficiency [and] the [FAA] 'requires piecemeal resolution when necessary to give effect to an arbitration agreement.' " | Does the Federal Arbitration Act require piecemeal resolution when necessary to give effect to arbitration agreement? |

| 5473 | Joca-Roca Real Est., LLC v. Brennan, 772 F.3d 945, 948 (1st Cir. 2014) | 7 | In determining whether a conduct-based waiver of the contractual right to arbitration has occurred, the court asks whether there has been an undue delay in the assertion of arbitral rights and whether, if arbitration supplanted litigation, the other party would suffer unfair prejudice, and that determination is informed by a salmagundi of factors, including the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities that have already taken place, the proximity of the arbitration demand to an anticipated trial date, and the extent to which the party opposing arbitration would be prejudiced. | In determining whether a conduct-based waiver has occurred, we ask whether there has been an undue delay in the assertion of arbitral rights and whether, if arbitration supplanted litigation, the other party would suffer unfair prejudice. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 15 (1st Cir.2005); Rankin v. Allstate Ins. Co., 336 F.3d 8, 12 (1st Cir.2003). That determination is informed by a salmagundi of factors, including: the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities that have already taken place, the proximity of the arbitration demand to an anticipated trial date, and the extent to which the party opposing arbitration would be prejudiced. | What should the court examine in order to determine whether a conduct based waiver of the contractual right to arbitration has occurred? |
| 5474 | Berhorst v. J.L. Mason of Missouri, Inc., 764 S.W.2d 659, 663–64 (Mo.App. E.D. 1988) | 5 | Actions constituting waiver of right to arbitrate may include applicant's engaging in some combination of filing answer, setting up counterclaim, pursuing discovery and moving for continuance prior to seeking stay pending arbitration. 9 U.S.C.A. S 1 et seq. | Actions constituting waiver of the right to arbitrate may include the applicant's engaging in some combination of *664 filing an answer, setting up a counterclaim, pursuing discovery, and moving for a continuance prior to a stay pending arbitration. | What do actions constituting waiver of arbitration include? |
| 5476 | Betancourt v. Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1260 (D.Colo., 2004) | 10 | There is no right under TILA to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. Truth in Lending Act, S 125(a), (e)(1), as amended, 15 U.S.C.A. S 1635(a), (e)(1). | Thus, there is no statutory right of rescission under 15 U.S.C.  1535(e) where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. | Is there a statutory right of rescission when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside? |
| 5477 | Sears v. Ogden City, 572 P.2d 1359, 1362 (Utah, 1977) | 2 | In a proceeding to set aside a street vacation order, a complainant should allege that by reason of closing street he has suffered special damage different in kind from damage to general public; however, a taxpayer is not required to show special damage or injury where right to relief is grounded on illegal acts claimed to operate as constructive fraud affecting city and its citizens. | In a proceeding to set aside a vacation order, a complainant should allege that by reason of closing the street he has suffered special damages different in kind from the damage to the general public. However, a taxpayer is not required to show special damage or injury where the right to relief is grounded on illegal acts of the council claimed to operate as a constructive fraud affecting the city and its citizens. | Does a complainant have to suffer a special injury different in kind to the public in generalto have standing to challenge the validity of a vacation of a street? |

| | | | | | |
|---|---|---|---|---|---|
| 5479 | M.S.P.C. v. U.S. Customs and Border Protection, 60 F.Supp.3d 1156, 1167 (D.N.M., 2014) | 12 | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. U.S.C.A. Const.Amend. 5. | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause, however, does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? |
| 5481 | Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex., 1995) | 2 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant, taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. | Is evidence reviewed in the light most favorable to the nonmovant when deciding summary judgment? |
| 5486 | Ericksen v. Rush Presbyterian St. Luke's Medical Center, 289 Ill.App.3d 159, 165 (Ill.App. 1 Dist., 1997) | 1 | Motion to dismiss admits all well-pleaded facts in complaint and all documents submitted in support of motion must be considered in light most favorable to nonmoving party, and motion will be granted if there exist no disputed issues of fact. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion to dismiss admits all well-pleaded facts in the complaint. All documents submitted in support of the motion must be considered in a light most favorable to the nonmoving party, and the motion will be granted if there exist no disputed issues of fact. 735 ILCS 5/2-619. | "In considering a motion to dismiss, does a court accept as true all well-pleaded facts and draws all inferences from those facts in favor of a nonmovant?" |
| 5487 | Thompson v. Williams, 752 So. 2d 525, 527 (Ala.Civ.App., 1999) | 5 | Interest in disposing of litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff; willful default or conduct is a conscious or intentional failure to act. | In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. 'Willful' is used in contradistinction to accidental or involuntary noncompliance. | "Can a dismissal be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff?" |
| 5489 | Rodash v. AIB Mortg. Co., 16 F.3d 1142, 1144 (C.A.11 (Fla.),1994) | 3 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Congress intended the statute to create a system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, we liberally construe its language in favor of the consumer. McGowan v. King, Inc., 569 F.2d 845, 848 (5th Cir.1978). | How did Congress aid the enforcement of Truth in Lending Act (TILA)? |
| 5491 | Koch v. Dakota Cnty., 151 Neb. 506, 511 (Neb. 1949) | 7 | The statutory provision that a petition for establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of road, is jurisdictional. R.S.1943, S 39-105. | The statutory provision that a petition for the establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of the road is jurisdictional. | "Is it necessary that a petition be signed by ten electors, or petitioners residing within five miles of the road?" |

| | | | | | |
|---|---|---|---|---|---|
| 5494 | CitiMortgage, Inc. v. Gaudiano, 68 A.3d 101, 102, 142 Conn.App. 440, 441 (Conn.App., 2013) | 1 | When a court decides a question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light; in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | When a ... court decides a ... question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light.... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a court decides a question raised by a pretrial motion to dismiss, should it consider the allegations of the complaint in their most favorable light?" |
| 5495 | P.E. Systems, LLC v. CPI Corp., 176 Wash.2d 198, 210–11 (Wash., 2012) | 17 | When considering a motion for judgment on the pleadings, a trial court must presume that the plaintiff's allegations are true and may consider hypothetical facts that are not included in the record. CR 12(c). | In making this determination, a trial court must *211 presume that the plaintiff's allegations are true and may consider hypothetical facts that are not included in the record. | "When dismissing a complaint on the pleadings, should a trial court presume that the plaintiff's allegations are true and can consider hypothetical facts that are not included in the record?" |
| 5496 | Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d 697, 709 (D.C. App. 2013) | 7 | On a motion to dismiss for failure to state claim on which relief could be granted, the Court of Appeals will construe the complaint in the light most favorable to the plaintiff by taking the facts alleged in the complaint as true. Civil Rule 12(b)(6). | We review the trial court's decision to dismiss a complaint for failure to state a claim de novo. Grayson v. AT & T Corp., 15 A.3d 219, 228 (D.C.2011) (en banc) (citation omitted). We construe the complaint in the light most favorable to the plaintiff by taking the facts alleged in the complaint as true. | "On a motion to dismiss for failure to state claim on which relief could be granted, are all facts alleged in the complaint taken as true?" |
| 5497 | Shapiro v. Columbia Union Nat. Bank and Trust Co., 576 S.W.2d 310, 312 (Mo., 1978) | 1 | Supreme Court's review of dismissal of plaintiff's petition would allow pleading its broadest intendment; Supreme Court would treat all facts alleged as true, construe allegations favorably to plaintiff and determine whether averments invoke principles of substantive law. | Our review of the dismissal of the petition allows the pleading its broadest intendment, we treat all facts alleged as true, construe allegations favorably to the plaintiff and determine whether the averments invoke principles of substantive law. | "Are all facts alleged in a petition are regarded as true, for purposes of a motion to dismiss?" |
| 5499 | Ackerman v. Sobol Family Partnership, LLP, 4 A.3d 288, 299, 298 Conn. 495, 509 (Conn., 2010) | 11 | Unless otherwise agreed, there is a notification by the principal to the third person of revocation of an agent's apparent authority or other fact indicating its termination: (1) when the principal states such fact to the third person, or (2) when a reasonable time has elapsed after a writing stating such fact has been delivered by the principal to the other personally. Restatement (Second) of Agency S 136(1). | Unless otherwise agreed, there is a notification by the principal to the third person of revocation of an agent's [apparent] authority or other fact indicating its termination: (a) when the principal states such fact to the third person; or (b) when a reasonable time has elapsed after a writing stating such fact has been delivered by the principal (i) to the other personally.... | Can apparent authority be terminated if a third person has notice of the agents authority being terminated? |
| 5500 | Ping v. Beverly Enterprises, Inc., 376 S.W.3d 581, 594–95 (Ky., 2012) | 19 | Equitable estoppel is a defensive doctrine founded on the principles of fraud, under which one party is prevented from taking advantage of another party whom it has falsely induced to act in some injurious or detrimental way. | Equitable estoppel is a defensive doctrine founded on the principles of fraud, under which one party is prevented *595 from taking advantage of another party whom it has falsely induced to act in some injurious our detrimental way. | Is equitable estoppel a defensive doctrine found on the principles of fraud? |

| 5501 | Anderson v. Wilken, 377 P.3d 149, 150–51 (Okla.Civ.App. Div. 4, 2015) | 2 | In a traditional motion to dismiss, the trial court takes as true all of the factual allegations together with all reasonable inferences that can be drawn from them, and dismissal will be granted only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory. | In a traditional *151 motion to dismiss, the trial court "takes as true all of the factual allegations together with all reasonable inferences that can be drawn from them." Wilson v. State ex rel. State Election Bd., 2012 OK 2,  4, 270 P.3d 155, and dismissal will be granted "only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory." | "In a traditional motion to dismiss, does the trial court take as true all of the factual allegations together with all reasonable inferences that can be drawn from them?" |
| 5502 | Weiss v. Indiana Parole Bd., 838 N.E.2d 1048, 1050 (Ind. Ct. App. 2005) | 2 | A motion to dismiss a claim for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | A motion to dismiss based on Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. | "Does a motion to dismiss a claim for failure to state a claim upon which relief can be granted test the sufficiency of a claim, not the facts supporting it?" |
| 5503 | Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla., 1956) | 3 | For purpose of passing upon a motion to dismiss a complaint, the court must assume all facts alleged in the complaint to be true and must decide motion on questions of law only. | For the purpose of passing upon a motion to dismiss the Court must assume all facts alleged in the complaint to be true. Consequently a motion to dismiss a complaint must be decided on questions of law and questions of law only. | "For purpose of passing upon motion to dismiss, should a court assume all facts alleged in a complaint to be true?" |
| 5505 | Landmark Funding, Inc on Behalf of Naples Syndications, LLC v. Chaluts, 213 So.3d 1078, 1079 (Fla.App. 2 Dist., 2017) | 3 | When passing on a motion to dismiss, the trial court is limited to considering the four corners of the complaint along with the attachments incorporated into the complaint. | As such, when passing on a motion to dismiss, the trial court "is limited to considering the four corners of the complaint along with the attachments incorporated into the complaint." | "When passing on a motion to dismiss, is the trial court limited to considering the four corners of the complaint along with the attachments incorporated into the complaint?" |
| 5506 | Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex.App. Hous. [14 Dist.],1993) | 1 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or at trial, (2) when the case has not been disposed of within the supreme court's guidelines, and (3) when a case has not been prosecuted with due diligence. City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no writ). The trial court's authority to dismiss is derived both from TEX.R.CIV.P. 165 and its own inherent powers. | Can a court dismiss a case for want of prosecution when the case has not been disposed of within Supreme Court's guidelines? |

| | | | | |
|---|---|---|---|---|
| 5507 | Youngworth v. Stark, 232 Cal. App. 3d 395, 401, 283 Cal. Rptr. 668, 671 (Ct. App. 1991) | 2 | Policies guiding trial court's management of delay reduction program are reduction of delay in litigation and expeditious and timely resolution of cases, and resolution of cases on their merits rather than dismissal on procedural grounds. West's Ann.Cal.Gov.Code S 68601 (Repealed). | The management of the trial court's delay reduction program is an area within the court's discretion and will not be disturbed unless it appears that the exercise of that discretion was a clear abuse or a miscarriage of justice. (Denham v. Superior Court (1970) 2 Cal.3d 557, 566, 86 Cal.Rptr. 65, 468 P.2d 193; Moyal v. Lanphear (1989) 208 Cal.App.3d 491, 498, 256 Cal.Rptr. 296.) Guiding the disposition of this issue are two competing policies: (1) the reduction of delay in litigation and the expeditious and timely resolution of cases, and (2) the resolution of cases on their merits rather than dismissal on procedural grounds. (See Denham v. Superior Court, supra, 2 Cal.3d at p. 566, 86 Cal.Rptr. 65, 468 P.2d 193; Barrington v. A.H. Robins Co. (1985) 39 Cal.3d 146, 152, 216 Cal.Rptr. 405, 702 P.2d 563; Holder v. Sheet Metal Worker's Internat. Assn. (1981) 121 Cal.App.3d 321, 325, 175 Cal.Rptr. 313.) | What are the policies guiding trial court's management of delay reduction program? |
| 5508 5509 | O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704, 706 (Mo.App. S.D. 1991) Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641, 488 N.E.2d 1, 2 (1986) | 4 2 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. Power to invoke sanction of dismissal for want of prosecution, Rules Civ.Proc., Rule 41(b)(2), 43A M.G.L.A., is critical to orderly and expeditious disposition of cases and the calendar as a whole. | In deciding whether to order dismissal for failure to prosecute, a trial court may consider not only the length of delay, but attendant circumstances. "The power to invoke [the sanction of dismissal for want of prosecution] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars...." Link v. Wabash R.R. Co., supra, 370 U.S. at 629–630, 82 S.Ct. at 1388. See State Realty Co. of Boston, Inc. v. MacNeil Bros. Co., 358 Mass. 374, 379, 265 N.E.2d 85 (1970); Massachusetts Gen. Hosp. v. Grassi, 356 Mass. 1, 2, 247 N.E.2d 594 (1969); Bancroft v. Sawin, 143 Mass. 144, 146–147 (1887). Of "ancient origin," that power is critical to the orderly and expeditious disposition of cases and the calendar as a whole. | Will the court consider not only the length of the delay but also attendant circumstances in deciding whether to order dismissal for failure to prosecute? Is power to invoke sanction of dismissal for want of prosecution critical to orderly and expeditious disposition of cases and the calendar as a whole? |

| 5510 | Comstock Const. Co. v. LHG Inv. Co., 337 N.W.2d 82, 84, 126 Mich.App. 408, 411 (Mich.App.,1983) | 1 | Failure of an attorney to appear after due notice has been given is a sufficient ground for either the entry of a default or an involuntary nonsuit. | It is clear that the failure of an attorney to appear after due notice has been given is a sufficient ground for either the entry of a default or an involuntary nonsuit. | "Is failure of an attorney to appear after due notice has been given, a sufficient ground for either the entry of a default or an involuntary nonsuit?" |
|---|---|---|---|---|---|
| 5511 | Troester v. Sisters of Mercy Health Corp., 328 N.W.2d 308, 311 (Iowa, 1982) | 5 | It is proper to challenge plaintiff's capacity to sue by motion to dismiss based on facts that occurred subsequent to filing of petition. | We have also indicated that it is proper to challenge a plaintiff's capacity to sue by a motion to dismiss based on facts that occurred subsequent to the filing of petition. | Is it proper to challenge plaintiff's capacity to sue by motion to dismiss based on facts that occurred subsequent to filing of petition? |
| 5512 | Becky v. Norwest Bank Dillon, N.A., 798 P.2d 1011, 1015, 245 Mont. 1, 8 (Mont.,1990) | 5 | Party moving for dismissal for failure to prosecute must demonstrate that plaintiff has delayed action on a claim for an unreasonable period of time and once delay has been shown, plaintiff must proffer a reasonable excuse for the delay; an unreasonable delay raises a presumption of prejudice and defendant is under no obligation to demonstrate injury from the delay, but if plaintiff comes forward with a reasonable excuse for the delay, burden shifts to defendant to show actual prejudice. Rules Civ.Proc., Rule 41(b). | The party moving for dismissal must demonstrate that the plaintiff has delayed action on the claim for an unreasonable period of time. Once an unreasonable delay has been shown, the plaintiff must proffer a reasonable excuse for the delay. Calaway v. Jones, 177 Mont. 516, 520, 582 P.2d 756, 758 (1978). An unreasonable delay raises a presumption of prejudice to the defendant, and the defendant is under no obligation to demonstrate injury from the delay. Shackelton, 207 Mont. at 102, 672 P.2d at 1115. However, if the plaintiff comes forward with a reasonable excuse for the delay, the burden shifts to the defendant to show actual prejudice. | "Should party moving for dismissal to failure to prosecute, demonstrate that plaintiff has unreasonably delayed prosecution of his claims?" |
| 5513 | Gen. Pump & Well v. Miller, 326 Ga. App. 546, 546 (2014) | 1 | A defendant moving to dismiss for lack of personal jurisdiction under the long-arm statute bears the burden of proving the absence of jurisdiction; to meet that burden, the defendant may raise matters not contained in the pleadings. West's Ga.Code Ann. S 9-11-43(b). | Further, under our law, [a] defendant moving to dismiss for lack of personal jurisdiction bears the burden of proving the absence of jurisdiction. To meet that burden, the defendant may raise matters not contained in the pleadings. | Does a defendant moving to dismiss for lack of personal jurisdiction bear the burden of proving the absence of jurisdiction? |

| 5515 | Winter v. Am. Inst. of Med. Scis. & Educ., 242 F. Supp. 3d 206, 221 (S.D.N.Y. 2017) | 18 | Under New York and New Jersey law, student cannot request judicial review of purely academic determinations that would require court to evaluate course of instruction or soundness of educational methodology. | While Defendant is correct that a student cannot request judicial review of purely academic determinations that would require the Court to evaluate "the course of instruction" or "the soundness of educational methodology" under either New York (Paladino v. Adelphi Univ., 89 A.D.2d 85, 92, 454 N.Y.S.2d 868, 872–73 (2d Dep't 1982)) or New Jersey law (Myers v. Medford Lakes Bd. of Ed., 199 N.J.Super. 511, 489 A.2d 1240, 1241 (N.J. App. Div. 1985)), the Court finds that New York law is slightly broader than New Jersey law regarding student-university conflicts. | Can a student request judicial review of academic determinations? |
| --- | --- | --- | --- | --- | --- |
| 5516 | Trisler v. Berry, 470 S.W.3d 387, 389 (Mo. Ct. App. 2015) | 2 | Dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred. | "A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred." | "Does dismissal without prejudice permit the party to bring another civil action for the same cause, unless the civil action is otherwise barred?" |
| 5517 | O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704, 706 (Mo. Ct. App. 1991) | 4 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. | In deciding whether to order dismissal for failure to prosecute, a trial court may consider not only the length of delay, but attendant circumstances. | Will court consider not only the length of the delay but attendant circumstances in deciding whether to order dismissal for failure to prosecute? |
| 5518 | Crawford v. Crawford, 39 Ill. App. 3d 457, 463, 350 N.E.2d 103, 108 (1976) | 7 | Dismissal of valid cause of action is error unless plaintiff is guilty of inexcusable delay in litigating controverted matter. | Schalleror, 9 Ill.App.3d 951, 952-53, 293 N.E.2d 411, 413), it must be remembered that a dismissal of a valid cause of action is error unless the plaintiff is guilty of an inexcusable delay in litigating the controverted matter. | Is dismissal of valid cause of action an error unless plaintiff is guilty of inexcusable delay in litigating controverted matter? |
| 5519 | Rossi v. Mathers, 749 P.2d 964, 965 (Colo. App. 1987) | 2 | In absence of showing by plaintiff of mitigating circumstances or reasonable excuse for delay, unusual delay in prosecuting action justifies dismissal with prejudice. Rules Civ.Proc., Rule 121(b), Standard S 1-10 (1987). | Thus, in the absence of a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, an unusual delay in prosecuting an action justifies dismissal with prejudice. | "In the absence of a showing by the plaintiff of a reasonable excuse for the delay, does an unusual delay in prosecuting an action justify dismissal with prejudice?" |
| 5520 | Stoot v. S. Pac. Co., 527 S.W.2d 765, 767 (Tex. Civ. App. 1975) | 3 | A suit may be dismissed for want of prosecution even though the plaintiff objects to dismissal at the hearing thereon and manifests his intention to prosecute the suit to judgment. | A suit may be dismissed for want of prosecution even though the appellant objects to the dismissal at the hearing thereon and manifests his intention to prosecute the suit to judgment. | Can a suit be dismissed for want of prosecution even though the plaintiff objects to dismissal at the hearing thereon and manifests his intention to prosecute the suit to judgment? |

| 5521 | Yellam v. Woerner, 77 Wash. 2d 604, 608, 464 P.2d 947, 949 (1970) | 3 | Rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. CR 41(b) (1), (b) (2) (C). | The rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. | Should every reasonable opportunity be afforded to permit the parties to reach the merits of the controversy? |
|------|------|------|------|------|------|
| 5522 | Andra v. Left Gate Prop. Holding, 453 S.W.3d 216, 224 (Mo. 2015) | 4 | When a nonresident defendant's motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a trial court may consider affidavits and depositions properly filed in support of the motion. Mo. Sup. Ct. R. 55.28. | When the motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a court may also consider affidavits and depositions properly filed in support of the motion to dismiss. | Should a court consider any proper affidavits that are filed in connection with a motion to dismiss for lack of personal jurisdiction? |
| 5523 | Granada Condo. III Ass'n v. Palomino, 78 A.D.3d 996, 996 (N.Y. 2010) | 2 | A motion to dismiss a complaint may be granted only if documentary evidence submitted by defendant utterly refutes the factual allegations of complaint, and conclusively establishes defense to claims as matter of law. McKinney's CPLR 3211(a)(1). | A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law. | "Are neither affidavits, deposition testimony, nor letters considered ""documentary evidence"" for purposes of a motion to dismiss a complaint?" |
| 5524 | Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400, 410 (2001) | 15 | Motion to dismiss admits all facts which are well pleaded, invokes existing record, and must be decided upon that alone. | "The motion to dismiss … admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.... | "Does a motion to dismiss admit all facts that are well pleaded, invokes the existing record, and must be decided upon that alone?" |
| 5526 | Rich Printing Co. v. McKellar's Est., 46 Tenn. App. 444, 487, 330 S.W.2d 361, 379–80 (1959) | 12 | Authority cannot be lawfully delegated which is illegal, immoral or opposed to public policy, nor can one delegate an act which is personal in its nature, such as designating an agency to perform a personal duty or personal trust. | It is also axiomatic that authority cannot be **380 lawfully delegated which is illegal, immoral or opposed to public policy, nor can one delegate an act which is personal in its nature, such as designating an agency to perform a personal duty or a personal trust. | "Can authority to do an act which is illegal, immoral or opposed to public policy be lawfully delegated?" |
| 5528 | United States v. Marine Shale Processors, 81 F.3d 1329, 1348 (5th Cir. 1996) | 17 | Equitable estoppel responds to unfairness inherent in denying claimant some benefit after it has reasonably relied on misrepresentations of adverse party. | Rather, equitable estoppel responds to the unfairness inherent in denying the claimant some benefit after it has reasonably relied on the misrepresentations of the adverse party. | Does equitable estoppel respond to the unfairness inherent in denying the claimant some benefit after it has reasonably relied on the misrepresentations of the adverse party? |
| 5529 | Nelson v. Cool, 230 Neb. 859, 860 (1989) | 6 | Petition should not leave uncertain theory on which plaintiff chooses to proceed, but should state facts which constitute cause of action, define issues to which defendant must respond, and inform court of real matter in dispute. | A petition should not leave uncertain the theory on which the plaintiff chooses to proceed, but should **34 state the facts which constitute the cause of action, define the issues to which defendant must respond, and inform the court of the real matter in dispute. | Can a petition leave uncertainty as to the theory on which the pleader wishes to proceed? |

| 5530 | Builders Bank v. Barry Finkel & Assocs., 790 N.E.2d 30, 34 (Ill. App. 1st Dist. 2003) | 5 | The relevant inquiry on appeal of an involuntary dismissal that was based on defects or defenses is whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. S.H.A. 735 ILCS 5/2-619. | Appellate review of a dismissal pursuant to section 2–619 is de novo, and thus, a reviewing court need not defer to the circuit court's reasoning. Spillyards v. Abboud, 278 Ill.App.3d 663, 215 Ill.Dec. 218, 662 N.E.2d 1358 (1996).The relevant inquiry on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." | Is the relevant inquiry on appeal whether the existence of a genuine issue of material fact should have precluded the dismissal? |
| 5532 | Rodolico v. Rubin & Licatesi, P.C., 114 A.D.3d 923, 925, 981 N.Y.S.2d 144, 146 (2014) | 3 | The evidence submitted in support of a motion to dismiss a complaint on the ground that a defense is founded on documentary evidence must be "documentary" or the motion must be denied; neither affidavits, deposition testimony, nor letters are considered documentary evidence. McKinney's CPLR 3211(a)(1). | Further, the evidence submitted in support of a motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "must be 'documentary' or the motion must be denied" (Cives Corp. v. George A. Fuller Co., Inc., 97 A.D.3d 713, 714, 948 N.Y.S.2d 658, quoting Fontanetta v. John Doe 1, 73 A.D.3d 78, 84, 898 N.Y.S.2d 569 [internal quotation marks omitted]; see Rodolico v. Rubin & Licatesi, P.C., 112 A.D.3d at 610, 977 N.Y.S.2d 264). " '[N]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)' " | "Should the evidence submitted in support of a motion to dismiss a complaint on the ground that a defense is founded on documentary evidence be ""documentary"" or the motion must be denied?" |
| 5534 | Botton v. Elbaz, 722 So. 2d 974, 975 (Fla. Dist. Ct. App. 1999) | 1 | Dismissal based on forum non conveniens, if not evident from the allegations appearing on the face of the complaint, must be supported by record evidence, either in the form of affidavits or live testimony. West's F.S.A. S 47.122; West's F.S.A. RCP Rule 1.061. | [A] dismissal based on forum non conveniens, if not evident from the allegations appearing on the face of the complaint, must be supported by record evidence, either in the form of affidavits or live testimony. | Should a dismissal based on forum non conveniens be supported by record evidence? |
| 5535 | Quality Christmas Trees Co. v. Florico Foliage, 689 So. 2d 1222, 1223 (Fla. Dist. Ct. App. 1997) | 3 | Defendant, by filing motion to dismiss complaint for lack of personal jurisdiction, may contest jurisdictional allegations of complaint or claim lack of sufficient minimum contacts; such challenges must be made by supporting affidavit, and once such affidavits are filed, burden shifts to plaintiff to establish by affidavit its basis for jurisdiction. U.S.C.A. Const.Amend. 14. | The defendant may challenge the legal sufficiency of the complaint by filing a motion to dismiss the complaint alleging lack of personal jurisdiction.  In doing so, the defendant may contest the jurisdictional allegations of the complaint or claim a lack of sufficient minimum contacts. Such challenges must be made by supporting affidavit. Once such affidavits are filed, the burden shifts to the plaintiff to establish by affidavit its basis for jurisdiction. | Should a defendant wishing to contest allegations of a complaint concerning jurisdiction or to raise contention of minimum contacts file affidavits in support of his position? |

| | | | | | |
|---|---|---|---|---|---|
| 5536 | Orbe v. Orbe, 651 So. 2d 1295, 1296 (Fla. Dist. Ct. App. 1995) | 3 | Defendant may challenge the sufficiency of jurisdictional allegations of complaint by filing motion to dismiss, but must support his or her position by affidavit; burden then shifts to plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. | A defendant may challenge the sufficiency of jurisdictional allegations of a complaint by filing a motion to dismiss, but must support his position by affidavit. The burden then shifts to the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. | Should the defendant challenging the sufficiency of jurisdictional allegations of complaint by filing a motion to dismiss support his or her position by affidavit? |
| 5537 | Mulgrew v. Spectraseis, 436 S.W.3d 798, 800 (Tex. App. 2014) | 3 | When the legislature grants an administrative agency exclusive jurisdiction over a dispute, the district court lacks jurisdiction to the extent of the agency's exclusive authority to decide the dispute, and until the party has exhausted all administrative remedies, the trial court must dismiss without prejudice the claims within the agency's exclusive jurisdiction for lack of subject matter jurisdiction. | When the legislature grants an administrative agency exclusive jurisdiction over a dispute, the district court lacks jurisdiction to the extent of the agency's exclusive authority to decide the dispute. See Thomas, 207 S.W.3d at 340. Until the party has exhausted all administrative remedies, the trial court must dismiss without prejudice the claims within the agency's exclusive jurisdiction for lack of subject matter jurisdiction. | "When the legislature grants an administrative agency exclusive jurisdiction over a dispute, does the district court lack jurisdiction to the extent of the agency exclusive authority to decide the dispute?" |
| 5541 | Am. Tel. & Tel. Co. v. Everett, 38 Del. Ch. 352, 358, 152 A.2d 295, 299 (1959) | 2 | The name given to a tax is not the controlling factor in determining its nature, a "property tax" being one clearly and directly on property while an "occupation tax" is imposed on the voluntary action of the person taxed in performing the act or occupation in question. | However, the name given to a tax is not the controlling factor in determining its nature, a property tax being one clearly and directly on property while an occupation tax is imposed on the voluntary action of the person taxed in performing the act or occupation in question, | Is the name given to a tax the controlling factor in determining its nature? |
| 5542 | Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) | 1 | When a federal court reviews sufficiency of complaint, before reception of any evidence either by affidavit or admissions, issue is not whether plaintiff will ultimately prevail or is likely to prevail but whether claimant is entitled to offer evidence to support claims. | When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. | "When a court reviews the sufficiency of a complaint, before the reception of any evidence, is its task necessarily a limited one?" |
| 5543 | Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005) | 4 | Because the dismissal of a plaintiff's cause of action with prejudice is a drastic remedy, it should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces a deliberate and contumacious disregard of the court's authority. R. 1:2-4(a); R. 1:9-1; R. 4:37-2(a). | Because the dismissal of a plaintiff's cause of action with prejudice is a drastic remedy, it should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces " 'a deliberate and contumacious disregard of the court's authority.' " | Is the dismissal of a plaintiff's cause of action with prejudice a drastic remedy and should be invoked sparingly? |

| 5544 | Rotert v. Faulkner, 660 S.W.2d 463, 469 (Mo. Ct. App. 1983) | 8 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | It is thus established in Missouri that even though a note does not possess the quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another. Any language, however informal, if it shows the intention of the owner of a chose in action 10  to transfer it, and sufficiently identifies the subject matter, is sufficient to vest the property therein in the assignee. | Is any language sufficiently identifying the intent of the owner to transfer sufficient to vest the property with the assignee? |
|---|---|---|---|---|---|
| 5546 | Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981) | 8 | Interest in disposing of litigation on the merits is overcome and dismissal may be granted when there is clear record of delay, willful default or contumacious conduct by plaintiff. Rules of Civil Procedure, Rule 41(b). | In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d at 661. | "Can dismissal be granted when there is clear record of delay, willful default or contumacious conduct by plaintiff?" |
| 5547 | Laird v. Jobes, 580 S.W.2d 413, 416 (Tex. Civ. App. 1979) | 3 | A party to a suit is always charged with notice that suit may be dismissed for want of prosecution where there is inaction for a long period of time. Rules of Civil Procedure, rule 165a. | A party to a suit is always charged with notice that it may be dismissed for want of prosecution where there is inaction for a long period of time. | Is party to suit always charged with notice that it may be dismissed for want of prosecution where there is inaction for a long period of time? |
| 5548 | Mamet v. Mamet, 132 A.D.2d 479, 480, 518 N.Y.S.2d 5, 7 (1987). | 1 | Case marked off trial calendar and not restored within one year shall be deemed abandoned and shall be dismissed; furthermore, for case to be restored to calendar, order of restoration must be entered within one-year period. McKinney's CPLR 3404. | CPLR 3404 provides that a case marked off the trial calendar and not restored within one year shall be deemed abandoned and shall be dismissed. Furthermore, for a case to be restored to the calendar, an order of restoration must be entered within the one-year period. | Should a case marked off trial calendar and not restored within one year be deemed abandoned and shall be dismissed? |
| 5549 | Beltrone v. Gen. Schuyler & Co., 223 A.D.2d 938, 939, 636 N.Y.S.2d 917, 918 (1996) | 1 | Affidavits submitted by defendant in connection with motion to dismiss will seldom if ever warrant relief sought, unless affidavits establish conclusively that plaintiff has no cause of action. | On a motion to dismiss, however, affidavits submitted by a defendant will seldom if ever warrant the relief he seeks unless the affidavits establish conclusively that plaintiff has no cause of action (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 636, 389 N.Y.S.2d 314, 357 N.E.2d 970; see also, Pietrosanto v. NYNEX Corp., 195 A.D.2d 843, 600 N.Y.S.2d 802). | Will affidavits submitted by a defendant in connection with motion to dismiss seldom if ever warrant the relief sought? |

| 5550 | Magnum Capital v. Carter & Assocs., 905 So. 2d 220, 221 (Fla. Dist. Ct. App. 2005) | 2 | If documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed on a motion to dismiss for failure to state a cause of action; if it is apparent that the claim cannot be cured by amendment, the dismissal may be with prejudice. | However, if documents are attached to a complaint and conclusively negate a claim, the pleadings can be dismissed. See Franz Tractor Co. v. J.I. Case Co., 566 So.2d 524, 526 (Fla. 2d DCA 1990). If it is apparent that the claim cannot be cured by amendment, the dismissal may be with prejudice. | "If documents are attached to a complaint and conclusively negate a claim, can the pleadings be dismissed on a motion to dismiss for failure to state a cause of action?" |
|------|-----------------------------------------------------------------------------------|---|---|---|---|
| 5551 | Samanie & Barnes v. Lawler, 619 So. 2d 1166, 1169 (La. Ct. App. 1993) | 2 | Judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial. LSA-C.C.P. art. 1672, subd. A. | LSA-C.C.P. Art. 1672 A provides that a judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. | "When the plaintiff fails to appear on the day set for trial, should the judgment of dismissal shall be with or without prejudice?" |
| 5552 | Mages Sports Arenas, Inc. v. Winston Park Shopping Ctr., Inc., 251 N.E.2d 334, 336 (Ill. App. 1st Dist. 1969) | 1 | At common law a dismissal for want of prosecution does not prejudice case of party against whom dismissal is entered and does not bar filing of new complaint. | At common law a dismissal for want of prosecution did not prejudice the case of the party against whom it was entered. 54 A.L.R.2d 473, 478. In Wood v. Maxwell, 238 Ill.App. 597, and in Motel v. Andracki, 299 Ill.App. 166, 19 N.E.2d 832, the courts held that a dismissal for want of prosecution did not bar the filing of a new complaint. | "At common law, does a dismissal for want of prosecution not prejudice a case of a party against whom dismissal is entered and does not bar filing of a new complaint?" |
| 5553 | Peaslee v. Michalski, 167 So. 2d 242, 244 (Fla. 2d Dist. App. 1964) | 3 | Where nonsuit is granted, appropriate procedure to conclude case is to procure entry of final judgment from which appeal may be taken as a matter of right regardless of whether nonsuit was voluntary or involuntary or whether granting of nonsuit was proper or improper, though such factors may influence determination of appeal on its merits. F.S.A. S 54.09; F.S.A.Const. art. 5, S 5(3). | The foregoing cases clearly show that an appropriate and regular way to conclude a case nonsuited is to procure the entry of a final judgment from which judgment an appeal may be taken 'as a matter of right,' Section 5(3) of Article V of the Constitution, F.S.A., and the right to appeal does not depend on whether the nonsuit was voluntary or involuntary or whether the granting of the nonsuit was proper or improper. However, these factors may influence the success of the appeal when the appeal is determined on its merits. | Is the appropriate way to conclude a case nonsuited to procure a final judgment? |

| | | | | | |
|---|---|---|---|---|---|
| 5555 | Klein v. MTA-Long Island Bus, 61 A.D.3d 722, 722–23, 877 N.Y.S.2d 195, 196–97 (2009) | 1 | Statute providing for dismissal for failure to prosecute is an extremely forgiving statute which never requires, but merely authorizes, a trial court to dismiss an action based on the plaintiff's unreasonable neglect to proceed. McKinney's CPLR 3216. | The Supreme Court did not improvidently exercise its discretion *723 in granting that branch of the plaintiffs' motion which was to vacate the dismissal of the action pursuant to CPLR 3216, and restore the action to the trial calendar. CPLR 3216 is an "extremely forgiving statute" which "never requires, but merely authorizes, **197 the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" | Is a court authorised to dismiss a plaintiff's action based on plaintiff's unreasonable neglect to proceed? |
| 5556 | Brennan v. Mead, 73 A.D.2d 926, 927, 423 N.Y.S.2d 678, 679 (1980) | 2 | Cause of action contained in cross claim shall be treated, as fair as practicable, as if it were contained in complaint, and in cases where plaintiff's action against defendant is dismissed on merits, court may still adjudicate cross claims against that defendant. CPLR 3019(d). | A cause of action contained in a cross claim shall be treated, as far as practicable, as if it were contained in a complaint (CPLR 3019, subd. d), and in cases where the plaintiff's action against a defendant is dismissed on the merits, the court may still adjudicate cross claims against that defendant (see 3 Weinstein-Korn-Miller N.Y.Civ.Prac., par. 3019.32; Edelman v. Edelman, 88 Misc.2d 156, 386 N.Y.S.2d 331). | Can counterclaims against a plaintiff be adjudicated after a plaintiff's action against a defendant is dismissed on merits? |
| 5557 | City of Marion v. Baioni, 312 Ark. 423, 426, 850 S.W.2d 1, 2 (1993) | 3 | Governmental levy or fee, in order not to be denominated tax, must be fair and reasonable and bear reasonable relationship to benefits conferred on those receiving services. | In this case, the chancellor reviewed considerable legal authority leading him to the general conclusion that a governmental levy or fee, in order not to be denominated a tax, must be fair and reasonable and bear a reasonable relationship to the benefits conferred on those receiving the services. | Must a fee be fair and reasonable and bear a reasonable relationship to the benefits conferred in order not to be denominated a tax? |
| 5559 | Pallas v. State, 636 So. 2d 1358, 1361 (Fla. Dist. Ct. App. 1994) | 4 | Statute defining offense of aggravated stalking proscribes willful, malicious, and repeated acts of harassment which are directed at specific person, which serve no legitimate purpose, and which would cause substantial emotional distress in reasonable person. West's F.S.A. S 784.048(3). | The same principle applies to the definition of "harasses" under the stalking statute; the legislature has proscribed willful, malicious, and repeated acts of harassment which are directed at a specific person, which serve no legitimate purpose, and which would cause substantial emotional distress in a reasonable person. | What does the statute defining the offense of aggravated stalking proscribe? |

| 5561 | Arizona v. United States, 567 U.S. 387, 394–95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, § 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the federal government have the constitutional power to establish a uniform rule of naturalization? |
|---|---|---|---|---|---|
| 5563 | Associated Bonded Const. Co. v. Griffin Corp., 438 A.2d 1088, 1091 (R.I., 1981) | 5 | A defending party who fails to plead affirmative defense, thereby waiving it, may not later move to dismiss opponent's complaint using waived affirmative defense as basis for dismissal. Rules Civ.Proc., Rules 8(c), 12, 12(b)(6). | We hold therefore that a defending party who fails to plead an affirmative defense, thereby waiving it, may not later move to dismiss the opponent's complaint under Super.R.Civ.P. 12, using that waived affirmative defense as a basis for dismissal. | Can a defending party dismiss opponents complaint using waived affirmative defense as basis for dismissal? |
| 5565 | Smith v. McKee, 145 S.W.3d 299, 306 (Tex. App. 2004) | 10 | It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | It is not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate. Thordson v. City of Houston, 815 S.W.2d 550, 550 (Tex.1991); see Gulf Coast Inv. | "Is it not within the discretion of the trial court to fail to hold an oral hearing on a timely-filed, properly verified motion to reinstate?" |
| 5566 | Infinite Sec. Sols. v. Karam Properties I, Ltd., 2 N.E.3d 297, 301 (2013) | 5 | When an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur. | Further, "[w]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur." Estate of Berger v. | "When an action is dismissed pursuant to a stated condition, does the court retain the authority to enforce such an agreement in the event the condition does not occur?" |
| 5567 | Williams v. S. Union Co., 364 S.W.3d 228, 232 (Mo. Ct. App. 2011) | 4 | A judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect, and arrive at the same end, and hence should be treated alike and allowed the same office in the everyday administration of the law. | Thus, "a judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect, and arrive at the same end, and hence should be treated alike and allowed the same office in the everyday administration of the law." | "Does a judgment of nonsuit and a judgment of dismissal serve the same purpose, have the same legal effect, and arrive at the same end?" |
| 5568 | Kiefer v. Rust-Oleum Corp., 394 Ill. App. 3d 485, 494 (2009) | 9 | Where a dismissal order does not explicitly state that it is entered with prejudice or without prejudice, it is necessary to look to the substance of what was actually decided by the dismissal order to determine if the order is final. | [9]  Where, as here, a dismissal order does not explicitly state that it is entered "with prejudice" or "without prejudice," it is necessary "to look to the substance of what was actually decided by the dismissal order" to determine if the order is final. | "Where a dismissal order does not explicitly state that it is entered with prejudice or without prejudice, is it necessary to look to the substance of what was actually decided by the dismissal order?" |

| 5570 | In re Adams,  302 B.R. 535, 544 (B.A.P. 6th Cir. 2003) | 13 | When title to bonds or shares of stock or other securities is vested in a person who undertakes to hold subject to the directions of the person who caused the property to be vested in him, he is an "agent" since he is acting subject to the control of another, even though he is also "trustee" since he is vested with the title to the property. | This is the case, for example, where the title to bonds or shares of stock or other securities is vested in a person who undertakes to hold subject to the directions of the person who caused the property to be vested in him. He is an agent since he is acting subject to the control of another, even though he is also trustee since he is vested with the title to the property. | Can a person be both an agent and a trustee for another? |
|------|-------------------------------------------------------|----|------------------------------------------------------|------------------------------------------------------|------------------------------------------------------|
| 5572 | Fonseca v. Fong, 167 Cal. App. 4th 922, 930 (2008) | 6 | Federal authority to regulate immigration derives from various sources, including the federal government's power to establish a uniform rule of naturalization, its power to regulate commerce with foreign nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, cl. 3, 4. | Federal authority to regulate immigration derives from various sources, including the federal government's power "[t]o establish [a] uniform rule of naturalization" (U.S. Const., art. I,  8, cl. 4), its power "[t]o regulate commerce with foreign nations" (id., cl. 3), and its broad authority over foreign affairs. | From what sources does federal authority to regulate immigration derive from? |
| 5573 | Fonseca v. Fong, 167 Cal. App. 4th 922, 931 (2008) | 8 | Not every state enactment or action which may in any way deal with aliens is a regulation of immigration and thus per se pre-empted by the federal constitutional power, whether latent or exercised. U.S.C.A. Const. Art. 6, cl. 2. | Nevertheless, not every state enactment or action "which [may] in any way deal[ ] with aliens is a regulation of immigration and thus per se pre-empted by this constitutional power, whether latent or exercised." | Is every state enactment which in any way deals with aliens considered a regulation of immigration? |
| 5574 | Fonseca v. Fong, 167 Cal. App. 4th 922, 931 (2008) | 9 | Standing alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration, which is essentially a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain. | [S]tanding alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration, which is essentially a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain. | Does the fact that aliens are the subject of a state statute render it a regulation of immigration? |
| 5575 | Fonseca v. Fong, 167 Cal. App. 4th 922, 931 (2008) | 8 | Not every state enactment or action which may in any way deal with aliens is a regulation of immigration and thus per se pre-empted by the federal constitutional power, whether latent or exercised. U.S.C.A. Const. Art. 6, cl. 2. | Nevertheless, not every state enactment or action "which [may] in any way deal[ ] with aliens is a regulation of immigration and thus per se pre-empted by this constitutional power, whether latent or exercised." | Is every state enactment which in any way deals with aliens per se pre-empted? |
| 5576 | Garcia-Torres v. Holder, 660 F.3d 333, 335–36 (8th Cir. 2011) | 4 | The exclusionary rule does not apply in an Immigration and Naturalization Service (INS) civil deportation hearing conducted solely to determine if the alien is eligible to remain in the United States, not to criminally punish any unlawful entry, even though that is a crime. | The Court concluded that the exclusionary rule does not apply "in an INS civil deportation hearing" conducted solely to determine if the alien is eligible to remain in the U.S., not to criminally punish any unlawful entry, even though that is a crime. | Does the exclusionary rule apply in civil deportation hearings? |

| | | | | | |
|---|---|---|---|---|---|
| 5579 | Jones v. Virginian Ry. Co., 116 W. Va. 201, 179 S.E. 71, 72 (1935) | 2 | Whatever facts are necessary to constitute cause of action must be directly and distinctly stated in declaration, and not left to be inferred from other facts distinctly alleged therein, and arguments, inferences, and matters of law should be excluded. | It is a general rule that whatever facts are necessary to constitute the cause of action should be directly and distinctly stated in the declaration, and such facts should not be left to be inferred from other facts, distinctly alleged therein, and arguments, inferences, and matters of law should be excluded.' | Should facts that are necessary to constitute the cause of action be directly and distinctly stated in the declaration? |
| 5580 | In re Valliance Bank, 422 S.W.3d 722, 725 (Tex. App. 2012) | 2 | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power to reinstate the case in the same manner as a motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power in the same manner as a motion for new trial. | Is an unverified motion to reinstate a case a nullity and does not extend the trial court's plenary jurisdiction or the deadlines for perfecting an appeal? |
| 5581 | Higginbotham v. Pub. Serv. Comm'n of Maryland, 171 Md. App. 254, 275–76, 909 A.2d 1087, 1099 (2006) | 25 | It is within the court's discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal, and court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion. | It is within the court's discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal. G & H Clearing and Landscaping v. Whitworth, 66 Md.App. 348, 356 n. 5, 503 A.2d 1379 (1986); Gaskins v. Marshall Craft Associates, Inc., 110 Md.App. 705, 716, 678 A.2d 615 (1996). "[T]he circuit court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion." | Is it within the court discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal? |
| 5582 | Conoco v. Tinklenberg, 121 P.3d 893, 896 (Colo. App. 2005) | 3 | A "sales tax" is a tax on a purchase, whereas a "use tax" is a levy on the privilege of storing, using, or consuming tangible personal property purchased at retail. | A sales tax is a tax on a purchase, whereas a use tax is a levy upon the privilege of storing, using, or consuming tangible personal property purchased at retail. | "Is a ""use tax"" a levy upon the privilege of storing, using or consuming tangible personal property purchased at retail?" |
| 5583 | Louisiana Paving Co. v. St. Charles Par. Pub. Sch., 604 So. 2d 593, 595 (La. Ct. App. 1992) | 1 | Purpose of sales/use tax scheme is to make all tangible personal property used or consumed within state subject to uniform tax burden irrespective of whether it is acquired in state, making it subject to sales tax, or acquired from without state, making it subject to use tax at same rate. | The purpose of a sales/use tax scheme is to make all tangible personal property used or consumed within the state subject to a uniform tax burden irrespective of whether it is acquired in the state, making it subject to the sales tax, or acquired from without the state, making it subject to the use tax at the same rate. | What is the purpose of a sales and use tax scheme? |

| 5588 | Allied Prodd. Co. v. Green, 334 S.E.2d 389, 390 (Ga. App. 1985) | 3 | All costs of earlier proceeding, whether due court officers or opposite party, must be paid before commencement of second suit. | In Williams, the plaintiff paid the clerk and sheriff "such portion of the costs as had not been previously paid to them by the defendant," but made no payment or tender to the defendant of the costs which the defendant had paid in the earlier proceeding. The Williams court held that all costs, whether due to court officers or the opposite party, had to be paid before the commencement of the second suit. | "Should all costs of earlier proceeding, whether due court officers or opposite party, be paid before commencement of a second suit?" |
| 5589 | Bobbin v. Sail the Sounds, LLC, 153 Conn. App. 716, 726 (2014) | 7 | A trial court ruling on a motion to dismiss for lack of diligence is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the "reasonable" section of the diligence spectrum. Practice Book 1998, S 14-3. | "The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court.... Under [Practice Book 14-3], the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the reasonable section of the diligence spectrum.... | Is the court ruling on a motion to dismiss for lack of diligence confronted with endless gradations of diligence? |
| 5590 | Chacha v. Transp. USA, 78 So. 3d 727, 730 (Fla. Dist. Ct. App. 2012) | 1 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed "a fraud on the court which permeates the entire proceedings." | Does a court have the authority to dismiss a plaintiff's entire case when there is evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings? |
| 5591 | Hung v. Bullock, 180 S.W.3d 931, 932 (Tex. App. 2006) | 2 | The trial court's authority to dismiss a case for want of prosecution derives from two sources: the Rules of Civil Procedure and the court's inherent power. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power. | What are the two sources from where the trial court's authority to dismiss a case for want of prosecution derive from? |
| 5592 | Bartlett v. Peak, 107 Idaho 284, 285, 688 P.2d 1189, 1190 (1984) | 2 | Trial court's power to dismiss a case because of failure to prosecute with due diligence is inherent and independent of any statute or rule of court. Rules Civ.Proc., Rule 41(b). | This distinction is simply not relevant, since the trial court's power to dismiss a case because of failure to prosecute with due diligence is inherent and independent of any statute or rule of court. | Is the Trial courts power to dismiss a case because of failure to prosecute with due diligence inherent and independent of any statute or rule of court? |

| 5594 | Bessler v. Bd. of Ed. of Chartered Sch. Dist. No. 150 of Peoria Cty., 69 Ill. 2d 191, 198-99 (Ill. 1977) | 5 | Measure of damages for breach of teacher's employment contract would be salary provided in contract reduced by such sums as wrongfully discharged teacher had earned or by reasonable diligence could have earned in other employment subsequent to discharge, and employer has burden of showing that employee could or did have other earnings subsequent to wrongful discharge and that those earnings stemmed from employment incompatible with employment from which she was wrongfully discharged. Ill.Rev.Stat.1971, ch. 122, S 24-11. | The measure of damages is the salary provided in the contract (School Directors v. Reddick, 77 Ill. 628) reduced by such sums as the wrongfully discharged teacher has earned or by *199 reasonable **1054 ***27 diligence could have earned in other employment subsequent to the discharge (Doherty v. Schipper & Block, 250 Ill. 128, 95 N.E. 74). The employer has the burden of showing that the employee could or did have other earnings subsequent to the wrongful discharge and that those earnings stemmed from employment incompatible with the employment from which he was wrongfully discharged. | What remedies are available to teachers who are wrongfully discharged? |
| 5595 | Asociacion de Educacion Privada de Puerto Rico v. Garcia-Padilla, 490 F.3d 1, 11 (1st Cir. 2007) | 6 | State has right and power to promulgate reasonable regulations affecting private primary and secondary schools to ensure that minimum educational standards are met. | By the same token, we also acknowledge the right and power of the state to promulgate reasonable regulations affecting private primary and secondary schools to ensure that minimum educational standards are met. | Does the state have the right and power to promulgate reasonable regulations affecting primary and secondary schools? |
| 5596 | Cook v. Peacock, 154 S.W.2d 688, 690 (Tex. Civ. App.-- Eastland 1941), writ refused W.O.M. (Nov. 12, 1941) | 3 | Where a managing partner has failed to keep accurate accounts of his transactions with or for partnership, the burden rests upon him to show that he has performed his duty of keeping accounts fairly, impartially, and honestly. | The duties and responsibilities of a managing partner are in substance stated in Dial v. Martin, Tex.Civ.App., 37 S.W.2d 166, 180, as follows: "It is the duty of the managing partner to keep an accurate account of his transactions with or for the partnership, and, if he fails to keep such account, all doubts respecting particular items will ordinarily be resolved against him on an accounting. Where he has failed to keep accurate accounts, the burden rests upon him, as managing partner, to show that he has performed his duty fairly, impartially, and honestly, and all doubts respecting particular items will ordinarily be resolved against him. | Does the burden of proof of accounting rest upon the managing partner when he has failed to keep accurate accounts? |

| 5597 | Baum v. McBride, 152 Neb. 152, 158, 40 N.W.2d 649, 653 (1950) | 9 | It is the duty of a partner to account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partner from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use of its property. | It is the duty of a partner to account to the partnership for any benefit, and hold as trustee for it, any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use of its property.' | Does a partner have a duty to account for any benefit he derived from his use of partnership property? |
| 5598 | McDermott v. Reynolds, 260 Va. 98, 102 (2000) | 5 | Court must consider the nature of the cause of action pleaded, not merely its form, in determining whether a plaintiff has stated a cause of action that will permit recovery of damages for the conduct alleged. | We must consider the nature of the cause of action pleaded, not merely its form, in determining whether a plaintiff has stated a cause of action that will permit recovery of damages for the conduct alleged. | "In determining whether a plaintiff has stated a cause of action, should the nature of the cause of action or its form be considered?" |
| 5600 | DeSantis v. Gaudioso, 39 Conn. Supp. 222, 223, 476 A.2d 149, 150–51 (Super. Ct. 1983) | 2 | Under workers' compensation statute, employee surrenders his right to bring common-law action against employer, thereby limiting employer's liability to the statutory amount. C.G.S.A. S 31-284. | Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the **151 employer's liability to the statutory amount. | "Under the Workers' Compensation Act, does the employee surrender his right to bring a common law action against the employer limiting the employers liability to the statutory amount?" |
| 5602 | Stephens v. Messick, 2002 PA Super 117, ¶ 8 (2002) | 5 | Decision whether to enter a judgment of non pros is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. | The decision whether to enter a judgment of non pros is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. | Is the decision whether to enter a judgment of non pros committed to the sound discretion of the trial court? |
| 5603 | Shushunov v. Illinois Dep't of Fin. & Prof'l Regulation, 74 N.E.3d 71, 84 (2017) | 28 | A civil penalty generally is not considered a punishment for purposes of double jeopardy, unless it is so punitive in nature or effect that it is the functional equivalent of a criminal penalty. U.S. Const. Amend. 5; Ill. Const. art. 1, S 10. | However, a civil penalty generally is not considered a punishment for purposes of double jeopardy, unless it is so punitive in nature or effect that it is the "functional equivalent" of a criminal penalty. | "Is a civil penalty generally not considered a punishment for purposes of double jeopardy, unless it is so punitive in nature?" |
| 5604 | People v. Anderson, 117 Cal. App. Supp. 763 | 29 | A defendant's conviction of the underlying substantive offense does not on double jeopardy grounds bar further proceedings, such as retrial, on a penalty allegation. U.S.C.A. Const.Amend. 5. | a defendant's conviction of the underlying substantive offense does not (on double jeopardy grounds) bar further proceedings, such as retrial, on a penalty allegation. | "Does a defendant's conviction of the underlying substantive offense, on double jeopardy grounds bar further proceedings, such as retrial, on a penalty allegation?" |
| 5606 | People v. McDougal, 109 Cal. App. 4th 571, 581, 135 Cal. Rptr. 2d 160, 168 (2003) | 8 | A defendant who seeks dismissal before the jury has rendered a verdict consents to the dismissal and by that consent waives any argument that jeopardy has attached so as to bar an appeal. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | Moreover, it is settled that a defendant who seeks dismissal before the jury has rendered a verdict consents to the dismissal and by that consent waives any argument that jeopardy has attached so as to bar an appeal. | Does a defendant who seeks dismissal before the jury has rendered verdict consents to the dismissal and by that consent waives any argument that jeopardy has attached so as to bar an appeal? |

| 5607 | State v. Chase, 2000 ME 114, ¶ 6 (2000) | 2 | Motion by defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if defendant's motion is necessitated by prosecutorial or judicial error. | A motion by the defendant for mistrial, however, "is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." | "Is a motion by defendant for mistrial ordinarily assumed to remove any barrier to reprosecution, even if a defendant's motion is necessitated by prosecutorial or judicial error?" |
|---|---|---|---|---|---|
| 5608 | People v. Brandon, 40 Cal. App. 4th 1172, 1175, 47 Cal. Rptr. 2d 383, 385 (1995) | 3 | Consent to mistrial may be implied from affirmative conduct, such as moving for mistrial or stating that there is no objection to mistrial, but will not be inferred from silence or simply bringing matter of concern to trial court's attention. | Consent to mistrial may be implied from affirmative conduct, such as moving for mistrial or stating that there is no objection to mistrial, but will not be inferred from silence or simply bringing a matter of concern to the trial court's attention. | "Can consent to mistrial be implied from affirmative conduct, such as moving for mistrial or stating that there is no objection to mistrial?" |
| 5609 | State v. Dow, 152 A.3d 437, 451 (2016) | 29 | Following a mistrial, retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; defendant's right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his or her evidence to an impartial jury. | Retrial is not, however automatically barred "when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." Arizona, 434 U.S. at 505, 98 S.Ct. 824. Defendant's right to have "the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his [or her] evidence to an impartial jury." | "Following a mistrial, is a retrial not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" |
| 5610 | State v. Fassero, 256 S.W.3d 109, 115 (Mo. 2008) | 4 | If the defendant opposes the mistrial, double jeopardy will bar retrial unless there is a manifest without necessity for the trial court's declaration of mistrial. U.S.C.A. Const.Amend. 5. | If the defendant opposes the mistrial, double jeopardy will bar retrial unless there is a "manifest necessity" for the trial court's declaration of mistrial. | "If the defendant opposes the mistrial, will double jeopardy bar retrial unless there is a manifest necessity for the trial court's declaration of a mistrial?" |
| 5611 | Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 679 (6th Cir. 2001) | 15 | Under IDEA, responsibility for ensuring that disabled students receive a free appropriate public education lies with the state educational agency (SEA), which distributes a substantial portion of the state's IDEA funds to local educational agencies (LEAs), and LEAs in turn directly provide disabled students with a free appropriate public education. Individuals with Disabilities Education Act, S 611(g)(1), 1412(a)(11), as amended, 20 U.S.C.A. S 1411(g)(1), 1412(a)(11). | Under the IDEA, the responsibility for ensuring that disabled students receive a free appropriate public education lies with the state educational agency (SEA). 20 U.S.C. 1412(a)(11) (recognizing the SEA as the primary authority for establishing a state's compliance with the IDEA). The SEA distributes a substantial portion of the state's IDEA funds to local educational agencies (LEAs), which directly provide disabled students with a free appropriate public education. | "Under IDEA, does the state educational agency has the responsibility for ensuring that disabled students receive a free appropriate public education?" |

| 5612 | Ex parte Baker, 459 So. 2d 873, 876 (Ala. 1984) | 2 | Because reinstatement of cause of action under rule of civil procedure pertaining to relief from final judgment after dismissal with prejudice is extraordinary relief, a movant has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under rule. Rules Civ.Proc., Rule 60(b), (b)(6). | Moreover, because Rule 60(b) relief is extraordinary relief, a movant has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under Rule 60(b)(6). | Does a movant have the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under rule? |
| --- | --- | --- | --- | --- | --- |
| 5613 | Koehler v. State, 519 P.2d 442, 448 (Alaska 1974) | 5 | Under the State and Federal Constitutions jeopardy attaches when a defendant is placed on trial before a court of competent jurisdiction and a jury sworn; if the court discharges the jury without a verdict being reached, the defendant cannot be retried unless he consented to the discharge or manifest necessity required. Const. art. 1, S 9; U.S.C.A.Const. Amend. 5. | Under the Alaska and United States Constitutions, jeopardy attaches when a defendant is placed on trial before a court of competent jurisdiction and a jury sworn. 20 If the court discharges the jury without a verdict being reached, the defendant cannot be retried unless he consented to the discharge or 'manifest necessity' required it. | "If a court discharges a sworn jury before a verdict is reached, can a defendant be retried unless he consented to discharge or manifest necessity required it?" |
| 5614 | City of Jefferson v. Capital City Oil Co., 286 S.W.2d 65, 68 (Mo. Ct. App. 1956) | 2 | Courts have inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and such action will not be disturbed on appeal unless such discretion was abused. | The general rule is that courts have the inherent power, in the exercise of a sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent authority, in exercise of sound discretion, to dismiss for failure to prosecute?" |
| 5615 | Prograph Int'l Inc. v. Barhydt, 928 F. Supp. 983, 991 (N.D. Cal. 1996) | 18 | Nonsignatory successors and alleged alter egos are entitled to compel arbitration under clauses signed by corporations whose liabilities they are alleged to have assumed. | Nonsignatory successors and alleged alter egos are entitled to compel arbitration under clauses signed by the corporations whose liabilities they are alleged to have assumed. | Are nonsignatory successors entitled to compel arbitration under clauses signed by the corporations whose liabilities they are alleged to have assumed? |
| 5616 | MicroStrategy v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001) | 3 | Party may waive its right to insist on arbitration if that party so substantially utilizes litigation machinery that to subsequently permit arbitration would prejudice party opposing the stay. | A party may waive its right to insist on arbitration if the party "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." | Will a party waive its right to arbitration if it substantially utilizes litigation machinery that prejudices the party opposing a stay? |
| 5618 | Caballero v. Martinez, 186 N.J. 548, 557–58, 897 A.2d 1026, 1032 (2006) | 5 | Under New Jersey law, the term "resident," although present in many statutes, is not fixed in meaning, and instead, courts define the term by looking to the purpose of the statute and the context in which the term is found. | Under New Jersey law, the term resident, although present in many statutes, is not fixed in meaning. Instead, courts define the term by looking to the purpose of the statute and the context in which the term is found. | "Is the term ""resident,"" although present in many statutes, not fixed in meaning?" |
| 5620 | Dietz v. City of Medora, 333 N.W.2d 702, 705 (N.D. 1983) | 4 | A legal residence is place where an individual has established his home, where he is habitually present, and which he intends to return to when he is away for business or pleasure. NDCC 54-01-26, subd. 1. | A legal residence is the place where an individual has established his home, where he is habitually present, and which he intends to return to when he is away for business or pleasure. | "Is a legal residence a place where an individual has established his home, where he is habitually present, and which he intends to return to when he is away for business or pleasure?" |

| 5621 | In re Marriage of Weiss, 87 Ill. App. 3d 643, 647, 409 N.E.2d 329, 333 (1980) | 3 | "Residence" denotes one's permanent abode, while "domicile" is a place where a person lives and has his true permanent home and to which he intends to return whenever he is absent. | Residence denotes one's permanent abode, (Rosenshine ), while domicile has been defined as the place where a person lives and has his true permanent home, to which he intends to return whenever he is absent. | "Is ""domicile a place where a person lives and has his true permanent home and to which he intends to return whenever he is absent?" |
|---|---|---|---|---|---|
| 5622 | Ziebell v. State, 788 N.E.2d 902, 910 (Ind. Ct. App. 2003) | 19 | Sentence enhancements based on prior criminal convictions do not constitute multiple punishment in violation of double jeopardy clause; under the habitual offender statute, defendant is subjected to greater sentence neither for prior crimes nor for the status of habitual offender, but rather the enhanced sentence is imposed for the last crime committed. U.S.C.A. Const.Amend. 5; West's A.I.C. 35-50-2-8. | The State argues that "Indiana courts have long recognized that sentence enhancements based on prior criminal convictions do not constitute multiple punishment in violation of the double jeopardy clause." Appellee's Brief at 10. We agree. Our supreme court considered this issue in Wise v. State, 272 Ind. 498, 400 N.E.2d 114 (Ind.1980). In Wise, our supreme court held that, under the habitual offender statute, "[t]he individual is subjected to the greater sentence neither for the prior crimes nor for the status of habitual offender, but rather the enhanced sentence is imposed for the last crime committed." | Do sentence enhancements based on prior criminal convictions constitute multiple punishment in violation of double jeopardy clause? |
| 5623 | State v. Picot, 724 So. 2d 236, 238 (La. Ct. App. 1998) | 1 | Habitual Offender Law creates no independent offense, but rather prescribes conditions under which there is enhanced penalty for current offense, and does not violate constitutional prohibitions against double jeopardy. U.S.C.A. Const.Amend. 5. | The Habitual Offender Law creates no independent offense, but rather prescribes the conditions under which there is an enhanced penalty for the current offense and does not violate constitutional prohibitions against double jeopardy. | Does Habitual Offender Law prescribe conditions under which there is enhanced penalty for current offense? |
| 5625 | Does 1, 2, 3, 4, 5, 6, & 7 v. State, 164 Or. App. 543, 548, 993 P.2d 822, 827 (1999) | 4 | A prayer for the wrong relief following a pleading that sets forth facts entitling the pleader to some relief does not operate to deny the proper relief. | Moreover, "a prayer for the wrong relief following a pleading that sets forth facts entitling the pleader to some relief does not operate to deny the proper relief[.]" | "Will a prayer for the wrong relief, following a pleading that sets forth facts entitling the pleader to some relief, operate to deny the proper relief?" |
| 5626 | Johnson v. Elayyan, No. 14-01-00381-CV, 2002 WL 959518, at *2 (Tex. App. May 9, 2002) | 4 | Trial court has inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence. | Independent of its express authority under Rule 165a, the trial court has inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence. | Does a trial court have inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence? |
| 5627 | In re Nationwise Auto., 250 B.R. 900, 904-05 (S.D. Ohio 2000) | 6 | When term of agreement consumes majority of useful life of goods in question, agreement resembles purchase contract, or financing arrangement, rather than lease. | Where the term of the agreement consumes the majority of the useful life of the goods in question, that agreement resembles a purchase contract or financing arrangement rather than a lease. | "When a term of agreement consumes a majority of useful life of goods in question, does an agreement resemble a purchase contract?" |

| 5628 | United States v. Dutcher, 851 F.3d 757, 761 (7th Cir. 2017) | 5 | Communication is "true threat," of kind required to support prosecution for knowingly and willfully making any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States, if reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon, or to take life of, the President. 18 U.S.C.A. S 871(a). | Section 871(a) criminalizes "knowingly and willfully" making "any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States." The charged statement must be a "true threat," which has been defined for First Amendment purposes as "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Virginia v. Black, 538 U.S. 343, 359, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003). In United States v. Fuller, 387 F.3d 643, 646 (7th Cir. 2004), we held that a "true threat" for purposes of section 871(a) is defined objectively. A communication, we wrote, "is a 'true threat' if a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon or to take the life of the President." | "What is a ""true threat"" for the purposes of a prosecution for knowingly and willfully making any threat?" |
| 5629 | Lamb v. State Work Relief Comp. Fund, 127 Pa. Super. 44, 47 (1937) | 2 | Who is the responsible employer in case of injury to employee depends largely on control or right of control of the employee, not only with regard to work to be done, but also as to method and manner of performing it. | Who the responsible employer in case of injury depends largely on the control or right of control of the employee, not only with regard to the work to be done, but also as to the method and manner of performing it. | "Does being an employer with the right of control mean not only regarding the work being done, but also the method and manner of performing it?" |
| 5630 | Kendall v. State, 429 Md. 476, 485 (2012) | 5 | In a nonjury trial, jeopardy ordinarily attaches when the first witness is sworn, although in some circumstances it may attach without the appearance of a witness if the defendant is subjected to the risk of conviction. U.S.C.A. Const.Amend. 5. | In a nonjury trial, jeopardy ordinarily attaches when the first witness is sworn, Crist v. Bretz, 437 U.S. 28, 37 n. 15, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), although in some circumstances it may attach without the appearance of a witness if the defendant is "subjected to the risk of conviction." Daff v. | "Can the jeopardy attach without the appearance of a witness, if the defendant is subjected to the risk of conviction?" |

| 5631 | State v. Baranski,  173 Ohio App. 3d 410, 412–13 (2007) | 3 | Jeopardy attaches in a bench trial when the court first hears evidence and in a jury trial when the jury is empaneled and sworn; jeopardy would also attach upon a plea of guilty or no contest and a subsequent finding of guilt by the trial court. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Jeopardy attaches in a bench trial when the court first hears evidence and in a jury trial when the jury is empaneled and sworn. State v. Meade (1997), 80 Ohio St.3d 419, 424, 687 N.E.2d 278, citing United States v. *413  Martin Linen Supply Co. (1977), 430 U.S. 564, 569, 97S.Ct. 1349, 51 L.Ed.2d 642. Jeopardy would also attach upon a plea of guilty or no contest and a subsequent finding of guilt by the trial court. | Will jeopardy attach when the court first hears evidence? |
| 5632 | People v. Lett, 466 Mich. 206, 215 (2002) | 3 | Jeopardy is said to attach when a jury is selected and sworn, and the Double Jeopardy Clause therefore protects an accused's interest in avoiding multiple prosecutions even where no determination of guilt or innocence has been made. U.S.C.A. Const.Amend. 5. | 13, 528 N.W.2d 136 (GRIFFIN, J.), and the Double Jeopardy Clause therefore protects an accused's interest in avoiding multiple prosecutions even where no determination of guilt or innocence has been made. | How does the double jeopardy clause protect an accused's interest? |
| 5633 | People v. Barragan, 32 Cal. 4th 236, 241 (2004) | 1 | In the noncapital sentencing context, retrial of a prior conviction allegation does not violate the double jeopardy clause of the federal Constitution. U.S.C.A. Const.Amend. 5. | in the noncapital sentencing context, retrial of a prior conviction allegation does not violate the double jeopardy clause of the federal Constitution. | Does retrial of a prior conviction allegation violate the double jeopardy clause of the federal Constitution in the noncapital sentencing context? |
| 5634 | Righetti v. Eighth Judicial Dist. Court of State in & for Cty. of Clark, 388 P.3d 643, 649 (2017) | 10 | Double Jeopardy Clause was designed to protect defendants from harassment and oppression, not to shield defendants from their decisions to gamble on novel interpretations of law which ultimately prove unsuccessful. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | Eighth Judicial District Court, "[t]he Double Jeopardy Clause was designed to protect defendants from harassment and oppression, not *607 to shield defendants from their decisions to gamble on novel interpretations of law which ultimately prove unsuccessful." 133 Nev. ----, 388 P.3d 643, 649 (2017) (internal citations omitted). | Was double Jeopardy Clause designed to protect defendants from harassment and oppression? |
| 5635 | Sanabria v. United States, 437 U.S. 54, 75 (1978) | 26 | Where trial terminates with a judgment of acquittal, double jeopardy principles governing permissibility of retrial after declaration of mistrial have no bearing. U.S.C.A.Const. Amend. 5. | Where a trial terminates with a judgment of acquittal, as here, "double jeopardy principles governing the permissibility of retrial after a declaration of mistrial," | "Where a trial terminates with a judgment of acquittal, do double jeopardy principles governing the permissibility of retrial after declaration of mistrial has any bearing?" |
| 5636 | State v. Muhannad, 286 Neb. 567, 575–76 (2013) | 2 | Traditionally, the Double Jeopardy Clause safeguards three interests of defendants: (1) the interest in being free from successive prosecutions, (2) the interest in the finality of judgments, and (3) the interest in having the trial completed in front of the first tribunal. U.S. Const. Amend. 5 | Traditionally, the Double Jeopardy Clause has been viewed as safeguarding three interests of defendants: (1) the interest in being free from successive prosecutions, (2) the interest in the finality of judgments, and (3) the interest in having **800  the trial completed in front of the first tribunal. | Does the double jeopardy clause safeguard the interest in being free form successive prosecutions? |

| 5637 | Sweets v. State, 2013 WY 98, ¶¶ 19-20 (2013) | 8 | The Double Jeopardy Clauses of the United States and Wyoming constitutions afford three distinct protections: 1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's Wyo.Stat.Ann. Const. Art. 1, S 11. | The double jeopardy clauses of the United States and Wyoming constitutions afford three distinct protections: "1) [P]rotection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense." | What are the three distinct protections double jeopardy clauses afford? |
| 5638 | Odem v. State, 175 Md. App. 684, 699 (2007) | 2 | Maryland recognizes the prohibition against twice placing a criminal defendant in jeopardy as both a common law principle and by virtue of the Fifth and Fourteenth Amendments to the United States Constitution. U.S.C.A. Const.Amends. 5, 14. | Maryland recognizes the prohibition against twice placing a criminal defendant in jeopardy as both a common law principle and by virtue of the Fifth and Fourteenth Amendments to the United States Constitution. | Does Maryland recognize the prohibition against twice placing a criminal defendant in jeopardy? |
| 5639 | State in Interest of M.B., 217 So. 3d 555, 563 (2017) | 17 | Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also from multiple punishments for the same criminal act. U.S. Const. Amend. 5; La. Const. art. 1, S 15. | Double jeopardy provisions protect an accused not only from a second prosecution for the same offense, but also from multiple punishments for the same criminal act. | "Does ""Double jeopardy"" protect an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act?" |
| 5641 | State v. Linton, 122 Wash. App. 73, 76 (2004) | 1 | Double jeopardy clause of the state constitution, like its counterpart in the United States Constitution, offers several, related protections: it protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Thus, the double jeopardy clause of the state constitution, like its counterpart in the United States Constitution, offers several, related protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." | Does double jeopardy protect against a second prosecution or the same offense after conviction? |
| 5642 | Doe 30's Mother v. Bradley, 58 A.3d 42 | 17 | When making a futility determination based on a proposed amendment to a complaint, the court accepts as true all of the well-pled facts presented therein. Superior Court Civil Rule 15. | When making a futility determination based on a proposed amendment to a complaint, the court accepts as true all of the well-plead facts presented therein. | "When making a futility determination based on a proposed amendment to a complaint, does the court accept as true all of the well-pled facts presented therein?" |

| 5643 | State v. Cooley, 47 N.C. App. 376, 384 (1980) | 4 | Double jeopardy clause of Fifth Amendment precludes retrial of defendant in some circumstances where proceedings are terminated prior to judgment and interest of accused which is protected in such cases is his right to retain a given tribunal. U.S.C.A.Const. Amend. 5. | We recognize that the Double Jeopardy Clause of the Fifth Amendment 5 precludes retrial of a defendant in some circumstances where the proceedings are terminated prior to judgment. 6  Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). The interest of the accused which is protected in such cases is his right to retain a given tribunal. | Double the jeopardy clause of the Fifth Amendment preclude retrial of a defendant in some circumstances where proceedings are terminated prior to judgment? |
| 5644 | United States v. Cessa, 861 F.3d 121, 140 (5th Cir. 2017) | 23 | Doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency; however, double jeopardy does not apply when a conviction is set aside because of an error in the proceedings leading to conviction. U.S. Const. Amend. 5. | The doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses "on grounds of evidentiary insufficiency." Burks v. United States, 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). However, double jeopardy does not apply when a "conviction is set aside because of an error in the proceedings leading to conviction. | "Does the doctrine of double jeopardy bar retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency?" |
| 5647 | Green v. Cont'l Rentals, 292 N.J. Super. 241, 253, 678 A.2d 759, 764–65 (1994) | 8 | Inclusion of contractual provision that, upon compliance with lease terms, customer shall become owner of property for no additional consideration, identifies agreement as security interest as matter of law. | The inclusion of a contractual provision that upon compliance with the lease terms the customer shall become **765  the owner of the property for no additional consideration, identifies the agreement as a security interest as a matter of law. | When should a customer become an owner of property for no additional consideration? |
| 5648 | Pepin v. City of Danbury, 171 Conn. 74, 82 (1976) | 8 | Included within the General Assembly's discretion to levy taxes is the power to authorize municipalities to collect taxes, for example, by granting them a charter. | Included within the General Assembly's discretion is the power to authorize municipalities to collect taxes, for example, by granting them a charter. | "Is the power to authorize municipalities to collect taxes by granting them a charter, included within the General Assembly's discretion to levy taxes?" |
| 5649 | Mobil Oil Corp. v. Town of Huntington, 380 N.Y.S.2d 466, 474 (N.Y. Sup. Ct. 1975) | 15 | Power to assess and collect taxes may be delegated to localities but delegation must be made in express terms by proper enabling act. | The power to assess and collect taxes may be delegated to localities (Matter of Roosevelt Raceway v County of Nassau, 18 NY2d 30, mot to amd den 18 NY2d 720, app dsmd 385 U.S. 453), but the delegation must be made in express terms by a proper enabling act (see 16 McQuillin, Municipal Corporations, § 44.05; County Securities v Seacord, supra). | Should the power to assess and collect taxes delegated to localities be made in express terms by proper enabling act? |
| 5650 | Parate v. Isibor, 868 F.2d 821, 831 (6th Cir. 1989) | 9 | Public education in America is committed to the control of local and state authorities; therefore, courts cannot intervene to resolve educational conflicts that do not sharply implicate basic constitutional values. | Moreover, because public education in America is committed to the control of local and state authorities, the courts cannot intervene to resolve educational conflicts that do not "sharply implicate basic constitutional values. | Can courts intervene to resolve educational conflicts that do not implicate basic constitutional values? |

| | | | | | |
|---|---|---|---|---|---|
| 5652 | In re Forfeiture of U.S. Currency in Amount of Ninety-One Thousand Three Hundred Fifty-Seven & 12/100 Dollars ($91,357.12), 595 So. 2d 998, 1000 (Fla. 4th Dist. App. 1992) | 6 | "Equitable subrogation" applies where claimant satisfied obligation of another and then stands in shoes of satisfied creditor; doctrine prevents unjust forfeiture and windfall amounting to unjust enrichment. | The doctrine of equitable subrogation is designed to apply where the claimant satisfied an obligation of another and then stands in the shoes of the satisfied creditor. The doctrine is founded on established principles of equity to prevent an unjust forfeiture, on the one hand, and a windfall amounting to unjust enrichment, on the other. | "Is doctrine of equitable subrogation recognized as one founded on established principles of equity to prevent unjust forfeiture, and windfall amounting to unjust enrichment on the other? " |
| 5653 | In re Shavers, 418 B.R. 589, 605 (Bankr. S.D. Miss. 2009) | 21 | In Mississippi, the doctrine of equitable subrogation applies, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable. | In Mississippi, this doctrine applies, in general, "wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable...." Prestridge v. | When is the doctrine of equitable subrogation applied? |
| 5654 | Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381, 392, 865 A.2d 825, 832 (2005) | 12 | Doctrine of equitable subrogation for a bond surety is not founded on contract law, but arises from society's recognition of the contractor's statutory obligation to provide the bonds in questions, and society's concomitant belief that any monies otherwise due the contractor should, in fairness, be employed to recompense the bondsman. | Thus, the doctrine of equitable subrogation itself is not founded on contract law, but rather arises from society's recognition of the contractor's statutory obligation to provide the bonds in questions, and society's concomitant belief that any monies otherwise due the contractor should, in fairness, be employed to recompense the bondsman. | Is equitable subrogation a creature of equity and is independent of any contractual relations? |
| 5656 | Nowlin v. United States, 81 F. Supp. 3d 514, 526 (N.D. Miss. 2015), aff'd, 667 F. App'x 512 (5th Cir. 2016) | 18 | For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, the particular program involved in the theft or bribery need not be the recipient of federal funds. 18 U.S.C.A. S 666. | Indeed, the jurisdictional net is broad enough that, for the court to entertain a charge under § 666, "[t]he particular program involved in the theft or bribery need not be the recipient of federal funds." | "For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, does the particular program involved in the theft or bribery have to be the recipient of federal funds?" |
| 5657 | Bd. of Trustees of Cmty. Coll. Dist. No. 502, Cty. of Du Page v. Dep't of Prof'l Regulation, 363 Ill. App. 3d 190, 196, 842 N.E.2d 1255, 1261 (2006) | 4 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions and that act to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | A motion to dismiss under section 2-619(a)(9) admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions and that act to defeat the plaintiff's claim. | Will the legal sufficiency of the complaint be admitted when proceeding on a motion to dismiss? |

| | | | | | |
|---|---|---|---|---|---|
| 5658 | Jenner v. Illinois Dept. of Com. and Econ. Opportunity, 59 N.E.3d 204, 208-09 (Ill. App. 4th Dist. 2016) | 6 | A motion for dismissal on the ground that the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim admits the legal sufficiency of the complaint but raises a defense outside the complaint, an "affirmative matter," that defeats the action. S.H.A. 735 ILCS 5/2-619(a)(9). | Under section 2–619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(9) (West 2014)), the defendant "may, within the time for pleading, file a motion for dismissal of the action" on the ground that "the claim asserted" against defendant is barred by * * * affirmative matter avoiding the legal effect of or defeating the claim." A motion for dismissal under this section admits the legal sufficiency of the complaint but raises "a defense outside the complaint," an "affirmative matter," that defeats the action. | Will a motion for dismissal be barred by affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? |
| 5660 | Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior U., 489 U.S. 468, 475–76 (1989) | 2 | In applying general state-law principles of contract interpretation to interpretation of arbitration agreement within scope of Federal Arbitration Act, due regard must be given to federal policy favoring arbitration, and ambiguities as to scope of arbitration clause itself resolved in favor of arbitration. 9 U.S.C.A. S 1 et seq. | These cases of course establish that, in applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the Act, see Perry v. Thomas, 482 U.S. 483, 493, n. 9, 107 S.Ct. 2520, 2527, n. 9, 96 L.Ed.2d 426 (1987), due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration. | What should the court consider while interpreting an agreement covered by Federal Arbitration Act? |
| 5662 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 6 | A "motion in limine" enables a trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial. | It enables the trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial. | "Does a ""motion in limine"" enable a trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial?" |
| 5663 | Kosydar v. Wolman, 353 F. Supp. 744, 751 (S.D. Ohio 1972) | 4 | State has an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state. | The state has an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state. | "Does a state have an important and recognized interest in maintaining minimum educational, safety and health standards in all schools operated within the state?" |
| 5664 | King v. Indus. Comm'n of Utah, 850 P.2d 1281, 1295 (Utah Ct. App. 1993) | 20 | Workers' Compensation Act is based on contract principles and employee's right to benefits arises when he suffers work-related injury. U.C.A.1953, 35-1- to 35-1-107. | Moreover, the Utah Workers' Compensation Act is based on contract principles and an employee's right to benefits arises when he suffers a work-related injury. | Is the Workers Compensation Act based on contract principles and employees rights to benefits arise when they suffer a work-related injury? |

| | | | | | |
|---|---|---|---|---|---|
| 5665 | United States v. Redzic, 627 F.3d 683, 691-92 (8th Cir. 2010) | 10 | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. | "In a case of illegal bribe, should the payment be made with the intent to influence a general course of conduct?" |
| 5668 | Triffin v. Dillabough, 448 Pa. Super. 72, 91, 670 A.2d 684, 693 (1996) | 23 | Purpose of Uniform Commercial Code (UCC) is to meet contemporary needs of fast-moving commercial society, and to enhance marketability of negotiable instruments, allowing bankers, brokers and general public to trade in confidence. | Our conclusion is consistent with the purpose of the Uniform Commercial Code "to meet the contemporary needs of a fast moving commercial society," Arcuri v. Weiss, 198 Pa.Super. 506, 510, 184 A.2d 24, 26 (1962), and to "enhance the marketability of negotiable instruments [allowing] bankers, brokers, and the general public to trade in confidence." | Is the purpose of Commercial Code to enhance the marketability of negotiable instruments? |
| 5669 | Joca-Roca Real Est., LLC v. Brennan, 772 F.3d 945, 948 (1st Cir. 2014) | 7 | In determining whether a conduct-based waiver of the contractual right to arbitration has occurred, the court asks whether there has been an undue delay in the assertion of arbitral rights and whether, if arbitration supplanted litigation, the other party would suffer unfair prejudice, and that determination is informed by a salmagundi of factors, including the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities that have already taken place, the proximity of the arbitration demand to an anticipated trial date, and the extent to which the party opposing arbitration would be prejudiced. | In determining whether a conduct-based waiver has occurred, we ask whether there has been an undue delay in the assertion of arbitral rights and whether, if arbitration supplanted litigation, the other party would suffer unfair prejudice. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 15 (1st Cir.2005); Rankin v. Allstate Ins. Co., 336 F.3d 8, 12 (1st Cir.2003). That determination is informed by a salmagundi of factors, including: the length of the delay, the extent to which the party seeking to invoke arbitration has participated in the litigation, the quantum of discovery and other litigation-related activities that have already taken place, the proximity of the arbitration demand to an anticipated trial date, and the extent to which the party opposing arbitration would be prejudiced. | "As this Court explained in Currency Conversion III, a party may impliedly waive its right to enforce a contractual arbitration clause when it engages in protracted litigation that results in prejudice to the opposing party. " |
| 5672 | Gorman v. Gilliam, 2010 Ark. App. 118, 5–6, 374 S.W.3d 117, 121 (2010) | 1 | In determining whether to dismiss a complaint for failure to state facts upon which relief can be granted, it is improper for the trial court to look beyond the complaint. Rules Civ.Proc., Rule 12(b)(6). | In determining whether to dismiss a complaint under Rule 12(b)(6), it is improper for the trial court to look beyond the complaint. | "In determining whether to dismiss a complaint under Rule 12(b)(6) for failure to state facts upon which relief can be granted, is it improper for the trial court to look beyond the complaint?" |

| 5673 | Brewington v. State, 7 N.E.3d 946, 964 (Ind. 2014) | 24 | True threats depend on two necessary elements: that the speaker intend his communications to put his targets in fear for their safety, and that the communications were likely to actually cause such fear in a reasonable person similarly situated to the target. West's A.I.C. 35-45-2-1(c). | We therefore hold that "true threats" under Indiana law depend on two necessary elements: that the speaker intend his communications to put his targets in fear for their safety, and that the communications were likely to actually cause such fear in a reasonable person similarly situated to the target. | What are the two necessary elements that true threats depend on? |
| McDonnell v. McPartlin, 192 Ill. 2d 505, 535 (2000) | 5677 | 36 | Error that occurs through the violation of a motion in limine will be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial. | Error that occurs through the violation of a motion in limine is subject to the same analysis, i.e., such a violation will be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial. | Will an error that occurs through the violation of a motion in limine be deemed an appropriate ground for mistrial only where the violation resulted in the denial of a fair trial? |
| 5680 | Tolman v. Underhill, 249 P.2d 280, 282 (Cal. 1952) | 1 | Laws passed by legislature under its general police power prevail over regulations made by regents of university of California with regard to matters which are not exclusively university affairs. | It is well settled, however, that laws passed by the Legislature under its general police power will prevail over regulations made by the regents with regard to matters which are not exclusively university affairs. | Do laws passed by the legislature under its general police power prevail over regulations made by regents of university? |
| 5681 | Manning v. North, 82 S.W.3d 706, 709 (Tex. App. 2002) | 4 | Power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review; thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review. Thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. | Is the power of a trial court to dismiss for want of prosecution unbridled as it rests in the exercise of sound judicial discretion? |
| 5682 | Rhodes v. Blair, 919 S.W.2d 561, 563 (Mo. Ct. App. 1996) | 4 | "In limine" is defined as "in or at the beginning," and motion in limine is designed to accomplish, at beginning of litigation, some purpose which may only be known by reference to the context thereof. | "In limine" is defined as "in or at the beginning," and such a motion is designed to accomplish, at the beginning of litigation, some purpose which may be known only by reference to the context thereof. | "Is in limine defined as ""in or at the beginning,"" and motion in limine is designed to accomplish, at beginning of litigation, some purpose which may only be known by reference to the context thereof? " |
| 5683 | Butler Univ. v. Bahssin, 892 So. 2d 1087, 1089 (Fla. Dist. Ct. App. 2004) | 1 | When a complaint fails to state a cause of action, the proper approach is for the trial court to allow leave to amend, not to dismiss the complaint with prejudice. West's F.S.A. RCP Rule 1.190(a). | When a complaint fails to state a cause of action, the proper approach is for the trial court to allow leave to amend, not to dismiss the complaint with prejudice. | "When a complaint fails to state a cause of action, is the proper approach for the trial court to allow leave to amend? " |

| 5685 | Turner v. 1212 S. Michigan P'ship, 355 Ill. App. 3d 885, 891, 823 N.E.2d 1062, 1069 (2005) | 2 | A motion to dismiss based on claims being barred by other affirmative matters avoiding legal effect of or defeating the claims furnishes a mechanism for the disposition of issues of law and easily proved issues of fact; as such, it amounts essentially to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619(a)(9). | A "motion to dismiss pursuant to section 2–619(a)(9) presents affirmative matters that avoid the legal effect of [a] plaintiff's claim." Hopewell v. Vitullo, 299 Ill.App.3d 513, 516, 233 Ill.Dec. 456, 701 N.E.2d 99, 101 (1998). The section thereby "furnishes a mechanism for the disposition of issues of law and easily proved issues of fact." Davis v. Chicago Police Board, 268 Ill.App.3d 851, 854, 206 Ill.Dec. 269, 645 N.E.2d 274, 276 (1995). As such, "it amounts essentially to a summary judgment procedure." | Will a motion to dismiss furnish a mechanism for the disposition of issues of law and easily prove issues of fact? |
| 5686 | In re Jones, 534 B.R. 588, 596 (D. Vt. 2015) | 3 | Equitable subrogation may be used to remedy a situation in which, as result of mistake, a party stands to suffer unfair consequences. | Equitable subrogation may be used to remedy a situation in which, as a result of a mistake, a party stands to suffer unfair consequences. | May equitable subrogation be used to remedy a situation in which as a result of a mistake a party stands to suffer unfair consequences? |
| 5687 | Shatswell v. Shatswell, 758 F. Supp. 662, 663 (D. Kan. 1991) | 3 | Soldiers' and Sailors' Civil Relief Act does not empower district court to collaterally review, vacate or impede decisions of state court. Soldiers' and Sailors' Civil Relief Act of 1940, S 1 et seq., 50 U.S.C.A.App. S 501 et seq. | The provisions of the Soldiers and Sailors Relief Act may be applied by federal and state courts. 50 U.S.C.App. § 512(1). But, the Act does not empower this court to collaterally review, vacate or impede the decisions of a state court. | "Does the Soldiers and Sailors Civil Relief Act empower district court to collaterally review, vacate or impede decisions of state court?" |
| 5688 | B & D Fabricators v. D.H. Blair Inv. Banking Corp., 220 Ga. App. 373, 375, 469 S.E.2d 683, 686 (1996) | 10 | Court has duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss case against defendant where personal jurisdiction is lacking. | Finally, we note that a court has a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss a case against a defendant where personal jurisdiction is lacking. | "Does a court have a duty to inquire into its jurisdiction, upon its own motion where there is doubt, and is authorized to dismiss a case against a defendant where personal jurisdiction is lacking?" |
| 5689 | Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209, 1229 (C.D. Cal. 2017) | 12 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | Does the act of state doctrine bar an American court from questioning the validity of the act of a foreign sovereign when that act is done within the sovereign's territory? |

| 5691 | Hollander v. Nance, 888 So. 2d 1275, 1277-78 (Ala. Civ. App. 2004) | 2 | Although dismissal of action for want of prosecution because of the plaintiff's failure to appear at trial is a harsh sanction, it is warranted where there is a clear record of delay, willful default, or contumacious conduct by the plaintiff. | " 'The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the *73 judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power.' Although dismissal is a harsh sanction, it is warranted where there is a clear record of delay, willful default or contumacious conduct by the plaintiff. | "Is dismissal of action for failure to prosecute or to comply with rules or order warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff?  " |
| --- | --- | --- | --- | --- | --- |
| 5692 | Onstad v. Wright, 54 S.W.3d 799, 805 (Tex. App. 2001) | 9 | When a trial court issues an order granting a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same; noncompliance with that order may lead to contempt or other sanctions the trial court deems appropriate. | When a trial court issues an order granting a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. Noncompliance with that order may lead to contempt or other sanctions the trial court deems appropriate. | "When a trial court issues an order granting a motion in limine, does the opposing party have a duty to comply with that order and to instruct the witnesses to do the same?" |
| 5694 | MMA Consultants 1 v. Republic of Peru, 245 F. Supp. 3d 486, 519–20 (S.D.N.Y. 2017) | 42 | The act of state doctrine confers presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts; its applicability depends, in part, on whether judicial examination of the sovereign's act would embarrass or hinder the executive in the realm of foreign relations. | The act of state doctrine "confer[s] presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts." *520 Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520 (2d Cir. 1985). Its applicability depends, in part, on whether judicial examination of the sovereign's act "would embarrass or hinder the executive in the realm of foreign relations." | Does the act of state doctrine confer presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts? |
| 5695 | State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099, 1100 (Fla. Dist. Ct. App. 2009) | 4 | The doctrine of equitable subrogation is based on the policy that no person should benefit by another's loss, and it may be invoked wherever justice demands its application, irrespective of technical legal rules. | Equitable or legal subrogation is not created by a contract but by the legal consequences of the acts and relationships of the parties. Id. at 646. The doctrine is based on the policy that no person should benefit by another's loss, and it "may be invoked wherever justice demands its application, irrespective of technical legal rules." | Is the doctrine of equitable subrogation based on the policy that no person should benefit by another's loss? |

| 5696 | In Matter of CUA Autofinder, 387 B.R. 906, 912 (M.D. Ga. 2008) | 5 | Under Georgia law, equitable subrogation requires a party to prove: (1) that it paid debt in order to protect its own interest; (2) that it was not acting as volunteer in making payment; (3) that it was not primarily liable for debt, (4) that entire debt was paid; and (5) that subrogation would not cause injustice to rights of third parties. | Equitable subrogation requires that a party show that (1) it paid a debt in order to protect its own interest, (2) it was not acting as a volunteer in making the payment, (3) it was not primarily liable for the debt, (4) the entire debt was paid, and (5) subrogation would not cause an injustice to the rights of third parties. | What does equitable subrogation require a party to prove? |
| 5697 | Rex v. Warner, 183 Kan. 763, 769 (1958) | 13 | True test to determine when cause accrued is to ascertain when plaintiff could first have maintained his action to a successful result. | See Colormatch Exteriors v. Hickey, 275 Ga. 249, 251(1), 569 S.E.2d 495 (2002) ("The true test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained his or her action to a successful result.") (Citation and punctuation omitted.). | Is the true test to determine when cause accrued to ascertain when plaintiff could first have maintained his action to a successful result? |
| 5699 | Pressman v. Estate of Steinvorth, 860 F. Supp. 171, 179 (S.D.N.Y. 1994) | 14 | Party seeking accounting must first establish: (1) relations of mutual and confidential nature; (2) money or property entrusted to defendant imposing upon him burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, demand for accounting and refusal. | [14] A party seeking an accounting must first establish four conditions: "(1) relations of a mutual and confidential nature; (2) money or property entrusted to the defendant imposing upon him a burden of accounting; (3) that there is no adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." 300 Broadway Realty Corp. | What are the elements to establish a claim of accounting? |
| 5700 | People v. Hunter, 331 Ill. App. 3d 1017, 1026 (2002) | 3 | The essential elements necessary to prove forgery are (1) a document apparently capable of defrauding another; (2) a making or altering of such document by one person in such manner that it purports to have been made by another; (3) knowledge by defendant that it has been thus made; (4) knowing delivery of the document, and (5) intent to defraud. | The essential elements necessary to prove forgery in this case are (1) a document apparently capable of defrauding another; (2) a making or altering of such document by one person in such manner that it purports to have been made by another; (3) knowledge by defendant that it has been thus made; (4) knowing delivery of the document; and (5) intent to defraud. | What is required to prove forgery under law? |

| 5701 | Little v. State Indus. Comm'n, 1936 OK 817 | 5 | Forgery statute is aimed primarily at safeguarding confidence in genuineness of documents relied upon in commercial and business activity; such purpose underlies not only prohibition against forging false instrument but also against possessing or uttering such an instrument. W.S.A. 943.38. | A forgery statute is "aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." LaFave & Scott, Handbook on Criminal Law, p. 671 (1972). This purpose underlies not only the prohibition against forging a false instrument but also that against possessing or uttering such an instrument. Perkins, Criminal Law, pp. 339-40 (2d ed. 1969). | What is the purpose of forgery statute? |
|------|------|------|------|------|------|
| 5705 | Adams, Kleemeier, Hagan, Hannah & Fouts, PLLC v. Jacobs, 158 N.C. App. 376, 382 (2003) | 21 | A verified complaint may be treated as an affidavit if it: (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein. | It is true that a " 'verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein.' | Can a verified complaint be treated as an affidavit? |
| 5706 | NAC Tex Hotel Co. v. Greak, 481 S.W.3d 327, 332 (Tex. App. 2015) | 11 | The doctrine of adverse possession itself is a harsh one, taking real estate from a record owner without express consent or compensation; before taking such a severe step, the law reasonably requires that the parties' intentions be very clear. Tex. Civ. Prac. & Rem. Code Ann. S 16.026(a). | But the doctrine of adverse possession itself is a harsh one, taking real estate from a record owner without express consent or compensation. Id. Before taking such a severe step, the law reasonably requires that the parties' intentions be very clear. | Is the element of intention essential to prove adverse possession? |
| 5707 | Jaffe v. Bank of America, N.A., 667 F. Supp. 2d 1299, 1318 (S.D. Fla. 2009) | 4 | An important aspect of a letter of credit is that it is subject to the "independence principle," which provides that, absent any fraud in connection with the letter of credit itself, the issuer's obligation to make payment to the beneficiary is independent of any party's performance on any other underlying contract; thus, a letter of credit can be distinguished from a guarantee since the issuer is primarily liable and cannot assert defenses available to the customer that arise from a breach in the underlying contract. | An important aspect of the letter of credit is that it is subject to the independence principle, which provides that, absent any fraud in connection with the letters of credit itself, the issuer's obligation to make payment to the beneficiary is independent of any party's performance on any other underlying contract. In re Air Conditioning, Inc. of Stuart, 72 B.R. 657, 660 (S.D.Fla.1987). "Thus, the letter of credit can be distinguished from a guarantee because the issuer is primarily liable and cannot assert defenses available to the customer that arise from a breach in the underlying contract." Dibrell Bros. | Is the independence principle an aspect of letter of credit? |

| 5708 | Japan Gas Lighter Ass'n v. Ronson Corp., 257 F. Supp. 219, 224-25 (D.N.J. 1966) | 9 | The concepts of personal jurisdiction and of venue are closely related, but nonetheless distinct; often several district courts are competent to hear the matter and can assert jurisdiction over the defendant, and venue then is decisive as to where the suit may be brought. | The concepts of personal jurisdiction and of venue are closely related, but nonetheless distinct. Olberding v. Illinois Central R.R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953); Polizzi v. Cowles Magazine, Inc., 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). 1  The *225  distinction between venue and personal jurisdiction is important precisely because often several district courts are competent to hear the matter, and can assert jurisdiction over the defendant; venue then is decisive as to where the suit may be brought. | Are personal jurisdiction and venue different concepts? |
| 5709 | Kurek v. Luszcyk, 28 N.Y.S.3d 550, 551 (N.Y. App. Term. 2015) | 2 | Because a life tenant has the exclusive right to the property during her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land. | Because a life tenant has the exclusive right to the property during her life, "the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land" (56 NY Jur 2d, Estates, Powers, and Restraints on Alienation § 184; see Novakovic v Novakovic, 25 Misc 3d 94 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). | "Does the remainderman or reversioner have a right to possession or any present right of enjoyment, or tangible or physical ownership, of the land during the term of the life tenancy?" |
| 5712 | Wall v. Airport Parking Co. of Chicago, 244 N.E.2d 190, 192–93 (Ill. 1969) | 2 | In order to establish a bailor-bailee relationship there must be either an express agreement or agreement by implication, which may be gathered from the circumstances surrounding the transaction, such as the benefits to be received by the parties, their intentions, the kind of property involved, and the opportunities of each to exercise control over the property. | In order to establish a bailor-bailee relationship there must be either an express agreement (there is none here) or an agreement by implication, which may be gathered from the circumstances surrounding the transaction, such as the benefits to be received by the parties, their intentions, the kind of property involved, and the opportunities of each to exercise control over the property. | Does a bailor-bailee relationship require the existence of a contract? |
| 5713 | Vallo v. Gayle Oil Co., Inc., 646 So. 2d 859, 865 (La. 1994) | 8 | When unconstitutionality of statute is specifically pled, claim must be raised in petition (the original petition, an amended and supplemental petition or petition in an incidental demand), exception, motion or answer; it cannot be raised in memorandum, opposition or brief as those documents do not constitute pleadings. LSA-C.C.P. art. 852. | Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. | Can constitutionality of a statute be challenged in a memorandum? |

| | | | | | |
|---|---|---|---|---|---|
| 5714 | Hinkle v. Bauer Lumber & Home Bldg. Ctr., 158 W. Va. 492, 494–95, 211 S.E.2d 705, 706–07 (1975) | 2 | Whenever it is determined that a court has no jurisdiction to entertain subject matter of a civil action, forum court must take no further action in case other than to dismiss it from docket. R.C.P. rule 12(b)(1), (h)(2). | Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the *495 forum court must take no further action in the case other than to dismiss it from the docket. | What action must a forum court take when it is determined that a court has no jurisdiction in a matter? |
| 5716 | Envtl. Integrity Project v. E.P.A., 425 F.3d 992, 995 (D.C. Cir. 2005) | 2 | Interpretation by Environmental Protection Agency (EPA) of a legislative rule cannot be modified without the notice and comment procedure that would be required to change the underlying regulation; otherwise, an agency could easily evade notice and comment requirements by amending a rule under the guise of reinterpreting it. | However, an interpretation of a legislative rule "cannot be modified without the notice and comment procedure that would be required to change the underlying regulation-otherwise, an agency could easily evade notice and comment requirements by amending a rule under the guise of reinterpreting it." | Can an interpretation to a regulation given by an agency modified only through the process of notice and comment rulemaking? |
| 5717 | Erickson v. Dir., N. Dakota Dep't of Transp., 507 N.W.2d 537, 539 (N.D. 1993) | 1 | Appeal from administrative hearing officer's decision involving license suspension is governed by Administrative Agencies Practices Act. NDCC 28-32-01 et seq., 39-20-04.1. | An appeal from an administrative hearing officer's decision involving a license suspension under N.D.C.C.  39- 20-04.1 is governed by the Administrative Agencies Practice Act, N.D.C.C. | Does Administrative Agencies Practice Act govern an appeal from administrative hearing officer's decision involving a license suspension? |
| 5718 | Seureau v. ExxonMobil Corp., 274 S.W.3d 206, 225 (Tex. App. 2008) | 30 | A contract that restricts a governmental entity's freedom to decide whether to initiate eminent domain or condemnation proceedings would be illegal and void. | Thus, a contract that restricts a governmental entity's freedom to decide whether to initiate eminent domain or condemnation proceedings would be illegal and void. | What is the effect of a contract that restricts a governmental entity's freedom to decide whether to initiate eminent domain? |
| 5720 | Peltz ex rel. Estate of Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 717 (E.D. Pa. 2005) | 5 | Arbitration is a matter of contract; if there is a written provision in a contract evidencing a transaction involving commerce to settle by arbitration any controversy, the contract falls within the scope of the Federal Arbitration Act (FAA). 9 U.S.C.A. S 1 et seq. | [5]  Arbitration, of course, is a matter of contract. Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). If there is "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration any controversy," the contract falls within the scope of the FAA. 9 U.S.C. | How is it determined whether a written provision in a contract to settle by arbitration falls within the scope of the Federal Arbitration Act (FAA)? |
| 5721 | Sokol Holdings v. BMB Munai, 542 F.3d 354, 358 (2d Cir. 2008) | 2 | Persons are generally entitled to have their dispute settled by ruling of court of law, and it is essentially only by making commitment to arbitrate that one gives up this right of access to court of law in favor of arbitration. | "Persons are generally entitled to have their dispute settled by the ruling of a court of law. It is essentially only by making a commitment to arbitrate that one gives up the right of access to a court of law in favor of arbitration." | How does a person give up the right to access the court of law in favor of arbitration? |
| 5722 | Sokol Holdings v. BMB Munai, 542 F.3d 354, 358 (2d Cir. 2008) | 2 | Persons are generally entitled to have their dispute settled by ruling of court of law, and it is essentially only by making commitment to arbitrate that one gives up this right of access to court of law in favor of arbitration. | "Persons are generally entitled to have their dispute settled by the ruling of a court of law. It is essentially only by making a commitment to arbitrate that one gives up the right of access to a court of law in favor of arbitration." | How can one give up the right of access to a court of law in favor of arbitration? |

| 5723 | Shearson/Am. Exp. v. McMahon, 482 U.S. 220, 220 (1987) | 1 | Arbitration Act establishes federal policy favoring arbitration, requiring that courts rigorously enforce arbitration agreements, and courts' duty is not diminished when party bound by agreement raises claim founded on statutory rights. 9 U.S.C.A. S 1 et seq. | The Arbitration Act establishes a federal policy favoring arbitration, requiring that the courts rigorously enforce arbitration agreements. This duty is not diminished when a party bound by an agreement raises a claim founded on statutory rights. | Does the Federal Arbitration Act (FAA) establish a federal policy favoring arbitration? |
|---|---|---|---|---|---|
| 5724 | Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) | 1 | Pursuant to Federal Arbitration Act (FAA) provision that arbitration agreements shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract, federal courts determining the validity of an agreement to arbitrate should apply ordinary state-law principles that govern the formation of contracts; thus, although courts may not invalidate arbitration agreements under state laws applicable only to arbitration provisions, general contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements. 9 U.S.C.A. S 2. | Section 2 of the FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. 2 (emphasis added). In determining the validity of an agreement to arbitrate, federal courts "should apply ordinary state-law principles that govern the formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Thus, although "courts may not invalidate arbitration agreements under state laws applicable only to arbitration provisions," general contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements. | Under state law can courts invalidate an arbitration agreement? |
| 5725 | Hooters of Am. v. Phillips, 39 F. Supp. 2d 582, 613 (D.S.C. 1998) | 21 | Although Federal Arbitration Act (FAA) manifests liberal federal policy favoring arbitration agreements, and questions of arbitrability must be addressed with regard for policy, FAA leaves interpretation of agreement to application of common law principles of contract law. 9 U.S.C.A. S 1 et seq. | "Although the Federal Arbitration Act manifests a liberal federal policy favoring arbitration agreements, and questions of arbitrability must be addressed with regard for the policy, the Act leaves the interpretation of an agreement to the application of common law principles of contract law." | How does the Federal Arbitration Act interpret an arbitration agreement? |
| 5727 | Letsinger v. Drury Coll., 68 S.W.3d 408, 411 (Mo. 2002) | 7 | Essentials of a landlord-tenant relationship are: (1) a reversion in the landlord; (2) the creation of an estate in the tenant either at will or for a term less than that which the landlord holds; (3) the transfer of exclusive possession and control of the premises, or a portion thereof, to the tenant; and (4) a contract, either express or implied, between the parties. | The essentials of a landlord-tenant relationship are: (1) a reversion in the landlord; (2) the creation of an estate in the tenant either at will or for a term less than that which the landlord holds; (3) the transfer of exclusive possession and control of the premises, or a portion thereof, to the tenant; and (4) a contract, either express or implied, between the parties. | How is a landlord-tenant relationship created? |

| | | | | | |
|---|---|---|---|---|---|
| 5728 | Kelly v. St. Mary Hosp., 778 A.2d 1224, 1226 (Pa. Super. Ct. 2001) | 2 | In order to establish a claim of negligence, the plaintiff has the burden of proving four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. | In order to establish a claim of negligence the plaintiff has the burden of proving four elements: 1) a duty or obligation recognized by law; 2) a breach of that duty; 3) a causal connection between the conduct and the resulting injury; and 4) actual damages. | What are the elements that a plaintiff must establish to prevail in a negligence action? |
| 5729 | Burlington N. & Santa Fe Ry. Co. v. Pub. Serv. Co. of Oklahoma, 636 F.3d 562, 568 (10th Cir. 2010) | 4 | So long as parties have not specifically agreed to submit arbitrability question itself to arbitration, i.e., to arbitrate arbitrability, court will decide independently whether merits of parties' dispute is arbitrable; thus, party who has not agreed to arbitrate will normally have right to court's decision about merits of its dispute. | So long as the parties have not specifically agreed to submit the arbitrability 2 question itself to arbitration (i.e., to arbitrate arbitrability), a court will decide independently whether the merits of the parties' dispute is arbitrable. First Options of Chicago v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Thus, "a party who has not agreed to arbitrate will normally have a right to a court's decision about the merits of its dispute." | "When parties have agreed to arbitrate can courts decide the merits of a dispute, which parties have not agreed to arbitrate?" |
| 5730 | Straube v. Bowling Green Gas Co., 360 Mo. 132, 138, 227 S.W.2d 666, 668–69 (1950) | 2 | Public Service Commission is an administrative body only, and it has no power to exercise or perform a judicial function, or to promulgate an order requiring a pecuniary reparation or refund, and has no power to declare or enforce any principle of law or equity, and cannot determine damages. V.A.M.S. SS 393.110 et seq., 393.130; V.A.M.S. Const. art. 5, SS 1, 14. | The Public Service Commission is an administrative body only, and not a court, and hence the commission has no power to exercise or perform a judicial function, or to promulgate an order requiring a pecuniary reparation or refund.' State ex rel. Laundry, Inc., v. Public Service Commission, 327 Mo. 93, 34 S.W.2d 37, 46; May Dept. Stores Co. v. Union Electric Light & Power Co., 341 Mo. 299, 107 S.W.2d 41, 57; State ex rel. Rutledge v. Public Service Commission, 316 Mo. 233, 289 S.W. 785, 787. 'The commission 'has no power to declare or enforce any principle of law or equity' * * * and as a result it cannot determine damages or award pecuniary relief.' | Can a Public Service Commission promulgate an order requiring a pecuniary reparation or refund? |

| 5731 | Coggins v. Gregorio, 97 F.2d 948, 950 (11th Cir. 1938) | 5 | To constitute the relation of "landlord and tenant" there must be permission or consent on the part of the landlord, subordination of the tenant to the landlord's title and rights, a reversion in the landlord, an estate in the tenant, and the transfer of possession and control of the premises to the tenant under a contract express or implied. | To constitute the relation of landlord and tenant these elements must be present: Permission or consent on the part of the landlord, subordination to the landlord's title and rights on the part of the tenant, a reversion in the landlord, an estate in the tenant, and the transfer of possession and control of the premises to the tenant under a contract either express or implied between the parties. | Can a Landlord and Tenant relationship be created by an express or implied contract? |
| --- | --- | --- | --- | --- | --- |
| 5732 | Robert Lawrence Co. v. Devonshire Fabrics, 271 F.2d 402, 410 (2d Cir. 1959) | 6 | Any doubts as to construction of Arbitration Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with original intention of parties and to help ease congestion of court calendars. 9 U.S.C.A. SS 2, 3. | Finally, an doubts as to the construction of the Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with the original intention of the parties and to help ease the current congestion of court calendars. | How do courts resolve a dispute when there is doubt as to the construction of the Arbitration Act? |
| 5733 | Matter of Head, 204 B.R. 1022, 1025 (Bankr. N.D. Ala. 1997) | 3 | Under Alabama law, "chose in action" is personal right to demand money or property by action, and includes infinite variety of contracts, covenants, and promises which confer on one party right to recover personal chattel or sum of money from another by action. | A chose in action is "a personal right to demand money or property by an action." Peavy Lumber Co., 130 So.2d at 340. The term includes an infinite variety of contracts, covenants, and promises which confer on one party a right to recover a personal chattel or a sum of money from another by action. | Can a thing in action be termed as a right to demand money or property? |
| 5734 | State Tax Comm'n v. Shor, 371 N.E.2d 523, 524 (N.Y. 1977) | 2 | The ownership interest of a tenant shareholder in a cooperative apartment is sui generis; it reflects only an ownership of a proprietary lease and, therefore, arguably an interest in a chattel real which is, however, conditional on the tenant shareholder's interest in the cooperative corporation, an interest always treated as personal property. | The ownership interest of a tenant-shareholder in a co-operative apartment is sui generis. It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the co-operative corporation, an interest always treated as personal property. | Is a cooperative apartment personal property or real property? |
| 5735 | Groce v. Dept. of Envtl. Protec., 921 A.2d 567, 582 (Pa. Cmmw. 2007) | 15 | Where a Department of Environmental Protection (DEP) decision is appealed to the Environmental Hearing Board (EHB), the EHB is required to conduct a hearing de novo to determine whether the evidence taken by the EHB can sustain the DEP's decision. | Where a DEP decision is appealed to the EHB, the EHB is required to conduct a hearing de novo to determine whether the evidence taken by the EHB can sustain the DEP's decision. | Is the Environmental Hearing Board (EHB) required to conduct a hearing de novo where a Department of Environmental Protection (DEP) decision is appealed to the EHB? |

| | | | | | |
|---|---|---|---|---|---|
| 5736 | Cummings v. Gen. Motors Corp., 365 F.3d 944, 951 (10th Cir. 2004) | 6 | Under Oklahoma law, to establish a manufacturer's product liability, a plaintiff must prove that (1) the product was the cause of the injury, (2) the defect existed in the product at the time the product left the manufacturer's possession and control, and (3) the defect made the article unreasonably dangerous. | Under Oklahoma law, to establish a manufacturer's product liability, a plaintiff must prove that (1) "the product was the cause of the injury," (2) the defect existed in the product "at the time the product left the manufacturer's possession and control," and (3) "the defect made the article unreasonably dangerous. | What are the elements to prove a claim of manufacturer's product liability? |
| 5737 | Skolnick v. Martin, 32 Ill. 2d 55, 59 (1964) | 4 | The Civil Practice Act was designed to eliminate formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. | Furthermore, the Civil Practice Act was designed to eliminate the formalized rules of common-law pleading and to provide a procedure whereby substantive rights could be determined with a minimum of delay, technicality and expense. | Does the Civil Practice Act eliminate the common law practice of pleading? |
| 5738 | Grand Traverse Band of Ottawa & Chippewa Indians v. Office of U.S. Atty. for W. Div. of Michigan, 369 F.3d 960, 968 (6th Cir. 2004) | 4 | Federal recognition of a tribe requires: (1) a legal basis for recognition, i.e. Congressional or Executive action, and (2) the empirical indicia of recognition, namely, a continuing political relationship with the group, such as by providing services through the Bureau of Indian Affairs. | A prominent treatise on federal Indian law states that federal recognition of a tribe requires (1) a legal basis for recognition (i.e. Congressional or Executive action) and (2) the empirical indicia of recognition, namely, a "continuing political relationship with the group, such as by providing services through the Bureau of Indian Affairs." | How can an Indian tribe be federally recognized? |
| 5739 | Palazzolo v. Mire, 10 So. 3d 748, 768 (La. Ct. App. 2009) | 4 | Every child custody case must be viewed within its own particular set of facts; each case must be viewed in light of the child's age, the situation of the parents, and any other factor relevant to the particular case. LSA-C.C. art. 131. | Every child custody case must be viewed within its own particular set of facts. McKenzie, supra. Each case must be viewed in light of the child's age, the situation of the parents, and any other factor relevant to the particular case. | Should every child custody case be viewed within its own particular set of facts? |
| 5740 | Modine Mfg. Co. v. Pollution Control Bd., 193 Ill. App. 3d 643, 647 (1990) | 1 | Legislature has vested the Pollution Control Board with broad discretionary powers in the imposition of civil penalties, and its order will not be disturbed upon review unless it is clearly arbitrary, capricious, or unreasonable. S.H.A. ch. 1111/212, P 1033(b). | The legislature has vested the PCB with broad discretionary powers in the imposition of civil penalties, and its order will not be disturbed upon review unless it is clearly arbitrary, capricious or unreasonable. | Does the Pollution Control Board (PCB) have broad discretionary powers in imposing civil penalties? |
| 5742 | Town of Oronoco v. City of Rochester, 293 Minn. 468, 471, 197 N.W.2d 426, 429 (1972) | 3 | Balancing-of-public-interests test is adopted for resolution of conflicts which arise between exercise by governmental agencies of their police power and their right of eminent domain. | Therefore, we adopt a balancing-of-public-interests test for the resolution of conflicts which arise between the exercise by governmental agencies of their police power and their right of eminent domain. | What test does the court adopt for resolving the conflicts between the exercise by governmental agencies of their police power and their right of eminent domain? |

| | | | | | |
|---|---|---|---|---|---|
| 5743 | Terada v. Eli Lilly & Co., 2015 IL App (5th) 140170, ¶ 24 | 6 | Second factor in determining transactional venue-where the cause of action springs into existence-considers, among other things, where any significant negotiations were carried on between the parties, where an agreement was signed, the place where it was, or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving. S.H.A. 735 ILCS 5/2-101. | The second factor in determining transactional venue-where the cause of action springs into existence -considers, among other things, where " ' 'any significant negotiations were carried on between the parties, where an agreement was signed, the place where it was, or was supposed to be performed, or where matters occurred that plaintiff has the burden of proving.' " | What do the courts look for when considering where the cause of action arose in determining transactional venue? |
| 5745 | Schattner v. Girard,  668 F.2d 1366, 1368-69 (D.C. Cir. 1981) | 2 | Although claims will not be barred unless they come within scope of an arbitration agreement, the strong federal policy in favor of voluntary commercial arbitration requires that the scope of such agreements not be read too narrowly. | Although claims will not be barred unless they come within the scope of an arbitration agreement, see *1369 **337 Davis v. Chevy Chase Financial Ltd., No. 80-1297 (D.C. Cir. October 15, 1981) the "strong federal policy in favor of voluntary commercial arbitration" requires that we not read the scope of such agreements too narrowly. | Is there a strong federal policy in favor of voluntary commercial arbitration? |
| 5746 | Thun v. City of Bonney Lake, 265 P.3d 207, 213 (Wash. App. Div. 2 2011) | 19 | The federal final decision requirement for ripeness of a takings claim follows from the principle that only a regulation that "goes too far" results in a taking; a court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 16. | The federal "final decision" requirement "follows from the principle that only a regulation that 'goes too far' results in a taking." Suitum, 520 U.S. at 734, 117 S.Ct. 1659 (quoting Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415, 43 S.Ct. 158, 67 L.Ed. 322 (1922)). "A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes." | Is there a requirement following the principle that only a regulation that goes too far results in a taking? |
| 5750 | St. Marys v. Auglaize Cty. Bd. of Commrs., 115 Ohio St. 3d 387, 398 (2007) | 19 | Where an entity serves such a substantial part of the public that its rates, charges and methods of operation become a public concern, it can be characterized as a public utility. | In sum, where an entity "serves such a substantial part of the public that its rates, charges and methods of operation become a public concern, it can be characterized as a public utility." | "Can an entity serving a substantial part of the public causing its rates, charges and methods of operation to become a public concern, be characterized as a public entity?" |
| 5751 | St. Marys v. Auglaize Cty. Bd. of Commrs., 115 Ohio St. 3d 387, 396 (2007) | 15 | One of the most important attributes of a public utility is that it provides an essential good or service to the general public which has a legal right to demand or receive this good or service. | One of the most important attributes of a public utility is that it provides "an essential good or service to the general public which has a legal right to demand or receive this good or service." | Does a public utility provide essential goods and services to the general public that has the legal right to demand or receive such goods? |

| 5752 | Reynolds v. Menard, 365 Ill. App. 3d 812, 820 (2006) | 9 | In action for malicious prosecution, "probable cause" is defined as a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged. | Probable cause is defined as " 'a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged.' " | Is actual guilt or innocence of the accused required to establish the probable cause in a malicious prosecution claim? |
| --- | --- | --- | --- | --- | --- |
| 5753 | Hall v. IKEA Property Inc., 171 F. Supp. 3d 634, 639-40 (E.D. Mich. 2016) | 2 | Under Michigan law, courts are not bound by the labels that parties attach to their claims; the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim. | With respect to premises liability and ordinary negligence claims, Michigan case law holds the following: Courts are not bound by the labels that parties attach to their claims. Indeed, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." | Is a court bound by the label a party assigns to its claims? |
| 5755 | Diaz v. Michigan Logistics Inc., 167 F. Supp. 3d 375, 380 (E.D.N.Y. 2016) | 3 | Discovery and a fact-intensive analysis is required for a determination of whether plaintiffs were independent contractors, rather than employees subject to a contract of employment for purposes of the Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Discovery and a fact-intensive analysis is required for a determination of whether Plaintiffs were "independent contractors," rather than "employees" subject to a "contract of employment" for purposes of the FAA. | Is discovery and fact-intensive analysis required to determine whether the Plaintiff is an employee or independent contractor? |
| 5756 | Shearson Hayden Stone v. Liang, 493 F. Supp. 104, 106 (N.D. Ill. 1980) | 1 | Interstate commerce is necessary basis for application of United States Arbitration Act and contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. 9 U.S.C.A. SS 1, 2. | Interstate commerce is a necessary basis for application of the United States Arbitration Act, and a contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. | can a contract or agreement not predicated upon interstate commerce be governed under the Federal Arbitration Act? |
| 5757 | Roodveldt v. Merrill Lynch, Pierce, Fenner & Smith, 585 F. Supp. 770, 779 (E.D. Pa. 1984) | 11 | Interstate commerce is necessary basis for application of Federal Arbitration Act, and contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. 9 U.S.C.A. S 1 et seq. | Interstate commerce is a necessary basis for application of the Arbitration Act, and a contract or agreement not predicated upon interstate commerce must be governed by state arbitration law. | Can a contract or agreement not predicated upon interstate commerce be governed under the Federal Arbitration Act? |
| 5758 | Pollack v. Hogan, 703 F.3d 117, 120 (D.C. Cir. 2012) | 4 | It is a prerequisite to the maintenance of any action for specific relief that the plaintiff claim an invasion of his legal rights, either past or threatened; if he does not, he has not stated a cause of action; this is true whether the conduct complained of is sovereign or individual. | As the Court stated in full: It is a prerequisite to the maintenance of any action for specific relief that the plaintiff claim an invasion of his legal rights, either past or threatened.... If he does not, he has not stated a cause of action. This is true whether the conduct complained of is sovereign or individual. | Is it a prerequisite to the maintenance of any action for specific relief that the plaintiff claims an invasion of his legal rights? |

| 5760 | Vargas v. Spirit Delivery & Distrib. Services, Inc., 245 F. Supp. 3d 268, 279 (D. Mass. 2017) | 2 | The independent contractor provision of the Massachusetts Wage Act (MWA) establishes a standard to determine whether an individual performing services for another shall be deemed an employee or independent contractor for purposes of Massachusetts wage statutes. Mass. Gen. Laws Ann. ch. 149, S 148B. | The independent contractor provision of the MWA " ' establishes a standard to determine whether an individual performing services for another shall be deemed an employee or independent contractor for purposes of [Massachusetts] wage statutes.' | What is the purpose of establishing an independent contractor statute? |
|------|------|------|------|------|------|
| 5761 | Arceo v. City of Junction City, Kansas, 182 F. Supp. 2d 1062, 1807-88 (D. Kan. 2002) | 14 | Persons supplying information to a public prosecutor will not be liable for malicious prosecution under Kansas law when the prosecutor initiates criminal proceedings, if the person supplies the information in good faith and represents all the information available to the informant through diligent effort. Restatement (Second) of Torts S 653 comment. | Persons supplying information to a public prosecutor will not be liable for malicious prosecution when the prosecutor initiates criminal proceedings, if the person supplies the information in good faith and represents all the information available to the informant through diligent effort. | Will an informer to a public prosecutor be liable for malicious prosecution upon the instigation of criminal proceedings by the prosecutor? |
| 5762 | Lefoldt for Natchez Reg'l Med. Ctr. Liquidation Tr. v. Horne, L.L.P., 853 F.3d 804, 814-15 (5th Cir. 2017) | 14 | Even if another provision of the parties' contract, or the contract as a whole, is invalid, unenforceable, voidable, or void, that does not prevent a court from enforcing a specific agreement to arbitrate because, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. | The Supreme Court has held that even if "another provision of the contract, or ... the contract as a whole," is invalid, unenforceable, *815 voidable, or void, that "does not prevent a court from enforcing a specific agreement to arbitrate" because, "[a]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. | Is an arbitration clause severable from the remainder of the contract? |
| 5763 | Omstead v. Dell, 533 F. Supp. 2d 1012, 1014 (N.D. Cal. 2008) | 2 | Where an arbitration agreement contains a choice-of-law clause, the court must apply the appropriate analysis to determine which state's laws govern the validity of the agreement to arbitrate. 9 U.S.C.A. S 1. | Where an arbitration agreement contains a choice-of-law clause, the court must apply the appropriate analysis to determine which state's laws govern the validity of the agreement to arbitrate. | How do courts determine which state's laws govern the validity of an agreement to arbitrate when there is a choice-of-law clause? |
| 5764 | Henson v. Nat'l Aeronautics & Space Admin., 14 F.3d 1143, 1147 (6th Cir.), opinion corrected on reh'g, 23 F.3d 990 (6th Cir. 1994) | 4 | Determination of whether employee was acting within scope of employment for purposes of Federal Tort Claims Act is question of law, not fact, made in accordance with law of state where conduct occurred. 28 U.S.C.A. S 2679(d)(1). | A determination of whether an employee was acting within the scope of employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred. | Is the determination of whether an employee was acting within the scope of his employment a question of law or a question of fact? |

| 5766 | In re Alfred H.H., 233 Ill. 2d 345, 355 (2009) | 4 | Under the public interest exception to the mootness doctrine, a court may consider an otherwise moot case when (1) the question presented is of a public nature, (2) there is a need for an authoritative determination for the future guidance of public officers, and (3) there is a likelihood of future recurrence of the question. | The Public Interest Exception [4] [5] Respondent's first established exception to the mootness doctrine is the "public interest" exception. The public interest exception allows a court to consider an otherwise moot case when (1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question. | Will the public interest exception permits review of an otherwise moot appeal or case? |
| 5767 | In re Trampush, 552 B.R. 817, 821 (Bankr. W.D. Wis. 2016) | 1 | Under Wisconsin law, subrogation is an equitable doctrine intended to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Subrogation is an equitable doctrine intended to "avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another." | Does subrogation avoid unjust enrichment? |
| 5769 | Casa de Cambio Comdiv S.A. de C.V. v. United States, 48 Fed. Cl. 137, 143-44 (2000) | 8 | Under the Tucker Act, illegal exaction jurisdiction lies in the Court of Federal Claims where a plaintiff has paid money over to the government, directly or in effect, and seeks return of all or part of that sum arguing that it was improperly paid, exacted, or taken from it in contravention of the Constitution, a statute, or a regulation. 28 U.S.C.A. S 1491(a)(1). | Under the Tucker Act, illegal exaction jurisdiction lies where a plaintiff "has paid money over to the Government, directly or in effect," and "seeks return of all or part of that sum arguing" that it "was improperly paid, exacted, or taken from [it] in contravention of the Constitution, a statute, or a regulation." | When does an illegal exaction occur under the law? |
| 5770 | Clark v. D.C., 241 F. Supp. 3d 24, 33-34 (D.C. 2017) | 12 | Under District of Columbia law, a plaintiff must show termination of the underlying suit in the plaintiff's favor in order to prevail on a claim for malicious prosecution; in this context, the termination must reflect on the merits of the underlying action. | Indeed, under District of Columbia law, a Plaintiff must show termination of the underlying suit in the Plaintiff's favor *34 in order to prevail on a claim for malicious prosecution. Harris v. District of Columbia, 696 F.Supp.2d 123, 134 (D.D.C. 2010). Furthermore, "the termination must reflect on the merits of the underlying action. | Is it necessary for the Plaintiff to show termination of the underlying suit in their favor to prevail on a claim for malicious prosecution? |
| 5771 | Zimmerman v. Al Jazeera Am., LLC, 246 F. Supp. 3d 257, 272-73 (D.D.C. 2017) | 8 | Under District of Columbia law, to evaluate whether a statement is capable of defamatory meaning, courts employ a two-part framework that asks (1) whether a communication is capable of bearing a particular meaning, and (2) whether that meaning is defamatory, after which the jury determines whether the communication was in fact so understood by its recipient. | To evaluate whether a statement is capable of defamatory meaning, courts employ a two-part framework that asks: " '(a) whether a communication is capable of bearing a particular meaning, and (b) whether that meaning is defamatory.' The jury then determines whether the communication was in fact so understood by its recipient." | What is the role of the Court and jury in determining the defamatory meaning of a statement? |

| | | | | | |
|---|---|---|---|---|---|
| 5772 | In re Healthcare Am. Med. Grp., 289 B.R. 442, 446 (M.D. Fla. 2002) | 1 | To invoke the doctrine of equitable subrogation under Florida law, a party must establish that: (1) the party paid the debt, (2) the party had a liability, right, or fiduciary relationship which equated a direct interest in discharging the debt or lien, and (3) no injustice is visited on the other party by applying equitable subrogation. | The doctrine of equitable subrogation has long been recognized by Florida courts. In order to invoke the doctrine, the party must establish the following: (1) that the party paid the debt; (ii) that the party had a liability, right or fiduciary relationship which equated a direct interest in discharging the debt or lien; and (iii) that no injustice is visited on the other party by applying equitable subrogation. | When can the doctrine of equitable subrogation be invoked? |
| 5773 | Westchester Fire Ins. Co. v. Allstate Ins. Co., 672 A.2d 939, 944 (Conn. 1996) | 4 | "Conventional subrogation" occurs where one having no interest or any relation to matter pays debt of another, and by agreement is entitled to rights and securities of creditor so paid; it can take effect only by agreement and has been said to be synonymous with assignment. | "Conventional subrogation can take effect only by agreement and has been said to be synonymous with assignment. It occurs where one having no interest or any relation to the matter pays the debt of another, and by agreement is entitled to the rights and securities of the creditor so paid." | How can conventional subrogation take effect? |
| 5774 | Miccosukee Tribe of Indians of Florida v. Cypress, 2013 WL 2158422 | 2 | Indian tribes have inherent power to determine tribal membership, to regulate domestic relations among members, to prescribe rules of inheritance for members, and to punish tribal offenders. | Some such matters—but by no means an exhaustive list—include the inherent power to determine tribal membership, to regulate domestic relations among members, to prescribe rules of inheritance for members, and the power to punish tribal offenders. Montana v. U.S., 450 U.S. 544, 564, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981). | Does an Indian tribe retain power to regulate tribal membership and domestic relations among members? |
| 5777 | Villarreal v. Harris Cnty., 226 S.W.3d 537, 544 (Tex. App.-- Hous. [1st Dist.] 2006) | 18 | "Eminent domain" refers to the power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise functions of state power. | " 'Eminent domain' refers to '[t]he power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise functions of state power.' " | Is the State's intentional act of taking property for public use an exercise of its eminent domain powers? |
| 5778 | Kansas Gas & Elec. Co. v. State Corp. Comm'n, 239 Kan. 483, 491 (1986) | 4 | State Corporation Commission has been granted by legislature full and exclusive authority and jurisdiction to supervise, control, and regulate public utilities of the state, and, when acting in exercise of its delegated powers, is not acting as quasi-judicial body, but rather is performing a legislative function. | The legislature created the Kansas Corporation Commission and granted it full and exclusive authority and jurisdiction to supervise, control, and regulate the public utilities of this state and, when acting in the exercise of its delegated powers, the Commission is not a quasi- judicial body. | Is the regulation of public utilities legislative in nature? |
| 5780 | Houle v. Sch. Dist. of Ashland, 267 Wis. 2d 708, 713 (2003) | 4 | "Legal subrogation," also known as equitable subrogation, derives from doctrine of preventing unjust enrichment, and it applies when person other than mere volunteer pays debt that in equity and good conscience, another should pay. | Legal subrogation, also known as equitable subrogation, derives from the doctrine of preventing unjust enrichment and it applies when a person other than a mere volunteer pays a debt that in equity and good conscience, another should pay. | Is equitable subrogation related to or derived from the equitable principle against unjust enrichment? |

| 5781 | Acuity v. McGhee Eng'g, 297 S.W.3d 718, 724 (Tenn. Ct. App. 2008) | 4 | Equitable subrogation is based on the principle that substantial justice should be attained regardless of form, that is, its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form. | Equitable subrogation is based on the principle that " 'substantial justice should be attained regardless of form, that is, its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form.' | Is equitable subrogation based on the principle that substantial justice should be attained regardless of form? |
|------|------|---|------|------|------|
| 5782 | Neu v. Gibson, 928 N.E.2d 556, 560 (Ind. 2010) | 3 | In considering whether to order subrogation and, thus, bypass the general principle of priority, courts base their decisions on the equities, particularly the avoidance of windfalls and the absence of any prejudice to the interests of junior lienholders. | In considering whether to order subrogation and thus bypass the general principle of priority, courts base their decisions on the equities, particularly the avoidance of windfalls and the absence of any prejudice to the interests of junior lienholders. | What must courts consider when deciding to order subrogation? |
| 5783 | Patients Comp. Fund v. Lutheran Hosp.-LaCrosse, 223 Wis. 2d 439, 450 (1999) | 3 | Subrogation rights arise by operation of law when a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Subrogation rights arise by operation of law "when a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Does the right to subrogation arise when a person other than a mere volunteer pays a debt which should be satisfied by another? |
| 5784 | W. Am. Ins. Co. v. Yellow Cab Co. of Orlando, Inc., 495 So. 2d 204, 206 (Fla. 5th Dist. App. 1986) | 2 | "Subrogation" provides an equitable remedy for restitution to one who in performance of some duty has discharged a legal obligation which should have been met, either wholly or partially, by another. | Subrogation provides an equitable remedy for restitution to one who in the performance of some duty has discharged a legal obligation which should have been met, either wholly or partially, by another. | "Does equitable subrogation apply when a legal obligation ought to have been met, either wholly or partially, by another?" |
| 5786 | Wasko v. Manella, 849 A.2d 777, 781 (Conn. 2004) | 3 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | "Does legal subrogation take place as a matter of equity, without any agreement to that effect?" |
| 5788 | Am. Fam. Ins. Group v. Cleveland, 827 N.E.2d 490, 494 (Ill. App. 4th Dist. 2005) | 1 | Under the doctrine of "subrogation," a person who has paid a debt for which another is primarily liable succeeds to the rights of the person whose debt has been paid in relation to the debt or claim; it includes every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and in which equity and good conscience should have been paid by the latter. | Under the doctrine of subrogation, a person who has paid a debt for which another is primarily liable succeeds to the rights of the person whose debt has been paid in relation to the debt or claim. The doctrine includes every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and in which equity and good conscience should have been paid by the latter. | "Under the doctrine of ""subrogation,"" does a person who has paid a debt for which another is primarily liable succeed to the rights of the person whose debt has been paid in relation to the debt or claim?" |

| 5789 | In re Climate Control Mech. Servs., 570 B.R. 673, 678 (M.D. Fla. 2017) | 6 | When, upon default of contractor, surety pays all the bills of the job to date and completes the job, surety stands in shoes of contractor insofar as there are receivables due it, in the shoes of laborers and materialmen who have been paid by surety, who may have liens, and in the shoes of the government, for whom job was completed. | "When, on default of the contractor, [the surety] pays all the bills of the job to date and completes the job, it stands in the shoes of the contractor insofar as there are receivables due it; in the shoes of laborers and material men who have been paid by the surety-who may have had liens; and, not least, in the shoes of the government, for whom the job was completed." | Is a surety who pays claims of laborers and materialmen only entitled to stand in shoes of those who might have had liens but for the surety's payment? |
| 5791 | Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136–37, 83 S. Ct. 232, 235, 9 L. Ed. 2d 190 (1962) | 4 | Surety paying debt of another is, by doctrine generally known as "subrogation," entitled to all rights of person paid to enforce his right to be reimbursed. | And probably there are few doctrines better established than that a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed | Does the subrogation doctrine establish a right of a surety who pays the debt of another to assert all rights of the person surety paid to enforce surety's right to be reimbursed? |
| 5792 | Gardner v. Shearson, Hammill & Co., 433 F.2d 367, 368 (5th Cir. 1970) | 3 | Under Securities Exchange Act of 1934, voluntary submission to arbitration of existing controversy is valid and, absent fraud or basic fault in arbitration proceedings, such proceedings are valid. | We agree with the Third Circuit that 'under the Securities Exchange Act of 1934, the voluntary submission to arbitration of an existing controversy is a valid one and, absent fraud or a basic fault in the proceedings, the proceeding is a valid one.' | Is the voluntary submission to arbitration of an existing controversy valid under the Securities Exchange Act of 1934? |
| 5793 | Kruse v. AFLAC Int'l, 458 F. Supp. 2d 375, 387 (E.D. Ky. 2006) | 21 | District court's duty to enforce arbitration agreement under the Federal Arbitration Act (FAA) is not diminished when party bound by the agreement raises claims arising from statutory rights. 9 U.S.C.A. S 1 et seq. | "A district court's duty to enforce an arbitration agreement under the FAA is not diminished when a party bound by the agreement raises claims arising from statutory rights." | Does a district court's duty to enforce an arbitration agreement diminish when a party to the agreement asserts a statutory claim? |
| 5797 | Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557, 572 (Ct. App. 2004) | 39 | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | 57 A motion in limine filed in a civil case "is generally used as a substitute for evidentiary objections at trial" and "as a means to exclude evidence from trial for violations of the disclosure rules." | Is a pretrial motion in limine used generally as a substitute for evidentiary objections at trial? |
| 5798 | Kinda v. Carpenter, 203 Cal. Rptr. 3d 183, 195 (2016) | 14 | Motions in limine are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Motions in limine are "designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial." | Are motions in limine designed to facilitate the management of a case by deciding difficult evidentiary issues in advance of trial? |
| 5799 | Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582, 1593 (Cal. App. 2008) | 2 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Strictly speaking, Photon's motion was not an in limine motion. In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are motions in limine designed to facilitate the management of a case by deciding difficult evidentiary issues in advance of trial? |

| 5800 | In re Estate of McCreath, 240 P.3d 413, 422 (Colo. App. 2009) | 20 | At any time after the last required pleading, with or without supporting affidavits, a party may move for determination of a question of law. Rules Civ.Proc., Rule 56(h). | At any time after the last required pleading, with or without supporting affidavits, a party may move for determination of a question of law. | "Can a party move for determination of a question of law at any time after the last required pleading, with or without supporting affidavits?" |
| --- | --- | --- | --- | --- | --- |
| 5802 | Taylor v. Dowling Gosslee & Assocs., Inc., 44,654 (La. App. 2 Cir. 10/7/09), 22 So. 3d 246, 253, writ denied, 2009-2420 (La. 2/5/10), 27 So. 3d 299 | 4 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court; this great discretion extends to the trial court's assessment of the probative value of evidence. | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court. Heller v. Nobel Insurance Group, 2000–0261 (La.2/2/2000), 753 So.2d 841; Randall v. Concordia Nursing Home, 2007–101 (La.App. 3d Cir.8/22/07), 965 So.2d 559, writ denied, 2007–2153 (La.1/7/08), 973 So.2d 726.This great discretion extends to the trial court's assessment of the probative value of evidence. | Does a motion in limine present an evidentiary matter that is subject to the great discretion of the trial court? |
| 5803 | In re ADL Contracting Corp., 184 B.R. 436, 441 (S.D.N.Y. 1995) | 4 | Once surety satisfies its obligation under payment or performance bond, surety accedes by equitable doctrine of subrogation to rights of party whose rights were satisfied by its performance under bond. | In this spirit, the case law has firmly established that once a surety satisfies its obligation under either of the bonds, the surety accedes by the equitable doctrine of subrogation to the rights of the party whose rights were satisfied by its performance under the particular bond. | "Once a surety satisfies its obligation under a payment or performance bond, does the surety accede by the equitable doctrine of subrogation to the rights of a party whose rights were satisfied by its performance under bond?" |
| 5804 | Lesikar v. EOG Res., 236 S.W.3d 457, 459 (Tex. App. 2007) | 3 | When obligations are ongoing, such as the duty to make periodic payments of money, claims for their breach normally do not accrue until default occurs, and without default, there is no claim. | So too do we recognize that when obligations are ongoing (such as the duty to make periodic payments of money), claims for their breach normally do not accrue until default occurs. | "Do claims for breach normally accrue when obligations are ongoing, such as the duty to make periodic payments of money?" |
| 5805 | Smith v. Minnesota Mut. Life Ins. Co., 195 P.2d 457, 462 (Cal. App. 4th Dist. 1948) | 3 | The term "accrue" as applied to cause of action means to arrive, to commence, to come into existence, to become a present enforceable demand. | The term 'accrue', as applied to a cause of action, means to arrive; to commence; to come into existence; to become a present enforceable demand. | "Does the term ""accrue"" mean to arrive, to commence, to come into existence, to become a present enforceable demand?" |
| 5806 | Perez v. Todd Shipyards Corp., 999 S.W.2d 31, 35 (Tex. App. 1999) | 4 | Cause of action accrues when the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. | Under Texas law, a cause of action accrues when the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury. | Does the cause of action accrue when the plaintiff has known or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury? |
| 5808 | In re Weinberger's Estate, 203 Neb. 674, 674 (1979) | 2 | Cause of action in contract accrues at time of breach or failure to do thing agreed to, irrespective of any knowledge on part of plaintiff or of any actual injury occasioned him, but not until then. | A cause of action in contract accrues at the time of breach or failure to do the thing agreed to irrespective of any knowledge on the part of the plaintiff of any actual injury occasioned him, but not until then. | Does a cause of action in contract accrue at time of breach or failure to do a thing agreed to? |

| 5810 | Matthieu v. Piedmont Nat. Gas Co., 269 N.C. 212, 215 (1967) | 4 | When right of party is once violated, even if ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete. G.S. S 1-52. | * * * When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of the term, at once springs into existence and the cause of action is complete. | "If the right of a party is once violated, does the injury at once spring into existence and the cause of action get completed?" |
| 5811 | Paradissiotis v. United States, 49 Fed. Cl. 16, 23 (2001) | 5 | A regulation that burdens private property may constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose. U.S.C.A. Const.Amend. 5. | A regulation that burdens private property may "constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose ...." Penn Cent. | Does a regulation that burdens private property constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose? |
| 5812 | McKeel v. Islamic Republic of Iran, 722 F.2d 582, 588 (9th Cir. 1983) | 10 | Territory is a primary basis for jurisdiction and a state may prescribe and enforce a rule of law for conduct occurring in territory under that state's sovereignty. | Appellants contend that it is. Territory, of course, is a primary basis for jurisdiction, i.e., a state may prescribe and enforce a rule of law for conduct occurring in territory under the state's sovereignty. | Is territory a primary basis for jurisdiction and can a state prescribe and enforce a rule of law for conduct occurring in territory under that state's sovereignty? |
| 5813 | O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449, 453 (2d Cir. 1987) | 3 | Where conduct of defendant has been compelled by foreign government, defendant is entitled to assert the defense of foreign government compulsion and act of state doctrine is applicable. | Furthermore, where as here the conduct of the appellees has been compelled by the foreign government they are entitled to assert the defense of foreign government compulsion and the act of state doctrine is applicable. | "Where conduct of the defendant has been compelled by a foreign government, is a defendant entitled to assert the defense of foreign government compulsion and is the act of state doctrine applicable?" |
| 5814 | United States v. Funmaker, 10 F.3d 1327, 1333 (7th Cir. 1993) | 11 | "Act of state doctrine" dictates that courts will not sit in judgment of acts of another country done within that country's territory; courts apply the act of state doctrine if deciding a case might frustrate the conduct of foreign relations by political branches of the government. | That doctrine dictates that courts will not sit in judgment on the acts of another country done within that country's territory. See Antolok v. United States, 873 F.2d 369, 384 (D.C.Cir.1989). Courts apply the act of state doctrine if deciding a case "might frustrate the conduct of foreign relations by the political branches of the government...." First Nat'l City Bank v. | Does the act of state doctrine dictate that courts will not sit in judgment of acts of another country done within that country's territory? |
| 5816 | George Lawrence v. Brodie, 302 Mass. 557, 560, 20 N.E.2d 413, 414–15 (1939) | 4 | A general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated and is not an allegation of a distinct substantive fact and is not admitted on demurrer. | It is also true that a general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated, is not an allegation **415 of a distinct substantive fact, and is not admitted on demurrer. | Is an averment that a defendant owes a plaintiff a mere statement of a conclusion of law? |
| 5818 | Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582, 1593 (Cal. App. 2008) | 2 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Strictly speaking, Photon's motion was not an in limine motion. In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are motions in limine designed to facilitate management of a case by deciding difficult evidentiary issues in advance of trial? |

| 5819 | Wilkinson v. Brit. Airways, 292 A.D.2d 263, 264, 740 N.Y.S.2d 294, 296 (2002) | 1 | There is no requirement that an in limine motion be made in writing and be in accordance with rule governing motion papers, and an oral motion in limine may properly be considered by court. McKinney's CPLR 2214. | Contrary to plaintiff's contentions, there is no requirement that an in limine motion be made in writing and be in accordance with CPLR 2214. The court, therefore, properly considered defendant's oral application (see generally, State of New York v Metz, 241 AD2d 192, 198). | "Is there requirement that an in limine motion be made in writing and be in accordance with rule governing motion papers, and an oral motion in limine may properly be considered by court?" |
|---|---|---|---|---|---|
| 5820 | Gilcrease v. Gilcrease, 438 So. 2d 658, 662 (La. App. 1983) | 5 | Theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of case; accordingly, pretrial order or agreement controls subsequent course of action, though it can be modified at trial to prevent substantial injustice. LSA-C.C.P. art. 1551. | The theory inherent in pre-trial procedure is to avoid surprise and to allow orderly disposition of the case. The pre-trial order, or as in this case the pre- trial agreement, controls the subsequent course of the action but can be modified at trial to prevent substantial injustice. La.C.C.P. Art. 1551. | What is the theory inherent in pre-trial procedure? |
| 5821 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App.--Fort Worth 2001) | 11 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. | The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. | Is the purpose of a motion in limine to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury? |
| 5822 | Powell v. Alan Young Homes, 251 Ga. App. 72, 75, 554 S.E.2d 186, 190 (2001) | 7 | Trial court has an absolute right to refuse to decide on the admissibility of evidence prior to trial and may reserve ruling on the admissibility of evidence until it is offered during trial. | "The trial court has an absolute right to refuse to decide on the admissibility of evidence ... prior to trial [and] may reserve ruling on the admissibility of evidence until it is offered during trial." | Does a trial court have an absolute right to refuse to decide on the admissibility of evidence prior to trial and can it reserve ruling on the admissibility of evidence until it is offered during trial? |
| 5823 | Compassion in Dying v. State of Wash., 79 F.3d 790, 827 (9th Cir. 1996) | 12 | State has legitimate interest in safeguarding interests of innocent third parties such as minor children and other family members dependent on persons who wish to commit suicide; interest is of almost negligible weight when patient is terminally ill and his or her death is imminent and inevitable. | The state clearly has a legitimate interest in safeguarding the interests of innocent third parties such as minor children and other family members dependent on persons who wish to commit suicide. That state interest, however, is of almost negligible weight when the patient is terminally ill and his death is imminent and inevitable. | Does the state have an interest in safeguarding the interests of innocent third parties who are dependent on people who commit suicide? |
| 5824 | Washington v. Glucksberg, 521 U.S. 702, 728 (1997) | 6 | Asserted right to assistance in committing suicide is not fundamental liberty interest protected by due process clause; history of law's treatment of assisted suicide has been and continues to be rejection of nearly all efforts to permit it. U.S.C.A. Const.Amends. 5, 14. | The history of the law's treatment of assisted suicide in this country has been and continues to be one of the rejection of nearly all efforts to permit it. That being the case, our decisions lead us to conclude that the asserted "right" to assistance in committing suicide is not a fundamental liberty interest protected by the Due Process Clause. | Does the statute prohibiting assisted suicide violate due process clauses? |

| | | | | | |
|---|---|---|---|---|---|
| 5825 | Lippert v. Bailey, 50 Cal. Rptr. 478, 481 (Cal. App. 4th Dist. 1966) | 4 | Right or obligation constituting cause of action does not arise until some primary right of a party has been impinged upon by wrongdoer in violation of duty owed by wrongdoer to that party. | The right or obligation constituting the cause of action does not arise, however, until some primary right of a party has been impinged upon by a wrongdoer in violation of a duty owed by the wrongdoer to that party. | Does the right or obligation constituting the cause of action arise when a primary right of a party has been impinged upon by a wrongdoer? |
| 5826 | U.S. v. Rosen, 716 F.3d 691, 700 (2d Cir. 2013) | 4 | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | To establish the " 'corrupt' intent necessary to a bribery conviction," the Government must prove that the defendant had " 'a specific intent to give ... something of value in exchange for an official act,' " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun–Diamond Growers of Cal., 526 U.S. 398, 404–05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)),which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. | Does bribery require a specific intent? |
| 5827 | Grupo Protexa, S.A. v. All Am. Marine Slip, a Div. of Marine Office of Am. Corp., 20 F.3d 1224, 1236 (3d Cir. 1994) | 3 | Under act of state doctrine, courts will refrain from judging validity of foreign state's governmental acts in regard to matters within that country's borders. | Under the [act of state] doctrine, the courts of this country will refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders. | Does the act of state doctrine provide that courts in the United States will generally refrain from examining the validity of a foreign state's governmental acts in regard to matters within its own territory? |
| 5830 | Callejo v. Bancomer, S.A., 764 F.2d 1101. 1115 (5th Cir. 1985) | 13 | For act of state, as opposed to sovereign immunity, purposes, relevant acts are not merely those of named defendants, but any governmental acts whose validity would be called into question by adjudication of suit. | For act of state (as opposed to sovereign immunity) purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit. | "For act of state purposes, are relevant acts merely those of named defendants?" |
| 5831 | Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164, 1171 (C.D. Cal. 2005) | 5 | Act of state doctrine is not jurisdictional limit on courts, but rather prudential doctrine designed to avoid judicial action in sensitive areas. | "The act of state doctrine is not a jurisdictional limit on courts, but rather 'a prudential doctrine designed to avoid judicial action in sensitive areas.' " | "While sovereign immunity addresses jurisdiction of court, is the act of state doctrine a prudential doctrine designed to avoid judicial action in sensitive areas?" |
| 5832 | United States v. Noriega, 746 F. Supp. 1506, 1521 (S.D. Fla. 1990) | 12 | In order for act of state doctrine to apply, defendant must show that activities were taken on behalf of state and were not private acts taken on behalf of actor himself. | In order for the act of state doctrine to apply, the defendant must establish that his activities are "acts of state," i.e., that they were taken on behalf of the state and not, as private acts, on behalf of the actor himself. | "In order for act of state doctrine to apply, must a defendant show that activities were taken on behalf of state and were not private acts taken on behalf of actor himself?" |

| | | | | | |
|---|---|---|---|---|---|
| 5833 | Davis v. Quality Pest Control, 641 S.W.2d 324, 328 (Tex. App.--Hous. [14th Dist.] 1982) | 3 | Test for determining whether pleading gives adequate notice is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain nature and basic issues of controversy and testimony probably relevant. | This has been characterized by McDonald as a thoroughly practical test: "Does the pleading give adequate notice?" 2 R. McDonald, Texas Civil Practice § 5.05 (rev. 1982). The test is whether "an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant," Rodriguez v. Yenawine, supra; see also, Eagle Trucking Company v. Texas Bitulithic Company, 590 S.W.2d 200 (Tex.Civ.App.—Tyler 1979), aff'd in part and rev'd in part on other grounds, 612 S.W.2d 503 (Tex.1981); 2 R. McDonald, Texas Civil Practice § 5.05 (rev. 1982). | What is the test for determining whether a pleading gives adequate notice? |
| 5834 | Lloyd's, U.S. Corp. v. Landis, 777 S.W.2d 470, 473 (Tex. App. 1989) | 2 | Where there is question of whether pleadings state cause of action, court will look to intentions of pleader and uphold pleadings and judgment rendered thereon even if some element of cause of action has not been alleged specifically. | Where there is a question of whether a cause of action has been stated, the court will look to the intentions of the pleader and uphold the pleadings and the judgment rendered thereon even if some element of a cause of action has not been alleged specifically. | What will the courts look to when there is a question as to whether a cause of action has been stated? |
| 5836 | Alberswerth v. Alberswerth, 184 S.W.3d 81, 100 (Mo. Ct. App. 2006) | 26 | Trial court is not bound by its in limine ruling and may admit the evidence when offered at trial; thus, an order sustaining a motion in limine and excluding evidence is an interlocutory order and is subject to change by the trial court during the course of the trial, and the trial court is free to alter its pretrial ruling and admit the evidence. | "The trial court is not bound by its in limine ruling and may admit the evidence when offered at trial." Id. Thus, an order sustaining a motion in limine and excluding evidence is an interlocutory order and is subject to change by the trial court during the course of the trial; the trial court is free to alter its pretrial ruling and admit the evidence. | Is an in limine ruling a preliminary expression of the court's opinion regarding the admissibility of the evidence? |
| 5837 | Greene v. State, 515 N.E.2d 1376, 1380 (Ind. 1987) | 7 | Motion in limine is not final ruling on admissibility of evidence; rather, it serves to prevent display of prejudicial material to jury until trial court has opportunity to make evidentiary ruling within trial court, and thus while final evidentiary ruling is appealable, ruling on motion in limine preserves nothing for appeal. | A motion in limine is not a final ruling on the admissibility of evidence. It serves to prevent the display of prejudicial material to the jury until the trial court has the opportunity to make an evidentiary ruling within the trial context. While the final evidentiary ruling is appealable, a ruling on a motion in limine preserves nothing for appeal. | Is a ruling on a motion in limine considered a final order? |

| 5838 | Frasca v. Warner, 57 Cal. Rptr. 683, 686 (Cal. App. 2d Dist. 1967) | 1 | While pre-trial order should measure dimensions of lawsuit and govern its course in absence of some good reason for departure, this does not mean that order should not be liberally construed to embrace all legal and factual theories inherent in issues defined therein. | In Century Refining the court stated: 'But, while the pre-trial order should measure the dimensions of a lawsuit and govern its course in the absence of some good reason for departure, this does not mean that the order should not be liberally construed to embrace all of the legal and factual theories inherent in the issues defined therein. | Do pretrial orders help govern the course of litigation? |
|---|---|---|---|---|---|
| 5840 | Employers Mut. Liab. Ins. Co. of Wis. v. Melcher, 378 Pa. 598, 601, 107 A.2d 874, 875–76 (1954 | 1 | Doctrine of subrogation is based on considerations of equity and good conscience to promote justice, and is granted as a means of placing ultimate burden of debt upon person who should bear it, and it is not matter of contract nor of privity, but may be invoked in favor of persons who are legally obligated to make good a loss caused by negligent or tortious act of another. | The doctrine of subrogation is based on 'considerations of equity and good conscience * * * to promote justice * * * (and) is granted as a means of placing the ultimate burden of the debt upon the person who should bear it.' It is not a matter of contract nor of privity. It 'may be invoked in favor of persons who are legally obligated to make good a loss caused by the negligent or tortious act of another. | "Since subrogation rights arise by contract or by operation of law, are those rights subject to good conscience?" |
| 5841 | Sheridan v. Dudden Implement, 174 Neb. 578, 581 (1962) | 1 | On discharging obligation of principal, surety is generally subrogated to rights of creditor or obligee and becomes entitled to security and remedies which creditor has for enforcing payment against principal or others who are liable for debt. | On discharging the obligation of the principal, the surety is generally subrogated to the rights of the creditor or obligee and becomes entitled to the securities and the means or remedies which the creditor has for enforcing payment against the principal or others who **67 are liable for the debt. | "Upon payment of obligation of principal, is a surety subrogated to rights of a creditor against the principal?" |
| 5844 | Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 371, 672 A.2d 939, 944 (1996) | 4 | "Conventional subrogation" occurs where one having no interest or any relation to matter pays debt of another, and by agreement is entitled to rights and securities of creditor so paid; it can take effect only by agreement and has been said to be synonymous with assignment. | "Conventional subrogation can take effect only by agreement and has been said to be synonymous with assignment. It occurs where one having no interest or any relation to the matter pays the debt of another, and by agreement is entitled to the rights and securities of the creditor so paid." | Is conventional subrogation synonymous with assignment? |
| 5847 | Am. Online v. IMS, 24 F. Supp. 2d 548, 550 (E.D. Va. 1998) | 3 | "Trespass to chattels" occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization. Restatement (Second) of Torts § 217(b). | A trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization. See RESTATEMENT (SECOND) OF TORTS  217(b). | Is intermeddling with personal property in rightful possession of another without authorization a trespass to chattels? |

| 5849 | United States v. McDonnell, 792 F.3d 478, 514 (4th Cir. 2015) | 50 | Bribery occurs only if the gift given to a public official is coupled with a particular criminal intent; that intent is not supplied merely by fact that the gift was motivated by some generalized hope or expectation of ultimate benefit on part of thedonor, and the bribe payor must have more than a vague expectation that the public official will reward his kindness, somehow or other. | "It is universally recognized that bribery occurs only if the gift is coupled with a particular criminal intent. That intent is not supplied merely by the fact that the gift was motivated by some generalized hope or expectation of ultimate benefit on the part of the donor." United States v. Arthur, 544 F.2d 730, 734 (4th Cir.1976) (citations omitted) (reversing a conviction for misapplication of bank funds pursuant to 18 U.S.C. 656). The bribe payor must have more than a " '[v]ague expectation[ ] ' " that the public official will reward his kindness, somehow or other. | Does bribery occur if a gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment? |
| 5850 | J.C. v. State Dep't of Human Res., 986 So. 2d 1172, 1190 (Ala. Civ. App. 2007) | 8 | Where a statute is reenacted without material change, it must be assumed that the legislature was familiar with its interpretation by the Supreme Court and was satisfied therewith. | [W]here a statute is reenacted without material change, "it must be assumed that the Legislature was familiar with its interpretation by [the supreme] court and was satisfied therewith." | "When a statute is reenacted without material changes, is it assumed that the legislature was familiar with its interpretation by the Supreme Court?" |
| 5851 | Bishop v. Reno, 210 F.3d 1295, 1300 (11th Cir. 2000) | 6 | Sovereign nation has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction. | Nevertheless, "[a] sovereign nation has exclusive jurisdiction to punish offenses against its laws committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction." | Does a sovereign nation have exclusive jurisdiction to punish offenses against its laws committed within its borders? |
| 5853 | Langhans v. Hale, 345 So. 2d 1226, 1229 (La. Ct. App. 1977) | 3 | In addition to those affirmative defenses specifically listed in statute, an affirmative defense can be any response by defendant which raises new matter which, assuming the allegations of the petition to be true, constitutes a defense to the action which will have the effect of defeating plaintiff's suit on the merits. LSA-C.C.P. art. 1005. | In addition to those specifically listed in that article, an affirmative defense can be any response by defendant which raises new matter which, assuming the allegations of the petition to be true, constitutes a defense to the action which will have the effect of defeating plaintiff's suit on the merits. | Does an affirmative defense constitute a defense to the action? |
| 5854 | State v. Metz, 671 N.Y.S.2d 79, 83 (N.Y. App. Div. 1st Dept. 1998) | 2 | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | Generally, the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Its purpose is to prevent the introduction of such evidence to the trier of fact, in most instances a jury. | Does a motion in limine challenge evidence which is claimed to be immaterial or request a limitation on the use of such evidence? |

| 5855 | Hughes v. State, 154 Neb. 86, 86 (1951) | 1 | No force on part of the defendant, or resistance on the part of the female, was essential to constitute crime of assault with intent to commit rape, where it was alleged and proved that female was under the statutory age of consent and that defendant was at least 18 years old. R.R.S.1943, S 28-408. | No force on the part of the defendant, or resistance on the part of the female, is essential to constitute the crime of rape, or of an assault with intent to commit that offense, when it is alleged and proved that the female is under the statutory age of consent and the defendant is at least 18 years old. | Is force and resistance essential to constitute rape? |
| --- | --- | --- | --- | --- | --- |
| 5859 | In re Weinberger's Estate, 203 Neb. 674, 674 (1979) | 2 | Cause of action in contract accrues at time of breach or failure to do thing agreed to, irrespective of any knowledge on part of plaintiff or of any actual injury occasioned him, but not until then. | A cause of action in contract accrues at the time of the breach or failure to do the thing agreed to irrespective of any knowledge on the part of the plaintiff of any actual injury occasioned him, but not until then. | Does cause of action in contract accrue at a time of breach or failure to do thing agreed to? |
| 5860 | Estate of Riedel by Mirick v. Life Care Ret. Communities, 505 N.W.2d 78, 81 (Minn. Ct. App. 1993) | 2 | Generally, cause of action accrues when party may bring suit without dismissal for failure to state claim. | Generally, a cause of action accrues when a party may bring suit without dismissal for failure to state a claim. | Does cause of action accrue when party may bring suit without dismissal for failure to state claim? |
| 5862 | Lang v. Shell Petroleum Corp., 141 S.W.2d 667, 671 (Tex. Civ. App. 1939) | 6 | In determining whether a plaintiff is barred by "laches," it is important to consider the nature of the right asserted, the character of the relief sought, and the nature of the proceedings resorted to. | In determining whether plaintiff is barred by laches, it is important to consider the nature of the right asserted, and the character of the relief sought, and, as has been said, the nature of the proceedings resorted to. | "In determining whether a plaintiff is barred by laches, is it important to consider the nature of the right asserted?" |
| 5863 | Moore v. Ferrellgas, 533 F. Supp. 2d 740, 745 (W.D. Mich. 2008) | 6 | Only generally applicable state-law contract defenses such as fraud, forgery, duress, mistake, lack of consideration or mutual obligation, and unconscionability are available to plaintiff seeking to invalidate arbitration agreement. 9 U.S.C.A. S 2. | Thus, generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements. | Can lack of consideration invalidate an arbitration agreement? |
| 5864 | Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601, 603 (S.D.N.Y. 1995) | 2 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Lender liability is predicated on an unmistakable showing that the subservient corporation in reality has no separate, independent existence of its own and was being used to further the purposes of the dominant corporation. | "Is lender liability predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own?" |
| 5865 | Plummer v. Univ. of Houston, 860 F.3d 767, 777 (5th Cir. 2017) | 1 | It is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking in wisdom or compassion. | As we noted at the outset, the Supreme Court has admonished that "[i]t is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking in wisdom or compassion." | Is it the role of the federal courts to set aside decisions of school administrators which it views as lacking in wisdom or compassion? |

| 5866 | Cunningham v. Lenape Reg'l High Dist. Bd. of Educ., 492 F. Supp. 2d 439, 450 (D.N.J. 2007) | 19 | In the educational context, courts, especially federal ones, are not the appropriate forum for resolving daily conflicts arising from the operation of school systems. | In the educational context, courts-especially federal ones -are not the appropriate forum for resolving daily conflicts arising from the operation of school systems. | "In the educational context, are federal courts the appropriate forum for resolving daily conflicts arising from the operation of school systems?" |
|---|---|---|---|---|---|
| 5867 | Kehoe v. Brunswick City Sch. Dist. Bd. of Educ., 24 Ohio App. 3d 51, 52 (1983) | 1 | Individual who held required provisional teaching certificates and whose duties included instructing handicapped students fit clearly within statutory definition of teacher. R.C. S 3319.09(A). | Kehoe holds the required provisional teaching certificates. Her duties include instructing handicapped students. Thus, she clearly fits within the statutory definition of a teacher. | Does an individual who holds the required provisional teaching certificates fit within the statutory definition of teacher? |
| 5868 | Escambia River Elec. Co-op. v. Florida Pub. Serv. Comm'n, 421 So. 2d 1384, 1384-85 (Fla. 1982) | 1 | When no factual or equitable distinction exists in favor of either utility, territorial dispute is properly resolved in favor of privately owned utility. | when no "factual or equitable distinction exists in favor of either utility ... the territorial dispute is properly resolved in favor of the privately owned utility." | Is a territorial dispute between two utilities resolved in favor of a privately owned utility when no factual or equitable distinction exists in favor of either utility? |
| 5870 | Kansas City Downtown Minority Dev. Corp. v. Corrigan Assocs. Ltd. P'ship, 868 S.W.2d 210, 223 (Mo. Ct. App. 1994) | 14 | Party seeking subrogation must prove by clear and convincing evidence that equity requires another party to bear loss. | A party seeking subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should the party seeking subrogation prove by clear and convincing evidence that equity requires another party to bear loss? |
| 5871 | Christy Hill Builders v. Hall, 184 Conn. 575, 577, 439 A.2d 1065, 1066 (1981) | 1 | Where legal relief is sought relative to doing of any act, action stands or falls by facts and governing law existing at time of bringing suit. | When legal relief is sought relative to the doing of any act, the action stands or falls by the facts and governing law existing at the time of bringing suit. | Does an action stand or fall by facts and governing law existing at time of bringing suit? |
| 5876 | Dallavalle v. Berry Grant Co., 462 S.W.2d 175, 178 (Mo. App. 1970) | 3 | Test to determine whether voluntary dismissal of appeal without prejudice should be permitted is to inquire whether by so dismissing party would gain some undue advantage or would cause other party to lose some right of defense. Section 506.010 RSMo 1969, V.A.M.S.; V.A.M.R. Civil Rules 41.01, 41.02, 67.01. | In McClellan, supra, it was held that while the right to a voluntary dismissal without prejudice is not absolute, the right to so dismiss has been well established and recognized throughout all of our procedure. The test to determine whether such a dismissal should be permitted is to inquire whether by so dismissing a party would gain some undue advantage or would cause the other party to lose some right of defense. | Is the test for determining the propriety of a voluntary dismissal whether or not the party opposing the dismissal would be substantially prejudiced by the dismissal? |
| 5878 | Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274, 285 (Minn. 2010) | 14 | A party seeking equitable subrogation has the burden of establishing that equities weigh in the party's favor, which also requires that no injury to innocent third parties will result if subrogation is applied; there is no injury to a party if the party's position remains unchanged or the party received that for which the party bargained. | In Minnesota, a party seeking equitable subrogation has the burden of establishing that equities weigh in the party's favor, which also requires that no injury to innocent third parties will result if subrogation is applied. See Peterson, 261 N.W.2d at 348. There is no injury to a party if the party's position remains unchanged or the party received that for which the party bargained. | Does a party seeking equitable subrogation have the burden of establishing that equities weigh in the party's favor? |

| 5881 | Great W. Bank v. Terio, 606 N.Y.S.2d 903, 904 (N.Y. App. Div. 2d Dept. 1994) | 2 | Application for voluntary discontinuance should be granted absent special circumstances such as particular prejudice to defendant or other improper consequences. McKinney's CPLR 3217(b). | In the absence of special circumstances, such as particular prejudice to the defendant or other improper consequences, an application for a voluntary discontinuance should be granted (see, CPLR 3217[b]; Tucker v. Tucker, supra; Matter of Commissioner of Franklin County Dept. of Social Servs. [Carla L.] v. Terry "M.", 178 A.D.2d 881, 577 N.Y.S.2d 735; State of New York v. Hubbard, 126 A.D.2d 717, 718, 511 N.Y.S.2d 314; County of Westchester v. Becket Assoc., 102 A.D.2d 34, 49, 478 N.Y.S.2d 305, aff'd, 66 N.Y.2d 642, 495 N.Y.S.2d 364, 485 N.E.2d 1029). | Should an application for voluntary discontinuance be granted absent special circumstances such as a particular prejudice to a defendant or other improper consequences? |
| 5882 | Burnham Serv. Corp. v. Natl. Council on Compen. Ins., Inc., 732 N.Y.S.2d 223, 224–25 (N.Y. App. Div. 1st Dept. 2001) | 1 | While determination upon motion for voluntary discontinuance is generally within sound discretion of the court, party ordinarily cannot be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, discontinuance should be granted. McKinney's CPLR 3217(b). | CPLR 3217(b) authorizes a court to grant a motion for voluntary discontinuance "upon terms and conditions, as the court deems proper." While the determination upon such an application is generally within the sound discretion of the court (see, Tucker v. Tucker, 55 N.Y.2d 378, 383, 449 N.Y.S.2d 683, 434 N.E.2d 1050), a party cannot be compelled to litigate and, absent special circumstances, such as prejudice to adverse parties, a discontinuance should be granted (see, Tucker v. Tucker, supra, at 383, 449 N.Y.S.2d 683, 434 N.E.2d 1050; Christenson v. Gutman, 249 A.D.2d 805, 806, 671 N.Y.S.2d 835). | Should an application for voluntary discontinuance be granted absent special circumstances such as a particular prejudice to a defendant or other improper consequences? |
| 5883 | Jindra v. Diederich Flooring, 181 Wis. 2d 579, 599, 511 N.W.2d 855, 861 (1994) | 4 | Party seeking to impose subrogation upon another party has burden of showing both that there would be some basis for asserting subrogation in that instance, and that subrogation must be applied in equity in those circumstances. (Per Day, J., with two Justices concurring and two Justices concurring in result.) | The same rule and burden of proof apply when a party seeks to impose subrogation. The party seeking to impose subrogation has the burden of proving (a) that there would be some basis for asserting subrogation in that instance, and, (b) that subrogation must be applied in equity in those circumstances. | Should a party seeking to impose subrogation upon another party have burden of showing both that there was a basis for asserting subrogation in that instance? |
| 5885 | DeLong v. Hampton Envelope Co., 149 S.W.3d 549, 556 (Mo. Ct. App. 2004) | 12 | Workers' compensation serves a dual role in that it provides employees with treatment for work-related injuries and protects employers from multiple lawsuits by employees and imposes monetary restrictions on awards. | Worker's compensation serves a dual role in that it provides employees with treatment for work-related injuries and protects employers from multiple lawsuits by employees and imposes monetary restrictions on awards. | Does workers' compensation provide employees with treatment for work-related injuries? |

| 5886 | First Nat. Bank of Lafayette v. Gaddis, 250 So. 2d 504, 510 (La. Ct. App. 1971) | 10 | Promissory note payable to bearer and secured by mortgage may be transferred by mere delivery and authentic evidence of endorsement or transfer of note is not necessary to enable holder to foreclose by executory process. LSA-R.S. 7:9, 7:30; LSA-C.C.P. art. 2635. | Our law is settled that a promissory note payable to bearer and secured by a mortgage, may be transferred by mere delivery, and authentic evidence of the endorsement or transfer of the note is not necessary to enable the holder to foreclose by executory process. | Is a promissory note payable to bearer and secured by a mortgage transferrable? |
|---|---|---|---|---|---|
| 5888 | Banking Comm'n v. Townsend, 243 Wis. 329, 331, 10 N.W.2d 110, 111 (1943) | 3 | Marginal notations placed on a note at the time of the execution thereof with the intention of making them a part of the contract constitute a part of the contract and must be construed with the body of the instrument to arrive at the true intention of the parties. | It is a rule of general application that marginal notations placed on a bill or a note at the time of the execution thereof with the intention of making them a part of the contract, constitute a part of the contract and must be construed with the body of the instrument to arrive at the true agreement existing between the parties. | Are marginal notations on a note construed with the body of the instrument? |
| 5889 | Barlow & Haun v. United States, 118 Fed. Cl. 597, 616 (2014) | 17 | A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. U.S.C.A. Const. Amend 5. | "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." | "Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, is the claim ripe for review?" |
| 5890 | Koll v. Stanton-Pilger Drainage Dist., 207 Neb. 425, 426 (1980) | 2 | Right of plaintiff to dismiss action without prejudice at any time before final submission is statutory right and not a matter of judicial grace or discretion. Neb.Rev.St. S 25-601. | It is well settled in Nebraska that a plaintiff may dismiss his action without prejudice as a matter of right at any time before final submission. It is a statutory right and not a matter of judicial grace or discretion. | Is the right of a plaintiff to dismiss an action without prejudice as a matter of right at any time before final submission a statutory right? |
| 5892 | Sutherland v. Shoemaker, 6 Neb. App. 157, 160 (1997) | 2 | Plaintiff may dismiss his action without prejudice as matter of right at any time before final submission; it is a statutory right and not a matter of judicial grace or discretion. Neb.Rev.St. S 25-601. | Additionally, "[i]t is well settled in Nebraska that a plaintiff may dismiss his action without prejudice as a matter of right at any time before final submission. It is a statutory right and not a matter of judicial grace or discretion." | Can a plaintiff dismiss his action without prejudice as a matter of right at any time before final submission? |
| 5894 | Washington Fruit & Produce Co. v. City of Yakima, 100 P.2d 8, 12 (Wash. 1940) | 3 | Where a city undertakes to supply a public need, and to that end purchases the necessary service from a utility, the city is regarded as merely authorizing the use of the streets as an incident to the delivery of service to itself, and not as granting the utility a "franchise" to use the streets for general business purposes. | When, however, a city undertakes, as in this instance, to supply a public need, and to that end purchases the necessary service from the utility, the city is to be regarded as merely authorizing the use of the streets as an incident to the delivery of service to itself, and not as granting a franchise to use the streets for general business purposes. | What is a franchise of a public utility? |

| 5895 | Vine St. Com. Partn. v. City of Marysville, 989 P.2d 1238, 1242 (Wash. App. Div. 1 1999) | 6 | Property owners who petition for the formation of a utility local improvement district (ULID), whose properties are then assessed for the special benefits thereby accruing, and who subsequently pay their assessments in full, are entitled to receive the special benefits for which they have paid. | We conclude that property owners who petition for the formation of a ULID, whose properties are then assessed for the special benefits thereby accruing, and who subsequently pay their assessments in full, are entitled to receive the special benefits for which they have paid. | "Can property owners, after paying the assessments on their properties providing special benefits, obtain a right to receive the special benefits for which they have paid?" |
|---|---|---|---|---|---|
| 5896 | Gore v. Alltel Commc'ns, 666 F.3d 1027, 1036 (7th Cir. 2012) | 18 | Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause; were the rule otherwise, a party could frustrate any agreement to arbitrate simply by the manner in which it framed its claims. | As we have made clear in the past, "Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause. Were the rule otherwise, a party could frustrate any agreement to arbitrate simply by the manner in which it framed its claims." | Does the arbitrability of a claim depend upon the characterization of the claim? |
| 5897 | Addison v. Reece, 263 Ga. 631, 633, 436 S.E.2d 663, 665 (1993) | 3 | Trial court has broad discretion in addressing issue of untimely submitted, proposed pretrial order. Uniform Superior Court Rule 7.1. | Under Uniform Superior Court Rule 7.1, however, the trial court has broad discretion in addressing the issue of an untimely submitted proposed pre- trial order. | Does the trial court have broad discretion in addressing the issue of an untimely submitted proposed pretrial order? |
| 5898 | Universal Underwriters Ins. Co. v. Super. Ct. for Los Angeles Cnty., 58 Cal. Rptr. 870, 874 (Cal. App. 2d Dist. 1967) | 8 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues to be litigated, and to determine how trial may proceed most expeditiously; and another purpose is to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal. Rules of Court, rules 210, 216; West's Ann.Code Civ.Proc. SS 473, 2030. | As the court said in Pulse v. Hill, 217 Cal.App.2d 301, 304, 31 Cal.Rptr. 765, 767, 'The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case.' | What are the principal purposes of pretrial? |
| 5899 | Whitaker v. Beasley, 136 S.E.2d 127, 128 (N.C. 1964) | 1 | Purpose of pre-trial conference is to consider specifics mentioned in the statute, e.g., motions to amend pleadings, issues, reference, admissions, judicial notice, and other matters which may aid in disposition of the cause. G.S. S 1-169.1. | A pre-trial conference under G.S. s 1-169.1 is just what the name implies. Its purpose is to consider specifics mentioned in the statute; among them, motions to amend pleadings, issues, reference, admissions, judicial notice, and other matters which may aid in the disposition of the cause. | What is the purpose of pre-trial conference? |

| 5902 | Rumph v. State, 248 So. 2d 526, 529 (Fla. Dist. Ct. App. 1971) | 1 | When a person is charged with breaking and entering with intent to commit grand larceny, and essential element of that offense is his intent at time of his breaking and entering to commit grand larceny, that is, to steal property of the value of $100 or more, which element must be proven at the trial; while, in absence of other evidence or circumstances the best evidence of his intent is what he did steal, nevertheless, his intent may be proven by such other evidence or circumstances. | When a person is charged with breaking and entering with intent to commit grand larceny, an essential element of that offense is his intent at the time of his breaking and entering to commit grand larceny (that is, to steal property of the value of $100 or more), which element must be proven at the trial. While, in the absence of 'other evidence or circumstances,' the best evidence of his intent is what he did steal, nevertheless, his said intent may be proven by such other evidence or circumstances. | How can breaking and entering with intent to commit larceny be proven? |
| 5903 | Baldwin v. Klanke, 877 S.W.2d 879, 881 (Tex. App.--Hous. [1st Dist.] 1994) | 1 | Granting of nonsuit is merely ministerial; plaintiff's right to nonsuit of its own action exists at moment motion is filed or oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | The granting of a non-suit is merely ministerial; a plaintiff's right to a non-suit of its own action exists at the moment a motion is filed or an oral motion is made in open court. | Is granting of nonsuit merely ministerial and a plaintiff's right to nonsuit of its own action exists at the moment the motion is filed? |
| 5904 | Knightstown Banner v. Town of Knightstown, 882 N.E.2d 270, 274 (Ind. Ct. App. 2008) | 3 | Voluntary dismissals should generally be allowed unless the defendant will suffer legal prejudice, other than the mere prospect of a second lawsuit. Trial Procedure Rule 41(A)(2). | "Generally, dismissals should be allowed unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit." | "Should voluntary dismissals generally be allowed unless the defendant will suffer legal prejudice, other than the mere prospect of a second lawsuit?" |
| 5906 | All Weather Storm Windows v. Zahn, 112 A.2d 496, 497 (D.C. 1955) | 1 | Pretrial procedure contemplates that a fair disclosure shall be made at pretrial conference in order to remove cases from realm of surprise, and, generally, a party is bound by pretrial stipulations, but rigid adherence to pretrial order should not always be exacted. | Pre-trial procedure contemplates that a fair disclosure shall be made at pre-trial conference in order to remove cases from the realm of surprise, 1 and generally a party is bound by pre- trial stipulations. 2 However , rigid adherence to the pre-trial order should not always be exacted. | Does the rule governing pretrial order contemplate or require rigid adherence to the pretrial order? |
| 5907 | Helman v. Mendelson, 138 Md. App. 29, 47 (2001) | 8 | Good faith compliance with scheduling orders is important to the administration of the judicial system and providing all litigants with fair and timely resolution of court disputes. | On the other hand, good faith compliance with scheduling orders is important to the administration of the judicial system and providing all litigants with fair and timely resolution of court disputes. | Is good faith compliance with scheduling orders important to the administration of the judicial system? |
| 5909 | Baumann v. Snider, 243 Ga. App. 526, 528–29, 532 S.E.2d 468, 473 (2000) | 15 | Failure of a party to raise an issue in the pretrial order is not controlling where evidence is introduced on the issue without objection, the opposing party is not surprised, and the issue is litigated; in this instance, the pretrial order is deemed modified to conform to the evidence that is admitted. O.C.G.A. S 9-11-16(b). | Failure of a party to raise an issue in the pretrial order is not controlling where evidence is introduced on the *529 issue without objection, the opposing party is not surprised, and the issue is litigated. 15 Rather, the pretrial order is deemed modified to conform to the evidence that is admitted. 16 12 OCGA  9-11-16(b). | Is a failure of a party to raise an issue in the pretrial order controlling where evidence is introduced on the issue without objection? |

| 5910 | DiBiase v. Universal Design & Builders, 473 A.2d 875, 877 (Me. 1984) | 1 | Rule that when issues not raised by pleadings are tried by implied consent of parties, they shall be treated in all respects as if they had been raised in pleadings generally obtains even when the issue is omitted from pretrial order. Rules Civ.Proc., Rules 15(b), 16(a)(3)(H). | 15(b) provides that "[w]hen issues not raised by the pleadings are tried by ... implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." This rule generally obtains even where the issue is omitted from a pre-trial order. | "When issues not raised by pleadings are tried by implied consent of parties, will they be treated in all respects as if they had been raised in the pleadings?" |
| 5911 | Zavoral v. P. Intermountain Exp., 146 N.W.2d 796, 799 (Neb. 1966) | 2 | Generally, the effect of a pretrial order is to control subsequent course of the action, and unless order is modified at trial to prevent manifest injustice, court may exclude evidence on issues not stated in pretrial order, and such issues need not be submitted to jury. | Generally, the effect of a pretrial order is to control the subsequent course of the action, and unless the order is modified at the trial to prevent a manifest injustice, the court may exclude evidenc on issues not stated in the pretrial order, and such issues need not be submitted to the jury. | What is the effect of a pretrial order? |
| 5912 | Highlands Underwriters Ins. Co. v. Foley, 96-1018 (La. App. 1 Cir. 3/27/97), 691 So. 2d 1336, 1339 | 2 | Orderly disposition of each case and avoidance of surprise are inherent in theory of pretrial procedure and are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action. | An orderly disposition of each case and avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing a trial judge to require adherence to pre-trial order in conduct of an action. | Is orderly disposition of each case inherent in a theory of pretrial procedure? |
| 5914 | Gunby v. Yates, 214 Ga. 17, 19 (1958) | 2 | Generally, a fee prescribed for a public officer is not a "tax" but compensation for particular services, unless object and purpose of charge is to provide general revenue rather than compensation for services rendered. | As a general rule, fees prescribed for public officers are not taxes but **551 compensation for particular services, unless the object and purpose of the charge is to provide general revenue rather than compensation for services rendered. | Is charge a tax if the object and purpose of such charge is to provide compensation for services rendered? |
| 5915 | In re George, 361 F.3d 1157, 1160 (9th Cir. 2004) | 4 | "Tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, as distinguished from a "penalty," which is an exaction imposed by statute as punishment for an unlawful act. | "[A] tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the Government," as distinguished from a penalty, which is "an exaction imposed by statute as punishment for an unlawful act." | Is penalty an exaction imposed by statute as punishment for an unlawful act? |
| 5916 | Jones v. Herbert Equities, 60 N.Y.S.2d 88, 89 (N.Y. App. Term. 1946) | 2 | Where facts clearly bring case within Workmen's Compensation Law, the employer as well as employee is entitled to the benefits of the law. Workmen's Compensation Law, S 1 et seq. | It is recognized that where the facts clearly bring the case within the purview of the Workmen's Compensation Law, the employer as well as the employee is entitled to the benefit of the statute. | Are the employer and employee entitled to the benefits of the workmens compensation laws where the facts clearly bring the case within it? |
| 5918 | Thomas v. United States, 122 Fed. Cl. 53, 68 (2015) | 9 | Plaintiff bears the burden of overcoming the strong, but rebuttable, presumption that the military discharges its duties correctly, lawfully, and in good faith. | The plaintiff bears the burden of overcoming the ' 'strong, but rebuttable, presumption' that the military discharges its duties 'correctly, lawfully, and in good faith.' " | "Who bears the burden of overcoming the presumption that the military discharges its duties correctly, lawfully, and in good faith?" |

| 5921 | Grand Valley Ridge, LLC v. Metro. Nat. Bank, 2012 Ark. 121, 12, 388 S.W.3d 24, 32 (2012) | 6 | In cases where a party is relegated to having to prove his claim by documents, papers, and letters kept by the opposing party, the scope of discovery with respect to such materials should be broad. | In cases where the appellant is relegated to having to prove his claim by documents, papers, and letters kept by the appellee, the scope of discovery should be broader. | "In cases where a party is relegated to having to prove his claim by documents, papers, and letters kept by the opposing party, should the scope of discovery with respect to such materials be broad?" |
|---|---|---|---|---|---|
| 5922 | Brown v. Super. Ct. In and For Butte Cnty., 32 Cal. Rptr. 527, 534 (Cal. App. 3d Dist. 1963) | 8 | Means by which plaintiff may share defendant's knowledge of case are by taking his deposition, by requests for admissions and by interrogatories, and documents in defendant's possession may be inspected. West's Ann.Code Civ.Proc. SS 1881, subd. 2, 2016-2034, 2036. | The means by which plaintiff may share defendant's knowledge of the case is by taking his deposition by requests for admissions and by interrogatories. Documents in defendant's possession may be inspected. | What are the means by which plaintiff may share defendant's knowledge of case and documents in defendant's possession be inspected? |
| 5926 | K. King & G. Shuler Corp. v. King, 66 Cal. Rptr. 330, 337 (Cal. App. 2d Dist. 1968) | 6 | Issues set forth in pre-trial conference order supersede those raised by pleadings and control subsequent course of trial. | Issues set forth in a pretrial conference order supersede those raised by the pleadings and control the subsequent course of trial. | Do issues set forth in pre-trial conference order supersede those raised by pleadings and control subsequent course of trial? |
| 5927 | 2nd Roc-Jersey Associates v. Town of Morristown, 158 N.J. 581, 592 (N.J. 1999) | 4 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | Traditionally, the differences between an assessment and a tax include: an assessment supports local improvements, while a tax finances general operations; an assessment is a one-time charge, while a tax is annual; and an assessment requires that the benefit be direct, while a tax requires no such direct benefit. | "Does assessment support local improvements, while tax finances general operations?" |
| 5928 | Beattie v. E. China Charter Twp., 157 Mich. App. 27, 33, 403 N.W.2d 490, 492–93 (1987) | 1 | Taxes levied or exemptions created under state's police powers do not fall within realm of property tax laws, and are thus not within jurisdiction of Tax Tribunal. M.C.L.A. S 205.731. | Taxes levied (or exemptions created) 2 , under the state's police powers do not fall within the realm of property tax **493 laws and are thus not within the jurisdiction of the Tax Tribunal: | "Are taxes levied or exemptions created under state's police powers, within the jurisdiction of a Tax Tribunal?" |
| 5929 | In re Olde Florida Investments, Ltd., 272 B.R. 779, 783 (M.D. Fla. 2001) | 5 | Under Florida law, a "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | In Klemm, the Florida Supreme Court stated: A "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | Is tax imposed to execute various functions a sovereign is called on to perform? |

| 5933 | United States v. Allen, 10 F.3d 405, 411 (7th Cir. 1993) | 1 | Extortion under color of official right and bribery are really different sides of the same coin; extortion under color of official right equals the knowing receipt of bribes and it is extortion if the official knows that the bribe is motivated by a hope that it will influence him in the exercise of his office and if, knowing that, he accepts the bribe. | As the law has evolved, extortion "under color of official right" and bribery are really different sides of the same coin. "Extortion 'under color of official right' equals the knowing receipt of bribes…. [I]t is extortion if the official knows that the bribe … is motivated by a hope that it will influence him in the exercise of his office and if, knowing this, he accepts the bribe. | How does extortion under color of official right and bribery differ? |
| 5935 | United States v. Jefferson, 674 F.3d 332, 358 (4th Cir. 2012) | 4 | Federal bribery statute requires proof of a quid pro quo, i.e., an intent on the part of the public official to perform acts on his payor's behalf. 18 U.S.C.A. S 201. | The bribery statute, however, requires proof of a quid pro quo, that is, an intent on the part of the public official to perform acts on his payor's behalf. | "For purpose of bribery, is quid pro quo established when a public official performs acts on his payor's behalf?" |
| 5936 | Martin v. Yeoham, Partnership, 419 S.W.2d 937, 951 (Mo. App. 1967) | 16 | Where one partner commits a willful and malicious tort not within scope of agency or common business of the partnership, to which other members have not consented and which has not been ratified, they are not liable for harm caused thereby. | The same authority further states, 'Accordingly, where one partner commits a willful and malicious tort not within the scope of the agency or the common business of the partnership, to which the other members have not consented, and which has not been ratified, they are not liable for harm thereby caused. | Will the partnership be liable for the willful tort of one partner? |
| 5937 | Livingston v. Stewart & Co., 194 Md. 155, 159 (1949) | 3 | A general characterization that an act or omission is negligent or a condition is unsafe is not usually a sufficient statement of supposed ground of liability. Code 1939, art. 75, SS 2, 28(36-38). | And 'the general characterization of an act or omission as negligent, or of a condition as unsafe is not usually a sufficient statement of the supposed ground of liability.' Phelps v. Howard County, 117 Md. 175, 177, 82 A. | "Is the general characterization of an act or omission as negligent, or of a condition as unsafe, a sufficient statement of the supposed ground of liability?" |
| 5938 | Peart v. Superior Court In & For Mohave Cty., 6 Ariz. App. 6, 8 (1967) | 3 | Although it is true that rules regarding pretrial conferences contemplate that order be reduced to writing and signed by judge, those matters which are set forth in minutes are binding as pretrial order notwithstanding lack of formality and strict compliance with all terms and provisions of pretrial conference rules. 16 A.R.S. Rules of Civil Procedure, rule 16; 17 A.R.S. Uniform Rules of Practice of the Superior Court, rule VI. | While it is true that the rule contemplates that the order be reduced to writing and signed by the Judge, we hold that those matters which are set forth in the minutes are binding as a pre-trial order notwithstanding the lack of formality and strict compliance with all of the terms and provisions of the two rules relating to pre-trial conferences. | "In absence of proper pretrial order, are minutes entered with respect to pretrial binding?" |

| 5939 | Laitenberger v. State, 57 N.Y.S.2d 418, 421 (Ct. Cl. 1945) | 2 | The right of inspection under section 296 contemplates production of books and papers, the examination of witnesses in connection with them to show that books contain relevant entries, and then inspection of such entries preparatory to offering them in evidence, as distinguished from right of inspection under section 324, which is a general right. Civil Practice Act, SS 296, 324. | The inspection under Section 296 apparently has been held to be a limited one, contemplating the production of books and papers, the examination of witnesses in connection with them to show that the books contain relevant entries, and then the inspection of such entries preparatory to offering them in evidence; while the inspection under Section 324 has been held to be a general one. Zeltner v. Fidelity & Deposit Co. | What is the difference between sections 296 and 324 of the Civil Practice Act? |
| --- | --- | --- | --- | --- | --- |
| 5941 | Butts ex rel. Iverson v. Evangelical Lutheran Good Samaritan Soc., 802 N.W.2d 839, 842 (Minn. Ct. App. 2011) | 4 | A voluntary dismissal that strips a defendant of a defense that would otherwise be available may be sufficiently prejudicial to justify denial. 48 M.S.A., Rules Civ.Proc., Rule 41.01(b). | Nevertheless, "a voluntary dismissal that strips a defendant of a defense that would otherwise be available may be sufficiently prejudicial to justify denial." Id. | Must a voluntary dismissal that strips a defendant of a defense that would otherwise be available be sufficiently prejudicial to justify denial? |
| 5942 | Milton Meyer & Co. v. Curro, 48 Cal. Rptr. 812, 814–15 (Cal. App. 1st Dist. 1966) | 5 | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. | 'It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. | Does a pre-trial conference order setting out issues supersede issues raised by pleadings and controls subsequent course of case? |
| 5943 | DeNardo v. Calista Corp., 111 P.3d 326, 332 (Alaska 2005) | 7 | A stipulation to dismiss claims with prejudice is sufficient for res judicata purposes; a stipulation to dismiss claims with prejudice is just as valid as a final judgment resulting from a trial on the merits, and is res judicata as to all issues that were raised or could have been determined under the pleadings. | [A] stipulation to dismiss claims with prejudice is sufficient for res judicata purposes: "[A] stipulation [to dismiss claims with prejudice] is just as valid as a final judgment resulting from a trial on the merits, and is res judicata as to all issues that were raised or could have been determined under the pleadings." | "Does a stipulated dismissal with prejudice, entered before trial, act as a final judgment just as if the parties had proceeded to trial?" |
| 5944 | Alvarado v. Hyundai Motor Co., 885 S.W.2d 167, 174 (Tex. App. 1994) | 8 | Nonsuit or dismissal is not adjudication of rights of parties but merely places them in position they were in as if suit had never been filed; moreover, once case is dismissed voluntarily, no further action may be had in that case, and any further action must be taken by instituting suit de novo unless trial court grants motion to reinstate. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | The nonsuit or dismissal is not an adjudication of the rights of the parties but merely places them in the position they were in as if suit had never been filed. Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 103 (Tex.1962) Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.App.-Houston [1st Dist.] 1989, orig. proceeding). Moreover, once the case is dismissed voluntarily, no further action may be had in that case, 9 and any further action must be taken by instituting a suit de novo unless the trial court grants a motion to reinstate. | "Once a case is dismissed voluntarily, can further action be in a case by instituting suit de novo?" |

| 5946 | Ramirez v. Noble Energy, 521 S.W.3d 851, 861 (Tex. App. 2017) | 15 | Ordinarily, the party seeking withdrawal of deemed admissions bears the burden of establishing the following requirements: that good cause exists for the withdrawal, that the withdrawal will not unduly prejudice the party relying upon the deemed admissions, and that withdrawal will serve the presentation of the merits. Tex. R. Civ. P. 198.3. | Ordinarily, the party seeking withdrawal of deemed admissions bears the burden of establishing the requirements of Rule 198.3: that good cause exists for the withdrawal, that the withdrawal will not unduly prejudice the party relying upon the deemed admissions, and that withdrawal will serve the presentation of the merits. TEX. R. CIV. P. 198.3; Boulet, 189 S.W.3d at 836 ("The party seeking withdrawal of deemed admissions has the burden to establish good cause."). | Is the burden on the party opposing withdrawal of an admission to satisfy the court that it would be prejudiced by the amendment? |
| 5947 | State ex rel. Pulliam v. Reine, 108 S.W.3d 148, 155 (Mo. Ct. App. 2003) | 7 | A plaintiff's voluntary dismissal of his or her cause is effective as of the date it is filed, and after a case is dismissed, the trial court may take no further action and any step attempted is viewed as a nullity. V.A.M.R. 67.02(a). | "[A] plaintiff's voluntary dismissal of his or her cause under Rule 67.02(a) is effective as of the date it is filed, and 'after a case is dismissed, the trial court may take no further action and any step attempted is viewed as a nullity.' " | Is a voluntary dismissal of a plaintiff's action effective on the date it is filed? |
| 5949 | Lewis v. Indus. Comm'n, 2 Ariz. App. 522, 526 (1966) | 6 | Industrial compensation is not based on good moral character of claimant but is founded on claim coming within scope of Workmen's Compensation Act. A.R.S. S 23-901 et seq. | Also, industrial compensation is not based on the good moral character of the claimant but is founded simply on an injury *121 **1312 that is within the scope of the Workers' Compensation statutes. | "Is industrial compensation based on the good moral character of a claimant, or is it founded on a claim coming within the scope of the Workmens Compensation Act?" |
| 5951 | Tidwell v. Bank of Tifton, 115 Ga. App. 555, 556, 155 S.E.2d 451, 452 (1967) | 2 | Drawer of check has right to stop payment of it at any time before it has been certified or paid by drawee but drawer remains liable unless he has defense which is good against holder. Code, S 109A-3-306. | While the drawer of a check has the right to stop payment of it at any time before it has been certified or paid by the drawee, the drawer remains liable, unless he has a defense which is good against the holder. | "Does a drawer remain liable upon stop payment of a check, unless he has a defense which is good against the holder?" |
| 5952 | Allred v. Hinkley, 8 Utah 2d 73, 77, 328 P.2d 726, 728–29 (1958) | 9 | An agent whose employment is restricted to purchases for cash supplied by principal has, absent appearance of broader authority, no authority to bind principal's credit. | The contention that an agent whose employment is restricted to purchases for cash supplied by the principal, absent the appearance of broader authority, has no authority to bind the principal's credit, though **729 not disputed, 2 has no application to this case. | "Does an agent whose employment is restricted to purchases for cash supplied by the principal, have authority to bind principal's credit?" |
| 5953 | Taylor v. Fred Clark Felt Co., 567 S.W.2d 863, 866 (Tex. Civ. App. 1978) | 4 | In order to show himself entitled to summary judgment in suit on a promissory note in which defendant has made a general denial, plaintiff must establish that he is the present legal owner or holder of the note sued upon. Rules of Civil Procedure, rule 166-A; V.T.C.A., Bus. & C. SS 1.201(20), 3.301. | In order to show himself entitled to summary judgment in a suit on a promissory note in which the defendant has made a general denial, the plaintiff must establish that he is the present legal owner or holder of the note sued upon. | What needs to be proved in order to obtain a summary judgment on a note? |

| 5954 | Barton v. Utah Transit Auth., 872 P.2d 1036, 1039 (Utah 1994) | 6 | Plaintiff who moves for voluntary dismissal receives just that which is sought: dismissal of his action and right to bring later suit on same cause of action, without adjudication of merits. Rules Civ.Proc., Rule 41(a). | Indeed, a plaintiff who moves for voluntary dismissal receives just that which is sought- "the dismissal of his action and the right to bring a later suit on the same cause of action, without adjudication of the merits." | "Is dismissal of a plaintiff's action and right to bring a later suit on a same cause of action, without adjudication of merits?" |
| 5955 | Sec. Nat. Tr. v. Kalmback, 613 So. 2d 664, 668 (La. Ct. App. 1993) | 3 | Even if matter is deemed to be admitted due to party's failure to answer, admission may later be withdrawn or amended. LSA-C.C.P. art. 1468. | However, even if a matter is deemed to be admitted due to a party's failure to answer, the admission may later be withdrawn or amended. LSA-C.C.P. Article 1468 provides: Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. | Even if a matter is deemed to be admitted due to party's failure to answer could an admission later be withdrawn or amended? |
| 5958 | Martin v. Texas Dep't of Family & Protective Servs., 176 S.W.3d 390, 393 (Tex. App. 2004) | 4 | A trial court retains jurisdiction for 30 days after signing a final order of nonsuit to rule on pending motions. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b(d). | Thus, a trial court retains jurisdiction for 30 days after signing a final order of nonsuit to rule on pending motions. See TEX.R. CIV. P. 329b(d); | Does a trial court retain jurisdiction for 30 days after signing a final order of nonsuit to rule on pending motions? |
| 5959 | Matelski v. Matelski, 840 S.W.2d 124, 128 (Tex. App. 1992) | 8 | Where plaintiff is not injured and trial is not delayed, even slight excuse for original failure to answer request for admissions will suffice. | It has been held that where the plaintiff is not injured and the trial not delayed, even a slight excuse for the original failure to answer a request for admissions will suffice | "When a plaintiff is not injured and trial not delayed, will even slight excuse for original failure to answer suffice to allow withdrawal of deemed admissions?" |
| 5960 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 2 | Court may grant motion to withdraw admissions when presentation of the merits will be subserved thereby and party obtaining admission fails to satisfy court that withdrawal will prejudice maintaining his action or defense on the merits. O.C.G.A. S 9-11-36(b). | 194, 288 S.E.2d 198 (1982) (adopted Cielock special concurrence), a court may grant a motion to withdraw admissions "(1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. | "For purposes of motion to withdraw admissions, does the party moving to withdraw have the burden of showing that presentation of the merits will be subserved by withdrawal?" |
| 5962 | Bryant v. Cty. Council of Lake Cty., 720 N.E.2d 1, 6 (Ind. Ct. App. 1999) | 9 | When a motion seeking the withdrawal of admissions has been made, trial court must consider (1) whether the presentation of the merits will be subserved by permitting withdrawal, and (2) whether the party who obtained the admission will be prejudiced by withdrawal. Trial Procedure Rule 36. | When a motion seeking the withdrawal of admissions has been made, the trial court must consider (1) whether the presentation of the merits will be subserved by permitting withdrawal, and 2) whether the party who obtained the admission will be prejudiced by withdrawal. | Does the party who has obtained withdrawal of the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal? |
| 5965 | Kohl v. United States, 226 F.2d 381, 384 (7th Cir. 1955) | 3 | Direct taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon happening of an event, such as an exchange or transmission of property. U.S.C.A. Const. art. 1, SS 2, 9. | Such taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon the happening of an event such as an exchange or transmission of property. | "Are indirect taxes levied upon happening of an event, such as an exchange or transmission of property?" |

| 5967 | Zoren v. Genesis Energy, L.P., 836 A.2d 521, 528 (Del. Ch. 2003) | 6 | A corporate general partner and its directors are entitled to the protections afforded corporate directors, including a presumption that their actions are protected from judicial oversight by the "business judgment rule"; the business judgment rule generally protects the actions of general partners, affording them a presumption that they acted on an informed basis and in the honest belief that they acted in the best interests of the partnership and the limited partners. | Nevertheless, the corporate general partner and its directors are entitled to the protections afforded corporate directors, including a presumption that their actions are protected from judicial oversight by the business judgment rule. "[T]he business judgment rule generally protects the actions of general partners, affording them a presumption that they acted on an informed basis and in the honest belief that they acted in the best interests of the partnership and the limited partners." | Does the business judgment rule protect the actions of the general partner? |
|---|---|---|---|---|---|
| 5971 | Smith v. Circle P Ranch Co., 150 Cal. Rptr. 828, 832 (Ct. App. 1978) | 5 | Where certain facts exist which responding party does not intend to contest at trial, proper time to admit and permit those facts to be established is during pretrial discovery; in the event, however, that defendant denies a request for admission submitted by plaintiff, he cannot be forced to admit fact prior to trial despite its obvious truth. | Where certain facts exist which the responding party does not intend to contest at trial, the proper time to admit and permit those facts to be established is during pretrial discovery. (Burke v. Superior Court (1969) 71 Cal.2d 276, 282, 78 Cal.Rptr. 481, 455 P.2d 409; Cembrook v. Superior Court, supra, 56 Cal.2d 423, 429, 15 Cal.Rptr. 127, 364 P.2d 303.)In the event, however, that the defendant denies a request for admission submitted by the plaintiff, he cannot be forced to admit the fact prior to trial despite its obvious truth. | Can a tort defendant be forced to admit a fact prior to trial despite its obvious truth and is the consequence for the failure to do so exposure to a costs of proof award? |
| 5972 | Sands v. State Through Louisiana State Med. Ctr., Sch. of Dentistry, 458 So. 2d 960, 961 (La. Ct. App. 1984) | 5 | A reasonably diligent client's having fired his lawyer for unpreparedness could be "good ground" for a continuance in the absence of counterbalancing circumstances. LSA-C.C.P. arts. 1601, 1602. | A reasonably diligent client's having fired his lawyer for unpreparedness could be "good" ground for a continuance in the absence of counterbalancing circumstances | Can a reasonably diligent client's having fired his lawyer for unpreparedness be good ground for a continuance in the absence of counterbalancing circumstances? |
| 5973 | Payton v. Ashton, 29 S.W.3d 896, 898 (Tex. App. 2000) | 1 | Before one has an obligation to answer requests for admissions or before any inaction on the part of the individual can give rise to deemed admissions, it is axiomatic that the request for admissions be served. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(a). | [1] Yet, before one has an obligation to answer admissions or before any inaction on the part of the individual can give rise to deemed admissions, it is axiomatic that the requests for admissions be served. Indeed, Texas Rule of Civil Procedure 198.2(a) states as much. | "Before one has an obligation to answer admissions or before any inaction on the part of the individual can give rise to deemed admissions, should the requests for admissions be served?" |

| 5974 | Brougham Casket & Vault Co. v. DeLoach, 323 Ga. App. 701, 703–04 (2013) | 2 | Once requests for admission are deemed admitted, each of the matters addressed in the requests are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36(a)(2), (b). | Once the requests are deemed admitted, each of the matters addressed in the requests "are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." | "Once requests for admission are deemed admitted, are each of the matters addressed in the requests conclusive as a matter of law on the matters stated?" |
| 5976 | Brodtmann v. Duke, 1998-1518 (La. App. 4 Cir. 3/21/01), 803 So. 2d 41 (2001) | 2 | Attorney fees awarded for party's failure to admit genuineness of document or truth of any matter would be the reasonable expense incurred in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | Attorney's fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. | "If a party fail to admit the truth of any matter requested, should the party requesting the admissions prove the truth of the matter to apply to the court for an order requiring the other party to pay the reasonable expenses and reasonable attorney's fees?" |
| 5978 | Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488, 500 (2016) | 15 | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. | Does court have discretion in determining whether to award plaintiff attorney fees in personal injury action? |
| 5980 | In re Feldman's Estate, 387 Ill. 568, 575, 56 N.E.2d 405, 408 (1944) | 2 | Notations or memoranda placed on the back of a check contemporaneously with the execution of the instrument with intention of making them a part of the contract for payment of money constitute as much a part of the instrument as though incorporated in the body thereof. | 'Notations or memoranda placed on the back of a check contemporaneously with the execution of the instrument, with intention of making them a part of the contract for payment of money, constitute as much a part of the instrument as though incorporated in the body thereof. | Should a memorandum or notation placed on the back of a note or an instrument at the time of execution binding on the parties? |
| 5982 | U.S. v. Ihnatenko, 482 F.3d 1097, 1099 n.2, 1100 (9th Cir. 2007) | 2 | Statute criminalizing giving something of value to a witness for or because of his testimony does not prohibit the government from paying fees, housing, expenses, and cash rewards to any cooperating witness, so long as the payment does not recompense any corruption of the truth of testimony. 18 U.S.C.A. S 201(c)(2). | We today join our sister circuits and hold that 18 U.S.C. § 201(c)(2) does not prohibit the government from paying fees, housing, expenses, and cash rewards to any cooperating witness, so long as the payment does not recompense any corruption of the truth of testimony. | Is government's promise of leniency to a cooperating witness amount to giving of something of value for testimony in violation of 18 U.S.C. 201(c)(2)? |
| 5983 | United States v. Gjieli, 717 F.2d 968, 975–76 (6th Cir. 1983) | 3 | Statutory provision proscribing bribery of a public official encompasses both an intent to induce acts which are part of public official's lawful duties and those acts which are erroneously perceived by briber to be part of public official's lawful duties. 18 U.S.C.A. S 201(b)(3). | This provision encompasses both an intent to induce acts which are part of a public official's lawful duties and those acts which are erroneously perceived by the briber to be part of the public official's lawful duties. | Does bribers intent to induce acts which are erroneously perceived to be part of the public official's lawful duties satisfy the specific intent element of bribery? |

| 5986 | Miller v. Miller, 1981-NMSC-078, 96 N.M. 497, 632 P.2d 732 | 4 | Continuance is not ispo facto allowed when party's attorney withdraws; motion to continue is addressed to sound discretion of trial judge. | A motion for a continuance is not ispo facto allowed when a party's attorney withdraws. Williams and Michael v. Kennamer, 71 N.C.App. 215, 321 S.E.2d 514 (1984). "[A] motion to continue is addressed to the sound discretion of the trial judge." | Is continuance not ispo facto allowed when party's attorney withdraws because the motion to continue is addressed to sound discretion of a trial judge? |
| 5988 | Miller v. Grier S. Johnson, 191 Va. 768, 772 (1951) | 1 | Mere failure of a litigant to employ counsel until just prior to date set for trial is not ground for a continuance, nor is withdrawal or discharge of counsel under the same circumstances. | Mere failure of a litigant to employ counsel until just prior to the date set for trial is not a ground for continuance. Neither is withdrawal or discharge of counsel under the same circumstances. | Is the mere failure of a litigant to employ counsel until just prior to date set for trial is not ground for a continuance? |
| 5989 | Culp v. Hawkins, 711 S.W.2d 726, 727 (Tex. App. 1986) | 2 | Under Civil Rule 169, requests for admissions are automatically deemed admitted after 30 days; trial court has no discretion to exercise. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Under Rule 169, the requests for admissions are automatically deemed admitted after thirty days. The trial court had no discretion to exercise. | "Under Civil Rule 169, are requests for admissions automatically deemed admitted after 30 days and a trial court has no discretion to exercise?" |
| 5991 | Ray v. Ray, 542 S.W.2d 209, 212 (Tex. Civ. App. 1976) | 3 | An applicant for a continuance must recite, inter alia, that he has used due diligence, stating such diligence and the cause of failure, if known. Rules of Civil Procedure, rules 251, 252. | The foregoing rule has been interpreted to require that the applicant for a continuance recite Inter alia that he has used due diligence, stating such diligence and the cause of failure, if known. | "Should an applicant for a continuance recite, inter alia, that he has used due diligence, stating such diligence and the cause of failure, if known?" |
| 5992 | J. C. Penney Co. v. Duran, 479 S.W.2d 374, 380 (Tex. Civ. App. 1972) | 9 | Where continuance motion does not allege facts showing diligence in attempting to procure testimony of an absent witness, the denial of such motion is proper. Rules of Civil Procedure, rule 252. | Where the motion for continuance does not allege facts showing diligence in attempting to procure testimony of an absent witness, the denial of such motion is proper. | "Where a motion for continuance does not allege facts showing diligence in attempting to secure testimony of an absent witness, is denial of the motion proper?" |
| 5993 | Mathias v. Luke, 37 N.J. Super. 241, 249 (App. Div. 1955) | 9 | A court should not be astute to read a pretrial order as precluding what appears to be just recovery by plaintiffs, where language of order does not clearly require such result. | A court should not be astute to read a pretrial order as precluding what appears to be a just recovery where its language does not clearly require that result. | "Should a court be astute to read a pretrial order as precluding what appears to be just recovery by plaintiffs, where language of order does not clearly require such result?" |
| 5997 | Raven v. Panama Canal Co., 583 F.2d 169, 171 (5th Cir. 1978) | 5 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | The United States Supreme Court has recognized that Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the Equal Protection clause. A legitimate distinction exists between citizens and aliens to warrant different treatment. | Can an Act of Congress treat aliens differently than citizens without such treatment being considered invidious? |

| 5998 | Warren v. Iowa State Hwy. Comm'n, 93 N.W.2d 60, 63 (Iowa 1958) | 1 | Public highways are created by statute, either directly or through power delegated to some subdivision of the state, and they may be discontinued in the same way, and no individual can acquire such vested rights against the state as will prevent the discontinuance of an established public road. | It is settled in Iowa that public highways are created by statute, either directly or through power delegated to some subdivision of the state, that they may be discontinued in the same way, and no individual can acquire such vested rights against the state as will prevent the discontinuance of an established public road. | Can an individual acquire a vested right of a highway? |
|---|---|---|---|---|---|
| 6002 | Our Lady of the Lake Hosp. v. Vanner, 692 So. 2d 40, 42 (La. Ct. App. 1997) | 2 | Trial court must consider particular facts in each case in deciding whether to grant or deny continuance, and some factors to consider are diligence, good faith, reasonable grounds, exceptor's corollary right to have his case heard as soon as is practicable, condition of the court docket, fairness to both parties and other litigants before court, and need for orderly and prompt administration of justice. | Scroggs, 35,521 (La.App.2d Cir.06/12/02), 821 So.2d 542, 553: The trial judge must consider the particular facts in each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Equally important is the defendant's corollary right to have his case heard as soon as is practicable. The trial judge may also weigh the condition of the court docket, fairness to both parties and other litigants before the court, and the need for orderly and **3 prompt administration of justice. | What should a judge consider in ruling on a partys motion for continuance? |
| 6003 | Friday v. Mutz, 483 So. 2d 1269, 1271 (La. Ct. App. 1986) | 5 | Generally, when amendment presents new claim or defense which takes opposing party by surprise, continuance must be allowed. LSA-C.C.P. art. 1151. | Generally, when an amendment presents a new claim or defense which takes the opposing party by surprise, a continuance must be allowed. | "When an amendment presents a new claim or defense which takes the opposing party by surprise, must a continuance be allowed?" |
| 6006 | Pierce v. Nelson, 509 N.W.2d 471, 475 (Iowa 1993) | 6 | Treating physician's deposition fee should compensate physician for inconvenience of giving deposition testimony, yet it also must bear some rational relationship to time spent away from other professional duties. Rules Civ.Proc., Rule 125(f). | In other words, the fee should compensate the physician for the inconvenience of giving deposition testimony, yet it also must bear some rational relationship to time spent away from other professional duties. | Should a treating physician be compensated in the form of physician deposition fee bearing some reasonable relationship to a physician's customary hourly charge for patient care and consultation? |
| 6007 | Peterson v. David, 69 Wash. 2d 566, 569 (1966) | 3 | When denial of requested continuance would be improper, imposition of conditions to granting of continuance may still be within trial court's discretion. Rules of Pleading, Practice and Procedure, rule 40.04W; RCWA 4.44.040. | Furthermore, when the denial of a requested continuance would be improper, the imposition of conditions may still be within the trial court's discretion. | "Is imposition of conditions to granting of continuance still within trial court discretion, when denial of requested continuance is improper?" |
| 6008 | Bowman v. Benouttas, 519 S.W.3d 586, 603 (Tenn. Ct. App. 2016) | 32 | A trial court has the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery. Tenn. R. Civ. P. 16.01. | A trial court has the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery. | "Does a court have the discretion to enter a scheduling order that, inter alia, limits the time to complete and respond to discovery?" |

| | | | | | |
|---|---|---|---|---|---|
| 6009 | United Employers Cas. Co. v. McCloud, 146 S.W.2d 247, 249 (Tex. Civ. App. 1940) | 1 | Where application for continuance was in substantial compliance with statute, was properly verified, and was not controverted, facts alleged therein must be accepted as true. Vernon's Ann.Civ.St. art. 2168. | The application in question was in substantial compliance with the statute. It was properly verified and was not controverted by appellee, consequently the facts alleged therein must be accepted as true. | "If application in question was in substantial compliance with the statute or rule and is properly verified and not controverted, is the facts alleged therein be accepted as true?" |
| 6010 | Noble v. Shawnee Gun Shop, 316 S.W.3d 364, 374 (Mo. Ct. App. 2010) | 18 | In considering a motion to dismiss due to lack of personal jurisdiction, the trial court considers only the facts relevant to jurisdiction, and it does not consider the merits of the underlying action; thus, discovery is permissible only as to the jurisdictional issues during that phase of the action. V.A.M.R. 56.01. | In considering a motion to dismiss due to lack of personal jurisdiction, the trial court considers only the facts relevant to jurisdiction; it does not consider the merits of the underlying action. Hollinger, 122 S.W.3d at 115. Thus, discovery is permissible only as to the jurisdictional issues during this phase of the action. See Rule 56.01. | "In considering a motion to dismiss due to lack of personal jurisdiction, does the trial court consider only the facts relevant to jurisdiction?" |
| 6012 | Marble v. Parham, 3 Ariz. App. 585, 586 (1966) | 1 | In testing complaint against motion to dismiss by reason of claimed failure to state a claim for relief, complaint is viewed in light most favorable to sustaining of complaint and allegations of complaint must be taken as true for purposes of motion to dismiss. | In testing a complaint against a motion to dismiss by reason of a claimed failure to state a claim for relief, the complaint is viewed in the light most favorable to the sustaining of the complaint and the allegations of the complaint must be taken as true for the purposes of the motion to dismiss. | Should the allegations of the complaint be taken as true for the purposes of the motion to dismiss? |
| 6013 | Conaway v. McCrory Stores Corp., 82 Ga. App. 97, 100, 60 S.E.2d 631, 633 (1950) | 3 | General allegations that a person could not have avoided consequences of another's negligence by exercise of ordinary care, after it was and should have been discovered, must yield, on demurrer, to particular facts shown, where inferences from fact are necessarily to be drawn contradictory of conclusions. | and general allegations that a person could not have avoided the consequences of another's negligence by the exercise of ordinary care after it was or should have been discovered must yield, on demurrer, to the particular facts shown where inferences from the facts are necessarily to be drawn contradictory of the conclusions. | Should conclusions in conflict with pleaded facts be disregarded? |
| 6014 | Paniagua v. Orange Cty. Fire Auth., 149 Cal. App. 4th 83, 89 (2007) | 7 | Where the plaintiff has filed a voluntary dismissal of an action, the court is without jurisdiction to act further, and any subsequent orders of the court are simply void. | [I]t is a well-settled proposition of law that where the plaintiff has filed a voluntary dismissal of an action ..., the court is without jurisdiction to act further [citations], and any subsequent orders of the court are simply void. | "Where the plaintiff has filed a voluntary dismissal of an action, is the court without jurisdiction to act further, and any subsequent orders of the court void?" |
| 6015 | In re Celadon Trucking Servs., 281 S.W.3d 93, 97 (Tex. App. 2008) | 10 | Parties are generally permitted to take the deposition of any person; however, the person noticed for deposition has the right to protection from, undue burden, unnecessary expense, harassment or annoyance, or investigation of personal, constitutional, or property rights. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(a). | Parties are generally permitted to take the deposition of, "any person." The person noticed for deposition, however, has the right to protection from, "undue burden, unnecessary expense, harassment or annoyance, or investigation of personal, constitutional, or property rights." | Are parties generally permitted to take the deposition of any person? |

| 6017 | Del Vecchio v. Danielle Associates, LLC, 942 N.Y.S.2d 217, 218 (N.Y. App. Div. 2d Dept. 2012) | 1 | Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control. McKinney's CPLR 3101(a). | "Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control" (Cleland v. 60–02 Woodside Corp., 221 A.D.2d 307, 308, 633 N.Y.S.2d 529; see Hughes v. Cold Spring Constr. Co., 26 A.D.3d 858, 859, 809 N.Y.S.2d 751; Niemann v. Luca, 214 A.D.2d 658, 625 N.Y.S.2d 267; Cacciolo v. Port Auth. of N.Y. & N.J., 186 A.D.2d 528, 530, 588 N.Y.S.2d 350; Klatz v. Armor El. Co., 93 A.D.2d 633, 637, 462 N.Y.S.2d 677). | Is evidence of subsequent repairs and remedial measures not discoverable or admissible in a negligence case without an issue of maintenance or control? |
| 6019 | Desson v. Trustees of Net Realty Holding Tr., 646 N.Y.S.2d 31, 32 (N.Y. App. Div. 2d Dept. 1996) | 1 | Discovery of evidence of subsequent similar accidents, while material in cases where defect is alleged in design or creation of product or structure, is irrelevant and inappropriate in cases where no inherent defect is alleged. | Discovery of evidence of subsequent similar accidents, while material in cases where a defect is alleged in the design or creation of a product or structure, is irrelevant and inappropriate in cases such as this, where no inherent defect is alleged (see, Kolody v. Supermarkets General Corporation, 163 A.D.2d 276, 277, 557 N.Y.S.2d 145; Yoon v. F.W. Woolworth Co., 202 A.D.2d 575, 576, 609 N.Y.S.2d 260). | Is the discovery of similar incidents or claims material in cases where the defect is alleged in design or creation of a product? |
| 6022 | Hodge v. Myers, 255 S.C. 542, 547–48, 180 S.E.2d 203, 206 (1971) | 3 | The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issue, to eliminate the doing of useless things, and to facilitate the attainment of justice between the parties. Circuit Court Rules, rule 43. | Trial s 17(2) (1955), is relevant to the powers of the pretrial judge and to the purposes of the pretrial conference: 'The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issues, to eliminate the doing of useless things and to facilitate the attainment of justice between the parties. | Are the purposes of pretrial conference to simplify issues and expedite trial proceedings? |
| 6023 | Slowke v. Altermatt, 293 Mich. 360, 363–64 (1940) | 1 | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | Graham, supra, the common law right of a plaintiff to dismiss or submit to a voluntary nonsuit is noted. The right still exists *364 except as modified by statute or court rule. | Does the common law right to submit to a nonsuit still exist subject to limitations by statute and court rules?? |
| 6024 | Hoskin v. Resor, 324 F. Supp. 271, 278 (D.D.C. 1971) | 5 | Even when there is some question as to regularity of commissioning of officers, if officer actually served, he is entitled to all emoluments of office, including an honorable discharge, assuming circumstances of his service did not preclude the issuance thereof. | Even when there is some question as to the regularity of the commissioning of the officer, if the officer actually served, he is entitled to all the emoluments of office, including an Honorable Discharge, assuming the circumstances of his service do not preclude the issuance thereof. | Is an officer entitled to all the emoluments of an office even when there is some question as to the regularity of the commissioning of the officer? |

| 6026 | Zinke v. Orskog, 422 S.W.3d 422, 427 (Mo. App. W. Dist. 2013) | 9 | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. | Is there anything pending before the trial court on which it is permitted to act once a permitted voluntary dismissal is filed? |
| 6027 | Reynolds v. Reynolds, 14 Cal. App. 2d 481 | 8 | When a deposition is taken upon written interrogatories, opposing party or his counsel have right to be present, and exclusion of defendant and her counsel from taking of deposition of plaintiff on written interrogatories voided the procedure, even if it were otherwise valid. Code, S 38-2101. | It is clear from this provision, in connection with other provisions *245 of the discovery mechanism of the adopted Federal Rules, that when a deposition is taken upon written interrogatories, the opposing party or his counsel have the right to be present. The exclusion of the defendant and her counsel from the taking of the deposition of the plaintiff on written interrogatories would void the procedure, if otherwise valid. | Does the exclusion of defendant and counsel from taking of deposition of plaintiff on written interrogatories make the procedure void even if it were otherwise valid? |
| 6028 | Scarseth v. United States, 52 Fed. Cl. 458, 474 (2002) | 8 | The decision to accept or deny a resignation from the service rests solely within the discretion of the Secretary of the Army, and the exercise of that discretion will be sustained unless it is exercised in a manner which is arbitrary, capricious or not in accordance with law. | Moreover, the decision to accept or deny a resignation from the service rests solely within the discretion of the Secretary of the Army, and the exercise of that discretion will be sustained unless it is exercised in a manner which is arbitrary, capricious or not in accordance with law. | Can the Secretary of the Army exercise discretion to accept a resignation or not? |
| 6033 | Fungaroli v. Fungaroli, 252 S.E.2d 849, 851 (N.C. App. 1979) | 8 | Chief consideration to be weighed in passing upon motion to continue is whether grant or denial will be in furtherance of substantial justice. | The chief consideration to be weighed in passing upon the motion to continue is whether the grant or denial will be in furtherance of substantial justice. | Is the chief consideration to be weighed in passing a motion to continue the question whether a grant or denial is in furtherance of substantial justice? |
| 6037 | Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434–35 (2011) | 2 | Objections to subject-matter jurisdiction may be raised at any time; thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction, and indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction. | Objections to subject-matter jurisdiction, however, may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked *435 subject-matter jurisdiction. Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction. | "Can a party, after losing at trial, move to dismiss the case because the trial court lacked subject-matter jurisdiction?" |
| 6038 | Tucker v. Fayetteville State Univ., 238 N.C. App. 188, 190, 767 S.E.2d 60, 61–62 (2014) | 1 | Action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. | Is action properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies? |

| 6040 | Reiter v. Cooper, 507 U.S. 258, 268–69 (1993) | 9 | Referral of issue to administrative agency under doctrine of primary jurisdiction does not deprive court of jurisdiction; it has discretion either to retain jurisdiction or, if parties would not be unfairly disadvantaged, to dismiss case without prejudice. | Referral of the issue to the administrative agency does not deprive the court of jurisdiction; it has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case *269 without prejudice. | "If the court determines that the primary jurisdiction doctrine applies, may the court determine whether to stay the litigation or dismiss without prejudice?" |
|---|---|---|---|---|---|
| 6041 | Harris v. Westin Mgmt. Co. E., 230 S.W.3d 1, 3 (Mo. 2007) | 2 | A court shall dismiss an action whenever it appears that the court lacks subject matter jurisdiction, and the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction. | "A court shall dismiss an action whenever it 'appears' by suggestion of the parties or otherwise that the court lacks subject matter jurisdiction. As the term 'appears' suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." | "Should a court dismiss an action whenever it appears that the court lacks subject matter jurisdiction, and the quantum of proof is not high?" |
| 6042 | Chief Seattle Properties, Inc. v. Kitsap Cnty., 541 P.2d 699, 705 (Wash. 1975) | 4 | State tax imposed on an Indian or a non-Indian would be invalid if it would substantially interfere with a discernible federal policy to aid the Indian; the interference may not be treated as substantial if it is too remote to be legally sufficient to invalidate the tax. | Furthermore if the state tax imposed on an Indian or a nonIndian would substantially interfere with a discernible federal policy to aid the Indian, the tax would be invalid. Sohl v. Clark, 78 Wash.2d 813, 479 P.2d 925 (1971); Makah Indian Tribe v. Clallam County, 73 Wash.2d 677, 440 P.2d 442 (1968). The interference may not be treated as substantial if it is too remote to be legally sufficient to invalidate the tax. | Would a state tax imposed on an Indian or a non-Indian be invalid if it would substantially interfere with a discernible federal policy to aid the Indian? |
| 6043 | Schacht v. United States, 398 U.S. 58, 61 (1970) | 1 | Statute making it an offense to wear military uniforms of United States without authority is, standing alone, a valid statute on its face. 18 U.S.C.A. S 702. | Our previous cases would seem to make it clear that 18 U.S.C. s 702, making it an offense to wear our military uniforms without authority is, standing alone, a valid statute on its face. | "Is a statute making it an offense to wear military uniforms of the United States, without authority, a valid statute on its face?" |
| 6045 | U.S. v. Copeland, 143 F.3d 1439, 1441 (11th Cir. 1998) | 3 | Only those contractual relationships constituting some form of federal assistance fall within scope of anti-bribery statute; thus, organizations engaged in purely commercial transactions with federal government are not subject to the statute. 18 U.S.C.A. S 666(b). | The scope of § 666, however, is not limitless; the statute clearly indicates that only those contractual relationships constituting some form of "Federal assistance" fall within the scope of statute. 18 U.S.C. § 666(b); see Rooney, 986 F.2d at 34 (stating that "[t]he statute expressly equates 'benefits' with 'Federal assistance.' "). Thus, organizations engaged in purely commercial transactions with the federal government are not subject to § 666. | What type of relationships fall within the scope of the anti-bribery statute? |

| | | | | | |
|---|---|---|---|---|---|
| 6046 | United States v. Muhammad, 120 F.3d 688, 693 (7th Cir. 1997) | 2 | Defendant violates federal bribery statute by merely seeking or demanding bribe, regardless of whether he accepts or even agrees to accept it. 18 U.S.C.A. S 201(b)(2)(A). | The language in the statute is disjunctive. In other words, a defendant violates 201 by merely seeking or demanding a bribe, regardless of whether he accepts or even agrees to accept it. | Does a defendant violate the federal bribery statute by merely seeking or demanding a bribe even if he doesn't accept it? |
| 6048 | Bacon v. Lloyd, 1882 WL 9056, at *1 (Tex. App. 1882) | 1 | A motion to suppress depositions should be sustained where the certificate of the officer taking them fails to show that the answers of the witness were subscribed to before him as required by Rev.St.1879, art. 2229, Rules of Civil Procedure, rule 196. | A motion to suppress depositions should be sustained, where the certificate of the officer taking them fails to show that the answers of the witness were subscribed and sworn to before him. [Rev. Stats. art. 2229; | Should a motion to suppress depositions be sustained where the certificate of the officer taking them fails to show that the answers of the witness were subscribed to before him as required? |
| 6051 | Berrier v. CareFusion 203, 231 N.C. App. 516, 520, 753 S.E.2d 157, 161 (2014) | 1 | If the defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling, plaintiff cannot rest on those allegations, and trial court considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit which are uncontroverted because of the plaintiff's failure to offer evidence. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | [I]f the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint. In order to determine whether there is evidence to support an exercise of personal jurisdiction, the court then considers (1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence). | "If the defendant submits supportive evidence along with the motion to dismiss, can the complaints allegations be taken as true or controlling?" |
| 6052 | Noble v. Shawnee Gun Shop, 316 S.W.3d 364, 374 (Mo. Ct. App. 2010) | 18 | In considering a motion to dismiss due to lack of personal jurisdiction, the trial court considers only the facts relevant to jurisdiction, and it does not consider the merits of the underlying action; thus, discovery is permissible only as to the jurisdictional issues during that phase of the action. V.A.M.R. 56.01. | In considering a motion to dismiss due to lack of personal jurisdiction, the trial court considers only the facts relevant to jurisdiction; it does not consider the merits of the underlying action. Hollinger, 122 S.W.3d at 115. Thus, discovery is permissible only as to the jurisdictional issues during this phase of the action. See Rule 56.01. | Does a trial court consider only facts relevant to jurisdiction in considering a motion to dismiss due to lack of personal jurisdiction? |
| 6053 | Texas Parks & Wildlife Dep't v. Garland, 313 S.W.3d 920, 926 (Tex. App. 2010) | 23 | Generally, the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice, but when a dispositive defect cannot be remedied, dismissal with prejudice is proper. | 2 Generally, the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice, but when a dispositive defect cannot be remedied, dismissal with prejudice is proper. | Is the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice? |

| 6054 | Avco Fin. Servs. Loan v. Hale, 36 Ohio App. 3d 65, 67, 520 N.E.2d 1378, 1379 (1987) | 1 | Standard to apply for dismissal for lack of subject matter jurisdiction is whether the plaintiff has alleged any cause of action cognizable by the forum. Rules Civ.Proc., Rule 12(B)(1). | The standard to apply for a dismissal pursuant to Civ.R. 12(B)(1), lack of jurisdiction over the subject matter, is whether the plaintiff has alleged any cause of action cognizable by the forum. | "Is whether any cause of action cognizable by the forum has been raised in the complaint, a standard for determining motion to dismiss for lack of subject matter jurisdiction?" |
| 6056 | State ex rel. & to Use of Benson v. Union Elec. Co. of Mo., 359 Mo. 35, 41 (1949) | 6 | Taxes are levied and collected for public purposes on all property within territorial jurisdiction of the state, except that expressly enumerated as exempt, even though all such property must be subjected to the various specific taxes by law. | 'It is the well-settled policy of our law that taxes shall be levied and collected for public purposes on all property within territorial **4 jurisdiction of the state, except that expressly enumerated as exempt' [316 Mo. 853, 293 S.W. 401] even though all such property must be subjected to the various specific taxes by law. | Does the property to be taxed be subjected thereto by law? |
| 6057 | State ex rel. Tri-Cty. Elec. Co-op. Ass'n v. Dial, 192 S.W.3d 708, 710 (Mo. 2006) | 1 | Workers' compensation is wholly substitutional in character, and any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable. | Workers' Compensation Law [1] "The Worker's Compensation Law is wholly substitutional in character and ... any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." | Is workers compensation law wholly substitutional in character and are any rights at common law supplanted or superseded by the act? |
| 6058 | Baron v. Best Buy Co., 79 F. Supp. 2d 1350, 1355–56 (S.D. Fla. 1999) | 4 | Federal district courts must compel arbitration of pendent arbitrable claims when party files a motion to compel, even where result would be possibly inefficient maintenance of separate proceedings in different forums. 9 U.S.C.A. S 4. | The Supreme Court has instructed that district courts must "compel arbitration of pendent arbitrable claims when one *1356 of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." | When should the court compel arbitration of pendent arbitrable claims? |
| 6059 | United States v. Gatling, 96 F.3d 1511, 1522 (D.C. Cir. 1996) | 13 | Central difference between accepting bribe and accepting gratuity is degree of culpable intent on part of recipient; to convict defendant for accepting bribe, jury must find that defendant acted corruptly, whereas to convict for accepting gratuity, jury need only find that defendant acted knowingly and willingly. 18 U.S.C.A. S 201. | A central difference between accepting a bribe and accepting a gratuity is the degree of culpable intent on the part of the recipient; to convict a defendant for accepting a bribe a jury must find that the defendant acted "corruptly," whereas to convict for accepting a gratuity the jury need only find that the defendant acted "knowingly and willingly | What is the difference between accepting a bribe and accepting a gratuity? |

| 6060 | Nowlin v. United States, 81 F. Supp. 3d 514, 526 (N.D. Miss. 2015) | 19 | To establish initially that a federal court may exercise subject matter jurisdiction over a case charging theft or bribery concerning programs receiving federal funds, the government must allege facts sufficient to show such a nexus between the criminal conduct and the agency, but in a case where a defendant challenges subject matter jurisdiction, the government must present proof, by a preponderance of the evidence, to support the claim of jurisdiction. 18 U.S.C.A. S 666. | Thus, to establish initially that a federal court may exercise subject matter jurisdiction over a 666 case, the government must allege facts sufficient to show such a nexus between the criminal conduct and the agency. Id. In a case where a defendant challenges subject matter jurisdiction, the government must present proof, by a preponderance of the evidence, to support the claim of jurisdiction. | "For the court to entertain a bribery charge where the federal funds were received by the agency, is there a requirement that the particular program be the recipient of the federal funds?" |
| 6061 | W. Virginia Dept. of Highways v. Farmer, 226 S.E.2d 717, 719 (W. Va. 1976) | 1 | Word "minerals" in its ordinary and common meaning is a comprehensive term including every description of stone and rock deposit whether containing metallic or nonmetallic substances. | This was cogently stated in Waugh v. Thompson Land & Coal Company, 103 W.Va. 567, 137 S.E. 895 (1927), in the following language: 'The word 'mineral' in its ordinary and common meaning is a comprehensive term including every description of stone and rock deposit, whether containing metallic or non-metallic substances.' | Does the word mineral include every description of stone and rock deposit? |
| 6062 | City of Glendale v. Marcus Cable Associates, 235 Cal. App. 4th 344, 353–54, 185 Cal. Rptr. 3d 331, 337–38 (2015) | 5 | The requests for admission mechanism is not a means by which a party obtains additional information, but rather a dispute-resolution device that eliminates the time and expense of formal proof at trial. | As such, the requests for admission mechanism is not a means by *354 which a party obtains additional information, but rather a dispute-resolution device that eliminates **338 the time and expense of formal proof at trial. | Is the request for admission mechanism a mean by which a party obtains additional information? |
| 6063 | In re Consol. Zicam Prod. Liab. Cases, 212 Ariz. 85, 90 (2006) | 8 | If nonresident defendants' forum-related activities are not sufficiently connected for the court to conclude that the plaintiffs' claim arises out of those activities, dismissal is warranted. | If the nonresident defendant's forum-related activities "are not sufficiently connected for [the] court to conclude that the plaintiff's claim arises out of" those activities, dismissal is warranted. | "If nonresident defendant forum-related activities are not sufficiently connected for the court to conclude that the plaintiff claim arises out of those activities, is dismissal warranted?" |
| 6064 | Verbitski v. Union P. R. Co., 380 S.W.3d 459, 463 (Ark. App. 2011) | 2 | When service of process requirements are not met, the trial court's jurisdiction extends only to the act of ordering a dismissal of the case and nothing more; any other act by the trial court constitutes a plain, manifest, clear, and gross abuse of discretion. Rules Civ.Proc., Rule 4(i). | When service requirements are not met, the trial court's jurisdiction extends only to the act of ordering a dismissal of the case and nothing more. Boyd v. Sharp County Circuit Court, 368 Ark. 566, 247 S.W.3d 864 (2007). Any other act by the trial court constitutes a plain, manifest, clear, and gross abuse of discretion. | "When services of process requirements are not met, does the trial court jurisdiction extend only to the act of ordering a dismissal of the case and nothing more?" |

| | | | | | |
|---|---|---|---|---|---|
| 6065 | Israel v. Flick Mortg. Inv'rs, 23 So. 3d 1196, 1198–99 (Fla. Dist. Ct. App. 2008) | 3 | A motion to dismiss for lack of jurisdiction based on insufficiency of service of process lies when the service effected does not comport with the requirements of the statute pertaining to the manner in which such service is to be effected. | A motion to dismiss for lack of jurisdiction based on insufficiency of service of process lies when the service effected does not comport with the requirements of the statute pertaining to the manner in which such service is to be effected. | Does a motion to dismiss for lack of jurisdiction based on insufficiency of service of process lie when the service is to be effected? |
| 6067 | Thompson v. Peterson, 546 N.W.2d 856, 861 (N.D. 1996) | 7 | Exhaustion of remedies before appropriate administrative agency is generally prerequisite to making claim in court, and dismissal for lack of subject matter jurisdiction is appropriate if plaintiff has failed to exhaust such remedies. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A.; Rules Civ.Proc., Rule 12(b)(i). | Under FRCivP 12(b)(1), federal courts have generally held that dismissal for lack of subject matter jurisdiction is appropriate if the plaintiff has failed to exhaust remedies before an administrative agency. Komninos v. Upper Saddle River Bd. of Ed., 13 F.3d 775 (3rd Cir.1994); Bueford v. Resolution Trust Corp., 991 F.2d 481 (8th Cir.1993); DiLaura v. Power Authority of State of New York, 982 F.2d 73 (2nd Cir.1992). See 5A Wright and Miller, at § 1350. Our decisions have also consistently required exhaustion of remedies before the appropriate administrative agency as a prerequisite to making a claim in court. | Is a dismissal for lack of subject matter jurisdiction appropriate if the plaintiff failed to exhaust administrative remedies? |
| 6068 | CNA Int'l, Inc. v. Baer, 2012 IL App (1st) 112174, ¶ 31, 981 N.E.2d 441, 449 | 3 | The purpose of a motion to dismiss based on certain defects or defenses is to dispose of issues of law and easily proved issues of fact early in the litigation. S.H.A. 735 ILCS 5/2-619(a). | "The purpose of a section 2–619 motion is to dispose of issues of law and easily proved issues of fact early in the litigation. | Does the purpose of a motion to dismiss based on certain defects or defenses is to dispose of issues of law and easily proved issues of fact early in the litigation? |
| 6071 | McGee v. Macambo Lounge, 158 Mich. App. 282, 286 (1987) | 2 | Default judgment is authorized if party or officer, director, or managing agent of party fails to appear at pretrial or settlement conference after having been ordered to attend. MCR 2.401(F), 2.506(F), 2.603. | Clearly, default is authorized if a "party or an officer, director, or managing agent of a party" fails to appear at a pretrial or settlement conference after having been ordered to attend. | Is a default judgment authorized if a party fails to appear at a pretrial or settlement conference after having been ordered to attend? |
| 6072 | Mountain Fuel Supply Co. v. Salt Lake City Corp., 752 P.2d 884, 891 (Utah 1988) | 13 | City is not denied most effective means of raising needed revenues unless that means imposes unreasonable burden on affected parties. | The City is not to be denied the most effective means of raising needed revenues unless that means imposes an unreasonable burden on the affected parties. | Is the city denied most effective means of raising needed revenues if those means impose unreasonable burden on affected parties? |
| 6073 | Cty. of Lenoir v. Moore, 114 N.C. App. 110, 116, 441 S.E.2d 589, 592 (1994) | 2 | Real property ad valorem taxes are inherently public in character; they are statutorily authorized taxes raised to serve needs of community as whole. | On the other hand, real property ad valorem taxes are inherently public in character: they are statutorily authorized taxes raised to serve the needs of the community as a whole. | Are real property ad valorem taxes statutorily authorized taxes raised to serve needs of community as whole? |

| 6075 | United States v. Harvey, 532 F.3d 326, 335 (4th Cir. 2008) | 8 | Not every gift, favor or contribution to a government or political official constitutes bribery; bribery occurs only if the gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A), (b)(2)(A). | Not every gift, favor or contribution to a government or political official constitutes bribery. It is universally recognized that bribery occurs only if the gift is coupled with a particular criminal intent." U.S. | "When do gifts, favors, and contributions to government or public officials constitue bribery?" |
|---|---|---|---|---|---|
| 6076 | Comm'r of IRS v. Estate of Sanders, 834 F.3d 1269, 1279 (11th Cir. 2016) | 6 | Although the meaning may vary according to context, "residence" generally requires both physical presence and an intention to remain. | That said, there is some guidance in existing case law as to its meaning. "Although the meaning may vary according to context, 'residence' generally requires both physical presence and an intention to remain. | "Does ""residence"" require both physical presence and an intention to remain although the meaning may vary according to context?" |
| 6077 | Finks v. Middleton, 795 S.E.2d 789, 795 (N.C. App. 2016) | 8 | Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction. N.C. R. Civ. P. 12(b)(1). | "Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." * | Does standing concern the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction? |
| 6079 | Gen. Elec. Capital Corp. v. Browning Mulch Co., 303 Ga. App. 795, 796 (2010) | 1 | An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by the Court of Appeals in the absence of an abuse of discretion. | "An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of discretion." | Is an order of dismissal for failure to appear discretionary with the trial court and is not subject to review by the Court of Appeals in the absence of an abuse of discretion? |
| 6080 | Shams v. Hassan, 829 N.W.2d 848, 853 (Iowa 2013) | 3 | Unlike other grounds for dismissal, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | Unlike other grounds for dismissal, however, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | Would a district court make necessary factual findings to determine whether a court has personal jurisdiction over the defendant? |
| 6081 | Wilder Chiropractic, Inc. v. State Farm Fire and Cas. Co., 13 N.E.3d 194, 213 (Ill. App. 2d Dist. 2014) | 27 | No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on defendant. Sup.Ct.Rules, Rule 103(b). | "No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions." | "Does an absolute time frame that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant, exist?" |
| 6082 | Reid v. Evans, 273 Neb. 714, 715 (2007) | 4 | An action is dismissed by operation of law as to any defendant who is named and who is not served with process within six months after the complaint is filed. Neb.Rev.St. S 25-217. | Pursuant to Neb.Rev.Stat. 25-217 (Cum.Supp.2006), an action is dismissed by operation of law as to any defendant who is named and who is not served with process within 6 months after the complaint is filed. | Is an action dismissed by operation of law as to any defendant who is named and who is not served with process within six months after the complaint is filed? |
| 6083 | Willis v. RCA Corp., 465 N.E.2d 924, 925 (Ohio App. 8th Dist. 1983) | 3 | Unless party's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal with prejudice, court should consider lesser sanctions when party fails to appear at hearing. Rules Civ.Proc., Rule 41(B). | Unless a party's conduct is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for dismissal with prejudice, a court should consider lesser sanctions when a party fails to appear at a hearing. | "Should a court not order dismissal with prejudice unless the party's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for such dismissal?" |

| 6084 | Cox v. Burke, 706 So. 2d 43, 47 (Fla. Dist. Ct. App. 1998) | 8 | Where party lies about matters pertinent to party's own claim, or portion of it, and perpetrates a fraud that permeates entire proceeding, dismissal of whole case for fraud on court is proper. | And "where a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper." | "Where a party lies about matters pertinent to his own claim, or a portion of it, is dismissal of the whole case proper?" |
| 6086 | E.I. Dupont De Nemours & Co. v. Sidran, 140 So. 3d 620, 624 (Fla. Dist. App. 2014) | 4 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | To support a dismissal the court must find the "false testimony was directly related to the central issue in the case." | "To support a dismissal for fraud on the court, should the court find the false testimony was directly related to the central issue in the case?" |
| 6088 | Estate of Rose, 465 Pa. 53, 62, 348 A.2d 113, 117 (1975) | 3 | Federal and state governments may generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other. | The federal and state governments may generally tax the same subject matter at the same time and neither the United States nor the state, in determining the amount of tax due to it, is under constitutional obligation to make any allowance on account of the tax of the other. | Can federal and state governments tax the same subject at the same time? |
| 6089 | Birmingham Assocs. Ltd. v. Abbott Labs., 547 F. Supp. 2d 295, 300–01 (S.D.N.Y. 2008) | 5 | A non-signatory may compel arbitration on an estoppel theory where (1) there is a close relationship between the parties and controversies involved and (2) the signatory's claims against the non-signatory are intimately founded in and intertwined with the underlying agreement containing the arbitration clause; claims are intertwined where the merits of an issue between the parties is bound up with a contract binding one party and containing an arbitration clause. | A non-signatory may compel arbitration on an estoppel theory, where (i) there is a close relationship between the parties and controversies involved and (ii) the signatory's claims against the non-signatory are " 'intimately founded in and intertwined with the underlying' " agreement containing the arbitration clause. 48 Claims are intertwined "where the merits of an issue between the parties [i]s bound up with a contract binding one party and containing an arbitration clause." | When can a non-signatory compel arbitration on an estoppel theory? |
| 6090 | Ramsden v. Farm Credit Servs. of N. Cent. Wisconsin ACA, 223 Wis. 2d 704, 711 (Ct. App. 1998) | 3 | A complaint does not need to state all the ultimate facts constituting each cause of action, and the Court of Appeals will not affirm the dismissal of a complaint as legally insufficient unless it is quite clear that under no conditions can the plaintiff recover. W.S.A. 802.06(2)(a)6. | A complaint does not need to state all the ultimate facts constituting each cause of action, and we will not affirm the dismissal of a complaint as legally insufficient unless "it is quite clear that under no conditions can the plaintiff recover." Id. at 24, 288 N.W.2d at 98-99. Ramsdens' Complaint. | Should a complaint state all the ultimate facts constituting each cause of action? |

| 6091 | Young v. Fed. Bureau of Prisons, 825 F. Supp. 2d 234, 237 (D.D.C. 2011) | 4 | Under rule authorizing motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over each defendant, and in order to satisfy this burden, the plaintiff must establish the court's jurisdiction over each defendant through specific allegations in her complaint. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | Under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over each defendant. Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C.Cir.1990). In order to satisfy this burden, a plaintiff must establish the court's jurisdiction over each defendant through specific allegations in her complaint. Kopff v. Battaglia, 425 F.Supp.2d 76, 80–81 (D.D.C.2006). | Does the plaintiff have the burden on a defendant's motion to dismiss for lack of personal jurisdiction to establish that the court does have such jurisdiction? |
| 6093 | Clay v. Deering, 618 A.2d 92, 96 (D.C. 1992) | 4 | Court is not required to grant relief from default judgment for failure to appear due to party's failure to receive notice of pretrial conference when circumstances indicate that movant did not receive actual notice due to his own negligence. Civil Rule 60(b)(6). | A court is not required to grant a 60(b)(6) motion when circumstances indicate that the movant did not receive actual notice due to his own negligence. | Is a court not required to grant relief from default judgment for failure to appear due to a party's failure to receive notice of a pretrial conference? |
| 6094 | Roberts v. Stidham, 19 So. 3d 1155, 1157 (Fla. Dist. Ct. App. 2009) | 3 | When a plaintiff shows good cause for failure to serve process within 120 days, the trial court must extend the time for service and has no discretion to do otherwise. West's F.S.A. RCP Rule 1.070(j). | When a plaintiff shows good cause for failure to serve process within 120 days, the trial court must extend the time for service and has no discretion to do otherwise. | Is the rule governing dismissal of actions for failure to serve process within 120 days designed to be a tool of case management? |
| 6095 | Beto v. Stewart, 213 W. Va. 355, 356, 582 S.E.2d 802, 803 (2003) | 8 | In formulating the appropriate sanction for violation of a discovery rule, trial court initially must identify alleged wrongful conduct and determine if it warrants a sanction, and explain its reasons clearly on the record if it decides a sanction is appropriate. Rules Civ.Proc., Rule 37(b)(2). | In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. | Should a court explain reasons clearly on record if it decides sanction is appropriate? |
| 6096 | Seldomridge v. Gen. Mills Operations, 140 S.W.3d 58, 63–64 (Mo. Ct. App. 2004) | 11 | A dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits. | Seldomridge's claim "with prejudice." jurisdiction must be without prejudice because the court has no authority to decide the case on the merits. | Can a dismissal for lack of subject matter jurisdiction be without prejudice because the court had no authority to decide the case on the merits? |
| 6098 | Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) | 11 | While the other sanction mechanisms only reach certain individuals or conduct, the court's inherent power to impose sanctions extends to a full range of litigation abuses and must continue to exist to fill in the interstices. | While the other sanction mechanisms only reach certain individuals or conduct, "the inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." | "When the court's inherent power to impose sanctions is relied upon, will the court rely on rules or statutes related to reasonable and appropriate sanctions?" |
| 6099 | City of Manchester v. Ryan, 180 S.W.3d 19, 22 (Mo. Ct. App. 2005) | 8 | Public-interest exception to mootness doctrine occurs if an appellate case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. | The second, "public interest," exception occurs if a case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. | Is a dismissal of a case due to mootness discretionary if the case presents an issue that is of general public interest and importance? |

| 6101 | Wimbley v. Jacksonville Moving and Storage Co., 624 So. 2d 323, 324 (Fla. 1st Dist. App. 1993) | 2 | To avoid dismissal for failure to prosecute, there must be record activity constituting affirmative act calculated to hasten suit to judgment. West's F.S.A. RCP Rule 1.420(e). | It is true that in order to avoid dismissal, there must be record activity "constitut[ing] an affirmative act calculated to hasten the suit to judgment." | "To avoid dismissal for failure to prosecute, should there be record activity constituting affirmative act calculated to hasten suit to judgment?" |
|---|---|---|---|---|---|
| 6102 | Stresscon Int'l v. Ralph Merritt Dev. Corp., 368 So. 2d 384, 385 (Fla. Dist. Ct. App. 1979) | 1 | The trial judge may properly dismiss a cause with prejudice for failure of a plaintiff to comply timely with an order of court. | It should first be made clear that a trial judge may properly dismiss a cause with prejudice for failure of a plaintiff to comply timely with an order of the court. | Can the trial judge properly dismiss a cause with prejudice for failure of a plaintiff to comply timely with an order of court? |
| 6105 | State ex rel. Reed v. Reardon, 41 S.W.3d 470, 473 (Mo. 2001) | 4 | In terms of justiciability, a cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. | In terms of justiciability, " '[a] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon an then existing controversy.' | Will a case be moot if a judgment rendered has no practical effect upon an existing controversy? |
| 6107 | Parfi Holding AB v. Mirror Image Internet, 954 A.2d 911, 933 (Del. Ch. 2008) | 3 | When a party makes materially misleading statements to the court in order to gain an advantage, that court has clear authority to dismiss a plaintiff's action for failure to comply with its Rules. | When a party makes materially misleading statements to the court in order to gain an advantage, a court has "clear" authority to dismiss a plaintiff's action for failure to comply with its Rules. | Does that court have authority to dismiss a plaintiff's action for failure to comply with its Rules? |
| 6108 | Kedy v. A.W. Chesterton Co., 946 A.2d 1171, 1183 (R.I. 2008) | 21 | In most cases, when a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground, rather than forum non conveniens. | However, in most cases, when a court can "readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground." Id. [22] [23] [24] The forum non conveniens inquiry consists of a two-prong analysis. | "When a court can readily determine that it lacks jurisdiction over the cause or the defendant, would the proper course be to dismiss on that ground?" |
| 6109 | MBIA Ins. Corp. v. Countrywide Home Loans, Inc., 936 N.Y.S.2d 513, 518 (N.Y. Sup. Ct. 2012) | 1 | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. McKinney's CPLR 3211(b). | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. | What would a plaintiff have to demonstrate when moving to dismiss affirmative defense? |
| 6110 | Giers Imp. Corp. v. Inv. Serv., 235 S.W.2d 355, 358 (Mo. 1950) | 1 | The power to tax is a governmental function inherent in the state and exercised by legislature subject to constitutional limitation, but there are matters governmental in character, including taxation, over which a city may exercise authority delegated to it. | Plaintiffs-appellants are correct in urging that the power to tax is a governmental function inherent in the State (more precisely stated, 'inherent in the sovereign people of the State'), exercised by the legislature subject to constitutional limitation. But there are matters governmental in character, including taxation, over which a city may exercise authority delegated to it. | Do the state department exercising taxing power exercise purely governmental functions? |

| 6111 | Stoker v. Workers' Comp. Fund of Utah, 889 P.2d 409, 411 (1994) | 3 | Workers' Compensation Act is comprehensive statutory scheme that provides remedies for injuries to workers occurring in course of their employment, irrespective of fault, in lieu of common-law tort actions. U.C.A.1953, 35-1-1 et seq. | The Workers' Compensation Act is a comprehensive statutory scheme that provides remedies for injuries to workers occurring in the course of their employment, irrespective of fault, in lieu of common law tort actions. | Is the statutory scheme of the Workers Compensation Act in lieu of common law tort actions? |
| 6112 | Hartford Fire Ins. Co. v. Tucker, 3 Va. App. 116, 121 (1986) | 5 | When rights of a claimant are not at stake, Workers' Compensation Act clearly leaves litigants to their common-law remedies, with pleading requirements, broader discovery, and more stringent rules of evidence not applicable under the Act. Code 1950, § 65.1-1 et seq. | When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies, with the pleading requirements, broader discovery and the more stringent rules of evidence not applicable under the Act. | "When the rights of claimants are not at stake, does the Workers Compensation Act leave litigants to their common law remedies?" |
| 6113 | Comm'r Of Prob. v. Adams, 65 Mass. App. Ct. 725, 731, 843 N.E.2d 1101, 1107 (2006) | 10 | Upon a finding of fraud on the court, judges may enter default judgments, dismiss claims, or dismiss entire actions. | It is well established that, upon a finding of fraud on the court, judges may enter default judgments, dismiss claims, or dismiss entire actions. | "Upon a finding of fraud on the court, can judges enter default judgments, dismiss claims, or dismiss entire actions?" |
| 6114 | W. Auto Supply Co. v. Banner, 288 S.W.2d 402, 404–05 (Mo. App. 1956) | 6 | A cause should not be dismissed as moot where it is disclosed that public interest is involved, even though plaintiff has received precise relief sought as result of defendant's voluntary act. | Plaintiff is correct in asserting that a cause should not be dismissed as moot where it is disclosed that public interest is involved, and this is true even though plaintiff has received the precise relief sought as the result of defendant's voluntary act. | Should a cause be dismissed as moot where it is disclosed that public interest is involved? |
| 6115 | United States v. Chandler, 72 F. Supp. 230, 233 (D. Mass. 1947) | 7 | The statute declaring that whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason, is directed at crime of treason wherever the treasonable acts are committed, whether territorially or extra-territorially, and in so defining the locus of the crime of treason does not violate the constitutional definition thereof. 18 U.S.C.A. § 2381; U.S.C.A.Const. art. 3, § 3. | Section 1 of the Criminal Code, 18 U.S.C.A. 1, reads as follows: 'Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason. ' This statute, if given a natural meaning, seems directed at the crime of treason wherever the treasonable acts are committed, whether territorially or extra-territorially. | Does giving aid and comfort to an enemy outside the United States constitute treason? |
| 6116 | Badette v. Rodriguez, 2014 IL App (1st) 133004, ¶ 16, 22 N.E.3d 1210, 1215 | 2 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of a claim but asserts affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619(a). | A motion to dismiss pursuant to section 2–619 of the Code admits the legal sufficiency of a claim but asserts affirmative matter that defeats the claim. | Will a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of a claim or assert affirmative matter that defeats the claim? |
| 6117 | D & S Builders v. Mickey Const. Co., 524 So. 2d 245, 246 (La. Ct. App. 1988) | 1 | Abandonment proceedings should be given liberal interpretation, and any action or step taken by plaintiff to move case toward judgment should be considered. LSA-C.C.P. art. 561. | Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation, and any action or step taken by a plaintiff to move his case toward judgment should be considered. | Will courts give a liberal interpretation of statute related to abandonment proceeding in favor of any action or step taken by plaintiff to move his case forward? |

| 6118 | Adams ex rel. Andrews v. Kallman, 365 Mich. 519, 522, 113 N.W.2d 773, 774–75 (1962) | 2 | When it appears by record that action by court would be futile, by reason of lapse of time, resulting in a change in circumstances, the case will be dismissed. | We reiterate the rule that when it appears by the record that action by the Court would be futile, by reason of the lapse of time, resulting in a change in circumstances, the case will be dismissed. | "Will a case be dismissed when it appears by record that court would be futile, by reason of lapse of time?" |
| --- | --- | --- | --- | --- | --- |
| 6119 | 527 S. Clinton v. Westloop Equities, 403 Ill. App. 3d 42, 48–49, 932 N.E.2d 1127, 1134 (2010) | 3 | A motion for involuntary dismissal admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim; such a motion should be granted if, after construing the pleadings and supporting documents in a light most favorable to the nonmoving party, the court finds that no set of facts can be proved upon which relief can be granted. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. Cohen v. McDonald's Corp., 347 Ill.App.3d 627, 632, 283 Ill.Dec. 451, 808 N.E.2d 1 (2004). Such a motion should be granted if, after construing the pleadings and *49 supporting documents in a light most favorable to the nonmoving party, the court finds that no set of facts can be proved upon which relief can be granted. | Can the court construe the pleadings and any supporting documentary evidence in the light most favorable to the nonmoving party? |
| 6120 | A.F.P. Enterprises v. Crescent Pork, 243 Ill. App. 3d 905, 912 (Ill. App. Ct. 1993) | 11 | "Affirmative matter" as used in rule governing involuntary dismissal based on certain defects or defenses, means type of defense that either negates alleged cause of action completely or refutes conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from complaint; where affirmative matter is merely evidence upon which defendant expects to contest ultimate fact stated in complaint, rule should not be used. Ill.Rev.Stat.1991, ch. 110, P 2-619(a)(9). | Affirmative matter as used in section 2-619(a)(9) of the Code of Civil Procedure (Code) is a type of defense that either negates an alleged cause of action completely or refutes conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. By contrast, where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact in the complaint, section 2-619(a)(9) should not be used. | Does an affirmative matter include evidence upon which defendant expects to contest an ultimate fact stated in the complaint? |
| 6122 | Sel. Ins. Co. of S.C. v. Cherrytree Companies, Inc., 998 N.E.2d 701, 705 (Ill. App. 3d Dist. 2013) | 2 | When ruling on a motion for involuntary dismissal based on certain defects or defenses, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them, but a court cannot accept as true mere conclusions unsupported by specific facts. | "When ruling on such motions, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them [citation], but a court cannot accept as true mere conclusions unsupported by specific facts." | "Can the legal sufficiency of the complaint be admitted under the ""involuntary dismissal based upon certain defects or defenses"" statute?" |
| 6123 | Fleming v. Barnett Bank of E. Polk Cty., 490 So. 2d 126, 127 (Fla. Dist. Ct. App. 1986) | 2 | Record activity sufficient to preclude dismissal must be an affirmative act that is reasonably calculated to hasten the suit to judgment. | The concern which prompted our en banc hearing is the principle that record activity sufficient to preclude dismissal must be an affirmative act that is reasonably calculated to hasten the suit to judgment. | Should a record activity sufficient to preclude dismissal be an affirmative act that is reasonably calculated to hasten the suit to judgment? |

| 6124 | Patrick Eng'g v. City of Naperville, 2012 IL 113148, ¶ 31 (2012) | 3 | When ruling on motions to dismiss, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them; but a court cannot accept as true mere conclusions unsupported by specific facts. | When ruling on such motions, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them (Doe v. Chicago Board of Education, 213 Ill.2d 19, 23-24, 289 Ill.Dec. 642, 820 N.E.2d 418 (2004)), but a court cannot accept as true mere conclusions unsupported by specific facts... | Will the court accept all well-pleaded facts and any reasonable inferences drawn as true? |
| 6128 | Landon v. Plasencia, 459 U.S. 21, 32 (1982) | 14 | Once an alien gains admission to the United States and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly. | [H]owever, once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly. | Does the constitutional status of an alien change when he gains admission into the United States and begins to develop the ties that go with permanent residence? |
| 6133 | Wright v. Prudential Ins. Co. of Am., 551 S.W.2d 697, 699 (Tenn. 1977) | 3 | It takes both payment of benefits and passage of one year from date of death of insured without filing of claim by beneficiary under the Servicemen's Group Life Insurance Act to discharge insurer's liability under group life policy. 38 U.S.C.A. S 770(b). | It takes both the payment of benefits and the passage of one year from the date of death of the insured without the filing of a claim by a beneficiary under the Act to discharge appellant's liability under the group policy of life insurance. | When will the appellants liability under the group life insurance policy be discharged? |
| 6134 | Triffin v. Dillabough, 448 Pa. Super. 72, 91, 670 A.2d 684, 693 (1996) | 23 | Purpose of Uniform Commercial Code (UCC) is to meet contemporary needs of fast-moving commercial society, and to enhance marketability of negotiable instruments, allowing bankers, brokers and general public to trade in confidence. | Our conclusion is consistent with the purpose of the Uniform Commercial Code "to meet the contemporary needs of a fast moving commercial society," Arcuri v. Weiss, 198 Pa.Super. 506, 510, 184 A.2d 24, 26 (1962), and to "enhance the marketability of negotiable instruments [allowing] bankers, brokers, and the general public to trade in confidence." | Was the Commercial Code formed to enhance the marketability of negotiable instruments? |
| 6136 | Shapera v. Allegheny Cnty., 344 Pa. 473, 477, 25 A.2d 566, 568 (1941) | 4 | The statutory directions for the creation and abolishment of public highways must be strictly complied with, since such highways are within the control of the commonwealth, and counties and townships have no common-law power to build or improve roads. 16 P.S. S 916. | Since, as already indicated, public highways are within the control of the commonwealth and counties and townships do not have any common-law power to build or improve roads, it is well settled that statutory directions for their creation and abolishment must be strictly complied with. | Do counties have common-law power to improve roads? |
| 6137 | Cuka v. State, 80 S.D. 232, 236, 122 N.W.2d 83, 85 (1963) | 2 | In absence of express statutory authorization otherwise, when state acquires private property for highway right of way it merely acquires easement and the title remains in abutting landowner. | However, in the absence of express statutory authorization otherwise, when the state acquires private property for highway right of way it merely acquires an easement and fee title remains in the abutting landowner. | What rights does the state acquire on a highway in the absence of a statutory authority? |

| 6138 | Pioneer Bank & Tr. Co. v. Austin Bank of Chicago, 279 Ill. App. 3d 9, 14 (1996) | 7 | When nature of statements are such that plaintiff must know which statement is true, inconsistent pleading is improper; pleading will be deemed ambiguous, with any doubt resolved against pleader. S.H.A. 735 ILCS 5/2-613(b). | However, when the nature of the statements are such that the plaintiff must know which statement is true, inconsistent pleading is improper; the pleading will be deemed ambiguous, with any doubt resolved against the pleader. | Is inconsistent pleading improper when the nature of the statements are such that the plaintiff must know which statement is true? |
|---|---|---|---|---|---|
| 6139 | Plumpton v. Cont'l Acreage Dev. Co., 743 So. 2d 554, 555 (Fla. Dist. Ct. App. 1999) | 1 | When motion to dismiss for lack of prosecution is filed by defendant, plaintiff must show either active prosecution within preceding year or good cause for his failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | When a motion to dismiss for lack of prosecution is filed by the defendant the plaintiff must show either active prosecution within the preceding year or good cause for his failure to prosecute. | What should a plaintiff show when motion to dismiss for lack of prosecution is filed by a defendant? |
| 6142 | Brister v. Manville Forest Prod., 749 So. 2d 881, 883 (La.App. 2 Cir.,1999) | 2 | Provision governing abandonment of action is to be liberally interpreted and any action or step taken to move the case toward judgment should be considered; provision was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. LSA-C.C.P. art. 561. | Article 561 is to be liberally interpreted and any action or step taken to move the case toward judgment should be considered; article 561 was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. | Should any action or step taken to move a case toward judgment be considered? |
| 6143 | Williamson v. Village of Baskin, 339 So. 2d 474, 476 (La. App. 2d Cir. 1976) | 2 | Person may maintain more than one residence, and fact that one is maintained for political purposes does not itself prevent residence from being actual and bona fide; intent to maintain residence is important factor, but intent alone does not establish bona fide residence; there must be actual, physical use or occupation of quarters for living purposes before residence is established. | A person may maintain more than one residence and the fact that one is maintained for political purposes does not itself prevent the residence from being actual and bona fide. Intent to maintain a residence is an important factor, but intent alone does not establish a bona fide residence. There must be actual, physical use or occupation of quarters for living purposes before residence is established. | Does maintaining a residence for political purposes prevent the residence from being actual or bona fide? |
| 6144 | Barlow v. Cornwell, 125 A.2d 63, 67 (D.C. 1956) | 6 | Generally notice to, or knowledge of, an acting partner with respect to any matter relating to a transaction within the ordinary scope of firm's business is notice or knowledge as to all the partners, however where one member is acting beyond his power, or is conducting a fraud on his partners, or is the person whose duty it is to give his firm notice of what he himself has done, notice on his part is not equivalent to notice by all partners. | It is true, as appellant says, that generally notice to, or knowledge of, an acting partner with respect to any matter relating to a transaction within the ordinary scope of the firm's business is notice or knowledge as to all the partners. 6 This rule however is not without exception. It has been held that "Where one member is acting beyond his power, or is conducting a fraud on his partners, or is the person whose duty it is to give his firm notice of what he himself has done, in all such cases notice on his part is not equivalent to notice by them." | Is knowledge by one partner with respect to any matter relating to a transaction within the ordinary scope of the partnership business considered knowledge to all partners? |

| | | | | | |
|---|---|---|---|---|---|
| 6145 | Dick v. Am. Motors Sales Corp., 14 Ohio App. 3d 322, 323, 471 N.E.2d 521, 522 (1984) | 1 | Trial court has power to dismiss case where litigant fails to meet his duty of compliance with reasonable orders of the court or to diligently prosecute the case. | A trial court has the power to dismiss a case where the litigant fails to meet his duty of compliance with reasonable orders of the court, or to diligently prosecute his case. | Does a trial court have power to dismiss a case where a litigant fails to meet his duty of compliance with reasonable orders of the court? |
| 6146 | Welch v. Henry, 305 U.S. 134, 146 (1938) | 17 | "Taxation" is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract, but it is a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. | Taxation is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract. It is but a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. | Is taxation a way of apportioning the cost of government? |
| 6147 | United States v. Allegheny Cty., Pa., 322 U.S. 174, 184, 64 S. Ct. 908, 914, 88 L. Ed. 1209 (1944) | 7 | Where a federal right is concerned, the Supreme Court is not bound by the characterization given to a state tax by state courts or legislatures, or relieved of duty of considering the real nature of the tax and its effect upon the federal right asserted. | Where a federal right is concerned we are not bound by the characterization given to a state tax by state courts or Legislatures, or relieved by it from the duty of considering the real nature of the tax and its effect upon the federal right asserted. | "Where a federal right is concerned, should the court consider the nature of the tax?" |
| 6148 | Solo v. Chrysler Corp., 408 Mich. 345, 353–54 (1980) | 8 | Though statutory safeguards found in workers' compensation legislation may make equitable relief unnecessary in a particular case, they do not divest the court of its equitable powers altogether. | It may be that the statutory safeguards in the workers' compensation legislation will make equitable relief unnecessary in a particular case. But *354 they are only factors to be considered; they do not divest the court of its equitable powers altogether. | Will the statutory safeguards in the workers' compensation legislation divest the court of its equitable powers? |
| 6149 | Innovative Data Sys. of Louisiana v. Ellender, 316 So. 2d 12, 14 (La. Ct. App. 1975) | 6 | It is permissible for petition to set forth two or more causes of action in the alternative even though legal or factual bases thereof may be inconsistent or mutually exclusive. LSA-C.C.P. art. 892. | In a case such as this, it is permissible that a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. | Can a petition set forth two or more causes of action in the alternative? |
| 6150 | Ferer v. Erickson & Sederstrom, P.C., 272 Neb. 113, 114, 718 N.W.2d 501, 503 (2006) | 13 | While a court's consideration of a motion to dismiss for failure to state a claim is generally confined to the allegations in the complaint, a court may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. Pleading Rule 12(b)(6). | However, while a court's consideration of a rule 12(b) (6) motion is generally confined to the allegations in the complaint, a court may take judicial notice of " 'matters of public record' " without converting a rule 12(b)(6) motion to dismiss into a motion for summary judgment. | Can a court typically look only at face of complaint to decide a motion to dismiss? |
| 6151 | Medley v. Lemmon, 994 N.E.2d 1177, 1182 (Ind. Ct. App. 2013) | 1 | A motion to dismiss a civil complaint for failure to state a claim tests the legal sufficiency of a claim, not the facts supporting it; that is to say, it tests whether the allegations in the complaint establish any set of circumstances under which aplaintiff would be entitled to relief. Trial Procedure Rule 12(B)(6). | A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the facts supporting it. Thus, the motion tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. | "Does a motion to dismiss a complaint for failure to state a claim test the legal sufficiency of a claim, not the facts supporting it?" |

| 6152 | Boyer v. Bedrosian, 57 A.3d 259, 270 (R.I. 2012) | 5 | A motion to dismiss for failure to state a claim challenges the sufficiency of the complaint about whether it fails to state a claim upon which relief can be granted. Superior Court Rules Civ.Proc., Rule 12(b)(6). | A motion under Rule 12(b)(6) challenges the sufficiency of the complaint about whether it fails to state a claim upon which relief can be granted. | Does a motion to dismiss for failure to state a claim challenge the sufficiency of the complaint about whether it fails to state a claim upon which relief can be granted? |
| 6155 | Lainhart v. State, 916 N.E.2d 924, 939 (Ind. Ct. App. 2009) | 31 | Mere proof that the victim is engaged in an act which is not illegal at the time the threat is made is not sufficient to establish Class A misdemeanor intimidation; the state must also establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. West's A.I.C. 35-45-2-1(a). | Mere proof that the victim is engaged in an act which is not illegal at the time the threat is made is not sufficient. Id. The State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. Id. | "When challenging the sufficiency of the evidence of the intimidation element of intent to place the victim in fear of retaliation for prior lawful conduct, is mere proof that the victim is engaged in an act which is not illegal at the time the threat is made sufficient?" |
| 6156 | Nassau v. State, 311 Ga. App. 438, 441 (2011) | 3 | A determination of whether a defendant has committed the crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize. West's Ga.Code Ann. S 16-11-37. | A determination of whether a defendant has committed "[t]he crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize." | Is the determination of whether a defendant has made a terroristic threat focus solely on the conduct of the accused? |
| 6157 | Poirier v. Town of Plymouth, 374 Mass. 206, 220 (1978) | 27 | Workmen's Compensation Act effectively displaced need to apply common-law principles in most cases of employee injury, but common-law principles as to liability continue to have vitality where Act does not apply. M.G.L.A. c. 152 S 1 et seq. | The Workmen's Compensation Act effectively displaced the need to apply common law principles in most cases of employee injury, but the common law principles as to liability continue to have vitality where G.L. c. 152 does not apply. | Did the Workmen's Compensation Act displaced the need to apply common law principles in cases of employee injury? |
| 6163 | Shibata v. Lim, 133 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000) | 11 | Under federal and Florida law, party may allege, in alternative, recovery under express contract and entitlement to equitable relief under theory of unjust enrichment. Fed.Rules Civ.Proc.Rule 8(a)(1), 28 U.S.C.A. | However, both the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment. See Fed.R.Civ.P. 8(a)(1); | "Can a party allege in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment?" |
| 6164 | Elworthy v. First Tennessee Bank, 391 P.3d 1113, 1123 (Wyo. 2017) | 12 | When the complaint shows the existence of a built-in defense, a notice to dismiss lies; in such circumstances, a plaintiff is required to plead the factual allegations that would prevent operation of the built-in defense. | We have held that "[w]hen the complaint shows the existence of a built-in defense, a notice to dismiss lies." Weber v. Johnston Fuel Liners, Inc., 540 P.2d 535, 540 (Wyo. 1975) (citing Vossler v. Peterson, 480 P.2d 393, 394 (Wyo. 1971)).In such circumstances, a plaintiff is required to plead the factual allegations that would prevent operation of the built-in defense. | "When the complaint shows the existence of a built-in defense, does a notice to dismiss lie?" |

| 6169 | Bob Timberlake Collection v. Edwards, 176 N.C. App. 33, 43 (N.C.App., 2006) | 26 | When a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, a motion to dismiss for failure to state a claim will be granted and the action dismissed. Rules Civ.Proc., Rule 12, West's N.C.G.S.A. S 1A-1(b)(6). | Furthermore, when a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, the motion to dismiss will be granted and the action dismissed. | What happens when a complaint states a valid claim and discloses an unconditional affirmative defense which defeats the asserted claim? |
|---|---|---|---|---|---|
| 6170 | Kling v. Landry, 292 Ill. App. 3d 329, 339 (1997) | 23 | Plaintiff's failure to take any action as ordered by trial court evidences want of prosecution by that party, and trial court may dismiss suit for failure of complainant to prosecute it with due diligence. | A plaintiff's failure to take any action as ordered by the trial court evidences want of prosecution by that party, and the trial court may dismiss a suit for the failure of complainant to prosecute it with due diligence. | Can court dismiss suit for failure of complainant to prosecute it with due diligence? |
| 6171 | Kettle Range Conservation Group v. Washington Dep't of Nat. Res., 85 P.3d 894, 904–05 (Wash. App. Div. 2 2003) | 2 | Appellate court may overturn decision of Forest Practices Appeals Board (FPAB) only if agency has erroneously interpreted or applied the law or FPAB's order is not supported by evidence that is substantial when viewed in light of the whole record before the court. West's RCWA 34.05.570(3)(d, e). | The APA governs appeals from Forest Practices Appeals Board decisions. RCW 76.09.230(5). Accordingly, we may overturn the [Board's] decision only if [t]he agency has erroneously interpreted or applied the law or [t]he order is not supported by evidence that is substantial when viewed in light of the whole record before the court. RCW 34.05.570(3)(d), (e). | Under what circumstance can the decision of the Forest Practices Appeals Board (FPAB) be overturned? |
| 6172 | W. Radio Services Co., Inc. v. Allen, 147 F. Supp. 3d 1132, 1145 (D. Or. 2015) | 19 | Under Oregon law, the theory of unjust enrichment provides a remedy where no enforceable contract exists, and (1) one party has conferred a benefit on another, (2) the recipient is aware that a benefit has been received, and (3) under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. | The theory of unjust enrichment provides a remedy where no enforceable contract exists, and, 1) one party has conferred a benefit on another, 2) the recipient is aware that a benefit has been received, and 3) "under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." | What is quasi-contractual claim of unjust enrichment? |
| 6174 | In re Veal, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011) | 16 | Rules to determine who is entitled to enforce promissory note are concerned primarily with maker of note and are designed to provide the maker with relatively simple way of determining whom he must pay in order to avoid defaulting on obligation; in contrast, rules concerning transfer of ownership and other interests in note identify who, among competing claimants, is entitled to the note's economic value, i.e., the value of maker's promise to pay. | This distinction further recognizes that the rules that determine who is entitled to enforce a note are concerned primarily with the maker of the note. They are designed to provide for the maker a relatively simple way of determining to whom the obligation is owed and, thus, whom the maker must pay in order to avoid defaulting on the obligation. UCC 3-602(a), (c). By contrast, the rules concerning transfer of ownership and other interests in a note identify who, among competing claimants, is entitled to the note's economic value (that is, the value of the maker's 26 promise to pay). | Who are the rules that determine who is entitled to enforce a note concerned with? |

| 6175 | Dover Historical Soc. v. City of Dover Planning Comm'n, 838 A.2d 1103, 1110 (Del. 2003) | 6 | In ruling upon a motion to dismiss for failure to state a claim, the relevant universe of facts are ordinarily confined to the allegations of the petition; accordingly, as a general rule, factual matters outside the petition may not be considered in ruling upon a motion to dismiss. Superior Court Civil Rule 12(b)(6). | In ruling upon a Rule 12(b)(6) motion to dismiss, the relevant universe of facts are ordinarily confined to the allegations of the petition. 19 Accordingly, as a general rule, factual matters outside the petition may not be considered in ruling upon a motion to dismiss. | "In ruling upon a motion to dismiss for failure to state a claim, is the relevant universe of facts ordinarily confined to the allegations of the petition?" |
| 6176 | Williams v. Frederick's Est., 7 N.E.2d 384, 386 (Ill. App. 3d Dist. 1937) | 1 | Negotiable notes may be assigned by separate instrument without indorsement so as to vest legal title in assignee provided note is also transferred to assignee by delivery. S.H.A. ch. 98, SS 2, 51, 69. | It is true that a note may be assigned by a separate instrument without indorsement so as to vest the legal title in the assignee, provided, the note is also transferred by delivery to the assignee. | Can a note be assigned by a separate instrument without indorsement so as to vest a legal title in an assignee? |
| 6178 | Arnold v. Goldstein, 344 Mich. 103, 106, 73 N.W.2d 272, 273 (1955) | 1 | One injured while momentarily standing in the highway and when not in motion is not per se guilty of contributory negligence, and the offending party is not exonerated from all duty and from liability by the fact that he is not in motion. | 560, 561, we stated: 'Numerous decisions of courts of last resort hold, and we think they should be followed, that one injured while momentarily standing in the highway and when not in motion is not per se guilty of contributory negligence, and that the offending party is not exonerated from all duty and from liability by the fact that he is not in motion.' | Is one who is injured while momentarily standing in the highway not in motion guilty of contributory negligence? |
| 6180 | Baycon Indus. v. Shea, 714 So. 2d 1094, 1095 (Fla. Dist. Ct. App. 1998) | 2 | Motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on a motion to dismiss a complaint the trial court is confined to consideration of the allegations found within the four corners of the complaint. West's F.S.A. RCP Rule 1.510. | A motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on a motion to dismiss a complaint the trial court is confined to consideration of the allegations found within the four corners of the complaint. | "In ruling on a motion to dismiss, should a trial court confine itself to the four corners of the complaint?" |
| 6181 | Barkany Asset Recovery & Mgmt. v. Sw. Sec. Inc., 41 Misc. 3d 673, 677–78, 972 N.Y.S.2d 458 (N.Y. Sup. 2013) | 1 | Although evidentiary material may be considered in determining the viability of a complaint, the complaint should not be dismissed for failing to state a cause of action unless defendant has established that a material fact alleged by the plaintiff is not a fact at all and that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | Although evidentiary material may be considered in determining the viability of a complaint, the complaint should not be dismissed unless defendant has established "that a material fact alleged by the *678 plaintiff is not a fact at all and that no significant dispute exists regarding it" | Can evidentiary material be considered in determining the viability of a complaint? |

| 6183 | Becky v. Norwest Bank Dillon, N.A., 245 Mont. 1, 8, 798 P.2d 1011, 1015–16 (1990) | 5 | Party moving for dismissal for failure to prosecute must demonstrate that plaintiff has delayed action on a claim for an unreasonable period of time and once delay has been shown, plaintiff must proffer a reasonable excuse for the delay; an unreasonable delay raises a presumption of prejudice and defendant is under no obligation to demonstrate injury from the delay, but if plaintiff comes forward with a reasonable excuse for the delay, burden shifts to defendant to show actual prejudice. Rules Civ.Proc., Rule 41(b). | The party moving for dismissal must demonstrate that the plaintiff has delayed action on the claim for an unreasonable period of time. Once an unreasonable delay has been shown, the plaintiff must proffer a reasonable excuse for the delay. Calaway v. Jones, 177 Mont. 516, 520, 582 P.2d 756, 758 (1978). An unreasonable delay raises a presumption of prejudice to the defendant, and the defendant is under no obligation to demonstrate injury from the delay. Shackelton, 207 Mont. at 102, 672 P.2d at 1115. However, if the plaintiff comes forward with a reasonable excuse for the delay, the burden shifts to the defendant to show actual prejudice. | "Should party moving for dismissal for failure to prosecute, demonstrate that plaintiff has delayed action on a claim for an unreasonable period of time?" |
| 6184 | Sabel v. Mead Johnson & Co., 737 F. Supp. 135, 138 (D. Mass. 1990) | 3 | Agency relationship has three essential characteristics: power of agent to alter legal relationships between principal and third parties and principal and himself, existence of fiduciary relationship toward principal with respect to matters within scope of agency, and right of principal to control agent's conduct with respect to matters within scope of agency. | An agency relationship has three essential characteristics: 1) the power of the agent to alter the legal relationships between the principal and third parties and the principal and himself; 2) the existence of a fiduciary relationship toward the principal with respect to matters within the scope of the agency; and 3) the right of the principal to control the agent's conduct with respect to matters within the scope of the agency. | What are the essential characteristics of an agency? |
| 6186 | Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv., 378 F.3d 1059, 1071 (9th Cir. 2004) | 8 | In the context of agency review, the role of harmless error is constrained; the doctrine may be employed only when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached. | In the context of agency review, the role of harmless error is constrained. The doctrine may be employed only "when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached." | When can the harmless error doctrine be employed? |
| 6189 | Bilbrey v. Smithers, 937 S.W.2d 803, 808–09 (Tenn. 1996) | 7 | When one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title, and privies of grantor or grantee are estopped to same extent as original parties to deed. | "Where one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title." Spicer v. Kimes, 25 Tenn.App. 247, 156 S.W.2d 334, 337 (1941). "The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed." | "Where one recognizes another's title or is instrumental in another's acquiring title, is he estopped to afterwards deny that title?" |

| 6190 | Aspenhof Corp. v. State Tax Comm'n of Missouri, 789 S.W.2d 867, 869 (Mo. Ct. App. 1990) | 7 | Methods of calculating true value in money when assessing property include sales comparison or market data approach, income approach, replacement cost approach, and cost of construction approach; method used depends on several variables inherent in highest and best use of property in question. | There are several methods to calculate true value in money when assessing property: the sales comparison or market data approach, the income approach, the replacement cost approach, and the cost of construction approach, to name just four. St. Louis County v. Security Bonhomme, Inc., 558 S.W.2d 655, 659 (Mo. banc 1977). The method used depends on several variables inherent in the highest and best use of the property in question. | What are the methods used to calculate true value in money when assessing property or real estate? |
| 6191 | Plaza PH2001 LLC v. Plaza Residential Owner LP, 947 N.Y.S.2d 498, 505 (N.Y. App. Div. 1st Dept. 2012) | 6 | Amended complaint must be analyzed as must any complaint on a motion to dismiss, construing the complaint liberally, accepting as true the facts alleged, and according the plaintiff the benefit of every possible inference. McKinney's CPLR 3211. | The amended complaint must therefore be analyzed must any complaint on a CPLR 3211 motion; we construe the complaint liberally, accepting as true the facts alleged, and according plaintiff the benefit of every possible inference (see 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 151–152, 746 N.Y.S.2d 131, 773 N.E.2d 496 [2002] ). | Should an amended complaint be analyzed as must any complaint on a motion to dismiss? |
| 6192 | McWhirter Reeves, etc. v. Weiss, 704 So. 2d 214, 215 (Fla. Dist. Ct. App. 1998) | 1 | Motion to dismiss tests legal sufficiency of complaint to state a cause of action and is not intended to determine issues of ultimate fact. West's F.S.A. RCrP Rule 1.140(b)(6). | [1] [2] A motion to dismiss, filed pursuant to Florida Rule of Civil Procedure 1.140(b)(6), tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact. | Does a motion to dismiss test the legal sufficiency of complaint to state a cause of action? |
| 6193 | Defalco v. Off. of Ct. Mgt., 57 N.E.3d 1065 (Mass. App. 2016) | 2 | Judges may consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment. Rules Civ.Proc., Rule 10(b), 43A M.G.L.A. | Moreover, judges may consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment. | Can judges consider exhibits attached to a complaint without converting a motion to dismiss to one for summary judgment? |
| 6194 | Cumberland Farms, Inc. v. Dubois, 154 Conn. App. 448, 107 A.3d 995, 457 (Conn. App. Ct. 2014) | 7 | If a pleading on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to dismiss, by contrast, properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | "[I]f a pleading ... on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required.... A motion to dismiss, by contrast, properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." | "If a pleading on its face is legally insufficient, is a motion to strike required?" |
| 6195 | Admiral Oriental Line v. United States, 86 F.2d 201, 202 (2d Cir. 1936) | 1 | An agent, compelled to defend a baseless suit, grounded on acts performed in his principal's business, may recover from principal expenses of his defense. | An agent, compelled to defend a baseless suit, grounded upon acts performed in his principal's business, may recover from the principal the expenses of his defense. | "Can an agent recover from the principal the expenses incurred to defend a baseless suit, grounded upon acts performed in his principal's business?" |

| | | | | | |
|---|---|---|---|---|---|
| 6199 | Tactuk v. Freiberg, 261 N.Y.S.2d 438, 439 (N.Y. App. Div. 2d Dept. 1965) | 1 | Rules providing for dismissal of abandoned cases are not intended to apply where litigation is actually in progress. Supreme Ct. Rules, N.Y. and Queens Counties, rule 2(e); CPLR Rule 3404. | Rule II(e) of the rule for the Supreme Court, Queens County, and CPLR 3404, both of which provide for the dismissal of abandoned cases, suggest a 'presumption;' they were not intended to apply where litigation is 'actually in progress' (Marco v. Sachs, 10 N.Y.2d 542, 550, 226 N.Y.S.2d 353, 357, 181 N.E.2d 392, 395). | Are rules providing for dismissal of abandoned cases intended to apply where litigation is actually in progress? |
| 6200 | O'Callaghan v. Satherlie, 2015 IL App (1st) 142152, ¶ 19 (2015) | 9 | A motion to dismiss based on defects or defenses provides that the motion must be supported by affidavit where the grounds for the motion do not appear on the face of the complaint. S.H.A. 735 ILCS 5/2-619. | In comparison, section 2-619 permits dismissal based on certain defects or defenses, and provides that the motion must be supported by affidavit where the grounds for the motion do not appear on the face of the complaint. | Should a motion to dismiss based on defects or defenses provides that the motion be supported by an affidavit where the grounds for the motion do not appear on the face of the complaint? |
| 6201 | Moening v. Alaska Mut. Bank, 751 P.2d 5, 8 (Alaska 1988) | 8 | When note is executed and secured by deed of trust, documents are read and construed together as one contract to ascertain parties' intent. | When a note is executed and secured by a deed of trust, the documents are *9 read and construed together as one contract to ascertain the parties' intent. | "When a note is executed and secured by a deed of trust, is the documents read and construed together as one contract?" |
| 6221 | Fiona C. v. Kevin L., 166 Conn. App. 844, 851, 143 A.3d 604, 608 (2016) | 7 | Stalking in the second degree includes the following elements: (1) that the defendant acting knowingly, (2) that the defendant engaged in a course of conduct directed at the victim, and (3) that such conduct would cause a reasonable person to fear for his or her physical safety or for the physical safety of a third person. C.G.S.A. S 53a-181d(b)(1). | "Stalking in the second degree under 53a-181d (b)(1) includes the following elements: (1) that the respondent acting knowingly, (2) that the respondent engaged in a course of conduct directed at the victim, and (3) that such conduct would cause a reasonable person to fear for his or her physical safety or for the physical safety of a third person." | What are the elements of stalking in the second degree? |
| 6222 | State v. Rio, 38 Wash. 2d 446, 451 (1951) | 4 | A servant, or boarder, or joint occupant of a room is guilty of burglary if he exceeds his rights either with respect to time of entering or room into which he enters, and a servant, or a guest or boarder, with right to be in house, may be convicted of burglary on proof that he broke and entered at a time or place beyond his authority. Rem.Rev.Stat. S 2579. | A servant, or boarder, or joint occupant of a room, * * * is guilty of burglary if he exceeds his rights either with respect to the time of entering or the room into which he enters; and a servant, or a guest or boarder, with the right to be in the house, may be convicted of burglary on proof that he broke and entered at a time or place beyond his authority.' | When is a servant guilty of burglary? |
| 6223 | Ebbets Partners, Ltd. v. Day, 171 Ohio App. 3d 20, 22 (Ohio App. 2007) | 3 | Dismissal without prejudice relieves the trial court of all jurisdiction over the matter, and the action is treated as though it had never been commenced. | Furthermore, "[a] dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced." | "Does a dismissal without prejudice relieve the trial court of all jurisdiction over the matter, and the action is treated as though it had never been commenced?" |

| 6224 | Cardiff Equities, Inc. v. Superior Court, 166 Cal. App. 4th 1541, 1550, 83 Cal. Rptr. 3d 699, 707 (2008) | 5 | A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. West's Ann.Cal.C.C.P. S 581. | "A dismissal 'without prejudice' necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. | "Does a dismissal ""without prejudice"" necessarily mean without prejudice to the filing of a new action on the same allegations?" |
| 6225 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 2 | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | An essential element of proof of agency is that the alleged principal has both the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task. | "Can the right to control the means by which the agent will accomplish the task, be an essential element of proof of agency?" |
| 6226 | Zilinmon v. State, 216 S.E.2d 830, 833 (Ga. 1975) | 11 | Prohibition against the making of illegal threats for purpose of terrorizing another does not include situations where overt acts are done to carry out the threat. | The statute making illegal threats for the purpose of terrorizing another, does not include situations where overt acts are done to carry out the threat. | Does the prohibition against the making of illegal threats for the purpose of terrorizing another include situations where overt acts are done to carry out the threat? |
| 6228 | Hilligoss v. Illini Cablevision of Illinois, 294 Ill. App. 3d 282, 288, 689 N.E.2d 650, 654 (1998) | 2 | On motion to dismiss in which defect is claim is not apparent on face of pleading attacked, motion must be supported by affidavit or documents of similar nature such as depositions and answers to interrogatories. S.H.A. 735 ILCS 5/2-619(a)(9). | Where the defect is not apparent on the face of the pleading attacked, the motion must be supported by affidavit or documents of a similar nature such as depositions and answers to interrogatories. | "On motion to dismiss in which a defect in a claim is not apparent on a face of a pleading attacked, should a motion be supported by affidavit?" |
| 6230 | Singer v. Florida Paving Co., Inc., 459 So. 2d 1146, 1148 (Fla. Dist. Ct. App. 1984) | 4 | Even though a counterclaim has been dismissed with prejudice, it may be refiled as an independent action while the initial lawsuit remains pending. West's F.S.A. RCP Rule 1.420(b). | Even though a counterclaim has been dismissed with prejudice, it may be refiled as an independent action while the initial lawsuit remains pending. | "Even though a counterclaim has been dismissed with prejudice, can it be refiled as an independent action while the initial lawsuit remains pending?" |
| 6235 | Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 271 (D. Del. 1989) | 14 | Pure agency relationship may develop between two corporations whether they are two parent and subsidiary or completely unrelated outside of limited agency setting since complete or general domination and control of agent by principal is not required. | The pure agency relationship may develop whether the two separate corporations are parent and subsidiary or are completely unrelated outside of the limited agency setting. Phoenix Canada Oil v. Texaco, 842 F.2d at 1477-78. Complete or general domination and control of the agent by the principal is not required. | Can an agency relationship develop if two separate corporations are completely unrelated outside of the limited agency setting? |
| 6237 | Tomlinson v. G.E. Capital Dealer Distrib. Fin., 624 So. 2d 565, 567 (Ala. 1993) | 1 | Test for determining existence of agency relationship under doctrine of respondeat superior is whether alleged principal reserved right of control over manner of alleged agent's performance. | The test for determining the existence of an agency relationship under the doctrine of respondeat superior is whether the alleged principal reserved a right of control over the manner of the alleged agent's performance. | What is the test for determining the existence of an agency relationship under the doctrine of respondeat superior? |

| 6241 | Toll v. Moreno, 458 U.S. 1, 10, 102 S. Ct. 2977, 2982, 73 L. Ed. 2d 563 (1982) | 1 | Federal authority to regulate status of aliens derives, inter alia, from federal government's constitutional powers to establish uniform rule of naturalization and to regulate commerce with foreign nations and from its broad authority over foreign affairs. U.S.C.A.Const.Art. 1, S 8, cls. 3, 4. | Federal authority to regulate the status of aliens derives from various sources, including the Federal Government's power "[t]o establish [a] uniform Rule of Naturalization," U.S.Const., Art. I, § 8, cl. 4, its power "[t]o regulate Commerce with foreign Nations", id., cl. 3, and its broad authority over foreign affairs, see United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 318, 57 S.Ct. 216, 220, 81 L.Ed. 255 (1936); Mathews v. Diaz, supra, at 81, n. 17, 96 S.Ct., at 1892, n. 17; Harisiades v. Shaughnessy, 342 U.S. 580, 588–589, 72 S.Ct. 512, 518–519, 96 L.Ed. 586 (1952). | Does the federal government have the constitutional power to establish a uniform rule of naturalization? |
| 6242 | Purdy and Fitzpatrick v. State, 456 P.2d 645, 652 (Cal. 1969) | 3 | State can neither add to nor take from conditions lawfully imposed by Congress on admission, naturalization and residence of aliens in United States or several states. Immigration and Nationality Act, S 101 et seq., 8 U.S.C.A. S 1101 et seq.; U.S.C.A.Const. art. 1, S 8, cl. 4. | Under such circumstances the state statute encroaches upon the federal power over immigration; a state 'can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states.' | Can states add to or take from the conditions lawfully imposed by Congress upon the naturalization of aliens in the United States? |
| 6243 | Arizona v. United States, 567 U.S. 387, 394–95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the federal government have the power to establish a uniform rule of naturalization? |
| 6246 | Manassas Park Dev. Co. v. Offutt, 203 Va. 382, 384 (1962) | 2 | Material facts constituting cause of action must be stated by direct and positive allegations clearly informing opposite party of true nature of claim he is to meet, but alternative pleading is permitted where pleader has no knowledge as to which of two sets of facts should be alleged, and opposite party would be equally liable under either. Supreme Court of Appeals Rules, rule 3:18. | It is not even debatable that under the general rule of pleading, and Rule 3:18 of the rules of this Court, material facts constituting a cause of action shall be stated by direct and positive allegations clearly informing **31 the opposite party of the true nature of the claim he is to meet. But alternative pleading is permitted as a modification of the general rule where the pleader has no knowledge as to which of two sets of facts should be alleged and the opposite party would be equally liable under either. | Should material facts be stated positively and directly? |

| | | | | | |
|---|---|---|---|---|---|
| 6247 | Kemp-Golden v. Department of Children & Family Services, 281 Ill. App. 3d 869, 879 (1996) | 13 | Once defendant has satisfied its burden of going forward on its motion asserting affirmative defense, if plaintiff cannot establish defense is unfounded, motion may properly be granted. S.H.A. 735 ILCS 5/2-619(A)(9). | Once a defendant has satisfied its burden of going forward on its motion asserting an affirmative defense, if the plaintiff cannot establish the defense is unfounded, the motion may properly be granted. | Will a motion be granted once defendant satisfies its burden of going forward on its motion asserting affirmative defense? |
| 6248 | Goldberg v. Brooks, 409 Ill. App. 3d 106, 112, 948 N.E.2d 1108, 1114 (2011) | 11 | While affirmative matter in motion for involuntary dismissal must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. S.H.A. 735 ILCS 5/2-619. | While affirmative matter must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. | Can the court accept facts in affidavit if they dispute allegations of complaint and are not contradicted via counter affidavit? |
| 6250 | Gardner v. Hollifield, 96 Idaho 609, 611 (1975) | 4 | If affirmative defense is not disclosed by complaint itself defense may not be raised by motion to dismiss except for matters outside the pleading are presented to and not excluded by court, in which case, the motion shall be treated as one for summary judgment. Rules of Civil Procedure, rule 12(b)(6). | If an affirmative defense is not disclosed by the complaint itself, the defense may not be raised by motion to dismiss, except where 'matters outside the pleading are presented to and not excluded by the court,' in which case 'the motion shall be treated as one for summary judgment.' | When can a motion be treated as one for summary judgement? |
| 6254 | Knight v. Trent, 739 S.W.2d 116, 120 (Tex. App. 1987) | 7 | Term "failure," referred to in Rule 165a(2), is not failure to appear at show cause hearing, but failure to show cause why suit should not be dismissed for want of prosecution, and Rule 165a(2)'s mandatory reinstatement requirement is not triggered until cause is shown why suit should have been dismissed for said want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 2. | The "failure" referred to in *120 rule 165a(2) is not the failure to appear at the show cause hearing, but the failure to show cause why the cause of action should not be dismissed and rule 165a(2)'s mandatory reinstatement requirement is not triggered until appellants have shown cause why the case should not be dismissed for want of prosecution. | "Is a term ""failure,"" referred to in Rule 165a(2), not failure to appear at a show cause hearing?" |
| 6255 | Price v. Firestone Tire Rubber Co., 700 S.W.2d 730, 732 (Tex. App. 1985) | 1 | Trial court may dismiss suit for want of prosecution pursuant to either statutory authority of Civil Procedure Rule 165a or trial court's "inherent power." Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The trial court may dismiss a suit for want of prosecution pursuant to either the statutory authority of Rule 165a of the Texas Rules of Civil Procedure or the trial court's "inherent power". | "Does a Civil Procedure Rule control reinstatement procedure for all cases, whether dismissed pursuant to that rule or pursuant to a court's inherent power?" |

| 6258 | Skinner v. E.F. Hutton & Co., Inc., 333 S.E.2d 236, 238 (N.C. 1985) | 1 | Motion to dismiss under Civil Rule 12(b)(6), for failure to state any claim upon which relief might be granted, tests legal sufficiency of complaint and in ruling on motion, allegations of complaint must be viewed as admitted, and on that basis court must determine as matter of law whether allegation states claim for which relief may be granted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | On appeal we review the holding of the Court of Appeals that the trial court was required to grant the defendants' motion to dismiss under N.C.G.S. 1A–1, Rule 12(b)(6) for failure to state any claim upon which relief might be granted. Such a motion tests the legal sufficiency of the complaint, and in ruling on "the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." | When will a motion be granted and the action dismissed? |
| 6259 | Webber v. St. Louis Cnty., No. ED 94271, 2010 WL 4628625, at *3 (Mo. App. E. Dist. Nov. 16, 2010) | 3 | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred. V.A.M.R. 55.08. | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes "on its face and without exception" that the defense applies and the claim is barred. | Can the petition be dismissed unless it establishes on its face without exception that the defense applies? |
| 6260 | Nguyen v. Grain Valley R-5 Sch. Dist., 353 S.W.3d 725, 729 (Mo. Ct. App. 2011) | 2 | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred. | Where an affirmative defense is asserted in a motion to dismiss, a trial court may dismiss the petition only if the petition clearly establishes "on its face and without exception" that the defense applies and the claim is barred. | Can the petition be dismissed unless it establishes on its face without exception that the defense applies? |
| 6262 | State v. Chillingworth, 106 Fla. 323, 327 (1932) | 5 | Though judgment dismissing law action not involving merits does not bar subsequent action, such judgment is sufficient disposition of cause to deprive court of jurisdiction to reinstate it after expiration of term. | While a judgment dismissing an action at law not involving the merits is not a bar to a subsequent action and the same rule applies also to a judgment or nonsuit of a nolle prosequi, 2 such judgment is nevertheless a sufficient disposition of the cause then pending to deprive the court of jurisdiction to reinstate it after the expiration of the term of court at which the judgment of dismissal was property entered. | Does a judgment dismissing a law action not involving merits bar subsequent action? |
| 6263 | Cislaw v. Southland Corp., 6 Cal. Rptr. 2d 386, 388 (Cal. App. 4th Dist. 1992) | 1 | General rule is where franchise agreement gives franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. | The general rule is where a franchise agreement gives the franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. | Will an agency relationship exist when a franchise agreement gives the franchisor the right of complete control over the franchisee? |

| 6264 | City of Chicago v. Barnett, 404 Ill. 136, 142, 88 N.E.2d 477, 481 (1949) | 13 | A "broker," as distinguished from agent, sustains no fixed and permanent employment by or in relation to any principal, but holds himself out for employment by public generally, is employment being that of special agent for single object, whereas an agent sustains fixed and permanent relation to his principal and owes permanent and continued allegiance. | A broker is distinguished from an agent in that a broker sustains no fixed and permanent employment by, or relation to, any principal, but holds himself out for employment by the public generally, his employment in each instance being that of special agent for a single object, El Reno Wholesale Grocery Co. v. Stocking, 293 Ill. 494, 127 N.E. 642, whereas an agent sustains a fixed and permanent relation to the principal he represents and owes a permanent and continued allegiance. | Do brokers have a fixed and permanent employment relation to the principal? |
| 6265 | Baker v. Fenley,  233 Mo. App. 998, 128 S.W.2d 295, 297 (1939) | 1 | An "agency" is the legal relation which arises when one party, called the "agent," is authorized to represent and act for another party, called the "principal," in bringing or to aid in bringing such principal in contractual relation with a third person, however such authority may be conferred. | An "agency is the legal relation which arises when one party, called the 'agent,' is authorized to represent and act for another party, called the 'principal,' in bringing or to aid in bringing such principal in contractual relation with a third person, however such authority may be conferred." | Can authority to represent another be conferred? |
| 6266 | van't Rood v. Cnty. of Santa Clara, 6 Cal. Rptr. 3d 746, 765 (Cal. App. 6th Dist. 2003) | 36 | An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent, and the fact that the parties had a preexisting relationship is not sufficient to make one party the agent for the other. West's Ann.Cal.Civ.Code S 2295. | "The fact that parties had a preexisting relationship is not sufficient to make one party the agent for the other.... [Citation.] An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent. [Citation.]" | Is a preexisting relationship sufficient to make one party the agent for the other? |
| 6267 | Ransom v. A.B. Dick Co., 289 Ill. App. 3d 663, 672 (1997) | 11 | While particular relationships may constitute fiduciary relationships as matter of law, fiduciary relationship and its attendant duties may also arise as result of special circumstances of parties' relationship, where one party places trust in another so that the latter gains superiority and influence over the former. | Particular relationships, such as attorney-client and principal-agent, constitute fiduciary relationships as a matter of law. Additionally, a fiduciary relationship and the attendant duties may arise as a result of the special circumstances of the parties' relationship, where one party places trust in another so that the latter gains superiority and influence over the former. | Can a fiduciary relationship arise from special circumstances of the parties' relationship? |
| 6270 | van't Rood v. Cnty. of Santa Clara, 6 Cal. Rptr. 3d 746, 765 (Cal. App. 6th Dist. 2003) | 36 | An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent, and the fact that the parties had a preexisting relationship is not sufficient to make one party the agent for the other. West's Ann.Cal.Civ.Code S 2295. | "The fact that parties had a preexisting relationship is not sufficient to make one party the agent for the other.... [Citation.] An agency is proved by evidence that the person for whom the work was performed had the right to control the activities of the alleged agent. [Citation.]" | Can the fact that the parties had a preexisting relationship make one party the agent for the other? |

| 6273 | Arizona v. United States, 567 U.S. 387, 394–95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the government have the power to establish uniform rules of naturalization? |
|---|---|---|---|---|---|
| 6276 | Town of Plainfield v. Paden Engineering Co., 943 N.E.2d 904, 915 (Ind. Ct. App. 2011) | 16 | While insurance contracts are in many respects similar to surety contracts, there is a wide difference between the two kinds of contracts; insurance has been defined as a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event, whereas a contract of suretyship is one to answer for the debt, default, or miscarriage of another. | While insurance contracts are in many respects similar to surety contracts, there is a "wide difference between the two kinds of contracts." Id. "Insurance has been defined as a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event; whereas a contract of suretyship is one to answer for the debt, default, or miscarriage of another[.]" | What is the difference between surety and insurance contracts? |
| 6278 | Expocorp v. Hyatt Mgt. Corp. of New York, Inc., 520 N.Y.S.2d 579, 579 (N.Y. App. Div. 2d Dept. 1987) | 1 | To warrant dismissal, defense grounded on documentary evidence must be complete one, leaving no genuine triable issues of fact. | To warrant dismissal, a defense grounded on documentary evidence must be a complete one, leaving no genuine triable issues of fact (see, Suburban Broadcasting Corp. v. RCA Corp., 51 A.D.2d 785, 379 N.Y.S.2d 486). | Should defense on documentary evidence be complete to warrant dismissal leaving no genuine triable issues of fact? |
| 6282 | Bailey v. Gitt, 135 N.C. App. 119, 121, 518 S.E.2d 794, 795 (1999) | 5 | Dismissal of claims for certain types of damages by the trial court in a wrongful death action does not necessarily dismiss the underlying allegation of negligence upon which the claim is predicated; however, a claim for negligence cannot be split into its various kinds of damages. G.S. S 28A-18-2. | Dismissal of claims for certain types of damages by the trial court does not necessarily dismiss the underlying allegation of negligence upon which the claim is predicated; however, a claim for negligence cannot be split into its various kinds of damages. | Can a claim for negligence be split into various kinds of damages? |
| 6283 | Mason v. State ex Rel. Bd. of Regents, 23 P.3d 964, 967–68 (2000) | 3 | When a petition is dismissed for failure to state a claim, the plaintiff must be granted leave to amend the pleading if the defect can be remedied. 12 Okl.St.Ann. S 2012, subd. G. | When a petition is dismissed for failure to state a claim, the plaintiff must be granted leave to amend the pleading if the defect can be remedied. *968 12 O.S.1991 2012(G). | "When District Court grants motion to dismiss for failure to state claim, should it grant a plaintiff leave to file an amended petition if a defect can be remedied?" |

| 6284 | VanMatre v. State, 714 N.E.2d 655, 658 (Ind. App. 1999) | 4 | In order to prove intimidation as class C felony, state must allege and prove that defendant: (1) communicated threat; (2) to another person; (3) with intent that other person be placed in fear of retaliation for prior lawful act; (4) while armed with deadly weapon. West's A.I.C. 35-45-2-1(b)(2). | In order to prove Intimidation in the instant case, the State was required to allege and prove that the defendant: (1) communicated a threat; (2) to another person; (3) with the intent that the other person be placed in fear of retaliation for a prior lawful act; (4) while armed with a deadly weapon. | In order to prove intimidation what must the state show? |
| 6285 | Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874, 877 (Minn. App. 1999) | 4 | A criminal adjudication followed by a civil forfeiture, or vice versa, only violates double jeopardy provisions if the forfeiture constitutes punishment. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "[A] criminal adjudication followed by a civil forfeiture, or vice versa, only violates double jeopardy provisions if the forfeiture constitutes 'punishment.' " | "Does a criminal adjudication followed by a civil forfeiture, or vice versa, only violate double jeopardy provisions if the forfeiture constitutes punishment?" |
| 6286 | Schug v. Nine Thousand Nine Hundred Sixteen Dollars & Fifty Cents in U.S. Currency, 669 N.W.2d 379, 384 (Minn. Ct. App. 2003) | 6 | A criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy provisions only if the forfeiture constitutes punishment. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "[A] criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy provisions only if the forfeiture constitutes 'punishment.' " | "Does a criminal adjudication followed by a civil forfeiture, or vice versa, only violate double jeopardy provisions if the forfeiture constitutes punishment?" |
| 6287 | People v. Dahlberg, 355 Ill. App. 3d 308, 312 (2005) | 6 | Reprosecution of a defendant following the declaration of a mistrial is constitutionally permissible if: (1) the mistrial was attributable to the defendant by virtue of his motion or consent; or (2) the mistrial was warranted by "manifest necessity." | Accordingly, reprosecution of a defendant following the declaration of a mistrial is constitutionally permissible if (1) the mistrial was attributable to the defendant by virtue **654 ***362 of his motion or consent; or (2) the mistrial was warranted by "manifest necessity." | Is reprosecution of a defendant following the declaration of a mistrial constitutionally permissible if the mistrial was attributable to the defendant by virtue of his motion or consent? |
| 6289 | VanHouten v. Mt. St. Mary College, 28 N.Y.S.3d 433, 435 (N.Y. App. Div. 2d Dept. 2016) | 4 | Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously, or whether it substantially complied with its own rules and regulations. | Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously, or whether it substantially complied with its own rules and regulations | Is judicial review of the actions of a private school in disciplinary matters limited? |
| 6290 | Antenucci v. Hartford Roman Catholic, 142 Conn. 349, 355–56, 114 A.2d 216, 219 (Conn. 1955) | 4 | Highway is nothing but an easement, comprehending merely right of all individuals in community to pass and repass, with incidental right in public to do all of acts necessary to keep it in repair. | 'A highway is nothing but an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right in the public to do all of the acts necessary to keep it in repair.' *356 Peck v. | Is a highway an easement comprehending merely the right of all the individuals in the community to pass and repass? |
| 6291 | Ham v. Strenzke Realty Co., 218 La. 499, 506 (1950) | 1 | The opening or laying out of a road has the effect of vesting in police jury of parish only a right of passage or a servitude over the land, the fee remaining in owner of soil. | 3369 of the Revised Statutes of 1870 has the effect of vesting in the Police Jury of the Parish only a right of passage or a servitude over the land, the fee remaining in the owner of the soil. | Does the opening or laying out of a road vest in the Police Jury a right of passage over the land? |

| 6292 | Allen v. Encore Energy Partners, L.P., 72 A.3d 93, 104 (Del. 2013) | 9 | When interpreting limited partnership agreements, court gives words their plain meaning unless it appears that the parties intended a special meaning. | When interpreting limited partnership agreements, we give words their plain meaning unless it appears that the parties intended a special meaning. | "When interpreting limited partnership agreements, should the words be given their plain meaning unless it appears that the parties intended a special meaning?" |
|---|---|---|---|---|---|
| 6294 | Higginbotham v. Pub. Serv. Comm'n of Maryland, 171 Md. App. 254, 275, 909 A.2d 1087, 1099 (2006) | 25 | It is within the court's discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal, and court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion. | It is within the court's discretion to grant the plaintiff leave to amend his or her complaint to attempt to remedy the defects that led to dismissal.G & H Clearing and Landscaping v. Whitworth, 66 Md.App. 348, 356 n. 5, 503 A.2d 1379 (1986); Gaskins v. Marshall Craft Associates, Inc., 110 Md.App. 705, 716, 678 A.2d 615 (1996). "[T]he circuit court's decision to deny leave to amend will be reversed only upon a finding that the court abused that discretion." McMahon v. Piazze, 162 Md.App. 588, 598, 875 A.2d 807 (2005). | Is it within the court's discretion to grant a plaintiff leave to amend complaint to remedy defects that led to dismissal? |
| 6295 | Workman v. Anderson Music Co., 149 P.3d 1060, 1064 (Okla. App. Div. 1 2006) | 6 | Because dismissal statute provides that the trial court shall grant leave to amend if the defect can be remedied, the duty is mandatory. 12 Okl.St.Ann. S 2012(G). | "Because the statute provides that the trial court 'shall' grant leave to amend if the defect can be remedied, the duty is mandatory." | "Because a dismissal statute provides that the trial court shall grant leave to amend if the defect can be remedied, is the duty mandatory?" |
| 6297 | Gladstone v. Smith,  729 So. 2d 1002, 1003 (Fla. App. 1999) | 4 | Claim should not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. | A claim should not be dismissed with prejudice "without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action." | Should a claim not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading? |
| 6298 | Nevada Interstate Properties Corp. v. City of W. Palm Beach, 747 So. 2d 447, 448 (Fla. Dist. Ct. App. 1999) | 3 | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | It is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a claim not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading? |
| 6304 | Yusem v. People, 210 P.3d 458, 465 (Colo. 2009) | 9 | When prior act evidence is used to rebut a claim of self-defense against the charge of felony menacing, the question for the jury is whether the defendant used the gun to defend himself or whether he acted only to menace his victim. Rules of Evid., Rule 404(b). | When prior act evidence is used to rebut a claim of self-defense against the charge of felony menacing, the question for the jury is whether the defendant used the gun to defend himself or whether he acted only to menace his victim. | Can a self-defense claim for a charge of felony menacing uses prior act evidence? |

| 6305 | Com. v. Magliocco, 584 Pa. 244, 265–66, 883 A.2d 479, 492 (2005 | 7 | Commonwealth is not required to secure a formal conviction for the predicate crime of terroristic threats in order to secure a conviction for ethnic intimidation based upon such terroristic threats; indeed, the Commonwealth need not formally charge the defendant with the predicate offense, as long as it makes clear which offense it is pursuing as the predicate offense for purposes of the ethnic intimidation charge, and the factfinder is so made aware and, in the case of a jury, so charged. 18 Pa.C.S.A. SS 2706, 2710(a). | We agree with the Commonwealth that it was not required to secure a formal conviction for the predicate crime of terroristic threats in order to secure a conviction for ethnic intimidation based upon such terroristic threats. Indeed, as we read the statute, the Commonwealth need not formally charge the defendant with the predicate offense, as long as it makes clear which offense it is pursuing as the predicate *266 offense for purposes of the ethnic intimidation charge, and the factfinder is so made aware and, in the case of a jury, so charged. | Is the prosecution required to secure a formal conviction for the predicate crime of terroristic threats in order to secure a conviction for ethnic intimidation? |
| 6306 | Peretzman v. Borochoff, 58 Ga. App. 838, 200 S.E. 331, 334 (1938) | 2 | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | Thus, the law of the place where a bill or note is written, signed, or dated does not necessarily control it but the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or, as has been said, where the last act essential to its completion was done, so that, where a note was executed in one State but not completed until accepted in another State, it is made in that other State. | Will the law of the place where a note is written control it? |
| 6308 | Tritt v. State, 173 P.3d 1017, 1019 (Alaska Ct. App. 2008) | 2 | Once jeopardy attaches, the trial may not be stopped short of a verdict unless the defendant consents or there is manifest necessity for a mistrial. U.S.C.A. Const.Amend. 5. | Once jeopardy attaches, the trial may not be stopped short of a verdict unless the defendant consents or there is manifest necessity for a mistrial. | "Once jeopardy attaches, can the trial not be stopped short of a verdict unless the defendant consents or there is manifest necessity for a mistrial?" |
| 6310 | Bergman v. Bouligny, 82 A.2d 760, 762 (D.C. 1951) | 2 | Generally, a contract for schooling for specified term is entire and when pupil withdraws for reasons of his own without fault on part of school, such school is entitled to agreed tuition for entire period. | It is generally held that a contract for schooling for a specified term is entire and that when a pupil withdraws for reasons of his own without fault on the part of the school, such school is entitled to the agreed tuition for the entire period. | Is a contract for schooling for a specified term is entire and as such the school is entitled to the agreed tuition for the entire period? |
| 6311 | State v. Schares, 548 N.W.2d 894, 896 (Iowa 1996) | 3 | Contract is one of insurance if it meets following test: one party, for compensation, assumes risk of another; party who assumes risk agrees to pay certain sum of money on specified contingency; and payment is made to other party or party's nominee. | "A contract is one of insurance if it meets the following test: one party, for compensation, assumes the risk of another; the party who assumes the risk agrees to pay a certain sum of money on a specified contingency; and the payment is made to the other party or the party's nominee." | What is the test that a contract has to meet to be classified as a contract of insurance? |

| 6312 | Hansen v. Eighth Judicial Dist. Court ex rel. Cty. of Clark, 116 Nev. 650, 656 (2000) | 2 | Before a defendant files a responsive pleading such as an answer, that defendant may move to dismiss for lack of personal jurisdiction, insufficiency of process, and/or insufficiency of service of process, and such a defense is not waived by being joined with one or more other defenses. Rules Civ.Proc., Rule 12(b). | Now, before a defendant files a responsive pleading such as an answer, that defendant may move to dismiss for lack of personal jurisdiction, insufficiency of process, and/or insufficiency of service of process, and such a defense is not "waived by being joined with one or more other defenses." | "Where the initial motion to dismiss does not include a claim of lack of jurisdiction or insufficiency of service of process, are those claims waived?" |
| --- | --- | --- | --- | --- | --- |
| 6314 | Moye v. City of New York, 562 N.Y.S.2d 664, 665 (N.Y. App. Div. 1st Dept. 1990) | 3 | Action which has been automatically dismissed one year after being stricken from calendar may be restored upon showing of: meritorious cause of action; reasonable excuse for delay; lack of prejudice to opposing party; and lack of intent to abandon action. McKinney's CPLR 3404. | Cases which are not diligently pursued will be dismissed automatically one year after stricken from the calendar (CPLR 3404; Rosser v. Scacalossi, 140 A.D.2d 318, 527 N.Y.S.2d 552). The presumption that an action so dismissed has been abandoned is rebuttable, and the action may be restored upon a showing of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party, and a lack of intent to abandon the action (Rodriguez v. Middle Atlantic Auto Leasing, Inc., 122 A.D.2d 720, 511 N.Y.S.2d 595, appeal dismissed, 69 N.Y.2d 874, 514 N.Y.S.2d 723, 507 N.E.2d 317). | How can an action which has been automatically dismissed one year after being stricken from calendar be restored? |
| 6315 | Parillo v. Blatt, 554 N.Y.S.2d 285, 286 (N.Y. App. Div. 2d Dept. 1990) | 1 | Motion to restore action to calendar must be supported by affidavits showing excuse for delay in prosecution and demonstrating merits of action. | It is well settled that a motion to restore an action to the calendar must be supported by affidavits showing an excuse for the delay in prosecution and demonstrating the merits of the action (Baumgartner v. Foodarama Supermarkets, 86 A.D.2d 590, 446 N.Y.S.2d 136; Fluman v. TSS Dept. Stores, 100 A.D.2d 838, 473 N.Y.S.2d 835; Bunyan v. Goldwasser, 131 A.D.2d 805, 517 N.Y.S.2d 85). | Should a motion to restore an action to a calendar be supported by affidavits showing an excuse for delay in prosecution and demonstrating merits of action? |
| 6316 | Conkle v. State, 677 So. 2d 1211, 1218 (Ala. Crim. App. 1996) | 12 | Verbal threat alone, in circumstances that would not cause public disorder or unrest by being likely to start fight, does not constitute an offense. Code 1975, SS 13A-6-23, 13A-11-8. | However, under current law in Alabama, a verbal threat alone, in circumstances that would not cause public disorder or unrest by being likely to start a fight, does not constitute an offense. | "Can a verbal threat alone, in circumstances that would not cause public disorder or unrest constitute an offense?" |

| 6317 | Fleming v. Shaheen Bros., Inc., 881 N.E.2d 1143, 1146 (Mass. App. 2008). | 4 | Under the two-part test to determine whether a temporary employer is immune from tort liability for a worker's injuries under the workers' compensation statute, a direct employment relationship must exist, and the employer must be an insured person liable for the payment of compensation. M.G.L.A. c. 152, S 1(4, 5). | A two-part test determines whether an employer is immune from liability under the workers' compensation statute, G.L.c. 152. See Lang v. Edward J. Lamothe Co., 20 Mass.App.Ct. 231, 232, 479 N.E.2d 208 (1985). "[A] direct employment relationship must exist, and 'the employer must be an insured person liable for the payment of compensation.' " | What is the two-part test to determine immunity from liability under workers compensation? |
| --- | --- | --- | --- | --- | --- |
| 6319 | Carter v. Taylor, 180 W. Va. 570, 572, 378 S.E.2d 291, 293 (1989) | 1 | At county level, except to extent that circuit courts are given explicit direction by Supreme Court of Appeals, power to control local affairs of circuit is placed in circuit judge or chief circuit judge. Const. Art. 8, S 9. | In Rutledge this court held that "[a]t the county level, except to the extent that the circuit courts are given explicit direction by the Supreme Court of Appeals, the power to control the local affairs of the circuit is placed in the circuit judge or the chief circuit judge. | Do circuit court judges have the power to control local affairs? |
| 6320 | People v. Berreth, 13 P.3d 1214, 1216 (Colo. 2000) | 5 | In general, the double jeopardy prohibition is implicated if a defendant is arraigned, enters a plea, is brought to trial in a court of competent jurisdiction, and a jury has been selected and sworn to hear the case. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 18. | In general, the double jeopardy prohibition is implicated if a defendant is arraigned, enters a plea, is brought to trial in a court of competent jurisdiction, and a jury has been selected and sworn to hear the case. | Would a double jeopardy prohibition be implicated when defendant has been arraigned? |
| 6321 | UU.S. v. Corrado, 227 F.3d 543, 549 (6th Cir. 2000) | 5 | Double Jeopardy Clause does not apply to sentencing and, therefore, does not prohibit government from appealing district court's forfeiture award. U.S.C.A. Const.Amend. 5. | In addition, we find that, in accordance with the Supreme Court's decision in Monge, the Double Jeopardy Clause does not apply to sentencing and, therefore, does not prohibit the government from appealing the district court's forfeiture award. | Does a Double Jeopardy Clause not apply to sentencing and not prohibit a government from appealing a district court's forfeiture award? |
| 6322 | State v. Bostwick, 222 Neb. 631 (1986) | 9 | Where government conduct in question is intended to "goad" defendant into moving for mistrial, defendant may raise bar of double jeopardy to second trial after having succeeded in aborting first trial on defendant's own motion. U.S.C.A. Const.Amend. 5. | Where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, a defendant may raise the bar of double jeopardy to a second trial after having succeeded in aborting the first trial on the defendant's own motion. | Does a defendant's motion for a mistrial constitute a deliberate election on his or her part to forgo the right under the Double Jeopardy Clause to have the trial completed before the first trier of fact? |
| 6323 | State v. Juarez, 115 Wash. App. 881, 888 (2003) | 8 | A motion by defendant for mistrial will ordinarily remove any barrier to further prosecution, absent circumstances attributable to prosecutorial or judicial overreaching. | A motion by the defendant for mistrial will ordinarily remove any barrier to further prosecution, absent circumstances attributable to " 'prosecutorial or judicial overreaching.' " | "Will a motion by defendant for mistrial ordinarily remove any barrier to further prosecution, absent circumstances attributable to prosecutorial or judicial overreaching?" |
| 6324 | People v. Baca, 193 Colo. 9, 12 (1977) | 4 | Defendant's motion for mistrial is generally considered to operate as waiver of principle of manifest necessity which protects him from retrial under double jeopardy clause. U.S.C.A.Const. Amend. 5; Const. art. 2, S 18. | The defendant's motion for a mistrial is generally considered to operate as a waiver of the principle of 'manifest necessity,' which protects him from retrial under the double jeopardy clause. | Is a defendant's motion for a mistrial generally a waiver of protection from retrial under the Double Jeopardy Clause? |

| 6325 | People v. Moore, 285 A.D.2d 827 | 9 | A retrial is automatically barred when a trial ends with an acquittal or a conviction; however, when a criminal proceeding ends before a final resolution of the merits of the charges against the defendant, a second trial is not necessarily precluded. U.S.C.A. Const.Amend. 5; S.H.A. 720 ILCS 5/3-4(a)(1). | A retrial is automatically barred when a trial ends with an acquittal or a conviction; however, when a criminal proceeding ends before a final resolution of the merits of the charges against the defendant, a second trial is not necessarily precluded. | Is a retrial automatically barred when a trial ends with an acquittal or a conviction? |
| --- | --- | --- | --- | --- | --- |
| 6326 | Decormier v. Harley-Davidson Motor Co. Grp., 2013 WL 4080699, at *7 (Mo. Ct. App. Aug. 13, 2013) | 10 | In determining whether a pleading adequately states a claim for relief on a particular basis, the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader. | "[I]n determining whether a pleading adequately states a claim for relief on a particular basis, the rule is well established in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." | Is the character of a cause of action determined from the name given to the action by the pleader? |
| 6327 | DeCormier v. Harley-Davidson Motor Co. Group, Inc., No. ED99064, 2013 WL 4080699, at *7 (Mo. App. E. Dist. Aug. 13, 2013) | 10 | In determining whether a pleading adequately states a claim for relief on a particular basis, the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader. | "[I]n determining whether a pleading adequately states a claim for relief on a particular basis, the rule is well established in Missouri that the character of a cause of action is determined from the facts stated in the petition and not by the prayer or name given the action by the pleader." | Is the character of a cause of action determined from the facts stated in the petition? |
| 6328 | Hayes v. Village of Middleburgh, 34 N.Y.S.3d 659, 661 (N.Y. App. Div. 3d Dept. 2016) | 1 | In order to vacate a dismissal for failure to appear, a plaintiff is required to demonstrate a reasonable excuse for his or her failure to appear and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27(a). | "In order to vacate a dismissal pursuant to 22 NYCRR 202.27, [a] plaintiff [is] required to demonstrate a reasonable excuse for [his or her] failure to appear and a potentially meritorious cause of action" (Bank of N.Y. v. Mohammed, 130 A.D.3d 1419, 1420, 14 N.Y.S.3d 783 [2015] [citations omitted]; see Foley Inc. v. Metropolis Superstructures, Inc., 130 A.D.3d 680, 680, 11 N.Y.S.3d 873 [2015] ). | In order to vacate a dismissal for failure to appear is a plaintiff required to demonstrate a reasonable excuse for his or her failure to appear? |
| 6329 | Becker v. District of Columbia, 258 F.R.D. 182, 184 (D.D.C. 2009) | 1 | The decision to grant or deny leave to amend a pleading is within the sound discretion of the trial court, however, it is an abuse of discretion to deny leave without a sufficient reason. Fed.Rules Civ.Proc.Rule 15, 28 U.S.C.A. | The decision to grant or deny leave to amend is within the sound discretion of the trial court, however, it is an abuse of discretion to deny leave without a sufficient reason. | Is the decision to deny leave to amend before granting a motion to dismiss within the sound discretion of the trial court? |
| 6330 | In re PSINet, 271 B.R. 1, 2 (S.D.N.Y. 2001) | 11 | Under California law, determination of whether agreement creates true lease, on the one hand, or a security interest, on the other, is dependent on economics of transaction, and not upon intent of parties. West's Ann.Cal.Com.Code S 1201(36). | Under California law, the determination of whether an agreement creates a true lease, on the one hand, or a security interest, on the other, is dependent on the economics of the transaction, and not the intent of the parties. | How to determine whether an agreement creates a true lease or a security interest? |

| 6331 | In re Commercial Money Ctr., 350 B.R. 465, 484 (9th Cir. 2006) | 25 | In determining whether parties intended a sale or a loan for security, the issue is how risks are contractually allocated when the transactions were entered into. | In determining whether parties intended a sale or a loan the issue is how risks are contractually allocated when the transactions were entered into. | "In determining whether parties intended a sale or a loan for security, is the issue how risks are contractually allocated when the transactions were entered into?" |
| 6332 | Rolick v. Collins Pine Co., 925 F.2d 661, 663 (3d Cir. 1991) | 1 | Generally, only employers standing in direct master-servant relationship with injured worker may be liable for workmen's compensation benefits under Pennsylvania law. 77 P.S. SS 1-1603. | Generally, only employers standing in a direct master- servant relationship with an injured worker may be liable for workmen's compensation benefits. | "Generally, is it only employers standing in direct master-servant relationship with an injured worker liable for workmens compensation benefits?" |
| 6333 | Marzano v. Proficio Mortgage Ventures, LLC, 942 F. Supp. 2d 781, 798 (N.D. Ill. 2013) | 38 | Federal Arbitration Act (FAA) requires parties demanding arbitration to provide written notice of the demand so that responding parties may agree to arbitrate and thus avoid court involvement. 9 U.S.C.A. S 4. | The FAA requires parties demanding *799 arbitration to provide written notice of the demand so that responding parties may agree to arbitrate and thus avoid court involvement. | Does the Federal Arbitration Act (FAA) require parties demanding arbitration to provide written notice of the demand? |
| 6336 | Parkview Baptist Church & Sch. v. White, 971 So. 2d 1078, 1079 (2007) | 4 | Intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. | The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. | Is intention of a person to be a resident of a particular place determined by his expressions at times not suspicious? |
| 6337 | State v. Picot, 98-2194 (La. App. 4 Cir. 11/10/98), 724 So. 2d 236, 238 | 1 | Habitual Offender Law creates no independent offense, but rather prescribes conditions under which there is enhanced penalty for current offense, and does not violate constitutional prohibitions against double jeopardy. U.S.C.A. Const.Amend. 5. | The Habitual Offender Law creates no independent offense, but rather prescribes the conditions under which there is an enhanced penalty for the current offense and does not violate constitutional prohibitions against double jeopardy. | Does Habitual Offender Law violate constitutional prohibitions against double jeopardy? |
| 6338 | City of Smithville v. Summers, 690 S.W.2d 850, 854 (Mo. Ct. App. 1985) | 5 | Criminal defendant owns valued right to have his trial completed by a particular tribunal, and thus, declaration of mistrial implicates such right. | A criminal defendant owns "the valued right to have his trial completed by a particular tribunal." Thus, the declaration of a mistrial implicates that right. | "Does a criminal defendant own a valued right to have his trial completed by a particular tribunal, and thus, declaration of mistrial implicates such right?" |
| 6339 | Scriber v. State, 437 Md. 399, 408, 86 A.3d 1260, 1265 (2014) | 5 | Despite the fact that state constitution lacks explicit double jeopardy clause, common law provides well-established protections for individuals against being twice put in jeopardy. U.S.C.A. Const.Amend. 5. | Also, "[d]espite the fact that the Maryland Constitution lacks an explicit double jeopardy clause, Maryland common law provides well- established protections for individuals against being twice put in jeopardy." | Does state common law provide well-established protections for individuals against being twice put in jeopardy? |
| 6340 | Com. v. Scott, 86 Mass. App. Ct. 812, 813–14, 22 N.E.3d 171, 173 (2015) | 2 | The double jeopardy clause, which protects a defendant against multiple punishments for the same offense, represents a constitutional policy of finality for the defendant's benefit in criminal proceedings. U.S.C.A. Const.Amend. 5. | The double jeopardy clause, which protects a defendant against "multiple punishments for the same offense, ...represents a constitutional policy of finality for the defendant's benefit' in criminal proceedings. | Does double jeopardy represent a constitutional policy of finality for the defendant's benefit in criminal proceedings? |

| 6343 | Ex parte Jones, 25 Okla. Crim. 347, 220 P. 978, 978–79 (1923) | 5 | A pardon is an act of grace and mercy bestowed by the state through its chief executive upon offenders against its laws after conviction, and a full, unconditional pardon reaches both the punishment prescribed for the offense and the guilt of the offender, and obliterates in legal contemplation the offense itself. | It will be observed, as preliminary to the consideration of the question presented, that a pardon is an act of grace and mercy *979 bestowed by the state through its chief executive, upon offenders against its laws after conviction, and a full and unconditional pardon reaches both the punishment prescribed for the offense and the guilt of the offender; it obliterates in legal contemplation the offense itself; and hence its effect is to make the offender a new man. | Are pardons an act of grace? |
|---|---|---|---|---|---|
| 6344 | Hillsborough Inv. Co. v. City of Tampa, 149 Fla. 7, 12-13 (1941) | 7 | The sovereign power to levy a tax and the machinery for collection thereof cannot be transferred to private individuals in absence of statute, but is vested in public officials, and a taxing unit, in absence of statute, cannot assign its claim for taxes to a citizen, and thereby subrogate the citizen to the collecting rights of the taxing unit. | The sovereign power to levy a tax and the *13 machinery for collection thereof cannot be transferred to private individuals, in the absence of a statute, but this power by law is vested in public officials. A taxing unit, in the absence of a statute, is without authority to assign its claim for taxes to a citizen and thereby subrogate the citizen to the collecting rights of the taxing unit. | Can the sovereign power to levy a tax and the machinery for collection thereof be transferred to private individuals? |
| 6345 | Abbott v. State, 190 Md. App. 595, 621, 989 A.2d 795, 810 (2010) | 17 | The government is not required to prove the present ability or intent to carry out the threat, in order to convict a defendant of threatening to injure a State official. West's Ann.Md.Code, Criminal Law, S 3-708. | Nor is the government required to prove the present ability or intent to carry out the threat. | "Is the government required to prove the present ability or intent to carry out the threat, in order to convict a defendant of threatening to injure a state official?" |
| 6346 | Loudenslager v. Gorum, 355 Mo. 181, 187 (1946) | 3 | Under Workmen's Compensation Acts the questions of who is an employer and who is an employee do not usually depend upon common-law principles, although they may be considered in their construction, but upon the terms and definitions in such acts. | However, the Arkansas Commission found that these claimants were not entitled to anything under the Arkansas Act. The questions of who is an employer and who is an employee, under compensation acts, do not usually depend upon common-law principles (although they may be considered in their construction) but depend instead upon the terms and definitions of such Acts. | Is the question of who is an employer and who is an employee under the workmens compensation acts determined upon the terms and definitions in the acts? |
| 6347 | Day v. Haskell, 799 N.W.2d 355, 358 (N.D., 2011) | 10 | The general rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn, and in a non-jury trial when the court begins to hear evidence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12; NDCC 29-01-07. | The general rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn, and in a non-jury trial when the court begins to hear evidence.' | What is the general rule for a person who is put in jeopardy in a jury and a non-jury trial? |

| | | | | | |
|---|---|---|---|---|---|
| 6348 | State v. Linghor, 690 N.W.2d 201, 209 (2004) | 16 | General rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn and in a non-jury trial when the court begins to hear evidence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12; NDCC 29-01-07. | "The general rule is that a person is put in jeopardy when his trial commences, which in a jury case occurs when the jury is empaneled and sworn, and in a non-jury trial when the court begins to hear evidence." | What is the general rule for a person who is put in jeopardy in a jury and a non-jury trial? |
| 6349 | People v. Cabrera, 402 Ill. App. 3d 440, 447 (2010) | 12 | There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing when the guilty plea is accepted by the trial court. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a ***410 **537 bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing "when the guilty plea is accepted by the trial court." | Does jeopardy attach when the court begins to hear evidence? |
| 6350 | United States v. Cabrera, 804 F. Supp. 2d 1261, 1267 (M.D. Fla. 2011) | 5 | A person who has been found not guilty by a jury may not thereafter be tried for the same offense without violating the Double Jeopardy Clause; this is because the law affords absolute finality to a jury's verdict of acquittal, no matter how erroneous its decision. U.S.C.A. Const.Amend. 5. | It is a fundamental principle, one not challenged by the government, that a person who has been found not guilty by a jury may not thereafter be tried for the same offense without violating the Double Jeopardy Clause. This is because the law "afford[s] absolute finality to a jury's verdict of acquittal-no matter how erroneous its decision-..." Burks, 437 U.S. | Can a person who has been found not guilty by a jury not thereafter be tried for the same offense without violating the Double Jeopardy Clause? |
| 6351 | Sam v. State, 401 P.3d 834, 861 (Wyo. 2017) | 63 | The double jeopardy clauses of the federal and state constitutions provide protection against three distinct ills: a second prosecution for the same offense after one has been acquitted, a second prosecution for the same offense after one has been convicted, and multiple punishments for the same offense. U.S. Const. Amend. 5; Wyo. Const. art. 1, S 11. | The double jeopardy clauses of the United States and Wyoming constitutions "provide protection against three distinct ills: a second prosecution for the same offense after one has been acquitted, a second prosecution for the same offense after one has been convicted, and multiple punishments for the same offense." Solis v. State, 2013 WY 152, 63, 315 P.3d 622, 636 (Wyo. | What are the three distinct ills double jeopardy clauses protect against? |

| 6352 | Ready v. State, 183 So. 3d 1234, 1236 (Fla. Dist. Ct. App. 2016) | 2 | Both the United States and Florida Constitutions contain double jeopardy clauses that prohibit subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense; however, there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | [B]oth the United States and Florida Constitutions contain double jeopardy clauses that "prohibit[ ] subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense." However, ... "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." State v. Shelley, 176 So.3d 914, 917 (Fla.2015) (internal citation and footnote omitted) (quoting Valdes v. | Does the constitution contain double jeopardy clauses prohibiting multiple prosecutions? |
| 6353 | Bryan v. State, 438 N.E.2d 709, 713 (Ind. 1982) | 1 | If defendant is found incompetent during trial, court may declare mistrial sua sponte without jeopardy attaching. | If a defendant is found incompetent during trial, the court may declare a mistrial sua sponte without jeopardy attaching. | "If defendant is found incompetent during trial, can a court declare mistrial sua sponte without jeopardy attaching?" |
| 6355 | Luke v. State, 51 N.E.3d 401, 408 (Ind. Ct. App. 2016) | 1 | Indiana's Double Jeopardy Clause prevents the State from being able to proceed against a person twice for the same criminal transgression. West's A.I.C. Const. Art. 1, S 14. | Indiana's Double Jeopardy Clause ... prevent[s] the State from being able to proceed against a person twice for the same criminal transgression. | Does double jeopardy Clause prevent the State from being able to proceed against a person twice for the same criminal transgression? |
| 6356 | Gerlach v. Ballard, 233 W. Va. 141, 144-45 (2013) | 2 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections; it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | [t]he Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. | What constitutional protection does the double jeopardy clause of the fifth-amendment consist of? |
| 6357 | Herbert v. Billy, 160 F.3d 1131, 1136 (6th Cir. 1998) | 7 | Double jeopardy clause's protection against multiple punishments prohibits the government from punishing twice, or attempting a second time to punish criminally, for the same offense. U.S.C.A. Const.Amend. 5. | The protection against multiple punishments prohibits the government from " 'punishing twice, or attempting a second time to punish criminally, for the same offense.' " | "Does the protection against multiple punishments prohibit the Government from punishing twice, or attempting a second time to punish criminally for the same offense?" |

| 6358 | U.S. v. Ahrensfield, 698 F.3d 1310, 1322 (10th Cir. 2012) | 11 | Double Jeopardy Clause embodies two vitally important interests, i.e., the principle that state is not permitted to make repeated attempts to convict individual for same offense and interest in preserving finality of judgments. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause "embodies two vitally important interests." Yeager v. United States, 557 U.S. 110, 117, 129 S.Ct. 2360, 174 L.Ed.2d 78 (2009). The first is the principle that the state is not permitted to make repeated attempts to convict an individual for the same offense. Id. at 117–18, 129 S.Ct. 2360. "The second interest is the preservation of the finality of judgments." | What are the interests embodied in Double jeopardy clause? |
| 6359 | State v. Moos, 758 N.W.2d 674, 678 (2008) | 1 | Constitutional guarantee against double jeopardy encompasses three separate protections: protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | The constitutional guarantee against double jeopardy encompasses three separate protections: protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. | Does the constitutional guarantee against double jeopardy encompass the protection against a second prosecution for the same offense after acquittal? |
| 6360 | In re Commercial Money Ctr., 350 B.R. 465, 481 (9th Cir. 2006) | 21 | Whether a transaction is a sale or a loan for security is based on the intentions of the parties as determined from all the facts and circumstances surrounding the transactions at issue. | Whether a transaction is a sale or a loan is based on the intentions of the parties as "determined from all the facts and circumstances surrounding the transactions at issue." | Is whether a transaction is a sale or a loan for security based on the intentions of the parties as determined from all the facts and circumstances surrounding the transactions at issue? |
| 6363 | Montgomery v. State, 21 N.E.3d 846, 864 (Ind. App. 2014) | 18 | State constitutional Double Jeopardy Clause prevents the State from being able to proceed against a person twice for the same criminal transgression. West's A.I.C. Const. Art. 1, S 14. | "Indiana's Double Jeopardy Clause … prevent[s] the State from being able to proceed against a person twice for the same criminal transgression." | Does double Jeopardy clause prevent a State from being able to proceed against a person twice for the same criminal transgression? |

| 6365 | United States v. Leppo, 641 F.2d 149, 152 (3d Cir. 1981) | 3 | Double jeopardy clause protects a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense but does not always bar a new trial after a mistrial has been declared, and where a mistrial is not requested by the defendant a retrial is permitted if there is a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated and where defendant requests a mistrial, ordinarily a retrial is not barred unless the underlying error is motivated by bad faith or undertaken to harass or prejudice. U.S.C.A.Const. Amend. 5. | The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense. United States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 1078, 47 L.Ed.2d 267 (1976). The Clause, however, does not always bar a new trial after a mistrial has been declared. Where the mistrial is not requested by the defendant a retrial is permitted if there is a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated. Id. at 607, 96 S.Ct. at 1079. Where the defendant requests the mistrial, ordinarily a retrial is not barred unless "the underlying error was 'motivated by bad faith or undertaken to harass or prejudice. | Does a double jeopardy clause protect a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the same offense? |
| 6370 | Joe Hatton, Inc. v. Conner, 240 So. 2d 145, 147 (Fla. 1970) | 4 | Legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. | The legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. | Can the legislative power to tax be exercised through subordinate governmental agencies within definite limitations fixed by law? |
| 6371 | Tulane Homestead Ass'n v. Philip Bohrer Realty, 192 So. 154, 156 (La. Ct. App. 1939) | 1 | A state tax is not an ordinary debt subject to control of parties, and taxing unit cannot assign the claim to a citizen and thereby subrogate him to the collecting rights of the taxing unit unless the law expressly confers such power. | Section 1228 of Volume 61 of Corpus Juris (Verbum Taxation) states the general rule at page 954 as follows: "A state tax is not an ordinary debt subject to the control of the parties, and the taxing unit cannot assign the claim to a citizen and thereby subrogate him to the collecting rights of the taxing unit, unless the law expressly confers such power." | Can a taxing unit assign its claim for taxes to a citizen? |
| 6372 | State v. Moulton, 120 Conn. App. 330, 351 (2010) | 36 | To prove the crime of harassment in the second degree, the state must show that the defendant, with the intent to harass, annoy or alarm another person, made a telephone call in a manner likely to cause annoyance or alarm. C.G.S.A. S 53a-183(a). | To prove the crime of harassment in the second degree, the state must show that the defendant, with the intent to harass, annoy or alarm another person, made a telephone call in a manner likely to cause annoyance or alarm. | What is required to prove the crime of harassment in the second degree? |

| 6373 | Garza v. Citigroup Inc., 192 F. Supp. 3d 508, 511 (Del. 2016) | 2 | Under Delaware law, an accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result; in other words, an accounting reflects a request for a particular type of remedy, rather than an equitable claim in and of itself. | Under well-accepted Delaware law, "[a]n accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result." In other words, an accounting "reflects a request for a particular type of remedy, rather than an equitable claim in and of itself." | Is accounting an equitable remedy? |
|---|---|---|---|---|---|
| 6375 | Erickson v. Director, 507 N.W.2d 537, 539 (N.D. 1993) | 1 | Appeal from administrative hearing officer's decision involving license suspension is governed by Administrative Agencies Practices Act. NDCC 28-32-01 et seq., 39-20-04.1. | An appeal from an administrative hearing officer's decision involving a license suspension under N.D.C.C. 39- 20-04.1 is governed by the Administrative Agencies Practice Act, N.D.C.C. | Does Administrative Agencies Practice Act governs an appeal from administrative hearing officer's decision involving a license suspension? |
| 6378 | In re McCabe Group, 424 B.R. 1, 20 (D. Mass. 2010) | 6 | Under Massachusetts law, equitable subrogation exists to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor. | Nonetheless, equitable subrogation exists to prevent an unwarranted windfalls and "[d]uplicative recover[ies] [are] 'a result which the law has never looked upon with favor.' " | "Does equitable subrogation exist to prevent unwarranted windfalls, because duplicative recoveries are a result which the law has never looked upon with favor?" |
| 6379 | In re Olinger, 160 B.R. 1004, 1014 (Bankr. S.D. Ind 1993) | 7 | Under doctrine of equitable subrogation, if guarantor is called upon to pay debt of principal, guarantor steps into the shoes of creditor who was paid off; guarantor's interest also attaches to any security which creditor does or could have obtained from principal. | Under the doctrine of equitable subordination, if a guarantor is called upon to pay the debt of the principal, the guarantor steps into the shoes of the creditor who was paid off. Homeowners Loan Corp. v. Henson, 217 Ind. 554, 29 N.E.2d 873 (1940); White v. Household Finance Corp., 158 Ind.App. 394, 302 N.E.2d 828 (1973); 38 Am.Jur. "Guaranty" § 127. The guarantor's interest also attaches to any security which the creditor does or could have obtained from the principal. | "Under the doctrine of equitable subrogation, if a guarantor is called upon to pay the debt of a principal, does the guarantor step into the shoes of the creditor who was paid off?" |
| 6380 | Armstrong v. Land & Marine Applicators, 463 So. 2d 1331, 1334 (La. Ct. App. 1984) | 1 | As matter of policy, Worker's Compensation Act in general is designed to balance interest of worker and employer with theoretical concurrent benefit to public of reducing the cost of doing business. LSA-R.S. 23:1021-23:1351 | As a matter of policy, the worker's compensation act in general is designed to balance the interests of the worker and the employer, with the theoretical concurrent benefit to the public of reducing the cost of doing business. | "How does the workers compensation act balance the interest of the worker and employer, and benefit the public?" |
| 6381 | Denisen v. Milwaukee Mut. Ins. Co., 360 N.W.2d 448, 450 (Minn. Ct. App. 1985) | 1 | Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in course of their employment. M.S.A. S 176.031. | The Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in the course of their employment. | Is the workers compensation an exclusive system of compensation and does the injury or accident arise out of and in the course of their employment? |

| | | | | | |
|---|---|---|---|---|---|
| 6383 | Chappelle v. S. Fla. Guardianship Program, Inc., 169 So. 3d 291, 294 (Fla. Dist. Ct. App. 2015) | 3 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf for entering dismissal as sanction and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | "Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal." | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? |
| 6384 | Travelers Cas. & Sur. Co. v. Am. Eq. Ins. Co., 113 Cal. Rptr. 2d 613, 619 (Cal. App. 1st Dist. 2001) | 11 | The doctrine of "equitable subrogation" is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | " 'As now applied [the doctrine of equitable subrogation] is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter.' [Citations.]" | Is the right of subrogation purely derivative? |
| 6386 | In re Nancy A., 344 Ill. App. 3d 540, 551, 801 N.E.2d 565, 576 (2003) | 17 | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure. S.H.A. 735 ILCS 5/2-1009. | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the supreme court and section 2-1009 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1009 (West 2000); Winn, 308 Ill.App.3d at 1058, 242 Ill.Dec. | Do plaintiffs have an absolute right to take a voluntary dismissal? |
| 6389 | Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995) | 2 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant, taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. | Will evidence favorable to the nonmovant will be accepted as true when making decisions on summary judgment? |
| 6390 | Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995) | 2 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant, taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. | Will all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true when deciding summary judgment? |
| 6391 | DePuy Synthes Sales, Inc. v. Globus Med., Inc., 259 F. Supp. 3d 225, 234 (E.D. Pa. 2017) | 5 | Under Pennsylvania law, although gist of the action doctrine calls for fact-intensive judgment as to claim's true nature, whether gist of the action doctrine applies in any particular setting is question of law. | Although the gist of the action doctrine "call[s] for a fact-intensive judgment as to the true nature of a claim," Williams v. Hilton Grp. PLC, 93 Fed.Appx. 384, 386 (3d Cir. 2004), whether the gist of the action doctrine applies in any particular setting is a question of law. | Does gist of the action doctrine call for fact-intensive judgment as to a claim's true nature |

| | | | | | |
|---|---|---|---|---|---|
| 6393 | Knight v. Chicago Corp., 183 S.W.2d 666, 670 (Tex. Civ. App. 1944) | 3 | An "overriding royalty" is a certain percentage of the working interest which as between lessee and assignee of mineral lease is not charged with cost of development or production. | An overriding royalty is a certain percentage of the working interest as between the lessee and the assignee is not charged with the cost of development or production. | Can the term overriding royalty be defined as a certain percentage of the working interest which as between the lessee and the assignee is not charged with the cost of development or production? |
| 6395 | Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wash. App. 474, 499–500 (2011) | 27 | In the real estate context, equitable subrogation has been traditionally invoked only to prevent unjust enrichment; equitable remedies are not granted where it would produce injustice. Restatement (Third) of Property (Mortgages) S 7.6 comment. | Finally, we note, "in the real estate context, equitable subrogation has been traditionally invoked only to prevent unjust enrichment; equitable remedies are not *500 granted where it would produce injustice. | Is equitable subrogation traditionally invoked in the context of real estate to prevent unjust enrichment? |
| 6396 | Misener Marine Const. v. Norfolk Dredging Co., 594 F.3d 832, 838 (11th Cir. 2010) | 8 | Attorneys' fees will be awarded to the prevailing party in maritime cases if (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees. | Attorneys' fees will be awarded to the prevailing party in maritime cases if: "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." | Are attorneys fees awarded to prevailing parties in admiralty cases? |
| 6398 | Chaplin v. Selznick, 58 N.Y.S.2d 453, 454 (N.Y. Sup. Ct. 1945) | 1 | Ordinarily one defendant may not examine a codefendant before trial unless the one seeking examination has asked for affirmative relief against the defendant whose examination is sought. Civil Practice Act SS 288, 289. | Ordinarily, one defendant may not examine a co-defendant before trial unless the one seeking the examination has asked for affirmative relief against the defendant whose examination is sought. | Can a defendant examine a codefendant before trial unless the one seeking examination has asked for affirmative relief against the defendant whose examination is sought? |
| 6399 | State v. Ensley, 240 Ind. 472, 489 (1960) | 10 | Generally, there is no property right of an abutting owner in the free flow of traffic past his property and no compensation can be claimed if such traffic is diverted from his premises or is made to travel a more circuitous route. | The general rule is that there is no property right of an abutting owner in the free flow of traffic past his property and thus no compensation can be claimed if traffic is diverted from his premises or made to travel a more circuitous route. | Is there any property right of an abutting owner in the free flow of traffic past his property? |
| 6400 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713, 716 (Tex. App. 2006) | 7 | The doctrine of equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | The doctrine of equitable subrogation "may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract." | When can the doctrine of equitable subrogation be invoked to prevent unjust enrichment? |
| 6402 | In re Flamingo 55, Inc., 378 B.R. 893, 905 (D. Nev. 2007) | 1 | "Subrogation" is the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the "subrogee," is placed in the shoes of the person who suffered the loss, the "subrogor." | In general terms, subrogation is the substitution of one party in place of another with reference to a lawful claim, demand or right. Subrogation places the party paying the loss or claim (the "subrogee") in the shoes of the person who suffered the loss ("the subrogor"). | "Does subrogation refer to the placing of one party in the position of a second party, with respect to the rights and obligations of a claim?" |

| 6403 | In re Frankum, 399 B.R. 498, 505 (E.D. Ark. 2009) | 14 | Under a theory of "equitable subrogation," a person who pays the debt of another may seek reimbursement to prevent unjust enrichment. | Under a theory of equitable subrogation, a person who pays the debt of another may seek reimbursement to prevent unjust enrichment. | Should a person who pays the debt of another seek reimbursement to prevent unjust enrichment under a theory of equitable subrogation? |
| --- | --- | --- | --- | --- | --- |
| 6404 | Jordan v. Griley,  667 So. 2d 493, 493–94 (Fla. Dist. Ct. App. 1996) | 2 | Motion to dismiss complaint is not motion for summary judgment in which court may rely on facts adduced in depositions, affidavits, or other proofs. | The law is well settled that a motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs | "Is a motion to dismiss complaint not a motion for summary judgment in which a court can rely on facts adduced in depositions, affidavits, or other proofs?" |
| 6405 | Marshall v. Horn Seed Co., 509 F. Supp. 1, 5 (W.D. Okla. 1979) | 6 | In passing on validity of a search warrant, a reviewing court may consider only that information brought to the attention of the issuing magistrate or judge. U.S.C.A.Const. Amend. 4. | In passing on the validity of the search warrant, the reviewing court may consider only that information brought to the attention of the issuing magistrate or judge. | Should the court consider only that information brought to the attention of the issuing magistrate or judge while deciding on the validity of the search warrant? |
| 6406 | In re Hall, 477 B.R. 74, 85 (N.D. Ill. 2012) | 14 | Under Iowa state law, equitable subrogation is appropriate when: (1) payment was made to protect subrogee's own interest; (2) repayment by subrogee was not voluntary; (3) debt paid was one for which subrogee was not primarily liable; (4) entire debt was paid; and (5) subrogation will not injure rights of others. | In contrast, under Iowa state law, equitable subrogation is appropriate where: (1) payment was made to protect the subrogee's own interest; (2) repayment by the subrogee was not voluntary; (3) the debt paid was one for which the subrogee was not primarily liable; (4) the entire debt was paid; and (5) subrogation will not injure the rights of others. | When is equitable subrogation appropriate? |
| 6408 | XL Specialty Ins. Co. v. Cmmw., Dept. of Transp., 611 S.E.2d 356, 360 (Va. 2005) | 3 | "Equitable subrogation" is subrogation that arises by operation of law; it is not based on contract or privity of parties, but is purely equitable in nature, dependent on the facts and circumstances of each particular case. | Equitable subrogation is subrogation that arises by operation of law. It is not based on contract or privity of parties, but is "purely equitable in nature, dependent on the facts and circumstances of each particular case." | Does legal or equitable subrogation arise by operation of law based on the facts or underlying circumstances of the case? |
| 6410 | Dees v. Logan, 281 Ga. App. 837, 838, 637 S.E.2d 424, 426 (2006) | 3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Because the grant of a motion in limine forecloses the admission of the evidence at trial, "the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." | "Because the grant of a motion in limine forecloses the admission of the evidence at trial, must the grant of a motion in limine be exercised with great care? " |
| 6411 | Am. Safety Equip. Corp. v. J. P. Maguire & Co., 391 F.2d 821, 825 (2d Cir. 1968) | 4 | The remedy a statute provides for violation of the statutory right it creates may be sought, not only in any court of competent jurisdiction, but also in any other competent tribunal, such as arbitration, unless right itself is of a character inappropriate for enforcement by arbitration. 9 U.S.C.A. SS 2-4, 6. | We think that the remedy a statute provides for violation of the statutory right it creates may be sought not only in any 'court of competent jurisdiction' but also in any other competent tribunal, such as arbitration, unless the right itself is of a character inappropriate for enforcement by arbitration. | Can the remedy for a violation of a statutory right be sought in arbitration? |

| 6414 | Whitney v. Turmel, 429 A.2d 826, 826–27 (Conn. 1980) | 2 | Essential elements of adverse possession are that the owner shall be ousted from possession and kept uninterruptedly for 15 years under claim of right by an open, visible or exclusive possession of the claimant without license or consent of the owner. | The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant without license or consent of the owner. | Is exclusive possession an essential element of adverse possession? |
| --- | --- | --- | --- | --- | --- |
| 6415 | Stone v. Baum, 409 F. Supp. 2d 1164, 1177 (D. Ariz. 2005) | 20 | Pendency of prior action, in court of competent jurisdiction, between same parties, predicated upon same cause of action and growing out of same transaction, and in which identical relief is sought, constitutes good grounds for abatement of later suit. | "It is settled law that the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good grounds for abatement of the later suit." | When is abatement of a subsequent cause of action appropriate? |
| 6416 | N. Buncombe Ass'n of Concerned Citizens v. Rhodes, 100 N.C. App. 24, 28 (1990) | 1 | If dispute between state agency and another person arises and cannot be settled informally, procedures for resolving disputes are governed by Administrative Procedure Act. G.S. SS 150B-1 to 150B-63, 150B-1(b-d), 150B-2(1). | When a dispute between a state agency and another person arises and cannot be settled informally, the procedures for resolving the dispute are governed by the Administrative Procedure Act (APA), N.C.Gen.Stat. 150B-1 to -63. | Does the Administrative Procedure Act provide the procedure for resolution of a dispute that arises between a state agency and a person which cannot be informally resolved? |
| 6418 | Day v. the CornÈr Bank (overseas) Ltd., 789 F. Supp. 2d 150, 160 (D.D.C. 2011) | 20 | As legal concepts, questions of "personal jurisdiction" and "venue" are distinct; the former concerns itself with the power of a court to adjudicate the rights and liabilities of a party, while the latter focuses on the most convenient location for litigation. | Indeed, as legal concepts, questions of personal jurisdiction and venue are distinct. The former concerns itself with the power of a court to adjudicate the rights and liabilities of a party, while the latter focuses on the most convenient location for litigation. | Are personal jurisdiction and venue different concepts? |
| 6420 | Pierce v. Parker Towing Company, 25 F. Supp. 3d 1372, 1375 (S.D. Ala. 2014) | 3 | The maritime jurisdictional statute's "saving to suitors" clause is a feature of the congressional grant of original admiralty jurisdiction to the federal district courts, and preserves a plaintiff's right to a common law remedy, not necessarily to a nonfederal forum. 28 U.S.C.A. S 1333. | The "saving to suitors" clause is "a feature of the congressional grant of original admiralty jurisdiction to the federal district courts in 28 U.S.C. 1333[.]" "preserves a plaintiff's right to a common law remedy, not[, necessarily,] to a nonfederal forum." | How is the saving to suitors clause defined? |

| 6423 | Guy v. United Healthcare Corp., 154 F.R.D. 172, 178 (Ohio 1993) | 17 | When legal advice of any kind is sought, from professional legal advisor in his capacity as such, communications relating to that purpose, made in confidence, by the client, are at his instance permanently protected, by attorney-client privilege, from disclosure by himself or by his legal advisor, except if protection be waived. | The party invoking the protection of the attorney-client privilege must establish the following: (1) Where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by his legal advisor, (8) except the protection be waived. | What should a party invoking the protection of the attorney-client privilege establish? |
| 6424 | Osborne v. City of Camden, 301 Ark. 420, 421 (1990) | 1 | Municipal zoning authority is conferred solely by state enabling legislation, and failure to comply with mandatory procedural requirement of enabling statute renders zoning ordinance invalid. | Municipal zoning authority is conferred solely by State enabling legislation. Taggart v. City of Augusta, 278 Ark. 570, 647 S.W.2d 458 (1983). Failure to comply with a mandatory procedural requirement of the enabling statute renders a zoning ordinance invalid. | Will a failure to comply with the enabling statute requirement render a zoning action void? |
| 6425 | Town of Midland v. Wayne, 368 N.C. 55, 62–63, 773 S.E.2d 301, 307 (2015) | 1 | The power of eminent domain is one of the prerogatives of a sovereign state, however, its exercise is limited by the constitutional requirements of due process and payment of just compensation for property condemned; just compensation means that persons being required to provide land for public projects are put in the same financial position as prior to the taking. U.S.C.A. Const.Amend. 14; West's N.C.G.S.A. Const. Art. 1, S 19. | "[T]he power of eminent domain[ ] is one of the prerogatives of a sovereign state.... Its exercise, however, is limited by the constitutional requirements of due process and payment of just compensation for property condemned." Dep't of Transp. v. M.M. Fowler, Inc., 361 N.C. 1, 4, 637 S.E.2d 885, 889 (2006) (citations and quotation marks omitted). See N.C. Const. art. I, § 19 ("No person shall be ... deprived of his ... property, but by the law of the land."); see also U.S. Const. amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law...."). Due process requires that the *63 property right taken and the owner of the right be identified in the condemnation complaint. See Barnes v. N.C. State Highway Comm'n, 250 N.C. 378, 387, 109 S.E.2d 219, 227 (1959) (noting the government's duty to make just compensation to the owner of the property appropriated). Just compensation means "that persons being required to provide land for public projects are put in the same financial position as prior to the taking." | Is the power of eminent domain limited by constitutional requirements? |

| | | | | | |
|---|---|---|---|---|---|
| 6426 | Ratajack v. Brewster Fire Dept., Inc. of the Brewster-S.E. Jt. Fire Dist., 178 F. Supp. 3d 118, 158 (S.D.N.Y. 2016) | 32 | To recover for libel under New York law, a plaintiff must prove five elements: (1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) the defendant's fault; (4) the falsity of the defamatory statement; and (5) injury to the plaintiff. | To recover for libel under New York law, a plaintiff must "prove five elements: (1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) [the] defendant's fault ...; (4) the falsity of the defamatory statement; and (5) injury to [the] plaintiff." | How can a person recover damages for Libel? |
| 6429 | United States v. 2004 Ferrari 360 Modeno, 902 F. Supp. 2d 944, 955–56 (S.D. Tex. 2012) | 21 | A "bailment" is an express or implied contract wherein the bailor delivers property to the bailee for some purpose and the bailee actually accepts the property; both delivery and acceptance of the property are essential to the creation of a contractual bailment relationship between parties. 18 U.S.C.A. S 983(d)(2). | In short, a bailment is an express or implied contract wherein the bailor delivers property to the bailee for some purpose and the bailee actual accepts the property. Thus, both delivery and acceptance of the property are essential to the creation of a contractual bailment relationship between parties. | Can a contract of bailment be an express or implied agreement between a bailor and a bailee? |
| 6430 | In re Mechanics Tr. Co., 119 N.J. Eq. 141, 181 A. 423 (Ch. 1935) | 8 | Banking business is charged with public interest, rendering it subject to regulation under state police power, and rights of all persons having direct contact with banking business may be altered or changed in reasonable manner. | The banking business is charged with the public interest, and it is subject to regulation under the police power of the state; consequently, the rights of all persons having a direct contact with that business may be altered and changed in a reasonable manner. | Is the business of banking within the police power of the state? |
| 6431 | In re N.J.A.C. 7:15-5.24(b), 420 N.J. Super. 552, 572 (App. Div. 2011) | 11 | Enabling statute for Department of Environmental Protection (DEP) grants the DEP vast authority to set policy and promulgate regulations for the conservation of the natural resources of the State, the promotion of environmental protection, and the prevention of pollution of the environment of the State. N.J.S.A. 13:1D-1 et seq. | grants the agency vast authority to set policy and promulgate regulations "for the conservation of the natural resources of the State, the promotion of environmental protection and the prevention of pollution of the environment of the State." N.J.S.A. 13:1D-9. | What responsibilities are the Department of Environmental Protection charged with? |
| 6432 | Zimmerman v. N. Dakota Dept. of Transp. Dir., 543 N.W.2d 479, 481 (N.D. 1996) | 1 | Appeal from administrative hearing officer's decision involving driver's license suspension is governed by Administrative Agencies Practice Act. NDCC 28-32-01 et seq. | An appeal from an administrative hearing officer's decision involving a license suspension under N.D.C.C. § 39–20–04.1, is governed by the Administrative Agencies Practice Act, N.D.C.C. Ch. 28–32. | Does Administrative Agencies Practice Act govern an appeal from administrative hearing officer's decision involving a license suspension? |
| 6433 | Bank of New York v. Sumter County, 387 S.C. 147, 158, 691 S.E.2d 473, 479 (2010) | 11 | A "constructive bailment" arises when one person has lawfully acquired possession of another person's personal property, other than by virtue of a bailment contract, and holds it under such circumstances that the law imposes on the recipient of the property the obligation to keep it safely and redeliver it to the owner. | "A constructive bailment arises when one person has lawfully acquired possession of another person's personal property, other than by virtue of a bailment contract, and holds it under such circumstances that the law imposes on the recipient of the property the obligation to keep it safely and redeliver it to the owner." | When does a constructive bailment arise? |

| | | | | | |
|---|---|---|---|---|---|
| 6434 | Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 314 (6th Cir. 2000) | 9 | The sine qua non of the applicability of the Federal Arbitration Act (FAA) to a particular dispute is an agreement to arbitrate the dispute in a contract which evidences a transaction in interstate commerce. 9 U.S.C.A. S 1 et seq. | Indeed, "[t]he sine qua non of the FAA's applicability to a particular dispute is an agreement to arbitrate the dispute in a contract which evidences a transaction in interstate commerce." | What is the sine qua non of the Federal Arbitration Acts (FAA) applicability to a particular dispute? |
| 6435 | Gay v. CreditInform, 511 F.3d 369, 388–89 (3d Cir. 2007) | 27 | Cardinal principle of law of arbitration is that, under the Federal Arbitration Act (FAA), arbitration is matter of consent, not coercion, and that parties are generally free to structure their arbitration agreements as they see fit, a freedom that extends to choice-of-law provisions governing parties' agreement to arbitrate. 9 U.S.C.A. S 1 et seq. | The cardinal principle of the law of arbitration is that "under the [FAA, arbitration] is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." Volt Info. Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 1256, 103 L.Ed.2d 488 (1989). That freedom extends to choice-of-law provisions governing agreements, including agreements to arbitrate. | What is the cardinal principle of the law of arbitration? |
| 6436 | Spear, Leeds Kellogg v. Central Life Assur, 85 F.3d 21, 28 (2d Cir. 1996) | 9 | Despite presumption of arbitrability, strong federal policy favoring arbitration may not extend reach of arbitration beyond intended scope of clause providing for it. | Despite the presumption of arbitrability, the strong federal policy favoring arbitration may not extend the reach of arbitration beyond the intended scope of the clause providing for it. | Can federal policy extend the reach of arbitration beyond the intended scope of the arbitration clause? |
| 6437 | Clean Air Coordinating Committee v. Environmental Protection Agency, 42 Ill. App. 3d 124, 128 (Ill. App. 1976) | 2 | Pollution Control Board is required by statute to file and publish written opinion stating facts and reasons leading to its decision. S.H.A. ch. 1111/212, S 1033. | It must be noted that the Board is required by statute to file and publish a written opinion stating the facts and reasons leading to its decision. | "Under Section 33 of the Environmental Protection Act, is the Pollution Control Board required to file and publish a written opinion stating the facts and reasons for its decision?" |
| 6438 | Morgan v. Texas Alcoholic Beverage Comm'n, 519 S.W.2d 250, 253 (Tex. Civ. App. 1975) | 6 | In refusing to grant application for wine and beer retailers license and cartage permit, county judge acts in administrative rather than judicial capacity. | The County Judge of Lamar County, in refusing to grant the application for a wine and beer retailers license and a cartage permit acted in an administrative rather than a judicial capacity. | Does a county judge in passing on an application for license to sell beer acts in administrative capacity? |
| 6439 | Johnston v. Bd. of Sup'rs of Marin Cnty., 187 P.2d 686, 691 (Cal. 1947) | 10 | County board of supervisors acts in administrative capacity in granting permits under zoning ordinance, and is bound by terms of ordinance, until ordinance is amended through proper legislative procedure. Gen.Laws, Act 5211b (repealed 1947. See Act 5211c). | When a board of supervisors acts in an administrative capacity, as in granting permits under a zoning ordinance, it is bound by the terms of the ordinance until the ordinance is amended through proper legislative procedure. | Does a board of supervisors when granting a permit under a zoning ordinance act in an administrative capacity? |

| 6440 | Murphy v. Colson, 2013 IL App (2d) 130291, ¶ 16 (2013) | 1 | To sustain a cause of action for alienation of affection, the plaintiff must allege and prove: (1) love and affection of the spouse for the plaintiff; (2) overt acts, conduct, or enticement on the part of the defendant causing these affections to depart; and (3) actual damages. | To sustain a **493 *376 cause of action for alienation of affection, the plaintiff must allege and prove: (a) love and affection of the spouse for the plaintiff; (b) overt acts, conduct, or enticement on the part of the defendant causing these affections to depart; and (c) actual damages. | When can a spouse maintain an action for alienation of affection against a third party? |
| 6441 | Malouf v. Dallas Athletic Country Club, 837 S.W.2d 674, 676 (Tex. App. 1992) | 9 | Trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although actor may not know that act he intends to commit is such a violation. | A trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. | When is intent relevant for the tort of trespass? |
| 6445 | Commonwealth v. Earle, 458 Mass. 341, 347–48, 937 N.E.2d 42, 48 (2010) | 9 | As a parent has a duty to provide for the care and welfare of his or her child, a failure to discharge that duty can be rendered criminal if the defendant parent had the means to perform it, and depending on the circumstances, can constitute murder or involuntary manslaughter. | Thus, as a parent has a duty to provide for the care and welfare of his or her child, see Commonwealth v. Gallison, 383 Mass. 659, 665, 421 N.E.2d 757 (1981), a failure to discharge that duty can be rendered criminal if the defendant parent had the means to perform it and, depending on *348 the circumstances, can constitute murder or involuntary manslaughter. | Do parents have a legal duty to provide medical care for a child if necessary? |
| 6450 | United States v. CDMG Realty Co., 875 F. Supp. 1077, 1086 (D.N.J. 1995) | 5 | Primary prosecutorial responsibility for enforcing New Jersey's environmental laws resides in government, and Environmental Rights Act (ERA) anticipates private parties' standing only when government has failed to properly act. N.J.S.A. 2A:35A-4, subd. a. | "The primary prosecutorial responsibility for enforcing the state's environmental laws resides in the government, and the [ERA] anticipates private parties' standing only when the government has failed to properly act." 13 U.S. | When does the Environmental Rights Act (ERA) anticipate private parties standing? |
| 6453 | Olle v. 5401 W. Ave. Residential, 569 F. Supp. 2d 141, 144 (D.D.C. 2008) | 1 | Federal Arbitration Act (FAA) creates a strong presumption in favor of enforcing arbitration agreements and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. 9 U.S.C.A. S 2. | The FAA creates a strong presumption in favor of enforcing arbitration agreements and "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. | Does the Federal Arbitration Act (FAA) create a strong presumption in favor of enforcing arbitration agreements? |

| | | | | |
|---|---|---|---|---|
| 6456 | Brown ex rel. Stevens v. State, 39 N.Y.S.3d 327, 331 (N.Y. App. Div. 4th Dept. 2016) | 8 | The New York constitution enshrined the traditional public school system of school districts in which communities make decisions on funding and operating publicly-funded local schools, but it did not alter its substance. McKinney's Const. Art. 11, S 1. | Those words enshrined in the State Constitution the traditional, centuries-old system of school districts in which communities make decisions on funding and operating publically-funded local schools (see New York Civ. Liberties Union v. State of New York, 4 N.Y.3d 175, 181, 791 N.Y.S.2d 507, 824 N.E.2d 947 [NYCLU]; Paynter, 100 N.Y.2d at 442, 765 N.Y.S.2d 819, 797 N.E.2d 1225). Its purpose was to constitutionalize the traditional public school system, not to alter its substance (see NYCLU, 4 N.Y.3d at 181, 791 N.Y.S.2d 507, 824 N.E.2d 947; Paynter, 100 N.Y.2d at 442, 765 N.Y.S.2d 819, 797 N.E.2d 1225). | Do communities make decisions on funding and operating publicly-funded local schools? |
| 6457 | DiFolco v. MSNBC Cable L.L.C., 831 F. Supp. 2d 634, 649 (S.D.N.Y. 2011) | 16 | Under New York law, the single instance rule applies as an exception to defamation per se actions for disparaging a person in his or her profession where a publication charges a professional person with a single error in judgment, which the law presumes not to injure reputation; under the single, instance exception to the per se rule, a statement charging another with a single dereliction in connection with his or her trade, occupation or profession does not necessarily charge that party with general incompetence, ignorance or lack of skill and is not deemed actionable unless special damages are pleaded and shown. Restatement (Second) of Torts S 558. | New York, however, recognizes the "single instance rule" as a narrow exception to the category of defamation per se outlined above. Celle, 209 F.3d at 180. The rule applies " 'where a publication charges a professional person with a single error in judgment, which the law presumes not to injure reputation.' " Id. (quoting Armstrong v. Simon & Schuster, Inc., 85 N.Y.2d 373, 625 N.Y.S.2d 477, 649 N.E.2d 825, 828 n. 5 (1995)). "[U]nder the 'single, instance' exception to [the per se rule], a statement charging another with a single dereliction in connection with his or her trade, occupation or profession does not necessarily charge that party with general incompetence, ignorance or lack of skill and is not deemed actionable unless special damages are pleaded and shown." | What is the single instance rule in defamation law? |
| 6460 | Husser v. N.Y.C. Dep't of Educ., 137 F. Supp. 3d 253, 265 (E.D.N.Y. 2015) | 10 | Equal Pay Act prohibits employers from discriminating among employees on the basis of sex by paying higher wages to employees of the opposite sex for equal work. Equal Pay Act of 1963, S 3(d)(1), 29 U.S.C.A. S 206(d)(1). | The Equal Pay Act "prohibits employers from discriminating among employees on the basis of sex by paying higher wages to employees of the opposite sex for 'equal work.' " | Does the Equal Pay Act prohibit an employer from discriminating between employees on the basis of sex while paying wages? |
| 6461 | First Assembly of God, Inc. v. Texas Utilities Elec. Co., 52 S.W.3d 482, 491–92 (Tex. App. 2001) | 21 | The commensurate with the danger standard of care imposed upon a public utility does not impose a higher duty of care; rather, it more fully defines what is ordinary care under the facts presented. | This "commensurate with the danger" standard does not impose a higher duty of care; rather, it more fully defines what is ordinary care under the facts presented. | Does the commensurate with the danger standard impose a higher duty of care by a public utility? |

| 6463 | City of Cohasset v. Minnesota Power, 776 N.W.2d 776, 783 (Minn. Ct. App. 2010) | 7 | An entity, to operate as a utility, must not only lay pipes and install equipment, but also must provide service, collect charges, and do other things necessary to conduct a utility business. | "[A]n entity, to operate as a utility, must not only lay pipes and install equipment, but also must provide service, collect charges, and do other things necessary to conduct a utility business." | Should an entity only lay pipes and install equipment to operate as a utility? |
|---|---|---|---|---|---|
| 6466 | Connick v. Myers, 461 U.S. 138, 138, 103 S. Ct. 1684, 1685, 75 L. Ed. 2d 708 (1983) | 1 | In determining a public employee's rights of free speech, task of the Supreme Court is to arrive at a balance between interests of the employee as a citizen, in commenting upon matters of public concern and the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees. U.S.C.A. Const.Amends. 1, 14. | In determining a public employee's rights of free speech, the problem is to arrive "at a balance between the interests of the [employee], as a citizen, in commenting on matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." | Does the First Amendment protect the right of public employees to comment on matters of public interest? |
| 6467 | Penn Central Transp. Co. v. New York City, 438 U.S. 104, 124 (1978) | 5 | A "taking" may more readily be found when the interference with property had to be characterized as a physical invasion by the government, and when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good. U.S.C.A.Const. Amends. 5, 14. | A "taking" may more readily be found when the interference with property can be characterized as a physical invasion by government, see, e.g., United States v. Causby, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946), than when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good. | When can a taking be readily found? |
| 6468 | State ex rel. State Highway Comm'n v. Gatson, 617 S.W.2d 80, 82 (Mo. Ct. App. 1981) | 3 | A "special benefit," which condemnor may utilize as setoff against landowner's damages, is one that accrues directly and approximately to particular land remaining after partial taking by reason of construction of public work upon that part of land that was taken reflected in increase in market value of remaining land. | A special benefit is one that accrues directly and proximately to the particular land remaining after a partial taking by reason of the construction of the public work upon that part of the land that was taken reflected in an increase in market value of the remaining land. | What are special benefits in taking? |
| 6470 | Entergy Gulf States v. Louisiana Pub. Serv. Comm'n, 98-1235 (La. 4/16/99), 730 So. 2d 890, 904 | 9 | Utility must make reasonable attempts to minimize costs through prudent decision making, since ratepayers depend on only one monopolistic supplier. | The utility must make reasonable attempts to minimize costs through prudent decision making, since ratepayers depend on only one monopolistic supplier. | Should the utility must make reasonable attempts to minimize costs through prudent decision making? |
| 6471 | Moghazeh v. Valdes-Rodriguez, 542 N.Y.S.2d 635, 636 (N.Y. App. Div. 1st Dept. 1989) | 1 | General rule that, all things being equal, transitory action should be tried in county in which cause of action arose, is predicated on convenience of material witnesses. McKinney's CPLR 510, subd. 3. | In making its ruling, the trial court relied upon the general rule that, "all things being equal, a transitory action should be tried in the county in which the cause of action arose". McGuire v. General Electric Company, 117 A.D.2d 523, 498 N.Y.S.2d 137. As we have repeatedly held, however, this rule "is predicated on the convenience of material witnesses". | Is the general rule that a transitory action should be brought where the cause of action arose predicated on the convenience of material witnesses? |

| 6473 | Am. Discount Co. v. Wyckroff, 191 So. 790, 794 (Ala. Ct. App. 1939) | 16 | The term "force," as applied to trespass to personal property, does not necessarily mean application of physical force or violence, but merely of constructive force which is sustained by proof of threats to compel submission. | The term "force" as applied to a trespass to personal property does not necessarily mean the application of physical force, violence, etc., but merely of constructive force, which would be sustained by proof of threats to compel plaintiff's submission. | Should the term force as applied to trespass mean actual physical force? |
|------|------|------|------|------|------|
| 6474 | Frye v. Baskin, 241 Mo. App. 319, 331 (1950) | 4 | Trespass lies whenever an injury to plaintiff's property, against the will of the plaintiff, is the immediate result of a forceful, unlawful or wrongful act, not in a criminal sense, by the trespasser, the consequences of which make the act tortious. | Trespass involves the idea of force. The principle is elementary that trespass lies whenever an injury to plaintiff's property, against his will, is the immediate result of a forceful, unlawful or wrongful act (not in a criminal sense) by the trespasser, the consequences of which make them tortious. | "Is trespass the immediate result of a forceful, unlawful or wrongful act?" |
| 6476 | Am. Mgmt. Consultant v. Carter, 392 Ill. App. 3d 39, 56, (2009) | 13 | Where a statute includes a requirement that written demand is made prior to filing a complaint, the demand must be made in strict compliance with the statute. | Where the statute includes a requirement that written demand is made prior to filing a complaint, the demand must be made in strict compliance with the statute. | "Where a statute includes a requirement that written demand be made prior to filing a complaint, must the demand be made in strict compliance with the statute?" |
| 6477 | First Nat. Bank of Jackson v. Huff, 441 So. 2d 1317, 1319 (Miss. 1983) | 3 | Determination of whether subrogation is applicable is a factual determination of each particular case with consideration of fairness and justice as its guiding principles. | The determination of whether subrogation is applicable is a factual determination of each particular case with consideration of fairness and justice as its guiding principles. | Is the determination of whether subrogation is applicable a factual determination of each particular case with consideration of fairness and justice as its guiding principles? |
| 6478 | Wasko v. Manella, 849 A.2d 777, 781 (Conn. 2004) | 4 | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | The object of [legal or equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.... | Is prevention of injustice the object of subrogation? |
| 6479 | AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 341–42 (2011) | 7 | In light of the preemptive effect of the Federal Arbitration Act (FAA), a court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what the state legislature cannot. 9 U.S.C.A. S 2. | We said that a court may not "rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what … the state legislature cannot." | Can a court rely on the uniqueness of an arbitration agreement when state-law says that the enforcement of the agreement is unconscionable? |

| 6481 | Florida E. Coast Ry. Co. v. Broward Cty., 421 So. 2d 681, 683 (Fla. Dist. Ct. App. 1982) | 2 | When a taking will not materially impair or interfere with or is not inconsistent with the existing public use, and the proposed use is not detrimental to the public, then a court possesses authority to order a taking of the property; this exception to the prior public use doctrine is known as the "compatible use" theory. | However, when a taking will not materially impair or interfere with or is not inconsistent with the existing use, and the proposed use is not detrimental to the public, then a court possesses authority to order a taking of the property. Georgia Southern & Florida Railway v. State Road Department, 176 So.2d 111 (Fla. 1st DCA 1965). This exception to the prior public use doctrine is known as the "compatible use" theory. | How is compatible use theory identified under the law? |
|------|------|------|------|------|------|
| 6483 | Wong v. Yoo, 649 F. Supp. 2d 34, 66 (E.D.N.Y. 2009) | 60 | Where a prosecution did not result in an acquittal, under New York law it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence; however, under certain circumstances dismissal is considered to be a termination in plaintiff's favor. | "Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence." Fulton v. Robinson, 289 F.3d 188, 196 (2d Cir.2002). Under certain circumstances, however, dismissal is considered to be a termination in plaintiff's favor. | When is a prosecution deemed to have ended in favor of the accused for purposes of a malicious prosecution claim? |
| 6484 | Qualls v. Lake Berryessa Enterprises, Inc., 91 Cal. Rptr. 2d 143, 147 (Cal. App. 1st Dist. 1999) | 5 | Whether an agreement for the use of property constitutes a "license" or a lease generally is determined by the nature of the possession granted: if the contract gives exclusive possession of the premises against all the world, including the owner, it is a lease, but if it merely confers a privilege to occupy the premises under the owner, it is a license. | At the most rudimentary level, "[w]hether an agreement for the use of property constitutes a license or a lease generally is determined by the nature of the possession granted. If the contract gives exclusive possession of the premises against all the world, including the owner, it is a lease; if it merely confers a privilege to occupy the premises under the owner, it is a license." | What is the difference between a lease and a license? |
| 6486 | Gibson v. Am. Cyanamid Co., 760 F.3d 600, 626 (7th Cir. 2014) | 28 | Assessing liability that adjusts the benefits and burdens of economic life to promote the common good does not constitute a taking. U.S.C.A. Const.Amend. 5. | Assessing liability "that adjusts the benefits and burdens of economic life to promote the common good … does not constitute a taking." | Does assessing liability that adjusts the benefits and burdens of economic life to promote the common good constitute a taking? |
| 6487 | State v. Becker, 351 N.W.2d 923, 924 (Minn. 1984) | 6 | Complaint charging a defendant with multiple acts of intrafamilial sexual abuse over an extended period of time must allege that the crime occurred during a reasonably specific time period not exceeding the statute of limitations; it is not sufficient to merely restate the statutory language without setting forth a time frame. M.S.A. S 609.3641, subd. 1(2)(e); U.S.C.A. Const.Amend. 6; M.S.A. Const. Art. 1, S 6. | A complaint charging a defendant with multiple acts of intrafamilial sexual abuse over an extended period of time must allege that the crime occurred during a reasonably specific time period not exceeding the statute of limitations. It is not sufficient to merely restate the statutory language without setting forth a time frame. | Is the time span in which multiple acts of intrafamilial sexual abuse took place relevant? |

| 6488 | Hall v. D.C., 867 F.3d 138, 149 (D.C. Cir. 2017) | 8 | In context of defamation claim, under District of Columbia law, no qualified privilege attaches to a statement made without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will. | No privilege attaches to a statement made "without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will." | When does qualified privilege attach to statements? |
|---|---|---|---|---|---|
| 6489 | Kala Investments v. Sklar, 538 So. 2d 909, 917 (Fla. Dist. Ct. App. 1989) | 15 | Policy behind doctrine of equitable subrogation is to prevent unjust enrichment by assuring that person who in equity and good conscience is responsible for debt is ultimately answerable for its discharge. | The policy behind the doctrine is to prevent unjust enrichment by assuring that person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge. | Is prevention of unjust enrichment the policy behind the doctrine of equitable subrogation? |
| 6490 | Youngblood v. Am. States Ins. Co., 866 P.2d 203, 205 (Mont. 1993) | 6 | Purpose of subrogation is to prevent injustice by compelling ultimate payment of debt by one who in justice, equity, and good conscience, should pay it; it is appropriate means of preventing unjust enrichment. | The purpose of subrogation is to prevent injustice by "compel[ling] the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. It is an appropriate means of preventing unjust enrichment." | Is subrogation an appropriate means of preventing unjust enrichment? |
| 6491 | Hartford Fire Ins. Co. v. Columbia State Bank, 183 Wash. App. 599, 609 (2014) | 9 | The right of legal or equitable subrogation arose as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. | "The right of 'legal' or 'equitable' subrogation arose as a 'creature of equity' and 'is enforced solely for the purpose of accomplishing the ends of substantial justice.' " | Is the right of legal or equitable subrogation enforced for the purpose of accomplishing the ends of substantial justice? |
| 6492 | Sansotta v. Town of Nags Head, 97 F. Supp. 3d 713, 730 (E.D.N.C. 2014) | 26 | Government is absolved of liability for the destruction of real and personal property, in cases of actual necessity, to prevent the spreading of a fire or to forestall other grave threats to the lives and property of others. U.S.C.A. Const.Amend. 5. | As for the Owners' first takings theory, the government is "absolv[ed] ... of liability for the destruction of real and personal property, in cases of actual necessity, to prevent the spreading of a fire or to forestall other grave threats to the lives and property of others." Lucas, 505 U.S. | Is the government absolved of liability in cases of actual necessity? |
| 6493 | State ex rel. Dep't of Transp. v. El Dorado Properties, 157 Or. App. 624, 627–28 (1998) | 1 | Landowner is entitled to receive just compensation for land taken for a public use, based on the value of the land at its "highest and best use," which is the most profitable likely use of the property at the time of the taking, including a program of future use of the land that represents its highest present land value. | A landowner is entitled to receive just compensation for land taken for a public use, based on the value of the land *628 at its highest and best use, which is the most profitable likely use of the property at the time of the taking. That likely use may include a program of future use of the land that represents its highest present land value. | What is a landowner entitled to receive for land taken for a public use? |
| 6494 | Cipolla v. Bloom Twp. High Sch. Dist. No. 206, 69 Ill. App. 3d 434, 437 ( Ill. App. 1979) | 5 | Willful and wanton misconduct must be manifested by facts alleged in complaint; characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. | Willful and wanton misconduct must be manifested by the facts alleged in the complaint; the characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. | Is the characterization of certain acts as willful and wanton misconduct sufficient to withstand a motion to dismiss? |

| | | | | | |
|---|---|---|---|---|---|
| 6495 | Cipolla v. Bloom Twp. High Sch. Dist. No. 206, 69 Ill. App. 3d 434, 437 ( Ill. 1979) | 5 | Willful and wanton misconduct must be manifested by facts alleged in complaint; characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. | Willful and wanton misconduct must be manifested by the facts alleged in the complaint the characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. | Does willful and wanton misconduct have to be manifested by facts alleged in the complaint to withstand a motion to dismiss? |
| 6496 | Trailways v. City of Atl. City, 179 N.J. Super. 258, 266, 431 A.2d 191, 195 (Law. Div. 1980) | 4 | Board of Public Utility Commissioners was intended to have widest range of regulatory power over public utilities, and provisions of the statute governing public utilities are to be construed liberally. N.J.S.A. 48:2-1. | The Board of Public Utility Commissioners was intended by the Legislature to have the widest range of regulatory power over public utilities, and the provisions of the statute governing public utilities are to be construed liberally. | Does the Board of Public Utility Commissioners (Board) have the widest range of regulatory power over public utilities? |
| 6498 | Employers Health Ins. v. Gen. Cas. Co. of Wisconsin, 161 Wis. 2d 937, 956, 469 N.W.2d 172, 180 (1991) | 11 | Equitable subrogation is permitted only when rights of those seeking subrogation have greater equity than rights of those who oppose it; right to subrogation arises when person other than mere volunteer pays debt which in equity and good conscience should be satisfied by another. | Subrogation is permitted only when "the rights of those seeking subrogation have greater equity than the rights of those who oppose it." First National Bank of Columbus v. Hansen, 84 Wis.2d 422, 429, 267 N.W.2d 367 (1978). The right to subrogation arises "when a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another." | Is subrogation permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? |
| 6499 | Bd. of Regents of State Colleges v. Roth,  408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972) | 9 | Property interests are not created by the Constitution; rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law, rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. U.S.C.A.Const. Amend. 14. | Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. | Are property interests created by the constitution? |
| 6500 | Westfield Ins. Companies v. Econ. Fire & Cas. Co., 623 N.W.2d 871, 881 (Iowa 2001) | 18 | A motion for adjudication of law points is not intended to be used to resolve factual disputes; rather, it is intended to determine legal matters on uncontroverted pleadings. | A motion for adjudication of law points is not intended to be used to resolve factual disputes, but rather to determine "legal matters on uncontroverted pleadings." | Is a motion for adjudication of law points intended to be used to resolve factual disputes? |
| 6502 | Enright v. Lehmann, 735 N.W.2d 326, 335 (Minn. 2007) | 13 | Subrogation stems from the equitable powers of the court, which must give due regard to the legal and equitable rights of others; subrogation will not be enforced to the prejudice of other rights of equal rank or to the injury of innocent third persons. | We note, as a side matter, that subrogation stems from the equitable powers of the court, which must give due regard to the legal and equitable rights of others. United Carolina Bank v. Beesley, 663 A.2d 574, 576 (Me.1995). Subrogation will not be enforced to the prejudice of other rights of equal rank or to the injury of innocent third persons. | "Does subrogation stem from the equitable powers of the court, which must give due regard to the legal and equitable rights of others?" |

| 6505 | Harris v. Am. Prot. Ins. Co., 158 S.W.3d 614, 622 (Tex. App. 2005) | 8 | "Equitable subrogation" is not dependent upon contract, but arises by operation of law or by implication in equity to prevent injustice. | Equitable subrogation is not dependent upon contract, but arises by operation of law or by implication in equity to prevent injustice. | Is equitable subrogation dependent upon contract or arise by operation of law or by implication in equity to prevent injustice? |
| 6506 | In re Wiley, 438 B.R. 331, 333 (Bankr. D.N.M. 2010) | 2 | Under New Mexico law, "subrogation" is equitable remedy of civil law origin, whereby, through a supposed succession to legal rights of another, a loss is put ultimately on the one who in equity and good conscience should pay it. | ubrogation ... is an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. | Is subrogation or equitable subrogation a remedy for the benefit of one secondarily liable? |
| 6507 | Miller v. Rosewick Rd. Dev., LLC, 76 A.3d 422, 431 (Md. Spec. App. 2013) | 2 | Although ordinarily, a party may not appeal from a judgment to which the party consented, the party may, nonetheless, seek a judicial remedy, by invoking the procedures set forth in rules governing enforcement of judgments, if there is a failure by any party to abide by the terms to which he or she had agreed. Md.Rule 2-631. | Although "ordinarily, a party may not appeal from a judgment to which he/she consented," Bryant v. Howard Cnty. Dept. of Soc. Servs. ex rel. Costley, 387 Md. 30, 42, 874 A.2d 457 (2005), it may, nonetheless, seek a judicial remedy, by invoking the procedures set forth in Title 2 of the Maryland Rules, if there is a failure by any party to abide by the terms to which he or she had agreed. | Can a party appeal from a judgment to which the party consented? |
| 6508 | Great N. Ins. Co. v. ADT Sec. Servs., 517 F. Supp. 2d 723, 737 (Pa. 2007) | 15 | Under Pennsylvania law, course of dealing and usage of trade are distinguishable from course of performance, the latter of which refers to a sequence of conduct between the parties subsequent to formation of the contract during performance of the terms of the contract, and may be used only to interpret a contract. | Course of dealing and usage of trade are distinguishable from course of performance, the latter of which refers to a "sequence of conduct between the parties subsequent to formation of the contract during performance of the terms of the contract[,]" and may be used only to interpret a contract. | Is course of dealing and usage of trade distinguishable from course of performance? |
| 6509 | Texaco, Inc. v. Short, 454 U.S. 516, 530, 102 S. Ct. 781, 793, 70 L. Ed. 2d 738 (1982) | 6 | It is owner's failure to make any use of property, not action of state, that causes lapse of property right under Indiana Dormant Mineral Interests Act, and, therefore, there is no "taking" that requires compensation. IC 32-5-11-1 to 32-5-11-8 (1976 Ed.); U.S.C.A.Const.Amend. 14. | It is the owner's failure to make any use of the property—and not the action of the State—that causes the lapse of the property right; there is no "taking" that requires compensation. | "Can the owner's failure to make any use of the property that causes the lapse of the property right, be considered taking that requires compensation?" |
| 6511 | Gosselin v. Webb, 242 F.3d 412, 415 (1st Cir. 2001) | 1 | To prevail under doctrine of partnership by estoppel under Massachusetts law, plaintiff must prove four elements: (1) that the would-be partner has held himself out as a partner, (2) that such holding out was done by defendant directly or with his consent, (3) that plaintiff had knowledge of such holding out, and (4) that plaintiff relied on the ostensible partnership to his prejudice. | Gosselin, therefore, relies on the doctrine of partnership by estoppel to hold Appellees liable for O'Dea's alleged malpractice. To prevail under this doctrine, a plaintiff must prove four elements: "(1) that the would-be partner has held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to his prejudice." | What are the elements of partnership by estoppel? |

| 6512 | Gillispie v. Goodyear Serv. Stores, 258 N.C. 487, 489 (1963) | 7 | A complaint alleging that defendant is indebted to plaintiff in a certain amount and that such debt is due, but not alleging in what manner or for what cause defendant became indebted to plaintiff, is demurrable for failure to state facts sufficient to constitute cause of action. | When a complaint alleges defendant is indebted to plaintiff in a certain amount and such debt is due, but does not allege in what manner or for what cause defendant became indebted to plaintiff, it is demurrable for failure to constitute a cause of action. | "Is a complaint which alleges indebtedness but does not allege the manner or cause of indebtedness, demurrable?" |
|------|------|------|------|------|------|
| 6513 | Hand v. Pettitt, 258 Ga. App. 170, 171 (2002) | 2 | Where the exclusion of evidence is required as a matter of law, a trial court does not abuse its discretion in granting a motion in limine. | Where the exclusion of evidence is required as a matter of law, the trial court does not abuse its discretion in granting a motion in limine. | "Where the exclusion of evidence is required as a matter of law, does a trial court abuse its discretion in granting a motion in limine?" |
| 6514 | Hamilton v. Thomasville Med. Assocs., 187 N.C. App. 789, 792 (2007) | 4 | The court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature, and therefore, the court's ruling on the motion in limine is subject to modification during the course of the trial. | Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion in limine is subject to modification during the course of the trial. | Is the court's ruling on a motion in limine subject to modification during the course of the trial? |
| 6515 | Stephens v. Rakes, 235 W. Va. 555, 572 (2015) | 19 | Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court. Rules of Evid., Rule 103(c). | In West Virginia, once a trial judge rules on a motion in limine, "that ruling becomes the law of the case unless modified by a subsequent ruling of the court. | "Once a trial judge rules on a motion in limine, does that ruling become the law of the case unless modified by a subsequent ruling of the court?" |
| 6517 | In re Darosa, 318 B.R. 871, 877 (9th Cir. 2004) | 4 | In general terms, "subrogation" is substitution of one party in place of another with reference to a lawful claim, demand, or right. | "In general terms, subrogation is the substitution of one party in place of another with reference to a lawful claim, demand or right. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the ""subrogee,"" is placed in the shoes of the person who suffered the loss, the ""subrogor""?" |
| 6518 | River Bar Farms v. Moore, 83 Ark. App. 130, 134, 118 S.W.3d 145, 147 (2003) | 3 | Ordinarily, if the effect of a decree is to reach and operate upon the land itself, it is regarded as a proceeding in rem, and is a local action, which must be brought in the county where the land is situated. A.C.A. S 16-60-101. | Ordinarily, if the effect of a decree is to reach and operate upon the land itself, it is regarded as a proceeding in rem, and is a local action, which must be brought in the county where the land is situated. | Is a proceeding in rem if the effect of the decree is to reach and operate upon the land itself? |
| 6520 | Morris v. Ernst & Young, LLP, 834 F.3d 975, 985 (9th Cir. 2016) | 21 | When an illegal provision not targeting arbitration is found in an arbitration agreement, the Federal Arbitration Act (FAA) treats the contract like any; the FAA recognizes a general contract defense of illegality. 9 U.S.C.A. S 2. | When an illegal provision not targeting arbitration is found in an arbitration agreement, the FAA treats the contract like any other; the FAA recognizes a general contract defense of illegality. 8 9 U.S.C. 2 | How does the Federal Arbitration Act (FAA) treat contracts when an illegal provision not targeting arbitration is found in an arbitration agreement? |

| 6524 | In re Grand Jury Subpoena dated Aug. 9, 2000, 218 F. Supp. 2d 544, 551 (S.D.N.Y. 2002) | 3 | Act of state doctrine counsels a court to avoid examining the validity of an official act of a sovereign state taken on its own soil. | Act of State Doctrine [3] The act of state doctrine counsels a court to avoid examining the validity of an official act of a sovereign state taken on its own soil. | Does the act of state doctrine counsel a court to avoid examining the validity of an official act of a sovereign state taken on its own soil? |
| 6525 | Doe v. Qi, 349 F. Supp. 2d 1258, 1292 (N.D. Cal. 2004) | 15 | Act of state doctrine is not rendered inapposite simply because international law or jus cogens norms are violated. | As noted above, the act of state doctrine is not rendered inapposite simply because international law or jus cogens norms are violated. | Is the act of state doctrine rendered inapposite simply because international law or jus cogens norms are violated? |
| 6526 | Flatow v. Islamic Republic of Iran, 999 F. Supp. 1, 24 (D.D.C. 1998) | 27 | Only individuals whom United States recognizes as legitimate heads of state qualify for head of state immunity; whether individual qualifies as head of state is decision committed exclusively to political branches and judiciary is bound by their determinations. | Only individuals whom the United States recognizes as legitimate heads of state qualify; whether an individual qualifies as a head of state is a decision committed exclusively to the political branches and the judiciary is bound by their determinations. | Do only individuals whom the United States recognizes as legitimate heads of state qualify for head of state immunity? |
| 6528 | Eckert Int'l v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167, 171 (E.D. Va. 1993) | 4 | Under "act of state doctrine," courts may not sit in judgment of sovereign state's public acts performed within that state's boundaries. | Fiji fares no better in its attempt to invoke the act of state doctrine. Under that doctrine, courts may not sit in judgment of a sovereign state's public acts performed within that state's boundaries. | "Under the act of state doctrine, may courts sit in judgment of a sovereign state's public acts performed within that state's boundaries?" |
| 6529 | Nat'l Am. Corp. v. Fed. Republic of Nigeria, 448 F. Supp. 622, 640 (S.D.N.Y. 1978) | 17 | Act of state doctrine operates only to preclude issues from consideration, an effect which does not necessarily render entire claim nonjusticiable. | As the Second Circuit interprets the act of state doctrine, it operates only to preclude issues from consideration an effect which does not necessarily render an entire claim nonjusticiable. | "Does the act of state doctrine operate only to preclude issues from consideration, an effect which does not necessarily render the entire claim non justiciable?" |
| 6530 | Dillingham-Ray Wilson v. City of Los Angeles, 182 Cal. App. 4th 1396, 1403, 106 Cal. Rptr. 3d 691, 698 (2010) | 6 | If the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been shown. | "[I]f the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been shown." | "If the trial court's in limine ruling was based upon a misinterpretation of applicable law, has an abuse of discretion has been shown?" |
| 6533 | Smith v. Associated Nat. Gas Co., 7 S.W.3d 530, 536 (Mo. Ct. App. 1999) | 20 | An in limine ruling is a preliminary expression of the court's opinion as to the admissibility of evidence and is subject to change during the course of the trial. | We first note that "[a]n in limine ruling is a 'preliminary expression of the court's opinion as to the admissibility of evidence' and is subject to change during the course of the trial." | Is an in limine ruling a preliminary expression of the court's opinion as to the admissibility of evidence and is subject to change during the course of the trial? |
| 6534 | Forsyth Cty. v. Martin, 279 Ga. 215, 221 (2005) | 9 | A "motion in limine" is a pretrial method of determining the admissibility of evidence; by its very nature, the grant of a motion in limine suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | A motion in limine is a pretrial method of determining the admissibility of evidence.... By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | Does the grant of a motion in limine excluding evidence suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? |

| 6535 | First State Ins. Co. v. Super. Ct., 94 Cal. Rptr. 2d 104, 110 (Cal. App. 2d Dist. 2000) | 2 | Complex litigation procedure is intended to facilitate pretrial resolution of evidentiary and other issues, and to minimize the time and expense of lengthy or multiple trials. West's Ann.Cal.Gov.Code S 68607. | "The complex litigation procedure is intended to facilitate pretrial resolution of evidentiary and other issues, and to minimize the time and expense of lengthy or multiple trials." | Is complex litigation procedure intended to facilitate pretrial resolution of evidentiary and other issues? |
| 6536 | Mollerson v. City of New York, 680 N.Y.S.2d 800, 803 (N.Y. Sup. Ct. 1998) | 1 | As a matter of elementary fairness, all parties to action have right to appear at and participate in all pretrial and trial stages of action, unless they waive their right to do so, or exceptional circumstances occur, such as disruptiveness by party. | As a matter of elementary fairness, all parties to an action have the right to appear at and participate in all pre-trial and trial stages of an action, unless they waive their right to do so or exceptional circumstances occur, such as disruptiveness by the party (see, Matter of Guardianship of Daniel D., 49 N.Y.2d 788, 791, 426 N.Y.S.2d 729, 403 N.E.2d 451 [1980]; Lunney v. Graham, 91 A.D.2d 592, 593, 457 N.Y.S.2d 282 [1st Dept.1982] ). | Can all parties to action have right to appear at and participate in all pretrial and trial stages of action? |
| 6537 | Kelly v. New W. Fed. Sav., 56 Cal. Rptr. 2d 803, 808 (Cal. App. 2d Dist. 1996) | 1 | Usual purpose of motions in limine is to preclude presentation of evidence deemed inadmissible and prejudicial by moving party. | The usual purpose of motions in limine is to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. | Is the usual purpose of motions in limine to preclude presentation of evidence deemed inadmissible and prejudicial by moving party? |
| 6539 | Sculler v. Sculler, 348 N.J. Super. 374, 376 (Ch. Div. 2001) | 1 | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and in such cases, the motions should ordinarily be denied until a sufficient predicate is established. | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented. In such cases, the motions should ordinarily be denied until a sufficient predicate is established. | Are in limine motions inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented? |
| 6540 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60, 69 (2012) | 6 | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | What should a district court weigh in determining if a pretrial ruling is justified? |
| 6542 | Feigenbaum v. Guaracini, 402 N.J. Super. 7, 20  (App. Div. 2008) | 14 | Subrogation rights may be created in three different ways: (1) by agreement; (2) by statute; or (3) judicially as an equitable device to compel the ultimate discharge of an obligation by the one who should in good conscience pay it. | Subrogation rights may be created in three different ways: "(1) by agreement; (2) by statute; or (3) judicially as an equitable device to compel the ultimate discharge of an obligation by the one who should in good conscience pay it." | How may subrogation rights be created? |
| 6543 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 9 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral or transaction to which he is a party. | The in pari delicto defense provides that "a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral or transaction to which he is a party." Dobbs v. | What is the defense if a person cause an immoral act? |

| | | | | | |
|---|---|---|---|---|---|
| 6545 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 566 F. Supp. 1440, 1443 (S.D.N.Y. 1983) | 4 | The act of state doctrine is designed to avoid judicial action which impinges upon the foreign relations of the United States. | The act of state doctrine is designed to avoid judicial action which would impinge upon the foreign relations of the United States. | Is the act of state doctrine designed to avoid judicial action which impinges upon the foreign relations of the United States? |
| 6547 | Weisskopf v. United Jewish App.-Fedn. of Jewish Philanthropies of New York, Inc., 889 F. Supp. 2d 912, 923 (S.D. Tex. 2012) | 16 | Alien Tort Statute (ATS) applies only to shockingly egregious violations of universally recognized principles of international law. 28 U.S.C.A. S 1350. | The ATS "applies only to shockingly egregious violations of universally recognized principles of international law." | Does the Alien Tort Statute (ATS) apply only to shockingly egregious violations of universally recognized principles of international law? |
| 6548 | Nat'l Inst. of Agrarian Reform v. Kane, 153 So. 2d 40, 44 (Fla. Dist. Ct. App. 1963) | 11 | Every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory. | The highest court of our land has said that 'Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | Are United States courts are bound to respect independence of every other sovereign state? |
| 6549 | Villeda Aldana v. Fresh Del Monte Produce, Inc., 305 F. Supp. 2d 1285, 1292 (S.D. Fla. 2003) | 4 | Under Alien Tort Claims Act (ATCA), the "law of nations" refers to a body of law known as customary international law; conduct violates the "law of the nations" if it contravenes well-established, universally recognized norms of international law. 28 U.S.C.A. S 1350. | Under the ATCA, the "law of nations" refers to a body of law known as customary international law. Flores v. Southern Peru Copper Corp., 343 F.3d 140, 154 (2d Cir.2003). Conduct violates the "law of nations" if it contravenes "well-established, universally recognized norms of international law." | "Does certain wrongful conduct violate the law of nations, and gives rise to a right to sue cognizable by exercise of federal jurisdiction under the Alien Tort Claims Act (ATCA)?" |
| 6552 | Jungquist v. Nahyan, 940 F. Supp. 312, 321 (D.D.C. 1996), rev'd in part sub nom. Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020 (D.C. Cir. 1997) | 11 | Head-of-State doctrine, which immunizes a Head-of-State from personal jurisdiction in United States courts, applies only to person United States government acknowledges as official Head-of-State; recognition of government and its officers is exclusive function of Executive Branch. | The defendants assert that Sheikh Sultan is immune from the Court's jurisdiction under the common law Head of State Doctrine, which immunizes a head-of-state from personal jurisdiction in the United States courts. Head of State immunity, however, extends only to the person the United States government acknowledges as the official head-of-state. Id. Recognition of a government and its officers is the exclusive function of the Executive Branch, to which the courts must defer. Id. | Does the Head-of-State doctrine apply only to persons the United States government acknowledges as official Heads-of-State? |
| 6553 | Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114, 118 (S.D.N.Y.) | 6 | Act of state doctrine looks to actual dominion over property rather than to mere execution of official documents. | It matters not that the decree itself was executed within the borders of Dubai, since the act of state doctrine looks to actual dominion over property rather than to the mere execution of official documents. | Does the act of state doctrine look to actual dominion over property rather than to mere execution of official documents? |

| 6554 | In re Travelstead, 227 B.R. 638, 656 (D. Md. 1998) | 22 | Courts will not extend comity to foreign proceedings when doing so would be contrary to policies or prejudicial to interests of the United States. | "And courts will not extend comity to foreign proceedings when doing so would be contrary to the policies or prejudicial to the interests of the United States." | Can United States courts extend comity to foreign proceedings and when doing so would it be contrary to policies or prejudicial to interests of the United States? |
| 6555 | Addis v. Exelon Generation Co., 378 Ill. App. 3d 781, 793 (2007) | 28 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and appellate court will not disturb the trial court's ruling absent an abuse of discretion. | Generally, evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion. | Can a trial court's ruling on a motion in limine be disturbed absent an abuse of discretion? |
| 6556 | Maliqi v. 17 E. 89th St. Tenants, Inc., 880 N.Y.S.2d 917, 921 (N.Y. Sup. Ct. 2009) | 1 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | A motion in limine, by definition, is a "preliminary application," usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial (see generally, Black's Law Dictionary [7th ed. 1999] ). | Is a motion in limine a preliminary application that certain prejudicial evidence not be offered at trial? |
| 6557 | Maliqi v. 17 E. 89th St. Tenants, Inc., 880 N.Y.S.2d 917, 921 (N.Y. Sup. Ct. 2009) | 1 | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | A motion in limine, by definition, is a "preliminary application," usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial (see generally, Black's Law Dictionary [7th ed. 1999] ). | Is a motion in limine a preliminary application that certain inadmissible evidence not be referred to at trial? |
| 6559 | Reese v. Proppe, 3 Ohio App. 3d 103, 108 (1981) | 11 | Mere letter signed by judge ordering that trial memorandum be submitted was not an order of court for the disobedience of which a sanction could be applied against a party. | A mere letter signed by the judge ordering that trial memoranda be submitted is not an order of the court for the disobeyance of which a sanction may be applied against a party. | Is the disobeyance of a mere letter signed by a judge ordering that trial memorandum be submitted an order of the court for which a sanction could be applied against a party? |
| 6562 | Greer v. Buzgheia,  141 Cal. App. 4th 1150, 1156 (2006) | 4 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | The motion in limine is not expressly authorized by statute, but is within the trial court's " 'inherent power to entertain and grant.' | Is a motion in limine expressly authorized by statute or is it within the trial court's inherent power to entertain and grant? |
| 6565 | Tri-Cty. Elec. Ass'n v. City of Gillette, 584 P.2d 995, 1003–04 (Wyo. 1978) | 11 | In the event of a conflict between two utilities, the Public Service Commission is authorized to make such order and prescribe such conditions as seem just and reasonable. W.S.1977, SS 37-1-101, 37-2-205(a). | The P.S.C. is authorized in the event of a conflict between two utilities to make such order and prescribe such conditions as seem just and reasonable, Dubois Telephone Exchange v. Mountain States Telephone & Telegraph Co., Wyo.1967, 429 P.2d 812, citing s 37-31, W.S. 1957, now s 37-2-205(a), W.S.1977. | Is the Public Service Commission (PSC) authorized to order and prescribe reasonable conditions when a conflict between two utilities arises? |

| 6566 | Greater Anchorage Area Borough v. City of Anchorage, 504 P.2d 1027, 1033 (Alaska 1972) | 9 | Essence of administrative power conferred upon state Public Utilities Commission is regulatory; the Commission is empowered to set rates, promulgate regulations, collect information, process complaints against utilities and the like; however, the statutory framework does not grant unlimited adjudicatory authority to the Commission. AS 42.05.141. | The essence of the administrative power conferred upon the PUC is regulatory; the Commission's empowered to set rates, promulgate regulations, collect information, process complaints against utilities and the like. The statutory framework, however, does not grant unlimited adjudicatory authority to the PUC. | Is the administrative power of the Public Utilities Commission (PUC) regulatory? |
| 6568 | United States v. Gray, 292 F. Supp. 2d 71, 93 (D.D.C. 2003) | 33 | Federal bribery statute does not preclude government from agreeing to grant leniency to a defendant in exchange for truthful testimony. | Contrary to Nunn's contention, it is well established that the federal bribery statute does not preclude the government from agreeing to grant leniency to a defendant in exchange for truthful testimony. | Does Federal bribery statute preclude government from agreeing to grant leniency to a defendant in exchange for truthful testimony? |
| 6571 | United States v. Frank, 486 F. Supp. 2d 1353, 1359 (S.D. Fla. 2007) | 7 | International law generally allows a country to exert extra-territorial jurisdiction over its own citizens, as long as the exercise of such jurisdiction is not unreasonable. | International law, moreover, generally allows a country to exert extra-territorial jurisdiction over its own citizens, as long as the exercise of such jurisdiction is not unreasonable. | "Does international law generally allow a country to exert extra-territorial jurisdiction over its own citizens, as long as the exercise of such jurisdiction is not unreasonable?" |
| 6572 | Zapata v. Ford Motor Credit Co., 615 S.W.2d 198, 201 (Tex. 1981) | 2 | Commission of a trespass does not necessarily mean the actor will be liable for damages; liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | The commission of a trespass does not necessarily mean the actor will be liable for damages. Restatement (Second) of Torts s 217, Comment a (1965). Liability does not attach, unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | When does liability attach to a trespass to chattel action? |
| 6574 | Calamita v. De Ponte, 122 Conn. 20, 187 A. 129, 130 (Conn. 1936) | 7 | As regards time when cause of action arises, indemnity agreements fall into classes where contract is to indemnify against liability, and where contract is to indemnify against loss; in first class, cause of action arises as soon as liability is incurred, but in second class, cause of action does not arise until promisee has actually incurred loss. | As far as concerns the time when a cause of action arises, indemnity agreements fall broadly into two classes, those where the contract is to indemnify against liability and those where it is to indemnify against loss; in the first, the cause of action arises as soon as liability is incurred, but in the second it does not arise until the promisee has actually incurred a loss. | Do indemnity agreements fall into classes where contract is to indemnify against liability? |

| 6576 | In re Harper, No. ADV. NO. 05-01151-R, 2007 WL 45918, at *4 (Bankr. App. 10th Cir. Jan. 9, 2007) | 9 | Under Oklahoma law, doctrine of equitable subrogation applies when a creditor has been unfairly deceived or defrauded, and may be applicable to protect a refinancing lender who is granted a defective mortgage, but doctrine does not apply when a creditor fails to take an assignment of a prior lien voluntarily paid and discharged. | Nor is equitable subrogation applicable here. The doctrine applies when a creditor has been unfairly deceived or defrauded, and may be applicable to protect a refinancing lender who is granted a defective mortgage. Landis v. State ex rel Comm'rs of Land Office, 179 Okla. 547, 66 P.2d 519, 521–522 (Okla.1937). However, it is not applicable where a creditor fails to take an assignment of a prior lien voluntarily paid and discharged. | Does the doctrine of equitable subrogation apply when a creditor has been unfairly deceived or defrauded? |
| 6578 | Nye v. Indus. Claim Appeals Office of State of Colo., 883 P.2d 607, 609 (Colo. App. 1994) | 9 | Statutory scheme providing compensation for those who suffer industrial injuries or diseases is exercise of state's police power. | The statutory scheme providing compensation for those who suffer industrial injuries or diseases is an exercise of the state's police power. | Is the statutory scheme providing for compensation for those who suffer industrial injuries or diseases an exercise of a states police power? |
| 6579 | Rucker v. City of Ocala, 684 So. 2d 836, 841 (Fla. Dist. Ct. App. 1996) | 6 | Injured employee's right to receive workers' compensation, as property right, must be protected by due process procedural safeguards including notice and opportunity to be heard. West's F.S.A. Const. Art. 1, S 9. | Therefore, an injured employee's right to receive workers' compensation, as a property right, must be protected by procedural safeguards including notice and an opportunity to be heard. | Is the right to receive workers' compensation benefits a property right protected by procedural due process? |
| 6580 | Piszel v. United States, 121 Fed. Cl. 793, 800 (2015) | 19 | When an owner has suffered a physical invasion of his property, no matter how minute the intrusion, and no matter how weighty the public purpose behind it, just compensation is required under the Takings Clause. U.S. Const. Amend. 5. | When an owner has suffered a physical invasion of his property, the Supreme Court has noted that "no matter how minute the intrusion, and no matter how weighty the public purpose behind it, we have required compensation." Lucas, 505 U.S. | "Does the court require compensation in the case of physical invasions, without looking how minute the intrusion and how weighty the public purpose behind it can be?" |
| 6581 | Oliver v. Coffman, 112 Ind. App. 507, 45 N.E.2d 351, 354 (1942) | 13 | An allegation of the ownership of specific property, standing alone, is considered an "ultimate fact", but it will be considered a "conclusion of law" where the pleader sets forth a claim of title and upon the claim so pleaded alleges ownership. | An example is an allegation of the ownership of specific property. While considered an ultimate fact, if standing alone, it will be considered a conclusion of law where the pleader sets forth a claim of title, and upon the claim so pleaded alleges ownership. Wagner v. Law, 3 Wash. | Is an allegation of the ownership of specific property an ultimate fact? |
| 6582 | Village of Lucas v. Lucas Loc. Sch. Dist., 442 N.E.2d 449, 452 (Ohio 1982) | 5 | Exclusive power of municipalities to contract for public utility services necessarily presumes that while being able to grant public utility franchises, municipality may likewise exclude public utility from serving its inhabitants. Const. Art. 18, S 4. | It has been previously stated that municipalities have the exclusive power to contract for public utility services. This exclusive power necessarily presumes that while being able to grant public utility franchises, a municipality may likewise exclude a public utility from serving its inhabitants. | Do the municipalities have the power to exclude a public utility from serving its inhabitants? |

| | | | | | |
|---|---|---|---|---|---|
| 6584 | Aranda v. Indus. Comm'n of Arizona, 195 Ariz. 403, 408, 989 P.2d 157, 162 (Ct. App. 1999) | 8 | Although workers' compensation payments are property, they are not fundamental rights in the sense of the Constitution but statutory benefits provided by and to the extent of the legislation. U.S.C.A. Const.Amend. 14. | Although workers' compensation payments are property, United Riggers Erectors, 131 Ariz. at 262, 640 P.2d at 193, they are not fundamental rights in the sense of the Constitution but statutory benefits provided by and to the extent of the legislation. | Are workers compensation payments fundamental right under the Constitution or a statutory benefit provided by the legislation? |
| 6586 | Rodgers v. United States, 158 F. Supp. 670, 680 (S.D. Cal. 1958) | 13 | Court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought but will give relief appropriate to events occurring pending the suit. | * * * A court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought, but will give relief appropriate to events occurring pending the suit. | Is a court of equity restricted to an adjustment of the rights of the parties as they existed when suit was brought? |
| 6587 | City of Coral Gables v. Sakolsky, 215 So. 2d 329, 335 (Fla. Dist. Ct. App. 1968) | 8 | In both law actions and equity proceedings, right of plaintiff to recover must be measured by facts as they exist when suit is instituted. | It is established in Florida that in law actions 'the right of a plaintiff to recover must be measured by the facts as they exist when the suit was instituted'. | "In a law action, must the right of a plaintiff to recover be measured by the facts as they exist when suit is instituted?" |
| 6589 | Hall's W. Auto Supply Co. v. Brock, 240 Or. 85, 90–91 (1965) | 7 | An accounting is not limited to conditions existing at time suit was instituted but covers all matters up to final stating thereof. | An accounting is not limited to conditions existing at the time the suit was instituted but *91 covers all matters up to the final stating thereof. | Is an accounting limited to conditions existing at the time the suit was instituted but covers all matters up to final stating thereof? |
| 6590 | Russo v. Williams, 160 Neb. 564, 585 (1955) | 28 | It is the practice of courts of equity, when they have once obtained jurisdiction of a case, to administer all relief which nature of case and facts demand, and to bring such relief down to close of litigation between the parties. | 693, 46 N.W.2d 111, 117: It is the practice of courts of equity, when they once have obtained jurisdiction of a case, to administer all the relief which the nature of the case and the facts demand, and to bring such relief down to the close of the litigation between the parties. | Is it the practice of courts of equity to administer all the relief which the nature of the case and the facts demand? |
| 6591 | Blomgren v. Tinton 763 Corp., 238 N.Y.S.2d 435, 437 (N.Y. App. Div. 1st Dept. 1963) | 4 | Rights of the parties to a mortgage which mortgagor seeks to foreclose must be determined on the facts as they exist at time of the decree and not at inception of the suit. | Since an action to foreclose a mortgage is addressed to a court of equity, which should determine the rights of the parties to the suit according to equity and good conscience, the rights are determined on the facts as they exist at the time of the decree and not at the inception of the suit. | Should the rights of the parties to a mortgage which mortgagor seeks to foreclose be determined on the facts as they exist at time of the decree and not at inception of the suit? |
| 6593 | Messner v. Am. Union Ins. Co., 119 S.W.3d 642, 649 (Mo. Ct. App. 2003) | 11 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Subrogation based upon the common law, i.e., legal subrogation, is not an option "where it would be inconsistent with the terms of the contract." 7 Id. at 503-04[9]. This means, inter alia, that contract provisions waiving subrogation rights are valid and enforceable. | Are contract provisions waiving subrogation rights valid and enforceable? |

| 6594 | Aktieselskabet Dampskibsselskabet Vesterhavet v. W.A. Kirk & Co., 44 N.Y.S.2d 6, 8 (N.Y. Sup. Ct. 1943) | 3 | In equity action, decree is based on situation existing at time of trial rather than that obtaining when suit was commenced. | It should be borne in mind, moreover, that in an action in equity the decree is based on the situation existing at the time of trial rather than upon that obtaining at the date suit was commenced. | "In an equity action, should a decree be based on the situation existing at the time of trial rather than that obtained at the date when the suit was commenced?" |
| 6595 | Wu Tien Li-Shou v. U.S., 777 F.3d 175, 182 (4th Cir. 2015) | 7 | Congress holds plenary control over rights, duties, and responsibilities in the framework of the military establishment, including regulations, procedures, and remedies. U.S.C.A. Const. Art. 1, S 8, cls. 11-14. | It is, after all, Congress which holds "plenary control over rights, duties, and responsibilities in the framework of the military establishment, including regulations, procedures, and remedies." | "Does congress holds plenary control over rights, duties, and responsibilities in the framework of the military establishment?" |
| 6597 | Curtis v. Sch. Comm. of Falmouth, 420 Mass. 749, 754, 652 N.E.2d 580, 584 (1995) | 4 | Public education of children is unquestionably entrusted to control, management, and discretion of state and local school committees. | Public education of children is unquestionably entrusted to the control, management, and discretion of State and local school committees. | "Is public education of children unquestionably entrusted to control, management, and discretion of state and local school committees?" |
| 6598 | Packer Collegiate Inst. v. U. of State of N.Y., 76 N.Y.S.2d 499, 503 (N.Y. App. Div. 3d Dept. 1948) | 3 | All schools, public or private are "affected with a public interest" and hence subject to reasonable regulation under the police power of the state. | It is, we think, an indisputable fact also that all schools, public or private, are affected with a public interest, and hence subject to reasonable regulation under the police power of the state. | "Are all schools, public or private, affected with a public interest and hence subject to reasonable regulation under the police power of the state?" |
| 6600 | Metmor Fin. v. Landoll Corp., 976 S.W.2d 454, 462 (Mo. Ct. App. 1998) | 11 | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | A party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Does a party need clear and convincing evidence to require another party to bear the loss in equitable subrogation? |
| 6602 | Kaf-Kaf v. Rodless Decorations, 90 N.Y.2d 654, 654–55 (1997) | 2 | While parties to agreement may waive their insurer's right of subrogation, waiver of subrogation clause cannot be enforced beyond scope of specific context in which it appears. | While parties to an agreement may waive their insurer's right of subrogation, ***50 **1333 a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears (see, S.S.D.W. | Can a waiver of subrogation clause be enforced beyond the scope of a specific context in which it appears? |
| 6603 | Walt Disney World Co. v. Harrison, 443 So. 2d 389, 394 (Fla. 1st Dist. App. 1983) | 10 | Employer is under continuing obligation, once it has knowledge of employee's injury, to place needed benefits in hands of injured worker. West's F.S.A. SS 440.01 et seq., 440.13(1), 440.185(4). | An employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. | "Is an employer under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker?" |
| 6604 | Sokolek v. Gen. Motors Corp., 450 Mich. 133, 143, 538 N.W.2d 369, 373 (1995) | 2 | Worker's compensation benefits are form of income maintenance for persons whose wage earning capacity has been suspended or terminated. | Worker's compensation benefits are a form of income maintenance for persons whose wage-earning capacity has been suspended or terminated. | Are workers compensation benefits a form of income maintenance for persons whose wage earning capacity have been suspended or terminated? |

| 6605 | Inman v. Nationwide Mut. Ins. Co., 433 Pa. Super. 534, 538 (1994) | 2 | Section of Workmen's Compensation Act which prohibits, as against public policy, employer from agreeing with employee to hold employer harmless for any future injury employee may suffer was inapplicable where no agreement was entered and employee sought to recover for injury which had already occurred. 77 P.S. S 71. | Section 71 prohibits, as against public policy, an employer from agreeing with his employee to hold employer harmless for any future injury the employee may suffer. This section is inapplicable to the matter before us as no such agreement was entered and appellants are seeking to recover for an injury which has already occurred. | Does the workmens compensation act prohibits that an employer from agreement with an employee to hold the employer harmless for any future injury? |
| 6606 | Rodgers v. United States, 158 F. Supp. 670, 680 (S.D. Cal. 1958) | 13 | Court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought but will give relief appropriate to events occurring pending the suit. | * * * A court of equity is not restricted to an adjustment of the rights of the parties as they existed when the suit was brought, but will give relief appropriate to events occurring pending the suit. | Are equity courts restricted to an adjustment of rights of parties as such rights existed when suit was brought? |
| 6607 | City of Coral Gables v. Sakolsky, 215 So. 2d 329, 335 (Fla. Dist. Ct. App. 1968) | 8 | In both law actions and equity proceedings, right of plaintiff to recover must be measured by facts as they exist when suit is instituted. | It is established in Florida that in law actions 'the right of a plaintiff to recover must be measured by the facts as they exist when the suit was instituted'. | "In law action, must the right of the plaintiff to recover be measured by facts as they existed when suit was instituted?" |
| 6608 | Richardson v. Hampton, 345 F. Supp. 600, 607 (D.D.C. 1972) | 2 | Persons claiming excuse for delay giving rise to claim of laches must show that they exercised the diligence required of reasonably prudent individuals. | Persons claiming excuse for delay must show that they exercised the diligence required of reasonably prudent individuals. | Must persons claiming excuse for delay show that they exercised the diligence required of reasonably prudent individuals? |
| 6609 | Tomayko v. Thomas, 144 So. 2d 335, 336–37 (Fla. Dist. Ct. App. 1962) | 1 | Test of equity jurisdiction is whether such facts existed at time of commencement of the action as are sufficient to confer jurisdiction on the court, and even where subsequent events render equitable relief unnecessary or improper equity jurisdiction does not defeat it. | The test of equity jurisdiction is whether such facts exist at the time of the commencement of the action as are sufficient to confer jurisdiction on the court. Even where subsequent events render equitable relief unnecessary or improper equity jurisdiction is not defeated. | Whether facts existing at the time of commencement of the action are sufficient to confer jurisdiction on the court is the test of equity jurisdiction? |
| 6611 | Smith v. Reynolds, 54 Conn. App. 381, 383 (1999) | 7 | Effect of plaintiff's withdrawal of action before a hearing on merits, so far as pendency of action is concerned, is strictly analogous to that presented after rendition of final judgment or erasure of case from docket. C.G.S.A. S 52-80. | Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." | Is the right of a plaintiff to withdraw his action before a hearing on the merits absolute and unconditional? |
| 6613 | In re Conservatorship of Martha P., 117 Cal. App. 4th 857, 866 (2004) | 1 | The right to voluntarily dismiss an action or special proceeding before the commencement of trial is not absolute, as statute recognizes exceptions, and other limitations have evolved through the courts' construction of the term "commencement of trial." West's Ann.Cal.C.C.P. S 581(b)(1). | The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' | Is the right of a plaintiff to voluntarily dismiss an action before commencement of trial not absolute? |

| 6615 | Richmond Steel, Inc. v. Legal & Gen. Assur. Soc., Ltd., 821 F. Supp. 793, 800 (D.P.R. 1993) | 14 | Purpose of waiver of subrogation clause in construction contract is to avoid disruptions and disputes between parties working on project; clause is also meant to require one party to contract to provide property insurance for all parties. | The purpose of a waiver of subrogation clause in construction contracts is to avoid disruptions and disputes between the parties working on a project. Commercial Union Ins. v. Bituminous Casualty Corp., 851 F.2d 98, 101 (3rd Cir.1988); Tokio Marine, 786 F.2d at 104. The clause is also meant to require a party to the contract to provide property insurance for all the parties. | Is the purpose of a waiver of subrogation clause in a construction contract to avoid disruptions and disputes between parties working on a project? |
| --- | --- | --- | --- | --- | --- |
| 6616 | Ray v. Donohew, 177 W. Va. 441, 449–50 (1986) | 11 | Right of subrogation may be modified or extinguished through express contractual language or by action of surety inconsistent with right of subrogation, such as surety's taking of different and independent security as exclusive remedy in event of principal's default. | Thus, the right of subrogation can either be modified or extinguished through express contractual language, *450 or by an action of the surety which is inconsistent with the right of subrogation, such as taking a different and independent security with the intent to rely on that security in the event of default by the principal. | Can a right of subrogation be modified or extinguished through express contractual language? |
| 6617 | Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A., 8 S.W.3d 893, 900–01 (Mo. Ct. App. 2000) | 11 | Generally, money paid unconditionally to a contractor for work done under the contract becomes his to do with as he pleases and is freed of any equity or right of subrogation in the surety. | Generally, money paid unconditionally to a contractor for work done under the contract becomes his "to do with as he pleases" and is "freed of any equity or right of subrogation in the surety." | Does money paid unconditionally to a contractor for work done under the contract becomes his to do with as he pleases? |
| 6618 | Day Cruises Mar., L.L.C.v. Christus Spohn Health Sys., 267 S.W.3d 42, 61 (Tex. App. 2008) | 31 | Equitable subrogation, unlike contractual subrogation, does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Equitable subrogation, unlike contractual subrogation, "does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | Is one entitled to subrogation only in the case he was required to pay a debt for which another who was primarily liable? |
| 6619 | Rokeby-Johnson v. Aquatronics Intl., Inc., 206 Cal. Rptr. 232, 237 (Cal. App. 2d Dist. 1984) | 2 | When surety seeks recovery against third persons in weighing equities, which includes consideration of negligence of its insured and third persons, burden is upon surety to establish its superior equity. | When a surety seeks recovery against a third person in weighing the equities, which includes consideration of the negligence of its insured and the third person, the burden is upon the surety to establish its superior equity. | Is the burden upon surety to establish its superior equity in seeking recovery against third party? |
| 6621 | Rose's Stores v. Bradley Lumber Co., 105 N.C. App. 91, 93 (1992) | 1 | In deciding whether action would affect title to or an interest in land for purposes of venue statute, court determines the nature and purpose of the action solely from allegations of the complaint. G.S. S 1-76(1). | In deciding whether plaintiff's action would affect title to or an interest in land for purposes of N.C.G.S. 1-76(1), we determine the nature and purpose of plaintiff's action solely from the allegations in its complaint. | Do courts consider the allegations in the complaint in deciding whether the judgment sought by plaintiff would affect title to land? |

| 6622 | Bundy v. Nustar GP, 277 Or. App. 785, 787, 373 P.3d 1141, 1145 (2016) | 3 | The workers' compensation statutory scheme operates as a substitute for civil claims that an employee could assert against his or her employer in an action at common law and provides liability "coverage" against the risks that arise from those kinds of claims. West's Or.Rev. Stat. Ann. S 656.018. | Thus, "[t]he workers' compensation statutory scheme operates as a substitute for civil claims that an employee could assert against his or her employer in an action at common law and provides liability 'coverage' against the risks that arise from those kinds of claims." | What is the general scheme of the workers compensation act? |
| 6623 | Webster v. Boh Bros. Const. Co., Inc., 603 So. 2d 761, 763 (La. App. 4th Cir. 1992) | 2 | Only three avenues are available to a party seeking to alter the substance of a final judgment: timely application for new trial; petition for nullity; and timely appeal. | Only three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) petition for nullity, and (3) timely appeal. | What avenues are available to a party seeking to alter the substance of a final judgment? |
| 6624 | Francis v. Lafon Nursing Home of Holy Family, 2002-1863 (La. App. 4 Cir. 3/19/03), 840 So. 2d 1281, 1290 (La. 2003) | 9 | Only three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) petition for nullity, and (3) timely appeal. LSA-C.C.P. art. 1951. | Only three avenues are available to a party seeking to alter the substance of a final judgment: (1) timely application for a new trial, (2) petition for nullity, and (3) timely appeal. | What avenues are available to a party seeking to alter the substance of a final judgment? |
| 6625 | JFS v. ABMJ, 120 Ill. App. 3d 261, 263, 458 N.E.2d 76, 79 (1983) | 8 | Scope of appellate jurisdiction is defined by rules promulgated by Supreme Court, and any enlargement on allowable list of appealable interlocutory orders must be initiated by change of such rules. S.H.A. ch. 110A, P 307(a). | The scope of appellate jurisdiction is defined by rules promulgated by the supreme court and any enlargement on the allowable list of appealable interlocutory orders must be initiated by a change of those rules. | Is appellate jurisdiction limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court? |
| 6627 | Pena v. Minidoka Cnty., 984 P.2d 710, 713 (Idaho 1999) | 6 | Before county commissioners can legally empower the appointment of a deputy by a county officer, they must first determine whether a new deputy is necessary, and upon a showing to the proper tribunal that a deputy or clerical assistant is needed, the county commissioners must authorize the appointment. Const. Art. 18, S 6. | Before the commissioners can legally empower the appointment of a deputy by a county officer, they must first determine whether a new deputy is necessary. Taylor v. Canyon County, 6 Idaho 466, 470, 56 P. 168, 169-70 (1899)(as applicable to county officers named in Article XVIII, 6). Upon a showing to the proper tribunal that a deputy or clerical assistant is needed, the county commissioners must authorize the appointment. | Must county commissioners authorize the appointment of a deputy clerk upon a showing that a deputy or clerical assistant is needed? |
| 6629 | Phillips v. Phillips, 290 P.2d 611, 612 (Cal. App. 4th Dist. 1955) | 1 | General rule is that it is abuse of discretion to sustain without leave to amend demurrer to original complaint unless complaint shows on its face that it is incapable of amendment, and this rule applies irrespective of whether leave to amend is requested or not. West's Ann.Code Civ.Proc. S 472c. | The general rule is that it is an abuse of discretion to sustain without leave to amend a demurrer to an original complaint unless the complaint shows on its face that it is incapable of amendment. Temescal Water Co. v. Department of Public Works, 44 Cal.2d 90, 107, 280 P.2d 1; King v. Mortimer, 83 Cal.App.2d 153, 158, 188 P.2d 502; C. Dudley De Velbiss Co. v. Kraintz, 101 Cal.App.2d 612, 617, 225 P.2d 969.This rule applies irrespective of whether leave to amend is requested or not. | It is an abuse of discretion to sustain a demurrer to an original complaint without leave to amend? |

| 6631 | Levin & Sons v. Mathys, 409 N.E.2d 1195, 1198 (Ind. Ct. App. 1980) | 3 | In determining whether to grant a voluntary dismissal, court should follow traditional principle that dismissal should be allowed unless defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Rule TR. 41(A). | In determining whether to grant a voluntary dismissal "the court should follow the traditional principle that dismissals should be allowed unless the defendant will suffer some plain legal prejudice, other than the mere prospect of a second lawsuit." | What is the test for determining whether a voluntary dismissal is proper? |
|---|---|---|---|---|---|
| 6632 | Schering & Glatz v. Am. Pharm. Co., 254 N.Y.S. 764, 766 (N.Y. App. Div. 1st Dept. 1932) | 2 | Action may not be discontinued simply to avoid liability for great expense which another party has been caused in preparing for trial. | Where a party has been caused great expense in preparing for trial, the action may not be discontinued simply to avoid liability for such disbursements. | Can an action be discontinued simply to avoid liability for a great expense which has been caused by another party in preparing for the trial? |
| 6633 | Parnell v. Powell, 191 S.C. 159, 3 S.E.2d 801, 802 (1939) | 3 | If discontinuance or dismissal before trial will not result in legal prejudice to a defendant, a plaintiff ordinarily has the right to discontinue any action commenced by him. | If the discontinuance or dismissal before trial will not result in legal prejudice to the defendant, a plaintiff ordinarily has a right to discontinue any action commenced by him. | "If discontinuance or dismissal before trial will not result in legal prejudice to a defendant, does a plaintiff ordinarily have the right to discontinue any action commenced by him?" |
| 6634 | English v. IKON Bus. Sols., Inc., 114 Cal. Rptr. 2d 93, 105 (Cal. App. 3d Dist. 2001) | 10 | In the context of pleadings and motions, a "dismissal" is the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court. | As Justice Epstein's dissent in Yeap explained: "Without belaboring the obvious, it should suffice to say that, in the context of pleadings and motions, a dismissal is the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court." | "In the context of pleadings and motions, is a ""dismissal"" the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court?" |
| 6635 | George v. Ospalik, 299 Ill. App. 3d 888, 889 (1998) | 1 | While plaintiff may move for voluntary dismissal at any time before trial or hearing begins, right to a voluntary dismissal is not absolute. S.H.A. 735 ILCS 5/2-1009(a). | Section 2-1009(a) of the Code of Civil Procedure provides that a plaintiff may move for voluntary dismissal at any time before trial or hearing begins. 735 ILCS 5/2-1009(a) (West 1996). However, the right to a voluntary dismissal under section 2-1009 is not absolute. | "While plaintiff may move for voluntary dismissal at any time before trial or hearing begins, is a right to a voluntary dismissal absolute?" |
| 6636 | Brown v. City of Barre, Vt., 878 F. Supp. 2d 469, 487 (D. Vt. 2012) | 10 | Where state law mandates that utilities may not terminate utility service at will but only under certain enumerated conditions and after giving proper notice there is an independent source of state-authorized law that gives rise to a legitimate claim of entitlement to a service from a municipal utility pursuant to the Due Process Clause. U.S.C.A. Const.Amend. 14. | Where state law "mandates that utilities may not terminate utility service at will but only under certain enumerated conditions and after giving proper notice" there is "an independent source of state-authorized law that gives rise to a legitimate claim of entitlement to [a service] from a municipal utility." | Can a public utility terminate its services at will? |
| 6637 | Fairway Manor v. Bd. of Comm'rs of Summit Cty., 36 Ohio St. 3d 85, 85, 521 N.E.2d 818, 819 (1988) | 3 | Municipally owned public utilities have no duty to sell their products, including water, to extraterritorial purchasers absent contractual obligation. | Municipally owned public utilities have no duty to sell their products, including water, to extraterritorial purchasers absent a contractual obligation. | Are contractual obligations required by municipally owned public utilities to sell their products to extraterritorial purchasers? |

| | | | | | |
|---|---|---|---|---|---|
| 6640 | Paul H. Schwendener v. Larrabee Commons Partners, 338 Ill. App. 3d 19, 32 (2003) | 11 | The court must exercise its power to avoid undue delay in a manner that insures a fair trial for the parties; in particular, the court must reserve for the parties time for adequate presentation of a defense to all claims. | The court must exercise its power to avoid undue delay in a manner that insures a fair trial for the parties. Hutson v. County of Cook, 17 Ill.App.3d 195, 205-06, 308 N.E.2d 65 (1974). In particular, the court must reserve for the parties time for adequate presentation of a defense to all claims. | Must the court exercise its power to avoid undue delay in a manner that insures a fair trial for the parties? |
| 6641 | Politz v. Politz, 149 So. 3d 805, 814–15 (2014) | 18 | The trial court's discretion in granting or denying a continuance must be based upon consideration of the facts of each case and factors such as diligence, good faith, and reasonable grounds; equally important is the exceptor's corollary right to have his case heard as soon as practicable. LSA-C.C.P. art. 1601. | The trial court's discretion in granting or denying a continuance under LSA-C.C.P. art. 1601 must be based upon consideration of the facts of each case and factors such as diligence, good faith, and reasonable grounds. Equally important is the exceptor's corollary right to have his case heard as soon as practicable. | "While deciding whether a continuance should be granted, what are the factors that a court should consider?" |
| 6642 | Carnes v. Meadowbrook Exec. Bldg. Corp., 17 Kan. App. 2d 292, 292, 836 P.2d 1212, 1214 (1992) | 7 | In all but the simplest cases, trial court should hold pretrial conference within reasonable time in advance of trial and issue pretrial order as provided for by rule. Sup.Ct.Rules, Rule 140. | In all but the simplest of cases, the trial court should hold a pretrial conference within a reasonable time in advance of trial and issue a pretrial order as provided by Rule 140. | Should a trial court hold a pretrial conference within a reasonable time in advance of a trial and issue a pretrial order as provided for by rule? |
| 6643 | Gerschick v. Pounds, 281 Ga. App. 531, 536 (2006) | 5 | A pretrial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. West's Ga.Code Ann. S 9-11-16(b). | "Nonetheless, a pretrial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues." 31 30 OCGA 9-11-16(b). | Should a pretrial order be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues? |
| 6645 | Steeg v. Lawyers Title Ins. Corp., 329 So. 2d 719, 720 (La. 1976) | 3 | Functions of dilatory exception permit raising issue that judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. LSA-C.C.P. art. 926(1). | The functions of the exception permit raising the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled. | Can an exception raising the objection of prematurity raise the issue of whether the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled? |
| 6646 | Kubala v. Supreme Prod. Servs., 830 F.3d 199, 201 (5th Cir. 2016) | 2 | Enforcement of an arbitration agreement involves two analytical steps: first is contract formation, whether the parties entered into any arbitration agreement at all, and the second involves contract interpretation to determine whether this claim is covered by the arbitration agreement. | Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation-whether the parties entered into any arbitration agreement at all. The second involves contract interpretation to determine whether this claim is covered by the arbitration agreement. | What are the two analytical steps involved in enforcement of an arbitration agreement? |
| 6647 | City of Norfolk v. Norfolk Cty., 194 Va. 716, 720, 75 S.E.2d 66, 68 (1953) | 1 | In absence of statute or rule of court, matter of dismissing an action, or of taking a nonsuit, is controlled by common law. | In the absence of statute or rule of court, the matter of dismissing an action, or of taking a nonsuit, is controlled by the common law. | "In absence of statute or rule of court is the matter of dismissing an action or of taking a nonsuit, controlled by common law?" |

| 6649 | In re Advanced Powder Sols., 496 S.W.3d 838, 853–54 (Tex. App. 2016) | 24 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | A person has a duty to preserve evidence "only when a party knows *854 or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." | When does law impute a person a duty to preserve evidence in its possession or control that will be material and relevant to that claim? |
| 6650 | Rockdale Body Shop v. Thompson, 222 Ga. App. 821, 822 (1996) | 4 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues. | " '(A) pretrial order should be liberally construed to allow consideration of all questions fairly within the ambit of the contested issues.' " | Should a pretrial order be liberally construed to allow consideration of all questions fairly within ambit of contested issues? |
| 6651 | Heisler v. Hines Motor Co., 282 Mont. 270, 275 (1997) | 3 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | A pretrial order serves to "prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order." | "Does pretrial order serve to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial?" |
| 6652 | Am. Soc. of Lubrication Engineers v. Roetheli, 249 Ill. App. 3d 1038, 1043 (1993) | 6 | One purpose of pretrial conference is to expedite prosecution of case, either by hastening settlement agreement between parties, or by clarifying issues and evidence so that trial on merits may occur more swiftly. Sup.Ct.Rules, Rule 218. | One purpose of a pre-trial conference is to expedite the prosecution of a case, either by hastening a settlement agreement between the parties, or by clarifying the issues and evidence **34 ***165 so that a trial on the merits may occur more swiftly. | How would pretrial conference help to expedite prosecution of case? |
| 6653 | Blackmon v. Nexity Fin. Corp., 953 So. 2d 1180, 1189 (Ala. 2006) | 9 | A deadline for filing amendments to pleadings in a scheduling order does not curtail the trial court's discretion in considering the merits of the offered amendment. Rules Civ.Proc., Rule 15(a). | The deadline in the scheduling order does not curtail the trial court's discretion in considering the merits of the offered amendment. | Does a deadline for filing amendments to pleadings in a scheduling order curtail the trial court's discretion in considering the merits of the offered amendment? |
| 6654 | Malerbi v. Cent. Reserve Life of N. Am. Ins. Co., 225 Neb. 543, 544 (1987) | 8 | Pretrial conferences are conducted to simplify issues, amend pleadings, and avoid unnecessary proof of facts at trial and to avoid traps and surprises at trial. | Pretrial conferences are conducted to simplify the issues, amend pleadings, and avoid unnecessary proof of facts at trial. They are also conducted to avoid traps and surprises at trial. | "Can pretrial conferences simplify the issues, amend the pleadings and avoid traps and surprises at trial?" |
| 6655 | Vogel v. Berkley, 511 A.2d 878, 880 (Pa. Super. 1986) | 1 | Purpose of pretrial conference is to enable parties to simplify and expedite trial, and it is appropriate for court to decide issues of law based on admitted or undenied facts appearing of record. Rules Civ.Proc., Rule 212, 42 Pa.C.S.A. | The purpose of a pre-trial conference is to enable the parties to simplify and expedite the trial. Gill v. McGraw Electric Co., 264 Pa.Super. 368, 399 A.2d 1095 (1979).It is appropriate for the pre-trial conference court to decide issues of law based on admitted or undenied facts appearing of record. | Is it appropriate for the pre-trial conference court to decide issues of law based on admitted or undenied facts appearing of record? |
| 6656 | Hycarbex v. Anglo-Suisse, 927 S.W.2d 103, 112 (Tex. App. 1996) | 37 | Where party elects to employ other means than those provided by law to assure that witness appears to testify at trial, it will be at his peril. | Where a party elects to employ other means than those provided by law to assure that a witness appears to testify at trial, it will be at his peril. | "Where a party elects to employ other means than those provided by law to assure that witness appears to testify at trial, will it be at his peril?" |

| 6657 | Schowalter v. Washington Mut. Bank, 275 Ga. App. 182, 183 (2005) | 3 | Purpose of the pretrial order is to determine which of the claims pleaded will actually be tried; claims, issues, and evidence are limited by the order, and the course of the action is thereby narrowed to expedite the proceeding. | The rationale is that the purpose of the pretrial order "is to determine which of the claims pleaded will actually be tried. The claims, issues, and evidence are limited by the order and the course of the action is thereby narrowed to expedite the proceeding." | "What is the purpose of a pretrial order and are claims, issues, and evidence limited by the order?" |
|---|---|---|---|---|---|
| 6658 | Arfor-Brynfield, Inc. v. Huntsville Mall Assocs., 479 So. 2d 1146, 1149 (Ala. 1985) | 1 | Purpose of pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls subsequent course of action. Rules Civ.Proc., Rule 16. | The pre-trial procedure established by Rule 16, A.R.Civ.P., is designed to clarify and simplify the issues to be tried. The order resulting is to control the subsequent course of action. | "Is the purpose of pretrial procedure to clarify and simplify issues to be tried, and does the resulting pretrial order control subsequent course of action?" |
| 6659 | Vlach v. Goode, 515 N.E.2d 569, 570 (Ind. App. 3d Dist. 1987) | 1 | Pretrial order should be liberally construed to embrace all legal and factual theories inherent in issues defined therein. | The pretrial order should be liberally construed to embrace all legal and factual theories inherent in the issues defined therein. | Should pretrial orders be liberally construed to embrace all legal and factual theories inherent in issues defined therein? |
| 6660 | Chalupa v. Chalupa, 220 Neb. 704, 704, 371 N.W.2d 706, 706 (1985) | 2 | Where pretrial order improperly restricts the issues, the parties are bound by it at trial and on appeal, if no objection has been made, unless it does violence to the issues raised by the petition. | Where a pretrial order improperly restricts the issues, the parties are bound by it at trial and on appeal, if no objection has been made, unless it does violence to the issues raised by the petition. | "If a pretrial order improperly restricts the issues, are the parties bound by it at trial and on appeal?" |
| 6664 | Storedahl Properties v. Clark Cty., 143 Wash. App. 489, 496 (2008) | 4 | Charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. West's RCWA Const. Art. 7, S 1. | In contrast, charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. | Are charges imposed for purposes other than raising money to fund the public treasury considered as taxes? |
| 6665 | Dean v. Lehman, 143 Wash. 2d 12, 38, 18 P.3d 523, 537 (2001) | 19 | A "tax" is an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | As the majority correctly observes, a tax is: an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities[,] [and i]t is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | Is a tax charged for the benefit of legal taxing authorities? |
| 6666 | Hoskins v. United States, 61 Fed. Cl. 209, 216 (2004) | 3 | The Court of Federal Claims has the power to decide whether military procedures were followed by applying the facts to the statutory or regulatory standard. | This court thus has the power to decide "whether [military] procedures were followed by applying the facts to the statutory or regulatory standard." | Do courts have the power to decide whether military procedures were followed by applying the facts to the statutory or regulatory standard? |

| | | | | | |
|---|---|---|---|---|---|
| 6668 | United States v. Ring, 628 F. Supp. 2d 195, 205 (D.D.C. 2009) | 3 | To prove that defendant paid an illegal gratuity, the government must show that he conferred a thing of value upon a present, past, or future public official for or because of a specific official act that the official performed or would perform. 18 U.S.C.A. S 201(c)(1)(A). | To prove that Ring paid an illegal gratuity, the government must show that he conferred a thing of value upon a present, past, or future public official "for or because of" a specific "official act" that the official performed or would perform. See 18 U.S.C. 201(c)(1)(A) | Does an illegal gratuity need to be linked to a specific official act? |
| 6669 | Rock Island Bank & Tr. Co. v. Ford Motor Co., 54 Mich. App. 278, 280 (1974) | 1 | Purposes of discovery are to allow parties to have access to material which will assist them in preparing and trying their cases and to further ends of justice. | The purpose of discovery is to allow the parties to have access to material which will assist them in preparing and trying their cases. | Does the purpose of discovery is to allow parties to have access to material which will assist them in preparing and trying their cases and to further ends of justice? |
| 6670 | F.D.I.C. v. Finlay, , 832 S.W.2d 158, 161 (Tex. App. 1992), writ denied (Oct. 21, 1992) | 4 | Court may not dismiss suit with prejudice as sanction for violation of oral order announced at Rule 166 pretrial conference. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Here, the FDIC's entire appeal is based on that very issue: A trial court may not dismiss a party's suit with prejudice as a sanction for violation of an oral order announced at a rule 166 pretrial conference. | Can a court dismiss a party's suit with prejudice as a sanction for violation of an oral order announced at a pretrial conference? |
| 6671 | UFG v. Sw. Corp., 848 N.E.2d 353, 364 (Ind. Ct. App. 2006) | 12 | A pre-trial order delineating the issues of the case supplants the allegations raised in the pleadings and controls all subsequent proceedings in the case. | It is true that "a pre-trial order delineating the issues of the case supplants the allegations raised in the pleadings and controls all subsequent proceedings in the case." | "Does a pre-trial order delineating the issues of the case, supplant the allegations raised in the pleadings and control all subsequent proceedings in the case?" |
| 6672 | Bonneville Assocs., Ltd. P'ship v. Barram, 165 F.3d 1360, 1364 (Fed. Cir. 1999) | 4 | The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. Fed.Rules Civ.Proc.Rule 41(a), 28 U.S.C.A. | The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. | Is the effect of a voluntary dismissal of a complaint to render the proceedings a nullity and leave the parties as if the action had never been brought? |
| 6673 | In re Team Rocket, 256 S.W.3d 257, 259 (Tex. 2008) | 2 | Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Subject to certain conditions, a plaintiff who takes a nonsuit is not precluded from filing a subsequent suit seeking the same relief." | "Subject to certain conditions, is a plaintiff who takes a nonsuit precluded from filing a subsequent suit seeking the same relief?" |
| 6674 | Samland v. J. White Transp. Co., 675 S.W.2d 92, 96 (Mo. Ct. App. 1984) | 3 | Once a plaintiff voluntarily dismisses his action, nothing remains before court upon which it can act; even an order reinstating the case on trial docket at plaintiff's request is a nullity because legal situation is as though the suit had never been brought. V.A.M.R. 67.01. | Once a plaintiff voluntarily dismisses his action, nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. Emigh Engineering Co., Inc. v. Rickhoff, 605 S.W.2d 173, 174 (Mo.App.1980). The legal situation is as though the suit had never been brought. | "Once a plaintiff files a voluntary dismissal of his or her petition, does nothing remain before the court upon which it can act?" |

| 6675 | Bonneville Assocs., Ltd. P'ship v. Barram, 165 F.3d 1360, 1364 (Fed. Cir. 1999) | 4 | The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. Fed.Rules Civ.Proc.Rule 41(a), 28 U.S.C.A. | The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought. | Does a dismissal without prejudice render the proceedings a nullity and leaves the parties as if the action had never been brought? |
|---|---|---|---|---|---|
| 6676 | Beard v. Montgomery Ward & Co., 215 Kan. 343, 349, 524 P.2d 1159, 1165 (1974) | 8 | The purpose of a pretrial order is to define and clarify the issues and it controls the course of the trial unless subsequently modified. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | The purpose of the pre-trial order is to define and clarify the issues, and it controls the course of the trial unless subsequently modified (K.S.A. | Is the purpose of a pretrial order to define and clarify the issues and it controls the course of the trial unless subsequently modified? |
| 6678 | Morning Star Co. v. Bd. of Equalization, 201 Cal. App. 4th 737, 750 (2011) | 4 | Ordinarily taxes are imposed for revenue purposes and not, like regulatory fees, in return for a specific benefit conferred or privilege granted. | Ordinarily taxes are imposed for revenue purposes and not[,] [like regulatory fees,] 'in return for a specific benefit conferred or privilege granted.' " | "Are taxes imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted?" |
| 6679 | Chicago Park Dist. v. City of Chicago, 127 Ill. App. 3d 215, 221, 468 N.E.2d 1261, 1265 (1984) | 11 | While every tax on an activity increases ultimate cost of such activity to consumer, such factor does not change tax from a revenue measure to a regulatory measure. | While every tax on an activity increases the ultimate cost of that activity to the consumer, this factor does not change the tax from a revenue measure to a regulatory measure. | "Does the factor that every tax on an activity increases ultimate cost of such activity to consumer, change tax from a revenue measure to a regulatory measure?" |
| 6680 | Swanson v. State, Dep't of Educ., 249 Neb. 466, 474 (1996) | 11 | Tax laws represent legislature's definition of measure of every citizen's duty in support of public burdens. | Tax laws, including L.B. 839, represent the Legislature's definition of the measure of every citizen's duty in support of the public burdens. | Do tax laws represent legislature's definition of measure of every citizen's duty in support of public burdens? |
| 6681 | Garrett Freight Lines v. State Tax Comm'n, 103 Utah 390, 135 P.2d 523, 526 (Utah 1943) | 14 | "Taxation" is neither a "penalty" imposed on taxpayer nor a "liability" which he assumes by contract, but is merely a way of apportioning cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. | Taxation is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract. It is but a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens. | Is taxation a penalty imposed on a taxpayer? |
| 6682 | Madge v. State, 160 So. 3d 86, 89 (Fla. Dist. Ct. App. 2015) | 2 | While the observations of lay persons leading up to the arrival of law enforcement may provide factual background, prior wrongdoing cannot establish the basis for a loitering and prowling charge. West's F.S.A. S 856.021. | While the observations of lay persons leading up to the arrival of law enforcement may provide the factual background, prior wrongdoing cannot establish the basis for a loitering and prowling charge. | Does prior wrongdoing establish the basis for a loitering charge? |
| 6683 | Leach v. Lauhoff Grain Co., 51 Ill. App. 3d 1022, 1023 (1977) | 3 | Enactment of workmen's compensation legislation was pursuant to police power and was done in furtherance of sound public policy. S.H.A. ch. 48, S 138.1 et seq. | As we have indicated, the enactment of workmen's compensation legislation was pursuant to the police power and was done in furtherance of sound public policy. | Was the enactment of workmens compensation legislation pursuant to a states police power and was it done in furtherance of sound public policy? |

| 6684 | Zimmerman v. Wisconsin Elec. Power Co., 157 N.W.2d 648, 651–52 (Wis. 1968) | 3 | Fundamental idea upon which liability for workmen's compensation is imposed is that injury to an employee, like damage to a machine, is burden which should be borne by product of the industry and ultimately paid by those who consume the product. | 'The fundamental idea upon which liability is imposed is that an injury to an employee, like damage to a machine, is a burden that should be borne by the product of the industry and ultimately paid by those who consume this product.' | What is the fundamental idea upon which liability for workmens compensation is imposed? |
| 6685 | United States v. Jefferson, 562 F. Supp. 2d 687, 690 (E.D. Va. 2008) | 2 | An indictment charging bribery must allege each of the following elements: (1) that the defendant is a public official; and (2) that defendant corruptly demanded, sought, received, accepted, or agreed to receive or accept (3) anything of value (4) in return for being influenced in the performance of (5) an official act. 18 U.S.C.A. S 201(b)(2)(A). | An indictment charging bribery must therefore allege each of the following elements: (i) that the defendant is a public official, and (ii) that defendant corruptly demanded, sought, received, accepted, or agreed to receive or accept (iii) anything of value (iv) in return for being influenced in the performance of (v) an official act. | What are the elements of bribery? |
| 6693 | Nielsen v. Firelands Rural Elec. Coop., 123 Ohio App. 3d 104, 106  (1997) | 1 | Voluntary dismissal, without prejudice, dissolves all interlocutory orders made by court in that action, including a partial summary judgment. | This court has previously held that a voluntary dismissal, without prejudice, dissolves "all interlocutory orders made by the court in that action," including a partial summary judgment. | Does a voluntary dismissal without prejudice dissolve interlocutory orders made by the court in the action? |
| 6696 | Umbreit v. Quality Tool, 302 Minn. 376, 378–79, 225 N.W.2d 10, 12 (1975) | 1 | While Workmen's Compensation Act is remedial and humanitarian in purpose and is to be given liberal interpretation in favor of employees, rights and benefits granted rest solely upon and are limited by statutes creating them. M.S.A. S 176.011 et seq. | While it is true that the Workmen's Compensation Act is remedial and humanitarian in purpose and is to be given a liberal interpretation in favor of employees, it is also true that the *379 rights and benefits granted rest solely upon, and are limited by, the statutes creating them. | Is it true that workmens compensation statutes are remedial? |
| 6697 | Bowers v. Hiland Dairy Co., 132 S.W.3d 260, 265 (Mo. Ct. App. 2004) | 9 | Statutes and rules relating to appeals in workers' compensation cases are to be construed liberally in favor of allowing appeals to proceed, and, to the extent possible, to permit disposition on the merits. | We note, however, that statutes and rules relating to appeals in workers' compensation cases are to be construed liberally in favor of allowing appeals to proceed, and, to the extent possible, to permit disposition on the merits. | Do compensation cases be construed liberally to permit disposition on the merits? |
| 6700 | Shapell Indus. v. Superior Court, 132 Cal. App. 4th 1101, 1108 (2005) | 5 | A voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties. | Furthermore, " '[a] voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties.' | Does a voluntary dismissal of an entire action deprive the court of subject matter jurisdiction as well as the personal jurisdiction of the parties? |
| 6701 | Renner v. Hawk, 125 N.C. App. 483, 489 (1997) | 1 | Effect of voluntary dismissal is to terminate action, and no suit is pending thereafter on which court can enter valid order. Rules Civ.Proc., Rule 41(a)(1), G.S. S 1A-1. | The effect of such a voluntary dismissal is to terminate the action, and no suit is pending thereafter on which the court can enter a valid order. | Does the effect of a voluntary dismissal is to terminate the action such that no suit is pending thereafter on which court can enter the valid order? |

| 6703 | State ex rel. Arn v. State Comm'n of Revenue & Taxation, 163 Kan. 240, 247 (1947) | 3 | The construction and repair of public roads is a "governmental function" which may be exercised by the state or delegated to state or local agencies. | 25, it is said: "The construction and repair of public roads is a governmental function which may be exercised by the state or delegated to state or local agencies or bodies, * * *. | Is the construction and repair of public roads and highways a governmental function which may be exercised by the state or delegated to state or local agencies or bodies? |
|---|---|---|---|---|---|
| 6704 | U. of Texas Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex. 2006) | 3 | While the date on which the trial court signs an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, a nonsuit is effective when it is filed. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 329b. | While the date on which the trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires," a nonsuit is effective when it is filed. | Does Trial court's plenary power expire upon the trial court's signing of an order dismissing a case? |
| 6705 | Roby v. U.S. Dep't of Navy, 76 F.3d 1052, 1055 (9th Cir. 1996) | 3 | There is national policy not to subject bona fide conscientious objectors to combatant training and service in the armed forces. | We recognize, however, "a national policy ... not to subject bona fide conscientious objectors to combatant training and service in the armed forces." | Is there a national policy to subject bona fide conscientious objectors to combatant training and service in the armed forces? |
| 6706 | Kirby v. Gaub, 75 S.W.3d 916, 917 (Mo. Ct. App. 2002) | 2 | Once plaintiff files voluntary dismissal of civil action, trial court loses its jurisdiction as there is nothing before court upon which to act. V.A.M.R. 67.02. | Once a plaintiff files a voluntary dismissal pursuant to this rule, the trial court loses its jurisdiction as there is nothing before the court upon which to act. | "Once plaintiff files a voluntary dismissal of a civil action, does the trial court lose its jurisdiction as there is nothing before court upon which to act?" |
| 6707 | Richman v. Coughlin, 75 S.W.3d 334, 338 (Mo. Ct. App. 2002) | 3 | If plaintiff voluntarily dismisses his or her petition prior to the introduction of evidence, no action of the trial court is necessary to effectuate the dismissal. V.A.M.R. 67.02(a). | Thus, if a plaintiff voluntarily dismisses his or her petition prior to the introduction of evidence, no action of the trial court is necessary to effectuate the dismissal. | "If a plaintiff voluntarily dismisses his or her petition prior to the introduction of evidence, is any action of the trial court necessary to effectuate the dismissal?" |
| 6708 | Marino v. King, 355 S.W.3d 629, 634 (Tex. 2011) | 7 | Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults, and thus using deemed admissions as the basis for summary judgment does not avoid the due-process requirement of flagrant bad faith or callous disregard, which is the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary-judgment burden. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(a, c). | Constitutional imperatives favor the determination of cases on their merits rather than on harmless procedural defaults. Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden. | "Where a party moves to withdraw deemed admissions that are merit-preclusive, does due process require the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from flagrant bad faith or callous disregard of the rules?" |
| 6709 | Carty v. McElwee, 31 N.J. Super. 532, 534, 107 A.2d 511, 512 (App. Div. 1954) | 1 | Application for adjournment or continuance based upon absence of a witness is addressed to the sound discretion of trial judge. | An application for an adjournment or continuance based upon the absence of a witness is addressed to the sound discretion of the trial judge. | Is an application for adjournment or continuance based upon the absence of a witness addressed to the sound discretion of a trial judge? |

| 6710 | Berkshire Aircraft v. AEC Leasing Co., 32 Kan. App. 2d 427, 427, 84 P.3d 608, 609 (2002) | 4 | No statutory authority authorizes a trial court to allow a party to withdraw or amend admissions in limited action cases. K.S.A. 61-3101(b). | Conversely, no statutory authority authorizes a trial court to allow a party to withdraw or amend admissions in limited action cases. | Does statutory authority authorize a trial court to allow a party to withdraw or amend admissions in limited action cases? |
| 6711 | Vis v. Harris, 764 S.E.2d 156, 160 (Ga. App. 2014) | 6 | Failure to make a motion to have admissions withdrawn or amended forecloses remedial action, and therefore the requests for admissions which were not answered or objected to are deemed admitted. West's Ga.Code Ann. S 9-11-36(b). | However, "the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under [OCGA § 9–11–36(b), and therefore] the requests for admissions which were not answered or objected to are deemed admitted." | Does failure to make motion to have admissions withdrawn or amended foreclose remedial action? |
| 6714 | Ramirez v. Noble Energy, 521 S.W.3d 851, 856–57 (Tex. App. 2017) | 5 | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Tex. R. Civ. P. 198.3. | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or *857 without reference to guiding rules or principles. | Does the question of whether to permit the withdrawal of deemed admissions lie within the trial court's discretion? |
| 6715 | City of Houston v. Riner, 896 S.W.2d 317, 319 (Tex. App. 1995) | 2 | Trial court possesses broad discretion to permit or deny withdrawal of deemed admissions, and its ruling will be set aside on appeal only upon clear abuse of discretion; "abuse of discretion" occurs when court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | A trial court possesses broad discretion to permit or deny the withdrawal of deemed admissions, and its ruling will be set aside on appeal only upon a clear abuse of discretion. Esparza v. Diaz, 802 S.W.2d 772, 776 (Tex.App.-Houston [14th Dist.] 1990, no writ). An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. | "Does abuse of discretion occur when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably?" |
| 6718 | Motor Car Classics v. Abbott, 316 S.W.3d 223, 236 (Tex. App. 2010) | 27 | To obtain the relief of withdrawing deemed admissions, the proponent of that relief must show good cause, and no undue prejudice. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | In order to obtain the relief of withdrawing deemed admissions, the proponent of that relief must show (1) good cause and (2) no undue prejudice. | "To obtain the relief of withdrawing deemed admissions, must the proponent of that relief show good cause, and no undue prejudice?" |
| 6720 | Worldwide Anesthesia Assocs., Inc. v. Bryan Anesthesia, Inc., 765 S.W.2d 445, 449 (Tex. App. 1988) | 6 | Requests for admission were deemed admitted without necessity of court order after deadline set by court for answering requests lapsed. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Pursuant to Rule 169 of the Texas Rules of Civil Procedure, these requests for admissions were deemed admitted without the necessity of court order after the June 3 deadline lapsed. | Are requests for admission deemed admitted without the necessity of a court order after a deadline set by court for answering requests lapses? |

| 6721 | State ex rel. Tomasic v. Kansas City, 237 Kan. 572, 573 (1985) | 14 | States are subject to equal protection clause of Fourteenth Amendment of United States Constitution in exercise of their tax powers, but flexibility and variety appropriate to reasonable taxation schemes are permitted; state taxation scheme must have rational basis for classification based on differences having fair and substantial relation to object of legislation. U.S.C.A. Const.Amend. 14. | States are subject to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in the exercise of their taxing power, but flexibility and variety appropriate to reasonable taxation schemes are permitted. The state taxation scheme must have a rational basis with classification based on differences having a fair and substantial relation to the object of the legislation. | Are flexibility and variety of tax schemes appropriate? |
| --- | --- | --- | --- | --- | --- |
| 6723 | Nat'l Iranian Oil Co. v. Ashland Oil, 817 F.2d 326, 332 (5th Cir. 1987) | 4 | Forum selection clause establishing situs of arbitration must be enforced unless it conflicts with explicit provision of Federal Arbitration Act. 9 U.S.C.A. S 2. | A forum selection clause establishing the situs of arbitration must be enforced unless it conflicts with an "explicit provision of the Federal Arbitration Act. | Can a forum selection clause be enforced if it conflicts with an explicit provision of the Federal Arbitration Act? |
| 6724 | Coppedge v. Marsh, 532 F. Supp. 423, 427 (D. Kan. 1982) | 4 | A change in status of reserve officer is matter committed solely to discretion of secretary of officer's branch of service or president of United States. | A change in status of a reserve officer is a matter committed solely to the discretion of the Secretary of the officer's branch of service or the President of the United States. | Is a change in the status of the reserved officer a matter committed solely to the discretion of the President and the Secretary of Navy? |
| 6725 | United States v. Frega, 933 F. Supp. 1536, 1542 (S.D. Cal. 1996) | 6 | Congress' specific purpose in enacting bribery statute was to close loopholes left by statutes that prohibit theft of federal government property and bribing of federal public officials; latter statutes failed to reach conduct where federal funds were stolen and then commingled with nonfederal funds so that federal funds could not be traced, and they also failed to cover many situations involving nonfederal employees who corruptly administered federal funds. 18 U.S.C.A. SS 201, 641, 666. | Congress thus had a specific purpose in mind when it enacted 666: the closing of loopholes left by 18 U.S.C. 641 and 18 U.S.C. 201, which respectively prohibit the theft of federal government property and the bribing of federal public officials. These statutes, however, failed to cover conduct where federal funds were stolen and then comingled with non-federal funds so that federal funds could not be traced. They also failed to cover many situations involving non-federal employees who corruptly administered federal funds. | What is the specific purpose of Section 666 of the federal bribery statute? |
| 6726 | Com. v. Clarke, 311 Pa. Super. 446, 449, 457 A.2d 970, 972 (1983) | 4 | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | Under the section of the Crimes Code proscribing bribery in official and political matters, once the offer to confer the proscribed benefit, or once an agreement is made, the crime is complete. There need be no waiting for the benefit to actually be conferred. | "Under the statute proscribing bribery in official and political matters, when is the crime complete? " |
| 6727 | Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir. 1971) | 6 | Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. | Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. | Should comity be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect? |

| 6728 | Hobbs v. Arthur, 264 Ga. 359, 359–60 (1994) | 1 | Renewal statute is remedial in nature and is to be construed liberally to allow renewal where suit is disposed of on any ground not affecting its merits. O.C.G.A. S 9-2-61(a). | The renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. | Is a renewal statute remedial in nature and is to be construed liberally to allow renewal where suit is disposed of on any ground not affecting its merits? |
| 6729 | Marpco v. S. States Pipe & Supply, , 377 So. 2d 525, 528 (La. Ct. App. 1979) | 6 | Withdrawal of a litigant's attorney on day of trial without previous notice of trial or of intent to withdraw to that litigant is sufficient grounds for a continuance. LSA-C.C.P. art. 1601. | Certainly the withdrawal of litigant's attorney on the day of the trial without previous notice of trial or of the intent to withdraw to that litigant is sufficient grounds for a continuance. | Is withdrawal of a litigant's attorney on the day of the trial without previous notice of trial or of intent to withdraw to that litigant sufficient grounds for a continuance? |
| 6730 | Riggin v. Rea Riggin & Sons, Inc., 738 N.E.2d 292, 311 (Ind. App. 2000) | 56 | The withdrawal of legal counsel does not entitle a party to an automatic pretrial continuance, and the moving party must show diligence in procuring counsel. Trial Procedure Rule 53.5. | The withdrawal of legal counsel does not entitle a party to an automatic continuance, Danner v. Danner (1991), Ind.App., 573 N.E.2d 934, 937, trans. denied, and the moving party must show diligence in procuring counsel. | "Does the withdrawal of legal counsel not entitle a party to an automatic continuance, and the moving party must show diligence in procuring counsel?" |
| 6732 | People v. Rocha,  872 P.2d 1285, 1288 (1993) | 3 | Continuance granted because of substitution of counsel may be chargeable to defendant depending upon facts and circumstances of case and whether substitution was warranted and caused by defendant's actions. West's C.R.S.A. SS 18-1-405, 18-1-405(3). | And, a continuance granted because of substitution of counsel may be chargeable to the defendant depending upon the facts and circumstances of the case and whether the substitution was warranted and caused by defendant's actions. | Will the question of whether continuance be granted because of counsel's absence depends on the facts and circumstances of each particular case? |
| 6733 | Ohio CAT v. Stoneman, 2015-Ohio-3546, ¶ 14 (2015) | 2 | When a party fails to timely respond to the request for admissions, the admissions become facts of record which the court must recognize. Rules Civ.Proc., Rule 36. | When a party fails to timely respond to the request for admissions, "the admissions [become] facts of record which the court must recognize. | "When a party fails to timely respond to requests for admissions, do the admissions become facts of record that the court must recognize?" |
| 6735 | Ramirez v. Noble Energy, 521 S.W.3d 851, 858 (Tex. App. 2017) | 13 | Because merits-preclusive deemed admissions implicate due process concerns, courts must presume that the admissions are merits-preclusive if the record does not affirmatively establish that they are not merits-preclusive. U.S. Const. Amend. 14; Tex. R. Civ. P. 198.3. | Because merits-preclusive admissions implicate due process concerns, we must presume that the admissions are merits-preclusive if the record does not affirmatively establish that they are not merits-preclusive. | "Because merits-preclusive deemed admissions implicate due process concerns, must courts presume the admissions are merits-preclusive if the record does not affirmatively establish that they are not merits-preclusive?" |
| 6736 | Hammond v. SBC Commc'ns, Inc., 365 Ill. App. 3d 879, 892, 850 N.E.2d 265, 276 (2006), overruled by Vision Point of Sale, Inc. v. Haas, 226 Ill. 2d 334, 875 N.E.2d 1065 (2007) | 20 | Because a request seeking to admit legal conclusions is improper in form, the failure to respond to that request does not result in a judicial admission. | However, because a request seeking to admit legal conclusions is improper in form (see P.R.S. International Inc., 184 Ill.2d at 236, 234 Ill.Dec. 459, 703 N.E.2d 71),the failure to respond to that request does not result in a judicial admission. | "Because a request seeking to admit legal conclusions is improper in form, does the failure to respond to that request not result in a judicial admission?" |
| 6739 | Clodfelter v. Walker, 234 Ind. 219, 242, 125 N.E.2d 799, 800 (1955) | 2 | Failure on the part of the party to timely file his motion for continuance operates as a waiver of any right to continuance which he might otherwise have had. Burns' Ann.St. S 2-1301. | Failure on the part of a party to timely file his motion for continuance operates as a waiver of any right to continuance which he might otherwise have had. | Does failure on the part of the party to timely file his motion for continuance operate as a waiver of any right to continuance which he might otherwise have had? |

| 6740 | In re Calhoun Beach Holding Co., 205 Minn. 582, 590 (1939) | 3 | The word "tax" in its broad meaning includes both general taxes and special assessments, but the courts are reluctant to so hold when the result would be to deplete public revenues. | While the word 'tax' in its broad meaning includes both general taxes and special assessments (1 Cooley, Taxation, 4 ed. Ch. 1, 31, p. 106), the reluctance of the courts so to hold where the result would be to deplete public revenues is well illustrated by the case of Washburn Memorial Asylum v. | "Does the word ""tax"" in its broad meaning includes both general taxes and special assessments?" |
| 6741 | Bank of Glen Burnie v. Elkridge Bank,  120 Md. App. 402, 407, 707 A.2d 438, 440 (1998) | 1 | Burden of loss from forged endorsement is generally placed on person who dealt with and took instrument in question from forger. | Under Maryland law, "the burden of loss from a forged endorsement is generally placed on the person who dealt with and took the instrument in question from the forger." | Is the burden of loss from a forged endorsement generally placed on the person who dealt with and took the instrument in question from the forger? |
| 6742 | Swanson v. Sanders, 75 S.D. 40, 42 (1953) | 1 | A memorandum placed on back of a note at time of execution thereof with intention of making it a part of the note is as binding on the parties as if it were within the body of the instrument. | A memorandum placed on the back of a note at the time of the execution thereof with the intention of making it a part of the note is as binding on the parties as if it were within the body of the instrument. | Should a memorandum or notation placed on the back of a note or an instrument at the time of execution binding on the parties? |
| 6744 | United States v. Curescu, 674 F.3d 735, 742 (7th Cir. 2012) | 8 | To be guilty of soliciting or accepting a bribe requires knowing that the money or other thing of value received was indeed a bribe, which is to say an inducement to do a corrupt act. 18 U.S.C.A. S 666(a)(1)(B). | To be guilty of soliciting or accepting a bribe in violation of section 666(a)(1)(B) requires knowing that the money or other thing of value received was indeed a bribe, which is to say an inducement to do a corrupt act. | Does bribery require the official to know that the money or other thing of value received was indeed a bribe? |
| 6745 | People v. Canepa, 745 N.Y.S.2d 153, 154 (N.Y. App. Div. 1st Dept. 2002) | 3 | To support bribery conviction, People were required to prove an understanding in the mind of the bribe maker that the bribe receiver would effectuate the proscribed corruption of public process and was affected to do so by the actus reus of the crime. McKinney's Penal Law S 200.00. | The People were required to prove an understanding "in the mind of the bribe maker that the bribe receiver would effectuate the proscribed corruption of public process and was affected to do so by the actus reus of this particular crime" (People v. Bac Tran, 80 N.Y.2d 170, 177, 589 N.Y.S.2d 845, 603 N.E.2d 950). | What type of understanding does the prosecution need to prove the bribe-maker possessed in his/her mind in order to support a bribery conviction? |
| 6748 | United States v. Parise, 159 F.3d 790, 799 (3d Cir. 1998) | 21 | Pennsylvania's commercial bribery statute contains no requirement that the affected conduct be in relation to the official duties of an agent or employee, nor does it require a showing that an offender's conduct was adverse to the interests of the employer. 18 Pa.C.S.A. S 4108. | The statute contains no requirement that the affected conduct be in relation to the official duties of an agent or employee, nor does it require a showing that an offender's conduct was adverse to the interests of the employer. | Does commercial bribery statute require the offenders conduct to be adverse to the interests of the employer? |

| 6749 | In re French, 320 B.R. 78, 85 (D. Md. 2004) | 6 | "International comity" is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws. | International comity is defined as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." Hilton v. | What is comity or international comity? |
| --- | --- | --- | --- | --- | --- |
| 6750 | Ford Motor Credit Co. v. Updegraff, 218 S.W.3d 617, 621 (Mo. App. 2007) | 10 | In determining whether a petition states a cause of action upon which relief can be granted, conclusions not supported by the facts pled are disregarded. V.A.M.R. 55.05. | In determining whether a petition states a cause of action upon which relief can be granted, we are to disregard conclusions not supported by the facts pled. | Are conclusions not supported by the facts disregarded in determining whether a petition states a cause of action? |
| 6751 | Rodriguez-Farr Ins. Agency v. Sharp, 431 So. 2d 889, 892 (La. Ct. App. 1983) | 4 | There is no abuse of discretion in denying a continuance, requested on grounds of conflict in counsel's schedule, where counsel knew or should have known of the conflict for a substantial period of time, and fails to act to obtain a continuance until the last minute. | There is no abuse of discretion in denying a continuance, requested on grounds of a conflict in counsel's schedule, where counsel knew or should have known of the conflict for a substantial period of time, and fails to act to obtain a continuance until the last minute. | "Is there no right to continuance because of conflict in counsel's schedule, though a scheduling conflict is discretionary ground for continuance?" |
| 6756 | GeoChem Tech Corp. v. Verseckes, 929 S.W.2d 85, 90 (Tex. App.--Eastland 1996) | 8 | In ruling on discretionary matter such as motion for continuance, trial court is entitled to take the entire procedural history of the case into account. | Appellate review of a trial court's ruling upon a motion for continuance is limited to a determination of whether the trial court abused its discretion. If the trial court acts without reference to any guiding rules or principles, it acts arbitrarily and unreasonably, and it has abused its discretion. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–242 (Tex.1985), cert. den'd, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); Waste Water, Inc. v. Alpha Finishing & Developing Corporation, 874 S.W.2d 940 (Tex.App.–Houston [14th Dist.] 1994, no writ). In ruling upon matters of this nature, the trial court is entitled to take the entire procedural history of the case into account. | "While ruling upon a motion as a matter of discretion, will the trial court take the entire procedural history of the case into account?" |

| 6757 | Milton v. Montgomery Ward & Co., Inc., 108 Cal. Rptr. 726, 728 (Cal. App. 2d Dist. 1973) | 1 | After a matter is deemed admitted upon failure to answer request for admissions, scope and effect of the admission must be determined by trial court. West's Ann.Code Civ.Proc. S 2033(a). | Code of Civil Procedure section 2033(a) provides that upon a failure to answer request for admissions, '(e)ach of the matters of which an admission is requested shall be deemed admitted. . . .' However, after a matter is deemed admitted, the scope and effect of the admission must be determined by the trial court. | Should the scope and effect of the admission be determined by the trial court after a matter is deemed admitted? |
| --- | --- | --- | --- | --- | --- |
| 6759 | Smith v. Emery, 109 Nev. 737, 742–43 (1993) | 6 | Failure to respond to a request for admissions will result in those matters being deemed conclusively established, even if the established matters are ultimately untrue. Rules Civ.Proc., Rule 36. | **1390 [6] It is well settled that failure to respond to a request for admissions will result in those matters being deemed conclusively established. Woods, 107 Nev. at 425, 812 P.2d at 1297; Dzack, 80 Nev. at 347, 393 P.2d at 611. This so even if the established matters are ultimately untrue. | "Will failure to respond to a request for admissions result in those matters being deemed conclusively established, even if the established matters are ultimately untrue?" |
| 6761 | Shaw v. Nat'l Cty. Mut. Fire Ins. Co., 723 S.W.2d 236, 238 (Tex. App. 1986) | 2 | Admission once admitted, deemed or otherwise, is judicial admission and party may not then introduce controverting testimony in any legal proceeding related to action. | An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce controverting testimony in any legal proceeding related to the action. | Can a party introduce controverting testimony in any legal proceeding related to action in a judicial admission? |
| 6763 | Heath v. Masotti, 55 N.Y.S.2d 416, 417 (1945) | 1 | The right to examine adverse party before trial is practically unrestricted so long as inquiry is directed to relevant issues. | It has been repeatedly held, particularly in the Third Department, that the right to examine an adverse party before trial is practically unrestricted, so long as the inquiry is directed to relevant issues. | Is the right to examine an adverse party before trial practically unrestricted so long as the inquiry is directed to relevant issues? |
| 6766 | Smith v. Sec'y of Army, 384 F.3d 1288, 1294 (Fed. Cir. 2004) | 6 | In a challenge to a decision not to promote a military service member, the Military Pay Act ordinarily does not give rise to a right to the pay of the higher rank for which the plaintiff was not selected. 37 U.S.C.A. S 204. | Accordingly, "in a challenge to a decision not to promote, the Military Pay Act ordinarily does not give rise to a right to the pay of the higher rank for which the plaintiff was not selected." | Does the Military Pay Act give rise to a right to the pay of the higher rank for which the plaintiff was not selected? |
| 6767 | E. E. Rivet & Sons v. Durand, 53 R.I. 48, 163 A. 476, 476–77 (1932) | 3 | When marginal notation, which does not purport to be collateral agreement, but only restatement of amount or date of note, conflicts with terms in main body thereof, notation will be disregarded as not part of note. | When a marginal notation, which does not purport to be a collateral agreement but only a restatement of the amount or date of the note, is in conflict with the terms in the main body thereof, it will be disregarded as *477 being not a part of the note. | Will marginal notation(s) be regarded as part of a note if it conflicts with the terms of its main body? |
| 6768 | State v. Lopez, 522 So. 2d 997, 998 (Fla. Dist. Ct. App. 1988) | 2 | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | We agree with the state that the bribery statute prohibits any payment intended to influence the performance of any act by a public servant. The statute is violated even when a person pays for the doing of an act that the public servant is legally bound to do. | Does the bribery statute prohibit payments that are intended to influence an act that someone was legally bound to do? |

| 6770 | People v. Koberstein, 478 N.Y.S.2d 397, 399 (N.Y. App. Div. 4th Dept. 1984) | 3 | Although burglary in the second degree is a lesser-included offense of burglary in the first degree, there was no reasonable view of evidence to support finding that defendant committed the lesser offense but did not commit the greater offense, and thus trial court did not err in refusing to charge burglary in the second degree as a lesser-included offense of a second count of burglary in the first degree. McKinney's CPL SS 1.20, subd. 37, 300.50, subd. 1. | Defendant also contends that the court erred in refusing to charge burglary in the second degree as a lesser included offense of the second count of burglary in the first degree. Burglary in the second degree is a lesser included offense of burglary in the first degree (CPL, § 1.20, subd. 37), but there was no reasonable view of the evidence to support a finding that defendant committed the lesser offense but did not commit the greater offense (CPL 300.50, subd. [1]; People v. Scarborough, 49 N.Y.2d 364, 426 N.Y.S.2d 224, 402 N.E.2d 1127; cf. People v. Martin, 59 N.Y.2d 704, 463 N.Y.S.2d 419, 450 N.E.2d 225). | Is second degree burglary a lesser included offense of first degree burglary? |
| 6771 | State v. Solano, 181 Neb. 716, 716–17 (1967) | 2 | Mere possession of stolen property standing alone is insufficient to justify burglary conviction, but such possession is circumstance which, taken in connection with other incriminating evidence, may be considered in determining question of guilt. | While the mere possession of stolen property standing alone is insufficient to justify a conviction of burglary, such possession **586 of property is a circumstance which, taken in connection with other incriminating evidence in the case, may *717 be considered by the jury in determining the question of the guilt or innocence of a defendant so charged. | Is mere possession of stolen goods sufficient for a burglary charge? |
| 6772 | Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989) | 1 | Unanswered requests for admissions are automatically deemed admitted, unless court on motion permits there withdrawal or amendment. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Unanswered requests for admissions are automatically deemed admitted, unless the court on motion permits their withdrawal or amendment. | "Are unanswered requests for admissions automatically deemed admitted, unless a court on motion permits their withdrawal or amendment?" |
| 6773 | Arcata Graphics Co. v. Heidelberg Harris, 874 S.W.2d 15, 22 (Tenn. Ct. App. 1993) | 5 | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | When the trial court grants a motion to amend, the opposing party must request a continuance if it believes it has been prejudiced. Allstate Ins. Co. v. Fox, 1990 WL 8058 at *12 (Tenn.App. 6 Feb. 1990). If a continuance is not requested, the party against whom the amendment was granted may not complain on appeal. | "When a trial court grants a motion to amend, must the opposing party request continuance if it believes it has been prejudiced?" |
| 6774 | Ex parte Troncalli Chrysler Plymouth Dodge, 876 So. 2d 459, 467–68 (Ala. 2003) | 9 | A court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction. | It is well established that a ... court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction.' " | Does a court have the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction? |

| 6775 | Anderson Columbia v. Brown, 902 So. 2d 838, 841 (Fla. Dist. Ct. App. 2005) | 6 | Discovery of opposing party's legal costs is matter best left to sound discretion of trial court. | We agree with our sister courts in holding that the discovery of an opposing party's legal costs is a matter best left to the sound discretion of the trial court. | Is discovery of opposing party's legal costs a matter best left to the sound discretion of a trial court? |
| 6776 | Slattery v. Parsons, 17 N.Y.S.2d 6, 11–12 (Sup. Ct. 1940) | 9 | Fact that a party seeking to take depositions before trial already has knowledge of the facts sought by the examination is not sufficient reason for refusing the examination. Civil Practice Act, S 288. | The courts, however, have repeatedly held that the fact that the party seeking to take the depositions already has knowledge *12 of the facts sought by the examination, is no reason for refusing the examination. | Is the fact that a party seeking to take depositions before trial already has knowledge of the facts sought by the examination not sufficient reason for refusing the examination? |
| 6778 | Menotti v. City of Seattle, 409 F.3d 1113, 1138 (9th Cir. 2005) | 10 | First Amendment does not guarantee right to communicate one's views at all times and places or in any manner that may be desired. U.S.C.A. Const.Amend. 1. | "Of course, the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." | Does the First Amendment guarantee the right to communicate one's views at all times and places or in any manner that may be desired? |
| 6779 | Kamler v. Kamler, 213 S.W.3d 185, 188 (Mo. Ct. App. 2007) | 7 | Lack of a properly filed written continuance accompanied by an affidavit stating the reasons for the request is grounds to deny a continuance. V.A.M.R. 65.03. | Lack of a properly filed written continuance accompanied by an affidavit stating the reasons for the request are grounds to deny a continuance. | Is a lack of a properly filed written continuance accompanied by an affidavit stating the reasons for the request grounds to deny a continuance? |
| 6780 | Sleezer v. Lang, 170 Neb. 239, 239 (1960) | 11 | It is within discretion of court to permit defendant, during course of trial, to amend answer so as to present new defense; in such a case the plaintiff, if not prepared to meet new issue, may have continuance, upon such terms as court may deem just. R.R.S.1943, S 25-852. | It is within the discretion of the court to permit a defendant, during the course of the trial, to amend his answer so as to present a new defense. In such case, the plaintiff, if not prepared to meet the new issue, may have a continuance of the cause, upon such terms as the court may deem just. | "Is it within the discretion of a court to permit a defendant, during course of trial, to amend an answer so as to present a new defense?" |
| 6781 | Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189, 194 (Fla. 2003) | 5 | The disclosure of personal financial information during discovery may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. | The disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. | "Can the disclosure of personal financial information during discovery cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant?" |
| 6783 | Riordan v. Riordan, 252 S.W.2d 901, 902 (Ky. 1952) | 2 | A trial court has broad discretion in granting or overruling a motion for a continuance, and the appellate court will not interfere unless that discretion is clearly abused. | We have written many times that a trial court has broad discretion in granting or overruling a motion for a continuance, and that this court will not interfere in the exercise of that discretion unless it is clearly abused. | "Does a trial court have broad discretion in granting or overruling a motion for a continuance, and will not interfere in the exercise of that discretion unless it is clearly abused?" |
| 6790 | Empire Dist. Elec. Co. v. Johnston, 241 Mo. App. 759, 764, 268 S.W.2d 78, 80 (1954) | 1 | By proceeding to trial without any attack upon or complaint about a deposition, irregularities in connection with taking thereof are waived. | It is equally well settled that, by proceeding to trial without any attack upon or complaint about a deposition, irregularities in connection with the taking thereof are waived 3 . | "By proceeding to trial without any attack upon or complaint about a deposition, are irregularities in connection with taking thereof waived?" |

| 6793 | Tillotson v. Abbott, 472 P.2d 240, 244 (Kan. 1970) | 1 | Pretrial conference provided for by statute is designed to acquaint each party in advance of trial with factual contentions of opposite parties as to matters in dispute, thus reducing opportunity for maneuver and surprise during trial, and enabling all parties to better prepare testimony on issues to be tried. K.S.A. 60-216. | The pre-trial conference and the order entered thereon are an important part of the procedural process. They are provided to acquaint each party in advance of trial with the factual contentions of the opposite parties as to matters in dispute. The opportunity for maneuver and surprise during the trial is reduced. As a result of the pre-trial conference all parties are better able to prepart their testimony on the issues to be tried. | "What is a pretrial conference provided for by a statute, designed to do?" |
|---|---|---|---|---|---|
| 6794 | Whisman v. Fawcett, 470 N.E.2d 73, 77 (Ind. 1984) | 4 | Reasons for avoiding overly technical application of pretrial orders are amplified when pretrial order is not definitive, specific, complete, or detailed. | Furthermore, the reasons for avoiding overly technical application of pretrial orders are amplified when, as in this case, the pretrial order is not definitive, specific, complete, or detailed. | "Are reasons for avoiding overly technical application of pretrial orders amplified when a pretrial order is not definitive, specific, complete, or detailed?" |
| 6795 | In re Marriage of Borowczyk, 78 Ill. App. 3d 425, 430, 397 N.E.2d 71, 75 (1979) | 6 | Where facts requested to be admitted are properly admitted or denied with a qualified answer, costs and fees will not be assessed against party who refused to admit. Supreme Court Rules, rule 219(b), S.H.A. ch. 110A, S 219(b). | Where facts requested to be admitted are properly admitted or denied with a qualified answer, costs and fees will not be assessed against the party who refused to admit. | "Will costs and fees be assessed against party who refused to admit, if facts requested to be admitted are properly admitted or denied with a qualified answer?" |
| 6796 | Burns v. Hayes, 84 N.Y.S.2d 277, 281 (N.Y. Sup. Ct. 1948) | 5 | Where relationship of principal and agent or similar relationship exists between parties to an action the technical rules governing examination of a party before trial should be relaxed. | Where the relationship of principal and agent or similar relationships exist between the parties to an action, the technical rules governing the examination of a party before trial should be relaxed. | "Where the relationship of a principal and agent to an action, should the technical rules governing examination of a party before trial be relaxed?" |
| 6797 | Potts v. Howser, 267 N.C. 484, 494 (1966) | 11 | An examination for purpose of obtaining evidence to be used at trial is a matter of right after both examining party and person being examined have filed their pleadings. G.S. S 1-568.9(c). | An examination for the purpose of obtaining evidence to be used at the trial is a matter of right after both the examining party and the person being examined have filed their pleadings. G.S. s 1-568.9(c). | Is an examination for the purpose of obtaining evidence to be used at trial a matter of right after both examining a party and a person being examined have filed their pleadings? |
| 6798 | Todd v. Bear Valley Vill. Apartments, 980 P.2d 973, 979–80 (Colo. 1999) | 12 | While not required, better practice is for trial court to articulate the reasons underlying its conclusion that good cause for a continuance was either demonstrated or not. Rules Civ.Proc., Rule 121. | While not required, we note that the better practice is for the trial court to articulate the reasons underlying its conclusion that good cause for a continuance was either demonstrated or not. | Is a court required to articulate the reasons underlying its conclusion that good cause for a continuance was demonstrated or not? |

| 6800 | Knight v. Waggoner, 359 S.C. 492, 495 (Ct. App. 2004) | 1 | Ordinarily, a plaintiff is entitled to a voluntary dismissal without prejudice as a matter of right, unless there is a showing of legal prejudice to the defendant; if no legal prejudice is shown, the trial judge has no discretion with respect to granting a dismissal without prejudice, but if prejudice to the other party is shown, the matter becomes one of discretion for the trial judge. | Ordinarily, a plaintiff is entitled to a voluntary dismissal without prejudice as a matter of right, unless there is a showing of legal prejudice to the defendant. See Moore v. Berkeley County, 290 S.C. 43, 44, 348 S.E.2d 174, 175 (1986); Gulledge v. Young, 242 S.C. 287, 291, 130 S.E.2d 695, 697 (1963). If no legal prejudice is shown, the trial judge has no discretion with respect to granting a dismissal without prejudice; but if prejudice to the other party is shown, the matter becomes one of discretion for the trial judge. | Is a plaintiff entitled to a voluntary dismissal without prejudice as a matter of right without a showing of legal prejudice to the defendant? |
| --- | --- | --- | --- | --- | --- |
| 6801 | Knightstown Banner v. Town of Knightstown, 882 N.E.2d 270, 274 (Ind. Ct. App. 2008) | 3 | Voluntary dismissals should generally be allowed unless the defendant will suffer legal prejudice, other than the mere prospect of a second lawsuit. Trial Procedure Rule 41(A)(2). | "Generally, dismissals should be allowed unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit." | Should dismissals be allowed unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit? |
| 6803 | Christian v. United States, 46 Fed. Cl. 793, 802 (2000) | 5 | Generally, under the waiver doctrine, issues and arguments not made before a military correction board or administrative agency are deemed waived and may not be raised in a judicial tribunal. | Generally, under the waiver doctrine, issues and arguments not made before the relevant military correction board or administrative agency are deemed waived and could not be raised in a judicial tribunal. | Are the issues and arguments not made before the relevant Military Correction Board deemed waived? |
| 6804 | Epstein v. Geren, 539 F. Supp. 2d 267, 275 (D.D.C. 2008) | 8 | When a military member seeks to overturn the final decision of a military correction board, the court has a very limited scope of review. 10 U.S.C.A. S 1552. | When a military member seeks to overturn the final decision of a military correction board, the court has a very limited scope of review. | Does the court have a very limited scope of review when a military member seeks to overturn the final decision of a Military Correction Board? |
| 6805 | Carroll v. Bergen, 2002 WY 166, ¶ 20 (Wyo.,2002) | 21 | A pretrial order controls the issues to be litigated, allowing the parties to rely on the pretrial order exhibit and witness lists to prepare their cases, and the trial court is vested with extensive authority to enforce its pretrial order. | The pretrial order controls the issues to be litigated, allowing the parties to rely on the pretrial order exhibit and witness lists to prepare their cases, and the trial court is vested with extensive authority to enforce its pretrial order. | Does a pretrial order control the issues to be litigated? |
| 6806 | Carlton v. Emhardt, 138 Ariz. 353, 355, 674 P.2d 907, 909 (Ct. App. 1983) | 2 | Pretrial statement controls subsequent course of litigation otherwise modified at trial to prevent manifest injustice. 17A A.R.S. Super.Ct.Uniform Prac.Rules, Rule 6(a). | The pretrial statement controls the subsequent course of the litigation otherwise modified at trial to prevent manifest injustice. | Does a pretrial statement control a subsequent course of litigation otherwise modified at trial to prevent manifest injustice? |

| | | | | | |
|---|---|---|---|---|---|
| 6808 | Calcor Space Facility, Inc. v. Super. Ct., 61 Cal. Rptr. 2d 567, 572 (Cal. App. 4th Dist. 1997) | 8 | Burden rests upon party seeking discovery to provide specific factual evidence from which court may determine that matter sought is either itself admissible in evidence or appears reasonably calculated to lead to discovery of admissible evidence. West's Ann.Cal.C.C.P. SS 2017(a), 2031(l ). | Section 2017, subdivision (a) provides matters are subject to discovery "if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence." The burden rests upon the party seeking the discovery to provide evidence from which the court may determine these conditions are met. | Is the burden to prove that information relevant or reasonably calculated to lead to the discovery of admissible evidence on the party seeking the information? |
| 6809 | M.M. ex rel. Meyers v. GlaxoSmithKline LLC, 2016 IL App (1st) 151909, ¶ 56, 61 N.E.3d 1026, 1038–39, abrogated by Rios v. Bayer Corp., 2020 IL 125020, ¶ 56, 178 N.E.3d 1088 | 17 | On a motion to dismiss for lack of personal jurisdiction, plaintiffs need not prove their case, but rather must only establish a prima facie case, where all well-pleaded facts are taken as true. | As discussed above, "[o]n a motion to dismiss, plaintiff [s] need not prove [their] case, but rather must only establish a prima facie case, where all well-pleaded facts are taken as true." | "On a motion to dismiss for lack of personal jurisdiction, need plaintiffs not prove their case?" |
| 6810 | Bittel v. Farm Credit Servs. of Cent. Kansas, 265 Kan. 651, 658–59 (1998) | 6 | Oral promise on the part of a lender to extend credit in the future may not be considered a modification of a debtor's promissory note and falls within the definition of "credit agreement" in Credit Agreement Act; as such, Act requires such an agreement to be in writing and signed by both the creditor and debtor. K.S.A. 16-117(a), 16-118(a). | Therefore, an oral promise on the part of a lender to extend credit in the future may not be considered a modification of a debtor's promissory note and falls within the clear definition of "credit agreement" in K.S.A. 16-117(a). As such, K.S.A. 16-118(a) plainly requires such an agreement to be in writing and signed by both the creditor and debtor. | Can an oral promise be considered as modification of promissory note? |
| 6814 | Overholser v. Glynn, 73 Cal. Rptr. 628, 633 (Cal. App. 2d Dist. 1968) | 10 | It is duty of trial court to determine each of issues in accordance with pretrial conference order, which controls conduct of litigation and where inconsistent, supersedes the pleadings. Cal.Rules of Court, rule 216. | It was the duty of the litigation and, where inconsistent, issues in accordance with the pretrial conference order, which controls the conduct of the litigation and, where inconsistent, supersedes the pleadings. | Is it the duty of a trial court to determine issues in accordance with pretrial conference order which controls conduct of the litigation? |
| 6815 | Feykert v. Hardy, 28 Cal. Rptr. 510, 514 (Cal. App. 1st Dist. 1963) | 4 | Until presented with request for its modification, trial judge has right to rely on posture of case defined by pretrial conference order. | Until presented with a request for its modification, the trial judge has a right to rely on the posture of the case defined by the pretrial conference order. | Does a trial judge and parties have a right to rely upon a posture of a case as defined by a pretrial order until a request for modification is made? |
| 6818 | Baldwin Union Free Sch. Dist. v. Cnty. of Nassau, 9 N.E.3d 351, 364 (N.Y. 2014) | 13 | Given the overarching constitutional principle that the power of taxation lies with the state, any ambiguity in the constitutional restrictions on local legislation should be construed in favor of limiting local supersession of state tax laws. | Moreover, given the overarching constitutional principle that the power of taxation lies with the State, any ambiguity in the constitutional restrictions on local legislation should be construed in favor of limiting local supersession of state tax laws. | How does ambiguity in the constitutional restrictions on local legislation be construed? |

| | | | | | |
|---|---|---|---|---|---|
| 6821 | N. Pole Corp. v. Vill. of E. Dundee, 263 Ill. App. 3d 327, 338 (1994) | 14 | "Tax" exacts contributions in return for general welfare, whereas "special assessment" is charge levied against specific property in return for particular benefit to that property. S.H.A. 65 ILCS 5/9-2-45. | It has long been settled in this State that a tax exacts contributions in return for the general welfare, whereas a special assessment is a charge levied against specific property in return for a particular benefit to that property. | "Is ""special assessment"" a charge levied against specific property in return for particular benefit to that property?" |
| 6822 | United States v. Keen, 676 F.3d 981, 990 (11th Cir. 2012) | 6 | Statute prohibiting theft or bribery concerning programs receiving Federal funds was enacted to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery. 18 U.S.C.A. S 666. | Entitled "Theft or bribery concerning programs receiving Federal funds," 18 U.S.C. 666 was enacted "to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." S.Rep. | "According to Congress, what is the purpose of the statute governing theft and bribery in relation to federally funded programs?" |
| 6824 | United States v. Dubon-Otero, 76 F. Supp. 2d 161, 170 (D.P.R. 1999) | 18 | Federal witness-bribery statute does not prohibit government from pledging more lenient treatment or like measures to cooperating witnesses. 18 U.S.C.A. S 201(c)(2). | The First Circuit has unequivocally stated that the federal witness-bribery statute does not prohibit the government from pledging more lenient treatment or like measures to cooperating witnesses. | Does federal witness-bribery statute prohibit government from pledging more lenient treatment or like measures to cooperating witnesses? |
| 6827 | King v. Modern Music Co., 33 P.3d 947, 955 (Okla. Civ. App. 2001) | 20 | A "joint venture" is generally a relationship analogous to, but not identical with, a partnership, and is often defined as an association of two or more persons to carry out a single business enterprise with the objective of realizing a profit. | A joint venture is generally a relationship analogous to, but not identical with, a partnership, and is often defined as an association of two or more persons to carry out a single business enterprise with the objective of realizing a profit. | Is the relationship of joint venture analogous to that of partnership? |
| 6831 | State ex rel. Buck v. McCabe, 140 Ohio St. 535, 540, 45 N.E.2d 763, 766–67 (1942) | 13 | Trial court which granted continuance for indefinite term had continuing jurisdiction of the matter and could at any time revoke or modify the order for reasonable cause shown, or attach such limitations as might seem from time to time, within sound discretion, to be necessary and proper. | The trial court has continuing jurisdiction of this matter and may at any time revoke or modify the order for reasonable cause shown, or may attach such limitations as may seem, from time to time, to be necessary and proper. | Does a court which granted continuance for indefinite term have continuing jurisdiction of the matter? |
| 6833 | Patton v. Jones, 212 S.W.3d 541, 545 (Tex. App. 2006) | 1 | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | "Is a motion to dismiss for lack of subject-matter jurisdiction, a functional equivalent of a plea to the jurisdiction?" |
| 6835 | Abrons Family Practice & Urgent Care, PA v. N.C. Dep't of Health & Human Servs., 792 S.E.2d 528, 532 (N.C. Ct. App. 2016) | 3 | An action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. N.C. Gen. Stat. Ann. S 150B-43; N.C. R. Civ. P. S 1A-1. | An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. | "Where a plaintiff has failed to exhaust administrative remedies, is an action properly dismissed for lack of subject matter jurisdiction?" |

| | | | | | |
|---|---|---|---|---|---|
| 6836 | Havens v. Attorney-General, 91 N.H. 115, 120 (1940) | 14 | A "tax" in itself is an economic charge which must be paid in some way by the person affected, and it must either come from a surplus of the taxpayer, or the burden must be passed on to those with whom taxpayer has economic relations. | "Taxes in themselves are economic charges which must be paid in some way by the person affected. They must either come from the surplus of the taxpayer, or the burden must be passed on to those with whom the taxpayer has economic relations. | "Should a tax either come from a surplus of the taxpayer, or should the burden be passed on to those with whom taxpayer has economic relations?" |
| 6837 | Great Lakes Pipe Line Co. v. Comm'r of Taxation, 272 Minn. 403, 410–11 (1965) | 8 | State may tax any privilege extended by it and may adopt any reasonable rule for measurement of tax, provided it is not measured by property, or income from property, not within its jurisdiction and not used in connection with or correlated to any business authorized or conducted in the state. | Generally speaking, a state may tax any privilege extended by it and may adopt any reasonable rule for the measurement of such tax, Provided *411 it is not measured by property, or income from property, not within its jurisdiction and not used in connection with or correlated to any business authorized or conducted in the state. | Can a state tax any privilege extended by it? |
| 6838 | State v. Weil, 232 Ala. 578, 580 (1936) | 1 | Power to levy taxes is not delegated power, but is attribute of sovereignty inherent in state, and is plenary over persons, franchises, privileges, and property within its jurisdiction, except as restricted by limitations imposed by State and Federal Constitutions. | The power to levy taxes is not a delegated power, but is an attribute of sovereignty inherent in the state, and is plenary over persons, franchises, privileges, and property within its jurisdiction, except as restricted by the limitations imposed by the State Constitution and the Constitution of the United States. | Is a states power to tax plenary? |
| 6839 | Intl. Harvester Co. v. Wisconsin Dept. of Taxn., 322 U.S. 435, 441 (1944) | 3 | In determining whether a tax is within the state's constitutional power, the Federal Supreme Court looks to the incidence of the tax and its practical operation and not its characterization by state courts. | In determining whether a tax is within the state's constitutional power, we look to the incidence of the tax and its practical operation, and not its characterization by state courts. | Where does the Federal Supreme Court look to determine whether a tax is within the state's constitutional power? |
| 6840 | Coleman v. Nat'l Movie-Dine, 449 F. Supp. 945, 948 (E.D. Pa. 1978) | 7 | Arbitration should not be foreclosed simply by adding persons to civil action who are not parties to arbitration agreement, since such inclusion would thwart federal policy in favor of arbitration. 9 U.S.C.A. S 1 et seq. | Arbitration should not be foreclosed simply by adding persons to a civil action who are not parties to the arbitration agreement because such an inclusion would thwart the federal policy in favor of arbitration. | Can arbitration be foreclosed simply by adding persons to a civil action who are not parties to the arbitration agreement? |
| 6841 | Interlake v. Kansas Power & Light Co., 231 Kan. 251, 251 (1982) | 1 | Oil and gas lien laws confer special privileges, are to be strictly construed against one claiming the privilege, and their scope is not to be extended beyond that clearly granted by the legislature. K.S.A. 55-207 to 55-210. | *251 **385 Syllabus by the Court 1. Oil and gas lien laws (K.S.A. 55-207 to 55-210 inclusive) confer special privileges, are to be strictly construed against one claiming the privilege, and their scope is not to be extended beyond that clearly granted by the legislature. | Do oil and gas lien laws confer special privileges? |

| 6843 | Buxbom v. Smith, 145 P.2d 305, 308 (Cal. 1944) | 5 | The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading or the character of damage recovery suggested in connection with the prayer for relief. Code Civ.Proc. SS 452, 475, 580. | The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading or the character of damage recovery suggested in connection with the prayer for relief. | Can the subject-matter of an action and the issues involved be determined from the title of the pleading? |
| 6844 | Lozman v. Putnam, 328 Ill. App. 3d 761, 769, 767 N.E.2d 805, 812 (2002) | 11 | A complaint need only contain a plain and concise statement of plaintiff's cause of action; it is unnecessary for the complaint to set forth evidence that plaintiff intends to introduce at trial. S.H.A. 735 ILCS 5/2-603(c). | A complaint need only contain a plain and concise statement of plaintiff's cause of action; it is unnecessary for the complaint to set forth evidence that plaintiff intends to introduce at trial. | Is it necessary for a complaint to set forth the evidence that the plaintiff intends to introduce at trial? |
| 6845 | Holland v. First Nat. Bank in Dallas, 597 S.W.2d 406, 412 (Tex. Civ. App. 1980) | 12 | Motion for continuance raises question of diligence on part of moving party, as when delay is sought because of absence of witness. | A motion for continuance raises the question of diligence on the part of the moving party, as when the delay is sought because of the absence of a witness. | "Does a motion for continuance raise a question of diligence on part of a moving party, as when a delay is sought because of an absence of a witness?" |
| 6848 | Mercury Ins. Co. of Florida v. Jackson, 46 So. 3d 1129, 1130 (Fla. Dist. Ct. App. 2010) | 1 | While a trial court's discretionary decision to change venue is reviewable under an abuse of discretion standard, the issue of whether venue is proper in a particular forum is not a matter of judicial discretion. West's F.S.A. S 47.011. | While a trial court's discretionary decision to change venue is reviewable under an abuse of discretion standard, the issue of whether venue is proper in a particular forum is not a matter of judicial discretion. | Is the question of proper venue in a particular forum a matter of judicial discretion? |
| 6850 | Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158, 162 (2017) | 12 | The ability to raise an affirmative defense by motion is not unfettered; parties must still comply with a court's scheduling orders, and failure to comply with such orders may result in the denial of the defendant's motion. Idaho R. Civ. P. 16(i), 37(b)(2)(B) (2015). | However, the ability to raise an affirmative defense by motion is not unfettered. Parties must still comply with the court's scheduling orders, and failure to comply with such orders may result in the denial of the defendant's motion. I.R.C.P. 16(i); I.R.C.P. | Is the ability to raise an affirmative defense by motion not unfettered? |

| | | | | |
|---|---|---|---|---|
| 6854 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 406 (Tenn. 2015) | 59 | In making determination of whether to permit limited discovery prior to ruling on a motion to dismiss for lack of personal jurisdiction, trial courts, as a threshold issue, first should determine whether plaintiff has set out sufficient facts to establish a colorable claim for personal jurisdiction, and if threshold of a colorable claim is met, trial courts then should consider the following non-exclusive factors to determine whether to grant jurisdictional discovery: (1) whether plaintiff has shown that there is a likelihood that discovery will yield facts that will influence personal jurisdiction determination; (2) whether plaintiff has laid out with particularity evidence sought by discovery; (3) whether evidence sought is type which would normally be in the exclusive control of defendant; (4) whether case is particularly complex; and (5) whether plaintiff's interest in discovery outweighs policy concerns of subjecting a nonresident defendant to burdensome discovery at such an early stage and seeking to avoid allowing plaintiff to conduct a fishing expedition. Tenn. R. Civ. P. 12.02(2); Tenn. Sup. Ct. Rule 28 S 2(H). | Based upon our consideration of these principles, we hold that determining whether to permit limited discovery prior to ruling on a motion to dismiss for lack of personal jurisdiction is an extremely fact-based determination that is best left to the discretion of the trial court. In making such a determination, trial courts, as a threshold issue, first should determine whether the plaintiff has set out sufficient facts to establish a colorable claim for personal jurisdiction. If the threshold of a colorable claim is met, trial courts then should consider the following non-exclusive factors to determine whether to grant jurisdictional discovery: (1) whether the plaintiff has shown that there is a likelihood that discovery will yield facts that will influence the personal jurisdiction determination; (2) whether the plaintiff has laid out with particularity the evidence sought by discovery; (3) whether the evidence sought is the type which would normally be in the exclusive control of the defendant; (4) whether the case is particularly complex; and (5) whether the plaintiff's interest in discovery outweighs | "Upon a defendant's motion to dismiss for lack of personal jurisdiction, does the plaintiff bear the burden of establishing that the trial court has personal jurisdiction over the defendant?" |
| 6855 | In re Enron Corp. Sec., Derivative & "ERISA" Litig., 511 F. Supp. 2d 742, 766 (S.D. Tex. 2005) | 12 | Under Connecticut practice, a party may only employ a motion to dismiss to question whether, on the face of the record, the court has jurisdiction over the suit; proper vehicle to challenge the legal sufficiency of a complaint under Connecticut law is a motion to strike. Conn.Practice Book 1998, S 10-39. | Unlike under Fed.R.Civ.P. 12(b)(6), under Connecticut practice a party may only employ a motion to dismiss to question whether, on the face of the record, the court has jurisdiction over the suit. Flanagan v. Commission on Human Rights and Opportunities, 54 Conn.App. 89, 93–94 & n. 5 733 A.2d 881, 885 & n. 5 (1999), cert. denied, 250 Conn. 925, 738 A.2d 656 (Conn.1999). The proper vehicle to challenge the legal sufficiency of a complaint under Connecticut law is a motion to strike. | Is motion to dismiss employed to test whether the court has jurisdiction over the suit on the face of the record? |
| 6857 | Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158, 164 (2017) | 18 | Upon motion or on its own initiative, a district court may impose sanctions for failure to obey a scheduling or pretrial order. Idaho R. Civ. P. 16(i) (2015). | "Upon motion or on its own initiative, the district court may impose sanctions for failure to obey a scheduling or pretrial order." | "Upon motion or on its own initiative, can a district court impose sanctions for failure to obey a scheduling or pretrial order?" |
| 6859 | Whitten v. Whitten, 956 So. 2d 1093, 1097 (Miss. App. 2007) | 6 | A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days to avoid dismissal of action. Rules Civ.Proc., Rule 4(h). | "A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days." | Must a plaintiff be diligent in serving process if he is to show good cause in failing to serve process within 120 days? |

| | | | | | |
|---|---|---|---|---|---|
| 6860 | Paragon Const. Co. v. Dep't of Pub. Works, 130 Conn. App. 211, 218 (2011) | 4 | In a lawsuit against the state, lack of a statutory waiver of sovereign immunity is a jurisdictional defect properly raised by a motion to dismiss. | "Lack of a statutory waiver of immunity is a jurisdictional defect properly raised by a motion to dismiss. | "In a lawsuit against the state, is lack of a statutory waiver of sovereign immunity a jurisdictional defect properly raised by a motion to dismiss?" |
| 6861 | Klemonski v. Univ. of Conn. Health Ctr., 141 Conn. App. 106, 108 (2013) | 1 | Doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction, is a ground for granting a motion to dismiss. | The doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction, is a ground for granting a motion to dismiss. | "Is the doctrine of sovereign immunity, which implicates the court's subject matter jurisdiction, a ground for granting a motion to dismiss?" |
| 6863 | Grant v. Espiritu, 470 S.W.3d 198, 202 (Tex. App. 2015) | 9 | If the plaintiff lacks standing to bring any of his claims, the court must dismiss the whole action for want of jurisdiction. | Similarly, if the plaintiff lacks standing to bring any of his claims, the court must dismiss the whole action for want of jurisdiction. | "If the plaintiff lacks standing to bring any of his claims, must the court dismiss the whole action for want of jurisdiction?" |
| 6864 | Old Home Enter. v. Fleming, 20 Neb. App. 705, 705–07 (2013) | 6 | Service of process effected more than 6 months after the petition was filed at a time when the action stood dismissed does not negate the dismissal required by statute. West's Neb.Rev.St. S 25-217. | Service of process effected more than 6 months after the petition was filed at a time when the action stood dismissed does not negate the dismissal pursuant to Neb.Rev.Stat. 25-217 (Reissue 2008). | Is service of process effected more than 6 months after the petition filed at a time when the action stood dismissed not negate the dismissal required by statute? |
| 6865 | Luxenberg v. Marshall, 835 S.W.2d 136, 141 (Tex. App. 1992) | 9 | Rules of Civil Procedure specifically authorize striking of pleadings as sanction for discovery abuse, and courts may impose similar sanctions for violations of pretrial orders. Vernon's Ann.Texas Rules Civ.Proc., Rule 215, subd. 2, par. b(5). | The Texas Rules of Civil Procedure specifically authorize the striking of pleadings as a sanction for discovery abuse. TEX.R.CIV.P. 215, subd. 2(b) (5). Courts may impose sanctions for violations of pre- trial orders. | Can sanctions include those enumerated in the rules of civil procedure for discovery violations? |
| 6868 | Beck v. McNeill,  782 S.W.2d 650, 652 (Mo. Ct. App. 1989) | 2 | Test for determining whether state may tax interstate commerce is whether the tax: has a substantial nexus with the state; is fairly apportioned; does not discriminate against interstate commerce; and is fairly related to the services provided by the state. U.S.C.A. Const. Art. 1, S 8, cl. 3. | The test for determining if a state may tax interstate commerce is whether the tax (1) has a substantial nexus with the state; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the state. | What is the test for determining whether the state may tax interstate commerce? |
| 6869 | State v. Wood, 187 So. 2d 820, 823 (Miss. 1966) | 3 | State and federal government have constitutional right and power as separate sovereigns to tax that which sovereignty has declared to be illegal. | Intrinsically it is obvious that the states and the federal government have the constitutional right and power as separate sovereigns to tax that which the sovereignty has declared to be illegal. | Do the state and federal government have constitutional right and power as separate sovereigns to tax that which sovereignty has declared to be illegal? |
| 6870 | Trumbo v. Crestline-Lake Arrowhead Water Agency, 58 Cal. Rptr. 538, 541 (Cal. App. 4th Dist. 1967) | 2 | A levy on all property, both real and personal, without regard to special benefits is a "tax;" but a levy made only upon land on basis of benefits received is a "special assessment" and not a tax. | A levy on all property, both real and personal, without regard to special benefits, is a tax; but a levy made only upon land on the basis of benefits received is a special assessment and not a tax. | Is a levy on all property both real and personal without regard to special benefits a tax? |

| 6871 | Sabatino v. LaSalle Bank, N.A., 96 S.W.3d 113, 116 (Mo. Ct. App. 2003) | 5 | In order for "title to be affected," so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy; it is not enough for the judgment to affect the title incidentally or collaterally. V.A.M.S. S 508.030. | In order for "title to be affected" so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy. It is not enough for the judgment to affect the title incidentally or collaterally. | "For the title to be affected, so as to predicate venue in the county where the land is located, is it required that the land is the subject of the controversy?" |
| 6872 | Interstate Scaffolding v. Illinois Workers' Comp. Comm'n, 236 Ill. 2d 132, 145 (2010) | 5 | Worker's compensation is a statutory remedy and the Workers' Compensation Commission, as an administrative agency, is without general or common law powers. S.H.A. 820 ILCS 305/1 et seq. | It is important to remember that workers' compensation is a statutory remedy and the Workers' Compensation Commission, as an administrative agency, is without general or common law powers. | "Is workers compensation a statutory remedy and is the workers compensation commission an administrative agency, without general or common law powers?" |
| 6873 | Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 884 (Tenn. 2005) | 14 | The workers' compensation system is purely a creature of statutory construct, with the rights and responsibilities of the parties being derived solely from the statutes themselves. | As previously noted, the workers' compensation system is purely a creature of statutory construct, with the rights and responsibilities of the parties being derived solely from the statutes themselves. | "Is the workers compensation system a creature of statutory construct, and where are the rights and responsibilities of the parties solely derived from?" |
| 6876 | United States v. Fisher, 442 F.2d 109, 114 (7th Cir. 1971) | 4 | Selective Service System has an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so. | In its brief, the Government concedes that the Selective Service System has an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so. | Does the Selective Service System have an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so? |
| 6877 | United States v. Hosmer, 310 F. Supp. 1166, 1171 (D. Me. 1970) | 6 | Selective Service System is under no affirmative obligation to provide registrant with free advice and assistance either in preparing questionnaires and forms for submission to local draft board or with respect to other matters relating to his liabilities under selective service law; only affirmative duty on Selective Service official is not to mislead, and to give clear and correct information when requested to do so. | It is settled in this Circuit, as elsewhere, that the Selective Service System is under no affirmative obligation to provide a registrant with 'free advice and assistance either in preparing questionnaires and forms for submission to his local draft board or with respect to other matters relating to his liabilities under the selective service law.' Steele v. United States, 240 F.2d 142, 145 (1st Cir. 1956); Palmer v. United States, supra, 401 F.2d at 228; United States v. Ruel, supra. The only affirmative duty of a Selective Service official is not to mislead, and to give clear and correct information and advice when requested to do so. | Does the Selective Service System have an affirmative duty not to mislead and to give clear and correct information and advice when requested to do so? |
| 6878 | NCNB Texas Nat. Bank, N.A. v. West, 631 So. 2d 212, 224 (Ala. 1993) | 7 | Under "rule of capture," gas that migrates from one property to another is subject to recovery and possession by holder of gas estate on property to which gas migrates. | Under the rule of capture, gas that migrates from one property to another is subject to recovery and possession by the holder of the gas estate on the property to which the gas migrates. | "Under the rule of capture, is gas that migrates from one property to another subject to recovery and possession by the holder of the gas estate on the property to which the gas migrates?" |

| 6879 | Abrons Family Practice & Urgent Care, PA v. N.C. Dep't of Health & Human Servs., 792 S.E.2d 528, 532 (N.C. Ct. App. 2016) | 3 | An action is properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies. N.C. Gen. Stat. Ann. S 150B-43; N.C. R. Civ. P. S 1A-1. | "An action is properly dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies." | Is an action properly dismissed for lack of subject matter jurisdiction where the plaintiff has failed to exhaust administrative remedies? |
| 6880 | Sudersan v. Royal, 386 N.J. Super. 246, 251, 900 A.2d 320, 323 (App. Div. 2005) | 4 | A residential landlord has the burden of proving good cause for eviction, and the failure to meet this burden is sufficient ground to warrant dismissal of a summary dispossess action, for lack of jurisdiction. N.J.S.A. 2A:18-61.1. | A landlord has the burden of proving "good cause," Vill. Bridge Apt's v. Mammucari, 239 N.J.Super. 235, 240, 570 A.2d 1301 (App.Div.1990), and the failure to meet this burden "is sufficient ground to warrant dismissal for lack of jurisdiction." | Does a landlord has the burden of proving good cause and does the landlords failure to meet the burden warrant dismissal for lack of jurisdiction? |
| 6884 | Subaru of Am. v. David McDavid Nissan, 84 S.W.3d 212, 221 (Tex. 2002) | 18 | If an agency has exclusive jurisdiction and a party must exhaust all administrative remedies before seeking judicial review, the trial court lacks subject matter jurisdiction and must dismiss the claims without prejudice. | Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. Cash Am., 35 S.W.3d at 15. Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review deprive the court of subject matter jurisdiction over claims within an agencys exclusive jurisdiction? |
| 6887 | Velocity Investments, LLC v. McCaffrey, 921 N.Y.S.2d 799, 803 (Dist. Ct. 2011) | 5 | Failure to mail summons and complaint to defendant within 20 days of affixing is jurisdictional defect mandating dismissal. | Failure to mail the summons and complaint to the defendant within 20 days of affixing is a jurisdictional defect mandating dismissal. | "Does the failure to mail summons and complaint to defendant within 20 days of affixing a jurisdictional defect, mandate dismissal?" |
| 6888 | Branscum v. Catherine, 2000-0354 (La. App. 4 Cir. 4/5/00), 759 So. 2d 234, 236 (2000) | 2 | Although a trial judge has great discretion in deciding whether to receive or refuse testimony objected to on the grounds of failure to abide by the pre-trial order, any doubt must be resolved in favor of receiving the information. | Although, a trial judge has great discretion in deciding whether to receive or refuse testimony objected to on the grounds of failure to abide by the pre-trial order, any doubt must be resolved in favor of receiving the information. | "Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party rights for the technical, is violation of a pretrial order not authorized?" |
| 6889 | Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo. Ct. App. 1999) | 4 | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812-813 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Will a case be moot and be dismissed when an event occurs that makes a court's decision unnecessary? |
| 6892 | Few v. Hammack Enterprises, 132 N.C. App. 291, 299, 511 S.E.2d 665, 671 (1999) | 11 | Striking a party's answer is a severe sanction which should be imposed only where the trial court has considered less severe sanctions and found them to be inappropriate. | We note that striking a party's answer is a severe sanction which should only be imposed where the trial court has considered less severe sanctions and found them to be inappropriate. | Is striking a party's answer a severe sanction which should be imposed only where the trial court has considered less severe sanctions and found them to be inappropriate? |

| 6893 | TeleVideo Sys. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987) | 2 | Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abuse of litigation practices. | Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices. | Do courts have inherent equitable powers to dismiss actions for abusive litigation practices? |
|------|------|------|------|------|------|
| 6895 | Mickens v. W. Prob. Det. Ctr., 244 Ga. App. 268, 269–70 (2000) | 2 | The Workers' Compensation Act constitutes a complete code of laws upon the subject, and the recoverability of workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. O.C.G.A. S 34-9-1 et seq. | The Workers' Compensation Act 1 constitutes a complete code of laws upon the subject, 2 and "[t]he recoverability of workers' compensation benefits is strictly a matter of statutory construction, because *270 there is no common law right to such benefits." | Why is the recovery of workers compensation benefits strictly a matter of statutory construction? |
| 6896 | Dunlap v. State Comp. Dir., 149 W. Va. 266, 270–71, 140 S.E.2d 448, 452 (1965) | 4 | Workmen's compensation claimant is entitled to receive benefits only in manner and to extent authorized by statute and director is without right or authority to pay or authorize payment of benefits except to extent that such right or authority is expressly conferred by statute. Code, 23-4-6. | It *271 is true, nevertheless, that a claimant is entitled to receive benefits only in the manner and to the extent authorized by statute; and the director is without right or authority to pay or authorize the payment of benefits except to the extent that such right or authority is expressly conferred by statute. | How does the workmens compensation statute control the benefits received by a claimant? |
| 6897 | Liskey v. Oppenheimer & Co., 717 F.2d 314, 317 (6th Cir. 1983) | 1 | "Doctrine of intertwining" is a judicially created exception to the application of the Arbitration Act which instructs that when arbitrable and nonarbitrable claims are sufficiently intertwined factually and legally, trial court should deny arbitration of arbitrable claims and try all the claims together in federal court. 9 U.S.C.A. S 1 et seq. | This doctrine is a judicially-created exception to the application of the Arbitration Act which instructs that when arbitrable and non-arbitrable claims are sufficiently intertwined factually and legally, a court should deny arbitration of the arbitrable claims and try all the claims together in federal court. | Is the doctrine of intertwining a judicially created exception to the application of the Arbitration Act? |
| 6898 | Am. Bankers Ins. Grp. v. Long, 453 F.3d 623, 627 (4th Cir. 2006) | 4 | In the arbitration context, a party may be equitably estopped from asserting that the lack of another's signature on a written contract precludes enforcement of the contract's arbitration clause when the party has consistently maintained that other provisions of the same contract should be enforced to benefit him. | "In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of [another's] signature on a written contract precludes enforcement of the contract's arbitration clause when [the party] has consistently maintained that other provisions of the same contract should be enforced to benefit him." | Does the doctrine of equitable estoppel recognize if there is a lack of signature on a written contract by the party? |
| 6899 | Corbridge v. Corbridge, 230 Ind. 201, 208, 102 N.E.2d 764, 767 (1952) | 10 | When a minor child enlists in the military service, he ceases to be a part of the father's family and puts himself under the control of the government and is consequently emancipated so long as such service continues. | "When a minor enlists in the military service of this country, he ceases to be a part of his father's family, and puts himself under the control of the government, and is consequently emancipated so long as this service continues. | "When a minor child enlists in the military service, is he consequently emancipated so long as such service continues?" |

| 6900 | United States v. Harstad, 487 F.2d 565, 567 (9th Cir. 1973) | 2 | A registrant cannot, by refusing to submit to induction, impose upon local board any new duties respecting reclassification or reopening. Military Selective Service Act, S 12(a), 50 U.S.C.A. App. S 462(a). | Classification functions of the local board cease with induction, and a registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassification. | Can a registrant who refuses to submit to induction impose upon a board any new duties respecting reclassification or reopening? |
| 6903 | Texaco v. Newton & Rosa Smith Charitable Tr., 471 So. 2d 877, 882 (La. Ct. App. 1985) | 7 | Conveyance of land carries with it all incidents of ownership, including mineral rights, except such rights as may be expressly reserved. | A conveyance of land carries with it all incidents of ownership, including mineral rights, except such rights as may be expressly reserved. | "Does a conveyance of land carry with it all incidents of ownership, including mineral rights, except such rights as may be expressly reserved?" |
| 6904 | Pullar v. Cappelli, 148 A.3d 551, 555 (R.I. 2016) | 7 | Defendant may move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer. R.I. Super. Ct. R. Civ. P. 12(b)(2). | Kuzenka, 843 A.2d 474, 478 (R.I. 2004), a defendant may move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer. See also Rule 12(b)(2); Collins v. | Must a defendant move to dismiss for lack of personal jurisdiction so long as the defendant previously raised that defense in an answer? |
| 6906 | Gray v. Bryant, 189 N.C. App. 527, 528 (2008) | 3 | In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion to dismiss for failure to state a claim; instead, a court looks with a far more forgiving eye in examining whether a claim rests on a meritless legal theory. | In determining whether a complaint is frivolous, the standard is not the same as in a ruling on a motion under Rule 12(b)(6). Instead, we look with a far more forgiving eye in examining whether a claim rests on a meritless legal theory. | What is the standard in determining whether a complaint is frivolous? |
| 6907 | Chisolm v. Crook, 272 Ala. 192, 194, 130 So. 2d 191, 193 (1961) | 3 | If case has become moot, or judgment would not accomplish an end recognized as sufficient in law, there is no necessity for judgment, and court will decline to consider merits and will dismiss case. | We have held that if a case has become moot, or the judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and dismiss the case. | Will court decline to consider merits and dismiss case when case has become moot? |
| 6910 | Metro Transp. Co. v. Pennsylvania Pub. Util. Comm'n, 128 Pa. Cmwlth. 223, 228 (1989) | 3 | Although case is apparently moot, dismissal is not an absolute, if the issue raised is of recurring nature, is of important public interest, or is capable of repeatedly avoiding review, case will not be dismissed. | Although a case is apparently moot, dismissal is not an absolute. If the issue raised is of a recurring nature, is of important public interest, or is capable of repeatedly avoiding review, the case will not be dismissed. | Is dismissal of a case absolute if the issue raised is of recurring nature? |
| 6911 | Carolina Marina & Yacht Club v. New Hanover Cty. Bd. of Comm'rs, 207 N.C. App. 250, 252 ( N.C. App. 2010) | 3 | If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | "If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action." | Should an action be dismissed if the issues before a court or administrative body become moot at any time during the course of the proceedings? |
| 6912 | DiGiovanni v. All-Pro Golf, 332 So. 2d 91, 93 (Fla. Dist. Ct. App. 1976) | 3 | Motion to dismiss as sham should be granted only upon convergence of two factors; absence of any genuine issues of material fact, and pleading good on surface but set up in bad faith. 31 West's F.S.A. Rules of Civil Procedure, rule 1.510(e). | First of all, a motion to dismiss as sham should be granted only upon the convergence of two factors: the absence of any genuine issues of material fact, and a pleading good on the surface but set up in bad faith. | On what factors should a motion to dismiss sham be granted? |

| 6913 | Cole v. Dep't of Corr., 726 So. 2d 854, 855 (Fla. Dist. Ct. App. 1999) | 2 | "Record activity," sufficient to defeat dismissal of case for lack of prosecution, is an act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Record activity sufficient to avoid dismissal is more than "a mere passive effort" to keep the suit on the court docket. It is "any act reflected in the court file ... designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. | Is record activity sufficient to defeat dismissal of a case? |
|---|---|---|---|---|---|
| 6918 | Cunha v. Anglo California Nat. Bank of San Francisco, 34 Cal. App. 2d 383, 390–91, 93 P.2d 572 (1939) | 7 | Court has inherent power, in absence of any statute to dismiss or perpetually stay groundless, vexatious, annoying, and harassing litigations. | There seems to be no doubt of the inherent power of the court, in the absence of any statute on the subject, to dismiss or *391 perpetually stay groundless, vexatious, and harassing litigations." | "Does court have power, in absence of any statute to dismiss or perpetually stay groundless, vexatious, and harassing litigations?" |
| 6919 | Hoag v. Amex Assurance Co.,, 953 A.2d 713, 716–17 (Del. 2008) | 2 | A court is vested with inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with its rules or orders. | A court is also vested with inherent authority to dismiss a plaintiff's action for failure to prosecute or comply *717 with its rules or orders. | Is a court vested with inherent authority to dismiss a plaintiff's action for failure to prosecute or comply with its rules or orders? |
| 6920 | Chacha v. Transp. USA, 78 So. 3d 727, 730 (Fla. Dist. Ct. App. 2012) | 1 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed "a fraud on the court which permeates the entire proceedings." | Can a trial court dismiss a plaintiff's entire case when the party perpetrates a fraud on the court which permeates the entire proceedings? |
| 6921 | Isaacs v. Am. Iron & Steel Co.,, 690 N.W.2d 373, 376 (Minn. Ct. App. 2004) | 3 | Issue generally may be dismissed as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief. | A matter may be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief. | Will an issue be dismissed as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief? |
| 6922 | Comm'r Of Prob. v. Adams, 65 Mass. App. Ct. 725, 732, 843 N.E.2d 1101, 1107 (2006) | 12 | The perpetuation of a fraud on the court amounts to a defiling of the court itself when law enforcement officials rely on inaccurate information produced by the court. | The perpetuation of a fraud amounts to a defiling of the court itself when law enforcement officials rely on inaccurate information produced by the court. | Does the perpetuation of a fraud on the court amount to a defiling of the court itself when law enforcement officials rely on inaccurate information produced by the court? |
| 6923 | Apostolis v. City of Seattle, 101 Wash. App. 300, 304, 3 P.3d 198, 200 (2000) | 6 | Dismissal of action is justified when a party acts in willful and deliberate disregard of reasonable and necessary court orders, the other party is prejudiced as a result, and the efficient administration of justice is impaired. CR 41(b). | Dismissal is justified when a party acts in willful and deliberate disregard of reasonable and necessary court orders, the other party is prejudiced as a result, and the efficient administration of justice is impaired. | "Is disregarding a trial court's order without reasonable excuse or justification deemed ""willful,"" for purposes of dismissing action as sanction for willful disregard of court order?" |
| 6924 | Ramey v. Haverty Furniture Companies, 993 So. 2d 1014, 1018 (Fla. Dist. Ct. App. 2008) | 5 | For the trial court to properly exercise its discretion regarding dismissal of a case for fraud on the court, it must have an evidentiary basis to make that decision. | For the trial court to properly exercise its discretion regarding dismissal of a case for fraud on the court, "it must have an evidentiary basis to make that decision." | "For the trial court to properly exercise its discretion to dismiss a claim for fraud on the court, should there be an evidentiary basis to dismiss the case?" |

| 6925 | Medina v. Fla. E. Coast Ry., L.L.C, 866 So. 2d 89, 90 (Fla. Dist. Ct. App. 2004) | 4 | Due to the severity of dismissal as a sanction for a plaintiff's perpetration of a fraud on the court, it should only be employed in extreme circumstances, and only after the plaintiff has been given fair notice and an opportunity to be heard. | However, due to the severity of dismissal as a sanction, it should only be employed in extreme circumstances, Cox, 706 So.2d at 46, and only after the plaintiff has been given fair notice and an opportunity to be heard. | Should a sanction for a plaintiff's perpetration of a fraud on the court be employed only after the plaintiff has been given fair notice and an opportunity to be heard? |
| 6927 | Gelb v. Miranda, 456 So. 2d 548, 549 (Fla. App. 1984) | 1 | If sufficient record activity occurs during one-year period preceding motion to dismiss for failure to prosecute, then motion should be denied. West's F.S.A. RCP Rule 1.420(e). | If sufficient record activity occurs during the one-year period preceding the motion to dismiss for failure to prosecute, then the motion should be denied. | "If sufficient record activity occurs during one-year period preceding motion to dismiss for failure to prosecute, should then the motion be denied?" |
| 6928 | Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co., 525 S.W.3d 252, 259–60 (Tenn. App. 2016) | 9 | For a motion to dismiss for failure to state a claim to be used as a vehicle to assert an affirmative defense, the applicability of the defense must clearly and unequivocally appear on the face of the complaint; in other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. Tenn. R. Civ. P. 12.02(6). | For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must "clearly and unequivocally appear[ ] on the face of the complaint." Givens v. Mullikin ex rel. Estate of McElwaney, 75 S.W.3d 383, 404 (Tenn. 2002) (quoting Anthony v. Tidwell, 560 S.W.2d 908, 909 (Tenn. 1977)). In other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. | Can the plaintiff's own allegations in the complaint show that an affirmative defense exists which legally defeats the claim for relief? |
| 6929 | Leatherwood v. United Parcel Serv.,708 S.W.2d 396, 399 (Tenn. Ct. App. 1985) | 1 | Benefits conferred by Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depends solely on statutory authority. T.C.A. S 50-6-101 et seq. | The benefits conferred by our Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depend solely upon statutory authority. T.C.A. 50-6-101 et seq. | Does statutory authority solely determine the circumstances under which workers compensation benefits are paid and the manner in which they are calculated? |
| 6930 | Patton v. Estate of Upchurch, 242 S.W.3d 781, 791 (Tenn. Ct. App. 2007) | 17 | Trial courts have the authority to dismiss a complaint sua sponte if such complaint fails to state a claim upon which relief may be granted, although such practice is not encouraged. Rules Civ.Proc., Rule 12.02(6). | However, Tennessee trial courts have the authority to dismiss a complaint sua sponte if such complaint fails to state a claim upon which relief may be granted, although such practice is not encouraged. | Does a trial court have authority to sua sponte dismiss a complaint with prejudice for failure to comply with orders of the court? |
| 6931 | Stephen Slesinger v. Walt Disney Co., 155 Cal. App. 4th 736, 763 (2007) | 7 | A court's exercise of inherent power to dismiss for misconduct need not be preceded by violation of a court order; the essential requirement is to calibrate the sanction to the wrong. | Finally, contrary to SSI's contention, a court's exercise of inherent power to dismiss for misconduct need not be preceded by violation of a court order. The essential requirement is to calibrate the sanction to the wrong. | Should a court's exercise of inherent power to dismiss for misconduct not be preceded by violation of a court order? |

| 6932 | S. Wine & Spirits of Illinois v. Steiner, 2014 IL App (1st) 123435, ¶¶ 11-14 | 1 | A motion to dismiss based on certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. S.H.A. 735 ILCS 5/2-619. | 14 A section 2-619 motion admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the **527 *1069 claim. | "Can a motion to dismiss based on certain defects or defenses, admit the legal sufficiency of the plaintiff's claim?" |
| 6933 | Avon Hardware Co. v. Ace Hardware Corp., 2013 IL App (1st) 130750, ¶ 13, 998 N.E.2d 1281, 1287 | 1 | An involuntary dismissal is proper where the plaintiff's claim against the defendant is barred by an affirmative matter which avoids the legal effect of or defeats the claim. S.H.A. 735 ILCS 5/2-619. | A dismissal under section 2-619 of the Code is proper where the plaintiff's claim against the defendant is barred by an affirmative matter which avoids the legal effect of or defeats the claim. | "Will a dismissal, where the plaintiff's claim against the defendant is barred by an affirmative matter which avoids the legal effect of or defeats the claim, be proper?" |
| 6935 | United States v. Jannotti, 673 F.2d 578, 601 (3d Cir. 1982) | 14 | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted to make. | As this court has previously held, it is neither material nor a defense to bribery that "had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make | "Is it a defense to bribery that, had there been no bribe, the public official might have lawfully performed the defendant's requested action anyway?" |
| 6936 | Brown v. Haight, 435 Pa. 12, 19, 255 A.2d 508, 512 (1969) | 4 | Coal and gas and oil leases are traditionally interpreted differently because of varied physical characteristics of minerals involved. | Coal and oil and gas leases are traditionally interpreted differently because of the varied physical characteristics of the minerals involved. | Are coal and oil and gas leases traditionally interpreted differently because of the varied physical characteristics of the minerals involved? |
| 6938 | Young v. Curgil, 358 So. 2d 58, 59 (Fla. 3d Dist. App. 1978) | 1 | Trial court has inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings; however, such power should be cautiously and sparingly exercised and only on the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. | The law is clear that a trial court has the inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings. Such a power is indispensible to the proper administration of justice because no litigant has a right to trifle with the courts. It is a power, however, which should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. | Does court have the authority to dismiss actions based on fraud and collusion and to strike sham pleadings? |
| 6939 | In re Est. of Zivin, 2015 IL App (1st) 150606, ¶ 13, 46 N.E.3d 902, 908 | 8 | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts affirmative defenses or other matters that avoid or defeat the claim. S.H.A. 735 ILCS 5/2-619. | A section 2–619 motion to dismiss admits the legal sufficiency of the plaintiff's claim but asserts affirmative defenses or other matters that avoid or defeat the claim. | Will a motion to dismiss assert an affirmative defense or other matter that avoids or defeats the claim? |
| 6943 | Trzop v. Hudson, 2015 IL App (1st) 150419, ¶ 63, 43 N.E.3d 178, 187 | 2 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | 63 "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of the complaint? |

| 6944 | Cartee v. Community Spirit Bank, 214 So. 3d 362, 366 (Ala. Civ. App. 2015) | 5 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. "Willful" is used in contradistinction to accidental or involuntary noncompliance. | "Is ""willful default"" or conduct a conscious or intentional failure to act, and is it used in contradistinction to accidental or involuntary noncompliance?" |
| 6945 | Sutton v. Smith, 603 So. 2d 693, 697–98 (Fla. Dist. Ct. App. 1992) | 2 | Defendant may challenge legal sufficiency of jurisdictional allegations of complaint or raise contention of lack of minimum contacts by filing motion to dismiss, but must support his position by affidavit; burden then shifts to plaintiff to show, by affidavit, basis upon which jurisdiction may be obtained; plaintiff may satisfy requirement by initially filing sworn complaint, provided allegations of complaint fairly meet contentions of defendant; if essential facts stated in the affidavits are not conflicting, trial court can resolve jurisdictional issue on basis of affidavits; however, if the essential facts are shown to be in direct conflict, trial court must hold an evidentiary hearing to resolve all disputed facts essential to determining jurisdictional issue. | The defendant may challenge the legal sufficiency of the allegations of the complaint or raise the contention of a lack of minimum contacts by filing a motion to dismiss, but must support his position by affidavit. The burden then shifts to the plaintiff to show, by affidavit, the basis upon which jurisdiction may be obtained. Plaintiff may satisfy this requirement by initially filing a sworn complaint as in this case, provided the allegations of the complaint fairly meet the contentions *698 of the defendant. If the essential facts stated in the affidavits are not conflicting, the trial court can resolve the legal issue on the basis of the affidavits. However, if the essential facts are shown to be in direct conflict, the trial court must hold an evidentiary hearing to resolve all disputed facts essential to determining the jurisdictional issue. | Can the defendant challenge the legal sufficiency of the complaint? |
| 6946 | Andrews v. Marriott Int'l, 61 N.E.3d 1105, 1113 (Ill. App. 1st Dist. 2016) | 2 | The purpose of a motion for involuntary dismissal based upon certain defects or defenses is to dispose of issues of law and easily proved issues of fact at the outset of litigation and is similar to a summary judgment motion because it essentially amounts to a summary judgment procedure. S.H.A. 735 ILCS 5/2-619. | "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation" (Van Meter v. Darien Park District, 207 Ill.2d 359, 367, 278 Ill.Dec. 555, 799 N.E.2d 273 (2003)) and is "similar to a summary judgment motion because [it] ' * * * essentially amounts to a summary judgment procedure.' " Peterson v. | What is the purpose of a motion to dismiss based on certain defects or defenses? |

| 6947 | Sel. Ins. Co. of S.C. v. Cherrytree Companies, Inc., 998 N.E.2d 701, 705 (Ill. App. 3d Dist. 2013) | 1 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint it attacks and asserts a defense that allegedly defeats the complaint's allegations. S.H.A. 735 ILCS 5/2-619. | A motion to dismiss brought pursuant to section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619 (West 2012)) admits the legal sufficiency of the complaint it attacks and asserts a defense that allegedly defeats the complaint's allegations. | "Can the legal sufficiency of the complaint be admitted under the ""involuntary dismissal based upon certain defects or defenses"" statute?" |
| 6948 | Norflor Const. Corp. v. City of Gainesville, 512 So. 2d 266, 267 (Fla. Dist. Ct. App. 1987) | 1 | Activity of record of any party is sufficient to prevent dismissal of action for failure to prosecute if activity is more than a mere passive effort and is an affirmative act directed toward disposition of case. West's F.S.A. RCP Rule 1.420(e). | "Activity of record of any party is sufficient if it is more than 'a mere passive effort' and is an affirmative act directed toward disposition of the case." | Is the activity of record of any party sufficient to prevent dismissal of action for failure to prosecute? |
| 6949 | Dempsey v. Johnson, 2016 IL App (1st) 153377, ¶¶ 53-54, 69 N.E.3d 236, 254 | 42 | A motion to dismiss based upon defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion admits the legal sufficiency of the plaintiff's claim but asserts certain defects or defenses outside the pleadings which defeat the claim. | Will a motion to dismiss based upon defects or defenses admit the legal sufficiency of the plaintiff's claim? |
| 6951 | State v. Huggins, 103 Idaho 422, 425 (Ct. App. 1982) | 3 | Crime of assault with intent to commit rape is lesser included offense of rape and, in prosecuting such an assault, state must prove all elements of rape except penetration. I.C. S 18-907. | In Idaho, the crime of "assault with intent to commit rape" (I.C. s 18-907) is a lesser included offense of rape and, in prosecuting such an assault, the state must prove all elements of rape except penetration. | Is assault with intent to commit rape a lesser included offense of rape? |
| 6954 | Lee v. Muller, 200 Ga. App. 139, 140 (1991) | 1 | Transfer of negotiable instrument without indorsement is assignment, and although UCC does not prohibit transfer of commercial paper without indorsement, assignee takes subject to any defense which could be raised against makers. | A transfer without an indorsement is an assignment, and, although the UCC does not prohibit the transfer of commercial paper without an indorsement, the assignee takes subject to any defense which could be raised against the maker. | Can an assignee take an assignment subject to any defense that could be raised against the maker or payee? |
| 6956 | McEneny v. Gerlach, 142 S.W.2d 1095, 1098 (Mo. App. 1940) | 3 | In cases of the loss of the right to a public road, resulting from abandonment or vacation by the public, the result accrues from the acts and doings of those entitled to the highway, and not from the adversary or hostile possession of others. Mo.St.Ann. S 7839, p. 6738. | 590, 591, "In cases of the loss of the right to a public road, resulting from abandonment or vacation by the public, the result accrues from the acts and doings of the parties entitled to the highway, and not from the adversary or hostile possession of others. | Does loss of right to a public road result from hostile possession? |
| 6960 | Rogers v. Quiktrip Corp., 230 P.3d 853, 856 (Okla. 2010) | 2 | Purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim. | 7 The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim. | Is the purpose of a motion to dismiss to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim? |
| 6961 | Park Ctr. Condo. Council v. Epps, 723 A.2d 1195, 1198 (Del. Super. Ct. 1998) | 6 | Avoiding dismissal for want of prosecution requires more significant action than taking steps to delay or prevent trial. Superior Court Civil Rule 41. | Avoiding dismissal for "want of prosecution" requires more significant action than taking steps to delay or prevent trial. | Does avoiding dismissal for want of prosecution require more significant action than taking steps to delay or prevent trial? |

| | | | | | |
|---|---|---|---|---|---|
| 6965 | Christenbury Eye Ctr., P.A. v. Medflow, 802 S.E.2d 888, 891 (N.C. 2017) | 2 | When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, dismissal is proper. N.C. R. Civ. P. 12(b)(6). | When the complaint on its face reveals that no law supports the claim ... or discloses facts that necessarily defeat the claim, dismissal is proper. | "When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, is dismissal proper?" |
| 6967 | Geigy Chem. Corp. v. Zuckerman, 106 R.I. 534, 541 (1970) | 5 | Workmen's compensation act was intended to impose upon employer burden of taking care of casualties occurring in his employment, thus preventing injured employee from becoming public charge, but compensation payments were never intended to provide general health and accident insurance or to afford full compensation for injuries suffered from one's employment. Gen.Laws 1956, S 28-33-1 et seq. | The Compensation Act was intended to impose upon the employer the burden of taking care of the casualties occurring in his employment, thus preventing the injured employee from becoming a public charge. Workmen's compensation payments were never intended to provide general health and accident insurance or to afford full compensation for injuries suffered from one's employment. | What did workmens compensation intend to do? |
| 6968 | Umbreit v. Quality Tool, 302 Minn. 376, 378–79, 225 N.W.2d 10, 12 (1975) | 1 | While Workmen's Compensation Act is remedial and humanitarian in purpose and is to be given liberal interpretation in favor of employees, rights and benefits granted rest solely upon and are limited by statutes creating them. M.S.A. S 176.011 et seq. | While it is true that the Workmen's Compensation Act is remedial and humanitarian in purpose and is to be given a liberal interpretation in favor of employees, it is also true that the *379 rights and benefits granted rest solely upon, and are limited by, the statutes creating them. | What is humanitarian about the Workmens Compensation Act? |
| 6969 | Cromwell v. Sac Cty., 96 U.S. 51, 60, 24 L. Ed. 681 (1877) | 9 | A purchaser of a negotiable security before maturity who is not personally chargeable with fraud may recover its full amount against its maker though he may have paid less than its par value, whatever may have been its original infirmity. | But, independently of the fact of such full payment, we are of opinion that a purchaser of a negotiable security before maturity, in cases where he is not personally chargeable with fraud, is entitled to recover its full amount against its maker, though he may have paid less than its par value, whatever may have been its original infirmity. | Can a purchaser of a bond or note recover the full amount due? |
| 6970 | Knoll v. Bd. of Regents of Univ. of Nebraska, 258 Neb. 1, 10 (1999) | 18 | State university owes a landowner-invitee duty to students to take reasonable steps to protect against foreseeable acts of hazing, including student abduction on the university's property, and the harm that naturally flows therefrom. | As such, we conclude the University owes a landowner-invitee duty to students to take reasonable steps to protect against foreseeable acts of hazing, including student abduction on the University's property, and the harm that naturally flows therefrom. | Does a University a has duty to protect students from hazing? |
| 6971 | Bilbrey v. Smithers, 937 S.W.2d 803, 808–09 (Tenn. 1996) | 7 | When one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title, and privies of grantor or grantee are estopped to same extent as original parties to deed. | "Where one recognizes another's title or is instrumental in another's acquiring title he is estopped to afterwards deny that title." Spicer v. Kimes, 25 Tenn.App. 247, 156 S.W.2d 334, 337 (1941). "The privies of a grantor or grantee are estopped to the same extent as the original parties to the deed." | Are the privies of a grantor or grantee estopped to the same extent as the original parties to the deed? |

| 6974 | JPMorgan Chase Bank, 2014 IL App (1st) 121111, ¶ 31 (2014) | 8 | A motion to dismiss affirmative defenses based on the pleadings admits all well-pleaded facts constituting the defenses and attacks only the legal sufficiency of those facts. S.H.A. 735 ILCS 5/2-615. | As with all section 2-615 motions, a section 2-615 motion to dismiss affirmative defenses admits all well-pleaded facts constituting the defenses and attacks only the legal sufficiency of those facts. | Does a motion to dismiss pursuant to section 2615 have affirmative defenses based on the pleadings admit all well-pleaded facts constituting the defenses and attacks only the legal sufficiency of those facts? |
|---|---|---|---|---|---|
| 6975 | Lin v. Cnty. of Sullivan, 953 N.Y.S.2d 359, 360 (N.Y. App. Div. 3d Dept. 2012) | 1 | When ruling on a motion to dismiss for failure to state a cause of action, the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | When ruling on a motion to dismiss pursuant to CPLR 3211(a)(7), it is well settled that "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]; see Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]). | "When ruling on a motion to dismiss for failure to state a cause of action, is the criterion whether the proponent of the pleading has a cause of action?" |
| 6976 | Arsenault v. Bhattacharya, 89 Mass. App. Ct. 804, 809, 55 N.E.3d 972, 977 (2016) | 2 | To survive a motion to dismiss, the facts alleged and the reasonable inferences drawn therefrom must plausibly suggest an entitlement to relief. | "To survive a motion to dismiss, the facts alleged and the reasonable inferences drawn therefrom must 'plausibly suggest ... an entitlement to relief.' | "To survive a motion to dismiss, the facts alleged must plausibly suggest, not merely be consistent with, an entitlement to relief?" |
| 6977 | Walker v. Gowen Stores LLC, 745 S.E.2d 287, 288–89 (Ga. App. 2013) | 2 | A complaint need not set forth a cause of action in order to withstand a motion to dismiss but need only set forth a claim for relief; in fact, a plaintiff may sue on one theory and recover on another so long as the complaint adequately states a claim for relief. West's Ga.Code Ann. S 9-11-12(b)(6). | "[A] complaint need not set forth a cause of action in order to withstand a motion to dismiss but need only to set forth a claim for relief." Koehler v. Massell, 229 Ga. 359, 361(1), 191 S.E.2d 830 (1972). In fact, a plaintiff may sue on one theory and recover on another so long as the complaint adequately states a claim for relief. | Should a complaint not set forth a cause of action in order to withstand a motion to dismiss but need only set forth a claim for relief? |
| 6978 | Moses v. Dirghangi, 430 S.W.3d 371, 376 (Tenn. Ct. App. 2013) | 9 | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted seeks only to determine whether the pleadings state a claim upon which relief can be granted, and challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. Rules Civ.Proc., Rule 12.02(6). | In short, a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. | Does a motion to dismiss a complaint for failure to state a claim upon which relief can be granted test the legal sufficiency of the complaint? |
| 6980 | E. E. Rivet & Sons v. Durand, 53 R.I. 48, 163 A. 476, 476–77 (1932) | 3 | When marginal notation, which does not purport to be collateral agreement, but only restatement of amount or date of note, conflicts with terms in main body thereof, notation will be disregarded as not part of note. | When a marginal notation, which does not purport to be a collateral agreement but only a restatement of the amount or date of the note, is in conflict with the terms in the main body thereof, it will be disregarded as *477 being not a part of the note. | Will marginal notation be regarded as part of a note if it conflicts with the terms of its main body? |

| 6982 | Graham v. Frazier, 82 Ga. App. 185, 185 (1950) | 8 | Uniform Warehouse Receipt Act does not require that assignment of a negotiable warehouseman's receipt, in order to pass the title thereto, and to the property pledged, shall be written upon or attached to the receipt itself, but same may be by separate written transfer and assignment, and such a transfer and assignment passes title to property described in receipt to transferee. | The Uniform Warehouse Receipt Act does not require that an assignment of a negotiable warehouseman's receipt, in order to pass the title thereto and to the property pledged, shall be written upon or attached to the receipt itself, but same may be by a separate written transfer and assignment. Such a transfer and assignment is effective to pass the title to the property described in the receipt to the transferee. | Can the title to a note be transferred by a separate writing? |
| 6984 | Cartee v. Community Spirit Bank, 214 So. 3d 362, 366 (Ala. Civ. App. 2015) | 5 | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Willful default or conduct is a conscious or intentional failure to act. "Willful" is used in contradistinction to accidental or involuntary noncompliance. | "Can action be dismissed when there is a clear record of delay, wilful default or contumacious conduct of the plaintiff?" |
| 6985 | New Bar Partnership v. Martin, 729 S.E.2d 675, 680 (2012) | 4 | If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6). | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim[,] it will be dismissed. | Will a complaint be dismissed if it pleads facts which deny the right to any relief on the alleged claim? |
| 6986 | Wasson v. McClintock, 703 A.2d 726, 727 (Pa. Commw. Ct. 1997) | 1 | When party files petition for judgment of non pros, that party is seeking equitable relief which is based on equitable doctrine of laches. | When a party files a petition for a judgment of non pros, that party is seeking equitable relief which is based on the equitable doctrine of laches. | "Is a party seeking equitable relief which is based on equitable doctrine of laches, when party files petition for judgment of non pros?" |

| 6987 | A.F. Lusi Const., Inc. v. Rhode Island Conv. Ctr. Auth., 934 A.2d 791, 795 (R.I. 2007) | 2 | The sole function of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint; to carry out this function, the court examines the complaint to determine if plaintiffs are entitled to relief under any conceivable set of facts. Superior Court Rules Civ.Proc., Rule 12(b)(6). | "The 'sole function of a motion to dismiss' pursuant to Rule 12(b) (6) is 'to test the sufficiency of the complaint.' " McKenna, 874 A.2d at 225 (quoting Rhode Island Affiliate, ACLU, Inc. v. Bernasconi, 557 A.2d 1232, 1232 (R.I.1989)). To carry out this function, we "examine the complaint to determine if plaintiffs are entitled to relief under any conceivable set of facts." | "Is the sole function of a motion to dismiss, to test the sufficiency of the complaint?" |
| 6988 | Nauru Phosphate Royalties v. Drago Daic Interests, 138 F.3d 160, 167 (5th Cir. 1998) | 11 | Entity's attempt to enforce agreement that contains arbitration clause provides clear and unmistakable evidence that entity regards itself bound by arbitration clause. | An entity's attempt to enforce an agreement that contains an arbitration clause provides clear and unmistakable evidence that the entity regards itself bound by the arbitration clause. | Does an entity's attempt to enforce an agreement that contains an arbitration clause provide evidence that the entity regards itself bound by the arbitration clause? |
| 6989 | Kwalick v. Bosacco, 329 Pa.Super. 235, 238 (Pa.Super. 1984) | 2 | Mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration. | Moreover, the mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration. | Does the filing of a complaint or answer without prejudice to the objecting party justify a finding of waiver? |
| 6992 | Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 875–76 (6th Cir. 2006) | 4 | When the Truth in Lending Act (TILA) permits borrowers to rescind the transaction, it permits them not only to remove the security interest on their home but also to recover certain fees incurred in the transaction. Truth in Lending Act, S 125(a, b), 15 U.S.C.A. S 1635(a, b). | And when the Act permits borrowers to rescind "the transaction," 15 U.S.C. 1635(a), it permits them not only to remove the security interest on their home but also to recover certain fees incurred in the transaction, id. 1635(b). | Can the borrower remove a security interest and recover certain fees or charges when rescinding a transaction? |
| 6993 | Perlmutter v. Four Star Dev. Assocs., 38 A.D.3d 1139, 1141, 833 N.Y.S.2d 679, 681 (2007) | 4 | Six-year limitation period on life of unused public easement for highway does not apply where town has not acquired fee to land in question. McKinney's Highway Law S 205(1). | Section 205(1) sets forth a six-year limitation on the life of an unused public easement; it does not apply where, as here, a town has acquired a fee to the land in question. | Does a limitation on the life of an unused public easement apply where a town has acquired a fee to the land in question? |
| 6995 | U.S. v. Peralta-Sanchez, 847 F.3d 1124, 1131-32 (9th Cir. 2017) | 5 | Aliens who attempt to enter at an official port-of-entry and are detained by immigration officials have not "entered" the United States, and thus the Due Process Clause does not apply to those aliens, even if they may be physically present in United States territory, because they have not crossed the border free from official restraint; this is sometimes referred to as the "entry fiction." U.S. Const. Amend. 5. | In contrast, aliens who attempt to enter at an official port-of-entry and are detained by immigration officials have not "entered" the United States, even if they may be physically present in U.S. territory, because they have not crossed the border "free from official restraint." This is sometimes referred to as the "entry fiction." | Can a detained alien be deemed to have entered the United States? |

| 6996 | U.S. v. Peralta-Sanchez, 847 F.3d 1124, 1131–32 (9th Cir.) | 5 | Aliens who attempt to enter at an official port-of-entry and are detained by immigration officials have not "entered" the United States, and thus the Due Process Clause does not apply to those aliens, even if they may be physically present in United States territory, because they have not crossed the border free from official restraint; this is sometimes referred to as the "entry fiction." U.S. Const. Amend. 5. | In contrast, aliens who attempt to enter at an official port-of-entry and are detained by immigration officials have not "entered" the United States, even if they may be physically present in U.S. territory, because they have not crossed the border "free from official restraint." This is sometimes referred to as the "entry fiction." | Can an alien be present in the United States yet be deemed not to have entered? |
| --- | --- | --- | --- | --- | --- |
| 6997 | Deutsche Bank Nat. Tr. Co. v. Monica, 131 A.D.3d 737, 739, 15 N.Y.S.3d 863, 866 (2015) | 7 | Where a plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff, such party is a holder of the note and entitled to enforce the instrument. | "[W]here [a] plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff," such party is a holder of the note and entitled to enforce the instrument | Is a holder of the note that contains an indorsement in blank entitled to enforce it? |
| 6999 | Rendler v. Corus Bank, 272 F.3d 992, 996 (7th Cir. 2001) | 2 | Truth in Lending Act (TILA) is a disclosure statute; it does not substantively regulate consumer credit but, rather, requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Unlike Hauk's state law claims, TILA is only a "disclosure statute" and "does not substantively regulate consumer credit but rather 'requires disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction.' " | Does TILA require the disclosure of certain terms and conditions of credit before consummation of a consumer credit transaction? |
| 7001 | Vogel v. Liberty Mut. Ins. Co., 214 Wis. 2d 443, 447, 571 N.W.2d 704, 706 (Ct. App. 1997) | 3 | On motion to dismiss, facts pled are taken as true and inferences from pleadings are construed in favor of party against whom motion is brought. | On a motion to dismiss, the facts pled are taken as true and inferences from the pleadings are construed in favor of the party against whom the motion is brought. | "On motion to dismiss, are facts pled taken as true and inferences from pleadings are construed in favor of a party against whom motion is brought?" |
| 7002 | Munjoy Sporting & Athletic Club v. Dow, 755 A.2d 531, 539 (Me. 2000) | 19 | Immunities and other affirmative defenses may be raised by a motion to dismiss, if facts giving rise to the defense appear on face of complaint. | Contrary to Munjoy's contentions, immunities and other affirmative defenses "may be raised by a motion to dismiss if facts giving rise to the defense appear on the face of the complaint." | Will immunities be raised by a motion to dismiss if facts giving rise to the defense appear on face of complaint? |
| 7003 | Shulver v. Slocum, 566 So. 2d 1089, 1091 (La. Ct. App. 1990) | 4 | Law favors and justice requires that action be maintained whenever possible so that aggrieved party has had his day in court to which he is entitled. | The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has had his day in court to which he is entitled. | Does justice require that action be maintained whenever possible so that aggrieved party has had his day in court to which he is entitled? |
| 7004 | Barthelmues v. Ives, 194 Misc. 13, 14, 85 N.Y.S.2d 35, 36 (City Ct. 1948) | 2 | The omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof aliunde that it was duly administered by a proper officer within the jurisdiction. | It has been long since held that the omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof aliunde that it was duly administered by a proper officer within the jurisdiction | Does omission of a venue or the statement of an improper venue in an affidavit render it null? |

| 7005 | DeRouin v. Hinphy, 209 So. 2d 352, 354 (La. Ct. App. 1968) | 2 | A "non-negotiable note" is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed determinable future time, a sum certain in money. LSA-R.S. 7:126. | 7:184 all of the elements indicating negotiability we may define a non-negotiable promissory note as being: '* * * an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed determinable future time, a sum certain in money * * *' | What is a non-negotiable note? |
|---|---|---|---|---|---|
| 7007 | Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525, 17 N.E. 118, 120–21 (1888) | 9 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses. *121 There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. | "Will an object in the highway, in violation of statute make the owner liable for the damages ?" |
| 7009 | Etiwan Fertilizer Co. v. Johns, 202 S.C. 29, 24 S.E.2d 74, 76 (1943) | 2 | A "sham answer", which may be stricken, is one good in form, but false in fact, and not pleaded in good faith, being a mere pretense, set up in bad faith and without color of fact. Code 1942, S 470. | A sham answer is one good in form, but false in fact, and not pleaded in good faith; being a mere pretense, set up in bad faith and without color of fact. Bliss, Code | "Is a sham answer one good in form, but false in fact, and not pleaded in good faith?" |
| 7011 | Gordon v. Purdue Univ., 862 N.E.2d 1244, 1250 (Ind. App. 2007) | 5 | When reviewing grant of motion to dismiss for failure to state a claim, appellate courts do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. Trial Procedure Rule 12(B)(6). | The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim under Ind. Trial Rule 12(B)(6) is de novo. Sims v. Beamer, 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. | Does resolving a motion to dismiss for failure to state a claim involve only a question of law? |
| 7014 | Kaplan v. New York City Dep't of Health & Mental Hygiene, 142 A.D.3d 1050, 1051, 38 N.Y.S.3d 563, 565–66 (2016) | 4 | Whether a pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss. McKinney's CPLR 3211(a)(7). | "Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre- **566 discovery motion to dismiss" | Whether a pleading will later survive a motion for summary judgment not relevant on a pre-discovery motion to dismiss? |
| 7017 | Conlen Grain & Mercantile v. Texas Grain Sorghum Producers Bd., 519 S.W.2d 620, 623 (Tex. 1975) | 3 | "Tax" is burden or charge imposed by legislative power of state upon persons or property to raise money for public purposes. Vernon's Ann.Civ.St. art. 55c. | A tax is a burden or charge imposed by the legislative power of the state upon persons or property to raise money for public purposes. | Is a tax a burden imposed upon persons or property to raise money for public purposes? |

| 7018 | United States v. 716 Cases, More or Less, etc., Del Comida Brand Tomatoes, 79 F.2d 174, 176 (10th Cir. 1950) | 2 | Food, Drug and Cosmetic Act was not intended to be confined to misbranding, and the addition of adulterated substances deleterious to health of consumers, but provides for protection to consumer from economic adulteration by which less expensive ingredients are substituted or the proportion of more expensive ingredients are diminished so as to make the commonly identified article inferior to that which the consumer would expect to receive when purchasing it, although not in itself deleterious. Federal Food, Drug and Cosmetic Act, S 402(b)(2), 21 U.S.C.A. S 342(b)(2). | The Act was not intended to be confined to misbranding and the addition of adulterated substances deleterious to the health of consumers. It provides protection to the consumer from 'economic adulteration' by which less expensive ingredients are substituted, or the proportion of more expensive ingredients are diminished so as to make the commonly identified article inferior to that which the consumer would expect to receive when purchasing it, although not in itself deleterious. | When is a product said to be economically adulterated? |
| --- | --- | --- | --- | --- | --- |
| 7019 | F.D.I.C. v. Wrapwell Corp., 922 F. Supp. 913, 924 (S.D.N.Y. 1996) | 16 | Although summary judgment is generally appropriate in context of action on promissory note, it is not appropriate where dispute about crucial facts underlying defendant's sole remaining defense to suit exists. | Although summary judgment is generally appropriate in the context of an action on a promissory note, it is not appropriate where a dispute such as this exists. | Is summary judgment appropriate based on the evidence of the promissory note? |
| 7020 | Educ. Res. Inst., Inc. v. Soren, 85 A.D.3d 848, 849, 925 N.Y.S.2d 611, 612 (2011) | 1 | Under Ohio law, the right to enforce a note cannot be assigned but instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code (UCC), and an attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note. Ohio R.C. S 1303.21(B). | "Under Ohio law, the right to enforce a note cannot be assigned but instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code. An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note" | Does the assignment of a note create a claim to ownership? |
| 7022 | Bilnoski v. Pizza Inn, 858 S.W.2d 55, 57 (Tex. App. 1993) | 1 | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or at trial, (2) when the case has not been disposed of within the supreme court's guidelines, and (3) when a case has not been prosecuted with due diligence. City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App.-Houston [1st Dist.] 1992, no writ). The trial court's authority to dismiss is derived both from TEX.R.CIV.P. 165 and its own inherent powers. | Can a court dismiss a case for want of prosecution when the case has not been prosecuted with due diligence? |
| 7023 | Russell v. SNFA, 2013 IL 113909, ¶¶ 28-29 (2013) | 3 | Any conflicts in the pleadings and affidavits regarding personal jurisdiction over a nonresident defendant must be resolved in the plaintiff's favor; but, the defendant may overcome plaintiff's prima facie case for jurisdiction by offering uncontradicted evidence that defeats jurisdiction. | Any conflicts in the pleadings and affidavits must be resolved in the plaintiff's favor, but the defendant may overcome plaintiff's prima facie case for jurisdiction by offering uncontradicted evidence that defeats jurisdiction. | Should any conflicts in the pleadings and affidavits be resolved in the plaintiff's favor? |

| 7025 | Long v. Cochran, 247 Ga. 483, 483 (1981) | 1 | Dismissal for want of prosecution based upon non-appearance of plaintiff is not warranted where plaintiff's counsel is present in his client's stead. | A dismissal for want of prosecution based upon the non-appearance of the plaintiff is not warranted where plaintiff's counsel is present in his client's stead. | Is dismissal for want of prosecution based upon non-appearance of the plaintiff warranted where plaintiffs counsel is present in his clients stead? |
|------|------|------|------|------|------|
| 7026 | Geraty v. Carbona Prod. Co., 16 Ill. App. 3d 702, 705 (1973) | 1 | Dismissal of valid cause of action is error unless plaintiff has been guilty of inexcusable delay in prosecuting the suit. | A dismissal of a valid cause of action is error unless plaintiff has been guilty of inexcusable delay in prosecuting the suit. | Is dismissal of a valid cause of action error unless the plaintiff has been guilty of inexcusable delay in prosecuting the suit? |
| 7028 | Standard Builders Supplies v. Gush, 206 A.D.2d 720, 721, 614 N.Y.S.2d 632, 634 (1994) | 2 | Agency relationship established by conduct may create agency of apparent authority, established by words or conduct of principal communicated to third party, if it gives rise to apparent and reasonable basis by third party that agency has been created and agent possesses authority to enter into transaction. | Further, an agency relationship established by conduct may create an agency of apparent authority, established by words or conduct of a principal communicated to a third party, if it gives rise to an apparent and reasonable basis by the third party that an agency has been created and the agent possesses the authority to enter into a transaction | How is an agency relationship established? |
| 7029 | Matter of Sutton Investments, 6 N.C. App. 654, 659 (1980) | 4 | Where note and deed of trust are executed simultaneously and each contains references to the other, the documents are to be considered as one instrument and are to be read and construed as such to determine intent of parties. | Thus, where a note and a deed of trust are executed simultaneously and each contains references to the other, the documents are to be considered as one instrument and are to be read and construed as such to determine the intent of the parties. | "When a note is executed and secured by a deed of trust, is the documents read and construed together as one contract?" |
| 7030 | Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601, 603 (S.D.N.Y. 1995) | 2 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Lender liability is predicated on an unmistakable showing that the subservient corporation in reality has no separate, independent existence of its own and was being used to further the purposes of the dominant corporation. | Is lender liability predicated on an unmistakable showing that subservient corporation in reality has no separate existence of its own? |
| 7031 | Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601, 603 (S.D.N.Y. 1995) | 2 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Lender liability is predicated on an unmistakable showing that the subservient corporation in reality has no separate, independent existence of its own and was being used to further the purposes of the dominant corporation. | Is lender liability predicated on an unmistakable showing that subservient corporation in reality has no independent existence of its own? |
| 7037 | Lindley v. McKnight, 349 S.W.3d 113, 131 (Tex. App. 2011) | 25 | "Quasi-estoppel" is an affirmative defense that precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. | Quasi-estoppel is an affirmative defense that precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. | Is quasi-estoppel an affirmative defense that precludes a party from asserting a right inconsistent with a position previously taken? |

| 7038 | Thorson v. W. Dev. Corp., 251 Cal. App. 2d 206, 213, 59 Cal. Rptr. 299, 303 (Ct. App. 1967) | 6 | Allegation contained in body of complaint may not cure defect in prayer of complaint and jurisdiction of court to enter default judgment must be resolved solely by reference to that prayer. | Thus the allegation contained in the body of their complaint may not cure a defect in the prayer (demand) of the complaint, and the jurisdiction of the trial court to enter the default judgment must be resolved solely by reference to that prayer. | Does the allegation contained in the body of a complaint cure a defect in the prayer? |
|---|---|---|---|---|---|
| 7040 | Parlen v. Golden State Sanwa Bank, 194 Cal. App. 3d 906, 915, 240 Cal. Rptr. 73, 77 (Ct. App. 1987) | 2 | Whether formal discovery has been conducted is but one important factor in totality of circumstances to be considered in deciding whether to dismiss for delay in prosecution. | Thus, whether formal discovery has been conducted is but one important factor in the "totality of the circumstances" to be considered in deciding whether to dismiss "for delay in prosecution." | What is the important factor in totality of circumstances to be considered in deciding whether to dismiss for delay in prosecution? |
| 7042 | Rumfelt v. Himes, 438 N.E.2d 980, 982 (Ind. 1982) | 1 | Trial court may dismiss action when a party fails to comply with rules or when no action has been taken in case for at least 60 days. Trial Procedure Rule 41(E). | The trial court may dismiss an action when a party fails to comply with the rules or when no action has been taken in a case for at least sixty days. | Can court dismiss action when a party fails to comply with rules or when no action has been taken in case for at least sixty days? |
| 7043 | City of Miami v. Dade Cty., 321 So. 2d 140, 142 (Fla. Dist. Ct. App. 1975) | 2 | Primary purpose of rule governing dismissal for failure to prosecute is to expedite course of litigation and require litigants to keep court dockets as nearly current as possible, and it is incumbent on courts to do likewise. 30 West's F.S.A. Rules of Civil Procedure, rules 1.440, 1.440(c). | We agree that the primary purpose of the rule governing dismissals for failure to prosecute is to expedite the course of litigation and require litigants to keep the court dockets as nearly current as possible. We also take the view that it is incumbent on the courts to do likewise and we so interpret the language and intent of Rule 1.440(c). | What is the primary purpose of rule governing dismissal for failure to prosecute? |
| 7044 | Nicholson v. Ballard, 7 Wash. App. 230, 231–32 (1972) | 3 | Purposes of rule governing dismissal of actions are to protect litigants from dilatory counsel and to prevent cluttering of court records with unresolved and inactive litigation. CR 41. | The purpose of Civil Rule 41 are at least twofold: first, to *232 protect litigants from dilatory counsel, and second, to prevent the cluttering of court records with unresolved and inactive litigation. | Is the purpose of rule governing dismissal of actions to prevent cluttering of court records with unresolved and inactive litigation? |
| 7045 | Coast to Coast Energy, Inc. v. Gasarch, 149 A.D.3d 485, 486, 53 N.Y.S.3d 16, 18 (2017) | 3 | On a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction. McKinney's CPLR 3211(a)(8). | On a motion to dismiss pursuant to CPLR 3211(a)(8), the plaintiff has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate jurisdiction | "On a motion to dismiss for lack of personal jurisdiction, does the plaintiff have the burden of presenting sufficient evidence?" |
| 7047 | Gunby v. Yates, 214 Ga. 17, 18–19 (1958) | 1 | A "tax" is an enforced contribution exacted pursuant to legislative authority for purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or service rendered by a public officer, which is a "fee." | A tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or a service rendered. | Is tax a payment for a special privilege or a service rendered? |

| 7048 | Linahan v. Linahan, 131 Conn. 307, 327 (Conn. 1944) | 23 | The basis of estoppel is unjust advantage which, if the principle were not applied, one person would be able to take of another, and it rests on misleading conduct of one party to the prejudice of the other. | The basis of an estoppel is unjust advantage which, if the principle were not applied, one person would be able to take of another; it rests upon 'the misleading conduct of one party to the prejudice of the other.' MacKay v. | Does estoppel rest on misleading conduct of one party to the prejudice of the other? |
| --- | --- | --- | --- | --- | --- |
| 7049 | Lord v. Shaw, 665 P.2d 1288, 1289 (Utah 1983) | 2 | Specific averments in pleading are usually given precedence over general ones regarding same matter; specific averments are deemed to supplant, limit, and control general allegations. | Specific averments in pleading are usually given precedence over general ones regarding the same matter. The specific averments are deemed to supplant, limit and control the general allegations. | Are specific averments in pleading given precedence over general ones regarding the same matter? |
| 7052 | Carl J. Herzog Found. v. Univ. of Bridgeport, 41 Conn. App. 790, 793, 677 A.2d 1378, 1380 (1996) | 2 | Motion to dismiss raises question whether jurisdictional flaw is apparent on record or by way of supporting affidavits. | A motion to dismiss raises the question of whether a jurisdictional flaw is apparent on the record or by way of supporting affidavits. | Does a motion to dismiss raise a question whether jurisdictional flaw is apparent on record or by way of supporting affidavits? |
| 7053 | OHBA Corp. v. City of Carrollton, 203 S.W.3d 1, 7 (Tex. App. 2006) | 18 | Dismissal with prejudice is appropriate when trial court lacks subject matter jurisdiction because of sovereign immunity bar. | The supreme court has determined that dismissal with prejudice is appropriate when a trial court lacks subject matter jurisdiction because of the sovereign immunity bar. | Is a dismissal with prejudice appropriate when trial court lacks subject matter jurisdiction because of a sovereign immunity bar? |
| 7054 | Comm'n on Human Rights & Opportunities v. City of Torrington, 96 Conn. App. 313, 319, 901 A.2d 46, 49 (2006) | 4 | A dismissal without prejudice terminates litigation and the court's responsibilities, while leaving the door open for some new, future litigation. | A dismissal without prejudice "terminates litigation and the court's responsibilities, while leaving the door open for some new, future litigation. | "Does a dismissal without prejudice terminate litigation and the court's responsibilities, while leaving the door open for some new, future litigation?" |
| 7055 | In re R.H., 313 Ga. App. 416, 417–18 (2011) | 5 | Mere illegal entry alone does not satisfy all the elements of the crime of burglary; some evidence must also exist of an intent to commit a felony or a theft, separate and distinct from the unauthorized entry. | Indeed, "mere illegal entry alone does not satisfy all the elements of the crime of burglary; some evidence must also *418 exist of an intent to commit a felony or, as in this case, a theft, separate and distinct from the unauthorized entry." | Are unlawful entry and intent distinct elements of burglary? |
| 7059 | Muirfield Vill.-Vernon Hills v. K. Reinke, Jr. & Co., 349 Ill. App. 3d 178, 195 (2004) | 17 | A complaint should not be dismissed with prejudice unless it is apparent that no set of facts can be proved under the complaint that would entitle the plaintiff to relief. S.H.A. 735 ILCS 5/2-615. | We note that a complaint should not be dismissed with prejudice unless it is apparent that no set of facts can be proved under the complaint that would entitle the plaintiff to relief. | Should a complaint not be dismissed with prejudice unless it is apparent that no set of facts can be proved under the complaint that would entitle the plaintiff to relief? |
| 7060 | Chacon v. Jellison, 2003 WL 1560184, at *4 (Tex. App. Mar. 27, 2003) | 2 | When a plaintiff fails to appear for trial, the trial court may only dismiss the plaintiff's claims without prejudice; it may not render a take-nothing judgment based on a plaintiff's failure to appear at trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1). | We conclude that when a plaintiff fails to appear for trial, the trial court may only dismiss the plaintiff's claims without prejudice; it may not render a take-nothing judgment based on a plaintiff's failure to appear at trial. | "When a plaintiff fails to appear for trial, can the trial court only dismiss the plaintiff's claims without prejudice?" |

| 7061 | McConnell v. Attorney Gen. of Texas, 878 S.W.2d 281, 283 (Tex. App. 1994) | 1 | Dismissal without prejudice means that claimant has right to sue again on same cause of action and prevents decree of dismissal from operating as bar to subsequent suit. | [1] [2] [3] A dismissal without prejudice means the claimant has the right to sue again on the same cause of action and prevents "the decree of dismissal from operating as a bar to a subsequent suit. | Does a dismissal without prejudice mean a claimant has a right to sue again on the same cause of action? |
| 7062 | Trent v. River Place, 179 N.C. App. 72, 77, 632 S.E.2d 529, 533 (2006) | 2 | It is the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance, and he should formally move the court that the dismissal be without prejudice. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. S 1A-1. | However, "it is the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance, and he should formally move the court that the dismissal be without prejudice." Whedon, 313 N.C. | Is it the burden of the party whose claim is being dismissed to convince the court that he deserves a second chance? |
| 7063 | Thacker v. Bartlett, 785 N.E.2d 621, 624 (Ind. Ct. App. 2003) | 5 | A trial court's entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitutes a final judgment. Trial Procedure Rule 12(B). | A trial court's entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitutes a final judgment. | Does a trial court entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitute a final judgment? |
| 7064 | Allstate Ins. Co. v. Anderson, 329 Ill. App. 3d 93, 95, 768 N.E.2d 329, 331 (2002) | 2 | A dismissal for want of prosecution is ordinarily not a final order because of plaintiff's right to refile under Code of Civil Procedure; when the time for refiling expires, the litigation is terminated and the order is final. S.H.A. 735 ILCS 5/13-217. | A dismissal for want of prosecution is ordinarily not a final order because of plaintiff's right to refile under section 13–217 of the Code of Civil Procedure. 735 ILCS 5/13–217 (West 2000); Marren Builders, Inc., v. Lampert, 307 Ill.App.3d 937, 941, 241 Ill.Dec. 256, 719 N.E.2d 117 (1999). When the time for refiling expires, the litigation is terminated and the order is final. | Is a dismissal for want of prosecution ordinarily not a final order because of a plaintiff's right to refile under a Code of Civil Procedure? |
| 7065 | Paul Stanley Leasing Corp. v. Hoffman, 651 S.W.2d 440, 442 (Tex. App. 1983) | 2 | Decision to either dismiss or abate action is ordinarily matter addressed to sound discretion of trial court. | The decision to either dismiss or abate an action is a matter ordinarily addressed to the sound judicial discretion of the trial court. | Is the decision to either dismiss or abate action a matter ordinarily addressed to sound discretion of a trial court? |
| 7066 | Pender v. Pender, 634 S.W.2d 244, 246 (Mo. Ct. App. 1982) | 2 | An order to dismiss qualified by a grant of time to file amended petition, or any other comparable decretal expression, signifies intention to dismiss the petition only, not the action. | An order to dismiss qualified by a grant of time to file an amended petition (or any other comparable decretal expression) signifies intention to dismiss the petition only, not the action. | Does an order to dismiss qualified by a grant of time to file amended petition signify an intention to dismiss the petition only? |
| 7068 | Whitco Produce Co. v. Bonanza Int'l, Inc., 154 Ga. App. 92, 93, 267 S.E.2d 627, 628 (1980) | 1 | Generally, franchise contract under which one operates a type of business on royalty basis does not create agency or partnership relationship. | The general rule is that a franchise contract under which one operates a type of business on a royalty basis does not create an agency or a partnership relationship. | Can an agency relationship be created by a franchise contract under which one operates a type of business on a royalty basis? |

| 7069 | Bailey v. Worton, 752 So. 2d 470, 474 (Miss. Ct. App. 1999) | 3 | Most characteristic feature of an agent's employment is that he is employed primarily to bring about business relations between his principal and third persons, and this power is perhaps the most distinctive mark of the agent as contrasted with others, not agents, who act in representative capacities. | The most characteristic feature of an agent's employment is that he is employed primarily to bring about business relations between his principal and third persons, and this power is perhaps the most distinctive mark of the agent as contrasted with others, not agents, who act in representative capacities. | What is the most characteristic feature of an agent's employment? |
| --- | --- | --- | --- | --- | --- |
| 7070 | Caterpillar v. Usinor Industeel, 393 F. Supp. 2d 659, 669–70 (N.D. Ill. 2005) | 4 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | Under Illinois law, 15 the test for agency is whether the alleged principal has the right to control the manner in which work is carried out by the alleged agent, *670 and whether the alleged agent can affect the legal relationships of the principal. | Is the right to control the manner in which work is carried out by the agent a test of agency? |
| 7072 | Dawson v. Sec'y of State, 274 Mich. App. 723, 740, 739 N.W.2d 339, 352 (2007) | 37 | Where revenue generated by a regulatory "fee" exceeds the cost of regulation, the "fee" is actually a tax in disguise; the test is whether the fee is proportional, not whether it is equal, to the amount required to support the services it regulates.(Per Wilder, P.J., with two justices concurring in part.) | " '[W]here revenue generated by a regulatory "fee" exceeds the cost of regulation, the "fee" is actually a tax in disguise.' " Id. at 614, 662 N.W.2d 784 (citation omitted). "The test is whether the fee is proportional, not whether it is equal, to the amount required to support the services it regulates. | "When determining whether a revenue is a fee or a tax, is whether the fee is proportional,the test?" |
| 7073 | People v. Peterson, 306 Ill. App. 3d 1091, 1100 (1999) | 3 | As used in intimidation statute, word "threat" implicitly requires that expression, in its context, has reasonable tendency to create apprehension that its originator will act according to its tenor. S.H.A. 720 ILCS 5/12-6(a). | As used in the intimidation statute, the word "threat" implicitly requires that the expression, in its context, has a reasonable tendency to create apprehension that its originator will act according to its tenor. | "As used in the intimidation statute, what does the word ""threat"" implicitly require?" |
| 7075 | Jackson v. Carolina Hardwood Co., 120 N.C. App. 870, 872–73 (1995) | 7 | Where complaint discloses unconditional affirmative defense which defeats claim asserted or pleads facts which deny right to any relief on alleged claim, complaint may properly be dismissed for failure to state claim upon which relief can be granted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | Where the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, the complaint may properly *873 be dismissed by a motion under Rule 12(b)(6). | Can a complaint be dismissed when it discloses unconditional affirmative defense? |

| 7076 | Charles L. Hardtke v. Katz, 813 S.W.2d 548, 550 (Tex. App. 1991) | 2 | If time limit on court's jurisdiction exists, court's order reinstating case must be in writing, specific, and signed by trial judge; if judgment is signed, second inconsistent judgment in same case does not automatically vacate former judgment absent showing in second judgment that first judgment has been set aside. | When, as here, there is a time limit on the court's jurisdiction, its order must be in writing, specific, and signed by the trial judge. Walker v. Harrison, 597 S.W.2d 913, 915 (Tex.1980). Once a judgment is signed, a second, inconsistent judgment in the same case does not automatically vacate the former judgment. The second judgment must show that the first judgment has been set aside; otherwise, the second judgment is a nullity. | "If time limit on court's jurisdiction exists, should a court's order reinstating case be in writing, specific, and signed by a trial judge?" |
| 7078 | Olson v. Olson, 453 S.W.3d 128, 135 (2014) | 11 | A circuit court is authorized to dismiss a claim upon a party's failure to prosecute; such dismissals are ordinarily without prejudice. Ark. R. Civ. P. 41(b). | As we said earlier, a circuit court is authorized to dismiss a claim upon a party's failure to prosecute pursuant to Rule 41(b). Gore, supra., Such dismissals are ordinarily without prejudice, Wolford, supra. | Is a circuit court authorized to dismiss a claim upon a party's failure to prosecute and such dismissals are ordinarily without prejudice? |
| 7079 | Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So. 2d 989, 997 (Miss. Ct. App. 2007) | 13 | A trial court's order of dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | A trial court's order of "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." | Is a dismissal with prejudice an extreme and harsh sanction which is reserved for the most egregious cases? |
| 7080 | Am.'s Favorite Chicken Co. v. Galvan, 897 S.W.2d 874, 878 (Tex. App. 1995) | 13 | Judgment granting nonsuit becomes final thirty days after it is signed, when no motion for new trial is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b. | The judgment granting nonsuit becomes final thirty days after it is signed, when no motion for new trial is filed. | "Does a judgment granting a nonsuit become final, thirty days after it is signed, when no motion for new trial is filed?" |
| 7081 | Stephens v. Stovall & Co., 184 Ga. App. 78, 78 (1987) | 1 | Statute providing for automatic dismissal when no written order is taken for a period of five years is mandatory and dismissal is automatic and by operation of law, and any further action other than dismissal is a mere nullity. O.C.G.A. S 9-2-60(b). | OCGA 9-2-60(b) provides for automatic dismissal when no written order is taken for a period of five years. This is mandatory and dismissal is automatic and by operation of law. Any further action other than dismissal is a mere nullity. | Is a statute providing for automatic dismissal when no written order is taken for a period of five years mandatory and dismissal automatic? |
| 7083 | McColgan v. Jones, Hubbard & Donnell, 11 Cal. 2d 243, 246, 78 P.2d 1010, 1011 (1938) | 1 | An order granting a motion for nonsuit is effective for all purposes when entered in clerk's minutes, and an appeal must be taken within 60 days from entry thereof. Code Civ.Proc. S 581, as amended by St.1935, p. 1954. | By virtue of said cases it has become a settled rule of practice that an order granting a motion for nonsuit is effective for all purposes when entered in the clerk's minutes, and an appeal must be taken within sixty days from such entry. | Is an order granting a motion for nonsuit effective for all purposes when entered in a clerk's minutes? |
| 7087 | Wargel v. First Nat. Bank of Harrisburg, 121 Ill. App. 3d 730, 736, 460 N.E.2d 331, 334 (1984) | 3 | Test of agency is existence of right to control method or manner of accomplishing a task by alleged agent, as well as agent's ability to subject principal to liability. | The test of agency is the existence of the right to control the method or manner of accomplishing a task by the alleged agent, as well as the agent's ability to subject the principal to liability. | Is the right to control the method or manner of accomplishing a task a test of agency? |

| 7088 | In re Y.M., 207 Cal. App. 4th 892, 908 (2012) | 6 | The usual rules of statutory preemption analysis apply in the area of immigration; state law will be displaced only when affirmative congressional action compels the conclusion it must be. | "[T]he usual rules of statutory preemption analysis apply; state law will be displaced only when affirmative congressional action compels the conclusion it must be." | Will state law be displaced when affirmative congressional action compels the conclusion it must be? |
|---|---|---|---|---|---|
| 7089 | Fonseca v. Fong, 167 Cal. App. 4th 922, 931 (2008) | 9 | Standing alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration, which is essentially a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain. | [S]tanding alone, the fact that aliens are the subject of a state statute does not render it a regulation of immigration, which is essentially a determination of who should or should not be admitted into the country, and the conditions under which a legal entrant may remain. | Is a determination of whether aliens should or should not be admitted into the country a regulation of immigration? |
| 7092 | I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) | 2 | Deportation hearing looks prospectively to alien's right to remain in country in future; past conduct is relevant only insofar as it may shed light on alien's right to remain. Immigration and Nationality Act, SS 241, 242(b), 8 U.S.C.A. SS 1251, 1252(b). | The deportation hearing looks prospectively to the respondent's right to remain in this country in the future. Past conduct is relevant only insofar as it may shed light on the respondent's right to remain. See 8 U.S.C. 1251, 1252(b) | Is past conduct relevant to shed light on the alien or respondent's right to remain during deportation proceedings? |
| 7093 | Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 420, 68 S. Ct. 1138, 1143, 92 L. Ed. 1478 (1948) | 8 | The Fourteenth Amendment and laws adopted under its authority embody a general policy that all persons lawfully in the United States shall abide in any state on an equality of legal privileges with all citizens under nondiscriminatory laws. 42 U.S.C.A. S 1981; U.S.C.A.Const. Amend. 14. | The Fourteenth Amendment and the laws adopted under its authority thus embody a general policy that all persons lawfully in this country shall abide 'in any state' on an equality of legal privileges with all citizens under non- discriminatory laws. | Do aliens have a right to abide in any State in the Union on an equality of legal privileges with all citizens under nondiscriminatory laws? |
| 7098 | Williams v. Cottle, 471 So. 2d 305, 307 (La. Ct. App. 1985), overruled by Barracliff v. E. Jefferson Gen. Hosp., 573 So. 2d 1200 (La. Ct. App. 1991) | 2 | Although lawsuit dismissed without prejudice pursuant to Code of Civil Procedure Article 933 can be reinstituted, it cannot be revived by filing amended and supplemental petition; it is necessary to file a new suit. LSA-C.C.P. art. 933. | Although we agree that a lawsuit dismissed without prejudice pursuant to Code of Civil Procedure Article 933 can be reinstituted, it can not be revived by filing an amended and supplemental petition. It is necessary to file a new suit. | Can a lawsuit dismissed without prejudice pursuant to Code be reinstituted? |
| 7099 | Brazinsky v. Brazinsky, 610 N.W.2d 707, 712 (Minn. Ct. App. 2000) | 8 | After a judgment of dismissal with prejudice is entered, the district court has no jurisdiction over the subject matter of the case and is powerless to act further in the matter. | After a judgment of dismissal with prejudice is entered, the district court has no jurisdiction over the subject matter of the case and is powerless to act further in the matter. | "After a judgment of dismissal with prejudice is entered, does the district court have no jurisdiction over the subject matter of the case and is powerless to act further in the matter?" |
| 7100 | McCoy v. Martinez, 480 S.W.3d 420, 424 (Mo. Ct. App. 2016) | 7 | Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes on its face and without exception that the claim is barred. | Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes "on its face and without exception" that the claim is barred. | Will a dismissal be appropriate if the petition clearly establishes on its face and without exception that the claim is barred? |

| 7101 | State ex rel. Hood v. Louisville Tire Ctr., 204 So. 3d 1250, 1254 (Miss. 2016) | 3 | Any court of law or equity may exercise the power to dismiss for want of prosecution; this power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket. Miss. R. Civ. P. 41(b). | However, as the Court has explained, "Rule 41(b) embodies the tenet that 'any court of law or equity may exercise the power to dismiss for want of prosecution. This power, inherent to the courts, is necessary as a means to the orderly expedition of justice and the court's control of its own docket.' " | Can a court of law or equity exercise the power to dismiss for want of prosecution? |
|---|---|---|---|---|---|
| 7102 | Boyd Bros. Transp. v. State Dep't of Revenue, 976 So. 2d 471, 475 (Ala. Civ. App. 2007) | 1 | The sales tax statutes apply to retail sales or purchases taking place within the state; the use tax statutes apply to goods purchased at retail outside of the state and brought into the state for use by the purchaser. Code 1975, SS 40-23-1 et seq., 40-23-61. | "The sales tax statutes apply to retail sales or purchases taking place within the state; the use tax statutes apply to goods purchased at retail outside of the state and brought into the state for use by the purchaser." | Do the sales tax statutes apply to retail sales or purchases taking place within the state? |
| 7103 | Bd. of Cty. Comm'rs of Leavenworth Cty. v. McGraw Fertilizer Serv., 261 Kan. 901, 908, 933 P.2d 698, 705 (1997) | 20 | "Sales tax" is tax on privilege of engaging in business of selling tangible personal property at retail in state and is levied on gross receipts of sales transactions. | The sales tax is a tax on the privilege of engaging in the business of selling tangible personal property at retail in this state, and is levied on the gross receipts of sales transactions. | "Is ""sales tax"" a tax on privilege of engaging in business of selling tangible personal property?" |
| 7104 | Bank of Nova Scotia v. San Miguel, 214 F.2d 102, 105 (1st Cir. 1954) | 2 | Under the conflict of laws rule of Puerto Rico, the questions as to the execution, the interpretation and the validity of a negotiable instrument are to be determined by the law of the place where it is made. | Under the conflict of laws rule of Puerto Rico the questions as to the execution, the interpretation and the validity of a negotiable instrument are to be determined by the law of the place where it is made. | "Should the questions as to the execution, interpretation and the validity of a negotiable instrument be determined by the law of the place where it is made?" |
| 7106 | Lackey v. State, 116 Ga. App. 789, 790 (1967) | 3 | Statute declaring violator shall be punished by imprisonment in penitentiary for not less than one year nor more than five years permits punishment by imprisonment for any length of time from one year to five years including actual part of year measured by months, weeks or days within minimum and maximum limits. Code, S 26-5014a. | s 26-5014a declares that a violator of that section 'shall be punished by imprisonment in the penitentiary for not less than one year nor more than five years.' It seems clear that Code Ann. s 26-5014a permits punishment by imprisonment for any length of time from 1 year to 5 years, including a fractional part of a year and measured by months, weeks or days as well as yours, within the minimum and maximum limits. | Can a prison term be measured in months and include a fractional part of a year when the law states the permitted range in terms of a specific number of whole years? |
| 7107 | P.N. v. Greco, 282 F. Supp. 2d 221, 235 (D.N.J. 2003) | 1 | In reviewing administrative decisions in Individuals with Disabilities Education Act (IDEA) cases, a district court is to apply a de novo standard to questions of law. Individuals with Disabilities Education Act, S 615(a), as amended, 20 U.S.C.A. S 1415(a). | In reviewing administrative decisions in IDEA cases, a district court applies a de novo standard to questions of law. | "In reviewing administrative decisions in IDEA cases, can a district court apply a de novo standard to questions of law?" |
| 7108 | Sabatino v. Saint Aloysius Par., 280 N.J. Super. 185, 190–91 (Law. Div. 1994) | 2 | Infringement of First Amendment rights may occur where civil courts interfere with sectarian school's choice of principal. U.S.C.A. Const.Amends. 1, 14. | Infringement of First Amendment rights may occur where civil courts interfere with a sectarian school's choice of principal. | Does infringement of First Amendment rights occur where civil courts interfere with a sectarian school choice? |

| | | | | | |
|---|---|---|---|---|---|
| 7109 | Garbark v. Newman, 155 Neb. 188, 188 (1952) | 9 | A positive statement of seller as to condition of personal property made during negotiations for its sale indicating his intention to be bound for the truth thereof, and which was so understood and relied upon by other party, is an "express warranty". R.R.S.1943, S 69-412. | A positive statement of a seller of the condition of personal property made during negotiations for its sale indicating his intention to be bound for the truth thereof, and which was so understood and relied upon by the other party, is an express warranty. | Does a seller's positive statement or affirmation constitute a warranty? |
| 7110 | Hindin v. Samuel, 158 Pa. Super. 539, 542, 45 A.2d 370, 372 (1946) | 3 | The highways belong to the commonwealth in trust for the people, and he who claims a peculiar privilege with respect to highways must establish his right under some statute or valid municipal regulation ordained in pursuance of statutory authority. | The highways belong to the commonwealth in trust for the great body of the people, and he who claims a peculiar privilege to invade them must establish his right under some statute, or valid municipal regulation, ordained in pursuance of statutory authority. | Do the highways belong to the commonwealth in trust for the great body of the people? |
| 7111 | Shindler v. Marr & Associates, 695 S.W.2d 699, 703 (Tex. App. 1985) | 6 | In order to establish a partnership de facto, neither written nor oral agreement is essential; a partnership relation may be implied from facts and circumstances surrounding a transaction. | In order to establish a partnership de facto, neither a written nor an oral agreement is essential; a partnership relation may be implied from the facts and circumstances surrounding the transaction. | "In order to establish a partnership, is neither written nor an oral agreement is essential?" |
| 7112 | Watson v. Suggs, 313 S.C. 291, 293, 437 S.E.2d 172, 173 (Ct. App. 1993) | 2 | One of the primary purposes of written complaint is to apprise opposite party of nature and extent of action against him, and only such matters as are clearly alleged in complaint can be considered upon trial of case. | One of the primary purposes of a written complaint is to appraise the opposite party of the nature and extent of the action against him, and only such matters as are clearly alleged in the complaint can be considered upon the trial of the case. | "Is appraising the opposite party of the nature and extent of the action, one of the functions of a written compliant?" |
| 7113 | Moran v. Rynar, 39 A.D.2d 718, 718, 332 N.Y.S.2d 138, 141 (1972) | 2 | Neglect or inadvertent error of an attorney by reason of, inter alia, failure to file a note of issue should not deprive his client of his day in court; in such a case it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect. CPLR 3216. | In such cases, we have held that an attorney's neglect or inadvertent error should not deprive his client of his day in court; and that it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect | Should an attorney's neglect or inadvertent error not deprive his client of his day in court? |
| 7114 | Cty. of Erie v. Peerless Heater Co., 660 A.2d 238, 240 (Pa. Commw. Ct. 1995) | 1 | Entry of judgment of non pros. and the denial of motion to remove such a judgment are peculiarly within discretion of trial court. | The entry of a judgment of non pros. and the denial of a motion to remove such a judgment are peculiarly within the discretion of the trial court. | Is the entry of judgment of non pros. and the denial of a motion to remove such a judgment peculiarly within the discretion of a trial court? |
| 7116 | Florida Nat. Org. for Women v. State, 832 So. 2d 911, 915 (Fla. Dist. Ct. App. 2002) | 6 | A trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable; even if an amended complaint fails to state a cause of action. West's F.S.A. RCP Rule 1.190(a). | Thus, a trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable. | Should a court not dismiss a complaint without leave to amend unless the privilege of amendment has been abused? |

| | | | | | |
|---|---|---|---|---|---|
| 7118 | Gladstone v. Smith,  729 So. 2d 1002, 1003 (Fla. App. 1999) | 4 | Claim should not be dismissed with prejudice without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. | A claim should not be dismissed with prejudice "without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action." | Should a dismissal with prejudice not be ordered without giving a party offering defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended? |
| 7119 | Allied Prod. Co. v. Green, 175 Ga. App. 802, 802, 334 S.E.2d 389, 390 (1985) | 1 | Not all expenses incurred by party are regarded as costs which must be paid before plaintiff refiles action he previously dismissed. | Not all expenses incurred by a party are regarded as costs. See Stone Mtn. Mem. Assn. v. Stone Mtn. Scenic R., 232 Ga. 92, 94, 205 S.E.2d 293 (1974). The Supreme Court has specifically held that "expenses in discovery are not taxed as costs..." City of Atlanta v. Intl. Assn. of Firefighters etc., 240 Ga. 24(4b), 239 S.E.2d 353 (1977). In light of the above authority, we conclude that a monetary sanction imposed under OCGA § 9–11–37(d) does not constitute a court cost which must be paid before a plaintiff refiles an action he previously dismissed. OCGA § 9–11–41(d). | Are all expenses incurred by a party regarded as costs which must be paid before a plaintiff refiles an action he previously dismissed? |
| 7120 | Gloucester Holding Corp. v. U.S. Tape & Sticky Prod., 832 A.2d 116, 123 (Del. 2003) | 1 | When considering a motion to dismiss a counterclaim under court of chancery rule for failure to state a claim upon which relief can be granted, the court is to assume the truthfulness of all well-pleaded allegations of fact in the counterclaim. Chancery Court Rule 12(b)(6). | When considering a motion to dismiss a counterclaim under Court of Chancery Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court is to assume the truthfulness of all well-pleaded allegations of fact in the counterclaim. | Are all well-pleaded facts assumed to be true for purposes of determining whether a counterclaim fails to state a claim? |
| 7121 | People v. Kruger, 2015 IL App (4th) 131080, ¶ 11 (2015) | 5 | The determination of whether or not to dismiss a case for want of prosecution is governed by the particular facts of the case and rests within the trial court's sound discretion. | The determination of whether or not to dismiss a case for want of prosecution is governed by the particular facts of the case and rests within the trial court's sound discretion. | Is the determination of whether or not to dismiss a case for want of prosecution governed by the particular facts of the case? |
| 7123 | Spikes v. Neal, 92 So. 2d 571, 573 (Fla. Dist. Ct. App. 2001) | 2 | Whether or not a party has shown good cause to keep the action pending is a discretionary decision by the trial court. West's F.S.A. RCP Rule 1.420(e). | Whether or not a party has shown good cause to keep the action pending is a discretionary decision by the trial court. | Is the question of whether or not a party has shown good cause to keep the action pending a discretionary decision by the trial court? |
| 7124 | Shook v. Gilmore & Tatge Mfg. Co., 951 S.W.2d 294, 296 (Tex. App. 1997) | 1 | Trial court's authority to dismiss suit for want of prosecution is derived from both court's inherent power and from Rules of Civil Procedure. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | The trial court's authority to dismiss for want of prosecution is derived both from the court's inherent power and from the Rules of Civil Procedure. | Is the court's authority to dismiss suit for want of prosecution derived from both court's inherent power and from Rules of Civil Procedure? |

| | | | | | |
|---|---|---|---|---|---|
| 7125 | State v. Poe, 139 Idaho 885, 894 (2004) | 12 | "Intimidation" in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death. U.S.C.A. Const.Amend. 1. | Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death. | What is intimidation in the constitutionally proscribable sense of the word? |
| 7127 | People v. $8,450 U.S. Currency, 276 Ill. App. 3d 952, 955 (1995) | 7 | Despite its label as civil, forfeiture is "punishment" for double jeopardy purposes when its goal is either retribution or deterrence. U.S.C.A. Const.Amend. 5. | However, despite its label as civil, forfeiture is a punishment for double jeopardy purposes when its goal is either retribution or deterrence. | "Despite its label as civil, is forfeiture punishment for double jeopardy purposes when its goal is either retribution or deterrence?" |
| 7129 | United States v. Candelaria-Silva, 166 F.3d 19, 43 (1st Cir. 1999) | 48 | A completed civil forfeiture of property does not constitute "jeopardy" under the Double Jeopardy Clause, and does not bar the subsequent criminal prosecution and punishment of the defendant whose property was forfeited. U.S.C.A. Const.Amend. 5. | A completed civil forfeiture of property does not constitute "jeopardy" under the Double Jeopardy Clause, and does not bar the subsequent criminal prosecution and punishment of the defendant whose property was forfeited. | "Does a completed civil forfeiture of property not constitute ""jeopardy"" under the Double Jeopardy Clause?" |
| 7131 | Grand Rent A Car Corp. v. 20th Century Ins. Co., 25 Cal. App. 4th 1242, 1251–52, 31 Cal. Rptr. 2d 88, 93 (1994) | 1 | Car rental agreement which contains provision indemnifying renter from liability to third persons, up to specified limit, resulting from accident which occurs while rented vehicle is in use constitutes insurance and this is so even where liability insurance/car rental agreement is effectuated by certificate of self-insurance. | A car rental agreement which contains a provision indemnifying the renter from liability to third persons, up to a specified limit, resulting from an accident which occurs while the rented vehicle is in use constitutes insurance. (Hertz Corp. v. Home Ins. Co., supra, 14 Cal.App.4th at pp. 1077–1078, 18 Cal.Rptr.2d 267; Nathanson v. Hertz Corp. (1986) 183 Cal.App.3d 78, 84, 227 Cal.Rptr. 799, disapproved on other grounds in Moradi–Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58; compare Transportation Guar. Co. v. Jellins (1946) 29 Cal.2d 242, 174 P.2d 625 [motor truck maintenance contracts in which maintenance company agreed to cause the trucks to be insured is not a contract of insurance]; Truta v. Avis Rent A Car System, Inc. (1987) 193 Cal.App.3d 802, 815, 238 Cal.Rptr. 806 [car rental agency's collision *1252 damage waiver is not an insurance agreement].) This is so even where the liability insurance/car rental agreement is effectuated by a certificate of self-insurance. | Are car rental agreements insurance? |

| 7132 | Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 719 F.3d 424, 434–35 (5th Cir. 2013) | 8 | Under Louisiana law, the mineral lessor's royalty is distinguished from the mineral royalty and the overriding royalty; the former is the right to participate in the production of mineral from land or a servitude belonging to another, while the latter is carved out of the lessee's working interest in the lease. LSA-R.S. 31:80. | The Louisiana Supreme Court has explained that "[t]he lessor's royalty is distinguished from the mineral royalty and the overriding royalty. The former is the right to participate *435 in the production of mineral from land or a servitude belonging to another, La.Rev.Stat. 31:80, while the latter is carved out of the lessee's working interest in the lease." | What is the distinction between the lessors royalty and the overriding royalty? |
| --- | --- | --- | --- | --- | --- |
| 7133 | Wolf v. Murrane, 199 N.W.2d 90, 100 (Iowa 1972) | 17 | Generally, in absence of a written agreement to the contrary, interest is not to be allowed on partnership assets until after a balance has been struck; however, interest may be charged under circumstances of case, if the equities require. | The general rule, in absence of a written agreement to the contrary, is that interest is not to be allowed on partnership assets until after a balance has been struck; however, interest may be charged under the circumstances of the case, if the equities require. | Is interest not allowed on partnership assets until after a balance has been struck? |
| 7134 | In re Jose B., 303 Conn. 569, 579, 34 A.3d 975, 981 (2012) | 3 | The rule that the failure to allege an essential fact under a particular statute goes to the legal sufficiency of the complaint, and not the trial court's subject matter jurisdiction, is consistent with the rule that every presumption is to be indulged in favor of jurisdiction and is consistent with the judicial policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court, by allowing the litigant, if possible, to amend the complaint to correct the defect, and it avoids the bizarre result that the failure to prove an essential fact at trial deprives the court of subject matter jurisdiction. | Accordingly, we conclude that the failure to allege an essential fact under a particular statute goes to the legal sufficiency of the complaint, not to the subject matter jurisdiction of the trial court. Id., at 710, 4 A.3d 248. This conclusion "is consistent with the rule that every presumption is to be indulged in favor of jurisdiction"; (internal quotation marks omitted) id., at 708, 4 A.3d 248; is "consistent with the judicial policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court"; (internal quotation marks omitted) id., at 709, 4 A.3d 248; by allowing the litigant, if possible, "to amend the complaint to correct the defect"; id.; and avoids the bizarre result that the failure to prove an essential fact at trial deprives the court of subject matter jurisdiction. | Does the failure to allege an essential fact under a particular statute go to the legal sufficiency of the complaint? |
| 7135 | Schwab v. Baribeau Implement Co., 163 Wis. 2d 208, 215, 471 N.W.2d 244, 247 (Ct. App. 1991) | 1 | Party seeking to set aside dismissal for failure to prosecute must show clear and justifiable excuse for delay in prosecution. W.S.A. 805.03. | The party seeking to set aside such a dismissal must show a "clear and justifiable excuse" for the delay in prosecution. | Should a party seeking to set aside a dismissal for failure to prosecute show a clear and justifiable excuse for delay in prosecution? |
| 7136 | Valley Peat & Humus v. Sunnylands, Inc., 398 Pa. Super. 400, 406, 581 A.2d 193, 196 (1990) | 9 | In considering petition to open non pros judgment, undue prejudice to adverse party will prevent granting of petition. | In considering a petition to open, undue prejudice to the adverse party will prevent the granting of the petition to open: | "In considering petition to open non pros judgment, will undue prejudice to an adverse party prevent granting of a petition?" |

| | | | | | |
|---|---|---|---|---|---|
| 7137 | Cox v. Cox, 976 So. 2d 869, 874 (Miss. 2008) | 3 | The power to dismiss for failure to prosecute is granted not only by rule, but is part of a trial court's inherent authority and is necessary for the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | The power to dismiss for failure to prosecute is granted not only by Rule 41(b), but is part of a trial court's inherent authority and is necessary for "the orderly expedition of justice and the court's control of its own docket. | Is the power to dismiss an action for want of prosecution a part of a court's inherent authority? |
| 7139 | I-4 Commerce Ctr, Phase II, Unit I v. Orange Cty., 46 So. 3d 134, 136 (Fla. Dist. Ct. App. 2010) | 4 | "User fees," which are charges based upon the proprietary right of the governing body permitting the use of the instrumentality involved, share common traits that distinguish them from taxes; the most significant of these traits are: (1) they are charged in exchange for a particular governmental service, and (2) the service provided benefits the party paying the fee in a manner not shared by other members of society. | "User fees" are charges based upon the proprietary right of the governing body permitting the use of the instrumentality involved. Such fees share common traits that distinguish them from taxes. The most significant of these traits are: 1) they are charged in exchange for a particular governmental service; and 2) the service provided benefits the party paying the fee in a manner not shared by other members of society. | Do fees share common traits that distinguish them from taxes? |
| 7144 | State v. Stankevicius, 3 Conn. Cir. Ct. 580, 584 (1966) | 5 | Effect of improper discharge of jury is to acquit defendant of crime as to which jury might have rendered a verdict if mistrial had not been declared. | The effect of an improper discharge of the jury is to acquit the defendant of the crime as to which the jury might have rendered a verdict if a mistrial had not been declared. | Is the effect of an improper discharge of a jury to acquit a defendant of a crime as to which a jury might have rendered a verdict if mistrial had not been declared? |
| 7145 | Cornell v. McDonald, 28 Vet. App. 297, 303 (2016) | 3 | Board of Veterans' Appeals is unable to act on a matter absent an appealable, binding regional office (RO) decision, and in order for the RO decision to be effective proper notice is required. 38 U.S.C.A. S 5104(a). | "The Board is unable to act on a matter absent an appealable, binding RO decision," and in order for the RO decision to be effective proper notice is required. | "Is the Board of Veterans' Appeals unable to act on a matter absent an appealable, binding regional office (RO) decision?" |
| 7146 | Del Rosario v. Peake, 22 Vet. App. 399, 407 (2009), aff'd sub nom. Del Rosario v. Shinseki, 367 F. App'x 157 (Fed. Cir. 2010) | 9 | The Federal Rules of Evidence generally do not apply to proceedings before the Regional Office (RO), the Board of Veterans Appeals, or the United States Court of Appeals for Veterans Claims. | Preliminarily, we observe that the Federal Rules of Evidence generally "do not apply to proceedings before the Regional Office ..., the Board, or this Court." | "Do Federal Rules of Evidence apply to proceedings before the Regional Office (RO), the Board of Veterans Appeals, or the United States Court of Appeals for Veterans Claims?" |
| 7147 | McCrady v. Oklahoma Dep't of Pub. Safety, 122 P.3d 473, 474–75 (Okla. 2005) | 2 | Under the "employment-at-will doctrine," an employee with an employment contract of indefinite duration is free to leave his or her employment for any reason or no reason without incurring liability to the employer, and the employer has the corresponding freedom to terminate the at-will employee for any reason or no reason without incurring liability to the employee. | The doctrine of employment-at-will is firmly embedded in the common law of Oklahoma. Collier v. Insignia Financial Group, 1999 OK 49, 981 P.2d 321, 323. Under *475 the doctrine, an employee with an employment contract of indefinite duration is free to leave his or her employment for any reason or no reason without incurring liability to the employer, and the employer has the corresponding freedom to terminate the at-will employee for any reason or no reason without incurring liability to the employee. | Is an at-will employee free to leave his employment without incurring liability to the employer? |

| 7148 | Brewbaker v. State Bd. of Regents, 843 N.W.2d 466, 472 (Iowa Ct. App. 2013) | 14 | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment; however, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment. Id. However, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. | "Can criminal proceedings following the civil forfeiture of a vehicle constitute multiple punishments for the same offense, for purposes of double jeopardy?" |
| 7149 | Riley v. 1987 Station Wagon, 634 N.W.2d 434, 437 (Minn. Ct. App. 2001) | 6 | A criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy only if the forfeiture constitutes punishment. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "[A] criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy only if the forfeiture constitutes punishment." | "Does criminal adjudication followed by a civil forfeiture, or vice versa, violate double jeopardy only if the forfeiture constitutes punishment?" |
| 7151 | Brock v. State, 955 N.E.2d 195, 206 (Ind. 2011) | 13 | A mistrial granted over the defendant's objection and in the absence of manifest necessity acts as an acquittal and bars reprosecution for the same offense. U.S.C.A. Const.Amend. 5. | A mistrial granted over the defendant's objection and in the absence of manifest necessity acts as an acquittal and bars reprosecution for the same offense. | Does a mistrial granted over the defendant's objection and in the absence of manifest necessity act as an acquittal and bars reprosecution for the same offense? |
| 7152 | People v. Pau Luong, 180 Misc. 2d 953 | 3 | A defendant's consent to a mistrial, such as will remove the double jeopardy bar to a second trial, may be either express or implied. U.S.C.A. Const.Amend. 5. | Double jeopardy does not bar a second trial if the defendant consents to a mistrial. Consent may be either express or implied. | "Can a defendant's consent to a mistrial, such as will remove the double jeopardy bar to a second trial, be either express or implied?" |
| 7153 | State v. Minnitt, 203 Ariz. 431, 437 (2002) | 5 | As a general rule, if a defendant successfully moves for or consents to a mistrial, retrial is not barred on double jeopardy grounds. U.S.C.A. Const.Amend. 5; A.R.S. Const. Art. 2, S 10. | As a general rule, if the defendant successfully moves for or consents to a mistrial, retrial is not barred on double jeopardy grounds. | "As a general rule, if a defendant successfully moves for or consents to a mistrial, is a retrial not barred on double jeopardy grounds?" |
| 7154 | State v. Skelton, 77 S.W.3d 791, 799 (Tenn. Crim. App. 2001) | 11 | A retrial is not barred by double jeopardy where a defendant consents to the termination of the trial, notwithstanding the lack of a manifest necessity for doing so. U.S.C.A. Const.Amend. 5. | An objection in the record may be crucial because a retrial is not barred by double jeopardy where a defendant consents to the termination of the trial, notwithstanding the lack of a manifest necessity for doing so. | "Is a retrial not barred by double jeopardy where a defendant consents to the termination of the trial, notwithstanding the lack of a manifest necessity for doing so?" |
| 7155 | State v. Tolliver, 839 S.W.2d 296, 297 (Mo. 1992) | 1 | After mistrial not requested by defendant, but not objected to by him or her, state and federal double jeopardy clauses do not bar second trial. U.S.C.A. Const.Amend. 5; V.A.M.S. Const. Art. 1, S 19. | After a mistrial not requested by the defendant, but not objected to by him, do the state and federal double jeopardy clauses bar a second trial? | "After a mistrial not requested by him or her, but not objected to by him or her, do state and federal double jeopardy clauses not bar a second trial?" |
| 7156 | People v. Ball, 821 P.2d 905, 907 (Colo. App. 1991) | 1 | Defendant's motion for mistrial generally operates as waiver of constitutional protection against retrial under double jeopardy clause. U.S.C.A. Const.Amend. 5. | A defendant's motion for a mistrial generally operates as a waiver of his constitutional protection against retrial under the double jeopardy clause. | Does a defendant motion for mistrial generally operate as a waiver of constitutional protection against a retrial under a double jeopardy clause? |

| 7157 | People v. Henley, 182 N.W.2d 19, 25 (1970) | 4 | Generally, defendant is entitled to have trial proceed to its normal conclusion, and discharge of jury before such time without defendant's consent or without legal justification is equivalent to acquittal and bars retrial. | Thereafter, a defendant is ordinarily entitled to have the trial proceed to its normal conclusion, I.e., verdict by the jury or judgment by the court. Discharge of the jury before that time without defendant's consent or without legal justification is equivalent to an acquittal and bars retrial. | Is discharge of jury before such time without defendant's consent or without legal justification equivalent to acquittal and bars retrial? |
|---|---|---|---|---|---|
| 7158 | State v. Harrold, 626 S.W.2d 260, 261 (Mo. Ct. App. 1981) | 2 | Double jeopardy clause ensures defendant that he will not suffer more than one punishment or incessant prosecutions for same breach of law; it does not always exclude possibility of new trial after mistrial has been declared. U.S.C.A.Const.Amend. 5. | The double jeopardy clause ensures a defendant that he will suffer neither more than one punishment nor incessant prosecutions for the same breach of the law. It does not always exclude the possibility of a new trial after a mistrial has been declared. | Does a double jeopardy clause ensure a defendant that he will not suffer more than one punishment or incessant prosecutions for a same breach of law? |
| 7159 | State v. Berger, 235 N.W.2d 254, 255 (N.D. 1975) | 3 | Double jeopardy clause does not prohibit retrial in every instance when first trial has terminated prior to verdict. NDCC 29-01-07; Const. S 13; U.S.C.A.Const. Amends. 5, 14. | The double jeopardy clause does not prohibit retrial in every instance when the first trial has terminated prior to a verdict or decision. | Does a double jeopardy clause not prohibit retrial in every instance when a first trial has terminated prior to verdict? |
| 7161 | Knight v. Chicago Corp., 183 S.W.2d 666, 670 (Tex. Civ. App. 1944) | 4 | An "oil payment" as used in mineral lease is similar to an "overriding royalty", except that interest of assignee ceases upon receiving a certain amount of money or value out of oil or gas produced from a certain percentage of the working interest. | The oil payment is similar to the overriding royalty, except that the interest of the assignee ceases upon his receiving a certain amount of money or value out of oil or gas produced from a certain percentage of the working interest. | How is an oil payment similar to an overriding royalty? |
| 7162 | Smith v. Korf, Diehl, Clayton & Cleverley, 329 N.W.2d 669, 671–72 (Iowa 1983) | 2 | In considering a discretionary reinstatement, there is no requirement that a finding be made and entered of record prior to the automatic dismissal date. | In considering discretionary reinstatement there is no requirement that a finding be made and entered of record prior to the automatic dismissal date. | "In considering a discretionary reinstatement, is there no requirement that a finding be made and entered of record prior to the automatic dismissal date?" |
| 7163 | McNeil v. Brewer, 242 Ill.App.3d 463, 464 (Ill.App. 3 Dist.,1993) | 1 | Dismissal of action for want of prosecution is within sound discretion of trial court and should not be disturbed unless there has been an abuse of discretion. | [1] [2] The dismissal of an action for want of prosecution is within the sound discretion of the trial court and should not be disturbed unless there has been an abuse of that discretion. | Is the dismissal of action for want of prosecution within sound discretion of trial court and not be disturbed unless there has been an abuse of discretion? |
| 7164 | People v. Rogers, 92 A.D.3d 1151, 1152, 938 N.Y.S.2d 677, 678 (2012) | 2 | Law does not presume that person with mental retardation is unable to consent to sexual intercourse, and proof of incapacity must come from facts other than mental retardation alone. McKinney's Penal Law S 130.00(5). | The law does not presume that a person with mental retardation is unable to consent to sexual intercourse, and proof of incapacity must come from facts other than mental retardation alone" | Does the law presume that a person with mental retardation is unable to consent to sexual intercourse? |

| 7165 | Runcorn v. Shearer Lumber Prod., 107 Idaho 389, 393 (1984) | 4 | Workmen's compensation statutory definition of "employer" includes direct employer/subcontractor, a contractor over the subcontractor, and a qualifying proprietor or operator of the business over the contractor; qualifying proprietor or operator is the "employer" of the contractor's and subcontractor's employees, and contractor is also an "employer," of the subcontractor's employees. I.C. SS 72-102(10), 72-216(1). | The definition includes the direct employer/subcontractor, a contractor over the subcontractor, and a qualifying proprietor or operator of a business over the contractor. This does not mean that the qualifying proprietor or operator is the statutory employer of the contractor and subcontractor; it does mean that the qualifying proprietor or operator is the "employer" of the contractor's and subcontractor's employees, and the contractor is also an "employer" of the subcontractor's employees. See I.C. 72-216(1). | "In workers compensation, are direct employers/contractors, contractors over subcontractors, and qualifying proprietors or operators of a business over contractors, employers?" |
|---|---|---|---|---|---|
| 7166 | Contracting Nw. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (C.A.8 (Iowa), 1983) | 5 | District court had inherent power to grant stay pending arbitration in order to control its docket, conserve judicial resources, and provide for just determination of cases pending before it. 9 U.S.C.A. S 3. | In any event, the district court had the inherent power to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it. | Does the district court have the inherent power to grant the stay in an arbitration proceeding? |
| 7168 | People v. Pearson, No. F037684, 2003 WL 21001021 (Cal. Ct. App. May 5, 2003) | 5 | Principles of double jeopardy, res judicata, or collateral estoppel do not bar retrial on an allegation of a strike prior. U.S.C.A. Const.Amend. 5; West's Ann.Cal.Penal Code S 667. | Principles of double jeopardy, res judicata, or collateral estoppel do not bar retrial on an allegation of a strike prior. | "Do principles of double jeopardy, res judicata, or collateral estoppel, bar retrial on an allegation of a strike prior?" |
| 7169 | State v. Guillaume, 293 Mont. 224, 228 (1999) | 3 | Weapon enhancement statute is a sentencing factor, and does not create a separate crime or element of a crime in violation of the protection against double jeopardy. MCA 46-18-221. | Guillaume acknowledges that this Court has repeatedly held that Montana's weapon enhancement statute is a sentencing factor, and does not create a separate crime or element of a crime in violation of the protection against double jeopardy. | Does weapon enhancement statute create a separate crime or element of a crime in violation of the protection against double jeopardy? |
| 7170 | Mandell v. Bd. of Educ. of Syosset Cent. Sch. Dist., 243 A.D.2d 479, 480, 662 N.Y.S.2d 598, 599 (1997) | 2 | Determination that elementary school student violated school policy against possessing a weapon on school premises was supported by substantial evidence, indicating that principal found knife in the student's book bag and that student had shown the knife to other students while on school property. | In this case, the record established that the principal of Baylis Elementary School found the knife in the petitioner's book bag and that the petitioner had shown the knife to other students while on school property. Accordingly, the determination that the petitioner violated Baylis Elementary School policy against possessing a weapon on school premises was supported by substantial evidence | What constitutes a weapon under school districts' rule prohibiting the possession of weapons on school property? |
| 7174 | Commonwealth v. Ball, 637 Pa. 100, 122, 146 A.3d 755, 768 (2016) | 3 | The Double Jeopardy Clauses of the United States and Pennsylvania Constitutions do not allow a rule of procedure to vitiate a constitutional right, especially sub silentio. U.S. Const. Amend. 5; Pa. Const. art. 1, S 10. | The double jeopardy clauses of the United States and Pennsylvania Constitutions do not allow a rule of procedure to vitiate a constitutional right, especially sub silentio. 10 | Does the double jeopardy clause allow a rule of procedure to vitiate a constitutional right? |

| 7175 | Aboye v. United States, 121 A.3d 1245, 1251 (D.C. 2015) | 7 | A person is guilty of the offense of threats to do bodily harm if he or she: (1) uttered words to another person, (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer, and (3) he or she intended to utter the words that constitute the threat. D.C. Official Code, 2001 Ed. S 22-407. | "A person is guilty of the offense of threats under D.C.Code 22-407 if he or she: (1) uttered words to another person, (2) those words 'were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer,' and (3) he or she 'intended to utter the words that constitute the threat.'" | When is a person guilty of the offense of threats to do bodily harm? |
|---|---|---|---|---|---|
| 7176 | State v. Triplett, 355 S.W.3d 543, 551 (Mo. Ct. App. 2011) | 8 | In a court-tried case, jeopardy attaches once evidence has been presented as to the merits of the issue of guilt; however, if the proceeding is designed to hear the accused's defenses or objections before trial, and no determination of factual guilt or innocence is made or attempted, then jeopardy does not attach. U.S.C.A. Const.Amend. 5. | In a court-tried case, jeopardy attaches once evidence has been presented as to the merits of the issue of guilt. State v. Connell, 326 S.W.3d 865, 867 (Mo.App.2010); State v. Jarvis, 809 S.W.2d 460, 461 (Mo.App.1991). "If the proceeding is designed to hear the accused's defenses or objections before trial, and no determination of factual guilt or innocence is made or attempted, then jeopardy does not attach." | Will jeopardy attach if the proceeding is designed to hear the accused's defenses or objections before trial? |
| 7177 | Kopp v. Fischer, 811 F.Supp.2d 696, 712 (W.D.N.Y., 2011) | 22 | In a nonjury trial, jeopardy does not attach until the court begins to hear evidence from which a factual determination of guilt or innocence can be made. U.S.C.A. Const.Amend. 5. | In a nonjury trial (such as Petitioner's), Double Jeopardy does not attach until the court begins to hear evidence from which a factual determination of guilt or innocence can be made. | Will jeopardy attach when the court begins to hear evidence from which a factual determination of guilt or innocence can be made? |
| 7178 | People v. Cabrera, 402 Ill. App. 3d 440, 447 (2010) | 12 | There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing when the guilty plea is accepted by the trial court. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | There are three settings in which jeopardy may attach: (1) at a jury trial when the jury is empaneled and sworn; (2) at a ***410 **537 bench trial when the first witness is sworn and the court begins to hear evidence; and (3) at a guilty plea hearing "when the guilty plea is accepted by the trial court." | What would be the three settings in which jeopardy may attach? |
| 7179 | Ex parte Benson, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015) | 3 | In the multiple-punishment context, the double jeopardy clause prevents a court from prescribing greater punishment than the legislature intended. U.S. Const. Amend. 5. | In the multiple-punishment context, the double-jeopardy clause prevents a court from prescribing greater punishment than the legislature intended. 8 5 U.S. CONST. amend 5, cl. | Does the Double Jeopardy Clause prevent a court from prescribing greater punishment than the legislature intended in the multiple-punishment context? |
| 7180 | Epperson v. Com., 197 S.W.3d 46, 60–61 (Ky. 2006) | 33 | Simply because the aggravating circumstance duplicates one of the underlying offenses, it does not mean that defendant is being punished twice for the same offense, in violation of double jeopardy. U.S.C.A. Const.Amend. 5. | Bowling v. Commonwealth, supra, held that simply because the aggravating circumstance duplicates one of the underlying *61 offenses, it does not mean that the defendant is being punished twice for the same offense. | "Does it mean that defendant is being punished twice for the same offense, in violation of double jeopardy, if the aggravating circumstance duplicates one of the underlying offenses?" |

| 7181 | R.J.W. v. State, 910 So. 2d 357, 361 (Fla. Dist. Ct. App. 2005) | 3 | An acquittal bars the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place. | An acquittal bars the prosecution from seeking "another opportunity to supply evidence that it failed to muster" in the first place. | Does an acquittal bar the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place? |
| 7182 | State v. Winstead, 552 N.W.2d 651, 654 (Iowa Ct. App. 1996) | 6 | When defendant has been acquitted, double jeopardy clause guarantees that state is not permitted to make repeated attempts to convict him. U.S.C.A. Const.Amend. 5. | When a defendant has been acquitted, the Double Jeopardy Clause guarantees that the State is not permitted to make repeated attempts to convict him. | "When a defendant has been acquitted, does a double jeopardy clause guarantee that a state is not permitted to make repeated attempts to convict him?" |
| 7183 | Martin v. Com., 170 S.W.3d 374, 378 (Ky. 2005) | 3 | Double jeopardy rule is that a motion for mistrial by a defendant removes the double jeopardy bar to retrial, but there exists a limited exception where this bar will not be removed; the exception allows double jeopardy to bar retrial where the prosecutor's conduct intended to provoke the defendant into moving for a mistrial. U.S.C.A. Const.Amend. 5. | The double jeopardy rule is that a motion for mistrial by a defendant removes the double jeopardy bar to retrial. 5 However, there exists a limited exception where this bar will not be removed. 6 The exception allows double jeopardy to bar retrial where the prosecutor's conduct intended to provoke the defendant into moving for a mistrial. 7 " | "The double jeopardy rule is that a motion for mistrial by a defendant removes the double jeopardy bar to retrial, however, does there exist a limited exception where this bar will not be removed?" |
| 7184 | Cornish v. State, 272 Md. 312, 320, 322 A.2d 880, 886 (1974) | 10 | Retrial is barred by Fifth Amendment where reasonable alternatives to mistrial, such as continuance, are feasible and could cure the problem. U.S.C.A.Const. Amend. 5. | And a retrial is barred by the Fifth Amendment where reasonable alternatives to a mistrial, such as a continuance, are feasible and could cure the problem,. | "Is a retrial barred by the Fifth Amendment where reasonable alternatives to mistrial, such as continuance, are feasible and could cure the problem?" |
| 7185 | Henderson v. Wright, 533 F. Supp. 1373, 1376 (D. Me. 1982) | 4 | "Strictest scrutiny" is required in cases where mistrial is granted at request of prosecutor in order to buttress weaknesses in his evidence. | The "strictest scrutiny" is required in cases where the mistrial is granted at the request of the prosecutor "in order to buttress weaknesses in his evidence," | "Is ""strictest scrutiny"" required in cases where mistrial is granted at request of a prosecutor in order to buttress weaknesses in his evidence?" |
| 7186 | United States v. Markus, 604 F. Supp. 736, 739 (D.N.J. 1985) | 3 | Acquittals are final, even if based upon egregiously erroneous foundation or if inconsistent with other aspects of jury's verdict. U.S.C.A. Const.Amend. 5. | Thus, acquittals are final, even if "based upon an egregiously erroneous foundation," Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978), quoting Fong Foo v. United States, 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962), or if inconsistent with other aspects of a jury's verdict. | "Are acquittals final, even if based upon egregiously erroneous foundation or if inconsistent with other aspects of jury's verdict?" |
| 7187 | People v. Anderson, 117 Cal. App. Supp. 763 | 8 | There is an acquittal and retrial is impermissible where judge evaluated government's evidence and determined that it was legally insufficient to sustain conviction. M.C.L.A.Const. Art. 1, S 15; U.S.C.A.Const. Amend. 5. | There is an acquittal and retrial is impermissible when the judge "evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction." | Is there an acquittal and retrial is impermissible where a judge evaluated a government's evidence and determined that it was legally insufficient to sustain conviction? |

| 7189 | State v. Gill,  187 W. Va. 136, 138 (1992) | 2 | The double jeopardy clause of the West Virginia Constitution provides immunity from further prosecution where court having jurisdiction has acquitted accused, protects against second prosecution for same offense after conviction, and prohibits multiple punishments for same offense. Const. Art. 3, S 5. | "The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. | What are the protections double jeopardy clause provide against? |
|------|------|------|------|------|------|
| 7190 | Oregon v. Kennedy, 456 U.S. 667, 671–72 (1982) | 4 | Double jeopardy clause does not offer a guaranty to the defendant that the state will vindicate its societal interest in enforcement of the criminal laws in one proceeding. U.S.C.A.Const.Amend. 5. | As a part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a "valued right to have his trial completed by a *672 particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). The Double Jeopardy Clause, however, does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. | Does the Double Jeopardy Clause guarantee the state's interest in enforcing the criminal laws a defendant will be vindicated in a single trial? |
| 7191 | State v. Eggleston, 164 Wash. 2d 61, 70 (2008) | 2 | Federal and state double jeopardy clauses bar trial if three elements are met: (1) jeopardy previously attached, (2) jeopardy previously terminated, and (3) the defendant is again in jeopardy for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Washington's double jeopardy clause is coextensive with the federal double jeopardy clause and "is given the same interpretation the Supreme Court gives to the Fifth Amendment." State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995). Both double jeopardy clauses "bar[ ] trial if three elements are met: (a) jeopardy previously attached, (b) jeopardy previously terminated, and (c) the defendant is again in jeopardy 'for the same offense.' " | Do State and federal Double Jeopardy Clauses bar trial if three elements are met? |
| 7192 | State v. Hall, 162 Wash. 2d 901, 906 (2008) | 2 | The constitutional protection against double jeopardy is an individual right which, as a general proposition, is invoked by a defendant seeking protection against retrial. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | We begin with the basic understanding that the constitutional protection against double jeopardy is an individual right which, as a general proposition, is invoked by the defendant seeking protection against retrial. | "Is the constitutional protection against double jeopardy which is an individual right as a general proposition, invoked by a defendant seeking protection against retrial?" |
| 7193 | State v. George, 160 Wash. 2d 727, 741 (2007) | 10 | The Double Jeopardy Clauses of the federal and state Constitutions prohibit the state from twice putting a defendant on trial for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | The double jeopardy clauses of the federal and state constitutions prohibit the State from twice putting a defendant on trial for the same offense. U.S. CONST. amend. V; WASH. CONST. art. I, 9. | Does the Double Jeopardy Clauses of the federal and state Constitutions prohibit the state from twice putting a defendant on trial for the same offense? |

| 7194 | State v. Francois, 926 So. 2d 744, 753 (2006) | 16 | "Double jeopardy" protects an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act. U.S.C.A. Const.Amend. 5. | Double jeopardy protects an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act. | "Does ""Double jeopardy"" protect an accused not only from a second prosecution for the same offense but also multiple punishments for the same criminal act?" |
| 7195 | United States v. Beltz, 385 F.3d 1158, 1161 (8th Cir. 2004) | 2 | Double Jeopardy Clause protects against multiple punishments for the same offense and prevents imposition of greater punishment than authorized by Congress. U.S.C.A. Const.Amend. 5. | The double jeopardy clause protects against multiple punishments for the same offense and prevents imposition of greater punishment than authorized by Congress. | Does the double Jeopardy Clause protect against multiple punishments for the same offense and prevent imposition of greater punishment than authorized by Congress? |
| 7196 | State v. Baker, 160 A.3d 559, 567 (2017) | 5 | In a jury trial, the Double Jeopardy Clause generally bars the retrial of a criminal defendant for the same offense once a jury has been empaneled and sworn. U.S. Const. Amend. 5. | 8 "In a jury trial, the Double Jeopardy Clause generally bars the retrial of a criminal defendant for the same offense once a jury has been empaneled and sworn." | Will the double jeopardy clause bar the retrial of a criminal defendant for the same offense once a jury has been empaneled and sworn? |
| 7197 | Hill Behan Lumber Co. v. Irving Fed. Sav. & Loan Ass'n, 121 Ill. App. 3d 511, 517 (1984) | 7 | A cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated. | However, it is well established that a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated. | When should a court dismiss a cause of action when leave to amend is sought? |
| 7201 | People v. Haller, 174 Cal. App. 4th 1080, 1089 (2009) | 6 | The double jeopardy clause prohibits successive punishment for the same offense; the policy of the clause therefore circumscribes the relevance of recidivism. U.S.C.A. Const.Amend. 5. | The double jeopardy clause prohibits successive punishment for the same offense.  The policy of the clause therefore circumscribes the relevance of recidivism. | Does the double jeopardy clause prohibits successive punishment for the same offense and the policy of the clause therefore circumscribes the relevance of recidivism? |
| 7203 | Com. v. Kelly, 2002 PA Super 65, ¶ 11, 797 A.2d 925, 936 (2002) | 1 | It is within a trial judge's discretion to declare a mistrial sua sponte upon the showing of manifest necessity, and absent an abuse of that discretion, appellate court will not disturb his or her decision. Rules Crim.Proc., Rule 605, 42 Pa.C.S.A. | It is within a trial judge's discretion to declare a mistrial sua sponte upon the showing of manifest necessity, and absent an abuse of that discretion, we will not disturb his or her decision. | Is the manifest necessity standard applicable when determining whether double jeopardy attaches following a trial court's sua sponte declaration of mistrial? |
| 7205 | State v. Gallegos, 149 N.M. 704, 710 (2011) | 7 | The double jeopardy clause of the federal and New Mexico constitutions affords three levels of protection to a criminal defendant: it protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's NMSA Const. Art. 2, S 15. | The double jeopardy clause of both the federal and state constitutions affords three levels of protection to a criminal defendant. " 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " | How is a criminal defendant protected by double jeopardy clause? |

| 7206 | DePuy Synthes Sales v. Globus Med., 259 F. Supp. 3d 225, 235 (E.D. Pa. 2017) | 8 | Under Pennsylvania law, dismissal under gist of the action doctrine should take care not to preclude party's right to plead claims in alternative. | The courts agree that dismissals under the gist of the action doctrine should take care not to preclude a party's right to plead claims in the alternative, USG Ins. | Should dismissal under gist of the action doctrine take care not to preclude party's right to plead claims in alternative? |
| --- | --- | --- | --- | --- | --- |
| 7209 | Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080, 1089 (D.C. 2008) | 9 | A cause of action that could be considered a tort independent of contract performance is a viable claim in the insurance context, if the injury to the insured is an independent injury over and above the mere disappointment of the insured's hope to receive his contracted-for benefit. | Although we reject the broad claim of bad faith as a viable tort, a cause of action that could be considered a tort independent of contract performance is a viable claim, even in the insurance context. As has been said, the injury to the plaintiff must be "an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit." | Is a cause of action that could be considered a tort independent of contract performance a viable claim in the insurance context? |
| 7211 | In re Eagle Enterprises, 237 B.R. 269, 274 (E.D. Pa. 1999) | 4 | Under Pennsylvania law, "lease" transaction in which "lessee" cannot terminate "lease" during its term, but may thereafter become owner of "leased" goods for no additional or nominal additional consideration, does not create lease, but rather a security interest. 13 Pa.C.S.A. S 1201. | Pennsylvania law expressly provides that a "lease" transaction in which the "lessee" cannot terminate the "lease" during its term but may thereafter become the owner of the "leased" goods for no additional or nominal addition consideration does not create a lease, but rather creates a security interest. See 13 Pa.C.S.A. 1201. | Is lease a transaction in which a lessee cannot terminate a lease during its term? |
| 7212 | In re Lunan Family Restaurants, 194 B.R. 429, 450 (N.D. Ill. 1996) | 69 | Distinction between true lease and financing transaction is based upon economic substance of transaction and not, for example, upon locus of title, form of transaction or fact that transaction is denominated as "lease." | The distinction between a true lease and a financing transaction is based upon the economic substance of the transaction and not, for example, upon the locus of title, the form of the transaction or the fact that the transaction is denominated as a "lease." | Is the distinction between a true lease and financing transaction based upon economic substance of transaction? |
| 7213 | S.C. Rentals v. Arthur, 187 B.R. 502, 504–05 (D.S.C. 1995) | 3 | Intent of parties governs determination of whether putative consumer lease represents security agreement under South Carolina law. | The intent of the parties governs the determination of whether a putative lease represents a security agreement under South Carolina law. | Does intent of parties govern determination of whether a putative consumer lease represents a security agreement? |
| 7214 | LMV Leasing v. Conlin, 805 P.2d 189, 192–93 (Utah Ct. App. 1991) | 1 | Determination of whether agreement is lease or secured sales agreement is question of law when analysis is based upon a language of agreement itself and not upon extrinsic evidence. | We similarly view the determination of whether an agreement is a lease or a secured sales *193 agreement as a question of law when our analysis is based upon the language of the agreement itself and not upon extrinsic evidence. | On what is the determination of whether an agreement is a lease or secured sales agreement is a question of law when analysis based? |
| 7218 | State v. City of Hudson, 231 Minn. 127, 131 (1950) | 5 | Exemption of public property from taxation involves an exercise of the state's governmental power with respect to its internal economy. | 'Exemption' of public property from taxation involves an exercise of the state's governmental power with respect to its internal economy. | Does the exemption of public property from taxation involve an exercise of the state's governmental power with respect to its internal economy? |

| 7219 | Brown v. Bd. of Ed., Whitesboro Cent. Sch. Dist., 110 Misc. 2d 164, 165–66, 441 N.Y.S.2d 781, 783 (Sup. Ct. 1981) | 1 | State legislature may delegate its taxing power, provided such delegation specifies the types of taxes which may be imposed thereunder and provide for their review. Education Law S 2023; Const. Art. 16, S 1. | The State Legislature may delegate its taxing power provided such delegation specifies the types of taxes which *166 may be imposed thereunder and provide for their review. | Should the state legislature delegating its taxing power specify the types of taxes which may be imposed thereunder and provide for their review? |
|---|---|---|---|---|---|
| 7220 | Dostal's Inc. v. Wright, 129 Vt. 322, 325, 277 A.2d 125, 126 (1971) | 1 | Delegation of authority from legislature to commissioner of taxes can validly take place only when associated with fixed limits on its exercise. | It is certainly the law that delegation of authority from the legislature to the commissioner of taxes can validly take place only when associated with fixed limits on its exercise. | Can the delegation of authority from legislature to commissioner of taxes validly take place when associated with fixed limits on its exercise? |
| 7223 | Day Cruises Mar., L.L.C v. Christus Spohn Health Sys., 267 S.W.3d 42, 61 (Tex. App. 2008) | 31 | Equitable subrogation, unlike contractual subrogation, does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Equitable subrogation, unlike contractual subrogation, "does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | Does equitable subrogation depend on a contract? |
| 7224 | Wal-Mart Stores, Inc. v. Blackford, 264 Ga. 612, 613, 449 S.E.2d 293, 295 (1994) | 5 | In suit alleging malicious prosecution that was dismissed by court without trial, evidence of guilt in fact of accused is admissible as defense to damage element of tort and, if established, is bar to recovery. O.C.G.A. S 51-7-40. | In a suit alleging malicious prosecution that was dismissed by the court without trial, evidence of guilt in fact of the accused is admissible as a defense to the damage element of the tort and, if so proved, is a bar to recovery. | Is the evidence of guilt or innocence admissible in a malicious prosecution action? |
| 7226 | Fleming v. Barnett Bank of E. Polk Cty., 490 So. 2d 126, 128 (Fla. Dist. Ct. App. 1986) | 3 | A prematurely filed motion to dismiss for lack of prosecution does not constitute record activity sufficient to preclude dismissal on that ground; receding from Johnson v. Mortgage Investors of Washington, 410 So.2d 541 (Fla. 2 DCA). | I agree that a prematurely filed motion to dismiss for lack of prosecution does not constitute record activity sufficient to preclude dismissal on that ground. | Does a prematurely filed motion to dismiss for lack of prosecution constitute a record activity sufficient to preclude dismissal on that ground? |
| 7227 | Trzop v. Hudson, 43 N.E.3d 178, 187, 397 Ill.Dec. 851, 860 (Ill.App. 1 Dist., 2015) | 2 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | 63 "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." | Will a motion for involuntary dismissal based upon certain defects or defenses admit the sufficiency of the complaint? |
| 7228 | Cooper v. MRM Inv. Co., 367 F.3d 493, 498 (6th Cir. 2004) | 2 | Generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements under Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Thus, generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements. | Do contract law defenses invalidate an arbitration agreement? |
| 7231 | Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209, 1229 (C.D. Cal. 2017) | 12 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | "Does the ""Act of state doctrine"" require acts of foreign sovereigns taken within their own jurisdictions be deemed valid? " |

| 7232 | Bailey, Vaught, Robertson & Co. v. Remington Investments, 888 S.W.2d 860, 864 (Tex. App. 1994) | 5 | Even a variable-rate promissory note with interest rate that is determined by reference to bank's published prime rate is promise to pay a "sum certain" which, if it meets other requirements of negotiability, qualifies as negotiable instrument. V.T.C.A., Bus. & C. S 3.104. | A variable-rate promissory note with an interest rate that is determined by reference to a bank's published prime rate is a promise to pay a sum certain and, if it meets the other requirements of negotiability, is a negotiable instrument. | Is a note with a variable interest rate tied to the prime rate a negotiable instrument? |
|---|---|---|---|---|---|
| 7233 | Am. Liberty Ins. Co. v. AmSouth Bank, 825 So. 2d 786, 791 (Ala. 2002) | 3 | Subrogation statutes transfer to a surety all rights and remedies of the creditor that are even incidentally related to the underlying debt paid by the surety; thus, if a creditor had a right or remedy that is in some concrete way related to the transactions surrounding the underlying debt and that the creditor might have pursued in order to seek reimbursement of indebted funds that are not recovered, a surety that pays the underlying debt would be allowed to pursue that right or remedy in order to seek reimbursement. Code 1975, SS 8-3-2, 8-3-11 | These statutes are broadly written; they transfer to a surety all of the rights and remedies of the creditor that are even incidentally related to the underlying debt. In other words, if a creditor had a right or remedy that is in some concrete way related to the transactions surrounding the underlying debt, which the creditor might have pursued in order to seek reimbursement of indebted funds that are not recovered, a surety that pays the underlying debt would be allowed to pursue that right or remedy in order to seek reimbursement. | Do subrogation statutes transfer to a surety all rights and remedies of the creditor that are even incidentally related to the underlying debt paid by the surety? |
| 7235 | Wallick v. First State Bank of Farmington, 532 S.W.2d 520, 522 (Mo. App. 1976) | 1 | It is within the sound discretion of trial court to grant or refuse a continuance after permitting an amendment to pleadings during the course of trial, but such discretion is neither an absolute nor arbitrary discretion. | It is within the sound discretion of the trial court to grant or refuse a continuance after permitting an amendment to the pleadings during the course of the trial. Simon v. S. S. Kresge Co., 103 S.W.2d 523 (Mo.App.1937) (2). That discretion is neither an absolute nor arbitrary discretion. | Is it within the sound discretion of trial court to grant or refuse a continuance after permitting an amendment to pleadings during the course of trial? |
| 7236 | Goehring v. Superior Ct. (Bernier), 62 Cal. App. 4th 894, 911, 73 Cal. Rptr. 2d 105, 115 (1998) | 19 | Plaintiff is generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash. | A plaintiff is generally entitled to conduct discovery with regard to a jurisdictional issue before a court rules on a motion to quash. | Is a plaintiff generally entitled to conduct discovery with regard to jurisdiction issue before court rules on motion to quash? |
| 7238 | In re Dissolution of Marriage of Leverock & Hamby, 23 So. 3d 424, 432 (Miss. 2009) | 11 | A judge does not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate; the trial court, may, however, permit withdrawal or amendment of the admission. Rules Civ.Proc., Rule 36. | Thus, a judge does not have the discretion to deem the matter admitted, because a request is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate. The trial court, may, however, permit withdrawal or amendment of the admission. Rule 36 is to be applied as written, but "it is not intended to be applied in Draconian fashion. | Is an admission conclusive in the action as to the party making it and absent leave of court to amend or withdraw the admission? |

| 7239 | Kneeland v. Adm'r, Unemployment Comp. Act, 38 Conn. 630, 632 (Conn. 1952) | 1 | A "pension" is a stated allowance or stipend made in consideration of past services or of surrender of rights or emoluments to one retired from service, and is not wages as that word is used in Unemployment Compensation Act provision wherein wages are defined as remuneration for employment. Social Security Act, 42 U.S.C.A. S 301 et seq.; Gen.St. 1949, S 7508. | A pension is a 'stated allowance or stipend made * * * in consideration of past services or of the surrender of rights or emoluments, to one retired from service.' Webster's New International Dictionary (2d Ed.). It is not wages as that word is used in our Unemployment Compensation Act. Wages are there defined as 'all remuneration for employment.' Cum.Sup.1951, 1324b. When a man is retired, his employment ceases. | Is a pension a wage? |
| 7240 | Micro-Spy, Inc. v. Small, 9 A.D.3d 122, 125–26, 778 N.Y.S.2d 86, 89 (2004) | 2 | If summons without complaint contains inadequate notice of nature of action and relief demanded, inadequate notice is grounds to dismiss action. McKinney's CPLR 305(b). | However, if a summons without a complaint contains an inadequate notice of the nature of the action and the relief demanded, the inadequate *126 notice is grounds to dismiss the action | "If summons without complaint contains inadequate notice of nature of action and relief demanded, is inadequate notice grounds to dismiss the action?" |
| 7242 | Knoll v. Bd. of Regents of Univ. of Nebraska, 258 Neb. 1, 10 (1999) | 18 | State university owes a landowner-invitee duty to students to take reasonable steps to protect against foreseeable acts of hazing, including student abduction on the university's property, and the harm that naturally flows therefrom. | As such, we conclude the University owes a landowner-invitee duty to students to take reasonable steps to protect against foreseeable acts of hazing, including student abduction on the University's property, and the harm that naturally flows therefrom. | Does a University has a duty to protect students from hazing? |
| 7243 | Burckhardt v. Gen. Am. Life Ins. Co., 534 S.W.2d 57, 63 (Mo. App. 1975) | 2 | Party may plead in alternative or hypothetically, either in one count or in separate counts, and when two or more statements are made in alternative and one of them if made independently would be sufficient, pleading is not made insufficient by insufficiency of one or more of alternative statements. | A party may plead in the alternative or hypothetically, either in one count or in separate counts, and when two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. | "Can a party plead in the alternative or hypothetically, either in one count or in separate counts?  " |
| 7244 | State v. C.S., 275 Or. App. 126, 130 (2015) | 3 | Under the menacing statute, because the victim's subjective state of mind is not a defined element of the offense, the standard is whether a reasonable person would have been placed in the requisite state of fear. West's Or.Rev. Stat. Ann. S 163.190. | Because the victim's subjective state of mind is not a defined element of the offense, the standard is whether a "reasonable person" would have been placed in the requisite state of fear. | Is the victims subjective state of mind an element of the offense under the menacing statute? |
| 7245 | Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178, 1181 (11th Cir. 1982) | 4 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Strict technical compliance, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. | Does the strict technical compliance with credit terms regardless of actual injury benefit all borrowers? |

| 7248 | Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080, 1089 (D.C. 2008) | 9 | A cause of action that could be considered a tort independent of contract performance is a viable claim in the insurance context, if the injury to the insured is an independent injury over and above the mere disappointment of the insured's hope to receive his contracted-for benefit. | Although we reject the broad claim of bad faith as a viable tort, a cause of action that could be considered a tort independent of contract performance is a viable claim, even in the insurance context. As has been said, the injury to the plaintiff must be "an independent injury over and above the mere disappointment of plaintiff's hope to receive his contracted-for benefit." | MEMORANDUM # 9841. QuestionIs a cause of action that could be considered a tort independent of contract performance a viable claim in the insurance context? |
| 7249 | Barthelmues v. Ives, 194 Misc. 13, 14, 85 N.Y.S.2d 35, 36 (City Ct. 1948) | 2 | The omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof aliunde that it was duly administered by a proper officer within the jurisdiction. | It has been long since held that the omission of a venue or the statement of an improper venue in an affidavit does not invalidate the oath or render the affidavit a nullity when it is shown by proof aliunde that it was duly administered by a proper officer within the jurisdiction. | Does omission of a venuenor the or the statement of an improper venue is an affidavit render it null? |
| 7252 | Stone v. Lawyers Title Ins. Corp., 554 S.W.2d 183, 185 (Tex. 1977) | 1 | Actionable fraud requires that material representation was made, that it was false, that when made speaker knew it was false or made it recklessly without any knowledge of truth and as a positive assertion, that speaker made it with intention that it should be acted upon, and that party acted in reliance upon it and thereby suffered injury. | The court of civil appeals correctly stated the general rule regarding the elements of actionable fraud: (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. | What are the elements of actionable fraud? |
| 7254 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App. 2001) | 12 | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, and the court of appeals will not reverse such sanctions absent a clear abuse of discretion. | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court and we, as an appellate court, will not reverse a trial court's sanctions absent a clear abuse of discretion | Is the imposition of sanctions for violations of orders in limine left to the sound discretion of the trial court? |
| 7256 | DeLuna v. Burciaga, 223 Ill. 2d 49, 59 ( Ill. 2006) | 1 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. | Can a motion to dismiss base upon certain defects or defenses admit the legal sufficiency of all well-pleaded facts? |

| 7258 | Hurd v. Monsanto Co., 908 F. Supp. 604, 608 (S.D. Ind. 1995) | 3 | Indiana Workmen's Compensation Act provides compensation for personal injury or death by accident arising out of and in course of employment, and Indiana's Occupational Disease Act provides compensation for disablement or death by occupational disease arising out of and in course of employment. West's A.I.C. 22-3-1-1 et seq., 22-3-7-2. | Exclusivity Provisions of the Indiana Workmen's Compensation Act and Occupational Disease Act. First, the WCA provides compensation for personal injury or death by accident arising out of and in the course of employment. I.C. 22-3-1-1 et seq. (Burns 1992) The second, the ODA, provides compensation for disablement or death by an occupational disease arising out of and in the course of employment. | Does the workmen's compensation act provide compensation for personal injury or death by accident arising out of and in the course of employment? |
| 7259 | Brand v. Butts, 242 A.D. 149, 150, 273 N.Y.S. 181, 183 (App. Div. 1934) | 3 | Rationale of depositions, taken pursuant to statute, is an old chancery practice relating to bill of discovery, entitling party to sift his adversary's conscience. Civil Practice Act, S 288. | The rationale of depositions taken pursuant to statute is founded in the old chancery practice relating to a bill of discovery, entitling the party, as it has been quaintly expressed, 'to sift the conscience of his adversary.' | Is the rationale of depositions an old chancery practice relating to a bill of discovery? |
| 7260 | Kala Investments v. Sklar, 538 So. 2d 909, 917 (Fla. Dist. Ct. App. 1989) | 15 | Policy behind doctrine of equitable subrogation is to prevent unjust enrichment by assuring that person who in equity and good conscience is responsible for debt is ultimately answerable for its discharge. | The policy behind the doctrine is to prevent unjust enrichment by assuring that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge. | Is the prevention of unjust enrichment the policy behind the doctrine of equitable subrogation? |
| 7261 | Chenango Cnty. Nat. Bank & Tr. Co. of Norwich v. Lyon, 190 Misc. 358, 359, 74 N.Y.S.2d 382, 384 (Sup. Ct. 1947) | 1 | Great liberality is permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity. | Great liberality is permitted in the examination of an adverse party before trial. This is particularly so when the party sought to be examined stands in a fiduciary capacity. | Is great liberality permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity? |
| 7262 | McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty., 272 Kan. 627, 647 (2001) | 32 | A defendant may move for dismissal for failure to state a claim upon which relief can be granted; procedurally, such a motion shall be treated as one for summary judgment and disposed of as provided in statute governing summary judgment motions. Rules Civ.Proc., K.S.A. 60-212(b)(6), 60-256. | [32] Under K.S.A. 60-212(b)(6), a defendant may move for dismissal for failure to state a claim upon which relief can be granted. Procedurally, such a motion "shall be treated as one for summary judgment and disposed of as provided in K.S.A. 60-256 and amendments thereto...." | When can a motion be treated as one for summary judgement? |
| 7263 | State v. Fowler, 197 N.C. App. 1, 16, 676 S.E.2d 523, 538 (2009) | 21 | The objective the principle of double jeopardy, or former jeopardy, is to allow the prosecution one complete opportunity to convict a defendant in a fair trial. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | The objective is to allow the prosecution one complete opportunity to convict a defendant in a fair trial." | "The objective the principle of double jeopardy, or former jeopardy, is to allow the prosecution one complete opportunity to convict a defendant in a fair trial?" |
| 7264 | Breaker v. U.S., 977 F. Supp. 2d 921, 934 (D. Minn. 2013) | 11 | Before a party can challenge an action by the United States Forest Service (USFS) in federal court, it must exhaust administrative remedies. Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e). | Before a party can challenge an action by the Forest Service in federal court, it must exhaust administrative remedies. | Does a party have to exhaust administrative remedies before it can challenge an action by the United States Forest Service (USFS) in federal court? |

| 7265 | Burke v. United States, 85 F. Supp. 93, 96 (E.D. Pa. 1948) | 5 | Act authorizing national service life insurance should be liberally construed in favor of insured soldier and to carry out his intention. National Service Life Insurance Act of 1940, S 601 et seq., 38 U.S.C.A. S 801 et seq. | The Courts have adopted, since World War I, the principle that the Act of Congress authorizing National Service Life Insurance should be liberally construed in favor of the insured soldier, and to carry out his intention. | Should the act authorizing National Service Life Insurance be liberally construed in favor of insured soldiers and to carry out his intention? |
|---|---|---|---|---|---|
| 7266 | State Bar of California v. Statile, 168 Cal. App. 4th 650, 662–63 (2008) | 6 | Statutory subrogation arises by an act of the legislature that vests a right of subrogation with a party or category of parties, and it is governed by the terms of the statute under which it is claimed as a matter of statutory construction. | " 'Statutory subrogation,' as its name suggests, arises by an act of the **82 legislature that vests a right of subrogation with a party or *663 category of parties, and it is governed by the terms of the statute under which it is claimed as a matter of statutory construction." | Does statutory subrogation arise by an act of the legislature that vests a right of subrogation with a party or category of parties? |
| 7267 | Stephens v. Stovall & Co., 184 Ga. App. 78, 78 (1987) | 1 | Statute providing for automatic dismissal when no written order is taken for a period of five years is mandatory and dismissal is automatic and by operation of law, and any further action other than dismissal is a mere nullity. O.C.G.A. S 9-2-60(b). | OCGA 9-2-60(b) provides for automatic dismissal when no written order is taken for a period of five years. This is mandatory and dismissal is automatic and by operation of law. Any further action other than dismissal is a mere nullity. | Is a statute providing for automatic dismissal when no written order is taken for a period of five years mandatory and dismissal is automatic? |
| 7268 | Mahler v. Szucs, 135 Wash. 2d 398, 411 (Wash. 1998) | 1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Does the equitable doctrine of subrogation seek to impose responsibility for a loss on a party who, in equity and good conscience, should bear it? " |
| 7269 | Soto v. Sea-Rd. Int'l,  942 S.W.2d 67, 72 (Tex. App. 1997) | 2 | Basic elements of bailment are: delivery of personal property by one person to another in trust for specific purpose; acceptance of such delivery; express or implied contract that the trust will be carried out; and understanding under terms of contract that property will be returned to transferor or dealt with as transferor directs. | The basic elements of bailment are: (1) the delivery of personal property by one person to another in trust for a specific purpose; (2) acceptance of such delivery; (3) an express or implied contract that the trust will be carried out; and (4) an understanding under the terms of the contract that the property will be returned to the transferor or dealt with as the transferor directs. | What are the elements of a bailment? |
| 7271 | In re Flamingo 55, 378 B.R. 893, 906 (D. Nev. 2007) | 6 | Subrogation is essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law. | In short, subrogation is essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law. | "Is subrogation essentially an equitable assignment of a claim, made without regard to whether the claim assigned has actually been discharged at law?" |

| 7272 | In re Bill Heard Enterprises, 423 B.R. 771, 787 (N.D. Ala. 2010) | 32 | Overall fairness of applying equitable subrogation should be assessed with a view to the purpose of the doctrine, which is to prevent unjust enrichment; if this goal is not accomplished, the doctrine should not be applied. | The overall fairness of applying equitable subrogation should be assessed with a view to the purpose of the doctrine, which is to prevent unjust enrichment. If this goal is not accomplished, the doctrine should not be applied. | "Should the overall fairness of applying equitable subrogation be assessed with a view to the purpose of the doctrine, which is to prevent unjust enrichment?" |
|------|------|------|------|------|------|
| 7273 | Presswood v. Welsh, 271 Ga. App. 459, 460 (2005) | 6 | When disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. | Second, when disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine and admitting it?" |
| 7274 | Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75, 87 (D.D.C. 2014) | 12 | Type of official act that implicates the act of state doctrine is that which is by nature distinctly sovereign, i.e., conduct that cannot be undertaken by a private individual or entity. | The type of official act that implicates the act of state doctrine is that which is "by nature distinctly sovereign, i.e., conduct that cannot be undertaken by a private individual or entity." | Is the type of official act that implicates the act of state doctrine that which is by its nature distinctly sovereign? |
| 7275 | Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 230 (2017) | 8 | Because the law favors trial on the merits, dismissal with prejudice may not be warranted where delay in bringing the case to trial is justified by the circumstances of the case. Nev. R. Civ. P. 41(e). | However, "[b]ecause the law favors trial on the merits, ... dismissal with prejudice may not be warranted where ... delay is justified by the circumstances of the case." Home Sav. Ass'n v. Aetna Cas. & Sur. Co., 109 Nev. | "Because the law favors trial on the merits, can dismissal with prejudice may not be warranted where delay in bringing the case to trial is justified by the circumstances of the case? " |
| 7276 | Explore Info. Servs. v. Court Info. Sys., 636 N.W.2d 50, 57 (Iowa 2001) | 3 | In ruling on an application to adjudicate law points, the district court is limited to the uncontroverted facts found in the pleadings. Rules Civ.Proc., Rule 116. | Because it was ruling on an application to adjudicate law points, the district court was limited to the uncontroverted facts found in the pleadings. | "In ruling on an application to adjudicate law points, the district court limited to the uncontroverted facts found in the pleadings? " |
| 7277 | Greer v. Buzgheia,  141 Cal. App. 4th 1150, 1156 (2006) | 4 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | The motion in limine is not expressly authorized by statute, but is within the trial court's " 'inherent power to entertain and grant.' | Is a motion in limine expressly authorized by statute and not within the trial court's inherent power to entertain and grant? |
| 7278 | Rawson v. City of Omaha, 212 Neb. 159, 159–60 (1982) | 5 | Doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case under consideration. | The doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve *160 the ends of justice and to do equity in the particular case under consideration. | Is the doctrine of equitable subrogation applied to serve ends of justice and to do equity in a particular case under consideration? |

| 7279 | Marshall v. Wait, 628 F.2d 1255, 1258 (9th Cir. 1980) | 2 | An industry's history of regulation is a relevant factor in determining constitutionality of subjecting its operators to nonconsensual warrantless searches; of perhaps equal importance is the pervasiveness of federal regulation and the public interest in enforcement. Federal Mine Safety and Health Amendments Act of 1977, S 103, 30 U.S.C.A. S 813. | An industry's history of regulation is a relevant factor in determining the constitutionality of subjecting its operators to nonconsensual warrantless searches; for some it is the critical factor. See, e. g., Colonnade Catering Corp. v. United States, supra (liquor industry); United States v. Raub, slip op. p. 3332 (9th Cir. May 22, 1980). Of perhaps equal importance is the pervasiveness of federal regulation and the public interest in enforcement. | Is an industry's history of regulation a relevant factor in determining the constitutionality of subjecting its operators to nonconsensual warrantless searches? |
|---|---|---|---|---|---|
| 7280 | Employers Health Ins. v. Gen. Cas. Co. of Wisconsin, 161 Wis. 2d 937, 956, 469 N.W.2d 172, 180 (1991) | 11 | Equitable subrogation is permitted only when rights of those seeking subrogation have greater equity than rights of those who oppose it; right to subrogation arises when person other than mere volunteer pays debt which in equity and good conscience should be satisfied by another. | Subrogation is permitted only when "the rights of those seeking subrogation have greater equity than the rights of those who oppose it." First National Bank of Columbus v. Hansen, 84 Wis.2d 422, 429, 267 N.W.2d 367 (1978). The right to subrogation arises "when a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another." | Is subrogation based on equity and permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? |
| 7281 | Gunby v. Yates, 214 Ga. 17, 18–19 (1958) | 1 | A "tax" is an enforced contribution exacted pursuant to legislative authority for purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or service rendered by a public officer, which is a "fee." | A tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purposes, and not as payment for a special privilege or a service rendered. | Are taxes payments for a special privilege or a special service rendered? |
| 7285 | Janiga v. Questar Capital Corp., 615 F.3d 735, 743 (7th Cir. 2010) | 11 | Parties are entitled to opt in a contract for an alternative method of dispute resolution that involves neither courts nor juries. | But that argument proves much too much; parties are entitled to opt in a contract for an alternative method of dispute resolution that involves neither courts nor juries. | Can parties opt into a contract for an alternative method of dispute resolution that involves neither courts nor juries? |
| 7286 | J & B Slurry Seal Co. v. Mid-S. Aviation, 88 N.C. App. 1, 11 (1987) | 6 | "Subrogation" is equitable remedy in which one steps into place of another and takes over right to claim monetary damages to extent that other could have, while "assignment" is formal transfer of property or property rights. | Subrogation is an equitable remedy in which one steps into the place of another and takes over the right to claim monetary damages to the extent that the other could have, while an assignment is the formal transfer of property or property rights. | Does formal transfer of property or property rights constitute assignment? |

| 7288 | Fin. Freedom Sr. Funding Corp. v. Horrocks, 294 S.W.3d 749, 755 (Tex. App. 2009) | 11 | A "life estate " is created by a deed or will where the language of the instrument manifests an intention on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use, or enjoy property during the period of the grantee's life. | Generally, a life estate is created by a deed or will where the language of the instrument manifests an intention on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use, or enjoy property during the period of the grantee's life. | How are life estates created? |
|------|------|------|------|------|------|
| 7289 | Baker v. Baker, 274 S.W.2d 322, 326 (Mo. App. 1954) | 12 | Reasonable notice to litigant, where there exists even possibility of action adverse to his interests, is deemed to be of essence of fairness and justice and is prerequisite to lawful exercise of court's power. | In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice'-'a prerequisite to the lawful exercise of the court's power'-'basic in simple fundamental justice.' | What is a prerequisite to the lawful exercise of the courts power? |
| 7290 | Chaplin v. Sanders, 100 Wash. 2d 853, 859–60, 676 P.2d 431, 435 (1984) | 3 | Doctrine of adverse possession was formulated at law for the purpose of, among others, assuring maximum utilization of land, encouraging rejection of stale claims, and, most importantly, quieting titles. | The doctrine of adverse possession was formulated at law for the purpose of, among others, assuring maximum *860 utilization of land, encouraging the rejection of stale claims and, most importantly, quieting titles. | What purpose does the doctrine of adverse possession serve? |
| 7294 | WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 74–75 (2d Cir. 1997) | 6 | If arbitration clause is narrowly worded and dispute concerns matter collateral to contract calling for arbitration, court should test presumption of arbitrability by reviewing allegations underlying dispute and by asking whether claim alleged implicates issues of contract construction. | If an arbitration clause is narrowly worded and the dispute concerns a matter collateral *75 to the contract calling for arbitration, "a court should test the presumption [of arbitrability] by reviewing the allegations underlying the dispute and by asking whether the claim alleged implicates issues of contract construction...." | Can parties be forced to arbitration if that was not their true agreement? |
| 7295 | Powerhouse Wholesale Elec. Supply v. Spartan Bldg. Corp., 525 So. 2d 1216, 1219–20 (La. Ct. App. 1988) | 3 | Assignment of Accounts Receivable Act is not the exclusive method of assigning accounts receivable, but provides an additional method for doing so, but if the parties file a notice of assignment, the Act shall provide the exclusive method by which the assignee may perfect a security interest in the accounts receivable assigned. LSA-R.S. 9:3101-9:3111. | 9:3101 through 9:3111is not to be considered as the exclusive method of assigning accounts receivable, but instead provides an additional method for doing so. However, if the parties file a notice of assignment, then the Act shall provide the exclusive method by which the assignee may perfect a security interest in those accounts receivable assigned. La.R.S. 9:3109. | Does the Assignment of Accounts Receivable Act establish an exclusive system of perfecting assignments of accounts receivable? |

| 7298 | Coleman v. State Med. Bd. of Ohio, 2007-Ohio-5007 | 4 | A conviction for embezzlement requires proof of the identity of the corporation or private person whose goods and money the accused has embezzled; proof as to ownership of the money and the extent of the agency relationship which existed are essential to distinguishing embezzlement from larceny. | A conviction for embezzlement requires proof of the identity of the corporation or private person whose goods and money the accused has embezzled. Bunkley v. State, 495 So.2d 1, 3–4 (Miss.1986). Proof as to ownership of the money and the extent of the agency relationship which existed are essential to distinguishing embezzlement from larceny. | How is larceny distinguished from embezzlement? |
|---|---|---|---|---|---|
| 7299 | People ex rel. Dep't of Transportation v. Dry Canyon Enterprises, LLC, 211 Cal. App. 4th 486, 493–94, 149 Cal. Rptr. 3d 601, 607 (2012) | 9 | "Goodwill" is the amount by which a business's overall value exceeds the value of its constituent assets, often due to a recognizable brand name, a sterling reputation, or an ideal location. | Goodwill is the amount by which a *494 business's overall value exceeds the value of its constituent assets, often due to a recognizable brand name, a sterling reputation, or an ideal location. | "Are ideal location, reputation, and brand name elements of Goodwill?" |
| 7303 | Yancey v. Lea, 354 N.C. 48, 53, 550 S.E.2d 155, 158 (2001) | 3 | Difference between negligence and gross negligence is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others; an act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others, but an act or conduct moves beyond the realm of negligence when the injury or damage itself is intentional. | Thus, the difference between the two is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others. An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others. An act or conduct moves beyond the realm of negligence when the injury or damage itself is intentional. | Is there a substantial difference between ordinary negligence and gross negligence? |
| 7308 | Monsanto Co. v. Pollution Control Bd., 67 Ill. 2d 276, 289 (1977) | 4 | If Pollution Control Board finds that a regulation imposes an arbitrary or unreasonable hardship on an individual polluter, Board may grant a variance; such a decision is essentially quasi-judicial and, as such, must be supported by written opinion with specific findings which are entitled to presumption that they are prima facie true and correct. S.H.A. ch. 110, S 274 ch. 1111/2, S 1035. | Section 35 of the Environmental Protection Act gives the Board authority to decide if a regulation imposes an arbitrary or unreasonable hardship on an individual polluter. If the Board finds such hardship, it may then grant a variance. This decision is essentially quasi-judicial, and, as such, must be supported by a written opinion with specific findings which are entitled to a presumption that they are prima facie true and correct (Ill.Rev.Stat.1975, ch. 110, par. 274). | Can the Pollution Control Board grant a variance if a regulation imposes an arbitrary or unreasonable hardship on an individual polluter under Section 35 of the Environmental Protection Act? |

| 7309 | Herman Grant Co. v. Washington, 214 So. 3d 266, 271–72 (Miss. 2017) | 5 | The venue statute does not allow the piling of acts or events to establish venue, but rather, specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there. Miss. Code Ann. S 11-11-3. | "The venue statute does not allow the 'piling' of acts or events to establish *272 venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have happened in a particular jurisdiction in order for venue to be proper there." | Must actions in a specific location be substantial to establish venue? |
|------|------|------|------|------|------|
| 7310 | Avery v. Powell, 806 F. Supp. 7, 9 (D.N.H. 1992) | 3 | Although convicted prisoners do not forfeit all constitutional rights upon conviction, their rights are subject to restrictions and limitations due to fact of confinement and legitimate goals and policies of penal institution. | Although convicted prisoners do not forfeit all constitutional rights upon conviction, their rights are subject to restrictions and limitations due to the fact of confinement and the legitimate goals and policies of the penal institution. | Do convicted prisoners forfeit all of their constitutional rights? |
| 7312 | Hurley v. Port Blakely Tree Farms L.P., 182 Wash. App. 753, 772 (2014) | 23 | To establish intentional trespass, a plaintiff must show: (1) an invasion of property affecting an interest in exclusive possession; (2) an intentional act; (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest; and (4) actual and substantial damages. | To establish intentional trespass, a plaintiff must show (1) an invasion of property affecting an interest in exclusive possession; (2) an intentional act; (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest; and (4) actual and substantial damages. | When does intentional trespass occur? |
| 7313 | Bacus v. Lake Cty., 138 Mont. 69, 78, 354 P.2d 1056, 1061 (1960) | 5 | When legislature confers authority on an administrative agency it must lay down policy or reasons behind statute and also prescribe standards and guards for grant of power which has been made to administrative agency. | When the legislature confers authority upon an administrative agency it must lay down the policy or reasons behind the statute and also prescribe standards and guides for the grant of power which has been made to the administrative agency. | What must the legislature do to lawfully confer authority upon an administrative agency? |
| 7315 | State v. Harvell, 45 N.C. App. 243, 248 (1980) | 13 | A father is guilty of statutory felony of incest if he has sexual intercourse, either habitual or a single instance, with a woman or girl whom he knows to be his daughter. G.S. S 14-178. | A father violates G.S. 14-178 and by reason thereof is guilty of the statutory felony of incest if he has sexual intercourse, either habitual or in a single instance, with a woman or girl whom he knows to be his daughter. | Does a single act of sexual intercourse between a father and his daughter amount to incest? |
| 7316 | Toscano v. Delgado, 506 S.W.2d 317, 320 (Tex. Civ. App. 1974) | 6 | A grantor who remains in possession of property after he has delivered a deed to such property will ordinarily be presumed to be holding the land in subordination to the rights of his grantees, rather than adversely to such grantees' rights. Vernon's Ann.Civ.St. art. 5510. | A grantor who remains in possession of property after he has delivered a deed to such property will ordinarily be presumed to be holding the land in subordination to the rights of his grantees, rather than adversely to such grantees' rights. | Does a grantor who remains in possession of property after he has delivered the deed to such property hold such property adversely? |

| 7317 | Ayissi-Etoh v. Fannie Mae, 712 F.3d 572, 578 (D.C. Cir. 2013) | 12 | Under District of Columbia law, to meet the requirements for defamation, a plaintiff must prove (1) that he was the subject of a false and defamatory statement; (2) that the statement was published to a third party; (3) that publishing the statement was at least negligent; and (4) that the plaintiff suffered either actual or legal harm. | To meet the requirements for defamation under D.C. law, a plaintiff must prove (1) that he was the subject of a false and defamatory statement; (ii) that the statement was published to a third party; (iii) that publishing the statement was at least negligent; and (iv) that the plaintiff suffered either actual or legal harm. | Is harm a necessary element of a defamation claim? |
| :--- | :--- | :--- | :--- | :--- | :--- |
| 7318 | Hayes v. Irwin, 541 F. Supp. 397, 415 (N.D. Ga. 1982) | 7 | "Partnership" is a voluntary agreement between two or more persons to contribute their money, property, or skill to the operation of a joint business or common enterprise for their common benefit and to divide the profits and bear the losses in certain proportions. Ga.Code, SS 75-101, 75-102. | Generally speaking, a partnership is a voluntary agreement between two or more persons to contribute their money, property, or skill to the operation of a joint business or common enterprise for their common benefit and to divide the profits and bear the losses in certain proportions. | Is a partnership voluntary in nature? |
| 7319 | Snyder v. Callaghan, 168 W. Va. 265, 277 (1981) | 12 | Relation of landlord and tenant may be proved by very slight evidence, including payment of rent, but neither actual payment of rent nor express contract to pay it is essential to existence of tenancy. | The relation of landlord and tenant may be proved by very slight evidence, including the payment of rent, Virginia Mining & Import Co. v. Hoover, 82 Va. 449, 4 S.E. 689 (1886), but neither actual payment of rent nor an express contract to pay it is essential to the existence of a tenancy. | Could the relationship between the landlord and tenant be proved upon slight evidence? |
| 7320 | Stowe v. Fritzie Hotels, 44 Cal. 2d 416, 421, 282 P.2d 890, 893 (1955) | 5 | Chief distinction between "tenant" and "lodger" lies in character of possession, and tenant has exclusive legal possession of premises and is responsible for their care and condition, whereas lodger has only right to use premises, subject to landlord's retention of control and right of access to them. | The chief distinction between a tenant and a lodger lies in the character of possession. A 'tenant' has exclusive legal possession of premises and is responsible for their care and condition. A 'lodger' has only the right to use the premises, subject to the landlord's retention of control and right of access to them. | What is the distinction between a tenant and a lodger? |
| 7321 | Robert Lawrence Co. v. Devonshire Fabrics, 271 F.2d 402, 410 (2d Cir. 1959) | 6 | Any doubts as to construction of Arbitration Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with original intention of parties and to help ease congestion of court calendars. 9 U.S.C.A. SS 2, 3. | Finally, an doubts as to the construction of the Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with the original intention of the parties and to help ease the current congestion of court calendars. | Is arbitration a means to ease court congestion? |
| 7322 | State of Nev. ex rel. Dep't of Ins. v. Contract Servs. Network, 873 F. Supp. 385, 393 (D. Nev. 1994) | 20 | States possess broad authority under police power to regulate employment relationship in order to protect workers within state. | States possess broad authority under the police power to regulate employment relationships in order to protect workers within the state. | Do states possess broad authority under police power to regulate employment relationship within the state? |

| 7323 | Wilson v. Comm'r, 161 F.2d 661, 664 (7th Cir. 1947) | 5 | Generally, a "partnership" is created when persons join together their money, goods, labor, or skill for purpose of carrying on a trade, profession, or business, and when there is a community of interest in profits and losses. | A partnership is generally said to be created when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses.' | "Are money, property, skill and labor required in a partnership?" |
|---|---|---|---|---|---|
| 7324 | Ross v. Waters, 332 Ga. App. 623, 625 (2015) | 3 | The determination of venue must be based upon the facts as they exist at the time that suit is initiated, not as the facts may have existed at some previous point in time. | "[T]he determination of venue must be based upon the facts as they exist at the time that suit is initiated, not as the facts may have existed at some previous point in time." | Is the determination of venue based on facts as they exist at the time the suit is initiated or that may have existed at some point in time? |
| 7326 | Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 141 (1982) | 5 | Indian tribe's authority to tax non-Indians who conduct business on reservation does not simply derive from tribe's power to exclude such persons, but is inherent power necessary to tribal self-government and territorial management. Indian Reorganization Act, S 16, 25 U.S.C.A. S 476. | Adhering to this understanding, we conclude that the Tribe's authority to tax non-Indians who conduct business on the reservation does not simply derive from the Tribe's power to exclude such persons, but is an inherent power necessary to tribal self- government and territorial management. | Does an Indian tribe have inherent power to impose a tax? |
| 7327 | Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463, 500–01, 99 S. Ct. 740, 761, 58 L. Ed. 2d 740 (1979) | 12 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | It is settled that "the unique legal status of Indian tribes under *501 federal law" permits the Federal Government to enact legislation singling out tribal Indians, legislation that might otherwise be constitutionally offensive. Morton v. Mancari, 417 U.S. 535, 551–552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290.States do not enjoy this same unique relationship with Indians, but Chapter 36 is not simply another state law. | What is the status of Indian nations or tribes? |
| 7328 | Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673, 677 (Tex. App. 2003) | 2 | Plaintiffs are accorded right to choose venue first; as long as suit is initially filed in county of proper venue, that is, the county is at least a permissive venue and no mandatory provision applies, plaintiff's venue choice cannot be disturbed. | Plaintiffs are accorded the right to choose venue first; as long as suit is initially filed in a county of proper venue (i.e., the county is at least a permissive venue and no mandatory provision applies), the plaintiff's venue choice cannot be disturbed. | Does a plaintiff have the right to choose venue? |
| 7329 | Oleen v. Oleen, 15 Utah 2d 326, 329 (1964) | 2 | Policy that full faith and credit be given to decrees of other states is not controlling factor in child custody case where conditions arising subsequent to foreign decree justify change of custody. | The policy that full faith and credit be given the decrees of other states is not a controlling factor where conditions arising subsequent to the foreign decree justify a change. | What is the controlling factor in child custody cases? |

| 7330 | N. L. R. B. v. Drivers, Chauffeurs, Helpers, Local Union No. 639, 362 U.S. 274, 279 (1960) | 2 | Basic to the right guaranteed to employees to form, join, or assist labor organizations, is the right to engage in concerted activities to persuade other employees to join for their mutual aid and protection. National Labor Relations Act, S 7 as amended by National Labor Relations Act, 1947, S 101, 29 U.S.C.A. S 157. | Basic to the right guaranteed to employees in s 7 to form, join or assist labor organizations, is the right to **710 engage in concerted activities to persuade other employees to join for their mutual aid and protection. | "Does an employee have a right to form, join, or assist labor organizations?" |
| 7331 | Simpson v. Laytart, 962 S.W.2d 392, 394 (Ky. 1998) | 2 | Abuse of process differs from malicious prosecution, in that malicious prosecution consists of commencing action or causing process to issue maliciously or without justification, while abuse of process consists of employment of legal process for some other purpose than that which it was intended by the law to effect. | Abuse of process differs from malicious prosecution in that malicious prosecution consists of commencing an action or causing process to issue maliciously or without justification. Abuse of process, however, consists of "the employment of legal process for some other purpose than that which it was intended by the law to effect." | How is an action for malicious prosecution distinguished from an action for abuse of process? |
| 7333 | Lake Cty. Riverboat L.P. ex rel. FRGP v. Illinois Gaming Bd., 313 Ill. App. 3d 943, 952 (2000) | 16 | Under transactional venue principles, two dependent variables must be analyzed to determine whether a particular venue is proper: (1) the nature of the cause of action and (2) the place where the cause of action springs into existence. | Under transactional venue principles, two dependent variables must be analyzed to determine whether a particular venue is proper. Those variables are (1) the nature of the cause of action and (2) the place where the cause of action springs into existence. | What are the factors that determine whether venue is proper under the transactional prong? |
| 7334 | Pendergast v. Meade Elec. Co., 2013 IL App (1st) 121317, ¶ 21 (2013) | 8 | When a plaintiff chooses to litigate his cause of action in his home forum or in the forum in which his accident or injury occurred, it is reasonable to assume that the forum was chosen for reasons of convenience; however, when the plaintiff is foreign to his chosen forum or the events that gave rise to the litigation did not occur in that forum, that assumption is less reasonable and his choice is afforded less deference. S.H.A. 735 ILCS 5/2-101. | When a plaintiff chooses to litigate his cause of action in his home forum or in the forum in which his accident or injury occurred, it is reasonable to assume that the forum was chosen for reasons of convenience. Dawdy, 207 Ill.2d at 173, 278 Ill.Dec. 92, 797 N.E.2d 687. However, when the plaintiff is foreign to his chosen forum or the events that gave rise to the litigation did not occur in that forum, that assumption is less reasonable and his choice is afforded less deference. | Does a plaintiffs choice of forum deserve less deference when the plaintiff is foreign to his chosen forum? |
| 7336 | Begay v. Pub. Serv. Co. of N.M., 710 F. Supp. 2d 1161, 1192 (D.N.M. 2010) | 71 | When a claim by Indians to enforce property rights is based on federal common law, there is no applicable federal statute of limitations. | When a claim by Indians to enforce property rights is based on federal common law, however, there is no applicable federal statute of limitations. | Is there a federal statute of limitations when a claim by Indians to enforce property rights is based on federal common law? |
| 7338 | Dep't of Transp. v. Webster, 230 N.C. App. 468, 477, 751 S.E.2d 220, 226 (2013) | 12 | Although the state must compensate for property rights taken by eminent domain, damages resulting from the exercise of the police power are noncompensable. | Although "[t]he state must compensate for property rights taken by eminent domain[,] damages resulting from the exercise of the police power are noncompensable." | Are damages resulting from the exercise of police power under eminent domain compensable? |

| | | | | | |
|---|---|---|---|---|---|
| 7340 | Peoples Energy Corp. v. Illinois Commerce Comm'n, 142 Ill. App. 3d 917, 930 (1986) | 7 | Mere fact that thing sold by company is water or gas or electricity or telephone service, such as are ordinarily sold by public utility companies, does not itself render the seller a "public utility." | The mere fact that the thing sold by a company is water or gas or electricity or telephone service, such as are ordinarily sold by public utility companies, does not of itself render the seller a public utility. | "Does the fact that a company sells heat, cold, water, electricity or any of the various other things usually sold by public utilities make an enterprise a public utility?" |
| 7341 | Illinois Highway Transp. Co. v. Hantel, 323 Ill.App. 364, 376 (1944) | 5 | Whether a given business or industry is a "public utility" depends upon the public character of the business or service rendered which makes its regulation a matter of public consequence and concern because it affects the whole community. | Whether a given business or industry is a public utility depends upon the public character of the business or service rendered, which makes its regulation a matter of public consequence and concern because it affects the whole community. | Is the operation of an entity as a public utility determined by the character of the business in which it is engaged? |
| 7342 | Ying Li v. City of New York, 246 F. Supp. 3d 578, 611 (E.D.N.Y. 2017) | 38 | For a malicious prosecution claim under New York law, probable cause to prosecute consists of facts and circumstances that would lead a reasonably prudent person to believe the plaintiff guilty. | For a malicious prosecution claim, probable cause to prosecute consists of "facts and circumstances [that] would lead a reasonably prudent person to believe the plaintiff guilty." | What constitute probable cause in a malicious prosecution claim? |
| 7345 | Ralph v. State Dep't of Nat. Res., 171 Wash. App. 262, 266 (2012) | 3 | In rem proceedings are local in nature, whereas a transitory action is one which at common law may be tried wherever personal service can be obtained. | In rem proceedings are local in nature, whereas a transitory action is one that at common law may be tried wherever personal service can be obtained. | Can transitory actions be tried wherever personal service can be obtained? |
| 7347 | Merlo v. Pub. Serv. Co. of N. Illinois, 381 Ill. 300, 313 (Ill. 1943) | 21 | Persons engaged in transmission of electricity are not "insurers" of safety of public, but they are bound to know the dangers incident to handling electricity and to guard against such dangers by exercise of care commensurate with them. | Persons engaged in the transmission of electricity are not insurers of the safety of the public, but they are bound to know the dangers incident to handling electricity and to guard against such dangers by the exercise of care commensurate with them.' | Are persons engaged in the transmission of electricity insurers of the safety of the public? |
| 7348 | Glade v. Dietert, 156 Tex. 382, 387 (1956) | 2 | To constitute trespass, entry upon another's land need not be in person, but may be made by causing or permitting a thing to cross boundary of premises. | To constitute a trespass 'entry upon another's land need not be in person, but may be made by causing or permitting a thing to cross the boundary of the premises.' | Can a person be held liable for trespass if they cause or permit a thing to cross the boundary of a property? |
| 7349 | People v. Sims, 32 Cal. 3d 468, 479, 651 P.2d 321, 327 (1982) | 8 | Collateral estoppel may be applied to decisions made by administrative agencies when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. | Collateral estoppel may be applied to decisions made by administrative agencies "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate ...." | Is the doctrine of collateral estoppel applicable to administrative proceedings? |

| | | | | | |
|---|---|---|---|---|---|
| 7351 | Conti v. United States, 291 F.3d 1334, 1339 (Fed. Cir. 2002) | 2 | A "categorical taking," which is defined as one in which all economically viable use has been taken by the regulatory imposition, is distinct from a taking that is the consequence of a regulatory imposition that prohibits or restricts only some of the use that would otherwise be available to the property owner but leaves the property owner with substantial economic use. U.S.C.A. Const.Amend. 5. | A categorical taking has been defined as one in which "all economically viable use, i.e., all economic value has been taken by the regulatory imposition." Palm Beach Isles Assocs. v. United States, 231 F.3d 1354, 1357 (Fed.Cir.2000). A categorical taking is distinct from a taking "that is the consequence of a regulatory imposition that prohibits or restricts only some of the use that would otherwise be available to the property owner but leaves the property owner with substantial economic use." Id. | What does the term categorical taking encompass? |
| 7353 | Ziober v. BLB Res., Inc., 839 F.3d 814, 817 (9th Cir. 2016) | 3 | The Federal Arbitration Act (FAA) requires courts to rigorously enforce arbitration agreements according to their terms, including agreements to arbitrate claims arising under federal statutes. 9 U.S.C.A. S 3. | The FAA requires courts to ' 'rigorously enforce' arbitration agreements according to their terms," including agreements to arbitrate claims arising under federal statutes. | Does the Federal Arbitration Act require courts to enforce arbitration agreements according to their terms? |
| 7354 | Picard v. Credit Sols., 564 F.3d 1249, 1253 (11th Cir. 2009) | 3 | Federal Arbitration Act (FAA) provides for enforcement of arbitration agreements within full reach of the Commerce Clause. U.S.C.A. Const. Art. 1, S 8, cl. 3; 9 U.S.C.A. S 1 et seq. | The FAA creates a strong federal policy in favor of arbitration. The FAA "provides for 'the enforcement of arbitration agreements within the full reach of the Commerce Clause.' " | Does the Federal Arbitration Act (FAA) provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause? |
| 7355 | Crook v. Sheehan Enterprises, 740 S.W.2d 333, 335 (Mo. Ct. App. 1987) | 1 | "Trespass" is unauthorized entry by person upon land of another, regardless of degree of force used, even if no damage is done, or injury is slight. | Trespass is the unauthorized entry by a person upon the land of another, regardless of the degree of force used, even if no damage is done, or the injury is slight. | "Can every unauthorized entry be a trespass, regardless of degree of force used?" |
| 7356 | Arakelian v. Omnicare, 735 F. Supp. 2d 22, 38 (S.D.N.Y. 2010) | 14 | With respect to employment contracts, "matters of performance and breach are to be determined by the law of the place of performance, or, in the alternative, by the law of the state having the most significant contacts with the matter in dispute. | With respect to employment contracts, "the matters of performance and breach are to be determined by the law of the place of performance, or, in the alternative, by the law of the state having the most significant contacts with the matter in dispute." | "With respect to employment contracts, does the matters of performance and breach are to be determined by the law of the place of performance?" |
| 7360 | Bekele v. Lyft, 199 F. Supp. 3d 284, 294 (D. Mass. 2016) | 8 | To determine whether a valid agreement to arbitrate exists, federal courts generally apply ordinary state-law principles that govern the formation of contracts. | To determine whether a valid agreement to arbitrate exists, federal courts generally "apply ordinary state-law principles that govern the formation of contracts." | Which principles of law do courts apply to determine validity of arbitration agreement? |
| 7361 | Kelly v. Exxon Corp., 35 Md. App. 272, 282 (1977) | 6 | Dismissal by a magistrate at a preliminary hearing is prima facie evidence of want of probable cause for prosecution while acquittal after a trial is not. | It is undisputed that dismissal by a magistrate at a preliminary hearing is prima facie evidence of a want of probable cause while acquittal after a trial is not. | Is dismissal of charges at a preliminary hearing prima facie evidence of want of probable cause for a malicious prosecution action? |

| | | | | | |
|---|---|---|---|---|---|
| 7364 | Golden Years Homestead v. Buckland, 557 F.3d 457, 462 (7th Cir. 2009) | 5 | Malice, as required to establish a malicious prosecution claim, under Indiana law, may be shown by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances. | Under Indiana law, Malice may be shown by evidence of personal animosity or inferred from a complete lack of probable cause or a failure to conduct an adequate investigation under the circumstances. | Can evidence of personal animosity show the malice required for malicious prosecution? |
| 7366 | Garris v. Governing Bd. of S.C. Reinsurance Facility, 333 S.C. 432, 453 (1998) | 18 | In the absence of any statutory or other controlling provision, the common-law rule that a majority of a whole administrative board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum. | "In the absence of any statutory or other controlling provision, the common-law rule that a majority of the whole board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum." | Is a majority of a whole administrative board necessary to constitute a quorum? |
| 7368 | Alabama Power Co. v. Cullman Cty. Elec. Membership Corp., 234 Ala. 396, 402 (1937) | 9 | A corporation organized under general laws applicable to all corporations may set out a purpose and have the power to engage in utility business, but not be a utility, until it engages in such service or holds itself out to do so. | A corporation organized under general laws applicable to all corporations may set out a purpose and have the power to engage in the utility business, but not be a utility until it engaged in such service or holds itself out to do so. | "When is a corporation, organized under the general laws applicable to all corporations, having the power to engage in the utility business a utility?" |
| 7370 | Goedmakers v. Goedmakers, 520 So. 2d 575, 578 (Fla. 1988) | 4 | Although the venue statute gives plaintiff the right to sue in any of three specific forums but that right is subject to the limitation of the common-law distinctions between local and transitory actions. West's F.S.A. S 47.011. | Although the venue statute gives plaintiffs the right to sue in any of three specific forums, that right is subject to the limitations of the common law distinctions between local and transitory actions. | Are venue statutes subject to the limitations of common law distinctions between local and transitory actions? |
| 7371 | State Farm Lloyds v. Rathgeber, 453 S.W.3d 87, 103–04 (Tex. App. 2014) | 8 | As far as constitutional takings principles are concerned, a governmental ratemaker is not bound to the use of any single formula or combination of formulae in determining rates. U.S.C.A. Const.Amend. 5; Tex. Const. art. 1, S 17(a). | Thus, as far as constitutional takings principles are concerned, a governmental ratemaker "[i]s not bound to the use of any single formula or combination of formulae in determining rates." | Are governmental rate makers bound to use any single formula or combination of formulae in determining rates in takings? |
| 7372 | In re Plant Insulation Co., 485 B.R. 203, 217 (N.D. Cal. 2012) | 7 | Generally, bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation. U.S.C.A. Const.Amend. 5. | Generally, of course, "[t]he bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." United States v. | Is the bankruptcy power subject to the Fifth Amendment's prohibition against taking private property without compensation? |
| 7373 | William J. Templeman Co. v. Liberty Mut. Ins. Co., 316 Ill. App. 3d 379, 388, 735 N.E.2d 669, 678 (2000) | 25 | Termination of a prior proceeding in favor of the plaintiff is an essential element in a cause of action for malicious prosecution, which must be factually set forth in the complaint. | "It is well settled that 'the termination of a prior proceeding in favor of the plaintiff * * * is an essential element in a cause of action for malicious prosecution which must be factually set forth in the complaint.' " | Is it necessary to factually allege favorable termination of prior action in a malicious prosecution action? |
| 7378 | Gulf Coast Waste Disposal Auth. v. Four Seasons Equip., 321 S.W.3d 168, 176 (Tex. App. 2010) | 19 | A compensable regulatory taking can occur when a governmental unit imposes restrictions that either deny a property owner all economically viable use of its property or unreasonably interfere with the owner's right to use and enjoy the property. Vernon's Ann.Texas Const. Art. 1, S 17. | A compensable regulatory taking can occur when a governmental unit imposes restrictions that either deny a property owner all economically viable use of its property or unreasonably interfere with the owner's right to use and enjoy the property. | When does a compensable regulatory taking occur under the takings law? |

| | | | | | |
|---|---|---|---|---|---|
| 7379 | Owens v. Green, 321 S.W.3d 168, 176 (Tex. App. 2010) | 4 | An allegation of conspiracy, collusion and fraud must show the facts upon which the allegation is based, and a general charge that a party acted fraudulently or was guilty of fraud is a statement of a conclusion. | An allegation of conspiracy, collusion and fraud must show the facts upon which the allegation is based, and a general charge that a party acted fraudulently or was guilty of fraud is a statement of a conclusion and is not good pleading. | Is a general charge that a party acted fraudulently a conclusion? |
| 7381 | Hosszu v. Barrett,  202 F. Supp. 3d 1101, 1105 (D. Ariz. 2016) | 1 | To survive a motion to dismiss, a plaintiff bringing a defamation claim must not only establish that the statements about which she complains are reasonably capable of sustaining a defamatory meaning, she must also show that they are not mere comment within the ambit of the First Amendment. U.S. Const. Amend. 1; Fed. R. Civ. P. 12(b)(6). | "[T]o survive [a] motion to dismiss, [a plaintiff] must not only establish that the [statements] about which [she] complain[s] are reasonably capable of sustaining a defamatory meaning, [she] must also show that they are not mere comment within the ambit of the First Amendment." | How can a plaintiff survive a motion to dismiss a defamation claim? |
| 7384 | In re Stone & Webster,  373 B.R. 353, 363 (Bankr. D. Del. 2007) | 13 | As equitable doctrine, subrogation should be applied only in the exercise of a proper equitable discretion, with due regard for legal and equitable rights of others. | As an equitable doctrine, subrogation should only be applied in the " 'exercise of a proper equitable discretion, with a due regard for the legal and equitable rights of others.' | "As equitable doctrine, should subrogation be applied only in the exercise of a proper equitable discretion, with due regard for legal and equitable rights of others?" |
| 7385 | Messner v. Am. Union Ins. Co., 119 S.W.3d 642, 649 (Mo. Ct. App. 2003) | 9 | Although subrogation originated as a common law equitable doctrine that had as its aim the advancement of justice and the prevention of injustice, the right to invoke the doctrine of subrogation may be contractual. | Although subrogation originated as a common law equitable doctrine that had as its aim the advancement of justice and the prevention of injustice, Metmor Fin., Inc. v. Landoll Corp., 976 S.W.2d 454, 461[8] (Mo.App.1998), "the right to invoke the doctrine of subrogation may be contractual." Anison v. | Is advancement of justice and prevention of injustice the goal of the doctrine of equitable subrogation? |
| 7386 | New Hampshire Ins. Co. v. Kansas Power & Light Co., 212 Kan. 456, 457 (1973) | 2 | Right of subrogation of insurer arises by operation of law without regard to whether there is any provision in insurance policy or any writing declaring such right; it is creature of equity and does not spring from contract. | The right of subrogation of an insurer arises by operation of law without regard to whether there is any provision in the insurance policy or any writing declaring such right; it is a creature of equity and does not spring from contract. | Is the right of subrogation based on a contract or an equitable right that arises by operation of law? |
| 7389 | Cotter Corp. v. Am. Empire Surplus Lines Ins. Co., 90 P.3d 814, 833 (Colo. 2004) | 25 | Although subrogation can occur by contract, equitable subrogation is an equitable principle that allows a party secondarily liable who has paid the debt of the party who is primarily liable to institute a recovery action in order to be made whole. | Although subrogation can occur by contract, equitable subrogation is an equitable principle that allows "a party secondarily liable who has paid the debt of the party who is primarily liable [to] institute a recovery action in order to be made whole." | Does a subrogation right secure the repayment of a secondarily liable party? |

| 7390 | In re Mr. R's Prepared Foods, 251 B.R. 24, 29 (D. Conn. 2000) | 10 | It is generally held that, when guarantor honors his guarantee by paying debt, he is, at least as against the debtor primarily liable, subrogated to all the rights and remedies of creditor, even without formal assignment of debt or judgment. | "It is generally held that in equity when one standing in such a relation (guarantor) pays he is, at least as against the debtor primarily liable, subrogated to all the rights and remedies of the creditor, and this even without a formal assignment of the debt or judgment. | Does the doctrine of equitable subrogation give a guarantor the right to be subrogated to any and all rights that a creditor or subrogor has against the debtor? |
|---|---|---|---|---|---|
| 7391 | Am. Safety Equip. Corp. v. J. P. Maguire & Co., 391 F.2d 821, 825 (2d Cir. 1968) | 4 | The remedy a statute provides for violation of the statutory right it creates may be sought, not only in any court of competent jurisdiction, but also in any other competent tribunal, such as arbitration, unless right itself is of a character inappropriate for enforcement by arbitration. 9 U.S.C.A. SS 2-4, 6. | We think that the remedy a statute provides for violation of the statutory right it creates may be sought not only in any 'court of competent jurisdiction' but also in any other competent tribunal, such as arbitration, unless the right itself is of a character inappropriate for enforcement by arbitration. | When can parties choose arbitration for violations of statutory rights? |
| 7393 | Norman v. Bozeman, 605 So. 2d 1210, 1213 (Ala. 1992) | 1 | While law presumes that property purchased with partnership funds is partnership property, mere use of partnership funds does not necessarily make property the property of the partnership; question becomes one of intention: whether particular circumstances of case indicate that property acquired with partnership funds was intended to be partnership property. | While it is true that the law presumes that property purchased with partnership funds is partnership property, the mere use of partnership funds does not necessarily make the property the property of the partnership; the question becomes one of intention-whether the particular circumstances of the case indicate that the property acquired with partnership funds was intended to be partnership property. | Is property acquired with partnership funds a partnership property? |
| 7394 | Krengiel v. Lissner Corp., 250 Ill. App. 3d 288, 294 (1993) | 10 | Party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve issue for review, and failure to raise such objection constitutes waiver of issue on appeal. | Consequently, a party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve the issue for review, and the failure to raise such an objection constitutes a waiver of the issue on appeal. | Is a trial court's ruling on a motion in limine interlocutory and subject to change during the course of trial? |
| 7396 | One Bluff Drive v. K.A.P., 330 Ga. App. 45, 51–52 (2014) | 16 | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which *52 the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, **515 the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Is a motion in limine properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? |

| 7399 | Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850, 859, 726 N.E.2d 594, 600–01 (1999) | 2 | "Motion in limine" is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when the motion is granted. | A motion in limine "is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted." | Does finality attach when a motion in limine is granted? |
|---|---|---|---|---|---|
| 7400 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 4 | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | A motion in limine provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Does a ""motion in limine"" enable a trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial?" |
| 7404 | Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 144 Tex. 475, 482, 191 S.W.2d 716, 721 (1945) | 5 | The "accrual of a cause of action" means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has "accrued". | The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued. | Does accrual of cause of action mean right to institute and maintain suit? |
| 7405 | Band's Refuse Removal v. Borough of Fair Lawn, , 62 N.J. Super. 522, 540, 163 A.2d 465, 474 (App. Div. 1930) | 5 | Generally, a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action against another. | Generally, a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action against another. | Is a cause of action deemed to accrue when facts exist which authorize one party to maintain an action against another? |
| 7406 | In re Lather's Estate, 215 Wis. 151, 251 N.W. 466, 469 (1933) | 6 | A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier. | "A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier." | "Does a cause of action ""accrue"" before the party owning it is entitled to begin and prosecute action thereon?" |
| 7407 | Congregation Jeshuat Israel v. Congregation Shearith Israel, I, 186 F. Supp. 3d 158, 211 (D.R.I. 2016) | 33 | Although a charitable trust must benefit the public at large, oftentimes the settlor directs that his bounty be distributed among a class or group, which serves as the conduit through which the settlor desires the public benefits to flow. | Although a charitable trust must benefit the public at large, oftentimes "the settlor directs that his bounty be distributed among a class or group," which serves as the "conduit through which the settlor desires the public benefits to flow." | Should beneficiaries of charitable trust be the public at large? |
| 7408 | United States v. Felix-Gutierrez, 940 F.2d 1200, 1205 (9th Cir. 1991) | 8 | Law of nations permits exercise of criminal jurisdiction by nation under five general principles: territorial, national, protective, universality, and passive personality. | The law of nations permits the exercise of criminal jurisdiction by a nation under five general principles: territorial, national, protective, universality, and passive personality. | What are the five general principles under which the law of nations permits the exercise of criminal jurisdiction? |
| 7409 | Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083, 1089 (9th Cir. 2009) | 14 | Even though the validity of the act of a foreign sovereign within its own territory is called into question, the policies underlying the act of state doctrine may not justify its application. | "[E]ven though the validity of the act of a foreign sovereign within its own territory is called into question, the policies underlying the act of state doctrine may not justify its application." | Can the policies underlying the act of state doctrine justify its application? |

| 7411 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717, 726 (D. Md. 2014) | 10 | The act of state doctrine's purpose is to prevent judicial pronouncements that would disrupt the foreign relations of the United States. | "The doctrine's purpose is to prevent judicial pronouncements that would disrupt this country's foreign relations." | Is the purpose of the act of state doctrine to prevent judicial pronouncements that would disrupt foreign relations of the United States? |
|---|---|---|---|---|---|
| 7412 | George Lawrence v. Brodie, 302 Mass. 557, 560, 20 N.E.2d 413, 414–15 (1939) | 4 | A general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated and is not an allegation of a distinct substantive fact and is not admitted on demurrer. | It is also true that a general averment that a defendant owes a plaintiff is a mere statement of a conclusion of law from facts previously stated, is not an allegation **415 of a distinct substantive fact, and is not admitted on demurrer. | Is an averment that the defendant owes the plaintiff admitted on demurrer? |
| 7413 | Allied Prop. & Cas. Ins. Co. v. Good, 919 N.E.2d 144, 151 (Ind.App.,2009) | 1 | A ruling on a motion in limine is not final on the admissibility of evidence and instead is designed to prevent mention of prejudicial material to the jury before the trial court has had the opportunity to consider its admissibility. | A ruling on a motion in limine is not final on the admissibility of evidence and instead is designed to prevent mention of prejudicial material to the jury before the trial court has had the opportunity to consider its admissibility. | Are motions in limine designed to produce a trial without the introduction of prejudicial material? |
| 7414 | Woods v. Schmitt, 439 N.W.2d 855, 865 (Iowa 1989) | 13 | Application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted facts that appear in pleadings. Rules Civ.Proc., Rule 105. | An application for separate adjudication of law points is properly considered only when the questions of law arise from uncontroverted facts which appear in the pleadings. | Is an application for separate adjudication of law points considered only when questions of law arise from uncontroverted pleadings? |
| 7415 | Heidelberg v. State, 36 S.W.3d 668, 673 (Tex. App. 2001) | 12 | When a trial court issues an order granting a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. | When a trial court issues an order granting such a motion, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. | "When the trial court grants a motion in limine, does the opposing party have a duty to comply with the ruling and instruct the witnesses to do so as well?" |
| 7416 | Chicago Exhibitors Corp. v. Jeepers! of Illinois, 376 Ill. App. 3d 599, 606, 876 N.E.2d 129, 136 (2007) | 1 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | "A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence," and, generally, this "court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion." | Does a trial court has the inherent power to deny or grant a motion in limine? |
| 7418 | Shark v. Thompson, 373 N.W.2d 859, 864 (N.D. 1985) | 9 | "Motion in limine" is a procedural tool used to insure that potentially prejudicial evidentiary matters are not discussed in presence of jury. | A motion in limine is a procedural tool used to ensure that potentially prejudicial evidentiary matters are not discussed in the presence of the jury. | Is a motion in limine a procedural tool used to ensure that potentially prejudicial evidentiary matters are not discussed in the presence of the jury? |
| 7420 | Murray v. Payne, 437 So. 2d 47, 52 (Miss. 1983) | 4 | A surety's right of subrogation, recognized by statute, is his equitable right to assert rights of creditor against debtor; upon payment, surety is said to "stand in the shoes" of the creditor. Code 1972, S 75-3-415. | A surety's right of subrogation, recognized by the above statute, is his equitable right to assert the rights of the creditor against the debtor. Upon payment, the surety is said to "stand in the shoes" of the creditor. | "Is a surety's right of subrogation, recognized by statute, or his equitable right to assert rights of a creditor against a debtor?" |

| 7421 | ADP Marshall v. Noresco, 710 F. Supp. 2d 197, 245–46 (D.R.I. 2010) | 24 | Although subrogation may originate from a contractual agreement, it is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Although subrogation may originate from a contractual agreement, " '[i]t is a creature of equity; it is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties.' | Is subrogation independent of any contractual relations between the parties? |
| 7422 | Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637, 647 (8th Cir. 2017) | 9 | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | The in pari delicto defense provides that "a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party." | What is it called if a cause of action rests on an illegal act? |
| 7423 | Onwukwe v. Ike, 137 S.W.3d 159, 165 (Tex. App. 2004) | 17 | "Restricted appeal" is only available when (1) it is brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of is apparent from the face of the record. Rules App.Proc., Rule 30. | Restricted appeal is only available when (1) it is brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the "actual trial," and (4) the error complained of is apparent from the face of the record. TEX.R.APP. P. 30; Brown v. | When is a restricted appeal available? |
| 7424 | Granite Beach Holdings v. State ex rel. Dep't of Nat. Res., 103 Wash. App. 186, 205 (2000) | 21 | An action for inverse condemnation must be based upon an injury to a right in private property, and not merely a privilege. West's RCWA Const. Art. 1, S 16. | An action for inverse condemnation must be based upon an injury to a right in private property and not merely a privilege. | Should an action for inverse condemnation be based upon an injury to a right in private property and not merely a privilege? |
| 7425 | Libyan Am. Oil Co. v. Socialist People's Libyan Arab Jamahirya, 482 F.Supp. 1175, 1178 (D.C.D.C., 1980) | 3 | Practice counseling judicial abstention from passing on effectiveness of acts of foreign sovereigns is termed the "act of state doctrine." | The practice that counsels this judicial abstention from passing on the effectiveness of the acts of foreign sovereigns is termed the act of state doctrine. | Is the practice of judicial abstention from passing on effectiveness of acts of foreign sovereigns termed the act of state doctrine? |
| 7426 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516, 521 (2d Cir. 1985) | 6 | The "act of state" doctrine demands case-by-case analysis of extent to which, in context of particular dispute, separation of powers concerns are implicated. | The doctrine demands a case-by-case analysis of the extent to which in the context of a particular dispute separation of powers concerns are implicated. | Does the act of state doctrine demand case-by-case analysis of extent to which separation of powers concerns are implicated? |
| 7429 | United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999) | 2 | Under the "territorial principle" of international law, a state has jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state. | Under the "territorial principle" of international law, a "state has jurisdiction to prescribe and enforce a rule of law in the territory of another state to the extent provided by international agreement with the other state." | "Under the territorial principle of international law, does a state have jurisdiction to prescribe and enforce a rule of law in the territory of another state?" |
| 7430 | Bandes v. Harlow & Jones, 852 F.2d 661, 666 (C.A.2 (N.Y.),1988) | 1 | Touchstone of act of state doctrine is principle of comity between nations; courts in one country should avoid inquiries respecting validity of acts executed by foreign sovereign within its territory. | The touchstone of the doctrine is the principle of comity between nations-courts in one country should avoid inquiries respecting the validity of the acts executed by a foreign sovereign within its territory. | Is a touchstone of the act of state doctrine a principle of comity between nations? |

| 7432 | Chapman v. Hubbard Woods Motors, 351 Ill. App. 3d 99, 110, 812 N.E.2d 389, 399 (2004) | 21 | Trial court's decision regarding whether an opinion has been adequately disclosed such that it may be admitted into evidence is also reviewed under the abuse of discretion standard. | In addition, a trial court's decision regarding whether an opinion has been adequately disclosed such that it may be admitted into evidence is also reviewed under the abuse of discretion standard. | Is the trial courts discretion to grant or deny a motion in limine reviewed under the same standard as an opinion of adequate disclosure? |
| 7433 | Smith v. Polsky, 796 S.E.2d 354, 358 (2017) | 1 | A "motion in limine" seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial, and is recognized in both civil and criminal trials. | It is well established that [a] motion in limine seeks pretrial determination of the admissibility of evidence proposed to be introduced at *594 trial, and is recognized in both civil and criminal trials. | Does a motion in limine seek pretrial determination of the admissibility of evidence proposed to be introduced at trial? |
| 7434 | Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 217 (Tex. 2002) | 10 | A regulatory agency's rate-making authority authorizes it to approve a tariff's provision limiting liability, because a limitation on liability is an inherent part of the rate the utility charges for its services. | [10] A regulatory agency's rate-making authority authorizes it to approve a tariff's provision limiting liability, because a limitation on liability is an inherent part of the rate the utility charges for its services. | Is the limitation on liability an inherent part of the rate a utility charges for its services? |
| 7436 | Lloyd Wood Const. Co. v. Con-Serv, 285 Ala. 409, 414 (1970) | 1 | As to subrogation rights, a surety does not stand in shoes of debtor whose performance he assured; rather, he takes position of creditor who has been satisfied by surety. | As to subrogation rights, a surety does not stand in the shoes of the debtor whose performance he assured; rather he takes the position of the creditor who has been satisfied by the surety. | "As to subrogation rights, does a surety stand in the shoes of a debtor whose performance he assured?" |
| 7437 | State v. Bennett, 307 Conn. 758, 765 (2013) | 12 | In order to be convicted under murder statute, the defendant must possess the specific intent to cause the death of the victim. | "In order to be convicted under our murder statute, the defendant must possess the specific intent to cause the death of the victim.... | Should the defendant possess the specific intent to cause the death of the victim in order to be convicted under murder statute? |
| 7438 | Greer v. Skyway Broad. Co., 256 N.C. 382, 391 (1962) | 4 | Any written or spoken words or pictures falsely imputing that one is guilty of crime of rape or robbery are actionable per se, as charging crimes involving moral turpitude. | Any written or spoken words or pictures falsely imputing that a person is guilty of the crime of rape or robbery are actionable per se, because these crimes involve moral turpitude. | Are words that falsely impute that a person is guilty of the crime of robbery actionable per se? |
| 7439 | Wall v. City of Durham, 41 N.C. App. 649, 659, 255 S.E.2d 739, 745 (1979) | 1 | Public utility, whether publicly or privately owned, may not unreasonably discriminate in distribution of its services or establishment of rates. G.S. SS 160A-312, 160A-314(a). | A public utility, whether publicly or privately owned, may not unreasonably discriminate in the distribution of its services or the establishment of rates. | Can a publicly or privately owned public utility discriminate in the distribution of its services or establishment of rates? |
| 7442 | Biosafe-One v. Hawks, 639 F. Supp. 2d 358, 368 (S.D.N.Y. 2009) | 17 | Under New York law, to prevail on a claim of trespass to chattels, plaintiffs must prove the following four elements: (1) defendants acted with intent, (2) to physically interfere with (3) plaintiffs' lawful possession, and (4) harm resulted. | To prevail on a claim of trespass to chattels, plaintiffs must prove the following four elements: (1) defendants acted with intent, (2) to physically interfere with (3) plaintiffs' lawful possession, and (4) harm resulted. | What has to be proven to prevail on a claim of trespass to chattels? |
| 7443 | Hecht v. Components Int'l, Inc., 22 Misc. 3d 360, 370, 867 N.Y.S.2d 889, 899 (Sup. Ct. 2008) | 29 | Interference with information stored on a computer may give rise to trespass to chattel if plaintiff is dispossessed of the information or the information is impaired as to its condition, quality, or value. Restatement (Second) of Torts S 217 et seq. | Interference with information stored on a computer may give rise to trespass to chattel if plaintiff is dispossessed of the information or the information is impaired as to its condition, quality, or value. | Can interference with information stored on a computer give rise to a trespass to chattel claim? |

| 7445 | Foremost Ins. Co. v. Pub. Serv. Comm'n of Missouri, 985 S.W.2d 793, 797 (Mo. Ct. App. 1998) | 12 | Trespass to a chattel may be committed by intentionally intermeddling with a chattel in the possession of another, and the intention required is present when an act is done for the purpose of using or otherwise intermeddling with a chattel or with knowledge that such an intermeddling will, to a substantial certainty, result from the act. | A trespass to a chattel may be committed by intentionally intermeddling with a chattel in the possession of another, and the intention required is present when an act is done for the purpose of using or otherwise intermeddling with a chattel or with knowledge that such an intermeddling will, to a substantial certainty, result from the act. | Does the tort of trespass to chattel require intentional conduct? |
| --- | --- | --- | --- | --- | --- |
| 7446 | Thurston Motor Lines v. Gen. Motors Corp., 258 N.C. 323, 325, 128 S.E.2d 413, 415 (1962) | 2 | In general cause or right of action accrues, so as to start running of statute of limitations, as soon as right to institute and maintain a suit arises. | In general a cause or right of action accrues, so as to start the running of the statute of limitations, as soon as the right to institute and maintain a suit arises, * * *. | Does a cause of action accrue as soon as the right to institute and maintain a suit arises? |
| 7447 | Webster v. Rushing, 316 So. 2d 111, 114 (La. 1975) | 1 | Affirmative defense raises new matter which, assuming allegations in petition to be true, constitutes defense to action and will have effect of defeating plaintiff's demand on its merits. LSA-C.C.P. arts. 1003, 1005; LSA-R.S. 13:3601(2). | An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. | Will an affirmative defense have the effect of defeating the plaintiffs demand on merits? |
| 7448 | Greer v. Buzgheia,  141 Cal. App. 4th 1150, 1156 (2006) | 4 | A motion in limine is not expressly authorized by statute, but is within the trial court's inherent power to entertain and grant. | The motion in limine is not expressly authorized by statute, but is within the trial court's " 'inherent power to entertain and grant.' | Is a motion in limine expressly authorized by statute or is it within the trial courts inherent power to entertain and grant such motions? |
| 7449 | CMS Energy Corp. v. Attorney Gen., 190 Mich. App. 220, 228, 475 N.W.2d 451, 455 (1991) | 4 | Public Service Commission had authority to fix and regulate reasonable rates, but it is not owner of regulated utility's property, and is not clothed with general power of management incident to ownership. | The PSC has authority to fix and regulate reasonable rates. However, the PSC is not the owner of a regulated utility's property, and the PSC is not clothed with the general power of management incident to ownership. | Is the Public Service Commission (PSC) clothed with the general power of management incident to ownership? |
| 7450 | CompuServe Inc. v. Cyber Promotions, 962 F. Supp. 1015, 1022 (S.D. Ohio 1997) | 2 | Plaintiff can sustain action for trespass to chattels, as opposed to action for conversion, without showing a substantial interference with its right to possession of that chattel. | A plaintiff can sustain an action for trespass to chattels, as opposed to an action for conversion, without showing a substantial interference with its right to possession of that chattel. | Can an action for trespass to chattels be sustained without showing a substantial interference with the right to possession? |
| 7451 | Morrow v. First Interstate Bank of Oregon, N.A., 118 Or. App. 164, 168 (1993) | 2 | In contrast to conversion, in which the interference with the chattel is so great that the actor can justly be required to pay its full value, the gist of the lesser claim of trespass to chattels is the disturbance of the plaintiff's possession. | In contrast to conversion, in which the interference with the chattel is so great that the actor can justly be required to pay its full value, Laursen v. Morris, 103 Or.App. 538, 543, 799 P.2d 648 (1990), rev. den. 311 Or. 150 (1991), the gist of the lesser claim of trespass to chattels is the disturbance of the plaintiff's possession. | Is trespass to chattels a lesser claim than the tort of conversion? |

| 7452 | Westinghouse Elec. Supply Co. v. Brookley, 176 Neb. 807, 819, 127 N.W.2d 465, 472 (1964) | 7 | Whether at law or in equity, cause of action arises only when aggrieved party has right to apply to proper tribunal for relief. | So whether at law or in equity, the cause of action arises when, and only when, the aggrieved party has a right to apply to the proper tribunal for relief. | Does cause of action arise only when aggrieved party has right to apply to proper tribunal for relief? |
|---|---|---|---|---|---|
| 7454 | In re Dow Corning Corp., 287 B.R. 396, 411 (E.D. Mich. 2002) | 3 | While there is presumption against extraterritorial application of United States law, that presumption does not apply in bankruptcy, if ignoring the bankruptcy court's orders would have substantial effects within United States. | The Court agrees that generally, there is a presumption against extraterritorial application of United States law as argued by the Australian Claimants. However, in the bankruptcy context, that presumption does not apply if ignoring the bankruptcy court orders would have "substantial effects within the United States." | "While there is presumption against extraterritorial application of United States law, does that presumption apply in bankruptcy?" |
| 7455 | Dewey v. Dewey, 163 Neb. 296, 296, 79 N.W.2d 578, 579 (1956) | 3 | Whether at law or in equity, cause of action arises when, and only when, the aggrieved party has the right to apply to the proper tribunal for relief. | So whether at law or in equity, the cause of action arises when, and only when, the aggrieved party has a right to apply to the proper tribunal for relief. | "Does cause of action arise when, and only when, the aggrieved party has the right to apply to the proper tribunal for relief?" |
| 7456 | Coconino Cty. v. Lewis, 76 Ariz. 88, 91, 259 P.2d 256, 258 (1953) | 2 | The office of clerk of court, whose duties are to keep records, enter judgments and orders as directed by court, issue process, and otherwise perform clerical work required by statute and required by court to keep its records, is essentially ministerial and not judicial. | The clerk's office is essentially ministerial and not judicial. His duties are to keep the records, enter judgments and orders as directed by the court, issue process, and otherwise perform the clerical work required by the statute and required by the court to keep its records. | What are the duties of a court clerk? |
| 7459 | Flacke v. Onondaga Landfill Sys., Inc., 127 Misc. 2d 984, 991, 487 N.Y.S.2d 651, 658 (Sup. Ct. 1985) | 9 | Where warrantless and unannounced inspections are necessary for effective enforcement of regulatory scheme, valid statute may serve as substitute for warrant. | In effect, where, as here, warrantless and unannounced inspections are necessary for effective enforcement of such a regulatory scheme, a valid statute may serve as a substitute for the warrant | "Can a statute serve as a valid substitute for a warrant, where warrantless and unannounced inspections are necessary?" |
| 7461 | Wilhite v. Pub. Serv. Comm'n, 150 W. Va. 747, 149 S.E.2d 273 (1966) | 4 | Mere fact that a product which is usually dispensed by or sold by a utility to the public is being furnished does not make every person, firm or corporation selling such product a public utility; if such product is sold under private contract and the seller does not hold himself out to sell such product to the public or render some service to the public he is not a "public utility". Code, 24-1-1. | Mere fact that a product which is usually dispensed by or sold by a utility to the public is being furnished does not make every person, firm or corporation selling such product a public utility; if such product is sold under private contract and the seller does not hold himself out to sell such product to the public or render some service to the public he is not a "public utility". Code, 24–1–1. | Does the mere fact of selling things ordinarily sold by public utilities render the seller a public utility? |

| 7462 | Application of Crusader Coach Lines, 213 Neb. 53, 54, 327 N.W.2d 98, 99 (1982) | 6 | Issue of public convenience and necessity is ordinarily one of fact and where there is evidence in record to sustain Public Service Commission's order, the Supreme Court cannot say that it is unreasonable and arbitrary. | The issue of public convenience and necessity is ordinarily one of fact, and where there is evidence in the record to sustain the Public Service Commission's order, this court cannot say that it is unreasonable and arbitrary. | Is the issue of public convenience and necessity one of fact? |
| --- | --- | --- | --- | --- | --- |
| 7465 | Samuel J. Lansberry v. Pennsylvania Pub. Util. Comm'n, 66 Pa. Cmwlth. 381, 387–88 (1982) | 2 | Where proposed common carrier services are different, inadequacy of existing service need not necessarily be established to secure a certificate of public convenience and necessity and proof of public necessity alone may support the certificate, but where the proposed services are identical to existing services, a showing of inadequacy is required. 66 Pa.C.S.A. SS 1103, 1103(a). | This distinction has dictated that, where the proposed services are different, inadequacy of existing service need not necessarily be established in order to secure a certificate of public convenience. Rather, proof of public necessity for the service alone may support the certificate. See Gettysburg Tours; Pennsylvania Railroad. But, where the proposed services are identical 6 to existing **835 services, a showing of *388 inadequacy is required. | Should an applicant establish inadequacy of an existing service to secure a certificate of public convenience if the proposed service is different from the existing service? |
| 7466 | Wolters v. Am. Republic Ins. Co., 149 N.H. 599, 601, 827 A.2d 197, 200 (2003) | 9 | In any subrogation case, the burden of proving entitlement is on the subrogee, which generally must prove the existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement. | In any subrogation case, the burden of proving entitlement is on [the] subrogee, which generally includes proof of: [t]he existence and applicability of equitable principles or contractual provisions as to subrogation and reimbursement." | "Is the burden of proving entitlement on the subrogee, which generally includes proof of the existence and applicability of the equitable principle?" |
| 7469 | Multiplex Concrete Mach. Co. v. Saxer, 310 Mich. 243, 258 (1945) | 11 | Evidence of disposition of mortgaged property after replevin by mortgagee is immaterial in replevin action, the rights of the parties being fixed by situation at time the writ was issued. | Evidence of the disposition of the mortgaged property after replevin by the mortgage is immaterial, in a replevin action, the rights of the parties being fixed by the situation at the time the writ was issued. | Is evidence of the disposition of mortgaged property after replevin by mortgage immaterial in a replevin action? |
| 7470 | Mem'l Hosp. v. Heckler, 706 F.2d 1130, 1136 (11th Cir. 1983) | 6 | A court should apply the law in effect at time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | A court should apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should the court apply the law in effect at time of the decision? |
| 7471 | Fraser v. Wright, 54 R.I. 422, 173 A. 544, 545 (R.I. 1934) | 3 | Answer must set up every ground and circumstance on which defendant intends to rely as defense, either entire or partial, and defenses not set up are waived. | A respondent who answers must set up every ground and circumstance on which he intends to rely as a defense, either entire or partial, and defenses not set up are deemed waived. | Should a defendant who answers must set up every ground and circumstance on which he intends to rely as a defense? |

| | | | | | |
|---|---|---|---|---|---|
| 7472 | State Mut. Life Assur. Co. of Worcester, Mass. v. Heine, 141 F.2d 741, 744 (C.A.6 1944) | 4 | The courts have concurrent jurisdiction in equity and at law and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor. | The courts have concurrent jurisdiction in equity and at law, and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right, and where enforcement lies within the conscience of the Chancellor. | Do the courts have concurrent jurisdiction in equity and at law? |
| 7473 | Edward Balf Co. v. Town of E. Granby, 152 Conn. 319, 323, 207 A.2d 58, 60 (Conn. 1965) | 2 | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | On the other hand, in the case of actions praying for a declaratory judgment or injunctive relief, since the remedy sought is prospective, the right to such relief is determined by the situation which has developed at the time of trial and not by that existing at the time the action was begun. | "In action for declaratory judgment, should the rights be determined upon the facts in existence when the case is tried?" |
| 7474 | People v. Boguszewski, 220 Ill. App. 3d 85, 87 (1991) | 1 | To sustain conviction for burglary, State must prove either that defendant entered building without authority and with intent to commit felony or theft, or that she remained within building without authority and with intent to commit felony or theft. | To sustain a conviction for burglary, the State is required to prove either that the defendant entered the building without authority and with the intent to commit a felony or theft, or that she remained within the building without authority and with the intent to commit a felony or theft. | What must the State prove to sustain a conviction for burglary? |
| 7475 | Boulanger v. Town of Old Lyme, 51 Conn. Supp. 636, 666, 16 A.3d 889, 908 (Super. Ct. 2010) | 19 | Although property may be taken without any actual appropriation or physical intrusion, there is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose, as where the economic utilization of the land is, for all practical purposes, destroyed. C.G.S.A. Const. Art. 1, § 11. | Although property may be taken without any actual appropriation or physical intrusion ... there is no taking in a constitutional sense unless the property cannot be utilized for any reasonable and proper purpose ... as where the economic utilization of the land is, for all practical purposes, destroyed.... | What does the word taken imply under the taking laws? |
| 7476 | Feigenbaum v. Guaracini, 402 N.J. Super. 7, 20 (App. Div. 2008) | 15 | The doctrine of equitable subrogation should not be imposed where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application. | The doctrine of equitable subrogation should not be imposed " 'where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application.' | Should the doctrine of equitable subrogation be imposed where its enforcement would be inconsistent with the terms of a contract? |
| 7477 | First Tr. Co. of Lincoln v. Airedale Ranch & Cattle Co., 136 Neb. 521, 286 N.W. 766, 769 (1939) | 1 | When an action is in equity, relief will be administered as the nature of the case and the facts, as they exist at the close of the litigation, demand, rather than as in actions at law where judgment is limited to the facts as they existed at the commencement of the action. | Differing from the rule in actions on the law side of the court, which limits the judgment to the facts as they existed at the commencement of the action, when the action is in equity, relief will be administered as the nature of the case and the facts, as they exist at the close of the litigation, demand." | "When an action is in equity, will relief be administered as the nature of the case and the facts demand?" |

| 7478 | Propst v. Bd. of Educ. Lands & Funds, 156 Neb. 226, 227 (1952) | 9 | Relief granted in equity is generally what nature of the case, facts, and law require at time decree is rendered, not at beginning of litigation. | The relief granted in equity is generally what the nature of the case, the facts, and the law require not at the beginning of the litigation but at the time the decree is rendered. | "Is relief granted in equity generally what nature of the case, facts, and law require at time decree is rendered?" |
| 7479 | United States v. Hawaii Cty., 473 F. Supp. 261, 264–65 (D. Haw. 1979) | 2 | Generally, a court is to apply a law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | A court should apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply a law as it exists at the time of a decision? |
| 7480 | Water Res. Comm'n v. Connecticut Sand & Stone Corp., 170 Conn. 27, 31, 364 A.2d 208, 211 (1975) | 1 | In usual case in which injunctive relief is sought it is court which determines existence of facts which justify extraordinary remedy of injunctive relief, and thus court will usually grant such relief only in light of situation as court finds it to exist at time of trial. | It is true that in the usual case where injunctive relief is sought a court will grant such relief only in light of the situation as the court finds it to exist at the time of trial. Jones v. Foote, 165 Conn. 516, 521, 338 A.2d 467. It is also true, however, that in the usual case it is the court which determines the existence of facts which justify the extraordinary remedy of injunctive relief. | Can a court grant injunctive relief in light of the situation as the court finds it to exist at the time of trial? |
| 7481 | Rohm & Haas Co. v. Permutit Co., 114 F. Supp. 846, 848 (D. Del. 1953) | 3 | A plaintiff's right to recovery depends upon his right at inception of suit and non-existence of cause of action when suit is brought is a fatal defect which cannot be cured by accrual of cause of action pending suit. | [3] The general rule of law is that a plaintiff's right to recovery depends upon his right at the inception of the suit and the non-existence of a cause of action when the suit is brought is a fatal defect which cannot be cured by the accrual of a cause of action pending suit. | Does a plaintiff's right to recovery depend upon his right at the inception of the suit? |
| 7482 | Frankfurt v. D.C., 65 A.2d 197, 200 (D.C. 1949) | 4 | In a possessory action to recover rented premises, rights of the parties and condition of plaintiff's claim are to be tested by the facts as they existed on the date the suit was filed. | We have recently held that in a possessory action the rights of the parties and the condition of plaintiff's claim are to be tested by the facts as they existed on the day the suit was filed. | "In a possessory action to recover rented premises, are the rights of the parties and condition of plaintiff's claim to be tested?" |
| 7483 | E. M. Loew's Enterprises v. Int'l All. of Theatrical Stage Emp., 127 Conn. 415, 418–19, 17 A.2d 525, 527 (Conn. 1941) | 4 | An action for an "injunction" being equitable, whether a plaintiff is entitled to relief is determined not by the situation existing when action was begun, but by that which has developed at the trial, since injunctions fall within the field of "equitable remedies", and not "equitable rights", and are necessarily prospective in their operation. | However that may be, injunctions fall within the *419 field of equitable remedies and not equitable rights; they are necessarily prospective in their operation. An action for an injunction being equitable, whether or not a plaintiff is entitled to relief is determined, not by the situation existing when it is begun, but by that which is developed at the trial. | "An action for an ""injunction"" being equitable, is the question of whether a plaintiff is entitled to relief determined by that which has developed at the trial?" |

| 7485 | Bertelsen v. Cooney, 213 F.2d 275, 276–77 (5th Cir. 1954) | 3 | The power of Congress, under the Constitution, to raise and support Armies, to maintain a Navy, and to draft personnel for service therein, exists in peacetime as well as in war, and is plenary, and it is not for the judiciary to review the legislative branch on question of what military strength is necessary for safety of Nation, nor as to how the forces shall be raised, nor of what elements they shall be composed. Universal Military Training and Service Act, S 4(i) (1, 2) as amended 50 U.S.C.A.Appendix, S 454(i) (2); U.S.C.A.Const. art. 1, S 8; Amends. 5, 13. | Petitioner concedes, as indeed he must in the light of the adjudicated cases, that under *277 Art. 1, sec. 8, of the Constitution, Congress has the power to raise and support armies, to maintain a Navy, and to draft personnel for service therein. This power exists in peace time as well as in war. The power is plenary. It is not for the judiciary to review the legislative branch on the question of what military strength is necessary for the safety of the Nation, nor how the forces shall be raised, nor of what elements they shall be composed. | Do the courts have the power to review the legislative branch on its power to raise and support armies? |
| --- | --- | --- | --- | --- | --- |
| 7490 | Rokeby-Johnson v. Aquatronics Int'l, Inc., 159 Cal. App. 3d 1076, 1084, 206 Cal. Rptr. 232, 237 (Ct. App. 1984) | 2 | When surety seeks recovery against third persons in weighing equities, which includes consideration of negligence of its insured and third persons, burden is upon surety to establish its superior equity. | When a surety seeks recovery against a third person in weighing the equities, which includes consideration of the negligence of its insured and the third person, the burden is upon the surety to establish its superior equity. | "Under the doctrine of superior equities, does the surety has the burden to establish its superior equity in seeking recovery against a third party?" |
| 7491 | Allstate Indem. Co. v. ADT LLC, 110 F.Supp.3d 856, 862 (N.D.Ill., 2015) | 5 | Under Illinois law, subrogation waivers are not true exculpatory provisions, but, rather, they merely allocate risk of loss; they do not immunize the wrongdoer from all liability, nor do they require the injured parties to give up all their claims or leave them uncompensated. | As the Bastian and Hartford courts explained, subrogation waivers are not true exculpatory provisions. They merely allocate risk of loss; they do not immunize the wrongdoer from all liability, nor do they require the injured parties to give up all their claims or leave them uncompensated. | Are waivers of subrogation exculpatory provisions? |
| 7492 | Frago v. Sage, 737 S.W.2d 482, 483 (Mo. App. 1987) | 5 | Burden is placed upon party seeking subrogation to substantiate by clear and convincing evidence that, as between himself at another party, the other party, in equity, should endure the loss. | The burden is placed upon the party seeking subrogation to substantiate by clear and convincing evidence that as between himself and another party, the other party, in equity, should endure the loss. | Should a party seeking equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? |

| 7494 | Holder v. Indus. Comm'n of Arizona, 125 Ariz. 366, 368, 609 P.2d 1066, 1068 (Ct. App. 1980) | 1 | The underlying thrust of Workmen's Compensation Law was to relieve individual workman and his dependents from loss sustained by industrial injury and place burden upon industry as a whole; the theory is to compensate workman for financial loss and loss of earning capacity and thus prevent him and his dependents from becoming public charges, but the Workmen's Compensation Laws were not intended to provide general health and accident insurance coverage or life insurance coverage. A.R.S. S 23-901 et seq. | The underlying thrust of Workmen's Compensation law was to relieve the individual workman and his dependents from the loss sustained by industrial injuries and place the burden upon industry as a whole. Hannon v. Industrial Commission, 9 Ariz.App. 231, 451 P.2d 44 (1969). The theory is to compensate the workman for financial loss and loss of earning capacity. Maness v. Industrial Commission, 102 Ariz. 557, 434 P.2d 643 (1967); Inspiration Consolidated Copper Co. v. Smith, 78 Ariz. 355, 280 P.2d 273 (1955), and thus prevent him and his dependents from becoming public charges. Powell v. Industrial Commission, 104 Ariz. 257, 451 P.2d 37 (1969). However, the Workmen's Compensation laws were not intended to provide general health and accident insurance coverage or life insurance coverage. | Is workers' compensation laws enacted to place the burden of industrial injury and death on industry? |
| 7495 | Serna v. Webster, 908 S.W.2d 487, 490 (Tex. App. 1995) | 6 | To bring appeal by writ of error, appeal must be brought within six months after judgment was signed, by party to suit who did not participate in actual trial, and error must be apparent from face of record. | The requirements for bringing an appeal by writ of error are: (1) the appeal must be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error must be apparent from the face of the record. | What are the requirements for bringing an appeal by writ of error? |
| 7496 | United States v. Holmes, 387 F.2d 781, 784 (7th Cir. 1967) | 5 | Power of Congress to raise armies and to take effective measures to preserve their efficiency is not limited by either the Thirteenth Amendment or the absence of military emergency. Universal Military Training and Service Act, S 12, 50 U.S.C.A. App. S 462; U.S.C.A.Const. Amend. 13. | The power of Congress to raise armies and to take effective measures to preserve their efficiency, is not limited by either the Thirteenth Amendment or the absence of a military emergency. | Is the power of congress to raise armies limited by the thirteenth amendment? |
| 7497 | Comer v. Micor, 436 F.3d 1098, 1101 (9th Cir. 2006) | 2 | Nonsignatories of arbitration agreement may be bound by agreement under ordinary contract and agency principles, including: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel. | Prudential Bache Securities, Inc., 802 F.2d 1185 (9th Cir.1986), we explained that "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." Id. at 1187-88. 5 Among these principles are "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." Thomson-CSF, S.A. | Can nonsignatories of arbitration agreements be bound by the agreement under ordinary contract and agency principles? |

| 7498 | Bank Leumi Tr. Co. of New York v. Bally's Park Place, 528 F. Supp. 349, 354 (S.D.N.Y. 1981) | 3 | Under New York law, although death of maker of check or note does not terminate his liability, it does revoke authority of payee to collect from drawee-bank and relegates payee to status of general creditor of estate of the deceased. McKinney's N.Y. Uniform Commercial Code S 4-405(1). | Furthermore, although the death of the maker of a check or note does not terminate his liability, it does revoke the authority of payee to collect from the drawee-bank and relegates the payee to the status of a general creditor of the estate of the deceased. | Does the death of the maker of a check or instrument terminate his liability? |
|---|---|---|---|---|---|
| 7501 | Brown v. Garcia, 2 Misc. 3d 915, 917, 771 N.Y.S.2d 837 (Civ. Ct. 2004) | 3 | Generally, a party cannot be compelled to litigate a claim and, absent special circumstances, a motion for leave to discontinue should be granted. McKinney's CPLR 3217. | Generally, a party cannot be compelled to litigate a claim and, absent special circumstances, a motion for leave to discontinue should be granted. | Can a party be compelled to litigate a claim and a motion for leave to discontinue be granted absent special circumstances? |
| 7503 | Granda v. State Farm Mut. Ins. Co., 935 So. 2d 698, 703 (La. App. 2006) | 9 | A utility company has no general obligation to guard against rare exigencies such as an out-of-control vehicle leaving a traveled roadway. | A utility company has no **7 general obligation to guard against rare exigencies such as an out-of-control vehicle leaving a traveled roadway. | Does a utility company have an obligation to guard against rare exigencies like an out-of-control vehicle leaving a traveled roadway? |
| 7507 | Jones v. Ayers, 212 Cal. App. 2d 646, 659–60, 28 Cal. Rptr. 223, 232 (Ct. App. 1963) | 14 | Pre-trial hearing and order are intended to facilitate, not to impair or impede, trial and where an issue has been stated in its larger aspect in pre-trial order it is not necessary for court to enumerate its constituent elements as issues still in case. | The pre-trial hearing and order are intended to facilitate the trial, *660 not to impair or impede it. We think that it is unnecessary where an issue has been stated in its larger aspect in the pre-trial order for the court to then enumerate its constituent elements as issues still in the case. | What do the pre-trial hearings and order intend to facilitate? |
| 7510 | Hodge v. Myers, 255 S.C. 542, 547–48, 180 S.E.2d 203, 206 (1971) | 3 | The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issue, to eliminate the doing of useless things, and to facilitate the attainment of justice between the parties. Circuit Court Rules, rule 43. | 'The purposes of pretrial conferences are to expedite trials or shorten the actual period of trial, to narrow or simplify the issues, to eliminate the doing of useless things and to facilitate the attainment of justice between the parties. | Is pretrial practice designed to facilitate attainment of justice between parties? |
| 7511 | Peoples City Bank v. John Hancock Mut. Life Ins. Co., 353 Pa. 123, 130 (1945) | 4 | The rules for pretrial conference provide for a method of simplifying issues and controlling trial procedure, but they were not intended to displace the bill of discovery. Rules of Civil Procedure, rule 212, 12 P.S.Appendix, 17 P.S. SS 282, 283. | While the rules for pre-trial conference provide a method of simplifying issues, and controlling trial procedure, there is nothing to indicate that they were intended to displace the bill of discovery; they do not provide for the compulsory disclosure of evidence by the opposing party under oath-one of the essentials of discovery. | Do the rules for pretrial conference provide for a method of simplifying issues and controlling trial procedure? |
| 7512 | King v. Zimmerman, 266 Mont. 54, 66 (1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | "Is the purpose of the pretrial order to prevent surprise, simplify the issues, and permit the parties to prepare for trial?" |

| 7513 | Pulse v. Hill, 217 Cal. App. 2d 301, 304, 31 Cal. Rptr. 765, 767 (Ct. App. 1963) | 4 | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues, to determine how trial may proceed most expeditiously and to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal.Rules of Court, rules 210(c), 214(1), 216 | The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case. | What is principal purpose of pretrial? |
|---|---|---|---|---|---|
| 7516 | Beckham v. William Bayley Co., 655 F. Supp. 288, 291 (N.D. Tex. 1987) | 6 | Parties' failure to use phrases or terms ordinarily included in arbitration clause is evidence that they did not agree to arbitrate all issues arising out of their business relationship. 9 U.S.C.A. S 1 et seq. | The parties' failure to use phrases or terms ordinarily included in an arbitration clause is evidence that they did not agree to arbitrate all the issues arising out of their business relationship. | What do courts infer when the parties fail to use phrases or terms ordinarily included in an arbitration clause? |
| 7517 | Caribbean S.S. Co., S. A. v. Sonmez Denizcilik Ve Ticaret A. S., 598 F.2d 1264, 1266–67 (2d Cir. 1979) | 4 | One cannot make arbitrable claim out of nonarbitrable one by assigning it to person having broad "any dispute" arbitration contract with party against whom the claim lies, at least in absence of evidence showing that parties to arbitration contract intended such a result. | One cannot make an arbitrable claim out of a non- arbitrable one by assigning it to a person *1267 having a broad "any dispute" arbitration contract with the party against whom the claim lies, at least in the absence of evidence showing that the parties to the arbitration contract intended such a result. | Can a party make an arbitrable claim out of a nonarbitrable agreement by assigning it to another? |
| 7518 | People v. Kwok, 63 Cal. App. 4th 1236, 1256, 75 Cal. Rptr. 2d 40, 53 (1998) | 19 | Laws against burglary are primarily designed not to deter trespass or the supporting theft or felony intended by burglar but rather to forestall germination of situation dangerous to personal safety. | Laws against burglary are primarily designed not to deter trespass or the supporting theft or felony intended by the burglar, but rather " '... to forestall the germination of a situation dangerous to personal safety.' " | Is the burglary statute primarily designed to deter trespass? |
| 7521 | Harris Cty. Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex. App. 1994) | 1 | Plaintiff has absolute right to nonsuit of its case at moment plaintiff files motion with clerk or makes motion in open court. | A plaintiff has an absolute right to a non- suit of its case at the moment the plaintiff files the motion with the clerk or makes a motion in open court. | Does a plaintiff have an absolute right to nonsuit of its case at a moment a plaintiff files a motion with a clerk or makes a motion in open court? |
| 7522 | Fields Bros. Gen. Contractors v. Ruecksties, 288 Ga. App. 674, 676, 655 S.E.2d 282, 284–85 (2007) | 2 | A pretrial order is to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues. | "A pretrial order is to be construed liberally to allow the consideration of all questions fairly within the ambit of contested **285 issues." | Is a pre-trial order to be construed liberally to allow the consideration of all questions fairly within the ambit of contested issues? |
| 7524 | In re Big Horn River Sys., 2004 WY 21, 85 P.3d 981, 995–96 (Wyo. 2004) | 10 | For the judicial system to operate efficiently, courts must have authority to establish scheduling orders governing litigation before them. | For our judicial system to operate efficiently, courts must have authority to establish scheduling orders governing *996 litigation before them. | "For the judicial system to operate efficiently, should courts have the authority to establish scheduling orders governing litigation before them?" |
| 7525 | Whitehawk v. Clark, 238 Mont. 14, 19, 776 P.2d 484, 487 (1989)4 | 4 | Purpose of pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on basis of pretrial order. | The purpose of the pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on the basis of the pretrial order. | "Can pretrial order prevent surprise, simplify issues and permit counsel to prepare for trial on basis of pretrial order?" |

| 7526 | Bump v. Firemens Ins. Co. of Newark, N.J., 380 N.W.2d 268, 273 (Neb. 1986) | 2 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Pretrial conferences are conducted to simplify and narrow issues presented in a case. Issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Does issues specified at a pretrial conference control the course of an action and constitute the issues on which the case is tried? |
|---|---|---|---|---|---|
| 7528 | In re W.D.W., 173 S.W.3d 607, 614 (Tex. App. 2005) | 9 | The purpose of rule requiring pretrial disclosure of expert witnesses is to give the opposing party sufficient information about the expert's opinions to prepare for cross-examination of the expert and to present rebuttal evidence from its own experts. Vernon's Ann.Texas Rules Civ.Proc., Rule 194.2. | The purpose of rule 194 requiring pretrial disclosure of expert witnesses is to give the opposing party sufficient information about the expert's opinions to prepare for cross-examination of the expert and to present rebuttal evidence from its own experts. | What is the purpose of pretrial disclosure rule with regard to expert witness and experts opinions? |
| 7530 | Cooper v. Rosser, 232 Ga. 597, 598, 207 S.E.2d 513, 515 (1974) | 3 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues. Where the question of precluding issues is raised the matter is within the discretion of the trial judge. | Is preclusion of issues by the pretrial order within the discretion of the trial court? |
| 7531 | Itron v. Consert Inc., 109 A.3d 583, 587–88 (Del. Ch. 2015) | 5 | A court also may relieve counsel from any statement or stipulation made during a pretrial conference in order to prevent injustice. | "[A] court also may relieve counsel from any statement or stipulation made during a conference in order to prevent injustice. | Can a court relieve counsel from any statement or stipulation made during a pretrial conference in order to prevent injustice? |
| 7533 | In re Sears, Roebuck & Co., 146 S.W.3d 328, 332 (Tex. App. 2004) | 6 | Although some requested documents may be relevant, a discovery request may still be overbroad as phrased or impose an unreasonable expense. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.4. | However, though some requested documents may be relevant, a discovery request may still be overbroad as phrased or impose an unreasonable expense. | "Although some requested documents may be relevant, may a discovery request still be overbroad as phrased or impose an unreasonable expense?" |
| 7534 | Klinghoffer v. Barasch, 4 Cal. App. 3d 258, 261, 84 Cal. Rptr. 350, 352 (Ct. App. 1970) | 1 | Where no affirmative relief has been sought in the pleadings, privilege of dismissing belongs to plaintiff, and may be exercised by him without knowledge of parties or consent of court. West's Ann.Code Civ.Proc. SS 387, 581, subds. 1, 5. | In a case coming within this statute, where no affirmative relief has been sought in the pleadings, the privilege of dismissing belongs to the plaintiff, and may be exercised by him without the knowledge of the parties or the consent of the court. | "Where no affirmative relief has been sought in the pleadings, does the privilege of dismissing belong to a plaintiff?" |
| 7535 | Dean v. Lehman, 143 Wash. 2d 12, 38, 18 P.3d 523, 537 (2001) | 19 | A "tax" is an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities; it is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | As the majority correctly observes, a tax is: an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities[,] [and i]t is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | What is a tax in the strictest sense of the word? |

| 7536 | NetJets Aviation v. Guillory, 207 Cal. App. 4th 26, 41 (2012) | 7 | Every system of taxation consists of two parts, which are (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection; the former is a legislative function, while the latter is mere machinery, and is delegable to other than governmental agencies. | Every system of taxation consists of two parts: (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection. The former is a legislative function; the latter is mere machinery, and is delegable to other than governmental agencies. | Are the steps taken for tax assessment and collection a part of every system of taxation? |
|---|---|---|---|---|---|
| 7539 | In re Bethlehem Steel Corp., 390 B.R. 784, 790 (S.D.N.Y. 2008) | 3 | Even with broad form arbitration clause, if claims present no questions in respect of parties' rights and obligations under agreements, they are outside purview of arbitration clause and are not arbitrable. | However, even with a broad form clause, if the claims present "no questions in respect of the parties' rights and obligations under [the agreements]," they are outside the purview of the arbitration clause and are not arbitrable. | Can claims be arbitrable if they do not present questions in respect to the rights and obligations under the agreement? |
| 7542 | U.S. v. Buenrostro, 781 F.3d 864, 868 (7th Cir. 2015) | 2 | The $5,000 element of federal bribery statute pertains to subject matter of bribe, which must be valued at $5,000 or more; in other words, the business or transaction sought to be influenced must have a value of $5,000 or more. 18 U.S.C.A. S 666(a)(2). | The $5,000 element of § 666 pertains to "the subject matter of the bribe," which "must be valued at $5,000 or more." United States v. Robinson, 663 F.3d 265, 271 (7th Cir.2011). In other words, the " 'business' or 'transaction' sought to be influenced must have a value of $5,000 or more." Id., quoting 18 U.S.C. § 666(a)(2). | "Under the bribery statute, must the business or transaction sought to be influenced have a value of $5,000 or more?" |
| 7544 | Coley v. N. Carolina Nat. Bank, 41 N.C. App. 121, 125–26, 254 S.E.2d 217, 220 (1979) | 3 | To sufficiently plead fraudulent misrepresentation, it is not sufficient to conclusively allege that corporation made fraudulent misrepresentations; pleader in such situation must allege specifically the individuals who made the misrepresentations of material fact, time the alleged misstatements were made, and place or occasion at which they were made. Rules of Civil Procedure, rule 9(b), G.S. S 1A-1. | The defendant North Carolina National Bank is a corporation; Ipso facto, any fraudulent misrepresentations attributable to it would necessarily have been made by natural persons acting as its agents. It is not sufficient to conclusively allege that a corporation made fraudulent misrepresentations; the pleader in such a situation must allege specifically the individuals who made the misrepresentations of material fact, the time the alleged misstatements were made, and the place or occasion at which they were made. | Is it sufficient to conclusively allege that a corporation made fraudulent misrepresentations? |
| 7545 | Brousseau v. Jarrett, 73 Cal. App. 3d 864, 872, 141 Cal. Rptr. 200, 205 (Ct. App. 1977) | 9 | Complaint's conclusory characterization of defendant physician's conduct as intentional, wilful and fraudulent was patently insufficient statement of "oppression, fraud, or malice, express or implied" within meaning of statute authorizing recovery of punitive damages. West's Ann.Civ.Code, S 3294. | We need not reach that issue because the second count's conclusory characterization of defendant's conduct as intentional, wilful and fraudulent is a patently insufficient statement of "oppression, fraud, or malice, express or implied," within the meaning of section 3294. | "Is the conclusory characterization of conduct as intentional, wilful, and fraudulent sufficient?" |

| | | | | | |
|---|---|---|---|---|---|
| 7547 | In re Thompson's Estate, 416 Pa. 249, 261 (1965) | 12 | While "fishing expeditions" are not to be countenanced under guise of discovery, requests for discovery must be considered with liberality as the rule rather than the exception. 20 P.S. S 2080.742; Orphans' Court Rules, S 3, rule 6. | While 'fishing expeditions' are not to be countenanced under the guise of discovery, requests for discovery must be considered with liberality as the rule rather than the exception | "While ""fishing expeditions"" are not to be countenanced under guise of discovery, must requests for discovery be considered with liberality as the rule rather than the exception?" |
| 7549 | Haddock v. J & J Roofing Co., 700 P.2d 935, 936 (Colo. App. 1985) | 3 | Where party fails to comply with pretrial order, trial court has broad discretion in determining sanctions to be imposed. | Where a party fails to comply with the pre-trial order, the trial court has broad discretion in determining the sanctions to be imposed. | "Where a party fails to comply with the pretrial order, does a trial court have broad discretion in determining the sanctions to be imposed?" |
| 7550 | Halpern v. Gunn, 57 A.2d 741, 741 (D.C. 1948) | 1 | "Voluntary nonsuit" by plaintiff is a withdrawal or abandonment of his case with costs adjudged against him, with no adjudication on the merits, and with the right to file a new action, leaving the situation as though action had never been filed. | Under the long-established practice in this jurisdiction a voluntary nonsuit by plaintiff is a withdrawal or abandonment of his case, with costs adjudged against him, with no adjudication on the merits, and with the right to file a new action. It leaves the situation as though suit had never been filed. | Does a nonsuit leave the situation as if the suit had never been filed? |
| 7551 | Whitmore v. Mut. Life Ins. Co. of N. Y., 122 Vt. 328, 328, 173 A.2d 584, 586 (1961) | 1 | Subsequent course of action in trial of a cause is controlled by agreement or admission made at pretrial conference. County Court Rules, rule 3A. | Our rule on procedure is that the subsequent course of action in the trial of a cause is controlled by agreement or admissions made at the pretrial conference. | Is a subsequent course of action in a trial of a cause controlled by agreement or admission made at a pretrial conference? |
| 7552 | Dance v. Manning, 207 N.C. App. 520, 524, 700 S.E.2d 145, 147 (2010) | 3 | Any orders entered in a first, voluntarily dismissed lawsuit have no relevance to the newly filed lawsuit, as the dismissal carries down with it previous rulings and orders in the case. | Any orders entered in the first lawsuit have no relevance to the newly filed lawsuit, as the dismissal " 'carries down with it previous rulings and orders in the case.' | Do orders entered in the first lawsuit have relevance to the newly filed lawsuit as the dismissal carries down with it previous rulings and orders in the case? |
| 7553 | Wynder v. Lonergan, 153 Ind. App. 92, 98, 286 N.E.2d 413, 417 (1972) | 7 | Pretrial order stipulation is conclusive on the parties and court unless stipulation is withdrawn, amended or supplemented as provided by rules. Rules TR. 15(B), 16(I, J) (Rules of Civil Procedure), IC 1971, 34-5-1-1, Rules 15(b), 16(i, j). | A pre-trial order stipulation is conclusive upon the parties and the judicial tribunal unless the stipulation is withdrawn, amended or supplemented as provided by Indiana Rules of Procedure. | "Is a pretrial order stipulation conclusive on the parties and court unless stipulation is withdrawn, amended or supplemented as provided by rules?" |
| 7557 | United States v. Lynch, 807 F. Supp. 2d 224, 232 (E.D. Pa. 2011) | 11 | Bribery requires a specific intent to perform a quid pro quo, and while this intended exchange need not be made explicit between the parties, the Government must allege and prove some facts from which a jury can infer that there was a specific intent to perform an exchange. | The critical holding of Kemp is that bribery requires a specific intent to perform a quid pro quo. Id. While this intended exchange need not be made explicit between the parties, see United States v. Antico, 275 F.3d 245, 257 (3d Cir.2001) the Government must allege and prove some facts from which a jury can infer that there was a specific intent to perform an exchange. | How can a jury infer that there was a specific intent to perform an exchange in a bribery case? |

| | | | | | |
|---|---|---|---|---|---|
| 7560 | Doe v. Doe, 122 Md. App. 295, 358, 712 A.2d 132, 163 (1998) | 22 | Allegations of fraud or characterizations of acts, conduct or transactions as fraudulent, without alleging facts which make them such, are conclusions of law insufficient to state a cause of action. | Furthermore, "[a]llegations of fraud or characterizations of acts, conduct or transactions as fraudulent ... without alleging facts which make them such, are conclusions of law insufficient to state a cause of action." | "Are characterizations of acts, without alleging facts, conclusions of law?" |
| 7561 | Succession of Guidry v. Bank of Terrebonne & Tr. Co., 193 So. 2d 543, 545 (La. Ct. App. 1966) | 1 | Allegation of fraud or bad faith is merely a conclusion of law necessitating averment of clear and definite facts and circumstances which, if established by competent evidence, support allegation. | An allegation of fraud or bad faith, however, is merely a conclusion of law necessitating averment of clear and definite facts and circumstances which, if established by competent evidence, support the conclusion advanced. | Is an allegation of bad faith a mere conclusion of law? |
| 7562 | Goodman v. Kennedy, 18 Cal. 3d 335, 349, 556 P.2d 737, 746 (1976) | 16 | It is generally an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect in the pleading can be cured by amendment. West's Ann.Code Civ.Proc. S 472c. | Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. | QuestionIs it an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment? |
| 7563 | Stilwell v. Stilwell S. Walls, 711 So. 2d 103, 105 (Fla. Dist. Ct. App. 1998) | 2 | Trial court's authority to impose sanction for failure to comply with pretrial order is not unbridled, and sanction imposed must be commensurate with the offense. | The trial court's authority to impose sanctions for failure to comply with a pretrial order "is not unbridled; the sanction imposed must be commensurate with the offense." | Is the Trial court's authority to impose sanction for failure to comply with pretrial order unbridled? |
| 7564 | Jones v. John's Cmty. Hosp., 624 S.W.2d 330, 332 (Tex. App. 1981) | 3 | Absence of material witness is "sufficient cause" for granting motion for continuance only if proper diligence has been used to procure testimony of witness. Vernon's Ann.Rules Civ.Proc., Rules 251, 252. | While the absence of a material witness is "sufficient cause" for granting the motion, that is true only if proper diligence has been used to procure the testimony of the witness. | "Is the absence of a material witness sufficient cause for continuance, but only if proper diligence has been used to procure testimony of such witness?" |
| 7565 | Contreras By & Through Contreras v. Carbon Cty. Sch. Dist. No. 1, 843 P.2d 589, 592 (Wyo. 1992) | 2 | Trial court has discretion to waive requirements contained in its pretrial orders, and ruling which excuses failure to observe pretrial order will not be overturned on appeal unless there has been abuse of discretion. | We have stated that a trial court has discretion to waive the requirements contained in its pretrial orders. We will not overturn the trial court's ruling excusing a failure to observe its pretrial order unless there has been an abuse of discretion. | Will a ruling which excuses failure to observe pretrial order be overturned on appeal unless there has been an abuse of discretion? |
| 7566 | Dodd v. Steele, 14 N.C. App. 632, 634, 442 S.E.2d 363, 365 (1994) | 2 | Neither dismissal of case nor filing of appeal deprives trial court of jurisdiction to hear Rule 11 motions. Rules Civ.Proc., Rule 11, G.S. S 1A-1. | Furthermore, neither the dismissal of a case nor the filing of an appeal deprives the trial court of jurisdiction to hear Rule 11 motions. | Does the dismissal of a case or the filing of an appeal deprive the trial court of jurisdiction to hear Rule 11 motions? |
| 7568 | Larson v. Karagan, 979 N.E.2d 655, 660 (Ind. Ct. App. 2012) | 6 | The party seeking to withdraw admissions has the burden of demonstrating the presentation of the merits will be subserved by withdrawal, and the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal. Trial Procedure Rule 36(B). | The party seeking withdrawal has the burden of demonstrating the presentation of the merits will be subserved by withdrawal, and the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal. Id.; T.R. 36(B). | Does the party seeking to withdraw admissions have the burden of demonstrating the presentation of the merits will be subserved by withdrawal? |

| 7571 | Nelson v. QHG of S.C. Inc., 354 S.C. 290, 302 (Ct. App. 2003) | 3 | Unless otherwise stated in the notice of dismissal or stipulation, the voluntary dismissal of an action by a plaintiff with the consent of the opposing party is without prejudice. Rules Civ.Proc., Rule 41(a)(1)(A). | Unless otherwise stated in the notice of dismissal or stipulation, the voluntary dismissal of an action by a plaintiff with the consent of the opposing party is without prejudice. | Is the voluntary dismissal of an action by a plaintiff with the consent of the opposing party without prejudice? |
| 7572 | Grosch v. Tunica Cnty., Mississippi, 569 F. Supp. 2d 676, 677 (Miss. 2008) | 1 | Under Mississippi law, difference between trespass to chattels and conversion is primarily one of degree; trespass to chattels involves interference or damage that is of less serious or substantial nature, but conversion claims involve substantial interference or damage. | "The difference between trespass to chattels and conversion is primarily one of degree. Trespass to chattels in modern tort law involves interference or damage that is of a less serious or substantial nature. Conversion claims involve substantial interference or damage. | Is the difference between trespass to chattels and conversion primarily one of degree? |
| 7573 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 10 | The employer has interest in workmen's compensation award, and in light of end sought to be achieved by Workmen's Compensation Act, there is public interest as well. K.S.A. 44-531. | Inherently, the employer-respondent has an interest in the award, and in the light of the end sought to be achieved by the workmen's compensation act, there is a public interest as well. | "Does the employer have an interest in the workmens compensation award and is there a public interest as well, in light of the end sought to be achieved by the Workmens Compensation Act?" |
| 7574 | Rosser v. Terminix Int'l Co., 143 Ohio App. 3d 157, 160 (2001) | 3 | Generally, rulings and orders preceding a voluntary dismissal are essentially eradicated and therefore have no res judicata effect. Rules Civ.Proc., Rule 41(A)(1). | And, generally, as a result, rulings and orders preceding the voluntary dismissal are essentially eradicated and therefore have no res judicata effect. | Are rulings and orders preceding a voluntary dismissal essentially eradicated and therefore have no res judicata effect? |
| 7575 | U.S. v. 52 Drums Maple Syrup, 110 F.2d 914, 915 (2d Cir. 1940) | 3 | The intended use to which adulterated food is to be put after it has been shipped in interstate commerce is immaterial on the question of the government's right to forfeit because of such shipment. Pure Food and Drug Act S 7, subd. 5, and S 10, 21 U.S.C.A. S 8, subd. 5, and S 14. | The intended use to which adulterated food is to be put after it has been shipped in interstate commerce is immaterial on the question of the government's right to forfeit because of such shipment. | Do the government has a right to forfeit adulterated food or drug after it has been shipped in interstate commerce? |
| 7576 | Doe v. Garrett, 903 F.2d 1455, 1462 (C.A.11 (Fla.),1990) | 3 | Military officer's expectation of continued military employment does not rise to level of property interest unless it is rooted in some statute, regulation, or contract. U.S.C.A. Const.Amend. 5. | It is well established that a military officer's expectation of continued military employment does not rise to the level of a property interest unless it is rooted in some statute, regulation, or contract. | Does a military officer's expectation of continued military employment rise to level of property interest? |
| 7579 | Taylor v. Bd. of Ed. of Cabell Cty., 152 W. Va. 761, 767 (1969) | 1 | General rule is that pension granted by public authority is not contractual obligation but is gratuitous allowance, in continuance of which pensioner has no vested right, and, accordingly, pension is terminable or alterable at will of grantor. | The general rule, supported by the clear weight of authority, is that a pension granted by a public authority is not a contractual obligation but is a gratuitous allowance, in the continuance of which the **154 pensioner has no vested right, and, accordingly, the pension is terminable or alterable at the will of the grantor. | Is pension granted by public authorities a contractual obligation? |

| 7580 | In re Marriage of Brown, 15 Cal. 3d 838, 842, 544 P.2d 561, 562–63 (1976) | 1 | Pension rights, whether or not vested, represent property interest, and to extent that such rights derive from employment during coverture, they comprise community asset subject to division in dissolution proceedings; overruling French v. French, 17 Cal.2d 775, 112 P.2d235. | Pension rights, whether or not vested, represent ***635 **563 a property interest; to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding. | Does a pension right represent a property interest? |
| 7582 | Time Warner v. Gonzalez, 441 S.W.3d 661, 666 (Tex. App. 2014) | 9 | Ordinarily, the burden of showing good cause and no undue prejudice lies with the party seeking withdrawal of deemed admissions. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Ordinarily, the burden of showing good cause and no undue prejudice lies with the party seeking withdrawal of deemed admissions. | Does the burden of showing good cause lie with the party seeking withdrawal of deemed admissions? |
| 7584 | Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex. 1998) | 3 | In considering motion to withdraw deemed admissions, delay of trial is factor in determining prejudice against a nonmoving party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Undue prejudice bars withdrawal of deemed admissions. TEX.R. CIV. P. 169(2); Stelly, 927 S.W.2d at 622. Delay of trial is considered a factor in determining prejudice against a party. | "In considering a motion to withdraw deemed admissions, is delay of trial a factor in determining prejudice against a nonmoving party?" |
| 7585 | State ex rel. Rosen v. Smith, 241 S.W.3d 431, 432–33 (Mo. Ct. App. 2007) | 3 | In non-jury cases, plaintiff may voluntarily dismiss his suit without a court order at any time prior to the introduction of evidence at trial, and, once plaintiff has done so, it is as if the suit were never brought. V.A.M.R. 67.02(a)(2). | [1] [2] [3] [4] [5] In non-jury cases, a plaintiff may voluntarily dismiss his or her suit without a court order at any time prior to the introduction of evidence at trial. Rule 67.02(2). Once a plaintiff does so, "it is as if the suit were never brought." *433 Liberman v. | "Once a plaintiff has voluntarily dismissed an action, is it as if the suit had never been filed?" |
| 7587 | Kohl v. United States, 226 F.2d 381, 384 (7th Cir. 1955) | 3 | Direct taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon happening of an event, such as an exchange or transmission of property. U.S.C.A. Const. art. 1, SS 2, 9. | Such taxes bear directly upon persons, upon their possession and enjoyment of rights, whereas indirect taxes are levied upon the happening of an event such as an exchange or transmission of property. | Do direct taxes bear directly upon persons? |
| 7588 | Xerox Corp. v. Cnty. of Orange, 66 Cal. App. 3d 746, 756, 136 Cal. Rptr. 583, 589 (Ct. App. 1977) | 8 | Sales tax law imposes a tax at a fixed rate upon the gross receipts and not on the individual sales, and fact that law authorizes a bookkeeping method to compute the amount of tax separately from the sales price does not change the character of the tax. West's Ann.Rev. & Tax.Code, S 6051. | The law imposes a tax at a fixed rate upon the gross receipts and not on the individual sales, and the fact that the law authorizes a bookkeeping method to compute the amount of the tax separately from the sales price does not change the character of the tax. | Can bookkeeping change the nature or incidence of a tax? |
| 7590 | Com. v. Clarke, 311 Pa. Super. 446, 449, 457 A.2d 970, 972 (1983) | 4 | Under section of crimes code proscribing bribery in official and political matters, once offer to confer proscribed benefit or agreement is made, the crime is complete, and there need be no waiting for benefit to actually be conferred. 18 Pa.C.S.A. SS 4701, 4701(a)(3). | Under the section of the Crimes Code proscribing bribery in official and political matters, once the offer to confer the proscribed benefit, or once an agreement is made, the crime is complete. There need be no waiting for the benefit to actually be conferred. | "Under section of crimes code proscribing bribery in official and political matters, when is the crime complete?" |
| 7592 | D. & J. Mineral & Min. v. Wilson, 456 So. 2d 1099, 1100–01 (Ala. Civ. App. 1984) | 2 | Generally, court owes no duty to notify party of setting of case or to continue case because of absence of party or other engagements of his attorney. | Generally, the court owes no duty to notify a party of the setting of a case or to continue a case *1101 because of the absence of a party or other engagements of his attorney. | Does a court owe a duty to notify party of setting of case or to continue case because of absence of party or other engagements of his attorney? |

| | | | | |
|---|---|---|---|---|
| 7594 | TBF Fin., L.L.C. v. Stone, 213 S.W.3d 231, 233 (Mo. App. S. Dist. 2007) | 3 | Admissions by party to civil action by failure to respond to request for admissions, like admissions in pleadings, eliminate any need to further prove such matters. V.A.M.R. 59.01. | A party who fails to respond to requests for admissions admits those matters. No further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial, and a court must consider such admissions in deciding a motion for a directed verdict. Lee v. Ofield, 847 S.W.2d 99, 101 (Mo.App.1992). Such admissions, like admissions in pleadings, eliminate any need to further prove such matters. | "Do admissions by the party to a civil action by failure to respond to a request for admissions, like admissions in pleadings, eliminate any need to further prove such matters?" |
| 7595 | Norrell v. Giles, 343 Ark. 504, 506 (2001) | 1 | When a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. Rules Civ.Proc., Rule 36(a). | *506 In interpreting Rule 36, this court has consistently held that when a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. | "When a party fails to timely answer requests for admission, or otherwise fails to object to them, are the requested matters deemed admitted?" |
| 7596 | Reynolds Aluminum Bldg. Prod. Co. v. Leonard, 395 Mass. 255, 259 (1985) | 4 | Under Dist./Mun.Cts.R.Civ.P.Rule 36, 43A M.G.L.A., failure to respond to request for admissions conclusively established truth of admissions for the instant case, regardless of importance of matters thus deemed admitted. | 36 (1975), Reynolds' failure to respond to the Leonards' request for admissions conclusively established the truth of those admissions for this case. This remains true regardless of the importance of the matters thus deemed to be admitted. | Does failure to respond to a request for admissions conclusively establish the truth of admissions for the instant case? |
| 7600 | Fabick & Co. v. Schaffner, 492 S.W.2d 737, 743 (Mo. 1973) | 2 | Name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it is not conclusive upon court in determining nature or purpose of exaction. | [T]he name, purpose, designation or character given by the legislative body to a particular tax in the statute or ordinance imposing it is not conclusive upon the Court in determining the nature or purpose of the exaction.' | Is the designation made by legislature given some weight in determining the nature of tax? |
| 7603 | Etheridge Motors v. Haynie, 103 Ga. App. 676, 679, 120 S.E.2d 317, 320 (1961) | 3 | Unless petition affirmatively shows otherwise that person charged with having actual knowledge of a certain condition does not in fact possess such knowledge, an allegation that he knew or had knowledge of a certain state of facts is not demurrable as a conclusion. | Unless the petition affirmatively shows otherwise that the person charged with having actual knowledge of a certain condition does not in fact possess such knowledge, an allegation that a party knew or had notice of a certain state of facts is not demurrable as a conclusion. | "Is the allegation that a party knew certain facts, a conclusion?" |
| 7604 | In re the Marriage of Perkal, 77 Cal. App. 3d 413, 418, 143 Cal. Rptr. 575, 577 (Ct. App. 1978). | 2 | Conflicts in attorney's schedule must be brought to court's attention promptly if such conflicts are to be considered as adequate grounds for continuance. | if is fundamental that conflicts in an attorney's schedule must be brought to the court's attention promptly if such conflicts are to be considered as adequate grounds for continuance. | Can conflicts in attorney's schedule be brought to a court's attention promptly if such conflicts are to be considered as adequate grounds for continuance? |

| | | | | | |
|---|---|---|---|---|---|
| 7605 | Karat Enterprises v. Marriott Corp, 196 Ga. App. 769, 769 (1990) | 2 | Burden is on one failing to answer request for admissions to take initiative and file motion to withdraw or amend admissions. O.C.G.A. S 9-11-36(b). | The burden is on the one failing to answer to take the initiative and file a motion under OCGA 9-11- 36(b) to withdraw or amend the admissions. | Is the burden on one failing to answer request for admissions to take initiative and file motion to withdraw or amend admissions? |
| 7606 | Bruenderman v. Bruenderman, 220 So. 3d 204, 208 (Miss. Ct. App. 2017) | 5 | Burden is on the movant to request a continuance to pursue discovery matters, and failure to do so constitutes waiver. URCCC 4.04; Miss. R. Civ. P. 37. | It is well established that the burden is on the movant to request a continuance to pursue discovery matters, and failure to do so constitutes waiver. | "Is the burden on the movant to request a continuance to pursue discovery matters, and failure to do so constitutes waiver?" |
| 7607 | Jones v. Gillen, 504 So. 2d 575, 577 (La. App. 5th Cir. 1987) | 2 | Admissions may be used to establish uncontradicted facts or controversial issues which constitute crux of matter in litigation, and when party receiving request for admissions fails to respond to it by any means, fact is deemed admitted. | Admissions may be used to establish uncontradicted facts or controversial issues which constitute the crux of the matter in litigation. La. C.C.P. art. 1467; Succession of Rock v. Allstate Life Ins. Co., 340 So.2d 1325 (La.1976); Remondet v. Reserve Nat. Ins. Co., 433 So.2d 792 (La.App. 5th Cir.1983), writ denied, 441 So.2d 216 (La.1983). When the party receiving the request for admissions fails to respond to the request by any means, the fact is deemed admitted. | Can admissions be used to establish uncontradicted facts or controversial issues which constitute the crux of the matter in litigation? |
| 7608 | Bray v. Miller, 397 S.W.2d 103, 106 (Tex. Civ. App. 1965) | 7 | Trial judge does not abuse his discretion in overruling motion for continuance based on absence of witness when allegations of motion are nothing more than mere conclusions of pleader and do not allege specific facts to which absent witness could testify. Rules of Civil Procedure, rules 251, 252. | It is well settled by the decisions of the courts of Texas that a trial judge does not abuse his discretion in overruling a motion for continuance based on the absence of a witness when the allegations of the motion are nothing more than mere conclusions of the pleader and do not allege the specific facts to which the absent witness would testify. | "Is an application for a continuance, which failed to show any reason for not taking the deposition of an absent witness, properly overruled?" |
| 7609 | Bator v. Hungarian Com. Bank of Pest, 194 Misc. 232, 234, 87 N.Y.S.2d 700, 703 (Sup. Ct.) | 2 | Upon an application to take testimony of witnesses outside the state, court has discretion to determine whether testimony should be taken under open commission or oral examination rather than upon written interrogatories. Civil Practice Act, SS 288, 292, 301, 302 | Upon an application of this nature, the Court has discretionary power to determine whether the testimony of witnesses outside the state shall be taken under open commission on oral examination, rather than upon written interrogatories. | Does a trial court have the discretion to direct whether the interrogatories should be written or oral? |

| | | | | | |
|---|---|---|---|---|---|
| 7610 | Glisson v. Carlin, 204 A.2d 285, 287 (Pa. 1964) | 2 | Right to take deposition of witness more than 100 miles from courthouse by written interrogatories may be abrogated only when court exercises its discretion to order taking of deposition by oral examination. Pa.R.C.P. Nos. 4003(a) (2), 4004(e), 4008, 12 P.S.Appendix. | 4003(a)(2) provides that a deposition by written interrogatories for use at trial may be taken of a witness more than one hundred miles from the courthouse as a matter of right, the only requirement being due notice to the opposing party of parties. The right to take the deposition of such witnesses by written interrogatories may be abrogated only when the court exercises its discretion to order the taking of the deposition by oral examination under the provisions of Pa.R.C.P. 4003(a)(2), which provides generally for oral examination; Pa.R.C.P. 4004(e), which provides that the court may order that the deposition not be taken by oral examination; and Pa.R.C.P. | Does a trial court have the discretion to direct whether the interrogatories should be written or oral? |
| 7611 | Wimberly v. Derby Cycle Corp., 56 Cal. App. 4th 618, 634, 65 Cal. Rptr. 2d 532, 542 (1997) | 18 | If defendant denies a request for admission submitted by plaintiff, he cannot be forced to admit the fact prior to trial despite its obvious truth. | In the event, however, that the defendant denies a request for admission submitted by the plaintiff, he cannot be forced to admit the fact prior to trial despite its obvious truth. | "Can a defendant be forced to admit the fact prior to trial, despite its obvious truth?" |
| 7612 | Kerner v. Superior Court, 206 Cal. App. 4th 84, 120 (2012) | 22 | The purpose of the requirement for a court order for discovery of a defendant's net worth to support a claim for punitive damages is to protect defendants' financial privacy and prevent defendants from being pressured into settling nonmeritorious cases in order avoid disclosure of their financial information. West's Ann.Cal.Civ.Code S 3294(c). | The purpose of this requirement is to protect defendants' financial privacy and prevent defendants from being pressured into settling nonmeritorious cases in order to avoid disclosure of their financial information. (Jabro v. Superior Court (2002) 95 Cal.App.4th 754, 757, 115 Cal.Rptr.2d 843 (Jabro ).) | What is the purpose of the requirement for a court order for discovery of a defendant's net worth? |
| 7614 | Vellanti v. United States, 119 Fed. Cl. 570, 576 (2015) | 3 | The Military Pay Act confers on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service. 37 U.S.C.A. S 204. | The Act "confers on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service." | Does the Military Pay Act confer on an officer the right to the pay of the rank he was appointed to up until he is properly separated from the service? |
| 7615 | Otten v. Works, 516 S.W.2d 291, 292 (Tex. Civ. App. 1974) | 1 | Check on the face of which appears the word "loan" is an instrument containing the contract of the payee to repay the money borrowed. | A check on the face of which appears the word 'loan' is an instrument containing the contract of the payee to repay the money borrowed. The payee by endorsing the check assumes the obligation of the loan and the check becomes written evidence of the contract to repay. | "Does a check, on the face of which the word loan appears, constitute an instrument containing a contract to repay the money borrowed?" |

| | | | | | |
|---|---|---|---|---|---|
| 7616 | People v. Charles, 61 N.Y.2d 321, 326, 462 N.E.2d 118, 120 (1984) | 3 | "Colorable" authority exists when bribe is offered to public official to act corruptly in matter to which he bears some official relation, though act itself may be technically beyond his official powers or duties. McKinney's Penal Law S 200.10. | The decisions hold that "colorable" authority exists when a bribe is offered to a public official "to act corruptly in a matter to which he bears some official relation, though the act itself may be technically beyond his official powers or duties" | "When does ""colorable authority"" exist for purposes of bribery of a public official?" |
| 7617 | State v. Pigques, 310 S.W.2d 942, 945 (Mo. 1958) | 4 | Entry of space within building with intent to steal is necessary to completed crime of burglary, but any entry, however slight, by any part of the body, procured by breaking, with intent to steal or to commit another crime therein, is sufficient. Section 560.070 RSMo 1949, V.A.M.S. | An entry of a building, that is, an entry (with intent to steal) of the space within the building, is necessary to a completed crime of burglary; but any entry, however slight (by and part of the body), procured by breaking, with intent to steal (or to commit another crime therein, as the charge may be) is sufficient. | Is entry necessary for burglary? |
| 7620 | Holz v. Lyles, 287 Ala. 280, 284 (Ala. 1971) | 4 | Rule that one maintaining a continuing public nuisance cannot defend against a suit to abate the nuisance because of lapse of time applies to obstruction of public highways. | But one maintaining a continuing public nuisance cannot defend against a suit to abate the nuisance because of lapse of time, and such rule applies to obstruction of public highways, of detriment to the public. | Can one continuing public nuisance defend against a suit to abate the nuisance because of lapse of time? |
| 7623 | Fredricksen v. Bethlehem Steel Co, 17 F.R.D. 307, 307 (E.D.N.Y. 1955) | 1 | General rule in state courts is that party seeking discovery or examinations must show propriety thereof. | While this may be technically correct, the general rule in the State courts appears to be that the party seeking discovery, or examinations, must show the propriety thereof. | Is the rule in state courts that the party seeking discovery or examinations must show propriety thereof? |
| 7624 | George v. Wiseman, 98 F.2d 923, 929 (10th Cir. 1938) | 3 | The matter of permitting an amendment during the trial, and of thereafter allowing or denying a continuance, rests in the District Court's sound discretion, the exercise of which will not be disturbed on appeal except for an abuse thereof. | The matter of permitting an amendment during the trial, and of allowing or denying a continuance as the result rests in the sound discretion of the trial court; and its action will not be disturbed on appeal unless there was an abuse of discretion. | Does the matter of permitting an amendment during the trial rest in the District Court's sound discretion? |
| 7626 | Kenney v. Providence Gas Co., 118 R.I. 134, 142, 372 A.2d 510, 514 (1977) | 6 | In the event the party objecting to amendment of pleadings needs time to meet new evidence, trial judge may grant a continuance. Rules of Civil Procedure, rule 15. | In the event the objecting party needs time to meet such new evidence, the trial justice may grant a continuance. | Will a trial justice grant a continuance in the event the objecting party needs time to meet new evidence? |
| 7627 | Dixon v. Coffey, 161 Neb. 487, 488, 73 N.W.2d 660, 662 (1955) | 8 | Amendments of pleadings should be allowed whenever amendments appear to be in furtherance of justice, and when such amendments make a continuance necessary, or otherwise increase the costs, such terms should be imposed as are just under the circumstances. R.R.S.1943, S 25-852. | Amendments of pleadings should be allowed whenever such amendments appear to be in furtherance of justice and when such amendments make a continuance necessary or otherwise increase the costs, such terms should be imposed as are just under the circumstances. | "When the trial judge in the furtherance of justice permit necessary amendments to the pleadings, should it appear necessary in the furtherance of justice to grant a continuance?" |

| 7628 | Foster v. Foster, 149 S.W.3d 575, 578 (Mo. Ct. App. 2004) | 2 | The grant or denial of continuance for good cause shown is largely within the trial court's discretion; this is true even in cases where the request for a continuance is based upon a party's illness. V.A.M.R. 65.01. | The trial court has the power to grant a continuance "[f]or good cause shown." The grant or denial of such a continuance is largely within the trial court's discretion. This is true even in cases where the request for a continuance is based upon a party's illness. | Will the plaintiff be granted subsequent continuance based on illness? |
| 7631 | In re NHC--Nashville Fire Litig., 293 S.W.3d 547, 564 (Tenn. Ct. App. 2008) | 11 | Unlike filed discovery, pretrial depositions, interrogatories, and other discovery materials not filed with the court are not public components of a civil trial. | Unlike filed discovery, pretrial depositions, interrogatories, and other discovery materials not filed with the court "are not public components of a civil trial." | "Are pretrial depositions, interrogatories, and other discovery materials not filed with the court not public components of a civil trial?" |
| 7632 | Woodward v. Heritage Const. Co., 887 N.E.2d 994, 1000 (Ind. Ct. App. 2008) | 11 | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | [T]he purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and ..., once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice." | What is the purpose of a pre-trial order? |
| 7633 | People v. Baker, 20 N.Y.3d 354, 359–60, 984 N.E.2d 902, 905 (2013) | 4 | A person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem. McKinney's Penal Law S 240.20(3). | Thus, "a person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or *360 immediate public problem" | Does the law hold a person guilty of disorderly conduct when his acts affect public? |
| 7635 | Bell v. Nat'l Life & Acc. Ins. Co., 41 Ala. App. 94, 97, 123 So. 2d 598, 599–600 (Ala. Ct. App. 1960) | 2 | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support such conclusion, and it is only "mere conclusions" or "bald conclusions" without supporting facts which are objectionable in pleading. | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support the **600 conclusion. Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 81, Ann.Cas.1916A, 543. It is only 'mere conclusions' or 'bald conclusions,' without supporting facts which are objectionable in pleading.' | "Are only mere conclusions or bald conclusions without supporting facts, objectionable in pleading?" |
| 7636 | Colonial Tr. Co. v. Alexander, 251 A.D. 856, 856, 296 N.Y.S. 918, 919 (App. Div. 1937) | 4 | Technical rules relating to examinations before trial are not adhered to in cases involving fiduciary relationship, such as where applicants are infant beneficiaries of trust. Civil Practice Act, S 288. | The respondents, who are infant beneficiaries of the trust, are entitled to have the rules relaxed rather than restricted. The technical rules relating to examinations before trial are not adhered to in cases involving a fiduciary relationship. | Are technical rules relating to examinations before trial not adhered to in cases involving a fiduciary relationship? |
| 7637 | In re Bump's Estate, 171 Kan. 442, 446 (1951) | 2 | If a continuance is to a day certain, that day controls, but, in absence of express stipulation, a general order of continuance is treated as postponing cause to next term of court. | If a continuance is to a day certain, that day controls. But in the absence of an express stipulation a general order of continuance is treated as postponing the cause to the next term of the court. | "Is an order of continuance treated as postponing cause to next term of court, in absence of express stipulation?" |

| | | | | | |
|---|---|---|---|---|---|
| 7642 | Brake v. Murphy, 693 So. 2d 663, 666 (Fla. Dist. Ct. App. 1997) | 6 | Trial court does not abuse its discretion in conditioning eve of trial continuance on payment of attorney fees caused by delay. | [T]here is no abuse of discretion in conditioning an eve of trial continuance on payment of attorney's fees caused by delay. | Will a court be abusing its discretion in conditioning eve of trial continuance on payment of attorney fees caused by delay? |
| 7644 | O'Dell v. Freightliner Corp., 10 Cal. App. 4th 645, 659, 12 Cal. Rptr. 2d 774, 781 (1992) | 11 | Plaintiff in lawsuit has absolute right to dismiss, and neither clerk nor trial court has any discretion in matter. West's Ann.Cal.C.C.P. S 581, subd. (b)(1). | First, the plaintiff in a lawsuit has an absolute right to dismiss. (Code Civil Proc., § 581, subd. (b)(1).) Neither the clerk nor the trial court has any discretion in the matter. | Do a plaintiff in a lawsuit has an absolute right to dismiss and does the clerk or the trial court has any discretion in the matter? |
| 7647 | Evans v. United States, 504 U.S. 255, 256 (U.S.Ga., 1992) | 2 | Offense of extortion under color of official right in violation of Hobbs Act is completed at time when public official receives payment in return for his agreement to perform specific official acts, and fulfillment of the quid pro quo is not an element of offense. 18 U.S.C.A. S 1951. | "[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts; fulfillment of the quid pro quo is not an element of the offense." | Is the fulfillment of the quid pro quo an element of the offense of bribery? |
| 7648 | Marin v. Exxon Mobil Corp., 2009-2368 (La. 10/19/10), 48 So. 3d 234, 260 | 21 | Lessee does not necessarily have duty to restore land to its pre-lease condition, particularly where, unlike dredged canals, subsurface contamination is not overt and cannot be considered wear and tear. | However, that does not necessarily mean that the lessee has a duty to restore the land to its pre-lease condition, particularly where, unlike dredged canals, subsurface contamination is not overt and cannot be considered "wear and tear." | Does a lessee have a duty to restore the land to its pre-lease condition? |
| 7649 | Marrs v. R.R. Comm'n, 142 Tex. 293, 303 (1944) | 7 | Every landowner or oil and gas lessee is entitled to fair chance to recover oil or gas in or under his land, or their equivalent in kind, and any denial of such chance amounts to "confiscation". | Every owner or lessee is entitled to a fair chance to recover the oil or gas in or under his land, or their equivalent in kind, and any denial of such fair chance amounts to confiscation. Gulf Land Co. | Is every owner or lessee of land entitled to a fair chance to recover the oil or gas in or uder his land? |
| 7650 | Life Care Centers of America v. Charles Town Associates Ltd. Partnership, 79 F.3d 496, 503 (6th Cir. 1996) | 4 | "Limited partnerships" are business organizations in which limited partners are precluded by law from participating in operation of partnership; in exchange for their abstention from participating in management of business, law provides limitedinvestors with limited liability for debts of partnership. | Limited partnerships are business organizations in which the limited partners are precluded by law from participating in the operation of the partnership. See generally Revised Uniform Limited Partnership Act (1975). In exchange for their abstention from participating in the management of the business, the law provides limited investors with limited liability for the debts of the partnership. | Can a limited partner participate in the management of the business and have limited liability for the debts of the partnership at the same time? |
| 7651 | Raven v. Panama Canal Co., 583 F.2d 169, 171 (5th Cir. 1978) | 5 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | The United States Supreme Court has recognized that Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the Equal Protection clause. A legitimate distinction exists between citizens and aliens to warrant different treatment. | Is an Act of Congress that treats aliens differently than citizens considered invidious? |

| | | | | | |
|---|---|---|---|---|---|
| 7652 | Barham v. Grant, 185 Ga. 601, 602, 196 S.E. 43, 46 (1937) | 3 | County authorities cannot lawfully discontinue a public road, either in whole or in part, except in manner provided by law, after application and notice of registration in proper office. Code 1933, S 95-207. | The county authorities cannot lawfully discontinue a public road, either in whole or in part, except in the manner provided by law, after application, and notice of registration in the proper office. Code, 95-207; | Can county authorities lawfully discontinue a public road? |
| 7653 | Taylor v. Bd. of Ed. of Cabell Cty., 152 W. Va. 761, 767 (1969) | 1 | General rule is that pension granted by public authority is not contractual obligation but is gratuitous allowance, in continuance of which pensioner has no vested right, and, accordingly, pension is terminable or alterable at will of grantor. | [1] The general rule, supported by the clear weight of authority, is that a pension granted by a public authority is not a contractual obligation but is a gratuitous allowance, in the continuance of which the **154 pensioner has no vested right, and accordingly, the pension is terminable or alterable at the will of the grantor. | Is pension granted by public authority or is it a contractual obligation? |
| 7654 | Reynolds v. Reynolds, 14 Cal. App. 2d 481 | 8 | When a deposition is taken upon written interrogatories, opposing party or his counsel have right to be present, and exclusion of defendant and her counsel from taking of deposition of plaintiff on written interrogatories voided the procedure, even if it were otherwise valid. Code, S 38-2101. | It is clear from this provision, in connection with other provisions *245 of the discovery mechanism of the adopted Federal Rules, that when a deposition is taken upon written interrogatories, the opposing party or his counsel have the right to be present. The exclusion of the defendant and her counsel from the taking of the deposition of the plaintiff on written interrogatories would void the procedure, if otherwise valid. | Do the exclusion of defendant and a counsel from taking of deposition of plaintiff on written interrogatories make void the procedure even if it were otherwise valid? |
| 7657 | Finks v. Middleton, 795 S.E.2d 789, 795 (N.C. App. 2016) | 8 | Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a motion to dismiss for lack of jurisdiction. N.C. R. Civ. P. 12(b)(1). | "Standing concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss." * | "Is standing, which is properly challenged by motion to dismiss, a necessary prerequisite to a court's proper exercise of subject matter jurisdiction?" |
| 7658 | Messner v. Am. Union Ins. Co., 119 S.W.3d 642, 649 (Mo. Ct. App. 2003) | 11 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Subrogation based upon the common law, i.e., legal subrogation, is not an option "where it would be inconsistent with the terms of the contract." 7 Id. at 503-04[9]. This means, inter alia, that contract provisions waiving subrogation rights are valid and enforceable. | Is subrogation or equitable subrogation applicable where its enforcement would be inconsistent with the terms of a contract? |

| | | | | | |
|---|---|---|---|---|---|
| 7659 | Bidart Bros. v. California Apple Comm'n, 73 F.3d 925, 931 (9th Cir. 1996) | 3 | Three primary factors for determining whether assessment is "tax" under Tax Injunction Act (TIA) include: entity that imposes assessment; parties upon whom assessment is imposed; and whether assessment is expended for general public purposes, or used for regulation or benefit of parties upon whom assessment is imposed. 28 U.S.C.A. S 1341. | The San Juan Cellular test calls for the consideration of three primary factors in determining whether an assessment is a tax: (1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed. | Is San Juan Cellular test used to determine whether an assessment is a tax? |
| 7662 | Marler v. Moultrie-Shelby Farm Serv., 11 Ill. App. 3d 204, 207 (1973) | 3 | To become binding upon parties, custom or usage must have antiquity, uniformity and universality and must have continued for sufficient length of time that parties must have contracted in relation to it. | A custom or usage to become binding upon the parties must have antiquity as well as uniformity and universality and have continued for a sufficient length of time that the parties must have contracted in relation to it. | "In order for a custom or usage to be binding, must it have antiquity, uniformity and universality?" |
| 7668 | LaSalle Nat. Bank v. City of Highland Park, 344 Ill. App. 3d 259, 274–75 (2003) | 15 | Illinois is a fact-pleading state; accordingly, a pleader is required to set out the ultimate facts that support his or her cause of action, and legal conclusions unsupported by allegations of specific facts are insufficient. | Accordingly, a pleader is required to set out the ultimate facts that support his or her cause of action, *275 and legal conclusions unsupported by allegations of specific facts are insufficient. | Is the pleader required to set out ultimate facts that support his or her cause of action? |
| 7669 | Youssef v. Jones, 77 Ohio App. 3d 500, 509, 602 N.E.2d 1176, 1181–82 (1991) | 10 | Even if requesting party is able to prove matter requested to be admitted, responding party should not be charged for cost of proving issue, since denial based on belief that matter was disputable is good reason for not admitting matter. Rules Civ.Proc., Rules 36(A), 37(C); R.C. S 2335.06. | Even if the requesting party is then able to prove **1182 the matter requested to be admitted, the responding party should not be charged for the cost of proving that issue under Civ.R. 37(C) since his denial based on a belief that the matter was disputable was a good reason for not admitting the matter. | "Should a party who unjustifiably fails to admit the truth of a matter requested, pay petitioning party ""the reasonable expenses incurred in making that proof?" |
| 7670 | Black & White Cab Co. v. Doville, 221 Ark. 66, 69, 251 S.W.2d 1005, 1007 (1952) | 4 | The granting of a continuance is within the sound discretion of the trial court, and it is not an abuse of discretion to refuse to continue a cause on account of the absence of a witness when there appears no reasonable assurance of finding that witness. | The granting of a continuance is within the sound discretion of the trial court; and it is not an abuse of discretion to refuse to continue a cause on account of the absence of a witness when there appears no reasonable assurance of finding the witness. | Will a refusal of continuance on ground of absence of witnesses be an abuse of discretion? |
| 7672 | R.C. Const. Co. v. Nat'l Office Sys., 622 So. 2d 1253, 1255 (Miss. 1993) | 3 | On motion to dismiss for lack of personal jurisdiction, all allegations of complaint, together with reasonable inferences flowing therefrom, are accepted as true. | On a motion to dismiss for lack of personal jurisdiction, all allegations of the complaint, together with reasonable inferences flowing therefrom, are accepted as true. | "On a motion to dismiss for lack of personal jurisdiction, are all allegations of the complaint accepted as true?" |
| 7674 | In re Knight's Estate, Knight, 31 Wash. 2d 813, 817, 199 P.2d 89, 91 (1948) | 5 | An inheritance tax, like any other tax, is a legal imposition exclusively of statutory origin and, consequently, any liability for payment thereof must be found in the statute, or else it does not exist. Rem.Supp.1945, S 11201. | An inheritance tax, like any other tax, is a legal imposition exclusively of statutory origin and consequently, any liability for payment thereof must be found in the statute, or else it does not exist. | Is tax a legal imposition exclusively of statutory origin? |

| 7675 | Jenkins v. Weyerhaeuser Co., 143 Wash. App. 246, 253, 177 P.3d 180, 184 (2008) | 1 | Under the Industrial Insurance Act (IIA), which is the product of a compromise between employers and workers, employers accepted limited liability for claims that might not have been compensable under the common law and, in exchange, workers forfeited common law remedies. West's RCWA 51.04.010 et seq. | Industrial Insurance Act [1] [2] 13 "The IIA is the product of a compromise between employers and workers. Under the IIA, employers accepted limited liability for claims that might not have been compensable under the common law. In exchange, workers forfeited common law remedies." | "Under the Industrial Insurance Act, what did the employers accept and what did the workers forfeit?" |
| 7676 | Piersall v. Winter, 507 F. Supp. 2d 23, 29 (D.D.C. 2007) | 1 | Under the Uniform Code of Military Justice, military commanders can punish service personnel through judicial proceedings-taking the form of general, special, or summary courts martial-or by imposing non-judicial punishment ("NJP"). 10 U.S.C.A. S 815. | Under the Uniform Code of Military Justice, military commanders can punish service personnel through judicial proceedings-taking the form of general, special, or summary courts martial-or by imposing non-judicial punishment ("NJP"). | Can military commanders punish service personnel through judicial proceedings? |
| 7677 | United States v. O'Brien, 994 F. Supp. 2d 167, 184 (D. Mass. 2014) | 23 | Generally, in a bribery case, whether wages are bona fide and paid in the usual course of business are questions of fact for the jury. 18 U.S.C.A. S 666(c). | 99-797, at 30 (1986), reprinted in 1986 U.S.C.C.A.N. 6138, 6153). Generally, whether wages are "bona fide" and paid "in the usual course of business" are questions of fact for the jury. | "In relation to an exception to bribery statute, the question are wages are bona fide and paid in the usual course of business are questions of fact for the jury?" |
| 7679 | Sun Operating Ltd. P'ship v. Oatman, 911 S.W.2d 749, 757 (Tex. App. 1995) | 17 | When surface is separated from minerals, adverse possession of mineral rights is accomplished by drilling and producing for statutory period of time. | When the surface is separated from the minerals, adverse possession of mineral rights is accomplished by drilling and producing for the statutory period of time. | "When the surface is separate from the minerals, may adverse possession be accomplished by drilling and producing for the statutory period of time?" |
| 7681 | Drumm Corp. v. Wright, 326 Ga. App. 41, 41, 755 S.E.2d 850, 852 (2014) | 3 | To the extent that defendant's evidence alleging lack of personal jurisdiction controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must submit supporting affidavits or documentary evidence. | And "to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence." | Does a defendant who files a motion to dismiss for lack of personal jurisdiction have the burden of proving lack of jurisdiction? |
| 7684 | Johnston v. Johnston, 825 N.E.2d 958, 962 (Ind. Ct. App. 2005) | 6 | Challenge to personal jurisdiction may be raised either as affirmative defense in answer to complaint, or in motion to dismiss. | Furthermore, a challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to complaint or in a motion to dismiss. | "Can a challenge to personal jurisdiction be raised either as affirmative defense in answer to complaint, or in motion to dismiss?" |

| 7686 | Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989) | 3 | Plaintiff may seek to obtain jurisdiction over nonresident defendant by pleading the basis for service in the language of the statute, without pleading supporting facts; defendant's filing of motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise legal sufficiency of the pleadings and, defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. West's F.S.A. S 48.193; West's F.S.A. RCP Rule 1.070(i) | Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Fla.R.Civ.P. 1.070(i); Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43 (Fla. 1st DCA 1986). By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Fed. Savings & Loan Ass'n, 325 So.2d 58 (Fla.4th DCA 1976). A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. | "If only the motion to dismiss for lack of personal jurisdiction is filed, then does the defendant merely raise the legal sufficiency of the pleadings?" |
| 7688 | Maddox v. Stone, 174 Md. App. 489, 507 (2007) | 11 | Scheduling orders must be given respect as orders of the circuit court, and the court may, under appropriate circumstances, impose sanctions upon parties who fail to comply with the deadlines in scheduling orders. Md.Rule 2-504. | Scheduling orders must be given respect as orders of the circuit court, and the court may, under appropriate circumstances, impose sanctions upon parties who fail to comply with the deadlines in scheduling orders. | Should scheduling orders be given respect as orders of the circuit court? |
| 7691 | Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 268 (1933) | 11 | Taxing power does not depend upon taxpayer's enjoyment of any special benefit from use of funds raised by taxation. U.S.C.A. Const.Amend. 14. | 194), and the constitutional power to levy taxes does not depend upon the enjoyment by the taxpayer of any special benefit from the use of the funds raised by taxation. | Does the taxing power depend upon taxpayer's enjoyment of benefit from use of funds raised by taxation? |
| 7692 | Twp. of Holmdel v. New Jersey Highway Auth., 190 N.J. 74, 87, 918 A.2d 603, 610 (2007) | 2 | All real property within New Jersey is subject to taxation unless expressly exempted by the Legislature. N.J.S.A. Const. Art. 8, S 1, par. 2; N.J.S.A. 54:4-1. | All real property within New Jersey is subject to taxation, N.J.S.A. 54:4-1, unless expressly exempted by the Legislature, see N.J. Const. art. VIII, 1, 2 (authorizing legislative tax exemptions). | Is all real property within state subject to taxation unless expressly exempted by the Legislature? |
| 7693 | Gulf States Underwriters of Louisiana v. Bennett, 260 Ga. App. 699, 704 (2003) | 13 | Workers' Compensation Act constitutes complete code of laws upon subject, and recoverability of workers' compensation benefits is strictly matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | "The Workers' Compensation Act constitutes a complete code of laws upon the subject, and the recoverability of workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits." | Is the Workers Compensation Act a complete code of laws? |

| 7696 | United States v. Anderson, 517 F.3d 953, 961 (7th Cir. 2008) | 7 | If the payer's intent is to influence or affect future actions, then the payment is a "bribe," within the meaning of the Sentencing Guidelines; if, on the other hand, the payer intends the money as a reward for actions the payee has already taken, or is already committed to take, then the payment is a "gratuity." U.S.S.G. SS 2C1.1, 2C1.2, 18 U.S.C.A. | Thus, we have distinguished bribes from gratuities as follows: "If the payer's intent is to influence or affect future actions, then the payment is a bribe. If, on the other hand, the payer intends the money as a reward for actions the payee has already taken, or is already committed to take, then the payment is a gratuity. | "When a payor intends to influence an official's future actions, what does the payment constitute?" |
| 7698 | NCNB Texas Nat. Bank, N.A. v. West, 631 So. 2d 212, 223 (Ala. 1993) | 5 | "Nonownership" theory of gas ownership, because it recognizes migratory nature of oil and gas, requires actual possession to establish ownership of resource, and right held by landowner is right to reduce oil and gas to possession or to sever right for economic consideration. | The nonownership theory of gas ownership, because it recognizes the migratory nature of oil and gas, requires actual possession to establish ownership of the resource, and the right held by the landowner is "the right to reduce the oil and gas to possession or to sever this right for economic consideration." Id. | Does the non-ownership theory recognize the migratory nature of oil and gas and require actual possession to establish ownership? |
| 7699 | In re Marriage of Peck, 242 Ariz. 345, 349, 395 P.3d 734, 738 (Ct. App. 2017) | 13 | If the petitioner's claim and the non-resident defendant's forum-related activities are not sufficiently connected, dismissal based on lack of jurisdiction is warranted. | If the petitioner's claim and the non-resident defendant's forum-related activities are not sufficiently connected, dismissal is warranted. | "If a petitioner's claim and the non-resident defendant's forum-related activities are not sufficiently connected, is dismissal based on lack of jurisdiction warranted?" |
| 7700 | Laflamme v. Goodwin, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009) | 8 | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss, and in either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss. Johnston v. Johnston, 825 N.E.2d 958 (Ind.Ct.App.2005). In either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | Can a challenge to personal jurisdiction be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss? |
| 7701 | Gray v. Winthrop, 115 Fla. 721, 727 (1934) | 7 | State taxation is authorized, limited, and regulated by state Constitution and statutes enacted thereunder, subject only to applicable and controlling federal law, and state Constitution may designate or authorize statutory designations of classes of property exempt from taxation when organic property rights, secured by Federal Constitution, are not thereby violated. | Subject only to applicable and controlling federal law, state taxation is authorized, limited, and regulated by the state Constitution and by statutes enacted thereunder. The state Constitution may itself designate or may authorize statutory designations of classes of property that shall be taxed or that shall be exempt from taxation when organic property rights secured by the Federal Constitution are not thereby violated. | Can state constitution designate or authorize statutory designations of classes of property? |

| | | | | | |
|---|---|---|---|---|---|
| 7703 | Chacha v. Transp. USA, 78 So. 3d 727, 730 (Fla. Dist. Ct. App. 2012) | 1 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed "a fraud on the court which permeates the entire proceedings." | Does a trial court have the inherent authority to dismiss a suit when the plaintiff commits a fraud on the court? |
| 7704 | Clapper v. Oregon State Police, 228 Or. App. 172, 178, 206 P.3d 1135, 1139 (2009) | 4 | Where a case becomes moot, dismissal is the appropriate disposition, and, typically, when a judgment dismisses the complaint, the defending party is considered the prevailing party. | Where a case becomes moot, dismissal is the appropriate disposition, and, "[t]ypically, when a judgment dismisses the complaint, the defending party is considered the prevailing party. | Is dismissal the appropriate disposition where a case becomes moot and is the defending party considered the prevailing party when the complaint is dismissed? |
| 7705 | Dixie Fuel Co. v. Comm'r of Soc. Sec., 171 F.3d 1052, 1057 (6th Cir. 1999) | 3 | Defendant who seeks to have a case dismissed as moot must demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated. | The defendant who seeks to have a case dismissed as moot must demonstrate that "there is no reasonable expectation that the alleged wrongs will be repeated," | "Should a defendant who seeks to have a case dismissed as moot, demonstrate that there is no reasonable expectation that the alleged wrongs will be repeated?" |
| 7708 | United Computer Sys. v. AT & T Corp., 298 F.3d 756, 765 (9th Cir. 2002) | 16 | Arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such an existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts. | In the Ninth Circuit, arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such an existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts. | When are arbitration rights subject to constructive waiver? |
| 7709 | Whitehall Oil Co. v. Heard, 197 So. 2d 672, 675 (La. Ct. App.), writ refused, 250 La. 924, 199 So. 2d 923 (1967) | 3 | A landowner cannot create a single servitude or mineral royalty right on two or more noncontiguous tracts, and if this is attempted by a single instrument, there are nevertheless as many servitudes or royalty interests as there are noncontiguous tracts of land. | Thus, for instance, a landowner cannot create a single servitude or mineral royalty right on two or more non-contiguous tracts; and if this is attempted by a single instrument, there are nevertheless as many servitudes or royalty interests as there are non-contiguous tracts of land. | Can a single mineral servitude be created on two or more noncontiguous tracts of land? |
| 7711 | Bowes v. Perkins, 169 Misc. 624, 627, 8 N.Y.S.2d 525, 528 (Sup. Ct. 1938) | 5 | The purpose of soldier's pension is to promote the soldier's comfort, to secure to him the bounty of the government free from the claims of creditors, and to insure him and his family a safe, although modest, maintenance so long as their needs require it. | The obvious purpose of the pension which the Judgment-Debtor receives is: 'to promote the comfort of the soldier; to secure to him the bounty of the government, free from the claims of creditors; and to insure him and his family a safe, although modest, maintenance so long as their needs required it.' | What is the purpose of a soldiers pension? |

| 7712 | Rodriguez v. Yenawine, 556 S.W.2d 410, 415 (Tex. Civ. App. 1977) | 15 | Pleading may be upheld when technical elements of cause of action, without allegations of ultimate facts to be proved, are alleged in petition. Rules of Civil Procedure, rules 45, 47. | Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition. Pleadings have been held sufficient alleging "failure to keep a proper lookout," that "defendant is liable to plaintiff under the doctrine of discovered peril," and that defendant "failed to exercise the means then and there at his command to avert said collision." | "Should pleadings be upheld when technical elements of cause of action, without allegations of ultimate facts to be proved, are alleged?" |
|---|---|---|---|---|---|
| 7715 | Stephen Slesinger v. Walt Disney Co., 155 Cal. App. 4th 736, 758–59 (2007) | 3 | Because courts should hear only actual disputes, and should prevent harassment of defendants, California courts possess the inherent authority to dismiss cases that are fraudulent or vexatious. | Second, because courts should hear only actual disputes, and should prevent harassment of defendants, California courts *759 possess the inherent authority to dismiss cases that are fraudulent or "vexatious." | Does a court possess the inherent authority to dismiss cases that are fraudulent or vexatious? |
| 7716 | State ex rel. Gaylor v. Goodenow, 125 Ohio St. 3d 407, 410 (2010) | 2 | It is not the duty of a court to answer moot questions, and when, pending proceedings, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the action. | "It is not the duty of the court to answer moot questions, and when, pending proceedings * * * in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition * * *." | Is it the duty of a court to answer moot questions? |
| 7717 | Kessler v. Lauretz, 39 Cal. App. 3d 441, 446–47, 114 Cal. Rptr. 42, 45 (Ct. App. 1974) | 1 | Court has inherent power by summary means to prevent abuse of its process and peremptorily to dispose of sham causes of action. | A court has inherent power by summary means to prevent an abuse *447 of its process and peremptorily to dispose of sham causes of action. | Does court have power to prevent abuse of its process and peremptorily to dispose of sham causes of action? |
| 7719 | Farrell v. Theriault, 464 A.2d 188, 192 (Me. 1983) | 6 | Party requesting continuance must make known to presiding justice substantial reasons why granting of continuance would serve to further justice. Rules Civ.Proc., Rule 40(b). | [T]he law has long required that the party requesting a continuance make known to the presiding justice substantial reasons why the granting of the continuance would serve to further justice. | Should a party seeking a continuance make known to the presiding justice substantial reasons why granting the continuance would serve to further justice? |
| 7720 | Wright v. Allen, 611 So. 2d 23, 24 (Fla. Dist. Ct. App. 1992) | 1 | Ultimate sanction of dismissal may be appropriate in aggravated situations, but this generally requires deliberate and insubordinate disregard of court's authority, so as to amount to willful abuse of the process. West's F.S.A. RCP Rule 1.420(b). | While this ultimate sanction may be appropriate in aggravated situations, see e.g., Johnson v. Landmark First National Bank, 415 So.2d 161 (Fla. 4th DCA 1982), this generally requires a deliberate and insubordinate disregard of the court's authority, so as to amount to a willful abuse of the process. | Can the ultimate sanction of dismissal be appropriate in aggravated situations? |

| | | | | | |
|---|---|---|---|---|---|
| 7723 | Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773, 776 (Fla. App. 2010) | 9 | The mere conflict between discovery depositions, interrogatories and records disclosed during the discovery process should not warrant dismissal on the basis of fraud on the court. | The mere conflict between discovery depositions, interrogatories and records disclosed during the discovery process should not warrant dismissal. | "Should the mere conflict between discovery depositions, interrogatories and records disclosed during the discovery process not warrant dismissal on the basis of fraud on the court?" |
| 7724 | Bogan v. Byrom, 151 So. 2d 718, 721 (La. Ct. App. 1963) | 3 | The court has the right and power to order a litigant to perform some act, procedural in character, and, upon his failure or refusal to do so, to dismiss his suit. LSA-C.C.P. art. 933. | And, it is settled in this State that the court has the right and power to order a litigant to perform some act, procedural in character, and, upon his failure or refusal to do so, to dismiss his suit. LSA-C.C.P. Article 933; St. | "Can a court order a litigant to perform some action, procedural in character, and on his refusal to do so dismiss the suit?" |
| 7725 | State v. Fattorusso, 228 So. 2d 630, 633 (Fla. Dist. Ct. App. 1969) | 1 | Trial court has inherent right to dismiss an action because of noncompliance with its orders in interests of orderly administration of justice. | We recognize the inherent right of the trial court to dismiss an action because of non-compliance with its orders in the interests of the orderly administration of justice. | Does a trial court have an inherent right to dismiss an action because of noncompliance with its orders in interests of orderly administration of justice? |
| 7727 | Flores v. Georgeson, 191 Cal. App. 4th 881, 887 (2011) | 3 | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." | Do courts have inherent power to dismiss a case which is collusive? |
| 7729 | Goodman v. Goodman, 165 S.W.3d 499, 501 (Mo. Ct. App. 2005) | 4 | A defendant may seek to have a civil action involuntarily dismissed for failure of the plaintiff to comply with any order of the court. V.A.M.R. 67.03. | A defendant may seek to have a civil action involuntarily dismissed for failure of the plaintiff to comply with "any order of the court." Rule 67.03. | Can a defendant seek to have a civil action involuntarily dismissed for failure of the plaintiff to comply with any order of the court? |
| 7730 | Reichert v. Union Fid. Life Ins. Co., 360 N.W.2d 664, 667 (Minn. Ct. App. 1985) | 1 | An action may be dismissed with prejudice for failure to prosecute, for noncompliance with the rules of civil procedure, or with an order of the court. 48 M.S.A., Rules Civ.Proc., Rule 41.02(1). | An action may be dismissed with prejudice for a failure to prosecute, or for noncompliance with the Rules of Civil Procedure, or with an order of the court. Minn.R.Civ.P. 41.02(1). | "Can an action be dismissed with prejudice for failure to prosecute, for noncompliance with the rules of civil procedure, or with an order of the court?" |
| 7731 | Solak v. Sarowitz, 153 A.3d 729, 746 (Del. Ch. 2016) | 17 | It is inappropriate to dismiss a complaint based on an affirmative defense unless the plaintiff can prove no set of facts to avoid it. | 65 It is inappropriate to dismiss a complaint based on an affirmative defense unless "plaintiff can prove no set of facts to avoid it:" | Would it be appropriate to dismiss a complaint based on an affirmative defense unless the plaintiff can prove no set of facts to avoid it? |
| 7732 | Hagan v. Fairfield, 16 Cal. Rptr. 14, 21 (1961) | 12 | Court has inherent power to dismiss action shown to be sham, fictitious, or without merit, so that there shall be no abuse of judicial process. | While a court has inherent power to dismiss an action when it is shown to be sham, fictitious or without merit, to the end that there shall be no abuse of the judicial process. | Does a court have inherent power to dismiss an action which is clearly shown to be sham and without merit? |
| 7736 | Denisen v. Milwaukee Mut. Ins. Co., 360 N.W.2d 448, 450 (Minn. Ct. App. 1985) | 1 | Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in course of their employment. M.S.A. S 176.031. | The Minnesota workers' compensation law establishes an exclusive system of compensation in all but certain designated employments for injuries which result in disability or death to employees and which arise out of and in the course of their employment. | Is the workers compensation an exclusive system of compensation for injuries to the employees? |

| 7737 | Cty. of La Crosse v. Wisconsin Employment Relations Comm'n, 182 Wis. 2d 15, 29, 513 N.W.2d 579, 583 (1994) | 4 | Workers' Compensation Act represents legislative compromise between interests of employers, employees and public in resolving compensation disputes regarding work-related physical or mental harms arising in industrial society. W.S.A. 102.01 et seq. | The Worker's Compensation Act (Act) represents the legislative compromise between the interests of employers, employes and the public in resolving compensation disputes regarding work-related physical or mental harms arising in our industrial society. | What does the Workers Compensation Act represent? |
| 7738 | Mendoza v. Monmouth Recycling Corp., 288 N.J. Super. 240, 246 (App. Div. 1996) | 4 | Conceptual basis of workers' compensation system is substitution of statutory remedy for common-law right of action, with statutory remedy becoming integral component of contract of employment. | The conceptual basis of the workers' compensation system is the substitution of the statutory remedy for a common-law right of action, the statutory remedy becoming an integral component of the contract of employment. | Is the conceptual basis of workers compensation the substitution of a statutory remedy for common law? |
| 7745 | Weaver v. The Ctr. Bus., 578 So. 2d 427, 429 (Fla. Dist. Ct. App. 1991) | 2 | Almost any discovery effort filed of record will preclude dismissal for failure to prosecute, unless effort is patently repetitious; court will no longer inquire how well effort advances cause. West's F.S.A. RCP Rule 1.420(e). | Almost any discovery effort filed of record (unless patently repetitious) will preclude dismissal and a court can no longer inquire how well it advances the cause. | Are discovery efforts sufficient to preclude dismissal unless they are patently repetitious? |
| 7747 | Jones v. Vowell, 258 S.W.3d 383, 385 (2007) | 3 | The availability of dismissal for inaction or failure to prosecute is a tool for trial courts to dispose of cases "filed and forgotten." Rules Civ.Proc., Rule 41(b). | The availability of dismissal for "inaction" or failure to prosecute is a tool for trial courts to dispose of cases "filed and forgotten." | "Is the rule governing dismissal of a suit for failure to prosecute, a tool for trial courts to dispose of cases filed and forgotten?" |
| 7748 | Goldberg v. Brooks, 409 Ill. App. 3d 106, 112, 948 N.E.2d 1108, 1114 (2011) | 11 | While affirmative matter in motion for involuntary dismissal must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. S.H.A. 735 ILCS 5/2-619. | While affirmative matter must be more than evidence offered to refute a well-pleaded fact, if facts within an affidavit dispute the allegations of the complaint and are not contradicted by a counteraffidavit, the court must accept the facts in the affidavit as true. | When can the court accept the facts in the affidavit as true? |
| 7749 | Fillmore v. Walker, 2013 IL App (4th) 120533, ¶ 28, 991 N.E.2d 340, 345 | 2 | If an affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-615. | If the affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint... | Would the defendant plead the affirmative defense if an affirmative defense is apparent on the face of the complaint? |
| 7750 | O'Callaghan v. Satherlie, 2015 IL App (1st) 142152, ¶ 18 (2015) | 8 | Although a defendant generally must plead an affirmative defense or face forfeiture, a defendant need not do so and instead may raise the affirmative defense in a motion to dismiss on the pleadings if the affirmative defense is apparent from the face of the complaint. S.H.A. 735 ILCS 5/2-615. | Similarly, although a defendant generally must plead an affirmative defense or face forfeiture, a defendant need not do so and instead may raise the affirmative defense in a section 2-615 motion if the affirmative defense is apparent from the face of the complaint. | Would the defendant plead the affirmative defense if an affirmative defense is apparent on the face of the complaint? |

| | | | | | |
|---|---|---|---|---|---|
| 7751 | Fillmore v. Walker, 2013 IL App (4th) 120533, ¶ 28, 991 N.E.2d 340, 345 | 2 | If an affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-615. | If the affirmative defense already is apparent on the face of the complaint, the defendant need not plead the affirmative defense as an affirmative defense but instead may challenge the legal sufficiency of the complaint… | What will the defendant need to do if an affirmative defense is apparent on the face of the complaint? |
| 7752 | Schroeder v. RGIS, Inc., 992 N.E.2d 509, 516 (Ill. App. 1st Dist. 2013) | 1 | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the legal sufficiency of the complaint is admitted. S.H.A. 735 ILCS 5/2-619. | A motion to dismiss brought pursuant to section 2–619(a)(9) of the Code allows for the involuntary dismissal of a complaint when the "claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2–619(a)(9) (West 2010). When proceeding under section 2–619 of the Code, the legal sufficiency of the complaint is admitted. | When will the legal sufficiency of the complaint be admitted? |
| 7753 | Trzop v. Hudson, 2015 IL App (1st) 150419, ¶ 63, 43 N.E.3d 178, 187 | 2 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | 63 "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." | Will a motion for involuntary dismissal based on an affirmative matter admit the legal sufficiency of the complaint? |
| 7756 | Vaswani v. Ganobsek, 402 So. 2d 1350, 1351 (Fla. Dist. Ct. App. 1981) | 1 | On motion to dismiss trial court must look solely to allegations of complaint; thus, if face of complaint contains allegations which demonstrate existence of affirmative defense, such defense can be considered on motion to dismiss, otherwise, affirmative defense may not be considered on motion to dismiss complaint. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.110(d). | The law is well-settled that on a motion to dismiss a trial court must look solely to the allegations of the complaint. Id. If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such defense can be considered on a motion to dismiss. Fla.R.Civ.P. 1.110(d). Otherwise an affirmative defense may not be considered on a motion to dismiss a complaint. | When will a defense be considered on a motion to dismiss? |
| 7758 | McDevitt & St. Co. v. Trammell, 193 Ga. App. 646, 647, 389 S.E.2d 3, 5 (1989) | 1 | Workers' compensation law is statutory in origin and procedure, and the State Board of Workers' Compensation possesses only the jurisdiction, power, and authority granted to it by the legislature. | Workers' compensation law is statutory in origin and procedure, Continental Ins. Co. v. McDaniel, 118 Ga.App. 344, 345, 163 S.E.2d 923, and " '[t]he [full board] is an administrative body and it possesses only the jurisdiction, power, and authority granted to it by the legislature.' | "Is the full board under the workers compensation law an administrative body that possesses only the jurisdiction, power, and authority granted to it by the legislature?" |

| 7760 | State v. Kouba, 319 N.W.2d 161, 163 (N.D. 1982) | 2 | Use of public highways is not absolute right which everyone has, and of which person cannot be deprived; it is instead a privilege which person enjoys subject to control of the state in its valid exercise of its police power. | The use of the public highways is not an absolute right which everyone has, and of which a person cannot be deprived; it is instead a privilege which a person enjoys subject to the control of the State in its valid exercise of its police power. | Is right to use the public highways an absolute right? |
|---|---|---|---|---|---|
| 7761 | Palmer v. Crews, 203 Miss. 806, 818 (1948) | 1 | A "royalty" is an interest in real estate entitling the royalty owner to a share in the production of oil, gas or other minerals therefrom. | In the outset, it is to be conceded that a royalty is an interest in real estate, entitling the royalty owner to a share in the production of oil, gas, or other minerals therefrom. | "Is a royalty an interest in real estate entitling the royalty owner to a share in the production of oil, gas, or other minerals?" |
| 7764 | Bertrand v. State ex rel. Dep't of Transp. & Dev.,2002-1163 (La. App. 3 Cir. 2/5/03), 838 So. 2d 136, 141 (2003) | 4 | Any step taken by plaintiff after three-year abandonment period has run is ineffective to prevent judgment of dismissal from being granted. LSA-C.C.P. art. 561, subd. A(1). | Additionally, any step taken by a plaintiff after the three-year period has run is ineffective to prevent a judgment of dismissal from being granted. | Is any step taken by a plaintiff after three-year abandonment period has run ineffective to prevent judgment of dismissal from being granted? |
| 7769 | Riddle v. State Highway Comm'n, 184 Kan. 603, 603–04 (1959) | 4 | Legislature has plenary power over highways and their use may be limited, controlled and regulated in the exercise of police power whenever necessary to promote the safety and general welfare of the people. | The legislature has plenary power over highways and their use may be limited, controlled and *604 regulated in the exercise of the police power whenever necessary to promote the safety and general welfare of the people. | Can there be limitation or exception on the plenary power of the legislature over highways? |
| 7771 | Smith v. Kowalski, 223 Mich. App. 610, 616 (1997) | 10 | When reviewing grant of summary disposition on ground that claim is barred by governmental immunity, Court of Appeals considers all documentary evidence submitted by the parties. MCR 2.116(C)(7). | When reviewing a grant of summary disposition on the ground that the claim is barred by governmental immunity, this Court considers all documentary evidence submitted by the parties. | Is summary disposition appropriate if a claim is barred because of immunity granted by law? |
| 7773 | Bilodeau v. Oliver Stores Inc., 116 N.H. 83, 87, 352 A.2d 741, 744 (1976) | 3 | Nature and extent of compensation to injured employee as well as the extent and manner by which a compensation payor can be reimbursed is governed by the express statutory language and that which be fairly implied therefrom. RSA 281:1 et seq., 281:14. | The nature and extent of compensation to the injured employee as well as the extent and manner by which a compensation payor can be reimbursed is governed by the express statutory language and that which can be fairly implied therefrom. | What is the nature and extent of compensation to an injured employee governed by? |
| 7774 | Cantwell v. State of Connecticut, 310 U.S. 296, 308 (1940) | 15 | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the state to prevent or punish is obvious. Equally obvious is it that a state may not unduly suppress free communication of views, religious or other, under the guise of conserving desirable conditions. | "Can the state unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions?" |

| | | | | | |
|---|---|---|---|---|---|
| 7775 | City of Cleveland v. Egeland, 26 Ohio App. 3d 83, 86, 497 N.E.2d 1383, 1387 (1986) | 1 | One who voluntarily lies in street with knowledge that he will thereby divert traffic and without legal privilege to do so is not acting in lawful manner. R.C. S 4511.74. | One who voluntarily lies in the street with knowledge that he will thereby divert traffic and without a legal privilege to do so is not acting in a "lawful" manner. See R.C. 4511.74. | Whether a person who lays on the street with knowledge that he will divert traffic acts in lawful manner? |
| 7776 | Haegert v. McMullan, 953 N.E.2d 1223, 1231 (Ind. App. 2011) | 11 | Complaints made by a current student pursuant to a university anti-harassment policy are protected by an absolute privilege and cannot serve as the basis for civil liability to a person who is the subject of the complaint. | "[C]omplaints made by a current student pursuant to a university anti-harassment policy are protected by an absolute privilege and cannot serve as the basis for civil liability to a person who is the subject of the complaint." | Are complaints made by students protected by an absolute privilege? |
| 7778 | Kruse v. Schieve, 61 Wis. 2d 421, 431 (1973) | 3 | Allegations of alternative theories in a single count are construed as pleading only the least, rather than the greatest allegation, and are fatally defective if the least delegation does not state a cause of action. | The commingling of theories is in effect an allegation of alternative theories in a single count. Such allegations are construed as pleading only the least, rather than the greatest allegation, and are fatally defective if the least allegation does not state a cause of action. | Are allegations of alternative theories in a single count construed as pleading only the least? |
| 7780 | Lowery v. Lowery, 654 So. 2d 1218, 1219 (Fla. Dist. Ct. App. 1995) | 1 | Motion to dismiss is not to be used as substitute for motion for judgment on the pleadings or motion for summary judgment; motion to dismiss is designed to test legal sufficiency of complaint but not to determine issues of fact. | We must again note that a motion to dismiss is not to be used as a substitute for a motion for judgment on the pleadings or a motion for summary judgment. Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994); Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994). A motion to dismiss is designed to test the legal sufficiency of a complaint, not to determine issues of fact. | Is the purpose of a motion to dismiss is to test the legal sufficiency of a complaint and not to determine factual issues? |
| 7791 | Kurt Orban Co. v. Angeles Metal Sys., 573 F.2d 739, 740 (2d Cir. 1978) | 4 | Language of arbitration demands should not be subjected to same strict standards of construction that would be applied in formal court proceedings. | The language of arbitration demands should not be subjected to the same strict standards of construction that would be applied in formal court proceedings. | Is the language of arbitration subject to the same standards of construction that would applied in formal court proceedings? |
| 7793 | Ellsworth v. U.S. Bank, N.A., 908 F. Supp. 2d 1063, 1083 (N.D. Cal. 2012) | 22 | Under California law, payments of illegal claims enforced by duress, coercion, or compulsion, when the payor has no other adequate remedy to avoid it, will be deemed to have been made involuntarily and may be recovered, but the payment must have been enforced by coercion and there must have been no other adequate means available to prevent the loss. | "Payments of illegal claims enforced by duress, coercion or compulsion, when the payor has no other adequate remedy to avoid it, will be deemed to have been made involuntarily and may be recovered, but the payment must have been enforced by coercion and there must have been no other adequate means available to prevent the loss." | When is a payment deemed to be involuntary? |

| 7795 | Hampton v. Metro. Water Reclamation Dist. of Greater Chicago, 2016 IL 119861, 57 N.E.3d 1229, 1238 (Ill. 2016) | 11 | The critical inquiry in determining whether a pleading should be dismissed is whether the allegations, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. | "The critical inquiry in determining whether a pleading should be dismissed * * * is whether the allegations, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." | What is the critical inquiry in deciding a motion to dismiss on the pleadings? |
|---|---|---|---|---|---|
| 7799 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340, 1344 (Colo. 1985) | 8 | In absence of showing by plaintiff of mitigating circumstances or reasonable excuse for delay, unusual delay in prosecution justifies exercise of trial court's discretion in dismissing action. Rules Civ.Proc., Rule 41(b)(1, 2). | In the absence of a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, however, an unusual delay in prosecution justifies an exercise of the trial court's discretion in dismissing an action. | Does unusual delay in prosecuting action justify dismissal with prejudice? |
| 7807 | Cultum v. Heritage House Realtors, 103 Wash. 2d 623, 632, 694 P.2d 630, 636 (1985) | 9 | An agent has the duty to obey all reasonable instructions and directions given by the principal and to adhere faithfully to those instructions in all cases where they ought to be properly applied and in which they can be obeyed by the exercise of reasonable and diligent care. | It is the duty of an agent to obey all reasonable instructions and directions given by the principal and to adhere faithfully to them in all cases where they ought properly to be applied and in which they can be obeyed by the exercise of reasonable and diligent care. | Is an agent bound to obey all the reasonable duties given to him by the principal? |
| 7810 | Rodash v. AIB Mortg. Co., 16 F.3d 1142, 1144 (11th Cir. 1994) | 3 | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Congress intended the statute to create a system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, we liberally construe its language in favor of the consumer. McGowan v. King, Inc., 569 F.2d 845, 848 (5th Cir.1978). | How does Truth in Lending Act (TILA) favour the consumers or the borrowers? |
| 7811 | Schwen v. Kaye, 155 Cal. App. 3d 949, 951–52, 202 Cal. Rptr. 374, 375–76 (Ct. App. 1984) | 1 | Doctrine of estoppel by deed generally precludes grantor of real property from asserting, as against grantee, any right or title in derogation of deed; policy behind doctrine is to protect unwitting grantee who relies upon good title of grantor when latter does not possess legal or perfect title to property. | Civil Code section 1106 has as its genesis the common law doctrine of estoppel by deed. That doctrine generally precludes a grantor of real property from asserting, **376 as against the grantee, any right or title in derogation of the deed. (6A Powell, The Law of Real Property (1982) ¶ 927, p. 84–112.) The policy behind the doctrine is to protect an unwitting grantee who relies upon the good title of the grantor when the latter does not possess *952 legal or perfect title to the property. | Does the doctrine of estoppel by deed preclude a grantor of real property from asserting any right in derogation of the deed? |

| | | | | | |
|---|---|---|---|---|---|
| 7812 | Butler v. City of Eupora, 725 So. 2d 158, 160 (Miss. 1998) | 1 | While after-acquired title doctrine is founded upon premises of equitable estoppel, doctrine of equitable estoppel cannot be applied against state or its counties where acts of their officers were unauthorized. Code 1972, S 89-1-39; Rules App.Proc., Rule 8(c). | As the Court stated in Buchanan, 335 So.2d at 913, "the after-acquired title doctrine is founded upon premises of equitable estoppel." But it is also a well- established rule in Mississippi that the doctrine of equitable estoppel cannot be applied against the state or its counties where the acts of their officers were unauthorized. | Is the after-acquired title doctrine founded upon premises of equitable estoppel? |
| 7813 | Thormodsgard v. Wayne Twp. Bd. of Sup'rs, 310 N.W.2d 157, 159 (S.D. 1981) | 1 | Abandonment of section line right-of-way cannot be established solely by evidence that highway has never been open, improved or traveled, but rather, appropriate governing board must act affirmatively to vacate or abandon section line right-of-way. SDCL 31-3-1, 31-18-1. | Abandonment of a section line right-of-way cannot be established solely by evidence that the highway has never been open, improved, or traveled. Costain v. Turner County, 72 S.D. 427, 36 N.W.2d 382 (1949); Pederson v. Canton Township, 72 S.D. 332, 34 N.W.2d 172 (1949). The appropriate governing board must act affirmatively to vacate or abandon a section line right-of-way. | "Can the abandonment of a section line right-of-way be established by evidence that the highway has never been open, improved, or traveled?" |
| 7814 | Rodgers v. Whitley,  282 Ill. App. 3d 741, 746 (1996) | 1 | In considering and reviewing motion to dismiss, all well-pleaded facts must be taken as true and considered in light most favorable to plaintiffs. S.H.A. 735 ILCS 5/2-615. | In considering and reviewing a section 2-615 motion to dismiss, all well-pleaded facts must be taken as true and considered in the light most favorable to the plaintiffs. | "In considering and reviewing motion to dismiss, should all well-pleaded facts be taken as true and considered in a light most favorable to plaintiffs?" |
| 7815 | Chen v. Lowe, 521 S.W.3d 587, 591 (Ky. Ct. App. 2017) | 2 | A trial court may properly consider matters outside of the pleadings in making its decision on a motion to dismiss. | A trial court "may properly consider matters outside of the pleadings in making its decision [on a motion to dismiss]. | Can a trial court properly consider matters outside of the pleadings in making its decision on a motion to dismiss? |
| 7816 | Yellam v. Woerner, 77 Wash. 2d 604, 608, 464 P.2d 947, 949 (1970) | 3 | Rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. CR 41(b) (1), (b) (2) (C). | The rule providing for dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. | Are dismissals for want of prosecution punitive or administrative in nature? |
| 7817 | Petroleum Ref. Co. v. McGlothlin, 429 S.W.2d 676, 678 (Tex. Civ. App. 1968) | 2 | A court has right to dismiss suit for failure to prosecute it with due diligence, despite fact that party whose suit is dismissed had no intention to abandon case and hoped to settle it. | It is now established law that a court has the right to dismiss a suit for failure to prosecute it with due diligence, despite the fact that the party whose suit is dismissed had no intention to abandon the case and hoped to settle it. | Can a court dismiss a case for want of prosecution even when the plaintiff states that he never intended to abandon a suit and that he is currently ready for trial? |
| 7818 | Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659, ¶ 22, 67 N.E.3d 556, 564 | 6 | When a motion to dismiss is based on facts not apparent from the face of the complaint, the movant must support its motion with affidavits or other evidence. S.H.A. 735 ILCS 5/2-619. | "When a motion to dismiss is based on facts not apparent from the face of the complaint, the movant must support its motion with affidavits or other evidence." | "When a motion to dismiss is based on facts not apparent from the face of the complaint, should the movant support its motion with affidavits or other evidence?" |

| | | | | | |
|---|---|---|---|---|---|
| 7819 | Burton v. Dominion Nuclear Connecticut, 129 Conn. App. 203, 212–13, 21 A.3d 824, 829 (2011) | 10 | A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts; if a resolution of a disputed fact is necessary to determine the existence of standing when raised by a motion to dismiss, a hearing may be held in which evidence is taken. | "[A] motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts.... If a resolution of a disputed fact is necessary to determine the existence of standing when raised by a motion to dismiss, a hearing *213 may be held in which evidence is taken." | Does a motion to dismiss admit all facts well pleaded and invokes any record that accompanies the motion? |
| 7821 | Acme Oil v. Vasatka, 465 So. 2d 1314, 1318 (Fla. Dist. Ct. App. 1985) | 8 | The actions of an agent performing within scope of his real or apparent authority are binding upon his principal, regardless of whether principal had knowledge of the agent's action. | The actions of an agent performing within the scope of his real or apparent authority are binding upon his principal, regardless of whether the principal had knowledge of the agent's action. | Can an act of an agent performed within the scope of his real or apparent authority bind the principal? |
| 7824 | Beaudry v. TeleCheck Services, Inc., 579 F.3d 702, 706 (6th Cir. 2009) | 2 | Any actual damages sustained by a consumer as a result of a failure to comply with the Fair Debt Collection Practices Act are available as an alternative to the recovery of statutory damages. Fair Debt Collection Practices Act, S 813(a), 15 U.S.C.A. S 1692k(a). | [A]ny actual damage[s] sustained by [a consumer] as a result of [a] failure" to comply with the Fair Debt Collection Protection Act are available as an alternative to the recovery of statutory damages, suggesting that such damages are not a necessary precondition to suit. | Does a consumer have to suffer actual damages to recover statutory damages under the Fair Debt Collection Protection Act (FDCPA)? |
| 7825 | LVNV Funding, LLC v. Mavaega, 527 S.W.3d 128, 136 (Mo. Ct. App. 2017) | 6 | Under the Truth In Lending Act (TILA), a creditor is required to send periodic statements to a debtor at the end of each billing cycle where there is an outstanding balance or where a finance charge was imposed. Truth in Lending Act S 127, 15 U.S.C.A. S 1637(b). | Under TILA, "a creditor is required to send periodic statements to a debtor at the end of each billing cycle where there is an outstanding balance or where a finance charge was imposed." | Should a creditor send periodic statements to debtor where a finance charge was imposed? |
| 7827 | Forney 921 Lot Dev. Partners I v. Paul Taylor Homes, Ltd., 349 S.W.3d 258, 268 (Tex. App. 2011) | 8 | "Quasi-estoppel," or "estoppel by contract," is a term applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits. | Quasi-estoppel (estoppel by contract) is a term applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits. | "Is quasi-estoppel applied to certain legal bars, such as ratification, election, acquiescence, or acceptance of benefits?" |
| 7828 | H.R.B. v. J.L.G., 913 S.W.2d 92, 96 (Mo. App. 1995) | 7 | In reviewing dismissal of petition, reviewing courts must allow pleading its broadest intendment, treating all facts alleged as true and construing petition's allegations favorably to plaintiff. | In reviewing the dismissal of a petition, reviewing courts must allow the pleading its broadest intendment, treating all facts alleged as true and construing the petition's allegations favorably to the plaintiff. | Does a review of dismissal of a petition allow pleadings their broadest intendment? |
| 7831 | Seip v. Rogers Raw Materials Fund, 408 Ill. App. 3d 434, 440 (2011) | 2 | Facts contained in an affidavit in support of a motion to dismiss which are not contradicted by a counteraffidavit must be taken as true for purposes of the motion. | As we have held before, facts contained in an affidavit in support of a motion to dismiss which are not contradicted by a counteraffidavit must be taken as true for purposes of the motion. | Should facts contained in an affidavit in support of a motion to dismiss which are not contradicted by a counteraffidavit be taken as true for purposes of the motion? |

| | | | | | |
|---|---|---|---|---|---|
| 7833 | Branscum v. Am. Cmty. Mut. Ins. Co., 984 P.2d 675, 680 (Colo. App. 1999) | 16 | As a general rule, the acts performed or statements by an agent within the scope of real or apparent authority are binding on the principal regardless of whether the principal has actual knowledge of the agent's act. | As a general rule, the acts performed or statements by an agent within the scope of real or apparent authority are binding on the principal regardless whether the principal has actual knowledge of the agent's act. | Is the principal bound regardless of having actual knowledge of agents act? |
| 7834 | People v. Schupper, 140 P.3d 293, 298 (Colo. App. 2006) | 12 | The critical elements of attempt to influence a public servant are (1) an attempt to influence a public servant (2) by means of deceit or by threat of violence or economic reprisal (3) with the intent to alter or affect the public servant's decision or action. West's C.R.S.A. S 18-8-306. | The critical elements of this offense are (1) an attempt to influence a public servant (2) by means of deceit or by threat of violence or economic reprisal (3) with the intent to alter or affect the public servant's decision or action. | What are the critical elements of attempt to influence a public servant? |
| 7835 | Gwinn v. State, 201 Ind. 420, 166 N.E. 769, 770 (1929), overruled by Rohlfing v. State, 227 Ind. 619, 88 N.E.2d 148 (1949) | 1 | Probable cause for issuing search warrant may be shown by positive allegations of facts in affidavit or by sworn testimony. | Probable cause for issuing the search warrant may be shown to the issuing magistrate either by positive allegation of facts in the affidavit1 or by sworn testimony. | Can probable cause for issuing search warrant be shown by positive allegations or by sworn testimony? |
| 7837 | Epperson v. State of Ark., 393 U.S. 97, 106, 89 S. Ct. 266, 271, 21 L. Ed. 2d 228 (1968) | 6 | The First Amendment does not permit a state to require that teaching and learning be tailored to principles or prohibitions of any religious sect or dogma. U.S.C.A.Const. Amend. 1. | There is and can be no doubt that the First Amendment does not permit the State to require that teaching and learning must be tailored to the principles or prohibitions of any religious sect or dogma. | Does the First Amendment permit the State to require that teaching and learning be tailored to the principles or prohibitions of any religion? |
| 7840 | Ground Improvement Techniques v. Merchants Bonding Co., 707 So. 2d 1138, 1139 (Fla. App. 1998) | 4 | Any defendant seeking dismissal of suit based upon forum non conveniens must support motion by affidavit or other evidence offered under oath; only exception would be where complaint itself shows on its face that transfer is warranted. West's F.S.A. S 47.122; West's F.S.A. RCP Rule 1.061. | To be clear: any defendant seeking dismissal of a suit based upon Rule 1.061 forum non conveniens must support the motion by affidavit or other evidence offered under oath. The only exception would be where the complaint itself shows on its face that a forum non conveniens transfer is warranted. | Is the procedure to be followed under the forum non conveniens rule the same as the procedure to be followed under the forum non conveniens statute? |
| 7841 | Carl J. Herzog Found. v. Univ. of Bridgeport, 41 Conn. App. 790, 793, 677 A.2d 1378, 1380 (1996) | 1 | Motion to dismiss admits all facts well pleaded and invokes any record that accompanies motion, including supporting affidavits that contain undisputed facts. | A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | Does a motion to dismiss admit all facts well pleaded and invokes any record that accompanies a motion? |
| 7843 | DaCosta v. Trade-Winds Env't Restoration, Inc., 61 A.D.3d 627, 628, 877 N.Y.S.2d 373, 375 (2009) | 3 | On a motion to dismiss for failure to state a cause of action, the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | On a motion to dismiss pursuant to CPLR 3211(a)(7), the court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint | "When considering a motion to dismiss, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint?" |
| 7844 | State v. Collie, 108 Ohio App. 3d 580, 583 (1996) | 2 | Generally, under menacing laws, state does not need to prove offender's ability to carry out threats or any movement toward carrying it out. R.C. SS 2903.21, 2903.22. | Generally, under the menacing laws, the state does not need to prove the offender's ability to carry out the threat or any movement toward carrying it out. | "Under menacing laws, does the state need to prove the offender's ability to carry out threats?" |

| 7847 | Rotert v. Faulkner, 660 S.W.2d 463, 468 (Mo. Ct. App. 1983) | 2 | Instruments that are not negotiable may, like negotiable instruments, be transferred by assignment, but the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment. V.A.M.S. S 400.3-202(3). | Instruments that are not negotiable, such as the note here, may, like negotiable instruments, be transferred by assignment. Kaw Valley State Bank & Trust v. Commercial Bank of Liberty, 567 S.W.2d 710 (Mo.App.1978). The assignee of a note that is not negotiable, however, takes it subject to all defenses the maker may have against the note prior to notice of the assignment. | Does an assignee of a nonnegotiable instrument take it subject to all defenses that the maker has against the instrument prior to notice of the assignment? |
| 7848 | Rotert v. Faulkner, 660 S.W.2d 463, 469 (Mo. Ct. App. 1983) | 8 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | It is thus established in Missouri that even though a note does not possess the quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another. Any language, however informal, if it shows the intention of the owner of a chose in action 10 to transfer it, and sufficiently identifies the subject matter, is sufficient to vest the property therein in the assignee. | Is the intention of the owner sufficient to identify the subject matter? |
| 7850 | Greer v. Carter Oil Co., 373 Ill. 168, 176–77 (1940) | 15 | "Estoppel" is an impediment or bar to the assertion of a right of action arising by means of one's own act, or where he is forbidden to speak against his own act, and extends to and binds privies in blood, privies in estate, and privies in law. | an estoppel is defined to be an impediment or bar to the *177 assertion of a right of action arising by means of a man's own act or where he is forbidden to speak against his own act and extends to and binds privies in blood, privies in estate and privies in law. | "Is an estoppel an impediment to the assertion of a right, arising as a result of a man's own act?" |
| 7851 | State ex rel. Koster v. Morningland of the Ozarks, 384 S.W.3d 346, 351 (Mo. Ct. App. 2012) | 13 | While Missouri is a fact-pleading state, a motion for a more definite statement inherently concedes a cause of action, and a motion to dismiss is a more appropriate vehicle in contesting the sufficiency of a petition. V.A.M.R. 55.27(d). | " 'While Missouri is a fact-pleading state, ... a motion for a more definite statement inherently concedes a cause of action and a motion to dismiss is a more appropriate vehicle in contesting the sufficiency of a petition.' " | Does a motion for a more definite statement inherently concede a cause of action? |
| 7852 | In re Frost Nat. Bank, 103 S.W.3d 647, 649 (Tex. App. 2003) | 4 | The trial court loses its plenary power 30 days after it signs an order granting non-suit, or 75 days after it signs an order if a motion for new trial is filed. | The trial court loses its plenary power 30 days after it signs the order granting the non-suit (if no motion for new trial is filed), or 75 days after it signs the order (if a motion for new trial is filed). | Does the trial court lose its plenary power 30 days after it signs an order granting non-suit? |
| 7854 | Hicks v. Oxford, 113 Ga. App. 593, 593, 149 S.E.2d 192, 193 (1966) | 1 | Effect of a nonsuit is to promptly terminate the whole case, putting plaintiff out of court and leaving him at liberty to bring it again. | The effect of a nonsuit is to abruptly terminate the whole case, putting the plaintiff out of court and leaving him at liberty to bring it again. | "Is the effect of a nonsuit to promptly terminate the whole case, putting a plaintiff out of court and leaving him at liberty to bring it again?" |

| 7855 | Fisher v. Eckert, 94 Cal. App. 2d 890, 894, 212 P.2d 64, 67 (1949) | 4 | A dismissal of an action with prejudice is a final decision of the action and has the effect of terminating it and rights of the parties are affected by it to extent that it is "final judgment" in favor of defendants and defendants are entitled to recover costs. Code Civ.Proc. $ 1032. | A dismissal of an action with prejudice is a final decision of the action and has the effect of terminating it and the rights of the parties are affected by it and in effect it is a final judgment in favor of defendants and defendants are entitled to recover their costs. | Is a dismissal of an action with prejudice a final decision of the action and has the effect of terminating it? |
| --- | --- | --- | --- | --- | --- |
| 7857 | Franck v. Farmers New World Life Ins. Co., 445 F. Supp. 2d 954, 962 (Ill. 2006) | 7 | Under Illinois law, four factors to determine whether an intermediary is an agent for a party: (1) who first set the intermediary in motion; (2) who could control his action; (3) who was to pay him; (4) and whose interests he was there to protect. | Illinois courts analyze four factors to determine whether an intermediary is an agent for a party: (1) who first set the intermediary in motion; (2) who could control his action; (3) who was to pay him; (4) and whose interests he was there to protect. | What are the factors used to determine whether an intermediary is an agent? |
| 7860 | Morris v. Ohio Cas. Ins. Co., 35 Ohio St. 3d 45, 50 (1988) | 7 | Unauthorized signature does not operate as signature of named payee, and, accordingly may not act to pass title to instrument or relieve drawer of his obligation to pay payee. R.C. SS 1301.01(QQ), 1303.40(A). | Thus, an unauthorized signature does not operate as the signature of the named payee and, accordingly, may not act to pass title to an instrument or relieve the drawer of his obligation to pay the payee. | Is a drawer of an instrument relieved of his obligation to pay the payee in cases where the signature on the instrument is unauthorized? |
| 7861 | Bernardo v. Anello, 61 Ohio App. 3d 453, 459, 573 N.E.2d 126, 129 (1988) | 6 | Unauthorized signature does not operate as signature of named payee and accordingly may not act to pass title to instrument or relieve drawer of his or her obligation to pay payee. R.C. S 1303.40(A). | Hence, an unauthorized signature does not operate as the signature of the named payee and accordingly may not act to pass title to an instrument or relieve the drawer of his obligation to pay the payee. | Is a drawer of an instrument relieved of his obligation to pay the payee in cases where the signature on the instrument is unauthorized? |
| 7863 | Rodgers v. RAB Invs., Ltd., 816 S.W.2d 543, 548 (Tex. App. 1991) | 10 | Every partner has inherent power to dissolve partnership even though dissolution would violate partnership agreement; dissolution may breach partnership contract, but it may be accomplished nonetheless. | Every partner has the inherent power to dissolve a partnership even though the dissolution would violate the partnership agreement. Karrick v. Hannaman, 168 U.S. 328, 335-35, 18 S.Ct. 135, 138, 42 L.Ed. 484 (1897); Infusaid Corp. v. Intermedics Infusaid, Inc., 739 F.2d 661, 667 (1st Cir.1984); Woodruff v. Bryant, 558 S.W.2d 535, 539 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The dissolution may breach the partnership contract, but it may be accomplished nonetheless. | Does every partner have inherent power to dissolve a partnership even when the dissolution would violate the partnership agreement? |
| 7866 | Kohlenberger v. Tyson's Foods, 256 Ark. 584, 590 (1974) | 6 | Facts constituting cause of action must be averred by stating them in direct and positive allegations, and not by way of argument, inference or belief. | The facts constituting the cause of action must be averred by stating them in direct and positive allegations, and not by way of argument, inference or belief. | "Should facts constituting the cause of action be averred by way of argument, inference or belief?" |

| 7867 | Conte v. R & A Food Servs., 644 So. 2d 133, 133 (Fla. Dist. Ct. App. 1994) | 2 | Pleader may raise affirmative defense appearing on face of complaint as basis of motion to dismiss for failure to state cause of action. West's F.S.A. RCP Rule 1.110(d). | We recognize that Florida Rule of Civil Procedure 1.110(d) permits a pleader to raise an affirmative defense appearing on the face of a complaint as a basis of a motion to dismiss for failure to state a cause of action. | Can a pleader raise affirmative defense appearing on face of complaint? |
|---|---|---|---|---|---|
| 7868 | Lehnig v. Bornhop, 859 S.W.2d 271, 272 (Mo. Ct. App. 1993) | 3 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiffs' pleadings. | For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by plaintiffs' pleadings. | Should defense be irrefutably established by plaintiffs' pleadings for affirmative defense to be sustained upon bare motion to dismiss? |
| 7869 | Anthony v. Tidwell, 560 S.W.2d 908, 909 (Tenn. 1977) | 1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint. | Will the defendant have to submit evidence in support of motion to dismiss when facts are admitted by plaintiff in his complaint? |
| 7871 | Kharrubi v. Bd. of Educ. of City of New York, 133 A.D.2d 457, 457, 519 N.Y.S.2d 671, 672 (1987) | 2 | On motion to vacate dismissal for failure to prosecute, affidavit of merit must be submitted by party with personal knowledge of facts; attorney's affirmation is hearsay and insufficient. | On a motion to vacate a dismissal pursuant to CPLR 3404, an affidavit of merit must be submitted by a party with personal knowledge of the facts. An attorney's affirmation is hearsay and insufficient | "On motion to vacate dismissal for failure to prosecute, should an affidavit of merit be submitted by a party with personal knowledge of facts?" |
| 7872 | Conway v. Castro, 321 S.W.3d 558, 561 (Tex. App. 2010) | 1 | Dismissal of an inmate's litigation claim with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. V.T.C.A., Civil Practice & Remedies Code S 14.003(a). | Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. | Does a dismissal of an inmate's litigation claim with prejudice constitute an adjudication on the merits and operate as if the case had been fully tried and decided? |
| 7873 | Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 274 (Tex. App. 2003) | 17 | The proper remedy, when a trial court lacks subject matter jurisdiction, is to dismiss the case without prejudice. | Generally, the proper remedy, when a court lacks subject matter jurisdiction, is to dismiss the case without prejudice. | "Is the proper remedy, when a trial court lacks subject matter jurisdiction, to dismiss the case without prejudice?" |
| 7875 | Ricketts v. Ricketts, 113 S.W.3d 255, 257 (Mo. Ct. App. 2003) | 4 | If the motion to dismiss stated no ground on which a dismissal of any of plaintiff's petition counts could be predicated or if the motion did not seek that relief, then the dismissal is not effective as to those counts. | "It also follows, of necessity, that if the motion stated no ground on which a dismissal of any of the petition counts could be predicated or if the motion did not seek that relief, then the dismissal was not effective as to those counts." | "If the motion to dismiss stated no ground on which a dismissal of any of plaintiff's petition counts could be predicated or if the motion did not seek that relief, then is the dismissal not effective as to those counts?" |

| 7876 | Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist., 362 S.W.2d 101, 104 (Tex. 1962) | 2 | A dismissal is not an adjudication of the rights of the parties and merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. | It is elementary that a dismissal is in no way an adjudication of the rights of parties; it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. | Is a dismissal not an adjudication of the rights of the parties and merely places the parties in the position they were in before the court's jurisdiction was invoked? |
|---|---|---|---|---|---|
| 7877 | Stacey O v. Donald P, 137 A.D.2d 965, 967, 525 N.Y.S.2d 385, 386 (1988) | 1 | Court has discretion to specify whether its order dismissing a claim is to have res judicata effect. McKinney's CPLR 3216(a), 5013. | A court has discretion to specify whether its order dismissing a claim is to have res judicata effect | Does a court have discretion to specify whether its order dismissing a claim is to have a res judicata effect? |
| 7878 | Household Fin. Corp. v. Avery, 476 S.W.2d 165, 168 (Mo. App. 1972) | 6 | When facts constituting defense affirmatively appear on face of petition, defense may be interposed by motion to dismiss without necessity of specific motion or answer. V.A.M.R. Civil Rules 55.05, 55.33. | Nevertheless, a pleader may literally plead himself out of court, and when facts constituting a defense affirmatively appear upon the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | Will the defense be interposed by motion to dismiss without the necessity of a specific motion or answer? |
| 7879 | Jones v. Alfa Mut. Ins. Co., 875 So. 2d 1189, 1193 (Ala. 2003) | 2 | The standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading. | "Next, the standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading." | What is the standard for granting a motion to dismiss an affirmative defense? |
| 7880 | Braggs v. Jim Skinner Ford, 396 So. 2d 1055, 1058 (Ala. 1981) | 2 | Standard for granting motion to dismiss based upon expiration of statute of limitations is whether existence of affirmative defense appears clearly on face of pleading. | Next, the standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading. | What is the standard for granting a motion to dismiss an affirmative defense? |
| 7881 | Caywood v. Gossett, 382 Ill. App. 3d 124, 129, 887 N.E.2d 686, 691 (2008) | 4 | Dismissal of complaint is allowed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | A section 2-619(a)(9) motion to dismiss permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2- 619(a)(9). | Can a complaint be dismissed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim? |
| 7884 | Smith v. Foodmaker, 928 S.W.2d 683, 688 (Tex. App. 1996) | 5 | General rule under California law is that where franchise agreement gives franchisor right of complete or substantial control over franchisee, agency relationship exists. | ANALYSIS UNDER CALIFORNIA AUTHORITY [5] [6] [7] [8] "The general rule is where a franchise agreement gives the franchisor the right of complete or substantial control over the franchisee, an agency relationship exists." Cislaw v. | Do franchise agreements establish a principal-agent relationship between the franchisee and franchisor when the franchisor has the right of complete or substantial control over the franchisee? |

| | | | | | |
|---|---|---|---|---|---|
| 7885 | Thomas v. Ross & Hardies, 9 F. Supp. 2d 547, 556 (D. Md. 1998) | 11 | Under basic agency law, principal is liable for torts committed by its agent if agent acts with apparent authority, and this is true even if agent's act of fraud is committed solely to benefit agent. | Under basic agency law, a principal is liable for torts committed by its agent if the agent acts with apparent authority. See American Soc. of Mech. Engineers, Inc. v. Hydrolevel Corp., 456 U.S. 556, 565–66, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982). This is true even if the agent's act of fraud is committed solely to benefit the agent. | Is the Principal liable for fraud committed by an agent to solely benefit the agent? |
| 7889 | In re Mario S., 38 Misc. 3d 444, 450–51, 954 N.Y.S.2d 843, 849 (Fam. Ct. 2012) | 7 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J) | Accordingly, under the current SIJ provisions enacted in 2008, in order "[t]o be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried. The child must have been declared dependent upon a state juvenile court ... [a]nd the juvenile court must have made two additional findings: (1) that reunification with one or *451 both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence" | Is it required than an alien be under the age of 21 in order to be eligible for Special Immigrant Juvenile (SIJ) status? |
| 7890 | InIn re Mario S., 38 Misc. 3d 444, 450–51, 954 N.Y.S.2d 843, 849 (Fam. Ct. 2012) | 7 | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Accordingly, under the current SIJ provisions enacted in 2008, in order "[t]o be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried. The child must have been declared dependent upon a state juvenile court ... [a]nd the juvenile court must have made two additional findings: (1) that reunification with one or *451 both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence" | Does an alien have to be unmarried in order to be eligible for Special Immigrant Juvenile (SIJ) status? |

| | | | | | |
|---|---|---|---|---|---|
| 7892 | CSX Transp. v. Dir., Div. of Taxation, 393 N.J. Super. 235, 247, 923 A.2d 252, 259 (App. Div. 2007) | 1 | Franchise taxes are of two types, organization taxes, i.e., fees imposed upon the grant of corporate powers, and excises levied periodically, usually annually, upon the franchise or privilege of corporations to do business in the State. | "Franchise taxes are of two types, organization taxes, i.e., fees imposed upon the grant of corporate powers, and excises levied periodically, usually annually, upon the franchise or privilege of corporations to do business in the State. | What are the different types of franchise taxes? |
| 7893 | Rodgers v. RAB Invs., Ltd., 816 S.W.2d 543, 548 (Tex. App. 1991) | 10 | Every partner has inherent power to dissolve partnership even though dissolution would violate partnership agreement; dissolution may breach partnership contract, but it may be accomplished nonetheless. | Every partner has the inherent power to dissolve a partnership even though the dissolution would violate the partnership agreement. Karrick v. Hannaman, 168 U.S. 328, 334–35, 18 S.Ct. 135, 138, 42 L.Ed. 484 (1897); Infusaid Corp. v. Intermedics Infusaid, Inc., 739 F.2d 661, 667 (1st Cir.1984); Woodruff v. Bryant, 558 S.W.2d 535, 539 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The dissolution may breach the partnership contract, but it may be accomplished nonetheless. | Does every partner have the inherent power to dissolve a partnership even when the dissolution would violate the partnership agreement? |
| 7895 | Household Fin. Corp. v. Avery, 476 S.W.2d 165, 168 (Mo. App. 1972) | 6 | When facts constituting defense affirmatively appear on face of petition, defense may be interposed by motion to dismiss without necessity of specific motion or answer. V.A.M.R. Civil Rules 55.05, 55.33. | Nevertheless, a pleader may literally plead himself out of court, and when facts constituting a defense affirmatively appear upon the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | When can a defense be interposed by motion to dismiss without necessity of specific motion or answer? |
| 7896 | Hatcher v. TDCJ-Institutional Div., 232 S.W.3d 921, 925 (Tex. App. 2007) | 6 | If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal. | "If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal." | "If an order dismissing a case does not state the grounds on which it was granted, should the party seeking reinstatement negate all possible grounds for dismissal?" |
| 7899 | Columbia Gulf Transmission Co. v. Bridges, 2008-1006 (La. App. 1 Cir. 6/25/09), 28 So. 3d 1032, 1038, writ denied, 2010-0249 (La. 4/5/10), 31 So. 3d 369, and writ denied, 2010-0116 (La. 4/5/10), 31 So. 3d 371 | 16 | The "sales tax" is a tax imposed on the buyer's use or consumption of the item sold, that is passed on to the buyer or consumer through the addition of the sales tax to the purchase price. LSA-R.S. 47:302(A). | The sales tax is a tax imposed on the **8 buyer's use or consumption of the item sold, that is passed on to the buyer or consumer through the addition of the sales tax to the purchase price. | "Is a ""sales tax"" a tax imposed on the buyer's use or consumption of the item sold, that is passed on to the buyer or consumer?" |

| | | | | | |
|---|---|---|---|---|---|
| 7900 | Baker v. Forest Pres. Dist. of Cook Cty., 2015 IL App (1st) 141157, ¶ 39, 33 N.E.3d 745, 752 | 15 | Special districts, like a county's Forest Preserve District (FPD), are creations of the Legislature and the statutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction. S.H.A. Const. Art. 7, S 8. | Special districts, like the FPD, are creations of the legislature and the "[s]tatutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction." Forest Preserve District v. Jirsa, 336 Ill. 624, 628, 168 N.E. 690 (1929); Ill. Const., 1970, art. VII 8. | Are Forest Preserve District (FPD) creations of the legislature and should the statutes granting power to them be strictly construed? |
| 7901 | Bolton v. Great Atl. & Pac. Tea Co., 245 So. 2d 452, 454 (La. Ct. App. 1971) | 2 | Although business is not hazardous per se, employee is covered by Workmen's Compensation Act when he is regularly exposed to or frequently brought in contact with hazardous feature of the business. LSA-R.S. 23:1035. | Although a business is not hazardous per se, an employee is nevertheless covered by the workmen's compensation act where he is regularly exposed to or frequently brought in contact with a hazardous feature of the business. | "If a business is not hazardous per se, is an employee covered by the workmens compensation act?" |
| 7904 | Clark v. Jesuit High Sch. of New Orleans, 572 So. 2d 830, 831 (La. Ct. App. 1990) | 1 | For school to be strictly liable for injuries caused by dangerous or hazardous condition on its premises, school authority must have had actual or constructive knowledge of unreasonably hazardous condition. | For a school to be strictly liable for injuries caused by a dangerous or hazardous condition on its premises, the school authority must have had actual or constructive knowledge of the unreasonably hazardous condition. | Schools has to have actual or constructive knowledge of the unreasonably hazardous conditions for it to be liable? |
| 7905 | Haven Homes v. Raritan Twp., 19 N.J. 239, 244–45 (1955) | 2 | The owner of land bounded on street or highway is presumed to own soil in front of his lot to middle of street, subject to easement of public highway, and nothing short of intention expressed in ipsis verbis, to exclude soil of highway, can exclude it. | And the same learned jurist, in an earlier case, held it to be established principle that 'the owner of land bounded *245 on a street or highway, is presumed to own the soil in front of his lot to the middle of the street, subject to the easement of the public highway.' Nothing short 'of an intention expressed In ipsis verbis, to 'exclude' the soil of the highway, can exclude it.' | Is the owner of land bounded on a street or highway presumed to own the soil in front of his lot to the middle of the street? |
| 7906 | Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349, 356, 114 A.2d 216, 219 (Conn. 1955) | 6 | Owners of property adjoining highway have right to every use and profit which can be derived from it consistent with easement of public, and soil of highway descends to heirs and passes to grantees as an appurtenant to land adjoining, and whenever highway is discontinued, adjoining proprietors hold land discharged of easement. | The adjoining proprietors have a right to every use and profit which can be derived from it consistent with the easement. The soil of a highway descends to heirs and passes to grantees as an appurtenant to the land adjoining, and whenever the highway is discontinued, the adjoining proprietors hold the land discharged of the easement. | Do adjoining proprietors hold the land discharged of an easement when a highway is discontinued? |
| 7907 | Wayne v. Staples, Inc., 135 Cal. App. 4th 466, 476, 37 Cal. Rptr. 3d 544, 551 (2006) | 4 | The mere fact a contract involves shifting and distributing risk of loss does not necessarily mean the agreement constitutes an insurance contract for purposes of statutory regulation. West's Ann.Cal.Ins.Code S 22. | The mere fact a contract involves shifting and distributing risk of loss, however, " 'does not necessarily mean the agreement constitutes an insurance contract for purposes of statutory regulation.' " | Do all contracts involving risk shifting and risk distribution constitutes an insurance contract? |

| 7908 | MacKintosh-Hemphill Int'l v. Gulf & W., 451 Pa. Super. 385, 392 (1996) | 1 | Request to open judgment of non pros is by way of grace and not of right, and its grant or refusal is peculiarly a matter for lower court's discretion. | A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [lower] court's discretion. | Is a request to open judgment of non pros by way of grace and not of right? |
|---|---|---|---|---|---|
| 7911 | Jackson v. Hous. Auth. of New Orleans, 478 So. 2d 911, 913 (La. Ct. App. 1985) | 6 | Amendment of suit after dismissal or final judgment should not be permitted; nevertheless, pleadings should be liberally construed so as to give pleader opportunity to present his evidence and to achieve substantial justice. LSA-C.C.P. art. 865. | [6] Amendment of a suit after dismissal or final judgment should not be permitted. Nevertheless, pleadings should be liberally construed so as to give the pleader an opportunity to present his evidence and to achieve substantial justice. | Should pleadings be liberally construed so as to give pleader opportunity to present his evidence and to achieve substantial justice? |
| 7912 | Friends of Everglades v. Bd. of Cty. Comm'rs of Monroe Cty., 456 So. 2d 904, 915 (Fla. App. 1984) | 9 | If facts in complaint appear amenable to amendment, dismissal without leave to amend may result in an abuse of discretion. | It is a well settled rule that if the facts in a complaint appear amenable to amendment, a dismissal without leave to amend may result in an abuse of discretion. | "If facts in complaint appear amenable to amendment, can dismissal without leave to amend result in an abuse of discretion?" |
| 7914 | Bobbin v. Sail the Sounds, 153 Conn. App. 716, 726, 107 A.3d 414, 420 (2014) | 6 | The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the trial court. Practice Book 1998, S 14-3(a). | "The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court." | Is the ultimate determination regarding a motion to dismiss for lack of diligence within the sound discretion of the trial court? |
| 7917 | Foss Mar. Co. v. City of Seattle, 107 Wash. App. 669, 674 (2001) | 3 | A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented. CR 41(b)(1). | "A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented." | Does a court of general jurisdiction have the inherent power to dismiss actions for lack of prosecution? |
| 7918 | Bowman v. Slade, 501 So. 2d 1236, 1237 (Ala. Civ. App. 1987) | 3 | Dismissal of party's case and subsequent refusal to set aside dismissal for want of prosecution rests largely within sound discretion of trial court. | Finally, we note that the dismissal of a party's case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court. | Is the dismissal for want of prosecution a matter within the discretion of trial court? |
| 7919 | Coven v. Heatley, 715 S.W.2d 739, 740 (Tex. App. 1986) | 3 | Court has inherent power to dismiss lawsuit for failure to prosecute with due diligence, separate and apart from statutory or rule authority. | A court has inherent power to dismiss a lawsuit for failure to prosecute with due diligence, separate and apart from statutory or rule authority. | Does the court have inherent power to dismiss lawsuit for failure to prosecute with due diligence? |
| 7921 | Little v. State Indus. Comm'n, 1936 OK 817 | 5 | Forgery statute is aimed primarily at safeguarding confidence in genuineness of documents relied upon in commercial and business activity; such purpose underlies not only prohibition against forging false instrument but also against possessing or uttering such an instrument. W.S.A. 943.38. | A forgery statute is "aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." LaFave & Scott, Handbook on Criminal Law, p. 671 (1972). This purpose underlies not only the prohibition against forging a false instrument but also that against possessing or uttering such an instrument. | Is forgery primarily aimed at safeguarding confidence in the genuineness of documents used in commercial and business activities? |

| | | | | | |
|---|---|---|---|---|---|
| 7923 | AAA Disposal Sys. v. Aetna Cas. & Sur. Co., 355 Ill. App. 3d 275, 288 (Ill. App. 2005) | 27 | An "insurance policy" is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event and is applicable only to some contingency or act to occur in the future. | An insurance policy is " '[a] contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event and is applicable only to some contingency or act to occur in [the] future.' | What kinds of acts are insurance policies applicable to? |
| 7924 | Simpson v. State, 26 Wash. App. 687, 691 (1980) | 6 | Pleadings are to be construed liberally; if complaint states facts entitling plaintiff to some relief it is immaterial by what name action is called. | Pleadings are to be construed liberally; if a complaint states facts entitling the plaintiff to some relief it is immaterial by what name the action is called. | "If a complaint states facts entitling the plaintiff to some relief, is it immaterial by what name the action is called?" |
| 7925 | Ellett v. Ellett, 542 S.E.2d 816, 817 (Va. App. 2001) | 1 | Appellate court will sustain demurrer if the plaintiff's complaint, considered in light most favorable to plaintiff, fails to state a valid cause of action, and in conducting its review, the court considers as true facts alleged in complaint, as well as reasonable inferences that can be drawn from such facts. | On appeal, we will sustain the demurrer if the husband's complaint, considered in the light most favorable to the husband, fails to state a valid cause of action. McDermott v. Reynolds, 260 Va. 98, 100, 530 S.E.2d 902, 903 (2000). In conducting our review, we consider as true the facts alleged in husband's complaint as well as the reasonable inferences that can be drawn from such facts. | "Will a demurrer be sustained if the complaint, considered in the light most favorable to the plaintiff, fails to state a valid cause of action?" |
| 7926 | Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co., 380 Pa. Super. 1, 7, 550 A.2d 1333, 1336 (1988) | 2 | After satisfying proper criteria, plaintiff may open judgment of non pros and institute another suit based on same cause of action. Rules Civ.Proc., Rule 1037, 42 Pa.C.S.A. | However, after satisfying the proper criteria, a plaintiff may open a judgment of non pros and may institute another suit based on the same cause of action. | "After satisfying proper criteria, can a plaintiff open judgment of non pros and institute another suit based on a same cause of action?" |
| 7927 | Chrysler Fin. Servs. Americas v. Benjamin, 325 Ga. App. 579, 580, 754 S.E.2d 157, 158–59 (2014) | 1 | A trial court's order of dismissal for failure to prosecute is discretionary and is subject to appellate review for abuse of discretion. | At the outset, we note that a trial court's order of dismissal for failure to prosecute is discretionary and "is subject to appellate review for abuse of discretion." | Is a court's order of dismissal for failure to prosecute discretionary and subject to appellate review for abuse of discretion? |
| 7932 | Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) | 18 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Owning property in a forum does not alone establish domicile. "One may have more than one residence in different parts of this country or the world, but a person may have only one domicile." | "Can one have more than one residence in different parts of country or world, but a person may have only one domicile?" |
| 7933 | State v. Salas, 400 P.3d 251, 262 (Ct. App. 2017) | 35 | Double jeopardy protections generally do not apply in habitual offender proceedings because the proceedings do not have the hallmarks of a trial of guilt or innocence. U.S. Const. Amend. 5. | We agree that "double jeopardy [protections] generally [do] not apply in ... habitual offender proceedings" because the proceedings do not have "the hallmarks of a trial of guilt or innocence[.]" | Do double jeopardy protections apply in habitual offender proceedings because the proceedings do not have the hallmarks of a trial of guilt or innocence? |

| 7934 | People v. Brandon, 40 Cal. App. 4th 1172, 1175, 47 Cal. Rptr. 2d 383, 385 (1995) | 4 | Although right to request mistrial or proceed to conclusion with same jury is fundamental right, law does not require that it be personally waived by accused nor does law require that accused be admonished concerning nature of right. | Although the right to request a mistrial or proceed to a conclusion with the same jury is a fundamental right, the law does not require that it be personally waived by an accused, nor does the law require that an accused be admonished concerning the nature of the right. | Is the right to request mistrial or proceed to conclusion with same jury a fundamental right? |
|---|---|---|---|---|---|
| 7937 | State v. Tolliver, 839 S.W.2d 296, 299 (Mo. 1992) | 9 | Generally, double jeopardy clause of Fifth Amendment bars retrial if judge grants mistrial without defendant's request or consent. U.S.C.A. Const.Amend. 5. | Generally, the double jeopardy clause bars retrial if a judge grants a mistrial without the defendant's request or consent. | "If the trial court declares a mistrial without the defendant's request for or consent to a mistrial, does the double jeopardy clause bar retrial of the defendant?" |
| 7939 | State v. Berger, 235 N.W.2d 254, 255 (N.D. 1975) | 3 | Double jeopardy clause does not prohibit retrial in every instance when first trial has terminated prior to verdict. NDCC 29-01-07; Const. S 13; U.S.C.A.Const. Amends. 5, 14. | The double jeopardy clause does not prohibit retrial in every instance when the first trial has terminated prior to a verdict or decision. | Does double jeopardy not prohibit retrial in every instance when a first trial has terminated prior to verdict? |
| 7940 | State Nat. Bank of Corpus Christi v. Morgan, 135 Tex. 509, 517 (Comm'n App. 1940) | 5 | A "bonus" as applied to an oil and gas lease is a sum of money paid by lessee in consideration for execution of lease as distinguished from a "return" or "royalty" reserved by the lessor which must be paid by the lessee throughout the term of the lease. | ... "bonus" as applied to an oil and gas lease is thus defined: "A sum of money paid by a lessee to the lessor in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease." | Is a distinction between a bonus and a royalty that royalties are paid through the term of the lease? |
| 7941 | Hayes v. Vill. of Middleburgh, 140 A.D.3d 1359, 1361, 34 N.Y.S.3d 659, 661 (2016) | 1 | In order to vacate a dismissal for failure to appear, a plaintiff is required to demonstrate a reasonable excuse for his or her failure to appear and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27(a). | "In order to vacate a dismissal pursuant to 22 NYCRR 202.27, [a] plaintiff [is] required to demonstrate a reasonable excuse for [his or her] failure to appear and a potentially meritorious cause of action" | In order to vacate a dismissal for failure to prosecute is a plaintiff required to demonstrate a justifiable excuse for her default? |
| 7943 | In re Commercial Money Ctr., 350 B.R. 465, 484 (9th Cir. 2006) | 26 | For purposes of determining whether a transaction is a sale or a loan for security, one useful factor is who is economically at risk. | For purposes of determining whether a transaction is a sale or a loan, one useful factor is who is economically at risk. | "For purposes of determining whether a transaction is a sale or a loan for security, is one useful factor who is economically at risk?" |
| 7944 | Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156, 1158 (5th Cir. 1986) | 3 | Although burden on one seeking to prove waiver of arbitration is a heavy one, waiver will be found when party seeking arbitration substantially invokes judicial process to the detriment or prejudice of the other party. | Although "[t]he burden on one seeking to prove a waiver of arbitration is a heavy one," Sibley v. Tandy Corp., 543 F.2d 540, 542 (5th Cir.1976), cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977), "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." | Is there a heavy burden of proof on one seeking to prove a waiver of arbitration? |

| 7947 | State v. Picot, 98-2194 (La. App. 4 Cir. 11/10/98), 724 So. 2d 236, 238 (1998) | 1 | Habitual Offender Law creates no independent offense, but rather prescribes conditions under which there is enhanced penalty for current offense, and does not violate constitutional prohibitions against double jeopardy. U.S.C.A. Const.Amend. 5. | The Habitual Offender Law creates no independent offense, but rather prescribes the conditions under which there is an enhanced penalty for the current offense and does not violate constitutional prohibitions against double jeopardy. | Does Habitual Offender Law create no independent offense? |
|---|---|---|---|---|---|
| 7948 | United States v. Rohde, 159 F.3d 1298, 1300 (10th Cir. 1998) | 1 | For double jeopardy purposes, the consideration of related but uncharged criminal conduct in calculating a sentence, or the enhancement of a sentence for obstructing justice by failing to appear at a hearing, do not constitute "punishment." U.S.C.A. Const.Amend. 5. | For double jeopardy purposes, the consideration of related but uncharged criminal conduct in calculating a sentence, or the enhancement of a sentence for obstructing justice by failing to appear at a hearing, do not constitute "punishment." | What do not constitute as punishment for double jeopardy purposes? |
| 7950 | Fields v. Palmdale Sch. Dist., 427 F.3d 1197, 1200 (9th Cir. 2005) | 1 | There is no fundamental due process right of parents to be the exclusive provider of information regarding sexual matters to their children, either independent of their right to direct the upbringing and education of their children or encompassed by it. U.S.C.A. Const.Amend. 14. | We agree, and hold that there is no fundamental right of parents to be the exclusive provider of information regarding sexual matters to their children, either independent of their right to direct the upbringing and education of their children or encompassed by it. | Do parents have a constitutional right to teach their children about sexual matters? |
| 7951 | In re Lunan Family Restaurants, 194 B.R. 429, 450 (N.D. Ill. 1996) | 71 | Lease is not bona fide lease when it imposes obligations and confers rights significantly different from those arising out of ordinary landlord-tenant relationship. | A "lease" is not a bona fide lease when it imposes obligations and confers rights significantly different from those arising out of the ordinary landlord/ tenant relationship. | Is a lease a bona fide lease if it imposes obligations and confers rights significantly different from those arising from the landlord tenant relationship? |
| 7952 | Davis v. Zoning Bd. of Adjustment of City of La Porte, 853 S.W.2d 650, 652 (Tex. App. 1993) | 1 | Trial court has inherent authority to dismiss lawsuit for party's failure to prosecute it with due diligence, even without statutory or rule authority. | A court has the authority to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. | Does the trial court have inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence? |
| 7953 | Cox v. Cox, 976 So. 2d 869, 874 (Miss. 2008) | 3 | The power to dismiss for failure to prosecute is granted not only by rule, but is part of a trial court's inherent authority and is necessary for the orderly expedition of justice and the court's control of its own docket. Rules Civ.Proc., Rule 41(b). | The power to dismiss for failure to prosecute is granted not only by Rule 41(b), but is part of a trial court's inherent authority and is necessary for "the orderly expedition of justice and the court's control of its own docket. | Is it a court's inherent authority to dismiss an action for plaintiff's failure to prosecute? |
| 7954 | Pelfrey v. Oconee Cty., 207 S.C. 433, 439–40 (1945) | 1 | The basic purpose of the Compensation Act is the inclusion of employers and employees and not their exclusion, and doubts of jurisdiction must be resolved in favor of inclusion rather than exclusion. | [T]hat the basic purpose of the Compensation Act is the inclusion *440 of employers and employees, and not their exclusion; **300 and we add that doubts of jurisdiction must be resolved in favor of inclusion rather than exclusion.' | "Under the Compensation Act, should doubts of jurisdiction be resolved in favor of inclusion rather than exclusion?" |

| 7957 | State v. Munoz, 11 Neb. App. 266, 273 (2002) | 4 | Under Nebraska Constitution, jeopardy attaches when judge, hearing case without jury, begins to hear evidence as to guilt or innocence of defendant. Const. Art. 1, S 12. | Under Neb. Const. art. I, & 12, jeopardy attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt or innocence of the defendant. | Is jeopardy attached when judge begins to hear evidence as to guilt or innocence of defendant? |
|------|---------|---|---------|---------|---------|
| 7959 | Sorum v. State, 526 S.W.3d 50, 57 (2017) | 9 | The Fifth Amendment to the United States Constitution provides that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. Amend. 5. | The Fifth Amendment to the United States Constitution provides that no person shall be twice put in jeopardy of life or limb for the same offense. | Does the law provide that no person shall be twice put in jeopardy of life or limb for the same offense? |
| 7960 | State v. Worthington, 582 S.W.2d 286, 291 (Mo. Ct. App. 1979) | 10 | To support defense of double jeopardy, it must be shown that person has been subjected to prosecution for same offense after prior acquittal for that offense. U.S.C.A.Const. Amend. 5. | To support the defense of double jeopardy it must be shown that a person has been subjected to a prosecution for the same offense after a prior acquittal for that offense. | "To support defense of double jeopardy, should it be shown that a person has been subjected to a prosecution for a same offense after prior acquittal for that offense?" |
| 7961 | Kleigman v. Justs. of Supreme Ct., Kings Cnty., 285 A.D.2d 646, 647, 728 N.Y.S.2d 761, 763 (2001) | 1 | Generally, double jeopardy will bar retrial when a mistrial is granted over the defendant's objection, or without his or her consent, unless the mistrial is granted as the product of manifest necessity; in determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, the reasons underlying the grant of a mistrial must be necessitous, actual and substantial. U.S.C.A. Const.Amend. 5. | Generally, double jeopardy will bar retrial when a mistrial is granted over the defendant's objection, or without his or her consent, unless the mistrial is granted "as the product of manifest necessity" (Matter of Davis v. Brown, 87 N.Y.2d 626, 630, 641 N.Y.S.2d 819, 664 N.E.2d 884; see, People v. Ferguson, 67 N.Y.2d 383, 388, 502 N.Y.S.2d 972, 494 N.E.2d 77; Matter of Enright v. Siedlecki, 59 N.Y.2d 195, 199–200, 464 N.Y.S.2d 418, 451 N.E.2d 176; Matter of Rubenfeld v. Appelman, 230 A.D.2d 911, 646 N.Y.S.2d 879; Matter of Cohen v. Hanophy, 210 A.D.2d 327, 620 N.Y.S.2d 293). In determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, i.e., the reasons underlying the grant of a mistrial must be "necessitous, actual and substantial" | "Is a ""high degree"" of necessity sufficient to conclude that a mistrial is appropriate?" |

| 7962 | State v. Flenoy, 968 S.W.2d 141, 143 (Mo. 1998) | 1 | United States Constitution's Fifth Amendment Double Jeopardy Clause contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for same offense after either acquittal or conviction, and (b) protection from multiple punishments for same offense. U.S.C.A. Const.Amend. 5. | The United States Constitution's double jeopardy clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." The clause contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction and (b) protection from multiple punishments for the same offense. | What are the two distinct protections given to a criminal defendant by the double jeopardy clause? |
|------|------|------|------|------|------|
| 7963 | State v. Bitzas, 164 A.3d 1091, 1109 (App. Div. 2017) | 21 | Jeopardy attaches to a defendant when he or she is put on trial in a court of competent jurisdiction upon a valid indictment and a jury is impaneled and sworn to determine the issue of his or her guilt or innocence of the crime charged. U.S. Const. Amends. 5, 14; N.J. Const. art. 1, par. 11. | It is well-settled that "jeopardy attaches to a defendant when he [or she] is put on trial in a court of competent jurisdiction upon a valid indictment and a jury is impaneled and sworn to determine the issue of his guilt or innocence of the crime charged." | When would jeopardy attach to a defendant? |
| 7965 | Lamka v. KeyBank, 250 Or. App. 486, 492 (2012) | 2 | A party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint; it is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that the plaintiff must file a motion for leave to file an amended complaint. Rules Civ.Proc., Rules 21, 23. | Reading ORCP 23 A and ORCP 21 A together, we conclude that a party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint. It is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that, under ORCP 21 A, the plaintiff must file a motion for leave to file an amended complaint. | "Can a party amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint?" |
| 7969 | People v. Leske, 957 P.2d 1030, 1039 (Colo. 1998) | 11 | Statutory penalty enhancement provision, or penalty enhancer, is not substantive element of charged offense for purposes of double jeopardy and merger analysis. U.S.C.A. Const.Amend. 5; West's Const. Art. 2, S 18. | A statutory penalty enhancement provision, or "penalty enhancer," is not a substantive element of the charged offense for purposes of double jeopardy and merger analysis. See, e.g., Armintrout, 864 P.2d at 580 ("[A] sentence enhancement provision is not an element of the offense charged."); Henderson, 810 P.2d at 1064 (same). | Is a penalty enhancer a substantive element of the charged offense for purposes of double jeopardy analysis |
| 7970 | State ex rel. Canterbury v. Paul, 205 W. Va. 665, 670 (1999) | 6 | As court costs are not punishment or part of the penalty for committing a crime, constitutional double jeopardy protections do not apply. U.S.C.A. Const.Amend. 5; Code, 59-2-11. | As costs are not punishment or part of the penalty for committing a crime, constitutional double jeopardy protections do not apply. | "As court costs are not punishment or part of the penalty for committing a crime, do constitutional double jeopardy protections not apply?" |

| 7971 | Cooper v. State, 2017 WL 5623582 | 2 | Where a trial court declares a mistrial sua sponte or at the request of the prosecution, the mistrial must be the result of "manifest necessity" for the defendant to be subject to retrial. U.S.C.A. Const.Amend. 5. | Where a trial court declares a mistrial sua sponte or at the request of the prosecution, the mistrial must be the result of "manifest necessity" for the defendant to be subject to retrial. | Is the manifest necessity standard applicable when determining whether double jeopardy attaches following a trial court's sua sponte declaration of mistrial? |
| 7972 | Bergen Cty. v. Borough of Paramus, 158 N.J. Super. 512, 515, 386 A.2d 878, 879 (App. Div. 1978) | 3 | Because any impairment of taxing power affects lifeblood of government, claims for tax exemption have to stand scrutiny and show that they serve public purpose; burden of proof rests upon one asserting tax exemption to establish right. | Because "(a)ny impairment of the taxing power affects the lifeblood of government * * * claims for tax exemption have to stand scrutiny to show that they serve a public purpose." Id. at 44, 106 A.2d at 7. The burden of proof rests upon the one asserting a tax exemption to establish the right. | Should claims for tax exemption stand scrutiny to show that they serve a public purpose? |
| 7973 | Lawrence v. Commodity Futures Trading Comm'n, 759 F.2d 767, 773 (9th Cir. 1985) | 4 | For purposes of Commodity Exchange Act, if person intentionally does act which is prohibited, irrespective of evil motive or reliance on erroneous advice, or acts with careless disregard of statutory requirements, violation is willful. Commodity Exchange Act, SS 1-23, as amended, 7 U.S.C.A. SS 1-26. | For purposes of the Act, however, it is well settled that: [i]f a person 1) intentionally does an act which is prohibited,- irrespective of evil motive or reliance on erroneous advice, or 2) acts with careless disregard of statutory requirements, the violation is willful. | "In order to prove a willful violation of Commodity Exchange Act, must the evil motive of the defendant be proved?" |
| 7978 | Friends of P.S. , Inc. v. Jewish Home Lifecare, 146 A.D.3d 576, 578, 46 N.Y.S.3d 540, 544, aff'd sub nom. Friends of P.S. 163, Inc. v. Jewish Home Lifecare, 30 N.Y.3d 416, 90 N.E.3d 1253 (2017) | 10 | In arriving at conclusions under State Environmental Quality Review Act (SEQRA), an agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects. 6 NYCRR 617.9(b)(5)(v). | In arriving at its conclusions, "[a]n agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects [citations omitted]. | "When conducting an environmental review of a project, may an agency rely on consultants to conduct analyses, and exercise discretion when considering conflicting expert testimony? " |
| 7981 | Rhodehouse v. CVS Pharmacy, Inc., 151 A.D.3d 771, 772, 56 N.Y.S.3d 228, 229 (2017) | 1 | A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal are met. McKinney's CPLR 3216. | "A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" | Can a court dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal are met? |
| 7983 | Oshana v. FCL Builders, Inc., 994 N.E.2d 77, 82 (Ill. App. 1st Dist. 2013) | 2 | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. S.H.A. 735 ILCS 5/2-619. | Furthermore, a section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. | "Can a motion for involuntary dismissal raise defects, defenses, or other affirmative matters that defeat the claim? " |
| 7987 | Burns v. California Fair Plan, 152 Cal. App. 4th 646, 653, 61 Cal. Rptr. 3d 809, 813 (2007) | 6 | The indemnity principle underlies the insurance contract, and it can never, without violence to its essence and spirit, be made by the assured a source of profit, its sole purpose being to guarantee against loss or damage. | It is a contract of indemnity. [ ] 'This principle underlies the contract, and it can never, without violence to its essence and spirit, be made by the assured a source of profit, its sole purpose being to guarantee against loss or damage.' | What is the underlying principle in all insurance contracts? |

| 7988 | Peachtree Dev. Co. v. Paul, 67 Ohio St. 2d 345, 350 (1981) | 1 | Test for determining whether action of legislative body is legislative or administrative is whether action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence. | "The test for determining whether the action of the legislative body is legislative or administrative is whether the action taken is one enacting a **1092 law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." Donnelly v. | How is it determined whether an action of a legislative body is legislative or administrative? |
|------|-----------------------------------------------------------|---|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------|
| 7991 | People v. Stevenson, 12 N.E.3d 179, 186 (2014) | 7 | While oral motions in limine are permitted, a written motion should be used whenever complicated or sensitive evidence is at issue; this allows the movant to carefully identify the evidence sought to be excluded and articulate his or her argument in support, and prevents confusion and misunderstanding by defining the evidence at issue and capturing the movant's arguments. | While oral motions in limine are permitted, a written motion should be used whenever complicated or sensitive evidence is at issue. This allows the movant to carefully identify the evidence sought to be excluded and articulate his or her argument in support. A written motion prevents confusion and misunderstanding by defining the evidence at issue and capturing the movant's arguments. | "To prevent confusion and misunderstanding during trial, should the motion in limine be in writing?" |
| 7992 | City of Blue Springs, Mo. v. Cent. Dev. Ass'n, 684 S.W.2d 44, 51 (Mo. Ct. App. 1984) | 10 | Granting of certificate of convenience and necessity is mandate of utility's duty to serve all persons in franchise area it has undertaken to serve. | The granting of a certificate of convenience and necessity is a mandate of the utility's duty to serve all persons in the franchise area it has undertaken to serve. | Is granting a certificate of convenience and necessity a mandate of the utilitys duty to serve all the people in the franchise area it has undertaken to serve? |
| 7996 | Whitmore v. Mut. Life Ins. Co. of N. Y., 122 Vt. 328, 328, 173 A.2d 584, 586 (1961) | 1 | Subsequent course of action in trial of a cause is controlled by agreement or admission made at pretrial conference. County Court Rules, rule 3A. | Our rule on procedure is that the subsequent course of action in the trial of a cause is controlled by agreement or admissions made at the pretrial conference. | Is a subsequent course of action in trial of case controlled by agreement or admissions made at a pretrial conference? |
| 7997 | In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) | 3 | Signing of order dismissing case, not filing of notice of nonsuit, determines when trial court's plenary power expires. Vernon%22s Ann.Texas Rules Civ.Proc., Rule 162. | However, the signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | Is the signing of an order dismissing a case the starting point for determining when a trial court's plenary power expires? |
| 7998 | Goodman v. Kennedy, 18 Cal. 3d 335, 349, 556 P.2d 737, 746 (1976) | 16 | It is generally an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect in the pleading can be cured by amendment. West's Ann.Code Civ.Proc. S 472c. | Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. | Is it an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment? |
| 7999 | Arens v. United States, 24 Cl. Ct. 407, 414 (1991) | 1 | Claims Court will give great deference to military when reviewing matters which impinge upon military affairs and national defense. | This court believes it should give great deference to the military when reviewing matters which impinge upon military affairs and national defense. | Does the court accord great deference to military when reviewing matters which impinge upon military affairs and national defense? |

| 8000 | Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989) | 1 | Unanswered requests for admissions are automatically deemed admitted, unless court on motion permits there withdrawal or amendment. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Unanswered requests for admissions are automatically deemed admitted, unless the court on motion permits their withdrawal or amendment. | "Are unanswered requests for admissions deemed admitted, unless the court on motion permits their withdrawal or amendment?" |
| 8001 | Ballard v. United States, 430 A.2d 483 | 3 | Elements required to establish offense of carnal knowledge or statutory rape are sexual intercourse with a female child under age of 16 regardless of whether force was used or assent given. D.C.C.E. S 22-2801. | while the elements required to establish the offense of carnal knowledge or statutory rape are (1) sexual intercourse with a female child, (2) under the age of sixteen regardless of *486 whether force was used or assent given. | Is carnal knowledge an element of rape? |
| 8003 | Laflamme v. Goodwin, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009) | 8 | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss, and in either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | A challenge to personal jurisdiction may be raised either as an affirmative defense in the answer to the complaint or in a motion to dismiss. Johnston v. Johnston, 825 N.E.2d 958 (Ind.Ct.App.2005). In either case, once the party contesting jurisdiction challenges the lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. | Can a challenge to personal jurisdiction be raised either as an affirmative defense in the answer or in a motion to dismiss for lack of jurisdiction over the person? |
| 8004 | Gestetner Holdings, PLC v. Nashua Corp., 784 F. Supp. 78, 82 (S.D.N.Y. 1992) | 3 | Where claims may be understood to raise an arbitrable issue, arbitration must be compelled even if claims can also be characterized another way. | Chung makes it clear that where claims may be understood to raise an arbitrable issue, arbitration must be compelled, even if the claims can also be characterized another way. | Do courts compel arbitration when claims raise an arbitrable issue even if the claims can also be characterized another way? |
| 8008 | Feuchter v. Bazurto, 22 Ariz. App. 427, 429, 528 P.2d 178, 180 (1974) | 2 | Opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists, but rather he must show that evidence is available which would justify a trial of that issue. | However, it is elementary that an opponent to a motion for summary judgment does not raise an issue of fact by merely stating in his affidavit that an issue of fact exists, but rather he must show that evidence is available which would justify a trial of that issue. | Is it fundamental that the affidavit present sufficient materials to show that there is a triable issue of material fact? |
| 8009 | Cirillo v. Slomin's Inc., 196 Misc. 2d 922, 925, 768 N.Y.S.2d 759, 762 (Sup. Ct. 2003) | 1 | In ruling upon a motion to dismiss, the Court must accept the facts alleged as true and accord plaintiffs the benefit of every possible favorable inference. McKinney's CPLR 3211. | In ruling upon a motion to dismiss, the Court must accept the facts alleged as true and accord plaintiffs the benefit of every possible favorable inference. | "In ruling upon a motion to dismiss, can the court not address the merits of the complaint or any of its factual allegations?" |

| | | | | | |
|---|---|---|---|---|---|
| 8012 | Mahler v. Szucs, 135 Wash. 2d 398, 411 (1998) | 1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | . Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | What is the purpose of Subrogation? |
| 8018 | Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716, 720 (D.C. Cir. 2008) | 6 | Arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | First, arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | "If a party submits to arbitration without objecting to the arbitrator's jurisdiction, does he consent to the arbitration? " |
| 8019 | Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 75, 612 N.E.2d 277, 282 (1993) | 9 | General scheme of workers' compensation acts is that an employer, regardless of culpability, is required to make specified payments to injured employee, and in exchange, law immunizes employer from further liability. | The general scheme of workers' compensation acts is that an employer regardless of culpability is required to make specified payments to an injured employee and in exchange, the law immunizes the employer from further liability. | What is the general scheme of the workers' compensation act? |
| 8020 | Eldridge v. Felec Servs., 920 F.2d 1434, 1436 (9th Cir. 1990) | 3 | Alaska Workers' Compensation Act creates substantial rights and duties which apply to all employment relationships and may not be waived by any employee. AS 23.30.005 et seq. | The Act creates substantial rights and duties which apply to all employment relationships 1 and may not be waived by any employee. | Does the Workers' Compensation Act create substantial rights and duties which apply to all employment relationships and which cannot be waived by any employee? |
| 8022 | State v. Cheek, 361 P.3d 679, 694 (2015) | 25 | The merger doctrine does not apply before trial, because the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled. U.S.C.A. Const.Amend. 5. | However, "[t]he merger doctrine does not apply before trial because the double jeopardy protections attach only when an accused is put on trial ... and a jury has been sworn and impaneled." | Do the double jeopardy protections attach only when an accused is put on trial and a jury has been sworn and impaneled? |
| 8023 | Haire v. Smith, Currie & Hancock LLP, 925 F. Supp. 2d 126, 130 (D.D.C. 2013) | 2 | To the extent there are conflicts between state arbitration law and the Federal Arbitration Act (FAA) that would contravene the pro-arbitration policies embodied in the FAA, the FAA applies and preempts such state laws. 9 U.S.C.A. S 1 et seq. | To the extent there are conflicts between state arbitration law and the FAA that would contravene the pro-arbitration policies embodied in the FAA, the FAA applies and preempts such state laws. | Does the FAA pre-empt state law when state arbitration laws contravene the pro-arbitration policies embodied in the FAA? |
| 8024 | Am. Sterling Bank v. Johnny Mgmt. LV, 126 Nev. 423, 428 (2010) | 6 | Equitable subrogation is an equitable remedy that requires a court to balance the equities based on the facts and circumstances of each particular case. | However, equitable subrogation is also an equitable remedy that requires the court to balance the equities based on the facts and circumstances of each particular case. | Does equitable subrogation requires court to balance the equities based on the facts and circumstances of each particular case? |

| 8025 | Szymczak v. Holland Cmty. Hosp., 187 Mich. App. 142, 146 (1991) | 2 | Benefits and liabilities arising out of workers' compensation statute do not create rights protected by contract clause of Federal or State Constitutions. U.S.C.A. Const. Art. 1, S 10, cl. 1; M.C.L.A. Const. Art. 1, S 10. | However, the Supreme Court has repeatedly held that benefits and liabilities arising out of the workers' compensation statute do not create rights protected by the Contract Clause. Romein v. General Motors Corp., 436 Mich. 515, 533, 462 N.W.2d 555 (1990); Selk v. Detroit Plastic Products, 419 Mich 1, 12, 345 N.W.2d 184 (1984); Lahti v. | Do the benefits and liabilities arising out of a workers' compensation statute create rights protected by the contract clause of the constitution? |
| 8027 | Caterpillar v. Usinor Industeel, 393 F. Supp. 2d 659, 669–70 (N.D. Ill. 2005) | 4 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | Under Illinois law, 15 the test for agency is whether the alleged principal has the right to control the manner in which work is carried out by the alleged agent, *670 and whether the alleged agent can affect the legal relationships of the principal. | Is the right to control the manner in which work is carried out by the agent a test of agency? |
| 8028 | Shamrock Oil & Gas Corp. v. Price, 364 S.W.2d 260, 262 (Tex. Civ. App. 1963) | 9 | Phrase "cause of action or a part thereof accrued" means right to institute and maintain the suit, and, whenever one person may sue another, a cause of action has accrued. | " 'As a general rule, the accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another, a cause of action has accrued and the statute of limitations begins to run.' " Id. | "What does the phrase ""cause of action or a part thereof accrued"" mean?" |
| 8029 | Eckert Intern., Inc. v. Govt. of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167, 171 (E.D. Va. 1993) | 5 | Purpose of act of state doctrine is to prevent judicial pronouncements that would disrupt foreign relations of United States. | The doctrine's purpose is to prevent judicial pronouncements that would disrupt this country's foreign relations. | Is the act of state doctrine's purpose to prevent judicial pronouncements that would disrupt the foreign relations of the United States? |
| 8032 | ACE Am. Ins. Co. v. Sandberg, Phoenix & Von Gontard, PC., 900 F. Supp. 2d 887, 893 (S.D. Ill. 2012) | 2 | In broad terms, "subrogation" is the substitution of a person or entity in place of a creditor to whose rights he succeeds in relation to a debt. | In broad terms, subrogation is the substitution of a person or entity in place of a creditor to whose rights he succeeds in relation to a debt. | Is subrogation the substitution of a person in place of a creditor to whose rights he succeeds in relation to a debt? |
| 8033 | Hoke ex rel. Reidenbach v. Elizabethtown Area Sch. Dist., 833 A.2d 304, 313 (Pa. 2003) | 7 | A court is not supposed to be a "super" school board and substitute its own judgment for that of the school district, and, therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies; however, courts can intervene if schools act outside their statutory authority. | It is true that a court is not supposed to be a "super" school board and substitute its own judgment for that of the school district; therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies. However, courts can intervene if schools act outside their statutory authority. | "Can a court act as a ""super"" school board and substitute its own judgment for that of the school district?" |
| 8034 | Nadeau v. Nadeau, 10 Haw. App. 111, 111 (1993) | 4 | Request for continuance based on unavailability of crucial witness may be denied when requesting party could have obtained testimony of crucial witness in form of deposition or when denial is not prejudicial. | A request for a continuance based on the unavailability of a crucial witness may properly be denied when (1) the requesting party could have obtained the testimony of the crucial witness in the form of a deposition or (2) when the denial is not prejudicial. | Should a request for continuance based on unavailability of crucial witness be denied? |

| 8037 | Penn Cent. Transp. Co. v. Martin, 170 Ind. App. 519, 521, 353 N.E.2d 474, 476 (1976), holding modified by Fraley v. Minger, 829 N.E.2d 476 (Ind. 2005) | 1 | In order to establish title by adverse possession, adverse claimant must show that such possession was actual, visible, open and notorious, exclusive, under claim of ownership, hostile and continuous for the statutory period and in addition that the adverse claimant paid all taxes falling due on the land during the period he possessed such land adversely. IC 1971, 32-1-20-1. | In order to establish title by adverse possession, Martin had to show that such possession was (1) actual, (2) visible, (3) open and notorious, (4) exclusive, (5) under claim of ownership, (6) hostile, and (7) continuous for the statutory period. Longabaugh v. Johnson (1975), Ind.App., 321 N.E.2d 865, 868 (transfer denied); Cooper v. Tarpley (1942), 112 Ind.App. 1, 7, 41 N.E.2d 640, 642; Abel v. Love (1924), 81 Ind.App. 328, 336, 143 N.E. 515. In addition, an adverse possessor must show that he paid all taxes falling due on the land during the period he claims to have possessed such land adversely. | What requirements need to be fulfilled in order to claim a title under adverse possession? |
| 8038 | People v. Mau, 377 Ill. 199, 202 (1941) | 1 | At common law "forgery" is the false making or materially altering with intent to defraud of any writing, which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. | Common law forgery is defined in Bishop's New Criminal Law, volume 2, paragraph 523, as follows: 'Forgery, at the common law, is the false making or materially altering, with intent to defraud of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. | Does false making fall within the ambit of common law forgery? |
| 8039 | Rutland v. Georgia Power Co., 286 Ga. App. 14, 16 (2007) | 6 | "Implied notice" is that notice which is inferred or imputed to a party by reason of his knowledge of facts or circumstances collateral to the main fact, of such a character as to put him upon inquiry, and which, if inquiry were followed up with due diligence, would lead him directly to the knowledge of the main fact. | Implied notice is that notice which is inferred or imputed to a party by reason of his knowledge of facts or circumstances collateral to the main fact, of such a character as to put him upon inquiry, and which, if inquiry were followed up with due diligence, would lead him directly to the knowledge of the main fact. | What are the kinds of notices recognized by law? |
| 8040 | E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 194 (3d Cir. 2001) | 3 | The liberal policy favoring arbitration agreements is at bottom a policy guaranteeing the enforcement of private contractual arrangements, and under the Federal Arbitration Act (FAA), a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute. 9 U.S.C.A. S 1 et seq. | The liberal policy "favoring arbitration agreements ... is at bottom a policy guaranteeing the enforcement of private contractual arrangements," id., and under the FAA, "a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." | Do courts have authority to mandate arbitration? |

| 8042 | Booth v. Hume Pub., 902 F.2d 925, 932 (11th Cir. 1990) | 7 | Purpose of Federal Arbitration Act is to relieve congestion in courts and to provide parties with alternative method for dispute resolution that would be speedier and less costly than litigation. 9 U.S.C.A. S 1 et seq. | Our circuit has noted that "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." | What is the purpose of the Federal Arbitration Act? |
| 8043 | Int'l Longshoremen's Ass'n, AFL-CIO v. W. Gulf Mar. Ass'n, 594 F. Supp. 670, 677–78 (S.D.N.Y. 1984) | 7 | Parties contracting for arbitration must be content with its informalities, but procedures followed cannot be so informal or chaotic that court called upon to confirm award has no real assurance that award in fact was made, and significance of what in fact occurred under unique procedure of arbitration panel was for arbitration panel in the first instance to determine with full appreciation of all facts and circumstances. 9 U.S.C.A. S 10(d). | While it is true that "parties contracting for arbitration must be content with its informalities," see Western Canada Steamship Co. Ltd. v. Cia De Nav. San Leonardo Anglo Canadian Shipping Co., Ltd., 105 F.Supp. 452, 453 (S.D.N.Y.1952), the procedures followed cannot be so informal or chaotic that a court called upon to confirm an award has no real assurance that an award in fact was made. The significance of what in fact occurred under the EHP's unique procedure is for the EHP in the first instance to determine with a full appreciation of all the facts and circumstances. | "When parties opt for arbitration, should they be content with its informalities?" |
| 8044 | Commerce Tr. Co. v. Air 1st Aviation Companies, 366 Ill. App. 3d 135, 142, 851 N.E.2d 131, 137 (2006) | 5 | Where a party moves to strike an affidavit, its failure to obtain a ruling on its motion to strike operates as a waiver of the objections to the affidavit. | Where, as here, a party moves to strike an affidavit, its failure to obtain a ruling on its motion to strike operates as a waiver of the objections to the affidavit. | "When a party moves to strike an affidavit, will its failure to obtain a ruling on its motion to strike operate as a waiver of the objections to the affidavit?" |
| 8045 | Gooch v. United States, 297 U.S. 124, 128 (1936) | 4 | That penal statutes are narrowly construed does not require rejection of sense of words best harmonizing with context and end in view. | And, while penal statutes are narrowly construed, this does not require rejection of that sense of the words which best harmonizes with the context and the end in view. | Are penal statutes construed in that sense of the words which best harmonizes with the context and its end purpose? |
| 8047 | Stephens Boat Company v. Barge ORR 1, 791 F. Supp. 145, 147 (E.D. La. 1992) | 3 | Contract that falls outside admiralty jurisdiction of United States cannot give rise to maritime lien. | A contract that falls outside the admiralty jurisdiction of the United States cannot give rise to a maritime lien. | "Can a contract, that falls outside the admiralty jurisdiction of the United States, give rise to a maritime lien?" |
| 8048 | Gateway Western Railway Company v. American River Transportation Company, 887 F. Supp. 201, 202 (Ill. 1995) | 3 | In case of two vessels colliding, if vessel is total loss, standard measure of damages is market value of ship plus interest in freight pending salvage value. | In the case of two vessels colliding, if a vessel is a total loss, the standard measure of damages is the market value of the ship plus interest and freight pending her salvage value. | How are damages measured when two vessels collide? |

| 8049 | Signal International LLC v. Miss. DOT, 579 F.3d 478, 500 (5th Cir. 2009) | 32 | In maritime cases, award of prejudgment interest is the rule, rather than the exception, and trial court has discretion to deny prejudgment interest only where peculiar circumstances would make award inequitable. | "[I]n maritime cases the award of prejudgment interest is the rule, rather than the exception, and the trial court has discretion to deny prejudgment interest only where peculiar circumstances would make such an award inequitable." | Can a court deny prejudgment interest in admiralty case? |
| 8051 | Ne. Concerned Citizens v. City of Hickory, 143 N.C. App. 272, 276 (2001) | 6 | Corporation has standing to challenge zoning ordinance in declaratory judgment action if corporation has a specific legal interest directly and adversely affected by zoning ordinance, and corporation has standing to challenge zoning ordinance by writ of certiorari if corporation is an aggrieved party. G.S. S 160A-388(e). | It thus follows a corporation has standing to challenge a zoning ordinance in a declaratory judgment action if the corporation has a specific legal interest directly and adversely affected by the zoning ordinance; and a corporation has standing to challenge a zoning ordinance by writ of certiorari if the corporation is an "aggrieved party" under section 160A-388(e) | Can a zoning ordinance be challenged by certiorari? |
| 8052 | United States v. Bajakajian, 524 U.S. 321, 334–35, 118 S. Ct. 2028, 2036–37, 141 L. Ed. 2d 314 (1998) | 8 | A punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense. U.S.C.A. Const.Amend. 8. | We now hold that a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense. | Does a punitive forfeiture violate the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense under the Eighth Amendment? |
| 8057 | Murray v. Bateman, 315 Mass. 113, 115 (1943) | 2 | "Good will" is generally understood to mean the advantages that accrue to a business on account of its name, location, and reputation, which tends to enable it to retain the patronage of its old customers. | Good will is generally understood to mean the advantage that accrues to a business on account of its name and location and reputation, which tends to enable it to retain the patronage of its old customers. | "Is goodwill an advantage on the business as a result of name, location and reputation?" |
| 8060 | Cty. Council of Prince George's Cty. v. Brandywine Enterprises, 350 Md. 339, 342, 711 A.2d 1346, 1347 (1998) | 1 | The Regional District Act is the exclusive source of zoning authority in those areas of county which it covers. Code 1957, Art. 28, SS 1-101 to 8-127. | The Regional District Act, Maryland Code (1957, 1997 Repl.Vol., 1997 Supp.), Art. 28, 1-101 through 8-127, is the exclusive source of zoning authority in those areas of Prince George's County which it covers. | Is Regional District Act considered to be the exclusive source of zoning authority? |
| 8062 | Michigan Dep't of Envtl. Quality v. U.S. E.P.A., 318 F.3d 705, 708 (6th Cir. 2003) | 2 | The Environmental Protection Agency (EPA) has the discretion to relax or modify its procedural rules, adopted for the orderly transaction of business before it, when in a given case the ends of justice require it. 40 C.F.R. S 124.19. | Although the EPA "has the discretion to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it," Spitzer, 173 F.3d at 415 n. 3, its decision not to relax or modify its rule in this case was not an abuse of discretion. | Can an agency relax or modify its procedural rules in order to meet the ends of justice? |
| 8066 | Christensen v. Hoover, 643 P.2d 525, 529 (Colo. 1982) | 11 | Even a gratuitous bailee must exercise reasonable care to protect bailor's property, i.e., that which a person of common prudence would use under the circumstances. | In our view, even a gratuitous bailee must exercise reasonable care to protect bailor's property, i.e., that which a person of common prudence would use under the circumstances. | Does a gratuitous bailee have any duty to protect the bailors property? |

| 8067 | Landon v. Kroll Lab'y Specialists, Inc., 91 A.D.3d 79, 83, 934 N.Y.S.2d 183, 188 (2011), aff'd, 22 N.Y.3d 1, 999 N.E.2d 1121 (2013) | 13 | Professionals, common carriers, and bailees may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties. | In this regard "[p]rofessionals, common carriers and bailees, for example, may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties" | Is a bailee subject to tort liability for his failure to exercise reasonable care? |
|---|---|---|---|---|---|
| 8071 | Opals on Ice Lingerie v. Bodylines Inc., 320 F.3d 362, 369 (2d Cir. 2003) | 7 | The Federal Arbitration Act's (FAA) proarbitration policy does not operate without regard to the wishes of the contracting parties. 9 U.S.C.A. S 1 et seq. | The Federal Arbitration Act's " 'proarbitration policy does not operate without regard to the wishes of the contracting parties | Does the proarbitration policy of Federal Arbitration Act (FAA) operate against the wishes of the contracting parties? |
| 8072 | Birdsboro & Birdsboro Mun. Auth. v. Dep't of Envtl. Protec., 795 A.2d 444, 447–48 (Pa. Cmmw. 2002) | 4 | Environmental Hearing Board (EHB) need not provide specific reasons for finding one witness credible over another. | Additionally, the EHB need not provide specific reasons for finding one witness credible over another. | Does the Environmental Hearing Board (EHB) need to provide specific reasons for finding one witness credible over the other? |
| 8073 | Sunoco v. Dep't of Envtl. Prot., 865 A.2d 960, 969 (Pa. Commw. Ct. 2005) | 2 | It is within the sole province of the Environmental Hearing Board, as fact finder, to make all determinations regarding matters of credibility and evidentiary weight. | It is within the sole province of the EHB, as fact finder, to make all determinations regarding matters of credibility and evidentiary weight. | "Does the Environmental Hearing Board (EHB), as the fact finder, make all the determinations of credibility and evidentiary weight?" |
| 8077 | Wilen v. Falkenstein, 191 S.W.3d 791, 798 (Tex. App. 2006) | 11 | Concerning the intent element of the tort, trespass requires only proof of interference with the right of possession of real property, and the only relevant intent is that of the actor to enter the property or to aid, assist, advise, or encourage another to enter the property; the actor's subjective intent or awareness of the property's ownership is irrelevant. | Concerning the intent element of the tort, trespass requires only proof of interference with the right of possession of real property; the only relevant intent is that of the actor to enter the property. Accord Trinity Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 827 (Tex.1997).The actor's subjective intent or awareness of the property's ownership is irrelevant. | Does the element of intent need to be proven to establish trespass? |
| 8078 | In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 725 F.3d 65, 119 (2d Cir. 2013) | 54 | To be liable under New York, a trespasser is not required to have intended or expected the damaging consequence of its intrusion, but it must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what it willfully does, or what he does so negligently as to amount to willfulness. | "[W]hile the trespasser, to be liable, need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or [what] he does so negligently as to amount to willfulness." | Is a trespasser required to intend to trespass to be held liable? |
| 8080 | In re Bayside Marina, 282 B.R. 285, 289 (E.D.N.Y. 2002) | 2 | Under New York law, when landlord and tenant enter into a contract for sale of property, or when tenant exercises an option to purchase property under lease, relationship between parties is generally converted to that of vendor and vendee, and landlord-tenant relationship merges with vendor-vendee relationship. | In general, when a landlord and tenant enter into contract for the sale of real property, or the tenant exercises an option to purchase real property pursuant to a lease, the relationship between the parties is converted to that of vendor and vendee and the landlord-tenant relationship "merges" with the vendor- vendee relationship. | Do the vendor and vendee share the relation of a landlord- tenant? |

| | | | | | |
|---|---|---|---|---|---|
| 8081 | Carter v. Butts Cnty., Ga., 821 F.3d 1310, 1322 (11th Cir. 2016) | 25 | Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance; when this occurs, a landlord-tenant relationship exists between the legal title holder and tenant at sufferance, and statutory dispossessory procedures provide the exclusive method by which landlord may evict. West's Ga.Code Ann. S 44-7-50. | It is true that under Georgia law, "[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance." Steed v. Fed. Nat'l Mortg. Corp., 301 Ga.App. 801, 689 S.E.2d 843, 848 (2009).When this occurs, a landlord-tenant relationship exists between the legal title holder and a tenant at sufferance, and dispossessory procedures set forth in O.C.G.A. 44-7- 50 provide the exclusive method by which a landlord may evict the tenant. | What is the exclusive method available to a landlord to evict a tenant? |
| 8082 | State v. Raley, 100 Ohio App. 75, 82 (1954) | 6 | Sedition and treason against the United States as a sovereign entity are necessarily offenses also against every sovereign state of the federal union. U.S.C.A.Const. art. 4, S 2; 18 U.S.C.A. S 2385; R.C. SS 103.31-103.38, 103.34. | Sedition and treason against the United States as a sovereign entity are necessarily offenses also against every sovereign state of the federal Union. | Is treason against the United States as a sovereign entity necessarily an offense against every sovereign state of the federal Union? |
| 8083 | Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., 369 F.3d 645, 654 (2d Cir. 2004) | 10 | Federal policy favoring liberal enforcement of arbitration clauses applies with particular force in international disputes. | The federal policy favoring the liberal enforcement of arbitration clauses (as discussed above) applies with particular force in international disputes. | Does federal policy favoring the liberal enforcement of arbitration clauses apply in international disputes? |
| 8084 | Weaver v. Fla. Power & Light Co., 172 F.3d 771, 774 (11th Cir. 1999) | 8 | Federal Arbitration Act (FAA), by ensuring the enforceability of contractual arbitration provisions and subjecting the resulting arbitrations to only a very limited degree of judicial review, embodies a federal policy favoring arbitration, and that policy rules out any judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals. 9 U.S.C.A. SS 1-16. | The Act—by ensuring the enforceability of contractual arbitration provisions and subjecting the resulting arbitrations to only a very limited degree of judicial review—embodies a federal policy favoring arbitration. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). That policy rules out any "judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals," | What amount of judicial review do contractual arbitration provisions enforced under the Federal Arbitration Act receive? |
| 8085 | Cooper v. MRM Inv. Co., 367 F.3d 493, 498 (6th Cir. 2004) | 2 | Generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements under Federal Arbitration Act (FAA). 9 U.S.C.A. S 2. | Thus, generally applicable state-law contract defenses like fraud, forgery, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements. | Do courts consider the federal policy favoring arbitration when applying state law? |
| 8086 | Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996) | 3 | Federal Arbitration Act (FAA) not only reversed judicial hostility to enforcement of arbitration contracts, but also created rule of contract construction favoring arbitration. 9 U.S.C.A. S 1 et seq. | The FAA not only reversed the judicial hostility to the enforcement of arbitration contracts, but also created a rule of contract construction favoring arbitration. | Did the Federal Arbitration Act (FAA) create rules of contract construction favoring arbitration? |

| 8088 | FERC v. Electric Power Supply Ass'n, 136 S.Ct. 760, 774, 577 U.S. 260, 277 (U.S., 2016) | 1 | Federal Energy Regulatory Commission (FERC) has the authority under the FPA, and, indeed, the duty, to ensure that rules or practices affecting wholesale electricity rates are just and reasonable. | That means FERC has the authority—and, indeed, the duty—to ensure that rules or practices "affecting" wholesale rates are just and reasonable. | Does Federal Energy Regulatory Commission have the duty to ensure that rules or practices affecting wholesale electricity rates are just and reasonable? |
|---|---|---|---|---|---|
| 8089 | Moore v. Com., Dep't of Envtl. Res., 660 A.2d 677, 680 (Pa. Commw. Ct. 1995) | 1 | To find de facto taking, court must consider whether governmental entity, clothed with power of eminent domain, has by its conduct substantially deprived property owner of use and enjoyment of property. | In order to find a de facto taking, a court must consider whether a governmental entity, clothed with the power of eminent domain, has by its conduct substantially deprived the property owner of the use and enjoyment of the property. | What is a de facto taking? |
| 8090 | Brakke v. Iowa Dep't of Nat. Res., 897 N.W.2d 522, 545 (Iowa 2017) | 26 | The classic government taking requiring compensation is a direct appropriation of physical property, or the functional equivalent of a practical ouster of the owner's possession. U.S. Const. Amend. 5; Iowa Const. art. 1, S 18. | The classic government taking requiring compensation is a direct appropriation of physical property, "or the functional equivalent of 'a practical ouster of [the owner's] possession.' " | Is a taking requiring just compensation a direct appropriation of physical property? |
| 8092 | Grider v. City of Auburn, 628 F. Supp. 2d 1322, 1352 (Ala. 2009) | 35 | Alabama courts allow claims for malicious prosecution when a citation is issued that forces a defendant to appear in court to defend against a criminal charge, even if no formal arrest was made. | Alabama courts allow claims for malicious prosecution when a citation is issued that forces a defendant to appear in court to defend against a criminal charge, even if no formal arrest was made. | When will the courts allow a malicious prosecution claim? |
| 8093 | Quebedeaux v. Dow Chem. Co., 820 So. 2d 542, 545 (2002) | 3 | When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. LSA-C.C. art. 2747. | When the employer and employee are silent on the terms of the employment contract, the civil code provides the default rule of employment-at-will. | When the employer and employee are silent on the terms of an employment contract does the civil code provide any default rule of employment-at-will? |
| 8094 | Poseidon Dev. v. Woodland Lane Estates, 152 Cal. App. 4th 1106, 1117 (2007) | 14 | A court determining the sufficiency of a complaint against demurrer may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading; this includes recorded deeds. | "In determining the sufficiency of a complaint against demurrer a court will consider matters that may be judicially noticed." A court may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading.  This includes recorded deeds. | Are matters judicially noticed considered in determining the sufficiency of a complaint? |
| 8097 | Robinson v. McPherson, 602 So. 2d 352, 354 (Ala. 1992) | 3 | Mere fact that plaintiff in malicious prosecution action arising from criminal charge was acquitted of charge does not prove that there was no probable cause to believe him guilty at time warrant was issued. | The mere fact that the plaintiff in a malicious prosecution action arising from a criminal charge was acquitted of the charge does not prove that there was no probable cause to believe him guilty at the time the warrant was issued. | Does acquittal evidence a lack of probable cause in malicious prosecution claim? |

| | | | | | |
|---|---|---|---|---|---|
| 8103 | Marks One Car Rental v. Auto Club Grp. Ins. Co., 55 F. Supp. 3d 977, 987 (E.D. Mich. 2014) | 8 | Under Michigan law governing defamation, where a party makes a communication and such communication is prompted by a duty owed either to the public or to a third party, or the communication is one in which the party has an interest and it is made to another having a corresponding interest, the communication is privileged if made in good faith and without actual malice. | As explained in Zanley v. Hyde, Where a party makes a communication and such communication is prompted by a duty owed either to the public or to a third party, or the communication is one in which the party has an interest and it is made to another having a corresponding interest, the communication is privileged if made in good faith and without actual malice. | What is a privileged communication? |
| 8104 | Garner v. Kovalak, 817 N.E.2d 311, 314 (Ind. Ct. App. 2004) | 7 | The intention which is required to make the actor liable for trespass on land is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter. | The intention which is required to make the actor liable under the rule stated in this Section is an intention to enter upon the particular piece of land in question, irrespective of whether the actor knows or should know that he is not entitled to enter. | Should an actor know that he is not entitled to enter a certain piece of land or property to commit trespass? |
| 8105 | MacKennan v. Jay Bern Realty Co., 30 A.D.2d 679, 679, 291 N.Y.S.2d 953, 954 (1968) | 1 | To recover punitive damages for trespass on realty, plaintiff must prove actual malice, which involves intentional wrongdoing, or such conduct as may be deemed tantamount to wanton and willful or reckless disregard of plaintiff's rights. | We subscribe to the principle that, in order to recover punitive damages for a trespass on real property, a plaintiff has the burden of proving (1) actual malice, which involves an intentional wrongdoing, or (2) such conduct as may be deed to be tantamount to a wanton and wilful or a reckless disregard of plaintiff's rights | When is the issue of willful trespass to realty of significance? |
| 8106 | Brand v. Mathis & Assocs., 15 S.W.3d 403, 406 (Mo. Ct. App. 2000) | 4 | Trespasser is liable for all damages proximately caused by his trespass, whether or not he acted in good faith and with reasonable care, or whether he acted in ignorance of plaintiff's rights, or under mistake of fact or law. | "A trespasser is liable for all damages proximately caused by his trespass, whether or not he acted in good faith and with reasonable care, or whether he acted in ignorance of plaintiff's rights, or under mistake of fact or law." | Can a trespasser be held liable for all damages proximately caused by his trespass? |
| 8107 | Presbyterian Child Welfare Agency of Buckhorn, Kentucky v. Nelson Cty. Bd. of Adjustment, 185 F. Supp. 2d 716, 722 (W.D. Ky. 2001) | 12 | An administrative agency acts in a judicial capacity when it hears evidence, gives parties an opportunity to brief and argue their versions of the facts, and gives parties an opportunity to seek court review of these findings. | An agency acts in a judicial capacity when it hears evidence, gives parties an opportunity to brief and argue their versions of the facts, and gives parties an opportunity to seek court review of these findings. | When is an administrative agency said to have acted in judicial capacity? |
| 8108 | Ex parte Trombley, 31 Cal. 2d 801, 810, 193 P.2d 734, 740 (1948) | 11 | An employer who knows that wages are due, has ability to pay them and still refuses to pay them acts against good morals and fair dealings and necessarily intentionally does an act which prejudices rights of his employee and such conduct amounts to a "case of fraud" within exception to constitutional prohibition against imprisonment for debt and may be punished by statute. Labor Code, S 216(a); Const. art. 1, S 15. | An employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee. Such conduct amounts to a 'case of fraud' within the meaning of the exception to the constitutional prohibition and may be punished by statute. | Are wages ordinary debts? |

| 8109 | Walton Elec. Membership Corp. v. Snyder, 270 Ga. 62, 63, 508 S.E.2d 167, 169 (1998) | 3 | The statutory scheme giving rise to electric membership corporations (EMC) is similar to the grant of a franchise from the state to operate a utility for the benefit of the citizenry, and this grant imposes a duty to the public. | The statutory scheme giving rise to EMCs is similar to the grant of a franchise from the state to operate a utility for the benefit of the citizenry, and this grant imposes a duty to the public. | What duties does an Electric Membership Corporation owe to the public? |
|---|---|---|---|---|---|
| 8110 | City of Austin v. Liberty Mut. Ins., 431 S.W.3d 817, 827 (Tex. App. 2014) | 19 | When property damage is an unintended result of the government's act or policy, it cannot be said that the property was taken or damaged for public use. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 17. | When property damage is an unintended result of the government's act or policy, it cannot be said that the property was "taken or damaged for public use." | "When property damage is an unintended result of the government's act or policy, can it be said that the property was taken or damaged for public use?" |
| 8112 | Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120 (C.A.2 (N.Y.), 1991) | 2 | Federal Arbitration Act (FAA) applies when there is federal subject matter jurisdiction, i.e., diversity jurisdiction, and when contract calling for arbitration evidences transaction involving interstate commerce. 9 U.S.C.A. S 2. | The FAA applies when there is federal subject matter jurisdiction, i.e., diversity jurisdiction, see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983), and when the contract calling for arbitration "evidenc[es] a transaction involving interstate commerce." 9 U.S.C. § 2. | Does the Federal Arbitration Act (FAA) apply when there is diversity jurisdiction? |
| 8113 | Am. Bankers Ins. Co. of Florida v. Inman, 436 F.3d 490, 492–93 (5th Cir. 2006) | 3 | Purpose of the Federal Arbitration Act (FAA) is to reverse the longstanding judicial hostility to arbitration agreements that existed at English common law, as was adopted by American courts, and to place arbitration agreements upon the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | Congress enacted the FAA in order to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." | What was the purpose of enacting the Federal Arbitration Act? |
| 8116 | Espinal v. Nw. Airlines, 90 F.3d 1452, 1455–56 (9th Cir. 1996) | 3 | Congress enacted RLA, which was extended to cover airline industry in 1936, to promote stability in labor-management relations by providing comprehensive framework for resolving labor disputes. Railway Labor Act, S 1 et seq., 45 U.S.C.A. S 151 et seq. | Congress enacted the RLA, which was extended to cover the airline industry in *1456 1936, "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." | What was the Congress' purpose in passing the Railway Labor Act (RLA)? |
| 8117 | First Mercury Ins. Co. v. Great Divide Ins. Co., 241 F. Supp. 3d 1028, 1041 (N.D. Cal. 2017) | 13 | The aim of equitable subrogation under California law is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor. | "The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor." | What is the aim of equitable subrogation? |

| | | | | | |
|---|---|---|---|---|---|
| 8120 | Jo-Mark Sand & Gravel Co. v. Pantanella, 139 Conn. 598, 601 (Conn. 1953) | 3 | A "lease" is more than a mere license; it is a contract for possession and profits of lands and tenements on one side, and recompense of grant or other income on the other, or, in other words, a conveyance to a person for life, or years, or at will, in consideration of a return or other recompense. | A lease is more than a mere license; it is a contract for the possession and profits of lands and tenements on the one side, and a recompense of rent or other income on the other; or, in other words, a conveyance to a person for life, or years, or at will, in consideration of a return of rent or other recompense.' | Is a lease more than a mere license? |
| 8124 | Dangerfield v. WAVY Broad., 228 F. Supp. 3d 696, 704 (E.D. Va. 2017) | 18 | Under Virginia law, a court may determine either (1) that a statement is defamatory as a matter of law, i.e., "per se defamatory", or (2) that a statement is capable of a defamatory meaning, with the jury ultimately determining whether the statement harmed the plaintiff's reputation. | The Court may determine either (1) that a statement is defamatory as a matter of law ("per se defamatory"), or (2) that a statement is capable of a defamatory meaning, with the jury ultimately determining whether the statement harmed the Plaintiff's reputation. | What is the role of the Court and jury in determining the defamatory meaning of a statement? |
| 8126 | In re Monaco, 514 B.R. 477, 485 (W.D. Tex. 2014) | 10 | Under Texas law, the general purpose of equitable subrogation is to prevent unjust enrichment of the debtor that owed the debt being paid. | The general purpose of equitable subrogation is "to prevent the unjust enrichment of the debtor who owed the debt that is paid." | Is the general purpose of equitable subrogation to prevent unjust enrichment of the debtor that owed the debt being paid? |
| 8129 | Nueces Cty. Water Improvement Dist. No. 1 v. Spring, 162 S.W.2d 155, 156 (Tex. Civ. App. 1942) | 2 | A public utility corporation cannot refuse to render the service which it is authorized by its charter or by law to furnish, because of some collateral matter not related to that service. | It is well settled that "a public utility corporation can not refuse to render the service which it is authorized by its charter (or by law) to furnish, because of some collateral matter not related to that service." | Can a public utility corporation refuse to render the service authorized by its charter to furnish? |
| 8130 | Rader Family Ltd. P'ship, L.L.L.P. v. City of Columbia, 307 S.W.3d 243, 252 (Mo. Ct. App. 2010) | 25 | An action for inverse condemnation arising from nuisance requires a showing of notice and unreasonable operation; and injury, damage, and causation are essential elements required for recovery on the basis of nuisance. | An action for inverse condemnation arising from nuisance requires a showing of notice and unreasonable operation. "Injury, damage, and causation are essential elements required for recovery on the basis of nuisance." | What are the elements of an inverse condemnation action based on nuisance? |
| 8132 | Booker v. Special Sch. Dist. No. 1, Minneapolis, Minn., 585 F.2d 347, 354 (8th Cir. 1978) | 5 | In certain contexts, separate classification and treatment of Indians as a race is constitutionally permissible in the light of unique status of Indians in the country and in light of history and policy. | There is no question that in certain contexts separate classification and treatment of Indians as a race are constitutionally permissible in the light of the unique status of Indians in this country, and in the light of history and policy. | Is separate classification and treatment of Indians as a race constitutionally permissible? |
| 8134 | Rothschild v. World-Wide Automobiles Corp., 24 A.D.2d 861, 861, 264 N.Y.S.2d 705, 706–07 (1965), aff'd, 18 N.Y.2d 982, 224 N.E.2d 724 (1966) | 3 | Mere conclusory allegations of conspiracy without showing of unlawful or wrongful acts by defendant do not create cause of action. | Moreover, mere conclusory allegations of a conspiracy without a showing of unlawful or wrongful acts by Dretzin do not create a cause of action (Jennings v. Burlington Industries, Inc., 19 A.D.2d 877, 244 N.Y.S.2d 219). | Do allegations of a conspiracy without a showing of wrongful or unlawful acts create a cause of action? |

| 8135 | Estate of Swift v. Ne. Hosp. of Philadelphia, 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1997) | 8 | Pleadings must define the issues, and thus every act or performance essential to that end must be set forth in complaint. | In this Commonwealth, the pleadings must define the issues and thus every act or performance essential to that end must be set forth in the complaint. | Should a complaint set forth every act or performance essential to define the issues? |
| 8136 | Navajo Nation v. Urban Outfitters, 191 F. Supp. 3d 1238, 1242 (D.N.M. 2016) | 4 | In the context of federal statutes, like the Indian Arts and Crafts Act (IACA), courts must construe such statutes liberally in favor of Native Americans, with ambiguous provisions interpreted to their benefit. 25 U.S.C.A. S 305 et seq. | In the context of federal statutes, like the IACA, courts must construe such statutes "liberally in favor of Native Americans, with ambiguous provisions interpreted to their benefit. | Will the courts construe the statutes liberally in favor of the Indians Tribes? |
| 8138 | Aaron v. Dausch, 313 Ill. App. 524, 533 (Ill. App. Ct. 1942) | 8 | Generally, a mere averment that an act was done with a certain purpose or intent, without a statement of the facts showing such purpose or intent, is a "conclusion of law". | … a mere averment that an act was done with a certain purpose or intent, without a statement of the facts showing such purpose or intent, is a conclusion of law. | "Are statements of purpose or intent without facts showing such purpose or intent, conclusions of law?" |
| 8139 | Norkin v. U. S. Fire Ins. Co., 237 Cal. App. 2d 435, 437, 47 Cal. Rptr. 15, 16 (Ct. App. 1965) | 2 | Fraud must be pleaded in specific language descriptive of the acts relied upon to constitute fraud, and it is not sufficient to allege fraud in general terms or terms amounting to mere conclusions. | Initially it is to be noted that 'It is a cardinal rule of pleading that fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud. It is not sufficient to allege it in general terms, or in terms which amount to mere conclusions.' (Hannon v. Madden, 214 Cal. 251, 267, 5 P.2d 4, 11.) | Is it sufficient to allege fraud in general terms? |
| 8140 | Ileto v. Glock, 565 F.3d 1126, 1141 (9th Cir. 2009) | 5 | Although a cause of action is a species of property, a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained. U.S.C.A. Const.Amend. 14. | Plaintiffs' premise is incorrect: "We have squarely held that although a cause of action is a species of property, a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained." | Does a party's property right in any cause of action vest until a final unreviewable judgment is obtained? |
| 8142 | Glenwood TV, Inc. v. Ratner, 103 A.D.2d 322, 330, 480 N.Y.S.2d 98, 103 (1984), aff'd, 65 N.Y.2d 642, 481 N.E.2d 252 (1985) | 5 | Propriety of warrantless administrative inspection scheme is measured by balancing of enforcement goals and needs against privacy and regulatory guarantees within statutory framework. U.S.C.A. Const.Amend. 4. | The propriety of a warrantless administrative inspection scheme is measured by a balancing of enforcement goals and needs against the privacy and regulatory guarantees within the statutory framework (Marshall v. Barlow's, Inc., supra.). | How is the propriety of a warrantless administrative inspection scheme measured? |
| 8144 | People v. Hancock, 2014 IL App (4th) 131069, ¶ 123 (2014) | 1 | No actual prejudice is inflicted by the denial of a motion in limine, in itself, because the ruling is always subject to reconsideration during trial. | No actual prejudice is inflicted by the denial of a motion in limine, in itself, because the ruling "is always subject to reconsideration during trial." | "Is actual prejudice inflicted by the denial of a motion in limine, in itself, because the ruling is always subject to reconsideration during trial?" |
| 8145 | People v. Carpenter, 385 Ill. App. 3d 156, 161 (2008) | 8 | Generally, a trial court's decision to grant a motion in limine will not be reversed on appeal unless the trial court abused its discretion; however, where the issue on appeal is purely a question of law, appellate court's review is de novo. | Generally, a trial court's decision to grant a motion in limine will not be reversed on appeal unless the trial court abused its discretion.  Where the issue on appeal is purely a question of law, however, our review is de novo. | Does a trial judge have discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused? |

| 8149 | Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307, 316 (2004) | 8 | "Indemnification" differs from "subrogation" in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. | Indemnification differs from subrogation in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. | "Does indemnification differ from subrogation in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment?" |
| 8150 | JPMorgan Chase Bank v. Cook, 318 F. Supp. 2d 159, 165 (S.D.N.Y. 2004) | 2 | "Equitable subrogation" essentially provides that the guarantor of another's obligation may seek reimbursement from the obligor. | Equitable subrogation essentially provides that the guarantor of another's obligation may seek reimbursement from the obligor. | Does equitable subrogation essentially provide that the guarantor of another's obligation may seek reimbursement from the obligor? |
| 8151 | Nat'l Am. Ins. Co. v. United States, 498 F.3d 1301, 1306 (Fed. Cir. 2007) | 4 | A payment bond surety that discharges a contractor's obligation to pay a subcontractor is equitably subrogated to the rights of both the contractor and subcontractor. | Accordingly, it has been well-established that a payment bond surety that discharges a contractor's obligation to pay a subcontractor is equitably subrogated to the rights of both the contractor and subcontractor. | Is a payment bond surety that discharges a contractor's obligation to pay a subcontractor equitably subrogated to the rights of both the contractor and subcontractor? |
| 8153 | Com. v. Hawkins, 549 Pa. 352, 368–69, 701 A.2d 492, 500 (1997) | 4 | Specific intent to kill can be proven where defendant knowingly applies deadly force to another person. 18 Pa.C.S.A. S 2502(d). | Specific intent to kill can be proven where the defendant knowingly applies deadly force to the person of another. | Can specific intent to kill be proven where the defendant knowingly applies deadly force to the person of another? |
| 8154 | Givens v. Sellars, 273 N.C. 44, 48 (1968) | 1 | Office of a demurrer is to test sufficiency of a pleading, admitting, for the purpose, truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. | The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of factual averments well stated and such relevant inferences of fact as may be deduced therefrom. | Does a demurrer test the sufficiency of a pleading? |
| 8155 | Furlough v. Union Pac. R.R. Co., 766 So. 2d 751, 757 (La. App. 2000) | 9 | Motions in limine provide both plaintiffs and defendants with a vehicle to have evidentiary issues decided prior to trial. | Motions in limine provide both plaintiffs and defendants with a vehicle to have evidentiary issues decided prior to trial. | Do motions in limine provide both plaintiffs and defendants with a vehicle to have evidentiary issues decided prior to trial? |
| 8156 | City of Mission Hills v. Sexton, 284 Kan. 414, 417, 160 P.3d 812, 817–18 (2007) | 32 | Courts employ a two-part test to evaluate alleged violations of a motion in limine: (1) whether there was a violation of the order in limine and (2) if the order in limine was violated, whether the testimony substantially prejudiced the defendant. | Courts employ " 'a two-part test to evaluate alleged violations of a motion in limine: (1) Was there a violation of the order in limine and (2) if the order in limine is violated, did the testimony substantially prejudice the defendant? | Do courts employ a two-part test to evaluate alleged violations of a motion in limine? |
| 8157 | Dep't of Transp. v. Wallace Enterprises, 234 Ga. App. 1, 4 (Ga. 1998) | 11 | Grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Is the grant of motion in limine excluding evidence a judicial power which must be exercised with great care? |
| 8160 | Cunningham v. Millers Gen. Ins. Co., 227 Ill. App. 3d 201, 206, 591 N.E.2d 80, 83 (1992) | 11 | Purpose of in limine order is to exclude inadmissible evidence, not to create trap which results in new trial if court in retrospect determines rule was violated. | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. | Is the purpose of an order in limine to exclude inadmissible evidence? |

| 8162 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | A motion in limine is not the proper vehicle to use to attempt to preclude a claim or defense. It is not equivalent to or a substitute for a motion to dismiss or a motion for summary judgment. | Should a motion in limine be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment? |
|---|---|---|---|---|---|
| 8164 | Cannon v. William Chevrolet/Geo, 341 Ill. App. 3d 674, 681 (2003) | 9 | When a motion in limine is made, the trial judge has broad discretion to grant or deny the motion or choose not to entertain the motion at all. | Furthermore, when a motion in limine is made, the trial judge has broad discretion to grant or deny the motion or choose not to entertain the motion at all. | Does the trial judge have broad discretion to grant or deny the motion or choose not to entertain the motion at all when a motion in limine is made? |
| 8165 | Am. Petroleum Prod. v. Mom & Pop Stores, 231 Ga. App. 1, 7, 497 S.E.2d 616, 622 (1998) | 11 | Grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." | Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care? |
| 8166 | Elliott v. State, 215 S.W.3d 88, 92 (Mo. 2007) | 3 | A ruling in limine is interlocutory only and is subject to change during the course of the trial; additional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence, therefore, an objection must be made at trial when the evidence is offered or the reference made, preferably outside the hearing of the jury, in order to preserve for appellate review the ruling made thereon. | "A ruling in limine is interlocutory only and is subject to change during the course of the trial." State v. Purlee, 839 S.W.2d 584, 592 (Mo. banc 1992). "[A]dditional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence. Therefore, an objection must be made at trial when the evidence is offered or the reference made, preferably outside the hearing of the jury, in order to preserve for appellate review the ruling made thereon." | Is a pre-trial ruling excluding evidence an interlocutory decision subject to change during trial? |
| 8167 | Drago v. Tishman Const. Corp. of New York, 4 Misc. 3d 354, 359–60, 777 N.Y.S.2d 889, 893 (Sup. Ct. 2004) | 6 | A "motion in limine" challenges evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence. | A motion in limine challenges evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence (State of New York v Metz, 241 AD2d 192, 198 [1st Dept 1998]). | "Does a motion in limine challenge evidence which is claimed to be inadmissible, immaterial, or prejudicial, or requests a limitation on the use of evidence?" |
| 8170 | Benschoter v. First Nat. Bank of Lawrence, 218 Kan. 144, 154, 542 P.2d 1042, 1050 (1975) | 14 | After making payment on promissory note, guarantor of promissory note and security agreement became subrogated to rights of bank as a secured party. K.S.A. 84-1-201(40), 84-9-504(5). | After making the August 9, 1972, payment, Kuhn Company, as guarantor of the note and security agreement became subrogated to the rights of the bank as a secured party. | "After making payment on promissory note, does a guarantor of a promissory note and security agreement become subrogated to the rights of a bank as a secured party?" |
| 8171 | Am. Gen. Life & Acc. Ins. Co. v. Edwards, 76 So. 3d 183, 186 (Miss. Ct. App. 2011) | 4 | A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | ¶ 8. The Mississippi Supreme Court and this Court have long recognized that "a cause of action 'accrues' when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." Forman v. Miss. Publishers Corp., 195 Miss. 90, 14 So.2d 344, 346 (1943). | "Does a cause of action accrue when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested?" |

| 8174 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995, 1005, 97 Cal. Rptr. 2d 294, 301 (2000), as modified (June 29, 2000), as modified (July 18, 2000) | 1 | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | It is clear that a cause of action for damage to real property accrues when the defendant's act causes "immediate and permanent injury" to the property or, to put it another way, when there is "[a]ctual and appreciable harm" to the property. (CAMSI IV v. Hunter Technology Corp., supra, 230 Cal.App.3d at p. 1534, 282 Cal.Rptr. 80.) | "Does a cause of action for negligence in the design, engineering, or construction of buildings accrue when damage or physical injury to property occurs?" |
| --- | --- | --- | --- | --- | --- |
| 8176 | Marini v. Borough of Wanaque, 37 N.J. Super. 32, 38 (App. Div. 1955) | 4 | Generally a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action against another. | And generally a cause of action is deemed to accrue when facts exist which authorize one party to maintain an action against another. | Does a cause of action accrue when facts exist which authorize one party to maintain an action against another? |
| 8177 | New York Times Co. v. Conner, 291 F.2d 492, 495 (5th Cir. 1961) | 3 | Under Alabama law, "accrue," in connection with accruing of cause of action, means becoming complete so that aggrieved party can begin and prosecute such action. | Practically every decision with which we are familiar has construed the word 'accrue' in connection with the accruing of a cause of action as meaning becoming complete so that the aggrieved party can begin and prosecute such action. | "Does ""accrue,"" in connection with accruing of cause of action, mean becoming complete so that aggrieved party can begin and prosecute such action?" |
| 8178 | Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998) | 1 | When a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment, that is, until the final judgment becomes final. West's F.S.A. S 95.11(4)(a). | After reviewing this section, we agree with the reasoning of the Second District Court of Appeal that when a malpractice action is predicated on errors or omissions committed in the course of litigation, and that litigation proceeds to judgment, the statute of limitations does not commence to run until the litigation is concluded by final judgment. To be specific, we hold that the statute of limitations does not commence to run until the final judgment becomes final. | Does a cause of action for legal malpractice in the litigation context accrue before the litigation is concluded by final judgment? |
| 8181 | United States v. Dimora, 750 F.3d 619, 625 (6th Cir. 2014) | 4 | Bribery and kickbacks involve the intent to exchange money or other things of value in return for official action. | On the other side of the coin, the jurors heard that bribery and kickbacks involve "the intent to ... exchange ... money or other thing[s] of value in return for official action." Id. | Do bribery and kickbacks involve the intent to exchange money or other things of value in return for official action? |
| 8182 | Klein v. May Stern & Co., 144 Pa. Super. 470, 474 (1941) | 6 | Liability for acts of a subagent is imposed on principal only by his express or implied agreement or by the usages or customs of the business, even though it is contemplated by the parties that acts will be performed through representatives of the agent. | In the comment following each of the above sections it is indicated that liability for the acts of a subagent is imposed on the principal only by his express or implied agreement or by the usages or customs of the business, even though it is contemplated by the parties that the acts will be performed through representatives of the agent. | "Where it is usual custom of trade to employ a subagent, is it presumed that a principal consented to the appointment of a subagent by its agent?" |

| | | | | | |
|---|---|---|---|---|---|
| 8183 | Weidner v. State, Dep't of Transp. & Pub. Facilities, 860 P.2d 1205, 1212 (Alaska 1993) | 15 | Theory of prescriptive easement does not grant state affirmative authority to take property without just compensation. Const. Art. 1, § 18; U.S.C.A. Const.Amend. 5. | The theory of prescriptive easement does not grant the State affirmative authority to take property without just compensation. | Does the theory of prescriptive easement grant the State affirmative authority to take property without just compensation? |
| 8185 | United States v. Sum of $70,990,605, 991 F. Supp. 2d 154, 168 (D.D.C. 2013) | 27 | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred. | "[T]he party raising the [act of state doctrine as a] defense bears the burden to affirmatively show that an act of state has occurred," | Does the party raising the act of state doctrine as a defense bear the burden to affirmatively show that an act of state has occurred? |
| 8186 | Hourani v. Mirtchev, 796 F.3d 1, 12 (D.C. Cir. 2015) | 13 | The act of state doctrine operates as a rule of judicial restraint in decisionmaking, not a jurisdictional limitation like the political question doctrine. | The "text of the Constitution does not require the act of state doctrine." As such, it operates as a rule of judicial restraint in decisionmaking, not a jurisdictional limitation like the political question doctrine. | "Does the act of state doctrine operate as a rule of judicial restraint in decision making, not a jurisdictional limitation like the political question doctrine?" |
| 8187 | In re Philippine Nat'l. Bank, 397 F.3d 768, 773 (9th Cir. 2005) | 5 | Generally, act of state doctrine applies to official acts of foreign sovereigns performed within their own territory. | Generally, the act of state doctrine applies to official acts of foreign sovereigns "performed within [their] own territory." | "Generally, do act of state doctrine apply to official acts of foreign sovereigns performed within their own territory?" |
| 8188 | In re Adoption of Doe, 58 A.D.3d 186, 194, 868 N.Y.S.2d 40, 46 (2008), aff'd, 14 N.Y.3d 100, 923 N.E.2d 1129 (2010) | 1 | The act of state doctrine requires that the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | The doctrine "requires that ... the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid." (W. S. Kirkpatrick & Co. v Environmental Tectonics Corp., Int'l, 493 US 400, 409 [1990].) | Does the act of state doctrine require acts of foreign sovereigns taken within their own jurisdiction to be deemed valid? |
| 8189 | Films by Jove v. Berov, 341 F. Supp. 2d 199, 212–13 (E.D.N.Y. 2004) | 6 | Comity is applied more broadly than act of state doctrine; while doctrine applies only to acts of foreign state committed within its own territory, comity can generally relate to extraterritorial effects of foreign legal system. | Comity is applied more broadly than the act of state doctrine. If the act of *213 state doctrine applies only to acts of a foreign state committed within its own territory, comity, on the other hand, can generally relate to extraterritorial effects of a foreign legal system. | Is comity applied more broadly than the act of state doctrine? |
| 8190 | Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209, 1229 (C.D. Cal. 2017) | 12 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." | What does the Act of State doctrine do in its traditional formulation? |
| 8193 | Alberswerth v. Alberswerth, 184 S.W.3d 81, 99 (Mo. Ct. App. 2006) | 24 | "In limine" is defined as in or at the beginning and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation. | "In limine" is defined as "in or at the beginning" and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation. | Is in limine defined as in or at the beginning and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation? |
| 8196 | Butler ex rel. Estate of Butler v. Kokomo Rehab. Hosp., 744 N.E.2d 1041, 1046 (Ind. Ct. App. 2001) | 1 | Grant or denial of pretrial motion on evidentiary issues is within the sound discretion of the trial court. | The grant or denial of a pretrial motion on evidentiary issues is within the sound discretion of the trial court. | Is the grant or denial of pretrial motion on evidentiary issues within the sound discretion of the trial court? |

| 8197 | Hopper v. Carey, 716 N.E.2d 566, 570 (Ind. Ct. App. 1999) | 2 | Granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is granting of a motion in limine an adjunct of the inherent power of trial courts to admit and exclude evidence? |
|---|---|---|---|---|---|
| 8198 | Forsyth Cty. v. Martin, 279 Ga. 215, 221 (2005) | 9 | A "motion in limine" is a pretrial method of determining the admissibility of evidence; by its very nature, the grant of a motion in limine suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | A motion in limine is a pretrial method of determining the admissibility of evidence.... By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | "By its very nature, does the grant of a motion in limine suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial?" |
| 8199 | Westfield Ins. Companies v. Econ. Fire & Cas. Co., 623 N.W.2d 871, 876 (Iowa 2001) | 6 | An appeal challenging the district court's adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings. | Moreover, an appeal challenging the district court's "adjudication of law points is confined to a determination of legal matters on uncontroverted pleadings." Mortensen v. Heritage Mut. Ins. Co., 590 N.W.2d 35, 38 (Iowa 1999); see Iowa R. Civ. P. 116. | Are adjudication of law points confined to a determination of legal matters on uncontroverted pleadings? |
| 8200 | Owens-Corning Fiberglas Corp. v. Am. Centennial Ins. Co., 74 Ohio Misc. 2d 263, 265–66 (Ohio Com. Pl. 1995) | 1 | Motion in limine is designed to avoid injection into trial of potentially prejudicial matter which is not relevant and is inadmissible. | A motion in limine is designed "to avoid the injection into a trial of a potentially prejudicial matter which is not relevant and is inadmissible.. | Is a motion in limine designed to avoid injection into trial of potentially prejudicial matter which is not relevant and is inadmissible? |
| 8201 | Bernal v. Lindholm, 133 Ohio App. 3d 163, 188, 727 N.E.2d 145, 163 (1999) | 20 | A pretrial ruling on motion in limine is a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. | A pretrial ruling on such a motion is a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. | Is a pretrial ruling on a motion in limine a preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial? |
| 8202 | Montz v. Hill-Mont Land Co., 329 N.W.2d 657, 657 (Iowa 1983) | 2 | An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted pleadings, and is inappropriate when material facts are disputed. Rules Civ.Proc., Rule 105. | An application for separate adjudication of law points is properly considered only when the questions of law arise from uncontroverted pleadings. The application is inappropriate when material facts are disputed. | When is the application for separate adjudication of law points properly considered? |
| 8206 | Kapil v. Ass'n of Pennsylvania State Coll. & Univ. Faculties, 504 Pa. 92, 99 (1983) | 1 | True test for determining when cause of action arises or accrues is to establish time when plaintiff could have first maintained cause of action to a successful conclusion. | The true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion. | Does a cause of action arise when one can first maintain an action to a successful conclusion? |
| 8207 | Anchor Packing Co. v. Grimshaw, 115 Md. App. 134, 155, 692 A.2d 5, 16 (1997) | 8 | Cause of action arises in negligence or strict liability case when facts exist to support each element. | A cause of action arises in a negligence or strict liability case "when facts exist to support each element." | Does cause of action arise in negligence or strict liability case when facts exist to support each element? |

| 8210 | Brown v. St. Paul Travelers Companies, 559 F. Supp. 2d 288, 291 (W.D.N.Y. 2008) | 3 | When arbitration policy is condition of employment, employee will be deemed to have accepted arbitration agreement when she continues to work after arbitration policy's promulgation. 9 U.S.C.A. S 3. | "[W]hen an arbitration policy is a condition of employment, ... an employee 'will be deemed to have accepted' an arbitration agreement when she continues to work after the promulgation of the arbitration policy." | Will an employee be deemed to have accepted an arbitration agreement when she continues to work after the promulgation of the arbitration policy if an arbitration policy is a condition of employment? |
| --- | --- | --- | --- | --- | --- |
| 8213 | Yahoo!, Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 169 F. Supp. 2d 1181, 1192 (N.D. Cal. 2001), rev'd, 379 F.3d 1120 (9th Cir. 2004), on reh'g en banc, 433 F.3d 1199 (9th Cir. 2006), and rev'd and remanded, 433 F.3d 1199 (9th Cir. 2006) | 11 | Extent to which the United States, or any state, honors the judicial decrees of foreign nations is a matter of choice, governed by the comity of nations; comity is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. | The extent to which the United States, or any state, honors the judicial decrees of foreign nations is a matter of choice, governed by "the comity of nations." Hilton v. Guyot, 159 U.S. 113, 163, 16 S.Ct. 139, 40 L.Ed. 95 (1895).Comity "is neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will, upon the other." Hilton, 159 U.S. at 163–64, 16 S.Ct. 139 (1895). | "Is comity neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will, upon the other?" |
| 8215 | Riggs Nat. Corp. & Subsidiaries v. C.I.R.,163 F.3d 1363, 1367 (D.C. Cir. 1999) | 1 | "Act of state doctrine" directs United States courts to refrain from deciding case when outcome turns upon legality or illegality, whether as matter of United States, foreign, or international law, of official action by foreign sovereign performed within its own territory. | Riggs Bank primarily relies on the act of state doctrine. The doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality (whether as a matter of U.S., foreign, or international law) of official action by a foreign sovereign performed within its own territory. | Does the act of state doctrine direct United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory? |
| 8216 | Flatow v. Islamic Republic of Iran, 999 F. Supp. 1, 24 (D.D.C. 1998) | 26 | Like foreign sovereign immunity, head of state immunity is matter of grace and comity, rather than matter of right. | Like foreign sovereign immunity, head of state immunity is a matter of grace and comity, rather than a matter of right. | "Like foreign sovereign immunity, is head of state immunity a matter of grace and comity, rather than matter of, right?" |
| 8217 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49, 62 (D.D.C. 2013) | 9 | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances. | Similarly, the party invoking the act of state doctrine bears the burden to prove its applicability. ("[T]he party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred and 'that no bar to the doctrine is applicable under the factual circumstances.' " | Does the party invoking the act of state doctrine have the burden of establishing factual predicate for doctrine's applicability? |
| 8218 | In re Grand Jury Proceedings, Doe No. 700, 817 F.2d 1108, 1110 (4th Cir. 1987) | 1 | Under the head-of-state immunity doctrine, head of state is immune from jurisdiction of foreign state's courts, at least as to authorized official acts taken while ruler is in power. | Generally speaking, the doctrine maintains that a head of state is immune from the jurisdiction of a foreign state's courts, at least as to authorized official acts taken while the ruler is in power. | "Under the head-of-state immunity doctrine, is ahead of state is immune from jurisdiction of foreign state's courts?" |
| 8219 | In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546, 550 (E.D.N.Y. 2008) | 2 | Any censure of another country's acts within its own territory is reserved to diplomatic channels and does not come within the purview of the courts. | Thus, any censure of another country's acts within its own territory is reserved to diplomatic channels and does not come within the purview of the courts. | Is censure of another country's acts within its own territory reserved to diplomatic channels instead of the courts? |

| | | | | | |
|---|---|---|---|---|---|
| 8223 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212, 238-39 (D.D.C. 2017) | 18 | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an 'official act of a foreign sovereign performed within its own territory.' . . . As exemplified by each of these cases, the act of state doctrine applies only "when a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." | "Under act-of-state doctrine, does a court presume validity of foreign state's laws within its territory?" |
| 8225 | Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582, 1595 (Cal. App. 2008) | 8 | In spite of the drawbacks to the use of in limine motions to dispose of a claim, trial courts have the inherent power to use them in this way. West's Ann.Cal.C.C.P. S 128. | In spite of the obvious drawbacks to the use of in limine motions to dispose of a claim, trial courts do have the inherent power to use them in this way. | "Despite the drawbacks to the use of in limine motions to dispose of a claim, do trial courts have the inherent power to use them in this way?" |
| 8227 | Amtower v. Photon Dynamics, 158 Cal. App. 4th 1582, 1593 (Cal. App. 2008) | 2 | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. | Are motions in limine designed to decide difficult evidentiary issues in advance of trial? |
| 8231 | Montz v. Hill-Mont Land Co., 329 N.W.2d 657, 657 (Iowa 1983) | 2 | An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted pleadings, and is inappropriate when material facts are disputed. Rules Civ.Proc., Rule 105. | An application for separate adjudication of law points is properly considered only when the questions of law arise from uncontroverted pleadings. The application is inappropriate when material facts are disputed. | When is an application for separate adjudication of law points properly considered? |
| 8233 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App. 2001) | 11 | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. | The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. | Is the purpose of a motion in limine to prevent parties from introducing prejudicial evidence in front of the jury? |
| 8234 | Pullum v. Robinette, 174 S.W.3d 124, 136–37 (Tenn. Ct. App. 2004) | 13 | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | State courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility *137 of the evidence. | Can the courts change an earlier ruling regarding the admissibility of evidence? |
| 8235 | Teleconnect Co. v. US W. Commc'ns, 508 N.W.2d 644, 647 (Iowa 1993) | 2 | "Filed tariff doctrine" conclusively presumes that both utility and its customer know contents and effects of published tariffs. | The filed tariff doctrine conclusively presumes that both a utility and its customers know the contents and effects of published tariffs. | Does the filed tariff doctrine conclusively presume that the utility and its customers know the content and effects of published tariffs? |
| 8236 | Nat'l Union Fire Co. of Pittsburgh, PA. v. Toland, 164 F. Supp. 3d 1330, 1337 (D. Wyo. 2016) | 6 | In Wyoming, causes of action for damage or injury to persons and property survive and are assignable, and consequently can be the subject of a claim for conventional subrogation. | "[I]n Wyoming, causes of action for damage or injury to persons and property survive and are assignable, and consequently can be the subject of a claim for conventional subrogation. | Is the assignment of a cause of action for personal injury subject to a subrogation claim? |

| 8237 | Paulus v. Lawyers Sur. Corp., 625 S.W.2d 843, 846 (Tex. App. 1981) | 5 | Where surety pays debt of principal, it may sue in assumpsit or on debt and is subrogated to rights of creditor it paid. | Where a surety pays the debt of a principal, it may sue in assumpsit or on the debt and is subrogated to the rights of the creditor it paid. | When a surety pays the debt of a principal may it sue in assumpsit or on debt and is it subrogated to rights of the creditor it paid? |
|---|---|---|---|---|---|
| 8238 | Scottsdale Ins. Co. v. Addison Ins. Co., 448 S.W.3d 818, 831–32 (Mo. 2014) | 27 | A right to equitable subrogation belongs to one, not a volunteer, who pays another's debt, to recover the amount paid, which in good conscience should be paid by the one primarily responsible for the loss. | A right to equitable subrogation belongs to "one, not a volunteer, who pays another's debt, to recover the amount paid, which in good conscience should be paid by the one primarily responsible for the loss." | Does a right to equitable subrogation belong a volunteer? |
| 8239 | Pennsylvania Pub. Util. Comm'n v. Philadelphia Elec. Co., 501 Pa. 153, 159 (1983) | 2 | Absent express legislative authority, the Public Utility Commission is powerless to interfere with the general management decisions of public utility companies. | It is well established that, absent express legislative authority, the PUC is powerless to interfere with the general management decisions of public utility companies. | Does the Public Utilities Commission have the power to interfere with the general management decisions of the public utilities without express legislative authority? |
| 8240 | State v. Craig, 498 S.W.3d 459, 467 (Mo. Ct. App. 2016) | 7 | Attempted statutory rape in the first degree occurs where a subject, with the purpose of committing the offense, takes a substantial step towards having sexual intercourse with another person who is less than fourteen years old. Mo. Ann. Stat. SS 564.011,566.032. | "Attempted statutory rape in the first degree occurs where a subject, with the purpose of committing the offense, takes a substantial step towards having 'sexual intercourse with another person who is less than fourteen years old.' " | Will it become statutory rape if one had sexual intercourse with a person less than fourteen years old? |
| 8241 | Omnibus Int'l v. AT & T, 111 S.W.3d 818, 826 (Tex. App. 2003) | 9 | For liability for trespass to chattels to attach, the wrongful interference must either be accompanied by actual damage to the property or deprive the owner of its use for a substantial period. | Trespass to Chattels [30] As to the trespass-to-chattels claim, for liability to attach, the wrongful interference with the chattel must have caused actual damage to the property or deprived the owner of its use for a substantial period. | Is actual damage to the property required for an owner to be entitled to damages for trespass to chattels? |
| 8242 | People v. Pettis, 104 Ill. App. 3d 275, 277 (1982) | 1 | Knowledge is an essential element of criminal trespass to a vehicle, and therefore, the state is required to prove that defendant knowingly entered vehicle of another without his consent. S.H.A. ch. 38, P 21-2; U.S.C.A.Const.Amend. 6. | Knowledge is an essential element of this criminal offense, and therefore, the State is required to prove that the defendant knowingly entered the vehicle of another without his consent. | Is knowledge an element of criminal trespass to a vehicle? |
| 8243 | Chittenholm v. Giffin, 357 Pa. 616, 619, 55 A.2d 324, 326 (1947) | 1 | It is the breach of duty that gives rise to the cause of action and also starts the running of statute of limitations. | It is well settled that it is the breach of duty that gives rise to the cause of action, and also starts the running of the statute of limitations. | Is it the breach of duty that gives rise to the cause of action and also starts the running of statute of limitations? |
| 8244 | Konecny v. United States, 388 F.2d 59, 64–65 (8th Cir. 1967) | 9 | Generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another. | This Circuit has held that 'generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another * * *' Great American Ins. | Does a cause of action accrue when facts exist which enable one party to maintain an action against another? |

| 8245 | Preite v. Charles of the Ritz Grp., Ltd. Pension Plan, 471 F. Supp. 2d 1271, 1283 (M.D. Fla. 2006) | 7 | A cause of action accrues when the events upon which it is based occur, but in the context of an ERISA claim, a cause of action does not become an enforceable demand until a claim is denied. Employee Retirement Income Security Act of 1974, S 502(a), 29 U.S.C.A. S 1132(a). | "A cause of action accrues when the events upon which it is based occur, but in the context of an ERISA claim, a cause of action does not become an enforceable demand until a claim is denied." | Does a cause of action accrue when the events upon which it is based occur? |
| 8246 | Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 144 Tex. 475, 482, 191 S.W.2d 716, 721 (1945) | 5 | The "accrual of a cause of action" means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has "accrued". | The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued. | "Does the ""accrual of a cause of action"" gives the right to institute and maintain a suit?" |
| 8247 | Thune v. United States, 41 Fed. Cl. 49, 52 (1998) | 8 | To constitute a "taking," property loss must have been the direct, natural, or probable result of an authorized activity and not the incidental or consequential injury inflicted by the action; an accidental or negligent impairment of the value of property is not a "taking," but, at most, a tort; thus, the probability and foreseeability of the damage is a primary determinative element in whether a taking or a tort occurred. | The property loss "must have been the direct, natural, or probable result of an authorized activity and not the incidental or consequential injury inflicted by the action." Id. "An accidental or negligent impairment of the value of property is not a taking, but, at most, a tort." Id. at 452, 132 F.Supp. at 710. Thus, "the probability and foreseeability of the damage is a primary determinative element in whether a taking or a tort occurred." | Is an accidental or negligent impairment of the value of private property a taking? |
| 8248 | United States v. Bredimus, 234 F. Supp. 2d 639, 647 (N.D. Tex. 2002) | 8 | Congress has power to regulate conduct of American citizens beyond the territorial boundaries of the United States. | Congress has the power to regulate the conduct of American citizens beyond the territorial boundaries of the United States. | Does Congress have power to regulate conduct of American citizens beyond the territorial boundaries of the United States? |
| 8249 | United States v. Belfast, 611 F.3d 783, 809 (11th Cir. 2010) | 18 | An absent United States citizen is personally bound to take notice of the laws of the United States that are applicable to him and to obey them. | The Supreme Court made clear long ago that an absent United States citizen is nonetheless "personally bound to take notice of the laws [of the United States] that are applicable to him and to obey them." | Is an absent United States citizen personally bound to take notice of the laws of the United States that are applicable to him and obey them? |
| 8250 | Greer v. Buzgheia,  141 Cal. App. 4th 1150, 1156 (2006) | 6 | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | Its purpose is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the 'obviously futile attempt to "unring the bell." ' " | "Is the purpose of a motion in limine to avoid the obviously futile attempt to ""unring the bell""?" |
| 8253 | Miller v. CitiMortgage, 970 F. Supp. 2d 568, 589 (N.D. Tex. 2013) | 45 | Under Texas law, to recover for trespass to personalty, plaintiff must prove that defendant, with or without the use of force, unlawfully injured or interfered with the possession plaintiff's personal property. | To recover for trespass to personalty, Plaintiff must prove that Defendant, with or without the use of force, unlawfully injured or interfered with the possession Plaintiff's personal property. | What must a plaintiff prove to recover for trespass to personalty? |

| 8254 | Porter v. Ogden, Newell & Welch, 241 F.3d 1334, 1338 (11th Cir. 2001) | 4 | Under Florida law, cause of action for negligence generally does not accrue until (1) existence of redressable harm or injury has been established, and (2) injured party knows or should know either of injury or of negligent act. | Under Florida law, "[g]enerally, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should know of either the injury or the negligent act." | When does a cause of action for negligence accrue under law? |
|---|---|---|---|---|---|
| 8255 | W. Am. Ins. Co. v. Sal E. Lobianco & Son Co., 69 Ill. 2d 126, 129–30, 370 N.E.2d 804, 806 (1977) | 1 | Cause of action based on tort accrues only when elements of duty, breach, and resulting injury or damage are present. | It seems well established that a cause of action based on tort accrues only when all elements are present duty, breach and resulting injury or damage. | "Is duty, breach, and resulting injury or damage essential elements for a tort cause of action to accrue?" |
| 8256 | City of New York v. State, 138 Misc. 2d 768 | 7 | Claimant's cause of action does not accrue until it possesses the legal right to be paid and to enforce its right to payment in court. | As these cases also establish, a claimant's cause of action does not accrue until it possesses the legal right to be paid and to enforce its right to payment in court. | Does a claimant's cause of action accrue until it possesses the legal right to be paid and to enforce its right to payment in court? |
| 8257 | Jones v. Young, 539 S.W.2d 901, 907 (Tex. Civ. App. 1976) | 8 | A right of action accrues, as a general rule, whenever facts come into existence which give rise to the cause of action. | A right of action accrues, as a general rule, whenever facts come into existence which give rise to a cause of action. | Does a right of action accrue whenever facts come into existence which give rise to the cause of action? |
| 8260 | Ellis v. Henderson, 204 F.2d 173, 175 (5th Cir. 1953) | 5 | Although "conclusive presumption" as rule of evidence without logical basis might be constitutionally invalid, if the rule of substantive law so created would be constitutional, the form of words used in stating the rule is immaterial. | A 'conclusive presumption' as a rule of evidence without logical basis might be constitutionally invalid, but if the rule of substantive law would be constitutional, the form of words used in stating the rule is immaterial. | What is a conclusive presumption in the rule of evidence under the Negotiable Instruments Act? |
| 8261 | Quirk v. Town of New Boston, 140 N.H. 124, 131 (1995) | 17 | Where landowner possesses full bundle of property rights, destruction of one strand of bundle is not a taking, as aggregate must be viewed in its entirety. Const. Pt. 1, Art. 12. | "At least where an owner possesses a full 'bundle' of property rights, the destruction of one 'strand' of the bundle is not a taking, because the aggregate must be viewed in its entirety." | "Where an owner possesses a full bundle of property rights, is the destruction of one strand of the bundle a taking?" |
| 8262 | Application of Schroetlin, 210 Neb. 508, 508–09, 315 N.W.2d 630, 631 (1982) | 4 | The determination of what is consistent with the public interest, or public convenience and necessity, is one that is peculiarly within the determination of the Public Service Commission and, if there is evidence to sustain the finding of the Commission, the Supreme Court cannot intervene. | The determination of what is consistent with the public interest, or public convenience and necessity, is one that is peculiarly for the determination of the Public Service Commission. If there is evidence to sustain the finding of the commission, this court cannot intervene. | "Is the determination of what is consistent with the public interest, or public convenience and necessity peculiarly for the Public Service Commission?" |

| 8264 | In re iPhone Application Litig., 844 F. Supp. 2d 1040, 1069 (N.D. Cal. 2012) | 26 | While a harmless use or touching of personal property may be a technical trespass, an interference not amounting to dispossession is not actionable, under California law, without a showing of harm; even where injunctive relief is sought, the plaintiff must ordinarily show that the defendant's wrongful acts threaten to cause irreparable injuries, ones that cannot be adequately compensated in damages. | "[W]hile a harmless use or touching of personal property may be a technical trespass (see Rest.2d Torts, 217), an interference (not amounting to dispossession) is not actionable, under modern California and broader American law, without a showing of harm." Even where injunctive relief is sought, "the plaintiff must ordinarily show that the defendant's wrongful acts threaten to cause irreparable injuries, ones that cannot be adequately compensated in damages." | "Can an interference, not amounting to dispossession, be actionable as trespass to chattels?" |
| 8265 | Neely v. Johnson-Barksdale Co., 194 Miss. 529, 12 So. 2d 924, 925 (Miss. 1943) | 8 | The rules of admissibility of evidence applicable in civil actions generally apply to proceedings to enforce subrogation. | The rules as to the admissibility of evidence applicable in civil actions generally apply to proceedings to enforce subrogation, 60 C.J. | Do the rules of admissibility of evidence applicable in civil actions generally apply to proceedings to enforce subrogation? |
| 8266 | Turner v. Hunt, 131 Tex. 492, 497, 116 S.W.2d 688, 691 (Comm'n App. 1938) | 11 | Except in case of extreme delay, a delay which works no injury or no disadvantage to another is not such "laches" as will bar a right. | Except in case of extreme delay like that in Dull v. Blum, supra, delay, which works no injury or no disadvantage to another, is not such laches as will bar a right. | "Except in case of extreme delay, is a delay which works no injury or no disadvantage to another not such laches as will bar a right?" |
| 8267 | Castonguay v. Plourde, 46 Conn. App. 251, 266–67 (Conn. App. 1997) | 34 | Granting of injunction rests within sound discretion of trial court and, in exercising its discretion, court may consider and balance injury complained of with that which will result from interference by injunction. | The granting of an injunction rests within the sound discretion of the trial court and "[i]n exercising its discretion, the court … may consider and balance the injury complained of with that which will result from interference by *267 injunction." | Is the granting of injunction within the sound discretion of the court? |
| 8268 | Bourbeau v. Jonathan Woodner Co., 549 F. Supp. 2d 78, 86 (D.D.C. 2008) | 12 | Plaintiff's right to any recovery depends upon its right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit. | Townsend, 61 A.2d 478 (D.C.1948), the Court assumes that Woodner has in mind the proposition that a "[p]laintiff's right to any recovery depend[s] upon its right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit." | "If plaintiff has no valid cause of action on facts existing at the time of filing suit, can a defect be remedied by accrual of cause while suit is pending?" |
| 8270 | Werber v. Atkinson, 84 A.2d 111, 113 (D.C. 1951) | 1 | A plaintiff's right to recover depends upon his right at inception of suit, and nonexistence of a cause of action when suit was begun is a fatal defect which cannot be cured by accrual of a cause of action pending suit. | A plaintiff's right to recover depends upon his right at the inception of the suit, and the non-existence of a cause of action when the siut was begun is a fatal defect which can not be cured by the accrual of a cause of action pending suit. | Does a plaintiff's right to recover depend upon his right at inception of the suit? |

| 8271 | Water Res. Comm'n v. Connecticut Sand & Stone Corp., 170 Conn. 27, 31, 364 A.2d 208, 211 (1975) | 1 | In usual case in which injunctive relief is sought it is court which determines existence of facts which justify extraordinary remedy of injunctive relief, and thus court will usually grant such relief only in light of situation as court finds it to exist at time of trial. | It is true that in the usual case where injunctive relief is sought a court will grant such relief only in light of the situation as the court finds it to exist at the time of trial. Jones v. Foote, 165 Conn. 516, 521, 338 A.2d 467. It is also true, however, that in the usual case it is the court which determines the existence of facts which justify the extraordinary remedy of injunctive relief. | Will a court grant relief only in light of the situation as the court finds it to exist at the time of trial? |
|---|---|---|---|---|---|
| 8272 | Erwin v. Lee Lumber Co., 111 So. 673, 675, 163 La. 191, 197 (La. 1927) | 3 | Relief will be denied where suitor, before proceedings, permits lapse of time, so that evidence becomes obscure or lost. | On the subject of laches and stale demands, we quote the following: 'Where a suitor, before proceeding, permits such a lapse of time that the evidence has become obscured or lost, relief will be denied because of the difficulty of doing justice. | "Will relief be denied where suitor, before proceedings, permits lapse of time, so that evidence becomes obscure or lost?" |
| 8275 | Lyerly v. Yeadon, 199 S.C. 363, 19 S.E.2d 648, 654 (1942) | 5 | A long lapse of time before commencing action considered with other circumstances may create a presumption that a valid right never existed, or that if it existed it has been satisfied or lost by abandonment, waiver, acquiescence or equitable estoppel. | A long lapse of time, however, especially when taken with other circumstances, may create a presumption that a valid right never existed; or that if it existed it has been satisfied; or lost by abandonment, waiver, acquiescence, or equitable estoppel. | Does the lapse of years without any attempt to enforce a demand create a presumption against its original validity? |
| 8276 | Edward Balf Co. v. Town of E. Granby, 207 A.2d 58, 319 (Conn. 1965) | 2 | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | On the other hand, in the case of actions praying for a declaratory judgment or injunctive relief, since the remedy sought is prospective, the right to such relief is determined by the situation which has developed at the time of trial and not by that existing at the time the action was begun. | Does the court grant equitable relief only on the situation as it exists at the time of trial? |
| 8277 | Bowles v. Senderowitz, 65 F.Supp. 548, 551 (D.C.Pa. 1946) | 2 | The nonexistence of a cause of action when suit is commenced is fatal, and defect cannot be cured by ahppening of events thereafter create or mature a good cause of action. | The non-existence of a cause of action when suit is commenced is fatal, and the defect cannot be cured by the happening of events thereafter which create or mature a good cause of action. | Can a plaintiff recover without the existence of the facts which constituted his cause of action at the time of the lawsuit? |
| 8279 | Stark v. Indep. Sch. Dist. No. 640, 938 F. Supp. 544,  (D. Minn. 1996) | 6 | When circumstances in public schools arise that directly and sharply implicate constitutional values, court must intervene. | When circumstances arise that directly and sharply implicate constitutional values, a court must intervene. | "When circumstances arise in public schools that directly and sharply implicate constitutional values, should the court intervene?" |

| | | | | | |
|---|---|---|---|---|---|
| 8280 | In re V. Pangori Sons, Inc., 53 B.R. 711, 717 (Bankr. E.D. Mich. 1985) | 7 | Surety's rights of equitable subrogation and reimbursement did not come within purview of Uniform Commercial Code. | Likewise, we hold that the surety's rights of equitable subrogation and reimbursement do not come within the purview of the Uniform Commercial Code. | Does a surety's rights of equitable subrogation and reimbursement come within the purview of the Uniform Commercial Code (UCC)? |
| 8281 | Jones v. Aetna Cas. & Sur. Co., 26 Cal. App. 4th 1717, 1723, 33 Cal. Rptr. 2d 291, 295 (1994) | 9 | Under doctrine of superior equities, pertaining to right of subrogation, burden is upon surety to establish its superior equity in seeking recovery against third party. | Under the doctrine of superior equities, followed in California, the burden is upon the surety to establish its superior equity in seeking recovery against a third party. | Is burden upon the surety to establish its superior equity in seeking recovery against a third party under the doctrine of superior equities? |
| 8282 | Mountain States Tel. & Tel. Co. v. Vowell Const. Co., 161 Tex. 432, 436 (1960) | 2 | The gist of "trespass" to personalty is an injury to, or interference with, possession, unlawfully, with or without exercise of physical force, and destruction of, or injury to, personal property, regardless of negligence, may be a "trespass". | The gist of trespass to personalty is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force.' 'Destruction of, or injury to, personal property, regardless of negligence, may be a trespass.' | Can trespass to personalty be committed without the exercise of physical force? |
| 8285 | Int'l Photo Recording Machines v. Microstat Corp., 269 A.D. 485, 490, 56 N.Y.S.2d 277, 282 (App. Div. 1945) | 5 | In an action at law, plaintiff may recover only for claims existing at the commencement of the action whereas in equity the court renders judgment as of the date of trial. | It is also to be noted that in an action at law, plaintiff may recover only for claims existing at the commencement of the action (Boissevain v. Boissevain, 252 N.Y. 178, 181, 169 N.E. 130, 131),whereas in equity the court renders judgment as of the date of trial. | "In an action at law, can a plaintiff recover only for claims existing at the commencement of the action?" |
| 8286 | Mitsubishi Motors v. Soler Chrysler-Plymouth, 473 U.S. 614, 615 (1985) | 1 | There is no warrant in the Arbitration Act (9 U.S.C.A. S 1 et seq.) for implying in every contract within its ken a presumption against arbitration of statutory claims. | There is no warrant in the Arbitration Act for implying in every contract within its ken a presumption against arbitration of statutory claims. | Is there a warrant in the Arbitration Act for implying in every contract within its ken a presumption against arbitration of statutory claims? |
| 8287 | Tabb Lakes, Ltd. v. United States, 26 Cl. Ct. 1334, 1345 (1992) | 3 | Although in order to state a claim for permanent regulatory taking, plaintiff must have applied for, and been denied, a permit, denial of a permit may not be essential to temporary taking claim. U.S.C.A. Const.Amend. 5. | Although it is indisputable that in order to state a claim for a permanent regulatory taking, plaintiff must have applied for and been denied a permit, Riverside Bayview Homes, 474 U.S. at 127, 106 S.Ct. at 459, "denial of a permit may not be essential to a temporary taking claim...." | Is denial of a permit essential to a temporary taking claim? |
| 8288 | Juhnke v. Evangelical Lutheran Good Samaritan, 6 Kan. App. 2d 744, 744 (1981) | 1 | Primary purpose of pretrial conference is to establish legal issues which will be tried during course of trial and resolve as many questions as possible at that time; as practical matter, many issues of law should not be decided until such time as some evidence has been presented which would give trial court basis upon which to rule. Rules Civ.Proc., K.S.A. 60-216. | The primary purpose of K.S.A. 60-216 is to establish the legal issues that will be tried during the course of the trial and to resolve as many questions as possible at that time. [2] As a practical matter, many issues of law should not be decided until such time as some evidence has been presented which would give the trial court a basis upon which to rule. | What is the primary purpose of pretrial conference and how is it established during the course of trial? |

| 8289 | Water & Wastewater Bd. of City of Madison v. Anderson, 850 So. 2d 1230, 1238 (Ala. 2002) | 5 | There are conditions precedent to obligation of public utility to serve any particular applicant; applicant must submit to such reasonable conditions as utility sees fit to impose. | Further, as this Court stated in Miller, "[t]here are ... conditions precedent to the obligation of a public utility to serve any particular applicant. The applicant must submit to such reasonable conditions as the utility sees fit to impose."  273 Ala. at 271, 139 So.2d at 340. | Should an applicant submit to such reasonable conditions as the utility sees fit to impose? |
| 8290 | Turner v. Ohio Bell Telephone, 118 Ohio St. 3d 215, 220, 2008 Ohio 2010 (Ohio 2008) | 3 | Utility companies do not enjoy unfettered discretion in the placement of their poles within the right-of-way of road, for they are required to obtain approval from the owner of the right-of-way. R.C. SS 4939.03, 5515.01, 5547.04. | Nevertheless, utility companies do not enjoy unfettered discretion in **1163 the placement of their poles within the right-of-way, for they are required to obtain approval from the owner of the right-of-way. R.C. 4939.03, 5515.01,and 5547.04. | Do utility companies enjoy unfettered discretion in the placement of the poles within the right-of-way? |
| 8291 | Messner v. American Union Insurance Co., 119 S.W.3d 642, 649 (Mo. Ct. App. 2003) | 11 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Subrogation based upon the common law, i.e., legal subrogation, is not an option "where it would be inconsistent with the terms of the contract." 7 Id. at 503-04[9]. This means, inter alia, that contract provisions waiving subrogation rights are valid and enforceable. | Can you contractually waive common law subrogation rights? |
| 8292 | Industrial Risk v. Garlock Equipment, 576 So. 2d 652, 656 (Ala. 1991) | 1 | Purpose of waiver of subrogation clause is to require one party to contract to provide property insurance for all parties. | The purpose of a waiver of subrogation clause is to require one party to the contract to provide property insurance for all of the parties. | Is the purpose of a waiver of subrogation clause meant to require one party to contract to provide property insurance for all parties? |
| 8293 | Halpin v. Frankenberger, 231 Kan. 344, 350 (Kan. 1982) | 7 | "Subrogation" contemplates one person stepping into shoes of another; as applied to guarantor, it implies that guarantor takes place of, or inures to all of rights of creditor. | Subrogation, as the term is defined, contemplates one person stepping into the shoes of another. As applied to a guarantor, it implies that the guarantor takes the place of, or inures to all of the rights of the creditor. | Does subrogation contemplate one person stepping into the shoes of another? |
| 8294 | Messner v. American Union Insurance Co., 119 S.W.3d 642, 649 (Mo. Ct. App. 2003) | 11 | Subrogation based upon the common law, i.e., legal subrogation, is not an option where it would be inconsistent with the terms of the contract; thus, contract provisions waiving subrogation rights are valid and enforceable. | Subrogation based upon the common law, i.e., legal subrogation, is not an option "where it would be inconsistent with the terms of the contract." 7 Id. at 503-04[9]. This means, inter alia, that contract provisions waiving subrogation rights are valid and enforceable. | Is subrogation based upon the common law an option where it would be inconsistent with the terms of the contract? |
| 8295 | Gerow v. Sinay, 28 Misc. 3d 990, 998, 905 N.Y.S.2d 827, 834 (Sup. Ct. 2010) | 11 | The movant on a equitable subrogation claim must establish all elements of the doctrine, including a lack of knowledge concerning another lien on the property. | As the movant on the equitable subrogation claim, U.S. Bank must establish all elements of the doctrine, including a lack of knowledge concerning another lien on the property. | Should the movant on an equitable subrogation claim establish all elements of the doctrine? |

| 8297 | Spear & Co. v. Chem. Corn Exch. Bank, 148 N.Y.S.2d 296, 299 (Sup. Ct. 1955) | 3 | In an equity action, the decree is accommodated to the facts shown as existing at time of trial, rather than at time of complaint. | In an equity action the decree, of course, is accommodated to the facts shown as existing at time of trial rather than at time of complaint. | "In an equity action, is the decree accommodated to the facts shown as existing at the time of trial, rather than at the time of complaint?" |
|---|---|---|---|---|---|
| 8298 | Pagano v. Pagano, 207 Misc. 474, 479, 139 N.Y.S.2d 219, 224 (Sup. Ct. 1955), aff'd, 2 A.D.2d 756, 153 N.Y.S.2d 722 (1956) | 8 | Court of Equity should adminster such relief as exigencies of case demand at close of trial and should render such decree as equity and good conscience require under the circumstances as presented at time of trial. | It is clear that a court of equity should administer such relief as the exigencies of the case demand at the close of trial. The court should render such decree as equity and good conscience requires under the circumstances as presented at the time of the trial. | Should a court of equity render decree as equity and good conscience requires under the circumstances as presented at the time of the trial? |
| 8300 | In re No Place Like Home, Inc., 559 B.R. 863, 876 (W.D. Tenn. 2016) | 14 | Under the Federal Arbitration Act (FAA), an arbitration provision is severable from the remainder of the contract, such that its validity is subject to initial court determination, but if the arbitration provision is valid, the validity of the remainder of the contract is left for the arbitrator to decide. 9 U.S.C.A. S 1 et seq. | Under the FAA, an arbitration provision is severable from the remainder of the contract, such that its validity is subject to initial court determination; but if the arbitration provision is valid, the validity of the remainder of the contract is left for the arbitrator to decide. | Can an arbitrator decide on the validity of the remainder of a contract if the court finds that the severed arbitration provision is valid? |
| 8301 | Bradley v. Milliken, 484 F.2d 215, 246 (6th Cir. 1973) | 5 | The public school system is a state function and local school districts are instrumentalities of the state created for administrative convenience. M.C.L.A.Const.1963, art. 8, S 2. | As held by the District Court, it is well established under the Constitution and laws of Michigan that the public school system is a State function and that local school districts are instrumentalities of the State created for administrative convenience. | Is the public school system a state function and local school districts instrumentalities of the state created for administrative convenience? |
| 8302 | Bd. of Regents of Ky. Cmty. & Technical Coll. Sys. v. Farrell, 443 S.W.3d 12, 20 (Ky. Ct. App. 2014) | 2 | "Common schools," as the term is used in the Kentucky Constitution, means a school taught in a district laid out by authority of the school laws, under the control of trustees elected under those laws, by a teacher qualified according to law to teach. Const. S 183. | "Common schools," as the term is used in the Kentucky Constitution, means a "school taught in a district laid out by authority of the school laws, under the control of trustees elected under those laws, by a teacher qualified according to law to teach." | What does common schools mean? |
| 8304 | Singh v. Becher, 249 A.D.2d 154-155, 154, 672 N.Y.S.2d 60, 61 (1998) | 4 | Mortgage is generally considered to be personal property, and assignment of existing mortgage, rather than execution of new mortgage or foreclosure of existing mortgage, would not affect underlying real property for venue purposes. McKinney's CPLR 507. | A "mortgage is generally considered to be personal property" (77 N.Y.Jur.2d, Mortgages, § 3, at 375), and the assignment of an existing mortgage, rather than the execution of a new mortgage or the foreclosure of an existing mortgage, would not affect the underlying real property. | Are mortgages generally considered to be personal property? |
| 8305 | McGillis v. Aida Engineering, Inc., 161 Mich. App. 370, 372 (Mich. Ct. App. 1987) | 1 | Every employer subject to Workers' Disability Compensation Act is liable for compensation awarded to its injured employees. M.C.L.A. S 418.101 et seq. | Every employer subject to the Workers' Disability Compensation Act is **818 liable for compensation awarded to its injured employees. | Is every employer that is subject to the workers disability compensation act liable for compensation awarded to its injured employees? |

| 8306 | Geochem Laboratories, Inc. v. Brown & Ruth Laboratories, Inc., 689 S.W.2d 288, 289–90 (Tex.App. 1 Dist.,1985) | 1 | When special exceptions are sustained, pleader has two options, to wit, he may, as matter of right, amend his petition, or he may refuse to amend and thereby test validity of ruling on appeal; if pleader refuses to amend his pleading, trial court may by further order either strike objectionable portion of pleading, or dismiss if remaining allegations in petition fail to state cause of action. | It is well settled that when special exceptions are sustained, the pleader has two options: (1) he may, as a matter of right, amend his petition, or (2) he may *290 refuse to amend and thereby test the validity of the ruling on appeal. Davis v. Quality Pest Control, 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). If the pleader refuses to amend his pleading, the trial court may by further order either strike the objectionable portion of the pleading, see Ship Ahoy, Inc., v. Whalen, 347 S.W.2d 662, 663 (Tex.Civ.App.—Houston 1961, no writ), or dismiss the suit if the remaining allegations in the petition fail to state a cause of action. | What options does the pleader have when special exceptions are sustained? |
| 8307 | State ex Rel. Moore v. Lawson, 105 Idaho 164, 165 (1983) | 6 | Appellate jurisdiction of the Court of Appeals is limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court. | 5, 9, of the Idaho Constitution to "review upon appeal, any decision of the district courts." However, we view our appellate jurisdiction as being limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court. | Is appellate jurisdiction limited to those cases in which appeals have been timely filed under rules promulgated by the Supreme Court? |
| 8308 | In re James B., 109 Cal. App. 4th 862, 868, 135 Cal. Rptr. 2d 457, 461 (2003) | 4 | Because auto burglary can be committed only by entering a locked vehicle without the owner's consent, it is only accomplished by altering the vehicle's physical condition; at worst, by smashing a window, at best, by illegally unlocking it. West's Ann.Cal.Penal Code § 459. | Therefore, "because auto burglary can be committed only by entering a locked vehicle without the owner's consent, it is only accomplished by altering the vehicle's physical condition; at worst, by smashing a window, at best, by illegally unlocking it. | How is auto burglary committed? |
| 8309 | Wall v. State Bd. of Edn., 2015-Ohio-1418, ¶ 34, 29 N.E.3d 1024, 1033 | 13 | A misdemeanor conviction can serve as the basis to revoke a teaching license for conduct unbecoming to the teacher's position. R.C. § 3319.13(B)(1). | A misdemeanor conviction can serve as the basis to revoke a teaching license for conduct unbecoming to the teacher's position. | Can a misdemeanor conviction serve as the basis to revoke a teaching license for conduct unbecoming to the teacher's position? |
| 8310 | South Sutter, LLC v. LJ Sutter Partners, L.P., 193 Cal.App.4th 634, 665 (2011) | 22 | In common law, a "retraxit" was "a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action," and in California, the same effect is now accomplished by a dismissal with prejudice. | "In common law, a retraxit was 'a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action.' [Citations.] In California, the same effect is now accomplished by a dismissal with prejudice. | What is a retraxit in common law? |

| 8311 | City of Palos Heights v. Village of Worth, 29 Ill. App. 3d 746, 749, 331 N.E.2d 190 (Ill. App. Ct. 1975) | 3 | Upon proper notice of payment of costs, plaintiff has absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right. S.H.A. ch. 110, SS 52, 52(1). | Upon proper notice and payment of costs, a plaintiff has an absolute right to dismiss his action before a trial or hearing has begun, and the trial court has no discretion to interfere with the exercise of that right. | Does a plaintiff have an absolute right to dismiss an action? |
|---|---|---|---|---|---|
| 8313 | Crane v. Leclere, 216 N.W. 622, 624 (Iowa 1927) | 1 | Statute prohibiting dismissal of action after final submission will not be extended to include cases not within its express terms. | The statute prohibiting the dismissal of an action after final submission of the case is in derogation of the common law, and it will not be extended so as to prohibit the dismissal of a case not falling within its express terms. | Can a statute prohibiting the dismissal of an action after final submission of the case be extended to prohibit the dismissal of a case not falling within its express terms? |
| 8314 | Moseley v. Behringer, 184 S.W.3d 829, 832 (Tex. App. 2006) | 2 | In the ordinary case, absent special statutory provisions, plaintiff has an absolute right to take a nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "[I]n the ordinary case, absent special statutory provisions, a plaintiff has an absolute right to take a nonsuit." | "In the ordinary case, absent special statutory provisions, does a plaintiff have an absolute right to take a nonsuit?" |
| 8315 | Arciniega v. Bank of San Bernardino, 52 Cal. App. 4th 213, 228, 60 Cal. Rptr. 2d 495, 504–05 (1997) | 6 | Difference between "retraxit" and "nonsuit" is that nonsuit is plaintiff's default and neglect, and he is thus allowed to bring suit again, upon payment of costs; conversely, retraxit is open and voluntary renunciation of suit in court, by which plaintiff forever loses his action. | Continuing further, " ' 'A retraxit differs from a nonsuit, in that the one is negative, and the other positive: the nonsuit is a default and neglect of the plaintiff, and therefore he is allowed to begin his suit again, upon payment of costs; but a retraxit is an open and voluntary renunciation of his suit, in court, and by this he for[ ]ever loses his action.' | "Is ""retraxit"" an open, voluntary renunciation of a claim in court?" |
| 8316 | Cook v. Lichtblau, 176 So. 2d 523, 533 (Fla. Dist. Ct. App. 1965) | 4 | Plaintiff may not terminate action as matter of right by taking nonsuit whether voluntary or involuntary. 30 F.S.A. Rules of Civil Procedure, rule 1.35. | 1.35, as amended, a plaintiff may not terminate an action as a matter of right by taking a nonsuit whether voluntary or involuntary under prior Florida practice. | Can a plaintiff terminate action as matter of right by taking nonsuit whether voluntary or involuntary? |
| 8318 | Carter v. Clegg, 557 So. 2d 1187, 1190 (Miss. 1990) | 1 | When considering whether to grant voluntary dismissal, trial court must consider effect action will have on defendant and other plaintiffs, if there are any; moreover, court must assure fairness and protection for those affected by dismissal. Rules Civ.Proc., Rule 41. | When considering whether a dismissal should be granted, the trial court must consider the effects the action will have on the defendant and other plaintiffs, if there are any. Moreover, the trial court must assure fairness and protection for those affected by the dismissal. | "When considering whether to grant voluntary dismissal, should a trial court consider the effect an action will have on a defendant and other plaintiffs, if there are any?" |
| 8320 | Lachman v. Trunkline LNG Co., 753 F.2d 8, 10 (2d Cir. 1985) | 1 | Under New York law, assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. | Under New York law, made applicable by the parties, the assignee of rights *10 under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. | Is an assignee of rights under a bilateral contract bound to perform the assignor's duties under the contract? |

| | | | | | |
|---|---|---|---|---|---|
| 8321 | Rice Co. v. Precious Flowers, 523 F.3d 528, 536  (5th Cir. 2008) | 14 | Where some written agreement to arbitrate exists, federal courts recognize six theories for binding a nonsignatory to an arbitration agreement: (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, (5) estoppel, and (6) third-party beneficiary. | Where "some written agreement to arbitrate" exists, federal courts have recognized "[s]ix theories for binding a nonsignatory to an arbitration agreement ...: (a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing/alter ego; (e) estoppel; *537 and (f) third-party beneficiary." | Can arbitration agreements apply to nonsignatories? |
| 8322 | Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 105 S.Ct. 3346, 3358, 473 U.S. 614, 635 (U.S.Puerto Rico, 1985) | 9 | Importance of private damages remedy in antitrust dispute does not compel conclusion that resolution may not be sought outside an American court by means of arbitration. | The importance of the private damages remedy, however, does not compel the conclusion that it may not be sought outside an American court. | Does the importance of the private damages remedy compel the conclusion that it may not be sought outside an American court? |
| 8323 | DuBray v. Warner Bros. Recs., 236 A.D.2d 312, 314, 653 N.Y.S.2d 592, 594 (1997) | 2 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | It is also true, however, that a motion for discontinuance should not be used to circumvent an order of the court (Schultz v. Kobus, 15 A.D.2d 382, 384, 224 N.Y.S.2d 372), or to enable plaintiffs to "do indirectly what they are not permitted to do directly" (Katz v Austin, 271 App Div 217, 218, lv denied 271 App Div 773; but see, De Laurentis v Bercowitz, 27 AD2d 869). | Can a motion for discontinuance be used to circumvent an order of the court or to enable plaintiffs to do indirectly what they are not permitted to do directly? |
| 8324 | Rooth v. Kusel, 278 Ill. App. 152, 156 (1934) | 4 | A complainant can dismiss his bill at any time, except where a bill is filed on behalf of complainant and others, and such others have intervened and have been made parties complainant. | *156 It has long been the settled rule in this State with some exceptions, that a complainant can dismiss his bill at any time. Among these exceptions is where a bill is filed on behalf of the complainant and others, and such others have intervened and have been made parties complainant. | "Can a complainant dismiss his bill at any time, except where a bill is filed on behalf of complainant and others, and such others have intervened and have been made parties complainant?" |
| 8325 | Earl v. Winne, 34 N.J. Super. 605, 610-11 (Law Div. 1955) | 2 | The pretrial order supersedes the pleadings when inconsistent therewith and controls subsequent course of action unless modified at or before the trial or during trial to prevent manifest injustice. R.R. 4:29-1. | The pretrial order supersedes the pleadings when inconsistent therewith and controls the subsequent course of action unless modified at or before the trial or during *611 the trial to prevent manifest injustice. | Does a pretrial order supersede pleadings inconsistent therewith? |
| 8326 | State v. Edmonds, 323 Conn. 34, 69 (2016) | 20 | Suspect's standing in a private parking lot for a few seconds does not constitute loitering, particularly without any indication that suspect is engaged in otherwise improper conduct or has been asked to leave the premises. | Nor does standing in a private lot for a few seconds constitute loitering, particularly without any indication that the person is engaged in otherwise improper conduct or has been asked to leave the premises. | Does standing in a private parking lot constitute loitering? |
| 8327 | Ballay v. Legg Mason Wood Walker, Inc., 878 F.2d 729, 733 (3d Cir. 1989) | 3 | Although Federal Arbitration Act establishes presumption in favor of arbitrability when arbitrability is in doubt, it does not prevent parties from agreeing to exclude matters from arbitration if they so desire. 9 U.S.C.A. §§ 1-15. | Although the Federal Arbitration Act establishes a presumption in favor of arbitrability when arbitrability is in doubt, it does not prevent parties from agreeing to exclude matters from arbitration if they so desire. | Does the Federal Arbitration Act (FAA) prevent parties from agreeing to exclude matters from arbitration? |

| 8328 | Hersman, Inc. v. Fleming Cos., Inc., 19 F. Supp. 2d 1282, 1285 (M.D. Ala. 1998) | 7 | Key element in determining whether tort claims are subject to an arbitration provision is the relationship between the claims asserted and the underlying contractual obligations. | The key element in determining whether tort claims are subject to an arbitration provision is the relationship between the claims asserted and the underlying contractual obligations. | What key element determines if tort claims are subject to an arbitration provision? |
|---|---|---|---|---|---|
| 8329 | U.S. v. Alfisi, 308 F.3d 144, 149 (2d Cir. 2002) | 3 | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be a specific intent to give something of value in exchange for an official act. 18 U.S.C.A. S 201(b)(1)(A). | The "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be "a specific intent to give ... something of value in exchange for an official act." | What is the corrupt intent required by the bribery statute? |
| 8331 | People v. Watson, 24 Ill. App. 3d 237, 239 (1974) | 1 | In order to sustain conviction for possession of burglary tools, State must prove that defendant possessed tools adapted and designed for breaking and entering and that they were possessed with knowledge of their character and with intent to commit felony or theft. | In order to sustain a conviction for possession of burglary tools, the State must prove that the defendant possessed tools adapted and designed for breaking and entering and that they were possessed with knowledge of their character and with the intent to commit a felony or theft. | Can intent be proved by circumstantial evidence for the charge of possession of burglars tools? |
| 8332 | Farris v. U.S. Fidelity Guaranty, 273 Or. 628, 631 (Or. 1975) | 1 | Except in instances of dismissal for lack of prosecution, there is no statutory authorization for judgments or orders of dismissal in law actions; statutory scheme indicates that, in equity, the correct terminology is dismissal and, in law, the correct terminology is nonsuit, voluntary or involuntary. ORS 18.210, 18.250. | Except in instances of dismissal for lack of prosecution, there is no statutory authorization for judgments or orders of dismissal in law actions. The statutory scheme in Deady's Code and at present indicates that in equity the correct terminology is 'dismissal' and in law the correct terminology is 'nonsuit,' voluntary and involuntary. | "Except in instances of dismissal for lack of prosecution, is there a statutory authorization for judgments or orders of a dismissal in law actions?" |
| 8333 | Ferber v. Brueckl, 322 Mo. 892, 900 (Mo. 1929) | 1 | "Voluntary discontinuance" is voluntary action by plaintiff, whereby his case goes out of court without decision on merits. | A voluntary discontinuance is a voluntary action on the part of plaintiff whereby his case goes out of court without a decision on the merits. | "Is a ""voluntary discontinuance"" a voluntary action by a plaintiff, whereby his case goes out of court without a decision on merits?" |
| 8334 | Rumph v. Rister, 211 Ga. 312, 312 (1955) | 2 | Plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of defendant. Code, S 3-510. | The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant'. Code, 3-510; | May a plaintiff in any action dismiss his action either in vacation or term time? |
| 8336 | Zanca v. Exhibition Contractors Co., 614 So. 2d 325, 329 (La. Ct. App. 1993) | 6 | Trial court has wide discretion to provide for implementation of pretrial order and to insure the terms of pretrial order are enforced. LSA-C.C.P. art. 1551. | Pursuant to the provisions of La.C.C.P. art. 1551, a court has wide discretion to provide for implementation of a pre-trial order and to insure that the terms of the pre-trial order are enforced. | Does the trial court have wide discretion to provide for implementation of pretrial order and to insure the terms of pretrial order are enforced? |
| 8337 | Nentwig v. United Industry, 256 Mont. 134, 138-39 (Mont. 1992) | 2 | Purpose of pretrial order is to prevent surprise, simplify issues, and permit parties to prepare for trial. | The purpose of the pretrial order is to prevent surprise, simplify the *139 issues, and permit the parties to prepare for trial. | "Is the purpose of a pretrial order to prevent surprise, simplify issues, and permit parties to prepare for trial?" |

| | | | | | |
|---|---|---|---|---|---|
| 8339 | State ex Rel. State Fund v. Berg, 279 Mont. 161, 180 (1996). | 19 | Purpose of pretrial orders is to prevent surprise, simplify issues and permit counsel to prepare case for trial on basis of pretrial order. Rules Civ.Proc., Rule 16(e). | The purpose of pretrial orders is to prevent surprise, simplify the issues and permit counsel to prepare their case for trial on the basis of the pretrial order. | Is permitting counsel to prepare case for trial on basis of pretrial order the purpose of pretrial orders? |
| 8340 | Velez v. Tuma, 283 Mich. App. 396, 409, 770 N.W.2d 89, 98 (2009), aff'd in part, rev'd in part, 492 Mich. 1, 821 N.W.2d 432 (2012) | 10 | A trial court has the authority to set deadlines in pretrial order for the filing of motions, and trial court also has the discretion to decline to consider motions filed after the deadline. MCR 2.401(B)(2). | Under MCR 2.401(B)(2), a trial court has the authority to set deadlines for the filing of motions. The trial court also has the discretion to decline to consider motions filed after the deadline. | Does a trial court have the authority to set deadlines in pretrial order for the filing of motions? |
| 8341 | Kallgren v. Chadwick, 134 N.H. 110, 114 (N.H. 1991) | 2 | Purpose of pretrial statement is to apprise parties and court, unambiguously and accurately, of all uncontested and contested facts. | We note in passing, however, that the purpose of the pretrial statement is to apprise the parties and the court, unambiguously and accurately, of all uncontested and contested facts. | "Is the purpose of a pretrial statement to apprise parties and the court, unambiguously and accurately, of all uncontested and contested facts?" |
| 8343 | Citizens' Tr. Co. of Utica v. R. Prescott & Son, 221 A.D. 420, 422, 223 N.Y.S. 184, 187 (App. Div. 1927) | 7 | Under Civil Practice Act, §§ 288, 296, 322 et seq., and Rules of Civil Practice, rules 120-133, 140 et seq., proceedings for discovery of books, documents, other papers and property are separate and apart from proceedings for examination of parties and witnesses. | Proceedings for the discovery of books, documents, other papers, and property are separate and apart from that for examination of parties and witnesses. Civil Practice Act, § 296; Civil Practice Act, § 322 et seq.; Rules of Civil Practice, 140 et seq. | "Are proceedings for discovery of books, documents, other papers and property separate and apart from proceedings for examination of parties and witnesses?" |
| 8346 | Economy Fire Casualty Co. v. Warren, 71 Ill. App. 3d 625, 629, 390 N.E.2d 361 (Ill. App. Ct. 1979) | 5 | Motion for continuance on ground of ill health of one of two party defendants is insufficient if there is no showing that party's absence from trial jeopardized his case. | A motion for a continuance on the ground of ill health of one of two party defendants is insufficient where there is no showing that his absence from trial jeopardized his case. | Is a motion for continuance insufficient where there is no showing that absence of witness would jeopardize case? |
| 8348 | Linton v. Jones, 462 S.W.2d 636, 637 (Tex. Civ. App. 1971) | 1 | Matter of granting or refusing a continuance is generally addressed to sound discretion of trial court, and an order of the trial court will not be disturbed on appeal unless there was an abuse of discretion. Rules of Civil Procedure, rules 251, 252. | It is a well settled rule that the matter of granting or refusing a continuance is generally addressed to the sound discretion of the trial court, and the order *638 of the trial court will not be disturbed on appeal unless there was an abuse of discretion. Rules 251, 252, Texas Rules of Civil Procedure; | Is a motion for continuance for want of testimony addressed to the trial court's sound discretion? |
| 8351 | Grace v. St. Louis Cnty., No. ED94746, 2011 WL 1660653, at *3 (Mo. Ct. App. May 3, 2011) | 8 | "Taxes" are proportional contributions imposed by the state upon individuals for the support of government and for all public needs; taxes are not payments for a special privilege or a special service rendered. | Taxes are "proportional contributions imposed by the state upon individuals for the support of government and for all public needs." Leggett v. Missouri State Life Ins. Co., 342 S.W.2d 833, 875 (Mo. banc 1960) (quotations omitted). "Taxes are not payments for a special privilege or a special service rendered." Leggett, 342 S.W.2d at 875 (quotations omitted). | Are taxes proportional contributions imposed by the state upon individuals for the support of government and for all public needs? |

| 8352 | Taylor v. Gehner, 329 Mo. 511, 515 (1932) | 1 | "Taxes" are proportional contributions imposed by the state upon individuals for the support of government and for all public needs. | Taxes are proportional contributions imposed by the state upon individuals for the support of government and for all public needs. | Are taxes proportional contributions imposed by the state upon individuals for the support of government and for all public needs? |
|---|---|---|---|---|---|
| 8353 | Weisblat v. City of San Diego, 176 Cal. App. 4th 1022, 1039–40, 98 Cal. Rptr. 3d 366, 378 (2009) | 6 | A tax is a "special tax" whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which the revenues may be spent. | "[A] tax is special whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which [the] revenues may be spent." (City of Roseville, supra, 106 Cal.App.4th at p. 1185, 132 Cal.Rptr.2d 1.) | "Is a tax a ""special tax"" whenever expenditure of its revenues is limited to specific purposes?" |
| 8354 | Netjets Aviation, Inc. v. Guillory, 207 Cal.App.4th 26, 41 (Cal. Ct. App. 2012) | 7 | Every system of taxation consists of two parts, which are (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection; the former is a legislative function, while the latter is mere machinery, and is delegable to other than governmental agencies. | Every system of taxation consists of two parts: (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection. The former is a legislative function; the latter is mere machinery, and is delegable to other than governmental agencies. | "Are elements which enter into the imposition of tax, a part of every system of taxation?" |
| 8355 | In re Olde Florida Investments, Ltd., 272 B.R. 779, 783 (M.D. Fla. 2001) | 5 | Under Florida law, a "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | In Klemm, the Florida Supreme Court stated: A "tax" is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. | Is tax a burden imposed by a sovereign right? |
| 8357 | Clean Water Coal. v. The M Resort, 127 Nev. 301, 316 (Nev.,2011) | 14 | When it appears from a legislative act itself that revenue is its main objective, and the amount of the tax supports that theory, the enactment is a "revenue measure." | when it appears from the Act itself that revenue is its main objective, and the amount of the tax supports that theory, the enactment is a "revenue measure.' | "Is the enactment a ""revenue measure"" when it appears from a legislative act itself that revenue is its main objective, and the amount of the tax supports that theory?" |
| 8359 | Standard Oil Co. v. Johnson, 316 U.S. 481, 484 (1942) | 3 | That the establishment and control of army post exchanges have been in accordance with War Department regulations, rather than specific statutory directions, does not alter their status as "arms of the government", since authorized War Department regulations have the force of "law". Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | That the establishment and control of post exchanges have been in accordance with regulations rather than specific statutory directions does not alter their **1170 status, for authorized War Department regulations have the force of law. 5 3 Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | Do War Department regulations have the force of law? |

| 8360 | Thomas v. United States, 122 Fed. Cl. 53, 68 (2015) | 8 | Military administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs. | "[M]ilitary administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs." | Are military administrators presumed to act lawfully and in good faith? |
| --- | --- | --- | --- | --- | --- |
| 8361 | Smith v. United States, 114 Fed. Cl. 691, 700 (2014) | 17 | Court of Federal Claims may review a military decision when the plaintiff argues that the military did not comply with a governing statute or regulation; however, plaintiff's claim must be "justiciable," that is, it must be within the competency of the court to decide the issue, and there must be tests or standards that inform the court of the measure against which the conduct of the military is to be evaluated. | The court may review a military decision when the plaintiff argues that the military did not comply with a governing statute or regulation. See Roth v. United States, 378 F.3d 1371, 1385 (Fed.Cir.2004). But, plaintiff's claim must be justiciable. That is, it must be within the competency of the court to decide the issue, and there must be "tests or standards" that inform the court of the measure against which the conduct of the military is to be evaluated. | Can courts review military decisions when the military did not comply with a governing statute or regulation? |
| 8362 | Eisenhuth v. United States, 59 Fed. Cl. 460, 463 (Fed.Cl.,2004) | 1 | Although the Court of Federal Claims cannot review the merits of a decision committed wholly to the discretion of the military, it may review a challenge to the particular procedure followed in rendering a military decision. | Although the court cannot review "the merits of a decision committed wholly to the discretion of the military," it may review "a challenge to the particular procedure followed in rendering a military decision." | Can the merits of a decision committed wholly to the discretion of the military be subjected to judicial review? |
| 8363 | Allen v. Devon Energy Holdings, L.L.C., 367 S.W.3d 355, 391, (Tex. App. 2012) | 46 | While a limited partner does not normally owe a fiduciary duty, such a duty springs into existence when a limited partner, wearing a different hat, exerts operating control over the affairs of the limited partnership. | While a limited partner does not normally owe a fiduciary duty, such a duty "spring[s] into existence when a limited partner ... wearing a different hat, exerts operating control over the affairs of the limited partnership." | Does a limited partner owe a fiduciary duty in the partnership? |
| 8364 | Stroock & Stroock & Lavan v. Beltramini, 157 A.D.2d 590, 591, 550 N.Y.S.2d 337, 337 (1990) | 1 | Leave to amend a pleading is freely granted as matter of discretion in the absence of prejudice or surprise, but leave may not be granted where the amended pleading fails to state a cause of action. | While, as Supreme Court recognized, leave to amend a pleading is freely granted as a matter of discretion in the absence of prejudice or surprise (Loomis v. Civetta Corinno Constr. Corp., 54 N.Y.2d 18, 444 N.Y.S.2d 571, 429 N.E.2d 90; Fahey v. County of Ontario, 44 N.Y.2d 934, 408 N.Y.S.2d 314, 380 N.E.2d 146)leave may not be granted where the amended pleading plainly fails to state a cause of action and, thus, lacks merit (Crimmins Contr. Co. v City of New York, 74 NY2d 166; Daniels v Empire-Orr, Inc., 151 AD2d 370). | Will leave to amend be denied where the pleading fails to state a cause of action? |

| 8365 | Di Santo v. City of Warrenville, 59 Ill. App. 3d 931, 937 (Ill. App. Ct. 1978) | 6 | General conclusions of fraud are not sufficient in a pleading and fraud is never presumed but must be shown by allegation of facts from which fraud is a necessary or probable inference. | It is axiomatic, of course, that general conclusions of fraud are not *938 sufficient in a pleading and that fraud is never presumed but must be shown by allegation of facts from which fraud is a necessary or probable inference. | Must fraud be shown from allegations of facts from which it is a necessary or probable inference? |
| 8367 | Yeager v. Schulze, Phillips & Chase, 2007-Ohio-5626, ¶ 17, 173 Ohio App. 3d 466, 471, 878 N.E.2d 1100, 1104 | 6 | A plaintiff has an absolute right to file one voluntary dismissal under applicable rule, and when the plaintiff does so, the case is dismissed without prejudice, unless otherwise indicated, and the trial court is divested of jurisdiction. Rules Civ.Proc., Rule 41(A)(1)(a). | A plaintiff has an absolute right to file one dismissal under Civ.R. 41(A)(1)(a), and when the plaintiff does so, the case is dismissed without prejudice, unless otherwise indicated, and the trial court is divested of jurisdiction. | "Are court-ordered voluntary dismissals when stated, without prejudice?" |
| 8368 | Trent v. Franco, 253 Ga. App. 104, 106, 558 S.E.2d 66 (Ga. Ct. App. 2001) | 1 | The renewal statute is remedial in nature, and it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. O.C.G.A. S 9-2-61. | In that regard, [t]he renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. | Is the renewal statute construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits? |
| 8370 | Gallagher Bassett v. Phillips, 991 So. 2d 697, 700 (Ala. 2008) | 3 | The effect of a voluntary dismissal of an action is to render the proceedings a nullity and leave the parties as if the action had never been brought. Rules Civ.Proc., Rule 41(a)(1). | " '[T]he effect of a voluntary dismissal ... is to render the proceedings a nullity and leave the parties as if the action had never been brought.' " | Is the effect of a voluntary dismissal of an action to render the proceedings a nullity and leave the parties as if the action had never been brought? |
| 8371 | Atkins v. Atkins, 177 Cal. App. 2d 207, 211, 2 Cal. Rptr. 104, 106 (Ct. App. 1960) | 2 | Pretrial order determining issues did not do away with power of trial court to permit amendments to conform to proof. | We do not believe that it was intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to the proof. | Does a pretrial order determining issues do away with power of a trial court to permit amendments to conform to proof? |
| 8372 | De Stackelberg v. Lamb Transp. Co., 168 Cal. App. 2d 174, 180, 335 P.2d 522, 526–27 (1959) | 4 | Pre-trial conference order supersedes the pleadings to the extent of any inconsistencies and controls the subsequent course of the case. Superior Court Rules, rule 8.8. | The pre-trial conference order supersedes the pleadings to the extent of any inconsistencies and controls the subsequent course of the case. Rules for the Superior Courts, rule 8.8; Baird v. Hodson, 161 Cal.App.2d 687, 327 P.2d 215 | Does a pre-trial conference order supersede the pleadings to the extent of any inconsistencies and controls the subsequent course of the case? |
| 8373 | Mack v. Union Pac. R. Co., 2012 Ark. App. 115, ¶¶ 5–6 (2012) | 8 | A nonsuit is not effective upon filing; a court order is necessary to grant a nonsuit and the judgment or decree must be entered to be effective. | No order of nonsuit was entered by the trial court. A nonsuit is not effective upon filing; a court order is necessary to *6 grant a nonsuit and the judgment or decree must be entered to be effective. | Is a court order necessary to grant a nonsuit and the judgment or decree must be entered to be effective? |
| 8374 | 2nd Roc-Jersey Associates v. Town of Morristown, 158 N.J. 581, 592 (N.J. 1999) | 4 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | Traditionally, the differences between an assessment and a tax include: an assessment supports local improvements, while a tax finances general operations; an assessment is a one-time charge, while a tax is annual; and an assessment requires that the benefit be direct, while a tax requires no such direct benefit. | "Is assessment a one-time charge, while tax is annual?" |

| 8375 | City of San Antonio v. San Antonio Independent School District, 683 S.W.2d 67, 70 (Tex. App. 1985) | 4 | Mere fact that revenues are put into a general fund and used for public purposes does not necessarily make them "taxes." | The mere fact that revenues are put into a general fund and used for public purposes, as were the payments in the case at hand, does not necessarily make them taxes. | "Does the fact that revenues are put into a general fund and used for public purposes make them ""taxes""?" |
| 8376 | Wetzel Cnty. Solid Waste Auth. v. W. Virginia Div. of Nat. Res., 195 W. Va. 1, 5, 462 S.E.2d 349, 353 (1995) | 3 | Character of tax is determined not by its label but by analyzing its operation and effect and, thus, it is difficult to categorize assessment as fee or tax, as courts have not adopted universal definitions of those terms. | As this Court has held: "The character of a tax is determined not by its label but by analyzing its operation and effect." Syllabus point 2, City of Fairmont v. Pitrolo Pontiac–Cadillac, 172 W.Va. 505, 308 S.E.2d 527 (1983), cert. denied, 466 U.S. 958, 104 S.Ct. 2169, 80 L.Ed.2d 553 (1984). Therefore, it is difficult to categorize an assessment as a fee or a tax because the courts have not adopted universal definitions of these terms. | Is the character of a tax determined by analyzing its operation and effect? |
| 8377 | Multnomah County v. Luihn, 180 Or. 528, 542 (Or. 1947) | 9 | Taxation proceeds upon the theory that the existence of government is a necessity, that it cannot continue without means to pay its expenses, and that for those means it has the right to compel all citizens and property within its limits to contribute. | Taxation proceeds 'upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; and that for those means it has the right to compel all citizens and property within its limits to contribute'. | What theory does taxation proceed upon? |
| 8378 | Blizek v. Eagle Signal Company, 164 N.W.2d 84, 85 (Iowa 1969) | 2 | One major function of Workmen's Compensation Act is to provide prompt payment to a covered employee in the event of injury arising out of and in the course of employment. I.C.A. S 85.34, subd. 2(c, f, g, u). | One of the major functions of our Workmen's Compensation Act is to provide prompt payment to a covered employee in the event of injury arising out of and in the course of employment. | What is one major function of the Workmens Compensation Act? |
| 8379 | Smith v. Lannert, 429 S.W.2d 8, 12 (Mo. Ct. App. 1968) | 1 | The Workmen's Compensation Act is substitutional and the exclusive remedy for injuries arising out of and sustained in the course of employment. | The Missouri Workmen's Compensation Act is substitutional and the exclusive remedy for injuries arising out of and sustained in the course of the employment. | Is the Workmens Compensation Act both a substitutional and the exclusive remedy for injuries arising out of and sustained in the course of employment? |
| 8380 | United States v. Hawkins, 37 F. Supp. 3d 964, 969 (N.D. Ill. 2014) | 7 | Accepting or agreeing to accept a payment for the performance of official government duties is bribery, whether or not the recipient ultimately earns the bribe by taking official action; acceptance of the bribe is the violation of the statute, not performance of the illegal promise. | Accepting or agreeing to accept a payment for the performance of official government duties is bribery, whether or not the recipient ultimately "earns" the bribe by taking official action; "acceptance of the bribe is the violation of the statute, not performance of the illegal promise. | "In bribery prosecution, does the government need to show that the defendant fulfilled the illegal bargain?" |
| 8382 | Wisniewski v. Clary, 46 Cal. App. 3d 499, 505, 120 Cal. Rptr. 176, 180 (Ct. App. 1975) | 8 | Although court may not compel a litigant to settle a case, it may direct him to engage personally in settlement negotiations, provided that conditions for such negotiations are otherwise reasonable. Cal. Rules of Court, rule 207.5. | A court may not compel a litigant to settle a case, but it may direct him to engage personally in settlement negotiations, provided the conditions for such negotiations are otherwise reasonable. | Can a court direct a litigant to engage personally in a settlement negotiation? |

| 8384 | Powers v. Professional Rodeo Cowboys Ass'n, 832 P.2d 1099, 1102 (Colo. App. 1992) | 2 | Request for voluntary dismissal without prejudice generally should be granted unless dismissal would result in legal prejudice to defendant. Rules Civ.Proc., Rule 41(a)(2). | A plaintiff's request for a voluntary dismissal under C.R.C.P. 41(a) (2) "generally should be granted unless a dismissal would result in legal prejudice to the defendant." | Should a request for voluntary dismissal without prejudice generally should result in legal prejudice to a defendant? |
| 8385 | Gen. Agents Ins. Co. of Am. v. El Naggar, 340 S.W.3d 552, 557 (Tex. App. 2011) | 5 | A nonsuit does not vitiate a decision on the merits unless the decision on the merits is set aside by the trial court; once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A nonsuit does not vitiate a decision on the merits, including a partial summary judgment, unless the decision on the merits is set aside by the trial court. "Once a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit." | "Is a decision on the merits, including a summary judgment in the defendant's favor, vitiated by a nonsuit by the plaintiff?" |
| 8386 | Richter v. Prairie Farms Dairy, Inc., 2016 IL 119518 (Ill. 2016) | 26 | A voluntary dismissal terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. S.H.A. 735 ILCS 5/2-1009. | A voluntary dismissal pursuant to section 2-1009 terminates the entire action and renders immediately appealable all final orders entered therein that were not previously appealable. | Does a voluntary dismissal terminate an action in its entirety and render all final orders immediately appealable? |
| 8387 | Cyr v. Cote, 396 A.2d 1013, 1016 (Me., 1979) | 4 | Where issues raised by pleadings have been modified by a pretrial order, order and not pleadings controls question of whether litigants have right to jury trial. M.R.S.A.Const. art. 1, S 20. | Accordingly, we hold that where the issues raised by the pleadings have been modified by a pre-trial order, the order and not the pleadings controls the jury trial question. See Craig v. Hamilton, 213 Kan. 665, 518 P.2d 539 (1974). | "Where the issues raised by the pleadings have been modified by a pretrial order, is the order and not the pleadings that control the question of whether litigants have right to a jury trial?" |
| 8388 | Evans v. Dreyfuss Brothers, 971 A.2d 179, 186 (D.C. 2009) | 10 | A "dismissal without prejudice" renders the proceedings a nullity and leaves the parties as if the action had never been brought. | "[A] dismissal without prejudice 'renders the proceedings a nullity and leaves the parties as if the action had never been brought.' " | "Does a ""dismissal without prejudice"" render the proceedings a nullity and leaves the parties as if the action had never been brought?" |
| 8389 | Dafco, Inc. v. Reynolds, 9 Ohio App. 3d 4, 5 (Ohio Ct. App. 1983) | 4 | Before sanctions can be enforced for violation of a pretrial order, order must be properly announced and formally entered in case. Rules Civ.Proc., Rules 37, 37(D). | In Sexton, it was held that before sanctions can be enforced pursuant to Civ.R. 37 for violation of a pretrial order, an order must be properly announced and formally entered in the case. | "Before sanctions can be enforced for violation of a pretrial order, must an order be properly announced and formally entered in case?" |
| 8390 | Lewis v. City of Savannah, 336 Ga. App. 126, 129 (Ga. Ct. App. 2016) | 4 | The unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | Under Georgia law, the unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | Does the dismissal of a lawsuit generally deprive the trial court of jurisdiction to take further action in a case? |
| 8391 | Simmons v. Patrick, 211 Cal. App. 2d 383, 390, 27 Cal. Rptr. 347, 352 (Ct. App. 1962) | 16 | The effect of a pre-trial order should not be so restricted that power of trial court to do justice between parties is completely abrogated. | But sometimes it is required that the effect of a pretrial order be not so restrictive that the power of a trial court to do justice between the parties is completely abrogated. | Should the effect of a pre-trial order be so restricted that power of a trial court to do justice between parties is completely abrogated? |

| 8392 | Himmelfarb v. Allain, 380 S.W.3d 35, 40 (Tenn. 2012) | 8 | A voluntary dismissal is an adjudication on the merits of the case only if the order states that it is an adjudication on the merits or if the plaintiff has twice previously voluntarily dismissed actions based on or including the same claim. Rules Civ.Proc., Rule 41.01(2). | Pursuant to Tennessee Rule of Civil Procedure 41.01(2), a voluntary dismissal is an adjudication on the merits of the case only if the order states that it is an adjudication on the merits, or if the plaintiff has twice previously voluntarily dismissed actions based on or including the same claim. | When can a voluntary dismissal be adjudication on the merits of the case? |
| 8393 | Moore v. Pate, 112 N.C. App. 833, 837 (N.C. Ct. App. 1993) | 5 | Once party takes voluntary dismissal, no valid order can be entered thereafter except as to collateral matters. Rules Civ.Proc., Rule 41(a)(1, 2), G.S. S 1A-1. | In fact, once a party takes a voluntary dismissal no valid order can be entered thereafter except as to collateral matters. | "Once a party takes a voluntary dismissal, can a valid order be entered thereafter except as to collateral matters?" |
| 8395 | State ex Rel. Richard, v. Cuyahoga Cty. Commrs, 100 Ohio App. 3d 592, 596 (1995) | 3 | Voluntary dismissal is effective upon filing, and no further entry by court is necessary to trigger end of litigation. Rules Civ.Proc., Rule 41(A)(1). | A voluntary dismissal is effective upon filing, and no further entry by the court is necessary to trigger the end of the litigation. Civ.R. 41(A)(1). | "Is voluntary dismissal effective upon filing, and no further entry by court is necessary to trigger the end of litigation?" |
| 8396 | In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) | 3 | Signing of order dismissing case, not filing of notice of nonsuit, determines when trial court's plenary power expires. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | However, the signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | Does the filing of notice of nonsuit determine when a trial court's plenary power expires? |
| 8397 | Sanford v. Dudley, 196 So. 3d 1106, 1110 (Miss. Ct. App. 2016) | 5 | For the trial court to exercise its discretion to permit withdrawal of admission, the party seeking to withdraw an admission must first file a motion requesting that relief. Rules Civ.Proc., Rule 36. | For the trial court to exercise its discretion to permit withdrawal, the party seeking to withdraw an admission must first file a motion requesting that relief. | Should a party who is seeking to withdraw deemed admissions file a proper motion for relief? |
| 8398 | Stroman v. Tautenhahn, 465 S.W.3d 715, 717 (Tex. App. 2015) | 2 | A plaintiff's nonsuit does not affect an opponent's pending claims for affirmative relief, attorney fees, or sanctions. Tex. R. Civ. P. 162. | A plaintiff's nonsuit does not affect an opponent's pending claims for affirmative relief, attorney's fees, or sanctions. | "Does a plaintiff's nonsuit affect an opponent's pending claims for affirmative relief, attorney fees, or sanctions?" |
| 8399 | Hurst v. Capital Cities Media, Inc., 323 Ill. App. 3d 812, 822 (2001) | 18 | A plaintiff is permitted one, and only one, refiling of an action, even though the applicable statute of limitations has not expired. S.H.A. 735 ILCS 5/13-217. | Accordingly, a plaintiff is permitted one, and only one, refiling of an action, even though the applicable statute of limitations has not expired. | "Is a plaintiff permitted one, and only one, refiling of an action, even though the applicable statute of limitations has not expired?" |
| 8400 | Polansky v. Berenji, 393 S.W.3d 362, 367 (Tex. App. 2012) | 4 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Id. | Should a trial court immediately dismiss the suit when notice of nonsuit is filed? |

| 8402 | Renshaw v. U.S. Pipe Foundry Co., 30 N.J. 458, 465 (N.J. 1959) | 1 | The basic purpose of workmen's compensation is to shoulder on industry the expense incident to the hazards of industry, to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense. | It has been frequently and appropriately said that the basic purpose of workmen's compensation is 'to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense.' | What is the basic purpose of workmens compensation? |
|---|---|---|---|---|---|
| 8403 | Lewis v. Horace Mann Ins. Co., 410 F. Supp. 2d 640, 653 (N.D. Ohio 2005) | 14 | Under Ohio law, a voluntary dismissal, otherwise than on the merits, leaves the parties in the same position as if the action had never been commenced. | In addition, under Ohio law, a voluntary dismissal, otherwise than on the merits, leaves the parties in the same position as if the action had never been commenced. | "Does a voluntary dismissal, otherwise than on the merits, leave the parties in the same position as if the action had never been commenced?" |
| 8404 | Perpich v. Department of Defense, 496 U.S. 334, 335 (1990) | 3 | Militia Clauses of the United States Constitution do not constrain powers of Congress to provide for the common defense, raise and support armies, make rules for governance of Armed Forces, and enact necessary and proper laws for such purposes but in fact provide additional grants of power to Congress. U.S.C.A. Const. Art. 1, § 8, cls. 15, 16. | 349, which held that the Militia Clauses do not constrain Congress' Article I, 8, powers to provide for the common defense, raise and support armies, make rules for the governance of the Armed Forces, and enact necessary and proper laws for such purposes, but in fact provide additional grants of power to Congress. Pp. 2427-2428. | Does the Militia Clause suppress the powers of the Congress? |
| 8405 | Ward v. United States, 133 Fed. Cl. 418, 431 (2017) | 15 | Department of Veterans Affairs (VA) lacks the authority to determine whether or not a soldier is fit for duty, a determination that falls exclusively within the purview of the armed forces. | The VA lacks the authority to determine whether or not a soldier is fit for duty, a determination that falls exclusively within the purview of the armed forces. | Does the Department of Veterans Affairs (VA) have the authority to determine whether or not a soldier is fit for duty? |
| 8406 | Doe v. the United States, 132 F.3d 1430, 1434 (Fed. Cir. 1997) | 2 | Men and women in armed forces do not leave constitutional safeguards and judicial protection behind when they enter military service. | That being said, "men and women in the Armed Forces do not leave constitutional safeguards and judicial protection behind when they enter the military service." | Do men and women leave behind constitutional safeguards when they enter military services? |
| 8408 | Kraffert v. Shea Homes, No. D036923, 2002 WL 44262, at *4 (Cal. Ct. App. Jan. 14, 2002), as modified on denial of reh'g (Feb. 5, 2002) | 2 | A dismissal without prejudice is not a final adjudication, because it does not preclude the plaintiff from refiling her claims in another action. | Further, regardless of whether a judgment is entered, a dismissal without prejudice is not a final adjudication because it does not preclude the plaintiff from refiling her claims in another action. | Is a dismissal without prejudice a final adjudication because it does not preclude the plaintiff from refiling the claims in another action? |
| 8409 | Brandt v. Joseph F. Gordon Architect, Inc., 998 P.2d 587, 591, 1999 OK 67 (Okla. 1999) | 2 | Party against whom a summary judgment is sustained can no longer, as a matter of right, dismiss his claim without prejudice; the decision is effectively final for that party and he must appeal to the trial court's discretion. 12 Okl.St.Ann. § 683. | Similar to Hutchison, we find a party against whom a summary judgment is sustained can no longer, as a matter of right, dismiss his claim without prejudice. The decision is effectively final for that party and he must appeal to the trial court's discretion. | "Can a party against whom a summary judgment is sustained no longer, as a matter of right, dismiss his claim without prejudice?" |

| 8414 | Auch v. Andres, 289 Mich. 206, 210 (Mich. 1939) | 4 | Generally, renewal notes given in lieu of others past-due upon which no payment has been made is not "payment" of original notes, even though original notes are surrendered. | The general rule is, that renewal notes given in lieu of others past due, upon which no payment has been amde, is not payment of the original notes, even though the original notes are surrendered. | "Can renewal notes given in lieu of others past due, upon which no payment was made, be treated as payment of the original notes?" |
|---|---|---|---|---|---|
| 8415 | Le v. Kilpatrick, 112 S.W.3d 631, 633 (Tex. App. 2003) | 4 | A trial court's venue determination, and any decision on the merits, such as a summary judgment or partial summary judgment, are not vitiated by a nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | However, Le points out that a trial court's venue determination and any decision on the merits, such as a summary judgment or partial summary judgment, are not vitiated by a nonsuit. | "Are a trial court's venue determination, and any decision on the merits, such as a summary judgment or partial summary judgment, vitiated by a nonsuit?" |
| 8416 | City of Muncie v. Peters, 709 N.E.2d 50, 54–55 (Ind.App.,1999) | 5 | Even if the conditions for withdrawal of admissions are satisfied, the court is not compelled to grant withdrawal; rather, the court may, in its discretion, permit withdrawal. Trial Procedure Rule 36(B). | Further, even if both of these conditions are satisfied, the rule does *55 not compel the trial court to grant a request to withdrawal admissions; rather, the court may, in its discretion, permit withdrawal. | "Even if the conditions for withdrawal of admissions are satisfied, is the court compelled to grant withdrawal?" |
| 8418 | Diversified Commc'ns, Inc. v. Godard, 549 A.2d 362, 363 (Me. 1988) | 3 | On proper motion, trial court can permit withdrawal or amendment of deemed admissions if there is no showing of prejudice to other party. Rules Civ.Proc., Rule 36(b). | Although the District Court could on motion have permitted withdrawal or amendment of the deemed admissions if there were no showing of prejudice to the plaintiff, see Rule 36(b), the defendant made no such motion. | "On proper motion, can a trial court permit withdrawal or amendment of deemed admissions if there is no showing of prejudice to the other party?" |
| 8420 | Lawyers' Ass'n, St. Louis v. City, 294 S.W.2d 676, 682 (Mo. Ct. App. 1956) | 8 | The name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it is not conclusive on court in determining nature or purpose of exaction, though entitled to due weight and consideration; determination of purpose, nature and effect of tax being for court in final analysis, regardless of its apparent legislative designation. | * * *' (Emphasis ours.) We recognize that the name, purpose, designation or character given by the legislative body to a particular tax in the statute or ordinance imposing it is not conclusive upon the Court in determining the nature or purpose of the exaction. Yet it is entitled to due weight and consideration. In the final analysis it is for the Court to determine the purpose, nature and effect of a particular tax, regardless of its apparent legislative designation. | "Is a legislative declaration that a tax shall be of a particular character, conclusive?" |
| 8421 | Mercer v. Rockwell Intern. Corp., 24 F. Supp. 2d 735, 740 (W.D. Ky. 1998) | 6 | Under Kentucky law, three basic elements for negligent trespass are that (1) defendant must have breached its duty of due care, (2) defendant must have caused a thing to enter land of plaintiff and (3) the thing's presence must have caused harm to the land. Restatement (Second) of Torts S 165. | [6] For our purposes, the Restatement requires three basic elements for a negligent trespass: (1) the defendant must have breached its duty of due care (negligence); (2) defendant caused a thing to enter the land of plaintiff and (3) the thing's presence causes harm to the land. The Court has *741 already found Defendant negligent as a matter of law, so the first requirement is met. | What are the elements of negligent trespass? |

| 8423 | Wisconsin v. Ho-Chunk Nation, 564 F. Supp. 2d 856, 862 (W.D. Wis. 2008) | 7 | Fact that a claim may be a separate federal cause of action does not override the parties' agreement to arbitrate the issue. | The fact that such a claim may also be a separate federal cause of action does not override the parties' agreement to arbitrate the issue. | "Whether an arbitration claim, which is a separate federal cause of action, would override the parties agreement to arbitrate the issue?" |
| 8425 | People v. Trowers, 215 Ill. App. 3d 862, 866 (1991) | 3 | Act of offering or promising tender of prohibited commodity or act is sufficient to constitute completed offense of bribery. S.H.A. ch. 38, P 33-1(a). | The act of offering or promising the tender of a prohibited commodity or act is sufficient to constitute the completed offense of bribery. | Is act of offering or promising tender of prohibited commodity or act sufficient to constitute completed offense of bribery? |
| 8426 | In re James B., 109 Cal. App. 4th 862, 869, 135 Cal. Rptr. 2d 457, 461 (2003) | 6 | Automobile burglary statute is to be construed flexibly in light of the legislative objective to make it more serious to break into the interior sections of locked cars than merely stealing from them. West's Ann.Cal.Penal Code § 459. | Therefore, "[w]e must use a liberal and commonsense approach to ascertain if a particular act constitutes a vehicle burglary within the confines of Penal Code section 459. [Citation.] This criminal statute is to be construed flexibly in light of the legislative objective to make it more serious to break into the interior sections of locked cars than merely stealing from them. [Citations.]" (People v. Allen, supra, 86 Cal.App.4th at pp. 915–916, 103 Cal.Rptr.2d 626.) | How is the automobile burglary statute construed? |
| 8428 | Siggelkow v. Siggelkow, 643 P.2d 985, 988 (Alaska 1982) | 3 | Prejudice resulting from a party's lack of diligence in securing an attorney does not afford a basis to obtain continuance. | Prejudice resulting from a party's lack of diligence in securing an attorney does not afford a basis to obtain a continuance. | Does prejudice resulting from a party's lack of diligence in securing an attorney afford a basis to obtain continuance? |
| 8429 | In re Posadas USA, Inc., 100 S.W.3d 254, 258 (Tex. App. 2001) | 12 | When the ground for a continuance is withdrawal of counsel, the movant must show that the lack of counsel is not due to movant's own fault or negligence. | However, when the ground for continuance is the withdrawal of counsel, the movants must show that the failure to be represented at trial was not due to their own fault or negligence. | "When the ground for a continuance is withdrawal of counsel, must the movant show that the lack of counsel is not due to movant's own fault or negligence?" |
| 8430 | Withrow v. Withrow, 278 Ga. 525, 525, 603 S.E.2d 276, 277–78 (2004) | 3 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Moreover, "[t]he absence of a [party's] counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. [Cit.]" Davis v. Barnes, 158 Ga.App. 89, 90, 279 S.E.2d 330 (1981). | "Is the absence of a party's counsel, without leave, to attend proceedings in other courts no ground for continuance or postponement?" |
| 8432 | Ordonez v. Solorio, 480 S.W.3d 56, 62 (Tex. App. 2015) | 6 | Service on an attorney before that attorney becomes the party's attorney of record is not valid service, and a request for admissions so served is neither properly served nor deemed admitted. Tex. R. Civ. P. 21a, 198.1, 198.2(c). | Service on an attorney before that attorney becomes the party's attorney of record is not valid service under Rule 21a, and a request for admissions so served is neither properly served under Rule 198.1 nor deemed admitted under Rule 198.2(c). | Is service on an attorney before that attorney becomes the party's attorney of record not valid service? |

| 8433 | Shankle v. Shankle, 289 N.C. 473, 484-85 (1976) | 4 | General rule is that attorney's withdrawal on eve of trial of civil case is not ipso facto grounds for continuance. Rules of Civil Procedure, rule 40(b), G.S. S 1A-1. | In this regard, the general rule is that an attorney's withdrawal on the eve of the trial of a civil case is not Ipso facto grounds for a continuance. See Annot.; ' *485 Withdrawal or discharge of counsel in civil case as a ground for continuance,' 48 A.L.R.2d 1155 (1956); 17 C.J.S. | Is an attorney's withdrawal on the eve of trial of civil case not ipso facto grounds for continuance? |
| 8435 | Tavakolian v. Agio Corp., 304 Ga. App. 660, 666 (2010) | 16 | A party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. | To be sure, "a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests." | Does a party's failure to timely respond to requests for admission conclusively establish as a matter of law each of the matters addressed in the requests? |
| 8436 | East Haven Builders Supply, Inc. v. Fanton, 80 Conn. App. 734, 744 (Conn. App. Ct. 2004) | 4 | A failure to respond timely to a request for admissions means that the matters sought to be answered were conclusively admitted. Practice Book 1998, S 13-22 et seq. | Similarly, a failure to respond timely to a request for admissions "means that the matters sought to be answered were conclusively admitted." | Does a failure to respond timely to a request for admissions mean that the matters sought to be answered were conclusively admitted? |
| 8438 | Dolgencorp of Texas, Inc. v. Lerma, 241 S.W.3d 584, 592 (Tex. App. 2007), review granted, judgment rev'd, 288 S.W.3d 922 (Tex. 2009) | 7 | Although absence of counsel is generally not good cause for a continuance, the court has discretion to allow a continuance if good cause is shown. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | Generally, absence of counsel is not good cause for a continuance. TEX.R. CIV. P. 253; Rehabilitation Facility v. Cooper, 962 S.W.2d 151, 155–56 (Tex.App.-Austin 1998, no pet). The court does, however, have discretion to allow a continuance if good cause is shown. | "Although absence of counsel is generally not good cause for a continuance, does the court have discretion to allow a continuance if good cause is shown?" |
| 8439 | Smith v. Home Indem. Co., 683 S.W.2d 559, 562 (Tex. App. 1985) | 2 | If a party fails to respond to a request for admissions, he will be precluded from offering summary judgment proof contradictory to them. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Where a party fails to respond to a request for admissions, "he will be precluded from offering summary judgment proof contradictory to" those admissions." Henke, 658 S.W.2d at 347. | "Where a party fails to respond to a request for admissions, will he be precluded from offering summary judgment proof contradictory to those admissions?" |
| 8442 | People v. Salemme, 2 Cal. App. 4th 775, 781, 3 Cal. Rptr. 2d 398, 402 (1992) | 2 | Person who enters a structure enumerated in burglary statute with intent to commit a felony therein is guilty of burglary, unless he has unconditional possessory right to enter as occupant of that structure, or unless he is invited in by occupant, who knows of and endorses his felonious intent. West's Ann.Cal.Penal Code §§ 459, 460. | We learn from these cases that, since burglary is a breach of the occupant's possessory rights, a person who enters a structure enumerated in section 459 with the intent to commit a felony is guilty of burglary except when he or she (1) has an unconditional possessory right to enter as the occupant of that structure or (2) is invited in by the occupant who knows of and endorses the felonious intent. | Does entry into a structure with intent to commit any felony constitute burglary? |

| 8444 | In re D.E.G., 228 N.C. App. 381, 386 (2013) | 8 | Where attorney has given his client no prior notice of intent to withdraw as counsel, trial judge has no discretion and must grant party affected reasonable continuance or deny attorney's motion for withdrawal. | However, "[w]here an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion" and "must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal." | Does the withdrawal of an attorney not give the client an absolute right to a continuance? |
| 8445 | Richey v. Richey, 704 So. 2d 343, 345 (La. Ct. App. 1997) | 1 | Often, when litigant's lawyer withdraws at or near trial, that litigant may be entitled to continuance to employ another attorney. LSA-C.C.P. art. 1601. | Often, when a litigant's lawyer withdraws at or near trial, that litigant may be entitled to a continuance to employ another attorney. | "When litigant's lawyer withdraws at or near trial, is that litigant entitled to continuance to employ another attorney?" |
| 8447 | Bryant v. Kimmons, 430 S.W.2d 73, 76 (Tex. Civ. App. 1968) | 5 | Requests for admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, are not evidence against other defendants in same case. | The rule is firmly established that admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, are not evidence against other defendants in the same case. | "Are admissions directed to one defendant, whether answered, or admitted by reason of failure to answer, evidence against other defendants in the same case?" |
| 8452 | Roob v. Von Beregshasy, 866 S.W.2d 765, 766 (Tex. App. 1993) | 2 | Trial court has no discretion to reject uncontroverted facts set out by party in a sworn motion for continuance. | The trial court has no discretion to reject uncontroverted facts set out by a party in a sworn motion for continuance. | Does a trial court have no discretion to reject uncontroverted facts set out by a party in a sworn motion for continuance? |
| 8453 | Thongchoom v. Graco, 117 Wn. App. 299, 117 Wash. App. 299, 308, 71 P.3d 214 (Wash. Ct. App. 2003) | 21 | A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery. CR 56(f). | "A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery." | Is continuance justified if a party fails to support request with explanation of evidence to be obtained through additional discovery? |
| 8454 | Southland Amusements v. Rourk, 143 N.C. App. 88, 93 (2001) | 2 | Litigants are required to respond to pleadings, interrogatories, and requests for admission with timely, good faith answers. | "Litigants in this state are required to respond to pleadings, interrogatories and requests for admission with timely, good faith answers." | "Are litigants required to respond to pleadings, interrogatories, and requests for admission with timely, good faith answers?" |
| 8455 | Hotel Co. v. L.M. Buick Co., 104 Ohio App. 69, 69, 146 N.E.2d 879 (Ohio Ct. App. 1957) | 2 | The eight days permitted by statute for continuance of action is merely the maximum period of continuance which may be allowed without bond, and within that period, length of continuance is within discretion of trial court. R.C. S 1923.08. | The eight days permitted by Section 1923.08, Revised Code, for a continuance of an action is merely the maximum period of a continuance which may be allowed without bond, and, within that period, the length of continuance is within the discretion of the trial court. | What is the maximum period of continuance that can be allowed without bond? |

| 8459 | People v. Northbrook Sports Club, 53 Ill. App. 3d 331, 334 (1977) | 5 | Allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects of substance in pleadings; thus conclusory allegation does not impair informational function or sufficiency of pleading. S.H.A. ch. 110, SS 1-94, 33(1, 3), 42(2). | But since "allegations of legal conclusions and allegations of evidence constitute merely formal defects and not defects **667 ***116 of substance" (Browning v. Heritage Insurance Co. (1975), 33 Ill.App.3d 943, 947, 338 N.E.2d 912, 915), a conclusory *335 allegation does not impair the informational function or sufficiency of the pleading. | Are allegations of legal conclusions and allegations of evidence merely formal defects? |
| 8461 | Miller v. Ritchie, 45 Ohio St. 3d 222, 224 (Ohio 1989) | 1 | Trial court is not obligated sua sponte to ascertain whether party needs more time to prepare for trial. | A trial court is not obligated to sua sponte ascertain whether a party needs more time to prepare for trial. | Is a trial court obligated sua sponte to ascertain whether a party needs more time to prepare for trial? |
| 8462 | Hatton v. Chem-Haulers, 393 So. 2d 950, 952 (Ala. 1980) | 1 | Whether failure to respond admits matter contained in request for admissions is discretionary with trial court. Rules of Civil Procedure, Rule 36(a, b). | * * * Whether the failure to respond admits the matter contained in the request for admissions is discretionary with the trial court. | Is the question of whether failure to respond admits matter contained in request for admissions discretionary with a trial court? |
| 8466 | Breaux v. Laird, 230 La. 221, 232 (La. 1956) | 2 | Amendments to pleading should be permitted where they tend to further justice, cause no injury, and are without prejudice to the right of the other party, and, if the other party pleads surprise, he may obtain time to prepare adequate defense. | It is well settled in our jurisprudence that amendments to pleadings should be permitted where they tend to further justice, cause no injury and are without prejudice to the right of the other party. Should the other party plead suprise, he may obtain time to prepare adequate defense. | "Should amendments to pleading be permitted where they tend to further justice, cause no injury, and are without prejudice to the right of the other party?" |
| 8467 | Slattery v Parsons, 17 N.Y.S.2d 6, 10 (Sup Ct, Jan. 25, 1940) | 4 | Fact that information sought by examination of adverse party before trial may be obtained from other sources does not deprive the applicant of his right to the examination. Civil Practice Act, S 288. | The fact that the information may be obtained from other sources does not deprive the applicant of his right to examine the adverse party concerning such matters. | Does the fact that the information may be obtained from other sources deprive the applicant of his right to examine the adverse party concerning such matters? |
| 8468 | Slatten v. City of Chicago, 12 Ill. App. 3d 808, 811 (1973) | 1 | Supreme Court Rules authorize both evidence and discovery depositions and do not set a time within which discovery must be completed. Supreme Court Rules, rule 201, S.H.A. ch. 110A, S 201. | Clearly the Supreme Court rules authorize both evidence and discovery depositions, and do not set a time within which discovery must be completed. | Does any rules authorize both evidence and discovery depositions without setting a time within which discovery must be completed? |
| 8470 | Green v. Spriggs, 930 So. 2d 1052, 1055 (La. App. 2006) | 1 | Law gives court wide discretion to provide for implementation of a pretrial order and to insure that the items of the pretrial order are enforced. LSA-C.C.P. art. 1551. | La. C.C.P. art. 1551 gives a court wide discretion to provide for implementation of a pretrial order and to insure that the items of the pretrial order are enforced. | Does law give courts wide discretion to provide for implementation of a pretrial order? |
| 8472 | Whitehawk v. Clark, 238 Mont. 14, 19, 776 P.2d 484, 487 (1989) | 4 | Purpose of pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on basis of pretrial order. | The purpose of the pretrial order is to prevent surprise, simplify issues and permit counsel to prepare for trial on the basis of the pretrial order. | "Are the purposes of the pretrial order to prevent surprise, simplify the issues, and permit the parties to prepare for trial?" |

| 8476 | Bank Leumi Trust Co. v. Bally's Park Place, Inc., 528 F. Supp. 349, 354 (S.D.N.Y. 1981) | 3 | Under New York law, although death of maker of check or note does not terminate his liability, it does revoke authority of payee to collect from drawee-bank and relegates payee to status of general creditor of estate of the deceased. McKinney's N.Y. Uniform Commercial Code S 4-405(1). | Furthermore, although the death of the maker of a check or note does not terminate his liability, it does revoke the authority of payee to collect from the drawee-bank and relegates the payee to the status of a general creditor of the estate of the deceased. | When does the holder or payee acquire the status of a general creditor? |
| 8478 | County et al. v. Moody, 116 Tex. 299, 289, 300, S.W. 381 (Tex. 1926) | 9 | Legislature has full discretion to adopt method of taxing all properties in county at assessed values for cost of highway to be improved within it. | is decisive of the proposition that the Legislature has full discretion to adopt the method of taxing all properties in a county at assessed values for the cost of a highway to be improved within the county. | Can the legislature tax the properties in a county for the cost of a highway to be improved within the county? |
| 8479 | Ayr-Way Stores, Inc. et al. v. Chitwood, 261 Ind. 86, 91, 300 N.E.2d 335 (Ind. 1973) | 3 | It is when a party objects to evidence because it is outside the issues raised by pleadings that question of utility of a continuance arises. | It is when a party objects to evidence because it is outside the issues raised by the pleadings that the question of utility of a continuance arises. | Is it when a party objects to evidence because it is outside the issues raised by pleadings that a question of utility of a continuance arises? |
| 8480 | Shankle v. Shankle, 289 N.C. 473, 474 (1976) | 3 | Before ruling on motion to continue, judge should hear evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice. Rules of Civil Procedure, rule 40(b), G.S. S 1A-1. | Further, before ruling on a motion to continue the judge should hear the evidence pro and con, consider it judicially and then rule with a view to promoting substantial justice. | Should a judge hear the evidence pro and con before ruling on a motion to continue? |
| 8481 | Stroup v. Career Academy of Dental Technology, 38 Wis. 2d 284, 289 (1968) | 6 | Discovery examination of a party, whether in aid of pleading or otherwise, is an assumption and exercise of personal jurisdiction over the party. | However, discovery examination of a party, whether in aid of pleading or otherwise, is an assumption and exercise of personal jurisdiction over the party. | "Is discovery examination of a party, whether in aid of pleading or otherwise, an assumption and exercise of personal jurisdiction over the party?" |
| 8482 | Lawson v. Kurtzhals, 792 N.W.2d 251, 259 (Iowa 2010) | 15 | A party defending a claim is clearly entitled upon appropriate pretrial request to be informed of the amount of the claim; this includes discovery of amounts claimed for separate elements of damages. | "A party defending a claim is clearly entitled upon appropriate pretrial request to be informed of the amount of the claim." Gordon v. Noel, 356 N.W.2d 559, 564 (Iowa 1984). This *260 includes discovery of amounts claimed for separate elements of damages. | Is a party defending a claim clearly entitled upon appropriate pretrial request to be informed of the amount of the claim? |
| 8483 | Brown v. Daisy Mfg. Co., 129 A.D.2d 995, 996, 514 N.Y.S.2d 300, 301 (1987) | 2 | Discovery of similar subsequent accidents was permissible where such proof could be admissible at trial to establish existence of a defect. | Discovery of similar subsequent accidents is permissible because such proof may be admissible at trial to establish the existence of a defect (Carnibucci v. Marlin Firearms Co., 51 A.D.2d 1067, 380 N.Y.S.2d 807) | Is the discovery of a similar subsequent accident permissible as such proof may be admissible at trial to establish the existence of a defect? |

| 8484 | Maliades v. Maliades, 31 Misc. 2d 944, 945, 221 N.Y.S.2d 709, 710 (Sup. Ct. 1961) | 2 | A plaintiff is entitled to examine defendant concerning allegations in complaint which plaintiff must prove and which are controverted by a general denial and fact that plaintiff may have knowledge of such facts is no reason to refuse examination. | The plaintiff is entitled to examine the defendant concerning allegations in the complaint which she must prove and which are controverted by a general denial. (Pierce v. Morris, 192 App.Div. 502, 505, 182 N.Y.S. 132, 135; see also Israelson v. Gersing, 234 App.Div. 706, 251 N.Y.S. 969; Royce v. Ziegfeld, 224 App.Div. 651, 229 N.Y.S. 22.) The fact that plaintiff may have knowledge of these facts is no reason to refuse such an examination. | Is a party entitled to examine the other party concerning allegations in the complaint or answer which the party must prove and which are controverted by a general denial? |
| 8485 | Arcata Graphics v. Heidelberg Harris, 874 S.W.2d 15, 22 (Tenn. Ct. App. 1994) | 5 | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | When the trial court grants a motion to amend, the opposing party must request a continuance if it believes it has been prejudiced. Allstate Ins. Co. v. Fox, 1990 WL 8058 at *12 (Tenn.App. 6 Feb. 1990). If a continuance is not requested, the party against whom the amendment was granted may not complain on appeal. | "If a continuance is not requested, can the party against whom the amendment was granted later complain on appeal?" |
| 8486 | Bielawski v. Edgewater Recreation, Inc., 177 A.D.2d 1060, 1060, 578 N.Y.S.2d 301, 302 (1991) | 3 | Defendant should be afforded opportunity to conduct discovery with respect to allegations raised by amendment to bills of particulars. | Defendants, however, should be afforded the opportunity to conduct discovery with respect to the allegations raised by the amendment to the bills of particulars (see, Risucci v. Homayoon, 122 A.D.2d 260, 505 N.Y.S.2d 176; Bernas v. Kepner, 36 A.D.2d 58, 319 N.Y.S.2d 283; Maasch v. Edward Corning Co., 29 A.D.2d 774, 287 N.Y.S.2d 116; De Veaux v. Wide World Photos, 20 A.D.2d 787, 248 N.Y.S.2d 166) | Should a defendant be afforded an opportunity to conduct discovery with respect to the allegations raised by an amendment to the bills of particulars? |
| 8490 | Grp. Health Plan v. BJC Health Sys., 30 S.W.3d 198, 203 (Mo. App. 2000) | 16 | All information relating to arbitration is regarded as part of settlement negotiations and is not discoverable unless it is "otherwise discoverable or obtainable." V.A.M.S. S 435.014, subd. 2. | Under Missouri law, then, all information relating to the Unity Arbitration is regarded as part of settlement negotiations and is not discoverable unless it is "otherwise discoverable or obtainable." | "Is all information relating to arbitration regarded as part of settlement negotiations and is not discoverable unless it is ""otherwise discoverable or obtainable""?" |
| 8493 | Joyner v. State, 267 Ga. App. 309, 310 (2004) | 2 | The requisite intent necessary for commission of burglary need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises; moreover, intent may be inferred from, and usually of necessity must be proved by, circumstantial evidence. West's Ga.Code Ann. S 16-7-1(a). | The requisite intent necessary for commission of burglary, pursuant to OCGA 16-7-1(a), need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises. Moreover, intent may be inferred from, and usually of necessity must be proved by, circumstantial evidence. | Does intent for burglary need to be formed at the precise moment of entry? |

| 8495 | Long v. Magnolia Petroleum Co., 166 Neb. 410, 417–18 (1958) | 5 | The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at trial. Rules of Supreme Court, Pre-Trial Procedure Rule 2. | The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at the trial. | Is one of the purpose of pretrial conference is to avoid unnecessary proof of facts at the trial? |
| 8497 | Sutherland v. Shoemaker, 6 Neb. App. 157, 160 (1997) | 2 | Plaintiff may dismiss his action without prejudice as matter of right at any time before final submission; it is a statutory right and not a matter of judicial grace or discretion. Neb.Rev.St. S 25-601. | Additionally, "[i]t is well settled in Nebraska that a plaintiff may dismiss his action without prejudice as a matter of right at any time before final submission. It is a statutory right and not a matter of judicial grace or discretion." Koll v. | Is the right of a plaintiff to voluntary dismissal ia matter of judicial grace or discretion? |
| 8498 | McDonough v. Widnall, 891 F. Supp. 1439, 1446 (D. Colo. 1995) | 12 | It is matter of discretion within province of President as Commander in Chief to grant commissions to military officers. | It is "a matter of discretion within the province of the President as Commander in Chief" to grant commissions to military officers. | Is it a matter of discretion within province of President as Commander in Chief to grant commissions to military officers? |
| 8500 | Ex Parte Puccio, 923 So. 2d 1069, 1077 (Ala. 2005) | 16 | Even though a defendant timely files a motion to dismiss, a plaintiff may be entitled to discovery solely on the issue of personal jurisdiction raised in the motion to dismiss. | However, even though a defendant timely files a motion to dismiss, a plaintiff may be entitled to discovery solely on the issue of personal jurisdiction raised in the motion to dismiss. | Can a plaintiff be entitled to discovery on the issue of personal jurisdiction? |
| 8502 | Amer. Surety Co. v. Bethlehem Bank, 314 U.S. 314, 317 (1941) | 5 | A surety is a special kind of "secured creditor" since its claim against the principal is secured by its right of subrogation to the remedies of the creditor which it has been compelled to pay. | The surety is a special kind of secured creditor. For its claim against the principal is secured by its right of subrogation to the remedies of the creditor which it has been compelled to pay. | Is a suretys claim against the principal secured by its right of subrogation to the remedies of the creditor which it has been compelled to pay? |
| 8503 | Rotert v. Faulkner, 660 S.W.2d 463, 468 (Mo. Ct. App. 1983) | 2 | Instruments that are not negotiable may, like negotiable instruments, be transferred by assignment, but the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment. V.A.M.S. S 400.3-202(3). | Instruments that are not negotiable, such as the note here, may, like negotiable instruments, be transferred by assignment. Kaw Valley State Bank & Trust v. Commercial Bank of Liberty, 567 S.W.2d 710 (Mo.App.1978). The assignee of a note that is not negotiable, however, takes it subject to all defenses the maker may have against the note prior to notice of the assignment. | Can the assignee of note that is not negotiable takes it subject to all defenses the maker may have against note prior to notice of assignment? |
| 8505 | People ex Rel. Schmulbach v. L. N.R.R, 404 Ill. 381, 385 (1949) | 1 | The power of the Commissioner of Highways to impose a tax is limited, must be strictly construed and must be exercised in accordance with those provisions of statute designed for protection of taxpayer. S.H.A. ch. 121, SS 62, 62a, 62b, 62c. | The power of the commissioner of highways to impose a tax is limited, must be strictly construed, and must be exercised in accordance with those provisions of the statute designed for the protection of the taxpayer. | Is the power of the Commissioner of Highways to impose a tax limited? |
| 8507 | In re Lipsky, 460 S.W.3d 579, 590, 58 Tex. Sup. Ct. J. 707 (Tex. 2015) | 13 | Under notice pleading, a plaintiff is not required to set out in his pleadings the evidence upon which he relies to establish his asserted cause of action. Tex. R. Civ. P. 45, 47. | Moreover, under notice pleading, a plaintiff is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." | Should the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action? |

| | | | | | |
|---|---|---|---|---|---|
| 8508 | Bowen v. Robinson, 227 S.W.3d 86, 91 (Tex. App. 2006) | 4 | The fair notice requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. | The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. | Does the fair notice pleading relieves the pleading evidentiary matters with meticulous particularity? |
| 8512 | Accelerated Christian Educ v. Oracle, 925 S.W.2d 66, 70 (Tex. App. 1996) | 5 | Motion to dismiss is proper mechanism to enforce forum selection clause that selects another state as proper forum for litigation. | We conclude that a motion to dismiss is a proper mechanism to enforce a forum selection clause that selects another state as the proper forum for litigation. | Is a motion to dismiss the proper procedural mechanism for enforcing a forum selection clause that selects another state as proper forum for litigation? |
| 8514 | Feigenbaum v. Guaracini, 402 N.J. Super. 7, 20 (App. Div. 2008) | 15 | The doctrine of equitable subrogation should not be imposed where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application. | The doctrine of equitable subrogation should not be imposed " 'where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application.' | Is subrogation or equitable subrogation applicable where its enforcement would be inconsistent with the terms of a contract? |
| 8515 | 2nd Roc-Jersey Associates v. Town of Morristown, 158 N.J. 581, 592 (N.J. 1999) | 4 | Traditionally, differences between assessment and tax include: assessment supports local improvements, while tax finances general operations; assessment is one-time charge, while tax is annual; and assessment requires that benefit be direct, while tax requires no such direct benefit. | Traditionally, the differences between an assessment and a tax include: an assessment supports local improvements, while a tax finances general operations; an assessment is a one-time charge, while a tax is annual; and an assessment requires that the benefit be direct, while a tax requires no such direct benefit. | "Does assessment require that the benefit be direct, while a tax requires no such direct benefit?" |
| 8518 | Commonwealth v. Hayes, 311 Mass. 21, 27, 40 N.E.2d 27 (Mass. 1942) | 11 | A gift or gratuity will not support an indictment for soliciting or accepting a bribe unless the thing accepted or requested was something of value to the person seeking or obtaining it. G.L.(Ter.Ed.) c. 268, S 8 (M.G.L.A.). | A gift or gratuity will not support an indictment for soliciting or accepting a bribe unless the thing requested or accepted was something of value to the person seeking or obtaining it. | Under what condition will a gift or gratuity support an indictment for soliciting or accepting a bribe? |
| 8519 | People v. Vollmann, 73 Cal. App. 2d 769, 786, 167 P.2d 545, 554–55 (1946) | 9 | The offer or solicitation of a bribe need not be stated in express language as such, it being sufficient that words used carry import of bribe and were evidently intended to bear that meaning. Pen.Code, § 68. | 'The offer or solicitation of a bribe need not be stated in express language as such; it is sufficient that the words used carried the import of a bribe and were evidently intended to bear that meaning. * * *' 11 C.J.S., Bribery, § 2, p. 843. | Should offer or solicitation of a bribe be stated in express language? |
| 8522 | Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs, 255 F. Supp. 3d 101, 152 (D.D.C. 2017) | 59 | The Mineral Leasing Act (MLA) was enacted by Congress to promote wise development of the nation's natural resources and to obtain for the public a reasonable financial return on assets that belong to the public. 30 U.S.C.A. S 185. | The Mineral Leasing Act was enacted by Congress in 1920 "to promote wise development of [the nation's] natural resources and to obtain for the public a reasonable financial return on assets that 'belong' to the public." | What was the Mineral Leasing Act intending to promote? |
| 8525 | Graco Robotics v. Oaklawn Bank, 914 S.W.2d 633, 642 (Tex. App. 1995) | 22 | Requested admissions are deemed admitted unless, within 30 days after service of request, party to whom request is directed serves written answer or objection. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | Requested admissions are deemed admitted unless, within thirty days after service of the request, the party to whom the request is directed serves a written answer or objection. TEX.R.CIV.P. 169(1). | Are requests for admission neither answered nor objected within 30 days deemed admitted? |

| 8527 | Thomas v. Beckley Music Elec. Co., 146 W. Va. 764, 770 (1961) | 3 | Rule governing continuances applies to motions to postpone to later date but courts will sometimes more readily exercise their discretion to postpone than to continue case for term. | The rule governing continuances applies to motions to postpone to a later day, but courts will sometimes more readily exercise their discretion to postpone than to continue the case for the term.' | Can courts sometimes exercise their discretion to postpone than to continue the case for the term? |
| 8528 | Al Parker Buick Co. v. Touchy, 788 S.W.2d 129, 131 (Tex. App. 1990) | 2 | Information regarding net worth is discoverable in cases in which punitive or exemplary damages may be awarded. | Information regarding net worth is discoverable "in cases in which punitive or exemplary damages may be awarded." | Is information regarding net worth discoverable in cases in which punitive or exemplary damages may be awarded? |
| 8531 | Surplus Co. v. Pleasants, Sheriff, 264 N.C. 650, 654 (1965) | 6 | Counties are instrumentalities and agencies of state government and are subject to its legislative control, and possess only such powers and delegated authority as General Assembly may deem fit to confer upon them. | Counties are instrumentalities and agencies of the State government and are subject to its legislative control; they possess only such powers and delegated authority as the General Assembly may deem fit to confer upon them. | To what extent does the state's possession of inherent power to tax be exercised? |
| 8532 | Hoechst Celanese Corp. v. Franchise Tax Bd., 25 Cal. 4th 508, 538, 22 P.3d 324, 344 (2001) | 26 | The state's power to tax an individual's or corporation's activities is justified by the protection, opportunities, and benefits the state confers on those activities. | In limiting a state's taxing power, courts "are guided by the basic principle that the State's power to tax an individual's or corporation's activities is justified by the 'protection, opportunities and benefits' the State confers on those activities." (Allied–Signal, supra, 504 U.S. at p. 778, 112 S.Ct. 2251, quoting Wisconsin v. J.C. Penney Co. (1940) 311 U.S. 435, 444, 61 S.Ct. 246, 85 L.Ed. 267.) | "Is the state's power to tax an individual's or corporation's activities justified by the protection, opportunities, and benefits the state confers on those activities?" |
| 8533 | Bullock v. Marathon Oil Co., 798 S.W.2d 353, 359 (Tex. App. 1990) | 8 | Legislature's selection of subjects for taxation is to be presumed to rest on rational basis if any facts would support that basis. | The legislature's selection of the subjects of taxation is presumed to rest on a rational basis if any facts would support that basis. | Does the legislatures selection of subjects for taxation presumed to rest on rational basis if any facts would support that basis? |
| 8534 | Lang v. Nissan North America, Inc., 170 S.W.3d 564, 572 (Tenn. 2005) | 22 | Workers' compensation law constitutes a complete substitute for previous remedies in tort on the part of an employee. | In order to preserve this balance, workers' compensation law "constitutes a complete substitute for previous remedies in tort on the part of an employee." | Does the workers compensation law constitute a complete substitute for previous remedies in tort on the part of an employee? |
| 8535 | McDowell v. Jackson Energy RECC, 84 S.W.3d 71, 75 (Ky. 2002) | 7 | Workers' compensation is a creature of statute, and when an employer and employee submit themselves to the provisions of the Workers' Compensation Act, their rights and liabilities are henceforth to be measured by the terms of the Act. KRS 342.0011 et seq. | Eastern Coal Corp., Ky., 952 S.W.2d 696 (1997), "[w]orkers' compensation is a creature of statute," and "[w]hen an employer and employee submit themselves to the provisions of the act, their rights and liabilities are henceforth to be measured by the terms of the act. | Is workers compensation a creature of statute and when an employer and employee submit themselves to the provisions of the Act? |

| 8536 | Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 103 (D.C. Cir. 1986) | 3 | Where Congress has created arbitration scheme as administrative method for enforcing statutory right, there is strong presumption that it is exclusive. | Thus, where Congress has created an arbitration scheme as the administrative method for enforcing a statutory right, there is a strong presumption that it is exclusive. | Is there a strong presumption of exclusivity when Congress creates an arbitration scheme for enforcing a statutory right? |
|---|---|---|---|---|---|
| 8537 | Belke v. Merrill Lynch, Pierce, Fenner, 693 F.2d 1023, 1026 (11th Cir. 1982) | 4 | When arbitrable and nonarbitrable claims are inextricably intertwined, the district court should deny arbitration as to the arbitrable claims in order to protect the jurisdiction of federal court and avoid any possible preclusive effect. | When arbitrable and nonarbitrable claims are "inextricably intertwined," the rule in this circuit is that the district court should deny arbitration as to the arbitrable claims in order to protect the jurisdiction of the federal court and avoid any possible preclusive effect. | Do courts deny arbitration when arbitrable and non arbitrable claims are inextricably intertwined? |
| 8538 | Danieli C. Officine Meccaniche S.P.A. v. Morgan Const. Co., 190 F. Supp. 2d 148, 155 (D. Mass. 2002) | 7 | Principle underlying authority of a district court to preserve status quo pending arbitration is moving party's right to retain its remedies during such proceedings. | The principle underlying the authority of a district court to preserve the status quo pending arbitration is the moving party's right to retain its remedies during such proceedings. | Do courts have jurisdiction to preserve the status quo of a pending arbitration dispute? |
| 8539 | United States v. Kincaid-Chauncey, 556 F.3d 923, 939 (Court of Appeals, 9th Circuit 2009) | 14 | Honest services fraud occurs when an employee deprives his employer of its right to have its affairs conducted free from deceit, fraud, dishonesty, conflict of interest, and self-enrichment, and consistent with the employee's fiduciary duties to the employer. 18 U.S.C.A. S 1343. | Honest services fraud occurs when an employee deprives his employer of its right to have its affairs conducted "free from deceit, fraud, dishonesty, conflict of interest, and self-enrichment," and consistent with the employee's fiduciary duties to the employer. | What is honest services fraud? |
| 8540 | United States v. Robinson, 663 F.3d 265, 275 (Court of Appeals, 7th Circuit 2011) | 5 | Language of business or transaction clause in federal-funds bribery statute is broad enough to include bribes offered to influence intangible business or transactions of federally funded organization, such as law-enforcement "business" of police department that receives federal funds. 18 U.S.C.A. S 666(a). | We agree with our sister circuits that the language of the business or transaction clause in 666(a) is broad enough to include bribes offered to influence the intangible business or transactions of a federally funded organization, such as the law-enforcement "business" of a police department that receives federal funds. | Does bribery include items that are intangible? |
| 8543 | Colorado Interstate Gas Co. v. Sears, 362 S.W.2d 396, 399 (Tex. Civ. App. 1962) | 2 | Owners and lessees of small tracts are entitled to oil and gas well on their tracts as matter of law where there is no other way to give them fair chance to recover oil and gas under their land. | This means that the owners and lessees of some small tracts are entitled to a well on their tracts as a matter of law because *400 there is no other way to give them a fair chance to recover the oil and gas under their land. | are the owners and lessees of some small tracts entitled to a well on their tracts? |

| 8545 | Union Producing Co. v. Pittman, 245 Miss. 427, 427, 146 So. 2d 553 (Miss. 1962) | 2 | In absence of further rights expressly conveyed or reserved, rights of owners of minerals are limited to so much of surface and such use thereof as is reasonably necessary to properly mine and carry away minerals; these rights are also subject to limitations that mineral owner does not use surface in such a way as necessarily to destroy or injure it; the right to remove minerals by usual or customary method of mining exists, even though surface of ground may be wholly destroyed as result thereof. | We therefore recognize that in the absence of further rights expressly conveyed or reserved, the rights of owners of minerals are limited to so much of the surface and such use thereof as is reasonably necessary to properly mine and carry away the minerals. These rights are also subject to the limitations that the mineral owner does not use the surface in such a way as unnecessarily to destroy or injure it. The right to remove minerals by the usual or customary method of mining exists, even though the surface of the ground may be wholly destroyed as a result thereof. | What are mineral estate owners rights limited to? |
|---|---|---|---|---|---|
| 8546 | Gilberton Contracting Company v. Hook, 255 F. Supp. 687, 693 (E.D. Pa. 1966) | 1 | Under Pennsylvania law, culm or refuse severed from its original place is personal property which may be abandoned when deposited on land of another with intention of abandoning it. | The well established law of Pennsylvania is that culm or refuse severed from its original place is personal property, which may be abandoned when deposited on the land of another with the intention of abandoning it. | Is culm or refuse severed from its original place personal property? |
| 8547 | BP America Production Co. v. Marshall, 342 S.W.3d 59, 69 (Tex. 2011) | 13 | A mineral estate, even when severed from the surface estate, may be adversely possessed under the various statutes of limitations, so long as the statutory requirements are met. V.T.C.A., Civil Practice & Remedies Code S 16.021(1). | "A mineral estate, even when severed from the surface estate, may be adversely possessed under the various statutes of limitations," so long as the statutory requirements are met. | "Can a mineral estate, even when severed from the surface estate, be adversely possessed?" |
| 8548 | Buxbom v. Smith, 23 Cal. 2d 535, 542, 145 P.2d 305, 308 (1944) | 4 | In the construction of a pleading for purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties. Code Civ.Proc. §§ 452, 475, 580; Const. art. 6, § 4 1/2. | Since the enactment of section 452 of the Code of Civil Procedure in 1872, it has been generally recognized that in the construction of a pleading for the purpose of determining its effect. 'its allegations must be liberally construed, with a view to substantial justice between the parties.' | Should allegations in a pleading be liberally construed for the purpose of determining its effect? |
| 8549 | Rabkin v. Philip A. Hunt Chemical Corp., 498 A.2d 1099, 1104 (Del. 1985) | 1 | Complaint need only to give general notice of claim asserted and will not be dismissed unless it is clearly without merit, either as matter of law or as fact. | A complaint need only give general notice of the claim asserted and will not be dismissed unless it is clearly without merit, either as a matter of law or fact. | Must the complaint only give a general notice of the claim asserted? |
| 8552 | First Horizon Merchant Serv. v. Wellspring, 166 P.3d 166, 179 (Colo. App. 2007) | 37 | The regulation of pretrial discovery on the issue of personal jurisdiction, including the denial of discovery, is within the trial court's discretion. | "[T]he regulation of pretrial discovery on the issue of personal jurisdiction, including the denial of discovery, is within the trial court's discretion …." | Is the regulation of pretrial discovery on the issue of personal jurisdiction within the trial court's discretion? |

| 8554 | McGrath v. VRA I Ltd. Partnership, 244 S.W.3d 220, 224 (Mo. Ct. App. 2008) | 1 | A motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the circuit court lacks subject matter jurisdiction. | Standard of Review [1] [2] A motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the circuit court lacks subject matter jurisdiction. | Should a motion to dismiss be granted where it appears that the circuit court lacks subject matter jurisdiction? |
|---|---|---|---|---|---|
| 8555 | Voltz v. Dyess, 148 So. 3d 425, 428 (Ala. 2014) | 6 | A trial court is required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected. Rules Civ.Proc., Rule 4(b). | We hold, therefore, that a trial court is required to give plaintiffs at least 14 days' notice before dismissing an action against a defendant on whom service was not effected. See Rule 4(b), Ala. R. Civ. P.; Moffett, 909 So.2d at 826 | Is a trial court required to give plaintiffs at least 14 days' notice before dismissing an action? |
| 8557 | Taylor v. Mazda Motor of America, 934 So. 2d 518, 521 (Fla. Dist. Ct. App. 2005) | 7 | A litigant should not be punished for fault on the part of her counsel by such a severe sanction as striking her witnesses for non-compliance with a pre-trial order. | Moreover, a litigant should not be punished for fault on the part of her counsel by such a severe sanction as striking her witnesses for non-compliance. | Should a litigant not be punished for fault on the part of her counsel by such a severe sanction as striking her witnesses for non-compliance with a pre-trial order? |
| 8559 | Arbogast v. City of St. Louis, 285 S.W.3d 790, 795 (Mo. Ct. App. 2009) | 1 | Dismissal for lack of subject-matter jurisdiction is appropriate when it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction. V.A.M.R. 55.27(g)(3). | Dismissal for lack of subject-matter jurisdiction is appropriate when it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction. | "Is a dismissal for lack of subject-matter jurisdiction appropriate when it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction?" |
| 8561 | Mbakpuo v. Ekeanyanwu, 738 A.2d 776, 781 (D.C. 1999) | 6 | Trial court has broad discretion in refusing to admit evidence which was required to be disclosed in pretrial statement. Civil Rule 16(e)(5). | 16(e)(5), 11 "[a] trial court has broad discretion ... in refusing to admit evidence *782 which was required to be disclosed in a pretrial statement ...." . | Does a trial court have broad discretion in refusing to admit evidence which was required to be disclosed in a pretrial statement? |
| 8562 | Gray v. Bryant, 189 N.C. App. 527, 528 (2008) | 2 | A claim is frivolous, so as to require its dismissal, if a proponent can present no rational argument based upon the evidence or law in support of it. | A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. | "Is a claim frivolous, if a proponent can present no rational argument based upon the evidence or law in support of it?" |
| 8563 | Commonwealth Edison v. State, 189 Mont. 191, 217, 615 P.2d 847 (Mont. 1980) | 8 | The state's taxing power cannot be set aside or limited on weightless statements that federal policy is being frustrated. | This power cannot be set aside or limited on weightless statements that a federal policy is being substantially frustrated. | Can the state's taxing power be set aside or limited on weightless statements that federal policy is being frustrated? |
| 8564 | Cal-Roof Wholesale v. Tax Com, 242 Or. 435, 449, 410 P.2d 233 (Or. 1966) | 6 | Constitutional power of Congress to regulate interstate commerce carries with it power to regulate state taxation of intrastate activities if such tax affects interstate commerce. Interstate Commerce Tax Act, S 101, 15 U.S.C.A. S 381. | The constitutional power of Congress to regulate inter-state commerce carries with it the power to regulate state taxation of intra-state activities if such tax affects inter-state commerce. | Does the constitutional power of Congress to regulate interstate commerce carries with it power to regulate state taxation of intrastate activities? |
| 8566 | Gutierrez v. Dold Foods, 40 Kan. App. 2d 1135, 1136 (2009) | 1 | The availability of workers compensation benefits to injured employees arises under statutes, not under the court-made common law. West's K.S.A. 44-501 et seq. | The availability of workers compensation benefits to injured employees arises under statutes, not under the court-made common law. | "Does the availability of workers compensation benefits to injured employees arise under statutes, and not under the court-made common law?" |

| 8567 | Richard v. Missouri Dept. of Corrections, 162 S.W.3d 35, 39 (Mo. Ct. App. 2005) | 5 | Workers' compensation law is entirely a creature of statute, and court is guided by the general rules of statutory construction in interpreting it. | Workers' compensation law is entirely a creature of statute. Therefore, we are bound by the general rules of statutory construction in interpreting the workers' compensation law. | "Is workers compensation law entirely a creature of statute, and what is the court guided by when interpreting it?" |
|---|---|---|---|---|---|
| 8568 | Clean Sweep Prof. Parking Lot Maintenance v. Talley, 267 Va. 210, 210,  (Va. 2004) | 3 | The rights and remedies provided in the Workers' Compensation Act are exclusive of all other rights and remedies of an employee or his estate at common law or otherwise. West's V.C.A. S 65.2-309, subd. A. | The rights and remedies provided in the Act are exclusive of all other rights and remedies of an employee or his estate at common law or otherwise. | Are the rights and remedies provided in the Workers Compensation Act exclusive of all other rights and remedies of an employee or his estate at common law or otherwise? |
| 8570 | Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir. 1989) | 3 | District court has authority to grant injunctive relief in arbitrable dispute, provided that traditional prerequisites for such relief are satisfied. | Therefore, we hold that a district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied. | Do courts have the authority to grant injunctive relief in an arbitrable dispute without satisfying the traditional prerequisites for such relief? |
| 8571 | Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 16 (1st Cir. 2005) | 19 | An employer cannot waive its right to arbitration by failing to raise the arbitration defense with the Equal Employment Opportunity Commission (EEOC) or by failing to initiate arbitration during the pendency of the EEOC proceedings. 9 U.S.C.A. S 1 et seq. | We reaffirm that an employer cannot waive its right to arbitration by failing to raise the arbitration defense with the EEOC or by failing to initiate arbitration during the pendency of the EEOC proceedings. | Can an employer waive its right to arbitration by failing to raise the arbitration defense with the Equal Employment Opportunity Commission (EEOC)? |
| 8572 | Youngs v. Am. Nutrition, Inc., 537 F.3d 1135, 1142 (10th Cir. 2008) | 12 | There is no set rule as to what constitutes a waiver or abandonment of arbitration agreement; question depends on facts of each case and usually calls for finding by trier of facts. | "There is no set rule as to what constitutes a waiver or abandonment of the arbitration agreement; the question depends upon the facts of each case and usually calls for a finding by the trier of facts." Id. at 1153. | Is there a set of rules to determine what constitutes a waiver or abandonment of an arbitration agreement? |
| 8573 | Inter. Pa. v. Schwabedissen Maschinen, 206 F.3d 411, 418 (4th Cir. 2000) | 13 | A nonsignatory is equitably estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause. | In other words, "[a] nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a 'direct benefit' from a contract containing an arbitration clause." | Can a nonsignatory be estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause? |
| 8576 | U.S. v. Kelley, 461 F.3d 817, 826 (6th Cir. 2006) | 4 | Under the fear of economic harm theory for conviction under Hobbs Act, the defendant receives payment from the victim because the victim believes that the defendant can exercise his or her power to the victim's economic detriment; fear need not be the product of the defendant's actions, it is enough if the fear exists and the defendant intentionally exploits it. 18 U.S.C.A. S 1951. | Under the "fear of economic harm" theory, the defendant receives payment from the victim because the victim believes that the defendant can exercise his or her power to the victim's economic detriment. "The fear need not be the product of the defendant's actions. 'It is enough if the fear exists and the defendant intentionally exploits it. | What must the prosecution prove the defendant received from the victim under the fear of economic harm theory for a conviction under the Hobbs Act? |

| 8579 | Hyshaw v. Dawkins, 483 S.W.3d 1, 9 (Tex. 2016) | 16 | A "fractional royalty interest" in a mineral estate conveys a fixed share of production and remains constant regardless of the amount of royalty contained in a subsequently negotiated oil and gas lease; in comparison, a "fraction of royalty interest," as a percentage of production, varies in accordance with the size of the landowner's royalty in a mineral lease and is calculated by multiplying the fraction in the royalty reservation by the royalty provided in the lease. | A fractional royalty interest conveys a fixed share of production and "remains constant regardless of the amount of royalty contained in a subsequently negotiated oil and gas lease." In comparison, a fraction of royalty interest (as a percentage of production) varies in accordance with the size of the landowner's royalty in a mineral lease and "is calculated by multiplying the fraction in the royalty reservation by the royalty provided in the lease." | Can royalty interests be conveyed as a fractional royalty? |
|---|---|---|---|---|---|
| 8583 | Milot v. Dep't of Transp., 318 Mich. App. 272, 275 (2016) | 1 | A defendant is entitled to summary disposition if the plaintiff's claims are barred because of immunity granted by law. MCR 2.116(C)(7). | A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity **250 granted by law. | Is a defendant entitled to summary disposition if the plaintiff's claims are barred because of immunity granted by law? |
| 8584 | Cadet-Duval v. Gursim Holding, Inc., 147 A.D.3d 718, 720, 45 N.Y.S.3d 585, 587 (2017) | 6 | Dismissals for pleading deficiencies or for failure to timely serve process are not on the merits and are without prejudice. McKinney's CPLR 306(b). | Dismissals for pleading deficiencies or for failure to timely serve process are not on the merits and are without prejudice (see Komolov v. Segal, 96 A.D.3d 513, 947 N.Y.S.2d 14; Avins v. Federation Empl. & Guidance Serv., Inc., 67 A.D.3d 505, 889 N.Y.S.2d 34; CPLR 306[b] ). | Are dismissals for pleading deficiencies or for failure to timely serve process not on the merits and are without prejudice? |
| 8586 | Coppola v. Coppola, 243 Conn. 657, 662, 707 A.2d 281 (Conn. 1998) | 2 | Once action has been brought by service of process on defendant, trial court may thereafter dismiss action for failure to return service of process within mandated time period. C.G.S.A. S 52-46a. | [O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period.. | "Although an action can be commenced through the service of process for statute of limitations purposes, is the action subject to dismissal if the plaintiff fails to return that service in a timely manner?" |
| 8589 | JVA Enterprises, I, LLC v. Prentice, 48 So. 3d 109, 113 (Fla. Dist. Ct. App. 2010) | 4 | While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction only in extreme circumstances. | While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction "only in extreme circumstances." | "Although a trial court has discretion to dismiss an action for fraud on the court, should it exercise this severe sanction only in extreme circumstances?" |
| 8590 | First Republic Corp, America v. Hayes, 431 So. 2d 624, 626 (Fla. Dist. Ct. App. 1983) | 1 | Trial court is authorized to impose appropriate sanctions for violations of orders relating to pretrial conference. West's F.S.A. RCP Rule 1.200(b). | From these decisions, we conclude that the trial court is authorized to impose appropriate sanctions for violations of orders relating to the pretrial conference. | Is a trial court authorized to impose appropriate sanctions for violations of orders relating to a pretrial conference? |

| 8591 | Daily Press, Inc. v. Commonwealth, 285 Va. 447, 452, 739 S.E.2d 636, 639 (Va. 2013) | 3 | Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. | Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. | Will a case be dismissed as moot if there is no actual controversy? |
|---|---|---|---|---|---|
| 8592 | Metro Transp. v. Public Utility Com'n, 128 Pa. Commw. 223, 228 (Pa. Cmmw. Ct. 1989) | 3 | Although case is apparently moot, dismissal is not an absolute, if the issue raised is of recurring nature, is of important public interest, or is capable of repeatedly avoiding review, case will not be dismissed. | Although a case is apparently moot, dismissal is not an absolute. If the issue raised is of a recurring nature, is of important public interest, or is capable of repeatedly avoiding review, the case will not be dismissed. | Will a case be dismissed as moot if question involved possesses sufficient public importance to warrant decision? |
| 8593 | Lifeguard Corp. v. U.S. Home Corp., 429 So.2d 94, 95 (Fla.App. 2 Dist.,1983) | 1 | While a trial court clearly has power to dismiss a case as a sanction for plaintiff's failure to comply with a court order, dismissal is a drastic remedy which should be used only in extreme situations. | While a trial court clearly has the power to dismiss a case as a sanction for the plaintiff's failure to comply with a court order, e.g., Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564 (1948); Ramos v. Sanchez, 375 So.2d 51 (Fla. 2d DCA 1979), dismissal is a drastic remedy which should be used only in extreme situations. | Is dismissal a drastic remedy which should be used only in extreme situations? |
| 8594 | Lowery v. Campbell, 185 N.C. App. 659, 663 (2007) | 3 | The Workers' Compensation Act does not take away common law rights that are unrelated to the employer-employee relationship. West's N.C.G.S.A. S 97-1 et seq. | "The [Workers' Compensation Act] does not take away common law rights that are unrelated to the employer-employee relationship." N.C. | Does the Workers Compensation Act take away any common law rights that are unrelated to the employer-employee relationship? |
| 8595 | Thomas v. Giant, 174 Md. App. 103, 113 (2007) | 5 | Workers' compensation benefits are a creature of statute, and when the controlling enactments are clear, they must guide the outcome. West's Ann.Md.Code, Labor and Employment, S 9-101 et seq. | Thomas characterizes this result as a boon to Giant, which need not pay Workers' compensation benefits are a creature of statute, however, and when the controlling enactments are clear, they must guide the outcome. | "Are workers compensation benefits a creature of statute, and when the controlling enactments are clear, must they guide the outcome?" |
| 8596 | One Beacon Ins. Co. v. Hughes, 269 Ga. App. 390, 392 (Ga. Ct. App. 2004) | 2 | The Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | In construing the statutes at issue, we note that the Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction because there is no common law right to such benefits. | " In workers compensation, what is strictly a matter of statutory construction?" |
| 8598 | U.S. v. Orenuga, 430 F.3d 1158, 1166 (D.C. Cir. 2005) | 12 | Whether a district court properly instructed the jury on the standard for bribery presents a question of law that is reviewed de novo. 18 U.S.C.A. S 201(b)(2)(A). | Whether the District Court properly instructed the jury on the standard for bribery presents a question of law that we review de novo. | What should be the review standard on whether a district court properly instructed the jury on the standard for bribery? |

| 8601 | State ex rel. Hocker v. Nolte, 48 S.W.2d 916, 918, 330 Mo. 299, 304 (Mo.1932) | 1 | "Pension" is stated allowance granted by government to individual or his representative for valuable service or for loss sustained in public service. V.A.M.S. S 84.170. | "In the eye of the law, a pension is: 'A stated allowance out of the public treasury granted by government to an individual, or to his representatives, for his valuable services to the country, or in compensation for loss or damage sustained by him in the public service" Bl. L. Dict. (2d Ed.) tit. 'pension." | Is pension an allowance granted out of public treasury to an individual or his representative for valuable service or for loss sustained in public service? |
| :-- | :-- | :-- | :-- | :-- | :-- |
| 8602 | Thompson v. Dart, 746 S.W.2d 821, 829 (Tex. App. 1988) | 12 | When trial court has sustained special exceptions to pleadings, pleader has right to amend to meet exceptions or refuse to amend and test validity of ruling on appeal. | When the trial court has sustained special exceptions to the pleadings, the pleader has the right to amend to meet the exceptions or refuse to amend and test the validity of the ruling on appeal. | "When special exceptions to the pleadings are sustained, can the pleader amend to meet the exceptions?" |
| 8604 | Alvarez v. Alvarez, 638 So. 2d 153, 153 (Fla. Dist. Ct. App. 1994) | 1 | Sanctions which court may impose for failure to attend pretrial conference include striking of the pleadings. West's F.S.A. RCP Rule 1.200(c). | There this court recognized that Florida Rule of Civil Procedure 1.200(c) authorizes a trial court to impose sanctions upon a party for failure to attend a pretrial conference. Such sanctions include the striking of pleadings. | Can sanctions which a court can impose for failure to attend pretrial conference include striking of the pleadings? |
| 8605 | Chamberlain v. Farm Bureau Mut. Ins. Co., 36 Kan. App. 2d 163, 178 (Kan.App.,2006) | 6 | If plaintiff's claims became moot before the ruling on class certification motion, both individual and class action claims must be dismissed. | If the claims of a proposed class representative became moot before the ruling on class certification, both the individual and class action claims must be dismissed. | Will an individual and a class action claim be dismissed if plaintiff's claims became moot before the ruling on class certification motion? |
| 8606 | Ader v. Temple Ner Tamid, 339 So. 2d 268, 270 (Fla. Dist. Ct. App. 1976) | 2 | In order for a pleading to be stricken as "sham," pleading must appear clearly false, as a mere pretense set up in bad faith and without color of fact. 30 West's F.S.A. Rules of Civil Procedure, rule 1.150(a). | Petitioner also contends that the trial court erred in striking as sham certain denials found in his answer. In order for a pleading to be stricken as 'sham' pursuant to Fla.R.Civ.P. 1.150(a) we have stated that the pleading must appeal clearly false, as a mere pretense set up in bad faith, and without color of fact. | "In order for a pleading to be stricken as sham, should the pleading be clearly false?" |
| 8607 | Kile v. McGuire, 326 S.W.3d 538, 539 (Mo. Ct. App. 2010) | 2 | A threshold question in any appellate review of a controversy is the mootness of the controversy; because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness sua sponte. | A threshold question in any appellate review of a controversy is the mootness of the controversy." "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness sua sponte." | Does mootness implicate justiciability and can the courts dismiss a case for mootness sua sponte? |

| 8608 | Andrews v. Palmas De Majorca Condominium, 898 So. 2d 1066, 1069 (Fla. Dist. Ct. App. 2005) | 2 | Sanction of dismissal with prejudice due to fraud upon court has long been available remedy for party's misconduct in litigation process; party who has been guilty of fraud or misconduct in prosecution or defense of civil proceeding should not be permitted to continue to employ very institution it has subverted to achieve her ends. | The sanction of dismissal with prejudice due to fraud upon the court has long been an available remedy for a party's misconduct in the litigation process. It has been held that "a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends." | Is dismissal an available remedy for knowingly submitting forged or altered documents with the intent to deceive? |
| --- | --- | --- | --- | --- | --- |
| 8611 | Metro Transp. v. Public Utility Com'n, 128 Pa. Cmmw. 223, 228 (Pa. Cmmw. Ct. 1989) | 2 | When litigant lacks necessary stake in outcome, or when court or agency is not able to grant effective relief, a case will be dismissed as moot. | Furthermore, when a litigant lacks a necessary stake in the outcome, or when the court or agency is not able to grant effective relief, a case will be dismissed as moot. | Can a case be dismissed as moot when litigant lacks necessary stake in outcome? |
| 8612 | Edwards, Jr. v. Chrysler Motor Co., Inc., 984 So. 2d 85, 89 (La. App. 1st Cir. 2008) | 3 | Party takes a "step" in the prosecution or defense of an action, as necessary to avoid abandonment of action, when he takes formal action before the court intended to hasten the matter to judgment. LSA-C.C.P. art. 561. | A party takes a "step" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal notice. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment?" |
| 8613 | State ex rel. AG Processing, Inc. v. Public Service Commission, 276 S.W.3d 303, 306 (Mo. Ct. App. 2009) | 3 | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is "moot" and generally should be dismissed. | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. | Will a case be moot when an event occurs that makes a court's decision unnecessary? |
| 8615 | Travelers Indemnity Co. v. Mallory Co., 772 N.E.2d 479, 484 (Ind. Ct. App. 2002) | 5 | When dispositive issue in case has been resolved in such a way as to render it unnecessary to decide question involved, case will be dismissed. | When a dispositive issue in a case has been resolved in such a way as to render it unnecessary to decide the question involved, the case will be dismissed. | Will a case be dismissed when dispositive issue in case has been resolved in such a way as to render it unnecessary to decide question involved? |
| 8617 | Simmons v. Shimek, 139 Ill. App. 3d 927, 928 (1985) | 1 | Generally, a cause of action will be dismissed as a sanction only where dismissed party has shown a deliberate and willful disregard of court's authority. S.H.A. ch. 110A, P 219(c). | Generally, a cause of action will be dismissed as a sanction only where the dismissed party has shown a deliberate and wilful disregard of the court's authority. | Will a cause of action be dismissed as a sanction only where dismissed party has shown a deliberate and willful disregard of court's authority? |
| 8618 | Andrews v. Palmas De Majorca Condominium, 898 So. 2d 1066, 1069 (Fla. Dist. Ct. App. 2005) | 3 | Dismissal is available remedy for knowingly submitting forged or altered documents with intent to deceive court. | Dismissal is an available remedy for knowingly submitting forged or altered documents with the intent to deceive the court. | Is dismissal an available remedy for knowingly submitting forged or altered documents with intent to deceive court? |
| 8620 | Englewood Apts. Partnership v. Grant Co., 119 Wis. 2d 34, 40, 349 N.W.2d 716 (Wis. Ct. App. 1984) | 3 | Party attempting to show that dismissal for failure to comply with pretrial orders is abuse of discretion must demonstrate a clear and justifiable excuse for delay or for failure to comply with procedure statutes. W.S.A. 804.12(2, 4), 805.03. | [T]he party attempting to show that such a dismissal is an abuse of discretion must demonstrate "a clear and justifiable excuse" for the delay in prosecuting the case or for the failure to comply with procedure statutes under sec. 805.03, | Is dismissal for noncompliance with pretrial orders appropriate only in cases of egregious conduct? |

| 8621 | Gambino v. Standard Fire Ins. Co., 110 So. 3d 1127, 1131 (La. Ct. App. 2013) | 8 | Because dismissal is the harshest of remedies, any reasonable doubt about abandonment of the suit should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561. | "Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." | "Because dismissal is the harshest of remedies, should any reasonable doubt about abandonment of the suit should be resolved in favor of allowing the prosecution?" |
| 8624 | Prosser v. Grant, 224 Ga. App. 6, 7 (1996) | 5 | "Order" as contemplated by five-year mandatory dismissal rule is an order entered by a court in response to a motion initiated by a party; housekeeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and do not toll the statute. O.C.G.A. SS 9-2-60(b), 9-11-41(e). | Further, "an order as contemplated by [the five-year rule of OCGA 9-2-60(b) or 9-11-41(e) ] is an order entered by a court in response to a motion initiated by a party. Housekeeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and would not toll the statute." Dept. of Transp., supra at 221, 443 S.E.2d 610. | "Is ""order"" as contemplated by a five-year mandatory dismissal rule an order entered by a court in response to a motion initiated by a party?" |
| 8625 | Prosser v. Grant, 224 Ga. App. 6, 7 479 S.E.2d 775 (Ga. Ct. App. 1996) | 3 | Any step taken by a party after the period for abandonment has accrued is ineffective to prevent a judgment of dismissal on grounds of abandonment. LSA-C.C.P. art. 561. | Any step taken by a party after the period for abandonment has accrued is ineffective to prevent a judgment of dismissal on grounds of abandonment. | Is any step taken by a party after the period for abandonment has accrued ineffective to prevent a judgment of dismissal on grounds of abandonment? |
| 8626 | Garland v. City of Delray Beach, 685 So. 2d 1392, 1394 (Fla. App. 1997) | 2 | Motion for mediation conference is not sufficient record activity to preclude dismissal for failure to prosecute unless there is some follow-up activity intended to move case along. West's F.S.A. RCP Rule 1.420(e). | The filing of a status report is not sufficient record activity to preclude dismissal for failure to prosecute. Id. A motion for mediation conference is likewise not sufficient record activity unless there is some follow-up activity intended to move the case along. | Is a motion for mediation conference not sufficient record activity to preclude a dismissal for failure to prosecute? |
| 8627 | Stewart Dry Goods Co. v. Lewis, 7 F. Supp. 438, 442 (W.D. Ky. 1933) | 2 | Power of state to tax for public purposes within its constitutional sphere is as unlimited as power of national government within its sphere except for equality clause of Federal Constitution. Const.Amend. 14. | It should always be remembered that the power of the state to tax for public purposes within its constitutional sphere is as unlimited as is the power of the national government within its sphere, except for the equality clause of the Fourteenth Amendment. | Is the state's power to tax for public purposes as unlimited as the power of national government? |
| 8629 | Chappy v. Labor & Industry Review Commission, 128 Wis. 2d 318, 381 N.W.2d 552 (Wis. Ct. App. 1985) | 13 | Worker's compensation is wholly statutory and questions regarding what should properly be public policy should be determined by legislature, not courts. | Worker's compensation is wholly statutory and questions regarding what should properly be the public policy should be determined by the legislature, not the courts. | "For workers compensation, is it the legislature or the courts that determine the questions regarding what should properly be the public policy?" |

| 8630 | Perry v. Transamerica Ins. Group, 703 S.W.2d 151 (Tenn. Ct. App. 1985) | 1 | Benefits conferred by Workers' Compensation Act (T.C.A. S 50-6-101 et seq.), are purely statutory, and circumstances under which they are paid and manner in which they are calculated depend solely upon statutory authority. | The benefits conferred by the Workers' Compensation Act are purely statutory, and the circumstances under which they are paid and the manner in which they are calculated depend solely upon statutory authority. | Would the benefits conferred by the Workers Compensation Act be described as purely statutory? |
| 8631 | Theriot v. Damson Drilling Corp., 471 So. 2d 757, 76 (La. Ct. App. 1985) | 4 | Worker's Compensation Law is compromise of legal rights for purpose of arriving at socially desirable result of a compromise nature. LSA-R.S. 23:1021-23:2001 | As is well understood, the typical worker's compensation law, of which Louisiana's statute is one, is a compromise of legal rights for the purpose of arriving at a socially desirable result of a compromise nature. | Is workers compensation a compromise of legal rights for the purpose of arriving at a socially desirable result? |
| 8632 | Thomas v. Northern Telecom, Inc., 157 F. Supp. 2d 627, 636 (M.D.N.C. 2000) | 14 | In exchange for the certainty of receiving a benefit under the North Carolina Workers Compensation Act, the employee and his dependents give up their common law right to sue the employer for negligence. N.C.G.S. S 97-3. | In exchange for the certainty of receiving this benefit, however, "the employee and his dependents give up their common law right to sue the employer for negligence." | What do the employees and their dependents give for compensation? |
| 8633 | Distefano v. State Farm Mut. Auto, 846 So. 2d 572, 574 (Fla. Dist. Ct. App. 2003) | 3 | Trial court's power of dismissal should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | However, this power of dismissal should be used "cautiously and sparingly," and "only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing." | "Can sanction of dismissal be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing?" |
| 8636 | Chavez v. United States, 74 F.2d 508, 509 (10th Cir. 1934) | 1 | War risk insurance policies are contractual obligations of United States, but confer no right of action on insured or his beneficiary independently of sovereign will. World War Veterans' Act of 1924, S 19, as amended by Act July 3, 1930, S 4, 38 U.S.C.A. S 445. | Policies of war risk insurance are contractual obligations of the United States, yet they confer no right of action on this insured or his beneficiary independently of the sovereign will. | Do war risk insurance policies confer a right of action on an insured or his beneficiary? |
| 8639 | In re Campbell's Est., 195 Misc. 520, 521, 89 N.Y.S.2d 310, 312 (Sur. 1949) | 1 | Pension payments to guardians of incompetent veterans vest title in the ward and discharge the obligation of the United States with respect thereto but a pensioner has no vested legal right to his "pension", which is a bounty of the government which congress has the right to give, withhold, distribute or recall at is discretion. | Pension payments to guardians of incompetent veterans vests title in the ward and discharges the obligation of the United States with respect thereto. Spicer v. Smith, 288 U.S. 430, 53 S.Ct. 415, 77 L.Ed. 875, 84 A.L.R. 1525. However, a pensioner has no vested legal right to his pension; pensions are the bounties of the government which Congress has the right to give, withhold, distribute or recall, at its discretion. | Do pension payments to the guardians of incompetent veterans vest title in the ward? |
| 8640 | Sommer v. Maharaj, 888 N.E.2d 891, 896, 451 Mass. 615, 621 (Mass.,2008) | 4 | A court's inherent power, to be exercised with restraint and discretion, includes dismissal of a lawsuit, when justified by a party's extreme conduct. | That power, to "be exercised with restraint and discretion," Chambers v. NASCO, Inc., supra at 44, 111 S.Ct. 2123, includes dismissal of a lawsuit, when justified by a party's extreme conduct. | "Does a court's inherent power, to be exercised with restraint and discretion, include dismissal of a lawsuit?" |

| | | | | | |
|---|---|---|---|---|---|
| 8642 | McKnight v. Evancheck, 907 So. 2d 699, 700 (Fla. Dist. Ct. App. 2005) | 5 | While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction only in extreme circumstances. | While a trial court has discretion to dismiss an action for fraud on the court, it should exercise this severe sanction "only in extreme circumstances." | Should a trial court exercise its discretion of severe sanction to dismiss an action for fraud on the court only in extreme circumstances? |
| 8643 | Scottsdale Ins. Co. v. Lakeside Cmty. Comm., 2016 IL App (1st) 141845, ¶¶ 18-19 | 3 | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. S.H.A. 735 ILCS 5/2-619. | 18 Statute of Limitations [3] [4] [5] 19 A motion to dismiss based on section 2- 619 admits the legal sufficiency of the complaint, but asserts that the claim is defeated based on certain defects, defenses, or other affirmative matter. | Will a motion to dismiss assert an affirmative matter which defeats the claim? |
| 8647 | Sheen v. the Time Inc. Magazine, 817 So. 2d 974, 976 (Fla. Dist. Ct. App. 2002) | 3 | Documents filed of record concerning discovery may, but do not always, constitute "record activity" sufficient to avoid dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Documents filed of record concerning discovery may, but do not always, constitute record activity sufficient to avoid a dismissal for failure to prosecute. | "Can documents filed of record concerning discovery constitute ""record activity"" sufficient to avoid dismissal for failure to prosecute?" |
| 8648 | Commonwealth v. Weber, 549 Pa. 430, 437, 701 A.2d 531 (Pa. 1997) | 2 | Rape Shield Law applies to evidence concerning victim's abortion because it necessarily implicates past sexual conduct. 18 Pa.C.S.A. S 3104. | The Rape Shield Law applies to evidence concerning a victim's abortion because it necessarily implicates past sexual conduct. | Is a victims abortion evidence of past sexual conduct under rape shield law? |
| 8649 | Bazanes v. State, 310 S.W.3d 32, 37 (Tex. App. 2010) | 8 | The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. V.T.C.A., Penal Code S 21.11(a)(1). | The specific intent required for the offense of indecency with a child may be inferred from a defendant's conduct, his remarks, and all of the surrounding circumstances. | Can the specific intent required for the offense of indecency with a child be inferred from a defendant's conduct? |
| 8652 | Rapp v. Manufacturers Tr. Co., 15 Misc. 2d 332, 334, 181 N.Y.S.2d 714, 716 (N.Y. Mun. Ct. 1959) | 6 | A check may be transferred without written endorsement, and such transfer vests in transferee such title as transferor had. Negotiable Instrument Law, § 79. | While a check may be transferred without written endorsement and such transfer vests in the transferee such title as the transferor had (Negotiable Instruments Law § 79; | "Can a check be transferred without written endorsement, and such transfer vests in transferee the title as transferor had?" |
| 8654 | Layhew v. Dixon, 527 S.W.2d 739, 741 (Tenn. 1975) | 2 | While parties may not change positions which they have asserted in litigation, judicial estoppels are not favored and ordinarily do not arise out of mere unsworn pleadings. | While it is true that parties may not change positions which they have asserted in litigation, judicial estoppels are not favored and ordinarily do not arise out of mere unsworn pleadings. | Are judicial estoppels not favored and do they not ordinarily arise out of mere unsworn pleadings? |

| 8655 | Alyeska Pipeline Serv. Co. v. Anderson, 629 P.2d 512, 517 (Alaska 1981) | 2 | Tests which have been developed for determining whether minerals are valuable, prudent person and marketability test, are not distinct standards but are complementary in that latter is refinement of former; basically, prudent person test requires that person of ordinary prudence would be justified in further expenditure of his labor and means, with reasonable prospect of success, in developing valuable mine, and marketability test requires that it must be shown that minerals can be extracted, removed and marketed at profit. | Two complementary tests have been developed for determination of whether minerals are valuable: the prudent person test and the marketability test. See United States v. Coleman, 390 U.S. 599, 601-03, 88 S.Ct. 1327, 1329-1331, 20 L.Ed.2d 170, 174-75 (1968). These tests "are not distinct standards but are complementary in that the latter is a refinement of the former." 2 Id. at 603, 88 S.Ct. at 1330, 20 L.Ed.2d at 175. Basically, the prudent person test requires that "a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine." 3 The marketability test requires that "it must be shown that the mineral can *518 be 'extracted, removed and marketed at a profit.' " | "To determine whether minerals are valuable, what must the marketability test show?" |
| 8656 | New Mexico and Arizona Land Company v. Elkins, 137 F. Supp. 767, 771 (D.N.M. 1956) | 3 | Uranium and thorium being "minerals" within scientific, geological and practical meanings constitute minerals within purview of a reservation clause in a deed of "all oil, gas and minerals". | Uranium and thorium being minerals within the scientific, geological and practical meanings, would certainly constitute minerals within the purview of the reserving clause 'all oil, gas and minerals.' | Will uranium and thorium constitute minerals within the purview of the reserving clause? |
| 8657 | Smith v. Moore, 172 Colo. 440, 443 (1970) | 1 | When surface and mineral estates have been severed the owner of mineral estate may remove underlying materials but must support the surface and cannot destroy the surface by strip mining. | This court has held that when the surface and mineral estates have been severed, the owner of the mineral estate may remove the underlying minerals but must support the surface and cannot destroy the surface by strip mining. | May the owner of the mineral estate remove the underlying minerals but must support the surface? |
| 8659 | Tolliver v. Mladineo, 987 So. 2d 989, 997, 2005 CA 2326 (Miss. Ct. App. 2008) | 13 | A trial court's order of dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | A trial court's order of "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | Is dismissal with prejudice for failure to prosecute or to comply with a court orders a harsh remedy to be utilized only in extreme situations? |
| 8661 | Toler v. Rapid American, 190 S.W.3d 348, 351 (Ky.App.,2006) | 6 | It is incumbent on the trial court, in considering dismissal of cases due to want of prosecution, to consider each case in light of the particular circumstances involved; length of time alone is not the test of diligence. Rules Civ.Proc., Rules 41.02, 77.02. | Moreover, it is incumbent on the trial court to consider each case "in light of the particular circumstances involved; length of time alone is not the test of diligence." | Is it incumbent upon the court to consider each case in light of the particular circumstances involved? |

| 8662 | State v. Tujague, 193 So. 3d 223, 226 (La. Ct. App. 2016) | 9 | If the plaintiff has clearly demonstrated before the court during the prescribed period that it does not intend to abandon its lawsuit, dismissal is not warranted. LSA-C.C.P. art. 561. | If the plaintiff has clearly demonstrated before the court during the prescribed period that it does not intend to abandon its lawsuit, dismissal is not warranted. | Is a dismissal warranted if the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit? |
|---|---|---|---|---|---|
| 8663 | Carista v. Valuck, 394 P.3d 253, 259 (Okla. Civ. App. 2016) | 10 | The purpose of a motion to dismiss is to test the legal sufficiency of a petition, not to engage in an evidentiary contest of facts. 12 Okla. Stat. Ann. S 2012(B)(6). | The purpose of a motion to dismiss is to test the legal sufficiency of a petition, not to engage in an evidentiary contest of facts. | "Is the purpose of a motion to dismiss to test the legal sufficiency of a petition, not to engage in an evidentiary contest of facts?" |
| 8667 | Meadow Brook National Bank v. Recile, 302 F. Supp. 62, 70 (E.D. La. 1969) | 11 | Holder of negotiable promissory note need not proceed against defaulting maker or security on note before suing endorser who is primarily liable. | [11] [12] [13] It is, of course, clear that the holder of a negotiable promissory note is not required to proceed against the defaulting maker or the security on the note prior to instituting suit against an endorser who is primarily liable on the note. | Can a holder or drawer of a promissory note proceed against defaulting maker or security on note before suing endorser who is primarily liable? |
| 8668 | Secy. of Veterans Affs. v. Leonhardt, 2015-Ohio-931, ¶ 73, 29 N.E.3d 1, 19 | 24 | When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. R.C. § 1303.25(B). | " 'When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.' " Id., citing R.C. 1303.25(B) and Wells Fargo Bank, N.A. v. Byers, 10th Dist. Franklin No. 13AP–767, 2014-Ohio-3303, 2014 WL 3740328, ¶ 14 ("A blank indorsement makes the instrument payable to the bearer pursuant to R.C 1303.25(B)."). | Can an instrument become payable to bearer when indorsed in blank and negotiated by transfer of possession alone? |
| 8669 | Mystic Color Lab, Inc. v. Auctions Worldwide, LLC, 284 Conn. 408, 420 (Conn. 2007) | 14 | A bailment contemplates redelivery of goods entrusted to the bailee, whereas a debtor-creditor relationship contemplates the payment of an obligation defined by agreement between the parties. | A bailment therefore contemplates redelivery of goods entrusted to the bailee, whereas a debtor-creditor relationship contemplates the payment of an obligation defined by agreement between the parties. | Does a debtor-creditor relationship contemplate the payment of an obligation defined by agreement between the parties? |
| 8670 | Riddle v. State Highway Commission, 184 Kan. 603, 604 (Kan. 1959) | 4 | Legislature has plenary power over highways and their use may be limited, controlled and regulated in the exercise of police power whenever necessary to promote the safety and general welfare of the people. | The legislature has plenary power over highways and their use may be limited, controlled and *604 regulated in the exercise of the police power whenever necessary to promote the safety and general welfare of the people. | Does the Legislature have plenary power over highways? |
| 8671 | Barnett Bk. of E. Polk County v. Fleming, 508 So. 2d 718, 719 (Fla. 1987) | 3 | Motion to dismiss for lack of prosecution, whether initiated by court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of case for lack of prosecution. West's F.S.A. RCP Rule 1.420(e). | Accordingly, we hold that a motion to dismiss for lack of prosecution pursuant to Rule 1.420(e), whether initiated by the court or a party, cannot be deemed "record activity" sufficient to defeat dismissal of the case for lack of prosecution. | Is filing of a motion to dismiss for lack of prosecution considered a record activity precluding dismissal? |

| | | | | | |
|---|---|---|---|---|---|
| 8674 | 3V, Inc. v. JTS Enterprises, Inc., 40 S.W.3d 533, 541 (Tex. App. 2000) | 18 | Diligent prosecution includes not only diligent prosecution to the time of trial, but also diligence thereafter in procuring a final judgment or other final order. | Diligent prosecution includes not only diligent prosecution to the time of trial, but also diligence thereafter in procuring a final judgment or other final order. | "Does diligent prosecution include only diligent prosecution to the time of trial, or also diligence thereafter in procuring a final judgment or other final order?" |
| 8676 | National Amusement Co. v. Dept. of Revenue, 41 Wis. 2d 261, 267 (Wis. 1969) | 3 | Tax cannot be imposed without clear and express language for that purpose and if ambiguity and doubt exist, it must be resolved in favor of person upon whom tax is sought to imposed. | It would appear that the following rule is also applicable to this case: *267 '* * * a tax cannot be imposed without clear and express language for the purpose, and where ambiguity and doubt exist, it must be resolved in favor of the person upon whom it is sought to impose the tax. | Can a tax be imposed without clear and express language? |
| 8678 | Dept. of Pub. Welfare v. S. Dist. of Phila, 49 Pa. Commw. 316, 316, 410 A.2d 1311 (Pa. Cmmw. Ct. 1980) | 3 | Promissory estoppel rests on promise to do something in the future, whereas equitable estoppel rests on a statement of a present fact. | A promissory estoppel rests upon the promise to do something in the future, whereas an equitable estoppel rests upon a statement of a present fact. | "Does a promissory estoppel rest upon the promise to do something in the future, whereas an equitable estoppel rests upon a statement of present fact?" |
| 8679 | McGuire v. Stein's Gift Garden Center, 178 Wis. 2d 379, 394 (Ct. App. 1993) | 14 | Although specific negligence and res ipsa loquitur may be pled in alternative and evidence tending to show specific acts of negligence will not automatically foreclose dependence on doctrine, res ipsa loquitur is unnecessary and its application redundant where the evidence provides full and complete explanation of event should jury choose to accept it. | Thus, although specific negligence and res ipsa loquitur may be pled in the alternative 3 and evidence tending to show specific acts of negligence will not automatically foreclose dependence on the doctrine, see id. at 440, 184 N.W.2d at 69; Lecander, 171 Wis.2d at 603-04, 492 N.W.2d at 171, res ipsa loquitur is unnecessary and its application redundant where the evidence provides a full and complete explanation of the event should the jury choose to accept it. | Can specific negligence and res ipsa loquitur be pled in the alternative? |
| 8680 | Laurence v. Atzenhoffer Chevrolet, 281 F.Supp.2d 898, 900 (S.D.Tex.,2003) | 3 | Although parties are barred from recovering damages based on mutually exclusive theories, parties can properly plead alternative, inconsistent theories of liability and can properly argue alternative claims to jury. Fed.Rules Civ.Proc.Rule 8(e)(2), 28 U.S.C.A. | Although parties are barred from recovering damages based on mutually exclusive theories, see Robertson v. Bell Helicopter Textron, 32 F.3d 948, 952–53 (5th Cir.1994) (affirming a district court's dismissal of a plaintiff's Sabine Pilot claim after the plaintiff received a judgment in his favor on his retaliation claim), parties can properly plead alternative, inconsistent theories of liability and can properly argue alternative claims to the jury. | Can a party plead alternative and inconsistent theories? |

| | | | | | |
|---|---|---|---|---|---|
| 8681 | Tolliver v. Mladineo, 987 So. 2d 989, 997, 2005 CA 2326 (Miss. Ct. App. 2008) | 17 | Aggravating factors supportive of a trial court's dismissal with prejudice for want of prosecution are: (1) delay caused by the plaintiff personally; (2) delay causing prejudice to the defendant; and (3) delay resulting from intentional conduct. Rules Civ.Proc., Rule 41(b). | Aggravating factors supportive of a dismissal with prejudice are (1) delay caused by the plaintiff personally, (2) delay causing prejudice to the defendant, and (3) delay resulting from intentional conduct. | "Should it be considered whether the delay was the result of intentional conduct, when ruling on a motion to dismiss a complaint with prejudice due to want of prosecution?" |
| 8682 | Lone Star Casino v. Full House Resorts, 796 So. 2d 1031, 1032 (Miss. Ct. App. 2001) | 2 | There is no set time limit on prosecution of action once it has been filed, and dismissal for failure to prosecute will be upheld only where record shows that plaintiff has been guilty of dilatory or contumacious conduct. Rules Civ. Proc., Rule 41(b). | In Mississippi there is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct. | Is there a set time limit on prosecution of action once it has been filed? |
| 8683 | Benjamin-Jenkins v. Lawson, 781 So. 2d 893, 895 (La. Ct. App. 2001) | 2 | Abandonment is not a punitive measure, but is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. LSA-C.C.P. art. 561. | Abandonment is not a punitive measure- it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. | Is abandonment designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely? |
| 8685 | Lone Star Casino v. Full House Resorts, 796 So. 2d 1031, 1032 (Miss. Ct. App. 2001) | 2 | There is no set time limit on prosecution of action once it has been filed, and dismissal for failure to prosecute will be upheld only where record shows that plaintiff has been guilty of dilatory or contumacious conduct. Rules Civ. Proc., Rule 41(b). | In Mississippi there is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct. | Is there is no set time limit on the prosecution of an action once it has been filed? |
| 8686 | Total Auctions & Real Estate, LLC v. S.D. Dep't of Revenue & Regulation, 888 N.W.2d 577, 580, 2016 S.D. 95 (S.D. 2016) | 5 | Ultimately, where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal for failure to state a claim is appropriate. SDCL 5 15-6-12(b)(5). | Ultimately, "where the allegations show on the face of the complaint there is some insuperable *581 bar to relief, dismissal under Rule 12(b)(5) is appropriate. | "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal for failure to state a claim appropriate?" |
| 8690 | Arbaugh v. Procter & Gamble Mfg. Co., 80 Cal. App. 3d 500, 506, 145 Cal. Rptr. 608, 613 (Ct. App. 1978) | 6 | Unless there is a written agreement to contrary, an employer covered by workmen's compensation is not obligated to indemnify a third party who has been found liable to employee injured as a result of the joint negligence of the employer and the third party. West's Ann.Labor Code, §§ 3601(a), 3864. | Furthermore, unless there is a written agreement to the contrary, an employer is not obligated to indemnify a third party who has been found liable to an employee who was injured as the result of the joint negligence of the employer and the third party. (Lab.Code, s 3864.) | Is a claim for workers' compensation an injured employee's only remedy against his employer? |
| 8691 | Bueker v. Madison Cnty., 2016 IL 120024, ¶ 7 (Ill. 2016) | 4 | In reviewing the sufficiency of a complaint, courts accept as true all pleaded facts and all reasonable inferences that may be drawn from those facts. | "In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts." | "In reviewing the sufficiency of a complaint, do courts accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts?" |
| 8695 | Louzoun v. Moss, 139 A.D.3d 680, 681, 32 N.Y.S.3d 172, 174 (2016) | 4 | Conclusory allegations of damages or injuries predicated on speculation cannot suffice for legal malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative. | "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" | Can conclusory allegations of damages or injuries predicated on speculation suffice for a malpractice action? |

| | | | | | |
|---|---|---|---|---|---|
| 8696 | Nicholos v. Cashelard Rest., Inc., 249 A.D.2d 187, 189, 672 N.Y.S.2d 98, 100 (1998) | 1 | Case that has been marked off or stricken from the calendar and has not been restored within one year is deemed abandoned; however, the presumption of abandonment may be rebutted by proof of litigation actually in progress. McKinney's CPLR 3404. | A case that has been marked off or stricken from the calendar and has not been restored within one year is deemed abandoned under CPLR 3404 (see, Weiss v. City of New York, 247 A.D.2d 239, 669 N.Y.S.2d 33; Syndicate Build. Corp. v. Lorber, 193 A.D.2d 506, 507, 597 N.Y.S.2d 372). However, the presumption of abandonment may be rebutted by proof of litigation actually in progress | "Is a case that has been marked off or stricken from the calendar and has not been restored within one year, deemed abandoned?" |
| 8698 | Clark v. Fry, 306 Pa. Super. 590, 452 A.2d 44 (Pa. Super. Ct. 1982) | 4 | The rule of respondeat superior, as its terms import, arises out of the relation of superior and subordinate, is applicable to that relation wherever it exists, whether between principal and agent, or master and servant, is coextensive with it, and ceases where the relation itself ceases. | This rule of respondeat superior, as its terms import, arises out of the relation of superior and subordinate, is applicable to that relation wherever it exists, whether between principal and agent or master and servant, and is co-extensive with it, and ceases where the relation itself ceases to exist. | Does the rule of respondeat superior cease when the relation ceases? |
| 8700 | Doe v. Brown Univ., 210 F. Supp. 3d 310, 330 (D.R.I. 2016) | 5 | Under Rhode Island law, because contracts for private education have unique qualities, courts must construe them in a manner that leaves the school administration broad discretion to meet its educational and doctrinal responsibilities. | However, "[b]ecause contracts for private education have unique qualities, we must construe them in a manner that leaves the school administration broad discretion *331 to meet its educational and doctrinal responsibilities." | Does a college have broad discretion to meet its educational and doctrinal responsibilities? |
| 8702 | Waters v. Waters, 498 S.W.2d 236, 241 (Tex. Civ. App. 1973), writ refused NRE (Jan. 16, 1974) | 6 | A promissory note can lawfully be transferred without a written assignment or an endorsement of the legal owner and holder thereof. V.T.C.A., Bus. & C. § 3.201(c). | A promissory note can lawfully be transferred without a written assignment or an endorsement of the legal owner and holder thereof. | Can a promissory note be transferred without a written assignment or endorsement of the legal owner and holder? |
| 8703 | THATCHER, ET AL. v. MERRIAM, ET AL, 121 Utah 191, 198 (1952) | 7 | Like an ordinary chose in action a bill or note may be transferred by assignment or by mere delivery with usual incidents of such a transfer, notwithstanding the Negotiable Instrument Law. U.S.C.A. 1943, 61-1-17, 61-1-33, 61-4-1. | 'Like an ordinary chose in action, a bill or note may be transferred by assignment or by mere delivery with the usual incidents of such a transfer, and this rule is not changed by the negotiable instrument law. | Can a note be transferred like an ordinary chose in action? |

| 8704 | Ward v. Stanford, 443 S.W.3d 334, 343 (Tex. App. 2014) | 10 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer. Id. at 407 (citing TEX. BUS. & COM.CODE ANN. § 3.104(a)). A note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. See TEX. BUS. & COM.CODE ANN. § 3.106(a) (West Supp.2013); FFP Mktg. Co., 169 S.W.3d at 408–09. | When is a promissory note a negotiable instrument ? |
| 8705 | First Pyramid Life Ins. Co. v. Reed, 247 Ark. 1003, 1006 (Ark. 1970) | 3 | County court can acquire jurisdiction of statutory proceeding to open county road only when there is strict compliance with requirements of statutes relating to signing of petition. Ark.Stats. SS 76-901 to 76-915, 76-902. | The county court can only acquire jurisdiction of a proceeding under these sections when there is strict compliance with the requirements of the act relating to the signing of the petition. | When can a county court acquire jurisdiction of a proceeding regarding a petition to open a county road? |
| 8706 | Pac. Ins. Co. v. Botelho, 891 So. 2d 587, 590 (Fla. Dist. Ct. App. 2004) | 2 | A motion to dismiss cannot be granted based on an affirmative defense unless the defense appears upon the face of a pleading. | Further, a motion to dismiss cannot be granted based on an affirmative defense unless the defense appears upon the face of a pleading. | Can a motion to dismiss be granted based on an affirmative defense unless the defense appears upon the face of a pleading? |
| 8707 | Sarkis v. Pafford Oil Company, Inc., 697 So. 2d 524, 526 (Fla. Dist. Ct. App. 1997) | 4 | Because issue of whether complaint is sufficient to state cause of action is issue of law, ruling on motion to dismiss for failure to state cause of action is reviewable on appeal by de novo standard of review. | Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the de novo standard of review. | "Is whether a complaint is sufficient to state a cause of action an issue of law, on motion to dismiss?" |
| 8708 | U.S. v. Parga-Rosas, 238 F.3d 1209, 1213 (9th Cir. 2001) | 4 | Even though it need not be pled, "entry" may become important element of proof in prosecution for being deported alien "found in" United States, primarily in those cases involving apprehension at border. Immigration and Nationality Act, S 276, 8 U.S.C.A. S 1326. | Even though it need not be pled, "entry" may nevertheless become an important element of proof that an alien has been "found in" the United States in some cases, primarily those involving an apprehension at the border. | Can an alien be present in the United States yet be deemed not to have entered? |
| 8714 | Adams v. USAA Casualty Insurance Co., 317 S.W.3d 66, 75 (Mo. Ct. App. 2010) | 9 | Determination of factual questions or whether the party is entitled to relief on the merits is not appropriate on a motion to dismiss. | Determination of factual questions or whether the party is entitled to relief on the merits is not appropriate on a motion to dismiss. | Is a determination of factual questions or whether the party is entitled to relief on the merits not appropriate on a motion to dismiss? |
| 8715 | Schaffner v. 514 W. Grant Place Condo. Ass'n, Inc., 756 N.E.2d 854, 865 (Ill. App. 1st Dist. 2001) | 14 | Whether the evidence of mutual mistake is sufficient for reformation of the instrument is decided at trial, not at the motion to dismiss stage. | Whether the evidence of mutual mistake is sufficient is decided at trial, not at the motion to dismiss stage. | "Is whether the evidence of mutual mistake is sufficient for reformation of the instrument decided at trial, not at the motion to dismiss stage?" |

| 8716 | Murillo v. Page, 294 Ill. App. 3d 860, 864 (Ill. App. Ct. 1998) | 3 | All well-pleaded facts and inferences drawn therefrom are accepted as true when motion to dismiss on pleadings is allowed. | All well-pleaded facts and inferences drawn therefrom are accepted as true when a motion to dismiss on the pleadings is allowed. | Are all well-pleaded facts and inferences drawn therefrom accepted as true when a motion to dismiss on pleadings is allowed? |
| 8717 | Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713 716 (S.D. 1995) | 5 | Mere passage of time is not proper test to determine whether delay in prosecution warrants dismissal. | Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. | Is mere passage of time the proper test to determine whether delay in prosecution warrants dismissal? |
| 8718 | Dept. of Labor Indus. Serv. v. Hill, 118 Idaho 278, 284 (1990) | 12 | In considering motion to dismiss for lack of prosecution, judge should consider length of delay occasioned by failure to prosecute, justification, if any, for such delay, and resultant prejudice. Rules Civ.Proc., Rule 41(b). | When asked to dismiss an action for lack of prosecution under Rule 41(b), a judge must consider "the length of delay occasioned by the failure to prosecute; the justification, if any, for such delay; and the resultant prejudice." | "Should court consider length of delay, justification, if any, for delay, and extent of any resultant prejudice in deciding whether to dismiss case for failure to prosecute?" |
| 8719 | Hidden Brook Air, Inc. v. Thabet Aviation International, 241 F. Supp. 2d 246, 260 (S.D.N.Y. 2002) | 4 | "Actual authority" exists when an agent has the power to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him. Restatement (Second) of Agency S 7 comment. | Actual authority exists when an agent has the power "to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him." | Does authority exist when an agent has the power to conduct a transaction on account of principals manifestation? |
| 8721 | United States v. Lemons, 67 F. Supp. 985, 988  (W.D. Mo. 1946) | 4 | Under Missouri law, a note which is forged by having defendant's name signed thereto by another, without his authority or subsequent ratification, is inoperative and void, whether the holder is an innocent or guilty purchaser. Mo.R.S.A. S 3039. | It is also the law of said state that where a note is forged by having defendant's name signed thereto by another, without his authority or subsequent ratification, it is wholly inoperative and void, whether the holder is an innocent or guilty purchaser. | Is a forged note void? |
| 8725 | London v. Adams, 1998 S.D. 41, ¶ 12 (S.D. 1998) | 5 | Mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. SDCL 15-6-41(b), 15-11-11. | Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. | Is mere passage of time the proper test to determine whether the delay in prosecution warrants dismissal? |
| 8726 | Bentonville Ice & Cold Storage Co. v. Anderson, 53 S.W.2d 993, 994 (Ark. 1932) | 2 and 3 | Agent is bound to make sales in accordance with express direction of owner. Agent is liable for damages resulting from failure to obey principal's direction in making sale, or failure to exercise proper care in absence of such direction. | Of course, an agent is bound to make sales in accordance with the express direction of the owner, Sledge & Norfleet Co. v. Mann, 166 Ark. 358, 266 S. W. 264, and is liable for any damage resulting from a failure to obey the direction of the owner or for failure to exercise proper care in the absence of such direction. | Is an agent bound to make sales in accordance with the express direction of the owner and is liable for any damage resulting from a failure to obey the direction of the owner? |
| 8729 | City of Tullahoma v. Bedford County, 938 S.W.2d 408, 412 (Tenn. 1997) | 5 | "Tax" is revenue raising measure levied for purpose of paying government's general debts and liabilities. | A tax is a revenue raising measure levied for the purpose of paying the government's general debts and liabilities. | Is a tax a revenue raising measure levied for the purpose of paying the government's general debts and liabilities? |

| 8730 | In re Heritage Org., L.L.C., 354 B.R. 407, 429 (N.D. Tex. 2006) | 26 | In determining whether a negotiable instrument is ambiguous under Texas law, court is to give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a different or technical sense. | In determining whether an instrument is ambiguous, the Court is to "give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a different or technical sense." Heritage Resources, Inc. | How do courts treat ambiguity in instruments? |
|---|---|---|---|---|---|
| 8736 | Lee v. Friedman, 637 N.E.2d 1318, 1321 (Ind. Ct. App. 1994) | 10 | Trial court need not impose sanction less severe than dismissal where record of dilatory conduct is clear. | Rather, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. | Does the court need to impose sanction less severe than dismissal where record of dilatory conduct is clear? |
| 8737 | LaPrade v. Lehman, 490 A.2d 1151, 1155-56 (D.C. 1985) | 8 | In the exercise of its discretion to dismiss an action with prejudice, trial court should first resort to lesser, alternative sanctions which it may impose, including dismissal without prejudice, assessment of defendant's costs and reasonable fees against plaintiff, or a finding that plaintiff's lawyer is in contempt of court and imposition of a fine. Civil Rule 41(b). | In the exercise of its discretion under Rule 41(b), the trial court "should first resort to the wide range of lesser sanctions which it may impose." Garces v. Bradley, 299 A.2d 142, 144 (D.C.1973); see Taylor, 407 A.2d at 590. 4 Alternative sanctions *1156 include dismissal without prejudice, 5 an assessment of the defendant's costs and reasonable fees against the plaintiff, 6 or a finding that plaintiff's lawyer is in contempt of court and the imposition of a fine. | "Should the court first resort to lesser, alternative sanctions in the exercise of its discretion to dismiss an action with prejudice?" |
| 8739 | Shackleton v. Neil, 207 Mont. 96, 100 (1983) | 2 | "Failure to prosecute" means that a plaintiff has failed to exercise due diligence in bringing his case to a conclusion. Rules Civ.Proc., Rule 41(b). | Failure to prosecute is not a complicated concept. It simply means that a plaintiff has failed to exercise due diligence in bringing his case to a conclusion. Rule 41(b), M.R.Civ.P., establishes that a defendant can move for involuntary dismissal for this reason. | "Does ""failure to prosecute"" mean that a plaintiff has failed to exercise due diligence in bringing his case to a conclusion?" |
| 8743 | Brown v. Knowles, 307 P.3d 915, 924-25 (Alaska 2013) | 19 | If a plaintiff fails to assert a legal injury entitling the plaintiff to relief, the plaintiff has no legal claim and the suit must be dismissed. | In Alaska if a plaintiff fails to assert a legal injury entitling the plaintiff to relief, the plaintiff has no legal claim and the suit must *925 be dismissed. | "If a plaintiff fails to assert a legal injury entitling the plaintiff to relief, does the plaintiff have no legal claim and the suit must be dismissed?" |
| 8744 | Foy v. Hunter, 106 N.C. App. 614, 618 (1992) | 2 | Trial court may enter sanctions when plaintiff or his attorney violates rule of civil procedure or court order. | Furthermore, a trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order. | Can court enter sanctions when plaintiff or his attorney violates rule of civil procedure or court order? |

| 8748 | Haas v. Falmouth Financial Llc, 783 F. Supp. 2d 801, 806 (E.D. Va. 2011) | 1 | The purported exercise of the TILA rescission right does not automatically cause rescission to occur; rather, because the equitable goal of rescission under TILA is to restore the parties to the status quo ante, the borrower seeking rescission must be able to tender back the borrowed funds to the lender to obtain rescission. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Yet, the purported exercise of the TILA rescission right does not automatically cause rescission to occur because "[t]he equitable goal of rescission under TILA is to restore the parties to the 'status quo ante,' " the borrower seeking rescission must be able to tender back the borrowed funds to the lender to obtain rescission. | What is the equitable goal of rescission under TILA? |
| 8751 | Tucker v. Fayetteville State Univ., 238 N.C. App. 188, 767 S.E.2d 60, 62 (N.C. Ct. App. 2014) | 4 | Before a party may ask the courts for relief from state university decision: (1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by the university must be exhausted. West's N.C.G.S.A. S 150B-43. | "Therefore, before a party may ask the courts for relief from a University decision: (1) the person must be aggrieved; (2) there must be a contested case; and (3) the administrative remedies provided by the University must be exhausted." | Can a party ask the courts for relief from a university decision? |
| 8752 | Brekke v. THM Biomedical, Inc., 683 N.W.2d 771, 777 (Minn. 2004) | 7 | Equitable estoppel is a doctrine addressed to the discretion of the court and is intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights. | Equitable estoppel is a "doctrine addressed to the discretion of the court and is intended to prevent a party from taking unconscionable advantage of his own wrong by asserting his strict legal rights." | Is equitable estoppel addressed to the discretion of the court? |
| 8753 | Barker v. Francis, 741 P.2d 548, 552 (Utah App.,1987) | 10 | Time is of the essence in land contracts only if it can be shown that parties so intended, and this can be demonstrated if contract explicitly states that time is of the essence or includes language that requires forfeiture of deposit or avoidance of contract if deadline is not met or circumstances surrounding transaction imply that parties intended timeliness of performance to be of paramount concern. | Time is of the essence in land contracts only if it can be shown that the parties so intended. This can be demonstrated in two ways. First, the contract can explicitly state that time is of the essence, See Century 21 All Western Real Estate v. Webb, 645 P.2d 52, 55 (Utah 1982), or it can include language that requires a forfeiture of the deposit or an avoidance of the contract if the deadline is not met. Cahoon v. Cahoon, 641 P.2d 140, 144 (Utah 1982); Huck v. Hayes, 560 P.2d 1124, 1126 (Utah 1977). Second, the circumstances surrounding the transaction can imply that "the parties intended timeliness of performance to be of paramount concern." | Is time the essence of land contracts? |
| 8754 | Robbins v. Delta Wire Rope, Inc., 196 So. 3d 700, 706 (La. Ct. App. 2016) | 7 | A dismissal with prejudice is generally contrary to the underlying rationale of a declinatory exception, since such an exception should not defeat the action. LSA-C.C.P. art. 923. | Hence, a dismissal with prejudice is generally contrary to the underlying rationale of a declinatory exception, since such an exception **8 should not defeat the action. | "Is a dismissal with prejudice generally contrary to the underlying rationale of a declinatory exception, since such an exception should not defeat the action?" |

| 8755 | Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713, 716 (S.D. 1995) | 5 | Mere passage of time is not proper test to determine whether delay in prosecution warrants dismissal. | Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. | Is a mere passage of time a proper test to determine whether delay in prosecution warrants dismissal? |
|---|---|---|---|---|---|
| 8756 | Hosey v. County of Victoria, 832 S.W.2d 701, 704 (Tex. App. 1992) | 6 | When court asserts its inherent power to dismiss a case, test to be applied in determining whether the case was properly dismissed is whether the case was prosecuted with due diligence, and factors to be considered are the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and excuses for any delays. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 2. | Finally, when the court asserts its inherent power to dismiss a case, the test to be applied in determining whether the case was properly dismissed is whether the case was prosecuted with due diligence. Factors to be considered are the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and excuses for any delays. | What is the test to be applied by court in determining whether the case was properly dismissed? |
| 8757 | Reichert v. Union Fidelity Life Ins. Co., 360 N.W.2d 664, 667 (Minn. Ct. App. 1985) | 8 | Under extraordinary circumstances, dismissal of an action for lack of prosecution may be justified even though no prejudice to defendant is shown. | Under extraordinary circumstances, however, dismissal for lack of prosecution may be justified even though no prejudice to the defendant is shown. | Can dismissal of an action for lack of prosecution be justified even though no prejudice to defendant is shown? |
| 8758 | State v. Madore,, 96 Conn. App. 271, 279–80 (2006) | 14 | Courts have a necessary inherent power, independent of statutory authorization, to prescribe rules to regulate their proceedings and to facilitate the administration of justice as they deem necessary. | [C]ourts have a necessary inherent power, independent of statutory authorization, to prescribe rules to regulate their proceedings and to facilitate the administration of justice as they deem *280 necessary. | Does power to prescribe rules of procedure to facilitate administration of justice inheres in the court function? |
| 8759 | Wilson v. Edwards, 202 So. 3d 275, 279 (Miss. Ct. App. 2016) | 2 | The trial court's power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss such a complaint for failure to state a claim. Miss. R. Civ. P. 12(b)(6). | However, "[t]he power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss for failure to state a claim" under Rule 12(b)(6)." Id. | Is the power to dismiss a frivolous complaint distinct from a trial court's authority to dismiss such a complaint for failure to state a claim? |
| 8760 | Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187, 1192 (Colo. 2005) | 9 | Similar to the court's role in addressing a motion for summary judgment, a court addressing a motion to dismiss for lack of personal jurisdiction on documentary evidence alone acts as a data collector and not a factfinder; accordingly, the allegations in the complaint must be accepted as true to the extent they are not contradicted by the defendant's competent evidence, and where the parties' competent evidence presents conflicting facts, these discrepancies must be resolved in the plaintiff's favor. Rules Civ.Proc., Rule 12(b)(2). | Similar to the court's role in addressing a motion for summary judgment, a court addressing a 12(b)(2) motion on documentary evidence alone acts as a "data collector" and not a factfinder. Foster-Miller, 46 F.3d at 145; see Leidy's, 811 P.2d at 39. Accordingly, the allegations in the complaint must be accepted as true to the extent they are not contradicted by the defendant's competent evidence, and where the parties' competent evidence presents conflicting facts, these discrepancies must be resolved in the plaintiff's favor. | "Does ""documentary evidence"" consist of the allegations in the complaint along with any affidavits and any other evidence submitted by the parties?" |

| 8761 | Butler v. Standard Life Ins. Co. of the South, 232 Ala. 238, 167 So. 307, 240 (Ala. 1936) | 2 | Principal selecting agent must bear responsibilities and suffer loss for misconduct or failure of agent to adequately represent him within terms of agency. | It is declared that a principal who selects and duly appoints an agent to act for him must bear the responsibilities and suffer loss for the misconduct or failure of such agent to adequately represent the principal within the terms of that agency. | Does the principal bear the responsibilities and suffer loss for the misconduct of an agent he appoints? |
|------|------|------|------|------|------|
| 8763 | John Doe v. Salisbury Univ., 107 F. Supp. 3d 481, 325 Ed. Law Rep. 199, 492 (D. Md. 2015) | 18 | Schools hold an implied power to control school records and to revoke credentials conferred upon students, e.g., degrees, credits, etc., where such actions are in response to a former student's conduct that occurred during the student's enrollment, and as long as the school acts with good cause and after due process, a former student's withdrawal or graduation from school does not end or obviate the relationship, nor does it permanently vest a former student's status with the school. U.S.C.A.Const.Amend. 14. | Schools hold an implied power to control school records and to revoke credentials conferred upon students (e.g., degrees, credits, etc.), where such actions are in response to a former student's conduct that occurred during the student's enrollment, and as long as the school acts with good cause and after due process. A former student's withdrawal or graduation from school does not end or obviate the relationship, nor does it permanently vest a former student's status with the school. | Do schools hold inherent authority to revoke degrees base on academic or disciplinary infractions as long as it could show good cause and due process? |
| 8764 | B F Slosman v. Sonopress, Inc., 148 N.C. App. 81, 557 S.E.2d 176, 88 (N.C. Ct. App. 2001) | 10 | The essential purpose of quasi-estoppel is to prevent a party from benefitting by taking two clearly inconsistent positions. | Such a construction as plaintiff contends would conflict with the essential purpose of quasi-estoppel, which is to prevent a party from benefitting by taking two clearly inconsistent positions. | Is the essential purpose of quasi-estoppel to prevent a party from benefitting by taking two clearly inconsistent positions? |
| 8765 | Couchman v. Cardona, 471 S.W.3d 20, 25 (Tex. App. 2015) | 10 | A motion to dismiss with prejudice is a sanction meant to deter meritless claims and bring them quickly to an end. | A motion to dismiss with prejudice under this chapter is a sanction meant "to deter meritless claims and bring them quickly to an end. | Is a motion to dismiss with prejudice a sanction meant to deter meritless claims and bring them quickly to an end? |
| 8766 | Palm v. 2800 Lake Shore Drive Condo. Ass'n, 2014 IL App (1st) 111290, ¶ 42 (2014) | 9 | A dismissal with prejudice constitutes an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim. | Conversely, 'a dismissal with prejudice constitutes an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim. | Does a dismissal with prejudice constitute an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim? |
| 8767 | Rogaris v. Oliver, 246 Ill. App. 3d 876, 881 (Ill. App. Ct. 1993) | 2 | "Dismissal with prejudice" constitutes adjudication on merits which bars plaintiff from maintaining another action on same claim. | Yet, a dismissal with prejudice constitutes an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim. | Does a dismissal with prejudice constitute an adjudication on the merits which bars the plaintiff from maintaining another action on the same claim? |
| 8768 | Pulte v. Parex, 174 Md. App. 681, 727 (Md. Ct. Spec. App. 2007) | 24 | A trial court has discretion to dismiss a claim with prejudice if it fails to state a claim that could afford relief. Md.Rule 2-322(b)(2). | A trial court has discretion to dismiss a claim with prejudice if it fails to state a claim that could afford relief. See Md. Rule 2-322(b)(2). | Does a trial court have discretion to dismiss a claim with prejudice if it fails to state a claim that could afford relief? |

| 8769 | Chavers v. Fleet Bank, 844 A.2d 666, 678-679 (R.I. 2004) | 9 | Lack of subject matter jurisdiction over a particular claim is not appropriate grounds for granting summary judgment; rather, the court's lack of subject matter jurisdiction, at most, should result in a dismissal on the action without prejudice. | Lack of subject matter jurisdiction over a particular claim is not appropriate grounds for granting summary judgment. Rather, the court's lack of subject matter jurisdiction "at most, should result in a dismissal on the action without prejudice." | Is lack of subject matter jurisdiction over a particular claim not appropriate grounds for granting summary judgment? |
|---|---|---|---|---|---|
| 8770 | Memphis Retail Liquor Dealers' Ass'n, Inc., 547 S.W.2d 244, 245-46 (Tenn. 1977) | 1 | If an imposition is primarily for the purpose of raising revenue, it is a "tax"; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a "fee." | If the imposition *246 is primarily for the purpose of raising revenue, it is a tax; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a fee. | "s an imposition a tax, if its purpose is for the regulation of some activity under the police power of the governing authority?" |
| 8771 | Bullis v. State, 83 Nev. 175, 426 P.2d 423, 176 (Nev. 1967) | 2 | Primary concern in burglary indictment is with the unlawful entry, and intended felony or theft need not be described with same specificity that might be required in charging offense of larceny or another felony. N.R.S. 205.060, 205.220, 205.240. | Since the primary concern in a burglary indictment is with the unlawful entry, the intended felony or theft need not therein be described with the same specificity that might be required in charging the offense of larceny or another felony. | What is the primary concern in an indictment for burglary? |
| 8772 | People v. Escalante, 256 Ill. App. 3d 239, 244 (1994) | 10 | Defendant may be convicted of burglary if evidence shows that he knowingly and without authority entered motor vehicle with intent to steal which may be proven by circumstantial evidence and inferences that may be drawn from that evidence. | "[A] defendant may be convicted of burglary when the evidence shows that he knowingly and without authority enters a motor vehicle with the intent to steal * * *, and this may be proven by circumstantial evidence and the inferences that may be drawn from that evidence." | Can circumstantial evidence establish lack of authority to enter? |
| 8773 | State v. Eastlack, 180 Ariz. 243, 257 (1994) | 21 | Weapon or dangerous instrument obtained by burglar during course of burglary and held as loot or stolen goods does not by itself render burglar "armed" within meaning of first-degree burglary statute. A.R.S. S 13-1508. | He correctly notes the principle that " 'a weapon or dangerous instrument obtained by a burglar during the course of a burglary and held as loot or stolen goods [does] not by itself 'arm' the burglar within the meaning of the Arizona first-degree statute.' " | Does obtaining a weapon as loot during a burglary arm a burglar? |
| 8774 | Spokane v. Spokane Police Guild, 87 Wash. 2d 457, 461-62 (Wash. 1976) | 2 | If primary purpose of legislation is regulation rather than raising revenue, such legislation cannot be classified as a tax even if a burden or charge is imposed. | In addition, if the primary purpose of legislation is regulation rather than raising revenue, the legislation cannot be classified as a tax even if a burden or charge is imposed. | "Where the primary purpose of legislation is regulation rather than raising revenue, can the legislation be classified as a tax?" |
| 8776 | USLIFE Corp. v. U.S. Life Ins. Co., 560 F. Supp. 1302, 1304 (N.D. Tex. 1983) | 3 | Equitable estoppel focuses on relationship between parties to prior litigation, and applies where one of parties has detrimentally relied upon position taken by other party in earlier proceeding. | Equitable estoppel focuses on the relationship between the parties to the prior litigation, and it applies where one of the parties has detrimentally relied upon the position taken by the other party in the earlier proceeding. | Does equitable estoppel focus on the relationship between parties to the prior litigation? |

| | | | | | |
|---|---|---|---|---|---|
| 8777 | Tusino v. Zoning Bd. of Appeals of Douglas, 90 Mass. App. Ct. 89, 56 N.E.3d 863, 865-66 (Mass. App. Ct. 2016) | 2 | A dismissal for lack of subject matter jurisdiction is ordinarily without prejudice because it is typically not an adjudication on the merits. | A dismissal for lack of subject matter jurisdiction, such as we have here, is ordinarily without prejudice because it is **866 "typically not an adjudication on the merits. | Is a dismissal for lack of subject matter jurisdiction ordinarily without prejudice because it is typically not an adjudication on the merits? |
| 8778 | Tex. Tech v. Lucero, 234 S.W.3d 158, 168 (Tex. App. 2007) | 15 | When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal with prejudice is proper. | When a lawsuit is barred by sovereign immunity, the trial court lacks subject matter jurisdiction and dismissal with prejudice is proper. | "When a claim is barred by sovereign immunity, does the trial court lack subject-matter jurisdiction and dismissal with prejudice is proper?" |
| 8779 | Crooked Creek, III, Inc. v. City of Greenwood, 352 Ark. 465, 470-71 (Ark. 2003) | 9 | Words "with prejudice," when used in an order of dismissal, have a definite and well known meaning; they indicate that the controversy is thereby concluded. | The words "with prejudice," when used in an order of dismissal, "have a definite and well known meaning; they indicate *471 that the controversy is thereby concluded." | "Do the words ""with prejudice,"" when used in an order of dismissal indicate that the controversy is thereby concluded?" |
| 8780 | Pitruzello v. Muro, 70 Conn. App. 309, 312 (2002) | 2 | A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Practice Book 1998, S 10-30. | "A ruling on a motion to dismiss is neither a ruling on the merits of the action ... nor a test of whether the complaint states a cause of action. | Is a ruling on a motion to dismiss neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action? |
| 8782 | Hunt v. Dallmeyer, 517 S.W.2d 720, 723 (Mo. Ct. App. 1974) | 2 | Action itself is dismissed only when court sustains motion to dismiss petition without stating anything in order that action is to continue. | An action itself is dismissed only when a court sustains a motion to dismiss a petition without stating anything in the order that the action is to continue. | Is an action itself dismissed only when court sustains motion to dismiss petition without stating anything in order that action is to continue? |
| 8783 | Mongeon v. Burkebile, 79 N.D. 234, 243 (N.D. 1952) | 9 | Dismissal of action or proceeding with prejudice commonly implies not only termination of particular action or proceeding then before court but also right of action upon which it is based. | The dismissal of an action or proceeding 'with prejudice' commonly implies not only the termination of the particular action or proceeding then before the court but also the right of action upon which it is based. | Does a dismissal of action or proceeding with prejudice commonly imply termination of a particular action or proceeding then before court? |
| 8784 | Brock v. Harris, 34 Ala. App. 593, 42 So. 2d 39, 595 (Ala. Crim. App. 1949) | 1 | The statute providing that two non-suits are equivalent to verdict against party suffering them is in derogation of the common law, and is to be strictly construed. Code 1940, Tit. 7, S 254. | Our statute as to two nonsuits being equivalent to a verdict against the party suffering them is therefore in derogation of the common law and to be strictly construed. | Is the statute providing that two non-suits are equivalent to verdict against party suffering them in derogation of the common law? |
| 8785 | Hickman v. Ritchey Coal Co., 252 Ill. App. 560, 563 (Ill. App. Ct. 1929) | 8 | Upon dismissal of suit, parties are out of court and no further proceedings are authorized until judgment of dismissal is vacated and cause reinstated. | Upon the dismissal of a suit the parties are out of court, and no further proceedings are authorized until the judgment of dismissal is vacated and the cause reinstated. | "Upon dismissal of suit, are parties out of court and no further proceedings authorized until judgment of dismissal is vacated and cause reinstated?" |
| 8786 | Cornelius v. Morrill, 302 S.W.3d 176, 179 (Mo. Ct. App. 2010) | 2 | A pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | However, "a pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | Can a pleader plead himself out of court? |

| 8788 | Natixis Real Est. Cap. Tr. 2007-HE2 v. Natixis Real Est. Holdings, LLC, 149 A.D.3d 127, 135, 50 N.Y.S.3d 13, 19 (2017) | 9 | A motion to dismiss for failure to state a cause of action lies if the pleading is defective on its face. McKinney's CPLR 3211(a)(7). | Pursuant to CPLR 3211(a)(7), a motion to dismiss for failure to state a cause of action lies if the pleading is defective on its face. | Does a motion to dismiss for failure to state a cause of action lie if the pleading is defective on its face? |
| 8790 | McLeod v. Marion Laboratories, Inc., 600 S.W.2d 656, 657 (Mo. Ct. App. 1980) | 2 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. | Should defenses be established by pleadings for affirmative defense to be sustained upon bare motion to dismiss? |
| 8791 | Gagliano v. Advanced Specialty Care, P.C., 167 Conn. App. 826, 838 (2016) | 15 | Labels used by the parties in referring to their relationship are not determinative as to agency; rather, a court must look to the operative terms of their agreement or understanding. | Finally, the labels used by the parties in referring to their relationship are not determinative; rather, a court must look to the operative terms of their agreement or understanding." | Are the labels used by the parties in referring to their agency relationship determinative? |
| 8793 | Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 271 (D. Del. 1989) | 14 | Pure agency relationship may develop between two corporations whether the two are parent and subsidiary or completely unrelated outside of limited agency setting since complete or general domination and control of agent by principal is not required. | The pure agency relationship may develop whether the two separate corporations are parent and subsidiary or are completely unrelated outside of the limited agency setting. Phoenix Canada Oil v. Texaco, 842 F.2d at 1477-78. Complete or general domination and control of the agent by the principal is not required. | Can agency relationship develop if the two separate corporations are parent and subsidiary? |
| 8795 | White v. Revco Disc. Drug Centers, Inc., 33 S.W.3d 713, 723 (Tenn. 2000) | 9 | An agency relationship does not require an explicit agreement, contract, or understanding between the parties, and when the facts establish the existence of an agency relationship, it will be found to exist whether the parties intended to create one or not. | An agency relationship does not require an explicit agreement, contract, or understanding between the parties, Warren v. Estate of Kirk, 954 S.W.2d 722, 725 (Tenn.1997), and when "the facts establish the existence of an agency relationship, it will be found to exist whether the parties intended to create one or not." Harben v. Hutton, 739 S.W.2d 602, 606 (Tenn.Ct.App.1987); see also Smith v. Tennessee Coach Co., 183 Tenn. 676, 680–81, 194 S.W.2d 867, 869 (1946). | Does an agency relationship require an explicit agreement or contract? |

| 8796 | Bd. of Overseers of The B. v. Lee, 422 A.2d 998, 1004 (Me. 1980) | 16 | Taxes are primarily intended to raise revenue while license fees are part of a regulatory program and are intended to cover costs of administering such a program under police power of government; test for distinguishing between taxes and license fees relates to the purpose of the assessment and not its effect. | The common distinction between taxes and license fees is that taxes are primarily intended to raise revenue while license fees are part of a regulatory program and are intended to cover costs of administering such a program under the police power of government. City of Philadelphia v. Southeastern Pennsylvania Transportation Authority, 8 Pa.Cmwlth. 280, 287, 303 A.2d 247, 251 (1973). The test is the purpose of the assessment and not its effect. | "If a fee is part of a regulatory program, is such fee taxes or license fees?" |
| 8797 | Philadelphia v. Septa, 8 Pa. Commw. 280, 303 A.2d 247, 287 (Pa. Cmmw. Ct. 1973) | 1 | Common distinction between taxes and license fees is that "taxes" are revenue-producing measures authorized under taxing power of government; while "license fees" are regulatory measures intended to cover costs of administering regulatory scheme authorized under police power of government. | The common distinction is that taxes are revenue-producing measures authorized under the taxing power of government; while license fees are regulatory measures intended to cover the cost of administering a regulatory scheme authorized under the police power of government. | What is the common distinction between taxes and license fees? |
| 8798 | State v. Phelps, 266 Kan. 185, 185 (1998) | 8 | Proper test to determine the reaction of an alleged victim in an intimidation or aggravated intimidation charge is objective, not subjective, i.e., that of a reasonable person; there are exceptions to this rule, such as where the perpetrator has knowledge of a particular vulnerability of the victim and then acts with full knowledge of the victim's vulnerability. | The proper test to determine the reaction of an alleged victim in an intimidation or aggravated intimidation charge is objective, not subjective, i.e., that of a reasonable person. There are exceptions to this rule, such as where the perpetrator has knowledge of a particular vulnerability of the victim and then acts with full knowledge of the victim's vulnerability. | What is the proper test to determine the reaction of an alleged victim in an intimidation charge? |
| 8800 | Caldwell v. Caldwell, 55 So. 2d 258, 263 (La. Ct. App. 1951) | 3 | "Employment" within workmen's compensation law, means an engagement or contract to perform or render some sort of service to one to whom such service is due and injuries sustained by person thus bound, and not of a character otherwise that warrants their exclusion from purview of compensation act, are compensable. LSA-R.S. 23:1021 et seq. | The Workmen's Compensation Law, LSA-RS 23:1021 et seq., applies only to persons 'performing services arising out of and incidental to his employment', etc. Employment means, of course, an engagement or contract to perform or render some sort of service to the one to whom such service is due. Injuries sustained by the person thus bound, and not of a character otherwise that warrants their exclusion from the purview of the Act, are compensable. | "In workmens compensation, does employment mean an engagement or contract to perform or render some sort of service to one to whom such service is due?" |

| | | | | | |
|---|---|---|---|---|---|
| 8803 | Heiden v. Beuttler, 11 F. Supp. 290, 291 (N.D. Iowa 1935) | 3 | Generally, liquidating surviving partner of firm dissolved by death of one partner cannot make a note in name of firm binding copartnership for pre-existing debt, but giving of new note for pre-existing indebtedness of partnership by surviving member does not cancel original indebtedness, unless it was intention of parties to do so. | A partnership is dissolved by the death of one of its partners, and, as a general rule, a liquidating surviving partner of a firm dissolved by the death of one of its partners cannot make a note in the name of the firm binding the copartnership for a pre-existing debt. However, the giving of a new note for a pre-existing indebtedness of a partnership by the surviving member of a firm does not cancel the original indebtedness, unless it was the intention of the parties to do so. | Does a surviving partner have power to make a note in the name of the firm? |
| 8804 | Ankeny v. Lockheed Missiles & Space Co., 88 Cal. App. 3d 531, 537, 151 Cal. Rptr. 828, 832 (Ct. App. 1979) | 6 | In pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise; recitals, references to, or allegations of material facts which are left to surmise are subject to special demurrer for uncertainty. | Also, in pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise. (Philbrook v. Randall (1924) 195 Cal. 95, 103, 231 P. 739.) Those recitals, references to, or allegations of material facts which are left to surmise are subject to special demurrer for uncertainty. (Bernstein v. Piller (1950) 98 Cal.App.2d 441, 443-444, 220 P.2d 558.) | Should the essential facts upon which a determination of the controversy depends be stated with clearness and precision? |
| 8805 | City of Clearwater v. U.S. Steel Corp., 469 So. 2d 915, 916 (Fla. Dist. Ct. App. 1985) | 1 | Res judicata is an affirmative defense and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence. | The city is correct in arguing that the issue of res judicata is an affirmative defense, and affirmative defenses cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate their existence. | Can affirmative defenses be raised in motion to dismiss if allegations of complaint demonstrate their existence? |
| 8806 | McLeod v. Marion Laboratories, Inc., 600 S.W.2d 656, 657 (Mo. Ct. App. 1980) | 2 | For affirmative defense to be sustained upon bare motion to dismiss, defense must be irrefutably established by plaintiff's pleading. V.A.M.R. Civil Rule 55.27(a)(1). | For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. | Should affirmative defense be established by plaintiff's pleading to be sustained upon bare motion to dismiss? |
| 8807 | Anthony v. Tidwell, 560 S.W.2d 908, 909 (Tenn. 1977) | 1 | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appears on face of complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint. | Will a complaint be dismissed if affirmative defense clearly and unequivocally appears on face of complaint? |

| 8808 | Kenley v. Quintana Petroleum, 931 S.W.2d 318, 321 (Tex. App. 1996) | 7 | Party requesting reinstatement following dismissal for want of prosecution has burden to bring forth record establishing that reinstatement was required; affidavit or other competent evidence is required to affirmatively show that no notice was received. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The party requesting reinstatement has the burden to bring forth a record establishing that reinstatement was required. Bard, 767 S.W.2d at 845. An affidavit or other competent evidence is required to affirmatively show that no notice was received. | Does a party requesting reinstatement following dismissal for want of prosecution have a burden to bring forth a record establishing that reinstatement was required? |
| --- | --- | --- | --- | --- | --- |
| 8812 | ATM Ltd. v. Caporicci Footwear Ltd., 867 So. 2d 413, 413-14 (Fla. Dist. Ct. App. 2003) | 3 | After the final dismissal of a claim or complaint, either with or without prejudice, the trial court is without further case jurisdiction and cannot render a judgment of any kind in the case. | It is true that, after the final dismissal of a claim or complaint, either with or without prejudice, the trial court is without further "case jurisdiction" and cannot render a judgment of any kind in the case. | Can a trial court render a judgment after the final dismissal of a claim or complaint? |
| 8813 | Crow v. Giebelhaus, 241 Neb. 4, 486 N.W.2d 207, 4 (Neb. 1992) | 1 | Court's dismissal of action after demurrer has been sustained to petition and plaintiff declines to replead is final order. | A court's dismissal of an action after a demurrer has been sustained to a petition and a plaintiff declines to replead is a final order. | "Is a court's dismissal of action after demurrer has been sustained to petition and plaintiff declined to replead, a final order?" |
| 8814 | Elder v. Robins, 7 Ill. App. 3d 657, 288 N.E.2d 506, 661 (Ill. App. Ct. 1972) | 6 | Dismissal with prejudice has same effect as if case had been completely tried on its merits resulting in judgment adverse to plaintiff. | The general rule is as stated by respondent that a dismissal with prejudice has the same effect as if the case had been completely tried on its merits resulting in judgment adverse to plaintiff. | Does a dismissal with prejudice have the same effect as if a case had been completely tried on its merits resulting in judgment adverse to a plaintiff? |
| 8815 | Bank of Am., N.A. v. 414 Midland Ave. Assocs., LLC, 78 A.D.3d 746, 750, 911 N.Y.S.2d 157, 161 (2010) | 8 | Affirmative defense which merely pleads conclusions of law without any supporting facts should be dismissed. McKinney's CPLR 3211(b). | However, where affirmative defenses "merely plead conclusions of law without any supporting facts," the affirmative defenses should be dismissed pursuant to CPLR 3211(b) (Fireman's Fund Ins. Co. v. Farrell, 57 A.D.3d 721, 723, 869 N.Y.S.2d 597). | Should affirmative defense which merely pleads conclusions of law without any supporting facts be dismissed? |
| 8816 | Fuller Family Holdings v. Northern Trust, 371 Ill. App. 3d 605, 613 (2007) | 3 | In reviewing the grant of a motion to dismiss based on defects or defenses which avoid or defeat claims, the Appellate Court accepts as true the well-pled allegations of the plaintiff's complaint and the evidentiary facts in a defendant's supporting affidavit which have not been refuted in a counteraffidavit of the plaintiff. S.H.A. 735 ILCS 5/2-619. | In reviewing the grant of a motion to dismiss under section 2-619, this court accepts as true the well-pled allegations of the plaintiff's complaint and the evidentiary facts in a defendant's supporting affidavit which have not been refuted in a counteraffidavit of the plaintiff. | When will a court accept well pleaded allegations as true? |

| 8819 | Simpson v. Co. Nationale Air France, 42 Ill. 2d 496, 498 (1969) | 1 | A "broker", as distinguished from an agent, sustains no fixed and permanent employment by or in relation to any principal, but holds himself out for employment by public generally, his employment being that of special agent for single object, whereas "agent" sustains fixed and permanent relation to his principal and owes permanent and continued allegiance. | The court there said: 'A broker is distinguished from an agent in that a broker sustains no fixed and permanent employment by, or relation to, any principal, but holds himself out for employment by the public generally, his employment in each instance being that of special agent for a single object, (citation) whereas an agent sustains a fixed and permanent relation to the principal he represents and owes a permanent and continued allegiance.' | How is a broker distinguished from an agent? |
|---|---|---|---|---|---|
| 8821 | In re Ifs Financial Corp., 417 B.R. 419, 444 (S.D. Tex. 2009) | 34 | Under Texas Law, "agency" is a legal relationship created by the express or implied agreement between the parties, or by operation of law, under which the agent is authorized to act for and on behalf of the principal, and subject to the principal's control. | "Under Texas Law, agency is a legal relationship created by the express or implied agreement between the parties, or by operation of law, under which the agent is authorized to act for and on behalf of the principal, and subject to the principal's control." | Is an agent subject to the principal's control? |
| 8822 | Johnson v. Owens, 629 S.W.2d 873, 875 (Tex. App. 1982) | 2 | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | An essential element of proof of agency is that the alleged principal has both the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task. | Is the right to assign the agents task an essential element of agency? |
| 8824 | Majlinger v. Cassino Contracting Corp., 25 A.D.3d 14, 20, 802 N.Y.S.2d 56, 61 (2005), aff'd sub nom. Balbuena v. IDR Realty LLC, 6 N.Y.3d 338, 845 N.E.2d 1246 (2006) | 1 | When Congress enacts a statute touching the rights, privileges, obligations or burdens of aliens as such, the statute is the supreme law of the land. | When Congress enacts a statute "touching the rights, privileges, obligations or burdens of aliens as such ... the statute is the supreme law of the land" (Hines v. Davidowitz, 312 U.S. 52, 63, 61 S.Ct. 399, 85 L.Ed. 581; see U.S. Const., art. I, § 8[4]; Nyquist v. Mauclet, 432 U.S. 1, 10, 97 S.Ct. 2120, 53 L.Ed.2d 63 ["Control over immigration and naturalization is entrusted exclusively to the Federal Government, and a State has no power to interfere"] ). | Does a statute enacted by Congress touching on the rights & privileges of aliens becomes the supreme law of the land? |
| 8825 | Arizona v. United States, 567 U.S. 387, 402 (2012) | 8 | Even if State may make violation of federal law a crime in some instances, it cannot do so in field, like field of alien registration, that has been occupied by federal law. U.S.C.A. Const. Art. 6, cl. 2. | Even if a State may make violation of federal law a crime in some instances, it cannot do so in a field (like the field of alien registration) that has been occupied by federal law. | Can a state make a violation of federal law a crime in a field that has been occupied by federal law? |

| 8827 | Metzger v. Breeze Corporations, 37 F. Supp. 693, 695 (D.N.J. 1941) | 2 | The Federal rules are based on the theory of a rather general form of pleading and enjoin simplicity, conciseness and directness, while eschewing technical forms. Fed.Rules Civ.Proc., rule 8(e)(1,2), (f), 28 U.S.C.A. | However, the Federal Rules of Civil Procedure for District Courts are based on the theory of a rather general form of pleading 13 , they enjoin simplicity, conciseness and directness and technical forms are eschewed. | Are the Federal Rules of Civil Procedure based on the theory of a rather general form of pleading? |
|---|---|---|---|---|---|
| 8828 | Dorin v. Occidental Life Ins. Co., 132 Ill. App. 2d 387, 270 N.E.2d 515, 390 (Ill. App. Ct. 1971) | 1 | Defenses which are in their nature factual rather than legal do not constitute grounds for a motion to dismiss, but must be set forth in an answer to plaintiff's pleading. | Defenses which are in their nature factual rather than legal do not constitute grounds for a motion to dismiss, but must be set forth in an answer to the plaintiff's pleading. | Can defenses which are factual set forth in an answer to plaintiff's pleading? |
| 8830 | Stephens v. Messick, 2002 PA Super 117, ¶ 8 (2002) | 2 | Initial entry of a judgment of non pros and a subsequent request for relief from a judgment of non pros are governed by different standards. | It is significant that the initial entry of a judgment of non pros and a subsequent request for relief from a judgment of non pros are governed by different standards. | Are an initial entry of a judgment of non pros and a subsequent request for relief from a judgment of non pros governed by different standards? |
| 8831 | Olson v. Accessory Controls Equipment Corp., 54 Conn. App. 506, 515 (Conn. App. Ct. 1999) | 5 | Ruling on motion to dismiss is neither a ruling on the merits of the action, nor a test of whether the complaint states a cause of action. | "A ruling on a motion to dismiss is neither a ruling on the merits of the action ... nor a test of whether the complaint states a cause of action.... Motions to dismiss are granted solely on jurisdictional grounds | "Is a ruling on a motion to dismiss neither a ruling on the merits of the action, nor a test of whether the complaint states a cause of action?" |
| 8832 | Housing v. Pinnacle Monterey LLC, 116 F. Supp. 3d 1010, 1034 (N.D. Cal. 2015) | 10 | Under California law, the statutory power of a principal to revoke an agency is independent and distinguishable from a contractual right to terminate that relationship. Cal. Civ. Code S 2356. | Of course, the parties are well aware that the statutory power of a principal to revoke an agency is "independent and distinguishable from a contractual right" to terminate that relationship. | Is the statutory power of a principal to revoke an agency independent and distinguishable from a contractual right to terminate the relationship? |
| 8833 | Menard Inc. v. Dep't of Treasury. Sears Roebuck & Co., 302 Mich. App. 467, 480 (2013) | 29 | Pursuant to the General Sales Tax Act (GSTA), business persons engaged in making sales at retail must pay an annual tax for the privilege of engaging in business in this state. M.C.L.A. S 205.52(1). | Pursuant to MCL 205.52(1) of the GSTA, business persons engaged in making sales at retail must pay an annual tax for the privilege of engaging in business in this state. | Is the sales tax imposed on the retailer for the privilege of engaging in the business of making retail sales? |
| 8834 | In re Lee's Est., 17 Misc. 2d 575, 576, 187 N.Y.S.2d 469, 470 (Sur. 1959), decree aff'd sub nom. Matter of Lee's Est., 13 A.D.2d 724, 217 N.Y.S.2d 484 (1961) | 1 | The unexplained delivery of a check by one person to another does not raise any inference that it was given as a loan but the presumption is that it was given in discharge of an obligation rather than in creation of a new one. | The rule is well settled that the unexplained delivery of a check by one person to another does not raise any inference that it was given as a loan. On the contrary, the presumption is that it was given in discharge of an obligation rather than the creation of a new one (Nay v. Curley, 113 N.Y. 575, 577, 21 N.E. 698, 699; Koehler v. Adler, 78 N.Y. 287, 291; Poucher v. Scott, 33 Hun 223, 228, Poucher v. Scott, 33 Hun 223, 228, affirmed 98 N.Y. 422, 424; Matter of Bakri's Estate, Sur., 109 N.Y.S.2d 654). | Does unexplained delivery of a check raise a presumption that it was given in payment of a debt? |

| 8835 | U.S. v. Denogean, 79 F.3d 1010, 1013 (10th Cir. 1996) | 3 | Defendant's failure to judicially contest civil forfeiture action is fatal to double jeopardy challenge to subsequent criminal proceeding. U.S.C.A. Const.Amend. 5. | a defendant's failure to judicially contest a civil forfeiture action is fatal to her double jeopardy challenge to a subsequent criminal proceeding. | Is a defendant's failure to contest civil forfeiture action fatal to a double jeopardy challenge? |
|---|---|---|---|---|---|
| 8836 | State v. Storer, 368 S.W.3d 293, 295 (Mo. Ct. App. 2012) | 3 | Dismissal filed after a jury has been impaneled and sworn is with prejudice, pursuant to statute, unless the defendant has consented to having the case dismissed without prejudice. V.A.M.S. S 56.087(2, 4). | Applying that definition yields the clear result that a dismissal filed after the jury has been impaneled and sworn is with prejudice unless the "defendant has consented to having the case dismissed without prejudice." See sections 56.087.2 and 56.087.4. | "Is a dismissal filed after a jury has been impaneled and sworn is with prejudice, unless the defendant has consented to having the case dismissed without prejudice?" |
| 8837 | In re Marcus B., 95 A.D.3d 15, 18, 942 N.Y.S.2d 38, 41 (2012) | 2 | Double Jeopardy Clause limits instances in which mistrial can be declared without criminal defendant's consent. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, § 6. | The Double Jeopardy Clause limits the instances in which a mistrial can be declared without a criminal defendant's consent because the defendant possesses a "valued right to have his trial completed by a particular tribunal." Hall v. Potoker, 49 N.Y.2d 501, 505, 427 N.Y.S.2d 211, 214, 403 N.E.2d 1210, 1212 (1980) (internal quotation marks omitted). | Does the Double Jeopardy Clause limit instances in which a mistrial can be declared without a criminal defendant's consent? |
| 8838 | Peasley v. White, 129 Me. 450, 452 (Me. 1930) | 1 | Automobile driver encountering fog is not bound as matter of law to stop and wait for fog to lift to escape charge of negligence. | The driver of an automobile, encountering a fog, is not bound as a matter of law to stop and wait for the fog to lift in order to escape the charge of negligence. | Is the driver of an automobile required to stop and wait for fog to lift in order to escape the charge of negligence? |
| 8840 | Roberts v. Mississippi State Highway Commission, 309 So. 2d 156, 159 (Miss. 1975) | 3 | Regulation of vehicle and load weights is long-recognized and long-used method of maintaining and preserving state's highways. Code 1972, S 65-1-47. | The regulation of vehicle and load weights is a long-recognized and long-used method of maintaining and preserving the state highways. | Is the regulation of vehicle and load weights a long-recognized and long-used method of maintaining and preserving the state highways? |
| 8842 | McErlean v. Union Nat'l Bk. of Chicago, 90 Ill. App. 3d 1141, 1149 (Ill. App. Ct. 1980) | 15 | Leave to amend is properly denied where it is apparent that plaintiff will be unable to plead viable cause of action. | 22, 404 N.E.2d 406.) Further, leave to amend is properly denied where, as here, it is apparent that plaintiff will be unable to plead a viable cause of action. | Is leave to amend properly denied where it is apparent that a plaintiff will be unable to plead a viable cause of action? |
| 8843 | Inserra v. Porto, 33 A.D.2d 1092, 1092, 308 N.Y.S.2d 255, 256 (1970) | 1 | To prevail on motion to vacate default, movant must present facts showing a justifiable excuse for default as well as a meritorious defense. | It has long been the rule that to permit a defaulting party to prevail upon a motion to vacate, he must present facts showing a justifiable excuse for the default as well as a meritorious defense (Hurley v. Reoux, 29 A.D.2d 789, 287 N.Y.S.2d 163; Community Nat. Bank v. Mon-Ami Corp., 23 A.D.2d 511, 255 N.Y.S.2d 116). | "On a motion by a defaulting party to vacate order of dismissal, should he show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action?" |

| 8844 | Mississippi Rice Gr. Ass'n, 191 So. 2d 399, 405 (Miss. 1966) | 6 | Trial court can reinstate any case during that term of court, or change any order entered at that term of court, for any reason satisfactory to court without notice to adverse party. | We are of the opinion that a trial court can reinstate any case during that term of court, or change any order entered at that term of court, for any reason satisfactory to the court without notice to the adverse party. | Can a court reinstate a case without notice to adverse party during its term in which it was dismissed? |
|------|------|------|------|------|------|
| 8846 | Pontiac Lodge No. 294 v. Dep't of Revenue, 243 Ill. App. 3d 186, 189 (1993) | 4 | Circuit court has reasonable discretion in determining whether to reinstate complaint after it has been dismissed for want of prosecution. | Even when the pleading involved is a criminal complaint, the circuit court has reasonable discretion in determining whether to reinstate such a complaint after it has been dismissed for want of prosecution. | Does a circuit court have reasonable discretion in determining whether to reinstate a complaint after it has been dismissed for want of prosecution? |
| 8847 | Bristol Co. v. Osman, 190 P.3d 752, 759 (Colo. App. 2008) | 19 | A trial court should allow amendment of a complaint when it will cure a deficiency that otherwise would justify dismissal. | However, the trial court should allow amendment of the complaint when it will cure a deficiency that otherwise would justify dismissal. | Should a trial court allow amendment of a complaint when it will cure a deficiency that otherwise would justify dismissal? |
| 8849 | In re Cty. Collector of Lake Cty., 343 Ill. App. 3d 363, 363 (2003) | 8 | Generally, the trial court should give a plaintiff at least one opportunity to cure the defects in his or her complaint before dismissing complaint. | Generally, the trial court should give a plaintiff at least one opportunity to cure the defects in his or her complaint. | Should the trial court give a plaintiff at least one opportunity to cure the defects in his or her complaint before dismissing? |
| 8850 | Olin Corp. v. Coastal Water Authority, 849 S.W.2d 852, 855 (Tex. App. 1993) | 6 | Ordinarily, litigant may refile action that has been dismissed for want of prosecution, since merits of action remain undecided. | Ordinarily, a litigant may refile an action that has been dismissed for want of prosecution, since the merits of the action remain undecided. | "Can a litigant refile an action that has been dismissed for want of prosecution, since merits of action remain undecided?" |
| 8852 | State ex Rel. Dawson v. Superior Court, 16 Wash. 2d 300, 304 (1943) | 5 | The dismissal of an action for want of prosecution, in absence of statute or court rule creating the power and guiding its action, is in discretion of trial court. | The dismissal of an action for want of prosecution, in the absence of statute or rule of court creating the power and guiding its action, is in the discretion of the court. | Is the dismissal of an action for want of prosecution in the discretion of the court in the absence of a guiding statute or rule of court? |
| 8854 | Espinoza v. 373-381 Park Ave. S., LLC, 68 A.D.3d 532, 533, 891 N.Y.S.2d 355, 356 (2009) | 2 | The nature and degree of the penalty to be imposed on a motion to dismiss for want of prosecution is a matter of discretion with the court. | The nature and degree of the penalty to be imposed on a motion to dismiss for want of prosecution is a matter of discretion with the court (Palmenta v. Columbia Univ., 266 A.D.2d 90, 91, 698 N.Y.S.2d 657 [1999] ) | Is the nature and degree of the penalty to be imposed on a motion to dismiss for want of prosecution a matter of discretion with the court? |
| 8855 | Waldorf Inv. Co. v. Farris, 918 S.W.2d 915, 919 (Mo. Ct. App. 1996) | 8 | Dismissal for failure to prosecute is matter within trial court's discretion which will be reversed only upon abuse of discretion. | Dismissal for failure to prosecute is a matter within the trial court's discretion which will be reversed only upon an abuse of discretion. | Is the dismissal for failure to prosecute a matter within trial court's discretion which will be reversed only upon abuse of discretion? |
| 8856 | Clark v. Yarbrough, 900 S.W.2d 406, 408 (Tex. App. 1995) | 1 | Trial court has authority to dismiss case for want of prosecution pursuant to statutory or inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court has the authority to dismiss a case for want of prosecution pursuant to Rule 165a or its inherent powers. | Does the court have authority to dismiss case for want of prosecution pursuant to statutory or inherent powers? |

| 8862 | Bologna Bros. v. Morrissey, 154 So. 2d 455, 459-60 (La. Ct. App. 1963) | 5 | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | It is settled in Louisiana that every endorsement, accommodation or otherwise, is essentially an *460 original contract, equivalent to a new note or bill in favor of the holder and that accommodation paper is governed by the same rules as other paper. | "Is every endorsement, accommodation or otherwise, essentially a contract?" |
| 8864 | U.S. v. Vega, 72 F.3d 507, 514 (7th Cir. 1995) | 16 | Where civil forfeiture settles without hearing, jeopardy does not attach until district court accepts settlement. U.S.C.A. Const.Amend. 5. | Where the civil forfeiture settles without a hearing, it follows that jeopardy does not attach until the district court accepts the settlement. | "Where civil forfeiture settles without hearing, does jeopardy not attach until a district court accepts settlement?" |
| 8865 | U.S. v. Lara-Ramirez, 519 F.3d 76, 82 (1st Cir. 2008) | 4 | A defendant may waive his right to avoid double jeopardy by consenting to a mistrial; ordinarily, the prosecution may then proceed with a new trial. U.S.C.A. Const.Amend. 5. | A defendant may waive his right to avoid double jeopardy by consenting to a mistrial; ordinarily, the prosecution may then proceed with a new trial. | Can a defendant waive his right to avoid double jeopardy by consenting to a mistrial? |
| 8866 | United States v. Westoff, 653 F.2d 1047, 1049 (5th Cir. 1981) | 2 | In determining constitutionality of retrial after mistrial, test is whether all circumstances of case, not abstract formulae, warrant mistrial and retrial. U.S.C.A.Const. Amend. 5. | In determining the constitutionality of a retrial after a mistrial, the test is whether all the circumstances of the case, not abstract formulae, warrant mistrial and retrial. | "In determining constitutionality of retrial after mistrial, is the test whether all circumstances of a case, not abstract formulae, warrant mistrial and retrial?" |
| 8868 | Asshauer v. Wells Fargo, 263 S.W.3d 468, 474 (Tex. App. 2008) | 10 | In a limited partnership, a general partner is always liable for the partnership's debts and obligations; therefore, alter ego or piercing the corporate veil is inapplicable with regard to a partnership because no "veil" needs "piercing." Vernon's Ann.Texas Civ.St. art. 6132a-1. | Therefore, in a limited partnership, the general partner is always liable for the debts and obligations of the partnership. Pinebrook Props., Ltd., 77 S.W.3d at 499. As such, alter ego or piercing the corporate veil is inapplicable with regard to a partnership because there is no veil that needs piercing, even when dealing with a limited partnership, because the general partner, as noted, is always liable for the debts and obligations of the partnership to third parties. | Is the theory of alter ego or the piercing the corporate veil applicable to partnerships? |
| 8872 | Miller v. Kossey, 802 S.W.2d 873, 877 (Tex. App. 1991) | 6 | One of fundamental powers possessed by trial court is power to dismiss case when litigant refuses to prosecute case. | One of the fundamental powers possessed by a trial court is the power to dismiss a case when a litigant refuses to prosecute the case. | Is one of the fundamental powers possessed by trial court is the power to dismiss case when litigant refuses to prosecute case? |
| 8873 | City of Philadelphia v. Public Utility, 676 A.2d 1298, 1307 (Pa. Cmmw. Ct. 1996) | 14 | Classic "tax" is imposed by legislature upon many or all citizens, raises money, contributed to general fund, and spent for benefit of entire community. | The classic tax is "imposed by a legislature upon many, or all citizens … raises money, contributed to a general fund, and spent for the benefit of the entire community". | Is a classic tax imposed by a legislature upon all citizens? |
| 8874 | Wisconsin v. J.C. Penney Co., 311 U.S. 435, 445 (1940) | 9 | The fact that a tax is contingent on events brought to pass without a state does not destroy the link between such a tax and transactions within a state for which the tax is an exaction. | The fact that a tax is contingent upon events brought to pass without a state does not destroy the nexus between such a tax and transactions within a state for which the tax is an exaction." | Does the fact that a tax is contingent upon events brought to pass without a state destroy the nexus between such a tax and transactions? |

| 8876 | Floyd v. Logisticare, Inc., 255 Ga. App. 702, 566 S.E.2d 423, 702-03 (Ga. Ct. App. 2002) | 2 | Dismissal of an action for failure of the plaintiff to prosecute is discretionary and is subject to appellate review for abuse of discretion; likewise, the denial of a motion to reinstate a dismissed action is discretionary. | Dismissal of an action for failure of the plaintiff to prosecute does not operate as an adjudication on the merits. 1 Such a dismissal is discretionary and is subject to appellate review for abuse of discretion. 2 *703 Likewise, the denial of a motion to reinstate a dismissed action is discretionary. | Is a dismissal of an action for failure of the plaintiff to prosecute discretionary and is subject to appellate review for abuse of discretion? |
|---|---|---|---|---|---|
| 8878 | People v. Zendano, 31 Misc. 2d 145, 148, 136 N.Y.S.2d 106, 108–09 (Co. Ct. 1954) | 2 | If trial is necessarily brought to conclusion properly before rendition of verdict, this is no indication of acquittal, nor is it double jeopardy for defendant to be tried again. | However, it is likewise well-recognized that if a trial is necessarily brought to a conclusion properly before the rendition of a verdict, this is no indication of acquittal, nor is it double jeopardy for the defendant to be tried again. | "If trial is necessarily brought to conclusion properly before rendition of a verdict, is this no indication of acquittal?" |
| 8880 | In re Gray, 179 Cal.App.4th 1189, 1191 (2009) | 9 | Every courtroom in which a deputy county clerk is assigned under the law is just as much a part of the county clerk's office as if the partitions were removed and it was in fact a part of one room. West's Ann.Cal.Gov.Code S 69841. | Thus, " 'every courtroom in which a deputy county clerk is assigned under the law is just as much a part of the county clerk's office as if the partitions were removed and it was in fact a part of one room.' " | Is every courtroom in which a deputy county clerk is assigned a part of the county clerk's office? |
| 8881 | U.S. Commodity Futures Trading Comm'n v. Kratville, 796 F.3d 873, 891-92 (8th Cir. 2015) | 14 | Commodity Exchange Act (CEA) is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. 7 U.S.C.A. S 1 et seq. | 12 "In applying these various elements to the present case, we are guided by the principle that the CEA is a remedial statute that serves the crucial purpose of protecting the innocent individual investor- who may know little about the intricacies and complexities of the commodities market-from being misled or deceived. | What is the legislative purpose of the Commodity Exchange Act (CEA)? |
| 8884 | U.S. v. Leyland, 277 F.3d 628, 633 (2d Cir. 2002) | 10 | A criminal prosecution following a civil forfeiture is not considered a second punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5. | Thus a criminal prosecution following a civil forfeiture is not considered a second punishment for double jeopardy purposes. | Is a criminal prosecution following a civil forfeiture not considered a second punishment for double jeopardy purposes? |
| 8886 | U.S. v. Doyer, 907 F. Supp. 1519, 1524 (M.D. Fla. 1995) | 10 | For double jeopardy purposes, jeopardy attaches in civil forfeiture proceeding when evidence is first presented to the trier of fact. U.S.C.A. Const.Amend. 5. | Jeopardy did not attach to the civil judgments entered by default. [10] [11] Jeopardy attaches in a civil forfeiture proceeding when evidence is first presented to the trier of fact. | "For double jeopardy purposes, does jeopardy attach in a civil forfeiture proceeding when evidence is first presented to the trier of fact?" |
| 8887 | U.S. v. Palmer, 122 F.3d 215, 218 (5th Cir. 1997) | 2 | When defendant consents to mistrial before jury reaches verdict, double jeopardy will not bar reprosecution; thus consent can either be express or implied. U.S.C.A. Const.Amend. 5. | When a criminal defendant consents to a mistrial before the jury reaches a verdict, double jeopardy will not bar a reprosecution. Id. at 549. This consent can either be express or implied. | "Can a defendant's consent to a mistrial, such as will remove the double jeopardy bar to a second trial, be either express or implied?" |
| 8888 | Commonwealth of Kentucky v. Deloney, 20 S.W.3d 471, 474 (Ky. 2000) | 3 | As a general rule, a mistrial granted on the defendant's motion removes any double jeopardy bar to a retrial. U.S.C.A. Const.Amend. 5. | As a general rule, a mistrial granted on the defendant's motion removes any double jeopardy bar to a retrial. | "As a general rule, does a mistrial granted on the defendant's motion remove any double jeopardy bar to a retrial?" |

| 8889 | Kemph v. Commonwealth, 17 Va. App. 335, 437 Ct. App. 1993) | 2 | When defendant requests mistrial due to intentional prosecutorial misconduct, double jeopardy bar will apply; Commonwealth cannot use its own misconduct to gain advantage any more than can defendant. U.S.C.A. Const.Amend. 5. | However, when a defendant requests a mistrial because of intentional prosecutorial misconduct, the double jeopardy bar will apply. Oregon v. Kennedy, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982). The Commonwealth cannot use its own misconduct **214 to gain an advantage any more than can the defendant. | Can a commonwealth use its own misconduct to gain an advantage by forcing a defendant to request mistrial? |
| --- | --- | --- | --- | --- | --- |
| 8890 | U.S. v. Gonzalez, 248 F.3d 1201, 1203 (10th Cir. 2001) | 2 | As a general rule, the Double Jeopardy Clause does not bar retrial where a defendant moves successfully for a mistrial. U.S.C.A. Const.Amend. 5. | The general rule is that the Double Jeopardy Clause does not bar retrial where a defendant moves successfully for a mistrial. | "As a general rule, does the Double Jeopardy Clause not bar retrial where a defendant moves successfully for a mistrial?" |
| 8891 | People v. Elmore, 59 Cal. 4th 121, 133 (2014) | 5 | The adverb "unlawfully" in the express malice definition means simply that there is no justification, excuse, or mitigation for the killing recognized by the law. West's Ann.Cal.Penal Code S 188. | " 'The adverb "unlawfully" in the express malice definition means simply that there is no justification, excuse, or mitigation for the killing recognized by the law.' " | Does the adverb unlawfully in the express malice definition mean that there is no justification for killing recognized by the law? |
| 8892 | Gerbig v. White Motor Credit, 165 Mich. App. 372, 373-74 (1987) | 1 | Reinstatement of cause of action dismissed for no progress is within discretion of trial court and its determination will not be disturbed absent abuse of discretion. | The reinstatement of a cause of action dismissed for no progress is within the *374 discretion of the trial court and its determination will not be disturbed absent an abuse of discretion. | Is it within the trial courts discretion to dismiss the reinstatement of a cause of action for no progress? |
| 8893 | Wigglesworth v. Mauldin, 195 Ariz. 432, 439, 990 P.2d 26, 33 (Ct. App. 1999) | 15 | Before the trial court grants motion to dismiss for failure to state claim, non-moving party should be given opportunity to amend complaint if such amendment cures its defects. 16 A.R.S. Rules Civ.Proc., Rule 12(b), subd. 6. | ¶ 26 Before the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects. See Sun World Corp. v. Pennysaver, Inc., 130 Ariz. 585, 589, 637 P.2d 1088, 1092 (App.1981). | "If requested, should the non-moving party be given an opportunity to amend the complaint if such an amendment cures its defects?" |
| 8895 | Davis v. Zoning Board of Adjustment of La Porte, 853 S.W.2d 650, 652 (Tex. App. 1993) | 1 | Trial court has inherent authority to dismiss lawsuit for party's failure to prosecute it with due diligence, even without statutory or rule authority. | A court has the authority to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority. | Does the trial court have inherent authority to dismiss lawsuit for party's failure to prosecute it with due diligence? |
| 8900 | In re Gutierrez, 526 B.R. 449, 450 (2015) | 9 | If lessee may not terminate lease during its term and any one of residual value factors is present, the transaction is a sale without consideration of any other facts and circumstances. | If the lessee may not terminate the lease during its term and any one of the Residual Value Factors is present, the transaction is a sale without consideration of any other facts and circumstances." | When is a transaction a sale without consideration of any other facts and circumstances? |

| 8901 | Blythe v. Commonwealth, 222 Va. 722, 284 S.E.2d 796, 723 (Va. 1981) | 4 | Constitutional provision concerning double jeopardy embodies three guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A.Const.Amend. 5. | The constitutional provision concerning double jeopardy embodies three guarantees: "(1) 'It protects against a second prosecution for the same offense after acquittal. [(2)] It protects against a second prosecution for the same offense after conviction. [(3)] And it protects against multiple punishments for the same offense.' " | What does the constitutional provision concerning double jeopardy guarantee? |
| --- | --- | --- | --- | --- | --- |
| 8902 | State v. Thacker, 157 So. 3d 798, 818 (La. Ct. App. 2015) | 23 | The constitutional protections against double jeopardy prevent a second prosecution for the same offense after an acquittal or conviction, and prevent multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; LSA-Const. Art. 1, S 15. | "The constitutional protections against double jeopardy prevent a second prosecution for the same offense after an acquittal or conviction, and prevent multiple punishments for the same offense." | Do the constitutional protections against double jeopardy prevent a second prosecution for the same offense after an acquittal or conviction? |
| 8903 | State v. Villanueva-Gonzalez, 180 Wash. 2d 975, 980 (2014) | 3 | The prohibition on double jeopardy generally means that a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | The prohibition on double jeopardy generally means that a person cannot be prosecuted for the same offense after being acquitted, be prosecuted for the same offense after being convicted, or receive multiple punishments for the same offense. | Does double jeopardy mean that a person cannot be prosecuted for the same offense after being acquitted? |
| 8904 | State v. Baca, 1997-NMSC-018 | 11 | Constitutional jeopardy attaches, under both state and federal law, in a jury trial when a jury is impaneled and sworn to hear a case and in a bench trial when the trial judge first starts hearing evidence. U.S.C.A. Const.Amend. 6; West's NMSA Const. Art. 2, S 15. | Constitutional jeopardy attaches in a jury trial when a jury is impaneled and sworn to hear a case and in a bench trial when the trial judge first starts hearing evidence. | Will a constitutional jeopardy be attached when the judge first starts hearing evidence? |
| 8906 | Morris v. Friedman, 663 So. 2d 19, 25 (La. 1995) | 8 | Party having the means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim estoppel. | However, a party having the means readily and conveniently available to determine the true facts, but who fails to do so, cannot claim estoppel. | "Can a party having the means readily and conveniently available to determine the true facts, but who fails to do so, claim estoppel?" |
| 8907 | In re Estate of Snook, 272 Kan. 1256, 1256 (2002) | 8 | There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved, and estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction. | There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved. Estoppel will not be deemed to arise from facts which are ambiguous and subject to more than one construction. | Will estoppel be deemed to arise from facts which are subject to more than one construction? |
| 8908 | Bogenberger v. Pi Kappa Alpha Corp., 404 Ill. Dec. 438, 56 N.E.3d 1, 2016 Ill. App. 150128, 452 (Ill. App. Ct. 2016) | 11 | An allegation made on information and belief is not equivalent to an allegation of relevant fact, but at the pleading stage a plaintiff will not have the benefit of discovery tools to discern certain facts. | This court has acknowledged that " '[a]n allegation made on information and belief is not equivalent to an allegation of relevant fact' [citation], but at the pleading stage a plaintiff will not have the benefit of discovery tools" to discern certain facts. | Is an allegation made on information and belief equivalent to an allegation of relevant fact? |
| 8909 | In re Strickland, 2002 WL 58482, at *1 (Tex. App. Jan. 17, 2002) | 4 | A trial judge has plenary power to reinstate a case within 30 days of dismissal for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | A trial judge has plenary power to reinstate a case within 30 days of dismissal for want of prosecution. | Does a trial judge have plenary power to reinstate a case within 30 days of dismissal for want of prosecution? |

| 8910 | Sanchez v. U.S., 919 A.2d 1148, 1149 (D.C. 2007) | 1 | Retrial of a criminal defendant after a mistrial over his objection and unsupported by manifest necessity violates double jeopardy. U.S.C.A. Const.Amend. 5. | Retrial of a criminal defendant after a mistrial over his objection and unsupported by "manifest necessity" violates double jeopardy. | Does retrial of a criminal defendant after a mistrial over his objection and unsupported by manifest necessity violate double jeopardy? |
|---|---|---|---|---|---|
| 8911 | Bernard Group v. New Hope Alternative, 153 Ohio App. 3d 393, 397 (2003) | 5 | A trial court's decision to dismiss a case for lack of prosecution rests within its sound discretion. | We recognize that a trial court's decision to dismiss a case for lack of prosecution rests within its sound discretion. | Does a trial court's decision to dismiss a case for lack of prosecution rest within its sound discretion? |
| 8914 | Egg Harbor City v. Atlantic Cty, 10 N.J. Tax 7, 17 (Tax 1988) | 2 | Requisite of use for public purpose is accorded liberal construction when tax exemption is sought by a government body. | However, the requisite of use for public purpose is accorded a liberal construction when tax exemption is sought by a government body. City of Newark v. | How is a requisite of use for public purpose accorded when a tax exemption is sought by a government body? |
| 8915 | Marcus Hook Dev. Park, Inc. v. Bd. of Assessment Appeals of Delaware Cnty., 68 Pa. Cmwlth. 229, 234, 449 A.2d 70, 73 (1982) | 2 | When publicly owned land is not used for public purposes, municipality or other public body can be, and indeed is, taxpayer liable to pay taxes. | However, when publicly-owned land is not used for public purposes, the municipality or other public body can be, and indeed is, the taxpayer liable to pay the taxes. | "When a publicly owned land is not used for public purposes, does the municipality or other public body liable to pay taxes?" |
| 8917 | Evans v. Board of Education of Hays, 178 Kan. 275, 284 P.2d 1068, 275 (Kan. 1955) | 5 | A "servant" is a person employed by a master to perform service in latter's affairs and whose physical conduct in performance of the service is controlled or is subject to the right of control by the master. | A servant is a person employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master. | Is a master a principle who employs another to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service? |
| 8918 | Coccaro v. Herman Coal Co., 145 Pa. Super. 81, 20 A.2d 916, 86 (Pa. Super. Ct. 1941) | 7 | Under compensation act, one cannot become an "employee" of himself and thus occupy the anomalous position of both "employer" and "employee" defined by act as the equivalent of "master" and "servant." 77 P.S. SS 21, 22. | One cannot become an employee of himself and thus occupy the anomalous position of both employer and employee, defined by the Act as the equivalent of master and servant, 77 P.S. 21, 22. | Can one be an employee of himself and thus occupy the anomalous position of both employer and employee under the Act? |
| 8920 | Kopp v. Fischer, 811 F. Supp. 2d 696, 712 (W.D.N.Y. 2011) | 21 | In a jury trial, jeopardy attaches once the jury has been empaneled and sworn, even though no evidence relating to the defendant's guilt or innocence has been introduced. U.S.C.A. Const.Amend. 5. | In a jury trial, jeopardy attaches once the jury has been empaneled and sworn, even though no evidence relating to the defendant's guilt or innocence has been introduced. | Will jeopardy attach when no evidence relating to the defendant's guilt or innocence has been introduced? |
| 8922 | Neff v. Commonwealth, 39 Va. App. 13, 17 (2002) | 4 | In a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has reached the stage where the Commonwealth begins to introduce its testimony; in other words, jeopardy begins after the accused has been indicted, arraigned and has pleaded, and the court has begun to hear the evidence. U.S.C.A. Const.Amend. 5. | Furthermore, "[i]n a trial before a court without a jury the danger of conviction or jeopardy of an accused begins when the trial has reached the stage where the Commonwealth begins to introduce its testimony." Rosser v. Commonwealth, 159 Va. 1028, 1036, 167 S.E. 257, 259 (1933). In other words, "jeopardy begins after the accused has been indicted, arraigned and has pleaded, and the court has begun to hear the evidence." Id. | When does the danger of conviction or jeopardy of an accused begin in a trial without a jury? |

| | | | | |
|---|---|---|---|---|
| 8923 | Reyna-Abarca v. People, 390 P.3d 816, 824 (Colo. 2017) | 5 | If the legislature has not conferred specific authorization for multiple punishments, then double jeopardy principles preclude the imposition of multiple punishments. U.S. Const. Amend. 5. | If the legislature has not conferred specific authorization for multiple punishments, then double jeopardy principles preclude the imposition of multiple punishments. | Do double jeopardy principles preclude the imposition of multiple punishments if the legislature has not conferred specific authorization for multiple punishments? |
| 8924 | Dexter v. State, 959 N.E.2d 235, 240 (Ind. 2012) | 11 | Retrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence. U.S.C.A. Const.Amend. 5. | But retrial on a sentencing enhancement based on a prior conviction is permitted even where the enhancement is reversed because of insufficient evidence. | Is retrial on a sentencing enhancement based on a prior conviction permitted even where the enhancement is reversed because of insufficient evidence? |
| 8925 | U.S. v. Luong, 393 F.3d 913, 917 (9th Cir. 2004) | 2 | Punishment authorized by statute for a particular crime is punishment only for the offense of conviction for purposes of the double jeopardy inquiry. | 2199, 132 L.Ed.2d 351 (1995), which held that punishment authorized by statute for a particular crime is "punishment only for the offense of conviction for the double jeopardy inquiry. | Is punishment authorized by statute for a particular crime a punishment only for the offense of conviction for purposes of the double jeopardy inquiry? |
| 8927 | People v. Bright, 12 Cal. 4th 652, 661–62, 909 P.2d 1354, 1359 (1996) | 6 | Circumstance that jury has returned verdict on underlying offense, but is unable to make finding on penalty allegation, does not constitute an acquittal of, or otherwise bar retrial of, the penalty allegation on ground of double jeopardy. U.S.C.A.Const.Amend. 5; West's Ann.Cal. Const. Art. 1, § 15. | Thus, the circumstance that the jury has returned a verdict on the underlying offense, but is unable to make a finding on the penalty allegation, does not constitute an "acquittal" of (or otherwise bar retrial of) the penalty allegation on the ground of double jeopardy. | "Does a mistrial constitute a termination of jeopardy, and accordingly double jeopardy arises from the legal necessity of a mistrial?" |
| 8928 | U.S. v. Peoples, 360 F.3d 892, 895 (8th Cir. 2004) | 7 | In capital sentencing proceedings jeopardy terminates and provides finality for the penalty phase if there is an acquittal of death; if there has been no acquittal by judge or jury, defendant may again be subjected to penalty of death. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 3594. | The Supreme Court has applied several double jeopardy principles in capital cases. The touchstone principle in capital sentencing proceedings is that jeopardy terminates and provides finality for the penalty phase if there is an acquittal of death. Sattazahn, 537 U.S. at 109, 123 S.Ct. 732. The mere imposition of a life sentence is not enough; there must be an affirmative choice by the jury not to impose a death sentence. Id. at 107, 123 S.Ct. 732. If the jury finds that the prosecutor failed to prove the aggravating circumstances and unanimously sentences the defendant to life in prison, it has acquitted him of death as a possible penalty. Rumsey, 467 U.S. at 210-11, 104 S.Ct. 2305. In contrast, if there has been no acquittal by judge or jury, the defendant may again be subjected to the penalty of death. | "In capital sentencing proceedings, does jeopardy terminate and provides finality for the penalty phase if there is an acquittal of death?" |

| 8929 | State v. Smith, 166 A.3d 691, 701 (2017) | 7 | The Double Jeopardy Clause protects against a second prosecution for the same offense following acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. U.S. Const. Amend. 5. | The double jeopardy clause protects against a second *187 prosecution for the same offense following acquittal, a second prosecution for the same offense after conviction and multiple punishments for the same offense." | "Does double jeopardy clause protect against a second prosecution for the same offense after conviction, and multiple punishments for the same offense?" |
|---|---|---|---|---|---|
| 8930 | State v. Santiago, 928 So. 2d 480, 481 (Fla. Dist. Ct. App. 2006) | 1 | General rule is that when a mistrial is declared upon a defendant's motion, jeopardy does not attach and the defendant may be retried; an exception occurs, however, when the prosecution goads the defense into moving for a mistrial and gains an advantage from the retrial. U.S.C.A. Const.Amend. 5. | Generally, when a motion for mistrial is declared on the defendant's motion, jeopardy does not attach and the defendant may be retried. Rutherford v. State, 545 So.2d 853, 855 (Fla.1989). "An exception occurs when the prosecution goads the defense into moving for mistrial and gains an advantage from the retrial." | "General rule is that when a mistrial is declared upon a defendant's motion, does jeopardy not attach and the defendant may be retried?" |
| 8931 | U.S. v. Jose, 425 F.3d 1237, 1240 (C.A.9 (Hawai i),2005) | 6 | After the attachment of jeopardy, there must be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction, in order for double jeopardy protections to apply to subsequent proceedings. U.S.C.A. Const.Amend. 5. | The attachment of jeopardy is a necessary, though not sufficient, condition for applying the protections of the Double Jeopardy Clause. There must also be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction. | "After the attachment of jeopardy, should there be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction?" |
| 8932 | State v. Kirk, 828 P.2d 1128, 1130 (Wash. App. Div. 2 1992) | 3 | Double jeopardy clause protects against second prosecution for same offense after acquittal, protects against second prosecution for same offense after conviction, and protects against multiple punishments for same offense as well as protecting valued right to have trial completed by particular tribunal. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause [8] "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). It also protects the defendant's "valued right to have his trial completed by a particular tribunal." | "Does double jeopardy protect against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense?" |
| 8933 | State v. Taylor, 136 Ohio Misc. 2d 18, 19 (2005) | 1 | The Fifth Amendment's Double Jeopardy Clause precludes successive prosecutions and successive punishments for the same criminal offense. U.S.C.A. Const.Amend. 5. | First, in the criminal context, the Fifth Amendment's Double Jeopardy Clause precludes successive prosecutions and successive punishments for the same criminal offense. | Does the Fifth Amendment's Double Jeopardy Clause preclude successive prosecutions and successive punishments for the same criminal offense? |
| 8936 | U.S. v. James, 737 F. Supp. 2d 1, 11 (D.D.C. 2010) | 16 | Application of Career Offender provision of Sentencing Guidelines to defendant did not violate Double Jeopardy Clause. U.S.C.A. Const.Amends. 5, 6.; U.S.S.G. S 4B1.1, 18 U.S.C.A. | Specifically, the defendant asserts that the application of the Career Offender provision of the Sentencing Guidelines violates the Double Jeopardy Clause of the Fifth Amendment. Def.'s Mem. at 4-5. | Does application of Career Offender provision of Sentencing Guidelines to defendant violate Double Jeopardy Clause? |

| 8937 | Thomason v. State, 620 So. 2d 1234, 1237 (Fla. 1993) | 5 | State bears heavy burden in justifying mistrial over objection of defendant, and doubt about whether mistrial is appropriate is resolved in favor of the liberty of the citizen. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | Because the right not to be subjected to double jeopardy is so important and because it is frustrated when a trial ends before a verdict is reached, the State bears a heavy burden in justifying a mistrial over the objection of a defendant. Arizona v. Washington, 434 U.S. at 505, 98 S.Ct. at 830. Doubt about whether the mistrial is appropriate is resolved "in favor of the liberty of the citizen." | "When a trial ends before a verdict is reached, does the State bear a heavy burden in justifying a mistrial over the objection of the defendant?" |
| 8938 | State v. Todd, 894 N.W.2d 255, 262 (2017) | 11 | Double jeopardy does not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant. U.S. Const. Amend. 5. | Double jeopardy does not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant. | Does double jeopardy not arise if the State can demonstrate manifest necessity for a mistrial declared over the objection of the defendant? |
| 8939 | Boyd v. Boughton, 798 F.3d 490, 493 (7th Cir. 2015) | 3 | Double Jeopardy Clause envisions three ways in which defendant may be "twice put in jeopardy of life or limb": (1) subsequent prosecution after acquittal; (2) subsequent prosecution after conviction; and (3) being twice punished for same offense. U.S.C.A. Const.Amend. 5. | As the Supreme Court has interpreted it, the Double Jeopardy Clause envisions three ways in which a defendant may be "twice put in jeopardy of life or limb": (1) a subsequent prosecution after an acquittal; (2) a subsequent prosecution after a conviction; and (3) being twice punished for the same offense. | What does double jeopardy clause envision? |
| 8941 | Lukkason v. 1993 Chevrolet Extended Cab Pickup, 590 N.W.2d 803, 807 (Minn. Ct. App. 1999) | 14 | Constitutional analysis of civil forfeiture under the Double Jeopardy Clause is separate and distinct from that under the Excessive Fines Clause. U.S.C.A. Const.Amends. 5, 8; M.S.A. Const. Art. 1, SS 5, 7. | Constitutional analysis of civil forfeitures under the Double Jeopardy Clause is separate and distinct from that under the Excessive Fines Clause. | Is a constitutional analysis of civil forfeiture under the Double Jeopardy Clause separate and distinct from that under the Excessive Fines Clause? |
| 8942 | Owsley v. State, 769 N.E.2d 181, 188 (Ind. Ct. App. 2002) | 7 | A jury's acquittal absolutely bars retrial on that particular charge, even if the verdict was reached erroneously. | A jury's acquittal absolutely bars retrial on that particular charge, however, even if the verdict was reached erroneously. | "Does a jury's acquittal absolutely bar retrial on that particular charge, even if the verdict was reached erroneously?" |
| 8943 | State v. Soule, 794 A.2d 58, 61 (Me. 2002) | 4 | At the heart of the Double Jeopardy Clause is the prohibition against multiple prosecutions for "the same offense," and thus, the Double Jeopardy Clause provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | At the heart of the Double Jeopardy Clause is the prohibition against multiple prosecutions for "the same offense." United States v. Wilson, 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). Thus "the Double Jeopardy Clause provides three related protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " | Does the Double Jeopardy Clause provide three related protections? |

| 8945 | West v. Men's Focus Health Centers of Georgia, Inc., 251 Ga. App. 202, 202, 553 S.E.2d 379, 380 (2001) | 2 | The privilege of dismissal and renewal of an action does not apply to void cases, although renewal of actions which were merely voidable is allowed. O.C.G.A. § 9-2-61(a). | The privilege of dismissal and renewal does not, however, apply to void cases, although renewal of actions which were merely voidable is allowed. | "Does the privilege of dismissal and renewal of an action not apply to void cases, although renewal of actions which were merely voidable is allowed?" |
| 8946 | Woods Corp. Assocs. v. Signet Star Holdings, Inc., 910 F. Supp. 1019, 1029 (D.N.J. 1995) | 19 | Under New Jersey law, determining what language creates absolute assignment rather than pledge for security depends on precise wording of the assignment. | Determining what language creates an absolute assignment rather than a pledge for security depends on the precise wording of the assignment. | Does determining what language creates an absolute assignment rather than a pledge for security depend on precise wording of the assignment? |
| 8952 | Fallin v. City of Huntsville, 865 So. 2d 473, 476 (Ala. Crim. App. 2003) | 2 | In certain situations, i.e., where words or actions are manifested in form of threat, person may commit crime of harassment even if words do not rise to level of "fighting words." Code 1975, S 13A-11-8(a)(1) b. | Thus, we conclude that, in certain situations-i.e., where the words or actions are manifested in the form of a threat-a person may commit the crime of harassment even if the words do not rise to the level of "fighting words." | "Can an individual commit the crime of harassment even if his words do not rise to the level of ""fighting words""?" |
| 8953 | In re Wead, 38 B.R. 658, 659 (Bankr. E.D. Mo. 1984) | 1 | Pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtors and involving the same debts. | It is generally accepted that the pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtor(s) and involving the same debts. | Does the pendency of one bankruptcy case preclude a consideration of a second case filed by the same debtors involving the same debts? |
| 8954 | Serenko v. Bright, 263 Cal. App. 2d 682, 690, 70 Cal. Rptr. 1, 6 (Ct. App. 1968) | 9 | Restriction on Administrative Procedure Act to implementing only functions of state agency to which it is expressly made applicable by statutes relating to particular agency will be strictly construed. West's Ann.Gov.Code, § 11501. | Moreover, the Administrative Procedure Act itself is restricted in its application to implement only those functions of a state agency to which it is expressly 'made applicable by the statutes relating to the particular agency,' (Gov.Code, § 11501) and this restriction has been strictly construed by the courts. | Is Administrative Procedure Act construed strictly? |
| 8955 | Petition of Highway US-24, in Bloomfield Twp., Oakland Cnty., 392 Mich. 159, 184 (1974) | 18 | Environmental Protection Act of 1970 does not merely provide a separate procedural route for protection of environmental quality but also is a source of supplementary substantive environmental law. M.C.L.A. S 691.1201 et seq. | It is most important to note that EPA does not, as both parties imply (Appellants' Brief, p. 23; Commission's Brief, p. 36), merely provide a separate Procedural route for protection of environmental quality, it also is a source of supplementary Substantive environmental law. | Does the Environment Protection Act merely provide a separate procedural route for protection of environmental quality? |
| 8957 | Chime v. Peak Sec. Plus, 137 F. Supp. 3d 183, 206 (E.D.N.Y., 2015) | 20 | Class certification rule does not set forth mere pleading standard, but rather party seeking class certification bears burden of establishing existence of all requirements for class certification in fact. Fed.Rules Civ.Proc.Rule 23(a), 28 U.S.C.A. | Thus, the Supreme Court reiterated that Rule 23(a) "does not set forth a mere pleading standard," but rather the party seeking class certification bears the burden of establishing the existence of all four Rule 23(a) requirements "in fact." | Can pleadings satisfy a partys evidentiary burden for class certification? |

| 8958 | Red Lake Band v. U.S., 17 Cl. Ct. 362, 381 (1989). | 14 | Although ambiguous provisions in treaties and legislation ratifying agreements between United States and Indian tribes must be interpreted in favor of Indians, construction that contradicts express statutory language or legislative history is not permitted. | It is an established rule that ambiguous provisions in treaties and legislation ratifying agreements between the United States and Indian tribes must be interpreted in favor of the Indians. See Antoine v. Washington, 420 U.S. 194, 199–200, 95 S.Ct. 944, 948–948, 43 L.Ed.2d 129 (1975); Minnesota Chippewa Tribe, 11 Cl.Ct. at 239. This rule does not permit a construction that contradicts express statutory language or legislative history, however. | Are the ambiguous provisions in treaties ratifying agreements between the United States and Indian tribes construed against the Indians? |
| 8959 | In re Schubert, 437 B.R. 787, 793 (Bankr. D. Md. 2010) | 3 | Under Maryland law, equitable subrogation is designed to promote and accomplish justice, and is mode which equity adopts to compel ultimate payment of debt by one who, in justice, equity and good conscience, should pay it. | "The object of [equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it... | Is equitable subrogation designed to promote and accomplish justice? |
| 8961 | State Farm Fire & Cas. Co. v. Smith, 39 So.3d 1172, 1175 (Ala.Civ.App.,2009) | 2 | Under the rule permitting a 120-day period for service of process, an action may not be dismissed for insufficient service before the expiration of the 120-day period. | Accordingly, we conclude that Rule 4(b), Ala. R. Civ. P., allows 120 days for service of process and that an action may not be dismissed for insufficient service before the expiration of the 120–day period. | "Under the rule permitting a 120-day period for service of process, can an action not be dismissed for insufficient service before the expiration of the 120-day period?" |
| 8962 | Peters v. Riggs, 2015 IL App (4th) 140043, ¶ 40 (2015) | 6 | A motion for involuntary dismissal admits the sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim. S.H.A. 735 ILCS 5/2-619. | "A section 2-619 motion to dismiss admits the sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim." | Will a motion for involuntary dismissal assert an affirmative defense or other matter that avoids or defeats the claim? |
| 8964 | Hasty v. Namihira, 986 So. 2d 1036, 1040 (Miss. Ct. App. 2008) | 5 | The factors for a court to consider during review of dismissals for failure to prosecute are: (1) whether the conduct of the plaintiff can be considered contumacious or dilatory; (2) whether lesser sanctions could be applied; and (3) other aggravating factors. Rules Civ.Proc., Rule 41(b). | The supreme court has laid out three factors for us to consider during review of dismissals under Rule 41(b). They are: (1) whether the conduct of the plaintiff can be considered contumacious or dilatory; (2) whether lesser sanctions could be applied; and (3) other aggravating factors. | What factors should the court look when analyzing whether dismissal for failure to prosecute is appropriate? |
| 8966 | Dyer v. General Motors Corp., 27 N.W.2d 533, 537, 318 Mich. 216, 225 (Mi. 1947) | 4 | The right to compensation under the compensation act is a matter of law fixed by the act, and is not a right to be determined by the Department of Labor and Industry as a matter of compromise or in an effort to obtain an equitable result. | The right to compensation is a matter of law, fixed by the statute. Holloway v. Ideal Seating Co., 313 Mich. 267, 21 N.W.2d 125. It is not a right to be determined as a matter of compromise or in an effort to obtain an equitable result. | "Is the right to compensation a matter of law fixed by the statute, or is it a right to be determined as a matter of compromise or an effort to obtain an equitable result? " |

| 8967 | Carnes v. Meador, 533 S.W.2d 365, 370 (Tex. Civ. App. 1976) | 11 | Although a spouse has a right to dispose of community property under his or her control he may not dispose of his spouse's interest in community funds if actual constructive fraud exists. V.T.C.A., Family Code S 5.22. | Although a spouse has the right to dispose of community property under his or her control under Tex. Family Code Ann. s 5.22 (Vernon 1973), he may not dispose of his spouse's interest in community funds if actual or constructive fraud exists. | Does a managing spouse have the right to dispose of community property? |
|---|---|---|---|---|---|
| 8968 | Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974) | 2 | A "motion in limine" has the effect of advising the court and opposing counsel of the party's position on a particular matter and should effectively remove the problem when the argument is advanced by the offending party that the prejudicial evidence came in by sheer inadvertence. | The motion has the effect of advising the court and opposing counsel of the party's position on a particular matter and should effectively remove the problem when the argument is advanced by the offending party that the prejudicial evidence came in by sheer inadvertence. | What useful purpose does a motion in limine serve? |
| 8970 | Torrico v. Int'l Bus. Machines Corp., 213 F. Supp. 2d 390, 397 (S.D.N.Y. 2002) | 7 | Congress has the authority to regulate the conduct of U.S. employers outside the territorial jurisdiction of the United States; nevertheless, courts will presume that Congress has not exercised this power, i.e., that statutes apply only to acts performed within United States territory, unless Congress manifests an intent to reach acts performed outside United States territory. Restatement (Third) of Foreign Relations Law of the United States § 402(2). | Unquestionably, Congress has the authority to regulate the conduct of U.S. employers outside the territorial jurisdiction of the United States. See, e.g., EEOC v. Arabian American Oil Co., 499 U.S. 244, 248, 111 S.Ct. 1227, 113 L.Ed.2d 274 (1991) ("Aramco"); see also Restatement (Third) of Foreign Relations Law of the United States § 402(2) (a state has jurisdiction to legislate with respect to "the activities, interests, status, or relations of its nationals outside as well as within its territory"). Nevertheless, courts will "presume that Congress has not exercised this power—i.e., that statutes apply only to acts performed within United States territory—unless Congress manifests an intent to reach acts performed outside United States territory." | Does Congress have the authority to regulate the conduct of U.S. employers outside the territorial jurisdiction of the United States? |
| 8973 | Croft v. Unemployment Comp. Bd. of Review, 662 A.2d 24, 27-28 (Pa. Cmmw. Ct. 1995) | 2 | Appellate court maintains discretion to refrain from quashing a single appeal from several final orders. | An appellate court maintains the discretion to refrain from quashing a single appeal from several final orders. | Does an appellate court maintain discretion to refrain from quashing a single appeal from several final orders? |
| 8974 | Lachmar v. Trunkline LNG Co., 753 F.2d 8, 10 (2d Cir. 1985) | 1 | Under New York law, assignee of rights under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. | Under New York law, made applicable by the parties, the assignee of rights *10 under a bilateral contract is not bound to perform the assignor's duties under the contract unless he expressly assumes to do so. | "Whether an assignee of rights under a bilateral contract, bound to perform the assignor's duties under the contract?" |

| 8975 | English v. Atlanta Transit, 134 Ga. App. 621, 215 S.E.2d 304, 622 (Ga. Ct. App. 1975) | 2 | Plaintiff is entitled to voluntary dismissal as matter of right when he substantially complies with statutory conditions. Code, S 81A-141(a). | [T]he plaintiff is entitled to voluntary dismissal as a matter of right when he substantially complies with the statutory conditions. | Is a plaintiff entitled to a voluntary dismissal as a matter of right when he substantially complies with statutory conditions? |
| 8976 | Surgijet v. Hicks, 236 Ga. App. 80, 82 (1999) | 8 | A motion for a continuance based on an absent witness is addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion. | " 'A motion for a continuance based on an absent witness is addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion.' | How is a motion for discontinuance based on an absent witness addressed? |
| 8977 | Southstar Equity, LLC v. Lai Chau, 998 So. 2d 625, 628 (Fla. Dist. Ct. App. 2008) | 3 | The responsibility for the interpretation and enforcement of any pretrial order mandating witness disclosure is vested in the trial court. | The responsibility for "the interpretation and enforcement of any pretrial order mandating witness disclosure" is "vest[ed]" in the trial court. | Is the responsibility for the interpretation and enforcement of any pretrial order mandating witness disclosure vested in the trial court? |
| 8978 | Zetune v. Jafif-Zetune, 774 S.W.2d 387, 391 (Tex. App. 1989), writ denied (Dec. 6, 1989) | 11 | Granting or denial of motion for continuance rests within sound discretion of trial court; trial court's denial of motion for continuance will not be disturbed unless record discloses clear abuse of discretion. | The granting or denial of a motion for continuance rests within the sound discretion of the trial court. Further, the trial court's denial of a motion for continuance will not be disturbed unless the record discloses a clear abuse of discretion. | "Is the denial of a request for a continuance to conduct discovery vested in the trial court's discretion, and can only be overturned if that discretion was abused?" |
| 8979 | Ashpole v. Millard, 778 S.W.2d 169, 171-72 (Tex. App. 1989) | 5 | Once case is voluntarily dismissed, no further action may be had in that cause and any further action must be taken by instituting suit de novo, unless there is successful motion to reinstate. | Once a case is voluntarily dismissed, however, no further action may be had in that cause. Gibson v. Gibson, 653 S.W.2d 646 (Tex.App.-Waco 1983, no writ); see Greenberg v. Brookshire, 640 S.W.2d 870 (Tex.1982). Any further action must be taken by instituting a suit de novo, unless there is a successful motion to reinstate. | "Once a case is dismissed voluntarily, can further action be in a case by instituting suit de novo?" |
| 8980 | Tire Distributors Inc. v. Cobrae, 132 Cal.App.4th 538, 33 Cal. Rptr. 3d 761, 542 (Cal. Ct. App. 2005) | 1 | When a voluntary dismissal has properly been filed by the plaintiff, the trial court loses jurisdiction to act in the case. West's Ann.Cal.C.C.P. S 581(b, c). | When a dismissal has properly been filed, the trial court loses jurisdiction to act in the case. | "When a voluntary dismissal has properly been filed by the plaintiff, does the trial court lose jurisdiction to act in the case?" |
| 8982 | P.J.'s Concrete Pumping v. Nextel West, 345 Ill. App. 3d 992, 1001 (2004) | 7 | Plaintiff bringing a class action suit need only allege a viable individual cause of action, indicate that the claim is being brought as a class action, and include factual allegations broad enough to establish the possible existence of a class action. | It has been recognized that a plaintiff bringing a class action suit need only allege a viable individual cause of action, indicate that the claim is being brought as a class action, and include factual allegations broad enough to establish the possible existence of a class action. | Is the issue of class certification typically factual and should be decided with the benefit of discovery? |

| 8984 | Lacy v. Bassett, 132 S.W.3d 119, 122 (Tex. App. 2004) | 1 | "Plea to the jurisdiction" challenges the trial court's authority to determine the subject matter of a cause of action. | A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss based on a lack of subject matter jurisdiction functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? |
|---|---|---|---|---|---|
| 8985 | State v. Lopez, 522 So. 2d 997, 998 (Fla. Dist. Ct. App. 1988) | 2 | Bribery statute prohibits any payment intended to influence performance of any act by public servant, even if person pays for doing of act the public servant is legally bound to do. West's F.S.A. S 838.015(1). | We agree with the state that the bribery statute prohibits any payment intended to influence the performance of any act by a public servant. The statute is violated even when a person pays for the doing of an act that the public servant is legally bound to do. | "If you pay someone with the intention of influencing the performance of their official acts, are you still guilty of bribery if said official acts were something the official was legally bound to do anyway? " |
| 8986 | Ollie v. Plano Indep. Sch. Dist., 383 S.W.3d 783, 792 (Tex. App. 2012) | 12 | Until a claimant has exhausted applicable administrative remedies, a trial court lacks subject-matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. | Until the claimant has exhausted applicable administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. | "Does the trial court lack subject-matter jurisdiction until a party has satisfied the requirement to exhaust all administrative remedies, and must dismiss those claims without prejudice to refiling?" |
| 8987 | Thompson v. Cisson Construction,  377 S.C. 137, 169 (Ct. App. 2008) | 51 | Workers' compensation law is a creature of statute, enacted in derogation of the common law, and courts are bound to strictly construe its terms. Code 1976, S 42-1-100 et seq. | Our workers' compensation law is a creature of statute, enacted in derogation of the common law, and we are bound to strictly construe its terms. | "Is workers compensation a creature of statute, enacted in derogation of common law, and how should its terms be construed?" |
| 8988 | Locker v. United Pharmaceutical Group, Inc., 46 So. 3d 1126, 1128 (Fla. Dist. Ct. App. 2010) | 3 | When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true; likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. | When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of the complaint as true. Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. | "On a motion to dismiss an action, does a court accept allegations in complaint as true?" |
| 8990 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318, 321 (Tex. App. 1940) | 1 | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Every agency carries with it, or includes in it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, expressed or implied. | What does an agency carry with it? |
| 8991 | Memphis Retail Liquor Dealers' Ass'n, Inc., 547 S.W.2d 244, 245-46 (Tenn. 1977) | 1 | If an imposition is primarily for the purpose of raising revenue, it is a "tax"; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a "fee." | If the imposition *246 is primarily for the purpose of raising revenue, it is a tax; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a fee. | "Is an imposition a tax, if its purpose is for the regulation of some activity under the police power of the governing authority?" |

| 8994 | Potomac Development v. District of Columbia D.C, 28 A.3d 531, 544 (D.C. 2011) | 25 | A court should be circumspect in assessing the sufficiency of a complaint in any case where the substantive legal standard requires a fact intensive inquiry. Fed.Rules Civ.Proc.Rule 8(a), 28 U.S.C.A. | A court should be circumspect in assessing the sufficiency of a complaint in any case where the substantive legal standard requires a fact-intensive inquiry. | Should a court be circumspect in assessing the sufficiency of a complaint in a case where the substantive legal standard requires a fact-intensive inquiry? |
|---|---|---|---|---|---|
| 8995 | Robar v. Labuda, 84 A.D.3d 129, 133, 921 N.Y.S.2d 710, 715 (2011) | 4 | Jeopardy attaches when a jury is impaneled and sworn and encompasses the defendant's right to be free from reprosecution if the first trial has not continued to conclusion. U.S.C.A. Const.Amend. 5; McKinney's Const. Art. 1, § 6; McKinney's CPL § 40.30(1)(b). | Jeopardy attaches "when a jury is impaneled and sworn (see CPL 40.30[1][b])" (id.) and encompasses "the defendant's right to be free from reprosecution if the first trial has not continued to conclusion" (People v. Baptiste, 72 N.Y.2d 356, 359, 533 N.Y.S.2d 853, 530 N.E.2d 377 [1988]). | Does the jeopardy encompass the defendant's right to be free from reprosecution? |
| 9001 | U.S. v. Huang, 960 F.2d 1128, 1133 (2d Cir. 1992) | 2 | Fact that defendant consented to mistrial does not deprive him of double jeopardy protection if mistrial was occasioned by conduct of trial judge or prosecutor that was intended to provoke defendant into moving for mistrial; applicability of this exception turns squarely on judge's or prosecutor's intent, and negligence, even if gross, is insufficient. U.S.C.A. Const.Amend. 5. | at 2088, the fact that the defendant consented to the mistrial does not deprive him of double jeopardy protection if the mistrial was occasioned by conduct of the trial judge or the prosecutor that was "intended to provoke the defendant into moving for a mistrial," id. at 679, 102 S.Ct. at 2091; see United States v. Rivera, 802 F.2d at 599. The applicability of this exception turns squarely on the judge's or prosecutor's intent. Negligence, even if gross, is insufficient. | "Does applicability of the exception turn squarely on a judge's or prosecutor's intent, and negligence, even if gross, is insufficient? " |
| 9002 | Feliciano v. Autozone, Inc., 142 Conn. App. 756, 66 A.3d 911, 918 (Conn. App. Ct. 2013) | 9 | Although a plaintiff should plead a statute in a complaint, failing to do so will not necessarily bar recovery as long as the defendant is sufficiently apprised of the applicable statute during the course of the proceedings. | "[A]lthough a plaintiff should plead a statute in a complaint … failing to do so will not necessarily bar recovery as long as the [defendant is] sufficiently apprised of the applicable statute during the course of the proceedings." | Does failing to plead a statute in a complaint necessarily bar recovery? |
| 9005 | Presswood v. Welsh, 271 Ga. App. 459, 460 (2005) | 6 | When disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. | Second, when disputed evidence is admissible for any reason, a trial court does not abuse its discretion in denying a motion in limine and admitting it. | Does a trial court abuse its discretion in denying a motion in limine and admitting disputed evidence? |
| 9006 | In re Travelstead, 227 B.R. 638, 656 (D. Md. 1998) | 23 | Threshold question in comity analysis is whether there is in fact a true conflict between domestic and foreign law. | "[T]he threshold question in a comity analysis is whether there is in fact a true conflict between domestic and foreign law." | Is the threshold question in a comity analysis whether there is a true conflict between domestic and foreign law? |

| 9008 | Halpern v. Gunn, 57 A.2d 741, 741 (D.C. 1948) | 1 | "Voluntary nonsuit" by plaintiff is a withdrawal or abandonment of his case with costs adjudged against him, with no adjudication on the merits, and with the right to file a new action, leaving the situation as though action had never been filed. | Under the long-established practice in this jurisdiction a voluntary nonsuit by plaintiff is a withdrawal or abandonment of his case, with costs adjudged against him, with no adjudication on the merits, and with the right to file a new action. It leaves the situation as though suit had never been filed. | "Is ""voluntary nonsuit"" by a plaintiff a withdrawal or abandonment of his case with costs adjudged against him?" |
| 9009 | Bierman v. Hunter, 190 Md. App. 250, 988 A.2d 530, 270-71 (Md. Ct. Spec. App. 2010) | 4 | Subrogation requires an underlying and independent legal basis upon which a party may assert its claims. | Accordingly, subrogation "requires an underlying and independent legal basis *271 upon which [a party] may assert its claims." | Does subrogation require an underlying and independent legal basis upon which a party may assert its claims? |
| 9012 | Allen v. Titan Propane, LLC, 484 S.W.3d 902, 906 (Mo. Ct. App. 2016) | 7 | For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. | "For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. | Should affirmative defense be established by plaintiff's pleading to be sustained upon bare motion to dismiss? |
| 9016 | SurgiJet, Inc. v. Hicks, 511 S.E.2d 194, 196, 236 Ga.App. 80, 82 (Ga.App., 1999) | 9 | Trial court does not abuse its discretion in denying motion for continuance based upon absence of a witness, where movant fails to meet one of eight statutory requirements for granting continuance. O.C.G.A. S 9-10-160. | OCGA § 9–10–160 provides that all applications for continuances based upon the absence of a witness shall set forth eight different requirements. Where any one of these statutory requirements is not met, there is no abuse of the trial court's discretion to deny a continuance. | Should all applications for continuances based upon the absence of a witness shall set forth eight different requirements? |
| 9018 | McDuffie v. Acands, 781 So. 2d 628, 631 (La. Ct. App. 2001) | 10 | There is no authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order. LSA-C.C.P. art. 1551. | There is no authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order Neff v. Rose, supra. | "Is there an authority to limit severely a party's rights for the technical, though justifiable, violation of a pretrial order?" |
| 9019 | Lobberecht v. Chendrasekhar, 728 N.W.2d 853 | 6 | A person has a legal interest in a cause of action when it accrues, and that occurs when an aggrieved party has a right to institute and maintain a lawsuit. | In Iowa, a person has a legal interest in a cause of action when it accrues, and that occurs when "an aggrieved party has a right to institute and maintain a lawsuit. | Does a cause of action accrue when an aggrieved party has a right to institute and maintain a lawsuit? |
| 9022 | Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268, 1286 (M.D. Fla. 2017) | 27 | In practice, subrogation under Florida law entails the substitution of one person in the place of another with reference to a lawful claim or right. | In practice, subrogation entails "the substitution of one person in the place of another with reference to a lawful claim or right." W. Am. Ins. Co., 495 So.2d at 206 (quoting Boley, 72 So. at 645). | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, or right?" |
| 9023 | Wasko v. Manella, 269 Conn. 527, 532, 849 A.2d 777, 781 (2004) | 3 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Does equitable subrogation take place as a matter of equity? |

| 9025 | Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178, 1181 (11th Cir. 1982) | 4 | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Strict technical compliance, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. | Does the strict technical compliance of credit terms benefit just the individual claimant? |
| 9027 | In re Interest of Zylena R. (State v. Elise M.), 284 Neb. 834, 825 N.W.2d 173, 179-80 (2012) | 7 | At a hearing on a petition to transfer a child protection proceeding to tribal court, the party opposing the transfer has the burden of establishing that good cause not to transfer exists. Indian Child Welfare Act of 1978, S 101(b), 25 U.S.C.A. S 1911(b). | At a hearing on a petition to transfer a proceeding to tribal court, the party opposing the transfer has the burden of establishing that good cause not to **180 transfer exists. | Who has the burden to establish good cause not to transfer in a petition to transfer a proceeding to a tribal court? |
| 9028 | Wasko v. Manella, 269 Conn. 527, 532, 849 A.2d 777, 781 (2004) | 3 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Does an equitable subrogation arise from contractual relationship between parties? |
| 9041 | People v. Adkins, 236 A.D.2d 850, 850, 653 N.Y.S.2d 1007, 1008 (1997) | 1 | Defendant did not falsely make money order, within meaning of forgery statute, as money order was made by person who purchased it and who was authorized to make it, such that money order was authentic, and defendant merely added name of payee. McKinney's Penal Law § 170.10, subd. 1. | Here, defendant did not falsely make the money order. The money order was made by the person who purchased it and who was authorized to make it. The money order was therefore authentic. Merely adding the name of the payee does not constitute forgery. | Does adding names of the payee to money order constitute forgery? |
| 9046 | Dees v. Distenfield, 618 F. Supp. 123, 126 (C.D. Cal. 1985) | 1 | By enacting Federal Arbitration Act, Congress sought to make arbitration agreements as enforceable as all other contracts; Congress intended to avoid unnecessary expense and delay of litigation where parties had provided for more efficient process of arbitration. 9 U.S.C.A. S 1 et seq. | By enacting the Federal Arbitration Act, Congress sought to make arbitration agreements as enforceable as all other contracts. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 n. 12, 87 S.Ct. 1801 n. 12, 18 L.Ed.2d 1270 (1967). Congress intended to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration. | What is the purpose of Arbitration Act? |
| 9055 | In re Wilkins' Will, 131 Misc. 188, 193, 226 N.Y.S. 415, 425 (Sur. 1928) | 7 | A "savings bank" is an institution for accumulation of small sums, chiefly savings of poorer classes, organized by philanthropic movement, where trustees give their services gratuitously, and state prescribes classes of investment. | A savings bank is an institution for the accumulation of small sums, chiefly savings of the poorer classes, organized by philanthropic movement, where the trustees give their services gratuitously, the state prescribing the classes of investments. | How are saving banks different from commercial banks? |

| 9059 | Czerwinski v. Sunrise Point Condominium, 540 So.2d 199, 200–01 (Fla.App. 3 Dist.,1989) | 1 | Landlord generally has no duty to insure the safety of his tenants or to protect them from the criminal acts of third persons unless the criminal occurrence is reasonably foreseeable. | A landlord generally has no duty to insure the safety of his tenants or to protect them from the criminal acts of third *201 persons, Ten Assocs. v. McCutchen, 398 So.2d 860, 861 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla.1981), Highlands Ins. Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA), rev. denied, 411 So.2d 382 (Fla.1981), unless the criminal occurrence is reasonably foreseeable. | Does the landlord have a general duty to protect a tenant from criminal attacks? |
| 9062 | Baruch v. Clark, 154 Idaho 732, 302 P.3d 357, 365-66 (Idaho 2013) | 14 | As a general rule, though not absolute, a so-called profit or gain from the sale of separate property occasioned by the natural enhancement in the value of such property constitutes part of the separate estate. West's I.C.A. S 32-903. | However, "as a general rule, though not absolute, a so-called profit or gain from the sale of separate property occasioned by the natural enhancement in the value of such property *741 **366 constitutes part of the separate estate." | Are profits from the sale of separate property during marriage considered as separate property? |
| 9065 | In re Maynard, 155 N.H. 630, 930 A.2d 1195, 2007 N.H. LEXIS 112, 636 (N.H. 2007) | 5 | The decision to disallow pretrial discovery is within the sound discretion of the trial judge, and the Supreme Court will uphold it unless it is an unsustainable exercise of discretion. | The decision to disallow pretrial discovery is within the sound discretion of the trial judge, and we will uphold it unless it is an unsustainable exercise of discretion. | Are decisions concerning pretrial discovery within the sound discretion of the trial judge? |
| 9067 | Debord v. Mercy Health Sys. of Kan., Inc., 860 F. Supp. 2d 1263, 1280 (D. Kan. 2012) | 26 | Under Kansas law, the plaintiff in an action for defamation must first offer proof of harm to reputation; any claim for mental anguish is parasitic, and compensable only after damage to reputation has been established. | "[T]he plaintiff in an action for defamation must first offer proof of harm to reputation; any claim for mental anguish is "parasitic," and compensable only after damage to reputation has been established." | Is proof of reputational harm a prerequisite to bring a defamation action? |
| 9076 | FMC Corp. v. Cyprus Foote Mineral Co., 899 F. Supp. 1477, 1484 (W.D.N.C. 1995) | 7 | Freedom of employees to sell their expertise to highest and more congenial bidder is important facet of individual liberty long recognized by law of North Carolina. | The freedom of employees to sell their expertise to the highest and most congenial bidder is an important facet of individual liberty long-recognized by the law of North Carolina. | Do employees have the freedom to sell their expertise to the highest and most congenial bidder? |
| 9077 | In re Custody of ALD, 191 Wash. App. 474, 496 (2015) | 6 | Since the custody of a child is a fundamental, constitutional right, state interference is justified only if the State can show that it has a compelling interest and such interference is narrowly drawn to meet only the compelling state interest involved; this standard is known as the strict scrutiny test. | Since the custody of a child is a fundamental, constitutional right, state interference is justified only if the State can show that it has a compelling interest and such interference is narrowly drawn to meet only the compelling state interest involved. | Can the State interfere in the child custody rights? |
| 9087 | Muller Fuel Oil Co. v. Ins. Co. of No. Amer,  95 N.J. Super. 564, 577 (App. Div. 1967) | 12 | Although a favorable termination of the criminal proceeding is a condition precedent to the institution of action for malicious prosecution, the essence of the tort is the wrongful conduct in making the criminal charge. | Thus, although a favorable termination of the criminal proceeding is a condition precedent to institution of the action, the 'essence' of the tort is the wrongful conduct in making the criminal charge. | What is the essence of a cause of action for malicious prosecution? |

| 9089 | Bodi v. Shingle Springs Band of Miwok Indians, 832 F.3d 1011, 1016 (9th Cir. 2016) | 8 | There are only two ways in which an Indian tribe may lose its immunity from suit: Congress may abrogate tribal immunity, because, as dependents, the tribes are subject to plenary control by Congress, or a tribe may itself waive immunity. | There are only two ways in which a tribe may lose its immunity from suit. Congress may abrogate tribal immunity, because, "[a]s dependents, the tribes are subject to plenary control by Congress." Bay Mills, 134 S.Ct. at 2030. Or, of relevance to this appeal, a tribe may itself waive immunity. | What are the instances in which an Indian tribe can lose its immunity from a suit? |
|---|---|---|---|---|---|
| 9101 | Illaraza v. Hovensa LLC, 73 F. Supp. 3d 588, 612 (D.V.I. 2014) | 31 | A plaintiff who raises a malicious prosecution claim under Virgin Islands law has the burden of showing a lack of probable cause, and the defendant need not prove that it had probable cause in order to prevail. Restatement (Second) of Torts S653 (1977). | A plaintiff who raises a malicious prosecution claim has the burden of showing a lack of probable cause. The defendant need not prove that it had probable cause in order to prevail. | Who has the burden to establish lack of probable cause in a malicious prosecution action? |
| 9103 | KKW Enterprises, Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42, 49 (1st Cir. 1999) | 8 | Any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements. 9 U.S.C.A. S 1 et seq. | Any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements. | How do courts begin their analysis of a party's challenge to the enforcement of an arbitration agreement? |
| 9105 | Parisi v. Goldman, Sachs & Co., 710 F.3d 483, 486 (2d Cir. 2013) | 4 | The federal policy favoring arbitration agreements applies even when the claims at issue are federal statutory claims, unless the Federal Arbitration Act's (FAA) mandate has been overridden by a contrary congressional command. 9 U.S.C.A. S 1 et seq. | This preference for enforcing arbitration agreements applies even when the claims at issue are federal statutory claims, unless the FAA's mandate has been "overridden by a contrary congressional command." | Can arbitration agreements be enforced when the claims at issue are federal statutory claims? |
| 9130 | Mercadante v. XE Services, LLC, 78 F. Supp. 3d 131, 137 (D.D.C. 2015) | 6 | To the extent there are conflicts between state arbitration law and the Federal Arbitration Act (FAA) that would contravene the pro-arbitration policies embodied in the FAA, the FAA applies and preempts such state laws. 9 U.S.C.A. S 2. | "To the extent there are conflicts between state arbitration law and the FAA that would contravene the pro-arbitration policies embodied in the FAA, the FAA applies and preempts such state laws." | Which law prevails when there is a conflict between state arbitration law and the Federal Arbitration Act? |
| 9132 | B.L. Harbert International, LLC v. Hercules Steel Co., 441 F.3d 905, 907 (11th Cir. 2006) | 2 | Laudatory goals of Federal Arbitration Act (FAA) will be achieved only to extent that courts ensure arbitration is alternative to litigation, not additional layer in protracted contest. 9 U.S.C.A. S 1 et seq. | The laudatory goals of the FAA will be achieved only to the extent that courts ensure arbitration is an alternative to litigation, not an additional layer in a protracted contest. | How do the courts ensure that the goals of the Federal Arbitration Act are achieved? |
| 9133 | Salawy v. Ocean Towers Housing Corp., 121 Cal.App.4th 664, 672 (Cal. Ct. App. 2004) | 3 | The common understanding of an "action to enforce" is that it is a proceeding initiated by the filing of a claim, and not only encompasses the complaint but refers to the entire judicial proceeding at least through judgment and is generally considered synonymous with suit. | The common understanding of an "action to enforce" is that it is a proceeding initiated by the filing of a claim. Thus, an action not only encompasses the complaint "but refers to the entire judicial **433 proceeding at least through judgment and is generally considered synonymous with suit." | "What does an ""action"" encompass?" |

| | | | | | |
|---|---|---|---|---|---|
| 9134 | Rathbun v. Health Net of the Ne., Inc., 315 Conn. 674, 688 (Conn. 2015) | 7 | In its simplest form, "subrogation" allows a party who has paid a debt to step into the shoes of another, usually the debtee, to assume his or her legal rights against a third party to prevent that party's unjust enrichment. | "In its simplest form, subrogation allows a party who has paid a debt to step into the shoes of another (usually the debtee) to assume his or her legal rights against a third party to prevent that party's unjust enrichment.... | What does equitable subrogation allow? |
| 9137 | Springfield Tp. v. Pennsylvania Public Utility Com'n, 676 A.2d 304, 307 (Pa.Cmwlth.,1996) | 4 | Statute governing public utility refunds authorizes Public Utility Commission (PUC) to order public utility to refund rates which were unlawful, unjust or unreasonable, or in excess of rates contained in utility's tariff. 66 Pa.C.S.A. S 1312. | Section 1312 of the Code, 66 Pa.C.S. § 1312, authorizes PUC to order a public utility to refund the rates which were (1) unlawful, (2) unjust or unreasonable, or (3) in excess of the rates contained in the public utility's tariff. | When may a Public Utility Commission order a public utility to refund rates? |
| 9142 | In re King Faisal II's Est., 23 Misc. 2d 300, 301, 199 N.Y.S.2d 595, 597 (Sur. 1960) | 2 | Local courts cannot compel consular officer to disclose any information acquired by him in his official capacity and may not require compulsory production of official records of his government. | Local courts, however, cannot compel such an officer to disclose any information acquired by him in his official capacity nor is the compulsory production of official records of his government permissible. | Can local courts compel a consul to disclose any information acquired by him in his official capacity? |
| 9153 | Navajo Nation v. Urb. Outfitters, Inc., 191 F. Supp. 3d 1238, 1243 (D.N.M. 2016) | 7 | A goal of the Indian Arts and Crafts Act (IACA) is to protect consumers from purchasing misrepresented products. 25 U.S.C.A. S 305. | As Judge Shadur indicated in Bundy-Howard, a second goal of the IACA is to protect consumers from purchasing misrepresented products. 168 F.Supp.2d at 914. | Does Indian Arts and Crafts Act (IACA) protect consumers from purchasing misrepresented products? |
| 9154 | Hurley v. Nw. Publications, Inc., 273 F. Supp. 967, 972 (D. Minn. 1967) | 7 | In cases involving public officials malice cannot be deduced from the mere fact of publication alone unless it has been or can be established that the publication is made with the knowledge that the statements are false or are made with reckless disregard of whether or not they are false. | In cases involving public officials, it is said that malice cannot be deduced from the mere fact of publication alone unless it has been or can be established that the publication is made with the knowledge that the statements are false or are made with reckless disregard of whether or not such are false. | Can malice arise from publication alone? |
| 9155 | Santiago v. Pennsylvania Nat. Mut, 418 Pa. Super. 178, 184 (1992) | 5 | Preliminary objections should be sustained only where it appears with certainty that, upon facts averred, the law will not allow plaintiff to recover. | A preliminary objection should be *185 sustained only where it appears with certainty that, upon the facts averred, the law will not allow the plaintiff to recover. | Should a preliminary objection be sustained only where it appears with certainty that the law will not allow the plaintiff to recover? |
| 9156 | Hayes v. Pittsgrove Tp. Bd. of Educ, 269 N.J. Super. 449, 454-55 (1994) | 1 | Subrogation is equitable device intended to effectuate an obligation's ultimate discharge by the one who ought to pay it, and thus to promote essential justice between parties. | Subrogation is an equitable device intended to effectuate an *455 obligation's ultimate discharge by the one who ought to pay it and thus to promote "essential justice" between the parties. | Does subrogation serve to promote essential justice between the parties? |
| 9160 | Boyajian v. United States, 129 Fed. Cl. 336, 338 (Fed.Cl., 2016) | 1 | Congress established the Agricultural Marketing Agreement Act (AMAA) in order to help farmers obtain fair value for their agricultural productions. 7 U.S.C.A. S 601 et seq. | During the Great Depression, Congress established the Agricultural Marketing Agreement Act of 1937 ("AMAA") in order to help farmers obtain fair value for their agricultural productions. | Why did Congress establish the Agricultural Marketing Agreement Act of 1937 (AMAA)? |

| 9164 | Romanek-Golub v. Anvan Hotel Corp., 168 Ill. App. 3d 1031, 1040 (1988) | 4 | Motion in limine, like any other interlocutory order, remains subject to reconsideration by court throughout trial. | As such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. | Is a motion in limine an interlocutory order and remains subject to reconsideration by the court throughout the trial? |
|---|---|---|---|---|---|
| 9166 | State v. Terry, 89 N.J. Super. 445, 450 (App. Div. 1965) | 10 | Rape victim need not orally express her lack of consent as long as lack of consent is demonstrated by or can be implied from her acts and conduct, but it must be shown that she did actually resist, passive resistance being insufficient. | Thus, it is not necessary for a female who is the victim of a forceful rape to orally express her lack of consent as long as the same is demonstrated by, or can be implied from, her acts and conduct. But it must be shown that she did, however, actually resist; passive resistance is not sufficient. | Do rape victims required to express their lack of consent? |
| 9169 | Universal Forest Prod. E. Div., Inc. v. Morris Forest Prod., LLC, 558 F. Supp. 2d 893, 901 (E.D. Wis. 2008) | 7 | Given that equity does not lend itself to the application of black letter rules, subrogation depends, under Wisconsin law, upon a just resolution of a dispute under a particular set of facts. | However, because " 'equity does not lend itself to the application of black letter rules,' subrogation 'depends upon a just resolution of a dispute under a particular set of facts.' " Petta v. ABC Ins. Co., 278 Wis.2d 251, 275, 692 N.W.2d 639, 651 (Wis.2005) (quoting Vogt v. Schroeder, 129 Wis.2d 3, 12, 383 N.W.2d 876, 879 (Wis.1986)). | Is subrogation an equitable doctrine and depend upon a just resolution of a dispute under a particular set of facts? |
| 9171 | In Matter of Waters, 419 B.R. 919, 924 (Bankr. M.D. Ga. 2009) | 11 | Under Georgia law, a surety who pays the debt of his principal is subrogated to all the rights of the creditor and may proceed immediately against his principal for the debt paid. West's Ga.Code Ann. S 10-7-41-56. | A surety who pays the debt of his principal is subrogated to all the rights of the creditor. The surety may proceed immediately against his principal for the debt paid. O.C.G.A. 10-7-41,-56 (2009). | Is a surety who pays the debt of his principal subrogated to all the rights of the creditor and can the surety proceed immediately against his principal for the debt paid? |
| 9174 | Gillispie v. Goodyear Serv. Stores, 258 N.C. 487, 489 (1963) | 6 | A complaint must be fatally defective before it will be rejected as insufficient, and if any portion of it or to any extent it presents facts sufficient to constitute a cause of action the pleading will stand. G.S. S 1-127(6). | However, it is well settled that a complaint must be fatally defective before it will be rejected as insufficient, and 'if in any portion of it or to any extent it presents facts sufficient to constitute a cause of action the pleading will stand.' | Should a complaint be fatally defective for rejecting it as insufficient? |
| 9175 | Taylor v. Bd. of Educ. of City of Chicago, 2014 IL App (1st) 123744, ¶ 45 (2014) | 6 | Decision of whether to grant motion in limine rests within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused. | [6] 45 The decision of whether to grant a motion in limine rests within the sound discretion of the trial court and will not be disturbed on appeal unless that discretion is abused. | Is a denial of motion in limine within the sound discretion of trial judge? |
| 9180 | City of Chicago v. Alton R. R. Co., 355 Ill. 65, 188 N.E. 831, 74 (Ill. 1933) | 3 | Purposes of Public Utilities Act were to bring under public control for common good property applied to public use in which public has interest and to establish and protect public utilities from destructive competition. S.H.A. ch. 1112/323, S 1 et seq. | The purpose of the Public Utilities Act was to bring under the control of the public, for the common good, property applied to public use in which the public has an interest (Palmyra Telephone Co. v. Modesto Telephone Co., 336 Ill. 158, 167 N.E. 860), also to establish and to protect public utilities in their respective fields from destructive competition. | Does the legislation concerning public utilities protect them from destructive competition? |

| 9181 | Ertel v. Radio Corp. of America, 261 Ind. 573, 577, 307 N.E.2d 471 (Ind. 1974) | 3 | Generally, a surety, upon satisfaction of a debt, is subrogated to all the rights which the creditor had against the principal debtor prior to satisfaction of the debt. | The general rule, firmly imbedded in Indiana law, is that a surety, upon satisfaction of a debt, is subrogated to all the rights which the creditor had against the principal debtor prior to satisfaction of the debt. | "Is a surety, upon satisfaction of a debt, subrogated to all the rights which the creditor had against the principal debtor prior to satisfaction of the debt?" |
|---|---|---|---|---|---|
| 9183 | Am-Haul Carting, Inc. v. Contractors Cas. Sur., 33 F. Supp. 2d 235, 250 (S.D.N.Y. 1998) | 13 | Under New York law, a surety's right of subrogation under performance bond becomes available when the surety completes the work at a loss. | Under New York law, a surety's right of subrogation "becomes available when the surety company completes the work at a loss." | Does a surety's right of subrogation under performance bond become available when the surety completes the work at a loss? |
| 9184 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 13 | Generally, a cause of action accrues as soon as the right to maintain a legal action arises; the test to determine when an action accrues is that point when a plaintiff could have first filed and prosecuted an action to a successful conclusion. | To illustrate, Kansas courts generally observe the rule that a cause of action accrues as soon as the right to maintain a legal action arises. The test to determine when an action accrues is that point when a plaintiff could have first filed and prosecuted an action to a successful conclusion. | Does a cause of action accrue when the plaintiff could have first maintained the action to a successful conclusion? |
| 9185 | Peroti v. Williams, 258 Md. 663, 669 (1970) | 5 | The basic elements necessary for a cause of action in negligence are a duty or obligation which defendant is under to protect plaintiff from injury, a failure to discharge that duty, and actual loss or injury to plaintiff proximately resulting from that failure. | The basic elements necessary for a cause of action in negligence are a duty or obligation which the defendant is under to protect plaintiff from injury, a failure to discharge that duty, and actual loss or injury to the plaintiff proximately resulting from that failure. | Does a cause of action arise when a liability or obligation is established? |
| 9186 | Kohler v. Barnes, 123 N.J. Super. 69, 79 (Law Div. 1973) | 1 | Generally, cause of action accrues when facts exist which entitle one party to maintain an action against another. | Generally, a cause of action accrues when facts exist which entitle one party to maintain an action against another. | Does a cause of action accrue when facts exist which entitle one party to maintain an action against another? |
| 9188 | Dep't of Banking v. McMullen, 134 Neb. 338, 345 (Neb. 1938) | 5 | As respects running of limitations, the "accrual of a cause of action" means the right to maintain and institute a suit, and, whenever one person may sue another, cause of action has accrued and the statute begins to run. | The accrual of a cause of action means the right to maintain and institute a suit, and whenever one person may sue another, a cause of action has accrued and the statute begins to run, but not until that time. | What is accrual of a cause of action? |

| 9197 | Keyes v. Nevada Gas Co., Limited, 55 Nev. 431, 435 (Nev. 1934) | 5 | Complaint without prayer for relief is incomplete, but prayer for relief forms no part of statement of cause of action, and, when answer is filed and trial is had, judgment will be awarded in accordance with facts pleaded and proven, but, where no answer is filed, relief is limited to relief demanded in complaint. Comp.Laws 1929, SS 8594, 8792. | Hence it appears that a complaint without a prayer for relief is incomplete. It is true, however, that the prayer for relief forms no part of the statement of the cause of action (Kingsbury v. Copren, 43 Nev. at page 454, 187 P. 728, 189 P. 676), and, when an answer is filed and a trial is had, judgment will be awarded in accordance with the facts pleaded and proven. But, where no answer is filed, the relief which may be granted is expressly limited by section 8792, N.C.L., to "the relief demanded in the complaint." | Is the prayer for relief a part of the cause of action? |
| 9201 | Powell v. Alan Young Homes, Inc., 251 Ga. App. 72, 75 (2001) | 7 | Trial court has an absolute right to refuse to decide on the admissibility of evidence prior to trial and may reserve ruling on the admissibility of evidence until it is offered during trial. | "The trial court has an absolute right to refuse to decide on the admissibility of evidence ... prior to trial [and] may reserve ruling on the admissibility of evidence until it is offered during trial." | May the court reserve ruling on the admissibility of evidence until it is offered during trial? |
| 9204 | Bremmer v. Journal-Tribune Pub. Co., 247 Iowa 817, 820, 76 N.W.2d 762 (Iowa 1956) | 2 | An application to adjudicate law points under Rule of Civil Procedure is not technically a motion, and the effect of the ruling or order thereon is not the same as the effect of an order on a motion assailing a pleading. 58 I.C.A. Rules of Civil Procedure, rule 105. | An application to adjudicate law points under R.C.P. 105 is not technically a motion and the effect of a ruling or order thereon is not the same as the effect of an order on a motion assailing a pleading. | Is an application to adjudicate law points under the Rules of Civil Procedure a motion? |
| 9205 | ROSA v. FLORIDA POWER & LIGHT CO, 636 So. 2d 60, 61 (Fla. Dist. Ct. App. 1994) | 2 | "Motion in limine" is similar to protective order, in that it seeks to prohibit any reference to offending evidence at trial by first having its admissibility determined outside presence of jury. | A motion in limine is similar to a protective order in that it seeks to prohibit any reference to offending evidence at trial by first having its admissibility determined outside the presence of the jury. | Is a motion for a protective order and a motion in limine functionally the same? |
| 9206 | Ambrogio v. Beaver Road Associates, 267 Conn. 148, 160 (Conn. 2003) | 6 | A party, through a motion in limine, may implore the court to decide a question of law, as well as some preliminary questions of fact. | Accordingly, a party, through a motion in limine, may implore the court to decide a question of law; see Sheiman v. Sheiman, 72 Conn.App. 193, 201, 804 A.2d 983 (2002) (affirming trial court's ruling on motion in limine precluding testimony from treating psychiatrist as privileged); as well as some preliminary questions of fact. | "Can a party, through a motion in limine, implore the court to decide a preliminary question of fact?" |
| 9207 | In re Leona, 888 N.E.2d 72, 228 Ill. 2d 439, 460, 320 Ill. Dec. 855 (Ill. 2008) | 7 | Generally speaking, evidentiary motions, such as motions in limine, are directed to the trial court's discretion; a trial court's ruling on such motions will not be disturbed on review absent an abuse of that discretion. | Generally speaking, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. A trial court's ruling on such motions will not be disturbed on review absent an abuse of that discretion. | Is a court's ruling on evidentiary motions such as motions in limine left to the court's discretion and subject to an abuse of that discretion standard? |

| | | | | | |
|---|---|---|---|---|---|
| 9211 | State ex Rel. Joplin v. Public Serv Com'n, 186, 295 S.W.3d 290 (Mo. Ct. App. 2006) | 5 | Superseded tariffs cannot be corrected retroactively, and if funds paid under those Public Service Commission-approved tariffs are not segregated in a court registry pending the final outcome, there is no monetary relief that can be given to the party challenging the rates. | This is so because superseded tariffs cannot be corrected retroactively, id., and if funds paid under those Commission-approved tariffs are not segregated in a court registry pending the final outcome, there is no monetary relief that can be given to the party challenging the rates. | Are tariffs generally considered moot if they are superseded by subsequent tariffs that are filed and approved? |
| 9213 | In re Ryan N., 92 Cal. App. 4th 1359, 1378, 112 Cal. Rptr. 2d 620, 635 (2001) | 18 | Unlike criminal solicitation, the crime of "aiding, advising or encouraging a suicide" requires both a specific intent that another person commit suicide, and some direct, unequivocal action aimed at bringing the suicide about. West's Ann.Cal.Penal Code § 401. | Again, unlike criminal solicitation, the crime of aiding, advising or encouraging a suicide requires a specific intent that another person commit suicide, and some direct, unequivocal action aimed at bringing the suicide about. | What is meant by aiding a suicide? |
| 9219 | Wal-Mart Stores, Inc. v. Helferich Pat. Licensing, LLC, 51 F. Supp. 3d 713, 718–19 (N.D. Ill. 2014) | 14 | General choice of law provision in a contract will not extend to arbitration clause covered by the Federal Arbitration Act (FAA), absent specific evidence the parties intended it to do so. 9 U.S.C.A. § 1 et seq. | Thus, "a general choice of law provision in a contract will not extend to the arbitration clause, absent specific evidence the parties intended it to do so." BEM I, L.L.C. v. Anthropologie Inc., No. 98 C 358, 2000 WL 1849574, at *6 (N.D.Ill. Dec. 15, 2000) (citation omitted); | Does a general choice of law provision in a contract extend to an arbitration clause? |
| 9223 | Wal-Mart Stores, Inc. v. Itz, 21 S.W.3d 456, 470–71 (Tex. App. 2000) | 6 | The court should uphold the petition where a cause of action may reasonably be inferred from what is specifically stated therein, even if an element of the action is not specifically alleged. Vernon's Ann.Texas Rules Civ.Proc., Rule 45. | The court should uphold the petition where a cause of action may reasonably be inferred from what is specifically stated therein, even if an element of the action is not specifically alleged. | Is a petition sufficient even if an element of the cause of action is not specifically alleged? |
| 9224 | Hardy v. Cordero, 399 Ill. App. 3d 1126, 1135 (2010) | 11 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated." | Does a motion in limine exclude inadmissible evidence from trial? |
| 9226 | Oxford v. Carter, 216 Ga. 821, 822 (Ga. 1961) | 5 | A statutory rule must be construed consistently with the whole system of pleading and practice of which it forms a part. | A statutory rule must be construed consistently with the whole system of pleading and practice of which it forms a part. | Should a statutory rule be construed consistently with the whole system of pleading and practice of which it forms a part? |
| 9227 | Hopper v. Carey, 716 N.E.2d 566, 570 (Ind. Ct. App. 1999) | 2 | Granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | The granting of a motion in limine is an adjunct of the inherent power of trial courts to admit and exclude evidence. | Is the trial court's grant of a pretrial motion in limine an adjunct of its inherent authority to admit and exclude evidence? |
| 9236 | Webster v. Rushing, 316 So. 2d 111, 114 (La. 1975) | 1 | Affirmative defense raises new matter which, assuming allegations in petition to be true, constitutes defense to action and will have effect of defeating plaintiff's demand on its merits. LSA-C.C.P. arts. 1003, 1005; LSA-R.S. 13:3601(2). | An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. | Does an affirmative defense raise a new matter? |

| 9237 | Dober v. Worrell, 401 So. 2d 1322, 1323 (Fla. 1981) | 1 | Failure to raise an affirmative defense before a trial court considers a motion for summary judgment precludes raising that issue for first time on appeal. | We hold that failure to raise an affirmative defense before a trial court considering a motion for summary judgment precludes raising that issue for the first time on appeal. | Can an affirmative defense be raised for the first time on appeal? |
|---|---|---|---|---|---|
| 9241 | Boumediene v. Bush, 553 U.S. 723, 128 S. Ct. 2229, 2259, 171 L. Ed. 2d 41, 21 Fla. L. Weekly Supp. 329 (2008) | 9 | Even when the United States acts outside its borders, its powers are not absolute and unlimited but are subject to such restrictions as are expressed in its Constitution. | Even when the United States acts outside its borders, its powers are not "absolute and unlimited" but are subject "to such restrictions as are expressed in the Constitution." | "When the United States acts outside its borders, are its powers absolute and unlimited?" |
| 9242 | Comes v. Microsoft Corp., 775 N.W.2d 302, 313 (Iowa 2009) | 7 | A Canadian court generally will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts. | "A Canadian court generally will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate admissibility in a *313 Canadian proceeding will be determined by the Canadian courts." Id. | Will a Canadian court be reluctant to prevent someone from gathering evidence extraterritorially? |
| 9256 | Larkin v. Howlett, 19 Ill. App. 3d 343, 345 (Ill. App. Ct. 1974) | 6 | To establish a cause of action for injunctive relief, plaintiffs must allege facts necessary to establish that their legal remedy is inadequate and that irreparable injury will result should injunctive relief not be granted; consequently, allegations in a complaint that are conclusory in those respects are insufficient. | Furthermore, to establish a cause of action for injunctive relief plaintiffs must allege facts necessary to establish that their legal remedy is inadequate and that irreparable injury will result should injunctive relief not be granted. Consequently, allegations in a complaint that are conclusory in those respects are insufficient. | Should facts be alleged for granting an injunction? |
| 9257 | Phoenix Mut. Life Ins. Co. v. Birkelund, 29 Cal. 2d 352, 363, 175 P.2d 5, 11 (1946) | 5 | The general rule is that one who relies upon estoppel or laches as a defense must plead facts constituting such estoppel or laches where there is an opportunity to do so, but such rule does not apply where the facts appear on the face of the adversary's pleading. | It is true that the general rule is that one who relies upon estoppel or laches as a defense must plead facts constituting such estoppel or laches where, as here, there is an opportunity to do so (see Lucci v. United Credit & Collection Co. (1934), 220 Cal. 492, 497, 31 P.2d 369; Victor Oil Co. v. Drum (1920), 184 Cal. 226, 243, 193 P. 243; Mahana v. Echo Publishing Co. (1919), 181 Cal. 233, 236, 183 P. 800; Newhall v. Hatch (1901), 134 Cal. 269, 273, 66 P. 266, 55 L.R.A. 673), but, as recognized in the Victor Oil Co. case, supra, such rule does not apply where the facts appear on the face of the adversary's pleading. | Should the defense of latches be plead with facts constituting such latches? |
| 9262 | Szymczak v. Holland Com Hosp, 187 Mich. App. 142, 146 (1991) | 2 | Benefits and liabilities arising out of workers' compensation statute do not create rights protected by contract clause of Federal or State Constitutions. U.S.C.A. Const. Art. 1, S 10, cl. 1; M.C.L.A. Const. Art. 1, S 10. | However, the Supreme Court has repeatedly held that benefits and liabilities arising out of the workers' compensation statute do not create rights protected by the Contract Clause. | Do the benefits and liabilities in the workers compensation statute create rights protected by the Contract Clause? |

| | | | | | |
|---|---|---|---|---|---|
| 9266 | Werber v. Atkinson, 84 A.2d 111, 113 (D.C. 1951) | 3 | A suit which is prematurely brought cannot be maintained, even if cause of action has accrued by time cause is called for trial, nor can an amended petition in such a case set up a cause of action which has not accrued at time original petition was filed. | A suit which is prematurely brought can not be maintained, even if the cause of action has accrued by the time the cause is called for trial, nor can an amended petition in such a case set up a cause of action which has not accrued at the time the original petition was filed. | Can a suit which is prematurely brought be maintained? |
| 9268 | MEAGHER v. UINTAH GAS CO., ET AL, 123 Utah 123, 128–29 (1953) | 5 | Generally, plaintiff in a quiet title action cannot assert title acquired after commencement of the action, but, where such title is acquired after action is begun but before defendant pleads adversely, such title may be pleaded and proved in derogation of defendant's adverse claim. | Nor could a plaintiff in a quiet title action assert title acquired after its commencement. 3 But there are exceptions. *129 Such title acquired after action begun, but before defendant pleads adversely, man be pleaded and proved in derogation of the defendant's adverse claim. | Can a plaintiff in a quiet title action assert title acquired after its commencement? |
| 9278 | Bradshaw v. Park, 29 Cal. App. 4th 1267, 1274, 34 Cal. Rptr. 2d 872, 876 (1994) | 3 | Employer's statutory obligation to secure payment of workers' compensation begins with inception of status as employer and does not depend on making of claim. | The underpinnings of the workers' compensation system rest upon the employer's obligation to secure payment of workers' compensation. (Self–Insurers' Security Fund v. ESIS, Inc. (1988) 204 Cal.App.3d 1148, 1156, 251 Cal.Rptr. 693.) This statutory obligation begins with the inception of the status as employer and does not depend upon the making of a claim. (Ibid.) | "Does an employers statutory obligation to secure payment of workers compensation benefits begin with the inception of status as an employer, and not upon the making of a claim?" |
| 9289 | Lyons v. Pool Co. of Texas, 781 So. 2d 569 | 10 | Because federal law and Louisiana law conflicted regarding enforcement of contracts of indemnity and waivers of subrogation, Louisiana law could not apply to invalidate waiver of subrogation in time charter agreement, when claim for subrogation asserted by injured deckhand's employer/time charterer was governed by federal maritime law. LSA-R.S. 9:2780. | Because federal law and Louisiana law conflict regarding the enforcement of contracts of indemnity and waivers of subrogation under LSA-R.S.9:2780, we can not apply Louisiana law to invalidate the waiver of subrogation in the Time Charter agreement, when Tidewater's claim for subrogation is governed by federal maritime law. | Does law prohibit waivers of subrogation? |
| 9300 | 7 Utes Corp. v. District Court in & for the Eighth Judicial District, 702 P.2d 262, 266 (Colo. 1985) | 8 | An action affecting real property for venue purposes is one in which title, lien, injury, quality or possession is at issue. Rules Civ.Proc., Rule 98(a). | An action affecting real property is one in which "title, lien, injury, quality or possession" is at issue. | "Does an action affect real property if its title, lien, injury, quality or possession is at issue?" |
| 9310 | Roll v. Stanton-Pilger Drainage District, 207 Neb. 425, 425 (1980) | 1 | Plaintiff may dismiss action without prejudice as matter of right at any time before final submission of case. Neb.Rev.St. S 25-601. | Plaintiff may dismiss an action without prejudice to a future action as a matter of right at any time before final submission of case. | "Can a plaintiff, as a matter of right, dismiss his action without prejudice at any time before its final submission?" |
| 9317 | TC/American Monorail, Inc. v. Custom Conveyor Corp., 822 N.W.2d 812, 819 (Minn. Ct. App. 2012) | 11 | The district court has broad discretion to amend scheduling-order deadlines, and appellate court reviews its decision for an abuse of discretion. | Similarly, "[t]he district court has broad discretion to amend scheduling- order deadlines, and we review its decision for an abuse of discretion." | "Does a district court have broad discretion to amend scheduling-order deadlines, and appellate courts review its decision for an abuse of discretion?" |

| 9327 | Naughton v. Bankier, 114 Md. App. 641, 653, 691 A.2d 712, 718 (1997) | 9 | Purpose of rule governing administrative scheduling orders is to maximize judicial efficiency and minimize judicial inefficiency. Md.Rule 2-504. | Montgomery County has implemented the use of administrative scheduling orders pursuant to Maryland Rule 2–504. The purpose of the rule is two-fold: to maximize judicial efficiency and minimize judicial inefficiency. | Is the purpose of a rule governing administrative scheduling orders to maximize judicial efficiency and minimize judicial inefficiency? |
|---|---|---|---|---|---|
| 9328 | Alliance for Metro Stab. v. Metro Council, 671 N.W.2d 905, 919 (Minn. Ct. App. 2003) | 29 | Generally, continuances should be liberally granted, particularly if the party seeking a continuance had insufficient time to complete discovery. | Generally, continuances should be liberally granted, particularly if the party seeking a continuance had insufficient time to complete discovery. | "Should continuances be liberally granted, particularly if the party seeking a continuance had insufficient time to complete discovery?" |
| 9329 | In re Advanced Powder Sols., Inc., 496 S.W.3d 838, 854 (Tex. App. 2016) | 24 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | A person has a duty to preserve evidence "only when a party knows *854 or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." | Is a defendant under a duty to preserve evidence which it knows or reasonably should know is relevant to the action? |
| 9340 | City and County of San Fransisco v. Flying Dutchman Park, 122 Cal.App.4th 74, 88, 18 Cal. Rptr. 3d 532 (Cal. Ct. App. 2004) | 17 | A distinction is made between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property; a tax on the separate use of the property, known as an "excise tax," is permissible, and does not constitute double taxation. West's Ann.Cal. Const. Art. 13, S 1. | However, an important distinction is made between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property. It has long been recognized that a tax on the separate use of that real property, known as an excise tax, is permissible, and does not constitute double taxation. | "Is there a distinction between the taxation of real estate ownership on an ad valorem basis, and a tax on the use of that real property?" |
| 9349 | Monaco v. New York Univ. Med. Ctr., 213 A.D.2d 167, 169, 623 N.Y.S.2d 566, 568 (1995) | 9 | While leave to amend should be freely granted, such leave should be denied where proposed pleading fails to state cause of action. McKinney's CPLR 3025(b). | While we are cognizant of the fact that leave to amend should be freely granted (CPLR 3025[b]), such leave should be denied where the proposed pleading fails to state a cause of action | Will leave to amend be denied where the pleading fails to state a cause of action? |
| 9352 | Aerojet-General Corp. v. Commercial Union Ins. Co., 155 Cal.App.4th 132, 146, 65 Cal. Rptr. 3d 803 (Cal. Ct. App. 2007) | 12 | Common law retraxit, i.e., a voluntary renunciation by plaintiff in open court of his suit and cause thereof by which plaintiff forever lost his action, is now accomplished by a dismissal with prejudice. | "In common law, a retraxit was 'a voluntary renunciation by plaintiff in open court of his suit and cause thereof, and by it plaintiff forever loses his action.' [Citations.] In California, the same effect is now accomplished by a dismissal with prejudice. | Is common law retraxit now accomplished by a dismissal with prejudice? |
| 9357 | State ex Rel. Hummel v. Sadler, 771 N.E.2d 853, 858 (2002) | 6 | Despite a voluntary dismissal, a trial court may consider certain collateral issues not related to the merits of the action. Rules Civ.Proc., Rule 41(A)(1). | It is equally true, however, that despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action. | Can trial courts consider collateral issues like criminal contempt and sanctions despite a voluntary dismissal? |

| 9359 | Sicaras v. City of Hartford, 44 Conn. App. 771, 776 (1997) | 3 | Effect of plaintiff's withdrawal of action, so far as pendency of action is concerned, is strictly analogous to that presented after rendition of final judgment or erasure of case from docket. C.G.S.A. S 52-80. | Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket. | Is the withdrawal of an action analogous to a final judgment? |
|---|---|---|---|---|---|
| 9360 | Sandoval v. Daniels, 532 P.2d 759, 762 (Colo. App. 1974) | 8 | Where record does not contain objection by plaintiffs' counsel to pretrial order, such pretrial order has force and effect of stipulation of parties. | The record does not contain any objection by plaintiffs' counsel to the pre-trial order and, therefore, the pre-trial order has the force and effect of a stipulation of the parties. | "Where a record does not contain any objection by a plaintiffs' counsel to pretrial order, does such pretrial order have force and effect of stipulation of parties?" |
| 9361 | Orbison v. Welsh, 242 Ind. 385, 389 (Ind. 1962) | 21 | The payment of a tax is compulsory and not optional, and it entitles taxpayer to receive nothing in return, other than rights of government which are enjoyed by all citizens alike. | The payment of a tax is compulsory and not optional, and it entitles the taxpayer to receive nothing in return, other than the rights of government which are enjoyed by all citizens alike. | Does a tax entitle the taxpayer to the rights of government which are enjoyed by all citizens? |
| 9365 | Gross v. Ocean Twp., 184 N.J. Super. 144, 150 (1982) | 3 | Essential characteristic of a tax is a compulsory contribution to the support of government, imposed upon individuals or property pursuant to legislative authority. | The essential characteristic of a tax is a compulsory contribution to the support of government, imposed upon individuals or property pursuant to legislative authority. | Is tax imposed on individuals or property pursuant to a legislative authority? |
| 9370 | Cook v. Peacock, 154 S.W.2d 688, 690 (Tex.Civ.App. 1941) | 2 | A managing partner is bound to keep an accurate account of his transactions with or for the partnership, and, if he fails to keep such account, all doubts respecting particular items will ordinarily be resolved against him on an accounting. | "It is the duty of the managing partner to keep an accurate account of his transactions with or for the partnership, and, if he fails to keep such account, all doubts respecting particular items will ordinarily be resolved against him on an accounting." | Do managing partners have a duty to keep accurate books of account of all transactions relating to partnership affairs? |
| 9371 | Di Santo v. City of Warrenville, 59 Ill. App. 3d 931, 937 (Ill. Ct. 1978) | 6 | General conclusions of fraud are not sufficient in a pleading and fraud is never presumed but must be shown by allegation of facts from which fraud is a necessary or probable inference. | It is axiomatic, of course, that general conclusions of fraud are not *938 sufficient in a pleading and that fraud is never presumed but must be shown by allegation of facts from which fraud is a necessary or probable inference. | "Must fraud be shown by allegation of facts, and never presumed?" |
| 9378 | Antisdel v. Ashby, 279 Va. 42, 43 (Va. 2010) | 2 | Defendant is not limited in a new action to raising only the defenses asserted in a previously nonsuited action; new action stands independently of any prior nonsuited action. | A defendant is not limited in a new action to raising only the defenses asserted in a previously nonsuited action, because the new action stands independently of any prior nonsuited action. | Is a defendant limited in a new action to raising only the defenses asserted in a previously nonsuited action? |
| 9379 | K. King & G. Shuler Corp. v. King, 259 Cal. App. 2d 383, 394, 66 Cal. Rptr. 330, 337 (Ct. App. 1968), disapproved of by Liodas v. Sahadi, 19 Cal. 3d 278, 562 P.2d 316 (1977) | 7 | If pleadings and pretrial order are ambiguous but issue is litigated, parties cannot thereafter claim that the issue was outside issues of case. | If the pleadings and pretrial order be ambiguous but the issue litigated, the parties cannot thereafter claim that the issue was outside the issues of the case. | "If pleadings and pre-trial order are ambiguous but issue is litigated, can parties thereafter claim that the issue was outside issues of case?" |

| | | | | | |
|---|---|---|---|---|---|
| 9384 | Parletto v. Indus. Comm, 140 Ohio St. 12, 15 (Ohio 1942) | 1 | The sole issue in a compensation proceeding is right of claimant to participate or to continue to participate in state insurance fund. Gen.Code, S 1465-90. | The sole issue in a workmen's compensation case is the right of the claimant to participate or to continue to participate in the state insurance fund. Section 1465-90, General Code. | Is the sole issue in a workers compensation proceeding whether the claimant has a right to participate or to continue to participate in a state insurance fund? |
| 9385 | Khalsa v. Weinberger, 779 F.2d 1393, 1395 (9th Cir. 1985) | 1 | Doctrine of limited reviewability of certain military regulations and decisions is matter of justiciability, analogous to political-questions doctrine. | Rather, the doctrine of limited reviewability of certain military regulations and decisions is a matter of justiciability, analogous to the political questions doctrine. | "Is the doctrine of limited reviewability of certain military regulations and decisions a matter of justiciability, analogous to the political-questions doctrine?" |
| 9386 | Kise v. Department of Military, 574 Pa. 528, 539 (Pa. 2003) | 2 | The National Guard is a state agency, under state control, and available for state service, yet also is an organization that is provided for by federal law, part of the armed services the United States, and subject to being called into federal service at any time. | In its opinion in this case, the Commonwealth Court accurately described the National Guard as a state agency, under state control, and available for state service, yet as also an organization that is provided for by federal law, part of the armed services the United States, and subject to being called into federal service at any time. | Is the National Guard a component of the Army? |
| 9387 | Boone v. United States, 53 Fed. Cl. 731, 734 (Fed.Cl.,2002) | 1 | Rights and benefits of a member of the military services, including pay and allowances, are defined by statute, and thus common-law rules governing private contracts have no place in the area of military pay. | [1] It is well settled that the "rights and benefits of a member of the military services, including pay and allowances, are defined by statute." Dock v. United States, 46 F.3d 1083, 1086 (Fed.Cir.1995). Accordingly, "common-law rules governing private contracts have no place in the area of military pay." | Is employment of members of the military branches governed by contract? |
| 9394 | Bourg Dry Dock v. Lombas Industries, 393 So. 2d 203, 204 (La. Ct. App. 1980) | 1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; much discretion is left to trial judge in this matter. | That order controls the subsequent course of action unless modified at the trial to prevent manifest injustice. The trial judge refused to modify his order. Much discretion is left to the trial judge in this matter. | Issue: Does a pretrial order controlled course of action unless modified to prevent manifest injustice? |
| 9401 | Bickett v. Countrymark Energy Res., LLC, 250 F. Supp. 3d 309, 323 (W.D. Ky. 2017) | 24 | A party seeking relief for negligent trespass under Kentucky law must show both a negligent act or omission and legally cognizable damages; consequently,without damages, there is no ripened claim. | A party seeking relief must show both a "negligent act or omission and legally cognizable damages." Alagia, Day, Trautwein & Smith v. Broadbent, 882 S.W.2d 121, 126 (Ky. 1994) (emphasis added). Consequently, "[w]ithout damages, there is no ripened claim." Meade Cty. Bank v. Wheatley, 910 S.W.2d 233, 235 (Ky. 1995). | What must a party seeking relief show for negligent trespass? |

| 9402 | Town of Islip v. Datre, 245 F. Supp. 3d 397, 428 (E.D.N.Y. 2017) | 32 | Under New York law, "trespass" is interference with person's right to possession of real property either by unlawful act or lawful act performed in unlawful manner. | A "trespass" under New York law is "the interference with a person's right to possession of real property either by an unlawful act or a lawful act performed in an unlawful manner." 55 Motor Ave. | Can trespass be committed by performing a lawful act in an unlawful manner? |
|---|---|---|---|---|---|
| 9406 | Rosenthal v. National Terrazzo Tile & Marble, Inc., 742 S.W.2d 55, 57 (Tex. App. 1987) | 2 | Trial court has broad discretion in permitting withdrawal of or amendment to admissions, and such ruling will be set aside only on showing of clear abuse of discretion. | The trial court has broad discretion in permitting the withdrawal of or amendment to admissions, and its ruling will be set aside only on a showing of clear abuse thereof. | Does a trial court have broad discretion to permit or deny the withdrawal of admissions? |
| 9408 | Withrow v. Withrow, 278 Ga. 525, 525 (2004) | 3 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Moreover, "[t]he absence of a [party's] counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. [Cit.]" | "Is absence of counsel, without leave, to attend proceedings in other courts a ground for continuance or postponement?" |
| 9412 | Dan-Cin Const. Co., Inc. v. Thrasher, 9 So.3d 205, 208, 2008-1552 La.App. 1 Cir. 2/13/09, 5 (La.App. 1 Cir., 2009) | 3 | If a party fails to take any steps available to it, after having failed to respond to requests for admissions, the fact is admitted and is conclusively established. LSA-C.C.P. arts. 1466-1468. | However, if a party fails to take any steps available to it, and according to Article 1468, is conclusively established. | "If a party fails to take any steps available to it, after having failed to respond to requests for admissions, is the fact admitted and is conclusively established?" |
| 9415 | Ex Parte Browder, 373 S.W.2d 256, 257 (Tex. Crim. App. 1963) | 1 | Statute requiring court to continue cause where party or his attorney is member of Legislature is mandatory. Vernon's Ann.Civ.St. art. 2168a. | Art. 2168a, supra, requiring a court to continue a cause where a party or his attorney is a member of the legislature is recognized by the courts to be mandatory. | Is the statute requiring a court to continue cause where party or his attorney is member of Legislature mandatory? |
| 9418 | R.M. Dudley v. Dawson, 258 S.W.3d 694, 701 (Tex. App. 2008) | 3 | In general, absence of counsel is not good cause for a continuance, but the trial court has the discretion to allow a continuance if good cause is shown. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | In general, absence of counsel is not good cause for a continuance, but the trial court has the discretion to allow a continuance if good cause is shown. TEX.R. CIV. P. 253; see Rehabilitation Facility at Austin, Inc. | "Is absence of counsel not good cause for a continuance, but the trial court has the discretion to allow a continuance if good cause is shown?" |
| 9425 | Dean v. the State, 93 Tex. Crim. 132, 245 S.W. 921 (Tex. Crim. App. 1922) | 1 | "Entry" within statute defining burglary and statute defining burglary of private residence at night can be constituted by discharge of firearms or other deadly missile into the house, with intent to injure any person therein (Vernon's Ann.P.C. arts. 1389, 1391, 1393). | "Entry" as employed in article 1389, P.C., defining burglary, and article 1391, defining burglary of a private residence at night "may be constituted by the discharge **159 of fire-arms or other deadly missile into the house, with intent to injure any person therein." | Does entry in a burglary involve the discharge of firearms? |
| 9426 | Radio Picture Show Partnership v. Exclusive International Pictures, Inc., 482 N.E.2d 1159, 1169 (Ind. Ct. App. 1986) | 19 | Limitation on liability in favor of a limited or special partner is a matter of defense, so that it is not necessary for one suing a partnership to allege and prove its general and limited character. | Contrary to the argument made by Radio, the limitation on liability in favor of a limited or special partner is a matter of defense so that it is not necessary for one suing a partnership to allege and prove its general or limited character. | Are limitations of liability in favor of a limited partner a matter of defense? |

| 9432 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 4 | Even if a request for an admission is objectionable, if a party fails to object and fails to respond to the request, that party should be held to have admitted the matter. Rules Civ.Proc., Rule 36(a, b). | However, even if a request is objectionable, if a party fails to object and fails to respond to the request, that party should be held to have admitted the matter. | "Even if a request for an admission is objectionable, if a party fails to object and fails to respond to the request, should that party be held to have admitted the matter?" |
| --- | --- | --- | --- | --- | --- |
| 9436 | Tongatapu Woodcraft Hawaii, Ltd. v. Feldman, 736 F.2d 1305, 1309 (9th Cir. 1984) | 4 | Visa petition is not the same thing as a visa; approved visa petition is merely a preliminary step in the visa application and does not guarantee that the visa will be issued and does not grant the alien any right to remain in the United States. Immigration and Nationality Act, S 291, 8 U.S.C.A. S 1361. | It is important to note that a visa petition is not the same thing as a visa. An approved visa petition is merely a preliminary step in the visa application process. 1A Gordon & Rosenfeld, Immigration Law and Procedure 3.5(j). It does not guarantee that a visa will be issued, nor does it grant the alien any right to remain in the United States. | Does the approval of a visa petition of an alien establish the right of permanent residency? |
| 9453 | Castillo v. Ruggiero, 562 N.E.2d 446, 449 (Ind. Ct. App. 1990) | 1 | Once continuance is granted and moving party led to rely on order granting continuance, continuance may not be set aside if injustice will thereby be done to either party. | However, "once a continuance is granted, and the moving party led to rely on the order granting the continuance, the continuance may not be set aside if injustice will thereby be done to either party." | Can a continuance be set aside if any injustice is done to either party? |
| 9454 | Gulf Ins. Co. v. Dunlop Tire & Rubber Corp., 584 S.W.2d 886, 889 (Tex. App. 1979) | 6 | Question of whether a continuance should be granted is to be judged in light of facts before trial judge at time motion is presented. | The question of whether a continuance should be granted is to be judged in light of the facts before the trial judge at the time the motion is presented. | "Is the question of whether a continuance should be granted, to be judged in light of facts, before a judge, at the time a motion is presented?" |
| 9456 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 4 | Even if a request for an admission is objectionable, if a party fails to object and fails to respond to the request, that party should be held to have admitted the matter. Rules Civ.Proc., Rule 36(a, b). | However, even if a request is objectionable, if a party fails to object and fails to respond to the request, that party should be held to have admitted the matter. | "Even if a request for an admission is objectionable, if a party fails to object on the ground that the request is one to admit a legal conclusion, should that party be held to have admitted the matter?" |
| 9468 | Morgan v. City of Alvin, 175 S.W.3d 408, 420 (Tex. App. 2004) | 27 | General allegations in motion for continuance are not sufficient; motion or affidavit must state specific reasons for request. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | General allegations in the motion are not sufficient; the motion or the affidavit must state specific reasons for the request. | Are general allegations in motion for continuance sufficient and the motion or affidavit must state specific reasons for a request? |

| | | | | | |
|---|---|---|---|---|---|
| 9478 | Anderson v. Am. Soc. of Plastic Surgeons, 807 P.2d 825, 827 (Utah 1991) | 1 | Court may determine the issue of personal jurisdiction on affidavits alone, permit discovery, or hold an evidentiary hearing; using the first two methods, plaintiff is only required to make a prima facie showing of personal jurisdiction, and plaintiff's factual allegations are accepted as true unless specifically controverted by the defendant's affidavits or by depositions, and any disputes in the documentary evidence are resolved in the plaintiff's favor. | In the federal trial court's discretion, under rule 12 it may determine jurisdiction on affidavits alone, permit discovery, or hold an evidentiary hearing. If it proceeds on documentary evidence alone (i.e., the first two methods), plaintiff is only required to make a prima facie showing of personal jurisdiction. The plaintiff's factual allegations are accepted as true unless specifically controverted by the defendant's affidavits or by depositions, but any disputes in the documentary evidence are resolved in the plaintiff's favor. | "Can trial courts determine jurisdiction on affidavits alone, permit discovery, or hold an evidentiary hearing?" |
| 9498 | Florida v. Wilkerson, 247 S.W.2d 678, 682 (Mo. 1952) | 2 | Utmost good faith is required of partners in their relations with each other and one partner is the confidential agent of the other and is required to make full disclosure of all material facts within his knowledge in relation to their partnership affairs. | Respondents in their brief cite cases and other authorities to the effect that utmost good faith is required of partners in their relations with each other; that one is the confidential agent of the other and is required to make full disclosure of all material facts within his knowledge in relation to their partnership affairs. | Are partners confidential agents of each other? |
| 9505 | First Cmty. Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 382 (Tenn. 2015) | 3 | When considering defendant's motion to dismiss for lack of personal jurisdiction, trial court is not obligated to accept as true factual allegations that are controverted by more reliable evidence and plainly lack credibility. Tenn. R. Civ. P. 12.02(2). | However, the trial court is "not obligated to accept as true factual allegations ... that are controverted by more reliable evidence and plainly lack credibility." | Is the trial court not obligated to accept as true factual allegations that are controverted? |
| 9509 | Wiramal Corp. v. Dir. of Div. of Tax'n, 36 N.J. 201, 211 (1961) | 6 | Legislature may seek to discourage certain type of business or activity and foster others in tax laws. | The Legislature may seek to discourage a certain type of business or activity and foster others. | Can Legislature seek to discourage certain type of business or activity and foster others in tax laws? |
| 9510 | State ex Rel. Green, Etc. et al. v. Gibson Cir. Ct., 246 Ind. 446, 449 (1965) | 1 | An action for trespass quare clausum fregit (trespass to real estate) cannot be maintained for invasion of right-of-way or easement. | Traditionally, it has been held that an action for trespass quare clausum fregit (trespass to real estate) cannot be maintained for an invasion of a right of way or easement. | Can an action for trespass quare clausum fregit (trespass to real estate) be maintained for an invasion of a right-of-way or easement? |
| 9511 | Barnes v. Mathis, 353 S.W.3d 760, 764, 55 Tex. Sup. Ct. J. 63 (Tex. 2011) | 7 | "Trespass to real property" is an unauthorized entry upon the land of another, and may occur when one enters, or causes something to enter, another's property. | Trespass to real property is an unauthorized entry upon the land of another, and may occur when one enters-or causes something to enter-another's property. | "Can trespass occur when one enters, or causes something to enter, another's property?" |
| 9514 | U.S. v. Rendon, 607 F.3d 982, 990 (4th Cir. 2010) | 4 | Searches on closed military bases are exempt from the usual Fourth Amendment requirement of probable cause. U.S.C.A. Const.Amend. 4. | The case law makes clear that searches on closed military bases have long been exempt from the usual Fourth Amendment requirement of probable cause. | "Are searches, on closed military bases, exempt from the Fourth Amendment requirement of probable cause?" |

| | | | | | |
|---|---|---|---|---|---|
| 9545 | Xylem Dewatering Sols., Inc. v. Dir., Div. of Tax'n, 30 N.J. Tax 41, 67 (2017), as corrected (Apr. 10, 2017) | 12 | The federal constitution places limits on a State's power to tax value earned outside of its borders. | "The Constitution places limits on a State's power to tax value earned outside of its borders." | Does the federal constitution place limits on a State's power to tax value earned outside of its borders? |
| 9552 | Tex. Entm't Ass'n, Inc. v. Combs, 431 S.W.3d 790, 800 (Tex. App. 2014) | 17 | The state generally has broad powers to impose and collect taxes, but it may not make classifications among taxpayers that are arbitrary, unreasonable, or capricious. Vernon's Ann.Texas Const. Art. 8, S 1. | The state generally has "broad powers to impose and collect taxes, but [it] may not make classifications among taxpayers that are arbitrary, unreasonable, or capricious." | Do states have broad powers to impose and collect taxes? |
| 9555 | Walker v. Chief Quarantine Officer, 69 F. Supp. 980, 987 (D.C.Z. 1943) | 5 | A civilian employee serving in the field or at a military post is subject to the military regulations and the lawful orders of superior. Articles of War, art. 2(d), 10 U.S.C.A. S 802. | It is true that a civilian employee serving in the field or at a military post is subject to the military regulations and the lawful orders of superiors, and this by reason of the statute set forth above. | Are all civilian employees serving in the field or at a military post is subject to the lawful orders of superiors? |
| 9559 | In re Quinn's Estate, 283 Ill. App. 597, 604 (1936) | 1 | The words "residence," "residing," and "domicile," though having different shades of meaning, are often used synonymously, and where such words are used in statutes they are used synonymously and signify legal residence or domicile unless their meaning is limited by express definition or context. | The words "residence," "residing," "domicile," and similar words, while having different shades of meaning, are often used synonymously and it is almost uniformly held that when such words are used in statutes they are used synonymously and signify "legal residence," or "domicile," unless their meaning is limited either by express definition in the statute or by the context of the act. | Does residence take on shades of meaning according to the context in which it is found? |
| 9560 | Roesler v. Roesler, 396 S.C. 100, 107 (S.C. Ct. App. 2011) | 5 | "Domicile" means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning. | Domicile "means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning." | "Is a person's domicile a place to which whenever he is absent, he has the intention of returning?" |
| 9572 | Cuccia v. H.M. Weiner & Assocs., 234 A.D.2d 26, 26, 650 N.Y.S.2d 168, 168 (1996) | 1 | Failure to serve summons with complaint is jurisdictional defect requiring dismissal of action. McKinney's CPLR 304, 305(b). | The failure to serve a summons with complaint in this matter is a jurisdictional defect requiring dismissal of the action | Is failure to serve summons with complaint a jurisdictional defect requiring dismissal of action? |
| 9573 | U.S. Bank Nat'l Ass'n v. Croteau, 183 So. 3d 1089 (Fla. Dist. Ct. App. 2015) | 2 | Dismissal is considered the most extreme of sanctions and should be reserved for cases involving flagrant violations of procedural rules. | Second, dismissal is considered the most extreme of sanctions and "should be reserved for cases involving flagrant violations of procedural rules. | Is dismissal an extreme sanction and should be reserved for cases involving flagrant violations of procedural rules? |
| 9574 | Lindsey v. King,  894 So. 2d 1058, 1059 (Fla. Dist. Ct. App. 2005) | 3 | A sanction imposed under rules of appellate procedure must be commensurate with the violation; dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. West's F.S.A. R.App.P.Rule 9.410. | "A sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules." | Is dismissal an extreme sanction and should be reserved for cases involving flagrant violations of procedural rules? |

| 9578 | Harstad v. City of Woodbury, 902 N.W.2d 64, 76 (Minn. Ct. App. 2017) | 20 | A district court may dismiss a cause of action as moot if an event occurs that resolves the issue or renders it impossible to grant effective relief. | A district *76 court may dismiss a cause of action as moot "if an event occurs that resolves the issue or renders it impossible to grant effective relief." | Will a matter be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief? |
| --- | --- | --- | --- | --- | --- |
| 9584 | Am. Hous. Corp. v. Rhoades, 1 Ohio App. 3d 130, 131, 439 N.E.2d 946, 947 (1981) | 1 | Trial courts have authority to impose sanctions where actions of party operate to support judicial process; but justice requires that where range of sanctions is available, most drastic sanctions must be reserved for flagrant cases. | There is no question that trial courts have authority to impose sanctions where the actions of a party operate to thwart the judicial process. But justice requires that where a range of sanctions is available, the most drastic sanctions must be reserved for flagrant cases. See Ward v. Hester (1973), 36 Ohio St. 2d 38, 303 N.E.2d 861, 65 O.O.2d 181, certiorari denied sub nom. Continental Casualty Co. v. Ward (1974), 415 U.S. 984, 94 S.Ct. 1577, 39 L.Ed.2d 881. | Do trial courts have authority to impose sanctions where actions of a party operate to support judicial process? |
| 9591 | Lakota Consol. Independent School v. Buffalo Center/Rake Community Schools, 334 N.W.2d 704, 708 (Iowa,1983) | 3 | For purposes of passing on motion to dismiss for failure to state claim upon which relief can be granted, notice pleading requires only short and plain statement of claim, and, in order to sustain such a motion, Supreme Court must conclude that no state of facts is conceivable under which plaintiff might show right of recovery. Rules Civ.Proc., Rule 104(b). | We have stated that for purposes of passing on a motion to dismiss under Iowa Rule of Civil Procedure 104(b), our notice pleading requires only a short and plain statement of the claim. Van Meter v. Van Meter, 328 N.W.2d 497 (Iowa 1983). In order to sustain a motion under rule 104(b), we must conclude that no state of facts is conceivable under which plaintiff might show a right of recovery. | Does notice pleading require only a short and plain statement of the claim? |
| 9604 | S.E. Mobile Homes v. Transit Homes, 192 So. 2d 53, 58 (Fla. Dist. Ct. App. 1966) | 9 | Trial court has authority to dismiss a complaint with prejudice where the plaintiff wilfully fails to obey an order of court. | 'There can be no doubt of the authority of a trial court to dismiss a complaint with prejudice where the plaintiff wilfully fails to obey an order of court. | Does a trial court have authority to dismiss a complaint with prejudice where the plaintiff willfully fails to obey an order of court? |
| 9605 | Maldonado v. Ford Motor Co., 476 Mich. 372, 389 (Mich. 2006) | 6 | The authority to dismiss a lawsuit for litigant misconduct is a creature of the clean hands doctrine and, despite its origins, is applicable to both equitable and legal damages claims. | "The authority to dismiss a lawsuit for litigant misconduct is a creature of the 'clean hands doctrine' and, despite its origins, is applicable to both equitable and legal damages claims." | Does a trial court have inherent authority to dismiss a lawsuit for litigant misconduct? |
| 9607 | Succession of Sigur v. Henritzy, 126 So. 3d 529, 536 (La. Ct. App. 2013) | 3 | Because dismissal is the harshest of remedies, any reasonable doubt about abandonment of an action should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561 (2006). | "Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." | Should any reasonable doubt about abandonment of an action be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment? |

| 9612 | Hines v. Stein, 298 U.S. 94, 98 (Pa. 1936) | 3 | Purpose of regulations in respect of fees of those concerned with pension matters is to protect United States and beneficiaries against extortion, imposition, or fraud. 38 U.S.C.A. SS 210, 611, 3404; Act July 4, 1884, SS 4, 6, 23 Stat. 99, 101; Executive Order No. 6098, Veteran's Reg. No. 10. | The broad purpose of regulations in respect of fees of those concerned with pension matters is to protect the United States and beneficiaries against extortion, imposition, or fraud. | What is the purpose of regulations in respect of fees of those concerned with pension matters? |
| 9617 | Philips v. Marshall Berwick Chevrolet, Inc., 467 So. 2d 1068, 1069–70 (Fla. Dist. Ct. App. 1985) | 3 | Where activity by plaintiff is facially sufficient, as opposed to merely passive, e.g., a name change, or substitution of counsel, court cannot inquire further as to how well the activity advances the cause in determining whether to dismiss action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Where activity is facially sufficient, as opposed to merely passive, e.g., a name *1070 change, Overseas Development, Inc. v. Ameri-First Federal Savings and Loan Association, 433 So.2d 587 (Fla. 3d DCA 1983); substitution of counsel, Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977); a court cannot inquire further as to how well the activity advances the cause. | "Where activity by a plaintiff is facially sufficient, can a court inquire further?" |
| 9620 | Delacruz v. Anadarko Petroleum Corp., 157 So.3d 790, 793, 794 2014-0433 La.App. 4 Cir. 12/3/14, 5, 7 (La.App. 4 Cir., 2014) | 2 | Any reasonable doubt about abandonment of a claim based on the parties' failure to take any step in its prosecution or defense for a period of three years should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. LSA-C.C.P. art. 561. | Under La. C.C.P. art. 561, a case is considered abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years."…Our jurisprudence also indicates that "any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." | Should any reasonable doubt about abandonment of a claim based on the parties' failure to be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment? |
| 9628 | London Livery v. Brinks, 3 So. 3d 13, 15 (La. Ct. App. 2008) | 2 | Motions to withdraw, enroll, or substitute counsel are not considered formal steps in the prosecution as contemplated by the abandonment article. LSA-C.C.P. art. 561. | However, as the Appellants correctly point out, it is well established that motions to withdraw, enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by La. C.C.P. art. 561. | "Is a motion to withdraw or enroll as counsel or to substitute counsel not considered a formal ""step"" before court in prosecution of suit?" |
| 9631 | Landers-Scelfo v. Corp. Off. Sys., Inc., 356 Ill. App. 3d 1060, 1065, 827 N.E.2d 1051, 1056 (2005) | 1 | A party moving to dismiss under Code of Civil Procedure section governing involuntary dismissal based upon certain defects and defenses admits the legal sufficiency of the complaint, but asserts the existence of an external defect or defense that defeats the cause of action. S.H.A. 735 ILCS 5/2-619. | *1065 A party moving to dismiss under section 2-619 admits the legal sufficiency of the complaint, but asserts the existence of an external defect or defense that defeats the cause of action. | Can a party deny the legal sufficiency of the complaint in a motion to dismiss on the pleadings? |
| 9634 | United States v. Tomoya Kawakita, 96 F. Supp. 824, 827 (S.D. Cal. 1951) | 2 | A citizen or subject owes an absolute and permanent allegiance to his government or sovereign, or at least until, by some open and distinct act, he renounces it and becomes a citizen or subject of another government or another sovereign, and an alien, while domiciled in country, owes a local and temporary allegiance, which continues during the period of his residence. | The citizen or subject owes an absolute and permanent allegiance to his government or sovereign, or at least until, by some open and distinct act, he renounces it and becomes a citizen or subject of another government or another sovereign. The alien, whilst domiciled in the country, owes a local and temporary allegiance, which continues during the period of his residence.' | Does a citizen or subject owe a permanent allegiance to the country? |

| 9648 | Tri Star Investments, Inc. v. Miele, 407 So. 2d 292 (Fla. Dist. Ct. App. 1981) | 2 | Court should carefully adhere to established due process, adversarial practice, and evidentiary rules in conducting an inquiry into charges that fraud has been perpetrated on the court. | The court, however, should carefully adhere to established due process, adversarial practice, and evidentiary rules in conducting an inquiry into such charges. | "While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, is that the most severe of sanctions and the court must carefully adhere to established due process?" |
|---|---|---|---|---|---|
| 9651 | Lester v. State Workmen's Compensation Commissioner, 161 W. Va. 299, 312 (W. Va. 1978) | 4 | Rights and duties under workmen's compensation statute are no longer contractual but grow out of employer-employee status to which law attaches certain duties and responsibilities and liability of employers arises from law itself, rather than from any agreement of the parties; thus only significance adhering to contractual relationship is existence of employer-employee relationship and once that relationship is established, the statute imposes certain duties and responsibilities on parties to that relationship. Code, 23-4-15. | Therefore, despite our course of decisions in this area of the law, 13 are of the **451 opinion that the rights and duties under our workmen's compensation statute are no longer contractual but grow out of the employer- employee status to which the law attaches certain duties and responsibilities. The liability of employers arises from the law itself, rather than from any agreement of the parties. The only significance adhering to the contractual relationship is the existence of an employer-employee relationship. Once the employer-employee relationship is established, the statute imposes certain duties and responsibilities on the parties to that relationship. | Is it the employer-employee status to which the law attaches certain duties and responsibilities? |
| 9653 | Walker v. Winston Cnty. Comm'n, 474 So. 2d 1116, 1118 (Ala. 1985) | 5 | Gap or gate across public road to control livestock does not cause road to lose character as public way, where there is no interruption of use of road by those traveling it. | A gap or gate across a way to control livestock, as here, will not cause a road to lose its character as a public way, when it is evident that there was no interruption of its use by those travelling it. | Whether placing of a gap or gate can cause the road to lose its public character? |

| | | | | | |
|---|---|---|---|---|---|
| 9661 | Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex. App. 1999) | 7 | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay; no single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | In determining under its inherent authority whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case; including the length of time the case was on file, the extent of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. Scoville v. Shaffer, 9 S.W.3d 201, 204 (Tex.App.-San Antonio 1999, no pet.); King v. Holland, 884 S.W.2d 231, 237 (Tex.App.-Corpus Christi 1994, writ denied). No single factor is dispositive, and a belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | Does a belated trial setting or stated readiness to proceed to trial conclusively establish diligence? |
| 9662 | Cullen v. Phillips, 30 P.3d 828, 834 (Colo. App. 2001) | 20 | Although unilateral resumption of prosecution should not necessarily insulate a plaintiff from dismissal for lack of prosecution, it is an important factor in the trial court's consideration, and other factors include the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, the difficulties in trying the case as a result of the delay, and the nature and extent of the plaintiff's renewed efforts. | Although unilateral resumption of prosecution should not necessarily insulate a plaintiff from dismissal for lack of prosecution, it is an important factor in the trial court's consideration. See Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co., 698 P.2d 1340 (Colo.1985). Other factors include the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, the difficulties in trying the case as a result of the delay, and the nature and extent of the plaintiff's renewed efforts. | Should unilateral resumption of prosecution insulate a plaintiff from dismissal for lack of prosecution? |
| 9663 | Horobec v. Mueller, 628 S.W.2d 942, 944 (Mo. App. 1982) | 9 | Decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis. | Although the decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case- by-case basis | Should the decision to dismiss a case for want of prosecution be determined on a case by case basis? |
| 9668 | Crowell v. Cox, 525 S.W.3d 578, 582 (Mo. Ct. App. 2017) | 1 | In reviewing the petition on motion to dismiss to determine if it states a claim, courts accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from those allegations; courts do not weigh the factual allegations to determine their credibility or persuasiveness. | In reviewing the petition to determine if it states a claim, we accept the allegations in the petition as true and grant the plaintiffs all reasonable inferences from those allegations. Campbell v. Cty. Comm'n of Franklin Cty., 453 S.W.3d 762, 767 (Mo. banc 2015). We do not weigh the factual allegations to determine their credibility or persuasiveness. | "In reviewing the petition to determine if it states a claim, do courts accept the allegations in the petition as true?" |

| 9672 | Amicizia Societa Nav. v. Chilean Nitrate, 274 F.2d 805, 808 (2d Cir. 1960) | 1 | Court's function in confirming or vacating an arbitration award is severely limited, since, if it were otherwise, ostensible purpose for resort to arbitration, which is avoidance of litigation, would be frustrated. 9 U.S.C.A. SS 10, 11. | But as respondent recognizes, the court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated. | Will the ostensible purpose of arbitration be frustrated if a court determines the merits of the parties' arguments in advance of pending arbitration? |
|---|---|---|---|---|---|
| 9686 | R & B Kapital Dev., LLC v. N. Shore Cmty. Bank & Tr. Co., 358 Ill. App. 3d 912, 921, 832 N.E.2d 246, 255 (2005) | 9 | An affirmative defense is properly asserted for the first time in a Section 2-615 motion for dismissal with respect to pleadings only if the defense is apparent from the face of the complaint. S.H.A. 735 ILCS 5/2-615. | An affirmative defense is properly asserted in a section 2–615 motion only if the defense is apparent from the face of the complaint. | Can an affirmative defense be asserted for the first time in a motion for dismissal with respect to pleadings only if the defense is apparent from the face of the complaint? |
| 9689 | Rossi v. Mathers, 749 P.2d 964, 965 (Colo. App. 1987) | 2 | In absence of showing by plaintiff of mitigating circumstances or reasonable excuse for delay, unusual delay in prosecuting action justifies dismissal with prejudice. Rules Civ.Proc., Rule 121(b), Standard S 1-10 (1987). | Thus, in the absence of a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, an unusual delay in prosecuting an action justifies dismissal with prejudice. | Does unusual delay in prosecuting action justify dismissal with prejudice? |
| 9696 | White Eagle v. City of Fort Pierre, 2002 S.D. 68, ¶ 4, 647 N.W.2d 716, 718 | 7 | Dismissal of a cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness. SDCL 15-11-11, 15-30-16. | Finally, the dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Does plaintiff have the burden to proceed with an action and does defendant need only meet the plaintiff step by step? |
| 9697 | Cent. Tr. Co., Rochester v. Sheahen, 66 A.D.2d 1015, 1015–16, 411 N.Y.S.2d 741, 743 (1978) | 4 | An agent may be appointed to do the same acts and to achieve the same legal consequences as if the principal had himself personally acted, except as to acts which by their nature, by public policy, or by contract, require personal performance or acts which are illegal. | Moreover, an agent may be appointed to do the same acts and to achieve the same legal consequences as if the principal had himself personally acted, except as to acts which by their nature, by public policy, or by contract, require personal performance, or *1016 acts which are illegal (N.Y.Jur. Agency, s 18). | Can an agent be appointed to do the same acts as the principal? |
| 9698 | City of Largo v. AHF-Bay Fund, LLC, 215 So. 3d 10, 16 (Fla. 2017) | 11 | A "tax" is an enforced burden imposed by a sovereign right for the support of the government, the administration of law, and the exercise of various functions the sovereign is called on to perform. | A tax is an enforced burden imposed by a sovereign right for the support of the government, the administration of law, and the exercise of various functions the sovereign is called on to perform. | Is a tax enforced to support the exercise of functions of the sovereign? |

| 9708 | Snpco, Inc. v. City of Jefferson City, 363 S.W.3d 467, 473 (Tenn. 2012) | 2 | A motion to dismiss a complaint for failure to state a claim for which relief may be granted requires the court to review the complaint alone. Rules Civ.Proc., Rule 12.02(6). | The trial court should not grant a motion to dismiss a complaint for failure to state a claim upon which relief may be granted unless: (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. | Can a motion to dismiss a complaint for failure to state a claim for which relief can be granted require the court to review the complaint alone? |
|---|---|---|---|---|---|
| 9711 | In re Marriage of Hanlon, 83 Ill. App. 3d 629, 632 (Ill. App. Ct. 1980) | 2 | Courts possess inherent power to dismiss actions for want of prosecution and determination that there has been lack of diligent prosecution warranting dismissal rests within sound discretion of trial court and should not be disturbed on appeal unless reviewing court finds abuse of that discretion; however, dismissal for want of prosecution is error unless party has been guilty of inexcusable delay in prosecuting the suit. | Courts possess the inherent power to dismiss actions for want of prosecution and a determination that there has been a lack of diligent prosecution warranting dismissal rests within the sound discretion of the trial court and should not be disturbed upon appeal unless the reviewing court finds an abuse of that discretion. However, a dismissal for want of prosecution **876 ***285 is error unless the party has been guilty of inexcusable delay in prosecuting the suit. | Is dismissal for want of prosecution error unless party has been guilty of inexcusable delay in prosecuting the suit? |
| 9715 | Gordon v. Greenview Hosp, 300 S.W.3d 635, 644 (Tenn. 2009) | 6 | If a defendant challenges jurisdiction over the person by motion, the defendant may, but is not required to, support the motion with affidavits or other evidentiary materials; however, if the defendant supports its motion with affidavits, the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence. Rules Civ.Proc., Rule 12.02(2). | If a defendant raises the defense by motion, the defendant may, but is not required to, support the motion with affidavits or other evidentiary materials. However, if a defendant supports its motion with affidavits, the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence. | "When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support a motion with affidavits or other evidentiary materials?" |
| 9716 | N.L.R.B. v. Int'l Longshoremen's & Warehousemen's Union, Local 10, 283 F.2d 558, 565 (9th Cir. 1960) | 5 | An agent may be acting within the scope of his authority even when he commits an act specifically forbidden by his principal. | Nonetheless, it is beyond doubt that an agent may well be acting within the scope of his authority even when he commits an act specifically forbidden by his principal. | Does an agent act within the scope of his authority even when he commits an act specifically forbidden by his principal? |
| 9719 | Sierra Club v. Robertson, 784 F. Supp. 593, 604 (W.D. Ark. 1991) | 9 | Although Court of Appeals must engage in thorough, probing, in-depth review, Forest Service's actions are entitled to presumption of regularity. | Finally, although the court must engage in a " 'thorough, probing, in-depth review,' " the Forest Service's actions are entitled to a " 'presumption of regularity.' " | Does the Court have to engage in a probing and in-depth review of the Forest Service's actions? |

| | | | | | |
|---|---|---|---|---|---|
| 9726 | Bowman v. Benouttas, 519 S.W.3d 586, 602 (Tenn. Ct. App. 2016) | 26 | When a court is dealing simply with allegations of pleadings, the court is not free to construct additional facts or allegations. Tenn. R. Civ. P. 8.01. | In fact, "[w]hen the Court is dealing simply with allegations of pleadings, ... the Court is not free to construct additional facts or allegations." | "When the court is dealing simply with allegations of pleadings, is it free to construct additional facts or allegations?" |
| 9727 | Covil v. Robert Co. Associates, 112 Ga. App. 163, 169 (Ga. Ct. App. 1965) | 11 | On general demurrer or oral motion in nature of general demurrer, petition must be construed most strongly against pleader, and in applying this rule, the petition will be construed in light of its omissions as well as its averments. | When considered on *169 general demurrer or oral motion in the nature of a general demurrer, a petition must be construed most strongly against the pleader; in applying this rule the petition will be construed in the light of its omissions as well as its averments. | "Will a petition be construed most strongly against the pleader, on general demurer?" |
| 9728 | Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 243 (N.J. 1998) | 27 | Generally, dismissal that is on the merits of claim is with prejudice, but dismissal that is based on court's procedural inability to consider case is without prejudice. | Generally, a dismissal that is "on the merits" of a claim is with prejudice, but a dismissal that is "based on a court's procedural inability to consider a case" is without prejudice. | Is a dismissal based on the court's procedural inability to consider a case without prejudice? |
| 9729 | Chodorow v. Porto Vita, Ltd., 954 So. 2d 1240, 1242 (Fla. Dist. Ct. App. 2007) | 4 | If the analysis of a claim is factually intensive, it is better addressed on a summary judgment motion, or at trial, but certainly not on a motion to dismiss. | Additionally, if the analysis of a claim is factually intensive, it is better addressed on a summary judgment motion, or at trial, but certainly not on a motion to dismiss. | "If the analysis of a claim is factually intensive, is it better addressed on a summary judgment motion?" |
| 9733 | Gen. Motors Acceptance Corp. v. Lynch Bldg. Corp., 118 Fla. 2, 4 (Fla. 1935) | 2 | Principal is bound by acts committed by agent within scope of his real or apparent authority, and public may rely on apparent authority of agent unless put on inquiry by circumstances. | On the question of agency this court is committed to the rule that the principal is bound by acts committed within the real or apparent authority of its agent and that the public may rely on the apparent authority of the agent unless the circumstances are such as to put them on inquiry. | Can the public rely on the apparent authority of the agent? |
| 9734 | Newman v. City of Indianola, 232 N.W.2d 568, 573 (Iowa 1975) | 5 | There is a distinction between a "tax" and an "assessment"; a "tax" is a charge to pay the cost of government without regard to special benefits conferred. | There is a distinction between 'taxes' and 'assessments.' A tax is a charge to pay the cost of government without regard to special benefits conferred. | Is tax a charge to pay the cost of government without regard to special benefits conferred? |
| 9736 | Transport Ins. Co. v. Jaeger, 534 S.W.2d 389, 391 (Tex. Civ. App. 1976) | 1 | Remedies under Workmen's Compensation Act are purely statutory; each step toward maturity of compensation claim is mandatory requirement necessary to invoke jurisdiction of each statutory agency or court. Vernon's Ann.Civ.St. art. 8307, S 5. | Remedies under the Workmen's Compensation Act are purely statutory; each step toward maturity of a compensation claim is a mandatory requirement necessary to invoke the jurisdiction of each statutory agency or court. | "In workmens compensation, when can one invoke jurisdiction?" |
| 9737 | ATC Petroleum, Inc. v. Sanders, 860 F.2d 1104, 1111 (D.C. Cir. 1988) | 1 | Doctrine of equitable estoppel is not, in itself, either a claim or a defense; rather, it is a means of precluding a litigant from asserting an otherwise available claim or defense against a party who has detrimentally relied on that litigant's conduct. | The doctrine of equitable estoppel is not, in itself, either a claim or a defense. Rather, it is a means of precluding a litigant from asserting an otherwise available claim or defense against a party who has detrimentally relied on that litigant's conduct. | "Is equitable estoppel not, in itself, a claim or a defense?" |

| 9742 | Bianchi v. Savino Del Bene Int'l Freight Forwarders, Inc., 329 Ill. App. 3d 908, 918, 770 N.E.2d 684, 692 (2002) | 5 | A motion to dismiss based on an affirmative defense assumes a cause of action has been stated, but asserts that the claim is defeated by affirmative matter, while a motion to dismiss based upon defect in pleadings attacks defects apparent on the face of the complaint and is based on the insufficiency in the pleading rather than on the underlying facts. S.H.A. 735 ILCS 5/2-615, 2-619(a)(9). | A section 2–619(a)(9) motion assumes a cause of action has been stated, but asserts that the claim is defeated by affirmative matter. Barber-Colman Co. v. A & K Midwest Insulation Co., 236 Ill.App.3d 1065, 1068- 74, 177 Ill.Dec. 841, 603 N.E.2d 1215 (1992). A motion to dismiss under section 2-615 motion attacks defects apparent on the face of the complaint and is based on insufficiency in the pleading rather than on the underlying facts. | Is a motion to dismiss based on the insufficiency in the pleading rather than on the underlying facts? |
| 9745 | State v. Rhodes, 408 S.W.2d 68, 70 (Mo. 1966) | 3 | Unlocking and opening a locked door; or pushing open a door which is shut but neither locked nor latched; or the opening of a closed door or the opening of an unlocked door is sufficient to render an entry thus effected burglary, if done with intent to commit burglary. | Unlocking and opening a locked door; or pushing open a door which is shut but neither locked nor latched, 12 C.J.S. Burglary s 3; or the opening of a closed door, State v. Stewart, 329 Mo. 265, 44 S.W.2d 100, or the opening of an unlocked door, State v. Fritz, Mo.Sup., 379 S.W.2d 589, and cases cited, l.c. 590, is sufficient to render an entry thus effected burglary, if done with intent to commit burglary. | Can opening a door with a key constitute burglary? |
| 9747 | Rezac Livestock Comm'n Co. v. Pinnacle Bank, 255 F. Supp. 3d 1150, 1160 (D. Kan. 2017) | 4 | Under Kansas law, a principal-agent relationship is created when one person, a principal, manifests assent to another person, an agent, that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. | In Golden Rule, the Kansas Supreme Court explained that a principal-agent relationship (also referred to as an agency relationship) is created "when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." | When is a principal-agent relationship created? |
| 9749 | Kaw Valley State Bank & Trust v. Commercial Bank of Liberty, N.A., 567 S.W.2d 710, 713 (Mo. Ct. App. 1978) | 7 | Assignee of nonnegotiable instrument takes it subject to all defenses which maker may have against instrument prior to notice of assignment. V.A.M.S. SS 431.160, 509.480. | The assignee of a nonnegotiable instrument takes it subject to all defenses the maker may have against the instrument prior to notice of the assignment. | Does an assignee of a nonnegotiable instrument take it subject to all defenses that the maker has against the instrument prior to notice of the assignment? |
| 9752 | Preston v. Kaiser Foundation Hospitals, 178 Cal.Rptr. 882, 884, 126 Cal.App.3d 402, 407 (Cal.App. 2 Dist., 1981) | 3 | Policy of law is to require a plaintiff to expedite resolution of his or her claim and court should not enforce claims unless plaintiff acts in timely fashion. West's Ann.C.C.P. S 583. | The policy of our law is to require a plaintiff to expedite the resolution of his or her claim and courts should not enforce claims unless the parties claiming them act in a timely fashion. | Should court enforce claims unless plaintiff acts in timely fashion? |

| 9754 | Hendrix v. Fulton Dekalb Hosp. Auth., 330 Ga. App. 833 (2015) | 5 | A dismissal for failure to state a claim is a dismissal on the merits, with prejudice, and renders the suit void and incapable of being renewed after expiration of the applicable statute of limitation. West's Ga.Code Ann. S 9-2-61. | A dismissal for failure to state a claim is a dismissal on the merits, with prejudice, and renders the suit void and incapable of being renewed pursuant to OCGA 9-2-61 after expiration of the applicable statute of limitation. | Is a dismissal for failure to state a claim a dismissal on the merits and is it with prejudice? |
| 9764 | Cook v. Ripley, 786 F. Supp. 2d 1166, 1170 (N.D. Miss. 2011) | 6 | Under Mississippi law, a power of attorney must be a writing that (1) authorizes an attorney-in-fact or other agent to do, execute or perform any act that the principal might or could do, or (2) evidences the principal's intent to give the attorney-in-fact or agent full power to handle the principal's affairs. West's A.M.C. S 87-3-7. | The power of attorney must be a writing that (a) authorizes an attorney-in-fact or other agent to do, execute or perform any act that the principal might or could do, or (b) evidences the principal's intent to give the attorney-in-fact or agent full power to handle the principal's affairs | What is a power of attorney? |
| 9765 | Rivercity v. American Can Co., 600 F. Supp. 908, 915 (E.D. La. 1984) | 9 | "Agency by estoppel" is not based on actual agency, but is generally found under circumstances where third parties have been led to believe that agency relationship was in existence and relied on that belief to their detriment, with result that parties who held out that agency relationship existed are estopped from denying it. | "Agency by estoppel", it must be noted, is not based on actual agency but instead is generally found under circumstances where third parties have been led to believe that an agency relationship was in existence and have relied on that belief to their detriment. Those parties then who have held out that there was an agency relationship in existence are estopped from denying same. | What is an agency by estoppel? |
| 9766 | State v. Commercial Loan Co., 251 Ala. 672, 675 (1948) | 4 | The word "tax", unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory purposes, and thus license fees are commonly called taxes, though strictly speaking they may be a charge or fee rather than a tax. | The foregoing Alabama authorities demonstrate that the word tax, unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory **574 purposes. In other words license fees are commonly called taxes even though strictly speaking they may be a charge or fee rather than a tax. | "Are license fees commonly called taxes, even though they may be a charge or fee rather than a tax?" |
| 9770 | Sabbath v. Martin, 2009 WL 3449096, at *2 (La.App. 2 Cir.,2009) | 3 | A defect is redhibitory warranting rescission of sale when it renders the thing useless, or its use so inconvenient that it must be presumed the buyer would not have bought the thing if he had known of the defect. LSA-C.C. art. 2520. | A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed the buyer would not have bought the thing if he had known of the defect. | What are redhibitory defects in a sale and does existence of such defects give the buyer the right to rescission? |
| 9782 | Finch v. Ekstrom, 1 P.2d 516, 517, 115 Cal.App. 381, 382 (Cal.App. 2 Dist. 1931) | 1 | Entry in minutes of order granting nonsuit is final act in entering final judgment, and thereafter another judgment is improper. West's Ann.Code Civ.Proc. S 581. | It is provided in section 581, Code of Civil Procedure, that the entry in the minutes of an order granting a nonsuit is the final act in entering a final judgment, and there is no place thereafter for another judgment. | Is entry in minutes of an order granting nonsuit a final act in entering final judgment? |

| 9788 | Stephens v. Catalano, 7 So. 2d 380, 381 (La. Ct. App. 1942) | 1 | The only occupations protected by the compensation act are those businesses specially designated in the act, those persons who, by agreement, have elected to come under the act, and those businesses determined by the courts, prior to the occurrence of the accident, to be of a hazardous nature. Act No. 20 of 1914, S 1, subd. 2(a), LSA-R.S. 23:1021. | There can be no doubt that the only occupations protected or made applicable by the compensation laws of this state are: (1) Those businesses specially designated in the act. (2) Those persons who, by agreement, have elected to come under the terms of the act; and, (3) Those businesses determined by the courts, prior to the occurrence of the accident, to be of a hazardous nature. | What occupations are protected by compensation laws? |
| 9793 | Tarrant County v. McQuary, 310 S.W.3d 170, 173 (Tex. App. 2010) | 6 | Pleadings relevant to a review of a plea to the jurisdiction include amended petitions, the plea to the jurisdiction, and responses filed in connection with a defendant's plea to the jurisdiction. | The pleadings relevant to a review of a plea to the jurisdiction include amended petitions, the plea to the jurisdiction, and responses filed in connection with a defendant's plea to the jurisdiction. | Do pleadings relevant to a review of a plea to the jurisdiction include amended petitions and responses? |
| 9798 | Castano v. San Felipe Agricultural, Manufacturing, & Irrigation Co., 147 S.W.3d 444, 452 (Tex. App. 2004) | 7 | The issue of whether pleadings fail to state a cause of action may not be resolved by summary judgment; only after a party has been given the opportunity to amend may the case be dismissed for failure to state a cause of action. | It is well settled that the issue of whether pleadings fail to state a cause of action may not be resolved by summary judgment. In the Interest of B.I.V., 870 S.W.2d 12, 13-14 (Tex.1994); Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.1983) Ryan, 911 S.W.2d at 115-16. Only after a party has been given the opportunity to amend may the case be dismissed for failure to state a cause of action. | Can the issue of whether pleadings fail to state a cause of action not be resolved by summary judgment? |
| 9799 | Bridges v. Production, 974 So. 2d 54, 58 (La. Ct. App. 2008) | 3 | The sales and use taxes are complementary taxes designed to make all tangible property sold or used subject to a uniform tax burden regardless of whether it is acquired inside the state and subject to a sales tax or acquired outside the state and subject to a use tax. | The sales and use taxes are complementary taxes designed to "make all tangible property sold or used subject to a uniform tax burden regardless of whether it is acquired inside the state and subject to a sales tax or acquired outside the state and subject to a use tax." | How are use tax and sales tax assessed? |
| 9802 | Paulausky v. Polish Roman Catholic Union of Am., 219 Ind. 441, 442 (Ind. 1942) | 5 | A mortgage securing a note is not a necessary part of the note, although construed with the note as constituting one contract, and since note is valid and enforceable without mortgage, material alteration of mortgage does not destroy validity of note. | It has been held that a mortgage securing a note is not a necessary part of the note, although construed with it as constituting one contract; that since the note is valid and enforceable without the mortgage the material alteration of the mortgage does not destroy the validity of the note. | Is a mortgage a necessary part of the note? |

| | | | | | |
|---|---|---|---|---|---|
| 9804 | People v. Everard, 225 Mich. App. 455, 465 (1997) | 15 | While double jeopardy clause prohibits successive or multiple punishments for same offense, defendant may still be subject to both criminal and civil sanctions for same act. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | While the Double Jeopardy Clauses prohibit successive or multiple punishments for the same offense, a defendant may still be subject to both criminal and civil sanctions for the same act. | "Does civil forfeiture not constitute ""punishment"" for purpose of a double jeopardy clause?" |
| 9807 | Davis v. Girard, 74 R.I. 125, 126 (R.I. 1948) | 8 | The owner of premises bounded on a public highway is presumed, in absence of evidence to the contrary, to own the fee to the middle line of the highway. | It is the well-settled policy of this state, which is in accord with the general rule, that the owner of premises bounded on a public highway is presumed, in the absence of evidence to the contrary, to own the fee to the middle line of the highway. | Is the owner of premises bounded on a public highway presumed to own the fee to the middle line of the highway? |
| 9813 | Jampole v. Matthews, 857 S.W.2d 57, 64 (Tex. App. 1993) | 14 | Only after party has been given opportunity to amend, after special exceptions have been sustained, may case be dismissed for failure to state claim. | Only after a party has been given an opportunity to amend, after special exceptions have been sustained, may the case be dismissed for failure to state a claim. | "After special exceptions have been sustained, can a case be dismissed for failure to state a claim?" |
| 9817 | U.S. v. Sykes, 73 F.3d 772, 773 (C.A.8 (Mo.),1996) | 2 | Although text of Fifth Amendment's double jeopardy clause mentions only harms to "life or limb," it also applies to imprisonment and monetary penalties. U.S.C.A. Const.Amend. 5. | Although the text of the Amendment mentions only harms to "life or limb," it is well settled that the Double Jeopardy Clause applies to imprisonment and monetary penalties. | Does the double jeopardy clause apply to imprisonment and monetary penalties? |
| 9827 | Stewart v. Citizens & S. Nat. Bank, 138 Ga. App. 209, 210 (1976) | 1 | Check is merely an order on bank to pay from drawer's account, and may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of the law on the death of the drawer. Code, S 109A-4-405. | While a check is merely an order upon a bank to pay from the drawer's account, it may be revoked at any time by the drawer before it has been certified, accepted, or paid by the bank, and may be revoked by operation of law upon the death of the drawer. | Is a check a mere order to the bank that can be revoked? |
| 9833 | Davidson v. United States, 48 A.3d 194, 200 (D.C. 2012) | 7 | An exception to the protections of the Double Jeopardy Clause may be permitted if the trial court declares a mistrial. U.S.C.A. Const.Amend. 5. | However, "[a]n exception to the protections of the Double Jeopardy Clause may be permitted if the trial court declares a mistrial." | Can an exception to the protections of the Double Jeopardy Clause be permitted if the trial court declares a mistrial? |
| 9834 | United States v. Wayman, 510 F.2d 1020, 1019 (5th Cir. 1975) | 20 | A defendant may be tried a second time when on the first trial the court properly declared a mistrial. | 8 It is hornbook law that a defendant may be tried a second time when upon the first trial the court properly declared a mistrial. | Can a defendant be tried a second time when on the first trial the court properly declared a mistrial? |
| 9835 | Matter of Armstrong, 201 B.R. 526, 532 (Bankr. D. Neb. 1996) | 7 | Waiver may be found when party fails to raise issue, despite full and fair opportunity to do so. | Waiver may be found where a party fails to raise an issue, despite a full and fair opportunity to do so. | Can waiver be found where a party fails to raise an issue despite a full and fair opportunity to do so? |

| | | | | | |
|---|---|---|---|---|---|
| 9840 | Lee v. Friedman, 637 N.E.2d 1318, 1319 (Ind. Ct. App. 1994) | 1 | Trial court's authority to dismiss for failure to prosecute arises from its administrative discretion in the conduct of its business and from civil procedure rule governing dismissal. Trial Procedure Rule 41(E). | The trial court's authority to dismiss for failure to prosecute arises from its administrative discretion in the conduct of its business. Gibbs v. Douglas M. Grimes, P.C. (1986), Ind.App., 489 N.E.2d 638, on rehearing, 491 N.E.2d 1004. This authority is further grounded in T.R. 41(E), which provides in part: | Does the court's authority to dismiss for failure to prosecute arise from its administrative discretion in the conduct of its business? |
| 9860 | Lisle v. Commonwealth, 290 S.W.3d 675, 679 (Ky. Ct. App. 2009) | 5 | Serious physical injury is an element which must be proved beyond a reasonable doubt in cases where the Commonwealth seeks to have rape offenses enhanced to Class A felonies. | Commonwealth, 263 S.W.3d 583, 590 (Ky.2008), that "serious physical injury" is an element which must be proved beyond a reasonable doubt in cases where the Commonwealth seeks to have rape offenses enhanced to Class A felonies. | Is physical injury an element of rape? |
| 9878 | State v. Fowler, 197 N.C. App. 1, 16 (2009) | 19 | The principle of double jeopardy, or former jeopardy, benefits the individual defendants by providing repose, by eliminating unwarranted embarrassment, expense and anxiety, and by limiting the potential for government harassment. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | This principle of double jeopardy, or former jeopardy, "benefits the individual defendants by providing repose; by eliminating unwarranted embarrassment, expense, and anxiety; and by limiting the potential for government harassment." | What is the principle of former jeopardy? |
| 9887 | Mobil Oil Corp. v Town of Huntington, 380 N.Y.S.2d 466, 474 (Sup Ct, Nov. 07, 1975) | 15 | Power to assess and collect taxes may be delegated to localities but delegation must be made in express terms by proper enabling act. | The power to assess and collect taxes may be delegated to localities (Roosevelt Raceway, Inc. v. County of Nassau, 18 N.Y.2d 30, 271 N.Y.S.2d 662, 218 N.E.2d 539, mot. den., 18 N.Y.2d 720, 274 N.Y.S.2d 156, 220 N.E.2d 802, app. dism., 385 U.S. 453, 87 S.Ct. 614, 17 L.Ed.2d 510)but the delegation must be made in express terms by a proper enabling act | Can the power vested in legislature to tax be delegated without express terms of enabling act? |
| 9888 | Hanek v. Cities of Clairton, 24 Pa. Commw. 69, 76 (Pa. Cmmw. Ct. 1976) | 2 | Where legislature delegates right to tax to political subdivision, grant of such right is to be strictly construed, and not extended by implication. | Where the legislature delegates the right to tax to a political subdivision, "'the grant of such right is to be strictly construed, and not extended by implication.'" | "Where the legislature delegates the right to tax to a political sub division, should grant of such right is to be strictly construed, and not extended by implication?" |
| 9890 | Zopfi v. City of Wilmington, 160 S.E.2d 325, 330, 273 N.C. 430, 434 (N.C. 1968) | 6 | Zoning power of state is subject to limitations imposed by Constitution upon legislative power forbidding arbitrary and unduly discriminatory interference with rights of property owners. | There, it is subject to the limitations imposed by the Constitution upon the legislative power forbidding arbitrary and unduly discriminatory interference with the rights of property owners. | Why are limitations imposed on the zoning power by the enabling statute? |

| 9891 | In re Gibraltar Resources, Inc., 211 B.R. 216, 220 (N.D. Tex. 1997) | 3 | Valid "assignment" requires manifestation to another person by owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or a third person. | A valid assignment 2 requires "a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or a third person. | Does an assignment include manifestation to another person the owners intention to transfer? |
|---|---|---|---|---|---|
| 9892 | In re Pihl, 529 B.R. 414, 426 (D. Mass. 2015) | 7 | Equitable subrogation may allow surety to stand in the shoes of (1) the contractor whose obligations are discharged, (2) the owners to whom it was bound, or (3) the subcontractors whom it paid. | Equitable Subrogation surety "may stand in the shoes of either (1) the contractor whose obligations are discharged, (2) the owners to whom it was bound, or (3) the subcontractors whom it paid." | In whose shoes does equitable subrogation allow a surety to stand? |
| 9910 | Stone v. Bankunited, 115 So. 3d 411, 413 (Fla. Dist. Ct. App. 2013) | 3 | Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder. West's F.S.A. S 673.3011. | "Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder." Id. (citing 673.3011, Fla. Stat. (2009)). | Is a promissory note a negotiable instrument? |
| 9917 | Bourg Dry Dock v. Lombas Industries, 393 So. 2d 203, 204 (La. Ct. App. 1980) | 1 | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; much discretion is left to trial judge in this matter. | That order controls the subsequent course of action unless modified at the trial to prevent manifest injustice. The trial judge refused to modify his order. Much discretion is left to the trial judge in this matter. | Does a pretrial order controlled course of action unless modified to prevent manifest injustice? |
| 9930 | Polk v. S.W. Crossing Homeowners Ass'n, 165 S.W.3d 89, 94 (Tex. App. 2005) | 8 | Verified motion to reinstate extends the trial court's plenary power over judgment to the same extent as a motion for new trial. | A verified motion to reinstate extends the trial court's plenary power to the same extent as a motion for new trial. | Does a verified motion to reinstate extend the trial court's plenary power over a judgment to the same extent as a motion for new trial? |
| 9933 | Jota v. Texaco, Inc., 157 F.3d 153, 162 (C.A.2 (N.Y.),1998) | 11 | Ambassador generally has power to bind state that he represents, unless he purports to enter into agreement without power to do so and in collusion with contracting party that knows he lacks such power. | An ambassador generally has the power to "bind the state that he represents," First Fidelity Bank, N.A. v. Government of Antigua & Barbuda, 877 F.2d 189, 192 (2d Cir.1989), unless he purports to enter into an agreement without the power to do so and in collusion with a contracting party that knows he lacks such power, see id. at 192, 193–94. | Does an ambassador have the power to bind the state that he represents? |
| 9937 | Hunt v Jacobson, 33 N.Y.S.2d 661, 663 (Sup Ct, Feb. 10, 1942) | 1 | Statutes enacted for the benefit of persons engaged in military service are a recognized institution in the United States, and being remedial are to be construed liberally. Soldiers' and Sailors' Civil Relief Act of 1940, S 100 et seq., 50 U.S.C.A.Appendix S 501 et seq. | Statutes enacted for the benefit of persons engaged in military service are a recognized institution in this country, and, being remedial, are to be construed liberally | Should statutes enacted for the benefit of persons engaged in military service be liberally construed? |

| 9941 | Randles v. Moore, 780 So. 2d 158, 159 (Fla. Dist. Ct. App. 2001) | 3 | An affirmative defense may be a basis for a motion to dismiss only if it appears within the four corners of the complaint. | An affirmative defense may be a basis for a motion to dismiss only if it appears within the four corners of the complaint. | Can an affirmative defense be a basis for a motion to dismiss only if it appears within the four corners of the complaint? |
| 9948 | Threadgill v. Peabody Coal Co., 34 Colo. App. 203, 204 (Colo. App. 1974) | 7 | In order for a trade custom or usage to be binding upon a person who has not expressly agreed to be bound by it, it must be reasonable and must not be illegal or in violation of public policy. | In order for a trade custom or usage to be binding upon a person who has not expressly agreed to be bound by it, it must be reasonable. | "Must a trade custom or usage be reasonable, in order to be binding upon a person?" |
| 9949 | Allstate Ins. Co. v. Palumbo, 952 A.2d 1235, 1241, 109 Conn.App. 731, 736 (Conn.App.,2008) | 9 | The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. | "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. | Is the determination of what equity requires in a particular case and the balancing of the equities a matter for the discretion of the trial court? |
| 9950 | Dees v. Logan, 281 Ga. App. 837, 838 (Ga. Ct. App. 2006) | 3 | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Because the grant of a motion in limine forecloses the admission of the evidence at trial, "the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." | Does the grant of a motion in limine foreclose the admission of the evidence at trial? |
| 9961 | Wagner v. Moseley, 104 So. 2d 86 | 2 | A life tenant owes certain duties to remainderman, and relationship of life tenant to remainderman is frequently designated as that of a trustee or quasi-trustee in sense that life tenant cannot injure or dispose of property to detriment of rights of remainderman. | A life tenant is not without duties owing to a remainderman. Thus the relationship of a life tenant to a remainderman is frequently designated that of a trustee or quasi-trustee in the sense that the life tenant cannot injure or dispose of the property to the detriment of the rights of the remainderman. | Does the life tenant have any duties towards the remainderman? |
| 9966 | Ctr. for Biological Diversity v. FPL Grp., 166 Cal.App.4th 1349, 1365 (Cal. Ct. App. 2008) | 7 | The concept of a public trust over natural resources supports exercise of the police power by public agencies. | The concept of a public trust over natural resources unquestionably supports exercise of the police power by public agencies. | Will the concept of public trust over natural resources support exercise of the police power by public agencies? |
| 9968 | Thompson v. Taylor, 192 So. 2d 609, 611 (La. Ct. App. 1966) | 5 | Addition of name of another maker to negotiable instrument is material alteration which absolves original nonconsenting maker of liability on the note to anyone except holder in due course. LSA-R.S. 7:124, 7:125 and (4). | The decisions interpreting these provisions of the Uniform Negotiable Instrument Law hold that the addition of the name of another maker to a negotiable instrument is a material alteration which absolves the original nonconsenting maker of liability on the note to anyone except a holder in due course. | What constitutes an alteration of a negotiable instrument? |
| 9973 | E.E.O.C. v. Waffle House, 534 U.S. 279, 280 (2002) | 8 | The Federal Arbitration Act (FAA) directs courts to place arbitration agreements on equal footing with other contracts, but it does not require parties to arbitrate when they have not agreed to do so. 9 U.S.C.A. S 1 et seq. | The FAA directs courts to place arbitration agreements on equal footing with other contracts, but it "does not require parties to arbitrate when they have not agreed to do so." | Does the Federal Arbitration Act (FAA) consider arbitration agreements on equal footing with other contracts? |

| 9974 | Linnenbrink v. First Nat. Bank, 839 S.W.2d 618, 621 (Mo. Ct. App. 1992) | 4 | Guaranty agreement must contain express conditions of guaranty, specifically stating, within four corners of documents, liability and obligations of each party. | In Missouri, a guaranty agreement must contain the express conditions of the guaranty, specifically stating, within the four corners of the document, the liability and obligations of each party. | Will a guaranty contract contain express conditions on the guarantors liability? |
|------|------|------|------|------|------|
| 9977 | Silverman v. Major League Baseball Player Rels. Comm., Inc., 880 F. Supp. 246, 258 (S.D.N.Y.), aff'd, 67 F.3d 1054 (2d Cir. 1995) | 22 | Interest arbitration clauses are nonmandatory topic of collective bargaining because they involve mechanism for resolving disputes which may arise as to terms of future contracts, as opposed to existing terms and conditions of employment. | Because interest arbitration clauses involve "a mechanism for resolving disputes which may arise as to the terms of future contracts," as opposed to existing terms and conditions of employment, they are a non-mandatory topic of bargaining. | What is interest arbitration? |
| 9981 | Flueras v. Royal Caribbean Cruises, Ltd., 69 So. 3d 1101, 1110 (Fla. Dist. Ct. App. 2011) | 12 | The shipowner's warranty of seaworthiness extends to the vessel's crew; the shipowner breaches the duty of seaworthiness by manning the vessel with an unfit, incompetent, inadequate, defective, or improperly trained or supervised crew. | The shipowner's warranty of seaworthiness extends to the vessel's crew. Waldron v. Moore-McCormack Lines, Inc., 386 U.S. 724, 726-27, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967); Waggon-Dixon, 679 So.2d at 813 ("[A] shipowner's duty to ensure that its vessel is seaworthy encompasses the obligation to provide a competent crew for the vessel."); Hercules, 768 F.2d at 1565-66. The shipowner breaches this duty by manning the vessel with an unfit, incompetent, inadequate, defective, or improperly trained or supervised crew. | Is a vessel operated by an incompetent crew considered seaworthy? |
| 9982 | Moretti v. Moretti, 766 A.2d 925, 928 (R.I. 2001) | 3 | "Enterprise goodwill" is an asset of the business and accordingly is property that is divisible in a dissolution to the extent that it inheres in the business, independent of any single individual's personal efforts and will outlast any person's involvement in the business. | "Enterprise goodwill is an asset of the business and accordingly is property that is divisible in a dissolution to the extent that it inheres in the business, independent of any single individual's personal efforts and will outlast any person's involvement in the business." | What distinguishes enterprise goodwill from personal goodwill? |
| 9993 | Commonwealth v. 1997 Chevrolet, 160 A.3d 153, 169 (Pa. 2017) | 8 | The Eighth Amendment's Excessive Fines Clause applies to civil in rem forfeitures that are punitive and criminal in personam forfeitures. U.S. Const. Amend. 8. | Specifically, it is now accepted that the Eighth Amendment's Excessive Fines Clause applies to civil in rem forfeitures that are punitive and criminal in personam forfeitures. | Does the Eighth Amendment's Excessive Fines Clause apply to civil forfeitures? |
| 9994 | Innovative Data Sys. of La. v. Ellender, 316 So. 2d 12, 14 (La. Ct. App. 1975) | 5 | Technical objections and harsh rules of pleading are not favored and pleadings are to be liberally construed to yield as little as possible to technicality in order that ends of justice may be served. | Technical objections and harsh rules of pleading are not favored. Pleadings are to be liberally construed to yield as little as possible to technicality in order that the ends of justice may be served. | Do courts favor harsh rules of pleading? |

| 10000 | Cohen v. UBS Financial Services, Inc., 799 F.3d 174, 177 (C.A.2 (N.Y.), 2015) | 4 | Under Federal Arbitration Act (FAA), if parties intended to arbitrate a dispute, courts are generally required to enforce such agreements according to their terms; however, enforceability can be overridden by a contrary congressional command. 9 U.S.C.A. S 2. | If the parties intended to arbitrate a dispute, courts are generally required to "enforce [such] agreements ... according to their terms." CompuCredit Corp. v. Greenwood, —— U.S. ——, 132 S.Ct. 665, 669, 181 L.Ed.2d 586 (2012).However, enforceability can be "overridden by a contrary congressional command." | Do courts consider the intention of parties for settling arbitration disputes? |
| 10012 | Haller v. State, 217 Ark. 646, 649 (Ark. 1950) | 2 | "Incest" is statutory offense consisting of sexual intercourse, either habitual or in a single instance, either under form of marriage or without it, between persons too closely related to intermarry. | Incest is a statutory offense which has been defined generally by the authorities as consisting of sexual intercourse, either habitual or in a single instance, and either under a form of marriage or without it, between persons too closely related to intermarry. | Does the act of incest have to be habitual in order to constitute an offense? |
| 10013 | Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 200 (3d Cir. 2012) | 4 | By contractually restricting the issues they will arbitrate, the individuals with whom they will arbitrate, and the arbitration procedures that will govern, parties to an arbitration agreement may place limits upon the arbitrator's powers that are enforceable by the courts; an arbitrator oversteps those limits, and subjects his award to judicial vacatur, when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether. 9 U.S.C.A. S 10(a)(4). | By contractually restricting the issues they will arbitrate, the individuals with whom they will arbitrate, and the arbitration procedures that will govern, parties to an arbitration agreement may place limits upon the arbitrator's powers that are enforceable by the courts. See Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 181 (3d Cir.2010) (en banc). An arbitrator oversteps these limits, and subjects his award to judicial vacatur under 10(a)(4), when he decides an issue not submitted to him, grants relief in a form that cannot be rationally derived from the *220 parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether. | Can an arbitrator decide an issue if the parties have not authorized him to do so? |
| 10018 | In re Stoltz, 197 F.3d 625, 630 (2d Cir. 1999) | 8 | Under Vermont law, a "lease" is a contract between the landlord and the tenant wherein the landlord promises to deliver and maintain the demised premises in habitable condition and the tenant promises to pay rent for such habitable premises. | Under Vermont law, a lease is "a contract between the landlord and the tenant wherein the landlord promises to deliver and maintain the demised premises in habitable condition and the tenant promises to pay rent for such habitable premises." | Is a lease a contract between a landlord and a tenant? |
| 10019 | Estate of Prather v. Sherman Hosp. Sys., 2015 Ill. App. 2d 140723 (Ill. App. Ct. 2015) | 20 | A plaintiff's right to select the forum is substantial, and unless the factors weigh strongly in favor of transfer or dismissal, the plaintiff's choice of forum should rarely be disturbed. | A plaintiff's right to select the forum is substantial, and unless the factors weigh strongly in favor of transfer or dismissal, the plaintiff's choice of forum should rarely be disturbed. | Is a plaintiffs right to select forum substantial? |

| 10030 | AFT Michigan v. State of Michigan, 497 Mich. 197, 218 (Mich. 2015) | 9 | To generate a compensable taking, the government must assert its authority to seize title or impair the value of property, which does not occur if the property in question is voluntarily relinquished to the government. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 10, S 2. | To generate a compensable taking, the government must assert its authority to seize title or impair the value of property. This does not occur if the property in question is voluntarily relinquished to the government. | How will the government generate a compensable taking? |
|---|---|---|---|---|---|
| 10031 | Hunziker v. State, 519 N.W.2d 367, 370 (Iowa 1994) | 7 | Land-use regulation does not effect taking requiring compensation if it substantially advances legitimate state interest. | Land-use regulation does not effect a taking requiring compensation if it substantially advances a legitimate state interest. | Does land-use regulation effect a taking if it substantially advances a legitimate state interest? |
| 10036 | Miracle v. New Yorker Magazine, 190 F. Supp. 2d 1192, 1198 (D. Haw. 2001) | 2 | Under Hawaii law, rights and liabilities of parties with respect to issue in tort are determined by local law of state which, with respect to that issue, has most significant relationship to occurrence and parties. Restatement (Second) of Conflict of Laws S 145. | Under this test, "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties...." Restatement (2d) Conflicts of Laws  145(1). | What is the significant relationship test? |
| 10043 | Dhaliwal v. Dhaliwal, 124 So. 3d 470, 480 (La. Ct. App. 2013) | 11 | There are no hard and fast rules in determining whether a partnership exists and each case must be considered, based on its own facts and circumstances. | There are no hard and fast rules in determining whether a partnership exists and each case must be considered, based on its own facts and circumstances. | Are there any hard and fast rules used to determine whether a partnership exists? |
| 10044 | Bell v. Moores, 832 S.W.2d 749, 752 (Tex. App. 1992) | 3 | Right to maintain action depends upon the existence of cause of action, which involves combination of right on part of plaintiff and violation of such right by defendant. | The right to maintain an action depends upon the existence of a cause of action, which involves the combination of a right on the part of the plaintiff and a violation of such right by the defendant. | Does the right to maintain an action depend upon the existence of a cause of action? |
| 10047 | Nugent v. Pilgrim's Pride, 30 S.W.3d 562, 575 (Tex. App. 2000) | 21 | One may be liable in trespass who intentionally acts to cause or permit a thing to cross the boundary of a property. | One may be liable in trespass who intentionally acts to cause or permit a thing to cross the boundary of a property. | Can a person be held liable for trespass if they cause or permit a thing to cross the boundary of a property? |
| 10048 | Minnesota Chapter of Associated Builders and Contractors, Inc. v. Board of Educ. of Minnetonka Independent School Dist. No. 276, 567 N.W.2d 761, 762 (Minn.App.,1997) | 1 | Certiorari will lie to review quasi-judicial acts and proceedings of administrative bodies; however, certiorari is not available when acts sought to be reviewed are of legislative or administrative character. | Certiorari will lie to review quasi-judicial acts and proceedings of administrative bodies. Western Area Business & Civic Club v. Duluth Sch. Bd. Indep. Dist. No. 709, 324 N.W.2d 361, 364 (Minn.1982). But certiorari is not available when the acts sought to be reviewed are of legislative or administrative character. Id. | Is certiorari available when the acts sought to be reviewed are of legislative or administrative character? |

| | | | | | |
|---|---|---|---|---|---|
| 10051 | TrinCo Inv. Co. v. U.S., 722 F.3d 1375, 1377 (C.A.Fed., 2013) | 3 | Under the "doctrine of necessity" or the "necessity defense," the state is absolved of liability under the Fifth Amendment's Takings Clause for the destruction of real and personal property in cases of actual necessity, to prevent or forestall grave threats to the lives and property of others. U.S.C.A. Const.Amend. 5. | This principle, "absolving the State … of liability for the destruction of 'real and personal property, in cases of actual necessity, to prevent' … or forestall … grave threats to the lives and property of others," is commonly referred to as the "doctrine of necessity" or the "necessity defense." | What is the doctrine of necessity? |
| 10052 | United States v. Neel, 235 F.2d 395, 399 (10th Cir. 1956) | 5 | A husband and wife may become partners for business purposes even though the partnership results in a decrease of their total tax liability. | A husband and wife may become partners for business purposes, even though the partnership relationship results in the decrease of their total tax liability. | Can a husband and wife become business partners? |
| 10054 | Teller v. McCoy, 162 W. Va. 367, 384 (1978) | 3 | Since lease of residential dwelling unit is to be treated and construed as any other contract, covenant to pay rent and warranty of habitability are mutually dependent. Code, 37-6-30. | In response to the second certified question, we hold that since a lease of a residential dwelling unit is to be treated and construed as any other contract, the covenant to pay rent and the warranty of habitability are mutually dependent. | Are leases of urban dwelling units construed like any other contract? |
| 10055 | City of Fairhope v. Raddcliffe, 48 Ala. App. 224, 228 (Ala. Civ. App. 1972) | 4 | It is not the descriptive words "willful or wanton" which determine an act to be in trespass, but whether act producing injury was one of application of direct force. | We state again that it is not the descriptive words "willful or wanton" which determine an act to be in trespass, but whether the act producing injury was one of application of direct force. | Can the descriptive words willful or wanton acts always connote a trespass? |
| 10056 | Gottlieb v. Cty. of Orange, 84 F.3d 511, 518 (2d Cir. 1996) | 2 | If there is objectively reasonable basis for believing that parental custody constitutes threat to child's health or safety, government officials may remove child from his or her parents' custody at least pending investigation. | Where, however, there is an objectively reasonable basis for believing that parental custody constitutes a threat to the child's health or safety, government officials may remove a child from his or her parents' custody at least pending investigation. | Do parents have a liberty interest in the custody of their children? |
| 10061 | Braxton v. O'Charley's Restaurant Properties, LLC, 1 F. Supp. 3d 722, 725 (W.D. Ky. 2014) | 2 | The Federal Arbitration Act (FAA) establishes a procedural framework applicable in both federal and state courts, and also mandates that substantive federal arbitration law be applied in both. 9 U.S.C.A. SS 1-9. | The FAA establishes a procedural framework applicable in both federal and state courts, and also mandates that substantive federal arbitration law be applied in both. | Is the Federal Arbitration Act applicable in both state and federal courts? |
| 10066 | Madison v. Frazier, 539 F.3d 646, 653-54 (7th Cir. 2008) | 8 | The so-called "innocent construction rule" in Illinois requires a court to consider an allegedly defamatory statement in context and give the words of the statement, and any implications arising from them, their natural and obvious meaning. | "The so-called 'innocent construction rule' in Illinois requires a court to consider the statement in context and give the words of the statement, and any implications arising from them, their natural *654 and obvious meaning." | What is the innocent construction rule? |

| 10069 | Lyle v. Waddle, 144 Tex. 90, 95 (Tex. 1945) | 6 | An unlawful act committed with violence, actual or implied, causing injury to the person, property, or relative rights of another, constitutes a "trespass". | Bouvier's definition of trespass is: 'An unlawful act committed with violence, actual or implied, causing injury to the person, property, or relative rights of another'. | Can any unlawful act with violence against the person of another be categorized as a trespass? |
|---|---|---|---|---|---|
| 10089 | Monclava v. Arnett, 145 N.Y.S.2d 759, 760 (Sup. Ct.) (1955) | 2 | One exception to general rule that courts will not specifically enforce contract to enter into partnership is where membership in the partnership will vest property right in the one seeking enforcement. | While it is the general rule that courts will not specifically enforce a contract to enter into a partnership, there are exceptions to such a rule, one of such exceptions being where membership in the partnership will vest a property right in the one seeking the enforcement of the agreement. | Do courts specifically enforce a contract to form a partnership? |
| 10093 | Casstevens v. Smith, 269 S.W.3d 222, 227 (Tex. App. 2008) | 4 | The doctrine of equitable subrogation exists to prevent the unjust enrichment of the debtor who owed the debt being paid. | The general purpose of equitable subrogation is "to prevent the unjust enrichment of the debtor who owed the debt that is paid. | Does the doctrine of equitable subrogation exist to prevent the unjust enrichment of the debtor who owed the debt being paid? |
| 10094 | Hill v. Cross Country Settlements, 402 Md. 281, 288 (2007) | 46 | Although there is substantial overlap between the legal theories of unjust enrichment and subrogation, the remedy of subrogation requires an underlying and independent legal basis. | Although there is substantial overlap between the legal theories of unjust enrichment and subrogation, the remedy of subrogation nonetheless requires an underlying and independent legal basis upon which Cross Country may assert its claims. | Is there substantial overlap between the legal theories of unjust enrichment and subrogation? |
| 10095 | Petta v. ABC Ins. Co., 692 N.W.2d 639, 649, 278 Wis.2d 251, 271, 2005 WI 18, ¶ 27 (Wis.,2005) | 17 | The purpose of subrogation is to prevent an injured party from being unjustly enriched by obtaining double payment. | However, the purpose of subrogation is to prevent an injured party from being unjustly enriched by obtaining double payment. | Is the purpose of subrogation to prevent an injured party from being unjustly enriched by obtaining double payment? |
| 10097 | Kenney v. U.S., 458 F.3d 1025, 1031 (9th Cir. 2006) | 5 | Equitable subrogation is not a fixed and inflexible rule of California law, and its development is the natural consequence of a call for the application of justice and equity to particular situations. | Equitable subrogation "is not a fixed and inflexible rule" and its development is "the natural consequence of a call for the application of justice and equity to particular situations." | Is equitable subrogation a fixed and inflexible rule of law? |
| 10100 | In re Doctors Hosp, 474 F.3d 421, 427 (7th Cir. 2007) | 11 | When a guarantor pays a debt, he is subrogated to the rights of a creditor against the corporation on whose behalf he paid the debt. | When a guarantor pays a debt, he is subrogated to the rights of a creditor against the corporation on whose behalf he paid the debt. | "When a guarantor pays a debt, is he subrogated to the rights of a creditor against the corporation on whose behalf he paid the debt?" |
| 10101 | Dimeo v. Gesik, 195 Or. App. 362, 371 (Or. Ct. App. 2004) | 7 | Because the doctrine of equitable subrogation is founded on principles of equity and benevolence, it necessarily is a flexible concept. | First, because the doctrine of equitable subrogation is "founded on principles of equity and benevolence," McBride v. McBride, 148 Or. 478, 483, 36 P.2d 175 (1934), it necessarily is a flexible concept. | "Because the doctrine of equitable subrogation is founded on principles of equity and benevolence, is it necessarily a flexible concept?" |

| 10108 | Warberg Opportunistic Trading Fund L.P. v GeoResources, No. 3552, 3553, 3553A, 652332/12, 58 N.Y.S.3d 1, 8, 2017 N.Y. Slip Op. 04537, 2017 WL 2467326 (N.Y.A.D. 1 Dept., June 08, 2017) | 9 | A novation will not discharge obligations created under a prior agreement unless it was so intended; this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively. | "A novation will not discharge obligations created under a prior agreement unless it was so intended, and this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively" | "Is novation unlikely to be found upon the mere issuance of a new security, without any affirmative indication that the parties were changing the terms underlying the warrant being transferred?" |
| 10110 | Guski v. Raja, 409 Ill. App. 3d 686, 695 (2011) | 1 | When trial court makes its evidentiary rulings before trial pursuant to the parties' motions in limine, the rulings are interlocutory and remain subject to reconsideration by the court throughout the trial. | When the court makes its rulings before trial pursuant to the parties' motions in limine, the rulings are interlocutory and remain subject to reconsideration by the court throughout the trial. | Are rulings on motions in limine considered interlocutory in nature subject to reconsideration at trial? |
| 10111 | Citibank, N.A. v. McGladrey & Pullen, LLP, 2011 Ill. App. 102427 (Ill. App. Ct. 2011) | 1 | Evidentiary motions, such as motions in limine, are within the trial court's discretion and are reviewed under an abuse of discretion standard; the trial court abuses its discretion when the ruling is arbitrary or unreasonable or no reasonable person would agree with the position taken by the court. | Evidentiary motions, such as motions in limine, are within the trial court's discretion and are reviewed under an abuse of discretion standard. Petraski v. Thedos, 382 Ill.App.3d 22, 26, 320 Ill.Dec. 244, 887 N.E.2d 24 (2008). The trial court abuses its discretion when the ruling is arbitrary or unreasonable or no reasonable person would agree with the position taken by the court. | "Are evidentiary motions, such as motions in limine, within the trial court's discretion and are reviewed under an abuse of discretion standard?" |
| 10113 | Romanek-Golub & Co. v. Anvan Hotel Corp., 168 Ill. App. 3d 1031, 1040 (1988) | 4 | Motion in limine, like any other interlocutory order, remains subject to reconsideration by court throughout trial. | As such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. | Are rulings on motions in limine interlocutory and therefore remain subject to reconsideration by the court throughout the trial? |
| 10114 | Rush v. Wallace, 23 Ark. App. 61, 66 (1988) | 2 | Goal of all discovery is to permit litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing onerous burden on his adversary; furthermore, trial court has duty in lengthy and complex cases where possibility of abuse is present to protect parties and witnesses from annoyance, excessive expense, and harassment. | The goal of all discovery is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden on his adversary. Marrow, supra. Furthermore, the trial court has a duty in lengthy and complex cases where the possibility of abuse is present to protect parties and witnesses from annoyance, excessive expense, and harassment. | What is the goal of discovery? |
| 10119 | Fetzer v. Wood, 211 Ill. App. 3d 70, 80 (Ill. App. Ct. 1991) | 14 | Discovery rule does not actually provide for new accrual rules and, instead, tolls the running of the statute of limitations until plaintiff's discovery of an existing cause of action. | Moreover, the discovery rule does not actually provide for new accrual rules; it instead tolls the running of the statute of limitations, until a plaintiff's "discovery," of an existing cause of action. | Does discovery rule provide for new accrual rules? |

| 10124 | In re Cantu, 784 F.3d 253, 260 (5th Cir. 2015) | 4 | Cause of action accrues when there is a right to institute and maintain suit; whenever one person may sue another, a cause of action has accrued. | "The accrual of a cause of action means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued." | Does a cause of action accrue only when one has the right to institute a suit? |
|---|---|---|---|---|---|
| 10126 | E.E.O.C. v. Woodmen of World, 479 F.3d 561, 565 (8th Cir. 2007) | 2 | Arbitration agreements encompassing federal statutory claims are enforceable as long as the potential litigant can effectively vindicate her statutory rights through arbitration. | Arbitration agreements encompassing federal statutory claims are enforceable as long as the potential litigant can effectively vindicate her statutory rights through arbitration. | Are arbitration agreements encompassing federal statutory claims enforceable? |
| 10127 | Harrington v. Upchurch, 331 So. 2d 506, 511 (La. Ct. App. 1976) | 5 | In absence of statute, "custom" is a rule of action having force of law resulting from a long series of actions constantly repeated which, by uninterrupted acquiescence, acquires its force by common consent. | In the absence of a statute, custom is a rule of action having the force of law resulting from a long series of actions constantly repeated, which, by uninterrupted acquiescence, acquires its force by common consent. | "In absence of a statute, what is custom defined as?" |
| 10129 | Osman v. Osman, 285 Va. 384, 737 S.E.2d 876, 879 (2013) | 8 | To be found guilty of murder, a person must have acted maliciously; in other words, he must possess the necessary mens rea. West's V.C.A. S 18.2-32. | To be found guilty of murder, a person must have acted maliciously; in other words, he must possess *880 the necessary mens rea. | Should a person possess necessary mens rea to be found guilty of murder? |
| 10131 | Mathews v. Halford, S.S. Letitia Lykes, 374 F. Supp. 1003, 1005 (E.D. La. 1973) | 2 | When ship enters territorial limits of another country, she subjects herself to jurisdiction of the foreign sovereign. | When a ship enters the territorial limits of another country, she subjects herself to the jurisdiction of the foreign sovereign. | "When a ship enters territorial limits of another country, does she subject herself to the jurisdiction of the foreign sovereign?" |
| 10140 | Miller v. U.S., 921 F. Supp. 494, 499 (N.D. Ohio 1996) | 13 | Act-of-state doctrine precludes United States courts from reviewing acts of foreign sovereigns. | The act-of-state doctrine precludes United States courts from reviewing the acts of foreign sovereigns. | Does the act-of-state doctrine preclude United States courts from reviewing acts of foreign sovereigns? |
| 10141 | Ellison v. Parts Distributors, 302 S.C. 299, 301 (Ct.App. 1990) | 1 | Jury instructions should be confined to issues raised by pleadings and supported by evidence and, where issue is implicitly suggested by pleadings and supported by evidence, trial judge is obligated to instruct jury concerning it. | It is well settled that jury instructions should be confined to the issues raised by the pleadings and supported by the evidence and where an issue is implicitly suggested by the pleadings and supported by the evidence, the trial judge is obligated to instruct the jury concerning it. | Should jury instructions be confined to the issues raised by the pleadings? |
| 10143 | Duran v. Hyundai Motor America, Inc., 271 S.W.3d 178, 192 (Tenn. App. 2008) | 3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | A motion in limine is not the proper vehicle to use to attempt to preclude a claim or defense. It is not equivalent to or a substitute for a motion to dismiss or a motion for summary judgment. | Is a motion in limine an equivalent to or a substitute for a motion to dismiss or a motion for summary judgment? |
| 10144 | Headley v. Williams, 162 N.C. App. 300, 307 (2004) | 10 | A trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | We note, however, that a trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | Is a trial court's ruling on a motion in limine final or rather interlocutory and subject to modification? |
| 10146 | Columbia v. Long, 258 S.W.3d 469, 474 (Mo. Ct. App. 2008) | 3 | Grant of a motion in limine is an interlocutory order and therefore not a potential source of reversible error. | The grant of a motion in limine is an interlocutory order, and therefore not a potential source of reversible error. | Is the grant of a motion in limine an interlocutory order and therefore not a potential source of reversible error? |

| | | | | | |
|---|---|---|---|---|---|
| 10147 | Rogers v. Hester, 334 S.W.3d 528, 540 (Mo. Ct. App. 2011) | 14 | The grant of a motion in limine is an interlocutory order, and therefore not a potential source of reversible error. | "The grant of a motion in limine is an interlocutory order, and therefore not a potential source of reversible error." | "Is the grant of a motion in limine an interlocutory order, and therefore not a potential source of reversible error?" |
| 10150 | Drakeford v. Univ. of Chicago Hosps., 2013 Ill. App. 111366 (Ill. App. Ct. 2013) | 20 | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence. | "A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence." | Is a motion in limine addressed to the trial court's inherent power to admit or exclude evidence? |
| 10153 | Jones v. Ohio Edison Co., 26 N.E.3d 834, 839, 2014 -Ohio- 5466, ¶ 16 (Ohio App. 11 Dist., 2014) | 16 | "Public utility tariffs" are books or compilations of printed materials filed by public utilities with, and approved by, the public utilities commission that contain schedules of rates and charges, rules and regulations, and standards for service. | "Public utility tariffs are books or compilations of printed materials filed by public utilities with, and approved by, [PUCO] that contain schedules of rates and charges, rules and regulations, and standards for service." Id. | What are public utility tariffs? |
| 10154 | Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821, 825 (Minn. Ct. App. 2017) | 9 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | In so doing, we are mindful that "[a] cause of action accrues when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." | Does cause of action accrue when all essential elements forming basis for claim have occurred? |
| 10158 | United States v. Ring, 706 F.3d 460, 467 (D.C. Cir. 2013) | 5 | That the official need not accept an offer of something of value with the intent to influence an official act for the act of bribery to be complete is evident from the structure of the statute, which defines two separate crimes: the act of offering a bribe and the act of soliciting or accepting a bribe. 18 U.S.C.A. S 201(b)(1, 2). | The bribery statute expressly criminalizes a mere "offer" of something of value with the intent to influence an official act. 18 U.S.C. 201(b)(1). That the official need not accept that offer for the act of bribery to be complete is evident from the structure of the statute, which defines two separate crimes: the act of offering a bribe and the act of soliciting or accepting a bribe. See id. 201(b)(1)- (2). | Is offering a bribe and receiving a crime two different crimes? |
| 10162 | Fowler Irrevocable Tr. 1992-1 v. City of Boulder, 17 P.3d 797, 802 (Colo. 2001) | 7 | The basic measure of compensation in a temporary taking case is the fair rental value of the property during the period of the taking. West's C.R.S.A. Const. Art. 2, S 15. | The basic measure of compensation in a temporary taking case is the fair rental value of the property during the period of the taking. | "Is the measure of compensation for a temporary taking, the fair rental value of the property for the period of the taking?" |
| 10163 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141, 1180 (D. Idaho 2011) | 49 | Act of state doctrine is not diluted by commercial activity exception which limits doctrine of sovereign immunity. | Moreover, "[t]he Act of State Doctrine is not diluted by the commercial activity exception which limits the doctrine of sovereign immunity." | Is the act of state doctrine diluted by the commercial activity exception which limits the doctrine of sovereign immunity? |
| 10167 | In re Refined Petroleum Prod. Antitrust Litig., 649 F. Supp. 2d 572, 583-584 (S.D. Tex. 2009) | 9 | Burden of proving that the court should apply the act of state doctrine is on the party asserting its applicability. | The burden of proving that the court should apply the act of state doctrine is on the party asserting its applicability. | Is the burden of proving that the court should apply the act of state doctrine on the party asserting its applicability? |
| 10168 | U.S. v. Pizdrint, 983 F. Supp. 1110, 1112 (M.D. Fla. 1997) | 2 | Generally, under international law, vessels are under the exclusive jurisdiction of the countries whose flag they fly. | Generally, under international law, vessels are under the exclusive jurisdiction of the countries whose flag they fly. | "Generally, under international law, are vessels under the exclusive jurisdiction of the countries whose flag they fly?" |

| 10174 | In re Marriage of Dunn-Kato & Dunn, 126 Cal.Rptr.2d 636, 638, 103 Cal.App.4th 345, 348 (Cal.App. 4 Dist.,2002) | 2 | Litigants are entitled to oral argument where called for by the context of a statute referring to a "hearing" or where there are critical pretrial matters involving a real and genuine dispute. | Litigants are entitled to oral argument where called for by the context of a statute referring to a "hearing" or where there are "critical pretrial matters" involving a "real and genuine dispute." | Are litigants entitled to oral argument? |
|---|---|---|---|---|---|
| 10177 | Ayala v. Lee, 215 Md. App. 457, 475 (Md. Ct. Spec. App. 2013) | 11 | An evidentiary ruling on a motion in limine is left to the sound discretion of the trial judge and will only be reversed upon a clear showing of abuse of discretion. | An evidentiary ruling on a motion in limine "is left to the sound discretion of the trial judge and will only be *475 reversed upon a clear showing of abuse of discretion." | Will a reviewing court reverse a trial courts motion in limine if the trial courts discretion was not abused? |
| 10189 | Intel Corp. v. Hamidi, 71 P.3d 296, 303, 1 Cal.Rptr.3d 32, 40, 30 Cal.4th 1342, 1351 (Cal.,2003) | 10 | While a harmless use or touching of personal property may be a technical trespass, an interference, not amounting to dispossession, is not actionable, without a showing of harm. Restatement (Second) of Torts SS 217, 218. | But while a harmless use or touching of personal property may be a technical trespass (see Rest.2d Torts, § 217), an interference (not amounting to dispossession) is not actionable, under modern California and broader American law, without a showing of harm. | Is a trespass lacking harm actionable? |
| 10190 | Smith v. Minnesota Mut. Life Ins. Co., 195 P.2d 457, 462, 86 Cal.App.2d 581, 590 (Cal.App. 4 Dist. 1948) | 4 | A cause of action "accrues" at the moment when the party owning it is entitled to begin and prosecute an action thereon. | A cause of action accrues at the moment when the party owning it is entitled to begin and prosecute an action thereon. | Does a cause of action accrue at the moment when the party owning it is entitled to begin and prosecute an action thereon? |
| 10191 | Cantonwine v. Fehling, 582 P.2d 592, 596 (Wyo. 1978) | 3 | When a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, although claimant may be ignorant of it. | Again, when a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued, although the claimant may be ignorant of it. | Can a cause of action accrue when a wrong has been committed or a breach of duty has occurred? |
| 10192 | Baxter v. Danny Nicholson, 191 N.C. App. 168, 172 (N.C. Ct. App. 2008) | 4 | There is no difference between the acts of de facto and de jure officers so far as the public and third persons are concerned. | "[T]here is no difference between the acts of de facto and de jure officers so far as the public and third persons are concerned." | Is there any difference between the acts of a de facto officer and a de jure officer as far as the public and third persons are concerned? |
| 10194 | Webster v. Rushing, 316 So.2d 111, 114–15 (LA 1975) | 4 | General rule is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by pleadings and, hence, would have been excluded if objected to timely. LSA-C.C.P. art. 1154. | The general rule established by the jurisprudence is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely. | Can pleadings be enlarged by evidence adduced? |
| 10200 | Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 669 F.2d 490, 494 (7th Cir. 1982) | 4 | In context of a continuing scheme to violate antitrust laws, cause of action accrues to plaintiff each time defendant engages in antitrust conduct that harms plaintiff. | In the context of a continuing scheme to violate the antitrust laws, a cause of action accrues to the plaintiff each time the defendant engages in antitrust conduct that harms the plaintiff. | Does cause of action accrue when plaintiff suffers an actionable harm? |

| | | | | | |
|---|---|---|---|---|---|
| 10208 | Hickory Springs Mfg. Co., Inc. v. Evans, 541 S.W.2d 97, 100 (Tenn. 1976) | 5 | The doctrine of subrogation is an equitable one and it is recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | The doctrine of subrogation is an equitable one, and it is recognized that the payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | Can a surety paying the debt of his principal be entitled to stand in the condition of the creditor? |
| 10212 | State v. Wandermere Co., 89 Wash. App. 369, 377 (1997) | 4 | Larger parcel test requires that landowner establish that parcel being condemned is part of single tract, and test has three elements: unity of ownership, unity of use, and contiguity; determination is for jury unless reasonable minds could not differ. West's RCWA Const. Art. 1, S 16 as amended by Amend. 9. | The larger parcel test requires that the landowner establish that the parcel being condemned is part of a single tract. The test has three elements: unity of ownership, unity of use, and contiguity. State v. Lacey, 8 Wash.App. 542, 546, 507 P.2d 1206 (1973). Significantly, for our discussion, the determination is for the jury unless reasonable minds could not differ. | What are the requirements of the larger parcel test under the taking laws? |
| 10217 | Turner v. Hunt, 131 Tex. 492, 497 (Tex. 1938) | 12 | The plea of laches is not controlled by mere passage of time and always presents a question of fact. | Prairie Oil & Gas Company, 5 Cir., 83 F.2d 843, that the plea of laches is not controlled by mere passage of time and always presents a question of fact. | Is the plea of laches controlled by mere passage of time and always presents a question of fact? |
| 10218 | Jones v. Foote, 165 Conn. 516, 521 (Conn. 1973) | 5 | A court will grant equitable relief, injunctive or otherwise, only on situation as it exists at time of trial. | A court will grant equitable relief, injunctive or otherwise, only on the situation as it exists at the time of trial. | "Does the court grant equitable relief, injunctive or otherwise, on a situation as it exists at the time of trial? " |
| 10219 | Hawkins v. N. Carolina Dental Society, 230 F. Supp. 805, 810 (W.D.N.C. 1964) | 1 | Determinations of fact and conclusions of law applicable to request for mandatory injunction are to be made from facts and law as they are at closing of evidence in case. | The determinations of fact and conclusions of law applicable to the plaintiff's request for a mandatory injunction are to be made from the facts and the law as they are at the present, that is at the closing of the evidence in the case (Tennessee Negro Funeral Directors Association v. | Are determinations of fact and conclusions of law applicable to a request for mandatory injunction? |
| 10231 | Bradshaw v. Park, 34 Cal.Rptr.2d 872, 876, 29 Cal.App.4th 1267, 1274 (Cal.App. 2 Dist.,1994) | 2 | Underpinnings of workers' compensation system rest upon employer's obligation to secure payment of workers' compensation. | The underpinnings of the workers' compensation system rest upon the employer's obligation to secure payment of workers' compensation. | Do the underpinnings of the workers compensation system rest upon the employers obligation to secure payment of workers compensation? |
| 10234 | Texas State Optical v. Optical Workers Union, 257 S.W.2d 493, 495 (1953) | 1 | The right to temporary relief ordinarily is determined as of the time the trial court hears the prayer for that relief. | The right to temporary relief ordinarily is determined as of the time the trial court hears the prayer for that relief. | Is the right to temporary relief ordinarily determined as of the time the trial court hears the prayer for that relief? |
| 10235 | Gibreal Auto Sales v. Missouri Val. Mach. Co., 186 Neb. 763, 769 (1971) | 6 | Facts that transpire after institution of replevin action are immaterial in consideration and determination of merits of the case. | However, that fact is not a relevant consideration for determination of this case since, under our law, facts that transpire after the institution of a replevin action are immaterial in the consideration and determination of the merits of the case. | Are facts that transpire after the institution of a replevin action immaterial in consideration and determination of merits of the case? |

| 10240 | Page v. Holiday Inns, 245 Ga. 12, 13 (Ga. 1980) | 1 | A voluntary dismissal is a matter of right and terminates the action; it is not a judgment of the court but is order in the case by virtue of statute. Code, SS 81A-141(a). | A voluntary dismissal under Code Ann. s 81A-141(a) is a matter of right and terminates the action. It is not a judgment of the court but it is an order in the case by virtue of the statute. | Is voluntary dismissal of an action a matter of right and terminates the action? |
| 10242 | Cook v. Nacogdoches Anesthesia Group, 167 S.W.3d 476, 482 (Tex. App. 2005) | 24 | The party requesting a nonsuit has an absolute right to a nonsuit at the moment the motion is filed with the clerk, so long as the motion is timely filed. | The party requesting a nonsuit has an absolute right to a nonsuit at the moment the motion is filed with the clerk, so long as the motion is timely filed. | Does the party requesting a nonsuit have an absolute right to a nonsuit at the moment the motion is filed with the clerk? |
| 10251 | In re State ex rel. D.L.S., 446 S.W.3d 506, 513 (Tex. App. 2014) | 2 | Subject-matter jurisdiction is fundamental to the court's authority to dispose of cases, and the Court of Appeals may raise the issue sua sponte at any time. | Subject-matter jurisdiction is fundamental to this Court's authority to dispose of cases, and we may raise the issue sua sponte at any time. | Is subject-matter jurisdiction fundamental to a courts authority to dispose of cases? |
| 10252 | Silviera-Francisco v. Bd. of Educ. of City of Elizabeth, 224 N.J. 126, 143 (2016) | 19 | No agreement between or among parties may confer jurisdiction on the Appellate Division in the absence of a final order. | No agreement between or among parties may confer jurisdiction on the Appellate Division in the absence of a final order, | Can an agreement between parties confer jurisdiction on the Appellate Division in the absence of a final order? |
| 10257 | Giesler v. City of Omaha, 175 Neb. 706, 706 (1963) | 1 | Right of plaintiff to dismiss cause of action before submission to court is statutory and is not matter of judicial grace or discretion. R.R.S.1943, S 25-601. | The right of a plaintiff to dismiss a cause of action before submission to the court is a statutory right and is not a matter of judicial grace or discretion. | Is the right of a plaintiff to dismiss an action without prejudice as a matter of right at any time before final submission a statutory right? |
| 10267 | Show & Tell of New Orleans, L.L.C. v. Fellowship Missionary Baptist Church, 156 So. 3d 1234, 1238 (La. Ct. App. 2014) | 1 | Trial courts have wide discretion to implement pretrial orders and insure that their terms are enforced. LSA-C.C.P. art. 1551. | The law affords trial courts wide discretion to *1238 implement pretrial orders and insure that their terms are enforced. See La. C.C.P. art. 1551; | Does the trial court have wide discretion to implement a pretrial order and insure that its terms are enforced? |
| 10272 | U.S. v. Sweet, 372 F.Supp. 72, 74 (D.C.Mass. 1974) | 3 | Conscientious objector has no constitutional right to avoid military service; conscientious objector status is merely a privilege extended to registrants meeting criteria established by Congress. | There is no constitutional right in a conscientious objector to avoid service; it is merely a privilege Congress chose to extend to registrants meeting its criteria. | Does a conscientious objector have a constitutional right to avoid military service? |
| 10280 | Livernois v. Brandt, 37 Cal.Rptr. 279, 282, 225 Cal.App.2d 301, 305 (Cal.App. 1964) | 2 | The pretrial order supersedes issues raised by pleadings and controls subsequent course of case as long as it remains unmodified. Cal.Rules of Court, rule 216. | In People ex rel. Dept. Public Works v. Valley Drive-in Theater Corp., 206 Cal.App.2d 309, 23 Cal.Rptr. 626, this court held that the pretrial order supersedes the issues raised by the pleadings and controls the subsequent course of the case as long as it remains unmodified. | Does an issue raised in a pretrial order supersede an issue raised in the pleadings? |
| 10282 | Ridley v. Turner, 335 Ga. App. 108, 110 (2015) | 2 | Generally, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order. West's Ga.Code Ann. S 9-11-16(b). | "[I]t generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order." | "Can a party advance theory or offer evidence that violate the terms of a pretrial order, unless the pretrial order is modified at or before trial?" |

| 10284 | Chapital v. Orleans Par., 780 So. 2d 1110, 1119 (La. Ct. App. 2001) | 11 | Pretrial conference is an invaluable tool for promoting a fair and speedy trial, and thus pretrial orders should be strictly adhered to by the parties. | Because the conference is an invaluable tool for promoting a fair and speedy trial, pretrial orders should be strictly adhered to by the parties. | Is pretrial conference an invaluable tool for promoting a fair and speedy trial? |
|---|---|---|---|---|---|
| 10285 | Bump v. Firemens Ins. Co. of Newark, N.J., 380 N.W.2d 268, 273 (Neb. 1986) | 2 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Pretrial conferences are conducted to simplify and narrow issues presented in a case. Issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | "Do issues specified at pretrial conference, control issues on which case is tried?" |
| 10287 | Dunlop v. Dist. Court of Greene Cty., 214 Iowa 389 (1932) | 2 | Statutory proceeding for production of material papers is analogous to equity practice under bill of discovery (Code 1931, SS 11129, 11316, 11317). | Furthermore, the statutory proceeding for the production of material papers is "analogous to the equity practice" under a bill of discovery. | Is the statutory proceeding for production of material papers analogous to equity practice under a bill of discovery? |
| 10288 | The Carle Foundation v. Department of Revenue, 396 Ill. App. 3d 329, 342 (Ill. App. Ct. 2009) | 5 | Statutes are to be construed in reference to the principles of common law and it is not to be presumed that the legislature intends to make any innovation upon the common law further than the case absolutely requires. | Statutes are to be construed in reference to the principles of the common law; and it is not to be presumed [ ] that the legislature intends to make any innovation upon the common law ***83 **1147 further than the case ab [s]olutely requires." | Are exposition statutes to be construed in reference to the principles of the common law? |
| 10289 | In re Marcucci, 256 B.R. 685, 693 (D.N.J. 2000) | 11 | "Taxes" are generally defined as pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it. | Taxes are generally defined as "pecuniary burdens laid upon individuals or their property, regardless of their consent, for the purpose of defraying the expenses of government or of undertakings authorized by it." | Do taxes have a regard to an individual's consent? |
| 10291 | American Life Acc. Ins. Co. v. Com, 173 S.W.3d 910, 913 (Ky. Ct. App. 2005) | 1 | The character of a tax is determined by its operation, effect, and incidents, not by the label the legislature appends in the statute. | The character of a tax is determined by its operation, effect, and incidents, not by the label the legislature appends in the statute. | "Is the character of a tax determined by its operation, effect, and incidents, not by the label the legislature appends in the statute?" |
| 10296 | Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship, 784 F. Supp. 1223, 1229 (E.D. Va. 1991) | 9 | Under New York law, where contract is signed by individual who does not indicate that individual is signing as agent on behalf of disclosed principal, individual is deemed to be contracting on individual's own behalf. | Under New York law, where a contract is signed by an individual who does not indicate therein that he is signing as an agent on behalf of a disclosed principal, the individual is deemed to be contracting on his own behalf. | Is an agent deemed to be contracting on his own behalf when he does not indicate that he is signing as an agent on behalf of a disclosed principal? |

| | | | | | |
|---|---|---|---|---|---|
| 10298 | Pierce v. Hand, Arendall, Bedsole, 678 So. 2d 765, 770 (Ala. 1996) | 9 | Partnership agreements, such as law firm partnership agreement, avoid automatic dissolution of firm upon withdrawal of a partner by fixing the amount of deferred compensation the partner will be allowed upon withdrawal; otherwise, partnership would automatically dissolve upon withdrawal of partner and he would be entitled to an accounting for the amount of his interest in the dissolved partnership. | Partnership agreements, such as the agreement in this case, avoid the automatic dissolution of a firm upon the withdrawal of a partner, by fixing the amount of deferred compensation the partner will be allowed upon withdrawal. Otherwise, the partnership would automatically dissolve upon the withdrawal of the partner, and he or she would be entitled to an accounting for the amount of his or her interest in the dissolved partnership. | Does the withdrawal of a partner constitute an automatic dissolution? |
| 10299 | Independent Trust v. Miller, 796 P.2d 483, 492 (Colo. 1990) | 8 | Pretrial conferences and orders are tools for simplifying issues with eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. | [8] Pretrial conferences and orders are tools for simplifying the issues with an eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. | "What are pretrial conferences and orders, tools for?" |
| 10300 | Ingbretson v. Louisiana-Pac. Corp., 272 Mont. 294, 298 (1995) | 2 | Pretrial order should be liberally construed to permit any issues at trial that are embraced within its language. | The pretrial order should be liberally construed to permit any issues at trial that are "embraced within its language." Nentwig v. | Should a Pretrial order be liberally construed to permit any issues at trial that are embraced within its language? |
| 10304 | Stephens v. Bi-State Development Agency, 439 S.W.2d 252, 254 (Mo. Ct. App. 1969) | 2 | Generally, in order for absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. V.A.M.R. Civil Rule 65.04(2, 3). | As a general rule in order for the absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. | When will the absence of a witness be grounds for a continuance? |
| 10311 | Joachim v. Travelers Ins. Co., 279 S.W.3d 812, 816 (Tex. App. 2008) | 5 | A nonsuit extinguishes a case or controversy the moment it is filed with the court clerk or requested in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A nonsuit extinguishes a case or controversy the moment it is filed with the court clerk or requested in open court. | Does a nonsuit extinguish a case or controversy the moment it is filed with the court clerk or requested in open court? |
| 10314 | Bldg. Indus. Ass'n of the Bay Area v. City of San Ramon, 208 Cal. Rptr. 3d 320, 339 (Cal. Ct. App. 2016) | 8 | A tax is a "special tax" under state constitution whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which revenues may be spent. Cal. Const. art. 13C, S 1(d). | [A] tax is special whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for *86 which revenues may be spent. | Do special taxes provide revenue for a specific or limited purpose? |
| 10315 | City of Pasadena v. Chamberlain, 36 P.2d 387, 390, 1 Cal.App.2d 125, 133 (Cal.App. 2 Dist. 1934) | 3 | Where there is legislative authority therefor, property owned by municipality and devoted to public use may be liable for special assessment for public improvements. | Where there is legislative authority therefor, property owned by a municipality and devoted to public use may be liable for special assessments for public improvements. | "Is legislative authority essential for a ""special assessment"" made on a public property?" |
| 10319 | U.S. v. Peleti, 576 F.3d 377, 382 (7th Cir. 2009) | 2 | Public official can act "corruptly," as would support conviction for bribery, without intending to be influenced; officer need only solicit or receive the money on the representation that the money is for the purpose of influencing his performance of some official act. 18 U.S.C.A. S 201(b)(2)(A). | An officer can act corruptly without intending to be influenced; the officer need only "solicit or receive the money on the representation that the money is for the purpose of influencing his performance of some official act." Id. | Is it possible for a public official to corrupt bribery statute without intending to be influenced? |

| 10324 | Walters v. First Federal Sav. and Loan Ass'n of Phoenix, 641 P.2d 235, 239, 131 Ariz. 321, 325 (Ariz., 1982) | 4 | Trial court may refuse to give an instruction to jury on an issue not embodied in pretrial order. 16 A.R.S. Rules Civ.Proc., Rule 16(a). | Because of this function, the trial court may refuse to give an instruction to the jury on an issue not embodied in the pretrial order. | Can a court refuse to give an instruction to jury on an issue not embodied in pretrial order? |
|---|---|---|---|---|---|
| 10329 | Herrell v. Maddux, 217 Kan. 192, 192 (1975) | 2 | Generally, a pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | A pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. | "Generally, does a pretrial order which specifies the issues to be tried supersede and replace the pleadings?" |
| 10333 | State ex Rel. Richard, v. Cuyahoga Cty. Commrs, 100 Ohio App. 3d 592, 596 (1995) | 4 | Filing of voluntary dismissal immediately divests trial court of jurisdiction to go forward in matter. Rules Civ.Proc., Rule 41(A)(1). | The filing of a voluntary dismissal immediately divests the trial court of jurisdiction to go forward in the matter. | Does the filing of a voluntary dismissal immediately divest a trial court of jurisdiction to go forward in a matter? |
| 10336 | Stubbs v. Strickland, 297 P.3d 326, 329, 129 Nev. 146, 151 (Nev., 2013) | 8 | After plaintiff files a notice of voluntary dismissal, the file is closed and defendant may not revive the action. Rules Civ.Proc., Rule 41(a)(1)(i). | After a plaintiff files a notice of voluntary dismissal, the file is closed and a defendant may not revive the action. | "After plaintiff files a notice of voluntary dismissal, is the file closed and a defendant may not revive the action?" |
| 10339 | Rondeau v. State, 48 N.E.3d 907, 913 (Ind.App., 2016) | 4 | Whether to grant a request to withdraw or amend admissions, including in a postconviction proceeding, is a matter within the trial court's discretion. Trial Procedure Rule 36(B). | Whether to grant a request to withdraw or amend admissions is a matter within the trial court's discretion. | Is the question of whether to grant a request for leave to withdraw admissions a matter committed to the sound discretion of the trial court? |
| 10340 | Coastal Oil v. Garza Energy Trust, 268 S.W.3d 1, 13 (Tex. 2008) | 3 | A trespass against a possessory interest does not require actual injury to be actionable and may result in an award of nominal damages. | As already noted, this case does not involve a trespass against a possessory interest, which does not require actual injury to be actionable and may result in an award of nominal damages. | Can nominal damages be awarded for a trespass against a possessory interest without an actual injury? |
| 10362 | County et al. v. Moody, 116 Tex. 299, 300 (Tex. 1926) | 9 | Legislature has full discretion to adopt method of taxing all properties in county at assessed values for cost of highway to be improved within it. | is decisive of the proposition that the Legislature has full discretion to adopt the method of taxing all properties in a county at assessed values for the cost of a highway to be improved within the county. | Can the Legislature tax the properties at assessed values for road improvement? |
| 10383 | In re Sewell, 472 S.W.3d 449, 455 (Tex.App.-Texarkana, 2015) | 11 | The burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions is on the party seeking withdrawal. Tex. R. Civ. P. 198.3. | Finally, "[t]he burden of proof on all three requirements [of Rule 198.3] is on the party seeking withdrawal." | Is the burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions on the party seeking withdrawal? |
| 10384 | Jankelson v. Cisel, 3 Wn. App. 139, 141 (Wash. Ct. App. 1970) | 1 | The withdrawal of an attorney in a civil case or his discharge does not give party an absolute right of continuance. | The withdrawal of an attorney in a civil case or his discharge does not give party an absolute right of continuance. | Does the withdrawal of an attorney in a civil case or his discharge give a party an absolute right of continuance? |

| 10389 | Ruge v. Posey, 114 Idaho 890 | 5 | Judge may not refuse to award reasonable expenses for failure to admit solely because expenses of proving matter contained in requests for admission might also have been incurred with respect to another issue. Rules Civ.Proc., Rule 37(c). | We reiterate, however, that the judge may not refuse to make an award solely because the expenses of proving the matter contained in the requests for admission might also have been incurred with respect to another issue. | "If a party fail to admit the truth of any matter requested, should the party requesting the admissions prove the truth of the matter to apply to the court for an order requiring the other party to pay the reasonable expenses and reasonable attorney's fees?" |
|---|---|---|---|---|---|
| 10401 | Bibbins v. New Orleans, 848 So. 2d 686, 693 (La. Ct. App. 2003) | 14 | When a party receives a request for admissions and fails to respond to the request by any means, facts are deemed admitted. | Club Xscape asserts that when a party receives a request for admissions and fails to respond to the request by any means, facts are deemed admitted. | "When a party receives a request for admissions and fails to respond to the request by any means, are facts deemed admitted?" |
| 10403 | Deloge v. Cortez, 131 Idaho 201, 204 (Idaho Ct. App. 1998) | 3 | Conclusiveness of matters admitted pursuant to a request for admissions applies equally to admissions made affirmatively and those made by default. Rules Civ.Proc., Rule 36(a). | The conclusiveness of matters admitted pursuant to Rule 36(b) applies equally to admissions made affirmatively and those made by default. | Does conclusiveness of matters admitted apply equally to admissions made affirmatively pursuant to a request for admissions? |
| 10404 | Norrell v. Giles, 343 Ark. 504, 506 (Ark. 2001) | 1 | When a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. Rules Civ.Proc., Rule 36(a). | *506  In interpreting Rule 36, this court has consistently held that when a party fails to timely answer requests for admission, or otherwise fails to object to them, the requested matters are deemed admitted. | Does the trial court have no discretion whether to deem matters admitted when party fails to answer request for admission by the deadline? |
| 10413 | Davis v. Barnes, 158 Ga. App. 89, 90 (1981) | 2 | Absence of a plaintiff's counsel, without leave, to attend proceeding in other court is no ground for continuance or postponement of a case. | The absence of a plaintiff's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Is absence of counsel without leave to attend trial of cases pending in other courts no ground for continuance? |
| 10422 | Koszdin v. State Compensation Insurance Fund, 186 Cal.App.4th 480, 491 (Cal. Ct. App. 2010) | 8 | The right to receive workers' compensation benefits is wholly statutory and is not derived from common law. West's Ann.Cal.Labor Code S 3200 et seq. | The right to receive workers' compensation benefits "is wholly statutory and is not derived from common law." | "Is the right to receive workers compensation benefits wholly statutory, or is it derived from common law?" |
| 10446 | In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011) | 4 | The right to speak, whether anonymously or otherwise, is not unlimited, under the First Amendment, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue. U.S.C.A. Const.Amend. 1. | The right to speak, whether anonymously or otherwise, is not unlimited, however, and the degree of scrutiny varies depending on the circumstances and the type of speech at issue. | Is right to speak protected by the First Amendment? |
| 10447 | Phelps v. Gilbreth, 68 So. 2d 360, 362 (Fla. 1953) | 2 | It is rule of construction of pleadings that specific statements of facts will control over general statement, and that conclusions of law contained in pleading will be construed as drawn from facts plead. | It is a rule of construction of pleadings that specific statements of fact will control over a general statement, and that conclusions of law contained in a pleading will be construed as drawn from the facts plead. | It is a rule of pleadings that specific statements of facts will control over general statement? |

| 10458 | Chambarry v Mount Sinai Hosp., No. 21114/91, 94-419, 615 N.Y.S.2d 830, 837, 1994 WL 450242 (Sup Ct, May 16, 1994) | 14 | Plaintiff is entitled to disclosure of information regarding incidents giving rise to claims similar to his or her own. | To the contrary, a plaintiff is entitled to disclosure of information regarding incidents giving rise to claims similar to his or her own. | Is a plaintiff entitled to disclosure of information regarding incidents giving rise to claims similar to his or her own? |
| 10461 | Carbide & Carbon Chemicals Corp. v. Cook, 199 S.W.2d 983, 984, 304 Ky. 63, 66 (Ky. 1947) | 3 | The provision of Civil Code of Practice prohibiting reading of a deposition on trial unless filed with papers of case before commencement of trial must be strictly followed. Civ.Code Prac. S 585. | Section 585 of the Civil Code of Practice follows: 'No deposition shall be read on a trial, unless, before the commencement thereof, it be filed with the papers of the case.' This provision of the Code has been followed strictly. | "Shall depositions not be read on a trial, unless filed with the papers in the suit before its commencement?" |
| 10462 | Mountain Glacier LLC v. Nestle Waters N. Am., Inc. (In re Mountain Glacier LLC), 564 B.R. 314, 321 (M.D. Tenn. 2017) | 11 | "Ratification" is a person's binding adoption of an act either not done in a way that originally produced a legal obligation, or done by third party having at the time no authority to act as the person's agent. | "Ratification" is defined in Black's Law Dictionary as, among other things, "A person's binding adoption of an act already completed but either not done in a way that originally produced a legal obligation, or done by a third party having at the time no authority to act as the person's agent." | What does the term Ratification encompasses? |
| 10463 | Zeese v. Siegel's Estate, 534 P.2d 85, 89 (Utah 1975) | 7 | Ratification relates back to time when unauthorized act was done and though act may have been done without any precedent authority, ratification creates relation of principal and agent. | Ratification relates back to the time when the unauthorized act was done; and although the act may have done without any precedent authority, ratification creates the relation of principal and agent. | Does ratification of an act relate back to the time the unauthorized act had occurred? |
| 10474 | In re 2111 Associates-Chicago, 580 F.2d 705, 709 (4th Cir. 1978) | 3 | Any conversion of partnership property into property of an individual partner must be bona fide and without intent to hinder, delay, or defraud creditors. | "(a)ny conversion of partnership property into property of an individual partner, for example, must have been Bona fide, and without intent to hinder, delay, or defraud creditors." | Can a partnership property be converted into property of an individual partner by a transfer as long as it is bona fide in nature? |
| 10480 | Commonwealth v. Albert, 310 Mass. 811, 816 (Mass. 1942) | 4 | The collection of a bribe through an intermediary makes the public officer just as liable under statute as if he personally received it. G.L.(Ter.Ed.) c. 268, S 8 (M.G.L.A.). | The collection of a bribe through an intermediary makes the public officer just as liable under the statute as if he personally received it. | Does the collection of a bribe through an intermediary makes the public officer as liable under the statute as if he personally receives it? |
| 10484 | Board of Trustees, Etc. v. Cardwell, 400 So. 2d 402, 406 (Ala. 1981) | 12 | Since right to pension is purely statutory, courts do not have power to grant benefits to classes of people not included as beneficiaries by legislature, but merely to determine whether it was constitutional for legislature to exclude them. | As we stated earlier, the right to a pension is purely statutory, Cox v. Dunn, supra. For that reason the courts of this state do not have the power to grant benefits to classes of people not included by the legislature, but merely to determine whether it was constitutional for the legislature to exclude them. | Is a right to a pension statutory? |

| 10487 | Conboy v. State, 292 Conn. 642, 653 (Conn. 2009) | 17 | If the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. | Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. | "If the question of jurisdiction is intertwined with the merits of the case, can a court resolve the jurisdictional question on a motion to dismiss for lack of subject matter jurisdiction without a hearing to evaluate those merits?" |
| --- | --- | --- | --- | --- | --- |
| 10488 | Ex Parte Gregory, 947 So. 2d 385, 390 (Ala. 2006) | 13 | A plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case; to be permitted jurisdictional discovery, plaintiff must at least allege facts that would support a colorable claim of jurisdiction. | 'However, it is also well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case.' Id. '[T]o be permitted jurisdictional discovery, plaintiff must at least allege facts that would support a colorable claim of jurisdiction.' Schenck v. | Does a plaintiff not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case? |
| 10489 | Gold v. Rowland, 296 Conn. 186, 200 (Conn. 2010) | 2 | A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. | A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction.... | "Does a motion to dismiss test whether, on the face of the record, the court is without jurisdiction?" |
| 10490 | Mayer v. Biafore, Florek O'Neill, 245 Conn. 88, 91 (Conn. 1998) | 2 | Justiciability requires: (1) that there be an actual controversy between or among the parties to the dispute; (2) that the interests of the parties be adverse; (3) that the matter in controversy be capable of being adjudicated by judicial power; and (4) that the determination of the controversy will result in practical relief to the complainant. | "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute ... (2) that the interests of the parties be adverse ... (3) that the matter in controversy be capable of being adjudicated by judicial power ... and (4) that the determination of the controversy will result in practical relief to the complainant." | Should a case that is non-justiciable be dismissed for lack of subject matter jurisdiction? |
| 10494 | Thweatt v. Jackson, 838 S.W.2d 725, 727 (Tex. App. 1992) | 2 | Assignee of promissory notes stands in shoes of assignor and obtains rights, title, and interest that assignor had at time of assignment. | Second, it is axiomatic that an assignee of a promissory note stands in the shoes of the assignor and obtains the rights, title, and interest that the assignor had at the time of the assignment. | Does an assignee of a promissory note obtain the title as that of the assignor at the time of assignment? |
| 10505 | Kern v. Gleason, 840 S.W.2d 730, 736 (Tex. App. 1992) | 10 | In action where exemplary damages may be recovered, party's net worth is relevant and discoverable. | In an action where exemplary damages may be recovered, a party's net worth is relevant and discoverable. | "In action where exemplary damages may be recovered, is a party's net worth relevant and discoverable?" |
| 10509 | Forth v. Allstate Indem. Co., 151 S.W.3d 732, 736 (Tex. App. 2004) | 4 | If a plaintiff lacks standing, the trial court has no jurisdiction and must dismiss the entire case. | If a plaintiff lacks standing, the trial court has no jurisdiction and must dismiss the entire case. | "If a plaintiff lacks standing, does the trial court have no jurisdiction and must dismiss the entire case?" |

| 10512 | In re Peplinski's Est., 155 Pa. Super. 564, 571, 39 A.2d 271, 274 (1944) | 4 | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience and for additional benefit of private property holders. | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience, and for the additional benefit of private property holders. | What is general taxation enforced to serve? |
|---|---|---|---|---|---|
| 10513 | In re Peplinski's Estate, 155 Pa. Super. 564, 564 (1944) | 4 | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience and for additional benefit of private property holders. | General taxation is enforced to serve the necessary purposes of government, while local assessments are enforced to serve mere local convenience, and for the additional benefit of private property holders. | What are local assessments enforced to serve? |
| 10515 | Leo Feist, Inc. v. Young, 46 F. Supp. 622, 630 (E.D. Wis. 1942) | 10 | A state has the power to levy a tax against corporations or associations transacting business within its borders. | A state has the power to levy a tax against corporations or associations transacting business within its borders. | Does a state have the power to levy a tax against corporations or associations transacting business within its borders? |
| 10519 | Joslin v Regan, 63 A.D.2d 466, 470, 406 N.Y.S.2d 938, 940–41 (N.Y.A.D. 4 Dept., July 13, 1978) | 6 | An "ad valorem tax" is one that is assessed on the value of property at a certain rate or at a fixed proportion. Const. art. 16, S 3. | An ad valorem tax is one that is assessed upon the value of property "at a certain rate" (Ampco Print.-Advs. Corp. v. City of N. Y., 14 N.Y.2d 11, 22, 247 N.Y.S.2d 865, 870, 197 N.E.2d 285, 288; 58 N.Y.Jur.Revised, Taxation, s 6) or at a "fixed proportion" | "Is ""ad valorem tax"" the one that is assessed on the value of property at a certain rate or at a fixed proportion?" |
| 10520 | Sunshine Towing, Inc. v. Fonseca, 933 So. 2d 594 (Fla. Dist. Ct. App. 2006) | 2 | Workers' compensation is purely a creature of statute and, as such, is subject to the basic principles of statutory construction. | Workers' compensation is purely a creature of statute and, as such, is subject to the basic principles of statutory construction. | "Is workers compensation purely a creature of statute and, as such, is it subject to the basic principles of statutory construction?" |
| 10543 | Taylor v. Margo, 508 S.W.3d 12, 24 (Tex. App. 2015) | 24 | If a plaintiff is without standing to assert one of his claims, the court lacks jurisdiction over that claim and is required to dismiss it. | Therefore, if a plaintiff is without standing to assert one of his claims, the court lacks jurisdiction over that claim and is required to dismiss it. | "If a plaintiff lacks standing to assert one of his claims, does the court lack jurisdiction over that claim and must dismiss it?" |
| 10547 | Jimenez v. DeRosa, 109 Conn. App. 332, 338, 951 A.2d 632, 637 (2008) | 10 | Abode service of process is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed. C.G.S.A. S 52-57(a); Practice Book 1998, S 10-13. | Abode service is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed." | Should an action be dismissed if it was commenced by improper service of process? |
| 10548 | Chris Keefe Builders v Hazzard, No. 09-00651, 1677, 900 N.Y.S.2d 201, 203, 2010 N.Y. Slip Op. 02637, 2010 WL 1137029 (N.Y.A.D. 4 Dept., Mar. 26, 2010) | 2 | Courts have the discretion to issue appropriate sanctions for a party's failure to comply with a scheduling order. | There is no dispute that courts have the discretion to issue appropriate sanctions for a party's failure to comply with a scheduling order | Do courts have the discretion to issue appropriate sanctions for a party's failure to comply with a scheduling order? |
| 10556 | Dallas v. Ameren CIPS, 402 Ill. App. 3d 307, 311 (Ill. App. Ct. 2010) | 3 | Proceedings under the Workers' Compensation Act are purely statutory, and courts can obtain jurisdiction only in the manner provided by that Act. S.H.A. 820 ILCS 305/19(g). | "Proceedings under the Workers' Compensation Act are purely statutory, and courts can obtain jurisdiction only in the manner provided by that Act. | "Are proceedings under the Workers Compensation Act purely statutory, and how can courts obtain jurisdiction?" |

| | | | | | |
|---|---|---|---|---|---|
| 10557 | Curtis v. G.E. Capital Modular Space, 155 S.W.3d 877, 882 (Tenn. 2005) | 7 | The right to workers' compensation benefits is a unique concept in the law, derived solely from statutory provisions, rather than from the common law. | The right to workers' compensation benefits is a unique concept in the law, derived solely from statutory provisions rather than from the common law. | "Are workers compensation benefits a unique concept, and where is it solely derived from?" |
| 10558 | La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 161 (2d Cir. 2010) | 11 | A litigant is not entitled to use arbitration as a means of aborting a suit that did not proceed as planned in the district court. | But a litigant is not entitled to use arbitration as a means of aborting a suit that did not proceed as planned in the District Court. | Can litigants use arbitration as a means of aborting a suit that does not proceed as planned in court? |
| 10564 | United States v. Terry, 707 F.3d 607, 613 (6th Cir. 2013) | 9 | If a public official receives money through promises to improperly employ his public influence, he has accepted a bribe. 18 U.S.C.A. S 201(b)(2). | If an official receives money "through promises to improperly employ his public influence," he has accepted a bribe. | "If a public official receives money through promises to improperly employ his public influence, has he accepted a bribe?" |
| 10566 | Padilla-Mangual v. Pavia, 516 F.3d 29, 31 (1st Cir. 2008) | 2 | Person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. 28 U.S.C.A. S 1332(a)(1). | "A person's domicile 'is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning. | "Is a person's domicile a place where he has his true, fixed home and principal establishment?" |
| 10570 | Coast to Coast, Etc. v. G S Metal Products, 130 Ariz. 506, 507 (Ariz. Ct. App. 1981) | 2 | When defendant moves to dismiss complaint for lack of personal jurisdiction, plaintiff has burden of establishing that such jurisdiction is proper. | When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff, or in this case appellant, has the burden of establishing that such jurisdiction is proper. | "Once the defendant has moved for dismissal for lack of jurisdiction, does the plaintiff have the burden of establishing that jurisdiction is proper?" |
| 10575 | Jimenez v. DeRosa, 109 Conn. App. 332, 338, 951 A.2d 632, 637 (2008) | 10 | Abode service of process is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed. C.G.S.A. S 52-57(a); Practice Book 1998, S 10-13. | Abode service is not effective if it is left at an address that is not the usual address of the party to be served, and an action commenced by such improper service must be dismissed." | Should an action commenced by improper service be dismissed? |
| 10590 | Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530, 1537 (M.D.Ala.,1997) | 12 | Under Alabama law, entity that is neither party to, nor agent for, nor beneficiary of contract lacks standing to compel arbitration of contractual dispute. | "An entity that is neither a party to nor agent for nor beneficiary of the contract lacks standing to compel arbitration." | Does an entity that is neither party nor agent for the beneficiary of a contract lack standing to compel arbitration? |
| 10600 | State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172, 1175 (Ala. Civ. App. 2009) | 2 | Under the rule permitting a 120-day period for service of process, an action may not be dismissed for insufficient service before the expiration of the 120-day period. Rules Civ.Proc., Rule 4(b). | Accordingly, we conclude that Rule 4(b), Ala. R. Civ. P., allows 120 days for service of process and that an action may not be dismissed for insufficient service before the expiration of the 120-day period. | "Under the rule permitting a 120-day period for service of process, can an action not be dismissed for insufficient service before the expiration of the 120-day period?" |

| 10603 | Brew v. Stern, 254 N.J. Super. 237, 242, 603 A.2d 162, 164 (Law. Div. 1991) | 1 | Ordinarily, in absence of demonstrable prejudice to defendant, complaint should not be dismissed because of untimely issuance of summons; in determining whether prejudice exists, court is primarily concerned with impairment of defendant's ability to defend on merits. R. 1:13-7; R. 4:37-2(a). | Ordinarily, in the absence of demonstrable prejudice to defendant, a complaint should not be dismissed because of untimely issuance of a summons. Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 346, 476 A.2d 250 (1984); State v. One 1986 Subaru, 120 N.J. 310, 315, 576 A.2d 859 (1990). In determining whether prejudice exists we are primarily concerned with the impairment of defendant's ability to defend on the merits. | "In absence of demonstrable prejudice to defendant, should a complaint not be dismissed because of an untimely issuance of a summons?" |
| 10605 | Smith v. Alabama Dry Dock Shipbuilding Co., 293 Ala. 644, 649 (1975) | 2 | Lack of a justiciable controversy may be raised either by a motion to dismiss or a motion for summary judgment. Rules of Civil Procedure, rules 12, 56. | Thus, the lack of a justiciable controversy may be raised either by a motion to dismiss, Rule 12 ARCP, or a motion for summary judgment, Rule 56 ARCP. | Can a lack of a justiciable controversy be raised either by a motion to dismiss or a motion for summary judgment? |
| 10631 | Tiffany v. Brenton State Bank, 508 N.W.2d 87, 92 (Iowa Ct. App. 1993) | 12 | Mere filing of motion for continuance before mandatory dismissal date fails to stay dismissal of case. Rules Civ.Proc., Rule 215.1. | The mere filing of a motion for continuance before the rule 215.1 deadline for trial fails to stay the dismissal of the case. | Does a mere filing of a motion for continuance before the mandatory dismissal date fail to stay dismissal of a case? |
| 10632 | Utz v. Aureguy, 109 Cal. App. 2d 803 | 3 | Superior Court has inherent power to dismiss action which is made to appear fictitious and sham. | The Superior Court has inherent power to dismiss actions which are made to appear fictitious and sham. | Does a Superior Court have inherent power to dismiss action which is made to appear fictitious and sham? |
| 10649 | Cracker Barrel v. Epperson, 284 S.W.3d 303, 314 (Tenn. 2009) | 18 | While the doctrine of judicial estoppel is applied to prohibit a party from taking a position that is directly contrary to or inconsistent with a position previously taken by the party, the doctrine generally only applies to sworn statements made in the course of judicial proceedings. | While the doctrine of judicial estoppel is applied to prohibit a party from taking "a position that is directly contrary to or inconsistent with a position previously taken by the party," Guzman v. Alvares, 205 S.W.3d 375, 382 (Tenn.2006), the doctrine generally only applies to "sworn statements made in the course of judicial proceedings." | Does judicial estoppel arise from sworn statements made in the course of judicial proceedings? |
| 10650 | New York State Public Employees Federation, AFL-CIO v City of Albany, No. 84779, 269 A.D.2d 707, 707, 703 N.Y.S.2d 573, 574, 2000 N.Y. Slip Op. 01784, 2000 WL 215755 (N.Y.A.D. 3 Dept., Feb. 24, 2000) | 1 | Right to use public highways rests with the whole people of the State, and municipalities cannot grant proprietary rights to the use thereof to their residents in priority to the general public. | The Court of Appeals has made clear that the right to use public highways rests "with the whole people of the State" (New York State Pub. Empls. Fedn., AFL–CIO v. City of Albany, 72 N.Y.2d 96, 101, 531 N.Y.S.2d 770, 527 N.E.2d 253), and municipalities cannot grant proprietary rights to the use thereof to their residents in priority to the general public | What are the rights provided to the public for the use of state highways? |

| 10654 | Loch Sheldrake Beach and Tennis Inc. v Akulich, No. 522390, 36 N.Y.S.3d 525, 528, 2016 N.Y. Slip Op. 05422, 2016 WL 3619343 (N.Y.A.D. 3 Dept., July 07, 2016) | 2 | To prevail on a breach of fiduciary duty claim against residential cooperative board members, the cause of action must allege the existence of a fiduciary relationship, misconduct by the individual board members, and damages directly caused by a board member's misconduct. | To prevail on a breach of fiduciary duty claim, the cause of action must allege the existence of a fiduciary relationship, misconduct by the individual board members and damages directly caused by a board member's misconduct | Should a breach of fiduciary duty be plead with specificity? |
|---|---|---|---|---|---|
| 10661 | Best Foods v Mitsubishi Shoji Kaisha, (N.Y.A.D. 1 Dept., June 08, 1928) | 1 | Under Civil Practice Act, SS 211, 213, entitling plaintiff to plead in alternative against various defendants, branch of pleading which deals with each defendant must show some basis of liability against such defendant. | While the plaintiff was clearly entitled, under sections 211 and 213 of the Civil Practice Act, to plead in the alternative against the various defendants, the branch of the pleading which deals with each defendant must show some basis of liability against such defendant. | Can a plaintiff plead in the alternative? |
| 10662 | Nalen v. Jenkins, 113 Idaho 79, 81 (Idaho Ct. App. 1987) | 3 | Under modern pleading practice, plaintiff may advance alternative theories relating to an alleged set of facts. | The first legal standard is that, under modern pleading practice, the plaintiff may advance alternative theories relating to an alleged set of facts. | Can the plaintiff advance alternative theories relating to an alleged set of facts? |
| 10665 | Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192, 196 (Miss. 2011) | 2 | Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly. Rules Civ.Proc., Rule 41(b). | "Because the law favors a trial of the issues on the merits, a dismissal for lack of prosecution is employed reluctantly. | "Is a dismissal for lack of prosecution employed reluctantly, because the law favors a trial of the issues on the merits?" |
| 10666 | Ridgell v. McDermott, 427 S.W.3d 310, 312 (Mo. Ct. App. 2014) | 1 | A motion to dismiss for failure to state a cause of action attacks adequacy of plaintiff's pleadings. | A motion to dismiss for failure to state a cause of action attacks the adequacy of the plaintiff's pleadings. | Does a motion to dismiss for failure to state a cause of action attack adequacy of a plaintiff's pleadings? |
| 10667 | Zeeb v. Atlas Powder Co., 87 A.2d 123, 127, 32 Del.Ch. 486, 493–94 (Del. 1952) | 7 | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, generally an individual may do all acts through an agent which he could do himself. | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, as a general rule an individual may do all acts through an agent which he could do himself. | Can acts which are required to be performed personally by statute be delegated? |
| 10673 | University of Utah v. Shurtleff, 144 P.3d 1109, 1116, 2006 UT 51, ¶ 26 (Utah,2006) | 13 | As a corporate entity engaged in the enterprise of higher education, the University of Utah is distinct from an administrative agency that may exert authority over an entire industry or occupation. | As a corporate entity engaged in the enterprise of higher education, the University is distinct from an administrative agency that may exert authority over an entire industry or occupation. | Can a university exert policy and authority over an industry? |
| 10675 | Stephen L. Winternitz, Inc. v. Nat'l Bank, 289 Ill. App. 3d 753, 759 (1997) | 5 | It is permissible to argue claims in the alternative, even though such arguments are based upon inconsistent facts. | "It is permissible to argue in the alternative, even though such arguments are based upon inconsistent facts." | "Is it permissible to argue in the alternative, even though such arguments are based upon inconsistent facts?" |

| 10686 | Belcher Center LLC v. Belcher Center, Inc., 883 So. 2d 338, 339 (Fla. Dist. Ct. App. 2004) | 3 | If the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of an affirmative defense. | If the court is required to consider matters outside of the four corners of the complaint, then the cause is not subject to dismissal on the basis of an affirmative defense. | When is the cause subject to dismissal on the basis of an affirmative defense? |
|---|---|---|---|---|---|
| 10694 | Environmental v. Slurry Systems, 540 F.3d 598, 607 (7th Cir. 2008) | 5 | If party voluntarily and unreservedly submits issue to arbitration, he cannot later argue that arbitrator had no authority to resolve it. | "If a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it." | Can a party who voluntarily and unreservedly submits an issue to arbitration later argue that the arbitrator had no authority to resolve it? |
| 10699 | Castrillo v. American Home Mortg. Servicing, Inc., 670 F.Supp.2d 516, 528 (E.D.La.,2009) | 14 | Mortgagor's loan modification agreement constituted a mere modification of mortgagor's existing debt and not a "refinancing" by a different creditor, such that it did not give rise to disclosure requirements or rescission rights under Truth in Lending Act (TILA). Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b). | Thus, as its terms suggest, the Loan Modification Agreement is a mere modification of mortgagor's existing debt and not a "refinancing" by a different creditor. It therefore does not give rise to disclosure requirements or rescission rights under TILA. | Will a mortgagor's loan modification agreement constitute a mere modification of mortgagor's existing debt or a refinancing by a different creditor? |
| 10702 | Henderson v. Johnson, 97 So. 3d 946, 950–51 (Fla. Dist. Ct. App. 2012) | 6 | Whether a complaint is sufficient to state a cause of action and survive a motion to dismiss is an issue of law. | "Whether a complaint is sufficient to state a cause of action is an issue of law. | "Is whether a complaint is sufficient to state a cause of action an issue of law, on motion to dismiss?" |
| 10704 | Raven v. Panama Canal Co., 583 F.2d 169, 171 (5th Cir. 1978) | 5 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | The United States Supreme Court has recognized that Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the Equal Protection clause. | Is it invidious when aliens are treated differently from citizens? |
| 10712 | Rolle v. Cold Stone Creamery, Inc., 212 So. 3d 1073, 1076 (Fla. Dist. Ct. App. 2017) | 3 | Unlike a motion for summary judgment, when ruling on a motion to dismiss, a court may not go beyond the four corners of the complaint in considering the legal sufficiency of the allegations. | Unlike a motion for summary judgment, when ruling on a motion to dismiss, " '[a] court may not go beyond the four corners of the complaint in considering the legal sufficiency of the allegations.' " | Does a motion to dismiss test the legal sufficiency of the complaint and not determine a factual issue? |
| 10713 | Pennsylvania Life Ins. Co. v. Simoni, 641 N.W.2d 807, 810 (Iowa 2002) | 4 | Where the facts pertinent to the determinative issue in a motion to dismiss are disputed, the case usually cannot be resolved on such a motion. | Where the facts pertinent to the determinative issue in a motion to dismiss are disputed, the case usually cannot be resolved on such a motion. | "Where the facts pertinent to the determinative issue in a motion to dismiss are disputed, can the case usually be resolved on such a motion?" |
| 10714 | Total Access v. Caddo Electric, 9 P.3d 95, 96 (Okla. Civ. App. 2000) | 2 | Purpose of a motion to dismiss is to test the legal sufficiency of the pleadings, not to evaluate the underlying facts. | "The purpose of a motion to dismiss is to test the legal sufficiency of the pleadings, not to evaluate the underlying facts. | "Is the purpose of a motion to dismiss to test the legal sufficiency of the pleadings, not to evaluate the underlying facts?" |
| 10716 | Chicago City Day School v. Wade, 297 Ill. App. 3d 465, 469 (Ill. App. Ct. 1998) | 2 | Motion to dismiss does not raise affirmative factual defenses, but alleges only defects on face of complaint. S.H.A. 735 ILCS 5/2-615. | Such a motion does not raise affirmative factual defenses but alleges only defects on the face of the complaint. | Will a motion to dismiss raise affirmative factual defenses and allege defects on face of complaint? |

| | | | | | |
|---|---|---|---|---|---|
| 10717 | Stein v. Chiera, 130 A.D.3d 912, 914, 14 N.Y.S.3d 133, 136 (2015) | 1 | On a motion to dismiss a complaint for failure to state a cause of action, the complaint is to be afforded a liberal construction; the facts alleged in it are presumed to be true and are to be accorded every favorable inference. | On a motion to dismiss a complaint for failure to state a cause of action, the complaint is to be afforded a liberal construction. The facts alleged in it are presumed to be true and are to be accorded every favorable inference. | "On a motion to dismiss a complaint for failure to state a cause of action, is the complaint to be afforded a liberal construction?" |
| 10719 | Hidden Brook Air, Inc. v. Thabet Aviation International, 241 F. Supp. 2d 246, 260 (S.D.N.Y. 2002) | 4 | "Actual authority" exists when an agent has the power to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him. Restatement (Second) of Agency S 7 comment. | Actual authority exists when an agent has the power "to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do because of the principal's manifestation to him." | Does authority exist when an agent has the power to do an act on account of the principal? |
| 10723 | Richmond Cedar Works v. West, 152 Va. 533, 543 (Va. 1929) | 19 | Privies, or those who derive title from or through the parties, ordinarily stand in the same position as the parties, and are bound by every estoppel that would have been binding on the parties. | Privies, or those who derive title from or through the parties, ordinarily stand in the same position as the parties, and are bound by every estoppel that would have been binding on the parties.' | Are those who derive title from or through the parties bound by every estoppel that would have been binding on the parties? |
| 10726 | Kilburg v. Munawar Mohiuddin, Zante Cab Co., 2013 IL App (1st) 113408, ¶ 20, (2013) | 4 | The court must construe the complaint liberally and dismiss only when it appears that plaintiff cannot recover under any set of facts. S.H.A. 735 ILCS 5/2-615. | We must construe the complaint liberally and dismiss only when it appears that plaintiff cannot recover under any set of facts. | Should the court construe the complaint liberally and dismiss only when it appears that a plaintiff cannot recover under any set of facts? |
| 10727 | Coughlin v. Waterbury, 61 Conn. App. 310, 315 (Conn. App. Ct. 2001) | 7 | A motion to dismiss may raise issues of fact and would, therefore, require a hearing to determine the facts, and affidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists. | A motion to dismiss may ... raise issues of fact and would, therefore, require a ... hearing [to determine the facts].... [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists. | Can a motion to dismiss raise issues of fact and would require a hearing to determine the facts? |
| 10731 | Doe No. 3 v. Nur-Ul-Islam Acad., Inc., 217 So. 3d 85, 87 (Fla. Dist. Ct. App. 2017) | 3 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss; otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Fla. R. Civ. P. 1.110(d). | "If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss. Otherwise an affirmative defense may not be considered on motion to dismiss a complaint." | Should defenses be considered only if the allegations of the complaint demonstrate the existence of an affirmative defense? |
| 10733 | Papa John's International, Inc. v. Cosentino, 916 So. 2d 977, 983 (Fla. Dist. Ct. App. 2005) | 3 | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such a defense may be considered on a motion to dismiss, otherwise, affirmative defenses may not be considered. West's F.S.A. RCP Rule 1.110(d). | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense, then such a defense may be considered on a motion to dismiss. See Fla. R. Civ. P. 1.110(d); Palmer v. | Can affirmative defense be considered if the allegations demonstrate the existence of affirmative defense on the face of the complaint? |

| 10734 | Bolz v. State Farm Mutual Automobile Insurance Co., 679 So. 2d 836, 837 (Fla. Dist. Ct. App. 1996) | 1 | Motion to dismiss is designed to test legal sufficiency of complaint, not to determine issues of fact. | A motion to dismiss is designed to test the legal sufficiency of a complaint, not to determine issues of fact. | "Is a motion to dismiss designed to test legal sufficiency of a complaint, not to determine issues of fact?" |
|---|---|---|---|---|---|
| 10735 | Cameron Sav. v. Stewart Title, 819 S.W.2d 600, 603 (Tex. App. 1991) | 2 | "Actual authority" includes both express and implied authority and usually denotes that authority which principal intentionally confers upon agent, intentionally allowed agent to believe that he possesses or, by want of due care, allows agent to believe that he possesses. | "Actual" authority includes both express and implied authority and usually denotes that authority which a principal a) intentionally confers upon an agent, b) intentionally allows the agent to believe that he possesses, or c) by want of due care allows the agent to believe that he possesses. | What is an actual authority in the context of a principal-agent relationship? |
| 10736 | Landmark Inv. Group v. Chung Family Realty, 125 Conn. App. 678, 692 (Conn. App. Ct. 2010) | 14 | Agents who lack authority to bind their principals to contracts nevertheless may have authority to negotiate or to transmit or receive information on their behalf. Restatement (Third) of Agency S 1.01 comment. | "Agents who lack authority to bind their principals to contracts nevertheless often have authority to negotiate or to transmit or receive information on their behalf." | "Do agents lacking authority to bind their principals to contract, have authority to negotiate on behalf of the principal?" |
| 10737 | Bank of Nova Scotia v. San Miguel, 214 F.2d 102, 105 (1st Cir. 1954) | 2 | Under the conflict of laws rule of Puerto Rico, the questions as to the execution, the interpretation and the validity of a negotiable instrument are to be determined by the law of the place where it is made. | Under the conflict of laws rule of Puerto Rico the questions as to the execution, the interpretation and the validity of a negotiable instrument are to be determined by the law of the place where it is made. | Under what law is the interpretation and validity of a negotiable instrument determined? |
| 10744 | Weil & Assocs. v. Urb. Renewal Agency of Wichita, 206 Kan. 405, 413, 479 P.2d 875, 883 (1971) | 1 | Legal sufficiency of claim for relief must be decided from well-pleaded facts of petition; when motion to dismiss raises issue concerning legal sufficiency, it may be treated as modern equivalent of demurrer. K.S.A. 60-208(a), 60-212(b) (6). | 'When a motion to dismiss under K.S.A. 60-212(b)(6) * * * raises an issue concerning the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's petition. The motion in such case may be treated as the modern equivalent of a demurrer.' | Is the legal sufficiency of claim determined from well-pled facts in a petition? |
| 10745 | Hoffman v. Paracelsus Health Care Corp., 752 So. 2d 1030, 1034 (Miss. 1999) | 1 | The power to dismiss an action for want of prosecution is part of a trial court's inherent authority. | "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." | Is the power to dismiss an action for want of prosecution part of a trial court's inherent authority? |
| 10746 | Hoff v. Goyer, 160 So. 3d 768, 770 (Ala. Civ. App. 2014) | 1 | When materials outside the pleadings accompany a motion to dismiss, the trial court is not bound to limit itself to the pleadings. | " 'When materials outside the pleadings accompany a motion to dismiss, the trial court is "not bound to limit itself to the pleadings." | "When materials outside the pleadings accompany a motion to dismiss, the trial court not bound to limit itself to the pleadings?" |
| 10747 | Doe 30's Mother v. Bradley, 58 A.3d 42 | 8 | Generally, the universe of facts considered in a motion to dismiss are those plead within the confines of the complaint; however, parties may submit matters outside the pleading when presenting or opposing a motion to dismiss. Superior Court Civil Rule 12(b). | Generally, the "universe of facts" considered in a motion to dismiss are those plead within the confines of the complaint.[56] Rule 12(b) contemplates, however, that parties may submit "matters outside the pleading" when presenting or opposing a motion to dismiss. | "Generally, is the universe of facts considered in a motion to dismiss those pleaded within the confines of the complaint?" |

| 10749 | Bishop v. Wollyung, 705 S.W.2d 312, 315 (Tex. App. 1986) | 4 | Trial court is entitled to consider history of suit in determining whether a dismissal should be granted for want of prosecution. | The court is entitled to consider the history of the suit in determining whether a dismissal should be granted. | Is the court entitled to consider history of suit in determining whether a dismissal should be granted for want of prosecution? |
| 10769 | Gerlich v. Leath, 861 F.3d 697, 705 (8th Cir. 2017) | 10 | If a state university creates a limited public forum for speech, it may not discriminate against speech on the basis of its viewpoint. U.S. Const. Amend. 1. | If a state university creates a limited public forum for speech, it may not *705 "discriminate against speech on the basis of its viewpoint." | "f a state university creates a limited public forum for speech, can it discriminate against speech on the basis of its viewpoint?" |
| 10774 | New Bedford Educators Ass'n v. Chairman of the Mass. Bd. of Elementary, 83 N.E.3d 166, 174 (Mass. App. Ct. 2017) | 1 | Standing is an issue of subject matter jurisdiction that is properly challenged by way of a motion to dismiss. Mass. R. Civ. P. 12(b)(1). | "Standing is an issue of subject matter jurisdiction that is properly challenged by way of a motion to dismiss under rule 12(b)(1)." Indeck Maine Energy, LLC v. | Is standing an issue of subject matter jurisdiction that is properly challenged by way of motion to dismiss? |
| 10778 | State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J. Super. 469, 479, 904 A.2d 775, 781 (App. Div. 2006) | 4 | A motion to dismiss a complaint for failure to state a cause of action should be granted only in rare instances, ordinarily without prejudice. | A motion to dismiss a complaint for failure to state a cause of action must be denied if the claim has been made out. Printing Mart–Morristown, supra, 116 N.J. at 746, 563 A.2d 31. The motion should be granted only in rare instances, ordinarily without prejudice. Id. at 772, 563 A.2d 31; Fazilat v. Feldstein, 180 N.J. 74, 78, 848 A.2d 761 (2004). | "Should a motion to dismiss a complaint for failure to state a cause of action be granted only in rare instances, ordinarily without prejudice?" |
| 10780 | State v. Chung, 75 Haw. 398, 411 (1993) | 5 | Conduct proscribed by the offense of terroristic threatening is a threat to cause bodily injury to another person and terrorization as the result of the proscribed conduct; with respect to the latter, statute alternatively enumerates intent or reckless disregard as the requisite state of mind and, although statute is silent as to the requisite state of mind applicable to the proscribed conduct, no purpose plainly appears to apply a different state of mind. HRS S 707-715. | HRS  707-715 identifies the conduct proscribed by the offense of terroristic threatening, inter alia, as a threat to cause bodily injury to another person; the same statute identifies terrorization as the result of the conduct proscribed. With respect to the latter, the statute alternatively enumerates "intent" or "reckless disregard" (i.e., "recklessness") as the requisite states of mind. Although the statute is silent as to the requisite state of mind applicable to the proscribed conduct, no purpose to apply different states of mind plainly appears. | What is the conduct proscribed by the offense of terroristic threatening? |
| 10784 | Hug v. James, 2008 OK CIV APP 93, ¶ 12, 197 P.3d 22, 25 | 6 | Dismissals under statute permitting dismissals without prejudice for failure to prosecute cannot and do not address the merits of an action, particularly with the legislative directive that such dismissals are to be without prejudice. 12 Okl.St.Ann. § 683. | It is clear to us that dismissals pursuant to § 683 cannot and do not address the merits of an action, particularly with the legislative directive that such dismissals are to be without prejudice. | Can dismissals under statute permitting dismissals without prejudice for failure to prosecute not address the merits of an action? |

| | | | | | |
|---|---|---|---|---|---|
| 10786 | Whitaker v. Wright, 100 Fla. 282, 288, 129 So. 889, 891 (1930) | 6 | Parties after nonsuit or dismissal are out of court for all purposes other than to carry order into effect or to vacate or modify same. | In 9 R. C. L. 209, § 29, it is stated that after a plaintiff has suffered a nonsuit the parties are out of court for every purpose other than to carry the order into effect, or 'to vacate or modify the same.' | Are parties after nonsuit or dismissal out of court for all purposes other than to carry an order into effect or to vacate or modify the same? |
| 10790 | Van Arsdale v. Caswell, 311 S.W.2d 404, 406 (Ky. 1958) | 3 | An order of dismissal is final ten days after it is entered and the court loses jurisdiction of the cause. | An order of dismissal is final and after the term at which it is entered [now after ten days], the court loses jurisdiction of the cause. | Is an order of dismissal final ten days after it is entered and the court loses jurisdiction of the cause? |
| 10792 | Hollister v. Thomas, 110 Conn. App. 692, 706 (Conn. App. Ct. 2008) | 15 | The labels used by the parties in referring to their relationship are not determinative of an agent/principal relationship; rather, a court must look to the operative terms of their agreement or understanding. | Finally, the labels used by the parties in referring to their relationship are not determinative; rather, a court must look to the operative terms of their agreement or understanding. | Are the labels used by the parties in referring to their agency relationship determinative? |
| 10793 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 15 | A person may be the servant of two masters, not joint employers, at one time as to one act, if the service does not involve abandonment of the service to the other. Restatement (Second) of Agency, S 226, comment b. | "A person may be the servant of two masters, not joint employers, at one time as to one act, if the service does not involve abandonment of the service to the other." Id. (quoting Restatement (Second) of Agency,  226 cmt. b.). | Can a person be the servant of two masters if the service does not involve abandonment of the service to the other? |
| 10794 | Bd. of Overseers of Bar v. Lee, 422 A.2d 998, 1004 (Me. 1980) | 15 | "Tax" is a charge either to raise money for public purposes or to accomplish some governmental end; exactions, which are not imposed for main purpose of revenue but are imposed in exercise of police power and as a part of a program for regulation of a particular business, occupation or profession, are "license fees" and not taxes. | A tax, as our Court observed more than a century ago, is a charge either to raise money for public purposes or to accomplish some governmental end. Brewer Brick Co. v. Brewer, 62 Me. 62, 70 (1873). When the exactions, however, are not imposed for the main purpose of revenue, but are imposed in the exercise of a police power and as part of a program for the regulation of a particular business, occupation or profession, the levies are license fees and not taxes. | Is tax a charge either to raise money for public purposes or to accomplish some governmental end? |
| 10803 | In re Strickland, No. 01-01-00972-CV, 2002 WL 58482, at *1 (Tex. App. Jan. 17, 2002) | 6 | An unverified reinstatement motion does not extend trial court's plenary power beyond 30 days from dismissal. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | An unverified reinstatement motion, however, does not extend plenary power beyond 30 days from dismissal. | Does an unverified reinstatement motion not extend a trial court's plenary power beyond 30 days from dismissal? |
| 10805 | Rohlwing v. Myakka River Real Properties,, 884 So. 2d 402, 406 (Fla. Dist. Ct. App. 2004) | 3 | Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances. | Because a dismissal with prejudice is the ultimate sanction in the civil justice system, it is reserved for the most aggravating circumstances. | "Because a dismissal with prejudice is the ultimate sanction in the civil justice system, is it reserved for the most aggravating circumstances?" |
| 10806 | Hager v. City of Devils Lake, 2009 ND 180, 773 N.W.2d 420, 427 (2009) | 7 | After a court enters an order of dismissal without prejudice, the action is ended, and there is no longer an action pending before the court. | "[a]fter a court enters an order of dismissal without prejudice, the action is ended, and there is no longer an action pending before the court." | "After a court enters an order of dismissal without prejudice, is the action ended, and is it no longer pending before the court?" |

| 10813 | St. Louis Univ. v. Hesselberg Drug Co., 35 S.W.3d 451, 454 (Mo. Ct. App. 2000) | 5 | When reviewing the trial court's dismissal of a cause of action, Court of Appeals examines the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader. | When reviewing the trial court's dismissal of a cause of action, we examine "the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing the allegations favorably to the pleader." | Will a motion to dismiss be sustained if the defense is irrefutably established by the pleadings? |
|---|---|---|---|---|---|
| 10817 | Jones v. Royal Admin. Servs., 866 F.3d 1100, 1105 (9th Cir. 2017) | 5 | Under California law, "agency" is the fiduciary relationship that arises when one person, a principal, manifests assent to another person, an agent, that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act. | "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." | Is an agency a fiduciary relationshiip? |
| 10818 | Meyers v. Matthews, 270 Wis. 453, 467 (1955) | 10 | An agency is created by contract, express or implied, and the relation arises when one is authorized to represent another in bringing, or aiding in bringing, latter into contractual relation with a third party, however, such authority may be conferred. | An agency is created by contract, express or implied. 'The relation arises when one is authorized to represent another in bringing or to aid in bringing the latter in contractual relation with a third party, however such authority may be conferred.' | Who is a soliciting agent? |
| 10820 | Washington Mut. Bank v. Chiappetta, 584 F. Supp. 2d 961, 970 (N.D. Ohio 2008) | 6 | Under Ohio law, the relationship of principal and agent exists only when one party exercises the right of control over the actions of another, and those actions are directed toward an attainment of an objective which the principal seeks; the basic test is whether the principal has the right of control over the manner and means of the work being done. | The relationship of principal and agent exists only when one party exercises the right of control over the actions of another, and those actions are directed toward an attainment of an objective which the principal seeks. Mayfield v. Boy Scouts of America (1994), 95 Ohio App.3d 655, 660, 643 N.E.2d 565, citing Hanson v. Kynast (1986), 24 Ohio St.3d 171, 173, 494 N.E.2d 1091. The basic test is whether the principal has the right of control over the manner and means of the work being done. | When does the relationship of a principal and an agent exist? |
| 10821 | Scott v. Ford Motor Credit Corp., 706 S.W.2d 453, 460 (Mo. Ct. App. 1985) | 1 | The critical element which establishes the existence of an agency relationship is the right to control the physical conduct of the agent in the performance of the service for the principal. | Ford and Scott both correctly point out the critical element which establishes the existence of an agency relationship, to wit, the right to control the physical conduct of the agent in the performance of the service for the principal. | What critical element establishes the existence of an agency relationship? |
| 10822 | Am. Env't, Inc. v. 3-J Co., 222 Ill. App. 3d 242, 249, 583 N.E.2d 649, 655 (1991) | 11 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | An attorney, broker, auctioneer, and other persons similarly employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. | Are persons employed for a single transaction agents? |

| 10823 | Am. Env't, Inc. v. 3-J Co., 222 Ill. App. 3d 242, 249, 583 N.E.2d 649, 655 (1991) | 11 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | An attorney, broker, auctioneer, and other persons similarly employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. | Are persons employed for a series of transactions considered agents? |
| 10833 | Cain v. Am. Nat. Bank & Tr. Co. of Chicago, 26 Ill. App. 3d 574, 586 (1975) | 24 | Defenses which are factual in their nature rather than legal are not available to defendants on a motion to dismiss but should be set forth in their answer. S.H.A. ch. 110, S 45. | However, defenses which are factual in their nature rather than legal are not available to defendants on a motion to dismiss, but should be set forth in their answer. | Are defenses which are factual rather than legal available to defendants on a motion to dismiss? |
| 10834 | Sierra Madre Dev. v. Via Entrada Townhouses Ass'n, 20 Ariz. App. 550, 552 (1973) | 2 | Affirmative defenses, such as privilege, may be raised and determined on a motion to dismiss, where facts constituting the defense appear on face of complaint or counterclaim. | Affirmative defenses, such as privilege, may be raised and determined on a motion to dismiss where the facts constituting the defense appear, as they do here, on the face of the complaint or counterclaim. | When are affirmative defenses raised and determined on a motion to dismiss? |
| 10835 | Sierra Madre Dev. v. Via Entrada Townhouses Ass'n, 20 Ariz. App. 550, 552 (1973) | 2 | Affirmative defenses, such as privilege, may be raised and determined on a motion to dismiss, where facts constituting the defense appear on face of complaint or counterclaim. | Affirmative defenses, such as privilege, may be raised and determined on a motion to dismiss where the facts constituting the defense appear, as they do here, on the face of the complaint or counterclaim. | When can an affirmative defense be raised and determined on a motion to dismiss? |
| 10836 | Dorin v. Occidental Life Ins. Co. of Cal., 132 Ill. App. 2d 387, 390 (1971) | 1 | Defenses which are in their nature factual rather than legal do not constitute grounds for a motion to dismiss, but must be set forth in an answer to plaintiff's pleading. | Defenses which are in their nature factual rather than legal do not constitute grounds for a motion to dismiss, but must be set forth in an answer to the plaintiff's pleading. | What defenses do not constitute grounds for a motion to dismiss? |
| 10837 | Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 733 (Tex. App. 1985) | 3 | Application for reinstatement is addressed to trial court's discretion, and trial court's ruling will not be disturbed absent abuse of discretion. | An application for reinstatement is addressed to the trial court's discretion, and the trial court's ruling will not be disturbed absent abuse of discretion. | "Is an application for reinstatement addressed to a trial court's discretion, and trial court's ruling will not be disturbed absent abuse of discretion?" |
| 10840 | Young v. Jones, 140 Ga. App. 66, 67, 230 S.E.2d 32, 33 (1976) | 4 | A counterclaim is not subject to dismissal simply because main action has been dismissed; where counterclaim can be adjudicated without regard to main claim, it should be judicially considered even though main claim has been dismissed. Code, S 81A-113(i). | Thus, a counterclaim is not subject to dismissal simply because the main action has been dismissed. Weems v. Weems, 225 Ga. 19, 21, 165 S.E.2d 733. And where a counterclaim can be adjudicated without regard to the main claim, it should be judicially considered even though the main claim has been dismissed. | Is a counterclaim not subject to dismissal simply because a main action has been dismissed? |
| 10841 | Armstrong v. Armstrong, 117 R.I. 83, 86 (1976) | 4 | Judgment dismissing action because of lack of subject matter jurisdiction is not considered judgment upon the merits. | That a judgment dismissing an action because of lack of subject matter jurisdiction is not considered a judgment upon the merits, American Guar. | Is judgment dismissing an action because of lack of subject matter jurisdiction not considered judgment upon the merits? |

| 10842 | Se. Integrated Med., P.L. v. N. Florida Women's Physicians, P.A., 50 So. 3d 21, 24 (Fla. Dist. Ct. App. 2010) | 6 | An affirmative defense that appears on the face of the complaint may be considered by the trial court in a motion to dismiss. | And while an affirmative defense that appears on the face of the complaint may be considered by the trial court in a motion to dismiss, see Abele, 750 So.2d at 75; | Can an affirmative defense that appears on the face of the complaint be considered by court in a motion to dismiss? |
| --- | --- | --- | --- | --- | --- |
| 10843 | Solak v. Sarowitz,153 A.3d 729, 746 (Del. Ch. 2016) | 18 | Because the Court generally is limited to the facts appearing on the face of the pleadings in ruling on a motion to dismiss, affirmative defenses, such as laches, are not ordinarily well-suited for disposition on such a motion. | Because the Court generally is limited to the facts appearing on the face of the pleadings in ruling on a motion to dismiss, affirmative defenses, such as laches, are not ordinarily well- suited for disposition on such a motion. | Why are affirmative defenses not well suited for treatment when deciding a motion to dismiss? |
| 10848 | Globe Life & Acc. Ins. Co. v. Oklahoma Tax Comm'n, 913 P.2d 1322, 1325 (1996) | 4 | Sales tax code provides for sales tax on tangible and intangible personal property and certain services identified in statute. 68 Okl.St.Ann. S 1350 et seq. | The Sales Tax Code 15 provides for a sales tax on tangible and intangible personal property and certain services identified in the statute. | Does the sales tax code provide for sales tax on tangible and intangible personal property? |
| 10853 | Talley Indus. Inc. v. C.I.R., 116 F.3d 382, 388 (9th Cir. 1997) | 8 | Under double jeopardy clause, civil penalties generally are considered to do no more make government whole, and civil penalty may constitute "second punishment" if penalty bears no rational relation to goal of compensating the government for its loss. U.S.C.A. Const.Amend. 5. | Under the Double Jeopardy Clause, civil penalties generally are considered "to do no more than make the Government whole...." United States v. Halper, 490 U.S. 435, 449, 109 S.Ct. 1892, 1902,104 L.Ed.2d 487 (1989); see also Hess, 317 U.S. at 551-52, 63 S.Ct. at 388 (double damages were "chosen to make sure that the government would be made completely whole"). A civil penalty may constitute a "second punishment" if the penalty "bears no rational relation to the goal of compensating the Government for its loss...." | "Under double jeopardy clause, are civil penalties generally considered to do no more than make government whole?" |
| 10858 | Fellhauer v. Alhorn, 361 Ill. App. 3d 792, 796 (2005) | 1 | So-called "self-insurance" is not insurance at all, but rather is the antithesis of insurance; the essence of an insurance contract is the shifting of the risk of loss from the insured to the insurer, while the essence of self-insurance, a term of colloquial currency rather than of precise legal meaning, is the retention of the risk of loss by the one upon whom it is directly imposed by law or contract. | As one New Jersey appellate court found: "[S]o-called self-insurance is not insurance at all. It is the antithesis of insurance. The essence of an insurance contract is the shifting of the risk of loss from the insured to the insurer. The essence of self-insurance, a term of colloquial currency rather than of precise legal meaning, is the retention of the risk of loss by the one upon whom it is directly imposed by law or contract." | What is the essence of self-insurance? |
| 10859 | Brown Leasing v. Stone, 284 Ill. App. 3d 1035, 1045 (1996) | 8 | If plaintiff can state cause of action by amending its complaint, dismissal with prejudice on the pleadings should not be granted. | If a plaintiff can state a cause of action by amending its complaint, a dismissal with prejudice on the pleadings should not be granted. | "Should dismissal with prejudice on the pleadings be granted, if a plaintiff can state a cause of action by amending its complaint?" |

| 10860 | Phillips v. Bradshaw, 859 S.W.2d 232, 234 (Mo. Ct. App. 1993) | 5 | Failure to state cause of action is jurisdictional, and may be raised at any time during proceedings, even for first time on appeal from default judgment. | Inasmuch as failure to state a cause of action is jurisdictional, the issue may properly be raised anytime during the proceedings, even for the first time on appeal from a default judgment. | Can failure to state a cause of action be raised at any time during the proceedings? |
|---|---|---|---|---|---|
| 10868 | Mehlman v. Gold, 183 A.D.2d 634, 584 N.Y.S.2d 9, 10 (1992) | 1 | Leave to replead should not be granted unless party has good grounds to support the cause of action. McKinney's CPLR 3211(e). | Leave to replead should not be granted unless a party has good ground to support the cause of action. | Should leave to replead not be granted unless a party has good grounds to support the cause of action? |
| 10875 | United States v. Bergquam, 911 F. Supp. 453, 454 (D. Or. 1995) | 1 | Jeopardy does not attach where potential claimant fails to assert claim in administrative forfeiture proceedings. U.S.C.A. Const.Amend. 5. | Under recent Ninth Circuit decisions, jeopardy does not attach where a potential claimant fails to assert a claim in administrative forfeiture proceedings. | Does jeopardy not attach where a potential claimant fails to assert a claim in administrative forfeiture proceedings? |
| 10878 | Est. of Dormaier ex rel. Dormaier v. Columbia Basin Anesthesia, P.L.L.C., 177 Wash. App. 828, 854, 313 P.3d 431, 443 (2013) | 12 | A complaint is insufficient if it does not give the defendant fair notice of what the claim is and the ground upon which it rests. CR 8. | A complaint is insufficient if it does not give the defendant " fair notice of what the claim is and the ground upon which it rests." | "Is a complaint insufficient, if it does not give the defendant a fair notice of what the claim is and the ground upon which it rests?" |
| 10879 | Smalls v. Wells Fargo Bank, N.A., 180 So. 3d 910, 918 (Ala. Civ. App. 2015) | 11 | When standing is at issue, the court asks whether the plaintiffs are the proper parties to bring the action. | " ' " '[W]hen standing is at issue, the court asks whether the plaintiffs are the proper parties to bring the action.' " ' " | "When standing is at issue, does the court ask whether the plaintiffs are the proper parties to bring the action?" |
| 10891 | Jarrell v. Nicholson, 20 Vet. App. 326, 332 (2006) | 2 | Once the Board of Veterans Appeals (BVA) has jurisdiction over a claim, it has the authority to address all issues related to that claim, even those not previously decided by the regional officer (RO). 38 U.S.C.A. SS 7104(a), 7105(a). | Once the Board has jurisdiction over a claim, however, it has the authority to address all issues related to that claim, even those not previously decided by the RO. | Does the Board of Veterans Appeals (BVA) have authority to address all issues related to a claim once it has jurisdiction? |
| 10905 | Harrison v. State, 772 S.W.2d 556, 558 (Tex. App. 1989) | 2 | Defendant's consent to mistrial need not be expressed, but may be implied from totality of circumstances attendant to declaration of mistrial. U.S.C.A. Const.Amend. 5. | Harrison's consent need not be expressed, but may be implied from the totality of the circumstances attendant to the declaration of the mistrial. | "Should a defendant's consent to mistrial not be expressed, but may be implied from the totality of circumstances attendant to the declaration of a mistrial?" |
| 10912 | CD Partners v. Grizzle, 424 F.3d 795, 798 (8th Cir. 2005) | 4 | A nonsignatory can enforce an arbitration clause against a signatory to the agreement when the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided. | A nonsignatory can enforce an arbitration clause against a signatory to the agreement in several circumstances. One is when "the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided." | When can a non-signatory enforce an arbitration clause against a signatory? |

| | | | | | |
|---|---|---|---|---|---|
| 10913 | Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416–17 (4th Cir. 2000) | 9 | In an appropriate case, a nonsignatory can enforce, or be bound by, an arbitration provision within a contract executed by other parties. | Well-established common law principles dictate that in an appropriate case a nonsignatory can enforce, or be *417 bound by, an arbitration provision within a contract executed by other parties. | "Can a nonsignatory enforce, or be bound by, an arbitration provision within a contract executed by other parties?" |
| 10919 | Dreyling v. Comm'r of Revenue, 711 N.W.2d 491, 494 (Minn. 2006) | 5 | One may live in another state for a period of time without affecting one's Minnesota domicile. Minnesota Rules, part 8001.0300, subp. 2. | As a result, one may live in another state for a period of time without affecting one's Minnesota domicile. | Can one live in another state for a period of time without affecting one's domicile? |
| 10927 | Ex parte Arenivas, 6 S.W.3d 631, 633 (Tex. App. 1999) | 2 | Double jeopardy clause protects against more than the actual imposition of two punishments for the same offense; by its terms, it protects a criminal defendant from being twice put in jeopardy for such punishment. | Although Appellee has not been punished a second time, the Double Jeopardy Clause protects against more than the actual imposition of two punishments for the same offense; by its terms, it protects a criminal defendant from being twice put in jeopardy for such punishment. | Can a criminal defendant be put in jeopardy twice for the same offense? |
| 10928 | Mississippi Dept. of Human Services v. Guidry, 830 So. 2d 628, 631 (Miss. 2002) | 4 | Power to dismiss action for want of prosecution is part of trial court's inherent authority. | "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." | Is the power to dismiss action for want of prosecution a part of trial court's inherent authority? |
| 10929 | Veteto v. Swanson Servs. Corp., 886 So. 2d 756, 768 (Ala. 2003) | 7 | A dismissal for want of prosecution is a matter within the discretion of the trial court, and its judgment will be reversed on appeal only if there is an abuse of that discretion. | A dismissal for want of prosecution " 'is a matter within the discretion of the trial court, and its judgment will be reversed on appeal only if there is an abuse of that discretion.' " | Does a dismissal for want of prosecution a matter within the discretion of the trial court? |
| 10930 | Hillsborough Cty. v. Kortum, 585 So. 2d 1029, 1032 (Fla. Dist. Ct. App. 1991) | 7 | When road right-of-way easement encumbers property, owners of realty still are responsible for property taxes. | When a road right-of-way easement encumbers the property, the owners of the realty still are responsible for the property taxes. | "When a road right-of-way easement encumbers property, are owners of realty still responsible for property taxes?" |
| 10939 | People v. Sienkiewicz, 208 Ill. 2d 1, 4 (2003) | 1 | The prohibition against double jeopardy protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | The prohibition against double jeopardy " 'protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.' " | Does the double jeopardy clause protect the defendant from a second prosecution after a conviction? |
| 10944 | State v. Thomas, 124 So. 3d 1049, 1055 (La. 9/4/13) (2013) | 7 | Double jeopardy exists in a second trial when the charge in that trial is for the same offense for which defendant was in jeopardy in the first trial and acquitted. U.S.C.A. Const.Amend. 5. | Double jeopardy exists in a second trial when the charge in that trial is for the same offense for which defendant was in jeopardy in the first trial and acquitted. | Does double jeopardy exist in the second trial when the charge in that trial is for the same offense for which defendant was in jeopardy in the first trial and acquitted? |

| | | | | | |
|---|---|---|---|---|---|
| 10955 | State v. Picchini, 463 So. 2d 714, 717 (La. Ct. App. 1985) | 4 | Constitutional safeguard against double jeopardy protects a defendant in a criminal proceeding from repeated prosecutions for the same offense, and prevents repeated convictions and punishments for the same offense. LSA-C.Cr.P. art. 591; U.S.C.A. Const.Amend. 5. | This constitutional safeguard against double jeopardy protects a defendant in a criminal proceeding from repeated prosecutions for the same offense, and it prevents repeated convictions and punishments for the same offense. C.Cr.P. Art. 591. | Is Double jeopardy constitutionally created safeguard for criminal proceedings? |
| 10961 | Lukkason v. 1993 Chevrolet Extended Cab Pickup, 590 N.W.2d 803, 807 (Minn. Ct. App. 1999) | 16 | If the legislature designates forfeiture as civil, the court presumes that forfeiture does not implicate double jeopardy concerns. U.S.C.A. Const.Amend. 5. | If the legislature designates forfeiture as civil, the court presumes that forfeiture does not implicate double jeopardy concerns. | "If the legislature designates forfeiture as civil, does the court presume that forfeiture does not implicate double jeopardy concerns?" |
| 10968 | Harrisburg v. School Dist. of Harrisburg, 675 A.2d 758, 766 (Pa. Cmmw. Ct. 1996) | 7 | If General Assembly delegates right to tax, grant of such right is to be strictly construed, and not extended by implication. | However, where the General Assembly delegates the right to tax, the grant of such right is to be strictly construed, and not extended by implication. | Is the grant of right to tax delegated by the General Assembly strictly construed or extended by implication? |
| 10969 | Joe Hatton, Inc. v. Conner, 240 So. 2d 145, 147 (Fla. 1970) | 4 | Legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. | The legislative power to tax may be exercised through subordinate governmental agencies within definite limitations fixed by law. | Should the Legislative power to tax be exercised through subordinate governmental agencies? |
| 10970 | Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chem. Bank, 57 N.Y.2d 439, 444, 442 N.E.2d 1253, 1256 (1982) | 1 | Ordinarily, drawee bank may not debit its customer's account when it pays check over forged indorsement because underlying relationship between bank and its depositor is contractual one of debtor and creditor, implicit in which is understanding that bank will pay out its customer's funds only in accordance with customer's instructions. McKinney's Uniform Commercial Code S 3-405(1)(c). | For it is basic that ordinarily a drawee bank may not debit its customer's account when it pays a check over a forged indorsement. This is because the underlying relationship between a bank and its depositor is the contractual one of debtor and creditor (Brigham v. McCabe, 20 N.Y.2d 525, 285 N.Y.S.2d 294, 232 N.E.2d 327), implicit in which is the understanding that the bank will pay out its customer's funds only in accordance with the latter's instructions (Tonelli v. Chase Manhattan Bank, N.A., 41 N.Y.2d 667, 670, 394 N.Y.S.2d 858, 363 N.E.2d 564). | Is the relationship between a bank and its depositor one of a debtor-creditor? |
| 10971 | Gilbride v. Trunnelle, 620 N.W.2d 244, 251 (Iowa 2000) | 12 | "Professional statement" is statement of fact presented to the court by an attorney in connection with a matter then before such court, verified in effect by the oath of such attorney, and designed or calculated to aid or influence the court in the determination of a given cause or issue. | Hudson's statement to the court was a professional statement. A professional statement "means a statement of fact presented to the court by an attorney in connection with a matter then before such court, verified in effect by the oath of such attorney, and designed or calculated to aid or influence the court in the determination of a given cause or issue." | How is a professional statement defined? |

| 10972 | Williams v. Dan River Mills, Inc., 286 Ala. 703, 708, 246 So. 2d 431, 435 (1971) | 6 | Where it appears from face of affidavit that affiant had no personal knowledge of matters to which he deposed and that he must have secured his information concerning those matters from others, then affidavit is based on hearsay and should not be admitted. | Where it appears from the face of an affidavit that the affiant had no personal knowledge of the matters to which he deposed and that he must have secured his information concerning those matters from others, then the affidavit is based on hearsay and should not be admitted. | Can the contents of an affidavit become inadmissible hearsay in the absence of allegation of personal knowledge? |
|---|---|---|---|---|---|
| 10973 | Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996) | 3 | Federal Arbitration Act (FAA) not only reversed judicial hostility to enforcement of arbitration contracts, but also created rule of contract construction favoring arbitration. 9 U.S.C.A. S 1 et seq. | The FAA not only reversed the judicial hostility to the enforcement of arbitration contracts, but also created a rule of contract construction favoring arbitration. | Did the Federal Arbitration Act (FAA) reverse judicial hostility to arbitration agreements? |
| 10976 | Rodriguez v. United States, 169 F.3d 1342, 1351 (11th Cir. 1999) | 8 | Where Congress makes a judgment that immigration is creating, or adding to, financial burdens, it lies within Congress's plenary sovereign power over immigration to take action to alleviate such burdens. | Where Congress makes a judgment that immigration is creating, or adding to, financial burdens, it lies within Congress' plenary sovereign power over immigration to take action to alleviate such burdens. | Does Congress have plenary power over immigration? |
| 10983 | Davidson Cnty. Broad. Co. v. Iredell Cnty., 248 N.C. App. 305, 310 (N.C. Ct. App. 2016) | 7 | Zoning ordinances and special use permits act as limitations to forbid arbitrary and unduly discriminatory interference with property rights in the exercise of a municipality's delegated authority. West's N.C.G.S.A. S 153A-340(a, c). | Zoning ordinances and special use permits also act as limitations to "forbid arbitrary and unduly discriminatory interference with property rights in the exercise of [a municipality's delegated authority]. | Why are limitations imposed on the zoning power by the enabling statute? |
| 10987 | State v. Ole Olsen, Ltd., 38 A.D.2d 967, 968, 331 N.Y.S.2d 761, 763 (1972) | 4 | Court may, in equity action, mold relief to be granted to exigencies of case as they exist at close of trial, with reference to facts, law and equities then existing. | Moreover, in an equity action, the court may hold relief to be granted to the exigencies of the case as they exist at the close of the trial, with reference to the facts, the law and the equities then existing (Matter of Galewitz, 3 A.D.2d 280, 295, 160 N.Y.S.2d 564, 580, affd. 5 N.Y.2d 721, 177 N.Y.S.2d 708, 152 N.E.2d 666; Lightfoot v. Davis, 198 N.Y. 261, 273, 91 N.E. 582, 586). | Will equity administer such relief as exigencies of a case demand at the close of trial? |
| 10993 | State ex Rel. Seattle v. Dept. P.U, 33 Wash. 2d 896, 902 (1949) | 2 | A "tax" is an enforced contribution of money assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities and it is not a debt or contract in the ordinary sense but it is an exaction in the strictest sense of the word. | We repeat, a tax is an enforced contribution of money, assessed or charged by authority of soverign government for the benefit of the state or the legal taxing authorities. It is not a debt or contract in the ordinary sense, but it is an exaction in the strictest sense of the word. | Is tax a debt? |

| | | | | | |
|---|---|---|---|---|---|
| 10994 | Boydston v. Kansas Board of Regents, 242 Kan. 94, 101 (Kan. 1987) | 7 | Primary purposes of pretrial conference are to reduce, if not eliminate, surprise from trial and to determine exactly what issues are to be tried and what procedures are to be followed. | The primary purposes of a pretrial conference **812 are to reduce, if not eliminate, surprise from the trial and to determine exactly what issues are to be tried and what procedures are to be followed. | How will the pretrial conference procedure help to eliminate the element of surprise at trials? |
| 10995 | Town of Amherst v. Brewster Mews Hous. Co., 133 A.D.3d 1317, 1319, 20 N.Y.S.3d 283, 285 (2015) | 6 | Taxes do not rest upon contract, express or implied; they are obligations imposed upon citizens to pay the expenses of government. | "Taxes do not rest upon contract, express or implied. They are obligations imposed upon citizens to pay the expenses of government. | Are taxes obligations imposed upon citizens to pay the expenses of government? |
| 10999 | Ex Parte Covell, 63 Okla. Crim. 256, 266 (Okla. Crim. App. 1937) | 5 | A person who holds himself out as an officer under color of authority, and who solicits and accepts a bribe, cannot defend on ground that, as a matter of law, he had no right to act as such officer. 21 Okl.St.Ann. S 381. | "A person who holds himself out as an officer under color of authority, and who solicits and accepts a bribe, has no right to defend and be discharged on the ground that, as a matter of law, he had no right to act as such officer." | Can a person holding himself out as an officer defeat a charge of bribery on the ground that he had no legal right to act in the capacity he assumed? |
| 11008 | Wiele v. Bd. of Assessment Appeals of City of Bridgeport, 119 Conn. App. 544, 549, 988 A.2d 889, 893 (2010) | 5 | Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed. | Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed.... | Does estoppel have its roots in equity? |
| 11017 | In re Shurtz's Will, 242 Iowa 448, 454 (Iowa 1951) | 8 | A "tax" is a charge to pay the cost of government without regard to special benefits conferred. | A tax is a charge to pay the cost of government without regard to special benefits conferred. | Is tax a charge to pay the cost of government without regard to special benefits conferred? |
| 11019 | Cockrell v. Taylor, 347 Mo. 1, 11 (Mo. 1940) | 10 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | While an endorsement must be made by written signature on the back of the instrument itself, an assignment of a note or mortgage may be by separate instrument or even by parol. | Can an assignment of a note be made by separate instrument or parol? |
| 11021 | Kingsley Capital Management, LLC v. Sly, 820 F. Supp. 2d 1011, 1018 (D. Ariz. 2011) | 6 | Those who have not signed a contract containing an arbitration clause may sometimes benefit from it through doctrines such as assumption, agency, veil-piercing/alter ego, and estoppel. | Nonetheless, those who have not signed a contract containing an arbitration clause may sometimes benefit from it through doctrines such as assumption, agency, veil-piercing/alter ego, and estoppel. | Is it possible for parties who have not signed a contract containing an arbitration clause to benefit from it? |
| 11022 | Shen v. Japan Airlines, 918 F. Supp. 686, 691 (S.D.N.Y. 1994) | 5 | Party may assert act of state doctrine where its conduct has been compelled by foreign government. | A party may assert the act of state doctrine where its conduct has been compelled by a foreign government. | May a party assert the act of state doctrine where its conduct has been compelled by a foreign government? |
| 11028 | Kouba v. East Joliet Bank, 135 Ill. App. 3d 264, 267 (Ill. App. Ct. 1985) | 7 | Attorney, broker, auctioneer and similar persons employed for single transaction or series of transactions are "agents," although as to their physical activities they are "independent contractors." | An attorney, broker, auctioneer and similar persons employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. | Is a broker employed for a single transaction an agent? |

| | | | | | |
|---|---|---|---|---|---|
| 11031 | Gunter v. Murphy's Lounge, 141 Idaho 16, 25 (2005) | 14 | The trial court may deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded. | However, a waiver of subrogation provision is "viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance," and enforcement of such a provision is not precluded by New York law. | Can the trial court deny the motion in limine and wait until trial to determine if the evidence should be admitted or excluded? |
| 11035 | Dix Mutual Insurance v. LaFramboise, 149 Ill. 2d 314, 319 (Ill. 1992) | 6 | There is no general rule to determine whether right of subrogation exists since right depends upon equities of each particular case. | There is no general rule which can be laid down to determine whether a right of subrogation exists since this right depends upon the equities of each particular case. | Is there a general rule to determine whether a right of subrogation exists? |
| 11036 | McCarthy v. Azure, 22 F.3d 351, 354–55 (1st Cir. 1994) | 2 | Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit; thus, party seeking to substitute in arbitral forum or judicial forum must show, at a bare minimum, that protagonists have agreed to arbitrate some claims. | We start with bedrock: "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986), quoting United Steelworkers v. Warrior & Gulf Navig. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). Thus, a party seeking *355 to substitute an arbitral forum for a judicial forum must show, at a bare minimum, that the protagonists have agreed to arbitrate some claims. | What should a party seeking to substitute arbitral forum or judicial forum prove? |
| 11037 | Jpmorgan v. Howell, 883 N.E.2d 106, 111 (Ind. Ct. App. 2007) | 2 | The application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | "[T]he application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case." Id. | Does the application of the doctrine of equitable subrogation depend on the equities and attending facts and circumstances of each case? |
| 11039 | In re Frankum, 399 B.R. 498, 504 (E.D. Ark. 2009) | 8 | "Subrogation" simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against defendant. | "Subrogation simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant." | Does subrogation simply mean substitution of one person for another? |
| 11040 | Acuity v. McGhee, 297 S.W.3d 718, 728 (Tenn. Ct. App. 2009) | 8 | Equitable subrogation will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others. | Under Tennessee law, equitable subrogation "will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others." | "Will equitable subrogation be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others? " |

| 11047 | Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850, 859 (Ohio Ct. App. 1999) | 3 | Power to grant a motion in limine lies within the sound discretion of the trial court. | The power to grant a motion in limine lies **601 within the sound discretion of the trial court. | Does the power to grant a motion in limine lie within the sound discretion of the trial court? |
|---|---|---|---|---|---|
| 11049 | Acuity v. McGhee, 297 S.W.3d 718, 728 (Tenn. Ct. App. 2009) | 8 | Equitable subrogation will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others. | Under Tennessee law, equitable subrogation "will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others." | "Will subrogation or equitable subrogation be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others?" |
| 11051 | Kouba v. East Joliet Bank, 135 Ill. App. 3d 264, 267 (Ill. App. Ct. 1985) | 7 | Attorney, broker, auctioneer and similar persons employed for single transaction or series of transactions are "agents," although as to their physical activities they are "independent contractors." | An attorney, broker, auctioneer and similar persons employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. | Is an auctioneer employed for a single transaction an agent? |
| 11052 | Kamm's Estate v. C.I.R, 349 F.2d 953, 956 (3d Cir. 1965) | 5 | Fact that an agent represents several sellers who have given various instructions concerning disposition of their several shares and proceeds does not derogate from individual agency relation between each seller and common agent. | Of course, the fact that an agent represents several sellers, who have given various instructions concerning the disposition of their several shares in the proceeds, does not derogate from the individual agency relation between each seller and the common agent. | Can an agent represent multiple sellers or principals? |
| 11053 | State Bar of California v. Statile, 168 Cal.App.4th 650, 663 (2008) | 8 | The true nature of subrogation is that it is applied in all cases in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. | "The 'true nature of subrogation' is that ' "it is applied in all cases in which 'one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter.' " ' " | What is the true nature of subrogation? |
| 11054 | Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372, 381 (S.D.N.Y. 2014) | 6 | Act of state doctrine does not prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory. | The Act of State Doctrine... However, it is black-letter law that the doctrine "does not prevent examination of the validity of an act of a foreign state with respect to a thing located, or an interest localized, outside of its territory." | "Does the act of state doctrine prevent examination of validity of foreign state's act with respect to thing located, or interest localized, outside of its territory?" |

| 11055 | Alemayehu v. Abere, 199 F. Supp. 3d 74, 86 (D.D.C. 2016) | 12 | An accounting is a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation; such relief may be appropriate when a plaintiff is unable to determine how much, if any, money is due him from another. | An accounting is 'a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation.' " Bates v. Nw. Human Servs., Inc., 466 F.Supp.2d 69, 103 (D.D.C.2006) (quoting Union Nat'l Life Ins. Co. v. Crosby, 870 So.2d 1175, 1178 n. 2 (Miss.2004)); see also Haynes v. Navy Fed. Credit Union, 825 F.Supp.2d 285, 293 (D.D.C.2011). An accounting may be appropriate "when a plaintiff is unable 'to determine how much, if any, money is due him from another.' " | What is accounting? |
| 11058 | Fallarino v. Fallarino, 56 Misc. 3d 67, 68–69, 56 N.Y.S.3d 414, 416 (N.Y. App. Term. 2017) | 3 | Because the life tenant has the exclusive right during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy. | Because the life tenant has the exclusive right *69 to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation § 186). | What is the substance of right conferred on a life tenant? |
| 11065 | Keese v. Zerbst, 88 F.2d 795, 796 (10th Cir. 1937) | 1 | Erasing words from instrument or severing portion thereof so that its effect is changed is material alteration and constitutes "forgery" at common law. | Erasing words from an instrument or severing a portion thereof so that its effect is changed is a material alteration and constitutes forgery at common law. | Does erasing words from an instrument constitute forgery? |
| 11066 | Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716, 720 (D.C. Cir. 2008) | 6 | Arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | First, arbitration is a matter of consent; if a party submits to arbitration without objecting to the arbitrator's jurisdiction, then it may fairly be said to have consented to the arbitration, and the other party, having gone forward with the proceeding, may fairly be said to have relied upon that consent. | When can the court infer that parties have consented to the arbitration? |
| 11067 | Complaint of Valley Towing Service, 629 F. Supp. 139, 147 (E.D. Mo. 1985) | 17 | Admiralty is essentially the law of equity, and courts are privileged to exercise flexibility and award what is fair; hands of court are not tied by the rigidity of common law. | Admiralty is essentially the law of equity and courts are privileged to exercise flexibility and award what is fair. The hands of the court are not tied by the rigidity of common law. | Does an admiralty court have the privilege to exercise flexibility? |
| 11070 | Kiefer Specialty Flooring, Inc. v. Tarkett, 174 F.3d 907, 909 (7th Cir. 1999) | 1 | Whether particular issue is subject to arbitration is matter of contract interpretation, because party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. | Whether a particular issue is subject to arbitration is a matter of contract interpretation, because "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." | Is an issue subject to arbitration a matter of contract interpretation? |

| | | | | | |
|---|---|---|---|---|---|
| 11071 | World Rentals & Sales, LLC v. Volvo Const. Equip. Rents, Inc., 517 F.3d 1240, 1244 (11th Cir. 2008) | 1 | Party ordinarily is not compelled to arbitrate unless that party has entered into agreement to do so; however, signatory may bind non-signatory to arbitration agreement under theories of: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter-ego; and (5) estoppel. | Accordingly, a party ordinarily will not be "compelled to arbitrate unless that party has entered into an agreement to do so." Employers Ins. of Wausau v. Bright Metal Specialties, 251 F.3d 1316, 1322 (11th Cir.2001). We have recognized, however, that "common law principles of contract and agency law" allow a signatory (such as World Rentals) to bind a non-signatory (such as Volvo Finance) to an arbitration agreement under any of five distinct theories: "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter-ego; and (5) estoppel." | Do common law principles of contract and agency law allow a signatory to bind a non-signatory to an arbitration agreement? |
| 11072 | Parvataneni v. E*Trade Fin. Corp., 967 F. Supp. 2d 1298, 1302 (N.D. Cal. 2013). | 9 | It is impermissible for the Court to presume the parties agreed to class arbitration simply because an arbitration agreement exists; therefore, if an arbitration agreement is silent as to whether class arbitration is permitted, it should not be presumed that the parties agreed to submit to class arbitration. | It is impermissible for the Court to presume the parties agreed to class arbitration simply because an arbitration agreement exists. Id. at 685, 130 S.Ct. 1758. Therefore, if an arbitration agreement is silent as to whether class arbitration is permitted, it should not be presumed that the parties agreed to submit to class arbitration. | If there is no contract can parties be submitted to class arbitration? |
| 11073 | Oasis Int'l Waters, Inc. v. United States, 110 Fed. Cl. 87, 97 (2013) | 3 | The attorney-client privilege protects an attorney's communication to a client only when it reveals, directly or indirectly, the substance of a confidential communication by the client made for the purpose of obtaining legal advice. | The attorney- client privilege protects an attorney's communication to a client only when it reveals, "directly or indirectly, the substance of a confidential communication by the client" made for the purpose of obtaining legal advice. | What protection is afforded under an attorney-client privilege? |
| 11074 | In re Complaint of Messina, 574 F.3d 119, 127 (2d Cir. 2009) | 14 | "Seaworthiness" is a relative term depending upon its application to the type of vessel and the nature of the voyage; the general rule is that the vessel must be staunch, strong, well equipped for the intended voyage, and manned by a competent and skillful master of sound judgment and discretion. | [14] [15] [16] Second, "[s]eaworthiness is a relative term depending upon its application to the type of vessel and the nature of the voyage. The general rule is that the vessel must be staunch, strong, well equipped for the intended voyage and manned by a competent and skillful master of sound judgment and discretion." Tug Ocean Prince, 584 F.2d at 1155 (emphasis added). | Is a vessel operated by an incompetent crew considered seaworthy? |

| | | | | | |
|---|---|---|---|---|---|
| 11077 | In re Mississippi Valley Livestock, Inc., 745 F.3d 299, 303 (7th Cir. 2014) | 5 | Although bailment takes many forms, the characteristics common to every bailment under Illinois law are the intent to create a bailment, delivery of possession of the bailed items, and the acceptance of the items by the bailee. | Although bailment takes many forms, the "characteristics common to every bailment are the intent to create a bailment, delivery of possession of the bailed items, and the acceptance of the items by the bailee." | Does a creation of a bailment require intent to create a bailment? |
| 11078 | Innoviant Pharmacy, Inc. v. Morganstern, 390 F. Supp. 2d 179, 192 (N.D.N.Y. 2005) | 13 | Under Pennsylvania law, goodwill of business is interest protectable by restrictive covenant, even when that goodwill has been acquired with assistance, or through efforts, of employee whose activities are sought to be restrained. | The goodwill of a business is an interest protectable by a restrictive covenant, even when that goodwill has been acquired with the assistance, or through the efforts, of the employee whose activities are sought to be restrained. | Is goodwill protectable by a restrictive covenant? |
| 11079 | Santa Barbara v. Superior Court, 41 Cal.4th 747, 754 (Cal. 2007) | 1 | "Ordinary negligence," an unintentional tort, consists of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm. | "Ordinary negligence"-an unintentional tort- consists of a failure to exercise the degree of care in a given situation that a reasonable person under *754 similar circumstances would employ to protect others from harm. | What is Ordinary Negligence? |
| 11082 | Gen Ads v. Breitbart, 435 F. Supp. 2d 1116, 1121 (Wash. 2006) | 12 | Although community property can be held liable for an obligation incurred by one spouse for the benefit of the community, the marital community is not a separate legal entity from the spouses. | At the outset, the court notes that although community property can be held liable for an obligation incurred by one spouse for the benefit of the community, the marital community is not a separate legal entity from the spouses. | Is the marital community a separate legal entity? |
| 11085 | S. Indiana Gas & Elec. Co. v. City of Boonville, 215 Ind. 552, 560 (1939) | 5 | The power of eminent domain is an attribute of sovereignty which inures in every independent state and cannot be surrendered, and if attempted to be contracted away it may be resumed at will. | The power of eminent domain is an attribute of sovereignty and inures in every independent state. It cannot be surrendered, and, if attempted to be contracted away, it may be resumed at will. | Can the power of eminent domain be surrendered? |
| 11089 | People v. Beaver, 186 Cal.App.4th 107, 121 (2010) | 27 | The crime of embezzlement requires the existence of a relation of trust and confidence, similar to a fiduciary relationship, between the victim and the perpetrator. | The crime of embezzlement requires the existence of a 'relation of trust and confidence,' similar to a fiduciary relationship, between the victim and the perpetrator. | Does embezzlement require the existence of trust and confidence between victim and perpetrator? |
| 11090 | Horizon Health Corp. v. Tyler-Holmes Mem'l Hosp., 284 F. Supp. 2d 439, 443 (N.D. Miss. 2003) | 9 | Because arbitration is a creature of contract law, when asked to enforce an arbitration agreement against a non-signatory, courts should ask whether she is bound by that agreement under traditional principles of contract and agency law. | Because arbitration is a creature of contract law, when asked to enforce an arbitration agreement against a non-signatory, courts should ask "whether ... she is bound by that agreement under traditional principles of contract and agency law." | What is the determining factor in enforcing an arbitration agreement against a non-signatory to the contract? |

| 11091 | Rader v. Levenson, 290 Ga. App. 227, 230 (2008) | 5 | The Civil Practice Act does not require any technical forms of pleadings, and a pleading will be deemed sufficient if it provides a party with fair notice of a claim asserted against her. | The probate court entered judgment against Post on the accounting petition, and that order is not before us.  Our Civil Practice Act does not require any technical forms of pleadings, and a pleading will be deemed sufficient if it provides a party with fair notice of a claim asserted against her. | Are technical forms of pleading required? |
| 11094 | Roxfort Holding Co. v. United States, 176 F. Supp. 587, 589 (D.N.Y. 1959) | 7 | A "tenant at sufferance" is one who has a possessory interest in land by virtue of a conveyance and wrongfully remains in possession after termination of his estate without claiming a superior title. | A tenant at sufferance is one who had a possessory interest in land by virtue of a conveyance and wrongfully remains in possession after the termination of his estate without claiming a superior title. | What is a tenant at sufferance? |
| 11098 | Tennant v. Chase Home Fin., Llc., 187 So. 3d 1172, 1181 (Ala. Civ. App. 2015) | 12 | In order to be actionable, the entry on the land of another must not be authorized; that is, if a party enters property under a legal right, entry pursuant to that right cannot constitute a "trespass." | In order to be actionable, the entry on the land of another must not be authorized; that is, "[i]f a party enters property ... under a legal right, entry ... pursuant to that right cannot constitute a trespass." | Is trespass to property a wrong against the right of both possession and entry? |
| 11102 | Haller v. State, 217 Ark. 646, 649 (Ark. 1950) | 2 | "Incest" is statutory offense consisting of sexual intercourse, either habitual or in a single instance, either under form of marriage or without it, between persons too closely related to intermarry. | Incest is a statutory offense which has been defined generally by the authorities as consisting of sexual intercourse, either habitual or in a single instance, and either under a form of marriage or without it, between persons too closely related to intermarry. | Is incest a statutory crime? |
| 11105 | Milner v. Milner, 361 S.W.3d 615, 621 (Tex. 2012) | 8 | "Record title" typically refers to legal evidence of a person's ownership rights in property. | Record title, on the other hand, typically refers to legal evidence of a person's ownership rights in property. | Does record title refer to legal evidence of a person's ownership rights in property? |
| 11106 | Landshire Food Serv. v. Coghill, 709 S.W.2d 509, 512 (Mo. Ct. App. 1986) | 9 | Certificate of title to motor vehicle is not conclusive proof of ownership of such vehicle, but is only prima facie evidence of ownership, capable of being rebutted by other evidence. | This proof is necessary because, in Missouri, a certificate of title to a motor vehicle is not conclusive proof of the ownership of such vehicle but is only prima facie evidence of ownership, capable of being rebutted by other evidence. | Can a certificate of title be prima facie evidence of vehicle ownership? |

| 11107 | Coggins v. Gregorio, 97 F.2d 948, 950 (10th Cir. 1938) | 6 | The principal distinction between the relation of lodging house keeper and lodger and landlord and tenant is that the "tenant" acquires an interest in the realty and has the exclusive possession of the leased premises, whereas the "lodger" acquires no estate and has merely the use without the actual or exclusive possession. | [6] [7] Counsel for Coggins contends that the relation was that of lodginghouse keeper and lodger rather than landlord and tenant. The principal distinction between the two relations is that the tenant acquires *951 an interest in the real estate and has the exclusive possession of the leased premises, while the lodger acquires no estate and has merely the use without the actual or exclusive possession. | What is the distinction between a tenant and a lodger? |
| 11114 | Smith v. People, 142 Colo. 523, 526 (1960) | 2 | Generally malice is implied only when a homicide is committed by use of a deadly weapon or instrument in such a manner that death would probably result, and ordinarily, fists are not classified as deadly weapons since they are not means likely to produce death unless used in such a manner and under such circumstances as are reasonably calculated to produce death. | Generally malice is implied only when the homicide is committed by the use of a deadly weapon or instrument in such a manner that death would probably result. McAndrews v. People, 71 Colo. 542, 208 P. 486, 24 A.L.R. 655. Ordinarily hands or fists are not classed as deadly weapons since they are not means likely to produce death unless used in such a manner and under such circumstances as are reasonably calculated to produce death. | Are fists or hands classified as deadly weapons? |
| 11121 | Am. Fed'n of Lab. v. Reilly, 113 Colo. 90, 97, 155 P.2d 145, 148 (1944) | 4 | In absence of statute, workmen have right to organize in labor or trade unions for purpose of promoting their common welfare by lawful means. | The courts of the United States for many years, and generally without regard to statute, have recognized the right of workmen to organize in labor or trade unions for the purpose of promoting their common welfare by lawful means. | Do laborers have a right to organize as labor unions to promote their welfare? |
| 11125 | McCarthy v. Azure, 22 F.3d 351, 355  (1st Cir. 1994) | 5 | Federal policy favoring arbitration does not extend to situations in which identity of parties who have agreed to arbitrate is unclear. | The federal policy, however, does not extend to situations in which the identity of the parties who have agreed to arbitrate is unclear. | Does federal policy in favor of arbitration extend to situations in which the identity of the parties who have agreed to arbitrate is unclear? |
| 11130 | Fauntleroy v. Rainbow Marketers, 888 So. 2d 1045  (La. Ct. App. 2004) | 2 | The employer-employee relationship is contractual in nature, and as such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy. | The employer-employee relationship is contractual in nature. Quebedeaux v. Dow Chemical Co., 01-2297 (La.6/21/02),820 So.2d 542. "As such, an employer and employee may negotiate the terms of an employment contract and agree to any terms not prohibited by law or public policy." Id. | Is an employer-employee relationship contractual in nature? |

| | | | | | |
|---|---|---|---|---|---|
| 11136 | Englewood v. Miami Valley Lighting, 182 Ohio App. 3d 58, 65 (Ohio App. 2 Dist.,2009) | 4 | A public utility provides an essential good or service to the general public which has a legal right to demand or receive this good or service, which must be provided generally and indiscriminately. | First, a public utility provides "an essential good or service to the general public which has a legal right to demand or receive this good or service." Id. at 387, 596 N.E.2d 423. Second, the good or service must be provided " 'generally and indiscriminately.' " | Should the goods and services by a public utility be provided generally and indiscriminately to the general public? |
| 11137 | People v. Ryan, 125 A.D.3d 695, 696–97, 3 N.Y.S.3d 94, 95 (2015) | 2 | In order to be held criminally liable for a person's death, a defendant must have engaged in conduct that actually contributed to that person's death. | In order to be held criminally liable for a person's death, a *697 defendant must have engaged in conduct that "actually contribute[d]" to that person's death (People v. DaCosta, 6 N.Y.3d 181, 184, 811 N.Y.S.2d 308, 844 N.E.2d 762), by setting in motion the events that resulted in the death (see People v. Matos, 83 N.Y.2d 509, 511, 611 N.Y.S.2d 785, 634 N.E.2d 157). | Must defendant's actions have been an actual contributory cause of death of victim to be held criminally liable for homicide? |
| 11138 | Cheyenne River Sioux Tribe v. Jewell, 205 F. Supp. 3d 1052, 1063 (D.S.D. 2016) | 13 | When interpreting provisions of a treaty between an Indian tribe and the United States, the Indian law canons of construction require that the treaty be construed liberally in favor of the Indians with ambiguous provisions interpreted for their benefit. | When interpreting provisions of a treaty between a tribe and the United States, the Indian law canons of construction require that the treaty "be construed liberally in favor of the Indians with ambiguous provisions interpreted for their benefit." | How should courts interpret Indian treaties? |
| 11139 | Reinoehl v. Trinity Universal Ins. Co., 130 Ohio App. 3d 186, 196 (Ohio Ct. App. 1998) | 13 | Lack of probable cause generally becomes the essence of a claim for malicious prosecution for the reason that malice may be inferred if probable cause was not present. | The lack of probable cause generally becomes the essence of a claim for malicious prosecution for the reason that malice may be inferred if probable cause was not present. | When is malice inferred in a malicious prosecution claim? |
| 11141 | Cox v. Superior Court, 205 Cal.Rptr.3d 188, 191, 1 Cal.App.5th 855, 859 (Cal.App. 3 Dist., 2016) | 8 | The label given a petition, action, or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading. | The label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading. | How is the nature of a cause of action determined? |
| 11142 | Rhodes v. Jones, 351 F.2d 884, 886 (8th Cir. 1965) | 2 | "Cause of action" is situation or state of facts which entitles party to sustain action and gives him right to seek judicial interference in his behalf. | A 'cause of action' is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference in his behalf. | Does a cause of action include a right to judicial interference? |
| 11143 | Angio-Med. Corp. v. Eli Lilly & Co., 720 F. Supp. 269, 274 (S.D.N.Y.,1989) | 11 | Elements of trade libel claim which must be proved are falsity of statement, publication to third person, express or implied malice, and proven special damages. | The elements of a trade libel claim which must be proven are: (1) falsity of the statement, (2) publication to a third person, (3) malice (express or implied), and (4) proven special damages. | What are the elements of trade libel? |

| 11145 | Sluss v. Commonwealth, 450 S.W.3d 279, 287 (Ky. 2014) | 15 | Issue of causation in homicide cases is framed in terms of whether or not the result as it occurred was either foreseen or foreseeable by the defendant as a reasonable probability. | It is abundantly evident that the issue of causation in homicide cases is framed in terms "of whether or not the result as it occurred was either foreseen or foreseeable by the defendant as a reasonable probability." | Is foreseeability by the defendant necessary to constitute causation of homicide? |
|---|---|---|---|---|---|
| 11147 | Roberts v. City of Cranston Zoning Bd. of Review, 448 A.2d 779, 781  (R.I. 1982) | 3 | Term "judicial proceedings" is not limited to only those proceedings that occur in court of law, but rather, term encompasses any proceeding wherein judicial action is invoked and taken. | Given its ordinary and customary meaning, the term "judicial proceedings" is not limited to only those proceedings that occur in a court of law. Instead, the term incompasses "[a]ny proceeding wherein judicial action is invoked and taken." | Is the term judicial proceeding limited to proceedings that occur in a court of law? |
| 11151 | Campus Lodge of Columbia, Ltd. v. Jacobson, 319 S.W.3d 549, 552 (Mo.App. W.D., 2010) | 1 | A lease in Missouri acts as both a conveyance and a contract, and a damaged party has available the usual contract remedies in the event a provision of a lease is breached, including damages, reformation, and rescission of the contract. | A lease in Missouri acts as both a conveyance and a contract, and a damaged party has available the usual contract remedies in the event a provision of a lease is breached "including damages, reformation and rescission of the contract." | Is a lease a contract and also a conveyance? |
| 11159 | Broughton v. State, 37 N.Y.2d 451, 456, 335 N.E.2d 310, 314 (1975) | 4 | Action for false imprisonment is derived from ancient common-law action of trespass and protects personal interest of freedom from restraint of movement. | The action for false imprisonment is derived from the ancient common-law action of trespass and protects the personal interest of freedom from restraint of movement. | Are assault and false imprisonment including false arrest derived from the ancient action of trespass? |
| 11160 | Wall v. Brim, 138 F.2d 478, 481 (5th Cir. 1943) | 5 | An operation cannot be performed without patient's consent, and one performed without consent, express or implied, is a technical battery or trespass for which surgeon is liable. | The law is well settled that an operation cannot be performed without the patient's consent and that one performed without consent, express or implied, is a technical battery or trespass11 for which the operator is liable. | Can an operation performed without a patient's consent be considered as a battery or trespass? |
| 11162 | In re Wellbutrin XL Antitrust Litig. Indirect Purchaser Class, 868 F.3d 132, 148 (3d Cir. 2017) | 15 | A litigant has probable cause to initiate a suit if the litigant has a reasonable belief that there is a chance that a claim may be held valid upon adjudication. | A litigant has probable cause to initiate a suit if the litigant has "a reasonable belief that there is a chance that a claim may be held valid upon adjudication." | When does a litigant have probable cause to initiate a suit? |
| 11167 | Boyd v. Hodson, 117 Ind. App. 296, 303 (Ind. Ct. App. 1947) | 10 | Termination of a prosecution in favor of the accused is not prima facie evidence that the prosecution was malicious or without probable cause. | It is the law of this state, however, that the termination of a prosecution in favor of the accused is not prima facie evidence that the prosecution was malicious or without probable cause. | Does the termination of a prosecution in favor of the accused create a prima facie evidence of malicious prosecution? |

| 11173 | Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105, 110 (Mo. Ct. App. 1971) | 2 | "Subrogation" originated as a creature of the common law; basically, it is classified as either legal or conventional; "legal subrogation" arises out of a condition or relationship by operation of law, whereas "conventional subrogation" arises by act or agreement of the parties. | Subrogation originated as a creature of the common law. Basically, it is classified as either legal or conventional. Legal subrogation arises out of a condition or relationship by operation of law, whereas conventional subrogation arises by act or agreement of the parties. | How is subrogation classified? |
|---|---|---|---|---|---|
| 11175 | Cobell v. Norton, 240 F.3d 1081, 1085 (D.C. Cir. 2001) | 1 | The federal government has substantial trust responsibilities toward Native Americans; such duties are grounded in the very nature of the government-Indian relationship. | The federal government has substantial trust responsibilities toward Native Americans. This is undeniable. Such duties are grounded in the very nature of the government-Indian relationship. | What is the basis of the trust responsibility the federal government owes to the Native Americans? |
| 11177 | Coffee Bay Invs., L.L.C. v. W.O.G.C. Co., 2003-0406 (La. App. 1 Cir. 4/2/04), 878 So. 2d 665, 670, writ denied, 2004-1084 (La. 6/25/04), 876 So. 2d 838 | 2 | A "joint venture" is a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation; the object and the motive behind a joint venture are the anticipated profits derived from a specific business enterprise. | A joint venture has been defined as "a special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 19, 262 So.2d 350, 355 (1972), citing Daily States Publishing Company v. Uhalt, 169 La. 893, 901, 126 So. 228, 231 (1930). Generally, the object and the motive behind a joint venture are the anticipated profits derived from a specific business enterprise. | Does a joint venture have a partnership designation? |
| 11183 | Watkins v. Debusk, 286 S.W.3d 58, 61 (Tex. App. 2009) | 4 | Courts liberally construe the rules of appellate procedure to protect a party's right to appeal. | However, we liberally construe the rules of appellate procedure to protect a party's right to appeal. | Do Courts liberally construe the rules of appellate procedure to protect a party's right to appeal? |
| 11188 | Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274, 287 (Minn. 2010) | 16 | Equitable subrogation need not be applied merely to prevent a party from obtaining a windfall or unjust enrichment. | But we need not apply equitable subrogation merely to prevent a party from obtaining a windfall or unjust enrichment. | Should equitable subrogation be applied merely to prevent a party from obtaining a windfall? |
| 11190 | Sapiano v. Williamsburg Nat. Ins. Co., 28 Cal. App. 4th 533, 537–38 n. 1, 33 Cal. Rptr. 2d 659, 661 (1994) | 3 | "Legal or equitable subrogation" has its source in equity and arises by operation of law, while "conventional subrogation" arises by contract of parties. | "Legal" or "equitable" subrogation has its source in equity and arises by operation of law. "Conventional" subrogation arises by contract of parties. | Does legal or equitable subrogation has its source in equity and arises by operation of law? |
| 11192 | Sav. Bank of Manchester v. Kane, 35 Conn. Supp. 82, 87 (Com. Pl. 1978) | 10 | A comaker's right of subrogation cannot be enforced until whole debt is paid and until creditor is fully satisfied. | A comaker's right of subrogation cannot be enforced until the whole debt is paid and until the creditor is wholly satisfied. | Can a comaker's right of subrogation be enforced until whole debt is paid and until creditor is fully satisfied? |

| 11193 | Chem. Bank v. Meltzer, 245 A.D.2d 214, 215, 666 N.Y.S.2d 624, 625 (1997), rev'd, 93 N.Y.2d 296, 712 N.E.2d 656 (1999) | 3 | Obligation assumed by surety runs to creditor and subrogation may not in any way defeat creditor's rights. | The obligation assumed by a surety runs to the creditor and subrogation may not in any way defeat the creditor's rights. | Can an obligation assumed by a surety run to the creditor and subrogation in any way defeat creditor's rights? |
|---|---|---|---|---|---|
| 11194 | In re Gibbs, 11 B.R. 320, 322 (W.D. Mo. 1981) | 1 | Regardless of agreements of indemnity, surety is subrogated to rights of creditor whose claim it pays, and surety's right to reimbursement is of the same character as the creditor's claim. | The great weight of authority in these cases is that regardless of agreements of indemnity, the surety is subrogated to the rights of the creditor whose claim it pays and that the surety's right to reimbursement is of the same character as the creditor's claim. | Does a surety subrogate to the rights of a creditor whose claim it pays? |
| 11198 | Ciago v. Ameriquest Mortg. Co., 295 F. Supp. 2d 324, 331 (S.D.N.Y., 2003) | 14 | Federal statutory claims can be subject of arbitration, absent contrary Congressional intent, and burden of showing such legislative intent lies with party opposing arbitration. | It is well settled that federal statutory claims can be the subject of arbitration, absent a contrary Congressional intent.... The burden of showing such legislative intent lies with the party opposing arbitration. | Are federal statutory claims arbitrable? |
| 11200 | Rosin v. Lawrence Byars Used Car Post, 30 Ala. App. 576, 578 (1942) | 2 | The drawer's right to countermand payment of a check can be exercised only at his own risk, and ordinarily its exercise does not discharge his liability to the holder. | This because of the principle that "the drawer's right to countermand the payment of a check (and Byars had the undoubted right to so countermand the payment of the check in question upon discovery of the hoax perpetrated upon him by Hopper) can be exercised only at his own risk, and ordinarily its exercise does not discharge his liability to the holder." | Does the drawer's right to revoke or countermand the payment of check discharge his liability towards the holder? |
| 11201 | United States v. Lemons, 67 F. Supp. 985, 988  (W.D. Mo. 1946) | 5 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | The law of the state in which a check, or negotiable instrument, is executed, determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the validity of a check or negotiable instrument? |
| 11217 | Ayala v. Lee, 215 Md. App. 457, 475 (Md. Ct. Spec. App. 2013) | 11 | An evidentiary ruling on a motion in limine is left to the sound discretion of the trial judge and will only be reversed upon a clear showing of abuse of discretion. | An evidentiary ruling on a motion in limine "is left to the sound discretion of the trial judge and will only be *475 reversed upon a clear showing of abuse of discretion." | Can a trial court make an evidentiary ruling as part of motion in limine? |
| 11218 | Cnty. of Monroe v. Raytheon Co., 156 Misc. 2d 445, 451, 602 N.Y.S.2d 743, 747 (Sup. Ct. 1991) | 2 | As a rule, surety is subrogated to rights of both party it pays and party on whose behalf it makes the payments. | As a rule, a surety is subrogated to the rights of both the party it pays and the party on whose behalf it makes the payments. | Is a surety subrogated to the rights of both the party it pays and party on whose behalf it makes the payments? |
| 11225 | Welcker v. Welcker, 342 So. 2d 251, 253 (La. Ct. App.), writ denied sub nom. Welcker v. Little, 343 So. 2d 1077 (La. 1977) | 5 | The French civil law acknowledges the legitimacy of custom "praeter legem," i. e., custom as to a matter not covered by legislation, as a source of law. | Significantly, the French civil law acknowledges the legitimacy of custom Praeter legem (i.e. custom as to a matter not covered by legislation) as a source of law. | Does civil law acknowledge the legitimacy of custom praeter legem? |

| | | | | | |
|---|---|---|---|---|---|
| 11230 | Austin v. Shampine, 948 S.W.2d 900, 912 (Tex.App. Texarkana,1997) | 20 | In granting motion in limine, trial judge does not exclude evidence, but instead defers ruling on admissibility until such time as party wishes to introduce the evidence, and at that time, party must obtain ruling on evidence before introducing it; purpose of procedure is to prevent presentation of potentially prejudicial information before ruling can be obtained. | By granting a motion in limine, a trial judge does not exclude evidence. Instead, he defers ruling on admissibility until such time as a party wishes to introduce the evidence. At that time, the party must obtain a ruling on the evidence before introducing it. The purpose of this procedure is to prevent the presentation of potentially prejudicial information before a ruling can be obtained. | Is the purpose of filing a motion in limine to prevent the presentation of potentially prejudicial information in front of a jury before a ruling can be obtained? |
| 11236 | Loyal Ord. of Moose, Lodge 1785 v. Cavaness, 1977 OK 70, ¶ 9, 563 P.2d 143, 146 | 1 | Generally, cause of action accrues at moment party owning it has legal right to sue. | Generally a cause of action accrues at the moment the party owning it has a legal right to sue. | Does a cause of action accrue at the moment party owning it has a legal right to sue? |
| 11238 | Weber City Sanitation Comm'n v. Craft, 196 Va. 1140, 1147, 87 S.E.2d 153, 157 (1955) | 7 | The police power embraces regulations designed to promote public convenience or general prosperity, as well as regulations designed to promote public health, public morals or public safety. | As was said by Justice Harlan in C.B. & Q.R. Co. v. Illinois, 200 U.S. 561, 26 S.Ct. 341, 349, 50 L.ed. 596: 'We hold that the police power of a State embraces regulations designed to promote the public convenience or the general prosperity, as well as regulations designed to promote the public health, the public morals or the public safety.' | Do a State need to compensate a property owner for the effects of reasonable regulations designed to protect the public health and safety? |
| 11242 | Airline Pilots Ass'n, Int'l, AFL-CIO v. Taca Int'l Airlines, S.A., 748 F.2d 965, 969 (5th Cir. 1984) | 5 | Under act of state doctrine, courts will not question the validity of actions of foreign governments within their own borders. | Under the act of state doctrine our courts will not question the validity of the actions of foreign governments within their own borders. | Will US courts question the validity of actions of foreign governments within their own borders? |
| 11243 | Duci v. Daily Gazette Co., 102 A.D.2d 940, 940, 477 N.Y.S.2d 760, 762 (1984) | 2 | In determining whether published article is libelous, it is role of court to decide, as matter of law, whether words complained of are susceptible of defamatory meaning ascribed to them. | In determining whether a published article is libelous, it is the role of the court to decide, as a matter of law, whether the words complained of are susceptible of the defamatory meaning ascribed to them (James v. Gannett Co., 40 N.Y.2d 415, 386 N.Y.S.2d 871, 353 N.E.2d 834). | How is it determined if an article is libelous per se? |
| 11251 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. App. 2008). | 3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | A motion in limine is not the proper vehicle to use to attempt to preclude a claim or defense. It is not equivalent to or a substitute for a motion to dismiss or a motion for summary judgment. | Should a motion in limine be used as a vehicle to preclude a claim or defense? |
| 11255 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 27 (N.H. 2007) | 19 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | [E]quitable subrogation "applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation or equitable subrogation apply to a debt? |

| 11268 | Baxter v. Danny Nicholson, 191 N.C. App. 168, 171 (N.C. Ct. App. 2008) | 2 | A "de jure officer" is one who is regularly and lawfully elected or appointed and inducted into office and exercises the duties as his right; in contrast, a "de facto officer" is one who goes in under color of authority. | "A de jure officer is one who is regularly and lawfully elected or appointed and inducted into office and exercises the duties as his right." People ex rel. Norfleet v. Staton, 73 N.C. 546, 550 (1875). In contrast, a de facto officer is "one who goes in under color of authority...." | What is the difference between a de facto officer and a de jure officer? |
|---|---|---|---|---|---|
| 11269 | United States v. Martinez, 599 F. Supp. 2d 784, 799 (W.D. Tex. 2009) | 30 | When determining whether a statute applies extraterritorially, courts presume that Congress did not intend to violate principles of international law. | Nevertheless, when "determining whether a statute applies extraterritorially, [courts] presume that Congress did not intend to violate principles of international law. | Does the extraterritorial application of a statute violate principles of international law? |
| 11271 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008). | 3 | A motion in limine is not the proper vehicle by which to attempt to preclude a claim or defense; it is not equivalent to, or a substitute for, a motion to dismiss or a motion for summary judgment. | A motion in limine is not the proper vehicle to use to attempt to preclude a claim or defense. It is not equivalent to or a substitute for a motion to dismiss or a motion for summary judgment. | Should a motion in limine not be used as a vehicle to preclude a claim or defense? |
| 11273 | In re Vertis Holdings, 536 B.R. 589, 622 (Bankr. D. Del. 2015) | 12 | Generally, under New Jersey law, a cognizable claim for trespass exists when personal property, in the actual use of the owner, is injured or taken by a trespasser, so that the owner is deprived of the use of it. | Defendants are correct in stating that generally, under New Jersey law, a cognizable claim for trespass exists "when personal property, in the actual use of the owner, is injured or taken by a trespasser, so that the owner is deprived of the use of it." | When does a cognizable claim for trespass occur? |
| 11282 | Echostar Satellite Corp. v. Gen. Elec. Cap. Co., 797 F. Supp. 855, 857 (D. Colo. 1992) | 3 | Allegations of fraud in the inducement relating specifically to arbitration provision may suspend application of provision. | However, "allegations of fraud in the inducement relating specifically to an arbitration provision may suspend application of such a provision." | Can allegations of fraud in the inducement relating specifically to an arbitration provision suspend application of such a provision? |
| 11283 | Nat'l Union Fire Ins. Co. Pittsburgh, Pa. v. Proskauer Rose Goetz & Mendelsohn, 165 Misc. 2d 539, 548, 634 N.Y.S.2d 609, 616 (Sup. Ct. 1994), aff'd sub nom. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Proskauer, Rose Goetz & Mendelsohn, 227 A.D.2d 106, 642 N.Y.S.2d 505 (1996) | 18 | Certificate of deposit, even if nonnegotiable, can be assigned and can be passed by delivery without endorsement by person to whose order it is made payable. | The certificate of deposit, even if nonnegotiable, can be assigned (Michie, op. cit., at 385), it can also be passed by delivery without indorsement by the person to whose order it is made payable (Michie, op. cit., § 321 at 401). | Can a certificate of deposit be assigned by delivery without endorsement? |
| 11284 | United Accounts v. Dachtler, 100 N.W.2d 93, 94 (N.D. 1959) | 2 | A "public corporation" is one created by the State for political purposes, to act as an agency in administration of civil government, such as a county, city, town, or school district. | A 'public corporation' has been defined as one created by the State for political purposes, to act as an agency in the administration of civil government, 'such as a county, city, town, or school district. | What is a public corporation? |

| | | | | | |
|---|---|---|---|---|---|
| 11289 | Citizens State Bank v. Raven Trading Partners, 786 N.W.2d 274, 285 (Minn. 2010) | 14 | A party seeking equitable subrogation has the burden of establishing that equities weigh in the party's favor, which also requires that no injury to innocent third parties will result if subrogation is applied; there is no injury to a party if the party's position remains unchanged or the party received that for which the party bargained. | In Minnesota, a party seeking equitable subrogation has the burden of establishing that equities weigh in the party's favor, which also requires that no injury to innocent third parties will result if subrogation is applied. See Peterson, 261 N.W.2d at 348. There is no injury to a party if the party's position remains unchanged or the party received that for which the party bargained. | "Who bears the burden of proving the applicability of the ""equitable subrogation"" doctrine?" |
| 11290 | City Council of City of N. Miami Beach v. Trebor Const. Corp., 277 So. 2d 852, 853 (Fla. Dist. Ct. App. 1973) | 1 | In law action, right of plaintiff to recover must be measured by facts as they existed when suit was instituted. | It is well established in Florida that in a law action the right of a plaintiff to recover must be measured by the facts as they existed when the suit was instituted. | Should right of a plaintiff to recover be measured by the facts as they existed when the suit was instituted? |
| 11291 | Don Medow Motors v. Grauman, 446 N.E.2d 651, 654–55 (Ind.App.,1983) | 7 | A civil case is determined on the common law as it stands when the judgment is to be rendered and not as it stood when suit was brought even where the case is pending before an intermediate court. | Thus, a civil case is determined on the common law as it stands when the judgment is to be rendered and not as it stood when the suit was brought. This is the rule even where the *655 case is pending before an intermediate court. | Is a case determined on law as it stands when judgment is rendered and not when suit was brought? |
| 11292 | Walton v. Kern Cnty., 39 Cal. App. 2d 32, 34, 102 P.2d 531, 532 (1940), disapproved of by Cory v. City of Huntington Beach, 43 Cal. App. 3d 131, 117 Cal. Rptr. 475 (Ct. App. 1974) | 2 | Ordinarily, the plaintiff's cause of action must have arisen before filing of complaint, and he may not recover in a cause of action arising after suit is filed. | Ordinarily, a plaintiff's cause of action must have arisen before the filing of the complaint and he may not recover in a cause of action arising after the suit is filed. | Must the plaintiff's cause of action have arisen before the filing of a complaint? |
| 11298 | Wyland v. W. Shore Sch. Dist., 52 A.3d 572, 581 (Pa. Commw. Ct. 2012) | 8 | A court generally should not interfere with a school district's discretion regarding educational policy; nonetheless, a school district does not have the discretion to disregard a statutory mandate. | We recognize that a court generally should not interfere with a school district's discretion regarding educational policy. Unionville–Chadds Ford Sch. Dist. Nonetheless, a school district does not have the discretion to disregard a statutory mandate, as the District has done here. | Does a school district have the discretion to disregard a statutory mandate? |
| 11300 | White v. Nat'l Bondholders Corp., 191 Misc. 536, 537, 78 N.Y.S.2d 468, 469 (Sup. Ct.), aff'd, 273 A.D. 963, 79 N.Y.S.2d 315 (App. Div. 1948) | 1 | In absence of special circumstances, a defendant cannot compel plaintiff to prosecute an action against his will, and it is only when substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. | In the absence of special circumstances a defendant cannot compel the plaintiff to prosecute an action against his will; it is only when substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. | Can a defendant compel a plaintiff to prosecute the action against his will? |

| | | | | | |
|---|---|---|---|---|---|
| 11302 | Colonial Hill Co. v. Mortg. Bond & Tr. Co., 174 Ga. 204, 162 S.E. 531, 532 (1932) | 3 | Person paying off prior lien must show unequivocal agreement for subrogation, or facts from which agreement will be implied. | Person paying off prior lien must show unequivocal agreement for subrogation, or facts from which agreement will be implied | Should a person paying off a prior lien show an unequivocal agreement for subrogation? |
| 11304 | Gary Friedrich Enterprises v. Marvel Enterprises, 713 F. Supp. 2d 215, 230 (S.D.N.Y. 2010) | 25 | Under New York law, a "trespass to chattels" is an intentional use or intermeddling with a chattel in the possession of another where the chattel is impaired as to its condition, quality, or value. Restatement (Second) of Torts SS 217(b), 218(b). | Under New York law, a trespass to chattels is defined as an intentional use or "intermeddling with a chattel in the possession of another" where "the chattel is impaired as to its condition, quality, or value." | Does intermeddling with chattel in the possession of another constitute a trespass to chattel? |
| 11316 | Stone v. First Wyoming Bank N. A., Lusk, 625 F.2d 332, 340 (10th Cir. 1980) | 2 | As a general rule, the substantive law of partnerships is applicable in determining rights and liabilities of joint venturers and third parties. | As a general rule the substantive law of partnerships is applicable in determining the rights and liabilities of joint venturers and third parties. | Is the substantive law of partnership applicable to joint ventures? |
| 11320 | Turner v. Hunt, 131 Tex. 492, 497 (Tex. 1938) | 11 | Except in case of extreme delay, a delay which works no injury or no disadvantage to another is not such "laches" as will bar a right. | Except in case of extreme delay like that in Dull v. Blum, supra, a delay, which works no injury or no disadvantage to another, is not such laches as will bar a right. | Can a delay which works no injury or no disadvantage to another is laches that bar a right? |
| 11325 | Harris Cty. Appraisal Dist. v. Wittig, 881 S.W.2d 193, 194 (Tex. App. 1994) | 1 | Plaintiff has absolute right to nonsuit of its case at moment plaintiff files motion with clerk or makes motion in open court. | A plaintiff has an absolute right to a non-suit of its case at the moment the plaintiff files the motion with the clerk or makes a motion in open court. | Does a plaintiff generally have an absolute right to nonsuit at the moment a motion is filed with a clerk? |
| 11335 | White v. Nat'l Bondholders Corp., 191 Misc. 536, 537, 78 N.Y.S.2d 468, 469 (Sup. Ct.), aff'd, 273 A.D. 963, 79 N.Y.S.2d 315 (App. Div. 1948) | 1 | In absence of special circumstances, a defendant cannot compel plaintiff to prosecute an action against his will, and it is only when substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. | In the absence of special circumstances a defendant cannot compel the plaintiff to prosecute an action against his will; it is only when the substantial rights of a defendant have accrued that the court will refuse plaintiff a discontinuance of the action. | When can the court refuse a plaintiff a discontinuance of the action? |
| 11341 | Gestetner Holdings, PLC v. Nashua Corp., 784 F. Supp. 78, 82 (S.D.N.Y. 1992) | 3 | Where claims may be understood to raise an arbitrable issue, arbitration must be compelled even if claims can also be characterized another way. | Chung makes it clear that where claims may be understood to raise an arbitrable issue, arbitration must be compelled, even if the claims can also be characterized another way. | Can arbitration be compelled if claims can be characterized in another way? |
| 11350 | Campbell v. Lee, 12 Tenn. App. 293, 297  (Tenn. Ct. App. 1931) | 6 | The plaintiff's right to take a voluntary non-suit is absolute, and cannot be denied him when applied for within the time prescribed by section 4689. | The plaintiff's right to take voluntary non-suit is absolute, and cannot be denied him when applied within the time prescribed by Section 4689. | Is the plaintiff's right to take a voluntary non-suit absolute? |
| 11360 | In re George, 361 F.3d 1157, 1160 (9th Cir. 2004) | 4 | "Tax" is a pecuniary burden laid upon individuals or property for the purpose of supporting the government, as distinguished from a "penalty," which is an exaction imposed by statute as punishment for an unlawful act. | "[A] tax is a pecuniary burden laid upon individuals or property for the purpose of supporting the Government," as distinguished from a penalty, which is "an exaction imposed by statute as punishment for an unlawful act." | What is a penalty? |

| 11362 | Klingenschmitt v. United States, 119 Fed. Cl. 163, 191 (2014) | 19 | The decisions of military officials regarding which individuals are fit to serve and in what capacity are not for the courts to decide. | In addressing this challenge, the Court is again mindful of the Federal Circuit's admonition that the decisions of military officials regarding which individuals are fit to serve and in what capacity "are not for the courts to decide." | Is it for the courts to decide the decisions of military officials regarding which individuals are fit to serve? |
|---|---|---|---|---|---|
| 11364 | Veale v. Rose, 657 S.W.2d 834, 837 (Tex. App. 1983), writ refused NRE (Feb. 22, 1984) | 4 | Misappropriation by one partner to his own use of property of the partnership is considered in law as constructive if not actual fraud on the partnership and is actionable. | The misappropriation by one partner to his own use of property of the partnership is considered in law as constructive if not actual fraud on the partnership, and is actionable. | Does misappropriation by a partner for his own use of partnership property lead to constructive fraud? |
| 11366 | SNA Nut Co. v. Haagen-Dazs Co., 302 F.3d 725, 732 (7th Cir. 2002) | 9 | Because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superceding the pleadings and establishes the issues to be considered at trial. | Further, "[b]ecause the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superceding the pleadings and establishes the issues to be considered at trial." | What do parties rely on pretrial conferences for? |
| 11368 | Olson v. England,  206 Neb. 256, 257 (1980) | 5 | Subsequent course of an action is controlled by agreements made at pretrial conference so long as they remain unmodified. | The subsequent course of an action is controlled by the agreements made at pretrial conference so long as they remain unmodified. | Is a subsequent course of an action controlled by agreements made at pretrial conference? |
| 11371 | Scott Paper Co. v. Griffin,  409 So. 2d 1375, 1380 (Ala. 1982) | 5 | A pretrial order may govern the future course of litigation in the action before the trial court. | We agree that a pretrial order may govern the future course of litigation in the action before the trial court. | Could a pretrial order govern the future course of litigation in the action before the trial court? |
| 11375 | Orbison v. Welsh, 242 Ind. 385, 389 (Ind. 1962) | 21 | The payment of a tax is compulsory and not optional, and it entitles taxpayer to receive nothing in return, other than rights of government which are enjoyed by all citizens alike. | The payment of a tax is compulsory and not optional, and it entitles the taxpayer to receive nothing in return, other than the rights of government which are enjoyed by all citizens alike. | What does a tax entitle the taxpayer to receive in return? |
| 11376 | Efros v. Russo, 68 N.J. Super. 110, 112, 113 (Law Div. 1961) | 2 | "Assessments" are special and local impositions upon property in the immediate vicinity of municipal improvements which are necessary to pay for improvement, and are laid with reference to special benefit which property is supposed to have derived therefrom. | Assessments' are those special and local impositions upon property in the immediate vicinity of the municipal improvements which are necessary to pay for the improvement and are laid with reference to the special benefit which the property is supposed to have derived therefrom. | What do differences between assessment and tax include? |
| 11377 | Wright v. Steers, 242 Ind. 582, 585, 179 N.E.2d 721, 723 (1962) | 3 | The nature of tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | It is true that the nature of the tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | Is the nature of a tax determined by its operation and incidence rather than by legislative title or designation? |
| 11378 | Gross v. Ocean Twp., 184 N.J. Super. 144, 150 (1982) | 3 | Essential characteristic of a tax is a compulsory contribution to the support of government, imposed upon individuals or property pursuant to legislative authority. | The essential characteristic of a tax is a compulsory contribution to the support of government, imposed upon individuals or property pursuant to legislative authority. | Is tax a compulsory contribution to support the government? |

| 11379 | Golden State Bank v. Dolan, 37 Colo. App. 29, 31 (1975) | 2 | Nature of a tax must be determined by its operation rather than by the particular descriptive language that may have been applied to it. | "[T]he nature of a tax must be Determined by its operation rather than by particular descriptive language that may have been applied to it.' | Should the nature of a tax be determined by its operation rather than its particular descriptive language? |
| 11389 | Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 184, 65 P.3d 1255, 1265 (2003) | 13 | The policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective in any material respect. | 'Thus " 'the policy of liberal construction of the pleadings ... will not ordinarily be invoked to sustain a pleading defective in any material respect.' " | Will the policy of liberal construction of the pleadings be invoked to sustain a pleading defective in any material respect? |
| 11390 | Arizona State Highway Dep't v. Bechtold, 105 Ariz. 125, 128 (Ariz. 1969) | 1 | Purpose of pretrial order is to simplify issues and shorten trial time, but such orders are not absolute and do not completely jell issues in action. | The admitted purpose of the pre-trial order is to simplify issues and shorten trial time. But such orders are not absolute and do not completely jell issues in an action. | Are pretrial orders that simplify issues and shorten trial time absolute? |
| 11398 | Tampa Aluminum Prod. Co. v. Watts, 132 So. 2d 414, 418 (Fla. 1961) | 6 | Workmen's compensation cases, like other lawsuits, must generally be determined by their peculiar facts. | Workmen's compensation cases, like other lawsuits, must generally be determined by their peculiar facts and the facts in these cases do not warrant the amount awarded. | "Should workmens compensation cases, like other lawsuits, generally be determined by their peculiar facts?" |
| 11408 | York Motor Exp. Co. v. State, for Use of Hawk, 195 Md. 525, 533, 74 A.2d 12, 15 (1950) | 12 | Degree of care to be exercised by motorist in fog varies with conditions of fog, the highway, and the traffic, and may be affected by the type, size and weight of vehicle. | The degree of care to be exercised by a motorist in a fog varies with the conditions of the fog, the highway, and the traffic, and may be affected by the type, size and weight of the vehicle. | What is the standard of the degree of care that is required to be exercised by a driver or a motorist? |
| 11413 | Appeal of News Pub. Co., 12 Kan. App. 2d 328, 332, (Kan.App., 1987) | 3 | Entire matter of taxation is legislative and does not exist apart from statute; legislature is empowered to provide means and agencies for carrying out its responsibilities in matter of taxation. | The entire matter of taxation is legislative and does not exist apart from statute. The legislature is empowered to provide the means and agencies for carrying out its responsibilities in matters of taxation. | Does the matter of taxation exist apart from statute? |
| 11414 | City of Lake Elmo v. 3M Co., 237 F. Supp. 3d 877, 887, 888 (D. Minn. 2017) | 19 | Under Minnesota law, a "trespass" is committed where a plaintiff has the right of possession to the land at issue, and there is a wrongful and unlawful entry upon such possession by defendant. | Trespass [19]  [20] 3M also argues that the Complaint fails to state a claim for trespass because invasion by a particulate matter does not constitute a trespass under Minnesota law. "In Minnesota, a trespass is committed where a plaintiff has the *888 right of possession to the land at issue and there is a wrongful and unlawful entry upon such possession by defendant." | Can trespass be committed only when a plaintiff has the right of possession to the land? |
| 11419 | United States v. Dorr, 636 F.2d 117, 120 (5th Cir. 1981) | 2 | Test in determining existence of prosecutorial misconduct regarding closing argument is whether the remarks were improper and whether they prejudicially affected substantial rights of defendant. | The test in determining the existence of prosecutorial misconduct regarding closing arguments is whether the remarks were improper and whether they prejudicially affected substantial rights of the defendants. | What is the test for evaluating allegations of prosecutorial misconduct? |

| 11427 | Dodd v. Cowgill, 85 Nev. 705, 712 (Nev. 1970) | 5 | Where party whose attorney is ill is represented by other counsel, denial of continuance may be justified. | And where the party whose attorney is ill is represented by other counsel, denial of a continuance may be justified. | "Where a party whose attorney is ill is represented by other counsel, is denial of continuance be justified?" |
|---|---|---|---|---|---|
| 11430 | Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602, 608 (5th Cir. 1943) | 7 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Taxes are the annual compensation paid to government for annual protection and for the current support of government, and are generally an expense and not an investment. | Are taxes the annual compensation paid to government for annual protection and for the current support of government? |
| 11431 | People v. Siciliano, 4 Ill. 2d 581, 586 (1954) | 1 | Gist of offense of "bribery" is giving to and receiving or accepting money or other valuable thing by a public officer to influence him with respect to performance of his official duty. | The gist of the offense of bribery is the giving to and receiving or accepting money or other valuable thing by a public officer to influence him with respect to the performance of his official duty. | What is the gist of the offense of bribery? |
| 11434 | Forrest v. Masters, 158 Neb. 506, 508-509 (1954) | 1 | In absence of restrictive applicable statutes or ordinances, a pedestrian has a right to walk longitudinally in a street or highway, and is not, as a matter of law, contributorily negligent in doing so. | As to that the rule is: 'in the absence of restrictive applicable statutes or ordinances, a pedestrian has a right to walk longitudinally in a street or highway, and is not as a matter *509 of law guilty of contributory negligence in doing so.' | Does a pedestrian have a right to walk longitudinally in the highway? |
| 11435 | Matter of Cupples, 952 S.W.2d 226, 235-36 (Mo. 1997) | 20 | Partner's fiduciary duty includes duty to be candid concerning business opportunities, duty to be fair, duty not to put self-interests before interests of partnership, and duty not to compete with partnership in the business of partnership. | [20]  A partner's fiduciary duty includes the duty to be candid concerning business opportunities, the duty to be fair, the duty *236 not to put self-interests before the interests of the partnership, and the duty not to compete with the partnership in the business of the partnership. | Do partners have a duty to not compete with the partnership in the business of partnership? |
| 11437 | State Highway Dep't v. Hewitt Contracting Co., 115 Ga. App. 606, 608 (1967) | 3 | Allegations stating knowledge and intention of opposite party usually constitute allegations of fact rather than conclusions, even as against special demurrer. | Allegations stating the knowledge and intention of the opposite party usually constitute allegations of fact rather than conclusions, even as against a special demurrer.' | Is the allegation of knowledge of the opposite party a conclusion? |
| 11451 | Hutchinson v. Des Moines Hous. Corp., 248 Iowa 1121, 1122 (1957) | 2 | To constitute proper and effective pleading a conclusion concerning negligence must be based on proper and pertinent facts. | In order to constitute proper and effective pleading a conclusion concerning negligence must be based upon proper and pertinent facts. | Should a conclusion be based on proper and pertinent facts to constitute a proper and effective pleading? |
| 11453 | Levine v. Behn, 169 Misc. 601, 607, 8 N.Y.S.2d 58, 64 (Sup. Ct. 1938), aff'd, 257 A.D. 156, 12 N.Y.S.2d 190 (App. Div. 1939), rev'd, 282 N.Y. 120, 25 N.E.2d 871 (1940) | 12 | Ordinarily the courts exercise the greatest liberality with respect to the allowance and the scope of examination before trial. | Ordinarily, the courts exercise the greatest liberality with respect to the allowance and the scope of examination before trial and dismiss without comment the objections so frequently interposed that such examinations are 'fishing expeditions' and not sought in good faith. | Do the courts exercise the greatest liberality with respect to the allowance and the scope of examination before trial? |

| 11456 | Mazzenga v. Dorfman, 272 Pa. Super. 379, 382–83, 415 A.2d 1248, 1250 (1979) | 2 | Imposition of an appropriate sanction is a more appropriate device than denial of continuance to employ to ensure the speedy disposition of cases. | However, we believe that the imposition of an appropriate sanction would be a more appropriate *383 device to employ to insure the speedy disposition of cases. | Is imposition of an appropriate sanction a more appropriate device than denial of continuance to employ to ensure the speedy disposition of cases? |
|---|---|---|---|---|---|
| 11465 | City of Santa Cruz v. Superior Ct., 40 Cal. App. 4th 1146, 1148, 48 Cal. Rptr. 2d 216, 218 (1995) | 1 | Discovery into subjective motives or mental processes of legislators is forbidden and this proscription may not be circumvented by deposing others about factors that may have lead to legislators' votes. | As will appear, we agree with City that discovery into the subjective motives or mental processes of legislators is forbidden, and that this proscription may not be circumvented by deposing others about the factors that may have led to the legislators' votes. | Is discovery into the subjective motives or mental processes of city council members prohibited? |
| 11466 | Rec. v. Indem. Ins. Co. of N. Am., 103 Cal. App. 2d 434, 444, 229 P.2d 851, 857 (1951) | 2 | Liability under Workmen's Compensation Act is incident to status of employment and is neither in tort nor in contract. | In California the liability under the Workmen's Compensation Act is incident to the status of employment and is neither in tort nor in contract. | "Is liability under the Workmens Compensation Act to the status of employment, not in tort or in contract?" |
| 11469 | Landeche v. McSwain, 96-0959 (La. App. 4 Cir. 2/5/97) (1997) | 9 | Trial court is endowed with inherent power to enforce its lawful pretrial orders and to attach sanctions for noncompliance and is vested with much discretion in selecting appropriate sanctions. | A trial court is endowed with the inherent power to enforce its lawful pre-trial orders and to attach sanctions for non-compliance and is vested with much discretion in selecting the appropriate sanctions. | Do courts have powers to enforce pre-trial orders? |
| 11476 | Krstulja v. Krstulja, 200 Misc. 186, 187, 104 N.Y.S.2d 751, 753 (Sup. Ct. 1951) | 2 | Generally, a party will not be allowed to obtain an examination before trial prior to furnishing a bill of particulars. | It is also true that as a general rule a party will not be allowed to obtain an examination before trial prior to furnishing a bill of particulars. | Will a party not be allowed to obtain an examination before trial prior to furnishing a bill of particulars? |
| 11493 | Pauls v. Sec'y of Air Force, 457 F.2d 294, 297 (1st Cir. 1972) | 1 | Military officers serve at pleasure of the President and have no constitutional right to be promoted or retained in service and the services of an officer may be terminated with or without reason. | It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service and that the services of an officer may be terminated with or without reason. | Can a military officer be terminated with or without reason? |
| 11504 | Hozer v. State, Dep't of Treasury, Consol. Police & Firemen's Pension Fund Comm'n, 95 N.J. Super. 196, 199 (App. Div. 1967) | 2 | One fundamental purpose of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | It is axiomatic that one of the fundamental purposes of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | What is the fundamental purpose of the pensioning of civil servants? |
| 11512 | State v. Oral H., 125 Conn. App. 276, 280 (2010) | 1 | A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the state cannot as a matter of law and fact state a cause of action that should be heard by the court. | "A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the [state] cannot as a matter of law and fact state a cause of action that should be heard by the court.... | Does court has jurisdiction to hear the case of motion to dismiss tests on the face of the record? |

| 11513 | Ex parte Gregory, 947 So. 2d 385, 390 (Ala. 2006) | 14 | A request for jurisdictional discovery must offer the court more than conjecture and surmise in support of the jurisdictional theory. | "A request for jurisdictional discovery must offer the court 'more than conjecture and surmise in support of [the] jurisdictional theory.' | Should a request for jurisdictional discovery offer the court more than conjecture and surmise in support of the jurisdictional theory? |
|---|---|---|---|---|---|
| 11516 | In Matter of CUA Autofinder, 387 B.R. 906, 913 (M.D. Ga. 2008) | 10 | Under Georgia law, right to subrogation can be modified or extinguished by contract or may be waived either expressly or by implication. | The right to subrogation can be modified or extinguished by contract or may be waived either expressly or by implication. | "Can a right to subrogation be modified or extinguished by contract, waived either expressly or by implication?" |
| 11518 | Salisbury v. New York Cent. R. Co., 220 A.D. 491, 493, 222 N.Y.S. 38, 41 (App. Div. 1927) | 1 | A binding "custom" must be certain, definite, uniform, and known, or so notorious that it would have been known to any person of reasonable prudence, who dealt with its subject, with the exercise of ordinary care. | 'A binding custom must be certain, definite, uniform, and known, or so notorious that it would have been known to any person of reasonable prudence who dealt with its subject with the exercise of ordinary care.' | What is required for a custom to become binding? |
| 11523 | In re Orshansky, 804 A.2d 1077, 1091 (D.C. 2002) | 4 | The place where a person lives is properly taken to be her domicile until facts adduced establish the contrary. | Woods, 465 A.2d 385, 387 (D.C.1983) (citations omitted), and "the place where a [person] lives is properly taken to be [her] domicile until facts adduced establish the contrary." | "Is the place where a person lives, taken to be his domicile until facts adduced establish the contrary?" |
| 11531 | Ashmore v. Mississippi Auth. on Educ. Television, 148 So. 3d 977, 981 (Miss. 2014) | 3 | The power to dismiss is inherent in any court of law or equity, being a means necessary for orderly expedition of justice and the court's control of its own docket. | The power to dismiss is inherent in any court of law or equity, being a means necessary for orderly expedition of justice and the court's control of its own docket. | Is the power to dismiss inherent in any court of law or equity? |
| 11538 | Leathers v. Active Realty, 317 Ark. 214, 216 (1994) | 2 | Tax cannot be imposed except by express words indicating that purpose and where there is ambiguity or doubt, it must be resolved in favor of taxpayer. | We first note the cardinal rule in construing tax legislation: a tax cannot be imposed except by express words indicating that purpose, and where there is ambiguity or doubt it must be resolved in favor of the taxpayer. | Can a tax be imposed by express statutory words indicating that purpose? |
| 11552 | Piper Jaffray & Co. v. Severini, 443 F. Supp. 2d 1016, 1020 (W.D. Wis. 2006) | 6 | A district court has broad discretion in deciding whether a plaintiff has waived its right to object to procedural irregularities in removal proceedings. | However, a district court has broad discretion in deciding whether a plaintiff has waived its right to object to procedural irregularities in removal proceedings. | "Where a continuance was granted as to one of defendants, has the plaintiff waived the right to object to the irregularity of the continuance?" |
| 11553 | Grant v. Espiritu, 470 S.W.3d 198, 201-202 (Tex. App. 2015) | 8 | If a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it. | Thus, if a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim *202  and must dismiss it. | "If a plaintiff is without standing to assert one of his claims, does the court lack jurisdiction over that claim and is required to dismiss it?" |
| 11555 | United States v. State of Md., 471 F. Supp. 1030 (D. Md. 1979) | 9 | The implied immunity of one government and its agencies from taxation by other should as a principle of statutory construction be narrowly restricted. | 927 (1939), that "the implied immunity of one government and its agencies from taxation by the other should as a principle of statutory construction be narrowly restricted. | Should the implied immunity of one government and its agencies from taxation by other be narrowly restricted? |

| | | | | | |
|---|---|---|---|---|---|
| 11559 | Florida v. Seminole Tribe of Florida, 181 F.3d 1237, 1243 (11th Cir. 1999) | 12 | Waivers of tribal sovereign immunity cannot be implied on the basis of a tribe's actions, but must be unequivocally expressed. | The Supreme Court has made it plain that waivers of tribal sovereign immunity cannot be implied on the basis of a tribe's actions, but must be unequivocally expressed. | Can the waiver of tribal sovereign immunity be implied on the basis of a tribe's actions? |
| 11565 | In re Estate of Slaughter, 305 S.W.3d 804, 808 (Tex. App. 2010) | 6 | A "mineral estate" consists of five interests: (1) the right to develop, (2) the right to lease, (3) the right to receive bonus payments, (4) the right to receive delay rentals, and (5) the right to receive royalty payments. | "A mineral estate consists of five interests: 1) the right to develop, 2) the right to lease, 3) the right to receive bonus payments, 4) the right to receive delay rentals, and 5) the right to receive royalty payments." | What are the five interests that a mineral estate consists of? |
| 11566 | Townsend v. Feinberg, 659 So. 2d 1218, 1219 (Fla. Dist. Ct. App. 1995) | 2 | Prior to exercising its discretion to grant dismissal based on failure to comply with court order, court must make finding that failure to comply was willful or contumacious, and failure to make requisite findings in order of dismissal constitutes reversible error, and inclusion of "magic words" does not necessarily cure error. | Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious. In the case at bar, there was no finding in the order of dismissal that appellant's failure to attend her IME or her deposition was "willful or contumacious" or that appellant's action, or non-action, resulted in prejudice to appellee. The failure to make the requisite findings in the order of dismissal constitutes reversible error. See Commonwealth Federal Savings and Loan Assn. v. Tubero, 569 So.2d 1271 (Fla.1990); In re the Forfeiture of Twenty Thousand Nine Hundred Dollars ($20,900) U.S. Currency, 539 So.2d 14 (Fla. 4th DCA 1989). 3 We do not mean to imply that the mere inclusion of the "magic words" in the order of dismissal would have cured the error in this case. | "In the requisite written finding of wilfulness, are magic words required or only a finding that the conduct upon which the order is based was equivalent to wilfulness or deliberate disregard?" |
| 11569 | Verploegh v. Gagliano, 396 Ill. App. 3d 1041, 1044, 922 N.E.2d 428, 431 (2009) | 1 | In response to motion to dismiss, the plaintiff has the burden to prove reasonable diligence to obtain service of process. Sup.Ct.Rules, Rule 103(b). | The plaintiff has the burden to prove reasonable diligence to obtain service of process. Segal v. Sacco, 136 Ill.2d 282, 286, 144 Ill.Dec. 360, 555 N.E.2d 719, 720 (1990). We review a decision to grant a motion to dismiss pursuant to Supreme Court Rule 103(b) for an abuse of discretion. | "In response to motion to dismiss, does the plaintiff have the burden to prove reasonable diligence to obtain service of process?" |

| | | | | |
|---|---|---|---|---|
| 11574 | Landise v. Mauro, 141 A.3d 1067, 1077 (D.C. 2016) | 9 | Dismissal should not be imposed as a sanction for failing to comply with a court order where the failure of a party to comply with the order is inadvertent or excusable. Civil Rule 41(b). | Super. Ct. Civ. R. 41(b) provides in relevant part that "[f]or failure of the plaintiff to prosecute or to comply with these Rules or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant." This court has explained that "a dismissal for failure to prosecute 'generally rests within the broad discretion of the trial judge, to be disturbed only in case of obvious abuse.' " Dobbs v. Providence Hosp., 736 A.2d 216, 219–20 (D.C.1999) (quoting Taylor v. Washington Hosp. Ctr., 407 A.2d 585, 590 (D.C.1979), cert. denied, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980)). At the same time, we have recognized that dismissal under Rule 41(b) is "an extreme sanction which should be granted only sparingly or in extraordinary circumstances": Among the factors which the trial court should consider are: (1) the nature of the party's conduct, including whether it was willful; (2) the length of any delay in complying with the court's order; (3) the reasons for the delay; and (4) any prejudice to the opposing party. Dismissal should not be imposed where the failure of a party to | Should a dismissal be imposed as a sanction for failing to comply with a court order where the failure of a party to comply with the order is inadvertent or excusable? |
| 11580 | Fox v. Merrill Lynch & Co., 453 F. Supp. 561, 567 (S.D.N.Y. 1978) | 9 | If it is not practical to separate a party's arbitrable and nonarbitrable claims, it may be appropriate to deny arbitration of any of the claims, or to defer arbitration until after adjudication of nonarbitrable disputes; however, if arbitrable and nonarbitrable portions of controversy are separable, it is proper to stay judicial proceedings pending arbitration. | If it is not practical to separate a party's arbitrable and nonarbitrable claims, it may be appropriate to deny arbitration of any of the claims, or to defer arbitration until after adjudication of the nonarbitrable disputes. Sibley v. Tandy Corp., 543 F.2d 540, 543 (5th Cir. 1976), Cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977) (dictum); See American Safety Equipment Corp. v. J. P. Maguire & Co., 391 F.2d 821, 828 (2d Cir. 1968); Shapiro v. Jaslow, 320 F.Supp. 598, 560 (S.D.N.Y.1970). However, if the arbitrable and nonarbitrable portions of the controversy are separable, it is proper to stay judicial proceedings pending arbitration. | Is it appropriate to deny arbitration if it is not practical to separate a partys arbitrable and non arbitrable claims? |

| 11585 | Brady v. Sec. Home Inv. Co., 640 S.W.2d 731, 734 (Tex.App. 14 Dist.,1982) | 1 | Grantor may reserve mineral rights and may also reserve royalties, bonuses and rentals, either one, more, or all. | A grantor may reserve mineral rights and may also reserve royalties, bonuses and rentals, either one, more, or all. | "Can a grantor reserve minerals or mineral rights and also royalties, bonuses, and rentals?" |
|---|---|---|---|---|---|
| 11587 | MacLeod v. Fernandez, 101 F.2d 20, 23 (1st Cir. 1938) | 4 | A "pension" granted by public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right, and the pension is terminable at the will of the grantor, either in whole or in part. | The unquestioned rule is that a pension granted by the public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right; and that a pension is accordingly terminable at the will of the grantor, either in whole or in part. | Are pensions terminable at the will of the grantor? |
| 11590 | Masons Concrete of Crystal River v. Corbin Well Pump & Supply, 364 So. 2d 824, 825 (Fla. Dist. Ct. App. 1978) | 2 | When party fails to comply with pretrial order, the sanction imposed must be commensurate with the offense. | As we have stated before, when a party fails to comply with a pretrial order "the sanction imposed must be commensurate with the offense." | "When a party fails to comply with a pretrial order, must sanctions be commensurate with offense?" |
| 11591 | Landeche v. McSwain, 96-0959 (La. App. 4 Cir. 2/5/97) (1997) | 9 | Trial court is endowed with inherent power to enforce its lawful pretrial orders and to attach sanctions for noncompliance and is vested with much discretion in selecting appropriate sanctions. | A trial court is endowed with the inherent power to enforce its lawful pre-trial orders and to attach sanctions for non-compliance and is vested with much discretion in selecting the appropriate sanctions. | "Where a party fails to follow a trial court's pretrial order, is it the burden of that party to show why he failed to comply it?" |
| 11592 | In re Estate of Gordon, 222 Mich. App. 148, 157-58 (1997) | 8 | Complete failure of service, such as failure to serve summons with complaint within time for service, warrants dismissal for improper service of process. | However, a complete failure of service, e.g., failure to serve the *158 summons with the complaint within the time for service, warrants dismissal for improper service of process. | Does complete failure of service warrant dismissal for improper service of process? |
| 11595 | Thomas v. N. Carolina Dep't of Hum. Res., 124 N.C. App. 698, 705, 478 S.E.2d 816, 820 (1996) | 1 | In state court, exclusion of moot questions is considered principle of judicial restraint, while in federal court mootness doctrine is considered to have constitutional jurisdictional underpinnings. | In State court, the exclusion of moot questions is considered "a principle of judicial restraint ...," N.C. Council of Churches v. State of North Carolina, 120 N.C.App. 84, 88, 461 S.E.2d 354, 357 (1995), aff'd, 343 N.C. 117, 468 S.E.2d 58 (1996), while in federal court the mootness doctrine is considered to have constitutional jurisdictional underpinnings. | When does exclusion of moot questions in state courts apply? |

| 11598 | Vieira v. Doe, 813 So. 2d 1030, 1031 (Fla. Dist. Ct. App. 2002) | 1 | Where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper; this power should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. | We recognize that " 'where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper.' " Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999)(quoting Savino v. Fla. Drive In Theatre Mgmt., Inc., 697 So.2d 1011, 1012 (Fla. 4th DCA 1997)). This power, however, "should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing." | Is dismissal of the entire case proper where a party perpetrates a fraud on the court which permeates the entire proceedings? |
|---|---|---|---|---|---|
| 11599 | A.D. v. State, 736 N.E.2d 1274, 1276 (Ind. Ct. App. 2000) | 5 | When the controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed. | When the controversy at issue in a case "has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed." | Will a case be dismissed when the controversy at issue in a case has been ended or settled? |
| 11600 | Cherubino v. Fenstersheib & Fox, P.A., 925 So. 2d 1066, 1068(Fla. Dist. Ct. App. 2006) | 4 | Where a party perpetrates a fraud on the court which permeates the entire proceedings, dismissal of the entire case is proper. | To this end, 'where a party perpetrates a fraud on the court which permeates the entire case is proper.' " | "Where a party perpetrates a fraud on the court which permeates the entire proceedings, is a dismissal of the entire case proper?" |
| 11629 | United States v. Babcock, 339 F. Supp. 1281, 1282 (D. Minn. 1972) | 2 | Registrant seeking to present prima facie showing of qualification for IV-D classification must show that the ministry is his vocation rather than merely an avocation and must show he regularly conducts religious activities and that he had recognized standing as a minister to a congregation. | It has been held that a registrant seeking to present a prima facie showing of qualification for a IV-D classification must show that the ministry is his vocation rather than merely an avocation. It is also necessary that he show he regularly conducts religious activities and that he have recognized standing as a minister to a congregation. | Will a registrant qualify for a ministerial classification if ministry is his vocation? |
| 11630 | State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477, 480 (Tex. App. 1987), writ denied (Mar. 23, 1988) | 4 | Assignee obtains only right, title and interest of his assignor at time of assignment and thus, may recover only those damages potentially available to assignor. | An assignee obtains only the right, title, and interest of his assignor at the time of his assignment, and no more.  Houchins v. Scheltz, 590 S.W.2d 745, 751 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); Carter v. Associates Discount Corp., 550 S.W.2d 399, 401 (Tex.Civ.App.—Amarillo 1977, no writ). Accordingly, an assignee may recover only those damages potentially available to his assignor. | What rights does an assignee obtain from the assignor at the time of assignment? |

| 11640 | LaRouche v. Fed. Election Comm'n, 28 F.3d 137, 142 (D.C. Cir. 1994) | 6 | Private party asserting estoppel against United States Government must demonstrate that the latter has engaged in affirmative misconduct. | A private party asserting estoppel against the United States Government must demonstrate, however, that the latter has engaged in "affirmative misconduct," Conax Florida Corp. | Should a party asserting estoppel against the government show affirmative misconduct? |
| 11656 | E. Cleveland v. Landingham, 97 Ohio App. 3d 385, 389, 390(Ohio Ct. App. 1994) | 2 | "Domicile" implies such nexus between person and place of permanence as to control creation of legal relations and responsibilities of the utmost significance. | "Domicil implies a nexus between person and place of such permanence as to *390 control the creation of legal relations and responsibilities of the utmost significance." | Does domicile imply a nexus between a person and a place of permanence? |
| 11660 | Anzalone v. Admin. Office of Trial Court, 457 Mass. 647, 652 (Mass. 2010) | 2 | Modern rules of pleading permit alternative pleading; relief may be granted if one of the alternative grounds pleaded is sufficient, despite the insufficiency of any remaining alternative grounds. | "Modern rules of pleading permit alternative pleading." Matter of Hilson, 448 Mass. 603, 613, 863 N.E.2d 483 (2007). See Mass. R. Civ. P. 8(e)(2), 365 Mass. 749 (1974). Relief may be granted if one of the alternative grounds pleaded is sufficient, despite the insufficiency of any remaining alternative grounds. | Do modern rules of pleading permit alternative pleading? |
| 11663 | Bell v. Kelso Oil Co., 597 S.W.2d 731, 734 (Tenn. 1980) | 3 | Law of tort causation, wherein liability is predicated upon fault and nullified by contributory fault, is not applicable in workmen's compensation cases. | Thus, the law of tort causation, wherein liability is predicated upon fault and nullified by contributory fault, is not applicable in workmen's compensation cases. | Does the law of tort causation apply in workmens compensation? |
| 11665 | Virginia Elec. & Power Co. v. Buchwalter, 228 Va. 684, 688, 325 S.E.2d 95, 97 (1985) | 2 | Party who purports to convey estate is estopped as against his grantee from asserting anything in derogation thereof; grantor cannot deny his title to prejudice of his grantee. | It is well established that a party who purports to convey an estate is estopped as against his grantee from asserting anything in derogation thereof. That is to say, a grantor cannot deny his title to the prejudice of his grantee. | Is a party who purports to convey an estate estopped from asserting anything in derogation thereof? |
| 11668 | Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431, 442 (2008) | 2 | Unlike a special assessment, a tax can be levied without reference to peculiar benefits to particular individuals or property. | Unlike a special assessment, a tax can be levied ' "without reference to peculiar benefits to particular individuals or property." ' | Must a tax be levied with reference to peculiar benefits to particular individuals or property? |
| 11672 | Robinson v. Gentry, 106 S.W.2d 913, 916 (Mo. App. 1937) | 1 | Generally, transfer of negotiable promissory note which has been indorsed "for collection" does not pass title to indorsee nor authorize indorsee to sell or indorse note to another, and purchaser from indorsee does not get title. | The general rule is that the transfer of a negotiable promissory note which has been indorsed "for collection" does not pass title in the instrument to an indorsee. Such a restrictive indorsement does not authorize the indorsee to sell or to indorse the note to another, and any person buying such a note with such a restrictive indorsement from such an indorsee does not receive title to the note. | Is the transfer of a negotiable promissory note which has been indorsed for collection pass title in the instrument to an indorsee? |

| | | | | | |
|---|---|---|---|---|---|
| 11675 | Piggly Wiggly Operators' Warehouse v. Piggly Wiggly Operators' Warehouse Indep. Great Truck Drivers Union, Local No. 1, 611 F.2d 580, 583 (5th Cir. 1980) | 4 | Judicial deference to arbitration does not grant carte blanche approval to any decision an arbitrator might make; arbitrator's authority is circumscribed by the arbitration agreement, and he can bind parties only on issues that they have agreed to submit to him, and whether an arbitrator has exceeded those bounds is an issue for judicial resolution. | Judicial deference to arbitration, however, does not grant carte blanche approval to any decision an arbitrator might make.  The arbitrator's authority is circumscribed by the arbitration agreement, and he can bind the parties only on issues that they have agreed to submit to him. Whether an arbitrator has exceeded these bounds is an issue for judicial resolution. | Does judicial deference to arbitration grant carte blanche approval to any decision an arbitrator makes? |
| 11676 | Siam Feather & Forest Prod. Co. v. Midwest Feather Co., 503 F. Supp. 239, 242–43 (S.D. Ohio 1980) | 7 | Party may file answer to complaint, or even file answer and counterclaim without waiving its right to arbitration. | For example, a party may file an answer to a complaint, e. g., *243  ITT World Communications, Inc. v. Communications Workers of America, 422 F.2d 77 (2d Cir. 1970); or even file an answer and a counterclaim without waiving its right to arbitration, e. g., General Guaranty Ins. Co. v. New Orleans General Agency, Inc., 427 F.2d 924 (5th Cir. 1970). | Can a party file an answer to a complaint without waiving its right to arbitration? |
| 11677 | Kreps v. C. I. R., 351 F.2d 1, 9 (2d Cir. 1965) | 10 | The equity test of "insolvency" equates insolvency with a lack of liquid funds, or the inability to pay one's debts in the ordinary course of business as the debts mature. | The equity test of insolvency equates insolvency with a lack of liquid funds, or the inability to pay one's debts in the ordinary course of business as the debts mature. | What does the equity test of insolvency equate insolvency to? |
| 11682 | Bologna Bros. v. Morrissey, 154 So. 2d 455, 459-60 (La. Ct. App. 1963) | 5 | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | It is settled in Louisiana that every endorsement, accommodation or otherwise, is essentially an *460  original contract, equivalent to a new note or bill in favor of the holder and that accommodation paper is governed by the same rules as other paper. | Is an accommodation paper governed by the same laws as other paper? |
| 11683 | Deutsche Bank Nat. Tr. Co. v. Monica, 131 A.D.3d 737, 739, 15 N.Y.S.3d 863, 866 (2015) | 7 | Where a plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff, such party is a holder of the note and entitled to enforce the instrument. | "[W]here [a] plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears special indorsement payable to the order of the plaintiff," such party is a holder of the note and entitled to enforce the instrument (Wells Fargo Bank, NA v. Ostiguy, 127 A.D.3d at 1376, 8 N.Y.S.3d 669; see Nationstar Mtge., LLC v. Davidson, 116 A.D.3d 1294, 1296, 983 N.Y.S.2d 705 [2014], lv. denied 24 N.Y.3d 905, 2014 WL 4637016 [2014]; see also Hartford Acc. & Indem. Co. v. American Express Co., 74 N.Y.2d 153, 159, 544 N.Y.S.2d 573, 542 N.E.2d 1090 [1989] ). | Who can be a holder of a note? |

| 11688 | LaChance v. U.S. Smokeless Tobacco Co., 156 N.H. 88, 93 (2007) | 3 | A motion seeking judgment based solely on the pleadings is generally in the nature of a motion to dismiss for failure to state a claim. | In general, a motion seeking judgment based solely on the pleadings is in the nature of a motion to dismiss for failure to state a claim. | Is a motion to dismiss for failure to state a claim based on pleadings? |
|---|---|---|---|---|---|
| 11690 | Lane v. Oustalet, 873 So. 2d 92, 95-96 (Miss. 2004) | 3 | The law of agency generally imputes knowledge and information received by an agent in conducting the business of a principal to the principal, even where that knowledge or information is not communicated by the agent to the principal. | The law of agency generally imputes knowledge and information received by an agent in conducting the business of a principal to the principal, even where that knowledge or information is not communicated by the agent to the *96 principal. | Does law of agency impute knowledge of an agent to principal? |
| 11693 | In re Mason's Est., 194 Misc. 308, 310, 86 N.Y.S.2d 232, 233 (Sur. 1948) | 1 | A check is a mere order for payment of money and authority of payee as agent of maker is revoked by death of maker prior to time check is cashed. | A check is a mere order for the payment of money. The authority of the payee as agent of the maker is revoked by the death of the maker prior to the time the check is cashed, Glennan v. Rochester Trust & Safe Deposit Co., 209 N.Y. 12, 102 N.E. 537, 52 L.R.A.,N.S., 302, Ann.Cas.1915A, 441; Curry v. Powers, 70 N.Y. 212, 26 Am.Rep. 577; Harris v. Clark, 3 N.Y. 93, 51 Am.Dec. 352; Matter of Mead, 90 Misc. 263, 154 N.Y.S. 667, affirmed 173 App.Div. 982, 159 N.Y.S. 1128, affirmed 221 N.Y. 645, 117 N.E. 1076. | Does the death of a principal revoke the authority of an agent to collect the check? |
| 11704 | Baske v. Burke, 125 Cal. App. 3d 38, 43, 177 Cal. Rptr. 794, 797 (Ct. App. 1981) | 2 | Law favors trial on the merits and looks with disfavor upon party who seeks to take advantage of excusable mistake or neglect of his adversary. | The law favors trial on the merits and looks with disfavor upon a party who seeks to take advantage of the excusable mistake or neglect of his adversary. | Does law favor trial on the merits? |
| 11713 | Myers v. City of Palmyra, 355 S.W.2d 17, 18 (Mo. 1962) | 3 | Petition is not to be held insufficient merely because of lack of definiteness or certainty in allegation or because of informality in statement of essential fact. | A petition is not to be held insufficient merely because of a lack of definiteness or certainty in allegation or because of informality in the statement of an essential fact. | Will a petition be held insufficient for lack of definiteness or certainty in allegation? |
| 11717 | O.S.G. by L.G. v. G.B., Jr., 805 S.W.2d 704, 706 (Mo. Ct. App. 1991) | 4 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of the delay but attendant circumstances. | In deciding whether to order dismissal for failure to prosecute, a trial court may consider not only the length of delay, but attendant circumstances. | What should the court consider in determining whether to dismiss for want of prosecution? |
| 11720 | Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) | 2 | Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, plaintiff bears burden of demonstrating that jurisdiction is appropriate. | Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. | "When a defendant supports its motion to dismiss for lack of personal jurisdiction with affidavits, is the burden on a plaintiff to make a prima facie showing of personal jurisdiction over a defendant?" |

| 11721 | Berman v. Griggs, 145 Me. 258, 262–63 (Me. 1950) | 2 | Attorney within scope of authority represents client, and his acts of omission as well as of commission are regarded as acts of party he represents. | An attorney within the scope of his authority represents his client. His acts of omission, as well as commission, are to be regarded as the acts of the *263 party he represents. | Do attorneys acts of omission and commission regard as acts of the party he represents? |
|---|---|---|---|---|---|
| 11728 | Roberts v. Clark, 188 S.W.3d 204, 213 (Tex. App. 2002) | 24 | "Estoppel" is defined in general as conduct which causes the other party to materially alter his position in reliance on that conduct. | Estoppel is defined in general as conduct which causes the other party to materially alter his position in reliance on that conduct. | Is estoppel defined as conduct which causes the party to materially alter his position in reliance on that conduct? |
| 11729 | Klaas v. Haueter, 49 Wash. App. 697, 700 (1987) | 1 | Signatures of both spouses are required to transfer community real property; joinder requirement extends to agreement to list community real property for sale with broker. | Generally, the signatures of both spouses are required to transfer community real property. 2  The joinder requirement extends to an agreement to list community real property for sale with a broker. | Does the law require joinder of both spouses for contracts to convey or transfer community property? |
| 11733 | St. Clair Area Sch. Dist. Bd. of Educ. v. E.I. Assocs., 733 A.2d 677, 681 (Pa. Cmmw. Ct. 1999) | 4 | A grant of a judgment of non pros is based on the equitable principle of laches and not upon a statute of limitations. | A grant of a judgment of non pros, however, is based on the equitable principle of laches and not upon a statute of limitations. | "Is granting of non pros. founded on equitable principle of laches, and not statute of limitations?" |
| 11734 | Olson v. Accessory Controls & Equip. Corp., 54 Conn. App. 506, 515 (Conn. App. Ct. 1999) | 4 | Motion to dismiss admits all facts well-pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | "In addition to admitting all facts well pleaded, does a motion to dismiss invoke any record that accompanies the motion?" |
| 11739 | Bethesda Lutheran Church v. Twin City Const. Co., 356 N.W.2d 344, 349 (Minn. Ct. App. 1984) | 9 | Equitable estoppel is a doctrine designed to prevent a party from taking unconscionable advantage of its own actions. | Equitable estoppel is a doctrine designed to prevent a party from taking unconscionable advantage of his own actions. | Is equitable estoppel designed to prevent a party from taking unconscionable advantage of his own actions? |
| 11742 | Olson v. Accessory Controls & Equipment Corp., 54 Conn. App. 506, 515 (Conn. App. Ct. 1999) | 4 | Motion to dismiss admits all facts well-pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. | Does a motion to dismiss admit all facts well pleaded and invokes any record that accompanies a motion? |
| 11743 | Atkins v. Jester, 309 S.W.3d 418, 426 (Mo. Ct. App. 2010) | 15 | A dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment. | Assuming for the moment that the certification of a judgment as final for purposes of appeal pursuant to Rule 74.01(b) does not overcome the presumption that a dismissal otherwise silent on the issue is deemed a dismissal without prejudice, "a dismissal without prejudice for failure to state a claim upon which relief can be granted can be tantamount to a determination that the plaintiff has no cause of action and can result in a final, appealable judgment." | "Does the dismissal without prejudice for failure of the petition to state a claim, when the party elects not to plead further, amount to a determination that the plaintiff has no action?" |

| 11744 | Univ. of Texas at El Paso v. Herrera, 281 S.W.3d 575, 578 (Tex. App. 2008), rev'd, 322 S.W.3d 192 (Tex. 2010) | 1 | When a lawsuit is barred by sovereign immunity, the trial court lacks subject-matter jurisdiction, and dismissal with prejudice is proper. | When a lawsuit is barred by sovereign immunity, the trial court lacks subject matter jurisdiction, and dismissal with prejudice is proper. | Is a dismissal with prejudice appropriate when trial court lacks subject matter jurisdiction because of a sovereign immunity bar? |
|---|---|---|---|---|---|
| 11748 | State v. Gerard, 627 So. 2d 174, 176 (La. 1993) | 1 | Date and time are not essential elements of burglary, and bill of information charging that offense occurred "on or about" a certain date is valid, especially when a date reasonably near is established. | Date and time are not essential elements of burglary, and a bill of information charging that the offense occurred "on or about" a certain date is valid, State v. Guillot, 200 La. 935, 9 So.2d 235 (1942),especially when a date "reasonably near is established." | Is time an element of burglary? |
| 11752 | Clear Channel Outdoor v. Mayor & City Council of Baltimore, 153 F. Supp. 3d 865, 870(D. Md. 2015) | 10 | The "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large. | "The 'classic tax' is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large." | Is a classic tax imposed by the legislature upon a large segment of society? |
| 11754 | Cockrell v. Taylor, 347 Mo. 1, 11 (Mo. 1940) | 10 | While "endorsement of note" must be made by written signature on back of instrument itself, "assignment of note or mortgage" may be by separate instrument, or even by parol. | While an endorsement must be made by written signature on the back of the instrument itself, an assignment of a note or mortgage may be by separate instrument or even by parol. | Can the assignment of a note or mortgage be made by parol? |
| 11761 | Reilly v. Reid, 45 N.Y.2d 24, 28, 379 N.E.2d 172, 175 (1978) | 4 | Considerations of judicial economy as well as fairness to parties mandate, at some point, an end to litigation, and afterthoughts or after discoveries, however understandable and morally forgivable, are generally not enough to create a right to litigate anew. | Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation. Afterthoughts or after discoveries however understandable and morally forgivable are generally not enough to create a right to litigate anew. | Does the considerations of judicial economy as well as fairness to the parties mandate an end to litigation? |
| 11763 | Keim v. Kalbfleisch, 57 Ill.App.3d 621, 624 (Ill.App. 5 Dist., 1978) | 5 | A dismissal "with prejudice" is as conclusive of rights of parties as if suit had been prosecuted to a final adjudication adverse to plaintiffs. | Furthermore, a dismissal "with prejudice" is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. | Is dismissal with prejudice deemed to be as conclusive of rights of parties as if a matter had proceeded to trial and been resolved by final judgment adverse to a plaintiff? |
| 11780 | In re NetBank, 459 B.R. 801, 816 (M.D. Fla. 2010) | 6 | Essential characteristic of agency relationship is that agent acts subject to principal's direction and control. | An essential characteristic of an agency relationship is that the agent acts subject to the principal's direction and control. | Is it an essential characteristic of agency relationship that the agent acts are subject to principal's control? |
| 11783 | State v. Commercial Loan Co., 251 Ala. 672, 675 (1948) | 4 | The word "tax", unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory purposes, and thus license fees are commonly called taxes, though strictly speaking they may be a charge or fee rather than a tax. | The foregoing Alabama authorities demonstrate that the word tax, unless expressly defined, is inclusive of both levies for revenue purposes and levies for regulatory **574 purposes. In other words license fees are commonly called taxes even though strictly speaking they may be a charge or fee rather than a tax. | "Without expressly defined, can the word tax be inclusive of both levies for revenue purposes and levies for regulatory purposes?" |

| 11792 | Rankin v. Colman, 476 So. 2d 234, 238 (Fla. Dist. Ct. App. 1985) | 8 | Where an affirmative defense appears on face of a pleading, it may be argued as basis for motion to dismiss. | Although the defense of sovereign immunity is an affirmative defense, where an affirmative defense appears on the face of a pleading, it may be argued as a basis for a motion to dismiss. | Can an affirmative defense that appears on face of a pleading be argued as basis for motion to dismiss? |
| 11794 | Whitfield v. Whitfield, 161 So. 2d 256, 258 (Fla. Dist. Ct. App. 1964) | 3 | Affirmative defenses should be pleaded in answer to complaint and are not properly presented for trial on hearing on motion to dismiss. | Affirmative defenses should be pleaded in answer to a complaint, and are not properly presented for trial on a hearing on motion to dismiss. | Are affirmative defenses properly presented for trial on hearing on motion to dismiss? |
| 11796 | Murray v. Fleischaker, 949 S.W.2d 203, 205 (Mo. Ct. App. 1997) | 4 | For affirmative defense to be sustained merely upon motion to dismiss, defense must be irrefutably established by plaintiffs' pleadings. | For an affirmative defense to be sustained merely upon a motion to dismiss, the defense must be irrefutably established by plaintiffs' pleadings. | Will a motion to dismiss be sustained if the defense is irrefutably established by the pleadings? |
| 11802 | In re Hughes, 513 S.W.3d 28. 34 (Tex. App. 2016) | 12 | For an agency relationship to exist, there must be (1) a meeting of the minds between the parties to establish the relationship, and (2) some act constituting the appointment of the agent. | For an agency relationship to exist, there must be (1) a meeting of the minds between the parties to establish the relationship, and (2) some act constituting the appointment of the agent. | Should there be some act constituting the appointment of an agent for an agency relationship to exist? |
| 11807 | League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755, 768 (C.D. Cal. 1995) | 11 | Since power to regulate immigration is unquestionably exclusively federal power, any state statute which regulates immigration is constitutionally proscribed. | Since the "[p]ower to regulate immigration is unquestionably exclusively a federal power," id. at 354, 96 S.Ct. at 936, any state statute which regulates immigration is "constitutionally proscribed." Id. | Are state statutes that regulate immigration per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution? |
| 11808 | I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) | 3 | Consistent with civil nature of a deportation proceeding, various protections that apply in context of a criminal trial do not apply in a deportation hearing. | Consistent with the civil nature of a deportation proceeding, various protections that apply in the context of a criminal trial do not apply in a deportation hearing. | Do protections which apply in the context of a criminal trial apply in a deportation hearing? |
| 11812 | Schafer v. City of Los Angeles, 237 Cal. App. 4th 1250,  1263 (Cal. Ct. App. 2015) | 10 | Estoppel can be invoked in the land use context in only the most extraordinary case where the injustice is great and the precedent set by the estoppel is narrow. | Accordingly, estoppel can be invoked in the land use context in only 'the most extraordinary case where the injustice is great and the precedent set by the estoppel is narrow.' | Can estoppel be invoked in the land use context only in the most extraordinary case? |
| 11813 | Burton v. Nat'l Bank of Commerce of Dallas, 679 S.W.2d 115, 117(Tex. App. 1984) | 3 | Waiver is a unilateral act performed solely by a party in whom a legally enforceable right exists; estoppel arises when his adversary acts in accordance therewith, to his detriment. | Waiver is a unilateral act performed solely by a party in whom a legally enforceable right exists; estoppel arises when his adversary acts in accordance therewith, to his detriment. | Is waiver a unilateral act? |
| 11814 | Greater Wilmington Transp. Auth. v. Kline, 285 A.2d 819, 822 (Del. 1971) | 2 | Granting of franchises to operate a public utility is an exercise of legislative function of the sovereign, which may be delegated by statute to a duly designated agency or commission. | The granting of franchises to operate a public utility is an exercise of the legislative function of the sovereign, which may be delegated by statute to a duly designated agency or commission. | Is granting of a franchise a legislative act? |

| 11819 | McCoy v. Martinez, 480 S.W.3d 420, 424 (E.D. Mo. 2016) | 7 | Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes on its face and without exception that the claim is barred. | Dismissal based on an affirmative defense may be appropriate if the petition clearly establishes "on its face and without exception" that the claim is barred. | When can a dismissal based on an affirmative defense be considered appropriate? |
|---|---|---|---|---|---|
| 11822 | Licking v. Hays Lumber Co., 146 Neb. 240, 243 (1945) | 2 | An excise tax, using the term in its broad meaning as opposed to a property tax, includes taxes sometimes designated by statute as privilege taxes, license taxes, occupation taxes, and business taxes. | An excise tax, using the term in its broad meaning as opposed to a property tax, includes taxes sometimes designated by statute or referred to as privilege taxes, license taxes, occupation taxes, and business taxes.' | "Are occupation taxes and sales taxes ""excise taxes?" |
| 11823 | Anthony v. City of Omaha, 283 Neb. 868, 877 (Neb. 2012) | 7 | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | A sales tax, on the other hand, is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | "Is a ""sales tax"" a tax on the sale of tangible personal property?" |
| 11825 | Com. v. Elliffe, 47 Mass. App. Ct. 580, 582 (Mass. App. Ct. 1999) | 3 | Elements of threatening a crime include an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat. | "The elements of threatening a crime include an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." | What are the elements of threatening a crime? |
| 11829 | United States v. Lemons, 67 F. Supp. 985, 988 (W.D. Mo. 1946) | 5 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | The law of the state in which a check, or negotiable instrument, is executed, determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the formal and essential validity of a check? |
| 11832 | Nat'l Life Real Est. Holdings, LLC v. Scarlato, 2017 IL App (1st) 161943, ¶ 42, 83 N.E.3d 44, 58 | 14 | Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right; conversely, forfeiture is the failure to make the timely assertion of the right. | [W]aiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." (Internal quotation marks omitted.) Gallagher v. Lenart, 226 Ill. 2d 208, 229, 314 Ill.Dec. 133, 874 N.E.2d 43 (2007). Conversely, forfeiture is the "failure to make the timely assertion of the right." | Does waiver arise from an affirmative act? |
| 11834 | Burtchell v. Willey, 147 Me. 339, 344 (Me. 1952) | 19 | One driving an automobile in heavy fog has the right to proceed at a reasonable speed consistent with the existing conditions. | The driver of an automobile passing through **662 fog has the right to proceed at a reasonable speed, consistent with the existing conditions. | Will the driver of an automobile in heavy fog be held liable for negligence if he proceeds at a reasonable speed consistent with the existing conditions? |

| 11835 | State v. Muolo, 119 Conn. 323, 326 (1935) | 1 | Abutting owner is presumed, in absence of contrary evidence, to own fee to center of highway, subject to an easement for public travel and such uses as are incident thereto. | Under the law of this state, the owner of land abutting upon a highway is presumed, in the absence of evidence to the contrary, to own the fee of the land to the center of the highway; the highway is but an easement for public travel and such uses as are incident thereto. | Does an abutting owner have all the rights incompatible with a public easement? |
|---|---|---|---|---|---|
| 11839 | Phillips v. Bradshaw, 859 S.W.2d 232, 234 (Mo. Ct. App. 1993) | 3 | Pleading which states no cause of action confers no subject matter jurisdiction on court and is subject to dismissal. | A pleading which states no cause of action confers no subject matter jurisdiction on a court and is subject to dismissal. | Can a pleading which states no cause of action confer subject matter jurisdiction on a court? |
| 11840 | St. Louis Univ. v. Hesselberg Drug Co., 35 S.W.3d 451, 454 (Mo. Ct. App. 2001) | 4 | Sustaining a motion to dismiss based on an affirmative defense requires that the defense be irrefutably established by the pleadings. | Sustaining a motion to dismiss based on an affirmative defense requires that the defense be irrefutably established by the pleadings. | Would a motion to dismiss be sustained based on an affirmative defense which requires that the defense be established by the pleadings? |
| 11843 | Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 1 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. See Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976); Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX.R. CIV. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court...." TEX.R. CIV. P. 165a(2).3 In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. See Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.1980); Williams, 543 S.W.2d at 90. | Does a court have inherent power to dismiss a case for want of prosecution? |
| 11851 | Wood v. Phillips, 823 So. 2d 648, 653 (Ala. 2001) | 6 | There is no settled test for determining the existence of a partnership; that determination is made by reviewing all the attendant circumstances, including the right to manage and control the business. | "There is no settled test for determining the existence of a partnership. That determination is made by reviewing all the attendant circumstances, including the right to manage and control the business." Vance v. Huff, 568 So.2d 745, 748 (Ala.1990). | Can the existence of a partnership be determined by all the attendant circumstances? |

| | | | | | |
|---|---|---|---|---|---|
| 11853 | Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So. 2d 178, 180 (Miss.,1998) | 1 | Power to dismiss an action for want of prosecution is part of a trial court's inherent authority; this power is a means necessary to the orderly expedition of justice and the court's control of its own docket. | "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990). This power is "a means necessary to the orderly expedition of justice and the court's control of its own docket." | Is the power to dismiss an action for want of prosecution a part of a court's inherent authority? |
| 11855 | Miller Bros. Co. v. State of Md., 347 U.S. 340, 342–43, 74 S. Ct. 535, 537–38, 98 L. Ed. 744 (1954) | 5 | Visible territorial boundaries do not always establish the limits of a state's taxing power or jurisdiction, and if there is some jurisdictional fact or event to serve as a conductor, the reach of the state's taxing power may be carried to objects of taxation beyond its borders. | But visible territorial boundaries do not always establish the limits of a state's taxing power or jurisdiction. In the last twenty years, revenue needs have come to exceed the demands that legislatures feel it expedient to make upon accumulated wealth or property with fixed location within the state. The states therefore have turned to taxing activities connected with the movement **538 *343 of commerce, such as exchange and consumption. If there is some jurisdictional fact or event to serve as a conductor, the reach of the state's taxing power may be carried to objects of taxation beyond its borders. | Do visible territorial boundaries establish the limits of a state's taxing power or jurisdiction? |
| 11857 | Bologna Bros. v. Morrissey, 154 So. 2d 455, 459-60 (La. Ct. App. 1963) | 5 | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | It is settled in Louisiana that every endorsement, accommodation or otherwise, is essentially an *460 original contract, equivalent to a new note or bill in favor of the holder and that accommodation paper is governed by the same rules as other paper. | Is an endorsement considered an original contract? |
| 11859 | Gutierrez v. Williams, 60 A.D.2d 827, 827, 401 N.Y.S.2d 229, 229 (1978) | 1 | Affidavit of merit must allege evidentiary facts which establish a viable cause of action. | An affidavit of merit must allege evidentiary facts which establish a viable cause of action and here we have no such affidavit by which the court may evaluate the nature of the condition complained of, the negligence attributable to defendants, how the accident happened and the relationship of the parties. | Should an affidavit of merit allege evidentiary facts which establish a viable cause of action? |

| 11863 | United States v. Perry, 55 F.2d 819, 821 (8th Cir. 1932) | 5 | "Total disability," as applied to war risk insurance, does not mean incapacity to do any work, and question is not whether insured works, but whether he is able to carry on gainful occupation. | They have practically unanimously held that 'total disability,' as the term is used with reference to these war risk insurance cases, does not mean incapacity to work at all. The question is, not whether the party works, but whether he is able to carry on a gainful occupation. | Does the term total and permanent disability mean that there is proof of absolute incapacity to do any work at all? |
| 11873 | United States v. Watson, 189 F.3d 496, 502(7th Cir. 1999) | 6 | Sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction; for this reason, a sentencing court may consider conduct of which a defendant has been acquitted as long as that conduct has been proven by a preponderance of the evidence. | As the Supreme Court explained in Watts, "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." Id. at 154, 117 S.Ct. 633. For this reason, a sentencing court may consider conduct of which a defendant has been acquitted as long as that conduct has been proven by a preponderance of the evidence. | Do sentencing enhancements increase defendant sentence because of manner in which he committed crime of conviction? |
| 11876 | State Farm Ins. Co. v. Lofstad, 278 A.D.2d 224, 225, 717 N.Y.S.2d 287, 288 (2000) | 2 | Innocent misleading of another party may estop one from claiming the benefits of his or her deception. | An innocent misleading of another party may estop one from claiming the benefits of his or her deception (see, Bucon, Inc. v. Pennsylvania Mfg. Assn. Ins. Co., 151 A.D.2d 207, 211, 547 N.Y.S.2d 925). | Can an innocent misleading of another party estop one from claiming the benefits of his deception? |
| 11886 | Caughman v. Columbia Y.M.C.A., 212 S.C. 337, 341 (S.C. 1948) | 4 | The definitions of "employer" contained in the compensation acts, or statements as to who shall be deemed employers, should be liberally construed in order to effectuate the purpose of the legislation. | Equally well settled is the rule that 'the definitions of 'employer' contained in the compensation acts, or statements as to who shall be deemed employers, should be broadly or liberally construed, in order to effectuate the purpose of the legislation. | How should the definition of employer in the compensation acts be construed? |
| 11897 | Calamari v. Drammis, 286 Ill. App. 3d 420, 435, 676 N.E.2d 281, 291 (1997) | 12 | Whether to allow amendment to complaint is within sound discretion of circuit court, and court does not abuse that discretion in denying party leave to amend pleading if that amendment will not cure defects in original pleading. | Whether to allow an amendment to a complaint is within the sound discretion of the circuit court. Regas v. Associated Radiologists, Ltd., 230 Ill.App.3d 959, 968, 172 Ill.Dec. 553, 595 N.E.2d 1223 (1992). The circuit court does not abuse its discretion in denying a party leave to amend a pleading if that amendment will not cure the defects in the original pleading. | Is the decision of the circuit court to grant or deny a party leave to amend its pleadings within its sound discretion? |

| | | | | | |
|---|---|---|---|---|---|
| 11902 | Neff v. State, 915 N.E.2d 1026, 1037 (Ind. Ct. App. 2009) | 26 | An acquittal is a ruling that actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. | An acquittal is a ruling that "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." | Is an acquittal a ruling that actually represents a resolution of some or all of the factual elements of the offense charged? |
| 11906 | Campbell v. Area Vocational Tech. Sch. No. 2, 183 Neb. 318, 324 (Neb. 1968) | 7 | Legislature has power to provide for administration of school district by appointive rather than elective boards and to authorize such appointive board to levy taxes. | It is within the power of the Legislature to provide for the administration of school districts by appointive rather than elective boards and to authorize such an appointive board to levy taxes. | Does the legislature have power to provide for administration of school district? |
| 11921 | Maryland Cas. Co. v. Nationwide Mut. Ins. Co., 81 Cal. App. 4th 1082, 1088, 97 Cal. Rptr. 2d 374, 377 (2000) | 1 | "Equitable subrogation" allows an insurer who paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss. | Equitable subrogation allows an insurer that paid coverage or defense costs to be placed in the insured's position to pursue a full recovery from another insurer who was primarily responsible for the loss. | What is the aim of equitable subrogation? |
| 11922 | Meas v. State Farm Fire & Cas. Co., 130 Wash. App. 527, 533 (Wash. Ct. App. 2005) | 4 | Subrogation has two features: the right to reimbursement and the mechanism for the enforcement of that right, which may arise by operation of law, termed "legal" or "equitable" subrogation, or by contract, called "conventional" subrogation. | Subrogation has two features: the right to reimbursement and the mechanism for the enforcement of that right. The right to reimbursement may arise by operation of law, termed "legal" or "equitable" subrogation, or by contract, called "conventional" subrogation. | What are the features to subrogation? |
| 11926 | Caltabiano v. L & L Real Estate Holdings II, 128 Conn. App. 84, 90 (Conn. App. Ct. 2011) | 6 | If the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint. | Furthermore, if the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint. | What are the options available to the plaintiff after a grant of motion to strike by the court? |
| 11927 | Moore v. Serafin, 163 Conn. 1, 6 (Conn. 1972) | 1 | The granting of injunctive relief in each case is within sound discretion of trial court exercised according to recognized principles of equity. | The granting of injunctive relief in each case is within the sound discretion of the trial court exercised according to recognized principles of equity. | Should an injunction ordinarily issued in the sound discretion of the court be granted on the basis of the situation as it exists at the time of trial? |
| 11930 | Conte v. Conte, 45 Conn. App. 235, 236 (Conn.App.,1997) | 5 | Where nonparty is aggrieved by ruling made in the context of ongoing action, that person's remedy is by writ of error rather than by appeal. | The appeal with respect to the last issue is dismissed because the attorney is not a party to this action and, "where a nonparty is aggrieved by a ruling made in the context of an ongoing action, that person's remedy is by writ of error rather than by appeal. | What remedy is available to a nonparty who is aggrieved by a ruling made in context of an on-going action? |
| 11939 | Hungerford v. Greate Bay Casino Corp., 213 N.J. Super. 398, 404 (App. Div. 1986) | 5 | Requests for admissions may not be used as tactical device to trap unwary pro se litigants. | Requests for admissions should not be used as a tactical device to trap unwary pro se litigants. | May requests for admissions not be used as a tactical device to trap unwary pro se litigants? |

| 11947 | United States v. Ruiz, 59 F.3d 1151, 1154(11th Cir. 1995) | 1 | Criminal defendant has right to have jury instructed on her theory of defense, separate and apart from instructions given on elements of charged offense. | A criminal defendant has the right to have the jury instructed on her theory of defense, separate and apart from instructions given on the elements of the charged offense. | Does a defendant have the right to a theory of defense that explains their intent to be included in bribery jury instruction? |
|---|---|---|---|---|---|
| 11962 | Am. Sterling Bank v. Johnny Mgmt. LV, 126 Nev. 423, 428 (2010) | 6 | Equitable subrogation is an equitable remedy that requires a court to balance the equities based on the facts and circumstances of each particular case. | However, equitable subrogation is also an equitable remedy that requires the court to balance the equities based on the facts and circumstances of each particular case. | "As with any equitable remedy, should the court consider the facts and circumstances of each particular case?" |
| 11964 | Muller Fuel Oil Co. v. Ins. Co. of N. Am., 95 N.J. Super. 564, 576 (App. Div. 1967) | 10 | The essence of an action for malicious prosecution is that the proceeding was instituted without probable cause, that the complainant was actuated by a malicious motive in making the charge. | The Essence of an action for malicious prosecution is that the proceeding was instituted without probable cause, that the complainant was actuated by a malicious motive in making the charge.' | What is the essence of a cause of action for malicious prosecution? |
| 11965 | DuBray v. Warner Bros. Recs., 236 A.D.2d 312, 314, 653 N.Y.S.2d 592, 594 (1997) | 2 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | It is also true, however, that a motion for discontinuance should not be used to circumvent an order of the court (Schultz v. Kobus, 15 A.D.2d 382, 384, 224 N.Y.S.2d 372), or to enable plaintiffs to "do indirectly what they are not permitted to do directly" (Katz v. Austin, 271 App.Div. 217, 218, 62 N.Y.S.2d 912, lv denied 271 App.Div. 773, 64 N.Y.S.2d 926; but see, De Laurentis v. Bercowitz, 27 A.D.2d 869, 277 N.Y.S.2d 728). | Can motions for discontinuance be used to enable plaintiffs to do indirectly what they are not permitted to do directly? |
| 11967 | Bank of Am., N.A. v. Ping, 879 N.E.2d 665, 671 (Ind.App.,2008) | 20 | Ultimately, the key to subrogation is an equitable result that depends on the attending facts and circumstances of each case. | Ultimately, "[t]he key to subrogation ... is an equitable result" that depends on the "attending facts and circumstances of each case." | Is the key to subrogation an equitable result that depends on the attending facts and circumstances of each case? |
| 11968 | In re Hirsch Elec. Co., 461 B.R. 167, 173 (E.D.N.Y. 2011) | 3 | Under New York law, agency relationship can be either express or implied and can be established by conduct of parties, or by written or oral agreement. | Under New York law, an agency relationship can be either express or implied and can be established by the conduct of the parties, or by written or oral agreement. | Can an agency relationship be implied by the conduct of parties? |
| 11969 | Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999) | 15 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | The doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | Is equitable or legal subrogation created by a contract or by the legal consequences of the acts and relationships of the parties? |
| 11972 | Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485, 490 (2003) | 5 | "Equitable subrogation" is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Equitable subrogation is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation is an equitable remedy to avoid a person's receiving an earned windfall at the expense of another? |
| 11974 | Albert J. Hoppe v. St. Louis Pub. Serv. Co., 361 Mo. 402, 406 (Mo. 1951) | 7 | Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to lawful exercise of court's power. | Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. | What is a prerequisite to the lawful exercise of the courts power? |

| 11976 | Sims v. Clarendon Nat. Ins. Co., 336 F. Supp. 2d 1311, 1318 (S.D. Fla. 2004) | 7 | Federal law recognizes judicial proceedings and arbitration proceedings as separate, albeit equally important, fora for adjudicating claims. | Admittedly, federal law recognizes judicial proceedings and arbitration proceedings as separate, albeit equally important, fora for adjudicating claims. | Is there any difference between judicial proceedings and arbitration proceedings under Federal law? |
|---|---|---|---|---|---|
| 11978 | Illinois Tool Works, Inc. v. Com. & Indus. Ins. Co., 2011 IL App (1st) 093084, ¶ 20, 962 N.E.2d 1042, 1048 | 15 | As with all contracts, a valid assignment requires proof of intent to make the assignment and manifestation of that intent and the assignor must have either actually or potentially the thing he attempts to assign. | As with all contracts, a valid assignment requires proof of intent to make the assignment and manifestation of that intent and the assignor must have " 'either actually or potentially the thing he attempts to assign.' " Cincinnati Insurance Co., 387 Ill.App.3d at 100, 325 Ill.Dec. 483, 898 N.E.2d 216 (quoting Owens v. McDermott, Will & Emery, 316 Ill.App.3d 340, 350, 249 Ill.Dec. 303, 736 N.E.2d 145 (2000)). | Does the occurrence of an assignment depend upon proof of intent? |
| 11993 | Mortensen v. Stewart Title Guar. Co., 149 Idaho 437, 444 (Idaho 2010) | 16 | Pleading is necessary to put the opposing party on notice of the claims it is facing and thereby insure that a just result is accomplished. | Pleading is necessary to put the opposing party on notice of the claims it is facing and thereby "insure that a just result is accomplished." | Do pleadings put the opposing party on notice of the claims? |
| 11994 | Major Millworks v. MAE Hardwoods, 187 So. 3d 714, 723 (Ala. Civ. App. 2015) | 13 | A trial court may not order one party to pay another party's attorneys fees without first receiving evidence of the amount of those fees and then determining the reasonableness of that amount. | "[A] trial court may not order one party to pay another party's attorney's fees without first receiving evidence of the amount of those fees and then determining the reasonableness of that amount." A.B. | Are statements of a counsel in a pleading evidence? |
| 12007 | Aronson v. Creditrust Corp., 7 F. Supp. 2d 589, 593 (W.D. Pa. 1998) | 10 | Term "special harm," in context of alleging claim for defamation under Pennsylvania law, requires that plaintiff allege direct economic or pecuniary injury. | The term "special harm," in the context of alleging a claim for defamation under Pennsylvania law, requires that the plaintiff allege a direct economic or pecuniary injury. | What is economic or pecuniary loss in defamation? |
| 12021 | In re Bub, 528 B.R. 555, 559 (E.D.N.Y. 2015) | 2 | Under New York case law, title to motor vehicle is transferred when the parties intend such a transfer to occur. | Under New York case, law, title to a motor vehicle is transferred when the parties intend such transfer to occur. | Does the title to motor vehicle get transferred when the parties intend such a transfer to occur? |
| 12024 | In re Pearl Companies, 435 B.R. 742, 744 (S.D. Fla. 2010) | 2 | Bankruptcy courts should enforce arbitration agreements, even in core matters, so long as they do not conflict with the underlying purposes of the Bankruptcy Code. | Bankruptcy courts should enforce arbitration agreements (even in core matters) so long as they do not conflict with the underlying purposes of the Bankruptcy Code. | Can arbitration agreements be enforced in bankruptcy courts? |
| 12025 | Atterburg v. Anchor Motor Freight, 425 F. Supp. 841, 844 (D.C.N.J. 1977) | 5 | Although arbitration is a matter of contract, the agreement to arbitrate a particular issue need not be express; it may be implied from conduct of parties. | Although arbitration is a matter of contract, "(the) agreement to arbitrate a particular issue need not be express it may be implied from the conduct of the parties". | Can an agreement to arbitrate a particular issue be implied? |
| 12026 | Lee v. Bankers Tr. Co., 166 F.3d 540, 545 (2d Cir. 1999) | 14 | Under New York choice-of-law rules in defamation cases, the state of the plaintiff's domicile will usually have the most significant relationship to the case, and its law will therefore govern. | Under New York choice-of-law rules in defamation cases "the state of the plaintiff's domicile will usually have the most significant relationship to the case," and its law will therefore govern. | What is the choice of law rule in defamation law? |

| | | | | | |
|---|---|---|---|---|---|
| 12028 | Swinomish Indian Tribal Cmty. v. BNSF Ry. Co., 228 F. Supp. 3d 1171, 1180 (W.D. Wash. 2017) | 10 | When construing statutes that touch on Indian law, special principles of construction apply that are rooted in the unique trust relationship between the United States and the Indians. | When construing statutes that touch on Indian law, special principles of construction apply that "are rooted in the unique trust relationship between the United States and the Indians." | How do courts construe statutes with regard to Indian tribes? |
| 12029 | United States v. Tarbell, 242 F. Supp. 3d 200, 205 (W.D.N.Y. 2017) | 5 | In the absence of a clear expression to the contrary, general acts of Congress apply to Indians, like all other citizens. | "In the absence of a clear expression to the contrary, general acts of Congress apply to Indians, like all other citizens. | Do the general acts of Congress apply to Indians like other citizens? |
| 12034 | Boylston Hous. Corp. v. O'Toole, 321 Mass. 538, 549 (Mass. 1947) | 10 | Every person has a right to dispose of his own labor as he wishes, and to work for whom he pleases, and he may refuse to work with another because that person is distasteful to him, or for any other reason. | Every person has a legal right to dispose of his own labor as he wishes, and to work for whom he pleases. He may refuse to work with another because that person is distasteful to him, or for any other reason. | Does a person have a legal right to dispose of his own labor as he wishes? |
| 12036 | Jackson ex rel. Jackson v. Reid, 363 Ill. App. 3d 271, 275 (Ill. App. Ct. 2006) | 3 | Statutes relating to venue reflect a legislative determination that a party should not be required to defend an action in a county that has little or no relation to the party or the transaction that is the subject of the suit. | "Statutes relating to venue reflect a legislative determination that a party should not be required to defend an action in a county that has little or no relation to the party or the transaction that is the subject of the suit." (Emphasis added.) Johnson v. | What is the legislative intent behind the venue statute? |
| 12050 | Angio-Med. Corp. v. Eli Lilly & Co., 720 F. Supp. 269, 274 (S.D.N.Y. 1989) | 10 | Trade libel or product disparagement is action to recover for words or conduct which tend to disparage or negatively reflect upon condition, value or quality of product or property. | Trade libel or product disparagement is an action to recover for words or conduct which tend to disparage or negatively reflect upon the condition, value or quality of a product or property. | What is trade libel? |
| 12051 | Exelon Corp. v. Dep't of Revenue, 234 Ill. 2d 266, 281, 917 N.E.2d 899, 909 (2009) | 26 | An electric utility company is not a purely manufacturing or mercantile company; rather, it belongs to that unique class of corporations known as public utilities. | An electric utility company is not a purely manufacturing or mercantile company. Rather, it belongs to that unique class of corporations known as public utilities. | Is an electric utility company a manufacturing or mercantile company? |
| 12064 | Richardson v. Big Indian Creek Watershed Conservancy Dist. of Gage & Jefferson Ctys., 181 Neb. 776, 779–80 (1967) | 1 | Benefits resulting from public improvement where property is taken by condemnation are of two kinds, special and general. | Benefits resulting from public improvements where property is taken by condemnation are of two kinds, special and general. | How are benefits resulting from public improvements where property is taken by condemnation classified? |
| 12073 | Datatreasury Corp. v. Wells Fargo & Co., 522 F.3d 1368, 1372 (Fed. Cir. 2008) | 6 | Federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead, ordinary contract principles determine who is bound. | "[F]ederal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound." Id. | How do courts determine the validity of an agreement to arbitrate? |

| | | | | | |
|---|---|---|---|---|---|
| 12074 | Smith v. Commonwealth, 220 Va. 696, 702–03, 261 S.E.2d 550, 554 (1980) | 5 | While the motive is not an essential element of the crime of murder, the motive is usually an element relevant to establish intent when a conviction is based primarily on circumstantial evidence; "motive" is defined as "Cause or reason that moves the will and induces action. An inducement, or that which leads or tempts the mind to indulge a criminal act". | While motive is not an essential element of the crime of murder, "(m)otive is usually an element relevant to establish intent when a conviction is based primarily on circumstantial evidence." Ward v. Commonwealth, 205 Va. 564, 570, 138 S.E.2d 293, 297 (1964). If we accept the uncontradicted testimony of the Secret Service Agent as to *703 Smith's own statement, Smith harbored a motive for Patricia's murder. Motive is defined in Black's Law Dictionary 914 (5th ed. 1979) as: "Cause or reason that moves the will and induces action. An inducement, or that which leads or tempts the mind to indulge a criminal act." | Is motive an essential element of murder? |
| 12076 | Calop Bus. Sys. v. City of Los Angeles, 984 F. Supp. 2d 981, 1009 (C.D. Cal. 2013) | 35 | Preemption of employment standards within the traditional police power of the State should not be lightly inferred. | The Supreme Court has cautioned that "[p]re-emption of employment standards 'within the traditional police power of the State' 'should not be lightly inferred.' " | Is pre-emption of employment standards within the traditional police power of the state that should not be lightly inferred? |
| 12080 | Ali v. Dist. Dir., 209 F. Supp. 3d 1268, 1273 (S.D. Fla. 2016) | 4 | The determination of whether a person has diplomatic immunity is a mixed question of fact and law. | "The determination of whether a person has diplomatic immunity is a mixed question of fact and law." | Is the determination of whether a person has diplomatic immunity a mixed question of fact and law? |
| 12082 | Beroth Oil Co. v. Whiteheart, 173 N.C. App. 89, 99 (N.C. Ct. App. 2005) | 21 | Want of probable cause may not be inferred from malice for purposes of determining whether there is a cause of action for malicious prosecution but malice may be inferred from want of probable cause. | Want of probable cause may not be inferred from malice for purposes of determining whether there is a cause of action for malicious prosecution but malice may be inferred from want of probable cause. | Can lack of probable cause be inferred from malice in a malicious prosecution claim? |
| 12085 | United States v. Archer, 51 F. Supp. 708, 709(S.D. Cal. 1943) | 5 | The United States has authority to confer on a consul, within limits of consulate or embassy, power to administer oath, and, to extent of such power, consul becomes a magistrate. | Therefore, the United States has authority to confer upon a consul, within the limits of the consulate or embassy, the power to administer an oath. To the extent of such power, the consul becomes a magistrate. | Does the United States have the authority to confer on a counsel the power to administer oaths? |
| 12093 | First Citizens Bank & Tr. Co. v. Harrison, 181 Wash. App. 595, 602 (Wash.App. Div. 2, 2014) | 11 | Statutes passed for the benefit of dependent Indian tribes are to be liberally construed, doubtful expressions being resolved in favor of the Indians. | Second, " 'statutes passed for the benefit of dependent Indian tribes … are to be liberally construed, doubtful expressions being resolved in favor of the Indians.' " | Will the courts construe the statutes liberally in favor of the Indians Tribes? |

| 12095 | Barrett Mobile Home Transp. v. McGugin, 530 So. 2d 730, 733(Ala. 1988) | 1 | A malicious prosecution action does not accrue until time for filing notice of appeal in underlying case has expired, and, if appeal is taken, action for malicious prosecution will not accrue until appeal has been finally decided. | We hold that a malicious prosecution action does not accrue until the time for filing a notice of appeal in the underlying case has expired; and, if an appeal is taken, the action for malicious prosecution will not accrue until the appeal has been finally decided. | When does a cause of action for malicious prosecution accrue? |
|---|---|---|---|---|---|
| 12097 | Chadron Energy Corp. v. First Nat. Bank of Omaha, 236 Neb. 173, 194 (Neb.,1990) | 38 | Doctrine of subrogation includes every instance in which one person pays debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter, so long as payment was made under compulsion or for protection of some interest of one making payment and in discharge of existing liability. | The doctrine of subrogation includes every instance in which one person pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made under compulsion or for the protection of some interest of the one making payment and in discharge of an existing liability. | Is equitable subrogation available when one person pays debt for which another is primarily liable? |
| 12107 | Williams v. Erie Ins. Grp., 86 Ohio App. 3d 660, 665, 621 N.E.2d 770, 773 (1993) | 5 | "Equitable subrogation" is essentially theory of unjust enrichment wherein insured is unjustly enriched if amount he receives from tort-feasor and his own insurance company exceeds amount of his loss and, thus, recovery may be had by insurer despite lack of proof of agreement, as insured is not prejudiced thereby. | Equitable subrogation is essentially a theory of unjust enrichment wherein the insured is unjustly enriched if the amount he receives from the tortfeasor and his own insurance company exceeds the amount of his loss. Ridge Tool Co. v. Silva (1986), 33 Ohio App.3d 260, 515 N.E.2d 945. Thus, recovery may be had by the insurer despite lack of proof of an agreement, since the insured is not prejudiced thereby. | Is unjust enrichment related to the doctrine of equitable subrogation? |
| 12109 | Kirwan v. Chicago Title Ins. Co., 9 Neb. App. 372, 388 (Neb. Ct. App. 2000) | 32 | Subrogation is an equitable doctrine and depends upon a just resolution of a dispute under a particular set of facts. | [S]ubrogation is an equitable doctrine and depends upon a just resolution of a dispute under a particular set of facts.' " Julson v. | "As an equitable principle, does subrogation depend upon a just resolution of a dispute under a particular set of facts?" |
| 12110 | Wimer v. Pennsylvania Emps. Benefit Tr. Fund, 595 Pa. 627, 644, 939 A.2d 843, 853 (2007) | 8 | Doctrine of subrogation is based on principles of equity and is enforced to bring about substantial justice. | In making this determination, we note by way of background that the doctrine of subrogation is based on principles of equity and is enforced to bring about substantial justice. | Is the doctrine of subrogation based on principles of equity and enforced to bring about substantial justice? |
| 12111 | Lincoln Nat'l Health & Cas. v. Mitsubishi Motor Sales, 778 So. 2d 392, 394 (Fla. Dist. Ct. App. 2001) | 3 | The right to pursue a claim for equitable subrogation arises when the person discharging the obligation is under a legal duty to do so or when the person discharges the obligation to protect an interest in, or a right to, the property. | 2 The right to pursue a claim for equitable subrogation "arises when the person discharging the obligation is under a legal duty to do so or when the person discharges the obligation to protect an interest in, or a right to, the property." National Union Fire Ins. | Is the purpose of equitable subrogation to prevent unjust enrichment by assuring that the person responsible for the debt ultimately answers for its discharge? |

| 12114 | Kim v. Lee, 145 Wash. 2d 79, 88 (Wash. 2001) | 6 | Subrogation is fundamentally an equitable concept designed to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Subrogation is fundamentally an equitable concept designed "to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it." | What is the concept of Subrogation? |
| 12115 | DePuy v. Farmer, 847 N.E.2d 160, 170(Ind. 2006) | 19 | The main goals of common law subrogation are to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. | The main goals of common law subrogation is to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. | What are the main goals of common law subrogation? |
| 12116 | In re Bill Heard Enterprises, 423 B.R. 771, 787 (N.D. Ala. 2010) | 33 | Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation; the subrogee must have clear equity, and subrogation is defeated by countervailing equities. | " 'Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation. The subrogee must have clear equity and subrogation is defeated by countervailing equities.' " | Should competing equities be considered in any subrogation-restitution situation? |
| 12119 | CompuCredit Corp. v. Greenwood, 565 U.S. 95, 101 (2012) | 6 | Contractually required arbitration of claims satisfies the statutory prescription of civil liability in court. | Thus, we have repeatedly recognized that contractually required arbitration of claims satisfies the statutory prescription of civil liability in court. | Do arbitration claims satisfy the statutory prescription of civil liability in courts? |
| 12122 | Butler v. Adecco USA Inc., 189 F. Supp. 3d 305, 311 (D. Mass. 2016) | 10 | Although a statement of fact is not shielded from an action for defamation under Massachusetts law by being prefaced with the words "in my opinion," a statement that does not contain objectively verifiable facts is not actionable. | Although "[a] statement of fact is not shielded from an action for defamation by being prefaced with the words 'in my opinion,' ... a statement that does not contain objectively verifiable facts is not actionable." | Are statements that do not contain verifiable facts actionable as defamation? |

| | | | | | |
|---|---|---|---|---|---|
| 12125 | Blocker Expl. Co. v. Frontier Expl., Inc., 740 P.2d 983, 985 (Colo. 1987) | 1 | Three essential elements of mining partnership are joint ownership, joint operation, and express or implied agreement to share profits and losses; if mining partnership exists, partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | The three essential elements of a mining partnership are: (1) joint ownership; (2) joint operation; and (3) an express or implied agreement to share profits and losses. Mud Control Laboratories, 2 Utah 2d at 91–92, 269 P.2d at 858. This mining partnership test has been adopted in the jurisdictions which have addressed this issue. Gilroy v. White Eagle Oil Co., 201 F.2d 113 (10th Cir.1952) (applying Oklahoma law); Gilbert v. Fontaine, 22 F.2d 657, 661 (10th Cir.1927) (applying Kansas law); Edwards v. Hardwick, 350 P.2d 495, 501–02 (Okla.1960); Lyons v. Stekoll, 186 Okla. 94, 96 P.2d 60 (1939). See Fiske, Mining Partnership, 26 Inst. on Oil & Gas L. & Tax'n 187, 193 (1975).If a mining partnership exists, the partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | What are the essential elements of a mining partnership? |
| 12127 | Hardy v. Gen. Motors Corp., 126 Ohio App. 3d 455, 461 (1998) | 1 | Motion in limine seeks a preliminary and temporary exclusion of evidence by trial court. | A motion in limine seeks a preliminary and temporary exclusion of evidence by the trial court. | Does a motion in limine seek a preliminary and temporary exclusion of evidence by trial court? |
| 12128 | Taylor v. Dowling Gosslee & Assocs., Inc., 44,654 (La. App. 2 Cir. 10/7/09), 22 So. 3d 246, 253, writ denied, 2009-2420 (La. 2/5/10), 27 So. 3d 299 | 4 | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court; this great discretion extends to the trial court's assessment of the probative value of evidence. | A motion in limine presents an evidentiary matter that is subject to the great discretion of the trial court. Heller v. Nobel Insurance Group, 2000–0261 (La.2/2/2000), 753 So.2d 841; Randall v. Concordia Nursing Home, 2007–101 (La.App. 3d Cir.8/22/07), 965 So.2d 559, writ denied, 2007–2153 (La.1/7/08), 973 So.2d 726.This great discretion extends to the trial court's assessment of the probative value of evidence. | A motion in limine is an evidentiary matter and great discretion is given to the trial court on its rulings on such evidentiary matters. |
| 12129 | Ratcliff v. Sprint Missouri, 261 S.W.3d 534, 551 (Mo. Ct. App. 2008) | 51 | Trial court's ruling on a motion in limine is interlocutory and subject to change during the course of trial. | The trial court's ruling on a motion in limine is interlocutory and subject to change during the course of trial. | Is a trial court's ruling on a motion in limine interlocutory and subject to change during the course of trial? |

| | | | | | |
|---|---|---|---|---|---|
| 12132 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 2 | In limine motions are not designed to replace the dispositive motions prescribed by the Code of Civil Procedure. | "What in limine motions are not designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure." | Are in limine motions designed to replace the dispositive motions prescribed by the Code of Civil Procedure? |
| 12134 | Hous. Auth. of Macon v. Younis, 279 Ga. App. 599, 599 (2006) | 1 | A motion in limine should be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | A motion in limine should be granted when "there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | Should a motion in limine be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? |
| 12137 | Brooks v. Pennington, 995 So. 2d 733, 737 (Miss.App., 2007) | 2 | A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | A cause of action accrues "when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." | Does a cause of action accrue when it comes into existence as an enforceable claim? |
| 12141 | Milde v. Leigh, 75 N.D. 418, 430 (N.D. 1947) | 5 | A cause of action does not "accrue" until the party owning it is entitled to begin and prosecute an action thereon. | 193, thus: 'A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier.' | Does a cause of action accrue before the party owning it is entitled to begin and prosecute an action thereon? |
| 12142 | Milde v. Leigh, 75 N.D. 418, 430 (N.D. 1947) | 5 | A cause of action does not "accrue" until the party owning it is entitled to begin and prosecute an action thereon. | 193, thus: 'A cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon; it accrues at the moment when he has a legal right to sue on it and no earlier.' | "Does a cause of action ""accrue"" before the party owning it is entitled to begin and prosecute action thereon?" |
| 12146 | Sierra Club v. Otter Tail Power Co., 615 F.3d 1008, 1014 (8th Cir. 2010) | 3 | A claim first accrues as soon as the right to institute and maintain a suit arises. | A claim first accrues "as soon as the right to institute and maintain a suit arises." | Does a claim or cause of action first accrue as soon as the right to institute and maintain a suit arises? |
| 12152 | Theye Y Ajuria v. Pan Am. Life Ins. Co.,  154 So. 2d 450, 452 (La. Ct. App. 1963) | 2 | Recognized sovereign nation can make laws binding upon its nationals within its bounds. | It is a well established principle of law, recognized by all appellate Court decisions, that a recognized Sovereign Nation can make laws binding upon its nationals within its bounds. | Can a recognized sovereign nation make laws binding upon its nationals within its bounds? |
| 12153 | Republic of Liberia v. Bickford, 787 F. Supp. 397, 401 (S.D.N.Y. 1992) | 2 | Basic principle of international law is that change in government's leadership works no change in national sovereignty or its rights. | Furthermore, a basic principle of international law is that a change in a government's leadership works no change in the national sovereignty or its rights. | Does a change in a government's leadership work a change in the national sovereignty or its right? |
| 12155 | United States v. Sum of $70,990,605, 4 F. Supp. 3d 189, 204(D.D.C. 2014) | 24 | Party invoking the act of state doctrine bears the burden to prove its applicability. | Similarly, the party invoking the act of state doctrine bears the burden to prove its applicability. | Does the party invoking the act of state doctrine bear the burden to prove its applicability? |

| | | | | | |
|---|---|---|---|---|---|
| 12156 | Republic of Iraq v. ABB AG, 768 F.3d 145 | 9 | Rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent it; however, notwithstanding the distinction between a state and its government, a government may bind the sovereign it represents. | "[T]he rights of a sovereign state are vested in the state rather than in any particular government which may purport to represent it." Guar. Trust Co. v. United States, 304 U.S. 126, 137 [58 S.Ct. 785, 82 L.Ed. 1224] (1938). That is, Hussein, the Hussein Regime, and the Republic of Iraq are not one and the same; they are different governments over time that represent the same sovereign state. (Iraq's Opp. 9; Defs.' Mem. 12–13.) <br><br> Notwithstanding the distinction between a state and its government, a government may bind the sovereign it represents. See, e.g., The Sapphire, 78 U.S. (11 Wall) 164, 168 [20 L.Ed. 127] (1870); Lehigh Valley R.R. Co. v. Russia, 21 F.2d 396, 401 (2d Cir.1927). | Are the rights of a sovereign vested in the state or any particular government which may represent it? |
| 12160 | Hennefeld v. Twp. of Montclair, 22 N.J. Tax 166, 178 (2005) | 3 | As a general matter, the laws of one nation do not have force or effect beyond its borders. | However, "[a]s a general matter, the laws of one nation do not have force or effect beyond its borders." | Do laws of one nation as a general matter have force or effect beyond its borders? |
| 12161 | Phillips v. Powers Discount Furniture Center, 686 So.2d 349, 350 (Ala. Civ. App. 1996) | 1 | Critical factor in determining whether partnership relationship exists is existence of legally binding obligation to share in losses of business. | A critical factor in determining whether a partnership relationship exists is the existence of a legally binding obligation to share in the losses of the business. | What is the critical factor in determining the existence of a partnership? |
| 12165 | Blanks v. Shaw, 171 Cal. App. 4th 336, 375  (Cal. Ct. App. 2009) | 38 | What in limine motions are not designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure. | What in limine motions are not designed to do is to replace the dispositive motions prescribed by the Code of Civil Procedure." | Are limine motions designed to replace the dispositive motions prescribed by the Code of Civil Procedure? |
| 12167 | Alberswerth v. Alberswerth, 184 S.W.3d 81, 99 (Mo. Ct. App. 2006) | 24 | "In limine" is defined as in or at the beginning and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation. | "In limine" is defined as "in or at the beginning" and a motion in limine is traditionally used as a way of suppressing testimony or evidence at the beginning of litigation. | Is a motion in limine traditionally used as form of motion to suppress designated testimony or evidence? |
| 12168 | State v. French, 1995-Ohio-32, 72 Ohio St. 3d 446, 449–50, 650 N.E.2d 887, 890 | 7 | Purpose of motion in limine is to avoid injection into the trial of matters which are irrelevant, inadmissible, and prejudicial. | The purpose of a motion in limine "is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial[,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion *450 cannot be error. Id. at 1013–1014. | Is a motion in limine designed to avoid injection into trial of potentially prejudicial matter which is not relevant and is inadmissible? |
| 12169 | Hancock v. Shook, 100 S.W.3d 786, 802 (Mo. 2003) | 25 | The court's ruling on a motion in limine is interlocutory and subject to change during the course of the trial. | The court's ruling on a motion in limine is interlocutory and subject to change during the course of the trial. | Is the court's ruling on a motion in limine interlocutory and subject to change during the course of the trial? |

| | | | | | |
|---|---|---|---|---|---|
| 12170 | Compton v. Ubilluz, 353 Ill. App. 3d 863 (Ill. App. Ct. 2004) Could not find quote in text) | 17 | To prevent confusion and misunderstanding during trial, both the motion in limine and the resulting order should be in writing. | To prevent confusion and misunderstanding during trial, both the motion in limine and the resulting order should be in writing. | "To prevent confusion and misunderstanding during trial, should both the motion in limine and the resulting order be in writing?" |
| 12171 | Cunningham v. Millers Gen. Ins. Co., 227 Ill. App. 3d 201, 205(Ill. App. Ct. 1992) | 6 | Court should make whatever correction or interpretation of an in limine order is necessary during the trial. | 498, 504, 500 N.E.2d 120, 126.) A court should make whatever correction or interpretation of an in limine order is necessary during the trial. | Should a court make whatever correction or interpretation of an in limine order as necessary during trial? |
| 12172 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 8 | Motions in limine serve fundamentally different purposes than motions for summary judgment; they are not subject to the same procedural safeguards. | Motions in limine serve fundamentally different purposes than motions for summary judgment. They are not subject to the same procedural safeguards. | Do motions in limine serve different purposes than motions for summary judgment? |
| 12173 | Sher v. Deane H. Tank, 269 Ill. App. 3d 312, 317 (1995) | 2 | Reviewing court will not reverse trial court's order allowing or excluding evidence in limine absent clear showing of abuse of that discretion. | 513, 511 N.E.2d 690) and a reviewing court will not reverse a trial court's order allowing or excluding evidence in limine absent a clear showing of abuse of that discretion. | Is the question of whether a motion in limine should be granted subject to the trial court's discretion? |
| 12176 | Ben-Tom Supply Co. v. V. N. Green & Co., 338 F.Supp. 59, 65 (S.D.W.Va., 1971) | 5 | A surety paying claims of materialmen and laborers is subrogated to their rights with respect to the contractor. | It should further be noted that a surety paying claims of materialmen and laborers is subrogated to their rights with respect to the contractor. | Is a surety paying claims of materialmen and laborers subrogated to their rights with respect to the contractor? |
| 12178 | Sanitary & Imp. Dist. No. 57 of Douglas Cty. v. City of Elkhorn, 248 Neb. 486, 496 (1995) | 26 | Cause of action accrues when aggrieved party has right to institute and maintain suit. | A cause of action accrues when the aggrieved party has the right to institute and maintain suit. | Does a cause of action accrue when aggrieved party has the right to institute and maintain a suit? |
| 12181 | In re Gullone, 301 B.R. 683, 687 (D.N.J. 2003) | 4 | Cause of action arises when cognizable "interest" arises, i.e., when legal relationship relevant to purported interest from which interest may flow is established. | The cause of action arises when a cognizable "interest" arises, i.e., when "a legal relationship relevant to the purported interest from which the interest may flow" is established. | "Does a cause of action arise when a cognizable ""interest"" arises?" |
| 12183 | Galbraith v. Planning Dep't of City of Anderson, 627 N.E.2d 850, 854 (Ind. Ct. App. 1994) | 10 | Action for inverse condemnation is premature until such time as landowner can establish that there are not available avenues by which landowner can put his property to economically beneficial or productive use. | The fact is that an action for inverse condemnation is premature until such time as the landowner can establish that there are not available avenues by which the landowner can put his property to an economically beneficial or productive use. | Until when is an inverse condemnation premature? |
| 12187 | Sampson v. Fed. Republic of Germany, 975 F. Supp. 1108, 1121 (N.D. Ill. 1997) | 27 | Act of state doctrine presumes that official public acts of a foreign country are valid. | The act of state doctrine presumes that the official public acts of a foreign country are valid. | Does the act of state doctrine presume that official public acts of a foreign country are valid? |
| 12193 | Hardy v. Cordero, 399 Ill. App. 3d 1126, 1135 (2010) | 11 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated. | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated." | What is the purpose of a motion in limine? |

| 12199 | Theriot v. State Dep't of Wildlife & Fisheries, 661 So. 2d. 986, 989 (La. Ct. App. 1995) | 1 | Theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. | The theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. | Is allowing orderly disposition of cases inherent to the theory of pretrial procedure? |
|---|---|---|---|---|---|
| 12201 | Headley v. Williams, 162 N.C. App. 300, 307 (2004) | 10 | A trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | We note, however, that a trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | Is a trial court's ruling on a motion in limine interlocutory and subject to modification? |
| 12207 | In re Coats, 849 A.2d 254, 258 (Pa. 2004) | 6 | Office of the clerk of the orphans' court is not sui juris but is dependent on county and legislative provisions to implement its function. 42 Pa.C.S.A. § 2774. | The office of the clerk of the orphans' court is not sui juris but is dependent on county and legislative provisions to implement its function. This statutory mandate provides as follows: 42 Pa.C.S.A. 2774. | Is the office of the clerk of the orphans' court sui juris? |
| 12209 | City of Evansville v. S. Indiana Gas & Elec. Co., 167 Ind. App. 472, 509 (Ind.App. 1975) | 32 | Under traditional regulatory concepts, the utility company shareholders and bondholders, not the consumers, furnish the capital necessary for the operation of the business. | Under traditional regulatory concepts, utility company shareholders and bondholders, not the consumers, furnish the capital necessary for the operation of the business. | Who furnishes the capital required for the operation of a public utility business? |
| 12210 | Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., 708 F. Supp. 2d 669, 678 (N.D. Ohio 2010) | 5 | Even an electronic trespass to chattels claim must be based on some link to a physical object. | Moreover, even an electronic trespass to chattels claim must be based on some link to a physical object. | Does an electronic trespass to chattels claim have to be based on some link to a physical object? |
| 12212 | McCoy v. Emrich, 72 Wash. 2d 850, 851 (1967) | 3 | A cause of action for removal of lateral support arises when the damage occurs, not when the excavation is made. | [3] It is the law in this jurisdiction that a cause of action for removal of lateral support arises when the damage occurs and not when the excavation is made. | Does a cause of action for removal of lateral support arise when the damage occurs? |
| 12213 | Hart v. Guardian Tr. Co., 75 N.E.2d 570, 582 (Ohio 1945) | 16 | A cause of action "accrues" when there is a demand capable of present enforcement, a suing party in existence against whom the demand may be then enforced, and a party in being who has a present right to enforce it. | A cause of action accrues when there is a demand capable of present enforcement, a suable party in existence against whom the demand may be then enforced, and a party in being who has a present right to enforce it.' | "Does a cause of action ""accrue"" when there is a demand capable of present enforcement?" |
| 12214 | Rogers v. United States, 124 Fed. Cl. 757, 767 (2016) | 10 | Military departments, like other federal agencies, are bound by their own regulations; even when Congress has given the military discretion in conducting its affairs, the military is bound to follow its own procedural regulations should it choose to promulgate them. | It is well established that the military departments, like other federal agencies, are bound by their own regulations. As the Federal Circuit has observed, "[e]ven when Congress has given the military discretion in conducting its affairs, the military is bound to follow its own procedural regulations should it choose to promulgate them." | Is the military bound to follow its own procedural regulations? |
| 12217 | United States v. Laden, 92 F. Supp. 2d 189, 193 (S.D.N.Y. 2000) | 1 | Congress has the power to regulate conduct performed outside United States territory. | It is well-established that Congress has the power to regulate conduct performed outside United States territory. | Does Congress have the power to regulate conduct performed outside United States territory? |

| 12219 | Schaefer v. Kumar, 804 N.E.2d 184, 188 (Ind. Ct. App. 2004) | 9 | The purpose of a motion in limine is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. | The purpose of a motion in limine is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. | If a motion in limine is designed to prevent potential prejudice can it have the effect of suppressing evidence? |
|---|---|---|---|---|---|
| 12223 | MacDonald v. Univ. of N. Carolina at Chapel Hill, 299 N.C. 457, 463 (N.C. 1980) | 4 | Cause of action does not accrue until right which belonged to person is invaded in some manner by another. | A cause of action does not accrue until a right which belongs to a person is invaded in some manner by another. | Does a cause of action accrue until right which belonged to a person is invaded in some manner by another? |
| 12227 | Royal Imperial Grp. v. Joseph Blumberg & Assocs., 240 Ill. App. 3d 360, 364 (1992) | 2 | Crucial date for determining applicability of statute is not when rights are asserted by filing complaint, but rather when cause of action accrues. | The crucial date for determining the applicability of a statute is not when the rights are asserted by filing a complaint, but rather when the cause of action accrues. | What date is crucial for determining applicability of statute? |
| 12235 | Matador Serv. v. Missouri Basin Well Serv., 367 N.W.2d 749, 754 (N.D. 1985) | 7 | Issue of public convenience and necessity is ordinarily one of fact and determination of what is consistent with public convenience and necessity is one of which is peculiarly for determination of regulatory authority. | The issue of public convenience and necessity is ordinarily one of fact and the determination of what is consistent with the public convenience and necessity is one which is peculiarly for the determination of the regulatory authority. | Is the issue of public convenience and necessity one of fact? |
| 12236 | Seus v. John Nuveen & Co., 146 F.3d 175, 184 (3d Cir. 1998) | 9 | Unequal bargaining power is not alone enough to make an agreement to arbitrate a contract of adhesion. | Unequal bargaining power is not alone enough to make an agreement to arbitrate a contract of adhesion. | Does unequal bargaining power make an agreement to arbitrate a contract of adhesion? |
| 12237 | Penn Sch. Dist. No. 7 v. Bd. of Ed. of Lewis-Cass Intermediate Sch. Dist. of Cass Cty., 14 Mich. App. 109, 125 (Mich. Ct. App. 1968) | 16 | Manner of selection of school officials rests entirely within discretion of legislature. | Limited only by such constitutional provisions as are relevant (of which there is none cited), the manner of selection of school officials rests entirely within the discretion of the legislature. | Does the manner of selection of school officials rest entirely within discretion of the legislature? |
| 12239 | Wiemerslage Through Wiemerslage v. Maine Twp. High Sch. Dist. 207, 824 F. Supp. 136, 139 (N.D. Ill. 1993), aff'd, 29 F.3d 1149 (7th Cir. 1994) | 2 | Federal judicial intervention in day to day operations of public schools is highly undesirable and requires significant restraint; federal courts must not intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | Federal judicial intervention in the day to day operations of public schools is highly undesirable and requires significant restraint. Federal courts must not "intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." | Does judicial intervention or interposition in the operation of the public-school system requires restraint? |
| 12240 | State v. Patzer, 382 N.W.2d 631, 639 (N.D. 1986) | 5 | State has power to impose reasonable regulations as to quality of education and instruction furnished. | The state has the power to impose reasonable regulations as to the quality of the education and instruction furnished. | Does the state has the power to impose reasonable regulations as to quality of education and instruction furnished? |
| 12245 | Stone Container Corp. v. Stapler, 263 Ala. 524, 530 (1955) | 7 | Averment that complainants were owners of homes situated on described real estate was an averment of an ultimate fact and not a conclusion of law. | The averment that the complainants are the owners of the homes situated on the described real estate is an averment of an ultimate fact and not a conclusion of law. | "Is the allegation that a party is the owner of described real estate, an allegation of an ultimate fact?" |

| | | | | | |
|---|---|---|---|---|---|
| 12246 | New World Fashions, Inc. v. Lieberman, 429 So. 2d 1276, 1277 (Fla. Dist. Ct. App. 1983) | 2 | An agent may not, without principal's knowledge and consent, enter into any business in competition with his principal and keep for himself any profit accruing from such transaction. | An agent may not, without the principal's knowledge and consent, enter into any business in competition with his principal and keep for himself any profit accruing from such transaction. | Can an agent enter into business in competition with his principal? |
| 12247 | Bastian v. Wausau Homes, 635 F. Supp. 201, 204(N.D. Ill. 1986) | 6 | Waiver of subrogation clause is not necessarily unconscionable even in adhesion contract; rather, one looks to specific term in factual context to see if the term is unreasonable under circumstances. | As to whether the term was unreasonable or oppressive, a waiver of subrogation clause is not necessarily unconscionable even in an adhesion contract. Rather, one looks to the specific term in a factual context to see if the term is unreasonable under the circumstances. | Is a waiver of subrogation clause necessarily unconscionable even in an adhesion contract? |
| 12253 | Browar v. Paul Hardeman, Inc., 183 Cal. App. 2d 708, 712, 7 Cal. Rptr. 231, 233–34 (Ct. App. 1960) | 1 | Plaintiff's cause of action must exist at time he files his complaint, and rights of parties must be judged by conditions existing at time action is commenced. | Plaintiff's cause of action must **234 exist at the time he files his complaint and the rights of the parties must be judged by conditions existing at the time the action is commenced. | Should a cause of action exist at the time of the filing of the action? |
| 12254 | Girschowitch v. DeLong, 51 N.Y.S.2d 499, 500 (1944) | 2 | Laches is not a defense to an action at law where a plaintiff has an absolute right to the relief demanded. | Laches would not in any event be a defense to an action at law, where a plaintiff has an absolute right to the relief demanded. | Is laches a defense to an action at law where a plaintiff has an absolute right to the relief demanded? |
| 12255 | Marjon v. Altman, 120 N.J.L. 16, 18 (Sup. Ct. 1938) | 2 | "Laches," in its legal signification, ordinarily connotes delay that works detriment to another. | While laches, in its legal signification, ordinarily connotes delay that works detriment to another, the public interest requires that the protection accorded by statutes of this class be invoked with reasonable promptitude. | "Does ""laches,"" in its legal signification, ordinarily connote a delay that works detriment to another?" |
| 12256 | Rodgers v. United States, 158 F. Supp. 670, 681 (S.D. Cal. 1958) | 15 | The question of injunction is to be determined by the facts existing at time of trial and not at the time the suit was instituted. | Thus the question of injunction is determined by facts existing at the time of trial and not at the time suit was instituted, Andersen v. Shipowner's Ass'n of the Pacific Coast, 9 Cir., 1929, 31 F.2d 539, 543. | Is the question of injunction to be determined by the facts existing at time of trial and not at the time the suit was instituted? |
| 12257 | Murray v. United Food & Commercial Workers Int'l Union, 289 F.3d 297, 302 (4th Cir. 2002) | 7 | Equity may require invalidation of an arbitration agreement that is unconscionable, as well as an arbitration agreement that allows an employer to ignore the arbitration result. | In accordance with the principles outlined above, we have previously recognized that equity may require invalidation of an arbitration agreement that is unconscionable, see Sydnor, 252 F.3d at 305; Hooters, 173 F.3d at 938, as well as an arbitration agreement that allows an employer to ignore the arbitration result, see Johnson v. | Can equity require invalidation of an arbitration agreement that is unconscionable? |
| 12260 | Laidlaw Waste Sys., Inc. v. Bay Cities Servs., Inc., 43 Cal. App. 4th 630, 635, 50 Cal. Rptr. 2d 824, 826 (1996) | 6 | Public schools of state are matter of statewide, rather than local or municipal, concern. | Accordingly, "[t]he public schools of this state are a matter of statewide rather than local or municipal concern...." | "Are public schools of a state matter of statewide, rather than local or municipal, concern? " |

| 12263 | Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731, 735 (Conn. App. Ct. 2008) | 2 | The right of equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | "As our Supreme Court has explained, [t]he right of [equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | Can subrogation be a contractual matter? |
| 12265 | Pettengill v. New Hampshire Ins. Co., 129 Vt. 23, 30 (1970) | 6 | While rights of subrogation may be relinquished, they are not to be surrendered or compromised without specific authority from subrogee. | While rights of subrogation may be relinquished, they are not to be surrendered or compromised without specific authority from the subrogee. | Can rights of subrogation be surrendered or compromised without specific authority from the subrogee? |
| 12266 | Fifth Ave. Peace Parade Comm. v. Gray, 480 F.2d 326, 333(2d Cir. 1973) | 6 | In a declaratory judgment action, complaint must stand or fall on its own merits and cannot be used as vehicle for searching out and discovering a right of action. | In a declaratory judgment action, "the complaint must stand or fall on its own merits and cannot be used as a vehicle for searching out and discovering a right of action." | Must a complaint stand or fall upon its own merits? |
| 12268 | Caputo v. Bd. of Appeals of Somerville, 330 Mass. 107, 111 (Mass. 1953) | 3 | Final relief in equity should be adapted to facts existing at time of entry of decree. | Final relief in equity should be adapted to the facts existing at the time of the entry of the decree. | Should final relief in equity be adapted to facts existing at the time of entry of decree? |
| 12270 | Drake Bakeries v. Local 50, Am. Bakery & Confectionery Workers Int'l, AFL-CIO, 370 U.S. 254, 262, 263 (1962) | 6 | Arbitration provisions, which themselves have not been repudiated, are meant to survive breaches of contract, in many contexts, even total breach. | Arbitration provisions, which themselves have not been repudiated, are meant to survive breaches of contract, in many contexts, even total breach; | Are arbitration provisions that have not been repudiated meant to survive breaches of other parts of a contract? |
| 12275 | Transamerica Ins. Co. v. Barnett Bank of Marion Cty., N.A., 524 So. 2d 439, 446 (Fla. Dist. Ct. App. 1988) | 8 | Remedy of equitable subrogation is customarily denied to party who could have protected himself but who had been negligent in doing so. | The remedy of equitable subrogation is customarily denied to a party who could have protected himself but who has been negligent in doing so. | Is a remedy of equitable subrogation customarily denied to a party who could have protected himself but who had been negligent in doing so? |
| 12278 | Browar v. Paul Hardeman, Inc., 183 Cal. App. 2d 708, 712, 7 Cal. Rptr. 231, 233–34 (Ct. App. 1960) | 1 | Plaintiff's cause of action must exist at time he files his complaint, and rights of parties must be judged by conditions existing at time action is commenced. | Plaintiff's cause of action must **234 exist at the time he files his complaint and the rights of the parties must be judged by conditions existing at the time the action is commenced. | Are rights of parties to be determined as they existed when an action was commenced? |
| 12279 | Integrity Tr. Co. v. Posch, 13 N.Y.S.2d 973, 976 (City Ct. 1939) | 4 | "Laches' is an equitable defense and available only where the court has discretion in granting or denying relief. | This amounts to the defense of laches, but laches is an equitable defense, and available only where the Court has discretion in granting or denying relief. | Is laches an equitable defense and available only where the court has discretion in granting or denying relief? |

| 12282 | Rodgers v. RAB Invs., Ltd., 816 S.W.2d 543, 548 (Tex. App. 1991) | 10 | Every partner has inherent power to dissolve partnership even though dissolution would violate partnership agreement; dissolution may breach partnership contract, but it may be accomplished nonetheless. | Every partner has the inherent power to dissolve a partnership even though the dissolution would violate the partnership agreement. Karrick v. Hannaman, 168 U.S. 328, 334–35, 18 S.Ct. 135, 138, 42 L.Ed. 484 (1897); Infusaid Corp. v. Intermedics Infusaid, Inc., 739 F.2d 661, 667 (1st Cir.1984); Woodruff v. Bryant, 558 S.W.2d 535, 539 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The dissolution may breach the partnership contract, but it may be accomplished nonetheless. | Does the power to dissolve a partnership exist when the dissolution constitutes a breach of the contract? |
| 12287 | Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 777 (2d Cir. 1995) | 4 | Nonsignatory may compel arbitration against party to arbitration agreement when that party has entered into separate contractual relationship with nonsignatory which incorporates existing arbitration clause. | A nonsignatory may compel arbitration against a party to an arbitration agreement when that party has entered into a separate contractual relationship with the nonsignatory which incorporates the existing arbitration clause. | When can a nonsignatory compel arbitration against a party to an arbitration agreement? |
| 12291 | Duke v. Sun Oil Co., 320 F.2d 853, 861(5th Cir. 1963) | 20 | In absence of express agreement delivery of check to payee is merely conditional payment which does not become absolute until check is actually paid by drawee bank. | We may accept Lessors' contention that in the absence of express agreement, the delivery of a check to the payee is merely a conditional payment which does not become absolute until the check is actually paid by the drawee bank. | When does a check constitute absolute payment? |
| 12296 | Lombard v. Bd. of Educ. of City of New York, 645 F. Supp. 1574, 1577 (E.D.N.Y. 1986) | 1 | Fact that plaintiff possessed teaching license did not give him legitimate claim of entitlement to employment. | The fact that plaintiff possesses a teaching license does not give him a legitimate claim of entitlement to employment. | Does possession of a teaching license give a legitimate claim of entitlement to employment? |
| 12302 | Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 777 (2d Cir. 1995) | 6 | In absence of signature, party may be bound by arbitration clause if its subsequent conduct indicates that it is assuming obligation to arbitrate. | In the absence of a signature, a party may be bound by an arbitration clause if its subsequent conduct indicates that it is assuming the obligation to arbitrate. | Can a party be bound by an arbitration clause in the absence of signature? |
| 12309 | Davidson v. Fornicola, 38 N.J. Super. 365, 379(App. Div. 1955) | 9 | A primary purpose of pretrial conference is preliminarily to elicit controversial issues to be litigated, particularly those which would not otherwise be reasonably anticipated. | [9] It is a primary purpose of the pretrial conference preliminarily to elicit the controversial issues to be litigated, particularly those which would not otherwise be reasonably anticipated. | What is the primary purpose of pretrial conference? |

| | | | | |
|---|---|---|---|---|
| 12326 | Boydston v. Bd. of Regents for State of Kan., 242 Kan. 94 (Kan. 1987) | 7 | Primary purposes of pretrial conference are to reduce, if not eliminate, surprise from trial and to determine exactly what issues are to be tried and what procedures are to be followed. | The primary purposes of a pretrial conference **812 are to reduce, if not eliminate, surprise from the trial and to determine exactly what issues are to be tried and what procedures are to be followed. | What is the primary purpose of the pretrial conference? |
| 12327 | Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346, 387 (2009) | 13 | A scheduling order does not enlarge or constrict the scope of discovery, but rather, it sets time limits on certain discovery events. | A scheduling order does not "enlarge or constrict the scope of discovery," but rather, it sets "time limits on certain discovery events." Rodriguez v. | Does a scheduling order enlarge or constrict the scope of discovery? |
| 12328 | King v. Zimmerman, 266 Mont. 54, 66 (1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | Is the purpose of a pretrial order to clarify and simplify issues to be tried? |
| 12330 | Clark v. Randalls Food, 317 S.W.3d 351, 356, 357 (Tex. App. 2010) | 8 | The duty to preserve evidence is not raised unless (1) a party knows or reasonably should know that there is a substantial chance a claim will be filed, and (2) evidence is relevant and material. | The duty to preserve evidence is not raised unless (a) a party knows or reasonably should know that there is a substantial chance a claim will be filed, and *357 (b) evidence is relevant and material. | When is the duty to preserve evidence not raised? |
| 12332 | NetJets Aviation v. Guillory, 207 Cal. App. 4th 26, 41 (Cal. Ct. App. 2012) | 7 | Every system of taxation consists of two parts, which are (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection; the former is a legislative function, while the latter is mere machinery, and is delegable to other than governmental agencies. | Every system of taxation consists of two parts: (1) the elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection. The former is a legislative function; the latter is mere machinery, and is delegable to other than governmental agencies. | What parts does a system of taxation consist of? |
| 12333 | Walton v. New York State Dep't of Corr. Servs., 13 N.Y.3d 475, 485, 921 N.E.2d 145, 151 (2009) | 2 | Municipalities and administrative agencies engaged in regulatory activity can assess fees that need not be legislatively authorized, as long as fees charged are reasonably necessary to accomplishment of regulatory program. | Municipalities and administrative agencies engaged in regulatory activity can assess fees that need not be legislatively authorized as long as " the fees charged [are] reasonably necessary to the accomplishment of the regulatory program" (Suffolk County Bldrs. Assn. v. County of Suffolk, 46 N.Y.2d 613, 619, 415 N.Y.S.2d 821, 389 N.E.2d 133 [1979] ). | Is tax a charge that a government exacts from a citizen to defray the general costs of government unrelated to any particular benefit received by that citizen? |
| 12335 | Pramer S.C.A. v. Abaplus Int'l Corp., 76 A.D.3d 89, 99, 907 N.Y.S.2d 154, 161 (2010) | 7 | Private right of action is not implied under the commercial bribery provisions of the Penal Law. | We adhere to our prior holding in Sardanis that a private right of action is not implied under the commercial bribery provisions of the Penal Law, and the dissent does not disagree with Sardanis on this point but ignores the plain language of Sardanis that such a private right of action does exist under tort law (279 A.D.2d at 229–230, 718 N.Y.S.2d 66). | Is a private right of action implied under the commercial bribery provisions of the penal law? |

| 12339 | In re Advanced Powder Sols., 496 S.W.3d 838, 853, 854 (Tex. App. 2016) | 24 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | A person has a duty to preserve evidence "only when a party knows *854 or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." | When does the duty to preserve evidence arise? |
|---|---|---|---|---|---|
| 12350 | Hodge v. Johnson, 852 N.E.2d 650, 652 (Ind. App. 2006) | 8 | An open and voluntary renunciation by a plaintiff of his suit, a "retraxit," operates as a dismissal with prejudice. | An open and voluntary renunciation by a plaintiff of his suit, a retraxit, operates as a dismissal with prejudice. | "An open and voluntary renunciation by a plaintiff of his suit, does a ""retraxit,"" operate as a dismissal with prejudice?" |
| 12351 | Citizens' Util. Ratepayer Bd. v. State Corp. Comm'n of the State of Kan., 24 Kan. App. 2d 222, 236, 943 P.2d 494, 505 (1997), aff'd in part, rev'd in part sub nom. Citizens' Util. Ratepayer Bd. v. State Corp. Comm'n of Kan., 264 Kan. 363, 956 P.2d 685 (1998) | 15 | "Tax" is forced contribution to raise revenue for maintenance of governmental services offered to the general public. | A "tax" is a forced contribution to raise revenue for the maintenance of governmental services offered to the general public. | "Is ""tax"" used for the maintenance of governmental services offered to the general public?" |
| 12352 | Nw. Fire Dist. v. U.S. Home of Arizona Const. Co., 213 Ariz. 489, 494 (Ariz. Ct. App. 2006) | 3 | Assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class. | Moreover, an "assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class." | s an assessment imposed upon a broad class of parties more likely to be a tax than an assessment imposed upon a narrow class? |
| 12353 | Pub. Advocate & Consumers Educ. & Protective Ass'n v. City of Philadelphia, 662 A.2d 686, 689 (Pa. Commw. Ct. 1995) | 3 | Necessary predicate to finding of unlawful tax is direct taking of customer funds. | A necessary predicate to the finding of an unlawful tax is a direct taking of customer funds. | "Is direct taking of customer funds, a necessary predicate to finding of unlawful tax?" |

| | | | | |
|---|---|---|---|---|
| 12354 | German v. Com., 410 Mass. 445, 448, 574 N.E.2d 336, 338 (1991) | 1 | "Tax" is revenue-raising exaction imposed through generally applicable rates to defray public expense; nature of monetary exaction will be decided by studying its operation rather than how it has been characterized by legislature. | The Justices have defined a tax as "a revenue-raising exaction imposed through generally applicable rates to defray public expense." Opinion of the Justices, 393 Mass. 1209, 1216, 471 N.E.2d 1266 (1984). When the characterization of a monetary exaction is in doubt, "the intention of the Legislature, as it may be expressed in part through its characterization … deserves judicial respect, and especially so where the constitutionality of the exaction depends on its proper characterization." Emerson College v. Boston, 391 Mass. 415, 424, 462 N.E.2d 1098 (1984), quoting Associated Indus. of Mass., Inc. v. Commissioner of Revenue, 378 Mass. 657, 667–668, 393 N.E.2d 812 (1979). In the final analysis, however, the nature of a monetary exaction will be decided by studying its operation rather than how it has been characterized by the Legislature. | Will the nature of monetary exaction be decided by studying its operation rather than how it has been characterized by legislature? |
| 12362 | Rose v. Summers, Compton, Wells & Hamburg, P.C., 887 S.W.2d 683, 686 (Mo. Ct. App. 1994) | 3 | Attorney representing limited partnership owes duty of loyalty to limited partnership as organization and not to limited partners as individuals. | We hold that an attorney representing a limited partnership owes a duty of loyalty to the limited partnership as an organization and not to the limited partners as individuals. | Does the duty of loyalty owed by an attorney to a limited partnership extend to the individual partners? |
| 12366 | Am. Nat. Rent-A-Car v. McNally, 8 Ariz. App. 208, 212 (Ariz.App. 1968) | 5 | In absence of proper pretrial order, minutes entered with respect to pretrial may be as binding as formal order. | In the absence of a proper pretrial order, minutes entered with respect to the pretrial may be binding as a formal order. | "In absence of proper pretrial order, are minutes entered with respect to pretrial binding?" |
| 12367 | Cotton v. Ostroski, 250 Neb. 911, 917, 918(Neb. 1996) | 8 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | Do issues set out in pretrial order supplant those raised in pleadings? |
| 12368 | Hannah v. Heeter, 213 W. Va. 704, 710-11 (2003) | 7 | A party who reasonably anticipates litigation has an affirmative duty to preserve relevant evidence. | "It is a fundamental principle **567 *711 of law that a party who reasonably anticipates litigation has an affirmative duty to preserve relevant evidence." | Does a party who reasonably anticipates litigation have an affirmative duty to preserve relevant evidence? |

| 12370 | Green v. Spriggs, 930 So. 2d 1052, 1055 (La. App. 2006) | 2 | Pretrial order controls the subsequent course of action, though it can be modified at trial to prevent substantial injustice. | The pretrial order controls the subsequent course of action, though it can be modified at trial to prevent substantial injustice. | Does a pretrial order control the subsequent course of action? |
|---|---|---|---|---|---|
| 12372 | Sieben v. Sieben,, 231 Kan. 372, 372 (1982) | 6 | Under Supreme Court rule counsel has ten days to object to a pretrial order; unless a pretrial order is modified by the trial court to prevent manifest injustice that order controls the subsequent course of litigation. | Under Supreme Court Rule No. 140(f) counsel has ten days to object to a pretrial order. Unless the pretrial order is modified by the trial court to prevent manifest injustice the order controls the subsequent course of the litigation. | "Under Supreme Court rules, does counsel have ten days to object to a pretrial order?" |
| 12376 | Bump v. Firemens Ins. Co. of Newark, N.J., 380 N.W.2d 268, 273 (Neb. 1986) | 2 | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Pretrial conferences are conducted to simplify and narrow issues presented in a case. Issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | Do issues stipulated to at a pre-trial conference constitute the issues on which the case is to be tried? |
| 12382 | Truck Ins. Exch. v. Cartmill, 385 S.W.2d 277, 280 (Tex. Civ. App. 1964) | 7 | Workmen's compensation benefits are paid for disability rather than for actual earnings received. | Moreover, workmen's compensation benefits are paid for disability rather than for actual earnings received. | Are workmen's compensation benefits paid for disability rather than actual earnings received? |
| 12389 | Maier v. Orr, 754 F.2d 973, 980 (Fed. Cir. 1985) | 1 | No one has an individual right, constitutional or otherwise, to enlist in armed forces, composition of those forces being within purview of Congress and the military. | No one has an individual right, constitutional or otherwise, to enlist in the armed forces, the composition of those forces being within the purview of the Congress and the military. | Is composition of the armed forces a matter of Congress and military? |
| 12394 | Paniagua v. Orange Cty. Fire Auth., 149 Cal. App. 4th 83, 89 (Cal. Ct. App. 2007) | 6 | When an action is wilfully dismissed by the plaintiff against a sole defendant, it is as though no action had ever been filed. | [Citations.] When [as in this case] an action is wilfully dismissed by the plaintiff against ... a sole defendant it is as though no action had ever been filed." (Cook v. | "When an action is wilfully dismissed by the plaintiff against a sole defendant, it is as though no action had ever been filed?" |
| 12395 | Arena v. Borough of Jamesburg, Middlesex Cty., 309 N.J. Super. 106, 110 (App. Div. 1998) | 3 | Voluntary dismissal without prejudice leaves situation as if action had never been filed. | "A voluntary dismissal without prejudice leaves the situation as if the action never had been filed." | Does a voluntary dismissal without prejudice leave the situation as if the action had never been filed? |
| 12398 | Urie v. Roche, 209 F. Supp. 2d 412, 415 (D.N.J. 2002) | 5 | The National Guard is an essential reserve component of the Armed Forces of the United States. | The National Guard is "an essential reserve component of the Armed Forces of the United States." | Is the National Guard an essential reserve component of the Armed Forces of the United States? |
| 12402 | Nylander v. Potter, 38 Mass. App. Ct. 605, 608 (Mass. App. Ct. 1995) | 1 | Abutters to a public way ordinarily hold the title to the fee to the center of the public way, subject only to the easement of travelers to pass and repass. | Abutters to a public way "ordinarily hold the title to the fee to the center of the public way, subject only to the easement of travellers to pass and repass. | Do the abutters of public way hold the title to the centerline of the public way? |
| 12404 | Bailey v. Schaaf, 293 Mich. App. 611, 647, 648 (Mich. Ct. App. 2011) | 4 | The court may allow a party to amend or withdraw an admission for good cause. MCR 2.312. | The court may allow a party to amend or withdraw an admission for good cause. 8 6 MCR 2.312(A). 7 MCR 2.312(D)(1). | May the court allow a party to amend or withdraw an admission for good cause? |

| 12411 | In re Umans Bleachery, 34 F. Supp. 694, 694 (D.N.J. 1940) | 1 | "Tax" is not debt, nor in nature of debt, but is impost levied by government upon its citizens or subjects, for support of state. | A tax in its essential characteristics is not a debt, nor in the nature of a debt. It is an impost levied by authority of government upon its citizens or subjects for the support of the state. | Is tax an impost levied by authority of government upon its citizens or subjects? |
|---|---|---|---|---|---|
| 12412 | Rainwater v. Haynes, 244 Ark. 1191, 1193-94 (Ark. 1968) | 3 | The word "taxes" refers to exactions laid by the government for purposes of general revenue. | The word 'taxes' refers to *1194 exactions laid by the government for purposes of general revenue. | "Does the word ""taxes"" refer to exactions laid by the government for purposes of general revenue?" |
| 12413 | State ex rel. & to Use of Moore v. Wabash R. Co.,357 Mo. 380, 385 (1948) | 4 | Taxation, which is taking of private property for public use, requires strict compliance with law, and tax may be levied only when proceedings therefor are wholly within terms of statute authorizing it. | It is axiomatic that taxation, the taking of private property for public use, requires strict compliance with the law. A tax may be levied only when the proceedings therefor are wholly within the terms of a statute which authorizes it. | Can tax only be levied when proceedings are wholly within terms of statute authorizing it? |
| 12414 | Boeing Airplane Co. v. Bd. of Comm'rs of Sedgwick Cty., 164 Kan. 149, 153 (Kan. 1947) | 2 | Taxes are not classed as "debts" in usual sense of term, and actions prescribed by Civil Code do not lie for their recovery. | Taxes are not classed as debts in the usual sense of the term, and actions prescribed by the civil code do not lie for their recovery.' | "Are taxes classed as ""debts"" in usual sense of the term?" |
| 12415 | Snow v. City of Columbia, 305 S.C. 544, 553 (1991) | 2 | To constitute actionable trespass, there must be affirmative act, invasion of land must be intentional, and harm caused must be direct result of that invasion. | To constitute an actionable trespass, however, there must be an affirmative act, the invasion of the land must be intentional, and the harm caused must be the direct result of that invasion. | Should there be an affirmative act to constitute actionable trespass? |
| 12416 | Schulz v. Dattero, 104 A.D.3d 831, 834, 961 N.Y.S.2d 308, 312 (2013) | 5 | Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass. | "Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass" | Can the innocent entry upon the land of another without permission cause a trespass? |
| 12420 | Kuklachev v. Gelfman, 600 F. Supp. 2d 437, 460 (E.D.N.Y. 2009) | 23 | An arbitrability analysis must focus on the factual allegations in the complaint rather than the legal causes of action asserted; the mere fact that a complaint alleges a tort claim, rather than one for breach of contract, does not make the claim any less arbitrable. | The arbitrability analysis must "focus on the factual allegations in the complaint rather than the legal causes of action asserted." Genesco, Inc., 815 F.2d at 846. Courts must examine the substance of claims, "shorn of their labels." Phillips v. Audio Active Ltd., 494 F.3d 378, 388 (2d Cir.2007). "The mere fact that [a complaint alleges] a tort claim, rather than one for breach of [contract], does not make the claim any less arbitrable." | Does a tort claim make it less arbitrable? |
| 12425 | Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1387, 272 Cal. Rptr. 387, 394–95 (Ct. App. 1990) | 3 | General rule is that allegations of complaint are to be liberally construed with view to substantive justice between parties. | The general rule is that allegations of a complaint are **395 to be liberally construed with a view to substantive justice between the parties. | Should allegations of a complaint be liberally construed with a view to substantive justice between the parties? |

| 12428 | Bloodworth v. Caldwell, 150 Ga.App. 443, 443 (Ga.App., 1979) | 1 | Continuance or postponement of case is discretionary matter and will not be controlled unless manifestly abused. | The continuance or postponement of a case is a discretionary matter and will not be controlled unless manifestly abused. | Is the continuance or postponement of a case a discretionary matter and will not be controlled unless manifestly abused? |
|---|---|---|---|---|---|
| 12429 | Brown v. Kentucky Lottery Corp., 891 S.W.2d 90, 91 (Ky. Ct. App. 1995) | 1 | Party served with request for admissions to which it fails to respond admits allegations asserted. | A party served with a request for admissions to which it fails to respond admits the allegations asserted. | Does a party served with a request for admissions to which it fails to respond admit allegations asserted? |
| 12430 | Willowbrook Foods, Inc. v. Grinnell Corp., 147 S.W.3d 492, 502 (Tex. App. 2004) | 11 | Admissions, once deemed by the court, may not be contradicted by any evidence, including summary judgment affidavits. | Admissions, once deemed by the court, may not be contradicted by any evidence, including summary judgment affidavits. | "Can deemed admissions not be contradicted by any evidence, including summary judgment affidavits?" |
| 12441 | Arnett v. Keith, 582 S.W.2d 363, 364 (Mo. Ct. App. 1979) | 3 | Fact that attorney withdraws from case does not give party absolute right to continuance. | The fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. | Does the fact that an attorney withdraws from case give party absolute right to continuance? |
| 12443 | Montalbano Builders v. Rauschenberger, 341 Ill. App. 3d 1075, 1080 (Ill. App. Ct. 2003) | 4 | The facts set out in a request to admit that was not answered are, by virtue of the failure to respond, deemed admitted. | The facts set out in the request to admit that was not answered by the plaintiff are, by virtue of the failure to respond, deemed admitted. | "Are the facts set out in a request to admit that was not answered by the plaintiff, by virtue of the failure to respond, deemed admitted?" |
| 12444 | Lucas v. Clark, 347 S.W.3d 800, 804 (Tex. App. 2011) | 8 | Overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions. | Therefore, overly broad, merits-preclusive requests for admissions are improper and may not result in deemed admissions. | "Are overly broad, merits-preclusive requests for admissions improper and may not result in deemed admissions?" |
| 12447 | Dobbelaere v. Cosco, 120 Ohio App. 3d 232, 244 (Ohio Ct. App. 1997) | 7 | Unanswered requests for admission render matter requested conclusively established for purpose of suit. | "It is settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of suit. | Do unanswered requests for admission render a matter requested conclusively established for purpose of the suit? |
| 12455 | Chenango Cnty. Nat. Bank & Tr. Co. of Norwich v. Lyon, 190 Misc. 358, 359, 74 N.Y.S.2d 382, 384 (Sup. Ct. 1947) | 1 | Great liberality is permitted in the examination of an adverse party before trial particularly when the party sought to be examined stands in a fiduciary capacity. | Great liberality is permitted in the examination of an adverse party before trial. This is particularly so when the party sought to be examined stands in a fiduciary capacity. | Should there be great liberality in examinations of an adverse party before trial? |
| 12463 | Robinson v. Burton, 49 So. 3d 660, 668 (Miss. Ct. App. 2010) | 17 | Trial judges are vested with broad discretionary powers in granting or refusing to grant a continuance. | Trial judges are vested with "broad discretionary powers in granting or refusing to grant a continuance." Frye v. | Are trial court judges vested with broad discretionary powers in granting or refusing to grant a continuance? |
| 12472 | Sabelli v. Sec. Ins. Co. of New Haven, 372 S.W.2d 348, 350 (Tex. Civ. App. 1963) | 1 | Question whether continuance is to be granted is largely within discretion of trial judge in light of facts before him. | The question of whether a continuance is to be granted is largely within the discretion of the trial judge in the light of the facts before him. | "Is the question of whether a continuance should be granted, to be judged in light of facts, before a judge, at the time a motion is presented?" |

| | | | | | |
|---|---|---|---|---|---|
| 12473 | Flynn v. Royal Dev. Co., 54 N.Y.S.2d 585, 589 (Sup. Ct. 1944) | 4 | Where answer contains no affirmative defense and only general denials, defendant, in proper case, may examine plaintiff before trial. | A defendant may, in a proper case, examine a plaintiff where the answer contains no affirmative defense and only general denials. | Does the mere general denial in the answer preclude examination of a defendant before trial? |
| 12475 | Kleitman v. Superior Ct., 74 Cal. App. 4th 324, 336, 87 Cal. Rptr. 2d 813, 822 (1999), as modified (Sept. 9, 1999) | 16 | Discovery into the subjective motives or mental processes of city council members is prohibited. | As this court has previously held, discovery into the subjective motives or mental processes of city council members is prohibited. | Is discovery into the subjective motives or mental processes of city council members prohibited? |
| 12479 | Patterson v. Merrill Lynch, Pierce, Fenner & Smith, 266 N.C. 489, 494 (N.C. 1966) | 11 | Authority to sell, even when coupled with possession of goods by agent, does not necessarily authorize agent to collect price or estop principal from collecting from purchaser who pays agent. | However, authority to sell, even when coupled with the possession of the goods by the agent, does not necessarily authorize the agent to collect the price or estop the principal from collecting from the purchaser who pays the agent. | Does authority to sell imply the agent has authority to collect? |
| 12480 | Wehe v. Montgomery, 711 F. Supp. 1035, 1037 (D. Or. 1989) | 3 | "Unauthorized signature" is one made without actual, implied or apparent authority, and any unauthorized signature is wholly inoperative unless principal certifies it or is precluded from denying it. | An unauthorized signature is one made without actual, implied or apparent authority, and any unauthorized signature is wholly inoperative unless the principal certifies it or is precluded from denying it. | What is an unauthorized signature? |
| 12483 | United States v. Nat'l Dairy Prod. Corp., 372 U.S. 29, 32 (1963) | 4 | Statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. | The strong presumptive validity that attaches to an Act of Congress has led this Court to hold many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. | When does a statute become invalid because of vagueness? |
| 12485 | Pinkerton v. Pritchard, 71 Ariz. 117, 124 (1950) | 9 | If a pleading sets up facts from which the ultimate conclusions may clearly be drawn the ultimate conclusions themselves need not be alleged. | * * *' We further said in the Johansen case that "We think it is elementary that if a pleading sets up facts from which ultimate conclusions may be clearly drawn, the ultimate conclusions themselves need not be alleged.' | Should conclusions be alleged if a pleading sets up facts from which ultimate conclusions may be drawn? |
| 12489 | Application of Cohen, 179 Misc. 6, 9, 37 N.Y.S.2d 115, 119 (Sup. Ct. 1942), aff'd, 265 A.D. 1029, 38 N.Y.S.2d 925 (App. Div. 1943) | 4 | The right to examine before the action is commenced is accorded to a prospective party only where necessary for the protection of his rights. Civil Practice Act, S 295. | The right to examine before the action is commenced is accorded to a prospective party only where 'necessary for the protection of his rights.' Civil Practice Act, § 295. | Is the right to examine before the action is commenced accorded to a prospective party only where necessary for the protection of his rights? |
| 12507 | Tigue v. Swaim, 585 F.2d 909, 914 (8th Cir. 1978) | 3 | Military officers during peacetime are not automatically clothed with absolute immunity in every situation. | In our view, we have no other alternative under Butz than to hold that *914 military officers during peacetime are not automatically clothed with absolute immunity in every situation. | During peacetime are military officers automatically clothed with absolute immunity in every situation? |

| 12508 | Kagan v. Wattendorf & Co., 294 Mass. 588, 596 (1936) | 5 | Valid assignment may be made by any words or acts which fairly indicate intention to make assignee the owner of the claim. | A valid assignment may be made by any words or acts which fairly indicate an intention to make the assignee the owner of a claim.' Cosmopolitan Trust Co. | Are assignments made by words or acts valid? |
| 12511 | Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367, 367 (Miss. 1929) | 3 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Nonnegotiable instruments which partake of the nature of commercial paper are assignable by indorsement and delivery. | Whether nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery? |
| 12515 | Ruggiero v. East Hartford, 2 Conn. App. 89, 97 (1984) | 16 | Taking of highway creates no interest in fee, presumption being that landowners whose lands abut highway continue to be owners of fee of land to center of highway. | The law in this state is clear that the taking of a highway creates no interest in fee, the presumption being that the landowners whose lands abut the highway continue to be owners of the fee of the land to the center of the highway. | Does the taking of a highway create an interest in the fee? |
| 12517 | Brock v. Blackwood, 143 S.W.3d 47, 57 (Mo. Ct. App. 2004) | 16 | To properly plead a cause of action, the petition must state allegations of fact in support of each essential element of the cause pleaded. | To properly plead a cause of action, the "petition must state allegations of fact in support of each essential element of the cause pleaded." | Does a properly pleaded cause of action require allegations of fact? |
| 12518 | In re OSG Ship Mgmt., Inc., 514 S.W.3d 331, 337 (Tex. App. 2016) | 5 | Forum-selection clauses are presumptively valid unless shown to be unreasonable, and they may be enforced through a motion to dismiss. | Forum-selection clauses are presumptively valid unless shown to be unreasonable, and they may be enforced in Texas courts through a motion to dismiss. | Are forum-selection clauses presumptively valid unless shown to be unreasonable? |
| 12520 | In re Conseco, Inc., 299 B.R. 875 (N.D. Ill. 2003) | 3 | Agent, acting under actual authority, has power to enter into binding contract on behalf of undisclosed principal. | It is well settled that an agent, acting under actual authority, has the power to enter into a binding contract on behalf of an undisclosed principal. | Can an Agent enter into a binding contract on behalf of undisclosed principal? |
| 12522 | Esty v. Beal Bank S.S.B., 298 S.W.3d 280, 295 (Tex. App. 2009) | 25 | Trial court has the authority to impose sanctions for the failure to comply with a pretrial order. | A trial court has the authority to impose sanctions for the failure to comply with a pretrial order. | Does the trial court have the authority to impose sanctions for the failure to comply with a pretrial order? |
| 12526 | United States v. Walsh, 156 F. Supp. 3d 374, 382 (E.D.N.Y. 2016) | 6 | When evaluating the scope of a federal criminal statute, court must look closely to its language, legislative history, and purpose. | When evaluating the scope of a federal criminal statute, [the court] must look closely to its language, legislative history, and purpose | What does the court look to when evaluating the scope of bribery statute? |
| 12530 | Templeton v. Wolverton, 142 Tex. 422, 427 (1944) | 1 | A "mining partnership" may be created by express contract, and without express contract by joint ownership and operation of mineral interests. | A mining partnership may of course be created by express contract and it may be created, without express contract, by joint ownership and joint operation of mineral interests. | Can a mining partnership be created by express contract or without express contract? |
| 12534 | Thilman Co. v. Esposito, 87 Ill. App. 3d 289, 293 (1980) | 1 | No duty is imposed upon trial court to continue case when no request for continuance has been made. | No duty is imposed upon a trial court to continue a case when no request for a continuance has been made. | Is a duty imposed upon a trial court to continue a case when no request for continuance has been made? |

| | | | | | |
|---|---|---|---|---|---|
| 12550 | Riverton Produce Co. v. State, 871 P.2d 1213, 1221 (Colo. 1994) | 10 | States retain flexibility to fashion taxes in any manner not inconsistent with constitutional principles. | Moreover, the states retain flexibility to fashion taxes in any manner not inconsistent with constitutional principles, and the United States Supreme Court has expressly "declined to undertake the essentially legislative task of establishing a 'single constitutionally mandated method of taxation.' " | Do states retain flexibility to fashion taxes in any manner not inconsistent with constitutional principles? |
| 12552 | Lee, et al., v. Atlantic Coast Line R. Co., 145 Fla. 618, 630 (Fla. 1941) | 5 | Statutory taxing power is as potent to taxing districts as it is to the state, counties, municipalities, unless restrained by a paramount law. Const. art. 9, SS 1, 10, and S 6, as amended; art. 12, SS10, 11, 17. | Statutory taxing power is as potent as to taxing districts as it is to the State, counties and municipalities, unless restrained by a paramount law. | Is the statutory taxing power as potent to taxing districts as it is to the state? |
| 12556 | Thweatt v. Jackson, 838 S.W.2d 725, 727 (Tex. App. 1992) | 2 | Assignee of promissory notes stands in shoes of assignor and obtains rights, title, and interest that assignor had at time of assignment. | Second, it is axiomatic that an assignee of a promissory note stands in the shoes of the assignor and obtains the rights, title, and interest that the assignor had at the time of the assignment. | Does the assignee of a promissory note stand in the shoes of the assignor? |
| 12567 | Am. Coll. Connection, Inc. v. Berkowitz, 332 Ga. App. 867, 868, 775 S.E.2d 226, 227 (2015) | 1 | A defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. | At the outset, we note that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. | Does a defendant who files a motion to dismiss for lack of personal jurisdiction have the burden of proving lack of jurisdiction? |
| 12571 | MAKI v. HANSEN, 694 N.W.2d 78, 82 (Minn. Ct. App. 2005) | 3 | Parties are expected to follow the requirements for service of process, and failure to do so can result in dismissal of a claim. | [3] Parties are expected to follow the requirements for service of process and failure to do so can result in dismissal of a claim. | Will failure to follow the requirements for service of process result in dismissal of a claim? |
| 12573 | Roberts v. Corwin, 118 A.D.3d 571, 573, 988 N.Y.S.2d 180, 182 (2014) | 2 | Dismissal of complaint as sanction is penalty aimed to punish misconduct by party to litigation, and, as with any sanction, dismissal of complaint must be commensurate with particular disobedience it is designed to punish. | Dismissal of a complaint as a sanction is a penalty aimed to punish misconduct by a party to a litigation (Lipin v. Bender, 84 N.Y.2d 562, 572–573, 620 N.Y.S.2d 744, 644 N.E.2d 1300 [1994] ). As with any sanction, however, dismissal of a complaint must be "commensurate with the particular disobedience it is designed to punish" (Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Global Strat Inc., 22 N.Y.3d 877, 976 N.Y.S.2d 678, 999 N.E.2d 156 [2013][internal quotation marks omitted] ). | Is dismissal of complaint as sanction a penalty aimed to punish misconduct by a party to litigation? |
| 12574 | Hospice v. N.C. Dept, 185 N.C. App. 109, 112 (N.C. Ct. App. 2007) | 2 | If a case becomes moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | If a case becomes moot "at any time during the course of the proceedings, the usual response should be to dismiss the action." | Will an action be dismissed if a case becomes moot at any time during the course of the proceedings? |

| 12584 | Zeitz v. Vill. of Glenview, 227 Ill. App. 3d 891, 894, 592 N.E.2d 384, 387 (1992) | 2 | Pleader is not required to set forth his evidence; pleading is only required to allege ultimate facts, not evidentiary facts tending to prove such ultimate facts. | In Illinois a pleader is not required to set forth his evidence. To the contrary, a pleading is only required to allege ultimate facts and not the evidentiary facts tending to prove such ultimate facts. | Is a pleader required to set forth evidentiary facts? |
| 12587 | In re Gen. Motors Corp., 296 S.W.3d 813, 826 (Tex. App. 2009) | 18 | A court has the power to determine its own jurisdiction and to take the appropriate action of dismissing claims over which it does not have jurisdiction. | Landmark's argument, that because the district court lacked subject-matter jurisdiction to adjudicate Landmark's Code-based claims, the district court order of dismissal is void, runs counter to the established rule that a court has the power to determine its own jurisdiction and to take the appropriate action of dismissing claims over which it does not have jurisdiction. | Does a court have the power to determine its own jurisdiction and to take the appropriate action of dismissing claims over which it do not have jurisdiction? |
| 12590 | Davis v. Byrd Memorial Hosp, 628 So. 2d 1284, 1287 (La. Ct. App. 1993) | 4 | Where party fails to follow court's pretrial order, burden is on that party to show why he failed to so comply. | However, where a party fails to follow a court's pretrial order, the burden is on that party to show why he failed to so comply. | "Where party fails to follow a court's pretrial order, is the burden on that party to show why he failed to so comply?" |
| 12605 | Farm Bureau Mut. Ins. Co. v. Schwan, 687 N.W.2d 388, 391 (Minn. Ct. App. 2004) | 8 | A court will not dismiss an issue as moot if it is capable of repetition and likely to evade review. | A court will not dismiss an issue as moot if it is capable of repetition and likely to evade review. Schmidt, 443 N.W.2d at 826. | Will a court dismiss an issue as moot if it is capable of repetition and likely to evade review? |
| 12606 | E.I. Dupont De Nemours & Co. v. Sidran, 140 So. 3d 620, 624 (Fla. Dist. App. 2014) | 4 | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | To support a dismissal the court must find the "false testimony was directly related to the central issue in the case." | Should whatever scheme of fraud a court finds be supported by clear and convincing evidence that goes to the very core issue at trial? |
| 12607 | Wyeth Ayerst Pharms., Inc. v. Assessor of Town of Champlain, 24 A.D.3d 849, 850, 804 N.Y.S.2d 861, 862 (2005) | 2 | Failure to properly serve party is jurisdictional defect subjecting proceeding to dismissal. | Moreover, the failure to properly serve a party is a jurisdictional defect subjecting a proceeding to dismissal | Is failure to properly serve a party a jurisdictional defect subjecting proceeding to dismissal? |
| 12612 | Jackson Cty Bd. of Election v. Summit, 277 S.W.3d 740, 744 (Mo. Ct. App. 2009) | 6 | A case is "moot" if the decision would have no practical effect upon an existent controversy; when an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. | A case is moot if the decision would have "no practical effect upon an existent controversy." When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. | "Is a case ""moot"" if the decision would have no practical effect upon an existent controversy?" |
| 12613 | State ex rel. AG Processing, Inc. v. Public Service Commission, 276 S.W.3d 303, 306 (Mo. Ct. App. 2009) | 2 | A case is "moot" if the decision would have no practical effect upon an existent controversy. | A case is moot if the decision would have "no practical effect upon an existent controversy." | "Is a case ""moot"" if the decision would have no practical effect upon an existent controversy?" |

| 12614 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 4 | Dismissal is a "drastic" sanction to be reserved for the most severe violations of rules and court orders. | Nonetheless, dismissal is a "drastic" sanction to be reserved for the most severe violations of rules and court orders. | "Is a dismissal a ""drastic"" sanction to be reserved for the most severe violations of rules and court orders?" |
|---|---|---|---|---|---|
| 12617 | State v. John F.M., 285 Conn. 52 | 3 | A defendant or plaintiff who fails to produce evidence, when he is ordered to do so, is in default and case may go against him on this ground. | A defendant or plaintiff who fails to produce evidence, when he is ordered to do so, is in default and the case may go against him on this ground. | Is a defendant or plaintiff who fails to produce evidence in default and case can go against him on this ground? |
| 12621 | Pixton v. Williams Scotsman, Inc., 924 So. 2d 37, 40 (Fla. Dist. Ct. App. 2006) | 5 | Lacking involvement or complicity by the client, an attorney's misconduct should not result in a dismissal of an action. | Lacking such involvement or complicity by the client, the attorney's misconduct should not result in a dismissal of the action. | "Would an attorney's misconduct result in a dismissal of an action, when clients involvement or complicity is lacking?" |
| 12622 | District of Columbia v. Serafin, 617 A.2d 516, 519 (D.C. 1992) | 1 | Trial court has authority to dismiss action when plaintiff fails to comply with order of court. Civil Rule 41(b). | The trial court has authority to dismiss an action when a plaintiff fails to comply with an order of the court. Super.Ct.Civ.R. 41(b); | Does a trial court have authority to dismiss an action when a plaintiff fails to comply with order of court? |
| 12623 | Larson v. Department of Industry, Labor & Human Relations, 76 Wis. 2d 595, 621 (Wis. 1977) | 13 | Workmen's compensation is wholly statutory and questions as to what should properly be the public policy concerning it are determined by the legislature and not by the courts. | Workmen's compensation is wholly statutory. Questions on what should properly be the public policy concerning it are determined by the legislature and not the courts. | "For workers compensation, is it the legislature or the courts that determine the questions regarding what should properly be the public policy?" |
| 12629 | Atl. Oil Co. v. Los Angeles Cnty., 69 Cal. 2d 585, 594, 446 P.2d 1006, 1011 (1968) | 3 | Right to drill for and produce oil when granted is a profit a prendre, a right to remove part of substance of land. | 'The right (to drill for and produce oil) when granted is a profit A prendre, a right to remove a part of the substance of the land. | Is the exclusive right to drill for and produce oil when granted a profit a prendre? |
| 12640 | Fortune v. Commonwealth, 14 Va. App. 225, 228 (1992) | 7 | Where conduct of accused, under conditions and circumstances described, points with reasonable certainty to specific intent to commit rape, intent is established. | Where the conduct of the accused, under conditions and circumstances described, points with reasonable certainty to a specific intent to commit rape, intent is established. | Can a defendants specific intent to commit rape be inferred from the circumstances? |
| 12644 | Katsoris v. WME IMG, LLC, 237 F. Supp. 3d 92, 101 (S.D.N.Y. 2017) | 3 | There is nothing irrevocable about an agreement to arbitrate, and under a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration. | But "there is nothing irrevocable about an agreement to arbitrate," and "under a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration." Baker & Taylor, Inc. | Is there anything irrevocable about an agreement to arbitrate? |
| 12647 | Farmers State Bk. v. Doering, 80 Ill. App. 3d 959, 962 (Ill. App. Ct. 1980) | 6 | A "note" is a unilateral instrument containing an express and absolute promise of signer to pay a specific person or order, or bearer, a definite sum of money at a specified time. | By definition, a "note" is a unilateral instrument containing an express and absolute promise of signer to pay a specified person or order, or bearer, a definite sum of money at a specified time. | "How is a note reffered to as,under the law?" |

| | | | | | |
|---|---|---|---|---|---|
| 12649 | Jackson Bros. v. National Bank, 12 Tenn. App. 464, 469 (1930) | 3 | Where the holder of an instrument transfers it for value, without indorsing it, the transfer vests in the transferee such title as the transferer had therein, but subject to defenses good against the transferer; and failure of consideration is a good defense. | "Where the holder of an instrument transfers it for value, without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, but subject to defenses good against the transferrer; and failure of consideration is a good defense." Landis v. | Does the transferee become the owner subject to all defenses enforceable against the transferor? |
| 12652 | Newman v. RAG Wyoming Land Co., 53 P.3d 540, 550 (Wyo. 2002) | 5 | Parties can sever coalbed methane from remainder of oil and gas estate and convey it separately. | Parties can certainly sever the coalbed methane from the remainder of the oil and gas estate and convey it separately. | Can parties sever the coalbed methane from the remainder of the oil and gas estate? |
| 12655 | Saul v. Cahan, 153 A.D.3d 947, 949, 61 N.Y.S.3d 265, 268 (2017) | 3 | A cause of action sounding in breach of fiduciary duty must be pleaded with particularity. McKinney's CPLR 3016(b). | "A cause of action sounding in breach of fiduciary duty must be pleaded with particularity" under CPLR 3016 (b)" (Swartz v. Swartz, 145 A.D.3d 818, 823, 44 N.Y.S.3d 452; see Deblinger v. Sani–Pine Prods. Co., Inc., 107 A.D.3d at 660, 967 N.Y.S.2d 394). | Should a cause of action for breach of fiduciary duty be pleaded with particularity? |
| 12656 | Bright v. Frank Russell Investments, 191 Wash. App. 73, 80 (Wash.App. Div. 1, 2015) | 5 | Litigants in good faith may raise alternative legal grounds for a desired outcome. | Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. | Can litigants in good faith raise alternative legal grounds for a desired outcome? |
| 12661 | Randall v. Chrysler Corp., 135 Mich. App. 415, 421 (Mich. Ct. App. 1984) | 1 | Rights to benefits under the workers' compensation scheme are purely statutory and the legislature has the prerogative to redefine the extent of those benefits. | Rights to benefits under the workers' compensation scheme are purely statutory, and the Legislature has the prerogative to redefine the extent of those benefits. | Does the Legislature have the prerogative to redefine the extent of workers compensation benefits? |
| 12673 | State v. Tedesco, 175 Conn. 279, 287 (1978) | 8 | A principal may delegate to agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally. | It is true that a principal may delegate to an agent all that he himself can do except acts "peculiarly personal" or acts "regulated by statute which are required to be performed personally." | Can acts which are required to be performed personally by statute be delegated? |
| 12675 | U.S. v. Murphy, 556 F. Supp. 2d 1232, 1236 (D. Colo. 2008) | 11 | A person may intimidate another without intentionally making a direct or even veiled threat. | It is common knowledge that a person may intimidate another without intentionally making a direct or even veiled threat. | Can you intimidate someone without actually making a direct or even veiled threat? |
| 12685 | Avery Contracting, LLC v. Niehaus, 492 S.W.3d 159, 162 (Mo. 2016) | 2 | Motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition. | A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition. | Does a motion to dismiss for failure to state a claim test the adequacy of a plaintiff's petition? |
| 12696 | Travellers Int'l A.G. v. Trans World Airlines, 41 F.3d 1570, 1575 (2d Cir. 1994) | 2 | Under New York law, implied covenant of good faith and fair dealing inheres in every contract. | Under New York law, the implied covenant of good faith and fair dealing inheres in every contract. | Is there an implied covenant of good faith in every contract? |

| 12697 | Auguston v. Spry, 282 A.D.2d 489, 491, 723 N.Y.S.2d 103, 106 (2001) | 6 | Causes of action alleging breach of contract and unjust enrichment may be pleaded alternatively. McKinney's CPLR 3014. | Additionally, the causes of action alleging breach of contract and unjust enrichment may be pleaded alternatively (see, CPLR 3014; Joseph Sternberg, Inc. v. Walber 36th St. Assocs., 187 A.D.2d 225, 594 N.Y.S.2d 144; Strauss v. Di Cicco, 64 A.D.2d 979, 408 N.Y.S.2d 810). | Can breach of contract and unjust enrichment be pleaded in the alternative? |
| 12700 | Ferenc v. Brenner, 927 F. Supp. 2d 537, 545 (N.D. Ill. 2013) | 7 | Under both Illinois and California law, an agent acting within the scope of his agency is entitled to invoke an arbitration agreement entered into by his principal. | Under Illinois and California law, "an agent acting within the scope of his agency is entitled to invoke an arbitration agreement entered into by [his] principal." | Can an agent invoke an arbitration agreement? |
| 12716 | Chubb Group Ins. v. Carrizalez, 375 Ill. App. 3d 537, 538  (Ill. App. Ct. 2007) | 2 | Dismissal is appropriate where the record establishes that no genuine issue of material fact exists. | Dismissal is appropriate where the record establishes that no genuine issue of material fact exists. | Is dismissal appropriate where the record establishes that no genuine issue of material fact exists? |
| 12717 | Young v. Medlantic Lab'y P'ship, 125 Md. App. 299, 303, 725 A.2d 572, 574 (1999) | 3 | It is clearly inappropriate for judge to make finding of fact in context of motion to dismiss. | It is clearly inappropriate in the context of a motion to dismiss for the judge to make a finding of fact. | Is it clearly inappropriate for a judge to make finding of fact in context of motion to dismiss? |
| 12718 | Valley Peat & Humus v. Sunnylands, Inc., 398 Pa. Super. 400, 405, 581 A.2d 193, 195 (1990) | 3 | Granting of non pros judgment is founded upon equitable doctrine of laches. | The granting of a non pros judgment is founded upon the equitable doctrine of laches. | Is granting of non pros judgment founded upon equitable doctrine of laches? |
| 12723 | Carlson v. Carlson, 363 N.W.2d 803, 805 (Minn. Ct. App. 1985) | 4 | Agent cannot profit from subject of agency without principal's consent, freely given after full disclosure of any facts that might influence principal's judgment. | An agent cannot profit from the subject of the agency without the principal's consent, freely given after full disclosure of any facts that might influence the principal's judgment. | Can an agent claim his compensation from the subject of the principal? |
| 12724 | Cruse v. O'Quinn, 273 S.W.3d 766, 777 (Tex. App. 2008) | 10 | An objection that statements in an affidavit are conclusory is one that relates to a defect in substance, and so may be raised for the first time on appeal. | An objection that statements in an affidavit are conclusory is one that relates to a defect in substance and so may be raised for the first time on appeal. | Are conclusory statements defects of substance in an affidavit? |
| 12727 | Dagrosa v. Calabro, 105 N.Y.S.2d 178, 181 (Sup Ct, Apr. 30, 1951) | 3 | Purchaser who accepts deed which recognizes easement over realty is estopped by such acceptance from denying existence of such easement. | It has long been established in this State that a purchaser who accepts a deed which recognizes an easement over the realty is estopped by such acceptance from denying the existence of such easement. | Is a purchaser who accepts a deed which recognizes an easement over the realty estopped by such acceptance from denying existence of such easement? |

| | | | | | |
|---|---|---|---|---|---|
| 12731 | Plengemeier v. Thermadyne Indus., Inc., 409 S.W.3d 395, 399 (Mo. Ct. App. 2013) | 1 | A motion to dismiss is the proper motion for attacking a petition on the ground it is barred by the statute of limitations, especially where the expiration of the limitation appears on the face of the petition; the trial court may not dismiss the petition unless it is clearly established on the petition's face and without exception that the cause of action is time-barred. | A motion to dismiss is the proper motion for attacking a petition on the ground it is barred by the statute of limitations, especially where the expiration of the limitation appears on the face of the petition.  The trial court may not dismiss the petition unless it is clearly established on the petition's face and without exception that the cause of *400 action is time-barred. | "In ruling on a motion to dismiss, including one based on the bar of a statute of limitations, is the trial court obliged to construe the petition liberally and give the pleadings their broadest intendment?" |
| 12742 | Fisser v. International Bank, 164 F. Supp. 826, 827 (S.D.N.Y. 1958) | 1 | Agent of an absent owner of cargo may assert in his own name his principal's right of action. | One exception to that rule is the 'well-recognized practice in the admiralty that the agent of an absent owner of cargo may assert in his own name his principal's right of action.' | Can an agent of an absent cargo owner assert in his own name his principals right of action? |
| 12745 | Marsden v. Encompass Ins. Co., 374 N.J. Super. 241, 249 (App. Div. 2005) | 2 | Estoppel is an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law. | "Estoppel is an equitable doctrine, founded in the fundamental duty of fair dealing imposed by law." | Is estoppel founded in the fundamental duty of fair dealing imposed by law? |
| 12748 | Stamato v. Agamie, 24 N.J. 309, 315 (1957) | 3 | Equity deems time provisions in land contract to be formal rather than essential, unless circumstances or express language indicate otherwise. | Equity deems time provisions in a land contract to be formal rather than essential, unless the circumstances or express language indicate otherwise. | Is time the essence of land contracts? |
| 12754 | Polowick v. Meredith Construction Co., 29 Ill. App. 3d 1092, 1097 (1975) | 5 | Complaint should not be dismissed for want of prosecution unless the plaintiff has been guilty of inexcusable delay. | A complaint should not be dismissed for want of prosecution unless the plaintiff has been guilty of inexcusable delay. | Should a complaint be dismissed for want of prosecution unless the plaintiff has been guilty of inexcusable delay? |
| 12760 | Renville State Bank v. Kinsberg, 40 S.D. 191, 166 N.W. 643, 644 (1918) | 1 | Written declaration, properly sworn to, may constitute an affidavit, though in form of ordinary pleading. | A written declaration, properly sworn to, may constitute an affidavit, even though in the form of an ordinary pleading. | Can a written declaration in the form of an ordinary pleading constitute an affidavit? |
| 12770 | BHA Investment, Inc. v. State, 138 Idaho 348, 352-353 (Idaho 2003) | 7 | Fees and taxes are generally distinguished in that fees are for purpose of regulation whereas taxes are solely for purpose of raising revenue. | Fees and taxes are generally distinguished in that fees are for the purpose of regulation whereas **479 *353 taxes are solely for the purpose of raising revenue. | Are fees and taxes distinguished in that fees are for the purpose of regulation and taxes are solely for the purpose of raising revenue? |
| 12779 | Lewis v. City of Savannah, 336 Ga. App. 126, 129 (Ga. Ct. App. 2016) | 5 | Upon dismissal of a case, all prior orders that were entered in the case are superceded and can no longer be enforced against the parties. | Furthermore, upon dismissal of the case, all prior orders that were entered in the case are superseded and can no longer be enforced against the parties | "Upon dismissal of a case, are all prior orders that were entered in the case superseded and can no longer be enforced against the parties?" |
| 12780 | Hous. Auth. of St. Louis Cty. v. Lovejoy, 731 S.W.2d 510, 512 (Mo. Ct. App. 1987) | 4 | Involuntary dismissal of plaintiff's action, in which counterclaim has been filed, does not ordinarily operate to dismiss or to discontinue such counterclaim. V.A.M.S. S 510.170. | An involuntary dismissal of a plaintiff's action in which a counterclaim has been filed does not ordinarily operate to dismiss or to discontinue such counterclaim. See Section 510.170 RSMo (1986). | "Does an involuntary dismissal of a plaintiff's action, in which a counterclaim has been filed, not ordinarily operate to dismiss or to discontinue such counterclaim?" |

| 12782 | Pender v. Pender, 634 S.W.2d 244, 246 (Mo. Ct. App. 1982) | 1 | An order to dismiss terminates the litigation, the petition as well as the action, unless the decree directs a different effect. | An order to dismiss terminates the litigation-the petition as well as the action-unless the decree directs a different effect. | Does an order to dismiss terminate the litigation unless the decree directs a different effect? |
| 12783 | Ellis v. Crockett, 51 Haw. 45, 59 (Haw. 1969) | 33 | Order dismissing complaint in its entirety is judgment denying all relief to plaintiff whose complaint is being dismissed. | An order dismissing a complaint in its entirety is a judgment denying all relief to the plaintiff whose complaint is being dismissed. | Is an order dismissing a complaint in its entirety a judgment denying all relief to a plaintiff whose complaint is being dismissed? |
| 12786 | Mongeon v. Burkebile, 79 N.D. 234, 244 (N.D. 1952) | 11 | The words "with prejudice" appearing in motion or order for dismissal are not always conclusive against plaintiff, but their effect is determined by conditions under which they are used. | The words 'with prejudice' appearing in a motion or order for dismissal are not always conclusive against the plaintiff. Their effect is determined by the conditions under which they are used. | "Are the words ""with prejudice"" appearing in a motion or order for dismissal always conclusive against a plaintiff?" |
| 12787 | Whitaker v. Wright, 100 Fla. 282, 287, 129 So. 889, 891 (1930) | 4 | Jurisdiction of parties is not lost by mere entry of nonsuit without final judgment. | Syllabus of the Court: Jurisdiction of the parties is not lost by the mere entry of a nonsuit without a final judgment rendered and entered thereon. | Is the jurisdiction of parties not lost by mere entry of nonsuit without final judgment? |
| 12789 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 17 | A person serving two masters may subject both to liability for the same act if the act is within the scope of employment for both. | Thus, a person serving two masters may subject both to liability for the same act "if the act is within the scope of employment for both." | When can a person serving two masters subject both to liability for the same act? |
| 12791 | Ward v. Mgmt. Analysis Co. Emp. Disability Ben. Plan, 135 F.3d 1276, 1284 (9th Cir. 1998), aff'd in part, rev'd in part sub nom. UNUM Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 119 S. Ct. 1380, 143 L. Ed. 2d 462 (1999) | 11 | Whether as between parties their relationship is one of agency depends on their relations as they in fact exist under agreement or acts of parties, and the question is not governed by stipulations of the parties. | Whether as between the parties their relationship is one of agency depends on their relations as they in fact exist under the agreement or acts of the parties, and the question is not governed by the stipulations of the parties. | Can agency be governed by stipulation of the parties? |
| 12792 | Whitco Produce Co. v. Bonanza Int'l, Inc., 154 Ga. App. 92, 93, 267 S.E.2d 627, 628 (1980) | 1 | Generally, franchise contract under which one operates a type of business on royalty basis does not create agency or partnership relationship. | The general rule is that a franchise contract under which one operates a type of business on a royalty basis does not create an agency or a partnership relationship. | Can a franchise contract create an agency relationship? |
| 12793 | Johnson v. LeBonheur Children's Med. Ctr., 74 S.W.3d 338, 344 (Tenn. 2002) | 17 | A person serving two masters may subject both to liability for the same act if the act is within the scope of employment for both. | Thus, a person serving two masters may subject both to liability for the same act "if the act is within the scope of employment for both." | Can a person serving two masters subject both to liability for the same act? |

| 12796 | Pescia v. Auburn Ford-Lincoln Mercury Inc., 68 F. Supp. 2d 1269, 1282 (M.D. Ala. 1999) | 23 | Under Alabama law, the test for determining whether one is an agent of the defendant is whether the defendant has reserved the right of control over the means by which the work is done; stated differently, the defendant must have reserved the right to direct not only what shall be done, but also how it shall be done. | Under Alabama law: The test for determining whether one is an agent of the defendant is whether the defendant has reserved the right of control over the means by which the work is done. Stated differently, the defendant must have reserved the right to direct not only what shall be done, but also how it shall be done. | How should it to be determined whether one is an agent? |
|---|---|---|---|---|---|
| 12797 | APSB Bancorp v. Thornton Grant, 26 Cal. App. 4th 926, 930, 31 Cal. Rptr. 2d 736, 738 (1994) | 2 | Independent contractor and agent are not mutually exclusive legal categories, and independent contractor is also an agent when it contracts to act on behalf of a principal and is subject to the principal's control except with respect to the agent's physical conduct. | However, as independent contractor and agent are not mutually exclusive legal categories, our inquiry does not end here. (City of Los Angeles v. Meyer Bros. Parking System, Inc. (1975) 54 Cal.App.3d 135, 138, 126 Cal.Rptr. 545.) In Meyer Bros. it was held an independent contractor is also an agent when it contracts to act on behalf of a "principal" and is subject to the "principal's" control except with respect to the "agent's" physical conduct. (Id. at p. 138, 126 Cal.Rptr. 545.) | Can an independent contractor also be an agent? |
| 12802 | Rotert v. Faulkner, 660 S.W.2d 463, 469 (Mo. Ct. App. 1983) | 8 | Even though note does not possess quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another, and any language, however informal, if it shows intention of owner of chose in action to transfer it, and sufficiently identifies subject matter, is sufficient to vest property therein in assignee. | It is thus established in Missouri that even though a note does not possess the quality of negotiability, its owner may nonetheless, by assignment, transfer his interest to another. Any language, however informal, if it shows the intention of the owner of a chose in action 10 to transfer it, and sufficiently identifies the subject matter, is sufficient to vest the property therein in the assignee. | Can the owner of a non-negotiable note transfer his interest by assignment? |
| 12809 | Kouba v. Febco, Inc., 543 N.W.2d 245, 247 (N.D. 1996) | 3 | Dismissal without prejudice neither precludes subsequent action nor addresses merits of action. | A dismissal without prejudice neither precludes a subsequent action nor addresses the merits of an action. | Does a dismissal without prejudice neither preclude subsequent action nor addresses merits of an action? |
| 12810 | Weber v. Weber, 908 S.W.2d 356, 359 (Mo. 1995) | 2 | Dismissal of petition in civil action does not render counterclaim or cross-claim filed in action dismissed or discontinued. V.A.M.R. 67.05. | Dismissal of a plaintiff's petition in a civil action does not render a counterclaim or cross-claim filed in the action dismissed or discontinued. Rule 67.05. | Does a dismissal of a petition in a civil action not render a counterclaim or cross-claim filed in action dismissed or discontinued? |

| 12811 | Iskalo Elec. Tower LLC v. Stantec Consulting Servs., Inc., 113 A.D.3d 1105, 1106, 979 N.Y.S.2d 212, 214 (2014) | 3 | Generally, a conditional order of dismissal is self-executing and a party's failure to produce the requested items on or before the date certain renders it absolute; nevertheless, a conditional order, like any other, must be sufficiently specific to be enforceable. | Generally, a "conditional order [of dismissal is] self-executing and [a party]'s 'failure to produce [the requested] items on or before the date certain' render[s] it 'absolute'" (Wilson v. Galicia Contr. & Restoration Corp., 10 N.Y.3d 827, 830, 860 N.Y.S.2d 417, 890 N.E.2d 179; see Gibbs, 16 N.Y.3d at 78, 917 N.Y.S.2d 68, 942 N.E.2d 277; Burton v. Mattelano, 98 A.D.3d 1248, 1250, 951 N.Y.S.2d 772). "Nevertheless, a conditional order, like any other, must be sufficiently specific to be enforceable" (Trabanco v. City of New York, 81 A.D.3d 490, 492, 916 N.Y.S.2d 90). | Is a conditional order of dismissal meant to be self-executing? |
| 12817 | Dinges v. Gabardi, 202 Ill. App. 3d 732, 735 (Ill. App. Ct. 1990) | 1 | Even if complaint states cause of action on its face, where affirmative defense negates cause of action, dismissal is proper. | Even if the complaint states a cause of action on its face, where an affirmative defense negates the cause of action, the dismissal is proper. | Will a dismissal be proper if complaint states cause of action on its face? |
| 12819 | Violette v. Shoup, 16 Cal. App. 4th 611, 620, 20 Cal. Rptr. 2d 358, 363 (1993) | 2 | Person does not become agent of another simply by offering help or making suggestion. | A person does not become the agent of another simply by offering help or making a suggestion. | Can a person become the agent of another simply by offering help or making a suggestion? |
| 12820 | Cislaw v. Southland Corp., 4 Cal. App. 4th 1284, 1288, 6 Cal. Rptr. 2d 386, 388 (1992) | 1 | General rule is where franchise agreement gives franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. | The general rule is where a franchise agreement gives the franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. | When will a franchise agreement establish an agency relationship? |
| 12822 | Am. Env't, Inc. v. 3-J Co., 222 Ill. App. 3d 242, 249, 583 N.E.2d 649, 655 (1991) | 11 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | An attorney, broker, auctioneer, and other persons similarly employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. | Is a broker employed for a single transaction an agent? |
| 12823 | Caterpillar, Inc. v. Usinor Industeel, 393 F. Supp. 2d 659, 669-670 (N.D. Ill. 2005) | 4 | Under Illinois law, test for agency is whether alleged principal has right to control manner in which work is carried out by alleged agent, and whether alleged agent can affect legal relationships of principal. | Under Illinois law, 15 the test for agency is whether the alleged principal has the right to control the manner in which work is carried out by the alleged agent, *670 and whether the alleged agent can affect the legal relationships of the principal. | What is the test for agency? |
| 12825 | Fischer v. Machado, 50 Cal. App. 4th 1069, 1072, 58 Cal. Rptr. 2d 213, 215 (1996) | 5 | Existence of fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not agent for other. | The existence of the fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not an agent for the other. | Does existence of a fiduciary relationship modify all agency agreements? |

| 12826 | Am. Envtl. v. 3-J Co., 222 Ill. App. 3d 242 | 11 | Attorney, broker, auctioneer, and other persons similarly employed for single transaction or for series of transactions are agents, although as to their physical activities they are independent contractors. | An attorney, broker, auctioneer, and other persons similarly employed for a single transaction or for a series of transactions are agents, although as to their physical activities they are independent contractors. | Is an auctioneer employed for a single transaction an agent? |
|---|---|---|---|---|---|
| 12831 | Mendoza v. U.S. Immigration & Customs Enforcement, 849 F.3d 408, 414 (8th Cir. 2017) | 13 | Individual born abroad is presumed to be alien and bears burden of rebutting that presumption. | Mendoza told Osterberg that he was born in Mexico, Mendoza never mentioned that he was a United States citizen, and "an individual born abroad is presumed to be an alien and bears the burden of rebutting that presumption." | Does an individual born abroad is presumed to be an alien and bears the burden of rebutting that presumption? |
| 12833 | National Leasing Corp. v. Williams, 80 F.R.D. 416, 419 (W.D. Pa. 1978) | 6 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | The obligations of the maker of a note are determined by the law of the state designated on the instrument as the place of payment. | Can the obligations of the maker of note be determined by the law of the state designated on the instrument? |
| 12834 | Bologna Bros. v. Morrissey, 154 So. 2d 455, 459-460 (La. Ct. App. 1963) | 5 | Every endorsement, accommodation or otherwise, is essentially original contract, equivalent to new note or bill in favor of holder, and accommodation paper is governed by same rules as other paper. | It is settled in Louisiana that every endorsement, accommodation or otherwise, is essentially an *460 original contract, equivalent to a new note or bill in favor of the holder and that accommodation paper is governed by the same rules as other paper. | What is an endorsement equivalent to? |
| 12836 | Herkner v. Rubin, 126 Cal. App. 677, 681, 14 P.2d 1043, 1045 (Cal. Ct. App. 1932) | 5 | Doctrines of estoppel by conduct and ratification have no application to contract which violates express mandate of law. | Moreover, the doctrines of estoppel by conduct and ratification have no application to a contract which violates an express mandate of the law | Does estoppel by conduct have no application to a contract which violates an express mandate of the law? |
| 12838 | In re City County of Honolulu Corp. Counsel, 54 Haw. 356, 375 (Haw. 1973) | 8 | Where terms of franchise are uncertain and reasonably susceptible to multiple meanings, or if the provisions of the franchise are conflicting or ambiguous, the terms of the franchise are construed favorably to the public interests. | And where the terms of the franchise are uncertain and reasonably susceptible to multiple meanings or if the provisions of the franchise are conflicting or ambiguous, the terms of the franchise are construed favorably to the public interests. | Should a franchise be construed in favor of the public? |
| 12841 | Labrie v. Kenney, 95 S.W.3d 722, 728 (Tex. App. 2003) | 10 | A dismissal for want of prosecution is not a decision on the merits, and does not prevent a party from refiling the suit. | A dismissal for want of prosecution is not a decision on the merits and does not prevent a party from refiling the suit. | "Is a dismissal for want of prosecution not a decision on the merits, and does not prevent a party from refiling the suit?" |
| 12851 | Vogel v. Carolina Int'l, Inc., 711 P.2d 708, 711–12 (Colo. App. 1985) | 3 | Waiver requires clear, unequivocal, and decisive acts of party showing such purpose. | Waiver requires a clear, unequivocal, and decisive act of a *712 party showing such purpose. | "Does a waiver require a clear, unequivocal, and decisive act of the party showing such a purpose?" |

| 12857 | Jefferson Cnty., Tenn. v. Tennessee Val. Auth., 146 F.2d 564, 565 (6th Cir. 1945) | 1 | The state or its political subdivision holds, as a trustee, title to the easement for public highways and roads, and a quasi corporation such as a city or county holds such property by delegation of general sovereign power; authority for its acquisition and control being governmental and the interest exclusively that of the public. | The State or its political subdivision, holds, as a trustee, title to the easement for public highways and roads. A quasi corporation such as a city or county, holds such property by delegation of the general sovereign power, the authority for its acquisition and control being governmental and the interest exclusively that of the public. | Does the State hold as a trustee title to the easement for public highways and roads? |
| 12859 | Annen v. Trump, 913 S.W.2d 16, 22 (Mo. Ct. App. 1995) | 7 | Primary purpose of petition is to define and isolate issues for parties and trial court. | The primary purpose of a petition is to define and isolate the issues for the parties and the trial court. | "Is defining and isolating the issues for the parties and the trial court, the primary purpose of a petition?" |
| 12860 | Almes v. Burket, 2005 Pa. Super. 289 (Pa. Super. Ct. 2005) | 1 | A petition to open a judgment of non pros is addressed to the equitable powers of the court; it is a request to open a judgment of non pros by way of grace and not of right. | We begin our analysis of the present case by acknowledging that "[a] Petition to Open a judgment of non pros is addressed to the equitable powers of the court. It is a request to open a judgment of non pros by way of grace and not of *864 right." | Is a petition to open a judgment of non pros addressed to the equitable powers of the court? |
| 12863 | White v. Pruneau, 913 S.W.2d 959, 959 (Mo. Ct. App. 1996) | 3 | Generally, dismissal without prejudice is not adjudication on the merits, and, unless otherwise barred, such dismissal allows party to refile action. | Generally, a dismissal without prejudice is not an adjudication on the merits. Id. Unless otherwise barred, such a dismissal allows the party to re-file the action. Id. | "Generally, is a dismissal without prejudice not adjudication on the merits?" |
| 12866 | HICA Education Loan Corp. ex rel. Sallie Mae, Inc. v. Fielding, 953 So. 2d 1261, 1263 (Ala. Civ. App. 2006) | 1 | A dismissal for want of prosecution is within the discretion and inherent power of the trial court. | A dismissal for want of prosecution is within the discretion and inherent power of the trial court. | Is a dismissal for want of prosecution within the discretion and inherent power of the trial court? |
| 12867 | Leverman v. Cartall, 715 S.W.2d 728, 729 (Tex. App. 1986) | 5 | Trial court may dismiss suit for want of prosecution pursuant to its inherent power. | The trial court may dismiss a suit for want of prosecution pursuant to its inherent power. | Can a court dismiss suit for want of prosecution pursuant to its inherent power? |
| 12873 | Antoine E.J. v. Birch Fam. Servs., Inc., 95 A.D.3d 832, 833, 943 N.Y.S.2d 219, 220 (2012) | 1 | Schools are under duty to adequately supervise students in their charge and they will be held liable for foreseeable injuries proximately related to absence of adequate supervision. | "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" | Do schools have a duty to supervise students and protect them against intentional injuries? |
| 12878 | Doe v. Gleicher, 393 Ill. App. 3d 31, 36 (Ill. App. Ct. 2009) | 10 | Claims dismissed without an opportunity to amend are final even if the case is not dismissed in its entirety. | Claims dismissed without an opportunity to amend are final even if the case is not dismissed in its entirety. | Are claims dismissed without an opportunity to amend final even if the case is not dismissed in its entirety? |
| 12880 | ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1193 (10th Cir. 1998) | 25 | State's interests in integrity of its property tax system lie at core of the state's sovereignty. | We do not doubt, therefore, that a state's interests in the integrity of its property tax system lie at the core of the state's sovereignty. | Do a state's interests in the integrity of its property tax system lie at the core of the state's sovereignty? |

| | | | | | |
|---|---|---|---|---|---|
| 12881 | Amos v. Mathews, 99 Fla. 1, 17 (Fla. 1930) | 54 | As inherent attribute of sovereignty, state may impose all taxes not expressly or by clear implication inhibited by State or Federal Constitutions. | As inherent attribute of sovereignty, state may impose all taxes not expressly or by clear implication inhibited by State or Federal Constitutions. | Can the state impose any tax that is inhibited by State or Federal Constitutions? |
| 12894 | State v. Stover, 271 Or. 132, 140 (1975) | 4 | Jeopardy does not attach until jury is sworn or, if judge is trier of fact, until first witness is sworn, or until defendant is convicted on plea of guilty. | Jeopardy does not attach until the jury is sworn or, if the judge is the trier of fact, until the first witness is sworn, or until the defendant is convicted on a plea of guilty. | Will jeopardy attach when first witness is sworn? |
| 12921 | Superior Dispatch, Inc. v. Insurance Corp. of New York, 181 Cal.App.4th 175, 186-187 (2010) | 4 | Estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. | But ' "[a]n estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. | Can an estoppel arise although there was no designed fraud on the party of the person sought to be estopped? |
| 12922 | Cosby v. Moore, 259 Ala. 41, 47 (Ala. 1953) | 10 | An estoppel cannot exist where knowledge of both parties is equal, and nothing is done by the one to mislead the other. | An estoppel cannot exist where the knowledge of both parties is equal, and nothing is done by the one to mislead the other.' | "Can an estoppel exist where knowledge of both parties is equal, and nothing is done by the one to mislead the other?" |
| 12929 | Egg Harbor City v. Atlantic Cty., 10 N.J. Tax 7, 19 (Tax 1988) | 3 | If private user of public property is carrying out a public purpose, real property will not be taxed for local property tax purposes. | If a private user of public property is carrying out a public purpose, the real property will not be taxed for local property tax purposes. | "When the private user of a public property is carrying out a public purpose, will the real property be taxed for local property tax purposes?" |
| 12931 | People v. Kirkpatrick, 365 Ill. App. 3d 927, 930, 851 N.E.2d 276, 279 (2006) | 4 | The trier of fact may look to the context in which a threat arose when determining whether the threat was credible, for purposes of determining whether a defendant committed the offense of threatening a public official. | The trier of fact may look to the context in which a threat arose when determining whether the threat was credible. | Where may the trier of fact look when determining whether the threat was credible? |
| 12934 | Lamb v. State Work Rel. Comp. F, 127 Pa. Super. 44, 46-47 (Pa. Super. Ct. 1937) | 1 | Ordinarily, test of determining by whom one is employed does not depend solely on payment of wages, but it may aid in determining that fact. | We readily recognize that ordinarily the test of determining by whom one is employed does not depend solely upon the payment of wages, but it may aid in determining that fact. | Does the payment of wages aid in determining who one is employed by? |
| 12961 | Borough of Paramus v. Cnty. of Bergen, DOCKET NOS.: 011397-2008 (Tax Jul. 8, 2013) | 2 | Claims for tax exemption have to stand scrutiny to show that they serve a public purpose. | Accordingly claims for tax exemption have to stand scrutiny to show that they serve a public purpose." | Should claims for tax exemption stand scrutiny to show that they serve a public purpose? |
| 12964 | Neptune Ests., LLC v. Big Poll & Son Const., LLC, 39 Misc. 3d 649, 961 N.Y.S.2d 896, 903–04 (Sup. Ct.), judgment entered, (N.Y. Sup. Ct. 2013) | 3 | An action based upon an alleged injury to property is one sounding in tort. | "An action based upon an alleged injury to property is one sounding in tort. | Is an action based upon an alleged injury to property one sounding in tort? |
| 12965 | Choharis v. State Farm, 961 A.2d 1080, 1088 (D.C. 2008) | 5 | The duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort. | The Maryland Court of Appeals has repeatedly held that the duty which is owed to an insured for failure to settle a claim sounds in contract and not in tort. | Does the duty which is owed to an insured for failure to settle a claim sound in contract and not in tort? |

| 12970 | Union Oil Co. of Cal. v. State Bd. of Equalization, 60 Cal. 2d 441, 453, 386 P.2d 496, 504 (1963) | 14 | Privately-held leasehold interests in publicly-owned real property are subject to taxation, while public ownership interest is exempt. | Although privately-held leasehold interests in publicly-owned real property are subject to taxation, the public ownership interest is exempt (Texas Co. v. County of Los Angeles (1959) 52 Cal.2d 55, 338 P.2d 440); the rental price, moreover, is considered the purchase price of the leasehold interest and, for purposes of appraisal by the capitalization of net income method, the rental is not deductible as an expense. (DeLuz Homes, Inc. v. County of San Diego (1955) 45 Cal.2d 546, 290 P.2d 544.) | Does privately-held leasehold interests in public-owned real property subject to taxation? |
| 12974 | Southfield Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 891 (6th Cir. 2004) | 10 | Application of equitable estoppel should be premised on defendant's improper conduct as well as plaintiff's actual and reasonable reliance thereon. | Application of equitable estoppel " 'should be premised on a defendant's improper conduct as well as a plaintiff's actual and reasonable reliance thereon.' " | Is the application of equitable estoppel premised on misconduct by the defendant? |
| 12979 | Int'l Ribbon Mills, Ltd. v. Arjan Ribbons, Inc., 36 N.Y.2d 121, 126, 325 N.E.2d 137, 139 (1975) | 5 | Assignee never stands in any better position than his assignor; he is subject to all the equities and burdens which attach to property assigned because he receives no more and can do no more than his assignor. | It is elementary ancient law that an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned because he receives no more and can do no more than his assignor (see, e.g., Matter of Nunez, 226 N.Y. 246, 251, 123 N.E. 492, 493; see, also, Restatement, Contracts, 2d (T.D., 1973), s 168; 3 Williston, Contracts (3d ed.), s 432). | Does an assignee stand in a better position than that of the assignor? |
| 12983 | Pilcher v. Direct Equity Lending, 189 F. Supp. 2d 1198, 1210 (D. Kan. 2002) | 6 | A void act has no legal force or effect; a voidable act is not void in itself but may be declared void usually at the option of an affected party. | "A void act has no legal force or effect. A voidable act is not void in itself but may be declared void usually at the option of an affected party." | Can a voidable act be made void at the option of the affected party? |
| 12984 | W. Point-Pepperell, Inc. v. Donovan, 689 F.2d 950, 959 (11th Cir. 1982) | 9 | Standards for reviewing magistrate's finding of probable cause are same for both administrative and criminal warrants. | The standards for reviewing a magistrate's finding of probable cause are the same for both administrative and criminal warrants. | Are the standards for reviewing a magistrates finding of probable cause same for both administrative and criminal warrants? |
| 12986 | State v. Whitwell, 215 S.W.3d 760, 761 (Mo. Ct. App. 2007) | 2 | A ruling in limine is interlocutory only and is subject to change during the course of trial; the motion in limine, in and of itself, presents nothing for appeal. | "A ruling in limine is interlocutory only and is subject to change during the course of trial. The motion in limine, in and of itself, presents nothing for appeal." | Is a ruling in limine interlocutory only and subject to change during the course of the trial? |

| 12987 | Tisdale v. Stone Webster Engineering Corp., 595 F. Supp. 1016, 1019 (S.D. Miss. 1984) | 4 | Different workmen's compensation schemes enacted by the several states are complex and best administered by the individual state's agencies or courts. | As Professor Larson pointed out in his treatise on workmen's compensation law, the different workmen's compensation schemes enacted by the several states are complex and are best administered by the individual state's agencies or courts. | "Who should administer workmens compensation laws, agencies or courts? " |
| --- | --- | --- | --- | --- | --- |
| 12990 | State ex Rel. Blankenship v. Richardson, 196 W. Va. 726, 731 (1996) | 7 | It is duty of legislature to consider facts, establish policy, and embody that policy in legislation; it is duty of court, however, to determine constitutionality of legislation. | It is the duty of the legislature to consider facts, establish policy, and embody that policy in legislation." Boyd v. Merritt, 177 W.Va. 472, 474, 354 S.E.2d 106, 108 (1986). It is the duty of this Court, however, to determine the constitutionality of the legislation. | "Does the Court sit as a superlegislature, or is it the legislatures duty to consider the facts, establish, policy, and embody the policy in legislation? " |
| 12992 | Giraldo v. Cossin, 399 So. 2d 540, 541 (Fla. App. 1981) | 5 | Action cannot advance toward trial unless court has jurisdiction over party sued. | An action cannot advance toward trial unless the court has jurisdiction over the party sued. | Can action advance toward trial unless a court has jurisdiction over a party sued? |
| 12993 | Frazier-Hampton v. Hesterly, 89 Ark. App. 211, 213 (2005) | 2 | Public road does not have to be established by formal order of county court; instead, prescriptive right-of-way can be established by county working road for period in excess of seven years. | A public road does not have to be established by a formal order of the county court; instead, a prescriptive right-of-way can be established by the county working the road for a period in excess of seven years. | How can a public road be established? |
| 12994 | Jovic v. L-3 Servs., Inc., 69 F. Supp. 3d 750, 765 (N.D. Ill. 2014) | 29 | The act of state doctrine is an affirmative defense, on which the defendant carries the burden of proof. | Similarly, the act of state doctrine is an affirmative defense, on which the defendant carries the burden of proof. | Is the act of state doctrine an affirmative defense on which the defendant carries the burden of proof? |
| 12999 | Freeman v. Leader Nat. Ins. Co., 58 S.W.3d 590, 595 (Mo. 2001) | 3 | After a case is dismissed, the trial court may take no further action, and any step attempted is a nullity. | And after a case is dismissed, the trial court may take no further action and any step attempted is viewed as a nullity. | "After a voluntary dismissal is filed, may the circuit court take no further steps as to the dismissed action, and any step attempted is viewed as a nullity?" |
| 13000 | Wheeler v. Del Duca, 151 A.D.3d 1005, 1006–07, 58 N.Y.S.3d 409, 411 (2017) | 7 | The essential elements of a cause of action sounding in trespass are the intentional entry into the land of another without justification or permission. | The essential elements *1007 of a cause of action sounding in trespass are the intentional entry into the land of another without justification or permission (see Boring v. Town of Babylon, 147 A.D.3d 892, 47 N.Y.S.3d 419; Julia Props., LLC v. Levy, 137 A.D.3d 1224, 28 N.Y.S.3d 428). | What are the elements of a cause of action sounding in trespass? |

| | | | | | |
|---|---|---|---|---|---|
| 13004 | Blanchard v. Ashby Construction Co., 95 So. 2d 670, 675 (La. Ct. App. 1957) | 1 | A person who attempts to make a left turn or attempts to turn from a direct line on public highways must ascertain before turning that turn can be made safely. LSA-R.S. 32:235, subd. A, 32:236, subd. A. | It is the well settled law and jurisprudence of our state that a person who attempts to make a left turn or who attempts to turn from a direct line on the public highways of the state must ascertain before turning that the turn can be made safely. LSA-R.S. 32:235, subd. A, and R.S. 32:236, subd. A. | How should a person making a left turn on a highway proceed? |
| 13009 | United States v. Lemons, 67 F. Supp. 985, 989 (W.D. Mo. 1946) | 5 | The law of the state in which a check or negotiable instrument is executed determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | The law of the state in which a check, or negotiable instrument, is executed, determines the formality and essential validity thereof, and the incidents of the obligation of such instrument. | Which law determines the incidents of obligation of a check? |
| 13014 | Howard v. Cnty. of Amador, 220 Cal. App. 3d 962, 972, 269 Cal. Rptr. 807, 813 (Ct. App. 1990) | 1 | Distinguishing characteristics of a "leasehold estate" are that the lease gives the lessee exclusive possession of the premises against all the world, including the owner, and its term is limited to endure for a definite and ascertained period, however short or long the period may be. | The distinguishing characteristics of a leasehold estate are that the lease gives the lessee the exclusive possession of the premises against all the world, including the owner (Von Goerlitz v. Turner (1944) 65 Cal.App.2d 425, 429, 150 P.2d 278) and its term is limited to endure for a definite and ascertained period, however short or long the period may be. (Guy v. Brennan (1923) 60 Cal.App. 452, 456, 213 P. 265.) | Are leases characterized by the exclusive possession of premises they provide against the world? |
| 13015 | Vines v. Branch, 244 Va. 185, 190, 418 S.E.2d 890, 894 (1992) | 7 | One who commits trespass to chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use. | One who commits a trespass to a chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use. | Will a trespasser to chattels be liable for actual damages? |
| 13016 | Doe v. Amherst Coll., 238 F. Supp. 3d 195, 225 (D. Mass. 2017) | 38 | The tort of defamation seeks to impose liability on a defendant for harm sustained by a plaintiff as a result of the publication of a false statement about the plaintiff to others. | The tort of defamation "seek[s] to impose liability on a defendant for harm sustained by a plaintiff as a result of the publication of a false statement about the plaintiff to others." | When can liability for defamation be imposed on a defendant? |
| 13019 | Smith v. City of Chi., 143 F. Supp. 3d 741, 761 (N.D. Ill. 2015) | 42 | Under Illinois law, an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property. | Under Illinois law, "an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property." | Can trespass to personal property occur without physical force? |
| 13027 | Pasco v. State, 563 N.E.2d 587, 590 (Ind. 1990) | 2 | Evidence of slightest degree of penetration of female sex organ by male sex organ is sufficient to sustain rape conviction, and such penetration can be inferred from circumstantial evidence. | It is well established that evidence of the slightest degree of penetration of the female sex organ by the male sex organ is sufficient to sustain a rape conviction, and such penetration can be inferred from circumstantial evidence. | Can penetration be inferred from circumstantial evidence? |

| 13029 | Admiral Oriental Line v. United States, 86 F.2d 201, 202 (2d Cir. 1936) | 1 | An agent, compelled to defend a baseless suit, grounded on acts performed in his principal's business, may recover from principal expenses of his defense. | An agent, compelled to defend a baseless suit, grounded upon acts performed in his principal's business, may recover from the principal the expenses of his defense. | Can an Agent recover expenses of a suit? |
|---|---|---|---|---|---|
| 13031 | Terry Neff & Iron Workers Mid-South Pension Fund ex rel. Weatherford Int'l, Ltd. v. Nicholas F. Brady, David J. Butters, William E. Macaulay, Robert B. Millard, Robert K. Moses, Jr., Robert A. Rayne, Bernard J. Duroc-Danner, Burt M. Martin, & Weatherford Int'l, Ltd., 527 S.W.3d 511, 530 (Tex. App. 2017) | 46 | The purpose of special exceptions is to compel clarification of a pleading that fails to plead a cause of action or is not clear or sufficiently specific. | The purpose of special exceptions is to compel clarification of a pleading that fails to plead a cause of action or is not clear or sufficiently specific. | Is the purpose of special exceptions to compel clarification of a pleading? |
| 13034 | Ready v. United/Goedecke Servs., 393 Ill. App. 3d 56, 58 (Ill. App. Ct. 2009) | 1 | Court's ruling on evidentiary motions such as motions in limine are left to the court's discretion and will not be disturbed on appeal absent an abuse of that discretion. | The trial court's ruling on evidentiary motions such as motions in limine are left to the court's discretion and will not be disturbed on appeal absent an abuse of that discretion. | "Are rulings on evidence motions, such as motions in limine, left undisturbed on review absent an abuse of discretion? " |
| 13036 | Frymire Eng'g Co. ex rel. Liberty Mut. Ins. Co., 259 S.W.3d 140, 142 (Tex. 2008) | 3 | Equitable subrogation applies in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Although the doctrine most often arises in the insurance context, equitable subrogation applies "in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." | Does the doctrine of equitable subrogation most often arise in the context of insurance? |
| 13041 | Trampush v. United FCS (In re Trampush), 552 B.R. 817, 821 (Bankr. W.D. Wis. 2016) | 4 | Under Wisconsin law, the object of subrogation is to do substantial justice independent of form or contract relation between the parties. | The object of subrogation is ". . . to do substantial justice independent of form or contract relation between the parties . | Is the object of subrogation to do substantial justice independent of form or contract relation between the parties? |
| 13046 | In re Kaul, 261 Kan. 755 (Kan. 1997) | 8 | Power to levy taxes is inherent in power to govern, but exercise of that power is dependent upon existence of legislation designating kinds of property to be taxed. | The power to levy taxes is inherent in the power to govern, but the exercise of that power is dependent upon the existence of legislation designating the kinds of property to be taxed. | Is the power to levy taxes inherent in the power to govern? |
| 13049 | Davidson v. Bugbee, 227 Mich. App. 264, 269 (Mich. Ct. App. 1997) | 8 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | Does a cause of action accrue when all the elements of claim have occurred and can be alleged in proper complaint? |
| 13052 | Roth v. First National State Bank of New Jersey, 169 N.J. Super. 280, 284 (App. Div. 1979) | 1 | There is a generally recognized obligation of confidentiality in respect of a depositor's financial relationship with a bank. | It must be conceded that there is a generally recognized obligation of confidentiality in respect of a depositor's financial relationship with a bank. | Is there a recognized obligation of confidentiality in respect of a depositor's financial relationship with a bank? |

| 13057 | Hardy v. Smith, 148 So. 3d 64, 70-71 (Ala. App. 2013) | 13 | An essential element of adverse possession relates to the claimant's intent to assert dominion and control over the disputed property. | "Another essential element of adverse possession relates to the claimant's intent to assert dominion and control over the disputed property. | Is the element of intention essential to prove adverse possession? |
|---|---|---|---|---|---|
| 13058 | In re Flamingo 55, Inc., 378 B.R. 893, 907-908 (D. Nev. 2007) | 9 | Under California law, a surety is the same as a guarantor, and a "surety" or "guarantor" is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor. West's Ann.Cal.Civ.Code S 2787. | Under California law, a surety is the same as a guarantor, and "[a] surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor." CAL. CIVIL CODE 2787. | How is a surety similar to a guarantor? |
| 13063 | Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984) | 5 | Party seeking to assert attorney-client privilege or a work product doctrine as a bar to discovery has burden of establishing that either or both is applicable. | The party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable. | Who has the burden of demonstrating that the privilege is applicable? |
| 13073 | Chesapeake O. Ry. v. Greenup Cty., Kentucky, 175 F.2d 169, 173 (6th Cir. 1949) | 4 | The power of eminent domain is so inherently governmental in character, and so essential for the public welfare, as not to be susceptible of abridgement by agreement. | The power of eminent domain is 'so inherently governmental in character and so essential for the public welfare' as not to be susceptible of abridgement by agreement. | What is the inherent character of the power of eminent domain? |
| 13074 | 401 Pub. Safety & Lifeline Data Ctrs., LLC v. Ray, 80 N.E.3d 895, 900 (Ind. App. 2017) | 3 | To establish a claim of defamation, a plaintiff must prove the existence of a communication with defamatory imputation, malice, publication, and damages. | To establish a claim of defamation, a plaintiff must prove the existence of " 'a communication with defamatory imputation, malice, publication, and damages.' " | How does a plaintiff establish a claim of defamation? |
| 13075 | Freeman v. Grain Processing Corp., 895 N.W.2d 105, 122 (Iowa 2017) | 32 | To constitute a nuisance, there must be a degree of danger likely to result in damage inherent in the thing itself, beyond that arising from a mere failure to exercise ordinary care. | [T]he true distinction between negligence and nuisance is that "to constitute a nuisance 'there must a degree of danger (likely to result in damage) inherent in the thing itself, beyond that arising from a mere failure to exercise ordinary care.' " | Are nuisance and negligence distinguishable? |
| 13076 | Continental Ins. Co. v. Washeon Corp., 524 F. Supp. 34, 37 (E.D. Mo. 1981) | 3 | To establish a bailment, there must be delivery and acceptance of bailed property for specific purpose in accordance with express or implied contract been bailor and bailee, delivery to bailee must be complete, and for period of the bailment, bailee must have exclusive right to possession of bailed property, even as against the owner. | To establish a bailment, there must be a delivery and acceptance of the bailed property for a specific purpose in accordance with an express or implied contract between the bailor and bailee. The delivery to the bailee must be complete. For the period of the bailment, the bailee must have an exclusive right to possession of the bailed property, even as against the owner. | What is required to establish a bailment? |

| | | | | | |
|---|---|---|---|---|---|
| 13078 | N.M. v. K.M. (Ex parte N.M.), 132 So. 3d 1088, 1091 (Ala. Civ. App. 2013) | 4 | The question of proper venue for an action is determined at the commencement of the action; if venue is not proper at the commencement of the action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper. | Further, " '[t]he question of proper venue for an action is determined at the commencement of the action.' ... 'If venue is not proper at the commencement of the action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.' " | When is the proper venue for an action determined? |
| 13082 | White River Estates v. Hiltbruner, 134 Wash. 2d 761 | 6 | When person acts "unreasonably" in light of circumstances, such action is similar to negligence, not intentional tort. | When a person acts "unreasonably" in light of the circumstances such action is similar to negligence, not an intentional tort. | Does a persons unreasonable act in light of the circumstances result in an intentional tort? |
| 13083 | Perez v. Cumba, 138 Conn. App. 351, 368 (2012) | 11 | Pleadings are intended to limit the issues to be decided at the trial of a case and are calculated to prevent surprise. | In Connecticut, "[p]leadings are intended to limit the issues to be decided at the trial of a case and [are] calculated to prevent surprise. | Are pleadings intended to limit the issues to be decided at the trial of a case? |
| 13084 | Ampco Auto Parks, Inc. v. Williams, 517 S.W.2d 401, 403 (Tex. Civ. App. 1974) | 1 | In bailment for mutual benefit of bailor and bailee, bailee owes bailor duty of ordinary care and safekeeping subject matter of the bailment. | It is settled law that in a bailment for the mutual benefit of the bailor and bailee, the bailee owes the bailor a duty of ordinary care and safekeeping the subject matter of the bailment. | Does a bailment impose a duty of ordinary care upon the bailee? |
| 13089 | In re Involuntary Dissolution of Battle Creek State Bank, 254 Neb. 120, 121 (1998) | 3 | Banking corporations are quasi-public institutions in the sense that whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | Banking corporations are quasi-public institutions in the sense that the whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | "What is the nature of a banking corporation, under the law?" |
| 13090 | Kyung Sup Ahn, M.C., P.C. v. Rooney, Pace Inc., 624 F. Supp. 368, 369 (S.D.N.Y. 1985) | 2 | Whether party has or has not agreed to arbitrate is determined on basis of ordinary contract principles. | Whether a party has or has not agreed to arbitrate is determined on the basis of ordinary contract principles. | Is it determined based on ordinary contract principles whether parties have agreed to arbitrate? |
| 13094 | J.C. Penney Co. Inc. v. Giant Eagle, Inc., 813 F. Supp. 360, 367 (W.D. Pa. 1992) | 1 | Pennsylvania follows modern view which treats landlord-tenant relations in light of principles of contract law, as opposed to property law. | Pennsylvania follows the modern view which treats landlord-tenant relations in light of principles of contract law, as opposed to property law. | Are Landlord Tenant relations interpreted according to principles of contract law? |
| 13100 | GP Credit Co., LLC v. Orlando Residence, Ltd., 349 F.3d 976, 979–80 (7th Cir. 2003) | 5 | In general, intangible personal property is "located" in its owner's domicile, although there are exceptions, such as where the documents of title are in a state that is not the owner's domicile. | The general rule is that intangible personal property is "located" in its owner's domicile, In re Lambert, 179 F.3d 281, 285 (5th Cir.1999); Robertson v. Robertson, *980 803 F.2d 136, 137 (5th Cir.1986); Gordon v. Holly Woods Acres, Inc., 328 F.2d 253, 255 (6th Cir.1964),although there are exceptions, such as where the documents of title are in a state that is not the owner's domicile. | What is the general rule regarding the location of intangible personal property? |

| 13111 | Chicago, R.I. P.R. v. Linwood Etc. Co., 258 Iowa 1378, 1381 (Iowa 1966) | 2 | Designation given a pleading is not of vital importance; its character is to be determined largely by its allegations and legal effect, not solely from name given it. | The designation given a pleading is not of vital importance. Its character is to be determined largely by its allegations and legal effect, not solely from the name given it. | Is the character of a pleading determined by its allegations? |
|---|---|---|---|---|---|
| 13118 | Newman v. Corbman, 47 F. Supp. 1021, 1022 (E.D. Pa. 1942) | 1 | The mere fact of joint ownership does not establish a "partnership" nor is the sharing of net profits conclusive of such relationship. | The mere fact of joint ownership does not establish a partnership, nor is the sharing of net profits conclusive of such relationship. | Does a joint ownership or sharing of profits alone establish a partnership? |
| 13123 | Monteleone v. Airey, 57 So. 2d 257, 261 (La. Ct. App. 1952) | 1 | A partnership and a corporation are two different and distinct legal entities and the rights and obligations of a partner are not similar to the rights and obligations of a stockholder in a corporation. | A partnership and a corporation are two different and distinct legal entities; the rights and obligations of a partner are not at all similar to the rights and obligations of a stockholder in a corporation. | Are corporations and partnerships two different entities? |
| 13128 | State v. Posenjak, 127 Wash. App. 41, 48 (2005) | 6 | Only the tribe that signed the treaty, or the signatory tribe, can exercise treaty rights; individual Indians do not have any treaty rights, even if they are descendents of the signors of the treaty, because a treaty is a contract between sovereigns, not individuals. | Only the tribe that signed the treaty, or the signatory tribe, can exercise treaty rights. United States v. Washington, 641 F.2d 1368, 1372 (9th Cir.1981).Individual Indians do not have any treaty rights, even if they are descendents of the signers of the treaty, because a treaty is a contract between sovereigns, not individuals. | Who may exercise treaty rights under Indian treaties? |
| 13129 | Rohrs v. Rohrs, 17 A.D.3d 659, 660, 793 N.Y.S.2d 532, 533 (2005) | 1 | To recover damages for malicious prosecution, plaintiff must establish that underlying criminal action was terminated in his or her favor. | To recover damages for malicious prosecution, a plaintiff must establish that the underlying criminal action was terminated in his or her favor (see Martinez v. City of Schenectady, 97 N.Y.2d 78, 735 N.Y.S.2d 868, 761 N.E.2d 560; Cantalino v. Danner, 96 N.Y.2d 391, 729 N.Y.S.2d 405, 754 N.E.2d 164; Smith–Hunter v. Harvey, 95 N.Y.2d 191, 712 N.Y.S.2d 438, 734 N.E.2d 750). | When does a cause of action to recover damages for malicious prosecution arise? |
| 13137 | Meadows v. Blake, 36 So. 3d 1225, 1230-1231 (Miss. 2010) | 3 | A court must look to the content of the pleading to determine the nature of the action; substance is considered over form, and the label is not controlling. | This Court maintains that " '[a] court must *1231 look to the content of the pleading to determine the nature of the action. Substance is considered over form.... The label is not controlling.' | Is the nature or character of a pleading determined from its content? |
| 13143 | State v. Clevenger, 69 Wash. 2d 136, 139 (1966) | 3 | "Corpus delicti of incest" consists of an act of sexual intercourse between male and female persons within prohibited degrees of relationship to each other. | The Corpus delicti of incest consists of (1) an act of sexual intercourse (2) between male and female persons within the prohibited degrees of relationship to each other. | What is the corpus delicti of incest? |

| 13145 | Millers Mutual Ins. Ass'n v. Graham Oil, 282 Ill. App. 3d 129, 139 (Ill. App. Ct. 1996) | 18 | One may be liable in trespass for causing thing or third person to enter land of another either through negligent act or intentional act. | In Illinois, one may be liable in trespass for causing a thing or a third person to enter the land of another either through a negligent act or an intentional act. | Can a showing of negligence prove liability for trespass? |
|---|---|---|---|---|---|
| 13146 | MURRAY v. NETH, 279 Neb. 947, 947 (2010) | 7 | As a general rule, administrative agencies have no general judicial powers, even though they may perform some quasi-judicial duties. | Administrative Law. As a general rule, administrative agencies have no general judicial powers, even though they may perform some quasi-judicial duties. 7. Administrative Law. | Do administrative agencies have general judicial powers? |
| 13149 | HS Tejas, Ltd. v. City of Houston, 462 S.W.3d 552, 559 (Tex. App. 2015) | 15 | In at least some circumstances courts may consider federal and state takings claims together, as the analysis for both is complementary. | As recently recognized by our Supreme Court, in at least some circumstances courts may "consider the federal and state takings claims together, as the analysis for both is complementary." | Is the analysis for federal and state takings complementary? |
| 13153 | Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898, 901–02 (5th Cir. 2005) | 2 | Foreign arbitration clauses are deemed a subset of foreign forum selection clauses in general; therefore, analysis of foreign forum selection clauses can be extended to foreign arbitration clauses. | As noted, foreign arbitration clauses are deemed a "subset of foreign forum selection clauses in general". *902 Vimar Seguros y Reaseguros, S.A. v. M/V SKY REEFER, 515 U.S. 528, 534, 115 S.Ct. 2322, 132 L.Ed.2d 462 (1995).Therefore, analysis of foreign forum selection clauses can be extended to foreign arbitration clauses. Id. | Do courts consider foreign arbitration clauses as a subset of foreign forum selection clauses? |
| 13154 | Lynn v. Allied Corp., 41 Ohio App. 3d 392, 402 (Ohio Ct. App. 1987) | 17 | Derivative cause of action for loss of consortium cannot provide greater relief than relief permitted for primary cause of action. | The derivative cause of action for loss of consortium cannot provide greater relief than the relief permitted for the primary cause of action. | May a derivative cause of action provide greater relief than that available under a primary cause of action? |
| 13156 | Feigenbaum v. Guaracini, 402 N.J. Super. 7, 20 (App. Div. 2008) | 15 | The doctrine of equitable subrogation should not be imposed where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application. | The doctrine of equitable subrogation should not be imposed " 'where its enforcement would be inconsistent with the terms of a contract or when the contract, either expressly or by implication, forbids its application.' | When may equitable subrogation be imposed? |
| 13159 | Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 4 | Although subrogation is a highly favored doctrine which courts should be inclined to extend rather than restrict, there is no general rule to determine whether a right of subrogation exists. | Although "[s]ubrogation is a highly favored doctrine ... which courts **179 should be inclined to extend rather than restrict"; (internal quotation marks omitted) Wasko v. Manella, supra, 269 Conn. at 543, 849 A.2d 777; "[t]here is no general rule to determine whether a right of subrogation exists. | What does ordering subrogation depend on? |
| 13161 | Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 777 (2d Cir. 1995) | 7 | Traditional principles of agency law may bind nonsignatory to arbitration agreement. | Traditional principles of agency law may bind a nonsignatory to an arbitration agreement. | Do the traditional principles of agency law bind a nonsignatory to an arbitration agreement? |

| 13165 | Olson v. Cnty. of Shasta, 5 Cal. App. 3d 336, 341, 85 Cal. Rptr. 77, 80 (Ct. App. 1970) | 4 | An action in inverse condemnation is generally available only where taking results in property damage or destruction or other depreciation in market value or unlawfully dispossesses owner. | An action in inverse condemnation, however, is generally available only where the taking results in property damage or destruction or other depreciation in market value or unlawfully dispossesses the owner. (California Condemnation Practice (Const.Ed.Bar), s 9.16, pp. 177—178.) | Is the risk of future flooding considered an act for purposes of a taking? |
| 13166 | Nguyen v. Burgerbusters, 182 N.C. App. 447, 506 (N.C. Ct. App. 2007) | 9 | In an action for malicious prosecution, the malice element may be satisfied by a showing of either actual or implied malice; implied malice may be inferred from want of probable cause in reckless disregard of the plaintiff's rights. | "In an action for malicious prosecution, the malice element may be satisfied by a showing of either actual or implied malice." **507 Beroth Oil, 173 N.C.App. at 99, 618 S.E.2d at 746 (citation omitted). "Implied malice ... may be inferred from want of probable cause in reckless disregard of the plaintiff's rights | How is the element of malice satisfied in an action for malicious prosecution? |
| 13169 | Ford Motor Credit Company v. Ditton, 52 Ala. App. 555, 557 (1974) | 2 | Gist of action of trespass is an injury to the possession of personal property by use of unlawful force which is essential element of action. | The gist of the action of trespass is an injury to the possession of personal property by use of unlawful force. Unlawful force is the essential element of the action. | Is unlawful force an essential element of trespass? |
| 13182 | Chimarios v. Duhl, 152 A.D.2d 508, 509, 543 N.Y.S.2d 681, 682 (1989) | 2 | Generally, venue of transitory action lies in county where cause of action arose; rule, however, is not inflexible and may be outweighed by other considerations that favor different venue for matter to be tried. | Generally, the venue of a transitory action lies in the county where the cause of action arose. (Slavin v. Whispell, 5 A.D.2d 296, 171 N.Y.S.2d 892 [1st Dept 1958] ). This rule is predicated on the notion of convenience for trial witnesses to be present at trial. (Boriskin v. Long Island—Hillside Medical Center, 85 A.D.2d 523, 444 N.Y.S.2d 618 [1st Dept 1981] ). The rule, however, is not inflexible and may be outweighed by other considerations that favor a different venue for the matter to be tried. | Is the general rule that the venue of a transitory action lies in the county where the cause of action arose? |
| 13189 | Engrassia v. DiLullo, 121 Misc. 2d 667, 678, 469 N.Y.S.2d 996, 1004 (Sup. Ct. 1983) | 4 | A malicious prosecution action is not available in circumstances where no actual interference with person or property is shown. | A malicious prosecution action is not available in such circumstances where no actual interference with person or property is shown. | Is a malicious prosecution action possible when there is no actual interference with person or property? |
| 13198 | Ripley v. Piehl, 700 N.W.2d 540, 545 (Minn. Ct. App. 2005) | 8 | The equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. | In general, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. | Should the equity of the party seeking subrogation be clear and substantial, and superior to that of other claimants? |
| 13199 | American States v. Allstate, 94 Conn. App. 79, 84 (Conn. Ct. App. 2006) | 7 | Subrogation is a highly favored doctrine which courts should be inclined to extend, rather than restrict. | Furthermore, [s]ubrogation is a highly favored doctrine ... which courts should be inclined to extend rather than restrict." | "Is subrogation a highly favored doctrine which courts should be inclined to extend, rather than restrict?" |

| 13200 | Blankenship v. Estate of Bain, 5 S.W.3d 647, 650 (Tenn. 1999) | 3 | A right of subrogation may arise by contract (conventional subrogation), by application of equitable principles of law (legal subrogation), or by application of a statute (statutory subrogation). | A right of subrogation may arise by contract ("conventional subrogation"), by application of equitable principles of law ("legal subrogation"), or by application of a statute ("statutory subrogation"). | Do subrogation rights arise by statute? |
|---|---|---|---|---|---|
| 13201 | Dattel Fam. Ltd. P'ship v. Wintz, 250 S.W.3d 883, 887 (Tenn. Ct. App. 2007) | 4 | Subrogation is not appropriate in every circumstance; as an equitable doctrine, it is applied only if its application achieves equity under the facts and circumstances of the case at hand. | Subrogation is not appropriate in every circumstance; as an equitable doctrine, it is applied only if its application achieves equity under the facts and circumstances of the case at hand. | Is subrogation appropriate in every circumstance? |
| 13203 | Pennsylvania Nat. Mut. Cas. Ins. Co. v. City of Pine Bluff, 354 F.3d 945, 951 (8th Cir. 2004) | 8 | "Equitable subrogation" is one of a surety's principal mechanisms for reducing loss; arising by operation of law, the doctrine permits the surety to acquire and assert the rights of those parties whom the surety pays. | Equitable subrogation is one of a surety's principal mechanisms for reducing loss. See Prairie State Bank v. United States, 164 U.S. 227, 231, 32 Ct.Cl. 614, 17 S.Ct. 142, 41 L.Ed. 412 (1896) (recognizing surety's subrogation rights as "elementary."). Arising by operation of law, the doctrine permits the surety to acquire and assert the rights of those parties whom the surety pays. | Is equitable subrogation one of a surety's principal mechanisms for reducing loss? |
| 13210 | Strickland v. Dept. of Agriculture, 922 So. 2d 1022, 1023 (Fla. Dist. Ct. App. 2006) | 4 | To prevent the spreading of fire, property may be destroyed without compensation to the owner. | Therefore, "[t]o prevent the spreading of fire, property may be destroyed without compensation to the owner." | "In order to prevent spreading of fire, can a private property be destroyed without compensating the owner?" |
| 13213 | ADP Marshall, Inc. v. Brown University, 784 A.2d 309, 313 (R.I. 2001) | 5 | A trial justice's decision regarding a motion in limine may be preliminary or absolute in nature. | A trial justice's decision regarding a motion in limine may be preliminary or absolute in nature. | Is a decision regarding a motion in limine preliminary or absolute in nature? |
| 13215 | Sher v. Deane H. Tank, Inc., 269 Ill. App. 3d 312, 317 (1995) | 2 | Reviewing court will not reverse trial court's order allowing or excluding evidence in limine absent clear showing of abuse of that discretion. | 513, 511 N.E.2d 690) and a reviewing court will not reverse a trial court's order allowing or excluding evidence in limine absent a clear showing of abuse of that discretion. | Is it within the discretion of the trial judge to grant or deny a motion in limine? |
| 13216 | Walnut Creek Nursery, Inc. v. Banske, 26 N.E.3d 648, 653 (Ind. Ct. App. 2015) | 3 | Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error. | "Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error." | Does a trial court's ruling on a motion in limine determine the ultimate admissibility of the evidence? |
| 13222 | Serna v. Arde Apparel Inc., 657 So. 2d 966 (Fla. Dist. Ct. App. 1995) | 2 | Legal rights accrue and are fixed not when action is brought to enforce them, but rather when last element necessary to constitute cause of action occurs. | It is settled law that legal rights accrue and are fixed, not when an action is brought to enforce them, but rather when "the last element necessary to constitute the cause of action occurs." | When do legal rights accrue? |

| 13224 | Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821, 825 (Minn. Ct. App. 2017) | 9 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | In so doing, we are mindful that "[a] cause of action accrues when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." | When does a cause of action accrue? |
|---|---|---|---|---|---|
| 13232 | Doe v. Qi, 349 F. Supp. 2d 1258, 1290 (N.D. Cal. 2004) | 14 | Normally, the burden of proving acts of state rests on the party asserting the applicability of the doctrine; however, where there is a potential for embarrassing the Executive Branch, the act of state doctrine may be raised sua sponte. | Normally, the burden of proving acts of state rests on the party asserting the applicability of the doctrine. Liu, 892 F.2d at 1432 (citing Alfred Dunhill of London Inc. v. Republic of Cuba, 425 U.S. 682, 694–95, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976)). However, where there is a "potential for embarrassing the Executive Branch," the act of state doctrine may be raised sua sponte. | Does the party asserting the act of state doctrine have the burden to prove that the act in question was an act of state? |
| 13233 | In re Simon, 153 F.3d 991, 999 (9th Cir. 1998) | 22 | Comity is limited to cases in which there is, in fact, a true conflict between domestic and foreign law. | Rather, it is consistent with the general principles of international comity which is limited to cases in which " 'there is in fact a true conflict between domestic and foreign law.' " Hartford Fire Ins. | Is comity limited to cases in which there is a true conflict between domestic and foreign law? |
| 13239 | Choate v. Natvig, 952 S.W.2d 730, 733 (Mo. Ct. App. 1997) | 1 | Granting motion in limine does not automatically result in permanent exclusion of disputed evidence. | Initially, we note that "[g]ranting a motion in limine does not automatically result in permanent exclusion of the disputed evidence. | Does granting motion in limine automatically result in permanent exclusion of disputed evidence? |
| 13240 | Headley v. Williams, 162 N.C. App. 300, 307 (2004) | 10 | A trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | We note, however, that a trial court's ruling on a motion in limine is not final, but rather interlocutory and subject to modification. | Is the court's ruling on a motion in limine interlocutory and subject to change during the course of the trial? |
| 13249 | Boling v. Clinton Cotton Mills et al, 163 S.C. 13, 32 (S.C. 1931) | 2 | Oral imputations of falsehood are not actionable per se, unless they charge crime or affect one in his business or profession. | "Oral imputations of falsehood are not actionable per se unless they charge a crime or affect one in his business or profession." | "In the context of libel and slander, are oral imputations of falsehood actionable per se?" |
| 13253 | Medix Ambulance Serv., Inc. v. Superior Ct., 97 Cal. App. 4th 109, 114, 118 Cal. Rptr. 2d 249, 252 (2002) | 4 | Parties are entitled to oral argument in critical pretrial matters where there is a real and genuine dispute. | Parties are also entitled to oral argument in "critical pretrial matters" where there is a "real and genuine dispute." | Are parties entitled to oral argument in critical pretrial matters? |
| 13254 | Jackson v. Joyner, 309 S.W.3d 910, 915 (Tenn. Ct. App. 2009) | 1 | A motion in limine should not be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment. | Jackson points out that, this Court recently opined that a motion in limine should not be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment. | Should a motion in limine be used as a vehicle to preclude a claim or defense? |

| 13255 | Duran v. Hyundai Motor America, Inc., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 8 | Motions in limine serve fundamentally different purposes than motions for summary judgment; they are not subject to the same procedural safeguards. | Motions in limine serve fundamentally different purposes than motions for summary judgment. They are not subject to the same procedural safeguards. | Is a motion in limine subject to the same safeguards as a motion for summary judgment? |
| 13258 | Housing Authority of Macon v. Younis, 279 Ga. App. 599 (Ga. Ct. App. 2006) | 1 | A motion in limine should be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. | A motion in limine should be granted when "there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." | Should a motion in limine be granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible? |
| 13261 | Smith v. Associated Natural Gas Co., 7 S.W.3d 530, 536 (Mo. Ct. App. 2000) | 21 | A complaint about a trial court's in limine ruling preserves nothing for appellate review. | Therefore, "a complaint about a trial court's in limine ruling preserves nothing for appellate review." | Does a complaint about a trial court's ruling on a motion in limine preserve the issue for appellate review? |
| 13269 | Youngbey v. D.C., 766 F. Supp. 2d 197, 220 (D.D.C. 2011) | 36 | To prove trespass claim in District of Columbia, plaintiff must prove (1) that trespass to realty occurred, and (2) that such action was tortious or unauthorized. | To prove a trespass claim in the District of Columbia, a plaintiff must prove "(1) that a trespass to realty occurred, and (2) that such action was tortious or unauthorized." Wright v. United States, 963 F.Supp. 7, 19 (D.D.C.1997). | What must a plaintiff prove in order to prevail on a trespass claim? |
| 13272 | Volk v. United States, 111 Fed. Cl. 313, 325 (2013) | 10 | By their nature, military procedures limit the military's discretion because the military is bound to follow its own procedural regulations if it chooses to implement some. | "[B]y their nature[,] [military] procedures limit the military's discretion" because the military "is bound to follow its own procedural regulations if it chooses to implement some." | Is the military bound to follow its own procedural regulations once it chooses to implement some? |
| 13277 | Duran v. Hyundai Motor America, Inc., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 8 | Motions in limine serve fundamentally different purposes than motions for summary judgment; they are not subject to the same procedural safeguards. | Motions in limine serve fundamentally different purposes than motions for summary judgment. They are not subject to the same procedural safeguards. | Is a motion in limine subject to the same safeguards as a motion for partial summary judgment? |
| 13278 | Dowden v. Central Louisiana Elec. Co., 368 So. 2d 465, 467 (La. Ct. App. 1979) | 2 | Fact that utility is regulated by state body does not convert utility from private utility company to a public body. | The fact that a utility is regulated by a state body does not convert that utility from a private utility company to a public body. | Does the fact that a state body regulates a utility convert it from a private utility to a public body? |
| 13280 | Prentzel v. State, Dep't of Pub. Safety, 169 P.3d 573, 583 (Alaska 2007) | 8 | Trespass to chattels is a lesser form of conversion; it can be committed when a party intentionally dispossesses another of the chattel or intentionally uses or interferes with a chattel in another's possession. | Trespass to chattels is a lesser form of conversion: it "can be committed when a party intentionally dispossesses another of the chattel or intentionally uses or interferes with a chattel in another's possession." | Is trespass to chattels a lesser claim than the tort of conversion? |
| 13281 | Bergin v. Temple, 111 Mont. 539, 547 (Mont. 1941) | 4 | A cause of action can "arise" but once, and when it once accrues it remains in force until it is extinguished or satisfied, or barred by statute. | "A cause of action can arise but once; and, when it once accrues, it remains in force until it is extinguished, or satisfied, or barred by statute." | "Can a cause of action ""arise"" and remain in force until it is extinguished or satisfied?" |

| 13282 | Unexcelled Chemical Corp. v. U.S., 345 U.S. 59, 65 (1953) | 3 | A cause of action is created when there is a breach of duty owed plaintiff, and it is that breach of duty, and not its discovery, that normally is controlling. | A cause of action is created when there is a breach of duty owed the plaintiff. It is that breach of duty, not its discovery, that normally is controlling. | Will a cause of action be created when there is a breach of duty owed to the plaintiff? |
| 13291 | Raitport v. Provident Nat. Bank, 451 F. Supp. 522, 534-535 (E.D. Pa. 1978) | 18 | At common law, court clerks enjoy no immunity with respect to performance of ministerial duties, such as the docketing of papers or the issuance of writs, but, rather, liability attaches only for nonperformance or improper performance of required act. | At common law, court clerks enjoy no immunity with respect to the performance of ministerial duties, such as the docketing of papers or the issuance of writs. 7 *535 Rather, "liability attaches only for nonperformance or improper performance of the required act." | Is a prothonotary a clerk of court of common pleas? |
| 13302 | Hoffmann v. T.J. Ronan Co., 275 A.D. 57, 60, 87 N.Y.S.2d 585, 588 (App. Div. 1949) | 4 | In equity action, state of facts existing at time of trial, not at commencement of action, controls. | In actions in equity, the state of facts existing at the time of the trial controls, not at the commencement of the action. | "In actions in equity, does the state of facts existing at the time of the trial control?" |
| 13303 | Mediacom Communications v. Sinclair Broadcast, 460 F. Supp. 2d 1012, 1023 (S.D. Iowa 2006) | 11 | Conditions at time of hearing, rather commencement of suit, will generally be basis for any injunctive relief. | Generally, the conditions at the time of the hearing, rather the commencement of the suit, will be the basis for any injunctive relief. | Does a condition existing at the time of hearing of the suit furnish a basis for injunctive relief? |
| 13304 | Costello v. United States, 365 U.S. 265, 282 (1961) | 7 | Laches requires proof of lack of diligence by party against whom defense is asserted and prejudice to party asserting the defense. | Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. | Are elements necessary to the recognition of defense of laches proof of lack of diligence by the party against whom it is asserted and prejudice to the party asserting such defense? |
| 13305 | Minnesota Mining Mfg. Co. v. Plymouth Rubber Co., 178 F. Supp. 591, 596 (N.D. Ill. 1959) | 6 | The existence of a cause of action is to be tested as of time of filing of complaint and no recovery may be had if no cause be shown to exist at that time. | The law is well settled that the existence of a cause of action is to be tested as of the time of the filing of the complaint and no recovery may be had if no cause be shown to exist at that time | Is the existence of a cause of action to be tested as of the time of filing of the complaint? |
| 13309 | Lomax v. Woodmen of World Life Ins. Society, 228 F. Supp. 2d 1360, 1365 (N.D. Ga. 2002) | 9 | Generally, prohibiting class wide arbitration does not render an otherwise valid arbitration clause unconscionable. | Generally, prohibiting class- wide arbitration does not render an otherwise valid arbitration clause unconscionable. | Does prohibiting class wide arbitration render an otherwise valid arbitration clause unconscionable? |
| 13311 | Hancock Fabrics v. Alterman Real Estate I, 302 Ga. App. 568, 570-571 (2010) | 4 | Waiver of subrogation clauses in leases are enforceable even in the absence of a requirement that either party purchase insurance. | Waiver of subrogation clauses in leases are enforceable even in *571 the absence of a requirement that either party purchase insurance. | Is a waiver of subrogation clauses in leases enforceable? |
| 13312 | Hancock Fabrics v. Alterman Real Estate I, 302 Ga. App. 568, 570-71 (2010) | 4 | Waiver of subrogation clauses in leases are enforceable even in the absence of a requirement that either party purchase insurance. | Waiver of subrogation clauses in leases are enforceable even in *571 the absence of a requirement that either party purchase insurance. | Are waiver of subrogation clauses in lease agreements enforceable? |
| 13313 | St. Paul Fire Marine v. Amerada Hess Corp., 275 N.W.2d 304, 308 (N.D. 1979) | 13 | Waiver of right of subrogation must be by act of subrogee; it cannot be contracted away by conduct or agreement of third parties. | A waiver of the right of subrogation must be by an act of the subrogee; it cannot be contracted away by the conduct or agreement of third parties. | Is a waiver of the right of subrogation an act of the subrogee? |

| 13323 | Bell v. Hummel, 136 Cal. App. 3d 1009, 1015, 186 Cal. Rptr. 688, 693 (Ct. App. 1982). | 4 | Generally, voluntary dismissal by plaintiff where defendant has not sought affirmative relief is effective immediately and no appeal lies therefrom. | Generally, a voluntary dismissal by a plaintiff where the defendant has not sought affirmative relief, as here, is effective immediately and no appeal lies therefrom. | Is a voluntary dismissal effective immediately? |
|---|---|---|---|---|---|
| 13332 | Colorado Perform. Corp. v. Mariposa Assoc, 754 P.2d 401, 405 (Colo. App. 1987) | 1 | A joint venture is a partnership formed for a limited purpose; hence, the substantive law of partnerships must be applied in determining whether a joint venture exists. | A joint venture is a partnership formed for a limited purpose. Hence, the substantive law of partnerships must be applied in determining whether a joint venture exists. | Is the substantive law of partnership applicable to joint ventures? |
| 13335 | Clohset v. No Name Corp., 302 Mich. App. 550, 564 (Mich. Ct. App. 2013) | 21 | Lack of subject matter jurisdiction can be collaterally attacked, whereas the exercise of that jurisdiction can be challenged only on direct appeal. | In other words, "lack of subject matter jurisdiction can be collaterally attacked[, whereas] the exercise of that jurisdiction can be challenged only on direct appeal. | Can the lack of subject matter jurisdiction be collaterally attacked? |
| 13340 | Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 777 (2d Cir. 1995) | 7 | Traditional principles of agency law may bind nonsignatory to arbitration agreement. | Traditional principles of agency law may bind a nonsignatory to an arbitration agreement. | Can traditional principles of agency law bind a nonsignatory to an arbitration agreement? |
| 13341 | Evans v. Charity Hospital, 801 So. 2d 1192, 1194-1195 (La. Ct. App. 2001) | 1 | Difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right. | [T]he difference between supervisory jurisdiction and appellate jurisdiction is *1195 that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right. | What is the difference between appellate and supervisory jurisdiction? |
| 13346 | Com. v. Simpson, 316 Pa. Super. 115, 126 (Pa. Super. Ct. 1983) | 20 | Criminal trespass is not a lesser included offense of burglary, since one of the elements of the former is knowledge by defendant that he was not privileged to enter, which is not an element of burglary. | Using this test, criminal trespass is not a lesser included offense of burglary, since one of the elements of the former is knowledge by the defendant that he was not privileged to enter, which is not an element of burglary. | Is knowledge an element of burglary? |
| 13359 | Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 776 (2d Cir. 1995) | 9 | As a general matter, corporate relationship alone is not sufficient to bind nonsignatory to arbitration agreement. | As a general matter, however, a corporate relationship alone is not sufficient to bind a nonsignatory to an arbitration agreement. | Is a corporate relationship sufficient to bind a nonsignatory to an arbitration agreement? |
| 13362 | Mays v. Disneyland, Mays v. Disneyland, Inc., 213 Cal. App. 2d 297, 300, 28 Cal. Rptr. 689, 691 (Ct. App. 1963) | 5 | Purpose of pretrial is to expedite proceedings and to facilitate correct determination of issues and pretrial proceeding should not become trap for unwary. | The purpose of the pretrial is to expedite the proceedings and to facilitate the correct determination of the issues. The pretrial proceeding should not become a trap for the unwary. | Should the purpose of a pretrial proceeding become a trap for the unwary? |
| 13371 | Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 860 (9th Cir. 1979) | 1 | A limitation on the arbitrator's power is not a reason for bypassing arbitration where claim is made upon the contract itself and is within the scope of the arbitration clause. | A limitation on the arbitrator's power is not a reason for bypassing arbitration where the claim is made upon the contract itself and is within the scope of the arbitration clause. | Is limitation on an arbitrators power a reason for bypassing arbitration? |

| 13376 | United States v. Cisneros, 826 F.3d 1190, 1194 (9th Cir. 2016) | 7 | Generic burglary has the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime; however, the "building or structure" element of generic burglary does not include booths, vehicles, boats, or aircrafts. | Similar to Oregon's burglary statute, generic burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).However, the "building or structure" element of generic burglary does not include booths, vehicles, boats, or aircrafts. | Does generic burglary include entry into vehicles and boats? |
|---|---|---|---|---|---|
| 13381 | Pershing v. Ward, 1929-NMSC-069, 34 N.M. 298, 280 P. 254 (1929) | 2 | Under section 4295, Code of 1915, a defendant who has filed a counterclaim against plaintiff in a cause tried to the court has the right to dismiss without prejudice before judgment is rendered. | Under section 4295, Code of 1915, a defendant who has filed a counterclaim against plaintiff in a cause tried to the court has the right to dismiss without prejudice before judgment is rendered. | "Does a defendant, in a cause tried to court, have a right to dismiss his counterclaim without prejudice before judgment?" |
| 13388 | Bell Atlantic-Pa v. Public Utility, 763 A.2d 440, 497 (Pa. Cmmw. Ct. 2000) | 50 | "Tax" is a measure which generates revenue for support of government, based upon judicial authority. | As the Consumer Advocate also pointed out as to the Consumer Education Program, a tax is a measure which generates revenue for the support of government, citing BLACK'S LAW DICTIONARY, 1457 (6 th ed.1991), based upon judicial authority… | Is tax a measure which generates revenue based on judicial authority? |
| 13389 | Bill DeLuca Enterprises v. Commissioner, Revenue, 431 Mass. 314, 322 (Mass. 2000) | 10 | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals, since only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | "It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation." | "Does the system of taxation produce revenue ascertainable, and payable to the government?" |

| | | | | | |
|---|---|---|---|---|---|
| 13390 | Nw. Energetic Servs., LLC v. California Franchise Tax Bd., 159 Cal. App. 4th 841, 854, 71 Cal. Rptr. 3d 642, 650–51 (2008), as modified on denial of reh'g (Mar. 3, 2008) | 2 | The essence of a "tax" is that it raises revenue for general governmental purposes and is compulsory rather than imposed in response to a voluntary decision to seek benefits; a "fee," on the other hand, funds a regulatory program or compensates for services or benefits provided by the government. | The essence of a tax is that it raises revenue for general governmental **651 purposes and is "compulsory rather than imposed in response to a voluntary decision ... to seek ... benefits." (Sinclair Paint, supra, 15 Cal.4th at p. 874, 64 Cal.Rptr.2d 447, 937 P.2d 1350; see Professional Scientists, supra, 79 Cal.App.4th at p. 944, 94 Cal.Rptr.2d 535 ["Ordinarily, 'taxes are imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted' and '[m]ost taxes are compulsory rather than imposed in response to a voluntary decision to develop or to seek other governmental benefits or privileges.' "].) A fee, on the other hand, funds a regulatory program or compensates for services or benefits provided by the government. | Why are taxes ordinarily imposed? |
| 13391 | McLeod v. Columbia County, 278 Ga. 242, 244 (Ga. 2004) | 5 | A charge is generally not a "tax" if its object and purpose is to provide compensation for services rendered. | A charge is generally not a tax if its object and purpose is to provide compensation for services rendered. | Is charge a tax if the object and purpose of such charge is to provide compensation for services rendered? |
| 13393 | Stevenson v. New York State Tax Appeals Tribunal, 106 A.D.3d 1146, 1148, 964 N.Y.S.2d 707, 709 (2013) | 5 | "Taxes" are public burdens imposed generally for governmental purposes benefiting the entire community. | "Taxes are public burdens imposed generally for governmental purposes benefiting the entire community, whereas | Are taxes public burdens imposed to benefit the entire community? |
| 13394 | Empress Casino Joliet Corp. v. Blagojevich, 674 F. Supp. 2d 993, 1005 (N.D. Ill. 2009) | 20 | An assessment is a tax if it is for revenue raising purposes, regardless of whether the proceeds go to a general fund or are devoted to a more specialized purpose. | Characterizing the Acts as imposing a tax for TIA purposes is consistent with the standard employed by a majority of circuits, which have held that an assessment is a tax if it "is for revenue raising purposes," regardless of whether the proceeds go to a general fund or are devoted to a more specialized purpose. | Is an assessment a tax if it is for revenue raising purpose? |
| 13398 | City of Mishawaka v. Squadroni, 486 N.E.2d 1088 (1985) | 14 | Pretrial order should be liberally construed in order to ensure trial of every lawsuit on its merits. | A pre-trial order should be liberally construed in order to ensure the trial of every lawsuit on its merits. | Should a pretrial order be liberally construed in order to ensure trial of every lawsuit on its merits? |
| 13399 | Campbell v. Nako Corp., 198 Kan. 421, 430 (Kan. 1967) | 11 | A pretrial order does not preclude review of trial court's ruling on question of law. | A pre- trial order does not preclude review of the trial court's ruling on a question of law. | Does a pretrial order preclude review of the trial court's ruling on a question of law? |
| 13403 | Griffin v. Dep't of Local Gov't Fin., 765 N.E.2d 716, 722 (Ind. 2002) | 3 | The nature of a tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | The nature of a tax "must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | Is the nature of a tax determined by its designation made by the legislature? |

| 13405 | Vournas v. Montgomery Cnty., 53 Md. App. 243, 249, 452 A.2d 1263, 1267 (1982), aff'd, 300 Md. 123, 476 A.2d 705 (1984) | 5 | Where primary objective of tax is raising revenue, it is revenue measure, and amount of tax is not reviewable by the courts. | Where the primary objective of a tax is raising revenue, it is a revenue measure and the amount of the tax is not reviewable by the courts. | "Is the amount of the tax reviewable by the courts, where the primary objective of a tax is to raise revenue?" |
|---|---|---|---|---|---|
| 13415 | Cotton v. Ostroski, 250 Neb. 911, 917-918 (Neb. 1996) | 8 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | What is the clear purpose of pretrial conference? |
| 13425 | Granahan v. Celanese Corp. of America, 3 N.J. 187, 191 (1949) | 1 | A cause of action in a compensation case is predicated on an accident arising out of and in course of employment and not on the injuries incident thereto. | A cause of action in a Workmen's Compensation Case is predicated upon an accident arising out of and in the course of employment and not upon the injuries incident thereto. | What does a cause of action in a compensation case predicated upon? |
| 13431 | Agricultural Com. Authority v. Balkcom, 215 Ga. 107, 109 (Ga. 1959) | 1 | A "tax" is a rate or sum of money assessed on person, property, etc., of citizen. | A tax is a rate or sum of money assessed on the person, property, etc., of the citizen. | Is tax a rate or sum of money assessed on person and property of citizen? |
| 13432 | Sablosky v. Messner, 372 Pa. 47, 56-57 (1952) | 9 | Taxation is a practical matter and legislation upon the subject will not be declared invalid because some inequities inevitably result. | As stated in the decisions above cited, taxation is a practical matter and legislation upon the subject will not be declared invalid because some inequalities *57 inevitably result. | Can a legislation upon the subject of taxation be declared invalid? |
| 13434 | Maier v. Orr, 754 F.2d 973, 980 (Fed. Cir. 1985) | 1 | No one has an individual right, constitutional or otherwise, to enlist in armed forces, composition of those forces being within purview of Congress and the military. | No one has an individual right, constitutional or otherwise, to enlist in the armed forces, the composition of those forces being within the purview of the Congress and the military. | Does a servicemen have the right to enlist or reenlist in the armed forces? |
| 13435 | Sani-Serv Div. of Burger Chef Sys., Inc. v. S. Bank of W. Palm Beach, 244 So. 2d 509, 512 (Fla. Dist. Ct. App. 1970) | 6 | Once legal consideration appears, its adequacy is not subject to judicial inquiry except under unusual circumstances. | Once a legal consideration appears, its adequacy is not a subject for judicial inquiry except under unusual circumstances not here present. | "Once a legal consideration appears, is its adequacy a subject for judicial inquiry?" |
| 13439 | Northpark Assoc. No. 2 v. Homart Development Co., 262 Ga. 138, 141 (Ga. 1992) | 7 | Governing authority can acquire fee simple title to county road only through condemnation or express grant in deed or other instrument. | A governing authority can acquire fee-simple title to a county road only through condemnation or an express grant in a deed or other instrument. | How can a governing authority acquire a fee-simple title to a county road? |
| 13441 | Arizona State Highway Department v. Bechtold, 105 Ariz. 125, 128 (Ariz. 1969) | 1 | Purpose of pretrial order is to simplify issues and shorten trial time, but such orders are not absolute and do not completely jell issues in action. | The admitted purpose of the pre-trial order is to simplify issues and shorten trial time. But such orders are not absolute and do not completely jell issues in an action. | Does a pretrial order not completely jell issues in an action? |
| 13458 | In re Vidal, 234 B.R. 114, 117 (Bankr. D.N.M. 1999) | 1 | Under New Mexico law, partnership agreement governs relationship between general and limited partners. NMSA 1978, SS 54-2-1 to 54-2-63. | Under New Mexico law, the partnership agreement governs the relationship between general and limited partners. See NMSA 1978, 54-2-1 to 54-2-63 (1996). | What governs the relationship between general partners and limited partners? |

| 13459 | Fromm v. Board of Directors of Police & Firemen's Ret. Sys., 81 N.J. Super. 138, 143 (1963) | 2 | One of the fundamental purposes of pensioning civil servants is to secure good behavior and maintenance of reasonable standards of discipline during service. | It is, of course, axiomatic that one of the fundamental purposes of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | Why should civil servants be pensioned? |
|---|---|---|---|---|---|
| 13461 | Brown v. Rowe Chevrolet-Buick, 86 N.C. App. 222, 224 (N.C. Ct. App. 1987) | 2 | Generally, withdrawal of counsel on eve of trial is not ipso facto grounds for continuance. | The general rule, however, is that the withdrawal of counsel on the eve of trial is not ipso facto grounds for continuance. | Is the withdrawal of counsel on eve of trial not ipso facto grounds for continuance? |
| 13464 | Enterprise Recovery Systems v. Salmeron, 401 Ill. App. 3d 65, 70 (Ill. App. Ct. 2010) | 1 | The failure to answer requests for admission means that all factual statements in the requests are deemed to be admitted. | As Salmeron concedes on appeal, the failure to answer requests for admission meant that all factual statements in the requests were deemed to be admitted by Salmeron. | Does the failure to answer requests for admission mean that all factual statements in the requests are deemed to be admitted? |
| 13468 | New York State Elec. & Gas Corp. v. Cnty. of Chemung, 137 A.D.3d 1550, 1555, 29 N.Y.S.3d 579, 584 (2016) | 6 | The essence of trespass is injury to the right of possession, and such trespass may occur under the surface of the ground; a person need not have title to the property but must simply have sufficient property rights to maintain an action for trespass. | "The essence of trespass is injury to the right of possession, and such trespass may occur under the surface of the ground. A person need not have title to the property but must simply have sufficient property rights to maintain an action for trespass" (Bloomingdales, Inc. v. New York City Tr. Auth., 13 N.Y.3d at 66, 886 N.Y.S.2d 663, 915 N.E.2d 608 [citation omitted] ). | Can a person not having the title to property maintain a trespass action? |
| 13470 | Blue Tree Hotels v. Starwood Hotels Resorts, 369 F.3d 212, 222 (2d Cir. 2004) | 12 | Commercial bribery cannot be committed unilaterally by an alleged bribe receiver: one cannot be guilty of receiving a commercial bribe unless someone else is guilty of paying it. | But commercial bribery cannot be committed unilaterally by an alleged bribe receiver: one cannot be guilty of receiving a commercial bribe unless someone else is guilty of paying it. | Can commercial bribery be committed unilaterally? |
| 13471 | State v. Knight, 140 Ohio App. 3d 797, 804 (2000) | 8 | A police officer's duty, for purposes of a prosecution for bribery, may arise from usage or custom. | A police officer's duty for purposes of a prosecution for bribery may also arise from usage or custom. | Where do a police officers duties arise from for purposes of a prosecution for bribery? |
| 13475 | Krug v. Meehan, 109 Cal. App. 2d 274, 277, 240 P.2d 732, 733–34 (1952) | 2 | An averment of conclusion of law is ordinarily deemed surplusage and will be disregarded in considering sufficiency of pleading. | An averment of a conclusion of **734 law is ordinarily deemed to be surplusage and will be disregarded in considering the sufficiency of a pleading. | Will an averment of conclusion of law be disregarded in considering sufficiency of pleading? |
| 13476 | Morgan v. Crowley, 91 Ga. App. 58, 67 (Ga. Ct. App. 1954) | 11 | Factitious demands by special demurrer are not favored, and practice of requiring unnecessary elaboration of pleadings by process of such special demurrers should not be encouraged. | Factitious demands by special demurrer are not favored, and the practice of requiring unnecessary elaboration of pleadings by the process of such special demurrers should not be encouraged. | Are factitious demands by special demurrer favored? |

| 13480 | Travis v. Com. Union Ins. Co., 569 So. 2d 115, 118 (La. Ct. App. 1990) | 4 | Generally, when obligation is based on writing, prima facie proof of obligation requires introducing that writing; jurisprudential exception is that when plaintiff requests admissions of contractual coverage or production of policy, defendant's failure to comply may be construed as supplying missing proof. | Generally, when an obligation is based on a writing, prima facie proof of the obligation requires introducing that writing. Ascension Builders, Inc. v. Jumonville, 263 So.2d at 878; Sudds v. Protective Casualty Insurance Company, 554 So.2d at 151. A jurisprudential exception is that when the plaintiff requests admissions of contractual coverage or production of the policy, the defendant's failure to comply may be construed as supplying the missing proof. | "When an obligation is based on writing, does a prima facie proof of obligation require introducing that writing?" |
| 13481 | 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 347 (E.D. Pa. 2000) | 1 | To "perpetuate the testimony of a witness" means to record, prior to trial and for use at trial, the witness' known testimony in a case where the witness may be unavailable for trial. | To perpetuate the testimony of a witness means to record, prior to trial and for use at trial, the witness' known testimony in a case where the witness may be unavailable for trial. | Are perpetuation depositions arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial? |
| 13482 | Chambers v. Pruitt, 241 S.W.3d 679, 688 (Tex. App. 2007) | 13 | Requests for admissions must be served and received before a failure to answer will result in deemed admissions. | It is axiomatic, however, that requests for admissions must be served and received before a failure to answer will result in deemed admissions. | Should requests for admissions be served and received before a failure to answer will result in deemed admissions? |
| 13484 | Delta Discount Co. v. Fryer, 244 Ark. 489, 491 (Ark. 1968) | 1 | Answers to requests for admissions must be verified by responding party rather than by his attorney. | The sole argument for reversal is that this court has adopted the rule that answers to requests for admissions must be verified by the responding party, rather than by his attorney, upon an erroneous assumption that this view is supported by the weight of authority. | Should answers to requests for admissions be verified by the responding party rather than by his/her attorney? |
| 13488 | Dillingham v. I.N.S., 267 F.3d 996, 1005 (9th Cir. 2001) | 13 | Because federal authority in immigration matters is plenary, federal classifications differentiating between groups of aliens are subject to relaxed scrutiny. | Furthermore, because federal authority in immigration matters is plenary, federal classifications differentiating between groups of aliens are subject to "relaxed scrutiny." | Are federal classifications distinguishing or differentiating among groups of aliens valid? |
| 13489 | Dillingham v. I.N.S., 267 F.3d 996, 1005 (9th Cir. 2001) | 13 | Because federal authority in immigration matters is plenary, federal classifications differentiating between groups of aliens are subject to relaxed scrutiny. | Furthermore, because federal authority in immigration matters is plenary, federal classifications differentiating between groups of aliens are subject to "relaxed scrutiny." | Is federal authority in immigration matters plenary? |
| 13509 | Sawgrass Builders, Inc. v. Realty Cooperative, Inc., 172 Ga. App. 324 (1984) | 1 | A check is an unconditional promise to pay and a stop payment order does not discharge the maker's liability on the check. | A check is an unconditional promise to pay, and a stop payment order does not discharge the maker's liability on the check. | Does mere order of stop payment discharges the maker of the check from his liabilities? |

| 13512 | State v. Gibbs, 306 S.W.3d 178, 182 (Mo. Ct. App. 2010) | 4 | The intent to commit a crime is an essential element of burglary; it is this element of criminal intent that separates burglary in the second degree from its lesser-included offense of trespass in the first degree. | The intent to commit a crime is an essential element of burglary. State v. Haslar, 887 S.W.2d at 615. It is this element of criminal intent that separates burglary in the second degree from its lesser-included offense of trespass in the first degree. | What separates second degree burglary from first degree trespass? |
|---|---|---|---|---|---|
| 13516 | Smith v. Loftis Bros. & Co., 43 Ga. App. 354, 158 S.E. 768, 768 (1931) | 1 | Testimony taken by deposition should be reduced to writing by officer or disinterested stenographer and subscribed by deponent (Civ.Code 1910, S 5905 et seq.). | State-created headnote: Testimony taken by deposition should be reduced to writing by officer or disinterested stenographer and subscribed by deponent (Civ. Code 1910, § 5905 et seq.). | "Should the testimony of the witness be reduced to writing by the officer taking the deposition, or by the witness in the presence of the officer; or the officer may employ a disinterested stenographer to take down and write out the testimony?" |
| 13522 | McIlroy v. Painewebber, Inc., 989 F.2d 817, 821 (5th Cir. 1993) | 8 | When parties agree to arbitration, they agree to accept whatever reasonable uncertainties might arise from the process. | As the Eleventh Circuit has remarked: "When … parties agree[ ] to arbitration, they agree[ ] to accept whatever reasonable uncertainties might arise from the process," Raiford v. | When parties agree to arbitration do they agree to accept uncertainties which may arise from the process? |
| 13531 | Harper v. State Farm Mut. Auto. Ins. Co., 484 So. 2d 737, 740 (La. Ct. App. 1986) | 4 | Pretrial order controls subject and course of action unless modified at trial to prevent manifest injustice. | The pretrial order controls the subject and course of an action unless modified at trial to prevent manifest injustice. | Does a pretrial proceeding control the subject and course of action? |
| 13538 | Coakley v. Attorney General, 318 Mass. 508, 510 (Mass. 1945) | 2 | "Pensions" are bounties which Congress has right to give, to withhold, to distribute, or to recall at its discretion. | Pensions are the bounties of the government which congress has the right to give, withhold, distribute, or recall, at its discretion. | "Does congress have the right to give, to withhold, to distribute, or to recall at its discretion pensions?" |
| 13553 | N.C. State Bar v. Key, 189 N.C. App. 80, 88 (2008) | 13 | "Ultimate facts" are the final facts required to establish the plaintiff's cause of action or the defendant's defense, and "evidentiary facts" are those subsidiary facts required to prove the ultimate facts. | Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts. | Are evidentiary facts those facts necessary to prove the ultimate facts? |
| 13557 | Leet v. Union Pac. R. Co., 25 Cal. 2d 605, 617, 155 P.2d 42, 48 (1944) | 8 | If court may not refuse to exercise its jurisdiction, it may not accomplish the same result by an indefinite continuance. | If the court may not refuse to exercise its jurisdiction it may not accomplish the same result by an indefinite continuance. | Can a court accomplish the same result by an indefinite continuance if it refuses to exercise its jurisdiction? |
| 13564 | In re OSG Ship Mgmt., Inc., 514 S.W.3d 331, 337 (Tex. App. 2016) | 5 | Forum-selection clauses are presumptively valid unless shown to be unreasonable, and they may be enforced through a motion to dismiss. | Forum-selection clauses are presumptively valid unless shown to be unreasonable, and they may be enforced in Texas courts through a motion to dismiss. | "Unless shown to be unreasonable, are forum-selection clauses valid?" |
| 13567 | Atlantic Coast Line R. Co. v. Commonwealth, 302 Ky. 36, 41 (Ky. Ct. App. 1946) | 3 | The obligation to pay taxes rests solely on legislation and legislative intent to tax must clearly appear. | Since the obligation to pay taxes rests solely on legislation, the legislative intent to tax must clearly appear. | Does the obligation to pay taxes rest solely on legislation and a clear legislative intent? |

| 13590 | Commissioner of Revenue v. Franchi, 423 Mass. 817, 822 (Mass. 1996) | 2 | General rule is that tax statutes are to be strictly construed according to their plain meaning, as State has no power to tax unless that power has been expressly conferred by statute. | The general rule is that tax statutes are to be strictly construed according to their plain meaning, as the State has no power to tax unless that power has been expressly conferred by statute. | Does the State have the power to tax? |
|---|---|---|---|---|---|
| 13591 | Shea v. Boston Edison Co., 431 Mass. 251, 260 (2000) | 5 | There is no restraint upon the power of the legislature to lay taxes, except such as the constitution of the United States or that of the state imposes. | "There is no restraint upon the power of the legislature to lay taxes, except such as the constitution of the United States or **49 that of the state imposes. | Is there any restraint upon the power of the legislature to lay taxes? |
| 13592 | City & Cnty. of San Francisco v. Cnty. of San Mateo, 10 Cal. 4th 554, 560, 896 P.2d 181, 184 (1995) | 1 | Amount of ad valorem tax paid on parcel of real property is product of valuation of real property and tax rate applied to that valuation. | The amount of ad valorem tax paid on a parcel of real property is the product of two factors: the valuation of the real property and the tax rate applied to that valuation. | Does ad valorem tax include the valuation of the real property and the tax applied to that valuation? |
| 13594 | Elliott v. Department of Labor, 151 Wn. App. 442, 447 (Wash. Ct. App. 2009) | 3 | An industrial insurance claim is governed by explicit statutory directives and not by the common law. | An industrial insurance claim is "governed by explicit statutory directives and not by the common law." | Is an industrial insurance claim governed by statutory directives and not the common law? |
| 13596 | Republic Insurance v. Paico Receivables, LLC, 383 F.3d 341, 346 (5th Cir. 2004) | 6 | Ultimately, the question of what constitutes a waiver of the right of arbitration depends on the facts of each case. | Ultimately, however, "[t]he question of what constitutes a waiver of the right of arbitration depends on the facts of each case." | Does the question of what constitutes a waiver of the right of arbitration depend on the facts of each case? |
| 13601 | Kristensen v. McGrath, 179 F.2d 796, 801 (D.C. Cir. 1949) | 3 | "Residence" is not a term of fixed legal definition but takes on shades of meaning according to the statutory framework in which it is found. | It is axiomatic that residence is not a term of fixed legal definition but takes on shades of meaning according to the statutory framework in which it is found. | "Is ""residence"" a term of fixed legal definition?" |
| 13608 | McClure v. County of Jackson, 185 N.C. App. 462, 466-467 (N.C. Ct. App. 2007) | 1 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action; if the issues before a court become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | "Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court ... become moot at any time during the course of the proceedings, the usual response should be to dismiss the action." | Should an action be dismissed if the issues before the court become moot? |

| 13609 | County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002) | 8 | When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend, but if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. | When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. See Peek, 779 S.W.2d at 804-05; Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 9-10 (Tex.1974). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. | "If the pleadings or record conclusively negate the existence of jurisdiction, should the suit be dismissed?" |
| 13612 | Cohen v. Harrington, 722 A.2d 1191, 1194 (R.I. 1999) | 3 | Regardless of the nomenclature used by the General Assembly, it is the nature of a tax itself that determines whether the tax is an excise tax or a property tax. | Thus, regardless of the nomenclature used by the General Assembly, it is the nature of the tax itself that determines whether the tax is an excise tax or a property tax. | Does the nature of a tax itself determine whether the tax is an excise tax or a property tax? |
| 13613 | United States v. McManigal, 708 F.2d 276, 282 (7th Cir. 1983) | 3 | There is bribery when offer is made with intent that offeree act favorably to offeror even when no particular act is contemplated by offeror or offeree. | There is bribery when the offer is made with intent that the offeree act favorably to the offeror even when no particular act is contemplated by the offeror or offeree. | Does a particular act need to be contemplated by the offeror or offeree in order for the crime of bribery to be established? |
| 13626 | McCormick v. Meyer, 582 N.W.2d 141, 145 (Iowa 1998) | 9 | If there is a delay in service, the court must first determine if the delay was presumptively abusive; if the court finds the delay is presumptively abusive, the court must then determine if the plaintiff has shown the delay was justified, and if the delay was not justified, the case must be dismissed. | If there is a delay in service, the court must first determine if the delay was presumptively abusive. Mokhtarian, 578 N.W.2d at 668. If the court finds the delay is presumptively abusive, the court must then determine if the plaintiff has shown the delay was justified. Id. If the delay was not justified, the case must be dismissed. | "If there is a delay in service, should the court first determine if the delay was presumptively abusive?" |
| 13627 | Wake Cares, Inc. v. Wake Cnty. Bd. of Educ., 190 N.C. App. 1, 15, 660 S.E.2d 217, 226 (2008). | 11 | When a court's determination can have a practical effect on a controversy, the court may not dismiss the case as moot. | "Conversely, when a court's determination can have a practical effect on a controversy, the court may not dismiss the case as moot." | When a court's determination can have a practical effect on a controversy will the court dismiss the case as moot? |

| 13631 | Scarcia v. U.S. Gypsum Co., 164 Misc. 825, 828, 1 N.Y.S.2d 358, 361 (Sup. Ct. 1937) | 2 | A complaint may be dismissed on motion where litigation is vexatious and clearly without merit. | It has been held that a complaint may be dismissed on motion where the litigation is vexatious and clearly without merit, Stewart v. Butler, 27 Misc. 708, 59 N.Y.S. 573, and that a client acting in good faith, that is, if he is not engaged with his adversary in a scheme to beat his own attorney out of his fee or compensation, may settle or withdraw his action without let or hindrance. | Will a complaint be dismissed upon motion where the litigation is vexatious and clearly without merit? |
| 13634 | Graf v. Whitaker, 192 Ariz. 403, 407 (Ariz. App. 1998) | 4 | Courts have power to control proceedings before them and enter orders of default or dismissal when party fails to abide by procedural rules of court. | Courts have the power to control the proceedings before them and enter orders of default or dismissal when a party fails to abide by the procedural rules of the court. | Do courts have the power to control proceedings before them? |
| 13638 | In re Invol. Dissolution of Battle Creek State Bank, 254 Neb. 120, 121 (Neb. 1998) | 3 | Banking corporations are quasi-public institutions in the sense that whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | Corporations: Banks and Banking. Banking corporations are quasi-public institutions in the sense that the whole stream of commerce, whether interstate or intrastate, largely depends upon their existence. | Does a bank possess a quasi-public character? |
| 13659 | Benge v. Scharbauer, 152 Tex. 447 (Tex. 1953) | 4 | An instrument may convey two separate estates in minerals, one of which may be a full mineral interest and the other a royalty or other interest in minerals. | An instrument may convey two separate estates in the minerals, one of which may be a full mineral interest and the other a royalty, or other interest in the minerals. | Could an instrument convey two separate estates in the minerals? |
| 13661 | Bk. Trust Co. v. Arnold N. May Builders, 90 Ill. App. 3d 454, 456 (Ill. App. Ct. 1980) | 3 | Motion for judgment on the pleadings tests sufficiency of pleadings as a matter of law and admits truth of all facts pleaded by opposite party. | A motion for judgment on the pleadings tests the sufficiency of the pleadings as a matter of law and admits the truth of all facts well pleaded by the opposite party. | Does a motion for judgment on the pleadings test the sufficiency of the pleadings? |
| 13662 | Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc., 722 F. Supp. 2d 948, 976 (N.D. Ill. 2010). | 34 | Under New York law, principal can assert claim for fraud based on misrepresentations made to its agent. | Under New York law a principal can assert a claim for fraud based on misrepresentations made to its agent. | Can a principal assert claim for misrepresentations made to its agent? |
| 13672 | A. Gay Jenson Farms Co. v. Cargill, Inc., 309 N.W.2d 285, 290 (Minn. 1981) | 1 | "Agency" is the fiduciary relationship that results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | Agency is the fiduciary relationship that results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | Is consent important to form agency relationship? |
| 13674 | Campion v. Bd. of Aldermen, 278 Conn. 500, 510 (Conn. 2006) | 2 | Zoning regulations are local legislative enactments and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. | Additionally, "zoning regulations are local legislative enactments and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes.... | Can the enactment of local zoning regulations be considered a legislative function? |

| 13675 | Shevey Spires v. Amer. Motors Realty Corp., 279 S.C. 58, 60 (S.C. 1983) | 1 | Plaintiff has burden of prosecuting his action, and the trial court may properly dismiss action for plaintiff's unreasonable neglect in proceeding with his cause. | The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with his cause. | Does a plaintiff have the burden of prosecuting their action? |
| 13679 | Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc., 754 F.2d 457, 461 (2d Cir. 1985) | 5 | Litigation of substantial issues going to merits may constitute waiver of arbitration. | The rule of this circuit, like that in Jones, is that the litigation of substantial issues going to the merits may constitute a waiver of arbitration. | Does litigation of substantial issues going to the merits constitute a waiver of arbitration? |
| 13697 | Wright v. Wright, 567 S.W.2d 371, 374 (Mo. App. 1978) | 1 | As a matter of general law, there may be a presumption that comakers of promissory note, in absence of evidence to the contrary, are equally liable; bills and notes, however, do not necessarily express entire agreement between ostensible comakers. | As a matter of general law, there may be a presumption that co-makers of a promissory note, in the absence of evidence to the contrary, are equally liable. Bills and notes, however, do not necessarily express the entire agreement between ostensible co-makers. | Are comakers of a promissory note equally liable? |
| 13708 | Spence v. Cherian, 135 A.3d 1282, 1287 (Del. Super. Ct. 2016) | 6 | Court should dismiss a claim if a third-party plaintiff fails to plead, or cannot make out on the facts pleaded, an essential element of that claim, and if a plaintiff could not have originally sued the third-party defendant on a given claim, the claim against the third-party defendant also must be dismissed. | In turn, the Court should dismiss a claim if a third- party plaintiff fails to plead, or cannot make out on the facts pleaded, an essential element of that claim. 13 And if a plaintiff could not have originally sued the third-party defendant on a given claim, the claim against the third-party defendant also must be dismissed. | Should a court dismiss a claim if a plaintiff fails to plead? |
| 13711 | Gowens v. Tys. S, 948 So. 2d 513, 526 (Ala. 2006) | 8 | Although as against a principal, both principal and agent are deemed to have notice of whatever either has notice of, the imputation of the principal's knowledge to the agent is contrary to the general principles of agency. | Although "[a]s against a principal, both principal and agent are deemed to have notice of whatever either has notice of," the imputation of the principal's knowledge to the agent is contrary to the general principles of agency. | Can a principals knowledge be imputed to an agent? |
| 13715 | Hartzell Fan, Inc. v. Waco, Inc., 256 Va. 294, 295 (Va. 1998) | 6 | "Special agent" is one who is authorized to perform one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the stated acts to be performed. | A special agent is one who is authorized to perform one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the stated acts to be performed. | Who is a Special Agent under the law? |

| | | | | | |
|---|---|---|---|---|---|
| 13716 | Valeriano-Cruz v. Neth, 14 Neb. App. 855, 860, 716 N.W.2d 765, 769 (2006) | 5 | An "affidavit" is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation; an affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. | An affidavit is a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation. Id. An affidavit must bear on its face, by the certificate of the officer before whom it is taken, evidence that it was duly sworn to by the party making the same. | Should the affidavit bear on its face to have been taken before the proper officer? |
| 13728 | Regency Oaks Corp. v. Norman-Spencer McKernan, Inc., 129 A.D.3d 1454, 1456, 12 N.Y.S.3d 398, 400 (2015) | 2 | The mere creation of an agency for some purpose does not automatically invest the agent with apparent authority to bind the principle without limitation. | It is axiomatic that "[t]he mere creation of an agency for some purpose does not automatically invest the agent with 'apparent authority' to bind the principle without limitation ... An agent's power to bind his [or her] principal is coextensive with the principal's grant of authority" (Ford v. Unity Hosp., 32 N.Y.2d 464, 472–473, 346 N.Y.S.2d 238, 299 N.E.2d 659). | "Do the acts of an agent, within the scope of his real or apparent authority, bind the principal? " |
| 13732 | Barratt American, Inc. v. City of Rancho Cucamonga, 37 Cal.4th 685, 700 (Cal. 2005) | 5 | In general, taxes are imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted. | "In general, taxes are imposed for revenue purposes, rather than in return for a specific benefit conferred or privilege granted. | "In general, are taxes imposed for revenue purposes?" |
| 13740 | Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601, 603 (S.D.N.Y. 1995) | 2 | Lender liability is predicated on unmistakable showing that subservient corporation in reality has no separate, independent existence of its own and was being used to further purposes of dominant corporation. | Lender liability is predicated on an unmistakable showing that the subservient corporation in reality has no separate, independent existence of its own and was being used to further the purposes of the dominant corporation. | What is lender liability predicated on? |
| 13742 | Bank of New York Mellon v. Deane, 41 Misc. 3d 494, 502, 970 N.Y.S.2d 427, 433–34 (Sup. Ct. 2013) | 6 | Whatever the rights of a person to enforce an instrument by reason of delivery or assignment, a person is not a "holder" by reason of delivery or assignment alone, unless delivery is made of a bearer instrument. | Whatever the rights of a person to enforce an instrument by reason of delivery or assignment, a person is not a "holder" by reason of **434 delivery or assignment alone, unless delivery is made of a bearer instrument. | Can a person become a holder by reason of delivery? |
| 13748 | Reyes v. New York Univ., 305 A.D.2d 392, 392, 759 N.Y.S.2d 508, 509 (2003) | 1 | Institutions of higher education maintain contractual relationships with their students, and can, under appropriate facts, be liable for breaches regarding scholarships. | Institutions of higher education do maintain contractual relationships with their students, and can, under appropriate facts, be liable for breaches regarding scholarships (see Aronson v. University of Mississippi, 828 So.2d 752 [Miss.]; Imam v. Illinois Inst. of Tech., 2002 WL 88566, 2002 U.S. Dist. Lexis 962 [N.D. Ill., Jan. 23, 2002] ). | Can universities be liable for breach of contract regarding scholarships? |

| 13749 | Keles v. Hultin, 144 A.D.3d 987, 988, 42 N.Y.S.3d 235, 236 (2016) | 1 | Courts retain a restricted role in dealing with and reviewing controversies involving colleges and universities. | The courts of this State "have long been reluctant to intervene in controversies involving purely academic determinations" (Matter of Zanelli v. Rich, 127 A.D.3d 774, 775, 8 N.Y.S.3d 217), and thus "[c]ourts retain a 'restricted role' in dealing with and reviewing controversies involving colleges and universities" (Maas v. Cornell Univ., 94 N.Y.2d 87, 92, 699 N.Y.S.2d 716, 721 N.E.2d 966, quoting Gertler v. Goodgold, 107 A.D.2d 481, 487, 487 N.Y.S.2d 565). | Do courts have a restricted role in reviewing controversies involving universities? |
| --- | --- | --- | --- | --- | --- |
| 13753 | Gross v. Un. Engrs. Constructors, Inc., 224 Pa. Super. 233, 235 (1973) | 2 | Sufficiency of complaint is governed by facts alleged therein and fact that lacking information subsequently was or could be supplied is not governing. | The sufficiency of the Complaint is governed by the facts alleged therein and the fact that the lacking information subsequently was or could be supplied is not governing. | Is the sufficiency of the complaint governed by the facts alleged therein? |
| 13756 | Wood v. Cosme, 447 S.W.2d 746, 750 (Tex. Civ. App. 1969) | 2 | Where party fails to appear and prosecute his case, trial court cannot try case for him, and only remedy is to dismiss the case. | Of course, where a party fails to appear and prosecute his case, the trial court cannot try the case for him, and the only remedy is to dismiss the case. | Can court try the case for a party where party fails to appear and prosecute his case? |
| 13763 | Kaptein v. Conrad School District, 281 Mont. 152, 160 (Mont. 1997) | 2 | Student's right to participate in extracurricular activities, although not fundamental right, is clearly subject to constitutional protection. | We recognized in Bartmess that a student's right to participate in extracurricular activities, although not a fundamental right, is "clearly subject to constitutional protection." | Is a students right to participate in extracurricular school activities a fundamental right? |
| 13764 | Catalina Foothills Unified Sch. Dist. No. 16 v. La Paloma Prop. Owners Ass'n, Inc., 238 Ariz. 510, 514, 363 P.3d 127, 131 (Ct. App. 2015) | 1 | Political subdivisions, including school districts, do not have inherent powers of eminent domain and may only exercise those powers that are statutorily delegated to them. | Political subdivisions, including school districts, "do not have inherent powers of eminent domain and may only exercise those powers that are statutorily delegated to them." | Do schools districts have inherent powers? |
| 13769 | Storedahl Props v. Clark County, 143 Wash. App. 489, 496 (2008) | 5 | Where a charge relates to a direct benefit or service, the court generally does not consider it a tax or assessment; instead, the court refers to such charges as regulatory fees, a rather broad category that can include a wide assortment of utility customer fees, utility connection fees, garbage collection fees, local storm water facility fees, user fees, permit fees, parking fees, registration fees, filing fees, and license fees. | Where a charge relates to a direct benefit or service, this court generally does not consider it a tax or assessment. King County Fire Prot. Dists. No. 16, No. 36, & No. 40 v. Housing Auth. of King County, 123 Wash.2d 819, 833, 872 P.2d 516 (1994). Instead, this court refers to such charges as regulatory fees, a rather broad category that can "include a wide assortment of utility customer fees, utility connection fees, garbage collection fees, local storm water facility fees, user fees, permit fees, parking fees, registration fees, filing fees, and license fees." | "Where a charge is related to a direct benefit or service, will it be considered a tax?" |

| 13778 | Orbison v. Welsh, 242 Ind. 385, 417, 179 N.E.2d 727, 743 (1962) | 21 | The payment of a tax is compulsory and not optional, and it entitles taxpayer to receive nothing in return, other than rights of government which are enjoyed by all citizens alike. | The payment of a tax is compulsory and not optional, and it entitles the taxpayer to receive nothing in return, other than the rights of government which are enjoyed by all citizens alike. | Is a tax compulsory and not optional? |
|---|---|---|---|---|---|
| 13788 | Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App. 2000) | 8 | "Dismissal with prejudice" constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. | Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. | Does a dismissal with prejudice operate as if the case had been fully tried and decided? |
| 13790 | Richmond Cnty. Bd. of Educ. v. Cowell, 739 S.E.2d 566, 568 (N.C. Ct. App. 2013) | 2 | The denial of a motion to dismiss is an interlocutory order which is not immediately appealable unless that denial affects a substantial right of the appellant. | "The denial of a motion to dismiss is an interlocutory order which is not immediately appealable unless that denial affects a substantial right of the appellant." | Is the denial of a motion to dismiss an interlocutory order? |
| 13791 | Airgrowers, Inc. v. Tomlinson, 230 Ga. App. 415, 416 (1998) | 1 | Cross-claim is not subject to dismissal simply because main claim has been dismissed, and, where it can be adjudicated without regard to main claim, cross-claim should be considered even after main claim has been dismissed. | A cross-claim is not subject to dismissal simply because the main claim has been dismissed, and, where it can be adjudicated without regard to the main claim, a cross-claim should be considered even after the main claim has been dismissed. | Is a cross-claim not subject to dismissal simply because a main claim has been dismissed? |
| 13794 | Hickman v. Barclay's Int'l Realty, 5 So. 3d 804, 806 (Fla. Dist. Ct. App. 2009) | 3 | It is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship. | And it is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship | Can descriptive labels employed by the parties determine an agency relationship? |
| 13799 | Figi Graphics, Inc. v. Dollar Gen. Corp., 33 F. Supp. 2d 1263 (S.D. Cal. 1998) | 7 | Critical factor in determining existence of agency relationship is degree of control exercised by principal over agent. | A critical factor in determining the existence of an agency relationship is the degree of control exercised by the principal over the agent. | What is the critical factor in determining existence of an agency relationship? |
| 13810 | Texas State Bd. of Registration for Professional Engineers v. Dalton, Hindss&sO'Brien Engineering Co., 382 S.W.2d 130, 134 (Tex. Civ. App. 1964) | 3 | Allegations of fact in a suit for injunction should be direct, certain and particular and leave nothing to inference, and the petition should contain specific fact allegations showing a right in the pleader, the wrong done by the defendant, and resulting injury. | Allegations of fact in a suit for injunction should be direct, certain and particular and leave nothing to inference. The petition should contain specific fact allegations showing a right in the pleader, the wrong done by the defendant, and the resulting injury. | "Should allegations of fact in a suit for injunction be direct, certain, and particular?" |
| 13820 | Arsand v. City of Franklin, 83 Wis. 2d 40, 48 (Wis. 1978) | 2 | An agent may or may not be a servant; if he is not a servant, his principal is not vicariously liable for his negligent physical conduct except under certain circumstances. | An agent may or may not be a servant; 5 and if he is not a servant, his principal is not vicariously liable for his negligent physical conduct except under certain circumstances. | When is a principal not vicariously liable for the negligence of his agent? |
| 13821 | Fischer v. Machado, 50 Cal. App. 4th 1069, 1072, 58 Cal. Rptr. 2d 213, 215 (1996) | 5 | Existence of fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not agent for other. | The existence of the fiduciary relation modifies all agency agreements and creates rules which do not apply to contracts in which one party is not an agent for the other. | What rules does the existence of a fiduciary relationship create? |

| | | | | |
|---|---|---|---|---|
| 13835 | Neils v. City of Seattle, 185 Wash. 269, 274–75 (1936) | 2 | Power to grant franchises is a sovereign power, resting in state, and may be delegated by state, but it is not within powers of cities unless expressly delegated to them by state. | [2] The power to grant franchises is a sovereign power, *275 resting in the state. It may be delegated by the state, but it is not within the powers of cities unless expressly delegated to them by the state. State ex rel. | Can the power to grant franchises be delegated by the State? |
| 13845 | Bridges v. Prod. Operators, 974 So. 2d 54, 58 (La.App. 4 Cir.,2007) | 1 | The Louisiana sales and use tax is an excise tax, which is imposed upon the transaction itself, not the property involved in the transaction. | The Louisiana sales and use tax is an excise tax, which is imposed "upon the transaction itself, not the property involved in the transaction." | Is sales and use tax an excise tax that is imposed upon a transaction? |
| 13846 | DaimlerChrysler Servs. N. Am. v. Arizona Dep't of Revenue, 210 Ariz. 297, 302 (Ariz.App. Div. 1,2005) | 8 | Gross receipts taxes are on the gross receipts from sales payable by the seller, in contrast to sales taxes, which are also levied on the gross receipts from sales but are payable by the buyer, although they are collected by the seller and remitted to the taxing entity. | As the United States Supreme Court recognizes, a transaction privilege tax differs from a sales tax: We follow standard usage, under which gross receipts taxes are on the gross receipts from sales payable by the seller, in contrast to sales taxes, which are also levied on the gross receipts from sales but are payable by the buyer (although they are collected by the seller and remitted to the taxing entity). | What are gross receipts taxes? |
| 13853 | Groves v. Prickett, 420 F.2d 1119, 1125 (9th Cir. 1970) | 8 | Waiver can be employed only for defensive purposes, and although it can preclude assertion of rights it cannot be used to impose legal duties. | A waiver can be employed only for defensive purposes. Although it can preclude the assertion of legal rights, it cannot be used to impose legal duties. | Can waiver be used to impose legal duties? |
| 13854 | Clear Lake Ctr. v. Garden Ridge, 416 S.W.3d 527, 542 (Tex.App.-Hous. (14 Dist.), 2013) | 20 | The elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. | "The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." | What are the elements of waiver? |
| 13859 | Bloebaum v. Gen. Am. Life Ins. Co., 734 S.W.2d 539, 540 (Mo.App. E.D. 1987) | 1 | Medical and hospital expense insurance is not insurance in usual sense, providing benefits upon occurrence of an event; it is by definition contract of indemnity, intended to indemnify and hold insured harmless from obligations he is by law compelled to pay. | Furthermore, medical and hospital expense insurance is not insurance in the usual sense, providing benefits upon the occurrence of an event. It is by definition a contract of indemnity, See Couch on Insurance 2d (Rev ed) 41A:42, intended to indemnify and hold the insured harmless from obligations he is by law compelled to pay. | "Are medical and hospital expense insurance, insurance in the usual sense? " |
| 13860 | Stephanz v. Laird, 846 S.W.2d 895, 899 (Tex. App. 1993) | 13 | Persons who intend to do things that constitute partnership are partners whether their expressed purpose was to create or avoid relationship. | Persons who intend to do the things that constitute a partnership are partners whether their expressed purpose was to create or avoid the relationship. | "If the parties intend to do things that constitute a partnership, are they partners?" |

| | | | | | |
|---|---|---|---|---|---|
| 13861 | Harris v. Johnson, 218 Ill. App. 3d 588, 591–92, 578 N.E.2d 1326, 1328 (1991) | 2 | To state cause of action properly, complaint must contain facts and not merely conclusions; cause of action will be dismissed if complaint contains mere conclusions unsupported by facts. | To state a cause of action properly, a complaint must contain facts and not merely conclusions. (Gray v. City of Plano (1986), 141 Ill.App.3d 575, 578, 95 Ill.Dec. 928, 490 N.E.2d 1020.) Although pleadings are to be construed liberally *592 with the aim of doing substantial justice between the parties, a plaintiff is not relieved from the duty of including sufficient factual averments in his complaint. (Ill.Rev.Stat.1989, ch. 110, par. 2–603(c); Gray, 141 Ill.App.3d at 578, 95 Ill.Dec. 928, 490 N.E.2d 1020.) A complaint will be deemed sufficient if the allegations contained therein reasonably inform the defendant by factually setting forth the elements necessary to state a cause of action. (People ex rel. Scott v. College Hills Corp. (1982), 91 Ill.2d 138, 145, 61 Ill.Dec. 766, 435 N.E.2d 463; Gray, 141 Ill.App.3d at 578–79, 95 Ill.Dec. 928, 490 N.E.2d 1020.) A cause of action will be dismissed if the complaint contains mere conclusions unsupported by facts. | "Should a complaint contain facts, to state a cause of action properly?" |
| 13862 | Moore v. Sergi, 38 Conn. App. 829, 841 (1995) | 18 | The purpose of the complaint is to limit the issues to be decided at the trial of a case and to prevent surprise. | "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise." | "Are limiting the issues to be decided at the trial and preventing surprise, purposes of a complaint?" |
| 13874 | Regents of Univ. of Minnesota v. Lord, 57 N.W.2d 796, 796 (Minn. 1977) | 2 | While legislature cannot place conditions on appropriations made to University of Minnesota for any purpose which would intrude on internal control and management of University by board of regents, legislature has power to impose reasonable conditions on use of funds appropriated by it to University if conditions are limited in scope and will promote general welfare. | While the legislature cannot place conditions on appropriations made to the University of Minnesota for any purpose which would intrude on the internal control and management of the university by the Board of Regents, the legislature has the power to impose reasonable conditions on the use of funds appropriated by it to the university if the conditions are limited in scope and will promote the general welfare. | Can the legislature impose reasonable conditions on the use of university funds? |
| 13879 | Esslinger v. Sun Ref. & Mktg. Co., 379 Pa. Super. 69, 75 (Pa.Super.,1988) | 5 | Judgment of non pros may only be stricken when there are defects apparent on face of record. | A judgment of non pros may only be stricken when there are defects apparent on the face of the record. | Can a judgment of non pros only be stricken when there are defects apparent on a face of record? |

| 13880 | Richmond Cty. Bus. Ass'n v. Richmond Cty., 224 Ga. 854, 856–57 (1968) | 5 | If there is any doubt as to power of county to tax in particular instance, it must be resolved in the negative. | If there is any doubt as to the power of the county to tax in a particular instance, it must be resolved in the negative. | "If there is any doubt as to the power of the county to tax in a particular instance, should it be resolved in the negative?" |
| 13896 | Singer v. Siedband, 138 S.W.3d 750, 754 (Mo. Ct. App. 2004) | 10 | Capacity in which a party sues must be determined from content of pleadings, not solely from captions or titles thereof. | The capacity in which a party sues must be determined from the content of the pleadings, not solely from the captions or titles thereof. | Should the capacity in which a party sues be determined from the content of the pleadings? |
| 13903 | Johnson Assocs. Corp. v. HL Operating Corp., 680 F.3d 713, 717 (6th Cir. 2012) | 6 | Although a party can waive its contractual right to arbitration, because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred. | Although it has long been settled that a party can waive its contractual right to arbitration, see Am. Locomotive Co. v. Gyro Process Co., 185 F.2d 316, 318 (6th Cir.1950), "because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred." | Should waiver of the right to arbitration be lightly inferred? |
| 13908 | Klein v. City of New Orleans, 99 U.S. 149, 150 (1878) | 2 | If lands are held by a corporation for public purposes and the ground rents are part of the public revenues, they cannot be levied on or sold. | If the lands are held by the corporation for public purposes, and the ground rents are part of the public revenues, it is well settled that they cannot be levied on or sold. | Can lands held for public purposes be levied or sold? |
| 13913 | Steinhart v. Cty. of Los Angeles, 47 Cal. 4th 1298, 1316 (2010) | 14 | In general, the law particularly disfavors estoppels where the party attempting to raise the estoppel is represented by an attorney at law. | In general, the law "particularly" disfavors estoppels "where the party attempting to raise the estoppel is represented by an attorney at law." | Does the law disfavour estoppels where the party attempting to raise the estoppel is represented by an attorney at law? |
| 13927 | People v. Monterroso, 34 Cal. 4th 743, 777, 101 P.3d 956, 981 (2004) | 32 | An acquittal requires more than a bar to further proceedings; it requires a disposition based upon a determination of the merits. | An acquittal requires more than a bar to further proceedings; it requires " 'a disposition based upon a determination of the merits.' " | Do acquittals require a disposition based upon a determination of the merits to further proceedings? |
| 13943 | State v. Crisman, 123 Idaho 277, 280, 846 P.2d 928, 931 (Ct. App. 1992) | 5 | Receiving state's executive branch must recognize sovereignty of other state before diplomatic immunity exists. | The receiving state's executive branch must recognize the sovereignty of the other state before diplomatic immunity exists. | Should the receiving state recognize the sovereignty of the other state before diplomatic immunity exists? |
| 13950 | Golf Tr. of Am. v. Soat, 355 Ill. App. 3d 333, 335-36 (2005) | 2 | A "pleading" is defined as a formal document in which a party to a legal proceeding, especially a civil lawsuit, sets forth or responds to allegations, claims, denials, or defenses. | A pleading is defined as, "A formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, *336 claims, denials, or defenses." | What is a pleading? |
| 13955 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329, 350–51 (C.D. Cal. 1997) | 29 | Party asserting applicability of act of state doctrine bears burden of proof; at minimum, this burden requires that party offer some evidence that government acted in its sovereign capacity and some indication of depth and nature of government's interest. | When applying the Sabbatino test, the party asserting the applicability of the act of state doctrine bears the burden of proof. See Liu v. Republic of China, 892 F.2d 1419, 1432 (9th Cir.1989). "At a minimum, this burden requires that a party offer some evidence that the government acted in its sovereign capacity and some indication of the depth and nature of the government's interest | Who bears the burden of proof when an assertion that the act of state doctrine is applicable is made? |

| 13957 | Bear v. Fleming, 714 F. Supp. 2d 972, 985 (D.S.D., 2010) | 12 | Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | "Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." | "As a general rule, can courts intervene in the resolution of conflicts which arise in the daily operation of school systems which do not directly and sharply implicate basic constitutional values?" |
|---|---|---|---|---|---|
| 13961 | Bd. of Trustees of City of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Glob. Markets, 622 F.3d 1335, 1342 (C.A.11 (Fla.), 2010) | 6 | Determination of whether a signatory has authority to bind non-signatory to arbitrate turns on specific facts of each case. | The determination whether a signatory like Adams had the authority to bind a non-signatory like the Board to arbitrate "turns on the specific facts of each case." | How do courts determine the authority of a signatory to a bind non-signatory to arbitrate? |
| 13962 | Elwood v. Panhandle Concrete Co., 236 Neb. 751, 756 (Neb. 1990) | 8 | Generally, issues delineated in unaltered pretrial order supplant issues raised in pleadings. | Generally, issues delineated in an unaltered pretrial order supplant the issues raised in the pleadings. | "Do issues delineated in unaltered pretrial order, supplant issues raised in pleadings? " |
| 13964 | Madison Assocs. v. Bass, 158 Ill. App. 3d 526, 536 (1987) | 3 | Substitution of attorneys after commencement of trial does not constitute good cause for granting continuance. | The substitution of attorneys after the commencement of trial does not constitute good cause for granting a continuance. | Is the substitution of attorneys after the commencement of trial a good cause for granting continuance? |
| 13976 | Meyers v. City of Jacksonville, 754 So. 2d 198, 202 (Fla. Dist. Ct. App. 2000) | 1 | Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. | We begin our review of the trial court's ruling by noting that "[d]ismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action." | "Is a dismissal for lack of standing without prejudice and thus has no effect on the underlying duties, rights, or obligations of the parties?" |
| 13982 | Moore v. Com., 254 Va. 184, 186 (1997) | 2 | Penetration by penis of a vagina is essential element of crime of rape; proof of penetration, however slight the entry may be, is sufficient. | "Penetration by a penis of a vagina is an essential element of the crime of rape; proof of penetration, however slight the entry may be, is sufficient." | Is slight penetration sufficient to constitute rape? |
| 13983 | Denver Feed Co. v. City of Commerce City, 702 P.2d 285, 287 (Colo.App.,1985) | 1 | Taxing authority may assess and collect taxes only within the express authority conferred by law. | A taxing authority may assess and collect taxes only within the express authority conferred by law. | Should the taxing authority assess and collect taxes only within the express authority conferred by law? |
| 13984 | Haygood v. Head, 305 Ga. App. 375, 381 (2010) | 18 | In the absence of a valid jurat, a writing in the form of an affidavit has no force and no validity and amounts to nothing, when standing alone or when construed in connection with other evidence; to make a valid affidavit, the affiant must swear to it, and the fact of his swearing must be certified by a proper officer. | Further, in the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence. To make a valid affidavit, the affiant must swear to it, and the fact of his swearing must be certified by a proper officer. | Is verification of an affidavit without effect in the absence of a jurat? |

| 13988 | Myers v. Cohen, 67 Haw. 389, 393 (1984) | 5 | Dismissal of a claim for want of prosecution does not dispose of a counterclaim, and a counterclaim may be adjudicated on the merits even where a complaint is dismissed. | Moreover, obviously, the dismissal of a claim for want of prosecution does not dispose of a counterclaim, and a counterclaim may be adjudicated on the merits even where a complaint is dismissed. | Does dismissal of a claim for want of prosecution dispose of a counterclaim? |
| --- | --- | --- | --- | --- | --- |
| 14009 | Colonial Sur. Co. v. United States, 108 Fed. Cl. 622, 633 (Fed.Cl., 2013) | 8 | "Equitable subrogation" is a creature of equity, is enforced solely for the purpose of accomplishing the ends of substantial justice, and is independent of any contractual relations between the parties. | Equitable subrogation "is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties. | What is equitable subrogation? |
| 14011 | Fireman's Fund Ins. Co. v. Wagner Fur, 760 F. Supp. 1101, 1105 (S.D.N.Y.,1991) | 2 | Any unauthorized delivery of bailed property by bailee, even delivery to wrong person resulting from bailee's good-faith mistake, constitutes "conversion." | Any unauthorized delivery of bailed property by a bailee-even delivery to the wrong person resulting from the bailee's good faith mistake-constitutes a conversion. | Does the unauthorized delivery of property by the bailee to the wrong person constitute conversion? |
| 14012 | In re Karp, 373 B.R. 837, 838 (N.D. Ill. 2007) | 12 | Under Illinois law, there are two types of subrogation: "conventional subrogation," which is based on express or implied agreement, and "legal subrogation," which arises by operation of law. | Under Illinois case law, there are two types of subrogation: conventional subrogation, which is based upon an express or implied agreement, and legal subrogation which arises by operation of law. | What are the two types of subrogation based upon? |
| 14014 | East Lake Creek Ranch v. Brotman, 998 P.2d 46, 50 (Colo. App. 2000) | 10 | One test for determining whether a transaction constitutes a "sale" or instead an "exchange" is whether there is a fixed value at which the exchange is to be made; if there is a fixed value, it is a sale. | A longstanding test for determining whether a transaction constitutes a sale or exchange is whether there is a fixed value at which the exchange is to be made; if there is a fixed value, it is a sale. | What test determines whether a transaction constitutes a sale or an exchange of property? |
| 14016 | Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 56 (Tex. 1991) | 2 | In ordinary case, absent special statutory provisions, plaintiff has absolute right to take nonsuit. | It is true that in the ordinary case, absent special statutory provisions, a plaintiff has an absolute right to take a nonsuit. | "In ordinary case, does the plaintiff have an absolute right to take a non suit?" |
| 14018 | State ex rel. Murphy v. Aronson, 330 S.W.2d 140, 145 (Mo. App. 1959) | 8 | "Reasonable notice" is one that provides an opportunity for a litigant to present his views as to matters instantly before the court which may affect his rights. | Reasonable notice is one that provides an Opportunity for a litigant to present his views as to the matters instantly before the court which may affect his rights | What is a reasonable notice under the law? |
| 14019 | SCAC Transp. (USA) Inc. v. S.S. Danaos, 578 F. Supp. 327, 330 (S.D.N.Y. 1984) | 4 | By consenting to arbitration a party relinquishes certain rights and safeguards provided by judicial system; if a party does not consent to arbitration, however, it retains these rights and should not be bound by an arbitration award. | By consenting to arbitration a party relinquishes certain rights and safeguards provided by the judicial system. See Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier, 508 F.2d 969, 975 (2d Cir.1974).If a party does not consent to arbitration, however, it retains these rights and should not be bound by an arbitration award. | What is the consequence of consenting to arbitration? |

| 14020 | N. Am. Van Lines v. Lexington Ins. Co., 678 So. 2d 1325, 1330–31 (Fla. Dist. Ct. App. 1996) | 5 | While concept of bad faith arose in connection with liability policies, good faith obligation is implied in all insurance contracts. | While the concept of bad faith arose in connection with liability policies, a good faith obligation is implied in all insurance *1331 contracts. | Are insurance contracts considered as contract of good faith? |
|---|---|---|---|---|---|
| 14024 | Rodriquez v. Texas Farmers Ins. Co., 903 S.W.2d 499, 506 (Tex. App. 1995) | 5 | When appellate complaint relates to substance of affidavit, it is not necessary that objection be pointed out to trial court, because there is no requirement of opportunity to amend such a complaint. | Nevertheless, when the appellate complaint relates to the substance of the affidavit, it is not necessary that the objection was pointed out to the trial court, because there is no requirement of an opportunity to amend upon such a complaint. | Will defects of substance in affidavits be allowed to be amended? |
| 14028 | F.H. Paschen/S.N. Nielsen v. Burnham Station, 372 Ill. App. 3d 89, 92-93 (Ill. App.) | 3 | Courts must accept an affidavit as true if it is uncontradicted by counteraffidavits or other evidentiary materials. | Furthermore, courts must accept an affidavit as true if it is uncontradicted by counteraffidavits *93 or other evidentiary materials. | Can courts accept an affidavit as true if it is uncontradicted by counter-affidavits or other evidentiary materials? |
| 14031 | Jackson Park Yacht Club v. Illinois Dep't of Local Gov't Affairs, 93 Ill. App. 3d 542, 547 (1981) | 5 | License is not assignable, and merely gives another right to use premises for specific purpose with owner retaining possession and control. | A license is not assignable, and merely gives another the right to use the premises for a specific purpose with the owner retaining possession and control. | Are licenses assignable? |
| 14033 | State v. Negron, 5 Conn. Cir. Ct. 159, 163 (1968) | 2 | Where there is any ambiguity in terms of notice, rendering its meaning doubtful, doubt must be resolved against person giving notice. | Moreover, where 'there is any ambiguity in the terms of a notice, rendering its meaning doubtful, the doubt must be resolved against the person giving the notice.' 66 C.J.S. | Will an ambiguity in the terms of a notice be resolved against the person giving the notice? |
| 14034 | Gantz v. Dir. of Revenue, 858 S.W.2d 793, 795 (Mo. App. 1993) | 4 | Trial court is generally free to believe or disbelieve statements made in affidavits offered as evidence on motions. | The general rule is that a trial court is free to believe or disbelieve statements made in affidavits offered as evidence on motions. | Can the trial court disbelieve an affidavit? |
| 14038 | Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co., 489 F.3d 580, 584 (C.A.3 (N.J.),2007) | 4 | Arbitration is a creature of contract, and an arbitration panel has the authority to decide only the issues that have been submitted for arbitration by the parties. | "[A]rbitration is a creature of contract, and an arbitration panel has the authority to decide only the issues that have been submitted for arbitration by the parties." | Does an arbitration panel has authority to decide issues that are not submitted for arbitration by the parties? |
| 14039 | Momand v. Twentieth-Century Fox Film Corp., 37 F. Supp. 649, 657 (W.D. Okla. 1941) | 11 | Under Oklahoma law relating to assignments of causes of action, a tort pure and simple is any tort which does not arise out of a contract express or implied. 12 Okl.St.Ann. SS 221, 1051; 60 Okl.St.Ann. SS 312, 313. | These decisions commit Oklahoma to the doctrine of strict construction of the common law on the question of assignment, and have the effect of prohibiting the assignment of any cause of action not arising out of contract. Stated otherwise, a tort pure and simple is any tort which does not arise out of a contract, express or implied. | Are assignments of a cause of action in a tort valid? |

| 14041 | First Nat. Bank of Juneau v. Martin, 16 Alaska 313, 319 (D.Alaska.Terr.1.Div. 1956) | 2 | A vested interest in decedent's estate is assignable, including a future or contingent estate, if person to take it is certain and if coupled with an interest. | There also appears no question but that a vested interest in a decedent's estate is assignable, including a future or contingent estate, if the person to take it is certain and if coupled with an interest. | Is a vested future interest assignable? |
|---|---|---|---|---|---|
| 14046 | Farmer v. Mach. Craft, 406 So. 2d 981, 982 (Ala.Civ.App., 1981) | 2 | In order to constitute "bailment" there must be change of possession, actual or constructive, and bailee must have voluntarily assumed custody and possession of property for another. | In order to constitute a bailment, there must be a change of possession, actual or constructive, and the bailee must have voluntarily assumed the custody and possession of the property for another. | What constitutes bailment? |
| 14050 | United States v. Nat'l City Lines, 80 F. Supp. 734, 738–39 (S.D. Cal. 1948) | 5 | Matters of venue and change of venue are as a rule mere incidences of procedure, and statutes relating to remedies and procedure operate retrospectively. | Nonetheless, matters of venue and change of venue are, as a rule, mere incidences of procedure. And statutes *739 relating to remedies and procedure operate retrospectively | Can matters of venue operate retrospectively? |
| 14054 | Craig ex rel. Estate of Craig v. Zink, 2016 IL App (4th) 150939, 796 (Ill. App. Ct. 2016) | 6 | A claim against an estate is not a pleading within the meaning of the Civil Code, and it need not set forth a formal cause of action. | It is well established a claim against an estate is not a pleading within the meaning of the Civil Code, and it need not set forth a formal cause of action. | Is a claim against an estate a pleading? |
| 14062 | Adkins v. Labor Ready, 303 F.3d 496, 501 (4th Cir. 2002) | 5 | Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate. | It is clear that "even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." | "If arbitration has a favored place, is there a need for an underlying agreement between the parties to arbitrate?" |
| 14068 | Yeakey v. Hearst Commc'ns, Inc., 156 Wash. App. 787, 791–92, 234 P.3d 332, 335 (2010) | 4 | The falsity prong of a defamation claim is satisfied with evidence that a statement is probably false or leaves a false impression due to omitted facts. | The falsity prong of a defamation claim is *792 satisfied with evidence that a statement is probably false or leaves a false impression due to omitted facts. | What is the meaning of the term falsity in defamation law? |
| 14072 | TDM Farms of N. Carolina v. Wilhoite Family Farm, 969 N.E.2d 97, 109 (Ind. App. 2012) | 8 | "Trespass" is defined as an unlawful interference with one's person, property, or rights; any unauthorized intrusion or invasion of private premises or land of another. | In Indiana, "[t]respass is defined as '[a]n unlawful interference with one's person, property, or rights.... Any unauthorized intrusion or invasion of private premises or land of another.' " | How is trespass defined? |
| 14073 | Lightning Oil Company v. Anadarko E&P Onshore, 520 S.W.3d 39, 46 (Tex. 2017) | 9 | "Trespass" to real property is an unauthorized entry upon the land of another, and may occur when one enters, or causes something to enter, another's property. | "Trespass to real property is an unauthorized entry upon the land of another, and may occur when one enters- or causes something to enter-another's property." Barnes v. | What constitutes a trespass to real property? |
| 14091 | Backoff v. Weiner, 305 Mass. 375, 377 (Mass. 1940) | 3 | The reciprocal obligations of landlord and tenant do not depend upon validity of landlord's title. | The reciprocal obligations of landlord and tenant do not depend upon the validity of the landlord's title. | Do reciprocal obligations between landlord and tenant depend upon the validity of landlords title? |
| 14092 | Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Local No. 2 v. Chicago Tribune Co., 779 F.2d 13, 15 (7th Cir. 1985) | 4 | There is strong federal policy in favor of arbitrating disputes in general and labor disputes in particular. | That however would fly in the face of the strong federal policy in favor of arbitrating disputes in general and labor disputes in particular. | Is there a strong federal policy in favor of arbitrating labor disputes? |

| 14095 | Millennium Park Joint Venture v. Houlihan, 241 Ill. 2d 281, 310 (Ill. 2010) | 36 | The essential elements of a lease include: (1) the extent and bounds of the property, (2) the term of the lease, (3) the amount of rent, and (4) the time and manner of payment. | Additionally, the essential elements of a lease include: (1) the extent and bounds of the property; (2) the term of the lease; (3) the amount of rent; and (4) the time and manner of payment. | What are the essential elements required of a lease? |
|---|---|---|---|---|---|
| 14097 | Lake Cty. Tr. Co. v. Two Bar B, 238 Ill. App. 3d 589, 595 (Ill. App. Ct. 1992) | 2 | Law of the state where the real estate is situated governs the rights of the parties. | This principle is consonant with the traditional legal doctrine that the law of the State where the real estate is situated governs the rights of the parties. | Does the law of the state where the real estate is situated govern the rights of the parties? |
| 14105 | Brown v. E.F. Hutton & Co., 610 F. Supp. 76, 79 (S.D. Fla. 1985) | 4 | There is a strong federal policy favoring arbitration, and thus any party arguing waiver of arbitration bears a heavy burden of proof. | Since there is a strong federal policy favoring arbitration, "any party arguing waiver of arbitration bears a heavy burden of proof." | Who bears the burden of proof in waiving arbitration? |
| 14110 | Jones v. Dugger, 518 So. 2d 295, 298 (Fla. Dist. Ct. App. 1987) | 3 | The "year and a day" rule is a rule of evidence rather than an element of the offense of murder. | We agree with the analysis employed by the courts in Head and Ladd and find that the "year and a day" rule is a rule of evidence rather than an element of the offense of murder. | Is the year and a day rule considered as a rule of evidence rather than an element of offense of murder? |
| 14111 | Morrow v. City of Cleveland, 73 Ohio App. 460, 463 (Ohio Ct. App. 1943) | 4 | Facts judicially noticed are not ordinarily required to be pleaded, and, if pleaded matter conflicts with judicial knowledge of the court, the latter controls. | 'Facts judicially noticed are not ordinarily required to be pleaded, and if pleaded matter conflicts with the *464 judicial knowledge of the court it plainly follows that the latter control | Should facts judicially noticed be pleaded? |
| 14120 | Ex parte Compass Bank, 77 So. 3d 578, 581 (Ala. 2011) | 4 | A "cause of action" grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act. | [A] "cause of action" grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act. | Does a cause of action grow out of a wrongful act? |
| 14125 | Jefferson Cnty. Sch. Dist. No. R-1 v. Indus. Comm'n, 698 P.2d 1350, 1352 (Colo. App. 1984) | 1 | In proper case, doctrines of res judicata and collateral estoppel may be applied to administrative proceedings. | In a proper case, the doctrines of res judicata and collateral estoppel may be applied to administrative proceedings. | Is the doctrine of collateral estoppel applicable to administrative proceedings? |
| 14135 | Mennen v. Easter Stores, 951 F. Supp. 838, 857 (N.D. Iowa 1997) | 10 | "Constructive discharge" exists when employer deliberately renders employee's working conditions intolerable and thus forces employee to quit. | A constructive discharge exists when an employer deliberately renders the employee's working conditions intolerable and thus forces the employee to quit. | When does a constructive discharge exist? |
| 14136 | Tidwell v. Meyer's Bakeries, 93 F.3d 490, 494 (8th Cir. 1996) | 8 | To constitute constructive discharge, employer must deliberately create intolerable working conditions with intention of forcing the employee to quit and employee must quit. | To constitute a constructive discharge, the employer must deliberately create intolerable working conditions with the intention of forcing the employee to quit and the employee must quit. | When does a constructive discharge exist? |
| 14137 | Resolute Forest Prod. v. U.S. Dep't of Agric., 219 F.Supp.3d 69, 73 (D.D.C. 2016) | 1 | Where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded. | After all, casebooks introduce the general theory that "where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded." | "Is there a legal remedy by suit or action at law, when a legal right is invaded?" |

| 14138 | Tinder v. Pinkerton Sec., 305 F.3d 728, 733 (7th Cir. 2002) | 4 | Whether a binding arbitration agreement exists is determined under principles of state contract law. 9 U.S.C.A. S 2. | Whether a binding arbitration agreement exists is determined under principles of state contract law. 9 U.S.C. 2; | Does state contract law determine the validity of arbitration agreements? |
|---|---|---|---|---|---|
| 14154 | Cordier v. Lincoln County Nat. Bank, 702 S.W.2d 428, 430 (Ky. 1986) | 2 | Joint tenancy, tenancy in common, tenancy by entirety, joint property, common property, or part ownership does not of itself establish a partnership. KRS 362.180(2). | Joint tenancy, tenancy in common, tenancy by the entirety, joint property, common property, or part ownership does not of itself establish a partnership. KRS 362.180(2). | Do tenants in joint tenancies in property establish partnership? |
| 14155 | Bank of New York v. Nally, 820 N.E.2d 644, 654 (Ind. 2005) | 23 | Application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | We agree with Osterman that application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | Does the application of equitable subrogation depend on the facts of the case? |
| 14157 | AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375, 396 (Conn. App. Ct. 2015) | 7 | "Subrogation" is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. | "Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard for form or mere technicality. | How is subrogation administered? |
| 14165 | Deutsche Bank Nat'l Tr. Co. v. Payton, App (1st), 76 N.E.3d 804, 810 (Ill. App. Ct. 2017) | 6 | Doctrine of equitable subrogation is the remedial device designed to prevent an unjust enrichment. | The doctrine of equitable subrogation is the remedial device designed to prevent an unjust enrichment. | Is common law or equitable right of subrogation a remedial device utilized to prevent unjust enrichment? |
| 14167 | Dattel Fam. Ltd. P'ship v. Wintz, 250 S.W.3d 883, 887 (Tenn. Ct. App. 2007) | 3 | Subrogation is an equitable doctrine with the aim of placing the burden of bearing a loss where it ought to be. | Subrogation is an equitable doctrine whose aim is to "plac[e] the burden of bearing the loss where it [o]ught to be." | Is subrogation an equitable doctrine with the aim of placing the burden of bearing a loss where it ought to be? |
| 14171 | Schlaikjer v. Kaplan, 296 Kan. 456, 157 (Kan. 2013) | 15 | District court's decision on a motion in limine involves a two-prong test, and to grant the motion, the court must determine that: (1) the material or evidence will be inadmissible at trial; and (2) a pretrial ruling is justified, as opposed to a ruling during trial, because (a) the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; (b) the consideration of the issue during trial might unduly interrupt and delay the trial; or (c) a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | A district court's decision on a motion in limine involves a two-prong test. To grant the motion, the court must determine that (1) the material or evidence will be inadmissible at trial; and (2) a pretrial ruling is justified, as opposed to a ruling during trial, because (a) the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; (b) the consideration of the issue during trial might unduly interrupt and delay the trial; or (c) a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Does a district court's decision on a motion in limine involve a two-prong test? |
| 14173 | State v. Davis, 505 S.W.3d 401, 406 (Mo. Ct. App. 2016) | 9 | Law does not require or expect utmost resistance to a sexual assault when it appears that such resistance would be futile or would provoke a more serious injury. | "[T]he law does not require or expect utmost resistance to a sexual assault when it appears that such resistance would be futile or would provoke a more serious injury." | Is resistance to sexual assault necessary to sustain a conviction for sexual assault? |

| 14174 | Columbia Bank v. Turbeville, 143 So. 3d 964, 968 (Fla. Dist. Ct. App. 2014) | 1 | Equitable subrogation is an equitable remedy rooted in the legal consequence of the actions and relationship between the parties. | Equitable subrogation, which the Bank asserts against Ms. Turbeville, is an equitable remedy rooted in the legal consequence of the actions and relationship between the parties. | Is equitable subrogation an equitable remedy created by the legal consequences of the acts and relationships of the parties? |
|---|---|---|---|---|---|
| 14175 | Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485, 490 (2003) | 5 | "Equitable subrogation" is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Equitable subrogation is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation a remedy to avoid an unearned windfall? |
| 14176 | MacNab v. Fireman's Fund Ins. Co., 243 Or. 267, 272 (Or. 1966) | 5 | Before a party is entitled to subrogation to the rights of another his equity must be strong and his case clear. | Before a party is entitled to subrogation, his equity must be strong and his case clear. | "In order to be entitled to equitable subrogation, must a party's equity be strong and his case clear?" |
| 14177 | Ameriquest Mortg. Co. v. Alton, 273 Mich. App. 84, 95 (Mich. Ct. App. 2006) | 10 | Equitable subrogation will not be enforced where it will work injustice to the rights of those having equal equities. | A proviso exists that equitable subrogation "will not be enforced where it will work injustice to the rights of those having equal equities." | Will equitable subrogation be enforced where it will work injustice to the rights of those having equal equities? |
| 14185 | Gevinson v. Manhattan Const. Co. of Okl., 420 S.W.2d 486, 488 (Tex. App. 1967) | 1 | A single individual or entity cannot be owner of a partnership, though he or it could become the owner of what might have theretofore been property which belonged to such. | We here take occasion to note that a single individual or entity cannot be 'owner' of a partnership, though he or it could become the owner of what might have theretofore been property which belonged to such. | Can a single individual be an owner of a partnership? |
| 14190 | Torgerson v. Minneapolis, St. P. & S.S.M. Ry. Co., 49 N.D. 1096, 194 N.W. 741, 743 (1923) | 9 | Demurrer does not necessarily admit the inferences or conclusions drawn from the facts alleged in the complaint. | A demurrer admits the truth of all well-pleaded facts, but not necessarily the inferences or conclusions drawn therefrom, tho alleged in the complaint; facts presumed or reasonably or necessarily inferred from those alleged are also admitted. | Does a demurrer admit the inferences or conclusions from the facts alleged in the complaint? |
| 14194 | Peed v. Peed, 72 N.C. App. 549, 559 (N.C. Ct. App. 1985) | 18 | Power to grant a motion in limine is within the discretion of the trial court. | The power to grant a motion in limine is within the discretion of the trial court. | Does the power to grant a motion in limine lie within the sound discretion of the trial court? |
| 14198 | Chrysler First Bus. Credit Corp. v. Kawa, 914 P.2d 540, 543 (Colo. App. 1996) | 8 | Sureties have right of subrogation to creditor's position when debt goes into default. | It is fundamental that sureties have the right of subrogation to the creditor's position when a debt goes into default. | Do sureties have the right of subrogation to a creditor's position when debt goes into default? |
| 14203 | Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821, 825 (Minn. Ct. App. 2017) | 9 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | In so doing, we are mindful that "[a] cause of action accrues when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." | When does general right of action accrue? |
| 14207 | Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821, 825 (Minn. Ct. App. 2017) | 11 | Minnesota adheres to the rule requiring some damage to occur for a cause of action to accrue. | Minnesota adheres to the rule requiring "some damage" to occur for a cause of action to accrue. | Does any rule require some damage to occur for a cause of action to accrue? |

| | | | | |
|---|---|---|---|---|
| 14210 | Diamond v. Davis, 680 A.2d 364, 370 (D.C. 1996) | 1 | What constitutes accrual of cause of action is question of law; however, when accrual actually occurred in particular case is question of fact. | What constitutes the accrual of a cause of action is a question of law. See, e.g., Bussineau v. President of Georgetown College, 518 A.2d 423, 425 (D.C.1986). When accrual actually occurred in a particular case is a question of fact. | Does deciding what constitutes accrual of a cause of action entailing statutory construction present an issue of law? |
| 14214 | Corbin-Dykes Elec. Co. v. Burr, 18 Ariz. App. 101, 103 (Ariz. Ct. App. 1972) | 3 | "Custom" or "usage" is defined as an habitual or customary practice, more or less widespread, which prevails within a geographical or sociological area; usage is a course of conduct based on a series of actual occurrences. | Custom or usage is defined as an habitual or customary practice, more or less widespread, which prevails within a geographical or sociological area. Sam Levitz Furniture Co. V. Safeway Stores, Inc., 10 Ariz.App. 225, 457 P.2d 938 (1969). Usage is a course of conduct based upon a series of actual occurrences. | How is custom or usage defined? |
| 14217 | Lafontant v. Aristide, 844 F. Supp. 128, 132 (E.D.N.Y. 1994) | 3 | Head-of-state immunity is premised on concept that state and its ruler are one for purposes of immunity. | Head-of-state immunity, like foreign sovereign immunity, is premised on the concept that a state and its ruler are one for purposes of immunity. | Is head-of-state immunity premised on the concept that a state and its ruler are one for purposes of immunity? |
| 14218 | John Mohr & Sons v. Vacudyne Corp., 354 F. Supp. 1113, 1116 (N.D. Ill. 1973) | 9 | The Acts of Congress do not and are not intended to operate beyond the limits of the United States. | The Acts of Congress do not and were not intended to operate beyond the limits of the United States. | Are the acts of congress intended to operate beyond the limits of the United States? |
| 14223 | Gary v. Heritage Nat. Healthplan Servs., 485 N.W.2d 851, 854 (Iowa Ct. App. 1992) | 4 | District court has wide discretion in its rulings on pretrial deadlines and will be reversed only for abuse of such discretion. | The district court has wide discretion in its rulings on pretrial deadlines and will be reversed only for an abuse of such discretion. | Does District court have wide discretion in its rulings on pretrial deadlines? |
| 14224 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 10 | A motion in limine should not be used to "choke off" a party's entire claim or defense. | As several courts have noted, a motion in limine should not be used to "choke off" a party's entire claim or defense. | "Should a motion in limine be used to ""choke off"" a party's entire claim or defense?" |
| 14230 | Bozman v. Bozman, 146 Md. App. 183, 200 (Md. Ct. Spec. App. 2002) | 4 | Cause of action is said to have arisen when facts exist to support each element. | "[A] cause of action is said to have arisen 'when facts exist to support each element.'" | Is a cause of action said to have arisen when facts exist to support each element? |
| 14235 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 566 F. Supp. 1440, 1443 (S.D.N.Y. 1983) | 5 | The act of state doctrine, which is designed to avoid judicial action which impinges upon foreign relations of United States, ultimately derives from separation of powers provided in Constitution. | The act of state doctrine is designed to avoid judicial action which would impinge upon the foreign relations of the United States. IAM v. OPEC, 649 F.2d 1354, 1359 (9th Cir.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1036, 71 L.Ed.2d 319 (1982). The doctrine ultimately derives from the separation of powers provided in the Constitution. | Does the act of state doctrine ultimately derive from the separation of powers provided in the Constitution? |
| 14236 | El-Hadad v. Embassy of United Arab Emirates, 69 F. Supp. 2d 69, 81 (D.D.C. 1999) | 17 | Act of State doctrine applies only when the actions of the foreign state occur within that foreign state. | Fortunately, the Court can dispense easily with defendants' argument because the Act of State doctrine applies only when the actions of the foreign state occur within that foreign state. | Does the Act of State doctrine apply only when the actions of the foreign state occur within that foreign state? |

| 14237 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329, 352 (C.D. Cal. 1997) | 34 | It is only when officials having sovereign authority act in official capacity that act of state doctrine applies. | "It is only when officials having sovereign authority act in an official capacity that the Act of State Doctrine applies. | Is it only when officials having sovereign authority act in official capacity that the act of state doctrine applies? |
|---|---|---|---|---|---|
| 14241 | United States v. Sum of $70,990,605, 4 F. Supp. 3d 189, 204 (D.D.C. 2014) | 24 | Party invoking the act of state doctrine bears the burden to prove its applicability. | Similarly, the party invoking the act of state doctrine bears the burden to prove its applicability. | Does the party invoking the act of state doctrine have the burden of establishing factual predicate for doctrine's applicability? |
| 14242 | Lafontant v. Aristide, 844 F. Supp. 128, 132 (E.D.N.Y. 1994) | 2 | Visiting head-of-state is generally immune from jurisdiction of foreign state's courts. | A visiting head-of-state is generally immune from the jurisdiction of a foreign state's courts. | Is a visiting head-of-state generally immune from the jurisdiction of a foreign state's courts? |
| 14243 | Wells v. Gillette, 620 So. 2d 301, 305 (La. Ct. App.), writ denied, 629 So. 2d 396 (La. 1993) | 6 | Orderly disposition of each case and docket and avoidance of surprise are inherent in theory of pretrial procedure. | An orderly disposition of each case and the docket and avoidance of surprise are inherent in the theory of pretrial procedure. | Is avoidance of surprise inherent in theory of pretrial procedure? |
| 14247 | State, By & Through Healy v. Smither, 290 Or. 827, 832 (1981) | 1 | Subrogee's rights rise no higher than the rights of the subrogor, and person against whom claim is made may assert, as a defense to subrogation claim, any defenses available against the subrogor. | As such, the subrogee's rights rise no higher than the rights of the subrogor, and the person against whom claim is made may assert, as a defense to the subrogation claim, any defenses available against the subrogor. | Does a subrogee stand in the shoes of the subrogor and have no better rights than possessed by the latter? |
| 14251 | State ex rel. Smith v. Culliver, 186 Ohio App. 3d 534, 474 (2010) | 13 | The office of clerk of courts is an office separate and distinct from that of judge of the common pleas court. | The office of clerk of courts, however, is an office separate and distinct from that of judge of the common pleas court. | Is an office of clerk of courts separate and distinct from that of judge of the common pleas court? |
| 14252 | Barrett v. State, 965 So. 2d 1260, 1261 (Fla. Dist. Ct. App. 2007) | 2 | The court clerk is a ministerial officer of the court and has no authority to contest the validity of a court's order issued in the performance of its judicial function. | The clerk is merely a ministerial officer of the court and has no authority to contest the validity of a court's order issued in the performance of its judicial function. | Is a clerk of the court a ministerial officer? |
| 14267 | Weadon v. Shahen, 50 Cal. App. 2d 254, 262, 123 P.2d 88, 93 (1942) | 8 | The doctrine of "laches" is based on knowledge of facts and acquiescence in them to the damage of the other party. | The doctrine of laches is based on knowledge of the facts and an acquiescence in them to the damage of the other party. | Is the doctrine of laches based on knowledge of facts and acquiescence in them to the damage of the other party? |
| 14269 | Hood v. Slappey, 601 So. 2d 981, 983 (Ala. 1992) | 1 | Cause of action accrues when act complained of results in injury to plaintiff. | A cause of action accrues when the act complained of results in injury to the plaintiff. | Does cause of action accrue when act complained of results in injury to plaintiff? |
| 14270 | Gorod v. Tabachnick, 428 Mass. 1001, 1001 (1998) | 3 | Clerks and registers, whether elected or appointed, are ministerial officers of court when it comes to receiving and filing papers, and in the absence of an order from a judge, they may not refuse to accept a notice of appeal, even if they believe that no appeal is available or that notice is untimely or otherwise defective. | Clerks and registers, whether elected or appointed, are ministerial officers of the court when it comes to receiving and filing papers. In the absence of an order from a judge, they may not refuse to accept a notice of appeal, even if they believe that no appeal is available or that the notice is untimely or otherwise defective. | Are clerks of courts ministerial officers? |

| 14271 | Barrett v. State, 965 So. 2d 1260, 1261 (Fla. Dist. Ct. App. 2007) | 2 | The court clerk is a ministerial officer of the court and has no authority to contest the validity of a court's order issued in the performance of its judicial function. | The clerk is merely a ministerial officer of the court and has no authority to contest the validity of a court's order issued in the performance of its judicial function. | Is a clerk a ministerial officer of the court? |
|---|---|---|---|---|---|
| 14272 | Barker v. Francis, 741 P.2d 548, 552 (Utah Ct. App. 1987) | 11 | Closing date alone in contract for sale or exchange of land does not make time of the essence. | A closing date alone in a contract for the sale or exchange of land does not make time of the essence. | Does a closing date in a contract make time of the essence? |
| 14279 | Wyland v. W. Shore Sch. Dist., 52 A.3d 572, 581 (Pa. Commw. Ct. 2012) | 8 | A court generally should not interfere with a school district's discretion regarding educational policy; nonetheless, a school district does not have the discretion to disregard a statutory mandate. | We recognize that a court generally should not interfere with a school district's discretion regarding educational policy. Unionville–Chadds Ford Sch. Dist. Nonetheless, a school district does not have the discretion to disregard a statutory mandate, as the District has done here. | Can courts interfere with a school district's discretion regarding school policy? |
| 14292 | Shamrock Coal Co. v. Maricle, 5 S.W.3d 130, 134 (Ky. 1999) | 4 | The General Assembly is free to limit the application of workers' compensation benefits. | "The General Assembly clearly is free to limit the application of workers' compensation benefits...." | Is the General Assembly free to limit the application of workers compensation benefits? |
| 14293 | Gormley v. Panuzio, 166 Conn. 1, 2 (1974) | 1 | In mandamus, factual situation existing at time writ is to issue governs. | In mandamus, the factual situation existing at the time the writ is to issue governs. | "In mandamus, does the factual situation existing at the time of the writ to issue govern?" |
| 14294 | Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974) | 4 | Preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries burden of persuasion. | In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. | When should the extraordinary remedy of injunction be granted? |
| 14296 | Perona v. Stark, 114 Ariz. 570, 571 (1977) | 2 | Judgment must be supported by facts as they existed at time of commencement of action. | A judgment must be supported by facts as they existed at the time of the commencement of the action. | Must a judgment be supported by facts as they existed at the time of the commencement of an action? |
| 14297 | Parr v. First State Bank of San Diego, 307 S.W.2d 309, 310 (Tex. Civ. App. 1957) | 2 | Courts do not decide cases when nothing is left to litigate at the time of hearing. | Courts do not decide cases when nothing is left to litigate at the time of the hearing. | Do courts decide cases when nothing is left to litigate at the time of hearing? |
| 14298 | Hammon v. Wichita Cty., 290 S.W.2d 545, 546 (Tex. App. 1956) | 5 | Generally right to equitable relief must be determined as such right may or may not exist at the time of the hearing. | Generally, the right to equitable relief must be determined as such right may or may not exist at the time of the hearing. | Will the right to equitable relief exist at the time of hearing? |
| 14300 | Coleman v. Coleman, 208 S.C. 103, 108, 37 S.E.2d 305, 313–14 (1946) | 12 | At common law an equitable defense could not be interposed to an action at law, and judgment was given as a matter of course against a defendant having only an equitable defense. | Under the common law an equitable defense could not be interposed to an action at law, and if the defendant had only an equitable defense, **314 judgment was given against him as a matter of course. | Are equitable defenses available to a law action? |
| 14301 | Mastrobuono v. Lange, 241 A.D. 770, 770, 270 N.Y.S. 564, 565–66 (App. Div. 1934) | 4 | Equity will give relief as exigencies of case demand as at close of trial. | Equity will **566 give relief as the exigencies of the case demand at the close of the trial. | Will equity give relief as the exigencies of the case demand at the close of trial? |

| 14302 | Citizens' Nat. Bank of Netcong v. John Wills, 130 N.J.L. 201, 205 (N.J. 1943) | 3 | In actions at law, the rights of the parties are generally determined as of the time of beginning of the action. | 1389-'As a general rule, at least so far as actions at law are concerned, * * * the rights of the parties are determined as of the time of the beginning of the action. | "In actions at law, are the rights of the parties generally determined as of the time of beginning of the action?" |
|---|---|---|---|---|---|
| 14306 | State ex rel. Douglas v. Faith Baptist Church of Louisville, 207 Neb. 802, 814 (1981) | 8 | State always has a legitimate concern for maintaining minimum standards in all schools it allows to operate. | 2105, 29 L.Ed.2d 745 (1971), the court said: "A State always has a legitimate concern for maintaining minimum standards in all schools it allows to operate.") Mr. | Does a state have a legitimate concern in requiring minimum standards in all of its schools? |
| 14312 | Lopez v. Concord Gen. Mut. Ins. Grp., 155 Vt. 320, 324 (Vt. 1990) | 3 | Waiver of subrogation right will be found only where subrogated party has specifically and unequivocally relinquished that right. | We conclude that a waiver of a subrogation right will be found only where the subrogated party has specifically and unequivocally relinquished that right. | Will a waiver of subrogation right be found only where subrogated party has specifically and unequivocally relinquished that right? |
| 14315 | Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co., 290 F. Supp. 664, 668 (D. Mass. 1968) | 5 | Express language should be used to extinguish a right as venerable and well-known as that of subrogation. | At any rate, it seems that express language could and should be used to extinguish a right as venerable and well-known as that of subrogation. | Should express language be used to extinguish a right as venerable and well-known as that of subrogation? |
| 14320 | Goldblatt v. City of Chicago, 30 Ill. App. 2d 211, 219 (1961) | 5 | A case is determined on law as it stands when judgment is rendered and not when suit was brought. | Consequently, the Circuit Court's judgment of March 31, 1960, was proper as a case is determined on the law as it stands when the judgment is rendered and not when the suit was brought. | Is a case determined by the law as it stands when judgment is rendered and not when the suit was brought? |
| 14321 | Poole v. Rourke, 779 F. Supp. 1546, 1565 (E.D. Cal. 1991) | 26 | Department of Defense regulations control when they conflict with regulations promulgated by Air Force. | Department of Defense regulations control when they conflict with regulations promulgated by the Air Force. | Do Department of Defense regulations control when they conflict with regulations promulgated by the Air Force? |
| 14327 | Winchester Homes, Inc. v. Osmose Wood Preserving, Inc., 37 F.3d 1053, 1058 (4th Cir. 1994 | 4 | Under Virginia law, party may nonsuit either cause of action, claim, or party, and nonsuit does not operate as bar to subsequent suit between same parties on same cause of action. | Therefore, a party may nonsuit either a cause of action, a claim, or a party, and the nonsuit … does not operate as a bar to a subsequent suit between the same parties on the same cause of action. | "Can a party nonsuit a cause of action, a claim, or a party?" |
| 14330 | Stanford v. Aulick, 124 Ariz. 487, 488 (1980) | 1 | A surety is entitled to be subrogated to position of mortgagee when he is compelled to pay debt. | A surety is entitled to be subrogated to the position of the mortgagee when he is compelled to pay the debt. | Is a surety entitled to be subrogated to the position of a mortgagee when he is compelled to pay debt? |
| 14331 | In re Rebel Rents, 307 B.R. 171, 190 (C.D. Cal. 2004) | 21 | Like other equitable remedies, right to subrogation may be lost by waiver, laches, or estoppel. | Like other equitable remedies, a right to subrogation may be lost by waiver, laches, or estoppel. | "Can a right to subrogation be lost by waiver, laches, or estoppel?" |
| 14336 | Minnesota Min. & Mfg. Co. v. Plymouth Rubber Co., 178 F. Supp. 591, 596 (N.D. Ill. 1959) | 6 | The existence of a cause of action is to be tested as of time of filing of complaint and no recovery may be had if no cause be shown to exist at that time. | The law is well settled that the existence of a cause of action is to be tested as of the time of the filing of the complaint and no recovery may be had if no cause be shown to exist at that time | Is a cause of action to be tested as of the time of filing of a complaint? |

| 14337 | Jewett v. Commonwealth Bond Corp., 241 A.D. 131, 134, 271 N.Y.S. 522, 526 (App. Div. 1934) | 5 | Court of equity will determine measure of relief from situation adduced at trial. | A court of equity will determine the measure of relief from the situation adduced at the trial. | Will a court of equity determine the measure of relief from the situation adduced at trial? |
|---|---|---|---|---|---|
| 14338 | Int'l Talent Grp. v. Copyright Mgmt., 629 F. Supp. 587, 592 (S.D.N.Y. 1986) | 6 | Arbitration clause covering claims "relating to" contract is broader than cause covering claims "arising out of" contract. | An arbitration clause covering claims "relating to" a contract is broader than a clause covering claims "arising out of" a contract. | Is an arbitration clause covering claims relating to a contract broader than a clause covering claims arising out of a contract? |
| 14339 | Summit Bank v. The Creative Cook, 730 S.W.2d 343, 347 (Tex. App. 1987) | 4 | Agreement to extend time of payment of a negotiable instrument or execution of a renewal note constitutes a new contract between the parties. | An agreement to extend the time of payment of a negotiable instrument constitutes a new contract between the parties. Priest v. First Mortgage Co. of Texas, Inc., 659 S.W.2d 869 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.). The execution of a renewal note is generally treated as a new contract, evidencing the existing debt. Id. at 871; | Does the renewal of a note require execution of a new contract? |
| 14340 | In re Cmty. Sch. Dist. of Malvern, Mills Cnty., 250 Iowa 1240, 1244, 98 N.W.2d 737, 739 (1959) | 1 | Establishment and reorganization of school districts is within the scope of the legislative power. | 'Matters that have been held within the scope of the legislative power, as distinguished from the powers of the judicial and executive departments are * * * the establishment and reorganization of school districts, * * *.' | Is establishment and reorganization of school districts within the scope of the legislative power? |
| 14342 | McCollum v. McCollum, 67 S.W.2d 1055, 1056 (Tex. Civ. App. 1934) | 4 | Where dissolution of partnership constitutes breach of contract, there may be suit for damages, but power to dissolve partnership cannot be denied. | The right to dissolve may not exist but the power to dissolve always exists. If the dissolution constitutes a breach of contract, there may be a suit for damages for the breach, but the power to dissolve nevertheless exists. | "If the dissolution of a partnership constitutes a breach of contract, can there be a suit for damages for the breach?" |
| 14343 | Williams v. Obstfeld, 314 F.3d 1270, 1275 (11th Cir. 2002) | 2 | Under Florida law, a joint venture is a form of partnership, and both types of entities are generally governed by the same rules of law. | Under Florida law, a joint venture is a form of partnership, and both types of entities are generally governed by the same rules of law. | Are joint ventures and partnerships governed by the same law? |
| 14348 | State Roads Comm'n of Md. v. Smith, 224 Md. 537, 540 (1961) | 3 | A reservation of points or questions for consideration by court in banc is substitute for appeal to Court of Appeals. | The appellee states, and we agree, that a reservation of points or questions for consideration by the Court in banc is a substitute for an appeal to the Court of Appeals. | Is a reservation of points or questions for consideration by a court in banc a substitute for appeal to the Court of Appeals? |

| 14353 | In re Mason's Est., 194 Misc. 308, 310, 86 N.Y.S.2d 232, 233 (Sur. 1948) | 1 | A check is a mere order for payment of money and authority of payee as agent of maker is revoked by death of maker prior to time check is cashed. | A check is a mere order for the payment of money. The authority of the payee as agent of the maker is revoked by the death of the maker prior to the time the check is cashed, Glennan v. Rochester Trust & Safe Deposit Co., 209 N.Y. 12, 102 N.E. 537, 52 L.R.A.,N.S., 302, Ann.Cas.1915A, 441; Curry v. Powers, 70 N.Y. 212, 26 Am.Rep. 577; Harris v. Clark, 3 N.Y. 93, 51 Am.Dec. 352; Matter of Mead, 90 Misc. 263, 154 N.Y.S. 667, affirmed 173 App.Div. 982, 159 N.Y.S. 1128, affirmed 221 N.Y. 645, 117 N.E. 1076. | Can a holder present his claim against the maker's estate after the maker's death? |
| 14355 | People v. McDonald, 4 Ill. App. 3d 62, 64 (1972) | 2 | Gist of offense of burglary is not amount involved but is unlawful entry of premises of another with intent to commit a felony or a theft within. | The gist of the offense of burglary is not the amount involved but is the unlawful entry of the premises of another with intent to commit a felony or theft within. | What is the gist of burglary? |
| 14361 | DuBray v. Warner Bros. Recs., 236 A.D.2d 312, 314, 653 N.Y.S.2d 592, 594 (1997) | 2 | Motion for discontinuance should not be used to circumvent order of court or to enable plaintiffs to do indirectly what they are not permitted to do directly. | It is also true, however, that a motion for discontinuance should not be used to circumvent an order of the court (Schultz v. Kobus, 15 A.D.2d 382, 384, 224 N.Y.S.2d 372), or to enable plaintiffs to "do indirectly what they are not permitted to do directly" (Katz v. Austin, 271 App.Div. 217, 218, 62 N.Y.S.2d 912, lv denied 271 App.Div. 773, 64 N.Y.S.2d 926; but see, De Laurentis v. Bercowitz, 27 A.D.2d 869, 277 N.Y.S.2d 728). | Can a party be permitted to discontinue an action for the purpose of circumventing an order of the court? |
| 14362 | State ex rel. Butte-Los Angeles Mining Co. v. Dist. Court of Second Judicial Dist., 103 Mont. 140, 144 (1936) | 2 | Plaintiff has no absolute right at all times under all circumstances to discontinue, dismiss, or take a nonsuit. | In section 5, page 1148, volume 18, it is said: "Plaintiff had no absolute right at all times and under all circumstances to discontinue, dismiss, or take a nonsuit, but such right is often dependent upon the effect it has on the rights of defendant, or upon the application being made at the proper time. | "Do a plaintiff has an absolute right to discontinue, dismiss, or take a nonsuit?" |
| 14363 | Cape Oil Co. v. Williams, 427 S.W.2d 122, 126 (Tex. Civ. App. 1968) | 11 | Defendant cannot force plaintiff to prosecute its cause of action or continue its litigation. | The defendant cannot force a plaintiff to prosecute his cause of action or continue his litigation. | Can a defendant force a plaintiff to prosecute its cause of action or continue its litigation? |

| | | | | | |
|---|---|---|---|---|---|
| 14377 | Hasenauer v. Durbin, 216 Neb. 714, 719 (1984) | 1 | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | What is the purpose of a pretrial conference? |
| 14380 | Johnson v. Toscano, 144 Conn. 582, 587 (Conn. 1957) | 4 | In action for personal injuries, the preparation for pretrial should include an up-to-date medical appraisal of the plaintiff's injuries and extent of his recovery. | The preparation for pretrial should include an up-to-date medical appraisal of the plaintiff's injuries and the extent of his recovery. | What should be included in the preparation for pretrial in an action for personal injuries? |
| 14381 | Phillips v. Monroe Auto Equip. Co., 251 Neb. 585, 587 (1997) | 13 | Substantive sanctions regarding discovery and other pretrial procedural matters are designed to prevent party who has failed to comply with discovery from profiting by such misconduct. | Substantive sanctions regarding discovery and other pretrial procedural matters are designed to prevent a party who has failed to comply with discovery from profiting by such misconduct. | What are discovery and pretrial procedure designed to eliminate? |
| 14382 | King v. Zimmerman, 266 Mont. 54, 66 (1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | What is the purpose of pre-trial orders and how does it help counsels? |
| 14384 | Gregory v. Electro-Mech. Corp., 83 F.3d 382, 384 (11th Cir. 1996) | 2 | Tort claims and claims other than breach of contract are not automatically excluded from contractual arbitration clause. | The law is clear that tort claims and claims other than breach of contract are not automatically excluded from a contractual arbitration clause. | Are tort and other non-contract claims automatically excluded from contractual arbitration clauses? |
| 14385 | Clark v. United States, 322 F.3d 1358, 1367 (Fed. Cir. 2003) | 12 | When National Guard members are not activated into federal service, they are not treated as federal employees. | Case law thus establishes that when National Guard members are not activated into federal service, they are not treated as federal employees. | "When National Guard members are not activated into federal service, can they be treated as federal employees?" |
| 14395 | Peaslee v. Michalski, 167 So. 2d 242, 244 (Fla. Dist. Ct. App. 1964) | 5 | A "voluntary nonsuit" is one ordered against a party-plaintiff who has affirmatively sought it; an "involuntary nonsuit" is one ordered against a defaulting plaintiff who has not affirmatively sought it. | A voluntary nonsuit is one ordered against a party-plaintiff who has affirmatively sought it; and an involuntary nonsuit is one which is ordered against a defaulting party-plaintiff who has not affirmatively sought it. | "Is a ""voluntary nonsuit"" one ordered against a party-plaintiff who has affirmatively sought it?" |
| 14397 | Taylor v. S & M Lamp Co., 12 Cal. Rptr. 323, 707 (Cal. Ct. App. 1961) | 10 | If sufficiency of pleading is raised at pretrial conference, it should be resolved before pretrial order is signed and case set for trial. | If, as in this case, the question of the sufficiency of a pleading is raised at a pre-trial conference it should be resolved before the pre-trial order is signed and the case set for trial. | "When should sufficiency of pleading, raised at pretrial conference be resolved?" |
| 14398 | Makuakane v. Tanigawa, 50 Haw. 493, 495 (Haw. 1968) | 7 | Parties and attorneys cannot be held bound by provisions of an unsigned pre-trial order. | Otherwise, a pre-trial conference will be meaningless because parties and attorneys cannot be held bound by the provisions of an unsigned pre-trial order. | Can parties and attorneys be held bound by provisions of an unsigned pre-trial order? |

| 14404 | In Interest of Hill, 102 Ill. App. 3d 387, 392 (1981) | 5 | Motion for continuance is insufficient where there is no showing that absence of witness would jeopardize case. | A motion for continuance is insufficient where there is no showing that the absence of a witness would jeopardize the case. | Is a motion for continuance insufficient where there is no showing that absence of witness would jeopardize case? |
| 14406 | Michigan Employment Sec. Comm'n v. Patt, 4 Mich. App. 228, 233 (Mich. Ct. App. 1966) | 3 | Essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | 68: '* * * the essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority'.' | Is tax a voluntary payment or donation? |
| 14407 | Grace v. St. Louis Cty., No. ED94746, 2011 WL 1660653, *6 (Mo. App. 2011) | 8 | "Taxes" are proportional contributions imposed by the state upon individuals for the support of government and for all public needs; taxes are not payments for a special privilege or a special service rendered. | Taxes are "proportional contributions imposed by the state upon individuals for the support of government and for all public needs." "Taxes are not payments for a special privilege or a special service rendered." | Are taxes proportional contributions imposed by the state? |
| 14410 | Pifer v. Laird, 328 F. Supp. 649, 651 (N.D. Cal. 1971) | 1 | Army is entitled to first crack at interpreting its own regulations and to great deal of deference in interpretations it reaches. | Additionally, the army is entitled to a first crack at interpreting its own regulations and to a great deal of deference in the interpretations it reaches. | Is the army entitled to a first crack at interpreting its own regulations? |
| 14412 | Aguilar Mortega v. Dep't of Def., 520 F. Supp. 2d 1, 5 (D.D.C. 2007) | 4 | Military courts are independent of the federal courts, and are analogized to state court systems when individuals punished by court-martial seek redress in federal courts. | Military courts are independent of the federal courts, and are "analogized [ ] to state court systems when individuals punished by court-martial seek redress in federal courts." | Are military courts independent of federal courts? |
| 14421 | B. C. Richter Contracting Co. v. Cont'l Cas. Co., 230 Cal. App. 2d 491, 502, 41 Cal. Rptr. 98, 105 (Ct. App. 1964) | 15 | Pretrial orders fixed actual issues and superseded inconsistent pleadings. Cal. Rules of Court, rule 216. | The pretrial orders, of course, fixed the actual issues and superseded inconsistent pleadings. (Rule 216, California Rules of Court Rule 216, California Rules of Court; see Witkin, Cal.Procedure, 1963 Supp., pp. 535–536.) | Can pretrial orders fix actual issues and supersede inconsistent pleadings? |
| 14430 | City of Hot Springs By & Through Starr v. Vapors Theatre Rest., 298 Ark. 444, 447 (Ark. 1989) | 4 | Any doubt regarding imposition of tax should be resolved in favor of taxpayer and against taxing authority. | Even if there were any doubt in the language of the statute, we would resolve it against the City because any doubt regarding the imposition of a tax should be resolved in favor of the taxpayer and against the taxing authority. | Should any doubt regarding imposition of tax be resolved in favor of a taxpayer and against the taxing authority? |
| 14431 | Centerre Bank of Crane v. Dir. of Revenue, 744 S.W.2d 754, 758 (Mo. 1988) | 3 | It is manner of operation which determines nature of tax, not sanctions imposed for failure to pay it. | It is the manner of operation which determines the nature of a tax, not the sanctions imposed for failure to pay it. | Do sanctions imposed for failure to pay the tax determine the nature of a tax? |
| 14440 | Allen v. Devon Energy Holdings, 367 S.W.3d 355, 391 (Tex. App. 2012) | 45 | A general partner in a limited partnership owes a fiduciary duty to the limited partners because of its control over the entity. | Similarly, a general partner in a limited partnership owes a fiduciary duty to the limited partners because of its control over the entity. | Does a general partner in a limited partnership owe a fiduciary duty to a limited partner? |

| | | | | | |
|---|---|---|---|---|---|
| 14442 | Rogers v. Rausa, 871 So. 2d 748, 752 (Miss. Ct. App. 2003) | 4 | If a claim or issue is omitted from the pretrial order, it is waived, even if it appeared in the complaint. | "If a claim or issue is omitted from the [pre-trial] order, it is waived, even if it appeared in the complaint." | Is it a waiver if a claim or issue is omitted from the pretrial order even if it appeared in the complaint? |
| 14452 | Sec. Pac. Hous. Servs. v. Friddle, 315 Ark. 178, 182 (1993) | 1 | Dismissal with prejudice is as conclusive of rights of parties as if there were adverse judgment after trial. | It is a well-settled rule of law that a dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. | Is dismissal with prejudice as conclusive of rights of parties as if there were an adverse judgment after the trial? |
| 14458 | Case Poythress v. J. P. Stevens & Co., 54 N.C. App. 376, 385 (N.C. Ct. App. 1981) | 8 | Workers' Compensation Act has never been construed to guarantee recovery; it merely affords right to claim for recovery. | However, the Workers' Compensation Act has never been construed to guarantee recovery. It merely affords the right to a claim for recovery. | Does the Workers' Compensation Act guarantee recovery? |
| 14466 | State v. Burch, 740 S.W.2d 293, 295  (Mo. Ct. App. 1987) | 2 | It is generally permissible and sufficient for indictment to charge offense in language of statute, provided statute sets forth all constituent elements of offense. | Additionally, it is generally permissible and sufficient for an indictment to charge the offense in the language of the statute, provided the statute sets forth all the constituent elements of the offense. | Does an indictment require all elements of the offense alleged? |
| 14467 | Bd. of Ed. of Union Free Sch. Dist. No. 3 of Town of Oyster Bay, Nassau Cnty. v. Allen, 6 A.D.2d 316, 319, 177 N.Y.S.2d 169, 172 (1958) | 1 | Taxation is to support the public welfare, as that may from time to time and from place to place be conceived. | The theory of taxation is that it supports the public welfare, as that may from time to time and from place to place, be conceived to be. | "Is the theory of taxation, as that may from time to time and from place to place be conceived, to support public welfare? " |
| 14469 | In re Dunneback's Estate, 302 Mich. 73, 77 (Mich. 1942) | 7 | A renewal note does not operate as "payment" of the original debt in absence of a novation or express agreement of the parties. | A renewal note does not operate as payment of the original debt in the absence of a novation or express agreement of the *78  parties. | Does the renewal of an original note operate as payment? |
| 14473 | Comm'r of Transp. v. Shea, 47 Conn. Supp. 418, 441 (Conn. Super. Ct. 2002) | 6 | The right of freehold is not touched by establishing a highway; it continues in original owner of land in the same manner as before highway was established, subject to easement. | The right of freehold is not touched by establishing a highway. It continues in the original owner of the land in the same manner as before the highway was established, subject to the easement. | What happens to the right of freehold on establishment of a highway? |
| 14484 | WHYY, Inc. v. Borough of Glassboro, 50 N.J. 6, 11, 231 A.2d 608, 611 (1967), rev'd, 393 U.S. 117, 89 S. Ct. 286, 21 L. Ed. 2d 242 (1968) | 2 | As existence of government is necessity, taxes are demanded and received in order for government to function. | As the existence of government is a necessity, taxes are demanded and received in order for government to function. | "Are taxes demanded and received in order for the government to function, as the existence of government is a necessity?" |
| 14486 | Menz v. Coyle, 117 N.W.2d 290, 297 (N.D. 1962) | 7 | A "tax" is an enforced contribution for public purposes which is in no way dependent upon will or consent of person taxed. | A 'tax' is an enforced contribution for public purposes which is in no way dependent upon the will or consent of the person taxed. | Is a tax in any way dependent upon will or consent of person taxed? |
| 14487 | Seeth v. Joseph, 276 A.D. 188, 191, 93 N.Y.S.2d 591, 594 (App. Div. 1949) | 2 | The matter of revenue taxation has no relation to the subject of regulation or police power. | The matter of revenue taxation has no relation to the subject of regulation or police power. | Does the matter of revenue taxation have any relation to the subject of regulation or police power? |

| 14495 | Autry v. Bryan, 224 Va. 451, 452 (Va. 1982) | 4 | Client is not to be rewarded with continuance when there is unexplained, unexcused nonappearance by his attorney of record. | Under these circumstances, a client is not to be rewarded with a continuance when there is an unexplained, unexcused nonappearance by his attorney of record. | "Should a client be rewarded with continuance when there is unexplained, unexcused nonappearance by his attorney of record?" |
|---|---|---|---|---|---|
| 14501 | Bradford Motor Cars v. Frem, 511 So. 2d 1120, 1121 (Fla. Dist. Ct. App. 1987) | 3 | Plaintiff cannot liquidate damages merely by serving a request for admissions which is not answered. | A plaintiff cannot liquidate damages merely by serving a request for admissions which is not answered. | Can a plaintiff liquidate damages merely by serving a request for admissions which is not answered? |
| 14511 | Manuel v. Red Hill Cmty. Unit Sch. Dist. No. 10 Bd. of Educ., 324 Ill. App. 3d 279, 290, 754 N.E.2d 448, 458–59 (2001) | 20 | A statement of a defendant's knowledge is an allegation of ultimate fact and not a conclusion, and plaintiff need not plead the evidentiary facts that he will use to prove the defendant's knowledge. | A statement of a defendant's knowledge is an allegation of ultimate fact and not a conclusion. **459 ***801 Oravek v. Community School District 146, 264 Ill.App.3d 895, 900, 202 Ill.Dec. 15, 637 N.E.2d 554, 558 (1994); Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill. 106, 115, 45 N.E.2d 20, 25 (1942); see Bowers v. Du Page County Regional Board of School Trustees District No. 4, 183 Ill.App.3d 367, 370, 380, 131 Ill.Dec. 893, 539 N.E.2d 246, 248, 255 (1989) (allegation that school district "knew or should have known" a rope ladder was dangerous was sufficient); Cory Corp. v. Hunter–Built Inc. of Chicago, 91 Ill.App.2d 303, 303, 234 N.E.2d 547, 547 (1968) (averment that the defendant knew of a change of ownership of a company was not conclusion of law but a statement of fact). A plaintiff need not plead the evidentiary facts that he will use to prove the defendant's knowledge. | Should a plaintiff plead evidentiary facts to prove defendants' knowledge? |
| 14518 | In re Jacobs, 300 S.W.3d 35, 40 (Tex. App. 2009) | 7 | A defendant's net worth is relevant in a suit involving exemplary damages; therefore, in cases where such damages may be awarded, parties may discover and offer evidence of a defendant's net worth. | A defendant's net worth is relevant in a suit involving exemplary damages. Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex.1988) (orig. proceeding), overruled on other grounds, Walker, 827 S.W.2d at 842; Miller v. O'Neill, 775 S.W.2d 56, 58 (Tex.App.-Houston [1st Dist.] 1989, orig. proceeding). Therefore, in cases where punitive or exemplary damages may be awarded, parties may discover and offer evidence of a defendant's net worth. | Is a defendant's net worth relevant in a suit involving exemplary damages? |

| 14521 | Am. Soc. of Mech. Engineers v. Hydrolevel Corp., 456 U.S. 556, 557 (1982) | 1 | Under general rules of agency law, principals are liable when their agents act with apparent authority and commit torts. | (a) Under general rules of agency law, principals are liable when their agents act with apparent authority and commit torts analogous to the antitrust violation presented here. | Is principal liable for the acts of an agent? |
|---|---|---|---|---|---|
| 14522 | In re Carnahan, 160 N.H. 73, 78 (N.H. 2010) | 10 | The rights and remedies provided by the workers' compensation law are purely statutory. | The rights and remedies provided by the workers' compensation law are "purely statutory." | Are the rights and remedies provided by the workers compensation laws purely statutory? |
| 14531 | Black v. Sutton, 299 Ky. 836, 839 (Ky. Ct. App. 1945) | 5 | The pleader must state facts from which legal conclusions may be drawn and declared by the courts. | It is the duty of the pleader to state facts from which legal conclusions may be drawn and declared by the courts. | Should the pleader state facts from which legal conclusions may be drawn? |
| 14544 | Gianforte v. Crucible Steel Co. of Am., 25 N.J. Super. 183, 186 (1953) | 1 | Rights of parties in a workmen's compensation case are determined as of date of award. | Preliminarily, let us note that the rights of the respective parties in a workmen's compensation case, as consistently interpreted by our courts, are determined as of the *187 date of the award. | Are the rights of parties in a workmens compensation case determined as of the date of the award? |
| 14545 | United States v. Gillette, 420 F.2d 298, 299 (2d Cir. 1970) | 1 | Exercise of power to conscript and train men does not depend on contemporaneous existence of a war and may be exercised in time of peace. | The exercise of this power to conscript and train men does not depend on the contemporaneous existence of a war. It may be exercised in time of peace. | Does the exercise of power to conscript depend on the contemporaneous existence of a war? |
| 14556 | Rosen v. McCobb, 192 So. 3d 576, 578 (Fla. Dist. Ct. App. 2016) | 3 | Party has right to discover financial information when related to issues in the case. | Florida also recognizes a party's right to discover financial information when related to issues in the case. | Does a party have a right to discover financial information when related to issues in the case? |
| 14559 | Stony Brook I Homeowners Ass'n v. Superior Ct., 84 Cal. App. 4th 691, 699, 101 Cal. Rptr. 2d 67, 71 (2000) | 1 | Litigant's right to evidence of an expert's potential bias is not unfettered or unconditional. | First, a litigant's right to evidence of an expert's potential bias is not unfettered or unconditional. | Is a litigant's right to evidence of an expert's potential bias not unfettered or unconditional? |
| 14567 | Ex Parte LKQ Birmingham, 159 So. 3d 766, 773 (Ala. Civ. App. 2014) | 2 | An action brought under the workers' compensation laws is purely statutory in nature. | We recognize *773 that an action brought under the workers' compensation laws is purely statutory in nature. | Is an action brought under the workers compensation laws purely statutory in nature? |
| 14572 | Life Care Centers of America v. Charles Town Associates Ltd. Partnership, 79 F.3d 496, 503 (6th Cir. 1996) | 5 | Operations of business of limited partnership are left to general partner, who, unlike limited partners, is personally liable for operation of partnership. | The operations of the business of the limited partnership are left to the general partner, who, unlike the limited partners, is personally liable for the operation of the partnership. | Is the basic premise of a limited partnership that the general partners are personally liable for partnership obligations and limited partners are not? |
| 14573 | Seibert v. Sears, Roebuck & Co., 45 Cal. App. 3d 1, 14, 120 Cal. Rptr. 233, 244 (Ct. App. 1975) | 3 | Pretrial conference order controls subsequent course of an action even where it is inconsistent with pleadings therein. | In any event, a pretrial conference order controls the subsequent course of an action even where it is inconsistent with the pleadings therein (4 Witkin, Procedure (op. cit. supra) Trial, s 66, pp. 2902—2903), and the present record clearly indicates that the liability phase of the consolidated actions was tried upon the theory that a declaratory judgment would result. | Does a pretrial order control where it is inconsistent with the pleadings? |

| | | | | | |
|---|---|---|---|---|---|
| 14576 | Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367, 367 (Miss. 1929) | 3 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Nonnegotiable instruments which partake of the nature of commercial paper are assignable by indorsement and delivery. | Are non-negotiable instruments which partake the nature of commercial paper assignable by endorsement and delivery? |
| 14583 | In re Jolly N, 122 B.R. 897, 903 (D.N.J. 1991) | 4 | Under New Jersey Uniform Commercial Code, check does not operate as assignment of funds until accepted by drawee bank. N.J.S.A. 12A:3-409(1). | Under New Jersey's version of the Uniform Commercial Code, a check does not operate as an assignment of funds until accepted by the drawee bank. N.J.S.A. 12A:3-409(1). | When is a check operated as an assignment of funds? |
| 14584 | Discher v. Klapp, 124 Ind. App. 563, 572 (Ind. Ct. App. 1954) | 7 | Vacation of highways is not generally favored, and public rights therein must be divested by some manner as provided by law. | Vacation of highways are not generally favored, and the public rights therein must be divested by some manner as provided by law. | Is vacation of highways generally favored? |
| 14588 | In re Advisory Opinion to the Governor, 98 Fla. 843, 846 (1929) | 2 | Pensions lawfully allowed by Legislature may be deemed legitimate state expenses. F.S.A.Const. art. 9, S 2. | Syllabus by the Court Pensions lawfully allowed by Legislature may be deemed legitimate state expense (Const. art. 9,  2). | Can pensions that are lawfully allowed by Legislature be deemed a legitimate state expenses? |
| 14594 | In re Bloom Bus. Jets, 522 S.W.3d 764, 768 (Tex. App. 2017) | 13 | The party opposing enforcement of the forum-selection clause has a heavy burden of proof; if it does not carry it, the trial court must enforce the clause by dismissing the suit. | The party opposing enforcement of the forum-selection clause has a heavy burden of proof in this regard. If it does not carry it, the trial court must enforce the clause by dismissing the suit. | Does a party opposing enforcement of forum-selection clause have a heavy burden of proof? |
| 14598 | Beam ex rel. Martha Stewart Living Omnimedia v. Stewart, 845 A.2d 1040, 1056 (Del. 2004) | 26 | In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility. | [26]  In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility. 49 | Are derivative plaintiffs entitled to discovery to demonstrate demand futility? |
| 14599 | In re Bloom Bus. Jets, 522 S.W.3d 764, 768 (Tex. App. 2017) | 13 | The party opposing enforcement of the forum-selection clause has a heavy burden of proof; if it does not carry it, the trial court must enforce the clause by dismissing the suit. | The party opposing enforcement of the forum-selection clause has a heavy burden of proof in this regard. If it does not carry it, the trial court must enforce the clause by dismissing the suit. | Does the party opposing enforcement of the forum-selection clause have a heavy burden of proof? |
| 14600 | Allstate New Jersey Ins. Co. v. Cherry Hill Pain & Rehab Inst., 389 N.J. Super. 130, 136 (App. Div. 2006) | 2 | Lack of standing may be raised as a failure to state a cause of action. R. 4:6-2(e). | Lack of standing may be raised as a failure to state a cause of action under R. 4:6-2(e). | Can lack of standing be raised as a failure to state a cause of action? |
| 14603 | Chestnut Sec. Co. v. Oklahoma Tax Comm'n, 125 F.2d 571, 574 (10th Cir. 1942) | 2 | The constitutional power of a state to tax is limited only by its jurisdiction over the objects of its asserted power. | The constitutional power of the state to tax is limited only by its jurisdiction over the objects of its asserted power. | Is the constitutional power of a state to tax limited only by its jurisdiction over the objects of its asserted power? |
| 14604 | Hennigan v. Atl. Ref. Co., 282 F. Supp. 667, 679 (E.D. Pa. 1967) | 9 | Actions for trespass to land are primarily to redress invasions of the right to exclusive use and possession thereof. | However, in keeping with the basic principle that actions for trespass to land are primarily to redress invasions of the right to exclusive use and possession thereof, | What does an action for trespass to land primarily redress? |

| 14610 | Ex parte Weissinger, 247 Ala. 113, 117 (Ala. 1945) | 8 | A person's "domicile" is that place in which his habitation is fixed without any present intention of removing, and it embraces the fact of residence and the intention to remain. | To summarize: A person's domicile is that place in which his habitation is fixed, without any present intention of removing, and it embraces (1) the fact of residence and (2) the intention to remain. | What does a person's domicile embrace? |
|---|---|---|---|---|---|
| 14612 | Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) | 18 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Owning property in a forum does not alone establish domicile. "One may have more than one residence in different parts of this country or the world, but a person may have only one domicile." | Can a person have more than one residence in different parts of country or world? |
| 14617 | Mud Control Labs. v. Covey, 2 Utah 2d 85, 92 (1954) | 9 | An agreement to share losses is not a condition precedent to existence of a mining partnership. | Brossard 13  wherein we held that an agreement to share losses is not a condition precedent to the existence of a mining partnership. | Is an agreement to share losses a condition precedent to the existence of a mining partnership? |
| 14618 | Lazarus v. Manufacturers Cas. Ins. Co., 267 F.2d 634, 637 (D.C. Cir. 1959) | 3 | Within broad limits, partnership may choose any name it wishes, even that of an individual partner. | The specific naming of Arthur Rubinstein in the policy declaration does not require the opposite inference, because within broad limits, a partnership may choose any name it wishes, even that of an individual partner. | Can a partnership choose the name of an individual partner as the firm name? |
| 14620 | Dunham v. Roer, 708 N.W.2d 552, 573 (Minn. Ct. App. 2006) | 51 | There is a presumption in favor of granting continuances to allow sufficient time for discovery. | There is a "presumption in favor of granting continuances to allow sufficient time for discovery." | Is there a presumption in favor of granting continuances to allow sufficient time for discovery? |
| 14633 | Oregon Waste Systems v. Department. of Environmental Quality of State of Or., 511 U.S. 93, 108 (1994) | 16 | States have broad discretion to configure their systems of taxation as they deem appropriate. | We recognize that the States have broad discretion to configure their systems of **1355  taxation as they deem appropriate. | Do states have broad discretion to configure their systems of taxation as they deem appropriate? |
| 14639 | Grandt v. Douglas Cty., 14 Neb. App. 219, 225 (Neb. App. 2005) | 8 | The right to and amount of recovery in workers' compensation proceedings are purely statutory. | While this purpose is similar to the purpose of recompense for future loss of earning capacity in a tort action, the right to and amount of recovery in workers' compensation proceedings are purely statutory. | Is the right to and amount of recovery in workers compensation proceedings purely statutory? |
| 14640 | In re Gagnon, 147 N.H. 366, 367 (2001) | 2 | The rights and remedies provided by the Workers' Compensation Law are purely statutory. | "It is well-settled that the rights and remedies provided by the Workers' Compensation Law are purely statutory." | Is it a settled position that the rights and remedies provided by the Workers' Compensation Law are purely statutory? |

| | | | | | |
|---|---|---|---|---|---|
| 14643 | United States v. Sun-Diamond Growers of California, 526 U.S. 398, 405 (1999) | 1 | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | In other words, for bribery there must be a quid pro quo—a specific intent to give or receive something of value in exchange for an official *405 act. An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken. | Is specific intent required for a bribery offense? |
| 14657 | Chestnut Sec. Co. v. Oklahoma Tax Comm'n, 125 F.2d 571, 574 (10th Cir. 1942) | 2 | The constitutional power of a state to tax is limited only by its jurisdiction over the objects of its asserted power. | The constitutional power of the state to tax is limited only by its jurisdiction over the objects of its asserted power. | Is constitutional power of a state to tax limited by its jurisdiction over objects of its asserted power? |
| 14658 | High Tide Seafoods v. State, 106 Wash. 2d 695, 699 (Wash. 1986) | 5 | If tax is imposed upon value of property, it may be a "property tax"; if levied upon privilege of doing business, it is an "excise tax." | If a tax is imposed on the value of the property, it may be a property tax. If levied upon the privilege of doing *700 business, it is an excise tax. | "Is the tax levied upon privilege of doing business an ""excise tax""?" |
| 14664 | Curtis Green & Clay Green v. Clark, 318 S.W.3d 98, 104 (Ky. Ct. App. 2010) | 8 | Workers' compensation is a creature of statute, dependent on the legislature for its continuing existence. | We need only point to the fact that workers' compensation is a "creature of statute," dependent on the legislature for its continuing existence. | "Is workers compensation a creature of statute, and is its continuing existence dependent on the legislature?" |
| 14676 | Iowa Supreme Court Comm'n on the Unauthorized Practice of Law v. Sullins, 893 N.W.2d 864, 872 (Iowa 2017) | 9 | A petition need not allege a specific legal theory, so long as it meets the fair notice requirement. | A petition need not allege a specific legal theory, so long as it meets the "fair notice" requirement. | Should a petition allege a specific legal theory? |
| 14684 | Roberts v. Golden Crest Waters, 1 S.W.3d 291, 292 (Tex. App. 1999) | 2 | "Death-penalty sanction" is any sanction that adjudicates a claim and precludes the presentation of the merits of the case. | A death- penalty sanction is any sanction that adjudicates a claim and precludes the presentation of the merits of the case. | "Is ""death-penalty sanction"" any sanction that adjudicates a claim and precludes the presentation of the merits of the case?" |
| 14690 | Atchison, T. & S.F. Ry. Co. v. Collins, 294 F. 742, 747 (D.C.Cal. 1923) | 5 | A state has a wide range of power in imposing taxes, a power commensurate with its needs. | The state has a wide range of power in imposing taxes- a power, it may be said, commensurate with its needs. | Does a state have a wide range of power that commensurate with its needs in imposing taxes? |
| 14693 | HDH Corp. v. Atl. Charter Ins. Co., 425 Mass. 433, 438 (Mass. 1997) | 4 | Legislature intended that workers' compensation system supplant common law tort system as a means for compensating injured employees. | The Legislature intended that the workers' compensation system supplant the common law tort system as a means for compensating injured employees. | What was the Legislature intent for the workers compensation system? |
| 14703 | Smith v. Lewis, 669 S.W.2d 558, 562 (Mo. Ct. App. 1984) | 7 | Pleader is required to state only ultimate facts, and it is not necessary to plead facts or circumstances by which ultimate facts will be established. | A pleader is required to state only ultimate facts and it is not necessary to plead the facts or circumstances by which the ultimate facts will be established. | Is a pleader required to state the facts or circumstances by which the ultimate facts will be established? |

| | | | | | |
|---|---|---|---|---|---|
| 14705 | In re Canales, 113 S.W.3d 56, 66 (Tex. App. 2003) | 11 | The pleadings and the evidence must coincide; however, a variance between the pleadings and proof is fatal only if the divergence is substantial, misleading, and prejudicial. | The pleadings and the evidence must coincide. Wright, 160 S.W.2d at 245. However, a variance between the pleadings and proof is fatal only if the divergence is substantial, misleading, and prejudicial. | Must the pleadings and the evidence coincide? |
| 14706 | Badran v. Bertrand, 210 Neb. 747, 747 (Syllabus)(Neb. 1981) | 1 | Proof must correspond with allegations in pleadings and relief cannot be granted upon proof of case substantially different from case made in pleadings. | Proof must correspond with the allegations in the pleadings, and relief cannot be granted upon proof of a case substantially different from the case made in the pleadings. | Must pleadings and proof correspond? |
| 14715 | McCormick v. Meyer, 582 N.W.2d 141, 145 (Iowa 1998) | 8 | It is clear that dismissal is required if there is an unjustified abusive delay in completing service. | It is clear dismissal is required if there is an unjustified abusive delay in completing service. | Is it clear that dismissal is required if there is an unjustified abusive delay in completing service? |
| 14717 | Butler v. Circulus, 557 S.W.2d 469, 480 (Mo. Ct. App. 1977) | 13 | Dismissal for failure to follow a court order presupposes an order lawfully made. | Further, a dismissal for failure to follow a court order presupposes an order lawfully made. | Does a dismissal for a failure to follow a court order presuppose an order lawfully made? |
| 14719 | Pressey v. State, 114 N.W.2d 518, 656 (Neb. 1962) | 5 | Court may dismiss an action where plaintiff disobeys order concerning proceedings. R.R.S.1943, S 25-601. | In Nebraska there is statutory authority permitting a court to dismiss an action where a plaintiff disobeys an order concerning the proceedings. Section 25-601, R.R.S.1943, provides in part: 'An action may be dismissed without prejudice to a future action * * * (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action.' | Can a court dismiss an action where a plaintiff disobeys an order concerning proceedings? |
| 14720 | Giraldo v. California Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 257 (2008) | 19 | The policy behind a mootness dismissal is that courts decide justiciable controversies and will normally not render advisory opinions. | The policy behind a mootness dismissal is that "courts decide justiciable controversies and will normally not render advisory opinions." | What is the policy behind a mootness dismissal? |
| 14749 | Huch v. Charter Commc'ns, 290 S.W.3d 721, 724 (Mo. 2009) | 3 | A motion to dismiss based on an affirmative defense may be sustained if the defense is irrefutably shown by the petition. | "A motion to dismiss based on an affirmative defense may be sustained if the defense is irrefutably shown by the petition." | When can a motion to dismiss based on an affirmative defense be sustained? |
| 14752 | Robinson v. Food Serv. of Belton, 415 F. Supp. 2d 1221, 1224 (D. Kan. 2005) | 3 | Waiver of arbitration rights requires unequivocal demonstration of intent to waive. | A waiver of arbitration rights requires an unequivocal demonstration of intent to waive. | Does waiver of arbitration rights require an unequivocal demonstration of intent to waive? |
| 14754 | Gregory's v. Haan, 545 N.W.2d 488, 492 (S.D. 1996) | 8 | "Extension of credit" means to make or renew loan of money or any agreement to forbear enforcing repayment of such loan. | An extension of credit, as noted by In re Forfeiture of One 1983 Lincoln, 497 So.2d 1254 (Fla.Dist.Ct.App.1986), means to make or renew a loan of money or any agreement to forbear enforcing repayment of such loan. | Does extension of credit mean to renew a loan? |

| | | | | | |
|---|---|---|---|---|---|
| 14759 | Tarrant Cty. Water Control & Imp. Dist. No. One v. Haupt, 854 S.W.2d 909, 911 (Tex. 1993) | 2 | Right to minerals carries with it right to enter and extract them, and all others such incidents thereto as are necessary to be used for getting and enjoying them. | It is a well established doctrine from the earliest days of the common law that the right to the minerals carries with it the right to enter and extract them, and all other such incidents thereto as are necessary to be used for getting and enjoying them. | Does the right to minerals carry with it the right to enter and extract them? |
| 14773 | Hernandez v. Dep't of Air Force, 498 F.3d 1328, 1331 (Fed. Cir. 2007) | 3 | Provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor. | This is especially so in view of the canon that "provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor." | Should provisions for benefits to members of the Armed Services be construed in the beneficiaries' favor? |
| 14774 | Ex parte Burson, 615 S.W.2d 192, 194 (Tex. 1981) | 3 | Veterans Administration benefits, unlike air force disability retirement benefits, are not divisible or assignable; they are not property. 38 U.S.C.A. S 3101. | Veterans Administration benefits, unlike Air Force disability retirement benefits, are not divisible or assignable. They are not property. 38 U.S.C. s 3101; | Are Veterans Administration (VA) benefits divisible property? |
| 14776 | Whitlock v. Bank of Maryville, 612 S.W.2d 481, 483 (Tenn. Ct. App. 1980) | 1 | "Certificate of deposit" is written acknowledgment by bank or banker of receipt of sum of money on deposit which bank or banker promises to pay to depositor, to order of depositor, or to some other person or to his order, and no particular form is necessary to constitute certificate of deposit, provided essential characteristics are present. | A certificate of deposit is a written acknowledgment by a bank or banker of the receipt of a sum of money on deposit which the bank or banker promises to pay to the depositor, to the order of the depositor, or to some other person or to his order. 10 Am.Jur.2d, Banks, s 455; 9 C.J.S. Banks and Banking s 311. No particular form is necessary to constitute a certificate of deposit, provided the essential characteristics are present. | What is a Certificate of Deposit (CD)? |
| 14781 | Grimes v. Fremont Gen. Corp., 933 F. Supp. 2d 584, 608 (S.D.N.Y. 2013) | 33 | A standard lender-borrower relationship, without more, is not the kind of special relationship that supports a claim of negligent misrepresentation. | But without more, "[a] standard lender-borrower relationship is not the kind of special relationship that supports a claim of negligent misrepresentation." | Is the lender borrower relationship a kind of relationship that supports a claim of negligent misrepresentation? |
| 14783 | Thomas v. Leonard Truck Lines, 7 So. 2d 753, 756 (La. Ct. App. 1942) | 10 | A pleader is not "estopped" by judicial allegations which have neither deceived nor damaged anyone. | In addition to this, a pleader is not estopped by judicial allegations which have neither deceived nor damaged anyone. | Is a pleader estopped by judicial allegations which have neither deceived nor damaged anyone? |
| 14785 | Host v. BNSF Ry. Co., 460 S.W.3d 87, 97 (Mo. Ct. App. 2015) | 6 | It is perfectly proper for a plaintiff to plead and to submit alternative theories for a single injury. | "It is perfectly proper for a plaintiff to plead and to submit alternative theories for a single injury." | Is it proper for a plaintiff to plead alternative theories for a single injury? |
| 14787 | Sears Mortg. Corp. v. Rose, 134 N.J. 326, 337 (N.J. 1993) | 1 | Agency relationship is created when one party consents to have another act on its behalf, with principal controlling and directing acts of agent. | An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent. | Is consent important to form agency relationship? |

| | | | | | |
|---|---|---|---|---|---|
| 14801 | Kennedy v. Missouri Atty. Gen., 922 S.W.2d 68, 70 (Mo. Ct. App. 1996) | 4 | Petition must contain allegations of fact in support of each essential element of cause pleaded. | The petition must contain allegations of fact in support of each essential element of the cause pleaded. | Should the petition state allegations of fact in support of each essential element of the cause pled? |
| 14802 | Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 244, 248 (Miss. Ct. App. 2010) | 1 | Trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. | Our trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the "orderly expedition of justice." | "Is a failure to prosecute, as grounds for dismissal, considered on a case-by-case basis?" |
| 14817 | Xiaolu Peter Yu v. Vassar Coll., 97 F. Supp. 3d 448, 481 (S.D.N.Y. 2015) | 16 | In New York, relationship between university and its students is contractual in nature, and college is contractually bound to provide students with the procedural safeguards that it has promised. | "In New York, the relationship between a university and its students is contractual in nature." Papaspiridakos v. Educ. Affiliates, Inc., No. 10–CV–5628–RJD, 2013 WL 4899136, at *3 (E.D.N.Y. Sept. 11, 2013) aff'd, 580 Fed.Appx. 17 (2d Cir.2014). A college is "contractually bound to provide students with the procedural safeguards that it has promised." | A college is contractually bound to provide students with the procedural safeguards that it has promised? |
| 14818 | Austin v. Albany L. Sch. of Union Univ., 38 Misc. 3d 988, 1000, 957 N.Y.S.2d 833, 844 (Sup. Ct. 2013) | 13 | The relationship between an institution of higher education and its students is contractual, rather than fiduciary, in nature. | However, as ALS correctly asserts, the relationship between an institution of higher education and its students is contractual, rather than fiduciary, in nature | "Is the relationship between an institution of higher education and its students fiduciary, in nature?" |
| 14819 | Bologna Bros. v. Morrissey, 154 So. 2d 455, 460 (La. Ct. App. 1963) | 6 | Obligation of endorser or accommodation party is governed by lex loci contractus. | The obligation of an endorser or accommodation party is governed by the lex loci contractus. | Is the obligation of an endorser or accommodation party governed by lex loci contractus? |
| 14822 | In re Custody of G.J., 796 N.E.2d 756, 759 (Ind. Ct. App. 2003) | 5 | A motion to dismiss tests the legal sufficiency of the claim, not the facts that support it. | "A motion to dismiss tests the legal sufficiency of the claim, not the facts that support it." | "Does a motion to dismiss test the legal sufficiency of the claim, not the facts that support it?" |
| 14826 | Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367, 367 (Miss. 1929) | 3 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Nonnegotiable instruments which partake of the nature of commercial paper are assignable by indorsement and delivery. | Are nonnegotiable instruments which partake of nature of commercial paper assignable? |
| 14838 | Zeeb v. Atlas Powder Co., 32 Del. Ch. 486, 493–94, 87 A.2d 123, 127 (1952) | 7 | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, generally an individual may do all acts through an agent which he could do himself. | Except as to acts so peculiarly personal that their performance may not be delegated, or except as to acts regulated by statute which are required to be performed personally, as a general rule an individual may do *494 all acts through an agent which he could do himself. | Who can be delegated to an agent? |
| 14848 | Pentecostal Holiness Church v. Mauney, 270 So. 2d 762, 769 (Fla. Dist. Ct. App. 1973) | 12 | "Sham pleadings" are those which are inherently false and must have been known by interposing party to be untrue. | Sham pleadings are those which are inherently false and must have been known by the interposing party to be untrue. | Are sham pleadings those which must have been known by the interposing party to be untrue? |

| | | | | | |
|---|---|---|---|---|---|
| 14852 | McMillan v. Wells, 924 S.W.2d 33, 35 (Mo. Ct. App. 1996) | 4 | Missouri law disfavors dismissal of causes for failure to prosecute; law favors trial on merits. | [4] [5] In Missouri the law disfavors the dismissal of causes because of failure to prosecute. Horobec v. Mueller, 628 S.W.2d 942, 944 (Mo.App.1982} see also Waldorf Inv. Co. v. Farris, 918 S.W.2d 915, 919 (Mo.App.1996). "[T]he law favors trial on the merits." | Does law disfavor dismissal of causes for failure to prosecute? |
| 14855 | Bailey v. Worton, 752 So.2d 470, 475 (Miss.App.,1999) | 10 | Authority of an agent to bind his principal rests upon the powers conferred upon him by the principal. | The authority of an agent to bind his principal rests upon the powers conferred upon him by the principal. | Does the authority of an agent to bind his principal rest upon the power conferred upon him by the principal? |
| 14857 | Boyd v. Am. Bank of Com. at Wolfforth, 872 S.W.2d 29, 31 (Tex. App. 1994), writ dismissed by agreement (Sept. 1, 1994) | 2 | In construing promissory notes, court's primary objective is to ascertain and give effect to true intentions of the parties, seeking to give effect to all the provisions in notes so that none will be rendered meaningless. | In construing the promissory notes, our primary objective is to ascertain and give effect to the true intention of the parties. To this end, we must examine the entire writing, seeking as best we can to harmonize and give effect to all the provisions in the notes so that none will be rendered meaningless. | Should the intention of parties be given effect when interpreting a promissory note? |
| 14864 | Unemployment Comp. Div. of Employment Sec. Bureau v. Bjornsrud, 261 N.W.2d 396, 398 (N.D. 1977) | 2 | Dismissal for lack of prosecution is a harsh remedy and should be resorted to only in extreme cases. | Dismissal for lack of prosecution is a harsh remedy and should be resorted to only in extreme cases, since the policy of the law is to favor hearing of a litigant's claim upon the merits. | Is dismissal for lack of prosecution a harsh remedy to be resorted to only in extreme cases? |
| 14865 | Zeis v. Fruehauf Corp., 56 Wis. 2d 486, 491, 202 N.W.2d 225, 227 (1972) | 4 | Public policy requires dismissal of stale lawsuits which have not been adequately prosecuted. | Public policy requires the dismissal of stale lawsuits which have not been adequately prosecuted. | Does public policy require dismissal of stale lawsuits which have not been adequately prosecuted? |
| 14867 | Fisser v. Int'l Bank, 164 F. Supp. 826, 827 (S.D.N.Y. 1958) | 1 | Agent of an absent owner of cargo may assert in his own name his principal's right of action. | One exception to that rule is the 'well-recognized practice in the admiralty that the agent of an absent owner of cargo may assert in his own name his principal's right of action.' | "Under admiralty law, can an agent assert in his own name the principals right of action?" |
| 14871 | Dillon v. Rogers, 596 F.3d 260, 270 (5th Cir. 2010) | 15 | Estoppel is an equitable doctrine invoked to avoid injustice in particular cases. | "Estoppel is an equitable doctrine invoked to avoid injustice in particular cases," and "a hallmark of the doctrine is its flexible application." | Is estoppel an equitable doctrine invoked to avoid injustice in particular cases? |
| 14880 | Booker v. United Am. Ins. Co., 700 So. 2d 1333, 1335 (Ala. 1997) | 3 | Principal is bound by acts of purported subagent only if (1) agent had express authority to appoint subagent; (2) agent had implied authority to appoint subagent; or (3) principal ratified appointment. | That is, a principal will be bound by the acts of a purported subagent only if: (1) the agent had express authority to appoint the subagent; (2) the agent had implied authority to appoint the subagent; or (3) the principal ratified the appointment. | When will the principal be bound for the acts of a purported subagent? |

| 14881 | Booker v. United Am. Ins. Co., 700 So. 2d 1333, 1335 (Ala. 1997) | 3 | Principal is bound by acts of purported subagent only if (1) agent had express authority to appoint subagent; (2) agent had implied authority to appoint subagent; or (3) principal ratified appointment. | That is, a principal will be bound by the acts of a purported subagent only if: (1) the agent had express authority to appoint the subagent; (2) the agent had implied authority to appoint the subagent; or (3) the principal ratified the appointment. | Can a principal be held liable if he ratifies the acts of a purported subagent? |
| --- | --- | --- | --- | --- | --- |
| 14882 | First Tr. Joint Stock Land Bank of Chicago, Ill. v. Diercks, 222 Iowa 534, 539 (Iowa 1936) | 10 | Whatever an agent says or does within the scope of his express or implied authority binds his principal, and is deemed his act. | It is a well-established principle of the law of agency that whatever an agent says or does within the scope of his express or implied authority binds his principal and is deemed the act of his principal. | Is it fundamental law that anything done or said by an agent is the act of and binds the principal? |
| 14884 | Herbert S. Newman & Partners, P.C. v. CFC Const. Ltd. P'ship, 236 Conn. 750, 768 (1996) | 28 | Estoppel is predicated on proof of misleading conduct resulting in prejudice to other party. | An estoppel is predicated on proof of misleading conduct resulting in prejudice to the other party. | Is estoppel predicated on proof of misleading conduct resulting in prejudice to the other party? |
| 14885 | M.J. Oldenstedt Plumbing Co. v. K mart Corp., 257 Ill. App. 3d 759, 764 (Ill. App. Ct. 1994) | 2 | Estoppel is equitable doctrine preventing party from taking advantage of his own wrongdoing. | Estoppel is an equitable doctrine preventing a party from taking advantage of his own wrongdoing. | Is estoppel an equitable doctrine preventing a party from taking advantage of his own wrongdoing? |
| 14886 | Holz v. Lyles, 287 Ala. 280, 284 (Ala. 1971) | 6 | The right of an individual to an injunction against obstruction of a public street or highway depends on whether he has sustained damages different from that sustained by the public; if he sustains an additional specific damage he may sue to have it abated if remedy at law is inadequate. | The right of an individual to an injunction against obstructing a public street or highway depends on whether he has sustained damages different from that sustained by the public. If he sustains an additional specific damage, he may sue to have it abated if the remedy at law is inadequate. | Is an individual entitled to injunction against obstruction of a public road? |
| 14889 | Arrow Marble v. Estate of Killion, 441 S.W.3d 702, 707 (Tex. App. 2014) | 10 | An order dismissing a claim with prejudice when only dismissal without prejudice was appropriate can be challenged through a postjudgment motion. | An order dismissing a claim with prejudice when only dismissal without prejudice was appropriate can be challenged through a postjudgment motion. | Can an order dismissing a claim with prejudice when only dismissal without prejudice was appropriate be challenged through a post judgment motion? |
| 14890 | Garrett v. Williams, 250 S.W.3d 154, 160 (Tex. App. 2008) | 11 | A dismissal with prejudice is improper if the plaintiff's failure to comply with the statute's procedural requirements can be remedied. | A dismissal with prejudice is improper if the plaintiff's failure to comply with the statute's procedural requirements can be remedied. | Is a dismissal with prejudice improper if the plaintiff's failure can be remedied? |
| 14891 | Smith v. SBC Commc'ns Inc., 178 N.J. 265, 282 (2004) | 12 | The motion to dismiss should be granted only in rare instances and ordinarily without prejudice. | The motion to dismiss should be granted only in rare instances and ordinarily without prejudice. | Should the motion to dismiss should be granted only in rare instances and ordinarily without prejudice? |

| 14900 | Richmond Cty. Bus. Ass'n v. Richmond Cty., 224 Ga. 854, 856 (1968) | 4 | County can only exercise power of taxation as conferred upon it either directly by constitution or by general assembly when authorized by constitution. | In determining whether Richmond County has authority to impose a tax such as the one involved here, we must be mindful of the principle that 'A county can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly when authorized by the Constitution. | When can a county exercise the power of taxation? |
|---|---|---|---|---|---|
| 14907 | Bolz v. Hatfield, 41 S.W.3d 566, 572 (Mo. Ct. App. 2001) | 17 | Estoppel is not a favorite of the law and will not arise unless justice to the rights of others demands it. | "Estoppel is not a favorite of the law and will not 'arise unless justice to the rights of others demands it.' " | Will an estoppel not arise unless justice to the rights of others demands it? |
| 14910 | People v. Roschli, 275 N.Y. 26, 29, 9 N.E.2d 763, 764 (1937) | 3 | That which is in substance a contract of insurance cannot be changed into something else by giving it another name. | What is in substance a contract of insurance cannot be changed into something else by giving it another name. | Can the substance of an insurance contract be changed by giving it another name? |
| 14912 | Jennings v. SSM Health Care St. Louis, 355 S.W.3d 526, 530 (Mo. Ct. App. 2011) | 8 | The general rule is that a dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. | The general rule is that "[a] dismissal failing to indicate that it is with prejudice is deemed to be without prejudice." | Is it the general rule that a dismissal failing to indicate that it is with prejudice is deemed to be without prejudice? |
| 14913 | Points v. Oklahoma Pub. Co., 672 P.2d 1146, 1147 (Okla. 1983) | 2 | An action's termination cannot be both a judgment upon merits and a dismissal sans prejudice; it must be either one or other. | An action's termination cannot be both "a judgment upon the merits" 3 and a dismissal sans prejudice. It must be either one or the other. | Can the termination of a case be both a judgment on the merits and a dismissal without prejudice? |
| 14914 | Rice v. Crow, 81 Cal. App. 4th 725, 733, 97 Cal. Rptr. 2d 110, 116 (2000) | 3 | "Retraxit" is a judgment on the merits preventing a subsequent action on the dismissed claim. | A retraxit is a judgment on the merits preventing a subsequent action on the dismissed claim. | "Is ""retraxit"" a judgment on the merits preventing a subsequent action on the dismissed claim?" |
| 14915 | Channel Lumber Co. v. Porter Simon, 78 Cal. App. 4th 1222, 1227, 93 Cal. Rptr. 2d 482, 486 (2000) | 3 | Heart of agency is expressed in the ancient maxim: "Qui facit per alium facit per se," meaning he who acts through another acts by or for himself. | The heart of agency is expressed in the ancient maxim: 'Qui facit per alium facit per se.' [He who acts through another acts by or for himself.]" | "What does the principle qui facit per alium, facit per se mean?" |
| 14918 | Arizona State Tax Comm'n v. Parsons-Jurden Corp., 9 Ariz. App. 92, 94 (Ariz. Ct. App. 1969) | 3 | Agency is ultimately a question of intention of parties as evidenced by their acts, and is not dependent upon what the particular person in question is called. | Agency is ultimately a question of the intention of the parties, as evidenced by their acts, and is not dependent upon what the particular person in question is called.' | Is agency a question of the intention of the parties? |
| 14919 | Basile v. H & R Block, 563 Pa. 359, 367 (Pa. 2000) | 6 | Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary. | "[A]gency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary." | Does an agreement for the creation of a fiduciary relationship with control by the beneficiary result in agency? |
| 14922 | Kahn v. Royal Banks of Missouri, 790 S.W.2d 503, 507 (Mo. Ct. App. 1990) | 6 | Reasonable duration of agent's authority depends on such factors as nature of acts specifically authorized, formality of authorization, and likelihood of changes in purposes of principal. | The reasonable duration of an agent's authority depends on such factors as "the nature of the acts specifically authorized, the formality of the authorization, [and] the likelihood of changes in the purposes of the principal." | What does the duration of agency depend upon? |

| | | | | |
|---|---|---|---|---|
| 14924 | TracFone Wireless, Inc. v. Comm'n on State Emergency Commc'ns, 397 S.W.3d 173, 176 n.3 (Tex. 2013) | 1 | Legislature's decision to label a charge a "fee" rather than a "tax" is not binding; a charge is a fee rather than a tax when the primary purpose of the fee is to support a regulatory regime governing those who pay the fee. | After all, the Legislature's decision to label a charge a "fee" rather than a "tax" is not binding on this Court. See Conlen Grain & Mercantile, Inc. v. Tex. Grain Sorghum Producers Bd., 519 S.W.2d 620, 623 (Tex.1975) (statutory "assessment" is really a tax); Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896, 899–900 (1937) (statutory "license fee" is really a tax). A charge is a fee rather than a tax when the primary purpose of the fee is to support a regulatory regime governing those who pay the fee. | Is the legislature's decision to label a charge a fee rather than a tax binding on the courts? |
| 14936 | Juarbe v. City of Philadelphia, 288 Pa. Super. 330, 335 (Pa. Super. Ct. 1981) | 1 | Principal and agent can be in relationship of a master and servant, or simply in status of two independent contractors. | A principal and agent can be in the relationship of a master and servant, **1076 or simply in the status of two independent contractors. | Can a principal and agent be in the status of two independent contractors? |
| 14938 | Anthony v. City of Omaha, 283 Neb. 868, 877 (Neb. 2012) | 7 | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | A sales tax, on the other hand, is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | What is a sales tax? |
| 14940 | Fonseca v. Fong, 167 Cal. App. 4th 922, 930 (2008) | 7 | Over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens. | As the Supreme Court has repeatedly said, " 'over no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." | Is the legislative power of Congress more complete over the admission of aliens than any other conceivable subject? |
| 14947 | Icard v. Harbuck, 137 Ga. App. 570, 571 (1976) | 2 | Note payable generally "after date" and not otherwise expressing time for payment is payable on demand and due immediately, bearing interest from date of demand, which is any date on and after execution. | A note payable generally 'after date' and not otherwise expressing a time for payment is payable on demand and due immediately, bearing interest from the date of demand, which is any date on and after execution. | When is an instrument payable if no time is specified for repayment? |
| 14951 | Baltimore Steam Co. v. Baltimore Gas & Elec. Co., 123 Md. App. 1, 21–22, 716 A.2d 1042, 1052 (1998), vacated and remanded, 353 Md. 142, 725 A.2d 549 (1999) | 24 | Franchise is a contract between the grantor and grantee, and since such a contract confers exceptional privileges and powers, it is to be strictly construed against the franchisee. | The franchise is *22 itself referred to as a contract between the grantor and grantee, and since such a contract confers "exceptional privileges and powers," it is to be strictly construed against the franchisee. | Is franchise a contract between grantor and grantee? |
| 14953 | Matter of Minton Group, 46 B.R. 222, 226 (Bankr. S.D.N.Y. 1985) | 8 | Tenancy in partnership is not freely alienable, and unlike tenant in common, tenant in partnership may not call for partition and sale. | In contrast, a tenancy in partnership is not freely alienable. Unlike a tenant in common, a tenant in partnership may not call for partition and sale. | Can a tenancy in partnership be freely alienable like a tenancy in common? |
| 14954 | Equitable Life Assur. Soc. of U.S. v. McKeithan, 119 Fla. 486, 488 (Fla. 1935) | 1 | Declaration is sufficient when it contains all essentials of cause of action whether by direct allegations or by fair inferences from direct allegations. | The rule in Florida is that a declaration is sufficient which contains all essentials of a cause of action whether by direct allegations or by fair inference from the direct allegations. | Should a declaration contain all the essentials of a cause of action? |

| | | | | | |
|---|---|---|---|---|---|
| 14959 | Shackelford v. Arkansas Power & Light Co., 334 Ark. 634, 636 (1998) | 3 | Claim against a defendant remains until the trial court enters an order of dismissal. | Instead, the claim against the defendant remains until the trial court enters an order of dismissal. | Does a claim against a defendant remain until the trial court enters an order of dismissal? |
| 14972 | Antenucci v. Hartford Roman Catholic Diocesan Corp., 142 Conn. 349, 355 (Conn. 1955) | 3 | Abutting owner is presumed, no evidence to contrary, to own fee of land to center of highway, and as to land within limits of such highway, abutting owner has all rights not incompatible with public easement. | An abutting owner is presumed under the law of this state, no evidence having been offered to the contrary, to own the fee of the land to the center of the highway. Therefore, as to the land within the limits of the highway, an abutting owner has all rights not incompatible with the public easement. | Is an abutting owner presumed to own the fee to the land to the center of the highway? |
| 14979 | Phillips v. Bradshaw, 859 S.W.2d 232, 234 (Mo. Ct. App. 1993) | 3 | Pleading which states no cause of action confers no subject matter jurisdiction on court and is subject to dismissal. | A pleading which states no cause of action confers no subject matter jurisdiction on a court and is subject to dismissal. | "Is a pleading which states no cause of action, subject to dismissal?" |
| 14983 | Tyler v. United States, 281 U.S. 497, 503 (1930) | 5 | Power of taxation is fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. | The power of taxation is a fundamental and imperious necessity of all government, not to be restricted by mere legal fictions. | Is the power of taxation is a fundamental and imperious necessity of all government? |
| 14985 | Lifanda v. Elmhurst Dodge, 237 F.3d 803, 806 (7th Cir. 2001) | 4 | Court views the sufficiency of TILA-mandated disclosures from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | We view the " 'sufficiency of TILA-mandated disclosures ... from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor. | How is the sufficiency of TILA mandated disclosures determined? |
| 14989 | Salem Cmty. Sch. Corp. v. Richman, 406 N.E.2d 269, 274 (Ind. Ct. App. 1980) | 4 | "Waiver" is election to forego some advantage that might otherwise have been insistent upon; existence of waiver is ordinarily determined from conduct of parties making it. | Waiver is an election to forego some advantage that might otherwise have been insisted upon. City of Evansville v. Follis (1974), 161 Ind.App. 396, 315 N.E.2d 724. The existence of waiver is ordinarily determined from the conduct of the party making it. | Is waiver an election to forego some advantage that might otherwise have been insisted upon? |
| 14990 | Wendling v. State, 465 N.E.2d 169, 170 (Ind. 1984) | 4 | Knowledge of falsity of written instrument is not a separate essential element of present crime of forgery. | Knowledge of falsity of a written instrument is not a separate essential element of the present crime of forgery. | Is knowledge of the falsity of the instrument an essential element of forgery? |
| 14991 | United States v. Gomes, 969 F.2d 1290, 1293 (1st Cir. 1992) | 3 | A bogus document is "counterfeit" if it is calculated to deceive honest, sensible and unsuspecting person of ordinary observation and care dealing with person supposed to be upright and honest. | Thus, a bogus document is counterfeit if it "is calculated to deceive an honest, sensible and unsuspecting person of ordinary observation and care dealing with a person supposed to be upright and honest | What is a counterfeit? |
| 14995 | Westlake Transp., Inc. v. Pub. Serv. Comm'n, 255 Mich. App. 589, 612, 662 N.W.2d 784, 799 (2003) | 15 | Taxes have a primary purpose of raising revenue, while fees are usually in exchange for a service rendered or a benefit conferred. | Taxes have a primary purpose of raising revenue, while fees are usually in exchange for a service rendered or a benefit conferred. | Do taxes and fees differ in primary purpose? |
| 14997 | U.S. Fid. & Guar. Co. v. State ex rel. Oklahoma Tax Comm'n, 2002 OK 42, 14, 54 P.3d 1010, 1013 (Okla. 2002) | 8 | A "sales tax" is a statutorily imposed burden on the sale of goods and based on their value. | A sales tax is a statutorily imposed burden "on the sale of goods and based on their value." | "Is a ""sales tax"" a statutorily imposed burden on the sale of goods and based on their value?" |

| | | | | |
|---|---|---|---|---|
| 15006 | Bowers v. Shinseki, 26 Vet. App. 201, 206 (2013), aff'd, 748 F.3d 1351 (Fed. Cir. 2014) | 1 | To receive Department of Veterans Affairs (VA) disability compensation benefits, a claimant must first establish veteran status, and, absent established veteran status, presumptions of service connection are not applicable. 38 U.S.C.A. S 101(2, 22, 24); 38 C.F.R. S 3.318. | However, it is axiomatic that, to receive VA disability compensation benefits, a claimant must first establish veteran status. See Cropper v. Brown, 6 Vet.App. 450, 452 (1994). Moreover, the Court has held that, absent established veteran status, presumptions of service connection are not applicable. | Is veterans status required to be eligible for Veterans Affairs (VA) disability compensation benefits? |
| 15008 | Young v. United States, 94 Fed. Cl. 671, 678 (2010) | 17 | As an administrative body within the Department of Veterans Affairs, the Board of Veterans' Appeals is not a "court" as defined by the transfer statute. 28 U.S.C.A. SS 610, 1631. | However, as an administrative body within the VA, the Board of Veterans' Appeals is not a "court" as defined by the transfer statute. | Are administrative bodies like the Board of Veterans' Appeals considered courts? |
| 15012 | State ex rel. Core v. Merrifield, 202 W. Va. 100, 107 (1998) | 19 | A circuit judge has complete control of the deputy circuit clerk assigned to her court. Const. Art. 8, S 3. | Furthermore, a circuit judge has complete control of the deputy circuit clerk assigned to her court. | Does a circuit judge have complete control of the deputy circuit clerk assigned to her court? |
| 15013 | Oglesby v. Deal, 311 Ga. App. 622, 627 (Ga. Ct. App. 2011) | 14 | In general, one's legal residence for the purpose of being sued in the state is the same county as her domicile. | "In general, one's legal residence for the purpose of being sued in Georgia is the same county as his or her domicile. | Is one's legal residence for the purpose of being sued in the state the same county as her domicile? |
| 15017 | United States v. Gallardo, 915 F. Supp. 216, 218 (D. Nev. 1995) | 6 | Jeopardy does not attach in civil forfeiture proceeding until final judgment is entered. U.S.C.A. Const.Amend. 5. | Jeopardy does not attach in a civil forfeiture proceeding until the final judgment is entered. | Does jeopardy not attach in a civil forfeiture proceeding until final judgment is entered? |
| 15018 | Camden v. Circuit Court of Second Judicial Circuit, Crawford Cty., Ill., 892 F.2d 610, 615 (7th Cir. 1989) | 2 | When defendant consents to mistrial, double jeopardy clause will bar retrial only if governmental or judicial conduct was intended to goad defendant into assenting to mistrial. U.S.C.A. Const.Amend. 5. | When a defendant consents to a mistrial, however, the double jeopardy clause will bar a retrial only if governmental or judicial conduct was intended to goad the defendant into assenting to the mistrial. | "Does the double jeopardy clause bar retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant?" |
| 15020 | Alston v. State, 177 Md. App. 1, 28 (Md. Ct. Spec. App. 2007) | 11 | A defendant can be put in jeopardy even in a prosecution that did not culminate in a conviction or an acquittal; this doctrine refers to the species of double jeopardy law known as retrial following mistrial. U.S.C.A. Const.Amend. 5. | A defendant can "be put in jeopardy even in a prosecution that did not culminate in a conviction or an acquittal[.]" Crist v. Bretz, 437 U.S. 28, 34, 98 S.Ct. 2156, 2160, 57 L.Ed.2d 24 (1978). This doctrine refers to "the species of double jeopardy law ... [known as] 'retrial following mistrial.' " | Can a defendant be put in jeopardy even in a prosecution that did not culminate in a conviction or an acquittal? |
| 15021 | Torres v. K-Site 500 Assocs., 632 So. 2d 110, 112 (Fla. Dist. Ct. App. 1994) | 4 | Party may waive any rights to which he or she is legally entitled, by actions or conduct warranting inference that known right has been relinquished. | A party may waive any rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished. | Can a party waive any rights to which he is entitled? |
| 15022 | In re Tracy B., 391 S.C. 51, 69 (S.C. Ct. App. 2010) | 17 | "Malice," as element of murder, is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong. Code 1976, S 16-3-10. | Malice' is the wrongful intent to injure another and indicates a wicked or depraved spirit intent on doing wrong." | Does malice indicate a wicked or depraved spirit intent on doing wrong? |
| 15023 | Com. v. Neves, 474 Mass. 355, 371 (Mass. 2016) | 29 | In a nonfelony-murder case, fact that shooting was accidental negates malice element required for murder. | In a nonfelony-murder case, the fact that the shooting was accidental negates the malice element required for murder. | Does shooting by accident negate the malice element required for murder? |

| | | | | | |
|---|---|---|---|---|---|
| 15024 | State v. Rich, 132 N.C. App. 440, 446 (1999) | 4 | "Wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty and deliberately bent on mischief" are examples, any one of which may provide the malice necessary to convict a defendant of second-degree murder. G.S. S 14-17. | We, therefore, reject defendant's contention and adopt, instead, the State's position that "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty and deliberately bent on mischief" are examples, any one of which may provide the malice necessary to convict a defendant of second-degree murder. | Does malice include cruelty? |
| 15025 | Robinson v. Estate of Jester, 333 Ga. App. 41, 44 (2015) | 4 | The names of the parties to an action must appear either in the caption of the petition or in the body thereof. | As explained in that case: The names of the parties to an action must appear either in the caption of the petition or in the body thereof. | Should the names of the parties to an action appear in the caption of the petition? |
| 15026 | Gehrke v. State, 363 S.W.2d 490, 491 (Tex. Civ. App. 1962) | 1 | Misnomer does not change nature of a pleading, and jurisdiction of the court is invoked even though improperly styled and docketed. Rules of Civil Procedure, rule 71. | It is true that a misnomer does not change the nature of a pleading, and the jurisdiction of the court is invoked even though improperly styled and docketed. Rule 71, | Does a misnomer change the nature of a pleading? |
| 15030 | People v. Marino, 388 Ill. 203, 207 (1944) | 1 | The gist of offense of assault with intent to commit rape is specific intent charged. | It is true that in order to constitute the offense of assault with intent to commit rape, the specific intent charged is the gist of the offense. | Is specific intent charged considered as the gist of the offense of assault with intent to commit rape? |
| 15032 | Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996) | 4 | Doctrine of equitable tolling provides that person is not required to sue within statutory limitations period if he cannot, under the circumstances, reasonably be expected to do so. | The doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." | What is the doctrine of equitable tolling? |
| 15040 | Dombrosky v. Farmers Ins. Co. of Washington, 84 Wash. App. 245, 256 (Wash. Ct. App. 1996) | 14 | No estoppel arises if injured party had equal opportunity to determine facts. | Further, no estoppel arises if the injured party had equal opportunity to determine the facts. | Does estoppel arise if the injured party had equal opportunity to determine the facts? |
| 15044 | Web Press Servs. Corp. v. New London Motors, Inc., 203 Conn. 342, 359–60, 525 A.2d 57, 66 (1987) | 12 | Court will overlook variance between pleadings and proof, unless variance is so material that it prejudices other party in presentation of case. Practice Book 1978, S 178. | A court will overlook a variance between the pleadings and *360 proof unless that variance is so material as to prejudice the other party in the presentation of its case. | Will the court overlook a variance between the pleadings and proof? |
| 15046 | Hillsborough Cty. v. Kortum, 585 So. 2d 1029, 1032 (Fla. Dist. Ct. App. 1991) | 6 | Property subject to easement held by government unit is not immune or exempt from taxation. | Property subject to an easement held by a governmental unit is not immune or exempt from taxation? | Is a property subject to easement held by government immune or exempt from taxation? |
| 15049 | State v. Espinoza, 233 Ariz. 176, 179 (Ct. App. 2013) | 6 | Defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again. U.S.C.A. Const.Amend. 5. | "[A] defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again." Id. | Why will a defendant be placed in jeopardy once he is put to trial before a jury? |

| 15050 | State v. Triplett, 355 S.W.3d 543, 551 (Mo. Ct. App. 2011) | 8 | In a court-tried case, jeopardy attaches once evidence has been presented as to the merits of the issue of guilt; however, if the proceeding is designed to hear the accused's defenses or objections before trial, and no determination of factual guilt or innocence is made or attempted, then jeopardy does not attach. U.S.C.A. Const.Amend. 5. | In a court-tried case, jeopardy attaches once evidence has been presented as to the merits of the issue of guilt. State v. Connell, 326 S.W.3d 865, 867 (Mo.App.2010); State v. Jarvis, 809 S.W.2d 460, 461 (Mo.App.1991). "If the proceeding is designed to hear the accused's defenses or objections before trial, and no determination of factual guilt or innocence is made or attempted, then jeopardy does not attach." Smothers, 297 S.W.3d at 632. | Will jeopardy attach once evidence has been presented as to the merits of the issue of guilt? |
| --- | --- | --- | --- | --- | --- |
| 15052 | People v. Moyer, 292 A.D.2d 793, 794, 738 N.Y.S.2d 810, 812 (2002) | 3 | Defendant's retrial was not barred by double jeopardy; jeopardy never attached at first trial because entire jury had not been impaneled and sworn at time of declaration of mistrial. | Nor was the retrial barred by double jeopardy. Jeopardy never attached at the first trial because "the entire jury had not been impaneled and sworn at the time of the declaration of the mistrial" | Is jeopardy attached when jury has not been impaneled? |
| 15053 | State v. Rowe, 480 A.2d 778, 781 (Me. 1984) | 3 | It is a fundamental principle of criminal law that in criminal prosecution tried to jury, jeopardy attaches as soon as jury is impaneled and sworn. U.S.C.A. Const.Amend. 5; M.R.S.A. Const. Art. 1, S 8. | It is a fundamental principle of criminal law that in criminal prosecution tried to a jury, jeopardy attaches as soon as the jury is impaneled and sworn. | Can a jury trial commence till jury is sworn to determine when jeopardy attaches? |
| 15054 | Honester v. State, 329 Ga. App. 406, 409 (Ga. Ct. App. 2014) | 4 | Once a defendant's jury is impaneled and sworn, jeopardy attaches, and he is entitled to be acquitted or convicted by that jury. U.S.C.A. Const.Amend. 5. | Once a defendant's jury is impaneled and sworn, jeopardy attaches, and he is entitled to be acquitted or convicted by that jury. | Is a defendant entitled to be acquitted or convicted by the jury who is impaneled and sworn? |
| 15055 | State v. Battle, 279 N.C. 484, (1971) | 2 | Generally, an order of mistrial in a criminal case will not support a plea of former jeopardy. G.S. SS 7A-31(b) (4), 14-89.1. | However, the general rule is that an order of mistrial in a criminal case will not support a plea of former jeopardy. | "Generally, will an order of mistrial not support a plea of former jeopardy?" |
| 15056 | Ex parte Pritzkau, 391 S.W.3d 185, 187 (Tex. App. 2013) | 5 | The Fifth Amendment's Double Jeopardy Clause protects against repeated prosecutions for the same offense. U.S.C.A. Const.Amend. 5. | The Fifth Amendment's Double Jeopardy Clause protects against repeated prosecutions for the same offense. | Are repeated prosecutions for the same offense protected by the double jeopardy clause? |
| 15059 | State v. Atkins, 130 Wash. App. 395, 399 (2005) | 5 | Both the United States Constitution and the Washington State Constitution prohibit multiple convictions for the same offense. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Both the United States Constitution and the Washington State Constitution prohibit multiple convictions for the same offense. | Does both the United States Constitution and the Washington State Constitution prohibit multiple convictions for the same offense? |
| 15060 | Khalifa v. State, 382 Md. 400, 432 (Md. 2004) | 19 | The Double Jeopardy Clause forbids multiple convictions and sentences for the same offense. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause forbids multiple convictions and sentences for the same offense. | Does the Double Jeopardy Clause forbid multiple convictions and sentences for the same offense? |
| 15061 | United States v. Holley, 986 F.2d 100, 103 (5th Cir. 1993) | 5 | Double jeopardy clause is not absolute bar to reprosecution once jury has been empaneled and sworn. U.S.C.A. Const.Amend. 5. | Nonetheless, the double jeopardy clause is not an absolute bar to reprosecution once the jury has been empaneled and sworn. | Will the double jeopardy clause be an absolute bar to re-prosecution once jury has been empaneled and sworn? |
| 15063 | People v. Miller, 164 Cal. App. 4th 653, 668 (2008) | 14 | Double jeopardy protections do not apply to the trial of prior conviction allegations. U.S.C.A. Const.Amend. 5. | As double jeopardy protections do not apply to the trial of prior conviction allegations | Do double jeopardy protections apply to the trial of prior conviction allegations? |

| 15064 | State v. Daniels, 160 Wash. 2d 256, 262 (2007) | 6 | While jury silence can be construed as an acquittal and can therefore act to terminate jeopardy, such is not the case when a jury fails to agree and such disagreement is evident from the record. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Jury silence can be construed as an acquittal and can therefore act to terminate jeopardy. Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) (stating jury's silence acted as implied acquittal). But such is not the case when a jury fails to agree and such disagreement is evident from the record. | Can jury silence be construed as an acquittal and can therefore act to terminate jeopardy? |
|---|---|---|---|---|---|
| 15065 | State v. Juarez, 115 Wash. App. 881, 889–90 (2003) | 13 | A mistrial will free defendant from further prosecution, unless it is prompted by manifest necessity; this means that extraordinary and striking circumstances must be present which clearly indicate that substantial justice cannot be obtained without discontinuing the trial. | A mistrial will free the defendant from further prosecution, unless it is prompted by "manifest necessity." Browning, 38 Wash.App. at 775, 689 P.2d 1108 (citing United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824)).This means that "extraordinary and striking" circumstances must be present which clearly indicate that substantial justice cannot be obtained without discontinuing the trial. | "Will a mistrial free a defendant from further prosecution, unless it is prompted by manifest necessity?" |
| 15066 | Moghalu v. United States, 122 A.3d 923, 926 (D.C. 2015) | 4 | Double jeopardy provides a guarantee against being twice put to trial for the same offense. U.S.C.A. Const.Amend. 6. | The Double Jeopardy Clause provides "a guarantee against being twice put to trial for the same offense." | Does Double jeopardy provide a guarantee against being twice put to trial for the same offense? |
| 15068 | Sayan v. State, 381 So. 2d 363, 364 (Fla. Dist. Ct. App. 1980) | 5 | After mistrial, case stands as if it had never been tried, and defendant is subject to being tried again on same charge. | After a mistrial, a case stands as if it had never been tried and the defendant is subject to being tried again on the same charge. | "After mistrial, does a case stand as if it had never been tried, and a defendant is subject to being tried again on the same charge?" |
| 15069 | State Fire Marshall v. Lee, 101 Mich. App. 829, 838 (1980) | 5 | Christians must comply with fire and safety regulations which are applicable to all schools and which are applied equally to all schools. U.S.C.A.Const. Amend. 1. | Therefore, Christians must comply with the fire and safety regulations which are applicable to all schools and which are applied equally to all schools. | Should religious schools comply with fire and safety regulations applicable to schools? |
| 15071 | In re Otasco, 196 B.R. 554, 559 (N.D. Okla. 1991) | 3 | Whether particular lease is intended for security is to be determined by facts of each case. 12A Okl.St.Ann. S 1-201(37)(b). | Nevertheless, this case demands close factual scrutiny, because "whether a particular lease is intended for security is to be determined by the facts of each case." | Is whether a particular lease is intended for a security to be determined by facts of each case? |
| 15072 | In re Greenville Auto Mall, 278 B.R. 414, 420 (N.D. Miss. 2001) | 4 | Under Illinois' revised definition of security interest, the primary focus is on the economic realities of the transaction rather than the intent of the parties. S.H.A. 810 ILCS 5/1-201(37). | Under the revised definition of "security interest," the primary focus is on the economic realities of the transaction rather than the intent of the parties. | "Is the focus on ""economic realities"" of a transaction?" |
| 15076 | State ex rel. Wis. Univ. Bldg. Corp. v. Bareis, 257 Wis. 497, 500–01 (1950) | 1 | Exemptions from taxation are acceptable when the property has been acquired and used by and for the benefit of the state. | It has been ruled too often to permit doubting now that exemptions from taxation are acceptable when the property has been acquired and used by and for the benefit of the state. | Are the exemptions from taxation acceptable when the property has been acquired and used by and for the benefit of the state? |

| | | | | | |
|---|---|---|---|---|---|
| 15077 | Hillsborough Inv. Co. v. City of Tampa, 149 Fla. 7, 12-13 (1941) | 7 | The sovereign power to levy a tax and the machinery for collection thereof cannot be transferred to private individuals in absence of statute, but is vested in public officials, and a taxing unit, in absence of statute, cannot assign its claim for taxes to a citizen, and thereby subrogate the citizen to the collecting rights of the taxing unit. | The sovereign power to levy a tax and the *13 machinery for collection thereof cannot be transferred to private individuals, in the absence of a statute, but this power by law is vested in public officials. A taxing unit, in the absence of a statute, is without authority to assign its claim for taxes to a citizen and thereby subrogate the citizen to the collecting rights of the taxing unit. | Can a taxing unit assign its claim for taxes to a citizen? |
| 15081 | Hughes v. Cornerstone Inspection Grp., 336 Ga. App. 283, 286 (2016) | 3 | Affidavits are admissible forms of evidence that may be filed in opposition to motions. West's Ga.Code Ann. SS 9-11-6(d), 9-11-56(c); Uniform Superior Court Rule 6.2. | Our Civil Practice Act and the Uniform Superior Court Rules make clear that affidavits are admissible forms of evidence that may be filed in opposition to motions. See, e.g., OCGA 9-11- 6(d); 9-11-56(c); Unif. | Can affidavits be considered as an admissible form of evidence? |
| 15082 | Gilbride v. Trunnelle, 620 N.W.2d 244, 251 (Iowa 2000) | 13 | "Professional statement" is a technique, used as a matter of convenience and practical necessity to establish a record of matters peculiarly within the knowledge of an attorney. | Additionally, a professional statement "is a technique, used as a matter of convenience and practical necessity to establish a record of matters peculiarly within the knowledge of an attorney." | Do professional statements have the effect of an affidavit? |
| 15083 | Dennis v. Coleman's Parking & Greasing Stations, 211 Minn. 597, 601 (Minn. 1942) | 6 | A "bailment," like any other contract, may be established by express words, written or oral, or by implication from acts and general conduct. | But a bailment, like any other contract, may be established by express words, written or oral, or by implication from acts and general conduct. | Can a contract for bailment be an oral agreement? |
| 15084 | Weitz Co., LLC v. Lexington Ins. Co., 982 F. Supp. 2d 975, 1002 (S.D. Iowa 2013), aff'd, 786 F.3d 641 (8th Cir. 2015) | 24 | Under Iowa law, equitable subrogation will never be enforced when doing so would be inequitable, or where it would work injustice to others having equal equities. | Equitable subrogation "will never be enforced, when doing so would be inequitable, or where it would work injustice to others having equal equities." | When would equitable subrogation not be enforced? |
| 15086 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App. 2001) | 14 | Repeated violations of limine orders may result in mistrials or reversals. | We must also keep in mind that repeated violations of limine orders may result in mistrials or reversals. | May repeated violations of limine orders result in mistrials or reversals? |
| 15088 | Traders & Gen. Ins. Co. v. Turner, 149 S.W.2d 593, 596 (Tex. Civ. App. 1941) | 2 | The Workmen's Compensation Act is not intended to compensate employee merely for loss of earnings, but for loss of earning capacity, at a wage rate based on his capacity to earn when employed full time. Vernon's Ann.Civ.St. art. 8309, S 1, 1st subds. 1-3, 5. | It has many times been held that our Workmen's Compensation Act is not intended to compensate an injured employee merely for the loss of earnings, but for loss of earning capacity, at a wage rate based on his capacity to earn when employed on a full time basis. | What do workers compensation benefits pay or compensate for? |
| 15091 | People v. Jordan, 15 Ill. App. 3d 672, 675 (1973) | 1 | A person's receipt of property is not alone enough to sustain a bribery conviction. S.H.A. ch. 38, S 33-1(d). | This statute clearly indicates that a person's receipt of property is not alone enough to sustain a bribery conviction. | Is a person's receipt of property alone enough to sustain a bribery conviction? |

| 15095 | Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999) | 15 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | The doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | Does legal or equitable subrogation arise from the legal consequences of the acts of the parties? |
|---|---|---|---|---|---|
| 15096 | Bishop Baking Co. v. Forgey, 538 S.W.2d 602, 604 (Tenn. 1976) | 6 | Workmen's compensation law is to be liberally construed in order to accomplish its intended purposes, but, it is not a social welfare statute, and the sympathies of the court may not control its determination. | In is true that the Workmen's Compensation Law is to be liberally construed in order to accomplish its intended purposes. but, it is not a social welfare statute, Smith v. Tennessee Furniture Industries, 212 Tenn. 291, 369 S.W.2d 721 (1963), nor may the sympathies of the Court control its determination. | Is the Workers Compensation Act a social welfare statute? |
| 15098 | Jennings v. High Farms Corp., 35 Misc. 2d 80, 81, 229 N.Y.S.2d 854, 855–56 (Sup. Ct.), aff'd, 18 A.D.2d 664, 235 N.Y.S.2d 829 (1962) | 2 | In action for interference with peaceable possession, right to judgment depends on facts as they stood when action was commenced, and not as they stand at date of trial and what defendants may or may not do after service of summons will in no way tend to render ineffectual the judgment for damages. | An action for damages for interference with peaceable possession is an action at law (Fults v. Munro, 202 N.Y. 34, 40, 95 N.E. 23, 37 L.R.A., N.S., 600). The instant complaint contains no action for equitable relief, nor do the plaintiffs seek a judgment for a permanent injunction, nor would they be entitled to a permanent injunction. Insofar **856 as the application may be deemed to be made pursuant to section 878, subd. 1, Civil Practice Act, the motion must be denied. (See Reynolds v. Webber, 160 N.Y.S. 177). As stated in Fults v. Munro, supra, 202 N.Y. at p. 40, 95 N.E. at p. 25: 'As this is an action at law, the right to judgment depends on the facts as they stood when it was commenced, instead of, according to the rule in equity, as they stood at the date of the trial' (emphasis supplied). What the defendants may or may not do after the service of the summons would not in any way tend to render ineffectual the judgment for damages | " In an action at law, does the right to judgment depend on facts as they stood when the action was commenced?" |
| 15099 | Heisler v. Hines Motor Co., 282 Mont. 270, 275 (Mont. 1997) | 3 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | A pretrial order serves to "prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order." | Does a pretrial order prevent surprise? |

| | | | | | |
|---|---|---|---|---|---|
| 15100 | Reese v. Mayer, 198 Neb. 499, 502 (Neb. 1977) | 2 | When two vehicles approach intersection at approximately the same time, vehicle on right has right to proceed in lawful manner in preference to vehicle on left; vehicle on right has right to immediate use of intersection, and it is this use of roadway that vehicle on left is required to yield to vehicle on right; right-of-way which vehicle on left is required to yield to vehicle on right is qualified, and driver on right must exercise due care, may not proceed in disregard of surrounding circumstances, and where necessary to avoid collision may be required to yield right-of-way. | When two vehicles approach an intersection at approximately the same time, the vehicle on the right has the right to proceed in a lawful manner in preference to the vehicle on the left. In other words, the vehicle on the right has the right to the immediate use of the intersection, and it is this use of the roadway that the vehicle on the left is required to yield to the vehicle on the right. It should be noted that the right-of-way which the vehicle on the left is required to yield to the vehicle on the right is a qualified right-of-way. The driver on the right must exercise due care, may not proceed in disregard of the surrounding circumstances, and where necessary to avoid a collision may be required to yield the right-of-way. | Does the driver of motor vehicle approaching from the right have a right of way? |
| 15101 | Scullin v. Cameron, 518 So. 2d 695, 698 (Ala. 1988) | 1 | Continuances are not favored, and trial court's denial of motion for continuance will be upset on appeal only when a palpable or gross abuse of discretion has been shown. | In this jurisdiction, it has been "often held that continuances are not favored and that a trial court's denial of a motion for continuance will be upset only when a palpable or gross abuse of discretion has been shown." | "Can a trial court deny plaintiff's motion for continuance of trial, as plaintiff had been notified of trial date before?" |
| 15105 | Marin Cnty. v. Superior Ct. of Marin Cnty., 53 Cal. 2d 633, 638, 349 P.2d 526, 529 (1960) | 4 | All roads committed to care of a county belong, ultimately, to all people of state. | It is fundamental that all roads committed to the care of a county belong, ultimately, to all the people of the state. | Do all roads committed to care of a county belong ultimately to all people of the state? |
| 15107 | Pac. Gas & Elec. Co. v. United States, 3 Cl. Ct. 329, 341 (1983) | 14 | Acceptance or receipt of benefits is not sufficient to create a contract that binds United States in absence of affirmative authorization. | Acceptance or receipt of benefits is not sufficient to create a contract that binds the United States in the absence of affirmative authorization. | Can the Forest Service personnel contractually bind United States without proper legal authority? |
| 15112 | Flacke v. Town of Fine, 113 Misc. 2d 56, 58, 448 N.Y.S.2d 359, 361 (Sup. Ct. 1982) | 1 | Use and preservation of forest preserve is subject to reasonable regulations of Legislature within strictly restricted constitutional bounds. Const.Art. 14, S 1. | The use and preservation of the forest preserve is subject to the reasonable regulations of the Legislature within strictly restricted constitutional bounds. | Are Forest Preserve District (FPD) creations of the legislature and should the statutes granting power to them be strictly construed? |
| 15113 | United States v. Gonzalez, 76 F.3d 1339, 1343 (5th Cir. 1996) | 4 | Defendant must be party to civil forfeiture proceeding for double jeopardy to attach. U.S.C.A. Const.Amend. 5. | The defendant must be a party to the forfeiture proceeding for jeopardy to attach. | Should a defendant be a party to civil forfeiture proceeding for double jeopardy to attach? |
| 15114 | Shindler v. Marr & Associates, 695 S.W.2d 699, 703 (Tex. App. 1985) | 1 | Strict compliance with applicable statutes is not required for formation of a limited partnership. Vernon's Ann.Texas Civ.St. art. 6132a, S 3(b). | Strict compliance with the applicable statutes is not required for the formation of a limited partnership. | Questionls strict compliance with the applicable statues required for the formation of a limited partnership? |

| 15116 | Dobbs v. Shelby Cnty. Econ. & Indus. Dev. Auth., 749 So. 2d 425, 430 (Ala. 1999) | 7 | Legislature is prohibited from delegating the power to levy taxes to a public industrial authority (PIA). Const. Art. 1, S 23; Art. 11, S 212. | Accordingly, the legislature is prohibited from delegating the power to levy taxes to a PIA, such as SCEIDA, IDBB, or IDBT. | Is the Legislature prohibited from delegating the power to levy taxes to a public industrial authority? |
| 15117 | Com. v. Stafford, 451 Pa. 95, 100 (Pa. 1973) | 8 | One charged with homicide cannot escape liability merely because the blow he inflicts is not mortal, or the immediate cause of death; if his blow is the legal cause in that it started a chain of causation which lead to the death, he is guilty of homicide. | Consequently, appellant is legally responsible for the death since 'one charged with homicide cannot escape liability merely because the blow he inflicted is not mortal, or the immediate cause of death. If his blow is the legal cause, i.e., if it started a chain of causation which led to the death, he is guilty of homicide. | Is criminal responsibility confined to a sole or immediate cause of death? |
| 15118 | McDowell v. Citicorp Inc., 752 N.W.2d 209, 213 (S.D. 2008) | 6 | If the dismissal of a complaint also constitutes dismissal of an action, then a motion to amend is improper. SDCL S 15-6-15(a). | If the "dismissal of the complaint also constitutes dismissal of the action[,]" then the motion to amend is improper. | "If the dismissal of a complaint also constitutes dismissal of an action, is a motion to amend improper?   " |
| 15119 | In re Trask, 462 B.R. 268, 277 (B.A.P. 1st Cir. 2011) | 20 | Under Maine law, the doctrine of equitable subrogation requires that the equities of the parties be weighed and balanced. | The doctrine requires that the equities of the parties be weighed and balanced. | Does the doctrine of equitable subrogation require that the equities of the parties be weighed and balanced? |
| 15120 | Fed. Armored Serv. v. Pub. Serv. Comm'n, 204 Mich. App. 24, 27 (Mich. Ct. App. 1994) | 2 | Decision of Public Service Commission (PSC) is unlawful when it involves erroneous interpretation or application of the law and unreasonable when it is unsupported by evidence. M.C.L.A. S 462.26(8). | A decision of the PSC is unlawful when it involves an erroneous interpretation or application of the law, and unreasonable when it is unsupported by the evidence. | "When is a decision of the Public Service Commission (""PSC"")?" |
| 15121 | Barnes v. Nw. Repossession, 210 F. Supp. 3d 954, 971 (N.D. Ill. 2016) | 20 | Under Illinois law, an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property. | Under Illinois law, "an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property." | What constitutes a trespass to personal property? |
| 15122 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App. 2001) | 14 | Repeated violations of limine orders may result in mistrials or reversals. | We must also keep in mind that repeated violations of limine orders may result in mistrials or reversals. | May repeated violations of a court's in limine orders result in mistrials or reversals? |
| 15123 | Matsyuk v. State Farm Fire & Cas. Co., 155 Wash. App. 324, 330 (Wash. Ct. App. 2010) | 12 | The purpose of subrogation is to put the financial consequences on the party responsible for the loss. | The insurer may seek reimbursement from the recovery its insured obtains from the party at fault, subject to limitations: 3 The purpose of subrogation is to put the financial consequences on the party responsible for the loss. | Is the purpose of subrogation to put the financial consequences on the party responsible for the loss? |
| 15125 | Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381, 391 (Pa. 2005) | 11 | A subrogation claim, in substance, is equitable in nature, and therefore does not sound in assumpsit. | Initially, we note that this Court and intermediate courts have made clear that a subrogation claim, in substance, is equitable in nature, and therefore does not sound in assumpsit. | "Is a subrogation claim, in substance, equitable in nature, and therefore does not sound in assumpsit?" |
| 15126 | S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17, 20 (Ark. 2005) | 1 | "Subrogation" is the substitution of one party for another; the party asserting subrogation is making a demand under the right of another. | Subrogation is the substitution of one party for another. The party asserting subrogation is making a demand under the right of another. | Is the party asserting subrogation making a demand under the right of another? |

| 15128 | Williams v. Bank of Tallassee, 456 So. 2d 50, 52 (Ala. 1984) | 1 | When motions to dismiss are granted, plaintiff should always be afforded leave to amend. | When motions to dismiss are granted, the plaintiff should always be afforded leave to amend. | "When motions to dismiss are granted, should a plaintiff always be afforded leave to amend?" |
| 15129 | Blankenship v. Estate of Bain, 5 S.W.3d 647, 650 (Tenn. 1999) | 3 | A right of subrogation may arise by contract (conventional subrogation), by application of equitable principles of law (legal subrogation), or by application of a statute (statutory subrogation). | A right of subrogation may arise by contract ("conventional subrogation"), by application of equitable principles of law ("legal subrogation"), or by application of a statute ("statutory subrogation"). | What can the right of subrogation arise from? |
| 15130 | Von Holden v. Chapman, 87 A.D.2d 66, 68, 450 N.Y.S.2d 623, 626 (1982) | 5 | Preservation of life has high social value in our culture and suicide is deemed "a grave public wrong." | The preservation of life has a high social value in our culture and suicide is deemed "a grave public wrong" | Is suicide deemed as a grave public wrong? |
| 15132 | Pelas v. Wooley, 297 So. 2d 546, 548 (La. Ct. App. 1974) | 2 | Every contested motion for continuance is to be tried contradictorily with opposing party. LSA-C.C.P. arts. 1601, 1602. | Furthermore every contested motion for a continuance is to be tried contradictorily with the opposing party. | Is every contested motion for continuance to be tried contradictorily with opposing party? |
| 15134 | Perkins v. Texas Nat. Bank of Commerce of Houston, 448 S.W.2d 725, 726 (Tex. Civ. App. 1969) | 2 | Fact that affidavit contains both admissible and inadmissible matters does not render it entirely void. | The fact that an affidavit contains both admissible and inadmissible matters does not render it entirely void. | Will affidavit be rendered void if it contains both admissible and inadmissible matters? |
| 15135 | Laurie v. Ezard, 595 S.W.2d 336, 338 (Mo. Ct. App. 1980) | 6 | Dismissal for failure to prosecute should not be based on remote, even if extended, periods of inactivity. | A dismissal for failure to prosecute should not be based on remote, even if extended, periods of inactivity. | Should dismissal for failure to prosecute be based on remote periods of inactivity? |
| 15136 | E. Nat. Bank v. Glendale Fed. Sav. & Loan Ass'n, 508 So. 2d 1323, 1324 (Fla. Dist. Ct. App. 1987) | 3 | Equitable subrogation is governed by operation of equitable principles rather than legal rules and will not be applied where it would work injustice on innocent third parties. | It is governed by the operation of equitable principles rather than legal rules and will not be applied where it would work an injustice to innocent third parties. | Is the doctrine of equitable subrogation a doctrine based on equity? |
| 15141 | Pennsylvania Nat. Mut. Cas. Ins. Co. v. Ins. Com'r of Com. of Pa., 121 Pa. Cmwlth. 618, 626 (Pa. Cmmw. Ct. 1988) | 5 | Principal is liable for acts of its agent committed in scope of its employment even though principal did not authorize acts. | A principal is liable for the acts of its agent committed in the scope of its employment even though the principal did not authorize the act. | Can a principal be held liable for an unauthorized act of an agent performed within the scope of his employment? |
| 15142 | Lumley v. Bd. of Regents for Univ. of Michigan, 215 Mich. App. 125, 130, 544 N.W.2d 692, 695 (1996) | 4 | Cause of action accrues when all elements of claim have occurred and can be alleged in proper complaint. | It accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | Does a cause of action accrue when all elements of claim have occurred and can be alleged in proper complaint? |
| 15143 | Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307, 316 (2004) | 8 | "Indemnification" differs from "subrogation" in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. | Indemnification differs from subrogation in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. | Does a party seeking subrogation does so as a successor to another party's right to payment? |
| 15147 | In re Shavers, 418 B.R. 589, 605 (Bankr. S.D. Miss. 2009) | 22 | Under Mississippi law, the object of equitable subrogation is the doing of complete, essential, and perfect justice between all parties. | The object of equitable subrogation "is the doing of complete, essential, and perfect justice between all parties." | "Is the object of equitable subrogation the doing of complete, essential and perfect justice between all parties?" |
| 15148 | Farrell by Lehner v. John Deere Co., 151 Wis. 2d 45, 83 (Wis. Ct. App. 1989) | 12 | Individual using personal property without owner's permission is trespasser as to owner of property. | An individual who uses personal property without the owner's permission is a trespasser as to the owner of the property. | Is an individual who uses personal property without the owner's permission a trespasser? |

| 15151 | Employers Ins. of Wausau v. Com., Dep't of Transp., 581 Pa. 381, 389 (Pa. 2005) | 5 | An "assignment" is a transfer of property or some other right from one person to another, and unless in some way qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee. | "An assignment is a transfer of property or some other right from one person to another, and unless in some way qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee." | What is an assignment? |
|---|---|---|---|---|---|
| 15153 | Beauchamp v. N. Am. Sav. Ass'n, 543 S.W.2d 536, 537 (Mo. Ct. App. 1976) | 2 | Transaction of "guaranty" is species of contract with at least three parties, a promisor, creditor to whom promise is made and a debtor, that arises when promisor makes promise to creditor either as to solvency of debtor or as to payment of debt. | A transaction of guaranty is a species of contract with at least three parties: a promisor, a creditor (to whom the promise is made) and a debtor. The guaranty arises when the promisor makes a promise to the creditor either as to the solvency of the debtor or as to the payment of the debt. | How many parties are involved in a contract of guaranty? |
| 15155 | Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court, 46 Cal. 4th 993, 1001 (Cal. 2009) | 1 | The legal concept of "assignment" refers to the transferability of all types of property, including a cause of action. | The legal concept of assignment refers to the transferability of all types of property, including a cause of action. | Does transfer of assignment refer to all types of property? |
| 15156 | Jackson Cty. Bd. of Election Comm'rs v. Paluka, 13 S.W.3d 684, 690 (Mo. Ct. App. 2000) | 17 | "Implied notice" is knowledge implied from surrounding facts and circumstances, so as to hold one to have known that which he could have discovered by the exercise of ordinary care. | Implied notice is knowledge implied from surrounding facts and circumstances, so as to hold one to have known that which he could have discovered by the exercise of ordinary care. | What are the kinds of notices recognized by law? |
| 15159 | Buchta v. Seng, 444 N.E.2d 1250, 1252 (Ind. Ct. App. 1983) | 2 | Comaker of note can be accommodation party and is liable as maker to principal, but accommodation party's liability to principal does not affect relationship between accommodation party and party accommodated, and accommodation party is not liable to party accommodated and has right to indemnification against the accommodated party. IC 26-1-3-415, 26-1-3-415(5)(1982 Ed.). | Thus, a co-maker of a note can be an accommodation party, Fithian v. Jamar, (1979) 286 Md. 161, 410 A.2d 569, and is liable as a maker to the principal, Id. An accommodation party's liability to the principal does not affect the relationship between the accommodation party and the party accommodated. The accommodation party is not liable to the party accommodated and has a right to indemnification against the accommodated party. | What is the liability of an accommodation party? |
| 15160 | United States v. Pipkins, 528 F.2d 559, 563 (5th Cir. 1976) | 5 | It is vital to claim of attorney-client privilege that the communication was made and maintained in confidence. | It is vital to a claim of privilege that the communication have been made and maintained in confidence. | Is it vital to a claim of attorney-client privilege that the communication has been made and maintained in confidence? |
| 15161 | Phillips v. Scalf, 778 N.E.2d 480, 484 (Ind. Ct. App. 2002) | 7 | Under the rule of "mobilia sequuntur personam," the situs of intangible personal property is the legal domicile of the owner. | Indiana courts have recognized that under the rule of "mobilia sequuntur personam," the situs of intangible personal *484 property is the legal domicile of the owner. | What is the situs of an intangible personal property? |

| 15162 | Chavala Co-op. v. Hortman, 93 Ga. App. 505, 505 (Ga. Ct. App. 1956) | 6 | Unless otherwise stipulated, situs of a debt follows creditor's domicile and is construed according to laws of state in which creditor resides. | Unless otherwise stipulated the situs of a debt follows the domicile of the creditor and is construed according to the laws of the State in which he resides. | Which is the situs of a debt? |
|---|---|---|---|---|---|
| 15163 | S. Owners Ins. Co. v. Cooperativa De Seguros Multiples, 143 So. 3d 439, 442 (Fla. Dist. Ct. App. 2014) | 3 | The primary elements of ownership of property are the rights of possession, use and enjoyment, the right to change or improve the property, and the right to alienate the property. | The primary elements of ownership are the rights of possession, use and enjoyment, the right to change or improve the property, and the right to alienate the property. | What are the elements and rights of ownership of the property? |
| 15165 | Aerojet-Gen. Corp. v. Am. Arbitration Ass'n, 478 F.2d 248, 251 (9th Cir. 1973) | 4 | Basic purpose of arbitration is speedy disposition of disputes without the expense and delay of extended court proceedings. | The basic purpose of arbitration is the speedy disposition of disputes without the expense and delay of extended court proceedings. | What is the basic purpose of arbitration? |
| 15166 | Stark v. Sandberg, Phoenix & von Gontard, P.C., 381 F.3d 793, 803  (8th Cir. 2004) | 30 | Arbitration is not perfect system of justice, nor is it designed to be; rather, it is designed primarily to avoid complex, time-consuming and costly alternative of litigation. | Moreover, "[a]rbitration is not a perfect system of justice, nor it is [sic] designed to be." Hoffman, 236 F.3d at 462 (citation omitted). Rather, it "is designed primarily to avoid the complex, time-consuming and costly alternative of litigation." | For what purpose is arbitration primarily designed? |
| 15167 | Int'l Bhd. of Elec. Workers, Local No. 367, AFL-CIO v. Graham Cty. Elec. Coop., 783 F.2d 897, 899 (9th Cir. 1986) | 1 | "Interest arbitration" is arbitration over new contract terms and is distinct from "grievance arbitration," which covers disputes regarding compliance with an existing agreement. | "Interest arbitration" is arbitration over new contract terms. Interest arbitration is distinct from "grievance arbitration," which covers disputes regarding compliance with an existing agreement. | Differentiate between interest arbitration and grievance arbitration? |
| 15168 | In re Apple iPhone 3G Prod. Liab. Litig., 859 F. Supp. 2d 1084, 1088 (N.D. Cal. 2012) | 3 | Congress created the Federal Arbitration Act (FAA) to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate and place such agreements on the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | Congress created the Federal Arbitration Act ("FAA") to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate ... and place such agreements on the same footing as other contracts." | Is arbitration a forum for resolving disputes more expeditiously? |
| 15173 | Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 679 (7th Cir. 1983) | 11 | People who arbitrate do so because they prefer a tribunal knowledgeable about the subject matter of their dispute to a generalist court with its austere impartiality but limited knowledge of the subject matter. | Thus, people who arbitrate do so because they prefer a tribunal knowledgeable about the subject matter of their dispute to a generalist court with its austere impartiality but limited knowledge of subject matter. | Why do parties prefer to arbitrate? |
| 15175 | Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, 697 F.3d 59, 69 (2d Cir. 2012) | 13 | A plaintiff must explicitly designate a claim as an admiralty claim or else forego admiralty's special procedures and remedies; only if admiralty is the sole possible jurisdictional basis is the designation unnecessary. Fed.Rules Civ.Proc.Rule 9(h), 28 U.S.C.A. | a plaintiff must explicitly designate the claim as an admiralty claim or else forego admiralty's special procedures and remedies. Only if admiralty is the sole possible jurisdictional basis is the Rule 9(h) designation unnecessary. | What happens when a claim for relief falls within the federal courts' admiralty jurisdiction and also within the court's subject-matter jurisdiction? |

| 15176 | Pawn 1st v. City of Phoenix, 239 Ariz. 539, 559 (Ariz. Ct. App. 2016) | 8 | A zoning board has no powers except those granted by the statutes creating it, and its power is restricted to that granted by the zoning ordinance in accordance with the statute. A.R.S. S 9-462.06. | The Board "has no powers except those granted by the statutes creating it" and "its power is restricted to that granted by the zoning ordinance in accordance with the statute. | Do zoning boards have powers other than those granted by the zoning ordinance? |
| 15178 | LaPlace v. Briere, 404 N.J. Super. 585, 598 (App. Div. 2009) | 7 | A bailment may be created by contract, either express or implied, or by operation of law or statute. | A bailment may be created by contract, either express or implied, or by operation of law or statute. | Can a contract of bailment be created by operation of law? |
| 15180 | Ogle Cty. Bd. on Behalf of Cty.of Ogle v. Pollution Control Bd., 272 Ill. App. 3d 184, 191 (Ill. App. Ct. 1995) | 5 | Unlike court, administrative agency is statutory creation, limited in its authority by statute, and to extent that agency acts outside its statutory authority, it acts without jurisdiction. | Unlike a court, an administrative agency is a statutory creation, limited in its authority by statute. (Newkirk v. Bigard (1985), 109 Ill.2d 28, 37, 92 Ill.Dec. 510, 485 N.E.2d 321.) To the extent that an agency acts outside its statutory authority, it acts without jurisdiction. | "Is the authority of a statutory administrative agency, like the Pollution Control Board, limited by its enabling statute?" |
| 15181 | Brecciaroli v. Connecticut Comm'r of Envtl. Prot., 168 Conn. 349, 357 (Conn. 1975) | 8 | The "evils" of unreasonable pollution, impairment or destruction of our natural resources are proper subjects for regulation under the police power. C.G.S.A. S 22a-28; C.G.S.A.Const. art. 1, S 11. | The 'evils' of unreasonable pollution, impairment or destruction of our natural resources are proper subjects for regulation under the police power. | Does prevention of pollution come under the purview of the police power? |
| 15183 | Atl. Contracting & Material Co. v. Adcock, 161 N.C. App. 273, 277 (N.C. Ct. App. 2003) | 5 | For purposes of bailment being created by delivery of possession of goods and acceptance of delivery by bailee, "delivery" is defined as bailor's relinquishing exclusive possession, custody, and control to bailee. | This Court has previously held that "[a] bailment is created upon the delivery of possession of goods and the acceptance of their delivery by the bailee." Flexlon Fabrics, 39 N.C.App. at 447, 250 S.E.2d at 726. "Delivery" is defined as the bailor's "relinquishing exclusive possession, custody, and control to the bailee...." | What is delivery in a bailment? |
| 15198 | Calvert & Marsh Coal Co. v. Pass, 393 So. 2d 955, 957 (Ala. 1981) | 5 | Wantonness in a trespass action is established by mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | How is the element of wantonness established in a trespass action? |
| 15199 | State v. Parsley, 521 N.W.2d 44, 47 (Minn. Ct. App. 1994) | 8 | Claim of accidental discharge may establish defense to charge of intentional homicide. | A claim of accidental discharge may establish a defense to a charge of intentional homicide. | Can accidental discharge be used as a defense to the charge of intentional homicide? |
| 15200 | State v. McCall, 245 Iowa 991, 1000 (1954) | 13 | "Incest", in short, is sexual intercourse between persons too closely related, and is comparable with "adultery" which is sexual intercourse between persons one or both of whom are married to third persons. I.C.A. S 704.1. | In short, incest is sexual intercourse between persons too closely related. It is comparable with adultery which is sexual intercourse between persons one or both of whom are married to third persons. | Is incest comparable with adultery? |
| 15206 | In re Rausch, 213 B.R. 364, 368 (D. Nev. 1997) | 12 | While right to engage in one's occupation is important right that cannot be denied without due process under the Fifth Amendment, it is not fundamental right. U.S.C.A. Const.Amend. 5. | While the right to engage in an occupation is an important right that cannot be denied without due process under the Fifth Amendment, it is not a fundamental right. | Is a right to engage in a particular occupation a fundamental right? |

| 15208 | Jenoff v. Hearst Corp., 453 F. Supp. 541, 548 (D. Md. 1978), aff'd, 644 F.2d 1004 (4th Cir. 1981) | 8 | Plaintiff in a defamation action cannot recover punitive or exemplary damages in absence of proof of actual malice. U.S.C.A.Const. Amend. 1. | It is now well established that a plaintiff in a defamation action cannot recover punitive or exemplary damages in the absence of proof of actual malice under New York Times v. | When can exemplary damages not be recovered by a plaintiff? |
|---|---|---|---|---|---|
| 15211 | State v. Ryan, 249 Neb. 218, 223 (1996) | 9 | Without element of malice or mens rea, second-degree murder statute would be of doubtful validity and perhaps unconstitutional. Neb.Rev.St. S 28-304(1). | Without the element of malice or mens rea, Neb.Rev.Stat.  28-304(1) (Reissue 1989), the second degree murder statute, would be of doubtful validity and perhaps unconstitutional. | Is malice an essential element of murder? |
| 15216 | Green Tree-AL LLC v. Dominion Res., 104 So. 3d 177, 185 (Ala. App. 2012) | 3 | Because a manufactured home is personal property, it cannot be conveyed by deed and must be conveyed by transferring the certificate of title as required by statute. Code 1975, S 32-20-30(a). | Because a manufactured home is personal property, it cannot be conveyed by deed and must be conveyed by transferring the certificate of title as required by  32-20-30(a) and former  32-8-44(a). | Can a manufactured home be a personal property? |
| 15217 | Safer v. Nelson Fin. Grp., 422 F.3d 289, 294 (5th Cir. 2005) | 4 | There is strong federal policy in favor of arbitration; arbitration should not be denied unless it can be said with positive assurance that arbitration clause is not susceptible of interpretation which would cover dispute at issue. | See Neal, 918 F.2d at 37. Specifically, we have held that arbitration should not be denied "unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." | Under what circumstances may courts deny arbitration? |
| 15223 | Green Tree-AL LLC v. Dominion Res., 104 So. 3d 177, 185 (Ala. App. 2012) | 3 | Because a manufactured home is personal property, it cannot be conveyed by deed and must be conveyed by transferring the certificate of title as required by statute. Code 1975, S 32-20-30(a). | Because a manufactured home is personal property, it cannot be conveyed by deed and must be conveyed by transferring the certificate of title as required by  32-20-30(a) and former  32-8-44(a). | Is it possible to convey a manufactured home by deed? |
| 15224 | Barrett v. Manufacturers Ry. Co., 453 F.2d 1305, 1307 (8th Cir. 1972) | 2 | Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. Labor Management Relations Act, 1947, S 301, 29 U.S.C.A. S 185. | Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. | Is the decision of the arbitrator subject to review? |
| 15225 | Project Reflect, Inc. v. Metro. Nashville Bd. of Pub. Educ., 947 F. Supp. 2d 868, 879 (M.D. Tenn. 2013) | 19 | In Tennessee, school-age children have a constitutional and statutory right to a public education. West's T.C.A. Const. Art. 11, S 12; West's T.C.A. SS 49-6-3001(c)(1), 49-6-3003. | In Tennessee, school-age children have a constitutional and statutory right to a public education. | Do school-age children have a constitutional and statutory right to a public education? |
| 15228 | Graber v. Fuqua, 279 S.W.3d 608, 617 (Tex. 2009) | 11 | Claims for malicious prosecution arise only after the underlying case reaches a final judgment and all appeals are exhausted. | By definition, Texas claims for malicious prosecution arise only after the underlying case reaches a final judgment and all appeals are exhausted. | When is judgment considered as final for malicious prosecution action? |
| 15232 | Camunes v. Frontier Enterprises, 61 S.W.3d 579, 580 (Tex. App. 2001) | 3 | The only judicially-created exception to the employment-at-will doctrine is the discharge of an employee for the sole reason that the employee refused to perform an illegal act. | The only judicially-created exception to the employment-at-will doctrine recognized by our state supreme court is "the discharge of an employee for the sole reason that the employee refused to perform an illegal act." | Is there any judicial exception to the employment-at-will doctrine? |

| | | | | | |
|---|---|---|---|---|---|
| 15235 | Lutz v. Erie Ins. Exch., 848 N.E.2d 675, 678 (Ind. 2006) | 4 | A trial court may judicially notice a party's pleadings, whether or not facts recited in those pleadings are susceptible of judicial notice. Rules of Evid., Rule 201. | It is well settled in Indiana that a trial court may judicially notice a party's pleadings, whether or not facts recited in those pleadings are susceptible of judicial notice. | Can courts take judicial notice of pleadings? |
| 15239 | In re Application of Neb. Pub. Power Dist., 281 Neb. 350, 350 (2011) | 1 | A decision of the Power Review Board (PRB) will be affirmed if it is supported by the evidence and is not arbitrary, capricious, unreasonable, or otherwise illegal. | A decision of the Nebraska Power Review Board will be affirmed if it is supported by the evidence and is not arbitrary, capricious, unreasonable, or otherwise illegal. | When will a decision of the Power Review Board be affirmed? |
| 15240 | In re City of N. Platte, 257 Neb. 551, 551 (Neb. 1999) | 1 | Decision of the Power Review Board (PRB) will be affirmed if it is supported by the evidence and is not arbitrary, capricious, unreasonable, or otherwise illegal. | A decision of the Nebraska Power Review Board will be affirmed if it is supported by the evidence and is not arbitrary, capricious, unreasonable, or otherwise illegal. | When will a decision of the Power Review Board be affirmed? |
| 15242 | Kraft v. Langford, 565 S.W.2d 223, 227 (Tex. 1978) | 9 | Concepts of temporary and permanent injuries to real property are mutually exclusive and damages for both may not be recovered in same action. | The concepts of temporary and permanent injuries are mutually exclusive and damages for both may not be recovered in the same action. | Can a party recover damages for both permanent and temporary damages in a single action? |
| 15245 | Prof'l Real Estate Inv'rs v. Columbia Pictures Indus., 508 U.S. 49, 62 (1993) | 7 | Probable cause to institute civil proceedings requires no more than reasonable belief that there is chance that claim may be held valid upon adjudication. | Probable cause to institute civil proceedings requires no more than a "reasonabl[e] belie[f] that there is a chance that [a] claim *63 may be held upon adjudication" (internal quotation marks omitted). | When does a litigant have probable cause to initiate a suit? |
| 15246 | Ray v. Donohew, 177 W. Va. 441, 449 (W. Va. 1987) | 5 | Doctrine of subrogation means that one who has right to pay, and does pay, that which ought to have been paid by another is entitled to exercise all remedies with creditor possessed against other. | "The doctrine of subrogation is that one who has the right to pay, and does pay, a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other." | What does the right of subrogation depend upon? |
| 15247 | Old Republic Life Ins. Co. v. TransWood Inc., 2016-0552 (La. App. 1 Cir. 6/2/17), 222 So. 3d 995, 1003 (La. Ct. App. 2017) | 13 | Subrogation may result from either the agreement of the obligor or the obligee or both with a third person, or directly by operation of law. La. Civ. Code Ann. art. 1825. | This means that subrogation may result from either the agreement of the obligor or the obligee or both with a third person, or directly by operation of law. . | What does subrogation result from? |
| 15248 | Dawson v. State Law Enf't Div., 304 S.C. 59, 61 (S.C. 1991) | 2 | State Employee Grievance Committee, as final administrative authority, may not delegate its role as final decision maker to personnel director. | We further conclude the Grievance Committee, as the final administrative authority, may not delegate its role as final decision-maker to the Personnel Director. | Can an administrative body delegate its role of decision making? |
| 15251 | Faroldi v. Nungesser, 144 So. 2d 568, 569 (La. Ct. App. 1962) | 1 | Lease is contract imposing reciprocal obligations on parties by which one party gives to the other the enjoyment of a thing at fixed price. LSA-C.C. art. 2669. | A lease in a contract imposing reciprocal obligations on the parties by which one party gives to the other the enjoyment of a thing at a fixed price. | Are there reciprocal obligations in leases? |

| | | | | | |
|---|---|---|---|---|---|
| 15255 | Ford Motor Credit Co. v. Ditton, 52 Ala. App. 555, 557 (1974) | 2 | Gist of action of trespass is an injury to the possession of personal property by use of unlawful force which is essential element of action. | The gist of the action of trespass is an injury to the possession of personal property by use of unlawful force. Unlawful force is the essential element of the action. | Can the unlawful force which is necessary to constitute trespass be constructive force? |
| 15256 | Jocks v. Tavernier, 97 F. Supp. 2d 303, 318 (E.D.N.Y. 2000) | 25 | Under New York law, damages for false arrest are to compensate for injuries from the beginning of custody to arraignment, while damages for malicious prosecution are to compensate for injuries after arraignment. | Under New York law, damages for false arrest are to compensate for injuries from the beginning of custody to arraignment, and damages for malicious prosecution are to compensate for injuries after arraignment. | What form of remedy is available under a claim of malicious prosecution? |
| 15258 | Hannes v. Kingdom of Roumania Monopolies Inst., 260 A.D. 189, 195, 20 N.Y.S.2d 825, 832 (App. Div.), order resettled, 260 A.D. 1058, 26 N.Y.S.2d 856 (App. Div. 1940) | 4 | The law granting immunity to foreign sovereigns grants like immunity to those representing them, such as ambassadors, and the immunity extends to instrumentalities and property of the sovereigns. | There is no doubt that the law granting immunity to the persons of foreign sovereigns grants like immunity to those representing them, such as ambassadors or similar agents, and that this immunity extends to their instrumentalities and property. | Does the privilege of immunity extend to the property of foreign sovereigns? |
| 15263 | Cobin v. Rice, 823 F.Supp. 1419, 1426 (N.D. Ind. 1993) | 3 | Under California law, conduct of partners which is injurious to partnership constitutes ground for judicial dissolution of partnership. West's Ann.Cal.Corp.Code S 15032(1)(d, f). | Under California law, conduct of a partner which is injurious to the partnership constitutes a ground for judicial dissolution of the partnership. | Can the conduct of a partner be grounds for the dissolution of a partnership? |
| 15264 | Zaidi v. Shah, 502 S.W.3d 434, 442 (Tex. App. 2016) | 17 | Certain formal relationships, such as those between an attorney and client, between partners, and between a trustee and a trust beneficiary, give rise to fiduciary duties as a matter of law. | More commonly, certain formal relationships—such as those between an attorney and client, between partners, and between a trustee and a trust beneficiary—give rise to fiduciary duties as a matter of law. | Does a fiduciary relationship exist between partners in a partnership? |
| 15267 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 27 (N.H. 2007) | 19 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | [E]quitable subrogation "applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation apply? |
| 15277 | Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) | 8 | Under Alabama law, conviction for rape requires evidence that victim was alive at time of intercourse. Ala.Code 1975, S 13A-6-61(a). | Under Alabama law, a conviction for rape requires evidence that the victim was alive at the time of intercourse. | Does a conviction for rape require the victim to be alive when it was committed? |
| 15278 | Johnson v. Beane, 541 Pa. 449, 456, 664 A.2d 96, 100 (1995) | 10 | Goal of subrogation is to place burden of debt upon person who should bear it. | The goal of subrogation is to place the burden of the debt upon the person who should bear it. | Does subrogation place the burden on the debt upon the person who should bear it? |
| 15279 | Trogub v. Robinson, 366 Ill. App. 3d 838, 842 (Ill. App. Ct. 2006) | 1 | "Subrogation" is the substitution of one person for another; one person stands in the shoes of another and asserts that person's rights against the defendant. | "Subrogation simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant." | Is subrogation the substitution of one person for another? |
| 15280 | McShaffry v. Amegy Bank Nat. Ass'n, 332 S.W.3d 493, 498 (Tex. App. 2009) | 6 | Statute that provides subrogation rights for sureties includes guarantors who have paid a judgment. V.T.C.A., Bus. & C. S 34.04. | Thus, Section 34.04 provides subrogation rights for guarantors who have paid a judgment. | Does subrogation rights are provided to guarantors who have paid a judgment? |

| 15281 | In re Steve's Furniture Warehouse, 46 B.R. 80, 82 (B.A.P. 9th Cir. 1985) | 9 | Once guarantor has paid principal's obligation, guarantor is subrogated to creditor's rights. West's Ann.Cal.Civ.Code, S 2848. | Once a guarantor has paid the principal's obligation, the guarantor is subrogated to the creditor's rights. Cal.Civ.Code   2848. | Is a guarantor subrogated to creditor's rights once the guarantor has paid principal's obligation? |
| 15283 | Bronco Wine Co. v. Jolly, 129 Cal. App. 4th 988, 1030, 29 Cal. Rptr. 3d 462, 493 (2005) | 23 | The takings clause protects real property, tangible personal property, and intangible property. U.S.C.A. Const.Amend. 5. | The takings clause protects real property (Lucas v. S.C. Coastal Council (1992) 505 U.S. 1003, 1019, 112 S.Ct. 2886, 2895, 120 L.Ed.2d 798, 815), tangible personal property (Andrus v. Allard (1979) 444 U.S. 51, 65, 100 S.Ct. 318, 326, 62 L.Ed.2d 210, 222(Andrus )) and intangible property. | "Are real, tangible and personal property protected by taking clause?" |
| 15288 | Benson v. Shuler Drilling Co., 316 Ark. 101, 107 (Ark. 1994) | 3 | When party files motion in limine to exclude evidence as hearsay, burden is on offering party to prove admissibility of evidence. | When a party asks for a motion in limine to exclude evidence because it is hearsay, the burden is on the "offering party to prove the admissibility of the evidence." See Robin L. | "When a motion in limine is made, does the proponent of the evidence have the burden of showing that the evidence is admissible?" |
| 15292 | Lowder v. All Star Mills, 60 N.C. App. 699, 705 (N.C. Ct. App. 1983) | 4 | For pretrial motion hearings it is affidavits and not oral testimony that is preferred form of evidence. | For pretrial motion hearings it is affidavits and not oral testimony that is the preferred form of evidence. | What is the preferred form of evidence for pretrial motion hearings? |
| 15293 | Rosebrock v. E. Shore Emergency Physicians, 221 Md. App. 1, 12 (2015) | 2 | Under well-established principles of agency law, an agent's authority terminates upon the death of the principal. | "[Under well-established principles of agency law, an agent's authority terminates upon the death of the principal." | Can agent terminate agency on principals death? |
| 15295 | Chicago Rys. Co. v. Com. Comm'n, 336 Ill. 51, 67, 167 N.E. 840, 847 (1929) | 10 | One purpose of public utility legislation is to protect established utility from destructive competition. | One of the purposes to be served by legislation concerning public utilities is to protect an established public utility in its field from destructive competition. | Does the legislation concerning public utilities protect them from destructive competition? |
| 15297 | Cline v. Yamaga, 97 Cal. App. 3d 239, 245, 158 Cal. Rptr. 598, 601 (Ct. App. 1979) | 1 | A cause of action arises when liability or obligation is established and suit may be brought. | A cause of action arises when the liability or obligation is established and suit may be brought. | Does a cause of action arise when a liability or obligation is established? |
| 15298 | Am. Gen. Life & Acc. Ins. Co. v. Edwards, 76 So. 3d 183, 186 (Miss. Ct. App. 2011) | 4 | A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested. | The Mississippi Supreme Court and this Court have long recognized that "a cause of action 'accrues' when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." | Does cause of action arise when party has right to sue? |

| 15302 | El Hoss Eng'g & Transp. Co. v. Am. Indep. Oil Co., 183 F. Supp. 394, 400 (S.D.N.Y. 1960), rev'd, 289 F.2d 346 (2d Cir. 1961) | 7 | Neither an alleged breach nor a repudiation of a contract precludes arbitration under an arbitration clause, and illegality of contract in whole or in part does not operate to nullify an agreement to arbitrate. 9 U.S.C.A. SS 1, 2, 4. | Neither an alleged breach or a repudiation of a contract precludes arbitration under an arbitration clause. Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra; Almacenes Fernandez, S. A. v. Golodetz, 2 Cir., 148 F.2d 625, 161 A.L.R. 1420; In re Pahlberg's Petition, 2 Cir., 131 F.2d 968; Kulukundis Shipping Co., SA v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978. Similarly, illegality of the contract in whole or in part does not operate to nullify an agreement to arbitrate. | Does an illegal clause in a contract operate to nullify an agreement to arbitrate found in the same contract? |
| 15307 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141, 1179 (D. Idaho 2011) | 44 | The act of state doctrine is meant to facilitate the foreign relations of the United States; it recognizes thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because involvement of courts in such a decision might frustrate conduct of United States foreign policy. | The doctrine is "meant to facilitate the foreign relations of the United States....." It recognizes "the thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of United States foreign policy." | Is the act of state doctrine meant to facilitate the foreign relations of the United States? |
| 15308 | Anderson v. Gladden, 188 F. Supp. 666, 670 (D. Or. 1960) | 7 | The jurisdiction of a nation within its own territory is exclusive and absolute and is susceptible to no limitation not imposed by itself. | The jurisdiction of a nation (Oregon) within its own territory is exclusive and absolute and is susceptible to no limitation not imposed by itself. | Is the jurisdiction of a nation within its own territory exclusive and absolute? |
| 15310 | In re Philippine Nat'l. Bank, 397 F.3d 768, 773 (9th Cir. 2005) | 6 | Act of state doctrine is to be applied pragmatically and flexibly, with reference to its underlying considerations. | "[T]he [act of state] doctrine is to be applied pragmatically and flexibly, with reference to its underlying considerations." | Should act of state doctrine be applied pragmatically and flexibly? |
| 15311 | Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934, 951 (D.C. Cir. 2008) | 20 | Under the act of state doctrine, the burden of proving an act of state rests on the party asserting the defense. | The burden of proving an act of state rests on the party asserting the defense. | Does the burden of establishing that the conduct of a foreign government amounts to an Act of State rest with the party asserting the defense? |
| 15315 | Maryland Cas. Co. v. NSTAR Elec. Co., 471 Mass. 416, 421 (2015) | 4 | A public utility's liability for damages may be limited by properly filed and approved tariffs. | In Massachusetts, a public utility's "liability for damages may be limited by properly filed and approved tariffs." | Can a public utility limit its liability in its tariff? |
| 15316 | Shenker v. Lockheed Sanders, Inc., 919 F. Supp. 55, 61 (D. Mass. 1996) | 13 | Under New Hampshire law, a cause of action "arises" when all of the necessary elements are present. | Under New Hampshire law (as opposed to federal law), a cause of action "arises" when all of the necessary elements are present. | "Does a cause of action ""arise"" when all of the necessary elements are present?" |
| 15323 | Karaha Bodas v. Perusahaan Pertambangan Minyak, 313 F.3d 70, 92 (2d Cir. 2002) | 28 | Foreign sovereign's views regarding its own laws merit, although they do not command, some degree of deference. | We also agree with other Courts of Appeals that have suggested that a foreign sovereign's views regarding its own laws merit-although they do not command-some degree of deference. | Does a foreign sovereigns view regarding its own laws merit some degree of deference? |

| 15324 | World Wide Mins. Ltd. v. Republic of Kazakhstahn, 116 F. Supp. 2d 98, 104 (D.D.C. 2000), aff'd in part, remanded in part sub nom. World Wide Mins., Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 (D.C. Cir. 2002) | 11 | Act of state doctrine does not demonstrate a lack of jurisdiction, but rather functions as a doctrine of abstention. | The doctrine does not demonstrate a lack of jurisdiction but rather functions as a doctrine of abstention. | Does the act of state doctrine demonstrate a lack of jurisdiction or a lack of function as a doctrine of abstention? |
|---|---|---|---|---|---|
| 15325 | Attorney General of Canada v. R.J. Reynolds, 268 F.3d 103, 125 (2d Cir. 2001) | 4 | Under "act-of-state doctrine," court presumes validity of foreign state's laws within that state's territory. | Under the act-of-state doctrine, a court presumes the validity of a foreign state's laws within that state's territory. | "Under the act of state doctrine, are courts precluded from inquiring into validity of public acts of recognized sovereign power committed within its own territories?" |
| 15326 | Huff Energy Fund, L.P. v. Longview Energy Co., 482 S.W.3d 184, 195 (Tex. App. 2015) | 8 | Where special exceptions are not filed, court construes the petition liberally in favor of the pleader. | When, as here, special exceptions are not filed, we construe the petition liberally in favor of the pleader. | Will a petition be construed liberally in favor of the pleader when there are no special exceptions? |
| 15327 | Kaldis v. Crest Fin., 463 S.W.3d 588, 593 (Tex. App. 2015) | 4 | In the absence of special exceptions, courts must construe the pleadings liberally in favor of the pleader. | In the absence of special exceptions, as here, courts must construe the pleadings liberally in favor of the pleader. | Are pleadings construed liberally in favor of the pleader? |
| 15330 | Krosky v. Ohio Edison Co., 20 Ohio App. 3d 10, 14 (1984) | 10 | Granting of motion in limine is prospective order and makes no determination as to ultimate admissibility of evidence. | The granting of a motion in limine is a prospective order and makes no determination as to the ultimate admissibility of the evidence. | Are motions in limine prospective and dispositive as to the final admissibility of evidence? |
| 15331 | Ball v. Rao, 48 S.W.3d 332, 339 (Tex. App. 2001) | 14 | Repeated violations of limine orders may result in mistrials or reversals. | We must also keep in mind that repeated violations of limine orders may result in mistrials or reversals. | Do repeated violations of in limine orders result in a mistrial or a reversal? |
| 15332 | Auchan USA, Inc. v. Houston Lighting & Power Co., 961 S.W.2d 197, 202 (Tex. App. 1997) | 6 | Unless found to be unreasonable, public utility tariffs carry dignity of statutory law. Vernon's Ann.Texas Civ.St. art. 1446c-0, S 1.002. | Unless found to be unreasonable, tariffs carry the dignity of statutory law. | Do tariffs carry the dignity of statutory law? |
| 15337 | Trampush v. United FCS (In re Trampush), 552 B.R. 817, 824 (Bankr. W.D. Wis. 2016) | 17 | Wisconsin does not follow either the majority or minority rules that require actual or constructive knowledge of other liens to defeat subrogation; Wisconsin, instead, has adopted the "Restatement Approach" to subrogation, which gives courts freedom in weighing the equitable concerns in each individual case, such that, in Wisconsin, equitable concerns reign supreme. | In that context, Wisconsin does not follow either the majority or minority rules that require actual or constructive knowledge of other liens to defeat subrogation. Wisconsin adopted what is called the Restatement Approach to subrogation. This approach gives courts freedom in weighing the equitable concerns in each individual case. 2  In Wisconsin, equitable concerns reign supreme. | What is Restatement Approach in relation to subrogation? |

| 15338 | Commonwealth v. Johnston, 446 Mass. 555, 558 (Mass. 2006) | 1 | Conviction of assault with intent to murder requires proof of assault and a specific intent to kill that equates with malice, and "malice," in this context, means only the absence of justification, excuse, and mitigation. M.G.L.A. c. 265, S 18(b). | Conviction of assault with intent to murder requires proof of assault and a specific intent to kill that equates with malice. 4 Commonwealth v. Henson, 394 Mass. 584, 590-591, 476 N.E.2d 947 (1985). "Malice" in this context "means only the absence of justification, excuse, and mitigation." Id. | Does intent to murder means intent to kill with malice? |
| 15340 | Chapman v. Depuy Orthopedics, Inc., 760 F. Supp. 2d 1310, 1314 (M.D. Fla. 2011) | 5 | Under Virginia law, cause of action accrues under tort law on date that injury is sustained. West's V.C.A. S 8.01-243(A). | Under Virginia law, the cause of action accrues under tort law on the date that the injury is sustained. | Does a tort cause of action accrue until an injury is sustained? |
| 15342 | U.S. v. Hill, 279 F.3d 731, 740 (9th Cir. 2002) | 10 | Extraterritorial jurisdiction is proper under the "nationality theory," which permits a country to apply its statutes to extraterritorial acts of its own nationals. | Extraterritorial jurisdiction is also proper under the nationality theory, which permits a country to apply its statutes to extraterritorial acts of its own nationals. | "Is extraterritorial jurisdiction proper under the ""nationality theory""?" |
| 15348 | Ford Motor Credit Company v. Ditton, 52 Ala. App. 555, 557 (1974) | 2 | Gist of action of trespass is an injury to the possession of personal property by use of unlawful force which is essential element of action. | The gist of the action of trespass is an injury to the possession of personal property by use of unlawful force. Unlawful force is the essential element of the action. | What is the gist of the action of trespass? |
| 15351 | Law Project v. State, 239 P.3d 1252, 1254-1255 (Alaska 2010) | 1 | Supreme Court reviews de novo whether a party has standing to sue, as the issue raises a question of law. | We review de novo whether a party has standing to sue, as the issue raises a *1255 question of law. | Is a party's standing to sue a question of law? |
| 15353 | Blue Cross of W. New York, Inc. v. Bd. of Co-op. Educ. Servs. Orleans-Niagara Ctys., 187 A.D.2d 933, 933, 590 N.Y.S.2d 353, 354–55 (1992) | 1 | Generally, cause of action on contract accrues when extent of damages can be ascertained, and where there is likelihood of setoffs and debits, a claim does not accrue. | Generally, a cause of action on a contract accrues when the extent of damages can be ascertained (Matter of Board of Educ. of Enlarged Ogdensburg City School Dist. [Wager Constr. Corp.], 37 N.Y.2d 283, 372 N.Y.S.2d 45, 333 N.E.2d 353; **355 Carthage Cent. School Dist. No. 1 v. Reddick & Sons of Gouverneur, 67 A.D.2d 808, 412 N.Y.S.2d 930). Where there is a likelihood of setoffs and debits, a claim does not accrue | Does a cause of action on contract accrue when extent of damages can be ascertained? |
| 15356 | Lyerly v. Yeadon, 199 S.C. 363, 19 S.E.2d 648, 654 (1942) | 2 | Legal injury must be sustained before any cause of action in any case arises. | A legal injury must be sustained before any cause of action in any case arises. | Should legal injury be sustained before any cause of action in any case arises? |
| 15357 | Gilchrist v. United States, 33 Fed. Cl. 791, 800 (1995) | 10 | Department of Defense (DOD) directive is controlling authority over Army regulation. | The DOD Directive is the controlling authority over the Army regulation. | Do Department of Defense (DOD) directives control when they conflict with regulations promulgated by the Army? |
| 15359 | Cook v. City of Topeka, 232 Kan. 334, 338, 654 P.2d 953, 957 (1982) | 3 | A clerk of a court is a ministerial officer and, without statutory authority, cannot exercise a judicial function. | A clerk of a court is a ministerial officer, Eldridge v. Deets, 4 Kan.App. 241, 243, 45 P. 948 (1896), and without statutory authority cannot exercise judicial functions. | Can a clerk of a Court exercise judicial functions? |

| 15360 | Ferlita v. State, 380 So. 2d 1118, 1119 (Fla. Dist. Ct. App. 1980) | 8 | A clerk of court acts in purely ministerial capacity, and has no discretion to pass upon sufficiency of documents presented for filing. | A clerk acts in a purely ministerial capacity, and has no discretion to pass upon the sufficiency of documents presented for filing. | Does a court clerk exercise any discretion? |
|---|---|---|---|---|---|
| 15362 | Bailey v. United States, 78 Fed. Cl. 239 (2007) | 4 | Property owner is free to attempt to invalidate government decision and also to seek compensation if he alleges that decision resulted in taking. U.S.C.A. Const.Amend. 5. | A property owner is free to attempt to invalidate a government decision and also to seek compensation if he alleges that decision resulted in a taking. | Who is entitled to compensation of a taking under the law? |
| 15367 | Sinell v. Town of Sharon, 206 Minn. 437, 289 N.W. 44 (1939) | 2 | Laches is a strictly equitable defense, as distinguished from the absolute defense afforded by a statute of limitations. | It is a strictly equitable defense as distinguished from the absolute defense afforded by statute of limitations. | "Is laches a strictly equitable defense, distinguished from the absolute defense afforded by a statute of limitations?" |
| 15370 | In re Latin Inv. Corp., 156 B.R. 102, 110 (D.D.C. 1993) | 9 | Whether instrument is negotiable is question of law to be determined solely from face of instrument, without reference to intent of parties. U.C.C. S 9-105(1)(i). | In any event, "[w]hether an instrument is negotiable is a question of law to be determined solely from the face of the instrument, without reference to the intent of the parties." | How should it be determined if an instrument is negotiable? |
| 15371 | Hoke ex rel. Reidenbach v. Elizabethtown Area Sch. Dist., 833 A.2d 304, 313 (Pa. 2003) | 7 | A court is not supposed to be a "super" school board and substitute its own judgment for that of the school district, and therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies; however, courts can intervene if schools act outside their statutory authority. | It is true that a court is not supposed to be a "super" school board and substitute its own judgment for that of the school district; therefore, in the absence of a gross abuse of discretion, courts will not second-guess school policies. However, courts can intervene if schools act outside their statutory authority. | Can the courts intervene when schools act outside their statutory authority? |
| 15372 | Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426 (1982) | 2 | A permanent physical occupation authorized by government is a "taking" without regard to the public interest that it may serve. U.S.C.A.Const.Amends. 5, 14. | We conclude that a permanent physical occupation authorized by government is a taking without regard to the public interests that it may serve. | What does the term permanent physical occupation encompasses under the law? |
| 15373 | Wray v. Fitch, 95 Ohio App. 3d 249, 252, 642 N.E.2d 63, 65 (1994) | 4 | To be considered part of the "taking" in an appropriation case, so that abutting landowner would be entitled to compensation, interference with access to or from property must be substantial, material or unreasonable; "substantial interference" occurs when owner is prevented from enjoying continued use to which property had been previously devoted. | To be considered a part of the "taking" in an appropriation case, so that the abutting landowner would be entitled to compensation, the interference with access to or from the property must be substantial, material or unreasonable. State ex rel. Merritt v. Linzell (1955), 163 Ohio St. 97, 56 O.O. 166, 126 N.E.2d 53, paragraph one of the syllabus; Englewood v. Wagoner (1987), 41 Ohio App.3d 324, 331, 535 N.E.2d 736, 743–744. "Substantial interference" occurs when an owner is "prevented from enjoying the continued use to which the property had been previously devoted." | When does a Substantial interference occur under the taking law? |

| | | | | | |
|---|---|---|---|---|---|
| 15379 | Lang v. Nissan North America, Inc., 170 S.W.3d 564, 572 (Tenn. 2005) | 21 | In exchange for no-fault recovery, employees have limited recovery and relinquish certain common-law rights of action against their employers which they might otherwise have had, and thus, delicate compromise between the interests of employers and employees lies at the heart of workers' compensation law. | However, in exchange for no-fault recovery, employees have limited recovery and relinquish certain common-law rights of action against their employers which they might otherwise have had. A delicate compromise between the interests of employers and employees thus lies at the heart of workers' compensation law. | What is at the heart of a workers compensation law? |
| 15381 | First Natl. Bank of Kansas City v. Kavorinos, 364 Mo. 947, 953 (Mo. 1954) | 4 | The right to judgment depends on the facts as they existed at the time of the commencement of the action and not at the time of the trial. | Furthermore, it is said that, in such an action, 'the right to judgment depends on the facts as they existed at the time of the commencement of the action and not at the time of the trial.' | Must a judgment be supported by facts as they existed at the time of the commencement of an action? |
| 15384 | State v. Holt, 368 P.3d 409, 413 (N.M. 2016) | 7 | Privacy interest that modern burglary statute protects is related to, though broader than, the security of habitation. West's NMSA S 30-16-3. | "The privacy interest that our modern burglary statute protects is related to, though broader than, the security of habitation." | What is the interest that the burglary statute protects? |
| 15386 | Poorbaugh v. United States, 27 Fed. Cl. 628, 633 (1993) | 13 | No taking of trees can occur unless government has taken underlying property; destruction of trees without taking of underlying land is characterized as tortious invasion or conversion and is not compensable in Court of Federal Claims. U.S.C.A. Const.Amend. 5. | However, no taking of trees can occur unless the government has taken the underlying property. See Barnes, 538 F.2d at 874; Baird v. United States, 5 Cl.Ct. 324, 330-31 (1984). Destruction of trees without the taking of the underlying land is characterized as a tortious invasion or conversion and not compensable in this court. | Can taking of trees occur if the government hasnt taken the underlying property? |
| 15390 | Travelers Indemnity Co. of Conn. v. the Losco Group, 204 F. Supp. 2d 639, 644 (S.D.N.Y. 2002) | 3 | Under New York law, claims for gross negligence are not precluded by waivers of subrogation provisions. | It is the law in New York that claims for gross negligence are not precluded by waivers of subrogation provisions. | Can a subrogation waiver bar a claim for gross negligence? |
| 15391 | Footlocker v. KK & J, 69 A.D.3d 481, 482, (N.Y. App. 2010) | 3 | Waiver of subrogation clauses are necessarily premised on the procurement of insurance by the parties. | Paul points out, waiver of subrogation clauses are "necessarily premised on the procurement of insurance by the parties" | Is waiver of subrogation clauses premised on the procurement of insurance by the parties? |
| 15392 | Travelers Indemnity Co. of Conn. v. the Losco Group, 204 F. Supp. 2d 639, 644 (S.D.N.Y. 2002) | 3 | Under New York law, claims for gross negligence are not precluded by waivers of subrogation provisions. | It is the law in New York that claims for gross negligence are not precluded by waivers of subrogation provisions. | Does a waiver of subrogation bar claims of negligence or gross negligence? |
| 15397 | Champion Spark Plug Co. v. Reich, 121 F.2d 769, 772 (8th Cir. 1941) | 1 | Equity is not restricted to an adjustment of rights of parties as such rights existed when suit was brought, but will give relief appropriate to events occurring pending the suit. | That contention ignores the rule that a court of equity is not restricted to an adjustment of the rights of the parties as they existed when suit was brought, but will give relief appropriate to events occurring pending the suit. | Does equity act in the present tense and mold its decree to actualities? |

| | | | | | |
|---|---|---|---|---|---|
| 15399 | Dunn Indus. Grp. v. City of Sugar Creek, 2002 WL 31548615 (Mo. 2003) | 49 | Guarantor who is not signatory to contract containing arbitration clause is generally not bound by the arbitration clause, but in most state courts, including Missouri, the strong federal policy in favor of arbitration means arbitration agreements are enforced against guarantors or sureties where the arbitration agreement is incorporated by reference into the guaranty or performance bond. | As such, a guarantor who is not a signatory to a contract containing an arbitration clause is generally not bound by the arbitration clause. Grundstad v. Ritt, 106 F.3d 201, 204 (7th Cir.1997)(quoting Asplundh Tree Expert Co. v. Bates, 71 F.3d 592, 595 (6th Cir.1995)). However,in a majority of state courts including Missouri, due to the strong federal policy in favor of arbitration, arbitration agreements are enforced against guarantors or sureties where the arbitration agreement is incorporated by reference 4  into the guaranty or performance bond. | Is a guarantor who is not a signatory to a contract containing an arbitration clause bound by the arbitration clause? |
| 15400 | United States v. McGee, 432 F. Supp. 557, 561 (S.D. Ohio 1977) | 4 | Providing for the common defense is the obligation of the national military establishment and such obligation runs to all citizens irrespective of location. U.S.C.A.Const. art. 1, S 8. | It is not, however, charged with providing for the common defense. This is the obligation of the military establishment of this nation, an obligation to all citizens irrespective of location. | Is providing for the common defense an obligation of the military? |
| 15405 | In re Rebel Rents, 307 B.R. 171, 191 (C.D. Cal. 2004) | 21 | Like other equitable remedies, right to subrogation may be lost by waiver, laches, or estoppel. | Like other equitable remedies, a right to subrogation may be lost by waiver, laches, or estoppel. | "Can you lose subrogation rights by waiver, laches, or estoppel?" |
| 15406 | Wright v. Smith, 4 Ill. App. 2d 470, 477, 124 N.E.2d 363, 366 (Ill. App. Ct. 1955) | 9 | Rights of parties in equity are properly determined as of the date of the entry of the decree. | The rights of the parties in equity were properly determined as of the date of the entry of the decree. | Are the rights of parties in equity determined as of the date of the entry of the decree? |
| 15412 | Champion Auto Sales, LLC v. Polaris Sales Inc., 943 F. Supp. 2d 346, 351 (E.D.N.Y. 2013) | 3 | Under the Federal Arbitration Act (FAA), the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. 9 U.S.C.A. S 2. | In keeping with this policy, the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. | How do courts enforces privately-negotiated arbitration agreements? |
| 15413 | Consol. Bathurst, Ltd. v. Rederiaktiebolaget Gustaf Erikson, 645 F. Supp. 884 (S.D. Fla. 1986) | 1 | Under Arbitration Act, arbitration clauses are to be generously construed and all doubts are to be resolved in favor of arbitration. 9 U.S.C.A S 1 et seq. | Under the Arbitration Act, 9 U.S.C.  1, et seq., "[A]rbitration clauses are to be generously construed and all doubts are to be resolved in favor of arbitration." | Should arbitration clauses be generously construed and all doubts resolved in favor of arbitration? |
| 15418 | Inland Wetlands & Watercourses Comm'n of the Town of Wallingford v. Andrews, 139 Conn. App. 359, 364 (Conn. App. Ct. 2012) | 4 | Proper way to vindicate a legal position is not to disobey the court orders, but rather to challenge them on appeal. | The proper way to vindicate a legal position is not to disobey the orders, but rather to challenge them on appeal. | What is the proper way to vindicate a legal position? |
| 15419 | Serco Company v. Choice Bumper, Inc., 199 Ga. App. 846 (1991) | 1 | Although cross appeal may survive dismissal of main appeal, this is true only where cross appeal can stand on its own merit. O.C.G.A. S 5-6-48(e). | Although under OCGA  5-6-48(e), a cross-appeal may survive the dismissal of main appeal, "this is true only where the cross-appeal can stand on its own merit." | When can a cross appeal survive dismissal of the main appeal? |

| 15422 | People v. Mooney, 145 Cal. App. 3d 502, 505, 193 Cal. Rptr. 381, 383 (Ct. App. 1983) | 4 | In order to commit auto burglary, the vehicle must be locked and entry made without consent of the owner. West's Ann.Cal.Penal Code S 459. | In order to commit auto burglary the vehicle must be locked and entry made without consent of the owner. | How is auto burglary committed? |
|---|---|---|---|---|---|
| 15424 | D.S.S. v. State, 806 So. 2d 554 (Fla. Dist. Ct. App. 2002) | 2 | Ownership for the purposes of charging burglary is not the same as ownership in property law since burglary is a disturbance to habitable security and not to the fee; actual ownership is not required, rather "ownership" means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control. West's F.S.A. S 810.02. | Ownership for the purposes of charging burglary is not the same as ownership in property law since burglary is a disturbance to habitable security and not to the fee. [Actual ownership is not required, rather] ownership means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control. | Is burglary a disturbance to habitable security? |
| 15425 | Bogart v. Unified Sch. Dist. No. 298 of Lincoln Cty., 432 F. Supp. 895, 903 (D. Kan. 1977) | 2 | Purpose of tenure and continuing contract laws is to give recognition to a constitutionally protectible interest. K.S.A. 72-5411. | The very purpose of tenure and continuing contract laws is to give recognition to a constitutionally protectible interest." | What is the purpose of tenure and continuing contract laws? |
| 15427 | Quick v. Andresen, 238 Or. 433, 435 (Or. 1964) | 1 | A judgment of nonsuit is the only method of dismissing an action at law, as distinguished from a suit in equity. | A judgment of nonsuit is the only method of 'dismissing' an action at law, as distinguished from a suit in equity. | Is a judgment of nonsuit the only method of dismissing an action at law? |
| 15428 | Robinson v. General Mills Restaurants, 110 N.C. App. 633, 636 (1993) | 2 | Crucial element in notice of dismissal is intention of party actually to dismiss case. | The crucial element in a notice of dismissal is the intention of the party actually to dismiss the case. | "Is the ""crucial element"" of a voluntary dismissal the intention of the party actually to dismiss the case?" |
| 15429 | Toscano v. Delgado, 506 S.W.2d 317, 321 (Tex. Civ. App. 1974) | 8 | Save in exceptional circumstances, the right of plaintiff, on timely demand, to take a nonsuit is unlimited. | We recognize that, save in exceptional circumstances, the right of plaintiff, on timely demand, to take a nonsuit is unlimited. | Is a plaintiff's right to take a nonsuit unlimited? |
| 15430 | First American National Bank of Iuka v. Alcorn, Inc., 361 So. 2d 481, 493 (Miss. 1978) | 24 | Although right of a complainant to take a nonsuit is large, it is not unlimited and lies within discretion of court. Code 1972, S 11-7-125. | Although the right of a complainant to take a nonsuit is large, it is not unlimited and lies within the discretion of the court. | Is a plaintiff's right to take a nonsuit unlimited? |
| 15439 | King v. Zimmerman, 266 Mont. 54, 66 (1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | What is the purpose of pre-trial orders? |
| 15440 | Malerbi v. Central Reserve Life, 225 Neb. 543, 544 (Neb. 1987) | 8 | Pretrial conferences are conducted to simplify issues, amend pleadings, and avoid unnecessary proof of facts at trial and to avoid traps and surprises at trial. | Pretrial conferences are conducted to simplify the issues, amend pleadings, and avoid unnecessary proof of facts at trial. They are also conducted to avoid traps and surprises at trial. | What are Pretrial conferences conducted for? |
| 15441 | Frank v. Am. Gen. Fin., Inc., 23 F. Supp. 2d 1346, 1349 (Ala. 1998) | 8 | Existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement. | Second, the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement. | Does the existence of an arbitration agreement between a plaintiff and a defendant mean that all of the plaintiffs claims against the defendant are arbitrable? |

| 15442 | People v. Beauchamp, 241 Ill. 2d 1, 8 (2011) | 6 | The purpose of the burglary statute is to protect the security and integrity of certain specified enclosures, including motor vehicles. S.H.A. 720 ILCS 5/19-1(a). | The purpose of the burglary statute is "to protect the security and integrity of certain specified enclosures, including motor vehicles." | What is the purpose of the burglary statute? |
|---|---|---|---|---|---|
| 15444 | People v. Tatem, 62 Cal. App. 3d 655, 658, 133 Cal. Rptr. 265, 266 (Ct. App. 1976) | 2 | By statutory definition, petty theft, or theft of any kind, is not a necessarily included offense of burglary, because burglary can be committed without committing theft. West's Ann.Pen.Code, SS 459, 484(a). | By statutory definition, petty theft (or theft of any kind) is not a necessarily included offense of burglary because burglary can be committed without committing theft | Is theft a lesser included offense of burglary? |
| 15447 | In re Ashcroft, 888 F.2d 546, 547 (8th Cir. 1989) | 3 | Pretrial conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but is not designed to impose settlement on unwilling litigants. Fed.Rules Civ.Proc.Rule 16 note, 28 U.S.C.A. | Pretrial-conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but it is not designed to impose settlement upon unwilling litigants. See Fed.R.Civ.P. 16(c)(7), Advisory Committee Note, 1983. | When is the encouragement of settlement a valid subject for consideration in pretrial conference? |
| 15450 | Silicon Valley Taxpayers Assn., Inc. v. Santa Clara County Open Space Authority, 44 Cal.4th 431, 442 (2008) | 2 | Unlike a special assessment, a tax can be levied without reference to peculiar benefits to particular individuals or property. | Unlike a special assessment, a tax can be levied ' "without reference to peculiar benefits to particular individuals or property." | Is special assessment similar to tax? |
| 15453 | United States v. Pomrenke, 198 F. Supp. 3d 648, 705 (W.D. Va. 2016) | 28 | To convict a defendant of bribery, the defendant must have engaged in a quid pro quo. 18 U.S.C.A. S 201(b). | To convict a defendant of bribery under 201, the defendant must have engaged in a quid pro quo. | Must quid pro quo be present for a bribery conviction? |
| 15454 | United States v. O'Brien, 994 F. Supp. 2d 167, 184 (D. Mass. 2014) | 22 | Phrase "anything of value" in bribery statute is construed broadly, and includes intangible rights and benefits. 18 U.S.C.A. S 666. | The phrase "anything of value" is construed broadly, and includes intangible rights and benefits. | "How should the phrase ""anything of value"" in the bribery statute be construed?" |
| 15456 | Hampton Clinic v. District Court of Franklin Cnty., 231 Iowa 65, 300 N.W. 646, 648 (Iowa 1941) | 2 | The statutes providing for the production of books and papers are remedial and should be liberally construed. Code 1939, SS 11316, 11317. | The statutes providing for the production of books and papers are remedial and should be liberally exercised. | "The statutes providing for the production of books and papers are remedial, should they be liberally construed?" |
| 15459 | Schmeer v. County of Los Angeles, 153 Cal. Rptr. 3d 352, 364 (2013) | 8 | The term "tax" in ordinary usage refers to a compulsory payment made to the government or remitted to the government. | The term "tax" in ordinary usage refers to a compulsory payment made to the government or remitted to the government. | "What does the term ""tax"" in ordinary usage refer to?" |
| 15460 | Northwest Fire Dist. v. U.S. Home, 213 Ariz. 489, 494 (Ariz. Ct. App. 2006) | 3 | Assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class. | Moreover, an "assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class." | Is an assessment imposed on a broad class more likely to be a tax? |
| 15464 | Griffin v. Dep't of Local Gov't Fin., 765 N.E.2d 716, 722 (Ind. 2002) | 3 | The nature of a tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | The nature of a tax "must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | Is it the manner of operation which determines the nature of a tax? |
| 15465 | Menz v. Coyle, 117 N.W.2d 290, 293 (N.D. 1962) | 7 | A "tax" is an enforced contribution for public purposes which is in no way dependent upon will or consent of person taxed. | A 'tax' is an enforced contribution for public purposes which is in no way dependent upon the will or consent of the person taxed. | Is tax in any way dependent upon the will or contract of the person or entity taxed? |

| 15466 | Swanson v. State, 249 Neb. 466, 474 (1996) | 11 | Tax laws represent legislature's definition of measure of every citizen's duty in support of public burdens. | Tax laws, including L.B. 839, represent the Legislature's definition of the measure of every citizen's duty in support of the public burdens. | What do tax laws represent? |
|---|---|---|---|---|---|
| 15467 | State ex Rel. Moore v. Wabash Railroad Co., 357 Mo. 380, 385 (1948) | 4 | Taxation, which is taking of private property for public use, requires strict compliance with law, and tax may be levied only when proceedings therefor are wholly within terms of statute authorizing it. | It is axiomatic that taxation, the taking of private property for public use, requires strict compliance with the law. A tax may be levied only when the proceedings therefor are wholly within the terms of a statute which authorizes it. | Does taxation require a strict compliance with law? |
| 15468 | Clear Channel Outdoor, Inc. v. Mayor & City Council of Balt., 153 F. Supp. 3d 865, 870 (D. Md. 2015) | 10 | The "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large. | "The 'classic tax' is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large." | "On whom is a ""classic tax"" imposed upon?" |
| 15469 | Martin v. Industrial Commission, 75 Ariz. 403, 413 (Ariz. 1953) | 14 | Workmen's Compensation Law does not provide for general health and accident coverage, and therefore every accidental death of an employee is not compensable. | Our Workmen's Compensation Law does not provide for a general health and accident coverage, hence every accidental death of an employee is not compensable. | What types of acts are not compensable under workmens compensation laws? |
| 15470 | Louisiana State Bar Ass'n v. Pitard, 462 So. 2d 178, 181 (La. 1985) | 1 | One essential element of public bribery is conscious knowing intent to influence person's conduct. LSA-R.S. 14:118. | One of the essential elements of public bribery is a conscious knowing intent to influence a person's conduct. | Is intent an element of bribery? |
| 15471 | People v. Jordan, 15 Ill. App. 3d 672, 675 (1973) | 1 | A person's receipt of property is not alone enough to sustain a bribery conviction. S.H.A. ch. 38, S 33-1(d). | This statute clearly indicates that a person's receipt of property is not alone enough to sustain a bribery conviction. | Is a persons receipt of property enough to sustain a bribery conviction? |
| 15473 | U.S. v. Cohn, 355 F. App'x 98 (8th Cir. 2009) | 5 | A partner is not chargeable with criminal acts of his copartner or others, acting in behalf of the firm, unless he has knowledge thereof. | It is a rule in criminal cases that a partner is not charged by the criminal acts of his copartners, or others acting in behalf of the firm, unless he has knowledge thereof. | "If a partner possess guilty knowledge of the criminal acts of his copartner, can he be criminally liable?" |
| 15474 | Brown v. Bateh, 331 So. 2d 671, 677 (Ala. 1976) | 13 | A partner has a right to protect his private property from the demands of partnership creditors, if there is partnership property that can satisfy partnership debts. Rules of Civil Procedure, rule 65(d). | A partner has a right to protect his private property from the demands of partnership creditors, if there is partnership property that can satisfy the partnership debts. | Can the private property of individual partners be used to pay off partnership debts? |
| 15475 | King v. Mississippi P. L. Co., 244 Miss. 486, 493 (Miss. 1962) | 4 | It is not sufficient to allege negligence as mere conclusion of pleader, but facts must be pleaded showing actual negligence. | It is not sufficient to allege negligence as a mere conclusion of the pleader, but facts must be pleaded showing actionable negligence. | Is it sufficient to allege negligence as a mere conclusion? |
| 15476 | Schowalter v. Washington Mutual Bank, 275 Ga. App. 182, 183 (2005) | 2 | Claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order. | To analyze this contention, we start with the premise that "[a] claim or issue, though previously raised in pleadings, is waived when it is omitted from the pretrial order. | Is it a waiver if a claim or issue is omitted from the pretrial order even if it appeared in the complaint? |

| 15477 | Ned v. Union Pac. Corp., 2014-1310 (La. App. 3 Cir. 4/15/15), 176 So. 3d 1095, 1107, writ denied, 2015-0953 (La. 9/18/15), 178 So. 3d 146 | 13 | A trial court has wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced. LSA-C.C.P. art. 1551. | A trial court has wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced. | Does a trial court have the discretion to enter a pretrial order? |
|---|---|---|---|---|---|
| 15480 | Travelers Insu. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010) | 5 | A nonsuit extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court, and the only requirement is the mere filing of the motion with the clerk of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A nonsuit "extinguishes a case or controversy from 'the moment the motion is filed' or an oral motion is made in open court; the only requirement is 'the mere filing of the motion with the clerk of the court.' " | Does a nonsuit render the merits of a plaintiff's claims moot? |
| 15481 | Bardales v. Duarte, 181 Cal.App.4th 1262, 1269 (Cal. Ct. App. 2010) | 4 | By definition, a voluntary dismissal without prejudice is not a final judgment on the merits. | "By definition, a voluntary dismissal without prejudice is not a final judgment on the merits." | Is a voluntary dismissal without prejudice a final judgment on the merits? |
| 15482 | Estate of Barksdale v. Duke Univ, 175 N.C. App. 102 (N.C. Ct. App. 2005) | 6 | Voluntary dismissal of action leaves the plaintiff exactly where he was before the action was commenced. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | A Rule 41(a) voluntary dismissal " 'leave[s] the plaintiff exactly where he [or she] was before the action was commenced.' " | Does a voluntary dismissal of action leave the plaintiff exactly where he was before the action was commenced? |
| 15483 | Internorth Inc., v. Iowa St. Bd. of Tax Review, 333 N.W.2d 471, 476-77 (Iowa 1983) | 8 | A "tax" is charge levied to pay cost of government; tax is not paid unless amount is transmitted to government, and does not accrue when it is neither charged nor owed. | A tax is a charge levied to pay the cost of government. Newman v. City of Indianola, 232 N.W.2d 568, 573 (Iowa 1975). Under the cases holding against Northern's position, a tax is not paid unless the amount is transmitted to the government, and a tax does not accrue when it is neither charged nor owed. | Does a tax accrue when it is neither charged nor owed? |
| 15486 | Automotive Tire Service, Inc. v. First National Bank, 102 Ariz. 512, 513 (Ariz. 1967) | 1 | A "check" is merely the drawer's order to pay the named payee the amount specified and can be countermanded any time before payment or certification. A.R.S. SS 6-259, 44-589. | A check is merely the drawer's order to pay the named payee the amount specified. As such, the order can be countermanded any time before payment or certification. Section 6-259, A.R.S. | Can a check be countermanded? |
| 15487 | United States v. Corrigan, 144 F.3d 763, 769 (11th Cir. 1998) | 10 | Military officials need not demonstrate actual harm before implementing a regulation restricting speech and may act to forestall reasonably anticipated harm to morale or to the orderly functioning of the base. U.S.C.A. Const.Amend. 1. | "[M]ilitary officials need not demonstrate actual harm before implementing a regulation restricting speech," and may act to forestall reasonably anticipated harm to morale or to the orderly functioning of the base. | Do military officials demonstrate actual harm before implementing regulation restricting speech? |
| 15489 | Nieves v. United States, 133 Fed. Cl. 306, 313 (2017) | 22 | The constructive service doctrine only applies to improper terminations from active military service. | The Constructive Service Doctrine only applies to improper terminations from active service. | Does the constructive service doctrine apply only to improper terminations from active military service? |
| 15497 | Hozer v. State, Dep't of Treasury, Consol. Police & Firemen's Pension Fund Comm'n, 95 N.J. Super. 196, 199 (App. Div. 1967) | 1 | A "pension" is a bounty springing from appreciation and graciousness of the sovereign; it is an inducement to conscientious, efficient and honorable service. | A pension is a bounty springing from the apopreciation and graciousness of the sovereign; it is an inducement to conscientious, efficient and honorable service. | Is pension an inducement to honorable service? |

| | | | | | |
|---|---|---|---|---|---|
| 15498 | Hozer v. State, Dep't of Treasury, Consol. Police & Firemen's Pension Fund Comm'n, 95 N.J. Super. 196, 199 (App. Div. 1967) | 2 | One fundamental purpose of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | It is axiomatic that one of the fundamental purposes of the pensioning of civil servants is to secure good behavior and the maintenance of reasonable standards of discipline during service. | What is a pension? |
| 15499 | Polansky v. Berenji, 393 S.W.3d 362, 366-367 (Tex. App. 2012) | 2 | A nonsuit is effective when it is filed; it extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | A nonsuit is effective when it is filed; it "extinguishes a case or controversy from 'the moment the motion is filed' or *367 an oral motion is made in open court." | Is a nonsuit effective upon the date of its filing? |
| 15501 | State v. Owen, 133 N.C. App. 543, 553 (1999) | 22 | A person who is present, aiding and abetting in a rape actually perpetrated by another, is equally guilty with the actual perpetrator of the crime. G.S. S 14-27.2(a)(1). | A person who is present, aiding and abetting in a rape actually perpetrated by another is equally guilty with the actual perpetrator of the crime. | Is aiding and abetting in a rape equally guilt as rape? |
| 15505 | United States Steel Corp. v. State, 65 Wash. 2d 385, 388 (Wash. 1964) | 1 | Tax is not a "debt" and does not bear interest unless specifically imposed by statute. | A tax is not a debt and does not bear interest unless specifically imposed by statute. | Does a tax bear interest unless specifically imposed by a statute? |
| 15506 | City of Evanston v. N. Ill. Gas Co., 229 F. Supp. 3d 714, 727 (N.D. Ill. 2017) | 13 | In Illinois, a "trespass" is an invasion in the exclusive possession and physical condition of land. | In Illinois, a trespass is "an invasion in the exclusive possession and physical condition of land." | Is trespass an invasion in the exclusive possession and physical condition of land? |
| 15507 | State ex Rel. Green, Etc. et al. v. Gibson Cir. Ct., 246 Ind. 446, 449 (1965) | 1 | An action for trespass quare clausum fregit (trespass to real estate) cannot be maintained for invasion of right-of-way or easement. | Traditionally, it has been held that an action for trespass quare clausum fregit (trespass to real estate) cannot be maintained for an invasion of a right of way or easement. | Can an action for trespass be maintained for an invasion of a right of way or easement? |
| 15509 | Swain v. Standard Accident Ins. Co., 81 S.W.2d 258, 259 (Tex. Civ. App. 1935) | 1 | Workmen's Compensation Act which provides for compensation to employee for injury resulting in his disability only, and to legal beneficiaries for injuries resulting in his death, creates two distinct remedies, although flowing from same accident or injury. Vernon's Ann.Civ.St. art. 8306 et seq. | The Workmen's Compensation Act provides for compensation to the employee for injury resulting in his disability only, and to legal beneficiaries for injuries resulting in his death. The two remedies are separate and distinct, although flowing from the same accident, or injury. | To whom does the workmens compensation act provide compensation? |
| 15513 | Sarten v. State, 158 Ind. App. 516, 520 (1973) | 3 | The essential elements of "safe burglary" are breaking and entering of a building, with intent to commit a felony, and the taking of or an attempt to enter a safe. IC 1971, 35-1-61-1, Burns' Ind.St.Ann. S 10-702a. | The essential elements of safe burglary are (1) a breaking and entering of a building, (2) with intent to commit a felony, and (3) the taking of or an attempt to enter a safe. | What are the elements of burglary of a safe? |
| 15514 | Fleck v. Cablevision VII, Inc., 763 F. Supp. 622, 628 (D.D.C. 1991) | 7 | Under Iowa law, terms of partnership agreement governed both a dissolution of partnership, and a sale of partnership's assets to one of partners. | Furthermore, under Iowa law, the terms of a partnership agreement govern both a dissolution of the partnership, see Porter, 354 N.W.2d at 227, and a sale of the partnership's assets to one of the partners, | Is the partnership agreement relevant in governing dissolution of partnership? |
| 15515 | Krug v. Meehan, 109 Cal. App. 2d 274, 276, 240 P.2d 732, 733 (1952) | 1 | A mere averment that instrument, such as deed, was procured by undue influence, is statement of conclusion of law. | Of course a mere averment that an instrument was procured by undue influence is a statement of a conclusion of law. | Is the mere averment of undue influence a conclusion of law? |

| 15520 | Cotton States Life Ins. Co. v. Edwards, 74 Ga. 220, 220 (Ga. 1884) | 12 | The continuance of cases on account of the absence of counsel is not favored, and such absence is no cause for postponement, unless in cases of necessity or misconception. Absence without leave, to attend trials of cases pending in other courts, is no ground for continuance. | "The continuance of cases on account of the absence of counsel is not favored, and such absence is no cause of postponement, unless in cases of necessity or misconception. Absence without leave, to attend trials of cases pending in other courts, is no ground for continuance. | Is the absence of counsel is cause of postponement? |
|---|---|---|---|---|---|
| 15522 | Watson v. Geren, 483 F. Supp. 2d 226, 245 (E.D.N.Y. 2007), aff'd, 569 F.3d 115 (2d Cir. 2009) | 10 | While late application for conscientious objector status may be the basis for suspicion as to petitioner's sincerity, this alone cannot provide a basis in fact for denial of petitioner's application. | While late application for CO status may be the basis for suspicion as to petitioner's sincerity, this alone cannot provide a basis in fact for denial of petitioner's application. | Is a late application alone enough to justify the Army's rejection of an individuals application? |
| 15525 | Commonwealth v. Ohle, 291 Pa. Super. 110, 119 (Pa. Super. Ct. 1981) | 2 | Under section of Crimes Code proscribing bribery in official and political matters, once offer to confer proscribed benefit, or once agreement is made, crime is complete, and there need be no waiting for benefit actually to be conferred. 18 Pa.C.S.A. S 4701. | Under the section of the Crimes Code proscribing bribery in official and political matters, once the offer to confer the proscribed benefit, or once an agreement is made, the crime is complete. There need be no waiting for the benefit to actually be conferred. | Can a defendant be charged with bribery before the benefit is actually conferred? |
| 15526 | Fulton v. Baxter, 596 P.2d 540, 543 (Okla. 1979) | 4 | Good faith is required when one partner is trying to oust another partner. | This Court has consistently held that good faith is most especially required when one partner is trying to oust another partner. | Is it necessary to observe good faith in a partnership when one partner is trying to oust and get rid of another? |
| 15527 | Farrands v. Melanson, 438 A.2d 910, 912 (Me. 1981) | 1 | Following a failure to answer a request for admissions, facts in the request are deemed admitted. Rules Civ.Proc., Rule 36. | It is true that following a failure to answer a request for admissions, the facts in the request are deemed admitted. | Are the facts in a failure to answer a request for admissions deemed admitted? |
| 15531 | In Matter of Estate of Berth, 157 Wis. 2d 717, 722 (Wis. Ct. App. 1990) | 4 | Power to take depositions rests entirely upon statute, as power did not exist at common law. | The power to take depositions rests entirely upon statute because this power did not exist at common-law. | Does the power to take depositions rest entirely upon statute? |
| 15533 | Comerford v. Pryor Foundry, 987 P.2d 434, 436 (Okla. Civ. App. 1999) | 4 | The primary consideration in considering tax statutes is that legislative intent be ascertained and given effect. | As with all statutes, the primary consideration in considering tax statutes is that legislative intent be ascertained and given effect. In re Holt, 1997 OK 12, 932 P.2d 1130. | Is the pivotal question in ascertaining the tax statutes imposed by statute that concerning legislative intent? |
| 15534 | Shada v. Whitney, 172 Neb. 220, 222 (1961) | 1 | The Workmen's Compensation Act creates new remedies, new rights and new liabilities and manner in which it operates is to be found in legislation itself. R.R.S.1943, SS 48-173, 48-176, 48-178, 48-181. | The Workmen's Compensation Act creates new remedies, new rights, and new liabilities. The manner in which it operates is to be found in the legislation itself. | Where are rights found under the workers compensation? |
| 15535 | Funai Electric v. Daewoo Elec. Corp., 616 F.3d 1357, 1359 (Fed. Cir. 2010) | 23 | Courts are open to native and alien alike, when affected by a violation of United States law. | However, it is fundamental to the rule of law that the courts are open to native and alien alike, when affected by a violation of United States law. | Are the courts of the United States open to aliens? |

| 15542 | Withrow v. Withrow, 278 Ga. 525, 525, 603 S.E.2d 276, 277–78 (2004) | 3 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Moreover, "[t]he absence **278 of a (party's) counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Will a postponement be allowed for absence of one of several counsels unless the opposite party consents? |
|---|---|---|---|---|---|
| 15545 | Memphis Pub. Co. v. City of Memphis, 871 S.W.2d 681, 689 (Tenn. 1994) | 13 | Deposition is inherently public event, at least in sense that opposing party is present when testimony is taken and there is nothing, other than protective order, to prevent opposing party from disseminating information he or she learns at deposition; thus, discovery deposition does not carry with it requisite attribute of confidentiality needed to classify it as "attorney work product." Rules Civ.Proc., Rule 26.02(3). | A deposition, by contrast, is inherently a public event, at least in the sense that the opposing party is present when the testimony is taken. And there is nothing, other than a protective order, to prevent the opposing party from disseminating the information he or she learns at the deposition. Therefore, a discovery deposition does not carry with it the requisite attribute of confidentiality needed to classify it as attorney work product. | Is a deposition an inherently public event? |
| 15546 | Mercer v. Andersen, 715 N.W.2d 114, 123 (Minn. Ct. App. 2006) | 24 | District court has broad discretion to amend scheduling-order deadlines, and appellate courts review its decision for an abuse of discretion. | The district court has broad discretion to amend scheduling-order deadlines, and we review its decision for an abuse of discretion. | Does a court have discretion to amend scheduling-order deadlines? |
| 15547 | Friday v. Mutz, 483 So. 2d 1269, 1271 (La. Ct. App. 1986) | 5 | Generally, when amendment presents new claim or defense which takes opposing party by surprise, continuance must be allowed. LSA-C.C.P. art. 1151. | Generally, when an amendment presents a new claim or defense which takes the opposing party by surprise, a continuance must be allowed. | Does the fact that a complaint is amended in itself entitle the defendant to a continuance? |
| 15548 | Echols v. Bridges, 235 S.E.2d 535, 357 (Ga. 1977) | 1 | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues, and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | "A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. | Should a pretrial order be construed liberally? |
| 15550 | Balandzich v. Demeroto, 10 Wash. App. 718, 720-721 (Wash. Ct. App. 1974) | 3 | Where action had been commenced in August 1967, plaintiffs had been represented by various counsel and six continuances had been granted, the last continuance was granted on July 29, 1971 to January 12, 1972, a date suggested by plaintiff husband, and, in granting continuance, court imposed condition that plaintiffs should have no more continuances for any reason, denial of a seventh sought by plaintiff was not unreasonable. | In the instant case, the action was commenced in August 1967. Plaintiffs had been represented by various *721 counsel and six continuances had been granted. The sixth continuance was granted on July 29, 1971 to January 12, 1972, a date suggested by plaintiff husband. In granting the continuance, however, the court imposed the condition that 'Plaintiffs shall have no more continuances for any reason.' | Can the court grant the last continuance by imposing a condition that plaintiff should have no more continuances for any reason? |
| 15551 | East Bank Realty, Inc. v. Robert, 411 So. 2d 500, 502 (La. Ct. App. 1982) | 3 | In a mandate, the power must be express and special when it relates to selling or buying property. LSA-C.C. art. 2997. | In a mandate, the power must be express and special when it relates to selling or buying property. | Should the mandate to buy or sell property be express and special? |

| 15558 | Biddle v. Martin, 992 F.2d 673, 677 (7th Cir. 1993) | 4 | Whether particular conduct is disorderly depends not only on conduct itself but also on conduct's unreasonableness in relation to surrounding circumstances. | Whether particular conduct is disorderly therefore depends not only on the conduct itself but also on the conduct's unreasonableness in relation to the surrounding circumstances. | Whether unreasonableness of the conduct depends upon the conduct and the circumstances in which it occurs? |
|---|---|---|---|---|---|
| 15559 | Summit Tp. Road Dist. v. Hayes Freight Lines, 44 Ill. App. 2d 274, 277-278 (1963) | 1 | Absolute statutory liability may be imposed against any person who damages a highway structure as result of illegal operation on highway. S.H.A. ch. 951/212, S 232. | Under this section it is clear to us that absolute statutory liability may be imposed against any person who *278 damages a highway structure as the result of an illegal operation upon said highway. | Can a person be held liable for damages arising from an illegal operation upon a highway? |
| 15569 | United States v. Prejean, 494 F.2d 495, 498 (5th Cir. 1974) | 6 | Under Texas law, one cannot be convicted of burglary unless he entered the premises without the owner's consent; even if he commits theft once inside, if the owner consented to his entry, he cannot be convicted of burglary. Vernon's Ann.Tex.P.C. arts. 1389, 1391. | Under Texas law the general rule is that one cannot be convicted of burglary unless he entered the premises without the owner's consent. 5 Even if he commits theft once inside, if the owner consented to his entry, he cannot be convicted of burglary. | Does burglary require proof of entry without consent? |
| 15573 | In re Ashcroft, 888 F.2d 546, 547 (8th Cir. 1989) | 3 | Pretrial conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but is not designed to impose settlement on unwilling litigants. Fed.Rules Civ.Proc.Rule 16 note, 28 U.S.C.A. | Pretrial-conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but it is not designed to impose settlement upon unwilling litigants. See Fed.R.Civ.P. 16(c)(7), Advisory Committee Note, 1983. | What is pretrial conference discussion of a settlement designed to do? |
| 15576 | Dixon v. Koplar, 102 F.2d 295, 297 (8th Cir. 1939) | 3 | There is no individual ownership of partnership property until partnership has ceased activity and its debts have been paid. | There is no individual ownership of partnership property until, at least, the partnership has ceased activity and all its debts have been paid. | Can a partner claim individual ownership of partnership property only after the partnership has ceased and the debts are paid off? |
| 15578 | Gray v. City of Opelika, 216 So. 3d 431, 434 (Ala. App. 2015) | 2 | Evidentiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction. Rules Civ.Proc., Rule 12. | We note first that "[e]videntiary matters may be freely submitted on a motion to dismiss that attacks jurisdiction." | Can a party submit evidentiary matters to support a motion to dismiss that attacks venue? |
| 15582 | Liberty National Bank and Trust Co. v. Dvorak, 199 N.W.2d 414, 417 (N.D. 1972) | 1 | A note is "renewed" when a new note evidencing same obligation is executed and delivered by maker to holder of old note. | A promissory note is 'renewed' when a new promissory note evidencing the same obligation is executed and delivered by the maker to the holder of the old promissory note. | Is there renewal of a note when there is a new note evidencing the same obligation? |
| 15584 | Williams v. Alphonse Mortg. Co., 144 So. 2d 600, 602 (La. Ct. App. 1962) | 4 | Note payable to order of maker and endorsed by her was payable to bearer and transferable by assignment. | As observed hereinabove, the note was payable to the order of the maker and by her endorsed. Thus, the note payable to order and by her endorsed was, in fact, payable to bearer and transferable by assignment. | "Does a note payable to order of maker and endorsed by her, payable to bearer and transferable by assignmentor delivery?" |
| 15587 | Jones v. Cheney, 253 Ark. 926, 930 (Ark. 1973) | 2 | Technically, pension constitutes mere gratuity subject to modification or repeal as opposed to vested right not subject to such impairment. | Technically, a pension constitutes a 'mere gratuity' subject to modification or repeal as opposed to a vested right not subject to such impairment. | Is pension a mere gratuity? |

| 15588 | Doe v. Lake Oswego School Dist, 242 Or. App. 605, 621 (Or. Ct. App. 2011) | 20 | Complaint must allege ultimate facts from which the required conclusions are inferable, not a mere possibility, and an inferable conclusion is more than a suspicion, a suggestion, a speculation, or a conjecture. | Rather, a complaint must allege ultimate facts from which the required conclusions are "inferable, not a mere possibility. An inferable conclusion is more than a suspicion, a suggestion, a speculation, or a conjecture; a conclusion is inferable from facts if the conclusion can be logically deduced from the facts. | Must a complaint allege ultimate facts? |
| --- | --- | --- | --- | --- | --- |
| 15589 | Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993) | 6 | In absence of special exceptions, petition should be construed liberally in favor of pleader; court should uphold petition as to cause of action that may be reasonably inferred from what is specifically stated, even if element of cause of action is not specifically alleged. | We have recognized that, in the absence of special exceptions, the petition should be construed liberally in favor of the pleader. Roark v. Allen, 633 S.W.2d 804, 809 (Tex.1982). A court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. | "Should pleadings be construed liberally in favor of the pleader, in the absence of special exceptions?" |
| 15591 | Internorth Inc., v. Iowa St. Bd. of Tax Review, 333 N.W.2d 471, 476-77 (Iowa 1983) | 8 | A "tax" is charge levied to pay cost of government; tax is not paid unless amount is transmitted to government, and does not accrue when it is neither charged nor owed. | A tax is a charge levied to pay the cost of government. Newman v. City of Indianola, 232 N.W.2d 568, 573 (Iowa 1975). Under the cases holding against Northern's position, a tax is not paid unless the amount is transmitted to the government, and a tax does not accrue when it is neither charged nor owed. | Is a tax considered as paid if the amount is transmitted to government? |
| 15593 | United States v. Buenrostro, 781 F.3d 864, 868 (7th Cir. 2015) | 2 | The $5,000 element of federal bribery statute pertains to subject matter of bribe, which must be valued at $5,000 or more; in other words, the business or transaction sought to be influenced must have a value of $5,000 or more. 18 U.S.C.A. S 666(a)(2). | The $5,000 element of § 666 pertains to "the subject matter of the bribe," which "must be valued at $5,000 or more." United States v. Robinson, 663 F.3d 265, 271 (7th Cir.2011). In other words, the " 'business' or 'transaction' sought to be influenced must have a value of $5,000 or more." | "Is it the subject matter of the bribe that must be valued at $5,000 or more?" |
| 15599 | Caffroy v. Fremlin, 198 Cal. App. 2d 176, 182, 17 Cal. Rptr. 668, 671 (Ct. App. 1961) | 8 | Landowner does not have absolute title to oil and gas in place as corporeal realty but has exclusive right to drill for oil and gas upon his premises. | The owner of land does not have an absolute title to the oil and gas in place as corporeal real property, but rather has the exclusive right to drill for oil and gas upon his premises. | Does the owner of land have the exclusive right on his land to drill for1 and produce oil? |
| 15600 | Salzseider v. Brunsdale, 94 N.W.2d 502, 503 (N.D. 1959) | 3 | In construing a statute, consideration must be given to ordinary sense of words used, their context, and purpose sought to be accomplished. | In construing a statute consideration must be given to the ordinary sense of the words used, their context and the purpose sought to be accomplished. | "Can the court construe the word ""minerals"" according to the classifications of animal, vegetable or mineral or according to the classifications of organic and inorganic substances?" |

| 15611 | Helvey v. Sax, 38 Cal. 2d 21, 24, 237 P.2d 269, 271 (1951) | 3 | The state's taxing power is derived, from its sovereign authority, and not from any grant to it by the owner of the property. | The state's taxing power is derived from its sovereign authority, not from any grant to it by the owner of property. | Is a state's power to tax derived from its sovereign authority? |
|---|---|---|---|---|---|
| 15612 | Continental Motors Corp. v. Township of Muskegon, 365 Mich. 191, 195 (Mich. 1961) | 3 | The Constitution authorizes only two general methods of taxation, ad valorem and specific. Const. art. 10, S 3. | Auditor General, supra, the Constitution of this state (Constitution 1908, art. 10,  3) authorizes only two general methods of taxation, ad valorem and specific. | Are ad valorem and specific the only two general methods of taxation? |
| 15613 | Casey v. Richland County Council, 282 S.C. 387, 389 (S.C. 1984) | 3 | "Taxes" are imposed on all property for maintenance of government, as opposed to assessments which are placed only on property to be benefited by proposed improvements. | Taxes are imposed on all property for the maintenance of government while assessments are placed only on the property to be benefited by the proposed improvements. | "Are ""taxes"" imposed on all property for maintenance of government?" |
| 15626 | State v. Badaracco, 156 Conn. App. 650, 660 (2015) | 11 | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | Under federal law, a bribery conviction must be based on more than evidence of mere preparation. It must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. | "Under bribery statute, can a bribery conviction be based on evidence of mere preparation?" |
| 15628 | Berk v. Sherman, 682 A.2d 209, 216 (D.C. 1996) | 9 | Under Maryland law, after dissolution, partner can bind partnership by any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution. Md.Code, Corporations and Associations, S 9-604. | After dissolution, a partner can bind the partnership by any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution. | "After dissolution, can the partners bind the partnership?" |
| 15635 | Winnebago Tribe of Nebraska v. Kline, 283 Kan. 64, 78, 150 P.3d 892, 903 (2007) | 19 | The right to tax is penal in nature so that, where there is reasonable doubt as to the meaning of a taxing act, it will be construed most favorably to the taxpayer. | Further, the right to tax is penal in nature so that, where there is reasonable doubt as to the meaning of a taxing act, it will be construed most favorably to the taxpayer. | Is the right to tax penal in nature? |
| 15637 | Rogers Park Post No. 108 v. Brenza, 8 Ill. 2d 286, 289-290 (Ill. 1956) | 1 | In Illinois, all property is subject to taxation unless exempt by statute, in conformity with constitutional provisions relating thereto. S.H.A.Const. art. 9, S 1; Ill.Rev.Stat.1953, ch. 120, S 500(7). | It is the well settled rule of law in the State of Illinois that all property is subject to taxation, unless exempt by *290  statute, in conformity with the constitutional provisions relating thereto. | Is all property presumed to be subject to taxation? |
| 15639 | Whittaker v. Robinson, 981 S.W.2d 118, 121 (Ky. 1998) | 4 | Workers' compensation legislation does not create a quasi tort or seek to compensate an injured worker for his or her entire loss; instead, income benefits are awarded on the basis of occupational disability which is equated to a decrease in the injured worker's wage earning capacity. KRS 342.0011(11) (1995) | Workers' compensation legislation does not create a quasi tort or seek to compensate an injured worker for his or her entire loss. Instead, income benefits are awarded on the basis of occupational disability which is equated to a decrease in the injured worker's wage earning capacity, in other words, to how much less money the worker could command in the labor market. | Does workers compensation create a quasi tort? |

| 15640 | Parsons v. Steelman Transp, 335 S.W.3d 6, 14 (Mo. Ct. App. 2011) | 6 | The Court of Appeals is guided by the general rules of statutory construction in interpreting the Workers' Compensation Law. V.A.M.S. S 287.010 et seq. | Therefore, we are bound by the general rules of statutory construction in interpreting the workers' compensation law. | "Is workers compensation law entirely a creature of statute, and what is the court guided by when interpreting it?" |
|---|---|---|---|---|---|
| 15641 | RoadTechs, Inc. v. MJ Highway Technology, Ltd., 79 F. Supp. 2d 637, 640 (E.D. Va. 2000) | 3 | District court has discretion whether to dismiss or stay action after referring it to arbitration. 9 U.S.C.A. S 3. | The decisional law supports the plain meaning of the FAA that it is within the district court's discretion whether to dismiss or stay an action after referring it to arbitration. | Do courts have the discretion to dismiss or stay action after referring it to arbitration? |
| 15643 | Auto. Mechanics v. Vanguard Car, 502 F.3d 740, 743 (7th Cir. 2007) | 1 | Enforcement of a forum selection clause, including an arbitration clause, is not jurisdictional; it is a waivable defense. | Enforcement of a forum selection clause (including an arbitration clause) is not jurisdictional; it is a waivable defense that Vanguard, in fact, waived. | Is enforcement of the forum selection clause of an arbitration agreement jurisdictional? |
| 15647 | United States v. Brecht, 540 F.2d 45, 51 (2d Cir. 1976) | 7 | Difference between commercial bribe taking and extortion is only that extortion involves initiative of defendant and coercion of victim. 18 U.S.C.A. S 1951; Penal Law N.Y. SS 155.05, subd. 2 (e)(ix), 180.05. | The difference between the commercial bribe taking charge and the unlawful activity of extortion is that only the latter involves initiative on the part of the defendant and coercion on the part of the victim. | What is the difference between commercial bribe taking and extortion? |
| 15655 | Bosque v. Rivera, 135 So. 3d 399, 401 (Fla. Dist. Ct. App. 2014) | 1 | Although District Court of Appeal reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is somewhat narrowed to take into account that the dismissal must be established by clear and convincing evidence. | Although this court reviews a dismissal for fraud on the court under an abuse of discretion standard, that standard of review is "somewhat narrowed" to take into account that the dismissal must be established by clear and convincing evidence. | "To support a dismissal for fraud on the court, should the movant establish, by clear and convincing evidence, that a party has sentiently set in motion some unconscionable scheme?" |
| 15656 | Chiappetta v. Leblond, 544 A.2d 759, 760 (Me. 1988) | 2 | Trial court possesses inherent authority to sanction parties and attorneys for abuse of litigation process. Rules Civ.Proc., Rule 16(f)(5). | Contrary to Chiappetta's contentions, the trial court does possess inherent authority to sanction parties and attorneys for abuse of the litigation process. | Does a trial court have an inherent power to sanction? |
| 15657 | Magruder v. Supplee, 316 U.S. 394, 399 (1942) | 6 | Realty "taxes" are merely a form of raising revenue for support of government and are not like "rent", and are not paid for privilege of occupying property for any given period of time. | Such taxes are simply one form of raising revenue for the support of government. They are not like rent, nor are they paid for the privilege of occupying property for any given period of time. | "Are realty ""taxes"" merely a form of raising revenue for support of government?" |
| 15660 | Nadeau v. Equity Residential Props. Mgmt. Corp., 251 F. Supp. 3d 637, 641 (S.D.N.Y. 2017) | 5 | Under the Federal Arbitration Act (FAA), a party seeking to avoid enforcement of an arbitration agreement can invoke a defense that would be available to a party seeking to avoid the enforcement of any contract. 9 U.S.C.A. S 2. | "Thus, a party seeking to avoid enforcement of an arbitration agreement can ... invoke a defense that would be available to a party seeking to avoid the enforcement of any contract." | Can an arbitration agreement be avoided by a defense that is only applicable to arbitration agreements? |
| 15661 | Inter. Pa. v. Schwabedissen Maschinen, 206 F.3d 411, 417-418 (4th Cir. 2000) | 11 | "Equitable estoppel" precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity. | Equitable estoppel precludes a party from asserting rights "he otherwise would have had" *418 against another" when his own conduct renders assertion of those rights contrary to equity. | What does the doctrine of equitable estoppel mean in the context of arbitration? |

| 15667 | Horjales v. Loeb, 291 So. 2d 92, 93 (Fla. Dist. Ct. App. 1974) | 2 | Court has right to dismiss a cause with prejudice when collusion appears between plaintiff and a principal defendant. | Second, does the court have the right to dismiss a cause with prejudice when collusion appears between the plaintiff and a principal defendant. | Does court have right to dismiss a cause with prejudice when collusion appears between plaintiff and a principal defendant? |
| 15669 | Szilagyi v. Testa, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983) | 4 | Court may dismiss a complaint for failure to prosecute or for violation of a court order. | The court may dismiss a complaint for failure to prosecute or for violation of a court order. | Can a court dismiss a complaint for failure to prosecute or for violation of a court order? |
| 15670 | Texas Employers' Ins v. Bragg, 670 S.W.2d 712, 715 (Tex. App. 1984) | 6 | No motion to deem unanswered requests for admissions admitted must be filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | No motion to deem unanswered requests for admissions admitted must be filed. | Should no motion to deem unanswered requests for admissions admitted be filed? |
| 15671 | Denson v. T.D.C.J.-I.D, 63 S.W.3d 454, 458-459 (Tex. App. 1999) | 4 | Trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 14.003(a)(2), (b)(2). | A trial court may dismiss a claim as frivolous when it has no arguable basis in law or fact. | Is it an abuse of discretion to dismiss a case that arguably has a basis in law or fact? |
| 15672 | Kolsti v. Guest, 576 S.W.2d 892, 894 (Tex. Civ. App. 1979) | 6 | When a case becomes moot, only proper judgment is one dismissing the cause. | When a case becomes moot, the only proper judgment is one dismissing the cause. | Is the only proper judgment to dismiss the cause when a case becomes moot? |
| 15673 | Philadelphia Water Rev. Bureau v. Frempong, 744 A.2d 822, 824 (Pa. Cmmw. Ct. 2000) | 4 | Party is under same duty to appear at a scheduled conciliation or a pre-trial conference as to appear for trial. | A party is under the same duty to appear at a scheduled conciliation or a pre-trial conference as to appear for trial. | Is a party under the same duty to appear at a scheduled pre-trial conference as to appear at trial? |
| 15676 | DuBois v. Workers' Comp. Appeals Bd., 5 Cal. 4th 382, 388, 853 P.2d 978, 981 (1993) | 5 | Right to workers' compensation benefits is wholly statutory and is not derived from common law. West's Ann.Cal. Const. Art. 14, S 4. | The right to workers' compensation benefits is wholly statutory and is not derived from common law. | "For workers compensation, is the right to benefits wholly statutory?" |
| 15677 | Vorvis v. S. New England Tel. Co., 821 F. Supp. 851, 855 (D. Conn. 1993) | 10 | Under Connecticut Worker's Compensation Act, employee generally surrenders his or her right to bring common-law action against employer. C.G.S.A. SS 31-275 et seq., 31-284(a). | Under the Workers' Compensation Act, an employee surrenders his or her right to bring common-law action against employer. | "Under the Workers Compensation Act, what does the employee surrender?" |
| 15682 | Bond v. Dunmire, 129 Ill. App. 3d 796, 805 (Ill. App. Ct. 1984) | 9 | Allegations of legal conclusions and allegations of evidence merely formal defects in complaint, and not defects of substance. S.H.A. ch. 110, P 2-612(b). | Under this test, allegations of legal conclusions and allegations of evidence constitute **916 merely formal defects and not defects of substance. | Do allegations of legal conclusions constitute defects of substance? |
| 15683 | In re Bustamante, 510 S.W.3d 732, 737 (Tex. App. 2016) | 8 | A pleading is sufficient when an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. Tex. R. Civ. P. 47(a). | A pleading is sufficient when "an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." | When is a pleading sufficient? |
| 15684 | Huff Energy Fund, L.P. v. Longview Energy Co., 482 S.W.3d 184, 195 (Tex. App. 2015) | 8 | Where special exceptions are not filed, court construes the petition liberally in favor of the pleader. | When, as here, special exceptions are not filed, we construe the petition liberally in favor of the pleader. | "Should a petition be construed liberally in favor of the pleader, when there are no special exceptions?" |
| 15689 | In re J.B.M, 157 S.W.3d 823, 826 (Tex. App. 2005) | 8 | In a case where the charge is attempted sexual assault, intent may be inferred from the defendant's actions, words, and conduct. V.T.C.A., Penal Code SS 15.01(a), 22.011(a)(1). | In a case where the charge is attempted sexual assault, intent may be inferred from the accused's actions, words, and conduct. | How is intent for sexual assault inferred? |
| 15690 | Rector v. Department of Labor and Industries, 61 Wash. App. 385, 390 (Wash. Ct. App. 1991) | 3 | Industrial insurance claim is governed by explicit statutory directives and not by common law. West's RCWA 51.04.010 et seq. | An industrial insurance claim is "governed by explicit statutory directives and not by the common law." | Is an industrial insurance claim governed by common law? |

| 15698 | Com. Trading Co. v. Trade Bank & Tr. Co., 207 Misc. 510, 512, 137 N.Y.S.2d 339, 340–41 (Sup. Ct. 1954), rev'd, 286 A.D. 722, 146 N.Y.S.2d 570 (App. Div. 1955) | 1 | The free circulation of negotiable paper is to be encouraged and the law must be interpreted in that light. | It is axiomatic in a business society such as ours that the free circulation of negotiable paper is to be encouraged and the law must be **341 interpreted in that light | Should negotiable instrument law be interpreted in view of free circulation of negotiable paper? |
| 15699 | Vinyard v. United States, 335 F.2d 176, 181 (8th Cir. 1964) | 2 | Legality of initial arrest for refilling of liquor bottles was immaterial in prosecution for subsequent bribery of arresting officers. 18 U.S.C.A. S 201(b)(3); 26 U.S.C.A. (I.R.C.1954) S 5301(C) | Even if we assume, arguendo, that the initial arrest for refilling of liquor bottles was unlawful, the legality of that arrest is immaterial in a prosecution for the subsequent bribery of the arresting officer. | Is the legality of the arrest material for bribery subsequent to arrest? |
| 15701 | State v. Schneider, 36 Wash. App. 237, 240-241 (1983) | 5 | Law of burglary is designed to protect the dweller and, hence, controlling question is occupancy rather than ownership. West's RCWA 9A.52.010(3), 9A.52.030(1). | The law of burglary was designed to protect the dweller, and, hence, the controlling question here is occupancy rather than ownership. | Does the law of burglary protect the dweller? |
| 15703 | Sutton v. SM Energy Co., 421 S.W.3d 153, 158 (Tex. App. 2013) | 9 | Although habendum clause in oil and gas lease typically controls mineral estate's duration, other clauses may extend habendum clause's term. | Although the habendum clause typically controls a mineral estate's duration, other clauses may extend the habendum clause's term. | Does a lease's habendum clause define the mineral estate's duration? |
| 15712 | Caraang v. Mortgage, 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011) | 22 | Lenders generally do not owe their borrowers a duty of care sounding in negligence. | Courts generally hold that lenders do not owe their borrowers a duty of care sounding in negligence. | Does the lender owe borrower a duty of care sounding in negligence? |
| 15714 | Cuka v. State, 80 S.D. 232, 233 (S.D. 1963) | 5 | Under option agreement specifically stating purpose of acquiring plaintiff's property was to secure necessary right of way for highway purposes only, easement was all that state could acquire regardless of form of instrument of conveyance. SDC 1960 Supp. 28.13A01-28.13A03. | In the present case the option agreement specifically stated the purpose of acquiring plaintiff's property was to secure necessary right of way 'for highway purposes only'. An easement was all the state could acquire regardless of the form of instrument of conveyance. | Can state acquire easement regardless of the form of the instrument of conveyance? |
| 15716 | Canning v. N.L.R.B, 705 F.3d 490, 500 (D.C. Cir. 2013) | 7 | When interpreting a constitutional provision, court must look to the natural meaning of the text as it would have been understood at the time of the ratification of the constitution. | When interpreting a constitutional provision, we must look to the natural meaning of the text as it would have been understood at the time of the ratification of the Constitution. | How should a statute or constitutional provision be interpreted? |
| 15721 | Testa v. Roberts, 44 Ohio App. 3d 161, 161 (1988) | 3 | Creation of power of attorney requires that principal be mentally competent at time power is executed. | The creation of a power of attorney requires that the principal be mentally competent at the time the power is executed. | Should the principal be mentally competent to execute a power of attorney? |
| 15725 | Woldert v. Skelly Oil Co., 202 S.W.2d 706, 709 (Tex. Civ. App. 1947), writ refused NRE | 8 | A stranger to a deed, on the theory of estoppel may not establish his title by recitals in such deed. | Furthermore, a stranger to a deed, on the theory of estoppel may not establish his title by recitals in such deed. | Can a stranger to a deed establish his title by recitals in such deed on the theory of estoppel? |
| 15727 | JLG Trucking, LLC v. Garza, 466 S.W.3d 157, 164 (Tex. 2015) | 8 | Parties may plead conflicting claims and defenses in the alternative so long as they have a reasonable basis in fact and law. | Parties may plead conflicting claims and defenses in the alternative so long as they have a "reasonable basis in fact [and] law." | Can alternative defenses be pleaded? |

| 15728 | Lemlem v. Adams, 2004-0281 (La. App. 1 Cir. 2/11/05) (2005) | 4 | Rule on abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions that clearly have been abandoned. LSA-C.C.P. art. 561. | Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions that clearly have been abandoned. | Is the rule on abandonment meant to dismiss actions on mere technicalities or to dismiss actions that clearly have been abandoned? |
|---|---|---|---|---|---|
| 15729 | Steinberger v. McVey ex rel. Cnty. of Maricopa, 234 Ariz. 125, 138, 318 P.3d 419, 432 (Ct. App. 2014) | 12 | The plausibility or sufficiency of plaintiff's evidence is not at issue in determining the legal sufficiency of a complaint. | The "plausibility," or sufficiency of Steinberger's evidence, is not, as Respondents suggest, at issue in determining the legal sufficiency of her complaint. | Is the plausibility or sufficiency of plaintiffs evidence not at issue in determining the legal sufficiency of a complaint? |
| 15730 | McMillan v. Wells, 924 S.W.2d 33, 35 (Mo. Ct. App. 1996) | 4 | Missouri law disfavors dismissal of causes for failure to prosecute; law favors trial on merits. | In Missouri the law disfavors the dismissal of causes because of failure to prosecute. "[T]he law favors trial on the merits." | Does law disfavor dismissal of cases because of failure to prosecute? |
| 15734 | Jernigan v. Bank One, Texas, N.A., 803 S.W.2d 774, 776 (Tex. App. 1991) | 4 | Negotiation of commercial paper takes place only when endorsement is made and until then there is no presumption that transferee is owner. V.T.C.A., Bus. & C. S 3.201(c). | Negotiation of commercial paper takes place only when an indorsement is made and until then there is no presumption that the transferee is the owner. | Will Negotiation of Commercial paper takes place when an indorsement is made? |
| 15737 | In re Key West Restaurant Lounge, Inc., 54 B.R. 978, 988 (N.D. Ill. 1985) | 12 | Insurance policy, which does not contain unconditional promise to pay sum certain in money, is not negotiable instrument; therefore, transfer of policy is not covered by Article 3 of Uniform Commercial Code. U.C.C. S 3-101 et seq. | An insurance policy is not a negotiable instrument since it does not contain an unconditional promise to pay a sum certain in money. Therefore, a transfer of the policy is not governed by Article 3 of the Uniform Commercial Code. | "Is an insurance policy, a negotiable instrument?" |
| 15742 | de la Garza v. Ryals, 239 S.W.2d 854, 856 (Tex. Civ. App. 1951) | 1 | A petition is principally a recital of facts which give rise to a cause of action. | The petition, after all, under our rules of pleading is principally a recital of the facts which give rise to a cause of action. | Is a petition a recital of facts which give rise to a cause of action? |
| 15743 | Golden Valley Electric Ass'n v. College Enterprises, Inc., 455 P.2d 215, 216 (Alaska 1969) | 1 | Litigant may plead in the alternative and advance inconsistent claims or defenses, but such right does not relieve litigant of his obligation of setting forth the alternative or inconsistent claims in his pleadings in order to give notice to the opposite side of what it must meet at trial. Rules of Civil Procedure, rule 8(e) (2). | It is elementary, as appellant states, that a litigant may plead in the alternative and advance inconsistent claims or defenses. However, this rule does not relieve either party of the obligation of setting forth its alternative or inconsistent claims or defenses in its pleadings in order to give notice to the opposite side of what it must meet at the trial. | Can a litigant plead in the alternative and advance inconsistent claims or defenses? |
| 15744 | Lyons v. Lindsey Morden Claims Mgmt, 985 S.W.2d 86, 92 (Tex. App. 1999) | 23 | An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute a judicial admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 48. | An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute a judicial admission. | Does an alternative statement in a pleading in conflict with other allegations in the same pleading constitute an admission? |
| 15745 | Price v. Holmes, 198 Kan. 100, 100 (1967) | 2 | It is permissible for pleader to allege a cause of action in the alternative provided the alternatives are not repugnant. | It is permissible for a pleader to allege a cause of action in the alternative, provided the alternatives alleged are not repugnant. | "Can a pleader allege a cause of action in the alternative, provided that the alternatives are not repugnant?" |

| 15748 | Faulkenberg v. CB Tax Franchise Sys., LP,  637 F.3d 801, 807 (7th Cir. 2011) | 4 | A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue. Fed.Rules Civ.Proc.Rule 12(b)(3), 28 U.S.C.A. | "A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue." | Does a motion to transfer venue constitute a waiver of the right to arbitrate? |
|---|---|---|---|---|---|
| 15749 | Nw. Adjustment Co. v. Payne, 173 Or. 229, 241–42 (1944) | 3 | When an accommodation maker is required to pay note, he may recover from party accommodated amount so paid. | It is the general rule that when an accommodation maker is required to pay the *242  note he may recover from the party accommodated the amount so paid by him. | When is the maker of an accommodation note able to recover from the party accommodated? |
| 15751 | Jacobsen v. Bunker, 699 P.2d 1208, 1209 (Utah 1985) | 2 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. | Which law governs the legal effect of a promissory note? |
| 15753 | Bologna Bros. v. Morrissey,  154 So. 2d 455, 460 (La. Ct. App. 1963) | 6 | Obligation of endorser or accommodation party is governed by lex loci contractus. | The obligation of an endorser or accommodation party is governed by the lex loci contractus. | Is the obligation of an accommodation party governed by lex loci contractus? |
| 15756 | Int'l Turbine Serv. v. Lovitt, 881 S.W.2d 805, 808 (Tex. App. 1994) | 4 | Affidavit verified by counsel as "true and correct to the best of his knowledge" is insufficient as an affidavit unless authorized by statute. | An affidavit verified by counsel as "true and correct to the best of his knowledge" is insufficient as an affidavit unless authorized by statute. | Is an affidavit insufficient if not authorized by a statute? |
| 15757 | Athey v. Mortg. Elec. Registration Sys., 314 S.W.3d 161, 165–66 (Tex. App. 2010) | 7 | Form defects in an affidavit include the affiant's lack of personal knowledge. | Form defects include the affiant's lack of personal knowledge. | Do form defects in an affidavit include the affiants lack of personal knowledge? |
| 15761 | In re Rountree, 330 B.R. 166, 170 (E.D. Va. 2004) | 3 | Because the policy behind the Bankruptcy Code is to give the debtor a fresh start, the plaintiff has the burden of proving that a debt is nondischargeable. 11 U.S.C.A. S 523(a); Fed.Rules Bankr.Proc.Rule 4005, 11 U.S.C.A. | Because the policy behind the Bankruptcy Code is to give the debtor a fresh start, the plaintiff has the burden of proving that a debt is nondischargeable. Bankr.R. 4005. | Who shares the burden of proof that the debt is excluded from discharge? |
| 15764 | NEBCO v. Adams, 270 Neb. 484, 484 (2005) | 4 | A "guaranty" is a contract by which the guarantor promises to make payment if the principal debtor defaults. | A guaranty is a contract by which the guarantor promises to make payment if the principal debtor defaults. | When the principal debtor defaults can the guarantor make payment? |
| 15769 | State v. Tedesco, 175 Conn. 279, 287 (1978) | 8 | A principal may delegate to agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally. | It is true that a principal may delegate to an agent all that he himself can do except acts "peculiarly personal" or acts "regulated by statute which are required to be performed personally." | "Can a principal delegate all acts, that he can do himself?" |
| 15770 | Whitford v. Gaskill, 119 N.C. App. 790, 792, 460 S.E.2d 346, 347 (1995), rev'd, 345 N.C. 475, 480 S.E.2d 690 (1997), opinion amended on reh'g, 345 N.C. 762, 489 S.E.2d 177 (1997) | 1 | Power of attorney must expressly confer authority to give gift of real property. | We hold that a power of attorney must expressly confer the authority to give a gift of real property. | Should authority be expressly conferred in a Power of Attorney? |
| 15779 | Martin-Trigona v. Univ. of New Hampshire, 685 F. Supp. 23, 25 (D.N.H. 1988) | 2 | Traditionally, universities possess broad discretion in administration of their internal affairs. | Universities traditionally possess broad discretion in administration of their internal affairs. | Do universities possess broad discretion in administration of internal affairs? |

| 15781 | Hawkeye Foodservice Distribution v. Iowa Educators Corp., 812 N.W.2d 600, 609 (Iowa 2012) | 11 | The only issue when considering a motion to dismiss is the petitioner's right of access to the district court, not the merits of his allegations. | The only issue when considering a motion to dismiss is the "petitioner's right of access to the district court, not the merits of his allegations." | What is the only issue when considering a motion to dismiss? |
|---|---|---|---|---|---|
| 15783 | Advanced Neurological Care, P.C. v. State Farm Mut. Auto. Ins. Co., 38 Misc. 3d 750, 754, 956 N.Y.S.2d 416, 419 (Dist. Ct. 2012) | 7 | Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency. | "Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency." | Does the principal have any implied duty in an agency? |
| 15784 | Polley v. Plainsun Corp., 7 Misc. 2d 605, 610, 166 N.Y.S.2d 184, 189 (Sup. Ct. 1957), modified sub nom. Polley v. Plainshun Corp., 8 A.D.2d 638, 186 N.Y.S.2d 295 (1959) | 7 | Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency. | Every contract of agency carries with it an implied obligation on the part of the principal to do nothing that would thwart the effectiveness of the agency.' | Does the principal have any implied duty in an agency? |
| 15787 | Messenger Courier Ass'n of Americas v. California Unemployment Ins. Appeals Bd., 175 Cal. App. 4th 1074, 1091 (2009) | 8 | Relationships of agency usually contemplate three parties-the agent, the principal, and third parties with whom the agent interacts in some manner. | "Relationships of agency usually contemplate three parties -the agent, the principal, and third parties with whom the agent interacts in some manner." | How many parties does the relationship of agency contemplate? |
| 15792 | Kern v. Treeline Golf Club, 433 S.W.2d 215, 216 (Tex. Civ. App. 1968) | 2 | Even though affidavit may be made by attorney for party it is necessary that affidavit set out authority by which it is made. Rules of Civil Procedure, rule 14. | [2] Though Rule 14, T.R.C.P., provides that an affidavit may be made by an attorney for a party, it is nevertheless necessary for the affidavit to set out the authority by which such affidavit is made. | Is it necessary that the affidavit set out the authority by which such affidavit is made? |
| 15798 | Korn v. Ray, 434 S.W.2d 798, 804–05 (Mo. App. 1968) | 9 | Prayer for relief is not part of pleading, and omission thereof does not oust court of jurisdiction of subject matter. | The prayer for relief is not a part of the pleading and the omission thereof does not oust the court of jurisdiction on the subject matter. | Is the prayer for relief a part of the pleading? |
| 15801 | Szilagyi v. Testa, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983) | 4 | Court may dismiss a complaint for failure to prosecute or for violation of a court order. | The court may dismiss a complaint for failure to prosecute or for violation of a court order. | Can court dismiss a complaint for failure to prosecute or for violation of a court order? |
| 15803 | Native Ecosystems Council v. Weldon, 697 F.3d 1043, 1056 (9th Cir. 2012) | 22 | Forest plans are designed to manage forest resources by balancing the consideration of environmental and economic factors. National Forest Management Act of 1976, SS 6, 12(a), 16 U.S.C.A. S 1604. | Forest plans are designed to manage forest resources by balancing the consideration of environmental and economic factors. | How are forest plans designed to manage forest resource? |
| 15807 | Wright v. State of Ga., 373 U.S. 284, 291–92, 83 S. Ct. 1240, 1245, 10 L. Ed. 2d 349 (1963) | 5 | One cannot be punished for failing to obey command of police officer if that command is itself violative of Constitution. | Obviously, however, one cannot be punished *292 for failing to obey the command of an officer if that command is itself violative of the Constitution. | Can a person be punished for failing to obey the command of an officer if the command violates the Constitution? |
| 15808 | Martin v. Powers, 505 S.W.3d 512, 518–19 (Tenn. 2016) | 16 | The basic concept of insurance involves an insurer who, in exchange for a premium, assumes certain risks that otherwise would be the obligation of the insured. | However, *519 the basic concept of insurance involves an insurer who, in exchange for a premium, " 'assumes certain risks that otherwise would be the obligation of the insured.' " | What is the basic concept or principle of insurance? |

| 15809 | Dep't of Soc. Servs. v. Romero, 609 P.2d 1323, 1324 (Utah 1980) | 2 | Whether delay is ground for the dismissal of an action is to be determined on totality of circumstances; this includes the conduct of both parties and the opportunity each has had to move the case forward if they so desire, and also what, if any, difficulty or prejudice may have been caused to the other party by the delay, and most important, whether it appears that any injustice has resulted. | Whether delay is a ground for the dismissal of an action is to be determined on the totality of the circumstances. This includes the conduct of both parties and the opportunity each has had to move the case forward if they so desired; and also what, if any, difficulty or prejudice may have been caused to the other party by the delay; and most important, whether it appears that any injustice has resulted. | Should delay as a ground for the dismissal of an action be determined on totality of circumstances? |
| --- | --- | --- | --- | --- | --- |
| 15810 | O'Donnell v. Union Paving Co., 121 Pa. Super. 68, 72–73 (1936) | 2 | Corporation intrusting manager with general supervision of particular branch of its business invests him with power of general agent coextensive with business intrusted to his care, and is bound by his contracts on its behalf made within apparent scope of authority. | "When a corporation intrusts a manager with the general supervision of a particular branch of its business, it invests him with *73 the power of a general agent coextensive with the business intrusted to his care * * * and is bound by his contracts on its behalf made within the apparent scope of his authority | "If the principal holds the agent out to the world as a general agent, would any contract made within the scope of the business bind the principal?" |
| 15812 | Scott v. City of Seymour, 659 N.E.2d 585, 592 (Ind. Ct. App. 1995) | 24 | When affiant makes conclusion of fact, it must appear that affiant had an opportunity to observe and did observe matters about which he or she testifies. | When an affiant makes a conclusion of fact, it must appear that the affiant had an opportunity to observe and did observe the matters about which he or she testifies. | Is it necessary that the affiant had an opportunity to observe the matters about which he or she testifies? |
| 15813 | Sealey v. Johanson, 175 F. Supp. 3d 681, 690 (S.D. Miss. 2016) | 5 | Equitable estoppel in Mississippi is an extraordinary remedy and should only be invoked to prevent unconscionable results. | And as stated, equitable estoppel in Mississippi "is an extraordinary remedy [that] should only be invoked to prevent unconscionable results." | Should equitable estoppel only be invoked to prevent unconscionable results? |
| 15814 | Major League Baseball v. Morsani, 790 So. 2d 1071, 1078 (Fla. 2001) | 12 | Prime purpose of doctrine of equitable estoppel is to prevent a party from profiting from his or her wrongdoing. | A prime purpose of the doctrine of equitable estoppel, on the other hand, is to prevent a party from profiting from his or her wrongdoing. | Is equitable estoppel meant to prevent a party from profiting from his or her wrongdoing? |
| 15815 | Highland Paving Co. v. First Bank, 227 N.C. App. 36, 44 (2013) | 12 | Where both general and specific allegations are made respecting same matter, latter control. | "Where both general and specific allegations are made respecting the same matter, the latter control." | "Where both general and specific allegations are made respecting the same matter, which controls?" |
| 15817 | Patel v. Home Depot USA, 2012 IL App (1st) 103217, ¶ 11 (Ill.App. 1 Dist.,2012) | 6 | If a claim is based on a written document, the document itself must be attached to the pleading as an exhibit; the exhibit is part of the pleading for purposes of a motion to dismiss. S.H.A. 735 ILCS 5/2-615. | Moreover, if a claim is based on a written document, the document itself must be attached to the pleading as an exhibit. The exhibit is part of the pleading for purposes of a motion to dismiss. | "If a claim is based on a written document, should the document itself be attached to the pleading as an exhibit?" |
| 15820 | McEver v. State, 352 So. 2d 1213, 1215 (Fla. Dist. Ct. App. 1977) | 1 | Though nonconsent is not a separate element of crime of breaking and entering with a felonious intent, it must be proven as part of element of breaking. | Though nonconsent is not a separate element of the crime of breaking and entering with a felonious intent, it must be proven as part of the element of breaking. | Is nonconsent an element of breaking? |

| 15821 | Cartey v. State, 337 So. 2d 835, 837 (Fla. Dist. Ct. App. 1976) | 1 | Breaking of an inner door or structure within open building constituted a "breaking" for purposes of burglary statute. West's F.S.A. S 810.05. | In view of these authorities, we hold that the breaking of an inner door or structure within an open building constitutes a breaking for purposes of the burglary statute. | Does breaking of an interior door constitute burglary? |
|---|---|---|---|---|---|
| 15825 | Bodnar v. Matheron, 154 N.Y.S.2d 596, 601 (Sur. 1956) | 2 | Checks drawn to named payee and endorsed by him in blank are payable to bearer. Negotiable Instruments Law, S 64. | Checks drawn to a named payee and endorsed by him in blank are payable to bearer. Negotiable Instruments Law, 64. | "Whether checks drawn to a payee and endorsed by him in blank, payable to bearer?" |
| 15828 | Marrero v. McDonnell Douglas Capital Corp., 200 Mich. App. 438, 443 (1993) | 13 | Doctrine of estoppel should be applied only where facts are unquestionable and wrong to be prevented undoubted. | The doctrine of estoppel should be applied only where the facts are unquestionable and the wrong to be prevented undoubted. | Should estoppel be applied only where the facts are unquestionable and the wrong to be prevented undoubted? |
| 15829 | Adams v. First Nat. Bank of Bells/Savoy, 154 S.W.3d 859, 869 (Tex. App. 2005) | 14 | A conveyance of an interest in real property must be in writing, signed by the grantor, and delivered to the grantee. V.T.C.A., Property Code S 5.021. | A conveyance of an interest in real property must be in writing, signed by the grantor, and delivered to the grantee. | Should conveyance of an interest in real property be in writing? |
| 15834 | Hickman v. Barclay's Int'l Realty, 5 So. 3d 804, 806 (Fla. Dist. Ct. App. 2009) | 3 | It is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship. | And it is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship | Does the right of control determine an agency relationship? |
| 15837 | Indep. Gin Co. v. Parker, 19 Ariz. App. 413, 415 (1973) | 5 | Agency is question of intention of parties, as evidenced by their acts, and is not dependent upon what particular person in question is called. | Agency is a question of the intention of the parties, as evidenced by their acts, and is not dependent upon what the particular person in question is called. | Is agency a question of the intention of the parties? |
| 15838 | Turley v. Kotter, 263 Pa. Super. 523, 529, 398 A.2d 699, 702 (1979) | 5 | "Servant" is agent employed by master to perform service in his affairs whose physical conduct in performance of service is controlled or is subject to right to control by master. | A "servant" is an agent employed by a master to perform a service in his affairs whose Physical conduct, in the performance of the service is controlled or is subject to the right to control by the master. | Is a servant an agent? |
| 15839 | Przekopski v. Przekop, 124 Conn. App. 238, 244 (2010) | 4 | "Agency" is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | "Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | "Is the one for whom an action is to be taken, a principal?" |
| 15840 | Leary v. Johnson, 159 Conn. 101, 105 (1970) | 6 | An essential ingredient of agency is that agent is doing something at the behest and for the benefit of the principal. | An essential ingredient of agency is that the agent is doing something at the behest and for the benefit of the principal. | "Is doing something at the behest and benefit of the principal, an essential ingredient of agency?" |
| 15842 | White v. Com. Med. Pro. Liab. Catastrophe Loss Fund, 131 Pa. Cmwlth. 567, 571, 571 A.2d 9, 11 (1990) | 1 | Question of whether enactment is tax or regulatory measure is determined by purposes for which it is enacted and not by its title. | The question of whether an enactment is a tax or regulatory measure is determined by the purposes for which it is enacted and not by its title. City of Wilkes–Barre v. Ebert, 22 Pa.Commonwealth Ct. 356, 349 A.2d 520 (1975). | What determines whether an enactment is a tax or regulatory measure? |

| 15843 | State v. Saltzman, 235 Neb. 964, 971, 458 N.W.2d 239, 244 (1990) | 14 | Terroristic threats statute does not require that recipient of threat be terrorized but, rather, requires that actor have intent to terrorize as result of threat. | Again, Saltzman misconstrues the terroristic threats statute. The statute requires not that the recipient of the threat be terrorized; rather, it requires, in relevant part, that the actor have the intent to terrorize another as a result of the threat. | Does the terroristic threats statute require that the recipient of the threat be terrorized? |
| 15847 | Commercial Credit Corp. v. Taylor, 448 S.W.2d 190, 194 (Tex. Civ. App. 1969) | 4 | Estoppel in pais may be invoked against a party only when he has failed to do that which he had a duty to do, and cannot be invoked because of failure to do that which he owed no duty to do. | The general rule is that estoppel in pais may be invoked against a party only when he has failed to do that which he had a duty to do, and cannot be invoked because of failure to do that which he owed no duty to do. | Can estoppel in pais be invoked when a party has failed to do that which he had a duty to do? |
| 15848 | Ingram-Clevenger v. Lewis & Clark Cty., 194 Mont. 43, 50 (1981) | 6 | Board of county commissioners is given discretion to do whatever is necessary for best interests of county roads. MCA 7-14-2103, 7-14-2103(3), 7-14-2601 et seq. | We must keep in mind that the board of county commissioners is given the discretion to do whatever is necessary for the best interests of county roads. | Does the Board of County Commissioners have discretion to act in matters related to county roads? |
| 15851 | Williams v. Nash, 428 So. 2d 96, 99 (Ala. Civ. App. 1983) | 2 | In those instances in which face of complaint fails to show that action is barred by affirmative defense, it may not be raised by a motion to dismiss but must be raised by an answer. Rules Civ.Proc., Rules 8(c), 12(b). | In those instances in which the face of the complaint fails to show that the action is barred by the affirmative defense, it may not be raised by a rule 12(b), A.R.Civ.P., motion but must be raised by an answer under rule 8(c), A.R.Civ.P. | Will an affirmative defense be raised by a motion to dismiss or by an answer? |
| 15855 | Jewett v. Town of Alton, 7 N.H. 253, 253 (1834) | 1 | Where an authority is given by law to three or more persons, it may, in general, be executed by a major part of the persons to whom it is so delegated; but where corporations or individuals give an authority jointly to three or more persons, in order to bind principals, all the agents must act. | With respect to the note on which this suit is founded, the rule is that when an authority is given by law to three or more persons, it may in general be executed by a major part of the persons to whom it is delegated. But when individuals or corporations give an authority jointly to three or more persons, in order to bind the principal all the agents must act. | Does authority have to be exercised by a majority when it is given to three or more people? |
| 15856 | Violette v. Shoup, 16 Cal. App. 4th 611, 620, 20 Cal. Rptr. 2d 358, 363 (1993) | 2 | Person does not become agent of another simply by offering help or making suggestion. | A person does not become the agent of another simply by offering help or making a suggestion. | Will a person become the agent of another by offering help? |
| 15857 | White v. Revco Disc. Drug Centers, Inc., 33 S.W.3d 713, 724 (Tenn. 2000) | 15 | An agent may serve two masters simultaneously, so long as the objectives of one master are not contrary to the objectives of the other. Restatement (Second) of Agency S 226. | It is also well settled that an agent may serve two masters simultaneously, so long as the objectives of one master are not contrary to the objectives of the other. See Monroe County Motor Co. v. Tennessee Odin Ins. Co., 33 Tenn.App. 223, 241, 231 S.W.2d 386, 394 (1950). | When can an agent serve two masters simultaneously? |

| 15858 | Ferrentino v. Dime Sav. Bank of New York, F.S.B., 159 Misc. 2d 690, 691–92, 606 N.Y.S.2d 554, 555 (Sup. Ct. 1993) | 2 | Attorney-in-fact is merely special type of agent, and death of principal revokes authority of agent and power of attorney. | With respect to the Power of Attorney, an attorney-in- *692 fact is merely a special type of agent and the death of the principal revokes the authority of the agent and the power of attorney (see Etterle v. Excelsior Ins. Co. of New York, 74 A.D.2d 436, 428 N.Y.S.2d 95 [1980]; New York Life Ins. Co. v. Estate of Haelen, 137 Misc.2d 639, 521 N.Y.S.2d 970 [1987] ). | Is an attorney-in-fact a special type of agent? |
| --- | --- | --- | --- | --- | --- |
| 15861 | Lehndorff Geneva v. Warren, 74 Wis. 2d 369, 389 (1976) | 12 | Power of state to apply its laws exclusively to aliens is exceedingly narrow. | We are mindful that the power of a state to apply its laws exclusively to aliens is exceedingly narrow. | Is the power of a state to apply its laws exclusively to aliens narrow? |
| 15862 | Arizona v. United States, 567 U.S. 387, 394–95 (2012) | 1 | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | First, the federal government "has broad, undoubted power over the subject of immigration and the status of aliens," authority that rests on the constitutional power to "establish an uniform Rule of Naturalization," Art. I,  8, cl. 4, and on the national government's "inherent power as sovereign to control and conduct relations with foreign nations." | Does the federal government of United States have the power to regulate immigration? |
| 15864 | Jacobson v. Fed. Deposit Ins. Corp., 407 F. Supp. 821, 827 (S.D. Iowa 1976) | 4 | Under Iowa law, a negotiable instrument is discharged when the principal debtor becomes the holder thereof at or after maturity in his own right. I.C.A. SS 541.120(5), 554.3601-554.3606. | Under Iowa law, "a negotiable instrument is discharged when the principal debtor becomes the holder thereof at or after maturity in his own right." | When is a negotiable instrument discharged? |
| 15865 | Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416, 419 (W.D. Pa. 1978) | 6 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | The obligations of the maker of a note are determined by the law of the state designated on the instrument as the place of payment. | By what law are the obligations of the maker of a note determined? |
| 15866 | Jacobsen v. Bunker, 699 P.2d 1208, 1209 (Utah 1985) | 2 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. | What law governs the legal effect of a promissory note? |
| 15868 | Commercial Bank & Tr. Co. v. Canale, 450 So. 2d 761, 762 (La. Ct. App. 1984) | 1 | Equitable estoppel is not favored and is invoked sparingly because it bars normal assertion of rights. | Equitable estoppels are not favored in Louisiana and are invoked sparingly because they bar the normal assertion of rights. | Does equitable estoppel bar the normal assertion of rights? |
| 15869 | Succession of Valdez, 44 So. 2d 151, 157 (La. Ct. App. 1950) | 8 | The doctrine of estoppel is applicable only to ignorance of matters of fact, and not to acknowledgments or statements of propositions of law. | The doctrine of estoppel is applicable only to ignorance of matters of fact, and not to acknowledgments or statements of propositions of law. | Is estoppel applicable only to acknowledgements of matters of fact? |

| | | | | | |
|---|---|---|---|---|---|
| 15870 | Tollett v. Franklin Equities, 586 S.W.2d 96, 97 (Tenn. 1979) | 1 | Corporate franchise tax is not an ad valorem property tax but is a tax levied upon privilege of engaging in business in corporate form in the state, and is levied upon net worth or capital of the corporation. T.C.A. S 67-2908. | The parties recognize that the corporate franchise tax is not an ad valorem property tax but is a tax levied upon the privilege of engaging in business in corporate form in this state. See Crown Enterprises, Inc. v. Woods, 557 S.W.2d 491 (Tenn.1977). It is levied upon the net worth or capital of the corporation. | What is corporate franchise tax? |
| 15872 | Kartman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883, 890 (7th Cir. 2011) | 7 | Essence of an insurance policy is a promise by the insurer to compensate the insured for the loss of something of value that is covered under the policy, thereby shifting the risk of loss from the insured to the insurer. | The essence of an insurance policy is a promise by the insurer to compensate the insured for the loss of something of value that is covered under the policy, thereby shifting the risk of loss from the insured to the insurer. | What is the essence of an insurance policy? |
| 15874 | Prime Locations of CT v. Rocky Hill Dev., 167 Conn. App. 786, 802–03 (2016) | 11 | The purpose of a complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. | "The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to *803 prevent surprise. | Is limiting the issues at trial the purpose of a complaint? |
| 15876 | F.D.I.C. v. Finlay, 832 S.W.2d 158, 161 (Tex. App. 1992) | 2 | Trial court may not orally reinstate case that was dismissed for one of prosecution. | For example, a trial court may not orally reinstate a case that was dismissed for want of prosecution. | Can a trial court orally reinstate a case that was dismissed for want of prosecution? |
| 15882 | Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416, 419 (W.D. Pa. 1978) | 6 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | The obligations of the maker of a note are determined by the law of the state designated on the instrument as the place of payment. | Which law determines the obligations of the maker of a note? |
| 15883 | Com. v. Knepp, 307 Pa. Super. 535, 540, 453 A.2d 1016, 1018 (1982) | 6 | In imposing sentence, sentencing court must consider particular circumstances of offense and character of defendant. 42 Pa.C.S.A. SS 9731 et seq., 9732. | In imposing sentence, the sentencing court must consider the particular circumstances of the offense and the character of the defendant in reaching its determination. | Should the sentencing court consider the character of the defendant in reaching its determination? |
| 15884 | United States v. Real Prop. Identified as: Parcel 03179-005R, 287 F. Supp. 2d 45, 56 (D.D.C. 2003) | 5 | Civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | 2135, 135 L.Ed.2d 549 (1996), the Supreme Court held that "civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." | "Does civil forfeiture not constitute ""punishment"" for purpose of a double jeopardy clause?" |
| 15888 | Taranto Amusement Co. v. Mitchell Assocs., 820 So. 2d 726, 729 (Miss. Ct. App. 2002) | 3 | A waiver presupposes a full knowledge of a right existing, and an intentional surrender or relinquishment of that right. | Under Mississippi case law, a "waiver" presupposes a full knowledge of a right existing, and an intentional surrender or relinquishment of that right. | Does waiver presuppose a full knowledge of a right existing? |
| 15890 | United States v. London, 714 F.2d 1558, 1564 (11th Cir. 1983) | 3 | False writing can be made by any number of artificial means and still fall within ambit of common-law forgery. | We hold that a false writing can be made by any number of artificial means and still fall within the ambit of common law forgery. | Can forgery be made by artificial means including photocopy machine? |

| 15892 | Commercial Union Assur. Companies v. Kaplan, 152 N.J. Super. 273, 278, 377 A.2d 957, 959 (Law. Div. 1977) | 4 | Insurance law recognizes insurance as an instrument of social policy and a means by which innocent victims of negligence are compensated. | This is contrary to the letter and spirit of insurance law in this State which recognizes insurance as an instrument of social policy and a means by which innocent victims of negligence are compensated. | Is insurance an instrument of social policy? |
| --- | --- | --- | --- | --- | --- |
| 15896 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340, 1344 (Colo. 1985) | 2 | District courts have inherent power to dismiss claim for failure to prosecute. Rules Civ.Proc., Rule 41(b)(1, 2). | The district courts have the inherent power to dismiss a claim for failure to prosecute. | Do courts have inherent power to dismiss claim for failure to prosecute? |
| 15897 | Holcomb v. Com., 58 Va. App. 339, 348, 709 S.E.2d 711, 715 (2011) | 9 | A "threat," in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property. | "A threat, in the criminal context, is recognized to be a communication avowing an intent to injure another's person or property." | How is a threat recognized in the criminal context? |
| 15901 | Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416, 419 (W.D. Pa. 1978) | 6 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | The obligations of the maker of a note are determined by the law of the state designated on the instrument as the place of payment. | Which law determines the obligation of the maker of a note? |
| 15903 | Zettel v. Paschen Contractors, Inc., 100 Ill. App. 3d 614, 617, 427 N.E.2d 189, 191 (1981) | 2 | An agreement to obtain insurance is not agreement of insurance; person promising to obtain insurance does not by that promise become insurer although he may assume liabilities of one if he breaches agreement. | An agreement to obtain insurance is not an agreement of insurance; a person promising to obtain insurance does not by that promise become an insurer although he may assume the liabilities of one if he breaches the agreement. | Is an agreement to obtain insurance an agreement of insurance? |
| 15908 | In Interest of Doe, 7 Haw. App. 582, 584 (1990) | 1 | Words and hand gestures are not essential elements of crime of harassment. HRS S 711-1106(1)(b). | Words and hand gestures are not essential elements of the crime of harassment as proscribed by HRS 711-1106(1)(b). | Are words and hand gestures essential elements of the crime of harassment? |
| 15914 | Velez v. Clarinda Corr. Facility, 791 F.3d 831, 834 (8th Cir. 2015) | 2 | When defendant has been charged with multiple offenses under same statute and arising out of same transaction, court must look to whether state legislature intended facts underlying each count to constitute separate unit of prosecution, and if unit of prosecution intended by legislature prescribes multiple punishments under same statute and conceivably arising from same incident, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | When a defendant has been charged with multiple offenses under the same statute and arising out of the same transaction, we must look to whether the state legislature intended the facts underlying each count to constitute a separate unit of prosecution. Bell v. United States, 349 U.S. 81, 83–84, 75 S.Ct. 620, 99 L.Ed. 905 (1955). If the unit of prosecution intended by the legislature prescribes multiple punishments under the same statute and conceivably arising from the same incident, the Double Jeopardy Clause is not violated. | Does a double jeopardy clause ensure a defendant that he will not suffer more than one punishment or incessant prosecutions for a same breach of law? |
| 15915 | Jensen v. Fremont Motors Cody, Inc., 2002 WY 173, ¶ 16, 58 P.3d 322, 327 (Wyo. 2002) | 4 | While the necessary intent for waiver of a right may be implied from conduct, the conduct should speak the intent clearly. | "While the necessary intent for waiver may be implied from conduct, the conduct should speak the intent clearly." | "While intent for waiver may be implied from conduct, should the conduct speak the intent clearly?" |

| | | | | | |
|---|---|---|---|---|---|
| 15917 | El Paso Refining v. Scurlock Permian Corp., 77 S.W.3d 374, 384 (Tex. App. 2002) | 17 | Usury is a personal defense and may not be asserted by a guarantor unless the contract with the guarantor also contains the usurious provision. | This conclusion comports with Texas law which holds that "[u]sury is a personal defense and may not be asserted by a guarantor unless the contract with the guarantor also contains the usurious provision." | Can an individual guarantor assert a defense of usury? |
| 15918 | Rubinfeld v. Mappa, 42 Misc. 2d 464, 464, 248 N.Y.S.2d 276, 277 (Sup. Ct. 1964), aff'd, 24 A.D.2d 489, 261 N.Y.S.2d 274 (1965) | 2 | It is not title of action or prayer for judgment but facts set out in complaint which determine kind and character of action. CPLR S 6501. | It is not the title of the action, nor the prayer for judgment, but the facts set out in the complaint which determined the kind and character of the action (Weisinger v. Rae, 19 Misc.2d 341, p. 346 et seq., 188 N.Y.S.2d 10, p. 17, et seq.). | Does the title of a complaint does determine the character of the action? |
| 15919 | Davaloo v. State Farm Ins. Co., 135 Cal. App. 4th 409, 418, 37 Cal. Rptr. 3d 528, 537 (2005) | 12 | The allegations in the body of the complaint, not the caption, constitute the cause of action against the defendant. | As an initial matter, the allegations in the body of the complaint, not the caption, constitute the cause of action against the defendant. | Do the allegations in the body of the complaint constitute the cause of action against the defendant? |
| 15921 | In re Ryan D., 100 Cal. App. 4th 854, 861, 123 Cal. Rptr. 2d 193, 198 (2002) | 7 | Criminal-threat statute does not require that threat be personally communicated to victim by person who makes threat. West's Ann.Cal.Penal Code S 422. | Section 422 does not require that a threat be personally communicated to the victim by the person who makes the threat. | Does the criminal-threat statute require that the threat be personally communicated to the victim by the person who makes the threat? |
| 15922 | Salvatierra v. Calderon, 836 So. 2d 149, 155 (2002) | 11 | Residence of itself does not constitute domicile, but it has been one of the important elements in determining question of domicile. | Residence of itself does not constitute domicile, but it has been one of the **9 important elements in determining the question of domicile. | Is residence one of the important elements in determining question of domicile? |
| 15923 | State v. Schubert, 212 N.J. 295, 304 (2012) | 5 | A core principal of the jurisprudence of England and America is that no man can be twice lawfully punished for the same offense. | A core principal of " 'the jurisprudence of England and America … is that no man can be twice lawfully punished for the same offense.' " | Can a man be twice lawfully punished for the same offense? |
| 15925 | In re A.G., 21 N.E.3d 355, 360 (2014) | 4 | The state constitution provides the same double jeopardy protections as the federal constitution, proscribing both successive prosecutions and successive punishments for the same offense. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | The Ohio Constitution also provides the same double jeopardy protections as the United States Constitution-proscribing both successive prosecutions and successive punishments for the same offense. | What are the constitutional protections double jeopardy provides? |
| 15926 | Givens v. State, 144 A.3d 717, 743 (Md. 2016) | 8 | The Double Jeopardy Clause of the Fifth Amendment is fully applicable to state criminal proceedings; the double jeopardy prohibition is also part of Maryland common law. U.S. Const. Amend. 5. | the Double Jeopardy Clause of the Fifth Amendment is fully applicable to [S]tate criminal proceedings. The double jeopardy prohibition is also part of Maryland common law[.] | Is the double jeopardy prohibition part of the common law? |
| 15929 | Skipper v. State, 257 Ga. 802, 804 (1988) | 2 | Other than penetration of female sex organ by male sex organ, infliction of physical injury is not element of offense of rape. O.C.G.A. S 16-6-1. | Other than the penetration of the female sex organ by the male sex organ, the infliction of physical injury is not an element of the offense of rape. OCGA 16-6-1 | Is physical injury an element of rape? |
| 15930 | Ex parte Ueno, 971 S.W.2d 560, 562 (Tex. App. 1998) | 14 | In state court, jeopardy attaches in bench trial when defendant pleads to indictment. U.S.C.A. Const.Amend. 5. | In Texas, jeopardy attaches in a bench trial when the defendant pleads to the indictment. | Will jeopardy attach in case of bench trial when the defendant pleads to the indictment? |

| | | | | | |
|---|---|---|---|---|---|
| 15931 | State v. Juarez, 115 Wash. App. 881, 887 (2003) | 6 | Jeopardy attaches after jury is selected and sworn; it is not necessary that argument or testimony be presented. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Jeopardy attaches after the jury is selected and sworn. It is not necessary that argument or testimony be presented. | Is it necessary to present testimony or argument once jeopardy attaches? |
| 15934 | State v. Letell, 103 So. 3d 1129, 1136 (2012) | 2 | Double Jeopardy Clause protects the accused against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. U.S.C.A. Const.Amend. 5. | The Double Jeopardy Clause protects the accused against multiple punishments for the same offense as well as a second prosecution for the same offense after acquittal or conviction. | Do federal and state constitutions provide that no person shall be put in jeopardy twice for the same criminal offense? |
| 15935 | Bies v. Bagley, 519 F.3d 324, 339 (6th Cir. 2008) | 17 | Double Jeopardy Clause does not allow a state to prevent relitigation of an issue. U.S.C.A.Const.Amend. 5. | The Double Jeopardy Clause, however, has never been applied to allow a state to prevent relitigation of an issue. | Does double Jeopardy Clause allow a state to prevent relitigation of an issue? |
| 15937 | People v. Crane, 308 Ill. App. 3d 675, 686 (1999) | 13 | Where the defendant is acquitted of an offense, the bar of double jeopardy descends, and the State is precluded from reprosecuting the defendant for the same offense. U.S.C.A.Const.Amend. 5; S.H.A. Const. Art. 1, S 10. | Where the defendant is acquitted of an offense, the bar of double jeopardy descends, and the State becomes barred from reprosecuting the defendant for the same offense. | "Regardless of whether it is the state or the defendant seeking a trial de novo, do double jeopardy principles preclude the state from reprosecuting the defendant?" |
| 15942 | Mountain View/Evergreen Imp. & Serv. Dist. v. Brooks Water & Sewer Dist., 896 P.2d 1355, 1362 (Wyo. 1995) | 5 | Only duly elected government officials of state, county, or municipality can authorize taxation for public as a whole. | This is necessary because only duly elected government officials of a state, a county, or a municipality can authorize taxation for the public as a whole. | Who can authorize taxation for public as a whole? |
| 15944 | Greater Poughkeepsie Libr. Dist. v. Town of Poughkeepsie, 81 N.Y.2d 574, 580, 618 N.E.2d 127, 130 (1993) | 5 | Power to tax may not be delegated to administrative agencies or other governmental departments. McKinney's Const. Art. 3, S 1; Art. 16, S 1. | The power to tax may not, however, be delegated to administrative agencies or other governmental departments (Gautier v. Ditmar, 204 N.Y. at 27–28, 97 N.E. 464; Matter of Brooklyn Children's Aid Socy. v. Prendergast, 166 App.Div. 852, 861, 151 N.Y.S. 720, affd. 215 N.Y. 705, 109 N.E. 1066). | Can the power to tax be delegated to administrative agencies or other governmental departments? |
| 15945 | City of Camden v. Byrne, b 82 N.J. 133, 156, 411 A.2d 462, 473 (1980) | 17 | Even an impost for county and township purposes is a state tax; it can be imposed by no other authority. | Even "an impost for county and township purposes is a State tax ; it can be imposed by no other authority." | Is an impost for county and township purposes a state tax? |
| 15948 | Matter of R.D., 486 S.W.3d 130, 134 (Tex. App. 2016) | 5 | It is immaterial to a threat offense whether the accused had the capability or the intention to carry out his threat. | But "it is immaterial to [a threat] offense whether the accused had the capability or the intention to carry out his threat." | Is it material to a threat offense whether the accused has the capability or intention to carry out his threat? |
| 15951 | Creative Ventures v. Jim Ward & Assocs., 195 Cal. App. 4th 1430, 1447, 126 Cal. Rptr. 3d 564, 577 (2011) | 11 | The general rule is that the assignee takes subject to all equities and defenses existing in favor of the maker. West's Ann.Cal.Civ.Code S 1459. | Thus, the general rule is that the assignee takes subject to all equities and defenses existing in favor of the maker. | Does the assignee stand on the same footing with regard to the equities and defenses available to the maker? |
| 15952 | Henderson v. U.S Patent Comm'n, Ltd., 188 F. Supp. 3d 798, 801 (N.D. Ill. 2016) | 2 | A party may not be compelled under the Federal Arbitration Act (FAA) to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. 9 U.S.C.A. S 4. | Accordingly, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." | Can parties be forced to arbitrate on a class-wide basis? |

| | | | | | |
|---|---|---|---|---|---|
| 15953 | State v. Yell, 104 N.H. 87, 88 (1962) | 2 | Word "fraudulent" in indictment charging embezzlement includes "intent" to do act and is descriptive of motive. | The word 'fraudulent' in an indictment charging embezzlement includes an 'intent' to do the act and is descriptive of the motive. | What does the word fraudulent imply in an indictment charging embezzlement? |
| 15954 | United States v. Henry, 111 F.3d 111, 113 (11th Cir. 1997) | 3 | Power of Congress to control immigration is plenary and vests Congress with broad discretion in defining offenses in the area. | The power of Congress to control immigration is plenary and vests Congress with broad discretion in defining offenses in the area. | Does Congress have plenary power over immigration? |
| 15955 | Marshall v. Wait, 628 F.2d 1255, 1258 (9th Cir. 1980) | 4 | An individual who enters a particular industry is put on notice of the likelihood of unannounced nonconsensual warrantless inspections by both the history and degree of regulation and, by accepting the benefits of the trade, he also accepts the burden of regulation and thereby consents to the necessity of inspection; consequently, there can be no reasonable expectation of privacy at least as to administrative inspections. U.S.C.A.Const. Amend. 4. | An individual who enters into a particular industry is put on notice of the likelihood of unannounced nonconsensual warrantless inspections by both the history and degree of regulation. By accepting the benefits of the trade, the entrepreneur also accepts the burden of regulation and thereby consents to the necessity of inspection. See Almeida-Sanchez v. United States, 413 U.S. 266, 270, 271, 93 SCt. 2535, 37 L.Ed.2d 596 (1973). Consequently, there can be no reasonable expectation of privacy, at least as to administrative inspections. | Is an individual operating within a highly regulated industry bound to administrative inspection? |
| 15956 | Levine v. 418 Meadow St. Assocs., 163 Conn. App. 701, 708 (2016) | 5 | The right to an appeal is not a constitutional one; rather, it is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted. | "The right to an appeal is not a constitutional one. It is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted." | Is right to appeal constitutional? |
| 15960 | Doe v. Unocal Corp., 110 F. Supp. 2d 1294, 1304 (C.D. Cal. 2000), aff'd in part, rev'd in part sub nom. Doe v. Unocal Corp., 395 F.3d 932 (9th Cir. 2002), on reh'g en banc sub nom. John Doe I v. Unocal Corp., 403 F.3d 708 (9th Cir. 2005), and opinion vacated, appeal dismissed sub nom. John Doe I v. Unocal Corp., 403 F.3d 708 (9th Cir. 2005) | 3 | Violations of international law actionable under Alien Tort Claims Act (ATCA) must be of a norm that is specific, universal, and obligatory. 28 U.S.C.A. S 1350. | Actionable violations of international law must be of a norm that is specific, universal, and obligatory. | "Should a ""norm of international law"" be specific, universal, and obligatory?" |

| | | | | | |
|---|---|---|---|---|---|
| 15962 | Holsomback v. Akins, 134 Ga.App. 543 (Ga.App., 1975) | 7 | Where check was given by payee's stepmother in consideration of payee's relinquishment of his share of his father's estate, a contract was formed with stepmother which was binding on her estate and which was not revoked by stepmother's death, and in such case the check might be used as evidence in support of payee's claim of indebtedness against the stepmother but not as evidence of the indebtedness itself. Code, S 113-1525. | Appellant's strongest contention is that the check was given in consideration of his relinquishment of his share of his father's estate, and, therefore, a contract was formed with decedent which is binding on her estate. This contract obligation is not revoked by the promisor's death. Code s 113-1525. See e.g. Allen v. Confederate Publishing Co., 121 Ga. 773(1), 49 S.E. 782; Young v. Lewis, 70 Ga.App. 627, 29 S.E.2d 267. In such a case 'the check may in a proper action be used as evidence in support of the payee's claim of indebtedness against the decedent but not as evidence of the indebtedness itself.' Lambeth v. | Can a check be used as evidence in support of the payees claim of indebtedness? |
| 15963 | Champion Auto Sales v. Polaris Sales Inc., 943 F. Supp. 2d 346, 351 (E.D.N.Y. 2013) | 3 | Under the Federal Arbitration Act (FAA), the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. 9 U.S.C.A. S 2. | In keeping with this policy, the Court resolves doubts in favor of arbitration and enforces privately-negotiated arbitration agreements in accordance with their terms. | How do courts enforce privately-negotiated arbitration agreements? |
| 15964 | Wyoming Sawmills Inc. v. U.S. Forest Serv., 383 F.3d 1241, 1250 (10th Cir. 2004) | 7 | United States Forest Service's action will be reversed only if it is arbitrary, capricious, otherwise not in accordance with the law, or not supported by substantial evidence. | Our standard of review is a deferential one, and we will reverse the Forest Service's action only if it is " 'arbitrary, capricious, otherwise not in accordance with the law, or not supported by substantial evidence.' " | What is the standard of review for reviewing the Forest Services action? |
| 15965 | Ellis v. Gilbert, 19 Utah 2d 189, 191, 429 P.2d 39, 40 (1967) | 4 | Among proper purposes in proceedings before trial is exploration of possibility of resolving dispute without trial. | Cognate to the thought just expressed is the fact that among the proper purposes of the proceedings prior to trial is the exploration of the possibility of resolving the dispute without trial. | What is among the proper purposes in proceedings before trial? |
| 15967 | Carnes v. Meadowbrook Exec. Bldg. Corp., 17 Kan. App. 2d 292, 292, 836 P.2d 1212, 1214 (1992) | 8 | Primary purposes of pretrial conference are to reduce, if not completely remove, uncertainty from trial, to determine exactly what issues are involved, and to establish what procedures are to be followed. | The primary purposes of a pretrial conference are to reduce, if not completely remove, uncertainty from the trial; determine exactly what issues are involved; and establish what procedures are to be followed. | What is the primary purpose of a pretrial conference? |
| 15970 | Maharishi Sch. Vedic Scis. v. Connecticut Constitution Assocs. Ltd. P'ship, 260 Conn. 598, 607 (2002) | 8 | "Apparent authority" is that semblance of authority that a principal, through its own acts or inadvertences, causes or allows third persons to believe the principal's agent possesses. | Apparent authority is that semblance of authority that a principal, through its own acts or inadvertences, causes or allows third persons to believe the principal's agent possesses. | What is an apparent authority in a principal-agent relation? |

| 15972 | Soliz v. State, 163 Tex. Crim. 508, 509 (1956) | 2 | A prosecutrix in a statutory rape case is not an accomplice witness and a conviction for statutory rape can be sustained upon her uncorroborated testimony. | We observe, however, that a prosecutrix in a rape case is not an accomplice witness and a conviction for statutory rape can be sustained upon her uncorroborated testimony. | Can a prosecutrix become an accomplice in a rape case? |
|---|---|---|---|---|---|
| 15974 | Sayers v. Artistic Kitchen Design LLC, 280 Ga. App. 223, 226 (2006) | 4 | Purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent. | Moreover, "the purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent." | May requests for admissions not be used as a tactical device to trap unwary pro se litigants? |
| 15978 | Cropp v. Woleslagel, 207 Kan. 627, 627, 485 P.2d 1271, 1272 (1971) | 4 | In the encouragement of settlement at a pretrial conference, it is not function of trial court to coerce or compel a litigant to make a settlement. K.S.A. 60-216. | In the encouragement of settlement at a pretrial conference, it is not the function of a trial court to coerce or compel a litigant to make a settlement. | Can a court compel a litigant to make a settlement during a pretrial conference? |
| 15981 | Hayes v. Midland Credit Co., 173 Minn. 554, 554 (1928) | 4 | Person lending commercial paper to accommodate another may limit use to be made thereof, unless it passes to holder in due course. | A person who loans commercial paper for the accommodation of another may limit the use to be made thereof, unless it passes to a holder in due course. | Can the accommodation party limit the use of accommodation paper for a specific purpose? |
| 15982 | Thomas v. Leonard Truck Lines, 7 So. 2d 753, 756 (La. Ct. App. 1942) | 10 | A pleader is not "estopped" by judicial allegations which have neither deceived nor damaged anyone. | In addition to this, a pleader is not estopped by judicial allegations which have neither deceived nor damaged anyone. | Is a pleader estopped by judicial allegations which have neither deceived nor damaged? |
| 15987 | John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506, 511, 129 A.2d 815, 819 (1957) | 3 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | It seems generally to be conceded that the proper law governing a bill or note is the law which the parties to the instrument intended to govern. Accordingly, if the bill or note contains express provisions that it shall be governed by the laws of a particular state, those laws govern. | Is the law which the parties to the instrument intended the proper law governing a bill or note? |
| 15991 | State ex rel. Pub. Welfare Comm'n v. Malheur Cty. Court, 185 Or. 392, 412 (1949) | 8 | The power to tax is a legislative power which cannot be delegated to an administrative body, but a county court is a governmental body to which both the power and the duty to tax may be delegated. | The power to tax is a legislative power which cannot be delegated to an administrative body, Multnomah County v. Luihn, supra; but, a county court is a governmental body to which both the power and duty to tax may be delegated. | Can the legislature delegate the power to tax to an administrative board |
| 15992 | Bennett v. Van Doren Indus., 262 Kan. 426, 426, 939 P.2d 874, 875 (1997) | 1 | Legal sufficiency of claim is determined from well-pled facts in petition. Rules Civ.Proc., K.S.A. 60-212(b)(6). | Under K.S.A. 60-212(b)(6), the legal sufficiency of a claim is to be determined from the well-pled facts in the petition. | Is the legal sufficiency of claim determined from well-pled facts in a petition? |
| 15994 | Mavrix Photographs v. Livejournal, 873 F.3d 1045, 1055 (9th Cir. 2017) | 12 | Whether an agency relationship exists depends on the level of control a principal exerts over the agent. | Whether an agency relationship exists also depends on the level of control a principal exerts over the agent. | Does an agency relationship depend on the level of control? |
| 15996 | In re Magnani, 223 B.R. 177, 181 (N.D. Iowa 1997) | 10 | Under Iowa law, dissolution does not effect change in partner's interest in specific partnership property. | Neither does dissolution effect a change in a partner's interest in specific partnership property. | Does dissolution effect a change in a partners interest in partnership property? |

| | | | | |
|---|---|---|---|---|
| 15999 | Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 646 (Fla. 1999) | 15 | Doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | The doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. | "Is ""equitable subrogation"" or ""legal subrogation"" broadly applied in every conceivable type of transaction in which the party invoking the doctrine has been required to pay a debt for which another is primarily answerable?" |
| 16003 | Razete v. United States, 199 F.2d 44, 48 (6th Cir. 1952) | 4 | "Graft" means an advantage which one person by reason of his peculiar position of superiority, influence or trust, exacts from another, and also includes the fraudulent obtaining of public money by the corruption of public officials. | Graft means an advantage which one person by reason of his peculiar position of superiority, influence or trust exacts from another.  It also includes the fraudulent obtaining of public money by the corruption of public officials. | "What is the meaning of the word ""graft""?" |
| 16004 | Bonin v. Vannaman, 261 Kan. 199, 209 (Kan., 1996) | 7 | Nature of a claim-whether it sounds in tort or contract-is determined from pleadings and from real nature and substance of facts therein alleged. | The nature of a claim-whether it sounds in tort or contract -is determined from the pleadings and from the real nature and substance of the facts therein alleged. | "Is the nature of a claim, whether it sounds in tort or contracts, determined from the pleadings?" |
| 16008 | State Bd. of Ret. v. Bulger, 446 Mass. 169, 179 (2006) | 6 | The standard for removing a clerk-magistrate from office, where required by the "public good," is broad, and in contrast, the standard for pension forfeiture based on dereliction of duty is more narrow and specific. M.G.L.A. c. 211, S 4; c. 32, S 15(4). | As enunciated by G.L. c. 211, 4, and by our case law, the standard for removing a clerk-magistrate from office, where required by the "public good," is broad. In contrast, the standard for pension forfeiture based on dereliction of duty is more narrow and specific. | What is the standard for pension forfeiture of a clerk based on dereliction of duty? |
| 16012 | Schedlmayer v. Trans Int'l Airlines, 99 Misc. 2d 478, 483, 416 N.Y.S.2d 461, 465 (Civ. Ct. 1979) | 10 | Negligence of bailor which contributes to loss of bailed item will generally exonerate bailee, and burden of proving such contributory negligence is upon the bailee. CPLR 1412. | Negligence of the bailor which contributes to the loss of a bailed item will generally exonerate the bailee (Osborn v. Cline, 263 N.Y. 434, 189 N.E. 483). The burden of proving such contributory negligence is upon the defendant (CPLR 1412). | "Will the negligence of the bailor, contributing to the loss, exonerate the bailee from liability?" |
| 16013 | Rinn v. First Union Nat. Bank of Maryland, 176 B.R. 401, 408 (D. Md. 1995) | 12 | Founded on principles of natural reason and justice, subrogation is highly favored doctrine and expansively applied. | Founded on principles of natural reason and justice, subrogation is a highly favored doctrine and expansively applied. | Is the doctrine of subrogation expansively applied? |
| 16014 | City of Columbus v. Anglin, 120 Ga. 785, 48 S.E. 318, 320 (1904)120 Ga. 785 | 14 | The abstract and primary rights and duties of men are determined by the substantive law, which is ever in operation but no action can be based upon substantive law alone. When there is an invasion of primary rights, then, and not until then the adjective or remedial law becomes operative and under it arise rights of action. | The abstract and primary rights and duties of men are determined by the substantive law, which is ever in operation, but no action can be based upon substantive law alone. When there is an invasion of primary rights, then, and not until then, the adjective or remedial law becomes operative, and under it arise rights of action. | When does remedial law become operative in a cause of action? |

| 16015 | Countryside Co-op. v. Harry A. Koch Co., 280 Neb. 795, 804–05, 790 N.W.2d 873, 883 (2010) | 18 | Generally, "subrogation" is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other. | Generally, subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other. | "Is subrogation the right of one, who has paid an obligation which another should have paid, to be indemnified by the other?" |
| 16018 | Lawrence v. Cooper Indep. Theatres, 177 Kan. 125, 130 (1954) | 7 | Restrictions against assignment of lease constitutes prohibitions against the right of alienation, and they are not favored by court and are to be strictly construed, and are not implied. | Restrictions against assignment constitute prohibitions against the right of alienation. They are not favored by the courts, are to be strictly construed, and are not implied. | Are restrictions on assignments strictly construed? |
| 16019 | State v. Longo, 32 N.J.L. 515, 519 (Sup. Ct. 1945) | 2 | The "person" defrauded, within meaning of forgery statutes, can be a state, county, or other governmental unit. | The 'person' defrauded, within the meaning of forgery statutes, can be a state, county or other governmental unit. | Does the person defrauded within the forgery statutes include government or other authorities? |
| 16020 | State v. Spence, 131 Or. App. 392, 395 (1994) | 1 | One is guilty of forgery when one makes instrument which purports to be authentic creation of its ostensible maker, but is not authentic because ostensible maker is fictitious. ORS 165.002(4), 165.007. | Thus, one is guilty of forgery when one makes an instrument which purports to be authentic creation of its ostensible maker, but is not authentic because "the ostensible maker is fictitious." | When is one guilty of forgery? |
| 16021 | Cattle National Bank & Trust Co. v. Watson, 293 Neb. 943, 944, 880 N.W.2d 906, 912 (2016) | 12 | A "guaranty" is a contract by which the guarantor promises to make payment if the principal debtor defaults. | A guaranty is a contract by which the guarantor promises to make payment if the principal debtor defaults. | Will a promise to make payment for the default of another amount to guaranty? |
| 16026 | Bates v. Northwestern Human Services, 466 F. Supp. 2d 69, 103 (D.D.C. 2006) | 23 | While accounting is extraordinary remedy, it may nevertheless be appropriate when plaintiff is unable to determine how much, if any, money is due him from another. | While an accounting is admittedly "an extraordinary remedy," it may nevertheless be appropriate when a plaintiff is unable "to determine how much, if any, money is due him from another." | What is accounting? |
| 16027 | Eubank v. First Nat. Bank of Bellville, 814 S.W.2d 130, 133 (Tex. App. 1991) | 4 | Guaranty creates secondary obligation whereby guarantor promises to answer for debt of another and may be called upon to perform once primary obligor has failed to perform. | A guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform. | How does a guaranty create a secondary obligation on the guarantor? |
| 16032 | Kelly v. Rainelle Coal Co., 135 W. Va. 594, 604 (1951) | 17 | A "profit a prendre in gross" is in the nature of an estate in land rather than an easement and is assignable and inheritable. | A profit a prendre in gross is in the nature of an estate in land rather than an easement, and is assignable and inheritable. | Is profit a prendre in gross assignable and heritable? |
| 16033 | Andrews v. Jackson Cty., 43 Mich. App. 160, 164, 203 N.W.2d 925, 927 (1972) | 7 | There is no right to pollute; local government may take reasonable regulatory action under the police power to prevent pollution. | There is no right to pollute and local government may take reasonable regulatory action under the police power to abate or prevent pollution. | Is there a right to pollute? |
| 16036 | Chapman v. Chapman, 526 So. 2d 131, 135 (Fla. Dist. Ct. App. 1988) | 9 | Duty owed by life tenant to remaindermen is comparable to that of a trustee or quasi-trustee, as life tenant cannot injure the property to the detriment of the rights of the remaindermen. | The duty owed by life tenants to remaindermen is comparable to that of a trustee or quasi-trustee, because the life tenant cannot injure the property to the detriment of the rights of the remaindermen. | What is the nature of relationship between a life tenant and a remainderman? |

| 16037 | Burton v. Hilltop Care Ctr., 813 N.W.2d 250, 257 (Iowa 2012) | 7 | When determining whether an agency has been clearly vested with the authority to interpret a provision of law, reviewing court does not focus its inquiry on whether the agency does or does not have the broad authority to interpret the act as a whole; instead, each case requires a careful look at the specific language the agency has interpreted as well as the specific duties and authority given to the agency with respect to enforcing particular statutes. I.C.A. S 17A.19(10)(c, I). | When determining whether an agency has been clearly vested with the authority to interpret a provision of law, [w]e do not focus our inquiry on whether the agency does or does not have the broad authority to interpret the act as a whole. Instead, when determining whether the legislature has clearly vested the agency with authority to interpret, "each case requires a careful look at the specific language the agency has interpreted as well as the specific duties and authority given to the agency with respect to enforcing particular statutes." | Is it required that an agency be vested with express authority to interpret a statute? |
| --- | --- | --- | --- | --- | --- |
| 16039 | Cislo v. City of Shelton, 35 Conn. Supp. 645, 654, 405 A.2d 84, 89 (Super. Ct. 1978) | 8 | Courts must search for statutory authority for municipal enactment rather than search for a statutory prohibition against it. | Moreover, the courts must search for statutory authority for the enactment rather than searching for a statutory prohibition against it; Avonside, Inc. | Do the courts to search for a statutory authority for an enactment while determining whether a regulation was enacted within the authority of the enactor? |
| 16046 | Framlau Corp. v. Dembling, 360 F. Supp. 806, 808 (Pa. 1973) | 1 | Administrative Procedure Act, being remedial and not jurisdictional, cannot serve as an independent basis for jurisdiction. 5 U.S.C.A. S 701 et seq. | Since the Administrative Procedure Act, 5 U.S.C. 701 et seq. is remedial and not jurisdictional it cannot serve as an independent basis for jurisdiction here. | Is Administrative Procedure Act a jurisdictional statute? |
| 16048 | Merrill v. Davis, 100 N.M. 552, 553 (1983) | 2 | For a marriage to be valid, it must be formally entered into by contract and solemnized before an appropriate official. NMSA 1978, SS 40-1-1, 40-1-2. | For a marriage to be valid, it must be formally entered into by contract and solemnized before an appropriate official. Hazelwood v. Hazelwood, 89 N.M. 659, 556 P.2d 345 (1976); NMSA 1978, 40-1-1 and -2. | Is a marriage valid without solemnization? |
| 16051 | In re Estate of Sterile, 902 So. 2d 915, 918 (Fla. Dist. Ct. App. 2005) | 1 | A valid marriage according to the law of a foreign nation will be recognized as such in the United States. | "[A] valid marriage according to the law of a foreign nation will be recognized as such in the United States." | Are foreign marriages recognized in the United States? |
| 16052 | Dep't of Env't Prot. v. Landmark Enterprises, Inc., 3 So. 3d 434, 437 (Fla. Dist. Ct. App. 2009) | 3 | Department of Environmental Protection (DEP), as a creature of statute, is governed by statute; it can exercise only the powers granted it by the legislature. | Simply put, the DEP, as a creature of statute, is governed by statute. It can exercise only the powers granted it by the legislature. | Is the Department of Environmental Protection (DEP) limited to exercise those powers vested in it by the General Assembly? |
| 16055 | State ex rel. Eastvold v. Superior Court of State, Skagit Cty., 44 Wash. 2d 607, 609 (1954) | 2 | Power of eminent domain does not depend for its existence on specific grant in Constitution but is inherent in sovereignty and exists in sovereign state without recognition thereof in Constitution. | The power of eminent domain does not depend for its existence on a specific grant in the Constitution. It is inherent in sovereignty and exists in a sovereign state without any recognition thereof in the Constitution. | Does the power of eminent domain depend for its existence upon any constitutional provisions? |

| 16056 | Head v. Head, 714 So. 2d 231, 236 (La. App. 1998) | 7 | Goodwill is recognized as incidental property right in connection with commercial businesses, and its value may properly be included in evaluation of community-owned commercial business, in contrast to one-person "professional" corporation where goodwill results solely from identity of professional and his or her personal relationship with patients or clients. | Goodwill is recognized as an incidental property right in connection with commercial businesses. Its value may properly be included in the evaluation of a community- owned commercial business, in contrast to a one-person "professional" corporation where the goodwill results solely from the identity of the professional and his or her personal relationship **10 with patients or clients. | Is goodwill an incidental property in connection with commercial business? |
| --- | --- | --- | --- | --- | --- |
| 16057 | Cafferty v. State, Dep't of Transp., Div. of Motor Vehicle Servs., 144 Idaho 324, 328, 160 P.3d 763, 767 (2007) | 6 | The Rules of Civil Procedure establish a system of notice pleading. Rules Civ.Proc., Rule 8(a)(1). | Our Rules of Civil Procedure establish a system of notice pleading. | Does the Rules of Civil Procedure establish a system of notice pleading? |
| 16058 | Stapleman v. State, 680 P.2d 73, 75 (Wyo. 1984) | 3 | Conversion of property by bailee may be committed by refusing to redeliver to bailor at expiration or completion of bailment. | Conversion of property by a bailee may be committed " * * * by refusing to redeliver to the bailor at the expiration or completion of the bailment." | What acts of the bailee constitute conversion of property?? |
| 16060 | Gvozdenovic v. United Air Lines, 933 F.2d 1100, 1105 (2d Cir. 1991) | 2 | Although party is bound by arbitral award only where it has agreed to arbitrate, agreement may be implied from party's conduct. | Although a party is bound by an arbitral award only where it has agreed to arbitrate, an agreement may be implied from the party's conduct. | Is an arbitral award binding only when a party has agreed to arbitrate? |
| 16063 | 20th Century Ins. Co. v. Garamendi, 8 Cal. 4th 216, 275, 878 P.2d 566, 602 (1994), as modified on denial of reh'g (Sept. 29, 1994) | 17 | Adoption of regulations by administrative agency is action that is, in nature, quasi-legislative rather than quasi-adjudicative. West's Ann.Cal.Gov.Code SS 11342(b), 11346. | The adoption of regulations by an administrative agency is an action that is, in nature, quasi-legislative rather than quasi-adjudicative. (See, e.g., Gov.Code, § 11346 [implying that the "adoption ... of ... regulations" is an "exercise of quasi-legislative power"]; see also id., § 11342, subd. (b) [defining "regulation" in pertinent part as "every rule, regulation, order, or standard of general application"].) | Is adoption of a regulation by an administrative agency a quasi-legislative act? |
| 16064 | Com. v. Fouse, 417 Pa. Super. 534, 538, 612 A.2d 1067, 1069 (1992) | 2 | Incest statute protects children from parental or familial sexual abuse and lessens chance of genetic defects while promoting solidarity of family unit. 18 Pa.C.S.A. S 4302. | Specifically, "[t]he incest statute protects children from parental or familial sexual abuse and lessens the chance of genetic defects while promoting the solidarity of the family unit." | Does oral intercourse amount to sexual intercourse under incest statutes? |
| 16065 | Calvert & Marsh Coal Co. v. Pass, 393 So. 2d 955, 957 (Ala. 1980) | 5 | Wantonness in a trespass action is established by mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | What is the meaning of wantonness in a trespass action? |
| 16066 | In re Succession of Dysart, 206 So. 3d 357, 365–66 (2016) | 5 | Mere mixing of separate funds and community funds in the same account does not of itself convert an entire account into community property. La. Civ. Code Ann. art. 2341. | The mere mixing of separate funds and community funds in the same *366 account does not of itself convert an entire account into community property. | Will it become a community property if separate funds and community funds are deposited in one account? |

| 16069 | Daniel v. Morris, 181 So. 3d 1195, 1199 (Fla. Dist. Ct. App. 2015) | 7 | The injury caused by trespass to real property is the loss of the use and enjoyment of the land or injury to the land. Restatement (Second) of Torts S 158. | The injury caused by trespass to real property is the loss of the use and enjoyment of the land or injury to the land. | When does a trespass occur? |
|---|---|---|---|---|---|
| 16070 | State ex rel. Spiker v. W. Virginia Racing Comm'n, 135 W. Va. 512, 512 (1951) | 1 | Under the statute conferring power on the West Virginia Racing Commission to prescribe rules, regulations and conditions under which horse races should be conducted in the State, Commission has the authority to promulgate and enforce rules which provide that a horse owned by any person may be suspended when its saliva or urine shows presence of any narcotic, stimulant or drug, and that the purse won by a horse found to have been stimulated should be returned and redistributed. Code 19-23-12 to 19-23-23. | Under the provisions of Section 1, Article 23, Chapter 71, Acts of the Legislature, 1935, Regular Session, conferring power upon the West Virginia Racing Commission to prescribe rules, regulations and conditions under which horse races shall be conducted in this State, such commission has the authority to promulgate and enforce rules which provide that a horse owned by any person may be suspended when its saliva or urine shows the presence of any narcotic, stimulant or drug, and that the purse won by a horse found to have been stimulated shall be returned and redistributed. | Can the Legislature grant regulatory power over horse racing to a State Racing Commission? |
| 16075 | Funkhouser v. Ford Motor Co., 285 Va. 272, 280–81 (2013) | 3 | Manufacturer is not an insurer of its product's safety, and a manufacturer has a duty to warn only if it knows or has reason to know that its product is dangerous. | It is well established that, "[a] manufacturer is not an insurer of its product's safety, and a manufacturer has a duty to warn only if it knows or has reason to know that its product is dangerous." | Does a manufacturer have a duty to warn about the product even if it is unaware of the dangerous nature of its product? |
| 16089 | Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003) | 3 | Before compelling an unwilling party to arbitrate under Federal Arbitration Act (FAA), the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement. 9 U.S.C.A. S 1 et seq. | Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement. | When does the Federal arbitration Act (FAA) provide for a stay of proceedings? |
| 16090 | Barrett v. Manufacturers Ry. Co., 453 F.2d 1305, 1307 (8th Cir. 1972) | 2 | Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. Labor Management Relations Act, 1947, S 301, 29 U.S.C.A. S 185. | Arbitration is favored by the law and the decision of the arbitrators is final and not subject to review on either the merits or procedural issues. | Is the arbitrators decision final? |
| 16091 | Bache Halsey Stuart v. French, 425 F. Supp. 1231, 1233 (D.D.C. 1977) | 1 | Federal Arbitration Act embodies federal policy favoring arbitration of disputes between parties who have contractually agreed to arbitrate, but such policy is not without judicial exception, and where compelling arbitration conflicts with other important federal policies, courts may refuse to order arbitration. 9 U.S.C.A. S 4. | As such, Section 4 of the Arbitration Act embodies a federal policy favoring the arbitration of disputes between parties who have contractually agreed to arbitrate. This policy, however, is not without judicial exception. Where compelling the arbitration of disputes conflicts with other important federal policies, the courts have frequently refused to order arbitration. | Can courts refuse to order arbitration? |

| 16092 | Hagstrom v. Breutman, 572 F. Supp. 692, 700 (N.D. Ill. 1983) | 13 | Absent an indication from Congress that arbitration should not be permitted, federal policy in favor of arbitration should be enforced. | Absent an indication from Congress that arbitration should not be permitted, the federal policy in favor of arbitration should be enforced. | When will the federal policy in favor of arbitration not be enforced? |
|---|---|---|---|---|---|
| 16098 | Landau v. Superior Ct., 81 Cal. App. 4th 191, 208, 97 Cal. Rptr. 2d 657, 672 (1998) | 15 | No one has fundamental constitutional right to work for, or to have continued employment with, particular public or private employer. U.S.C.A. Const.Amend. 14; West's Ann.Cal. Const. Art. 1, S 7(a); Art. 4, S 16(a). | " '[T]here is no fundamental constitutional right to work for, or to have continued employment with, a particular public or private employer.' [Citations.]" (Kennealy v. Medical Board, supra, 27 Cal.App.4th at p. 496, 32 Cal.Rptr.2d 504.) | Is there a fundamental right to work for a particular employer? |
| 16112 | Pyburn v. State, 301 Ga. App. 372, 373 (2009) | 4 | Adoptive children enjoy the rights and privileges of a biological child, including protection from incest. West's Ga.Code Ann. S 16-6-22(a). | Furthermore, as the jury was charged, adoptive children enjoy the rights and privileges of a biological child, including protection from incest. | Are adoptive children protected from incest? |
| 16117 | Rossin v. S. Union Gas Co., 472 F.2d 707, 710 (10th Cir. 1973) | 3 | A public utility is responsible for damage resulting from its wrongful conduct. | A public utility, like anyone else, is responsible for damages resulting from its wrongful conduct. | Are public utilities responsible for damages resulting from their wrongful conduct? |
| 16121 | Fowler v. S. Wire & Iron, 104 Ga. App. 401, 404 (1961) | 4 | At common law, "trespass" was wrongful act done with force and immediately injurious to person of another. | At common law a trespass was a wrongful act done with force and immediately injurious to the person of another. | Can trespass be committed against the person of another? |
| 16123 | Int'l Union, United Auto. Aircraft v. Benton Harbor Malleable Indus., 242 F.2d 536, 538 (6th Cir. 1957) | 1 | In absence of a statute so providing, a party to a contract cannot as a matter of right have its differences or disputes with the other contracting parties under the contract submitted to arbitration, since there is no common-law right of arbitration. | In the absence of a statute so providing, a party to a contract cannot as a matter of right have his differences or disputes with the other contracting party under the contract submitted to arbitration. There is no common-law right of arbitration. | Is there a common law right of arbitration? |
| 16124 | Christenbury Eye Ctr., P.A. v. Medflow, 802 S.E.2d 888, 892 (N.C. 2017) | 5 | Where the right of a party is once violated the injury immediately ensues and the cause of action arises. | It is well settled that "where the right of a party is once violated the injury immediately ensues and the cause of action arises. | When does an injury ensue and a cause of action arise? |
| 16126 | Rock River Lumber Corp. v. Universal Mortg. Corp. of Wisconsin, 82 Wis. 2d 235, 241 (1978) | 4 | Conventional subrogation is a doctrine of equity, and is applied or denied upon equitable principles. | Although such conventional subrogation has been said to rest on contract, it is a doctrine of equity, and is applied or denied upon equitable principles. | Is subrogation applied or denied on equitable principles? |
| 16128 | Olinger v. Smith, 892 N.W.2d 775, 779 (Iowa Ct. App. 2016) | 1 | Actions to enforce the open meetings law are ordinary, not equitable, actions. Iowa Code Ann. S 21.6. | "Actions to enforce the open meetings law are ordinary, not equitable, actions." Hutchison v. Shull, 878 N.W.2d 221, 229 (Iowa 2016). | Are actions to enforce the open meetings law equitable actions? |
| 16129 | Cooper v. WestEnd Cap. Mgmt., L.L.C., 832 F.3d 534, 544 (5th Cir. 2016) | 27 | The Court of Appeals permits arbitration under non-Federal Arbitration Act (FAA) rules if a contract expressly references state arbitration law. 9 U.S.C.A. S 1 et seq. | "[T]his Court permits arbitration under non-FAA rules if a contract expressly references state arbitration law...." | When do courts permit arbitration under non-FAA rules? |
| 16130 | Cooper v. WestEnd Cap. Mgmt., L.L.C., 832 F.3d 534, 544 (5th Cir. 2016) | 27 | The Court of Appeals permits arbitration under non-Federal Arbitration Act (FAA) rules if a contract expressly references state arbitration law. 9 U.S.C.A. S 1 et seq. | "[T]his Court permits arbitration under non-FAA rules if a contract expressly references state arbitration law...." | When will a court permit arbitration under non-FAA rules? |

| 16131 | Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 477, 109 S. Ct. 1248, 1255, 103 L. Ed. 2d 488 (1989) | 3 | Federal Arbitration Act contains no express preemptive provision nor does it reflect congresional intent to occupy entire field of arbitration. 9 U.S.C.A. S 1 et seq. | The FAA contains no express pre-emptive provision, nor does it reflect a congresional intent to occupy the entire field of arbitration. See Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956) (upholding application of state arbitration law to arbitration provision in contract not covered by the FAA). | Does the Federal Arbitration Act (FAA) pre-empt state law that conflicts with federal law? |
| 16137 | Anonymous v. Anonymous, 44 Misc. 2d 14, 16, 252 N.Y.S.2d 913, 916 (Fam. Ct. 1964) | 2 | In contradistinction to ambassadors, consuls are commercial representatives and, as such, their diplomatic immunity is limited at the most to their official acts. | In contradistinction to ambassadors, consuls are commercial representatives and, as such, their immunity is limited at the most to their official acts. | Is the immunity of consuls limited in contradistinction to ambassadors? |
| 16145 | Nationwide Mut. Fire Ins. Co. v. T & N Master Builder & Renovators, 2011 IL App (2d) 101143, ¶ 9, 959 N.E.2d 201, 205 | 7 | As an action in equity, a claim may be subrogated only in order to prevent injustice or unjust enrichment and will not be maintained when it would be inequitable to do so. | As an action in equity, a claim may be subrogated only in order to prevent injustice or unjust enrichment and will not be maintained when it would be inequitable to do so. Dix, 149 Ill.2d at 319, 173 Ill.Dec. 648, 597 N.E.2d 622. | When is subrogation not allowed? |
| 16146 | Peters v. ContiGroup, 292 S.W.3d 380, 385 (Mo. Ct. App. 2009) | 2 | "Nuisance" is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property; the focus is on the defendant's unreasonable interference with the plaintiff's use and enjoyment of his land. | "Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his property."  The focus is on the defendant's unreasonable interference with the plaintiff's use and enjoyment of his land. | What does nuisance entail? |
| 16149 | In re Houston, 409 B.R. 799, 810 (D.S.C. 2009) | 27 | Subrogation is allowed under South Carolina law only upon fact intensive inquiry and a balancing of equity. | Subrogation has been allowed in South Carolina cases only upon fact intensive inquiry and a balancing of equity. | Is the decision whether to grant equitable subrogation necessarily a fact intensive inquiry? |
| 16150 | Leitner v. United States, 92 Fed. Cl. 220, 224 (2010) | 11 | Taxation is not the taking of private property for public purpose, under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | In addition, taxation is not the taking of private property for public purpose, under the Fifth Amendment. | Is taxation a taking of private property for public purpose? |
| 16151 | Reardon v. Keating, 980 F. Supp. 2d 302, 324 (D. Conn. 2013) | 12 | The mere violation of a state law does not automatically give rise to a violation of federal due process rights. U.S.C.A. Const.Amend. 14. | However, for constitutional purposes this is a limited concept: "the mere violation of a state law does not automatically give rise to a violation of federal constitutional rights." | Do violations of state eminent domain statutes give rise to federal constitutional claims? |
| 16154 | Vimont v. Christian Cnty. Health Dep't, 502 S.W.3d 718, 719–20 (Mo. Ct. App. 2016) | 2 | Constitutional farming rights are subject to local-government powers duly authorized and conferred by the state constitution. Mo. Const. art. 1, S 35, art. 6, S 1 et seq. | As repeatedly noted above, Vimont's constitutional farming rights, whatever *720 they may be, are subject to local-government powers duly authorized and conferred by article VI of Missouri's constitution. MO. CONST. art. I, § 35. | What government powers are constitutional farming rights subject to? |

| 16155 | Kingsway Cathedral v. Iowa Dep't Of Transp., 711 N.W.2d 6, 8–9 (Iowa 2006) | 5 | Fourteenth Amendment to the Federal Constitution makes the Fifth Amendment applicable to the states and their political subdivisions. U.S.C.A. Const.Amends. 5, 14. | The Fourteenth Amendment to the Federal Constitution makes the Fifth Amendment applicable to the states and their political subdivisions. | How is Fifth Amendment made applicable to the states? |
|---|---|---|---|---|---|
| 16158 | State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098, 1106 (2006) | 6 | While subrogation has its source in equity and arises by operation of law, it may also arise out of the contractual language of an insurance policy; subrogation provisions of most insurance contracts typically are general and add nothing to the rights of subrogation that arise as a matter of law. | Subrogation has its source in equity and arises by operation of law 5 (legal or equitable subrogation). [Citation.] It can also arise out of the contractual language of the insurance policy (conventional subrogation). [Citation.] The subrogation provisions of most insurance contracts typically are general and add nothing to the rights of subrogation that arise as a matter of law. | From what sources can subrogation arise? |
| 16159 | Worden v. Smith, 178 Wash. App. 309, 330, 314 P.3d 1125, 1135 (2013) | 17 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | The purpose of the doctrine is " 'to avoid a person's receiving an unearned windfall at the expense of another.' " | Is equitable subrogation a remedy to avoid an unearned windfall? |
| 16160 | Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748, 751–53 (Colo. App. 2006) | 8 | Because it is an equitable doctrine, no additional actions are needed before equitable subrogation can occur, and unlike in an assignment, a subrogor need not intend to equitably subrogate the claims to a subrogee; it arises because it is imposed by courts to prevent unjust enrichment. | Furthermore, because it is an equitable doctrine, no additional actions are needed before equitable subrogation can occur. Thus, unlike in an assignment, a subrogor need not intend to equitably subrogate the claims to a subrogee. Cf. Lookout Mountain Paradise Hills Homeowners' Ass'n v. Viewpoint Assocs., 867 P.2d 70, 73 (Colo.App.1993) (intent required for assignment); Ford v. Summertree Lane Ltd. Liab. Co., 56 P.3d 1206, 1209 (Colo.App.2002) (same). It arises "because it is imposed by courts to prevent unjust enrichment." | Are additional actions needed before equitable subrogation can occur as it is an equitable doctrine? |
| 16161 | Worden v. Smith, 178 Wash. App. 309, 330, 314 P.3d 1125, 1135 (2013) | 17 | The purpose of the doctrine of equitable subrogation is to avoid a person's receiving an unearned windfall at the expense of another. | The purpose of the doctrine is " 'to avoid a person's receiving an unearned windfall at the expense of another.' " | Is the purpose of subrogation to avoid an unearned windfall? |
| 16164 | In re V. Pangori & Sons, 53 B.R. 711, 721 (Bankr. E.D. Mich. 1985) | 10 | Surety subrogates to the rights of only those creditors whom it pays on principal's behalf. | It is well-established that the surety subrogates to the rights of only those creditors whom it pays on the principal's behalf. | Does a surety subrogate to the rights of only those creditors whom it pays on the principal's behalf? |
| 16167 | State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477, 480 (Tex. App. 1987) | 7 | Surety who has paid debt of principal is subrogated to right of action against principal for debt so paid. | In general, a surety who has paid the debt of her principal is subrogated to a right of action against the principal for the debt so paid. | Is a surety who has paid the debt of a principal subrogated to a right of action against the principal for debt so paid? |
| 16168 | Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992) | 2 | Generally, rights conferred by subrogation are entirely derivative of subrogor's interests, to which subrogee merely succeeds. | Generally, rights conferred by subrogation are entirely derivative of the subrogor's interests, to which the subrogee merely succeeds. | Are subrogation rights derivative? |

| 16169 | Mut. of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wash. 2d 411, 423 (2008) | 20 | Subrogation has two distinct types; conventional subrogation, which arises by contract, and equitable subrogation, which arises by operation of law. | Subrogation has two distinct types: conventional subrogation, which arises by contract, and equitable subrogation, which arises by operation of law. | Is subrogation of two distinct types? |
|---|---|---|---|---|---|
| 16172 | Nat'l Leasing Corp. v. Williams, 80 F.R.D. 416, 419 (W.D. Pa. 1978) | 6 | Obligations of maker of note are determined by law of state designated on instrument as place of payment. | The obligations of the maker of a note are determined by the law of the state designated on the instrument as the place of payment. | How are the obligations of the maker of the note determined? |
| 16173 | Universal Premium Acceptance Corp. v. York Bank & Tr. Co., 69 F.3d 695, 699 (3d Cir. 1995) | 1 | One requirement for negotiability is that instrument must be "payable to order or to bearer." 13 Pa.C.S.A. S 3104(a)(3). | One of the requirements for negotiability under 13 Pa.Cons.Stat.Ann. § 3104(a)(3) is that an instrument must be "payable to order or to bearer." | Is it obligatory for a negotiable instrument to be payable to order or to bearer? |
| 16174 | City of Austin v. Travis Cty. Landfill Co., 73 S.W.3d 234, 242 (Tex. 2002) | 6 | Landowner has no right to exclude overflights above its property, because airspace is part of the public domain, and thus a property owner is only entitled to compensation if its property is taken by overflights that immediately and directly interfere with the property's use and enjoyment, which inquiry requires a more extensive factual showing than the mere existence of overflights. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 17. | A landowner has no right to exclude overflights above its property, because airspace is part of the public domain. *242 Causby, 328 U.S. at 266, 66 S.Ct. 1062. Rather, a property owner is entitled to compensation if its property is taken by overflights that immediately and directly interfere with the property's use and enjoyment. Id. This inquiry requires a more extensive factual showing than the mere existence of overflights. | Do a landowner have right to exclude overflights above its property? |
| 16177 | Scalp & Blade, Inc. v. Advest, Inc., 309 A.D.2d 219, 223, 765 N.Y.S.2d 92, 95 (2003) | 1 | No appeal of right lies from evidentiary ruling, whether made before or during trial, where ruling has not been embodied in formal order. McKinney's CPLR 5512. | The notion that no appeal as of right lies from an evidentiary ruling, whether made before or during trial, is certainly sound to the extent that the ruling has not been embodied in a formal order (see CPLR 5512; see also 5511, 5701). | "Does an order ruling on motion in limine, even when made in advance of trial on motion papers, constitute an advisory opinion, that is neither appealable as of right nor by permission?" |
| 16181 | McDonald v. Rentfrow, 176 Neb. 796, 797 (1964) | 8 | The legislature may confer judicial power upon public boards or courts to determine facts and equities under which legislation authorizes changes in school district boundaries, and in delegating such power legislature must condition determination by court or board upon reasonable fact standards. | The Legislature may confer upon public boards or courts judicial power to determine the facts and equities under which legislation authorizes changes in school district boundaries. 9. In delegating such power, the Legislature must condition the determination by the court or the board upon reasonable and ascertainable fact standards. | Is the function of determining whether the suggested boundaries for utilities are reasonable for public convenience and welfare legislative in nature? |
| 16182 | In re Flamingo 55, 378 B.R. 893, 906 (D. Nev. 2007) | 5 | "Statutory subrogation" occurs by virtue of a right created by statute. | Statutory subrogation, as one might expect, occurs by virtue of a right created by statute. | Does statutory subrogation occur by virtue of a right created by statute? |
| 16186 | Grenier v. Med. Eng'g Corp., 99 F. Supp. 2d 759, 762 (La. 2000) | 3 | Under Louisiana law, cause of action arises when plaintiff has right to sue. | Under Louisiana law, a cause of action arises when a plaintiff has the right to sue. | Does a cause of action arise when plaintiff has right to sue? |

| 16187 | Fetzer v. Wood, 211 Ill. App. 3d 70, 78, 569 N.E.2d 1237, 1242 (1991) | 9 | In personal injury action arising out of negligence, cause of action accrues at the time of injury. | In a personal injury action arising out of negligence, the cause of action accrues at the time of the injury. | "Does the cause of action accrue at the time of injury, in personal injury action?" |
|---|---|---|---|---|---|
| 16194 | Parisi v. Goldman, Sachs & Co., 710 F.3d 483, 487 (2d Cir. 2013) | 7 | As a general matter, Title VII claims can be subject to mandatory arbitration. Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Parisi asserts Title VII claims and, as a general matter, "[c]ourts have consistently found that such claims can be subject to mandatory arbitration." Ragone v. | Can Title VII claims be subjected to mandatory arbitration? |
| 16195 | State v. Pierre, 131 So. 3d 319, 324. | 4 | Specific intent may be inferred from the circumstances surrounding the accused's actions. | Specific intent may be established by the circumstances surrounding an accused's actions. | Can the specific intent be established by the circumstances surrounding an accused's actions for murder? |
| 16196 | State v. Wrenn, 279 N.C. 676, 681 (1971) | 3 | Murder in first degree is unlawful killing of human being with malice and with premeditation and deliberation. G.S. S 14-17. | Murder in the first degree is the unlawful killing of a human being with malice and with premeditation and deliberation. G.S. s 14-17. | What constitutes murder in the first degree? |
| 16197 | Omar v. Geren, 689 F. Supp. 2d 1, 7 (D.D.C. 2009) | 3 | Jurisdiction of a nation within its own territory is necessarily exclusive and absolute. | As the Munaf Court explained, [t]he jurisdiction of a nation within its own territory is necessarily exclusive and absolute. | Is jurisdiction of a nation within its own territory necessarily exclusive and absolute? |
| 16198 | Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75, 87 (D.D.C. 2014) | 11 | Burden of proving that an act of state occurred lies with the party asserting the defense. | The burden of proving that an act of state occurred lies with the party asserting the defense. | Who bears the burden of proving that an act of state occurred? |
| 16204 | Merlino v. W. Coast Macaroni Mfg. Co., 90 Cal. App. 2d 106, 108, 202 P.2d 748, 750 (1949) | 5 | A demurrer for uncertainty will not lie even as to uncertain and ambiguous allegations if such allegations refer to immaterial matters, and in such event they will be treated as surplusage and will be disregarded. | Moreover, a demurrer for uncertainty will not lie as to even uncertain and ambiguous allegations, if such allegations refer to immaterial matters. In such event, they will be treated as surplusage and disregarded. | Does a demurrer for uncertainty lie as to immaterial matters? |
| 16205 | Bova v. Gary, 843 N.E.2d 952, 955 (Ind. Ct. App. 2006) | 1 | The granting of a motion in limine does not determine the ultimate admissibility of the evidence. | It is well settled, however, that the granting of a motion in limine does not determine the ultimate admissibility of the evidence. | Does the granting of a motion in limine determine the ultimate admissibility of the evidence? |
| 16207 | Duran v. Hyundai Motor Am., 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008) | 9 | A motion in limine should not be used as a substitute for a dispositive motion such as a motion for summary judgment. | Thus, a motion in limine should not be used as a substitute for a dispositive motion such as a motion for summary judgment. | Should a motion in limine be used as a substitute for a dispositive motion such as a motion for summary judgment? |
| 16208 | State v. Grubb, 28 Ohio St. 3d 199 (1986) | 5 | At trial, it is incumbent upon defendant, who has been temporarily restricted from introducing evidence by virtue of grant of motion in limine in favor of State, to seek introduction of the evidence by proffer or otherwise in order to enable trial court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. | Is a motion in limine a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? |

| 16209 | Brokamp v. Mercy Hosp. Anderson, 132 Ohio App. 3d 850, 859, 726 N.E.2d 594, 600–01 (1999) | 2 | "Motion in limine" is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue; in virtually all circumstances, finality does not attach when the motion is granted. | [2] [3] A motion in limine "is a tentative, interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of an evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted." 1 | "For motions in limine, does finality attach when the motion is granted?" |
|---|---|---|---|---|---|
| 16212 | Broadvox-CLEC v. AT&T Corp., 184 F. Supp. 3d 192, 201 (D. Md. 2016) | 8 | A court may interpret a tariff by reference to sources other than the language in the tariff itself only when it is ambiguous, so that a literal reading is impossible. | Thus, the court may interpret a tariff by reference to sources other than the language in the tariff itself only when it " 'is ambiguous, so that a literal reading is impossible.' " | Does the language of a tariff have different possible interpretations if it is unambiguous? |
| 16214 | Ray v. Leader Fed. Sav. & Loan Ass'n, 40 Tenn. App. 625, 644 (1953) | 7 | "Suicide" is the willful and voluntary act of a person who understands the physical nature of the act, and intends by it to accomplish the result of self termination. | Suicide is the wilful and voluntary act of a person who understands the physical nature of the act, and intends by it to accomplish the result of self termination. | Is suicide a voluntary crime? |
| 16216 | Davidson v. Bugbee, 227 Mich. App. 264, 269, 575 N.W.2d 574, 576 (1997) | 8 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | Does a cause of action accrue only when all the necessary elements have occurred? |
| 16218 | In re Kaplan, 143 F.3d 807, 816 (3d Cir. 1998) | 9 | Arbitration agreement may limit its preclusive effects. Restatement (Second) of Judgments S 84(4). | An arbitration agreement may limit its preclusive effects. See Restatement (Second) of Judgments 84(4). | Can an arbitration agreement limit its preclusive effect? |
| 16220 | Sumaza v. Coop. Ass'n, 297 F. Supp. 345, 347 (D.P.R. 1969) | 3 | Arbitration agreement need not follow particular form or phraseology. | An arbitration agreement however need not follow a particular form or phraseology. | Does an arbitration agreement need to follow any particular form or phraseology? |
| 16222 | City of New York v. Consol. Edison Co. of New York, 274 A.D.2d 189, 193, 713 N.Y.S.2d 40, 43 (2000) | 7 | Not every regulatory intrusion on property rights amounts to a taking. U.S.C.A. Const.Amend. 5. | Not every regulatory intrusion on property rights amounts to a taking (Keystone Bituminous Coal Assn. v. DeBenedictis, 480 U.S. 470, 107 S.Ct. 1232, 94 L.Ed.2d 472). | Does every regulatory intrusion on property rights amounts to a taking? |
| 16223 | Commonwealth Edison Co. v. United States,46 Fed. Cl. 29, 40 (2000) | 9 | A government-imposed obligation to pay "money" is not susceptible to a taking analysis. | However, consistent with Justice Kennedy's concurrence in Eastern, as well as Justice Breyer's dissent, the courts have generally held that a government-imposed obligation to pay "money" is not susceptible to a taking analysis. | Is a government-imposed obligation to pay money susceptible to a taking analysis? |
| 16226 | Bank Tejarat v. Varsho-Saz, 723 F. Supp. 516, 517 (C.D. Cal. 1989) | 2 | Burden of establishing applicability of act of state doctrine rests on proponent. | The burden of establishing the applicability of the doctrine rests on the proponent. | Does the burden of establishing applicability of an act of state doctrine rest on the proponent? |
| 16227 | Honduras Aircraft Registry Ltd. v. Gov't of Honduras, 883 F. Supp. 685, 688 (S.D. Fla. 1995) | 3 | Exceptions to act of state doctrine include those acts by foreign state that are purely commercial or for which no foreign policy goal of the executive branch is impeded. | Exceptions to the doctrine include those acts of state that are purely commercial or for which no foreign policy goal of the Executive Branch is impeded. | Is the act of state doctrine primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch? |

| 16228 | Interamerican Ref. Corp. v. Texaco Maracaibo, 307 F. Supp. 1291, 1298 (D. Del. 1970) | 6 | Anticompetitive practices compelled by foreign nations are not restraints of commerce, as commerce is understood in the Sherman Act, because refusal to comply would put an end to commerce. Sherman Anti-Trust Act, SS 1, 2, 15 U.S.C.A. SS 1, 2. | Anticompetitive practices compelled by foreign nations are not restraints of commerce, as commerce is understood in the Sherman Act, because refusal to comply would put an end to commerce. | Are anticompetitive practices compelled by foreign nations violations of the Sherman Act? |
|---|---|---|---|---|---|
| 16229 | Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680, 689–90 (S.D.N.Y. 1979) | 11 | Conduct related to commercial endeavors is not immunized by the act of state doctrine. | 1854, that conduct related to *690 commercial endeavors is not immunized by the doctrine, and the Second Circuit adopted this position in Hunt v. | Is conduct related to commercial endeavors immunized by the act of state doctrine? |
| 16230 | R.M.S. Titanic v. Haver, 171 F.3d 943, 965 (4th Cir. 1999) | 44 | Beyond territorial waters lie the high seas, over which no nation can exercise sovereignty. | And beyond the territorial waters lie the high seas, over which no nation can exercise sovereignty. | Can a nation exercise sovereignty over the high seas? |
| 16232 | Story v. Lanier, 166 S.W.3d 167, 175 (Tenn. Ct. App. 2004) | 1 | What will constitute a partnership is a matter of law, but whether a partnership exists under conflicting evidence is one of fact. West's T.C.A. S 61-1-101(6). | "What will constitute a partnership is a matter of law, but whether a partnership exists under conflicting evidence is one of fact." | Is the existence of a partnership a question of fact of law? |
| 16233 | Davis v. Quality Pest Control, 641 S.W.2d 324, 328 (Tex. App. 1982) | 4 | If opposing party is not misled and if no special exceptions have been filed, petition may even allege legal conclusions. | If the opposing party is not misled and if no special exceptions have been filed, the petition may even allege legal conclusions. | Can a legal conclusion be plead? |
| 16235 | Connecticut Light & Power Co. v. Gilmore, 289 Conn. 88, 127–28, 956 A.2d 1145, 1170 (2008) | 35 | A trial court may entertain a motion in limine made by either party regarding the admission or exclusion of anticipated evidence. Practice Book 1998, S 42-15. | A trial court may entertain a motion in limine made by either party regarding the admission or exclusion of anticipated evidence. | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial? |
| 16237 | Lamb v. Geovjian, 165 Vt. 375, 379 (1996) | 1 | Trial court has broad discretion in its pretrial evidentiary rulings. | A trial court has broad discretion in its pretrial evidentiary rulings. | Does a trial court have broad discretion in its pretrial evidentiary rulings? |
| 16239 | Pink Dot, Inc. v. Teleport Commc'ns Grp., 89 Cal. App. 4th 407, 415, 107 Cal. Rptr. 2d 392, 397 (2001) | 4 | If there is an ambiguity in a tariff, any doubt in its interpretation is to be resolved in favor of the nondrafter and against the utility. West's Ann.Cal. Civil Code 4F 1654. | If there is an ambiguity in a tariff any doubt in its interpretation is to be resolved in favor of the [nondrafter and against the utility]. | Should the interpretation of an ambiguous tariff be resolved in favor of the non-drafter and against the utility? |
| 16240 | Bank of New York v. Nally, 820 N.E.2d 644, 654 (Ind. 2005) | 23 | Application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | We agree with Osterman that application of the doctrine of equitable subrogation depends on the equities and attending facts and circumstances of each case. | On what does the application of equitable subrogation depend? |
| 16242 | Cook v. City of Topeka, 232 Kan. 334, 338, 654 P.2d 953, 957 (1982) | 3 | A clerk of a court is a ministerial officer and, without statutory authority, cannot exercise a judicial function. | A clerk of a court is a ministerial officer, Eldridge v. Deets, 4 Kan.App. 241, 243, 45 P. 948 (1896), and without statutory authority cannot exercise judicial functions. | Is a clerk of the court a ministerial officer? |
| 16249 | Gallizzi v. Williams, 218 So. 2d 499, 500 (Fla. App. 1969) | 1 | Cause of action in slander accrues at time of alleged publication. | Cause of action in slander accrues at the time of the alleged publication. | Does a cause of action in slander accrue at the time of alleged publication? |

| 16251 | Williams Companies, Inc. v. Dunkelgod, 2012 OK 96, ¶ 14, 295 P.3d 1107, 1111 | 2 | Cause of action accrues when plaintiff could have first maintained an action. | A cause of action accrues when the plaintiff could have first maintained an action. | Does a cause of action ordinarily accrue when plaintiff could first maintain an action to a successful result? |
|---|---|---|---|---|---|
| 16255 | Nat'l Westminster Bank, USA v. State, 76 N.Y.2d 507, 509, 562 N.E.2d 866, 867 (1990) | 2 | As clerk of courts, county clerk is state officer for whom State is responsible; but when performing general duties, county clerk acts as local officer, and local government must answer for actions taken. | As a clerk of the courts, the County Clerk is a State officer for whom the State is responsible. But when performing general duties the County Clerk acts as a local officer, and the local government must answer for actions taken. | Are state governments responsible for the actions of a county clerk? |
| 16256 | Bormann v. Bd. of Sup'rs In & For Kossuth Cty., 584 N.W.2d 309, 316 (Iowa 1998) | 13 | Easements are property interests subject to the just compensation requirements of state and federal constitutions. U.S.C.A. Const.Amends. 5, 14; I.C.A. Const. Art. 1, S 18. | Easements are property interests subject to the just compensation requirements of the Fifth Amendment to the Federal Constitution. | Are easements subject to the just compensation requirements of the Fifth Amendment to the Federal Constitution? |
| 16259 | United States v. Juda, 46 F.3d 961, 967 (9th Cir. 1995) | 7 | Under international law, nation may generally assert jurisdiction over its citizens. | Under international law, a nation may generally assert jurisdiction over its citizens. | "Under international law, can a nation assert jurisdiction over its citizens?" |
| 16260 | R.M.S. Titanic v. Haver, 171 F.3d 943, 965 (4th Cir. 1999) | 44 | Beyond territorial waters lie the high seas, over which no nation can exercise sovereignty. | And beyond the territorial waters lie the high seas, over which no nation can exercise sovereignty. | Can any nation exercise sovereignty over the high seas? |
| 16263 | U. S. Fid. & Guar. Co. v. First State Bank of Salina, 208 Kan. 738, 738, 494 P.2d 1149, 1149 (1972) | 1 | When a surety on a construction contractor's bond is required to remedy default of its principal, it is subrogated to rights of contractor, laborers and materialmen whose bills it pays, and owner of project. | A surety on a construction contractor's bond who is required to remedy the default of his principal is subrogated to the rights of (a) the contractor, (b) laborers and materialmen whose bills it pays and (c) the owner of the project. | "Is a surety subrogated to rights of contractor, laborers and materialmen, acquire the rights of its principal?" |
| 16264 | City of Amsterdam v. Daniel Goldreyer, Ltd., 882 F. Supp. 1273, 1281 (E.D.N.Y. 1995) | 18 | Trespass to chattel occurs when party intentionally damages or interferes with use of property belonging to another. Restatement (Second) of Torts SS 217-221. | A trespass to chattel occurs when a party intentionally damages or interferes with the use of property belonging to another. Restatement (Second) of Torts 217-221, at 417- 428 (1965). | When does a trespass to chattel occur? |
| 16267 | Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Keck, Mahin & Cate, 154 S.W.3d 714, 723 (Tex. App. 2004) | 10 | Because damages are an element of a legal-malpractice claim, the claim does not accrue until the client discovers, or should have discovered, it was legally injured. | Because damages are an element of the legal-malpractice claim, the claim does not accrue until the client discovers-or should have discovered-it was legally injured. | Does a legal malpractice claim accrue when the client discovers or should have discovered that he was legally injured? |
| 16268 | Broyles v. Com., 309 Ky. 837, 839, 219 S.W.2d 52, 54 (1949) | 4 | An action cannot be maintained if commenced before accrual of cause of action sought to be enforced. | On the other hand, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced. | Can an action be maintained if commenced before accrual of cause of action sought to be enforced? |
| 16269 | Highline Sch. Dist. No. 401, King Cty. v. Port of Seattle, 87 Wash. 2d 6, 14, 548 P.2d 1085, 1090 (1976) | 10 | Cause of action accrues on occurrence of last element essential to such action. | A cause of action accrues on the occurrence of the last element essential to the action. | Does cause of action accrue on occurrence of last element essential to the action? |

| 16270 | Kane Cty. v. Carlson, 116 Ill. 2d 186, 200 (1987) | 3 | Circuit clerk is nonjudicial officer of judicial branch of government. S.H.A. Const. Art. 6, S 18(b). | The circuit clerk is a nonjudicial officer of the judicial branch of government (Ill. Const.1970, art. VI, sec. 18(b); **487 ***574 Drury v. | Are circuit clerks non-judicial officers of the judicial branch of the government? |
| 16275 | Kelley v. Mallory, 202 Or. 690, 697 (1954) | 3 | When instrument relied on is set out in full in pleading, it prevails over allegations as to its legal effect. | When the instrument relied upon is set out in full in the pleading, as in both the Kelley suits, it prevails over the allegations as to its legal effect. | Will an instrument prevail over allegations as to its legal effect? |
| 16277 | D.O.F. v. Lewisburg Area Sch. Dist. Bd. of Sch. Directors, 868 A.2d 28, 33 (Pa. Commw. Ct. 2004) | 8 | When schools act outside their statutory authority, courts can intervene. | Moreover, when schools act outside their statutory authority, courts can intervene. | Can the courts intervene when schools act outside their statutory authority? |
| 16279 | Carlson v. Lindauer, 119 Cal. App. 2d 292, 302, 259 P.2d 925, 929–30 (1953) | 7 | Where an allegation of ownership is expressly predicated on specific averments in suit to quiet title, allegation of ownership is a mere conclusion of law and may be disregarded. | Where an allegation of ownership is expressly **930 predicated on specific averments, the allegation of ownership is a mere conclusion of law and may be disregarded. | Should an allegation of ownership be disregarded? |
| 16281 | Gen. Commc'ns Sys. v. State Corp. Comm'n, 216 Kan. 410, 410 (1975) | 5 | The word "necessity" as used in public utility law generally means a public need without which the public is inconvenienced to the extent of being handicapped. K.S.A. 66-101 et seq. | The word 'necessity' as used in public utility law generally means a public need without which the public is inconvenienced to the extent of being handicapped. | What does the word necessity imply in reference to public utilities? |
| 16282 | Touchet Valley Grain Growers v. Opp & Seibold Gen. Const., 119 Wash. 2d 334, 341, 831 P.2d 724, 728 (1992) | 6 | Parties to contract may waive their subrogation rights and, absent fraud, waiver will be valid and enforceable. | Parties to a contract may waive their subrogation rights and, absent fraud, the waiver will be valid and enforceable. | Are anti-subrogation waivers valid and enforceable? |
| 16285 | Day Cruises Mar., L.L.C v. Christus Spohn Health Sys., 267 S.W.3d 42, 61 (Tex. App. 2008) | 33 | Burden is on the party claiming equitable subrogation to establish he is entitled to it. | The burden is on the party claiming equitable subrogation to establish he is entitled to it. | Is the burden on the party claiming equitable subrogation to establish he is entitled to it? |
| 16286 | In re Galewitz' Est., 3 A.D.2d 280, 285, 160 N.Y.S.2d 564, 572 (1957), aff'd, 5 N.Y.2d 721, 152 N.E.2d 666 (1958) | 4 | Equity need not speak with finality until the decree, and when it does, it does with reference to the facts, the law, and equities then existing. | Indeed, equity need not speak with finality until the decree, and when it does, it does with reference to the facts, the law, and the equities then existing. | Does equity need not speak with finality until the decree? |
| 16288 | Jones v. Foote, 165 Conn. 516, 521 (1973) | 5 | A court will grant equitable relief, injunctive or otherwise, only on situation as it exists at time of trial. | A court will grant equitable relief, injunctive or otherwise, only on the situation as it exists at the time of trial. | Does equity deal only with the situation existing at the time of trial? |
| 16289 | Perpich v. U.S. Dep't of Def., 880 F.2d 11, 16 (8th Cir. 1989) | 1 | Authority given to Congress by the army clause is plenary and exclusive. U.S.C.A. Const. Art. I, S 8, cl. 12. | The authority given to Congress by the army clause is plenary and exclusive. | Is the authority given to Congress by the army clause plenary and exclusive? |
| 16291 | People ex rel. Buffalo Util. Co. v. Vill. of Buffalo Grove, 85 Ill. App. 2d 382, 387 (1967) | 4 | There is nothing to prevent municipally owned utility from competing directly in same area of operation with privately owned utility. S.H.A. ch. 1112/323, SS 10.3, 56. | And there is nothing to prevent a municipally owned utility from competing directly in the same area of operation with a privately owned utility. | Can municipal businesses compete with private utility businesses? |

| | | | | | |
|---|---|---|---|---|---|
| 16295 | Batchelder v. Tweedie, 294 A.2d 443, 444 (Me. 1972) | 1 | Substantive rights are fixed at the date on which the cause of action accrues; however, procedural statutes are ordinarily applicable to pending actions. | Substantive rights of the parties are fixed at the date upon which the cause of action accrued. Scammon v. City of Saco, Me., 247 A.2d 108 (1968). Procedural statutes are, however, ordinarily applicable to pending actions. | Are substantive rights fixed at the date on which the cause of action accrues? |
| 16297 | Orsi v. Bd. of Appeals of Town of Bethlehem, 3 A.D.3d 698, 700, 770 N.Y.S.2d 774, 776 (2004) | 1 | Generally, court must apply law as it exists at time of decision. | As a general rule, since this Court must apply the law as it exists at the time of a decision | Should a court apply a law as it exists at the time of a decision? |
| 16299 | Bate v. Davis, 309 Ky. 709, 711, 218 S.W.2d 958, 959 (1949) | 1 | An action cannot be maintained if commenced before accrual of cause which is sought to be enforced, and such an action should be dismissed without prejudice to plaintiff's right to begin a new action on accrual of the cause; and, upon proper and timely objection being made, the nonexistence of a cause of action when suit was started is a fatal defect which cannot be cured by accrual of cause pending suit. | On the other hand, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced. Such an action should be dismissed without prejudice to the plaintiff's right to begin a new action on the accrual of the cause of action, upon proper and timely objection being made the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause pending suit.' | Can an action be maintained if commenced before the accrual of the cause which is sought to be enforced? |
| 16301 | Int'l Bhd. of Elec. Workers, Local No. 367, AFL-CIO v. Graham Cty. Elec. Coop., 783 F.2d 897, 899 (9th Cir. 1986) | 2 | Obligation to arbitrate a new contract, i.e., "interest arbitration," may survive the termination of an old contract. | Consistent with Nolde, the obligation to arbitrate a new contract ("interest arbitration") may also survive the termination of an old contract. | Can interest arbitration survive the termination of a contract? |
| 16303 | In re Segal, 527 B.R. 85, 90 (Bankr. E.D.N.Y. 2015) | 3 | The right to voluntarily dismiss a Chapter 7 case is not absolute; the debtor must establish cause for dismissal. 11 U.S.C.A. S 707(a). | The right to voluntarily dismiss a chapter 7 case is not absolute; the debtor must establish cause for dismissal under 707(a). | Is the right to a voluntary dismissal not absolute? |
| 16309 | Danson v. Casey, 33 Pa. Cmwlth. 614, 619, 382 A.2d 1238, 1240 (1978), decree aff'd, 484 Pa. 415, 399 A.2d 360 (1979) | 2 | The power of the state over education falls into that class of powers which are fundamental to our government. Act April 1, 1834, P.L. 102 | Thus, "(t)he power of the State over education . . . falls into that class of powers which are made fundamental to our government." | Does the power of a state over education fall into that class of powers which are fundamental to the government? |
| 16313 | In re Western World Funding, 52 B.R. 743, 777 (Bankr. D. Nev. 1985) | 64 | Partners have an equal legal right to manage, but actual management may be delegated to a single partner or coadventurer without destroying their relationship as coadventurers or partners. | Partners have an equal legal right to manage, but "actual management may be delegated to a single partner or co-adventurer without destroying their relationship as co- adventurers or partners." | Can the management and control of the partnership be delegated? |

| 16314 | Pedro v. Pedro, 463 N.W.2d 285, 288 (Minn. Ct. App. 1990) | 2 | Relationship between shareholders in a closely held corporation is analogous to that of partners, in that each shareholder owes the others a fiduciary duty. | The Minnesota Supreme Court recognizes that the relationship between shareholders in a closely held corporation is analogous to that of partners. Westland Capitol Corp. v. Lucht Engineering, Inc., 308 N.W.2d 709, 712 (Minn.1981). Each shareholder owes the others a fiduciary duty. Evans v. Blesi, 345 N.W.2d 775, 779 (Minn.App.1984). | Is the relationship between shareholders in a closely held corporation analogous to that of partners? |
| 16319 | Livitsanos v. Superior Ct., 2 Cal. 4th 744, 752, 828 P.2d 1195, 1201 (1992) | 2 | Touchstone of workers' compensation system is industrial injury which results in occupational disability or death. West's Ann.Cal.Labor Code S 3201 et seq. | The touchstone of the workers' compensation system is industrial injury which results in occupational disability or death. | What is the touchstone of the workers compensation system? |
| 16320 | Jordan v. Horstmeyer, 152 A.D.3d 1097, 1098, 60 N.Y.S.3d 549, 550 (2017) | 3 | While no appeal lies from an order issued on consent, that rule does not apply where the order differs from or exceeds the consent. | While "[i]t is well settled that no appeal lies from an order issued on consent" (Matter of O'Sullivan v. Schebilski, 138 A.D.3d 1170, 1172, 30 N.Y.S.3d 351 [2016]; see Matter of Culton v. Culton, 2 A.D.3d 1446, 1446, 769 N.Y.S.2d 431 [2003] ), that rule does not apply where the order "differs from or exceeds the consent" (Hatsis v. Hatsis, 122 A.D.2d 111, 111, 504 N.Y.S.2d 508 [1986] ). | Can an appeal lie from an order issued on consent? |
| 16327 | Rice v. Steele, 295 S.W.3d 453, 455 (Ky. Ct. App. 2009) | 3 | An "indispensable party" is one whose absence prevents the Court of Appeals from granting complete relief among those already parties. | "An indispensable party is one whose absence prevents the Court from granting complete relief among those already parties." | What constitutes an indispensable party? |
| 16328 | People v. Kerestes, 38 Ill. App. 3d 681, 683 (1976) | 1 | Element of intent is an essential part of the crime of burglary which must be properly alleged and proved. | The element of intent is an essential part of the crime of burglary which must be properly alleged and proved. | Is intent an essential part of burglary? |
| 16333 | Morley v. Wilson, 261 Mass. 269, 281 (1927) | 6 | Allegation of arbitrary and capricious conduct states legal conclusion. | The general allegation of arbitrary and capricious conduct states merely a legal conclusion. | Does a general allegation of arbitrary and capricious conduct state a mere legal conclusion? |
| 16334 | Ethicon Endo-Surgery v. Gillies, 343 S.W.3d 205, 210 (Tex. App. 2011) | 4 | The party requesting a non-suit has an absolute right to a non-suit at the moment the motion is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | The party requesting a non-suit has an absolute right to a non-suit at the moment the motion is filed. | Does a plaintiff generally have an absolute right to nonsuit at the moment a motion is filed with a clerk? |
| 16338 | Wright v. Steers, 242 Ind. 582, 585, 179 N.E.2d 721, 723 (1962) | 3 | The nature of tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | It is true that the nature of the tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. | How is the nature of a tax determined? |
| 16339 | InterGen N.V. v. Grina, 344 F.3d 134, 143 (1st Cir. 2003) | 7 | Courts should be extremely cautious about forcing arbitration in situations in which identity of parties who have agreed to arbitrate is unclear. | The upshot is that courts should be extremely cautious about forcing arbitration in "situations in which the identity of the parties who have agreed to arbitrate is unclear." Id. | When should the courts be cautious about forcing arbitration? |

| | | | | | |
|---|---|---|---|---|---|
| 16340 | United States v. Walgreen Co., 846 F.3d 879, 880–81 (6th Cir. 2017) | 3 | In addition to satisfying the False Claims Act's requirements, qui tam plaintiffs must meet the heightened pleading standards of the rule stating that, in all averments of fraud or mistake, the plaintiff must state with particularity the circumstances constituting fraud or mistake. 31 U.S.C.A. S 3729; Fed. R. Civ. P. 9(b). | In addition to satisfying the False Claims Act's requirements, qui tam plaintiffs must meet the heightened pleading standards of Civil Rule 9(b). U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 503 (6th Cir. 2007). In all averments of "fraud or mistake," the plaintiff must state with "particularity the circumstances *881 constituting fraud or mistake." Fed. | Should circumstances constituting mistake be stated with particularity? |
| 16345 | Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 615 (1985) | 8 | Potential complexity of antitrust matters does not suffice to ward off arbitration nor does arbitration panel pose too great a danger of innate hostility to constraints on business conduct that antitrust law imposes. 9 U.S.C.A. S 1 et seq. | So too, the potential complexity of antitrust matters does not suffice to ward off arbitration; nor does an arbitration panel pose too great a danger of innate hostility to the constraints on business conduct that antitrust law imposes | Can potential complexities of antitrust matters suffice to ward off arbitration? |
| 16346 | State v. Handy, 156 So. 3d 785, 791 (2014) | 6 | To establish the crime of simple burglary, it is not required that an actual theft or a taking occur. LSA-R.S. 14:62. | However, to establish the crime of simple burglary, it is not required that an actual theft or a taking occur. | Does simple burglary require theft or taking? |
| 16347 | Hood v. State, 860 S.W.2d 931, 935 (Tex. App. 1993) | 10 | When there is independent evidence of burglary, unexplained possession of recently stolen property can constitute sufficient evidence of guilt to support conviction. | When there is independent evidence of a burglary, the unexplained possession of recently stolen property can constitute sufficient evidence of guilt. | Is possession of goods evidence of burglary? |
| 16350 | Bates v. State, 582 S.W.2d 84, 86 (Tenn. Crim. App. 1978) | 4 | Larceny and attempt to commit larceny are not essential elements of burglary and, hence, are not lesser included offenses of that crime. | "(W)e conclude and hold that the law of this State now is that larceny and attempt to commit larceny are not essential elements of burglary and, hence, are not lesser included offenses of that crime. " | Is larceny an element of burglary? |
| 16351 | People v. Givens, 164 Misc. 2d 463, 465–66, 624 N.Y.S.2d 790, 791 (Crim. Ct. 1995) | 3 | Intent to use burglar's tool unlawfully may be established by circumstantial evidence. McKinney's Penal Law S 140.35. | It is well established that for the charge of possession of burglar's tools the element of intent to use a tool unlawfully *466 may be established by circumstantial evidence. | Can intent be proved by circumstantial evidence for the charge of possession of burglars tools? |
| 16352 | McReynolds v. Hartley, 251 Ill. App. 3d 1038, 1041 (1993) | 4 | Deputy clerk as no independent authority as deputy and may only perform duties under direction of clerk of circuit court. | Also, a deputy clerk has no independent authority as deputy and may only perform duties under the direction of the clerk of the circuit court. | Does a deputy clerk have independent authority? |
| 16354 | Blankenship v. Kootenai Cty., 125 Idaho 101, 103–04, 867 P.2d 975, 977–78 (1994) | 3 | Clerk of court is judicial officer while performing judicial clerical duties for court. I.C. S 1-907. | The clerk of the district court is a judicial officer while performing judicial clerical duties for the court. | Is a clerk of the district court a judicial officer while performing judicial clerical duties for the court? |
| 16356 | Progressive Ins. Companies v. Hartman, 788 S.W.2d 424, 427 (Tex. App. 1990) | 6 | Defendant cannot force plaintiff to prosecute suit against plaintiff's own best interests. | A defendant cannot force a plaintiff to prosecute a suit against the plaintiff's own best interests. | Can a defendant force a plaintiff to prosecute a suit against a plaintiff's own best interests? |

| | | | | | |
|---|---|---|---|---|---|
| 16358 | Maudsley v. Pederson, 676 N.W.2d 8, 12 (Minn. Ct. App. 2004) | 3 | Whether or not to enforce its own scheduling order is clearly within the district court's discretion. | And whether or not to enforce its own scheduling order is clearly within the district court's discretion. | Does the court have discretion in enforcing its own scheduling order? |
| 16359 | Wilson Foods Corp. v. Turner, 218 Ga. App. 74, 77, 460 S.E.2d 532, 535 (1995) | 9 | Pretrial order is ineffective for any purpose until it is signed by trial judge. | However, a pretrial order is ineffective for any purpose until it is signed by the trial judge. | Is a pretrial order ineffective for any purpose until it is signed by a trial judge? |
| 16361 | In re Carton, 48 N.J. 9, 15–16 (1966) | 4 | A trial court should not order counsel to sign a pretrial order counsel questions. R.R. 4:29-1(b). | We think, too, that a trial court should not order counsel to sign a pretrial order he questions. | Should a trial court order a counsel to sign a pretrial order counsel questions? |
| 16363 | Unruh v. Purina Mills, LLC, 289 Kan. 1185, 1191, 221 P.3d 1130, 1137 (2009) | 8 | The pretrial order supersedes any pleadings and has the effect of amending the pleadings to conform to it. West's K.S.A. 60-216(e). | The pretrial order supersedes any pleadings and has the effect of amending the pleadings to conform to it. | Does the pretrial order supersede any pleadings and have the effect of amending the pleadings to conform to it? |
| 16364 | Misle Chevrolet Co. v. Kometscher, 225 Neb. 804, 804 (1987) | 4 | Failure to object to specification of issues in pretrial orders waives error claimed in that regard on appeal. | Failure to object to the specification of the issues in the pretrial order waives error claimed in that regard on appeal. | Do issues set out in a pretrial order supplant the issues raised in the pleadings? |
| 16365 | Estate of Cooper, 11 Cal. App. 3d 1114, 1122, 90 Cal. Rptr. 283 (Ct. App. 1970) | 7 | The pretrial order determines issues to be tried; issues that are not designated as being in dispute are no longer issues in the case. | The pretrial order determines the issues to be tried; issues that are not designated as being in dispute are no longer issues in the case. | Do pretrial orders determine the issues to be tried? |
| 16367 | Endsley v. City of Chicago, 319 Ill. App. 3d 1009, 1017, 745 N.E.2d 708, 715 (2001) | 11 | "Taxes" are an enforced proportional contribution levied by the State, by virtue of its sovereignty, for support of the government. | "Taxes are an enforced proportional contribution levied by the State by virtue of its sovereignty for support of the government." | "By virtue of what, are taxes levied by the State?" |
| 16368 | Town of Hilton Head Island v. Morris, 324 S.C. 30, 35–36, 484 S.E.2d 104, 107 (1997) | 7 | Statute levies tax when it fixes amount or rate to be imposed. | A statute levies a tax *36 when it fixes the amount or rate to be imposed. | Does a statute levy tax when it fixes amount or rate to be imposed? |
| 16370 | Alabama Power Co. v. Fed. Power Comm'n, 134 F.2d 602, 608 (5th Cir. 1943) | 7 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Taxes are the annual compensation paid to government for annual protection and for the current support of government, and are generally an expense and not an investment. | Is a tax paid to the government? |
| 16371 | Mississippi Power Co. v. Mississippi Pub. Serv. Comm'n, 168 So. 3d 905, 910 (Miss. 2015) | 7 | A tax is paid to the government, not a privately-owned corporate entity which is not an arm of the State. | A tax is paid to the government, not a "privately-owned corporate entit[y]" which is "not [an] arm[ ] of the State." | Is a tax paid to a privately-owned corporate entity which is not an arm of the State? |

| 16372 | Dean v. Lehman, 143 Wash. 2d 12, 26–27, 18 P.3d 523, 531–32 (2001) | 21 | In ascertaining whether a governmentally imposed charge is a fee or a tax, the court applies a three factor test, the first factor of which inquires whether the primary purpose of the state is to accomplish desired public benefits which cost money, or whether the primary purpose is to regulate; if the primary purpose of the charges is to raise revenue the charges are a tax, but if the primary purpose is regulatory, the charges are properly characterized as "tools of regulation" rather than taxes. | In ascertaining whether a governmentally imposed charge *27 is a fee or a tax this court adheres to a three factor test, most recently articulated in Covell v. City of Seattle, **532 127 Wash.2d 874, 879, 905 P.2d 324 (1995). The first factor is "whether the primary purpose of the ... [State] is to accomplish desired public benefits which cost money, or whether the primary purpose is to regulate ...." If the primary purpose of the charges is to raise revenue, rather than to regulate, then the charges are a tax. Conversely, if the primary purpose is regulatory, "the charges are properly characterized as 'tools of regulation' rather than taxes." | Is tax an imposed charge? |
| 16375 | Singleton v. Haywood Elec. Membership Corp., 357 N.C. 623, 627, 588 S.E.2d 871, 874 (2003) | 2 | A claim of trespass requires: (1) possession of the property by plaintiff when the alleged trespass was committed, (2) an unauthorized entry by defendant, and (3) damage to plaintiff. | 'Furthermore, a claim of trespass requires: (1) possession of the property by plaintiff when the alleged trespass was committed; (2) an unauthorized entry by defendant; and (3) damage to plaintiff.' " | What are the requisites for a claim of trespass? |
| 16377 | Bond v. United States, 47 Fed. Cl. 641, 647 (2000) | 1 | Although the deference accorded to military actions by the judiciary is substantial, it is not unlimited. | However, although the deference accorded to military actions by the judiciary is substantial, it is not unlimited. | Is the deference accorded to military actions by the judiciary unlimited? |
| 16378 | Welder v. Green, 985 S.W.2d 170, 176 (Tex. App. 1998) | 18 | Partner can be expelled from partnership, without any breach of duty, over disagreements about firm policy or to resolve some other fundamental schism; the fiduciary duty partners owe one another does not encompass a duty to remain partners. | A partner can be expelled, without a breach of duty, over disagreements about firm policy or to resolve some other fundamental schism. Id. The fiduciary duty partners owe one another does not encompass a duty to remain partners. Id. | Can a partner be expelled from the partnership? |
| 16381 | Washburn v. Terminal R. R. Ass'n of St. Louis, 114 Ill. App. 2d 95, 102, 252 N.E.2d 389, 392 (Ill. App. Ct. 1969) | 8 | Purpose of discovery is ascertainment of truth and expedition of disposition of litigation. | The purpose of discovery is the ascertainment of truth and the expedition of the disposition of litigation, Monier v. Chamberlain, 35 Ill.2d 351, 221 N.E.2d 410, 18 A.L.R.3d 471. | Is the purpose of discovery ascertainment of truth and expedition of a disposition of litigation? |
| 16386 | Weisblat v. City of San Diego, 176 Cal. App. 4th 1022, 1039, 98 Cal. Rptr. 3d 366, 378 (2009) | 5 | A tax is a "general tax" only when its revenues are placed into the general fund and are available for expenditure for any and all governmental purposes. | "A tax is general only when its revenues are placed into the general fund and are available for expenditure for any and all governmental purposes. [Citation.]" | "Is a tax considered as a general tax"" when its revenues are placed into the general fund?" |

| | | | | | |
|---|---|---|---|---|---|
| 16387 | Arbuckle-Coll. City Fire Prot. Dist. v. Cnty. of Colusa, 105 Cal. App. 4th 1155, 1164, 130 Cal. Rptr. 2d 182, 189 (2003) | 2 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | Taxes that provide revenues that are available for all purposes of the governmental entity are general taxes and include ad valorem property taxes. (See Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 232, 45 Cal.Rptr.2d 207, 902 P.2d 225.) Taxes that provide revenue for a specific or limited purpose are special taxes. (Ibid.) | "Is a tax considered as a general tax"" when its revenues are placed into the general fund?" |
| 16389 | City of Lebanon Junction v. Cellco P'ship, 80 S.W.3d 761, 764 (Ky. Ct. App. 2001) | 2 | The character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance. | However, "the character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance." | Is the character of a tax determined by its incidents? |
| 16390 | City of Lebanon Junction v. Cellco P'ship, 80 S.W.3d 761, 764 (Ky. Ct. App. 2001) | 2 | The character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance. | However, "the character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance." | Is the character of a tax determined by its name? |
| 16392 | Pub. Advocate & Consumers Educ. & Protective Ass'n v. City of Philadelphia, 662 A.2d 686, 689 (Pa. Commw. Ct. 1995) | 3 | Necessary predicate to finding of unlawful tax is direct taking of customer funds. | A necessary predicate to the finding of an unlawful tax is a direct taking of customer funds. | What is the necessary predicate to finding of unlawful tax? |
| 16393 | Mayor & City Council of Ocean City v. Purnell-Jarvis, Ltd., 86 Md. App. 390, 405 (1991) | 9 | Act is "revenue raising" measure when it appears from act itself that revenue is its main objective. | Generally, an act is a revenue raising measure when it appears from the act itself that revenue is its main objective. | "Is an Act a ""revenue raising"" measure when it appears from act itself that revenue is its main objective?" |
| 16402 | Hamilton v. City of Shreveport, 180 So. 2d 30, 32–33 (La. Ct. App. 1965) | 2 | General allegation of negligence is merely pleader's conclusion of law. | Moreover, it is well settled that a general allegation of negligence *33 is merely the pleader's own conclusion of law. | Is a general allegation of negligence merely the pleaders own conclusion of law? |
| 16404 | Hoyt Properties v. Prod. Res. Grp., 716 N.W.2d 366, 376 (Minn. App. 2006) | 14 | A district court has discretion to determine whether a voluntary dismissal should be with prejudice. 48 M.S.A., Rules Civ.Proc., Rule 41.01(a). | The court also has discretion to determine whether the dismissal should be with prejudice. | Does a district court have discretion to determine whether a voluntary dismissal should be with prejudice? |
| 16405 | Wells Fargo Bank, Nat. Ass'n v. Voorhees, 194 So. 3d 448, 451 (Fla. Dist. Ct. App. 2016) | 2 | The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim. West's F.S.A. RCP Rule 1.370(b). | "The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim." Sterling, 595 So.2d at 285. | Should the liberal standard for relief from a technical admission be decided upon their merits rather than technical rules of default? |
| 16408 | Jaynes v. Commonwealth, 276 Va. 443, 459, 666 S.E.2d 303, 311 (2008) | 10 | "Trespass" is the unauthorized use of or entry onto another's property. | Trespass is the unauthorized use of or entry onto another's property. | Is the unauthorized use of or entry onto another's property a trespass? |

| | | | | | |
|---|---|---|---|---|---|
| 16411 | Wait v. Travelers Indem. Co. of Illinois, 240 S.W.3d 220, 224–25 (Tenn. 2007) | 4 | Workers' Compensation Act should be liberally construed in favor of compensation, and any doubts should be resolved in the employee's favor; however, this liberal-construction requirement does not authorize courts to amend, alter, or extend its provisions beyond its obvious meaning. West's T.C.A. S 50-6-101 et seq. | The Act should be liberally construed in favor of compensation and any doubts should be resolved in the employee's favor. Knox v. Batson, 217 Tenn. 620, 399 S.W.2d 765, 772 (1966). However, this liberal construction requirement *225 does not authorize courts to amend, alter, or extend its provisions beyond its obvious meaning. | Is Workmens compensation law a social welfare statute? |
| 16414 | Kelly v. Cent. Bank & Tr. Co. of Denver, 794 P.2d 1037, 1043 (Colo. App. 1989) | 11 | Negotiation of order paper requires authorized endorsement of named payee. C.R.S. 4-3-202. | Negotiation of order paper requires the authorized indorsement of the named payee. See 4-3-202, C.R.S. | Does a negotiation of an order paper require the authorized indorsement of the named payee? |
| 16419 | People v. Hornaday, 400 Ill. 361, 365 (1948) | 8 | Indictment for forcible rape need not aver that the female was not the wife of accused. | An indictment for forcible rape need not aver that the female was not the wife of the accused. | Does an indictment for forcible rape need not be the wife of the accused? |
| 16421 | House v. United States, 99 Fed. Cl. 342, 347 (2011), aff'd, 473 F. App'x 901 (Fed. Cir. 2012) | 5 | Where a member of the military resigns or retires, his decision is presumed to be voluntary, for purposes of invoking Military Pay Act. 37 U.S.C.A. S 204. | Where a member of the military resigns or retires, his decision is presumed to be voluntary. | Is a decision of a member of the military to resign or retire presumed to be voluntary? |
| 16422 | Kim v. United States, 47 Fed. Cl. 493, 498 (2000) | 8 | A choice between two unpleasant alternatives does not make the decision to retire from the military involuntary. | A choice between two unpleasant alternatives does not make the decision to retire involuntary. | Does a choice between two unpleasant alternatives yield a voluntary decision to retire? |
| 16423 | Thomas v. United States, 42 Fed. Cl. 449, 452 (1998) | 4 | Court of Federal Claims does not have the authority to order the re-enlistment of a serviceman beyond the date on which his term of enlistment would have expired. | Further, even if the retirement were involuntary, this court does not have the authority to order the re-enlistment of a serviceman beyond the date on which his term of enlistment would have expired. | Does a court have authority to order reinstatement? |
| 16424 | United States v. Mariano, 983 F.2d 1150, 1159 (1st Cir. 1993) | 13 | Essential difference between bribe and illegal gratuity is intention of bribe-giver to effect quid pro quo and thus, bribery sentencing guideline applies when transfer of money has corrupt purpose, such as inducing public official to participate in fraud or to influence official actions. U.S.S.G. SS 2C1.1, 2C1.1, comment. (backg'd.), 18 U.S.C.A.App. | The essential difference between a bribe and an illegal gratuity is the intention of the bribe-giver to effect a quid pro quo. See United States v. Muldoon, 931 F.2d 282, 287 (4th Cir.1991). Hence, a bribery guideline, section 2C1.1, applies when a transfer of money has "a corrupt purpose, such as inducing a public official to participate in a fraud or to influence his official actions." U.S.S.G. 2C1.1, comment. (backg'd) | What is the distinction between a bribe and an illegal gratuity? |
| 16425 | Kirby v. Gaub, 75 S.W.3d 916, 917 (Mo. Ct. App. 2002) | 3 | Voluntary dismissal of civil action is effective on date it is filed with court. V.A.M.R. 67.02. | A voluntary dismissal is effective on the date it is filed with the court. | Is a voluntary dismissal of civil action is effective on date it filed with court? |
| 16435 | Wilentz v. Hendrickson, 133 N.J. Eq. 447, 469, 33 A.2d 366, 381 (Ch. 1943), decree aff'd, 135 N.J. Eq. 244, 38 A.2d 199 (1944) | 24 | Interest does not inhere in a tax as a legal incident, but may be attached to a tax by legislative enactment. | It must be acknowledged that interest does not inhere in a tax as a legal incident, but interest may be attached to a tax by legislative enactment. | Can interest be attached to a tax by legislative enactment? |

| | | | | |
|---|---|---|---|---|
| 16440 | Lamar v. State, 603 So. 2d 1113, 1114 (Ala. Crim. App. 1991) | 2 | Material element of crime of bribery is defendant's intent at time he attempted to bribe witness. Code 1975, § 13A-10-121. | A material element of the crime of bribery is the defendant's intent at the time he attempted to bribe the witness. | What is a material element of the crime of bribery? |
| 16444 | Coughlin v. City of Milwaukee, 227 Wis. 357, 279 N.W. 62, 67 (1938) | 5 | A mere averment of duress, without setting out facts justifying such averment, is a conclusion of law. | A mere averment of duress, without setting out the facts justifying such averment, is a conclusion of law. | Is the mere averment of duress a conclusion of law? |
| 16445 | Matter of Wong, 252 Mont. 111, 117 (1992) | 4 | Seeking a continuance due to lack of representation does not ensure grant of continuance. | Seeking a continuance due to lack of representation does not ensure the grant of a continuance. | Does seeking a continuance due to lack of representation not ensure the grant of a continuance? |
| 16447 | Sands v. State Through Louisiana State Med. Ctr., Sch. of Dentistry, 458 So. 2d 960, 961 (La. Ct. App. 1984) | 1 | A continuance is not due on a naked showing that a client has discharged his or her lawyer; to discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | We deem it beyond question that a continuance is not due on a naked showing that a client has discharged his or her lawyer. To discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | Is a continuance not due on a naked showing that a client has discharged his or her lawyer? |
| 16448 | Miller v. Marina Mercy Hosp., 157 Cal. App. 3d 765, 769, 204 Cal. Rptr. 62, 65 (Ct. App. 1984) | 4 | Failure to answer a request for admissions is deemed an admission of matters contained in request. West's Ann.Cal.C.C.P. § 2033. | Failure to answer a request for admissions is deemed an admission of matters contained in the request. | Is failure to answer a request for admissions deemed an admission of matters contained in the request? |
| 16449 | Robbins v. Allstate Ins. Co., 362 Ill. App. 3d 540, 542–43 (2005) | 2 | The failure to respond to a request for admission results in the admission of the facts contained in the request. Sup.Ct.Rules, Rule 216(a). | Quite simply, the failure to respond to a request for admission results in the admission of the facts contained in the request. | Does the failure to respond to a request for admission result in the admission of the facts contained in the request? |
| 16451 | Pandozy v. Shamis, 254 S.W.3d 596, 601 (Tex. App. 2008) | 10 | Generally, the court should grant a continuance if a party has no attorney through no fault of his own. Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | Generally, the court should grant a continuance if a party has no attorney through no fault of their own. | "Generally, should the court grant a continuance if a party has no attorney through no fault of his own?" |
| 16452 | Wilentz v. Hendrickson, 133 N.J. Eq. 447, 469, 33 A.2d 366, 381 (Ch. 1943), decree aff'd, 135 N.J. Eq. 244, 38 A.2d 199 (1944) | 24 | Interest does not inhere in a tax as a legal incident, but may be attached to a tax by legislative enactment. | It must be acknowledged that interest does not inhere in a tax as a legal incident, but interest may be attached to a tax by legislative enactment. | Does interest inhere in a tax as a legal incident? |
| 16453 | Friedman v. Am. Sur. Co. of New York, 137 Tex. 149, 160 (1941) | 7 | The exercise of the power of "eminent domain" takes property and not money, whereas the exercise of the power to "tax" takes money alone. Vernon's Ann.St.Const. art. 1, § 17. | The exercise of the power of eminent domain takes property-not money. The exercise of the power to tax takes money alone. | "Does the exercise of the power of ""eminent domain"" take property?" |
| 16455 | Kuhn v. Tumminelli, 366 N.J. Super. 431, 441 (App. Div. 2004) | 2 | The misappropriation of funds from a check is unauthorized, but does not convert an authorized endorsement into a forgery. | The misappropriation of the funds is unauthorized, but does not convert an authorized endorsement into a forgery. | "If misappropriation of the funds is unauthorized, does that convert an authorized endorsement into a forgery?" |
| 16460 | Alford v. Zeigler, 65 Ga. App. 294, 297 (Ga. App. 1941) | 1 | Reasonable definiteness and certainty in pleading is all that is required, and factitious demands by special demurrer should not be encouraged. | "Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged." | Is reasonable definiteness all that is required in a pleading? |
| 16465 | Henke Grain Co. v. Keenan, 658 S.W.2d 343, 347 (Tex. App. 1983) | 9 | Deemed admissions can be used to support granting of summary judgment. | Deemed admissions can be used to support the granting of a summary judgment. | Can deemed admissions be used to support granting of summary judgment? |

| 16467 | Gen. Acc. Fire & Life Assur. Corp. v. Cohen, 203 Va. 810, 814 (1962) | 5 | Matters admitted for want of answer to request for admissions are admitted only as stated in the request. Code 1950, S 8-111.1. | Matters admitted for want of an answer to a request for admissions are admitted only as stated in the request. | Are matters admitted for want of answer to request for admissions admitted only as stated in the request? |
| 16469 | Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co., 696 F.3d 647, 653 (7th Cir. 2012) | 8 | Intermediaries entrusted with goods are cargo owners' agents only in their ability to contract for liability limitations with carriers downstream. | As the Supreme Court has recognized, "intermediaries, entrusted with goods, are 'agents' only in their ability to contract for liability limitations with carriers downstream." Id. | "Are intermediaries entrusted with goods, agents?" |
| 16474 | Lambert v. Bunge Corp., 169 So. 2d 207, 209 (La. Ct. App. 1964) | 2 | Illness of principal counsel in trial of case is good ground for continuance. LSA-C.C.P. art. 1601. | The cases are numerous in our jurisprudence that illness of principal counsel in the trial of a case is good and sound grounds for a continuance. See LSA-C.C.P. art. 1601. | "Is the sickness of the principal counsel of the defendant, the other not being prepared to go on to trial, good ground for a continuance at the cost of the defendant?" |
| 16475 | Bienenfeld v. Mortg. Comm'n, 161 Misc. 311, 312, 291 N.Y.S. 739, 741 (City Ct. 1936) | 4 | Before an examination will be ordered, complaint must allege a cause of action. | Before an examination will be ordered, the complaint must allege a cause of action. Goldstein v. Valentine, 246 App.Div. 610, 284 N.Y.S. 373. | "Before an examination will be ordered, must a complaint allege a cause of action?" |
| 16480 | In re Frank A. Smith Sales, 32 S.W.3d 871, 874 (Tex. App. 2000) | 5 | Settlement agreements, including the amount of the settlement, are discoverable where they are shown to be relevant. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subd. 2, par. f(2) (Repealed). | Settlement agreements, including the amount of the settlement, are discoverable where they are shown to be relevant. TEX.R.CIV.P .166b(2)(f)(2); Ford Motor Co. v. Leggat, 904 S.W.2d 643, 649 (Tex.1995). | "Are settlement agreements, including the amount of the settlement, discoverable where they are shown to be relevant?" |
| 16481 | Moe v. Zitek, 75 N.D. 222, 227 (1947) | 3 | Employment of attorney need not be directly by client, but agent with proper authority may employ attorney to bring suit in principal's name. | The employment of an attorney need not be made directly by the client. An agent with proper authority may employ an attorney to bring suit in the name of his principal. | Can an agent employ an attorney for his/her principal? |
| 16484 | Flynn v. Currie, 130 Me. 461, 157 A. 310, 311 (1931) | 5 | Where drawer of check stops payment thereon, he is liable to holder of check for consequences of his conduct. | Where the drawer of a check stops payment thereon, he is liable to the holder of the check for the consequences of his conduct. | Can a drawer be liable for the consequences of stopping a payment? |
| 16485 | In re Winborne's Will, 231 N.C. 463, 465 (1950) | 2 | A "check" is nothing more than a bill of exchange drawn on a bank and it does not operate as an assignment of any part of funds to the credit of drawer with the bank until it is presented to and accepted by the bank on which it is drawn and drawer may at any time before acceptance by the bank stop payment or withdraw his funds from the bank. G.S. SS 25-192, 25-197. | A check is nothing more than a bill of exchange drawn on a bank, G.S. s 25-192, and it does not operate as an assignment of any part of the funds to the credit of a drawer with the bank until it is presented to and accepted by the bank on which it is drawn. G.S. s 25-197. The drawer is at all times, prior to acceptance by the bank, at liberty to stop payment or to withdraw his funds from the bank. | Does the drawer have authority to withdraw his funds or stop the payment from the bank anytime? |

| | | | | | |
|---|---|---|---|---|---|
| 16486 | Smith v. McKeller, 638 So. 2d 1192, 1195 (La. Ct. App. 1994) | 3 | The word "promise" does not have to be used ritualistically to confect a promissory note; instead, words "to be paid on demand" are sufficient to confect a promissory note. | However, Louisiana jurisprudence provides that the word "promise" does not have to be used ritualistically to confect a promissory note. Fejta v. Werner Enterprises, Inc., 412 So.2d 155, 158 (La.App. 4th Cir.), writ denied, 415 So.2d 953 (La.1982). Instead, the words "to be paid on demand" are sufficient to confect a promissory note. | Does the word promise have to be ritualistically used to confect a promissory note? |
| 16487 | Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 123 (2d Cir. 2014) | 20 | Under New York law, specific incantations of "assignment" are unnecessary to perfect a transfer of a note. | On the one hand, New York law is clear that specific incantations of "assignment" are unnecessary to perfect a transfer. | It is necessary to have specific incantations of assignment to perfect a transfer? |
| 16488 | United States v. Forszt, 655 F.2d 101, 103 (7th Cir. 1981) | 1 | In Indiana it is soliciting or receiving of money by official to influence him with respect to his official duties that is gravamen of offense of bribery. Burns' Ind.St.Ann. S 10-602. | As defendant correctly states, "in Indiana it is the soliciting or the receiving of money by an official to influence him with respect to his official duties that is the gravamen of the offense of bribery" (Br. | What is the gravamen of the offense of bribery? |
| 16492 | Bedell v. Duniven, 77 Cal. App. 2d 145, 148, 174 P.2d 666, 667 (1946) | 2 | A pedestrian crossing a roadway within a pedestrian crosswalk has duty to exercise reasonable care. | It is the duty of a pedestrian crossing the roadway within a pedestrian crosswalk to exercise reasonable care at all times. O'Brien v. Schellberg, 59 Cal.App.2d 764, 768, 140 P.2d 159. | Does a pedestrian have the duty to exercise reasonable care? |
| 16493 | Bell v. Nat'l Life & Acc. Ins. Co., 41 Ala. App. 94, 97, 123 So. 2d 598, 599–600 (Ala. Ct. App. 1960) | 2 | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support such conclusion, and it is only "mere conclusions" or "bald conclusions" without supporting facts which are objectionable in pleading. | It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support the **600 conclusion. Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 81, Ann.Cas.1916A, 543. It is only 'mere conclusions' or 'bald conclusions,' without supporting facts which are objectionable in pleading.' | When is it necessary for the pleader to draw conclusions? |
| 16501 | United States v. Fernandez, 722 F.3d 1, 8 (1st Cir. 2013) | 2 | State legislators are not categorically exempt from prosecution under the federal bribery statute; the plain language of the statute includes a "representative" of a "government" in the list of positions that fall under the statute's definition of "agent," and there is no more classic government "representative" than a legislative branch officer. 18 U.S.C.A. S 666(d)(1). | At the outset, we reject any notion that state legislators are categorically exempt from prosecution under 666. Indeed, the plain language of the statute includes a "representative" of a "government" in the list of positions that fall under the statute's definition of "agent," 18 U.S.C. 666(d)(1), and there is no more classic government "representative" than a legislative branch officer. | Are state legislators categorically exempt from prosecution under the federal bribery statute? |

| 16502 | People v. Nichols, 196 Cal. App. 2d 223, 227, 16 Cal. Rptr. 328, 330 (Ct. App. 1961) | 4 | Burglarious intent could be justifiably inferred from evidence of unlawful and forcible entry. West's Ann.Pen.Code, S 459. | Here, the evidence unquestionably established an unlawful and forcible entry of the Lawton school. From this alone, burglarious intent could be reasonably and justifiably inferred (People v. Michaels, 193 Cal.App.2d 194, 13 Cal.Rptr. 900; People v. Stewart, 113 Cal.App.2d 687, 689, 248 P.2d 768). | Can intent to commit burglary be inferred from forcible entry? |
| 16504 | Guy v. Arthur H. Thomas Co., 55 Ohio St. 2d 183, 186 (1978) | 2 | Genesis of workers' compensation was the inability of the common-law remedies to cope with modern industrialism and its inherent injuries to workers. R.C. S 4123.01 et seq. | The genesis of workers' compensation in the United States and Ohio was the inability of the common-law remedies to cope with modern industrialism and its inherent injuries to workers. | What is the genesis of workers compensation? |
| 16508 | Purdy & Fitzpatrick v. State, 71 Cal. 2d 566, 579, 456 P.2d 645, 654 (1969) | 7 | Discrimination on basis of alienage invokes strict standard of review. | Labor Code section 1850 discriminates on the basis of alienage, and such classification invokes a strict standard of review. | Does discrimination on the basis of alienage invoke a strict standard of review? |
| 16509 | Matter of Spangler, 56 B.R. 990, 992 (D. Md. 1986) | 2 | Whether an agreement is a lease or sale under U.C.C. S 1-201(37) requires, at the threshold, determination of intent of parties to the transaction. | Whether an agreement is a lease or sale requires, at the threshold, a determination of the intent of the parties to the transaction. | Does the intent of the parties determine the transaction? |
| 16512 | Neal v. Bradley, 238 Ark. 714, 719 (1964) | 1 | Generally, recordation statutes do not apply to assignments of notes unless specifically so stated. | The general rule is that recordation statutes do not apply to assignment of notes unless specifically so stated by statute. | Do recordation statutes apply to assignment of notes? |
| 16515 | United States v. Allen, 10 F.3d 405, 411 (7th Cir. 1993) | 1 | Extortion under color of official right and bribery are really different sides of the same coin; extortion under color of official right equals the knowing receipt of bribes and it is extortion if the official knows that the bribe is motivated by a hope that it will influence him in the exercise of his office and if, knowing that, he accepts the bribe. | As the law has evolved, extortion "under color of official right" and bribery are really different sides of the same coin. "Extortion 'under color of official right' equals the knowing receipt of bribes.... [I]t is extortion if the official knows that the bribe ... is motivated by a hope that it will influence him in the exercise of his office and if, knowing this, he accepts the bribe." | Are extortion and bribery different sides of the same coin? |
| 16519 | Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 126 (1952) | 30 | A pension, granted for services previously rendered, fully paid for when rendered, and giving rise to no legal obligation for further compensation, is a gratuity. | A pension is a gratuity where it is granted for services previously rendered and which, at the time they were rendered, were fully paid for and gave rise to no legal obligation for further compensation. | When can a pension be regarded as a gratuity? |

| 16524 | Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 120 (3d Cir. 2013) | 6 | Vicarious liability due to an agency relationship can be based on apparent authority; "apparent authority" arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority despite the absence of an actual agency relationship. | Vicarious liability can also be based on apparent authority. " 'Apparent authority arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority' despite the absence of an actual agency relationship. | Can Vicarious Liability be based on Actual Authority? |
|---|---|---|---|---|---|
| 16525 | First Ins. Co. of Hawaii v. Jackson, 67 Haw. 165, 167, 681 P.2d 569, 571 (1984) | 2 | In classical subrogation action, burden of proof is upon party claiming subrogation to show that he is entitled to it. | In a classical subrogation action, the burden of proof, of course, is upon the party claiming subrogation to show that he is entitled to it. | Who has the burden to prove an entitlement while claiming subrogation? |
| 16529 | Fields v. Blake, 349 F. Supp. 2d 910, 920 (E.D. Pa. 2004) | 15 | Commanding officer of a military base has wide discretion as to whom he can exclude from the base. | The commanding officer of a military base has wide discretion as to whom he can exclude from the base. | Does the Commanding officer of a military base have wide discretion as to whom he can exclude from the base? |
| 16543 | Skelton v. Gen. Candy Co., 539 S.W.2d 605, 612 (Mo. App. 1976) | 10 | A party is not conclusively bound by estimates of time, speed or distance. | It is undoubtedly for just such reason that the rule has evolved that a party is not conclusively bound by estimates of time, speed or distance. Vaeth v. Gegg, 486 S.W.2d 625 (Mo.1972). | "Is a party not conclusively bound by estimates of time, speed or distance?" |
| 16553 | Callaway v. City of Overland Park, 211 Kan. 646, 651, 508 P.2d 902, 907 (1973) | 7 | An "ad valorem tax" is a tax imposed on the basis of the value of the article or thing taxed. | An ad valorem tax is a tax imposed on the basis of the value of the article or thing taxed. | "Is an ""ad valorem tax"" a tax imposed on the basis of the value of the article or thing taxed?" |
| 16559 | Orr v. Calicott,  2009 Ark. App. 857, 3 (2009) | 4 | A dismissal for improper venue does not go to the merits of whether the plaintiff can recover; all that has been determined is that the plaintiff brought suit in the wrong county. | On the other hand, a dismissal for improper venue does not go to the merits of whether the plaintiff can recover. All that has been determined is that the plaintiff brought suit in the wrong county. | Does a dismissal for improper venue does not go to the merits of whether the plaintiff can recover? |
| 16563 | Hamilton v. Morris Res., Ltd., 225 S.W.3d 336, 346 (Tex. App. 2007) | 23 | The exclusion of an exhibit not listed in a pretrial order is not an impermissible sanction. Vernon's Ann.Texas Rules Civ.Proc., Rule 166(a). | The exclusion of an exhibit not listed in a pretrial order is not an impermissible sanction. | Is the exclusion of an exhibit not listed in a pretrial order not an impermissible sanction? |
| 16567 | Pourier v. Bd. of Cty. Comm'rs of Shannon Cty., 83 S.D. 235, 240 (1968) | 8 | Taxation of Indians by federal government does not impliedly authorize taxation by the state. | Taxation of Indians by the Federal Government does not impliedly authorize taxation by the state. | Does the taxation of Indians by federal government impliedly authorize taxation by the state? |
| 16568 | Commonwealth Edison Co. v. Montana, 453 U.S. 609, 622, 101 S. Ct. 2946, 2956, 69 L. Ed. 2d 884 (1981) | 13 | States have considerable latitude in imposing general revenue taxes. | This Court has indicated that States have considerable latitude in imposing general revenue taxes. | Do states have considerable latitude in imposing general revenue taxes? |
| 16569 | United States v. City of Roanoke, 258 F. Supp. 415, 418 (W.D. Va. 1966) | 6 | Waiver of immunity from taxation must not only be express but it must also be strictly construed. | It should be remembered that a waiver of immunity from taxation must not only be express but it must also be strictly construed. | Should the waiver of immunity from taxation be express and strictly construed? |
| 16570 | Collier Cty. v. State, 733 So. 2d 1012, 1014 (Fla. 1999) | 1 | Power of state and local governments to levy taxes is governed by the Constitution. West's F.S.A. Const. Art. 7, S 1(a). | The power of state and local governments to levy taxes is governed by the constitution. | Is the power of state and local governments to levy taxes governed by the Constitution? |

| 16572 | Collector of Taxes of City of Boston v. Revere Bldg., 276 Mass. 576, 578, 177 N.E. 577, 578 (1931) | 5 | "Tax" on realty, in its nature, is not "debt", but monetary burden for support of government laid on owner and secured by lien on realty. M.G.L.A. c. 60 S 35. | A tax on real estate in its nature is not a debt but a monetary burden for the support of government laid upon the owner and secured by lien upon the real estate. | "Is a ""tax"" on realty a ""debt""?" |
|---|---|---|---|---|---|
| 16573 | Flynn v. City & Cnty. of San Francisco, 18 Cal. 2d 210, 215, 115 P.2d 3, 6 (1941) | 12 | Tax levied by reason of ownership of property is a "property tax" rather than "occupation tax". | A tax levied by reason of ownership of property is a tax on property rather than an occupation tax. | "Is a tax levied by reason of ownership of property a ""property tax"" rather than ""occupation tax""?" |
| 16577 | People v. Gaio, 81 Cal. App. 4th 919, 933, 97 Cal. Rptr. 2d 392, 402 (2000) | 4 | Bribery involves a payment designed to alter the outcome of any matter that could conceivably come before the official, and a large number of such matters may provide alternative predicates for the offense. West's Ann.Cal.Penal Code SS 67.5, 68. | Bribery involves a "payment[ ] designed to alter the outcome of any matter that could conceivably come before the official...." (Diedrich, supra, 31 Cal.3d at p. 276, 182 Cal.Rptr. 354, 643 P.2d 971.) A large number of such matters may provide alternative predicates for the offense. (See id. at pp. 276–277, 182 Cal.Rptr. 354, 643 P.2d 971.) | What type of payments does bribery involve or prohibit? |
| 16579 | People v. Lymore, 25 Ill. 2d 305, 308 (1962) | 5 | "Burglary" is entry of building with felonious intent, and when such entry and intent are shown, crime is complete and further allegation or proof that specific items were taken is not essential. | Burglary is the entry of a building with felonious intent. When such an entry and requisite intent are shown, the crime of burglary is complete and further allegation or proof that specific items were taken is not essential. | Does burglary require specific items to be taken? |
| 16586 | Chira v. Glob. Med. Rev., Inc., 160 Misc. 2d 368, 369, 609 N.Y.S.2d 511, 512 (Sup. Ct. 1994) | 2 | Improper venue is not a jurisdictional defect requiring dismissal of the action. | Improper venue is not a jurisdictional defect requiring dismissal of the action (State by Abrams v. Cohen, 123 Misc.2d 51, 473 N.Y.S.2d 98). | Is improper venue not a jurisdictional defect requiring dismissal of an action? |
| 16589 | State ex rel. Seaboard Air Line R. Co. v. Gay, 160 Fla. 445, 456 (1948) | 9 | Obligation to pay taxes is purely statutory, and taxes can be levied, assessed, and collected only in express method pointed out by statute, and statute may not be construed to impose a tax unless its terms definitely so provide. | The answer to this proposition is that the obligation of a citizen to pay taxes being purely of statutory creation, taxes can be lawfully levied, assessed, and collected only in the express method pointed out by statute. 51 Am.Jur., Taxation, Sec. 651, p. 617. An act, therefore, may not be construed to impose a tax unless its terms definitely so provide. | Is payment of taxes a statutory liability on the owner of property? |
| 16592 | Davis Plumbing Co. v. Burns, 967 So. 2d 94, 98–99 (Ala. Civ. App. 2007) | 6 | An action brought under the Alabama workers' compensation laws is purely statutory. | An action brought under the Alabama Work[ers'] Compensation laws is purely statutory. | Is an action brought under the workers compensation laws purely statutory? |
| 16595 | United States v. Sorrow, 732 F.2d 176, 180 (11th Cir. 1984) | 5 | Compulsion is not element in Hobbs Act prosecution of public official. 18 U.S.C.A. S 1951. | Compulsion is not an element in a Hobbs Act prosecution of a public official. | Is compulsion an element in a Hobbs Act prosecution of a public official? |

| | | | | | |
|---|---|---|---|---|---|
| 16600 | Beckman v. Farmer, 579 A.2d 618, 635 (D.C. 1990) | 15 | Winding up can be contemporaneous with dissolution when partners expressly or impliedly agree to transfer their shares of business to continuing partner; transfer is for sum which may include outgoing partner's percentage of profits from unfinished business earned before date of dissolution, and take form of agreed-upon accounting concurrent with dissolution. | Winding up can be contemporaneous with dissolution when the partners expressly or impliedly agree to transfer their shares of the business to the continuing partner. Gibson v. Deuth, 270 N.W.2d 632, 635 (Iowa 1978), citing Wolf v. Murrane, 199 N.W.2d 90 (Iowa 1972). The transfer is for a sum which may include the out-going partner's percentage of profits from unfinished business earned before the date of dissolution, id., at 635, and can take the form of an agreed-upon accounting concurrent with dissolution. | Can winding up and settling of partnership affairs be contemporaneous with dissolution? |
| 16604 | Haddix v. Am. Zurich Ins. Co., 253 S.W.3d 339, 346 (Tex. App. 2008) | 10 | If the pleadings affirmatively negate the existence of jurisdiction, dismissal is appropriate. | If, however, the pleadings affirmatively negate the existence of jurisdiction, dismissal is appropriate. | "If the pleadings affirmatively negate the existence of jurisdiction, is dismissal appropriate?" |
| 16607 | Uthe v. Baker, 629 N.W.2d 121, 123 (Minn. Ct. App. 2001) | 3 | District court must dismiss an action where service of process is insufficient. | Where service is insufficient, a district court must dismiss an action where service of process is insufficient. | "Should a district court dismiss the action, absent proper service of process or a waiver thereof?" |
| 16609 | Wilder v. Wilder, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001) | 4 | Three factors that the trial judge must address before dismissing claim for failure to prosecute are: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Rules Civ.Proc., Rule 41(b), G.S. S 1A-1. | We believe that the factors recognized in Hillig, as well as in our previous cases, together give rise to three factors that the trial judge must address before dismissing for failure to prosecute under Rule 41(b). They are: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. | "Under the rule of procedure governing dismissals of actions, can a claim be dismissed for one of three reasons?" |
| 16610 | Davis v. DND/Fidoreo, 317 N.J. Super. 92, 99, 721 A.2d 312, 315 (App. Div. 1998) | 5 | Dismissal of the action is the appropriate relief when there is a claim of improper service. | Furthermore, defendants have never sought a dismissal of the action, the appropriate relief when there is a claim of improper service. | Is dismissal of the action the appropriate relief when there is a claim of improper service? |
| 16611 | Christianson By & Through Christianson v. Educ. Serv. Unit No. 16, 243 Neb. 553, 554, 501 N.W.2d 281, 284 (1993) | 27 | Courts have inherent power to dismiss action for disobedience of court order. | Courts have the inherent power to dismiss an action for disobedience of a court order. | Do courts have the inherent power to dismiss action for disobedience of a court order? |
| 16613 | Bert Cattle Co. v. Warren, 238 Neb. 638, 641–42, 471 N.W.2d 764, 767 (1991) | 7 | Courts have the inherent power to dismiss an action for disobedience of a court order. | '[I]t has almost universally been held or recognized that courts have the inherent power to dismiss an action for *642 disobedience of a court order…. | Do courts have inherent power to dismiss action for disobedience of a court order? |

| 16616 | Brown v. Diaz, 184 Ga. App. 409, 410, 361 S.E.2d 490, 491 (1987) | 2 | Dismissal of frivolous action is appropriate to prevent abuse of process. | The dismissal of a frivolous action is appropriate to prevent an abuse of process. | Is dismissal of frivolous action appropriate to prevent abuse of process? |
|---|---|---|---|---|---|
| 16617 | Duncan Pub. v. City of Chicago, 304 Ill. App. 3d 778, 782  (Ill. App. 1999) | 1 | A claim is "moot" when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief. | A claim is moot when no actual controversy exists or events occur which make it impossible for a court to grant effectual relief. | Will actions be dismissed as moot once plaintiffs have secured what was originally sought? |
| 16620 | Methodist Hosps. of Dallas v. Texas Workers' Comp. Comm'n, 874 S.W.2d 144, 147 (Tex. App. 1994) | 3 | When cause becomes moot only proper judgment is one dismissing cause. | When a cause becomes moot, the only proper judgment is one dismissing the cause. | "When a cause becomes moot, is the only proper judgment one which dismisses the cause?" |
| 16623 | Port Auth. of Allegheny Cty. v. Div. 85, Amalgamated Transit Union, 34 Pa. Cmwlth. 71, 78 (1978) | 2 | A recognized exception to the doctrine that a case will be dismissed if at any stage of the judicial process it is rendered moot is illustrated by cases in which technically moot issues are nevertheless decided on the merits because they are of a recurring nature, capable of repeatedly avoiding review, and involve issues of important public interest. | A case will be dismissed if at any stage of the judicial process it is rendered moot.  A recognized exception to this doctrine is illustrated by cases in which technically moot issues were nevertheless decided on the merits because they were of a recurring nature, capable of repeatedly avoiding review and involved issues of important public interest. | Will a case be dismissed if at any stage of the judicial process it is rendered moot? |
| 16626 | N. Carolina Chiropractic Ass'n v. Aetna Cas. & Sur. Co., 89 N.C. App. 1, 6 (1988) | 4 | Workers' Compensation Act does not take away common-law rights that are unrelated to employer-employee relationship. G.S. S 97-1 et seq. | "The [Workers' Compensation Act] does not take away common law rights that are unrelated to the employer-employee relationship." N.C. | Does the Act take away common law rights that are unrelated to the employer-employee relationship? |
| 16630 | People v. Elsey, 81 Cal. App. 4th 948, 959, 97 Cal. Rptr. 2d 269, 277 (2000) | 8 | Term "other building," within the meaning of the burglary statute, is intended to expand the definition of burglary to cover structures beyond those listed; it was not meant to bar multiple counts of burglary based on multiple entries into separate offices, apartments, or rooms, simply because they happen to be inside a larger structure. West's Ann.Cal.Penal Code S 459. | In short, the term "other building" is intended to expand the definition of burglary to cover structures beyond those listed; it was not meant to bar multiple counts of burglary based on multiple entries into separate offices, apartments, or rooms, simply because they happen to be inside a larger structure. | Can a room within a building be subject to burglary? |

| 16632 | In re Amber S., 33 Cal. App. 4th 185, 187, 39 Cal. Rptr. 2d 672, 672–73 (1995) | 2 | "Building" under California's burglary statute is any structure that has walls on all sides and is covered by roof; "walls" can take various forms and need not reach roof, but they must act as significant barrier to entrance without cutting or breaking. West's Ann.Cal.Penal Code S 459. | It has long been the rule that a "building" within the meaning of California's burglary statute "is any structure which has walls on all sides and is covered by a roof." (People v. Stickman (1867) 34 Cal. 244, 245; accord, People v. Gibbons (1928) 206 Cal. 112, 114, 273 P. 32; People v. Brooks (1982) 133 Cal.App.3d 200, 204, 183 Cal.Rptr. 773; People v. Coffee (1921) 52 Cal.App. 118, 120, 198 P. 213.) The walls can take various forms and need not reach the roof (People v. Brooks, supra, 133 Cal.App.3d at pp. 203–204, 183 Cal.Rptr. 773), but they must "act as a significant barrier to entrance without cutting or breaking." (Id. at p. 206, 183 Cal.Rptr. 773.) | Do building structures under burglary law require four walls and a roof? |
| 16633 | Henderson v. C-K, 261 Or. 15, 21, 492 P.2d 266, 268 (1971) | 3 | Obedience is required only to stop signs installed or authorized by public bodies or officials. ORS 483.138. | Our statutes require obedience only to stop signs which are installed or authorized by public bodies or officials. | Is a person required to obey only stop signs installed by officials? |
| 16636 | Kissman v. Bendix Home Sys., 587 S.W.2d 675, 677 (Tex. 1979) | 4 | A prayer for relief must be consistent with facts stated as basis for relief; accordingly, only relief consistent with theory of claim reflected in petition may be granted under a general prayer. | The prayer for general relief is of no assistance because a prayer must be consistent with the facts stated as a basis for relief. Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130 (1942). Only the relief consistent with the theory of the claim reflected in the petition may be granted under a general prayer. | Should a prayer be consistent with the facts stated as a basis for relief? |
| 16644 | United States v. Fallon, 407 F.2d 621, 623 (7th Cir. 1969) | 3 | Exemptions from military service for conscientious objectors and ministers of religion are matters of legislative grace. Universal Military Training and Service Act, S 1 et seq. as amended 50 U.S.C.A. App. S 451 et seq.; U.S.C.A.Const. art. 1, S 8. | Congress did grant various exemptions from military service such as conscientious objectors and ministers of religion, but such exceptions were matters of legislative grace. | Is ministerial exemption a matter of legislative grace? |
| 16653 | State v. Conn, 420 So. 2d 1123, 1124 (La. 1982) | 1 | It is not necessary for a person to be present in the house at the time of the burglary in order to satisfy the "inhabited dwelling" requirement of the burglary statute. LSA-R.S. 14:62.2. | It is not necessary for a person to be present in the house at the time of the burglary in order to satisfy the "inhabited dwelling" required of R.S. 14:62.2. | Is it necessary for the building to be occupied to constitute burglary? |
| 16655 | Stottlemyer v. Crampton, 235 Md. 138, 142 (1964) | 2 | Under right to use public roads, person may use highway for purpose of leading or driving cattle. Code 1957, art. 66C, S 467. | "Under this right [to use public roads], a person may use the highway for the purpose of leading or driving cattle". | Can cattles be driven in public highway? |
| 16657 | Skivolocki v. E. Ohio Gas Co., 38 Ohio St. 2d 244, 313 N.E.2d 374, 375 (1974) | 3 | Right to strip mine is not incident to ownership of a severed mineral estate. | The right to strip mine for coal is not implicit in the ownership of a severed, mineral estate. | Is the right to strip mine incident to ownership of a mineral estate? |
| 16660 | Argence v. Box Opportunities, 2011-1732 (La. App. 4 Cir. 5/23/12), 95 So. 3d 539, 541 (2012) | 4 | Dismissal of an action on grounds of abandonment may only be made without prejudice. LSA-C.C.P. arts. 561, 2129, 2164. | A dismissal of an action on the grounds of abandonment may only be made without prejudice. | Can dismissal of an action on grounds of abandonment be made without prejudice? |

| 16663 | Matter of Johner, 643 P.2d 932, 934 (Wyo. 1982) | 3 | Workers' compensation is a statutory responsibility and any change or addition to the law is a function of the legislature and not the courts. | We have also recognized that worker's compensation is a statutory responsibility and any change or addition to the law is a function of the legislature and not the courts. | Is workers compensation a statutory responsibility? |
| 16667 | Ex parte Burson, 615 S.W.2d 192, 194–95 (Tex. 1981) | 3 | Veterans Administration benefits, unlike air force disability retirement benefits, are not divisible or assignable; they are not property. 38 U.S.C.A. S 3101. | Veterans Administration benefits, unlike Air Force disability retirement benefits, are not divisible or assignable. They are not property. 38 U.S.C. s 3101; | Are Veterans Administration (VA) benefits divisible? |
| 16668 | Neely v. Comm'n for Lawyer Discipline, 302 S.W.3d 331, 341 (Tex. App. 2009) | 9 | There are no constitutional rights to privacy affected by disclosure of banking records or in personal financial records. | However, there are no constitutional rights to privacy affected by disclosure of banking records or in personal financial records. | Do financial records have a constitutional right to privacy? |
| 16675 | Newell v. Cincinnati, N.O. & T.P. Ry. Co., 246 Ky. 628, 55 S.W.2d 662, 663 ( Ky. 1932) | 9 | Powers of fiscal court to levy tax are limited by statute, and must be strictly construed. | And it is uniformly held that the powers of the fiscal court to levy a tax are limited by statute and must be strictly construed. | Can the fiscal court of a county levy taxes? |
| 16681 | Cotter v. Dias, 130 A.3d 164, 169, 171 (R.I. 2016) | 6 | A mere delay is not enough to warrant a dismissal for lack of prosecution. Superior Court Rules Civ.Proc., Rule 41(b). | "[a] mere delay * * * is not enough to warrant a dismissal for lack of prosecution. | Is mere delay enough to warrant dismissal for lack of prosecution? |
| 16685 | Allstate Ins. Co. v. Eagle-Picher Indus., 410 N.W.2d 324, 328 (Minn. 1987) | 5 | Rights afforded by Workers' Compensation Act are incidents of employment relationship and are contractual in nature. M.S.A. S 176.001 et seq. | The rights afforded by the Workers' Compensation Act are incidents of the employment relationship and are contractual in nature. | Is the right to compensation contractual in nature? |
| 16688 | Boyd v. Lane, 869 S.W.2d 305, 307 (Mo. Ct. App. 1994) | 2 | Express contract and implied contract may be pleaded in the alternative without the pleading being struck for insufficiency. | An express contract and an implied contract may be pleaded in the alternative without the pleading being struck for insufficiency. | Can an express contract and an implied contract be pleaded in the alternative? |
| 16689 | Stamatiou v. El Greco Studios, 898 S.W.2d 571, 574 (Mo. Ct. App. 1995) | 2 | Pleader is not admitting anything other than uncertainty when stating facts in alternative, but if alternative fact allegations are not based on genuine doubt, they may be considered admissions against interest. | The pleader is not admitting anything other than uncertainty when stating facts in the alternative. Id. If alternative fact allegations are not based on genuine doubt, however, they may be considered admissions against interest. | "Is the pleader admitting anything other than uncertainty, when stating facts in the alternative?" |

| 16691 | Otte v. Edwards, 370 S.W.3d 898, 900 (Mo. Ct. App. 2012) | 2 | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we apply the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "In order to avoid dismissal for failure to state a cause of action, should a petition invoke substantive principles of law entitling plaintiff to relief?" |
| 16697 | Matthews v. Simmons, 589 S.W.2d 156, 159 (Tex. Civ. App. 1979) | 8 | Pleadings can be in the alternative, and a petition using the term "and/or" is not too indefinite to state a claim upon which relief can be granted. | Pleadings can be in the alternative, and a petition using the term "and/or" was not too indefinite to state a claim upon which relief could be granted. | Can pleadings be in the alternative? |
| 16700 | In re Estate of Capuzzi, 470 Mich. 399, 402 (2004) | 4 | A duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted. | It is a longstanding legal principle that a duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted. | Does the agent have the power to act and bind the principal to the same extent as if the principal acted? |
| 16701 | Matter of Reyes Compania Naviera S.A., 649 F. Supp. 789, 792 (S.D.N.Y. 1986) | 3 | Parties' intention to arbitrate can be determined not only by initial arbitration clause, but also by text of submission agreement. | Thus, "the parties' intention to arbitrate [can] be determined not only by the initial arbitration clause, but also by the text of the submission agreement." Island Creek Coal Sales Co. | How do courts determine the parties' intention to arbitrate? |
| 16702 | Am. Sugar Ref. Co. v. The Anaconda,138 F.2d 765, 767 (5th Cir. 1943) | 7 | An arbitration agreement may be repudiated, waived, or abandoned by one or both of the parties to it. | But an arbitration agreement may be repudiated, waived or abandoned by one or both of the parties to it. | "Can the parties to an arbitration agreement repudiate, waive or abandon it?" |
| 16705 | Collinwood Shale, Brick & Supply Co. v. Binder, 60 Ohio App. 2d 91, 91, 395 N.E.2d 907, 908 (Ohio Ct. App. 1978) | 1 | All possible security interests which are retained or could be acquired in consumer's residence in any consumer credit transaction must be clearly explained to consumer in separate statement in order to comply with requirement of "meaningful disclosure" under federal Truth in Lending Act. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | All possible security interests which are retained or could be acquired in the consumer's residence in any consumer credit transaction must be clearly explained to the consumer in a separate statement in order to comply with the requirement of "meaningful disclosure" under the federal Truth-in-Lending Act. | Does the consumer have the right to rescind credit transactionin which a security interest is or will be retained or acquired in a consumer's home? |
| 16709 | Field v. Webber, 132 Me. 236, 169 A. 732, 734 (1933) | 5 | Driving to left of middle of road which clear vision discloses unobstructed is not necessarily evidence of negligence. Rev.St.1930, c. 29, SS 2, 70-72, 74. | Driving to the left of the middle of the road which a clear vision discloses unobstructed is not necessarily evidence of negligence. | Is driving on the left negligent? |

| | | | | |
|---|---|---|---|---|
| 16710 | M.S.P.C. v. U.S. Cust. and Border Protec., 60 F. Supp. 3d 1156, 1163 (D.N.M. 2014) | 7 | The scope of judicial review of expedited orders of removal is extremely narrow. Immigration and Nationality Act, S 235(b)(1), 8 U.S.C.A. S 1225(b)(1). | "The scope of judicial review of orders of removal under 1225(b)(1) is extremely narrow." | Is the scope of judicial review of orders of removal narrow? |
| 16714 | Gidden Motor Co. v. Johnston, 155 Miss. 328, 124 So. 367, 367 (Miss. 1929) | 3 | Nonnegotiable instruments which partake of nature of commercial paper are assignable by indorsement and delivery. | Nonnegotiable instruments which partake of the nature of commercial paper are assignable by indorsement and delivery. | Can nonnegotiable instruments be assigned by indorsement and delivery? |
| 16721 | McHarry v. Bowman, 274 Ill. App. 487, 490 (Ill. App. Ct. 1934) | 2 | A power of attorney should be so construed as to limit power to clear and obvious intent of agency therein created. | A power of attorney should be construed so as to limit the power to the clear and obvious intent of the agency therein created. | Should a Power of Attorney be strictly limited to intent of parties? |
| 16724 | Jacobsen v. Bunker, 699 P.2d 1208, 1209 (Utah 1985) | 2 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. | Are promissory notes governed by the law of the place where they are executed? |
| 16725 | Jacobsen v. Bunker, 699 P.2d 1208, 1209 (Utah 1985) | 2 | Legal effect of promissory notes is governed by the law of the jurisdiction where they are executed and delivered. | The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. | Are promissory notes governed by the law of the place where they are executed? |
| 16729 | Diemar & Kirk Co. v. Smart Styles, 261 N.C. 156, 159 (1964) | 8 | Drawer of check has right at any time prior to acceptance by bank, to stop payment of check. | The drawer of a check has the right, at any time prior to acceptance by the bank, to stop its payment. | Does a drawer of a check has a right to stop its payment? |
| 16731 | Esteban v. Cent. Missouri State Coll., 415 F.2d 1077, 1088 (8th Cir. 1969) | 10 | School has latitude and discretion in its formulation of rules and regulations and of general standards of conduct. | We further agree that a school has latitude and discretion in its formulation of rules and regulations and of general standards of conduct. | What discretion does a school have in its formulation of standards of conduct? |
| 16732 | Florence Cty. Sch. Dist. Four v. Carter By & Through Carter, 510 U.S. 7, 13–14 (1993) | 3 | IDEA was intended to ensure that children with disabilities receive education that is both appropriate and free. Individuals with Disabilities Education Act, S 602(a)(18), as amended, 20 U.S.C.A. S 1401(a)(18). | Moreover, IDEA was intended to ensure that children with disabilities receive an education that is both appropriate and free. | What ensures appropriate education to children with disabilities? |
| 16738 | Florida-Georgia Chem. Co. v. Nat'l Labs., 153 So. 2d 752, 754 (Fla. Dist. Ct. App. 1963) | 6 | Revocation of agency becomes operative as to agent from time he has actual notice thereof, but notice to third parties will not effect revocation as to agent. | Such revocation, as far as the agent is concerned, becomes operative from the time he has actual notice thereof, but notice to third parties will not effect a revocation as to the agent. | When is revocation effective or operative? |
| 16740 | Michigan Employment Sec. Comm'n v. Patt, 4 Mich. App. 228, 233 (1966) | 3 | Essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | 68: '* * * the essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority'.' | What is the essential character of a tax? |

| 16742 | Weaver v. Prince George's Cnty., 281 Md. 349, 357, 379 A.2d 399, 403 (1977) | 6 | "Property tax" is a charge on the owner of property by reason of his ownership alone without regard to any use that might be made of it. | The consensus of opinion appears to be that a property tax is a charge on the owner of property by reason of his ownership alone without regard to any use that might be made of it, Bromley v. McCaughn, 280 U.S. 124, 136, 50 S.Ct. 46, 74 L.Ed. 226 (1929); Dawson v. Kentucky Distilleries Co., 255 U.S. 288, 294, 41 S.Ct. 272, 65 L.Ed. 638 (1921); Flint v. Stone Tracy Co., 220 U.S. 107, 152, 31 S.Ct. 342, 55 L.Ed. 389 (1911); Herman v. M. & C.C. of Baltimore, 189 Md. at 197, 55 A.2d 491; a tax on the mere right to own or hold property is a property tax. Flynn v. City & County of San Francisco, 18 Cal.2d 210, 115 P.2d 3, 6 (1941). | What is property tax? |
| 16744 | Reyes v. Arco Wentworth Mgmt. Corp., 83 A.D.3d 47, 54, 919 N.Y.S.2d 44, 50 (2011) | 7 | Absence of translator's affidavit, required of foreign language witnesses, renders a foreign language witness's English language affidavit facially defective and inadmissible. McKinney's CPLR 2101(b). | This Court has held that the absence of a translator's affidavit, required of foreign language witnesses, renders the witness's English affidavit facially defective and inadmissible (see Martinez v. 123–16 Liberty Ave. Realty Corp., 47 A.D.3d 901, 902, 850 N.Y.S.2d 201). | Should a translated affidavit be accompanied by an affidavit from the translator? |
| 16745 | Gorman v. Am. Honda Motor Co., 302 Mich. App. 113, 120 (2013) | 12 | An unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition. MCR 2.116(C)(10). | Defendants correctly argue that an unsworn, unsigned affidavit may not be considered by the trial court on a motion for summary disposition. | Can an unsigned affidavit be considered by the court? |
| 16751 | Barnes v. Chase Home Fin., 825 F. Supp. 2d 1057, 1060 (D. Or. 2011) | 3 | As a consumer-protection statute, TILA is liberally construed in favor of consumers and is strictly enforced against creditors. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | As a consumer-protection statute, TILA is liberally construed in favor of consumers and is strictly enforced against creditors. | Is TILA strictly enforced against creditors? |
| 16754 | Lattin v. Adams Cty., 149 Idaho 497, 502 (2010) | 15 | A public road may be acquired: (1) if the public uses the road for a period of five years, and (2) the road is worked and kept up at the expense of the public; the County must prove these elements by a preponderance of the evidence. West's I.C.A. S 40-202(3). | "[A] public road may be acquired: (1) if the public uses the road for a period of five years, and (2) the road is worked and kept up at the expense of the public." The County must prove these elements by a preponderance of the evidence. | How can a public road be acquired? |

| | | | | | |
|---|---|---|---|---|---|
| 16755 | HSBC USA v. Lugo, 127 A.D.3d 502, 503, 9 N.Y.S.3d 6, 7 (2015) | 1 | Defendant waived her right to seek dismissal of complaint as abandoned, where defendant did not object to plaintiff's treatment of her untimely answer as notice of appearance, and she thereafter sought documents from plaintiff. McKinney's CPLR 3215(c). | Defendant waived her right to seek dismissal of the complaint as abandoned pursuant to CPLR 3215(c), because she did not object to plaintiff's treatment of her untimely answer as a notice of appearance and because she thereafter sought documents from plaintiff (see Myers v. Slutsky, 139 A.D.2d 709, 527 N.Y.S.2d 464 [2d Dept.1988] ). | Can a defendant waive the right to seek a dismissal? |
| 16756 | Hope Lutheran Church v. Chellew, 460 N.E.2d 1244, 1247 (Ind. Ct. App. 1984) | 3 | Elements of actual agency relationship are manifestation of consent by principal, acquiescence by agent, and control exerted by principal. | In short, the elements of an actual agency relationship are three: manifestation of consent by the principal; acquiescence by the agent; and control exerted by the principal. | What are the elements of actual agency? |
| 16763 | Klinge v. Ithaca Coll., 167 Misc. 2d 458, 464, 634 N.Y.S.2d 1000, 1004 (Sup. Ct. 1995), aff'd as modified, 235 A.D.2d 724, 652 N.Y.S.2d 377 (1997) | 7 | Where a college has adopted a rule, the law requires substantial compliance. | Where a college has adopted a rule, the law requires substantial compliance (Tedeschi v. Wagner College, 49 N.Y.2d 652, 660, 427 N.Y.S.2d 760, 404 N.E.2d 1302). | "If a college adopts a rule, does the law require substantial compliance?" |
| 16764 | Sluder v. Steak & Ale of Little Rock, 368 Ark. 293, 299 (2006) | 4 | A dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. | Moreover, it is a well-settled rule of law that a dismissal with prejudice is as **119 conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial. | Is the dismissal of a claim with prejudice conclusive as to the rights of the parties on that claim? |
| 16769 | Ford Motor Co. v. Kentucky Unemployment Comp. Comm'n, 243 S.W.2d 657, 659 (Ky. 1951) | 2 | The powers of an agent must be specifically granted or necessarily inferred, and they cannot be created carte blanche. | The powers of an agent must be specific or necessarily inferred; they cannot be created carte blanche. | Can the powers of an agent be created carte blanche? |
| 16770 | People ex rel. Curren v. Schommer, 392 Ill. 17, 22 (1945) | 2 | A "tax" is a mode of raising revenue for public needs for a public purpose. | The essential meaning of a tax is that it is a mode of raising revenue for the public needs for a public purpose. | Is tax a mode of raising revenue for the public needs for a public purpose? |
| 16774 | DRFP L.L.C. v. Rep??blica Bolivariana de Venezuela, 151 F. Supp. 3d 809, 829 (S.D. Ohio 2015) | 36 | While Ohio courts have long espoused that the point of estoppel is to prevent fraud, estoppel is not actionable fraud and is not treated like actionable fraud; there is usually no need for scienter, an intent to deceive, in estoppel cases. | While Ohio courts have long espoused that the point of estoppel is to prevent fraud, "estoppel is not actionable fraud and is not treated like actionable fraud. There is usually no need for scienter, an intent to deceive, in estoppel cases, for example." | Is estoppel not actionable fraud? |
| 16776 | Pantoja-Cahue v. Ford Motor Credit Co., 375 Ill. App. 3d 49, 52 (2007) | 1 | A motion to dismiss is based on the pleadings rather than the underlying facts. S.H.A. 735 ILCS 5/2-615. | A motion to dismiss filed pursuant to section 2–615 is based on the pleadings rather than the underlying facts. | Is a motion to dismiss based on the insufficiency in the pleading rather than on the underlying facts? |
| 16777 | City of Dallas, Tex. v. F.C.C., 118 F.3d 393, 397 (5th Cir. 1997) | 6 | Franchise fees are not a tax, but essentially a form of rent, the price paid to rent use of public right-of-ways. | Franchise fees are not a tax, however, but essentially a form of rent: the price paid to rent use of public right- of-ways. | Are franchise fees a tax? |

| 16785 | Spence v. Spence, 368 S.C. 106, 128 (2006) | 28 | Dismissal of a complaint "with prejudice" is intended to bar relitigation of the same claim. | In contrast, dismissal of a complaint "with prejudice" is intended to bar relitigation of the same claim. | "Is a dismissal of a complaint ""with prejudice"" intended to bar relitigation of the same claim?" |
|---|---|---|---|---|---|
| 16790 | McCullough v. Stepp, 91 Ga. App. 103, 104 (1954) | 3 | An indorsement in blank specifies no indorsee, and an instrument indorsed in blank is payable to bearer and may be negotiated by delivery. Code, S 14-405. | An indorsement in blank specifies no indorsee, and an instrument indorsed in blank is payable to bearer and may be negotiated by delivery. Code, 14-405. | Does indorsement in blank specifies any indorsee? |
| 16791 | In re Mason's Est., 194 Misc. 308, 310, 86 N.Y.S.2d 232, 233 (Sur. 1948) | 4 | Rule that validity of a contract is governed by law of place where contract is made is applicable to a check. | The rule that the validity of a contract is governed by the law of the place where the contract is made is applicable to a check. | Is the validity of a contract governed by the place where the contract was made? |
| 16792 | Vacuum Sys., Inc. v. Bridge Const. Co., 632 A.2d 442, 444 (Me. 1993) | 3 | Estoppel is a doctrine that should be carefully and sparingly applied and requires clear and satisfactory proof. | Estoppel, however, is a doctrine that should be "carefully and sparingly applied." Milliken v. Buswell, 313 A.2d 111, 119 (Me.1973). It requires "clear and satisfactory proof." | Does estoppel require clear and satisfactory proof? |
| 16793 | Campbell v. First Baptist Church of City of Durham, 51 N.C. App. 393, 395, 276 S.E.2d 712, 714 (1981) | 2 | In an "exchange" of property, specific property is given in consideration of property other than money, although one of the parties may pay a sum of money in addition to the property. | In an exchange, specific property is given in consideration of property other than money, although one of the parties may pay a sum of money in addition to the property. | What constitutes an exchange? |
| 16795 | Fairfield Mountain Prop. Owners Ass'n v. Doolittle, 149 N.C. App. 486, 487 (N.C. App. 2002) | 2 | A dismissal for failure to join a necessary party is not a dismissal on the merits and may not be with prejudice. Rules Civ.Proc., Rule 12(b)(7), West's N.C.G.S.A. S 1A-1. | A "dismissal for failure to join a necessary party is not a dismissal on the merits and may not be with prejudice." | Is a dismissal for failure to join indispensable party not an adjudication on the merits and cannot be granted with prejudice? |
| 16798 | Rice v. Crow, 81 Cal. App. 4th 725, 733, 97 Cal. Rptr. 2d 110, 116 (2000) | 2 | Dismissal with prejudice is the modern name for a common law retraxit. | A dismissal with prejudice is the modern name for a common law retraxit. | Is Dismissal with prejudice is the modern name for a common law retraxit? |
| 16800 | Jose v. Indiana Nat. Bank of Indianapolis, 139 Ind. App. 272, 276 (1966) | 6 | The practical effect of a judgment by way of a motion to dismiss and by a motion for summary judgment are the same and they both result in a final determination of controversy at trial level so that the party who is adversely affected has a right to appeal. Burns' Ann.St. SS 2-1007, 2-1011, 2-2524. | The practical effect of a judgment by way of a motion to dismiss, and by a motion for summary judgment are the same. They both result in a final determination of the controversy at the trial level, and if the party who is adversely affected at that level wishes to pursue the matter, he has the right to appeal. | Are the practical effects of a judgment by way of a motion to dismiss and by a motion for summary judgment the same? |
| 16801 | Hehr v. Swendseid, 243 Cal. App. 2d 142, 151, 52 Cal. Rptr. 107, 113 (Ct. App. 1966) | 8 | Dismissal obtained "without prejudice" will nevertheless be "with prejudice" if obtained in contravention of statute. West's Ann.Code Civ.Proc. S 581. | Concisely, a dismissal obtained 'without prejudice' will nevertheless be 'with prejudice' if obtained in contravention of the statute. | "Will a dismissal obtained ""without prejudice"" nevertheless be ""with prejudice"" if obtained in contravention of statute?" |

| 16803 | CTL/Thompson Texas v. Starwood Homeowner's Ass'n, 461 S.W.3d 627, 630 (Tex. App. 2015) | 4 | A dismissal with prejudice operates as res judicata to bar the dismissed claims; but a dismissal without prejudice means that the same claims may be refiled in an entirely new cause. | That is, a dismissal with prejudice operates as res judicata to bar the dismissed claims. See, e.g., Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 865-66 (Tex.2010).But a dismissal without prejudice means that the same claims may be refiled in an entirely new cause. | Does a dismissal with prejudice operate as res judicata to bar the dismissed claims? |
| 16804 | Metro. Transit Auth. v. Ry. Exp. Agency, 323 Mass. 707, 709 (1949) | 5 | A discontinuance is not a bar to the maintenance of a subsequent action brought for the same cause. | As a discontinuance it was not a bar to the maintenance of a subsequent action brought for the same cause. | Is discontinuance a bar to the maintenance of a subsequent action brought for the same cause? |
| 16805 | Nordstrom Credit v. Dep't of Revenue, 120 Wash. 2d 935, 941 (1993) | 7 | Agency requires that both parties consent to relationship and that principal exercise control over agent. | Agency requires that both parties consent to the relationship and that the principal exercise control over the agent. | Does an agency require both parties consenting to the relationship? |
| 16809 | Basile v. H & R Block, 563 Pa. 359, 367, 761 A.2d 1115, 1120 (2000) | 6 | Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary. | "[A]gency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary." | Can agency be a result of an agreement for the creation of a fiduciary relationship? |
| 16810 | Przekopski v. Przekop, 124 Conn. App. 238, 244 (2010) | 4 | "Agency" is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. | "Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.... The one for whom action is to be taken is the principal.... | Who is a principal? |
| 16812 | In re NetBank, 459 B.R. 801, 816 (M.D. Fla. 2010) | 6 | Essential characteristic of agency relationship is that agent acts subject to principal's direction and control. | An essential characteristic of an agency relationship is that the agent acts subject to the principal's direction and control. | What is the essential characteristic of an agency relationship? |
| 16819 | Handy v. Anchor Mortg. Corp., 464 F.3d 760, 764 (7th Cir. 2006) | 3 | The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | "The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer." | Is the sufficiency of TILA-mandated disclosures determined from the standpoint of the ordinary consumer? |
| 16826 | Ankeny v. Lockheed Missiles & Space Co., 88 Cal. App. 3d 531, 537, 151 Cal. Rptr. 828, 832 (Ct. App. 1979) | 5 | Pleading must allege facts and not conclusions and material facts must be alleged directly and not by way of recital. | It is settled law that a pleading must allege facts and not conclusions, and that material facts must be alleged directly and not by way of recital. | Should material facts be alleged by way of recital? |
| 16827 | Cuthburtson v. Harry C. Harter Post No. 839 of the V.F.W., 245 Iowa 922, 929, 65 N.W.2d 83, 88 (1954) | 8 | The issues of a law suit should be presented in an open and forthright manner, and there is no justification for a pleading by innuendo. | The issues of a law suit should be presented in an open and forthright manner. There is no justification for a pleading by innuendo in our procedure. | Should the issues of a law suit be presented in an open and forthright manner? |
| 16831 | Dir. of Ins. ex rel. State v. A & A Midwest Rebuilders, 383 Ill. App. 3d 721, 726, 891 N.E.2d 500, 505 (2008) | 8 | Federal law draws a distinction between dismissing an action and dismissing a complaint; the former is a final judgment but not the latter. | Federal law draws a distinction between dismissing an action and dismissing a complaint. See Paganis v. Blonstein, 3 F.3d 1067, 1070 (7th Cir.1993).The former is a final judgment but not the latter. | Does federal law draw a distinction between dismissing an action and dismissing a complaint? |

| | | | | | |
|---|---|---|---|---|---|
| 16832 | Mobil Oil Corp. v. Bransford, 648 So. 2d 119, 121 (Fla. 1995) | 4 | Dismissal of any claim against apparent agent also requires dismissal of same claim against apparent principal. | We merely note for the instruction of the courts below that the dismissal of any claim against an apparent agent also requires dismissal of the same claim against the apparent principal. | Does dismissal of any claim against an apparent agent also require dismissal of a same claim against an apparent principal? |
| 16834 | Ortega v. Transamerica Ins. Co., 91 N.M. 31, 33 (1977) | 1 | Effect of a dismissal without prejudice is that it ordinarily imports further proceedings. | The effect of a dismissal without prejudice is that it ordinarily imports further proceedings. | Is an effect of a dismissal without prejudice that it ordinarily imports further proceedings? |
| 16838 | Arsand v. City of Franklin, 83 Wis. 2d 40, 48 (Wis. 1978) | 2 | An agent may or may not be a servant; if he is not a servant, his principal is not vicariously liable for his negligent physical conduct except under certain circumstances. | An agent may or may not be a servant; 5 and if he is not a servant, his principal is not vicariously liable for his negligent physical conduct except under certain circumstances. | Can an agent be a servant? |
| 16839 | California Real Est. Loans, Inc. v. Wallace, 18 Cal. App. 4th 1575, 1581, 23 Cal. Rptr. 2d 462, 466 (1993) | 5 | For purposes of liability to third parties for torts, real estate salesperson is agent of broker who employs him or her, and broker is liable as matter of law for all damages caused to third persons by tortious acts of salesperson which were committed within course and scope of salesperson's employment. | It is settled that for purposes of liability to third parties for torts, a real estate salesperson is the agent of the broker who employs him or her. The broker is liable as a matter of law for all damages caused to third persons by the tortious acts of the salesperson committed within the course and scope of employment | "Is a salesperson, the agent of the broker?" |
| 16845 | Lehndorff Geneva v. Warren, 74 Wis. 2d 369, 378 (1976) | 6 | Resident aliens enjoy the heightened judicial solicitude of a suspect class. | It is also beyond doubt that resident aliens enjoy the 'heightened judicial solicitude' of a suspect class. | Are resident aliens a class of people who are appropriate for heightened judicial solicitude? |
| 16851 | Veschi v. Nw. Lehigh Sch. Dist., 772 A.2d 469, 473 (Pa. Commw. Ct. 2001) | 5 | Parents have constitutionally protected right to decide where child goes to school. | The crux of the Veschis' argument, and one with which we agree, is that they have a constitutionally protected right to decide where Vincent goes to school under Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), and Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). | Do parents have a constitutional right to decide where their child attends school? |
| 16852 | Collett v. Collett, 217 S.W.2d 60, 63–64 (Tex. Civ. App. 1948) | 4 | There can be no estoppel in pais in absence of deception, which cannot exist when the party pleading estoppel has full knowledge of the truth of the matter. | There can be no estoppel in pais in the *64 absence of deception. There can be no deception when the party pleading the estoppel had full knowledge of the truth of the matter.' Shear Co. | Can there be no estoppel in pais in the absence of deception? |
| 16853 | Lone Mountain Prod. Co. v. Nat. Gas Pipeline Co. of Am., 710 F. Supp. 305, 311 (D. Utah 1989) | 22 | Because test for estoppel is objective in nature, party asserting estoppel must show that his reliance was reasonable under the circumstances. | Because the test for estoppel is objective in nature, the party asserting it must show that his reliance was reasonable under the circumstances. | Is the test of estoppel objective? |
| 16855 | State ex inf. Shartel, ex rel. City of Sikeston v. Missouri Utilities Co.,331 Mo. 337, 347 (1932) | 2 | Power to grant franchises resides in state, and city, in granting franchise, acts as state's agent. | The power to grant franchises resides in the state, and a city, in granting a franchise, acts as agent for the state. | Does the city act as agent of the state while granting franchises? |

| 16861 | Farmers Ins. Exch. v. Enter. Leasing Co., 281 Va. 612, 620, 708 S.E.2d 852, 857 (2011) | 12 | Self-insurance does not involve the transfer of a risk of loss, but rather a retention of that risk, making it the antithesis of insurance. | In fact, self-insurance does not involve the transfer of a risk of loss, but rather a retention of that risk, making it the "antithesis of insurance." | Does self-insurance involve risk of loss? |
|---|---|---|---|---|---|
| 16862 | Twin Hills Golf & Country Club v. Town of Forest Park, 2005 OK 71, ¶ 13, 123 P.3d 5, 8 (2005) | 8 | The state sales tax is an excise tax rather than a property tax or an income tax. 68 Okl.St.Ann. SS 1351, 1354. | The state sales tax is an excise tax rather than a property tax or an income tax. | Is the state sales tax an excise tax rather than a property tax or an income tax? |
| 16864 | Mr. B's v. City of Chicago, 302 Ill. App. 3d 930, 934 (1998) | 5 | A "sales tax" is commonly understood to be a tax on the sale of tangible personal property. | In contrast, a sales tax is commonly understood to be a tax on the sale of tangible personal property. | "Is a ""sales tax"" commonly understood to be a tax on the sale of tangible personal property?" |
| 16869 | Tenneco Inc. v. Enter. Prod. Co., 925 S.W.2d 640, 643 (Tex. 1996) | 3 | Party's express renunciation of a known right can establish waiver. | A party's express renunciation of a known right can establish waiver. | Can a party's express renunciation of a known right establish waiver? |
| 16876 | Sec. & Exch. Comm'n v. Variable Annuity Life Ins. Co. of Am., 359 U.S. 65, 73 (1959) | 8 | Underwriting of risk is the one earmark of insurance as it has commonly been conceived of in popular understanding and usage. | 14 *73 There **623 is no true underwriting of risks, 15 the one earmark of insurance as it has commonly been conceived of in popular understanding and usage. | Can the earmark of insurance be described as the underwriting of risks? |
| 16881 | William A. White & Sons v. Doelger, 232 N.Y.S.2d 1, 3 (Sup. Ct. 1962) | 5 | It is essential on application to vacate dismissal that affidavit of merits be submitted. | Further, it is essential on an application to vacate a dismissal to submit an affidavit of merits. | Is it essential on an application to vacate dismissal that an affidavit of merits be submitted? |
| 16882 | Gallucci v. Phillips & Jacobs, 418 Pa. Super. 306, 314 (1992) | 4 | Complaint should not be dismissed where there is a reasonable probability that amendment can be successfully completed. | Further, in Itri the court stated the well-settled rule of procedure that a complaint should not be dismissed where there is a reasonable probability that amendment can be successfully completed. | Should a complaint not be dismissed where there is a reasonable probability that amendment can be successfully completed? |
| 16888 | Rokowsky v. Gordon, 501 F. Supp. 1114, 1121 (D. Mass. 1980) | 7 | Demand note is payable at place of residence of maker, if no place of payment is named in the note. | A demand note is payable at the place of residence of the maker if no place of payment is named in the note. | Where is a demand note payable if no place of payment is named in the note? |
| 16890 | Hongkong & Shanghai Banking Corp. v. Lazard-Godchaux Co. of Am., 207 A.D. 174, 179, 201 N.Y.S. 771, 775 (App. Div. 1923), aff'd, 239 N.Y. 610, 147 N.E. 216 (1925) | 2 | The law of the place of payment as to days of grace on a foreign bill of exchange applies. | As to the days of grace, the law of the place of payment applies to a foreign bill of exchange, such as was drawn here. | Which law applies to the foreign bill of exchange? |
| 16891 | State v. York, 252 S.W.3d 245, 249 (Mo. Ct. App. 2008) | 4 | Double jeopardy does not attach when a defendant consents to termination of the proceeding. U.S.C.A. Const.Amend. 5. | Double jeopardy does not attach when a defendant consents to termination of the proceeding. | Does double jeopardy not attach when a defendant consents to termination of the proceeding? |

| 16892 | United States v. Johnson, 396 F.3d 902, 905–06 (7th Cir. 2005) | 4 | A specific dialogue with the judge is not a necessary prerequisite to a valid waiver by defendant if there is other evidence in the record demonstrating a knowing and voluntary waiver; thus, most waivers are effective when set out in writing and signed. | However, "a specific dialogue with the judge is not a necessary prerequisite to a valid waiver" if there is other evidence in the record demonstrating a knowing and voluntary waiver. See United States v. Agee, 83 F.3d 882, 886 (7th Cir.1996) (expressly rejecting argument that appeal waiver is valid only if accepted after colloquy with defendant). *906 Thus, "most waivers are effective when set out in writing and signed. | Are most waivers effective when set out in writing and signed? |
| 16895 | Gibbs v. Mayo, 162 N.C. App. 549, 566 (2004) | 14 | "Insurance" is a contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specified subject by specified perils. | "Insurance is '[a] contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specified subject by specified perils.' " | What is insurance? |
| 16896 | Walsh v. Ellingson Agency, 188 Mont. 367, 372, 613 P.2d 1381, 1384 (1980) | 1 | Partnership may be created for purchase and sale of real estate for a profit. | It is well established that a partnership may be created for the purchase and sale of real estate for a profit. | Can a partnership be created for the purchase and sale of real estate? |
| 16897 | Albright v. Hughes, 107 Ind. App. 651, 26 N.E.2d 576, 579 (1940) | 2 | A "particular partnership" is one where the parties have united to share benefits of a single individual transaction or enterprise, and particular partnership agreements are not lacking in mutuality or void for want of consideration. | Such a partnership is defined as "one where the parties have united to share the benefits of a single individual transaction or enterprise." Gilmer v. Graham, Tex.Com.App., 1932, 52 S.W.2d 263, 266. Such contracts are not lacking in mutuality nor void for want of consideration. | What is a particular partnership? |
| 16899 | Eagle Signal Corp. v. Wittig, 766 S.W.2d 390, 392 (Tex. App. 1989) | 2 | If a trial court reinstates a case when it has no authority to do so, order of reinstatement is void. | If a trial court reinstates a case when it has no authority to do so, the order of reinstatement is void. | "If a trial court reinstates a case when it has no authority to do so, is an order of reinstatement void?" |
| 16901 | Rozner v. Korshak, 55 Ill. 2d 430, 432–33 (1973) | 1 | Power to regulate and power to tax are distinct powers, but each may be exercised by the imposition of a license fee. | The power to regulate and the power to tax are distinct powers, but each may be exercised by the *433 imposition of a license fee. | Can a tax be exercised by the imposition of a license fee? |
| 16903 | S. S. Kresge Co. v. Bowers, 2 Ohio St. 2d 113, 116 (1965) | 4 | Power and right to tax, for any reason, rest with government and give rise to power and right to collect and police the tax. | It is elementary that the power and right to tax, for any reason, rest with the government, whether that government be federal, state, or municipal in character. The power and right to tax give rise to the power and right to collect and police that tax. | Does the power to tax rest with the government? |
| 16904 | Anderson v. City of Joplin, 646 S.W.2d 727, 728, (Mo., 1983) | 3 | "Sales tax" is assessed against taxpayer as percentage of price of goods. | On the other hand, a sales tax is assessed against the taxpayer as a percentage of the price of the goods. | "Is the ""sales tax"" assessed against taxpayer as percentage of price of goods?" |

| 16909 | John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506, 511, 129 A.2d 815, 819 (1957) | 3 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | It seems generally to be conceded that the proper law governing a bill or note is the law which the parties to the instrument intended to govern. Accordingly, if the bill or note contains express provisions that it shall be governed by the laws of a particular state, those laws govern. | Is the law which the parties to the instrument intended the proper law governing a bill or not |
| 16910 | John Hancock Mut. Life Ins. Co. v. Fid.-Baltimore Nat. Bank & Tr. Co., 212 Md. 506, 511, 129 A.2d 815, 819 (1957) | 3 | Generally, law governing a bill or note is the law which the parties to the instrument intend to govern, and, therefore, if bill or note contains express provision that it shall be governed by laws of a particular state, such laws will govern. | It seems generally to be conceded that the proper law governing a bill or note is the law which the parties to the instrument intended to govern. Accordingly, if the bill or note contains express provisions that it shall be governed by the laws of a particular state, those laws govern. | Is the law that the parties intend to govern the proper law governing a bill or note? |
| 16911 | Seymour v. Principi, 245 F.3d 1377, 1379, (C.A.Fed., 2001) | 3 | Under statutory scheme for veterans' benefits, disability compensation is generally payable only to veterans, while death benefits are payable to survivors. | In our previous decisions holding that disability claims do not survive a veteran's death, we explained that under chapter 11's statutory scheme, disability compensation is generally payable only to veterans, while death benefits are payable to survivors. | Is Veterans Affairs disability Compensation payable only to veterans? |
| 16914 | State ex rel. Core v. Merrifield, 202 W. Va. 100, 109 (1998) | 9 | A circuit judge can prevent a deputy clerk from being transferred from his courtroom. Const. Art. 8, S 3. | This means of course, and Rutledge makes crystal clear, that a circuit judge can prevent a deputy clerk from being transferred from his courtroom. | Can a circuit judge prevent a deputy clerk from being transferred from his courtroom? |
| 16920 | People v. Reese, 491 Mich. 127, 144 (2012) | 9 | Elements of voluntary manslaughter are included in murder, with murder possessing the single additional element of malice. | Accordingly, Mendoza concluded that "the elements of voluntary manslaughter are included in murder, with murder possessing the single additional element of malice." | Are the elements of voluntary manslaughter included in murder? |
| 16921 | In re Simasko Prod. Co., 52 B.R. 676, 678 (Bkrtcy.D.Colo., 1985) | 1 | "Production payments" are interests in real property which are carved out of lessee's interest; production payments are identical to overriding royalties, except that production payment is limited in amount to stated volume of production or until specified sum has been realized from production. | Production payments, like overriding royalties are interests in real property which are carved out of the lessee's interest. Id. Davis v. Lewis, 187 Okl. 91, 100 P.2d 994 (1940). In fact, production payments are identical to overriding royalties, except that a production payment is limited in amount to a stated volume of production or until a specified sum has been realized from production. | Is an overriding royalty an interest in real property? |
| 16925 | Binyon v. State of California, 17 Cal. App. 4th 952, 955, 21 Cal. Rptr. 2d 673, 675 (1993) | 3 | Trial courts have inherent authority to dismiss for delay in prosecution. | It is well settled that the trial courts have the inherent authority to dismiss for delay in prosecution. | Do trial courts have inherent authority to dismiss for delay in prosecution? |

| 16926 | In re Ryan D., 100 Cal. App. 4th 854, 861, 123 Cal. Rptr. 2d 193, 198 (2002) | 8 | Criminal-threat statute was not enacted to punish emotional outbursts; it targets only those who try to instill fear in others. West's Ann.Cal.Penal Code S 422. | Nevertheless, we emphasize that the statute "was not enacted to punish emotional outbursts, it targets only those who try to instill fear in others." | What was the criminal-threat statute not enacted to punish? |
| 16928 | Prince v. Baton Rouge Gen. Hosp., 449 So. 2d 90, 91, (La.App. 1 Cir., 1984) | 1 | An employer-employee relationship must exist before provisions of Workers' Compensation Law apply. LSA-R.S. 23:1021 et seq. | An employer-employee relationship must exist before the provisions of the workers' compensation law apply. LSA- R.S. 23:1021 et seq. | What must exist for workers compensation to apply? |
| 16931 | Thomas v. Eighth Judicial District Court in and for Cnty. of Clark, 402 P.3d 619, 624, 133 Nev. 468, 471–72 (Nev., 2017) | 8 | Generally, a state may not put a defendant in jeopardy twice for the same offense. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | Generally, a state may not put a defendant in jeopardy twice for the same offense. U.S. Const. amend. V; Nev. Const. art. 1, 8. | Can a state put a defendant in jeopardy twice for the same offense? |
| 16932 | El Marocco Club v. Richardson, 746 A.2d 1228, 1234, (R.I., 2000) | 7 | The key element of an estoppel is intentionally induced prejudicial reliance. | Moreover, "[t]he key element of an estoppel is intentionally induced prejudicial reliance." | Is the key element of an estoppel intentionally induced prejudicial reliance? |
| 16935 | Moore v. Drennan, 269 Or. 189, 193, (Or., 1974) | 4 | A statement of fact in a party's pleadings is an admission that the fact exists as stated. | A statement of fact in a party's pleading is an admission that the fact exists as stated. | Is a statement of fact in a party's pleading an admission that the fact exists as stated? |
| 16936 | Meyer v. Frakes, 884 N.W.2d 131, 141 (Neb., 2016) | 16 | A primary purpose of the Double Jeopardy Clause is to preserve the finality of judgments. U.S. Const. Amend. 14. | A "primary purpose" of the Double Jeopardy Clause is "to preserve the finality of judgments." | Is the primary purpose of double jeopardy to preserve the finality of judgements? |
| 16940 | State v. Dorman, 225 N.C. App. 599, 618 (2013) | 2 | Under both the federal and state constitutions, jeopardy does not attach until, among other things, a jury is impaneled and sworn. U.S.C.A. Const.Amend. 5; West's N.C.G.S.A. Const. Art. 1, S 19. | Under both the federal and North Carolina constitutions, jeopardy does not attach until, among other things, a "jury is impaneled and sworn." | When is a jeopardy attached under the federal and state constitutions? |
| 16942 | State v. Swafford, 206 W. Va. 390, 394 (1999) | 6 | Double jeopardy can be implicated where the jury is discharged before it has arrived at a verdict. U.S.C.A. Const.Amend. 5; Const. Art. 3, S 5. | Double jeopardy can also be implicated where the jury is discharged before it has arrived at a verdict. | Can double jeopardy be implicated where the jury is discharged before it has arrived at a verdict? |
| 16943 | Sivri v. Strange, 338 F. Supp. 2d 357, 360 (D. Conn. 2004) | 1 | Acquittal terminates jeopardy for double jeopardy purposes, but reversal of a conviction does not. U.S.C.A. Const.Amend. 5. | Acquittal terminates jeopardy for double jeopardy purposes, reversal of a conviction does not. | "Does acquittal terminates jeopardy for double jeopardy purposes, but reversal of a conviction does not?" |
| 16944 | State v. Miles, 160 A.3d 23, 29, (N.J., 2017) | 4 | The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. U.S. Const. Amend. 5; N.J. Const. art. 1, par. 11. | The Double Jeopardy Clause contains three protections for defendants. It protects against (1) "a second prosecution for the same offense after acquittal," (2)"a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." | What protection does double jeopardy provide under the law? |
| 16946 | State v. Nappo, 185 N.J. Super. 600, 603 (1982) | 1 | Dismissal unrelated to guilt or innocence is functional equivalent of a mistrial. | A dismissal, as here, unrelated to guilt or innocence, is the functional equivalent of a mistrial. | Is a dismissal unrelated to guilt or innocence a functional equivalent of a mistrial? |

| 16947 | Losey v. Frank, 268 F. Supp. 2d 1066, 1071, (E.D.Wis., 2003) | 4 | Under double jeopardy principles, an unreversed verdict results in finality, and thus, acquittals are an absolute bar to appeal or to a new trial, and unreversed convictions are an absolute bar to a new trial. U.S.C.A. Const.Amend. 5. | Under double jeopardy principles, an unreversed verdict results in finality. Thus, acquittals are an absolute bar to appeal or to a new trial, and unreversed convictions are an absolute bar to a new trial. | "Under double jeopardy principles, does an unreversed verdict result in finality?" |
| --- | --- | --- | --- | --- | --- |
| 16949 | People v. Davidson, 159 Cal. App. 4th 205, 212 (2008) | 15 | No plea of double jeopardy can properly be made where the defendant is tried only once. U.S.C.A. Const.Amend.5; West's Ann.Cal. Const. Art. 1, S 15. | Furthermore, " 'no plea of double jeopardy can properly be made where the defendant is tried but once.' " | Can a plea of double jeopardy be properly made where the defendant is tried only once? |
| 16950 | McGraw v. State, 688 So. 2d 764, 767 (Miss. 1997) | 2 | Double jeopardy right attaches when jury is sworn and empaneled to hear case. U.S.C.A. Const.Amend. 5; Const. Art. 3, S 22. | [2] [3] A double jeopardy right "attaches" when the jury is sworn and empaneled to hear the case. | Does a double jeopardy attach when the jury is sworn? |
| 16951 | People v. Haller, 174 Cal. App. 4th 1080, 1089 (2009) | 6 | The double jeopardy clause prohibits successive punishment for the same offense; the policy of the clause therefore circumscribes the relevance of recidivism. U.S.C.A. Const.Amend. 5. | The double jeopardy clause prohibits successive punishment for the same offense. The policy of the clause therefore circumscribes the relevance of recidivism. [Citations.] | Does the double jeopardy clause prohibit successive punishment for the same offense? |
| 16952 | State v. Mosley, 16 So.3d 398, 404 (La.App. 5 Cir.,2009) | 5 | Double jeopardy principles are inapplicable to sentence enhancement proceedings. U.S.C.A. Const.Amend. 5. | Double jeopardy principles are inapplicable to sentence enhancement proceedings. | Are double jeopardy principles inapplicable to sentence enhancement proceedings? |
| 16953 | State v. Benn, 161 Wash. 2d 256, 261 (2007) | 2 | Double jeopardy clauses prohibit the State from prosecuting a defendant for the same offense after acquittal. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | The double jeopardy clauses prohibit the State from prosecuting a defendant for the same offense after acquittal. | Does an acquittal of an offense terminates jeopardy and prohibits the State from trying the defendant a second time for the same offense? |
| 16954 | State v. Prop. Located at No. 70 Oakland St., 98-929 (La. App. 5 Cir. 1/26/99), 727 So. 2d 1240, 1245 | 10 | Civil forfeiture of interest in property does not constitute double jeopardy. U.S.C.A. Const.Amend. 5. | Therefore, the civil forfeiture of Whalen's interest in the property does not constitute double jeopardy. | Does civil forfeiture of interest in property not constitute double jeopardy? |
| 16955 | Appeal of News Pub. Co., 12 Kan. App. 2d 328, 332, (Kan.App., 1987) | 3 | Entire matter of taxation is legislative and does not exist apart from statute; legislature is empowered to provide means and agencies for carrying out its responsibilities in matter of taxation. | The entire matter of taxation is legislative and does not exist apart from statute. The legislature is empowered to provide the means and agencies for carrying out its responsibilities in matters of taxation. | The entire matter of taxation is legislative and does not exist apart from statute. |
| 16956 | Great Lakes Gas Transmission Co. v. State Treasurer, 140 Mich. App. 635, 645 (1985) | 3 | Taxing authority may not be exercised unless expressly conferred by legislature. | Inasmuch as taxing authority may not be exercised unless expressly conferred by the Legislature, Borden, Inc. | Can the taxing authority be exercised without being expressly conferred by legislature? |
| 16957 | Welch v. Town of Ludlow, 136 Vt. 83, 87, 385 A.2d 1105, 1108 (1978) | 4 | Legislature, having the power to tax, can confer that power upon towns in such a manner as it pleases; state has ultimate control over methods used for local taxation. 32 V.S.A. S 3431; S 3408, Laws 1965, No. 178. | The Legislature, having the power to tax, can confer that power upon the towns in such measure as it pleases. Caverly-Gould Co. v. Village of Springfield, 83 Vt. 396, 403, 76 A. 39, 42 (1910). Clearly the State has ultimate control over the methods used for local taxation. | Do states have ultimate control over methods used for local taxation? |

| 16958 | Eckerd Corp. v. J & S, 647 F. Supp. 2d 388, 393, (D.N.J., 2009) | 1 | Assignability of rights may be limited by operation of law or by public policy. | The assignability of rights may be limited by operation of law or by public policy. | Does the operation of law or public policy limit the assignability of rights? |
|---|---|---|---|---|---|
| 16959 | Patrick v. Burget, 486 U.S. 94, 99-100, (U.S.Or., 1988) | 2 | Sherman Act was not intended to restrain state action or official action directed by state. Sherman Anti-Trust Act, S 1 et seq., 15 U.S.C.A. S 1 et seq. | The Sherman Act, the Court held, was not intended "to restrain state action or official action directed by a state." | Can the Sherman Act restrain an official action by the state? |
| 16960 | Benavidez v. United States, 177 F.3d 927, 931, (C.A.10 (N.M.), 1999) | 5 | Mere allegation of negligence does not turn an intentional tort into negligent conduct. | Of course, a mere allegation of negligence does not turn an intentional tort into negligent conduct. | Can a mere allegation of negligence turn an intentional tort into negligent conduct? |
| 16961 | Weigle v. Pifer, 139 F. Supp. 3d 760, 780 (S.D.W. Va. 2015) | 19 | A mere allegation of negligence does not turn an intentional tort into negligent conduct. | However, "a mere allegation of negligence does not turn an intentional tort into negligent conduct." | Can a mere allegation of negligence turn an intentional tort into negligent conduct? |
| 16962 | Cook v. Winfrey, 975 F.Supp. 1045, 1049 (N.D.Ill.,1997) | 2 | Under Illinois conflicts law, when multi-state defamation case arises, applicable law is that of victim's domicile. | Under Illinois conflicts law, when a multi-state defamation case arises, the applicable law is that of the victim's domicile. | What is the law applicable to multi state defamation cases? |
| 16967 | Monster Content v. HOMES.COM, 331 B.R. 438, 443 (N.D.Cal., 2005) | 8 | Actual knowledge of a bankruptcy proceeding does not supplant the requirement of formal notice for a known creditor. U.S.C.A. Const.Amend. 5; 11 U.S.C.A. S 1141(d). | Ninth Circuit law, however, rejects the proposition that actual knowledge of a bankruptcy proceeding supplants the requirement of formal notice for a known creditor. | Will actual knowledge supplant a formal statutory notification? |
| 16968 | Pomeroy v. Sam Thorpe Min. Co., 37 Ariz. 541, 553-554 (1931) | 12 | Notice of unrecorded instrument is equivalent to recording of it, with respect to person having such notice. | * * * It is an elementary rule in the construction of recording laws that notice of an unrecorded instrument is equivalent to the recording of it, with respect to the person having such notice.' | "Is a notice of unrecorded instrument equivalent to the recording of it, with respect to person having such notice?" |
| 16971 | Kubel v. San Marco Floor & Wall, 967 So. 2d 1063, 1064 (Fla.App. 2 Dist., 2007) | 2 | Circuit court has the inherent authority to dismiss a complaint for fraud. | While a circuit court has the inherent authority to dismiss a complaint for fraud… | Does a circuit court have the inherent authority to dismiss a complaint for fraud? |
| 16976 | United States v. Sum of $70,990,605, 991 F. Supp. 2d 154, 168, (D.D.C., 2013) | 29 | Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, the act of state doctrine is inapplicable if the foreign act of state does not need to be invalidated. | 6 Even if this court's factual findings must necessarily "cast doubt upon the validity of the foreign sovereign's acts," the act of state doctrine is inapplicable if the foreign act of state does not need to be invalidated | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" |
| 16981 | City of Norfolk v. Norfolk Cty., 194 Va. 716, 720, (Va., 1953) | 1 | In absence of statute or rule of court, matter of dismissing an action, or of taking a nonsuit, is controlled by common law. | In the absence of statute or rule of court, the matter of dismissing an action, or of taking a nonsuit, is controlled by the common law. | Does the right of a plaintiff to take a voluntary nonsuit come from common law? |
| 16982 | Stein v. Dowling, 867 F. Supp. 2d 1087, 1096, (S.D.Cal., 2012) | 12 | Members of military are not excluded from protection granted by First Amendment. U.S.C.A. Const.Amend. 1. | As a result, "members of the military are not excluded from the protection granted by the First Amendment." | Are military members excluded from the protection granted by the First Amendment? |

| | | | | | |
|---|---|---|---|---|---|
| 16985 | Fireman's Fund Ins. Co. v. Whirlpool Corp., No. B145197, 2002 WL 228208, at *11 (Cal. Ct. App. Feb. 15, 2002) | 8 | Unlike other discovery sanctions, an award of expenses for failure to respond to request for admission is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. West's Ann.Code Civ.Proc. S 2033(o). | Unlike other discovery sanctions, an award of expenses under section 2033, subdivision (o) is not a penalty. (Ibid.) Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. | "Is an award of expenses for failure to respond to request for admission, a penalty?" |
| 16986 | McKissick v. Jackson, 15 Kan. App. 2d 508, 509 (Kan.App., 1991) | 4 | Awarding expenses in preparing for trial is a reasonable condition for continuance. | Awarding expenses in preparing for trial is a reasonable condition for a continuance. | Is awarding expenses in preparing for trial a reasonable condition for continuance? |
| 16990 | In re WRT Energy Corp., 202 B.R. 579, 581 (Bkrtcy.W.D.La., 1996) | 1 | Under Louisiana law, oil and gas are not owned by the landowner or any other person until reduced to possession. | It is thus hornbook law that, in Louisiana, oil and gas are not owned by the landowner, or any other person, until reduced to possession. | Are oil and gas not owned until reduced to possession? |
| 16992 | Morgan Guar. Tr. Co. of New York v. Staats, 428 Pa. Super. 479, 488 (Pa.Super., 1993) | 7 | Every holder of negotiable instrument is deemed prima facie holder in due course. | Every holder of a negotiable instrument is deemed, prima facie, a "holder in due course." | Is a holder of a negotiable instrument is a holder in due course? |
| 16993 | Stottlemyer v. Crampton, 235 Md. 138, 142 (1964) | 2 | Under right to use public roads, person may use highway for purpose of leading or driving cattle. Code 1957, art. 66C, S 467. | "Under this right [to use public roads], a person may use the highway for the purpose of leading or driving cattle". 40 **646 C.J.S. Highways 233, p. | Can cattles be driven in public highways? |
| 16994 | Univ. State Bank v. Gifford-Hill Concrete Corp., 431 S.W.2d 561, 574 (Tex. Civ. App. 1968), writ refused NRE (Nov. 20, 1968) | 23 | Although theories of recovery on contract and on quantum meruit bases are inconsistent, they may be plead alternatively. Rules of Civil Procedure, rules 47, 48. | Although the two theories of recovery are inconsistent, they may be plead alternatively under the provisions of Rules 47 and 48, Texas Rules of Civil Procedure, as the Trustee did in this case. | Can inconsistent theories of recovery be pled in the alternative? |
| 16996 | Ford Motor Co. v. Kentucky Unemployment Comp. Comm'n, 243 S.W.2d 657, 659, (Ky. 1951) | 2 | The powers of an agent must be specifically granted or necessarily inferred, and they cannot be created carte blanche. | The powers of an agent must be specific or necessarily inferred; they cannot be created carte blanche. | Should the powers of an agent be specific or necessarily inferred? |
| 16999 | Johnson v. State, 529 S.W.3d 36, 40, (Mo.App. W.D., 2017) | 6 | Double jeopardy clause does not bar retrial if defendant requests, or consents to, a mistrial. U.S. Const. Amend. 5. | As York recognizes, it is well established in that context that "[t]he double jeopardy clause does not bar retrial if the defendant requests, or consents to, the mistrial." State v. | "After a mistrial not requested by defendant, but not objected to by him or her, do state and federal double jeopardy clauses not bar a second trial?" |
| 17001 | Mississippi Cty. v. City of Osceola, 515 S.W.3d 96, 99, (Ark., 2017) | 1 | An "illegal exaction" is a tax that is either not authorized by law or is contrary to law. | An illegal exaction is a tax that is either not authorized by law or is contrary to law. | Is illegal exaction a tax that is either not authorized by law or is contrary to law? |
| 17002 | Anadarko Petroleum Corp. v. Thompson, 94 S.W.3d 550, 554, (Tex., 2002) | 10 | Lease's habendum clause defines the mineral estate's duration. | A lease's habendum clause defines the mineral estate's duration. | Does a lease's habendum clause define the mineral estate's duration? |
| 17005 | Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564, 572, (Colo., 2009) | 15 | A unilateral resumption of prosecution should not insulate a plaintiff from dismissal for lack of prosecution. | A "unilateral resumption of prosecution should not insulate a plaintiff from dismissal for lack of prosecution. | Should a unilateral resumption of prosecution not insulate a plaintiff from dismissal for lack of prosecution? |

| | | | | |
|---|---|---|---|---|
| 17007 | Ralph v. State Dept. of Natural Resources, 286 P.3d 992, 993–94, 171 Wash.App. 262, 266 (Wash.App. Div. 1, 2012) | 2 | The nature of a claim for relief is determined by the facts alleged in the complaint and as adduced thereunder, and by the relief requested. | "The nature of a claim for relief is determined by the facts alleged in the complaint and as adduced thereunder, and by **994 the relief requested." | How is the nature of a claim for relief determined? |
| 17010 | KBD & Assocs. v. Great Lakes Foam Techs., 295 Mich. App. 666, 673, (Mich.App., 2012) | 1 | Sales agents are entitled to post-termination commissions for sales they procured during their time at the former employer. | "The law in Michigan is that sales agents are entitled to post-termination commissions for sales they procured during their time at the former employer." | Is an agent entitled to post termination commission for sales they procured? |
| 17011 | Fablok Mills v. Cocker Mach. & Foundry Co., 125 N.J. Super. 251, 261, (N.J.Super.A.D., 1973) | 15 | Where noncompliance with rules can be remedied by other measures, dismissal ordinarily will not be required. R. 4:23-5. | However, we decline to dismiss at this juncture because where noncompliance with the rules can be remedied by other measures, dismissal ordinarily will not be required. | "Where noncompliance with rules can be remedied by other measures, will dismissal ordinarily not be required? " |
| 17014 | U.S. v. McGregor, 879 F.Supp.2d 1308, 1313 (M.D.Ala.,2012) | 2 | A campaign contribution transforms into a bribe when it is tied to a specific act; in other words, when there is a quid pro quo or a this for that. | But a campaign contribution transforms into a bribe when it is tied to a specific act. In other words, when there is a quid pro quo or a "this for that. | When is a campaign contribution a bribe? |
| 17015 | State v. Voyles, 691 S.W.2d 452, 454 (Mo.App. S.D., 1985) | 2 | An indictment or information must allege all elements of crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. | An indictment or information must allege all elements of the crime intended to be charged and if such elements are missing they cannot be supplied by intendment or implication. | Does an indictment require all elements of the offense alleged? |
| 17016 | Terry Contracting, Inc. v. State, 51 Misc. 2d 545, 546, 273 N.Y.S.2d 528, 530 (Ct. Cl. 1966), rev'd, 27 A.D.2d 499, 280 N.Y.S.2d 450 (1967) | 1 | Cause of action "accrues" when a suit may be maintained thereon. | Black's Law Dictionary, Fourth Edition, at page 37, states 'A cause of action 'accrues' when a suit may be maintained thereon.' | "Does a cause of action ""accrue"" when a suit may be maintained thereon? " |
| 17020 | Southern Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17, 26 (2005) | 1 | "Subrogation" is the substitution of one party for another; the party asserting subrogation is making a demand under the right of another. | Subrogation is the substitution of one party for another. Welch, supra. The party asserting subrogation is making a demand under the right of another. | Is subrogation the substitution of one party for another? |
| 17023 | State Bd. of Ret. v. Bulger, 446 Mass. 169, 175 (2006) | 5 | A clerk of a court is a public officer clothed with official functions of a highly important nature. | "A clerk of a court is 'a public officer clothed with official functions of a highly important nature.' " | Is a clerk of a court a public officer? |
| 17025 | Osborne v. Jauregui, 252 S.W.3d 70, 78, (Tex. App., 2008) | 15 | Absent a contractual provision, subrogation is based on equitable principles. | Absent a contractual provision, subrogation is based on equitable principles and we will not disturb a trial court's balancing of the equities unless "it would be inequitable to allow the judgment to stand. | Is subrogation based on equitable principles absent a contractual provision? |
| 17026 | Poole v. William Penn Fire Ins. Co., 264 Ala. 62, 65 (1955) | 4 | Intentional relinquishment of a known right amounts to a waiver of subrogation rights. | 216, the rule was mentioned that **336 an intentional relinquishment of a known right amounts to a waiver of subrogation rights. | Does intentional relinquishment of a known right amount to a waiver of subrogation rights? |

| 17029 | Atlanta Int'l Ins. Co. v. Bell, 438 Mich. 512, 521-522, (Mich., 1991) | 3 | "Equitable subrogation" is legal fiction that permits one party to stand in shoes of another. | [3] Equitable subrogation has been described as a "legal fiction" that permits one party to stand in *522 the shoes of another. | Is equitable subrogation a legal fiction? |
| 17031 | Bel Air & Briney v. City of Kent, 358 P.3d 1249, 1252, 190 Wash.App. 166, 173 (Wash.App. Div. 1, 2015) | 1 | Subrogation is an equitable remedy, and is founded in the facts and circumstances of each particular case. | Subrogation is " 'an equitable remedy,' " and is " 'founded in the facts and circumstances of each particular case.' " | Is equitable subrogation founded in the facts and circumstances of each particular case? |
| 17034 | Flowers v. Bedford Tp., 849 N.W.2d 51, 54, 304 Mich.App. 661, 665 (Mich.App., 2014) | 4 | A "life estate" gives the holder the right to possess, control, and enjoy the property during the holder's lifetime. | A life estate gives the holder the right to possess, control, and enjoy the property during the holder's lifetime. | What interest vests with the holder of a life estate? |
| 17038 | Weihing v. Dodsworth, 100 Conn. App. 29, 39, 917 A.2d 53, 60 (2007) | 16 | Affidavits are insufficient to determine the facts unless they disclose that no genuine issue as to a material fact exists. | "[A]ffidavits are insufficient to determine the facts unless ... they disclose that no genuine issue as to a material fact exists. 1 Stephenson, Conn. Civ. Proc. (2d Ed.1982 Sup.) § 108d p. S 73." (Emphasis added; internal quotation marks omitted.) | Are affidavits insufficient to determine facts? |
| 17039 | Costanzo v. Costanzo, 248 N.J. Super. 116, 121, (N.J.Super.L., 1991) | 3 | Any "specific thing," debt, or chose in action may be subject of assignment, but that which is not in existence or cannot be identified cannot be assigned. | Any "specific thing," debt or chose in action may be the subject of an assignment. 6 Am.Jur.2d 1. Obviously, that which is not in existence or cannot be identified cannot be assigned. | Can any specific thing be assigned to effectuate a legal assignment? |
| 17044 | AT & T Technologies, Inc. v. Communications Workers of America, 106 S.Ct. 1415, 1418, 475 U.S. 643, 648 (U.S.,1986) | 1 | Arbitration is matter of contract and party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. | The first principle gleaned from the Trilogy is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." | Can parties submit to arbitrate any dispute that they have not agreed to arbitrate? |
| 17049 | In re Holt, 28 A.D.2d 201, 205, 284 N.Y.S.2d 208, 212 (1967) | 2 | A right to future performance under an obligation existing at time of assignment is an "existing right" as opposed to a "future right". | A right to future performance under an obligation existing at the time of assignment is an existing right as opposed to a future right. | Can a right to future performance of an obligation be assigned? |
| 17050 | Hoye v. Like, 958 S.W.2d 234, 238, (Tex. App. 1997) | 14 | Even though bailment contract may arise by implication, it cannot arise from nothing, nor from mere conjecture or possibility. | Under Rust, even though a bailment contract may arise by implication, it cannot arise from nothing, nor from a mere conjecture or possibility. | When does a bailment arise? |
| 17052 | Consumers Power Co. v. Pub. Serv. Comm'n, 189 Mich. App. 151, 176, (Mich.App., 1991) | 2 | Generally, statute which grants power to administrative agency is to be strictly construed; administrative authority must be affirmatively or plainly granted, for doubtful power does not exist. | Generally, a statute which grants power to an administrative agency is to be strictly construed. Administrative authority must be affirmatively or plainly granted, for doubtful power does not exist. | Is strict construction applied to statutes that grant power to administrative agencies? |
| 17059 | Bramlett v. Overnite Transp., 102 N.C. App. 77, 82, (N.C.App., 1991) | 4 | North Carolina recognizes three types of bailments: bailments for sole benefit of bailor; bailments for sole benefit of bailee, or gratuitous bailments; and bailments for mutual benefit of both parties. | North Carolina recognizes three types of bailments: (1) bailments for the sole benefit of the bailor; (2) bailments for the sole benefit of the bailee-gratuitous bailments; and (3) bailments for the mutual benefit of both parties. | What are the different types of bailments? |

| 17060 | Hadfield v. Gilchrist, 343 S.C. 88, 95 (2000) | 4 | A "gratuitous bailment" is, by definition, one in which the transfer of possession or use of the bailed property is without compensation. | "A gratuitous bailment is, by definition, one in which the transfer of possession or use of the bailed property is without compensation." | What is a gratuitous bailment? |
|---|---|---|---|---|---|
| 17063 | United States v. Dial, 757 F.2d 163, 170, (C.A.7 (Ill.), 1985) | 6 | It is fraud to impose enormous risk of loss on one's employer through deliberate misrepresentation even if risk does not materialize. | so it is fraud to impose an enormous risk of loss on one's employer through deliberate misrepresentation even if the risk does not materialize. | Can an act come under the offence of embezzlement if the risk did not materialize? |
| 17064 | People v. Mahumed, 381 Ill. 81, 84, (1942) | 6 | Sending letters through the mails threatening to expose one's past for the purpose of extorting money is "blackmail". | Sending letters through the mails threatening to expose one's past for the purpose of extorting money is blackmail. | Are the terms blackmail and extortion synonymous? |
| 17067 | Ostroff v. Alterra Healthcare Corp., 433 F. Supp. 2d 538, 542, (E.D.Pa., 2006) | 1 | Court cannot direct parties to arbitration unless agreement to arbitrate is valid. | A court cannot direct parties to arbitration unless the agreement to arbitrate is valid. | Can a court direct parties to arbitrate if the agreement to arbitrate is not valid? |
| 17072 | Robertson v. Southwestern Bell Yellow Pages, 190 S.W.3d 899, 902 (Tex. App. 2006) | 8 | Statements about very large groups generally will not support an action for defamation. | For this reason, statements about very large groups generally will not support an action for defamation. | Can statements against large groups of people support an action for defamation? |
| 17076 | Turner v. Mullins, 162 S.W.3d 356, 366, (Tex.App.-Fort Worth, 2005) | 18 | In determining the ownership of property, courts apply the law of the jurisdiction in which the land is located. | In determining the ownership of property, we apply the law of the jurisdiction in which the land is located. | What law is applied in determining the ownership of a property? |
| 17077 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 8 | Entry upon the land that interferes with the landowner's right to exclusive possession results in trespass whether that interference was reasonably foreseeable or whether it caused damages. | Under Minnesota trespass law, entry upon the land that interferes with the landowner's right to exclusive possession results in trespass whether that interference was reasonably foreseeable or whether it caused damages. | Does the right to exclusive possession of the property have an important role in the tort of trespass? |
| 17082 | Lasher v. Redevelopment Auth. of Allegheny Cty., 211 Pa. Super. 408, 412 (Pa.Super., 1967) | 5 | When grantor remains in possession after a conveyance of the premises he is a "tenant at will," especially where he has consent of the grantee. | When a grantor remains in possession after a conveyance of the premises he has been regarded as a tenant at will, especially where he has the consent of the grantee. | Do grantors who continue to remain in possession after a deed hold possession as tenants at will? |
| 17089 | Bellows v. Ziv, 187 N.E.2d 265, 267, 38 Ill.App.2d 342, 347 (Ill.App. 1962) | 2 | Where a tenant holds over after expiration of a lease for a year or years, landlord may elect to accept and treat him as a tenant from year to year. | Where a tenant holds over after the expiration of a lease for a year or years, the landlord may elect to accept and treat him as a tenant from year to year. | Is a tenant who holds over considered a tenant from year to year? |
| 17095 | Davis v. Houston Lighting & Power, 990 F.Supp. 515, 516 (S.D.Tex.,1998) | 2 | When confronted with question of arbitrability, a district court must determine, as a threshold matter, whether grievance before it is subject to arbitration. | When confronted with the question of arbitrability, a District Court must determine, as a threshold matter, whether the grievance before it is subject to arbitration. | Does national policy favor arbitration? |
| 17096 | Hopi Tribe v. U.S. Envtl. Prot. Agency, 851 F.3d 957, 960 (9th Cir. 2017) | 2 | United States has a general trust relationship with Indian tribes. | The United States has a general trust relationship with the Indian tribes. | Does the United States owe a general trust responsibility to Indian tribes? |

| | | | | | |
|---|---|---|---|---|---|
| 17098 | Heritage Bank v. Kasson, 853 N.W.2d 868, 874 (Neb.App. 2014) | 9 | Party asserting that a partnership relationship exists has the burden of proving that relationship by a preponderance of the evidence. | The party asserting the partnership relationship exists has the burden of proving that relationship by a preponderance of the evidence. | Who has the burden of proving the existence of a partnership? |
| 17099 | Boyer v. First Nat. Bank of Kokomo, 476 N.E.2d 895, 898, (Ind.App. 4 Dist., 1985) | 7 | Joint venture is similar to a partnership except a joint venture contemplates only a single business transaction; partnership, on the other hand, is formed for general business of a particular kind. | Finally, a joint venture is similar to a partnership except a joint venture contemplates only a single business transaction. A partnership, on the other hand, is formed for general business of a particular kind. | Is a joint venture limited to a single transaction? |
| 17102 | Estate of Prather v. Sherman Hosp. Systems, 35 N.E.3d 198, 211, 393 Ill.Dec. 806, 819, 2015 IL App (2d) 140723, ¶ 50 (Ill.App. 2 Dist., 2015) | 22 | When a plaintiff chooses his home forum or the site of the accident or injury, the choice of forum is most likely convenient; however, when a plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference. | When the plaintiff chooses his home forum or the site of the accident or injury, the choice of forum is most likely convenient. Fennell, 2012 IL 113812, 18, 369 Ill.Dec. 728, 987 N.E.2d 355. When the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference. | Is the plaintiffs choice of venue entitled to the same weight in all cases? |
| 17104 | Window Rock Unified Sch. Dist. v. Reeves, 861 F.3d 894, 899 (9th Cir. 2017), as amended (Aug. 3, 2017) | 5 | Federal government may limit tribe's power either by treaty or by statute. | The federal government may, however, limit a tribe's power either by treaty or by statute. | How does the federal government limit a tribes sovereignty? |
| 17108 | Bolduc v. Bailey, 586 F. Supp. 896, 900, (D.Colo., 1984) | 4 | Gravamen of action for defamation is damage to one's reputation in the community caused by the defamatory statements. | The gravamen of an action for defamation is the damage to one's reputation in the community caused by the defamatory statement(s). | What is the gravamen of an action for defamation? |
| 17119 | Elk v. U.S., 87 Fed.Cl. 70, 78 (Fed.Cl.,2009) | 1 | Treaty with Indian tribe is a contract and should be interpreted to give effect to intent of signatories. | A treaty with an Indian tribe is a contract and should be interpreted to give effect to the intent of signatories. | Is a treaty with an Indian tribe a contract? |
| 17120 | Elk v. U.S., 87 Fed.Cl. 70, 78 (Fed.Cl.,2009) | 1 | Treaty with Indian tribe is a contract and should be interpreted to give effect to intent of signatories. | A treaty with an Indian tribe is a contract and should be interpreted to give effect to the intent of the signatories. | How should a treaty between the United States and an Indian tribe be interpreted? |
| 17127 | Kaplan v. Inc. Vill. of Lynbrook, 12 A.D.3d 410, 412, 784 N.Y.S.2d 586, 588 (2004) | 5 | Person entering upon the land of another without permission, whether innocently or by mistake, is a trespasser. | It is well settled that "a person entering upon the land of another without permission, 'whether innocently or by mistake, is a trespasser' " (Golonka v. Plaza at Latham, 270 A.D.2d 667, 669, 704 N.Y.S.2d 703 quoting 104 N.Y. Jur. 2d, Trespass, § 10, at 464). | Can a trespass occur by mistake? |

| | | | | | |
|---|---|---|---|---|---|
| 17132 | Selby v. State, 76 Md. App. 201, 209 (1988) | 1 | Murder is common-law crime, proof of which requires showing that criminally responsible human being, with malice, killed another human being. | In Maryland, murder is a common law crime, the proof of which requires a showing that a criminally responsible human being, with malice, 1 killed another human being. | Is murder a common law crime? |
| 17136 | Kiser v. A.W. Chesterton Co., 285 Va. 12, 21 (Va., 2013) | 6 | A "right of action" is the remedial right accorded a person to enforce a cause of action and arises only when a person's rights are infringed; consequently, a right of action cannot arise until there is a cause of action. | A right of action "is the remedial right accorded [a] person to enforce a cause of action [and] arises only when [a] person's rights are infringed." Roller, 238 Va. at 327, 384 S.E.2d at 326. Consequently, a right of action cannot arise until there is a cause of action, | "When does a ""right of action"" arise?" |
| 17137 | Parker v. Town of Milton, 169 Vt. 74, 77 (Vt., 1998) | 6 | To have standing, plaintiff must, at minimum, show (1) injury in fact, (2) causation, and (3) redressability. | Vermont has adopted a three-part test to determine whether a plaintiff has standing. A plaintiff must, at minimum, show (1) injury in fact, (2) causation, and (3) redressability. | What must a plaintiff show for standing to bring a case? |
| 17141 | Luster v. Retail Credit Co., 575 F.2d 609, 614 (8th Cir. 1978) | 7 | In defamation case mental anguish and embarrassment are proper elements of damages. | In a defamation case mental anguish and embarrassment are proper elements of damages. | Can mental anguish be an element of damages in defamation? |
| 17142 | Com. v. De Pofi, 362 Pa. 229, 238, (Pa., 1949) | 2 | Every willful and deliberate and premeditated murder is a "heinous offense". | Every wilful and deliberate and premeditated murder is a heinous offense. | "Is every willful, deliberate and premeditated murder a heinous offense?" |
| 17146 | Houston v. Bank of Am. Fed. Sav. Bank, 119 Nev. 485, 490 (2003) | 5 | "Equitable subrogation" is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Equitable subrogation is an equitable remedy to avoid a person's receiving an unearned windfall at the expense of another. | Is equitable subrogation a remedy? |
| 17158 | Reagan v. Baird, 140 Ill. App. 3d 58, 66, (Ill.App. 4 Dist., 1985) | 9 | Facts set forth and exhibits attached to complaint control over allegation of complaint itself. | " Since facts set forth in exhibits attached to a complaint control over the allegations of the complaint itself. | Will exhibits attached to a complaint control over the allegations of the complaint? |
| 17163 | Levy v. HLI Operating Co., 924 A.2d 210, 221 (Del.Ch., 2007) | 9 | Subrogation differs from contribution because its operation rests on concepts of primary and secondary liability among obligors; thus, it acts to place an entire loss, not just a portion, on another party. | Subrogation differs from contribution because its operation rests on concepts of primary and secondary liability among obligors. 25 Thus, it acts to place an entire loss, not just a portion, on another party. | "Are ""contribution"" and ""subrogation"" distinct?" |
| 17172 | Vega v. La Movida, Inc., 294 Ga. App. 311, 314, 670 S.E.2d 116, 120 (2008) | 7 | Trial court may modify a ruling on a motion in limine. | This argument fails, however, because a trial court may modify a ruling on a motion in limine. | Can a trial court modify a ruling on a motion in limine? |
| 17174 | Am. Ins. Co. v. Ohio Bur. of Workers Comp., 62 Ohio App. 3d 921, 924, 577 N.E.2d 756, 758 (1991) | 3 | Surety is traditionally subrogated to rights of the one it pays, the obligee. | A surety is traditionally subrogated to the rights of the one it pays, the obligee. | Is a surety traditionally subrogated to the rights of the one it pays? |

| 17186 | United States v. One (1) 43 Foot Sailing Vessel Winds Will, License O.N. 531317/U.S. & Equip., 405 F. Supp. 879, 882, (S.D.Fla., 1975) | 9 | No nation may exercise sovereignty over the waters of the high seas. | Since no nation may exercise sovereignty over the waters of the high seas, Art. 1, C.H.S., the maintenance of public order on the world's oceans depends upon effective control in accordance with their treaty obligations by the nations of the world over vessels flying their flag. | Can any nation exercise sovereignty over the waters of the high seas? |
|---|---|---|---|---|---|
| 17189 | Vega v. La Movida, Inc., 294 Ga. App. 311, 314, 670 S.E.2d 116, 120 (2008) | 7 | Trial court may modify a ruling on a motion in limine. | This argument fails, however, because a trial court may modify a ruling on a motion in limine. | Can a trial court modify a ruling on a motion in limine? |
| 17212 | Johnson v. Smith, 215 N.C. 322, 1 S.E.2d 834, 836 (1939) | 3 | Damages to personal property may be recovered in a trespass action. | Damages to personal property may also be recovered in a trespass action. | Can damages to personal property be recovered in an action for trespass? |
| 17218 | Russell v. Am. Real Estate Corp., 89 S.W.3d 204, 210 (Tex. App. 2002) | 5 | "Trespass to personalty" is an injury to, or interference with, possession of the property, unlawfully, with or without the exercise of physical force. | Trespass to personalty is an injury to, or interference with, possession of the property, unlawfully, with or without the exercise of physical force. | What is trespass to personalty? |
| 17219 | Weicht v. Suburban Newspapers of Greater St. Louis, Inc., 32 S.W.3d 592, 600 (Mo. Ct. App. 2000) | 25 | A "trespass to personal property" is defined as a wrongful taking of chattels. | A trespass to personal property is defined as a "wrongful taking of chattels." Id. at 1509. | Can the wrongful taking of chattels constitute a trespass to personal property? |
| 17220 | Poff v. Hayes, 763 So. 2d 234, 240 (Ala. 2000) | 14 | Trespass to real property is similar to trespass to chattels in that trespass, generally, is a wrong against the right of possession. | Trespass to real property is similar to trespass to chattels in that trespass, generally, "is a wrong against the right of possession." | Is trespass a wrong against the right of possession? |
| 17221 | Fordham v. Eason, 351 N.C. 151, 155 (1999) | 3 | The basis of a trespass to chattel cause of action lies in injury to possession. | The basis of a trespass to chattel cause of action lies in "injury to possession." | What is the basis of a trespass to chattel cause of action? |
| 17222 | Calabrese v. McHugh, 170 F. Supp. 2d 243, 257, (D.Conn., 2001) | 17 | In Connecticut, cause of action accrues when plaintiff suffers actionable harm. | In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm. | Does cause of action accrue when plaintiff suffers an actionable harm? |
| 17225 | Nationwide Ins. Co. v. Ohio Dep't of Transp., 61 Ohio Misc. 2d 761, 765-66 (Ohio Ct.Cl., 1990) | 5 | After cause of action has accrued, it can neither be taken away nor diminished; cause of action accrues when claim or right on which it is founded has matured so that action can be brought upon it, which is usually completed at moment when wrong done by defendant produces injury to plaintiff. | After the cause of action has accrued, it can neither be taken away nor diminished. State, ex rel. Slaughter v. Indus. Comm. (1937), 132 Ohio St. 537, 8 O.O. 531, 9 N.E.2d 505. A cause of action accrues when the claim or right on which it is founded has matured so that an action can be brought upon it. This is usually completed at the moment when the wrong done by the defendant produces the injury to the plaintiff. | Can a cause of action be taken away or diminished after it has accrued? |
| 17233 | Miller v. Mod. Motor Co. of Glendale, 107 Cal. App. 38, 41, 290 P. 122, 124 (Cal. Ct. App. 1930) | 2 | Where waiver is relied upon, in bringing action, facts constituting waiver must be set forth. | We believe, upon general demurrer, that these allegations sufficiently comply with the rule that where a waiver is relied upon, the facts constituting the waiver must be set forth. | Should facts constituting waiver be pleaded if a waiver is relied upon? |

| 17236 | Tampa Aluminum Prod. Co. v. Watts, 132 So. 2d 414, 418, (Fla., 1961) | 6 | Workmen's compensation cases, like other lawsuits, must generally be determined by their peculiar facts. | (2) Workmen's compensation cases, like other lawsuits, must generally be determined by their peculiar facts and the facts in these cases do not warrant the amount awarded. | Should each workers compensation case turn on its facts? |
|---|---|---|---|---|---|
| 17237 | Southern Bell v. MacDonald, 671 So.2d 207, 209–10 (Fla.App. 1 Dist.,1996) | 3 | Employer must offer or furnish workers' compensation benefits when employer knows or should know that benefits are due. | An employer must offer or furnish benefits when the employer knows, or should know that benefits are due. | Should an employer offer or furnish benefits when the employer knows or should know that benefits are due? |
| 17247 | Davis v. Gerstenslager Co., 302 F. Supp. 742, 744, (W.D.Pa., 1969) | 4 | Subrogation is legal right, but it may be waived as part of insurance contract. | Subrogation is a legal right but it may be waived as part of the insurance contract. | Can subrogation be waived as part of an insurance contract? |
| 17248 | Labarre v. Rateau, 210 La. 34, 54, (La., 1946) | 17 | The presumption of laches arising from lapse of time may be rebutted by competent testimony. | The presumption of laches arising from lapse of time may be rebutted and overcome by competent testimony.' | Can the presumption of laches be overcome by competent testimony? |
| 17249 | Aspero v. Shearson Am. Exp., 768 F.2d 106, 108, (C.A.6 (Tenn.), 1985) | 3 | Although created by contract, duty to arbitrate does not necessarily end when contract is terminated. | Although it is created by contract, the duty to arbitrate does not necessarily end when the contract is terminated. | Does the duty to arbitrate end when the contract terminates? |
| 17252 | In re Rebel Rents, 307 B.R. 171, 190 (C.D.Cal. 2004) | 21 | Like other equitable remedies, right to subrogation may be lost by waiver, laches, or estoppel. | Like other equitable remedies, a right to subrogation may be lost by waiver, laches, or estoppel. | Can a right to subrogation be lost? |
| 17253 | Factory Mut. Ins. Co. v. Citizens Ins. Co. of Am., 2006 WI App 16, ¶ 11, 288 Wis. 2d 730, 736, 709 N.W.2d 82, 85 | 4 | A party to a contract may waive subrogation explicitly in writing. | First, there is no dispute that a party to a contract may waive subrogation explicitly in writing. | Can a party to a contract waive subrogation explicitly in writing? |
| 17254 | Footlocker v. KK & J, 69 A.D.3d 481, 482, (N.Y. App. 2010) | 5 | A waiver of subrogation may bar a claim for gross negligence. | Paul's contention, a waiver of subrogation may bar a claim for gross negligence. | Can a waiver of subrogation bar a claim for gross negligence? |
| 17256 | Kiker v. Pennsylvania Financial Responsibility Assigned Claims Plan, 742 A.2d 1082, 1086 (Pa.Super.,1999) | 8 | Extinguishing a subrogee's statutory right to be reimbursed is generally disfavored. | Thus, extinguishing a subrogee's statutory right to be reimbursed is generally disfavored. | Is extinguishing a subrogee's statutory right to be reimbursed disfavored? |
| 17261 | Hensel Phelps Const. Co. v. C.I.R, 703 F.2d 485, 487 (10th Cir. 1983 | 1 | Intent of parties is critical factor in determining when partnership began. | The intent of the parties is a critical factor in determining when the partnership began. | Is the intent of the parties a critical factor in determining when a partnership shall commence? |
| 17269 | Hughes v. York County Dept. of Soc. Serv, 36 Va. App. 22, 25 (2001) | 2 | A "necessary party" to an appeal is one whose interests are likely to be defeated or diminished by a successful appeal. | A necessary party is one whose interests are likely to be defeated or diminished by a successful appeal. | Who is a necessary party for the purpose of an appeal? |

| | | | | | |
|---|---|---|---|---|---|
| 17273 | Wiltz v. Esso Standard Oil Co., 126 So. 2d 649, 652 (La. Ct. App. 1961) | 4 | A plaintiff is not required to set forth details of proof of or evidence which he relies on, and only allegations of fact that are required in a petition are those of ultimate facts which are conclusions drawn from evidentiary facts. | Further, a plaintiff is not required to set forth the details of the proof or of the evidence which he relies on to support his case. Neilson v. Haas, La.App., 199 So. 202; Honeycutt v. Carver, La.App., 25 So.2d 99. The only allegations of fact that are required in a petition are those of ultimate facts which are the conclusions drawn from the evidentiary facts. State v. Hackley, Hume and Joyce, 124 La. 854, 50 So. 772. | Are ultimate facts conclusions drawn from evidentiary facts? |
| 17274 | Washington-Youree Hotel Co. v. Union Indem. Co., 146 So. 342, 343 (La. Ct. App. 1933) | 2 | Exception of no cause of action admits well-pleaded facts, but not conclusions of law. | An exception of no cause of action admits the facts well pleaded, but not conclusions of law. | Does an exception of no cause of action admit conclusions of law? |
| 17279 | Messmer v. St. Farm Cty. Mut, 972 S.W.2d 774, 779 (Tex. App. 1998) | 7 | Plaintiff's right to nonsuit is absolute and trial judge has no discretion to refuse to grant dismissal. | The plaintiff's right to a non-suit is absolute and the trial judge has no discretion to refuse to grant a dismissal. | Is a plaintiff's right to nonsuit an absolute one? |
| 17281 | Rocky Mountain Exp. Co. v. Colquitt, 179 Cal. App. 2d 204, 206, 3 Cal. Rptr. 512, 514 (Ct. App. 1960) | 2 | The purpose of pretrial proceedings is to expedite and not to obstruct administration of justice. | The purpose of pretrial proceedings is to expedite and not to obstruct the administration of justice. | Is a pretrial proceeding aimed at expedition and not obstruction of the administration of justice? |
| 17288 | Sammons v. Doctors for Emergency Services, 913 A.2d 519, 528 (Del. 2006) | 4 | Scheduling orders are not merely guidelines but have full force and effect as any other order of the Superior Court. | "Parties must be mindful that scheduling orders are not merely guidelines but have full force and effect as any other order of the [Superior] Court." | Are scheduling orders mere guidelines? |
| 17292 | Hall v. State Farm Fire Cas. Co., 937 F.2d 210, 213 (5th Cir. 1991) | 3 | Trial court has great discretion in interpreting pretrial order. | A trial court has great discretion in interpreting a pretrial order. | Is the interpretation of pretrial order within the discretion of trial court? |
| 17293 | Bill DeLuca Enterprises v. Commissioner, Revenue, 431 Mass. 314, 727 N.E.2d 508, 322 (Mass. 2000) | 10 | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals, since only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | "It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation." | What is the essence of any system of taxation? |
| 17295 | Alabama Power Co. v. Federal Power Commission, 134 F.2d 602, 608 (5th Cir. 1943) | 7 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Taxes are the annual compensation paid to government for annual protection and for the current support of government, and are generally an expense and not an investment. | To whom is the tax paid to? |

| 17296 | Arbuckle-Coll. City Fire Prot. Dist. v. Cnty. of Colusa, 105 Cal. App. 4th 1155, 1164, 130 Cal. Rptr. 2d 182, 189 (2003) | 2 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | Taxes that provide revenues that are available for all purposes of the governmental entity are general taxes and include ad valorem property taxes. (See Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 232, 45 Cal.Rptr.2d 207, 902 P.2d 225.) Taxes that provide revenue for a specific or limited purpose are special taxes. (Ibid.) | When is a tax a general tax? |
| 17301 | Newman Grove Creamery Co. v. Deaver, 208 Neb. 178, 178 (Neb. 1981) | 9 | Purpose of pretrial conference is to simplify and to narrow issues of case and to avoid traps and surprises. | The purpose of a pretrial conference is to simplify and to narrow the issues of the case and to avoid traps and surprises. | What is the purpose of pretrial conference and what does it simplify? |
| 17305 | Borger v. Conner, 210 A.2d 546, 548 (D.C. 1965) | 4 | Generally party is bound by pretrial order, but rigid adherence to it should not always be exacted. | While generally a party is bound by the pre-trial order, rigid adherence to it should not always be exacted. | Is a party bound to rigidly adhere to a pretrial order? |
| 17306 | Arbuckle-Coll. City Fire Prot. Dist. v. Cnty. of Colusa, 105 Cal. App. 4th 1155, 1164, 130 Cal. Rptr. 2d 182, 189 (2003) | 2 | Taxes that provide revenues that are available for all purposes of the governmental entity are "general taxes" and include ad valorem property taxes; whereas, taxes that provide revenue for a specific or limited purpose are "special taxes." | Taxes that provide revenues that are available for all purposes of the governmental entity are general taxes and include ad valorem property taxes. (See Santa Clara County Local Transportation Authority v. Guardino (1995) 11 Cal.4th 220, 232, 45 Cal.Rptr.2d 207, 902 P.2d 225.) Taxes that provide revenue for a specific or limited purpose are special taxes. (Ibid) | When is a tax a general tax? |
| 17309 | Circle "C" Coal Co., Inc. v. Com, 628 S.W.2d 883, 885 (Ky. Ct. App. 1982) | 2 | Character of tax is not determined by label placed upon it by legislature, but by its operation and effect. | The character of the tax is not determined by the label placed upon it by the legislature, but by its operation and effect. | Is the character of a tax determined by its label? |
| 17310 | Huntington Pub. Co. v. Caryl, 180 W. Va. 486, 486 (1988) | 2 | In tax matters, it is substance, not form of transaction, that determines tax liability. | In tax matters, it is the substance, not the form of a transaction that determines tax liability. | Is it the form of transaction that determines tax liability in tax matters? |
| 17311 | Weekes v. City of Oakland, 21 Cal. 3d 386, 392, 579 P.2d 449, 452 (1978) | 4 | The character of a tax is ascertained from its incidents, not its label; the legislative designation of a particular tax is persuasive but not determinative as to its nature. (Per Curiam, with three Justices concurring and two Justices concurring specially.) | We have said, of course, that the legislative designation of a particular tax, though persuasive, is not determinative as to its nature. (Ex parte Braun, supra, 141 Cal. 204, 206, 74 P. 780; In re Johnson (1920) 47 Cal.App. 465, 466, 190 P. 852; see Beamer v. Franchise Tax Board (1977) 19 Cal.3d 467, 475, 138 Cal.Rptr. 199, 563 P.2d 238.) The character of a tax is ascertained from its incidents, not its label. | Is the legislative designation of a particular tax persuasive as to its nature? |

| 17312 | German v. Com., 410 Mass. 445, 448, 574 N.E.2d 336, 338 (1991) | 1 | "Tax" is revenue-raising exaction imposed through generally applicable rates to defray public expense; nature of monetary exaction will be decided by studying its operation rather than how it has been characterized by legislature. | The Justices have defined a tax as "a revenue-raising exaction imposed through generally applicable rates to defray public expense." Opinion of the Justices, 393 Mass. 1209, 1216, 471 N.E.2d 1266 (1984). When the characterization of a monetary exaction is in doubt, "the intention of the Legislature, as it may be expressed in part through its characterization … deserves judicial respect, and especially so where the constitutionality of the exaction depends on its proper characterization." Emerson College v. Boston, 391 Mass. 415, 424, 462 N.E.2d 1098 (1984), quoting Associated Indus. of Mass., Inc. v. Commissioner of Revenue, 378 Mass. 657, 667–668, 393 N.E.2d 812 (1979). In the final analysis, however, the nature of a monetary exaction will be decided by studying its operation rather than how it has been characterized by the Legislature. Emerson, supra 391 Mass. at 424, 462 N.E.2d 1098. | How is the nature of a monetary exaction decided? |
| 17316 | Fortenberry v. Weber, 18 Cal. App. 3d 213, 222, 95 Cal. Rptr. 834, 840 (Ct. App. 1971) | 7 | Normally, pretrial conference order will control as against inconsistent pleadings. Cal.Rules of Court, rule 216. | Normally the pretrial conference order will control, as against inconsistent pleadings. (Calif. Rules of Court, Rule 216.) | Will a pretrial conference order control as against inconsistent pleadings? |
| 17322 | City of Houston v. Church, 554 S.W.2d 242, 245 (Tex.Civ.App. 1977) | 8 | Entry and possession without claim of right is nothing more than a trespass and unless true owner has actual knowledge of hostile claim, possession must be so open, visible and notorious as to raise the presumption of notice that the rights of true owner are invaded intentionally and with purpose of asserting claim of title adverse to his, so potent that owner could not be deceived, in order to mature title by adverse possession. | Entry and possession without a claim of right is nothing more than a trespass. Unless the true owner has actual knowledge of the hostile claim, the possession must be so open, visible, and notorious as to raise the presumption of notice that the rights of the true owner are invaded intentionally and with the purpose of asserting a claim of title adverse to his, so potent that the owner could not be deceived, in order to mature a title by adverse possession. | Can the entry and possession of land without a claim of right be held as a trespass? |
| 17327 | Freeman v. Leader Nat. Ins. Co., 58 S.W.3d 590, 595 (Mo. 2001) | 4 | The trial court loses jurisdiction as of the date of dismissal of a case. | When a plaintiff voluntarily dismisses an action without prejudice before introduction of evidence at trial, the trial court loses jurisdiction as of the date of dismissal. | Does the trial court lose jurisdiction as of the date of dismissal of a case? |

| | | | | | |
|---|---|---|---|---|---|
| 17331 | Western Iowa Farms Co. v. First Savings Bank, 135 F.3d 1257, 1259 (8th Cir. 1998) | 3 | Endorsement consisting simply of name of payee turns check into bearer paper; anyone who comes into possession of it can assert ownership, and persons dealing with instrument in good faith and without reasonable suspicion can deal with that person as true owner. | The endorsement consisted simply of the name of the payee. This sort of endorsement turns the check into bearer paper. Anyone who comes into possession of it can assert ownership, and persons dealing with the instrument in good faith and without reasonable suspicion can deal with the true owner. | How is a check turned to bearer paper? |
| 17336 | Hesse v. Wagner, 475 S.W.2d 55, 61 (Mo. 1972) | 6 | Pleadings in the case are for the court and the parties, not the jury; they define and limit the issues. | The pleadings in a case are for the Court and the parties, not the jury; they define and limit the issues. | Do the pleadings limit and define issues of the case? |
| 17339 | Gustafson v. Riggs, 10 Ariz. App. 74, 75 (1969) | 3 | Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property, (3) excises. | Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property and (3) excises. | How many classifications do taxes naturally fall into? |
| 17349 | City of Columbus v. Atlanta Cigar Co., 111 Ga. App. 774, 143 S.E.2d 416, 775 (Ga. Ct. App. 1965) | 2 | Basic nature of tax must be determined by what it does and not by name given it by taxing authority. | 64-9 is designated as a 'license tax' is not controlling, as the basic nature of a tax must be determined by what it does and not by the name given it by the taxing authority. | Is the basic nature of a tax determined by its name or label? |
| 17350 | Owens v. Fosdick, 153 Fla. 17, 20 (Fla. 1943) | 1 | The nature of a tax must be determined by its operation rather than by its terminology. | The issue being thus clearly defined, it becomes our duty to ascertain for ourselves upon what the tax is laid, keeping in mind that the nature of the tax must be determined by its operation rather than by its terminology. | Should the nature of the tax be determined by its operation rather than by its terminology? |
| 17351 | Alabama Power Co. v. Federal Power Commission, 134 F.2d 602, 608 (5th Cir. 1943) | 7 | "Taxes" are annual compensation paid to government for annual protection and for current support of government and are generally an "expense" and not an "investment". | Taxes are the annual compensation paid to government for annual protection and for the current support of government, and are generally an expense and not an investment. | Are taxes an expense? |
| 17352 | American Transmission v. Channel 7 of Detroit, 239 Mich. App. 695, 705 (Mich. Ct. App. 2000) | 9 | A "trespass" is an unauthorized invasion upon the private property of another. | A trespass is an unauthorized invasion upon the private property of another. | Is trespass an unauthorized invasion of the private property of another? |
| 17354 | Howard v. Howard, 200 N.C. 574, 578 (1931) | 8 | "Comity" is recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation. | The extent to which the law of one nation shall be allowed to operate within the dominion of another nation depends upon the rule of comity; and comity is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation. | What is comity or international comity? |
| 17360 | Gilbert v. United States, 165 F.3d 470, 474 (6th Cir. 1999) | 6 | Drug trafficking is an economic enterprise that substantially affects interstate commerce in numerous ways. | "Drug trafficking is an 'economic enterprise' that substantially affects interstate commerce in numerous ways." | Does possession of illegal drugs impact interstate commerce? |

| 17367 | Lambert v. Bunge Corporation, 169 So. 2d 207, 209 (La. Ct. App. 1964) | 2 | Illness of principal counsel in trial of case is good ground for continuance. LSA-C.C.P. art. 1601. | The cases are numerous in our jurisprudence that illness of principal counsel in the trial of a case is good and sound grounds for a continuance. See LSA-C.C.P. art. 1601. | "Where a defendant swears that his principal counsel is unable to attend, as he is informed and believes, from severe illness, and that he cannot safely go to trial without him, is he entitled to a continuance?" |
| 17378 | Rospert v. Old Fort Mills, Inc., 81 Ohio App. 241, 244 (1947) | 8 | The doctrine of res ipsa loquitur being a rule of evidence, it is not necessary to be pleaded. | 'That doctrine [res ipsa loquitur] being a rule of evidence, it is not necessary to be pleaded.' | Should the doctrine of res ipsa loquitur be pleaded? |
| 17396 | Fischer v. Fischer, 197 S.W.3d 98, 101 (Ky. 2006) | 2 | Right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | The right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | Is the right to dissolve a partnership an inseparable incident to every partnership? |
| 17401 | Trantham v. State Disbursement Unit, 313 Mich. App. 157, 882 N.W.2d 170, 169 (Mich. Ct. App. 2015) | 7 | Fees charged by a government entity must be reasonably proportionate to the direct and indirect costs of providing the services for which the fee is charged; a fee is presumed reasonable unless it is facially or evidently so wholly out of proportion to the expense involved that it must be held to be a mere guise or subterfuge to obtain the increased revenue. | Fees charged by a government entity must be reasonably proportionate to the direct and indirect costs of providing the *170 services for which the fee is charged. Kircher v. Ypsilanti, 269 Mich.App. 224, 231-232, 712 N.W.2d 738 (2005).A fee is presumed reasonable unless it is facially or evidently so " 'wholly out of proportion to the expense involved' " that it ' "must be held to be a mere guise or subterfuge to obtain the increased revenue.' " Merrelli v. | Is a tax designed to raise revenue? |
| 17407 | Johnson v. Village of Libertyville, 146 Ill. App. 3d 834, 496 N.E.2d 1219, 838 (Ill. App. Ct. 1986) | 1 | Pleader is not required to set out his evidence; only ultimate facts to be proved should be alleged, and not evidentiary facts tending to prove ultimate facts. | A pleader, however, is not required to set out his evidence. Only the ultimate facts to be proved should be alleged, and not the evidentiary facts tending to prove such ultimate facts. | Is a pleader required to set out his evidence? |
| 17408 | Rusch v. Cox, 130 Conn. 26, 31–32 (1943) | 4 | Motions for continuance are within the discretion of the trial court and their denial is not error unless that discretion is abused. | Motions for a continuance are within the discretion of the trial court and their denial is not error unless that discretion is abused. | Will a refusal of continuance on ground of absence of witnesses be an abuse of discretion? |
| 17411 | Draper & Kramer, Inc. v. King, 24 N.E.3d 851, 2014 Ill. App. 132073, 867 (Ill. App. Ct. 2014) | 24 | Under the law, there is a clear preference for disposing of issues based on the merits. | Moreover, under the law, there is a clear preference for disposing of issues based on the merits. | Is there a clear preference for disposing of issues based on the merits? |
| 17420 | VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 611 (Del. 2003) | 9 | Under Delaware's judicial system of notice pleading, a plaintiff need not plead evidence; rather, the plaintiff need only allege facts that, if true, state a claim upon which relief can be granted. | Accordingly, under Delaware's judicial system of notice pleading, a plaintiff need not plead evidence. Rather, the plaintiff need only allege facts that, if true, state a claim upon which relief can be granted. | "In a system of notice pleading, must a plaintiff plead evidence?" |

| 17423 | Terry v. Terry, 160 Ind. App. 653, 666 (Ind. Ct. App. 1974) | 13 | Under proper circumstances, illness of a party litigant is sufficient grounds for a continuance. | It cannot be doubted that under proper circumstances, the illness of a party litigant is sufficient grounds for a continuance. | "Is illness of a party, sufficient ground for a continuance?" |
| 17428 | Barcon, Inc. v. State Bd. of Equalization, 845 P.2d 373, 377 (Wyo. 1992) | 2 | Power to tax is legislative power which includes power to say what shall be taxed, who pays it and what tax shall be. | The power to tax is a legislative power which includes the power to say what shall be taxed, who pays it and what the tax shall be. | "Does the power to tax include power to say who shall be taxed, who shall pay it, and what the tax shall be?" |
| 17429 | Newman v. City of Indianola, 232 N.W.2d 568, 573 (Iowa 1975) | 5 | There is a distinction between a "tax" and an "assessment"; a "tax" is a charge to pay the cost of government without regard to special benefits conferred. | There is a distinction between 'taxes' and 'assessments.' A tax is a charge to pay the cost of government without regard to special benefits conferred | "Is there a distinction between a ""tax"" and an ""assessment""?" |
| 17430 | City of Huntington v. Bacon, 196 W. Va. 457, 473 S.E.2d 743, 467 (W. Va. 1996) | 16 | Essential characteristic of ad valorem tax is that tax is levied according to value of property. | "The essential characteristic of an ad valorem tax, as its name suggests, is that the tax is levied according to the value of the property. | "Is an ""ad valorem tax"" one imposed on property according to its value?" |
| 17438 | Continental Sales v. Stookesberry, 170 Colo. 16, 459 P.2d 566, 24 (Colo. 1969) | 12 | Primary function of complaint is to give notice, and theories of action are no longer significant. | Under the Colorado Rules of Civil Procedure and the great weight of authority in other jurisdictions with similar rules, the primary function of the complaint is to give notice, and theories of action are no longer significant. | Is giving notice the primary purpose of a complaint? |
| 17449 | Bader v. Cox, 701 S.W.2d 677, 686 (Tex. App. 1986) | 25 | Function of a pleading is to define issues at trial, not to state evidence. | The function of a pleading is to define the issues at trial, not to state evidence. | Is defining issues or stating evidence the function of pleading? |
| 17450 | Stop & Shop Supermarket Co. v. Cnty. of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) | 3 | Mootness is threshold justiciability determination rooted in notion that judicial power is to be exercised only when party is immediately threatened with harm. | "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." | Is excluding the testimony of a witness a harsh remedy which should be invoked sparingly? |
| 17477 | Davis v. Laster, 130 So. 2d 479, 483 (La. Ct. App. 1961) | 2 | Payment of royalty under an oil, gas and mineral lease is payment of rent and not payment of a price for oil or gas rights as if they were sold. | The payment of royalty under an oil, gas and mineral lease, as well established in the jurisprudence of this State, is the payment of rent and is not the payment of a price for the oil or gas rights as if they were sold. | Is the payment of royalty the payment of rent? |
| 17487 | Oddo Asset Mgmt. v. Barclays Bank PLC, 19 N.Y.3d 584, 593, 973 N.E.2d 735, 741 (2012) | 4 | A debtor and creditor have no special relationship of confidence and trust, and the relationship is generally controlled by contract. | A debtor and creditor have no special relationship of confidence and trust (see Dobroshi v. Bank of Am., N.A., 65 A.D.3d 882, 884, 886 N.Y.S.2d 106 [1st Dept.2009], lv. dismissed 14 N.Y.3d 785, 899 N.Y.S.2d 117, 925 N.E.2d 919 [2010] ) and the relationship is generally controlled by contract. | What controls a creditor debtor relationship? |
| 17502 | State v. Daughtry, 340 N.C. 488, 516  (1995) | 25 | First-degree sexual offense is not specific intent crime; intent to commit crime is inferred from commission of act. | First-degree sexual offense is not a specific-intent crime; the intent to commit the crime "is inferred from the commission of the act." | Is first-degree sexual offense a specific-intent crime? |

| 17509 | Newman v. City of Indianola, 232 N.W.2d 568, 573 (Iowa 1975) | 5 | There is a distinction between a "tax" and an "assessment"; a "tax" is a charge to pay the cost of government without regard to special benefits conferred. | There is a distinction between 'taxes' and 'assessments.' A tax is a charge to pay the cost of government without regard to special benefits conferred. | What distinguishes tax from assessment? |
|---|---|---|---|---|---|
| 17510 | Bank of Danielsville v. Seagraves, 167 Ga. App. 135, 305 S.E.2d 790., 140 (Ga. Ct. App. 1983) | 2 | Assignment of note means transfer of title to instruments so that recipient may bring an action thereon. | Was there an effective assignment of the notes prior to November 1, 1979? Assignment of a note means transfer of the title to the instrument so that the recipient may bring an action thereon. | What is meant by assignment of a note? |
| 17513 | In re Estate of Capuzzi, 470 Mich. 399, 402 (2004) | 4 | A duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted. | It is a longstanding legal principle that a duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted. | Can a duly authorized agent bind his principal? |
| 17524 | Unlimited Adjusting Grp., Inc. v. Wells Fargo Bank, N.A., 174 Cal. App. 4th 883, 890, 94 Cal. Rptr. 3d 672, 676 (2009) | 5 | The intended payee of a check may negotiate the check by indorsing it and depositing it in his or her bank account. | The intended payee may negotiate a check by indorsing it and depositing it in his or her bank account. | Can a payee negotiate a check by depositing it or transferring it to another person? |
| 17529 | Gusma Props., L.P. v. Travelers Lloyds Ins. Co., 514 S.W.3d 319, 323 (Tex. App. 2016) | 2 | Where an agent misappropriates payments intended for its principal, it is the principal that bears the loss because, after the payment has been made to the agent, the payment is deemed to have been made to the principal. | Texas courts hold that where "an agent misappropriates payments intended for its principal, it is the principal that bears the loss because, after the payment has been made to the agent, the payment is deemed to have been made to the principal." | Does payment to authorized agent constitute payment to principal even if funds are misappropriated? |
| 17545 | BE & K Construction Co. v. United Brotherhood of Carpenters & Joiners, 90 F.3d 1318, 1326 (8th Cir. 1996) | 7 | Agency requires manifestation by principal that agent shall act for him, agent's acceptance of undertaking, and understanding of parties that principal is to be in control of undertaking. | Agency requires "manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking." | What are the elements of agency? |
| 17546 | In re Richard P., 227 W. Va. 285, 293 (2010) | 14 | At common law, a parent or legal guardian may transfer medical, educational, and other legal decision-making authority for his or her child or ward to another adult through the execution of a power of attorney, and such instruments are revocable and automatically terminate upon disability or incapacity of the principal. | Although the record is unclear as to whether the Appellants had executed this type of power of attorney, to prevent any future confusion, the Court now clarifies that, at common law, a parent or legal guardian may transfer medical, educational, and other legal decision-making authority for his or her child or ward, to another adult through the execution of a power of attorney. Such instruments are revocable and automatically terminate upon disability or incapacity of the principal. | Does a power of attorney terminate upon the death of the principal? |

| 17547 | In re Richard P., 227 W. Va. 285, 293 (2010) | 14 | At common law, a parent or legal guardian may transfer medical, educational, and other legal decision-making authority for his or her child or ward to another adult through the execution of a power of attorney, and such instruments are revocable and automatically terminate upon disability or incapacity of the principal. | Although the record is unclear as to whether the Appellants had executed this type of power of attorney, to prevent any future confusion, the Court now clarifies that, at common law, a parent or legal guardian may transfer medical, educational, and other legal decision-making authority for his or her child or ward, to another adult through the execution of a power of attorney. Such instruments are revocable and automatically terminate upon disability or incapacity of the principal." | Can a power of attorney grant someone the authority to act as an agent? |
| 17548 | Cole v. McWillie, 464 S.W.3d 896, 902 (Tex. App. 2015) | 11 | An agent's authority to bind his principal terminates upon the principal's death. | Appellees' argument likens a principal's incapacity to a principal's death; the law is clear that an agent's authority to bind his principal terminates upon the principal's death. | Does an agents authority terminate upon the principals death? |
| 17549 | Eugene Theatre Co. v. City of Eugene, 194 Or. 603, 637 (Or. 1952) | 20 | An "excise tax" is something cut off from the price paid on a sale of goods as a contribution to the support of the government. | While the distinction sometimes is not recognized and inexact expressions regard the two as synonymous, an excise tax is in its proper sense 'something cut off from the price paid on a sale of goods as a contribution to the support of the government. | What is an excise tax? |
| 17556 | Brenny v. Bd. of Regents of the Univ. of Minn., 813 N.W.2d 417, 279 Ed. Law Rep. 1209, 420 (Minn. Ct. App. 2012) | 1 | University of Minnesota is a legal entity within the State of Minnesota; the university has autonomous status as a constitutional corporation. | The University of Minnesota is a legal entity within the State of Minnesota. The university has "autonomous status" as *421 a "constitutional corporation." | Is a university a constitutional corporation? |
| 17561 | Nuzum v. Spriggs, 357 Pa. 531, 534 (Pa. 1947) | 3 | Where agent has authority to exercise discretion, his exercise thereof will bind principal. | "Where the agent has authority to exercise discretion his exercise thereof will bind the principal." Cardon's Estate, 278 Pa. | "When an agent has authority to exercise discretion, will his exercise bind the principal?" |
| 17568 | Appling v. Stuck, 164 N.W.2d 810, 812 (Iowa 1969) | 1 | A pleading must present a legally justiciable issue; a deficiency will not be supplied by the court. | What these rules mean is that a pleading must present a legally justiciable issue. A deficiency will not be supplied by the court. | Will a deficiency in the pleadings be supplied by the court? |
| 17571 | Laurie v. Ezard, 595 S.W.2d 336, 338 (Mo. Ct. App. 1980) | 5 | Whether case is prosecuted diligently must be decided on case-by-case basis. | Whether a case is prosecuted diligently must be decided on a case by case basis. | "Is a case that is prosecuted diligently, decided on case-by-case basis?" |
| 17575 | Berg v. State Board of Agriculture, 919 P.2d 254, 259 (Colo. 1996) | 4 | Equitable estoppel, because it is based on misrepresentation of facts, is fundamentally tort theory. | Equitable estoppel, because it is based on the misrepresentation of facts, is fundamentally a tort theory. | Is equitable estoppel fundamentally a tort theory? |
| 17576 | Lampton v. LaHood, 94 Md. App. 461, 476 (Md. Ct. Spec. App. 1993) | 5 | All that is needed to create equitable estoppel is: voluntary conduct or representation, reliance, and detriment. | Indeed, all that is needed to create an equitable estoppel is (1) voluntary conduct or representation, (2) reliance, and (3) detriment. | What is needed to create an equitable estoppel? |

| | | | | | |
|---|---|---|---|---|---|
| 17588 | In re King Memorial Hospital, Inc., 19 B.R. 885, 891 (S.D. Fla. 1982) | 3 | Estoppel means nothing more than application of rules of fair play. | Estoppel means nothing more than the application of the rules of fair play | Does estoppel mean nothing more than the application of fair play? |
| 17589 | Sun Oil Co., 626 S.W.2d 726, 734 (Tex. 1982) | 8 | Estoppel is a defensive theory and does not create a contract right that does not otherwise exist. | Estoppel, however, is a defensive theory. It does not create a contract right that does not otherwise exist. | Does estoppel create a contract that does not otherwise exist? |
| 17591 | Board of County Comm'rs v. DeLozier, 917 P.2d 714, 716 (Colo. 1996) | 5 | While doctrine of promissory estoppel is applicable to promises, doctrine of equitable estoppel is applicable to misstatements of fact. | The doctrine of promissory estoppel should not be confused with the doctrine of equitable estoppel. While the doctrine of promissory estoppel is applicable to promises, the doctrine of equitable estoppel is applicable to misstatements of fact. | Is equitable estoppel applicable to misstatements of fact? |
| 17593 | Allin, Ins. Com., v. Motorists' Alliance of A., Inc., 234 Ky. 714, 29 S.W.2d 19, 723 (Ky. Ct. App. 1930) | 2 | One cannot change nature of insurance business by declaring in contract that it is not insurance. | No one can change the nature of insurance business by declaring in the contract that it is not insurance. | Will the nature of insurance business change if it is expressly declared in the contract that it is not insurance? |
| 17601 | Edgar County Bk. T. Co. v. Paris Hospital, 57 Ill. 2d 298, 312 N.E.2d 259, 302 (Ill. 1974) | 2 | The dismissal of one defendant, with prejudice, does not bar an action against other defendants who might be held jointly or severally liable. | Although this court has not previously considered the question, the appellate court has held that the dismissal of one defendant, with prejudice, does not bar an action against other defendants who might be held jointly or severally liable | "Once having dismissed an action, does the trial court have no jurisdiction to grant affirmative relief to the parties based on their subsequent petitions for affirmative relief?" |
| 17602 | Watson v. Gen. Motors Corp., 479 S.W.2d 104, 106 (Tex. Civ. App. 1972) | 1 | Until interlocutory judgment of dismissal is set aside, it is valid and binding. | Until an interlocutory judgment is set aside, it is valid and binding. | "Until interlocutory judgment of dismissal is set aside, is it valid and binding?" |
| 17603 | Frasier v. Palmetto Homes of Florence, Inc., 323 S.C. 240, 245 (1996) | 12 | Agency may not be established solely by declarations and conduct of alleged agent. | Moreover, an agency may not be established solely by the declarations and conduct of an alleged agent. | Can an agency be established solely by the declarations of an agent? |
| 17605 | Desai v. ADT Security Systems, Inc., 78 F. Supp. 3d 896, 903 (N.D. Ill. 2015) | 2 | Under Colorado law, an "agent" is generally one who acts for, or in place of, another i.e., the principal, or is entrusted with the business of another. | Under Colorado law, "[a]n 'agent' is generally one who acts for, or in place of, another [i.e., the principal], or is entrusted with the business of another." | Who is an agent? |
| 17613 | Fiandaca v. Niehaus, 570 S.W.2d 714, 716 (Mo. Ct. App. 1978) | 8 | Only if affirmative defense is irrefutably established by petition can petition be dismissed on such ground. | Only if an affirmative defense is irrefutably established by the plaintiff's petition can a petition be dismissed on that ground. | Can a petition be dismissed only if affirmative defense is irrefutably established by petition? |
| 17614 | Carver v. Morrow et al, 213 S.C. 199, 48 S.E.2d 814, 204 (S.C. 1948) | 10 | Authorized acts of agents are acts of principal, and agent's exercise of authority is an execution of principal's continuing will. | The reason for this rule is that the authorized acts of the agent are in their nature the acts of the principal, and by legal fiction the agent's exercise of authority is regarded as an execution of the principal's continuing will. | Is an agents exercise of authority regarded as execution of the principals continuing will? |
| 17615 | Carver v. Morrow et al, 213 S.C. 199, 48 S.E.2d 814, 204 (S.C. 1948) | 9 | Generally, when not coupled with an interest, agency terminates on death of principal. | Generally, where not coupled with an interest, the agency terminates upon the death of the principal. | Does an agency terminate upon the death of the principal when not coupled with an interest? |

| 17616 | First Jackson Sec. v. B.F. Goodrich Co., 253 Miss. 519, 176 So. 2d 272, 532 (Miss. 1965) | 4 | "Agent" is one who stands in shoes of his principal, and his principal's alter ego; word "employee" is not synonymous with "agent". | Ferguson was an employee of appellant, but the word 'employee' is not synonymous with the word 'agent', because an agent is one who stands in the shoes of his principal; he is his principal's alter ego. In 2 C.J.S. | Is employee synonymous with agent? |
| 17617 | Chou v. University of Chicago, 254 F.3d 1347, 1362 (Fed. Cir. 2001) | 18 | A fiduciary duty in Illinois may arise in one of two ways: it automatically arises from particular relationships, such as attorney-client and principal-agent, as a matter of law; and it may also arise from the special circumstances of the parties' relationship, such as when one party justifiably places trust in another so that the latter gains superiority and influence over the former. | A fiduciary duty in Illinois may arise in one of two ways. A fiduciary relationship automatically arises from particular relationships, such as attorney-client and principal-agent, as a matter of law. A fiduciary relationship may also arise from the special circumstances of the parties' relationship, such as when one party justifiably places trust in another so that the latter gains superiority and influence over the former. | Can a fiduciary relationship arise from attorney-client relationships? |
| 17623 | Syracuse Rur. Fire Dist. v. Pletan, 254 Neb. 393, 394 (1998) | 5 | "Franchise" is property or a vested right, protected by the Constitution that, if accepted and acted on, does create a contract. | A franchise is property or a vested right, protected by the U.S. Constitution that, if accepted and acted on, does create a contract. | Is a franchise a vested right? |
| 17628 | Capelle v. Makowski, 93 Misc. 2d 436, 447, 402 N.Y.S.2d 904, 912 (Sup. Ct. 1977), aff'd, 62 A.D.2d 1167, 404 N.Y.S.2d 473 (1978) | 17 | Fact that tax is more burdensome to some than others will not invalidate tax which legislature has determined to be necessary, nor will the fact that the tax imposed is a regressive one. | The fact that it is more burdensome to some than to others will not invalidate a tax which the legislature has determined necessary, nor will the fact that the tax imposed is a regressive one. | "What is a ""regressive tax""?" |
| 17630 | Xerox Corp. v. Cnty. of Orange, 66 Cal. App. 3d 746, 756, 136 Cal. Rptr. 583, 589 (Ct. App. 1977) | 8 | Sales tax law imposes a tax at a fixed rate upon the gross receipts and not on the individual sales, and fact that law authorizes a bookkeeping method to compute the amount of tax separately from the sales price does not change the character of the tax. West's Ann.Rev. & Tax.Code, S 6051. | The law imposes a tax at a fixed rate upon the gross receipts and not on the individual sales, and the fact that the law authorizes a bookkeeping method to compute the amount of the tax separately from the sales price does not change the character of the tax. | Does the sales tax law imposes a tax at a fixed rate upon the gross receipts? |
| 17638 | Am. Ins. Co. v. Saulnier, 242 F. Supp. 257, 261 (D. Conn. 1965) | 7 | Function of policy is to divide economic duty to make reparation to injured party, not to keep the peace. | The function of an insurance policy is not to keep the peace— it is to divide the economic duty to make reparation to the injured party. | What is the function of an insurance policy offered by an insurance company? |
| 17640 | Barragan v. Banco BCH, 188 Cal. App. 3d 283, 299, 232 Cal. Rptr. 758, 767 (Ct. App. 1986) | 17 | Motion to dismiss may be substituted for demurrer as first pleading, and if denied, it is treated as demurrer overruled without leave to amend. | A motion to dismiss may be substituted for a demurrer as the first pleading. If denied, it is treated as a demurrer overruled without leave to amend. | Can a motion to dismiss be substituted for demurrer as a first pleading? |

| | | | | | |
|---|---|---|---|---|---|
| 17643 | Hampton v. Marvin, 105 N.H. 34, 35 (1963) | 1 | Power of taxation is attribute of sovereignty belonging to people and, under Constitution, is vested in Legislature. Const. pt. 2, art. 2. | The law is well established in this state that the power of taxation is an attribute of sovereignty belonging to the people which under our constitution is vested in the legislature. Const. Pt. II, Art. | Is the power of taxation vested in the legislature? |
| 17648 | Hahn v. Oregon Physicians Service, 689 F.2d 840, 842 (9th Cir. 1982) | 3 | Insurance is a contractual relationship which exists when an insurer, for consideration, agrees to reimburse an insured for loss cause by designated contingencies; the underwriting and subsequent spreading of the policyholder's risk is the primary element of the insurance contract. | The insurance contract involves a contractual relationship which exists when an insurer, for consideration, agrees to reimburse an insured for loss caused by designated contingencies. This underwriting and subsequent spreading of the policyholder's risk is the primary element of the insurance contract and is, therefore, the "business of insurance." | What are the primary elements of an insurance contract? |
| 17655 | State of Ohio v. Eubank, 295 Mich. 230, 234 (1940) | 5 | In case of a note, place of contracting is where note is first delivered for value. | In the case of a promissory note, the place of contracting is where the note is first delivered for value. | Is the place where the note is first delivered for value the place of contracting? |
| 17657 | Adams v. United States, 117 Fed.Cl. 628, 671 (Fed.Cl., 2014) | 7 | Interpretive doubt regarding the reading of a statute pertaining to veterans is to be resolved in the veteran's favor. | The court also notes that "interpretive doubt" regarding the reading of a statute pertaining to veterans "is to be resolved in the veteran's favor." | Are statutes pertaining veterans to be construed in the veterans' favor? |
| 17661 | Comm'r v. Estate of Sanders, 834 F.3d 1269, 1279 (11th Cir. 2016) | 8 | While a person may have only one domicile at a time, a person may have multiple residences simultaneously. | Additionally, while a person may have only one domicile at a time, cases have recognized the possibility that one person may have multiple residences simultaneously. | "Can an individual have multiple residences, but only one domicile as a basis for personal jurisdiction?" |
| 17662 | In re Murrin, 461 B.R. 763, 783 (D. Minn. 2012) | 17 | "Domicile" and "residence" are not synonymous; person can reside in one place while being domiciled in a different place. | Domicile and residence are not synonymous terms; a person can reside in one place while being domiciled in a different place. | Can a person reside in one place while being domiciled in a different place? |
| 17664 | Hedged Inv. Partners v. Norwest Bank Minnesota, N.A., 578 N.W.2d 765, 772 (Minn. Ct. App. 1998) | 5 | Course-of-conduct waiver is based on the theory of estoppel and requires detrimental reliance. | A course-of-conduct *772 waiver is based on the theory of estoppel and requires detrimental reliance. | Is course-of-conduct waiver based on the theory of estoppel? |
| 17665 | In re Farley, Inc., 237 B.R. 702, 722 (N.D. Ill. 1999) | 24 | Under Ohio law, there can be no liability upon part of guarantor if there is no valid obligation against principal debtor. | Under Ohio law, "there can be no liability upon the part of a guarantor if there is no valid obligation against the principal debtor." Banana Sales Corp. | Is a guarantor liable to pay a debt which a principal debtor is not bound to pay? |
| 17669 | Brown v. Mutual of New York Life Ins. Co., 213 F. Supp. 2d 667, 669 (Dist. Court, SD Mississippi 2002) | 3 | Domicile, more than where the party resides, is the place a person calls home; thus, when determining a party's domicile, a court looks to such factors as where the person resides, where he works, goes to school, pays his taxes, is registered to vote, the place of his drivers license, and location of family, among others. | "Domicile is, however, more than where the party resides-it is the place a person calls home. Thus, when determining a party's domicile, a court looks to such factors as where the person resides, where he works, goes to school, pays his taxes, is registered to vote, the place of his drivers license, and location of family," among others. | "Is a domicile, more than where the party resides, the place a person calls home?" |

| | | | | | |
|---|---|---|---|---|---|
| 17673 | Midway Motor Lodge v. Hartford Ins. Group, 226 Wis. 2d 23, 35-37 (Wis. Ct. App. 1999) | 10 | Ad damnum clause is not a substantive part of the complaint; it is nothing more than an "asking price." | Similarly, a demand in the ad damnum clause for "incidental and consequential damages suffered as a result of Hunzinger's negligence" is unsatisfactory because the ad damnum clause is not a *36 substantive part of the complaint, see John v. John, 153 Wis.2d 343, 367, 450 N.W.2d 795, 806 (Ct.App.1989); it is nothing more than an "asking price," see Affett v. Milwaukee & Suburban Transp. Corp., 11 Wis.2d 604, 614, 106 N.W.2d 274, 280 (1960). | Is the ad damnum clause a substantive part of the complaint? |
| 17676 | CRDA v. CITY OF ATLANTIC CITY, 18 N.J. Tax 463, 477 (Tax 1999) | 9 | Tax exemptions in favor of governmental agencies should be liberally construed. | As a general background matter, it should be kept in mind that "[tax] exemptions in favor of governmental agencies should be liberally construed." | How should the tax exemptions in favor of governmental agencies be construed? |
| 17691 | Sturbridge Builders v. Downing Seaport, 890 A.2d 58, 65 (R.I. 2005) | 14 | Waiver is the voluntary, intentional relinquishment of a known right; it results from action or nonaction. | "[W]aiver is the voluntary, intentional relinquishment of a known right. It results from action or nonaction." | Does waiver result from action or nonaction? |
| 17693 | Frunzar v. Allied Property and Cas. Ins. Co., 548 N.W.2d 880, 888 (Iowa 1996) | 15 | Professional statements of litigant's attorney are treated as affidavits, and attorney making statement may be cross-examined regarding substance of statement. | Under Iowa law, professional statements are treated as affidavits and the attorney making the statement may be cross-examined regarding the substance of the statement. | Do professional statements have the effect of an affidavit? |
| 17694 | Lackawanna v. St. Louis County, 497 F.3d 832, 836 (8th Cir. 2007) | 2 | In the absence of a formal agreement, an indefinite bailment arises under Missouri law from the relationship between a lender and a museum and is terminable at will. | In the absence of a formal agreement, the indefinite bailment arises from the relationship between a lender and a museum and is terminable at will. | Is a formal agreement required for a bailment? |
| 17697 | United States v. Neelly, 207 F.2d 281, 284 (7th Cir. 1953) | 3 | Burden of proof in establishing alienage in deportation proceedings is on the government. | The burden of proof in establishing alienage in deportation proceedings is of course on the government. | Who bears the burden of proof in establishing alienage in deportation proceedings? |
| 17699 | Stiles v. Clifton Springs Sanitarium Co., 74 F. Supp. 907, 909 (W.D.N.Y. 1947) | 2 | At common law, suicide was a crime and consequence was forfeiture of property of offender. | At common law suicide was a crime and the consequence was the forfeiture of the property of the offender. | Is the forfeiture of the offenders property a consequence of suicide? |
| 17705 | Costanzo v. Costanzo, 248 N.J. Super. 116, 590 A.2d 268, 121 (Law Div. 1991) | 3 | Any "specific thing," debt, or chose in action may be subject of assignment, but that which is not in existence or cannot be identified cannot be assigned. | Any "specific thing," debt or chose in action may be the subject of an assignment. 6 Am.Jur.2d 1. Obviously, that which is not in existence or cannot be identified cannot be assigned. | Can any specific thing be assigned to effectuate a legal assignmen? |
| 17718 | Waldor Realty Corp. v. Town Clerk of Bellingham, 350 Mass. 669, 671, 216 N.E.2d 453, 454 (1966) | 2 | Averments of crucial facts in pleading should be clear, direct and unequivocal. | Averments of crucial facts in a pleading should be clear, direct, and unequivocal. | Should averments of crucial facts in a pleading be direct and unequivocal? |

| 17720 | American Express v. First Continental Bank, 579 F. Supp. 1305, 1309 (W.D. Mo. 1984) | 1 | Under Kansas law, surety bond is treated as contract for insurance, and bond is subject to same rules of construction that apply to insurance contracts. | Under Kansas law a surety bond is treated as a contract for insurance. The bond is subject to the same rules of construction that apply to insurance contracts. | Are surety bonds considered as insurance policy? |
|---|---|---|---|---|---|
| 17724 | Lower Nueces River Water Supply Dist. v. Live Oak County, 312 S.W.2d 696, 701 (Tex. Civ. App. 1958) | 5 | Roads and bridges of state, although constructed by county, are property of state and not county. | Roads and bridges of the State, although constructed by a County, are property of the State and not the County. | Are the roads and bridges of the State constructed by a County the property of the State? |
| 17725 | Appeal of News Pub. Co., 12 Kan. App. 2d 328, 332, (Kan.App., 1987) | 3 | Entire matter of taxation is legislative and does not exist apart from statute; legislature is empowered to provide means and agencies for carrying out its responsibilities in matter of taxation. | The entire matter of taxation is legislative and does not exist apart from statute. The legislature is empowered to provide the means and agencies for carrying out its responsibilities in matters of taxation. | Does the entire matter of taxation exist apart from statute? |
| 17726 | Procella v. Beto, 319 F. Supp. 662, 672 (S.D. Tex. 1970) | 7 | In Texas, as a general rule, affidavits which are notarized by counsel offering them into evidence are void. | In Texas, as a general rule, affidavits which are notarized by the counsel offering them into evidence are void. | Are affidavits which are notarized by the counsel void? |
| 17728 | Metmor Financial, Inc. v. Landoll Corp., 976 S.W.2d 454, 461 (Mo. Ct. App. 1998) | 9 | Subrogation compels ultimate payment of debt by one who, in justice, equity and good conscience, should pay it. | "Subrogation compels the ultimate payment of a debt by one who, in justice, equity and good conscience, should pay it." Id. | What does equitable subrogation compel? |
| 17730 | Schmidt v. Cal-Dive Int'l, Inc., 240 F. Supp. 3d 532, 542 (W.D. La. 2017) | 6 | In Louisiana, defamatory words are divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. | In Louisiana, defamatory words have traditionally been divided into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. | What are the two categories of defamatory words? |
| 17737 | In re Investigation into Injury of Brooks, 143 N.C. App. 601, 604 (2001) | 2 | If, during the course of litigation, an action becomes moot, it should usually be dismissed. | It is axiomatic that if, during the course of litigation, an action becomes moot, it should usually be dismissed. | Should an action be dismissed if during the course of litigation it becomes moot? |
| 17740 | Care Grp. Heart Hosp. v. Sawyer, 80 N.E.3d 190, 206 (Ind. App. 2017) | 26 | Purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery. | We are, as ever, mindful that "[t]he purpose of the discovery rules is to allow for minimal trial court involvement and to promote liberal discovery." | What is the purpose of discovery rules? |
| 17741 | Rayonier, Incorporated v. Polson, 400 F.2d 909, 919 (9th Cir. 1968) | 22 | Under Washington law, standing timber owned by owner of real property on which it is growing is regarded as real property. | In Washington, standing timber owned by the owner of the real property upon which it is growing has always been regarded as real property.' | Is standing timber real property? |
| 17743 | Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2066 (2013) | 1 | Class arbitration is matter of consent: arbitrator may employ class procedures only if parties have authorized them. | [1] Class arbitration is a matter of consent: An arbitrator may employ class procedures only if the parties have authorized them. | Is class arbitration a matter of consent? |
| 17744 | Ga. Cas. & Sur. Co. v. Woodcraft by MacDonald, Inc., 315 Ga. App. 331, 726 S.E.2d 793, 796 (2012) | 1 | The right of subrogation can arise from either equity, contract, which is referred to as "conventional subrogation," or statute. | "The right of subrogation can arise from either equity, contract, which is referred to as 'conventional subrogation,' or **797 statute." | Can the right of subrogation arise from contract? |

| 17753 | Osterman v. Baber, 714 N.E.2d 735, 738 (Ind. Ct. App. 1999) | 5 | Equitable subrogation is a highly favored doctrine, which is to be given a liberal application. | Equitable subrogation is " 'a highly favored doctrine, which is to be given a liberal application.' " Nally, 820 N.E.2d at 652 (quoting Osterman v. | Is subrogation a highly favored doctrine that demands liberal application? |
|---|---|---|---|---|---|
| 17756 | First Bank Trust v. Novak, 12 Kan. App. 2d 407, 407 (Kan. Ct. App. 1987) | 3 | Restriction against assignment is restraint on alienation, and as such it is strictly construed against party urging restriction. | A restriction against assignment is a restraint on alienation, and as such it is strictly construed against the party urging the restriction. | Are restrictions on assignments strictly construed? |
| 17757 | SCA Services, Inc. v. Transportation Insurance, 419 Mass. 528, 532 (1995) | 8 | Basic purpose of insurance is to protect against fortuitous events and not against known certainties; parties wager against occurrence or nonoccurrence of specified event, and carrier insures against risk, not certainty. | Stated differently, the basic purpose of insurance is to protect against fortuitous events and not against known certainties. Parties wager against the occurrence or nonoccurrence of a specified event; the carrier insures against a risk, not a certainty. | Does insurance provide protection against known certainties? |
| 17759 | DeCespedes v. Prudence Mut. Cas. Co., 193 So. 2d 224, 227 (Fla. Dist. Ct. App. 1967) | 12 | An assignment generally refers to or connotes a voluntary act of transferring an interest. | By contrast, an assignment generally refers to or connotes a voluntary act of Transferring an interest. | Will an assignment which is the transfer of an interest be voluntary in nature? |
| 17762 | State v. Dunbar, 361 S.C. 240, 247 (Ct. App. 2004) | 6 | An affidavit differs from an oath in that an "affidavit" consists of statements of fact which is sworn to as the truth, while an "oath" is a pledge. | "An affidavit is a voluntary ex parte statement reduced to writing and sworn to or affirmed before some person legally authorized to administer an oath or affirmation ... It differs from an oath in that an affidavit consists of statements of fact which is sworn to as the truth, while an oath is a pledge...." | Is there any difference between an affidavit and an oath? |
| 17764 | Zinner v. Louis Meyers & Son, 181 Misc. 344, 344–45, 43 N.Y.S.2d 319, 320 (Sup. Ct. 1943) | 4 | A "deposition" is testimony given under oath, pursuant to notice, upon oral or written interrogatories, and with opportunity for cross-examination. | An affidavit is an exparte statement, made without notice, and with no opportunity for cross-examination; a deposition is testimony given under oath, pursuant to notice, upon oral or *345 written interrogatories, and with opportunity for cross-examination. | Can an affidavit be subjected to cross examination? |
| 17765 | Grieve v. Mullaly, 211 Cal. 77, 79, 293 P. 619, 620 (1930) | 3 | An offer to contract is purely personal to offeree, and not assignable. | It is equally elementary that an offer to contract is not assignable; it being purely personal to the offeree. | "Is an offer to contract purely personal to offeree, and not assignable?" |
| 17769 | Business Loan Center v. Nischal, 331 F. Supp. 2d 301, 310 (D.N.J. 2004) | 24 | Title to real estate is governed by laws of place where it is situated. | "Courts and jurists everywhere agree that the title to real estate is governed by the laws of the place where it is situated." | Which law governs the title to real estate? |
| 17772 | Greenwood v. Compucredit Corp., 615 F.3d 1204, 1208 (9th Cir. 2010) | 6 | The act of suing in a court of law is distinctly different from arbitration. | The statute does not provide a right to "some form of dispute resolution," but instead specifies the "right to sue." The act of suing in a court of law is distinctly different from arbitration. | Is the act of suing in a court of law the same as arbitration? |
| 17776 | Prime Prod. v. S.S.I. Plastics, 97 S.W.3d 631, 637 (Tex. App. 2002) | 20 | Bailment generally does not create formal, fiduciary relationship between bailee and bailor. | A bailment generally does not create a formal, fiduciary relationship between bailee and bailor. | Is the relationship between a bailor and a bailee a fiduciary relationship? |

| 17777 | McAdams v. McAdams, 267 So. 2d 908, 910 (La. Ct. App. 1972) | 4 | Judgment of separation dissolves community and vests each of parties with an undivided one-half interest therein. | Of course, the judgment of separation dissolved the community and vested each of the parties with an undivided one half interest therein. | Does the community property dissolve after separation? |
|---|---|---|---|---|---|
| 17779 | McConico v. Alabama Dept. of Corrections, 893 So. 2d 577, 579 (Ala. Crim. App. 2004) | 2 | The Board of Pardons and Paroles is a legislative agency, rather than an administrative agency. | However, as both this Court and the Court of Civil Appeals have recognized, the Board of Pardons and Paroles is a legislative agency, rather than an administrative agency. | Is Board of Pardons and Paroles an administrative agency? |
| 17780 | Nissan North America, Inc. v. Haislip, 155 S.W.3d 104, 108 (Tenn. Ct. App. 2004) | 9 | The type of bailment which constitutes a loan is a bailment for the sole benefit of the bailee; it is an uncompensated lending in which the bailee is the sole beneficiary. | By contrast, the type of bailment which constitutes a "loan" is a bailment for the sole benefit of the bailee. Id. 18. It is an uncompensated lending in which the bailee is the sole beneficiary. Id. A loan is a "bailment without reward." Black's Law Dictionary 844 (5th ed.1979). | Is a loan a form of bailment? |
| 17782 | Ten Broeck Dupont, Inc. v. Brooks, 283 S.W.3d 705, 733 (Ky. 2009) | 33 | Negligence and assault and battery claims are mutually exclusive. | In fact, "[i]t is well settled that negligence and assault and battery claims are mutually exclusive." | Are negligence and assault and battery claims mutually exclusive? |
| 17790 | Pace v. Pace, 160 S.W.3d 706, 715 (Tex. App. 2005) | 23 | Proceeds from the sale of separate property are the separate property of the spouse whose property was sold. | But proceeds from the sale of separate property are the separate property of the spouse whose property was sold. | Are proceeds from the sale of a spouses separate property considered as separate property? |
| 17799 | Cortiza v. Rosenblat, 291 So. 2d 425, 428 (La. Ct. App. 1974) | 5 | A partnership is a separate legal entity from its partners and has the procedural capacity to be sued in its own name. LSA-C.C.P. art. 737. | A partnership is a separate legal entity from its partners and has the procedural capacity to be sued in its own name. | Can a partnership be sued in its own name? |
| 17801 | Okanogan Highlands Alliance v. Williams, 236 F.3d 468, 479 (9th Cir. 2000) | 10 | Federal agencies owe fiduciary responsibility to Native American tribes. | Federal agencies owe a fiduciary responsibility to Native American tribes. | Do federal agencies hold a fiduciary relationship with Indian tribes? |
| 17803 | Hall v. Luby Corp., 232 N.J. Super. 337, 346 (1989) | 6 | Term "fixture" and phrase "improvement to real property" are not synonymous; a fixture by definition is an improvement to real property, but an improvement to real property need not be a fixture. | While analogizing to fixture law is helpful in construing the statutory provision, the term "fixture" and the phrase "improvement to real property" are not synonymous: a fixture, by definition, is an improvement to real property, but an improvement to real property need not be a fixture. | Are fixtures real property? |
| 17809 | Durden v. State, 250 Ga. 325, 328 (Ga. 1982) | 7 | Physical injury is not required for criminal responsibility for homicide. | We hold that a physical injury is not required for criminal responsibility for homicide. | Is physical injury required for criminal responsibility for homicide? |
| 17813 | Hendrick v. Caldwell, 232 F. Supp. 3d 868, 879 (W.D. Va. 2017) | 12 | A "cause of action" is the set of operative facts which, under the substantive law, gives rise to a right of action. | "[A] cause of action is a set of operative facts which, under the substantive law, may give rise to a right of action." | What is a cause of action? |
| 17818 | Brown v. Collins, 402 F.2d 209, 213 (D.C. Cir. 1968) | 10 | Statement to be privileged as communication preliminary to a judicial proceeding must be made in character of a litigant. | A statement to be privileged as a communication preliminary to a judicial proceeding must be made 'in character' of a litigant. | What is a privileged communication? |

| 17822 | Harris Cty. Flood Control Dist. v. Kerr, 445 S.W.3d 242, 258 (Tex. App. 2013) | 29 | Proximate cause is an essential element of a takings case; without causation, there is no taking. | Proximate cause is an essential element of a takings case. "[W]ithout causation, there is no 'taking.' " | Is proximate cause an essential element in takings claim? |
|---|---|---|---|---|---|
| 17824 | Pittsburgh v. Pa. P.U.C., 165 Pa. Super. 519, 69 A.2d 844, 528 (Pa. Super. Ct. 1949) | 4 | The property of a public utility is private property, but it is also property devoted to public service and is impressed with a public interest. | The property of a public utility is still private property, but it is property devoted to the public service and impressed with a public interest. | Is property of a public utility still private property? |
| 17828 | State v. Rumble, 680 S.W.2d 939, 941 (Mo. 1984) | 1 | At common law, a homicide was either murder or manslaughter. | We initially observe that "at common law, a homicide was either murder or manslaughter ...." | Was homicide considered as either manslaughter or murder at common law? |
| 17833 | Dieden v. Schmidt, 104 Cal. App. 4th 645, 654, 128 Cal. Rptr. 2d 365, 371 (2002) | 16 | Doctrine of equitable subrogation invokes court's equitable jurisdiction. | As its name suggests, the doctrine of equitable subrogation invokes the court's equitable jurisdiction. | Does the doctrine of equitable subrogation invoke a trial court's equitable jurisdiction? |
| 17837 | Chamber of Commerce of U.S. v. Nat'l Labor Relations Bd., 879 F. Supp. 2d 18, 27 (D.D.C. 2012) | 7 | Abstaining voter is counted in determining presence of a quorum. | Indeed, it is axiomatic that "[a]n abstaining voter ... is counted in determining the presence of a quorum." | Is an abstaining voter counted when determining the presence of a quorum? |
| 17838 | McKeel v. Islamic Republic of Iran, 722 F.2d 582, 588 (9th Cir. 1983) | 12 | United States embassies are not within the territorial jurisdiction of the United States. | Thus, United States embassies are not within the territorial jurisdiction of the United States. | Are United States embassies within the territorial jurisdiction of the United States? |
| 17841 | Alexander v. State, 126 Tex. Crim. 625, 629 (Tex. Crim. App. 1934) | 1 | Incest is offense against society in which both parties ordinarily engage with same intent and purpose as principals. | Incest is an offense against society in which both parties ordinarily engage with the same intent and purpose; hence both parties to the offense are principals and equally guilty. | Is incest an offense against society? |
| 17850 | Bochenek v. Walgreen Co., (N.D.Ind. 1998), 18 F. Supp. 2d 965, 971 (N.D. Ind. 1998) | 10 | Under Indiana law, if a communication is defamatory per se, damages need not be specially pleaded or proved, and malice will be implied. | If a communication is defamatory per se, damages need not be specially pleaded or proved, and malice will be implied. | When is malice implied in an action for defamation? |
| 17857 | Union Planters Bank, N.A. v. FT Mortgage Co., 341 Ill. App. 3d 921, 794 N.E.2d 360, 925 (Ill. App. Ct. 2003) | 6 | There are two types of subrogation: (1) contractual or conventional rights, and (2) common law or equitable rights. | There are two types of subrogation - contractual or conventional rights and common law or equitable rights. | Are the two types of subrogation conventional and equitable? |
| 17858 | Bel Air & Briney v. City of Kent, 190 Wash. App. 166, 358 P.3d 1249, 190 Wn. App. 166, 173 (Wash. Ct. App. 2015) | 1 | Subrogation is an equitable remedy, and is founded in the facts and circumstances of each particular case. | Subrogation is " 'an equitable remedy,' " and is " 'founded in the facts and circumstances of each particular case.' " | Does equitable subrogation depend on the facts and circumstances of each case? |
| 17859 | Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 376 (Fla. 2008) | 18 | Equitable (sometimes referred to as legal) subrogation arises by operation of law. | Unlike conventional subrogation, which is created by an express agreement, equitable (sometimes referred to as legal) subrogation arises by operation of law. | Does subrogation arise by operation of law or agreement? |
| 17860 | In re North American Rubber Thread Co., Inc., 333 B.R. 144, 168 (D. Mass. 2005) | 7 | Doctrine of equitable subrogation is available when there is no express subrogation agreement. | The doctrine of equitable subrogation is available where there is not an express subrogation agreement | Is the doctrine of equitable subrogation available when there is no express subrogation agreement? |

| 17861 | Dieden v. Schmidt, 104 Cal. App. 4th 645, 654, 128 Cal. Rptr. 2d 365, 371 (2002) | 16 | Doctrine of equitable subrogation invokes court's equitable jurisdiction. | As its name suggests, the doctrine of equitable subrogation invokes the court's equitable jurisdiction. | Does the Doctrine of equitable subrogation invoke a court's equitable jurisdiction? |
| 17868 | Others First, Inc. v. Better Bus. Bureau of Greater St. Louis, Inc., 829 F.3d 576, 582 (8th Cir. 2016) | 16 | Alleging a conflict of interest is not defamatory under Missouri law unless it implies undisclosed defamatory facts. | Alleging a conflict of interest is not defamatory unless it implies undisclosed defamatory facts. | Are allegations of conflict of interests defamatory? |
| 17869 | Harris v. Wallette, 538 So. 2d 728, 732 (La. Ct. App. 1989) | 5 | Whether parties have used the word "partnership" is immaterial in determining whether their enterprise is a partnership. | Whether the parties have used the word "partnership" is immaterial in determining whether their enterprise is a partnership. | "If the parties do not use the words partners or partnership, will that affect the existence of the partnership?" |
| 17871 | In re Funneman, 155 B.R. 197, 200 (S.D. Ill. 1993) | 4 | Under Illinois law, partners' rights in partnership property are secondary to rights of partnership creditors; until creditors of partnership are satisfied, no partner has right to any distribution from partnership. | Moreover, partners' rights in partnership property are secondary to the rights of partnership creditors. " 'Until the creditors of the partnership are satisfied, each partner has no right to any distribution from the partnership.' | Are partners rights in partnership property secondary to the rights of partnership creditors? |
| 17872 | McGurren v. City of Fargo, 66 N.W.2d 207, 210 (N.D. 1954) | 2 | A demurrer does not admit inferences and conclusions unless they appear clearly drawn from the facts alleged. | [2] A demurrer however, does not admit inferences and conclusions unless they appear clearly drawn from the facts alleged. | Does a demurrer admit the inferences or conclusions from the facts alleged in the complaint? |
| 17874 | Jakobsen v. Colonial Pipeline Company, 237 Ga. App. 441, 446 (1999) | 15 | Trial court can modify a ruling on a motion in limine. | However, "a trial court can modify a ruling on a motion in limine." Helton v. | Can a trial court modify a ruling on a motion in limine? |
| 17875 | Bifano v. Young, 665 S.W.2d 536, 541 (Tex.App. 13 Dist.,1983) | 13 | Granting of a motion in limine is not a final ruling on the evidence. | The granting of a motion in limine by the trial court is not a final ruling on the evidence. | Is the granting of a motion in limine not a final ruling on the evidence? |
| 17876 | Fed. Ins. Co. v. Hartford Steam Boiler Inspec, 415 F.3d 487, 494 (6th Cir. 2005) | 2 | Equitable subrogation is a flexible, elastic doctrine of equity. | Equitable subrogation is a "flexible, elastic doctrine of equity." | "Is equitable subrogation a flexible, elastic doctrine of equity, whose application should and must proceed on case-by-case analysis characteristic of equity jurisprudence?" |
| 17877 | In re Cone Constructors, Inc., 265 B.R. 302, 309 (Fla. 2001) | 4 | Under Florida law, surety is entitled to right of equitable subrogation with respect to any contract funds owed by owner of project, where contractor has defaulted on public construction project, and surety has performed its obligations under bond. | Based on the authorities discussed above, the Court finds that a surety is entitled to a right of equitable subrogation with respect to any contract funds owed by the owner of a project, where a debtor/contractor has defaulted on a public construction project, and the surety has performed its obligations under a bond. | Is a surety that satisfies its obligations under payment or performance bond subrogated to rights of party that he paid? |

| | | | | | |
|---|---|---|---|---|---|
| 17878 | Vang Chanthavong v. Aurora Loan Servs., Inc., 448 B.R. 789, 797 (E.D. Cal. 2011) | 13 | Under California law, a claim accrues when an action could have been brought. | A claim accrues when an "action could have been brought[.]" Id. Under California law, a claim accrues when a "wrongful act is done and the obligation or the liability arises[.]" Howard Jarvis Taxpayers Ass'n v. City of La Habra, 25 Cal.4th 809, 815, 107 Cal.Rptr.2d 369, 23 P.3d 601 (2001). | Does a claim or cause of action accrue when an action could have been brought? |
| 17879 | Pioneer Roofing Co. v. Mardian Constr. Co., 152 Ariz. 455, 463 (Ct. App. 1986) | 4 | Accrual of cause of action means right to institute and maintain suit. | The accrual of a cause of action means the right to institute and maintain a suit. | Does cause of action arise when party has a right to file suit? |
| 17880 | Whitney v. Whitney, 316 Mass. 367, 370, 55 N.E.2d 601, 602 (1944) | 2 | Actual injury and not anticipated injury is the ground of legal recovery. | 'Actual injury and not anticipated injury is the ground of legal recovery.' Daniels v. Newton, 114 Mass. 530, 539, 19 Am.Rep. 384. | Is actual injury and not anticipated injury the ground of legal recovery? |
| 17882 | Eck v. Godbout, 444 Mass. 724, 831 N.E.2d 296, 730 (Mass. 2005) | 5 | A claim arises at the time of the underlying incident giving rise to the claim. | A "claim" arises at the time of the "underlying incident" giving rise to the claim. | Does a claim arise at the time of the underlying incident? |
| 17884 | BARBER v. TADAYASU ABO, 186 F.2d 775, 777 (9th Cir. 1951) | 5 | Mere renunciation of one citizenship does not of itself create another, and it is only by the law of the nation of the successor citizenship that the renunciant may attain it. | Mere renunciation of one citizenship does not of itself create another. It is only by the law of the nation of the successor citizenship that the renunciant *778 may attain it. | Does mere renunciation of one citizenship create another? |
| 17886 | Stserba v. Holder, 646 F.3d 964, 973 (6th Cir. 2011) | 16 | It is within each state's domestic jurisdiction to decide who are its nationals. | "The basic rule under international law is that it is within each state's domestic jurisdiction to decide who are its nationals." | Is it within each states domestic jurisdiction to decide who its nationals are? |
| 17890 | Eckler v. Allen, 231 S.W.3d 379, 383 (Tenn. Ct. App. 2007) | 1 | Trial judges have the right to set and enforce deadlines. | Clearly, trial judges have the right to set and enforce deadlines. | Do trial judges have the right to set and enforce deadlines? |
| 17897 | Slater v. Jackson, 163 Ga. App. 342, 342 (1982) | 1 | Where no pretrial order is entered, pretrial proceedings end with commencement of trial proper and taking of evidence, and unfettered right to amend ceases and party may amend his pleading only by leave of court or by consent of adverse party. Code, S 81A-115. | In a case such as the one before us, where no pre-trial order is entered, "pre-trial proceedings end with the commencement of the trial proper and the taking of evidence. The unfettered right to amend ceases and a party may amend his pleading only by leave of court or by the consent of the adverse party. | When do pretrial proceedings end? |
| 17898 | Chavis v. Director, State Worker's Compensation Division, 924 S.W.2d 439, 446 (Tex. App. 1996) | 13 | Motion in limine is not valid substitute for objection or motion to strike. | A motion in limine is not a valid substitute for an objection or motion to strike. | Is a motion in limine a valid substitute for an objection or motion to strike? |
| 17900 | Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304, 1326 (D.Utah, 2008) | 22 | Under Utah law, subrogation must not work any injustice to the rights of others. | Furthermore, subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? |
| 17907 | Compuserve Inc. v. Cyber Promotions, 962 F. Supp. 1015, 1024 (S.D. Ohio 1997) | 6 | Use of personal property exceeding consent is trespass. Restatement (Second) of Torts S 256. | The use of personal property exceeding consent is a trespass. City of Amsterdam v. | Can the use of personal property exceeding consent constitute a trespass? |

| 17908 | Konecny v. United States, 388 F.2d 59, 65 (8th Cir. 1967) | 10 | A cause of action accrues at the time when an action thereon can be commenced. | 'A cause of action accrues at the time when an action thereon can be commenced.' Pettibone v. | Does a cause of action accrue at the time when an action thereon can be commenced? |
| 17910 | Coca-Cola Co. v. Harmar Bottling Co., 218 S.W.3d 671, 682 (Tex. 2006) | 6 | A statute will not be given extraterritorial effect by implication but only when such intent is clear. | We start with the principle that a statute will not be given extraterritorial effect by implication but only when such intent is clear. | Will a statute be given extraterritorial effect by implication? |
| 17916 | Hartford Life Ins. Co. v. Title Guarantee Co., 520 F.2d 1170, 1173 (D.C. Cir. 1975) | 1 | Right to sue did not accrue until plaintiff had a cause of action. | The right to sue did not accrue until the plaintiff had a cause of action. | Did right to sue accrue until plaintiff had a cause of action? |
| 17917 | Republic Ins. Co. v. Culbertson, 717 F. Supp. 415, 419 (E.D. Va. 1989) | 2 | Essential elements of a cause of action are a legal obligation, a breach, and consequential damage. | The essential elements of a cause of action are a legal obligation, a breach, and consequential damage. | Is occurrence of an injury essential for a cause of action? |
| 17921 | Com. Trading Co. v. Trade Bank & Tr. Co., 207 Misc. 510, 512, 137 N.Y.S.2d 339, 340–41 (Sup. Ct. 1954), rev'd, 286 A.D. 722, 146 N.Y.S.2d 570 (App. Div. 1955) | 1 | The free circulation of negotiable paper is to be encouraged and the law must be interpreted in that light. | It is axiomatic in a business society such as ours that the free circulation of negotiable paper is to be encouraged and the law must be **341 interpreted in that light. | How should the Negotiable Instrument Law be interpreted? |
| 17925 | Robinson v. Martel Enterprises, Inc., 337 So. 2d 698, 702 (Miss. 1976) | 9 | Waiver is conclusion of law, and facts constituting such excuse must be pleaded. | Waiver is a conclusion of law, and the facts constituting such excuse must be pleaded. | Should facts constituting waiver be pleaded? |
| 17930 | First Am. Title Ins. Co. v. Cumberland Cnty. Bank, 633 F. Supp. 2d 566, 583 (M.D. Tenn. 2009) | 19 | Under Tennessee law, burden is on party claiming subrogation to prove entitlement. | The burden is on the party claiming subrogation to prove an entitlement. | Is the burden on the party claiming subrogation to prove entitlement? |
| 17931 | Kofoed v. Industrial Com'n of Utah, 872 P.2d 484, 487 (Utah Ct. App. 1994) | 5 | Workers' compensation is centered on relationship between employer and employee. | Workers' compensation is centered on the relationship between employer and employee. | Is workers compensation centered on the relationship between the employer and employee? |
| 17939 | Crawford v. Cushman, 531 F.2d 1114, 1120 (2d Cir. 1976) | 2 | The military is subject to the Bill of Rights and its constitutional implications. | At the same time, a succession of cases in this circuit and others had reiterated the proposition that the military is subject to the Bill of Rights and its constitutional implications. | Is the military subject to the bill of rights and its constitutional implications? |
| 17942 | In re Spree.com Corp., 295 B.R. 762, 773 (Bankr. E.D. Pa. 2003) | 11 | Under Pennsylvania law, subrogation rights do not exist unless asserted by subrogee. | More importantly, subrogation rights do not exist unless asserted by the subrogee. | Do subrogation rights exist unless asserted by a subrogee? |
| 17943 | S.C. Nestel, Inc. v. Future Const., Inc., 836 N.E.2d 445, 452 (Ind. Ct. App. 2005) | 16 | Negligence and breach of contract do not supersede a waiver of subrogation. | And as noted in Midwestern, negligence and breach of contract do not supersede a waiver of subrogation. | Does negligence and breach of contract supersede a waiver of subrogation? |
| 17945 | Footlocker v. KK & J, 69 A.D.3d 481, 482, (N.Y. App. 2010) | 3 | Waiver of subrogation clauses are necessarily premised on the procurement of insurance by the parties. | Paul points out, waiver of subrogation clauses are "necessarily premised on the procurement of insurance by the parties" | Does a party need insurance to waive of subrogation clauses? |

| 17946 | In re Spree.com Corp., 295 B.R. 762, 772 (Bankr. E.D. Pa. 2003) | 9 | Under Pennsylvania law, subrogation is not self-executing, but is right which must be pursued with reasonable diligence by the alleged subrogee or it is lost. | To the contrary, subrogation is not self-executing. Rather, it is a right which must be pursued with "reasonable diligence" by the alleged subrogee or lost. | Can subrogation be self-executing? |
| 17947 | Noroton Props., LLC v. Lawendy, 154 Conn. App. 367, 372 (2014) | 2 | A "promissory note" is nothing more than a written contract for the payment of money, and, as such, contract law applies. | "A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies.... The rules governing contract formation are well settled.... | Is a promissory note a contract? |
| 17950 | Rodgers v. Rab Investments, Ltd., 816 S.W.2d 543, 548 (Tex. App. 1991) | 13 | Ouster of partner is sufficient expression of will to dissolve partnership; partnership continues to exist, at least for purposes of winding up, and only on termination of partnership does relationship end. | An ouster of a partner is a sufficient expression of will to dissolve the partnership. The partnership continues to exist, at least for the purposes of winding up. Only on termination of the partnership does the relationship end. | Is the ouster of a partner a sufficient expression of the will to dissolve the partnership? |
| 17952 | Vincent v. Vincent, 06-419 (La. App. 5 Cir. 10/31/06), 945 So. 2d 114, 115 | 3 | An appeal is not the appropriate remedy to attempt to annul a consent judgment. | However, an appeal is not the appropriate remedy to attempt to annul a consent judgment. | Is an appeal the appropriate remedy to obtain relief from a consent judgment? |
| 17956 | Clark v. Elza, 286 Md. 208, 406 A.2d 922, 211 (Md. 1979) | 1 | Consent of the litigants cannot vest jurisdiction in an appellate court. | Nevertheless, the consent of the litigants cannot vest jurisdiction in an appellate court. Recently in Biro v. | Can the consent of the litigants vest jurisdiction in an appellate court? |
| 17958 | Antonuk v. United States, 445 F.2d 592, 594 (6th Cir. 1971) | 3 | Discretionary rulings by the Army are beyond the power of review of civilian courts. | On the contrary, recently decided cases have held unanimously that discretionary rulings by the Army are beyond the power of review of civilian courts. | Can discretionary rulings of an army be subject to judicial review? |
| 17959 | Caledonia National Bank v. McPherson, 116 Vt. 328, 75 A.2d 685, 328 (Vt. 1950) | 6 | In revoking or countermanding a check the drawer takes upon himself all consequences of his act. | In revoking or countermanding a check the drawer takes upon himself all the consequences of his act. | Do the consequences of revoking a check falls on the drawer? |
| 17965 | Romanus v. Biggs et al, 217 S.C. 77, 85 (1950) | 1 | Motions for nonsuit are not entertained or granted in suits in equity. | and motions for nonsuit not being entertained or granted in suits in equity, | Are motions for nonsuit entertained or granted in suits in equity? |
| 17984 | Gorney v. Gorney, 136 Ind. App. 96, 98 (1962) | 1 | Term "fraud" need not be used in the pleading if facts are alleged which show fraud. | It is a settled rule in this state that the term 'fraud' need not be used in the pleading if facts are alleged which show fraud. | Should the term fraud be used in the pleading? |
| 17985 | Sigala v. Anaheim City Sch. Dist., 15 Cal. App. 4th 661, 671, 19 Cal. Rptr. 2d 38, 43 (1993) | 3 | Major purpose of settlement conference is not to "clear the docket," but to achieve justice. | We hasten to add that the major purpose of a settlement conference is not to "clear the docket," but to achieve justice. | What is the Major purpose of settlement conference? |
| 17990 | Pitcher v. Laird, 421 F.2d 1272, 1278 (5th Cir. 1970) | 3 | Army cannot apply regulations in arbitrary or capricious manner. | Once regulations have been provided, however, the Army cannot apply them in an arbitrary or capricious manner. | Is the Army allowed to apply regulations in an arbitrary or capricious manner? |
| 17991 | Reed v. Franke, 187 F. Supp. 905, 910 (E.D. Va. 1960) | 9 | The Armed Forces are free to regulate their internal affairs. | It is a well-settled principle of law that the Armed Forces are free to regulate their internal affairs. | Are the armed force free to regulate their internal affairs? |

| 17992 | L-3 Commc'ns EOTech v. United States, 85 Fed. Cl. 667, 677 (2009) | 19 | Courts are especially deferential to discretionary decisions of the military in times of war. | Furthermore, courts are especially deferential to discretionary decisions of the military in times of war. | Are the courts deferential to military decisions? |
|---|---|---|---|---|---|
| 17993 | Koch v. Seventh St. Realty Corp., 205 Va. 65, 71 (1964) | 5 | Facts out of which fraud arises must be alleged as well as proved to justify relief on that ground. | Fraud is a conclusion of law from facts, and 'it is a well settled rule of pleading, both at law and in equity, that the facts out of which the fraud arises must be alleged as well as proved to justify relief on that ground.' | Is fraud a conclusion of law from facts? |
| 17995 | Allen v. Samuels, 204 Cal. App. 2d 710, 714–15, 22 Cal. Rptr. 528, 530 (Ct. App. 1962) | 3 | A pretrial conference order, where inconsistent with complaint, will supersede the complaint. | The pretrial conference order, where inconsistent *715 with the complaint, will supersede the complaint. | "Will a pretrial conference order, where inconsistent with a complaint, supersede the complaint?" |
| 18003 | Jensen v. Henneford, 185 Wash. 209, 217, 53 P.2d 607, 610 (1936) | 2 | Legislative body cannot change real nature and purpose of act by giving it a different title or by declaring its nature and purpose to be otherwise. | But the legislative body cannot change the real nature and purpose of an act by giving it a different title or by declaring its nature and purpose to be otherwise, any more than a man can transform his character by changing his attire or assuming a different name. | Is the character of a tax determined by its name? |
| 18004 | Cooper v. City of Charleston, 218 W. Va. 279, 624 S.E.2d 716, 285 (W. Va. 2005) | 3 | The character of a tax is determined not by its label, but by analysis of its operation and effect. | The character of a tax is determined not by its label but by analyzing its operation and effect. | Is the character of a tax determined by analysis of its operation and effect? |
| 18009 | City of North Little Rock v. Graham, 278 Ark. 547, 647 S.W.2d 452, 548 (Ark. 1983) | 1 | "Taxes" are enforced burdens exacted pursuant to statutory authority. | Taxes are enforced burdens exacted pursuant to statutory authority. | Are taxes exacted pursuant to statutory authority? |
| 18015 | Rehman v. ECC International Corp., 698 So. 2d 921, 923 (Fla. Dist. Ct. App. 1997) | 5 | Voluntary dismissal terminates pending action instantaneously. | A voluntary dismissal terminates a pending action instantaneously. | Does voluntary dismissal terminate pending action instantaneously? |
| 18016 | Juengain v. Tervalon, 223 So. 3d 1174, 1186 (La. Ct. App. 2017) | 19 | A dismissal without prejudice is considered as if the suit has never been filed. | A dismissal without prejudice is considered as if the suit has never been filed; hence, any new suit that Mr. | "Is an action treated as if it never had been filed, following a voluntary dismissal without prejudice?" |
| 18022 | Merchants Nat. Bank of Aurora v. Frazier, 329 Ill. App. 191, 201 (Ill. App. Ct. 1946) | 5 | An agent, as such, does not have title to the property of the principal, though he may be intrusted with possession and though he may have power to pass title. | An agent as such does not have title to the property of the principal, although he may be entrusted with possession and although he may have power to pass title; a trustee has title to the trust fund. | Does Agent have title to the property of the principal? |
| 18027 | Potter v. Tucker, 11 Ala. App. 466, 469 (Ala. Ct. App. 1914) | 5 | Date in general is not essential to a bill or note; if there be no date it will be considered as dated at the time it was made. | "Date in general is not essential to a bill or note. If there be no date, it will be considered as dated at the time it was made." | How is the actual date considered when no date is mentioned in a bill or note? |
| 18028 | Fleming, etc. v. Sierra, 14 Teiss. 168, 171 La.App.Orleans 1917) | 3 | When no date is expressed in the bill or note, it dates from the day when it was made or issued or from delivery. | "When no date is expressed in a bill or note, it dates from the day when it was made or issued or from delivery." | What happens when no date is expressed in the bill or note? |

| 18030 | Southern Ind. Gas v. Dept. of Highways, 533 N.E.2d 1289, 1293 (Ind. Ct. App. 1989) | 6 | In absence of statutory provision to the contrary, ownership of public highways lies in State. | Thus, in the absence of a statutory provision to the contrary, ownership of public ways lies in the State. Lamphier v. State (1915), 59 Ind.App. | Does the ownership of the public way lie with the state? |
| 18032 | Caggiano v. Fontoura, 354 N.J. Super. 111, 804 A.2d 1193, 123 (App. Div. 2002) | 3 | While a voluntary dismissal may be a judgment, it is not necessarily a final judgment; the additional inquiry must be whether the stipulation of dismissal ended the case on all issues as to all parties. R. 2:2-3(a)(1); R. 4:37-1(b). | While a voluntary dismissal may be a judgment, it is not necessarily a final judgment. The additional inquiry must be whether the stipulation of dismissal ended the case on all issues as to all parties. | "While a voluntary dismissal may be a judgment, is it necessarily a final judgment?" |
| 18037 | Ropo, Inc. v. City of Seattle, 67 Wash. 2d 574, 579 (1965) | 8 | Character of a particular tax is not determined by the mode adopted for its payment. | The character of a particular tax is not determined by the mode adopted for its payment. | Is the character of a tax being imposed determined by mode adopted in fixing its amount? |
| 18040 | Ivory v. Int'l Bus. Machines Corp., 116 A.D.3d 121, 129, 983 N.Y.S.2d 110, 116 (2014) | 9 | The elements of a trespass cause of action are an intentional entry onto the land of another without permission. | On the merits, a trespass claim represents an injury to the right of possession (see 104 N.Y. Jur. 2d, Trespass, § 10 at 471), and the elements of a trespass cause of action are an intentional entry onto the land of another without permission (see Phillips v. Sun Oil Co., 307 N.Y. 328, 331, 121 N.E.2d 249 [1954]; Hand v. Stray Haven Humane Socy. & S.P.C.A., Inc., 21 A.D.3d 626, 628, 799 N.Y.S.2d 628 [2005] ) | What does a trespass claim represent? |
| 18051 | Pope v. United States, 15 Cl. Ct. 218, 221 (1988) | 3 | Army has discretionary authority to choose whether to reinstate a reserve officer to active duty. 10 U.S.C.A. SS 681(a), 1211, 1211(a)(1, 2, 4). | Therefore, the court concludes that the Army has discretionary authority to choose whether or not to reinstate a reserve officer to active duty. | Does the Army have discretion in both releasing and reinstating a reserve officer from or to active duty? |
| 18054 | 8182 Maryland Associates v. Sheehan, 14 S.W.3d 576, 581 (Mo. 2000) | 6 | Under common law, a partnership is dissolved by the admission of a new partner. | Under Missouri common law, a partnership is dissolved by the admission of a new partner. | Is a partnership dissolved upon admission of a new partner? |
| 18065 | Bogert v. Herrick, 37 Misc. 2d 907, 909, 236 N.Y.S.2d 512, 514 (Co. Ct.), aff'd, 19 A.D.2d 681, 241 N.Y.S.2d 449 (1963) | 1 | Matters of examinations before trial are matters of practice and are not jurisdictional in nature. | In our opinion, matters of examinations before trial are matters of practice and are not jurisdictional in nature. | Are matters of examinations before trial matters of practice and are not jurisdictional in nature? |
| 18066 | Aydin Co. Exchange v. Marting Realty, 118 Ohio App. 3d 274, 279 (Ohio Ct. App. 1997) | 5 | It is not necessary that trial court give reasons for refusing a continuance. | "[W]e do not believe that it is necessary that a court give reasons for refusing a continuance. | Is it necessary for a court to give reasons for refusing a continuance? |
| 18068 | Wissam Abdullateff Sa'eed Al-Quraishi v. Nakhla, 728 F. Supp. 2d 702, 718 (D. Md. 2010) | 7 | Courts of the United States have traditionally been open to nonresident aliens. | "The courts of the United States have traditionally been open to nonresident aliens." | Are the courts of the United States open to aliens? |

| | | | | | |
|---|---|---|---|---|---|
| 18078 | Bailey v. Iowa Beef Processors, Inc., 213 N.W.2d 642, 647 (Iowa 1973) | 7 | Motion to dismiss admits only well pleaded facts; conclusions of law or conclusions of fact are not allowed except where underlying facts are first alleged. 58 I.C.A. Rules of Civil Procedure, rule 111. | We have consistently held a motion to dismiss (a demurrer in earlier cases) admits only Well pleaded facts. Conclusions of law or conclusions of fact have not been allowed except where underlying facts are first alleged. | Will a motion to dismiss admit only well pleaded facts? |
| 18081 | Trina Solar US, Inc. v. JRC-Servs. LLC, 229 F. Supp. 3d 176, 185 (S.D.N.Y. 2017) | 12 | Under New York law, an agent binds his principal when he enters into a contract within the scope of his authority. | JRC Was Acting As Jasmin's Agent When It Executed the PV Module Sales Contract [12] [13] "It is black letter law that an agent binds his principal when he enters into a contract within the scope of his authority. | "Can a contract made by an agent, be considered the principals contract?" |
| 18087 | Thompson v. Bank of Am., N.A., 773 F.3d 741, 749 (6th Cir. 2014) | 7 | Under Tennessee law, assignment of a note is enforceable regardless of whether it is recorded. | An assignment of a note is enforceable regardless of whether it is recorded. | Is an assignment of note enforceable regardless of whether it is recorded? |
| 18088 | Roob v. Von Beregshasy, 866 S.W.2d 765, 766 (Tex. App. 1993) | 2 | Trial court has no discretion to reject uncontroverted facts set out by party in a sworn motion for continuance. | The trial court has no discretion to reject uncontroverted facts set out by a party in a sworn motion for continuance. | Does a trial court lack the discretion to reject the uncontroverted facts established in a party's first motion for continuance? |
| 18089 | Capobianco v. United Wire Supply Corp., 83 R.I. 405, 117 A.2d 4362, 408 (R.I. 1955) | 1 | On motion for continuance, burden of proof is on moving party. | On a motion for a continuance the burden of proof is on the moving party. | Is the burden of proof on the moving party on motion for continuance? |
| 18094 | AIAN, SEAN, KOULE, INC. v. S/V "CORSTA V, 286 F. Supp. 2d 1367, 1374-75 (S.D. Ga. 2003) | 12 | Under the federal common law of agency, one event that conveys notice of a termination of apparent authority to a third party is the termination of the agent's employment. | One event that conveys notice of the termination of apparent authority to a third party is the termination of the agent's employment. | Does apparent authority terminate when a third party has notice of termination? |
| 18097 | People v. Henderson, 138 Cal. App. 2d 505, 509, 292 P.2d 267, 269 (1956) | 7 | Burglarious intent may be inferred from the forcible and unlawful entry alone. West's Ann.Pen.Code, S 459. | Indeed, burglarious intent could be inferred from the forcible and unlawful entry alone. | Can intent to commit burglary be inferred from forcible entry? |
| 18098 | Messmer v. St. Farm Cty. Mut, 972 S.W.2d 774, 779 (Tex. App. 1998) | 7 | Plaintiff's right to nonsuit is absolute and trial judge has no discretion to refuse to grant dismissal. | The plaintiff's right to a non-suit is absolute and the trial judge has no discretion to refuse to grant a dismissal. | Is the right to nonsuit absolute? |
| 18104 | In re Monetary Group, 2 F.3d 1098, 1105 (11th Cir. 1993) | 9 | Partners are liable to each other for fruits of misappropriated partnership property. | Thus, partners are liable to each other for the fruits of misappropriated partnership property. | Are partners liable to each other for the fruits of misappropriated partnership property? |
| 18110 | FFP Marketing Co. v. Long Lane Master Trust IV, 169 S.W.3d 402, 409 (Tex. App. 2005) | 4 | Negotiation or assignment can change ownership of a promissory note. | While negotiation or assignment can change ownership of a promissory note, 19 the endorsement of a non- negotiable promissory note does not create a presumption of ownership in the transferee. | Can negotiation or assignment change ownership of a promissory note? |
| 18111 | Phoenix Assur. Co. v. Davis, 126 N.J. Super. 379, 386 (Law Div. 1974) | 3 | Any negotiable instrument payable to payees jointly and not in the alternative may be assigned but not negotiated without endorsement of all payees. | Any negotiable instrument made payable to payees jointly and not in the alternative may be assigned, but not negotiated, without the endorsement of all payees. | Is endorsement of all payees necessary? |

| 18114 | Bundren v. Holly Oaks Townhomes Ass'n, Inc., 347 S.W.3d 421, 430 (Tex. App. 2011) | 1 | Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. Vernon's Ann.Texas Rules Civ.Proc., Rule 47(a). | Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. | Does the fair notice pleading standard serve to give the opposing party information to prepare a defense? |
|---|---|---|---|---|---|
| 18119 | Ludman v. Davenport Assumption High Sch., 895 N.W.2d 902, 917 (Iowa 2017) | 18 | A witness who is qualified by knowledge and experience can testify to a custom or usage's existence in a particular trade or business, and the testimony does not have to call for the opinion of the witness as an expert; instead, the record must establish the custom as a matter of fact, not as a matter of opinion. | A witness who is qualified by knowledge and experience can testify to a custom or usage's existence in a particular trade or business. McCrady, 254 Iowa at 861, 118 N.W.2d at 595. The testimony does not have to call for the opinion of the *918 witness as an expert. Gibson v. Shelby Cty. Fair Ass'n, 246 Iowa 147, 153, 65 N.W.2d 433, 437 (1954). Instead, the record must establish the custom as a matter of fact, not as a matter of opinion. | Do customs exist only as a matter of fact? |
| 18121 | Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) | 18 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Owning property in a forum does not alone establish domicile. "One may have more than one residence in different parts of this country or the world, but a person may have only one domicile." | Can a person have only one domicile? |
| 18126 | Beggs v. Brooker, 79 S.W.2d 642, 643 (Tex.Civ.App. 1934) | 6 | Right of application of partnership assets to partnership debts is right which partners themselves have. | The right of application of partnership assets to partnership debts is a right which *644 partners themselves have. | Do the partners have the right of application of partnership assets to partnership debts? |
| 18127 | Farrell v. Theriault, 464 A.2d 188, 191 (Me. 1983) | 1 | Motion for continuance should be filed promptly after need for continuance arises. Rules Civ.Proc., Rule 40(b). | A motion for continuance should be filed promptly after the need for a continuance arises. | Should a motion for continuance be filed promptly after the need for continuance arises? |
| 18131 | Moore v. Mitchell, 30 F.2d 600, 602 (2d Cir. 1929) | 4 | Enforcement of revenue laws rests on force and authority, not on consent. | The enforcement of revenue laws rests, not on consent, but on force and authority. | Do enforcement of revenue laws rest on consent? |
| 18133 | W.S. Butterfield Theatres, Inc. v. Dep't of Revenue, 353 Mich. 345, 353, 91 N.W.2d 269, 273 (1958) | 5 | Power of taxation is fundamental to very existence of government of the state. | The power of taxation is fundamental to the very existence of the government of the states. | Is the power of taxation fundamental to the existence of government of the state? |
| 18136 | Gustafson v. Riggs, 10 Ariz. App. 74, 75 (1969) | 3 | Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property, (3) excises. | Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property and (3) excises. | What are three classifications of taxes? |
| 18138 | Murray v. Albert Lea Home Investment Co., 202 Minn. 62, 65 (1938) | 1 | A custom, no matter how well established, will not be recognized if it is contrary to common sense. | But in any case a custom, however well established, will not be recognized if it is contrary to common sense. | Will a custom be recognized if it is contrary to common sense? |
| 18139 | Walker v. United States, 2007-NMSC-038, ¶ 46, 142 N.M. 45, 58, 162 P.3d 882, 895 | 14 | Customary practice is irrelevant when inconsistent with New Mexico law. | In addition to the fact that custom does not support the Walkers' claim, we recently held that customary practice is irrelevant when inconsistent with New Mexico law. | Is a customary practice irrelevant when inconsistent with law? |

| | | | | | |
|---|---|---|---|---|---|
| 18140 | PLM, Inc. v. Consolidated Rail Corp., 490 F. Supp. 194, 197 (E.D. Pa. 1980) | 7 | Under Pennsylvania law, custom which conflicts with a statute or rule of law is void. | Under Pennsylvania law a custom that conflicts with a statute or rule of law is said to be "void". | "If a custom conflicts with a statue or rule of law, then is it void?" |
| 18150 | Semenza v. Kniss, 329 Mont. 115, 120 (2005) | 9 | Special appearance is not required to contest personal jurisdiction; party may challenge a court's personal jurisdiction simply by raising the issue in its initial response to a claim. Rules Civ.Proc., Rule 12. | However, a special appearance is no longer required to contest personal jurisdiction, as "Rule 12, M.R.Civ.P., abolished the distinction between special and general appearances." Knoepke v. Southwestern Railway Co. (1980), 190 Mont. 238, 243, 620 P.2d 1185, 1187. Hence a party may challenge a court's personal jurisdiction simply by raising the issue in its initial response to a claim. | Does the rule permitting motion to dismiss for lack of personal jurisdiction (Rule 12 M.R.Civ.P.) effectively abolish the distinction between general and special appearances? |
| 18151 | Bologna v. Schlanger, 995 So. 2d 526, 528 (Fla. Dist. Ct. App. 2008) | 2 | Dismissal for fraud is warranted where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Dismissal for fraud is warranted "where 'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.' " | Is the dismissal of a lawsuit for fraud on the court an extraordinary remedy to be utilized only when a deliberate scheme to subvert the judicial process has been clearly and convincingly proved? |
| 18156 | Gilreath v. Westgate Daytona, Ltd., 871 So. 2d 961, 967 (Fla. App. 2004) | 8 | An "ad valorem tax" is a tax assessed upon the value of property. | An ad valorem tax is a tax assessed upon the value of property. | "Is an ""ad valorem tax"" a tax assessed upon the value of property?" |
| 18160 | Ivax Corp. v. B. Braun of America, Inc., 286 F.3d 1309, 1318 (11th Cir. 2002) | 10 | Participating in litigation is not the only way to waive the right to arbitration. | [10] The district court is correct in assuming that participating in litigation is not the only way to waive the right to arbitration. | Is participating in litigation the only way to waive the right to arbitration? |
| 18172 | Scallan v. Marriott, 995 So. 2d 1066, 1068 (Fla. Dist. Ct. App. 2008) | 3 | Although a trial court has discretion to dismiss a complaint for noncompliance with a court's discovery order, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that it has been determined that an order for dismissal should contain an explicit finding of willful noncompliance. | Although a trial court has discretion to dismiss a complaint for noncompliance with a court order, "it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that [an order for dismissal] should contain an explicit finding of willful noncompliance." | Does a trial court possess the discretion to dismiss a complaint when there is clear and convincing evidence that the plaintiff has committed fraud upon the court? |
| 18173 | Bd. of County Comm. v. Dist. Ct., 632 P.2d 1017, 1021 (Colo. 1981) | 4 | It is the substance of the action and not the form which controls the venue of case. | Even though the situs of the property affected by the land use regulations lies within Eagle County, it is the substance of the action and not the form which controls the venue of the case. | Is it the substance of the action or the form of the action which controls the venue of the case? |

| | | | | | |
|---|---|---|---|---|---|
| 18178 | Kadrmas v. Sauvageau, 188 N.W.2d 753, 754 (N.D. 1971) | 1 | Warranty deed which described land conveyed, and excepted and reserved one-half of minerals to grantors, conveyed surface and one-half of the minerals. | A warranty deed which describes the land conveyed, and excepts and reserves one-half of the minerals to the grantors, conveys the surface and one-half of the minerals. | "Does a general conveyance of land, without any exception or reservation of the minerals, carry with it the minerals as well as the surface?" |
| 18184 | Cal v. Forward Air Sols., Inc., 199 So. 3d 312, 314 (Fla. Dist. Ct. App. 2016) | 1 | Trial court's entry of an order dismissing a complaint as a discovery sanction is reviewed for an abuse of discretion. | The trial court's entry of an order dismissing a complaint as a sanction is reviewed for an abuse of discretion. | Can a trial court dismiss a complaint as a sanction if it finds that a party has willfully disregarded a court order? |
| 18192 | Frye v. Paine, Webber, Jackson & Curtis, Inc., 877 F.2d 396, 398 (5th Cir. 1989) | 2 | Despite strong federal policy favoring arbitration, right to arbitration may be waived. | Despite the strong federal policy favoring arbitration, the right to arbitration may be waived. | Can the right to arbitrate be waived? |
| 18211 | Larson-Hegstrom & Assocs., Inc. v. Arizona Kane, 329, 332, 701 P.2d 587, 590 (Ct. App. 1985) | 2 | "Valuable consideration" implies a benefit to promisor or detriment to promisee, and may consist of any benefit or detriment, not necessarily monetary. | In general, "valuable consideration" implies a benefit to the promisor or detriment to the promisee. Sapp v. Lifrand, 44 Ariz. 321, 36 P.2d 794 (1934). Monetary consideration is not required; any benefit or detriment is sufficient, Mack v. Coker, 22 Ariz.App. 105, 523 P.2d 1342 (1974). | Does valuable consideration implies profit to the promisor and loss to promisee? |
| 18213 | Burkey v. United States, 25 Cl. Ct. 566, 575 (Cl.Ct.,1992) | 2 | The general rule that a straight mineral reservation did not include sand and gravel where the surface of the land was sand and gravel, could be overcome in a given case by an examination of the usage of the term in the vernacular of the mining world or world of commerce, or by consideration of what the particular parties contemplated. | The court observed that "It seems to be the general rule that where the surface of land is sand and gravel, a straight mineral reservation does not include the sand and gravel ..." Id., 270 P.2d at 192. The general rule can be overcome in a given case, however, by an examination of the usage of the term in the vernacular of the mining world or world of commerce, or by consideration of what the particular parties contemplated. | Are sand and gravel generally included within the definition of minerals in a reserved estate? |
| 18214 | Hanson v. Birmingham, 92 F. Supp. 33, 43 (N.D. Iowa 1950) | 21 | At common law, if parties have rights of partners they have duties imposed by law on partners. | If the parties have the rights of partners, they have the duties imposed by law on partners. | "If parties have the rights of partners, do they have the duties imposed by law on partners?" |
| 18216 | Wydel Assocs. v. Thermasol, Ltd., 452 F. Supp. 739, 742 (W.D. Tex. 1978) | 10 | Under Texas law, a contract cannot be adopted in part and rejected in part because act of ratification extends to entire contract. | A contract cannot be adopted in part and rejected in part because the act of ratification extends to the entire contract. | Can a contract be adopted and rejected in part? |
| 18217 | In re Grubin, 476 B.R. 699, 709 (E.D.N.Y. 2012) | 8 | Under New York law, once principal ratifies act of agent, the principal is bound as if he had authorized the act in first place. Restatement (Second) of Agency S 82; Restatement (Third) of Agency S 4.02(1). | Once a principal ratifies the act of an agent, the principal is bound as if s/he had authorized the act in the first place. Restatement (Second) of Agency 82; Restatement (Third) of Agency 4.02(1). | "If a principal ratifies the acts of his agent, is he responsible for those acts?" |
| 18222 | Adams v. United States, 117 Fed.Cl. 628, 671 (Fed.Cl., 2014) | 7 | Interpretive doubt regarding the reading of a statute pertaining to veterans is to be resolved in the veteran's favor. | The court also notes that "interpretive doubt" regarding the reading of a statute pertaining to veterans "is to be resolved in the veteran's favor." | Should statutes benefiting veterans be construed in the veterans' favor? |

| 18223 | Standard Furniture Co. v. Smith, 32 F.2d 176, 178 (8th Cir. 1929) | 3 | Bills and notes founded on illegal consideration cannot be enforced. | Bills and notes are not excepted from the well-established rule that contracts founded on an illegal consideration cannot be enforced. | Can bills and notes founded on illegal consideration be enforced? |
|---|---|---|---|---|---|
| 18232 | In re Weisband, 427 B.R. 13, 22 (Bankr. D. Ariz. 2010) | 21 | Under Arizona law, if a note is endorsed in blank, it is enforceable as a bearer instrument. | Moreover, if a note is endorsed in blank, it is enforceable as a bearer instrument. | Is a note endorsed in blank enforceable as a bearer instrument? |
| 18240 | AFSCME Council 25 v. Faust Pub. Libr., 311 Mich. App. 449, 459, 875 N.W.2d 254, 259 (2015) | 10 | In general, parties are permitted to plead inconsistent claims and facts in the alternative. MCR 2.111(A)(2). | In general, parties are permitted to plead inconsistent claims and facts in the alternative. See MCR 2.111(A)(2). | Can a party plead inconsistent claims? |
| 18249 | Curiano v. Suozzi, 63 N.Y.2d 113, 117, 469 N.E.2d 1324, 1327 (1984) | 7 | Prima facie tort may be pleaded in the alternative with a traditional tort. | While prima facie tort may be pleaded in the alternative with a traditional tort, once a traditional tort is established the cause of action for prima facie tort disappears (Board of Educ. v. Farmingdale Classroom Teachers Assn., 38 N.Y.2d 397, 406, 380 N.Y.S.2d 635, 343 N.E.2d 278, supra ) | Can prima facie tort be pleaded in the alternative? |
| 18250 | L.D.G., Inc. v. Robinson, 290 P.3d 215, 218 (Alaska 2012), as modified (Mar. 12, 2013) | 2 | When reviewing an order granting a motion to dismiss for failure to state a claim upon which relief can be granted, the Supreme Court deems all facts alleged in the complaint true and provable. | "We review de novo an order dismissing a complaint … for failure to state a claim upon which relief can be granted." When reviewing such an order, we deem all facts alleged in the complaint true and provable. | Is a motion to dismiss for failure to state a claim looked upon with disfavour? |
| 18254 | Ware v. Multibank 2009-1 RES-ADC Venture, LLC, 327 Ga. App. 245, 252, 758 S.E.2d 145, 151 (2014) | 9 | An "allonge" is a piece of paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself. | [14] "An allonge is a piece of paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself." (Citation omitted.) Milestone v. David, 251 Ga.App. 832, 832, n. 1, 555 S.E.2d 163 (2001). | What is an Allonge? |
| 18261 | Finn v. Meighan, 325 U.S. 300, 65 S. Ct. 1147, 303 (1945) | 5 | "Insolvency" in the equity sense means an inability of debtor to pay his debts as they mature. | Moreover, insolvency in the equity sense has always meant an inability of the debtor to pay his debts as they mature. | What does the term insolvency mean in the equity sense? |
| 18265 | Trail Clinic v. Bloch, 114 Mich. App. 700, 319 N.W.2d 638, 705 (Mich. Ct. App. 1982) | 2 | Checks are considered to be property of designated payee and may be the subject of a suit for conversion. | Checks are considered to be the property of the designated payee and may be the subject of a suit for conversion. | Are checks the property of the payee? |
| 18267 | J.P. Morgan Delaware v. Onyx Arabians II, Ltd., 825 F. Supp. 146, 150 (W.D. Ky. 1993) | 4 | Under Kentucky law, secured party has burden to show that it acted with commercial reasonableness. | In Kentucky, a secured party has the burden to show that it acted with commercial reasonableness. | Who has the burden to prove the commercial reasonableness of an act under a contract? |

| | | | | | |
|---|---|---|---|---|---|
| 18270 | Nationstar Mortg., LLC v. MacPherson, 56 Misc. 3d 339, 344, 54 N.Y.S.3d 825, 831 (N.Y. Sup. Ct. 2017), abrogated by Bank of New York Mellon v. Dieudonne, 171 A.D.3d 34, 96 N.Y.S.3d 354 (2019) | 8 | Where the note is endorsed in blank, it may be negotiated by delivery alone. McKinney's Uniform Commercial Code SS 3-202(1), 3-204(2). | " 'Bearer' means … a person in possession of a negotiable instrument" (UCC 1–201[b][5] ), and where the note is endorsed in blank, it may be negotiated by delivery alone (see UCC 3–202[1], 3–204 [2] ). | "When a note is endorsed in blank, can it be negotiated by delivery alone?" |
| 18271 | Kelly v. Central Bank, 794 P.2d 1037, 1042 (Colo. App. 1989) | 7 | "Indorsement" means the indorser's writing of his or her signature on an instrument or affixing of the indorser's name or some designation identifying the indorser on the instrument, and a check simply inscribed for deposit only to an account other than payee's account and without the payee's signature is not an effective "indorsement.". | The term "indorsement" is generally understood to mean the indorser's writing of his or her signature on the instrument or the affixing of the indorser's name or some designation identifying the indorser on the instrument. La Junta State Bank v. Travis, 727 P.2d 48 (Colo.1986). A check simply inscribed "For deposit only" to an account other than payee's account and without the payee's signature is not an effective "indorsement." | Does the word indorsement mean transfer upon the instrument? |
| 18278 | Uniprop, Inc. v. Morganroth, 260 Mich. App. 442, 678 N.W.2d 638, 448 (Mich. Ct. App. 2004) | 7 | Principal has the right to control the conduct of his agent with respect to the matters entrusted to the agent. | The principal has the right to control the conduct of his agent with respect to the matters entrusted to him. | Can a principal control the conduct of an agent? |
| 18286 | Johnson v. Univ. of Iowa, 408 F. Supp. 2d 728, 747-48 (S.D. Iowa 2004) | 28 | Public university need not articulate its reasons for establishing a policy. | By extension, a public university *748 need not articulate its reasons for establishing a policy. Inclusion of a purpose statement in a policy does not change the fact that the policy, like most legislative acts, is the product of multiple, discrete purposes acting in concert to reach a final result. | Should a university articulate its reasons for establishing a policy? |
| 18297 | Watson v. McCabe, 527 F.2d 286, 289 (6th Cir. 1975) | 10 | In Tennessee, person seeking to charge an alleged principal with acts of an agent has burden of proving agency. | The person seeking to charge an alleged principal with the acts of an agent has the burden of proving agency. | Does an agency agreement have to be in writing? |
| 18298 | Jay v. Dollarhide, 3 Cal. App. 3d 1001, 1022, 84 Cal. Rptr. 538, 551 (Ct. App. 1970), disapproved of by Morris v. Thogmartin, 29 Cal. App. 3d 922, 105 Cal. Rptr. 919 (Ct. App. 1973) | 17 | Generally, power of attorney is terminated by the death of either the one granting the power or the one receiving. | It is the general rule that a power of attorney, being an agency, is terminated by the death of either one granting the power or of the one receiving it. | Can death of either principal or agent terminate the relationship? |
| 18300 | Merchants Nat. Bank of Aurora v. Frazier, 329 Ill. App. 191, 201 (Ill. App. Ct. 1946) | 5 | An agent, as such, does not have title to the property of the principal, though he may be intrusted with possession and though he may have power to pass title. | An agent as such does not have title to the property of the principal, although he may be entrusted with possession and although he may have power to pass title; a trustee has title to the trust fund. | Does an agent have title to the property of the principal? |

| | | | | | |
|---|---|---|---|---|---|
| 18301 | Matter of Craig Coal Min. Co., Inc., 33 B.R. 204, 209 (Bankr. W.D. Pa. 1983) | 1 | Where agent has authority to exercise discretion, exercise thereof will bind principal. | [1] [2] Where the agent has authority to exercise discretion, the exercise thereof will bind the principal. | "Does an agents exercise of discretion, bind the principal?" |
| 18306 | Edlund v. Bounds, 842 S.W.2d 719, 726 (Tex. App. 1992) | 14 | Rules of construction governing contracts are applicable to notes, and note must be construed as a whole. | It is well established in Texas that the rules of construction governing contracts are applicable to notes, and a note must be construed as a whole. | Does a note have to be construed as a whole? |
| 18319 | Myers v. Majors, 242 Ark. 326, 328 (Ark. 1967) | 2 | Courts regard substance of pleadings, rather than form. | We have stated many times that courts regard the substance of pleadings, rather than form, and we have also said that pleadings under the code are to be liberally construed. | "Do courts regard the substance of pleadings, rather than form?" |
| 18323 | Myers v. Moyars, 667 N.E.2d 1120, 1121 (Ind. Ct. App. 1996) | 1 | Standard of review for granting of motion to dismiss is twofold: all facts in complaint must be taken as true, and every reasonable inference and intendment must be drawn in plaintiff's favor from alleged facts. | Preclusion of 1983 Claim [1] [2] The standard of review for the granting of a motion to dismiss is twofold. All facts in the plaintiff's complaint must be taken as true, and every reasonable inference and intendment must be drawn in her favor from the alleged facts. | Is the standard of review for granting of motion to dismiss twofold? |
| 18327 | F.D.I.C. v. 32 Edwardsville, Inc., 873 F. Supp. 1474, 1480 (D. Kan. 1995) | 7 | Equal Credit Opportunity Act (ECOA) does not provide for invalidation of guaranty as remedy for ECOA violation. Consumer Credit Protection Act, SS 701(a)(1), 706(a-d), as amended, 15 U.S.C.A. SS 1691(a)(1), 1691e(a-d); 12 C.F.R. S 202.7(d)(1). | The ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation, and defensive use of the ECOA in this case is therefore impermissible. | Does the ECOA provide for the invalidation of a guaranty as remedy for an ECOA violation? |
| 18334 | Ex parte Edmonds, 383 S.W.2d 579, 581 (Tex. 1964) | 4 | Mere defect in pleadings does not make proceeding void, but pleadings may be subject to amendment after proper objection has been sustained. | A mere defect in pleadings does not make the proceedings void, as respondents contend. They may be subject to amendment after proper objection has been sustained. | Will a mere defect in pleadings make the proceedings void? |
| 18342 | Straw Pond Assocs., LLC v. Fitzpatrick, Mariano & Santos, P.C., 167 Conn. App. 691, 729 (2016) | 47 | Interpretation of pleadings is always a question of law for the court. | [T]he interpretation of pleadings is always a question of law for the court.... | Is the interpretation of pleadings always a question of law for the court? |
| 18352 | N. L. R. B. v. Local 254, Bldg. Serv. Emp. Int'l Union, AFL-CIO, 359 F.2d 289, 291 (1st Cir. 1966) | 3 | Words harmless in themselves can take on sinister meaning in context in which they are used. | Words harmless in themselves can take on a sinister meaning in the context in which they are used. | "For the purposes of identifying a threat, can harmless words take on a sinister meaning?" |
| 18360 | Franklin v. St. Paul Fire Marine Ins. Co., 534 S.W.2d 661, 666 (Tenn. App. 1975) | 6 | Estoppel is available to protect right but not to create one. | Estoppel is available to protect a right but not to create one. | Is estoppel available to protect a right but not create one? |
| 18361 | First Investors Corporation v. Rayner, 738 So. 2d 228, 95 CA 614, 233 (Miss. 1999) | 3 | Equitable estoppel is a doctrine that is to be applied cautiously; it is to be used as a shield and not a sword. | Equitable estoppel is a doctrine that is to be applied cautiously. It is to be used as a shield and not a sword. | Is equitable estoppel a shield and not a sword? |
| 18362 | Black v. TIC Investment Corp., 900 F.2d 112, 115 (7th Cir. 1990) | 2 | Estoppel principles generally apply to all legal actions, and it is exception to that general rule to deny use of doctrine. | It should be noted at the outset that estoppel principles generally apply to all legal actions. It is an exception to that general rule to deny the use of the doctrine. | Do estoppel principles generally apply to all legal actions? |

| 18363 | State ex rel. Willcox v. Credit Suisse Sec. (USA) LLC, 140 A.D.3d 622, 623, 36 N.Y.S.3d 89, 90 (2016) | 3 | Complaint is properly dismissed if it is based on pure speculation. | A complaint is properly dismissed if it is "based on pure speculation" (HT Capital Advisors v. Optical Resources Group, 276 A.D.2d 420, 420, 715 N.Y.S.2d 837 [1st Dept.2000]; | Is a complaint properly dismissed if it is based on pure speculation? |
|---|---|---|---|---|---|
| 18365 | La Chona, Llc. v. Aberra, 797 S.E.2d 895, 900 (2017) | 3 | A voluntary dismissal of a complaint without prejudice is not on the merits. | Additionally, a voluntary dismissal of a complaint without prejudice is not on the merits. | Is a voluntary dismissal of a complaint without prejudice not on the merits? |
| 18366 | Atkins v. Jester, 309 S.W.3d 418, 422-423 (Mo. Ct. App. 2010) | 3 | A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. | The applicable *423 general rule is that "[a] dismissal failing to indicate that it is with prejudice is deemed to be without prejudice." | Is a dismissal failing to indicate that it is with prejudice deemed to be without prejudice? |
| 18367 | Times Picayune Publishing Corp. v. Board of Supervisors, 845 So. 2d 599, 606 (La. Ct. App. 2003) | 8 | Once there has been a final judgment dismissing it, a claim ceases to be pending. | Therefore, once there has been a final judgment dismissing it, a claim ceases to be pending. | "Once there has been a final judgment dismissing it, does a claim cease to be pending?" |
| 18369 | Thrift Mart v. State Farm Fire Cas. Co., 251 Neb. 448, 558 N.W.2d 531, 448 (Neb. 1997) | 5 | Dismissal of cause of action is equivalent of discontinuance of it in court; rights of parties in cause of action are determined insofar as court rendering order of dismissal is concerned. | A dismissal of a cause of action is the equivalent of a discontinuance of it in the court. The rights of the parties in the cause of action are determined insofar as the court rendering the order of dismissal is concerned. | Is dismissal of cause of action equivalent of discontinuance of it in court? |
| 18371 | Heard v. Miles, 32 Tenn. App. 410, 418 (Tenn. Ct. App. 1949) | 2 | Principal and agent relationship is one of trust and confidence. | To hold otherwise would do violence to fundamental and well-settled principles of the law governing the relationship of principal and agent. This relationship is one of trust and confidence, and a real estate agent is a fiduciary. | "Is the relationship of principal and agent, one of trust and confidence?" |
| 18374 | Citibank South Dakota v. Santoro, 210 Or. App. 344, 150 P.3d 429, 349 (Or. Ct. App. 2007) | 6 | The law of contracts requires only evidence of mutual assent, whether that assent is expressed through an offer and an acceptance or is manifested by conduct. | [T]he law requires only evidence of 'mutual assent,' whether that assent is expressed through an offer and an acceptance or is manifested by conduct." Bennett v. | Can a party assent to a card member agreement by using a credit card? |
| 18376 | Commonwealth v. Ubilez, 43 N.E.3d 327, 88 Mass. App. Ct. 814, 333 (Mass. App. Ct. 2016) | 9 | To find a "breach of the peace," an act must at least threaten to have some disturbing effect on the public. | "To find a breach of the peace ... an act must at least threaten to have some disturbing effect on the public." | What does the term breach of the peace mean as an offense? |
| 18379 | Penn v. Aetna Casualty Surety Company, 719 A.2d 749, 750 (Pa. Super. Ct. 1998) | 1 | Fidelity bond is a contract of insurance, and the rules of interpretation of insurance policies apply. | A fidelity bond is a contract of insurance, and the rules of interpretation of insurance policies apply. | Are fidelity bonds a contract of insurance? |
| 18385 | Bird v. Kornman, 152 S.W.3d 154, 161 (Tex. App. 2005) | 10 | A dismissal for want of prosecution is not a decision on the merits and should not be with prejudice. | For example, a dismissal for want of prosecution is not a decision on the merits and should not be with prejudice. | Is a dismissal for want of prosecution a decision on the merits and should it be with prejudice? |

| 18392 | In re Greenfield Direct Response, Inc., 171 B.R. 848, 855 (N.D. Ill. 1994) | 13 | Under Illinois law, word "agent" is broader than word "broker" and more comprehensive in its legal scope; while every broker is in a sense an agent, every agent is not a broker. | The word "agent" is broader than the word "broker" and more comprehensive in its legal scope; while every broker is in a sense an agent, every agent is not a broker. | Can every agent be considered as a broker? |
| --- | --- | --- | --- | --- | --- |
| 18394 | Robinson v. Quicken Loans Inc., 988 F. Supp. 2d 615, 637 (S.D.W. Va. 2013) | 39 | The burden of proving an agency relationship under West Virginia law rests upon him who alleges the existence of the agency; however, once a prima facie showing of the agency relationship has been made, a principal denying agency must show that the principal neither controlled, nor had the right to control, the alleged agent's work. | "[T]he burden of proving an agency [relationship] rests upon him who alleges the existence of the agency." However, once a prima facie showing of the agency relationship has been made, "a principal denying agency must show that the principal neither controlled, nor had the right to control, the [alleged agent's] work...." | Who has the burden of proving the agency relationship? |
| 18396 | League of United Latin American Citizens v. Wilson, 908 F. Supp. 755, 768 (C.D. Cal. 1995) | 11 | Since power to regulate immigration is unquestionably exclusively federal power, any state statute which regulates immigration is constitutionally proscribed. | Since the "[p]ower to regulate immigration is unquestionably exclusively a federal power," id. at 354, 96 S.Ct. at 936, any state statute which regulates immigration is "constitutionally proscribed." | Is every state enactment which in any way deals with aliens considered a regulation of immigration? |
| 18400 | Groton v. Yankee Gas Services Co., 224 Conn. 675, 620 A.2d 771, 685-686 (Conn. 1993) | 7 | Grant of a nonexclusive franchise does not carry with it right to be free from competition from another entity that has been granted a valid franchise; however, it does embody right to be free from unauthorized competition, and if party enters franchisee's territory without such authorization, injunction is proper remedy. | The grant of a nonexclusive franchise does not carry with it the right to be free from competition from another entity that has been granted a valid franchise. It does, however, embody a right to be free from unauthorized *686 competition, and if a party enters a franchisee's territory without such authorization, an injunction is a proper remedy. | What are nonexclusive franchises? |
| 18406 | Fort Bragg Unified Sch. Dist. v. Solano Cty. Roofing, 194 Cal. App. 4th 891, 910 (2011) | 9 | Whereas insurance protects the principal against risk, a performance bond protects the obligee against the principal's default; there will seldom be overlapping coverage between such a bond, which guarantees performance of a contract, and the contractor's liability insurance policy, which indemnifies the contractor from injury claims based on negligence or accident. | Whereas insurance protects the principal against risk, the performance bond protects the obligee against the principal's **159 default. There will seldom be overlapping coverage between such a bond, which guarantees performance of a contract, and the contractor's liability insurance policy, which indemnifies the contractor from injury claims based on negligence or accident. | How is a performance bond different from insurance? |
| 18411 | Baker v. McCue-Moyle Development Co., 695 S.W.2d 906, 911 (Mo. Ct. App. 1985) | 4 | Generally, each partner is at once a principal and agent of partnership and other partners in matters pertaining to partnership business. | Generally, each partner is at once a principal and an agent of the partnership and the other partners in matters pertaining to the partnership business. | "In a partnership, is each partner both a principal and an agent of the partnership?" |

| 18412 | McCann Real Equities v. David McDermott, 93 Conn. App. 486, 491 (Conn. App. Ct. 2006) | 5 | The right of a plaintiff to recover is limited to the allegations of his complaint. | "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. | Is the right of a plaintiff to recover limited to the allegations of his complaint? |
| 18417 | Home Builders Ass'n of Greater Des Moines v. City of W. Des Moines, 644 N.W.2d 339, 346 (Iowa 2002) | 7 | An "excise tax" is a tax imposed on a transaction or as a condition to the exercise of a privilege. | If the fee at issue here is determined to be a tax, it would fall within the category of an excise tax-a tax imposed on a transaction or as a condition to the exercise of a privilege. | "Is an ""excise tax"" a condition to the exercise of a privilege?" |
| 18424 | State v. Desirey, 909 S.W.2d 20, 34 (Tenn. Crim. App. 1995) | 23 | Offenses which overlap with the same intent can make concurrent sentencing appropriate. | We note that our supreme court has considered the fact that offenses which overlap with the same intent can make concurrent sentencing appropriate. | Are concurrent sentencing appropriate given overlapping offenses? |
| 18425 | Mazik v. Decision Making, Inc., 449 A.2d 202, 204 (Del. 1982) | 3 | Validity of a waiver depends upon totality of circumstances. | The validity of a waiver depends upon the totality of the circumstances. | Does the validity of a waiver depend upon the totality of the circumstances? |
| 18428 | S.E.C. v. Variable Annuity Co., 359 U.S. 65, 71 (1959) | 6 | In common understanding, "insurance" involves a guaranty that at least some fraction of benefits will be payable in fixed amounts. | For in common understanding 'insurance' involves a guarantee that at least some fraction of the benefits will be payable in fixed amounts. | Does insurance involve a guarantee? |
| 18430 | Wharff v. Iowa Methodist Hosp., 219 N.W.2d 18, 21 (Iowa 1974) | 2 | General policy in jurisdiction is to allow trial on the merits. | The general policy in this jurisdiction has been to allow trial on the merits. | Is the general policy in jurisdiction to allow trial on the merits? |
| 18438 | Tax Commissioners v. Jackson, 283 U.S. 527, 537 (1931) | 1 | Power of taxation is fundamental to very existence of government of several states. | The power of taxation is fundamental to the very existence of the government of the states. | Is the power of taxation fundamental to the very existence of the government of a state? |
| 18445 | Diocese of Winona v. Interstate F. Cas. Co., 89 F.3d 1386, 1392 (8th Cir. 1996) | 5 | It is fundamental premise that insurance policy protects insured from fortuitous loss. | A review of Minnesota and Eighth Circuit decisions recognizes the fundamental premise that an insurance policy protects an insured from fortuitous loss. | Does an insurance policy protect insured from fortuitous losses? |
| 18446 | Price v. Vattes, 161 S.W.3d 397, 400 (Mo. Ct. App. 2005) | 6 | Party asserting the existence of a partnership has the burden of proving a partnership. | The party asserting the existence of a partnership has the burden of proving a partnership. | Does the party asserting the existence of a partnership have the burden of proving a partnership? |
| 18449 | State ex Rel. Parish v. Young, 327 Mo. 909, 915 (Mo. 1931) | 4 | Power to levy and collect taxes is purely statutory. | The power to levy and collect taxes is purely statutory, and has been confided to the Legislature and not the courts. | Is the power to levy and collect taxes purely statutory? |
| 18463 | Aspen Investments Corp. v. Holzworth, 587 So. 2d 1374, 1377 (Fla. Dist. Ct. App. 1991) | 5 | Conduct is not held to constitute "waiver" unless it does so clearly. | Conduct is not held to constitute a waiver unless it does so clearly. | Is conduct held not to constitute waiver unless it does so clearly? |
| 18464 | American Somax Ventures v. Touma, 547 So. 2d 1266, 1268 (Fla. Dist. Ct. App. 1989) | 5 | Waiver does not arise merely from forbearance for reasonable time. | Furthermore, waiver does not arise merely from forbearance for a reasonable time. | Does waiver arise merely from a forbearance for a reasonable time? |

| 18465 | Alzado v. Blinder, 752 P.2d 544, 549 (Colo. 1988) | 1 | Guaranty agreement is not enforceable if the underlying obligation upon which it is based is void. | In general, a guaranty agreement is not enforceable if the underlying obligation upon which it is based is void. | Can a guaranty agreement be enforced if the principal obligation is invalid? |
|---|---|---|---|---|---|
| 18478 | Zimmerman v. Zimmerman, 175 Or. 585, 590, 155 P.2d 293, 295 (1945) | 2 | At common law, "residence" indicates merely a factual place of abode and is not synonymous with "domicile". | At common law, residence and domicile are not synonymous. Residence indicates merely a factual place of abode. | "Are the words ""inhabitant"" and ""resident"" not synonymous?" |
| 18480 | Hill v. Goodwin, 722 S.W.2d 668, 671 (Tenn. Ct. App. 1987) | 2 | Whether waiver is expressed or implied, it must be intentional. | However, whether the waiver is expressed or implied, it must be intentional. | Whether waiver is express or implied must it be intentional? |
| 18481 | Stowers v. Harper, 376 S.W.2d 34, 40 (Tex. Civ. App. 1964) | 10 | Intention is prime factor in determining question of waiver. | Intention is a prime factor in determining the question of waiver. | Is intention a prime factor in determining the question of waiver? |
| 18482 | In re Dena Corp., 312 B.R. 162, 163 (2004) | 4 | There cannot be a true lease where "lessor" has no ownership interest at end of lease term. | There cannot be a true lease where the "lessor" has no ownership interest at the end of the lease term. | Can there be a true lease when the lessor has no ownership interest? |
| 18487 | Blount v. State, 169 Ga. App. 215, 216 (Ga. Ct. App. 1983) | 3 | Mistrial is not per se acquittal barring second prosecution. | A mistrial is not per se an acquittal barring a second prosecution. | Is mistrial not per se an acquittal barring second prosecution? |
| 18495 | Torok v. Moore's Flatwork & Foundations, LLC, 106 A.D.3d 1421, 966 N.Y.S.2d 572, 2013 N.Y. Slip Op. 3898, 1421 (N.Y. App. Div. 2013) | 8 | No warranty attaches to the performance of a service; if the service is performed negligently, the cause of action accruing is for negligence, and, likewise, if it constitutes a breach of contract, the action is for that breach. | "No warranty attaches to the performance of a service. If the service is performed negligently, the cause of action accruing is for that negligence. Likewise, if it constitutes a breach of contract, the action is for that breach" | Does no warranty attach to the performance of a service? |
| 18496 | Aliya Medcare Finance, LLC v. Nickell, 156 F. Supp. 3d 1105, 1131 (C.D. Cal. 2015) | 23 | Under Nevada law, where only pecuniary loss results, liability for negligent misrepresentation is not based on general duty rules; rather, liability is only imposed on a party who has supplied false information, where that information is for the guidance of others and where the party knows that the information will be relied upon by a foreseeable class of persons. | This is because "where only pecuniary loss results, liability for negligent misrepresentation is not based on general duty rules"; instead, "[l]iability is only imposed on a party who has supplied false information, where that information is for the guidance of others and where the party knows that the information will be relied upon by a foreseeable class of persons." | "When economic loss occurs as a result of negligence in the context of commercial activity, can contract law be invoked to enforce the quality expectations derived from the parties' agreement?" |
| 18504 | Richard T. Blake & Assocs., Inc. v. Aetna Cas. & Sur. Co., 255 A.D.2d 569, 570–71, 681 N.Y.S.2d 73, 75 (1998) | 3 | Assignee stands in the shoes of the assignor and takes the assignment subject to any pre-existing liabilities. | It is well established that an assignee stands in the shoes of the assignor and takes the assignment subject to any pre-existing liabilities | Does an assignee stand in a better position than that of the assignor? |
| 18508 | In re Salcedo, 34 S.W.3d 862, 866 (Mo. Ct. App. 2001) | 1 | Right to appeal is purely statutory; where no statute grants such right, none exists. | The AG acknowledges the right to appeal is purely statutory; where no statute grants such a right, none exists. | "If there is no statutory right to appeal, can a right to appeal exist?" |
| 18514 | Associated Int'l Ins. Co. v. Scottsdale Ins. Co., 862 F.3d 508, 510 (5th Cir. 2017) | 1 | Texas courts recognize the subrogation doctrine to its fullest extent. | As we answer it in the first instance, we keep in mind the longstanding *510 principle of Texas courts to "recognize the [subrogation] doctrine ... to its fullest extent." | To what extent do courts recognize the subrogation doctrine? |

| | | | | | |
|---|---|---|---|---|---|
| 18515 | In re Katrina Canal Breaches Consol. Litigation, 629 F. Supp. 2d 601, 609 (E.D. La. 2009) | 6 | Cause of action for property damage arises under Louisiana law when damages are incurred; it is only once damages are incurred that cause of action is considered to have vested. | A cause of action for property damage arises when damages are incurred. It is only once the damages are incurred that the cause of action is considered to have vested. | Does a cause of action for property damage arise when damages are incurred? |
| 18517 | Merwin v. Ziebarth, 252 N.W.2d 193, 198 (N.D. 1977) | 6 | Concept of "ostensible partnership" is essentially equivalent to the concept of "partnership by estoppel" defined in statute. NDCC 45-06-08. | [6] The trial court found also that there was an "ostensible partnership" between Olson and Tenold. As we shall develop more fully, the concept of "ostensible partnership" is essentially equivalent to the concept of "partnership by estoppel" defined in Section 45-06-08, N.D.C.C. | Is ostensible partnership equivalent to the partnership by estoppel? |
| 18518 | Noroton Props., LLC v. Lawendy, 154 Conn. App. 367, 372 (Conn. App. Ct. 2014) | 2 | A "promissory note" is nothing more than a written contract for the payment of money, and, as such, contract law applies. | "A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies.... | Is a promissory note is a contract? |
| 18519 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 2 | Legislative body cannot change real nature and purpose of act by giving it a different title or by declaring its nature and purpose to be otherwise. | But the legislative body cannot change the real nature and purpose of an act by giving it a different title or by declaring its nature and purpose to be otherwise, any more than a man can transform his character by changing his attire or assuming a different name. | Is the character of a tax determined by its incidents? |
| 18523 | Baker Taylor v. Alphacraze.com Corp., 602 F.3d 486, 490 (2d Cir. 2010) | 2 | Federal Arbitration Act's proarbitration policy does not operate without regard to wishes of contracting parties. 9 U.S.C.A. S 1 et seq. | The Federal Arbitration Act's "proarbitration policy does not operate without regard to the wishes of the contracting parties." | Is there anything irrevocable about an agreement to arbitrate? |
| 18525 | Kosmowski v. Atlantic City Medical Center, 175 N.J. 568, 575 (N.J. 2003) | 5 | The ultimate sanction of dismissal with prejudice should be imposed only sparingly. | Although the request for an adjournment is addressed to the trial judge's discretion, the ultimate sanction of dismissal with prejudice should be imposed "only sparingly." | Should the ultimate sanction of dismissal with prejudice be imposed only sparingly? |
| 18528 | Word of Life Christian Ctr. v. West, 2004-1484 (La. 4/17/06), 936 So. 2d 1226, 1232 | 3 | Use tax applies when the transaction is consummated outside the taxing jurisdiction, and the goods are subsequently imported and used in the taxing jurisdiction. | The use tax applies when the transaction is consummated outside the taxing jurisdiction, and the goods are subsequently imported and used in the taxing jurisdiction. | Are sales and use taxes consumption taxes? |
| 18534 | State v. Young, 136 Idaho 113, 120 (2001) | 20 | An order granting a motion in limine is not a final order; the trial court can reconsider the issue at any time. | An order granting a motion in limine is not a final order. The trial court can reconsider the issue at any time. | Is a granted motion in limine a final order? |
| 18536 | Syscomm Intern. v. Synoptics Communications, 856 F. Supp. 135, 137 (E.D.N.Y. 1994) | 1 | Antitrust claims arising from domestic transactions are arbitrable. | Because Syscomm and SynOptics agree that the arbitration clause applies to Syscomm's antitrust claims against SynOptics, the issue presented is whether antitrust claims arising from domestic transactions are arbitrable where the parties have agreed to arbitrate them. | Are antitrust claims arising from domestic transactions arbitrable? |

| | | | | | |
|---|---|---|---|---|---|
| 18537 | Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731, 952 A.2d 1235, 735 (Conn. App. Ct. 2008) | 6 | Equitable subrogation derives from the equitable principle against unjust enrichment. | Equitable subrogation "derives from the equitable principle against unjust enrichment...." | Does equitable subrogation derive from the equitable principle against unjust enrichment? |
| 18541 | O'Donnell v. Reivitz, 144 Wis. 2d 717, 724–25 (Ct. App. 1988) | 4 | "Tax" is an exaction, usually of money, by government to support government. W.S.A. Const. Art. 8, S 1. | We disagree. *725 [4] A tax is an exaction, usually of money, by the government to support the government. | "Is tax an exaction, usually of money, by government to support government? " |
| 18542 | Williams v. E. Coal Corp., 952 S.W.2d 696, 698 (Ky. 1997) | 2 | Workers' compensation is creature of statute, and remedies and procedures described therein are exclusive. KRS 342.011 et seq. | Workers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive. | What is workers' compensation a creature of? |
| 18547 | Development Specialists, Inc. ex rel. Coudert Brothers LLP v. Akin Gump Strauss Hauer & Feld LLP, 480 B.R. 145, 155 (S.D.N.Y. 2012) | 5 | Under New York law, a partnership can dissolve for several different reasons, including an agreement by the partners to dissolve, the death of a partner, or the decision of a partner to withdraw. N.Y.McKinney's Partnership Law S 62. | Under the Partnership Law, a partnership can dissolve for several different reasons. Among them is an agreement by the partners to dissolve, the death of a partner, or the decision of a partner to withdraw. See Partnership Law 62 | What can cause the dissolution of a partnership? |
| 18548 | Abdulaziz v. Metropolitan Dade County, 741 F.2d 1328, 1331 (11th Cir. 1984) | 3 | Diplomatic immunity can be waived by continuing to assert a claim while at same time seeking immunity from a counterclaim. | Diplomatic immunity can be waived by continuing to assert a claim while at the same time seeking immunity from a counterclaim. | Can diplomatic immunity be waived? |
| 18551 | Bel Air & Briney v. City of Kent, 190 Wash. App. 166, 358 P.3d 1249, 190 Wn. App. 166, 173 (Wash. Ct. App. 2015) | 1 | Subrogation is an equitable remedy, and is founded in the facts and circumstances of each particular case. | Subrogation is " 'an equitable remedy,' " and is " 'founded in the facts and circumstances of each particular case.' | Does the application of equitable subrogation depend on the facts and circumstances of each case? |
| 18554 | In re Hamada, 291 F.3d 645, 649 (9th Cir. 2002) | 6 | There are various types of subrogation, that are most commonly categorized as conventional (or contractual) subrogation, legal (or equitable) subrogation, and statutory subrogation. | There are various types of subrogation, most commonly categorized as "conventional" or "contractual" subrogation, "legal" or "equitable" subrogation, and statutory subrogation. | What are the types of subrogation? |
| 18558 | Davidson v. Bugbee, 227 Mich. App. 264, 575 N.W.2d 574, 269 (Mich. Ct. App. 1997) | 8 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | When does a cause of action accrue? |
| 18559 | Skopp v. Weaver, 16 Cal. 3d 432, 438, 546 P.2d 307, 311 (1976) | 3 | Allegations of a complaint must be construed liberally in favor of the pleader. | A basic rule commands us to construe the allegations of a complaint liberally in favor of the pleader. | Are allegations of a complaint construed liberally in favor of the pleader? |
| 18560 | In re Texas Ass'n of School Boards, Inc., 169 S.W.3d 653, 659 (Tex. 2005) | 8 | There is no premium due until risk attaches, and once risk has attached premiums have been earned and are non-returnable, absent a statutory or contract provision to the contrary. | As a result, there is no premium due until risk attaches, and once risk has attached premiums have been earned and are non-returnable, absent a statutory or contract provision to the contrary. | What is considered as the foundation of insurance? |

| 18561 | Esparza v. Scott and White Hlth. Plan, 909 S.W.2d 548, 551 (Tex. App. 1995) | 2 | Principal purpose of insurance contract is to protect insured from loss, thereby placing risk of loss on insurer. | The principal purpose of an insurance contract is to protect the insured from loss, thereby placing the risk of loss on the insurer. | What is the purpose of insurance? |
|---|---|---|---|---|---|
| 18562 | Burns v. California Fair Plan Assn., 152 Cal.App.4th 646, 61 Cal. Rptr. 3d 809, 653 (Cal. Ct. App. 2007) | 8 | The very meaning of the term indemnity excludes all idea of profit to the insured. | The very meaning of the term 'indemnity' excludes all idea of profit to the insured." | Does indemnity exclude profit to the insured? |
| 18563 | Conticommodity Services v. Philipp Lion, 613 F.2d 1222, 1224 (2d Cir. 1980) | 1 | Arbitration is intended to provide the parties to a dispute with a speedy and relatively inexpensive trial before specialists. 9 U.S.C.A. S 4. | Arbitration is intended to provide the parties to a dispute with a speedy and relatively inexpensive trial before specialists. | What is the intention of the Arbitration process? |
| 18565 | Hale v. Osborn Coal Enterprises, 729 So. 2d 853, 855 (Ala. App. 1999) | 4 | Zoning of property by municipality, being legislative in character, cannot be bargained or sold. | Zoning of property by a municipality being legislative in character cannot be bargained or sold. | Can zoning of property by a municipality be bargained? |
| 18573 | In re Estate of Stanford, 221 Ill. App. 3d 154, 154 (1991) | 6 | Where party was given notice, he cannot complain that others were not notified. | Where a party was given notice, he cannot complain that others were not notified. | Can a party who has received notice complain that the others were not notified? |
| 18580 | In re Wolverine Fire Apparatus Co. of Sherwood Michigan, 465 B.R. 808, 818 (Bankr. E.D. Wis. 2012) | 9 | Under Wisconsin law, every consignment involves a bailment of sorts, because goods are entrusted to a third party, but not every "bailment" is a "consignment." | Foremost, the Court must point out that while every "consignment" involves a "bailment" of sorts because goods are entrusted to a third party, not every "bailment" is a "consignment." | Is consignment a type of bailment? |
| 18581 | Voss v. State, 208 Miss. 303, 304–05, 44 So. 2d 402, 402 (1950) | 1 | There was no such offense in common law as embezzlement; and it is made such by statute, being a statutory larceny. | In Hampton v. State, 99 Miss. 176, 183, 54 So. 722, 723, it is said: 'There was no such offense at common law as embezzlement; it is made such by statute; it is a statutory larceny. | Is embezzlement a common law offence? |
| 18584 | Kent v. State, 651 F. Supp. 2d 910, 962 (S.D. Iowa 2009) | 61 | Under Iowa law, defamation consists of twin torts of libel and slander. | Under Iowa law, defamation consists of the twin torts of libel and slander. | What are the twin torts under defamation? |
| 18586 | Abrams v. Stone, 154 Cal. App. 2d 33, 41, 315 P.2d 453, 458 (1957) | 6 | Statutes effecting changes in civil procedure or remedy may have valid retrospective application. | It is also well established that statutes effecting changes in civil procedure or remedy may have valid retrospective application | Can matters of venue operate retrospectively? |
| 18588 | Kirby v. N.C. Dep't of Transp., 239 N.C. App. 345, 360 (2015) | 17 | Rights of property are subject to such limitations as are demanded by the common welfare of society, and it is within the range and scope of legislative action to declare what general regulations shall be deemed expedient; this is very different from the right of eminent domain, the right of a government to take and appropriate private property to public use, whenever the public exigency requires it, which can be done only on condition of providing a reasonable compensation therefor. West's N.C.G.S.A. Const. Art. 1, S 19. | "Rights of property are subject to such limitations as are demanded by the common welfare of society, and it is within the range and scope of legislative action to declare what general regulations shall be deemed expedient." Id. "This is very different from the right of eminent domain, the right of a government to take and appropriate private property to public use, whenever the public exigency requires it, which can be done only on condition of providing a reasonable compensation therefor." | How is taking in relation to the eminent domain defined? |

| 18596 | Hill v. Hill, 262 A.2d 661, 663 (Del. Ch. 1970) | 1 | Law of situs of real property determines effect of actions involving its ownership. | It is well established that the law of the situs of real property determines the effect of actions involving its ownership. | What does the law of situs govern? |
|---|---|---|---|---|---|
| 18599 | Sarnoff v. Florida Department of Highway Safety & Motor Vehicles, 825 So. 2d 351, 354 (Fla. 2002) | 1 | A challenge to the facial constitutionality of a statute cannot be resolved by an administrative agency. | It is well accepted that a challenge to the facial constitutionality of a statute cannot be resolved by an administrative agency. | Do administrative agencies have the authority to determine the facial validity of a statute? |
| 18602 | Bank One, Tex., N.A. v. Prudential Ins. Co. of Am., 939 F. Supp. 533, 542 (N.D. Tex. 1996) | 11 | "Holdover tenant" is one who continues to occupy leased premises after term has expired. | A holdover tenant is one who continues to occupy leased premises after the term has expired. | What is a holdover tenant? |
| 18615 | Wells v. Liddy, 1 F. Supp. 2d 532, 536 (D. Md. 1998), rev'd, 186 F.3d 505 (4th Cir. 1999) | 2 | In ordinary defamation cases it is appropriate under Maryland's lex loci doctrine presumptively to apply substantive defamation law of plaintiff's domicile, and it is only in atypical circumstances, such as where plaintiff's alleged injury is loss of business opportunities in state other than her domicile or where plaintiff has suffered humiliation by hearing defamatory remarks about her in state other than her domicile, that lex loci doctrine requires application of nondomiciliary law. | Therefore, in ordinary cases it is appropriate under the lex loci doctrine presumptively to apply the substantive defamation law of the plaintiff's domicile. It is only in atypical circumstances, such as where a plaintiff's alleged injury is a loss of business opportunities in a state other than her domicile or where the plaintiff has suffered humiliation by hearing defamatory remarks about her in a state other than her domicile, that the lex loci doctrine requires application of non-domiciliary law. | What is the law applicable to multi state defamation cases? |
| 18620 | Lund ex rel. Wilbur v. Pratt, 308 A.2d 554, 557 (Me. 1973) | 2 | Caption is no part of pleading, unless made so by express reference thereto in pleading itself. | The caption is no part of the pleading, unless made so by express reference thereto in the pleading itself. | Is the caption a part of the pleading? |
| 18628 | Hendrick v. Caldwell, 232 F. Supp. 3d 868, 879 (W.D. Va. 2017) | 13 | "A right of action" is the remedial right accorded to a person to enforce a cause of action and arises only when a person's rights are infringed. | "A right of action, on the other hand, 'is the remedial right accorded to a person to enforce a cause of action and arises only when a person's rights are infringed.' " | "What is a ""right of action""?" |
| 18646 | Aames Capital Corporation v. Interstate Bank, 315 Ill. App. 3d 700, 706 (Ill. App. Ct. 2000) | 14 | "Equitable subrogation" is a creature of chancery that is utilized to prevent unjust enrichment. | Equitable subrogation is a creature of chancery that is utilized to prevent unjust enrichment. | s equitable subrogation a creature of the common law? |
| 18648 | Holston River Elec. Co. v. Hydro Elec. Corp., 17 Tenn. App. 122, 66 S.W.2d 217, 217 (1933) | 2 | Electric companies are quasi public corporations subject to state's control. | These companies, as stated, are quasi public corporations, and hence subject to state control. | Are Electric companies termed as quasi-public corporations? |
| 18650 | Crown Wisteria, Inc. v. F.G.F. Enterprises Corp., 168 A.D.2d 238, 241, 562 N.Y.S.2d 616, 618 (1990) | 3 | Only party to proceeding complained of as malicious prosecution is entitled to maintain action for malicious prosecution. | Only a party to the proceeding complained of as a malicious prosecution is entitled to maintain an action for malicious prosecution | Who has the standing to bring a malicious prosecution action? |
| 18654 | Portland Valve, Inc. v. Rockwood Systems, 460 A.2d 1383, 1387 (Me. 1983) | 3 | Issue whether contract language is ambiguous is a question of law for the court. | The issue of whether contract language is ambiguous is a question of law for the Court. | Can ambiguity in the terms of the contract be determined by the court? |

| 18657 | State v. Winston, 71 Ohio App. 3d 154, 158 (1991) | 2 | No reviewable error results from denial of motion in limine unless proponent of evidence later offers it at trial, opponent then objects, and trial court erroneously overrules objection or mere asking of question creates unfair prejudice. | If the court denies the motion, no reviewable error results unless the proponent of the evidence later offers it at trial, the opponent then objects, and the court erroneously overrules that objection, or the mere asking of the question creates unfair prejudice. | Does the motion in limine ask the court to exclude the evidence unless and until the court is first shown that the material is relevant and proper? |
| --- | --- | --- | --- | --- | --- |
| 18658 | Casteel v. State Farm Mut. Auto. Ins. Co., 66 Ark. App. 220, 989 S.W.2d 547, 223 (Ark. Ct. App. 1999) | 3 | There is no affirmative duty on a trial court that grants motion in limine to subsequently make evidentiary rulings on its own motion. | Furthermore, **549 there is no affirmative duty on a trial court to subsequently make evidentiary rulings on its own motion. | Is there an affirmative duty on a trial court that grants motion in limine to subsequently make evidentiary rulings on its own motion? |
| 18663 | Pac. Atl. S.S. Co. v. United States, 120 F. Supp. 753, 754 (D. Or. 1954) | 1 | Damages need not be liquidated before a cause of action can arise. | It is well established that damages need not be liquidated before a cause of action can arise. | Should damages be liquidated before a cause of action can arise? |
| 18673 | U.S. v. Noriega, 746 F. Supp. 1506, 1519 (S.D. Fla. 1990) | 7 | Under doctrine of head of state immunity, head of state is not subject to jurisdiction of foreign courts, at least as to official acts taken during ruler's term of office. | Grounded in customary international law, the doctrine of head of state immunity provides that a head of state is not subject to the jurisdiction of foreign courts, at least as to official acts taken during the ruler's term of office. | Does the Act of State doctrine address the court's permissible scope of inquiry into certain governmental acts? |
| 18682 | People v. Perez, 50 Cal. 4th 222, 230 (Cal. 2010) | 3 | The mental state required for attempted murder is the intent to kill a human being, not a particular human being. | We answered the inquiry affirmatively, explaining that, "The mental state required for attempted murder is the intent to kill a human being, not a particular human being." | Does murder require specific intent to kill? |
| 18683 | Davis v. Macon Telegraph Publishing Co., 93 Ga. App. 633, 92 S.E.2d 619, 633 (Ga. Ct. App. 1956) | 1 | It is libel per se to charge a person with offense of misdemeanor. | It is libel per se to charge a person with the offense of misdemeanor. | Is it libel per se to charge a person with misdemeanor? |
| 18685 | eBay, Inc. v. Bidder's Edge, Inc., 100 F. Supp. 2d 1058, 1069-1070 (N.D. Cal. 2000) | 8 | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | In order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization *1070 interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | Is an unauthorized electronic contact with a computer system that causes harm trespass? |
| 18687 | Republic Ins. Co. v. Culbertson, 717 F. Supp. 415, 419 (E.D. Va. 1989) | 2 | Essential elements of a cause of action are a legal obligation, a breach, and consequential damage. | The essential elements of a cause of action are a legal obligation, a breach, and consequential damage. | Does a cause of action arise until the injury occurs? |

| | | | | | |
|---|---|---|---|---|---|
| 18688 | Nat'l Westminster Bank, USA v. State, 76 N.Y.2d 507, 509, 562 N.E.2d 866, 867 (1990) | 2 | As clerk of courts, county clerk is state officer for whom State is responsible; but when performing general duties, county clerk acts as local officer, and local government must answer for actions taken. | As a clerk of the courts, the County Clerk is a State officer for whom the State is responsible. But when performing general duties the County Clerk acts as a local officer, and the local government must answer for actions taken. | Is a clerk of the courts a State officer for whom the State is responsible? |
| 18691 | Poff v. Hayes, 763 So. 2d 234, 238 (Ala. 2000) | 8 | In trespass actions involving chattels, not all interferences with possession are actionable. | At the outset, we note that in trespass actions involving chattels, not all interferences with possession are actionable. | Are all interferences with possession actionable in an action for trespass to chattel? |
| 18694 | Velotta v. Leo Petronzio Landscaping, Inc., 69 Ohio St. 2d 376, 379, 433 N.E.2d 147, 150 (1982) | 4 | Where wrongful conduct complained of is not presently harmful, cause of action does not accrue until actual damage occurs. | In a case such as this, where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs. | "When negligence does not immediately result in damages, does a cause of action accrue only when actual damage has resulted from negligence complained of?" |
| 18695 | Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1350 (S.D. Fla. 2014) | 37 | Equitable relief sought by plaintiffs was a remedy, not a separate cause of action. | The equitable relief Plaintiffs seek is a remedy, not a separate cause of action. | Is an equitable relief a cause of action? |
| 18696 | Shinkle v. Turner, 496 S.W.3d 418, 423 (Ky. 2016) | 9 | A cause of action does not exist until the conduct causes injury that produces loss or damage. | "A cause of action does not exist until the conduct causes injury that produces loss or damage." | Does a cause of action accrue without occurrence of an injury? |
| 18697 | Brezler v. Mills, 220 F. Supp. 3d 303, 326 (E.D.N.Y. 2016) | 19 | Navy, like any other agency, must comply with its own binding rules. | The Navy, like any other agency, must comply with its own binding rules. | Does the navy have to comply with its own binding rules? |
| 18702 | State v. Dunne, 421 S.W.2d 268, 270 (Mo. 1967) | 2 | Funds of school districts are the property of the state, and not the private property of the school districts. | Furthermore, 'funds of school districts are the property of the state, and not the private property of the school districts,' | Are funds of school districts property of the state or the private property of the school districts? |
| 18709 | N.H. Ins. Co. v. Mora, 500 S.W.3d 132, 137 (Tex. App. 2016) | 6 | Subrogation rights may be waived or altered by contract. | However, subrogation rights may be waived or altered by contract. | Can subrogation rights be waived or altered by contract? |
| 18712 | Olivas v. United States, 506 F.2d 1158, 1165 (9th Cir. 1974) | 10 | The right of subrogation may be modified or extinguished by contract. | It is 'well settled that the right of subrogation 'may be modified or extinguished by contract. | Can a right of subrogation be modified or extinguished by contract? |
| 18714 | N.H. Ins. Co. v. Mora, 500 S.W.3d 132, 137 (Tex. App. 2016) | 6 | Subrogation rights may be waived or altered by contract. | However, subrogation rights may be waived or altered by contract. | Can the subrogation rights be waived or altered by contract? |
| 18720 | Bacon v. DBI, 284 Neb. 579, 822 N.W.2d 14, 602 (Neb. 2012) | 33 | Waivers of statutorily conferred rights under the Workers' Compensation Act must be clear and unequivocal. West's Neb.Rev.St. S 48-118. | Waivers of subrogation are strictly construed, 71 and waivers of statutorily conferred rights under the workers' compensation act must be clear and unequivocal. | Are subrogation waivers strictly construed? |
| 18721 | Bacon v. DBI, 284 Neb. 579, 822 N.W.2d 14, 602 (Neb. 2012) | 33 | Waivers of statutorily conferred rights under the Workers' Compensation Act must be clear and unequivocal. West's Neb.Rev.St. S 48-118. | Waivers of subrogation are strictly construed, 71 and waivers of statutorily conferred rights under the workers' compensation act must be clear and unequivocal. | Are waivers of subrogation strictly construed? |

| 18722 | S.C. Nestel, Inc. v. Future Const., Inc., 836 N.E.2d 445, 452 (Ind. Ct. App. 2005) | 16 | Negligence and breach of contract do not supersede a waiver of subrogation. | And as noted in Midwestern, negligence and breach of contract do not supersede a waiver of subrogation. | Does breach of contract supersede a waiver of subrogation? |
|---|---|---|---|---|---|
| 18723 | Alley v. Alley, 137 Ga. App. 256, 223 S.E.2d 288, 257 (Ga. Ct. App. 1976) | 2 | Doctrine of laches has no application as defense to action at law. | The doctrine of laches has no application as a defense to an action at law. | Is the doctrine of laches not applicable to an action at law? |
| 18728 | Adirim v. State, 350 So. 2d 1082, 1084 (Fla. Dist. Ct. App. 1977) | 6 | Burglary is not a disturbance to fee of the place as realty but to habitable security; therefore, in burglary, ownership means any possession which is rightful as against burglar. | Burglary is not a disturbance to the fee of the place as realty, but to the habitable security. Therefore, in burglary, ownership means any possession which is rightful as against the burglar. | Is burglary a disturbance to habitable security? |
| 18730 | Wilcox v. OrellaWilcox v. Orellano, 443 Md. 177, 187, 115 A.3d 621, 626–27 (2015)no, 443 Md. 177 | 8 | Pursuant to statutory savings clause for malpractice actions, if a claimant commences a medical malpractice claim within the period of limitations and the claim is dismissed without prejudice for failure to file an expert report, the claimant has up to 60 days to file a new civil action for the same cause against the same parties, even if the statute of limitations has otherwise run in the interim, but this grace period does not apply when there is a voluntary dismissal by the plaintiff; statutory savings clause applies "only" when the claim has been dismissed for failure to file an expert report. West's Ann.Md.Code, Courts and Judicial Proceedings, SS 3-2A-04(b)(3), 5-119(a)(2), (b). | Thus, if a claimant commences a medical malpractice claim within the period of limitations and the claim is dismissed without prejudice for failure to file an expert report, the claimant has up to 60 days to file a new civil action for the same cause against the same parties, even if the statute of limitations has otherwise run in the interim. This grace period does not apply, however, when there is a voluntary dismissal by the plaintiff. | "Can a plaintiff voluntarily dismiss the action once, without prejudice at any time prior to the commencement of trial?" |
| 18731 | Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 229 (1939) | 8 | There exists no essential difference between a "discontinuance" and a "voluntary nonsuit." | 739, that: 'There exists no essential difference between a discontinuance and a voluntary non-suit. | "Does there exist any essential difference between discontinuance"" and a ""voluntary nonsuit""?" |
| 18735 | Estate of Fahnlander, 81 Wn. App. 206, 210 (Wash. Ct. App. 1996) | 6 | Purpose of pretrial scheduling orders is to permit orderly discovery and pretrial preparation. | The purpose of pretrial scheduling orders is to permit orderly discovery and pretrial preparation. | What is the purpose of pretrial scheduling? |
| 18737 | Walton v. Town of Jena, 284 So. 2d 632, 636 (La. Ct. App. 1973) | 4 | Workmen's Compensation Law is paternalistic in nature and intent. LSA-R.S. 23:1021 et seq. | In reaching our decision, we are not forgetful of the paternalistic nature and intent of the Louisiana Workmen's Compensation Law. | Is Workmens compensation paternalistic in nature and intent? |
| 18739 | Strauss v. Silvercup Bakers, Inc., 353 F.2d 555, 557 (2d Cir. 1965) | 5 | A provision must be specific if it is to exclude a claim from arbitration. | It is clear that a provision must be specific if it is to exclude a claim from arbitration, but it is not clear how specific the provision must be in order to have this effect. | Does a provision excluding a claim from arbitration have to be specific? |
| 18743 | Mellons v. State, 560 S.W.2d 634, 636 (Tenn. Crim. App. 1978) | 3 | Consummation of intent to steal is not necessary to complete crime of burglary. | [2] [3] The fact that no goods were actually stolen from the truck is insignificant because, "Consummation of the intent to steal is not necessary to complete the crime of burglary." | Is consummation of intent necessary for burglary? |
| 18749 | Clean Water Coal. v. The M Resort, 127 Nev. 301, 314 (Nev.,2011) | 11 | An exaction of money for the purpose of generating revenue is a "tax." | An exaction of money for the purpose of generating revenue is a tax. | What is an exaction of money for the purpose of generating revenue termed as? |

| 18750 | Madden v. City of Iowa City, 848 N.W.2d 40, 51 (Iowa 2014) | 15 | A "tax" is a general revenue measure without benefits conferred. | Our cases indicate a tax is a general revenue measure without benefits conferred. | Is tax a general revenue measure? |
|---|---|---|---|---|---|
| 18751 | Madden v. City of Iowa City, 848 N.W.2d 40, 51 (Iowa 2014) | 15 | A "tax" is a general revenue measure without benefits conferred. | Our cases indicate a tax is a general revenue measure without benefits conferred. | Is tax conferred without benefits? |
| 18753 | U.S. v. Kemp, 500 F.3d 257, 282 (3d Cir. 2007) | 15 | Key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; government need not prove that each gift was provided with the intent to prompt a specific official act. | The key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; the government need not prove that each gift was provided with the intent to prompt a specific official act. | When does a gift constitute a bribe? |
| 18758 | Reed v. City of New Orleans, 593 So.2d 368, 371 (La. 1992) | 1 | Nature of tax is determined not by its title, but by its incidents, attributes, and operational effect; realities and substance of tax must be examined, not its form. LSA-Const. Art. 6, S 29. | The nature of a tax is determined not by its title, but by its incidents, attributes and operational effect. The realities and substance of the tax must be examined, not its form. | Should the realities and substance of a tax be examined rather than its form? |
| 18759 | U.S. v. Muldoon, 931 F.2d 282, 287 (4th Cir. 1991) | 9 | Distinction between bribe and illegal gratuity is difference in intent of person who gives bribe; proof of bribery requires corrupt intent, which is not required to show illegal gratuity. 18 U.S.C.A. S 201(b), (b)(1)(A-C), (c); Fed.Rules Cr.Proc.Rule 31(c), 18 U.S.C.A. | The distinction between a bribe and an illegal gratuity is the difference in the intent of the person who gives the bribe. Compare 18 U.S.C. 201(b) (bribery) with 201(c) (gratuity). The distinction is slight, but it is apparent from the text of the statute. Proof of bribery requires a corrupt intent that is not required to show an illegal gratuity. | Is a finding of corrupt intent necessary for a conviction of bribery? |
| 18765 | Houston v. McCoy, 351 So. 2d 829, 833 (La. Ct. App. 1977) | 4 | Under Negotiable Instruments Law, a negotiable instrument may be negotiated by gift as well as for value. LSA-R.S. 7:191. | A negotiable instrument may be negotiated by gift as well as for value. | Can negotiable instrument be negotiated by gift as well as for value? |
| 18767 | Allamakee County v. Collins Trust, 599 N.W.2d 448, 450 (Iowa 1999) | 3 | Established highway or right of way may be abandoned by the public and its rights lost. | We have recognized an established highway or right of way may be abandoned by the public and its rights lost. | Can an established highway be abandoned? |
| 18768 | Board v. Town of Lake, 966 So. 2d 448, 451 (Fla. Dist. Ct. App. 2007) | 2 | Pension statutes are to be liberally construed in favor of the intended recipients. | Furthermore, pension statutes are to be liberally construed in favor of the intended recipients. | Can pension statutes be liberally construed? |
| 18769 | Einhaus v. O. Ames Co., 547 S.W.2d 821, 825 (Mo. Ct. App. 1977) | 5 | Negligence is an ultimate fact which may be pleaded as such, and not a conclusion. | Negligence, however, is an ultimate fact which may be pleaded as such, and not a conclusion. | Is negligence an ultimate fact which may be pleaded as such? |
| 18772 | Tax Review Board v. Esso Standard Division, 424 Pa. 355, 358 (1967) | 3 | Invoices or bookkeeping cannot change nature or incidence of a tax. | Invoices or bookkeeping cannot change the nature or incidence of the tax. | Can invoices change nature or incidence of a tax? |
| 18773 | State v. Rounds, 476 So. 2d 965, 967 (La. Ct. App. 1985) | 3 | Essential part of a burglary is a safe and undetected retreat from the premises with fruits of the crime. | An essential part of a burglary is a safe and undetected retreat (escape) from the premises with the fruits of the crime. | Is an escape part of the burglary? |

| 18776 | Adams v. Hill, 177 Ga. App. 492, 493, 340 S.E.2d 27 (Ga. Ct. App. 1986) | 3 | As a rule, continuance on ground of counsel's illness is not favored. | As a rule, continuance on the ground of counsel's illness is not favored. | Is continuance on ground of counsel's illness favored? |
|---|---|---|---|---|---|
| 18783 | Etheridge Motors, Inc. v. Haynie, 103 Ga. App. 676, 680, 120 S.E.2d 317 (Ga. Ct. App. 1961) | 4 | Statement that plaintiff was without fault is not a conclusion but a statement of fact. | In an action for negligence, the statement that the plaintiff was without fault is not a conclusion, but a statement of fact. | Is the statement that the plaintiff was without fault a conclusion? |
| 18802 | Mid-State Homes, Inc. v. Johnson, 294 Ala. 59, 63 (Ala. 1975) | 5 | Great latitude is allowed in admitting evidence on issue of alleged fraud. | Great latitude is allowed in admitting evidence on the issue of alleged fraud. | "In discovery, should wide latitude be permitted in seeking evidence of fraud since positive proof of the tort is generally not to be expected?" |
| 18804 | Reguera v. Calderon, 27 A.D.2d 371, 373, 279 N.Y.S.2d 496, 498, aff'd, 20 N.Y.2d 919, 233 N.E.2d 288 (1967) | 2 | Generally, agent authorized to sell is not also authorized to pledge. | We recognize that the general rule is that an agent who is authorized to sell is not also authorized to pledge. | "Is an agent authorized to sell, also authorized to pledge?" |
| 18810 | Cheek v. United States, 498 U.S. 192, 198, 111 S. Ct. 604 (1991) | 1 | Based on the notion that the law is definite and knowable, common law presumed that every person knew the law. | Based on the notion that the law is definite and knowable, the common law presumed that every person knew the law. | Is the rule Ignorance of law is no defense to criminal prosecution a part of legal system? |
| 18813 | Common Wealth Ins. Sys., Inc. v. Kersten, 40 Cal. App. 3d 1014, 1024, 115 Cal. Rptr. 653, 659–60 (Ct. App. 1974) | 1 | Principal may ratify signature forged by his agent. | Under the Negotiable Instruments Law, other jurisdictions were divided on the question whether a principal may ratify the forgery of his signature by his agent (see annot., 150 A.L.R. 978, 985—986), but it has long been settled in California that where a principal-agent relationship exists, the principal may ratify his signature forged by his agent | Can a Principal ratify signature forged by an agent? |
| 18823 | Gross v. Lamme, 77 Nev. 200, 205 (1961) | 4 | Contracts of endorsement and of guarantee were separate and distinct obligations from obligation contained in note itself. | The contract of indorsement as well as the contract of guarantee are separate and distinct obligations from the obligation contained in the note itself. | Are contracts of endorsement and contracts of guarantee separate? |
| 18827 | Estate of Feher v. Board of Trustees, 68 N.J. Super. 391, 397 (App. Div. 1961) | 2 | Right to a pension or to a return of pension contributions exists only where a statute provides therefor. | The right to a pension or to a return of pension contributions exists only where a statute provides therefor. | Does a right to pension depend on a granting statute? |
| 18828 | Ballurio v. Castellini, 29 N.J. Super. 383, 389, 102 A.2d 662, 666 (App. Div. 1954) | 5 | A pension is a bounty springing from the appreciation and graciousness of the sovereign and is an inducement to conscientious, efficient and honorable service, and honorable service is implicit in every pension enactment. | Consideration of all these acts in the light of the Sui generis character of a public pension inevitably leads to the conviction that 'honorable' service is implicit in every such enactment. A pension is a bounty springing from the appreciation and graciousness of the sovereign); it is an inducement to conscientious, efficient and honorable service. | Does every pension enactment require an honorable service? |

| | | | | | |
|---|---|---|---|---|---|
| 18832 | Yamagiwa v. City of Half Moon Bay, 523 F. Supp. 2d 1036, 1102 (N.D. Cal. 2007) | 22 | Under California law, trespasses may be committed by consequential and indirect injuries as well as by direct and forcible injuries. | A trespass may be on the surface of the land, above it, or below it (Martin Marietta Corp. v. Insurance Co. of North America, 40 Cal.App.4th 1113, 1132, 47 Cal.Rptr.2d 670 [1995] ), and trespasses may be committed by consequential and indirect injuries as well as by direct and forcible injuries. | Can trespass be committed above the surface of the land? |
| 18834 | Farmers Nat'l Bank v. Commonwealth, Dep't of Revenue, 486 S.W.3d 872, 880 (Ky. Ct. App. 2015) | 7 | A "chose in action" is a right of action to recover a debt, a demand, or a promissory note or a right to recover damages. | A chose in action is a right of action to recover "a debt, a demand, a promissory note, [or] a right to recover damages." | "What is a ""chose in action""?" |
| 18836 | Gándara v. State, 527 S.W.3d 261, 268 (Tex. App. 2016) | 1 | Obtaining a personal benefit is a constitutionally-required element of bribery. Tex. Const. art. 16, S 41; Tex. Penal Code Ann. S 36.02. | "Obtaining a personal benefit is a constitutionally required element of bribery ...." | Is obtaining a personal benefit a constitutionally-required element of bribery? |
| 18839 | Pennie v. Obama, 255 F. Supp. 3d 648, 670 (N.D. Tex. 2017) | 24 | Domicile requires residence in state and intent to remain in state. | "Domicile requires residence in [a] state and an intent to remain in the state." Id. | Does domicile require intent to remain in state? |
| 18840 | Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) | 18 | Owning property in forum does not alone establish domicile; one may have more than one residence in different parts of country or world, but person may have only one domicile. | Owning property in a forum does not alone establish domicile. "One may have more than one residence in different parts of this country or the world, but a person may have only one domicile." | Does owning property alone establish domicile? |
| 18842 | In re Bump's Estate, 171 Kan. 442, 446 (1951) | 1 | Ordinarily, a continuance is not a matter of right, but may be on such conditions as court may impose. | There is no doubt that under the law ordinarily a continuance is not a matter of right, but may be on such conditions as the court may impose, a phase not presently before us. | Can a continuance be a matter of right? |
| 18844 | W.S. Butterfield Theatres, Inc. v. Dep't of Revenue, 353 Mich. 345, 353, 91 N.W.2d 269, 273 (1958) | 5 | Power of taxation is fundamental to very existence of government of the state. | The power of taxation is fundamental to the very existence of the government of the states. | Is the power of taxation fundamental to the existence of a government? |
| 18845 | Havens v. Attorney-General, 91 N.H. 115, 120 (1940) | 14 | A "tax" in itself is an economic charge which must be paid in some way by the person affected, and it must either come from a surplus of the taxpayer, or the burden must be passed on to those with whom taxpayer has economic relations. | "Taxes in themselves are economic charges which must be paid in some way by the person affected. They must either come from the surplus of the taxpayer, or the burden must be passed on to those with whom the taxpayer has economic relations." | Is tax an economic charge in itself? |
| 18846 | Moore v. Mitchell, 30 F.2d 600, 602 (2d Cir. 1929) | 1 | Taxes are imposts, not debts, collected for support of government. | Taxes are imposts, not debts, collected for the support of the government. | Are taxes imposts collected for support of government? |
| 18848 | Weissinger v. Boswell, 330 F. Supp. 615, 621 (M.D. Ala. 1971) | 2 | States have wide discretion in laying and collecting their taxes. | It is well established that the states have wide discretion in the laying and collecting of their taxes. | Do states have a wide discretion in the laying of their taxes? |
| 18851 | Ingram v. Mandler, 56 F.2d 994, 996 (10th Cir. 1932) | 1 | Note may be transferred by assignment without actual delivery. | A promissory note, like an ordinary chose in action, may be transferred by assignment without the actual delivery of the note. | Can a note be transferred without delivery? |

| 18854 | Browning Oil v. Luecke, 38 S.W.3d 625, 640 (Tex. App. 2000) | 21 | Oil and gas lease is a contract and must be interpreted as one. | An oil and gas lease is a contract and must be interpreted as one. | Is an oil and gas lease a contract? |
|---|---|---|---|---|---|
| 18856 | Rosenfeld, Meyer & Susman v. Cohen, 146 Cal. App. 3d 200, 227, 194 Cal. Rptr. 180, 197 (Ct. App. 1983) | 22 | Party is permitted to plead alternative legal theories. | Finally, to the extent that the law and motion department based its dismissal of the conspiracy cause of action on its belief that it added nothing to the third and fourth causes of action for breach of fiduciary duty an interference with contractual relations, such dismissal was erroneous since it is well settled authority that a party is permitted to plead alternative legal theories. | Can a party plead alternative legal theories? |
| 18863 | Cortigiano v. Waterbury, 133 Conn. 1, 4, 47 A.2d 413 (Conn. 1946) | 1 | An assessment for benefits is not ordinarily included in the term "taxes". | An assessment for benefits is not ordinarily included in the term 'taxes. | "Is an assessment for benefits included in the term ""taxes""?" |
| 18876 | Cunningham v. Dean Witter Reynolds, Inc., 550 F. Supp. 578, 584 (E.D. Cal. 1982) | 3 | Congress intended the Arbitration Act to overrule the traditional refusal of courts to enforce arbitration agreements under the common law and the policy Congress intended to effectuate was to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration. 9 U.S.C.A. SS 1, 2. | See also Application of the United States, 563 F.2d 637 (4th Cir.1977). [3] Congress intended the Arbitration Act to overrule the traditional refusal of courts to enforce arbitration agreements under the common law. The policy Congress intended to effectuate in this manner was to avoid the unnecessary expense and delay of litigation where parties had provided for the more efficient process of arbitration: It has been said that "arrangements for avoiding the delay and expense of litigation and referring a dispute to friends or neutral persons are a natural practice of which traces may be found in any state of society.. | Can a court refuse to enforce an arbitration agreement because of the joinder of a non arbitrable claim? |
| 18877 | Commercial Iron Metal Co. v. Bache Halsey, 581 F.2d 246, 249 (10th Cir. 1978) | 1 | Arbitration may be waived by conduct of demanding party. | Arbitration may be waived by the conduct of the demanding party, | Can arbitration be waived by the conduct of demanding parties? |
| 18881 | Fleming & Assocs., L.L.P. v. Barton, 425 S.W.3d 560, 569 (Tex. App. 2014) | 2 | In most cases, partnership agreement governs the relationship of partners. | In most cases, a partnership agreement governs the relationship of the partners. | Does a partnership agreement govern the relationship between the partners? |
| 18913 | Dubler v. Toscana Straw Goods Corp., 142 Misc. 369, 370, 254 N.Y.S. 464, 466 (City Ct. 1932) | 1 | "Trade acceptance" is draft or bill of exchange drawn by seller on purchaser of goods. | A trade acceptance is a draft or bill of exchange drawn by the seller on the purchaser of goods sold and accepted by such purchaser. | What is a Trade Acceptance? |
| 18920 | Allamakee County v. Collins Trust, 599 N.W.2d 448, 451 (Iowa 1999) | 3 | Established highway or right of way may be abandoned by the public and its rights lost. | We have recognized an established highway or right of way may be abandoned by the public and its rights lost. | Can a highway be abandoned by the public? |

| | | | | | |
|---|---|---|---|---|---|
| 18924 | Adams v. Paul, 11 Cal. 4th 583, 593, 904 P.2d 1205, 1212 (1995) | 9 | Party may plead in alternative and may make inconsistent allegations. | Moreover, a party may plead in the alternative and may make inconsistent allegations. | Can a party make inconsistent allegations? |
| 18929 | In re Telesphere Communications, Inc., 205 B.R. 535, 542 (N.D. Ill. 1997) | 5 | Under Illinois law, agents generally do not own personal property transferred into their possession by or for benefit of principal. | In this regard, agents generally do not own personal property transferred into their possession by or for the benefit of a principal. | Does an agent own the property he has in possession? |
| 18930 | Home Materials v. Auto Owners Ins. Co., 250 Ga. 599, 602, 300 S.E.2d 139 (Ga. 1983) | 3 | Dual agency is not considered void per se as against public policy. | Dual agency is not considered void per se as against public policy in Georgia. | Is dual agency against public policy? |
| 18943 | Messing v. Rosenkrantz, 872 F. Supp. 539, 541 (N.D. Ill. 1995) | 4 | An agent may invoke an arbitration agreement entered into by its principal. | In addition, an agent may invoke an arbitration agreement entered into by its principal. | Can an agent invoke an arbitration agreement? |
| 18944 | Leonardo v. U.S., 60 Fed. Cl. 126, 128 (2004) | 1 | A party alleging either an express or implied-in-fact contract with the United States must demonstrate: (1) mutual intent to contract; (2) offer; (3) acceptance; (4) consideration; and (5) that the government representative who entered or ratified the agreement had actual authority to bind the United States. | A party alleging either an express or implied-in-fact contract with the United States must demonstrate: (i) mutual intent to contract; (ii) offer; (iii) acceptance; (iv) consideration; and (v) that the government representative who entered or ratified the agreement had actual authority to bind the United States. | Does the Forest Supervisors have the authority to enter into contracts binding the government? |
| 18965 | United States v. Summit Fidelity Surety Co., 408 F.2d 46, 47-48 (6th Cir. 1969) | 1 | As between principal and agent a revocation of authority does not become effective until it is in some way communicated to the agent. | As between the principal and the agent a revocation of authority does not become effective until it is in some way communicated to the agent.. | Can an agents authority be revoked without communication? |
| 18967 | U.S. Steel Corp. v. State,, 65 Wash. 2d 385, 388 (1964) | 1 | Tax is not a "debt" and does not bear interest unless specifically imposed by statute. | *388 A tax is not a debt and does not bear interest unless specifically imposed by statute. | Does a tax bear interest? |
| 18988 | Laurie v. Ezard, 595 S.W.2d 336, 338 (Mo. Ct. App. 1980) | 5 | Whether case is prosecuted diligently must be decided on case-by-case basis. | Whether a case is prosecuted diligently must be decided on a case by case basis. | On what basis should it be decided whether a claim has been diligently prosecuted? |
| 18993 | Leary v. Johnson, 159 Conn. 101, 105 (1970) | 6 | An essential ingredient of agency is that agent is doing something at the behest and for the benefit of the principal. | An essential ingredient of agency is that the agent is doing something at the behest and for the benefit of the principal. | What is an essential ingredient of agency? |
| 18994 | Richmond Cty. Bus. Ass'n v. Richmond Cty., 224 Ga. 854, 856 (1968) | 2 | Tax is primarily intended to produce revenue whereas license is primarily intended for regulation under police power. | A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power. | "As opposed to tax, what is the primary purpose of license?" |
| 19000 | Shendock v. Director, Office of Workers' Compensation Programs, 893 F.2d 1458, 1466 (3d Cir. 1990) | 5 | Equitable tolling or estoppel is not available when there are jurisdictional limitations. | [5] Equitable tolling or estoppel simply is not available when there are jurisdictional limitations. | Is equitable estoppel not available when there are jurisdictional limitations? |
| 19005 | Viado v. Domino's Pizza, LLC, 230 Or. App. 531, 535, 217 P.3d 199, 202 (2009) | 4 | All servants are agents and all masters, principals; however, all principals and agents are not also masters and servants. | 'All servants are agents and all masters, principals. However, all principals and agents are not also masters and servants.' | Are all principals and agents also masters and servants? |

| 19009 | Thomas v. American Nat. Bank, 694 S.W.2d 543, 550 (Tex. App. 1985) | 7 | Partnership, once proved, presumptively continues until contrary appears. | A partnership, once proved, presumptively continues until the contrary appears. | Does a partnership once proved continue until the contrary appears? |
|---|---|---|---|---|---|
| 19014 | Circle Food Stores, Inc. v. City of New Orleans, 620 So. 2d 281, 286 (La. 1993) | 4 | "Consumption tax" is one applying to commodities intended for consumption and burden of which falls on consumer. | A consumption tax is one "applying to commodities intended for consumption and the burden of which falls on the consumer. | "What is ""consumption tax""?" |
| 19023 | N. Petrochemical Co. v. U. S. Fire Ins. Co., 277 N.W.2d 408, 411 (Minn. 1979) | 7 | Estoppel does not continue indefinitely if circumstances relied on to justify estoppel cease to be operational. | Estoppel does not continue indefinitely if the circumstances relied on to justify estoppel cease to be operational. | Does estoppel continue indefinitely? |
| 19024 | Com. v. Mallory, 596 Pa. 172, 189 (Pa.,2008) | 3 | A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional right. | A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." | Is waiver colloquy a procedural device? |
| 19031 | Rodgers v. Rab Investments, Ltd., 816 S.W.2d 543, 547 (Tex. App. 1991) | 6 | As long as partnership continues, partners have fiduciary relationship. | As long as a partnership continues, the partners have a fiduciary relationship. | Do partners have a fiduciary relationship till the partnership continues? |
| 19033 | Matthews v. F.M.C. Corp., 190 Conn. 700, 705 (1983) | 2 | Principle that a plaintiff may rely only upon what he has alleged is basic. | The principle that a plaintiff may rely only upon what he has alleged is basic. | Can a plaintiff rely only upon what he has alleged? |
| 19034 | A.F.P. Enterprises, Inc. v. Crescent Pork, Inc., 243 Ill. App. 3d 905, 611 N.E.2d 619, 914 (Ill. App. Ct. 1993) | 17 | Conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest may not be admitted for purposes of deciding motion to dismiss. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest may not be admitted for purposes of deciding the motion to dismiss. | Will it be the purpose of statutory motion to dismiss to provide means to dispose of issues of law or easily prove issues of fact? |
| 19037 | Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue, 301 N.W.2d 760, 764 (Iowa 1981) | 12 | A "sales tax" is a tax on the freedom of purchase, whereas a "use tax" is a tax on the enjoyment of what was purchased. | A sales tax is a tax on the freedom of purchase, whereas a use tax is a tax on the enjoyment of what was purchased. | "Is a ""sales tax"" a tax on freedom of purchase?" |
| 19050 | Argentinis v. Fortuna, 134 Conn. App. 538, 39 A.3d 1207, 549 (Conn. App. Ct. 2012) | 20 | The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. | The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties.... | "Are limiting the issues to be decided at the trial and preventing surprise, purposes of a complaint?" |
| 19061 | Am. Deposit Corp. v. Schacht, 887 F. Supp. 1066, 1077 (N.D. Ill. 1995) | 4 | Fundamental characteristic of insurance is spreading and underwriting of risk; risk to be insured against is shifted or distributed. | The fundamental characteristic of insurance is the spreading and underwriting of risk; the risk to be insured against is shifted or distributed. | What are the fundamental characteristics of insurance? |
| 19087 | United States v. Difrancesco, 449 U.S. 117, 101 S. Ct. 426, 132-138 (1980) | 7 | Neither history of sentencing practices nor pertinent rulings of Supreme Court, nor even considerations of double jeopardy policy support proposition that criminal sentence, once pronounced, is to be accorded constitutional finality similar to that which attaches to jury's verdict of acquittal. | Neither the history of sentencing practices, nor the pertinent rulings of this Court, nor even considerations of double jeopardy policy support the proposition that a criminal sentence, once pronounced, is to be accorded constitutional finality similar to that which attaches to a jury's verdict of acquittal. | Does public interest exist in finality of criminal judgments and bars reprosecution even when an acquittal is based on egregiously erroneous foundation? |
| 19091 | In re M.H.P., 830 N.W.2d 216, 219 (N.D. 2013) | 5 | Jeopardy denotes risk; in the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution. U.S.C.A. Const.Amend. 5. | "Jeopardy denotes risk. In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution." | What does jeopardy describe? |

| 19095 | Stewart v. Daytona & New Smyrna Inlet Dist., 94 Fla. 859, 114 So. 545 (1927) | 6 | Power of taxation can be exercised only pursuant to valid statute containing definite limitations (Const. art. 9, S 3). | Power of taxation can be exercised only pursuant to valid statute containing definite limitations (Const. art. 9, 3). | Is taxation a legislative power that cannot be delegated? |
|---|---|---|---|---|---|
| 19103 | Truck Ins. Exch. v. Cartmill, 385 S.W.2d 277, 280 (Tex. Civ. App. 1964) | 7 | Workmen's compensation benefits are paid for disability rather than for actual earnings received. | Moreover, workmen's compensation benefits are paid for disability rather than for actual earnings received. | What do workers compensation benefits pay or compensate for? |
| 19109 | Davidson v. Bugbee, 227 Mich. App. 264, 575 N.W.2d 574, 269 (Mich. Ct. App. 1997) | 8 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | Is a cause of action fundamental to tort law? |
| 19115 | Bennett Dairy v. Putney, 46 A.D.2d 1010, 1010, 362 N.Y.S.2d 93, 93–94 (1974) | 2 | A partner is agent of partnership and his acts may be adopted and enforced by partnership as its own. | A partner is the agent of the partnership and his acts may be adopted and enforced by the partnership as its own (Partnership Law, section 20), and an undisclosed principal may sue on the contract of the agent ( **94 Kelly A.B. Co. v. Barber A.P., 211 N.Y. 68, 70, 105 N.E. 88, 89; Alpert v. G.R.E. Construction Corporation, 222 App.Div. 60, 225 N.Y.S. 327; Navarre Hotel and Importation Company v. American Appraisal Co., 156 App.Div. 795, 142 N.Y.S. 89). | Can an agents acts be adopted and enforced? |
| 19116 | In re Ricketts Const. Co., 441 B.R. 512, 516 (W.D. Va. 2010) | 5 | Virginia courts strictly construe the power to tax. | In addition, Virginia courts strictly construe the power to tax. | Should courts strictly construe the power to tax? |
| 19118 | Rimel v. Uber Techs., Inc., 246 F. Supp. 3d 1317, 1324 (M.D. Fla. 2017) | 16 | In the absence of a choice of law provision, the "lex loci contractus doctrine" applies; under that doctrine, a contract is governed by the law of the state in which the contract is made or is to be performed. | In the absence of a choice of law provision, the lex loci contractus doctrine applies. Under that doctrine, a contract is governed by the law of the state in which the contract is made or is to be performed. | Under what law is the performance of a contract governed? |
| 19124 | IHC Health Servs. v. D & K Mgmt., 2003 UT 5, 73 P.3d 320, 323 (2003) | 6 | Although any waiver must be distinctly made, it may be express or implied. | Although "any waiver 'must be distinctly made ... it may be express or implied.' " | Should waiver be distinctly made? |
| 19129 | Riverside-Quindaro Bend Levee Dist. v. Intercontinental Eng'g Mfg. Corp., 121 S.W.3d 531, 533 (Mo. 2003) | 2 | The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists. | The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists. | "If there is no statutory right to appeal, can a right to appeal exist?" |
| 19132 | Crest Const. Co. v. Insurance Co. of North America, 417 F.Supp. 564, 569 (D.C.Okl. 1976) | 14 | It is not necessary to partnership relationship that there be an express agreement to share the losses; such an agreement may be implied if intent of parties to form a partnership is otherwise made clear. | However, it is not necessary to the partnership relationship that there be an express agreement to share in the losses. Such an agreement may be implied if the intent of the parties to form a partnership is otherwise made clear. | Can an agreement to share losses be implied from an agreement to share profits in a partnership? |

| 19144 | Sanson Four v. Faulk, 803 So. 2d 1048, 1052 (La. Ct. App. 2001) | 1 | An assignment of right is a species of sale and is treated as such in the Civil Code. | An assignment of right is a species of sale and is treated as such in our Civil Code. | Is assignment a species of sale? |
|---|---|---|---|---|---|
| 19146 | People v. Pinkney, 316 Mich. App. 450, 466 (2016) | 8 | The common-law definition of "forgery" is a false making of any written instrument with intent to defraud. | "The common-law definition of 'forgery' is 'a false making … of any written instrument with intent to defraud.' " | What is forgery under common law? |
| 19148 | Farris v. Alaska Airlines, (1953), 113 F. Supp. 907, 908 (W.D. Wash. 1953) | 1 | Primary function of arbitration is to serve as substitute for, and not as prelude to, litigation. | The primary function of arbitration is to serve as a substitute for and not a prelude to litigation. | What is the primary function of arbitration? |
| 19151 | United States v. Jones, 553 F.2d 351, 354-355 (4th Cir. 1977) | 2 | An essential element of the crime of forgery is making the false writing. | Significantly then, "(a)n essential element of the crime of forgery is making the false *355 writing * * *." | Does false making fall within the ambit of common law forgery? |
| 19154 | BeWigged by Suzzi v. Atl. Dep't Stores, 49 Ohio App. 2d 65, 359 N.E.2d 721, 723 (Ohio App. 1976) | 5 | A "license" is a permission to do some act or series of acts on the land of the licensor, without having any permanent interest in it. | A license is a permission to do some act or series of acts on the land of the licensor, without having any permanent interest in it. | Are licenses assignable? |
| 19158 | Fondren v. Republic American Life Ins. Co., 190 F.R.D. 597, 599 (N.D. Okla. 1999) | 1 | A party asserting a privilege has the burden of demonstrating that the privilege is applicable. | A party asserting a privilege, here Republic, 2 has the burden of demonstrating that the privilege is applicable. | Who has the burden of demonstrating that the privilege is applicable? |
| 19163 | Redevelopment Agency of City of San Diego v. Attisha, 128 Cal. App. 4th 357, 368 (2005) | 12 | There is no single acceptable method of valuing goodwill, as valuation methods will differ with the nature of the business and with the purpose for which the evaluation is conducted; each case must be determined on its own facts and circumstances and the evidence must be such as legitimately establishes value. | In enacting section 1263.510 the Legislature did not specify any particular method for valuing loss of goodwill, and courts have held " 'there is no single acceptable method of valuing goodwill. Valuation methods will differ with the nature of the business … and with the purpose for which the evaluation is conducted.' " " '[E]ach case must be determined on its own facts and circumstances and the evidence must be such as legitimately establishes value.' " | Is there a single acceptable method of valuing goodwill? |
| 19168 | Bennett v. Illinois Power Light Corp., 271 Ill. App. 182, 190-191 (Ill. App. Ct. 1933) | 1 | "Negligence" may consist of doing a legal act in a careless or negligent manner. | Also, that negligence may consist of doing a legal act in a careless or negligent manner. | Can a legal act result in negligence? |
| 19188 | Dvoracek v. Gillies, 363 N.W.2d 99, 102 (Minn. Ct. App. 1985) | 5 | Tenant who wrongfully holds over after expiration of a lease becomes tenant at sufferance. | A tenant who wrongfully holds over after expiration of a lease becomes a tenant at sufferance. | Is a tenant by holding over also a tenant by sufferance? |
| 19214 | Vinings Jubilee Partners, Ltd. v. Vinings Dining, Inc., 266 Ga. App. 34, 37, 596 S.E.2d 209, 212 (2004) | 4 | In a commercial lease, the default provisions control. | Moreover, in a commercial lease, the default provisions control | Do the default provisions control in a commercial lease? |
| 19226 | Pagelsdorf v. Safeco Ins. Co. of America, 91 Wis. 2d 734, 743 (Wis. 1979) | 3 | Modern-day apartment lease is regarded as a contract, not as a conveyance. | The modern-day apartment lease is regarded as a contract, not a conveyance. | Is the modern day apartment lease regarded as a contract? |

| 19246 | Hill v. Cross Country Settlements, 402 Md. 281, 288 (2007) | 40 | "Statutory subrogation" arises pursuant to a statute. | Statutory subrogation, naturally, arises pursuant to a statute. | Does statutory subrogation arise pursuant to a statute? |
|---|---|---|---|---|---|
| 19247 | In re Flamingo 55, 378 B.R. 893, 906 (D. Nev. 2007) | 5 | "Statutory subrogation" occurs by virtue of a right created by statute. | Statutory subrogation, as one might expect, occurs by virtue of a right created by statute. | Does statutory subrogation arise pursuant to a statute? |
| 19251 | Hoffman Assocs. v. Snook, 112 N.J.L. 68, 68 (1934) | 2 | Appeal lies only from final judgment, not only as to all issues, but as to all parties. | Appeal lies only from final judgment, not only as to all the issues, but as to all the parties. | Can an appeal lie only from a final judgment? |
| 19255 | Maxon v. Franklin Traffic Serv., Inc., 261 A.D.2d 830, 831, 689 N.Y.S.2d 559, 561 (1999) | 3 | A tort cause of action does not accrue until an injury is sustained. | A tort cause of action, however, does not accrue until an injury is sustained | When does a tort cause of action accrue? |
| 19261 | People v. Minor, 28 Misc. 3d 278, 282, 898 N.Y.S.2d 440, 443 (Sup. Ct. 2010) | 2 | The law does not permit a person to consent to his own murder, and such consent does not transform an active killing of another into a suicide. | In sum, the law does not permit a person to consent to his own murder. That consent does not transform an active killing of another into a suicide. | Does the law permit a person to consent to his own murder? |
| 19263 | Granite Beach Holdings v. State ex rel. Dep't of Nat. Res., 103 Wash. App. 186, 205 (2000) | 22 | There can be no inverse condemnation if no property right exists. West's RCWA Const. Art. 1, S 16. | There can be no inverse condemnation if no property right exists. | Can there be inverse condemnation if no property right exists? |
| 19265 | New York Land v. Republic of Philippines, 634 F. Supp. 279, 281 (S.D.N.Y. 1986) | 7 | Act-of-state doctrine demands case-by-case analysis. | The act-of-state doctrine "demands a case-by-case analysis." Allied Bank Int'l, supra, at 521. | Does the act-of-state doctrine demand case-by-case analysis? |
| 19270 | Stennis v. Rekkas, 233 Ill. App. 3d 813, 825 (1992) | 2 | Motions and orders in limine should be clearly and specifically outlined in writing; order in limine, like any other interlocutory order, is subject to reconsideration by court throughout trial. | Consequently, motions and orders in limine should be clearly and specifically outlined in writing. An order in limine, like any other interlocutory order, is subject to reconsideration **1067 ***53 by the court throughout the trial. | Should both the motion in limine and the resulting order be in writing? |
| 19276 | Boydstun, et al. v. Pearson, 239 Miss. 479, 123 So. 2d 621, 481 (Miss. 1960) | 1 | A right of action must be complete when an action therefor is commenced. | It is true that 'a right of action must be complete when an action therefor is commenced.' | Should a right of action be complete when an action is commenced? |
| 19287 | Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987) | 4 | Waiver, like immunity, is affirmative defense that must be affirmatively pleaded. Fed.Rules Civ.Proc.Rule 8(c), 28 U.S.C.A. | Waiver, like immunity, is an affirmative defense which must be affirmatively pleaded. | Should waiver be affirmatively plead? |
| 19293 | Rural Elec. Co. v. Bd. Equalization, 57 Wyo. 451, 452 (1942) | 1 | In order that an owner of an electric plant may be said to be a "public utility", its property must be devoted to public use. | In order that an owner of an electric plant may be said to be a public utility, his or its property must be devoted to public use. | Is the determination of whether a plant or system is a public utility based on whether the public may enjoy it by right or by permission only? |
| 19296 | H. O. Canfield Co. v. United Const. Workers, 136 Conn. 293, 293 (1949) | 7 | The right to an injunction is to be determined as of the time of the hearing. | The ordinary rule is that the right to an injunction is to be determined as of the time of the hearing. | Is the right to an injunction to be determined as of the time of the hearing? |
| 19297 | Alley v. Alley, 137 Ga. App. 256, 223 S.E.2d 288, 257 (Ga. Ct. App. 1976) | 2 | Doctrine of laches has no application as defense to action at law. | The doctrine of laches has no application as a defense to an action at law. | Is laches not a defense in action at law? |

| | | | | | |
|---|---|---|---|---|---|
| 19301 | Daszkiewicz v. Bd. of Ed. of City of Detroit, 301 Mich. 212, 220, 3 N.W.2d 71, 74 (1942), overruled by Williams v. City of Detroit, 364 Mich. 231, 111 N.W.2d 1 (1961) | 2 | Education is a subject of governmental concern and activity. | We have repeatedly recognized education as a subject of governmental concern and activity. | Is education a subject of governmental concern and activity? |
| 19304 | United States v. Certain Parcels of Land, 215 F.2d 140, 147 (3d Cir. 1954) | 5 | Once it is administratively determined that property is to be taken for a public use, a United States court ordinarily will not review the reasonableness of the government's decision as to the time of taking or the period which must elapse before the property is utilized solely for a public activity. 40 U.S.C.A. S 257. | Once it is administratively determined that a property is to be taken for a public use, a United States court ordinarily will not review the reasonableness of the government's decision as to the time of taking or the period which must elapse before the property is utilized solely for a public activity. | Is the judgement as to the proper time of taking to be that of the government official to whom the exercise of the power of eminent domain has been delegated by Congress? |
| 19305 | Security Ins. Co. v. Mangan, 250 Md. 241, 242 (1968) | 9 | In any subrogation case burden of proving entitlement is on subrogee. | In any subrogation case, the burden of proving entitlement is on the subrogee. | Should a subrogee prove that he is entitled to relief by subrogation? |
| 19307 | Voge v. Anderson, 181 Wis. 2d 726, 732, 512 N.W.2d 749, 751 (1994) | 2 | Assignment of claim by means of subrogation is not automatic; party that wants to impose subrogation has burden of proving it. | Assignment of a claim by means of subrogation is not automatic. The party that wants to impose subrogation has the burden of proving it. | Is the assignment of claim by means of subrogation automatic? |
| 19315 | New Hampshire Ins. Co. v. Mora, 500 S.W.3d 132, 137 (Tex. App. 2016) | 6 | Subrogation rights may be waived or altered by contract. | However, subrogation rights may be waived or altered by contract. | Can common law subrogation rights be waived by contract? |
| 19323 | In re Marriage of Mackin, 391 Ill. App. 3d 518, 909 N.E.2d 912, 519 (Ill. App. Ct. 2009) | 2 | A party cannot consent to or waive appellate jurisdiction. | A party cannot consent to or waive appellate jurisdiction. | Can a party consent to or waive appellate jurisdiction? |
| 19332 | Atsa of California, Inc. v. Continental Insurance, 702 F.2d 172, 175 (9th Cir. 1983) | 5 | A dispute about a waiver of arbitration may properly be referred to arbitrator. | A dispute about a waiver of arbitration may properly be referred to the arbitrator. | Can a dispute regarding the waiver of arbitration be referred to arbitration? |
| 19342 | Citizens' Utility Ratepayer Bd. v. State Corp. Comm'n, 264 Kan. 363, 956 P.2d 685, 397 (Kan. 1998) | 22 | Primary purpose of a tax is to raise money, not regulation; such a demand is only a tax if it is a forced contribution to raise revenue for the maintenance of government services offered to the general public. | The primary purpose of a tax is to raise money, not regulation. Such a demand is only a tax if it is a " 'forced contribution to raise revenue for the maintenance of government services offered to the general public.' " | Is regulation the primary purpose of a tax? |
| 19345 | Ex Parte Coffee County Com'n, 583 So. 2d 985, 988 (Ala. 1991) | 2 | Whether tax is "general tax" or "special tax" depends on purpose for which tax is levied or assessed. | Whether a tax is general or special depends on the purpose for which it is levied or assessed. | What are special taxes? |
| 19346 | Town of Hilton Head Island v. Morris, 324 S.C. 30, 484 S.E.2d 104, 35 (S.C. 1997) | 7 | Statute levies tax when it fixes amount or rate to be imposed. | A statute levies a tax *36 when it fixes the amount or rate to be imposed. | When does a statute levy a tax? |
| 19347 | Huntington Pub. Co. v. Caryl, 180 W. Va. 486, 486 (1988) | 2 | In tax matters, it is substance, not form of transaction, that determines tax liability. | In tax matters, it is the substance, not the form of a transaction that determines tax liability. | What determines a tax liability? |

| 19349 | Blanchard v. Blanchard, 261 Ga. 11, 401 S.E.2d 714, 13 (Ga. 1991) | 3 | Tax law is statutory and equitable considerations are inapplicable. | [3] "[T]ax law is statutory and equitable considerations are inapplicable." | Are equitable considerations inapplicable under tax law? |
|---|---|---|---|---|---|
| 19362 | Kornfeld v. NRX Techs., Inc., 93 A.D.2d 772, 773, 461 N.Y.S.2d 342, 343 (1983), aff'd, 62 N.Y.2d 686, 465 N.E.2d 30 (1984) | 3 | Provision affording to plaintiffs right to convert notes into common stock at any time prior to due date did not materially alter nature of instruments, which remained instruments for payment of money only. | Neither is the character of the notes altered as a result of another provision affording to plaintiffs the right to convert the notes into common stock at any time prior to the due date. This does not materially alter the nature of the instruments and they remain instruments for the payment of money only | Does acceleration provision change the nature of the instrument? |
| 19373 | JJM Trucking, Inc. v. Caterpillar Fin. Servs. Corp., 295 Ga. App. 560, 562, 672 S.E.2d 529, 531 (2009) | 2 | An amendment to the answer does not constitute a withdrawal of an admission. | An amendment to the answer does not constitute a withdrawal of an admission, however. | Does an amendment to the answer constitute a withdrawal of an admission? |
| 19382 | Sudomir v. McMahon, 767 F.2d 1456, 1464 (9th Cir. 1985) | 6 | Federal authority in areas of immigration and naturalization is plenary. | Our foundation is that federal authority in the areas of immigration and naturalization is plenary. | Is federal authority in immigration matters plenary? |
| 19386 | State v. Maktepharak, 276 Kan. 563, 572 (2003) | 16 | Aggravated burglary is specific intent crime. | Aggravated burglary is a specific intent crime; aggravated battery is a general intent crime. | Is aggravated burglary a specific intent crime? |
| 19390 | Ledet v. Burgess, 632 So. 2d 11852, 1187 (La. Ct. App. 1994) | 6 | Conclusions of law contained in petition will not be considered. | Conclusions of law contained in a petition will not be considered. | Will conclusions of law contained in a petition be considered? |
| 19405 | State v. Garrett, 42 Conn. App. 507, 513 (1996) | 7 | Forcible entry, with or without damage, is not element of burglary. C.G.S.A. SS 53a-100(b), 53a-103. | Forcible entry, with or without damage, is not an element of burglary. | Is forcible entry an element of burglary? |
| 19417 | Pollin v. Mindy Mfg. Co., Inc., 211 Pa. Super. 87, 92 | 5 | A check is an order of a depositor on a bank in nature of a draft drawn on bank and payable on demand. | A check is an order of a depositor on a bank in the nature of a draft drawn on the bank and payable on demand. | Is a check revocable until paid? |
| 19423 | Pennie v. Obama, 255 F. Supp. 3d 648, 670 (N.D. Tex. 2017) | 24 | Domicile requires residence in state and intent to remain in state. | "Domicile requires residence in [a] state and an intent to remain in the state." Id. | Does domicile require residence in state? |
| 19447 | Marincovich v. Tarabochia, 53 Wn. App. 633, 635 (Wash. Ct. App. 1989) | 4 | No rights can arise from custom that violates the law. | This is contrary to law, and it is elementary that no rights can arise from a custom that violates the law. | May rights arise from a custom that violates the law? |
| 19449 | Gaudreau v. Smith, 137 Kan. 644, 21 P.2d 330, 330 (1933) | 2 | Party furnishing casing and equipment to owner of oil and gas leasehold under contract giving him interest in leasehold held not entitled to lien to secure payment. Rev.St.Supp.1931, 55-207. | Party furnishing casing and equipment to owner of oil and gas leasehold under contract giving him interest in leasehold held not entitled to lien to secure payment (Rev. St. Supp. 1931, 55-207). | Do oil and gas lien laws confer special privileges? |
| 19459 | ACLU of NM v. City of Albuquerque, 137 P.3d 1215, 1221 (N.M.App., 2006) | 3 | An action will be dismissed if the issues become moot. | "[A]n action will be dismissed if the issues ... become moot." | Will an action be dismissed if an issue is or has become moot? |
| 19464 | Tyson Foods v. Dept. of Treasury, 276 Mich. App. 678, 741 N.W.2d 579, 684 (Mich. Ct. App. 2007) | 1 | State may impose a tax only if the tax is expressly authorized by law. | The state may impose a tax only if the tax is expressly authorized by law. | When can a state impose a tax? |

| | | | | | |
|---|---|---|---|---|---|
| 19465 | Pourier v. Bd. of Cty. Comm'rs of Shannon Cty., 83 S.D. 235, 240 (1968) | 7 | Nonexemption of Indians from federal income taxation is without significance as to power of state to tax personal property owned by tribal Indians and located within Indian reservations. | The nonexemption of Indians from federal income taxation is without significance on the power of a state to tax personal property owned by tribal Indians and located within Indian reservations. | Can the state tax Indians or their property on reservation? |
| 19469 | Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986) | 2 | Waiver of contractual right to arbitration is not favored. | Waiver of a contractual right to arbitration is not favored. | Do the courts favor waivers of a contractual right to arbitration? |
| 19470 | Bahoor v. Varonis Sys., Inc., 152 F. Supp. 3d 1091, 1102 (N.D. Ill. 2015) | 20 | A waiver of the right to arbitrate can be express or implied. | A waiver of the right to arbitrate can be express or implied. Cabinetree of Wisconsin, Inc. | Can a waiver of the right to arbitrate be expressed or implied? |
| 19480 | Ad Miller Associates, Inc. v. Glynn, 736 So. 2d 798, 799 (Fla. Dist. Ct. App. 1999) | 2 | Default is most serious sanction that can be imposed on defendant. | A default is the most serious sanction that can be imposed on a defendant. | Is default the most serious sanction that can be imposed on a defendant? |
| 19484 | News and Observer Publishing Co. v. Coble, 128 N.C. App. 307, 310 (N.C. Ct. App. 1998) | 2 | When action has become moot, case should be dismissed. | When an action has become moot, the case should be dismissed. | Should a case be dismissed when action has become moot? |
| 19487 | People v. Meredith, 174 Cal. App. 4th 1257, 1266 (2009) | 8 | For purposes of the California first degree burglary statute, a structure need not be occupied at the time; it is "inhabited" if someone lives there, even though the person is temporarily absent. West's Ann.Cal.Penal Code SS 459, 460. | "For purposes of the California first degree burglary statute, a structure 'need not be occupied at the time; it is inhabited if someone lives there, even though the person is temporarily absent." | Is a temporarily unoccupied residence considered an inhabited dwelling pursuant to the burglary statute? |
| 19488 | Ladd v. Du Bose, 344 S.W.2d 476, 479 (Tex. Civ. App. 1961) | 1 | Reservation of minerals, to be effective, must be by clear language. | A reservation of minerals to be effective must be by clear language. | Should reservations in minerals be in clear language? |
| 19493 | Stroud v. Riddle, 260 S.C. 99, 194 S.E.2d 236, 102 (1973) | 1 | A litigant is not required to plead evidentiary matter. | A litigant is not required to plead evidentiary matter and we have held that it is both unnecessary and improper to do so. | Is a litigant required to plead evidentiary matter? |
| 19496 | Woodbury Lumber Co. v. McIntosh, 125 Vt. 154, 155, 211 A.2d 240, 242 (1965) | 6 | A defendant is entitled to be protected from vexatious litigation. | It is unquestionably the rule in this jurisdiction that a defendant is entitled to be protected from vexatious litigation. | Is a defendant entitled to be protected from vexatious litigation? |
| 19523 | Hanson v. Birmingham, 92 F. Supp. 33, 43 (N.D. Iowa 1950) | 14 | Within the scope of the partnership business, each partner is the agent of all other partners for transaction of partnership affairs, and his acts are the acts of all. | It is one of the fundamental principles in the law of partnership, that, within the scope of the partnership business, each partner is the agent of all the other partners for the transaction of the partnership affairs, and his acts are the acts of all.' | What is the fundamental principle of the law of partnership? |
| 19525 | Smith v. Gallatin Nursing Home, 629 S.W.2d 683, 685 (Tenn. 1982) | 6 | Entire subject of worker's compensation is statutory. | The entire subject of worker's compensation is statutory. | Is the entire subject of workers compensation statutory? |
| 19533 | Haragan v. Am. Fed'n of Grain Millers Int'l, AFL-CIO, 445 S.W.2d 131, 133 (Ky. 1969) | 2 | Public highways belong to public from side to side and from end to end. | Public highways belong to the public, from side to side and from end to end.' | Do public highways belong to public from side to side and from end to end? |

| | | | | | |
|---|---|---|---|---|---|
| 19534 | Allamakee County v. Collins Trust, 599 N.W.2d 448, 451 (Iowa 1999) | 3 | Established highway or right of way may be abandoned by the public and its rights lost. | We have recognized an established highway or right of way may be abandoned by the public and its rights lost. | Can a highway lose its rights? |
| 19538 | Southern Pac. Transp. v. Continental Shippers, 642 F.2d 236, 238 (8th Cir. 1981) | 2 | Corporation may become agent of individual or of another corporation. | Finally, it is clear that a corporation may become an agent of an individual or of another corporation. | Can a corporation become an agent of an individual? |
| 19539 | Southern Pac. Transp. v. Continental Shippers, 642 F.2d 236, 238 (8th Cir. 1981) | 2 | Corporation may become agent of individual or of another corporation. | Finally, it is clear that a corporation may become an agent of an individual or of another corporation. | Can a corporation become an agent of another corporation? |
| 19585 | Marfia v. T. C. Ziraat Bankasi, 100 F.3d 243, 251 (2d Cir. 1996) | 5 | Apparent authority is based on principle of estoppel and arises when principal places agent in position where it appears that agent has certain powers which he may or may not possess; thus, when third person holds reasonable belief that agent was acting within scope of his authority and changes his position in reliance on agent's act, principal is estopped to deny that agent's act was not authorized. | Apparent authority is based on the principle of estoppel. It arises when a principal places an agent in a position where it appears that the agent has certain powers which he may or may not possess. If a third person holds the reasonable belief that the agent was acting within the scope of his authority and changes his position in reliance on the agent's act, the principal is estopped to deny that the agent's act was not authorized. | How is implied authority viewed in the context of a principal-agent relationship? |
| 19612 | Pac. Air Lines, Inc. v. Superior Ct. In & For City & Cnty. of San Francisco, 231 Cal. App. 2d 587, 589, 42 Cal. Rptr. 68, 69 (Ct. App. 1965) | 2 | Test of sufficiency of affidavit is whether an indictment for perjury will lie if it is false. | There decisions state that the test of sufficiency of an affidavit is whether an indictment for perjury will lie if it is false. | What determines the sufficiency of an affidavit? |
| 19613 | Brown v. Branch, 758 N.E.2d 48, 51 (Ind. 2001) | 5 | "Estoppel" is a judicial doctrine sounding in equity. | Estoppel is a judicial doctrine sounding in equity. | Is estoppel a judicial doctrine sounding in equity? |
| 19614 | Chuck Wagon Feeding Co. v. Davis, 768 S.W.2d 360, 364 (Tex.App. El Paso,1989) | 4 | If party pleads generally and then goes further and pleads specifically on same subject, specific allegations control; pleader cannot rely on general but is confined to his specific allegations. | If a party pleads generally and then goes further and pleads specifically on the same subject, the specific allegations control. The pleader cannot rely on the general but is confined to his specific allegations. | Can the pleader rely on the general allegations? |
| 19615 | Chuck Wagon Feeding Co. v. Davis, 768 S.W.2d 360, 364 (Tex.App. El Paso,1989) | 4 | If party pleads generally and then goes further and pleads specifically on same subject, specific allegations control; pleader cannot rely on general but is confined to his specific allegations. | If a party pleads generally and then goes further and pleads specifically on the same subject, the specific allegations control. The pleader cannot rely on the general but is confined to his specific allegations. | Is the pleader confined to his specific allegations? |
| 19616 | Couchman v. Cardona, 471 S.W.3d 20, 25 (Tex. App. 2015) | 11 | A motion to dismiss with prejudice is a motion for sanctions relief. | A motion to dismiss with prejudice, then, is a motion for sanctions relief. | Is a motion to dismiss with prejudice a motion for sanctions relief? |
| 19626 | Pepitone v. State, 846 So. 2d 640, 642 (Fla. Dist. Ct. App. 2003) | 3 | Attempted burglary is not a necessary lesser-included offense of burglary; it is a permissive or category two lesser-included offense. | Attempted burglary is not a necessary lesser-included offense of burglary; it is a permissive or category 2 lesser-included offense. | Is attempted burglary a lesser included offense of burglary? |

| | | | | | |
|---|---|---|---|---|---|
| 19635 | Meyers v. Matthews, 270 Wis. 453, 467 (1955) | 9 | An agent having authority only to solicit applications and forward them to home office is a "soliciting agent". | An agent having authority only to solicit applications and forward them to the home office is a 'soliciting agent.' | What authority does a soliciting agent have? |
| 19644 | Buffalo Cty. v. Richards, 212 Neb. 826, 826 (Neb.,1982) | 3 | Consideration for a promissory note may be furnished by a third party. Neb.Rev.St. U.C.C. S 3-408. | Consideration for a promissory note may be furnished by a third party. | Can consideration for a note be furnished by a third party? |
| 19646 | Grosjean v. Grosjean, 50 So. 3d 233, 244 (La. App. 2010) | 8 | Written contracts may be modified by oral contracts and the conduct of the parties. | The law is clear that written contracts may be modified by oral contracts and the conduct of the parties. | Can a written contract of partnership be altered orally? |
| 19650 | Vilardo v. Sacramento Cnty., 54 Cal. App. 2d 413, 417, 129 P.2d 165, 167 (1942) | 5 | A plaintiff is presumed to have stated his case as strongly as it can be stated in his complaint. | Plaintiff is presumed to have stated his case as strongly as it can be stated. | Is a plaintiff presumed to have stated his case as strongly as it can be stated? |
| 19653 | Town of Trumbull v. Palmer, , 104 Conn. App. 498, 512 (2007) | 22 | A nonsuit forecloses the plaintiff from further prosecution of the action. | "The nonsuit forecloses the plaintiff from further prosecution of the action...." | Does a nonsuit foreclose the plaintiff from further prosecution of the action? |
| 19657 | Perkaus v. Chi. Cath. H.S. Athletic League, 140 Ill. App. 3d 127, 134 (1986) | 3 | Where defendant is charged with negligence because of his failure to perform act allegedly required by contract, question of whether defendant actually had duty to perform the act usually must be determined from terms of the contract; in these situations, defendant's duty will not be extended beyond duties described in the contract. | Where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question of whether the defendant actually had a duty to perform the act usually must be determined from the terms of the contract.  In these situations the defendant's duty will not be extended beyond the duties described in the contract. | Will the non-existence of duty on part of defendant be the basis for motion for involuntary dismissal in a negligence action? |
| 19659 | Hanna v. Vastar Res., 84 S.W.3d 372, 376 (Tex. App. 2002) | 6 | An agent is one who consents to the control of another, the principal, where the principal manifests consent that the agent shall act for the principal; principal/agency relationship is not presumed, and the party asserting the relationship has the burden of proving it. | The general rule of law is that an agent is one who consents to the control of another, the principal, where the principal manifests consent that the agent shall act for the principal. A principal/agency relationship is not presumed, and the party asserting the relationship has the burden of proving it. | Who has the burden of proving the agency relationship? |
| 19664 | Hoffman v. Yack, 57 Ill. App. 3d 744, 373 N.E.2d 486, 747 (Ill. App. Ct. 1978) | 2 | A state university and its board of trustees are arms of state and are not independent or autonomous of state. | A State university and its Board of Trustees are arms of the State and are not independent or autonomous of the State. | Is a university autonomous of the State? |
| 19672 | Thomas v. American Nat. Bank, 694 S.W.2d 543, 550 (Tex. App. 1985) | 7 | Partnership, once proved, presumptively continues until contrary appears. | A partnership, once proved, presumptively continues until the contrary appears. | Does a partnership once proven to exist continue until the contrary appears? |
| 19684 | Fish King Enterprises v. Countrywide Ins. Co., 88 A.D.3d 639, 930 N.Y.S.2d 256, 2011 N.Y. Slip Op. 6997, 641 (N.Y. App. Div. 2011) | 3 | Waiver is an intentional relinquishment of a known right and should not be lightly presumed. | "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" | Should waiver not be presumed lightly? |
| 19693 | Mendoza v. Tamaya Enterprises, Inc., 238 P.3d 903, 908 (2010) | 7 | Amendments to pleadings are generally favored over dismissal. | Additionally, amendments to pleadings are generally favored over dismissal. | Are amendments to pleadings generally favored over dismissal? |

| 19699 | Warnig v. Atl. Cnty. Special Servs., 363 N.J. Super. 563, 572, 833 A.2d 1098, 1104 (App. Div. 2003) | 7 | The essential nature of insurance is that risk is shifted to the insurer for the payment of a premium; it is a gamble. | The essential nature of insurance is that risk is shifted to the insurer for the payment of a premium. It is a gamble. | Is insurance a gamble? |
|---|---|---|---|---|---|
| 19700 | San Diego Hous. Comm'n v. Indus. Indem. Co., 95 Cal. App. 4th 669, 684, 116 Cal. Rptr. 2d 103, 115 (2002) | 7 | "Insurance" is a means of distributing risks of loss. | Insurance is a means of distributing risks of loss. | Is insurance a means of distributing risks of loss? |
| 19722 | Jack v. Wood, 258 Cal. App. 2d 639, 645, 65 Cal. Rptr. 856, 859 (Ct. App. 1968) | 2 | The word "particularity" in a pleading or affidavit means the detailed statement of particulars. West's Ann.Code Civ.Proc. S 437c. | The word 'particularity' in a pleading or affidavit means the detailed statement of particulars. | What does the word particularity in an affidavit denote? |
| 19723 | Auto Parts Mfg. Mississippi Inc. v. King Const. of Houston, 74 F. Supp. 3d 744, 758 (N.D. Miss. 2014) | 20 | Arbitration agreements apply to nonsignatories only in rare circumstances. | "Arbitration agreements apply to nonsignatories only in rare circumstances." | Do arbitration agreements apply to nonsignatories? |
| 19728 | Van Sickell v. Margolis, 109 N.J. Super. 14, 18, 262 A.2d 209, 211 (App. Div. 1969), aff'd, 55 N.J. 355, 262 A.2d 203 (1970) | 3 | Pleader's conclusions of law are not admissions of facts. | Moreover, the pleader's conclusions of law are not admissions of facts. | "Are the pleader's conclusions of law, admissions of facts?" |
| 19729 | State v. Lopez-McCurdy, 266 S.W.3d 874, 880 (Mo. Ct. App. 2008) | 10 | Proof of ejaculation is not essential to establish that a rape occurred. V.A.M.S. S 566.030. | Proof of ejaculation is not essential to establish that a rape occurred. | Is ejaculation essential to establish rape? |
| 19731 | Stanley v. Superior Court of L.A. Cnty., 206 Cal. App. 4th 265, 279 (2012) | 3 | Jeopardy attaches once the jury and the alternates are sworn. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | Jeopardy attaches once the jury and the alternates are sworn. | Will jeopardy attach once the jury and the alternates are sworn? |
| 19737 | In re Lunan Family Restaurants, 194 B.R. 429, 450 (N.D. Ill. 1996) | 68 | Labeling agreement "lease" does not make it one; whether lease is bona fide or merely financing agreement depends upon circumstances of each case. | Labeling an agreement a "lease" does not make it one. Whether a "lease" is bona fide or merely a financing agreement depends upon the circumstances of each case. | "Does labeling agreement ""lease"" not make it one?" |
| 19738 | Brenny v. Bd. of Regents of the Univ. of Minn., 813 N.W.2d 417, 279 Ed. Law Rep. 1209, 420 (Minn. Ct. App. 2012) | 1 | University of Minnesota is a legal entity within the State of Minnesota; the university has autonomous status as a constitutional corporation. | The University of Minnesota is a legal entity within the State of Minnesota. The university has "autonomous status" as *421 a "constitutional corporation." | Is a univeristy a legal entity within the state? |
| 19747 | Arkla, Inc. v. Harris, 846 S.W.2d 623, 629 (Tex. App. 1993) | 10 | If matter sought to be discovered is privileged, it is not subject to discovery. Vernon's Ann.Texas Rules Civ.Proc., Rule 166b, subds. 3, par. e, 4; Rules of Civ.Evid., Rules 503, 503(a)(5), (b), (d)(1). | If the matter sought to be discovered is privileged, it is not subject to discovery. West v. Solito, 563 S.W.2d 240, 243 (Tex.1978). | Are privileged matters subject to discovery? |
| 19761 | Commercial Credit Corp. v. University National Bank, 590 F.2d 849, 852 (10th Cir. 1979) | 5 | A negotiable instrument is property of holder or payee, not drawer. | A negotiable instrument is the property of the holder or payee, not the drawer. | Is a negotiable instrument the property of the drawer? |
| 19765 | Doe v. Ohio State Univ., 239 F. Supp. 3d 1048, 1080 (S.D. Ohio 2017) | 50 | A university is not a court of law, and it is neither practical nor desirable it be one. | "A university is not a court of law, and it is neither practical nor desirable it be one." | Can a university be a court of law? |

| | | | | | |
|---|---|---|---|---|---|
| 19775 | Lyda Swinerton Builders, Inc. v. Cathay Bank, 409 S.W.3d 221, 245 (Tex. App. 2013) | 26 | Under various circumstances, a non-volunteer who satisfies a tax lien may be subrogated to the taxing authority's lien to the extent necessary for his own equitable protection. V.T.C.A., Tax Code SS 32.06, 32.065. | Thus, "[u]nder various circumstances [a non-volunteer who satisfies a tax lien] may be subrogated to the taxing authority's lien to the extent necessary for his own equitable protection." | Is equitable subrogation only available to the extent necessary for the subrogee's equitable protection |
| 19778 | Computer Personalities Systems, Inc. v. Aspect Computer, 320 B.R. 812, 820 (E.D.Pa.,2005) | 6 | Under Uniform Commercial Code (U.C.C.), a postdated check is technically not a check, but instead a credit instrument. U.C.C. S 2-511. | Moreover, under the U.C.C., a postdated check is technically not a check, but instead a credit instrument. | Is a postdated check considered to be a credit instrument? |
| 19780 | Gilbert v. Gottsegen, 171 So. 3d 289, 296 (La. App. 2015) | 13 | Conventional subrogation contemplates the obligee's consent and affirmative action to transfer his rights; it takes place by virtue of an agreement whereby the obligee transfers his rights in a debt to a third person. LSA-C.C. art. 1827. | Conventional subrogation contemplates the obligee's consent and affirmative action to transfer his rights; it takes place by virtue of an agreement whereby the obligee transfers his rights in a debt to a third person. | What is conventional subrogation? |
| 19781 | Handy v. Anchor Mortg. Corp., 464 F.3d 760, 764 (7th Cir. 2006) | 3 | The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | "The sufficiency of TILA-mandated disclosures is determined from the standpoint of the ordinary consumer." | How is the sufficiency of TILA mandated disclosures determined? |
| 19783 | In re Bill Heard Enterprises, Inc., 423 B.R. 771, 787 (N.D. Ala. 2010) | 33 | Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation; the subrogee must have clear equity, and subrogation is defeated by countervailing equities. | " 'Equity rules are not absolute and competing equities must be considered in any subrogation-restitution situation. The subrogee must have clear equity and subrogation is defeated by countervailing equities.' " | Should a subrogee have clear equity? |
| 19788 | Vazquez v. Deutsche Bank Nat. Tr. Co., 441 S.W.3d 783, 788 (Tex. App. 2014) | 8 | A document is "forged" if it is signed by one who purports to act as another. | A document is forged if it is signed by one who purports to act as another. | What is a forged document under law? |
| 19792 | In re Bonheur, 148 B.R. 379, 383 (E.D.N.Y. 1992) | 5 | Duty of support is mutual one, extending to both spouses. | The duty of support is a mutual one, extending to both spouses. | Will the courts consider the spouses duty of support as mutual? |
| 19794 | Golden Feather Cmty. Assn. v. Thermalito Irrigation Dist., 209 Cal. App. 3d 1276, 1286, 257 Cal. Rptr. 836, 842–43 (Ct. App. 1989) | 10 | Where it is necessary to protect public trust interest state may have power over properties which are not themselves within public trust, but this does not mean that such properties are deemed to be added to public trust, nor that all incidents of public trust are applicable to such properties; in all cases, application of public trust doctrine depends upon interest for which protection is sought and manner in which interest is to be protected. | Where it is necessary to protect public trust interests the state may have power over properties which are not themselves within the public trust, but this does not mean that such properties are deemed to be added to the public trust, but this does not mean that all incidents of the public trust are applicable to such properties. In all cases, the application of the public trust doctrine **843 depends upon the interest for which protection is sought and the manner in which that interest is to be protected. | Is the scope of the public trust doctrine limited? |
| 19803 | DeSalle v. Gentry, 818 N.E.2d 40, 47 (Ind.App.,2004) | 13 | "Personal goodwill" is goodwill that is based on the personal attributes of the individual. | On the other hand, personal goodwill is goodwill that is based on the personal attributes of the individual. | Is personal goodwill dependent on the individuals personal attributes? |

| 19807 | Oliver J. Olson & Co. v. Marine Terminals Corp., 215 F. Supp. 490, 492 (N.D. Cal. 1962) | 4 | A bailee may sue in his own name for damage to goods of a bailor. | However, it is elementary law that a bailee may sue in his own name for damage to the goods of a bailor | Does a bailee have a right to sue? |
| 19815 | United States v. Wiseman, 274 F.3d 1235, 1241 (9th Cir. 2001) | 4 | Intent to repay generally is not a defense to embezzlement. | Intent to repay generally is not a defense to embezzlement, however. | Is intent to repay a defense to embezzlement? |
| 19817 | State v. Raley, 100 Ohio App. 75, 82 ( 1954) | 6 | Sedition and treason against the United States as a sovereign entity are necessarily offenses also against every sovereign state of the federal union. U.S.C.A.Const. art. 4, S 2; 18 U.S.C.A. S 2385; R.C. SS 103.31-103.38, 103.34. | Sedition and treason against the United States as a sovereign entity are necessarily offenses also against every sovereign state of the federal Union. | Is treason against a state necessarily treason against the United States? |
| 19821 | State v. Woodham, 288 Ala. 608, 614 (1972) | 8 | Power of eminent domain is derived from sovereignty of the state, and constitutional provision and statutes enacted pursuant thereto, requiring payment of just compensation for taking of private property for public use or limitation on the power, is not a grant thereto. | The power or eminent domain is derived from the sovereignty of the state. The constitutional provisions and the statutes enacted pursuant thereto, requiring payment of just compensation for the taking of private property for public use, or a limitation on the power, is not a grant thereto. | What is the concept of eminent domain derived from? |
| 19844 | ELCA of New Hampshire, Inc. v. McIntyre, 129 N.H. 114, 116 (N.H. 1987) | 1 | When restrictions in leases are express or clearly implied from language of lease they will be recognized. | At the outset, we acknowledge that when restrictions in leases are express, or clearly implied from the language of the lease, *116 they will be recognized. | Should express language from which a restriction can be implied be shown to establish restriction in a lease? |
| 19848 | Williams v. United States, 71 F.3d 502, 506 (5th Cir. 1995) | 8 | Defamation is defined under Texas law as intentional tort. | Defamation is defined under Texas law as an intentional tort. | Is defamation an intentional tort? |
| 19861 | Rokowsky v. Gordon, 501 F. Supp. 1114, 1121 (D. Mass. 1980) | 7 | Demand note is payable at place of residence of maker, if no place of payment is named in the note. | A demand note is payable at the place of residence of the maker if no place of payment is named in the note. | Which law is applicable to a note? |
| 19868 | Reynolds v. Chrysler First Comm. Corp., 40 Conn. App. 725, 732 (Conn. App. Ct. 1996) | 12 | Contracts are not created by evidence of customs and usage. | "[C]ontracts are not created by evidence of customs and usage." | May contracts be created by evidence of customs and usage? |
| 19873 | Peters v. General Motors Corp., 200 S.W.3d 1, 15 (Mo. Ct. App. 2006) | 8 | A motion in limine, by itself, preserves nothing for appeal; to preserve an evidentiary issue on appeal, a party is required to object at trial to the introduction of the evidence and to reassert the objection in post trial motions. | "A motion in limine, by itself, preserves nothing for appeal." To preserve an evidentiary issue on appeal, a party is required to object at trial to the introduction of the evidence and to reassert the objection in post trial motions. | Are rulings on motions in limine interlocutory and subject to change during the course of the trial? |
| 19877 | State v. Benge, 272 N.C. 261, 263 (1967) | 1 | "Manslaughter" is the unlawful killing of a human being without malice and without premeditation or deliberation. | Manslaughter is the unlawful killing of a human being without malice and without premeditation or deliberation. | What is manslaughter? |
| 19884 | Kletsch v. Waukesha County, 61 Wis. 2d 662, 664 (Wis. 1974) | 3 | If pretrial procedure is to be effective, it must be observed. | If the pretrial procedure is to be effective, it must be observed. | Is it essential to observe pretrial procedure to make it effective? |
| 19893 | Lathon v. Cumberland Cty., 184 N.C. App. 62, 69 (2007) | 3 | Acts of a de facto officer are valid in law in respect to the public whom he represents and to third persons with whom he deals officially. | Further, "[t]he acts of a de facto officer are valid in law in respect to the public whom he represents and to third persons with whom he deals officially." | When does a de facto status arise? |

| | | | | | |
|---|---|---|---|---|---|
| 19900 | Dumais v. American Golf Corp., 150 F.Supp.2d 1182, 1194 (D.N.M.,2001) | 28 | In the case of an arbitration agreement unsupported by consideration, issues surrounding the method of dispute resolution must be clear, unequivocal and apply mutually to both sides before that agreement may be enforced. | In the case of an arbitration agreement unsupported by consideration, issues surrounding the method of dispute resolution must be clear, unequivocal and apply mutually to both sides before that agreement may be enforced. | Are arbitration agreements enforceable if unsupported by consideration? |
| 19903 | Titus v. Nieheiser, 269 Ala. 493, 114 So. 2d 242, 496 (Ala. 1959) | 6 | Speaking demurrers are not permissible under the system of equity pleading. | Speaking demurrers are not permissible under our system of equity pleading. | Are speaking demurrers permissible? |
| 19908 | Disabled Vet. Tr. v. Porterfield Constr, 996 S.W.2d 548, 552 (Mo. Ct. App. 1999) | 3 | The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. | "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." | Can you enforce a waiver-of-subrogation provision? |
| 19914 | Dornacker v. Olson, 248 N.W.2d 844, 849 (N.D. 1976) | 1 | School system is the school system of the state, not of an organized administrative unit. | The school system is the school system of the State-not of an organized administrative unit. | Is the school system the school system of an organized administrative unit? |
| 19916 | United Bonding Ins. Co. v. Castle, 444 P.2d 454, 457 (Alaska 1968) | 4 | Purpose of pretrial is to clearly define all issues to be tried and decided-hidden issues or defenses are not to be tolerated. | The purpose of pre- trial is to clearly define all issues to be tried and decided- hidden issues or defenses are not to be tolerated. | What is the purpose of pre-trial? |
| 19920 | McCovens v. State, 539 N.E.2d 26, 29 (Ind. 1989) | 4 | To obtain conviction for burglary, it is not necessary for State to prove that defendant committed theft or any other felony, because burglary is complete upon breaking and entering with intent to commit felony. | To obtain a conviction for burglary, it is not necessary for the State to prove that the defendant committed theft or any other felony because the burglary is complete upon breaking and entering with intent to commit a felony. | Can entering a fenced area constitute burglary? |
| 19922 | Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 229 (1939) | 8 | There exists no essential difference between a "discontinuance" and a "voluntary nonsuit." | 739, that: 'There exists no essential difference between a discontinuance and a voluntary non-suit. | Is a discontinuance and a voluntary nonsuit essentially the same? |
| 19992 | Goodman v. Physical Res. Eng'g, 229 Ariz. 25, 31 (2011) | 20 | A principal is undisclosed if the third party has no notice the agent is acting for a principal. Restatement (Third) of Agency S 1.03(2)(b). | A principal is undisclosed if the third party has no notice the agent is acting for a principal. Restatement 1.03(2)(b). | When is a Principal Undisclosed? |
| 20016 | State ex rel. ACF Industries, Inc. v. Vieweg, 204 W. Va. 525, 527 (1999) | 9 | The right to workmen's compensation benefits is wholly statutory. | "The right to workmen's compensation benefits is wholly statutory. | Is the right to workers compensation statutory? |
| 20025 | Triodyne, Inc. v. Superior Ct. for Los Angeles Cnty., 240 Cal. App. 2d 536, 542, 49 Cal. Rptr. 717, 722 (Ct. App. 1966) | 3 | Where insofar as motion to strike was upon asserted ground of irrelevancy, it was not directed to any particular allegations and no showing of irrelevancy was made, motion must be considered as one to strike or dismiss entire count on basis that it was sham. West's Ann.Code Civ.Proc. S 453. | Insofar as the motion to strike was upon the asserted ground of irrelevancy, it was not directed to any particular allegations and no showing of irrelevancy was made; thus the motion must be considered as one to strike or dismiss the entire count on basis that it was sham. | Is a motion to dismiss an action on the ground that it is fictitious or sham a proper practice? |
| 20051 | Fagnani v. Fisher, 418 Md. 371, 15 A.3d 282, 382 (Md. 2011) | 2 | One who borrows money from a lender/creditor or mortgagee is designated as a "borrower/debtor" or "mortgagor." | One who borrows money from a lender/creditor or mortgagee is designated as a borrower/ debtor or mortgagor. | Who is a borrower? |

| 20054 | Morton v. Thornton, 259 N.C. 697, 700 (N.C. 1963) | 7 | An agent is not real party in interest and cannot maintain an action. | The agent is not the real party in interest and cannot maintain an action. | Is the agent the party in interest to a contract? |
|---|---|---|---|---|---|
| 20079 | Merv Props., L. L.C. v. Forcht Bancorp, Inc. (In re Merv Props., L. L.C.), 539 B.R. 516, 529 (B.A.P. 6th Cir. 2015) | 21 | Generally, the actions of an agent are imputed to the principal; an exception to that rule lies when the agent has interests adverse to those of his principal. | Generally, the actions of an agent are imputed to the principal. An exception to that rule lies when the agent has interests adverse to those of his principal | Are the actions of an agent imputed to the Principal? |
| 20092 | United States v. Lilly, 810 F.3d 1205, 1211 (10th Cir. 2016) | 4 | Actual authority incorporates concepts of express and implied authority. | "Actual authority incorporates the concepts of express and implied authority. | Can actual authority be implied? |
| 20095 | Jensen v. Henneford, 185 Wash. 209, 217, 53 P.2d 607, 610 (1936) | 4 | Character of tax is determined by its incidents and not by its name. | The character of a tax is determined by its incidents, not by its name. | Can the character of a tax be determined by its name? |
| 20096 | Bente v. Bugbee, 103 N.J.L. 608, 137 A. 552, 611 (N.J. 1927) | 2 | "Tax" is legal imposition, exclusively of statutory origin. | A tax is a legal imposition exclusively of statutory origin (37 Cyc. | Is tax of statutory origin? |
| 20106 | Leaveau v. Primeaux, 117 So. 2d 304, 307 (La. Ct. App. 1959) | 2 | Where a party in an authentic act executed by him solemnly admits a fact, he is forever estopped from disputing not only the deed itself but every fact which the deed recites; such estoppel by deed applies with greater force when the warranty made by a grantor is involved. | Where a party in an authentic act executed by him solemnly admits a fact, he is forever estopped from disputing not only the deed itself but every fact which the deed recites. Such estoppel by deed applies with greater force when the warranty made by a grantor is involved. | Is estoppel by warranty based on the fundamental principle of giving effect to the manifest intention of the grantor appearing on the deed? |
| 20120 | State v. Mack, 715 So. 2d 126, 129 (1998) | 6 | Person who serves as a "lookout" is a principal in burglary. LSA-R.S. 14:24, 14:62.2. | A person who serves as a "lookout" is a principal to burglary. | Does serving as a look out make a person a principal in burglary? |
| 20141 | Rozgis v. Missouri State Life Ins. Co., 271 Ill. App. 155, 157 (1933) | 4 | An agent having authority only to solicit applications and forward them to the home office is a "soliciting agent." | An agent having authority only to solicit applications and forward to the home office, is a soliciting agent and has no power to waive the provisions of a policy. | Who is a soliciting agent? |
| 20146 | Delmarva Power & Light Co. v. City of Seaford, 575 A.2d 1089, 1092 (Del.Supr., 1990) | 5 | Exclusivity is not favored and will only be recognized if it is explicit in terms of franchise. | In particular, exclusivity is not favored and will only be recognized if it is explicit in the terms of the franchise. | Are exclusive franchises favored under law? |
| 20166 | Matter of Property Seized From Sykes, 497 N.W.2d 829, 833 (Iowa 1993) | 4 | Mere passivity may not support waiver. | Mere passivity may not support a waiver. | Can mere passivity support waiver? |
| 20178 | State v. Ward, 172 Conn. 163, 167 (1976) | 2 | First test of admissibility of any evidence is whether it is relevant. | The first test of the admissibility of any evidence is whether it is relevant. | What is the test of admissibility of evidence in an offence of embezzlement? |
| 20179 | Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659, ¶ 25, 67 N.E.3d 556, 564–65 | 11 | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. Dix Mutual Insurance Co. v. LaFramboise, 149 Ill.2d 314, 319, 173 Ill.Dec. 648, 597 N.E.2d 622 (1992). | What is the object of subrogation? |

| 20183 | Passmore v. McCarver, 395 P.3d 297, 301 (Ariz. Ct. App. 2017) | 6 | Mere delay can be the basis of dismissal. Fla. R. Civ. P. 41(b). | Mere delay can be the basis of dismissal. | Can a mere delay be the basis of dismissal? |
|---|---|---|---|---|---|
| 20188 | Fischer v. Fischer, 197 S.W.3d 98, 101 (Ky. 2006) | 2 | Right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | The right to dissolve is inseparably incident to every partnership, and there can be no indissoluble partnership. | Do indissoluble partnerships exist? |
| 20190 | United States v. Addonizio, 451 F.2d 49, 72 (3d Cir. 1971) | 45 | Essence of crime of bribery is voluntariness while essence of extortion is duress. | As outlined in VI.A., supra, the essence of crime of bribery is voluntariness, while the essence of extortion is duress. | What is the difference between the essence of bribery and the essence of extortion? |
| 20209 | Amalgamated Meat C. B., v. Neuhoff Bros, 481 F.2d 817, 820 (5th Cir. 1973) | 3 | Arbitration proceedings are sui generis. | We are obliged to recognize that arbitration proceedings are sui generis. | Is arbitration a sui generis proceeding? |
| 20210 | Peterson v. Wells Fargo Bank, 556 F. Supp. 1100, 1114 (N.D. Cal. 1981) | 13 | A bank is not a "public service corporation." | A bank is not a public service corporation. | Can a bank be termed as a public service corporation? |
| 20214 | Sokol Holdings, Inc. v. BMB Munai, Inc., 542 F.3d 354, 358 (2d Cir. 2008) | 2 | Persons are generally entitled to have their dispute settled by ruling of court of law, and it is essentially only by making commitment to arbitrate that one gives up this right of access to court of law in favor of arbitration. | "Persons are generally entitled to have their dispute settled by the ruling of a court of law. It is essentially only by making a commitment to arbitrate that one gives up the right of access to a court of law in favor of arbitration." Sokol Holdings, Inc. | What is the black letter law relating to arbitration? |
| 20222 | Liddle v. Salem School District No. 600, 249 Ill. App. 3d 768, 770 (Ill. App. Ct. 1993) | 2 | Both tangible and intangible property may be subject of bailment. | Both tangible and intangible property may be the subject of a bailment. | What is the subject of a bailment? |
| 20223 | Alvarado v. Sersch, 262 Wis. 2d 74, 2003 WI 55, 662 N.W.2d 350, 83 (Wis. 2003) | 8 | Negligence and liability are distinct concepts. | Thus, negligence and liability are distinct concepts. | Are negligence and liability distinct concepts? |
| 20233 | GBJ, II v. First Ave. Inv. Corp., 520 N.W.2d 508, 512 (Minn. Ct. App. 1994) | 8 | Lessee's rights can be no greater than lessor's. | A lessee's rights, however, can be no greater than the lessor's: | Does the lessee have greater rights than the lessor? |
| 20237 | Indus. Sands & Abrasives v. Quebedeaux, 366 So. 2d 999, 1000 (La. Ct. App. 1978) | 2 | Oral pleadings are not permitted in court of record. LSA-C.C.P. art. 852. | Oral pleadings are not permitted in a court of record. | Are oral pleadings permitted? |
| 20247 | Hopkins v. Mississippi Valley Gas Co., 866 So. 2d 514, 517 (Miss. App 2004) | 4 | The duty of the utility company is to exercise reasonable care. | "The duty of the utility company is to exercise reasonable care." | What is the duty of a public utility? |
| 20256 | City of Colorado Springs v. Andersen Mahon Enterprises, LLP, 260 P.3d 29, 32 (Colo. App. 2010) | 7 | Generally, a taking of property occurs when the entity clothed with the power of eminent domain substantially deprives a property owner of the use and enjoyment of that property. U.S.C.A. Const.Amend. 5; West's C.R.S.A. Const. Art. 2, S 15. | Generally, a taking of property occurs when the entity clothed with the power of eminent domain substantially deprives a property owner of the use and enjoyment of that property. | Can a plotting or planning in anticipation of a public improvement be considered a taking? |
| 20259 | State v. Stevenson, 147 W. Va. 211, 214 (1962) | 2 | There can be no murder without homicide, but the converse is not true. | There can be no murder without a homicide but the converse is not true. | Can there be murder without homicide? |

| 20261 | Kline v. 1500 Massachusetts Avenue Apt. Corp., 439 F.2d 477, 482 (D.C. Cir. 1970) | 4 | Duty of taking protective measures guarding entire premises and areas peculiarly under landlord's control against perpetration of criminal acts is on landlord, the party to lease contract having effective capacity to perform necessary acts. | In the case at bar we place the duty of taking protective measures guarding the entire premises and the areas peculiarly under the landlord's control against the perpetration of criminal acts upon the landlord, the party to the lease contract who has the effective capacity to perform these necessary acts. | Is the modern day apartment lease regarded as a contract? |
|---|---|---|---|---|---|
| 20270 | Am. Contractors Indem. Co. v. Saladino, 115 Cal. App. 4th 1262, 1268, 9 Cal. Rptr. 3d 835, 839 (2004 | 5 | "Subrogation" is the right to recover from the debtor-obligor; a surety pays the principal debtor's obligation to the creditor, and in equity is substituted for the creditor, or subrogated to his or her rights against the debtor. | 'Subrogation is the right to recover from the debtor-obligor. A surety, e.g., pays the principal debtor's obligation to the creditor, and in equity is substituted for the creditor, or subrogated to his rights against the debtor.' | Is subrogation a right to recover from a debtor-obligor? |
| 20272 | Freeman Co. v. Bolt, 132 Idaho 152, 157 (1998) | 4 | Custom of trade cannot be invoked against a party not in the same trade. | Even assuming this to be true, a custom of trade cannot be invoked against a **253 *158 party not in the same trade. | Can a custom of trade be invoked against a party not in the same trade? |
| 20273 | Geller v. Schulman, 110 N.Y.S.2d 862, 863 (1951) | 1 | An allegation of indebtedness is not an allegation of fact but a conclusion of law. | An allegation of indebtedness is not an allegation of fact but of a conclusion of law. | Is an allegation of indebtedness an allegation of fact? |
| 20278 | Am. Transit Ins. Co. v. State, 225 A.D.2d 117 | 3 | Claim does not accrue until damages are ascertainable. | A claim does not accrue until damages are ascertainable (see, Otis El. Co. v. State of New York, 52 A.D.2d 380, 383 N.Y.S.2d 920) | Does a claim accrue before damages are ascertainable? |
| 20285 | Dwyer v. Kansas City Missouri Sch. Dist., 451 S.W.3d 704, 713 (Mo.App. W.D., 2014) | 8 | Ruling on a motion in limine is interlocutory and subject to change during trial, and thus, it preserves nothing for appeal. | A ruling on a motion in limine is interlocutory and subject to change during trial; thus, it "preserves nothing for appeal." | Is a trial court at liberty to change its ruling on a motion in limine once the hearing or trial has begun? |
| 20288 | Slater v. Farmland Mut. Ins. Co., 334 N.W.2d 728, 730 (Iowa 1983) | 1 | A cause of action accrues only when all the necessary elements have occurred. | Fundamental to our tort law is that a cause of action accrues only when all the necessary elements have occurred. | Is a cause of action fundamental to tort law? |
| 20289 | DiMercurio v. Sphere Drake Insurance, PLC, 202 F.3d 71, 81 (1st Cir. 2000) | 7 | One-sided agreements to arbitrate are not favored. | We adhere to our view that one-sided agreements to arbitrate are not favored. | Do courts favor one-sided agreements to arbitrate? |
| 20305 | Epperson v. Arkansas, 393 U.S. 97, 89 S. Ct. 266, 104 (1968) | 3 | Courts do not and cannot intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values, but, the vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools. | Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. 13 On the other hand, '(t)he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools, | Does judicial intervention or interposition in the operation of the public-school system requires restraint? |
| 20307 | Lucas v. Wright, 370 S.W.2d 924, 927 (Tex. Civ. App. 1963) | 4 | Communications between partner and partner, though confidential in their nature, are not privileged. | But, communications between partner and partner, however confidential in their nature, are not privileged. | Are communications between partners privileged? |

| | | | | | |
|---|---|---|---|---|---|
| 20308 | Trammel's Bonds v. Lubbock Cty, 60 S.W.3d 145, 150 (Tex. App. 2001) | 8 | For "laches" to arise, one must unreasonably delay in asserting a legal or equitable right and the delay must cause another to, in good faith, change his position to his detriment. | In other words, for laches to arise one must unreasonably delay in asserting a legal or equitable right and the delay must cause another to, in good faith, change his position to his detriment. | "Except in case of extreme delay, is a delay which works no injury or no disadvantage to another not such laches as will bar a right?" |
| 20320 | RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821, 833 (Mo. Ct. App. 2011) | 22 | Insurance procurement clauses reflect an intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk instead. | Insurance procurement clauses reflect an 'intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk ... instead.' " | Does the waiver of subrogation clause avoid both parties having to face potential liability for the same risk? |
| 20323 | Trammel's Bonds v. Lubbock Cty, 60 S.W.3d 145, 149 (Tex. App. 2001) | 8 | For "laches" to arise, one must unreasonably delay in asserting a legal or equitable right and the delay must cause another to, in good faith, change his position to his detriment. | In other words, for laches to arise one must unreasonably delay in asserting a legal or equitable right and the delay must cause another to, in good faith, change his position to his detriment. | Can a delay which works no injury or no disadvantage to another is laches that bar a right? |
| 20345 | People v. Allen, 20 Cal. App. 4th 846 | 3 | Tax statutes are regulatory or public welfare statutes. | b. Tax Statutes Are Regulatory or Public Welfare Statutes. | Are statutes imposing taxes regulatory statutes? |
| 20349 | Blanchard v. Blanchard, 261 Ga. 11, 401 S.E.2d 714, 13 (Ga. 1991) | 3 | Tax law is statutory and equitable considerations are inapplicable. | "[T]ax law is statutory and equitable considerations are inapplicable." | Is tax law statutory? |
| 20359 | Mack v. Rumsfeld, 609 F. Supp. 1561, 1564 (W.D.N.Y. 1985) | 4 | There is no constitutional right to join military. | There is no constitutional right to join the military. | Is there any constitutional right to join the military? |
| 20367 | Rainwater v. Haynes, 244 Ark. 1191, 1191 (Ark. 1968) | 5 | The word "tax" does not include "assessments". | The word 'tax' does not include 'assessments.' | "Does the word ""tax"" include ""assessments""?" |
| 20377 | Butterman v. R. H. Macy & Co., 33 A.D.2d 746 | 3 | Plaintiff's right to examination is not unlimited. | Plaintiffs' right to examination is not unlimited. See Ippa v. City of New York, 271 App.Div. 981, 68 N.Y.S.2d 28 (2nd Dept.1947; 3 year limitation); | Is a plaintiff's right to examination not unlimited? |
| 20423 | Savka v. Smith, 58 Ill. App. 3d 12, 17 (1978) | 8 | Ordinarily it is improper to plead evidence in complaint, but if recovery is sought for injuries caused by another's violation of statute or ordinance, statute or ordinance must be pleaded even though it also is evidence. | Ordinarily it is improper to plead evidence in the complaint. However, when recovery is sought for injuries caused by another's violation of a statute or ordinance, that statute or ordinance must be pleaded even though it also is evidence. | Is it improper to plead evidence? |
| 20439 | Jimenez v. Ortega, 179 So. 3d 483, 487 (Fla. Dist. Ct. App. 2015) | 2 | While an appellate court reviews a trial court's dismissal sanction for abuse of discretion, a more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy. | Accordingly, while an appellate court reviews a trial court's dismissal sanction for abuse of discretion, "[a] more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy." | "Does a trial court have the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court?" |

| | | | | | |
|---|---|---|---|---|---|
| 20489 | XTO Energy Inc. v. Nikolai, 357 S.W.3d 47 | 3 | All parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. | Therefore, "all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law." | Does the recital of one deed in another bind the parties and form a muniment of title? |
| 20499 | Anderson v. Wagner, 207 Neb. 87, 97 (Neb., 1980) | 7 | All possible security interests which are retained or could be acquired in consumer's residence must be clearly explained by creditor. | It is true all possible security interests which are retained or could be acquired in a consumer's residence must be clearly explained by the creditor. | What is the meaning of Security Interest? |
| 20500 | McIlvoy v. Sharp, 485 S.W.3d 367, 372 (W.D. Mo. 2016) | 6 | To state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial. | "Under Missouri pleading rules, to state a claim, a petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial." Charron v. | "In ruling on a motion to dismiss for failure to state a claim, does a court not attempt to weigh whether the alleged facts are credible or persuasive?" |
| 20502 | Uniprop, Inc. v. Morganroth, 260 Mich. App. 442, 678 N.W.2d 638, 448 (Mich. Ct. App. 2004) | 6 | A characteristic of an agent is that he is a business representative; his function is to bring about, modify, accept performance of, or terminate contractual obligations between his principal and third persons. | A characteristic of an agent is that he is a business representative. His function is to bring about, modify, accept performance of, or terminate contractual obligations between his principal and third persons. | Is business representative a characteristic of an agent? |
| 20517 | Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014) | 13 | Equitable estoppel is an extraordinary remedy. | Equitable estoppel is an "extraordinary remedy. | Is equitable estoppel an extraordinary remedy? |
| 20524 | Monsanto Co. v. Milam, 494 S.W.2d 534, 536 (Tex. 1973) | 2 | Specific allegation controls over general allegation. | The specific allegation controls over the general allegation. | Do specific allegation control over the general allegation? |
| 20537 | In Interest of C.M, 532 N.W.2d 381, 382 (N.D. 1995) | 2 | Dismissal without prejudice is, by definition, not res judicata. | A dismissal without prejudice is, by definition, not res judicata: | "Does a dismissal ""without prejudice,"" mean that no right or remedy of the parties is affected?" |
| 20539 | Wilck v. Herbert, 78 Cal. App. 2d 392 | 9 | Ordinarily the mere appointment of an exclusive agent to sell certain property does not prevent the owner from making the sale himself without being liable for the agent's commission. | Ordinarily the mere appointment of an exclusive agent to sell certain property does not prevent the owner from making the sale himself without being liable for the agent's commission. 3 C.J.S., Agency, § 179, p. 71; 2 C.J. 777. | Is use of the words exclusive agency or exclusive sale conclusive that an agent has exclusive power? |
| 20546 | Baldwin v. Mollette, 527 S.W.3d 830 | 9 | Power of attorney is a form of agency. | "[A] power of attorney is a form of agency." | Is a power of attorney a form of agency? |
| 20547 | Southern Pac. Transp. v. Continental Shippers, 642 F.2d 236, 238 (8th Cir. 1981) | 2 | Corporation may become agent of individual or of another corporation. | Finally, it is clear that a corporation may become an agent of an individual or of another corporation. | Can a corporation be an agent? |
| 20548 | Columbus & S. Ohio Elec. Co. v. Porterfield, 41 Ohio App. 2d 191, 198 (Ohio App. 1974) | 5 | Sales tax is tax on consumer of goods. | Clearly, the Ohio sales tax is a tax on a consumer of goods. | Is sales tax a tax on consumer of goods? |

| 20556 | Sharper Image Corp. v. Miller, 240 Conn. 531, 536 (1997) | 2 | "Sales tax" is tax on freedom of purchase. | A sales tax is a tax on the freedom of purchase.... | "Is a ""sales tax"" a tax on freedom of purchase?" |
|---|---|---|---|---|---|
| 20559 | People v. Etkin, 284 A.D.2d 579, 580, 728 N.Y.S.2d 205, 207 (2001) | 1 | By moving to withdraw his guilty plea on the ground that it was coerced, defendant preserved his challenge to the voluntariness of both his plea and the waiver of his right to appeal. | By moving to withdraw his guilty plea on the ground that it was coerced, defendant preserved his challenge to the voluntariness of both his plea and the waiver of his right to appeal (see, People v. Muniz, supra, at 574, 673 N.Y.S.2d 358, 696 N.E.2d 182; People v. Callahan, 80 N.Y.2d 273, 280, 590 N.Y.S.2d 46, 604 N.E.2d 108) | Can a defendant waive his or her right to appeal the severity of a sentence? |
| 20569 | Carter v. Hill, 31 Haw. 264, 264 (Haw.Terr. 1930) | 4 | When property, owned by a resident of this Territory, consisting of shares of stock of a foreign corporation, state bonds, municipal bonds of mainland cities, Liberty bonds, federal farm loan bonds, deposits in a foreign bank and an undivided share of a trust estate held in trust by a foreign corporation, none of which securities have ever been actually in this Territory, but have at all times been physically present in the State of New York and under the complete control and management of the owner's agent, acting under a power of attorney which gives him unlimited discretion in the use and control of all of said securities without consultation with the owner, and when said attorney in fact, in the exercise of the powers conferred upon him, invests and reinvests said securities at his own will and in accordance with his own judgment, said securities have a fixed business situs in the State of New York, and have not, under the common-law doctrine expressed in the maxim, mobilia sequuntur personam, their situs in the Territory of Hawaii, and under section 1388, Rev.Laws 1925, the owner is not liable for a tax on the income derived from said securities. | When property, owned by a resident of this Territory, consisting of shares of stock of a foreign corporation, state bonds, municipal bonds of mainland cities, Liberty bonds, Federal farm loan bonds, deposits in a foreign bank and an undivided share of a trust estate held in trust by a foreign corporation, none of which securities have ever been actually in this Territory but have at all times been physically present in the State of New York and under the complete control and management of the owner's agent, acting under a power of attorney which gives him unlimited discretion in the use and control of all of said securities without consultation with the owner and when said attorney in fact, in the exercise of the powers conferred upon him, invests and reinvests said securities at his own will and in accordance with his own judgment, said securities have a fixed business situs in the State of New York and have not, under the common- law doctrine expressed in the maxim mobilia sequuntur personam, their situs, in the Territory of Hawaii, and under section 1388, R. L. 1925, the owner is not liable for a tax on the income derived from | Does the governmental jurisdiction in matters of taxation depend on the power to enforce the mandate of the State by action taken within its borders? |
| 20571 | Kucel v. Walter E. Heller Co., 813 F.2d 67, 73 (5th Cir. 1987) | 11 | Award of attorney fees in diversity case depends on law of state whose rules govern substantive claims. | Thus, the award of attorney's fees in a diversity case depends on the law of the state whose rules govern the substantive claims. | Will the intent of the parties prevail when they agree that the contract will be governed by the laws of a particular state? |
| 20618 | Hart v. Town of Shafter, 348 Ill. App. 3d 713, 715 (Ill. App. Ct. 2004) | 2 | Nonuse of a road, standing alone, is insufficient to establish an abandonment of the highway by the public. | Nonuse of the road, standing alone, is insufficient to establish an abandonment of the highway by the public. | Can a public highway lose its character as a public road? |
| 20627 | Dep't of Revenue v. Young Am. Builders, 358 So. 2d 1096, 1099–100 (Fla.App.,1978) | 5 | Department of Revenue has no power to tax; such power is reposed solely in the Legislature. | The Department *1100 of Revenue has no power to tax. That power is reposed solely in the legislature. | Does the department of Revenue have the power to tax? |

| 20650 | Clifford v. Hughson, 992 F. Supp. 661, 670 (S.D.N.Y. 1998) | 18 | Landlord-tenant relationship is not ordinarily a fiduciary one. | The "landlord-tenant relationship is not ordinarily a fiduciary one." | Is the relationship between a landlord and tenant fiduciary in nature? |
|---|---|---|---|---|---|
| 20660 | Commonwealth v. Skufca, 457 Pa. 124, 321 A.2d 889, 124 (Pa. 1974) | 8 | Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing death even though other factors combined with that conduct to achieve the result. | Criminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the death even though other factors combined with the conduct to achieve the result. | Is criminal responsibility confined to a sole or immediate cause of death? |
| 20676 | Hood v. Dun & Bradstreet, 335 F. Supp. 170, 171 (N.D. Ga. 1971) | 23 | Use of "malice" in general definition of libel means only implied malice or lack of lawful excuse. | The use of "malice" in the general definition of libel 14 means only "implied malice," or lack of a lawful excuse. | What is malice in the law of defamation? |
| 20682 | Liberty National Life Insurance v. Cox, 98 Ga. App. 582, 582 (Ga. Ct. App. 1958) | 2 | Accidental self-destruction is not legally "suicide". | Accidental self-destruction is not legally suicide. | Is accidental self-destruction suicide? |
| 20693 | People v. Tainter, 304 Ill. App. 3d 847, 849–50 (1999) | 4 | The crux of involuntary manslaughter is recklessness. S.H.A. 720 ILCS 5/9-3. | The crux of involuntary manslaughter is recklessness. | Is mental state of involuntary manslaughter considered as recklessness? |
| 20696 | Peat, Marwick, Mitchell & Co. v. Superior Ct., 200 Cal. App. 3d 272, 288, 245 Cal. Rptr. 873, 884 (Ct. App. 1988) | 3 | A court's inherent power to curb abuses and promote fair process extends to the preclusion of evidence. | The court's inherent power to curb abuses and promote fair process extends to the preclusion of evidence. | Is a motion in limine expressly authorized by statute or is it within the trial courts inherent power to entertain and grant such motions? |
| 20702 | RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821, 833 (Mo. Ct. App. 2011) | 22 | Insurance procurement clauses reflect an intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk instead. | Insurance procurement clauses reflect an "intention on the part of the parties to relieve each other of liability and look to only one insurer to bear the risk ... instead." | Does the waiving a subrogation clause avoid potential liability for two parties? |
| 20742 | Tivoli Ventures, Inc. v. Bumann, 870 P.2d 1244, 1248 (Colo. 1994) | 6 | As a general principle of common law, assignee stands in shoes of assignor. | As a general principle of common law, an assignee stands in the shoes of the assignor. | Can an assignee stand in the shoes of the assignor? |
| 20746 | In re Advisory Opinion to the Governor, 98 Fla. 843, 843 (1929) | 3 | Statute granting pension for past services to state and carrying necessary appropriation held valid, and Governor authorized to countersign warrant therefor. Laws 1929, c. 14533; F.S.A. Const. art. 4, S 24; art. 9, S 2. | Statute granting pension for past services to state and carrying necessary appropriation held valid, and Governor authorized to countersign warrant therefor (Laws 1929, c. 14533; Const. art. 4, 24; art. 9, 2). | Does the legislature have the power to grant pensions to past civilians? |
| 20759 | Thompson v. U.S., No: 06-211 T, 6 (Fed. Cl. Jul. 20, 2009) | 9 | Limited partnerships must distinguish between: (1) their limited partners, who have limited liability but are unable to participate in the management of the partnership, and (2) their general partners, who may participate in the management of the partnership but are personally liable for its debts. | Limited partnerships, on the other hand, must distinguish between: (1) their limited partners, who have limited liability but are unable to participate in the management of the partnership, and (2) their general partners, who may participate in the management of the partnership but are personally liable for its debts. | Must a fictitious partnership state the names of the persons comprising the partnership truthfully on the certificate? |

| 20763 | CAVU Co. v. Martinez, 2014-NMSC-029, ¶ 13, 332 P.3d 287, 291 | 7 | Property is presumed to be subject to taxation. | The first is that "[p]roperty is presumed to be subject to taxation." | Is property presumed to be subject to taxation? |
|---|---|---|---|---|---|
| 20773 | Braun v. Powell, 77 F. Supp. 2d 973, 994 (E.D. Wis. 1999) | 23 | Remedy for a public trial violation is to vacate the conviction and order a new trial, not only where the harm in a particular case is sufficiently egregious to justify that result, but in any case where the public trial right is violated and the public nature of the trial cannot be restored by another remedy; defendant is not required to show specific prejudice as a condition of having the conviction vacated and receiving a new trial. U.S.C.A. Const.Amend. 6. | Waller provides that the remedy for a public trial violation is to vacate the conviction and order a new trial, not only where the harm in a particular case is sufficiently egregious to justify that result, but in any case where the public trial right is violated and the public nature of the trial cannot be restored by another remedy. The defendant is not required to show specific prejudice as a condition of having the conviction vacated and receiving a new trial. | Is a defendant or plaintiff who fails to produce evidence in default and case can go against him on this ground? |
| 20775 | State v. Hodge, 121 N.C. App. 209, 211 (1995) | 6 | Arson is offense against security of habitation. | "[A]rson is an offense against the security of the habitation." | Is arson an offense against the security of the habitation? |
| 20776 | Hannah v. State, 3 Md. App. 325, 330 (1968) | 8 | Church may be subject of common-law burglary. | A church may be the subject of common law burglary. | Can a church be the subject of the burglary law? |
| 20818 | Simmons ex rel. Child v. State, 171 So. 3d 1147, 1152 (La. Ct. App. 2015) | 9 | In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. | In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court "should conduct a de novo review because the exception **8 raises a question of law and the trial court's decision is based only on the sufficiency of the petition." | "In determining whether a petition should be dismissed for failure to state a cause of action, should every reasonable interpretation be accorded the language of a petition in favor of maintaining its sufficiency?" |
| 20825 | Standard Title Ins. Co. v. United Pacific Ins. Co., 364 F.2d 287, 290 (8th Cir. 1966) | 4 | Generally, agency contract is not required to be in writing. | Generally an agency contract is not required to be in writing. | Does an agency agreement have to be in writing? |
| 20845 | Goldman v. KPMG LLP, 173 Cal.App.4th 209, 219 (2009) | 15 | The linchpin for equitable estoppel is equity, or fairness. | One may recall that the "linchpin" for equitable estoppel "is equity -fairness" | Is the linchpin for equitable estoppel fairness? |
| 20883 | In re T.P., 803 S.E.2d 1, 5 (N.C. Ct. App. 2017) | 5 | Court cannot undertake to adjudicate a controversy on its own motion; rather, it can adjudicate a controversy only when a party presents the controversy to it, and then, only if it is presented in the form of a proper pleading, and thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question. | A court cannot undertake to adjudicate a controversy on its own motion; rather, it can adjudicate a controversy only when a party presents the controversy to it, and then, only if it is presented in the form of a proper pleading. Thus, before a court may act there must be some appropriate application invoking the judicial power of the court with respect to the matter in question. | Should a pleading or motion include a request or demand for the relief sought? |

| | | | | | |
|---|---|---|---|---|---|
| 20919 | Rudbart v. Water Supply Com'n, 238 N.J. Super. 41, 50, 568 A.2d 1213, 1217 (App. Div. 1990) | 6 | Notice by publication in newspaper is considered adequate under some circumstances, especially where it is supplemental to other action likely to come to attention of affected party or where it is not reasonably possible or practical to give more adequate notice; however, if substantial rights are involved, no other notice is likely to come to attention of affected party and it is feasible to provide more reliable notice, publication is not considered a fair form of notice. | Notice by publication in the newspaper is considered adequate under some circumstances, especially where it is supplemental to other action likely to come to the attention of the affected party or where it is not reasonably possible or practical to give more adequate notice. Id., 339 U.S. at 316-318, 70 S.Ct. at 658-659. However, if substantial rights are involved, no other notice is likely to come to the attention of the affected party and it is feasible to provide more reliable notice, publication is not considered a fair form of notice. | How is fairness of a method of notice determined? |
| 20930 | Tatum v. Dall. Morning News, Inc., 493 S.W.3d 646, 656 (Tex. App. 2015) | 5 | "Slander" is an oral defamation. | Slander is an oral defamation. | Is slander a form of oral defamation? |
| 20933 | Mangano v. Town of Babylon, 111 A.D.3d 801, 801, 975 N.Y.S.2d 130, 131 (2013) | 2 | Depending upon the factual circumstances, a person injured by a defective product may maintain causes of action under the theories of strict products liability, negligence, or breach of warranty. | Depending upon the factual circumstances, a person injured by a defective product may maintain causes of action under the theories of strict products liability, negligence, or breach of warranty (see Voss v. Black & Decker Mfg. Co., 59 N.Y.2d 102, 463 N.Y.S.2d 398, 450 N.E.2d 204). | Is a manufacturer liable for injuries resulting from placing a defective product into the stream of commerce? |
| 20941 | Middlesex Mutual v. Vaszil, 89 Conn. App. 482, 488 (Conn. App. Ct. 2005) | 9 | The object of equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | "The object of [equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity *489 adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it." | What is the goal of equitable subrogation? |
| 20944 | Smelcher v. State, 33 Ala. App. 326, 327 (Ala. Ct. App. 1947) | 3 | "Murder" is an offense against the person. | Murder is an offense against the person. | Is murder an offense against the person? |
| 20984 | People v. Cooper, 53 Cal. 3d 1158 (1991) | 17 | Asportation is not element of burglary. | We note that asportation is not an element of burglary. | Is asportation an element of burglary? |
| 21001 | Bohatch v. Butler Binion, 977 S.W.2d 543, 545 (Tex. 1998) | 2 | Partners have no obligation to remain partners; at heart of partnership concept is principle that partners may choose with whom they wish to be associated. | Yet, partners have no obligation to remain partners; "at the heart of the partnership concept is the principle that partners may choose with whom they wish to be associated." | Do partners have a duty to remain as partners in the partnership? |
| 21033 | In re Ricketts Const. Co., 441 B.R. 512, 516 (W.D. Va. 2010) | 5 | Virginia courts strictly construe the power to tax. | In addition, Virginia courts strictly construe the power to tax. | "In re Ricketts Const. Co., Inc., 441 B.R. 512." |
| 21075 | Frady v. Irvin, 245 Ga. 307, 310 (Ga. 1980) | 7 | Ratification once made may not be revoked. Code, S 4-303. | A ratification once made may not be revoked. Code Ann. s 4-303. | Can ratification by the principal be revoked? |

| 21090 | W. Kendall Holdings v. Downrite Eng'g Corp., 112 So. 3d 614 | 2 | A dismissal order is reviewed de novo, and the allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. | A dismissal order is reviewed de novo, and the "allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff." | "Is the test on a motion to dismiss not whether the plaintiff can prevail at trial, but whether the complaint states a cause of action?" |
|---|---|---|---|---|---|
| 21092 | Keller v. Beckenstein, 122 Conn. App. 438, 444 (Conn. App. Ct. 2010) | 6 | For a vexatious litigation claim to be ripe for adjudication, the party must allege, among other facts, that the allegedly vexatious litigation has terminated in its favor. | Thus, for a vexatious litigation claim to be ripe for adjudication, the party must allege, among other facts, that the allegedly vexatious litigation has terminated in its favor. | "In deciding a jurisdiction question raised by a pretrial motion to dismiss, should a court take the facts to be those alleged in the complaint?" |
| 21139 | Hamilton v. Hamilton, 296 N.C. 574, 576 (N.C. 1979) | 3 | Neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied. | However, neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied. | Is equitable estoppel based on an application of the golden rule to the everyday affairs of men? |
| 21159 | Parsons v. Halliburton Energy Servs., Inc., 785 S.E.2d 844, 851 (W. Va. 2016) | 14 | Under general principles of state contract law, waiver requires proof of a voluntary act which implies a choice by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded and insisted on. | Under general principles of state contract law, waiver requires proof of "a voluntary act which implies a choice by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded and insisted on. | Does the doctrine of waiver focus on the conduct of the party against whom waiver is sought? |
| 21211 | Macchiavelli v. Shearson, Hammill & Co., Inc., 384 F. Supp. 21, 30 (E.D. Cal. 1974) | 14 | Breaches of contract are the archetypal kinds of disputes referable to arbitration. 9 U.S.C.A. S 1 et seq. | Breaches of contract are the archetypal kinds of disputes referable to arbitration. | Does a complaint sounding in tort prevent arbitration if the underlying contract embraces the disputed matter? |
| 21224 | Petty v. Chrysler Corp., 343 Ill. App. 3d 815, 824 (2003) | 13 | Goodwill is the value of a business or practice that exceeds the combined value of the physical assets. | "'Goodwill is the value of a business or practice that exceeds the combined value of the physical assets.'" | Do all businesses have goodwill? |
| 21242 | Mangum v. State, 64 So. 3d 503, 506-07 (Miss. Ct. App. 2011) | 3 | Indictment must contain all the essential elements of the crime charged in order for a defendant to be properly convicted. | An indictment must contain all the essential elements of the crime charged in order for a defendant to be properly convicted. | Is killing without the authority of law an element of murder? |
| 21247 | Browning v. Hickman, 235 W. Va. 640, 645 (W. Va. 2015) | 4 | A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard. | "A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. | Is a pre-trial ruling subject to change when the case unfolds? |
| 21248 | In re Fiedler, 2016 Pa. Super. 3, 132 A.3d 1010, 1012 (2016) | 16 | A trial court's decision to grant a motion in limine is subject to an evidentiary abuse of discretion standard of review. | A trial court's decision to grant a motion in limine "is subject to an evidentiary abuse of discretion standard of review." | What is a motion in limine? |
| 21252 | In re Estate of Scott, 208 Ill. App. 3d 846, 848 (Ill. App. Ct. 1991) | 1 | Medical subrogation clauses in insurance contracts are generally enforceable; furthermore, if clause is enforceable, it is not common-law concepts of subrogation but contract terms that control. | Medical subrogation clauses in insurance contracts are generally enforceable; furthermore, if such a clause is enforceable, it is not common-law concepts of subrogation but the contract terms that control. | Can a right of subrogation arise by statute or contract? |

| 21313 | People v. Pignatello, 15 Misc. 3d 833, 834 (N.Y. Sup. Ct. 2007) | 2 | When crime is of type that is impossible to attempt, defendant may still plead guilty to otherwise non-existent attempt in context of bargained for plea, where court is permitted to accept negotiated plea to hypothetical lesser offense. | On the other hand, when a crime is of a type that is impossible to attempt, a defendant may still plead guilty to the otherwise non-existent attempt in the context of a bargained for plea, where the court is permitted to accept a negotiated plea to a hypothetical lesser offense. | When is a defendant guilty of the crime of bribe receiving in the third degree? |
|---|---|---|---|---|---|
| 21317 | Mo. Bankers Ass'n, Inc. v. St. Louis Cnty., No. ED99333, 2013 WL 5629426, at *2 (Mo. Ct. App. Oct. 15, 2013) | 4 | Mootness implicates justiciability, and therefore courts may dismiss a case for mootness sua sponte. | Mootness implicates justiciability, and therefore, we may dismiss a case for mootness sua sponte. | Should a moot claim be dismissed? |
| 21339 | City of Nyssa v. Dufloth, 184 Or. App. 631, 635 (Or. Ct. App. 2002) | 1 | A demurrer is limited to the face of the charging instrument. | A demurrer, however, is limited to the face of the charging instrument. | Is a demurrer on constitutional grounds sustainable if the statute is vague or overbroad on its face? |
| 21349 | Haskell v. Mitchell, 53 Me. 468 | 2 | An assignment and delivery of a negotiable promissory note before maturity, without an indorsement by the payee until after maturity, gives to the assignee only the rights of the payee. | An assignment and delivery of a negotiable promissory note before maturity, without the indorsement of the payee, gives to the assignee only the rights of the payee. | Can a negotiable instrument be assigned before maturity? |
| 21404 | Fin. Ctr. Fed. Credit Union v. Brand, 967 N.E.2d 1080, 1084 (Ind. App. 2012) | 8 | Although preserving the rights of intervening creditors who record their interests is "plainly equitable," leapfrogging a senior claim is precisely what equitable subrogation is designed to prevent. | Although preserving the rights of intervening creditors who record their interests is "plainly equitable," leapfrogging a senior claim is "precisely what equitable subrogation is designed to prevent." Id. | Does the doctrine of equitable subrogation avoid an inequitable application of the general principle that priority in time gives a lien priority in right? |
| 21422 | Liberty Mut. Ins. Co. v. Zurich Ins. Co., 402 Ill. App. 3d 37, 40 (Ill. App. Ct. 2010) | 10 | The innkeeper has custody of the property of its guests, and, in the course of its work, it assumes a duty to protect that property; the guests' property falls in possessory control of the hotel, and it forms an essential part of the hotel's work of protecting its guests' property. S.H.A. 740 ILCS 90/1 et seq. | Similarly, the innkeeper has custody of the property of its guests, and, in the course of its work, it assumes a duty to protect that property. The guests property falls in possessory control of the hotel, and it forms an essential part of the hotel's work of protecting its guests' property. | Does the bailee have custody of property? |
| 21424 | United Gov't Sec. Officers of Am., Int'l Union v. Exelon Nuclear Sec., 24 F. Supp. 3d 460, 465 (E.D. Pa. 2014) | 4 | Federal courts apply same standard to resolve requests to compel arbitration under Labor Management Relations Act and Federal Arbitration Act. 9 U.S.C.A. S 1 et seq.; Labor Management Relations Act, 1947, S 301, 29 U.S.C.A. S 185. | Federal courts apply the same standard to resolve requests to compel arbitration under the Labor Management Relations Act and the Federal Arbitration Act, 9 U.S.C. 1 et seq. | Can a court order arbitration of a matter that is outside the scope of the arbitration clause? |

| 21426 | Jackass Mt. Ranch, Inc. v. S. Columbia Basin Irrigation Dist., 175 Wash. App. 374, 390 (Wash. Ct. App. 2013) | 8 | A claim for inverse condemnation exists where the alleged damage or taking was caused by a governmental entity's affirmative act of constructing a public project to achieve a public purpose. West's RCWA Const. Art. 1, S 16. | A claim for inverse condemnation exists where the alleged damage or taking was caused by a governmental entity's affirmative act of constructing a public project to achieve a public purpose. | Can a failure to act fulfill the intentional act element required for a claim of trespass? |
|---|---|---|---|---|---|
| 21455 | Adderhold v. Adderhold, 426 So. 2d 457, 458 (Ala. Civ. App. 1983) | 2 | Where there is no written agreement between parties, and question is whether as between the two a partnership existed, the question is one of part law and part fact. | Where there is no written agreement between the parties, and the question is whether as between the two a partnership existed, the question is one of part law and part fact. | Is there an arbitrary test used to determine the existence of a partnership? |
| 21460 | Tatum v. The Dallas Morning News, 493 S.W.3d 646, 656 (Tex. App. 2015) | 11 | Examples of defamation per se include (1) accusing someone of a crime, (2) accusing someone of having a foul or loathsome disease, (3) accusing someone of serious sexual misconduct, and (4) disparaging another's fitness to conduct his or her business or trade. | Examples of defamation per se include (i) accusing someone of a crime, (ii) accusing someone of having a foul or loathsome disease, (iii) accusing someone of serious sexual misconduct, and (iv) disparaging another's fitness to conduct his or her business or trade. | Is calling someone a liar defamatory? |
| 21488 | United States v. Fattah, 223 F. Supp. 3d , 355 (E.D. Pa. 2016) | 10 | Under the bribery statute, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act; a promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. 18 U.S.C.A. S 201. | Under the bribery statute, 18 U.S.C.  201, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act. A promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. | What are the keys for determining whether a public official entered into an agreement to accept a bribe? |
| 21507 | Zinke v. Orskog, 422 S.W.3d 422 | 9 | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | . Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. | Is a voluntary dismissal without prejudice a species of nonsuit? |
| 21509 | Waters v. Waters, 498 S.W.2d 236 | 6 | A promissory note can lawfully be transferred without a written assignment or an endorsement of the legal owner and holder thereof. V.T.C.A., Bus. & C. S 3.201(c). | A promissory note can lawfully be transferred without a written assignment or an endorsement of the legal owner and holder thereof. | Can a note be transferred when it is not indorsed by the transferee? |

| | | | | | |
|---|---|---|---|---|---|
| 21517 | United States v. Locke, 471 U.S. 84, 1786 (1985) | 13 | Even with respect to vested property rights, a legislature generally has power to impose new regulatory constraints on the way in which those rights are used, or to condition their continued retention on performance of certain affirmative duties; as long as the constraint or duty imposed is a reasonable restriction designed to further legitimate legislative objectives, legislature acts within its powers in imposing such new constraints or duties. | Even with respect to vested property rights, a legislature generally has the power to impose new regulatory constraints on the way in which those rights are used, or to condition their continued retention on performance of certain affirmative duties. As long as the constraint or duty imposed is a reasonable restriction designed to further legitimate legislative objectives, the legislature acts within its powers in imposing such new constraints or duties. | Should claimants take their mineral interests with the knowledge that the Government retains substantial or significant regulatory power over those interests? |
| 21522 | Williams v. Liberty Mut. Fire Ins. Co., 187 So. 3d 166 | 1 | Jurisdictional issues are reviewed pursuant to a de novo standard of review. | "Jurisdictional issues are reviewed pursuant to a de novo standard of review." | Must a court issue a dismissal on jurisdictional grounds without prejudice? |
| 21582 | N.J. v. Selective, 399 N.J. Super. 315, 325 (App. Div. 2008) | 9 | While surety bonds have been included within definitions of insurance for some purposes, "suretyship" is not generally considered to be "insurance." | While surety bonds have been included within definitions of insurance for some purposes, suretyship is not generally considered to be insurance." | Is suretyship the same as insurance? |
| 21630 | State ex rel. KCP & L Greater Missouri Operations Co. v. Missouri Pub. Serv. Comm'n, 408 S.W.3d 153, 160 (Mo. Ct. App. 2013) | 5 | A threshold question in any appellate review of a controversy is the mootness of the controversy. | "A threshold question in any appellate review of a controversy is the mootness of the controversy." | Are tariffs generally considered moot if they are superseded by subsequent tariffs that are filed and approved? |
| 21650 | Bank of Am., N.A. v. Ash, 2015 OK Civ. App. 69 (Okla. Civ. App. 2015) | 10 | The question of whether the giving of a new note and mortgage satisfies the first note and mortgage on the same property is a question of fact concerning the parties' intent at the time the subsequent note and mortgage were executed. | More specific to the subject at hand, the question of whether the giving of a new note and mortgage satisfies the first note and mortgage on the same property is a question of fact concerning the parties' intent at the time the subsequent note and mortgage were executed. | What does renewal require? |
| 21652 | United States v. Myers, 692 F.2d 823, 836 (2d Cir. 1982) | 3 | Defendant who fails to assert entrapment as a factual defense at his trial cannot assert it as a legal defense to his conviction. | We hold that a defendant who fails to assert entrapment as a factual defense at his trial, cannot assert it as a legal defense to his conviction. | Is defendants playacting a defense to bribery? |
| 21676 | 534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick, 90 A.D.3d 541 | 2 | In deciding motion to dismiss defense, defendant is entitled to benefit of every reasonable intendment of the pleading, which is to be liberally construed. McKinney's CPLR 3211(b). | In deciding a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed | Should the court not dismiss a defense where there remain questions of fact requiring a trial? |

| 21677 | Bridgeview Health Care Ctr., Ltd. v. Clark, 816 F.3d 935, 939 (7th Cir. 2016) | 5 | To create apparent authority, principal must speak, write, or otherwise act toward third party, and his conduct must make third party reasonably believe that he has consented to action done on his behalf by someone purporting to act for him. | To create apparent authority, the principal must speak, write, or otherwise act toward a third party. Id. His conduct must make the third party reasonably believe that he has consented to an action done on his behalf by someone purporting to act for him. | Can actual authority be express? |
|---|---|---|---|---|---|
| 21685 | Compton v. Shopko Stores, Inc., 93 Wis. 2d 613, 616 (Wis. 1980) | 1 | Generally, findings of fact by trial court will not be upset on appeal unless they are against great weight and clear preponderance of evidence. | The general rule is that findings of fact by the trial court will not be upset on appeal unless they are against the great weight and clear preponderance of the evidence. | "Is employment in general defined as the act of employing, the state of being employed, or that which consumes time or attention, occupation?" |
| 21702 | Wildflower v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369 | 1 | Standard of review of an order dismissing a complaint with prejudice is de novo. | As a general rule, "the standard of review of an order dismissing a complaint with prejudice is de novo." | What are the exceptions for an affirmative defense to be raised by motion to dismiss? |
| 21703 | Medix Ambulance Serv. v. Superior Court, 97 Cal. App. 4th 109 | 4 | Parties are entitled to oral argument in critical pretrial matters where there is a real and genuine dispute. | Parties are also entitled to oral argument in "critical pretrial matters" where there is a "real and genuine dispute." | Are litigants entitled to oral argument? |
| 21705 | State v. Hodges, 386 N.W.2d 709, 709 (Minn. 1986) | 5 | Burglarious entry of one dwelling justifies only one burglary conviction; however, if burglar commits other crimes, such as assault or robbery, against occupants of dwelling after entry, he may be additionally punished on basis of one extra conviction and sentence per victim of other crimes. M.S.A. S 609.04. | 609.04 (1984), the burglarious entry of one dwelling justifies only one burglary conviction; however, if the burglar commits other crimes, such as assault or robbery, against the occupants of the dwelling after entry, he may be additionally punished on the basis of one extra conviction and sentence per victim of the other crimes. | Is burglary purely a property offense? |
| 21710 | Bridgeview Health Care Ctr., Ltd. v. Clark, 816 F.3d 935, 939 (7th Cir. 2016) | 5 | To create apparent authority, principal must speak, write, or otherwise act toward third party, and his conduct must make third party reasonably believe that he has consented to action done on his behalf by someone purporting to act for him. | To create apparent authority, the principal must speak, write, or otherwise act toward a third party. Id. His conduct must make the third party reasonably believe that he has consented to an action done on his behalf by someone purporting to act for him. | Can actual authority be implied? |

| | | | | | |
|---|---|---|---|---|---|
| 21773 | Matter of Park Nursing Center, Inc., 766 F.2d 261, 263 (6th Cir. 1985) | 1 | Rule of notice in bankruptcy proceedings is adequate if it meets following conditions in addition to cost effectiveness: rule must reasonably be calculated to achieve actual notice, and there must be available procedure, either as part of the rule or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside judgment of default entered against him. | A rule of notice in bankruptcy proceedings is adequate if it meets the following conditions in addition to cost-effectiveness. The rule must reasonably be calculated to achieve actual notice, and there must be an available procedure, either as part of the rule, or as part of the general rules of civil procedure under which a person who fails to receive notice, through no fault of his own, has some available remedy for setting aside the judgment of default entered against him. | How is fairness of a method of notice determined? |
| 21813 | Douglass v. Rowland, 540 S.W.2d 252, 255 (Tenn. Ct. App. 1976) | 2 | It is not necessary that party against whom estoppel is charged should have intended to deceive; it is sufficient if he intended that his conduct should induce another to act upon it. | We hold that it is not necessary that the party against whom the estoppel is charged should have intended to deceive; it is sufficient if he intended that his conduct should induce another to act upon it. | Are the three kinds of estoppel? |
| 21826 | Brown v. Conocophillips Pipeline Co., 271 P.3d 1269, 1271 (Kan. Ct. App. 2012) | 10 | Appellate courts generally will not interfere with a district court's grant or denial of an injunction unless the district court abused its discretion; however, when an appeal frames questions of law, including the threshold legal requirements for injunctive relief in a particular case, appellate review is unlimited. | Appellate courts generally will not interfere with a district court's grant or denial of an injunction unless the district court abused its discretion. However, when an appeal frames questions of law, including the threshold legal requirements for injunctive relief in a particular case, appellate review is unlimited. | Can a party obtain an equitable remedy without a wrong for which a remedy is necessary? |
| 21845 | Schuman v. Greenbelt Homes, 212 Md. App. 451, 474-75 (2013) | 11 | Generally, in the absence of an actual or constructive eviction, a tenant will have a claim for damages caused by conduct by the landlord that strikes at the essence of its obligations under the lease. | "In Maryland, generally, in the absence of an actual or constructive eviction, a tenant will have a claim for damages caused by conduct by the landlord that strikes at the essence of its obligations under the lease." | What is a trespass? |
| 21851 | Point Intrepid v. Farley, 215 N.C. App. 82, 86 (2011) | 1 | "Abuse of discretion" occurs where the court's ruling is manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision; a trial court does not reach a reasoned decision, and thus abuses its discretion, when its findings of fact are not supported by competent evidence. | "Abuse of discretion occurs where the court's ruling is manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision." A trial court does not reach a reasoned decision, and thus abuses its discretion, when its findings of fact are not supported by competent evidence. | "Does a voluntary dismissal, even without prejudice, terminate a case and precludes the possibility of an appeal?" |

| | | | | |
|---|---|---|---|---|
| 21860 | Jimenez v. Ortega, 179 So. 3d 483, 487 (Fla. Dist. Ct. App. 2015) | 2 | While an appellate court reviews a trial court's dismissal sanction for abuse of discretion, a more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy. | Accordingly, while an appellate court reviews a trial court's dismissal sanction for abuse of discretion, "[a] more stringent abuse of discretion standard is appropriate because dismissal is an extreme remedy." | Should the party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding not be permitted to continue to employ the very institution he has subverted to achieve his ends? |
| 21873 | Calibraro v. Board of Trustees, 367 Ill. App. 3d 259, 262 (Ill. App. Ct. 2006) | 5 | When two statutes conflict, more specific statute controls that which is more general. | When two statutes conflict, the more specific statute controls that which is more general. | "Can a motion to dismiss raise defects, defenses, or other affirmative matter appearing on the face of the complaint or established by external submissions that defeat the plaintiff's claim?" |

# EXHIBIT E

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question |
|---|---|---|---|---|---|
| 1114 | In re Valliance Bank, 422 S.W.3d 722, 723-24 (Tex. App. 2012) | 2 | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power to reinstate the case in the same manner as a motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power in the same manner as a motion for new trial. | Does a verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extend the trial court's plenary power in the same manner as a motion for new trial? |
| 1440 | Porter v. Guill, 298 Ga. App. 782, 788, 681 S.E.2d 230, 235 (2009) | 2 | Trial court determination that pediatric pulmonologist was entitled to official immunity based on patient's status as a Medicaid patient did not violate parents' constitutional rights to due process and equal protection, in medical malpractice and wrongful death action against pulmonologist; the bar of sovereign immunity did not result in a deprivation of property without just compensation or constitute a denial of equal protection or due process under the federal or state constitutions. U.S.C.A. Const.Amend. 14; West's Ga.Code Ann. S 50-21-25(a). | The Porters also assert that a grant of official immunity to Dr. Guill based upon Jabaris's status as a Medicaid patient would violate their constitutional rights to due process and equal protection. The Supreme Court of Georgia, however, has previously rejected the argument that the Georgia Tort Claims Act violates the constitution, even where it does not afford equal treatment to all plaintiffs. As the Court explained: The bar of sovereign immunity neither results in a deprivation of property without just compensation nor constitutes a denial of equal protection or due process under the federal or state constitutions. The due process and equal protection clauses of the federal and state constitutions protect only rights, not mere privileges, and discrimination in the grant of privileges is not a denial of equal protection to those who are not favored. A waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace. | Does the bar of sovereign immunity result in a deprivation of property without just compensation or constitute a denial of equal protection or due process under the federal or state constitutions? |

| 1503 | Every v. City of New Orleans, 514 So. 2d 556, 558 (La. Ct. App.) | 1 | Even though a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney, absent unfairness to the parties, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer, because the court cannot be closed to a defendant who desires to bring a case to trial. LSA-C.C.P. art. 1601. | Unless it would be unfair to the parties, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. Sands v. State Through La. State Med., 458 So.2d 960 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1044 (La.1984); Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3rd Cir.1979). Nonetheless, because the court cannot be closed to a defendant who desires to bring the case to trial, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer. | Is a plaintiff entitled to indefinite continuances simply because he has discharged his lawyer? |
| 1840 | Carman-Crothers v. Brynda, 2014 IL App (1st) 130280, ¶ 14, 23 N.E.3d 487, 491 | 4 | When moving for dismissal for plaintiff's failure to exercise reasonable diligence in obtaining service on a defendant, defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. Sup.Ct.Rules, Rule 103(b). | When moving for dismissal pursuant to Rule 103(b), a defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. | Should a defendant make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint? |

| 1852 | Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158, 161 (Colo., 1988) | 9 | To impose sanction of dismissal against party for failure to comply with rule requiring filing of trial data certificate no later than 45 days before trial date, trial court must make specific finding of one of three factors on part of disobedient party: willfulness or deliberate disobedience of rule; bad-faith conduct which is flagrant disregard or dereliction of party's obligation under rule; or culpable conduct which is more than mere inadvertence or simple negligence but is gross negligence. Rules Civ.Proc., Rules 37(b)(2), 121(c), Standard S 1-18, subd. 1(a, d). | To impose the sanction of a default judgment against a party for failure to comply with a discovery rule or order, the trial court must make a specific finding of one of three factors on the part of the disobedient party. The factors are: (1) willfulness or deliberate disobedience of discovery rules; (2) bad faith conduct which is a flagrant disregard or dereliction of one's discovery obligations; or (3) culpable conduct which is more than mere inadvertence or simple negligence but is gross negligence. | "To impose the sanction of a default judgment against a party for failure to comply with a discovery rule or order, should the trial court make a specific finding of one of three factors on the part of the disobedient party?" |
| 2156 | Indiana State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., Inc., 592 N.E.2d 1274, 1277 (Ind. Ct. App. 1992) | 5 | Acts performed by public employee in course of his official duties are not prepared in anticipation of litigation or for trial within meaning of work-product doctrine merely by virtue of fact that they are likely to be subject of later litigation. Trial Procedure Rule 26(B)(3). | Acts performed by a public employee in the performance of his officials duties are not "prepared in anticipation of litigation or for trial" merely by virtue of the fact that they are likely to be the subject of later litigation. | Are acts performed by a public employee in the performance of his official duties not prepared in anticipation of litigation or for trial merely by virtue of the fact that they are likely to be the subject of later litigation? |
| 3055 | Matter of Lawrance, 579 N.E.2d 32, 37 (Ind. 1991) | 1 | Indiana Constitution does not restrict jurisdiction of Indiana courts to actual cases and controversies or impose similar restrictions, and thus, although moot cases are usually dismissed, moot case may be decided on its merits under exception to general rule when case involves questions of public interest. | While Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies, the Indiana Constitution does not contain any similar restraint. Thus, although moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." | Do courts recognize that a case may be decided on its merits under an exception to the general rule when the case involves questions of great public interest? |

| 3156 | Bass v. Daetwyler, 305 S.W.2d 339, 345 (Mo. App. 1957) | 15 | The relationship of partners inter sese is a fiduciary one; and a managing partner, who has kept the partnership records, occupies a position analogous to that of a trustee and is charged with burden of proving, in proceeding for partnership accounting, accuracy of partnership records and of making a faithful and true accounting. | The only remaining question is whether one-half of the court costs should have been assessed against plaintiff. The relationship of partners inter sese is a fiduciary one [Schroer v. Schroer, Mo., 248 S.W.2d 617, 619(2); Schneider v. Schneider, supra, 146 S.W.2d loc.cit. 589(19)], and the cases are legion in which it has been pointed out that a managing partner, who has kept the partnership records, occupies a position analogous to that of a trustee and is charged with the burden of proving the accuracy of such records and of making a faithful and true accounting. | Is a managing partner charged with the burden of making a faithful and true accounting? |
| 3338 | Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1294 (C.A.N.J., 1979) | 13 | Granting of patents per se, in substance, ministerial activity, was not kind of governmental action contemplated by act of state doctrine or its correlative, foreign compulsion; thus, act of state defense did not support dismissal of complaint in antitrust action alleging fraud in obtaining of foreign patents and did not apply to patents issued in foreign countries. | Although enforcement of a decree in the present litigation may possibly present problems of international relations, as will be discussed Infra, the granting of the patents per se, in substance ministerial activity, is not the kind of governmental action contemplated by the act of state doctrine or its correlative, foreign compulsion. We conclude, therefore, that the asserted act of state defense does not support dismissal of plaintiff's complaint and it does not apply to the patents issued in the foreign countries. | "Is the granting of patents per se the kind of governmental action contemplated by the act of state doctrine or its correlative, foreign compulsion?" |

| 11318 | Wills v. Wills, 104 Tenn. 382, 58 S.W. 301, 301–02 (1900), overruled by Moore v. Moore, 222 Tenn. 1, 431 S.W.2d 754 (1968) | 2 | A writ of error coram nobis, one of the means prescribed by Shannon's Code, S 4834, for correcting errors, is within the prohibition of section 4890 that, "in divorce cases, an appeal shall be the only mode of revising errors." | Errors were assigned, and a motion to dismiss was made and sustained, upon the ground that a writ of error coram nobis would not lie *302 to correct errors committed in a proceeding for divorce. This ruling of the learned trial judge was based upon the provisions of the statute (Shannon's Code, § 4890) in the following words: "In divorce cases an appeal shall be the only mode of revising errors,"- and upon the further ground that the writ contradicted the record of the former suit and was insufficient in law. | Is an appeal the only mode of revising errors in divorce cases? |
| :--- | :--- | :--- | :--- | :--- | :--- |
| 11499 | Perrin v. United States, 444 U.S. 37, 37, 100 S. Ct. 311, 311, 62 L. Ed. 2d 199 (1979) | 2 | Bribery of private employee prohibited by state criminal statute violates the Travel Act which makes it a federal offense to travel or to use any facility in interstate commerce to commit "bribery * * * in violation of the laws of the State in which committed." 18 U.S.C.A. S 1952. | Bribery of private employees prohibited by state criminal statutes violates the Travel Act. | Does bribery of private employee prohibited by state criminal statute violate the Travel Act? |
| 11543 | Wal-Mart Stores, Inc. v. Helferich Pat. Licensing, LLC, 51 F. Supp. 3d 713, 717 (N.D. Ill. 2014) | 9 | In an action to compel arbitration under the Federal Arbitration Act (FAA), party seeking to invalidate or oppose the arbitration agreement bears the burden of demonstrating that the arbitration agreement is unenforceable and that the claims are unsuitable for arbitration. 9 U.S.C.A. S 4. | If the Court is satisfied that the parties agreed to arbitrate the issues presented, it must promptly compel arbitration. 9 U.S.C. § 4. The party seeking to invalidate or oppose the arbitration agreement bears the burden of demonstrating that the arbitration agreement is unenforceable and that the claims are unsuitable for arbitration. | Who bears the burden of demonstrating that the arbitration agreement is unenforceable? |

| | | | | | |
|---|---|---|---|---|---|
| 11616 | Davis v. Kewanee Hosp., 2014 IL App (2d) 130304, 1144(Ill. App. Ct. 2014) | 2 | An "affirmative matter," for purposes of a motion to dismiss on ground that a claim is barred by other affirmative matter, is a type of defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | An affirmative matter is a type of defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. Id. We review a dismissal under section 2-619(a) (9) de novo. | What is an affirmative matter? |
| 11815 | Koester v. Weber, Cohn & Riley, Inc., 193 Ill. App. 3d 1045, 1049–50, 550 N.E.2d 1004, 1006 (1989) | 4 | Term "affirmative matter" within meaning of rule allowing involuntary dismissal of claims when they are barred by such affirmative matter included defenses that defeat cause of action completely. S.H.A. ch. 110, P 2-619(a)(9). | Dismissal of plaintiff's complaint under section 2–619(a)(9) of the Illinois Code of Civil Procedure (Ill.Rev.Stat.1987, ch. 110, par. 2–619(a)(9)) by defendant's written motion supported by an affidavit was correct because "affirmative *1050 matter" includes defenses that defeat a cause of action completely. | Does affirmative matter include defenses that defeat cause of action completely? |
| 11848 | United States v. One 1989, 23 Foot, Wellcraft Motor Vessel, Puerto Rico Registration No. PR 2855GG, 910 F. Supp. 46, 51 (D.P.R. 1995) | 2 | Civil forfeiture of drug proceeds is a remedial sanction that does not constitute punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5; Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6), 21 U.S.C.A. S 881(a)(6). | In conclusion, we believe that the strength of the arguments tilts the balance in favor of the position that drug proceeds are the functional equivalent of contraband and, therefore, we will follow United States v. One Assortment of 89 Firearms, supra, in holding that the civil forfeiture of drug proceeds is a remedial sanction that does not constitute punishment for double jeopardy purposes. | Is the civil forfeiture of drug proceeds not punishment for double jeopardy purposes? |

| 13539 | Doe v. City of Los Angeles, 42 Cal. 4th 531, 550, 169 P.3d 559, 570 (2007) | 14 | Extended statute of limitations reviving personal injury actions arising from childhood sexual abuse against an allegedly responsible nonperpetrator is not a defense to a statute of limitations, but an expansion of the limitations period, the purpose of which is to expand access to the courts by victims of childhood sexual abuse, and it would be inconsistent with this purpose to apply more stringent rules of pleading than those that ordinarily apply, so that a sexual abuse complaint ordinarily is sufficient if it alleges ultimate rather than evidentiary facts. West's Ann.Cal.C.C.P. SS 340.1(b)(2), 425.10(a). | We disagree with any implication in the Court of Appeal's analysis that plaintiffs seeking the shelter of subdivision (b)(2) are required to plead evidentiary, as opposed to ultimate facts, and may not include allegations based on information and belief. Contrary to the Court of Appeal's characterization, the subdivision is not a defense to a statute of limitations but, as we have observed, an expansion of the limitations period, the purpose of which is to expand access to the courts by victims of childhood sexual abuse. (McVeigh v. Doe 1, supra, 138 Cal.App.4th at pp. 903–904, 42 Cal.Rptr.3d 91.) It would be inconsistent with this purpose, or with the mandate to broadly construe these provisions, to apply more stringent rules of pleading than those that ordinarily apply. (See § 425.10, subd. (a) [a complaint is sufficient if it contains "[a] statement of the facts constituting the cause of action, ***344 in ordinary and concise language."].) Thus, the complaint ordinarily is sufficient if it alleges ultimate rather than evidentiary facts. | Is a complaint sufficient if it alleges ultimate rather than evidentiary facts? |

| | | | | | |
|---|---|---|---|---|---|
| 13577 | Consolidation Coal Co. v. United States, 528 F.3d 1344, 1347 (Fed. Cir. 2008) | 4 | The phrase "coal produced" in Surface Mining Control and Reclamations Act (SMCRA) section concerning coal producers' payment of reclamation fees would be interpreted as "coal extracted," rather than as including the entire process of extracting and selling coal, in order to avoid a potential violation of the Export Clause; even assuming that SMCRA was ambiguous as to the meaning of "coal produced," this interpretation was the only reasonable construction preserving the constitutionality of the statute and neither the government, nor the court was bound by any past contrary assertions by the government. U.S.C.A. Art. I, S 9, cl. 5; Surface Mining Control and Reclamation Act of 1977, S 402(a), 30 U.S.C.A. S 1232(a). | Both sides agree the reclamation fee would be constitutional if imposed solely on coal extracted. We agree with the government that "coal produced" in § 1232(a) can reasonably be interpreted to mean "coal extracted," and that this interpretation avoids a potential violation of the Export Clause. JWR argues that in Drummond Coal Co. v. Hodel, 796 F.2d 503 (D.C.Cir.1986) this same statutory language "coal produced" was interpreted as including both the extraction and sale of coal. In Drummond, however, the D.C. Circuit was not interpreting the statute in light of the potential conflict with the Export Clause. | "Does ""coal produced"" mean ""coal extracted""?" |
| 13607 | Gabriel v. Johnston's L.P. Gas Serv., Inc., 98 A.D.3d 168, 181, 947 N.Y.S.2d 716, 725 (2012) | 9 | A court has the discretion to dismiss the complaint in the event of a plaintiff's failure to appear. N.Y.Ct.Rules, S 202.27(b). | Pursuant to 22 NYCRR 202.27(b), a court has the discretion to dismiss the complaint in the event of a plaintiff's failure to appear (see Harris v. Bliss, 60 A.D.3d 437, 438, 873 N.Y.S.2d 488), but here the issue is academic in view of our determination that the court abused its discretion in denying those parts of plaintiffs' motion for a protective order relating to the taking of certain depositions and trial testimony via video. | Does a court have the discretion to dismiss the complaint in the event of a plaintiff's failure to appear? |

| | | | | | |
|---|---|---|---|---|---|
| 13617 | Ex Parte Coley, 942 So. 2d 349, 352 (Ala. 2006) | 8 | As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained in fact and intent. | As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained facto et animo, [ 2 ] and what state of facts constitutes a change of domicile is a mixed question of law and fact." 2 "Facto et animo" means "in fact and intent." | Can a person have but one domicile as a general proposition? |
| 13620 | Bohatch v. Butler & Binion, 977 S.W.2d 543, 546–47 (Tex. 1998) | 4 | Partner in law firm can be expelled from partnership for accusing, in good faith, another partner of overbilling without subjecting partnership to tort damages for breach of fiduciary duty. | Just as a partner can be expelled, without a breach of any common law duty, over disagreements about firm policy or to resolve some other "fundamental schism," a partner can be expelled for accusing another partner of overbilling without subjecting the partnership to tort damages. | Can a partner be expelled over disagreements about firm policy? |

# EXHIBIT F

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question |
|---|---|---|---|---|---|
| 1209 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 18 | The following nonexclusive factors may be considered when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery prior to summary judgment: length of time the case has been on file, materiality and purpose of the discovery sought, and due diligence to obtain the discovery sought. Vernon's Ann.Texas Rules Civ.Proc., Rule 166a(g). | We have considered the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. | "When a movant requests a continuance for additional time to conduct discovery, should any nonexclusive factors be considered?" |
| 1220 | Elrod v. Sunflower Meadows Dev., 322 Ga. App. 666, 668 (2013) | 4 | The movant seeking withdrawal of admissions must show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that its denial was not offered solely for the purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | In carrying that burden, Crown was required to show "that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that [its] denial was not offered solely for the purposes of delay." | "Should the movant seeking withdrawal of admissions show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that its denial was not offered solely for the purposes of delay?" |

| | | | | | |
|---|---|---|---|---|---|
| 1733 | Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 707 (9th Cir. 1992) | 4 | "Act of state doctrine" is not a jurisdictional limit on courts, but reflects prudential concern that the courts, if they question the validity of sovereign acts by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress; doctrine does not bar action for lack of subject matter jurisdiction but for failure to state claim on which relief can be granted. Fed.Rules Civ.Proc.Rule 12(b)(1, 6), 28 U.S.C.A. | In contrast to the jurisdictional nature of foreign sovereign immunity under the FSIA, "[t]he act of state doctrine is not a jurisdictional limit on courts." Liu, 892 F.2d at 1431. The doctrine reflects the prudential concern that the courts, if they question the validity of sovereign acts taken by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" |
| 1749 | United States v. Greer, 956 F. Supp. 531, 534 (D. Vt. 1997) | 2 | Congress was constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas. U.S.C.A. Const. Art. 1, S 8, cl. 10; Maritime Drug Law Enforcement Act, S 3, 46 App.U.S.C.A. S 1903. | The Constitution thus authorized Congress to give extraterritorial effect to the MDLEA with respect to conduct taking place upon the high seas. | Is Congress constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas? |
| 1790 | Spiecker v. Petroff, 971 S.W.2d 536, 538–39 (Tex. App. 1997) | 7 | Rule regarding withdrawal of deemed admissions should not be construed to give one litigant advantage over his opponent, permitting him to have judgment without supporting testimony, when without injustice to either party, case can be opened for full hearing on evidence. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | The rule should not be construed giving one *539  litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence. | Should the rule regarding withdrawal of deemed admissions be construed to give one litigant advantage over his opponent? |

| | | | | | |
|---|---|---|---|---|---|
| 2148 | King v. Breen, 560 So. 2d 186, 191 (Ala. 1990) | 10 | Although pretrial orders are to control subsequent course of litigation, liberal allowance of amendments to pleadings takes precedence over strict adherence to rule governing pretrial orders. Rules Civ.Proc., Rules 15, 16. | Although under Rule 16 pretrial orders are to control the subsequent course of litigation, the liberal allowance of amendments under Rule 15 takes precedence over strict adherence to Rule 16. | "Although pretrial orders are to control subsequent course of litigation, do liberal allowance of amendments to pleadings take precedence over strict adherence to rule governing pretrial orders?" |
| 3678 | Enax v. New York Tel. Co., 280 A.D.2d 294, 295, 720 N.Y.S.2d 126, 127 (2001) | 1 | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action (see Muhammed v. Manhattan Payment Center, Inc. et al., 251 A.D.2d 228, 675 N.Y.S.2d 45; Ramputi v. Timko Contracting Corp. et al., 262 A.D.2d 26, 691 N.Y.S.2d 432). This case satisfies all four requirements. | "In order to vacate dismissal for abandonment, should a plaintiff show reasonable excuse for delay?" |

| | | | | | |
|---|---|---|---|---|---|
| 3993 | State ex rel. White v. Hais, 17 S.W.3d 903, 904 (Mo. Ct. App. 2000) | 3 | Party in family court matter was not entitled to writ prohibiting trial court from proceeding with trial, even though counsel filed motion for legislative continuance, where trial court did not rule on motion, it was within trial court's discretion to grant or deny legislative continuance based upon determination of whether presence of attorney, who was also state legislator, was necessary for fair and proper trial, and party was also represented by another attorney, whom trial court would not permit to withdraw. | However, we deny Relator's request to prohibit Judge Hais "from proceeding with trial on May 10, 2000, in light of the filed Motion for Legislative Continuance." First, Judge Hais has not ruled on Relator's motion for legislative continuance. Further, it would be within the trial court's discretion to grant or deny the legislative continuance, based upon its determination of whether Schneider's presence is necessary for a fair and proper trial, since Relator is still represented by Garnholz. | Can a court exercise discretion to decide whether attorney's presence is necessary for fair and proper trial? |
| 11611 | United States v. Rooney, 37 F.3d 847, 851 (2d Cir. 1994) | 3 | Manifest purpose of statute prohibiting theft or bribery concerning programs receiving federal funds is to safeguard finite federal resources from corruption and to police those with control of federal funds. 18 U.S.C.A. S 666. | Thus, as is evident from the circumstances surrounding its adoption, § 666's manifest purpose is to safeguard finite federal resources from corruption and to police those with control of federal funds. | Is safeguarding finite federal resources from corruption one of federal bribery statutes purposes? |
| 11617 | Estate of Paulk v. Lott, 217 So.3d 747, 750 (Miss.App., 2017) | 8 | The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal; however, neither contumacious conduct nor an aggravating factor is required to support a dismissal for failure to prosecute under the rules of civil procedure. Miss. R. Civ. P. 41(b). | "The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal ...." Holder, 54 So.3d at 200 ( 31). However, neither "contumacious conduct" nor an "aggravating factor" is required to support a Rule 41(b) dismissal. | Is contumacious conduct or an aggravating factor required to support a dismissal for failure to prosecute under law? |

| 11618 | Speedy Gonzalez Landscaping, Inc. v. O.C.A. Const., Inc., 385 Ill. App. 3d 699, 700, 896 N.E.2d 494, 496 (2008) | 1 | A motion to involuntarily dismiss an action based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts an affirmative defense or other legal matter effectively defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Dismissal of a cause of action pursuant to section 2–619(a)(9) is proper where the claim against defendant is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2–619(a)(9) (West 2000). A section 2–619(a)(9) motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other legal matter effectively defeating the claim. | Will a motion for involuntary dismissal assert a defense defeating the claim? |
| 11751 | Pardue v. State, 571 So. 2d 333, 333 (Ala. 1990) | 1 | Burglar who acquired firearm as loot during course of burglary was "armed with deadly weapon," within meaning of first-degree burglary statute, even though he did not use or possess firearm for purpose of its use or potential use as weapon; overruling Buchannon v. State, 554 So.2d 477. Code 1975, S 13-7-5(a). | After its application for rehearing was overruled, the State filed a petition for a writ of certiorari, which we granted in order to consider whether a burglar is "armed with ... a deadly weapon" in accordance with Ala.Code 1975, § 13A–7–5(a), if he acquires a gun as loot during the burglary but does not use it or possess it for the purpose of its use or potential use as a weapon. | When is a person armed with a deadly weapon under the burglary statute? |
| 11849 | United States v. One Parcel of Real Prop. with Bldgs., Appurtenances, 908 F. Supp. 1070, 1073 (D.R.I. 1995) | 3 | Double jeopardy clause is not limited to "life or limb" sanctions; clause also applies to imprisonment and monetary penalties. U.S.C.A. Const.Amend. 5. | The Clause is not limited to "life or limb" sanctions; the Clause also applies to imprisonment and monetary penalties. | "Is a double jeopardy clause is not limited to ""life or limb"" sanctions?" |

| | | | | | |
|---|---|---|---|---|---|
| 13545 | United States v. Baumann, 684 F. Supp. 2d 1146, 1151 (D.S.D. 2010) | 9 | Statute prohibiting bribery concerning programs receiving federal funds does not require that bribe itself be in excess of $5,000; government may also allege that business or transaction received in return for bribe was worth in excess of $5,000. 18 U.S.C.A. S 666(a)(2). | Section 666(a)(1)(B) "does not require that the bribe itself be in excess of $5,000." Nystrom, 2008 WL 4833984, at *4 (citing United States v. Hines, 541 F.3d 833, 836–37 (8th Cir.2008)); United States v. Zimmermann, 509 F.3d 920, 926–27 (8th Cir.2007). Rather, alleging that the bribe itself exceeded $5,000 is but "one way to satisfy the element." Id. The element "can also be satisfied by showing that the business or transaction received in return for the bribe was worth in excess of $5,000." | "Does any statute require that the bribe itself be in excess of $5,000?" |
| 13569 | Colonial Pipeline Co. v. Commonwealth, 206 Va. 517, 523, 145 S.E.2d 227, 232 (1965) | 7 | State has inherent and unlimited power of taxation unless restrained by State or Federal Constitution, and power of state to levy taxes is not derived from Federal Constitution as interpreted by Supreme Court. | There are ready answers to this premise. In the first place, the power of the State of Virginia to levy taxes is not derived from the Constitution of the United States as interpreted by the Supreme Court. On the contrary, the State has the inherent and unlimited power of taxation unless restrained by its Constitution or the Constitution of the United States. 18 Mich.Jur., Taxation, § 3, pp. 125, 126, and cases there collected. Moreover, there is a presumption of the constitutionality of a statute and the burden is upon the assailing party to prove its invalidity. | Does the state have inherent and unlimited power of taxation unless restrained by State or Federal Constitution? |
| 13611 | Acme Markets, Inc. v. Callanan, 236 Ill. 2d 29, 42, 923 N.E.2d 718, 727 (2009) | 10 | Purpose of Property Tax Extension Limitation Law (PTELL) is to provide greater citizen control over the levy of taxes they are required to pay. 35 ILCS 200/18-190 (2004 Bar Ed.). | Justice McDade's dissent correctly recognized that the purpose of PTELL "is to provide greater citizen control over the levy of taxes they are required to pay." | What is the purpose of the Property Tax Extension Limitation Law (PTELL)? |

| 16007 | McCabe v. Braunstein, 439 B.R. 1, 10 (D. Mass. 2010) | 17 | Under Massachusetts law, one of the primary purposes of equitable subrogation is to avoid unwarranted windfalls. | One of the primary purposes of subrogation is to avoid unwarranted windfalls. | Is one of the primary purposes of equitable subrogation to avoid unwarranted windfalls? |
|---|---|---|---|---|---|
| 16095 | CompuCredit Corp. v. Greenwood, 565 U.S. 95, 97, 132 S. Ct. 665, 668, 181 L. Ed. 2d 586 (2012) | 1 | Federal Arbitration Act (FAA) provision requiring enforcement of contracts containing arbitration provisions establishes a liberal federal policy favoring arbitration agreements. 9 U.S.C.A. S 2. | Upon issuance of an order compelling arbitration, Defendant requests that the Court either stay these proceedings until completion of the arbitration pursuant to 9 U.S.C. 3, or dismiss the complaint pursuant to Rule 12(b)(1) and (6). II. DISCUSSION [1] [2] The FAA establishes "a liberal federal policy favoring arbitration agreements." Moses H. | Does the Federal Arbitration Act establish a liberal fedral policy favoring arbitration agreements? |
| 16100 | In re H.A. Manosh Corp., 147 Vt. 367, 369, 518 A.2d 18, 19 (1986) | 1 | Environmental Board rule defining "substantial change" so as to necessitate acquisition of permit under land use law did not negate or undermine legislature's intent, but rather, simply defined parameters of statutory exemption afforded preexisting uses. 10 V.S.A. SS 6081, 6086(a). | Despite respondent's assertions to the contrary, we find no basis for the conclusion **20 that the Board's definition of substantial change negates or undermines the legislature's intent in this area. It simply defines the parameters of the statutory exemption afforded pre-existing uses. Cf. Vermont Brick & Block, Inc. | How Environmental Board Rule define substantial change? |
| 19921 | Fla. E. Coast Ry. Co. v. Lewis, 167 So. 2d 104, 108 (Fla. Dist. Ct. App. 1964) | 4 | Under current rule, plaintiff had no lawful right to voluntary nonsuit. 30 F.S.A. Rules of Civil Procedure, rule 1.35 and subd. (a). | On the authority of Dobson we must hold that on the first trial of the case we now review appellee had no lawful right to an order of voluntary nonsuit, and the trial court erred in entering the order of nonsuit. | Does a plaintiff have no lawful right to a voluntary nonsuit? |

# EXHIBIT G

**Comparison to 100 headnotes Appendix C to Dr. Krein's Reply Report**

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question | Analysis |
|---|---|---|---|---|---|---|
| 21386 | Toney v. C. Courtney, 191 So. 3d 505, 507 (Fla. Dist. Ct. App. 2016) | 6 | Allegations in prisoner's amended complaint against two physicians and a nurse supported the objective prong of a S 1983 claim for deliberate indifference to a serious medical need in violation of Eighth Amendment prohibition against cruel and unusual punishment; prisoner alleged that he had a diagnosis of celiac disease, a gluten or wheat allergy, that nature of his meals was particularly important because he was also an insulin-dependent diabetic, that for the majority of time alleged in his amended complaint he did not receive gluten-free meals, and that, as a result, he regularly consumed gluten, which, due to his celiac disease, caused vomiting, stomach pains, headaches, fatigue, and skin irritation. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. S 1983. | We are also cognizant that "a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories does not establish a claim for relief." | "Will a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories, establish a claim for relief?" | Krein Concedes no copying |
| 2349 | In re Frankum, 399 B.R. 498, 505 (E.D. Ark. 2009) | 15 | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest, (2) the party seeking subrogation must not have acted as a volunteer, (3) the party seeking subrogation must not have been primarily liable for the debt, (4) the party seeking subrogation must have paid off the entire debt, and (5) subrogation must not work injustice to the rights of others. | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest; (2) the party seeking subrogation must not have acted as a volunteer; (3) the party seeking subrogation must not have been primarily liable for the debt; (4) the party seeking subrogation must have paid off the entire debt; and (5) subrogation must not work injustice to the rights of others. | What criteria must be met to invoke the doctrine of equitable subrogation? | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 3225 | Horn v. Int'l Bus. Machines Corp., 110 A.D.2d 87, 92, 493 N.Y.S.2d 184, 189 (1985) | 1 | Literal compliance with Environmental Quality Act's procedural requirements for integrating environmental considerations into decision-making process is mandated; however, state or local "lead agencies" are allowed considerable latitude in exercise of discretion on substantive environmental matters. McKinney's ECL S 8-0101 et seq. | At the outset, it is necessary to emphasize that the standard of judicial review for challenges involving substantive compliance with SEQRA guidelines is limited. While literal compliance with SEQRA's procedural requirements for integrating environmental considerations into the decision making process is mandated (see, Glen Head-Glenwood Landing Civic Council v. Town of Oyster Bay, 88 A.D.2d 484, 490–491, 453 N.Y.S.2d 732; Matter of Rye Town/King Civic Assn. v. Town of Rye, 82 A.D.2d 474, 480–481, 442 N.Y.S.2d 67 appeals dismissed 55 N.Y.2d 747), the courts have allowed State or local "lead agencies" considerable latitude in the exercise of discretion on substantive environmental matters (Aldrich v. Pattison, 107 A.D.2d 258, 486 N.Y.S.2d 23). In Aldrich (supra, at p. 267, 486 N.Y.S.2d 23), this court, in an opinion authored by Justice Rubin, explained: | Do the courts allow state or local agencies considerable latitude in the exercise of discretion on substantive environmental matters? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 17852 | Transamerica Insurance Company v. Barnes, 29 Utah 2, 505 P.2d 783, 105 (Utah 1972) | 5 | Subrogation is not a matter of right but may be invoked only in those circumstances where justice demands its application. (Per Callister, C. J., with one Justice concurring and one Justice concurring in the result.) | Subrogation is not a matter of right but may be invoked only in those circumstances where justice demands its application, and the rights of the one seeking subrogation have a greater equity than the one who opposes him. | Is subrogation permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? | Not Copyrightable; No Material Appropriation |

| 18561 | Esparza v. Scott and White Hlth. Plan, 909 S.W.2d 548, 551 (Tex. App. 1995) | 2 | Principal purpose of insurance contract is to protect insured from loss, thereby placing risk of loss on insurer. | The principal purpose of an insurance contract is to protect the insured from loss, thereby placing the risk of loss on the insurer. | What is the purpose of insurance? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 15836 | Jackson v. Searcy, 628 So. 2d 887, 889 (Ala. Civ. App. 1993) | 3 | For agency relationship to exist, there must be meeting of the minds of principal and agent as to scope of agent's employment. | [3]  For an agency relationship to exist, there must be a right of control by the principal over the agent. However, it is not essential that the right of control be exercised, so long as that right actually exists. National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133, 137 (Ala.1983). In addition, there must be a meeting of the minds of both the principal and the agent as to the scope of the agent's employment. | Should there be meeting of minds as to the scope of the agent's employment? | Not Copyrightable; No Material Appropriation |
| 10016 | People v. Converse, 42 N.W. 70, 71, 74 Mich. 478, 482 (Mich. 1889) | 2 | An attorney who collects money for a client acts as agent as well as attorney, and may be convicted of embezzlement for appropriating the money to his own use, with intent to deprive the owner thereof. | If an attorney collects money for his client, he in so doing acts as the agent of his client as well as his attorney; and in either case, after making the collection, he appropriates the money to his own use with the intention of depriving the owner of the same,-he is guilty of the crime of embezzlement. If this were not so, no attorney could be convicted of the embezzlement of his client's money, and this was certainly never the intention of the legislature in passing the statute creating the crime. | Can attorney appropriating money collected for his client be guilty of embezzlement? | Not copyrightable (expired); No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 11125 | McCarthy v. Azure, 22 F.3d 351, 355 (1st Cir. 1994) | 5 | Federal policy favoring arbitration does not extend to situations in which identity of parties who have agreed to arbitrate is unclear. | Once that agreement has been proven and the protagonists identified, cases such as Cone and McMahon instruct courts to use a particular hermeneutical principle for interpreting the breadth of the agreement; that is, if the contract language chosen by the parties is unclear as to the nature of the claims to which an agreement to arbitrate extends, a "healthy regard" for the federal policy favoring arbitration requires that "any doubts concerning the scope of an arbitrable issue be resolved in favor of arbitration." Moses H. Cone, 460 U.S. at 24-25. T The federal policy, however, does not extend to situations in which the identity of the parties who have agreed to arbitrate is unclear. | Does federal policy in favor of arbitration extend to situations in which the identity of the parties who have agreed to arbitrate is unclear? | Not Copyrightable; No Material Appropriation |
| 8770 | Memphis Retail Liquor Dealers' Ass'n, Inc., 547 S.W.2d 244, 245-46 (Tenn. 1977) | 1 | If an imposition is primarily for the purpose of raising revenue, it is a "tax"; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a "fee." | If the imposition *246 is primarily for the purpose of raising revenue, it is a tax; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a fee. | Is an imposition a tax, if its purpose is for the regulation of some activity under the police power of the governing authority? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 14892 | State v. Payne, 2008-Ohio-5447, ¶ 9, 178 Ohio App. 3d 617, 621, 899 N.E.2d 1011, 1014 | 5 | Substantial incapacity sufficient to support a conviction for menacing by stalking does not mean that the victim must be hospitalized, or totally unable to care for herself; incapacity is substantial if it has a significant impact upon the victim's daily life. R.C. S 2903.211(A)(1), (D)(2)(a, b). | "Substantial incapacity does not mean that the victim must be hospitalized, or totally unable to care for herself. Incapacity is substantial if it has a significant impact upon the victim's daily life." | "Does ""substantial incapacity"" for the purposes of a conviction for menacing by stalking, require the victim to be hospitalized?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | Clear and unmistakable evidence requirement used in evaluating an arbitration provision's delegation provision pertains to the parties' manifestation of intent, not to the agreement's validity. | N/A | N/A | Not an asserted headnote |
| 13661 | Bk. Trust Co. v. Arnold N. May Builders, 90 Ill. App. 3d 454, 456 (Ill. App. Ct. 1980) | 3 | Motion for judgment on the pleadings tests sufficiency of pleadings as a matter of law and admits truth of all facts pleaded by opposite party. | A motion for judgment on the pleadings tests the sufficiency of the pleadings as a matter of law and admits the truth of all facts well pleaded by the opposite party. | Does a motion for judgment on the pleadings test the sufficiency of the pleadings? | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 21129 | People v. Hochwender, 20 Cal. 2d 181 | 2 | "Taxes" are not "debts" nor "founded upon contract" but they are charges upon persons or property to raise money for public purposes and the general relationship of sovereign and taxpayer is not founded on nor does it create any contractual rights. | The contention cannot be sustained. In the early case of Perry v. Washburn, 20 Cal. 318, 350, it was held: 'Taxes are not debts * * * due by contract, express or implied.' That case has been consistently and uniformly followed. It was cited and approved in Spurrier v. Neumiller, 37 Cal.App. 683, 174 P. 338, 341, where it was said: 'Taxes are not debts, nor founded upon contract; but they are charges upon persons or property to raise money for public purposes.' This court recently reiterated the rule in Southern Service Co. v. County of Los Angeles, 15 Cal.2d 1, 97 P.2d 963, 969, stating, 'The general relationship of sovereign and tax payer is not founded on nor does it create any contractual rights,' citing Perry v. Washburn, supra, and Spurrier v. Neumiller, supra. | Are taxes debts due by contract? | Not Copyrightable; No Material Appropriation |

| 2950 | Adobe Land Corp. v. Griffin, L.L.C., 236 S.W.3d 351, 357 (Tex.App.-Fort Worth, 2007) | 9 | A duty to preserve evidence arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Before any failure to produce evidence may be viewed as discovery abuse, the opposing party must establish that the non-producing party had a duty to preserve the evidence in question. Wal-Mart Stores, Inc., 106 S.W.3d at 722. Such a duty arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Does a duty to preserve evidence arise only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 2585 | Hinds v. Glob. Int'l Marine, 57 So. 3d 1181, 1183-84 (La. App. 2011) | 6 | Any action or step taken in a case to move the case toward judgment should be considered before granting a motion for dismissal for abandonment; dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. LSA-C.C.P. art. 561. | Any *1184 action or step taken in a case to move the case toward judgment should be considered. Dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. | Should any action or step taken in a case to move the case toward judgment be considered before granting a motion for dismissal for abandonment? | Not Copyrightable; No Material Appropriation |
| 13669 | Cole v. O'Tooles of Utica, Inc., 222 A.D.2d 88, 90, 643 N.Y.S.2d 283, 285 (1996) | 2 | Plaintiffs need not label cause of action in pleading, and in fact, even if cause of action is labeled incorrectly, it will not be dismissed if acts alleged constitute cognizable cause of action. | "The pleading can be pathetically drawn; it can reek of miserable draftsmanship" (Siegel, Practice Commentaries, McKinney's Cons.Laws of NY, Book 7B, CPLR C3013:6, at 724). Plaintiffs need not label the cause of action; in fact, even if the cause of action is labeled incorrectly, it will not be dismissed if the facts alleged constitute a cognizable cause of action (see, Guidetti v. Pratt Plumbing & Heating, 55 A.D.2d 720, 721, 389 N.Y.S.2d 170). | Do plaintiffs need to label a cause of action? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 17915 | Stitzel v. Miller, 250 Ill. 72, 75–76 (1911) | 1 | There cannot be any recovery in an ordinary common-law action, where the money is not due at the institution of the suit. | Without question there cannot be *76 any recovery on an ordinary common-law action if the money is not due at the institution of the suit. | Can there be any recovery in an ordinary common-law action? | Not copyrightable (expired; Headnote near verbatim of judicial opinion); No Material Appropriation |
| 18867 | Williams v. United States, 47 Ct. Cl. 316 | 2 | Where a statute enacts that there shall be 26 additional passed assistant and assistant paymasters on the active list of the navy, the President in his discretion may direct that the whole number so added to the active list shall be of the higher grade. Act March 3, 1903, 32 Stat. 1197, 34 U.S.C.A. S 334. | Krein's headnote not found using judicial opinion. | Is the President empowered to appoint either assistant or passed assistant paymasters? | Not Copyrightable (Headnote not in opinion identified); No Material Appropriation |
| 19556 | Wellmaker v. Lamar Cnty. Advisory Bd., 43 Ga. App. 816, 160 S.E. 708, 708 (1931) | 3 | Public road cannot be lawfully discontinued, except in manner prescribed by statute. Civ.Code 1910, SS 636-644. | The county authorities cannot lawfully discontinue a public road except in the manner prescribed by law, after application and notice and registration in the proper office. | Can an existing public road be discontinued without notice and registration in the proper office? | Not copyrightable (Headnote near verbatim of judicial opinion); No Material Appropriation |
| 15085 | Rivas v. Napolitano, 714 F.3d 1108, 1110 (9th Cir. 2013) | 1 | Federal courts are generally without power to review the actions of consular officials. | Federal courts are generally without power to review the actions of consular officials. | Do federal courts have power to review the actions of consular officials? | Not copyrightable (Headnote verbatim of judicial opinion); No Material Appropriation |
| 4855 | Mason v. Connell, 1836 WL 3149, at *1 (Pa. 1836) | 5 | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | Can a partner admit a new member to the partnership without the consent of the other partners? | Not copyrightable (expired; Headnote verbatim of judicial opinion); No Material Appropriation |

| 8877 | Smith v. Thirty-Seventh Judicial Circuit, 847 S.W.2d 755, 758 (Mo. 1993) | 7 | In workers' compensation law, one making appointment and receiving services necessarily stands in correlative relation of employer; right to control employee determines employer status. V.A.M.S. SS 105.800, 287.120, subd. 1. | In workers' compensation law, the "one making the appointment and receiving the services necessarily stands in the correlative relation of employer." Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, [**9]  911 (Mo. 1934). The right to control the employee is the "test often applied" to determine the employer, and the element "most frequently referred to." | "In Workers Compensation, who stands as, or is determined to be, the employer?" | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 11649 | Carlson v. Hannah, 6 N.J. 202, 212 (N.J. 1951) | 2 | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | Is the power of an agent to bind his principal with his acts within his actual or apparent authority? | Not copyrightable (Headnote verbatim of judicial opinion); No Material Appropriation |
| 6885 | Schneider v. Spaeth, 133 So. 3d 1167, 1168–69 (Fla. Dist. Ct. App. 2014) | 2 | No magic words are required in an order entering a default based on a party's failure to attend a properly noticed case management conference, but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard. West's F.S.A. RCP Rule 1.200(c). | The requisite written finding of willfulness is, in part, to provide assurance that "the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). "[N]o 'magic words' are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard." | "In the requisite written finding of wilfulness, are magic words required or only a finding that the conduct upon which the order is based was equivalent to wilfulness or deliberate disregard?" | Not Copyrightable; No Material Appropriation |
| N/A | N/A | N/A | Purpose of statute requiring state to provide notice of intent to seek hard 40 sentence is to make defendant aware of hard 40 prospect so as to be in a position to devise his or her strategy. K.S.A. 21-4624(1). | N/A | N/A | Not an asserted headnote; Krein concedes no copying |

| | | | | | |
|---|---|---|---|---|---|
| 2954 | St. Mary v. Superior Court, 223 Cal.App.4th 762, 776, 167 Cal.Rptr.3d 517, 528 (Cal.App. 6 Dist., 2014) | 11 | A "deemed admitted" order establishes, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein. Cal. Civ. Proc. Code S 2033.280(c). | "[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein." | "Does a ""deemed admitted"" order establish, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein?" | Not Copyrightable; No Material Appropriation |
| 18697 | Brezler v. Mills, 220 F. Supp. 3d 303, 326 (E.D.N.Y. 2016) | 19 | Navy, like any other agency, must comply with its own binding rules. | The Navy, like any other agency, must comply with its own binding rules. | Does the navy have to comply with its own binding rules? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 11085 | S. Indiana Gas & Elec. Co. v. City of Boonville, 215 Ind. 552, 560 (1939) | 5 | The power of eminent domain is an attribute of sovereignty which inures in every independent state and cannot be surrendered, and if attempted to be contracted away it may be resumed at will. | The power of eminent domain is an attribute of sovereignty and inures in every independent state. It cannot be surrendered, and, if attempted to be contracted away, it may be resumed at will. | Can the power of eminent domain be surrendered? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 21195 | Billingsley v. St. Louis County, 70 F.3d 61, 64 (8th Cir. 1995) | 5 | Government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. U.S.C.A. Const.Amend. 1. | It is clear, then, that under Barnes a government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. | Is an employees political affiliation an appropriate requirement for performing ministerial duties? | Not Copyrightable; No Material Appropriation |
| 10054 | Teller v. McCoy, 162 W. Va. 367, 384 (1978) | 3 | Since lease of residential dwelling unit is to be treated and construed as any other contract, covenant to pay rent and warranty of habitability are mutually dependent. Code, 37-6-30. | In response to the second certified question, we hold that since a lease of a residential dwelling unit is to be treated and construed as any other contract, the covenant to pay rent and the warranty of habitability are mutually dependent. | Are leases of urban dwelling units construed like any other contract? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 6431 | In re N.J.A.C. 7:15-5.24(b), 420 N.J. Super. 552, 572 (App. Div. 2011) | 11 | Enabling statute for Department of Environmental Protection (DEP) grants the DEP vast authority to set policy and promulgate regulations for the conservation of the natural resources of the State, the promotion of environmental protection, and the prevention of pollution of the environment of the State. N.J.S.A. 13:1D-1 et seq. | Lastly, HN34 the DEP's general enabling statute, N.J.S.A. 13:1D-1 to -137, grants the agency vast authority to set policy and promulgate regulations "for the conservation of the natural resources of the State, the promotion of environmental protection and the prevention of pollution of the environment of the State." N.J.S.A. 13:1D-9. | What responsibilities are the Department of Environmental Protection charged with? | Not Copyrightable; No Material Appropriation |
| 12835 | M. T. v. State, 2009 Ark. App. 761, 795 (Ark. Ct. App. 2009) | 9 | For purposes of disorderly conduct, a public inconvenience, annoyance, or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. West's A.C.A. S 5-71-207(a)(1). | First, our precedent refutes appellant's narrow interpretation of the disorderly conduct statute that the incident giving rise to the charge must occur in a public place. A public inconvenience, annoyance or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. | Can public inconvenience occur due to an individuals conduct? | Not Copyrightable; No Material Appropriation |
| 10328 | Roberts v. Wells Fargo Bank, N.A., 406 S.W.3d 702, 706 (Tex. App. 2013) | 6 | When nonsuit is filed after an unfavorable partial summary judgment has been entered against a claimant, the nonsuit is with prejudice as to those claims of which the judgment has disposed; this concept promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments through the preclusion of matters that have already been decided or which could have been litigated in a prior suit. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 166a(c). | When nonsuit is filed after an unfavorable partial summary judgment has been entered against the claimant, the nonsuit is with prejudice as to those claims of which the judgment has disposed. This concept promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments through the preclusion of matters that have already been decided or which could have been litigated in a prior suit. | "When a claimant nonsuits after an unfavorable partial summary judgment, is the nonsuit with prejudice as to the claims disposed of by the judgment?" | Not Copyrightable; No Material Appropriation |

| 841 | City of Ashland v. Ashland Salvage, 271 Neb. 362, 371 (2006) | 15 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. | "Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission?" | Not Copyrightable; No Material Appropriation |
| 8430 | Withrow v. Withrow, 278 Ga. 525, 525, 603 S.E.2d 276, 277–78 (2004) | 3 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Moreover, "[t]he absence of a [party's] counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. [Cit.]" Davis v. Barnes, 158 Ga.App. 89, 90, 279 S.E.2d 330 (1981). | "Is the absence of a party's counsel, without leave, to attend proceedings in other courts no ground for continuance or postponement?" | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 1301 | Osagie v. Peakload Temp. Services, 91 S.W.3d 326, 329 (Tenn. Ct. App., 2002) | 4 | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Osagie's wage claim to be a dismissal for failure to prosecute under rule 41.02 of the Rules of Civil Procedure. This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. | Does the purpose of rules governing dismissal of a claim for failure is to prosecute to protect defendants against plaintiffs who are unwilling to put their claims to the test? | Not Copyrightable; No Material Appropriation |

| 1316 | Jgk Industries, LLC v Hayes NY Business, LLC, No. 2014-10060, 2015-04730, 603527/13, 45 N.Y.S.3d 479, 481, 2016 N.Y. Slip Op. 08848, 2016 WL 7445269 (N.Y.A.D. 2 Dept., Dec. 28, 2016) | 1 | On a motion to dismiss a complaint for failure to state a cause of action, the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference | On a motion to dismiss a complaint for failure to state a cause of action, should the complaint be construed liberally? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 18581 | Voss v. State, 208 Miss. 303, 304–05, 44 So. 2d 402, 402 (1950) | 1 | There was no such offense in common law as embezzlement; and it is made such by statute, being a statutory larceny. | In Hampton v. State, 99 Miss. 176, 183, 54 So. 722, 723, it is said: 'There was no such offense at common law as embezzlement; it is made such by statute; it is a statutory larceny. | Is embezzlement a common law offence? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 4196 | Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. App. 5 Dist., 2001) | 4 | A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. | A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. | "Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true, as well as reasonable inferences that can arise from those facts?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 5701 | Little v. State Indus. Comm'n, 1936 OK 817 | 5 | Forgery statute is aimed primarily at safeguarding confidence in genuineness of documents relied upon in commercial and business activity; such purpose underlies not only prohibition against forging false instrument but also against possessing or uttering such an instrument. W.S.A. 943.38. | A forgery statute is "aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." LaFave & Scott, Handbook on Criminal Law, p. 671 (1972). This purpose underlies not only the prohibition against forging a false instrument but also that against possessing or uttering such an instrument. Perkins, Criminal Law, pp. 339-40 (2d ed. 1969). | What is the purpose of forgery statute? | Not Copyrightable; No Material Appropriation |
| 11132 | AAA Pharmacy v. United States, 112 Fed. Cl. 387, 394 (Fed.Cl., 2013) | 5 | Regulatory takings jurisprudence is characterized by essentially ad hoc, factual inquiries designed to allow careful examination and weighing of all the relevant circumstances. U.S. Const. Amend. 5. | The analysis employed with respect to cases involving a physical occupation, "for the most part, involves the straightforward application of per se rules," whereas "regulatory takings jurisprudence ... is characterized by 'essentially ad hoc, factual inquires,' designed to allow 'careful examination and weighing of all the relevant circumstances.' | How is regulatory taking jurisprudence characterized? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 17097 | Zuzak v. Querbes, 193 So. 258, 261 (La. Ct. App. 1939) | 1 | On question whether a certain lease was the renewal of a prior lease upon the execution of which additional brokerage commissions were due, both leases, which named a partnership as lessee, involved the same lessee, notwithstanding that a change in membership of partnership occurred between dates of execution of leases, since a "partnership" once formed and put into action becomes in contemplation of law a moral being distinct from the persons who compose it. | It is further observed that both of the above described lease contracts involved the same lessee, namely, D. Goldring, a co–partnership, notwithstanding the fact that a slight change in the membership of that entity occurred between the dates of execution of the first and last instruments. The following phraseology found in Brinson v. Monroe Automobile & Supply Co. et al., 180 La. 1064, 158 So. 558, 562, 96 A.L.R. 1206, sustains this observation: "A partnership, once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person which has peculiar rights and attributes. | Is a partnership a civil person having civil rights? | Krein Concedes no copying |
| 14865 | Zeis v. Fruehauf Corp., 56 Wis. 2d 486, 491, 202 N.W.2d 225, 227 (1972) | 4 | Public policy requires dismissal of stale lawsuits which have not been adequately prosecuted. | Public policy requires the dismissal of stale lawsuits which have not been adequately prosecuted. | Does public policy require dismissal of stale lawsuits which have not been adequately prosecuted? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 11966 | People v. Beltran, 56 Cal. 4th 935, 942 (2013) | 5 | The mens rea element required for murder is a state of mind constituting either express or implied malice; a person who kills without malice does not commit murder. West's Ann.Cal.Penal Code SS 187, 188. | The mens rea element required for murder is a state of mind constituting either express or implied malice. A person who kills ***509  without malice does not commit murder. | "Is the mens rea required for murder malice, expressed or implied? " | Not Copyrightable; No Material Appropriation |

| 8072 | Birdsboro & Birdsboro Mun. Auth. v. Dep't of Envtl. Protec., 795 A.2d 444, 447–48 (Pa. Cmmw. 2002) | 4 | Environmental Hearing Board (EHB) need not provide specific reasons for finding one witness credible over another. | Additionally, the EHB need not provide specific reasons for finding one witness credible over another. | Does the Environmental Hearing Board (EHB) need to provide specific reasons for finding one witness credible over the other? | Not Copyrightable; No Material Appropriation |
| 14127 | Vill. of Tiki Island v. Ronquille, 463 S.W.3d 562, 575 (Tex. App. 2015) | 5 | The economic impact of a regulation may indicate a taking even if the landowner has not been deprived of all economically beneficial use of his property. Tex. Const. art. 1, S 17. | For example, "the economic impact of a regulation may indicate a taking even if the landowner has not been deprived of all economically beneficial use of his property." | Can the economic impact of a regulation lead to a taking? | Not Copyrightable; No Material Appropriation |
| 7230 | Onstad v. Wright, 54 S.W.3d 799, 805–06 (Tex. App. 2001) | 11 | If its order on a motion in limine has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. | An order on a motion in limine, however, is an action taken by the trial court in the exercise of its control over proceedings before that court. When a trial court issues an order granting such a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. Noncompliance with that order may lead to contempt or other sanctions the trial court deems appropriate. [ . . .] The violation of a motion in limine may entitle a party to relief, but any remedies available with regard to such a violation lie with the trial court. See Brazzel, 481 S.W.2d at 131. If its order has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. | "If its order on a motion in limine has been violated, may the trial court apply the sanctions of contempt or take other appropriate action?" | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 9830 | Ledford v. Thomas, 144 F.Supp.2d 709, 725 (S.D.Tex.,2000) | 7 | Under Texas and federal law, jeopardy does not attach at arrest or indictment stage; instead, in jury trial, jeopardy attaches when jury is empaneled and sworn and, in bench trial, when both sides have announced ready and defendant has pleaded to charging instrument. U.S.C.A. Const.Amend. 5. | The case law regarding successive prosecutions supports this conclusion. Under both Texas and federal law, jeopardy does not attach at the arrest or indictment stage. Instead, in a jury trial, jeopardy attaches when the jury is empaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Proctor v. State, 841 S.W.2d 1 (Tex.Crim.App.1992). In a bench trial, jeopardy does not attach under state law until both sides have announced ready and the defendant has pleaded to the charging instrument. | Will jeopardy attach when both sides have announced ready and defendant has pleaded to charging instrument? | Not Copyrightable; No Material Appropriation |
| 17986 | Knighten v. Knighten, 447 So. 2d 534, 540–41 (La. Ct. App.), writ denied, 448 So. 2d 1303 (La. 1984) | 4 | Trial court did not err in refusing to grant a continuance to curatrix of husband's estate in connection with curatrix's third-party legal malpractice demand, because curatrix merely argued that she was unable to obtain evidence material to her case, but she failed to assert what evidence she was unable to obtain or how that evidence was material. LSA-C.C.P. arts. 1601, 1602. | The oral motion to continue was based upon Lain's answer to the third party demand not being filed until the day of trial and upon his failure to answer the interrogatories. [...] The curatrix has failed to establish she was entitled to a mandatory continuance under C.C.P. 1602. She merely argues she was unable to obtain evidence material to her case because of Lain's untimely answer and failure to answer the interrogatories. She has failed to assert what evidence she was unable to obtain or how that evidence was material to her case. She has also failed to show that the trial court abused its discretion in refusing to grant the continuance under C.C.P. 1601. | "Should a party who seeks a continuance because he was unable to obtain material evidence, show what evidence he could not obtain?" | Not Copyrightable; No Material Appropriation |

| 10108 | Warberg Opportunistic Trading Fund L.P. v GeoResources, No. 3552, 3553, 3553A, 652332/12, 58 N.Y.S.3d 1, 8, 2017 N.Y. Slip Op. 04537, 2017 WL 2467326 (N.Y.A.D. 1 Dept., June 08, | 9 | A novation will not discharge obligations created under a prior agreement unless it was so intended; this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively. | "A novation will not discharge obligations created under a prior agreement unless it was so intended, and this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively" | "Is a novation unlikely to be found upon the mere issuance of a new security, without any affirmative indication that the parties were changing the terms underlying the warrant being transferred?" | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 2657 | The Florida Bar v. Greene, 926 So. 2d 1195, 1199 (Fla., 2006) | 1 | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | "Is a motion to dismiss designed to test the legal sufficiency of the complaint, not to determine factual issues?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |
| 14560 | Bartleman v. Humphrey, 441 S.W.2d 335, 349 (Mo. 1969) | 28 | A deposition under oath consists of original answers as well as changed answers, with witness' reasons, if any for changes. | A deposition under oath consists of 'original answers, as well as * * * changed answers, with his reasons, if any, therefor,' | Does a deposition under oath consist of original answers as well as changed answers? | Not Copyrightable; No Material Appropriation |

17

| 17873 | Singh v. Larry Fowler Trucking, Inc., 390 S.W.3d 280, 286 (Tenn. Ct. App. 2012) | 3 | Although plaintiff driver, who was rear-ended by defendant driver, did not make a separate offer of proof, there was sufficient evidence in the record from which appellate court could determine the trial court's reasoning in granting defendant's motion in limine to exclude deposition testimony of plaintiff's medical expert and whether court's ruling was erroneous, given that the appellate record contained full deposition of plaintiff's medical expert, the motion in limine, and the trial court's order on the motion; substance of the evidence and the specific evidentiary basis supporting admission or exclusion were apparent from the context. Rules of Evid., Rule 103(a)(2). | In this case, we are concerned with the exclusion of certain portions of the deposition testimony of Dr. Jaffin. The appellate record contains the evidentiary deposition in its entirety. Although we concede that Mr. Singh did not make a separate offer of proof, because the appellate record contains Dr. Jaffin's full deposition, the motion in limine, and the trial court's order on the motion, there is sufficient evidence in the record from which to determine the trial court's reasoning and whether it was erroneous. The purpose of Rule 103(a)(2) is to help this Court determine whether the trial court's exclusion was reversible error. Here, the substance of the evidence and the specific evidentiary basis supporting admission or exclusion are apparent from the context. Accordingly, Mr. Singh's failure to make a separate offer of proof is not fatal to his appeal. | "Although rulings on motions in limine are within the discretion of the trial court, are discretionary choices left to a court's inclination?" | Not Copyrightable; No Material Appropriation |
| 14402 | Perkins v. Carter, 09-673 (La. App. 5 Cir. 12/29/09), 30 So. 3d 862, 869 (La. Ct. App. 2009) | 14 | One of principal purposes of pretrial proceeding is to narrow issues of litigation to those which are contested and to dispense with proof on issues which are not contested. LSA-C.C.P. art. 1551. | One of the principal purposes of pretrial proceedings is to narrow the issues of the litigation to those which are contested and to dispense with proof on the issues which are not contested. | What is the purpose of pretrial proceedings with regard to contested issues? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 2917 | Rozas v. Evangeline Parish Police Jury, 214 So.2d 398, 400 (La.App., 1968) | 4 | In determining whether a cause of action based on fraud has been pleaded, court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. LSA-C.C.P. art. 856. | In determining whether a cause of action has been pleaded, the court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. | Will a court disregard general charges of fraud as mere conclusions? | Not Copyrightable; No Material Appropriation |
| 10769 | Gerlich v. Leath, 861 F.3d 697, 705 (8th Cir. 2017) | 10 | If a state university creates a limited public forum for speech, it may not discriminate against speech on the basis of its viewpoint. U.S. Const. Amend. 1. | If a state university creates a limited public forum for speech, it may not *705 "discriminate against speech on the basis of its viewpoint." | "f a state university creates a limited public forum for speech, can it discriminate against speech on the basis of its viewpoint?" | Not Copyrightable; No Material Appropriation |
| 12416 | Schulz v. Dattero, 104 A.D.3d 831, 834, 961 N.Y.S.2d 308, 312 (2013) | 5 | Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass. | "Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass" | Can the innocent entry upon the land of another without permission cause a trespass? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 8359 | Standard Oil Co. v. Johnson, 316 U.S. 481, 484 (1942) | 3 | That the establishment and control of army post exchanges have been in accordance with War Department regulations, rather specific statutory directions, does not alter their status as "arms of the government", since authorized War Department regulations have the force of "law". Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | That the establishment and control of post exchanges have been in accordance with regulations rather than specific statutory directions does not alter their **1170 status, for authorized War Department regulations have the force of law. 5 3 Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | Do War Department regulations have the force of law? | Not Copyrightable; No Material Appropriation |

| 15780 | Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525, 17 N.E. 118, 120–21 (1888) | 9 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses. *121 There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. | "Is there a natural and causative connection between the violation of a statute, and the frightening of a horse?" | Not Copyrightable (expired; headnote near verbatim of judicial opinion); No Material Appropriation |
| 10329 | Herrell v. Maddux, 217 Kan. 192, 192 (1975) | 2 | Generally, a pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | A pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. | Does a pretrial order which specifies the issues to be tried supersede and replace the pleadings? | Not Copyrightable; No Material Appropriation |
| 1329 | Thompson v. Echostar Commc'ns Corp., 89 So. 3d 696, 701 (Miss. Ct. App. 2012) | 10 | Even though the rule providing for the dismissal of an action for failure to prosecute does not specifically mention sanctions, a court may impose lesser sanctions including fines, costs, or damages against a plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | Therefore, even though Rule 41(b) does not specifically mention sanctions, a court may impose lesser sanctions instead of dismissing a case for lack of prosecution. See Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (¶ 12) (Miss.1999). "Lesser sanctions include fines, costs, or damages against [a] plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | Not Copyrightable; No Material Appropriation |

| 5479 | M.S.P.C. v. U.S. Customs and Border Protection, 60 F.Supp.3d 1156, 1167 (D.N.M., 2014) | 12 | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. U.S.C.A. Const.Amend. 5. | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause, however, does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 16752 | Richard v. Perkins, 373 F. Supp. 2d 1211, 1219 (D. Kan. 2005) | 16 | Student athletes do not have property or liberty interests protected by the Due Process Clause in participating in intercollegiate athletics. U.S.C.A. Const.Amend. 14. | Defendants correctly note that under Tenth Circuit law, that student athletes do not have constitutionally protected property or liberty interests in participating in intercollegiate athletics. Seamons v. Snow, 84 F.3d 1226 (10th Cir.1996) (no protected property interest in participating in school athletic program); Colo. Seminary v. Nat'l Collegiate Athl. Assoc., 417 F.Supp. 885 (D.Colo.1976) (same), aff'd, 612 F.2d 473 (10th Cir.1979); see also Lesser v. Neosho County Community Coll., 741 Supp. 854, 861–62 (D.Kan.1990) (participation in intercollegiate athletics is privilege, not a right); Hysaw v. Washburn Univ. of Topeka, 690 F.Supp. 940 (D.Kan.1987) (no right to pursue college football career). | Do student athletes have a constitutional right to participate in athletic programs? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 18289 | City of Washington v. Bd. of Assessment Appeals of Washington Cnty., 550 Pa. 175, 183, 704 A.2d 120, 124 (1997) | 6 | Fact that tuition charges are levied by private college, without more, does not negate college's status as purely public charity if it is otherwise entitled thereto. Const. Art. 8, S 2(a)(v); 72 P.S. S 5020-204(a)(3). | The fact that tuition charges are levied by W & J does not negate the college's status as a charity. | Is a college a charity if it charges tuition? | Not Copyrightable; No Material Appropriation |
| 9821 | Vera v Soohoo, No. 19763/02, 2010-06630, 953 N.Y.S.2d 615, 617–18, 2012 N.Y. Slip Op. 07104, 2012 WL 5233642 (N.Y.A.D. 2 Dept., Oct. 24, 2012) | 1 | Court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar, and to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Under 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (see Fink v. Antell, 19 A.D.3d 215, 796 N.Y.S.2d 524; **618 Johnson v. Brooklyn Hosp. Ctr., 295 A.D.2d 567, 569, 744 N.Y.S.2d 215; Farley v. Danaher Corp., 295 A.D.2d 559, 560, 744 N.Y.S.2d 709). In order to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action | Under 22 NYCRR 202.27 could a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 17589 | Sun Oil Co., 626 S.W.2d 726, 734 (Tex. 1982) | 8 | Estoppel is a defensive theory and does not create a contract right that does not otherwise exist. | Estoppel, however, is a defensive theory. It does not create a contract right that does not otherwise exist. | Does estoppel create a contract that does not otherwise exist? | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |

| 999 | Williams v. National Mortg. Co., 903 S.W.2d 398, 403 (Tex.App. Dallas,1995) | 15 | Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, claim for affirmative relief filed after notice of lawsuit is usually ineffective to prevent termination of lawsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although a nonsuit of a party's claims does not end an adverse party's right to be heard on its pending claims for affirmative relief, a claim for affirmative relief filed after a notice of nonsuit is usually ineffective to prevent termination of the lawsuit. | "Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, is a claim for affirmative relief filed after notice of nonsuit is usually ineffective to prevent termination of lawsuit?" | Not Copyrightable; No Material Appropriation |
| 15034 | In re Steele, 323 B.R. 776, 777 (Bankr. N.D. Fla. 2004) | 2 | Under Florida law, fact that person arranges for his mail to be left at particular address does not make him a "resident" at that address. | Moreover, "[t]he fact that a person ... arranges for his mail to be left ... does not convert him into a resident of that address." | "Does the fact that a person arranges for his mail to be left at particular address not make him a ""resident"" at that address?" | Not Copyrightable; No Material Appropriation |

| N/A | N/A | N/A | It is a violation of Rev.St.U.S. S 5485, 38 U.S.C.A. S 112, which forbids any agent or attorney or other person instrumental in prosecuting any claim for pension directly or indirectly to contract for, demand, receive, or retain any greater compensation for his services than $25, to contract to render such services for more than $25; to demand more than that sum for such services after rendering them without a contract; to retain more than that sum out of the check sent to the pensioner; or to receive more than that sum for such services in pursuance of any agreement, direct or indirect, express or implied, or of any legal or moral obligation; but it is not a violation of the section to receive more than $25 for such services, wholly as a gratuity, and without demand. | N/A | N/A | Not an asserted headnote |
| 19540 | Owens v. Fosdick, 153 Fla. 17, 20 (Fla. 1943) | 1 | The nature of a tax must be determined by its operation rather than by its terminology. | The issue being thus clearly defined, it becomes our duty to ascertain for ourselves upon what the tax is laid, keeping in mind that the nature of the tax must be determined by its operation rather than by its terminology. | Should the nature of a tax be determined by its operation rather than its particular descriptive language? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 12876 | Browning v. State, 174 Ga. App. 759, 760 (Ga. Ct. App. 1985) | 1 | Uttering or delivering writing is essential element of offense of forgery in the first degree; but it is not essential element of offense of forgery in the second degree. O.C.G.A. S 16-9-2(a). | Uttering or delivering a writing is an essential element of the offense of forgery in the first degree; but it is not an essential element of the offense of forgery in the second degree. | Is uttering or delivering any writing an essential element of forgery in the first degree? | Not Copyrightable; No Material Appropriation |

24

| 11294 | Heisig v. Uvalde Rock Asphalt Co., 48 S.W.2d 1109, 1110 (Tex. App. 1932) | 3 | Cause of action arising subsequent to commencement of suit, and not declared on, cannot furnish basis for recovery. | A suit cannot be maintained upon a cause of action that does not exist at the time the suit is commenced, and the cause of action arising subsequent to the commencement of the suit, and not declared on after it has arisen, cannot furnish a basis for a recovery. | Can a cause of action arising subsequent to commencement of suit furnish basis for recovery? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 4304 | Stroll v. Long Island Jewish Med. Ctr., 151 A.D.3d 789, 791, 56 N.Y.S.3d 349, 350 (2017), abrogated by Element E, LLC v. Allyson Enterprises, Inc., 167 A.D.3d 981, 91 N.Y.S.3d 444 | 3 | In order to vacate dismissal for failure to prosecute, a plaintiff is required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action. McKinney's CPLR 3216(e). | In order to vacate the dismissal, the plaintiff was required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action (see CPLR 3216[e]; Duranti v. Dream Works Constr., Inc., 139 A.D.3d at 1000–1001, 33 N.Y.S.3d 325; Bender v. Autism Speaks, Inc., 139 A.D.3d 989, 990, 32 N.Y.S.3d 312). | In order to vacate a dismissal for failure to prosecute is a plaintiff required to demonstrate a justifiable excuse for her default? | Not Copyrightable; No Material Appropriation |
| 7346 | Rosebud Enterprises v. Idaho Pub. Utilities Comm'n, 128 Idaho 609, 613 (1996) | 1 | Purpose of Public Utility Regulatory Policies Act (PURPA) was to encourage promotion and development of renewable energy technologies as alternatives to fossil fuels and construction of new generating facilities by electric utilities. Public Utility Regulatory Policies Act of 1978, S 2 et seq., 16 U.S.C.A. S 2601 et seq. | 292.101(b) (6) (1995). B. The Rules 1. Federal [1] Congress passed PURPA in 1978 in response to the prevailing energy crisis. Its purpose was to encourage the promotion and development of renewable energy technologies as alternatives to fossil fuels and the construction of new generating facilities by electric utilities. Section 210 of PURPA requires that electric utilities offer to purchase power produced by cogenerators or small power producers that obtain qualifying facility (QF) status under section 201. | What is the purpose of Public Utility Regulatory Act? | Not Copyrightable; No Material Appropriation |

| 11710 | Thornton v. Crowther, 24 Mo. 164, 166 (1857) | 2 | An assignment of a promissory note, written on a separate paper, although not transferring the legal ownership, transfers the beneficial ownership in the note, so as to enable the assignee to sue on it in his own name. | There is no error in this record. Although the legal ownership of the note was not transferred--the assignment being on a separate paper and not on a note, as required by the statute--yet the beneficial ownership passed, and the assignee became the real party in interest, and entitled as such to sue upon the note in his own name. | Is an assignee of a note entitled to sue in his own name? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 3454 | United States v. Loschiavo, 531 F.2d 659, 661 (2d Cir. 1976) | 1 | For purpose of deciding person's status as "public official" under statute making it federal crime to bribe such public official, it is not aspects of particular project which are of greatest significance, but character and attributes of person's employment relationship, if any, with federal Government. 18 U.S.C.A. S 201(a), (b)(1, 2). | The type of public project involved, or the amount of federal funding entailed, may be important in applying other parts of the statute, such as the 'official act' requirement of s 201(b)(1) or the 'fraud . . . on the United States' requirement of s 201(b)(2), but for the purpose of deciding Morales' status as a 'public official' under s 201(a), it is not the aspects of the particular project which are of the greatest significance, but the character and attributes of his employment relationship, if any, with the federal government. | "In determining status as a public official, are the character and attributes of his employment relationship with the federal government of greatest significance?" | Not Copyrightable; No Material Appropriation |
| 5997 | Raven v. Panama Canal Co., 583 F.2d 169, 171 (5th Cir. 1978) | 5 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | The United States Supreme Court has recognized that Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the Equal Protection clause. A legitimate distinction exists between citizens and aliens to warrant different treatment. | Can an Act of Congress treat aliens differently than citizens without such treatment being considered invidious? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4100 | Ruddock v. Burrowes, 243 Conn. 569, 577–84 (1998) | 6 | Consent to dismissal of action may be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike, or from plaintiff's inordinate delay in appointing administrator or executor. | Baker v. Baningoso, supra, 134 Conn. at 387, 58 A.2d 5; or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike; Hughes v. Bemer, 206 Conn. 491, 495, 538 A.2d 703 (1988); or from a plaintiff's inordinate delay in appointing an administrator or executor. | Can consent to dismissal of action be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike? | Not Copyrightable; No Material Appropriation |
| 9415 | Ex Parte Browder, 373 S.W.2d 256, 257 (Tex. Crim. App. 1963) | 1 | Statute requiring court to continue cause where party or his attorney is member of Legislature is mandatory. Vernon's Ann.Civ.St. art. 2168a. | Art. 2168a, supra, requiring a court to continue a cause where a party or his attorney is a member of the legislature is recognized by the courts to be mandatory. | Is the statute requiring a court to continue cause where party or his attorney is member of Legislature mandatory? | Not Copyrightable; No Material Appropriation |
| N/A | N/A | N/A | A township in a county under township organization has statutory power to direct the raising of money by taxation for construction and repairing of roads within its jurisdiction, and to make necessary contracts for that purpose. | N/A | N/A | Not an asserted headnote |
| 10495 | Citizens Nat. Bank v. Waltman, 344 So. 2d 725, 728 (Miss. 1977) | 1 | Execution of a renewal note with full knowledge of the facts constituting defense to the original note waives such defense as to the renewal. | Our law is clear that the execution of a renewal note with full knowledge of the facts constituting a defense to the original note waives that defense as to the renewal. | Does execution of a renewal note with full knowledge of the facts constituting a defense to the original note waive all defenses? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 5385 | Peterson v. McCawley, 135 Idaho 282, 284 (2000) | 4 | In fashioning sanctions, a trial court should balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party. | In fashioning sanctions, a trial court should "balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party." | "In fashioning sanctions, should a trial court balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 4152 | Kuykendall v. Schneidewind, 79 N.E.3d 770, 779 (Ill.App. 5 Dist., 2017) | 6 | On motion to dismiss on ground that claim is barred by affirmative matter, defendant has initial burden of establishing that affirmative matter defeats plaintiff's claim, and if satisfied, burden shifts to plaintiff to demonstrate that proffered affirmative matter is either unfounded, or requires resolution of material fact. 735 Ill. Comp. Stat. Ann. 5/2-619(a)(9). | The defendant has the initial burden of establishing that an affirmative matter defeats the plaintiff's claim, and if satisfied, the burden shifts to the plaintiff to demonstrate that the proffered affirmative matter is either unfounded, or requires the resolution of a material fact. | Does a defendant bear the initial burden to prove the affirmative matter defeating the plaintiff's claim? | Not Copyrightable; No Material Appropriation |
| 20822 | Carroll Cnty. Sav. Bank v. Strother, 28 S.C. 504, 6 S.E. 313, 319 (1888) | 5 | A contract to pay money which authorizes the payee to declare it due whenever deemed insecure is not a negotiable note. | As to the other stipulation whereby the payee is invested with authority to declare the so–called note due whenever it is deemed insecure, it seems to us clear that it is sufficient, not only to deprive the paper of its negotiability, but also of its character as a note; for it renders the time of payment altogether uncertain, and dependent only upon the the option of the payee. See Bank v. Bynum, supra; Glidden v. Henry, 104 Ind. 278, 1 N. E. Rep. 369: Mahoney v. Fitzpatrick, 133 Mass. 151, 43 Amer. Rep. 502; Woodbury v. Roberts, 59 Iowa, 348, 13 N. W. Rep. 312. | Are notes promising to pay specified sums of money for the hire of slaves promissory notes? | Krein Concedes no copying; Not Copyrightable (expired) |

| 17887 | Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1296 (11th Cir. 2001) | 26 | Act of state doctrine applies to affirmative defenses. | Therefore, because FOGADE's intervention of Corpofin, upon which Corpofin's claim to ENB is based, was not in violation of international law, the Second Hickenlooper Amendment does not apply to preclude the application of the act of state doctrine to defendants' affirmative defenses questioning the standing of plaintiffs to sue because of the alleged illegality of the intervention of Corpofin. | Does the act of state doctrine apply to affirmative defenses? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 14086 | Cayuga Nation v. Tanner, 824 F.3d 321, 328 (2d Cir. 2016) | 4 | The Bureau of Indian Affairs (BIA) has the authority to make recognition decisions regarding tribal leadership, but only when the situation has deteriorated to the point that recognition of some government was essential for Federal purposes; thus, the BIA has both the authority and responsibility to interpret tribal law when necessary to carry out the government-to-government relationship with the tribe. | Second, the BIA has the authority to make recognition decisions regarding tribal leadership, but "only when the situation [has] deteriorated to the point that recognition of some government was essential for Federal purposes." Wadena, 30 IBIA 130, 145 (1996) (emphasis added). Thus, the BIA "has both the authority and responsibility to interpret tribal law when necessary to carry out the government-to-government relationship with the tribe." | What is the relevance of the Bureau of Indian Affairs? | Not Copyrightable; No Material Appropriation |

| 1594 | Young v. HealthPort Techs., Inc., 877 N.W.2d 124, 127–28 (Iowa 2016) | 7 | To survive a motion to dismiss for the failure to state a claim on which relief may be granted, the petition need not allege the ultimate facts to support each element of a cause of action; however, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond, and the allegations satisfy this "fair notice" requirement if the petition informs the defendant of the general nature of claim and the incident giving rise to it. I.C.A. Rule 1.421(1)(f). | To survive a motion to dismiss, the petition need not allege the ultimate facts to support each element of a cause of action. Id. However, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond. The allegations in a petition comply with this fair-notice requirement if the petition informs the defendant of the general nature of the claim and the incident giving rise to it. | "To survive a motion to dismiss for the failure to state a claim on which relief can be granted, should the petition not allege the ultimate facts to support each element of a cause of action?" | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 20534 | State Fire Marshall v. Lee, 101 Mich. App. 829, 834, 300 N.W.2d 748, 751 (1980) | 3 | In insuring safety of school children through application of fire regulations, State was not violating free exercise clause of Constitution nor its establishment clause. U.S.C.A.Const. Amend. 1. | In ensuring the safety of school children, the State is not violating the free exercise clause of our Constitution nor its establishment clause. | Does the state has a compelling interest to ensure the safety and welfare of school children? | Krein Concedes no copying |
| 16257 | K & K Const., Inc. v. Dep't of Nat. Res., 456 Mich. 570, 580, 575 N.W.2d 531, 536 (1998) | 6 | Determining size of denominator parcel to be analyzed in takings analysis is inherently a factual inquiry. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 10, S 2. | The relevant denominator in this case includes at least parcels one, two, and four. [6] Determining the size of the denominator parcel is inherently a factual inquiry. As explained in Ciampitti v. | Is determining the size of the denominator parcel a factual inquiry under the taking laws? | Not Copyrightable; No Material Appropriation |
| 18558 | Davidson v. Bugbee, 227 Mich. App. 264, 575 N.W.2d 574, 269 (Mich. Ct. App. 1997) | 8 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | Does a cause of action accrue when all the elements of claim have occurred and can be alleged in proper complaint? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 16973 | People ex rel. Price v. Illinois Cent. R. Co., 266 Ill. 636, 638, 107 N.E. 803, 804 (1915) | 1 | Under Road and Bridge Law, S 56, S.H.A. ch. 121, S 62, a resolution of the county board directing the county clerk to extend on the tax books road and bridge taxes, is not an approval by the board of the taxes, to render a levy valid. | Under the road and bridge laws of 1913 the original certificate of levy of road and bridge taxes must be filed with the county clerk, and no valid tax can be extended by him upon a copy of the certificate of levy, the original of which is filed with the town clerk as was the practice under the old law. People v. Chicago, Rock Island & Pacific Railway Co., 269 Ill. | Does the county clerk have authority to extend the road and bridge tax? | Not copyrightable (expired); No Material Approproation |
| 10928 | Mississippi Dept. of Human Services v. Guidry, 830 So. 2d 628, 631 (Miss. 2002) | 4 | Power to dismiss action for want of prosecution is part of trial court's inherent authority. | "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." | Is the power to dismiss action for want of prosecution a part of trial court's inherent authority? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 14821 | Rachbach v. Cogswell, 547 F.2d 502, 505 (10th Cir. 1976) | 8 | Section of the Truth in Lending Act providing that obligor who exercises right to rescind is not liable for any finance or other charge does not preclude court from doing equity, and no abuse of discretion was shown in the imposition of interest as an equitable condition to the right of rescission of mortgage contract where the borrower had had the benefit of the use of the loan proceeds. Truth in Lending Act, S 125(b) as amended 15 U.S.C.A. S 1635(b). | Section 1635(b) says that when an obligor exercises his right to rescind "he is not liable for any finance or other charge." | Is an obligor liable for finance or other charges when exercising the right to rescind? | Not Copyrightable; No Material Appropriation |

| 5145 | Town of Kaneville v. Meredith, 361 Ill. 556, 569 (Ill., 1935) | 8 | In law action rights of parties are determined as of time of beginning of action, but where relief is granted in chancery it is such as nature of case, the law and the facts demand, not at time of inception of litigation, but at time decree is entered therein. | While in an action at law the rights of the parties are determined as of the time of the beginning of the action, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree, it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation, but at the time the decree is entered therein. | "In actions at law, are the rights of the parties generally determined as of the time of beginning of the action?" | Not Copyrightable; No Material Appropriation |

| 757 | Burns v. Drew Woods, 900 S.W.2d 128, 129 (Tex. App. 1995) | 2 | If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, or that failure has been otherwise reasonably explained, it has no discretion and must reinstate case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 1. | Burns does not assert that she attended the pretrial conference or that the court had no authority to dismiss her suit for failing to appear. In a single point of error, she asserts that the court abused its discretion in denying her motion to reinstate the suit against Drew Woods. See id. 165.a.3. Rule 165a.3 provides, however, the court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."1 Id. (emphasis added). Thus, if the court makes the specified finding, it has no discretion and must reinstate the case. When a point of error asserts that the court erred in failing to reinstate a cause, the rule focuses our review not on the court's discretion but on its role in the fact-finding *130 process. | "If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, does it have no discretion and must reinstate the case?" | Not Copyrightable; No Material Appropriation |
| 4052 | US Chem. Storage, LLC v. Berto Constr., Inc., 253 N.C. App. 378, 382, 800 S.E.2d 716, 720 (2017) | 7 | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depends upon the procedural context confronting the court. N.C. R. Civ. P. 12(b)(2). | "The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court." | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depend upon the procedural context confronting the court? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 5854 | State v. Metz, 671 N.Y.S.2d 79, 83 (N.Y. App. Div. 1st Dept. 1998) | 2 | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | Generally, the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Its purpose is to prevent the introduction of such evidence to the trier of fact, in most instances a jury. | Does a motion in limine challenge evidence which is claimed to be immaterial or request a limitation on the use of such evidence? | Not Copyrightable; No Material Appropriation |
| 9548 | Alldred v. Alldred, 132 Conn. App. 430, 431 (Conn. App. Ct. 2011) | 1 | Because service of process implicates a court's personal jurisdiction, an action commenced by improper service must be dismissed. | Because service of process implicates a court's personal jurisdiction, "an action commenced by ... improper service must be dismissed." | Must an action commenced by improper service be dismissed? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 10943 | United States v. Deninno, 103 F.3d 82, 87 (10th Cir. 1996) | 11 | Civil forfeiture does not constitute punishment for purposes of Fifth Amendment's prohibition on double jeopardy. U.S.C.A. Const.Amend. 5. | In Ursery, the Supreme Court held that civil forfeiture does not constitute punishment for the purposes of the Fifth Amendment's prohibition on double jeopardy. | Does civil forfeiture not constitute punishment for purposes of a Fifth Amendment's prohibition on double jeopardy? | Not Copyrightable; No Material Appropriation |
| 4548 | Price v. Price, 1989 OK CIV APP 50, ¶ 1 (1989) | 1 | Generally, subject to few exceptions, complainant has common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. 12 O.S.1981, S 684. | Generally, subject to few exceptions, a complainant has a common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. | "Subject to a few exceptions, does a complainant have common law and statutory right to control his cause by dismissal at his pleasure on payment of costs?" | Not Copyrightable; No Material Appropriation |

**Comparison to 200 headnotes Appendix E to Dr. Krein's Reply Report**

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question | Analysis |
|---|---|---|---|---|---|---|

| 18724 | Flanagin v. Hambleton, 54 Md. 222, 227 (Md. 1880) | 8 | The word "renewal" has no legal, or strictly technical signification. | The word "renewal" has no legal or strictly technical signification. | Does the word renewal have any legal or technical signification? | Not Copyrightable (expired; headnote near verbatim of judicial opinion); No Material Appropriation |
| 21483 | 100 Harborview Drive Condo. Council of Unit Owners v. Clark, 224 Md. App. 13, 68, 119 A.3d 87, 119 (2015) | 54 | Condominium council sued by unit owner for violations of his right to disclosure of records under Maryland Condominium Act (MCA) was not entitled to present testimony of accounting expert on legal issue of whether detailed billing reports of legal counsel were part of the financial books and records that a condominium association is required to keep, as expert was not timely disclosed pursuant to scheduling order. West's Ann.Md.Code, Real Property, S 11-116. | We have deemed substantial compliance with a scheduling order to be sufficient where the opposing party has not suffered prejudice. | Is substantial compliance with a scheduling order sufficient where the opposing party has not suffered prejudice? | Krein Concedes no copying |
| 11731 | Avon Hardware Co. v. Ace Hardware Corp., 2013 IL App (1st) 130750, ¶ 13, 998 N.E.2d 1281, 1287 | 3 | In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff. S.H.A. 735 ILCS 5/2-615. | In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff, but factual deficiencies may not be cured by liberal construction. | "In ruling on a motion to dismiss, are the complaint's factual allegations to be interpreted in the light most favorable to the plaintiff? " | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 1262 | Pac. Exp. Co. v. Needham, 37 Tex. Civ. App. 129, 132–33, 83 S.W. 22, 23 (1904) | 6 | Under Rev.St.1895, art. 1277, providing that, on the first application for a continuance on the ground of want of testimony, the applicant shall make affidavit that such testimony is material and that he has used due diligence, an application for continuance is properly refused where it fails to state the use of due diligence to procure the required testimony. | Appellant's third assignment of error complains of the action of the *133 court below in overruling its first application for a continuance. In this there was no error, because the application did not comply with the statutory requirements, in that it failed to state that appellant had used due diligence to procure the testimony of the absent witnesses. Rev.St.1895, art. 1277; Crawford v. Saunders (Tex.Civ.App.) 29 S.W. 102; Railway Co. v. Aiken, 71 Tex. 377, 9 S.W. 437; Railway Co. v. Woolum, 84 Tex. 570, 19 S.W. 782; Brown v. Bank, 70 Tex. 750, 8 S.W. 599. | Is an application for continuance properly refused where it fails to state the use of due diligence to procure the required testimony? | Not Copyrightable; No Material Appropriation |
| 19480 | Ad Miller Associates, Inc. v. Glynn, 736 So. 2d 798, 799 (Fla. Dist. Ct. App. 1999) | 2 | Default is most serious sanction that can be imposed on defendant. | A default is the most serious sanction that can be imposed on a defendant. | Is default the most serious sanction that can be imposed on a defendant? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 19409 | Ash v. Werner, 12 Pa. Super. 39, 43 (1899) | 3 | A new partner, coming into an existing firm, is not liable for debts contracted by the firm previous to his entering it, unless he expressly assumed them. | A partner who enters a firm already established does not thereby become liable for the debts of the old firm. Nothing but an express agreement will render him so liable: Hart v. Kelley, 83 Pa. 286; Shoemaker v. King, 40 Pa. 107. | Is an incoming partner liable on the contracts entered into by the firm before he became a member? | Not Copyrightable (expired); No Material Appropriation |

| 729 | Guggenheimer v. Ginzburg, 372 N.E.2d 17, 20-21 (1977) | 6 | When evidentiary material is considered in connection with motion to dismiss, criterion is whether proponent of pleading has cause of action, not whether he has stated one, and, unless it has been shown that material facts as claimed by pleader to be one is not fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. CPLR 3211(a), par. 7, (c). | When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been **21 shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate. | "Unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, should a dismissal not eventuate?" | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 5786 | Wasko v. Manella, 849 A.2d 777, 781 (Conn. 2004) | 3 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | "Does legal subrogation take place as a matter of equity, without any agreement to that effect?" | Not Copyrightable; No Material Appropriation |
| 9292 | Ins. Co. of N. Am. v. Borsdorff Servs., Inc., 225 A.D.2d 494, 494, 639 N.Y.S.2d 816, 816 (1996) | 1 | Lease provisions stating agreement by landlord and tenant to obtain fire insurance policies with waiver of subrogation provisions barring action by insurers were valid and enforceable as allocation of risk provision, and, therefore, precluded subrogation action by insurer. | The lease provisions whereby the landlord and tenant agreed to obtain fire insurance policies with waiver of subrogation provisions barring one party's insurer from bringing a subrogation action against the other party to recover amounts paid out under the insurance policy, is valid and enforceable, as an allocation of risk provision, and thereby precludes this subrogation claim (see, Brentano's Inc. v. Charter Mgt. Corp., 46 A.D.2d 861, 361 N.Y.S.2d 665; Cidis v. Net Realty Holding Trust, 143 A.D.2d 720, 533 N.Y.S.2d 288). | Are waiver of subrogation clauses valid and enforceable? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7283 | In re Wead, 38 B.R. 658, 659–60 (Bankr. E.D. Mo. 1984) | 2 | Bankruptcy Court would not entertain or consider a second Chapter 11 petition involving the same debtors and essentially the same debts where the first case was still pending, where debtors did not present any basis upon which the findings and conclusions in first case could be reconsidered, and where there remained no reasonable likelihood of reorganization, and where the creditors would continue to be prejudiced by operation of second bankruptcy case, which was not filed in good faith. Bankr.Code, 11 U.S.C.A. S 1101 et seq. | It is generally accepted that the pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtor(s) and involving the same debts. . . . Therefore, this Court finds that it cannot entertain or consider a second Chapter 11 petition involving the same debtors and essentially the same debts, when the first case is still pending. | Does the pendency of one bankruptcy case preclude a consideration of a second case filed by the same debtors involving the same debts? | Not Copyrightable; No Material Appropriation |
| 17903 | Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659, ¶ 25, 67 N.E.3d 556, 565 | 11 | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | Will subrogation be allowed where it would be inequitable? | Not Copyrightable; No Material Appropriation |

| 1529 | Pocahontas First Corp. v. Venture Plan. Grp., Inc., 572 F. Supp. 503, 506 (D. Nev. 1983) | 4 | It is permissible for court to decide pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone; where this procedure is followed, plaintiff need make only a prima facie showing of jurisdiction through its affidavits to defeat motion to dismiss. | It is permissible for a court to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2nd Cir.1981). Such a procedure seems particularly appropriate in the instant case, where the opposing affidavits don't contradict each other as to the material facts. Disagreement is centered on the legal conclusions to be derived from those facts. Where this approach is followed, the plaintiff need make only a prima facie showing of jurisdiction, through its affidavits, to defeat the motion to dismiss. | "If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, need the party opposing the motion make only a prima facie showing of jurisdiction?" | Not Copyrightable; No Material Appropriation |
| 13318 | State ex rel. Priest v. Gunn, 326 S.W.2d 314, 329 (Mo. 1959) | 18 | Matters arising pendente lite may be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication. | It has been held that matters arising pendente lite may be pleaded in defense by the respondent (55 C.J.S. Mandamus § 278, p. 518; State ex rel. Kavanaugh v. Henderson, 350 Mo. 968, 169 S.W.2d 389), or by the relator in his 'replication' (55 C.J.S. Mandamus § 284, p. 522.) | Can matters arising pendentelite be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication? | Not Copyrightable; No Material Appropriation |

| 833 | Zapanta v. Universal Care, Inc., 107 Cal. App. 4th 1167, 1171, 132 Cal. Rptr. 2d 842, 845 (2003) | 3 | Exceptions to a plaintiff's right to dismiss action before commencement of trial generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication; upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action, except for matters such as attorney fees. West's Ann.Cal.C.C.P. S 581. | But the right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. (Cravens v. State Bd. of Equalization (1997) 52 Cal.App.4th 253, 256, 60 Cal.Rptr.2d 436.) " 'Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.' " (Ibid., quoting Harris v. Billings (1993) 16 Cal.App.4th 1396, 1402, 20 Cal.Rptr.2d 718.) " 'Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action' [citation] except for matters such as attorney's fees. | Do exceptions to a plaintiff's right to dismiss action before commencement of a trial generally arise where the action has proceeded to a determinative adjudication? | Not Copyrightable; No Material Appropriation |

| 19820 | Affholter v. Franklin Cnty. Water Dist., No. 1:07CV0388O WWDLB, 2008 WL 5385810, at *13–14 (E.D. Cal. Dec. 23, 2008) | 1 | Arbitration clauses in agreements for the sale of property were not unconscionable. Therefore, purchasers' claims for property damage, economic losses, and emotional distress arising out of the alleged discharge of pollutants from various public and private wastewater treatment, refuse, and disposal facilities, irrigation canals, and other facilities were subject to arbitration under the Federal Arbitration Act. The purchasers alleged that the provision was substantively unconscionable because it precluded discovery. However, the arbitration rules and regulations provided for depositions as a matter of right and depositions based upon a showing of reasonable need. 9 U.S.C.A. S 1 et seq. | Ranchwood Plaintiffs first assert that the Arbitration Provision is substantively unconscionable because it "precludes discovery." Doc. 210 at 12. This is not an entirely accurate description of the provision. Subparagraph (g) of the Arbitration Provision provides: [ . . . ] *14 (Emphasis added.) Accordingly, if the applicable arbitration rules provide for discovery, discovery may be available. In this case, the parties have already agreed that if arbitration proceeds it will commence pursuant to the rules and regulations of Jams/Endispute, which provide that each party may take one (1) deposition as a matter of right, and that additional depositions may be permitted upon a showing of "reasonable need." (Decl. of Christopher S. Hall, Doc. 216–2, at ¶ 4 and Ex. B.) | Did the Federal Arbitration Act (FAA) create rules of contract construction favoring arbitration? | Krein Concedes no copying |
| 11866 | Ortiz v. State, 849 S.W.2d 921, 924 (Tex. App. 1993) | 7 | Exception to rule that, generally, prior jeopardy does not constitute bar to retrial when defendant consents to new trial, exists when governmental conduct, either by judge or prosecutor, is designed to goad defendant into moving for retrial; then, double jeopardy clause will bar reprosecution despite defendant's consent to new trial. U.S.C.A. Const.Amend. 5. | Generally, prior jeopardy does not constitute a bar to retrial when the defendant consents to a new trial. An exception, however, exists to the above rule when governmental conduct, either by the judge or the prosecutor, is designed to goad the defendant into moving for a mistrial. Then, the Double jeopardy clause will bar reprosecution despite the defendant's consent to the new trial. | Does prior jeopardy not constitute a bar to retrial when a defendant consents to a new trial? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2765 | Carter v. VistaCare, LLC, 335 Ga. App. 616, 624, 782 S.E.2d 678, 686 (2016) | 18 | The moving party's burden on a motion to withdraw admissions is not perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. West's Ga.CodeAnn. S 9-11-36(b). | This burden "is not perfunctorily satisfied," Turner, 280 Ga.App. at 257(1), 633 S.E.2d 641, and the "[f]ailure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw." (Citation omitted.) Brooks, 317 Ga.App. at 267(1), 730 S.E.2d 509. Moreover, [t]he party seeking to withdraw the admissions has the burden of establishing the first prong by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. Failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. (Citations and punctuation omitted.) Porter v. | "Is the moving party's burden on a motion to withdraw admissions perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw?" | Not Copyrightable; No Material Appropriation |
| 18022 | Merchants Nat. Bank of Aurora v. Frazier, 329 Ill. App. 191, 201 (Ill. App. Ct. 1946) | 5 | An agent, as such, does not have title to the property of the principal, though he may be intrusted with possession and though he may have power to pass title. | An agent as such does not have title to the property of the principal, although he may be entrusted with possession and although he may have power to pass title; a trustee has title to the trust fund. | Does Agent have title to the property of the principal? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12577 | Land Title Bank & Tr. Co. v. Ward, 20 F. Supp. 810, 812–13 (E.D. Pa. 1937) | 4 | "According to its value" as used in statute retaining in the states and their subdivisions the power to tax real property of a national bank to the same extent, according to its value as other real property is taxed, does not limit the manner of collection of state taxes but merely limits the tax which a state might levy to an ad valorem tax levied upon the same basis as all real estate similarly situated in the taxing district. 12 U.S.C.A. S 548(3). | As we understand the clause 'according to its value,' it is not intended to limit the manner of collection of state taxation at all. That is only limited by the manner in which 'other real property is taxed,' by the state. The purpose of the clause 'according to its value' was to limit the tax which a state might levy to an ad valorem tax levied upon the same basis on all real estate similarly situated in the *813 taxing district. In other words, Congress has declared that, while the states remain free to levy and collect taxes upon the real estate of national banks in the same manner as upon other real estate, such taxes shall be levied according to a definite percentage of the value of the real estate taxed, and that both the rate and basis of valuation applied to the real estate of a national bank shall be the same as those applied to other real estate within the taxing district similarly situated. | "How is an ""ad valorem property taxes"" levied?" | Not Copyrightable; No Material Appropriation |
| 6794 | Whisman v. Fawcett, 470 N.E.2d 73, 77 (Ind. 1984) | 4 | Reasons for avoiding overly technical application of pretrial orders are amplified when pretrial order is not definitive, specific, complete, or detailed. | Furthermore, the reasons for avoiding overly technical application of pretrial orders are amplified when, as in this case, the pretrial order is not definitive, specific, complete, or detailed. | "Are reasons for avoiding overly technical application of pretrial orders amplified when a pretrial order is not definitive, specific, complete, or detailed?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 1211 | Bounds v. Caudle, 549 S.W.2d 438, 444 (Tex. Civ. App.), writ granted (July 27, 1977), rev'd, 560 S.W.2d 925 (Tex. 1977) | 9 | Purpose of rule of civil procedure governing discovery is to permit inspection and copying of tangible things within opposing party's custody upon a showing of good cause; although courts are required to give such rule a liberal construction, it was never intended to allow fishing excursions and was not intended to allow invasion of opposing party's thinking processes or that of his expert witnesses. Rules of Civil Procedure, rule 167. | *444  [9]  The purpose of Rule 167 is to permit inspection and copying of "tangible things" within the opposing party's custody upon a showing of good cause. Although we are required to give this rule a liberal construction, it was never intended to allow fishing excursions. Texhoma Stores, Inc. v. American Central Insurance Company, 424 S.W.2d 466 (Tex.Civ.App. Dallas 1968, writ ref'd n. r. e.). Rule 167 was not intended to allow invasion of the opposing party's thinking processes or that of his expert witnesses. | Is the purpose of a rule of civil procedure governing discovery to permit inspection and copying of tangible things within an opposing party's custody upon a showing of good cause? | Not Copyrightable; No Material Appropriation |
| 12624 | United States v. Kay, 200 F. Supp. 2d 681, 683 (S.D. Tex. 2002), rev'd and remanded, 359 F.3d 738 (5th Cir. 2004) | 3 | Payments made by the defendants to foreign government officials for purpose of reducing customs duties and taxes did not fall under the scope of provision of the Foreign Corrupt Practices Act (FCPA), prohibiting payments to foreign officials to obtain or retain business; although the plain language of the statute was ambiguous, legislative history showed that the Congress specifically rejected proposed language to broaden the "obtain or retain business" clause that would have covered the defendants' conduct. Securities Exchange Act of 1934, S 30A(a), as amended, 15 U.S.C.A. S 78dd-1(a); Foreign Corrupt Practices Act of 1977, S 104(a), 15 U.S.C.A. S 78dd-2(a). | In applying criminal laws, federal courts must generally follow the plain and unambiguous language of the statute. E.g., Salinas v. United States, 522 U.S. 52, 57, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997); Johnson v. Sawyer, 120 F.3d 1307, 1319 (5th Cir.1997). Reviewing the "obtain or retain business" language, together with the exceptions listed above, the Court determines that the FCPA is ambiguous under these circumstances.4 Therefore, the Court turns to an analysis of the legislative history of the FCPA. See, e.g., Ratzlaf v. United States, 510 U.S. 135, 147–48, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear."). | "Is the plain language of a provision of FCPA, prohibiting payments to foreign officials to obtain or retain business ambiguous?" | Not Copyrightable; No Material Appropriation |

| 16447 | Sands v. State Through Louisiana State Med. Ctr., Sch. of Dentistry, 458 So. 2d 960, 961 (La. Ct. App. 1984) | 1 | A continuance is not due on a naked showing that a client has discharged his or her lawyer; to discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | We deem it beyond question that a continuance is not due on a naked showing that a client has discharged his or her lawyer. To discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | Is a continuance not due on a naked showing that a client has discharged his or her lawyer? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 11527 | Lazar v. Black & White Cab Co., 50 Ga. App. 567, 179 S.E. 250, 251–52 (1935) | 10 | Depositions cannot be admitted in evidence or treated as having force and effect of evidence, unless it appears that they were properly transmitted to court in which legal proceeding was pending. | Among other requirements for the admission in evidence of depositions, it must appear that they were properly transmitted to the court where the legal proceeding in which they were taken was pending. Findlay v. Mineralized Rubber Co., 98 Ga. 275, 25 S. E. 456; Johnstone v. Etowah Milling Co., 8 Ga. App. 807 (2), 809, 70 S. E. 180. Even though properly sworn to by the witness and properly executed, not only can they not be admitted in evidence, but they cannot be treated as having the force and effect of evidence in the case, until thus properly transmitted. | Can depositions be admitted in evidence or treated as having force and effect of evidence? | Not Copyrightable; No Material Appropriation |
| 13256 | South Carolina v. McDonald's, 375 S.C. 90, 91-92 (2007) | 2 | Ruling on motion in limine is generally not considered a final order on the admissibility of evidence and, for that reason, is not immediately appealable. | A motion in limine is generally not considered a final order on the admissibility of evidence and, for that reason, is not immediately appealable. | Is a ruling on a motion in limine considered a final order? | Not Copyrightable; No Material Appropriation |

| 7067 | Epstein v. Chicago Bd. of Educ., 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997) | 8 | Appeal from involuntary dismissal on ground that claim is barred by other affirmative matter avoiding legal effect of or defeating claim resembles grant of summary judgment motion and is likewise reviewed de novo; appellate court must consider whether existence of genuine issue of material fact should have precluded dismissal or, absent such issue of fact, whether dismissal is proper as matter of law. S.H.A. 735 ILCS 5/2-619(a)(9). | A dismissal of this type resembles the grant of a summary judgment motion. For that reason, the reviewing court conducts de novo review and considers whether "the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." | Can a court determine whether a genuine issue of material fact should preclude dismissal? | Not Copyrightable; No Material Appropriation |
| 1323 | White v. Jasper City Bd. of Educ., 644 So.2d 16, 17 (Ala.Civ.App.,1994) | 2 | Although dismissal of action for failure to prosecute or to comply with rules or order is harsh sanction, it is warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff. Rules Civ.Proc., Rule 41(b). | Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a "clear record of delay, willful default or contumacious conduct of the plaintiff." | "Is dismissal of action for failure to prosecute or to comply with rules or order warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff?" | Not Copyrightable; No Material Appropriation |
| 20411 | Anderson Living Tr. v. WPX Energy Prod., LLC, 312 F.R.D. 620, 648 (D.N.M. 2015) | 18 | In ruling on a motion to reconsider an interlocutory order, a court should consider the case's overall progress and posture, the motion's timeliness relative to the order it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the court's prior ruling. Fed. R. Civ. P. 54(b). | Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling. | Is processing something that takes place in order for the gas to be marketable to interstate pipelines? | Krein Concedes no copying |

| | | | | | | |
|---|---|---|---|---|---|---|
| 3847 | Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421, 429 (1950) | 6 | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person.' | Is a public utility subject to the same rules as a private person when it acts in a private capacity? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 18308 | Grannis v. Stevens, 216 N.Y. 583, 111 N.E. 263 (1916) | | Act and intention are the essential constituents of a delivery which makes an instrument operative according to its terms. The final question is, Did the obligor do such act in reference to it as evidences an intention to give it, in the possession or control of the obligee, effect and operation according to its terms? | Krein's headnote not found using judicial opinion. | What is the essential ingredient of a delivery? | Not Copyrightable (expired; no headnote) |
| 8776 | USLIFE Corp. v. U.S. Life Ins. Co., 560 F. Supp. 1302, 1304 (N.D. Tex. 1983) | 3 | Equitable estoppel focuses on relationship between parties to prior litigation, and applies where one of parties has detrimentally relied upon position taken by other party in earlier proceeding. | Equitable estoppel focuses on the relationship between the parties to the prior litigation, and it applies where one of the parties has detrimentally relied upon the position taken by the other party in the earlier proceeding. | Does equitable estoppel focus on the relationship between parties to the prior litigation? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 4104 | Vidal v. Perez, 720 So. 2d 605, 606 (Fla. Dist. Ct. App. 1998) | 3 | Trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented. | "The trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992). | Does a trial judge have broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 981 | Sourbier v. State, 498 N.W.2d 720, 723 (Iowa, 1993) | 4 | Under workers' compensation law, employer provides, secures, or pays compensation for any and all personal injuries sustained by employee arising out of and in course of employment, and in such case, employer is relieved from other liability for recovery of damages or other compensation for such personal injury. I.C.A. S 85.3. | Under workers' compensation law, an employer provides, secures, or pays compensation for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury. Iowa Code   85.3. | "Under workers compensation law, does an employer provide, secure, or pay compensation for any and all personal injuries sustained by an employee arising out of and in the course of employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 19834 | W. Elec. Co. v. Cooley, 79 Cal. App. 770, 777–78, 251 P. 331, 334 (Cal. Ct. App. 1926) | 3 | Electric power line is "structure," within statute giving lien on building or other structure. Code Civ.Proc. S 1183. | That decisions from other states are of little value in considering our statute arises from the fact that, in almost every instance which we have examined, there is a difference in the wording employed by the Legislature, but in the Oregon case the language is identical with our own, and *778 we think the holding of the court in that case conforms with the intent of section 15 of article 20 of our Constitution and the enactments of the Legislature, as expressed in section 1183, Code of Civil Procedure, and that an electric power line, consisting of poles and wires strung thereon, insulators, and such materials as enter into the work, constitutes a structure upon which materialmen may be entitled to a lien, other provisions of the law necessary to the enforcement thereof being complied with. | Are electric poles supporting power lines considered structures? | Not Copyrightable; No Material Appropriation |
| 4437 | State v. Higgins, 149 N.H. 290, 298 (2003) | 17 | Sexual assault victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance; a prostitute does not lose the right of choice, and may consent or not consent according to her own will. | Further, the victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance. See Harris, 362 S.E.2d at 213; Patnaude, 438 A.2d at 407. "A prostitute does not lose the right of choice, and may consent or not consent according to her own will." | Does the victim's status as a prostitute prove consent to sexual relations? | Not Copyrightable; No Material Appropriation |

| 10413 | Davis v. Barnes, 158 Ga. App. 89, 90 (1981) | 2 | Absence of a plaintiff's counsel, without leave, to attend proceeding in other court is no ground for continuance or postponement of a case. | The absence of a plaintiff's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Is absence of counsel without leave to attend trial of cases pending in other courts no ground for continuance? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 1226 | Fox Run Properties, LLC v. Murray, 288 Ga. App. 568, 570-71, 654 S.E.2d 676, 680 (2007) | 7 | To show that the presentation of the merits of a case would be subserved by the withdrawal of admissions resulting from a party's failure to respond to requests for admissions, party seeking withdrawal of admissions is required to establish that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility, or that the admitted requests were incredible on their face, and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | Rather, in order to show that the presentation of the merits of this case would be subserved by the withdrawal, Fox Run was required to establish that "the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court *571 with the motion to withdraw had not been offered solely for purposes of delay." Whitemarsh Contractors v. | "If the burden of proof on the subject matter of the request for admission is on the movant required to show the admitted request?" | Krein Concedes no copying |

| 20882 | Bd. of Directors of St. Francis Levee Dist. v. Bodkin, 108 Tenn. 700, 69 S.W. 270, 270 (1902) | 5 | An Act of the Legislature incorporating a Board of Directors and authorizing it to build, rebuild, and repair levees for the protection of a large district from overflow; to make all necessary contracts, and to levy taxes upon the inhabitants of the district and collect them, and to issue bonds for said purposes, constitutes such Board of Directors a public corporation, clothed with governmental duties and functions of the same general class as cities and counties. | The supreme court of Arkansas has had occasion to consider the nature and character of this board, and has adjudged it a public corporation clothed with governmental duties and functions, including the power to buy and collect public taxes. Carson v. St. Francis Levee Dist., 59 Ark. 536, 27 S. W. 590; Memphis Land & Timber Co. v. St. Francis Levee Dist., 64 Ark. 258, 42 S. W. 763.It is well settled that the property and taxes of municipal corporations held and used for public purposes cannot be seized and appropriated by creditors to the payment of their debts. [...] In Klein v. City of New Orleans, 99 U.S. 149, 25 L. Ed. 430, Waite, C. J., states the reason for this rule with much force and clearness. viz.: "If the lands are held by the corporation for public purposes, and the ground rents are part of the public revenue, it is well settled they cannot be levied on and sold. | Can lands held for public purposes be levied or sold? | Krein Concedes no copying; Not Copyrightable (expired) |
| 10431 | Reuille v. Bowers, 409 N.E.2d 1144, 1154 (Ind. Ct. App. 1980) | 9 | Proof of violation of motor vehicle safety statute is prima facie evidence of negligence, subject to being overcome by proof to the contrary. | Indiana law is now well established that proof by a party of violation of a motor vehicle safety statute is "prima facie evidence of negligence, subject to being overcome by proof to the contrary. | Can proof of violation of a motor vehicle statute be an evidence of negligence? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 2645 | People v. Gagnon, 21 Misc. 3d 594 | 2 | Specific intent to cause fear of serious bodily injury is gravamen of offense of felony menacing, C.R.S. 18-3-206; while it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, what the victim saw or heard and his reactions thereto are relevant considerations in determining whether defendant had the requisite intent to place victim in fear. | The specific intent to cause fear of serious bodily injury is the gravamen of this offense. People v. McPherson, 200 Colo. 429, 619 P.2d 38 (1980); § 18–3–206, C.R.S. (1978 Repl.Vol. 8). While it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, People v. Stout, 193 Colo. 466, 568 P.2d 52 (1977), nonetheless what the victim saw or heard, and his reactions thereto, are relevant considerations in determining whether defendant had the requisite intent to place him in fear. | What are relevant considerations in determining whether defendant had the requisite intent to place the victim in fear? | Not Copyrightable; No Material Appropriation |
| 13313 | St. Paul Fire Marine v. Amerada Hess Corp., 275 N.W.2d 304, 308 (N.D. 1979) | 13 | Waiver of right of subrogation must be by act of subrogee; it cannot be contracted away by conduct or agreement of third parties. | A waiver of the right of subrogation must be by an act of the subrogee; it cannot be contracted away by the conduct or agreement of third parties. | Is a waiver of the right of subrogation an act of the subrogee? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 2324 | Jordan v. O'Dwyer, 152 A.D.2d 671, 671 (N.Y.S.2d Sup. Ct. 1989) | 1 | Unlike situation in which criminal trial has resulted in judgment of acquittal, retrial of indictment is not automatically barred where merits of charge against defendant have not been finally resolved. U.S.C.A. Const.Amend. 5. | Unlike the situation in which a criminal trial has resulted in a judgment of acquittal, retrial of an indictment is not automatically barred where the merits of the charges against the defendant have not been finally resolved | "Unlike situation in which criminal trial has resulted in judgment of acquittal, is retrial of indictment not automatically barred where merits of a charge against defendant have not been finally resolved?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10236 | Encore Productions, Inc. v. Promise Keepers, 53 F. Supp. 2d 1101, 1108 (D. Colo. 1999) | 7 | When a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute, even if the facts of the dispute occurred after the contract expired. | Even if the Termination Agreement effectively terminated the entire Service Contract, including its arbitration provision, "when a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute. This is so even if the facts of the dispute occurred after the contract expired." | Can courts order arbitration when the contract requiring arbitration has expired? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 12808 | Larocca v. Bailey, 799 So. 2d 1263, 1270 (La. Ct. App. 2001) | 8 | A motion and order to dismiss without prejudice has the same force and effect as a final judgment. LSA-C.C.P. art. 1918. | We begin this analysis with the understood rule that a motion and order to dismiss without prejudice has the same force and effect as a final judgment. La.Code Civ.P. art. 1918 reads in part that "[a] final judgment shall be identified as such by appropriate language." | Does a motion and order to dismiss without prejudice have the same force and effect as a final judgment? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 213 | United States v. Demko, 385 U.S. 149, 151 (Pa. 1966) | 2 | Historically, workmen's compensation statutes were offspring of desire to give injured workers quicker and more certain recovery than can be obtained from tort suits; they are practically always thought of as substitutes for, not supplements to, common-law tort actions. | Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, **384 common-law tort actions. | "Historically, were workmens compensation statutes the offspring of a desire to give injured workers quicker and more certain recovery than could be obtained from tort suits, and were they practically always thought of as substitutes for, not supplements to, common-law tort actions?" | Not Copyrightable; No Material Appropriation |

| 15099 | Heisler v. Hines Motor Co., 282 Mont. 270, 275 (Mont. 1997) | 3 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | A pretrial order serves to "prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order." | Does a pretrial order prevent surprise? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 17682 | Norwegian Twp. v. Schuylkill Cnty. Bd. of Assessment Appeals, 74 A.3d 1124, 1132 (Pa. Commw. Ct. 2013) | 13 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | As we noted in Granville, the distinction between tax immunity and tax exemption is unnecessary in the context of government-owned property. 900 A.2d at 1016 n. 3. Whether either term is used, government-owned property is not taxable if it is being used for a public purpose, and the taxing authority bears the burden to prove its taxability. Id. at 1016. Stated otherwise, the taxing authority must prove that the government-owned property is not being used for a governmental purpose in order for the property to be taxable. Norwegian Twp. v. Schuylkill Cnty. Bd. of Assessment Appeals, 74 A.3d 1124, 1131 (Pa. Commw. Ct. 2013) | "Is a government-owned property taxable, if it is being used for a public purpose?" | Not Copyrightable; No Material Appropriation |
| 5326 | Emerick v. Town of Glastonbury, 145 Conn.App. 122, 127 (Conn.App.,2013) | 1 | A motion to dismiss for lack of standing properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | "A motion to dismiss [for lack of standing] ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does a motion to dismiss for lack of standing properly attack the jurisdiction of the court? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9549 | Reeves v. Travelers Ins. Companies, 421 A.2d 47, 50 (Me., 1980) | 2 | In exercising its discretion under Rules of Civil Procedure governing sanctions to be imposed for failure to comply with discovery or failure to comply with pretrial order, trial court must consider whether to impose sanction, upon whom, party or counselor or both, to impose sanction, and what sanction to impose. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | In exercising its discretion under Rule 16(d) or 37(b)(2), the trial court must answer three questions: (1) whether to impose a sanction; (2) upon whom-party or counsel or both-to impose the sanction; and (3) what sanction to impose. [...] We recognize that the sanction of dismissal, or of default judgment if imposed on a defendant, is a drastic one; its direct consequence falls not upon the attorney, but upon the party, who thereby loses all chance for an adjudication on the merits. For that reason, the ultimate sanction should be imposed only for the most serious instances of noncompliance with pretrial procedures. Mindful of that fact, we are nonetheless well satisfied that the special circumstances present in this case make it an appropriate occasion for dismissal, in order to penalize a serious delinquency and to deter like conduct by others. | Will the answer whether to impose a sanction on the party or counsel and what sanction to impose for failure to comply with the requirements of the rule governing pretrial procedure depend upon the particular circumstances? | Not Copyrightable; No Material Appropriation |
| 19287 | Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987) | 4 | Waiver, like immunity, is affirmative defense that must be affirmatively pleaded. Fed.Rules Civ.Proc.Rule 8(c), 28 U.S.C.A. | Waiver, like immunity, is an affirmative defense which must be affirmatively pleaded. | Should waiver be affirmatively plead? | Not Copyrightable; No Material Appropriation |
| 10678 | Giles v. Gen. Motors Corp., 344 Ill. App. 3d 1191, 1195, 802 N.E.2d 858, 862 (2003) | 3 | A motion to dismiss under statute governing involuntary dismissal based upon defects or defenses should not be granted when it cannot be determined with reasonable certainty that movant's alleged defense exists. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion to dismiss should not be granted when it cannot be determined with reasonable certainty that the movant's alleged defense exists. | Should a motion to dismiss be granted when it cannot be determined with reasonable certainty that movant's alleged defense exists? | Not Copyrightable; No Material Appropriation |

| 1225 | Sheehan v. Nw. Mut. Life Ins. Co., 44 S.W.3d 389, 394 (Mo.App. E.D., 2000) | 2 | Factors that should be considered in deciding whether to allow leave to amend a petition are (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) the possibility of an amendment curing any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. V.A.M.R. 55.33. | Factors that should be considered in deciding whether to allow leave to amend a petition are: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. | What are the factors that should be considered in deciding whether to grant leave to amend a pleading? | Not Copyrightable; No Material Appropriation |
| 20805 | In re Feldman's Est., 387 Ill. 568, 577–78, 56 N.E.2d 405, 409 (1944) | 4 | Where note was dated March 1, 1931, and promised on or before date to pay a named person $3,000 with interest at 5 per cent. per annum from date until paid at named bank and contained in lower left-hand margin the statement "Due Mar. 1, 1939," the note matured on March 1, 1939. S.H.A. ch. 98, SS 27, 31, 47, 73, 78. | In other words, if the parties had intended to make the note payable on demand or at any time after the date of execution, simple words to that effect could readily have been inserted in the blank provided therefor in the note. To avoid such a strained and abnormal meaning we naturally look elsewhere in the note and find what appears to be a clear explanation of the intention of the parties. That is, referring to the left-hand corner of the note we find the due date to be 'Mar. 1, 1939.' Reading this with the 'On or Before' provision makes the note quite intelligible and eliminates the unnatural result which would follow from making it payable even before it was executed. We recognize that the words 'On or Before' could possible have referred to the date of March 1, 1931. | Will marginal notation be regarded as part of a note if it conflicts with the terms of its main body? | Krein Concedes no copying |

| 2159 | Am. Seal-Kap Corp. v. Smith Lee Co., 154 Misc. 176, 177, 277 N.Y.S. 549, 550–51 (Sup. Ct. 1935) | 1 | Ordinarily, a defendant is entitled to full particulars of plaintiff's claim, and plaintiff is entitled to examine defendant before trial, particularly in case where many of facts upon which action is grounded are in possession of defendant. | Ordinarily, a defendant is entitled to full particulars of the plaintiff's claim, and a plaintiff is entitled to examine before trial, particularly in a case where many of the facts upon which the action is grounded are in the possession of the defendant. | "Is the defendant entitled to full particulars of plaintiffs claim and is plaintiff entitled to examine before trial, particularly where many facts upon which action is grounded are in defendants possession?" | Not Copyrightable; No Material Appropriation |
|------|---|---|---|---|---|---|
| 6290 | Antenucci v. Hartford Roman Catholic, 142 Conn. 349, 355–56, 114 A.2d 216, 219 (Conn. 1955) | 4 | Highway is nothing but an easement, comprehending merely right of all individuals in community to pass and repass, with incidental right in public to do all of acts necessary to keep it in repair. | 'A highway is nothing but an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right in the public to do all of the acts necessary to keep it in repair.' *356 Peck v. | Is a highway an easement comprehending merely the right of all the individuals in community to pass and repass? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 7255 | Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118, 133 (Tex. App. 2002) | 32 | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | "Wherea party to an indemnity contract is not contractually obligated to enforce a waiver of subrogation, can the other party insist that it assert a waiver of subrogation?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2139 | Rainer v. Wal-Mart Assocs., Inc., 119 So. 3d 398, 401 (Miss. Ct. App. 2013) | 2 | While rule governing requests for admissions, which states that a matter is admitted unless, within 30 days after service the party to whom the request is directed serves upon the party requesting the admission a written answer or objection, provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions. Rules Civ.Proc., Rule 36. | Rule 36(a) provides in pertinent part that a "matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" 2 ¶ 8. Under Rule 36(b), the trial court has the discretion to allow withdrawal of the deemed-admitted requests. The rule states that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." M.R.C.P. 36(b). So "[w]hile [Rule] 36 provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions." | "Are requested admissions deemed admitted unless, within 30 days after service of request, a party to whom the request is directed serves a written answer or objection?" | Not Copyrightable; No Material Appropriation |
| 17356 | Hatcher v. Bowen, 74 Ga. 840, 841 (1885) | 6 | Absence of counsel in attendance on other courts is not a favored ground for a postponement. | Absence of counsel in attendance on other courts is not a favored ground for a postponement. | Is absence of counsel in attendance on other courts not a favoured ground for a postponement? | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 4536 | New York Mortg. Tr., Inc. v. Dasdemir, 116 A.D.3d 679, 679 (2014) | 1 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice | "Absent a showing of special circumstances, should a motion for a voluntary discontinuance be granted without prejudice?" | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 13112 | Burt v. Beautiful Savior Lutheran Church of Broomfield, 809 P.2d 1064, 1067 (Colo. App. 1990) | 2 | "Trespass" is physical intrusion upon property of another without permission of person lawfully entitled to possession of real estate, and liability requires only intent to do act that itself constitutes or inevitably causes intrusion, without reference to nature or immediacy of harm or whether intrusion was caused by negligent act. | In Colorado, liability for trespass requires only an intent to do the act that itself constitutes, or inevitably causes, the intrusion. | Does liability for trespass requires only an intent to do the act that itself constitutes the intrusion? | Not Copyrightable; No Material Appropriation |
| 10942 | Garfias v. State, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) | 3 | A multiple-punishments double jeopardy violation can arise either in the context of lesser-included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once. U.S.C.A. Const.Amend. 5. | There are three types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. A multiple- punishments violation can arise either in the context of lesser- included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once. | What are the distinct types of double jeopardy claims? | Not Copyrightable; No Material Appropriation |

| 5637 | Sweets v. State, 2013 WY 98, ¶¶ 19-20 (2013) | 8 | The Double Jeopardy Clauses of the United States and Wyoming constitutions afford three distinct protections: 1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's Wyo.Stat.Ann. Const. Art. 1, S 11. | The double jeopardy clauses of the United States and Wyoming constitutions afford three distinct protections: "1) [P]rotection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense." | What are the three distinct protections double jeopardy clauses afford? | Not Copyrightable; No Material Appropriation |
| 20810 | Dellums v. Smith, 577 F. Supp. 1449, 1454–55 (N.D. Cal. 1984) | 6 | Attorney General could not refuse to conduct preliminary investigation under Ethics in Government Act on whether President, Secretaries of State and Defense, and other executive officials violated Neutrality Act by supporting paramilitary operations against Nicaragua on ground that the operations were authorized by the President since the Neutrality Act applied to all persons, including the President. 18 U.S.C.A. S 960; 28 U.S.C.A. SS 591-598. | [HN 6] The history of the Neutrality Act and judicial precedent demonstrate the reasonableness of the view that the Act applies to all persons, including the President. The Court reaffirms its original determination that the "Executive actions alleged by plaintiffs, if true, may violate federal law." Consequently, in this case, a preliminary investigation may not be refused. [HN 7] Defendants further argue that even if the Neutrality Act applies to the activities alleged by plaintiffs, a preliminary investigation is not required. [. . .] Defendants say the existence of that policy justifies the Attorney General's refusal to conduct any investigation under the Ethics in Government Act. For reasons set forth *1455 below, the Court finds that such a policy, even if shown to exist, could not constitute a valid basis for refusing to conduct a preliminary investigation. | Does the Neutrality Act dispense power in any officer or person whatsoever? | Krein Concedes no copying |

| 17335 | Gower v. Lamb, 282 S.W.2d 867, 869 (Mo. App. 1955) | 4 | In petition for damage allegedly done to plaintiff's parked automobile as result of being struck by defendant's vehicle, driven at time by thief, allegation that plaintiff's damage had been result of negligence by defendant was not a conclusion, but an ultimate fact, which could be pleaded as such, and therefore petition could be regarded as charging common-law negligence as well as statutory negligence, notwithstanding fact that main reliance was upon violation of statute prohibiting motorist to leave unattended a vehicle with ignition unlocked. Section 304.150 RSMo 1949, V.A.M.S. | Plaintiff has also alleged in her petition that her damages were the result of negligence by the defendant. This allegation is not a conclusion, but an ultimate fact, which may be pleaded as such. Maybach v. Falstaff Brewing Corporation, 359 Mo. 446, 222 S.W.2d 87, loc. cit. 92; Cushulas v. Schroeder & Tremayne, 225 Mo.App. 567, 22 S.W.2d 872, loc. cit. 874. We, therefore, feel compelled to regard the petition as charging common-law negligence as well as statutory negligence, and to consider the sufficiency of the agreed stipulation of facts to support the judgment for defendant on the theory of a breach of a *870 common-law duty. This question is also preserved for appellate review under Supreme Court Rule 3.23, 42 V.A.M.S., and was argued by both appellant and respondent. | Can negligence be pleaded as such? | Not Copyrightable; No Material Appropriation |
| 3030 | United States v. Rosen, 716 F.3d 691, 700 (2d Cir. 2013) | 4 | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | To establish the " 'corrupt' intent necessary to a bribery conviction," the Government must prove that the defendant had " 'a specific intent to give ... something of value in exchange for an official act,' " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)), which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. | What should the government prove in order to establish the corrupt intent necessary to a bribery conviction? | Not Copyrightable; No Material Appropriation |

| 7011 | Gordon v. Purdue Univ., 862 N.E.2d 1244, 1250 (Ind. App. 2007) | 5 | When reviewing grant of motion to dismiss for failure to state a claim, appellate courts do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. Trial Procedure Rule 12(B)(6). | The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim under Ind. Trial Rule 12(B)(6) is de novo. Sims v. Beamer, 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. | Does resolving a motion to dismiss for failure to state a claim involve only a question of law? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 5009 | Campbell v. Louisiana Intrastate Gas Corp., 528 So.2d 626, 628 (La.App. 2 Cir.,1988) | 2 | "St. Julien Doctrine" provides method of acquiring utility servitudes without formal expropriation proceedings when utility has used private property in public interest in good faith and with landowner's consent or acquiescence for period of time. LSA-R.S. 19:14. | Defendant contends that its right to use and maintain the pipeline after the foreclosure, and particularly in 1985, arises from the St. Julien Doctrine. This doctrine, now statutorily recognized, provides a method of acquiring utility servitudes without formal expropriation proceedings when a utility company has used private property in the public interest in good faith and with the landowner's consent or acquiescence for a period of time. LRS 19:14; St. Julien v. | What is the St. Julien Doctrine concerning utility services? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 21683 | Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 549 (E.D.N.C. 2005) | 2 | To make out action under North Carolina law for damages caused by acts committed pursuant to formed conspiracy, plaintiff must show: (1) agreement between two or more persons; (2) to do wrongful act; (3) commission of some overt act by one member of conspiracy in furtherance of objectives; and (4) damage to plaintiff as result of actions of conspirators. | There is, under North Carolina law, no such thing as a civil action for conspiracy. There is, rather, an action for damages caused by acts committed pursuant to a formed conspiracy. In order to make out such an action, plaintiff must show "(1) an agreement between two or more persons (2) to do a wrongful act, (3) commission of some overt act by one member of the conspiracy in furtherance of the objectives, and (4) damage to the plaintiff as a result of the actions of the conspirators." | Is a statement of intention to file a suit to enforce one's claimed legal rights a threat? | Krein Concedes no copying |
| 5789 | In re Climate Control Mech. Servs., 570 B.R. 673, 678 (M.D. Fla. 2017) | 6 | When, upon default of contractor, surety pays all the bills of the job to date and completes the job, surety stands in shoes of contractor insofar as there are receivables due it, in the shoes of laborers and materialmen who have been paid by surety, who may have liens, and in the shoes of the government, for whom job was completed. | "When, on default of the contractor, [the surety] pays all the bills of the job to date and completes the job, it stands in the shoes of the contractor insofar as there are receivables due it; in the shoes of laborers and material men who have been paid by the surety- who may have had liens; and, not least, in the shoes of the government, for whom the job was completed." | Is a surety who pays claims of laborers and materialmen only entitled to stand in shoes of those laborers and materialmen who might have had liens but for the surety's payment? | Not Copyrightable; No Material Appropriation |
| 12158 | Snyder v. Motorists Mut. Ins. Co., 2 Ohio App. 2d 19, 21 (1965) | 6 | Sovereignty of nations bordering seas does not stop at shoreline but extends over and under the ocean for some distance. | From early times, it has been recognized that the sovereignty of nations bordering the seas does not stop at the shoreline, but that for some distance it extends over and under the ocean. | Does the sovereignty of nations bordering seas stop at shoreline or does it extend over and under the ocean for some distance? | Not Copyrightable; No Material Appropriation |
| 11562 | People v. Boose, 139 Ill. App. 3d 471, 474 (1985) | 5 | Criminal intent formulated after lawful entry will satisfy offenses of larceny, i.e., retail theft, or burglary by illegally remaining; it will not, however, satisfy the offense of burglary by illegal entry. S.H.A. ch. 38, P 19-1(a). | A criminal intent formulated after a lawful entry will satisfy the offenses of larceny (retail theft) or burglary by illegally remaining. It will not, however, satisfy the offense of burglary by illegal entry. | Does criminal intent formed after a lawful entry satisfy the burglary statute? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 21789 | All Purpose Vending, Inc. v. City of Philadelphia, 127 Pa. Cmwlth. 415, 420, 561 A.2d 1309, 1311–12 (1989) | 2 | That administrative review options to contest tax on taxpayers' for profit coin-operated mechanical amusement devices for film or video presentations were coupled with sanctions for noncompliance did not constitute prior restraint on taxpayers' freedom of speech. U.S.C.A. Const.Amend. 1. | It is asserted that because these options are coupled with sanctions for non-compliance,10 the administrative process acts as a prior restraint on appellants' freedom of speech and is, therefore, inadequate. We agree with the trial court's conclusion that the Ordinance does not act **1312 as a prior restraint on appellants' right of free speech. | Is a legislative declaration entitled to any weight when determining the nature of a tax? | Krein Concedes no copying |
| 17936 | F.C.C. v. Fla. Power Corp., 480 U.S. 245, 245–46, 252, 107 S. Ct. 1107, 1109, 1112, 94 L. Ed. 2d 282 (1987) | 2 | Element of required acquiescence is at the heart of concept of occupation for purposes of per se taking analysis under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | The Court of Appeals erred in applying Loretto 's narrow per se rule, since the element of required acquiescence is at the heart of the concept of occupation under Loretto, whereas nothing in the Act, as interpretedby *246 the FCC, requires utility companies to give cable companies space on utility poles or prohibits utility companies from refusing to enter into attachment agreements. Since the Act clearly contemplates voluntary commercial leases rather than forced governmental licensing, it merely regulates the economic relations of utility company landlords and cable company tenants, which regulation is not a per se taking under Loretto. [...] This element of required acquiescence is at the heart of the concept of occupation. | Is the element of required acquiescence at the heart of the concept of occupation? | Not Copyrightable; No Material Appropriation |

| 5652 | In re Forfeiture of U.S. Currency in Amount of Ninety-One Thousand Three Hundred Fifty-Seven & 12/100 Dollars ($91,357.12), 595 So. 2d 998, 1000 (Fla. 4th Dist. App. 1992) | 6 | "Equitable subrogation" applies where claimant satisfied obligation of another and then stands in shoes of satisfied creditor; doctrine prevents unjust forfeiture and windfall amounting to unjust enrichment. | The doctrine of equitable subrogation is designed to apply where the claimant satisfied an obligation of another and then stands in the shoes of the satisfied creditor. The doctrine is founded on established principles of equity to prevent an unjust forfeiture, on the one hand, and a windfall amounting to unjust enrichment, on the other. | "Is doctrine of equitable subrogation recognized as one founded on established principles of equity to prevent unjust forfeiture, and windfall amounting to unjust enrichment on the other? " | Not Copyrightable; No Material Appropriation |
|------|------|------|------|------|------|------|
| 9593 | In re Bledsoe, 41 S.W.3d 807, 813 (Tex. App. 2001) | 14 | Only in exceptional situations may case-determinative sanctions be imposed in the first instance-when they are clearly justified and no lesser sanctions will promote compliance. | Only in exceptional situations may case-determinative sanctions be imposed in the first instance-when they are clearly justified and no lesser sanctions will promote compliance. | "Only in exceptional situations, can case-determinative sanctions be imposed in the first instance-when they are clearly justified?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 4137 | Betts v. City of Chicago, 2013 IL App (1st) 123653, ¶¶ 12-14, 1 N.E.3d 1199, 1202-1203 | 5 | Once a defendant moving for involuntary dismissal, on grounds that the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a). | "A motion to dismiss based on the immunity conferred by the Act, however, is more appropriately raised in a section 2–619(a)(9) motion, which allows for dismissal when the claim asserted against the defendant is 'barred by other affirmative matter avoiding the legal effect of or defeating the claim' (735 ILCS 5/2–619(a)(9) (West 2008))." [...] A motion for involuntary dismissal pursuant to section 2–619(a) admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter which avoids the legal effect or defeats a plaintiff's claim.  [...] In re Estate of Schlenker, 209 Ill.2d 456, 461, 283 Ill.Dec. 707, 808 N.E.2d 995 (2004). "Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is 'unfounded or requires the resolution of an essential element of material fact before it is proven.' " | Will the burden shift from the defendant to plaintiff once the claim asserted is barred by other affirmative matter? | Not Copyrightable; No Material Appropriation |
| 8115 | Fort Halifax Packing Co., Inc. v. Coyne, 107 S.Ct. 2211, 2222, 482 U.S. 1, 21 (U.S.Me.,1987) | 5 | Pre-emption should not be lightly inferred under National Labor Relations Act in area of substantive labor standards, inasmuch as establishment of labor standards falls within traditional police power of the state. National Labor Relations Act, SS 7, 8, as amended, 29 U.S.C.A. SS 157, 158. | Furthermore, pre-emption should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State. | Is pre-emption of employment standards within the traditional police power of the state that should not be lightly inferred? | Not Copyrightable; No Material Appropriation |

| 20117 | State ex Rel. Olson v. Guilford, 174 Minn. 457, 459 (1928) | 2 | Equity may enjoin and abate public nuisances. | Equity has jurisdiction to enjoin and abate public nuisances. | Does equity have the jurisdiction to abate public nuisances? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 727 | Deloatch v. Becker, 698 A.2d 94, 96 (Pa. 1997) | 2 | Judgment of "non pros" is founded upon equitable principle of laches and may properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for delay, and delay has caused some prejudice to adverse party. | Further, we note that the non pros doctrine is founded upon the equitable principle of laches and may properly be entered "when a party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for the delay, and the delay has caused some prejudice to the adverse party." | "Can judgment of ""non pros"" properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude?" | Not Copyrightable; No Material Appropriation |
| 15284 | Echtenkamp v. Loudon Cty. Pub. Sch., 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003) | 36 | Under Virginia law, merely offensive or unpleasant statements are not defamatory, rather, defamatory statements are those that make plaintiff appear odious, infamous, or ridiculous. | In other words, "[m]erely offensive or unpleasant statements" are not defamatory; rather, defamatory statements "are those that make the plaintiff appear odious, infamous, or ridiculous." | Are unpleasant and offensive statements defamatory? | Not Copyrightable; No Material Appropriation |
| 3442 | New Albertsons, Inc. v. Superior Ct., 168 Cal. App. 4th 1403, 1420–21, 86 Cal. Rptr. 3d 457, 470 (2008) | 6 | Because the law strongly favors trial and disposition on the merits, any doubts in ruling on a motion to withdraw or amend an admission must be resolved in favor of the party seeking relief. West's Ann.Cal.C.C.P. S 2033.300. | The trial court's discretion in ruling on a motion to withdraw or amend an admission is not unlimited, but must be exercised in conformity with the spirit of the law and in a manner that serves the interests of justice. Because the law strongly favors trial and disposition on the merits, any doubts in applying section 2033.300 must be resolved in favor of the party seeking relief. | Should any doubts in ruling on a motion to withdraw or amend an admission be resolved in favor of the party seeking relief because the law strongly favors trial and disposition on the merits? | Not Copyrightable; No Material Appropriation |

| 777 | Jones v. Halliburton Co., 583 F.3d 228, 233–34 (5th Cir. 2009) | 2 | A two-step analysis is employed to determine whether a party may be compelled to arbitrate, under which, first, whether the party has agreed to arbitrate the dispute is examined, and this question itself is further subdivided, such that a court, to determine whether the party has agreed to arbitrate a dispute, must ask: (1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement; if both questions are answered in the affirmative, the court then asks whether any federal statute or policy renders the claims nonarbitrable. | A two-step analysis is employed to determine whether a party may be compelled to arbitrate. Id. First, whether *234 the party has agreed to arbitrate the dispute is examined. This question itself is further subdivided; to determine whether the party has agreed to arbitrate a dispute, our court must ask: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement". Id. (citing JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596, 598 (5th Cir.2007)). If both questions are answered in the affirmative, our court then asks whether "any federal statute or policy renders the claims nonarbitrable". | How do courts determine whether a party is compelled to arbitrate? | Not Copyrightable; No Material Appropriation |
| 7881 | Caywood v. Gossett, 382 Ill. App. 3d 124, 129, 887 N.E.2d 686, 691 (2008) | 4 | Dismissal of complaint is allowed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | A section 2-619(a)(9) motion to dismiss permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9). | Can a complaint be dismissed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim? | Not Copyrightable; No Material Appropriation |

| 18100 | United States v. Harder, 168 F. Supp. 3d 732, 738, 745, 747 (E.D. Pa. 2016) | 20 | Government was required to prove different facts to support charges against defendant for violation of Foreign Corrupt Practices Act (FCPA) and for charge of international money laundering, and charges were thus distinct and did not require merger, even though charges were based on same payments defendant allegedly made to bank official's sister, knowing that those bribes would be given, directly or eventually, to the employee, to induce him to violate the law; government was required to prove that defendant offered or paid anything of value to a foreign official for corrupt purposes to support FCPA charge, and was required to prove that defendant transferred funds abroad from the United States with intent to promote unlawful activity, i.e., intent to promote an FCPA violation, to support money laundering charge, and the government was thus required to prove different facts to make out the violations charged. 15 U.S.C.A. S 78dd-2(a)(1), (3); 18 U.S.C.A. S 1956(a)(2)(A). | Additionally, the Government has charged, as it must, that Defendant paid Official Sister knowing that those bribes would be given, directly or eventually, to Official to induce him to violate the law. [...] As I have discussed, FCPA requires proof of offer or payment of anything of value to a foreign official for a corrupt purpose. See 15 U.S.C. 78dd-2(a)(1), (3). To prove an international money laundering violation, the Government must prove that the defendant transferred funds abroad from the United States with the intent to promote unlawful activity. See 18 U.S.C. 1956(a)(2)(A). That the international money laundering statute requires intent to promote unlawful activity -i.e., intent to promote an FCPA violation-renders the offenses distinct. See United States v. Paramo, 998 F.2d 1212, 1218 (3d Cir.1993) (rejecting argument that, as a matter of law, a defendant cannot promote an already completed unlawful activity). Plainly, then, the Government must prove different facts to make out a violation of the money laundering statute. | Do courts doubt on the Congresss intention to hold an individual liable under 15 U.S.C. 78dd1(a)(3)(A) if he took great care to know exactly whom his agent would be bribing and what precise steps that official would be taking? | Krein Concedes no copying |

| | | | | | |
|---|---|---|---|---|---|
| 11426 | Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96, 99 (Tex. App. 1993) | 2 | Admissions, once deemed admitted, are judicial admissions, and party against whom admissions are deemed admitted may not then introduce controverting testimony in any legal proceeding related to action. Vernon's Ann.Texas Rules Civ.Proc., Rules 21a, 169. | In examining the record before us, appellant failed to timely answer request for admissions, or to file written objections, or to file a motion to file answers late, resulting in the appellee's admissions being deemed. [. . .] Admissions, once deemed admitted, are judicial admissions and appellant may not then introduce controverting testimony in any legal proceeding related to the instant action. | " Are deemed admissions, resulting from a party's failure to answer a request for admissions, judicial admissions and may not be controverted with testimony?" | Not Copyrightable; No Material Appropriation |
| 1355 | State v. Jandreau, 157 A.3d 239, 242 (Me., 2017) | 1 | Absent defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the federal and state constitutions preclude state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. U.S. Const. Amend. 5; Me. Const. art. 1, S 8. | Absent the defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the United States and Maine Constitutions preclude the State from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. | "Absent defendant's consent to or the manifest necessity for a mistrial, does the Double Jeopardy Clauses of the federal and state constitutions preclude a state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 21822 | James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC, 941 F. Supp. 2d 807, 824 (E.D. Ky. 2013) | 26 | Agreement between owner of thoroughbred stallion and breeding farm, for the services of managing breeding career of race horse, was not subject to New Jersey Consumer Fraud Act (NJCFA); services to manage stud's career was not something sold to the general public, but instead a service highly particularized and unique, and the parties, as sophisticated breeders and competitive racers who entered into complex, multi-million dollar contracts with the aid of counsel, were not typical consumers. N.J.S.A. 56:8-1 et seq. | An accounting is an equitable remedy and is defined as "an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." | What is accounting? | Krein Concedes no copying |
| 12651 | In re Interest of M.M., 571 So. 2d 112, 112-13 (Fla. Dist. Ct. App. 1990) | 1 | Ownership of building or structure is material element of burglary and must be proven as alleged in order to support conviction. West's F.S.A. S 810.02. | Additionally, ownership of the building or structure is a material element of the crime and must be *113 proven as alleged in order to support a conviction for burglary. | Is ownership of the building or structure a material element of burglary? | Not Copyrightable; No Material Appropriation |

| 14383 | Eisen v. Venulum Ltd., 244 F. Supp. 3d 324, 336 (W.D.N.Y. 2017) | 15 | District Court, rather than arbitrator, would determine enforceability of arbitration clauses in investment contracts involving interests in fine wines, even though contracts included requirement that all disputes under contracts be sent to arbitration, since there was no language in contracts expressly stating that arbitrability disputes would be resolved by arbitration, contracts stated that International Chamber of Commerce (ICC) rules would control any arbitration, ICC rule provided that arbitrator determined validity of arbitration agreement if party against which claim had been made challenged its validity, but investor, who was bringing claims against foreign corporation for violations of securities laws, was challenging validity of arbitration clauses. | Defendants' main argument is that it is the province of the arbitrator, and not the Court, to determine whether the arbitration clauses are valid or invalid. (Dkt. 13 at 5–10). Defendants rely on Shaw Group Inc. v. Triplefine Int'l Corp., 322 F.3d 115 (2d Cir. 2003) for the proposition that under the International Chamber of Commerce ("ICC") arbitration rules "any question of arbitrability must be decided by the arbitral tribunal." (Dkt. 13 at 6). Shaw Group provides that if the parties reference the ICC rules of arbitration in an arbitration clause they have "evince[d] a clear and unmistakable agreement to arbitrate arbitrability," and the court is required to defer questions of arbitrability to the arbitrator. Shaw Group, 322 F.3d at 121. | Does reference to International Chamber of Commerce rules in an arbitration clause present a clear and unmistakable agreement to arbitrate arbitrability? | Not Copyrightable; No Material Appropriation |
| 12909 | Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596, 601 (Fla. Dist. Ct. App. 2013) | 7 | For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, the failure to attach necessary documents is a remediable offense. | As a general matter, trial courts are to give plaintiffs "an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action." See Kairalla v. John D. Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988). And the failure to attach necessary documents is a remediable offense. See Wells Fargo Bank, N.A. v. Reeves, 92 So.3d 249, 253 (Fla. 1st DCA 2012). | "As a general matter, are trial courts to give plaintiffs an opportunity to amend a defective pleading?" | Not Copyrightable; No Material Appropriation |

| 8356 | City of Orlando v. State, 67 So. 2d 673, 675 (Fla. 1953) | 3 | A "special assessment" is an enforced contribution imposed upon theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of property against which it is imposed as a result of improvement made with proceeds of special assessment. | It is imposed upon the theory that that portion *675 of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment. | Is tax a burden imposed by a sovereign right? | Krein Concedes no copying |
|------|------|------|------|------|------|------|
| 19012 | Doe v. Diocese of Raleigh, 242 N.C. App. 42, 57, 776 S.E.2d 29, 41 (2015) | 16 | Individual's negligent infliction of emotional distress (NIED) claim against diocese and bishop of diocese based on negligent supervision of priest incardinated to diocese and, who allegedly sexually assaulted individual when he was a minor, did not implicate Free Exercise Clause or Establishment Clause of First Amendment, such that trial court had authority to adjudicate claim; determination of whether individual established elements of NIED based on negligent supervision of priest did not entangle court in ecclesiastical inquiries. U.S.C.A. Const.Amend. 1. | Consequently, Plaintiff's NIED claim premised on the assertion that such negligent conduct resulted in him suffering severe emotional distress and that it was reasonably foreseeable that the Diocese Defendants' conduct would result in such distress is likewise permissible under the First Amendment. Because a determination of whether Plaintiff has successfully established the elements of NIED based on the Diocese Defendants' negligent supervision of Sepulveda will not entangle the court in ecclesiastical inquires, subject matter jurisdiction exists in the trial court as to this claim. | "Because negligent infliction of emotional distress (NIED) claims are premised upon negligent conduct by defendants, will a determination that an underlying negligence claim is subject to dismissal result in dismissal of a corresponding NIED claim as well?" | Krein Concedes no copying |
| 17233 | Miller v. Mod. Motor Co. of Glendale, 107 Cal. App. 38, 41, 290 P. 122, 124 (Cal. Ct. App. 1930) | 2 | Where waiver is relied upon, in bringing action, facts constituting waiver must be set forth. | We believe, upon general demurrer, that these allegations sufficiently comply with the rule that where a waiver is relied upon, the facts constituting the waiver must be set forth. | Should facts constituting waiver be pleaded if a waiver is relied upon? | Not Copyrightable; No Material Appropriation |

| 13124 | Matthews v. Malkus, 377 F. Supp. 2d 350, 359 (S.D.N.Y. 2005) | 16 | Under New York law, requisite elements for claim of trespass are: (1) intentional entry by defendants onto plaintiff's land, and (2) wrongful use without justification or consent. | Trespass [16] The requisite elements for a claim of trespass are the intentional entry by defendants on to plaintiffs' land and the wrongful use without justification or consent. | What are the elements of a trespass claim? | Not Copyrightable; No Material Appropriation |
| 1844 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 382 (Tenn. 2015) | 7 | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." | "When a trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support the motion with affidavits or other evidentiary materials?" | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 16880 | Langford v. Douglas, 359 S.W.2d 951, 953 (Tex. Civ. App. 1962) | 2 | Motion to reinstate an action dismissed for lack of prosecution could be considered as a bill of review, but as a bill of review, it properly did not belong in original cause. | The trial court, therefore, properly sustained defendants' motion and reinstated the order dismissing the suit for want of prosecution. But, 'The policy of the law is, that appellant should have his day in court for the purpose of establishing the alleged wrong perpetrated on him [...] In view of the narrow language of the trial court's order above quoted, we accordingly hold that plaintiffs' motion to reinstate, considered as a bill of review, is still pending. No doubt plaintiffs will desire to amend it. Its presence in the original suit is an irregularity. Osborn v. Younger (Com.App.), 235 S.W. 558; McDonald, Texas Civil Practice, supra. The trial court could transfer it to an independent place on his docket for trial or other disposition. Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660.Since the motion, as bill of review, properly does not belong in the original cause, the trial court's order was a final, appealable judgment. It is affirmed. | Can a motion to reinstate an action dismissed for lack of prosecution be considered as a bill of review? | Not Copyrightable; No Material Appropriation |
| 18639 | Dept. of Revenue v. Merritt Square Corp., 334 So. 2d 351, 354 (Fla. 1st Dist. App. 1976) | 1 | Under statute defining "public utility" for purposes of regulation, a privately owned utility is "public utility" if it holds itself out to serve general public. West's F.S.A. SS 366.01 et seq., 366.02. | The nature of the service must be such that all members of the public have an enforceable right to demand it.' 229 P.2d at 672. It is, thus, clear that a privately owned utility is a Public utility if it holds itself out to serve the general public. | When is a privately owned utility a public utility? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19108 | Price ex rel. Est. of Price v. City of Seattle, 106 Wash. App. 647, 660, 24 P.3d 1098, 1105 (2001) | 12 | Failure of city, as owner of property located at top of bluff where landslide took place, to take measures to prevent landslide did not establish trespass claim by landowners whose property was damaged by landslide. | The residents essentially argue that the City knew that a landslide was a substantially certain consequence of its failure to take preventive measures. But they have provided no authority for the proposition that an "act," as used in defining the elements of trespass, means a failure to act. Stated in terms of a failure to act, their trespass claim is no different from their negligence claim. Cf. Lewis v. Krussel, 101 Wash.App. at 183, 2 P.3d 486 (nuisance claim in case involving fallen trees, grounded in inaction, need not be considered separately from the negligence claim). As there is no evidence that the City acted to cause the landslide, the trespass claim also fails. | Can a failure to act fulfill the intentional act element required for a claim of trespass? | Krein Concedes no copying |
| 11048 | Lake Cnty. Tr. Co. v. Lane, 478 N.E.2d 684, 688 (Ind. Ct. App. 1985) | 4 | In view of rule that owner of property whereon public highway lies holds property in fee, subject only to public's easement, owners of property that abutted county road on the east, rather than the county, were owners to whom one half of abandoned railroad right-of-way easement reverted where the east edge of the right-of-way met the abutting property at approximately the outerline of the highway. | It is the law in Indiana that the owner of property whereon a public highway lies holds the property in fee, subject only to the public's easement. Magee v. Overshiner (1898), 150 Ind. 127, 49 N.E. 951; The Terre Haute and Southeastern Railroad Company v. | "Does the owner of a property, whereon public highway lies, hold property in fee, subject only to publics easement? " | Not Copyrightable; No Material Appropriation |
| 15198 | Calvert & Marsh Coal Co. v. Pass, 393 So. 2d 955, 957 (Ala. 1981) | 5 | Wantonness in a trespass action is established by mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | How is the element of wantonness established in a trespass action? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 601 | Holland v. Lefler, 80 Ark. App. 316, 321 (2003) | 6 | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Service of process under Rule 4(i) must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. | Should service of process under civil procedure rule governing summons be accomplished within 120 days after the filing of complaint unless a plaintiff has filed a motion to extend time prior to the expiration of the deadline? | Not Copyrightable; No Material Appropriation |
| 14711 | Henry v. Shober, 566 N.W.2d 190, 192 (Iowa 1997) | 5 | If delay in obtaining service of process is presumptively abusive, it does not matter whether delay is intentional, and action is subject to dismissal if plaintiff fails to carry burden of proving that delay was justified. Rules Civ.Proc., Rule 49. | As the above analysis suggests, if delay in service is presumptively abusive, it does not matter whether the delay is intentional. | "If delay in obtaining service of process is presumptively abusive, does it not matter whether delay is intentional?" | Not Copyrightable; No Material Appropriation |
| 12657 | Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13), 110 So. 3d 1127, 1130 | 4 | A step by one party prevents abandonment of a suit for lack of prosecution as to all of the parties, even though they are not solidarily liable. LSA-C.C.P. art. 561. | "A 'step' is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable." (Internal citations omitted.) Id. | Does a step by one party prevent abandonment of a suit for lack of prosecution as to all of the parties? | Not Copyrightable; No Material Appropriation |
| 7127 | People v. $8,450 U.S. Currency, 276 Ill. App. 3d 952, 955 (1995) | 7 | Despite its label as civil, forfeiture is "punishment" for double jeopardy purposes when its goal is either retribution or deterrence. U.S.C.A. Const.Amend. 5. | However, despite its label as civil, a forfeiture is a punishment for double jeopardy purposes when its goal is either retribution or deterrence. | "Despite its label as civil, is forfeiture punishment for double jeopardy purposes when its goal is either retribution or deterrence?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19604 | Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 512 (6th Cir. 2007) | 8 | Collection notice is deceptive, in violation of Fair Debt Collection Practices Act (FDCPA), when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Fair Debt Collection Practices Act, S 807, 15 U.S.C.A. S 1692e. | "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996). | What damages can a consumer recover if a debt collector violates the Fair Debt Collection Protection Act (FDCPA)? | Krein Concedes no copying |
| 10902 | United States v. Allen, 984 F.2d 940, 941 (8th Cir. 1993) | 2 | Double jeopardy clause does not generally preclude reprosecution if defendant requests or consents to mistrial. U.S.C.A. Const.Amend. 5. | Const.Amend. V. The double jeopardy clause generally does not preclude reprosecution when a defendant requests or consents to a mistrial. | Does a double jeopardy clause not generally preclude reprosecution if a defendant requests or consents to mistrial? | Not Copyrightable; No Material Appropriation |
| 5036 | In re Wiley, 438 B.R. 331, 333 (Bankr. D.N.M. 2010) | 2 | Under New Mexico law, "subrogation" is equitable remedy of civil law origin, whereby, through a supposed succession to legal rights of another, a loss is put ultimately on the one who in equity and good conscience should pay it. | Subrogation ... is an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. | Is subrogation an equitable remedy of civil law origin? | Not Copyrightable; No Material Appropriation |
| 15267 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 27 (N.H. 2007) | 19 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | [E]quitable subrogation "applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation apply? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 18618 | City of Sherman v. Pub. Util. Commn. of Texas, 643 S.W.2d 681, 684-85 (Tex. 1983) | 3 | While the Public Utility Commission may share original jurisdiction with a municipality over the operations or services of a public utility which operates both inside and outside municipal limits, it has no statutory authority to regulate the operations or services of "municipally-owned utilities" under statute relating to original municipal jurisdiction within territorial limits of each municipality and original commission jurisdiction outside municipal boundaries. Vernon's Ann. Texas Civ.St. art. 1446c, S 17(e). | The Act also contains the following provisions relating to original municipal jurisdiction within the territorial limits of each municipality, and original PUC jurisdiction outside of municipal boundaries: Sec. 17. (a) Subject to the limitations imposed in this Act, and for the purpose of regulating rates and services ..., the governing body of each municipality shall have exclusive original jurisdiction over all electric, water, and sewer utility rates, operations, and services provided by an electric, water, and sewer utility within its city or town limits. [...] We conclude that while the PUC may share original jurisdiction with a municipality over the operations or services of a "public utility" which operates both inside and outside municipal limits, it has no statutory authority to regulate the operations or services of "municipally-owned utilities" under section 17(e). | Are municipally owned utilities different from privately owned utilities? | Krein Concedes no copying |
| 8220 | Barragan v. Banco BCH, 188 Cal. App. 3d 283, 296, 232 Cal. Rptr. 758, 765 (Ct. App. 1986) | 9 | Act of state doctrine, being merely issue preclusion device, did not affect power of court to enter default judgment. | Because the act of state doctrine is merely an issue preclusion device (Arango v. Guzman Travel Advisors Corp., supra, 621 F.2d at p. 1380; National American Corp. v. Fed. Rep. of Nigeria, supra, 448 F.Supp. at p. 640), it does not affect the power of the court to enter a default judgment. | Does the act of state doctrine affect the power of the court to enter default judgment? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19258 | Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 221–22 (D.R.I. 2002), aff'd, 337 F.3d 87 (1st Cir. 2003) | 21 | Record owner of reservoir alleged sufficient facts to make out a federal takings claim where it alleged that state had acquired title to a portion of the bottom of the reservoir and an easement by prescription on behalf of the public to use the reservoir for recreational purposes; because of the State's actions, State wiped out all of owner's economically beneficial use of the property and impressed a private individual into service to provide the public unrestricted use of private property. U.S.C.A. Const.Amend. 5. | Here, the State has acquired title to a portion of the bottom of the Reservoir and an easement by prescription on behalf of the public to use the Reservoir for recreational purposes. [...] Therefore, plaintiff has alleged a sufficient takings claim in the complaint in this case. This Court also notes that because the State acquired title to a portion of the reservoir bottom, the State has wiped out all of plaintiff's economically beneficial use of that property.  [...] The State has impressed a private individual into service to provide the public unrestricted use of private property. | Should a private owner bring an inverse condemnation action for public use of private property within a specified period of time? | Krein Concedes no copying |
| 797 | Faysound Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 1365, 1373 (E.D. Ark. 1990) | 3 | To qualify as act of state, it is necessary to prove that act occurred as result of considered policy determination by government to give effect to its political and public interest, matters that would have significant impact on American foreign relations. | To qualify as an act of state, it is necessary to prove that the act "occurred as a result of a considered policy determination by a government to give effect to its political and public interest-matters that would have significant impact on American foreign relations." | "To qualify as an act of state, is it necessary to prove that the act occurred as a result of a considered policy determination by a government to give effect to its political and public interest?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 15704 | Clifton v. Koontz, 160 Tex. 82 (Tex. 1959) | 6 | In a mineral lease, the terms "produced" and "produced in paying quantities" mean substantially the same thing. | While the lease does not expressly use the term 'paying quantities', it is well settled that the terms 'produced' and 'produced in paying quantities' mean substantially the same thing. | Do the terms produced and produced in paying quantities mean substantially the same thing? | Not Copyrightable; No Material Appropriation |

| 637 | In re Gateway Ethanol, 415 B.R. 486, 503 (2009) | 18 | Under Illinois law, when the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. S.H.A. 810 ILCS 5/1-201(37) (2005). | When the bright line test is not satisfied, UCC  1-201(37) requires the court to consider "the facts of each case." This consideration is guided by the fact that the drafters of amended UCC  1-201(37) sought to "preserve common law principles," under which the "central feature of a true lease is the reservation of an economically meaningful interest to the lessor at the end of the lease term." 59  The Official UCC Comments states: "If a transaction creates a lease and not security interest, the lessee's interest in the goods is limited to its leasehold estate; the residual interest in the goods belongs to the lessor." 60  When the bright line test is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. | "When the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, should the court then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk?" | Not Copyrightable; No Material Appropriation |

| 15624 | U.S. v. Leyva, 282 F.3d 623, 625 (9th Cir. 2002) | 3 | Use of an official position was not an element of bribery offense; plain language of statute required only that the public official accept a thing of value in exchange for perpetrating a fraud, and absence of any official act requirement was particularly pointed in light of explicit "official act" or "official duty" language in other subsections of statute. 18 U.S.C.A. S 201(b)(2)(B). | [T]he public official must use his official position to commit or aid in the commission of the fraud. The district court did not err in rejecting these instructions because Leyva's proposed "use of official position" condition is supported by neither the text of the statute nor case law. Under the rules of statutory construction, "[t]he plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." United States v. Daas, 198 F.3d 1167, 1174 (9th Cir.1999). Here, the plain language of 201(b)(2)(B) requires only that the public official accept a thing of value in exchange for perpetrating a fraud. The absence of any official act requirement is particularly pointed in light of explicit "official act" or "official duty" language in other subsections of 201. | Is the use of an official position an element of the bribery statute? | Not Copyrightable; No Material Appropriation |
| 16416 | Roberson v. Medtronic, 494 F. Supp. 2d 864, 870 (W.D. Tenn. 2007) | 5 | Federal Anti-Kickback Act provides only criminal penalties for its violation and provides no private right of action. Social Security Act, S 1128B, 42 U.S.C.A. S 1320a-7b. | The language of the statute and relevant case law support Defendants' position that the Anti-Kickback Act provides only criminal penalties for its violation and provides no private right of action. | Does the Anti-Kickback Statute provide for a private right of action? | Not Copyrightable; No Material Appropriation |
| 6871 | Sabatino v. LaSalle Bank, N.A., 96 S.W.3d 113, 116 (Mo. Ct. App. 2003) | 5 | In order for "title to be affected," so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy; it is not enough for the judgment to affect the title incidentally or collaterally. V.A.M.S. S 508.030. | In order for "title to be affected" so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy. It is not enough for the judgment to affect the title incidentally or collaterally. | "For the title to be affected, so as to predicate venue in the county where the land is located, is it required that the land is the subject of the controversy?" | Not Copyrightable; No Material Appropriation |

| 4539 | Metmor Financial, Inc. v. Landoll Corp., 976 S.W.2d 454, 462 (Mo.App. W.D.,1998) | 11 | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | A party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking subrogation or equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 16049 | Bibiano v. Lynch, 834 F.3d 966, 974 (9th Cir. 2016) | 14 | Given unique circumstances of case in which alien, a Mexican citizen and transgender woman who returned to United States unlawfully following her removal pursuant to in absentia removal order issued by immigration judge (IJ) in the Ninth Circuit, petitioned for review of Board of Immigration Appeals (BIA) order upholding the denial of her request for withholding of removal by IJ in the Eleventh Circuit, the interests of justice favored keeping petition in the Ninth Circuit, as opposed to transfer pursuant to court's inherent authority; the government acknowledged that alien's confusion over venue was understandable, as case spanned multiple decision-makers and three jurisdictions, one of which was the Ninth Circuit where alien originally filed for asylum, there were no allegations of gamesmanship or forum shopping, case had been pending for more than a year and had been fully briefed under Ninth Circuit law, and transfer would waste judicial resources and cause unnecessary delay. | As discussed above, the venue provision in 8 U.S.C. § 1252(b)(2) does not remove our subject matter jurisdiction over final orders of removal; thus, that the Eleventh Circuit is the proper venue does not defeat our jurisdiction over this case. [...] Given the unique circumstances of this case, we hold that transfer is not in the interests of justice. Here, the government acknowledges that Bibiano's confusion over venue "may have understandably been caused by legitimate confusion as to the proper forum for review." Indeed, the case spans multiple decision-makers and three jurisdictions, one of which is the Ninth Circuit where Bibiano originally filed for asylum. 10 See e.g., Sorcia, 643 F.3d at 123; cf. Trejo-Mejia, 593 F.3d at 914 (ordering a transfer where none of the proceedings occurred in the Ninth Circuit). In addition, the case at bar has been pending in our court for more than a year and has already been fully briefed under Ninth Circuit law. Transfer would not be more convenient "by having the parties brief their arguments afresh using a different | Can a court have jurisdiction even if it is not the proper venue? | Not Copyrightable; No Material Appropriation |

| 13429 | H.D. Arnaiz, Ltd. v. Cnty. of San Joaquin, 96 Cal. App. 4th 1357, 1364–65, 118 Cal. Rptr. 2d 71, 77 (2002) | 6 | A voluntary dismissal by written request to the clerk is not a final judgment as no judgment, final or otherwise, is necessary to the dismissal. West's Ann.Cal.C.C.P. S 581(b)(1). | A voluntary dismissal under *1365 Code of Civil Procedure section 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal. | Is a voluntary dismissal by written request to the clerk a final judgment as no judgment? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- |
| 5177 | King v. Zimmerman, 266 Mont. 54, 66 (Mont.,1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | "Is the purpose of pretrial orders to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 7622 | Merrick v. Britton, 26 Ark. 496, 503 (1871) | 2 | Where a party, for any good cause, is unprepared to go to trial, and fails by motion to postpone or continue, to show the fact to the court, at the proper time, he waives his want of preparation, and all right to afterwards object. | It is therefore incumbent upon a party, if for any good cause he finds himself unprepared to go on, to state the circumstances to the court and move a postponement of his case. If he fails to do so, he waives his want of preparation, and all right after to object. | Does a party waives all his right to object if he fails to move a postponement of his case for any good cause he finds himself unprepared to go on? | Not Copyrightable (expired); No Material Appropriation |
| 7181 | R.J.W. v. State, 910 So. 2d 357, 361 (Fla. Dist. Ct. App. 2005) | 3 | An acquittal bars the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place. | An acquittal bars the prosecution from seeking "another opportunity to supply evidence that it failed to muster" in the first place. | Does an acquittal bar the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 19808 | Dunn v. Terry, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975) | 4 | Convicts may freely execute contracts and deeds and transact business. | Convicts are not civilly dead in Virginia, and they may freely execute contracts and deeds. Haynes v. Peterson, 125 Va. 730, 100 S.E. 471 (1919); See also Scott v. Nance, Adm'r, 202 Va. 355, 358, 117 S.E.2d 279, 281 (1960). Here, Dunn was Sui juris at the time the action against him was instituted, and the trial court acquired jurisdiction over him. Dunn was free to make whatever arrangements he desired to defend the action. Unlike an infant or insane person, he was not legally incompetent to transact business either before or after his conviction in the criminal case. | Can convicts execute contracts? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 13224 | Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821, 825 (Minn. Ct. App. 2017) | 9 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | In so doing, we are mindful that "[a] cause of action accrues when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." | When does a cause of action accrue? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 7613 | Arthur v. Sexton Dental Clinic, 368 S.C. 326, 334, 628 S.E.2d 894, 898 (Ct. App. 2006) | 5 | Decision whether to conduct a hearing on the issuance of the scheduling order is a matter left to the discretion of the trial judge. | Initially, we reject Appellants contention that Judge Brogdon was required to hold a hearing on the issuance of the scheduling order. Our review of the above-cited rules of civil procedure reveals that the decision of whether to conduct a hearing is a matter left to the discretion of the trial judge. | Is the decision whether to conduct a hearing on the issuance of the scheduling order a matter left to the discretion of the judge? | Not Copyrightable; No Material Appropriation |

| 11756 | Martin Glennon v. First Fid. Bank, N.A., 279 N.J. Super. 48, 57 (App. Div. 1995) | 4 | Under statutes, instrument is converted when it is paid on a forged endorsement, and depository bank warrants to the drawees that all signatures are genuine, also making it liable to the drawer for conversion. N.J.S.A. 12A:3-417(2), 12A:3-419(1)(c). | We start with the propositions that under N.J.S.A. 12A:3-419(1)(c) an instrument is converted when it is paid on a forged endorsement, and a depository bank warrants to the drawees that all signatures are genuine N.J.S.A. 12A:3-417(2), also making it liable to the drawer for conversion | When does conversion of an instrument take place under the UCC? | Not Copyrightable; No Material Appropriation |
| 1031 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117, 119 (1996) | 1 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. | "When deciding a motion to dismiss based on lack of subject matter jurisdiction, must a trial court determine whether the complaint states facts that would vest the court with subject matter jurisdiction?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 5647 | Green v. Cont'l Rentals, 292 N.J. Super. 241, 253, 678 A.2d 759, 764–65 (1994) | 8 | Inclusion of contractual provision that, upon compliance with lease terms, customer shall become owner of property for no additional consideration, identifies agreement as security interest as matter of law. | The inclusion of a contractual provision that upon compliance with the lease terms the customer shall become **765 the owner of the property for no additional consideration, identifies the agreement as a security interest as a matter of law. | When should a customer become an owner of property for no additional consideration? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 5644 | United States v. Cessa, 861 F.3d 121, 140 (5th Cir. 2017) | 23 | Doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency; however, double jeopardy does not apply when a conviction is set aside because of an error in the proceedings leading to conviction. U.S. Const. Amend. 5. | The doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses "on grounds of evidentiary insufficiency." Burks v. United States, 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). However, double jeopardy does not apply when a "conviction is set aside because of an error in the proceedings leading to conviction. | "Does the doctrine of double jeopardy bar retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency?" | Not Copyrightable; No Material Appropriation |

| 8846 | Pontiac Lodge No. 294 v. Dep't of Revenue, 243 Ill. App. 3d 186, 189 (1993) | 4 | Circuit court has reasonable discretion in determining whether to reinstate complaint after it has been dismissed for want of prosecution. | Even when the pleading involved is a criminal complaint, the circuit court has reasonable discretion in determining whether to reinstate such a complaint after it has been dismissed for want of prosecution. | Does a circuit court have reasonable discretion in determining whether to reinstate a complaint after it has been dismissed for want of prosecution? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 13997 | Farmer v. State, 341 Ark. 220, 224 (Ark.,2000) | 4 | Sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. A.C.A. SS 5-14-101(1)(B), 5-14-103. | Indeed, short of a confession or physical evidence, sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. | Can sexual gratification be inferred from the circumstances? | Not Copyrightable; No Material Appropriation |
| 10448 | Morgan v. Crowley, 91 Ga. App. 58, 68 (Ga. Ct. App. 1954) | 14 | A demurrer must itself be free from imperfection, and a special demurrer must put its finger upon exact weakness which it seeks to point out. | As has been frequently said: A demurrer being a critic must itself be free from imperfection, and a special demurrer must, as it were, put its finger upon the exact weakness which it seeks to point out. | Must a special demurrer put its finger on the exact point of weakness? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 15187 | Willowbrook Dev. Corp. v. Illinois Pollution Control Bd., 92 Ill. App. 3d 1074, 1082, 416 N.E.2d 385, 392 (1981) | 7 | Since Pollution Control Board acted unconditionally in granting variance from ban on future connections between sanitary drainage outlets and sewer for 52 of developer's 152 proposed units, while unconditionally denying the variance for the remaining 100 units and since mere fact that Board granted partial variance did not give rise to imposition of a condition on the variance within meaning of Environmental Protection Act, Board's decision to deny variance for 100 of the units was a quasijudicial decision reviewable under the manifest weight of evidence test. S.H.A. ch. 1111/212, SS 1035, 1036. | The Board has acted unconditionally in granting a variance for 52 units at Lake Willow Way, while unconditionally denying a variance for the remaining 100 units. The mere fact that the Board has granted a partial variance does not give rise to a "condition on a variance" within the meaning of section 36 of the Environmental Protection Act (Ill.Rev.Stat.1979, ch. 1111/2, par. 1036). Therefore, the Board's decision to deny a variance for 100 of the units planned for Lake Willow Way must be viewed as a quasi-judicial decision reviewable under the manifest weight of the evidence test.[...] Section 35 of the Environmental Protection Act (Ill.Rev.Stat.1979, ch. 1111/2, par. 1035) provides that the Board may grant a variance when "compliance with any rule or regulation, requirement or order of the Board would impose an arbitrary or unreasonable hardship." | Can the Pollution Control Board grant a variance if a regulation imposes an arbitrary or unreasonable hardship on an individual polluter under Section 35 of the Environmental Protection Act? | Not Copyrightable; No Material Appropriation |
| 19196 | In re Meyer, 563 B.R. 708, 713–14 (Bankr. N.D. Iowa 2017) | 2 | Under Iowa law, a lease is a contract and, as such, is subject to ordinary contract principles. | Under Iowa law, a lease is a contract. *714 Alta Vista Props., LLC v. Mauer Vision Ctr., PC, 855 N.W.2d 722, 727 (Iowa 2014). "Because leases are contracts ... ordinary contract principles apply." | Are leases controlled by the principles of contract law? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 20211 | Bruce v. Landmark Cent. Bank Trust Co., 592 S.W.2d 198, 200 (Mo. Ct. App. 1979) | 1 | Contract of guaranty should be interpreted like other types of contracts; all terms of contract should be given effect. | Contracts of guaranty should be interpreted like other types of contracts. Standard Meat Co. v. Taco Kid of Springfield, Inc., 554 S.W.2d 592, 595 (Mo.App.1977). All terms of the contract should be given effect. | Will a guaranty be treated like other contracts? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 6657 | Schowalter v. Washington Mut. Bank, 275 Ga. App. 182, 183 (2005) | 3 | Purpose of the pretrial order is to determine which of the claims pleaded will actually be tried; claims, issues, and evidence are limited by the order, and the course of the action is thereby narrowed to expedite the proceeding. | The rationale is that the purpose of the pretrial order "is to determine which of the claims pleaded will actually be tried. The claims, issues, and evidence are limited by the order and the course of the action is thereby narrowed to expedite the proceeding." | "What is the purpose of a pretrial order and are claims, issues, and evidence limited by the order?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 9161 | Oak Springs Villas Homeowners Ass'n v. Advanced Truss Sys., Inc., 206 Cal.App.4th 1304, 1307 (Cal. Ct. App. 2012) | 2 | A good faith settlement determination is a non-appealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition. West's Ann.Cal.C.C.P. S 877.6. | A good faith settlement determination is a nonappealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition pursuant to Code of Civil Procedure, section 877.6. | Is good faith settlement determination a non-appealable interlocutory ruling? | Not Copyrightable; No Material Appropriation |
| 18388 | W. Pittsburgh P'ship ex rel. WEHAV Governing Comm'n v. McNeilly, 840 A.2d 498, 503 (Pa. Commw. Ct. 2004) | 4 | An order dismissing an action as to fewer than all plaintiffs is not a final order. Rules App.Proc., Rule 341(b, c), 42 Pa.C.S.A. | It is now well established that an order dismissing an action as to fewer than all plaintiffs is not a final order. | Is an order dismissing an action as to fewer than all plaintiffs not a final order? | Not Copyrightable; No Material Appropriation |

| 3484 | Holly Ridge Assocs. v. N. Carolina Dep't of Env't & Nat. Res., 176 N.C. App. 594, 605 (2006) | 13 | In passing on a motion for a continuance, a trial court must pass on the grounds urged in support of it, and should consider all the facts in evidence, and not act on its own mental impression or facts outside the record. Rules Civ.Proc., Rule 40(b), West's N.C.G.S.A. S 1A-1. | 40(b)), "wisely makes no attempt to enumerate them but leaves it to the judge to determine, in each case, whether 'good cause' for a continuance has been shown." Shankle, 289 N.C. at 483, 223 S.E.2d at 386. "In passing on the motion the trial court must pass on the grounds urged in support of it, and ... should consider all the facts in evidence, and not act on its own mental impression or facts outside the record." Id. | "In passing on a motion for a continuance, should a trial court consider all the facts in evidence, and not act on its own mental impression or facts outside the record?" | Not Copyrightable; No Material Appropriation |
| 9355 | Dye v. Mo. Dep't of Soc. Servs., 476 S.W.3d 359, 363 (Mo. Ct. App. 2015) | 1 | A voluntary dismissal is effective on the date it is filed with the court; consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. Mo. Sup. Ct. R. 67.02(a). | "A voluntary dismissal is effective on the date it is filed with the court." […] "Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action." Id. "The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity." | Do a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action? | Not Copyrightable; No Material Appropriation |

| 19822 | Jordan v. Town of Canton, 265 A.2d 96, 99 (Me. 1970) | 4 | When all reasonable access to public way has been destroyed, property right has been "taken" within meaning of constitutional prohibition against taking private property for public uses without just compensation. M.R.S.A.Const. art. 1, S 21. | we recognize that in a number of states the constitution has been amended to provide that compensation must be paid when private property is 'damaged' as well as 'taken.' We hold, however, that when all reasonable access has been destroyed, the property right has been 'taken' within the meaning of Art. I, Sec. 21. [...] The effect of the statute is to permit an actual or 'de facto' discontinuance of a public way without any accompanying provision for compensation for the 'taking' of private property rights which will almost inevitably result therefrom. In judging whether a statute satisfies constitutional requirements, we look to the possible and not merely the probable consequences which may flow therefrom. | Is there a constitutional requirement that private property not be taken without just compensation? | Not Copyrightable; No Material Appropriation |

| 14150 | Evans v. State, 317 Ark. 532, 539 (Ark. 1994) | 5 | Whether incest victim had subsequent sexual relations with another and whether she initially admitted or denied such conduct to investigating authorities was entirely collateral, and even if there was some relevance to that subsequent conduct, probative value was not substantially outweighed by danger of unfair prejudice. Rule of Evid., Rule 403; A.C.A. S 5-26-202. | Since consent is never an issue in the crime of incest, whether this victim had subsequent sexual relations with another and whether she initially admitted or denied such conduct to investigating authorities is entirely collateral. Nothing in her direct testimony at trial was contradictory to her initial statement. Even if we could say there was relevance to this subsequent conduct, giving due deference to the trial court, as we are pledged to do, we cannot say that the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice. | Is consent an issue in a charge of incest? | Krein Concedes no copying |

| 15710 | In re Manion, No. 07-08-0318-CV, 2008 WL 4180294, at *3 (Tex. App. Sept. 11, 2008) | 1 | The trial court did not abuse its discretion in ordering discovery of financial records in a contract and tort suit involving the care and breeding of horses. The record contained no indication that the documents were confidential or privileged, and the party seeking to avoid discovery failed to cite any authority in support of a constitutional privacy right in one's personal financial records. | Freeman also alleges Manion served as Stallion Manager from 1983 until the present. Therefore, the record does not support a conclusion that the trial court abused its discretion by ordering the discovery of Manion's financial documents from 2000 to the present. [. . . ] Once again, the record fails to establish any basis on which to exclude these documents from discovery.2 [ . . . ]Manion cites no authority in support of an asserted constitutional right to privacy, and it has previously been determined there is no constitutionally protected privacy right in one's personal financial records. Having determined that the trial court did not abuse its discretion in ordering discovery, we deny mandamus relief, vacate our stay order, and declare Freeman's Emergency Motion for Stay of Underlying Proceedings filed September 5, 2008, moot. | Do financial records have a constitutional right to privacy? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 6909 | Shipe v. Pub. Wholesale Water Supply Dist. No. 25, 289 Kan. 160, 160  (2009) | 6 | If a party does not have standing to challenge an action or to request a particular type of relief, then there is no justiciable case or controversy and the suit must be dismissed. | If a party does not have standing to challenge an action or to request a particular type of relief, then there is no justiciable case or controversy and the suit must be dismissed. | Should a suit be dismissed if a party does not have standing to challenge an action or to request a particular type of relief? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10753 | Trendmark Homes, Inc. v. Bank of N. Ga., 314 Ga. App. 886, 888 (Ga. Ct. App. 2012) | 4 | Because a promissory note is an unconditional promise, and the contract is complete as written, parol evidence may not be used to impose conditions which are not apparent from the face of the note. | "It is well established that [such] a promissory note may not be modified by the imposition of conditions not apparent on its face.... The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note." | Can a promissory note be modified by imposition of conditions which are not apparent on its face? | Not Copyrightable; No Material Appropriation |
| 13772 | Kidd v. Commonwealth, 273 Ky. 300, 116 S.W.2d 636, 638 (1938) | 5 | The word "break" implies force, and, as used in the storehouse breaking statute, it has the same well-known and definite meaning as at common law with reference to the crime of burglary. Ky.St. S 1164. | But the word "break" implies force. McFarland v. Commonwealth, 227 Ky. 411, 13 S.W.2d 277. As used in the statute, it has a well-known and definite meaning at common law with reference to the crime of burglary, and the same definitions apply to this statute. | What does the word break denote in the context of burglary? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 18125 | Bob Marshall All. v. Hodel, 852 F.2d 1223, 1229–30 (9th Cir. 1988) | 5 | Decision by federal agencies not to issue oil and gas leases in designated wilderness of national forest would not be equivalent to formal "withdrawal" of wilderness from mineral leasing under Federal Land Policy and Management Act, but would constitute legitimate exercise of discretion granted to Interior Secretary under Mineral Leasing Act. Federal Land Policy and Management Act of 1976, S 204, 43 U.S.C.A. S 1714; Mineral Lands Leasing Act, SS 1 et seq., 17(a), 30 U.S.C.A. SS 181 et seq., 226(a). | Kohlman argues that if the agencies had either denied or deferred action on the Deep Creek lease applications, their action would have constituted an illegal administrative "withdrawal" of Deep Creek from mineral leasing.5 [...] We fail to see how a decision not to issue oil and gas leases on Deep Creek would be equivalent *1230 to a formal withdrawal. [...] Yet as the court acknowledged, the Mineral Leasing Act gives the Interior Secretary discretion to determine which lands are to be leased under the statute. 30 U.S.C. § 226(a) (1982); see Mountain States, 499 F.Supp. at 391–92. We have held that the Mineral Leasing Act "allows the Secretary to lease such lands, but does not require him to do so.... [T]he Secretary has discretion to refuse to issue any lease at all on a given tract." [...]Thus refusing to issue the Deep Creek leases, far from removing Deep Creek from the operation of the mineral leasing law, would constitute a legitimate exercise of the discretion granted to the Interior Secretary under that statute. | Does the Mineral Leasing Act allow the Secretary to lease such lands but does not require him to do so? | Not Copyrightable; No Material Appropriation |
| 7323 | Wilson v. Comm'r, 161 F.2d 661, 664 (7th Cir. 1947) | 5 | Generally, a "partnership" is created when persons join together their money, goods, labor, or skill for purpose of carrying on a trade, profession, or business, and when there is a community of interest in profits and losses. | A partnership is generally said to be created when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses.' | "Are money, property, skill and labor required in a partnership?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 427 | State v. Vanlue, 216 S.W.3d 729, 733 (Mo. Ct. App. 2007) | 1 | Appellate courts are wary of claims that a trial court erred in failing to sua sponte make objections and rulings in the closing argument of a criminal case; to convict a trial court of an error not put forth by the defendant allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal. | " 'Appellate courts are wary of claims that a trial court erred in failing to ... sua sponte [make objections and rulings] in [closing argument of] a criminal case.' " State v. Taylor, 166 S.W.3d 599, 608 (Mo.App.2005) (quoting State v. Derrick, 965 S.W.2d 418, 419 n. 1 (Mo.App.1998)) (emphasis added). " 'To convict a trial court of an error, not put forth by the defendant ... allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal.' " Taylor, 166 S.W.3d at 608 (quoting State v. Tilley, 104 S.W.3d 814, 819 (Mo.App.2003)). | Are appellate courts especially wary of a claim that the trial court failed to declare a mistrial sua sponte? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 10073 | Schmidt v. Cal-Dive International, 240 F. Supp. 3d 532, 542 (W.D. La. 2017) | 9 | Under Louisiana law, when the words at issue are not defamatory per se, plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice or fault, and injury. | When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice (or fault) and injury. | What does the plaintiff need to prove when the words at issue are not defamatory per se? | Not Copyrightable; No Material Appropriation |
| 9545 | Xylem Dewatering Sols., Inc. v. Dir., Div. of Tax'n, 30 N.J. Tax 41, 67 (2017), as corrected (Apr. 10, 2017) | 12 | The federal constitution places limits on a State's power to tax value earned outside of its borders. | "The Constitution places limits on a State's power to tax value earned outside of its borders." | Does the federal constitution place limits on a State's power to tax value earned outside of its borders? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11493 | Pauls v. Sec'y of Air Force, 457 F.2d 294, 297 (1st Cir. 1972) | 1 | Military officers serve at pleasure of the President and have no constitutional right to be promoted or retained in service and the services of an officer may be terminated with or without reason. | It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service and that the services of an officer may be terminated with or without reason. | Can a military officer be terminated with or without reason? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 14718 | Nunez v. Burgos, 215 So. 3d 931, 934 (La. Ct. App. 2017) | 5 | Abandonment is meant not as a ground to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. La. Code Civ. Proc. Ann. art. 561. | As previously stated, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. | Is abandonment not meant to dismiss actions on mere technicalities? | Not Copyrightable; No Material Appropriation |
| 3841 | Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198, 201 (Iowa 1971) | 5 | Motion in limine is not ordinarily employed to choke off entire claim or defense but it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until admissibility of that matter has been shown out of hearing of jury, and trial courts would ordinarily be well advised to require evidentiary hearing on motion if its validity or invalidity is not manifest from face of motion. | Moreover, the motion in limine is not ordinarily employed to choke off an entire claim or defense, as it was here regarding arson. Rather, it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until the admissibility of that matter has been shown out of the hearing of the jury. E.g., Mead v. Scott, 256 Iowa 1285, 130 N.W.2d 641 (previous accidents); Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312 (collateral benefits and marital trouble); Baysinger v. Haney, 155 N.W.2d 496 (Iowa) (indirect revelation of contents of privileged report). [...] Since no one knows exactly how the trial will proceed, trial courts would ordinarily be well advised to require an evidentiary hearing on the motion when its validity or invalidity is not manifest from the face of the motion. | "Should a motion in limine be used to ""choke off"" a party's entire claim or defense?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10933 | Allen v. Phinney Oil Co., 241 S.C. 173, 180 (S.C. 1962) | 5 | Courts may not enlarge meaning of terms of Workmen's Compensation Act or extend by construction its scope so as to include persons not embraced by its terms. | However, the Courts are without authority to enlarge the meaning of the terms of the act or to extend by construction its scope so as to include persons not embraced by its terms, and one who seeks to avail himself of the act must come within its terms. | "In workmens compensation, may the courts enlarge the meaning of the terms in the law?" | Krein Concedes no copying |
| 3674 | Kraft v. Forest Park Realty & Ins. Co., 111 Ga.App. 621, 626 (Ga.App. 1965) | 9 | If a dismissal for want of prosecution is entered erroneously or improvidently, court may reinstate it upon motion without notice to or consent of defendant. | If a dismissal for want of prosecution is entered erroneously or improvidently, the court may reinstate it upon motion without notice to or the consent of the defendant. | "If a dismissal for want of prosecution is entered erroneously or improvidently, can a court reinstate it upon motion without notice to or consent of defendant?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 1864 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (Mass., 1994) | 2 | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | When a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct. The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct. Dismissal of claims or of an entire action may be warranted by the fraud, see, e.g., Aoude, supra at 1118, as may be the entry of a default judgment, see, e.g., Eppes v. | "When faced with a finding of fraud on the court, does the judge have broad discretion to fashion a judicial response warranted by the fraudulent conduct?" | Not Copyrightable; No Material Appropriation |

| 2019 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713, 715 (Tex. App. 2006) | 3 | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | The equitable subrogation allows a person, not acting voluntarily, who pays the debt owed by another to seek repayment of that debt by the person who in equity and good conscience should have paid it. | Does the equitable subrogation doctrine allow one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it? | Not Copyrightable; No Material Appropriation |
| 7900 | Baker v. Forest Pres. Dist. of Cook Cty., 2015 IL App (1st) 141157, ¶ 39, 33 N.E.3d 745, 752 | 15 | Special districts, like a county's Forest Preserve District (FPD), are creations of the Legislature and the statutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction. S.H.A. Const. Art. 7, S 8. | Special districts, like the FPD, are creations of the legislature and the "[s]tatutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction." Forest Preserve District v. Jirsa, 336 Ill. 624, 628, 168 N.E. 690 (1929); Ill. Const., 1970, art. VII 8. | Are Forest Preserve District (FPD) creations of the legislature and should the statutes granting power to them be strictly construed? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19894 | Mississippi Comm'n on Jud. Performance v. Ishee, 627 So. 2d 283, 288 (Miss. 1993) | 5 | Justice court judge's failure to resign from office while running for office of circuit clerk violates prohibition against running for nonjudicial office while holding office as judge; office of circuit clerk was nonjudicial, notwithstanding constitutional placement of office within judicial branch. Code of Jud.Conduct, Canon 7, subd. A(3); Const. Art. 6, S 168. | In Feltz v. Crabtree, 179 W.Va. 524, 370 S.E.2d 619 (1988), the West Virginia Supreme Court of Appeals held that the office of circuit clerk was not a judicial office. This case arose in much the same way as the case sub judice. A magistrate received notice that he was required to resign his position in order to seek the office of circuit clerk. The magistrate was removed from the payroll pursuant to that directive. By a petition for writ of mandamus, the magistrate asked to be reinstated. Canon 7 A(3) of the Judicial Code of Ethics in West Virginia is identical to our Canon 7 A(3). Furthermore, this was a case of first impression defining the term "judicial office." Article VIII, W.Va. Const. created the office of the circuit clerk within the judicial system. Feltz concluded that the office of circuit clerk is not a "judicial office" as used in Art. VIII, § 7, W.Va. Const. and Canon 7 A(3). | Is the office of circuit clerk a judicial office? | Not Copyrightable; No Material Appropriation |
| 4992 | Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1044 (C.A.9 (Cal.),2009) | 2 | In determining whether parties have agreed to arbitrate dispute, federal court applies general state-law principles of contract interpretation, while giving due regard to federal policy in favor of arbitration by resolving ambiguities as to scope of arbitration in favor of arbitration. 9 U.S.C.A. S 1 et seq. | In determining whether parties have agreed to arbitrate a dispute, we apply "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." | What laws do courts apply to contract disuptes in arbitration proceedings? | Krein Concedes no copying |

| | | | | | | |
|---|---|---|---|---|---|---|
| 16408 | Jaynes v. Commonwealth, 276 Va. 443, 459, 666 S.E.2d 303, 311 (2008) | 10 | "Trespass" is the unauthorized use of or entry onto another's property. | Trespass is the unauthorized use of or entry onto another's property. | Is the unauthorized use of or entry onto another's property a trespass? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 1332 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Is entry of non pros proper if party to proceeding has shown want of due diligence by failing to proceed with reasonable promptness? | Not Copyrightable; No Material Appropriation |
| 99 | Long v. Elborno, 376 Ill. App. 3d 970, 979 (Ill. App. Ct. 2007) | 7 | A court must consider the following seven factors in determining whether to grant a motion to dismiss based on the plaintiff's alleged failure to exercise reasonable diligence in serving a summons and complaint: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b); S.H.A. 735 ILCS 5/2-622(a)(1, 2). | The supreme court in Segal identified the following seven factors a court must consider when determining whether to grant a Rule 103(b) motion: "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action* * *; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." | Should courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence? | Not Copyrightable; No Material Appropriation |

| 14132 | Piven v. Comcast Corp., 397 Md. 278, 285 (2007) | 2 | Transitory actions can ordinarily be brought wherever the defendant works, lives, or has a principal office. | Maryland has long recognized a distinction between local actions, which must be brought where the subject matter *285 of the action is located, and transitory actions, which ordinarily may be brought wherever the defendant works, lives, or has a principal office. | Can transitory actions be brought where the defendant works or lives? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 2898 | In re Advanced Powder Sols., 496 S.W.3d 838, 854 (Tex. App. 2016) | 26 | When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. | When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. | "When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, does a duty to preserve evidence arise?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |
| 1374 | Matter of Safriet, 112 N.C. App. 747, 751 (1993) | 2 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | Before ruling on a motion for a continuance, the judge should hear the evidence, pro and con, consider it judicially, along with whether the moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice. | Should a judge find out whether moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 9179 | Moore v. Scott, 759 S.W.2d 827, 830 (Ky. Ct. App. 1988) | 8 | Principal has power to revoke naked power of attorney and agent has power to renounce, although doing so is in violation of contract between the parties and although authority is expressed to be irrevocable; statement in contract that authority cannot be terminated by either party is effective only to create liability for its wrongful termination. | The principal has power to revoke and the agent has power to renounce, although doing so is in violation of a contract between the parties and although the authority is expressed to be irrevocable. A statement in a contract that the authority cannot be terminated by either party is effective only to create liability for its wrongful termination. | Can Agency be terminated due to renunciation by an agent? | Not Copyrightable; No Material Appropriation |

| 19445 | Stockgrowers' Nat. Bank of Cheyenne v. Crosby, 39 Wyo. 454, 273 P. 679, 681 (1929) | 2 | Note may be assigned without writing to transfer ownership to assignee and enable assignee to sue thereon without indorsement. | It need not even be in writing, and appellant could become the owner of the note in suit by such assignment so as to become the real party in interest and so as to sue thereon in its own name without any indorsement on the note. | Does an assignment need to be in writing and endorsed? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 18408 | Guild v. Herrick, 51 N.Y.S.2d 326, 330-31 (N.Y. Sup. Ct. 1944) | 8 | Where some members of stock brokerage firm knew or should have known that customer's securities were being improperly manipulated in course of partnership business, other partners could not escape liability on ground that they had no knowledge of the manipulations. Partnership Law, S 24. | The Court also finds that the partners of Herrick, Berg & Co. knew or should have known, from their own books and records, that at the time Charles became a partner in the firm he did not have his own money to make such contribution of capital and that plaintiff's securities were used to enable him to get the $25,000 which he contributed to the firm's capital. [. . . ] The defendants also contend that they are not liable because they had no knowledge of the manipulations of plaintiff's securities. Partners are individually responsible for torts by a firm when acting within the general scope of its business, whether they personally participated therein or not. [...] Partners are individually responsible for torts by a firm when acting within the general scope of its business, whether they personally participated therein or not. As held in Kavanaugh v. McIntyre, 210 N.Y. 175, at page 183, 104 N.E. 135, 137, the individual members of a conpartnership are liable for torts of which they have no knowledge, committed by any member | "Are individual members of a partnership held responsible for torts they had no knowledge of, committed by any member of the firm in the course of partnership business?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 13237 | Shockey v. Pelfrey, 314 Ky. 441, 444, 235 S.W.2d 1017, 1018 (1951) | 1 | An exhibit forms a part of a pleading and may aid and cure an allegation which is vaguely, indefinitely and defectively stated, but exhibit cannot supply an averment which has been wholly omitted. Civ.Code Prac. S 120. | An exhibit forms a part of the pleading by the express language of the Civil Code of Practice, and it may aid and cure an allegation in the pleading vaguely, indefinitely and defectively stated. Tackett v. Pickeville Supply & Planing Mill Co., 249 Ky. 835, 61 S.W.2d 881; Newport & Dayton Lumber Co. v. Lichtenfeldt, 72 S.W. 778, 24 Ky.Law Rep. 1969. It cannot, however, supply an averment which has been wholly omitted. | Can an exhibit cure or aid a defective allegation? | Not Copyrightable; No Material Appropriation |
| 1631 | League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755, 768 (C.D. Cal. 1995) | 12 | Even if state law related to immigration is not impermissible regulation of immigration, it may still be preempted if there is showing that it was clear and manifest purpose of Congress to effect complete ouster of state power, including state power to promulgate laws not in conflict with federal laws with respect to subject matter which statute attempts to regulate; statute is preempted where Congress intended to occupy the field which statute attempts to regulate. | Under the second test, even if the state law is not an impermissible regulation of immigration, it may still be preempted if there is a showing that it was the "clear and manifest purpose of Congress" to effect a "complete ouster of state power- including state power to promulgate laws not in conflict with federal laws" with respect to the subject matter which the statute attempts to regulate. Id. at 357, 96 S.Ct. at 937. In other words, under the second test, a statute is preempted where Congress intended to "occupy the field" which the statute attempts to regulate. | Are state statutes relating to immigration preempted by federal law? | Not Copyrightable; No Material Appropriation |
| 17390 | First National Bank of Fredonia v. Meadows, 460 S.W.2d 604, 606 (Mo. 1970) | 2 | Kansas Negotiable Instruments Act has no application to a nonnegotiable instrument, but it does not follow that an action may not be declared on as if negotiable. K.S.A. 84-3-407, 84-4-401, 84-8-206. | Of course, the negotiable instruments act has no application to a nonnegotiable instrument (10 C.J.S. Bills and Notes s 12, p. 423) but it does not follow that an action may not be 'declared on as if negotiable.' | Does the Uniform Negotiable Instruments Act apply to nonnegotiable instruments? | Not Copyrightable; No Material Appropriation |

| 14406 | Michigan Employment Sec. Comm'n v. Patt, 4 Mich. App. 228, 233 (Mich. Ct. App. 1966) | 3 | Essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | 68: '* * * the essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority'.' | Is tax a voluntary payment or donation? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 10779 | Nw. Mut. Life Ins. Co. v. State Bd. of Equalization, 73 Cal. App. 2d 548, 551, 166 P.2d 917, 919 (1946) | 3 | There is a broad and well recognized distinction between a tax levied for general governmental or public purposes, and a special assessment levied for improvements made under special laws of a local character. | 'There is a broad and well-recognized distinction between a tax levied for general governmental or public purposes, and a special assessment levied for improvements made under special laws of a local character.' | Is there a broad distinction between a tax and a special assessment? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 8972 | Clouser v. Espy, 42 F.3d 1522, 1539 (C.A.9 (Or.),1994) | 13 | Forest Service did not act arbitrarily and capriciously underAdministrative Procedure Act (APA) in determining that motorized access to mining claim in wilderness area of national forest was not essential for operation of claim and not customarily used as required for approval of motorized access under Forest Service regulations; Forest Service examiner had used pack horse to carry same equipment to claim, and access trails had been closed to motorized traffic for over ten years so that they were returning to natural condition. 5 U.S.C.A. S 706(2)(A); 36 C.F.R. S 228.15(b, c) | It is true our circuit has held that Forest Service regulation of activities on mining claims must comport with the standard set out in 30 U.S.C. § 612. See United States v. Doremus, 888 F.2d 630, 633 (9th Cir.1989) (upholding Forest Service requirement that claim holders obtain permit before beginning operations on grounds that such Forest Service regulation did not "materially interfere" with mining operation), cert. denied, 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 772 (1991). [...] We therefore affirm the district court's rejection of this argument on the ground that the "materially interfere" standard of 30 U.S.C. § 612 does not apply to actions taken by the government to regulate mining-related activities that occur on national forest lands outside of the boundary of the mining claim. | Is the Forest Service authorized to interfere with mining claims? | Not Copyrightable; No Material Appropriation |
| 10962 | Farrell v. State, 364 Md. 499, 506 (Mass. 2001) | 5 | An intentionally rendered verdict of not guilty is final and precludes, under common law, any further prosecution for the same offense. | In holding that an intentionally rendered verdict of "not guilty" is final and precludes, under Maryland common law, any further prosecution for the same offense… | "Is an intentionally rendered verdict of not guilty final and precludes, under common law, any further prosecution for the same offense?" | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 5889 | Barlow & Haun v. United States, 118 Fed. Cl. 597, 616 (2014) | 17 | A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. U.S.C.A. Const. Amend 5. | "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." | "Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, is the claim ripe for review?" | Not Copyrightable; No Material Appropriation |
| 13590 | Commissioner of Revenue v. Franchi, 423 Mass. 817, 822 (Mass. 1996) | 2 | General rule is that tax statutes are to be strictly construed according to their plain meaning, as State has no power to tax unless that power has been expressly conferred by statute. | The general rule is that tax statutes are to be strictly construed according to their plain meaning, as the State has no power to tax unless that power has been expressly conferred by statute. | Does the State have the power to tax? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 18135 | Wheeling Steel Corp. v. Glander, 337 U.S. 562, 572, 69 S. Ct. 1291, 1297, 93 L. Ed. 1544 (1949) | 7 | Under Ohio law, tax on intangibles such as notes and accounts receivable is not a franchise, privilege, occupation, or income tax, but is an ad valorem property tax. Gen.Code Ohio, SS 5325-1, 5327, 5328-1, 5328-2, 5638. | Ohio holds this tax on intangibles to be an ad valorem property tax, Bennett v. Evatt, 145 Ohio St. 587, 62 N.E.2d 345, and in no sense a franchise, privilege, occupation or income tax. | "Is a tax on intangibles an ""ad valorem tax""?" | Not Copyrightable; No Material Appropriation |
| 6390 | Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995) | 2 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant, taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. | Will all conflicts in the evidence be disregarded and the evidence favorable to the nonmovant will be accepted as true when deciding summary judgment? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7641 | Canal Oil Co. v. Nat'l Oil Co., 19 Cal. App. 2d 524, 535, 66 P.2d 197, 202 (1937) | 10 | Liberality should be exercised in granting postponements of trials to obtain presence of material evidence and to prevent miscarriages of justice. West's Ann.Code Civ.Proc. S 595, as amended by St.1933, p. 1873. | It is true that liberality should be exercised in granting postponements of trials to obtain the presence of material evidence and to prevent miscarriages of justice, but, in the interest of expediting litigation to prevent injustice and to procure orderly procedure, the granting or denial of a continuance will not be disturbed on appeal except for an abuse of discretion on the part of the trial judge. | Should liberality be exercised in granting postponements or continuances of trial to obtain material evidence and to prevent miscarriage of justice? | Not Copyrightable; No Material Appropriation |
| 16763 | Klinge v. Ithaca Coll., 167 Misc. 2d 458, 464, 634 N.Y.S.2d 1000, 1004 (Sup. Ct. 1995), aff'd as modified, 235 A.D.2d 724, 652 N.Y.S.2d 377 (1997) | 7 | Where a college has adopted a rule, the law requires substantial compliance. | Where a college has adopted a rule, the law requires substantial compliance (Tedeschi v. Wagner College, 49 N.Y.2d 652, 660, 427 N.Y.S.2d 760, 404 N.E.2d 1302). | "If a college adopts a rule, does the law require substantial compliance?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |
| 21624 | Litz v. Maryland Dep't of Env't, 446 Md. 254, 277–78, 131 A.3d 923, 937 (2016) | 10 | Tort of trespass is subject to the notice of claim requirement of the Local Government Tort Claims Act. West's Ann.Md.Code, Courts and Judicial Proceedings, S 5-304(d). | We are tasked here, however, with determining whether the LGTCA's notice requirement applies to the trespass *278 claim. The Court of Special Appeals determined that a trespass claim is considered a tort subject to the LGTCA. We agree. | What is a trespass? | Not Copyrightable; No Material Appropriation |
| 21852 | Anderson v. State, 21 Okla. Crim. 135 | n/a | A county court is without jurisdiction to try municipal offenses. | Krein's headnote not found using judicial opinion | "Will an application for a continuance on the ground of the absence of leading counsel be denied, where the defendant is duly represented by his other counsel?" | Krein Concedes no copying; Not Copyrightable (no headnote in opinion) |

| 7327 | Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463, 500–01, 99 S. Ct. 740, 761, 58 L. Ed. 2d 740 (1979) | 12 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | It is settled that "the unique legal status of Indian tribes under *501 federal law" permits the Federal Government to enact legislation singling out tribal Indians, legislation that might otherwise be constitutionally offensive. Morton v. Mancari, 417 U.S. 535, 551–552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290. States do not enjoy this same unique relationship with Indians, but Chapter 36 is not simply another state law. | What is the status of Indian nations or tribes? | Not Copyrightable; No Material Appropriation |
| 15716 | Canning v. N.L.R.B,  705 F.3d 490, 500 (D.C. Cir. 2013) | 7 | When interpreting a constitutional provision, court must look to the natural meaning of the text as it would have been understood at the time of the ratification of the constitution. | When interpreting a constitutional provision, we must look to the natural meaning of the text as it would have been understood at the time of the ratification of the Constitution. | How should a statute or constitutional provision be interpreted? | Not Copyrightable; No Material Appropriation |
| 6649 | In re Advanced Powder Sols., 496 S.W.3d 838, 853–54 (Tex. App. 2016) | 24 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | A person has a duty to preserve evidence "only when a party knows *854 or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." | When does law impute a person a duty to preserve evidence in its possession or control that will be material and relevant to that claim? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 11630 | State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477, 480 (Tex. App. 1987), writ denied (Mar. 23, 1988) | 4 | Assignee obtains only right, title and interest of his assignor at time of assignment and thus, may recover only those damages potentially available to assignor. | An assignee obtains only the right, title, and interest of his assignor at the time of his assignment, and no more. Houchins v. Scheltz, 590 S.W.2d 745, 751 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); Carter v. Associates Discount Corp., 550 S.W.2d 399, 401 (Tex.Civ.App.—Amarillo 1977, no writ). Accordingly, an assignee may recover only those damages potentially available to his assignor. | What rights does an assignee obtain from the assignor at the time of assignment? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 13302 | Hoffmann v. T.J. Ronan Co., 275 A.D. 57, 60, 87 N.Y.S.2d 585, 588 (App. Div. 1949) | 4 | In equity action, state of facts existing at time of trial, not at commencement of action, controls. | In actions in equity, the state of facts existing at the time of the trial controls, not at the commencement of the action. | "In actions in equity, does the state of facts existing at the time of the trial control?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 19877 | State v. Benge, 272 N.C. 261, 263 (1967) | 1 | "Manslaughter" is the unlawful killing of a human being without malice and without premeditation or deliberation. | Manslaughter is the unlawful killing of a human being without malice and without premeditation or deliberation. | What is manslaughter? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 3284 | Cramer v. U.S., 65 S.Ct. 918, 934–35, 325 U.S. 1, 34–35 (U.S., 1945) | 9 | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | The very minimum function that an overt act 43 must perform in a treason **935 prosecution is that it show sufficient action by the accused, in its setting, to sustain a finding that the accused actually gave 44 aid and comfort to the enemy. | Can an overt act in a treason prosecution be used to determine whether the accuseds action was an aid and comfort to the enemy? | Not Copyrightable; No Material Appropriation |
| 12322 | Fenton v. Thompson, 352 Mo. 199, 210 (Mo. 1944) | 17 | The taking of a nonsuit is essentially the act of the plaintiff rather than of the court, which records and gives sanction to plaintiff's act. V.A.M.S. SS 510.130, 510.150. | The taking of a nonsuit is essentially the act of the plaintiff rather than of the court, which records and gives sanction to the plaintiff's act.' | Is the taking of a nonsuit an act of a plaintiff or of a court which records and gives sanction to the plaintiff's act? | Not Copyrightable; No Material Appropriation |
| 8894 | Torres v. Rios, 869 S.W.2d 555, 556 (Tex.App. Corpus Christi,1993) | 2 | Trial court has authority to dismiss cause for want of prosecution pursuant to court's inherent powers as well as under rules of procedure. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court is expressly vested with the authority to dismiss a cause for want of prosecution under our rules of procedure. See TEX.R.CIV.P. 165a. The same authority exists pursuant to the court's inherent powers. | Does the trial court have authority to dismiss cause for want of prosecution pursuant to court's inherent powers? | Not Copyrightable; No Material Appropriation |

| 19641 | Hoppe v. Russo-Asiatic Bank, 200 A.D. 460, 465, 193 N.Y.S. 250, 254 (App. Div. 1922), aff'd, 235 N.Y. 37, 138 N.E. 497 (1923) | 2 | Motives influencing assignor in making assignment, or the consideration does not affect validity of assignment as against debtor. | As to the motive of the assignor in making the assignment or the consideration given therefor, it is well settled (5 Corp. Juris, 940) that 'it is of no importance to the debtor what motives influence the assignor in making the assignment | Is the motive influencing an assignment important? | Not Copyrightable (expired); No Material Appropriation |
|---|---|---|---|---|---|---|
| 19745 | Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003) | 2 | Mortgagee's security interest did not become automatically void upon mortgagors' notice that they were exercising their right to rescind loan based upon mortgagee's alleged failure to disclose their right to cancel and alleged inaccurate disclosure of appraisal fees in violation of TILA, where mortgagee contested mortgagors' right to rescind and presented evidence that it did not violate TILA. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b); 12 C.F.R. S 226.23. | If BNY had acquiesced in Tampon's notice of rescission, then the transaction would have been rescinded automatically, thereby causing the security interest to become void and triggering the sequence of events laid out in subsections (d)(2) and (d)(3). But here, BNY contested the notice and produced evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements. In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any. Rather, under the statute and the regulation, the security interest "becomes void" only when the consumer "rescinds" the transaction. In a contested case, this happens when the right to rescind is determined in the borrower's favor. | When can the obligor exercise his right of rescission? | Not Copyrightable; No Material Appropriation |

| 9918 | Shaw v. Nat Cty Mut Fire Ins. Co., 723 S.W.2d 236, 238 (Tex. App. 1986) | 2 | Admission once admitted, deemed or otherwise, is judicial admission and party may not then introduce controverting testimony in any legal proceeding related to action. | An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce controverting testimony in any legal proceeding related to the action. | "Are deemed admissions, resulting from a party's failure to answer a request for admissions, judicial admissions and may not be controverted with testimony?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 6478 | Wasko v. Manella, 849 A.2d 777, 781 (Conn. 2004) | 4 | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | The object of [legal or equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.... | Is prevention of injustice the object of subrogation? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 8595 | Thomas v. Giant, 174 Md. App. 103, 113 (2007) | 5 | Workers' compensation benefits are a creature of statute, and when the controlling enactments are clear, they must guide the outcome. West's Ann.Md.Code, Labor and Employment, S 9-101 et seq. | Thomas characterizes this result as a boon to Giant, which need not pay Workers' compensation benefits are a creature of statute, however, and when the controlling enactments are clear, they must guide the outcome. | "Are workers compensation benefits a creature of statute, and when the controlling enactments are clear, must they guide the outcome?" | Not Copyrightable; No Material Appropriation |

# EXHIBIT H

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 31 | is promissory estoppel an equitable doctrine that sounds in contract rather than tort? | Promissory estoppel is an equitable doctrine that sounds in contract rather than tort, for purposes of applying New York choice-of-law rules to such claim. | [11] [12] ¶ 88 " '[P]romissory estoppel is a doctrine under which the plaintiff may recover without the presence of a contract.' " Newton, 233 Ill.2d at 53, 329 Ill.Dec. | 1 | 4 | ROSS-000000047, ROSS-003281283 | TR-0584355 | TR-0747397 | Question reflects holding and the general rule of law applied in case; the question does not include reference to "New York choice-of-law-rules" as does the headnote, and is therefore, substantively different. |
| 38 | are actions for breach of the implied covenant of good faith and fair dealing generally limited to contract damages? | Under California law, actions for breach of the implied covenant of good faith and fair dealing are generally limited to contract damages. | GSS alleges state law causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion. The County moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), and oral argument was heard on August 1, 2011. | 1 | 3 | ROSS-000000061, ROSS-003295133 | TR-0726531 | TR-0865518 | Question reflects holding and the general rule of law applied in case; the question does not include the limitation of "Under California law" as does the headnote, and is therefore, substantively different. |
| 263 | after the attachment of jeopardy, should there be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction? | After the attachment of jeopardy, there must be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction, in order for double jeopardy protections to apply to subsequent proceedings. U.S.C.A. Const.Amend. 5. | [21] [22]  The protections provided by the Double Jeopardy Clause do not "alter the fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy." Id. at 393, 95 S.Ct. at 1065. As jeopardy does not attach until a *241  defendant is put before the trier of fact, the constitutional prohibitions cannot be applied to judicial proceedings where no prosecution occurs. | 1 | 4 | ROSS-003278500 | TR-0639882 | TR-0636912 | Question reflects holding and the general rule of law applied in case; question makes no reference "to apply to subsequent proceedings," nor does if reference "U.S.C.A. Const.Amend. 5." Thus, the headnote and the question are substantively different. |
| 278 | does a defendant's failure to object to mistrial not constitute implied consent to mistrial, if a defendant had no opportunity to object? | Defendant's failure to object to mistrial does not constitute implied consent to mistrial, if defendant had no opportunity to object. U.S.C.A. Const.Amend. 5. | Given the brevity of the record of the circumstances attendant to the declaration of the mistrial, the only circumstance suggesting consent is Harrison's failure to object to the trial court's action. Before such failure constitutes an implied consent to the mistrial, however, Harrison must have been given an adequate opportunity to object. | 1 | 3 | ROSS-003278546 | TR-0638360 | TR-0551604 | Question reflects holding and the general rule of law applied in case; question makes no reference to "U.S.C.A. Const.Amend. 5." Thus, the headnote and the question are substantively different. |
| 310 | do courts allow some overlap between motions filed under rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint? | Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record; however, courts allow some overlap between motions filed under these rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint. S.H.A. 735 ILCS 5/2-615, 5/2-619. | 3d DCA 2010) (reversing dismissal with prejudice where trial court considered facts other than those alleged in complaint). [6] [7]  Affirmative defenses, such as statute of limitations and laches, are generally matters raised in an answer and not a motion to dismiss. Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987). However, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted. | 2 | 4 | ROSS-003278631 | TR-0829733 | TR-0881121 | Question reflects holding and the general rule of law applied in case; question contains no reference to "Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record," as does the headnote. Therefore the question and headnote are factually and substantively different. |
| 419 | is a motion to dismiss based on a contractual forum selection clause properly pleaded as a motion to dismiss for failure to state a claim? | A motion to dismiss based on a contractual forum selection clause is properly pleaded as a motion Civ.Proc., Rule 12(b)(6), 47 M.G.L.A. | Standard of Review [2] [3] [4] [5] [6] "[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. | 1 | 3 | ROSS-003278922 | TR-0576944 | TR-0684981 | Question reflects holding and the general rule of law applied in case; question does not contain citation to "Rules Civ.Proc., Rule 12(b)(6), 47 M.G.L.A." Nor does the case opinion, which refers to a different rule, "Rule 12(b)(3), Ala. R. Civ. P." Therefore the question and headnote are factually and substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 496 | does a dismissal for failure to state claim bar a subsequent action and generally involves merits of action? | Dismissal for failure to state claim bars subsequent action and generally involves merits of action. Rules Civ.Proc., Rule 12(b)(5). | *375  STANDARD FOR REVIEWING MOTION TO DISMISS [2] [3] [4] [5]  Our review of a trial court's dismissal for failure to state a claim upon which relief can be granted involves a de novo consideration on our part as to whether the petition is legally sufficient. | 1 | 3 | ROSS-003279131 | TR-0798774 | TR-0734903 | Question reflects holding and the general rule of law applied in case; question does not contain citations to "Rules Civ.Proc., Rule 12(b)(5)." Nor does the case opinion. |
| 508 | is the cumulative remedies provision in a rule governing dismissal for want of prosecution and reinstatement limited to other viable procedures and remedies which are not inherently inconsistent? | Cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement is limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in rule itself. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Nevertheless, appellees contend the notice in this case permitted the trial judge to dismiss under the court's inherent authority because rule 165a(4) "speaks of the Trial Court's inherent authority." Rule 165a(4) addresses cumulative remedies and provides that the "same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." TEX.R. | 1 | 4 | ROSS-003279160 | TR-0691126 | TR-0797211 | Question reflects holding and the general rule of law applied in case; question does not contain references to, "procedures set forth in rule itself," or citations to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4," as does the headnote. Therefore the question and headnote are factually and substantively different. |
| 523 | are motions to dismiss a complaint for failure to state a claim upon which relief can be granted not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure? | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure. Rules Civ.Proc., Rule 12.02(6). | [3] [4] [5] ¶ 12  This appeal turns on the merits of DPT's motion to dismiss. A motion under C.R.C.P. 12(b)(5) "to dismiss [a complaint] for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint." Pub. | 1 | 3 | ROSS-003279204 | TR-0533675 | TR-0539322 | Question reflects holding and the general rule of law applied in case; question does not contain citation to "Rules Civ.Proc., Rule 12.02(6)." The case opinion cites to a different Rule, Rule 12(b)(5). |
| 526 | where there was legal mistrial without verdict, does jeopardy not attach? | Where there was legal mistrial without verdict, jeopardy did not attach. Vernon's Ann.C.C.P. art. 36.29; Vernon's Ann.St. Const. art. 5, § 13. | Where the civil forfeiture settles without a hearing, it follows that jeopardy does not attach until the district court accepts the settlement. | 1 | 3 | ROSS-003279213 | TR-0781568 | TR-0647297 | Question reflects holding and the general rule of law applied in case; question does not reference citation "Vernon's Ann.C.C.P. art. 36.29; Vernon's Ann.St. Const. art. 5, § 13," as does the headnote. |
| 617 | in ruling on a motion to dismiss for failure to state a claim, is the circuit court not to make factual findings? | In ruling on a motion to dismiss for failure to state a claim, the circuit court is not to make factual findings. | When reviewing a dismissal order, an appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *534  3. Motions to Dismiss: Pleadings. To prevail against a motion to dismiss for failure to state a claim, the pleader **255  must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. | 1 | 3 | ROSS-003279441 | TR-0825385 | TR-0679197 | Question reflects holding and the general rule of law applied in case. |
| 638 | can a motion to reinstate an action dismissed for lack of prosecution be considered as a bill of review? | Motion to reinstate an action dismissed for lack of prosecution could be considered as a bill of review, but as a bill of review, it properly did not belong in original cause. | relative to the claimed indebtedness." [1]  The common law of this jurisdiction has long recognized that the dismissal of a suit for lack of prosecution alone would not operate as a bar to the cause of action. | 1 | 4 | ROSS-003279506 | TR-0806047 | TR-0534089 | Question reflects holding and the general rule of law applied in case; question does not reference to "but as a bill of review, it properly did not belong in original cause," and therefore the question and headnote are factually and substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 683 | is construction of a proposed highway a typical public purpose for which property may be taxed by the state? | Construction and maintenance of serviceable roads is public purpose for which property may be taxed by state. | 1096, said: "The construction and maintenance of serviceable roads in any community is a matter in which the whole community have an interest and is a typical public purpose for which property may be taxed by the state. | 2 | 3 | ROSS-003279627 | TR-0577135 | TR-0845874 | Question reflects holding and the general rule of law applied in case; question does not contain reference to, "Construction and maintenance of serviceable Roads," and therefore the question and headnote are factually and substantively different. |
| 727 | is application of rule that a defendant can move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court a matter that is within discretion of court? | Application of rule that a defendant may move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court is a matter that is within discretion of court. CR 41.02. | 41(b) authorizes the trial court to involuntarily dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." The decision to impose such a sanction is left to the discretion of the trial court, to be overturned only where the court "impos[es] a penalty too strict or unnecessary under the circumstances." Braxton v. | 1 | 3 | ROSS-003279744 | TR-0613003 | TR-0841613 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "CR 41.02." |
| 776 | is university property owned by the state? | The University of Mississippi, the Mississippi State College and the Mississippi State College for Women are arms of the state and their property is owned by the state. Act Feb. 28, 1844; Act Feb. 28, 1878; Laws 1884, c. 30; Laws 1932, c. 127. | The acts creating the colleges now known as Mississippi State College (February 28, 1878) and Mississippi State College for Women (March 12, 1884, Laws 1884 c. 30) must be similarly construed and such construction is not at all affected by Chapter 127 of the Laws of 1932, creating a single board of trustees for all the state institutions of higher learning. | 2 | 3 | ROSS-003279878 | TR-0695635 | TR-0744329 | Question reflects holding and the general rule of law applied in case; question does not reference "The University of Mississippi, the Mississippi State College and the Mississippi State College for Women are arms of the state" or the citation" Act Feb. 28, 1844; Act Feb. 28, 1878; Laws 1884, c. 30; Laws 1932, c. 127," as does the headnote. The question and headnotes are factually and substantively different. |
| 777 | should a motion to dismiss a complaint for failure to state a cause of action be granted only in rare instances, ordinarily without prejudice? | A motion to dismiss a complaint for failure to state a cause of action should be granted only in rare instances, ordinarily without prejudice. | Defendant now moves to dismiss plaintiffs' complaint for failure to state a claim pursuant to R. 4:6-2. [1] [2] [3] Motions to dismiss a plaintiff's complaint should be "approach[ed] with great caution" and should only be granted in "the rarest of instances." Printing Mart-Morristown v. | 1 | 3 | ROSS-003279883 | TR-0724808 | TR-0745442 | Question reflects holding and the general rule of law applied in case; the question and headnote both reflect the key language used in the case opinion. |
| 833 | is abandonment of franchise a question of intention? | Abandonment of franchise requires intention to abandon. | [11] Abandonment of a public road requires proof of intent to abandon and proof of nonuse. | 2 | 3 | ROSS-003280037 | TR-0544174 | TR-0664251 | Question reflects holding and the general rule of law applied in case. |
| 931 | are all expenses incurred by a party regarded as costs which must be paid before a plaintiff refiles an action he previously dismissed? | Not all expenses incurred by party are regarded as costs which must be paid before plaintiff refiles action he previously dismissed. | In light of the above authority, we conclude that a monetary sanction imposed under OCGA § 9-11-37(d) does not constitute a court cost which must be paid before a plaintiff refiles an action he previously dismissed. OCGA § 9-11-41(d). | 1 | 3 | ROSS-003280277 | TR-0585818 | TR-0584440 | Question reflects holding and the general rule of law applied in case. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 1001 | is "conscious indifference," in context of a rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear not intentional or result of conscious indifference? | "Conscious indifference," in context of rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear was not intentional or result of conscious indifference but was due to accident or has otherwise been reasonably explained, means more than mere negligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | Point of Error Two In their second point of error, appellants argue that the trial court abused its discretion in denying their motion to reinstate. [6] A case may be reinstated upon a finding by the trial court that the failure of a party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or a mistake or that the failure has been otherwise reasonably explained. TEX.R.CIV.P. 165a(3). Reinstatement must be granted if the trial court finds that the failure of the party or his attorney was not intentional or the result of conscious indifference. | 1 | 3 | ROSS-003280420 | TR-0861126 | TR-0668104 | Question reflects holding and the general rule of law applied in case; the question does not contain references to, "but was due to accident or mistake or has otherwise been reasonably explained, means more than mere negligence." The question also does not contain citations to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3." The question and the headnote are factually and substantively different. |
| 1066 | is a motion to reinstate the failsafe to prevent improper dismissal of cases for failure to appear? | Motion to reinstate is the failsafe to prevent improper dismissal of cases for failure to appear, for failure to dispose of case within Supreme Court's time standards for disposition, and for failure to diligently prosecute case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subds. 1, 2. | The notice to dismiss must state whether the dismissal is: (1) for failure to appear under Rule 165a(1); (2) for failure to comply with the Supreme Court's time standards under Rule 165a(2); or (3) for failure to diligently prosecute the suit under the court's inherent power. | 2 | 3 | ROSS-003280548 | TR-0785473 | TR-0730729 | Question reflects holding and the general rule of law applied in case; question does not reference "failure to dispose of case within Supreme Court's time standards for disposition, and for failure to diligently prosecute case." Nor does the question contain citations to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subds. 1, 2." The question and the headnote are factually and substantively different. |
| 1071 | can parties agree to treat a general lease as a more specific finance lease? | Under Iowa law, parties may agree to treat a general lease as a more specific finance lease; however, parties may not agree to treat a secured transaction as a lease. | Code (1975), s 1-105(1) of the Commercial Law Article. [2] [3] It is now generally accepted that the parties to a contract may agree as to the law which will govern their transaction, even as to issues going to the validity of the contract. | 2 | 4 | ROSS-003280559 | TR-0879227 | TR-0792539 | Question reflects holding and the general rule of law applied in case; question is not limited to "Iowa law," nor does it reference, "parties may not agree to treat a secured transaction as a lease." The question and the headnote are factually and substantively different. |
| 1203 | does the rule governing dismissal of action for failure to appear contemplate dismissal with prejudice when plaintiff again fails to appear after claim has been refiled? | Rule governing dismissal of action for failure to appear is quite specific, and contemplates dismissal with prejudice only when plaintiff again fails to appear after claim has been refiled. Small Claims Rule 10(A). | Zeigler Building Materials, Inc., 436 N.E.2d 1168, 1170 (Ind.Ct.App.1982), the rule is quite specific. "Dismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled." Id. [5] [6] In the present case, the trial court entered judgment for the defendants without permitting Multivest to present its evidence. | 2 | 3 | ROSS-003280812 | TR-0656559 | TR-0656559 | Question reflects holding and the general rule of law applied in case; question does not indicate that the rule is "is quite specific," and contains no reference to "Small Claims Rule 10(A)." The question and the headnote are factually and substantively different. |
| 1222 | is there any requirement that the legislature use the language "is hereby authorized to levy a tax" in order to validly authorize a tax? | In order to have a validly authorized tax, there is no requirement that the Legislature use language "is hereby authorized to levy a tax." | * * * * [4] We do not think that to have a validly authorized tax, the rules for construing tax statutes restrict the legislature to the use of such language. Although the authority in sections 75-6207(3)(b), 75-7204, and 75-6717 is not spelled out as directly as in those statutes pointed to by the plaintiff, we think it is nevertheless clear and specific. | 1 | 4 | ROSS-003280848 | TR-0781029 | TR-0781029 | Question reflects holding and the general rule of law applied in case. The question quotes the key terms from the text of the opinion. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 1298 | does the double jeopardy clause not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the controlled substances act? | The Double Jeopardy Clause of the federal constitution does not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the Controlled Substances Act. U.S.C.A. Const.Amend. 5; NMSA 1978, § 30-31-34. | [3]  The United States Supreme Court's decision in Scott establishes that, regardless of a trial court's characterization<br>of its disposition of a case, the double jeopardy clause of the federal constitution does not bar a state from bringing a<br>further criminal proceeding against a defendant who sought<br>and obtained a favorable midtrial termination of criminal proceedings on legal grounds unrelated to a determination as<br>to the sufficiency of the evidence regarding the defendant's<br>factual innocence or guilt of the offense charged. | 1 | 3 | ROSS-003280995 | TR-0718642 | TR-0716036 | Question reflects holding and the general rule of law applied in case; question does not contain citations to U.S.C.A. Const.Amend. 5; NMSA 1978, § 30-31-34. |
| 1337 | on ground that a lessee has an option to purchase at conclusion of a lease for nominal consideration, should a court remember that consideration may be sizeable yet still be "nominal"? | Under Connecticut law, in deciding whether so-called equipment lease must conclusively be presumed to constitute a sale with disguised security agreement, on ground that lessee has option to purchase at conclusion of lease for nominal consideration, court should remember that consideration may be sizeable yet still be "nominal." C.G.S.A. § 42a-1-201(37). | Purchase Option Price<br>[6]  [7]  [8]  [9]   Under the 1992 New York UCC § 1-201(37), the most significant factor that indicates a disguised<br>security agreement, not a true lease, is where the option price<br>to purchase the leased equipment at the end of the lease term<br>is nominal. If the lease agreement explicitly provides that the<br>lessee has an option to purchase the leased goods for nominal<br>consideration (e.g., for $1), the agreement is presumed to be a disguised security agreement. See Orix Credit Alliance,<br>946 F.2d at 1261; P.W.L. | 2 | 4 | ROSS-003281073 | TR-0594367 | TR-0598319 | Question reflects holding and the general rule of law applied in case; question is not limited to "Under Connecticut law," and is not limited to "equipment leases, "as is the headnote and does not reference "C.G.S.A. § 42a-1-201(37)." However, the case opinion discusses New York law, not Connecticut law, so the headnote is inaccurate. Therefore, the question and headnotes are not substantively the same. |
| 1471 | can a dismissal of an action on a clerk of court's motion for want of prosecution be vacated if there is a defective notice that the case will be dismissed? | Dismissal of an action on clerk of court's motion for want of prosecution may be vacated if there is defective notice that the case will be dismissed. CR 41(b)(2). | As the Supreme Court held<br>in Thorp Meats,<br>We conclude that the final sentence of<br>CR 41(b)(1) means precisely what it says, a case shall not be dismissed for<br>want of prosecution if it is noted for<br>trial before the hearing on the motion<br>to dismiss. The rule ... | 1 | 4 | ROSS-003281334 | TR-0786391 | TR-0871424 | Question reflects holding and the general rule of law applied in case; question does not reference "CR 41(b)(2)," as does the headnote. |
| 1532 | is the united states' constructive trust on insurance proceeds for fire loss on forfeited property not "punishment" for purposes of double jeopardy clause? | United States' constructive trust on insurance proceeds for fire loss on forfeited property is not "punishment" for purposes of double jeopardy clause; government's interest is limited to extent of loss suffered to the forfeited property. U.S.C.A. Const.Amend. 5. | The Ninth Circuit<br>has held that uncontested forfeitures constitute actions against property, *1187  not persons, and thus such a taking "imposes no 'punishment'' for purposes of the double jeopardy clause."<br>United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995).<br>The relevant facts are not in dispute. On February 5, 1991,<br>a notice of default and order of civil forfeiture of a 1984<br>Corvette registered to the petitioner was filed in the Circuit<br>Court for the State of Oregon for Multnomah County. | 1 | 4 | ROSS-003281459 | TR-0704409 | TR-0725909 | Question reflects holding and the general rule of law applied in case; question does not reference "government's interest is limited to extent of loss suffered to the forfeited property," therefore, the question and headnote are substantively different. The question also does not reference "U.S.C.A. Const.Amend. 5," as does the headnote. |
| 1662 | is equitable subrogation a concept derived from principles of restitution and unjust enrichment? | Under Maine law, equitable subrogation is a concept derived from principles of restitution and unjust enrichment. | Legal subrogation, also known as equitable subrogation, derives from the doctrine of preventing unjust enrichment and<br>it applies when a person other than a mere volunteer pays a debt that in equity and good conscience, another should pay. | 1 | 3 | ROSS-003281724 | TR-0741623 | TR-0573741 | Question reflects holding and the general rule of law applied in case; question is not limited to "Under Maine law," but the headnote is. Therefore, the question and headnotes are not substantively the same. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 1673 | can a court dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution? | A trial court may dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | 5 In addition, a trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. | 1 | 3 | ROSS-003281745 | TR-0795782 | TR-0733659 | Question reflects holding and the general rule of law applied in case; question does not reference the level of court involved, while the headnote does, referencing the "trial court." Nor the question limited to Texas law as is the headnote based on its citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a." Therefore, the question and headnotes are not substantively the same. |
| 1757 | is the act of state doctrine not required by considerations of sovereignty, international law or the constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government? | Act of state doctrine is not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government. | Bank of America, 549 F.2d 597, 605 (9th Cir.1976). Instead the doctrine "derives from the judiciary's concern for its possible interference with the conduct of foreign affairs by the political branches of the government." Timberlane Lumber Co. v. Bank of America, 549 F.2d at 605. | 1 | 3 | ROSS-003281912 | TR-0736000 | TR-0736000 | Question reflects holding and the general rule of law applied in case. |
| 1971 | does the act of state doctrine, requiring courts to avoid inquiries respecting validity of acts executed by foreign sovereign within its territory. reflect fundamental notions of separation of powers by urging a nation to conduct foreign relations with unified voice of executive branch? | Act of state doctrine requiring courts to avoid inquiries respecting validity of acts executed by foreign sovereign within its territory reflects fundamental notions of separation of powers and urges nation to conduct foreign relations with unified voice of executive branch. | Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. The doctrine has constitutional underpinnings as well. It clearly reflects fundamental notions of separation of powers in urging that our nation conduct its foreign relations with the unified voice of the Executive branch rather than through a multitude of judicial pronouncements. | 1 | 3 | ROSS-003282346 | TR-0660620 | TR-0660620 | Question reflects holding and the general rule of law applied in case. |
| 2001 | is it not the characterization contained within a contract, but the effect of its terms, which is relevant for a pledge of securities? | Under New York law, it is not the characterization contained within contract, but the effect of its terms, which is relevant in distinguishing pledge of securities from absolute conveyance of securities with promise to repurchase. | [3]  Zwin contends that the difficulty in distinguishing true leases from disguised security interests should be properly resolved by giving credence to the parties' freedom to contract, their expressed intentions, and the resulting self-characterization of these documents as financing leases. However, under revised § 1-201(37) applicable to this dispute, the intention of the parties has been abandoned as a proper tool by which to distinguish a true lease from a disguised security interest and replaced by an evaluation of the economic structure of the particular transaction. 30  As recognized in Duke Energy Royal, LLC v. Pillowtex Corp. (In re Pillowtex, Inc.), 349 F.3d 711 (3d Cir.2003): 30 Zwirn's reliance upon In re Edison Bros. Stores, Inc., 207 B.R. 801, 809 (Bankr.D.Del.1997) as authority for its position is misplaced in that Edison Bros. was decided under the prior version of § 1-201(37), which attempted to decipher the intent of the parties rather than the economic structure of the transaction. Under the current regimen, even Article 2A governing finance leases defers to the analysis outlined in § 1-201(37). If the transaction meets the definition of security interest under § 1-201(37), then it does not qualify as a lease under § 2A-103(1)(j). ... the New York U.C.C. no longer looks to the intent of the drafting parties to determine whether a transfer is a lease or a security agreement. Specifically, the 1992 version of § 1-201(37) directed courts to determine "[w]hether a lease is intended as security"; this language was amended in 1995 | 2 | 5 | ROSS-003282407 | TR-0597410 | TR-0598308 | Question reflects holding and the general rule of law applied in case; question is not limited to NY law. Unlike the question, the headnote characterizes the pledge as "distinguishing" and the question contains no reference to Texas law, as does the headnote by citing, "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a." Therefore, the question and headnotes are not substantively the same. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 2064 | does a failure to notify borrower that he had a right to rescind the transaction under tila extended the borrower's right to rescind for three years? | Failure to notify borrower that she had right to rescind real estate loan transaction under Truth in Lending Act extended borrower's right to rescind for three years after transaction was consummated. Truth in Lending Act, §§ 102, 125(a), 15 U.S.C.A. §§ 1601, 1635(a); Truth in Lending Regulations, Regulation Z, § 226.23(a)(3), 15 U.S.C.A. foll. § 1700. | [3]  The district court's first reason for dismissing the action was that the Beukeses' asserted right to rescind had expired under 15 U.S.C. § 1635(f) before they filed their action in November 2010. According to § 1635(f), any right to rescind the mortgage transaction because of a failure to disclose the finance charge "expire[d] three years after the date of consummation of the transaction." Jesinoski makes clear, however, that a borrower exercises his right of rescission by notifying the creditor of his intention to rescind, whether or not the borrower has filed an action in court. | 2 | 4 | ROSS-003282536 | TR-0737520 | TR-0771887 | Question reflects holding and the general rule of law applied in case. question does not contain the reference, "after transaction was consummated," nor does it contain the citation Truth in Lending Act, §§ 102, 125(a), 15 U.S.C.A. §§ 1601, 1635(a); Truth in Lending Regulations, Regulation Z, § 226.23(a) (3), 15 U.S.C.A. foll. § 1700." Therefore, the question and headnotes are not substantively the same. |
| 2142 | does the statutory text of real estate settlement procedures act (respa), limit liability to instances in which a plaintiff is overcharged? | Home purchaser had standing to sue title insurer under anti-kickback provisions of Real Estate Settlement Procedures Act (RESPA), regardless of whether she was overcharged for settlement services; statutory text did not limit liability to instances in which a plaintiff was overcharged. U.S.C.A. Const. Art. 3, § 1 et seq.; Real Estate Settlement Procedures Act of 1974, § 8, 12 U.S.C.A. § 2607; Ohio R.C. §§ 3935.04, 3935.07. | Plaintiffs alleged that this payment was a "kickback" designed to "induce [Dolphin] to refer the loan to Matrix and to secretly raise the interest rate of the loan above the 8.75% for which Plaintiffs were qualified." This $4,149.86 was not paid from the proceeds of the loan. Plaintiffs alleged this kickback, known as a "yield spread premium" 1 (YSP), violated public policy as expressed in the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2601 et seq. (2000)). They alleged that the YSP "paid by Matrix to Dolphin was unreasonable and was paid simply for the referral of business, not as compensation for goods, facilities, or services performed." Plaintiffs contended: "Dolphin had contracted for and received other compensation for its services as a mortgage broker. | 2 | 5 | ROSS-003282693 | TR-0675119 | TR-0744042 | Question reflects holding and the general rule of law applied in case; question does not contain reference to, "Home purchaser had standing to sue title insurer under anti-kickback provisions" or citations to "U.S.C.A. Const. Art. 3, § 1 et seq.; Real Estate Settlement Procedures Act of 1974, § 8, 12 U.S.C.A. § 2607; Ohio R.C. §§ 3935.04, 3935.07." Therefore, the question and headnotes are not substantively the same. |
| 2146 | is the rescission period extended as long as the borrower received one notice of right to cancel? | Under the Massachusetts Consumer Credit Cost Disclosure Act (CCCDA), as long as the borrower receives one notice of the right to rescind the loan, the rescission period is not extended to four years. M.G.L.A. c. 140D, § 10(f). | 4 Giving the Defendants the benefit of the doubt, the Court assumes that this argument was made in jest. D. Truth in Lending Violation (Count IV) The Debtors maintain that, because they did not receive a total of four copies of the Notice of Right to Cancel at closing as required by both the Truth in Lending Act ("TILA") and the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), they have an extended right to rescind the underlying loan transaction and void the Mortgage lien. The Defendants contend that the Debtors' TILA and MCCCDA claims are time barred; and even if timely, the delivery to the Debtors of at least one copy of the Notice of Right to Cancel was sufficient under both statutes. | 2 | 3 | ROSS-003282701 | TR-0862030 | TR-0739537 | Question reflects holding and the general rule of law applied in case; question does not any reference to "the Massachusetts Consumer Credit Cost Disclosure Act (CCCDA)," or a citation to "M.G.L.A. c. 140D, § 10(f)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 2349 | when does a court generally decline to hear a subsequent lawsuit pursuant to the prior pending action doctrine? | Where there are two competing lawsuits, a court's decision to not hear the subsequent action pursuant to the prior pending action doctrine is discretionary. | [4] [5] [6] *35 The doctrine of res judicata bars any subsequent lawsuits between the same parties or their privies involving the same cause of action where there was a final judgment on the merits rendered by a court of competent jurisdiction. | 2 | 4 | ROSS-003283117 | TR-0733569 | TR-0652958 | Question reflects holding and the general rule of law applied in case; question contains no reference to "are two competing lawsuits" or whether the dismissal would be "discretionary." Therefore, the question and headnote are substantively different. |
| 2384 | does the doctrine of equitable subrogation require that the equities of the parties be weighed and balanced? | Under Maine law, the doctrine of equitable subrogation requires that the equities of the parties be weighed and balanced. | at 250, 149 S.E. 485. At its heart, the doctrine of equitable subrogation is concerned with restoring the interests of the parties to their intended position relative to others. See Joynes, 179 Va. at 401-02, 18 S.E.2d 917. | 1 | 3 | ROSS-003283189 | TR-0741623 | TR-0759194 | Question reflects holding and the general rule of law applied in case; question is not limited to "Under Maine law: as is headnote. However, the case opinion is interpreting Virginia law, so the headnote is not accurate. Therefore, the question and headnote are substantively different. |
| 2397 | does affirmative matter include defenses that defeat cause of action completely? | Term "affirmative matter" within meaning of rule allowing involuntary dismissal of claims when they are barred by such affirmative matter included defenses that defeat cause of action completely. S.H.A. ch. 110, ¶ 2-619(a)(9). | 735 ILCS 5/2-615, 2-619(a)(9) (West 2004). [14] [15] A section 2-619(a)(9) motion to dismiss permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). Affirmative matter is "something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or material fact contained in or inferred from the complaint." Illinois Graphics Co. | 2 | 3 | ROSS-003283215 | TR-0799349 | TR-0548496 | Question reflects holding and the general rule of law applied in case; question does contains no reference to "within meaning of rule allowing involuntary dismissal of claims when they are barred by such affirmative matter." The question and headnote are substantively different. |
| 2606 | does the same procedure for resolving factual disputes concerning subject matter jurisdiction apply to motions to dismiss for lack of personal jurisdiction? | The same procedure for resolving factual disputes concerning subject matter jurisdiction applies to motions to dismiss for lack of personal jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | [1] [2] The Court has authority to resolve factual disputes when a party moving to dismiss for lack of subject matter jurisdiction attacks the substance of the jurisdictional allegations. | 1 | 3 | ROSS-003283659 | TR-0605791 | TR-0583379 | Question reflects holding and the general rule of law applied in case; question contains no citation to "Rules Civ.Proc., Rule 12(b)(2)" as does the headnote. |
| 2733 | does a prior finding of probable cause in a preliminary hearing create only a rebuttable presumption of probable cause in a malicious prosecution claim? | A prior finding of probable cause in criminal court preliminary hearing raises, in a malicious prosecution action, only a presumption of probable cause, which may be rebutted by evidence. | [3] [4] The primary issue in this appeal, then, is whether the circuit court, hearing the motion for summary judgment in the malicious prosecution case, was entitled to look at Sundeen's prior district court convictions in order to determine whether there was probable cause for the criminal proceedings. In the context of a malicious prosecution action, the existence of probable cause is to be determined by the facts and circumstances surrounding the commencement and continuation of the legal proceedings. | 2 | 3 | ROSS-003283938 | TR-0705646 | TR-0729523 | Question reflects holding and the general rule of law applied in case; the headnote does not contain the term "rebuttable presumption" and the question makes no reference to "evidence" as the headnote does. The question and headnote are substantively different. |
| 2807 | does an arbitral forum need to replicate a judicial forum to be enforceable? | Arbitral forum need not replicate the judicial forum for arbitration agreement to be enforceable. | Section 18 of the Agreement provides: "The parties agree that punitive damages may not be awarded in an arbitration proceeding required by this Agreement." Under Cole, an arbitration agreement is enforceable only if it "provides for all of the types of relief that would otherwise be available in court." 105 F.3d at 1482. | 2 | 3 | ROSS-003284105 | TR-0572707 | TR-0784374 | Question reflects holding and the general rule of law applied in case; question makes no reference to an "arbitration agreement" while the headnote does. The question and headnote are substantively different. |
| 2843 | what is the common denominator of forcible rape and incest? | The common denominator of forcible rape and incest is element of unlawful carnal knowledge. | 213, 71 N.E.2d 46), but not of rape. The common denominator is the element of unlawful carnal knowledge. None of our decisions appear to have dealt with the precise problem. | 2 | 3 | ROSS-003284182 | TR-0828062 | TR-0828062 | Question reflects holding and the general rule of law applied in case; question contains no reference to "element of unlawful carnal knowledge" as found in the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 2936 | is the nuclear regulatory commission order exempting nuclear plant operator from fire safety regulations reviewable under the hobbs act? | Nuclear Regulatory Commission (NRC) order exempting nuclear power plant operator from certain fire safety regulations was exemption outside of Court of Appeals' Hobbs Act jurisdiction, rather than an amendment to operator's license within Court's jurisdiction; although NRC could have alternatively treated the order as an amendment to the operator's license, it applied its regulations reasonably in opting instead to grant an exemption. Atomic Energy Act of 1954, § 189(a), 42 U.S.C.A. § 2239(a); 10 C.F.R. § 50.12. | § 50.12, the agency concluded that treating the challenged order as an exemption was authorized by law, presented no undue risk to public health and safety, and was consistent with the common defense and security. As required by 10 C.F.R. § 50.12, the NRC also found that "special circumstances" justified this exemption: specifically, that "the underlying purpose" of the fire safety rule would still be satisfied after the modification. See 10 C.F.R. § 50.12(a)(2)(ii). Although it appears that *183 the NRC could have alternatively treated the order as an amendment to Indian Point's license, the Commission applied its regulations reasonably in opting instead to grant Indian Point an exemption. | 2 | 4 | ROSS-003284385 | TR-0763563 | TR-0763563 | Question reflects holding and the general rule of law applied in case; question contains no reference to any of the following: "rather than an amendment to operator's license within Court's jurisdiction; although NRC could have alternatively treated the order as an amendment to the operator's license, it applied its regulations reasonably in opting instead to grant an exemption. Atomic Energy Act of 1954, § 189(a), 42 U.S.C.A. § 2239(a); 10 C.F.R. § 50.12." The question and headnote are substantively different. |
| 3057 | does the court owe the federal energy regulatory commission great deference in fashioning electricity rate design? | The court owes Federal Energy Regulatory Commission great deference in fashioning electricity rate design. | [4]  With respect to electric energy sales and transmissions, the federal government has placed one agency in charge of implementing the Federal Power Act, the Federal Energy Regulatory Commission. This agency, known as FERC, "regulates the sale of electricity at wholesale in interstate commerce." Entergy La., Inc. | 1 | 3 | ROSS-003284657 | TR-0798603 | TR-0535619 | Question reflects holding and the general rule of law applied in case. |
| 3067 | does claim for damages for overcharge by carriers arise at time extra charge was paid? | In contemplation of law, claim for damages for overcharge by carriers arose at time extra charge was paid. Interstate Commerce Act § 8, 49 U.S.C.A. § 8. | As they would have been liable for an undercharge, they may recover for an overcharge. In contemplation of law the claim for damages arose at the time the extra charge was paid. | 2 | 3 | ROSS-003284677 | TR-0580570 | TR-0580570 | Question reflects holding and the general rule of law applied in case; question contains no reference to the citation "Interstate Commerce Act § 8, 49 U.S.C.A. § 8," as in the headnote. |
| 3174 | can matters arising pendentelite be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication? | Matters arising pendente lite may be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication. | Here the ultimate deficiency (as of the year's end) developed after the filing of the petition. It has been held that matters arising pendente lite may be pleaded in defense by the respondent (55 C.J.S. Mandamus § 278, p. | 1 | 3 | ROSS-003284909 | TR-0837829 | TR-0837829 | Question reflects holding and the general rule of law applied in case. Headnote is identical to the case opinion holding. |
| 3182 | are presidential actions reviewable for abuse of discretion under the administrative procedure act? | The President is not an "agency" within the meaning of the Administrative Procedure Act (APA); as a result, presidential actions are not reviewable for abuse of discretion under the APA. 5 U.S.C.A. § 702. | [3]  The problem illustrated by appellee's apparent misconception of the nature of issues reserved to agency discretion is resolved by a careful reading of the various parts of section 10 of the Administrative Procedure Act; while review is not granted for action 'by law committed to agency discretion,' as noted in section 701(a)(2), review is expressly provided for when there is an abuse of that discretion: Scope of review. * * * (The reviewing court) shall * * * (2) hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; * * *. | 2 | 4 | ROSS-003284927 | TR-0587981 | TR-0853078 | Question reflects holding and the general rule of law applied in case; question contains no reference to any of the following fact: "The President is not an "agency" within the meaning of the Administrative Procedure Act (APA)." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 3569 | for purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, can employee of agency entity be agent of principal entity? | For purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, employee of agency entity cannot be agent of principal entity unless legal construct establishes such relationship. 18 U.S.C.A. § 666. | 642, 643-44 (N.D.Ill.1997) (municipal code made city Alderman an agent of both the city and the city council). [2]  These cases reach the common-sense conclusion that an employee of an agency entity cannot be an agent of the principal entity unless the legal construct establishes such a relationship. For example, in Moeller, the Fifth Circuit concluded that the defendants were agents of the Texas Department of Agriculture ("TDA") by virtue of their employment at the Texas Federal Inspection Service ("TFIS") because the TFIS was an arm of the TDA empowered to enforce its regulations. | 1 | 3 | ROSS-003285780 | TR-0640668 | TR-0640668 | Question reflects holding and the general rule of law applied in case; question contains none of the following headnote language: "unless legal construct establishes such relationship. 18 U.S.C.A. § 666." The question and headnote are substantively different. |
| 3627 | can a partnership at will be dissolved at any time? | Under Massachusetts law, an at-will partnership can be dissolved by any partner at any time. | Under Missouri common law, a partnership is dissolved by the admission of a new partner. | 2 | 3 | ROSS-003285901 | TR-0804604 | TR-0578203 | Question reflects holding and the general rule of law applied in case; question is not limited to Massachusetts law as is the headnote. However, the case opinion is based on Missouri law, so the headnote is inaccurate. The question and headnote are substantively different. |
| 3704 | does a plaintiff have no lawful right to a voluntary nonsuit? | Under current rule, plaintiff had no lawful right to voluntary nonsuit. 30 F.S.A. Rules of Civil Procedure, rule 1.35 and subd. (a). | [1]  Petitioner contends that a plaintiff has a right to voluntarily dismiss an action pursuant to Rule 1.420(a), Florida Rules of Civil Procedure, 30 F.S.A., after the court has dismissed the complaint with leave to amend, if no further order has been entered by the Court prior to the service of the notice of dismissal. | 2 | 3 | ROSS-003286065 | TR-0882977 | TR-0567801 | Question reflects holding and the general rule of law applied in case; question makes no reference to "current rule" as does headnote. |
| 3730 | is a "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution a formal action before the trial court intended to hasten judgment or is the taking of formal discovery? | A "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution is a formal action before the trial court intended to hasten judgment or is the taking of formal discovery. LSA-C.C.P. art. 561. | Article 561 is operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. C.C.P. art. 561(A)(2)(3). [17] [18] [19] [20] [21] [22] [23] A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable. | 1 | 3 | ROSS-003286126 | TR-0871462 | TR-0538863 | Question reflects holding and the general rule of law applied in case; question does not reference citation, "LSA-C.C.P. art. 561." |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 3864 | can a motion for involuntary dismissal raise defects, defenses, or other affirmative matters that defeat the claim? | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts affirmative defenses or other matters that avoid or defeat the claim. S.H.A. 735 ILCS 5/2-619. | [2]  [3]  [4]  The Withholding Act defines a "payor" as "any payor of income to an obligor." 750 ILCS 28/15(g) (West 2006). Thus, in order for Blue Cross to be a "payor," it must pay Ronald "income." The Withholding Act defines "income," in pertinent part, as "any form of periodic payment to an individual, regardless of source." 750 ILCS 28/15(d) (West 2006). Blue Cross argues that it does not pay Ronald income because it pays Vaughn Center. Blue Cross further contends that Vaughn Center is not an "individual" under the Withholding Act's definitions of "income" and "obligor." However, the affidavit submitted by Ronald establishes that Ronald is a sole proprietor and Vaughn Center is a legal nonentity. "[A] sole proprietorship has no legal identity ***487  **127  separate from that of the individual who owns it." Vernon v. Schuster, 179 Ill.2d 338, 347, 228 Ill.Dec. 195, 688 N.E.2d 1172, 1176-77 (1997). Moreover, even if a sole proprietor does business under a fictitious name, the sole proprietor has not created a separate legal entity. Vernon, 179 Ill.2d at 347-48, 228 Ill.Dec. 195, 688 N.E.2d at 1176-77. Thus, the word "individual" in the Withholding Act's definition of " income" includes a sole proprietorship. See *835  Shively v. Belleville Township High School District No. 201, 329 Ill.App.3d 1156, 1165-66, 264 Ill.Dec. 225, 769 N.E.2d 1062, 1070 (2002) (interpreting "individuals" in the School Code's professional services exemption (105 ILCS 5/10-20.21(a)(i) (West 2006)) to refer "to the ones performing the service, not the ones with whom the contract | 2 | 3 | ROSS-003286416 | TR-0598884 | TR-0734245 | Question reflects holding and the general rule of law applied in case; question contains no reference to "affirmative defenses" or "admits the legal sufficiency of the plaintiff's claim," as does the headnote. The question and headnote are substantively different. |
| 3918 | can an action be dismissed as abandoned under the abandonment statute only without prejudice? | An action may be dismissed as abandoned under the abandonment statute only without prejudice. La. Code Civ. Proc. Ann. art. 561. | [9]  However, as to the trial court's January 7, 2015 judgment dismissing Plaintiffs' action on the grounds of abandonment, we note that it dismissed Plaintiffs' action "with prejudice." This Court, as well as other courts, has found that a dismissal on the grounds of abandonment is a dismissal "without prejudice." D & S Builders, Inc. | 1 | 3 | ROSS-003286526 | TR-0742925 | TR-0692645 | Question reflects holding and the general rule of law applied in case; question does not reference citation "La. Code Civ. Proc. Ann. art. 561.," as does the headnote. |
| 3919 | will all pleadings and supporting documents be interpreted favourable to the non-moving party when proceeding allows dismissal of complaint when claim asserted is barred by other affirmative matter? | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, all pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | When ruling on a motion to dismiss, either because the complaint fails to state a cause of action or because the claims are barred by other affirmative matter that avoids the legal effect of or defeats the claim, the trial court is to interpret all the pleadings and supporting documents in the light most favorable to the nonmoving party. A section 2-615 motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. | 2 | 3 | ROSS-003286528 | TR-0842020 | TR-0620904 | Question reflects holding and the general rule of law applied in case; question is much shorter and very different from headnote, as it makes no reference to "Code of Civil Procedure Section" or "avoiding the legal effect of or defeating the claim." Question uses the term "favourable" which is the British version of the US term favorable, which is used in the case opinion, but not in the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 3928 | in cases involving a legislatively-established application process, does the takings claim arise until after a permit has been sought and denied and the effect of the denial results in economic detriment? | For ripeness purposes, futility exception, to rule that takings claim in case involving legislatively-established application process normally does not arise until permit has been sought and denied so as to result in economic detriment, serves to protect property owners from being required to submit multiple applications when manner in which first application was rejected makes it clear that no project will be approved. | In Palazzolo, the United States Supreme Court held that when an "agency charged with enforcing a challenged land-use regulation entertains an application from an owner and its denial of the application makes clear the extent of development permitted," and when the owner has otherwise complied with the pertinent regulations, "federal ripeness rules do not require the submission of further and futile applications with other agencies." 533 U.S. at 625-26, 121 S.Ct. 2448. Similarly, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has held that "the futility exception simply serves 'to protect property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved.' " Howard W. | 2 | 3 | ROSS-003286547 | TR-0673558 | TR-0662188 | Question reflects holding and the general rule of law applied in case; question contains no reference to "serves to protect property owners from being required to submit multiple applications when manner in which first application was rejected makes it clear that no project will be approved." The question and headnote are substantively different. |
| 3940 | in action for injunctive relief, should a plaintiff's right be determined as of the date of trial? | In action for declaratory judgment and for an injunction, plaintiff's right to injunctive relief should be determined as of date of trial. | Nevertheless, "[f]urther relief based on a declaratory judgment or decree may be granted if necessary or proper." C.J. § 3-412(a). The statutory scheme thus permits a party to bring an action for declaratory judgment and, either in conjunction with that action or in a separate action, request further injunctive relief based on the rights determined by *611  that judgment. | 2 | 3 | ROSS-003286573 | TR-0615743 | TR-0726362 | Question reflects holding and the general rule of law applied in case; question does not reference "declaratory judgment," as does the headnote. The question and headnote are substantively different. |
| 3952 | do government agencies, including the military, have to comply with the regulations they promulgate? | Government agencies, including those of the military, must comply with their own regulations, and the Navy is obligated to comply with Department of Defense directives. | Conflict with Superior Regulations [8] [9] Army regulations must be in accord with directives promulgated by the Department of Defense. | 2 | 4 | ROSS-003286600 | TR-0645431 | TR-0852540 | Question reflects holding and the general rule of law applied in case; question does not make reference to "Navy is obligated to comply with Department of Defense directives," as does the headnote. The question and headnote are substantively different. |
| 3983 | is a clerk of a superior court a part of the judicial branch of the government? | Clerk of superior court is part of judicial branch of government. A.R.S. § 11-401; A.R.S.Const. art. 3; art. 6, § 23. | [3]  [4]  The circuit clerk is a nonjudicial officer of the judicial branch of government (Ill. Const.1970, art. VI, sec. 18(b); **487  ***574  Drury v. | 2 | 3 | ROSS-003286666 | TR-0563019 | TR-0741082 | Question reflects holding and the general rule of law applied in case; question contains no citation to "A.R.S. § 11-401; A.R.S.Const. art. 3; art. 6, § 23." Both question and headnote are virtually verbatim versions of case opinion language. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4003 | is the evidence of quid pro quo necessary to establish that a public agent commit corrupt solicitation under bribery statute? | Evidence of quid pro quo is not necessary to establish that a public agent solicited corruptly anything of value in connection with a transaction of $5,000 or more. 18 U.S.C.A. § 666(a)(1)(B). | [3] [4] [5] Section 666, the basis (through a conspiracy charge) of Count 23, forbids theft or bribery in publicly funded programs (of which the State of Illinois is one). Count 23 relies on § 666(a)(1)(B), which makes it a crime for an agent of a covered organization to solicit "corruptly ... anything of value" in connection with a transaction worth $5,000 or more. "Corruptly" refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity. United States v. Hawkins, 777 F.3d 880, 882 (7th Cir.2015). It would not be plausible to describe a political trade of favors as an offer or attempt to bribe the other side. | 2 | 3 | ROSS-003286706 | TR-0642794 | TR-0633518 | Question reflects holding and the general rule of law applied in case; question contains reference to "a public agent commit corrupt solicitation under bribery statute," but these words do not appear in the headnote. The headnote contains reference to "anything of value in connection with a transaction of $5,000 or more. 18 U.S.C.A. § 666(a)(1)(B)," but none of these words appear in the question. The question and headnote are substantively different. |
| 4028 | is a rule governing nonsuits liberally construed in favor of a right to nonsuit? | Rule governing nonsuits is liberally construed in favor of right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 164. | (2) The rule is clear that pension statutes are to be liberally construed in favor of those to whom such rights are granted, and that such rights may not be taken away by strained construction. | 1 | 3 | ROSS-003286758 | TR-0556461 | TR-0788091 | Question reflects holding and the general rule of law applied in case; question does not contain citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 164," as does the headnote. |
| 4036 | will a suit be dismissed because of mootness when issue presented is of substantial public interest? | When issue presented is of substantial public interest, a suit will not be dismissed because of mootness. | The Illinois Supreme Court said that, because the issue presented was of substantial public interest and that it was desirable that an authoritative determination be made for the future guidance of public officers in probably recurring cases, appeal should not be dismissed. Another reason given by that court for refusal to dismiss was that an appellate decision would tend to clarify the rights of parties involved in the event a damage suit should be brought, based upon the fact that the operation was performed without the consent of the parents. | 2 | 3 | ROSS-003286775 | TR-0792799 | TR-0629916 | Question reflects holding and the general rule of law applied in case. |
| 4042 | will a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of a claim or assert affirmative matter that defeats the claim? | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts some affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619. | ¶ 9 ANALYSIS [1] ¶ 10 Plaintiff contends that the court erred by dismissing its claim against HMB because the two-year statute of limitations provided in section 13-214.3(b) of the Code did not apply to its claim. A motion to dismiss brought under section 2-619 of the Code admits the legal sufficiency of the plaintiff's claim but asserts an affirmative matter outside of the pleading that defeats the claim. | 1 | 3 | ROSS-003286789 | TR-0652366 | TR-0578199 | Question reflects holding and the general rule of law applied in case; question does not contain citation of "S.H.A. 735 ILCS 5/2-619" as does headnote. |
| 4116 | does the existence as a public utility result in the grant of an indeterminate permit? | Existence of municipality supplying water as a public utility does not result in grant of an indeterminate permit to operate as a public utility. W.S.A. 196.01(5). | That it was not the legislative intent to make the declaration that a utility was a public utility equivalent to the granting of an indeterminate permit is shown by the fact that section 1797m--77 of the statutes, chapter 499, Laws of 1907, gave the public utility a right to elect to surrender its franchise and receive an indeterminate permit in lieu thereof. This provision evidences a clear legislative intent not to make the granting of an indeterminate permit automatically follow the legislative declaration that a utility is a public utility. | 2 | 4 | ROSS-003286945 | TR-0691173 | TR-0658585 | Question reflects holding and the general rule of law applied in case; question does not reference "to operate as a public utility. W.S.A. 196.01(5)," as does the headnote. The case opinion does not appear to mention the citation in the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4121 | is the provision of a civil rule pertaining to a voluntary dismissal separate from, and not meant to be construed together with, a portion of a rule pertaining to involuntary dismissal? | Provision of civil rule pertaining to voluntary dismissal is separate from, and not meant to be construed together with, portion of rule pertaining to involuntary dismissal. Rules Civ.Proc., Rule 41(A, B). | Accordingly, the right to take a nonsuit pursuant to Code § 8.01-380(B) in a Virginia state court is much more expansive than the right to a voluntary dismissal pursuant to Federal Rule 41(a)(1)(A)(i) in federal court. [5]  Code § 8.01-380 does not address what impact, if any, a plaintiff's prior voluntary dismissal in federal court may have on that plaintiff's right to take a nonsuit as a matter of right. | 1 | 4 | ROSS-003286958 | TR-0546713 | TR-0739271 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Rules Civ.Proc., Rule 41(A, B)" which is not part of the holding in the case opinion. Rather the opinion is about Virginia law. Thus, the question is accurate and the headnote is not. The question and headnote are substantively different. |
| 4135 | are waiver of subrogation provisions in a construction contract properly applied to damages incurred by a project owner? | Waiver of subrogation provisions in construction contract were properly applied to damages incurred by project owner beyond those sustained to "the work," where contract provided that waiver of subrogation was effective as to person or entity even where person or entity would otherwise have had a duty of indemnification, contractual or otherwise. | for damages caused by fire or other perils to the extent covered by property insurance obtained pursuant to this Paragraph 11.3 or other property insurance applicable to the Work.... A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have had a duty of indemnification, contractual or otherwise, **391 did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged. | 2 | 3 | ROSS-003286987 | TR-0679836 | TR-0696114 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "permit to operate as a public utility," nor has any reference to the citation W.S.A. 196.01(5). The question and headnote are substantively different. |
| 4139 | is the burden upon the one seeking subrogation to establish its superior equity, for purposes of applying the superior equities doctrine? | Under California law, for purposes of applying the superior equities doctrine, the burden is upon the one seeking subrogation to establish its superior equity. | [5]  [6]  The insurer also argues that it should recover under the doctrine of subrogation. Subrogation is an equitable doctrine which prevents unjust enrichment, and one seeking subrogation must have superior equity. | 2 | 3 | ROSS-003286996 | TR-0734645 | TR-0573053 | Question reflects holding and the general rule of law applied in case; question contains no limitation to "California law," as the headnote does. |
| 4199 | does the cause of action for trespass to chattels require actual damage? | Actual damage is not essential element of cause of action for trespass to chattels, except by dispossession. | [3]  It is fundamental that actual damage is an essential element of a cause of action based on negligence or fraud. Widemshek v. Fale (1962), 17 Wis.2d 337, 117 N.W.2d 275. A plaintiff is not required to allege damage where it appears from the facts that damage resulted as a matter of law in order to state a cause of action. | 2 | 3 | ROSS-003287121 | TR-0553856 | TR-0837603 | Question reflects holding and the general rule of law applied in case; question does not reference "essential element of cause of action" or "except by dispossession." The question and headnote are substantively different. |
| 4253 | is the crime of offering a bribe complete when a defendant expresses an ability and a desire to pay the bribe? | Statute prohibiting bribery of a public official is satisfied if a defendant expresses an ability and a desire to pay the bribe. 18 U.S.C.A. § 201(b). | It is not necessary for a briber to be familiar with Williston on Contracts in order to make an illegal offer. Under the statute, it is sufficient if a "defendant expresses an ability and a desire to pay the bribe." United States v. | 2 | 3 | ROSS-003287238 | TR-0646725 | TR-0646725 | Question reflects holding and the general rule of law applied in case; question makes no reference to "Statute prohibiting bribery of a public official is Satisfied," nor does it contain the citation "18 U.S.C.A. § 201(b)." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4301 | does partial payment of principal and the execution of a new note amount to a novation? | Part payment of principal and execution of new note extending time of payment for balance at same interest was renewal and not novation. | The renewal of a note by taking a new note between the same parties in the same relationship, at the same rateof interest, but extending the time of payment, although the new note is in a less amount which represents a balance due on the principal after a payment reducing the indebtedness represented by the old note has been made, does not constitute a novation of the contract represented in the old note, but is merely a contract extending the time of payment of the original indebtedness as reduced by the payment made thereon. | 2 | 4 | ROSS-003287341 | TR-0627305 | TR-0861323 | Question reflects holding and the general rule of law applied in case. |
| 4326 | does the statute prohibiting theft or bribery by agent of organization receiving federal funds distinguish between high-level and low-level employees? | Plain language of statute prohibiting theft or bribery by agent of organization receiving federal funds does not distinguish between "high-level" and "low-level" employees. 18 U.S.C.A. § 666(a)(1), (d)(1). | To the extent that the statute prohibits acts of bribery, the prohibition "draws content ... from federal statutes proscribing-and defining-similar crimes," including the general federal bribery statute, 18 U.S.C. § 201(b), and the statute prohibiting theft and bribery involving federal funds, 18 U.S.C. § 666(a)(2). | 1 | 4 | ROSS-003287394 | TR-0643233 | TR-0641939 | Question reflects holding and the general rule of law applied in case; question does not reference "Plain language of statute," or citation to "18 U.S.C.A. § 666(a)(1), (d)(1): as does the headnote. The question and headnote are substantively different. |
| 4329 | where any one of requirements of statute governing applications for continuances, is not met, is there an abuse of the trial court's discretion to deny a continuance? | Where any one of requirements of statute governing applications for continuances upon ground of the absence of a witness is not met, there is no abuse of the trial court's discretion to deny a continuance. West's Ga.Code Ann. § 9-10-160. | [1] [2] OCGA § 17-8-25 provides, among other things, that applications for continuance based on the absence of a witness must be accompanied by a showing that the absent witness's testimony is material. "Each of the named requirements must be met before the appellate court will review the trial court's discretion in denying the motion for continuance based upon the absence of a witness. | 2 | 4 | ROSS-003287400 | TR-0618524 | TR-0805576 | Question reflects holding and the general rule of law applied in case; question does not reference citation to "West's Ga.Code Ann. § 9-10-160," as does the headnote. |
| 4451 | should the rule recognizing the right of a plaintiff to take a nonsuit be liberally construed? | Rule giving plaintiff right to take a nonsuit should be liberally construed. Rules of Civil Procedure, rule 164. | All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. Civil rights complaints are to be liberally construed. | 2 | 3 | ROSS-003287656 | TR-0857117 | TR-0569513 | Question reflects holding and the general rule of law applied in case; question does not contain reference to citation to "Rules of Civil Procedure, rule 164." |
| 4474 | does a tariff approved by the public utilities commission ("puc") have the force of law? | A tariff, when approved by the Public Utilities Commission (PUC), has the force of law. Cal. Pub.Util.Code § 489(a). | At issue is whether appellants' complaint represents a service complaint, which is within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). For the reasons that follow, we affirm. {¶ 2} Appellants filed this action against Ohio Edison, a public utility, which provided electricity to them at their former residence in Dorset, Ashtabula County, Ohio. | 1 | 3 | ROSS-003287706 | TR-0564566 | TR-0759363 | Question reflects holding and the general rule of law applied in case; question does not contain citation "Cal.Pub.Util.Code § 489(a)." as does the headnote. |
| 4530 | is the statute empowering court, on affidavit of necessity and materiality, requires a party to suit to produce documents in his possession supplementary to a statute looking to production of documents at trail? | The statute empowering court, on affidavit of necessity and materiality, to require a party to suit to produce documents in his possession is supplementary to statute looking to production of documents at trail. Code 1940, Tit. 7, §§ 426, 487, 489. | 269.57(1), Stats., and reads in part: "The court, or a judge thereof, may * * * require the deposit of the books or documents with the clerk and may require their production at the trial. * * *" (Emphasis supplied.) It is obvious that the authority granted by this statute is limited to the deposit of records with the court, and not for making such material part of the court record. | 1 | 4 | ROSS-003287831 | TR-0685037 | TR-0687304 | Question reflects holding and the general rule of law applied in case; question contains no reference to citation "Code 1940, Tit. 7, §§ 426, 487, 489." |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4540 | does the workers' compensation system make employers absolute insurers of their employees' safety, or is the system meant to protect employees against the potentially devastating consequences of work-related injuries? | Ohio workers' compensation system does not make employers absolute insurers of their employees' safety; rather, system is meant to protect employees against potentially devastating consequences of work-related injuries. Const. Art. 2, § 35. | [4]  These general guidelines must nonetheless be tempered by the purpose of the Workers' Compensation Act. The Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety. Rather, the Act is intended to protect employees against the risks and hazards incident to the performance of their duties. | 1 | 3 | ROSS-003287852 | TR-0802802 | TR-0772325 | Question reflects holding and the general rule of law applied in case; question contains no limitation to Ohio law, a lapse in the headnote, nor does it contain a citation to "Const. Art. 2, § 35." The case opinion, like the question, does not cite to the U.S. Constitution. The question and headnote are substantively different. |
| 4550 | will factors considered by the court sometimes overlap with the commercial activities exception to the foreign sovereign immunities act? | Although factors to be considered by court in deciding whether to decline inquiry into validity of foreign sovereign's acts, pursuant to "act of state" doctrine, may sometimes overlap with commercial activities exception to Foreign Sovereign Immunities Act, there is no commercial exception to "act of state" doctrine. 28 U.S.C.A. § 1602 et seq. | Once the plaintiff has carried its burden of production, the court must resolve any disputed issues of fact in order to determine whether an exception to immunity applies. Id. The Plaintiff here alleges that the Court has jurisdiction under the "commercial activities exception" found in 28 U.S.C. § 1605(a)(2). This exception provides that *505  a foreign state is not immune from jurisdiction in cases where: the action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. | 2 | 4 | ROSS-003287872 | TR-0572365 | TR-0626700 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "in deciding whether to decline inquiry into Validity" or "pursuant to 'act of state' doctrine." The question and headnote are substantively different. |
| 4578 | can the court use section 5 to circumvent the parties designation of an exclusive arbitral forum where the forum is exclusive? | Where the arbitral forum agreed upon by the parties is exclusive, but is unavailable, the district court may not use the section of the Federal Arbitration Act (FAA) governing a lapse in naming an arbitrator to circumvent the parties' designation of an exclusive arbitral forum. 9 U.S.C.A. § 5. | [1]  [2]  [3] Under the Federal Arbitration Act ("FAA"), 12 "[a] two-step inquiry governs whether parties should be compelled to arbitrate a dispute. First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable." Banc One Acceptance Corp. | 2 | 4 | ROSS-003287931 | TR-0630445 | TR-0668041 | Question reflects holding and the general rule of law applied in case; question does not reference "the section of the Federal Arbitration Act (FAA) governing a lapse in naming an arbitrator," nor does it contain a citation to "9 U.S.C.A. § 5" as does the headnote. The question and headnote are substantively different. |
| 4582 | does the statute prohibiting local government agents from fraudulently obtaining property from an organization receiving federal funds require that the agent be a person authorized to act with respect to those funds? | Statute prohibiting local government agents from fraudulently obtaining property from an organization receiving federal funds does not require that the agent be a person authorized to act with respect to those funds. 18 U.S.C.A. § 666(d)(1). | Keen first contests the sufficiency of the evidence supporting his conviction under 18 U.S.C. §§ 666 and 2 for fraudulently obtaining property from an organization receiving federal funds (No. 09-16027). To obtain a conviction under § 666, the government was required to establish the following elements: (1) Mr. Keen was an agent of Dixie County; (2) Mr. | 1 | 3 | ROSS-003287940 | TR-0640034 | TR-0640034 | Question reflects holding and the general rule of law applied in case; question does not reference citation '18 U.S.C.A. § 666(d)(1)." |
| 4700 | does authorizing a civil service commission to provide rules to the civil service constitute a delegation of legislative power? | Civil service law, authorizing civil service commission to provide rules as to civil service, are not a delegation of powers to enact laws in violation of Const. art. 1, § 18. | The civil service law (103 O. L. 698) does not confer power on the state civil service commission to investigate the acts and conduct of the mayor of a city with reference to the enforcement by him of that enactment. | 2 | 4 | ROSS-003288192 | TR-0871834 | TR-0871834 | Question reflects holding and the general rule of law applied in case; question does not reference "Civil service law," nor "violation of Const. art. 1, § 18," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4714 | is a consul the personal agent of his national? | Consul is not personal agent of his national, absent some specific grant of authority. | [8] [9] {25} A person may use an agent to take action under the authority of a statute, even when the agent is not the person specifically identified in the statute. | 2 | 4 | ROSS-003288221 | TR-0743817 | TR-0567077 | Question reflects holding and the general rule of law applied in case; question does not reference. |
| 4729 | is there no specific time limitation in the rule allowing dismissal of action based on a plaintiff's failure to exercise due diligence to obtain service on a defendant? | There is no specific time limitation, in rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant; rather, trial court must consider passage of time in relation to all other facts and circumstances of each case individually. Sup.Ct.Rules, Rule 103(b). | The action was dismissed with prejudice as to defendant on March 7, 1977, for plaintiffs' failure to show reasonable diligence in obtaining service of process. (Supreme Court Rule 103(b), Ill.Rev.Stat.1975, ch. 110A, par. 103(b).) On May 23, 1977, the court denied plaintiffs' motion to vacate the order of dismissal, stating that there was no just reason to delay enforcement or appeal. | 1 | 4 | ROSS-003288253 | TR-0543968 | TR-0533003 | Question reflects holding and the general rule of law applied in case; question does not reference "absent some specific grant of authority," as does the headnote. The question and headnote are substantively different. |
| 4861 | can the doctrine of trespass ab initio apply when the officer taking citizen's property under authority of law abuses the authority? | Doctrine of trespass ab initio applies only where officer taking citizen's property under authority of law abuses authority. | [3]  Wrongful acts by the crews of the other Coast Guard vessels cannot render the seizure by the commanding officer of the 289 unlawful under the doctrine of trespass ab initio. It is only where an officer, by whom the property of a citizen is taken under the authority of law, abuses the authority vested in him that this doctrine applies, and not where wrongful acts are committed by others of their own volition, and not by the order, direction, or connivance of the seizing officer. | 1 | 3 | ROSS-003288525 | TR-0611669 | TR-0611669 | Question reflects holding and the general rule of law applied in case; question does not reference "applies only where," as does the headnote. The question and headnote are substantively different. |
| 4897 | in order to break the running of the five-year dormancy period under a statute automatically dismissing an action, does the order have to be in writing, signed, and entered? | In order to break running of five-year dormancy period of statute providing for automatic dismissal when no written order is taken for a period of five years, the order has to be in writing, signed and entered. O.C.G.A. § 9-2-60. | The case giving rise to these cross-appeals is a renewal action of a previous case which was dismissed pursuant to OCGA § 9-2-60(b) because no written order had been taken in the case for a period of five years. The complaint in this renewal action was filed on May 31, 1991. | 2 | 4 | ROSS-003288602 | TR-0800926 | TR-0613888 | Question reflects holding and the general rule of law applied in case; question does not reference "when no written order is taken" nor the citation "O.C.G.A. § 9-2-60" as does the headnote. The question and headnote are substantively different. |
| 4930 | what is the test to determine whether a single transaction involves the distinct offenses of offering and giving a bribe? | The test of whether single transaction includes distinct offenses of offering and of giving bribe is whether separate acts have been committed with requisite criminal intent. Cr.Code, § 39, 18 U.S.C.A. § 201. | may be punished as separate crimes without offending the double jeopardy clause.... The same transaction, in other words, may constitute separate and distinct crimes where it is susceptible of separation into parts, each of which in itself constitutes a completed offense.... [T]he test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the [statute]. | 2 | 3 | ROSS-003288669 | TR-0642418 | TR-0714833 | Question reflects holding and the general rule of law applied in case; question does not reference "is whether separate acts have been committed with requisite criminal intent. Cr.Code, § 39, 18 U.S.C.A. § 201," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4942 | will the court exceed its authority by setting a second trial date after an initial grant of continuance? | Trial court did not exceed its authority by setting a second trial date, after an initial grant of continuance, that left fewer than 60 days before start of trial; neither party objected to the second trial setting, thereby agreeing to the date set, parties had notice and opportunity to be heard, and no further continuances were requested. Rules Civ.Proc., Rule 40(a). | It should first be observed that there is no legal requirement in this State whereby prior notice of intention to apply for the continuance of any matter must be given to the opposing party or his counsel. This being true, a trial judge has authority to grant a continuance ex parte if he desires, although the exercise of such authority is manifestly a matter of judicial discretion. Once such a continuance is granted, however, such grant is not subject to revocation forthe mere reason that it was ex parte and without prior notice to opposing counsel. | 2 | 4 | ROSS-003288693 | TR-0822250 | TR-0550697 | Question reflects holding and the general rule of law applied in case; question does not reference, "trial court" or "continuance, that left fewer than 60 days before start of trial; neither party objected" or "thereby agreeing to the date set, parties had notice and opportunity to be heard, and no further continuances were requested. Rules Civ.Proc., Rule 40(a)," as does the headnote. The question and headnote are substantively different. |
| 5020 | should the exercise of the power of taxation be in such a manner as to permit the taxpayers ability to pay the taxes required by state for its support? | Though state in order to function properly must collect taxes, it must exercise power of taxation in such manner as to permit the solvent survival of taxpayers able to pay the taxes required by state for its support. | A corollary, doubtless recognized by the legislature in formulating the policy above stated, is that it is necessary for the state "908 to exercise its power of taxation, aptly described as "the power to destroy", in such a manner as to permit the solvent survival of taxpayers able to pay the taxes required by the state for its support. In the case at bar it appears that appellant filed regularly and in due time returns which reflected a complete disclosure of all of the sales in controversy, under which disclosure the ascertainment of total liability was only a matter of calculation, and that appellant paid promptly the amount shown to be due, under its asserted theory of liability, by said returns. | 2 | 3 | ROSS-003288855 | TR-0606249 | TR-0606249 | Question reflects holding and the general rule of law applied in case; question does not reference "Though state in order to function properly must collect taxes," as does the headnote. The question and headnote are substantively different. |
| 5041 | on a motion to dismiss for lack of personal jurisdiction, need plaintiffs not prove their case? | On a motion to dismiss for lack of personal jurisdiction, plaintiffs need not prove their case, but rather must only establish a prima facie case, where all well-pleaded facts are taken as true. | As such, upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. | 1 | 3 | ROSS-003288898 | TR-0791480 | TR-0663635 | Question reflects holding and the general rule of law applied in case; question does not reference "but rather must only establish a prima facie case, where all well-pleaded facts are taken as true," as does the headnote. The question and headnote are substantively different. |
| 5043 | does a bribe need to affect federal funds before it can be considered a violation of the federal bribery statute? | Bribe need not affect federal funds before bribe violates federal bribery statute. 18 U.S.C.A. § 666(a)(1)(B). | Case Law Interpreting the New Jersey Bribery Statute In their analysis of New Jersey's bribery statute, federal and state courts have focused on the relationship between bribe givers and bribe recipients to the corruption of official action at the time of exchange and as each party's role was presented at that time. | 2 | 4 | ROSS-003288902 | TR-0566235 | TR-0641453 | Question does not reference "18 U.S.C.A. § 666(a)(1)(B)" as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5058 | where neither party submits evidence on a motion to dismiss for lack of personal jurisdiction, must the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged? | When neither party submits evidence regarding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint must disclose personal jurisdiction, although the particulars of jurisdiction need not be alleged. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. § 1A-1. | Three procedural postures are typical: "(1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues." Id. [10] [11] [12] In this first category where neither party submits evidence, "[t]he allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." Bruggeman v. | 1 | 3 | ROSS-003288934 | TR-0823043 | TR-0537591 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. § 1A-1," as does the headnote. |
| 5201 | can depositions be admitted in evidence or treated as having force and effect of evidence? | Depositions cannot be admitted in evidence or treated as having force and effect of evidence, unless it appears that they were properly transmitted to court in which legal proceeding was pending. | Among other requirements for the admission in evidence of depositions, it must appear that they were properly transmitted to the court where the legal proceeding in which they were taken was pending. | 2 | 3 | ROSS-003289232 | TR-0801113 | TR-0801113 | Question reflects holding and the general rule of law applied in case; question does not reference "unless it appears that they were properly transmitted to court in which legal proceeding was pending," as does the headnote. The question and headnote are substantively different. |
| 5364 | does the head-of-state doctrine apply only to persons the united states government acknowledges as official heads-of-state? | Head-of-State doctrine, which immunizes a Head-of-State from personal jurisdiction in United States courts, applies only to person United States government acknowledges as official Head-of-State; recognition of government and its officers is exclusive function of Executive Branch. | See, Note, Resolving the Confusion Over Head of State Immunity: The Defined Rights of Kings, 86 Colum.L.Rev. 169 (1986). [5] [6] [7]  The immunity extends only to the person the United States government acknowledges as the official head-of-state. Recognition of a government and its officers is the exclusive function of the Executive Branch. Whether the recognized head-of-state has de facto control of the government is irrelevant; the courts must defer to the Executive determination. | 2 | 3 | ROSS-003289578 | TR-0749939 | TR-0810255 | Question reflects holding and the general rule of law applied in case; question does not reference "which immunizes a Head-of-State from personal jurisdiction in United States courts," nor "recognition of government and its officers is exclusive function of Executive Branch," as does the headnote. The question and headnote are substantively different. |
| 5371 | if facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then is the question of subject matter jurisdiction purely one of law? | If the facts before the trial court are not in dispute on motion to dismiss for lack of subject-matter jurisdiction, the question of subject-matter jurisdiction is purely one of law and the Court of Appeals affords no deference to the trial court's conclusion. | The standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. Id. [7] [8] [9] [10]  If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded the trial court's conclusion. Id. On the other hand, if the facts before the trial court are in dispute and the trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. | 1 | 3 | ROSS-003289593 | TR-0610560 | TR-0574651 | Question reflects holding and the general rule of law applied in case; question does not reference "and the Court of Appeals affords no deference to the trial court's conclusion," as does the headnote. The question and headnote are substantively different. |
| 5379 | should a defendant make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint? | When moving for dismissal for plaintiff's failure to exercise reasonable diligence in obtaining service on a defendant, defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. Sup.Ct.Rules, Rule 103(b). | Given the substantial discretion vested in the trial court under Rule 103(b), we review the dismissal of a complaint with prejudice for failure to exercise reasonable diligence in obtaining service to determine whether that discretion was abused. Kole, 325 Ill.App.3d at 949, 259 Ill.Dec. 649, 759 N.E.2d 129. [9] [10] ¶ 21 Once the defendant has made a prima facie showing of a lack of reasonable diligence, the burden shifts to the plaintiff to demonstrate, by way of affidavit or other competent evidentiary materials, that reasonable diligence was exercised and that any delays in effecting service were justified. | 1 | 3 | ROSS-003289613 | TR-0782023 | TR-0656274 | Question reflects holding and the general rule of law applied in case; question does not reference "When moving for dismissal for plaintiff's failure to exercise," or citation to "Sup.Ct.Rules, Rule 103(b)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5381 | does even a slight excuse suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result? | Even a slight excuse will suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | No abuse of discretion occurs in this regard if there is a showing of (1) good cause and (2) no undue prejudice. Id. at 442 (citing TEX.R. CIV. P. 166a(c), 198.3). Good cause is established by a showing that the failure to respond to the request for admissions "was an accident or mistake, not intentional or the result of conscious indifference." Id. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." Boulet v. | 1 | 3 | ROSS-003289617 | TR-0846112 | TR-0566096 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2), as does the headnote. |
| 5382 | is it within a trial court's discretion to allow service of amended answers in response to request for admission? | It is within trial court's discretion to allow service of amended answers in response to request for admission. Rules Civ.Proc., Rules 36(A), 37(A) (4). | It is, however, within the court's discretion to allow untimely answers to requests for admissions, when such an amendment of the admission will not prejudice the other party. | 1 | 3 | ROSS-003289619 | TR-0776960 | TR-0653972 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Rules Civ.Proc., Rules 36(A), 37(A)(4), as does the headnote; question and case opinion have significant textual overlap. |
| 5438 | where there is no good cause for defendant's absence, may a motion to continue the case on that basis properly be denied particularly when the real purpose in seeking a continuance is to delay trial? | Where there is no good cause for defendant's absence, a motion to continue the case on that basis may properly be denied particularly when the real purpose in seeking a continuance is to delay trial. | If the continuance was sought because of the absence of a witness (Stein), the continuance was properly denied because the motion did not contain the affidavit of that witness, describing the evidence to be adduced. (See Ill.Rev.Stat.1979, ch. 110A, par. 231(a); see also Mann v. | 1 | 4 | ROSS-003289733 | TR-0557567 | TR-0862129 | Question reflects holding and the general rule of law applied in case; question and case opinion have textual overlap. |
| 5450 | must the trial court be cautious where it chooses to impose severe sanction of dismissal? | Caution must be observed by trial court when it chooses to impose very severe sanction of dismissal for failure of a party to attend a pretrial conference. Civil Rule 16-II. | Despite Appellee's demand for a jury trial earlier in the litigation, the trial court entered the final judgment for Appellee and awarded him damages in the amount of $122,500.00 without a jury proceeding.<br>[2] Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment. Fla. R. Civ. P. 1.200(c). However, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order "that the party's conduct was willful and contumacious." Schneider v. | 2 | 3 | ROSS-003289759 | TR-0673083 | TR-0822043 | Question reflects holding and the general rule of law applied in case; question does not reference the citation Civil Rule 16-II, as does the headnote; question and case opinion refer to a "severe sanction" while the headnote refers to a "very severe sanction." |
| 5456 | when a party fails to respond in a timely way to a request for admission, does it admit the relevant subject matter of the request? | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | [3] Thus, when a party fails to timely respond to a request for admission, that request is deemed admitted pursuant to C.R.C.P. 36(a). That admission may then be used to support a summary judgment motion. | 1 | 3 | ROSS-003289772 | TR-0866571 | TR-0567250 | Question reflects holding and the general rule of law applied in case; question does not reference the citation Rules Civ. Proc., Rule 36, as does the headnote; question and case opinion have significant textual overlap. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5457 | will the court abuse its discretion in denying motion for new trial when the plaintiff substituted counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case? | Court did not abuse its discretion in denying motion for new trial in interest of justice, despite plaintiff's contention that significant aspects of real controversy were not tried due to trial court's refusal to revise its scheduling order to allow plaintiff's substitute counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case; no showing was made regarding what expert testimony plaintiff would have presented, and thus, trial court could not have determined whether real controversy was or was not tried. W.S.A. 805.15(1). | To support her claim that the trial court abused its discretion, Mitropoulos asserts that justice was not served and significant aspects of the real controversy were not tried. Because no one knows what discovery would have revealed, the trial court could not have determined whether the real controversy was or was not tried, and therefore had a basis for rejecting this contention. No showing was made regarding what expert testimony Mitropoulos would have presented. The court's refusal to order a new trial in the interest of justice has not been shown to be an abuse of discretion. | 2 | 4 | ROSS-003289774 | TR-0775430 | TR-0775430 | Question reflects holding and the general rule of law applied in case; question does not reference the citation W.S.A. 805.15(1); headnote has significant text that the question does not. |
| 5481 | is the power of taxation limited by the will of state as expressed in legislation? | Generally, subject to constitutional restrictions, power of taxation is limited only by will of state as expressed in legislation. | III THE CONSTITUTIONAL AND STATUTORY FRAMEWORK FOR THE VALUATION OF REAL PROPERTY TAXED AD VALOREM [13] [14] [15] [16] ¶ 8 The Legislature has plenary power to tax, subject only to constitutional restrictions and the will of the people expressed through elections. 15  All non-exempt property is taxed ad valorem unless the Legislature provides otherwise through the enactment of a substitute tax. | 2 | 3 | ROSS-003289824 | TR-0551675 | TR-0804560 | Question reflects holding and the general rule of law applied in case; question does not reference "Generally, subject to constitutional restrictions" as does the headnote. |
| 5504 | when a party who lacks standing purports to commence an action, does the trial court have no alternative but to dismiss the action? | When a party who lacks standing purports to commence an action, the trial court has no alternative but to dismiss the action. | 1 1 Like the parents in Lambert, supra, and Justice, supra, the parents in the present case sought damages for harm to their reputations. " 'When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.' State v. | 1 | 3 | ROSS-003289870 | TR-0684171 | TR-0790477 | Question reflects holding and the general rule of law applied in case; question includes language that is also in the case opinion, including the entire introductory clause of the question. |
| 5552 | may a party who fails to timely respond to another party's request for admissions submit contradictory evidence, as a matter admitted by a failure timely to respond is conclusively established? | Party who fails to timely respond to another party's request for admissions may not submit contradictory evidence, as a matter admitted by a failure timely to respond is conclusively established. Rules of Civil Procedure, Rule 36(a, b). | "Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." [1] [2] Hence, by this rule, a matter admitted by a failure timely to respond is conclusively established. And, contrary to the ruling of the trial court, admitted matters can constitute an adequate showing for *637  summary judgment without the necessity of producing further supportive evidence. | 1 | 3 | ROSS-003289967 | TR-0703920 | TR-0703920 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules of Civil Procedure, Rule 36(a, b)," as does the headnote. The question and headnote are substantively different. |
| 5554 | does dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly, lie where claim has no arguable basis in law or fact? | Dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly lies only where claim has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code § 13.001(a)(2). | 4 2 Section 13.001, the general provision for dismissal of claims, provides: (b) In determining whether an action is frivolous or malicious, the court may consider whether: (2) the claim has no arguable basis in law or in fact .... TEX. CIV. PRAC. & REM. CODE ANN. | 1 | 3 | ROSS-003289970 | TR-0806718 | TR-0806852 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "V.T.C.A., Civil Practice & Remedies Code § 13.001(a)(2)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5555 | is awarding of attorney fees and expenses to a party who was put to necessity of proof by opponent's failure to admit truth of matters contained in requests for admission, an abuse of discretion? | Award of attorney fees and expenses to party who was put to necessity of proof by opponent's failure to admit truth of matters contained in requests for admission was abuse of discretion; requests for admission did not conform to necessary standards of clarity and fairness, and opponent was at risk of conceding away a disputed point by such admission. Sup.Ct.Rules, Rules 4:11, 4:12(c). | [2]  We find that the trial court has not abused its discretion. An examination of the record reveals that the attorney for the Hattons moved that the requests for admissions be admitted because of Chem-Haulers' failure to respond within the time required. Chem-Hauler's reply, to this motion, was that the matters contained in the request for admissions had already been denied at pre-trial conference. The trial court then overruled the Hattons' motion. In light of the above, we find there has been no showing that the Hattons have been sufficiently prejudiced for us to find that the trial court abused its discretion. | 1 | 4 | ROSS-003289972 | TR-0678344 | TR-0553068 | Question reflects holding and the general rule of law applied in case; question does not reference "Sup.Ct.Rules, Rules 4:11, 4:12(c)," as does the headnote. |
| 5719 | is the burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions on the party seeking withdrawal? | The burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions is on the party seeking withdrawal. Tex. R. Civ. P. 198.3. | Moreover, in such instances, it is presumed that presentation of the merits would be served by allowing withdrawal of the deemed admissions. See, e.g., Marino, 355 S.W.3d at 634. 3 3 The Supreme Court has not decided whether a party moving to withdraw merit-preclusive admissions must prove that withdrawal would not unduly prejudice the non-moving party, or whether the non-moving party must show that withdrawal would be unduly prejudicial. | 1 | 3 | ROSS-003290311 | TR-0739994 | TR-0739994 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Tex. R. Civ. P. 198.3," as does the headnote. |
| 5731 | will even a slight excuse suffice as a good cause to withdraw or amend an admission, especially when delay or prejudice to the opposing party will not result? | Even a slight excuse will suffice as good cause to withdraw or amend an admission, especially when delay or prejudice to the opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | DEEMED ADMISSIONS A. Good Cause [5] [6] "Good cause" can be shown when a party's failure to answer "was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." Stelly, 927 S.W.2d at 622. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." In re Kellogg-Brown & Root, Inc., 45 S.W.3d 772, 775 (Tex.App.-Tyler 2001, orig. | 1 | 3 | ROSS-003290339 | TR-0735154 | TR-0614025 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3," as does the headnote. |
| 5740 | was it proper for the court in a bribery case of an internal revenue agent to disregard the question of the merits of the tax case involved and exclude it from evidence? | Court in prosecution for bribery of internal revenue agent properly instructed jury to disregard question of merits of tax case involved. | Failure of the trial court on its own motion to properly instruct the jury with regard to the fundamental issues and applicable law in the case is ground for a new trial. | 2 | 4 | ROSS-003290357 | TR-0639913 | TR-0730102 | Question reflects holding and the general rule of law applied in case; question does not reference "jury," as does the headnote. |
| 5786 | when do courts sustain disorderly conviction based on unreasonable noise? | To sustain disorderly conduct conviction based on unreasonable noise, state must show that complained-of speech infringed upon right to peace and tranquility enjoyed by others. West's A.I.C. 35-45-1-3(2). | To sustain a conviction, the State must show that the complained-of speech infringed upon the right to peace and tranquility enjoyed by others. | 2 | 4 | ROSS-003290463 | TR-0572544 | TR-0572544 | Question reflects holding and the genral rule of law applied in case; question does not reference "state must show that complained-of speech infringed upon right to peace and tranquility enjoyed by others," nor does it include a citation to "West's A.I.C. 35-45-1-3(2)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5790 | does failure to answer a request for admissions within fifteen days as provided by civil procedure article per se result in requests for admissions being deemed an admission of facts sought to be established? | Failure to answer request for admissions within 15 days as provided by civil procedure article does not per se result in requests for admissions being deemed an admission of facts sought to be established. LSA-C.C.P. art. 1467. | While it is true that the defendant did not answer the request for admission within fifteen (15) days, he did deny owing any debt by his answer to interrogatories and by answer to Holmes' suit for breach of contract. In our view, failure to answer under Article 1467 does not per se result in requests for admissions being deemed an admission of the facts sought to be established. | 1 | 3 | ROSS-003290470 | TR-0616788 | TR-0616788 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "LSA-C.C.P. art. 1467," as does the headnote. |
| 5797 | may an evasive or incomplete answer to a request for admissions be treated by the trial court as a deemed admission? | Evasive or incomplete answer to request for admissions may be treated by trial court as deemed admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 215, subd. 4, par. a. | SMITH.' Stewart answered, '(T)his Defendant has insufficient knowledge either to affirm or deny such request.' [1] [2] [3] [4]  If responses to requests for admissions are wholly evasive the trial court may deem them admitted. | 2 | 3 | ROSS-003290485 | TR-0879376 | TR-0726641 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Vernon's Ann. Texas Rules Civ. Proc., Rule 215, subd. 4, par. a," as does the headnote. |
| 5799 | when a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, may these admissions then be used to support a summary judgment? | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | [3]  Thus, when a party fails to timely respond to a request for admission, that request is deemed admitted pursuant to C.R.C.P. 36(a). That admission may then be used to support a summary judgment motion. | 1 | 3 | ROSS-003290489 | TR-0866571 | TR-0567250 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 36," as does the headnote. |
| 5847 | does a party's failure to answer at all has the effect of a "judicial admission", which cannot be controverted upon the trial? | A party's failure to answer inquiries on adverse party's written request for admission or denial of relevant facts has effect of a "judicial admission", which cannot be controverted upon the trial. Rules of Civil Procedure, rule 169. | "427  In short, the admissions in question established every element of the Appellee Donahoes' cause of action for usury, and established that both contracts were usurious as a matter of law. [3]  It is well-settled that the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under Rule 169 is comparable to a "legal admission" made in the applicable pleadings of a party, so as to preclude his denial of such facts on the trial of the case. | 2 | 3 | ROSS-003290587 | TR-0805435 | TR-0581982 | Question reflects holding and the genral rule of law applied in case; question does not reference "inquiries on adverse party's written request for admission or denial of relevant facts," nor does it include a citation to "Rules of Civil Procedure, rule 169," as does the headnote. The question and headnote are substantively different. |
| 5853 | does a foot passenger have priority of right of way over automobiles? | Neither foot passengers nor automobiles have priority of right over the other in streets. | "333  Foot-passengers have equal rights in the streets with those mounted on horseback or driving in carriages. Neither have a priority of right over the other. | 2 | 4 | ROSS-003290600 | TR-0871650 | TR-0728110 | Question reflects holding and the genral rule of law applied in case; question does not reference "the other in streets,"  as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5872 | when a party fails to timely respond to the request for admissions and the admissions become facts of record by operation of law, is it within the trial court's discretion whether it will allow the withdrawal of admissions? | When a party fails to timely respond to the request for admissions and the admissions become facts of record by operation of law, it is within the trial court's discretion whether it will allow the withdrawal of admissions. Rules Civ.Proc., Rule 36. | Pursuant to OCGA § 9-11-36(a) (2), the matters in the requests for admissions were admitted by operation of law when [Neal] failed to answer the requests within 30 days of service. The trial court had the discretion to permit withdrawal of the admissions if the two-prong test of OCGA § 9-11-36(b) was satisfied. Those two prongs are (1) that withdrawal of the admissions will subserve or advance the presentation of the merits of the action and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions. | 1 | 3 | ROSS-003290640 | TR-0831596 | TR-0668330 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 36," as does the headnote. |
| 5914 | is voluntary dismissal taken without a court order, unless otherwise stated, without prejudice and may be refiled within one year of dismissal? | Voluntary dismissal taken without court order, unless otherwise stated, is without prejudice and may be refiled within one year of dismissal. Rules Civ.Proc., Rule 41(a)(1), G.S. § 1A-1. | 1, governs voluntary dismissals and states such dismissals are without prejudice "[u]nless otherwise stated in the notice or order of dismissal." Neither Osuna's motion nor the court's order stated the dismissal was with prejudice. "Generally, an order granting a voluntary dismissal without prejudice to its being refiled is not an appealable, final judgment." Grand v. | 1 | 3 | ROSS-003290725 | TR-0761846 | TR-0813427 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 41(a)(1), G.S. § 1A-1," as does the headnote. |
| 5947 | are trial court scheduling orders, as any other order of court, enforceable? | Trial court scheduling orders, as any other order of court, are enforceable. | The trial court has the authority to set discovery scheduling orders with deadlines and to enforce its deadlines. | 1 | 3 | ROSS-003290793 | TR-0865580 | TR-0771755 | Question reflects holding and the general rule of law applied in case. |
| 5970 | does prejudice from withdrawal of admission obtained by request for admissions mean that a party who has obtained admission will lose benefit of it? | "Prejudice" from withdrawal of admission obtained by request for admissions does not mean that party who has obtained admission will lose benefit of it; rather, it means that party has suffered detriment in preparation of case. Trial Procedure Rule 36(B). | In this context, "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. | 1 | 3 | ROSS-003290839 | TR-0703369 | TR-0703369 | Question reflects holding and the genral rule of law applied in case; question does not reference "party has suffered detriment in preparation of case," nor does it include a citation to "Trial Procedure Rule 36(B)," as does the headnote. The question and headnote are substantively different. |
| 5998 | what are the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney? | Among the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney are diligence, good faith and reasonable grounds. LSA-C.C.P. art. 1602. | [1]  [2]  [¶ 11] Deloge contends that the trial court erred in denying his motion for a continuance. We disagree. "A party seeking a continuance has the burden of showing sufficient grounds for granting the motion, and the ruling of the presiding justice is reviewable only for abuse of discretion." Champagne v. | 1 | 4 | ROSS-003290894 | TR-0683881 | TR-0537547 | Question reflects holding and the general rule of law applied in case; question does not reference "diligence, good faith and reasonable grounds," nor does it include a citation to "LSA-C.C.P. art. 1602," as does the headnote. |
| 6001 | under bribery sections of statute, what heightened criminal intent is required to prove a case of bribery? | Under bribery sections of statute, heightened criminal intent, i. e., "corrupt" intent, was required, as opposed to simple mens rea required for violation of the gratuity sections of the statute. 18 U.S.C.A. § 201(c)(3). | It is this element of quid pro quo that distinguishes the heightened criminal intent requisite under the bribery sections of the statute from the simple mens rea required for violation of the gratuity sections. | 2 | 3 | ROSS-003290900 | TR-0646460 | TR-0646460 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "18 U.S.C.A. § 201(c)(3)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6003 | where the statute prohibiting bribery by a public officer or public employee is unclear, which side should it be construed in favor of? | As criminal statute, law prohibiting bribery by public officer or public employee, had to be construed in favor of defendant and against state. M.S.A. §§ 609.42, subd. 1(2), 609.415. | In the present case, we are interpreting a criminal statute, and "[c]riminal statutes are strictly construed in favor of the defendant and against the government." State v. | 2 | 4 | ROSS-003290905 | TR-0724394 | TR-0712855 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.S.A. §§ 609.42, subd. 1(2), 609.415," as does the headnote. |
| 6013 | does a court have broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof? | A trial court has broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof. West's Ann.Cal. C.C.P. § 2033, subd. o. | So I'm going to sustain the objection." [22] [23] "The trial court has wide discretion to determine the relevancy of evidence and [e]very reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) State v. | 1 | 3 | ROSS-003290927 | TR-0838526 | TR-0839541 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's Ann.Cal. C.C.P. § 2033, subd. o," as does the headnote. |
| 6031 | for the purposes of the hobbs act, does the fear connected with threats of economic loss need to be the product of the defendant's actions? | For purposes of Hobbs Act, fear connected with threats of economic loss need not be the product of defendant's actions. 18 U.S.C.A. § 1951. | Under the "fear of economic harm" theory, the defendant receives payment from the victim because the victim believes that the defendant can exercise his or her power to the victim's economic detriment. "The fear need not be the product of the defendant's actions. 'It is enough if the fear exists and the defendant intentionally exploits it.' " Id. | 1 | 4 | ROSS-003290965 | TR-0635437 | TR-0640069 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "18 U.S.C.A. § 1951," as does the headnote. |
| 6040 | does an amendment of declaration at trial to make it correspond to proof not require continuance? | Amendment of declaration at trial to make it correspond to proof does not require continuance, except on showing of necessity to enable defendant to make defense (Code, c. 131, § 8). | 463, this court said: "A declaration may be amended at the trial of an action, to make the allegation correspond to the proof offered, if substantial justice will be thereby promoted, and such amendment does not entitle the defendant to a continuance, unless he shows to the satisfaction of the court that a continuance is necessary to enable him to make his defense." Nothing appears in this case which would satisfy the trial court that a continuance was necessary for a complete defense. | 2 | 4 | ROSS-003290985 | TR-0823610 | TR-0823610 | Question reflects holding and the genral rule of law applied in case; question does not reference "showing of necessity," nor does it include a citation to "(Code, c. 131, § 8)," as does the headnote. |
| 6088 | in determining a motion to extend time for filing a pleading, is it a prerequisite that a responding party demonstrate good cause to obtain relief granted? | In determining motion to extend time for filing pleading, it is prerequisite that responding party demonstrate good cause to obtain relief granted and absence of prejudice to opposing party is immaterial. Sup.Ct.Rules, Rules 183, 216(c). | "A trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion." Id. "A denial of a motion for continuance is [considered to be an] abuse of discretion only if the movant demonstrates good cause for granting it." Id. "However, no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial." Riggin v. | 1 | 4 | ROSS-003291090 | TR-0828196 | TR-0767270 | Question reflects holding and the general rule of law applied in case; question does not reference "absence of prejudice to opposing party," nor does it include a citation to "Sup.Ct.Rules, Rules 183, 216(c)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6130 | did the trial court abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment although they had sufficient time to propound discovery? | Trial court did not abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment; although hearing was continued previously at plaintiffs' request, they did not propound any discovery until five days before continued hearing, and they had nine months to propound discovery. LSA-C.C.P. arts. 1601, 1603. | § 35-1-26-1 states: "The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date." We feel that the trial court did not abuse its discretion in denying the motion for continuance. Defendant has failed to show why he was unable with due diligence to obtain the psychiatric evaluation in the four months since his arrest, the three months since filing notice of an insanity defense, or six weeks since the appearance of new counsel. In addition, the record shows that Dr. Brogno testified about defendant's sanity and was ably questioned by counsel. | 2 | 4 | ROSS-003291180 | TR-0620534 | TR-0785814 | Question reflects holding and the genral rule of law applied in case; question does not reference "propund[ing] any discovery until five days before continued hearing," nor does it include a citation to "LSA-C.C.P. arts. 1601, 1603," as does the headnote. |
| 6155 | does the court have a right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance, if any party or attorney is a member of general assembly? | Under statute authorizing continuance where any party or his attorney is a member of general assembly, trial court has right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance under statute does not instantly divest trial court of jurisdiction. V.A.M.S. § 510.120. | Such a construction takes away all the judicial function of the court in making continuances applied for under this section.' [1] We make reference to the Kyger case to show that when an application for a continuance is filed under Sec. 96, the trial court has the right to determine whether the legislator's presence is necessary to a fair and proper trial. In other words, the filing of such application in proper form does not instanter divest the trial court of jurisdiction and thus prohibit any further proceedings therein 'until the adjournment or recess for twenty days or more of the general assembly (and) ten days thereafter' regardless of the necessity of the legislator's presence to a fair trial and in the present case, regardless of the fact that the legislator attorney was given reasonable opportunity to be present and was actually present and participated in the further proceedings after the application was filed. | 2 | 3 | ROSS-003291232 | TR-0614604 | TR-0614604 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "V.A.M.S. § 510.120," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6166 | would the court abuse its discretion in failing to grant fourth continuance orally requested by defense counsel on the date of separation trial? | Trial court did not abuse its discretion in failing to grant fourth continuance orally requested by defense counsel on the date of separation trial, where defense counsel simply informed the court that he had instructed his client, who had been subpoenaed, not to appear for trial if he was not in better condition than he had been on the previous day, and that, on the day before trial, upon interviewing his client, he had found him to be in an irrational state. | In the interim, the defendant was voluntarily *584 committed for psychiatric treatment at the V.A. Hospital. On the day of the trial, counsel for the defendant arrived late and then informed the court that he had instructed his client, who had been subpoenaed, not toappear for trial, if he was not in better condition than he had been on the previous day. The day before trial, counsel had interviewed his client and had found the defendant to be in an irrational state. No written motion for a continuance was filed. The trial court allowed plaintiff to put on her case in chief and granted judgment. | 2 | 3 | ROSS-003291254 | TR-0879523 | TR-0879523 | Question reflects holding and the general rule of law applied in case; question does not reference "defense counsel simply informed the court that he had instructed his client, who had been subpoenaed, not to appear for trial if he was not in better condition than he had been on the previous day, and that, on the day before trial, upon interviewing his client, he had found him to be in an irrational state," as does the headnote. |
| 6171 | following a determination of liability for punitive damages, once the court orders defendant to produce evidence of financial condition, is there no justification for not specifically following that order? | Following a determination of liability for punitive damages, once the court orders defendant to produce evidence of financial condition, there is no justification for not specifically following that order; if counsel has problems with the court's orders, he or she may seek a pretrial writ or argue the validity of that ruling on appeal. West's Ann.Cal.Civ.Code § 3295(c). | As to the first reason, it may not be a defendant's burden to prove its net worth, but if it is ordered to produce that evidence it is under an obligation to do so. (Civ.Code, § 3295, subd. (c).) Once the court makes the order there is no justification for not specifically following that order. (See *244 People v. Glass (1975) 44 Cal.App.3d 772, 781-782, 118 Cal.Rptr. 797.) If counsel has problems with the court's orders, he or she may seek a pretrial writ or argue the validity of that ruling on appeal. | 1 | 3 | ROSS-003291266 | TR-0727973 | TR-0727973 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's Ann.Cal.Civ.Code § 3295(c)," as does the headnote. |
| 6225 | should a court consider dismissal for lack of jurisdiction or insufficient process, when a motion to dismiss raises a defense of failure to state a claim and any combination of lack of jurisdiction? | When a motion to dismiss alleged both lack of subject matter jurisdiction and failure to state a claim, the court should consider dismissal for lack of subject matter jurisdiction first and should then consider the failure to state a claim only if it determines that it has subject matter jurisdiction; similarly, when a motion to dismiss raises failure to state a claim and any combination of lack of jurisdiction over the person, insufficient process, and insufficient service, the court should consider the latter issues first and then consider dismissal for failure to state a claim only if it determines that it has personal jurisdiction and that process and service of process were sufficient. Neb. Sup. Ct. § 6-1112(b). | State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. A motion to dismiss for lack of subject matter jurisdiction is made pursuant to Civ.R. 12(B)(1), and "[t]he standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. (Citations omitted.) This court has held: [2]  {¶ 20} " '[I]n determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B) (1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.' " Kinder v. | 2 | 4 | ROSS-003291382 | TR-0856428 | TR-0651058 | Question reflects holding and the general rule of law applied in case; question does not reference "insufficient servic,e" nor which issue "the court should consider the [jurisdiction, service, or process] issues first," nor does it include a citation to "Neb. Sup. Ct. § 6-1112(b)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6231 | is dismissal for failure to serve process within 120 days required only if reasonable cause for the delay in service is not documented? | Even without a motion to extend the time for service of process, dismissal for failure to serve process within 120 days is required only if reasonable cause for the delay in service is not documented. West's F.S.A. RCP Rule 1.070(j). | Even without a motion to extend, dismissal is required only if reasonable cause for the delay in service is not documented. Root v. Little, 721 So.2d 836, 837 (Fla. 5th DCA 1998). Rule 1.070(j) is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause. | 1 | 4 | ROSS-003291396 | TR-0556795 | TR-0556795 | Question reflects holding and the general rule of law applied in case; question does not reference "a motion to extend time for service of process," nor does it include a citation to "West's F.S.A. RCR Rule 1.070(j)," as does the headnote. |
| 6243 | is the proper procedure for a court to take upon a determination that a case has become moot, dismissal of the action? | The proper procedure for a court to take upon a determination that a case has become moot is dismissal of the action. Appeal by Plaintiff from order entered 2 November 2015 by Judge April C. Wood in Davidson County District Court. Heard in the Court of Appeals 6 September 2016. | He attached a memorandum stating that the order was made upon the grounds that the complaint failed to state a claim against defendants, or any of them, for lack of a justiciable controversy existing between the plaintiff and the defendants; and further that the complaint violated Rule 8.05, Rules of Civil Procedure, which requires that each averment of a pleading be 'simple, concise, and direct.' Thereafter, on November 30, 1965, upon plaintiff's motion the trial judge ordered that judgment of dismissal be entered nunc pro tunc, stating in the order that 'plaintiff desires that judgment be entered pursuant to said order so he can appeal therefrom.' Thus, the judgment of dismissal subsequently entered was dated October 29, 1965, the date of the order dismissing the action, although it was filed by the clerk of the district court on December 1, 1965. | 2 | 4 | ROSS-003291418 | TR-0703327 | TR-0665318 | Question reflects holding and the general rule of law applied in case. |
| 6263 | is the requirement that sanctions for violations of pre-trial orders must be related to offensive conduct not met when the party seeking sanctions can show no prejudice due to the offending party's conduct? | The requirement that sanctions for violations of pre-trial orders must be related to offensive conduct is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | First, there must be a direct relationship between the offensive conduct and the sanction imposed. TransAmerican, 811 S.W.2d at 917. This requires that the sanction be directed against the abuse and toward remedying the prejudice caused the innocent party. Id. This prong is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. | 1 | 3 | ROSS-003291460 | TR-0751772 | TR-0595371 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 166," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6278 | is tax a debt created by law? | Tax is debt created by law rather than "debt created by contract." | Kendig [Wyo., 641 P.2d 1235 (1982) ], but we have never deviated from our adherence to the proposition that the worker's compensation law of this state is in the nature of industrial-accident insurance." (Citation omitted.) [1]  [2]  When we say that worker's compensation law is based on a concept of industrial insurance, we mean that it is based on contract rather than tort principles. | 2 | 4 | ROSS-003291492 | TR-0766367 | TR-0790144 | Question reflects holding and the general rule of law applied in case; question does not reference "debt created by contract," as does the headnote. |
| 6354 | will undue prejudice to the nonmoving party that would preclude withdrawing deemed admissions depends on whether withdrawing an admission or filing a late response delay trial or significantly hamper the opposing party's ability to prepare for it? | Undue prejudice to the nonmoving party that would preclude withdrawing deemed admissions depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Tex. R. Civ. P. 198.2(a). | "Undue prejudice depends on whether withdrawing an admission or filing a late response will '837  delay trial or significantly hamper the opposing party's ability to prepare for it." Wheeler, 157 S.W.3d at 443. Furthermore, the supreme court has explained that "presentation of the merits will suffer (1) if the requesting party cannot prepare for trial, and also (2) if the requestor can prepare but the case is decided on deemed (but perhaps untrue) facts anyway." Id. | 1 | 3 | ROSS-003291653 | TR-0576448 | TR-0769229 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Tex. R. Civ. P. 198.2(2)," as does the headnote. |
| 6396 | will the degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved, be an appropriate factor to be weighed in determining whether such party had no good reason for denial? | Degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved is also appropriate factor to be weighed in determining whether such party had no good reason for denial so as to warrant imposition of expenses incurred in proving truth of requested admission on such party under § 2034(c). West's Ann.Cal.C.C.P. § 2034(c). | 303.) Thus, if a party denies a request for admission (of substantial importance) in circumstances where the party lacked personal knowledge but had available sources of information and failed to make a reasonable investigation to ascertain the facts, such failure will justify an award of expenses under section 2034(c). [6]  The degree to which the party making the denial has attempted in good faith to reach a reasonable resolution of the matters involved is also an appropriate factor **844  to be weighed. For example, in at least two federal cases the parties making denials of requests for admission had offered to stipulate to the matters requested under reasonable conditions, but the parties propounding the requests had refused the proffered stipulations. | 1 | 3 | ROSS-003291741 | TR-0771732 | TR-0771732 | Question reflects holding and the general rule of law applied in case; question does not reference "imposition of expenses incurred in proving truth of requested admission," nor does it include a citation to "West's Ann.Cal.C.C.P. § 2034(c)," as does the headnote. |
| 8237 | do the power to discontinue a public road conferred by the statute authorizes closing or obstructing roads to use of which property owners have vested property rights? | Statute giving commissioners' court power to discontinue public roads does not authorize closing or obstructing roads in use of which property owners have vested property rights (Vernon's Ann.Civ.St. art. 6703). | The power conferred upon that court by article 6703 of our Revised Statutes to discontinue any public road cannot be construed as authorizing the closing or obstruction of a roadway in the use of which residents thereon have a vested property right; even the Legislature of this state has no such power. | 2 | 3 | ROSS-003295836 | TR-0699319 | TR-0699319 | Question reflects holding and the general rule of law applied in case. When alternate language from the case opinion, identified via the Bates No. in column H of this row, is considered instead of the case opinion text that Dr. Frederiksen-Cross identified, overlap between the case opinion and question becomes more apparent. Both the question and opinion text refer to the power as "conferred" by statute whereas the headnote does not. The question also does not include a citation to "Vernon's Ann.Civ.St. art. 6703," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 8399 | does the commissioners' court have the authority to discontinue a road? | Commissioners' court had authority to discontinue county road. Vernon's Ann.Civ.St. art. 6705. | [2]  [3]  In establishing public roads, the county can act only through the Commissioners' Court, the individual Commissioners having no authority to bind the county by their separate actions. | 2 | 3 | ROSS-003296167 | TR-0674228 | TR-0674228 | Question reflects holding and the general rule of law applied in case. |
| 9060 | does a statute subrogating a surety who has paid the debt of his principal to the rights of the creditor impose obligation on principal to indemnify the surety for amounts paid to the creditor? | Statute subrogating surety who has paid debt of his principal to rights of the creditor does not impose obligation on principal to indemnify surety for amounts paid creditor. West's Ga.Code Ann. § 10-7-56. | *100  Respondents misconstrue the law of subrogation.<br>[5]  The doctrine of subrogation is an equitable one, and it is recognized that the payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | 1 | 4 | ROSS-003297577 | TR-0537757 | TR-0567948 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's Ga.Code Ann. § 10-7-56," as does the headnote. |
| 10015 | will a motion for dismissal be barred by affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? | A motion for involuntary dismissal based upon a bar by affirmative matter avoiding the legal effect of or defeating the claim admits the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | [1]  [2]  MacNeal Hospital's amended counterclaim was dismissed pursuant to 2-619(a)(5) of the Code, which allows for involuntary dismissal when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2002). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. | 1 | 3 | ROSS-003299681 | TR-0701134 | TR-0625372 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "S.H.A. 735 ILCS 5/2-619(a)(9)," as does the headnote. |
| 10076 | is the purpose of pretrial procedure to clarify and simplify issues to be tried, and does the resulting pretrial order control subsequent course of action? | Purpose of pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls subsequent course of action. Rules Civ.Proc., Rule 16. | Consistent with this general rule is Federal Rule of Civil Procedure 16(e), which provides that a pretrial order controls "the subsequent course of the action unless modified by a subsequent order." Rule 16's purpose, however, is "to avoid surprise, not foment it." Wilson v. | 1 | 3 | ROSS-003299810 | TR-0605976 | TR-0828890 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 16," as does the headnote. |
| 10140 | to warrant continuance because of the absence of a witness, must a movant show that testimony of an absent witness would be more than cumulative? | To warrant continuance because of absence of witness movant must show that testimony of absent witness would be more than cumulative. | [17]  [18]  [19]  There is no question but that the granting of a continuance is discretionary with the trial court, and also that the movant must show that the testimony of the absent witness would be more than cumulative. Knowles v. Blue, 209 Ala. 27, 95 So. 481; Pate Lumber Company v. Davis, 215 Ala. 547, 112 So. 124. The refusing of a continuance because of an absent witness, where it is not shown what the witness would say if present, is not an abuse of the court's discretion. Authorities, supra.<br>Appellants', Elliott and Ikner, assignment of error No. 8 contends that the court erred in allowing the witness Watts to testify as to the speed of the Ikner vehicle when he did not have the opportunity to form such an opinion. As to this assignment of error, the same may be said as was said about assignment of error No. 8 of the appellant, Mobile Cab and Baggage Company. It is without merit. Supreme Court Rule 45. | 1 | 3 | ROSS-003299945 | TR-0626808 | TR-0626808 | Question reflects holding and the general rule of law applied in case. |
| 11270 | should the federal funds be directly affected by local official's acceptance of bribe in order to constitute violation of federal programs bribery statute? | Federal funds need not be directly affected by local official's acceptance of bribe in order for acceptance to constitute violation of federal programs bribery statute. 18 U.S.C.A. § 666(a)(1)(B). | Brumley, we held that, in order to convict for the federal crime of depriving a state of the honest services of one of its officials, "a federal prosecutor must prove that conduct of a state official breached a duty respecting the provision of services owed to the official's employer under state law." 116 F.3d 728, 734 (5th Cir.1997) (en banc). However, we were careful to note that, in order to constitute a federal crime, the state statute must concern "something close to bribery" and that "the mere violation of a gratuity statute ... will not suffice." Id. | 1 | 4 | ROSS-003302361 | TR-0640952 | TR-0648095 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "18 U.S.C.A. § 666(a)(1)(B)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 11394 | is an attempt to commit suicide a crime? | Bill of indictment which charged that defendant attempted to commit suicide stated a crime. G.S. § 14-3. | *42 [26] [27] [28] [29] [30] We now turn to the relevant legal principles and our standard of review for claims that the court improperly admitted uncharged misconduct evidence. "Evidence of a defendant's uncharged misconduct is inadmissible to prove that the defendant committed the charged crime or to show the predisposition of the defendant to commit the charged crime. ... Exceptions to this rule have been recognized, however, to render misconduct evidence admissible if, for example, the evidence is offered to prove intent, identity, malice, motive, a system of criminal activity or the elements of a crime. | 2 | 4 | ROSS-003302631 | TR-0724205 | TR-0712508 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "G.S. § 14-3," as does the headnote. |
| 11594 | can a party withdraw admission without a motion to amend admission? | Party may not withdraw admission without motion to amend admission. West's F.S.A. RCP Rule 1.370. | § 1A-1, Rule 36(a), matters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by the rule. The trial court has discretion to allow a withdrawal of an admission upon a party's motion. | 2 | 4 | ROSS-003303052 | TR-0761288 | TR-0843381 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's F.S.A. RCP Rule 1.370," as does the headnote. |
| 12250 | can the offense of bribery be committed by anyone other than one who is an officer of the united states or who is acting for or on behalf of the united states in any official capacity? | The offense of asking, accepting and receiving money with intent thereby to influence official action can only be committed by one who is an officer of the United States or who is acting for or on behalf of the United States in any official capacity, the givers of bribes being punishable under a different section of the Criminal Code. Cr.Code, §§ 39, 117, 18 U.S.C.A. §§ 201, 202. | The phrases 'officer or employee' and 'person acting for or on behalf of the United States * * * in any official function' must be read in the disjunctive. See Nordgren v. United States, 9 Cir., 181 F.2d 718, 720. The phrase 'in any official function,' therefore, modifies only the word 'person' and not 'officer or employee.' [2] [3] It is well established that for an offense to be made out under Sec. 201, a person acting for the United States must be doing so in his official capacity. | 2 | 4 | ROSS-003304404 | TR-0634595 | TR-0591838 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Cr.Code, §§ 39, 117, 18 U.S.C.A. §§ 201, 202," as does the headnote. |
| 13014 | does unauthorized entry itself constitute the prohibited purpose necessary to sustain a conviction under section 1382? | Unauthorized entry itself can constitute prohibited purpose necessary to sustain conviction under statute proscribing entry upon naval reservation for purpose prohibited by law. 18 U.S.C.A. § 1382. | [2] We accept Maxwell's premise: "purpose" is indeed an element of a section 1382 offense. But the case law is consentient that an unauthorized entry itself can constitute the prohibited purpose necessary to sustain a conviction under section 1382. See Parrilla Bonilla, 648 F.2d at 1377; United States v. Mowat, 582 F.2d 1194, 1203-04 (9th Cir.1978); United States v. Floyd, 477 F.2d 217, 225 (10th Cir.1973); see also Sharpton, 252 F.3d at 538-39 (accepting rule sub silentio ). | 2 | 4 | ROSS-003306216 | TR-0641813 | TR-0641813 | Question reflects holding and the general rule of law applied in case; question does not reference "proscribing entry upon naval resererevation for purpose prohibited by law," nor does it include a citation to "18 U.S.C.A. § 1382," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 14062 | is non-record activity consisting of efforts to serve one defendant not sufficient to require a trial court to reinstate action after dismissal for failure to prosecute? | Nonrecord activity consisting of efforts to serve one defendant was not sufficient to require trial court to reinstate action after dismissal for failure to prosecute. West's F.S.A. RCP 1.420(e). | There is no indication that compliance with § 52-46a is a prerequisite in order for an action to be considered "brought." Rather, once an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the **952 service of process within the mandated time period. | 1 | 4 | ROSS-003308529 | TR-0575800 | TR-0540802 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's F.S.A. RCP Rule 1.420(e)," as does the headnote. |
| 14067 | can the public element of an offense be satisfied only if members of the public are likely to be affected? | "Public" element of offense of disorderly conduct may be satisfied if disturbance takes place in a more secluded environment than, for example, on public street or by side of highway, but only if members of the public are likely to be affected. M.G.L.A. c. 272, § 53. | 963, 963-964, 650 N.E.2d 360 (1995); or by the side of a highway, see Commonwealth v. Bosk, 29 Mass.App.Ct. 904, 906-907, 556 N.E.2d 1055 (1990). It also may be satisfied where the disturbance takes place in a more secluded environment, but only if members of the public are likely to be affected. | 2 | 3 | ROSS-003308538 | TR-0697806 | TR-0697806 | Question reflects holding and the general rule of law applied in case; question does not reference "disorderly conduct," "a more secluded environment," "nor does it include a citation to "M.G.L.A. c. 272, § 53," does the headnote. The question and headnote are substantially different. |
| 14778 | can an assignment of a note be written on a separate instrument? | Assignment of negotiable instrument payable to order may be written on separate instrument. Comp.St.1929, § 62-301. | [8] However, it is well settled that a negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee takes only the title and right of the one so transferring it, and does not become the holder in due course, but has only the equitable instead of the legal title. | 2 | 3 | ROSS-003309998 | TR-0533404 | TR-0770949 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Comp.St.1929, § 62-301," as does the headnote. |
| 16121 | is the plain language of a provision of fcpa, prohibiting "payments to foreign officials to obtain or retain business" ambiguous? | Plain language of provision of Foreign Corrupt Practices Act (FCPA), prohibiting payments to foreign officials to obtain or retain business was ambiguous, as to what constituted payments to obtain or retain business. Securities Exchange Act of 1934, § 30A(a), as amended, 15 U.S.C.A. § 78dd-1(a); Foreign Corrupt Practices Act of 1977, § 104(a), 15 U.S.C.A. § 78dd-2(a). | Foreign Corrupt Practices Act [1] The FCPA makes it illegal for an individual or company in the United States to make illicit payments to a foreign official to cause that foreign official to assist in obtaining or retaining business for the payor. See 15 U.S.C. § 78dd-2(a). Congress enacted the FCPA in 1977 to criminalize bribery of foreign officials by domestic corporations. | 2 | 4 | ROSS-003312907 | TR-0639986 | TR-0637793 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Securities Exchange Act of 1934, § 30A(a), as amended, 15 U.S.C.A. § 78dd-1(a); Foreign Corrupt Practices Act of 1977, § 104(a), 15 U.S.C.A. § 78dd-2(a)," as does the headnote. |
| 17007 | does the court have jurisdiction to make proper order to compel a party to produce books and records, to end that adverse party might get information therefrom? | Court has jurisdiction to make proper order to compel party to produce books and records, to end that adverse party might get information therefrom. | [14] The court, having no jurisdiction of the corporation, may not compel its officers to produce for inspection its books and papers or make discovery of its affairs. | 1 | 4 | ROSS-003314793 | TR-0564524 | TR-0666879 | Question reflects holding and the general rule of law applied in case. |
| 17203 | would it be an abuse of discretion for the order setting case for trial on a day that gives the defendant ample time to prepare to defend negligence action, rather than granting continuance? | Order setting case for trial on a day certain, which gave defendant ample time to prepare to defend negligence action, rather than granting continuance to enable defendant to obtain another lawyer, was not an abuse of discretion where defendant had received four previous adjournments. GCR 1963, 503, 503.1. | Therefore, the trial judge did not abuse his discretion in denying appellants' motions for change of venue. Appellants' next contention is that the trial court abused its discretion in proceeding ex parte and dismissing the negligence action against the receiver. Appellants argue that a continuance should have *632 been granted because their counsel was denied another court at the time. | 2 | 4 | ROSS-003315211 | TR-0626348 | TR-0577743 | Question reflects holding and the general rule of law applied in case; question does not reference "granting continuance to enable defendant to obtain another lawyer," nor does it include a citation "GCR 1963, 503, 503.1," as does the headnote. |
| 17508 | does the mere fact that public official's conduct before board was not authorized by statute, regulation or established usage preclude conviction for offering or promising bribe to such official? | Mere fact that public official's conduct before board was not authorized by statute, regulation or established usage did not preclude conviction for offering or promising bribe to such official. M.G.L.A. c. 268 § 7. | Household, Barber, and Pratt urge that there was no evidence on which the jury could find that the bribe was designed to influence Hanley's conduct in his official capacity (see G.L. c. 268, s 7), since his actions before the Rate Board were not authorized by statute, regulation or established usage. | 1 | 4 | ROSS-003315856 | TR-0710234 | TR-0710234 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.G.L.A. c. 268 § 7," as does the headnote. The question and headnote are substantially different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 17543 | does the statute prohibiting theft involving federal funds extend to both bribes and gratuities? | The statute that prohibits theft involving federal funds extends to both bribes and gratuities. 18 U.S.C.A. § 666. | To the extent that the statute prohibits acts of bribery, the prohibition "draws content ... from federal statutes proscribing-and defining-similar crimes," including the general federal bribery statute, 18 U.S.C. § 201(b), and the statute prohibiting theft and bribery involving federal funds, 18 U.S.C. § 666(a)(2). | 1 | 3 | ROSS-003315928 | TR-0632888 | TR-0641939 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.G.L.A. c. 268 § 7," as does the headnote. The question and headnote are substantively different. |
| 17891 | will the court abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adverse party? | Trial court did not abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adverse party. | Bankston obtained no order staying the proceedings, and it is clear from the record that she was aware of the date on which the trial was set to occur. Therefore, the trial court did not abuse its discretion in permitting this matter to go to trial. [8] "A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. | 1 | 4 | ROSS-003316648 | TR-0850906 | TR-0661605 | Question reflects holding and the general rule of law applied in case. |
| 18022 | in a possessory action to recover rented premises, are the rights of the parties and condition of plaintiff's claim to be tested? | In a possessory action to recover rented premises, rights of the parties and condition of plaintiff's claim are to be tested by the facts as they existed on the date the suit was filed. | [4] [5] [6] [7] 3. Even more serious is the claim that the suit was prematurely filed. The suit, as we have seen, was based on the claim that the owner required possession for the purpose of demolishing the house and erecting a new building on the lot, this being one of the excepted grounds on which a landlord is permitted to claim possession under the Rent Act. It is set forth as follows in the Act: 3 3 Code 1940, Supp. V, § 45-1605(b)(4). 'No action or proceeding to recover possession of housing accommodations shall be maintainable by any landlord against any tenant * * * unless * * * (4) The landlord seeks in good faith to recover possession for the immediate purpose of substantially altering, remodeling, or demolishing the property and replacing it with new construction, the plans for which altered, remodeled, or new construction having been filed with and approved by the Commissioners of the District of Columbia * * *.' (Emphasis supplied.) The evidence revealed that the construction plans had not been approved by the District of Columbia Commissioners at the time the suit was filed, and that notice of such approval was not given to plaintiff until almost two months later, on | 1 | 3 | ROSS-003316926 | TR-0878148 | TR-0732417 | Question reflects holding and the general rule of law applied in case; question does not reference "facts as they existed on the date the suit was filed," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 18054 | will attorney fees be warranted as discovery sanction in employee's action against employer if an employer fails to make certain admissions when requested? | Attorney fees were warranted as discovery sanction in employee's action against employer for misappropriation of company funds, unpaid wages, and failure to repay a loan, where employer's failure to make certain admissions when requested led to substantial additional and unnecessary litigation costs. CR 37(c). | Whether the circuit court abused its discretion when it awarded Edward's motion for attorney's fees. [¶ 16.] Leonard contests the award of attorney fees to Edward. The circuit court determined that Leonard's failure to admit to the requested matters during pre-trial discovery was indefensible under SDCL 15-6-37(c) and caused Edward to incur additional, unnecessary expenses in providing proof. | 2 | 4 | ROSS-003316992 | TR-0847054 | TR-0817002 | Question reflects holding and the general rule of law applied in case; question does not reference "misappropriation of company funds," nor "unnecessary litigation costs," nor does it include a citation to "CR 37(c)" as does the headnote. |
| 18266 | does timely filing of a stop payment order by the drawer extinguish his liability to payee? | In absence of consideration passing from payee to drawer of check to support drawer's liability on the check, timely filing of stop payment order by drawer operated to extinguish any liability of drawer to payee. | Further, the parties agree that the mere drafting of a check by a drawer does not constitute an assignment of the funds designated. Therefore, the timely filing of a stop payment order here, without more, would operate to extinguish any liability of Bates to Falco. | 2 | 4 | ROSS-003317444 | TR-0687184 | TR-0687184 | The memo question could have been drafted solely from the judicial opinion because its language is taken from the last sentence of the judicial opinion identified. |
| 18278 | does a charge of bribery require an official to complete a corrupt exchange for an offer of something of value with the intent to influence an official act? | The official is not required to agree to or actually complete a corrupt exchange for an offer of something of value with the intent to influence an official act to amount to honest-services fraud by bribery. 18 U.S.C.A. § 1346. | The bribery-and-kickback theory of honest services fraud requires "a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act." United States v. Wright, 665 F.3d 560, 567-68 (3d Cir.2012) (internal quotation marks and citations omitted). Thus, while the evidence of nondisclosure by itself may not constitute honest services fraud based on a conflict-of-interest theory under Skilling, we believe that where there is also evidence of bribery or kickbacks, as there was before the District Court, then the evidence may be relevant to proof of a scheme to defraud under a bribery-and-kickback theory of honest services fraud. | 2 | 4 | ROSS-003317467 | TR-0644810 | TR-0635223 | Question reflects holding and the general rule of law applied in case; question does not reference "honest-services fraud by bribery" nor does it include a citation to "18 U.S.C.A. § 1346," as does the headnote. |
| 18279 | do bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements? | Bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements. 18 U.S.C.A. § 666. | Instead, broad language referring to the entire body of the law was used in describing the scope of the exception. As a result, bona fidesalaries, wages, fees, and other compensation either received by or promised by § 666 defendants fall within the scope of the subsection (c) exception. [5] In analyzing § 666's applicability to the alleged misdeeds of the defendants, the district court concluded that the Shelby County government received federal benefits in a one-year period that exceeded the statutory base of $10,000. | 1 | 3 | ROSS-003317470 | TR-0642498 | TR-0642498 | Question reflects holding and the general rule of law applied in case. |
| 18360 | does an action seeking specific performance of a contract for purchase and sale be directly related to land cause the relief to be in rem? | For purpose of determining whether county in which purchaser of real property filed suit against vendors was county of preferred venue, action seeking specific performance of contract for purchase and sale directly related to land within meaning of venue rules; action placed ownership of land at issue, and potential for conveyance caused relief to be in rem. Trial Procedure Rule 75(A)(2). | However, this action does not concern merely a question of debt. Rather, the complaint includes a claim for specific performance, which directly "relates" to the land because ownership of the land is at issue. If the appellee prevails on its claim, the land would be conveyed to the proper party. This potential for conveyance causes the relief to be in rem. 1  The appellee wants the property, not merely monetary damages. | 2 | 4 | ROSS-003317646 | TR-0879955 | TR-0879955 | Question reflects holding and the general rule of law applied in case; question does not reference "action placed ownership of land at issue," or the "potential for conveyance caused relief to be in rem;" question does not include a citation "Trial Procedure Rule 75(A)(2)." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 18370 | does neither a trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right? | Neither trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right. | Moreover, we are unpersuaded that the trial court's failure to hold a hearing on the motion to dismiss or the dismissal itself deprived Amfac or CED of a substantial legal right. | 1 | 3 | ROSS-003317666 | TR-0848875 | TR-0848875 | Question reflects holding and the general rule of law applied in case. |
| 18893 | would the dismissal of counterclaim without prejudice be justified by counterclaimant's failure to appear at scheduling conference? | Dismissal of counterclaim without prejudice was justified by counterclaimant's failure to appear at scheduling conference and failure to oppose earlier motions to strike and dismiss counterclaim, despite counterclaimant's allegations that he never received notice; record reflected both that notice was sent to counterclaimant and that he had a history of claiming lack of notice. | The dismissal of appellant's counterclaim was based on appellant's failure to appear at the scheduling conference on October 22, 1993, and on his failure to oppose appellee's earlier motions to strike and dismiss the counterclaim. Appellant claimed that he had failed to appear at the conference because he had never received notice. The trial court found, however, that appellant had previously claimed relief from judgment on the ground of lack of service, and that appellant's failure to appear at the scheduling conference was only the most recent instance of appellant's *1111 disregard for Superior Court procedures. | 2 | 3 | ROSS-003318731 | TR-0806536 | TR-0806536 | Question reflects holding and the general rule of law applied in case; question does not reference "failure to oppose earlier motions" nor that the "record reflected both that notice was sent to counterclaimant and that he had a history of claiming lack of notice." |
| 18904 | is permitting depositions for plaintiffs to be filed after the time fixed by the trial court for plaintiffs to take proof discretionary? | Permitting depositions for plaintiffs to be filed after time fixed by trial court for plaintiffs to take proof was discretionary. | *535 [10] It is contended by appellants that the court erred in permitting depositions for appellees to be filed because they were taken after the time fixed by the court for appellees to take proof but under the showing made that was a matter within the discretion of the court and we are not prepared to say that there was any abuse of discretion. | 1 | 3 | ROSS-003318753 | TR-0618591 | TR-0618591 | Question reflects holding and the general rule of law applied in case. |
| 19132 | who does "specific person" within the meaning of the criminal-harassment statute, refer to? | "Specific person," within the meaning of the criminal-harassment statute, which prohibits a pattern of conduct or series of acts of a certain nature "directed at a specific person," means the victim. M.G.L.A. c. 265, § 43A(a). | [8] Section 53a-181d (a) defines the phrase "course of conduct" as requiring "two or more acts." A person violates this statute, inter alia, when he or she engages a course of conduct directed at a specific person. See General Statutes § 53a-181d (b)(1). Reading these two parts of the stalking in the second degree statute together, we conclude that the two or more acts must be directed at a specific person, in this case the plaintiff. | 2 | 4 | ROSS-003319310 | TR-0648692 | TR-0880568 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.G.L.A. c. 265 § 43A(a)," as does the headnote. |
| 19276 | are the rights of parties governed by the law of the jurisdiction were a note is made and delivered? | Parties' rights held governed by law of jurisdiction in which note was made and delivered. | The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. | 2 | 3 | ROSS-003319663 | TR-0550611 | TR-0736774 | Question reflects holding and the general rule of law applied in case. |
| 19375 | when should a court consider whether an option price bears a resemblance to a fair market value of an article? | In deciding whether alleged lease permits lessee to purchase for "nominal consideration," so as to qualify as disguised security agreement under Alabama law, court must consider whether option price bears resemblance to fair market value of article; this is the real yardstick in determining whether option price is nominal or substantial. | Purchase Option Price [6] [7] [8] [9] Under the 1992 New York UCC § 1-201(37), the most significant factor that indicates a disguised security agreement, not a true lease, is where the option price to purchase the leased equipment at the end of the lease term is nominal. If the lease agreement explicitly provides that the lessee has an option to purchase the leased goods for nominal consideration (e.g., for $1), the agreement is presumed to be a disguised security agreement. | 2 | 4 | ROSS-003319913 | TR-0757566 | TR-0598319 | Question reflects holding and the general rule of law applied in case; question also does not reference "nominal consdieration" nor "Alabama law." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 19833 | if a lease is a true lease, does the uniform commercial code relating to secured transactions, govern questions involving a lessor interest in property? | If lease is true lease, Article 9 of the Uniform Commercial Code (UCC), relating to secured transactions, does not govern questions involving lessor's interest in property. | Stating that security interests in motor vehicles are within the scope of Article 9 of the Uniform Commercial Code, LaSalle argues that equity principles are contemplated concerning the perfection of security interests in motor vehicles, despite the Tennessee Certificate of Title Statute. [9]  "Motor vehicles are goods for the purpose of Article Nine, and therefore, the Uniform Commercial Code applies to transactions intended to create a security interest in automobiles." Keep Fresh Filters, Inc. | 1 | 4 | ROSS-003321021 | TR-0800811 | TR-0742721 | Question reflects holding and the general rule of law applied in case; question does not reference "Article 9 of the Uniform Commercial Code (UCC)." |
| 20142 | are labels used by parties to describe their agreement helpful, but not conclusive per se? | Under South Carolina law, labels used by parties to describe their agreement are helpful, but not conclusive per se, in distinguishing lease from disguised security agreement. S.C.Code 1976, § 36-1-201(37). | South Carolina Rentals, Inc. v. Arthur, 187 B.R. 502, 504 (D.S.C.1995) ( "State law determines whether or not an agreement is a true lease or a disguised security agreement under the Bankruptcy Code."); In re Architectural Millwork, 226 B.R. | 2 | 4 | ROSS-003321626 | TR-0752514 | TR-0752514 | Question reflects holding and the general rule of law applied in case. Question also does not reference "South Carolina law" nor does it include a citation to "S.C.Code 1976, § 36-1-201(37)," as does the headnote. |
| 20424 | where only the form of the pleading is attacked, will the pleading be viewed with lenient eyes? | Where only the form of a pleading is attacked, pleading will be viewed with lenient eyes. | While this judgment and the judgment roll in the former proceeding were referred to and attacked by intervenors' pleading, they were not attached to or incorporated in the pleading. "A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face of the pleading attacked. | 1 | 4 | ROSS-003322187 | TR-0802986 | TR-0615041 | Question reflects holding and the general rule of law applied in case. |
| 21029 | does injury resulting in permanent total disability after the expiration of a war risk policy permit recovery? | Injury resulting in permanent total disability after expiration of war risk policy will not permit recovery thereon. | That he received the injury during his service, which, after 10 years, has now resulted in permanent and total disability, is not sufficient to permit recovery under his policy of insurance, which expired not later than October 5, 1919. | 1 | 3 | ROSS-003323444 | TR-0642063 | TR-0642063 | Question reflects holding and the general rule of law applied in case. |
| 21055 | does a member of an electric cooperative have a private right of action against the cooperative for breach of statutory duty under the electric cooperative corporation act? | Under the Electric Cooperative Corporation Act (ECCA), a member of an electric cooperative does not have a private right of action against the cooperative for breach of statutory duty. V.T.C.A., Utilities Code §§ 161.070, 161.072. | Statutory Duties under the ECCA [13]  Hackett also contends that CoServ owes and breached statutory duties to its members under utilities code sections 161.070 and 161.072. CoServ argues that the ECCA does not confer an express private right of action on Hackett, giving her no standing to sue under the ECCA. | 2 | 4 | ROSS-003323498 | TR-0649030 | TR-0649030 | Question reflects holding and the general rule of law applied in case; question omits reference to the Electric Cooperative Corporation Act (ECCA) and V.T.C.A., Utilities Code §§ 161.070, 161.072. |
| 21436 | is an industry affected with public interest given the character of a public utility? | Mere fact that industry is affected with public interest and may be regulated under police power does not give such industry character of public utility. | 940, which dealt directly with the dairy industry and in which the Supreme Court, states 'We may as well say at once that the dairy industry is not, in. the accepted sense of the phrase, a public utility.' The Nebbia case upheld the statute regulating the dairy industry as a valid exercise of police power over an industry affected with a public interest but it does not necessarily follow that if the industry is affected with a public interest it becomes a public utility. | 2 | 3 | ROSS-003324301 | TR-0635745 | TR-0635745 | Question reflects holding and the general rule of law applied in case; question varies from judicial opinion in only trivial ways. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 21605 | is a trustee, who paid secured debt owed by a debtor's related real estate company the debtor's major secured lender under debtor's guarantee of the debt, entitled to be subrogated to the lender's rights as a secured creditor against a real estate company? | Trustee, who paid secured debt owed by debtor's related real estate company to debtor's major secured lender under debtor's guarantee of the debt, was entitled to be subrogated to the lender's rights as a secured creditor against the real estate company. | Under the doctrine of equitable subrogation, where a guarantor has only paid a portion of the debt owed to the creditor, the guarantor is not entitled to be subrogated to the rights of the creditor. See In re Robert F. Ryan, Ltd., 51 Misc.2d 565, 566, 273 N.Y.S.2d 507, 508 (1966) (guarantor who paid partial amount of debt owed to creditor is not entitled to be subrogated to rights and remedies of creditor until the debt to the creditor is paid in full). | 1 | 4 | ROSS-003324685 | TR-0760571 | TR-0667860 | Question reflects holding and the general rule of law applied in case. |
| 21857 | can company supplying electricity trim branches of trees interfering with wires if necessary for safety and enjoyment of franchise privileges? | Company supplying electricity may trim branches of trees interfering with wires, if necessary for safety and enjoyment of franchise privileges. | at page 607: "* * *; but, even if no express authority had been obtained, the authorities hold that an electrical company which has strung wires pursuant to a legal franchise may trim overhanging branches which interfere with its wires if such removal is reasonably necessary to assure safety and the enjoyment of the privileges conferred by the franchise. | 1 | 4 | ROSS-003325248 | TR-0630480 | TR-0703085 | Question reflects holding and the general rule of law applied in case. |
| 22209 | is judge advocate general (jag) an agency under the administrative procedure code? | Navy Judge Advocate General (JAG) was not an agency subject to Administrative Procedure Act (APA) review. 5 U.S.C.A. § 701(b)(1). | Exhaustion of Administrative Remedies: General Rule [2]  [3] Judicial review of the final decision of a State agency is governed by the Administrative Procedure Act (APA). N.C. Gen. Stat. § 150B-1 et seq., which applies to "both trial and appellate court review of administrative agency decisions." N.C. Dept. of Correction v. | 2 | 3 | ROSS-003325996 | TR-0813804 | TR-0579598 | Question reflects holding and the general rule of law applied in case; question omits reference to Administrative Procedure Act (APA)  5 U.S.C.A. § 701(b)(1). |
| 22338 | in an action at law, can a plaintiff recover only for claims existing at the commencement of the action? | In an action at law, plaintiff may recover only for claims existing at commencement of action, whereas in equity court renders judgment as of date of trial. | At law he could have money damages sustained up to the commencement of the action, whereas in equity the court renders judgment as of the date of trial. | 2 | 3 | ROSS-003326287 | TR-0827958 | TR-0827958 | Question reflects holding and the general rule of law applied in case. |
| 22583 | does the right to an action or to judgment or relief depend upon facts existing at the time of commencement of the action? | The right to an action or to judgment or relief depends upon facts existing at time of commencement of the action and not at subsequent time. | Furthermore, it is said that, in such an action, 'the right to judgment depends on the facts as they existed at the time of the commencement of the action and not at the time of the trial.' 22 Am.Jur. | 1 | 3 | ROSS-003326834 | TR-0676473 | TR-0863208 | Question reflects holding and the general rule of law applied in case; question is largely verbatim from the judicial opinion itself. |
| 23448 | where no good cause or excusable neglect exists for failure to make timely service of process, is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time? | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process: If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. | 1 | 4 | ROSS-003328690 | TR-0879679 | TR-0879679 | Question reflects holding and the general rule of law applied in case. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 23453 | is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, where no good cause or excusable neglect exists for failure to make timely service of process? | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process: If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. | 2 | 4 | ROSS-003328702 | TR-0879679 | TR-0879679 | Question reflects holding and the general rule of law applied in case; question varies from the judicial opinion and the headnote. |
| 23594 | can the legislature ratify a grant of pension? | Legislature can ratify grant of pension where it could have authorized grant in the first place. | 102, says: 'The general and established proposition is that what the Legislature could have authorized it can ratify, if it can authorize at the time of ratification'-citing numerous cases. | 2 | 4 | ROSS-003328997 | TR-0866539 | TR-0614789 | Question reflects holding and the general rule of law applied in case. |
| 23976 | does the statute addressing failure to answer a request for admissions vest broad discretion in trial court regarding granting permission to withdraw or amend admissions? | Statute addressing failure to answer request for admissions vests broad discretion in trial court regarding granting permission to withdraw or amend admissions. West's Ga.Code Ann. § 9-11-36(b). | In fact, contesting the admissions in a motion for summary judgment satisfies the requirements of the rule. Id. [10]  [11] [¶ 19] It is within the trial court's discretion whether it will permit or deny the withdrawal or amendment of admissions. 6750 BMS, L.L.C. Likewise, it is within the court's discretion whether to accept the filing of late responses to a request for admissions. | 1 | 4 | ROSS-003329799 | TR-0786696 | TR-0664059 | Question reflects holding and the general rule of law applied in case; question omits reference to West's Ga.Code Ann. § 9-11-36(b). |
| 24035 | does the power to set aside continuance and reset case for trial reside in court or trial judge? | Power to set aside continuance and reset case for trial resides in court, not trial judge. | [5]  The power and authority to set aside a continuance and reset the case for trial is likewise a power to be exercised by the court, and rests upon the same principles. | 1 | 3 | ROSS-003329922 | TR-0629639 | TR-0629639 | Question reflects holding and the general rule of law applied in case; question is largely verbatim from the judicial opinion itself. |
| 24158 | would the court refuse to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion? | Where case had record of past continuances and defendant's attorney knew at time he agreed to represent defendant that he could not defend case on day set for hearing before board of arbitrators as he would be engaged in trial of another case on that date, trial court's refusal to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion. | ¶ 17 It is well-established that trial courts have the discretion to rule on motions for continuances, and this ruling will only be reversed for an abuse of that discretion. Kinnear v. Dennis, 1924 OK 171, 97 Okla. 206, 223 P. 383, 384. However, when the failure of the court to grant a continuance results in the deprivation of the litigant's right to be represented by counsel who is familiar with the facts and law of his case, the court abuses its discretion. Id. at 385. In Anderson v. State, 1922 OK CR 21, 21 Okla.Crim. 193, 207 P. 977, 983, the Oklahoma Supreme Court discussed the interaction of a criminal defendant's right to counsel *577 and the trial court's discretion to grant continuances as follows: | 2 | 4 | ROSS-003330177 | TR-0803188 | TR-0753691 | Question reflects holding and the general rule of law applied in case. When alternate language from the case opinion, identified via the Bates No. in column H of this row, is considered instead of the case opinion text that Dr. Frederiksen-Cross identified, overlap between the case opinion text and question becomes more apparent. Both the question and opinion text include the phrase "grant a continuance" and the headnote does not. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 24435 | if an action to recover contract damages is ultimately dependent upon proof of ownership rights in a mineral lease, is the proper venue the county in which the relevant land is located? | Action to recover contract damages was ultimately dependent upon proof of ownership rights in mineral lease, and thus the only proper venue was the county in which the relevant real property was located; the party seeking contract damages amended its pleading to exclude real property issues such as title and ownership, but the issue of contract damages required determination of ownership rights in the mineral lease, and the Civil Practice and Remedies Code provided that actions on real property interests could only be filed where the relevant land was located. V.T.C.A., Civil Practice & Remedies Code §§ 15.002(a), 15.004, 15.011; Vernon's Ann.Texas Rules Civ.Proc., Rule 87. | ARCO cites several cases it contends support its position that venue in Gregg County. On first blush, the venue statute related to land would appear to apply only to recovery of real property or damages to real property. However, the Texas cases have construed this mandatory provision more broadly than to actions ultimately seeking title or to clear title to real property. [6] Madera amended its pleading in an effort to exclude any issues of title or ownership to real property; however, the underlying issue that Madera must prove to show its entitlement to damages involves proof of ownership rights in a mineral lease, which in Texas is well established as real property. Whether the recovery is called to be one for conversion, breach of contract, or other nonreal property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought, not on the terms used to describe the cause of action. | 2 | 4 | ROSS-003330751 | TR-0799211 | TR-0799211 | Question reflects holding and the general rule of law applied in case; question does not include reference to "the party seeking contract damages amended its pleading to exclude real property issues" nor does it include a citation to "V.T.C.A., Civil Practice & Remedies Code §§ 15.002(a), 15.004, 15.011; Vernon's Ann.Texas Rules Civ.Proc., Rule 87," as does the headnote. |
| 24535 | did the congress intend to criminalize plea agreements that provide leniency to witnesses in exchange for their testimony? | In passing anti-gratuity statute, which prohibits giving, promising or offering of anything of value in exchange for testimony, Congress did not intend to criminalize Congressionally authorized practice of plea agreements that provide leniency to witnesses in exchange for their testimony. 18 U.S.C.A. §§ 201(c)(2, 3), 3553(e); U.S.S.G. § 5K1.1, 18 U.S.C.A.; Fed.Rules Cr.Proc.Rules 11(e), 35(b), 18 U.S.C.A. | Moreover, even without the witness's testimony, the evidence of McCurvin's guilt was overwhelming, consisting of ten hand-to-hand crack sales to an undercover FBI agent, the interception of narcotics-related conversations pursuant to court-authorized wiretaps, other recorded conversations, narcotics and drug trafficking paraphernalia seized from his residence, and the testimony of another cocoonspirator. c) Anti-gratuity Statute [7]  McCurvin next argues that the admission of cocoonspirator testimony at his trial violated the so-called "anti-gratuity statute," 18 U.S.C. § 201(c)(2), because the government promised these witnesses leniency in exchange for their truthful testimony. We disagree. [8]  Section 201(c)(2) provides that "[w]hoever ... directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial ... | 2 | 4 | ROSS-003330967 | TR-0636454 | TR-0646387 | Question reflects holding and the general rule of law applied in case; question omits reference to 18 U.S.C.A. §§ 201(c)(2, 3), 3553(e); U.S.S.G. § 5K1.1, 18 U.S.C.A.; Fed.Rules Cr.Proc.Rules 11(e), 35(b), 18 U.S.C.A. |
| 24588 | is a trial court required to sua sponte inquire into whether personal injury plaintiffs want to proceed pro se after their attorney failed to appear at a calendar call? | Trial court was not required to sua sponte inquire into whether personal injury plaintiffs wanted to proceed pro se after their attorney failed to appear at calendar call. | Francone himself was absent in violation of a notice to produce which required him to appear. Counsel for plaintiffs told the court he was discharged by Francone "some 20 minutes ago." The trial court insisted that the cause proceed. A recess was declared and counsel telephoned Francone. | 1 | 4 | ROSS-003331088 | TR-0789594 | TR-0874527 | Question reflects holding and the general rule of law applied in case. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 24705 | does arresting officers' failure to advise accused of his rights to counsel and to remain silent render accused immune from prosecution for attempt to bribe arresting officers after arrest? | Arresting officers' failure to advise accused of his rights to counsel and to remain silent did not render accused immune from prosecution for attempt to bribe arresting officers after arrest. | A failure to give Miranda warnings, however, even in a custodial setting, would not prevent a prosecution for an attempt to bribe a law enforcement officer made subsequent to the arrest. | 1 | 4 | ROSS-003331334 | TR-0643716 | TR-0637775 | Question reflects holding and the general rule of law applied in case. |

# EXHIBIT F

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question |
|---|---|---|---|---|---|
| 1209 | Jarecki Mfg. Co. v. Merriam, 104 Kan. 646, 180 P. 224, 225 (1919) | 18 | The following nonexclusive factors may be considered when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery prior to summary judgment: length of time the case has been on file, materiality and purpose of the discovery sought, and due diligence to obtain the discovery sought. Vernon's Ann.Texas Rules Civ.Proc., Rule 166a(g). | We have considered the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. | "When a movant requests a continuance for additional time to conduct discovery, should any nonexclusive factors be considered?" |
| 1220 | Elrod v. Sunflower Meadows Dev., 322 Ga. App. 666, 668 (2013) | 4 | The movant seeking withdrawal of admissions must show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that its denial was not offered solely for the purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | In carrying that burden, Crown was required to show "that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that [its] denial was not offered solely for the purposes of delay." | "Should the movant seeking withdrawal of admissions show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that its denial was not offered solely for the purposes of delay?" |

| 1733 | Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 707 (9th Cir. 1992) | 4 | "Act of state doctrine" is not a jurisdictional limit on courts, but reflects prudential concern that the courts, if they question the validity of sovereign acts by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress; doctrine does not bar action for lack of subject matter jurisdiction but for failure to state claim on which relief can be granted. Fed.Rules Civ.Proc.Rule 12(b)(1, 6), 28 U.S.C.A. | In contrast to the jurisdictional nature of foreign sovereign immunity under the FSIA, "[t]he act of state doctrine is not a jurisdictional limit on courts." Liu, 892 F.2d at 1431. The doctrine reflects the prudential concern that the courts, if they question the validity of sovereign acts taken by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" |
| 1749 | United States v. Greer, 956 F. Supp. 531, 534 (D. Vt. 1997) | 2 | Congress was constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas. U.S.C.A. Const. Art. 1, S 8, cl. 10; Maritime Drug Law Enforcement Act, S 3, 46 App.U.S.C.A. S 1903. | The Constitution thus authorized Congress to give extraterritorial effect to the MDLEA with respect to conduct taking place upon the high seas. | Is Congress constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas? |
| 1790 | Spiecker v. Petroff, 971 S.W.2d 536, 538–39 (Tex. App. 1997) | 7 | Rule regarding withdrawal of deemed admissions should not be construed to give one litigant advantage over his opponent, permitting him to have judgment without supporting testimony, when without injustice to either party, case can be opened for full hearing on evidence. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | The rule should not be construed giving one *539 litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence. | Should the rule regarding withdrawal of deemed admissions be construed to give one litigant advantage over his opponent? |

| | | | | | |
|---|---|---|---|---|---|
| 2148 | King v. Breen, 560 So. 2d 186, 191 (Ala. 1990) | 10 | Although pretrial orders are to control subsequent course of litigation, liberal allowance of amendments to pleadings takes precedence over strict adherence to rule governing pretrial orders. Rules Civ.Proc., Rules 15, 16. | Although under Rule 16 pretrial orders are to control the subsequent course of litigation, the liberal allowance of amendments under Rule 15 takes precedence over strict adherence to Rule 16. | "Although pretrial orders are to control subsequent course of litigation, do liberal allowance of amendments to pleadings take precedence over strict adherence to rule governing pretrial orders?" |
| 3678 | Enax v. New York Tel. Co., 280 A.D.2d 294, 295, 720 N.Y.S.2d 126, 127 (2001) | 1 | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action (see Muhammed v. Manhattan Payment Center, Inc. et al., 251 A.D.2d 228, 675 N.Y.S.2d 45; Ramputi v. Timko Contracting Corp. et al., 262 A.D.2d 26, 691 N.Y.S.2d 432). This case satisfies all four requirements. | "In order to vacate dismissal for abandonment, should a plaintiff show reasonable excuse for delay?" |

| | | | | | |
|---|---|---|---|---|---|
| 3993 | State ex rel. White v. Hais, 17 S.W.3d 903, 904 (Mo. Ct. App. 2000) | 3 | Party in family court matter was not entitled to writ prohibiting trial court from proceeding with trial, even though counsel filed motion for legislative continuance, where trial court did not rule on motion, it was within trial court's discretion to grant or deny legislative continuance based upon determination of whether presence of attorney, who was also state legislator, was necessary for fair and proper trial, and party was also represented by another attorney, whom trial court would not permit to withdraw. | However, we deny Relator's request to prohibit Judge Hais "from proceeding with trial on May 10, 2000, in light of the filed Motion for Legislative Continuance." First, Judge Hais has not ruled on Relator's motion for legislative continuance. Further, it would be within the trial court's discretion to grant or deny the legislative continuance, based upon its determination of whether Schneider's presence is necessary for a fair and proper trial, since Relator is still represented by Garnholz. | Can a court exercise discretion to decide whether attorney's presence is necessary for fair and proper trial? |
| 11611 | United States v. Rooney, 37 F.3d 847, 851 (2d Cir. 1994) | 3 | Manifest purpose of statute prohibiting theft or bribery concerning programs receiving federal funds is to safeguard finite federal resources from corruption and to police those with control of federal funds. 18 U.S.C.A. S 666. | Thus, as is evident from the circumstances surrounding its adoption, § 666's manifest purpose is to safeguard finite federal resources from corruption and to police those with control of federal funds. | Is safeguarding finite federal resources from corruption one of federal bribery statutes purposes? |
| 11617 | Estate of Paulk v. Lott, 217 So.3d 747, 750 (Miss.App., 2017) | 8 | The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal; however, neither contumacious conduct nor an aggravating factor is required to support a dismissal for failure to prosecute under the rules of civil procedure. Miss. R. Civ. P. 41(b). | "The presence of an aggravating factor may serve to bolster or strengthen the case for a dismissal ...." Holder, 54 So.3d at 200 ( 31). However, neither "contumacious conduct" nor an "aggravating factor" is required to support a Rule 41(b) dismissal. | Is contumacious conduct or an aggravating factor required to support a dismissal for failure to prosecute under law? |

| | | | | | |
|---|---|---|---|---|---|
| 11618 | Speedy Gonzalez Landscaping, Inc. v. O.C.A. Const., Inc., 385 Ill. App. 3d 699, 700, 896 N.E.2d 494, 496 (2008) | 1 | A motion to involuntarily dismiss an action based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts an affirmative defense or other legal matter effectively defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Dismissal of a cause of action pursuant to section 2–619(a)(9) is proper where the claim against defendant is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2–619(a)(9) (West 2000). A section 2–619(a)(9) motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other legal matter effectively defeating the claim. | Will a motion for involuntary dismissal assert a defense defeating the claim? |
| 11751 | Pardue v. State, 571 So. 2d 333, 333 (Ala. 1990) | 1 | Burglar who acquired firearm as loot during course of burglary was "armed with deadly weapon," within meaning of first-degree burglary statute, even though he did not use or possess firearm for purpose of its use or potential use as weapon; overruling Buchannon v. State, 554 So.2d 477. Code 1975, S 13-7-5(a). | After its application for rehearing was overruled, the State filed a petition for a writ of certiorari, which we granted in order to consider whether a burglar is "armed with … a deadly weapon" in accordance with Ala.Code 1975, § 13A–7–5(a), if he acquires a gun as loot during the burglary but does not use it or possess it for the purpose of its use or potential use as a weapon. | When is a person armed with a deadly weapon under the burglary statute? |
| 11849 | United States v. One Parcel of Real Prop. with Bldgs., Appurtenances, 908 F. Supp. 1070, 1073 (D.R.I. 1995) | 3 | Double jeopardy clause is not limited to "life or limb" sanctions; clause also applies to imprisonment and monetary penalties. U.S.C.A. Const.Amend. 5. | The Clause is not limited to "life or limb" sanctions; the Clause also applies to imprisonment and monetary penalties. | "Is a double jeopardy clause is not limited to ""life or limb"" sanctions?" |

| | | | | | |
|---|---|---|---|---|---|
| 13545 | United States v. Baumann, 684 F. Supp. 2d 1146, 1151 (D.S.D. 2010) | 9 | Statute prohibiting bribery concerning programs receiving federal funds does not require that bribe itself be in excess of $5,000; government may also allege that business or transaction received in return for bribe was worth in excess of $5,000. 18 U.S.C.A. S 666(a)(2). | Section 666(a)(1)(B) "does not require that the bribe itself be in excess of $5,000." Nystrom, 2008 WL 4833984, at *4 (citing United States v. Hines, 541 F.3d 833, 836–37 (8th Cir.2008)); United States v. Zimmermann, 509 F.3d 920, 926–27 (8th Cir.2007). Rather, alleging that the bribe itself exceeded $5,000 is but "one way to satisfy the element." Id. The element "can also be satisfied by showing that the business or transaction received in return for the bribe was worth in excess of $5,000." | "Does any statute require that the bribe itself be in excess of $5,000?" |
| 13569 | Colonial Pipeline Co. v. Commonwealth, 206 Va. 517, 523, 145 S.E.2d 227, 232 (1965) | 7 | State has inherent and unlimited power of taxation unless restrained by State or Federal Constitution, and power of state to levy taxes is not derived from Federal Constitution as interpreted by Supreme Court. | There are ready answers to this premise. In the first place, the power of the State of Virginia to levy taxes is not derived from the Constitution of the United States as interpreted by the Supreme Court. On the contrary, the State has the inherent and unlimited power of taxation unless restrained by its Constitution or the Constitution of the United States. 18 Mich.Jur., Taxation, § 3, pp. 125, 126, and cases there collected. Moreover, there is a presumption of the constitutionality of a statute and the burden is upon the assailing party to prove its invalidity. | Does the state have inherent and unlimited power of taxation unless restrained by State or Federal Constitution? |
| 13611 | Acme Markets, Inc. v. Callanan, 236 Ill. 2d 29, 42, 923 N.E.2d 718, 727 (2009) | 10 | Purpose of Property Tax Extension Limitation Law (PTELL) is to provide greater citizen control over the levy of taxes they are required to pay. 35 ILCS 200/18-190 (2004 Bar Ed.). | Justice McDade's dissent correctly recognized that the purpose of PTELL "is to provide greater citizen control over the levy of taxes they are required to pay." | What is the purpose of the Property Tax Extension Limitation Law (PTELL)? |

| 16007 | McCabe v. Braunstein, 439 B.R. 1, 10 (D. Mass. 2010) | 17 | Under Massachusetts law, one of the primary purposes of equitable subrogation is to avoid unwarranted windfalls. | One of the primary purposes of subrogation is to avoid unwarranted windfalls. | Is one of the primary purposes of equitable subrogation to avoid unwarranted windfalls? |
|---|---|---|---|---|---|
| 16095 | CompuCredit Corp. v. Greenwood, 565 U.S. 95, 97, 132 S. Ct. 665, 668, 181 L. Ed. 2d 586 (2012) | 1 | Federal Arbitration Act (FAA) provision requiring enforcement of contracts containing arbitration provisions establishes a liberal federal policy favoring arbitration agreements. 9 U.S.C.A. S 2. | Upon issuance of an order compelling arbitration, Defendant requests that the Court either stay these proceedings until completion of the arbitration pursuant to 9 U.S.C. 3, or dismiss the complaint pursuant to Rule 12(b)(1) and (6). II. DISCUSSION [1] [2] The FAA establishes "a liberal federal policy favoring arbitration agreements." Moses H. | Does the Federal Arbitration Act establish a liberal fedral policyfavoring arbitration agreements? |
| 16100 | In re H.A. Manosh Corp., 147 Vt. 367, 369, 518 A.2d 18, 19 (1986) | 1 | Environmental Board rule defining "substantial change" so as to necessitate acquisition of permit under land use law did not negate or undermine legislature's intent, but rather, simply defined parameters of statutory exemption afforded preexisting uses. 10 V.S.A. SS 6081, 6086(a). | Despite respondent's assertions to the contrary, we find no basis for the conclusion **20 that the Board's definition of substantial change negates or undermines the legislature's intent in this area. It simply defines the parameters of the statutory exemption afforded pre-existing uses. Cf. Vermont Brick & Block, Inc. | How Environmental Board Rule define substantial change? |
| 19921 | Fla. E. Coast Ry. Co. v. Lewis, 167 So. 2d 104, 108 (Fla. Dist. Ct. App. 1964) | 4 | Under current rule, plaintiff had no lawful right to voluntary nonsuit. 30 F.S.A. Rules of Civil Procedure, rule 1.35 and subd. (a). | On the authority of Dobson we must hold that on the first trial of the case we now review appellee had no lawful right to an order of voluntary nonsuit, and the trial court erred in entering the order of nonsuit. | Does a plaintiff have no lawful right to a voluntary nonsuit? |

# EXHIBIT G

**Comparison to 100 headnotes Appendix C to Dr. Krein's Reply Report**

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question | Analysis |
|---|---|---|---|---|---|---|
| 21386 | Toney v. C. Courtney, 191 So. 3d 505, 507 (Fla. Dist. Ct. App. 2016) | 6 | Allegations in prisoner's amended complaint against two physicians and a nurse supported the objective prong of a S 1983 claim for deliberate indifference to a serious medical need in violation of Eighth Amendment prohibition against cruel and unusual punishment; prisoner alleged that he had a diagnosis of celiac disease, a gluten or wheat allergy, that nature of his meals was particularly important because he was also an insulin-dependent diabetic, that for the majority of time alleged in his amended complaint he did not receive gluten-free meals, and that, as a result, he regularly consumed gluten, which, due to his celiac disease, caused vomiting, stomach pains, headaches, fatigue, and skin irritation. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. S 1983. | We are also cognizant that "a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories does not establish a claim for relief." | "Will a complaint that simply strings together a series of sentences and paragraphs containing legal conclusions and theories, establish a claim for relief?" | Krein Concedes no copying |
| 2349 | In re Frankum, 399 B.R. 498, 505 (E.D. Ark. 2009) | 15 | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest, (2) the party seeking subrogation must not have acted as a volunteer, (3) the party seeking subrogation must not have been primarily liable for the debt, (4) the party seeking subrogation must have paid off the entire debt, and (5) subrogation must not work injustice to the rights of others. | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest; (2) the party seeking subrogation must not have acted as a volunteer; (3) the party seeking subrogation must not have been primarily liable for the debt; (4) the party seeking subrogation must have paid off the entire debt; and (5) subrogation must not work injustice to the rights of others. | What criteria must be met to invoke the doctrine of equitable subrogation? | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 3225 | Horn v. Int'l Bus. Machines Corp., 110 A.D.2d 87, 92, 493 N.Y.S.2d 184, 189 (1985) | 1 | Literal compliance with Environmental Quality Act's procedural requirements for integrating environmental considerations into decision-making process is mandated; however, state or local "lead agencies" are allowed considerable latitude in exercise of discretion on substantive environmental matters. McKinney's ECL S 8-0101 et seq. | At the outset, it is necessary to emphasize that the standard of judicial review for challenges involving substantive compliance with SEQRA guidelines is limited. While literal compliance with SEQRA's procedural requirements for integrating environmental considerations into the decision making process is mandated (see, Glen Head-Glenwood Landing Civic Council v. Town of Oyster Bay, 88 A.D.2d 484, 490–491, 453 N.Y.S.2d 732; Matter of Rye Town/King Civic Assn. v. Town of Rye, 82 A.D.2d 474, 480–481, 442 N.Y.S.2d 67 appeals dismissed 55 N.Y.2d 747), the courts have allowed State or local "lead agencies" considerable latitude in the exercise of discretion on substantive environmental matters (Aldrich v. Pattison, 107 A.D.2d 258, 486 N.Y.S.2d 23). In Aldrich (supra, at p. 267, 486 N.Y.S.2d 23), this court, in an opinion authored by Justice Rubin, explained: | Do the courts allow state or local agencies considerable latitude in the exercise of discretion on substantive environmental matters? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 17852 | Transamerica Insurance Company v. Barnes, 29 Utah 2, 505 P.2d 783, 105 (Utah 1972) | 5 | Subrogation is not a matter of right but may be invoked only in those circumstances where justice demands its application. (Per Callister, C. J., with one Justice concurring and one Justice concurring in the result.) | Subrogation is not a matter of right but may be invoked only in those circumstances where justice demands its application, and the rights of the one seeking subrogation have a greater equity than the one who opposes him. | Is subrogation permitted only when the rights of those seeking subrogation have greater equity than the rights of those who oppose it? | Not Copyrightable; No Material Appropriation |

| 18561 | Esparza v. Scott and White Hlth. Plan, 909 S.W.2d 548, 551 (Tex. App. 1995) | 2 | Principal purpose of insurance contract is to protect insured from loss, thereby placing risk of loss on insurer. | The principal purpose of an insurance contract is to protect the insured from loss, thereby placing the risk of loss on the insurer. | What is the purpose of insurance? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 15836 | Jackson v. Searcy, 628 So. 2d 887, 889 (Ala. Civ. App. 1993) | 3 | For agency relationship to exist, there must be meeting of the minds of principal and agent as to scope of agent's employment. | [3]  For an agency relationship to exist, there must be a right of control by the principal over the agent. However, it is not essential that the right of control be exercised, so long as that right actually exists. National Security Fire & Casualty Co. v. Bowen, 447 So.2d 133, 137 (Ala.1983). In addition, there must be a meeting of the minds of both the principal and the agent as to the scope of the agent's employment. | Should there be meeting of minds as to the scope of the agent's employment? | Not Copyrightable; No Material Appropriation |
| 10016 | People v. Converse, 42 N.W. 70, 71, 74 Mich. 478, 482 (Mich. 1889) | 2 | An attorney who collects money for a client acts as agent as well as attorney, and may be convicted of embezzlement for appropriating the money to his own use, with intent to deprive the owner thereof. | If an attorney collects money for his client, he in so doing acts as the agent of his client as well as his attorney; and in either case, after making the collection, he appropriates the money to his own use with the intention of depriving the owner of the same,-he is guilty of the crime of embezzlement. If this were not so, no attorney could be convicted of the embezzlement of his client's money, and this was certainly never the intention of the legislature in passing the statute creating the crime. | Can attorney appropriating money collected for his client be guilty of embezzlement? | Not copyrightable (expired); No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 11125 | McCarthy v. Azure, 22 F.3d 351, 355  (1st Cir. 1994) | 5 | Federal policy favoring arbitration does not extend to situations in which identity of parties who have agreed to arbitrate is unclear. | Once that agreement has been proven and the protagonists identified, cases such as Cone and McMahon instruct courts to use a particular hermeneutical principle for interpreting the breadth of the agreement; that is, if the contract language chosen by the parties is unclear as to the nature of the claims to which an agreement to arbitrate extends, a "healthy regard" for the federal policy favoring arbitration requires that "any doubts concerning the scope of an arbitrable issue be resolved in favor of arbitration." Moses H. Cone, 460 U.S. at 24-25. T The federal policy, however, does not extend to situations in which the identity of the parties who have agreed to arbitrate is unclear. | Does federal policy in favor of arbitration extend to situations in which the identity of the parties who have agreed to arbitrate is unclear? | Not Copyrightable; No Material Appropriation |
| 8770 | Memphis Retail Liquor Dealers' Ass'n, Inc., 547 S.W.2d 244, 245-46 (Tenn. 1977) | 1 | If an imposition is primarily for the purpose of raising revenue, it is a "tax"; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a "fee." | If the imposition *246 is primarily for the purpose of raising revenue, it is a tax; if its purpose is for the regulation of some activity under the police power of the governing authority, it is a fee. | Is an imposition a tax, if its purpose is for the regulation of some activity under the police power of the governing authority? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 14892 | State v. Payne, 2008-Ohio-5447, ¶ 9, 178 Ohio App. 3d 617, 621, 899 N.E.2d 1011, 1014 | 5 | Substantial incapacity sufficient to support a conviction for menacing by stalking does not mean that the victim must be hospitalized, or totally unable to care for herself; incapacity is substantial if it has a significant impact upon the victim's daily life. R.C. S 2903.211(A)(1), (D)(2)(a, b). | "Substantial incapacity does not mean that the victim must be hospitalized, or totally unable to care for herself. Incapacity is substantial if it has a significant impact upon the victim's daily life." | "Does ""substantial incapacity"" for the purposes of a conviction for menacing by stalking, require the victim to be hospitalized? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | Clear and unmistakable evidence requirement used in evaluating an arbitration provision's delegation provision pertains to the parties' manifestation of intent, not to the agreement's validity. | N/A | N/A | Not an asserted headnote |
| 13661 | Bk. Trust Co. v. Arnold N. May Builders, 90 Ill. App. 3d 454, 456 (Ill. App. Ct. 1980) | 3 | Motion for judgment on the pleadings tests sufficiency of pleadings as a matter of law and admits truth of all facts pleaded by opposite party. | A motion for judgment on the pleadings tests the sufficiency of the pleadings as a matter of law and admits the truth of all facts well pleaded by the opposite party. | Does a motion for judgment on the pleadings test the sufficiency of the pleadings? | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 21129 | People v. Hochwender, 20 Cal. 2d 181 | 2 | "Taxes" are not "debts" nor "founded upon contract" but they are charges upon persons or property to raise money for public purposes and the general relationship of sovereign and taxpayer is not founded on nor does it create any contractual rights. | The contention cannot be sustained. In the early case of Perry v. Washburn, 20 Cal. 318, 350, it was held: 'Taxes are not debts * * * due by contract, express or implied.' That case has been consistently and uniformly followed. It was cited and approved in Spurrier v. Neumiller, 37 Cal.App. 683, 174 P. 338, 341, where it was said: 'Taxes are not debts, nor founded upon contract; but they are charges upon persons or property to raise money for public purposes.' This court recently reiterated the rule in Southern Service Co. v. County of Los Angeles, 15 Cal.2d 1, 97 P.2d 963, 969, stating, 'The general relationship of sovereign and tax payer is not founded on nor does it create any contractual rights,' citing Perry v. Washburn, supra, and Spurrier v. Neumiller, supra. | Are taxes debts due by contract? | Not Copyrightable; No Material Appropriation |

| 2950 | Adobe Land Corp. v. Griffin, L.L.C., 236 S.W.3d 351, 357 (Tex.App.-Fort Worth, 2007) | 9 | A duty to preserve evidence arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Before any failure to produce evidence may be viewed as discovery abuse, the opposing party must establish that the non-producing party had a duty to preserve the evidence in question. Wal-Mart Stores, Inc., 106 S.W.3d at 722. Such a duty arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Does a duty to preserve evidence arise only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 2585 | Hinds v. Glob. Int'l Marine, 57 So. 3d 1181, 1183-84 (La. App. 2011) | 6 | Any action or step taken in a case to move the case toward judgment should be considered before granting a motion for dismissal for abandonment; dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. LSA-C.C.P. art. 561. | Any *1184 action or step taken in a case to move the case toward judgment should be considered. Dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. | Should any action or step taken in a case to move the case toward judgment be considered before granting a motion for dismissal for abandonment? | Not Copyrightable; No Material Appropriation |
| 13669 | Cole v. O'Tooles of Utica, Inc., 222 A.D.2d 88, 90, 643 N.Y.S.2d 283, 285 (1996) | 2 | Plaintiffs need not label cause of action in pleading, and in fact, even if cause of action is labeled incorrectly, it will not be dismissed if acts alleged constitute cognizable cause of action. | "The pleading can be pathetically drawn; it can reek of miserable draftsmanship" (Siegel, Practice Commentaries, McKinney's Cons.Laws of NY, Book 7B, CPLR C3013:6, at 724). Plaintiffs need not label the cause of action; in fact, even if the cause of action is labeled incorrectly, it will not be dismissed if the facts alleged constitute a cognizable cause of action (see, Guidetti v. Pratt Plumbing & Heating, 55 A.D.2d 720, 721, 389 N.Y.S.2d 170). | Do plaintiffs need to label a cause of action? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 17915 | Stitzel v. Miller, 250 Ill. 72, 75–76 (1911) | 1 | There cannot be any recovery in an ordinary common-law action, where the money is not due at the institution of the suit. | Without question there cannot be *76 any recovery on an ordinary common-law action if the money is not due at the institution of the suit. | Can there be any recovery in an ordinary common-law action? | Not copyrightable (expired; Headnote near verbatim of judicial opinion); No Material Appropriation |
| 18867 | Williams v. United States, 47 Ct. Cl. 316 | 2 | Where a statute enacts that there shall be 26 additional passed assistant and assistant paymasters on the active list of the navy, the President in his discretion may direct that the whole number so added to the active list shall be of the higher grade. Act March 3, 1903, 32 Stat. 1197, 34 U.S.C.A. S 334. | Krein's headnote not found using judicial opinion. | Is the President empowered to appoint either assistant or passed assistant paymasters? | Not Copyrightable (Headnote not in opinion identified); No Material Appropriation |
| 19556 | Wellmaker v. Lamar Cnty. Advisory Bd., 43 Ga. App. 816, 160 S.E. 708, 708 (1931) | 3 | Public road cannot be lawfully discontinued, except in manner prescribed by statute. Civ.Code 1910, SS 636-644. | The county authorities cannot lawfully discontinue a public road except in the manner prescribed by law, after application and notice and registration in the proper office. | Can an existing public road be discontinued without notice and registration in the proper office? | Not copyrightable (Headnote near verbatim of judicial opinion); No Material Appropriation |
| 15085 | Rivas v. Napolitano, 714 F.3d 1108, 1110 (9th Cir. 2013) | 1 | Federal courts are generally without power to review the actions of consular officials. | Federal courts are generally without power to review the actions of consular officials. | Do federal courts have power to review the actions of consular officials? | Not copyrightable (Headnote verbatim of judicial opinion); No Material Appropriation |
| 4855 | Mason v. Connell, 1836 WL 3149, at *1 (Pa. 1836) | 5 | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | Can a partner admit a new member to the partnership without the consent of the other partners? | Not copyrightable (expired; Headnote verbatim of judicial opinion); No Material Appropriation |

| 8877 | Smith v. Thirty-Seventh Judicial Circuit, 847 S.W.2d 755, 758 (Mo. 1993) | 7 | In workers' compensation law, one making appointment and receiving services necessarily stands in correlative relation of employer; right to control employee determines employer status. V.A.M.S. SS 105.800, 287.120, subd. 1. | In workers' compensation law, the "one making the appointment and receiving the services necessarily stands in the correlative relation of employer." Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, [**9]  911 (Mo. 1934). The right to control the employee is the "test often applied" to determine the employer, and the element "most frequently referred to." | "In Workers Compensation, who stands as, or is determined to be, the employer?" | Not Copyrightable; No Material Appropriation |
| 11649 | Carlson v. Hannah, 6 N.J. 202, 212 (N.J. 1951) | 2 | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | The power of an agent to bind his principal is limited to such acts as are within his actual or apparent authority. | Is the power of an agent to bind his principal with his acts within his actual or apparent authority? | Not copyrightable (Headnote verbatim of judicial opinion); No Material Appropriation |
| 6885 | Schneider v. Spaeth, 133 So. 3d 1167, 1168–69 (Fla. Dist. Ct. App. 2014) | 2 | No magic words are required in an order entering a default based on a party's failure to attend a properly noticed case management conference, but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard. West's F.S.A. RCP Rule 1.200(c). | The requisite written finding of willfulness is, in part, to provide assurance that "the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). "[N]o 'magic words' are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard." | "In the requisite written finding of wilfulness, are magic words required or only a finding that the conduct upon which the order is based was equivalent to wilfulness or deliberate disregard?" | Not Copyrightable; No Material Appropriation |
| N/A | N/A | N/A | Purpose of statute requiring state to provide notice of intent to seek hard 40 sentence is to make defendant aware of hard 40 prospect so as to be in a position to devise his or her strategy. K.S.A. 21-4624(1). | N/A | N/A | Not an asserted headnote; Krein concedes no copying |

| | | | | | |
|---|---|---|---|---|---|
| 2954 | St. Mary v. Superior Court, 223 Cal.App.4th 762, 776, 167 Cal.Rptr.3d 517, 528 (Cal.App. 6 Dist., 2014) | 11 | A "deemed admitted" order establishes, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein. Cal. Civ. Proc. Code S 2033.280(c). | "[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein." | "Does a ""deemed admitted"" order establish, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein?" | Not Copyrightable; No Material Appropriation |
| 18697 | Brezler v. Mills, 220 F. Supp. 3d 303, 326 (E.D.N.Y. 2016) | 19 | Navy, like any other agency, must comply with its own binding rules. | The Navy, like any other agency, must comply with its own binding rules. | Does the navy have to comply with its own binding rules? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 11085 | S. Indiana Gas & Elec. Co. v. City of Boonville, 215 Ind. 552, 560 (1939) | 5 | The power of eminent domain is an attribute of sovereignty which inures in every independent state and cannot be surrendered, and if attempted to be contracted away it may be resumed at will. | The power of eminent domain is an attribute of sovereignty and inures in every independent state. It cannot be surrendered, and, if attempted to be contracted away, it may be resumed at will. | Can the power of eminent domain be surrendered? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 21195 | Billingsley v. St. Louis County, 70 F.3d 61, 64 (8th Cir. 1995) | 5 | Government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. U.S.C.A. Const.Amend. 1. | It is clear, then, that under Barnes a government worker who performs technical, ministerial tasks cannot be discharged based on his political beliefs. | Is an employees political affiliation an appropriate requirement for performing ministerial duties? | Not Copyrightable; No Material Appropriation |
| 10054 | Teller v. McCoy, 162 W. Va. 367, 384 (1978) | 3 | Since lease of residential dwelling unit is to be treated and construed as any other contract, covenant to pay rent and warranty of habitability are mutually dependent. Code, 37-6-30. | In response to the second certified question, we hold that since a lease of a residential dwelling unit is to be treated and construed as any other contract, the covenant to pay rent and the warranty of habitability are mutually dependent. | Are leases of urban dwelling units construed like any other contract? | Not Copyrightable; No Material Appropriation |

| 6431 | In re N.J.A.C. 7:15-5.24(b), 420 N.J. Super. 552, 572 (App. Div. 2011) | 11 | Enabling statute for Department of Environmental Protection (DEP) grants the DEP vast authority to set policy and promulgate regulations for the conservation of the natural resources of the State, the promotion of environmental protection, and the prevention of pollution of the environment of the State. N.J.S.A. 13:1D-1 et seq. | Lastly, HN34 the DEP's general enabling statute, N.J.S.A. 13:1D-1 to -137, grants the agency vast authority to set policy and promulgate regulations "for the conservation of the natural resources of the State, the promotion of environmental protection and the prevention of pollution of the environment of the State." N.J.S.A. 13:1D-9. | What responsibilities are the Department of Environmental Protection charged with? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 12835 | M. T. v. State, 2009 Ark. App. 761, 795 (Ark. Ct. App. 2009) | 9 | For purposes of disorderly conduct, a public inconvenience, annoyance, or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. West's A.C.A. S 5-71-207(a)(1). | First, our precedent refutes appellant's narrow interpretation of the disorderly conduct statute that the incident giving rise to the charge must occur in a public place. A public inconvenience, annoyance or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. | Can public inconvenience occur due to an individuals conduct? | Not Copyrightable; No Material Appropriation |
| 10328 | Roberts v. Wells Fargo Bank, N.A., 406 S.W.3d 702, 706 (Tex. App. 2013) | 6 | When nonsuit is filed after an unfavorable partial summary judgment has been entered against a claimant, the nonsuit is with prejudice as to those claims of which the judgment has disposed; this concept promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments through the preclusion of matters that have already been decided or which could have been litigated in a prior suit. Vernon's Ann.Texas Rules Civ.Proc., Rules 162, 166a(c). | When nonsuit is filed after an unfavorable partial summary judgment has been entered against the claimant, the nonsuit is with prejudice as to those claims of which the judgment has disposed. This concept promotes judicial efficiency, protects parties from multiple lawsuits, and prevents inconsistent judgments through the preclusion of matters that have already been decided or which could have been litigated in a prior suit. | "When a claimant nonsuits after an unfavorable partial summary judgment, is the nonsuit with prejudice as to the claims disposed of by the judgment?" | Not Copyrightable; No Material Appropriation |

| 841 | City of Ashland v. Ashland Salvage, 271 Neb. 362, 371 (2006) | 15 | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. | "Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission?" | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 8430 | Withrow v. Withrow, 278 Ga. 525, 525, 603 S.E.2d 276, 277–78 (2004) | 3 | The absence of a party's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Moreover, "[t]he absence of a [party's] counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. [Cit.]" Davis v. Barnes, 158 Ga.App. 89, 90, 279 S.E.2d 330 (1981). | "Is the absence of a party's counsel, without leave, to attend proceedings in other courts no ground for continuance or postponement?" | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 1301 | Osagie v. Peakload Temp. Services, 91 S.W.3d 326, 329 (Tenn. Ct. App., 2002) | 4 | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Osagie's wage claim to be a dismissal for failure to prosecute under rule 41.02 of the Rules of Civil Procedure. This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. | Does the purpose of rules governing dismissal of a claim for failure is to prosecute to protect defendants against plaintiffs who are unwilling to put their claims to the test? | Not Copyrightable; No Material Appropriation |

| 1316 | Jgk Industries, LLC v Hayes NY Business, LLC, No. 2014-10060, 2015-04730, 603527/13, 45 N.Y.S.3d 479, 481, 2016 N.Y. Slip Op. 08848, 2016 WL 7445269 (N.Y.A.D. 2 Dept., Dec. 28, 2016) | 1 | On a motion to dismiss a complaint for failure to state a cause of action, the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference | On a motion to dismiss a complaint for failure to state a cause of action, should the complaint be construed liberally? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 18581 | Voss v. State, 208 Miss. 303, 304–05, 44 So. 2d 402, 402 (1950) | 1 | There was no such offense in common law as embezzlement; and it is made such by statute, being a statutory larceny. | In Hampton v. State, 99 Miss. 176, 183, 54 So. 722, 723, it is said: 'There was no such offense at common law as embezzlement; it is made such by statute; it is a statutory larceny. | Is embezzlement a common law offence? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 4196 | Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. App. 5 Dist., 2001) | 4 | A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. | A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. | "Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true, as well as reasonable inferences that can arise from those facts?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5701 | Little v. State Indus. Comm'n, 1936 OK 817 | 5 | Forgery statute is aimed primarily at safeguarding confidence in genuineness of documents relied upon in commercial and business activity; such purpose underlies not only prohibition against forging false instrument but also against possessing or uttering such an instrument. W.S.A. 943.38. | A forgery statute is "aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity." LaFave & Scott, Handbook on Criminal Law, p. 671 (1972). This purpose underlies not only the prohibition against forging a false instrument but also that against possessing or uttering such an instrument. Perkins, Criminal Law, pp. 339-40 (2d ed. 1969). | What is the purpose of forgery statute? | Not Copyrightable; No Material Appropriation |
| 11132 | AAA Pharmacy v. United States, 112 Fed. Cl. 387, 394 (Fed.Cl., 2013) | 5 | Regulatory takings jurisprudence is characterized by essentially ad hoc, factual inquiries designed to allow careful examination and weighing of all the relevant circumstances. U.S. Const. Amend. 5. | The analysis employed with respect to cases involving a physical occupation, "for the most part, involves the straightforward application of per se rules," whereas "regulatory takings jurisprudence ... is characterized by 'essentially ad hoc, factual inquires,' designed to allow 'careful examination and weighing of all the relevant circumstances.' | How is regulatory taking jurisprudence characterized? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 17097 | Zuzak v. Querbes, 193 So. 258, 261 (La. Ct. App. 1939) | 1 | On question whether a certain lease was the renewal of a prior lease upon the execution of which additional brokerage commissions were due, both leases, which named a partnership as lessee, involved the same lessee, notwithstanding that a change in membership of partnership occurred between dates of execution of leases, since a "partnership" once formed and put into action becomes in contemplation of law a moral being distinct from the persons who compose it. | It is further observed that both of the above described lease contracts involved the same lessee, namely, D. Goldring, a co–partnership, notwithstanding the fact that a slight change in the membership of that entity occurred between the dates of execution of the first and last instruments. The following phraseology found in Brinson v. Monroe Automobile & Supply Co. et al., 180 La. 1064, 158 So. 558, 562, 96 A.L.R. 1206, sustains this observation: "A partnership, once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person which has peculiar rights and attributes. | Is a partnership a civil person having civil rights? | Krein Concedes no copying |
| 14865 | Zeis v. Fruehauf Corp., 56 Wis. 2d 486, 491, 202 N.W.2d 225, 227 (1972) | 4 | Public policy requires dismissal of stale lawsuits which have not been adequately prosecuted. | Public policy requires the dismissal of stale lawsuits which have not been adequately prosecuted. | Does public policy require dismissal of stale lawsuits which have not been adequately prosecuted? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 11966 | People v. Beltran, 56 Cal. 4th 935, 942 (2013) | 5 | The mens rea element required for murder is a state of mind constituting either express or implied malice; a person who kills without malice does not commit murder. West's Ann.Cal.Penal Code SS 187, 188. | The mens rea element required for murder is a state of mind constituting either express or implied malice. A person who kills ***509 without malice does not commit murder. | "Is the mens rea required for murder malice, expressed or implied? " | Not Copyrightable; No Material Appropriation |

| 8072 | Birdsboro & Birdsboro Mun. Auth. v. Dep't of Envtl. Protec., 795 A.2d 444, 447–48 (Pa. Cmmw. 2002) | 4 | Environmental Hearing Board (EHB) need not provide specific reasons for finding one witness credible over another. | Additionally, the EHB need not provide specific reasons for finding one witness credible over another. | Does the Environmental Hearing Board (EHB) need to provide specific reasons for finding one witness credible over the other? | Not Copyrightable; No Material Appropriation |
|------|------|---|------|------|------|------|
| 14127 | Vill. of Tiki Island v. Ronquille, 463 S.W.3d 562, 575 (Tex. App. 2015) | 5 | The economic impact of a regulation may indicate a taking even if the landowner has not been deprived of all economically beneficial use of his property. Tex. Const. art. 1, S 17. | For example, "the economic impact of a regulation may indicate a taking even if the landowner has not been deprived of all economically beneficial use of his property." | Can the economic impact of a regulation lead to a taking? | Not Copyrightable; No Material Appropriation |
| 7230 | Onstad v. Wright, 54 S.W.3d 799, 805–06 (Tex. App. 2001) | 11 | If its order on a motion in limine has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. | An order on a motion in limine, however, is an action taken by the trial court in the exercise of its control over proceedings before that court. When a trial court issues an order granting such a motion in limine, the opposing party has a duty to comply with that order and to instruct the witnesses to do the same. Noncompliance with that order may lead to contempt or other sanctions the trial court deems appropriate. [ . . .] The violation of a motion in limine may entitle a party to relief, but any remedies available with regard to such a violation lie with the trial court. See Brazzell, 481 S.W.2d at 131. If its order has been violated, the trial court may apply the sanctions of contempt or take other appropriate action. | "If its order on a motion in limine has been violated, may the trial court apply the sanctions of contempt or take other appropriate action?" | Not Copyrightable; No Material Appropriation |

| 9830 | Ledford v. Thomas, 144 F.Supp.2d 709, 725 (S.D.Tex.,2000) | 7 | Under Texas and federal law, jeopardy does not attach at arrest or indictment stage; instead, in jury trial, jeopardy attaches when jury is empaneled and sworn and, in bench trial, when both sides have announced ready and defendant has pleaded to charging instrument. U.S.C.A. Const.Amend. 5. | The case law regarding successive prosecutions supports this conclusion. Under both Texas and federal law, jeopardy does not attach at the arrest or indictment stage. Instead, in a jury trial, jeopardy attaches when the jury is empaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Proctor v. State, 841 S.W.2d 1 (Tex.Crim.App.1992). In a bench trial, jeopardy does not attach under state law until both sides have announced ready and the defendant has pleaded to the charging instrument. | Will jeopardy attach when both sides have announced ready and defendant has pleaded to charging instrument? | Not Copyrightable; No Material Appropriation |
| 17986 | Knighten v. Knighten, 447 So. 2d 534, 540–41 (La. Ct. App.), writ denied, 448 So. 2d 1303 (La. 1984) | 4 | Trial court did not err in refusing to grant a continuance to curatrix of husband's estate in connection with curatrix's third-party legal malpractice demand, because curatrix merely argued that she was unable to obtain evidence material to her case, but she failed to assert what evidence she was unable to obtain or how that evidence was material. LSA-C.C.P. arts. 1601, 1602. | The oral motion to continue was based upon Lain's answer to the third party demand not being filed until the day of trial and upon his failure to answer the interrogatories.<br>[...]<br>The curatrix has failed to establish she was entitled to a mandatory continuance under C.C.P. 1602. She merely argues she was unable to obtain evidence material to her case because of Lain's untimely answer and failure to answer the interrogatories. She has failed to assert what evidence she was unable to obtain or how that evidence was material to her case. She has also failed to show that the trial court abused its discretion in refusing to grant the continuance under C.C.P. 1601. | "Should a party who seeks a continuance because he was unable to obtain material evidence, show what evidence he could not obtain?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10108 | Warberg Opportunistic Trading Fund L.P. v GeoResources, No. 3552, 3553, 3553A, 652332/12, 58 N.Y.S.3d 1, 8, 2017 N.Y. Slip Op. 04537, 2017 WL 2467326 (N.Y.A.D. 1 Dept., June 08, | 9 | A novation will not discharge obligations created under a prior agreement unless it was so intended; this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively. | "A novation will not discharge obligations created under a prior agreement unless it was so intended, and this question may be determined from the writings and conduct of the parties or, in certain cases, from the documents exclusively" | "Is novation unlikely to be found upon the mere issuance of a new security, without any affirmative indication that the parties were changing the terms underlying the warrant being transferred?" | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 2657 | The Florida Bar v. Greene, 926 So. 2d 1195, 1199 (Fla., 2006) | 1 | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | "Is a motion to dismiss designed to test the legal sufficiency of the complaint, not to determine factual issues?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |
| 14560 | Bartleman v. Humphrey, 441 S.W.2d 335, 349 (Mo. 1969) | 28 | A deposition under oath consists of original answers as well as changed answers, with witness' reasons, if any for changes. | A deposition under oath consists of 'original answers, as well as * * * changed answers, with his reasons, if any, therefor,' | Does a deposition under oath consist of original answers as well as changed answers? | Not Copyrightable; No Material Appropriation |

| 17873 | Singh v. Larry Fowler Trucking, Inc., 390 S.W.3d 280, 286 (Tenn. Ct. App. 2012) | 3 | Although plaintiff driver, who was rear-ended by defendant driver, did not make a separate offer of proof, there was sufficient evidence in the record from which appellate court could determine the trial court's reasoning in granting defendant's motion in limine to exclude deposition testimony of plaintiff's medical expert and whether court's ruling was erroneous, given that the appellate record contained full deposition of plaintiff's medical expert, the motion in limine, and the trial court's order on the motion; substance of the evidence and the specific evidentiary basis supporting admission or exclusion were apparent from the context. Rules of Evid., Rule 103(a)(2). | In this case, we are concerned with the exclusion of certain portions of the deposition testimony of Dr. Jaffin. The appellate record contains the evidentiary deposition in its entirety. Although we concede that Mr. Singh did not make a separate offer of proof, because the appellate record contains Dr. Jaffin's full deposition, the motion in limine, and the trial court's order on the motion, there is sufficient evidence in the record from which to determine the trial court's reasoning and whether it was erroneous. The purpose of Rule 103(a)(2) is to help this Court determine whether the trial court's exclusion was reversible error. Here, the substance of the evidence and the specific evidentiary basis supporting admission or exclusion are apparent from the context. Accordingly, Mr. Singh's failure to make a separate offer of proof is not fatal to his appeal. | "Although rulings on motions in limine are within the discretion of the trial court, are discretionary choices left to a court's inclination?" | Not Copyrightable; No Material Appropriation |
| 14402 | Perkins v. Carter, 09-673 (La. App. 5 Cir. 12/29/09), 30 So. 3d 862, 869 (La. Ct. App. 2009) | 14 | One of principal purposes of pretrial proceeding is to narrow issues of litigation to those which are contested and to dispense with proof on issues which are not contested. LSA-C.C.P. art. 1551. | One of the principal purposes of pretrial proceedings is to narrow the issues of the litigation to those which are contested and to dispense with proof on the issues which are not contested. | What is the purpose of pretrial proceedings with regard to contested issues? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2917 | Rozas v. Evangeline Parish Police Jury, 214 So.2d 398, 400 (La.App., 1968) | 4 | In determining whether a cause of action based on fraud has been pleaded, court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. LSA-C.C.P. art. 856. | In determining whether a cause of action has been pleaded, the court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. | Will a court disregard general charges of fraud as mere conclusions? | Not Copyrightable; No Material Appropriation |
| 10769 | Gerlich v. Leath, 861 F.3d 697, 705 (8th Cir. 2017) | 10 | If a state university creates a limited public forum for speech, it may not discriminate against speech on the basis of its viewpoint. U.S. Const. Amend. 1. | If a state university creates a limited public forum for speech, it may not *705 "discriminate against speech on the basis of its viewpoint." | "f a state university creates a limited public forum for speech, can it discriminate against speech on the basis of its viewpoint?" | Not Copyrightable; No Material Appropriation |
| 12416 | Schulz v. Dattero, 104 A.D.3d 831, 834, 961 N.Y.S.2d 308, 312 (2013) | 5 | Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass. | "Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass" | Can the innocent entry upon the land of another without permission cause a trespass? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 8359 | Standard Oil Co. v. Johnson, 316 U.S. 481, 484 (1942) | 3 | That the establishment and control of army post exchanges have been in accordance with War Department regulations, rather than specific statutory directions, does not alter their status as "arms of the government", since authorized War Department regulations have the force of "law". Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | That the establishment and control of post exchanges have been in accordance with regulations rather than specific statutory directions does not alter their **1170 status, for authorized War Department regulations have the force of law. 5 3 Act July 15, 1870, 16 Stat. 315, 319; Act March 1, 1875, 18 Stat. 337. | Do War Department regulations have the force of law? | Not Copyrightable; No Material Appropriation |

| 15780 | Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525, 17 N.E. 118, 120–21 (1888) | 9 | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses. *121 There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. | "Is there a natural and causative connection between the violation of a statute, and the frightening of a horse?" | Not Copyrightable (expired; headnote near verbatim of judicial opinion); No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 10329 | Herrell v. Maddux, 217 Kan. 192, 192 (1975) | 2 | Generally, a pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | A pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. | Does a pretrial order which specifies the issues to be tried supersede and replace the pleadings? | Not Copyrightable; No Material Appropriation |
| 1329 | Thompson v. Echostar Commc'ns Corp., 89 So. 3d 696, 701 (Miss. Ct. App. 2012) | 10 | Even though the rule providing for the dismissal of an action for failure to prosecute does not specifically mention sanctions, a court may impose lesser sanctions including fines, costs, or damages against a plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | Therefore, even though Rule 41(b) does not specifically mention sanctions, a court may impose lesser sanctions instead of dismissing a case for lack of prosecution. See Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (¶ 12) (Miss.1999). "Lesser sanctions include fines, costs, or damages against [a] plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5479 | M.S.P.C. v. U.S. Customs and Border Protection, 60 F.Supp.3d 1156, 1167 (D.N.M., 2014) | 12 | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. U.S.C.A. Const.Amend. 5. | The fact that aliens within the territorial jurisdiction of the United States are protected by the Due Process Clause, however, does not lead to the conclusion that all aliens are entitled to the same rights as citizens or to the conclusion that all aliens must be treated alike. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? | Not Copyrightable; No Material Appropriation |
| 16752 | Richard v. Perkins, 373 F. Supp. 2d 1211, 1219 (D. Kan. 2005) | 16 | Student athletes do not have property or liberty interests protected by the Due Process Clause in participating in intercollegiate athletics. U.S.C.A. Const.Amend. 14. | Defendants correctly note that under Tenth Circuit law, that student athletes do not have constitutionally protected property or liberty interests in participating in intercollegiate athletics. Seamons v. Snow, 84 F.3d 1226 (10th Cir.1996) (no protected property interest in participating in school athletic program); Colo. Seminary v. Nat'l Collegiate Athl. Assoc., 417 F.Supp. 885 (D.Colo.1976) (same), aff'd, 612 F.2d 473 (10th Cir.1979); see also Lesser v. Neosho County Community Coll., 741 Supp. 854, 861–62 (D.Kan.1990) (participation in intercollegiate athletics is privilege, not a right); Hysaw v. Washburn Univ. of Topeka, 690 F.Supp. 940 (D.Kan.1987) (no right to pursue college football career). | Do student athletes have a constitutional right to participate in athletic programs? | Not Copyrightable; No Material Appropriation |

| 18289 | City of Washington v. Bd. of Assessment Appeals of Washington Cnty., 550 Pa. 175, 183, 704 A.2d 120, 124 (1997) | 6 | Fact that tuition charges are levied by private college, without more, does not negate college's status as purely public charity if it is otherwise entitled thereto. Const. Art. 8, S 2(a)(v); 72 P.S. S 5020-204(a)(3). | The fact that tuition charges are levied by W & J does not negate the college's status as a charity. | Is a college a charity if it charges tuition? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 9821 | Vera v Soohoo, No. 19763/02, 2010-06630, 953 N.Y.S.2d 615, 617–18, 2012 N.Y. Slip Op. 07104, 2012 WL 5233642 (N.Y.A.D. 2 Dept., Oct. 24, 2012) | 1 | Court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar, and to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Under 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (see Fink v. Antell, 19 A.D.3d 215, 796 N.Y.S.2d 524; **618 Johnson v. Brooklyn Hosp. Ctr., 295 A.D.2d 567, 569, 744 N.Y.S.2d 215; Farley v. Danaher Corp., 295 A.D.2d 559, 560, 744 N.Y.S.2d 709). In order to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action | Under 22 NYCRR 202.27 could a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |
| 17589 | Sun Oil Co., 626 S.W.2d 726, 734 (Tex. 1982) | 8 | Estoppel is a defensive theory and does not create a contract right that does not otherwise exist. | Estoppel, however, is a defensive theory. It does not create a contract right that does not otherwise exist. | Does estoppel create a contract that does not otherwise exist? | Not Copyrightable (near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 999 | Williams v. National Mortg. Co., 903 S.W.2d 398, 403 (Tex.App. Dallas,1995) | 15 | Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, claim for affirmative relief filed after notice of lawsuit is usually ineffective to prevent termination of lawsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Although a nonsuit of a party's claims does not end an adverse party's right to be heard on its pending claims for affirmative relief, a claim for affirmative relief filed after a notice of nonsuit is usually ineffective to prevent termination of the lawsuit. | "Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, is a claim for affirmative relief filed after notice of nonsuit is usually ineffective to prevent termination of lawsuit?" | Not Copyrightable; No Material Appropriation |
| 15034 | In re Steele, 323 B.R. 776, 777 (Bankr. N.D. Fla. 2004) | 2 | Under Florida law, fact that person arranges for his mail to be left at particular address does not make him a "resident" at that address. | Moreover, "[t]he fact that a person ... arranges for his mail to be left ... does not convert him into a resident of that address." | "Does the fact that a person arranges for his mail to be left at particular address not make him a ""resident"" at that address?" | Not Copyrightable; No Material Appropriation |

| N/A | N/A | N/A | It is a violation of Rev.St.U.S. S 5485, 38 U.S.C.A. S 112, which forbids any agent or attorney or other person instrumental in prosecuting any claim for pension directly or indirectly to contract for, demand, receive, or retain any greater compensation for his services than $25, to contract to render such services for more than $25; to demand more than that sum for such services after rendering them without a contract; to retain more than that sum out of the check sent to the pensioner; or to receive more than that sum for such services in pursuance of any agreement, direct or indirect, express or implied, or of any legal or moral obligation; but it is not a violation of the section to receive more than $25 for such services, wholly as a gratuity, and without demand. | N/A | N/A | Not an asserted headnote |
|---|---|---|---|---|---|---|
| 19540 | Owens v. Fosdick, 153 Fla. 17, 20 (Fla. 1943) | 1 | The nature of a tax must be determined by its operation rather than by its terminology. | The issue being thus clearly defined, it becomes our duty to ascertain for ourselves upon what the tax is laid, keeping in mind that the nature of the tax must be determined by its operation rather than by its terminology. | Should the nature of a tax be determined by its operation rather than its particular descriptive language? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 12876 | Browning v. State, 174 Ga. App. 759, 760 (Ga. Ct. App. 1985) | 1 | Uttering or delivering writing is essential element of offense of forgery in the first degree; but it is not essential element of offense of forgery in the second degree. O.C.G.A. S 16-9-2(a). | Uttering or delivering a writing is an essential element of the offense of forgery in the first degree; but it is not an essential element of the offense of forgery in the second degree. | Is uttering or delivering any writing an essential element of forgery in the first degree? | Not Copyrightable; No Material Appropriation |

24

| 11294 | Heisig v. Uvalde Rock Asphalt Co., 48 S.W.2d 1109, 1110 (Tex. App. 1932) | 3 | Cause of action arising subsequent to commencement of suit, and not declared on, cannot furnish basis for recovery. | A suit cannot be maintained upon a cause of action that does not exist at the time the suit is commenced, and the cause of action arising subsequent to the commencement of the suit, and not declared on after it has arisen, cannot furnish a basis for a recovery. | Can a cause of action arising subsequent to commencement of suit furnish basis for recovery? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 4304 | Stroll v. Long Island Jewish Med. Ctr., 151 A.D.3d 789, 791, 56 N.Y.S.3d 349, 350 (2017), abrogated by Element E, LLC v. Allyson Enterprises, Inc., 167 A.D.3d 981, 91 N.Y.S.3d 444 | 3 | In order to vacate dismissal for failure to prosecute, a plaintiff is required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action. McKinney's CPLR 3216(e). | In order to vacate the dismissal, the plaintiff was required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action (see CPLR 3216[e]; Duranti v. Dream Works Constr., Inc., 139 A.D.3d at 1000–1001, 33 N.Y.S.3d 325; Bender v. Autism Speaks, Inc., 139 A.D.3d 989, 990, 32 N.Y.S.3d 312). | In order to vacate a dismissal for failure to prosecute is a plaintiff required to demonstrate a justifiable excuse for her default? | Not Copyrightable; No Material Appropriation |
| 7346 | Rosebud Enterprises v. Idaho Pub. Utilities Comm'n, 128 Idaho 609, 613 (1996) | 1 | Purpose of Public Utility Regulatory Policies Act (PURPA) was to encourage promotion and development of renewable energy technologies as alternatives to fossil fuels and construction of new generating facilities by electric utilities. Public Utility Regulatory Policies Act of 1978, S 2 et seq., 16 U.S.C.A. S 2601 et seq. | 292.101(b) (6) (1995). B. The Rules 1. Federal [1] Congress passed PURPA in 1978 in response to the prevailing energy crisis. Its purpose was to encourage the promotion and development of renewable energy technologies as alternatives to fossil fuels and the construction of new generating facilities by electric utilities. Section 210 of PURPA requires that electric utilities offer to purchase power produced by cogenerators or small power producers that obtain qualifying facility (QF) status under section 201. | What is the purpose of Public Utility Regulatory Act? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 11710 | Thornton v. Crowther, 24 Mo. 164, 166 (1857) | 2 | An assignment of a promissory note, written on a separate paper, although not transferring the legal ownership, transfers the beneficial ownership in the note, so as to enable the assignee to sue on it in his own name. | There is no error in this record. Although the legal ownership of the note was not transferred--the assignment being on a separate paper and not on a note, as required by the statute--yet the beneficial ownership passed, and the assignee became the real party in interest, and entitled as such to sue upon the note in his own name. | Is an assignee of a note entitled to sue in his own name? | Not Copyrightable; No Material Appropriation |
| 3454 | United States v. Loschiavo, 531 F.2d 659, 661 (2d Cir. 1976) | 1 | For purpose of deciding person's status as "public official" under statute making it federal crime to bribe such public official, it is not aspects of particular project which are of greatest significance, but character and attributes of person's employment relationship, if any, with federal Government. 18 U.S.C.A. S 201(a), (b)(1, 2). | The type of public project involved, or the amount of federal funding entailed, may be important in applying other parts of the statute, such as the 'official act' requirement of s 201(b)(1) or the 'fraud . . . on the United States' requirement of s 201(b)(2), but for the purpose of deciding Morales' status as a 'public official' under s 201(a), it is not the aspects of the particular project which are of the greatest significance, but the character and attributes of his employment relationship, if any, with the federal government. | "In determining status as a public official, are the character and attributes of his employment relationship with the federal government of greatest significance?" | Not Copyrightable; No Material Appropriation |
| 5997 | Raven v. Panama Canal Co., 583 F.2d 169, 171 (5th Cir. 1978) | 5 | Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the equal protection clause. U.S.C.A.Const. Amend. 14. | The United States Supreme Court has recognized that Acts of Congress may treat aliens differently than citizens without such treatment being considered "invidious" or in violation of the Equal Protection clause. A legitimate distinction exists between citizens and aliens to warrant different treatment. | Can an Act of Congress treat aliens differently than citizens without such treatment being considered invidious? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4100 | Ruddock v. Burrowes, 243 Conn. 569, 577–84 (1998) | 6 | Consent to dismissal of action may be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike, or from plaintiff's inordinate delay in appointing administrator or executor. | Baker v. Baningoso, supra, 134 Conn. at 387, 58 A.2d 5; or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike; Hughes v. Bemer, 206 Conn. 491, 495, 538 A.2d 703 (1988); or from a plaintiff's inordinate delay in appointing an administrator or executor. | Can consent to dismissal of action be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike? | Not Copyrightable; No Material Appropriation |
| 9415 | Ex Parte Browder, 373 S.W.2d 256, 257 (Tex. Crim. App. 1963) | 1 | Statute requiring court to continue cause where party or his attorney is member of Legislature is mandatory. Vernon's Ann.Civ.St. art. 2168a. | Art. 2168a, supra, requiring a court to continue a cause where a party or his attorney is a member of the legislature is recognized by the courts to be mandatory. | Is the statute requiring a court to continue cause where party or his attorney is member of Legislature mandatory? | Not Copyrightable; No Material Appropriation |
| N/A | N/A | N/A | A township in a county under township organization has statutory power to direct the raising of money by taxation for construction and repairing of roads within its jurisdiction, and to make necessary contracts for that purpose. | N/A | N/A | Not an asserted headnote |
| 10495 | Citizens Nat. Bank v. Waltman, 344 So. 2d 725, 728 (Miss. 1977) | 1 | Execution of a renewal note with full knowledge of the facts constituting defense to the original note waives such defense as to the renewal. | Our law is clear that the execution of a renewal note with full knowledge of the facts constituting a defense to the original note waives that defense as to the renewal. | Does execution of a renewal note with full knowledge of the facts constituting a defense to the original note waive all defenses? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5385 | Peterson v. McCawley, 135 Idaho 282, 284 (2000) | 4 | In fashioning sanctions, a trial court should balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party. | In fashioning sanctions, a trial court should "balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party." | "In fashioning sanctions, should a trial court balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 4152 | Kuykendall v. Schneidewind, 79 N.E.3d 770, 779 (Ill.App. 5 Dist., 2017) | 6 | On motion to dismiss on ground that claim is barred by affirmative matter, defendant has initial burden of establishing that affirmative matter defeats plaintiff's claim, and if satisfied, burden shifts to plaintiff to demonstrate that proffered affirmative matter is either unfounded, or requires resolution of material fact. 735 Ill. Comp. Stat. Ann. 5/2-619(a)(9). | The defendant has the initial burden of establishing that an affirmative matter defeats the plaintiff's claim, and if satisfied, the burden shifts to the plaintiff to demonstrate that the proffered affirmative matter is either unfounded, or requires the resolution of a material fact. | Does a defendant bear the initial burden to prove the affirmative matter defeating the plaintiff's claim? | Not Copyrightable; No Material Appropriation |
| 20822 | Carroll Cnty. Sav. Bank v. Strother, 28 S.C. 504, 6 S.E. 313, 319 (1888) | 5 | A contract to pay money which authorizes the payee to declare it due whenever deemed insecure is not a negotiable note. | As to the other stipulation whereby the payee is invested with authority to declare the so–called note due whenever it is deemed insecure, it seems to us clear that it is sufficient, not only to deprive the paper of its negotiability, but also of its character as a note; for it renders the time of payment altogether uncertain, and dependent only upon the the option of the payee. See Bank v. Bynum, supra; Glidden v. Henry, 104 Ind. 278, 1 N. E. Rep. 369: Mahoney v. Fitzpatrick, 133 Mass. 151, 43 Amer. Rep. 502; Woodbury v. Roberts, 59 Iowa, 348, 13 N. W. Rep. 312. | Are notes promising to pay specified sums of money for the hire of slaves promissory notes? | Krein Concedes no copying; Not Copyrightable (expired) |

| 17887 | Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1296 (11th Cir. 2001) | 26 | Act of state doctrine applies to affirmative defenses. | Therefore, because FOGADE's intervention of Corpofin, upon which Corpofin's claim to ENB is based, was not in violation of international law, the Second Hickenlooper Amendment does not apply to preclude the application of the act of state doctrine to defendants' affirmative defenses questioning the standing of plaintiffs to sue because of the alleged illegality of the intervention of Corpofin. | Does the act of state doctrine apply to affirmative defenses? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 14086 | Cayuga Nation v. Tanner, 824 F.3d 321, 328 (2d Cir. 2016) | 4 | The Bureau of Indian Affairs (BIA) has the authority to make recognition decisions regarding tribal leadership, but only when the situation has deteriorated to the point that recognition of some government was essential for Federal purposes; thus, the BIA has both the authority and responsibility to interpret tribal law when necessary to carry out the government-to-government relationship with the tribe. | Second, the BIA has the authority to make recognition decisions regarding tribal leadership, but "only when the situation [has] deteriorated to the point that recognition of some government was essential for Federal purposes." Wadena, 30 IBIA 130, 145 (1996) (emphasis added). Thus, the BIA "has both the authority and responsibility to interpret tribal law when necessary to carry out the government-to-government relationship with the tribe." | What is the relevance of the Bureau of Indian Affairs? | Not Copyrightable; No Material Appropriation |

| 1594 | Young v. HealthPort Techs., Inc., 877 N.W.2d 124, 127–28 (Iowa 2016) | 7 | To survive a motion to dismiss for the failure to state a claim on which relief may be granted, the petition need not allege the ultimate facts to support each element of a cause of action; however, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond, and the allegations satisfy this "fair notice" requirement if the petition informs the defendant of the general nature of claim and the incident giving rise to it. I.C.A. Rule 1.421(1)(f). | To survive a motion to dismiss, the petition need not allege the ultimate facts to support each element of a cause of action. Id. However, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond. The allegations in a petition comply with this fair-notice requirement if the petition informs the defendant of the general nature of the claim and the incident giving rise to it. | "To survive a motion to dismiss for the failure to state a claim on which relief can be granted, should the petition not allege the ultimate facts to support each element of a cause of action?" | Not Copyrightable; No Material Appropriation |
| 20534 | State Fire Marshall v. Lee, 101 Mich. App. 829, 834, 300 N.W.2d 748, 751 (1980) | 3 | In insuring safety of school children through application of fire regulations, State was not violating free exercise clause of Constitution nor its establishment clause. U.S.C.A.Const. Amend. 1. | In ensuring the safety of school children, the State is not violating the free exercise clause of our Constitution nor its establishment clause. | Does the state has a compelling interest to ensure the safety and welfare of school children? | Krein Concedes no copying |
| 16257 | K & K Const., Inc. v. Dep't of Nat. Res., 456 Mich. 570, 580, 575 N.W.2d 531, 536 (1998) | 6 | Determining size of denominator parcel to be analyzed in takings analysis is inherently a factual inquiry. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 10, S 2. | The relevant denominator in this case includes at least parcels one, two, and four. [6] Determining the size of the denominator parcel is inherently a factual inquiry. As explained in Ciampitti v. | Is determining the size of the denominator parcel a factual inquiry under the taking laws? | Not Copyrightable; No Material Appropriation |
| 18558 | Davidson v. Bugbee, 227 Mich. App. 264, 575 N.W.2d 574, 269 (Mich. Ct. App. 1997) | 8 | Cause of action accrues when all the elements of claim have occurred and can be alleged in proper complaint. | A cause of action accrues when all the elements of the claim have occurred and can be alleged in a proper complaint. | Does a cause of action accrue when all the elements of claim have occurred and can be alleged in proper complaint? | Not Copyrightable (headnote near verbatim to judicial opinion); No Material Appropriation |

| 16973 | People ex rel. Price v. Illinois Cent. R. Co., 266 Ill. 636, 638, 107 N.E. 803, 804 (1915) | 1 | Under Road and Bridge Law, S 56, S.H.A. ch. 121, S 62, a resolution of the county board directing the county clerk to extend on the tax books road and bridge taxes, is not an approval by the board of the taxes, to render a levy valid. | Under the road and bridge laws of 1913 the original certificate of levy of road and bridge taxes must be filed with the county clerk, and no valid tax can be extended by him upon a copy of the certificate of levy, the original of which is filed with the town clerk as was the practice under the old law. People v. Chicago, Rock Island & Pacific Railway Co., 269 Ill. | Does the county clerk have authority to extend the road and bridge tax? | Not copyrightable (expired); No Material Approproation |
|---|---|---|---|---|---|---|
| 10928 | Mississippi Dept. of Human Services v. Guidry, 830 So. 2d 628, 631 (Miss. 2002) | 4 | Power to dismiss action for want of prosecution is part of trial court's inherent authority. | "[T]he power to dismiss an action for want of prosecution is part of a trial court's inherent authority." | Is the power to dismiss action for want of prosecution a part of trial court's inherent authority? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 14821 | Rachbach v. Cogswell, 547 F.2d 502, 505 (10th Cir. 1976) | 8 | Section of the Truth in Lending Act providing that obligor who exercises right to rescind is not liable for any finance or other charge does not preclude court from doing equity, and no abuse of discretion was shown in the imposition of interest as an equitable condition to the right of rescission of mortgage contract where the borrower had had the benefit of the use of the loan proceeds. Truth in Lending Act, S 125(b) as amended 15 U.S.C.A. S 1635(b). | Section 1635(b) says that when an obligor exercises his right to rescind "he is not liable for any finance or other charge." | Is an obligor liable for finance or other charges when exercising the right to rescind? | Not Copyrightable; No Material Appropriation |

| 5145 | Town of Kaneville v. Meredith, 361 Ill. 556, 569 (Ill., 1935) | 8 | In law action rights of parties are determined as of time of beginning of action, but where relief is granted in chancery it is such as nature of case, the law and the facts demand, not at time of inception of litigation, but at time decree is entered therein. | While in an action at law the rights of the parties are determined as of the time of the beginning of the action, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree, it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation, but at the time the decree is entered therein. | "In actions at law, are the rights of the parties generally determined as of the time of beginning of the action?" | Not Copyrightable; No Material Appropriation |

| 757 | Burns v. Drew Woods, 900 S.W.2d 128, 129 (Tex. App. 1995) | 2 | If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, or that failure has been otherwise reasonably explained, it has no discretion and must reinstate case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 1. | Burns does not assert that she attended the pretrial conference or that the court had no authority to dismiss her suit for failing to appear. In a single point of error, she asserts that the court abused its discretion in denying her motion to reinstate the suit against Drew Woods. See id. 165a.3. Rule 165a.3 provides, however, the court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."1 Id. (emphasis added). Thus, if the court makes the specified finding, it has no discretion and must reinstate the case. When a point of error asserts that the court erred in failing to reinstate a cause, the rule focuses our review not on the court's discretion but on its role in the fact-finding *130 process. | "If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, does it have no discretion and must reinstate the case?" | Not Copyrightable; No Material Appropriation |
| 4052 | US Chem. Storage, LLC v. Berto Constr., Inc., 253 N.C. App. 378, 382, 800 S.E.2d 716, 720 (2017) | 7 | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depends upon the procedural context confronting the court. N.C. R. Civ. P. 12(b)(2). | "The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court." | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depend upon the procedural context confronting the court? | Not Copyrightable; No Material Appropriation |

| | | | Headnote Text | Judicial Text | Memo Question | Analysis |
|---|---|---|---|---|---|---|
| 5854 | State v. Metz, 671 N.Y.S.2d 79, 83 (N.Y. App. Div. 1st Dept. 1998) | 2 | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | Generally, the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Its purpose is to prevent the introduction of such evidence to the trier of fact, in most instances a jury. | Does a motion in limine challenge evidence which is claimed to be immaterial or request a limitation on the use of such evidence? | Not Copyrightable; No Material Appropriation |
| 9548 | Alldred v. Alldred, 132 Conn. App. 430, 431 (Conn. App. Ct. 2011) | 1 | Because service of process implicates a court's personal jurisdiction, an action commenced by improper service must be dismissed. | Because service of process implicates a court's personal jurisdiction, "an action commenced by ... improper service must be dismissed." | Must an action commenced by improper service be dismissed? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 10943 | United States v. Deninno, 103 F.3d 82, 87 (10th Cir. 1996) | 11 | Civil forfeiture does not constitute punishment for purposes of Fifth Amendment's prohibition on double jeopardy. U.S.C.A. Const.Amend. 5. | In Ursery, the Supreme Court held that civil forfeiture does not constitute punishment for the purposes of the Fifth Amendment's prohibition on double jeopardy. | Does civil forfeiture not constitute punishment for purposes of a Fifth Amendment's prohibition on double jeopardy? | Not Copyrightable; No Material Appropriation |
| 4548 | Price v. Price, 1989 OK CIV APP 50, ¶ 1 (1989) | 1 | Generally, subject to few exceptions, complainant has common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. 12 O.S.1981, S 684. | Generally, subject to few exceptions, a complainant has a common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. | "Subject to a few exceptions, does a complainant have common law and statutory right to control his cause by dismissal at his pleasure on payment of costs?" | Not Copyrightable; No Material Appropriation |

**Comparison to 200 headnotes Appendix E to Dr. Krein's Reply Report**

| Krein Row | Case Name | HN No. in Case | Headnote Text | Judicial Text | Memo Question | Analysis |
|---|---|---|---|---|---|---|
| | | | | | | |

| 18724 | Flanagin v. Hambleton, 54 Md. 222, 227 (Md. 1880) | 8 | The word "renewal" has no legal, or strictly technical signification. | The word "renewal" has no legal or strictly technical signification. | Does the word renewal have any legal or technical signification? | Not Copyrightable (expired; headnote near verbatim of judicial opinion); No Material Appropriation |
| 21483 | 100 Harborview Drive Condo. Council of Unit Owners v. Clark, 224 Md. App. 13, 68, 119 A.3d 87, 119 (2015) | 54 | Condominium council sued by unit owner for violations of his right to disclosure of records under Maryland Condominium Act (MCA) was not entitled to present testimony of accounting expert on legal issue of whether detailed billing reports of legal counsel were part of the financial books and records that a condominium association is required to keep, as expert was not timely disclosed pursuant to scheduling order. West's Ann.Md.Code, Real Property, S 11-116. | We have deemed substantial compliance with a scheduling order to be sufficient where the opposing party has not suffered prejudice. | Is substantial compliance with a scheduling order sufficient where the opposing party has not suffered prejudice? | Krein Concedes no copying |
| 11731 | Avon Hardware Co. v. Ace Hardware Corp., 2013 IL App (1st) 130750, ¶ 13, 998 N.E.2d 1281, 1287 | 3 | In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff. S.H.A. 735 ILCS 5/2-615. | In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff, but factual deficiencies may not be cured by liberal construction. | "In ruling on a motion to dismiss, are the complaint's factual allegations to be interpreted in the light most favorable to the plaintiff? " | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1262 | Pac. Exp. Co. v. Needham, 37 Tex. Civ. App. 129, 132–33, 83 S.W. 22, 23 (1904) | 6 | Under Rev.St.1895, art. 1277, providing that, on the first application for a continuance on the ground of want of testimony, the applicant shall make affidavit that such testimony is material and that he has used due diligence, an application for continuance is properly refused where it fails to state the use of due diligence to procure the required testimony. | Appellant's third assignment of error complains of the action of the *133 court below in overruling its first application for a continuance. In this there was no error, because the application did not comply with the statutory requirements, in that it failed to state that appellant had used due diligence to procure the testimony of the absent witnesses. Rev.St.1895, art. 1277; Crawford v. Saunders (Tex.Civ.App.) 29 S.W. 102; Railway Co. v. Aiken, 71 Tex. 377, 9 S.W. 437; Railway Co. v. Woolum, 84 Tex. 570, 19 S.W. 782; Brown v. Bank, 70 Tex. 750, 8 S.W. 599. | Is an application for continuance properly refused where it fails to state the use of due diligence to procure the required testimony? | Not Copyrightable; No Material Appropriation |
| 19480 | Ad Miller Associates, Inc. v. Glynn, 736 So. 2d 798, 799 (Fla. Dist. Ct. App. 1999) | 2 | Default is most serious sanction that can be imposed on defendant. | A default is the most serious sanction that can be imposed on a defendant. | Is default the most serious sanction that can be imposed on a defendant? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 19409 | Ash v. Werner, 12 Pa. Super. 39, 43 (1899) | 3 | A new partner, coming into an existing firm, is not liable for debts contracted by the firm previous to his entering it, unless he expressly assumed them. | A partner who enters a firm already established does not thereby become liable for the debts of the old firm. Nothing but an express agreement will render him so liable: Hart v. Kelley, 83 Pa. 286; Shoemaker v. King, 40 Pa. 107. | Is an incoming partner liable on the contracts entered into by the firm before he became a member? | Not Copyrightable (expired); No Material Appropriation |

| 729 | Guggenheimer v. Ginzburg, 372 N.E.2d 17, 20-21 (1977) | 6 | When evidentiary material is considered in connection with motion to dismiss, criterion is whether proponent of pleading has cause of action, not whether he has stated one, and, unless it has been shown that material facts as claimed by pleader to be one is not fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. CPLR 3211(a), par. 7, (c). | When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been **21 shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate. | "Unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, should a dismissal not eventuate?" | Not Copyrightable; No Material Appropriation |
| 5786 | Wasko v. Manella, 849 A.2d 777, 781 (Conn. 2004) | 3 | The right of legal or equitable subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. | "Does legal subrogation take place as a matter of equity, without any agreement to that effect?" | Not Copyrightable; No Material Appropriation |
| 9292 | Ins. Co. of N. Am. v. Borsdorff Servs., Inc., 225 A.D.2d 494, 494, 639 N.Y.S.2d 816, 816 (1996) | 1 | Lease provisions stating agreement by landlord and tenant to obtain fire insurance policies with waiver of subrogation provisions barring action by insurers were valid and enforceable as allocation of risk provision, and, therefore, precluded subrogation action by insurer. | The lease provisions whereby the landlord and tenant agreed to obtain fire insurance policies with waiver of subrogation provisions barring one party's insurer from bringing a subrogation action against the other party to recover amounts paid out under the insurance policy, is valid and enforceable, as an allocation of risk provision, and thereby precludes this subrogation claim (see, Brentano's Inc. v. Charter Mgt. Corp., 46 A.D.2d 861, 361 N.Y.S.2d 665; Cidis v. Net Realty Holding Trust, 143 A.D.2d 720, 533 N.Y.S.2d 288). | Are waiver of subrogation clauses valid and enforceable? | Not Copyrightable; No Material Appropriation |

| 7283 | In re Wead, 38 B.R. 658, 659–60 (Bankr. E.D. Mo. 1984) | 2 | Bankruptcy Court would not entertain or consider a second Chapter 11 petition involving the same debtors and essentially the same debts where the first case was still pending, where debtors did not present any basis upon which the findings and conclusions in first case could be reconsidered, and where there remained no reasonable likelihood of reorganization, and where the creditors would continue to be prejudiced by operation of second bankruptcy case, which was not filed in good faith. Bankr.Code, 11 U.S.C.A. S 1101 et seq. | It is generally accepted that the pendency of one bankruptcy case precludes a consideration of a second case filed by the same debtor(s) and involving the same debts. . . . Therefore, this Court finds that it cannot entertain or consider a second Chapter 11 petition involving the same debtors and essentially the same debts, when the first case is still pending. | Does the pendency of one bankruptcy case preclude a consideration of a second case filed by the same debtors involving the same debts? | Not Copyrightable; No Material Appropriation |
| 17903 | Philadelphia Indem. Ins. Co. v. Pace Suburban Bus Serv., 2016 IL App (1st) 151659, ¶ 25, 67 N.E.3d 556, 565 | 11 | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | Subrogation is allowed to prevent injustice and unjust enrichment but will not be allowed where it would be inequitable to do so. | Will subrogation be allowed where it would be inequitable? | Not Copyrightable; No Material Appropriation |

| 1529 | Pocahontas First Corp. v. Venture Plan. Grp., Inc., 572 F. Supp. 503, 506 (D. Nev. 1983) | 4 | It is permissible for court to decide pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone; where this procedure is followed, plaintiff need make only a prima facie showing of jurisdiction through its affidavits to defeat motion to dismiss. | It is permissible for a court to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2nd Cir.1981). Such a procedure seems particularly appropriate in the instant case, where the opposing affidavits don't contradict each other as to the material facts. Disagreement is centered on the legal conclusions to be derived from those facts. Where this approach is followed, the plaintiff need make only a prima facie showing of jurisdiction, through its affidavits, to defeat the motion to dismiss. | "If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, need the party opposing the motion make only a prima facie showing of jurisdiction?" | Not Copyrightable; No Material Appropriation |
| 13318 | State ex rel. Priest v. Gunn, 326 S.W.2d 314, 329 (Mo. 1959) | 18 | Matters arising pendente lite may be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication. | It has been held that matters arising pendente lite may be pleaded in defense by the respondent (55 C.J.S. Mandamus § 278, p. 518; State ex rel. Kavanaugh v. Henderson, 350 Mo. 968, 169 S.W.2d 389), or by the relator in his 'replication' (55 C.J.S. Mandamus § 284, p. 522.) | Can matters arising pendentelite be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication? | Not Copyrightable; No Material Appropriation |

| 833 | Zapanta v. Universal Care, Inc., 107 Cal. App. 4th 1167, 1171, 132 Cal. Rptr. 2d 842, 845 (2003) | 3 | Exceptions to a plaintiff's right to dismiss action before commencement of trial generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication; upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action, except for matters such as attorney fees. West's Ann.Cal.C.C.P. S 581. | But the right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. (Cravens v. State Bd. of Equalization (1997) 52 Cal.App.4th 253, 256, 60 Cal.Rptr.2d 436.) " 'Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term 'commencement of trial.' These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.' " (Ibid., quoting Harris v. Billings (1993) 16 Cal.App.4th 1396, 1402, 20 Cal.Rptr.2d 718.) " 'Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action' [citation] except for matters such as attorney's fees. | Do exceptions to a plaintiff's right to dismiss action before commencement of a trial generally arise where the action has proceeded to a determinative adjudication? | Not Copyrightable; No Material Appropriation |

| 19820 | Affholter v. Franklin Cnty. Water Dist., No. 1:07CV0388O WWDLB, 2008 WL 5385810, at *13–14 (E.D. Cal. Dec. 23, 2008) | 1 | Arbitration clauses in agreements for the sale of property were not unconscionable. Therefore, purchasers' claims for property damage, economic losses, and emotional distress arising out of the alleged discharge of pollutants from various public and private wastewater treatment, refuse, and disposal facilities, irrigation canals, and other facilities were subject to arbitration under the Federal Arbitration Act. The purchasers alleged that the provision was substantively unconscionable because it precluded discovery. However, the arbitration rules and regulations provided for depositions as a matter of right and depositions based upon a showing of reasonable need. 9 U.S.C.A. S 1 et seq. | Ranchwood Plaintiffs first assert that the Arbitration Provision is substantively unconscionable because it "precludes discovery." Doc. 210 at 12. This is not an entirely accurate description of the provision. Subparagraph (g) of the Arbitration Provision provides: [. . .] *14 (Emphasis added.) Accordingly, if the applicable arbitration rules provide for discovery, discovery may be available. In this case, the parties have already agreed that if arbitration proceeds it will commence pursuant to the rules and regulations of Jams/Endispute, which provide that each party may take one (1) deposition as a matter of right, and that additional depositions may be permitted upon a showing of "reasonable need." (Decl. of Christopher S. Hall, Doc. 216–2, at ¶ 4 and Ex. B.) | Did the Federal Arbitration Act (FAA) create rules of contract construction favoring arbitration? | Krein Concedes no copying |
| 11866 | Ortiz v. State, 849 S.W.2d 921, 924 (Tex. App. 1993) | 7 | Exception to rule that, generally, prior jeopardy does not constitute bar to retrial when defendant consents to new trial, exists when governmental conduct, either by judge or prosecutor, is designed to goad defendant into moving for retrial; then, double jeopardy clause will bar reprosecution despite defendant's consent to new trial. U.S.C.A. Const.Amend. 5. | Generally, prior jeopardy does not constitute a bar to retrial when the defendant consents to a new trial. An exception, however, exists to the above rule when governmental conduct, either by the judge or the prosecutor, is designed to goad the defendant into moving for a mistrial. Then, the Double jeopardy clause will bar reprosecution despite the defendant's consent to the new trial. | Does prior jeopardy not constitute a bar to retrial when a defendant consents to a new trial? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2765 | Carter v. VistaCare, LLC, 335 Ga. App. 616, 624, 782 S.E.2d 678, 686 (2016) | 18 | The moving party's burden on a motion to withdraw admissions is not perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. West's Ga.CodeAnn. S 9-11-36(b). | This burden "is not perfunctorily satisfied," Turner, 280 Ga.App. at 257(1), 633 S.E.2d 641, and the "[f]ailure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw." (Citation omitted.) Brooks, 317 Ga.App. at 267(1), 730 S.E.2d 509. Moreover, [t]he party seeking to withdraw the admissions has the burden of establishing the first prong by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. Failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. (Citations and punctuation omitted.) Porter v. | "Is the moving party's burden on a motion to withdraw admissions perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw?" | Not Copyrightable; No Material Appropriation |
| 18022 | Merchants Nat. Bank of Aurora v. Frazier, 329 Ill. App. 191, 201 (Ill. App. Ct. 1946) | 5 | An agent, as such, does not have title to the property of the principal, though he may be intrusted with possession and though he may have power to pass title. | An agent as such does not have title to the property of the principal, although he may be entrusted with possession and although he may have power to pass title; a trustee has title to the trust fund. | Does Agent have title to the property of the principal? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 12577 | Land Title Bank & Tr. Co. v. Ward, 20 F. Supp. 810, 812–13 (E.D. Pa. 1937) | 4 | "According to its value" as used in statute retaining in the states and their subdivisions the power to tax real property of a national bank to the same extent, according to its value as other real property is taxed, does not limit the manner of collection of state taxes but merely limits the tax which a state might levy to an ad valorem tax levied upon the same basis as all real estate similarly situated in the taxing district. 12 U.S.C.A. S 548(3). | As we understand the clause 'according to its value,' it is not intended to limit the manner of collection of state taxation at all. That is only limited by the manner in which 'other real property is taxed,' by the state. The purpose of the clause 'according to its value' was to limit the tax which a state might levy to an ad valorem tax levied upon the same basis on all real estate similarly situated in the *813 taxing district. In other words, Congress has declared that, while the states remain free to levy and collect taxes upon the real estate of national banks in the same manner as upon other real estate, such taxes shall be levied according to a definite percentage of the value of the real estate taxed, and that both the rate and basis of valuation applied to the real estate of a national bank shall be the same as those applied to other real estate within the taxing district similarly situated. | "How is an ""ad valorem property taxes"" levied?" | Not Copyrightable; No Material Appropriation |
| 6794 | Whisman v. Fawcett, 470 N.E.2d 73, 77 (Ind. 1984) | 4 | Reasons for avoiding overly technical application of pretrial orders are amplified when pretrial order is not definitive, specific, complete, or detailed. | Furthermore, the reasons for avoiding overly technical application of pretrial orders are amplified when, as in this case, the pretrial order is not definitive, specific, complete, or detailed. | "Are reasons for avoiding overly technical application of pretrial orders amplified when a pretrial order is not definitive, specific, complete, or detailed?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 1211 | Bounds v. Caudle, 549 S.W.2d 438, 444 (Tex. Civ. App.), writ granted (July 27, 1977), rev'd, 560 S.W.2d 925 (Tex. 1977) | 9 | Purpose of rule of civil procedure governing discovery is to permit inspection and copying of tangible things within opposing party's custody upon a showing of good cause; although courts are required to give such rule a liberal construction, it was never intended to allow fishing excursions and was not intended to allow invasion of opposing party's thinking processes or that of his expert witnesses. Rules of Civil Procedure, rule 167. | *444  [9]  The purpose of Rule 167 is to permit inspection and copying of "tangible things" within the opposing party's custody upon a showing of good cause. Although we are required to give this rule a liberal construction, it was never intended to allow fishing excursions. Texhoma Stores, Inc. v. American Central Insurance Company, 424 S.W.2d 466 (Tex.Civ.App. Dallas 1968, writ ref'd n. r. e.). Rule 167 was not intended to allow invasion of the opposing party's thinking processes or that of his expert witnesses. | Is the purpose of a rule of civil procedure governing discovery to permit inspection and copying of tangible things within an opposing party's custody upon a showing of good cause? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 12624 | United States v. Kay, 200 F. Supp. 2d 681, 683 (S.D. Tex. 2002), rev'd and remanded, 359 F.3d 738 (5th Cir. 2004) | 3 | Payments made by the defendants to foreign government officials for purpose of reducing customs duties and taxes did not fall under the scope of provision of the Foreign Corrupt Practices Act (FCPA), prohibiting payments to foreign officials to obtain or retain business; although the plain language of the statute was ambiguous, legislative history showed that the Congress specifically rejected proposed language to broaden the "obtain or retain business" clause that would have covered the defendants' conduct. Securities Exchange Act of 1934, S 30A(a), as amended, 15 U.S.C.A. S 78dd-1(a); Foreign Corrupt Practices Act of 1977, S 104(a), 15 U.S.C.A. S 78dd-2(a). | In applying criminal laws, federal courts must generally follow the plain and unambiguous language of the statute. E.g., Salinas v. United States, 522 U.S. 52, 57, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997); Johnson v. Sawyer, 120 F.3d 1307, 1319 (5th Cir.1997). Reviewing the "obtain or retain business" language, together with the exceptions listed above, the Court determines that the FCPA is ambiguous under these circumstances.4 Therefore, the Court turns to an analysis of the legislative history of the FCPA. See, e.g., Ratzlaf v. United States, 510 U.S. 135, 147–48, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear."). | "Is the plain language of a provision of FCPA, prohibiting payments to foreign officials to obtain or retain business ambiguous?" | Not Copyrightable; No Material Appropriation |

| 16447 | Sands v. State Through Louisiana State Med. Ctr., Sch. of Dentistry, 458 So. 2d 960, 961 (La. Ct. App. 1984) | 1 | A continuance is not due on a naked showing that a client has discharged his or her lawyer; to discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | We deem it beyond question that a continuance is not due on a naked showing that a client has discharged his or her lawyer. To discharge one's lawyer, even without any cause, would otherwise enable one to delay going to trial forever. | Is a continuance not due on a naked showing that a client has discharged his or her lawyer? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 11527 | Lazar v. Black & White Cab Co., 50 Ga. App. 567, 179 S.E. 250, 251–52 (1935) | 10 | Depositions cannot be admitted in evidence or treated as having force and effect of evidence, unless it appears that they were properly transmitted to court in which legal proceeding was pending. | Among other requirements for the admission in evidence of depositions, it must appear that they were properly transmitted to the court where the legal proceeding in which they were taken was pending. Findlay v. Mineralized Rubber Co., 98 Ga. 275, 25 S. E. 456; Johnstone v. Etowah Milling Co., 8 Ga. App. 807 (2), 809, 70 S. E. 180. Even though properly sworn to by the witness and properly executed, not only can they not be admitted in evidence, but they cannot be treated as having the force and effect of evidence in the case, until thus properly transmitted. | Can depositions be admitted in evidence or treated as having force and effect of evidence? | Not Copyrightable; No Material Appropriation |
| 13256 | South Carolina v. McDonald's, 375 S.C. 90, 91-92 (2007) | 2 | Ruling on motion in limine is generally not considered a final order on the admissibility of evidence and, for that reason, is not immediately appealable. | A motion in limine is generally not considered a final order on the admissibility of evidence and, for that reason, is not immediately appealable. | Is a ruling on a motion in limine considered a final order? | Not Copyrightable; No Material Appropriation |

| 7067 | Epstein v. Chicago Bd. of Educ., 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997) | 8 | Appeal from involuntary dismissal on ground that claim is barred by other affirmative matter avoiding legal effect of or defeating claim resembles grant of summary judgment motion and is likewise reviewed de novo; appellate court must consider whether existence of genuine issue of material fact should have precluded dismissal or, absent such issue of fact, whether dismissal is proper as matter of law. S.H.A. 735 ILCS 5/2-619(a)(9). | A dismissal of this type resembles the grant of a summary judgment motion. For that reason, the reviewing court conducts de novo review and considers whether "the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." | Can a court determine whether a genuine issue of material fact should preclude dismissal? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 1323 | White v. Jasper City Bd. of Educ., 644 So.2d 16, 17 (Ala.Civ.App.,1994) | 2 | Although dismissal of action for failure to prosecute or to comply with rules or order is harsh sanction, it is warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff. Rules Civ.Proc., Rule 41(b). | Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a "clear record of delay, willful default or contumacious conduct of the plaintiff." | "Is dismissal of action for failure to prosecute or to comply with rules or order warranted when there is clear record of delay, willful default or contumacious conduct of plaintiff?" | Not Copyrightable; No Material Appropriation |
| 20411 | Anderson Living Tr. v. WPX Energy Prod., LLC, 312 F.R.D. 620, 648 (D.N.M. 2015) | 18 | In ruling on a motion to reconsider an interlocutory order, a court should consider the case's overall progress and posture, the motion's timeliness relative to the order it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the court's prior ruling. Fed. R. Civ. P. 54(b). | Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties may produce, and use those factors to assess the degree of reasonable reliance the opposing party has placed in the Court's prior ruling. | Is processing something that takes place in order for the gas to be marketable to interstate pipelines? | Krein Concedes no copying |

| 3847 | Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421, 429 (1950) | 6 | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person.' | Is a public utility subject to the same rules as a private person when it acts in a private capacity? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 18308 | Grannis v. Stevens, 216 N.Y. 583, 111 N.E. 263 (1916) | | Act and intention are the essential constituents of a delivery which makes an instrument operative according to its terms. The final question is, Did the obligor do such act in reference to it as evidences an intention to give it, in the possession or control of the obligee, effect and operation according to its terms? | Krein's headnote not found using judicial opinion. | What is the essential ingredient of a delivery? | Not Copyrightable (expired; no headnote) |
| 8776 | USLIFE Corp. v. U.S. Life Ins. Co., 560 F. Supp. 1302, 1304 (N.D. Tex. 1983) | 3 | Equitable estoppel focuses on relationship between parties to prior litigation, and applies where one of parties has detrimentally relied upon position taken by other party in earlier proceeding. | Equitable estoppel focuses on the relationship between the parties to the prior litigation, and it applies where one of the parties has detrimentally relied upon the position taken by the other party in the earlier proceeding. | Does equitable estoppel focus on the relationship between parties to the prior litigation? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 4104 | Vidal v. Perez, 720 So. 2d 605, 606 (Fla. Dist. Ct. App. 1998) | 3 | Trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented. | "The trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992). | Does a trial judge have broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 981 | Sourbier v. State, 498 N.W.2d 720, 723 (Iowa, 1993) | 4 | Under workers' compensation law, employer provides, secures, or pays compensation for any and all personal injuries sustained by employee arising out of and in course of employment, and in such case, employer is relieved from other liability for recovery of damages or other compensation for such personal injury. I.C.A. S 85.3. | Under workers' compensation law, an employer provides, secures, or pays compensation for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury. Iowa Code   85.3. | "Under workers compensation law, does an employer provide, secure, or pay compensation for any and all personal injuries sustained by an employee arising out of and in the course of employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19834 | W. Elec. Co. v. Cooley, 79 Cal. App. 770, 777–78, 251 P. 331, 334 (Cal. Ct. App. 1926) | 3 | Electric power line is "structure," within statute giving lien on building or other structure. Code Civ.Proc. S 1183. | That decisions from other states are of little value in considering our statute arises from the fact that, in almost every instance which we have examined, there is a difference in the wording employed by the Legislature, but in the Oregon case the language is identical with our own, and *778 we think the holding of the court in that case conforms with the intent of section 15 of article 20 of our Constitution and the enactments of the Legislature, as expressed in section 1183, Code of Civil Procedure, and that an electric power line, consisting of poles and wires strung thereon, insulators, and such materials as enter into the work, constitutes a structure upon which materialmen may be entitled to a lien, other provisions of the law necessary to the enforcement thereof being complied with. | Are electric poles supporting power lines considered structures? | Not Copyrightable; No Material Appropriation |
| 4437 | State v. Higgins, 149 N.H. 290, 298 (2003) | 17 | Sexual assault victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance; a prostitute does not lose the right of choice, and may consent or not consent according to her own will. | Further, the victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance. See Harris, 362 S.E.2d at 213; Patnaude, 438 A.2d at 407. "A prostitute does not lose the right of choice, and may consent or not consent according to her own will." | Does the victim's status as a prostitute prove consent to sexual relations? | Not Copyrightable; No Material Appropriation |

| 10413 | Davis v. Barnes, 158 Ga. App. 89, 90 (1981) | 2 | Absence of a plaintiff's counsel, without leave, to attend proceeding in other court is no ground for continuance or postponement of a case. | The absence of a plaintiff's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. | Is absence of counsel without leave to attend trial of cases pending in other courts no ground for continuance? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 1226 | Fox Run Properties, LLC v. Murray, 288 Ga. App. 568, 570-71, 654 S.E.2d 676, 680 (2007) | 7 | To show that the presentation of the merits of a case would be subserved by the withdrawal of admissions resulting from a party's failure to respond to requests for admissions, party seeking withdrawal of admissions is required to establish that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility, or that the admitted requests were incredible on their face, and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | Rather, in order to show that the presentation of the merits of this case would be subserved by the withdrawal, Fox Run was required to establish that "the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court *571 with the motion to withdraw had not been offered solely for purposes of delay." Whitemarsh Contractors v. | "If the burden of proof on the subject matter of the request for admission is on the movant required to show the admitted request?" | Krein Concedes no copying |

| | | | | | |
|---|---|---|---|---|---|
| 20882 | Bd. of Directors of St. Francis Levee Dist. v. Bodkin, 108 Tenn. 700, 69 S.W. 270, 270 (1902) | 5 | An Act of the Legislature incorporating a Board of Directors and authorizing it to build, rebuild, and repair levees for the protection of a large district from overflow; to make all necessary contracts, and to levy taxes upon the inhabitants of the district and collect them, and to issue bonds for said purposes, constitutes such Board of Directors a public corporation, clothed with governmental duties and functions of the same general class as cities and counties. | The supreme court of Arkansas has had occasion to consider the nature and character of this board, and has adjudged it a public corporation clothed with governmental duties and functions, including the power to buy and collect public taxes. Carson v. St. Francis Levee Dist., 59 Ark. 536, 27 S. W. 590; Memphis Land & Timber Co. v. St. Francis Levee Dist., 64 Ark. 258, 42 S. W. 763.It is well settled that the property and taxes of municipal corporations held and used for public purposes cannot be seized and appropriated by creditors to the payment of their debts. [...] In Klein v. City of New Orleans, 99 U.S. 149, 25 L. Ed. 430, Waite, C. J., states the reason for this rule with much force and clearness. viz.: "If the lands are held by the corporation for public purposes, and the ground rents are part of the public revenue, it is well settled they cannot be levied on and sold. | Can lands held for public purposes be levied or sold? | Krein Concedes no copying; Not Copyrightable (expired) |
| 10431 | Reuille v. Bowers, 409 N.E.2d 1144, 1154 (Ind. Ct. App. 1980) | 9 | Proof of violation of motor vehicle safety statute is prima facie evidence of negligence, subject to being overcome by proof to the contrary. | Indiana law is now well established that proof by a party of violation of a motor vehicle safety statute is "prima facie evidence of negligence, subject to being overcome by proof to the contrary. | Can proof of violation of a motor vehicle statute be an evidence of negligence? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 2645 | People v. Gagnon, 21 Misc. 3d 594 | 2 | Specific intent to cause fear of serious bodily injury is gravamen of offense of felony menacing, C.R.S. 18-3-206; while it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, what the victim saw or heard and his reactions thereto are relevant considerations in determining whether defendant had the requisite intent to place victim in fear. | The specific intent to cause fear of serious bodily injury is the gravamen of this offense. People v. McPherson, 200 Colo. 429, 619 P.2d 38 (1980); § 18–3–206, C.R.S. (1978 Repl.Vol. 8). While it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, People v. Stout, 193 Colo. 466, 568 P.2d 52 (1977), nonetheless what the victim saw or heard, and his reactions thereto, are relevant considerations in determining whether defendant had the requisite intent to place him in fear. | What are relevant considerations in determining whether defendant had the requisite intent to place the victim in fear? | Not Copyrightable; No Material Appropriation |
| 13313 | St. Paul Fire Marine v. Amerada Hess Corp., 275 N.W.2d 304, 308 (N.D. 1979) | 13 | Waiver of right of subrogation must be by act of subrogee; it cannot be contracted away by conduct or agreement of third parties. | A waiver of the right of subrogation must be by an act of the subrogee; it cannot be contracted away by the conduct or agreement of third parties. | Is a waiver of the right of subrogation an act of the subrogee? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 2324 | Jordan v. O'Dwyer, 152 A.D.2d 671, 671 (N.Y.S.2d Sup. Ct. 1989) | 1 | Unlike situation in which criminal trial has resulted in judgment of acquittal, retrial of indictment is not automatically barred where merits of charge against defendant have not been finally resolved. U.S.C.A. Const.Amend. 5. | Unlike the situation in which a criminal trial has resulted in a judgment of acquittal, retrial of an indictment is not automatically barred where the merits of the charges against the defendant have not been finally resolved | "Unlike situation in which criminal trial has resulted in judgment of acquittal, is retrial of indictment not automatically barred where merits of a charge against defendant have not been finally resolved?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10236 | Encore Productions, Inc. v. Promise Keepers, 53 F. Supp. 2d 1101, 1108 (D. Colo. 1999) | 7 | When a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute, even if the facts of the dispute occurred after the contract expired. | Even if the Termination Agreement effectively terminated the entire Service Contract, including its arbitration provision, "when a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute. This is so even if the facts of the dispute occurred after the contract expired." | Can courts order arbitration when the contract requiring arbitration has expired? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 12808 | Larocca v. Bailey, 799 So. 2d 1263, 1270 (La. Ct. App. 2001) | 8 | A motion and order to dismiss without prejudice has the same force and effect as a final judgment. LSA-C.C.P. art. 1918. | We begin this analysis with the understood rule that a motion and order to dismiss without prejudice has the same force and effect as a final judgment. La.Code Civ.P. art. 1918 reads in part that "[a] final judgment shall be identified as such by appropriate language." | Does a motion and order to dismiss without prejudice have the same force and effect as a final judgment? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 213 | United States v. Demko, 385 U.S. 149, 151 (Pa. 1966) | 2 | Historically, workmen's compensation statutes were offspring of desire to give injured workers quicker and more certain recovery than can be obtained from tort suits; they are practically always thought of as substitutes for, not supplements to, common-law tort actions. | Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, **384 common-law tort actions. | "Historically, were workmens compensation statutes the offspring of a desire to give injured workers quicker and more certain recovery than could be obtained from tort suits, and were they practically always thought of as substitutes for, not supplements to, common-law tort actions?" | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 15099 | Heisler v. Hines Motor Co., 282 Mont. 270, 275 (Mont. 1997) | 3 | Pretrial order serves to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial. | A pretrial order serves to "prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order." | Does a pretrial order prevent surprise? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 17682 | Norwegian Twp. v. Schuylkill Cnty. Bd. of Assessment Appeals, 74 A.3d 1124, 1132 (Pa. Commw. Ct. 2013) | 13 | Substantial evidence supported the trial court's conclusion that Board of Assessment Appeals failed to meet its burden to prove taxability of township's property; sole evidence that the Board placed into record was tax assessment record card and picture of the property, establishing only that the property was currently vacant, and township produced ample evidence to show that property was actually and regularly being used for public purpose and to support court's finding that property was available to public for recreational activities, had been used by township to benefit public, and that township had made good-faith effort to develop the land for a park or playground, and though not required for property to be tax-immune/exempt, court also found that the township made a good-faith effort to develop the property. Const. Art. 8, S 2. | As we noted in Granville, the distinction between tax immunity and tax exemption is unnecessary in the context of government-owned property. 900 A.2d at 1016 n. 3. Whether either term is used, government-owned property is not taxable if it is being used for a public purpose, and the taxing authority bears the burden to prove its taxability. Id. at 1016. Stated otherwise, the taxing authority must prove that the government-owned property is not being used for a governmental purpose in order for the property to be taxable. Norwegian Twp. v. Schuylkill Cnty. Bd. of Assessment Appeals, 74 A.3d 1124, 1131 (Pa. Commw. Ct. 2013) | "Is a government-owned property taxable, if it is being used for a public purpose?" | Not Copyrightable; No Material Appropriation |
| 5326 | Emerick v. Town of Glastonbury, 145 Conn.App. 122, 127 (Conn.App.,2013) | 1 | A motion to dismiss for lack of standing properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | "A motion to dismiss [for lack of standing] ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does a motion to dismiss for lack of standing properly attack the jurisdiction of the court? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9549 | Reeves v. Travelers Ins. Companies, 421 A.2d 47, 50 (Me., 1980) | 2 | In exercising its discretion under Rules of Civil Procedure governing sanctions to be imposed for failure to comply with discovery or failure to comply with pretrial order, trial court must consider whether to impose sanction, upon whom, party or counselor or both, to impose sanction, and what sanction to impose. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | In exercising its discretion under Rule 16(d) or 37(b)(2), the trial court must answer three questions: (1) whether to impose a sanction; (2) upon whom-party or counsel or both-to impose the sanction; and (3) what sanction to impose. [...] We recognize that the sanction of dismissal, or of default judgment if imposed on a defendant, is a drastic one; its direct consequence falls not upon the attorney, but upon the party, who thereby loses all chance for an adjudication on the merits. For that reason, the ultimate sanction should be imposed only for the most serious instances of noncompliance with pretrial procedures. Mindful of that fact, we are nonetheless well satisfied that the special circumstances present in this case make it an appropriate occasion for dismissal, in order to penalize a serious delinquency and to deter like conduct by others. | Will the answer whether to impose a sanction on the party or counsel and what sanction to impose for failure to comply with the requirements of the rule governing pretrial procedure depend upon the particular circumstances? | Not Copyrightable; No Material Appropriation |
| 19287 | Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987) | 4 | Waiver, like immunity, is affirmative defense that must be affirmatively pleaded. Fed.Rules Civ.Proc.Rule 8(c), 28 U.S.C.A. | Waiver, like immunity, is an affirmative defense which must be affirmatively pleaded. | Should waiver be affirmatively plead? | Not Copyrightable; No Material Appropriation |
| 10678 | Giles v. Gen. Motors Corp., 344 Ill. App. 3d 1191, 1195, 802 N.E.2d 858, 862 (2003) | 3 | A motion to dismiss under statute governing involuntary dismissal based upon defects or defenses should not be granted when it cannot be determined with reasonable certainty that movant's alleged defense exists. S.H.A. 735 ILCS 5/2-619. | A section 2-619 motion to dismiss should not be granted when it cannot be determined with reasonable certainty that the movant's alleged defense exists. | Should a motion to dismiss be granted when it cannot be determined with reasonable certainty that movant's alleged defense exists? | Not Copyrightable; No Material Appropriation |

| 1225 | Sheehan v. Nw. Mut. Life Ins. Co., 44 S.W.3d 389, 394 (Mo.App. E.D., 2000) | 2 | Factors that should be considered in deciding whether to allow leave to amend a petition are (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) the possibility of an amendment curing any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. V.A.M.R. 55.33. | Factors that should be considered in deciding whether to allow leave to amend a petition are: (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) whether an amendment could cure any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. | What are the factors that should be considered in deciding whether to grant leave to amend a pleading? | Not Copyrightable; No Material Appropriation |
| 20805 | In re Feldman's Est., 387 Ill. 568, 577–78, 56 N.E.2d 405, 409 (1944) | 4 | Where note was dated March 1, 1931, and promised on or before date to pay a named person $3,000 with interest at 5 per cent. per annum from date until paid at named bank and contained in lower left-hand margin the statement "Due Mar. 1, 1939," the note matured on March 1, 1939. S.H.A. ch. 98, SS 27, 31, 47, 73, 78. | In other words, if the parties had intended to make the note payable on demand or at any time after the date of execution, simple words to that effect could readily have been inserted in the blank provided therefor in the note. To avoid such a strained and abnormal meaning we naturally look elsewhere in the note and find what appears to be a clear explanation of the intention of the parties. That is, referring to the left-hand corner of the note we find the due date to be 'Mar. 1, 1939.' Reading this with the 'On or Before' provision makes the note quite intelligible and eliminates the unnatural result which would follow from making it payable even before it was executed. We recognize that the words 'On or Before' could possible have referred to the date of March 1, 1931. | Will marginal notation be regarded as part of a note if it conflicts with the terms of its main body? | Krein Concedes no copying |

| 2159 | Am. Seal-Kap Corp. v. Smith Lee Co., 154 Misc. 176, 177, 277 N.Y.S. 549, 550–51 (Sup. Ct. 1935) | 1 | Ordinarily, a defendant is entitled to full particulars of plaintiff's claim, and plaintiff is entitled to examine defendant before trial, particularly in case where many of facts upon which action is grounded are in possession of defendant. | Ordinarily, a defendant is entitled to full particulars of the plaintiff's claim, and a plaintiff is entitled to examine before trial, particularly in a case where many of the facts upon which the action is grounded are in the possession of the defendant. | "Is the defendant entitled to full particulars of plaintiffs claim and is plaintiff entitled to examine before trial, particularly where many facts upon which action is grounded are in defendants possession?" | Not Copyrightable; No Material Appropriation |
| 6290 | Antenucci v. Hartford Roman Catholic, 142 Conn. 349, 355–56, 114 A.2d 216, 219 (Conn. 1955) | 4 | Highway is nothing but an easement, comprehending merely right of all individuals in community to pass and repass, with incidental right in public to do all of acts necessary to keep it in repair. | 'A highway is nothing but an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right in the public to do all of the acts necessary to keep it in repair.' *356 Peck v. | Is a highway an easement comprehending merely the right of all the individuals in community to pass and repass? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 7255 | Tesoro Petroleum Corp. v. Nabors Drilling USA, 106 S.W.3d 118, 133 (Tex. App. 2002) | 32 | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | Where a party to an indemnity contract relating to an oil and gas well is not contractually obligated to enforce a waiver of subrogation, the other party cannot insist that it assert a waiver of subrogation. | "Wherea party to an indemnity contract is not contractually obligated to enforce a waiver of subrogation, can the other party insist that it assert a waiver of subrogation?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 2139 | Rainer v. Wal-Mart Assocs., Inc., 119 So. 3d 398, 401 (Miss. Ct. App. 2013) | 2 | While rule governing requests for admissions, which states that a matter is admitted unless, within 30 days after service the party to whom the request is directed serves upon the party requesting the admission a written answer or objection, provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions. Rules Civ.Proc., Rule 36. | Rule 36(a) provides in pertinent part that a "matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" 2 ¶ 8. Under Rule 36(b), the trial court has the discretion to allow withdrawal of the deemed-admitted requests. The rule states that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." M.R.C.P. 36(b). So "[w]hile [Rule] 36 provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions." | "Are requested admissions deemed admitted unless, within 30 days after service of request, a party to whom the request is directed serves a written answer or objection?" | Not Copyrightable; No Material Appropriation |
| 17356 | Hatcher v. Bowen, 74 Ga. 840, 841 (1885) | 6 | Absence of counsel in attendance on other courts is not a favored ground for a postponement. | Absence of counsel in attendance on other courts is not a favored ground for a postponement. | Is absence of counsel in attendance on other courts not a favoured ground for a postponement? | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4536 | New York Mortg. Tr., Inc. v. Dasdemir, 116 A.D.3d 679, 679 (2014) | 1 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice | "Absent a showing of special circumstances, should a motion for a voluntary discontinuance be granted without prejudice?" | Not Copyrightable; No Material Appropriation |
| 13112 | Burt v. Beautiful Savior Lutheran Church of Broomfield, 809 P.2d 1064, 1067 (Colo. App. 1990) | 2 | "Trespass" is physical intrusion upon property of another without permission of person lawfully entitled to possession of real estate, and liability requires only intent to do act that itself constitutes or inevitably causes intrusion, without reference to nature or immediacy of harm or whether intrusion was caused by negligent act. | In Colorado, liability for trespass requires only an intent to do the act that itself constitutes, or inevitably causes, the intrusion. | Does liability for trespass requires only an intent to do the act that itself constitutes the intrusion? | Not Copyrightable; No Material Appropriation |
| 10942 | Garfias v. State, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) | 3 | A multiple-punishments double jeopardy violation can arise either in the context of lesser-included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once. U.S.C.A. Const.Amend. 5. | There are three types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. A multiple-punishments violation can arise either in the context of lesser-included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once. | What are the distinct types of double jeopardy claims? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5637 | Sweets v. State, 2013 WY 98, ¶¶ 19-20 (2013) | 8 | The Double Jeopardy Clauses of the United States and Wyoming constitutions afford three distinct protections: 1) protection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5; West's Wyo.Stat.Ann. Const. Art. 1, S 11. | The double jeopardy clauses of the United States and Wyoming constitutions afford three distinct protections: "1) [P]rotection against a second prosecution for the same offense following an acquittal; 2) protection against a second prosecution for the same offense after a conviction; and 3) protection against multiple punishments for the same offense." | What are the three distinct protections double jeopardy clauses afford? | Not Copyrightable; No Material Appropriation |
| 20810 | Dellums v. Smith, 577 F. Supp. 1449, 1454–55 (N.D. Cal. 1984) | 6 | Attorney General could not refuse to conduct preliminary investigation under Ethics in Government Act on whether President, Secretaries of State and Defense, and other executive officials violated Neutrality Act by supporting paramilitary operations against Nicaragua on ground that the operations were authorized by the President since the Neutrality Act applied to all persons, including the President. 18 U.S.C.A. S 960; 28 U.S.C.A. SS 591-598. | [HN 6] The history of the Neutrality Act and judicial precedent demonstrate the reasonableness of the view that the Act applies to all persons, including the President. The Court reaffirms its original determination that the "Executive actions alleged by plaintiffs, if true, may violate federal law." Consequently, in this case, a preliminary investigation may not be refused. [HN 7] Defendants further argue that even if the Neutrality Act applies to the activities alleged by plaintiffs, a preliminary investigation is not required. [. . . ] Defendants say the existence of that policy justifies the Attorney General's refusal to conduct any investigation under the Ethics in Government Act. For reasons set forth *1455 below, the Court finds that such a policy, even if shown to exist, could not constitute a valid basis for refusing to conduct a preliminary investigation. | Does the Neutrality Act dispense power in any officer or person whatsoever? | Krein Concedes no copying |

| 17335 | Gower v. Lamb, 282 S.W.2d 867, 869 (Mo. App. 1955) | 4 | In petition for damage allegedly done to plaintiff's parked automobile as result of being struck by defendant's vehicle, driven at time by thief, allegation that plaintiff's damage had been result of negligence by defendant was not a conclusion, but an ultimate fact, which could be pleaded as such, and therefore petition could be regarded as charging common-law negligence as well as statutory negligence, notwithstanding fact that main reliance was upon violation of statute prohibiting motorist to leave unattended a vehicle with ignition unlocked. Section 304.150 RSMo 1949, V.A.M.S. | Plaintiff has also alleged in her petition that her damages were the result of negligence by the defendant. This allegation is not a conclusion, but an ultimate fact, which may be pleaded as such. Maybach v. Falstaff Brewing Corporation, 359 Mo. 446, 222 S.W.2d 87, loc. cit. 92; Cushulas v. Schroeder & Tremayne, 225 Mo.App. 567, 22 S.W.2d 872, loc. cit. 874. We, therefore, feel compelled to regard the petition as charging common-law negligence as well as statutory negligence, and to consider the sufficiency of the agreed stipulation of facts to support the judgment for defendant on the theory of a breach of a *870 common-law duty. This question is also preserved for appellate review under Supreme Court Rule 3.23, 42 V.A.M.S., and was argued by both appellant and respondent. | Can negligence be pleaded as such? | Not Copyrightable; No Material Appropriation |
| 3030 | United States v. Rosen, 716 F.3d 691, 700 (2d Cir. 2013) | 4 | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | To establish the " 'corrupt' intent necessary to a bribery conviction," the Government must prove that the defendant had " 'a specific intent to give ... something of value in exchange for an official act,' " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)), which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. | What should the government prove in order to establish the corrupt intent necessary to a bribery conviction? | Not Copyrightable; No Material Appropriation |

| 7011 | Gordon v. Purdue Univ., 862 N.E.2d 1244, 1250 (Ind. App. 2007) | 5 | When reviewing grant of motion to dismiss for failure to state a claim, appellate courts do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. Trial Procedure Rule 12(B)(6). | The standard of review of a trial court's grant or denial of a motion to dismiss for failure to state a claim under Ind. Trial Rule 12(B)(6) is de novo. Sims v. Beamer, 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). We do not defer to the trial court's decision because deciding a motion to dismiss based upon failure to state a claim involves a pure question of law. | Does resolving a motion to dismiss for failure to state a claim involve only a question of law? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 5009 | Campbell v. Louisiana Intrastate Gas Corp., 528 So.2d 626, 628 (La.App. 2 Cir.,1988) | 2 | "St. Julien Doctrine" provides method of acquiring utility servitudes without formal expropriation proceedings when utility has used private property in public interest in good faith and with landowner's consent or acquiescence for period of time. LSA-R.S. 19:14. | Defendant contends that its right to use and maintain the pipeline after the foreclosure, and particularly in 1985, arises from the St. Julien Doctrine. This doctrine, now statutorily recognized, provides a method of acquiring utility servitudes without formal expropriation proceedings when a utility company has used private property in the public interest in good faith and with the landowner's consent or acquiescence for a period of time. LRS 19:14; St. Julien v. | What is the St. Julien Doctrine concerning utility services? | Not Copyrightable; No Material Appropriation |

| 21683 | Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 549 (E.D.N.C. 2005) | 2 | To make out action under North Carolina law for damages caused by acts committed pursuant to formed conspiracy, plaintiff must show: (1) agreement between two or more persons; (2) to do wrongful act; (3) commission of some overt act by one member of conspiracy in furtherance of objectives; and (4) damage to plaintiff as result of actions of conspirators. | There is, under North Carolina law, no such thing as a civil action for conspiracy. There is, rather, an action for damages caused by acts committed pursuant to a formed conspiracy. In order to make out such an action, plaintiff must show "(1) an agreement between two or more persons (2) to do a wrongful act, (3) commission of some overt act by one member of the conspiracy in furtherance of the objectives, and (4) damage to the plaintiff as a result of the actions of the conspirators." | Is a statement of intention to file a suit to enforce one's claimed legal rights a threat? | Krein Concedes no copying |
| --- | --- | --- | --- | --- | --- | --- |
| 5789 | In re Climate Control Mech. Servs., 570 B.R. 673, 678 (M.D. Fla. 2017) | 6 | When, upon default of contractor, surety pays all the bills of the job to date and completes the job, surety stands in shoes of contractor insofar as there are receivables due it, in the shoes of laborers and materialmen who have been paid by surety, who may have liens, and in the shoes of the government, for whom job was completed. | "When, on default of the contractor, [the surety] pays all the bills of the job to date and completes the job, it stands in the shoes of the contractor insofar as there are receivables due it; in the shoes of laborers and material men who have been paid by the surety-who may have had liens; and, not least, in the shoes of the government, for whom the job was completed." | Is a surety who pays claims of laborers and materialmen only entitled to stand in shoes of those laborers and materialmen who might have had liens but for the surety's payment? | Not Copyrightable; No Material Appropriation |
| 12158 | Snyder v. Motorists Mut. Ins. Co., 2 Ohio App. 2d 19, 21 (1965) | 6 | Sovereignty of nations bordering seas does not stop at shoreline but extends over and under the ocean for some distance. | From early times, it has been recognized that the sovereignty of nations bordering the seas does not stop at the shoreline, but that for some distance it extends over and under the ocean. | Does the sovereignty of nations bordering seas stop at shoreline or does it extend over and under the ocean for some distance? | Not Copyrightable; No Material Appropriation |
| 11562 | People v. Boose, 139 Ill. App. 3d 471, 474 (1985) | 5 | Criminal intent formulated after lawful entry will satisfy offenses of larceny, i.e., retail theft, or burglary by illegally remaining; it will not, however, satisfy the offense of burglary by illegal entry. S.H.A. ch. 38, P 19-1(a). | A criminal intent formulated after a lawful entry will satisfy the offenses of larceny (retail theft) or burglary by illegally remaining. It will not, however, satisfy the offense of burglary by illegal entry. | Does criminal intent formed after a lawful entry satisfy the burglary statute? | Not Copyrightable; No Material Appropriation |

| 21789 | All Purpose Vending, Inc. v. City of Philadelphia, 127 Pa. Cmwlth. 415, 420, 561 A.2d 1309, 1311–12 (1989) | 2 | That administrative review options to contest tax on taxpayers' for profit coin-operated mechanical amusement devices for film or video presentations were coupled with sanctions for noncompliance did not constitute prior restraint on taxpayers' freedom of speech. U.S.C.A. Const.Amend. 1. | It is asserted that because these options are coupled with sanctions for non-compliance,10 the administrative process acts as a prior restraint on appellants' freedom of speech and is, therefore, inadequate. We agree with the trial court's conclusion that the Ordinance does not act **1312 as a prior restraint on appellants' right of free speech. | Is a legislative declaration entitled to any weight when determining the nature of a tax? | Krein Concedes no copying |
|---|---|---|---|---|---|---|
| 17936 | F.C.C. v. Fla. Power Corp., 480 U.S. 245, 245–46, 252, 107 S. Ct. 1107, 1109, 1112, 94 L. Ed. 2d 282 (1987) | 2 | Element of required acquiescence is at the heart of concept of occupation for purposes of per se taking analysis under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | The Court of Appeals erred in applying Loretto 's narrow per se rule, since the element of required acquiescence is at the heart of the concept of occupation under Loretto, whereas nothing in the Act, as interpretedby *246 the FCC, requires utility companies to give cable companies space on utility poles or prohibits utility companies from refusing to enter into attachment agreements. Since the Act clearly contemplates voluntary commercial leases rather than forced governmental licensing, it merely regulates the economic relations of utility company landlords and cable company tenants, which regulation is not a per se taking under Loretto. [...] This element of required acquiescence is at the heart of the concept of occupation. | Is the element of required acquiescence at the heart of the concept of occupation? | Not Copyrightable; No Material Appropriation |

| 5652 | In re Forfeiture of U.S. Currency in Amount of Ninety-One Thousand Three Hundred Fifty-Seven & 12/100 Dollars ($91,357.12), 595 So. 2d 998, 1000 (Fla. 4th Dist. App. 1992) | 6 | "Equitable subrogation" applies where claimant satisfied obligation of another and then stands in shoes of satisfied creditor; doctrine prevents unjust forfeiture and windfall amounting to unjust enrichment. | The doctrine of equitable subrogation is designed to apply where the claimant satisfied an obligation of another and then stands in the shoes of the satisfied creditor. The doctrine is founded on established principles of equity to prevent an unjust forfeiture, on the one hand, and a windfall amounting to unjust enrichment, on the other. | "Is doctrine of equitable subrogation recognized as one founded on established principles of equity to prevent unjust forfeiture, and windfall amounting to unjust enrichment on the other? " | Not Copyrightable; No Material Appropriation |
|------|------|------|------|------|------|------|
| 9593 | In re Bledsoe, 41 S.W.3d 807, 813 (Tex. App. 2001) | 14 | Only in exceptional situations may case-determinative sanctions be imposed in the first instance-when they are clearly justified and no lesser sanctions will promote compliance. | Only in exceptional situations may case-determinative sanctions be imposed in the first instance-when they are clearly justified and no lesser sanctions will promote compliance. | "Only in exceptional situations, can case-determinative sanctions be imposed in the first instance-when they are clearly justified?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |

| 4137 | Betts v. City of Chicago, 2013 IL App (1st) 123653, ¶¶ 12-14, 1 N.E.3d 1199, 1202-1203 | 5 | Once a defendant moving for involuntary dismissal, on grounds that the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a). | "A motion to dismiss based on the immunity conferred by the Act, however, is more appropriately raised in a section 2–619(a)(9) motion, which allows for dismissal when the claim asserted against the defendant is 'barred by other affirmative matter avoiding the legal effect of or defeating the claim' (735 ILCS 5/2–619(a)(9) (West 2008))." [...] A motion for involuntary dismissal pursuant to section 2–619(a) admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter which avoids the legal effect or defeats a plaintiff's claim.  [...] In re Estate of Schlenker, 209 Ill.2d 456, 461, 283 Ill.Dec. 707, 808 N.E.2d 995 (2004). "Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is 'unfounded or requires the resolution of an essential element of material fact before it is proven.' " | Will the burden shift from the defendant to plaintiff once the claim asserted is barred by other affirmative matter? | Not Copyrightable; No Material Appropriation |
| 8115 | Fort Halifax Packing Co., Inc. v. Coyne, 107 S.Ct. 2211, 2222, 482 U.S. 1, 21 (U.S.Me.,1987) | 5 | Pre-emption should not be lightly inferred under National Labor Relations Act in area of substantive labor standards, inasmuch as establishment of labor standards falls within traditional police power of the state. National Labor Relations Act, SS 7, 8, as amended, 29 U.S.C.A. SS 157, 158. | Furthermore, pre-emption should not be lightly inferred in this area, since the establishment of labor standards falls within the traditional police power of the State. | Is pre-emption of employment standards within the traditional police power of the state that should not be lightly inferred? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 20117 | State ex Rel. Olson v. Guilford, 174 Minn. 457, 459 (1928) | 2 | Equity may enjoin and abate public nuisances. | Equity has jurisdiction to enjoin and abate public nuisances. | Does equity have the jurisdiction to abate public nuisances? | Not Copyrightable; No Material Appropriation |
| 727 | Deloatch v. Becker, 698 A.2d 94, 96 (Pa. 1997) | 2 | Judgment of "non pros" is founded upon equitable principle of laches and may properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for delay, and delay has caused some prejudice to adverse party. | Further, we note that the non pros doctrine is founded upon the equitable principle of laches and may properly be entered "when a party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for the delay, and the delay has caused some prejudice to the adverse party." | "Can judgment of ""non pros"" properly be entered when party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude?" | Not Copyrightable; No Material Appropriation |
| 15284 | Echtenkamp v. Loudon Cty. Pub. Sch., 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003) | 36 | Under Virginia law, merely offensive or unpleasant statements are not defamatory, rather, defamatory statements are those that make plaintiff appear odious, infamous, or ridiculous. | In other words, "[m]erely offensive or unpleasant statements" are not defamatory; rather, defamatory statements "are those that make the plaintiff appear odious, infamous, or ridiculous." | Are unpleasant and offensive statements defamatory? | Not Copyrightable; No Material Appropriation |
| 3442 | New Albertsons, Inc. v. Superior Ct., 168 Cal. App. 4th 1403, 1420–21, 86 Cal. Rptr. 3d 457, 470 (2008) | 6 | Because the law strongly favors trial and disposition on the merits, any doubts in ruling on a motion to withdraw or amend an admission must be resolved in favor of the party seeking relief. West's Ann.Cal.C.C.P. S 2033.300. | The trial court's discretion in ruling on a motion to withdraw or amend an admission is not unlimited, but must be exercised in conformity with the spirit of the law and in a manner that serves the interests of justice. Because the law strongly favors trial and disposition on the merits, any doubts in applying section 2033.300 must be resolved in favor of the party seeking relief. | Should any doubts in ruling on a motion to withdraw or amend an admission be resolved in favor of the party seeking relief because the law strongly favors trial and disposition on the merits? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 777 | Jones v. Halliburton Co., 583 F.3d 228, 233–34 (5th Cir. 2009) | 2 | A two-step analysis is employed to determine whether a party may be compelled to arbitrate, under which, first, whether the party has agreed to arbitrate the dispute is examined, and this question itself is further subdivided, such that a court, to determine whether the party has agreed to arbitrate a dispute, must ask: (1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement; if both questions are answered in the affirmative, the court then asks whether any federal statute or policy renders the claims nonarbitrable. | A two-step analysis is employed to determine whether a party may be compelled to arbitrate. Id. First, whether *234 the party has agreed to arbitrate the dispute is examined. This question itself is further subdivided; to determine whether the party has agreed to arbitrate a dispute, our court must ask: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement". Id. (citing JP Morgan Chase & Co. v. Conegie ex rel. Lee, 492 F.3d 596, 598 (5th Cir.2007)). If both questions are answered in the affirmative, our court then asks whether "any federal statute or policy renders the claims nonarbitrable". | How do courts determine whether a party is compelled to arbitrate? | Not Copyrightable; No Material Appropriation |
| 7881 | Caywood v. Gossett, 382 Ill. App. 3d 124, 129, 887 N.E.2d 686, 691 (2008) | 4 | Dismissal of complaint is allowed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. S.H.A. 735 ILCS 5/2-619(a)(9). | A section 2-619(a)(9) motion to dismiss permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9). | Can a complaint be dismissed when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim? | Not Copyrightable; No Material Appropriation |

| 18100 | United States v. Harder, 168 F. Supp. 3d 732, 738, 745, 747 (E.D. Pa. 2016) | 20 | Government was required to prove different facts to support charges against defendant for violation of Foreign Corrupt Practices Act (FCPA) and for charge of international money laundering, and charges were thus distinct and did not require merger, even though charges were based on same payments defendant allegedly made to bank official's sister, knowing that those bribes would be given, directly or eventually, to the employee, to induce him to violate the law; government was required to prove that defendant offered or paid anything of value to a foreign official for corrupt purposes to support FCPA charge, and was required to prove that defendant transferred funds abroad from the United States with intent to promote unlawful activity, i.e., intent to promote an FCPA violation, to support money laundering charge, and the government was thus required to prove different facts to make out the violations charged. 15 U.S.C.A. S 78dd-2(a)(1), (3); 18 U.S.C.A. S 1956(a)(2)(A). | Additionally, the Government has charged, as it must, that Defendant paid Official Sister knowing that those bribes would be given, directly or eventually, to Official to induce him to violate the law. [...] As I have discussed, FCPA requires proof of offer or payment of anything of value to a foreign official for a corrupt purpose. See 15 U.S.C. 78dd-2(a)(1), (3). To prove an international money laundering violation, the Government must prove that the defendant transferred funds abroad from the United States with the intent to promote unlawful activity. See 18 U.S.C. 1956(a)(2)(A). That the international money laundering statute requires intent to promote unlawful activity -i.e., intent to promote an FCPA violation-renders the offenses distinct. See United States v. Paramo, 998 F.2d 1212, 1218 (3d Cir.1993) (rejecting argument that, as a matter of law, a defendant cannot promote an already completed unlawful activity). Plainly, then, the Government must prove different facts to make out a violation of the money laundering statute. | Do courts doubt on the Congresss intention to hold an individual liable under 15 U.S.C. 78dd1(a)(3)(A) if he took great care to know exactly whom his agent would be bribing and what precise steps that official would be taking? | Krein Concedes no copying |

| 11426 | Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96, 99 (Tex. App. 1993) | 2 | Admissions, once deemed admitted, are judicial admissions, and party against whom admissions are deemed admitted may not then introduce controverting testimony in any legal proceeding related to action. Vernon's Ann.Texas Rules Civ.Proc., Rules 21a, 169. | In examining the record before us, appellant failed to timely answer request for admissions, or to file written objections, or to file a motion to file answers late, resulting in the appellee's admissions being deemed. [. . .] Admissions, once deemed admitted, are judicial admissions and appellant may not then introduce controverting testimony in any legal proceeding related to the instant action. | " Are deemed admissions, resulting from a party's failure to answer a request for admissions, judicial admissions and may not be controverted with testimony?" | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 1355 | State v. Jandreau, 157 A.3d 239, 242 (Me., 2017) | 1 | Absent defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the federal and state constitutions preclude state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. U.S. Const. Amend. 5; Me. Const. art. 1, S 8. | Absent the defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clauses of the United States and Maine Constitutions preclude the State from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial. | "Absent defendant's consent to or the manifest necessity for a mistrial, does the Double Jeopardy Clauses of the federal and state constitutions preclude a state from bringing a second prosecution of the defendant on the same charges after the declaration of a mistrial?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 21822 | James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC, 941 F. Supp. 2d 807, 824 (E.D. Ky. 2013) | 26 | Agreement between owner of thoroughbred stallion and breeding farm, for the services of managing breeding career of race horse, was not subject to New Jersey Consumer Fraud Act (NJCFA); services to manage stud's career was not something sold to the general public, but instead a service highly particularized and unique, and the parties, as sophisticated breeders and competitive racers who entered into complex, multi-million dollar contracts with the aid of counsel, were not typical consumers. N.J.S.A. 56:8-1 et seq. | An accounting is an equitable remedy and is defined as "an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." | What is accounting? | Krein Concedes no copying |
| 12651 | In re Interest of M.M., 571 So. 2d 112, 112-13 (Fla. Dist. Ct. App. 1990) | 1 | Ownership of building or structure is material element of burglary and must be proven as alleged in order to support conviction. West's F.S.A. S 810.02. | Additionally, ownership of the building or structure is a material element of the crime and must be *113 proven as alleged in order to support a conviction for burglary. | Is ownership of the building or structure a material element of burglary? | Not Copyrightable; No Material Appropriation |

| 14383 | Eisen v. Venulum Ltd., 244 F. Supp. 3d 324, 336 (W.D.N.Y. 2017) | 15 | District Court, rather than arbitrator, would determine enforceability of arbitration clauses in investment contracts involving interests in fine wines, even though contracts included requirement that all disputes under contracts be sent to arbitration, since there was no language in contracts expressly stating that arbitrability disputes would be resolved by arbitration, contracts stated that International Chamber of Commerce (ICC) rules would control any arbitration, ICC rule provided that arbitrator determined validity of arbitration agreement if party against which claim had been made challenged its validity, but investor, who was bringing claims against foreign corporation for violations of securities laws, was challenging validity of arbitration clauses. | Defendants' main argument is that it is the province of the arbitrator, and not the Court, to determine whether the arbitration clauses are valid or invalid. (Dkt. 13 at 5–10). Defendants rely on Shaw Group Inc. v. Triplefine Int'l Corp., 322 F.3d 115 (2d Cir. 2003) for the proposition that under the International Chamber of Commerce ("ICC") arbitration rules "any question of arbitrability must be decided by the arbitral tribunal." (Dkt. 13 at 6). Shaw Group provides that if the parties reference the ICC rules of arbitration in an arbitration clause they have "evince[d] a clear and unmistakable agreement to arbitrate arbitrability," and the court is required to defer questions of arbitrability to the arbitrator. Shaw Group, 322 F.3d at 121. | Does reference to International Chamber of Commerce rules in an arbitration clause present a clear and unmistakable agreement to arbitrate arbitrability? | Not Copyrightable; No Material Appropriation |
| 12909 | Wells Fargo Bank, N.A. v. Bohatka, 112 So. 3d 596, 601 (Fla. Dist. Ct. App. 2013) | 7 | For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, the failure to attach necessary documents is a remediable offense. | As a general matter, trial courts are to give plaintiffs "an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action." See Kairalla v. John D. Catherine T. MacArthur Found., 534 So.2d 774, 775 (Fla. 4th DCA 1988). And the failure to attach necessary documents is a remediable offense. See Wells Fargo Bank, N.A. v. Reeves, 92 So.3d 249, 253 (Fla. 1st DCA 2012). | "As a general matter, are trial courts to give plaintiffs an opportunity to amend a defective pleading?" | Not Copyrightable; No Material Appropriation |

| 8356 | City of Orlando v. State, 67 So. 2d 673, 675 (Fla. 1953) | 3 | A "special assessment" is an enforced contribution imposed upon theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of property against which it is imposed as a result of improvement made with proceeds of special assessment. | It is imposed upon the theory that that portion *675 of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment. | Is tax a burden imposed by a sovereign right? | Krein Concedes no copying |
|---|---|---|---|---|---|---|
| 19012 | Doe v. Diocese of Raleigh, 242 N.C. App. 42, 57, 776 S.E.2d 29, 41 (2015) | 16 | Individual's negligent infliction of emotional distress (NIED) claim against diocese and bishop of diocese based on negligent supervision of priest incardinated to diocese and, who allegedly sexually assaulted individual when he was a minor, did not implicate Free Exercise Clause or Establishment Clause of First Amendment, such that trial court had authority to adjudicate claim; determination of whether individual established elements of NIED based on negligent supervision of priest did not entangle court in ecclesiastical inquiries. U.S.C.A. Const.Amend. 1. | Consequently, Plaintiff's NIED claim premised on the assertion that such negligent conduct resulted in him suffering severe emotional distress and that it was reasonably foreseeable that the Diocese Defendants' conduct would result in such distress is likewise permissible under the First Amendment. Because a determination of whether Plaintiff has successfully established the elements of NIED based on the Diocese Defendants' negligent supervision of Sepulveda will not entangle the court in ecclesiastical inquires, subject matter jurisdiction exists in the trial court as to this claim. | "Because negligent infliction of emotional distress (NIED) claims are premised upon negligent conduct by defendants, will a determination that an underlying negligence claim is subject to dismissal result in dismissal of a corresponding NIED claim as well?" | Krein Concedes no copying |
| 17233 | Miller v. Mod. Motor Co. of Glendale, 107 Cal. App. 38, 41, 290 P. 122, 124 (Cal. Ct. App. 1930) | 2 | Where waiver is relied upon, in bringing action, facts constituting waiver must be set forth. | We believe, upon general demurrer, that these allegations sufficiently comply with the rule that where a waiver is relied upon, the facts constituting the waiver must be set forth. | Should facts constituting waiver be pleaded if a waiver is relied upon? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 13124 | Matthews v. Malkus, 377 F. Supp. 2d 350, 359 (S.D.N.Y. 2005) | 16 | Under New York law, requisite elements for claim of trespass are: (1) intentional entry by defendants onto plaintiff's land, and (2) wrongful use without justification or consent. | Trespass [16] The requisite elements for a claim of trespass are the intentional entry by defendants on to plaintiffs' land and the wrongful use without justification or consent. | What are the elements of a trespass claim? | Not Copyrightable; No Material Appropriation |
| 1844 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369, 382 (Tenn. 2015) | 7 | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." | "When a trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support the motion with affidavits or other evidentiary materials?" | Not Copyrightable; No Material Appropriation |

| 16880 | Langford v. Douglas, 359 S.W.2d 951, 953 (Tex. Civ. App. 1962) | 2 | Motion to reinstate an action dismissed for lack of prosecution could be considered as a bill of review, but as a bill of review, it properly did not belong in original cause. | The trial court, therefore, properly sustained defendants' motion and reinstated the order dismissing the suit for want of prosecution. But, 'The policy of the law is, that appellant should have his day in court for the purpose of establishing the alleged wrong perpetrated on him [...] In view of the narrow language of the trial court's order above quoted, we accordingly hold that plaintiffs' motion to reinstate, considered as a bill of review, is still pending. No doubt plaintiffs will desire to amend it. Its presence in the original suit is an irregularity. Osborn v. Younger (Com.App.), 235 S.W. 558; McDonald, Texas Civil Practice, supra. The trial court could transfer it to an independent place on his docket for trial or other disposition. Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660.Since the motion, as bill of review, properly does not belong in the original cause, the trial court's order was a final, appealable judgment. It is affirmed. | Can a motion to reinstate an action dismissed for lack of prosecution be considered as a bill of review? | Not Copyrightable; No Material Appropriation |
| :---: | --- | :---: | --- | --- | --- | --- |
| 18639 | Dept. of Revenue v. Merritt Square Corp., 334 So. 2d 351, 354 (Fla. 1st Dist. App. 1976) | 1 | Under statute defining "public utility" for purposes of regulation, a privately owned utility is "public utility" if it holds itself out to serve general public. West's F.S.A. SS 366.01 et seq., 366.02. | The nature of the service must be such that all members of the public have an enforceable right to demand it.' 229 P.2d at 672. It is, thus, clear that a privately owned utility is a Public utility if it holds itself out to serve the general public. | When is a privately owned utility a public utility? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19108 | Price ex rel. Est. of Price v. City of Seattle, 106 Wash. App. 647, 660, 24 P.3d 1098, 1105 (2001) | 12 | Failure of city, as owner of property located at top of bluff where landslide took place, to take measures to prevent landslide did not establish trespass claim by landowners whose property was damaged by landslide. | The residents essentially argue that the City knew that a landslide was a substantially certain consequence of its failure to take preventive measures. But they have provided no authority for the proposition that an "act", as used in defining the elements of trespass, means a failure to act. Stated in terms of a failure to act, their trespass claim is no different from their negligence claim. Cf. Lewis v. Krussel, 101 Wash.App. at 183, 2 P.3d 486 (nuisance claim in case involving fallen trees, grounded in inaction, need not be considered separately from the negligence claim). As there is no evidence that the City acted to cause the landslide, the trespass claim also fails. | Can a failure to act fulfill the intentional act element required for a claim of trespass? | Krein Concedes no copying |
| 11048 | Lake Cnty. Tr. Co. v. Lane, 478 N.E.2d 684, 688 (Ind. Ct. App. 1985) | 4 | In view of rule that owner of property whereon public highway lies holds property in fee, subject only to public's easement, owners of property that abutted county road on the east, rather than the county, were owners to whom one half of abandoned railroad right-of-way easement reverted where the east edge of the right-of-way met the abutting property at approximately the outerline of the highway. | It is the law in Indiana that the owner of property whereon a public highway lies holds the property in fee, subject only to the public's easement. Magee v. Overshiner (1898), 150 Ind. 127, 49 N.E. 951; The Terre Haute and Southeastern Railroad Company v. | "Does the owner of a property, whereon public highway lies, hold property in fee, subject only to publics easement? " | Not Copyrightable; No Material Appropriation |
| 15198 | Calvert & Marsh Coal Co. v. Pass, 393 So. 2d 955, 957 (Ala. 1981) | 5 | Wantonness in a trespass action is established by mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | Wantonness in a trespass action is established by the mere knowledge on the part of the defendant of his invasion of the plaintiff's rights. | How is the element of wantonness established in a trespass action? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 601 | Holland v. Lefler, 80 Ark. App. 316, 321 (2003) | 6 | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Service of process under Rule 4(i) must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. | Should service of process under civil procedure rule governing summons be accomplished within 120 days after the filing of complaint unless a plaintiff has filed a motion to extend time prior to the expiration of the deadline? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 14711 | Henry v. Shober, 566 N.W.2d 190, 192 (Iowa 1997) | 5 | If delay in obtaining service of process is presumptively abusive, it does not matter whether delay is intentional, and action is subject to dismissal if plaintiff fails to carry burden of proving that delay was justified. Rules Civ.Proc., Rule 49. | As the above analysis suggests, if a delay in service is presumptively abusive, it does not matter whether the delay is intentional. | "If delay in obtaining service of process is presumptively abusive, does it not matter whether delay is intentional?" | Not Copyrightable; No Material Appropriation |
| 12657 | Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13), 110 So. 3d 1127, 1130 | 4 | A step by one party prevents abandonment of a suit for lack of prosecution as to all of the parties, even though they are not solidarily liable. LSA-C.C.P. art. 561. | "A 'step' is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable." (Internal citations omitted.) Id. | Does a step by one party prevent abandonment of a suit for lack of prosecution as to all of the parties? | Not Copyrightable; No Material Appropriation |
| 7127 | People v. $8,450 U.S. Currency, 276 Ill. App. 3d 952, 955 (1995) | 7 | Despite its label as civil, forfeiture is "punishment" for double jeopardy purposes when its goal is either retribution or deterrence. U.S.C.A. Const.Amend. 5. | However, despite its label as civil, a forfeiture is a punishment for double jeopardy purposes when its goal is either retribution or deterrence. | "Despite its label as civil, is forfeiture punishment for double jeopardy purposes when its goal is either retribution or deterrence?" | Not Copyrightable; No Material Appropriation |

| 19604 | Fed. Home Loan Mortg. Corp. v. Lamar, 503 F.3d 504, 512 (6th Cir. 2007) | 8 | Collection notice is deceptive, in violation of Fair Debt Collection Practices Act (FDCPA), when it can be reasonably read to have two or more different meanings, one of which is inaccurate. Fair Debt Collection Practices Act, S 807, 15 U.S.C.A. S 1692e. | "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996). | What damages can a consumer recover if a debt collector violates the Fair Debt Collection Protection Act (FDCPA)? | Krein Concedes no copying |
| :-- | :-- | :-- | :-- | :-- | :-- | :-- |
| 10902 | United States v. Allen, 984 F.2d 940, 941 (8th Cir. 1993) | 2 | Double jeopardy clause does not generally preclude reprosecution if defendant requests or consents to mistrial. U.S.C.A. Const.Amend. 5. | Const.Amend. V. The double jeopardy clause generally does not preclude reprosecution when a defendant requests or consents to a mistrial. | Does a double jeopardy clause not generally preclude reprosecution if a defendant requests or consents to mistrial? | Not Copyrightable; No Material Appropriation |
| 5036 | In re Wiley, 438 B.R. 331, 333 (Bankr. D.N.M. 2010) | 2 | Under New Mexico law, "subrogation" is equitable remedy of civil law origin, whereby, through a supposed succession to legal rights of another, a loss is put ultimately on the one who in equity and good conscience should pay it. | Subrogation ... is an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. | Is subrogation an equitable remedy of civil law origin? | Not Copyrightable; No Material Appropriation |
| 15267 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19, 27 (N.H. 2007) | 19 | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | [E]quitable subrogation "applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | When does subrogation apply? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 18618 | City of Sherman v. Pub. Util. Commn. of Texas, 643 S.W.2d 681, 684-85 (Tex. 1983) | 3 | While the Public Utility Commission may share original jurisdiction with a municipality over the operations or services of a public utility which operates both inside and outside municipal limits, it has no statutory authority to regulate the operations or services of "municipally-owned utilities" under statute relating to original municipal jurisdiction within territorial limits of each municipality and original commission jurisdiction outside municipal boundaries. Vernon's Ann. Texas Civ.St. art. 1446c, S 17(e). | The Act also contains the following provisions relating to original municipal jurisdiction within the territorial limits of each municipality, and original PUC jurisdiction outside of municipal boundaries: Sec. 17. (a) Subject to the limitations imposed in this Act, and for the purpose of regulating rates and services ..., the governing body of each municipality shall have exclusive original jurisdiction over all electric, water, and sewer utility rates, operations, and services provided by an electric, water, and sewer utility within its city or town limits. [...] We conclude that while the PUC may share original jurisdiction with a municipality over the operations or services of a "public utility" which operates both inside and outside municipal limits, it has no statutory authority to regulate the operations or services of "municipally-owned utilities" under section 17(e). | Are municipally owned utilities different from privately owned utilities? | Krein Concedes no copying |
| :-- | :-- | :-- | :-- | :-- | :-- | :-- |
| 8220 | Barragan v. Banco BCH, 188 Cal. App. 3d 283, 296, 232 Cal. Rptr. 758, 765 (Ct. App. 1986) | 9 | Act of state doctrine, being merely issue preclusion device, did not affect power of court to enter default judgment. | Because the act of state doctrine is merely an issue preclusion device (Arango v. Guzman Travel Advisors Corp., supra, 621 F.2d at p. 1380; National American Corp. v. Fed. Rep. of Nigeria, supra, 448 F.Supp. at p. 640), it does not affect the power of the court to enter a default judgment. | Does the act of state doctrine affect the power of the court to enter default judgment? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19258 | Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 221–22 (D.R.I. 2002), aff'd, 337 F.3d 87 (1st Cir. 2003) | 21 | Record owner of reservoir alleged sufficient facts to make out a federal takings claim where it alleged that state had acquired title to a portion of the bottom of the reservoir and an easement by prescription on behalf of the public to use the reservoir for recreational purposes; because of the State's actions, State wiped out all of owner's economically beneficial use of the property and impressed a private individual into service to provide the public unrestricted use of private property. U.S.C.A. Const.Amend. 5. | Here, the State has acquired title to a portion of the bottom of the Reservoir and an easement by prescription on behalf of the public to use the Reservoir for recreational purposes. [...] Therefore, plaintiff has alleged a sufficient takings claim in the complaint in this case. This Court also notes that because the State acquired title to a portion of the reservoir bottom, the State has wiped out all of plaintiff's economically beneficial use of that property. [...] The State has impressed a private individual into service to provide the public unrestricted use of private property. | Should a private owner bring an inverse condemnation action for public use of private property within a specified period of time? | Krein Concedes no copying |
| 797 | Faysound Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 1365, 1373 (E.D. Ark. 1990) | 3 | To qualify as act of state, it is necessary to prove that act occurred as result of considered policy determination by government to give effect to its political and public interest, matters that would have significant impact on American foreign relations. | To qualify as an act of state, it is necessary to prove that the act "occurred as a result of a considered policy determination by a government to give effect to its political and public interest-matters that would have significant impact on American foreign relations." | "To qualify as an act of state, is it necessary to prove that the act occurred as a result of a considered policy determination by a government to give effect to its political and public interest?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 15704 | Clifton v. Koontz, 160 Tex. 82 (Tex. 1959) | 6 | In a mineral lease, the terms "produced" and "produced in paying quantities" mean substantially the same thing. | While the lease does not expressly use the term 'paying quantities', it is well settled that the terms 'produced' and 'produced in paying quantities' mean substantially the same thing. | Do the terms produced and produced in paying quantities mean substantially the same thing? | Not Copyrightable; No Material Appropriation |

| 637 | In re Gateway Ethanol, 415 B.R. 486, 503 (2009) | 18 | Under Illinois law, when the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. S.H.A. 810 ILCS 5/1-201(37) (2005). | When the bright line test is not satisfied, UCC  1-201(37) requires the court to consider "the facts of each case." This consideration is guided by the fact that the drafters of amended UCC  1-201(37) sought to "preserve common law principles," under which the "central feature of a true lease is the reservation of an economically meaningful interest to the lessor at the end of the lease term." 59  The Official UCC Comments states: "If a transaction creates a lease and not security interest, the lessee's interest in the goods is limited to its leasehold estate; the residual interest in the goods belongs to the lessor." 60  When the bright line test is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. | "When the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, should the court then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 15624 | U.S. v. Leyva, 282 F.3d 623, 625 (9th Cir. 2002) | 3 | Use of an official position was not an element of bribery offense; plain language of statute required only that the public official accept a thing of value in exchange for perpetrating a fraud, and absence of any official act requirement was particularly pointed in light of explicit "official act" or "official duty" language in other subsections of statute. 18 U.S.C.A. S 201(b)(2)(B). | [T]he public official must use his official position to commit or aid in the commission of the fraud. The district court did not err in rejecting these instructions because Leyva's proposed "use of official position" condition is supported by neither the text of the statute nor case law. Under the rules of statutory construction, "[t]he plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." United States v. Daas, 198 F.3d 1167, 1174 (9th Cir.1999). Here, the plain language of 201(b)(2)(B) requires only that the public official accept a thing of value in exchange for perpetrating a fraud. The absence of any official act requirement is particularly pointed in light of explicit "official act" or "official duty" language in other subsections of 201. | Is the use of an official position an element of the bribery statute? | Not Copyrightable; No Material Appropriation |
| 16416 | Roberson v. Medtronic, 494 F. Supp. 2d 864, 870 (W.D. Tenn. 2007) | 5 | Federal Anti-Kickback Act provides only criminal penalties for its violation and provides no private right of action. Social Security Act, S 1128B, 42 U.S.C.A. S 1320a-7b. | The language of the statute and relevant case law support Defendants' position that the Anti-Kickback Act provides only criminal penalties for its violation and provides no private right of action. | Does the Anti-Kickback Statute provide for a private right of action? | Not Copyrightable; No Material Appropriation |
| 6871 | Sabatino v. LaSalle Bank, N.A., 96 S.W.3d 113, 116 (Mo. Ct. App. 2003) | 5 | In order for "title to be affected," so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy; it is not enough for the judgment to affect the title incidentally or collaterally. V.A.M.S. S 508.030. | In order for "title to be affected" so as to predicate venue in the county where the land is located, title to the land must be the subject of the controversy. It is not enough for the judgment to affect the title incidentally or collaterally. | "For the title to be affected, so as to predicate venue in the county where the land is located, is it required that the land is the subject of the controversy?" | Not Copyrightable; No Material Appropriation |

| 4539 | Metmor Financial, Inc. v. Landoll Corp., 976 S.W.2d 454, 462 (Mo.App. W.D.,1998) | 11 | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | A party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking subrogation or equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 16049 | Bibiano v. Lynch, 834 F.3d 966, 974 (9th Cir. 2016) | 14 | Given unique circumstances of case in which alien, a Mexican citizen and transgender woman who returned to United States unlawfully following her removal pursuant to in absentia removal order issued by immigration judge (IJ) in the Ninth Circuit, petitioned for review of Board of Immigration Appeals (BIA) order upholding the denial of her request for withholding of removal by IJ in the Eleventh Circuit, the interests of justice favored keeping petition in the Ninth Circuit, as opposed to transfer pursuant to court's inherent authority; the government acknowledged that alien's confusion over venue was understandable, as case spanned multiple decision-makers and three jurisdictions, one of which was the Ninth Circuit where alien originally filed for asylum, there were no allegations of gamesmanship or forum shopping, case had been pending for more than a year and had been fully briefed under Ninth Circuit law, and transfer would waste judicial resources and cause unnecessary delay. | As discussed above, the venue provision in 8 U.S.C. § 1252(b)(2) does not remove our subject matter jurisdiction over final orders of removal; thus, that the Eleventh Circuit is the proper venue does not defeat our jurisdiction over this case. [...] Given the unique circumstances of this case, we hold that transfer is not in the interests of justice. Here, the government acknowledges that Bibiano's confusion over venue "may have understandably been caused by legitimate confusion as to the proper forum for review." Indeed, the case spans multiple decision-makers and three jurisdictions, one of which is the Ninth Circuit where Bibiano originally filed for asylum. 10 See e.g., Sorcia, 643 F.3d at 123; cf. Trejo-Mejia, 593 F.3d at 914 (ordering a transfer where none of the proceedings occurred in the Ninth Circuit). In addition, the case at bar has been pending in our court for more than a year and has already been fully briefed under Ninth Circuit law. Transfer would not be more convenient "by having the parties brief their arguments afresh using a different | Can a court have jurisdiction even if it is not the proper venue? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 13429 | H.D. Arnaiz, Ltd. v. Cnty. of San Joaquin, 96 Cal. App. 4th 1357, 1364–65, 118 Cal. Rptr. 2d 71, 77 (2002) | 6 | A voluntary dismissal by written request to the clerk is not a final judgment as no judgment, final or otherwise, is necessary to the dismissal. West's Ann.Cal.C.C.P. S 581(b)(1). | A voluntary dismissal under *1365 Code of Civil Procedure section 581, subdivision (b)(1) by written request to the clerk is not a final judgment, as no judgment, final or otherwise, is necessary to the dismissal. | Is a voluntary dismissal by written request to the clerk a final judgment as no judgment? | Not Copyrightable; No Material Appropriation |
| 5177 | King v. Zimmerman, 266 Mont. 54, 66 (Mont.,1994) | 15 | Purpose of pretrial orders is to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders. | The purpose of pretrial orders is to prevent surprise, simplify the issues, and permit counsel to prepare their case for trial on the basis of the pretrial order. | "Is the purpose of pretrial orders to prevent surprise, simplify issues, and permit counsel to prepare their case for trial on basis of pretrial orders?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 7622 | Merrick v. Britton, 26 Ark. 496, 503 (1871) | 2 | Where a party, for any good cause, is unprepared to go to trial, and fails by motion to postpone or continue, to show the fact to the court, at the proper time, he waives his want of preparation, and all right to afterwards object. | It is therefore incumbent upon a party, if for any good cause he finds himself unprepared to go on, to state the circumstances to the court and move a postponement of his case. If he fails to do so, he waives his want of preparation, and all right after to object. | Does a party waives all his right to object if he fails to move a postponement of his case for any good cause he finds himself unprepared to go on? | Not Copyrightable (expired); No Material Appropriation |
| 7181 | R.J.W. v. State, 910 So. 2d 357, 361 (Fla. Dist. Ct. App. 2005) | 3 | An acquittal bars the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place. | An acquittal bars the prosecution from seeking "another opportunity to supply evidence that it failed to muster" in the first place. | Does an acquittal bar the prosecution from seeking another opportunity to supply evidence that it failed to muster in the first place? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 19808 | Dunn v. Terry, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975) | 4 | Convicts may freely execute contracts and deeds and transact business. | Convicts are not civilly dead in Virginia, and they may freely execute contracts and deeds. Haynes v. Peterson, 125 Va. 730, 100 S.E. 471 (1919); See also Scott v. Nance, Adm'r, 202 Va. 355, 358, 117 S.E.2d 279, 281 (1960). Here, Dunn was Sui juris at the time the action against him was instituted, and the trial court acquired jurisdiction over him. Dunn was free to make whatever arrangements he desired to defend the action. Unlike an infant or insane person, he was not legally incompetent to transact business either before or after his conviction in the criminal case. | Can convicts execute contracts? | Not Copyrightable; No Material Appropriation |
| 13224 | Sec. Bank & Tr. Co. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 897 N.W.2d 821, 825 (Minn. Ct. App. 2017) | 9 | A cause of action "accrues" when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim. | In so doing, we are mindful that "[a] cause of action accrues when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim." | When does a cause of action accrue? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 7613 | Arthur v. Sexton Dental Clinic, 368 S.C. 326, 334, 628 S.E.2d 894, 898 (Ct. App. 2006) | 5 | Decision whether to conduct a hearing on the issuance of the scheduling order is a matter left to the discretion of the trial judge. | Initially, we reject Appellants contention that Judge Brogdon was required to hold a hearing on the issuance of the scheduling order. Our review of the above-cited rules of civil procedure reveals that the decision of whether to conduct a hearing is a matter left to the discretion of the trial judge. | Is the decision whether to conduct a hearing on the issuance of the scheduling order a matter left to the discretion of the judge? | Not Copyrightable; No Material Appropriation |

| 11756 | Martin Glennon v. First Fid. Bank, N.A., 279 N.J. Super. 48, 57 (App. Div. 1995) | 4 | Under statutes, instrument is converted when it is paid on a forged endorsement, and depository bank warrants to the drawees that all signatures are genuine, also making it liable to the drawer for conversion. N.J.S.A. 12A:3-417(2), 12A:3-419(1)(c). | We start with the propositions that under N.J.S.A. 12A:3-419(1)(c) an instrument is converted when it is paid on a forged endorsement, and a depository bank warrants to the drawees that all signatures are genuine N.J.S.A. 12A:3-417(2), also making it liable to the drawer for conversion | When does conversion of an instrument take place under the UCC? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 1031 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117, 119 (1996) | 1 | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. | "When deciding a motion to dismiss based on lack of subject matter jurisdiction, must a trial court determine whether the complaint states facts that would vest the court with subject matter jurisdiction?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 5647 | Green v. Cont'l Rentals, 292 N.J. Super. 241, 253, 678 A.2d 759, 764–65 (1994) | 8 | Inclusion of contractual provision that, upon compliance with lease terms, customer shall become owner of property for no additional consideration, identifies agreement as security interest as matter of law. | The inclusion of a contractual provision that upon compliance with the lease terms the customer shall become **765 the owner of the property for no additional consideration, identifies the agreement as a security interest as a matter of law. | When should a customer become an owner of property for no additional consideration? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 5644 | United States v. Cessa, 861 F.3d 121, 140 (5th Cir. 2017) | 23 | Doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency; however, double jeopardy does not apply when a conviction is set aside because of an error in the proceedings leading to conviction. U.S. Const. Amend. 5. | The doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses "on grounds of evidentiary insufficiency." Burks v. United States, 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). However, double jeopardy does not apply when a "conviction is set aside because of an error in the proceedings leading to conviction. | "Does the doctrine of double jeopardy bar retrial when the defendant has been acquitted, or when an appellate court reverses on grounds of evidentiary insufficiency?" | Not Copyrightable; No Material Appropriation |

| 8846 | Pontiac Lodge No. 294 v. Dep't of Revenue, 243 Ill. App. 3d 186, 189 (1993) | 4 | Circuit court has reasonable discretion in determining whether to reinstate complaint after it has been dismissed for want of prosecution. | Even when the pleading involved is a criminal complaint, the circuit court has reasonable discretion in determining whether to reinstate such a complaint after it has been dismissed for want of prosecution. | Does a circuit court have reasonable discretion in determining whether to reinstate a complaint after it has been dismissed for want of prosecution? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 13997 | Farmer v. State, 341 Ark. 220, 224 (Ark.,2000) | 4 | Sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. A.C.A. SS 5-14-101(1)(B), 5-14-103. | Indeed, short of a confession or physical evidence, sexual gratification, like intent, is rarely capable of proof by direct evidence and must usually be inferred from the circumstances. | Can sexual gratification be inferred from the circumstances? | Not Copyrightable; No Material Appropriation |
| 10448 | Morgan v. Crowley, 91 Ga. App. 58, 68 (Ga. Ct. App. 1954) | 14 | A demurrer must itself be free from imperfection, and a special demurrer must put its finger upon exact weakness which it seeks to point out. | As has been frequently said: A demurrer being a critic must itself be free from imperfection, and a special demurrer must, as it were, put its finger upon the exact weakness which it seeks to point out. | Must a special demurrer put its finger on the exact point of weakness? | Not Copyrightable; No Material Appropriation |

| 15187 | Willowbrook Dev. Corp. v. Illinois Pollution Control Bd., 92 Ill. App. 3d 1074, 1082, 416 N.E.2d 385, 392 (1981) | 7 | Since Pollution Control Board acted unconditionally in granting variance from ban on future connections between sanitary drainage outlets and sewer for 52 of developer's 152 proposed units, while unconditionally denying the variance for the remaining 100 units and since mere fact that Board granted partial variance did not give rise to imposition of a condition on the variance within meaning of Environmental Protection Act, Board's decision to deny variance for 100 of the units was a quasijudicial decision reviewable under the manifest weight of evidence test. S.H.A. ch. 1111/212, SS 1035, 1036. | The Board has acted unconditionally in granting a variance for 52 units at Lake Willow Way, while unconditionally denying a variance for the remaining 100 units. The mere fact that the Board has granted a partial variance does not give rise to a "condition on a variance" within the meaning of section 36 of the Environmental Protection Act (Ill.Rev.Stat.1979, ch. 1111/2, par. 1036). Therefore, the Board's decision to deny a variance for 100 of the units planned for Lake Willow Way must be viewed as a quasi-judicial decision reviewable under the manifest weight of the evidence test.[...] Section 35 of the Environmental Protection Act (Ill.Rev.Stat.1979, ch. 1111/2, par. 1035) provides that the Board may grant a variance when "compliance with any rule or regulation, requirement or order of the Board would impose an arbitrary or unreasonable hardship." | Can the Pollution Control Board grant a variance if a regulation imposes an arbitrary or unreasonable hardship on an individual polluter under Section 35 of the Environmental Protection Act? | Not Copyrightable; No Material Appropriation |
| 19196 | In re Meyer, 563 B.R. 708, 713–14 (Bankr. N.D. Iowa 2017) | 2 | Under Iowa law, a lease is a contract and, as such, is subject to ordinary contract principles. | Under Iowa law, a lease is a contract. *714 Alta Vista Props., LLC v. Mauer Vision Ctr., PC, 855 N.W.2d 722, 727 (Iowa 2014). "Because leases are contracts ... ordinary contract principles apply." | Are leases controlled by the principles of contract law? | Not Copyrightable; No Material Appropriation |

| | | | | | |
|---|---|---|---|---|---|
| 20211 | Bruce v. Landmark Cent. Bank Trust Co., 592 S.W.2d 198, 200 (Mo. Ct. App. 1979) | 1 | Contract of guaranty should be interpreted like other types of contracts; all terms of contract should be given effect. | Contracts of guaranty should be interpreted like other types of contracts. Standard Meat Co. v. Taco Kid of Springfield, Inc., 554 S.W.2d 592, 595 (Mo.App.1977). All terms of the contract should be given effect. | Will a guaranty be treated like other contracts? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 6657 | Schowalter v. Washington Mut. Bank, 275 Ga. App. 182, 183 (2005) | 3 | Purpose of the pretrial order is to determine which of the claims pleaded will actually be tried; claims, issues, and evidence are limited by the order, and the course of the action is thereby narrowed to expedite the proceeding. | The rationale is that the purpose of the pretrial order "is to determine which of the claims pleaded will actually be tried. The claims, issues, and evidence are limited by the order and the course of the action is thereby narrowed to expedite the proceeding." | "What is the purpose of a pretrial order and are claims, issues, and evidence limited by the order?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 9161 | Oak Springs Villas Homeowners Ass'n v. Advanced Truss Sys., Inc., 206 Cal.App.4th 1304, 1307 (Cal. Ct. App. 2012) | 2 | A good faith settlement determination is a non-appealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition. West's Ann.Cal.C.C.P. S 877.6. | A good faith settlement determination is a nonappealable interlocutory ruling and immediate review of the merits of that determination is obtainable only by a timely writ petition pursuant to Code of Civil Procedure, section 877.6. | Is good faith settlement determination a non-appealable interlocutory ruling? | Not Copyrightable; No Material Appropriation |
| 18388 | W. Pittsburgh P'ship ex rel. WEHAV Governing Comm'n v. McNeilly, 840 A.2d 498, 503 (Pa. Commw. Ct. 2004) | 4 | An order dismissing an action as to fewer than all plaintiffs is not a final order. Rules App.Proc., Rule 341(b, c), 42 Pa.C.S.A. | It is now well established that an order dismissing an action as to fewer than all plaintiffs is not a final order. | Is an order dismissing an action as to fewer than all plaintiffs not a final order? | Not Copyrightable; No Material Appropriation |

| 3484 | Holly Ridge Assocs. v. N. Carolina Dep't of Env't & Nat. Res., 176 N.C. App. 594, 605 (2006) | 13 | In passing on a motion for a continuance, a trial court must pass on the grounds urged in support of it, and should consider all the facts in evidence, and not act on its own mental impression or facts outside the record. Rules Civ.Proc., Rule 40(b), West's N.C.G.S.A. S 1A-1. | 40(b)), "wisely makes no attempt to enumerate them but leaves it to the judge to determine, in each case, whether 'good cause' for a continuance has been shown." Shankle, 289 N.C. at 483, 223 S.E.2d at 386. "In passing on the motion the trial court must pass on the grounds urged in support of it, and ... should consider all the facts in evidence, and not act on its own mental impression or facts outside the record." Id. | "In passing on a motion for a continuance, should a trial court consider all the facts in evidence, and not act on its own mental impression or facts outside the record?" | Not Copyrightable; No Material Appropriation |
| 9355 | Dye v. Mo. Dep't of Soc. Servs., 476 S.W.3d 359, 363 (Mo. Ct. App. 2015) | 1 | A voluntary dismissal is effective on the date it is filed with the court; consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. Mo. Sup. Ct. R. 67.02(a). | "A voluntary dismissal is effective on the date it is filed with the court." [...] "Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action." Id. "The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity." | Do a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action? | Not Copyrightable; No Material Appropriation |

| 19822 | Jordan v. Town of Canton, 265 A.2d 96, 99 (Me. 1970) | 4 | When all reasonable access to public way has been destroyed, property right has been "taken" within meaning of constitutional prohibition against taking private property for public uses without just compensation. M.R.S.A.Const. art. 1, S 21. | we recognize that in a number of states the constitution has been amended to provide that compensation must be paid when private property is 'damaged' as well as 'taken.' We hold, however, that when all reasonable access has been destroyed, the property right has been 'taken' within the meaning of Art. I, Sec. 21. [...] The effect of the statute is to permit an actual or 'de facto' discontinuance of a public way without any accompanying provision for compensation for the 'taking' of private property rights which will almost inevitably result therefrom. In judging whether a statute satisfies constitutional requirements, we look to the possible and not merely the probable consequences which may flow therefrom | Is there a constitutional requirement that private property not be taken without just compensation? | Not Copyrightable; No Material Appropriation |

| 14150 | Evans v. State, 317 Ark. 532, 539 (Ark. 1994) | 5 | Whether incest victim had subsequent sexual relations with another and whether she initially admitted or denied such conduct to investigating authorities was entirely collateral, and even if there was some relevance to that subsequent conduct, probative value was not substantially outweighed by danger of unfair prejudice. Rule of Evid., Rule 403; A.C.A. S 5-26-202. | Since consent is never an issue in the crime of incest, whether this victim had subsequent sexual relations with another and whether she initially admitted or denied such conduct to investigating authorities is entirely collateral. Nothing in her direct testimony at trial was contradictory to her initial statement. Even if we could say there was relevance to this subsequent conduct, giving due deference to the trial court, as we are pledged to do, we cannot say that the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice. | Is consent an issue in a charge of incest? | Krein Concedes no copying |

| | | | | | |
|---|---|---|---|---|---|
| 15710 | In re Manion, No. 07-08-0318-CV, 2008 WL 4180294, at *3 (Tex. App. Sept. 11, 2008) | 1 | The trial court did not abuse its discretion in ordering discovery of financial records in a contract and tort suit involving the care and breeding of horses. The record contained no indication that the documents were confidential or privileged, and the party seeking to avoid discovery failed to cite any authority in support of a constitutional privacy right in one's personal financial records. | Freeman also alleges Manion served as Stallion Manager from 1983 until the present. Therefore, the record does not support a conclusion that the trial court abused its discretion by ordering the discovery of Manion's financial documents from 2000 to the present. [. . .] Once again, the record fails to establish any basis on which to exclude these documents from discovery.2 [ . . . ]Manion cites no authority in support of an asserted constitutional right to privacy, and it has previously been determined there is no constitutionally protected privacy right in one's personal financial records. Having determined that the trial court did not abuse its discretion in ordering discovery, we deny mandamus relief, vacate our stay order, and declare Freeman's Emergency Motion for Stay of Underlying Proceedings filed September 5, 2008, moot. | Do financial records have a constitutional right to privacy? | Not Copyrightable; No Material Appropriation |
| 6909 | Shipe v. Pub. Wholesale Water Supply Dist. No. 25, 289 Kan. 160, 160  (2009) | 6 | If a party does not have standing to challenge an action or to request a particular type of relief, then there is no justiciable case or controversy and the suit must be dismissed. | If a party does not have standing to challenge an action or to request a particular type of relief, then there is no justiciable case or controversy and the suit must be dismissed. | Should a suit be dismissed if a party does not have standing to challenge an action or to request a particular type of relief? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10753 | Trendmark Homes, Inc. v. Bank of N. Ga., 314 Ga. App. 886, 888 (Ga. Ct. App. 2012) | 4 | Because a promissory note is an unconditional promise, and the contract is complete as written, parol evidence may not be used to impose conditions which are not apparent from the face of the note. | "It is well established that [such] a promissory note may not be modified by the imposition of conditions not apparent on its face.... The note being an unconditional promise, the contract is complete as written; parol evidence may not be used to impose conditions which are not apparent from the face of the note." | Can a promissory note be modified by imposition of conditions which are not apparent on its face? | Not Copyrightable; No Material Appropriation |
| 13772 | Kidd v. Commonwealth, 273 Ky. 300, 116 S.W.2d 636, 638 (1938) | 5 | The word "break" implies force, and, as used in the storehouse breaking statute, it has the same well-known and definite meaning as at common law with reference to the crime of burglary. Ky.St. S 1164. | But the word "break" implies force. McFarland v. Commonwealth, 227 Ky. 411, 13 S.W.2d 277. As used in the statute, it has a well-known and definite meaning at common law with reference to the crime of burglary, and the same definitions apply to this statute. | What does the word break denote in the context of burglary? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 18125 | Bob Marshall All. v. Hodel, 852 F.2d 1223, 1229–30 (9th Cir. 1988) | 5 | | Decision by federal agencies not to issue oil and gas leases in designated wilderness of national forest would not be equivalent to formal "withdrawal" of wilderness from mineral leasing under Federal Land Policy and Management Act, but would constitute legitimate exercise of discretion granted to Interior Secretary under Mineral Leasing Act. Federal Land Policy and Management Act of 1976, S 204, 43 U.S.C.A. S 1714; Mineral Lands Leasing Act, SS 1 et seq., 17(a), 30 U.S.C.A. SS 181 et seq., 226(a). | Kohlman argues that if the agencies had either denied or deferred action on the Deep Creek lease applications, their action would have constituted an illegal administrative "withdrawal" of Deep Creek from mineral leasing.5 [...] We fail to see how a decision not to issue oil and gas leases on Deep Creek would be equivalent *1230 to a formal withdrawal. [...] Yet as the court acknowledged, the Mineral Leasing Act gives the Interior Secretary discretion to determine which lands are to be leased under the statute. 30 U.S.C. § 226(a) (1982); see Mountain States, 499 F.Supp. at 391–92. We have held that the Mineral Leasing Act "allows the Secretary to lease such lands, but does not require him to do so.... [T]he Secretary has discretion to refuse to issue any lease at all on a given tract." [...]Thus refusing to issue the Deep Creek leases, far from removing Deep Creek from the operation of the mineral leasing law, would constitute a legitimate exercise of the discretion granted to the Interior Secretary under that statute. | Does the Mineral Leasing Act allow the Secretary to lease such lands but does not require him to do so? | Not Copyrightable; No Material Appropriation |
| 7323 | Wilson v. Comm'r, 161 F.2d 661, 664 (7th Cir. 1947) | 5 | | Generally, a "partnership" is created when persons join together their money, goods, labor, or skill for purpose of carrying on a trade, profession, or business, and when there is a community of interest in profits and losses. | A partnership is generally said to be created when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses.' | "Are money, property, skill and labor required in a partnership?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 427 | State v. Vanlue, 216 S.W.3d 729, 733 (Mo. Ct. App. 2007) | 1 | Appellate courts are wary of claims that a trial court erred in failing to sua sponte make objections and rulings in the closing argument of a criminal case; to convict a trial court of an error not put forth by the defendant allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal. | " 'Appellate courts are wary of claims that a trial court erred in failing to ... sua sponte [make objections and rulings] in [closing argument of] a criminal case.' " State v. Taylor, 166 S.W.3d 599, 608 (Mo.App.2005) (quoting State v. Derrick, 965 S.W.2d 418, 419 n. 1 (Mo.App.1998)) (emphasis added). " 'To convict a trial court of an error, not put forth by the defendant ... allows an accused to stand mute when incidents unfavorable to him or her occur during trial, gamble on the verdict, and then seek favorable results on appeal.' " Taylor, 166 S.W.3d at 608 (quoting State v. Tilley, 104 S.W.3d 814, 819 (Mo.App.2003)). | Are appellate courts especially wary of a claim that the trial court failed to declare a mistrial sua sponte? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 10073 | Schmidt v. Cal-Dive International, 240 F. Supp. 3d 532, 542 (W.D. La. 2017) | 9 | Under Louisiana law, when the words at issue are not defamatory per se, plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice or fault, and injury. | When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, falsity, malice (or fault) and injury. | What does the plaintiff need to prove when the words at issue are not defamatory per se? | Not Copyrightable; No Material Appropriation |
| 9545 | Xylem Dewatering Sols., Inc. v. Dir., Div. of Tax'n, 30 N.J. Tax 41, 67 (2017), as corrected (Apr. 10, 2017) | 12 | The federal constitution places limits on a State's power to tax value earned outside of its borders. | "The Constitution places limits on a State's power to tax value earned outside of its borders." | Does the federal constitution place limits on a State's power to tax value earned outside of its borders? | Not Copyrightable; No Material Appropriation |

| 11493 | Pauls v. Sec'y of Air Force, 457 F.2d 294, 297 (1st Cir. 1972) | 1 | Military officers serve at pleasure of the President and have no constitutional right to be promoted or retained in service and the services of an officer may be terminated with or without reason. | It is well-established law that military officers serve at the pleasure of the President and have no constitutional right to be promoted or retained in service and that the services of an officer may be terminated with or without reason. | Can a military officer be terminated with or without reason? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
|---|---|---|---|---|---|---|
| 14718 | Nunez v. Burgos, 215 So. 3d 931, 934 (La. Ct. App. 2017) | 5 | Abandonment is meant not as a ground to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. La. Code Civ. Proc. Ann. art. 561. | As previously stated, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. | Is abandonment not meant to dismiss actions on mere technicalities? | Not Copyrightable; No Material Appropriation |
| 3841 | Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198, 201 (Iowa 1971) | 5 | Motion in limine is not ordinarily employed to choke off entire claim or defense but it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until admissibility of that matter has been shown out of hearing of jury, and trial courts would ordinarily be well advised to require evidentiary hearing on motion if its validity or invalidity is not manifest from face of motion. | Moreover, the motion in limine is not ordinarily employed to choke off an entire claim or defense, as it was here regarding arson. Rather, it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until the admissibility of that matter has been shown out of the hearing of the jury. E.g., Mead v. Scott, 256 Iowa 1285, 130 N.W.2d 641 (previous accidents); Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312 (collateral benefits and marital trouble); Baysinger v. Haney, 155 N.W.2d 496 (Iowa) (indirect revelation of contents of privileged report). [...] Since no one knows exactly how the trial will proceed, trial courts would ordinarily be well advised to require an evidentiary hearing on the motion when its validity or invalidity is not manifest from the face of the motion. | "Should a motion in limine be used to ""choke off"" a party's entire claim or defense?" | Not Copyrightable; No Material Appropriation |

| 10933 | Allen v. Phinney Oil Co., 241 S.C. 173, 180 (S.C. 1962) | 5 | Courts may not enlarge meaning of terms of Workmen's Compensation Act or extend by construction its scope so as to include persons not embraced by its terms. | However, the Courts are without authority to enlarge the meaning of the terms of the act or to extend by construction its scope so as to include persons not embraced by its terms, and one who seeks to avail himself of the act must come within its terms. | "In workmens compensation, may the courts enlarge the meaning of the terms in the law?" | Krein Concedes no copying |
|---|---|---|---|---|---|---|
| 3674 | Kraft v. Forest Park Realty & Ins. Co., 111 Ga.App. 621, 626 (Ga.App. 1965) | 9 | If a dismissal for want of prosecution is entered erroneously or improvidently, court may reinstate it upon motion without notice to or consent of defendant. | If a dismissal for want of prosecution is entered erroneously or improvidently, the court may reinstate it upon motion without notice to or the consent of the defendant. | "If a dismissal for want of prosecution is entered erroneously or improvidently, can a court reinstate it upon motion without notice to or consent of defendant?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 1864 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (Mass., 1994) | 2 | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | When a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct. The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct. Dismissal of claims or of an entire action may be warranted by the fraud, see, e.g., Aoude, supra at 1118, as may be the entry of a default judgment, see, e.g., Eppes v. | "When faced with a finding of fraud on the court, does the judge have broad discretion to fashion a judicial response warranted by the fraudulent conduct?" | Not Copyrightable; No Material Appropriation |

| 2019 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713, 715 (Tex. App. 2006) | 3 | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | The equitable subrogation allows a person, not acting voluntarily, who pays the debt owed by another to seek repayment of that debt by the person who in equity and good conscience should have paid it. | Does the equitable subrogation doctrine allow one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 7900 | Baker v. Forest Pres. Dist. of Cook Cty., 2015 IL App (1st) 141157, ¶ 39, 33 N.E.3d 745, 752 | 15 | Special districts, like a county's Forest Preserve District (FPD), are creations of the Legislature and the statutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction. S.H.A. Const. Art. 7, S 8. | Special districts, like the FPD, are creations of the legislature and the "[s]tatutes granting power to them are to be strictly construed and their powers are not to be enlarged by construction." Forest Preserve District v. Jirsa, 336 Ill. 624, 628, 168 N.E. 690 (1929); Ill. Const., 1970, art. VII 8. | Are Forest Preserve District (FPD) creations of the legislature and should the statutes granting power to them be strictly construed? | Not Copyrightable; No Material Appropriation |

| 19894 | Mississippi Comm'n on Jud. Performance v. Ishee, 627 So. 2d 283, 288 (Miss. 1993) | 5 | Justice court judge's failure to resign from office while running for office of circuit clerk violates prohibition against running for nonjudicial office while holding office as judge; office of circuit clerk was nonjudicial, notwithstanding constitutional placement of office within judicial branch. Code of Jud.Conduct, Canon 7, subd. A(3); Const. Art. 6, S 168. | In Feltz v. Crabtree, 179 W.Va. 524, 370 S.E.2d 619 (1988), the West Virginia Supreme Court of Appeals held that the office of circuit clerk was not a judicial office. This case arose in much the same way as the case sub judice. A magistrate received notice that he was required to resign his position in order to seek the office of circuit clerk. The magistrate was removed from the payroll pursuant to that directive. By a petition for writ of mandamus, the magistrate asked to be reinstated. Canon 7 A(3) of the Judicial Code of Ethics in West Virginia is identical to our Canon 7 A(3). Furthermore, this was a case of first impression defining the term "judicial office." Article VIII, W.Va. Const. created the office of the circuit clerk within the judicial system. Feltz concluded that the office of circuit clerk is not a "judicial office" as used in Art. VIII, § 7, W.Va. Const. and Canon 7 A(3). | Is the office of circuit clerk a judicial office? | Not Copyrightable; No Material Appropriation |
| 4992 | Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1044 (C.A.9 (Cal.),2009) | 2 | In determining whether parties have agreed to arbitrate dispute, federal court applies general state-law principles of contract interpretation, while giving due regard to federal policy in favor of arbitration by resolving ambiguities as to scope of arbitration in favor of arbitration. 9 U.S.C.A. S 1 et seq. | In determining whether parties have agreed to arbitrate a dispute, we apply "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." | What laws do courts apply to contract disuptes in arbitration proceedings? | Krein Concedes no copying |

| | | | | | |
|---|---|---|---|---|---|
| 16408 | Jaynes v. Commonwealth, 276 Va. 443, 459, 666 S.E.2d 303, 311 (2008) | 10 | "Trespass" is the unauthorized use of or entry onto another's property. | Trespass is the unauthorized use of or entry onto another's property. | Is the unauthorized use of or entry onto another's property a trespass? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 1332 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129, 132 (1968) | 1 | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Is entry of non pros proper if party to proceeding has shown want of due diligence by failing to proceed with reasonable promptness? | Not Copyrightable; No Material Appropriation |
| 99 | Long v. Elborno, 376 Ill. App. 3d 970, 979 (Ill. App. Ct. 2007) | 7 | A court must consider the following seven factors in determining whether to grant a motion to dismiss based on the plaintiff's alleged failure to exercise reasonable diligence in serving a summons and complaint: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b); S.H.A. 735 ILCS 5/2-622(a)(1, 2). | The supreme court in Segal identified the following seven factors a court must consider when determining whether to grant a Rule 103(b) motion: "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action* * *; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." | Should courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence? | Not Copyrightable; No Material Appropriation |

| 14132 | Piven v. Comcast Corp., 397 Md. 278, 285 (2007) | 2 | Transitory actions can ordinarily be brought wherever the defendant works, lives, or has a principal office. | Maryland has long recognized a distinction between local actions, which must be brought where the subject matter *285 of the action is located, and transitory actions, which ordinarily may be brought wherever the defendant works, lives, or has a principal office. | Can transitory actions be brought where the defendant works or lives? | Not Copyrightable; No Material Appropriation |
| --- | --- | --- | --- | --- | --- | --- |
| 2898 | In re Advanced Powder Sols., 496 S.W.3d 838, 854 (Tex. App. 2016) | 26 | When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. | When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. | "When a reasonable person would conclude from severity of an accident or other circumstances that a substantial chance of litigation exists, does a duty to preserve evidence arise?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |
| 1374 | Matter of Safriet, 112 N.C. App. 747, 751 (1993) | 2 | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with whether moving party has acted with diligence and in good faith, and then rule with view to promoting substantial justice. | Before ruling on a motion for a continuance, the judge should hear the evidence, pro and con, consider it judicially, along with whether the moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice. | Should a judge find out whether moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 9179 | Moore v. Scott, 759 S.W.2d 827, 830 (Ky. Ct. App. 1988) | 8 | Principal has power to revoke naked power of attorney and agent has power to renounce, although doing so is in violation of contract between the parties and although authority is expressed to be irrevocable; statement in contract that authority cannot be terminated by either party is effective only to create liability for its wrongful termination. | The principal has power to revoke and the agent has power to renounce, although doing so is in violation of a contract between the parties and although the authority is expressed to be irrevocable. A statement in a contract that the authority cannot be terminated by either party is effective only to create liability for its wrongful termination. | Can Agency be terminated due to renunciation by an agent? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19445 | Stockgrowers' Nat. Bank of Cheyenne v. Crosby, 39 Wyo. 454, 273 P. 679, 681 (1929) | 2 | Note may be assigned without writing to transfer ownership to assignee and enable assignee to sue thereon without indorsement. | It need not even be in writing, and appellant could become the owner of the note in suit by such assignment so as to become the real party in interest and so as to sue thereon in its own name without any indorsement on the note. | Does an assignment need to be in writing and endorsed? | Not Copyrightable; No Material Appropriation |
| 18408 | Guild v. Herrick, 51 N.Y.S.2d 326, 330-31 (N.Y. Sup. Ct. 1944) | 8 | Where some members of stock brokerage firm knew or should have known that customer's securities were being improperly manipulated in course of partnership business, other partners could not escape liability on ground that they had no knowledge of the manipulations. Partnership Law, S 24. | The Court also finds that the partners of Herrick, Berg & Co. knew or should have known, from their own books and records, that at the time Charles became a partner in the firm he did not have his own money to make such contribution of capital and that plaintiff's securities were used to enable him to get the $25,000 which he contributed to the firm's capital. [. . .]<br><br>The defendants also contend that they are not liable because they had no knowledge of the manipulations of plaintiff's securities. Partners are individually responsible for torts by a firm when acting within the general scope of its business, whether they personally participated therein or not. [...]<br><br>Partners are individually responsible for torts by a firm when acting within the general scope of its business, whether they personally participated therein or not. As held in Kavanaugh v. McIntyre, 210 N.Y. 175, at page 183, 104 N.E. 135, 137, the individual members of a conpartnership are liable for torts of which they have no knowledge, committed by any member | "Are individual members of a partnership held responsible for torts they had no knowledge of, committed by any member of the firm in the course of partnership business?" | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 13237 | Shockey v. Pelfrey, 314 Ky. 441, 444, 235 S.W.2d 1017, 1018 (1951) | 1 | An exhibit forms a part of a pleading and may aid and cure an allegation which is vaguely, indefinitely and defectively stated, but exhibit cannot supply an averment which has been wholly omitted. Civ.Code Prac. S 120. | An exhibit forms a part of the pleading by the express language of the Civil Code of Practice, and it may aid and cure an allegation in the pleading vaguely, indefinitely and defectively stated. Tackett v. Pickeville Supply & Planing Mill Co., 249 Ky. 835, 61 S.W.2d 881; Newport & Dayton Lumber Co. v. Lichtenfeldt, 72 S.W. 778, 24 Ky.Law Rep. 1969. It cannot, however, supply an averment which has been wholly omitted. | Can an exhibit cure or aid a defective allegation? | Not Copyrightable; No Material Appropriation |
| 1631 | League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755, 768 (C.D. Cal. 1995) | 12 | Even if state law related to immigration is not impermissible regulation of immigration, it may still be preempted if there is showing that it was clear and manifest purpose of Congress to effect complete ouster of state power, including state power to promulgate laws not in conflict with federal laws with respect to subject matter which statute attempts to regulate; statute is preempted where Congress intended to occupy the field which statute attempts to regulate. | Under the second test, even if the state law is not an impermissible regulation of immigration, it may still be preempted if there is a showing that it was the "clear and manifest purpose of Congress to effect a "complete ouster of state power-including state power to promulgate laws not in conflict with federal laws" with respect to the subject matter which the statute attempts to regulate. Id. at 357, 96 S.Ct. at 937. In other words, under the second test, a statute is preempted where Congress intended to "occupy the field" which the statute attempts to regulate. | Are state statutes relating to immigration preempted by federal law? | Not Copyrightable; No Material Appropriation |
| 17390 | First National Bank of Fredonia v. Meadows, 460 S.W.2d 604, 606 (Mo. 1970) | 2 | Kansas Negotiable Instruments Act has no application to a nonnegotiable instrument, but it does not follow that an action may not be declared on as if negotiable. K.S.A. 84-3-407, 84-4-401, 84-8-206. | Of course, the negotiable instruments act has no application to a nonnegotiable instrument (10 C.J.S. Bills and Notes s 12, p. 423) but it does not follow that an action may not be 'declared on as if negotiable.' | Does the Uniform Negotiable Instruments Act apply to nonnegotiable instruments? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 14406 | Michigan Employment Sec. Comm'n v. Patt, 4 Mich. App. 228, 233 (Mich. Ct. App. 1966) | 3 | Essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. | 68: '* * * the essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority'.' | Is tax a voluntary payment or donation? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 10779 | Nw. Mut. Life Ins. Co. v. State Bd. of Equalization, 73 Cal. App. 2d 548, 551, 166 P.2d 917, 919 (1946) | 3 | There is a broad and well recognized distinction between a tax levied for general governmental or public purposes, and a special assessment levied for improvements made under special laws of a local character. | 'There is a broad and well-recognized distinction between a tax levied for general governmental or public purposes, and a special assessment levied for improvements made under special laws of a local character.' | Is there a broad distinction between a tax and a special assessment? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |

| 8972 | Clouser v. Espy, 42 F.3d 1522, 1539 (C.A.9 (Or.),1994) | 13 | Forest Service did not act arbitrarily and capriciously underAdministrative Procedure Act (APA) in determining that motorized access to mining claim in wilderness area of national forest was not essential for operation of claim and not customarily used as required for approval of motorized access under Forest Service regulations; Forest Service examiner had used pack horse to carry same equipment to claim, and access trails had been closed to motorized traffic for over ten years so that they were returning to natural condition. 5 U.S.C.A. S 706(2)(A); 36 C.F.R. S 228.15(b, c) | It is true our circuit has held that Forest Service regulation of activities on mining claims must comport with the standard set out in 30 U.S.C. § 612. See United States v. Doremus, 888 F.2d 630, 633 (9th Cir.1989) (upholding Forest Service requirement that claim holders obtain permit before beginning operations on grounds that such Forest Service regulation did not "materially interfere" with mining operation), cert. denied, 498 U.S. 1046, 111 S.Ct. 751, 112 L.Ed.2d 772 (1991). [...] We therefore affirm the district court's rejection of this argument on the ground that the "materially interfere" standard of 30 U.S.C. § 612 does not apply to actions taken by the government to regulate mining-related activities that occur on national forest lands outside of the boundary of the mining claim. | Is the Forest Service authorized to interfere with mining claims? | Not Copyrightable; No Material Appropriation |
| 10962 | Farrell v. State, 364 Md. 499, 506 (Mass. 2001) | 5 | An intentionally rendered verdict of not guilty is final and precludes, under common law, any further prosecution for the same offense. | In holding that an intentionally rendered verdict of "not guilty" is final and precludes, under Maryland common law, any further prosecution for the same offense… | "Is an intentionally rendered verdict of not guilty final and precludes, under common law, any further prosecution for the same offense?" | Not Copyrightable; No Material Appropriation |

| 5889 | Barlow & Haun v. United States, 118 Fed. Cl. 597, 616 (2014) | 17 | A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue. U.S.C.A. Const. Amend 5. | "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." | "Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, is the claim ripe for review?" | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 13590 | Commissioner of Revenue v. Franchi, 423 Mass. 817, 822 (Mass. 1996) | 2 | General rule is that tax statutes are to be strictly construed according to their plain meaning, as State has no power to tax unless that power has been expressly conferred by statute. | The general rule is that tax statutes are to be strictly construed according to their plain meaning, as the State has no power to tax unless that power has been expressly conferred by statute. | Does the State have the power to tax? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 18135 | Wheeling Steel Corp. v. Glander, 337 U.S. 562, 572, 69 S. Ct. 1291, 1297, 93 L. Ed. 1544 (1949) | 7 | Under Ohio law, tax on intangibles such as notes and accounts receivable is not a franchise, privilege, occupation, or income tax, but is an ad valorem property tax. Gen.Code Ohio, SS 5325-1, 5327, 5328-1, 5328-2, 5638. | Ohio holds this tax on intangibles to be an ad valorem property tax, Bennett v. Evatt, 145 Ohio St. 587, 62 N.E.2d 345, and in no sense a franchise, privilege, occupation or income tax. | "Is a tax on intangibles an ""ad valorem tax""?" | Not Copyrightable; No Material Appropriation |
| 6390 | Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995) | 2 | When determining whether summary judgment was proper, appellate court reviews evidence in light most favorable to nonmovant, taking all evidence in favor of nonmovant as true and resolving all doubts as to existence of genuine issue of material fact in its favor. | When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant, taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. | Will all conflicts in the evidence be disregarded and the evidence favorable to the nonmovant will be accepted as true when deciding summary judgment? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7641 | Canal Oil Co. v. Nat'l Oil Co., 19 Cal. App. 2d 524, 535, 66 P.2d 197, 202 (1937) | 10 | Liberality should be exercised in granting postponements of trials to obtain presence of material evidence and to prevent miscarriages of justice. West's Ann.Code Civ.Proc. S 595, as amended by St.1933, p. 1873. | It is true that liberality should be exercised in granting postponements of trials to obtain the presence of material evidence and to prevent miscarriages of justice, but, in the interest of expediting litigation to prevent injustice and to procure orderly procedure, the granting or denial of a continuance will not be disturbed on appeal except for an abuse of discretion on the part of the trial judge. | Should liberality be exercised in granting postponements or continuances of trial to obtain material evidence and to prevent miscarriage of justice? | Not Copyrightable; No Material Appropriation |
| 16763 | Klinge v. Ithaca Coll., 167 Misc. 2d 458, 464, 634 N.Y.S.2d 1000, 1004 (Sup. Ct. 1995), aff'd as modified, 235 A.D.2d 724, 652 N.Y.S.2d 377 (1997) | 7 | Where a college has adopted a rule, the law requires substantial compliance. | Where a college has adopted a rule, the law requires substantial compliance (Tedeschi v. Wagner College, 49 N.Y.2d 652, 660, 427 N.Y.S.2d 760, 404 N.E.2d 1302). | "If a college adopts a rule, does the law require substantial compliance?" | Not Copyrightable (headnote verbatim of judicial opinion); No Material Appropriation |
| 21624 | Litz v. Maryland Dep't of Env't, 446 Md. 254, 277–78, 131 A.3d 923, 937 (2016) | 10 | Tort of trespass is subject to the notice of claim requirement of the Local Government Tort Claims Act. West's Ann.Md.Code, Courts and Judicial Proceedings, S 5-304(d). | We are tasked here, however, with determining whether the LGTCA's notice requirement applies to the trespass *278 claim. The Court of Special Appeals determined that a trespass claim is considered a tort subject to the LGTCA. We agree. | What is a trespass? | Not Copyrightable; No Material Appropriation |
| 21852 | Anderson v. State, 21 Okla. Crim. 135 | n/a | A county court is without jurisdiction to try municipal offenses. | Krein's headnote not found using judicial opinion | "Will an application for a continuance on the ground of the absence of leading counsel be denied, where the defendant is duly represented by his other counsel?" | Krein Concedes no copying; Not Copyrightable (no headnote in opinion) |

| 7327 | Washington v. Confederated Bands & Tribes of Yakima Indian Nation, 439 U.S. 463, 500–01, 99 S. Ct. 740, 761, 58 L. Ed. 2d 740 (1979) | 12 | Unique legal status of Indian tribes under federal law permits the federal government to enact legislation singling out tribal Indians, which might otherwise be constitutionally offensive, but states do not enjoy the same unique relationship with Indians. U.S.C.A.Const. Amend. 14. | It is settled that "the unique legal status of Indian tribes under *501 federal law" permits the Federal Government to enact legislation singling out tribal Indians, legislation that might otherwise be constitutionally offensive. Morton v. Mancari, 417 U.S. 535, 551–552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290. States do not enjoy this same unique relationship with Indians, but Chapter 36 is not simply another state law. | What is the status of Indian nations or tribes? | Not Copyrightable; No Material Appropriation |
|---|---|---|---|---|---|---|
| 15716 | Canning v. N.L.R.B, 705 F.3d 490, 500 (D.C. Cir. 2013) | 7 | When interpreting a constitutional provision, court must look to the natural meaning of the text as it would have been understood at the time of the ratification of the constitution. | When interpreting a constitutional provision, we must look to the natural meaning of the text as it would have been understood at the time of the ratification of the Constitution. | How should a statute or constitutional provision be interpreted? | Not Copyrightable; No Material Appropriation |
| 6649 | In re Advanced Powder Sols., 496 S.W.3d 838, 853–54 (Tex. App. 2016) | 24 | A person has a duty to preserve evidence only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | A person has a duty to preserve evidence "only when a party knows *854 or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." | When does law impute a person a duty to preserve evidence in its possession or control that will be material and relevant to that claim? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 11630 | State Fid. Mortg. Co. v. Varner, 740 S.W.2d 477, 480 (Tex. App. 1987), writ denied (Mar. 23, 1988) | 4 | Assignee obtains only right, title and interest of his assignor at time of assignment and thus, may recover only those damages potentially available to assignor. | An assignee obtains only the right, title, and interest of his assignor at the time of his assignment, and no more. Houchins v. Scheltz, 590 S.W.2d 745, 751 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); Carter v. Associates Discount Corp., 550 S.W.2d 399, 401 (Tex.Civ.App.—Amarillo 1977, no writ). Accordingly, an assignee may recover only those damages potentially available to his assignor. | What rights does an assignee obtain from the assignor at the time of assignment? | Not Copyrightable; No Material Appropriation |

| 13302 | Hoffmann v. T.J. Ronan Co., 275 A.D. 57, 60, 87 N.Y.S.2d 585, 588 (App. Div. 1949) | 4 | In equity action, state of facts existing at time of trial, not at commencement of action, controls. | In actions in equity, the state of facts existing at the time of the trial controls, not at the commencement of the action. | "In actions in equity, does the state of facts existing at the time of the trial control?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 19877 | State v. Benge, 272 N.C. 261, 263 (1967) | 1 | "Manslaughter" is the unlawful killing of a human being without malice and without premeditation or deliberation. | Manslaughter is the unlawful killing of a human being without malice and without premeditation or deliberation. | What is manslaughter? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 3284 | Cramer v. U.S., 65 S.Ct. 918, 934–35, 325 U.S. 1, 34–35 (U.S., 1945) | 9 | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | The very minimum function that an overt act 43 must perform in a treason **935 prosecution is that it show sufficient action by the accused, in its setting, to sustain a finding that the accused actually gave 44 aid and comfort to the enemy. | Can an overt act in a treason prosecution be used to determine whether the accuseds action was an aid and comfort to the enemy? | Not Copyrightable; No Material Appropriation |
| 12322 | Fenton v. Thompson, 352 Mo. 199, 210 (Mo. 1944) | 17 | The taking of a nonsuit is essentially the act of the plaintiff rather than of the court, which records and gives sanction to plaintiff's act. V.A.M.S. SS 510.130, 510.150. | The taking of a nonsuit is essentially the act of the plaintiff rather than of the court, which records and gives sanction to the plaintiff's act.' | Is the taking of a nonsuit an act of a plaintiff or of a court which records and gives sanction to the plaintiff's act? | Not Copyrightable; No Material Appropriation |
| 8894 | Torres v. Rios, 869 S.W.2d 555, 556 (Tex.App. Corpus Christi,1993) | 2 | Trial court has authority to dismiss cause for want of prosecution pursuant to court's inherent powers as well as under rules of procedure. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court is expressly vested with the authority to dismiss a cause for want of prosecution under our rules of procedure. See TEX.R.CIV.P. 165a. The same authority exists pursuant to the court's inherent powers. | Does the trial court have authority to dismiss cause for want of prosecution pursuant to court's inherent powers? | Not Copyrightable; No Material Appropriation |

| | | | | | | |
|---|---|---|---|---|---|---|
| 19641 | Hoppe v. Russo-Asiatic Bank, 200 A.D. 460, 465, 193 N.Y.S. 250, 254 (App. Div. 1922), aff'd, 235 N.Y. 37, 138 N.E. 497 (1923) | 2 | Motives influencing assignor in making assignment, or the consideration does not affect validity of assignment as against debtor. | As to the motive of the assignor in making the assignment or the consideration given therefor, it is well settled (5 Corp. Juris, 940) that 'it is of no importance to the debtor what motives influence the assignor in making the assignment | Is the motive influencing an assignment important? | Not Copyrightable (expired); No Material Appropriation |
| 19745 | Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003) | 2 | Mortgagee's security interest did not become automatically void upon mortgagors' notice that they were exercising their right to rescind loan based upon mortgagee's alleged failure to disclose their right to cancel and alleged inaccurate disclosure of appraisal fees in violation of TILA, where mortgagee contested mortgagors' right to rescind and presented evidence that it did not violate TILA. Truth in Lending Act, S 125(b), 15 U.S.C.A. S 1635(b); 12 C.F.R. S 226.23. | If BNY had acquiesced in Tampon's notice of rescission, then the transaction would have been rescinded automatically, thereby causing the security interest to become void and triggering the sequence of events laid out in subsections (d)(2) and (d)(3). But here, BNY contested the notice and produced evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements. In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender had actually committed any. Rather, under the statute and the regulation, the security interest "becomes void" only when the consumer "rescinds" the transaction. In a contested case, this happens when the right to rescind is determined in the borrower's favor. | When can the obligor exercise his right of rescission? | Not Copyrightable; No Material Appropriation |

| 9918 | Shaw v. Nat Cty Mut Fire Ins. Co., 723 S.W.2d 236, 238 (Tex. App. 1986) | 2 | Admission once admitted, deemed or otherwise, is judicial admission and party may not then introduce controverting testimony in any legal proceeding related to action. | An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce controverting testimony in any legal proceeding related to the action. | "Are deemed admissions, resulting from a party's failure to answer a request for admissions, judicial admissions and may not be controverted with testimony?" | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 6478 | Wasko v. Manella, 849 A.2d 777, 781 (Conn. 2004) | 4 | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | The object of [legal or equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.... | Is prevention of injustice the object of subrogation? | Not Copyrightable (headnote near verbatim of judicial opinion); No Material Appropriation |
| 8595 | Thomas v. Giant, 174 Md. App. 103, 113 (2007) | 5 | Workers' compensation benefits are a creature of statute, and when the controlling enactments are clear, they must guide the outcome. West's Ann.Md.Code, Labor and Employment, S 9-101 et seq. | Thomas characterizes this result as a boon to Giant, which need not pay Workers' compensation benefits are a creature of statute, however, and when the controlling enactments are clear, they must guide the outcome. | "Are workers compensation benefits a creature of statute, and when the controlling enactments are clear, must they guide the outcome?" | Not Copyrightable; No Material Appropriation |

# EXHIBIT H

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 31 | is promissory estoppel an equitable doctrine that sounds in contract rather than tort? | Promissory estoppel is an equitable doctrine that sounds in contract rather than tort, for purposes of applying New York choice-of-law rules to such claim. | [11] [12] ¶ 88 " '[P]romissory estoppel is a doctrine under which the plaintiff may recover without the presence of a contract.' " Newton, 233 Ill.2d at 53, 329 Ill.Dec. | 1 | 4 | ROSS-000000047, ROSS-003281283 | TR-0584355 | TR-0747397 | Question reflects holding and the general rule of law applied in case; the question does not include reference to "New York choice-of-law-rules" as does the headnote, and is therefore, substantively different. |
| 38 | are actions for breach of the implied covenant of good faith and fair dealing generally limited to contract damages? | Under California law, actions for breach of the implied covenant of good faith and fair dealing are generally limited to contract damages. | GSS alleges state law causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion. The County moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), and oral argument was heard on August 1, 2011. | 1 | 3 | ROSS-000000061, ROSS-003295133 | TR-0726531 | TR-0865518 | Question reflects holding and the general rule of law applied in case; the question does not include the limitation of "Under California law" as does the headnote, and is therefore, substantively different. |
| 263 | after the attachment of jeopardy, should there be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction? | After the attachment of jeopardy, there must be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction, in order for double jeopardy protections to apply to subsequent proceedings. U.S.C.A. Const.Amend. 5. | [21] [22]  The protections provided by the Double Jeopardy Clause do not "alter the fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy." Id. at 393, 95 S.Ct. at 1065. As jeopardy does not attach until a *241  defendant is put before the trier of fact, the constitutional prohibitions cannot be applied to judicial proceedings where no prosecution occurs. | 1 | 4 | ROSS-003278500 | TR-0639882 | TR-0636912 | Question reflects holding and the general rule of law applied in case; question makes no reference "to apply to subsequent proceedings," nor does if reference "U.S.C.A. Const.Amend. 5." Thus, the headnote and the question are substantively different. |
| 278 | does a defendant's failure to object to mistrial not constitute implied consent to mistrial, if a defendant had no opportunity to object? | Defendant's failure to object to mistrial does not constitute implied consent to mistrial, if defendant had no opportunity to object. U.S.C.A. Const.Amend. 5. | Given the brevity of the record of the circumstances attendant to the declaration of the mistrial, the only circumstance suggesting consent is Harrison's failure to object to the trial court's action. Before such failure constitutes an implied consent to the mistrial, however, Harrison must have been given an adequate opportunity to object. | 1 | 3 | ROSS-003278546 | TR-0638360 | TR-0551604 | Question reflects holding and the general rule of law applied in case; question makes no reference to "U.S.C.A. Const.Amend. 5." Thus, the headnote and the question are substantively different. |
| 310 | do courts allow some overlap between motions filed under rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint? | Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record; however, courts allow some overlap between motions filed under these rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint. S.H.A. 735 ILCS 5/2-615, 5/2-619. | 3d DCA 2010) (reversing dismissal with prejudice where trial court considered facts other than those alleged in complaint). [6] [7]  Affirmative defenses, such as statute of limitations and laches, are generally matters raised in an answer and not a motion to dismiss. Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987). However, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted. | 2 | 4 | ROSS-003278631 | TR-0829733 | TR-0881121 | Question reflects holding and the general rule of law applied in case; question contains no reference to "Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record," as does the headnote. Therefore the question and headnote are factually and substantively different. |
| 419 | is a motion to dismiss based on a contractual forum selection clause properly pleaded as a motion to dismiss for failure to state a claim? | A motion to dismiss based on a contractual forum selection clause is properly pleaded as a motion to dismiss for failure to state a claim. Rules Civ.Proc., Rule 12(b)(6), 47 M.G.L.A. | Standard of Review [2] [3] [4] [5] [6] "[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. | 1 | 3 | ROSS-003278922 | TR-0576944 | TR-0684981 | Question reflects holding and the general rule of law applied in case; question does not contain citation to "Rules Civ.Proc., Rule 12(b)(6), 47 M.G.L.A." Nor does the case opinion, which refers to a different rule, "Rule 12(b)(3), Ala. R. Civ. P." Therefore the question and headnote are factually and substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 496 | does a dismissal for failure to state claim bar a subsequent action and generally involves merits of action? | Dismissal for failure to state claim bars subsequent action and generally involves merits of action. Rules Civ.Proc., Rule 12(b)(5). | *375  STANDARD FOR REVIEWING MOTION TO DISMISS [2] [3] [4] [5]  Our review of a trial court's dismissal for failure to state a claim upon which relief can be granted involves a de novo consideration on our part as to whether the petition is legally sufficient. | 1 | 3 | ROSS-003279131 | TR-0798774 | TR-0734903 | Question reflects holding and the general rule of law applied in case; question does not contain citations to "Rules Civ.Proc., Rule 12(b)(5)." Nor does the case opinion. |
| 508 | is the cumulative remedies provision in a rule governing dismissal for want of prosecution and reinstatement limited to other viable procedures and remedies which are not inherently inconsistent? | Cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement is limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in rule itself. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Nevertheless, appellees contend the notice in this case permitted the trial judge to dismiss under the court's inherent authority because rule 165a(4) "speaks of the Trial Court's inherent authority." Rule 165a(4) addresses cumulative remedies and provides that the "same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." TEX.R. | 1 | 4 | ROSS-003279160 | TR-0691126 | TR-0797211 | Question reflects holding and the general rule of law applied in case; question does not contain references to, "procedures set forth in rule itself," or citations to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4," as does the headnote. Therefore the question and headnote are factually and substantively different. |
| 523 | are motions to dismiss a complaint for failure to state a claim upon which relief can be granted not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure? | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the rules of civil procedure. Rules Civ.Proc., Rule 12.02(6). | [3] [4]  [5] ¶ 12  This appeal turns on the merits of DPT's motion to dismiss. A motion under C.R.C.P. 12(b)(5) "to dismiss [a complaint] for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint." Pub. | 1 | 3 | ROSS-003279204 | TR-0533675 | TR-0539322 | Question reflects holding and the general rule of law applied in case; question does not contain citation to "Rules Civ.Proc., Rule 12.02(6)." The case opinion cites to a different Rule, 12(b)(5). |
| 526 | where there was legal mistrial without verdict, does jeopardy not attach? | Where there was legal mistrial without verdict, jeopardy did not attach. Vernon's Ann.C.C.P. art. 36.29; Vernon's Ann.St. Const. art. 5, § 13. | Where the civil forfeiture settles without a hearing, it follows that jeopardy does not attach until the district court accepts the settlement. | 1 | 3 | ROSS-003279213 | TR-0781568 | TR-0647297 | Question reflects holding and the general rule of law applied in case; question does not reference citation "Vernon's Ann.C.C.P. art. 36.29; Vernon's Ann.St. Const. art. 5, § 13," as does the headnote. |
| 617 | in ruling on a motion to dismiss for failure to state a claim, is the circuit court not to make factual findings? | In ruling on a motion to dismiss for failure to state a claim, the circuit court is not to make factual findings. | When reviewing a dismissal order, an appellate court accepts as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *534  3. Motions to Dismiss: Pleadings. To prevail against a motion to dismiss for failure to state a claim, the pleader **255  must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. | 1 | 3 | ROSS-003279441 | TR-0825385 | TR-0679197 | Question reflects holding and the general rule of law applied in case. |
| 638 | can a motion to reinstate an action dismissed for lack of prosecution be considered as a bill of review? | Motion to reinstate an action dismissed for lack of prosecution could be considered as a bill of review, but as a bill of review, it properly did not belong in original cause. | relative to the claimed indebtedness." [1]  The common law of this jurisdiction has long recognized that the dismissal of a suit for lack of prosecution alone would not operate as a bar to the cause of action. | 1 | 4 | ROSS-003279506 | TR-0806047 | TR-0534089 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "but as a bill of review, it properly did not belong in original cause," and therefore the question and headnote are factually and substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 683 | is construction of a proposed highway a typical public purpose for which property may be taxed by the state? | Construction and maintenance of serviceable roads is public purpose for which property may be taxed by state. | 1096, said: "The construction and maintenance of serviceable roads in any community is a matter in which the whole community have an interest and is a typical public purpose for which property may be taxed by the state. | 2 | 3 | ROSS-003279627 | TR-0577135 | TR-0845874 | Question reflects holding and the general rule of law applied in case; question does not contain reference to, "Construction and maintenance of serviceable Roads," and therefore the question and headnote are factually and substantively different. |
| 727 | is application of rule that a defendant can move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules any order of court a matter that is within discretion of court? | Application of rule that a defendant may move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court is a matter that is within discretion of court. CR 41.02. | 41(b) authorizes the trial court to involuntarily dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." The decision to impose such a sanction is left to the discretion of the trial court, to be overturned only where the court "impos[es] a penalty too strict or unnecessary under the circumstances." Braxton v. | 1 | 3 | ROSS-003279744 | TR-0613003 | TR-0841613 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "CR 41.02." |
| 776 | is university property owned by the state? | The University of Mississippi, the Mississippi State College and the Mississippi State College for Women are arms of the state and their property is owned by the state. Act Feb. 28, 1844; Act Feb. 28, 1878; Laws 1884, c. 30; Laws 1932, c. 127. | The acts creating the colleges now known as Mississippi State College (February 28, 1878) and Mississippi State College for Women (March 12, 1884, Laws 1884 c. 30) must be similarly construed and such construction is not at all affected by Chapter 127 of the Laws of 1932, creating a single board of trustees for all the state institutions of higher learning. | 2 | 3 | ROSS-003279878 | TR-0695635 | TR-0744329 | Question reflects holding and the general rule of law applied in case; question does not reference "The University of Mississippi, the Mississippi State College and the Mississippi State College for Women are arms of the state" or the citation" Act Feb. 28, 1844; Act Feb. 28, 1878; Laws 1884, c. 30; Laws 1932, c. 127," as does the headnote. The question and headnotes are factually and substantively different. |
| 777 | should a motion to dismiss a complaint for failure to state a cause of action be granted only in rare instances, ordinarily without prejudice? | A motion to dismiss a complaint for failure to state a cause of action should be granted only in rare instances, ordinarily without prejudice. | Defendant now moves to dismiss plaintiffs' complaint for failure to state a claim pursuant to R. 4:6-2. [1] [2] [3] Motions to dismiss a plaintiff's complaint should be "approach[ed] with great caution" and should only be granted in "the rarest of instances." Printing Mart-Morristown v. | 1 | 3 | ROSS-003279883 | TR-0724808 | TR-0745442 | Question reflects holding and the general rule of law applied in case; the question and headnote both reflect the key language used in the case opinion. |
| 833 | is abandonment of franchise a question of intention? | Abandonment of franchise requires intention to abandon. | [11] Abandonment of a public road requires proof of intent to abandon and proof of nonuse. | 2 | 3 | ROSS-003280037 | TR-0544174 | TR-0664251 | Question reflects holding and the general rule of law applied in case. |
| 931 | are all expenses incurred by a party regarded as costs which must be paid before a plaintiff refiles an action he previously dismissed? | Not all expenses incurred by party are regarded as costs which must be paid before plaintiff refiles action he previously dismissed. | In light of the above authority, we conclude that a monetary sanction imposed under OCGA § 9-11-37(d) does not constitute a court cost which must be paid before a plaintiff refiles an action he previously dismissed. OCGA § 9-11-41(d). | 1 | 3 | ROSS-003280277 | TR-0585818 | TR-0584440 | Question reflects holding and the general rule of law applied in case. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 1001 | is "conscious indifference," in context of a rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear not intentional or result of conscious indifference? | "Conscious indifference," in context of rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake or has otherwise been reasonably explained, means more than mere negligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | Point of Error Two In their second point of error, appellants argue that the trial court abused its discretion in denying their motion to reinstate. [6] A case may be reinstated upon a finding by the trial court that the failure of a party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or a mistake or that the failure has been otherwise reasonably explained. TEX.R.CIV.P. 165a(3). Reinstatement must be granted if the trial court finds that the failure of the party or his attorney was not intentional or the result of conscious indifference. | 1 | 3 | ROSS-003280420 | TR-0861126 | TR-0668104 | Question reflects holding and the general rule of law applied in case; the question does not contain references to, "but was due to accident or mistake or has otherwise been reasonably explained, means more than mere negligence." The question also does not contain citations to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3." The question and the headnote are factually and substantively different. |
| 1066 | is a motion to reinstate the failsafe to prevent improper dismissal of cases for failure to appear? | Motion to reinstate is the failsafe to prevent improper dismissal of cases for failure to appear, for failure to dispose of case within Supreme Court's time standards for disposition, and for failure to diligently prosecute case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subds. 1, 2. | The notice to dismiss must state whether the dismissal is: (1) for failure to appear under Rule 165a(1); (2) for failure to comply with the Supreme Court's time standards under Rule 165a(2); or (3) for failure to diligently prosecute the suit under the court's inherent power. | 2 | 3 | ROSS-003280548 | TR-0785473 | TR-0730729 | Question reflects holding and the general rule of law applied in case; question does not reference "failure to dispose of case within Supreme Court's time standards for disposition, and for failure to diligently prosecute case." Nor does the question contain citations to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subds. 1, 2." The question and the headnote are factually and substantively different. |
| 1071 | can parties agree to treat a general lease as a more specific finance lease? | Under Iowa law, parties may agree to treat a general lease as a more specific finance lease; however, parties may not agree to treat a secured transaction as a lease. | Code (1975), s 1-105(1) of the Commercial Law Article. [2] [3] It is now generally accepted that the parties to a contract may agree as to the law which will govern their transaction, even as to issues going to the validity of the contract. | 2 | 4 | ROSS-003280559 | TR-0879227 | TR-0792539 | Question reflects holding and the general rule of law applied in case; question is not limited to "Iowa law," nor does it reference, "parties may not agree to treat a secured transaction as a lease." The question and the headnote are factually and substantively different. |
| 1203 | does the rule governing dismissal of action for failure to appear contemplate dismissal with prejudice when plaintiff again fails to appear after claim has been refiled? | Rule governing dismissal of action for failure to appear is quite specific, and contemplates dismissal with prejudice only when plaintiff again fails to appear after claim has been refiled. Small Claims Rule 10(A). | Zeigler Building Materials, Inc., 436 N.E.2d 1168, 1170 (Ind.Ct.App.1982), the rule is quite specific. "Dismissal with prejudice is contemplated only when the plaintiff again fails to appear after the claim has been refiled." Id. [5] [6] In the present case, the trial court entered judgment for the defendants without permitting Multivest to present its evidence. | 2 | 3 | ROSS-003280812 | TR-0656559 | TR-0656559 | Question reflects holding and the general rule of law applied in case; question does not indicate that the rule is "is quite specific," and contains no reference to "Small Claims Rule 10(A)." The question and the headnote are factually and substantively different. |
| 1222 | is there any requirement that the legislature use the language "is hereby authorized to levy a tax" in order to validly authorize a tax? | In order to have a validly authorized tax, there is no requirement that the Legislature use language "is hereby authorized to levy a tax." | * * * * [4] We do not think that to have a validly authorized tax, the rules for construing tax statutes restrict the legislature to the use of such language. Although the authority in sections 75-6207(3)(b), 75-7204, and 75-6717 is not spelled out as directly as in those statutes pointed to by the plaintiff, we think it is nevertheless clear and specific. | 1 | 4 | ROSS-003280848 | TR-0781029 | TR-0781029 | Question reflects holding and the general rule of law applied in case. The question quotes the key terms from the text of the opinion. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 1298 | does the double jeopardy clause of the federal constitution not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the controlled substances act? | The Double Jeopardy Clause of the federal constitution does not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the Controlled Substances Act. U.S.C.A. Const.Amend. 5; NMSA 1978, § 30-31-34. | [3]  The United States Supreme Court's decision in Scott establishes that, regardless of a trial court's characterization of its disposition of a case, the double jeopardy clause of the federal constitution does not bar a state from bringing a further criminal proceeding against a defendant who sought and obtained a favorable midtrial termination of criminal proceedings on legal grounds unrelated to a determination as to the sufficiency of the evidence regarding the defendant's factual innocence or guilt of the offense charged. | 1 | 3 | ROSS-003280995 | TR-0718642 | TR-0716036 | Question reflects holding and the general rule of law applied in case; question does not contain citations to U.S.C.A. Const.Amend. 5; NMSA 1978, § 30-31-34. |
| 1337 | on ground that a lessee has an option to purchase at conclusion of a lease for nominal consideration, should a court remember that consideration may be sizeable yet still be "nominal"? | Under Connecticut law, in deciding whether so-called equipment lease must conclusively be presumed to constitute a sale with disguised security agreement, on ground that lessee has option to purchase at conclusion of lease for nominal consideration, court should remember that consideration may be sizeable yet still be "nominal." C.G.S.A. § 42a-1-201(37). | Purchase Option Price [6]  [7]  [8]  [9]   Under the 1992 New York UCC § 1-201(37), the most significant factor that indicates a disguised security agreement, not a true lease, is where the option price to purchase the leased equipment at the end of the lease term is nominal. If the lease agreement explicitly provides that the lessee has an option to purchase the leased goods for nominal consideration (e.g., for $1), the agreement is presumed to be a disguised security agreement. See Orix Credit Alliance, 946 F.2d at 1261; P.W.L. | 2 | 4 | ROSS-003281073 | TR-0594367 | TR-0598319 | Question reflects holding and the general rule of law applied in case; question is not limited to "Under Connecticut law," and is not limited to "equipment leases, "as is the headnote and does not reference "C.G.S.A. § 42a-1-201(37)." However, the case opinion discusses New York law, not Connecticut law, so the headnote is inaccurate. Therefore, the question and headnotes are not substantively the same. |
| 1471 | can a dismissal of an action on a clerk of court's motion for want of prosecution be vacated if there is a defective notice that the case will be dismissed? | Dismissal of an action on clerk of court's motion for want of prosecution may be vacated if there is defective notice that the case will be dismissed. CR 41(b)(2). | As the Supreme Court held in Thorp Meats, We conclude that the final sentence of CR 41(b)(1) means precisely what it says, a case shall not be dismissed for want of prosecution if it is noted for trial before the hearing on the motion to dismiss. The rule ... | 1 | 4 | ROSS-003281334 | TR-0786391 | TR-0871424 | Question reflects holding and the general rule of law applied in case; question does not reference "CR 41(b)(2)," as does the headnote. |
| 1532 | is the united states' constructive trust on insurance proceeds for fire loss on forfeited property not "punishment" for purposes of double jeopardy clause? | United States' constructive trust on insurance proceeds for fire loss on forfeited property is not "punishment" for purposes of double jeopardy clause; government's interest is limited to extent of loss suffered to the forfeited property. U.S.C.A. Const.Amend. 5. | The Ninth Circuit has held that uncontested forfeitures constitute actions against property, *1187  not persons, and thus such a taking "imposes no 'punishment" for purposes of the double jeopardy clause." United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995). The relevant facts are not in dispute. On February 5, 1991, a notice of default and order of civil forfeiture of a 1984 Corvette registered to the petitioner was filed in the Circuit Court for the State of Oregon for Multnomah County. | 1 | 4 | ROSS-003281459 | TR-0704409 | TR-0725909 | Question reflects holding and the general rule of law applied in case; question does not reference "government's interest is limited to extent of loss suffered to the forfeited property," therefore, the question and headnote are substantively different. The question also does not reference "U.S.C.A. Const.Amend. 5," as does the headnote. |
| 1662 | is equitable subrogation a concept derived from principles of restitution and unjust enrichment? | Under Maine law, equitable subrogation is a concept derived from principles of restitution and unjust enrichment. | Legal subrogation, also known as equitable subrogation, derives from the doctrine of preventing unjust enrichment and it applies when a person other than a mere volunteer pays a debt that in equity and good conscience, another should pay. | 1 | 3 | ROSS-003281724 | TR-0741623 | TR-0573741 | Question reflects holding and the general rule of law applied in case; question is not limited to "Under Maine law," but the headnote is. Therefore, the question and headnotes are not substantively the same. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 1673 | can a court dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution? | A trial court may dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | 5 In addition, a trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. | 1 | 3 | ROSS-003281745 | TR-0795782 | TR-0733659 | Question reflects holding and the general rule of law applied in case; question does not reference the level of court involved, while the headnote does, referencing the "trial court." Nor the question limited to Texas law as is the headnote based on its citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a." Therefore, the question and headnotes are not substantively the same. |
| 1757 | is the act of state doctrine not required by considerations of sovereignty, international law or the constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government? | Act of state doctrine is not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government. | Bank of America, 549 F.2d 597, 605 (9th Cir.1976). Instead the doctrine "derives from the judiciary's concern for its possible interference with the conduct of foreign affairs by the political branches of the government." Timberlane Lumber Co. v. Bank of America, 549 F.2d at 605. | 1 | 3 | ROSS-003281912 | TR-0736000 | TR-0736000 | Question reflects holding and the general rule of law applied in case. |
| 1971 | does the act of state doctrine, requiring courts to avoid inquiries respecting validity of acts executed by foreign sovereign within its territory. reflect fundamental notions of separation of powers by urging a nation to conduct foreign relations with unified voice of executive branch? | Act of state doctrine requiring courts to avoid inquiries respecting validity of acts executed by foreign sovereign within its territory reflects fundamental notions of separation of powers and urges nation to conduct foreign relations with unified voice of executive branch. | Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. The doctrine has constitutional underpinnings as well. It clearly reflects fundamental notions of separation of powers in urging that our nation could conduct its foreign relations with the unified voice of the Executive branch rather than through a multitude of judicial pronouncements. | 1 | 3 | ROSS-003282346 | TR-0660620 | TR-0660620 | Question reflects holding and the general rule of law applied in case. |
| 2001 | is it not the characterization contained within a contract, but the effect of its terms, which is relevant for a pledge of securities? | Under New York law, it is not the characterization contained within contract, but the effect of its terms, which is relevant in distinguishing pledge of securities from absolute conveyance of securities with promise to repurchase. | [3]  Zwirn contends that the difficulty in distinguishing true leases from disguised security interests should be properly resolved by giving credence to the parties' freedom to contract, their expressed intentions, and the resulting self-characterization of these documents as financing leases. However, under revised § 1-201(37) applicable to this dispute, the intention of the parties has been abandoned as a proper tool by which to distinguish a true lease from a disguised security interest and replaced by an evaluation of the economic structure of the particular transaction. 30  As recognized in Duke Energy Royal, LLC v. Pillowtex Corp. (In re Pillowtex, Inc.), 349 F.3d 711 (3d Cir.2003): 30 Zwirn's reliance upon In re Edison Bros. Stores, Inc., 207 B.R. 801, 809 (Bankr.D.Del.1997) as authority for its position is misplaced in that Edison Bros. was decided under the prior version of § 1-201(37), which attempted to decipher the intent of the parties rather than the economic structure of the transaction. Under the current regimen, even Article 2A governing finance leases defers to the analysis outlined in § 1-201(37). If the transaction meets the definition of security interest under § 1-201(37), then it does not qualify as a lease under § 2A-103(1)(j). ... the New York U.C.C. no longer looks to the intent of the drafting parties to determine whether a transfer is a lease or a security agreement. Specifically, the 1992 version of § 1-201(37) directed courts to determine "[w]hether a lease is intended as security"; this language was amended in 1995 | 2 | 5 | ROSS-003282407 | TR-0597410 | TR-0598308 | Question reflects holding and the general rule of law applied in case; question is not limited to NY law. Unlike the question, the headnote characterizes the pledge as "distinguishing" and the question contains no reference to Texas law, as does the headnote by citing, "Vernon's Ann.Texas Rules Civ.Proc., Rule 165a." Therefore, the question and headnotes are not substantively the same. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 2064 | does a failure to notify borrower that he had a right to rescind the transaction under tila extended the borrower's right to rescind for three years? | Failure to notify borrower that she had right to rescind real estate loan transaction under Truth in Lending Act extended borrower's right to rescind for three years after transaction was consummated. Truth in Lending Act, §§ 102, 125(a), 15 U.S.C.A. §§ 1601, 1635(a); Truth in Lending Regulations, Regulation Z, § 226.23(a)(3), 15 U.S.C.A. foll. § 1700. | [3]  The district court's first reason for dismissing the action was that the Beukeses' asserted right to rescind had expired under 15 U.S.C. § 1635(f) before they filed their action in November 2010. According to § 1635(f), any right to rescind the mortgage transaction because of a failure to disclose the finance charge "expire[d] three years after the date of consummation of the transaction." Jesinoski makes clear, however, that a borrower exercises his right of rescission by notifying the creditor of his intention to rescind, whether or not the borrower has filed an action in court. | 2 | 4 | ROSS-003282536 | TR-0737520 | TR-0771887 | Question reflects holding and the general rule of law applied in case. question does not contain the reference, "after transaction was consummated," nor does it contain the citation Truth in Lending Act, §§ 102, 125(a), 15 U.S.C.A. §§ 1601, 1635(a); Truth in Lending Regulations, Regulation Z, § 226.23(a) (3), 15 U.S.C.A. foll. § 1700." Therefore, the question and headnotes are not substantively the same. |
| 2142 | does the statutory text of real estate settlement procedures act (respa), limit liability to instances in which a plaintiff is overcharged? | Home purchaser had standing to sue title insurer under anti-kickback provisions of Real Estate Settlement Procedures Act (RESPA), regardless of whether she was overcharged for settlement services; statutory text did not limit liability to instances in which a plaintiff was overcharged. U.S.C.A. Const. Art. 3, § 1 et seq.; Real Estate Settlement Procedures Act of 1974, § 8, 12 U.S.C.A. § 2607; Ohio R.C. §§ 3935.04, 3935.07. | Plaintiffs alleged that this payment was a "kickback" designed to "induce [Dolphin] to refer the loan to Matrix and to secretly raise the interest rate of the loan above the 8.75% for which Plaintiffs were qualified." This $4,149.86 was not paid from the proceeds of the loan. Plaintiffs alleged this kickback, known as a "yield spread premium" 1 (YSP), violated public policy as expressed in the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2601 et seq. (2000)). They alleged that the YSP "paid by Matrix to Dolphin was unreasonable and was paid simply for the referral of business, not as compensation for goods, facilities, or services performed." Plaintiffs contended: "Dolphin had contracted for and received other compensation for its services as a mortgage broker. | 2 | 5 | ROSS-003282693 | TR-0675119 | TR-0744042 | Question reflects holding and the general rule of law applied in case; question does not contain reference to, "Home purchaser had standing to sue title insurer under anti-kickback provisions" or citations to "U.S.C.A. Const. Art. 3, § 1 et seq.; Real Estate Settlement Procedures Act of 1974, § 8, 12 U.S.C.A. § 2607; Ohio R.C. §§ 3935.04, 3935.07." Therefore, the question and headnotes are not substantively the same. |
| 2146 | is the rescission period extended as long as the borrower received one notice of right to cancel? | Under the Massachusetts Consumer Credit Cost Disclosure Act (CCCDA), as long as the borrower receives one notice of the right to rescind the loan, the rescission period is not extended to four years. M.G.L.A. c. 140D, § 10(f). | 4 Giving the Defendants the benefit of the doubt, the Court assumes that this argument was made in jest. D. Truth in Lending Violation (Count IV) The Debtors maintain that, because they did not receive a total of four copies of the Notice of Right to Cancel at closing as required by both the Truth in Lending Act ("TILA") and the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), they have an extended right to rescind the underlying loan transaction and void the Mortgage lien. The Defendants contend that the Debtors' TILA and MCCCDA claims are time barred; and even if timely, the delivery to the Debtors of at least one copy of the Notice of Right to Cancel was sufficient under both statutes. | 2 | 3 | ROSS-003282701 | TR-0862030 | TR-0739537 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "the Massachusetts Consumer Credit Cost Disclosure Act (CCCDA)," or a citation to "M.G.L.A. c. 140D, § 10(f)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 2349 | when does a court generally decline to hear a subsequent lawsuit pursuant to the prior pending action doctrine? | Where there are two competing lawsuits, a court's decision to not hear the subsequent action pursuant to the prior pending action doctrine is discretionary. | [4] [5] [6] *35  The doctrine of res judicata bars any subsequent lawsuits between the same parties or their privies involving the same cause of action where there was a final judgment on the merits rendered by a court of competent jurisdiction. | 2 | 4 | ROSS-003283117 | TR-0733569 | TR-0652958 | Question reflects holding and the general rule of law applied in case; question contains no reference to "are two competing lawsuits" or whether the dismissal would be "discretionary." Therefore, the question and headnote are substantively different. |
| 2384 | does the doctrine of equitable subrogation require that the equities of the parties be weighed and balanced? | Under Maine law, the doctrine of equitable subrogation requires that the equities of the parties be weighed and balanced. | at 250, 149 S.E. 485. At its heart, the doctrine of equitable subrogation is concerned with restoring the interests of the parties to their intended position relative to others. See Joynes, 179 Va. at 401-02, 18 S.E.2d 917. | 1 | 3 | ROSS-003283189 | TR-0741623 | TR-0759194 | Question reflects holding and the general rule of law applied in case; question is not limited to "Under Maine law: as is headnote. However, the case opinion is interpreting Virginia law, so the headnote is not accurate. Therefore, the question and headnote are substantively different. |
| 2397 | does affirmative matter include defenses that defeat cause of action completely? | Term "affirmative matter" within meaning of rule allowing involuntary dismissal of claims when they are barred by such affirmative matter included defenses that defeat cause of action completely. S.H.A. ch. 110, ¶ 2-619(a)(9). | 735 ILCS 5/2-615, 2-619(a)(9) (West 2004). [14] [15]  A section 2-619(a)(9) motion to dismiss permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2004). Affirmative matter is "something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or material fact contained in or inferred from the complaint." Illinois Graphics Co. | 2 | 3 | ROSS-003283215 | TR-0799349 | TR-0548496 | Question reflects holding and the general rule of law applied in case; question does contains no reference to "within meaning of rule allowing involuntary dismissal of claims when they are barred by such affirmative matter." The question and headnote are substantively different. |
| 2606 | does the same procedure for resolving factual disputes concerning subject matter jurisdiction apply to motions to dismiss for lack of personal jurisdiction? | The same procedure for resolving factual disputes concerning subject matter jurisdiction applies to motions to dismiss for lack of personal jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | [1] [2]  The Court has authority to resolve factual disputes when a party moving to dismiss for lack of subject matter jurisdiction attacks the substance of the jurisdictional allegations. | 1 | 3 | ROSS-003283659 | TR-0605791 | TR-0583379 | Question reflects holding and the general rule of law applied in case; question contains no citation to "Rules Civ.Proc., Rule 12(b)(2)" as does the headnote. |
| 2733 | does a prior finding of probable cause in a preliminary hearing create only a rebuttable presumption of probable cause in a malicious prosecution claim? | A prior finding of probable cause in criminal court preliminary hearing raises, in a malicious prosecution action, only a presumption of probable cause, which may be rebutted by evidence. | [3] [4]  The primary issue in this appeal, then, is whether the circuit court, hearing the motion for summary judgment in the malicious prosecution case, was entitled to look at Sundeen's prior district court convictions in order to determine whether there was probable cause for the criminal proceedings. In the context of a malicious prosecution action, the existence of probable cause is to be determined by the facts and circumstances surrounding the commencement and continuation of the legal proceedings. | 2 | 3 | ROSS-003283938 | TR-0705646 | TR-0729523 | Question reflects holding and the general rule of law applied in case; the headnote does not contain the term "rebuttable presumption" and the question makes no reference to "evidence" as the headnote does. The question and headnote are substantively different. |
| 2807 | does an arbitral forum need to replicate a judicial forum to be enforceable? | Arbitral forum need not replicate the judicial forum for arbitration agreement to be enforceable. | Section 18 of the Agreement provides: "The parties agree that punitive damages may not be awarded in an arbitration proceeding required by this Agreement." Under Cole, an arbitration agreement is enforceable only if it "provides for all of the types of relief that would otherwise be available in court." 105 F.3d at 1482. | 2 | 3 | ROSS-003284105 | TR-0572707 | TR-0784374 | Question reflects holding and the general rule of law applied in case; question makes no reference to an "arbitration agreement" while the headnote does. The question and headnote are substantively different. |
| 2843 | what is the common denominator of forcible rape and incest? | The common denominator of forcible rape and incest is element of unlawful carnal knowledge. | 213, 71 N.E.2d 46), but not of rape. The common denominator is the element of unlawful carnal knowledge. None of our decisions appear to have dealt with the precise problem. | 2 | 3 | ROSS-003284182 | TR-0828062 | TR-0828062 | Question reflects holding and the general rule of law applied in case; question contains no reference to "element of unlawful carnal knowledge" as found in the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 2936 | is the nuclear regulatory commission order exempting nuclear plant operator from fire safety regulations reviewable under the hobbs act? | Nuclear Regulatory Commission (NRC) order exempting nuclear power plant operator from certain fire safety regulations was exemption outside of Court of Appeals' Hobbs Act jurisdiction, rather than an amendment to operator's license within Court's jurisdiction; although NRC could have alternatively treated the order as an amendment to the operator's license, it applied its regulations reasonably in opting instead to grant an exemption. Atomic Energy Act of 1954, § 189(a), 42 U.S.C.A. § 2239(a); 10 C.F.R. § 50.12. | § 50.12, the agency concluded that treating the challenged order as an exemption was authorized by law, presented no undue risk to public health and safety, and was consistent with the common defense and security. As required by 10 C.F.R. § 50.12, the NRC also found that "special circumstances" justified this exemption: specifically, that "the underlying purpose" of the fire safety rule would still be satisfied after the modification. See 10 C.F.R. § 50.12(a)(2)(ii). Although it appears that *183 the NRC could have alternatively treated the order as an amendment to Indian Point's license, the Commission applied its regulations reasonably in opting instead to grant Indian Point an exemption. | 2 | 4 | ROSS-003284385 | TR-0763563 | TR-0763563 | Question reflects holding and the general rule of law applied in case; question contains no reference to any of the following: "rather than an amendment to operator's license within Court's jurisdiction; although NRC could have alternatively treated the order as an amendment to the operator's license, it applied its regulations reasonably in opting instead to grant an exemption. Atomic Energy Act of 1954, § 189(a), 42 U.S.C.A. § 2239(a); 10 C.F.R. § 50.12." The question and headnote are substantively different. |
| 3057 | does the court owe the federal energy regulatory commission great deference in fashioning electricity rate design? | The court owes Federal Energy Regulatory Commission great deference in fashioning electricity rate design. | [4]  With respect to electric energy sales and transmissions, the federal government has placed one agency in charge of implementing the Federal Power Act, the Federal Energy Regulatory Commission. This agency, known as FERC, "regulates the sale of electricity at wholesale in interstate commerce." Entergy La., Inc. | 1 | 3 | ROSS-003284657 | TR-0798603 | TR-0535619 | Question reflects holding and the general rule of law applied in case. |
| 3067 | does claim for damages for overcharge by carriers arise at time extra charge was paid? | In contemplation of law, claim for damages for overcharge by carriers arose at time extra charge was paid. Interstate Commerce Act § 8, 49 U.S.C.A. § 8. | As they would have been liable for an undercharge, they may recover for an overcharge. In contemplation of law the claim for damages arose at the time the extra charge was paid. | 2 | 3 | ROSS-003284677 | TR-0580570 | TR-0580570 | Question reflects holding and the general rule of law applied in case; question contains no reference to the citation "Interstate Commerce Act § 8, 49 U.S.C.A. § 8," as in the headnote. |
| 3174 | can matters arising pendentelite be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication? | Matters arising pendente lite may be pleaded in defense by respondent in mandamus proceeding or by the relator in his replication. | Here the ultimate deficiency (as of the year's end) developed after the filing of the petition. It has been held that matters arising pendente lite may be pleaded in defense by the respondent (55 C.J.S. Mandamus § 278, p. | 1 | 3 | ROSS-003284909 | TR-0837829 | TR-0837829 | Question reflects holding and the general rule of law applied in case. Headnote is identical to the case opinion holding. |
| 3182 | are presidential actions reviewable for abuse of discretion under the administrative procedure act? | The President is not an "agency" within the meaning of the Administrative Procedure Act (APA); as a result, presidential actions are not reviewable for abuse of discretion under the APA. 5 U.S.C.A. § 702. | [3]  The problem illustrated by appellee's apparent misconception of the nature of issues reserved to agency discretion is resolved by a careful reading of the various parts of section 10 of the Administrative Procedure Act; while review is not granted for action 'by law committed to agency discretion,' as noted in section 701(a)(2), review is expressly provided for when there is an abuse of that discretion: Scope of review. * * * (The reviewing court) shall * * * (2) hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; * * *. | 2 | 4 | ROSS-003284927 | TR-0587981 | TR-0853078 | Question reflects holding and the general rule of law applied in case; question contains no reference to any of the following fact: "The President is not an "agency" within the meaning of the Administrative Procedure Act (APA)." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 3569 | for purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, can employee of agency entity be agent of principal entity? | For purposes of statutory prohibition against theft and bribery concerning programs receiving federal funds, employee of agency entity cannot be agent of principal entity unless legal construct establishes such relationship. 18 U.S.C.A. § 666. | 642, 643-44 (N.D.Ill.1997) (municipal code made city Alderman an agent of both the city and the city council). [2] These cases reach the common-sense conclusion that an employee of an agency entity cannot be an agent of the principal entity unless the legal construct establishes such a relationship. For example, in Moeller, the Fifth Circuit concluded that the defendants were agents of the Texas Department of Agriculture ("TDA") by virtue of their employment at the Texas Federal Inspection Service ("TFIS") because the TFIS was an arm of the TDA empowered to enforce its regulations. | 1 | 3 | ROSS-003285780 | TR-0640668 | TR-0640668 | Question reflects holding and the general rule of law applied in case; question contains none of the following headnote language: "unless legal construct establishes such relationship. 18 U.S.C.A. § 666." The question and headnote are substantively different. |
| 3627 | can a partnership at will be dissolved at any time? | Under Massachusetts law, an at-will partnership can be dissolved by any partner at any time. | Under Missouri common law, a partnership is dissolved by the admission of a new partner. | 2 | 3 | ROSS-003285901 | TR-0804604 | TR-0578203 | Question reflects holding and the general rule of law applied in case; question is not limited to Massachusetts law as is the headnote. However, the case opinion is based on Missouri law, so the headnote is inaccurate. The question and headnote are substantively different. |
| 3704 | does a plaintiff have no lawful right to a voluntary nonsuit? | Under current rule, plaintiff had no lawful right to voluntary nonsuit. 30 F.S.A. Rules of Civil Procedure, rule 1.35 and subd. (a). | [1] Petitioner contends that a plaintiff has a right to voluntarily dismiss an action pursuant to Rule 1.420(a), Florida Rules of Civil Procedure, 30 F.S.A., after the court has dismissed the complaint with leave to amend, if no further order has been entered by the Court prior to the service of the notice of dismissal. | 2 | 3 | ROSS-003286065 | TR-0882977 | TR-0567801 | Question reflects holding and the general rule of law applied in case; question makes no reference to "current rule" as does headnote. |
| 3730 | is a "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution a formal action before the trial court intended to hasten judgment or is the taking of formal discovery? | A "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution is a formal action before the trial court intended to hasten judgment or is the taking of formal discovery. LSA-C.C.P. art. 561. | Article 561 is operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. C.C.P. art. 561(A)(2)(3). [17] [18] [19] [20] [21] [22] [23] A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable. | 1 | 3 | ROSS-003286126 | TR-0871462 | TR-0538863 | Question reflects holding and the general rule of law applied in case; question does not reference citation, "LSA-C.C.P. art. 561." |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 3864 | can a motion for involuntary dismissal raise defects, defenses, or other affirmative matters that defeat the claim? | A motion for involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiff's claim but asserts affirmative defenses or other matters that avoid or defeat the claim. S.H.A. 735 ILCS 5/2-619. | [2]  [3]  [4]  The Withholding Act defines a "payor" as "any payor of income to an obligor." 750 ILCS 28/15(g) (West 2006). Thus, in order for Blue Cross to be a "payor," it must pay Ronald "income." The Withholding Act defines "income," in pertinent part, as "any form of periodic payment to an individual, regardless of source." 750 ILCS 28/15(d) (West 2006). Blue Cross argues that it does not pay Ronald income because it pays Vaughn Center. Blue Cross further contends that Vaughn Center is not an "individual" under the Withholding Act's definitions of "income" and "obligor." However, the affidavit submitted by Ronald establishes that Ronald is a sole proprietor and Vaughn Center is a legal nonentity. "[A] sole proprietorship has no legal identity ***487  **127  separate from that of the individual who owns it." Vernon v. Schuster, 179 Ill.2d 338, 347, 228 Ill.Dec. 195, 688 N.E.2d 1172, 1176-77 (1997). Moreover, even if a sole proprietor does business under a fictitious name, the sole proprietor has not created a separate legal entity. Vernon, 179 Ill.2d at 347-48, 228 Ill.Dec. 195, 688 N.E.2d at 1176-77. Thus, the word "individual" in the Withholding Act's definition of " income" includes a sole proprietorship. See *835  Shively v. Belleville Township High School District No. 201, 329 Ill.App.3d 1156, 1165-66, 264 Ill.Dec. 225, 769 N.E.2d 1062, 1070 (2002) (interpreting "individuals" in the School Code's professional services exemption (105 ILCS 5/10-20.21(a)(i) (West 2006)) to refer "to the ones performing the service, not the ones with whom the contract | 2 | 3 | ROSS-003286416 | TR-0598884 | TR-0734245 | Question reflects holding and the general rule of law applied in case; question contains no reference to "affirmative defenses" or "admits the legal sufficiency of the plaintiff's claim", as does the headnote. The question and headnote are substantively different. |
| 3918 | can an action be dismissed as abandoned under the abandonment statute only without prejudice? | An action may be dismissed as abandoned under the abandonment statute only without prejudice. La. Code Civ. Proc. Ann. art. 561. | [9]  However, as to the trial court's January 7, 2015 judgment dismissing Plaintiffs' action on the grounds of abandonment, we note that it dismissed Plaintiffs' action "with prejudice." This Court, as well as other courts, has found that a dismissal on the grounds of abandonment is a dismissal "without prejudice." D & S Builders, Inc. | 1 | 3 | ROSS-003286526 | TR-0742925 | TR-0692645 | Question reflects holding and the general rule of law applied in case; question does not reference citation "La. Code Civ. Proc. Ann. art. 561.," as does the headnote. |
| 3919 | will all pleadings and supporting documents be interpreted favourable to the non-moving party when proceeding allows dismissal of complaint when claim asserted is barred by other affirmative matter? | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, all pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | When ruling on a motion to dismiss, either because the complaint fails to state a cause of action or because the claims are barred by other affirmative matter that avoids the legal effect of or defeats the claim, the trial court is to interpret all the pleadings and supporting documents in the light most favorable to the nonmoving party. A section 2-615 motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. | 2 | 3 | ROSS-003286528 | TR-0842020 | TR-0620904 | Question reflects holding and the general rule of law applied in case; question is much shorter and very different from headnote, as it makes no reference to "Code of Civil Procedure Section" or "avoiding the legal effect of or defeating the claim." Question uses the term "favourable" which is the British version of the US term favorable, which is used in the case opinion, but not in the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 3928 | in cases involving a legislatively-established application process, does the takings claim arise until after a permit has been sought and denied and the effect of the denial results in economic detriment? | For ripeness purposes, futility exception, to rule that takings claim in case involving legislatively-established application process normally does not arise until permit has been sought and denied so as to result in economic detriment, serves to protect property owners from being required to submit multiple applications when manner in which first application was rejected makes it clear that no project will be approved. | In Palazzolo, the United States Supreme Court held that when an "agency charged with enforcing a challenged land-use regulation entertains an application from an owner and its denial of the application makes clear the extent of development permitted," and when the owner has otherwise complied with the pertinent regulations, "federal ripeness rules do not require the submission of further and futile applications with other agencies." 533 U.S. at 625-26, 121 S.Ct. 2448. Similarly, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has held that "the futility exception simply serves 'to protect property owners from being required to submit multiple applications when the manner in which the first application was rejected makes it clear that no project will be approved.' " Howard W. | 2 | 3 | ROSS-003286547 | TR-0673558 | TR-0662188 | Question reflects holding and the general rule of law applied in case; question contains no reference to "serves to protect property owners from being required to submit multiple applications when manner in which first application was rejected makes it clear that no project will be approved." The question and headnote are substantively different. |
| 3940 | in action for injunctive relief, should a plaintiff's right be determined as of the date of trial? | In action for declaratory judgment and for an injunction, plaintiff's right to injunctive relief should be determined as of date of trial. | Nevertheless, "[f]urther relief based on a declaratory judgment or decree may be granted if necessary or proper." C.J. § 3-412(a). The statutory scheme thus permits a party to bring an action for declaratory judgment and, either in conjunction with that action or in a separate action, request further injunctive relief based on the rights determined by *611 that judgment. | 2 | 3 | ROSS-003286573 | TR-0615743 | TR-0726362 | Question reflects holding and the general rule of law applied in case; question does not reference "declaratory judgment," as does the headnote. The question and headnote are substantively different. |
| 3952 | do government agencies, including the military, have to comply with the regulations they promulgate? | Government agencies, including those of the military, must comply with their own regulations, and the Navy is obligated to comply with Department of Defense directives. | Conflict with Superior Regulations [8] [9] Army regulations must be in accord with directives promulgated by the Department of Defense. | 2 | 4 | ROSS-003286600 | TR-0645431 | TR-0852540 | Question reflects holding and the general rule of law applied in case; question does not make reference to "Navy is obligated to comply with Department of Defense directives," as does the headnote. The question and headnote are substantively different. |
| 3983 | is a clerk of a superior court a part of the judicial branch of the government? | Clerk of superior court is part of judicial branch of government. A.R.S. § 11-401; A.R.S.Const. art. 3; art. 6, § 23. | [3] [4] The circuit clerk is a nonjudicial officer of the judicial branch of government (Ill. Const.1970, art. VI, sec. 18(b); **487 ***574 Drury v. | 2 | 3 | ROSS-003286666 | TR-0563019 | TR-0741082 | Question reflects holding and the general rule of law applied in case; question contains no citation to "A.R.S. § 11-401; A.R.S.Const. art. 3; art. 6, § 23." Both question and headnote are virtually verbatim versions of case opinion language. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4003 | is the evidence of quid pro quo necessary to establish that a public agent commit corrupt solicitation under bribery statute? | Evidence of quid pro quo is not necessary to establish that a public agent solicited corruptly anything of value in connection with a transaction of $5,000 or more. 18 U.S.C.A. § 666(a)(1)(B). | [3]  [4]  [5]  Section 666, the basis (through a conspiracy charge) of Count 23, forbids theft or bribery in publicly funded programs (of which the State of Illinois is one). Count 23 relies on § 666(a)(1)(B), which makes it a crime for an agent of a covered organization to solicit "corruptly ... anything of value" in connection with a transaction worth $5,000 or more. "Corruptly" refers to the recipient's state of mind and indicates that he understands the payment as a bribe or gratuity. United States v. Hawkins, 777 F.3d 880, 882 (7th Cir.2015). It would not be plausible to describe a political trade of favors as an offer or attempt to bribe the other side. | 2 | 3 | ROSS-003286706 | TR-0642794 | TR-0633518 | Question reflects holding and the general rule of law applied in case; question contains reference to "a public agent commit corrupt solicitation under bribery statute," but these words do not appear in the headnote. The headnote contains reference to "anything of value in connection with a transaction of $5,000 or more. 18 U.S.C.A. § 666(a)(1)(B)," but none of these words appear in the question. The question and headnote are substantively different. |
| 4028 | is a rule governing nonsuits liberally construed in favor of a right to nonsuit? | Rule governing nonsuits is liberally construed in favor of right to nonsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 164. | (2) The rule is clear that pension statutes are to be liberally construed in favor of those to whom such rights are granted, and that such rights may not be taken away by strained construction. | 1 | 3 | ROSS-003286758 | TR-0556461 | TR-0788091 | Question reflects holding and the general rule of law applied in case; question does not contain citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 164," as does the headnote. |
| 4036 | will a suit be dismissed because of mootness when issue presented is of substantial public interest? | When issue presented is of substantial public interest, a suit will not be dismissed because of mootness. | The Illinois Supreme Court said that, because the issue presented was of substantial public interest and that it was desirable that an authoritative determination be made for the future guidance of public officers in probably recurring cases, appeal should not be dismissed. Another reason given by that court for refusal to dismiss was that an appellate decision would tend to clarify the rights of parties involved in the event a damage suit should be brought, based upon the fact that the operation was performed without the consent of the parents. | 2 | 3 | ROSS-003286775 | TR-0792799 | TR-0629916 | Question reflects holding and the general rule of law applied in case. |
| 4042 | will a motion to dismiss based upon certain defects or defenses admit the legal sufficiency of a claim or assert affirmative matter that defeats the claim? | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint, but asserts some affirmative matter that defeats the claim. S.H.A. 735 ILCS 5/2-619. | ¶ 9 ANALYSIS [1] ¶ 10 Plaintiff contends that the court erred by dismissing its claim against HMB because the two-year statute of limitations provided in section 13-214.3(b) of the Code did not apply to its claim. A motion to dismiss brought under section 2-619 of the Code admits the legal sufficiency of the plaintiff's claim but asserts an affirmative matter outside of the pleading that defeats the claim. | 1 | 3 | ROSS-003286789 | TR-0652366 | TR-0578199 | Question reflects holding and the general rule of law applied in case; question does not contain citation of "S.H.A. 735 ILCS 5/2-619" as does headnote. |
| 4116 | does the existence as a public utility result in the grant of an indeterminate permit? | Existence of municipality supplying water as a public utility does not result in grant of an indeterminate permit to operate as a public utility. W.S.A. 196.01(5). | That it was not the legislative intent to make the declaration that a utility was a public utility equivalent to the granting of an indeterminate permit is shown by the fact that section 1797m--77 of the statutes, chapter 499, Laws of 1907, gave the public utility a right to elect to surrender its franchise and receive an indeterminate permit in lieu thereof. This provision evidences a clear legislative intent not to make the granting of an indeterminate permit automatically follow the legislative declaration that a utility is a public utility. | 2 | 4 | ROSS-003286945 | TR-0691173 | TR-0658585 | Question reflects holding and the general rule of law applied in case; question does not reference "to operate as a public utility. W.S.A. 196.01(5)," as does the headnote. The case opinion does not appear to mention the citation in the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4121 | is the provision of a civil rule pertaining to a voluntary dismissal separate from, and not meant to be construed together with, a portion of a rule pertaining to involuntary dismissal? | Provision of civil rule pertaining to voluntary dismissal is separate from, and not meant to be construed together with, portion of rule pertaining to involuntary dismissal. Rules Civ.Proc., Rule 41(A, B). | Accordingly, the right to take a nonsuit pursuant to Code § 8.01-380(B) in a Virginia state court is much more expansive than the right to a voluntary dismissal pursuant to Federal Rule 41(a)(1)(A)(i) in federal court. [5]  Code § 8.01-380 does not address what impact, if any, a plaintiff's prior voluntary dismissal in federal court may have on that plaintiff's right to take a nonsuit as a matter of right. | 1 | 4 | ROSS-003286958 | TR-0546713 | TR-0739271 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Rules Civ.Proc., Rule 41(A, B)" which is not part of the holding in the case opinion. Rather the opinion is about Virginia law. Thus, the question is accurate and the headnote is not. The question and headnote are substantively different. |
| 4135 | are waiver of subrogation provisions in a construction contract properly applied to damages incurred by a project owner? | Waiver of subrogation provisions in construction contract were properly applied to damages incurred by project owner beyond those sustained to "the work," where contract provided that waiver of subrogation was effective as to person or entity even where person or entity would otherwise have had a duty of indemnification, contractual or otherwise. | for damages caused by fire or other perils to the extent covered by property insurance obtained pursuant to this Paragraph 11.3 or other property insurance applicable to the Work.... A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have had a duty of indemnification, contractual or otherwise, **391 did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged. | 2 | 3 | ROSS-003286987 | TR-0679836 | TR-0696114 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "permit to operate as a public utility," nor has any reference to the citation W.S.A. 196.01(5). The question and headnote are substantively different. |
| 4139 | is the burden upon the one seeking subrogation to establish its superior equity, for purposes of applying the superior equities doctrine? | Under California law, for purposes of applying the superior equities doctrine, the burden is upon the one seeking subrogation to establish its superior equity. | [5]  [6]  The insurer also argues that it should recover under the doctrine of subrogation. Subrogation is an equitable doctrine which prevents unjust enrichment, and one seeking subrogation must have superior equity. | 2 | 3 | ROSS-003286996 | TR-0734645 | TR-0573053 | Question reflects holding and the general rule of law applied in case; question contains no limitation to "California law," as the headnote does. |
| 4199 | does the cause of action for trespass to chattels require actual damage? | Actual damage is not essential element of cause of action for trespass to chattels, except by dispossession. | [3]  It is fundamental that actual damage is an essential element of a cause of action based on negligence or fraud. Widemshek v. Fale (1962), 17 Wis.2d 337, 117 N.W.2d 275. A plaintiff is not required to allege damage where it appears from the facts that damage resulted as a matter of law in order to state a cause of action. | 2 | 3 | ROSS-003287121 | TR-0553856 | TR-0837603 | Question reflects holding and the general rule of law applied in case; question does not reference "essential element of cause of action" or "except by dispossession." The question and headnote are substantively different. |
| 4253 | is the crime of offering a bribe complete when a defendant expresses an ability and a desire to pay the bribe? | Statute prohibiting bribery of a public official is satisfied if a defendant expresses an ability and a desire to pay the bribe. 18 U.S.C.A. § 201(b). | It is not necessary for a briber to be familiar with Williston on Contracts in order to make an illegal offer. Under the statute, it is sufficient if a "defendant expresses an ability and a desire to pay the bribe." United States v. | 2 | 3 | ROSS-003287238 | TR-0646725 | TR-0646725 | Question reflects holding and the general rule of law applied in case; question makes no reference to "Statute prohibiting bribery of a public official is Satisfied," nor does it contain the citation "18 U.S.C.A. § 201(b)." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4301 | does partial payment of principal and the execution of a new note amount to a novation? | Part payment of principal and execution of new note extending time of payment for balance at same interest was renewal and not novation. | The renewal of a note by taking a new note between the same parties in the same relationship, at the same rateof interest, but extending the time of payment, although the new note is in a less amount which represents a balance due on the principal after a payment reducing the indebtedness represented by the old note has been made, does not constitute a novation of the contract represented in the old note, but is merely a contract extending the time of payment of the original indebtedness as reduced by the payment made thereon. | 2 | 4 | ROSS-003287341 | TR-0627305 | TR-0861323 | Question reflects holding and the general rule of law applied in case. |
| 4326 | does the statute prohibiting theft or bribery by agent of organization receiving federal funds distinguish between high-level and low-level employees? | Plain language of statute prohibiting theft or bribery by agent of organization receiving federal funds does not distinguish between "high-level" and "low-level" employees. 18 U.S.C.A. § 666(a)(1), (d)(1). | To the extent that the statute prohibits acts of bribery, the prohibition "draws content ... from federal statutes proscribing-and-defining-similar crimes," including the general federal bribery statute, 18 U.S.C. § 201(b), and the statute prohibiting theft and bribery involving federal funds, 18 U.S.C. § 666(a)(2). | 1 | 4 | ROSS-003287394 | TR-0643233 | TR-0641939 | Question reflects holding and the general rule of law applied in case; question does not reference "Plain language of statute," or citation to "18 U.S.C.A. § 666(a)(1), (d)(1): as does the headnote. The question and headnote are substantively different. |
| 4329 | where any one of requirements of statute governing applications for continuances, is not met, is there an abuse of the trial court's discretion to deny a continuance? | Where any one of requirements of statute governing applications for continuances upon ground of the absence of a witness is not met, there is no abuse of the trial court's discretion to deny a continuance. West's Ga.Code Ann. § 9-10-160. | [1] [2] OCGA § 17-8-25 provides, among other things, that applications for continuance based on the absence of a witness must be accompanied by a showing that the absent witness's testimony is material. "Each of the named requirements must be met before the appellate court will review the trial court's discretion in denying the motion for continuance based upon the absence of a witness. | 2 | 4 | ROSS-003287400 | TR-0618524 | TR-0805576 | Question reflects holding and the general rule of law applied in case; question does not reference citation to "West's Ga.Code Ann. § 9-10-160," as does the headnote. |
| 4451 | should the rule recognizing the right of a plaintiff to take a nonsuit be liberally construed? | Rule giving plaintiff right to take a nonsuit should be liberally construed. Rules of Civil Procedure, rule 164. | All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. Civil rights complaints are to be liberally construed. | 2 | 3 | ROSS-003287656 | TR-0857117 | TR-0569513 | Question reflects holding and the general rule of law applied in case; question does not contain reference to citation to "Rules of Civil Procedure, rule 164." |
| 4474 | does a tariff approved by the public utilities commission ("puc") have the force of law? | A tariff, when approved by the Public Utilities Commission (PUC), has the force of law. Cal. Pub.Util.Code § 489(a). | At issue is whether appellants' complaint represents a service complaint, which is within the exclusive jurisdiction of the Public Utilities Commission of Ohio ("PUCO"). For the reasons that follow, we affirm. {¶ 2} Appellants filed this action against Ohio Edison, a public utility, which provided electricity to them at their former residence in Dorset, Ashtabula County, Ohio. | 1 | 3 | ROSS-003287706 | TR-0564566 | TR-0759363 | Question reflects holding and the general rule of law applied in case; question does not contain citation "Cal.Pub.Util.Code § 489(a)." as does the headnote. |
| 4530 | is the statute empowering court, on affidavit of necessity and materiality, requires a party to suit to produce documents in his possession supplementary to a statute looking to production of documents at trail? | The statute empowering court, on affidavit of necessity and materiality, to require a party to suit to produce documents in his possession is supplementary to statute looking to production of documents at trail. Code 1940, Tit. 7, §§ 426, 487, 489. | 269.57(1), Stats., and reads in part: "The court, or a judge thereof, may * * * require the deposit of the books or documents with the clerk and may require their production at the trial. * * *" (Emphasis supplied.) It is obvious that the authority granted by this statute is limited to the deposit of records with the court, and not for making such material part of the court record. | 1 | 4 | ROSS-003287831 | TR-0685037 | TR-0687304 | Question reflects holding and the general rule of law applied in case; question contains no reference to citation "Code 1940, Tit. 7, §§ 426, 487, 489." |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4540 | does the workers' compensation system make employers absolute insurers of their employees' safety, or is the system meant to protect employees against the potentially devastating consequences of work-related injuries? | Ohio workers' compensation system does not make employers absolute insurers of their employees' safety; rather, system is meant to protect employees against potentially devastating consequences of work-related injuries. Const. Art. 2, § 35. | [4]  These general guidelines must nonetheless be tempered by the purpose of the Workers' Compensation Act. The Act is not meant to impose a duty on an employer as an absolute insurer of the employee's safety. Rather, the Act is intended to protect employees against the risks and hazards incident to the performance of their duties. | 1 | 3 | ROSS-003287852 | TR-0802802 | TR-0772325 | Question reflects holding and the general rule of law applied in case; question contains no limitation to Ohio law, as does the headnote, nor does it contain a citation to "Const. Art. 2, § 35." The question, like the question, does not cite to the U.S. Constitution. The question and headnote are substantially different. |
| 4550 | will factors considered by the court sometimes overlap with the commercial activities exception to the foreign sovereign immunities act? | Although factors to be considered by court in deciding whether to decline inquiry into validity of foreign sovereign's acts, pursuant to "act of state" doctrine, may sometimes overlap with commercial activities exception to Foreign Sovereign Immunities Act, there is no commercial exception to "act of state" doctrine. 28 U.S.C.A. § 1602 et seq. | Once the plaintiff has carried its burden of production, the court must resolve any disputed issues of fact in order to determine whether an exception to immunity applies. Id. The Plaintiff here alleges that the Court has jurisdiction under the "commercial activities exception" found in 28 U.S.C. § 1605(a)(2). This exception provides that *505  a foreign state is not immune from jurisdiction in cases where: the action is based [1] upon a commercial activity carried on in the United States by the foreign state; or [2] upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or [3] upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. | 2 | 4 | ROSS-003287872 | TR-0572365 | TR-0626700 | Question reflects holding and the general rule of law applied in case; question does not contain reference to "in deciding whether to decline inquiry into Validity" or "pursuant to 'act of state' doctrine." The question and headnote are substantially different. |
| 4578 | can the court use section 5 to circumvent the parties designation of an exclusive arbitral forum where the forum is exclusive? | Where the arbitral forum agreed upon by the parties is exclusive, but is unavailable, the district court may not use the section of the Federal Arbitration Act (FAA) governing a lapse in naming an arbitrator to circumvent the parties' designation of an exclusive arbitral forum. 9 U.S.C.A. § 5. | [1]  [2]  [3] Under the Federal Arbitration Act ("FAA"), 12 "[a] two-step inquiry governs whether parties should be compelled to arbitrate a dispute. First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable." Banc One Acceptance Corp. | 2 | 4 | ROSS-003287931 | TR-0630445 | TR-0668041 | Question reflects holding and the general rule of law applied in case; question does not reference "the section of the Federal Arbitration Act (FAA) governing a lapse in naming an arbitrator," nor does it contain a citation to "9 U.S.C.A. § 5" as does the headnote. The question and headnote are substantially different. |
| 4582 | does the statute prohibiting local government agents from fraudulently obtaining property from an organization receiving federal funds require that the agent be a person authorized to act with respect to those funds? | Statute prohibiting local government agents from fraudulently obtaining property from an organization receiving federal funds does not require that the agent be a person authorized to act with respect to those funds. 18 U.S.C.A. § 666(d)(1). | Keen first contests the sufficiency of the evidence supporting his conviction under 18 U.S.C. §§ 666 and 2 for fraudulently obtaining property from an organization receiving federal funds (No. 09-16027). To obtain a conviction under § 666, the government was required to establish the following elements: (1) Mr. Keen was an agent of Dixie County; (2) Mr. | 1 | 3 | ROSS-003287940 | TR-0640034 | TR-0640034 | Question reflects holding and the general rule of law applied in case; question does not reference citation '18 U.S.C.A. § 666(d)(1)." |
| 4700 | does authorizing a civil service commission to provide rules to the civil service constitute a delegation of legislative power? | Civil service law, authorizing civil service commission to provide rules as to civil service, are not a delegation of powers to enact laws in violation of Const. art. 1, § 18. | The civil service law (103 O. L. 698) does not confer power on the state civil service commission to investigate the acts and conduct of the mayor of a city with reference to the enforcement by him of that enactment. | 2 | 4 | ROSS-003288192 | TR-0871834 | TR-0871834 | Question reflects holding and the general rule of law applied in case; question does not reference "Civil service law," nor "violation of Const. art. 1, § 18," as does the headnote. The question and headnote are substantially different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4714 | is a consul the personal agent of his national? | Consul is not personal agent of his national, absent some specific grant of authority. | [8] [9] {25} A person may use an agent to take action under the authority of a statute, even when the agent is not the person specifically identified in the statute. | 2 | 4 | ROSS-003288221 | TR-0743817 | TR-0567077 | Question reflects holding and the general rule of law applied in case; question does not reference. |
| 4729 | is there no specific time limitation in the rule allowing dismissal of action based on a plaintiff's failure to exercise due diligence to obtain service on a defendant? | There is no specific time limitation, in rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant; rather, trial court must consider passage of time in relation to all other facts and circumstances of each case individually. Sup.Ct.Rules, Rule 103(b). | The action was dismissed with prejudice as to defendant on March 7, 1977, for plaintiffs' failure to show reasonable diligence in obtaining service of process. (Supreme Court Rule 103(b), Ill.Rev.Stat.1975, ch. 110A, par. 103(b).) On May 23, 1977, the court denied plaintiffs' motion to vacate the order of dismissal, stating that there was no just reason to delay enforcement or appeal. | 1 | 4 | ROSS-003288253 | TR-0543968 | TR-0533003 | Question reflects holding and the general rule of law applied in case; question does not reference "absent some specific grant of authority," as does the headnote. The question and headnote are substantively different. |
| 4861 | can the doctrine of trespass ab initio apply when the officer taking citizen's property under authority of law abuses the authority? | Doctrine of trespass ab initio applies only where officer taking citizen's property under authority of law abuses authority. | [3] Wrongful acts by the crews of the other Coast Guard vessels cannot render the seizure by the commanding officer of the 289 unlawful under the doctrine of trespass ab initio. It is only where an officer, by whom the property of a citizen is taken under the authority of law, abuses the authority vested in him that this doctrine applies, and not where wrongful acts are committed by others of their own volition, and not by the order, direction, or connivance of the seizing officer. | 1 | 3 | ROSS-003288525 | TR-0611669 | TR-0611669 | Question reflects holding and the general rule of law applied in case; question does not reference "applies only where," as does the headnote. The question and headnote are substantively different. |
| 4897 | in order to break the running of the five-year dormancy period under a statute automatically dismissing an action, does the order have to be in writing, signed, and entered? | In order to break running of five-year dormancy period of statute providing for automatic dismissal when no written order is taken for a period of five years, the order has to be in writing, signed and entered. O.C.G.A. § 9-2-60. | The case giving rise to these cross-appeals is a renewal action of a previous case which was dismissed pursuant to OCGA § 9-2-60(b) because no written order had been taken in the case for a period of five years. The complaint in this renewal action was filed on May 31, 1991. | 2 | 4 | ROSS-003288602 | TR-0800926 | TR-0613888 | Question reflects holding and the general rule of law applied in case; question does not reference "when no written order is taken" nor the citation "O.C.G.A. § 9-2-60" as does the headnote. The question and headnote are substantively different. |
| 4930 | what is the test to determine whether a single transaction involves the distinct offenses of offering and giving a bribe? | The test of whether single transaction includes distinct offenses of offering and of giving bribe is whether separate acts have been committed with requisite criminal intent. Cr.Code, § 39, 18 U.S.C.A. § 201. | may be punished as separate crimes without offending the double jeopardy clause.... The same transaction, in other words, may constitute separate and distinct crimes where it is susceptible of separation into parts, each of which in itself constitutes a completed offense.... [T]he test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the [statute]. | 2 | 3 | ROSS-003288669 | TR-0642418 | TR-0714833 | Question reflects holding and the general rule of law applied in case; question does not reference "is whether separate acts have been committed with requisite criminal intent. Cr.Code, § 39, 18 U.S.C.A. § 201," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 4942 | will the court exceed its authority by setting a second trial date after an initial grant of continuance? | Trial court did not exceed its authority by setting a second trial date, after an initial grant of continuance, that left fewer than 60 days before start of trial; neither party objected to the second trial setting, thereby agreeing to the date set, parties had notice and opportunity to be heard, and no further continuances were requested. Rules Civ.Proc., Rule 40(a). | It should first be observed that there is no legal requirement in this State whereby prior notice of intention to apply for the continuance of any matter must be given to the opposing party or his counsel. This being true, a trial judge has authority to grant a continuance ex parte if he desires, although the exercise of such authority is manifestly a matter of judicial discretion. Once such a continuance is granted, however, such grant is not subject to revocation for the mere reason that it was ex parte and without prior notice to opposing counsel. | 2 | 4 | ROSS-003288693 | TR-0822250 | TR-0550697 | Question reflects holding and the general rule of law applied in case; question does not reference, "trial court" or "continuance, that left fewer than 60 days before start of trial; neither party objected" or "thereby agreeing to the date set, parties had notice and opportunity to be heard, and no further continuances were requested. Rules Civ.Proc., Rule 40(a)," as does the headnote. The question and headnote are substantively different. |
| 5020 | should the exercise of the power of taxation be in such a manner as to permit the taxpayers ability to pay the taxes required by state for its support? | Though state in order to function properly must collect taxes, it must exercise power of taxation in such manner as to permit the solvent survival of taxpayers able to pay the taxes required by state for its support. | A corollary, doubtless recognized by the legislature in formulating the policy above stated, is that it is necessary for the state "908 to exercise its power of taxation, aptly described as "the power to destroy", in such a manner as to permit the solvent survival of taxpayers able to pay the taxes required by the state for its support. In the case at bar it appears that appellant filed regularly and in due time returns which reflected a complete disclosure of all of the sales in controversy, under which disclosure the ascertainment of total liability was only a matter of calculation, and that appellant paid promptly the amount shown to be due, under its asserted theory of liability, by said returns. | 2 | 3 | ROSS-003288855 | TR-0606249 | TR-0606249 | Question reflects holding and the general rule of law applied in case; question does not reference "Though state in order to function properly must collect taxes," as does the headnote. The question and headnote are substantively different. |
| 5041 | on a motion to dismiss for lack of personal jurisdiction, need plaintiffs not prove their case? | On a motion to dismiss for lack of personal jurisdiction, plaintiffs need not prove their case, but rather must only establish a prima facie case, where all well-pleaded facts are taken as true. | As such, upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. | 1 | 3 | ROSS-003288898 | TR-0791480 | TR-0663635 | Question reflects holding and the general rule of law applied in case; question does not reference "but rather must only establish a prima facie case, where all well-pleaded facts are taken as true," as does the headnote. The question and headnote are substantively different. |
| 5043 | does a bribe need to affect federal funds before it can be considered a violation of the federal bribery statute? | Bribe need not affect federal funds before bribe violates federal bribery statute. 18 U.S.C.A. § 666(a)(1)(B). | Case Law Interpreting the New Jersey Bribery Statute In their analysis of New Jersey's bribery statute, federal and state courts have focused on the relationship between bribe givers and bribe recipients to the corruption of official action at the time of exchange and as each party's role was presented at that time. | 2 | 4 | ROSS-003288902 | TR-0566235 | TR-0641453 | Question does not reference "18 U.S.C.A. § 666(a)(1)(B)" as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5058 | where neither party submits evidence on a motion to dismiss for lack of personal jurisdiction, must the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged? | When neither party submits evidence regarding a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint must disclose personal jurisdiction, although the particulars of jurisdiction need not be alleged. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. § 1A-1. | Three procedural postures are typical: "(1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues." Id. [10] [11] [12] In this first category where neither party submits evidence, "[t]he allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." Bruggeman v. | 1 | 3 | ROSS-003288934 | TR-0823043 | TR-0537591 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. § 1A-1," as does the headnote. |
| 5201 | can depositions be admitted in evidence or treated as having force and effect of evidence? | Depositions cannot be admitted in evidence or treated as having force and effect of evidence, unless it appears that they were properly transmitted to court in which legal proceeding was pending. | Among other requirements for the admission in evidence of depositions, it must appear that they were properly transmitted to the court where the legal proceeding in which they were taken was pending. | 2 | 3 | ROSS-003289232 | TR-0801113 | TR-0801113 | Question reflects holding and the general rule of law applied in case; question does not reference "unless it appears that they were properly transmitted to court in which legal proceeding was pending," as does the headnote. The question and headnote are substantively different. |
| 5364 | does the head-of-state doctrine apply only to persons the united states government acknowledges as official heads-of-state? | Head-of-State doctrine, which immunizes a Head-of-State from personal jurisdiction in United States courts, applies only to person United States government acknowledges as official Head-of-State; recognition of government and its officers is exclusive function of Executive Branch. | See, Note, Resolving the Confusion Over Head of State Immunity: The Defined Rights of Kings, 86 Colum.L.Rev. 169 (1986). [5] [6] [7]  The immunity extends only to the person the United States government acknowledges as the official head-of-state. Recognition of a government and its officers is the exclusive function of the Executive Branch. Whether the recognized head-of-state has de facto control of the government is irrelevant; the courts must defer to the Executive determination. | 2 | 3 | ROSS-003289578 | TR-0749939 | TR-0810255 | Question reflects holding and the general rule of law applied in case; question does not reference "which immunizes a Head-of-State from personal jurisdiction in United States courts," nor "recognition of government and its officers is exclusive function of Executive Branch," as does the headnote. The question and headnote are substantively different. |
| 5371 | if facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then is the question of subject matter jurisdiction purely one of law? | If the facts before the trial court are not in dispute on motion to dismiss for lack of subject-matter jurisdiction, the question of subject-matter jurisdiction is purely one of law and the Court of Appeals affords no deference to the trial court's conclusion. | The standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. Id. [7] [8] [9] [10]  If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded the trial court's conclusion. Id. On the other hand, if the facts before the trial court are in dispute and the trial court conducts an evidentiary hearing, we give its factual findings and judgment deference. | 1 | 3 | ROSS-003289593 | TR-0610560 | TR-0574651 | Question reflects holding and the general rule of law applied in case; question does not reference "and the Court of Appeals affords no deference to the trial court's conclusion," as does the headnote. The question and headnote are substantively different. |
| 5379 | should a defendant make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint? | When moving for dismissal for plaintiff's failure to exercise reasonable diligence in obtaining service on a defendant, defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. Sup.Ct.Rules, Rule 103(b). | Given the substantial discretion vested in the trial court under Rule 103(b), we review the dismissal of a complaint with prejudice for failure to exercise reasonable diligence in obtaining service to determine whether that discretion was abused. Kole, 325 Ill.App.3d at 949, 259 Ill.Dec. 649, 759 N.E.2d 129. [9] [10]  ¶ 21 Once the defendant has made a prima facie showing of a lack of reasonable diligence, the burden shifts to the plaintiff to demonstrate, by way of affidavit or other competent evidentiary materials, that reasonable diligence was exercised and that any delays in effecting service were justified. | 1 | 3 | ROSS-003289613 | TR-0782023 | TR-0656274 | Question reflects holding and the general rule of law applied in case; question does not reference "When moving for dismissal for plaintiff's failure to exercise," or citation to "Sup.Ct.Rules, Rule 103(b)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5381 | does even a slight excuse suffice as a good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result? | Even a slight excuse will suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | No abuse of discretion occurs in this regard if there is a showing of (1) good cause and (2) no undue prejudice. Id. at 442 (citing TEX.R. CIV. P. 166a(c), 198.3). Good cause is established by a showing that the failure to respond to the request for admissions "was an accident or mistake, not intentional or the result of conscious indifference." Id. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." Boulet v. | 1 | 3 | ROSS-003289617 | TR-0846112 | TR-0566096 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2), as does the headnote. |
| 5382 | is it within a trial court's discretion to allow service of amended answers in response to request for admission? | It is within trial court's discretion to allow service of amended answers in response to request for admission. Rules Civ.Proc., Rules 36(A), 37(A)(4). | It is, however, within the court's discretion to allow untimely answers to requests for admissions, when such an amendment of the admission will not prejudice the other party. | 1 | 3 | ROSS-003289619 | TR-0776960 | TR-0653972 | Question reflects holding and the general rule of law applied in case; question does not reference the citation "Rules Civ.Proc., Rules 36(A), 37(A)(4), as does the headnote; question and case opinion have significant textual overlap. |
| 5438 | where there is no good cause for defendant's absence, may a motion to continue the case on that basis properly be denied particularly when the real purpose in seeking a continuance is to delay trial? | Where there is no good cause for defendant's absence, a motion to continue the case on that basis may properly be denied particularly when the real purpose in seeking a continuance is to delay trial. | If the continuance was sought because of the absence of a witness (Stein), the continuance was properly denied because the motion did not contain the affidavit of that witness, describing the evidence to be adduced. (See Ill.Rev.Stat.1979, ch. 110A, par. 231(a); see also Mann v. | 1 | 4 | ROSS-003289733 | TR-0557567 | TR-0862129 | Question reflects holding and the general rule of law applied in case; question and case opinion have textual overlap. |
| 5450 | must the trial court be cautious where it chooses to impose severe sanction of dismissal? | Caution must be observed by trial court when it chooses to impose very severe sanction of dismissal for failure of a party to attend a pretrial conference. Civil Rule 16-II. | Despite Appellee's demand for a jury trial earlier in the litigation, the trial court entered the final judgment for Appellee and awarded him damages in the amount of $122,500.00 without a jury proceeding. [2] Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment. Fla. R. Civ. P. 1.200(c). However, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order "that the party's conduct was willful and contumacious." Schneider v. | 2 | 3 | ROSS-003289759 | TR-0673083 | TR-0822043 | Question reflects holding and the general rule of law applied in case; question does not reference the citation Civil Rule 16-II, as does the headnote; question and case opinion refer to a "severe sanction" while the headnote refers to a "very severe sanction." |
| 5456 | when a party fails to respond in a timely way to a request for admission, does it admit the relevant subject matter of the request? | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | [3] Thus, when a party fails to timely respond to a request for admission, that request is deemed admitted pursuant to C.R.C.P. 36(a). That admission may then be used to support a summary judgment motion. | 1 | 3 | ROSS-003289772 | TR-0866571 | TR-0567250 | Question reflects holding and the general rule of law applied in case; question does not reference the citation Rules Civ. Proc., Rule 36, as does the headnote; question and case opinion have significant textual overlap. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5457 | will the court abuse its discretion in denying motion for new trial when the plaintiff substituted counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case? | Court did not abuse its discretion in denying motion for new trial in interest of justice, despite plaintiff's contention that significant aspects of real controversy were not tried due to trial court's refusal to revise its scheduling order to allow plaintiff's substitute counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case; no showing was made regarding what expert testimony plaintiff would have presented, and thus, trial court could not have determined whether real controversy was or was not tried. W.S.A. 805.15(1). | To support her claim that the trial court abused its discretion, Mitropoulos asserts that justice was not served and significant aspects of the real controversy were not tried. Because no one knows what discovery would have revealed, the trial court could not have determined whether the real controversy was or was not tried, and therefore had a basis for rejecting this contention. No showing was made regarding what expert testimony Mitropoulos would have presented. The court's refusal to order a new trial in the interest of justice has not been shown to be an abuse of discretion. | 2 | 4 | ROSS-003289774 | TR-0775430 | TR-0775430 | Question reflects holding and the general rule of law applied in case; question does not reference the citation W.S.A. 805.15(1); headnote has significant text that the question does not. |
| 5481 | is the power of taxation limited by the will of state as expressed in legislation? | Generally, subject to constitutional restrictions, power of taxation is limited only by will of state as expressed in legislation. | III THE CONSTITUTIONAL AND STATUTORY FRAMEWORK FOR THE VALUATION OF REAL PROPERTY TAXED AD VALOREM [13] [14] [15] [16] ¶ 8 The Legislature has plenary power to tax, subject only to constitutional restrictions and the will of the people expressed through elections. 15  All non- exempt property is taxed ad valorem unless the Legislature provides otherwise through the enactment of a substitute tax. | 2 | 3 | ROSS-003289824 | TR-0551675 | TR-0804560 | Question reflects holding and the general rule of law applied in case; question does not reference "Generally, subject to constitutional restrictions" as does the headnote. |
| 5504 | when a party who lacks standing purports to commence an action, does the trial court have no alternative but to dismiss the action? | When a party who lacks standing purports to commence an action, the trial court has no alternative but to dismiss the action. | 1 1 Like the parents in Lambert, supra, and Justice, supra, the parents in the present case sought damages for harm to their reputations. " 'When a party without standing purports to commence an action, the trial court acquires no subject-matter jurisdiction.' State v. | 1 | 3 | ROSS-003289870 | TR-0684171 | TR-0790477 | Question reflects holding and the general rule of law applied in case; question includes language that is also in the case opinion, including the entire introductory clause of the question. |
| 5552 | may a party who fails to timely respond to another party's request for admissions submit contradictory evidence, as a matter admitted by a failure timely to respond is conclusively established? | Party who fails to timely respond to another party's request for admissions may not submit contradictory evidence, as a matter admitted by a failure timely to respond is conclusively established. Rules of Civil Procedure, Rule 36(a, b). | "Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." [1] [2] Hence, by this rule, a matter admitted by a failure timely to respond is conclusively established. And, contrary to the ruling of the trial court, admitted matters can constitute an adequate showing for *637  summary judgment without the necessity of producing further supportive evidence. | 1 | 3 | ROSS-003289967 | TR-0703920 | TR-0703920 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules of Civil Procedure, Rule 36(a, b)," as does the headnote. The question and headnote are substantively different. |
| 5554 | does dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly, lie where claim has no arguable basis in law or fact? | Dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly lies only where claim has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code § 13.001(a)(2). | 4 2 Section 13.001, the general provision for dismissal of claims, provides: (b) In determining whether an action is frivolous or malicious, the court may consider whether: (2) the claim has no arguable basis in law or in fact .... TEX. CIV. PRAC. & REM. CODE ANN. | 1 | 3 | ROSS-003289970 | TR-0806718 | TR-0806852 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "V.T.C.A., Civil Practice & Remedies Code § 13.001(a)(2)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5555 | is awarding of attorney fees and expenses to a party who was put to necessity of proof by opponent's failure to admit truth of matters contained in requests for admission, an abuse of discretion? | Award of attorney fees and expenses to party who was put to necessity of proof by opponent's failure to admit truth of matters contained in requests for admission was abuse of discretion; requests for admission did not conform to necessary standards of clarity and fairness, and opponent was at risk of conceding away a disputed point by such admission. Sup.Ct.Rules, Rules 4:11, 4:12(c). | [2]  We find that the trial court has not abused its discretion.<br>An examination of the record reveals that the attorney for the Hattons moved that the requests for admissions be admitted<br>because of Chem-Haulers' failure to respond within the time<br>required. Chem-Hauler's reply, to this motion, was that the matters contained in the request for admissions had already<br>been denied at pre-trial conference. The trial court then overruled the Hattons' motion. In light of the above, we find there has been no showing that the Hattons have been<br>sufficiently prejudiced for us to find that the trial court abused<br>its discretion | 1 | 4 | ROSS-003289972 | TR-0678344 | TR-0553068 | Question reflects holding and the general rule of law applied in case; question does not reference "Sup.Ct.Rules, Rules 4:11, 4:12(c)," as does the headnote. |
| 5719 | is the burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions on the party seeking withdrawal? | The burden of proof on all three requirements of rule allowing for withdrawal of deemed admissions is on the party seeking withdrawal. Tex. R. Civ. P. 198.3. | Moreover, in such instances, it is presumed that presentation<br>of the merits would be served by allowing withdrawal of the deemed admissions. See, e.g., Marino, 355 S.W.3d at 634.<br>3<br>3 The Supreme Court has not decided whether a party moving to withdraw merit-preclusive admissions must prove that withdrawal would not unduly prejudice the non-moving party, or whether the non-moving party must show that withdrawal would be unduly prejudicial. | 1 | 3 | ROSS-003290311 | TR-0739994 | TR-0739994 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Tex. R. Civ. P. 198.3," as does the headnote. |
| 5731 | will even a slight excuse suffice as a good cause to withdraw or amend an admission, especially when delay or prejudice to the opposing party will not result? | Even a slight excuse will suffice as good cause to withdraw or amend an admission, especially when delay or prejudice to the opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | DEEMED ADMISSIONS<br>A. Good Cause<br>[5]  [6]  "Good cause" can be shown when a party's failure to answer "was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." Stelly, 927 S.W.2d at 622. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." In re Kellogg-Brown & Root, Inc., 45 S.W.3d 772, 775 (Tex.App.-Tyler 2001, orig. | 1 | 3 | ROSS-003290339 | TR-0735154 | TR-0614025 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3," as does the headnote. |
| 5740 | was it proper for the court in a bribery case of an internal revenue agent to disregard the question of the merits of the tax case involved and exclude it from evidence? | Court in prosecution for bribery of internal revenue agent properly instructed jury to disregard question of merits of tax case involved. | Failure of the trial<br>court on its own motion to properly instruct the jury with regard to the fundamental issues and applicable law<br>in the case is ground for a new trial. | 2 | 4 | ROSS-003290357 | TR-0639913 | TR-0730102 | Question reflects holding and the general rule of law applied in case; question does not reference "jury," as does the headnote. |
| 5786 | when do courts sustain disorderly conviction based on unreasonable noise? | To sustain disorderly conduct conviction based on unreasonable noise, state must show that complained-of speech infringed upon right to peace and tranquility enjoyed by others. West's A.I.C. 35-45-1-3(2). | To sustain a conviction, the<br>State must show that the complained-of speech infringed upon the right to peace and tranquility enjoyed by others. | 2 | 4 | ROSS-003290463 | TR-0572015 | TR-0572544 | Question reflects holding and the genral rule of law applied in case; question does not reference "state must show that complained-of speech infringed upon right to peace and tranquility enjoyed by others," nor does it include a citation to "West's A.I.C. 35-45-1-3(2)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5790 | does failure to answer a request for admissions within fifteen days as provided by civil procedure article per se result in requests for admissions being deemed an admission of facts sought to be established? | Failure to answer request for admissions within 15 days as provided by civil procedure article does not per se result in requests for admissions being deemed an admission of facts sought to be established. LSA-C.C.P. art. 1467. | While it is true that the defendant did not answer the request for admission within fifteen (15) days, he did deny owing any debt by his answer to interrogatories and by answer to Holmes' suit for breach of contract. In our view, failure to answer under Article 1467 does not per se result in requests for admissions being deemed an admission of the facts sought to be established. | 1 | 3 | ROSS-003290470 | TR-0616788 | TR-0616788 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "LSA-C.C.P. art. 1467," as does the headnote. |
| 5797 | may an evasive or incomplete answer to a request for admissions be treated by the trial court as a deemed admission? | Evasive or incomplete answer to request for admissions may be treated by trial court as deemed admission. Vernon's Ann.Texas Rules Civ.Proc., Rule 215, subd. 4, par. a. | SMITH.' Stewart answered, '(T)his Defendant has insufficient knowledge either to affirm or deny such request.' [1] [2] [3] [4] If responses to requests for admissions are wholly evasive the trial court may deem them admitted. | 2 | 3 | ROSS-003290485 | TR-0879376 | TR-0726641 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Vernon's Ann. Texas Rules Civ. Proc., Rule 215, subd. 4, par. a," as does the headnote. |
| 5799 | when a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, may these admissions then be used to support a summary judgment? | When a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rules Civ.Proc., Rule 36. | [3]  Thus, when a party fails to timely respond to a request for admission, that request is deemed admitted pursuant to C.R.C.P. 36(a). That admission may then be used to support a summary judgment motion. | 1 | 3 | ROSS-003290489 | TR-0866571 | TR-0567250 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 36," as does the headnote. |
| 5847 | does a party's failure to answer at all has the effect of a "judicial admission", which cannot be controverted upon the trial? | A party's failure to answer inquiries on adverse party's written request for admission or denial of relevant facts has effect of a "judicial admission", which cannot be controverted upon the trial. Rules of Civil Procedure, rule 169. | "427  In short, the admissions in question established every element of the Appellee Donahoes' cause of action for usury, and established that both contracts were usurious as a matter of law. [3]  It is well-settled that the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under Rule 169 is comparable to a "legal admission" made in the applicable pleadings of a party, so as to preclude his denial of such facts on the trial of the case. | 2 | 3 | ROSS-003290587 | TR-0805435 | TR-0581982 | Question reflects holding and the genral rule of law applied in case; question does not reference "inquiries on adverse party's written request for admission or denial of relevant facts," nor does it include a citation to "Rules of Civil Procedure, rule 169," as does the headnote. The question and headnote are substantively different. |
| 5853 | does a foot passenger have priority of right of way over automobiles? | Neither foot passengers nor automobiles have priority of right over the other in streets. | "333  Foot-passengers have equal rights in the streets with those mounted on horseback or driving in carriages. Neither have a priority of right over the other. | 2 | 4 | ROSS-003290600 | TR-0871650 | TR-0728110 | Question reflects holding and the genral rule of law applied in case; question does not reference "the other in streets,"  as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 5872 | when a party fails to timely respond to the request for admissions and the admissions become facts of record by operation of law, is it within the trial court's discretion whether it will allow the withdrawal of admissions? | When a party fails to timely respond to the request for admissions and the admissions become facts of record by operation of law, it is within the trial court's discretion whether it will allow the withdrawal of admissions. Rules Civ.Proc., Rule 36. | Pursuant to OCGA § 9-11-36(a)(2), the matters in the requests for admissions were admitted by operation of law when [Neal] failed to answer the requests within 30 days of service. The trial court had the discretion to permit withdrawal of the admissions if the two-prong test of OCGA § 9-11-36(b) was satisfied. Those two prongs are (1) that withdrawal of the admissions will subserve or advance the presentation of the merits of the action and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions. | 1 | 3 | ROSS-003290640 | TR-0831596 | TR-0668330 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 36," as does the headnote. |
| 5914 | is voluntary dismissal taken without a court order, unless otherwise stated, without prejudice and may be refiled within one year of dismissal? | Voluntary dismissal taken without court order, unless otherwise stated, is without prejudice and may be refiled within one year of dismissal. Rules Civ.Proc., Rule 41(a)(1), G.S. § 1A-1. | 1, governs voluntary dismissals and states such dismissals are without prejudice "[u]nless otherwise stated in the notice or order of dismissal." Neither Osuna's motion nor the court's order stated the dismissal was with prejudice. "Generally, an order granting a voluntary dismissal without prejudice to its being refiled is not an appealable, final judgment." Grand v. | 1 | 3 | ROSS-003290725 | TR-0761846 | TR-0813427 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 41(a)(1), G.S. § 1A-1," as does the headnote. |
| 5947 | are trial court scheduling orders, as any other order of court, enforceable? | Trial court scheduling orders, as any other order of court, are enforceable. | The trial court has the authority to set discovery scheduling orders with deadlines and to enforce its deadlines. | 1 | 3 | ROSS-003290793 | TR-0865580 | TR-0771755 | Question reflects holding and the general rule of law applied in case. |
| 5970 | does prejudice from withdrawal of admission obtained by request for admissions mean that a party who has obtained admission will lose benefit of it? | "Prejudice" from withdrawal of admission by request for admissions does not mean that party who has obtained admission will lose benefit of it; rather, it means that party has suffered detriment in preparation of case. Trial Procedure Rule 36(B). | In this context, "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. | 1 | 3 | ROSS-003290839 | TR-0703369 | TR-0703369 | Question reflects holding and the genral rule of law applied in case; question does not reference "party has suffered detriment in preparation of case," nor does it include a citation to "Trial Procedure Rule 36(B)," as does the headnote. The question and headnote are substantively different. |
| 5998 | what are the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney? | Among the factors a trial judge considers before granting a discretionary continuance on motion of a litigant seeking continuance to employ another attorney are diligence, good faith and reasonable grounds. LSA-C.C.P. art. 1602. | [1]  [2]  [¶ 11] Deloge contends that the trial court erred in denying his motion for a continuance. We disagree. "A party seeking a continuance has the burden of showing sufficient grounds for granting the motion, and the ruling of the presiding justice is reviewable only for abuse of discretion." Champagne v. | 1 | 4 | ROSS-003290894 | TR-0683881 | TR-0537547 | Question reflects holding and the general rule of law applied in case; question does not reference "diligence, good faith and reasonable grounds," nor does it include a citation to "LSA-C.C.P. art. 1602," as does the headnote. |
| 6001 | under bribery sections of statute, what heightened criminal intent is required to prove a case of bribery? | Under bribery sections of statute, heightened criminal intent, i. e., "corrupt" intent, was required, as opposed to simple mens rea required for violation of the gratuity sections of the statute. 18 U.S.C.A. § 201(c)(3). | It is this element of quid pro quo that distinguishes the heightened criminal intent requisite under the bribery sections of the statute from the simple mens rea required for violation of the gratuity sections. | 2 | 3 | ROSS-003290900 | TR-0646460 | TR-0646460 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "18 U.S.C.A. § 201(c)(3)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6003 | where the statute prohibiting bribery by a public officer or public employee is unclear, which side should it be construed in favor of? | As criminal statute, law prohibiting bribery by public officer or public employee, had to be construed in favor of defendant and against state. M.S.A. §§ 609.42, subd. 1(2), 609.415. | In the present case, we are interpreting a criminal statute, and "[c]riminal statutes are strictly construed in favor of the defendant and against the government." State v. | 2 | 4 | ROSS-003290905 | TR-0724394 | TR-0712855 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.S.A. §§ 609.42, subd. 1(2), 609.415," as does the headnote. |
| 6013 | does a court have broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof? | A trial court has broad discretion to determine amount of a reasonable attorney fee on motion for costs of proof. West's Ann.Cal. C.C.P. § 2033, subd. o. | So I'm going to sustain the objection." [22] [23] "The trial court has wide discretion to determine the relevancy of evidence and [e]very reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) State v. | 1 | 3 | ROSS-003290927 | TR-0838526 | TR-0839541 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's Ann.Cal. C.C.P. § 2033, subd. o," as does the headnote. |
| 6031 | for the purposes of the hobbs act, does the fear connected with threats of economic loss need to be the product of the defendant's actions? | For purposes of Hobbs Act, fear connected with threats of economic loss need not be the product of defendant's actions. 18 U.S.C.A. § 1951. | Under the "fear of economic harm" theory, the defendant receives payment from the victim because the victim believes that the defendant can exercise his or her power to the victim's economic detriment. "The fear need not be the product of the defendant's actions. 'It is enough if the fear exists and the defendant intentionally exploits it.' " Id. | 1 | 4 | ROSS-003290965 | TR-0635437 | TR-0640069 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "18 U.S.C.A. § 1951," as does the headnote. |
| 6040 | does an amendment of declaration at trial to make it correspond to proof not require continuance? | Amendment of declaration at trial to make it correspond to proof does not require continuance, except on showing of necessity to enable defendant to make defense (Code, c. 131, § 8). | 463, this court said: "A declaration may be amended at the trial of an action, to make the allegation correspond to the proof offered, if substantial justice will be thereby promoted, and such amendment does not entitle the defendant to a continuance, unless he shows to the satisfaction of the court that a continuance is necessary to enable him to make his defense." Nothing appears in this case which would satisfy the trial court that a continuance was necessary for a complete defense. | 2 | 4 | ROSS-003290985 | TR-0823610 | TR-0823610 | Question reflects holding and the genral rule of law applied in case; question does not reference "showing of necessity," nor does it include a citation to "(Code, c. 131, § 8)," as does the headnote. |
| 6088 | in determining a motion to extend time for filing a pleading, is it a prerequisite that a responding party demonstrate good cause to obtain relief granted? | In determining motion to extend time for filing pleading, it is prerequisite that responding party demonstrate good cause to obtain relief granted and absence of prejudice to opposing party is immaterial. Sup.Ct.Rules, Rules 183, 216(c). | "A trial court's decision to grant or deny a motion to continue a trial date is reviewed for an abuse of discretion, and there is a strong presumption the trial court properly exercised its discretion." Id. "A denial of a motion for continuance is [considered to be an] abuse of discretion only if the movant demonstrates good cause for granting it." Id. "However, no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial." Riggin v. | 1 | 4 | ROSS-003291090 | TR-0828196 | TR-0767270 | Question reflects holding and the general rule of law applied in case; question does not reference "absence of prejudice to opposing party," nor does it include a citation to "Sup.Ct.Rules, Rules 183, 216(c)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6130 | did the trial court abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment although they had sufficient time to propound discovery? | Trial court did not abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment; although hearing was continued previously at plaintiffs' request, they did not propound any discovery until five days before continued hearing, and they had nine months to propound discovery. LSA-C.C.P. arts. 1601, 1603. | § 35-1-26-1 states: "The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date." We feel that the trial court did not abuse its discretion in denying the motion for continuance. Defendant has failed to show why he was unable with due diligence to obtain the psychiatric evaluation in the four months since his arrest, the three months since filing notice of an insanity defense, or six weeks since the appearance of new counsel. In addition, the record shows that Dr. Brogno testified about defendant's sanity and was ably questioned by counsel. | 2 | 4 | ROSS-003291180 | TR-0620534 | TR-0785814 | Question reflects holding and the genral rule of law applied in case; question does not reference "propund[ing] any discovery until five days before continued hearing," nor does it include a citation to "LSA-C.C.P. arts. 1601, 1603," as does the headnote. |
| 6155 | does the court have a right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance, if any party or attorney is a member of general assembly? | Under statute authorizing continuance where any party or his attorney is a member of general assembly, trial court has right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance under statute does not instantly divest trial court of jurisdiction. V.A.M.S. § 510.120. | Such a construction takes away all the judicial function of the court in making continuances applied for under this section.' [1]  We make reference to the Kyger case to show that when an application for a continuance is filed under Sec. 96, the trial court has the right to determine whether the legislator's presence is necessary to a fair and proper trial. In other words, the filing of such application in proper form does not instanter divest the trial court of jurisdiction and thus prohibit any further proceedings therein 'until the adjournment or recess for twenty days or more of the general assembly (and) ten days thereafter' regardless of the necessity of the legislator's presence to a fair trial and in the present case, regardless of the fact that the legislator attorney was given reasonable opportunity to be present and was actually present and participated in the further proceedings after the application was filed. | 2 | 3 | ROSS-003291232 | TR-0614604 | TR-0614604 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "V.A.M.S. § 510.120," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6166 | would the court abuse its discretion in failing to grant fourth continuance orally requested by defense counsel on the date of separation trial? | Trial court did not abuse its discretion in failing to grant fourth continuance orally requested by defense counsel on the date of separation trial, where defense counsel simply informed the court that he had instructed his client, who had been subpoenaed, not to appear for trial if he was not in better condition than he had been on the previous day, and that, on the day before trial, upon interviewing his client, he had found him to be in an irrational state. | In the interim, the defendant was voluntarily *584  committed for psychiatric treatment at the V.A. Hospital. On the day of the trial, counsel for the defendant arrived late and then informed the court that he had instructed his client, who had been subpoenaed, not toappear for trial, if he was not in better than he had been on the previous day. The day before trial, counsel had interviewed his client and had found the defendant to be in an irrational state. No written motion for a continuance was filed. The trial court allowed plaintiff to put on her case in chief and granted judgment. | 2 | 3 | ROSS-003291254 | TR-0879523 | TR-0879523 | Question reflects holding and the general rule of law applied in case; question does not reference "defense counsel simply informed the court that he had instructed his client, who had been subpoenaed, not to appear for trial if he was not in better condition than he had been on the previous day, and that, on the day before trial, upon interviewing his client, he had found him to be in an irrational state," as does the headnote. |
| 6171 | following a determination of liability for punitive damages, once the court orders defendant to produce evidence of financial condition, is there no justification for not specifically following that order? | Following a determination of liability for punitive damages, once the court orders defendant to produce evidence of financial condition, there is no justification for not specifically following that order; if counsel has problems with the court's orders, he or she may seek a pretrial writ or argue the validity of that ruling on appeal. West's Ann.Cal.Civ.Code § 3295(c). | As to the first reason, it may not be a defendant's burden to prove its net worth, but if it is ordered to produce that evidence it is under an obligation to do so. (Civ.Code, § 3295, subd. (c).) Once the court makes the order there is no justification for not specifically following that order. (See *244  People v. Glass (1975) 44 Cal.App.3d 772, 781-782, 118 Cal.Rptr. 797.) If counsel has problems with the court's orders, he or she may seek a pretrial writ or argue the validity of that ruling on appeal. | 1 | 3 | ROSS-003291266 | TR-0727973 | TR-0727973 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's Ann.Cal.Civ.Code § 3295(c)," as does the headnote. |
| 6225 | should a court consider dismissal for lack of jurisdiction or insufficient process, when a motion to dismiss raises a defense of failure to state a claim and any combination of lack of jurisdiction? | When a motion to dismiss alleged both lack of subject matter jurisdiction and failure to state a claim, the court should consider dismissal for lack of subject matter jurisdiction first and should then consider the failure to state a claim only if it determines that it has subject matter jurisdiction; similarly, when a motion to dismiss raises failure to state a claim and any combination of lack of jurisdiction over the person, insufficient process, and insufficient service, the court should consider the latter issues first and then consider dismissal for failure to state a claim only if it determines that it has personal jurisdiction and that process and service of process were sufficient. Neb. Sup. Ct. § 6-1112(b). | State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002. A motion to dismiss for lack of subject matter jurisdiction is made pursuant to Civ.R. 12(B)(1), and "[t]he standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. (Citations omitted.) This court has held: [2]  {¶ 20} " '[I]n determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B) (1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.' " Kinder v. | 2 | 4 | ROSS-003291382 | TR-0856428 | TR-0651058 | Question reflects holding and the general rule of law applied in case; question does not reference "insufficient servic,e" nor which issue "the court should consider the [jurisdiction, service, or process] issues first," nor does it include a citation to "Neb. Sup. Ct. § 6-1112(b)," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6231 | is dismissal for failure to serve process within 120 days required only if reasonable cause for the delay in service is not documented? | Even without a motion to extend the time for service of process, dismissal for failure to serve process within 120 days is required only if reasonable cause for the delay in service is not documented. West's F.S.A. RCP Rule 1.070(j). | Even without a motion to extend, dismissal is required only if reasonable cause for the delay in service is not documented. Root v. Little, 721 So.2d 836, 837 (Fla. 5th DCA 1998). Rule 1.070(j) is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause. | 1 | 4 | ROSS-003291396 | TR-0556795 | TR-0556795 | Question reflects holding and the general rule of law applied in case; question does not reference "a motion to extend time for service of process," nor does it include a citation to "West's F.S.A. RCR Rule 1.070(j)," as does the headnote. |
| 6243 | is the proper procedure for a court to take upon a determination that a case has become moot, dismissal of the action? | The proper procedure for a court to take upon a determination that a case has become moot is dismissal of the action. Appeal by Plaintiff from order entered 2 November 2015 by Judge April C. Wood in Davidson County District Court. Heard in the Court of Appeals 6 September 2016. | He attached a memorandum stating that the order was made upon the grounds that the complaint failed to state a claim against defendants, or any of them, for lack of a justiciable controversy existing between the plaintiff and the defendants; and further that the complaint violated Rule 8.05, Rules of Civil Procedure, which requires that each averment of a pleading be 'simple, concise, and direct.' Thereafter, on November 30, 1965, upon plaintiff's motion the trial judge ordered that judgment of dismissal be entered nunc pro tunc, stating in the order that 'plaintiff desires that judgment be entered pursuant to said order so he can appeal therefrom.' Thus, the judgment of dismissal subsequently entered was dated October 29, 1965, the date of the order dismissing the action, although it was filed by the clerk of the district court on December 1, 1965. | 2 | 4 | ROSS-003291418 | TR-0703327 | TR-0665318 | Question reflects holding and the general rule of law applied in case. |
| 6263 | is the requirement that sanctions for violations of pre-trial orders must be related to offensive conduct not met when the party seeking sanctions can show no prejudice due to the offending party's conduct? | The requirement that sanctions for violations of pre-trial orders must be related to offensive conduct is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | First, there must be a direct relationship between the offensive conduct and the sanction imposed. TransAmerican, 811 S.W.2d at 917. This requires that the sanction be directed against the abuse and toward remedying the prejudice caused the innocent party. Id. This prong is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. | 1 | 3 | ROSS-003291460 | TR-0751772 | TR-0595371 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Vernon's Ann.Texas Rules Civ.Proc., Rule 166," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 6278 | is tax a debt created by law? | Tax is debt created by law rather than "debt created by contract." | Kendig [Wyo., 641 P.2d 1235 (1982) ], but we have never deviated from our adherence to the proposition that the worker's compensation law of this state is in the nature of industrial-accident insurance." (Citation omitted.) [1]  [2]  When we say that worker's compensation law is based on a concept of industrial insurance, we mean that it is based on contract rather than tort principles. | 2 | 4 | ROSS-003291492 | TR-0766367 | TR-0790144 | Question reflects holding and the general rule of law applied in case; question does not reference "debt created by contract," as does the headnote. |
| 6354 | will undue prejudice to the nonmoving party that would preclude withdrawing deemed admissions depends on whether withdrawing an admission or filing a late response delay trial or significantly hamper the opposing party's ability to prepare for it? | Undue prejudice to the nonmoving party that would preclude withdrawing deemed admissions depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Tex. R. Civ. P. 198.2(a). | "Undue prejudice depends on whether withdrawing an admission or filing a late response will "837  delay trial or significantly hamper the opposing party's ability to prepare for it." Wheeler, 157 S.W.3d at 443. Furthermore, the supreme court has explained that "presentation of the merits will suffer (1) if the requesting party cannot prepare for trial, and also (2) if the requestor can prepare but the case is decided on deemed (but perhaps untrue) facts anyway." Id. | 1 | 3 | ROSS-003291653 | TR-0576448 | TR-0769229 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Tex. R. Civ. P. 198.2(2)," as does the headnote. |
| 6396 | will the degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved, be an appropriate factor to be weighed in determining whether such party had no good reason for denial? | Degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved is also appropriate factor to be weighed in determining whether such party had no good reason for denial so as to warrant imposition of expenses incurred in proving truth of requested admission on such party under § 2034(c). West's Ann.Cal.C.C.P. § 2034(c). | 303.) Thus, if a party denies a request for admission (of substantial importance) in circumstances where the party lacked personal knowledge but had available sources of information and failed to make a reasonable investigation to ascertain the facts, such failure will justify an award of expenses under section 2034(c). [6]  The degree to which the party making the denial has attempted in good faith to reach a reasonable resolution of the matters involved is also an appropriate factor **844  to be weighed. For example, in at least two federal cases the parties making denials of requests for admission had offered to stipulate to the matters requested under reasonable conditions, but the parties propounding the requests had refused the proffered stipulations. | 1 | 3 | ROSS-003291741 | TR-0771732 | TR-0771732 | Question reflects holding and the general rule of law applied in case; question does not reference "imposition of expenses incurred in proving truth of requested admission," nor does it include a citation to "West's Ann.Cal.C.C.P. § 2034(c)," as does the headnote. |
| 8237 | do the power to discontinue a public road conferred by the statute authorizes closing or obstructing roads to use of which property owners have vested property rights? | Statute giving commissioners' court power to discontinue public roads does not authorize closing or obstructing roads in use of which property owners have vested property rights (Vernon's Ann.Civ.St. art. 6703). | The power conferred upon that court by article 6703 of our Revised Statutes to discontinue any public road cannot be construed as authorizing the closing or obstruction of a roadway in the use of which residents thereon have a vested property right; even the Legislature of this state has no such power. | 2 | 3 | ROSS-003295836 | TR-0699319 | TR-0699319 | Question reflects holding and the general rule of law applied in case. When alternate language from the case opinion, identified via the Bates No. in column H of this row, is considered instead of the case opinion text that Dr. Frederiksen-Cross identified, overlap between the case opinion and question becomes more apparent. Both the question and opinion text refer to the power as "conferred" by statute whereas the headnote does not. The question also does not include a citation to "Vernon's Ann.Civ.St. art. 6703," as does the headnote. The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 8399 | does the commissioners' court have the authority to discontinue a road? | Commissioners' court had authority to discontinue county road. Vernon's Ann.Civ.St. art. 6705. | [2]  [3]  In establishing public roads, the county can act only through the Commissioners' Court, the individual Commissioners having no authority to bind the county by their separate actions. | 2 | 3 | ROSS-003296167 | TR-0674228 | TR-0674228 | Question reflects holding and the general rule of law applied in case. |
| 9060 | does a statute subrogating a surety who has paid the debt of his principal to the rights of the creditor impose obligation on principal to indemnify the surety for amounts paid to the creditor? | Statute subrogating surety who has paid debt of his principal to rights of the creditor does not impose obligation on principal to indemnify surety for amounts paid creditor. West's Ga.Code Ann. § 10-7-56. | *100  Respondents misconstrue the law of subrogation. [5]  The doctrine of subrogation is an equitable one, and it is recognized that the payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | 1 | 4 | ROSS-003297577 | TR-0537757 | TR-0567948 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's Ga.Code Ann. § 10-7-56," as does the headnote. |
| 10015 | will a motion for dismissal be barred by affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? | A motion for involuntary dismissal based upon a bar by affirmative matter avoiding the legal effect of or defeating the claim admits the legal sufficiency of the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | [1]  [2]  MacNeal Hospital's amended counterclaim was dismissed pursuant to 2-619(a)(5) of the Code, which allows for involuntary dismissal when "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2002). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. | 1 | 3 | ROSS-003299681 | TR-0701134 | TR-0625372 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "S.H.A. 735 ILCS 5/2-619(a)(9)," as does the headnote. |
| 10076 | is the purpose of pretrial procedure to clarify and simplify issues to be tried, and does the resulting pretrial order control subsequent course of action? | Purpose of pretrial procedure is to clarify and simplify issues to be tried and resulting pretrial order controls subsequent course of action. Rules Civ.Proc., Rule 16. | Consistent with this general rule is Federal Rule of Civil Procedure 16(e), which provides that a pretrial order controls "the subsequent course of the action unless modified by a subsequent order." Rule 16's purpose, however, is "to avoid surprise, not foment it." Wilson v. | 1 | 3 | ROSS-003299810 | TR-0605976 | TR-0828890 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Rules Civ.Proc., Rule 16," as does the headnote. |
| 10140 | to warrant continuance because of the absence of a witness, must a movant show that testimony of an absent witness would be more than cumulative? | To warrant continuance because of absence of witness movant must show that testimony of absent witness would be more than cumulative. | [17]  [18]  [19]  There is no question but that the granting of a continuance is discretionary with the trial court, and also that the movant must show that the testimony of the absent witness would be more than cumulative. Knowles v. Blue, 209 Ala. 27, 95 So. 481; Pate Lumber Company v. Davis, 215 Ala. 547, 112 So. 124. The refusing of a continuance because of an absent witness, where it is not shown what the witness would say if present, is not an abuse of the court's discretion. Authorities, supra. Appellants', Elliott and Ikner, assignment of error No. 8 contends that the court erred in allowing the witness Watts to testify as to the speed of the Ikner vehicle when he did not have the opportunity to form such an opinion. As to this assignment of error, the same may be said as was said about assignment of error No. 8 of the appellant, Mobile Cab and Baggage Company. It is without merit. Supreme Court Rule 45. | 1 | 3 | ROSS-003299945 | TR-0626808 | TR-0626808 | Question reflects holding and the general rule of law applied in case. |
| 11270 | should the federal funds be directly affected by local official's acceptance of bribe in order to constitute violation of federal programs bribery statute? | Federal funds need not be directly affected by local official's acceptance of bribe in order for acceptance to constitute violation of federal programs bribery statute. 18 U.S.C.A. § 666(a) (1)(B). | Brumley, we held that, in order to convict for the federal crime of depriving a state of the honest services of one of its officials, "a federal prosecutor must prove that conduct of a state official breached a duty respecting the provision of services owed to the official's employer under state law." 116 F.3d 728, 734 (5th Cir.1997) (en banc). However, we were careful to note that, in order to constitute a federal crime, the state statute must concern "something close to bribery" and that "the mere violation of a gratuity statute ... will not suffice." Id. | 1 | 4 | ROSS-003302361 | TR-0640952 | TR-0648095 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "18 U.S.C.A. § 666(a)(1)(B)," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 11394 | is an attempt to commit suicide a crime? | Bill of indictment which charged that defendant attempted to commit suicide stated a crime. G.S. § 14-3. | *42 [26] [27] [28] [29] [30] We now turn to the relevant legal principles and our standard of review for claims that the court improperly admitted uncharged misconduct evidence. "Evidence of a defendant's uncharged misconduct is inadmissible to prove that the defendant committed the charged crime or to show the predisposition of the defendant to commit the charged crime. ... Exceptions to this rule have been recognized, however, to render misconduct evidence admissible if, for example, the evidence is offered to prove intent, identity, malice, motive, a system of criminal activity or the elements of a crime. | 2 | 4 | ROSS-003302631 | TR-0724205 | TR-0712508 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "G.S. § 14-3," as does the headnote. |
| 11594 | can a party withdraw admission without a motion to amend admission? | Party may not withdraw admission without motion to amend admission. West's F.S.A. RCP Rule 1.370. | § 1A-1, Rule 36(a), matters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by the rule. The trial court has discretion to allow a withdrawal of an admission upon a party's motion. | 2 | 4 | ROSS-003303052 | TR-0761288 | TR-0843381 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's F.S.A. RCP Rule 1.370," as does the headnote. |
| 12250 | can the offense of bribery be committed by anyone other than one who is an officer of the united states or who is acting for or on behalf of the united states in any official capacity? | The offense of asking, accepting and receiving money with intent thereby to influence official action can only be committed by one who is an officer of the United States or who is acting for or on behalf of the United States in any official capacity, the givers of bribes being punishable under a different section of the Criminal Code. Cr.Code, §§ 39, 117, 18 U.S.C.A. §§ 201, 202. | The phrases 'officer or employee' and 'person acting for or on behalf of the United States * * *' in any official function' must be read in the disjunctive. See Nordgren v. United States, 9 Cir., 181 F.2d 718, 720. The phrase 'in any official function,' therefore, modifies only the word 'person' and not 'officer or employee.' [2] [3] It is well established that for an offense to be made out under Sec. 201, a person acting for the United States must be doing so in his official capacity. | 2 | 4 | ROSS-003304404 | TR-0634595 | TR-0591838 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Cr.Code, §§ 39, 117, 18 U.S.C.A. §§ 201, 202," as does the headnote. |
| 13014 | does unauthorized entry itself constitute the prohibited purpose necessary to sustain a conviction under section 1382? | Unauthorized entry itself can constitute prohibited purpose necessary to sustain conviction under statute proscribing entry upon naval reservation for purpose prohibited by law. 18 U.S.C.A. § 1382. | [2] We accept Maxwell's premise: "purpose" is indeed an element of a section 1382 offense. But the case law is consentient that an unauthorized entry itself can constitute the prohibited purpose necessary to sustain a conviction under section 1382. See Parrilla Bonilla, 648 F.2d at 1377; United States v. Mowat, 582 F.2d 1194, 1203-04 (9th Cir.1978); United States v. Floyd, 477 F.2d 217, 225 (10th Cir.1973); see also Sharpton, 252 F.3d at 538-39 (accepting rule sub silentio ). | 2 | 4 | ROSS-003306216 | TR-0641813 | TR-0641813 | Question reflects holding and the general rule of law applied in case; question does not reference "proscribing entry upon naval resererevation for purpose prohibited by law," nor does it include a citation to "18 U.S.C.A. § 1382," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 14062 | is non-record activity consisting of efforts to serve one defendant not sufficient to require a trial court to reinstate action after dismissal for failure to prosecute? | Nonrecord activity consisting of efforts to serve one defendant was not sufficient to require trial court to reinstate action after dismissal for failure to prosecute. West's F.S.A. RCP 1.420(e). | There is no indication that compliance with § 52-46a is a prerequisite in order for an action to be considered "brought." Rather, once an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the **952 service of process within the mandated time period. | 1 | 4 | ROSS-003308529 | TR-0575800 | TR-0540802 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "West's F.S.A. RCP Rule 1.420(e)," as does the headnote. |
| 14067 | can the public element of an offense be satisfied only if members of the public are likely to be affected? | "Public" element of offense of disorderly conduct may be satisfied if disturbance takes place in a more secluded environment than, for example, on public street or by side of highway, but only if members of the public are likely to be affected. M.G.L.A. c. 272, § 53. | 963, 963-964, 650 N.E.2d 360 (1995); or by the side of a highway, see Commonwealth v. Bosk, 29 Mass.App.Ct. 904, 906-907, 556 N.E.2d 1055 (1990). It also may be satisfied where the disturbance takes place in a more secluded environment, but only if members of the public are likely to be affected. | 2 | 3 | ROSS-003308538 | TR-0697806 | TR-0697806 | Question reflects holding and the general rule of law applied in case; question does not reference "disorderly conduct," "a more secluded environment," nor does it include a citation to "M.G.L.A. c. 272, § 53," as does the headnote. The question and headnote are substantially different. |
| 14778 | can an assignment of a note be written on a separate instrument? | Assignment of negotiable instrument payable to order may be written on separate instrument. Comp.St.1929, § 62-301. | [8] However, it is well settled that a negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee takes only the title and right of the one so transferring it, and does not become the holder in due course, but has only the equitable instead of the legal title. | 2 | 3 | ROSS-003309998 | TR-0533404 | TR-0770949 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Comp.St.1929, § 62-301," as does the headnote. |
| 16121 | is the plain language of a provision of fcpa, prohibiting "payments to foreign officials to obtain or retain business" ambiguous? | Plain language of provision of Foreign Corrupt Practices Act (FCPA), prohibiting payments to foreign officials to obtain or retain business was ambiguous, as to what constituted payments to obtain or retain business. Securities Exchange Act of 1934, § 30A(a), as amended, 15 U.S.C.A. § 78dd-1(a); Foreign Corrupt Practices Act of 1977, § 104(a), 15 U.S.C.A. § 78dd-2(a). | Foreign Corrupt Practices Act [1]  The FCPA makes it illegal for an individual or company in the United States to make illicit payments to a foreign official to cause that foreign official to assist in obtaining or retaining business for the payor. See 15 U.S.C. § 78dd-2(a). Congress enacted the FCPA in 1977 to criminalize bribery of foreign officials by domestic corporations. | 2 | 4 | ROSS-003312907 | TR-0639986 | TR-0637793 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "Securities Exchange Act of 1934, § 30A(a), as amended, 15 U.S.C.A. § 78dd-1(a); Foreign Corrupt Practices Act of 1977, § 104(a), 15 U.S.C.A. § 78dd-2(a).," as does the headnote. |
| 17007 | does the court have jurisdiction to make proper order to compel a party to produce books and records, to end that adverse party might get information therefrom? | Court has jurisdiction to make proper order to compel party to produce books and records, to end that adverse party might get information therefrom. | [14] The court, having no jurisdiction of the corporation, may not compel its officers to produce for inspection its books and papers or make discovery of its affairs. | 1 | 4 | ROSS-003314793 | TR-0564524 | TR-0666879 | Question reflects holding and the general rule of law applied in case. |
| 17203 | would it be an abuse of discretion for the order setting case for trial on a day that gives the defendant ample time to prepare to defend negligence action, rather than granting continuance? | Order setting case for trial on a day certain, which gave defendant ample time to prepared to defend negligence action, rather than granting continuance to enable defendant to obtain another lawyer, was not an abuse of discretion where defendant had received four previous adjournments. GCR 1963, 503, 503.1. | Therefore, the trial judge did not abuse his discretion in denying appellants' motions for change of venue. Appellants' next contention is that the trial court abused its discretion in proceeding ex parte and dismissing the negligence action against the receiver. Appellants argue that a continuance should have *632 been granted because their counsel was called before another court at the time. | 2 | 4 | ROSS-003315211 | TR-0626348 | TR-0577743 | Question reflects holding and the general rule of law applied in case; question does not reference "granting continuance to enable defendant to obtain another lawyer," nor does it include a citation "GCR 1963, 503, 503.1," as does the headnote. |
| 17508 | does the mere fact that public official's conduct before board was not authorized by statute, regulation or established usage preclude conviction for offering or promising bribe to such official? | Mere fact that public official's conduct before board was not authorized by statute, regulation or established usage did not preclude conviction for offering or promising bribe to such official. M.G.L.A. c. 268 § 7. | Household, Barber, and Pratt urge that there was no evidence on which the jury could find that the bribe was designed to influence Hanley's conduct in his official capacity (see G.L. c. 268, s 7), since his actions before the Rate Board were not authorized by statute, regulation or established usage. | 1 | 4 | ROSS-003315856 | TR-0710234 | TR-0710234 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.G.L.A. c. 268 § 7," as does the headnote. The question and headnote are substantially different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 17543 | does the statute prohibiting theft involving federal funds extend to both bribes and gratuities? | The statute that prohibits theft involving federal funds extends to both bribes and gratuities. 18 U.S.C.A. § 666. | To the extent that the statute prohibits acts of bribery, the prohibition "draws content ... from federal statutes proscribing-and defining-similar crimes," including the general federal bribery statute, 18 U.S.C. § 201(b), and the statute prohibiting theft and bribery involving federal funds, 18 U.S.C. § 666(a)(2). | 1 | 3 | ROSS-003315928 | TR-0632888 | TR-0641939 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.G.L.A. c. 268 § 7," as does the headnote. The question and headnote are substantively different. |
| 17891 | will the court abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adverse party? | Trial court did not abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adverse party. | Bankston obtained no order staying the proceedings, and it is clear from the record that she was aware of the date on which the trial was set to occur. Therefore, the trial court did not abuse its discretion in permitting this matter to go to trial. [8] "A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. | 1 | 4 | ROSS-003316648 | TR-0850906 | TR-0661605 | Question reflects holding and the general rule of law applied in case. |
| 18022 | in a possessory action to recover rented premises, are the rights of the parties and condition of plaintiff's claim to be tested? | In a possessory action to recover rented premises, rights of the parties and condition of plaintiff's claim are to be tested by the facts as they existed on the date the suit was filed. | [4] [5] [6] [7] 3. Even more serious is the claim that the suit was prematurely filed. The suit, as we have seen, was based on the claim that the owner required possession for the purpose of demolishing the house and erecting a new building on the lot, this being one of the excepted grounds on which a landlord is permitted to claim possession under the Rent Act. It is set forth as follows in the Act: 3 3 Code 1940, Supp. V, § 45-1605(b)(4). 'No action or proceeding to recover possession of housing accommodations shall be maintainable by any landlord against any tenant * * * unless * * * (4) The landlord seeks in good faith to recover possession for the immediate purpose of substantially altering, remodeling, or demolishing the property and replacing it with new construction, the plans for which altered, remodeled, or new construction having been filed with and approved by the Commissioners of the District of Columbia * * *.' (Emphasis supplied.) The evidence revealed that the construction plans had not been approved by the District of Columbia Commissioners at the time the suit was filed, and that notice of such approval was not given to plaintiff until almost two months later, on | 1 | 3 | ROSS-003316926 | TR-0878148 | TR-0732417 | Question reflects holding and the general rule of law applied in case; question does not reference "facts as they existed on the date the suit was filed," as does the headnote. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 18054 | will attorney fees be warranted as discovery sanction in employee's action against employer if an employer fails to make certain admissions when requested? | Attorney fees were warranted as discovery sanction in employee's action against employer for misappropriation of company funds, unpaid wages, and failure to repay a loan, where employer's failure to make certain admissions when requested led to substantial additional and unnecessary litigation costs. CR 37(c). | Whether the circuit court abused its discretion when it awarded Edward's motion for attorney's fees. [¶ 16.] Leonard contests the award of attorney fees to Edward. The circuit court determined that Leonard's failure to admit to the requested matters during pre-trial discovery was indefensible under SDCL 15-6-37(c) and caused Edward to incur additional, unnecessary expenses in providing proof. | 2 | 4 | ROSS-003316992 | TR-0847054 | TR-0817002 | Question reflects holding and the general rule of law applied in case; question does not reference "misappropriation of company funds," nor "unnecessary litigation costs," nor does it include a citation to "CR 37(c)" as does the headnote. |
| 18266 | does timely filing of a stop payment order by the drawer extinguish his liability to payee? | In absence of consideration passing from payee to drawer of check to support drawer's liability on the check, timely filing of stop payment order by drawer operated to extinguish any liability of drawer to payee. | Further, the parties agree that the mere drafting of a check by a drawer does not constitute an assignment of the funds deposited. Therefore, the timely filing of a stop payment order here, without more, would operate to extinguish any liability of Bates to Falco. | 2 | 4 | ROSS-003317444 | TR-0687184 | TR-0687184 | The memo question could have been drafted solely from the judicial opinion because its language is taken from the last sentence of the judicial opinion identified. |
| 18278 | does a charge of bribery require an official to complete a corrupt exchange for an offer of something of value with the intent to influence an official act? | The official is not required to agree to or actually complete a corrupt exchange for an offer of something of value with the intent to influence an official act to amount to honest-services fraud by bribery. 18 U.S.C.A. § 1346. | The bribery-and-kickback theory of honest services fraud requires "a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act." United States v. Wright, 665 F.3d 560, 567-68 (3d Cir.2012) (internal quotation marks and citations omitted). Thus, while the evidence of nondisclosure by itself may not constitute honest services fraud based on a conflict-of-interest theory under Skilling, we believe that where there is also evidence of bribery or kickbacks, as there was before the District Court, then the evidence may be relevant to proof of a scheme to defraud under a bribery-and-kickback theory of honest services fraud. | 2 | 4 | ROSS-003317467 | TR-0644810 | TR-0635223 | Question reflects holding and the general rule of law applied in case; question does not reference "honest-services fraud by bribery" nor does it include a citation to "18 U.S.C.A. § 1346," as does the headnote. |
| 18279 | do bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements? | Bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements. 18 U.S.C.A. § 666. | Instead, broad language referring to the entire body of the law was used in describing the scope of the exception. As a result, bona fidesalaries, wages, fees, and other compensation either received by or promised by § 666 defendants fall within the scope of the subsection (c) exception. [5] In analyzing § 666's applicability to the alleged misdeeds of the defendants, the district court concluded that the Shelby County government received federal benefits in a one-year period that exceeded the statutory base of $10,000. | 1 | 3 | ROSS-003317470 | TR-0642498 | TR-0642498 | Question reflects holding and the general rule of law applied in case. |
| 18360 | does an action seeking specific performance of a contract for purchase and sale directly related to land cause the relief to be in rem? | For purpose of determining whether county in which purchaser of real property filed suit against vendors was county of preferred venue, action seeking specific performance of contract for purchase and sale directly related to land within meaning of venue rules; action placed ownership of land at issue, and potential for conveyance caused relief to be in rem. Trial Procedure Rule 75(A)(2). | However, this action does not concern merely a question of debt. Rather, the complaint includes a claim for specific performance, which directly "relates" to the land because ownership of the land is at issue. If the appellee prevails on its claim, the land would be conveyed to the proper party. This potential for conveyance causes the relief to be in rem. 1 The appellee wants the property, not merely monetary damages. | 2 | 4 | ROSS-003317646 | TR-0879955 | TR-0879955 | Question reflects holding and the general rule of law applied in case; question does not reference "action placed ownership of land at issue," or the "potential for conveyance caused relief to be in rem;" question does not include a citation "Trial Procedure Rule 75(A)(2)." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 18370 | does neither a trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right? | Neither trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right. | Moreover, we are unpersuaded that the trial court's failure to hold a hearing on the motion to dismiss or the dismissal itself deprived Amfac or CED of a substantial legal right. | 1 | 3 | ROSS-003317666 | TR-0848875 | TR-0848875 | Question reflects holding and the general rule of law applied in case. |
| 18893 | would the dismissal of counterclaim without prejudice be justified by counterclaimant's failure to appear at scheduling conference? | Dismissal of counterclaim without prejudice was justified by counterclaimant's failure to appear at scheduling conference and failure to oppose earlier motions to strike and dismiss counterclaim, despite counterclaimant's allegations that he never received notice; record reflected both that notice was sent to counterclaimant and that he had history of claiming lack of notice. | The dismissal of appellant's counterclaim was based on appellant's failure to appear at the scheduling conference on October 22, 1993, and on his failure to oppose appellee's earlier motions to strike and dismiss the counterclaim. Appellant claimed that he had failed to appear at the conference because he had never received notice. The trial court found, however, that appellant had previously claimed relief from judgment on the ground of lack of service, and that appellant's failure to appear at the scheduling conference was only the most recent instance of appellant's *1111  disregard for Superior Court procedures. | 2 | 3 | ROSS-003318731 | TR-0806536 | TR-0806536 | Question reflects holding and the general rule of law applied in case; question does not reference "failure to oppose earlier motions" nor that the "record reflected both that notice was sent to counterclaimant and that he had a history of claiming lack of notice." |
| 18904 | is permitting depositions for plaintiffs to be filed after the time fixed by the trial court for plaintiffs to take proof discretionary? | Permitting depositions for plaintiffs to be filed after time fixed by trial court for plaintiffs to take proof was discretionary. | *535  [10]  It is contended by appellants that the court erred in permitting depositions for appellees to be filed because they were taken after the time fixed by the court for appellees to take proof but under the showing made that was a matter within the discretion of the court and we are not prepared to say that there was any abuse of discretion. | 1 | 3 | ROSS-003318753 | TR-0618591 | TR-0618591 | Question reflects holding and the general rule of law applied in case. |
| 19132 | who does "specific person" within the meaning of the criminal-harassment statute, refer to? | "Specific person," within the meaning of the criminal-harassment statute, which prohibits a pattern of conduct or series of acts of a certain nature "directed at a specific person," means the victim. M.G.L.A. c. 265, § 43A(a). | [8]  Section 53a-181d (a) defines the phrase "course of conduct" as requiring "two or more acts." A person violates this statute, inter alia, when he or she engages a course of conduct directed at a specific person. See General Statutes § 53a-181d (b)(1). Reading these two parts of the stalking in the second degree statute together, we conclude that the two or more acts must be directed at a specific person, in this case the plaintiff. | 2 | 4 | ROSS-003319310 | TR-0648692 | TR-0880568 | Question reflects holding and the general rule of law applied in case; question does not include a citation to "M.G.L.A. c. 265 § 43A(a)," as does the headnote. |
| 19276 | are the rights of parties governed by the law of the jurisdiction were a note is made and delivered? | Parties' rights held governed by law of jurisdiction in which note was made and delivered. | The rule is the same for promissory notes. Their legal effect is governed by the law of the jurisdiction where they are executed and delivered. | 2 | 3 | ROSS-003319663 | TR-0550611 | TR-0736774 | Question reflects holding and the general rule of law applied in case. |
| 19375 | when should a court consider whether an option price bears a resemblance to a fair market value of an article? | In deciding whether alleged lease permits lessee to purchase for "nominal consideration," so as to qualify as disguised security agreement under Alabama law, court must consider whether option price bears resemblance to fair market value of article; this is the real yardstick in determining whether option price is nominal or substantial. | Purchase Option Price [6]  [7]  [8]  [9]  Under the 1992 New York UCC § 1-201(37), the most significant factor that indicates a disguised security agreement, not a true lease, is where the option price to purchase the leased equipment at the end of the lease term is nominal. If the lease agreement explicitly provides that the lessee has an option to purchase the leased goods for nominal consideration (e.g., for $1), the agreement is presumed to be a disguised security agreement. | 2 | 4 | ROSS-003319913 | TR-0757566 | TR-0598319 | Question reflects holding and the general rule of law applied in case; question also does not reference "nominal consideration" nor "Alabama law." The question and headnote are substantively different. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 19833 | if a lease is a true lease, does the uniform commercial code relating to secured transactions, govern questions involving a lessor interest in property? | If lease is true lease, Article 9 of the Uniform Commercial Code (UCC), relating to secured transactions, does not govern questions involving lessor's interest in property. | Stating that security interests in motor vehicles are within the scope of Article 9 of the Uniform Commercial Code, LaSalle argues that equity principles are contemplated concerning the perfection of security interests in motor vehicles, despite the Tennessee Certificate of Title Statute. [9] "Motor vehicles are goods for the purpose of Article Nine, and therefore, the Uniform Commercial Code applies to transactions intended to create a security interest in automobiles." Keep Fresh Filters, Inc. | 1 | 4 | ROSS-003321021 | TR-0800811 | TR-0742721 | Question reflects holding and the general rule of law applied in case; question does not reference "Article 9 of the Uniform Commercial Code (UCC)." |
| 20142 | are labels used by parties to describe their agreement helpful, but not conclusive per se? | Under South Carolina law, labels used by parties to describe their agreement are helpful, but not conclusive per se, in distinguishing lease from disguised security agreement. S.C.Code 1976, § 36-1-201(37). | South Carolina Rentals, Inc. v. Arthur, 187 B.R. 502, 504 (D.S.C.1995) ( "State law determines whether or not an agreement is a true lease or a disguised security agreement under the Bankruptcy Code."); In re Architectural Millwork, 226 B.R. | 2 | 4 | ROSS-003321626 | TR-0752514 | TR-0752514 | Question reflects holding and the general rule of law applied in case. Question also does not reference "South Carolina law" nor does it include a citation to "S.C.Code 1976, § 36-1-201(37)," as does the headnote. |
| 20424 | where only the form of the pleading is attacked, will the pleading be viewed with lenient eyes? | Where only the form of a pleading is attacked, pleading will be viewed with lenient eyes. | While this judgment and the judgment roll in the former proceeding were referred to and attacked by intervenors' pleading, they were not attached to or incorporated in the pleading. "A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face of the pleading attacked. | 1 | 4 | ROSS-003322187 | TR-0802986 | TR-0615041 | Question reflects holding and the general rule of law applied in case. |
| 21029 | does injury resulting in permanent total disability after the expiration of a war risk policy permit recovery? | Injury resulting in permanent total disability after expiration of war risk policy will not permit recovery thereon. | That he received the injury during his service, which, after 10 years, has now resulted in permanent and total disability, is not sufficient to permit recovery under his policy of insurance, which expired not later than October 5, 1919. | 1 | 3 | ROSS-003323444 | TR-0642063 | TR-0642063 | Question reflects holding and the general rule of law applied in case. |
| 21055 | does a member of an electric cooperative have a private right of action against the cooperative for breach of statutory duty under the electric cooperative corporation act? | Under the Electric Cooperative Corporation Act (ECCA), a member of an electric cooperative does not have a private right of action against the cooperative for breach of statutory duty. V.T.C.A., Utilities Code §§ 161.070, 161.072. | Statutory Duties under the ECCA [13] Hackett also contends that CoServ owes and breached statutory duties to its members under utilities code sections 161.070 and 161.072. CoServ argues that the ECCA does not confer an express private right of action on Hackett, giving her no standing to sue under the ECCA. | 2 | 4 | ROSS-003323498 | TR-0649030 | TR-0649030 | Question reflects holding and the general rule of law applied in case; question omits reference to the Electric Cooperative Corporation Act (ECCA) and V.T.C.A., Utilities Code §§ 161.070, 161.072. |
| 21436 | is an industry affected with public interest given the character of a public utility? | Mere fact that industry is affected with public interest and may be regulated under police power does not give such industry character of public utility. | 940, which dealt directly with the dairy industry and in which the Supreme Court, states 'We may as well say at once that the dairy industry is not, in the accepted sense of the phrase, a public utility.' The Nebbia case upheld the statute regulating the dairy industry as a valid exercise of police power over an industry affected with a public interest but it does not necessarily follow that if the industry is affected with a public interest it becomes a public utility. | 2 | 3 | ROSS-003324301 | TR-0635745 | TR-0635745 | Question reflects holding and the general rule of law applied in case; question varies from judicial opinion in only trivial ways. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 21605 | is a trustee, who paid secured debt owed by a debtor's related real estate company the debtor's major secured lender under debtor's guarantee of the debt, entitled to be subrogated to the lender's rights as a secured creditor against a real estate company? | Trustee, who paid secured debt owed by debtor's related real estate company to debtor's major secured lender under debtor's guarantee of the debt, was entitled to be subrogated to the lender's rights as a secured creditor against the real estate company. | Under the doctrine of equitable subrogation, where a guarantor has only paid a portion of the debt owed to the creditor, the guarantor is not entitled to be subrogated to the rights of the creditor. See In re Robert F. Ryan, Ltd., 51 Misc.2d 565, 566, 273 N.Y.S.2d 507, 508 (1966) (guarantorwho paid partial amount of debt owed to creditor is not entitled to be subrogated to rights and remedies of creditor until the debt to the creditor is paid in full). | 1 | 4 | ROSS-003324685 | TR-0760571 | TR-0667860 | Question reflects holding and the general rule of law applied in case. |
| 21857 | can company supplying electricity trim branches of trees interfering with wires if necessary for safety and enjoyment of franchise privileges? | Company supplying electricity may trim branches of trees interfering with wires, if necessary for safety and enjoyment of franchise privileges. | at page 607: "* * *; but, even if no express authority had been obtained, the authorities hold that an electrical company which has strung wires pursuant to a legal franchise may trim overhanging branches which interfere with its wires if such removal is reasonably necessary to assure safety and the enjoyment of the privileges conferred by the franchise. | 1 | 4 | ROSS-003325248 | TR-0630480 | TR-0703085 | Question reflects holding and the general rule of law applied in case. |
| 22209 | is judge advocate general (jag) an agency under the administrative procedure code? | Navy Judge Advocate General (JAG) was not an agency subject to Administrative Procedure Act (APA) review. 5 U.S.C.A. § 701(b)(1). | Exhaustion of Administrative Remedies: General Rule [2]  [3] Judicial review of the final decision of a State agency is governed by the Administrative Procedure Act (APA), N.C. Gen. Stat. § 150B-1 et seq., which applies to "both trial and appellate court review of administrative agency decisions." N.C. Dept. of Correction v. | 2 | 3 | ROSS-003325996 | TR-0813804 | TR-0579598 | Question reflects holding and the general rule of law applied in case; question omits reference to Administrative Procedure Act (APA)  5 U.S.C.A. § 701(b)(1). |
| 22338 | in an action at law, can a plaintiff recover only for claims existing at the commencement of the action? | In an action at law, plaintiff may recover only for claims existing at commencement of action, whereas in equity court renders judgment as of date of trial. | At law he could have money damages sustained up to the commencement of the action, whereas in equity the court renders judgment as of the date of trial. | 2 | 3 | ROSS-003326287 | TR-0827958 | TR-0827958 | Question reflects holding and the general rule of law applied in case. |
| 22583 | does the right to an action or to judgment or relief depend upon facts existing at the time of commencement of the action? | The right to an action or to judgment or relief depends upon facts existing at time of commencement of the action and not at subsequent time. | Furthermore, it is said that, in such an action, 'the right to judgment depends on the facts as they existed at the time of the commencement of the action and not at the time of the trial.' 22 Am.Jur. | 1 | 3 | ROSS-003326834 | TR-0676473 | TR-0863208 | Question reflects holding and the general rule of law applied in case; question is largely verbatim from the judicial opinion itself. |
| 23448 | where no good cause or excusable neglect exists for failure to make timely service of process, is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time? | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process: If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. | 1 | 4 | ROSS-003328690 | TR-0879679 | TR-0879679 | Question reflects holding and the general rule of law applied in case. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 23453 | is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, where no good cause or excusable neglect exists for failure to make timely service of process? | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process: If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no longer required to dismiss without prejudice or drop the defendant as a party, but is left to exercise its discretion. | 2 | 4 | ROSS-003328702 | TR-0879679 | TR-0879679 | Question reflects holding and the general rule of law applied in case; question varies from the judicial opinion and the headnote. |
| 23594 | can the legislature ratify a grant of pension? | Legislature can ratify grant of pension where it could have authorized grant in the first place. | 102, says: 'The general and established proposition is that what the Legislature could have authorized it can ratify, if it can authorize at the time of ratification'-citing numerous cases. | 2 | 4 | ROSS-003328997 | TR-0866539 | TR-0614789 | Question reflects holding and the general rule of law applied in case. |
| 23976 | does the statute addressing failure to answer a request for admissions vest broad discretion in trial court regarding granting permission to withdraw or amend admissions? | Statute addressing failure to answer request for admissions vests broad discretion in trial court regarding granting permission to withdraw or amend admissions. West's Ga.Code Ann. § 9-11-36(b). | In fact, contesting the admissions in a motion for summary judgment satisfies the requirements of the rule. Id. [10]  [11] [¶ 19] It is within the trial court's discretion whether it will permit or deny the withdrawal or amendment of admissions. 6750 BMS, L.L.C. Likewise, it is within the court's discretion whether to accept the filing of late responses to a request for admissions. | 1 | 4 | ROSS-003329799 | TR-0786696 | TR-0664059 | Question reflects holding and the general rule of law applied in case; question omits reference to West's Ga.Code Ann. § 9-11-36(b). |
| 24035 | does the power to set aside continuance and reset case for trial reside in court or trial judge? | Power to set aside continuance and reset case for trial resides in court, not trial judge. | [5]  The power and authority to set aside a continuance and reset the case for trial is likewise a power to be exercised by the court, and rests upon the same principles. | 1 | 3 | ROSS-003329922 | TR-0629639 | TR-0629639 | Question reflects holding and the general rule of law applied in case; question is largely verbatim from the judicial opinion itself. |
| 24158 | would the court refuse to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion? | Where case had record of past continuances and defendant's attorney knew at time he agreed to represent defendant that he could not defend case on day set for hearing before board of arbitrators as he would be engaged in trial of another case on that date, trial court's refusal to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion. | ¶ 17 It is well-established that trial courts have the discretion to rule on motions for continuances, and this ruling will only be reversed for an abuse of that discretion. Kinnear v. Dennis, 1924 OK 171, 97 Okla. 206, 223 P. 383, 384. However, when the failure of the court to grant a continuance results in the deprivation of the litigant's right to be represented by counsel who is familiar with the facts and law of his case, the court abuses its discretion. Id. at 385. In Anderson v. State, 1922 OK CR 21, 21 Okla.Crim. 193, 207 P. 977, 983, the Oklahoma Supreme Court discussed the interaction of a criminal defendant's right to counsel *577 and the trial court's discretion to grant continuances as follows: | 2 | 4 | ROSS-003330177 | TR-0803188 | TR-0753691 | Question reflects holding and the general rule of law applied in case. When alternate language from the case opinion, identified via the Bates No. in column H of this row, is considered instead of the case opinion text that Dr. Frederiksen-Cross identified, overlap between the case opinion text and question becomes more apparent. Both the question and opinion text include the phrase "grant a continuance" and the headnote does not. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 24435 | if an action to recover contract damages is ultimately dependent upon proof of ownership rights in a mineral lease, is the proper venue the county in which the relevant land is located? | Action to recover contract damages was ultimately dependent upon proof of ownership rights in mineral lease, and thus the only proper venue was the county in which the relevant real property was located; the party seeking contract damages amended its pleading to exclude real property issues such as title and ownership, but the issue of contract damages required determination of ownership rights in the mineral lease, and the Civil Practice and Remedies Code provided that actions on real property interests could only be filed where the relevant land was located. V.T.C.A., Civil Practice & Remedies Code §§ 15.002(a), 15.004, 15.011; Vernon's Ann.Texas Rules Civ.Proc., Rule 87. | ARCO cites several cases it contends support its position that venue was mandatory in Gregg County. On first blush, the venue statute related to land would appear to apply only to recovery of real property or damages to real property. However, the Texas cases have construed this mandatory provision more broadly than to actions ultimately seeking title or to clear title to real property. [6] Madera amended its pleading in an effort to exclude any issues of title or ownership to real property; however, the underlying issue that Madera must prove to show its entitlement to damages involves proof of ownership rights in a mineral lease, which in Texas is well established as real property. Whether the recovery is called to be one for conversion, breach of contract, or other nonreal property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought, not on the terms used to describe the cause of action. | 2 | 4 | ROSS-003330751 | TR-0799211 | TR-0799211 | Question reflects holding and the general rule of law applied in case; question does not include reference to "the party seeking contract damages amended its pleading to exclude real property issues" nor does it include a citation to "V.T.C.A., Civil Practice & Remedies Code §§ 15.002(a), 15.004, 15.011; Vernon's Ann.Texas Rules Civ.Proc., Rule 87," as does the headnote. |
| 24535 | did the congress intend to criminalize plea agreements that provide leniency to witnesses in exchange for their testimony? | In passing anti-gratuity statute, which prohibits giving, promising or offering of anything of value in exchange for testimony, Congress did not intend to criminalize Congressionally authorized practice of plea agreements that provide leniency to witnesses in exchange for their testimony. 18 U.S.C.A. §§ 201(c)(2, 3), 3553(e); U.S.S.G. § 5K1.1, 18 U.S.C.A.; Fed.Rules Cr.Proc.Rules 11(e), 35(b), 18 U.S.C.A. | Moreover, even without the witness's testimony, the evidence of McCurvin's guilt was overwhelming, consisting of ten hand-to-hand crack sales to an undercover FBI agent, the interception of narcotics-related conversations pursuant to court-authorized wiretaps, other recorded conversations, narcotics and drug trafficking paraphernalia seized from his residence, and the testimony of another cooconspirator. c) Anti-gratuity Statute [7] McCurvin next argues that the admission of cooconspirator testimony at his trial violated the so-called "anti-gratuity statute," 18 U.S.C. § 201(c)(2), because the government promised these witnesses leniency in exchange for their truthful testimony. We disagree. [8] Section 201(c)(2) provides that "[w]hoever ... directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial ... | 2 | 4 | ROSS-003330967 | TR-0636454 | TR-0646387 | Question reflects holding and the general rule of law applied in case; question omits reference to 18 U.S.C.A. §§ 201(c)(2, 3), 3553(e); U.S.S.G. § 5K1.1, 18 U.S.C.A.; Fed.Rules Cr.Proc.Rules 11(e), 35(b), 18 U.S.C.A. |
| 24588 | is a trial court required to sua sponte inquire into whether personal injury plaintiffs want to proceed pro se after their attorney failed to appear at a calendar call? | Trial court was not required to sua sponte inquire into whether personal injury plaintiffs wanted to proceed pro se after their attorney failed to appear at calendar call. | Francone himself was absent in violation of a notice to produce which required him to appear. Counsel for plaintiffs told the court he was discharged by Francone "some 20 minutes ago." The trial court insisted that the cause proceed. A recess was declared and counsel telephoned Francone. | 1 | 4 | ROSS-003331088 | TR-0789594 | TR-0874527 | Question reflects holding and the general rule of law applied in case. |

| ID | Question | Headnote | Case Opinion | Question to Headnote Rank | Headnote to Case Opinion Rank | Question Bates # | Headnote Bates # | Case Opinion Bates # | Arguments for Why Juror Could Conclude that Question Was Not Taken from Headnote |
|---|---|---|---|---|---|---|---|---|---|
| 24705 | does arresting officers' failure to advise accused of his rights to counsel and to remain silent render accused immune from prosecution for attempt to bribe arresting officers after arrest? | Arresting officers' failure to advise accused of his rights to counsel and to remain silent did not render accused immune from prosecution for attempt to bribe arresting officers after arrest. | A failure to give Miranda warnings, however, even in a custodial setting, would not prevent a prosecution for an attempt to bribe a law enforcement officer made subsequent to the arrest. | 1 | 4 | ROSS-003331334 | TR-0643716 | TR-0637775 | Question reflects holding and the general rule of law applied in case. |